## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF
## INTERIM AND FINAL ORDERS (I) AUTHORIZING THE
## PAYMENT OF CERTAIN TAXES AND (II) GRANTING RELATED RELIEF

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an interim order (the "Proposed Interim Order") and final order (the "Proposed Final Order"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (i) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) the Taxes (as defined herein), and (ii) granting related relief. The facts and circumstances supporting this Motion are set forth in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

concurrently herewith.[2]  In further support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.    On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory and other predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1.

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

## BACKGROUND OF THE DEBTORS

5.      The BSA is a federally chartered non-profit corporation under title 36 of the United States Code.  The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers.  As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission.  The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[3] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations.  Delaware BSA, LLC ("Delaware BSA") is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  BSA is the sole member of Delaware BSA.

6.      To carry out its mission of developing youth leaders of character and integrity, the BSA grants charters to thousands of local organizations across the country, including faith-based institutions, clubs, civic associations, educational institutions, and businesses.  These chartered organizations, in turn, form Scouting units—referred to as "packs" for Cub Scouts, "troops" for Scouts BSA (formerly known as Boy Scouts), "crews" for Venturing, "ships" for Sea Scouts,

---

[3] **Scout Oath:** "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight."  **Scout Law:** "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

"labs" for STEM Scouts, and "posts" for Exploring.  Scouting units are led by adult volunteers appointed by the chartered organization.  Each of the BSA's approximately 81,000 Scouting units in the United States is organized, registered, and supported by one of 261 local councils that are chartered by the BSA and oversee the Scouting program in an assigned geographic area.  Each local council is separately incorporated under the non-profit laws of its respective state, maintains an independent board of directors and senior management, and is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  The BSA does not hold any equity interest in any local council, chartered organization, or Scouting unit, and only the BSA and its wholly owned subsidiary, Delaware BSA, are debtors in these chapter 11 cases.  Additional information regarding the BSA, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the First Day Declaration and the *Debtors' Informational Brief*, filed concurrently herewith.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of the Proposed Interim Order and Proposed Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (i) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) the Taxes (as defined below) and (ii) granting related relief, including scheduling a final hearing to consider approval of the Proposed Final Order and authorizing the Debtors' banks and other financial institutions to receive, honor, process, and pay all checks or electronic transfers related to such payments and obligations.

## THE TAXES

8.      As a non-profit entity under 26 U.S.C. § 501(c)(3), the BSA is not obligated to pay federal or state income taxes in the United States related to its charitable or educational

purposes.  In the ordinary course of their operations, however, the Debtors collect, incur, and pay certain sales and use taxes, property taxes, certain state and other income taxes, excise taxes, and various other governmental taxes, fees, and assessments, including, but not limited to, licensing fees (collectively, the "Taxes").[4]  The Debtors remit the Taxes to various federal, state, and local governmental units, including taxing, licensing, and regulatory authorities (collectively, the "Governmental Authorities").  A schedule identifying the Governmental Authorities is attached hereto as **Exhibit C** (the "Governmental Authorities Schedule").[5]

9.      Taxes are typically, but not exclusively, remitted and paid by the Debtors through checks and electronic transfers that are processed through the financial institutions at which the Debtors maintain the bank accounts that comprise their cash management system.  The Debtors estimate that approximately $1,660,000 in Taxes relating to the prepetition period have accrued and may become due and owing to the Governmental Authorities during the course of these chapter 11 cases, approximately $1,320,000 of which is anticipated to become due and payable within the interim period between the Petition Date and the final hearing.[6]  As discussed in detail below, such Taxes are comprised of sales and use taxes, property taxes, certain income taxes, import duties, penalties, and various other taxes and fees.

---

[4] By this Motion, the Debtors are not requesting authority to collect and remit state and federal employee-related withholding taxes.  Such relief is instead requested in the Wages and Benefits Motion, filed contemporaneously herewith.

[5] The Debtors have made an extensive and good-faith effort to identify on **Exhibit C** any Governmental Authorities to which they owe any amounts as of the Petition Date.  However, the Debtors may have inadvertently omitted one or more Governmental Authorities.  By this Motion, the Debtors request relief applicable to all Governmental Authorities, regardless of whether such Governmental Authority is specifically identified on **Exhibit C**.

[6] In the ordinary course of their non-profit operations, the Debtors from time to time undergo audits and reviews conducted by the various Governmental Authorities.  Currently, the Debtors are subject to certain ongoing audits and may be subject to further investigations on account of tax returns and/or obligations in prior years (collectively, the "Audits").  Although the estimates of outstanding Taxes are based on a good-faith assessment of the existing amounts due on a prepetition basis, there is a possibility—because of audit rights—that one or more of the various Governmental Authorities may determine at a later date that the Debtors owe additional prepetition Taxes.  The Debtors request authority to pay any undisputed amounts that are later determined to be due as prepetition Taxes, without the limitation of the aggregate caps set forth in the Proposed Interim Order and the Proposed Final Order (as applicable).

10.     The Debtors, in the ordinary course of their operations, generally pay Taxes owed by certain of their non-debtor affiliates and are reimbursed pursuant to shared services agreements.  Concurrently herewith, the Debtors are seeking authority, but not direction, to pay Taxes owed by their affiliates pursuant to the *Debtors' Motion for Entry Of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing Continued Performance of Obligations Under Shared Services Arrangements, (III) Granting Administrative Expense Priority to Postpetition Claims Arising From Non-Debtor Related Entity Transactions, and (IV) Granting Related Relief* (the "Shared Services Motion").  By this motion, however, the Debtors are not seeking authority to pay Taxes owed by their affiliates.

11.     Although the Debtors believe that they are substantially current with respect to their payment of Taxes, the Debtors are requesting authority to continue making such payments in instances where: (a) Taxes have accrued or have been incurred prepetition but not paid prepetition, or were paid in an amount less than actually owed; (b) payments made prepetition by the Debtors were inadvertently lost or otherwise not received in full by any of the Governmental Authorities, which may give rise to fines and penalties, the accrual of interest, or both; and (c) Taxes were incurred for prepetition periods and will become due and payable postpetition.  The approximate amounts of the Taxes that the Debtors are seeking authority to pay on an interim and final basis are as follows:

| Taxes[7] | Interim | Final (Cumulative) |
|---|---|---|
| Sales and Use Taxes | $840,000 | $880,000 |
| Property Taxes | $0 | $30,000 |
| Income Taxes | $40,000 | $50,000 |
| Import Duties | $390,000 | $600,000 |
| Other Taxes and Fees | $10,000 | $60,000 |
| Penalties | $40,000 | $40,000 |
| **Total Taxes** | **$1,320,000** | **$1,660,000** |

12.     Any failure by the Debtors to pay the Taxes could materially disrupt the Debtors' operations in several ways, including the following:  (a) the Governmental Authorities may initiate Audits of the Debtors, which would unnecessarily divert the Debtors' attention from the reorganization process; (b) certain Governmental Authorities may attempt to suspend the Debtors' charitable registration with the state and/or pursue other remedies that will harm the estates; and (c) in certain instances, the Debtors' directors and officers could be subject to claims of personal liability, which would likely distract those key individuals from their duties related to the Debtors' restructuring.  Moreover, Taxes not paid on the due date as required by law may result in fines and penalties, the accrual of interest, or both.  Lastly, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Governmental Authorities, and these funds may not constitute property of the Debtors' estates.

