## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED LIST OF
COUNSEL REPRESENTING THE LARGEST NUMBERS OF ABUSE VICTIMS
AND (B) A CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS OF
THE DEBTORS, (II) AUTHORIZING AND APPROVING SPECIAL NOTICING
AND CONFIDENTIALITY PROCEDURES, (III) AUTHORIZING AND
APPROVING PROCEDURES FOR PROVIDING NOTICE OF
COMMENCEMENT, AND (IV) GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit

corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 105(a) and

107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),

rules 1007, 2002, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and rules 9013-1 and 9037-1 and of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), for entry of an interim order (the "Proposed Interim Order") and final order (the

"Proposed Final Order"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**,

respectively, (i) authorizing the Debtors to file (a) a single consolidated list of the twenty-five

(25) law firms representing the largest numbers of abuse victims asserting claims against the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Debtors (the "Top Plaintiffs' Counsel List"), and (b) a list of creditors holding the thirty largest unsecured claims against the Debtors other than abuse-related claims (the "Unsecured Creditors List"), in lieu of a list of holders of the twenty (20) largest unsecured claims for each Debtor, (ii) authorizing and approving special noticing and confidentiality procedures to protect the identities and personal contact information of victims of abuse, minors, employees, and volunteers, (iii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"), and (iv) granting related relief.  The facts and circumstances supporting this Motion are set forth in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed concurrently herewith.[2]  In further support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.      On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the *Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Plan"), filed concurrently herewith.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other predicates for the relief requested herein are sections 105(a) and 107 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 9007, 9018 and 9037, and Local Rules 9013-1 and 9037-1.

## BACKGROUND OF THE DEBTORS

5.      The BSA is a federally chartered non-profit corporation under title 36 of the United States Code. The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers. As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission. The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[3] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through

---

[3] **Scout Oath:** "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight." **Scout Law:** "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations. Delaware BSA, LLC ("Delaware BSA") is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. BSA is the sole member of Delaware BSA.

6.     To carry out its mission of developing youth leaders of character and integrity, the BSA grants charters to thousands of local organizations across the country, including faith-based institutions, clubs, civic associations, educational institutions, and businesses. These chartered organizations, in turn, form Scouting units—referred to as "packs" for Cub Scouts, "troops" for Scouts BSA (formerly known as Boy Scouts), "crews" for Venturing, "ships" for Sea Scouts, "labs" for STEM Scouts, and "posts" for Exploring. Scouting units are led by adult volunteers appointed by the chartered organization. Each of the BSA's approximately 81,000 Scouting units in the United States is organized, registered, and supported by one of 261 local councils that are chartered by the BSA and oversee the Scouting program in an assigned geographic area. Each local council is separately incorporated under the non-profit laws of its respective state, maintains an independent board of directors and senior management, and is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. The BSA does not hold any equity interest in any local council, chartered organization, or Scouting unit, and only the BSA and its wholly owned subsidiary, Delaware BSA, are debtors in these chapter 11 cases. Additional information regarding the BSA, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the First Day Declaration and the *Debtors' Informational Brief*, filed concurrently herewith.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of the Proposed Interim Order and the

Proposed Final Order, substantially in the forms attached hereto as **Exhibits A** and **B**,

respectively:

>    (i)      authorizing the Debtors to file (a) the Top Plaintiffs' Counsel List and
>             (b) the Unsecured Creditors List, in lieu of a list of holders of the twenty
>             largest unsecured claims for each Debtor;
>
>    (ii)     authorizing and approving the Confidentiality Procedures, which are
>             designed to protect abuse victims, minors, parents/legal guardians,
>             employees, and volunteers, as more fully described herein;
>
>    (iii)    authorizing the Debtors to implement certain procedures for the mailing
>             and publication of the Notice of Commencement; and
>
>    (iv)     granting related relief, including scheduling a final hearing (the "Final
>             Hearing") to consider approval of the Proposed Final Order.

