**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO FILE (A) SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL
AFFAIRS AND (B) RULE 2015.3 REPORTS AND (II) GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), submit this motion (this "Motion"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007(c), 2015.3, and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1(b) and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) granting the Debtors additional time to file (a) their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") and (b) their periodic reports of financial information with respect to entities in which the Debtors' estates hold a controlling or substantial interest (the "Rule 2015.3 Reports"), and (ii) granting related relief. The facts and circumstances supporting this Motion are set forth in the *Declaration of Brian Whittman in*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>"), filed concurrently herewith.  In further support of this Motion, the Debtors respectfully state as follows:

**STATUS OF THE CASES AND JURISDICTION**

1.      On the date hereof (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other predicates for the relief requested herein are section 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2015.3, and 9006, and Local Rules 1007-1(b) and 9006-2.

## BACKGROUND OF THE DEBTORS

5.      The BSA is a federally chartered non-profit corporation under title 36 of the United States Code.  The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers.  As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission.  The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[2] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations.  Delaware BSA, LLC ("Delaware BSA") is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  BSA is the sole member of Delaware BSA.

6.      To carry out its mission of developing youth leaders of character and integrity, the BSA grants charters to thousands of local organizations across the country, including faith-based institutions, clubs, civic associations, educational institutions, and businesses.  These chartered organizations, in turn, form Scouting units—referred to as "packs" for Cub Scouts, "troops" for Scouts BSA (formerly known as Boy Scouts), "crews" for Venturing, "ships" for Sea Scouts,

---

[2] **Scout Oath:** "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight."  **Scout Law:** "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

"labs" for STEM Scouts, and "posts" for Exploring. Scouting units are led by adult volunteers appointed by the chartered organization. Each of the BSA's approximately 81,000 Scouting units in the United States is organized, registered, and supported by one of 261 local councils that are chartered by the BSA and oversee the Scouting program in an assigned geographic area. Each local council is separately incorporated under the non-profit laws of its respective state, maintains an independent board of directors and senior management, and is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. The BSA does not hold any equity interest in any local council, chartered organization, or Scouting unit, and only the BSA and its wholly owned subsidiary, Delaware BSA, are debtors in these chapter 11 cases. Additional information regarding the BSA, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the First Day Declaration and the *Debtors' Informational Brief*, filed concurrently herewith.

## RELIEF REQUESTED

7.      By this Motion, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A,** (i) extending the deadline by which the Debtors must file (a) the Schedules and Statements by thirty (30) days, to allow a total of fifty-eight (58) days from the Petition Date, to and including April 16, 2020, and (b) the Rule 2015.3 Reports by fifty-eight (58) days from the Petition Date, to and including April 16, 2020, in each case without prejudice to the Debtors' right to request additional extensions for cause shown, and (ii) granting related relief.

## BASIS FOR RELIEF

### I.      Extension of the Debtors' Schedules and Statements Deadline

8.      Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) generally require a debtor to file Schedules and Statements within 14 days of the petition date unless the

Court grants an extension of time "on motion for cause shown." In a voluntary chapter 11 case where the debtor has more than 200 creditors and otherwise satisfies the conditions of Local Rule 1007-2, the time within which the debtor must file the Schedules and Statements is extended to 28 days from the petition date. Del. Bankr. L.R. 1007-1(b). Local Rule 1007-l(b) provides that any further extension from this deadline may be granted for cause. Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party." See, e.g., Bryant v. Smith, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

9.       In accordance with Local Rule 1007-2, the Debtors have more than 200 creditors. Therefore, absent the relief requested in this Motion, the Debtors would be required to file the Schedules and Statements within twenty-eight (28) days from the Petition Date. Due to the scope and complexity of the BSA's non-profit operations, coupled with the initiation of certain litigation and related actions at the outset of these chapter 11 cases, good and sufficient cause exists to grant an additional thirty (30) day extension for the Debtors to file the Schedules and Statements. The Debtors have a limited number of employees with the requisite expertise to complete the Schedules and Statements in consultation with the Debtors' professionals. These employees have competing demands on their time at this critical juncture of the Debtors' restructuring efforts. The BSA runs a large and complex national charitable organization with approximately 1,650 employees, approximately 2.2 million registered youth members and 800,000 registered adult leaders. The BSA further operates four high adventure facilities located in Florida and the U.S. Virgin Islands, New Mexico, West Virginia, and Minnesota and parts of

Canada, and a large retail organization through its approximately 175 Scout Shops and online sales channel.  The BSA also provides other services critical to continued Scouting opportunities for America's youth, including core program content, such as events and other activities at the high adventure facilities; the procurement and sale of uniforms and equipment; information technology and digital resources; training of professional Scouters to serve in local councils; communications and publications including magazines and online content for Scouts and adult leaders; training development and delivery; national events; registration systems; and other quality control services. The scale of these operations requires the BSA to maintain relationships with thousands of vendors and to enter into a large number of contracts.  To prepare the Schedules and Statements, the Debtors must compile information from their books, and records relating to creditor claims, as well as the Debtors' assets, liabilities, executory contracts, and unexpired leases.  This information is voluminous.  The Debtors' available resources to marshal the required information are strained, and collecting the necessary information to prepare the Schedules and Statements requires a significant coordinated expenditure of time and effort from the Debtors, their employees, and their professionals.

