## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING PROCEDURES FOR RESOLVING ADDITIONAL ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an interim order (the "Proposed Interim Order") and a final order (the "Proposed Final Order"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (i) determining that the Proposed Adequate Assurance provides the Utility Providers (each as defined below) with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (ii) prohibiting the Utility Providers from altering, refusing, or discontinuing services to the Debtors,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

(iii) approving procedures for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not satisfied with the Proposed Adequate Assurance, and (iv) granting related relief, including scheduling a hearing to consider approval of the Motion on a final basis (the "Final Hearing").  The facts and circumstances supporting this Motion are set forth in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed concurrently herewith.  In further support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASES AND JURISDICTION

1.     On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1.

## BACKGROUND OF THE DEBTORS

5.      The BSA is a federally chartered non-profit corporation under title 36 of the United States Code.  The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers.  As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission.  The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[2] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations.  Delaware BSA, LLC ("Delaware BSA") is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  BSA is the sole member of Delaware BSA.

6.      To carry out its mission of developing youth leaders of character and integrity, the BSA grants charters to thousands of local organizations across the country, including faith-based

---

[2] **Scout Oath:** "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight."  **Scout Law:** "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

institutions, clubs, civic associations, educational institutions, and businesses. These chartered organizations, in turn, form Scouting units—referred to as "packs" for Cub Scouts, "troops" for Scouts BSA (formerly known as Boy Scouts), "crews" for Venturing, "ships" for Sea Scouts, "labs" for STEM Scouts, and "posts" for Exploring. Scouting units are led by adult volunteers appointed by the chartered organization. Each of the BSA's approximately 81,000 Scouting units in the United States is organized, registered, and supported by one of 261 local councils that are chartered by the BSA and oversee the Scouting program in an assigned geographic area. Each local council is separately incorporated under the non-profit laws of its respective state, maintains an independent board of directors and senior management, and is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. The BSA does not hold any equity interest in any local council, chartered organization, or Scouting unit, and only the BSA and its wholly owned subsidiary, Delaware BSA, are debtors in these chapter 11 cases. Additional information regarding the BSA, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the First Day Declaration and the *Debtors' Informational Brief*, filed concurrently herewith.

## **RELIEF REQUESTED**

7.      By this Motion, the Debtors request entry of the Proposed Interim Order and the Proposed Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the following relief:

(a)     determining that "adequate assurance of payment," within the meaning of section 366 of the Bankruptcy Code, has been furnished to the Utility Providers based on, *inter alia*, the Debtors' establishment of a segregated account containing an amount equal to approximately half of the Debtors' estimated average monthly cost of utility service;

(b)     prohibiting the Utility Providers from altering, refusing, or discontinuing service to the Debtors on account of any unpaid prepetition invoices, the commencement of these chapter 11 cases, or any perceived inadequacy of

the Proposed Adequate Assurance (as defined below), including, without limitation, making demands for security deposits or accelerated payment terms;

(c)     approving procedures for resolving Utility Providers' requests for additional adequate assurance of future payment and authorizing the Debtors to provide adequate assurance of future payment to the Utility Providers; and

(d)     granting related relief, including scheduling the Final Hearing.

## UTILITY SERVICES AND PROPOSED ADEQUATE ASSURANCE

### I.    Utility Services and Utility Providers

8.      In the ordinary course of the Debtors' non-profit operations and management of their properties, the Debtors obtain electricity, natural gas, water and sewage, telecommunications, internet, cable, waste, and other similar services (collectively, the "Utility Services") from a number of utility companies (collectively, the "Utility Providers").  A non-exclusive list of the Utility Providers that provide Utility Services to the Debtors as of the Petition Date (the "Utility Service List") is attached to the Proposed Interim and Final Orders as **Exhibit 1**.[3]

9.      Uninterrupted Utility Services are essential for the Debtors to maintain their headquarters in Irving, Texas and distribution and supply center in Charlotte, North Carolina and to provide the necessary support for their approximately 175 Scout Shops throughout the United States.  In addition, during the summer months, the Debtors generally require increased levels of Utility Services for their high adventure facilities in Florida and the U.S. Virgin Islands, New Mexico, West Virginia, and Minnesota and parts of Canada.   Any interruption in Utility

---

[3] Although **Exhibit 1** to the Proposed Interim and Final Orders is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Utility Providers.  By this Motion, the Debtors are requesting relief applicable to all Utility Providers, regardless of whether such Utility Provider is specifically identified on **Exhibit 1** to the Proposed Interim Order and the Proposed Final Order.  Additionally, the listing of an entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

Services, even for a brief period of time, would severely disrupt the Debtors' operations, including their Scouting programs, and jeopardize the Debtors' reorganization efforts. Accordingly, it is critical that the Utility Services continue without interruption during these cases.

10.    The Debtors pay a total of approximately $626,000.00 each month for Utility Services, which amount was calculated as the total historical average payments for the twelve-month period ending December 31, 2019, or the highest bill during the same period when data for the full period is unavailable.  Accordingly, the Debtors estimate that the cost for Utility Services during the next thirty (30) days (not including any deposits to be paid) will be approximately $626,000.00.  As of the Petition Date, the Debtors have $11,251.74 on deposit with Utility Providers (collectively, the "Existing Deposits").

II.    **Proposed Adequate Assurance of Payment**

11.    The Debtors intend to pay postpetition obligations owed to the Utility Providers in a timely manner.  The Debtors anticipate that their cash on hand, together with cash flows from operations and their proposed use of cash collateral, will provide sufficient liquidity to pay all of the Debtors' Utility Services obligations in the ordinary course, consistent with their prepetition practice.

12.    To provide additional assurance of payment to the Utility Providers, the Debtors propose to deposit $301,900.00 (the "Adequate Assurance Deposit") into a segregated bank account owned by the Debtors (the "Adequate Assurance Account") within twenty (20) days of the Petition Date.  As noted above, the Adequate Assurance Deposit is equal to approximately one half of the cost of the Debtors' average monthly Utility Services, calculated as the total historical average payments for the twelve-month period ending December 31, 2019, or the

highest bill during the same period when data for the full period is unavailable, less the Existing Deposits.

13.     The Adequate Assurance Deposit will be held in the Adequate Assurance Account for the duration of the Debtors' chapter 11 cases and may be applied to any postpetition defaults in payment to the Utility Providers.  Any liens or other interests in any funds deposited into the Adequate Assurance Account shall be subordinate to the Utility Providers' respective interests in the Adequate Assurance Deposits.  The Debtors submit that the Adequate Assurance Deposit and Existing Deposits, in conjunction with cash on hand, cash flow from operations, and their proposed use of cash collateral, demonstrates the Debtors' ability to pay for future utility services in the ordinary course (collectively, the "Proposed Adequate Assurance") and constitutes sufficient adequate assurance to the Utility Providers in satisfaction of section 366 of the Bankruptcy Code.

14.     The Adequate Assurance Deposit may be adjusted by the Debtors during the pendency of these chapter 11 cases if the Debtors terminate any of the Utility Services, make alternative arrangements with a Utility Provider for adequate assurance of payment, determine that an entity listed on the Utility Service List is not a "utility" as that term is used in section 366 of the Bankruptcy Code, or identify additional Utility Providers.  The amount allocated for, and payable to, each Utility Provider from the Adequate Assurance Account will be equal to the amount set forth on the Utility Service List as to each Utility Provider or as otherwise agreed by the Debtors and such Utility Provider.

III.    **Adequate Assurance Procedures**

15.    If any Utility Provider believes it is entitled to additional or different adequate

assurance based on individualized circumstances, it may follow the procedures described below

and set forth in the Proposed Interim and Final Orders (the "Adequate Assurance Procedures"):[4]

 (a) The Debtors will serve a copy of this Motion and any order granting the relief requested herein upon each Utility Provider listed on the Utility Service List within two (2) business days after entry of the order by the Court;

 (b) Subject to paragraphs (e)–(h) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $301,900.00, in the Adequate Assurance Account within twenty (20) days of the Petition Date.

 (c) Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List attached to the Proposed Interim and Final Orders as **Exhibit 1**; provided that, to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Provider by the amount of such other value.

 (d) The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

 (e) If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtors, the Utility Provider must serve a request for additional assurance (an "Additional Assurance Request") so that it is received by the following parties at the following addresses: (i) Boy Scouts of America, 1325 W. Walnut Hill Ln., Irving, Texas 75038 (Attn: Stephanie Phillips); (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Blair M. Warner); (iii) counsel to JPMorgan Chase Bank, N.A., Norton Rose

---

[4] To the extent that there are any inconsistencies or discrepancies between the summary of the Adequate Assurance Procedures in this Motion and the Adequate Assurance Procedures as set forth in the Proposed Interim Order or the Proposed Final Order, the Proposed Interim Order or the Proposed Final Order, as applicable, shall control in all respects.

Fulbright US LLP, 2200 Rose Avenue, Suite 3600, Dallas, Texas 75201 (Attn: Lou Strubeck); and (iv) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Notice Parties").

(f)     Any Additional Assurance Request must (i) be made in writing, (ii) identify the account number, the type of Utility Services, and the location(s) for which such services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), including any Existing Deposit and other security held by the Utility Provider; (iv) certify the amount that is equal to approximately one half of the cost of the Debtors' average monthly Utility Services, calculated as the total historical average payments for the twelve-month period ending December 31, 2019, or the highest bill during the same period when data for the full period is unavailable, and (v) certify that the Utility Provider does not already hold an Existing Deposit or other security equal to or greater than approximately one half of the cost of the Debtors' average monthly Utility Services.

(g)     Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) prohibited from (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance and (B) requiring additional assurance of payment other than the Proposed Adequate Assurance.

(h)     The Debtors shall have 21 days from their receipt of an Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Additional Assurance Request.  The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Provider without application to or approval of the Court.

(i)     The Debtors may, in their sole discretion and without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider if the Debtors determine that such Additional Assurance Request is reasonable, and may, in connection with any such agreement and in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, in each case, without further order of the Court.

(j)     If the Debtors determine that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution

with the Utility Provider, the Debtors, during or immediately after the Resolution Period, will request a hearing (a "<u>Determination Hearing</u>") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

(k)     Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; (iii) any objections filed in response to the Proposed Adequate Assurance; or (iv) the commencement of these chapter 11 cases.

## IV.     Modifications to the Utility Service List

16.     The Debtors have made a good-faith effort to identify their Utility Providers and include them on the Utility Service List.  Nevertheless, to the extent that the Debtors identify new or additional Utility Providers or if a Utility Provider ceases to provide services to the Debtors during the pendency of these cases, the Debtors seek authority, in their sole discretion, to amend the Utility Service List to add or remove any Utility Provider.  The Debtors further request that the Proposed Interim Order or the Proposed Final Order (as applicable) be deemed to apply to any such subsequently identified Utility Provider, regardless of when such Utility Provider is added to the Utility Service List.  The Debtors will serve a copy of this Motion and any orders hereon on any Utility Provider subsequently added to the Utility Service List and will deposit an amount equal to one half of the Debtors' approximate average monthly cost of utility services in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit with any such subsequently added Utility Provider that exceed outstanding prepetition amounts).  Subsequently added Utility Providers shall make an Additional Assurance Request in accordance with the Adequate Assurance Procedures.  For any Utility Provider that is subsequently removed from the Utility Service List, the Debtors request the authority to decrease

the Adequate Assurance Deposit by an amount equal to one half of the Debtors' approximate average monthly cost of services from such Utility Provider.

## BASIS FOR RELIEF

**I.      Section 366 of the Bankruptcy Code Grants the Court the Discretion to Determine the Adequacy of the Debtors' Proposed Adequate Assurance**

17.      Congress enacted section 366 of the Bankruptcy Code to protect a debtor from immediate termination of utility services after filing for bankruptcy, while at the same time providing the utility companies with adequate assurance of payment for postpetition utility services.  See H.R. Rep. No. 95-595, at 350 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6306. Accordingly, section 366 of the Bankruptcy Code prohibits utilities from altering, refusing, or discontinuing services to a debtor solely on account of unpaid prepetition amounts for a period of 30 days after a chapter 11 filing.

18.      Section 366(c) requires only that a utility's assurance of payment be "adequate." Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay.  See, e.g., In re Caldor, Inc., 199 B.R. 1, 3 (S.D.N.Y. 1996) (noting that section 366(b) "does not require an 'absolute guarantee of payment'") (citation omitted)), aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646 (2d Cir. 1997); In re Adelphia Bus. Sols., Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same); see also, In re Steinebach, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . all § 366 requires is that a utility be protected from an unreasonable risk of non-payment"); In re Penn Jersey Corp., 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

19.     In determining the requisite level of adequate assurance, courts have recognized that bankruptcy courts should "focus upon the need of the utility for assurance, and to require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." Va. Elec. & Power Co., 117 F.3d at 650; see also In re Penn. Cent. Transp. Co., 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that utility deposits were not necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").   Indeed, "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full." In re Great Atl. & Pac. Tea Co., No. 11-CV-1338 (CS), 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011) (citations omitted).   In fact, there is nothing to prevent a court from deciding that, on the facts of the case before it, the amount required of the debtor to provide adequate assurance of payment to a utility company should be nominal or even zero. See, e.g., In re Pac-West Telecomm., Inc., No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007), ECF No. 39 (approving adequate assurance in the form of one-time supplemental prepayment to each utility company equal to prorated amount of one week's charge).

20.     Here, the Utility Providers are adequately assured against any risk of nonpayment for future services.   The Debtors assert that most, if not all, of their Utility Providers have adequate assurance of payment even without recourse to the Adequate Assurance Deposit.   The Debtors anticipate having sufficient resources to pay, and intend to pay, all valid postpetition obligations for Utility Services in a timely manner.   In addition, the Debtors' reliance on Utility Services to continue their operations and preserve the value of their assets provides them with a powerful incentive to stay current on their obligations.   These factors, which the Court may

consider when determining the amount of any adequate assurance payments, justify finding that the Debtors are not required to make any additional adequate assurance payments in these chapter 11 cases.  In light of the foregoing, the Debtors respectfully submit that the Proposed Adequate Assurance is more than sufficient to assure the Utility Providers of future payment.

21.    Absent the approval of the Adequate Assurance Procedures, Utility Providers could discontinue service, without warning, thirty (30) days after the Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance payment.  Under the Adequate Assurance Procedures, however, any Utility Provider that fails to submit to the Notice Parties an Additional Assurance Request shall be deemed to consent to the Adequate Assurance Procedures and shall be bound by the order(s) granting this Motion.  See In re Syroco, Inc., 374 B.R. 60, 62 (Bankr. D.P.R. 2007) (holding that utility provider's lack of objection, response or counter-demand after receiving notice of hearing on a utilities motion, notice of interim order, and notice of final hearing constituted tacit acceptance of the debtor's proposed two-week cash deposit as adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code).

22.    The Adequate Assurance Procedures are necessary for the Debtors to implement their chapter 11 strategy without unnecessary and costly disruptions on account of discontinued Utility Services.  If the Adequate Assurance Procedures are not approved, the Debtors likely will be confronted with and forced to address numerous requests by their Utility Providers at a critical time for their organization.  Moreover, the Debtors could be blindsided by a Utility Provider alleging—on or after the 30th day following the Petition Date—that it is not adequately protected and, therefore, either is entitled to make an exorbitant demand for payment to continue providing service or discontinue providing service to the Debtors altogether.  Such an outcome

could seriously jeopardize the Debtors' ability to fulfill their mission and successfully reorganize.

23.     Under the circumstances of these cases, the Debtors assert that the establishment of a cash reserve equal to approximately one half of their average monthly Utility Service costs (less Existing Deposits) in the form of the Adequate Assurance Deposit constitutes adequate assurance of payment under section 366(c) of the Bankruptcy Code.

## II.     Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers

24.     The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course by virtue of expected cash flows from ongoing operations and donations and anticipated access to cash collateral.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the obligations addressed in this Motion.  Accordingly, the Debtors assert that checks or wire transfer requests, other than those relating to the authorized payments in respect of utility services, will not be inadvertently honored.  Therefore, the Debtors respectfully request that the Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

25.     Bankruptcy Rule 6003 empowers the Court to issue an order, within 21 days after the Petition Date, granting a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" if such requested relief "is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003(b).  For the reasons discussed above, entry of the Proposed Interim Order is integral to the Debtors' ability to

successfully transition into chapter 11.  As described above, any lapse or termination in utility

service as a result of the Debtors' failure to pay the Utility Providers could subject the Debtors to

significant disruption in or a potential cessation of operations, reducing their ability to generate

revenues and thereby causing immediate and irreparable harm to the Debtors' estates and,

consequently, other interested parties.  Accordingly, the Debtors submit that they have satisfied

the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the

relief requested herein.

## RESERVATION OF RIGHTS

26.     Nothing contained herein is intended or should be construed as (a) an admission

as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors'

rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to

pay any prepetition claim, (d) an implication or admission that any particular claim is of a type

specified or defined in this Motion, the Proposed Interim Order, or the Proposed Final Order,

(e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to

section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in

interest's rights under the Bankruptcy Code or any other applicable law.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h) REQUIREMENTS

27.     In addition, by this Motion, the Debtors request a waiver of any stay of the

effectiveness of the order(s) approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n

order authorizing the use, sale, or lease of property other than cash collateral is stayed until the

expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr.

P. 6004(h).  As set forth above, the Debtors require immediate relief in the form of an order

authorizing the Debtors to pay all undisputed invoices for utility services rendered by the Utility

Providers and to provide the Adequate Assurance Deposit for the benefit of the Utility Providers.

Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## NOTICE

28.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis, other than abuse-related claims; (iv) counsel to JPMorgan Chase Bank, N.A.; (v) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (vi) representatives of the prepetition Ad Hoc Committee of Local Councils; (vii) counsel to the prepetition Future Claimants' Representative; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims; (ix) the United States Attorney's Office for the District of Delaware; (x) the Internal Revenue Service; (xi) the United States Department of Justice; (xii) the Utility Providers; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Interim Order and the Proposed Final Order, substantially in the forms attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  February 18, 2020                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        Wilmington, Delaware

                                             */s/ Derek C. Abbott*
                                             Derek C. Abbott (No. 3376)
                                             Andrew R. Remming (No. 5120)
                                             Joseph C. Barsalona II (No. 6102)
                                             Eric W. Moats (No. 6441)
                                             Paige N. Topper (No. 6470)
                                             1201 North Market Street, 16th Floor
                                             P.O. Box 1347
                                             Wilmington, Delaware 19899-1347
                                             Telephone:  (302) 658-9200
                                             Email:  dabbott@mnat.com
                                                     aremming@mnat.com
                                                     jbarsalona@mnat.com
                                                     emoats@mnat.com
                                                     ptopper@mnat.com

                                             – and –

                                             SIDLEY AUSTIN LLP
                                             James F. Conlan (*pro hac vice* pending)
                                             Thomas A. Labuda (*pro hac vice* pending)
                                             Michael C. Andolina (*pro hac vice* pending)
                                             Matthew E. Linder (*pro hac vice* pending)
                                             One South Dearborn Street
                                             Chicago, Illinois 60603
                                             Telephone:  (312) 853-7000
                                             Email:  jconlan@sidley.com
                                                     tlabuda@sidley.com
                                                     mandolina@sidley.com
                                                     mlinder@sidley.com

                                             – and –

                                             SIDLEY AUSTIN LLP
                                             Jessica C. K. Boelter (*pro hac vice* pending)
                                             Andres Barajas
                                             787 Seventh Avenue
                                             New York, New York 10019
                                             Telephone:  (212) 839-5300
                                             Email:  jboelter@sidley.com
                                                     andres.barajas@sidley.com

                                             PROPOSED COUNSEL TO THE DEBTORS
                                             AND DEBTORS IN POSSESSION

## Exhibit A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING
UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (III) APPROVING PROCEDURES FOR RESOLVING ADDITIONAL
ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA,

LLC, the non-profit corporations that are debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors") for entry of an interim order (this

"Interim Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy

Rules 6003 and 6004, and Local Rule 9013-1, (i) determining that the Proposed

Adequate Assurance provides the Utility Providers with adequate assurance of payment within

the meaning of section 366 of the Bankruptcy Code, (ii) prohibiting the Utility Providers from

altering, refusing, or discontinuing services, (iii) approving the Adequate Assurance Procedures

for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not

satisfied with the Proposed Adequate Assurance, and (iv) granting related relief; and upon

consideration of the First Day Declaration; and this Court having jurisdiction over this matter

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012; and this matter being

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to

issue a final order consistent with Article III of the United States Constitution; and venue of this

proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate

under the circumstances and no other notice need be provided; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and all objections, if any, to the Motion having been

withdrawn, resolved or overruled; and the relief requested in the Motion being in the best

interests of the Debtors' estates, their creditors and other parties in interest; and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

      1.      The relief requested in the Motion is GRANTED on an interim basis as set forth

herein.

      2.      The Final Hearing on the Motion shall be held on _____, 2020 at ___:___

__.m., prevailing Eastern Time.  Any objections or responses to entry of a final order (the "Final

Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on

_____, 2020 (the "Objection Deadline") and served on the following parties: (i) the

Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn:

Steven P. McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.      The Debtors shall cause a copy of the Motion and this Interim Order to be served on each Utility Provider listed on the Utility Service List no later than two business days after the date this Interim Order is entered.

4.      Except as the amount may be reduced by application of the provisions of this Interim Order, within twenty (20) days of the Petition Date, the Debtors will (a) establish a segregated account (the "Adequate Assurance Account") and (b) deposit an amount equal to $301,900.00 (the "Adequate Assurance Deposit"), which is equal to approximately one-half of the cost of the Debtors' average monthly Utility Services, calculated as the total historical average payments for the twelve-month period ending December 31, 2019, or the highest bill during the same period when data for the full period is unavailable, less the amount of any existing deposits with the Utility Providers (collectively, the "Existing Deposits") into such Adequate Assurance Account.  Any liens or other interests in any funds deposited into the Adequate Assurance Account shall be subordinate to the Utility Providers' respective interests in the Adequate Assurance Deposits.

5.      The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of their operations subject to the Adequate Assurance Procedures, constitutes adequate assurance of future payment as required by section 366 of the Bankruptcy Code and, absent compliance with the procedures set forth in this Interim Order, all Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of these chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance.

6.      Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List attached hereto; provided that, to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the

Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Provider by the amount of such other value.

7.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (a) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

8.      The following "Adequate Assurance Procedures" are hereby approved:

(a)      The Debtors will serve a copy of the Motion and this Interim Order granting the relief requested herein upon each Utility Provider listed on the Utility Service List within two (2) business days after entry of this Interim Order by the Court;

(b)      Subject to paragraphs (e)–(h) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $301,900.00, in the Adequate Assurance Account within twenty (20) days of the Petition Date.

(c)      Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List attached to this Interim Order as **Exhibit 1**; provided that, to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Provider by the amount of such other value.

(d)      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

(e)      If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtors, the Utility Provider must serve a request for additional assurance (an "Additional Assurance Request") so that it is received by the following parties at the following addresses: (i) Boy Scouts of America, 1325 W. Walnut Hill Ln., Irving, Texas 75038 (Attn:

Stephanie Phillips); (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Blair M. Warner); (iii) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Rose Avenue, Suite 3600, Dallas, Texas 75201 (Attn: Lou Strubeck); and (iv) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Notice Parties").

(f)     Any Additional Assurance Request must (i) be made in writing, (ii) identify the account number, the type of Utility Services, and the location(s) for which such services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), including any Existing Deposit and other security held by the Utility Provider; (iv) certify the amount that is equal to approximately one half of the cost of the Debtors' average monthly Utility Services, calculated as a historical average payment over the twelve-month period ending December 31, 2019, or based on the highest month's bill during the same period when the full twelve-month period is unavailable, and (v) certify that the Utility Provider does not already hold an Existing Deposit or other Security equal to or greater than approximately one half of the cost of the Debtors' average monthly Utility Services.

(g)     Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) prohibited from (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance and (B) requiring additional assurance of payment other than the Proposed Adequate Assurance.

(h)     The Debtors shall have 21 days from their receipt of an Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Provider without application to or approval of the Court.

(i)     The Debtors may, in their sole discretion and without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider if the Debtors determine that such Additional Assurance Request is reasonable, and may, in connection with any such agreement and in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, in each case, without further order of the Court.

(j)     If the Debtors determine that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, the Debtors, during or immediately after the Resolution Period, will request a hearing (a "<u>Determination Hearing</u>") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

(k)     Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; (iii) any objections filed in response to the Proposed Adequate Assurance; or (iv) the commencement of these chapter 11 cases.

9.      The Utility Providers are prohibited from requiring additional assurance of payment other than pursuant to the Adequate Assurance Procedures.

10.     Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (b) prohibited from (i) discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

11.     The Debtors are authorized to amend the Utility Service List attached as **<u>Exhibit 1</u>** to this Interim Order to add or delete any Utility Provider, and this Interim Order shall apply to any Utility Provider that is subsequently added to the Utility Service List.  Any such amended Utility Service List shall be filed with the Court.  For those Utility providers that are subsequently added to the Utility Service List, the Debtors shall serve a copy of the Motion and this Interim Order on such Utility Provider, along with an amended **<u>Exhibit 1</u>** that includes such Utility Provider, and shall deposit an amount equal to one half of the Debtors' approximate

average monthly cost of utility services in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit with any such subsequently added Utility Provider that exceed outstanding prepetition amounts). Any Utility Provider subsequently added to the Utility Service List shall be bound by the Adequate Assurance Procedures and shall make an Additional Assurance Request in accordance with the Adequate Assurance Procedures. For any Utility Provider that is subsequently removed from the Utility Service List, the Debtors request the authority to decrease the Adequate Assurance Deposit by an amount equal to one half of the Debtors' approximate average monthly cost of services from such removed Utility Provider.

12.     The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Service List.

13.     Each of the banks and/or financial institutions at which the Debtors maintain their accounts relating to payment of the prepetition obligations approved herein is authorized, when requested by the Debtors in the Debtors' discretion, to receive, process, honor, and pay all checks presented for payment and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such accounts. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or fund transfer requests are issued or authorized to be paid pursuant to this Interim Order (including, without limitation, the Debtors' representation that a request to reduce the Adequate Assurance Account is in accordance with this Interim Order) without any further inquiry and without liability for following the Debtors' instructions.

14.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

15.     The inclusion of any entity on, or the omission of any entity from, the Utility Service List shall not be deemed an admission by the Debtors that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

16.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

18.     Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____, 2020
Wilmington, Delaware                              _____
                                                      UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Utility Service List**

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| AAF Hauling Inc. | 4694 El Llano Road Las Vegas, NM 87701 | | Waste Removal | | $4,889.12 |
| Advanced Disposal | 88005 Overseas Hwy Suite 10-189 Islamorada, FL 33036 | | Waste Removal | | $2,730.05* |
| Allstream Business US Inc. | 1201 Northeast Lloyd Blvd. Suite 750 Portland, OR 97232 | 725712 | Telecom | | $142.38 |
| AmeriGas | 413 Greenbrier Valley Mall Dr. Lewisburg, WV 24901 | 203346136 \| 202492995 \| 202356644 | Gas | | $5,095.53 |
| Appalachian Power | 1 Riverside Plaza Columbus, OH 43215-2372 | 020-088-902-0-0 \| 021-097-398-1-9 \| 023-769-738-3-6 \| 025-573-500-0-2 \| 029-112-995-1-5 \| 022-357-778-0-8 \| 022-527-262-1-7 | Electric | | $15,004.30 |
| Aspen Waste Systems, Inc. | 2951 Weeks Avenue S.E. Minneapolis, MN 55414 | 1-7362 4 | Waste Removal | | $94.50 |
| AT&T | 208 S. Akard Street Dallas, TX 75202 | 704 538-5322 440 3138 \| 831-000-4486 736 \| 831-000-5507 264 \| 8001-803-7863 \| 831-000-6654 065 \| 831-000-7585 561 \| 831-000-6415 985 \| 171-793-6304 449 \| 831-000-6408 \| 214 105-2247 558 7 \| 817 430-5139 578 5 \| 817 430-5300 600 0 \| 704-583-8220 220 3197 \| | Telecom | | $38,591.11 |
| AT&T Mobility | 208 S. Akard Street Dallas, TX 75202 | 287259217448 \| 999396002 | Mobility | | $14,366.63 |
| Cablevision Systems Corporation (Optimum) | 1111 Stewart AvenueBethpage, NY 11714-3581 | 07801-700191-01-3 | Telecom | | $83.84 |
| Centerpoint Energy | 1111 Louisiana Street Houston, TX 77002 | 5625007-9 | Electric | | $35.28 |
| CenturyLink | 1025 Eldorado Blvd. Broomfield, CO 80021 | 801-530-0004 304B \| 74551546 \| 74462785 \| 575-376-4621 286B \| 575-376-2398 572B \| 575-376-2180 855B \| 575-376-1005 160B \| 575-376-2323 647B \| 74551539 | Telecom | | $2,358.02* |

*Calculated using highest month's bill rather than the historical average monthly bill.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| City of Charlotte | Attn: Utility Department 600 East 4th Street Charlotte, NC 28202 | 20529-1455 \| 20529-83664 | Water / Sewer | | $670.51 |
| City of Irving - Utility Billing | 825 W. Irving Blvd. Irving, TX 75060 | 4001780100 1 \| 4281120100 1 | Water / Sewer | | $2,225.14 |
| City of Mount Hope - Water | 609 Main Street Mount Hope, WV 25880 | 3529 \| 2720 | Water | | $1,785.00* |
| Claro Puerto Rico | 1515 Franklin D Roosevelt Avenue Guaynabo, PR 00968 | 717165201 4 \| 717396313 8 | Telecom | | $132.28 |
| Consolidated Communications | 121 S. 17th Street Mattoon, IL 61938 | 936-441-4028/0 | Telecom | | $85.84 |
| County of Colfax | 230 North 3rd StreetRaton, NM 87740 | 53410 | Waste Removal | | $105.00* |
| Crosier's Sanitary Service Inc. | 19 Auction House Road Lansing, WV 25862 | 006236-000123 | Septic | | $87,182.75* |
| Dakota Electric Association | 4300 220th Street West Farmington, MN 55024-9583 | 200000266386 2 | Electric | | $104.79 |
| Direct Communications Rockland | 150 S. Main St. Rockland, ID 83271 | 799010491 | Telecom | | $49.50 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Direct Energy Business, Inc. | 1001 Liberty Avenue Pittsburgh, PA 15222 | 1265834 | Electric | | $11,390.29 |
| Duke Energy | 526 S. Church St. Charlotte, NC 28202 | 0003615811 | Electric | | $4,401.49 |
| Earthlink (Windstream) | 1375 Peachtree St. Atlanta, GA 30309 | 0000000003825797 | Telecom | | $71.08 |
| Eversource | 247 Station Drive Westwood, MA 02090 | 1084 502 0063 | Gas | | $533.59* |
| Ferrellgas | Lighton Tower7500 College Blvd. #1000Overland Park, KS 66210 | 3001961 | Gas | | $2,675.16* |
| Florida Keys Aqueduct Authority | 1100 Kennedy Drive Key West, FL 33040-4021 | 506506-019661 \|506506-044797 \|506506-000591 \|506506-206644 \|506506-206645 \|506506-206646 \|506506-206643 | Water | $5,340.00 | $2,667.69* |
| Florida Keys Electric Cooperative | 91630 Overseas Hwy Tavernier, FL 33070 | 6111648010 \|6115271000 \|6115272000 \|6115273000 \|6115274000 \|6115275601 \|6115275802 \|6115276010 \|6115276301 \|6116370011 \|6116490010 \|6116490900 \|6116495010 \|6116496011 \|6116496100 \|6116500210 \|6116650010 \|6116654010 \|6116655010 | Electric | $5,911.74 | $1,800.05* |
| Frontier Communications | 401 Merritt 7 Norwalk, CT 06851 | 972-518-8033-062002-5 \|972-550-9217-053102-5 \|972-580-0141-062890-5 \|972-580-0295-020201-5 \|972-580-1301-062102-5 \|972-580-8964-042702-5 \|972-714-4796-072612-5 \|972-756-9219-100208-5 \|304-469-1077-042913-4 \|218-365-4811-041174-2 | Telecom | | $1,722.92 |
| Getronics Pomeroy IT Solutions | 1020 Petersburg Road Hebron, KY 41048 | 20110 | Telecom | | $212.76 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Granite Telecommunications | 100 Newport Ave. Ext Quincy, MA 02171 | 1920343 \| 3571004 | Telecom | | $16,990.56 |
| Keys Energy Services | 1001 James StreetKey West, FL 33040 | 8734813-00 \| 8734814-00 | Electric | | $7,645.61* |
| Kit Carson Electric Cooperative | P.O. Box 578 118 Cruz Alta Street Taos, NM 87571 | 389633-001 \| 389633-002 | Electric | | $291.56 |
| Lake Country Power | 8535 Park Ridge Drive Mountain Iron, MN 55768-2059 | 8704323600 \| 142549801 \| 4723800 \| 3263700 \| 3858200 \| 956100 \| 143020901 \| 142843301 \| 3597800 | Electric | | $2,210.02 |
| Level 3 Communications LLC | 1025 Eldorado Blvd. Broomfield, CO 80021 | 268821 \| 5-PJLLXKS7 \| 5-WH2ZTLDG | Telecom | | $6,829.98 |
| Lumos Networks DBA Segra | 1 Lumos Plaza Waynesboro, VA 22980 | 174284059 | Telecom | | $1,537.26 |
| Mountaineer Gas Company | 2401 Sissonville Drive Charleston, WV 25387 | 513758-512005 \| 12621-512005 | Gas | | $238.36 |
| National Grid | 40 Slyvan Road Waltham, MA 02451 | 62982-20001 | Electric | | $363.14* |
| Northern New Mexico Gas | 19 Agua Road Angel Fire, NM 87710 | RANPHI \| RANCIM \| RANCHA | Gas | | $3,933.26 |
| Oak Hill Garbage Disposal Inc. | 1479 Stanford RoadBeckley, WV 25801 | 120188 \| 121310 \| 120107 \| 119918 \| 119872 \| 121434 \| 120223 | Waste Removal | | $8,131.03* |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Pacific Centrex (Datavo LLC) | 114 E. Haley Street Suite A Santa Barbara, CA 93101-2347 | 1000118 \| 1000119 | Telecom | | $68.35 |
| Piedmont Natural Gas Company | 4720 Piedmont Row Drive Charlotte, NC 28210 | 7000434495001 \| 7000434495005 \| 7000434495002 \| 9001577348001 | Gas | | $649.62 |
| Plyler Paper Stock Co Inc. | 800 Gesco Street Charlotte, NC 28208 | 2121 WESTINGHOUSE BL | Waste Removal | | $62.50 |
| Raleigh County Solid Waste | 200 Fernandez Drive Beckley, WV 25801 | 008120 | Waste Removal | | $7,258.26* |
| Republic Services, Inc. | 3358 Highway 51 N. Fort Mill, SC 29715 | 3-0742-2000026 | Waste Removal | | $15,613.31* |
| Shentel | 500 Shentel Way Edinburg, VA 22824 | 0000332712-001 \| 0000397669-001 | Telecom | | $971.47 |
| Sierra Communications | 193 Board Street Bangor, ME 04401 | 2643 \| 4923 | Telecom | | $6,757.79* |
| Springer Electric Cooperative, Inc. | 408 Maxwell Ave. Springer, NM 87747 | 11156000 \| 11156014 | Electric | | $10,581.22 |
| Time Warner Cable | 4145 S. Falkenburg Rd.Riverview, FL 33578-8652 | 8260 13 034 0000838 | Telecom | | $120.86 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Tri-County Electric Cooperative Inc. | 600 N.W. Parkway Azle, TX 76020 | 30068001 | Electric | | $906.08 |
| Trophy Club Muds | 100 Municipal Drive Trophy Club, TX 76262-5420 | 021-1600040-101 \| 021-1600041-101 | Water | | $168.06 |
| Verizon Wireless | 1095 Avenue of the Americas New York, NY 10013 | 580682886-00001 \| 580682886-00003 \| 580682886-00009 | Mobility | | $1,171.08 |
| Village of Cimarron | 356B E. 9th Street P.O. Box 654 Cimarron, NM 87714 | 5170.04 \| 5190.02 | Water / Sewer | | $48.47 |
| Waste Connections Inc. | D/B/A: ACE Solid Waste, Inc. 6601 McKinley St. NW Ramsey, MN 55303-4302 | 3067229247 | Waste Removal | | $24.58 |
| Waste Management | 1001 Fannin Suite 4000 Houston, TX 77002 | 8-22083-63004 \| 4-20820-92009 \| 13-45303-52001 | Waste Removal | | $2,723.12* |
| West Virginia American Water | 1600 Pennsylvania Ave. Charleston, WV 25302 | 1028-220009271412 \| 1028-22000775I264 | Water | | $57.57 |
| White Oak Public Service District | 20 Old Farm Road Scarbro, WV 25917 | 1001366 \| 1001292 | Waste Removal | | $32.33 |
| Windstream Communications Inc. | 4001 N. Rodney Parham RoadLittle Rock, AR 72212-2442 | 10792786 \| 061837111 | Telecom | | $168.14 |

\* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| WOW! Business | 1241 OG Skinner Dr. West Point, GA 31833-1789 | 2444940 | Telecom | | $28.12 |
| Xcel Energy | 414 Nicollet Mall Minneapolis, MN 55401 | 51-4525008-4 | Electric | | $210.46 |
| Zia Natural Gas Company | 100 Short Drive Ruidoso Downs, NM 88346 | 2300289-00 \| 2301491-00 \| 2300292-00 \| 2300291-00 \| 2300293-00 \| 2300485-01 \| 2300323-00 | Gas | | $4,886.35 |
| **TOTAL** | | | | **$11,251.74** | **$301,900.00** |

\* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

**<u>Exhibit B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING
UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (III) APPROVING PROCEDURES FOR RESOLVING ADDITIONAL
ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of a final order (this "Final Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1, (i) determining that the Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (ii) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (iii) approving the Adequate Assurance Procedures for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not satisfied with the Proposed Adequate Assurance, and (iv) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing and, if necessary, a final hearing, before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2.       The Debtors shall cause a copy of the Motion and this Final Order to be served on each Utility Provider listed on the Utility Service List no later than two business days after the date this Final Order is entered.

3.       Except as the amount may be reduced by application of the provisions of this Final Order, the Debtors will (a) to the extent not already established, establish a segregated account (the "Adequate Assurance Account") and (b) to the extent not already deposited, deposit

an amount equal to $301,900.00 (the "Adequate Assurance Deposit"), which is equal to approximately one-half of the cost of the Debtors' average monthly Utility Services, calculated as the total historical average payments for the twelve-month period ending December 31, 2019, or the highest bill during the same period when data for the full period is unavailable, less the amount of any existing deposits with the Utility Providers (collectively, the "Existing Deposits") into such Adequate Assurance Account. Any liens or other interests in any funds deposited into the Adequate Assurance Account shall be subordinate to the Utility Providers' respective interests in the Adequate Assurance Deposits.

4.    The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of their operations subject to the Adequate Assurance Procedures, constitutes adequate assurance of future payment as required by section 366 of the Bankruptcy Code and, absent compliance with the procedures set forth in this Final Order, all Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of these chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance.

5.    Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List attached hereto; provided that, to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Provider by the amount of such other value.

6.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (a) reconciliation and payment by the

Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

7.      The following "<u>Adequate Assurance Procedures</u>" are hereby approved on a final basis:

(a)      The Debtors will serve a copy of the Motion and this Final Order granting the relief requested herein upon each Utility Provider listed on the Utility Service List within two (2) business days after entry of this Final Order by the Court;

(b)      Subject to paragraphs (e)–(h) herein, to the extent not already deposited, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $301,900.00, in the Adequate Assurance Account within twenty (20) days of the Petition Date.

(c)      Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List attached to this Final Order as **<u>Exhibit 1</u>**; <u>provided</u> <u>that</u>, to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Provider by the amount of such other value.

(d)      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

(e)      If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtors, the Utility Provider must serve a request for additional assurance (an "<u>Additional Assurance Request</u>") so that it is received by the following parties at the following addresses: (i) Boy Scouts of America, 1325 W. Walnut Hill Ln., Irving, Texas 75038 (Attn: Stephanie Phillips); (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Blair M. Warner); (iii) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Rose Avenue, Suite 3600, Dallas, Texas 75201 (Attn: Lou Strubeck); and (iv) counsel to the official committee of

unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Notice Parties").

(f)     Any Additional Assurance Request must (i) be made in writing, (ii) identify the account number, the type of Utility Services, and the location(s) for which such services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), including any Existing Deposit and other security held by the Utility Provider; (iv) certify the amount that is equal to approximately one half of the cost of the Debtors' average monthly Utility Services, calculated as the total historical average payments for the twelve-month period ending December 31, 2019, or the highest bill during the same period when data for the full period is unavailable, and (v) certify that the Utility Provider does not already hold an Existing Deposit or other security equal to or greater than approximately one half of the cost of the Debtors' average monthly Utility Services.

(g)     Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) prohibited from (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance and (B) requiring additional assurance of payment other than the Proposed Adequate Assurance.

(h)     The Debtors shall have 21 days from their receipt of an Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Additional Assurance Request.  The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Provider without application to or approval of the Court.

(i)     The Debtors may, in their sole discretion and without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider if the Debtors determine that such Additional Assurance Request is reasonable, and may, in connection with any such agreement and in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, in each case, without further order of the Court.

(j)     If the Debtors determine that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, the Debtors, during or immediately after the Resolution Period, will request a hearing (a "Determination Hearing")

5

before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

(k)     Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; (iii) any objections filed in response to the Proposed Adequate Assurance; or (iv) the commencement of these chapter 11 cases.

8.      The Utility Providers are prohibited from requiring additional assurance of payment other than pursuant to the Adequate Assurance Procedures.

9.      Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (b) prohibited from (i) discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

10.     The Debtors are authorized to amend the Utility Service List attached as **Exhibit 1** to this Final Order to add or delete any Utility Provider, and this Final Order shall apply to any Utility Provider that is subsequently added to the Utility Service List.  Any such amended Utility Service List shall be filed with the Court.  For those Utility providers that are subsequently added to the Utility Service List, the Debtors shall serve a copy of the Motion and this Final Order on such Utility Provider, along with an amended **Exhibit 1** that includes such Utility Provider, and shall deposit an amount equal to two weeks of the Debtors' average cost of utility services in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit with any such subsequently added Utility Provider that exceed outstanding prepetition

6

amounts). Any Utility Provider subsequently added to the Utility Service List shall be bound by the Adequate Assurance Procedures and shall make an Additional Assurance Request in accordance with the Adequate Assurance Procedures. For any Utility Provider that is subsequently removed from the Utility Service List, the Debtors request the authority to decrease the Adequate Assurance Deposit by an amount equal to one half of the Debtors' approximate average monthly cost of services from such removed Utility Provider.

11.     The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Service List.

12.     Each of the banks and/or financial institutions at which the Debtors maintain their accounts relating to payment of the prepetition obligations approved herein is authorized, when requested by the Debtors in the Debtors' discretion, to receive, process, honor, and pay all checks presented for payment and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such accounts. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or fund transfer requests are issued or authorized to be paid pursuant to this Final Order (including, without limitation, the Debtors' representation that a request to reduce the Adequate Assurance Account is in accordance with this Final Order) without any further inquiry and without liability for following the Debtors' instructions.

13.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any

prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

14.    The inclusion of any entity on, or the omission of any entity from, the Utility Service List shall not be deemed an admission by the Debtors that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

15.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

16.    Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

17.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

18.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2020
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Utility Service List**

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| AAF Hauling Inc. | 4694 El Llano Road Las Vegas, NM 87701 | | Waste Removal | | $4,889.12 |
| Advanced Disposal | 88005 Overseas Hwy Suite 10-189 Islamorada, FL 33036 | | Waste Removal | | $2,730.05* |
| Allstream Business US Inc. | 1201 Northeast Lloyd Blvd. Suite 750 Portland, OR 97232 | 725712 | Telecom | | $142.38 |
| AmeriGas | 413 Greenbrier Valley Mall Dr. Lewisburg, WV 24901 | 2033446136 | 202492995 | 202356644 | Gas | | $5,095.53 |
| Appalachian Power | 1 Riverside Plaza Columbus, OH 43215-2372 | 020-088-902-0-0 | 021-097-398-1-9 | 023-769-738-3-6 | 025-573-500-0-2 | 029-112-995-1-5 | 022-357-778-0-8 | 022-527-262-1-7 | Electric | | $15,004.30 |
| Aspen Waste Systems, Inc. | 2951 Weeks Avenue S.E. Minneapolis, MN 55414 | 1-7362 4 | Waste Removal | | $94.50 |
| AT&T | 208 S. Akard Street Dallas, TX 75202 | 704 538-5322 440 3138 | 831-000-4486 736 | 831-000-5507 264 | 8001-803-7863 | 831-000-6654 065 | 831-000-7585 561 | 831-000-6415 985 | 171-793-6304 449 | 831-000-6408 | 214 105-2247 558 7 | 817 430-5139 578 5 | 817 430-5300 600 0 | 704-583-8220 220 3197 | | Telecom | | $38,591.11 |
| AT&T Mobility | 208 S. Akard Street Dallas, TX 75202 | 287259217448 | 999396002 | Mobility | | $14,366.63 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Cablevision Systems Corporation (Optimum) | 1111 Stewart AvenueBethpage, NY 11714-3581 | 07801-700191-01-3 | Telecom | | $83.84 |
| Centerpoint Energy | 1111 Louisiana Street Houston, TX 77002 | 5625007-9 | Electric | | $35.28 |
| CenturyLink | 1025 Eldorado Blvd. Broomfield, CO 80021 | 801-530-0004 304B \| 74551546 \| 74462785 \| 575-376-4621 286B \| 575-376-2398 572B \| 575-376-2180 855B \| 575-376-1005 160B \| 575-376-2323 647B \| 74551539 | Telecom | | $2,358.02* |
| City of Charlotte | Attn: Utility Department 600 East 4th Street Charlotte, NC 28202 | 20529-1455 \| 20529-83664 | Water / Sewer | | $670.51 |
| City of Irving - Utility Billing | 825 W. Irving Blvd. Irving, TX 75060 | 40017801001 \| 42811201001 | Water / Sewer | | $2,225.14 |
| City of Mount Hope - Water | 609 Main Street Mount Hope, WV 25880 | 3529 \| 2720 | Water | | $1,785.00* |
| Claro Puerto Rico | 1515 Franklin D Roosevelt Avenue Guaynabo, PR 00968 | 717165201 4\| 717396313 8 | Telecom | | $132.28 |
| Consolidated Communications | 121 S. 17th Street Mattoon, IL 61938 | 936-441-4028/0 | Telecom | | $85.84 |
| County of Colfax | 230 North 3rd StreetRaton, NM 87740 | 53410 | Waste Removal | | $105.00* |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Crosier's Sanitary Service Inc. | 19 Auction House Road Lansing, WV 25862 | 006236-000123 | Septic | | $87,182.75* |
| Dakota Electric Association | 4300 220th Street West Farmington, MN 55024-9583 | 2000002663862 | Electric | | $104.79 |
| Direct Communications Rockland | 150 S. Main St. Rockland, ID 83271 | 799010491 | Telecom | | $49.50 |
| Direct Energy Business, Inc. | 1001 Liberty Avenue Pittsburgh, PA 15222 | 1265834 | Electric | | $11,390.29 |
| Duke Energy | 526 S. Church St. Charlotte, NC 28202 | 0003615811 | Electric | | $4,401.49 |
| Earthlink (Windstream) | 1375 Peachtree St. Atlanta, GA 30309 | 0000000003825797 | Telecom | | $71.08 |
| Eversource | 247 Station Drive Westwood, MA 02090 | 1084 502 0063 | Gas | | $533.59* |
| Ferrellgas | Lighton Tower7500 College Blvd. #1000Overland Park, KS 66210 | 3001961 | Gas | | $2,675.16* |
| Florida Keys Aqueduct Authority | 1100 Kennedy Drive Key West, FL 33040-4021 | 506506-019661 \| 506506-044797 \| 506506-000591 \| 506506-206644 \| 506506-206645 \| 506506-206646 \| 506506-206643 | Water | $5,340.00 | $2,667.69* |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Florida Keys Electric Cooperative | 91630 Overseas Hwy Tavernier, FL 33070 | 6111648010 \| 6115271000 \| 6115272000 \| 6115273000 \| 6115274000 \| 6115275601 \| 6115275802 \| 6115276010 \| 6115276301 \| 6116370011 \| 6116490010 \| 6116490900 \| 6116495010 \| 6116496011 \| 6116496100 \| 6116500210 \| 6116650010 \| 6116654010 \| 6116655010 | Electric | $5,911.74 | $1,800.05* |
| Frontier Communications | 401 Merritt 7 Norwalk, CT 06851 | 972-518-8033-062002-5 \| 972-550-9217-053102-5 \| 972-580-0141-062890-5 \| 972-580-0295-020201-5 \| 972-580-1301-062102-5 \| 972-580-8964-042702-5 \| 972-714-4796-072612-5 \| 972-756-9219-100208-5 \| 304-469-1077-042913-4 \| 218-365-4811-041174-2 | Telecom | | $1,722.92 |
| Getronics Pomeroy IT Solutions | 1020 Petersburg Road Hebron, KY 41048 | 20110 | Telecom | | $212.76 |
| Granite Telecommunications | 100 Newport Ave. Ext Quincy, MA 02171 | 1920343 \| 3571004 | Telecom | | $16,990.56 |
| Keys Energy Services | 1001 James StreetKey West, FL 33040 | 8734813-00 \| 8734814-00 | Electric | | $7,645.61* |
| Kit Carson Electric Cooperative | P.O. Box 578 118 Cruz Alta Street Taos, NM 87571 | 389633-001 \| 389633-002 | Electric | | $291.56 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Lake Country Power | 8535 Park Ridge Drive Mountain Iron, MN 55768-2059 | 8704323600 \| 142549801 \| 4723800 \| 3263700 \| 956100 \| 143020901 \| 142843301 \| 3597800 | Electric | | $2,210.02 |
| Level 3 Communications LLC | 1025 Eldorado Blvd. Broomfield, CO 80021 | 268821 \| 5-PJLLXK87 \| 5-WH2ZTLDG | Telecom | | $6,829.98 |
| Lumos Networks DBA Segra | 1 Lumos Plaza Waynesboro, VA 22980 | 174284059 | Telecom | | $1,537.26 |
| Mountaineer Gas Company | 2401 Sissonville Drive Charleston, WV 25387 | 513758-512005 \| 112621-512005 | Gas | | $238.36 |
| National Grid | 40 Slyvan Road Waltham, MA 02451 | 62982-20001 | Electric | | $363.14* |
| Northern New Mexico Gas | 19 Agua Road Angel Fire, NM 87710 | RANPHI \| RANCIM \| RANCHA | Gas | | $3,933.26 |
| Oak Hill Garbage Disposal Inc. | 1479 Stanford RoadBeckley, WV 25801 | 120188 \| 121310 \| 120107 \| 119918 \| 119872 \| 121434 \| 120223 | Waste Removal | | $8,131.03* |
| Pacific Centrex (Datavo LLC) | 114 E. Haley Street Suite A Santa Barbara, CA 93101-2347 | 1000118 \| 1000119 | Telecom | | $68.35 |
| Piedmont Natural Gas Company | 4720 Piedmont Row Drive Charlotte, NC 28210 | 7000434495001 \| 7000434495005 \| 7000434495002 \| 9001577348001 | Gas | | $649.62 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Plyler Paper Stock Co Inc. | 800 Gesco Street Charlotte, NC 28208 | 2121 WESTINGHOUSE BL | Waste Removal | | $62.50 |
| Raleigh County Solid Waste | 200 Fernandez Drive Beckley, WV 25801 | 008120 | Waste Removal | | $7,258.26* |
| Republic Services, Inc. | 3358 Highway 51 N. Fort Mill, SC 29715 | 3-0742-2000026 | Waste Removal | | $15,613.31* |
| Shentel | 500 Shentel Way Edinburg, VA 22824 | 0000332712-001 \| 0000397669-001 | Telecom | | $971.47 |
| Sierra Communications | 193 Board Street Bangor, ME 04401 | 2643 \| 4923 | Telecom | | $6,757.79* |
| Springer Electric Cooperative, Inc. | 408 Maxwell Ave. Springer, NM 87747 | 11156000 \| 11156014 | Electric | | $10,581.22 |
| Time Warner Cable | 4145 S. Falkenburg Rd.Riverview, FL 33578-8652 | 8260 13 034 0000838 | Telecom | | $120.86 |
| Tri-County Electric Cooperative Inc. | 600 N.W. Parkway Azle, TX 76020 | 30068001 | Electric | | $906.08 |
| Trophy Club Muds | 100 Municipal Drive Trophy Club, TX 76262-5420 | 021-1600040-101 \| 021-1600041-101 | Water | | $168.06 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Verizon Wireless | 1095 Avenue of the Americas New York, NY 10013 | 580682886-00001 \| 580682886-00003 \| 580682886-00009 | Mobility | | $1,171.08 |
| Village of Cimarron | 356B E. 9th Street P.O. Box 654 Cimarron, NM 87714 | 5170.04 \| 5190.02 | Water / Sewer | | $48.47 |
| Waste Connections Inc. | D/B/A: ACE Solid Waste, Inc. 6601 McKinley St. NW Ramsey, MN 55303-4302 | 3067229247 | Waste Removal | | $24.58 |
| Waste Management | 1001 Fannin Suite 4000 Houston, TX 77002 | 8-22083-63004 \| 4-20820-92009 \| 13-45303-52001 | Waste Removal | | $2,723.12* |
| West Virginia American Water | 1600 Pennsylvania Ave. Charleston, WV 25302 | 1028-220009271412 \| 1028-220007751264 | Water | | $57.57 |
| White Oak Public Service District | 20 Old Farm Road Scarbro, WV 25917 | 1001366 \| 1001292 | Waste Removal | | $32.33 |
| Windstream Communications Inc. | 4001 N. Rodney Parham RoadLitle Rock, AR 72212-2442 | 10792786 \| 061837111 | Telecom | | $168.14 |
| WOW! Business | 1241 OG Skinner Dr. West Point, GA 31833-1789 | 2444940 | Telecom | | $28.12 |
| Xcel Energy | 414 Nicollet Mall Minneapolis, MN 55401 | 51-4525008-4 | Electric | | $210.46 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Zia Natural Gas Company | 100 Short Drive Ruidoso Downs, NM 88346 | 2300289-00 \| 2301491-00 \| 2300292-00 \| 2300291-00 \| 2300293-00 \| 2300485-01 \| 2300323-00 | Gas | | $4,886.35 |
| TOTAL | | | | $11,251.74 | $301,900.00 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.