## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (___) |
| Debtors. | (Joint Administration Requested) |
| | **Hearing Date: TBD** |
| | **Objection Deadline: TBD** |

**DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 502(b)(9), BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1, FOR AUTHORITY TO (I) ESTABLISH DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISH THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVE PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE VICTIMS, AND (IV) APPROVE CONFIDENTIALITY PROCEDURES FOR ABUSE VICTIMS**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this "Motion"), pursuant to section 502(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1(e), 3001-1, and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Proposed Order") substantially in the form attached hereto as **Exhibit A**, (i) establishing deadlines within which General Proofs of Claim and Abuse Proofs of Claim (each as defined below, and together, the "Proofs of Claim") against the Debtors' estates are to be filed, (ii) approving the proposed procedures for filing General Proofs of Claim and Abuse

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Proofs of Claim (each as defined below), including special procedures allowing for holders of Abuse Claims to file confidential Abuse Proofs of Claim, (iii) approving the proposed procedures for notice of the bar dates, including the form of Bar Date Notices (as defined below), (iv) approving the General Proof of Claim Form and the Abuse Proof of Claim Form (each as defined below), (v) approving the forms of supplemental notice and procedures for providing notice to unknown holders of Abuse Claims and other unknown creditors and parties in interest, and (vi) granting related relief.[2]  In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.      On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Plan"), filed concurrently herewith.

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.　　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　　　The statutory and other predicates for the relief requested herein are section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1.

## **BACKGROUND OF THE DEBTORS**

5.　　　The BSA is a federally chartered non-profit corporation under title 36 of the United States Code.  The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers.  As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission.  The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[3] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations.  Delaware BSA, LLC ("Delaware BSA") is a non-profit limited liability company incorporated under the laws of

---

[3] **Scout Oath:** "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight." **Scout Law:** "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  BSA is the sole member of Delaware BSA.

6.      To carry out its mission of developing youth leaders of character and integrity, the BSA grants charters to thousands of local organizations across the country, including faith-based institutions, clubs, civic associations, educational institutions, and businesses.  These chartered organizations, in turn, form Scouting units—referred to as "packs" for Cub Scouts, "troops" for Scouts BSA (formerly known as Boy Scouts), "crews" for Venturing, "ships" for Sea Scouts, "labs" for STEM Scouts, and "posts" for Exploring.  Scouting units are led by adult volunteers appointed by the chartered organization.  Each of the BSA's approximately 81,000 Scouting units in the United States is organized, registered, and supported by one of 261 local councils that are chartered by the BSA and oversee the Scouting program in an assigned geographic area.  Each local council is separately incorporated under the non-profit laws of its respective state, maintains an independent board of directors and senior management, and is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  The BSA does not hold any equity interest in any local council, chartered organization, or Scouting unit, and only the BSA and its wholly owned subsidiary, Delaware BSA, are debtors in these chapter 11 cases.  Additional information regarding the BSA, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") and the *Debtors' Informational Brief*, filed concurrently herewith.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the following relief:

(a)     establishing **5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from service of the General Bar Date Notice** as the deadline for each (i) person or entity (as defined in section 101(41) of the Bankruptcy Code), but not including any holder of an Abuse Claim (as defined below) and any Governmental Unit (as defined below) to file a proof of claim (each, a "General Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against either of the Debtors (the "General Bar Date");

(b)     establishing **5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from service of the Abuse Claims Bar Date Notice** as the deadline for any holder of an Abuse Claim to file a proof of claim against either of the Debtors (each, an "Abuse Proof of Claim") in respect of any claim arising from abuse (as defined in the Plan, an "Abuse Claim")[4] occurring prior to the Petition Date (the "Abuse Claims Bar Date");

(c)     establishing **August 17, 2020 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code, the "Governmental Units") to file a General Proof of Claim in respect of a prepetition claim against either of the Debtors (the "Governmental Bar Date" and, together with the General Bar Date and the Abuse Claims Bar Date, the "Bar Dates");

(d)     approving the proposed procedures for filing General Proofs of Claim and Abuse Proofs of Claim (collectively, the "Proofs of Claim"), including special procedures for the confidential filing of Abuse Proofs of Claim;

(e)     approving the proposed procedures for notice of the Bar Dates, including, among other things, (i) the form of notice of the Bar Dates to be sent to parties in interest other than holders of Abuse Claims (the "General Bar Date Notice"), substantially in the form annexed hereto as **Exhibit B-1**, and (ii) the form of notice to be sent to known holders of Abuse Claims (the "Abuse Claims Bar Date Notice" and, together with the General Bar

---

[4] For purposes of this Motion, an "Abuse Claim" means a liquidated or unliquidated Claim that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault and/or battery, rape, pedophilia, ephebophilia, sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or interactions of a sexual nature, including the use of photography, video, or digital media, or other physical abuse or bullying without regard to whether such physical abuse or bullying is of a sexual nature, between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult that occurred prior to the Petition Date.

Date Notice, the "<u>Bar Date Notices</u>"), substantially in the form annexed hereto as **<u>Exhibit B-2</u>**;

(f)     approving (i) the proposed model Proof of Claim form for creditors other than holders of Abuse Claims (the "<u>General Proof of Claim Form</u>"), substantially in the form annexed hereto as **<u>Exhibit C-1</u>**, and (ii) the proposed model Proof of Claim form for holders of Abuse Claims (the "<u>Abuse Proof of Claim Form</u>"), substantially in the form annexed hereto as **<u>Exhibit C-2</u>**;

(g)     approving (i) the form of notice to be sent to and published with respect to unknown holders of Abuse Claims (the "<u>Abuse Claims Publication Notice</u>"), substantially in the form annexed hereto as **<u>Exhibit B-3</u>**, and (ii) approving the Debtors' plan and other specialized supplemental procedures (together with the Abuse Claims Publication Notice, the "<u>Supplemental Notice Plan</u>") for providing notice of the Abuse Claims Bar Dates to unknown holders of Abuse Claims;[5] and

(h)     granting related relief.

## <u>THE BAR DATES</u>

8.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in a debtor's schedules or (b) is scheduled as disputed, contingent, or unliquidated must file a Proof of Claim by a bar date fixed by the Court. Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

9.     Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C.

---

[5] The Debtors intend to supplement this Motion in advance of the hearing with the Abuse Claims Bar Date Notice, the Abuse Proof of Claim Form, and the Supplemental Notice Plan after consulting with any committee or future claims representative appointed in these chapter 11 cases to represent holders of Abuse Claims. The forms of Abuse Claims Bar Date Notice, Abuse Proof of Claim Form, and Abuse Claims Publication Notice and the supplement to this Motion detailing the Supplemental Notice Plan will be filed with the Court prior to the deadline for filing responses or objections to the Motion.

§ 502(b)(9).  Accordingly, the Debtors seek to establish a separate Governmental Bar Date for governmental claims.

10.     In order to proceed expeditiously in these chapter 11 cases and solicit votes on the Plan, the Debtors must identify all potential voting creditors by fixing and sending out notice to potential parties in interest of the Bar Dates.  Fixing the Bar Dates will enable the Debtors to receive, process, and analyze creditor claims in a timely and efficient manner, and will expedite the administration of these chapter 11 cases and distributions to claimants.  The analysis of Abuse Claims in particular is of critical importance to move these chapter 11 cases forward. Based on the Notice Procedures set forth below, including the forthcoming Supplemental Notice Plan, the proposed Bar Dates will give creditors ample opportunity to prepare and timely file Proofs of Claim.

11.     As set forth in the First Day Declaration, these chapter 11 cases were necessitated by a confluence of factors resulting from Abuse Claims filed against the Debtors alleging inappropriate conduct, including allegations of sexual abuse, dating back as far as the early 1940s, and the Debtors' liabilities and potential liabilities therefrom.  The Debtors are committed to ensuring that these survivors are treated fairly and respectfully and preventing future abuse. The number of pending claims and lawsuits, and the unknown number of additional Abuse Claims that may be asserted, make it clear that the Debtors cannot continue to address each of those claims in courts across the country in a "one-off" nature while also fulfilling the BSA's mission of training youth through its character development and values-based leadership programs.  As set forth in the First Day Declaration, as of the date hereof, approximately 1,700 known Abuse Claims have been asserted.

12.     The Debtors have commenced these chapter 11 cases to achieve the dual objectives of (a) timely and equitably compensating victims of abuse in Scouting and (b) ensuring that the BSA emerges from bankruptcy with the ability to continue its critical charitable mission.  Prolonged bankruptcy proceedings would imperil both of these objectives.  As a non-profit corporation that relies largely on member fees and donations, considerations of economy and speed are of the utmost importance to the BSA.  The Debtors are filing this Motion to establish the Bar Dates at the outset of these chapter 11 cases in order to begin a productive dialogue with any official committees appointed in these chapter 11 cases.

**The General Bar Date**

13.     The Debtors request that the Court establish 5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from service of the General Bar Date Notice as the General Bar Date.

14.     As set forth below, the Debtors have proposed standard procedures for providing notice of the General Bar Date to all parties, other than holders of Abuse Claims, that are entitled to receive such notice in these chapter 11 cases.  These parties include the Debtors' lenders and other financial creditors, suppliers, vendors, trade creditors, employees, non-sexual abuse-related litigation claimants, and other traditional creditors and parties in interest in these chapter 11 cases (collectively, the "Traditional Notice Parties").[6]

**The Governmental Bar Date**

15.     The Debtors request that the Court establish August 17, 2020 at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date.

16.     Pursuant to Section 502(b)(9) of the Bankruptcy Code, "a claim of a

---

[6] Concurrently herewith, the Debtors have filed the Notice and Confidentiality Procedures Motion, pursuant to which the Debtors are seeking the approval of certain procedures for the mailing and publication of the notice announcing the commencement of these chapter 11 cases.

governmental unit shall be timely filed if it is filed before on hundred eighty (180) days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."  As August 17, 2020 is the first business day at least 180 days after the Petition Date, the proposed Governmental Bar Date complies with section 502(b)(9) of the Bankruptcy Code.

**The Abuse Claims Bar Date**

17.    The Debtors request that the Court establish 5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from service of the Abuse Claims Bar Date Notice as the Abuse Claims Bar Date.

18.    With respect to potential holders of Abuse Claims, the Debtors are limited in their ability to identify with specificity the identities or location of these claimants.  Approximately 90% of pending and asserted Abuse Claims relate to abuse that occurred before 1988.  In 1988, the BSA strengthened its existing youth protection programs with a series of enhanced policies and procedures, including a more comprehensive volunteer screening database, additional supervision requirements and reporting obligations designed to keep would-be abusers away from Scouts, and improved training and other literature addressing ways to prevent, recognize, and respond to sexual abuse.  Accordingly, the BSA anticipates that the vast majority of unknown abuse victims have not been involved with the BSA in well over thirty years.[7] Providing traditional notice to these unknown holders of Abuse Claims whose whereabouts are unknown would be extraordinarily expensive, likely costing tens of millions of dollars.  Such notice is not just impractical — it is likely impossible.  Even if the Debtors could locate a portion of these former participants in Scouting, traditional noticing would exhaust a large portion of funds otherwise available for creditor distributions.

---

[7] For example, a child that participated in one of the BSA's programs in the 1970s or early 1980s most assuredly no longer resides at the address such participant's parents would have provided during that time period.  Utilizing decades-old address information or searching for all participants' current locations would likely be futile.

19.     The Debtors intend to implement the Supplemental Notice Plan and publish the Abuse Claims Publication Notice in order to provide important deadlines and information to unknown holders of Abuse Claims who, as of the Petition Date, had not commenced actions against the Debtors or provided sufficient contact information to be "known" to the Debtors. The Debtors are formulating the Supplemental Notice Plan, and plan to engage in discussions with any official committee and Future Claimants' Representative appointed in these chapter 11 cases to represent abuse victims regarding the details of this Supplemental Notice Plan and Abuse Proof of Claim Form.   After these discussions have occurred, the Debtors intend to supplement to this Motion with the Supplemental Notice Plan and related exhibits.   The Supplemental Notice Plan described above will address notice to *unknown* holders of Abuse Claims.

20.     By this Motion, the Debtors are also seeking the approval of noticing procedures for Traditional Notice Parties and special noticing procedures for *known* holders of Abuse Claims (the "Abuse Claims Notice Procedures" and together with the noticing procedures for Traditional Notice Parties, the "Notice Procedures").   "Known" holders of Abuse Claims include individuals who have provided sufficient contact information to the Debtors and for whom the Debtors have reasonably ascertainable records, and have (a) filed, or threatened to file, lawsuits against the Debtors alleging they were abused, (b) otherwise contacted the Debtors to report Abuse Claims, (c) entered into a settlement agreement with the Debtors stemming from allegations of abuse, or (d) received payment from the Debtors as a result of an allegation of abuse.   These parties will each be served an Abuse Claims Bar Date Notice and Abuse Proof of

Claim Form.  All known non-abuse creditors and parties in interest (*i.e.*, the Traditional Notice Parties) will receive the General Bar Date Notice and General Proof of Claim Form.[8]

21.    The Abuse Claims Notice Procedures set forth herein have been formulated to provide notice of certain critical papers, deadlines, and events in these chapter 11 cases to known holders of Abuse Claims and will facilitate the submission, confidentiality, and evaluation of Abuse Claims.  Among other things, as set forth below, these special procedures include a simpler Abuse Claims Bar Date Notice and customized Proof of Claim Form for holders of Abuse Claims.  The Abuse Claims Bar Date Notice is an abbreviated notice, written in plain English, which provides clear instructions for obtaining and submitting an Abuse Proof of Claim by the Abuse Claims Bar Date.  This customized notice will be more effective in providing the required notice of the Abuse Claims Bar Date, and may also result in substantial cost-savings to the Debtors' estates because of its shortened length.

22.    Given that Abuse Claims differ substantively and materially from other claims to be filed against the Debtors, the Debtors request that the Court approve a customized and confidential Abuse Proof of Claim Form for holders of Abuse Claims.  As part of the Abuse Claims Notice Procedures, the Debtors are also seeking approval of certain specialized confidentiality procedures for the submission and handling of Abuse Proofs of Claim and other sensitive proof of claim submissions (such as the claims of minors), which are described in greater detail herein.

---

[8] The Debtors will treat as a Traditional Notice Party any holder of an Abuse Claim that (a) has filed a notice of appearance in accordance with Local Rule 2002-1 or (b) is otherwise identified on the Debtors' schedules of assets and liabilities filed with the Court (the "Schedules") as having a claim against either of the Debtors, including contingent, unliquidated, or disputed claims (*i.e.*, litigation parties other than litigation related to Abuse Claims or parties otherwise known to be creditors of the Debtors), and such parties will receive actual notice of the Bar Dates and all other notices and pleadings served on Traditional Notice Parties in these chapter 11 cases.  For the avoidance of doubt, any such holder of an Abuse Claim shall nonetheless have until the Abuse Claims Bar Date to file an Abuse Proof of Claim; provided, however, that a holder of an Abuse Claim who also holds or asserts a claim other than an Abuse Claim must file a General Proof of Claim with respect to such non-Abuse Claim by the General Bar Date.

23.     The Notice Procedures were designed after lengthy and thorough consideration by the Debtors and their advisors,[9] and the Debtors submit that such procedures go above and beyond noticing requirements under the law and provide actual notice of the Bar Dates and other important deadlines and information to potential claimants.

<u>**PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM**</u>

**I.     Proposed Procedures for Filing General Proofs of Claim**

24.     The Debtors propose the following procedures for filing General Proofs of Claim (*i.e.*, proofs of claim to be filed against either of the Debtors by any person or entity **other than a holder of an Abuse Claim**):

(a)     Unless otherwise provided herein, the General Bar Date shall be **5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from the service of the General Bar Date Notice**.

(b)     Unless otherwise provided herein, the Governmental Bar Date shall be **August 17, 2020 at 5:00 p.m. (prevailing Eastern Time)**.

(c)     **<u>General Proofs of Claim</u>** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the General Proof of Claim Form annexed hereto as **<u>Exhibit C-1</u>** or Official Bankruptcy Form No. 410;[10] (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

---

[9] The Debtors, any official committee appointed in these chapter 11 cases to represent holders of Abuse Claims, and any proposed Future Claimants' Representative will continue to discuss the Proposed Order, Bar Date Notices, and Abuse Claims Notice Procedures, and may file revisions or modifications to such documents and procedures prior to the hearing date on this Motion.

[10] Official Bankruptcy Form No. 410 can be found at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0, the Official Website for the United States Bankruptcy Courts. A customized General Proof of Claim Form and the Abuse Proof of Claim Form can also be obtained on the website established in these chapter 11 cases, www.OfficialBSAClaims.com.

(d)     If a claimant asserts a claim against more than one Debtor or has claims against both Debtors, the claimant must file a separate General Proof of Claim against each Debtor.

(e)     General Proofs of Claim must be filed by delivering the original General Proof of Claim Form by hand, or mailing the original General Proof of Claim Form so that it is received by the claims and noticing agent, Omni Agent Solutions (the "<u>Claims and Noticing Agent</u>"),[11] on or before the General Bar Date as follows:

> **BSA Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(f)     A General Proof of Claim shall be deemed timely filed only if it is **<u>actually received</u>** by the Claims and Noticing Agent at the address listed above in subparagraph (e) on or before the General Bar Date or Governmental Bar Date.

(g)     General Proofs of Claim sent by email, facsimile, or telecopy transmission **<u>will not</u>** be accepted.

(h)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a General Proof of Claim based on such rejection by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection (which order may be the order confirming a chapter 11 plan in the Debtors' chapter 11 cases), or be forever barred from doing so.

(i)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a General Proof of Claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in paragraph (l) below applies.

(j)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Proposed Order, the Debtors shall give notice of any amendment or supplement to the holders of claims

---

[11] Concurrently herewith, the Debtors have filed an application requesting authority to retain Omni Agent Solutions as the Debtors' claims and noticing agent in these chapter 11 cases.

affected thereby, and such holders shall have until the later of (i) the General Bar Date and (ii) thirty (30) days from the date of such notice to file a General Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(k)     Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(l)     The following persons or entities are **not** required to file a General Proof of Claim on or before the General Bar Date, solely with respect to the claims described below:

(1)     any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)     any person or entity whose claim has been paid in full;

(3)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(4)     any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(5)     any holder of a claim for which a separate deadline has been fixed by this Court;

(6)     any person or entity (other than a holder of an Abuse Claim) who has already filed a Proof of Claim with the Claims and Noticing Agent against the Debtors with respect to the claim being asserted, utilizing a claim for that substantially conforms to the General Proof of Claim Form or Official Form No. 410; or

(7)     each Debtor in these chapter 11 cases having a claim against the other Debtor in these chapter 11 cases.

## II.    Proposed Procedures for Filing Abuse Proofs of Claim

### A.    Proposed Filing Procedures

25.    The Debtors propose the following procedures for filing Abuse Proofs of Claim

**by any person or entity that is a holder of an Abuse Claim**:

(a)    Unless otherwise provided herein, the Abuse Claims Bar Date shall be **5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from the service of the Abuse Claims Bar Date Notice**.

(b)    **Abuse Proofs of Claim** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Abuse Proof of Claim Form annexed hereto as **Exhibit C-2**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Abuse Proof of Claim Form; and (v) be signed by the holder of the Abuse Claim.

(c)    Abuse Proofs of Claim must be filed by delivering the original Abuse Proof of Claim Form by hand, or mailing the original Abuse Proof of Claim Form on or before the Abuse Claims Bar Date as follows:

> **BSA Abuse Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(d)    An Abuse Proof of Claim shall be deemed timely received only if it is **actually received by** the Claims and Noticing Agent at the address listed above in subparagraph (c) on or before the Abuse Claims Bar Date.

(e)    Abuse Proofs of Claim sent by email, facsimile, and telecopy transmission **will not** be accepted.

(f)    **Any holder of an Abuse Claim who believes that she or he has an Abuse Claim, including but not limited to holders of Abuse Claims who have previously filed lawsuits or asserted claims against the Debtors, holders of Abuse Claims who have called the Scouts First Hotline or otherwise reported a claim of abuse, and holders of Abuse Claims who have never filed a lawsuit, asserted a claim against the Debtors, entered into a settlement, or reported their abuse, must submit the applicable Abuse Proof of Claim Form. For the avoidance of doubt, even if the Abuse Claim is time-barred under an applicable statute of limitations, each holder of an Abuse Claim is required to file**

**an Abuse Proof of Claim in order to preserve the right to pursue an Abuse Claim in the event of a change in the applicable statute of limitations, or shall be forever barred from doing so.** Any holder of an Abuse Claim must file the applicable Abuse Proof of Claim Form even if such claimant may be included in, or represented by, another action filed against the Debtors with respect to such claimant's Abuse Claim.

(g)     The following persons or entities are **not** required to file an Abuse Proof of Claim on or before the Abuse Claims Bar Date, solely with respect to the claims described below:

(1)     Any person or entity that is not a holder of an Abuse Claim;

(2)     Any holder of an Abuse Claim whose claim has been paid in full; **provided, however, that this subsection does not include holders of Abuse Claims who were paid pursuant to settlement agreements but who believe they have additional claims against the Debtors beyond what was agreed to in the applicable settlement agreement.**

(3)     any holder of an Abuse Claim who holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Abuse Claims Bar Date;

26.     For the avoidance of doubt, the foregoing procedures shall apply to all Abuse Claims <u>only</u>, and, unless otherwise subject to one of the exceptions set forth above, each holder of an Abuse Claim shall be required to file an Abuse Proof of Claim Form by the Abuse Claims Bar Date, including any holder of an Abuse Claim (i) that may otherwise be included in, or represented by, a lawsuit or action filed against the Debtors, and (ii) **even if an Abuse Claim is time-barred under an applicable statute of limitations, in order to preserve the right to pursue an Abuse Claim in the event of a change in the applicable statute of limitations, or such holder shall be forever barred from doing so**.

### B.     Proposed Confidentiality Procedures

27.     Given that Abuse Claims differ substantively and materially from other claims filed against the Debtors, the Debtors are requesting that this Court approve a modified Abuse Proof of Claim Form for holders of Abuse Claims.  Due to the nature of the information being

requested in the Abuse Proof of Claim Form, the Debtors are seeking approval of the following

confidentiality protocol (the "Confidentiality Protocol").  The Confidentiality Protocol will also

apply to General Proofs of Claim submitted by minors through their parents or legal guardians,

as applicable.  For the avoidance of doubt, nothing in the proposed Confidentiality Protocol set

forth below shall preclude the Debtors from discharging any obligations to report child abuse

under state or federal law.

> (a)     Holders of Abuse Claims are directed **not** to file an Abuse Proof of Claim
> with the Court.  Instead and as described above, the Abuse Proof of Claim
> must be mailed and delivered to the Claims and Noticing Agent at the
> address described in paragraph 25(c) above.

> (b)     Minors and their parents and legal guardians holding non-Abuse Claims
> are directed **not** to file a General Proof of Claim with the Court.  Instead
> and as described above, the General Proof of Claim must be mailed and
> delivered to the Claims and Noticing Agent at the address described in
> paragraph 24(e) above.

> (c)     Submitted Abuse Proofs of Claim will not be available to the general
> public unless a holder designates otherwise on the Abuse Proof of Claim
> Form.  Submitted General Proofs of Claim of minors will not be available
> to the general public.  The Confidentiality Protocol is for the benefit of
> such holders.  Holders of Abuse Claims may, solely in their discretion,
> elect to make public the information contained in their submitted Abuse
> Proofs of Claim.

> (d)     Abuse Proofs of Claim submitted by holders of Abuse Claims and General
> Proofs of Claim submitted on behalf of minors shall be held and treated as
> confidential by the Claims and Noticing Agent, the Debtors, the Debtors'
> counsel and retained advisors, and any of parties listed below (the
> "Permitted Parties") to the extent such Permitted Party requests access to
> the Abuse Proof of Claim Form.  Furthermore, each Permitted Party shall
> execute and return to the Debtors' counsel (with a copy to any official
> committee that may be appointed in these chapter 11 cases to represent
> holders of Abuse Claims) a confidentiality agreement substantially in the
> form attached hereto as **Exhibit D** (the "Confidentiality Agreement") by
> which such Permitted Party agrees to keep the information provided in the
> Abuse Proofs of Claim confidential.

(e)    The Permitted Parties include:[12]

    (1)    counsel and advisors to the Debtors retained pursuant to an Order of this Court;

    (2)    officers, directors, and employees of the Debtors necessary to assist the Debtors and their counsel in reviewing and analyzing the Abuse Claims;

    (3)    the Claims and Noticing Agent;

    (4)    counsel for any official committee appointed by this Court to represent holders of Abuse Claims;

    (5)    the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

    (6)    insurance companies (including their successors) that provided insurance related to the claims described in the Abuse Proofs of Claim, including authorized claims administrators of such insurance companies and their reinsurers and counsel;

    (7)    any Future Claimants' Representative;

    (8)    any special arbitrator, mediator, or claims reviewer appointed to review and resolve Abuse Claims;

    (9)    any trustee, or functional equivalent thereof, appointed to administer payments to holders of Abuse Claims;

    (10)    any person with the express written consent of the Debtors and any official committee appointed by this Court to represent holders of Abuse Claims upon seven (7) business days' notice to holders of Abuse Claims; and

    (11)    such other persons as the Court determines should have the information in order to evaluate Abuse Claims or the claims of minors upon seven (7) business days' notice to such holders.

---

[12] With the exception of any counsel and/or advisor the Debtors retain pursuant to Orders of this Court, counsel to any official committee appointed to represent holders of Abuse Claims, the U.S. Trustee's attorneys, counsel to any appointed Future Claimants' Representative, and the Claims and Noticing Agent, each Permitted Party receiving access to the Abuse Proofs of Claim or the General Proofs of Claim of minors (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

28.     As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the applicable Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Accordingly, the Debtors request that any holder of a claim against either of the Debtors that is required to file a Proof of Claim in accordance with the Proposed Order, but fails to do so on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of distribution in these chapter 11 cases on account of such claim.  Such claim will, for the avoidance of doubt, remain subject to discharge under the Debtors' Plan, and the holder thereof shall be subject to all applicable releases, injunctions, and other terms of the Plan.

## NOTICE OF THE BAR DATES

### I.      General Bar Date Notice

29.     Pursuant to Bankruptcy Rule 2002(a)(7) and to provide sufficient notice to all parties in interest of the Bar Dates (**other than holders of Abuse Claims as to which procedures are described below**), the Debtors propose to serve via first-class mail (i) a General Proof of Claim Form and (ii) the General Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-1**, at least **eighty (80) days** prior to the General Bar Date to the following parties:

(a)     the U.S. Trustee;

(b)     all parties listed on the creditor matrix;

(c)     all creditors and other known holders of claims against the Debtors as of the date of entry of the Proposed Order, including all entities listed on the Schedules as holding claims against the Debtors, but excluding holders of Abuse Claims;

(d)    all persons or entities that have filed General Proofs of Claim as of the date of entry of the Proposed Order;

(e)    all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of the Proposed Order;

(f)    all parties to pending litigation against the Debtors that is unrelated to Abuse Claims;

(g)    all current and former employees, directors, and officers (to the extent that contact information for former employees, director, and officers is available in the Debtors' records);

(h)    all regulatory authorities that regulate the Debtors' organization as of the date of entry of this Proposed Order;

(i)    the Offices of the United States Attorney for the District of Delaware and the Northern District of Texas;

(j)    the office of the attorney general for each state in which the Debtors maintain or conduct operations;

(k)    the District Director of the Internal Revenue Service for the District of Delaware;

(l)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct organizational operations;

(m)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order; and

(n)    such additional persons and entities deemed appropriate by the Debtors.

30.    Further, the Debtors shall post the General Proof of Claim Form and the General Bar Date Notice on the website established by the Claims and Noticing Agent for the Debtors' chapter 11 cases: www.OfficialBSAClaims.com.

31.    The General Bar Date Notice (i) sets forth the Bar Dates; (ii) advises creditors under what circumstances they must file a General Proof of Claim; (iii) alerts creditors to the consequences of failing to file a timely General Proof of Claim; (iv) sets forth the address to which General Proofs of Claim must be sent for filing; and (v) notifies creditors that (a) General Proofs of Claim must be filed with original signatures, and (b) facsimile, telecopy, or electronic

mail submission of General Proofs of Claim are not acceptable and are not valid for any purpose. Service of the General Bar Date Notice shall be substantially completed within seven (7) business days after entry of the Proposed Order. The Debtors submit that the General Bar Date Notice and the noticing procedures described above will provide creditors with sufficient information to file properly prepared and executed General Proofs of Claim in a timely manner.

## II.    Abuse Claims Bar Date Notice

32.    As set forth above, the Debtors will supplement this Motion with the Supplemental Notice Plan, which will provide special procedures with respect to unknown holders of Abuse Claims. The procedures described below are only intended to address *known* holders of Abuse Claims: individuals who have provided sufficient contact information to the Debtors and for whom the Debtors have reasonably ascertainable records, and have (a) filed, or threatened to file, lawsuits against the Debtors alleging they were abused, (b) otherwise contacted the Debtors to report Abuse Claims, (c) entered into a settlement agreement with the Debtors stemming from allegations of abuse, or (d) received payment from the Debtors as a result of an allegation of abuse.

33.    Pursuant to Bankruptcy Rule 2002(a)(7) and to provide sufficient notice of the Abuse Claims Bar Date to all known Holders of Abuse Claims, the Debtors propose to serve via first-class mail (i) the Abuse Claims Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-2**, and (ii) an Abuse Proof of Claim Form, at least **eighty (80) days** prior to the Abuse Claims Bar Date. Further, the Debtors shall post the Abuse Proof of Claim Form and the Abuse Claims Bar Date Notice on the Claims and Noticing Agent's website. The Abuse Claims Bar Date Notice and the Abuse Proof of Claim Form will be mailed to each known holder of an Abuse Claim and to any counsel appointed to represent an official committee of holders of Abuse Claims. Similar notice will be sent by first class mail to any holder of an Abuse Claim

that has filed a Proof of Claim on or prior to the entry of a Proposed Order at the address listed in such Proof of Claim.[13]

34.      The Abuse Claims Bar Date Notice is a more streamlined form of Bar Date Notice that has been specifically designed and tailored for holders of Abuse Claims.  The Abuse Claims Bar Date Notice (i) sets forth the nature of the claims against the Debtors; (ii) advises holders of Abuse Claims of their obligation to file an Abuse Proof of Claim with the Debtors in accordance with the Confidentiality Protocol; (iii) alerts holders of Abuse Claims to the consequences of failing to file a timely Abuse Proof of Claim; and (iv) sets forth the address to which Abuse Proofs of Claim must be sent for filing.  Service of the Abuse Claims Bar Date Notice on all known holders of Abuse Claims shall be substantially completed within seven (7) business days after entry of the Proposed Order.  The Debtors submit that the Abuse Claims Bar Date Notice and the noticing procedures described therein will provide such holders with sufficient notice and information to file properly prepared and executed Abuse Proofs of Claim in a timely manner.

### PROOF OF CLAIM FORMS

35.      With the assistance of the Claims and Noticing Agent, the Debtors have prepared the General Proof of Claim Form and the Abuse Proof of Claim Form, substantially in the forms annexed hereto as **Exhibits C-1** and **C-2**, respectively, which substantially conform to Official Form 410, but have been tailored to these chapter 11 cases.  The substantive modifications to Official Form 410 proposed by the Debtors for the General Proof of Claim include: (a) indicating how the Debtors have identified each creditor's respective claim, including, if available, the amount of the claim and whether the claim has been listed as contingent, unliquidated, or

---

[13] Notice and any materials certifying service of notice will be made in accordance with the Notice and Confidentiality Procedures Motion, filed concurrently herewith.

disputed; and (b) adding certain instructions, including that the General Proof of Claim Form should not be used to assert an Abuse Claim. The General Proof of Claim may be further customized by the Debtors (to the extent possible) to contain certain information about the creditor and the Debtor against which the creditor may have a claim.

36.     Additionally, given that the Abuse Claims substantively differ from other types of claims that may be filed against the Debtors, the Debtors are requesting that the Court approve a modified Abuse Proof of Claim Form for such claims. The Abuse Proof of Claim Form requests important information relating to the Abuse Claims in accordance with the Confidentiality Protocol discussed above, which will assist the Debtors and parties in interest in evaluating and resolving the Abuse Claims. A gating issue in these chapter 11 cases is the magnitude of the Debtors' liability with respect to Abuse Claims to be addressed in a plan of reorganization. As such, the information being requested in the Abuse Proof of Claim Forms is critical to assessing the Debtors' aggregate liability, both overall and for different categories of claims. The Debtors believe that obtaining this information will be essential to moving forward on a path of resolution in these chapter 11 cases, whether the aggregate amount of liability relating to the Abuse Claims is established consensually, as the Debtors continue to work toward, or otherwise. The information being requested has been tailored and organized in a streamlined manner so that providing the same will not impose an undue burden on any holder of an Abuse Claim.

37.     In accordance with the Confidentiality Protocol, in light of the sensitive nature of certain of the injuries and damages likely to be asserted in connection with the Abuse Claims, the Debtors are requesting that the submitted Abuse Proofs of Claim and any supporting documentation not be made available to the general public unless a holder of an Abuse Claim designates otherwise on the Abuse Proof of Claim. As discussed above, copies of the Abuse

Proofs of Claim may be made available to certain Permitted Parties in accordance with the Confidentiality Protocol. Accordingly, the Debtors submit that the Proof of Claim Forms substantially conform to Official Form 410 and should be approved.

## BASIS FOR RELIEF

**I.    The Proposed Bar Dates and Procedures Are Reasonably Calculated to Provide Due and Proper Notice.**

38.    Bankruptcy Rule 2002(a)(7) requires a debtor to provide at least twenty-one (21) days' notice of the time fixed for filing Proofs of Claim. To satisfy the requirements of due process, notice of the Bar Dates must be reasonably calculated to apprise interested persons of the deadlines for filing Proofs of Claim. See Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the debtor. See Fogel v. Zell, 221 F.3d 955, 963 (7th Cir. 2000) (citing In re Chicago, Milwaukee, St. Paul & Pacific R. Co., 974 F.2d 775, 788 (7th Cir. 1992)).

39.    When a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. See, e.g., Zell, 221 F.3d at 963 (noting that, if a creditor's "name and address are reasonably ascertainable, he is entitled to have [bar date] information sent directly to him"); In re Grand Pier Center LLC v. ATC Group Servs., Inc., Case Nos. 03-C-7767, 05-C-1156, 2007 WL 2973829, at *5 (N.D. Ill. Oct. 9, 2007) ("for a known or 'reasonably ascertainable' creditor, means reasonably calculated to provide actual notice (such as notice by mail) are typically required" (quoting Tulsa Prof'l Collections Servs., Inc. v. Pope, 485 U.S. 478, 490 (1988))).

40.    Pursuant to the Proposed Order, the Debtors will be providing at least **eighty (80) days' notice** of the Bar Dates. With respect to both the General Bar Date Notice and Abuse Claims Bar Date Notice, the Claims and Noticing Agent will have seven (7) business days from

the date of entry of the Proposed Order to complete the mailing of the Bar Date Notices to known claimants. Accordingly, the Debtors submit that the proposed Bar Dates and all Notice Procedures related thereto provide sufficient notice and time for all parties in interest, including holders of Abuse Claims, to assert their claims.

41. Further, because the proposed Notice Procedures will provide notice to all known claimants by mail and will provide notice to unknown claimants via the forthcoming Supplemental Notice Plan, the Debtors submit that the proposed Notice Procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these chapter 11 cases and are consistent with due process. The Debtors' proposed eighty (80) day notice period is consistent with the notice periods provided to claimants in other mass tort cases. See, e.g., In re Purdue Pharma L.P., Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2020) (approving approximately 134 day notice period for personal injury claimants asserting opioid-related claims); In re PG&E Corp., Case No. 19-30088 (DM) (Bankr. N.D. Cal. July 1, 2019) [Docket No. 2806] (approving initial bar date notice period of 95 days for personal injury and other claims resulting from wildfires); In re USA Gymnastics, Case No. 18-09108-RLM-11 (Bankr. S.D. Ind. Feb. 25, 2019) [Docket No. 301] (approving 60 day bar date notice period for survivors asserting sexual abuse claims); In re TK Holdings, Inc., Case No. 17-11375 (BLS) (Bankr. D. Del. Oct. 4, 2017) [Docket No. 959] (approving 79 day bar date notice period for individuals asserting personal injury and other claims resulting from defective airbag inflators).

42. The Claims and Noticing Agent will also post the Proof of Claims Forms, along with instructions for filing Proofs of Claim, on the case website, www.OfficialBSAClaims.com. The Bar Date Notices will also provide that the Debtors' Schedules may be accessed through the

same website or by contacting the Claims and Noticing Agent at the applicable toll-free phone number or email address, as set forth in the Bar Date Notices.

43.     After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known to the Debtors.  Under these and any analogous circumstances, the Debtors request that the Court permit these supplemental mailings of the Bar Date Notices and Proof of Claim Forms at any time up to 21 days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors.

## II.    The Proposed Procedures for Submitting Proofs of Claim Should Be Approved.

44.     The Debtors have worked to design claims procedures that provide full notice and clear instructions to claimants and also allow these chapter 11 cases to move forward quickly with minimal administrative expense and delay.

45.     The proposed procedures provide easily understandable instructions for submitting Proofs of Claim.  These procedures will help claimants file clear and correct Proofs of Claim, which will avoid unnecessary expense and delay in the claims reconciliation process, to the benefit of all parties in interest.  For example, the proposed Proof of Claim Forms provide useful information to scheduled creditors regarding how their claims are reflected in the Schedules, streamlining the claims analysis process.  Indeed, the Debtors believe that using personalized Proof of Claim Forms will result in a claims reconciliation process that is less burdensome, costly, and time-consuming, which enhances recoveries for all creditors.

46.     In addition, the Debtors submit that the proposed Abuse Proof of Claim Form is appropriate under the circumstances of these cases.  It is well established that the Court has the authority to authorize the modification of Official Bankruptcy Forms.  See In re A.H. Robins Co., 862 F.2d 1092 (4th Cir. 1988); In re Eagle-Picher Indus., Inc., 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993).   While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and necessary alterations to the Official Forms:

> the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate.  Forms may be combined and their contents rearranged to permit economies in their use.  The Director of the Administrative Office of the United States Courts may issue additional forms under the Code.  The forms shall be construed to be consistent with these rules and the Code.

Fed. R. Bankr. P. 9009.

47.     Similar forms have been approved in cases involving the assertion of claims arising from sexual abuse.   See, e.g., In re USA Gymnastics, Case No. 18-09108-RLM-11 (Bankr. S.D. Ind. Feb. 25, 2019) [Docket No. 301]; In re Roman Catholic Bishop of Great Falls Montana, Case No. 17-60271-JDP (Bankr. Mont. Apr. 27, 2017) [Docket No. 121]; In re Roman Catholic Church of the Diocese of Gallup, New Mexico, Case No. 13-13676-T11 (Bankr. N.M. Apr. 11, 2014) [Docket No. 218]; In re Christian Bros.' Institute, Case No. 11-22820 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2012) [Docket No. 244]; In re Catholic Diocese of Wilmington, Inc., Case No. 09-13560 (Bankr. D. Del. Feb. 1, 2010) [Docket No. 308].

48.     Given that the Debtors and certain other parties in interest require additional and differing information to assess the Abuse Claims that is not set forth in Official Form 410, the Debtors seek the Court's approval of the proposed Abuse Proof of Claim Form.

49.    The Confidentiality Protocol is also necessary and appropriate under the circumstances of these chapter 11 cases.  The Debtors are sensitive to the issues that may arise for an abuse victim or a representative of a minor asserting a claim against the Debtors' estates.  No abuse victim should have to choose between filing a claim and keeping the circumstances of his or her experiences confidential.  The Debtors are focused on allocating and distributing proceeds to abuse victims holding allowed claims as fully and equitably as possible, and so encourage all abuse victims to come forward with their Abuse Claims.  Similarly, the Debtors seek to respect the privacy of minors who may be involved in litigation with the Debtors.  To that end, the Debtors request the approval of the Confidentiality Protocol set forth herein.

## **RESERVATION OF RIGHTS**

50.    Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or the Proposed Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## **NOTICE**

51.    Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis, other than abuse-related claims; (iv) counsel to JPMorgan Chase Bank, N.A.; (v) the County Commission of Fayette County (West Virginia), as issuer of those certain

Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (vi) representatives of the prepetition ad hoc committee of local councils; (vii) counsel to the prepetition Future Claimants' Representative; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims; (ix) the United States Attorney's Office for the District of Delaware; (x) the Internal Revenue Service; (xi) the United States Department of Justice; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 18, 2020
   Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
   aremming@mnat.com
   jbarsalona@mnat.com
   emoats@mnat.com
   ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
James F. Conlan (*pro hac vice* pending)
Thomas A. Labuda (*pro hac vice* pending)
Michael C. Andolina (*pro hac vice* pending)
Matthew E. Linder (*pro hac vice* pending)
Blair M. Warner (*pro hac vice* pending)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  jconlan@sidley.com
   tlabuda@sidley.com
   mandolina@sidley.com
   mlinder@sidley.com
   blair.warner@sidley.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION