## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (___)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. __** |

## ORDER, PURSUANT TO 11 U.S.C. § 502(b)(9), BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1, (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE VICTIMS, AND (IV) APPROVING CONFIDENTIALITY PROCEDURES FOR ABUSE VICTIMS

Upon the motion (the "<u>Motion</u>")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (i) establishing deadlines within which General Proofs of Claim and Abuse Proofs of Claim against the Debtors' estates are to be filed, (ii) approving the proposed procedures for filing General Proofs of Claim and Abuse Proofs of Claim, including special procedures allowing for holders of Abuse Claims to file confidential Abuse Proofs of Claim, (iii) approving the proposed procedures for notice of the bar dates, including the form of Bar Date Notices, (iv) approving the General Proof of Claim Form and the Abuse Proof of Claim Form, (v) approving the forms of supplemental notice and procedures for providing notice to unknown holders of Abuse Claims

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

and other unknown creditors and parties in interest, and (vi) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The following procedures for filing General Proofs of Claim are approved:

   (a)      Unless otherwise provided herein, the General Bar Date shall be **5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from service of the General Bar Date Notice**.

   (b)      Unless otherwise provided herein, the Governmental Bar Date shall be **August 17, 2020 at 5:00 p.m. (prevailing Eastern Time)**.

(c)     **General Proofs of Claim** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the General Proof of Claim Form annexed to the Motion as **Exhibit C-1** or Official Bankruptcy Form No. 410; (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d)     If a claimant asserts a claim against more than one Debtor or has claims against both Debtors, the claimant must file a separate General Proof of Claim against each Debtor.

(e)     General Proofs of Claim must be filed by delivering the original General Proof of Claim Form by hand, or mailing the original General Proof of Claim Form so that it is received by the Claims and Noticing Agent on or before the General Bar Date as follows:

> **BSA Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(f)     A General Proof of Claim shall be deemed timely filed only if it is **actually received** by the Claims and Noticing Agent at the address listed above in subparagraph (e) on or before the General Bar Date or Governmental Bar Date.

(g)     General Proofs of Claim sent by email, facsimile, or telecopy transmission **shall not** be accepted.

(h)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a General Proof of Claim based on such rejection by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' chapter 11 cases) or be forever barred from doing so.

(i)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract

or unexpired lease (other than a rejection damages claim) must file a General Proof of Claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in paragraph (l) below applies.

(j)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Proposed Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the General Bar Date and (ii) thirty (30) days from the date of such notice to file a General Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(k)     Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(l)     The following persons or entities are **not** required to file a General Proof of Claim on or before the General Bar Date, solely with respect to the claims described below:

(1)     any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)     any person or entity whose claim has been paid in full;

(3)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(4)     any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(5)     any holder of a claim for which a separate deadline has been fixed by this Court;

(6)     any person or entity (other than a holder of an Abuse Claim) who has already filed a Proof of Claim with the Claims and Noticing Agent against the Debtors with respect to the claim being asserted, utilizing a claim for that substantially conforms to the General Proof of Claim Form or Official Form No. 410; or

(7)      each Debtor in these chapter 11 cases having a claim against the other Debtor in these chapter 11 cases.

3.      The following procedures for filing an Abuse Proof of Claim are approved:

(a)      Unless otherwise provided herein, the Abuse Claims Bar Date shall be the **5:00 p.m. (prevailing Eastern Time) on the date that is eighty (80) days from service of the Abuse Claims Bar Date Notice**.

(b)      **Abuse Proofs of Claim** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Abuse Proof of Claim Form annexed to the Motion as **Exhibit C-2**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Abuse Proof of Claim Form; and (v) be signed by the holder of the Abuse Claim.

(c)      Abuse Proofs of Claim must be filed either (i) electronically through the Electronic Filing System or (ii) by delivering the original Abuse Proof of Claim Form by hand, or mailing the original Abuse Proof of Claim Form on or before the Abuse Claims Bar Date as follows:

> **BSA Abuse Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(d)      An Abuse Proof of Claim shall be deemed timely received only if it is **actually received by** the Claims and Noticing Agent at the address listed above in subparagraph (c) on or before the Abuse Claims Bar Date.

(e)      Abuse Proofs of Claim sent by email, facsimile, or telecopy transmission **shall not** be accepted.

(f)      **Any holder of an Abuse Claim who believes that she or he has an Abuse Claim, including but not limited to holders of Abuse Claims who have previously filed lawsuits or asserted claims against the Debtors, holders of Abuse Claims who have called the Scouts First Hotline or otherwise reported a claim of abuse, and holders of Abuse Claims who have never filed a lawsuit, asserted a claim against the Debtors, entered into a settlement, or reported their abuse, must submit the applicable Abuse Proof of Claim Form. For the avoidance of doubt, even if the Abuse Claim is time-barred under an applicable statute of limitations, each holder of an Abuse Claim is required to file an Abuse Proof of Claim in order to preserve the right to pursue an Abuse Claim in the event of a change in the applicable statute of**

**limitations, or shall be forever barred from doing so.** Any holder of an Abuse Claim must file the applicable Abuse Proof of Claim Form even if such claimant may be included in, or represented by, another action filed against the Debtors with respect to such claimant's Abuse Claim.

(g)    The following persons or entities are **not** required to file an Abuse Proof of Claim on or before the Abuse Claims Bar Date, solely with respect to the claims described below:

(1)    Any person or entity that is not a holder of an Abuse Claim;

(2)    Any holder of an Abuse Claim whose claim has been paid in full; **provided, however, that this subsection does not include holders of Abuse Claims who were paid pursuant to settlement agreements but who believe they have additional claims against the Debtors beyond what was agreed to in the applicable settlement agreement;**

(3)    any holder of an Abuse Claim who holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Abuse Claims Bar Date.

4.    For the avoidance of doubt, the foregoing procedures shall apply to all holders of Abuse Claims <u>only</u>, and, unless otherwise subject to one of the exceptions set forth above, each holder of an Abuse Claim shall be required to file an Abuse Proof of Claim by the Abuse Claims Bar Date, including any holder of an Abuse Claim (i) who may otherwise be included in, or represented by, a lawsuit or action filed against the Debtors, and (ii) **even if an Abuse Claim is time-barred under an applicable statute of limitations, in order to preserve the right to pursue an Abuse Claim in the event of a change in the applicable statute of limitations, or such holder shall be forever barred from doing so**.

5.    The following "Confidentiality Protocol" shall apply with respect to Proofs of Claim:

(a)    Holders of Abuse Claims are directed **not** to file an Abuse Proof of Claim with the Court. Instead and as described above, the Abuse Proof of Claim must be mailed and delivered to the Claims and Noticing Agent at the following address: **BSA Abuse Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**.

(b)     Minors and their parents and legal guardians holding non-Abuse Claims are directed **not** to file a General Proof of Claim with the Court.  Instead and as described above, the General Proof of Claim must be mailed and delivered to the Claims and Noticing Agent at the following address: **BSA Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**.

(c)     Submitted Abuse Proofs of Claim will not be available to the general public unless the holder designates otherwise on the Abuse Proof of Claim Form.  Submitted General Proofs of Claim related to minors will not be available to the general public.  The Confidentiality Protocol is for the benefit of such holders.  Holders of Abuse Claims may, solely in their discretion, elect to make public the information contained in their submitted Abuse Proofs of Claim.

(d)     Abuse Proofs of Claim submitted by holders of Abuse Claims and General Proofs of Claim submitted on behalf of minors shall be held and treated as confidential by the Claims and Noticing Agent, the Debtors, the Debtors' counsel and retained advisors, and any of parties listed below (the "Permitted Parties") to the extent such Permitted Party requests access to the Abuse Proof of Claim Form.  Furthermore, each Permitted Party shall execute and return to the Debtors' counsel (with a copy to any official committee that may be appointed in these chapter 11 cases to represent holders of Abuse Claims) a confidentiality agreement substantially in the form attached to the Motion as **Exhibit D** (the "Confidentiality Agreement") by which such Permitted Party agrees to keep the information provided in the Abuse Proofs of Claim confidential.

(e)     The Permitted Parties include:[3]

        (1)     counsel and advisors to the Debtors retained pursuant to an Order of this Court;

        (2)     officers, directors, and employees of the Debtors necessary to assist the Debtors and their counsel in reviewing and analyzing the Abuse Claims;

        (3)     the Claims and Noticing Agent;

        (4)     counsel for any official committee appointed by this Court to represent holders of Abuse Claims;

---

[3] With the exception of counsel and advisors the Debtors retains pursuant to Orders of this Court, counsel to any official committee appointed to represent holders of Abuse Claims, the U.S. Trustee's attorneys, counsel to any appointed Future Claimants' Representative, and the Claims and Noticing Agent, each Permitted Party receiving access to the Abuse Proofs of Claim or the General Proofs of Claim of minors (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

(5)     the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

(6)     insurance companies (including their successors) that provided insurance related to the claims described in the Abuse Proofs of Claim, including authorized claims administrators of such insurance companies and their reinsurers and counsel;

(7)     any Future Claimants' Representative;

(8)     any special arbitrator, mediator, or claims reviewer appointed to review and resolve Abuse Claims;

(9)     any trustee, or functional equivalent thereof, appointed to administer payments to holders of Abuse Claims;

(10)    any person with the express written consent of the Debtors and any official committee appointed by this Court to represent holders of Abuse Claims upon seven (7) business days' notice to holders of Abuse Claims; and

(11)    such other persons as the Court determines should have the information in order to evaluate Abuse Claims or the claims of minors upon seven (7) business days' notice to such holders.

6.      For the avoidance of doubt, nothing in this Order precludes the Debtors from discharging any obligations to report child abuse under state or federal law.

7.      For the purpose of determining whether an individual should submit a General Proof of Claim or an Abuse Proof of Claim, "Abuse" is defined as sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault and/or battery, rape, pedophilia, ephebophilia, sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or interactions of a sexual nature, including the use of photography, video, or digital media, or other physical abuse or bullying without regard to whether such physical abuse or bullying is of a sexual nature, between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each

instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult.

8.     Any holder of a claim against the Debtors, including any holder of an Abuse Claim, who is required to file a General Proof of Claim or Abuse Proof of Claim in accordance with this Order, but fails to do so on or before the applicable Bar Date, shall not be permitted to vote to accept or reject the Plan filed in these chapter 11 cases or receive further notices regarding such claim.

9.     The General Bar Date Notice, the Abuse Claims Bar Date Notice, and the Abuse Claims Publication Notice, attached to the Motion as **Exhibits B-1**, **B-2**, and **B-3**, respectively, are hereby approved.

10.     The following procedures are hereby approved with respect to the General Bar Date Notice:

(a)     At least **eight (80) days** prior to the General Bar Date, the Debtors shall cause to be mailed (i) a General Proof of Claim Form and (ii) the General Bar Date Notice to the following parties:

(1)     the U.S. Trustee;

(2)     all parties listed on the creditor matrix;

(3)     all creditors and other known holders of claims against the Debtors as of the date of entry of this Order, including all entities listed on the Schedules as holding claims against the Debtors, but excluding holders of Abuse Claims;

(4)     all persons or entities that have filed General Proofs of Claim as of the date of entry of the Proposed Order;

(5)     all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of the Proposed Order;

(6)     all parties to pending litigation against the Debtors that is unrelated to Abuse Claims;

(7)    all current and former employees, directors, and officers (to the extent that contact information for former employees, director, and officers is available in the Debtors' records);

(8)    all regulatory authorities that regulate the Debtors' organization as of the date of entry of this Proposed Order;

(9)    the Offices of the United States Attorney for the District of Delaware and the Northern District of Texas;

(10)    the office of the attorney general for each state in which the Debtors maintain or conduct operations;

(11)    the District Director of the Internal Revenue Service for the District of Delaware;

(12)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct organizational operations;

(13)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order; and

(14)    such additional persons and entities deemed appropriate by the Debtors.

(b)    The Debtors shall also post the General Proof of Claim Form and the General Bar Date Notice on the website established by the Claims and Noticing Agent, www.OfficialBSAClaims.com.

11.    The Debtors are hereby ordered to, via the Claims and Noticing Agent, serve via first-class mail (i) the Abuse Claims Bar Date Notice, substantially in the form annexed to the Motion as **Exhibit B-2**, and (ii) an Abuse Proof of Claim Form, at least **eighty (80) days** prior to the Abuse Claims Bar Date to each known holder of an Abuse Claim, including, without limitation, any holder of an Abuse Claim that has filed a Proof of Claim on or prior to the entry of a Proposed Order at the address listed in such Proof of Claim.

12.    The Debtors shall also serve the Abuse Claims Bar Date Notice and Abuse Proof of Claim Form on any attorneys appointed to represent an official committee of holders of Abuse Claims.

13.    Further, the Debtors shall post the Abuse Proof of Claim Form and the Abuse Claims Bar Date Notice on the Claims and Noticing Agent's website, www.OfficialBSAClaims.com.

14.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

15.    The Debtors shall use commercially reasonable efforts to publish the Abuse Claims Publication Notice, in substantially the form attached to the Motion as **Exhibit B-3** (allowing reasonable time for administrative and logistical issues), with any necessary modifications for ease of publication.

16.    The Abuse Claims Notice Procedures, including the Supplemental Notice Plan and the Abuse Claims Publication Notice, are reasonably calculated to provide notice to unknown creditors, including holders of Abuse Claims, of the Bar Dates and the other matters described therein, and are hereby approved and no other or further notice shall be required.  The Court finds and concludes that identities and contact information of holders of Abuse Claims other than known Holders of Abuse Claims, as described in the Motion, are not reasonably ascertainable and that such parties therefore are unknown creditors with respect to any claims they may have against the Debtors' estates, for whom notice by publication pursuant to Bankruptcy Rule 2002(l) is appropriate and sufficient.

17.    The Court further finds and concludes that publication of the Abuse Claims Publication Notice as provided in this Order will itself constitute adequate notice of the Abuse Claims Bar Date and other matters described therein on all unknown creditors, without regard to the additional elements of the Supplemental Notice Plan.

18.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

19.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtors or be forever barred from doing so.

20.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2020          _____
                                          UNITED STATES BANKRUPTCY JUDGE