**Exhibit B-1**

**Form of General Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (___)<br><br>(Jointly Administered) |

**TO ALL ENTITIES WITH CLAIMS AGAINST THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC:**

**NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM**

**NOTICE IS HEREBY GIVEN** as follows:

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an Order (the "Bar Date Order")         establishing **[●] at 5:00 p.m. (prevailing Eastern Time)** the ("General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including any (i) any holder of an Abuse Claim (as defined herein) and (ii) governmental units (as defined in section 101(27) of the chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")) to file a proof of claim against any of the above-listed debtors (collectively, the "Debtors").[2]

The Bar Dates (as defined below) and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to February 18, 2020 (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code, including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, but not holders of the claims listed in Section V below that specifically are excluded from the General Bar Date and Governmental Bar Date (as defined below) filing requirement.  Governmental units may have until **August 17, 2020 at 5:00 p.m. (Eastern Time)** (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") to file proofs of claim against the Debtors.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion, Pursuant to § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [Docket No. [●]].

**The procedures described in this Notice shall not apply to holders of Abuse Claims asserting Abuse Claims. Such holders should consult the *Notice of Deadlines Requiring Filing of Abuse Proofs of Claims*. An abuse victim asserting a claim other than an Abuse Claim must file a separate proof of claim as set forth in the Bar Date Order and this Notice.**

**I.     WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if (i) you have a claim that arose prior to the Petition Date and (ii) it is not one of the types of claims described in Section IV below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**II.     WHAT TO FILE**

The Debtors are enclosing a proof of claim form (the "<u>General Proof of Claim Form</u>") for use in these cases; if your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "<u>Schedules</u>"), the proof of claim form also sets forth the amount of your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different proof of claim form for each claim listed in your name on the Schedules. You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms may be obtained at (i) the website established by the Debtors' Court-approved claims and noticing agent, Omni Agent Solutions (the "<u>Claims and Noticing Agent</u>"), located at www.OfficialBSAClaims.com, or (ii) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

| **Proofs of Claim must:** | √ Be signed by the claimant<br>√ Be written in English<br>√ Be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date)<br>√ Set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Proof of Claim Form, and attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or |

|  | explanation as to why the documents are not available |
|---|---|

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each Debtor. Any holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's bankruptcy case. The Debtors are set forth on the first page of this Notice. Any holder of a claim must sign the claim or, if the claimant is not an individual, an authorized agent must sign the claim.

### III.    WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be **received on or before [●], 2020 at 5:00 p.m. (prevailing Eastern Time) BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY, TO:**

> **BSA Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

Proofs of claim will be deemed filed only when received at the address listed above on or before the applicable Bar Dates. **Proofs of claim may not be delivered by email, facsimile, or telecopy transmission or via an electronic filing system or filing with the Bankruptcy Court.**

### IV.    CONFIDENTIALITY PROTOCOL GOVERNING SUBMISSION OF PROOFS OF CLAIMS OF MINORS:

The Bar Date Order provides that a Confidentiality Protocol shall govern the submission of certain of the Proofs of Claim:

Minors and their parents and legal guardians holding non-Abuse Claims are directed **not** to file a General Proof of Claim with the Court. Instead and as described above, the General Proof of Claim must be mailed and delivered to the Claims and Noticing Agent at the following address:

> **BSA Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

### V.    WHO NEED NOT FILE A PROOF OF CLAIM

You do **not** need to file a proof of claim on or prior to the applicable Bar Dates if you are:

(1)    any person who holds a prepetition abuse claim, which includes any liquidated or unliquidated Claim that is attributable to, arises from, is based upon, relates to, or

      results from, in whole or in part, directly, indirectly, or derivatively, sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault and/or battery, rape, pedophilia, ephebophilia, sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or interactions of a sexual nature, including the use of photography, video, or digital media, or other physical abuse or bullying without regard to whether such physical abuse or bullying is of a sexual nature, between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult that occurred prior to the Petition Date (each, an "<u>Abuse Claim</u>");

(2)    any person or entity whose claim is listed on the Schedules; <u>provided</u> that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(3)    any person or entity whose claim has been paid in full;

(4)    any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(5)    any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the applicable Bar Date;

(6)    any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(7)    any person or entity (other than a holder of an Abuse Claim) who has already filed a Proof of Claim with the Claims and Noticing Agent against the Debtors with respect to the claim being asserted, utilizing a claim for that substantially conforms to the General Proof of Claim Form or Official Form No. 410; or

(8)    each Debtor in these chapter 11 cases having a claim against the other Debtor in these chapter 11 cases.

    This Notice may be sent to persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  **The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors**.

**VI.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising out of the rejection of an executory contract or unexpired lease you must file a proof of claim based on such rejection within thirty (30) days after the later of (i) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (ii) the effective date of such rejection, or (iii) the effective date of a plan of reorganization, or be forever barred from doing so; <u>provided</u>, <u>however</u>, that a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a proof of claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in Section V above applies.

**VII.   CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION V ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**VIII.  THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed proof of claim form will reflect the net amount of your claim(s).

If you rely on the Debtors' Schedules and/or the enclosed proof of claim form(s), it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Dates, in accordance with the procedures set forth in this Notice.

In the event that the Debtors amend or supplement their Schedules subsequent to the entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to

the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a proof of claim or be barred from doing so and shall be given notice of such deadline.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (i) the website established by Omni Agent Solutions, the claims and noticing agent for the Debtors' cases, at www.OfficialBSAClaims.com at no charge and (ii) on the Court's website at http://www.deb.uscourts.gov/. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.

Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 4:00 p.m., Prevailing Eastern Time, Monday through Friday at the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies of the Debtors' Schedules also may be obtained by request to the Claims and Noticing Agent.

**A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

If you need additional information about the Bar Dates, proofs of claim forms, filing proofs of claim or other information about the Debtors' chapter 11 cases, you can contact the Claims and Noticing Agent by:

**Calling (toll-free): 866-907-BSA1**
**Emailing:         BSAInquiries@omniagnt.com**
**Visiting:         www.OfficialBSAClaims.com**

**You may obtain information, but not legal advice, from the Claims and Noticing Agent. You should consult an attorney if you have any questions, including if you should file a proof of claim.**

Dated: _____, 2020     **BY ORDER OF THE COURT**
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ _____
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9314
Email: dabbott@mnat.com
 aremming@mnat.com
 jbarsalona@mnat.com
 emoats@mnat.com
 ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
James F. Conlan
Thomas A. Labuda
Michael C. Andolina
Matthew E. Linder
Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Email: jconlan@sidley.com
 tlabuda@sidley.com
 mandolina@sidley.com
 mlinder@sidley.com
 blair.warner@sidley.com

SIDLEY AUSTIN LLP
Jessica C. K. Boelter
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Email: jboelter@sidley.com

COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION