**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (___)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

### ORDER SCHEDULING CERTAIN DEADLINES IN CONNECTION WITH THE DEBTORS' IDENTIFIED PROPERTY

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order") scheduling the commencement of an adversary proceeding and certain related deadlines in connection with potential disputes regarding whether certain identified property (the "Identified Property") is subject to enforceable restrictions under applicable law and/or is otherwise unavailable to satisfy creditor claims (the "Property Dispute"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and, if necessary, having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The relief requested in the Motion is hereby GRANTED as set forth herein.

2.  Upon the entry of a protective order and subject to execution of a confidentiality agreement regarding the information in the Debtors' Data Room, the Debtors shall provide any Complainant who is a signatory to the confidentiality agreement access to the Data Room.

3.  A Complainant shall, within fourteen (14) days of their formation or appointment, file initial information requests that are non-duplicative of the information available in the Data Room.

4.  A Complainant shall, on or before thirty (30) days after the entry of this Order, file a complaint (the "Complaint") in this court commencing an adversary proceeding (the "Identified Property Adversary Proceeding") seeking a declaratory judgment on whether the Identified Property is available for creditor recoveries.

5.  Any answer ("Answer") to the Complaint shall be filed within thirty (30) days of the filing of the Complaint.

6. The Debtors and the Complainant in the Identified Property Adversary Proceeding shall meet and confer no later than fourteen (14) days after the filing of the Answer in order to discuss and attempt to reach agreement regarding the subsequent scheduling for filing any motions for summary judgment, discovery, witnesses and/or other pre-trial scheduling.

7. The parties shall file a stipulation regarding the appointment of a mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding by no later than ninety (90) days after the Answer or other responsive pleading to the complaint is filed.

8. A status conference on the Identified Property Adversary Proceeding shall be held on _____, 2020; which date shall be no later than one hundred twenty (120) days after the filing of the Petition Date.

9. For the avoidance of doubt, nothing in the Motion or in this Order shall be interpreted or construed as a finding of fact or conclusion of law as to any property rights or interests in any of the Identified Property, such issue being beyond the scope of the relief requested in the Motion.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE