IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 9 |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED LIST OF COUNSEL REPRESENTING THE LARGEST NUMBERS OF ABUSE VICTIMS AND (B) A CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS OF THE DEBTORS, (II) AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES, (III) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF COMMENCEMENT, AND (IV) GRANTING RELATED RELIEF

Upon the motion ("Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), for entry of an order (this "Interim Order") (i) authorizing the Debtors to file (a) the Top Plaintiffs' Counsel List and (b) the Unsecured Creditors List, in lieu of a list of holders of the twenty (20) largest unsecured claims for each Debtor, (ii) authorizing and approving special noticing and confidentiality procedures to protect the identities of victims of abuse, minors, employees, and volunteers, (iii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"); and upon consideration of the First Day

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2. The Final Hearing on the Motion shall be held on March 24, 2020 at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order (the "Final Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on March 17, 2020 (the "Objection Deadline") and served on the following parties: (i) the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P. McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois

60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.      The Debtors are authorized to file, in lieu of filing a list of the individual holders of the twenty (20) largest unsecured claims for each Debtor: (a) a single consolidated list of the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors (the "Top Plaintiffs' Counsel List"); and (b) a single consolidated list of the creditors holding the thirty (30) largest unsecured claims against the Debtors other than Abuse Claims (the "Unsecured Creditors List").

3

4.      For purposes of the Top Plaintiffs' Counsel List and the Unsecured Creditors List, the Debtors are authorized to: (a) list the contact information of counsel of record for the holders of Abuse Claims and for minors, in lieu of the personal contact information of such holders of Abuse Claims and minors, (b) redact the names of and personal contact information for any minors and their parents or legal guardians, as applicable, and (c) redact the personal contact information of any current and former employees.

5.      To protect the identities of abuse victims, minors, employees, volunteers, and other applicable parties in interest, the following "Confidentiality Procedures" are hereby approved:

> (a) the Debtors shall file on the docket of these chapter 11 cases a copy of the Creditor Matrix, and any amended Creditor Matrices:
>
>> (i) redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against either of the Debtors, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor. In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against either of the Debtors, shall be redacted; and
>>
>> (ii) redacting personal contact information for any current or former employee or volunteer of the Debtors.
>
> (b) the Debtors shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in these chapter 11 cases under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in these cases. For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the

4

"Distribution Parties");

(c) all documents filed in these chapter 11 cases, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) of this Interim Order;

(d) the Debtors shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of these chapter 11 cases that has been redacted in accordance with these Confidentiality Procedures; and

(e) the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtors in accordance with subparagraphs (b) or (d) of this Interim Order.

6. Notwithstanding anything herein to the contrary, the Debtors shall, through the Claims and Noticing Agent, serve the Notice of Commencement upon the parties listed on the Creditor Matrix, including, without limitation, (i) holders of Abuse Claims for whom the Debtors obtained sufficient contact information within the three years immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtors on account of Abuse Claims; (b) otherwise contacted the Debtors to report Abuse Claims; (c) entered into any settlement agreement with the Debtors relating to an Abuse Claim; or (d) received any payment from the Debtors relating to an Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.

7. The Debtors shall, through the Claims and Noticing Agent, send required notices, mailings and other communications to (i) holders of Abuse Claims for whom the Debtors obtained sufficient contact information within the three years immediately preceding the Petition Date or following the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtors on account of Abuse Claims; (b) otherwise contacted the Debtors to report Abuse Claims; (c) entered into any settlement agreement with the Debtors relating to an Abuse Claim;

or (d) received any payment from the Debtors relating to an Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.

8. Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once in the national editions of the *Wall Street Journal*, *USA Today*, and the *New York Times*, (b) post the Notice of Commencement on the Case Website (www.omniagentsolutions.com/bsa) established by the Claims and Noticing Agent, and (c) cause the information contained in the Notice of Commencement to be emailed to employees and volunteers of the BSA and registered Scouting participants maintained in their electronic databases.

9. The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved in their entirety.

10. The relief requested herein is authorized subject to and until such relief is heard at the Final Hearing.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: Feb. 19, 2020
Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

6