**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 11** |

**ORDER APPOINTING OMNI AGENT SOLUTIONS AS CLAIMS AND**
**NOTICING AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Section 156(c) Application")[2] of the Boy Scouts of America

and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this

"Order"), pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy

Rule 2002, and Local Rule 2002-1(f), appointing Omni Agent Solutions ("Omni") as the Claims

and Noticing Agent in the Debtors' chapter 11 cases, effective *nunc pro tunc* to the Petition Date,

to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain,

docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and

(c) provide such other administrative services as required by the Debtors that would fall within

the purview of services to be provided by the Clerk's office; and upon consideration of the

Deutch Declaration and the First Day Declaration; and this Court being satisfied that Omni has

the capability and experience to provide such services and that Omni does not hold an interest

adverse to the Debtors or their estates respecting the matters upon which it is to be engaged; and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Section 156(c) Application.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this matter being a core proceeding within the meaning of 28

U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under

Article III of the United States Constitution; and venue of this proceeding and the Section 156(c)

Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that the Debtors' notice of the Section 156(c) Application and opportunity for a

hearing on the Section 156(c) Application were appropriate under the circumstances and no other

notice need be provided; and all objections, if any, to the Section 156(c) Application having been

withdrawn, resolved or overruled; and upon the affidavit of Paul H. Deutch submitted in support

of the Application; and the Debtors having estimated that there are in excess of 200 creditors in

these cases, many of which are expected to file proofs of claim, and it appearing that the

receiving, docketing and maintaining of proofs of claim would be unduly time consuming and

burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at

the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases

and to receive, docket, maintain, photocopy and transmit proofs of claim; and the relief requested

in the Section 156(c) Application being in the best interests of the Debtors' estates, their

creditors and other parties in interest; and this Court having determined that the legal and factual

bases set forth in the Section 156(c) Application establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED

THAT:

　　　1.　　　The relief requested in the Section 156(c) Application is GRANTED as set forth

herein.

2.       Notwithstanding the terms of the Retention Agreement attached to the Section

156(c) Application, the Section 156(c) Application is granted solely as set forth in this Order;

provided, however, that the limitation of liability provisions in the Retention Agreement shall not

apply during the chapter 11 cases.

3.       Pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code,

Bankruptcy Rule 2002, and Local Rule 2002-1(f), the Debtors are authorized to retain Omni as

Claims and Noticing Agent in these chapter 11 cases, effective *nunc pro tunc* to the Petition

Date, under the terms of the Retention Agreement, and Omni is authorized and directed to

perform the Claims and Noticing Services and to receive, maintain, record, and otherwise

administer the proofs of claim filed in these chapter 11 cases, and perform all related tasks as set

forth in the Section 156(c) Application.

4.       Omni shall serve as the custodian of court records and shall be designated as the

authorized repository for all proofs of claim filed in these chapter 11 cases, and is authorized and

directed to maintain the official Claims Register for the Debtors, to provide public access to

every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a

certified duplicate thereof upon request of the Clerk.

5.       Omni is authorized and directed to obtain a post office box or address for the

receipt of proofs of claim.

6.       Omni is authorized to take such other actions as required to comply with all duties

set forth in the Section 156(c) Application and this Order.

7.       Omni shall comply with all requests of the Clerk and the guidelines promulgated

by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8.      Without further order of this Court, the Debtors are authorized to compensate Omni in accordance with the terms and conditions of the Retention Agreement upon receipt of reasonably detailed monthly invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9.      Omni shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel to JPMorgan Chase Bank National Association, counsel for any statutory committee, and any party in interest that specifically requests service of the monthly invoices.

10.      The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Retention Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

11.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, Omni's fees and expenses incurred in connection with the Claims and Noticing Services shall be an administrative expense of the Debtors' chapter 11 estates.

12.      Omni may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original amount of $50,000.  Omni may thereafter further apply the retainer, at its discretion, to the payment of the final invoice from Omni under and pursuant to the Retention Agreement (the "Final Invoice"), or to any other invoice from Omni pursuant to the Retention

Agreement, and which retainer shall, except with respect to the Final Invoice, be replenished to

the original amount of $50,000 upon notice from Omni to the Debtor of its application.

13.     The Debtors are authorized to indemnify Omni under the terms of the Retention

Agreement, subject to the following modifications:

(a)     Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Retention Agreement for services other than the Claims and Noticing Services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

(b)     Notwithstanding anything to the contrary in the Retention Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified; and

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including without limitation the advancement of defense costs, Omni must file an application therefor in this Court, and the Debtors may not pay any such amounts to Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

14.     In the event Omni is unable to provide the Claims and Noticing Services, Omni shall immediately notify the Clerk and the Debtors' counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

15.     The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for services that are to be performed by Omni but are not specifically authorized by this Order.

16.     Omni shall not cease providing Claims and Noticing Services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court authorizing Omni to do so; provided that Omni may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the U.S. Trustee, and any official committee of creditors appointed, if any, in these cases by facsimile or overnight delivery; provided, further, that except as expressly provided herein, the Debtors and Omni may otherwise terminate or suspend other services as provided under the Retention Agreement.

17.     Notice of the Section 156(c) Application shall be deemed good and sufficient notice of such Section 156(c) Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

18.     In the event of any inconsistency between the Retention Agreement, the Section 156(c) Application, and this Order, this Order shall govern.

19.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

20.     The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Section 156(c) Application.

21.     Notwithstanding anything to the contrary in the Retention Agreement, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: February 19th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**