IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Joint Administration Requested)<br><br>**Ref. Docket No. 8** |

## INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) MAINTAIN AND ADMINISTER PREPETITION CUSTOMER, SCOUT, AND DONOR PROGRAMS AND PRACTICES AND (B) PAY AND HONOR RELATED PREPETITION OBLIGATIONS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), for entry of an interim order (this "Interim Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) maintain and administer customer, Scout, and donor programs and practices, and (b) pay and otherwise honor related prepetition obligations, and (ii) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion being proper

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2. The Final Hearing on the Motion shall be held on March 24, 2020 at 10:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order (the "Final Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on March 17, 2020 (the "Objection Deadline"), and served on the following parties: (i) the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P. McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David L. Buchbinder and Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway

b

Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.     The Debtors are authorized to maintain and administer the Public Programs and pay or otherwise honor any Public Program Obligations and any third-party administrators' fees incurred in connection with the Public Programs, whether arising before, on or after the Petition Date, in the ordinary course and consistent with past practice, as necessary and appropriate in the Debtors' business judgment; provided, however, for the avoidance of doubt, this Interim Order does not authorize the Debtors to pay any obligations under the Gift Annuity Program on an interim basis. The Debtors shall pay Scholarships and Grants first from restricted funds dedicated to such Scholarships and Grants and then from any unrestricted funds.

4.     If the Debtors at any time during these chapter 11 cases cease to honor Gift Cards, the Debtors shall file a notice of the same with the Court, and serve such notice on the Office of

the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and any party that has requested notice pursuant to Bankruptcy Rule 2002.

5.  The Debtors are authorized to continue to operate under the Payment Processing Agreements. The Debtors are authorized to pay or reimburse the Payment Processors for the Processing Fees, whether such obligations arose prepetition or post-petition, and the Payment Processors are authorized to receive or obtain payment for such Processing Fees, as provided under, and in the manner set forth in, the Payment Processing Agreements, including, without limitation, by way of recoupment or setoff without further order of the Court. Any post-petition claim that a Payment Processor may have under the Payment Processing Agreements shall be entitled to, in addition to any other lien, collateral, or payment priority rights in support thereof, administrative expense priority status pursuant to Section 503(b) of the Bankruptcy Code.

6.  Each of the banks at which the Debtors maintain their accounts relating to payment of the obligations related to the Public Programs are authorized to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty of further inquiry.

7.  The Debtors are authorized to issue new post-petition checks, or to effect new electronic funds transfers, on account of the Public Program Obligations, and to replace any prepetition checks or electronic fund transfer requests that have been lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

5

8. Nothing contained in the Motion or Interim Order is intended or should be construed to create an administrative priority claim on account of any of the Public Programs.

9. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors. Any payment made pursuant to this Interim Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

11. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: Feb. 19, 2020
Wilmington, Delaware

JUDGE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE