## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 12** |

## INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING PROCEDURES FOR RESOLVING ADDITIONAL ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1, (i) determining that the Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (ii) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (iii) approving the Adequate Assurance Procedures for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not satisfied with the Proposed Adequate Assurance, and (iv) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012; and this matter being

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtor consents to the

entry of a final order by this Court under Article III of the United States Constitution; and venue

of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and

1409; and this Court having found that the relief requested in the Motion is in the best interests

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing before this Court (the "Hearing"); and all objections, if any, to the Motion having been

withdrawn, resolved or overruled; and the relief requested in the Motion being in the best

interests of the Debtors' estates, their creditors and other parties in interest; and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.     The relief requested in the Motion is GRANTED on an interim basis as set forth

herein.

2.     The Final Hearing on the Motion shall be held on March 24, 2020 at 10:30 a.m.,

prevailing Eastern Time. Any objections or responses to entry of a final order (the "Final

Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on

March 17, 2020 (the "Objection Deadline") and served on the following parties: (i) the Debtors,

Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P.

McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.    The Debtors shall cause a copy of the Motion and this Interim Order to be served on each Utility Provider listed on the Utility Service List no later than two business days after the date this Interim Order is entered.

4.      Except as the amount may be reduced by application of the provisions of this Interim Order, within twenty (20) days of the Petition Date, the Debtors will (a) establish a segregated account (the "Adequate Assurance Account") and (b) deposit an amount equal to $301,900.00 (the "Adequate Assurance Deposit"), which is equal to approximately one-half of the cost of the Debtors' average monthly Utility Services, calculated as the total historical average payments for the twelve-month period ending December 31, 2019, or the highest bill during the same period when data for the full period is unavailable, into such Adequate Assurance Account.  Any liens or other interests in any funds deposited into the Adequate Assurance Account shall be subordinate to the Utility Providers' respective interests in the Adequate Assurance Deposits.

5.      The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of their operations subject to the Adequate Assurance Procedures, constitutes adequate assurance of future payment as required by section 366 of the Bankruptcy Code and, absent compliance with the procedures set forth in this Interim Order, all Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of these chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance.

6.      Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List attached hereto.

7.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors, following notice to the applicable Utility Provider and the opportunity for such provider to object, on the earlier of (a) reconciliation and payment by

the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

8.    The following "Adequate Assurance Procedures" are hereby approved:

(a)    The Debtors will serve a copy of the Motion and this Interim Order granting the relief requested herein upon each Utility Provider listed on the Utility Service List within two (2) business days after entry of this Interim Order by the Court;

(b)    Subject to paragraphs (e)–(h) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $301,900.00, in the Adequate Assurance Account within twenty (20) days of the Petition Date.

(c)    Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List attached to this Interim Order as **Exhibit 1**.

(d)    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors, following notice to the applicable Utility Provider and the opportunity for such provider to object, on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

(e)    If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtors, the Utility Provider must serve a request for additional assurance (an "Additional Assurance Request") so that it is received by the following parties at the following addresses: (i) Boy Scouts of America, 1325 W. Walnut Hill Ln., Irving, Texas 75038 (Attn: Stephanie Phillips); (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Blair M. Warner); (iii) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Rose Avenue, Suite 3600, Dallas, Texas 75201 (Attn: Lou Strubeck); and (iv) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Notice Parties").

(f)    Any Additional Assurance Request must (i) be made in writing, (ii) identify the account number, the type of Utility Services, and the

location(s) for which such services are provided, and (iii) state the adequate assurance requested.

(g)   Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) prohibited from (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance and (B) requiring additional assurance of payment other than the Proposed Adequate Assurance.

(h)   The Debtors shall negotiate promptly with the Utility Provider to resolve the Additional Assurance Request. If the Debtors and the Utility Provider cannot promptly agree, the matter shall be set for the next regularly scheduled omnibus hearing in the chapter 11 cases.

(i)   The Debtors may, in their sole discretion and without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider if the Debtors determine that such Additional Assurance Request is reasonable, and may, in connection with any such agreement and in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, in each case, without further order of the Court.

(j)   Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; (iii) any objections filed in response to the Proposed Adequate Assurance; or (iv) the commencement of these chapter 11 cases.

9.   The Utility Providers are prohibited from requiring additional assurance of payment other than pursuant to the Adequate Assurance Procedures.

10.   Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (b) prohibited from (i) discontinuing, altering, or refusing service to, or discriminating against,

the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Proposed Adequate Assurance or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

11.     The Debtors are authorized to amend the Utility Service List attached as **Exhibit 1** to this Interim Order to add or delete any Utility Provider, and this Interim Order shall apply to any Utility Provider that is subsequently added to the Utility Service List.  Any such amended Utility Service List shall be filed with the Court.  For those Utility providers that are subsequently added to the Utility Service List, the Debtors shall serve a copy of the Motion and this Interim Order on such Utility Provider, along with an amended **Exhibit 1** that includes such Utility Provider, and shall deposit an amount equal to one half of the Debtors' approximate average monthly cost of utility services in the Adequate Assurance Account for the benefit of such Utility Provider.  Any Utility Provider subsequently added to the Utility Service List shall be bound by the Adequate Assurance Procedures and shall make an Additional Assurance Request in accordance with the Adequate Assurance Procedures.  For any Utility Provider that is subsequently removed from the Utility Service List, the Debtors request the authority to decrease the Adequate Assurance Deposit by an amount equal to one half of the Debtors' approximate average monthly cost of services from such removed Utility Provider, following notice to the applicable Utility Provider and the opportunity for such provider to object.

12.     The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Service List.

13.     Each of the banks and/or financial institutions at which the Debtors maintain their accounts relating to payment of the prepetition obligations approved herein is authorized, when

requested by the Debtors in the Debtors' discretion, to receive, process, honor, and pay all checks presented for payment and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such accounts. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or fund transfer requests are issued or authorized to be paid pursuant to this Interim Order (including, without limitation, the Debtors' representation that a request to reduce the Adequate Assurance Account is in accordance with this Interim Order) without any further inquiry and without liability for following the Debtors' instructions.

14. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

15. The inclusion of any entity on, or the omission of any entity from, the Utility Service List shall not be deemed an admission by the Debtors that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

16. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

8

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

18.    Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

19.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

20.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

21.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated:  Feb. 19 , 2020
Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Utility Service List**

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| AAF Hauling Inc. | 4694 El Llano Road Las Vegas, NM 87701 | | Waste Removal | | $4,889.12 |
| Advanced Disposal | 88005 Overseas Hwy Suite 10-189 Islamorada, FL 33036 | | Waste Removal | | $2,730.05* |
| Allstream Business US Inc. | 1201 Northeast Lloyd Blvd. Suite 750 Portland, OR 97232 | 725712 | Telecom | | $142.38 |
| AmeriGas | 413 Greenbrier Valley Mall Dr. Lewisburg, WV 24901 | 203346136 \| 202492995 \| 202356644 | Gas | | $5,095.53 |
| Appalachian Power | 1 Riverside Plaza Columbus, OH 43215-2372 | 020-088-902-0-0 \| 021-097-398-1-9 \| 023-769-738-3-6 \| 025-573-500-0-2 \| 029-112-995-1-5 \| 022-357-778-0-8 \| 022-527-262-1-7 | Electric | | $15,004.30 |
| Aspen Waste Systems, Inc. | 2951 Weeks Avenue S.E. Minneapolis, MN 55414 | 1-7362 4 | Waste Removal | | $94.50 |
| AT&T | 208 S. Akard Street Dallas, TX 75202 | 704 538-5322 440 3138 \| 831-000-4486 736 \| 831-000-5507 264 \| 8001-803-7863 \| 831-000-6654 065 \| 831-000-7585 561 \| 831-000-6415 985 \| 171-793-6304 449 \| 831-000-6408 \| 214 105-2247 558 7 \| 817 430-5139 578 5 \| 817 430-5300 600 0 \| 704-583-8220 220 3197 \| | Telecom | | $38,591.11 |
| AT&T Mobility | 208 S. Akard Street Dallas, TX 75202 | 287259217448 \| 999396002 | Mobility | | $14,366.63 |
| Cablevision Systems Corporation (Optimum) | 1111 Stewart AvenueBethpage, NY 11714-3581 | 07801-700191-01-3 | Telecom | | $83.84 |
| Centerpoint Energy | 1111 Louisiana Street Houston, TX 77002 | 5625007-9 | Electric | | $35.28 |
| CenturyLink | 1025 Eldorado Blvd. Broomfield, CO 80021 | 801-530-0004 304B \| 74551546 \| 74462785 \| 575-376-4621 286B \| 575-376-2398 572B \| 575-376-2180 855B \| 575-376-1005 160B \| 575-376-2323 647B \| 74551539 | Telecom | | $2,358.02* |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| City of Charlotte | Attn: Utility Department 600 East 4th Street Charlotte, NC 28202 | 20529-1455 \| 20529-83664 | Water / Sewer | | $670.51 |
| City of Irving - Utility Billing | 825 W. Irving Blvd. Irving, TX 75060 | 400178010001 \| 42811201001 | Water / Sewer | | $2,225.14 |
| City of Mount Hope - Water | 609 Main Street Mount Hope, WV 25880 | 3529 \| 2720 | Water | | $1,785.00* |
| Claro Puerto Rico | 1515 Franklin D Roosevelt Avenue Guaynabo, PR 00968 | 717165201 4 \| 717396313 8 | Telecom | | $132.28 |
| Consolidated Communications | 121 S. 17th Street Mattoon, IL 61938 | 936-441-4028/0 | Telecom | | $85.84 |
| County of Colfax | 230 North 3rd StreetRaton, NM 87740 | 53410 | Waste Removal | | $105.00* |
| Crosier's Sanitary Service Inc. | 19 Auction House Road Lansing, WV 25862 | 006236-000123 | Septic | | $87,182.75* |
| Dakota Electric Association | 4300 220th Street West Farmington, MN 55024-9583 | 2000002663862 | Electric | | $104.79 |
| Direct Communications Rockland | 150 S. Main St. Rockland, ID 83271 | 799010491 | Telecom | | $49.50 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Direct Energy Business, Inc. | 1001 Liberty Avenue Pittsburgh, PA 15222 | 1265834 | Electric | | $11,390.29 |
| Duke Energy | 526 S. Church St. Charlotte, NC 28202 | 0003615811 | Electric | | $4,401.49 |
| Earthlink (Windstream) | 1375 Peachtree St. Atlanta, GA 30309 | 0000000003825797 | Telecom | | $71.08 |
| Eversource | 247 Station Drive Westwood, MA 02090 | 1084 502 0063 | Gas | | $533.59* |
| Ferrellgas | Lighton Tower 7500 College Blvd. #1000 Overland Park, KS 66210 | 3001961 | Gas | | $2,675.16* |
| Florida Keys Aqueduct Authority | 1100 Kennedy Drive Key West, FL 33040-4021 | 506506-019661 \| 506506-044797 \| 506506-000591 \| 506506-206644 \| 506506-206645 \| 506506-206646 \| 506506-206643 | Water | $5,340.00 | $2,667.69* |
| Florida Keys Electric Cooperative | 91630 Overseas Hwy Tavernier, FL 33070 | 6111648010 \| 6115271000 \| 6115272000 \| 6115273000 \| 6115274000 \| 6115275601 \| 6115275802 \| 6115276010 \| 6115276301 \| 6116370011 \| 6116490010 \| 6116490900 \| 6116495010 \| 6116496011 \| 6116496100 \| 6116500210 \| 6116505010 \| 6116654010 \| 6116655010 | Electric | $5,911.74 | $1,800.05* |
| Frontier Communications | 401 Merritt 7 Norwalk, CT 06851 | 972-518-8033-062002-5 \| 972-550-9217-053102-5 \| 972-580-0141-062890-5 \| 972-580-0295-020201-5 \| 972-580-1301-062102-5 \| 972-580-8964-042702-5 \| 972-714-4796-072612-5 \| 972-756-9219-100208-5 \| 304-469-1077-042913-4 \| 218-365-4811-041174-2 | Telecom | | $1,722.92 |
| Getronics Pomeroy IT Solutions | 1020 Petersburg Road Hebron, KY 41048 | 20110 | Telecom | | $212.76 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Granite Telecommunications | 100 Newport Ave. Ext Quincy, MA 02171 | 1920343 \| 3571004 | Telecom | | $16,990.56 |
| Keys Energy Services | 1001 James StreetKey West, FL 33040 | 8734813-00 \| 8734814-00 | Electric | | $7,645.61* |
| Kit Carson Electric Cooperative | P.O. Box 578 118 Cruz Alta Street Taos, NM 87571 | 389633-001 \| 389633-002 | Electric | | $291.56 |
| Lake Country Power | 8535 Park Ridge Drive Mountain Iron, MN 55768-2059 | 8704323600 \| 142549801 \| 4723800 \| 3263700 \| 3858200 \| 956100 \| 1430209001 \| 142843301 \| 3597800 | Electric | | $2,210.02 |
| Level 3 Communications LLC | 1025 Eldorado Blvd. Broomfield, CO 80021 | 268821 \| 5-PILLXKS7 \| 5-WH27TLDG | Telecom | | $6,829.98 |
| Lumos Networks DBA Segra | 1 Lumos Plaza Waynesboro, VA 22980 | 174284059 | Telecom | | $1,537.26 |
| Mountaineer Gas Company | 2401 Sissonville Drive Charleston, WV 25387 | 513758-512005 \| 112621-512005 | Gas | | $238.36 |
| National Grid | 40 Sylvan Road Waltham, MA 02451 | 62982-20001 | Electric | | $363.14* |
| Northern New Mexico Gas | 19 Agua Road Angel Fire, NM 87710 | RANPHI \| RANCIM \| RANCHA | Gas | | $3,933.26 |
| Oak Hill Garbage Disposal Inc. | 1479 Stanford RoadBeckley, WV 25801 | 120188 \| 121310 \| 120107 \| 119918 \| 119872 \| 121434 \| 120223 | Waste Removal | | $8,131.03* |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Pacific Centrex (Datavo LLC) | 114 E. Haley Street Suite A Santa Barbara, CA 93101-2347 | 1000118 \| 1000119 | Telecom | | $68.35 |
| Piedmont Natural Gas Company | 4720 Piedmont Row Drive Charlotte, NC 28210 | 7000434495001 \| 7000434495005 \| 7000434495002 \| 9001577348001 | Gas | | $649.62 |
| Plyler Paper Stock Co Inc. | 800 Gesco Street Charlotte, NC 28208 | 2121 WESTINGHOUSE BL | Waste Removal | | $62.50 |
| Raleigh County Solid Waste | 200 Fernandez Drive Beckley, WV 25801 | 008120 | Waste Removal | | $7,258.26* |
| Republic Services, Inc. | 3358 Highway 51 N. Fort Mill, SC 29715 | 3-0742-2000026 | Waste Removal | | $15,613.31* |
| Shentel | 500 Shentel Way Edinburg, VA 22824 | 0000332712-001 \| 000039766 9-001 | Telecom | | $971.47 |
| Sierra Communications | 193 Board Street Bangor, ME 04401 | 2643 \| 4923 | Telecom | | $6,757.79* |
| Springer Electric Cooperative, Inc. | 408 Maxwell Ave. Springer, NM 87747 | 11156000 \| 11156014 | Electric | | $10,581.22 |
| Time Warner Cable | 4145 S. Falkenburg Rd.Riverview, FL 33578-8652 | 8260 13 034 0000838 | Telecom | | $120.86 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Tri-County Electric Cooperative Inc. | 600 N.W. Parkway Azle, TX 76020 | 30068001 | Electric | | $906.08 |
| Trophy Club Muds | 100 Municipal Drive Trophy Club, TX 76262-5420 | 021-1600040-101 | 021-1600041-101 | Water | | $168.06 |
| Verizon Wireless | 1095 Avenue of the Americas New York, NY 10013 | 580682886-00001 | 580682886-00003 | 580682886-00009 | Mobility | | $1,171.08 |
| Village of Cimarron | 356B E. 9th Street P.O. Box 654 Cimarron, NM 87714 | 5170.04 | 5190.02 | Water / Sewer | | $48.47 |
| Waste Connections Inc. | D/B/A: ACE Solid Waste, Inc. 6601 McKinley St. NW Ramsey, MN 55303-4302 | 3067229247 | Waste Removal | | $24.58 |
| Waste Management | 1001 Fannin Suite 4000 Houston, TX 77002 | 8-22083-63004 | 4-20820-92009 | 13-45303-52001 | Waste Removal | | $2,723.12* |
| West Virginia American Water | 1600 Pennsylvania Ave. Charleston, WV 25302 | 1028-220009271412 | 1028-220007751264 | Water | | $57.57 |
| White Oak Public Service District | 20 Old Farm Road Scarbro, WV 25917 | 1001366 | 1001292 | Waste Removal | | $32.33 |
| Windstream Communications Inc. | 4001 N. Rodney Parham Road,Little Rock, AR 72212-2442 | 10792786 | 061837111 | Telecom | | $168.14 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.

| Utility Provider | Address | Account Number(s) (if known) | Service(s) | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| WOW! Business | 1241 OG Skinner Dr. West Point, GA 31833-1789 | 2444940 | Telecom | | $28.12 |
| Xcel Energy | 414 Nicollet Mall Minneapolis, MN 55401 | 51-4525008-4 | Electric | | $210.46 |
| Zia Natural Gas Company | 100 Short Drive Ruidoso Downs, NM 88346 | 2300289-00 \| 2301491-00 \| 2300292-00 \| 2300291-00 \| 2300293-00 \| 2300485-01 \| 2300323-00 | Gas | | $4,886.35 |
| TOTAL | | | | $11,251.74 | $301,900.00 |

* Calculated using amount of the highest bill for the twelve-month period ended December 31, 2019 rather than the average monthly bill for such period.