IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 15** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION OBLIGATIONS UNDER SHARED SERVICES ARRANGEMENTS, (II) AUTHORIZING CONTINUED PERFORMANCE OF OBLIGATIONS UNDER INTERCOMPANY AND SHARED SERVICES ARRANGEMENTS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Interim Order"), pursuant to sections 105(a), 363(b), and 363(c) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to pay or cause to be paid certain prepetition obligations under the Shared Services Arrangements between the Debtors and the Local Councils and Related Non-Debtor Entities in the ordinary course, (ii) authorizing the Debtors to continue performing under the Shared Services Arrangements between the Debtors and the Local Councils and Related Non-Debtor Entities in the ordinary course, (iii) authorizing applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on and transfers made from the Debtors' accounts to the extent such checks or

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

transfers relate to any of the foregoing, and (iv) granting related relief; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2. The Final Hearing on the Motion shall be held on March 24, 2020 at 10:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order (the "Final Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on March 17, 2020 (the "Objection Deadline") and served on the following parties: (i) the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P.

McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3. During the period of time from entry of this Interim Order until the Final Hearing (the "Interim Period"), the Debtors are authorized to continue performing under any and all of the Shared Services Arrangements in the ordinary course of operations and on the terms set forth in the Motion and this Interim Order; provided, however, that nothing in this Interim Order shall

3

in any way prejudice (i) the ability of the Debtors' creditors and other parties in interest to analyze and raise objections to any aspects of the Shared Services Arrangements prior to the Final Hearing including, but not limited to, all payments made thereunder and the methodologies employed in calculating such payments or (ii) the Debtors' ability to contest such objections. In the event that the Local Councils and Related Non-Debtor Entities are provided with estate property by the Debtors to pay BSA entities or third parties in accordance with a Shared Services Arrangement, the Local Councils and Related Non-Debtor Entities are authorized to pay such entities as directed by the Debtors.

4. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of the Local Council Benefits Programs (either directly or to third parties for payment or remittance, as applicable) up to a maximum aggregate cap of $1,726,000 for all amounts authorized to be paid under this Interim Order with respect to the Local Council Benefits Programs. For the avoidance of doubt, the payment of Health Benefit Claims pursuant to the self-insured Health Insurance Plans shall be excluded from the cap.

5. Fidelity is authorized to (a) honor, pay, or otherwise satisfy any prepetition obligations arising on account of the 457(b) Plan to Local Council participants up to a maximum aggregate cap of $10,000 for all amounts authorized to be paid under this Interim Order and (b) maintain and continue to honor and pay, in their discretion, amounts with respect to the Local Council participants in the 457(b) Plan as such were in effect as of the Petition Date and as such may be modified or supplemented from time to time in the ordinary course.

6. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of the Local Council Scout Shops and Other Local Council

Disbursements up to a maximum aggregate cap of $370,000 for all amounts authorized to be paid under this Interim Order.

7. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of Learning for Life up to a maximum aggregate cap of $500 for all amounts authorized to be paid under this Interim Order.

8. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of the BSA Foundation up to a maximum aggregate cap of $500 for all amounts authorized to be paid under this Interim Order.

9. In accordance with this Interim Order and any other order of this Court, each of the financial institutions at which the Debtors or their non-debtor affiliates maintain their accounts relating to the payment of the obligations described in the Motion is directed to receive, process, honor, and pay any and all checks, drafts, wire transfers, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion.

10. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

11. The Debtors shall maintain accurate and detailed records of all transfers made under any of the Shared Services Arrangements, including those to all non-debtor affiliates, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

12. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claims held by, any party.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

14. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: Feb. 19, 2020
Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE