## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:  Boy Scouts of America, *et al.*                    Case No.   20-10343 (LSS)
               Debtor

### INITIAL MONTHLY OPERATING REPORT
**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection (Form IR-1)** | ✓ | ✓ |
| **Certificates of Insurance:** | | |
| Workers Compensation | ✓ | |
| Property | ✓ | |
| General Liability | ✓ | |
| Vehicle | ✓ | |
| Other:  *see attached* | ✓ | |
| Identify areas of self-insurance w/liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
| Tax Escrow Account | | ✓ |
| General Operating Account | | ✓ |
| Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | | ✓ |
| Other: | | |
| **Retainers Paid (Form IR-2)** | ✓ | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_____                    3/4/2020
Signature of Debtor                                                Date

_____                    _____
Signature of Joint Debtor                                        Date

_____                    _____
Signature of Authorized Individual*                         Date

_____                    _____
Print Name of Authorized Individual                       Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

In re:    **Boy Scouts of America, et al.**

|  |  |
|---|---|
| **Case No.** | **20-10343 (LSS)** |
| **Reporting Period:** | **IOR as of 3/4/2020** |

**CASH FLOW PROJECTION (FORM IR-1)**

Weekly Cash Collateral Budget as submitted in the Cash Collateral Motion (Docket #5) and
approved in the Interim Cash Collateral Order (Docket #90) included

In re:  **Boy Scouts of America, et al.**                                                                                                    Case No.   20-10343 (LSS)

**13 - Week Cash Flow Forecast**

Through  5/8/2020

($ in thousands)

| Week Ending | Actual Wk Ending 2/7/20 | Week 1 Forecast Wk Ending 2/14/20 | Week 2 Forecast Wk Ending 2/21/20 | Week 3 Forecast Wk Ending 2/28/20 | Week 4 Forecast Wk Ending 3/6/20 | Week 5 Forecast Wk Ending 3/13/20 | Week 6 Forecast Wk Ending 3/20/20 | Week 7 Forecast Wk Ending 3/27/20 | Week 8 Forecast Wk Ending 4/3/20 | Week 9 Forecast Wk Ending 4/10/20 | Week 10 Forecast Wk Ending 4/17/20 | Week 11 Forecast Wk Ending 4/24/20 | Week 12 Forecast Wk Ending 5/1/20 | Week 13 Forecast Wk Ending 5/8/20 | 13-Week Forecast |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Beginning Unrestricted Cash Balance - BSA** | $ 100,753 | $ 114,868 | $ 73,843 | $ 84,833 | $ 91,594 | $ 100,632 | $ 103,097 | $ 110,432 | $ 114,705 | $ 114,302 | $ 112,877 | $ 108,032 | $ 106,854 | $ 103,924 | $ 114,868 |
| **RECEIPTS** | | | | | | | | | | | | | | | |
| Total Operating Receipts | 22,089 | 10,577 | 12,679 | 15,610 | 12,946 | 11,356 | 12,619 | 11,095 | 6,975 | 6,360 | 7,373 | 7,078 | 7,678 | 5,259 | 127,605 |
| Transfers from Investments & Rest. Accounts, Net | 76 | 1,285 | - | 2,842 | - | - | - | 1,700 | 400 | - | - | 2,100 | - | - | 8,327 |
| Other Collections / Distributions | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Receipts** | 22,165 | 11,862 | 12,679 | 18,452 | 12,946 | 11,356 | 12,619 | 12,795 | 7,375 | 6,360 | 7,373 | 7,078 | 9,778 | 5,259 | 135,932 |
| **DISBURSEMENTS** | | | | | | | | | | | | | | | |
| Total Trade AP | (3,079) | (5,442) | (394) | (2,258) | (1,117) | (3,262) | (3,823) | (3,572) | (4,558) | (5,372) | (5,929) | (5,538) | (5,335) | (4,835) | (51,435) |
| Total Payroll and Benefits | (735) | (7,208) | (295) | (3,789) | (749) | (4,824) | (757) | (3,769) | (1,530) | (1,609) | (5,734) | (1,838) | (4,729) | (2,205) | (39,039) |
| Other Expenses | (1,000) | (935) | - | - | - | - | - | - | - | - | - | - | - | - | (935) |
| **Total Operating Disbursements** | (4,814) | (13,586) | (689) | (6,048) | (1,867) | (8,086) | (4,580) | (7,341) | (6,088) | (6,981) | (11,663) | (7,376) | (10,063) | (7,040) | (91,408) |
| **Net Operating Cash Flow** | 17,351 | (1,723) | 11,990 | 12,405 | 11,079 | 3,270 | 8,039 | 5,453 | 1,287 | (621) | (4,290) | (298) | (285) | (1,781) | 44,523 |
| **NON-OPERATING CASH FLOWS** | | | | | | | | | | | | | | | |
| GLIP [1] | (608) | (31,050) | - | (4,100) | (100) | (100) | (100) | (100) | (100) | (100) | (100) | (100) | (100) | (100) | (36,150) |
| Capex (BSA) | (596) | (69) | - | - | - | - | - | - | (165) | (205) | (205) | (205) | (269) | (528) | (1,644) |
| Capex (Summit) [2] | (100) | (19) | - | - | - | - | - | (425) | - | - | - | - | (1,275) | (425) | (2,144) |
| Interest and Principal | (1,003) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Restructuring Professionals (Pre-Filing) | (931) | (8,164) | - | - | - | - | - | - | - | - | - | - | - | - | (8,164) |
| Total Non-Operating Expenses | (3,237) | (39,301) | - | (4,100) | (100) | (100) | (100) | (100) | (690) | (305) | (305) | (305) | (1,644) | (1,053) | (48,102) |
| **BANKRUPTCY-RELATED DISBURSEMENTS** | | | | | | | | | | | | | | | |
| Restructuring Professionals (Post-Filing) | - | - | - | - | - | - | - | - | - | - | - | (325) | (250) | - | (575) |
| Adequate Protection Payments | - | - | - | - | (830) | - | - | - | (500) | - | - | - | (500) | - | (1,830) |
| Pre-Petition Vendor Payments | - | - | (1,000) | (1,544) | (1,112) | (704) | (605) | (1,080) | (500) | (500) | (250) | (250) | (250) | (250) | (8,043) |
| Total Bankruptcy Related Expenses | - | - | (1,000) | (1,544) | (1,942) | (704) | (605) | (1,080) | (1,000) | (500) | (250) | (575) | (1,000) | (250) | (10,448) |
| **Net Cash Flow Before Endowment Contributions** | 14,114 | (41,025) | 10,990 | 6,761 | 9,037 | 2,466 | 7,334 | 4,274 | (403) | (1,426) | (4,845) | (1,178) | (2,930) | (3,083) | (14,027) |
| Funding Sources (Endowment Contributions) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Ending Unrestricted Cash Balance - BSA** [3] | $ 114,868 | $ 73,843 | $ 84,833 | $ 91,594 | $ 100,632 | $ 103,097 | $ 110,432 | $ 114,705 | $ 114,302 | $ 112,877 | $ 108,032 | $ 106,854 | $ 103,924 | $ 100,841 | $ 100,841 |
| Estimated Unrestricted Endowment Balance [4] | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 | 53,804 |
| Estimated Unrestricted RBT Balance [4] | 65,283 | 65,283 | 65,283 | 65,196 | 65,196 | 65,196 | 65,196 | 65,196 | 65,250 | 65,250 | 65,250 | 65,250 | 65,305 | 65,305 | 65,305 |
| **Total Estimated Ending Unrestricted Liquidity - BSA** | 233,955 | 192,931 | 203,921 | 210,594 | 219,632 | 222,097 | 229,431 | 233,705 | 233,357 | 231,931 | 227,086 | 225,908 | 223,033 | 219,949 | 219,949 |

Footnotes:
(1)  GLIP disbursements include insurance renewal premium payments and related administrative expenses
(2)  Summit capital disbursements funded through restricted donations
(3)  Excludes approximately $63 million of cash, which is restricted for accounting purposes, in the L/C Cash Collateral Account that collateralizes a standby letter of credit.  Includes both cash and money market funds
(4)  Investment balances are updated monthly for investment income

In re:   **Boy Scouts of America, et al.**

**Case No.**    **20-10343 (LSS)**
**Reporting Period:**    **IOR as of 3/4/2020**

### CERTIFICATES OF INSURANCE

<u>**Certificates Attached:**</u>    1) Commercial General Liability
        Automobile Liability
        Excess Liability
        Workers Compensation
    2) Property
    3) Cyber Liability
    4) Fiduciary / Crime
    5) Multimedia



# CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 3/1/2020 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Laura Craig | | |
|---|---|---|---|
| Marsh & McLennan Agency LLC | PHONE (A/C, No, Ext): 972-770-1402 | | FAX (A/C, No): 972-770-1699 |
| 8144 Walnut Hill Lane, 16th Floor | E-MAIL ADDRESS: laura.craig@marshmma.com | | |
| Dallas TX 75231 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A: Evanston Insurance Company | | 35378 |
| INSURED                               BOYSCOUT5 | INSURER B: Hartford Fire Insurance Company | | 19682 |
| Boy Scouts of America | INSURER C: Trumbull Insurance Company | | 27120 |
| 1325 West Walnut Hill Lane | INSURER D: The Cincinnati Specialty Underwriters | | 13037 |
| Irving TX 75038-3096 | INSURER E: See Below for Excess Carriers | | |
| | INSURER F: | | |

## COVERAGES                CERTIFICATE NUMBER: 1655667543                REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | | | MKLV4PBC000980 | 3/1/2020 | 3/1/2021 | EACH OCCURRENCE | $ 1,000,000 |
| | ☐ CLAIMS-MADE  X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | X 1,000,000 | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ 10,000,000 |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | ☐ OTHER: | | | | | | | $ |
| B | AUTOMOBILE LIABILITY | | | 46ABS43302 | 3/1/2020 | 3/1/2021 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | X ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| E | UMBRELLA LIAB  X OCCUR | | | See Below | 3/1/2020 | 3/1/2021 | EACH OCCURRENCE | $ 135,000,000 |
| | X EXCESS LIAB  ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ 135,000,000 |
| | DED  X RETENTION $ 1,000,000 | | | | | | | |
| C | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY   Y/N | | | 46WNS43300 | 3/1/2020 | 3/1/2021 | X PER STATUTE ☐ OTHER | |
| | ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| D D | Products & Completed Ops Product Recall | | | CSU0067388 CSU0067384 | 3/1/2020 3/1/2020 | 3/1/2021 3/1/2021 | See below See below | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
*Excess Liability Program:

Policy Number: MKLV4EUL102595
Carrier: Evanston Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $6,500,000 each occurrence/$13,000,000 aggregate

Policy Number: BXS0960355801
See Attached...

| CERTIFICATE HOLDER | CANCELLATION 30 Day Notice of Cancellation |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| U.S. Department of Justice Office of the United States Trustee Attn: David Buchbinder and Hannah McCollumb 844 King St., Ste. 2207 Wilmington DE 19801 | AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)         The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: BOYSCOUT5

LOC #: _____

| ACORD® | ADDITIONAL REMARKS SCHEDULE | Page 1 of 2 |

| AGENCY | NAMED INSURED |
|---|---|
| Marsh & McLennan Agency LLC | Boy Scouts of America<br>1325 West Walnut Hill Lane<br>Irving TX 75038-3096 |
| **POLICY NUMBER** | |
| **CARRIER** | **NAIC CODE** |
| | **EFFECTIVE DATE:** |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,

FORM NUMBER: ___25___   FORM TITLE: CERTIFICATE OF LIABILITY INSURANCE

Carrier: Gemini Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $2,500,000 each occurrence/$2,500,000 aggregate

Policy Number: CEX0960005107
Carrier: Gemini Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $7,500,000
Excess of: $10,000,000

Policy Number: SXS004936803
Carrier: Indian Harbor Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $5,000,000 part of $10,000,000
Excess of: $17,500,000

Policy Number: 023627630
Carrier: Lexington Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $5,000,000 part of $10,000,000
Excess of: $17,500,000

Policy Number: CEX0960005207
Carrier: Gemini Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $10,000,000
Excess of: $27,500,000

Policy Number: UXP102797701
Carrier: Arch Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $3,000,000 part of $10,000,000
Excess of: $37,500,000

Policy Number: G71497094002
Carrier: Westchester Surplus Lines Insurance Co
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $5,000,000 part of $10,000,000
Excess of: $37,500,000

Policy Number: 27307557
Carrier: Mercer Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $2,000,000 part of $10,000,000
Excess of: $37,500,000

Policy Number: 03053351
Carrier:  Allied World Assurance Co (U.S.) Inc.
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $5,000,000
Excess of: $47,500,000

Policy Number: CEX0960016607
Carrier: Gemini Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $10,000,000 part of $25,000,000
Excess of: $52,500,000

Policy Number:  AR4460619
Carrier: Colony Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $15,000,000 part of $25,000,000
Excess of: $52,500,000

Policy Number: EXC10004584706
Carrier: Endurance American Specialty Ins Co
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $10,000,000

© 2008 ACORD CORPORATION.  All rights reserved.<br>The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: BOYSCOUT5

LOC #: _____

| ACORD® | ADDITIONAL REMARKS SCHEDULE | Page 2 of 2 |
|---|---|---|

**AGENCY**
Marsh & McLennan Agency LLC

**POLICY NUMBER**

**CARRIER**

**NAIC CODE**

**NAMED INSURED**
Boy Scouts of America
1325 West Walnut Hill Lane
Irving TX 75038-3096

**EFFECTIVE DATE:**

**ADDITIONAL REMARKS**

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,**

**FORM NUMBER:** 25    **FORM TITLE:** CERTIFICATE OF LIABILITY INSURANCE

Excess of: $77,500,000

Policy Number: CEX0960410300
Carrier: Gemini Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $27,500,000
Excess of: $87,500,000

Policy Number: 100032394702
Carrier: Liberty Insurance Corporation
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $20,000,000
Excess of: $115,000,000

**Other:

Products/Completed Operatons Liability
Policy Number: CSU0067384
Carrier: The Cincinnati Specialty Underwriters
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $2,000,000 aggregate / $1,000,000 occurrence
Deductible $15,000

Products Recall
Policy Number: CSU0067384
Carrier: The Cincinnati Specialty Underwriters
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $250,000
Deductible $25,000

© 2008 ACORD CORPORATION.  All rights reserved.
The ACORD name and logo are registered marks of ACORD

**ACORD®**

# EVIDENCE OF PROPERTY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 3/1/2020 |

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| AGENCY | PHONE (A/C, No, Ext): 972-770-1600 | COMPANY |
|---|---|---|
| Marsh & McLennan Agency LLC<br>8144 Walnut Hill Lane, 16th Floor<br>Dallas, TX 75231 | | See below |

| FAX (A/C, No): 972-770-1699 | E-MAIL ADDRESS: |
|---|---|

| CODE: | SUB CODE: |
|---|---|

| AGENCY CUSTOMER ID #: | |
|---|---|

| INSURED | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| Boy Scouts of America<br>1325 West Walnut Hill Lane<br>Irving, TX 75038-3096 | | See Below |

| EFFECTIVE DATE | EXPIRATION DATE | CONTINUED UNTIL TERMINATED IF CHECKED |
|---|---|---|
| 03/01/2020 | 03/01/2021 | |

THIS REPLACES PRIOR EVIDENCE DATED:

## PROPERTY INFORMATION

**LOCATION/DESCRIPTION**
Total Insured Values: $419,613,865

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| *Property Program total limits (individual policy limits below) | $70,000,000 | $100,000 |
| **Deductible Buyback (individual policy information below) | | |
| ***Equipment Breakdown (individual policy limits below) | $100,000,000 | $25,000 |

## REMARKS (Including Special Conditions)

*Property Policies:

Policy Number: 012116595
Carrier: Lexington Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $5,000,000 part of $10,000,000 Primary

Policy Number: SLSTPTY11265120
See Attached...

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | MORTGAGEE | ADDITIONAL INSURED |
|---|---|---|
| | LOSS PAYEE | |
| | LOAN # | |
| U.S. Department of Justice<br>Office of the United States Trustee<br>Attn: David Buchbinder and Hannah McCollumb<br>844 King St., Ste. 2207<br>Wilmington, DE 19801 | AUTHORIZED REPRESENTATIVE | |

ACORD 27 (2009/12)                          © 1993-2009 ACORD CORPORATION.  All rights reserved.

The ACORD name and logo are registered marks of ACORD

## DESCRIPTIONS Continued.

REMARKS:

Carrier: Starr Surplus Lines Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $5,000,000 part of $10,000,000 Primary

Policy Number: XP1900451
Carrier: Colony Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $10,000,000
Excess of: $10,000,000

Policy Number: NHT911686
Carrier: RSUI Indemnity Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $20,000,000 part of $50,000,000
Excess of: $20,000,000

Policy Number: ESP100018900
Carrier: Arch Specialty Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $15,000,000 part of $50,000,000
Excess of: $20,000,000

Policy Number: 73PRX199F95
Carrier: Hallmark Specialty Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $10,000,000 part of $50,000,000
Excess of: $20,000,000

Policy Number: B1306P537292000
Carrier: Certain Underwriters at Lloyd's
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $5,000,000 part of $50,000,000
Excess of: $20,000,000

**Deductible Buyback:

Policy Number: B1306P53262190
Carrier: Certain Underwriters at Lloyd's
Policy Effective Dates: 03/01/2020 – 03/01/2021
Amount of Insurance: To pay the difference between 3% of Total Insured Values at the time of loss for each unit of Insurance Subject to a Minimum of USD100,000 per occurrence
Location: 1325 Walnut Hill, Dallas, TX

Policy Number: B1306P532631900
Carrier: Certain Underwriters at Lloyd's
Policy Effective Dates: 03/01/2020 – 03/01/2021
Amount of Insurance: To pay the difference between 1% of Total Insured Values at the time of loss for each unit of Insurance Subject to a Minimum of USD100,000 per occurrence
Location: Philmont, NM

***Equipment Breakdown:

Policy Number:  FBP7334791
Carrier: Hartford Steam Boiler Inspection & Insurance Company
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $100,000,000
Deductible: $25,000
Covered locations: National Office; National Supply Group; CK Ridge Creek West III, LLC; Philmont Scout Ranch; Northern Tier; Florida Sea Base; Boys Life; Scouting University; Perimeter Global Logistics; Office of Philanthropy & Foundation; Summit Bechtel Reserve

Policy Number: 760479311
Carrier: Boiler Inspection & Ins Co of Canada
Policy Effective Dates: 03/01/2020 – 03/01/2021
Policy Limits: $100,000,000
Deductibles: $25,000; $25 per horsepower, $25,000 minimum for any air conditioning or refrigerating vessels, piping and its accessory equipment or any mechanical, electrical or electronic equipment used solely with such air conditioning or refrigerating system.
Covered Locations: Base Camp Buildings, Atikokan, ON; Northern Expeditions, Bissett, MB

30 day notice of cancellation.

 **ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
2/28/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).**

| PRODUCER<br>Marsh & McLennan Agency LLC<br>8144 Walnut Hill Lane, 16th Floor<br>Dallas TX 75231 | CONTACT<br>NAME: Kathy Williams | | |
|---|---|---|---|
| | PHONE<br>(A/C, No, Ext): 972-770-1490 | | FAX<br>(A/C, No): |
| | E-MAIL<br>ADDRESS: | | |
| | **INSURER(S) AFFORDING COVERAGE** | | **NAIC #** |
| | INSURER A : Lloyd's Syndicate 2623 | | 99999 |
| INSURED                               BOYSCOUT5<br>Boy Scouts of America<br>1325 West Walnut Hill Lane<br>Irving TX 75038-3096 | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES          CERTIFICATE NUMBER: 10222483          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR<br>LTR | TYPE OF INSURANCE | ADDL<br>INSD | SUBR<br>WVD | POLICY NUMBER | POLICY EFF<br>(MM/DD/YYYY) | POLICY EXP<br>(MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** | | | | | | EACH OCCURRENCE | $ |
| | ☐ CLAIMS-MADE  ☐ OCCUR | | | | | | DAMAGE TO RENTED<br>PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ |
| | ☐ POLICY  ☐ PRO-<br>JECT  ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | ☐ OTHER: | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** | | | | | | COMBINED SINGLE LIMIT<br>(Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ OWNED    ☐ SCHEDULED<br>AUTOS ONLY   AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED    ☐ NON-OWNED<br>AUTOS ONLY   AUTOS ONLY | | | | | | PROPERTY DAMAGE<br>(Per accident) | $ |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB**  ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ **EXCESS LIAB**  ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED  ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION<br>AND EMPLOYERS' LIABILITY**<br>ANYPROPRIETOR/PARTNER/EXECUTIVE<br>OFFICER/MEMBER EXCLUDED?<br>(Mandatory in NH)<br>If yes, describe under<br>DESCRIPTION OF OPERATIONS below | Y/N<br>N/A | | | | | | ☐ PER<br>STATUTE  ☐ OTH-<br>ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Cyber Liability | | | W19CD8200501 | 3/1/2020 | 3/1/2021 | Limit | $15,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**
Notice of Cancellation will be provided to U.S. Department of Justice Office of the United States Trustee

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| <br>U.S. Department of Justice<br>Office of the United States Trustee<br>Attn: David Buchbinder and Hannah McCollumb<br>844 King St., Ste. 2207<br>Wilmington DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>**AUTHORIZED REPRESENTATIVE**<br>*[signature]* |

© 1988-2015 ACORD CORPORATION.  All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD



# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
2/28/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Kathy Williams | | |
|---|---|---|---|
| Marsh & McLennan Agency LLC 8144 Walnut Hill Lane, 16th Floor Dallas TX 75231 | PHONE (A/C, No, Ext): 972-770-1490 | | FAX (A/C, No): |
| | E-MAIL ADDRESS: | | |
| | **INSURER(S) AFFORDING COVERAGE** | | NAIC # |
| | INSURER A : Travelers Cas & Surety Co of America | | 31194 |
| **INSURED**                    BOYSCOUT5 Boy Scouts of America 1325 West Walnut Hill Lane Irving TX 75038-3096 | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

| COVERAGES | CERTIFICATE NUMBER: 2083686915 | REVISION NUMBER: |
|---|---|---|

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR ☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☐ PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Fiduciary/Crime | | | 105569405 | 4/12/2019 | 3/1/2021 | Fiduciary / Crime | $5,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Notice of Cancellation will be provided to U.S. Department of Justice Office of the United States Trustee

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| U.S. Department of Justice Office of the United States Trustee Attn: David Buchbinder and Hannah McCollumb 844 King St., Ste. 2207 Wilmington DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.  AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION.  All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD



# CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 2/28/2020 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).**

| PRODUCER | CONTACT NAME: Kathy Williams | | |
|---|---|---|---|
| Marsh & McLennan Agency LLC | PHONE (A/C, No, Ext): 972-770-1490 | | FAX (A/C, No): |
| 8144 Walnut Hill Lane, 16th Floor | E-MAIL ADDRESS: | | |
| Dallas TX 75231 | | | |
| | **INSURER(S) AFFORDING COVERAGE** | | NAIC # |
| | INSURER A : Federal Insurance Company | | 20281 |
| INSURED                          BOYSCOUT5 | INSURER B : | | |
| Boy Scouts of America | INSURER C : | | |
| 1325 West Walnut Hill Lane | INSURER D : | | |
| Irving TX 75038-3096 | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES          CERTIFICATE NUMBER: 646717383          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** | | | | | | EACH OCCURRENCE | $ |
| | ☐ CLAIMS-MADE ☐ OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | OTHER: | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | **UMBRELLA LIAB** ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | **EXCESS LIAB** ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☐ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Multimedia | | | 82115854 | 3/1/2020 | 3/1/2021 | Limit | $1,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

Insurer will endeavor to send Notice of Cancellation to U.S. Department of Justice Office of the United States Trustee.  Please note use of "endeavor" (this is short of a commitment).

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| U.S. Department of Justice Office of the United States Trustee Attn: David Buchbinder and Hannah McCollumb 844 King St., Ste. 2207 Wilmington DE 19801 | AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION.  All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

In re:   **Boy Scouts of America, et al.**                                              **Case No.**          **20-10343 (LSS)**
                                                                                          **Reporting Period:**     **IOR as of 3/4/2020**


**EVIDENCE OF DEBTOR IN POSSESSION BANK ACCOUNTS**


Cash Management Order Attached

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Joint Administration Requested) |
|  | **Ref: Docket No. 13** |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN EXISTING BUSINESS FORMS; (II) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b) FOR CAUSE; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA,

LLC, the non-profit corporations that are debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors") for entry of an interim order (this

"Interim Order"), pursuant to Bankruptcy Code sections 105(a), 345(b), 363(c)(1), 503 and 507,

Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2, (i) authorizing the Debtors to

(a) continue to use their Cash Management System, including existing Bank Accounts and

Purchase Card Program, (b) honor certain prepetition obligations related thereto, and

(c) maintain their existing Business Forms; (ii) waiving the requirements of section 345(b) of the

Bankruptcy Code for cause with respect to the deposit accounts at Unauthorized Depositories

and the Investment Accounts; and (iii) granting related relief; and upon consideration of the First

Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.      The Final Hearing on the Motion shall be held on March 24, 2020 at 10:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order (the "Final Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on March 17, 2020 (the "Objection Deadline"), and served on the following parties: (i) the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P.

McGowan; (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (v) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (vi) counsel to JPMorgan Chase Bank, N.A., Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; (vii) representatives of the prepetition Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino; (viii) counsel to the prepetition ad hoc group of attorneys representing significant numbers of abuse victims, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: James I. Stang; (ix) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump; (x) counsel to any statutory committee appointed in these chapter 11 cases; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.      The Debtors are authorized pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue operating the Cash Management System, including the Bank Accounts identified on the schedule attached hereto as **Exhibit 1**, substantially as depicted on the funds flow diagram attached hereto as **Exhibit 2**.

4.     The Debtors are further authorized to:  (i) continue to use, with the same account numbers, each of the Bank Accounts in existence as of the Petition Date, including each of the accounts identified on **Exhibit 1** attached hereto and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Operating Guidelines, including, without limitation, the requirement to establish any segregated accounts for cash collateral and/or tax payments; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (iii) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including, without limitation, check, ACH transfer, wire transfer and other methods; (iv) pay the Prepetition Bank Fees, in addition to any other Bank Fees for prepetition transactions that are charged post-petition; (v) reimburse the Banks for any claims arising before, on or after the Petition Date in connection with customer checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds; and (vi) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and any related cash management, treasury and accounting services, and to otherwise perform their obligations under any and all documents and agreements governing the Bank Accounts and related cash management, treasury and accounting services.

5.     The Debtors shall maintain accurate and detailed records of all transfers, including intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

6.     Nothing in this Interim Order shall in any way alter or impair the Banks' rights pursuant to any existing deposit and account agreements between the Debtors and the Banks, including without limitation, any ability of the Banks to close the Bank Accounts pursuant to the terms of such deposit and account agreements, but subject (to the extent applicable) to the

provisions of the automatic stay of section 362 of the Bankruptcy Code, and such deposit and

account agreements shall continue to govern the postpetition cash management relationship

between the Debtors and the respective Bank, and all of the provisions of such agreements,

including any termination and fee provisions thereof, shall remain in full force and effect, and

the Debtors and the Banks may, without further order of this Court, agree to and implement

changes to the Cash Management System and procedures related thereto in the ordinary course

of business, including the closing of Bank Accounts or the opening of new bank accounts,

subject to the notice requirements of paragraph 9 of this Interim Order.

       7.    The Banks[3] are authorized, without the need for further order of this Court, to:

(i) continue to maintain, service and administer the Bank Accounts of the Debtors as debtors in

possession and provide related cash management, treasury and accounting services without

interruption and in the ordinary course; (ii) receive, process, honor and pay, to the extent of

available funds, any and all checks, drafts, wires, ACH transfers, credit card payments, other

electronic transfers or other items presented, issued or drawn on the Bank Accounts (collectively,

the "Disbursements"); and (iii) debit or charge back the Bank Accounts for all undisputed

prepetition and post-petition Bank Fees; provided, however, that no Disbursements (excluding

any electronic fund transfers that the Banks are obligated to settle) presented, issued or drawn on

the Bank Accounts before the Petition Date shall be honored unless (i) authorized by order of

this Court; (ii) not otherwise prohibited by a "stop payment" request received by the Banks from

the Debtors; and (iii) supported by sufficient available funds in the Bank Account in question.

       8.    Any unrestricted funds that are deposited into any Bank Account on or after the

Petition Date (the "Postpetition Funds') shall be deemed segregated from any unrestricted funds

---

[3] The term "Banks," as used in this Interim Order, shall include, in addition to the bank with which the Debtors already maintain accounts, any other banks with which the Debtors open new accounts pursuant to the terms of this Interim Order.

in any of the Bank Accounts as of the Petition Date (the "Prepetition Funds"). The Postpetition

Funds shall not be deemed "Collateral" (as defined in each respective Prepetition Loan

Document) of the Prepetition Secured Parties (each as defined in the Interim Cash Collateral

Order[4]), solely by virtue of being in the possession or control of the Prepetition Secured Parties.

The Prepetition Secured Parties, however, reserve all rights to assert that some or all of the

Prepetition Funds are Collateral of the Prepetition Secured Parties under the Prepetition Loan

Documents, and all rights of the Debtors and any other parties in interest to contest any such

assertions are similarly reserved.

9.      In the course of providing cash management services to the Debtors, each of the

Banks at which the Bank Accounts are maintained is authorized, without further order of the

Court, to deduct the applicable Bank Fees from the appropriate accounts of the Debtors and to

charge back to the appropriate accounts of the Debtors any amounts resulting from returned

checks or other returned items, including returned items resulting from ACH transactions, wire

transfers, or other electronic transfers of any kind, regardless of whether such items were

deposited or transferred before, on, or after the Petition Date and regardless of whether the

returned items relate to prepetition or post-petition transfers.

10.     Subject to the terms hereof, the Banks are authorized to accept, honor, and rely

upon all representations and directions of the Debtors with respect to whether any Disbursement

should be honored pursuant to any order of this Court, whether or not such Disbursements are

dated before, on, or after the Petition Date. No Bank shall be deemed in violation of this Interim

Order or any other order of this Court or have any liability to any party for honoring any

---

[4] For purposes of this Interim Order, the term "Interim Cash Collateral Order" shall mean the *Interim Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(A), 361, 362, 363, 503 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B); and (IV) Granting Related Relief.*

Disbursement (i) at the direction of the Debtors, (ii) in the good-faith belief that the Court has authorized such Disbursement to be honored or (iii) as a result of an innocent mistake. The Debtors shall notify each Bank for each Bank Account maintained at such Bank of any checks that are to be dishonored by such Bank, which checks may include those issued after the Petition Date as well as those issued prior to the Petition Date, and the Debtors direct the Bank to honor all other checks in accordance with the terms of this Interim Order.

11. The Debtors are authorized to implement any changes to the Cash Management System as they may deem necessary and appropriate in their discretion, in the ordinary course of business to the extent permitted by any financing or cash collateral order entered into in these chapter 11 cases, including to open any new bank accounts or close any Bank Accounts; provided, however, that the relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and the Debtors shall give notice prior to 15 days of such action to the U.S. Trustee, JPM, and any statutory committees appointed in the chapter 11 cases; provided further that the Debtors shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

12. The Banks are authorized to (i) honor the Debtors' directions with respect to the opening of any additional bank account or the closing of any Bank Account and (ii) accept and hold the Debtors' funds in accordance with the Debtors' instructions; provided, however, that the Banks shall not have any liability to any party in connection with their reliance on such representations.

13.     The requirements of section 345(b) of the Bankruptcy Code are hereby suspended for sixty (60) days solely to allow the Debtors to maintain (a) the Investment Accounts and (b) the fourteen (14) non-investment Bank Accounts at BB&T, CIBC, Charles Schwab, First Bank VI, InBank, Merrill Lynch, RBC, Scotiabank, and US Bank; provided that if the balance of any non-investment account at any one of those Banks exceeds $250,000, the Debtors shall sweep all funds in excess of that amount into one or more of the Debtors' Bank Accounts that is a signatory to a Uniform Depository Agreement in a form prescribed by the U.S. Trustee.

14.     For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Interim Order the Debtors shall (a) contact each Bank, (b) provide the Bank with each of the Debtors' employer identification numbers and (c) identify each of their Bank Accounts held at such Banks as being held by a "debtor in possession" in a bankruptcy case.

15.     For Banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall either (i) transfer funds to a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or (ii) use their good-faith efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of this Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

16.     This Interim Order does not independently authorize (i) any intercompany lending, (ii) the payment of any intercompany receivables, or (iii) any other intercompany transfers.

17.     The Debtors are authorized to continue the Purchase Card Program and to use, and to authorize their employees to use, subject to the terms and conditions of the Purchase Card Program existing as of the Petition Date, the cards issued pursuant to those Purchase Card Program (the "Purchase Cards") in the ordinary course of business, on a post-petition basis, and to pay any and all amounts incurred in the ordinary course of business and consistent with past practices in connection with the Purchase Cards that arose or may arise after the Petition Date, and to pay all amounts incurred in connection with all Purchase Card Program that arose on or prior to the Petition Date.  All obligations arising from the prepetition and post-petition usage of Purchase Cards may be offset against the respective payments in the ordinary course of business without further order of this Court.

18.     The Debtors are authorized to use their existing Business Forms substantially in the form existing immediately before the Petition Date, without reference to their status as "Debtors in Possession" until the Debtors' supply of existing Business Forms is exhausted; provided, however, that with respect to checks that the Debtors or their agents print themselves, the Debtors shall begin printing such checks and letterhead with the designation "Debtor in Possession" and the corresponding number of the lead bankruptcy case on all such checks within 15 days of the date of entry of this Interim Order.

19.     Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

20.     Within three business days from the date of entry of this Interim Order, the Debtors will serve a copy of this Interim Order to the Banks at which the Bank Accounts are maintained and will request that each Bank internally code each of the Bank Accounts as "debtor in possession" accounts.

21.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

22.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

23.     Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

24.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

25.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

26.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.

Dated: Feb 20 , 2020
Wilmington, Delaware

_____
THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Bank Accounts

| | Bank | Account No. | Account Description |
|---|---|---|---|
| 1. | JPM | 7968 | Donations Account |
| 2. | JPM | 0669 | Inactive Depository Account |
| 3. | JPM | 6428 | Controlled Debit Account |
| 4. | JPM | 0943 | Adequate Assurance Account |
| 5. | JPM | 1724 | Primary Concentration Account |
| 6. | JPM | 1533 | Conference Events Disbursement Account |
| 7. | JPM | 8433 | Primary Disbursement Account |
| 8. | JPM | 0978 | Payroll Account |
| 9. | JPM | 6479 | Credit Card Depository Account |
| 10. | JPM | 8973 | L/C Cash Collateral Account |
| 11. | JPM | 0182 | Endowment Withdrawal Account |
| 12. | Bank of America | 4519 | Health Benefits Disbursement Account |
| 13. | JPM | 9450 | Health Benefits Disbursement Account |
| 14. | BlackRock | 9074 | Insurance Deductible Investment Account |
| 15. | Federated | 4775 | General Working Fund Investment Account |
| 16. | Goldman Sachs | 3001 | Restricted Donations Investment Account |
| 17. | Goldman Sachs | 3002 | Local Council Unemployment Investment Account |
| 18. | JPM | 2075 | Premium Contribution Investment Account |
| 19. | JPM | 0208 | GLIP Concentration Account |
| 20. | JPM | 0224 | GLIP Disbursement Account |
| 21. | Bank of America | 5703 | HAF Depository Account |
| 22. | Bank of America | 5716 | HAF Disbursement Account |
| 23. | Scotiabank | 2418 | HAF Operating Account |
| 24. | CIBC | 6370 | HAF Operating Account |
| 25. | First Bank VI | 7272 | HAF Depository Account |
| 26. | First Bank VI | 4153 | HAF Disbursement Account |
| 27. | Wells Fargo | 1321 | HAF Depository Account |
| 28. | JPM | 3711 | HAF Depository Account |
| 29. | RBC | 1031 | HAF Depository Account |
| 30. | RBC | 8741 | HAF Disbursement Account |
| 31. | JPM | 5039 | HAF Disbursement Account |
| 32. | InBank | 0538 | HAF Depository Account |
| 33. | JPM | 2515 | HAF Depository Account |
| 34. | JPM | 3869 | HAF Disbursement Account |
| 35. | InBank | 0013 | HAF Disbursement Account |
| 36. | InBank | 0013 | HAF Disbursement Account |
| 37. | JPM | 2677 | SBRSA Account |
| 38. | JPM | 2609 | HAF Depository Account |
| 39. | JPM | 1889 | HAF Disbursement Account |
| 40. | BlackRock | 6828 | SBRSA Investment Account |

| | Bank | Account No. | Account Description |
|---|---|---|---|
| 41. | Goldman Sachs | 3003 | Summit Investment Account |
| 42. | Goldman Sachs | 3004 | Estate Distributions Investment Account |
| 43. | JPM | 1422 | Merchandise Depository Account |
| 44. | JPM | 0828 | Merchandise Depository Account |
| 45. | Bank of America | 2874 | Merchandise Depository Account |
| 46. | Fifth Third | 2245 | Merchandise Depository Account |
| 47. | PNC | 2908 | Merchandise Depository Account |
| 48. | Regions Bank | 1445 | Merchandise Depository Account |
| 49. | TD Bank | 1683 | Merchandise Depository Account |
| 50. | Wells Fargo | 0908 | Merchandise Depository Account |
| 51. | BB&T | 3719 | Merchandise Depository Account |
| 52. | USBank | 4080 | Merchandise Depository Account |
| 53. | USBank | 0658 | Merchandise Depository Account |
| 54. | Banco Popular | 0627 | Merchandise Depository Account |
| 55. | Merrill Lynch | 2802 | Brokerage Account |
| 56. | Charles Schwab | 8792 | Brokerage Account |
| 57. | Northern Trust | 5236 | RBT Investment Account |
| 58. | Northern Trust | 5247 | RBT Investment Account |
| 59. | State Street | 7068 | Unrestricted Endowment Investment Account |
| 60. | State Street | 6979 | Unrestricted Endowment Investment Account |
| 61. | JPM | 3535 | Delaware General Account |
| 62. | Fidelity | N/A | Deferred Compensation Investment Account |
| 63. | State Street | 1265 | Gift Annuity Investment Account |
| 64. | State Street | 1388 | Gift Annuity Investment Account |
| 65. | Bank of America | 7760 | Merchandise Depository Account |
| 66. | Bank of America | 2056 | Conference Events Depository Account |

**Exhibit 2**

**Funds Flow Diagram**



In re:    **Boy Scouts of America, et al.**                          **Case No.**        **20-10343 (LSS)**
                                                                    **Reporting Period:**        **IOR as of 3/4/2020**

**RETAINERS PAID**

In re:  **Boy Scouts of America, et al.**

**Case No.**    **20-10343 (LSS)**
**Reporting Period:**    **IOR as of 3/4/2020**

**SCHEDULE OF RETAINERS PAID TO PROFESSIONALS**

| Payee | Name of Payor | Currency | Amount | Amount Applied to Date [1] | Balance |
|-------|---------------|----------|--------|----------------------------|---------|
| ALVAREZ & MARSAL LLC | Boy Scouts of America | USD | $ 900,000 | $ - | $ 900,000 |
| BATES WHITE LLC | Boy Scouts of America | USD | 125,000 | - | 125,000 |
| HAYNES & BOONE, LLP | Boy Scouts of America | USD | 405,254 | - | 405,254 |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | Boy Scouts of America | USD | 350,000 | (128,165.20) | 221,834.80 |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | Boy Scouts of America | USD | 1,100,000 | - | 1,100,000 |
| OMNI AGENT SOLUTIONS | Boy Scouts of America | USD | 50,000 | - | 50,000 |
| SIDLEY AUSTIN LLP | Boy Scouts of America | USD | 8,294,712 | (8,178,366) | 116,346 |

<u>**Notes:**</u>
*[1]  As of 3/4/2020, does not reflect any application by professional against prepetition retainers that would be reflected in their applications for employment, except as noted*

FORM IR-2
(4/07)