# **EXHIBIT A**

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
CALENDAR: 04
PAGE 1 of 16
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| NATIONAL SURETY CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOY SCOUTS OF AMERICA; CHICAGO ) <br> AREA COUNCIL, INC. BOY SCOUTS OF ) <br> AMERICA; CHICAGO AREA COUNCIL, ) <br> BOY SCOUTS OF AMERICA, INC.; ) <br> ALLIANZ INSURANCE COMPANY n/k/a ) <br> ALLIANZ GLOBAL RISKS US INSURANCE ) <br> COMPANY; INSURANCE COMPANY OF ) <br> NORTH AMERICA; TRAVELERS ) <br> CASUALTY AND SURETY COMPANY, ) <br> INC. f/n/a AETNA CASUALTY & SURETY ) <br> COMPANY; FIRST STATE INSURANCE ) <br> COMPANY; TWIN CITY FIRE INSURANCE ) <br> CO.; DANIELSON NATIONAL INSURANCE ) <br> COMPANY f/n/a MISSION NATIONAL ) <br> INSURANCE COMPANY; LANDMARK ) <br> INSURANCE COMPANY; COLUMBIA ) <br> CASUALTY COMPANY; INTERNATIONAL ) <br> INSURANCE GROUP, INC.; ARROWOOD ) <br> INDEMNITY COMPANY f/n/a ROYAL ) <br> INDEMNITY COMPANY; FEDERAL ) <br> INSURANCE COMPANY; UNITED STATES ) <br> FIRE INSURANCE COMPANY, INC.; UTICA ) <br> MUTUAL INSURANCE COMPANY; ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA; PACIFIC ) <br> EMPLOYERS INSURANCE COMPANY; ) <br> HARBOR INSURANCE COMPANY; ST. ) <br> PAUL FIRE AND MARINE INSURANCE ) <br> COMPANY; CHUBB CUSTOM INSURANCE ) <br> COMPANY; ST. PAUL SURPLUS LINES ) <br> INSURANCE COMPANY; LEXINGTON ) <br> INSURANCE COMPANY; JOHN DOE ) <br> INSURERS 1-50; JOHN DOE; JOHN DOE 2; ) <br> JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; ) <br> JOHN DOE 6; JOHN DOE 7; JOHN DOE 8; ) <br> JOHN DOE 9; JOHN DOE 10; JOHN DOE 11; ) <br> JOHN DOE 12; JOHN DOE 13; JOHN DOE ) | No. _____ |

14; JOHN DOE 15; JOHN DOE 16; JOHN )
DOE 17; AND JOHN DOE 18, )
)
        Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff National Surety Corporation ("National Surety") alleges the following:

### INTRODUCTION AND SUMMARY

1. National Surety issued excess liability policies to Defendant Boy Scouts of America for the policy periods January 1, 1983 to January 1, 1984, and January 1, 1984 to January 1, 1985. Defendants Chicago Area Council, Inc. Boy Scouts of America and Chicago Area Council, Boy Scouts of America, Inc. (collectively, "Chicago Area Council") are additional named insureds under the policies. Boy Scouts of America and Chicago Area Council assert rights under National Surety's policies and are referred to, together, herein as the "Insured."

2. The Insured has been sued by individuals alleging that the Insured intentionally permitted, failed to prevent, and concealed alleged sexual abuse by scout leader Thomas Hacker ("Hacker"), in the lawsuit styled *John Doe et al. v. Thomas Hacker et al.*, pending in the Circuit Court of Cook County, Illinois, Law Division, originally as Case No. 2012-L-013569, and since assigned the new Case No. 2017-L-007900 (the "Underlying Lawsuits").

3. The sexual abuse in the Underlying Lawsuits is alleged to have occurred between 1980 and 1988 with respect to a scout troop located in Burbank, Illinois.

4. Boy Scouts of America is alleged to have intentionally concealed information relating to the widespread problem of sexual abuse by scout leaders since as early as 1919.

5. National Surety brings this action to obtain declaratory relief on coverage issues related to its excess liability policies with respect to the Underlying Lawsuits. National Surety seeks a declaration that no coverage exists under its policies with respect to the Underlying

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 2 of 16

Lawsuits, and that National Surety owes no duty to defend, pay defense costs, or indemnify the Insured, and for other relief outlined herein.

6. The Insured has demanded payment from National Surety on the policies. On information and belief, the Insured disagrees with National Surety regarding coverage interpretations on these issues.

7. For this reason, National Surety requests coverage interpretations by this Court in a declaratory judgment action.

## PARTIES

8. Plaintiff National Surety is a corporation organized under the laws of the State of Delaware with its principal place of business and statutory home office in Illinois. It is now and was at all times relevant to this Complaint licensed or authorized to issue insurance policies in the State of Illinois.

9. On information and belief, Defendant Boy Scouts of America is a congressionally chartered corporation authorized to do business in Illinois. Boy Scouts of America asserts rights under policies issued by National Surety and other Insurer Defendants in this action.

10. On information and belief, Defendant Chicago Area Council is a not-for-profit corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Chicago Area Council asserts rights under policies issued by National Surety and other Insurer Defendants in this action.

11. On information and belief, a number of other liability insurers issued policies to the Insured during the 1980 to 1988 time period. These insurers are listed below.

12. On information and belief, Allianz Insurance Company, now known as Allianz Global Risks US Insurance Company ("Allianz"), is a corporation organized under the laws of

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 3 of 16

the State of Illinois with its principal place of business in Chicago, Illinois. On information and belief, Allianz issued a liability policy to the Insured covering the time period January 1, 1980 to January 1, 1981.

13. On information and belief, Defendant Insurance Company of North America ("INA") is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. On information and belief, INA issued liability policies to the Insured covering the time period January 1, 1980 to March 1, 1988.

14. On information and belief, Travelers Casualty and Surety Company, Inc. (f/n/a Aetna Casualty & Surety Company) ("Travelers") is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. On information and belief, Travelers issued a liability policy to the Insured covering the time period January 1, 1980 to January 1, 1981.

15. On information and belief, Transit Casualty Insurance Co. ("Transit") was a corporation organized under the laws of the State of Missouri with its principal place of business in Los Angeles, California. On information and belief, Transit was declared insolvent and the subsequent receivership has been closed. Accordingly, Transit is not named as a party herein.

16. On information and belief, First State Insurance Company ("First State") is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. On information and belief, First State issued a liability policy to the Insured covering the time period January 1, 1981 to January 1, 1983.

17. On information and belief, Twin City Fire Insurance Co. ("TC Fire") is a corporation organized under the laws of the State of Indiana with its principal place of business

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 4 of 16

in Hartford, Connecticut. On information and belief, TC Fire issued a liability policy to the Insured covering the time period January 1, 1982 to January 1, 1983.

18. On information and belief, Danielson National Insurance Company (f/n/a Mission National Insurance Company) ("Danielson") is a corporation organized under the laws of the State of California with its principal place of business in San Diego, California. On information and belief, Danielson issued a liability policy to the Insured covering the time period January 1, 1984 to January 1, 1985.

19. On information and belief, Landmark Insurance Company ("Landmark") was a corporation organized under the laws of the State of California with its principal place of business in Boston, Massachusetts. On information and belief, Landmark has merged with National Union Fire Insurance Company of Pittsburgh, PA, the latter being the surviving entity. On information and belief, Landmark issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

20. On information and belief, Columbia Casualty Company ("Columbia") is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. On information and belief, Columbia issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

21. On information and belief, Highlands Insurance Company ("Highlands") was a corporation organized under the laws of the State of Texas with its principal place of business in Lawrenceville, New Jersey. On information and belief, Highlands is currently in receivership. Accordingly, it is not named as a party herein.

22. On information and belief, International Insurance Group, Inc. ("IIG"), is a corporation organized under the laws of the State of Delaware. On information and belief, IIG

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 5 of 16

issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

23. On information and belief, Arrowood Indemnity Company (f/n/a Royal Indemnity Company) ("Arrowood") is a corporation organized under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina. On information and belief, Arrowood issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

24. On information and belief, Federal Insurance Company ("Federal") is a corporation organized under the laws of the State of Pennsylvania. On information and belief, Federal issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

25. On information and belief, United States Fire Insurance Company, Inc. ("U.S. Fire") is a corporation organized under the laws of the State of Delaware with its principal place of business in Morristown, New Jersey. On information and belief, U.S. Fire issued liability policies to the Insured covering the time period March 1, 1986 to March 1, 1987 and March 1, 1987 to March 1, 1988.

26. On information and belief, Utica Mutual Insurance Company ("Utica") is a corporation organized under the laws of the State of New York with its principal place of business in New Hartford, New York. On information and belief, Utica issued a liability policy to the Insured covering the time period March 1, 1986 to March 1, 1987.

27. On information and belief, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in New York, New York. On information and belief,

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 6 of 16

National Union issued liability policies to the Insured covering the time periods March 1, 1986 to March 1, 1987, June 3, 1986 to March 1, 1987, and March 1, 1987 to March 1, 1988.

28. On information and belief, Pacific Employers Insurance Company ("Pacific Employers") is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. On information and belief, Pacific Employers issued a liability policy to the Insured covering the time period March 1, 1986 to March 1, 1987.

29. On information and belief, Harbor Insurance Company ("Harbor") is a corporation organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma. On information and belief, Harbor issued a liability policy to the Insured covering the time period May 20, 1986 to March 1, 1987.

30. On information and belief, St. Paul Fire and Marine Insurance Company ("St. Paul Fire") is a corporation organized under the laws of the State of Minnesota with its principal place of business in St. Paul, Minnesota. On information and belief, St. Paul Fire issued a liability policy to the Insured covering the time period May 28, 1986 to March 1, 1987.

31. On information and belief, Chubb Custom Insurance Company ("Chubb") is a corporation organized under the laws of the State of Delaware with its principal place of business in Warren, New Jersey. On information and belief, Chubb issued a liability policy to the Insured covering the time period June 3, 1986 to March 1, 1987.

32. On information and belief, St. Paul Surplus Lines Insurance Company ("St. Paul Surplus") is a corporation organized under the laws of State of Delaware with its principal place of business in St. Paul, Minnesota. On information and belief, St. Paul Surplus issued a liability policy to the Insured covering the time period March 1, 1987 to March 1, 1988.

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 7 of 16

33. On information and belief, Lexington Insurance Company ("Lexington") is a corporation organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts. On information and belief, Lexington issued a liability policy to the Insured covering the time period March 1, 1987 to March 1, 1988.

34. Defendants John Doe Insurers 1-50 are insurers, unknown by name to Plaintiff at this time, that issued liability insurance policies to the Insured. Plaintiff names these John Doe Insurers insofar as they may be alleged to be necessary parties, for the purpose of binding them to the relief sought herein. Plaintiff will dismiss this action as to any John Doe Insurer that is not necessary to the relief sought herein.

35. The declarations National Surety seeks in this case may impact the coverage obligations of the Insured's liability insurers other than National Surety. For this reason, National Surety has joined to this action the Insured's other liability insurers for the years in which the sexual abuse is alleged to have occurred, 1980 to 1988.

36. Defendants John Doe – John Doe 18 are plaintiffs in the Underlying Lawsuits. On information and belief, John Doe – John Doe 18 are domiciled in the State of Illinois. Defendants John Doe – John Doe 18 are joined to bind them to the judgment in this case.

## JURISDICTION AND VENUE

37. The Court has personal jurisdiction over defendants pursuant to 735 ILCS 5/2-209 because they are domiciled and/or licensed to do business and/or are doing business in the State of Illinois. In addition, the Court has personal jurisdiction over the out-of-state insurer defendants pursuant to 735 ILCS 5/2-209 because each such defendant is or was transacting business in the State of Illinois within the time periods relevant to the causes of action stated herein and contracted to insure persons, property, or risks located in the State of Illinois.

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 8 of 16

8

38. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 to 103 because it is a county in which multiple defendants are "doing business." Further, Plaintiff's causes of action arise out of events that occurred in Cook County with respect to a Boy Scout troop located in Cook County, and the Underlying Lawsuits are all filed in the Circuit Court of Cook County, Law Division.

## NATIONAL SURETY POLICIES

39. National Surety issued to Boy Scouts of America a Blanket Excess Liability Policy, No. XLX1484309, in effect for the policy period January 1, 1983 to January 1, 1984 (hereinafter, the "1983-1984 Policy"). A copy of the 1983-1984 Policy is attached hereto as **Exhibit A**.

40. National Surety issued to Boy Scouts of America a Blanket Excess Liability Policy, No. XLX1484392, in effect for the policy period January 1, 1984 to January 1, 1985 (hereinafter, the "1984-1985 Policy"). A copy of the 1984-1985 Policy is attached hereto as **Exhibit B**. Together, the 1983-1984 Policy and the 1984-1985 Policy are referred to herein as the "National Surety Policies."

41. The National Surety Policies are "follow form" excess policies that incorporate, with certain listed exceptions, the terms, conditions, and exclusions of underlying policies issued by INA to Boy Scouts of America for the 1983-1984 and 1984-1985 years, respectively.

42. Subject to the stated limits of liability, terms, conditions, and exclusions, the National Surety Policies provide indemnity coverage for "occurrence[s]" which take place during the policy period. An "occurrence" is defined in pertinent part as an "accident ... which results in Personal Injury ... neither expected nor intended from the standpoint of the insured."

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 9 of 16

9

43. The National Surety Policies do not provide for a duty to defend, but defense costs may be reimbursable if incurred with the consent of National Surety, but only in the proportion that the Insured and National Surety are responsible for the loss.

## UNDERLYING LAWSUITS ALLEGATIONS

44. John Doe – John Doe 18 assert claims against the Insured in the Underlying Lawsuits arising out of the alleged sexual abuse of John Doe – John Doe 18 by Thomas Hacker ("Hacker"). A copy of the Third Amended Complaint in the Underlying Lawsuits is attached hereto as **Exhibit C**.

45. John Doe – John Doe 18 allege that the Insured knew of Hacker's predatory tendencies, and of the widespread problem of sexual abuse by scout masters, prior to Hacker's alleged abuse of John Doe – John Doe 18. (Third Amended Complaint pp. 12-35.)

46. John Doe – John Doe 18 allege that, despite this knowledge, the Insured, through various acts and omissions, permitted, failed to take steps to prevent, and concealed Hacker's alleged sexual abuse of John Doe – John Doe 18. (Third Amended Complaint pp. 35-499.)

47. By way of summary, John Doe – John Doe 18 allege as follows:

(a) "Since approximately 1919, BOY SCOUTS OF AMERICA has maintained a group of files known variously as the red files, perversion files, or ineligible volunteer files (IV Files)." (Third Amended Complaint p. 27, ¶ 6.)

(b) "The IV Files . . . document multiple instances of child molesters volunteering with scouting, molesting a child, being reported to BSA, but then re-gaining entry into scouting." (Third Amended Complaint p. 20, ¶ 72.)

(c) "BSA's 'Ineligible Volunteer Files' contained a file for Mr. Hacker opened in 1970, yet he was able and permitted by BSA to register with the Chicago Area Council in

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 10 of 16

10

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 11 of 16

the 1980s and was able to participate in Scouting." (Third Amended Complaint p. 36, ¶ 124.)

(d) "BSA knew or should have known that its 'ineligible volunteers' system of keeping track of pedophiles infiltrating its ranks and attempting to eliminate them did not function as it was intended, was flawed, and in many cases ineffective. . . . BSA did nothing to educate or inform Scouts and their parents of the enormity of the pedophile problem, nor did BSA take action to correct its screening and/or education system." (Third Amended Complaint p. 36, ¶ 125.)

(e) "Instead of addressing the problem by informing parents and scouts of the issue, or by implementing safety programs to prevent abuse, BSA instead concealed the problem by employing a public relations department to combat negative stories about sexual abuse in Scouting." (Third Amended Complaint pp. 23-24, ¶ 101.)

(f) "After the BOY SCOUTS OF AMERICA learned that Thomas Hacker molested Chicago Area Council scouts, the BOY SCOUTS OF AMERICA concealed the fact, in the 1970s, it had previously identified Hacker as a child molester and/or abuser but still allowed him to register with the Chicago Area Council." (Third Amended Complaint pp. 43-44, ¶ 151.)

48.  John Doe – John Doe 18 seek punitive damages against the Insured as a result of the Insured's alleged intentional conduct and fraudulent concealment. (Third Amended Complaint pp. 23-26.)

ELECTRONICALLY FILED
1/9/2017 3:08 PM
2017-CH-14975
PAGE 12 of 16

## FIRST CAUSE OF ACTION

**Declaration That No Coverage Exists Under National Surety's Policies, And That National Surety Has No Duty To Indemnify The Insured, Because The Insured's Alleged Conduct Is Not An "Accident."**

49. National Surety incorporates by reference in this First Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

50. An "occurrence" covered under National Surety's Policies is defined to require an "accident."

51. The Underlying Lawsuits allege that the Insured knew that Hacker was a predator, and of the widespread problem of sexual abuse by scout masters, and, despite this knowledge, permitted, failed to take steps to prevent, and concealed Hacker's sexual abuse of John Doe – John Doe 18.

52. The alleged conduct of the Insured in the Underlying Lawsuits does not constitute an "accident."

53. Accordingly, no coverage exists for the Underlying Lawsuits under National Surety's Policies, and National Surety owes no duty to indemnify the Insured.

WHEREFORE, Plaintiff prays for a declaration that no coverage exists under National Surety's Policies, and that National Surety owes no duty to indemnify the Insured, because the Insured's alleged conduct is not an accident.

## SECOND CAUSE OF ACTION

**Declaration That No Coverage Exists Under National Surety's Policies, And That National Surety Has No Duty To Indemnify The Insured, Because The Insured's Alleged Conduct Was Expected Or Intended.**

54. National Surety incorporates by reference in this Second Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

55. An "occurrence" covered under National Surety's Policies does not include acts that are expected or intended from the standpoint of the insured.

56. The Underlying Lawsuits allege that the Insured knew that Hacker was a predator, and of the widespread problem of sexual abuse by scout masters, and, despite this knowledge, permitted, failed to take steps to prevent, and concealed Hacker's alleged sexual abuse of John Doe – John Doe 18.

57. The alleged conduct of the Insured in the Underlying Lawsuits was expected or intended.

58. Accordingly, no coverage exists for the Underlying Lawsuits under National Surety's Policies, and National Surety owes no duty to indemnify the Insured.

WHEREFORE, Plaintiff prays for a declaration that no coverage exists under National Surety's Policies, and that National Surety owes no duty indemnify the Insured, because the Insured's alleged conduct was expected or intended.

### THIRD CAUSE OF ACTION

**Declaration That No Coverage Exists Under National Surety's Policies For Punitive Damages, And That National Surety Has No Duty To Indemnify The Insured With Respect To Punitive Damages.**

59. National Surety incorporates by reference in this Third Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

60. The Underlying Lawsuits seek punitive damages for the Insured's conduct.

61. Punitive damages are not insurable.

62. Accordingly, no coverage exists for punitive damages sought in the Underlying Lawsuits, and National Surety owes no duty to indemnify the Insured with respect to punitive damages.

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 13 of 16

WHEREFORE, Plaintiff prays for a declaration that no coverage exists under National Surety's Policies for punitive damages, and that National Surety owes no duty to indemnify the Insured with respect to punitive damages.

### FOURTH CAUSE OF ACTION

**Declaration That Coverage Is Not Available For Underlying Lawsuits In Which Personal Injury Does Not Take Place During The Policy Period.**

63. National Surety incorporates by reference in this Fourth Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

64. The National Surety Policies require – for there to be coverage – that Personal Injury occur during the applicable policy period. There is, accordingly, no coverage under National Surety's Policies for Personal Injury which takes place outside of the applicable policy periods.

WHEREFORE, Plaintiff prays for a declaration that no coverage exists for the Underlying Lawsuits in which there is no personal injury during the policy period, and that National Surety has no duty to indemnify the Insured with respect to the Underlying Lawsuits in which there is no personal injury during the policy periods.

### FIFTH CAUSE OF ACTION

**Declaration That National Surety Has No Duty To Provide Coverage Or Indemnify The Insured Until Underlying Insurance Is Exhausted.**

65. National Surety incorporates by reference in this Fifth Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

66. The National Surety Policies are excess policies that respond only when underlying insurance is exhausted.

67. On information and belief, underlying insurance is not exhausted.

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 14 of 16

68.  On information and belief, certain of the Insured's other insurers are insolvent, and National Surety's policies would not respond until payments are made exhausting such underlying policies.

WHEREFORE, Plaintiff prays for a declaration that it has no duty to provide coverage or indemnify the Insured unless and until underlying insurance is exhausted.

## SIXTH CAUSE OF ACTION

**Declaration That National Surety Has No Duty To Defend Or Reimburse Defense Costs.**

69.  National Surety incorporates by reference in this Sixth Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

70.  The National Surety Policies do not provide for a duty to defend.

71.  No coverage exists under National Surety's Policies because the Insured's conduct was not an "accident," as set forth in National Surety's First Cause of Action.

72.  No coverage exists under National Surety's Policies because the Insured's conduct was expected or intended, as set forth in National Surety's Second Cause of Action.

73.  No coverage exists under National Surety's Policies with respect to punitive damages, as set forth in National Surety's Third Cause of Action.

74.  No coverage exists under National Surety's Policies with respect to occurrences taking place outside the policy period, as set forth in National Surety's Fourth Cause of Action.

75.  National Surety has no duty to provide coverage unless and until underlying insurance is exhausted, as set forth in National Surety's Fifth Cause of Action.

76.  Because no coverage exists under National Surety's Policies, National Surety has no obligation to reimburse defense costs.

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 15 of 16

WHEREFORE, Plaintiff prays for a declaration that National Surety has no duty to defend the Insured or reimburse defense costs, consistent with the relief sought in the First through Fifth Causes of Action set forth above.

### SEVENTH CAUSE OF ACTION

**Declaration Of National Surety's Rights And Obligations Under The Policies.**

77. National Surety incorporates by reference in this Seventh Cause of Action all allegations in this Complaint, including Exhibits attached thereto.

78. To the extent not addressed in the preceding Causes of Action, National Surety seeks a declaration concerning its rights and obligations under policies it issued to Boy Scouts of America and/or Chicago Area Council.

WHEREFORE, Plaintiff prays for a declaration establishing its rights and obligations under policies it issued to Boy Scouts of America and/or Chicago Area Council.

ELECTRONICALLY FILED
11/9/2017 3:08 PM
2017-CH-14975
PAGE 16 of 16

Dated: November 9, 2017

Respectfully submitted,

/s/ Todd C. Jacobs
Todd C. Jacobs (#6201358)
Melissa A. Carrington (#6305591)
Jeremiah D. Junker (*pro hac* pending)
BRADLEY RILEY JACOBS PC
Firm No. 61684
320 W. Ohio Street, Suite 3W
Chicago, IL 60654
Phone: (312) 281-0295
Fax:    (319) 363-9824
Email: tjacobs@bradleyriley.com
       mcarrington@bradleyriley.com
       jjunker@bradleyriley.com

ATTORNEYS FOR THE PLAINTIFF