**EXHIBIT I**

ACCEPTED
05-19-01119-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/20/2020 2:14 PM
LISA MATZ
CLERK

# NO. 05-19-01119-CV

**IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
2/20/2020 2:14:46 PM
LISA MATZ
Clerk

**IN RE NATIONAL SURETY CORPORATION,**
*RELATOR*

**Original Proceeding arising out of Cause No. DC-18-11896,
In the 192nd Judicial District Court, Dallas County, Texas,
Hon. Craig Smith, presiding.**

**REAL PARTIES IN INTEREST'S RESPONSE TO NATIONAL SURETY CORPORATION'S NOTICE OF BANKRUPTCY OF THE REAL PARTY IN INTEREST, OR IN THE ALTERNATIVE, MOTION TO REINSTATE PURSUANT TO TRAP 8.3(A)**

Ernest Martin
State Bar No. 13063300
*Ernest.Martin@haynesboone.com*
Adrian Azer
State Bar No. 24048332
*Adrian.Azer@haynesboone.com*
Emily Buchanan
State Bar No. 24101568
*Emily.Buchanan@haynesboone.com*
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: (214) 651-5000
Fax: (214) 651-5940

*Attorneys for Real Parties in Interest, Boy Scouts of America, Aloha Council, New Birth of Freedom Council, and Chicago Area Council*

**TO THE HONORABLE COURT OF APPEALS:**

National Surety is wrong about the effect of the recent bankruptcy filing by Boy Scouts of America ("BSA") on this proceeding. Simply put, the automatic stay imposed by the Bankruptcy Code does not apply here because BSA is the plaintiff, not the defendant, in the underlying insurance coverage action.

Section 362(a) of the Bankruptcy Code limits the effect of the automatic stay to "the commencement or continuation…of a judicial, administrative, or other action or proceeding ***against the debtor***[.]" 11 U.S.C. § 362(a) (emphasis added). Based on the emphasized language, courts in Texas and across the country have consistently held that the automatic stay *does not apply* to lawsuits like this one brought by the debtor as the plaintiff. *See, e.g., Bhakta v. Krisu Hospitality, LLC*, No. 07-18-00156-CV, 2019 WL 6205458 at *1 (Tex. App.—Amarillo Nov. 20, 2019); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993); *Martin-Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989).

Indeed, the single case cited by National Surety in its Notice, *In re N.P.T.*, 169 S.W.3d 677 (Tex. App.—Dallas 2005, pet. denied), demonstrates that the automatic stay does not apply here. *N.P.T.* arose from a divorce proceeding in which the mother sued to terminate the father's parental rights. *Id.* at 678-79. The mother filed for bankruptcy during that case and the father ultimately argued that the termination proceeding should have been stayed pending bankruptcy. *Id.* at 679. This Court

disagreed because it was the mother who filed for bankruptcy, thereby staying all judicial proceedings *against* her—but not staying the case against the father where she was the plaintiff. *See id.*

So it is here. There is no dispute that BSA is the plaintiff in the underlying insurance coverage action against National Surety and its other insurers. Because this action is not "against" BSA, the automatic stay imposed by Section 362(a) does not apply—and neither does Rule 8.2 of the Texas Rules of Appellate Procedure. *See N.P.T.*, 169 S.W.3d at 679; *Bhakta*, 2019 WL 6205458 at *1. However, in the alternative and in an abundance of caution, BSA hereby moves to reinstate this proceeding under Rule 8.3(a) of the Texas Rules of Appellate Procedure for the same reasons. *Bhakta*, 2019 WL 6205458 at *1 (holding that automatic stay did not apply "where the bankruptcy debtor . . . was in the position of a plaintiff in the trial court proceeding being appealed" but nevertheless reinstating the appeal for all purposes "to the extent necessary" under Rule 8.3(a)).

## CONCLUSION AND REQUEST FOR RELIEF

Because BSA's bankruptcy filing only abated judicial proceedings and actions against BSA—not proceedings like this where BSA is the plaintiff—BSA respectfully requests that the Court deny National Surety's implicit request to stay this case or, in the alternative, that it reinstate this original proceeding and deny the

original proceeding on the merits.  BSA also requests all other relief to which it is entitled.

> Respectfully submitted,
>
> **HAYNES AND BOONE, LLP**
>
> */s/ Ernest Martin, Jr.*
> Ernest Martin, Jr.
>   State Bar No. 13063300
>   *Ernest.Martin@haynesboone.com*
> Adrian Azer
>   State Bar No. 24048332
>   *Adrian.Azer@haynesboone.com*
> Emily Buchanan
>   State Bar No. 24101568
>   *Emily.Buchanan@haynesboone.com*
> 2323 Victory Avenue, Suite 700
> Dallas, Texas 75219
> Phone: (214) 651-5000
> Fax: (214) 651-5940
>
> ***Attorneys for Real Parties in Interest,***
> ***Boy Scouts of America, Aloha Council,***
> ***New Birth of Freedom Council, and***
> ***Chicago Area Council***