IN THE UNITED STATES BANKRUPCTY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 17** |

### LIMITED OBJECTION OF CREDITORS FIRST STATE INSURANCE COMPANY AND TWIN CITY FIRE INSURANCE COMPANY AND PARTY IN INTEREST HARTFORD ACCIDENT AND INDEMNITY COMPANY TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPOINTING A JUDICIAL MEDIATOR, (II) REFERRING CERTAIN MATTERS TO MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF

  First State Insurance Company and Twin City Fire Insurance Company, creditors and parties in interest in these consolidated Chapter 11 cases, along with Hartford Accident and Indemnity Company, also a party in interest (collectively, "Hartford") respectfully submit this limited objection to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief [ECF No. 17] ("Motion").

### OBJECTION

  1. Hartford Accident and Indemnity Company issued primary and umbrella coverage to Debtor the Boy Scouts of America ("BSA") for various periods of time between 1971 and 1976, and First State and Twin City issued umbrella and excess coverage to BSA for

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

periods between 1978 and 1988. Hartford accordingly has a significant stake in how mediation proceeds in this case. Hartford agrees with the Debtors that mediation is essential here; a consensual chapter 11 plan is the way to bring the most complete relief that is possible to all interested parties. But the Order that Debtors have prepared, and the manner in which Debtors propose to set up this mediation, is unfair for at least two reasons:

<u>The Order Should Specify That All Insurers Are Being Directed to Mediate</u>.

2.  <u>First</u>, the Mediation Order is not clear as to the parties on whom it is binding (the "Mediation Parties"). In other words, the Order should spell out clearly which entities and other parties are being directed to mediate.

3.  In their Motion, Debtors identify most of the parties that they contend should be part of the process: the Debtors; the *ad hoc* Committee of Local Councils; the Future Claims Representative; and the Creditors' Committees. *See* Motion ¶¶ 14, 16. There is no confusion regarding which parties fit into those categories.

4.  With respect to the final category of Mediation Parties, the "applicable insurers," however, Debtors' proposed Order is unclear. The proposed Order neither identifies the specific insurers that are Mediation Parties nor affords potentially affected insurers any way to discern whether they are subject to the Order.

5.  Hartford believes that it is appropriate to require all of Debtors' pre-petition liability insurers to participate in mediation in some form. To be clear, Hartford is not seeking a ruling that every insurer should be required to attend every (or necessarily even any) mediation. Hartford agrees that there needs to be flexibility as to how the mediation is conducted and that the mediator will have discretion as to how to structure the mediation. Hartford's proposed modifications to the proposed Order reflect that.

6. To the extent that Debtors are seeking to have fewer than all of its insurers attend, Debtors should articulate the reasons for omitting insurers, particularly when they may want relief themselves as part of any ultimate consensual plan. But if the Court enters an order that intends that not all insurers are Mediation Parties, the Order should clearly state which insurers are directed to mediate and which ones are not.

<u>The Debtors Should Include Hartford In Selecting an Appropriate Mediator</u>.

7. <u>Second</u>, Hartford is concerned that Debtors have rushed to identify a sitting bankruptcy judge as mediator, cutting Hartford and other insurers out of the process. Paragraph 13 of the Motion suggests that Debtors are in the process of reaching out to parties in interest to try to reach agreement on a potential mediator. *See* Motion ¶ 13. As of the objection date, however, the Debtors had not involved Hartford at all in the process of selecting a mediator, other than to inform Hartford that Debtors were conferring with *other* parties in interest and to reject Hartford's suggestion that a second mediator be selected to focus on insurance coverage issues.

8. The Debtors' refusal to consider a mediator with coverage experience in this case -- or even to engage Hartford in discussing potential mediators -- is striking. As BSA previously indicated to the Court, it expects to receive significant funding from its insurers. *See* Debtors' Informational Brief at 35 (Feb. 18, 2020) [ECF No. 4]. Hartford is one of BSA's two general liability insurers at the primary level during the pre-1988 period. Prior to the petition date, Hartford defended BSA and contributed to a number of underlying abuse claim settlements, but significant disputes exist between Hartford and BSA regarding their respective rights and obligations. Judging from the other coverage lawsuits that were pending as of the petition date, it appears BSA has disputes with its other insurance carriers, too.

9.      Moreover, the Debtor's Motion identifies insurance issues as an important part of this case, stating "any Mediator will be focused on . . . issues pertaining to shared insurance between the BSA and local councils; and coverage disputes between the BSA and its insurers." Motion ¶ 17.  BSA is (rightly) focused on mediation of these issues, not only as a means to avoid "extensive discovery costs and professional fees and expenses," but also as a means to the most efficient path towards a consensual resolution.  *Id.* ¶ 17.

10.     The insurers are a necessary party for a number of key issues in this case. Hartford has a contractual right to participate meaningfully in discussions relating to settlement of any liability for which Debtors may seek coverage from Hartford.  Primary coverage that Hartford issued to BSA requires BSA to cooperate with Hartford and not to settle, without Hartford's consent, any claims for which BSA contends Hartford may owe coverage.

11.     Accordingly, any discussion of mediators that takes place with some of the stakeholders in this case but omits the insurers is incomplete.  Hartford has a legitimate interest in ensuring that any mediator selected has relevant expertise and will have the full confidence of all parties, including the insurers.

12.     Hartford is aware that BSA's insurance coverage program contains numerous insurers, and that it may not be possible to reach agreement with all of them on a mediator.  But before a mediation as consequential as this one begins, the liability insurers -- particularly those that have first-dollar coverage -- must be given a full and fair opportunity to weigh in on an appropriate mediator.

13.     Consequently, Hartford respectfully requests that the Court modify the proposed Order, and enter the order substantially in the form attached hereto as **Exhibit A**,[2] to provide that

---

[2]     Hartford's proposed changes are reflected in the redline attached hereto as **Exhibit B**.

Debtors will meet and confer with Hartford -- and any other pre-petition liability insurer that wants to be heard -- on an appropriate mediator for resolution of coverage issues. That may be the same mediator that parties select to hear other issues in the case, or a separate mediator that has special expertise in resolving coverage issues. If the relevant stakeholders cannot agree following good faith discussion, then Debtors can seek assistance of the Court. But that should not precede efforts by the parties to find a mediator that is satisfactory to all those who are likely to be directly involved.

## **CONCLUSION**

Hartford respectfully requests that the Court sustain Hartford's limited objections and enter Hartford's proposed revised Order.

Date: March 11, 2020

Respectfully submitted,
/s/ Eric S. Goldstein
Eric S. Goldstein (*pro hac vice* forthcoming)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Tel: (860) 251-5000
Fax: (860) 251-5099

Joshua D. Weinberg (*pro hac vice* forthcoming)
Abigail W. Williams (*pro hac vice* forthcoming)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel: (202) 469-7750
Fax: (202) 469-7751

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*