**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELWARE BSA, LLC,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 17** |

**ORDER (I) APPOINTING A JUDICIAL MEDIATOR,
(II) REFERRING CERTAIN MATTERS TO MANDATORY
MEDIATION, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") directing the Mediation Parties to participate in mediation regarding the Mediation Issues, as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given, and it appearing that no other or further notice need be provided; and this Court having reviewed the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. _____ is appointed as Mediator for the Mediation Issues, which include all matters related to the comprehensive resolution of claims relating to historical acts of abuse in the BSA's Scouting programs through a chapter 11 plan of reorganization.

3. The Mediation Parties shall participate in the mediation. The Mediation Parties include (a) the Debtors; (b) the Ad Hoc Committee of Local Councils; (c) the prepetition Future Claimants' Representative; (d) any official committee of creditors appointed by the Office of the United States Trustee; (e) all insurers under one or more insurance policies that afford or allegedly afford the Debtors rights, benefits, indemnity or insurance coverage with respect to abuse claims; and (f) any other parties the Court, the Mediator, and/or the Mediation Parties agree in the future should participate in the mediation process. By their inclusion within the scope of the Mediation Parties, the Court is not dictating that the mediator is required to direct all parties to attend all mediation sessions, as the structure of any mediation is left to the discretion of the mediator.

4. The Debtors shall meet and confer with the insurer Mediation Parties to discuss whether mediation of insurance issues will be conducted by the Mediator designated above for mediation issues, or another mutually agreeable mediator, to be approved by this Court.

5. The mediation shall be governed by Local Rule 9015-5, including, for the avoidance of doubt, the provisions thereof that pertain to confidentiality and privilege.

6. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2020         _____
      Wilmington, Delaware                                    UNITED STATES BANKRUPTCY JUDGE