## I.    Income Taxes

13.     As noted above, the BSA is a non-profit entity under 26 U.S.C. § 501(c)(3) and therefore is not obligated to pay federal income taxes in the United States related to its charitable or educational purposes.  However, the Debtors do pay unrelated business income taxes ("Unrelated Business Income Taxes"), income taxes in Canada and a franchise tax to the state of

---

[7] All capitalized terms used in this table have the meanings ascribed to such terms herein.

New Mexico in connection with operating in the state (together with the Unrelated Business Income Taxes, the "Income Taxes").  The Debtors accrue Unrelated Business Income Taxes for income generated from investments made through their partnerships, for the sale of cattle, advertising in their magazines, real estate rent, and sponsorship revenue.[8]  When due, the Debtors pay Income Taxes on a monthly, quarterly, and annual basis.  The Debtors also have incurred approximately $10 million in net operating loss carryforwards, which may be utilized in potentially reducing the Debtors' tax liability in future periods.

14.    In 2019, the Debtors paid approximately $250,000 in Income Taxes.  As of the Petition Date, the Debtors estimate that they have accrued approximately $50,000 in Income Taxes, approximately $40,000 of which will become due and owing during the interim period.

**II.    Sales and Use Taxes**

15.    The Debtors incur, collect, and remit certain state and local sales taxes and similar obligations in connection with the sale of camping supplies, apparel, and accessories at the BSA Scout Shop locations and the Scout Shop online store (collectively, the "Sales Taxes").  Sales Taxes are essentially general consumption taxes charged at the point of purchase for certain goods and are typically established by the applicable Governmental Authority as a percentage of the retail price of the goods purchased.

16.    Additionally, the Debtors purchase a variety of equipment, materials, supplies, and services necessary for their operations from vendors who may not operate or be registered to collect taxes in the state where the goods are to be delivered or the services are to be performed and, therefore, these vendors do not charge the Debtors sales taxes in connection with such

---

[8] National Boy Scouts of America Foundation (the "National Foundation"), a non-debtor affiliate of the Debtors also incurs Unrelated Business Income Taxes from investments made through partnerships.  The BSA pays the Unrelated Business Income Taxes for National Foundation as they come due, and are reimbursed by the National Foundation. Contemporaneously herewith, the Debtors have filed the Shared Services Motion, which describes the shared services between BSA and National Foundation in greater detail.

purchases of goods or services.  In these instances, applicable law generally requires the Debtors to subsequently pay use taxes on such purchases to the applicable Governmental Authorities ("Use Taxes," and, together with Sales Taxes, the "Sales and Use Taxes").  The Debtors generally remit Sales and Use Taxes to Governmental Authorities on a monthly basis.

17.    In 2019, the Debtors paid approximately $6,320,000 in Sales and Use Taxes to Governmental Authorities.  As of the Petition Date, the Debtors estimate that they have accrued approximately $880,000 in Sales and Use Taxes to various Governmental Authorities, the majority of which will become due and owing during the interim period.

**III.    Property Taxes**

18.    State and local laws in the jurisdictions where the Debtors operate generally grant Governmental Authorities the power to levy property taxes against the Debtors' real and personal property ("Property Taxes").  Currently, the Debtors pay taxes on real property located in California that was donated to their non-debtor affiliate National Foundation and are reimbursed pursuant to a shared service agreement.[9]  Additionally, in certain localities the Debtors pay personal property taxes on the equipment and inventory at their Scout Shops.

19.    To avoid the imposition of statutory liens on their real and personal property, the Debtors typically pay Property Taxes in the ordinary course as such taxes are invoiced.  This includes Property Taxes collected from certain third parties and paid to the applicable Governmental Authorities.

20.    In 2019, the Debtors paid approximately $30,000 in Property Taxes.  As of the Petition Date, the Debtors estimate that they have accrued approximately $30,000 in Property Taxes, approximately $0 of which will become due and owing during the interim period.

---

[9] For the avoidance of doubt, the Debtors do not seek the authority in this motion to pay Property Taxes for the National Foundation. Contemporaneously herewith, the Debtors have sought authority, but not direction, to pay Taxes owed by their non-debtor affiliates pursuant to the Shared Services Motion.

## IV.    Import Duties

21.    Due to its many international suppliers, the BSA may be required to pay applicable duties enforced by the United States Customs and Border Protection for all internationally supplied goods (the "Import Duties").  For all supplies, merchandise and apparel shipped to the Scout Shop in Puerto Rico, the BSA also specifically pays all charges related to the Puerto Rico Import Tax.

22.    In 2019, the Debtors paid approximately $2,900,000 in Import Duties and Puerto Rico Import Tax.  As of the Petition Date, the Debtors estimate that they have accrued approximately $600,000 in Import Duties and Puerto Rico Import Tax, approximately $390,000 of which will become due and owing during the interim period.

## V.    Other Taxes and Fees

23.    The Debtors also remit other taxes and fees required in certain jurisdictions, including charitable registration and permit fees, licensing fees for Scout Shops, environmental fees, excise taxes, and other miscellaneous taxes such as stormwater and bag taxes ("Other Taxes and Fees").

24.    In 2019, the Debtors paid approximately $90,000 in Other Taxes and Fees.  As of the Petition Date, the Debtors estimate that they have accrued approximately $60,000 in Other Taxes and Fees, approximately $10,000 of which will become due and owing during the interim period.

## VI.    Penalties

25.    The Debtors also pay tax penalties in certain instances (the "Penalties").  A number of jurisdictions have rejected the Debtors' 2018 filings for failing to include an audit report.  Estimated Penalties associated with rejected filings total $40,000, the majority of which will become due and owing during the interim period.

**BASIS FOR RELIEF**

**I.    Payment of Prepetition Taxes Is Necessary and Appropriate.**

26.    Any failure to pay the Taxes could materially disrupt the Debtors' operations in several ways: (a) the Governmental Authorities may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from the restructuring process; (b) the Governmental Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and pursue other remedies that will harm the estates; and (c) certain of the Debtors' board members and officers could potentially be subject to claims of personal liability.  In addition, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Governmental Authorities, and these funds may not constitute property of the Debtors' estates.  Moreover, unpaid Taxes may result in penalties, the accrual of interest, or both, all to the detriment of the Debtors, their creditors and other stakeholders.

**II.    Certain of the Taxes May Not Be Property of the Debtors' Estates.**

27.    Section 541(d) of the Bankruptcy Code provides, in pertinent part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d); see also 26 U.S.C. § 7501 (providing that certain taxes and fees are held in trust).  If the Debtors have collected or hold Taxes in trust for payment to the Governmental Authorities, such funds do not constitute property of the Debtors' estates.  See, e.g., Begier v. IRS, 496 U.S. 53, 60–62 (1990) (holding that funds to be transferred in payment of taxes are not property of the debtor's estate, but rather are held in trust for the government); Shank v. Wash. State Dep't of Revenue (In re Shank), 792 F.2d 829, 833 (9th Cir. 1986) (sales tax required by state law to be collected by

11

sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); DeChiaro v. N.Y. State Tax Comm'n, 760 F. 2d 432, 435–36 (2d Cir. 1985) (same); see also In re Am. Int'l Airways, Inc., 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (holding that funds held in trust for federal excise taxes are not property of the debtor's estate).  The Debtors, therefore, generally do not have an equitable interest in such funds, and they should be permitted to pay the applicable Taxes to the Governmental Authorities as they become due.[10]

### III.   Certain of the Taxes May Be Secured or Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.

28.    Claims for certain of the Taxes are or may be priority claims entitled to payment before general unsecured claims.  See 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, Governmental Authorities may attempt to assess interest and penalties if such amounts are not paid.  See 11 U.S.C. § 507(a)(8)(G) (granting priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain of the Taxes at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. Payment of such Taxes likely will give Governmental Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan of reorganization and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on Taxes during these chapter 11 cases.

---

[10] For the avoidance of doubt, the Debtors are requesting authority to pay the Taxes as provided herein regardless of whether such Taxes constitute trust fund obligations.

**IV.    Payment of the Taxes as Provided Herein Is a Sound Exercise of the Debtors'
Business Judgment.**

29.     Section 363 of the Bankruptcy Code provides authority for the Debtors to pay

Taxes as and when they come due.  Section 363(b)(1) of the Bankruptcy Code provides that

"[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course

of business, property of the estate . . . ."  Under this section, a court may authorize the payment

of certain prepetition claims where a debtor "show[s] that a sound business purpose justifies such

actions."  In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999).  Moreover,

"[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a

decision made arbitrarily or capriciously), courts will generally not entertain objections to the

debtor's conduct."   In re Johns-Manville Corp., 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986)

(citation omitted); see also In re Tower Air, Inc., 416 F.3d 229, 238 (3d Cir. 2005) (stating that

"[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean

task[]").

30.     This standard is satisfied here.  The Debtors' ability to pay the Taxes is critical to

their continued and uninterrupted operations.  If certain Taxes remain unpaid, the Governmental

Authorities  may  seek  to  recover  such  amounts  directly  from  the  Debtors'  board  members,

officers, or employees, thereby distracting such key personnel from the administration of these

chapter 11 cases.  See, e.g., Schmehl v. Helton, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that

corporate officers may be held responsible for payment of certain corporate taxes); In re Am.

Motor Club, Inc., 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails

to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers

or employees of the employer who are responsible for collecting the tax" and finding director

personally liable for unpaid taxes) (citing United States v. Energy Res. Co., 495 U.S. 545, 547

(1990)).  Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these chapter 11 cases.

31.     Finally, the Debtors' liability to pay the Taxes may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on the Taxes claims, which amounts also may be entitled to priority treatment.  Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders.  As noted above, many of the Taxes may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code.  As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied.  To the extent that the Debtors are not able to timely pay the prepetition Taxes, they may ultimately be required to pay those amounts with additional interest and penalties.  The Debtors' failure to pay the prepetition Taxes as they come due thus may ultimately increase the amount of priority claims held by the Governmental Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured creditors and other stakeholders.  Accordingly, the Court should grant the Debtors authority to pay the prepetition Taxes as provided herein.

**V.      Cause Exists to Authorize Applicable Banks and/or Financial Institutions to Honor Checks and Electronic Fund Transfers.**

32.     The Debtors have sufficient funds to pay the amounts described herein in the ordinary course by virtue of expected cash flows from ongoing operations, access to unencumbered cash, and anticipated access to cash collateral.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the relief requested hereunder.

Accordingly, the Debtors believe that checks, automatic clearing house ("ACH") transfers, or wire transfer requests will not be honored inadvertently.   Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn or ACH or wire transfers requested in respect of the relief requested in this Motion.   The Debtors also request authority to issue new postpetition checks or effect new ACH or wire transfers to replace any prepetition checks or funds transfer requests that may be dishonored or rejected as a result of the commencement of the chapter 11 cases with respect to prepetition amounts owed on account of Taxes.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

33.     Bankruptcy Rule 6003 empowers the Court to issue an order, within 21 days after the Petition Date, granting a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" if such requested relief "is necessary to avoid immediate and irreparable harm."  Fed R. Bankr. P. 6003(b).  For the reasons discussed above, entry of the Proposed Interim Order is integral to the Debtors' ability to successfully transition into chapter 11.   Failure to pay the Taxes could disrupt the Debtors' organizational operations, result in the imposition of liens, and may subject the Debtor's officers and executive board to lawsuits or criminal prosecution during the pendency of these chapter 11 cases.   Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## RESERVATION OF RIGHTS

34.     Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors'

rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion, the Proposed Interim Order, or the Proposed Final Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h) REQUIREMENTS

35.    In addition, by this Motion, the Debtors request a waiver of any notice requirements under Bankruptcy Rule 6004(a) and any stay of the effectiveness of the order(s) approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth above, the Debtors require immediate relief to continue ordinary organizational operations for the benefit of all parties in interest.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and stay apply.

## NOTICE

36.    Notice of this Motion will be provided to (i) the Governmental Authorities; (ii) the U.S. Trustee; (iii) the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors; (iv) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis, other than abuse-related claims; (v) counsel to JPMorgan Chase Bank, N.A.; (vi) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series

2010A, 2010B and 2012; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils; (viii) counsel to the prepetition Future Claimants' Representative; (ix) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims; (x) the United States Attorney's Office for the District of Delaware; (xi) the Internal Revenue Service; (xii) the United States Department of Justice; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Interim Order and Proposed Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, granting the relief requested herein and granting such other relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 18, 2020
        Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
        aremming@mnat.com
        jbarsalona@mnat.com
        ptopper@mnat.com
        emoats@mnat.com

– and –

SIDLEY AUSTIN LLP
James F. Conlan (*pro hac vice* pending)
Thomas A. Labuda (*pro hac vice* pending)
Michael C. Andolina (*pro hac vice* pending)
Matthew E. Linder (*pro hac vice* pending)
Joe Schomberg
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  jconlan@sidley.com
        tlabuda@sidley.com
        mandolina@sidley.com
        mlinder@sidley.com
        jschomberg@sidley.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

**Exhibit A**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. __** |

### INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF
### CERTAIN TAXES AND (II) GRANTING RELATED RELIEF

Upon the motion ("Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC,

the non-profit corporations that are debtors and debtors in possession in the above-captioned

chapter 11 cases (the "Debtors"), for entry of an interim order (this "Interim Order") (i)

authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) the Taxes

and (ii) granting related relief, including authorizing the Debtors' banks and other financial

institutions to receive, honor, process, and pay all checks or electronic transfers related to such

payments and obligations; and upon consideration of the First Day Declaration; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing

Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2); and this Court being able to issue a final order consistent with Article III of the

United States Constitution; and venue of this proceeding and the Motion in this district being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief

requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing and, if necessary, a final hearing, before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.      The Final Hearing on the Motion shall be held on _____, 2020 at ___:___ __.m., prevailing Eastern Time.  Any objections or responses to entry of a final order (the "Final Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on _____, 2020 (the "Objection Deadline") and served on the following parties: (i) the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P. McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and

Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and  Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.        The Debtors are authorized, but not directed, to pay and remit (or use tax credits to offset) all Taxes due and owing to the Governmental Authorities, including, without limitation, those Governmental Authorities listed on **Exhibit C** to the Motion, that arose prior to the Petition Date, including all Taxes subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, in an interim amount not to exceed $1,320,000.  To the extent that the Debtors have overpaid any Taxes, the Debtors are authorized to seek a refund or credit on account thereof.

4.        Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this

Interim Order shall or shall be deemed to constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

5.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Governmental Authorities.

6.      The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored or rejected as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes.

7.      The Debtors' banks and financial institutions on which checks were drawn or electronic fund transfer requests made with respect to prepetition amounts owed in connection with any Taxes are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer requests as approved by this Interim Order.

8.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

9.    Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

10.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

11.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____, 2020
      Wilmington, Delaware

                                  _____
                                   UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-10343 (___)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. __** |

## FINAL ORDER (I) AUTHORIZING THE PAYMENT OF
## CERTAIN TAXES AND (II) GRANTING RELATED RELIEF

Upon the motion ("<u>Motion</u>")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>"), for entry of an order (this "<u>Final Order</u>") (i) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) the Taxes and (ii) granting related relief, including authorizing the Debtors' banks and other financial institutions to receive, honor, process, and pay all checks or electronic transfers related to such payments and obligations; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing and, if necessary, a final hearing, before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay and remit (or use tax credits to offset) all Taxes due and owing to the Governmental Authorities, including, without limitation, those Governmental Authorities listed on **Exhibit C** to the Motion, that arose prior to the Petition Date, including all Taxes subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, in an amount not to exceed $1,660,000.  To the extent that the Debtors have overpaid any Taxes, the Debtors are authorized to seek a refund or credit on account thereof.

3.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall or shall be deemed to constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors'

2

rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

4.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Governmental Authorities.

5.      The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored or rejected as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes.

6.      The Debtors' banks and financial institutions on which checks were drawn or electronic fund transfer requests made with respect to prepetition amounts owed in connection with any Taxes are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer requests as approved by this Final Order.

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Final Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

8.      Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.


Dated: _____, 2020
        Wilmington, Delaware
                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**Governmental Authorities Schedule**

## Governmental Authorities Schedule

| Governmental Authority | Address | Type |
|---|---|---|
| Acadia Parish School Board | Attn: Sales & Use Tax Department<br>P.O. Drawer 309<br>Crowley, LA 70527-0309 | Sales & Use Taxes |
| Alabama Attorney Generals Office | Attn: Consumer Protection<br>P.O. Box 300152<br>Montgomery, AL 36130 | Reporting, Licensing and Other Fees |
| Alabama Securities Commission | P.O. Box 304700<br>Montgomery, AL 36130-4700 | Reporting, Licensing and Other Fees |
| Arizona Corporation Commission | C/O Annual Reports-Corp Division<br>1300 W Washington<br>Phoenix, AZ 85007-2929 | Reporting, Licensing and Other Fees |
| Arizona Dept. Of Revenue | P.O. Box 29009<br>Phoenix, AZ 85038 | Income Tax |
| Arizona Dept. Of Revenue | P.O. Box 29009<br>Phoenix, AZ 85038 | Sales & Use Taxes |
| Arkansas Dept. Of Finance | P.O. Box 9941 (WH)<br>Little Rock, AR 72203-9941 | Sales & Use Taxes |
| Ascension Parish Sales Tax Authority | P.O. Box 1718<br>Gonzales, LA 70707-1718 | Sales & Use Taxes |
| Assumption Parish | Attn: Sales And Use Tax Department<br>P.O. Drawer 920<br>Napoleonville, LA 70390 | Sales & Use Taxes |
| Avoyelles Parish School Board | Attn: Sales & Use Tax Department<br>201 Tunica Drive West<br>Marksville, LA 71351-2603 | Sales & Use Taxes |
| Beauregard Parish Sales Tax | 122 S. Stewart Street<br>Deridder, LA 70634 | Sales & Use Taxes |
| Bossier City - Parish | Attn: Sales And Use Tax Division<br>P.O. Box 5337<br>Bossier City, LA 71171-5337 | Sales & Use Taxes |
| Caddo Shreveport Sales | Attn: And Use Tax Commission<br>P.O. Box 104<br>Shreveport, LA 71161-0104 | Sales & Use Taxes |
| Calcasieu Parish School Board | Attn: Sales Tax Department<br>P.O. Box 3227<br>Lake Charles, LA 70602-3227 | Sales & Use Taxes |
| California Department Of Justice | P.O. Box 903447<br>Sacramento, CA 94203-4470 | Reporting, Licensing and Other Fees |
| Canada Revenue Agency | International Tax Services<br>102A-2204 Walkley Road<br>Ottawa, ON K1A 1A8 | Income Tax |
| Capitol Corporate Services Inc. | P.O. Box 1831<br>Austin, TX 78767 | Reporting, Licensing and Other Fees |
| Charleston County | 4045 Bridge View Dr.<br>North Charleston, SC 29405-7464 | Reporting, Licensing and Other Fees |

| Governmental Authority | Address | Type |
|---|---|---|
| City Of Canon City | 128 Main St.<br>P.O. Box 1460<br>Canon City, CO 81215-1460 | Sales & Use Taxes |
| City Of Chicago - Dept. Of Revenue | 121 N. LaSalle St.<br>Room 107<br>Chicago, IL 60680-4956 | Reporting, Licensing and Other Fees |
| City Of Colorado Springs | P.O. Box 2408<br>Colorado Springs, CO 80901 | Sales & Use Taxes |
| City Of Craig Alaska | P.O. Box 725<br>Craig, AK 99921 | Sales & Use Taxes |
| City Of Davenport | Attn: Business Licensing<br>226 West 4Th St<br>Davenport, IA 52801 | Reporting, Licensing and Other Fees |
| City Of Detroit | Attn: Environmental Health & Safety<br>3245 E Jefferson Ave, Ste 100<br>Detroit, MI 48207-4222 | Reporting, Licensing and Other Fees |
| City Of Grand Junction Finance | 250 N 5th St<br>Grand Junction, CO 81501 | Sales & Use Taxes |
| City Of Greenwood Village | 6060 S Quebec St.<br>Greenwood Village, CO 80111 | Sales & Use Taxes |
| City Of Gustavus | P.O. Box 1<br>Gustavus, AK 99829 | Sales & Use Taxes |
| City Of Johnson City | C/O City Recorder<br>P.O. Box 2227<br>Johnson City, TN 37605-2227 | Real & Personal Property Taxes |
| City Of Knoxville | Attn: Revenue Office<br>P.O. Box 15001<br>Knoxville, TN 37901-5001 | Real & Personal Property Taxes |
| City Of Kodiak | 710 Mill Bay Rd.<br>Room 213<br>Kodiak, AK 99615 | Sales & Use Taxes |
| City Of Lakewood | Attn: Revenue Division<br>P.O. Box 261450<br>Lakewood, CO 80226-9450 | Sales & Use Taxes |
| City Of Loveland | 500 E Third St<br>Loveland, CO 80537 | Sales & Use Taxes |
| City Of Melbourne | Attn: Revenue Division<br>900 E. Strawbridge Avenue<br>Melbourne, FL 32901 | Reporting, Licensing and Other Fees |
| City Of Palmer | 231 W Evergreen Ave.<br>Palmer, AK 99645 | Sales & Use Taxes |
| City Of Pueblo | Attn: Finance Dept/Sales Tax Division<br>1 City Hall Pl<br>Pueblo, CO 81003 | Sales & Use Taxes |
| City Of Seattle | Attn: Revenue And Consumer Affairs<br>P.O. Box 34904<br>Seattle, WA 98124-1907 | Reporting, Licensing and Other Fees |
| City Of Steamboat Springs | P.O. Box 775088<br>Steamboat Springs, CO 80477 | Sales & Use Taxes |
| City Of Tacoma | Attn: Finance Dept/Tax & License Div | Reporting, Licensing and Other Fees |

| Governmental Authority | Address | Type |
|---|---|---|
| | 733 Market St Rm 21<br>Tacoma, WA 98402-3770 | |
| City Of Thorne Bay | P.O. Box 19110<br>Thorne Bay, AK 99919 | Sales & Use Taxes |
| Collin County Tax Assessor Collector | Attn: Kenneth L Maun<br>P.O. Box 8046<br>McKinney, TX 75070-8046 | Real & Personal Property Taxes |
| Colorado Dept. Of Revenue | 1375 Sherman St.<br>Denver, CO 80261-0009 | Sales & Use Taxes |
| Colorado Secretary Of State | 1700 Broadway<br>Suite 200<br>Denver, CO 80290 | Reporting, Licensing and Other Fees |
| Commonwealth Of Massachusetts | Attn:  Dept Of Attorney General<br>Division of Public Charities<br>Boston, MA 02108-1698 | Reporting, Licensing and Other Fees |
| Commonwealth Of Pennsylvania | Attn: Bureau Of Charitable Organizations<br>207 North Office Building<br>Harrisburg, PA 17120 | Reporting, Licensing and Other Fees |
| Commonwealth Of Pennsylvania | Attn: Department Of Revenue<br>Dept. 280414<br>Harrisburg, PA 17128-0414 | Sales & Use Taxes |
| Commonwealth Of Puerto Rico | Attn: Dept Of Labor & Human Resources<br>Bureau Of Employment Security<br>San Juan, PR 00919-1020 | Income Tax |
| Commonwealth Of Virginia | P.O. Box 1197<br>Richmond, VA 23218-1197 | Reporting, Licensing and Other Fees |
| Concordia Parish School Board | Attn: Sales Tax Department<br>P.O. Box 160<br>Vidalia, LA 71373-0160 | Sales & Use Taxes |
| Connecticut Public Charity Unit | 450 Columbus Blvd.<br>#801<br>Hartford, CT 06103 | Reporting, Licensing and Other Fees |
| DC Treasurer | Attn: Dept Of Finance & Revenue<br>P.O. Box 679<br>Washington, DC 20044 | Sales & Use Taxes |
| Delaware Secretary Of State | Attn: Division Of Corporations<br>P.O. Box 5509<br>Binghamton, NY 13902-5509 | Reporting, Licensing and Other Fees |
| Denton County Tax Assessor Collector | Attn: Tax Assessor/Collector<br>P.O. Box 90223<br>Denton, TX 76202-5223 | Real & Personal Property Taxes |
| Departamento De Finanzaz | Attn: Municipio Autonomo De Guaynabo<br>Apartado 71370<br>Guaynabo, PR 00970 | Sales & Use Taxes |
| Department Of Finance | Bureau Of Revenue Room 1W09<br>City Hall 1300 Perdido Street<br>New Orleans, LA 70112-2114 | Sales & Use Taxes |
| Department Of The Treasury | Internal Revenue Service<br>Ogden, UT 84201-0009 | Excise Taxes |

| Governmental Authority | Address | Type |
|---|---|---|
| Desoto Parish | Attn: Sales And Use Tax Commission<br>P.O. Box 471<br>Mansfield, LA 71052-0471 | Sales & Use Taxes |
| East Feliciana Parish | Attn: Sales Tax Department<br>P.O. Box 397<br>Clinton, LA 70722-0397 | Sales & Use Taxes |
| False Alarm Reduction Unit | 4100 Chain Bridge Rd.<br>Fairfax, VA 22030 | Reporting, Licensing and Other Fees |
| Florida Department Of Revenue | 5050 W Tennessee<br>Tallahassee, FL 32399-0120 | Sales & Use Taxes |
| Florida Department Of State | Attn: Division Of Corporations<br>P.O. Box 1500<br>Tallahassee, FL 32302-1500 | Reporting, Licensing and Other Fees |
| Florida Dept. Of Agri & Consumer Svcs | P.O. Box 6700<br>Tallahassee, FL 32314-6700 | Reporting, Licensing and Other Fees |
| Forsyth County Tax Collector | P.O. Box 82<br>Winston-Salem, NC 27102-0082 | Real & Personal Property Taxes |
| Fred Sisk Knox County Trustee | P.O. Box 70<br>Knoxville, TN 37901 | Real & Personal Property Taxes |
| Georgia Secretary Of State | Attn: Securities & Charities Division<br>2 MLK Jr Dr Se, Ste 317 West Tower<br>Atlanta, GA 30334 | Reporting, Licensing and Other Fees |
| Grant Parish School Board | Attn: Sales Tax Department<br>P.O. Box 208<br>Colfax, LA 71417-0208 | Sales & Use Taxes |
| Harris County Sheriff's Office Alarm Detail | 1200 Baker Street<br>Houston, TX 77002 | Reporting, Licensing and Other Fees |
| Iberia Parish School Board | Attn: Sales Tax Department<br>P.O. Box 9770<br>New Iberia, LA 70562-9770 | Sales & Use Taxes |
| Illinois Charity Bureau Fund | Charitable Trust Fund Attn: Annual Report Section<br>100 West Randolph St., 11th Floor<br>Chicago, IL 60601-3175 | Reporting, Licensing and Other Fees |
| Illinois Department Of Revenue | Attn: Retailers Occupation Tax<br>Springfield, IL 62796-0001 | Sales & Use Taxes |
| Iowa Dept of Revenue and Finance | P. O. Box 10412<br>Des Moines, IA 50306-0412 | Sales & Use Taxes |
| Jackson Parish Sales Tax Collection | 102 Fourth Street<br>Jonesboro, LA 71251 | Sales & Use Taxes |
| Jefferson Davis Parish School | Attn: Board Sales Tax Department<br>P.O. Box 1161<br>Jennings, LA 70004-0627 | Sales & Use Taxes |
| Jefferson Parish Sheriff's Office | P.O. Box 248<br>Gretna, LA 70054-0248 | Sales & Use Taxes |
| Jefferson Parish Tax Collector | Attn: Property Tax Division<br>P.O. Box 130<br>Gretna, LA 70054-0130 | Real & Personal Property Taxes |

4

| Governmental Authority | Address | Type |
|---|---|---|
| Kansas Department Of Revenue | Attn: Director Of Taxation<br>Topeka, KS 66625-0001 | Sales & Use Taxes |
| Kansas Secretary Of State | 120 Sw 10th Ave<br>Topeka, KS 66612 | Reporting, Licensing and Other Fees |
| Kentucky State Treasurer | Attn: Dept Of Revenue<br>Frankfort, KY 40601 | Sales & Use Taxes |
| Lafayette Parish School Board | Attn: Sales Tax Division<br>P.O. Box 3883<br>Lafayette, LA 70502-3883 | Sales & Use Taxes |
| Lafourche Parish School Board | Attn: Sales Tax Department<br>P.O. Box 997<br>Thibodeaux, LA 70302-0997 | Sales & Use Taxes |
| Lincoln Parish | Attn: Sales & Use Tax Commission<br>P.O. Box 863<br>Ruston, LA 71273-0863 | Sales & Use Taxes |
| Livingston Parish School Board | P.O. Box 1030<br>Livingston, LA 70754-1030 | Sales & Use Taxes |
| Louisiana Dept. Of Justice | 1885 N 3rd St.<br>4th Floor<br>Baton Rouge, LA 70802-5146 | Reporting, Licensing and Other Fees |
| Louisiana Dept. Of Revenue And Taxation | P.O. Box 91017<br>Baton Rouge, LA 70821-9017 | Sales & Use Taxes |
| Maine Revenue Services | Attn: Sales & Use Tax Division<br>P.O. Box 9112<br>Augusta, ME 04332-9112 | Sales & Use Taxes |
| Maricopa County Treasurer | P.O. Box 52133<br>Phoenix, AZ 85072-2133 | Real & Personal Property Taxes |
| Mass DOR (Dept. Of Revenue) | P.O. Box 7038<br>Boston, MA 02204-7038 | Sales & Use Taxes |
| Massachusetts Dept. Of Revenue | P.O. Box 7067<br>Boston, MA 02204 | Income Tax |
| MD Secretary Of State | State House<br>Annapolis, MD 21401 | Reporting, Licensing and Other Fees |
| Michigan Dept. Of Treasury | Department 77802<br>Detroit, MI 48277-0802 | Sales & Use Taxes |
| Minister Of Finance - Manitoba | 101-401 York Avenue<br>Winnipeg, Manitoba R3C Op8 | Reporting, Licensing and Other Fees |
| Minnesota Dept. Of Revenue | P.O. Box 64622<br>St Paul, MN 55164-0622 | Sales & Use Taxes |
| Montana Secretary Of State | P.O. Box 202801<br>Helena, MT 59620-2801 | Reporting, Licensing and Other Fees |
| Monterey County Tax Collector | P.O. Box 891<br>Salinas, CA 93902-0891 | Real & Personal Property Taxes |
| Montgomery County | 255 Rockville Pike<br>Suite L-15<br>Rockville, MD 20850 | Reporting, Licensing and Other Fees |
| Morehouse Sales & Use Tax Commission | P.O Box 672<br>Bastrop, LA 71221-0672 | Sales & Use Taxes |
| MPCA | Attn: Minnesota Pollution Control Agency<br>P.O. Box 64893<br>St Paul, MN 55164-0893 | Reporting, Licensing and Other Fees |

| Governmental Authority | Address | Type |
|---|---|---|
| MS Secretary Of State | 125 South Congress Street<br>Jackson, MS 39201 | Reporting, Licensing and Other Fees |
| NC Department Of Revenue | P.O. Box 25000<br>Raleigh, NC 27640-0150 | Sales & Use Taxes |
| Nebraska Dept. Of Revenue | P.O. Box 94818<br>Lincoln, NE 68509-4818 | Reporting, Licensing and Other Fees |
| Nebraska Dept. Of Revenue | P.O. Box 98923<br>Lincoln, NE 68509-8923 | Sales & Use Taxes |
| Nevada Secretary Of State | 202 N Carson St.<br>Carson City, NV 89701-4201 | Reporting, Licensing and Other Fees |
| New Mexico Secretary Of State | 325 Don Gaspar<br>Suite 300<br>Santa Fe, NM 87501 | Reporting, Licensing and Other Fees |
| New Mexico Taxation & Revenue Dept. | Attn: Corporate Income & Franchise Tax<br>P.O. Box 25127<br>Santa Fe, NM 87504-5127 | Income Tax |
| New York Sales Tax Bureau | Attn: Cen Returns Proc Unit<br>P.O. Box 894<br>New York, NY 10005 | Sales & Use Taxes |
| New York State Corporation Tax | Attn: Corporation Tax Processing<br>W A Harriman Campus<br>Albany, NY 12227 | Income Tax |
| New York State Dept. Of Law | Attn: Charities Bureau-Registration Section<br>120 Broadway<br>New York, NY 10271 | Reporting, Licensing and Other Fees |
| NJ Division Of Consumer Affairs | P.O. Box 45021<br>Newark, NJ 07101-8002 | Reporting, Licensing and Other Fees |
| NM Taxation & Revenue Dept | P.O. Box 25123<br>Santa Fe, NM 87504-5123 | Reporting, Licensing and Other Fees |
| North Carolina Secretary Of State | Attn: Charitable Solicitation Licensing<br>P.O. Box 29622<br>Raleigh, NC 27626-0622 | Reporting, Licensing and Other Fees |
| NV Stmt Of Business Publication | Attn: Nevada Legal Press<br>101 N. Carson Street, Suite 3<br>Carson City, NV 89701 | Reporting, Licensing and Other Fees |
| Office Of State Tax Commissioner | State Capitol<br>600 E Boulevard Ave., Dept 127<br>Bismarck, ND 58505-0553 | Sales & Use Taxes |
| Office Of The Attorney General | Attn: Registry Of Charitable Trusts<br>P.O. Box 903447<br>Sacramento, CA 94203-4470 | Reporting, Licensing and Other Fees |
| Ohio Attorney General | 30 E. Broad Street<br>14th Floor<br>Columbus, OH 43215 | Reporting, Licensing and Other Fees |
| Ohio Treasurer Of State | P.O. Box 16560<br>Columbus, OH 43216-6560 | Sales & Use Taxes |
| Oklahoma Secretary Of State | 2300 N Lincoln #101<br>Oklahoma City, OK 73105-4897 | Reporting, Licensing and Other Fees |
| Oklahoma Tax Commission | P.O. Box 26930<br>Oklahoma City, OK 73126-0930 | Sales & Use Taxes |

| Governmental Authority | Address | Type |
|---|---|---|
| Orange County Tax Collector | P.O. Box 1438<br>Santa Ana, CA 92702 | Real & Personal Property Taxes |
| Oregon Dept. Of Justice | 100 SW Market Street<br>Portland, OR 97201-5702 | Reporting, Licensing and Other Fees |
| PA Dept. Of Labor & Industry | Attn: Bedding And Upholstery Section<br>651 Boas - RM 1623<br>Harrisburg, PA 17121 | Reporting, Licensing and Other Fees |
| Parish Of East Baton Rouge | Attn: Sales Tax Department<br>P.O. Box 2590<br>Baton Rouge, LA 70821-2590 | Sales & Use Taxes |
| Parish Of Iberville | P.O. Box 355<br>Plaquemine, LA 70765-0355 | Sales & Use Taxes |
| Parish Of St Bernard | P.O. Box 168<br>Chalmette, LA 70044 | Sales & Use Taxes |
| Parish Of Terrebonne | Attn: Sales Tax Fund<br>P.O. Box 670<br>Houma, LA 70361-0670 | Sales & Use Taxes |
| Plaquemines Parish | Attn: Sales Tax Division<br>7163 Highway 39 Suite 105<br>Braithwaite, LA 70040-2262 | Sales & Use Taxes |
| Puerto Rico Department Of The Treasury | P.O. Box 9022501<br>San Juan, PR 00902-2501 | Sales & Use Taxes |
| Rapides Parish | Attn: Sales & Use Tax Department<br>P.O. Box 671<br>Alexandria, LA 71309-0671 | Sales & Use Taxes |
| Sabine Parish | Attn: Sales & Use Tax Commission<br>P.O. Box 249<br>Many, LA 71449-0249 | Sales & Use Taxes |
| Sacramento County | Attn: Unsecured Tax Unit<br>P. O. Box 508<br>Sacramento, CA 95812-0508 | Real & Personal Property Taxes |
| Sales And Use Tax Office | Attn: St John The Baptist Parish<br>P.O. Box 432<br>Reserve, LA 70084 | Sales & Use Taxes |
| SBC Tax Collector | 172 W Third Street<br>1st Floor<br>San Bernardino, CA 92415-0360 | Real & Personal Property Taxes |
| SD Secretary Of State | Capitol Building<br>500 East Capitol Avenue; Suite 204<br>Pierre, SD 57501-5070 | Reporting, Licensing and Other Fees |
| Secretary Of State - ND | 600 E Boulevard Ave<br>Dept 108<br>Bismarck, ND<br>58505-0500 | Reporting, Licensing and Other Fees |
| Secretary Of State Of Rhode Island | Attn: Corporations Division<br>100 North Main Street<br>Providence, RI 02903-1335 | Reporting, Licensing and Other Fees |
| Shelby County Trustee- David Lenor | P.O. Box 2751<br>Memphis, TN 38101-2751 | Real & Personal Property Taxes |

| Governmental Authority | Address | Type |
|---|---|---|
| South Carolina Department Of Revenue | Attn: Sales Tax Return<br>Columbia, SC 29214-0101 | Sales & Use Taxes |
| South Carolina Secretary Of State | Attn: SC Secretary of State's Office<br>1205 Pendleton Street, Suite 525<br>Columbia, SC 29201 | Reporting, Licensing and Other Fees |
| South Dakota Dept. Of Revenue | P. O. Box 5055<br>Sioux Falls, SD 57117-5055 | Sales & Use Taxes |
| St Charles Parish School Board | Attn: Sales And Use Tax Department<br>P.O. Box 46<br>Luling, LA 70070 | Sales & Use Taxes |
| St James Parish School Board | Attn: Sales & Use Tax Department<br>P.O. Box 368<br>Lutcher, LA 70071-0368 | Sales & Use Taxes |
| St Landry Parish School Board | Attn: Sales & Use Tax Department<br>P.O. Box 1210<br>Opelousas, LA 70571 | Sales & Use Taxes |
| St Martin Parish School Board | Attn: Sales Tax Dept<br>P/O Box 1000<br>Breaux Bridge, LA 70517 | Sales & Use Taxes |
| St Mary Parish | Attn: Sales & Use Tax Department<br>P.O. Box 1142<br>Morgan City, LA 70381-1142 | Sales & Use Taxes |
| St Tammany Parish Sheriff's Dpt | Attn: Sales Tax Department<br>P.O. Box 479<br>Covington, LA 70434-0479 | Sales & Use Taxes |
| State Board Of Equalization | California Sales Tax<br>P.O. Box 863<br>Sacramento, CA 95804 | Sales & Use Taxes |
| State Of Alaska | 1031 W. 4th<br>Suite 200<br>Anchorage, AK<br>99501-1994 | Reporting, Licensing and Other Fees |
| State Of Connecticut | Attn: Department Of Revenue Services<br>P.O. Box 5030<br>Hartford, CT 06102-5030 | Sales & Use Taxes |
| State Of Delaware | Attn: Division Of Corporations<br>P.O. Box 5509<br>Binghamton, NY 13902-5509 | Reporting, Licensing and Other Fees |
| State Of Georgia | Attn: Dept Of Revenue<br>P.O. Box 105296<br>Atlanta, GA 30348 | Sales & Use Taxes |
| State Of Maine | 35 State House Station<br>Augusta, ME 04333-0035 | Reporting, Licensing and Other Fees |
| State Of Maryland | P.O. Box 17405<br>Baltimore, MD 21297-1405 | Sales & Use Taxes |
| State Of Minnesota | Attn: Attorney General-Charities Division<br>445 Minnesota Street, Suite | Reporting, Licensing and Other Fees |

| Governmental Authority | Address | Type |
|---|---|---|
| | #1200<br>St Paul, MN 55101-2130 | |
| State Of New Hampshire | Attn: Attorney General<br>Charitable Trust Unit<br>33 Capitol Street<br>Concord, NH 03301 | Reporting, Licensing and Other Fees |
| State Of NJ-Sales & Use Tax | P.O. Box 999<br>Trenton, NJ 08646-0999 | Sales & Use Taxes |
| State Of Rhode Island Division/ Taxation | One Capitol Hill Ste 36<br>Providence, RI 02908-5829 | Sales & Use Taxes |
| State Of Rhode Island General Treasurer | John O Pastore Center<br>1511 Pontiac Ave Bldg 69-1<br>Cranston, RI 02920 | Reporting, Licensing and Other Fees |
| State Of Tennessee | 312 Rosa L Parks Ave.<br>8th Floor<br>Nashville, TN 37243-0308 | Reporting, Licensing and Other Fees |
| State Of Washington Dept. Of Revenue | P.O. Box 34052<br>Seattle, WA 98124-1052 | Sales & Use Taxes |
| State Of Wyoming | Attn: Dept Of Revenue<br>Herschler Building<br>Cheyenne, WY 82002-0110 | Sales & Use Taxes |
| State Tax Commission | P.O. Box 960<br>Jackson, MS 39205-0960 | Sales & Use Taxes |
| State Tax Commission Idaho | P.O. Box 83784<br>Boise, ID 83707-3784 | Sales & Use Taxes |
| Tangipahoa Parish School System | Attn: Sales & Use Tax Division<br>P.O. Box 159<br>Amite, LA 70422-0159 | Sales & Use Taxes |
| Tarrant County Tax Assessor-Collector | Attn: Tarrant Cnty Tax Assessor/Collector<br>100 E Weatherford<br>Ft Worth, TX 76196-0001 | Real & Personal Property Taxes |
| Tax Collector Monroe County Fl | Attn: Danise D. Henriquez CFC<br>P.O. Box 1129<br>Key West, FL 33041-1129 | Reporting, Licensing and Other Fees |
| Taxation & Revenue Department | P.O. Box 123<br>Monroe, LA 71210-0123 | Sales & Use Taxes |
| Taxation & Revenue Dept | P.O. Box 2527<br>Santa Fe, NM 87504-2527 | Sales & Use Taxes |
| Tennessee Dept. Of Revenue | Andrew Jackson State Office Bldg<br>500 Deaderick Street<br>Nashville, TN 37242-1399 | Reporting, Licensing and Other Fees |
| Tennessee Dept. Of Revenue | Andrew Jackson State Office Bld<br>500 Deaderick Street<br>Nashville, TN 37242-0700 | Sales & Use Taxes |
| Texas State Comptroller | Attn: Comptroller Of Public Accounts<br>Capitol Station<br>Austin, TX 78774-0100 | Sales & Use Taxes |
| The City Of Cortez | 123 Roger Smith Ave.<br>Cortez, CO 81321 | Sales & Use Taxes |
| Treasurer Of Virginia | Attn: Dept Of Agriculture & Consumer Serv | Reporting, Licensing and Other Fees |

9

| Governmental Authority | Address | Type |
|---|---|---|
|  | 102 Governor St, Lower Level Richmond, VA 23219 |  |
| Treasurer State Of Connecticut | 165 Capitol Avenue Hartford, CT 06106 | Reporting, Licensing and Other Fees |
| Treasurer State Of Ohio | 6606 Tussing Rd P.O. Box 4009 Reynoldsburg, OH 43068-9009 | Reporting, Licensing and Other Fees |
| Treasurer, City Of Memphis | P.O. Box 185 Memphis, TN 38101-0185 | Real & Personal Property Taxes |
| U.S. Customs and Border Protection | IPL/CBP INFO Center 1300 Pennsylvania Avenue NW; MS: 1345 Washington, DC 20229 | Duties / Import Taxes |
| UDAF | 350 North Redwood Rd. P.O. Box 146500 Salt Lake City, UT 84114-6500 | Reporting, Licensing and Other Fees |
| Union Parish | Attn: Sales Tax Department P.O. Box 545 Farmersville, LA 71241-0545 | Sales & Use Taxes |
| United States Treasury | 2970 Market Street Bln#3-G23, 100 Philadelphia, PA 19104-5002 | Reporting, Licensing and Other Fees |
| Utah Dept. Of Commerce | 160 E 300 South Salt Lake City, UT 84114-6704 | Reporting, Licensing and Other Fees |
| VDH - Bedding | P.O. Box 2448 Room 521 Richmond, VA 23218 | Reporting, Licensing and Other Fees |
| Vermillion Parish School Board | Attn: Sales Tax Division Drawer 520 Abbeville, LA 70511-0520 | Sales & Use Taxes |
| Vermont Department Of Taxes | P.O. Box 547 Montpelier, VT 05601-0547 | Sales & Use Taxes |
| Vernon Parish School Board | Attn: Sales Tax Department 117 Belview Rd Leesville, LA 71446-2902 | Sales & Use Taxes |
| Virgin Islands Bureau Of Internal Revenue | 6115 Estate Smith Bay Suite 225 St Thomas, VI 00802-1332 | Income Tax |
| Washington County Trustee | P.O. Box 215 Jonesborough, TN 37659 | Real & Personal Property Taxes |
| Washington Office of Insurance | P.O. Box 40256 Olympia, WA 98504-0256 | Gift Annuity Program Registration |
| Washington Parish | Attn: Sales Tax Department P.O. Box 508 Franklinton, LA 70438 | Sales & Use Taxes |
| Washington Secretary Of State | 801 Capital Way South Olympia, WA 98501-1226 | Reporting, Licensing and Other Fees |
| Webster Parish School Board | Attn: Sales Tax Department P.O. Box 357 Minden, LA 71058-0357 | Sales & Use Taxes |
| West Baton Rouge Parish | Attn: Sales Tax Department P.O. Box 53 Port Allen, LA 70767-0053 | Sales & Use Taxes |

| Governmental Authority | Address | Type |
|---|---|---|
| West Feliciana Parish School Bd | Attn: Sales Tax Department<br>P.O. Box 1910<br>St Francisville, LA 70775-1910 | Sales & Use Taxes |
| West Virginia Division Of Labor | 1900 Kanawha Blvd E<br>State Capitol Complex, Bldg 3, Rm 200<br>Charleston, WV 25305 | Reporting, Licensing and Other Fees |
| West Virginia Secretary Of State | Attn: Business And Licensing Division<br>P.O. Box 40300<br>Charleston, WV 25364 | Reporting, Licensing and Other Fees |
| West Virginia State Tax Dept | Attn: Accounting Division<br>Po Drawer 1667<br>Charleston, WV 25326-1667 | Sales & Use Taxes |
| WI Dept. Of Financial Institutions | Attn: Charitable Organizations<br>201 W Washington Ave, Ste 500<br>Madison, WI 53703 | Reporting, Licensing and Other Fees |
| Winn Parish | Attn: School Board<br>P.O. Box 430<br>Winnfield, LA 71483-0430 | Sales & Use Taxes |
| Wisconsin Department Of Revenue | P.O. Box 93389<br>Milwaukee, WI 53293-0389 | Sales & Use Taxes |
| WV Secretary Of State | 1615 E Washington St.<br>Charleston, WV 25311 | Reporting, Licensing and Other Fees |