## BASIS FOR RELIEF

### I.      Request for Authority to File Top Plaintiffs' Counsel List and Unsecured Creditors List

8.      Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its

voluntary petition a list setting forth the names, addresses and claim amounts of the creditors,

excluding insiders, that hold the 20 largest unsecured claims in the debtor's case (the "Top 20

List").  The Top 20 List is primarily used by the Office of the United States Trustee (the "U.S.

Trustee") to evaluate the types and amounts of unsecured claims against a debtor and thus

identify potential candidates to serve on an official committee of unsecured creditors that may be

appointed in the debtor's case under section 1102 of the Bankruptcy Code.  See, e.g., In re

Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the

separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to

identify members and the court to appoint immediately an unsecured creditors' committee in

compliance with 11 U.S.C. § 1102(a)(1)."); 9 COLLIER ON BANKRUPTCY ¶ 1007.05 (15th ed. 2001, rev. 2009) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

### A.    List of Twenty-Five Largest Abuse Plaintiff Firms

9.    As detailed more fully in the First Day Declaration, the BSA is currently a defendant in numerous lawsuits related to historical acts of sexual abuse in its Scouting programs.  Abuse victims have asserted Abuse Claims (as defined in the Plan) against the Debtors, dating back as far as the early 1940s.  Currently, there are approximately 275 lawsuits pending in state and federal courts across the United States asserting Abuse Claims against the BSA (the "Abuse Lawsuits").  Many of these individuals have asserted their claims as "John Doe" claimants in the public record (collectively, the "Doe Claimants").  The Debtors have filed the Top Plaintiffs' Counsel List, which lists the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors, to supplement a traditional Top 20 List.  The Top Plaintiffs' Counsel List was compiled based on information from the pending Abuse Lawsuits and claims raised during the Debtors' prepetition discussions with attorneys for holders of Abuse Claims.

10.    Given the sensitive nature of the Abuse Lawsuits, the Debtors are taking precautions to protect abuse victims.  The Debtors also cannot determine which of the Abuse Claims are the largest for purposes of a Top 20 List given the unliquidated nature of the claims asserted in the Abuse Lawsuits.  The Debtors submit that the Top Plaintiffs' Counsel List addresses both of these issues.  Providing the Top Plaintiffs' Counsel List in lieu of listing individuals in the Abuse Lawsuits on the Top 20 List (i) protects those victims involved in the Abuse Lawsuits, including the Doe Claimants, against potentially broad public disclosure and

dissemination of their identities and personal contact information, and (ii) provides supplemental information in lieu of liquidated claim information that satisfies the intent of the Top 20 List.

11.    The provision of a list of law firms representing the largest number of claimants asserting claims against debtors has been approved in numerous chapter 11 cases where the debtor was a defendant in a large number of personal injury lawsuits.  See, e.g., In re Maremont Corp., Case No. 19-10118 (LSS) (Bankr. D. Del. Jan. 23, 2019), ECF Nos. 1, 28 (chapter 11 debtor authorized to file list of law firms representing the largest numbers of asbestos plaintiffs asserting claims against the debtor in lieu of a top 20 unsecured creditors list, and also filed list of creditors holding the largest unsecured claims other than asbestos claims); In re Yarway Corp., Case No. 13-11025 (BLS) (Bankr. D. Del. Apr. 25, 2013), ECF Nos. 1, 15, 21(same); In re Leslie Controls, Inc., Case No. 10-12199 (CSS) (Bankr. D. Del. July 13, 2010) ECF Nos. 1, 31   (same); In re T.H. Agriculture & Nutrition, L.L.C., Case No. 08-14692 (REG) (Bankr. S.D.N.Y. Nov. 24, 2008), ECF No. 1 (chapter 11 case in which the debtor filed a list of certain law firms asserting mesothelioma claims against the debtor in lieu of a list of top 20 unsecured creditors); In re Roman Catholic. Archbishop of Portland, Case No. 04-37154 (TMB) (Bankr. D. Or. July 6, 2004), ECF No. 1  (chapter 11 debtor filed list of top 20 unsecured creditors and list of 20 largest creditors holding tort claims with chapter 11 petition).

12.    Accordingly, the Debtors are seeking authority to file the Top Plaintiffs' Counsel List in lieu of a Top 20 List that includes individual holders of Abuse Claims.  In addition, the Debtors will file a list of their largest unsecured claims other than Abuse Claims as described below.

**B.      List of Thirty Largest Unsecured Claims Other Than Abuse Claims**

13.      The Debtors are filing the Unsecured Creditors List in order to provide additional information regarding claims other than Abuse Claims.  The Unsecured Creditors List provides a list of the thirty (30) largest creditors of the Debtors other than holders of Abuse Claims, including beneficiaries of non-qualified benefits plans, trade vendors, and non-abuse litigants. The Debtors assert that filing the Top Plaintiffs' Counsel List and the Unsecured Creditors List will facilitate the disclosure of information required by Bankruptcy Rule 1007(d), given the limitations of the known information regarding the individual holders of Abuse Claims in these chapter 11 cases and the importance of protecting abuse victims.

**II.      Notice and Confidentiality Procedures**

14.      Bankruptcy Rule 1007(a) requires a debtor to file with the petition for relief a list containing the name and address of each creditor (the "Creditor Matrix").  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect persons from potential harm that may result from the disclosure of certain confidential information.  See 11 U.S.C. § 107(b)(2) ("On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."). Although section 107(b) of the Bankruptcy Code is an exception to the general rule of open disclosure, its application in this bankruptcy proceeding is appropriate.  In re 50-Off Stores, Inc., 213 B.R. 646, 654 (Bankr. W.D. Tex. 1997) ("[T]he very existence of the exception demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world.").

15.     Section 107(c) of the Bankruptcy Code provides that the court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code." Further, Bankruptcy Rule 9018 provides, in relevant part, that on motion or by its own initiative "the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code. . . ." Fed. R. Bankr. P. 9018. Bankruptcy Rule 9037 specifies that unless the Court orders otherwise, a filing may include only a minor's initials. Feb. R. Bankr. P. 9037(a)(3).

A.     **Confidentiality Procedures**

16.     To protect the confidentiality of the identities and personal contact information of the Doe Claimants, certain named holders of Abuse Claims, minors, and current and former employees and volunteers of the BSA, the Debtors are requesting entry of the Proposed Interim Order and the Proposed Final Order authorizing the redaction of the Creditor Matrix and any pleadings filed in these chapter 11 cases containing such information in accordance with the following procedures (the "Confidentiality Procedures"):

>    (a)     the Debtors shall file on the docket of these chapter 11 cases a copy of the Creditor Matrix, and any amended Creditor Matrices:
>
>        (i)     redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against either of the Debtors, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor. In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors

involved in litigation against either of the Debtors, shall be redacted; and

(ii)    redacting personal contact information for any current or former employee or volunteer of the Debtors.

(b)    the Debtors shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in these chapter 11 cases under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in these cases.  For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties");

(c)    all documents filed in these chapter 11 cases, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) above;

(d)    the Debtors shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of these chapter 11 cases that has been redacted in accordance with these Confidentiality Procedures; and

(e)    the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtors in accordance with subparagraphs (b) or (d) set forth above.

17.    For purposes of the Top Plaintiffs' Counsel List and the Unsecured Creditors List, the Debtors are seeking to: (a) list the contact information of counsel of record for the holders of Abuse Claims and for minor, in lieu of the personal contact information of such holders of Abuse Claims and minor, (b) redact the names of and contact information for any minors and their parents or legal guardians, as applicable, and (c) redact the personal contact information of any current and former employees.

### B.    Holders of Abuse Claims and Minor Litigants

18.    As noted above, the BSA is a defendant in approximately 275 Abuse Lawsuits and many of its known contingent creditors are holders of Abuse Claims.  While some abuse victims have made their Abuse Claims public, many of the Abuse Lawsuits have been filed by Doe Claimants who wish to remain anonymous or for whom the Debtors do not have a record of such claimants' addresses and other personal contact information that would be required for inclusion in the Creditor Matrix.  The BSA is also a defendant in certain non-abuse-related lawsuits involving minors.

19.    Due to the nature of the allegations by the Doe Claimants and named holders of Abuse Claims against the BSA, which pertain to sexual abuse, the redaction of the identities and personal contact information from all documents filed in these chapter 11 cases will aid in protecting such persons against the disclosure of a scandalous or defamatory matter in publicly filed Court documents.  With respect to minors involved in litigation with the Debtors, the Debtors submit that the Confidentiality Procedures comply with the requirements of Bankruptcy Rule 9037(a), as the initials of minors and the names of parents or legal guardians of such minors will be replaced by the names of counsel of record or redacted entirely and no personal contact information will be publicly disclosed.

20.    In recognition of the sensitivity of disclosure related to these litigants, the Debtors respectfully submit that the Court has the authority to approve the Confidentiality Procedures described above and should authorize the Confidentiality Procedures to protect the privacy of abuse victims and minors and preserve their identities from public disclosure.

### C.    Unsecured Creditors List and Creditor Matrix

21.    The Unsecured Creditors List and Creditor Matrix will also include current and retired employees and volunteers of the BSA.  In order to protect against the risk of identity theft

and the disclosure of personal identifying information, the Debtors are requesting authority to redact the home addresses and other personal contact information for these individuals.

22.    Pursuant to section 107 of the Bankruptcy Code, the Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed with the Court in these chapter 11 cases personal contact information of the Debtors' employees and volunteers because such information could be used to perpetrate identity theft.  The threat of identity theft is of particular importance in these proceedings, which the Debtors expect to garner substantial media publicity.  The Debtors propose to provide an unredacted version of the Creditor Matrix and any related schedules and statements of financial affairs to the U.S. Trustee and the other Distribution Parties, along with other parties in interest upon reasonable request.

23.    Courts in this jurisdiction have granted similar relief in comparable chapter 11 cases.  See, e.g., In re Charming Charlie Holdings Inc., Case No. 19-11534 (CSS) (Bankr. D. Del. July 12, 2019), ECF No. 74 (granting authority to redact "personal information of [the debtors'] employees and former employees listed on the Creditor Matrix," subject to providing unredacted versions upon reasonable request by parties in interest); In re Cloud Peak Energy Inc., Case No. 19-11047 (KG) (Bankr. D. Del. May 14, 2019), ECF No. 97 (providing that the Debtors were "authorized to redact the address information of employees from any list of creditors"); In re 1515-Greenergy Holding Co. LLC, Case No. 19-10303 (LSS) (Bankr. D. Del. Mar. 18, 2019), ECF No. 106 (providing that the Debtors were "authorized to redact the Debtors' customers from the Creditor Matrix").

## III.    Notice of Commencement and Publication Notice

24.    Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person as directed by the court) must give the debtor, the trustee, all creditors, and any indenture trustee at least

twenty-one (21) days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.  Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided.  Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m).  Furthermore, the Bankruptcy Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr. P. 2002(l).

25.     Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."  Fed. R. Bankr. P. 9007.  Section 105(a) of the Bankruptcy Code adds that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

26.     While certain abuse victims have made their Abuse Claims public, a substantial number of the Abuse Lawsuits have been filed by Doe Claimants who wish to remain anonymous.  Moreover, in certain cases, the Debtors do not have a record of such claimants' addresses and other personal contact information.  The Debtors request authority to have Omni Agent Solutions, the Debtors' authorized claims and noticing agent (the "Claims and Noticing Agent"),[4] send the Notice of Commencement to: (i) holders of Abuse Claims and their known counsel for whom the Debtors obtained sufficient contact information within the three years

---

[4] Concurrently herewith, the Debtors have filed the Claims Agent Application seeking to appoint Omni Agent Solutions as the Claims and Noticing Agent for these chapter 11 cases.

immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtors on account of Abuse Claims; (b) otherwise contacted the Debtors to report Abuse Claims; (c) entered into any settlement agreement with the Debtors relating to an Abuse Claim; or (d) received any payment from the Debtors relating to Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.  In addition, the Debtors seek authority to have the Claims and Noticing Agent mail the Notice of Commencement to the creditors identified on the Creditor Matrix.

27.    Due to the unquantified number of "unknown" claimants who may hold Abuse Claims in these chapter 11 cases, the Debtors also propose to publish, as soon as practicable, the Notice of Commencement (i) once in the national editions of the *Wall Street Journal*, *USA Today*, and the *New York Times*, and (ii) on the Case Website (as defined below).  Publication of the Notice of Commencement as proposed above is the most practical method by which to notify unknown holders of Abuse Claims who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases.  Notice by publication will also ensure an efficient use of limited estate resources.  The Debtors also propose to email the Notice of Commencement to approximately 5–7 million volunteers and Scouting participants maintained in their database who have been actively involved with the BSA within the last three years, which will provide supplemental notice of the commencement of these cases.

28.    Additionally, the Debtors, through the Claims and Noticing Agent, have established a dedicated case website (the "Case Website") and toll-free number in connection with these chapter 11 cases.[5]    The Case Website address and toll-free number will be

---

[5] The Case Website is available at www.omniagentsolutions.com/bsa, and the toll-free number is available at 1-866-907-BSA1.

prominently displayed in all printed notice documents, as well as other relevant information relating to these chapter 11 cases. Included within the Case Website will be a page specifically tailored to, and designed for, abuse victims, which will, among other things, inform them in plain English of important dates and deadlines, afford them the ability to view key documents in these chapter 11 cases free of charge, and allow them (and other creditors) to register their email addresses and consent to electronic notice for the duration of these cases. If elected, any further notices that are required to be sent to such parties would be sent by email during these cases.

29. The Debtors submit that the approval of the form and manner of the Notice of Commencement, as set forth above, is appropriate in these chapter 11 cases and is well within the Court's equitable powers under section 105 of the Bankruptcy Code and Bankruptcy Rule 9007. The Debtors are confident that these publications are most likely to reach those creditors and parties in interest who may not have received notice by mail. Accordingly, the Debtors respectfully request that this Court approve the form and manner of service, including notice by publication, of the Notice of Commencement in the foregoing manner.

## **RESERVATION OF RIGHTS**

30. Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion, the Proposed Interim Order, or the Proposed Final Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## NOTICE

31.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis, other than abuse-related claims; (iv) counsel to JPMorgan Chase Bank, N.A.; (v) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (vi) representatives of the prepetition Ad Hoc Committee of Local Councils; (vii) counsel to the prepetition Future Claimants' Representative; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims; (ix) the United States Attorney's Office for the District of Delaware; (x) the Internal Revenue Service; (xi) the United States Department of Justice; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Interim Order and Proposed Final Order, substantially in the forms attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 18, 2020
   Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
   aremming@mnat.com
   jbarsalona@mnat.com
   ptopper@mnat.com
   emoats@mnat.com

– and –

SIDLEY AUSTIN LLP
James F. Conlan (*pro hac vice* pending)
Thomas A. Labuda (*pro hac vice* pending)
Michael C. Andolina (*pro hac vice* pending)
Matthew E. Linder (*pro hac vice* pending)
Blair M. Warner (*pro hac vice* pending)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  jconlan@sidley.com
   tlabuda@sidley.com
   mandolina@sidley.com
   mlinder@sidley.com
   blair.warner@sidley.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email: jboelter@sidley.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

## Exhibit A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO FILE (A) A CONSOLIDATED LIST OF COUNSEL
REPRESENTING THE LARGEST NUMBERS OF ABUSE VICTIMS
AND (B) A CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS
OF THE DEBTORS, (II) AUTHORIZING AND APPROVING SPECIAL
NOTICING AND CONFIDENTIALITY PROCEDURES, (III) AUTHORIZING
AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF
COMMENCEMENT, AND (IV) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), for entry of an order (this "Interim Order") (i) authorizing the Debtors to file (a) the Top Plaintiffs' Counsel List and (b) the Unsecured Creditors List, in lieu of a list of holders of the twenty (20) largest unsecured claims for each Debtor, (ii) authorizing and approving special noticing and confidentiality procedures to protect the identities of victims of abuse, minors, employees, and volunteers, (iii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"); and upon consideration of the First Day

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.      The Final Hearing on the Motion shall be held on _____, 2020 at ___:___ __.m., prevailing Eastern Time.  Any objections or responses to entry of a final order (the "Final Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on _____, 2020 (the "Objection Deadline") and served on the following parties: (i) the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P. McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn,

Chicago, Illinois 60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and  Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas  75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.      The Debtors are authorized to file, in lieu of filing a list of the individual holders of the twenty (20) largest unsecured claims for each Debtor: (a) a single consolidated list of the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors (the "Top Plaintiffs' Counsel List"); and (b) a single consolidated list of the

creditors holding the thirty (30) largest unsecured claims against the Debtors other than Abuse Claims (the "Unsecured Creditors List").

4.      For purposes of the Top Plaintiffs' Counsel List and the Unsecured Creditors List, the Debtors are authorized to: (a) list the contact information of counsel of record for the holders of Abuse Claims and for minors, in lieu of the personal contact information of such holders of Abuse Claims and minors, (b) redact the names of and personal contact information for any minors and their parents or legal guardians, as applicable, and (c) redact the personal contact information of any current and former employees.

5.      To protect the identities of abuse victims, minors, employees, volunteers, and other applicable parties in interest, the following "Confidentiality Procedures" are hereby approved:

> (a)      the Debtors shall file on the docket of these chapter 11 cases a copy of the Creditor Matrix, and any amended Creditor Matrices:
>
> > (i)      redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against either of the Debtors, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor. In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against either of the Debtors, shall be redacted; and
> >
> > (ii)      redacting personal contact information for any current or former employee or volunteer of the Debtors.
>
> (b)      the Debtors shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in these chapter 11 cases under section 1102 of the Bankruptcy

4

Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in these cases. For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties");

(c)     all documents filed in these chapter 11 cases, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) of this Interim Order;

(d)     the Debtors shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of these chapter 11 cases that has been redacted in accordance with these Confidentiality Procedures; and

(e)     the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtors in accordance with subparagraphs (b) or (d) of this Interim Order.

6.     Notwithstanding anything herein to the contrary, the Debtors shall, through the Claims and Noticing Agent, serve the Notice of Commencement upon the parties listed on the Creditor Matrix, including, without limitation, (i) holders of Abuse Claims for whom the Debtors obtained sufficient contact information within the three years immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtors on account of Abuse Claims; (b) otherwise contacted the Debtors to report Abuse Claims; (c) entered into any settlement agreement with the Debtors relating to an Abuse Claim; or (d) received any payment from the Debtors relating to an Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.

7.     Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once in the national editions of the *Wall Street Journal*, *USA Today*, and the *New York Times*, (b) post the Notice of Commencement on the Case Website (www.omniagentsolutions.com/bsa)

established by the Claims and Noticing Agent, and (c) cause the information contained in the Notice of Commencement to be emailed to employees and volunteers of the BSA and registered Scouting participants maintained in their electronic databases.

8.      The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved in their entirety.

9.      The relief requested herein is authorized subject to and until such relief is heard at the Final Hearing.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

11.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____, 2020      _____

                                                     UNITED STATES BANKRUPTCY JUDGE

# **Exhibit B**

## **Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO FILE (A) A CONSOLIDATED LIST OF COUNSEL
REPRESENTING THE LARGEST NUMBERS OF ABUSE VICTIMS
AND (B) A CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS
OF THE DEBTORS, (II) AUTHORIZING AND APPROVING SPECIAL
NOTICING AND CONFIDENTIALITY PROCEDURES, (III) AUTHORIZING
AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF
COMMENCEMENT, AND (IV) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), for entry of an order (this "Final Order"), (i) authorizing the Debtors to file (a) the Top Plaintiffs' Counsel List and (b) the Unsecured Creditors List, in lieu of a list of holders of the twenty (20) largest unsecured claims for each Debtor, (ii) authorizing and approving special noticing and confidentiality procedures to protect the identities of victims of abuse, minors, employees, and volunteers, (iii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"); and upon consideration of the First Day

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and this matter being a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent

with Article III of the United States Constitution; and venue of this proceeding and the Motion in

this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and

the opportunity for a hearing on the Motion having been given and it appearing that no other or

further notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court; and all

objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief

requested in the Motion being in the best interests of the Debtors' estates, their creditors and

other parties in interest; and this Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The relief requested in the Motion is GRANTED on final basis as set forth herein.

2.    The Debtors are authorized to file, in lieu of filing a list of the individual holders

of the twenty (20) largest unsecured claims for each Debtor: (a) a single consolidated list of the

twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims

against the Debtors (the "Top Plaintiffs' Counsel List"); and (b) a single consolidated list of the

creditors holding the thirty (30) largest unsecured claims against the Debtors other than Abuse

Claims (the "Unsecured Creditors List").

3.    For purposes of the Top Plaintiffs' Counsel List and the Unsecured Creditors List,

the Debtors are authorized to: (a) list the contact information of counsel of record for the holders

of Abuse Claims and for minors, in lieu of the personal contact information of such holders of

Abuse Claims and minors, (b) redact the names of and personal contact information for any

minors and their parents or legal guardians, as applicable, and (c) redact the personal contact

information of any current and former employees.

     4.     To protect the identities of abuse victims, minors, employees, volunteers, and

other applicable parties in interest, the following "Confidentiality Procedures" are hereby

approved:

     (a)     the Debtors shall file on the docket of these chapter 11 cases a copy of the Creditor Matrix, and any amended Creditor Matrices:

          (i)     redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against either of the Debtors, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor.  In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against either of the Debtors, shall be redacted; and

          (ii)     redacting personal contact information for any current or former employee or volunteer of the Debtors.

     (b)     the Debtors shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in these chapter 11 cases under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in these cases.  For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties");

     (c)     all documents filed in these chapter 11 cases, including, without limitation, affidavits of service, schedules of assets and liabilities, and

statements of financial affairs, shall be filed on the docket in redacted form in accordance with paragraph 4(a) of this Final Order;

(d)     the Debtors shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of these chapter 11 cases that has been redacted in accordance with these Confidentiality Procedures; and

(e)     the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtors in accordance with paragraphs 4(b) or (d) of this Final Order.

5.     Notwithstanding anything herein to the contrary, the Debtors shall, through the Claims and Noticing Agent, serve the Notice of Commencement upon the parties listed on the Creditor Matrix, including, without limitation, (i) holders of Abuse Claims for whom the Debtors obtained sufficient contact information within the three years immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtors on account of Abuse Claims; (b) otherwise contacted the Debtors to report Abuse Claims; (c) entered into any settlement agreement with the Debtors relating to an Abuse Claim; or (d) received any payment from the Debtors relating to an Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.

6.     Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once in the national editions of the *Wall Street Journal*, *USA Today*, and the *New York Times*, (b) post the Notice of Commencement on the Case Website (www.omniagentsolutions.com/bsa) established by the Claims and Noticing Agent, and (c) cause the information contained in the Notice of Commencement to be emailed to employees and volunteers of the BSA and registered Scouting participants maintained in their electronic databases.

7.      The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved in their entirety.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

9.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.


Dated: _____, 2020        _____

                                                                         UNITED STATES BANKRUPTCY JUDGE