10.     The Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules and Statements. Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the limited number of employees with the relevant knowledge and expertise, the extension requested herein will allow the Debtors to ensure the accuracy and completeness of the Schedules and Statements which, in turn, will promote efficient administration of these chapter 11 cases.  Nevertheless, recognizing the importance of the Schedules and Statements in these chapter 11 cases, the Debtors intend to complete the

Schedules and Statements as quickly as possible under the circumstances. Accordingly, the Debtors respectfully request that the Court extend the allotted 28-day deadline for an additional thirty (30) days (resulting in the Schedules and Statements being due within fifty-eight (58) days of the Petition Date), without prejudice to the Debtors' right to request further extensions for cause shown.

## II.     Extension of the Rule 2015.3 Reports Deadline

11.     Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven (7) days before the date set for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") and no less than every six (6) months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)-(c). Bankruptcy Rule 2015.3(d) provides that, after notice and a hearing, the Court may modify the reporting requirements of Bankruptcy Rule 2015.3 for cause, including the debtor's inability to comply with such requirements or the public existence of the information contained in the reports. Bankruptcy Rule 9006(b)(1) also provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause."

12.     The Debtors directly and indirectly own three non-debtor subsidiaries for which they are required to file 2015.3 Reports. As detailed above, the BSA is a large and complex national organization, with a limited number of employees with the expertise required to complete the 2015.3 Reports. Such circumstances necessitate an extension of the deadline to file the 2015.3 Reports.

13.     Extending the deadline to file their initial 2015.3 Reports to fifty-eight (58) days from the Petition Date will provide the Debtors with the necessary time to examine the books

and records of their non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and is appropriate in light of the circumstances of these chapter 11 cases.  The additional time will also enable the Debtors to work with their financial advisors and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.

14.    For the reasons discussed above, the relief requested herein will not prejudice parties in interest.  The Debtors intend to work cooperatively with the U.S. Trustee and other parties in interest to provide access to relevant information regarding the Debtors' organizational and financial affairs.  Courts in this district regularly provide an extension of the time to file Rule 2015.3 Reports to debtors in complex chapter 11 cases.  See, e.g., In re FTD Cos., No. 19-11240 (LSS) (Bankr. D. Del. July 2, 2019), ECF No. 293 (order granting debtors an additional twenty-five (25) days from the petition date to file Rule 2015.3 Reports); In re Paragon Offshore PLC, No. 16-10386 (CSS) (Bankr. D. Del. Apr. 5, 2016), ECF No. 232 (order granting debtors an additional twenty-eight (28) days to file Rule 2015.3 Reports); In re SFX Ent'mt, Inc., No. 16-10238 (MFW) (Bankr. D. Del. Feb. 1, 2016), ECF No. 279 (order granting debtors an additional sixty (60) days to file Rule 2015.3 Reports).

## NOTICE

Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis, other than abuse-related claims; (iv) counsel to JPMorgan Chase Bank, N.A.; (v) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012;

(vi) representatives of the prepetition Ad Hoc Committee of Local Councils; (vii) counsel to the prepetition Future Claimants' Representative; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims; (ix) the United States Attorney's Office for the District of Delaware; (x) the Internal Revenue Service; (xi) the United States Department of Justice; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 18, 2020
     Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
      aremming@mnat.com
      jbarsalona@mnat.com
      emoats@mnat.com
      ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
James F. Conlan (*pro hac vice* pending)
Thomas A. Labuda (*pro hac vice* pending)
Michael C. Andolina (*pro hac vice* pending)
Matthew E. Linder (*pro hac vice* pending)
Joe Schomberg
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  jconlan@sidley.com
      tlabuda@sidley.com
      mandolina@sidley.com
      mlinder@sidley.com
      jschomberg@sidley.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

<u>**Exhibit A**</u>

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**ORDER EXTENDING TIME TO FILE**
**(I) SCHEDULES OF ASSETS AND LIABILITIES AND**
**STATEMENTS OF FINANCIAL AFFAIRS AND (II) RULE 2015.3 REPORTS**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2015.3(d), and 9006, and Local Rules 1007-1(b) and 9006-2, (i) granting the Debtors additional time to file (a) the Schedules and Statements and (b) the Rule 2015.3 Reports, and (ii) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and, if necessary, having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The time by which the Debtors shall file their Schedules and Statements is extended by an additional thirty (30) days beyond the 28-day period provided for pursuant to Local Rule 1007-1(b), to and including April 16, 2020.

3.      The time by which the Debtors shall file their 2015.3 Reports is extended to the date that is no later than fifty-eight (58) days from the Petition Date, to and including April 16, 2020.

4.      Such extensions are without prejudice to the Debtors' right to request further extensions of the deadlines to file the Schedules and Statements and/or the 2015.3 Reports or a modification of the requirements to comply with Bankruptcy Rule 2015.3 without filing a supplemental motion and without further order from the Court, provided that the Debtors obtain the advance consent of the U.S. Trustee.

5.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2020
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE