IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-1343-(___) |
| Debtors, | Jointly Administered |

| | |
|---|---|
| BOY SCOUTS OF AMERICA, | |
| Plaintiff, | **ATTORNEY AFFIDAVIT** |
| vs. | Adv. Pro. No. 20-50527-(__) |
| A.A., *et. al.,* | |
| Defendants. | |

STATE OF NEW YORK    )
COUNTY OF ERIE       ) SS.

**LARAINE KELLEY, ESQ.**, being duly sworn, deposes and says:

1.      I am an attorney at law duly licensed to practice in the State of New York and a senior partner with the law firm of Lipsitz Green Scime Cambria, LLP, attorneys for LG 37 Doe, Plaintiff in <u>LG 37 Doe v. Douglas Nail, Greater Niagara Frontier Council, Inc., Boy Scouts of America and Boy Scouts of America</u>, Case No. 1:20-cv-00217 (W.D.N.Y.), and a Defendant in the Adversary Proceeding captioned above.

2.      I am admitted in the United States Bankruptcy Court for the Western District of New York, but am not admitted to the United States Bankruptcy Court for the District of Delaware.

3.      Due to the short time constraints imposed by BSA's motions, our firm has not yet been able to procure local counsel admitted in the United States Bankruptcy Court for the District

1

of Delaware or file a motion to appear *pro hac vice*.  However, we will move posthaste to accomplish the same, and I respectfully request that this Court take into consideration the opposition submitted on behalf of LG 37 Doe as set forth herein.

4.    I submit this Affidavit in opposition to Boy Scouts of America's (hereinafter "BSA") motion for a preliminary injunction pursuant to Sections 105(a) and 362 of the Bankruptcy Code, and in opposition to the BSA's motion for an order appointing a judicial mediator and referring <u>LG 37 Doe v. Douglas Nail, Greater Niagara Frontier Council, Inc., Boy Scouts of America and Boy Scouts of America</u>, Case No. 1:20-cv-00217 (W.D.N.Y.) (hereinafter referred to as "LG 37 Doe's Action"), to mandatory mediation.

5.    LG 37 Doe was a child member of Boy Scouts of America Troop 565, when he was sexually abused by the Troop's Scoutmaster, Douglas Nail (hereinafter "The Child Molester"), from approximately 1983 and continuing through 1987.

6.    The Boy Scouts of America Troop 565, was formed through Defendant Greater Niagara Frontier Council Inc., Boy Scouts of America (hereinafter "GNF Council").

7.    A Summons and Complaint was filed in the Supreme Court of the State of New York, County of Erie, on behalf of LG 37 Doe against The Child Molester, GNF Council and BSA.  A copy of the Summons and Complaint is annexed hereto, made part hereof, and designated **Exhibit A.**

8.    The Child Molester filed an Answer on January 15, 2020. A copy of which is annexed hereto, made part hereof, and designated **Exhibit B.**

9.    BSA and GNF Council filed a Verified Answer on February 3, 2020.  A copy of which is annexed hereto, made part hereof, and designated **Exhibit C.**

10.     BSA and GNF Council specifically deny that they are the same entity in the Verified Answer. *See* Exhibit C, para. 6.

11.     On February 19, 2020, Defendant BSA filed a Notice of Removal pursuant to 28 U.S.C. Section 1452, a copy of which is annexed hereto, made part hereof, and designated **Exhibit D**.

12.     In accordance with the Notice of Removal, LG 37 Doe's pending case was removed to the United States District Court for the Western District of New York and assigned Case No. 1:20-cv-00217.

13.     Pursuant to 28 U.S.C. Section 1447(c), LG 37 Doe has thirty (30) days from the filing of the Notice of Removal to make a motion to remand the case back to the Supreme Court of the State of New York, County of Erie.

14.     LG 37 Doe opposes, in its entirety, the relief requested by BSA in the Notice of Removal.

15.     LG 37 Doe will be filing a motion in the United States District Court for the Western District of New York, on or before March 20, 2020, requesting that the case be severed as to the non-debtor defendants, The Child Molester and GNF Council, and the case remanded back to the Supreme Court of the State of New York, County of Erie.

## I.     THE RELIEF REQUESTED BY BSA IS IN DIRECT CONTRAVENTION TO THE PURPOSE OF THE NEW YORK STATE CHILD VICTIMS ACT

16.     The direct effect of BSA's requested preliminary injunction would be to benefit non-bankrupt co-defendants, The Child Molester and GNF Council, with the protection of a bankruptcy stay, while LG 37 Doe, the victim of child sexual assault is estopped from pursuing litigation against any responsible party.

17.    This is in direct contravention to the Child Victims Act, which was enacted in New York State on February 14, 2019, and in relevant part, extended the statute of limitations to bring a civil action for the sexual abuse of a child until the victim reaches fifty-five (55) years old, and opened a one year window from August 14, 2019, for previously time-barred actions for child sexual abuse victims. New York Civil Practice Law and Rules §§ 208, 214-g.

18.    The New York Senate Sponsors' Memorandum for the Child Victims Act set forth the justification for the Child Victims Act, and the injustice it was designed to remedy as follows:

> New York is one of the worst states in the nation for survivors of child sexual abuse. New York currently requires most survivors to file civil actions or criminal charges against their abusers by the age of 23 at most, long before most survivors report or come to terms with their abuse, which has been estimated to be as high as 52 years old on average. Because of these restrictive statutes of limitations, thousands of survivors are unable to sue or press charges against their abusers, who remain hidden from law enforcement and pose a persistent threat to public safety.
>
> [Omitted]
>
> Passage of the Child Victims Act will finally allow justice for past and future survivors of child sexual abuse, help the public identify hidden child predators through civil litigation discovery, and shift the significant and lasting costs of child sexual abuse to the responsible parties.
>
> 2019 New York Senate Bill No. 2440, New York Two Hundred Forty-Second Legislative Session.

19.    The relief requested by the BSA protects the BSA, GNF Council and The Child Molester.  It unjustly deprives the victims of child sexual abuse, specifically, LG 37 Doe, from their statutory right to now seek justice against abusers and the entities which protected child molesters at the expense of innocent children.

20.    BSA's explicit goal in this bankruptcy proceeding is to force the victims of sexual abuse to agree to a "global resolution" of all sexual abuse claims. *See* BSA Brief, p. 3.

4

21.    BSA seeks to accomplish that goal by robbing plaintiffs across the country from their choice of forum and having all pending abuse action cases transferred to the Delaware District Court and subjected to mandatory mediation. *See* Exhibit D, para. 4.

22.    Instead of The Child Molester and GNF Council bearing the costs of the years long sexual abuse and trauma LG 37 Doe endured at the hand of The Child Molester, it is LG 37 Doe who will be forced to expend considerable sums to travel to and litigate his action in the Delaware District Court.  It will also severely impair his ability to procure witnesses, as all parties, with the exception of BSA, are residents of the State of New York, County of Erie. *See* Exhibit A, para. 1, 4, and 9.

23.    Moreover, the preliminary injunction effectively deprives LG 37 Doe of his right under 28 U.S.C. Section 1447(c) to file a motion seeking to remand his action against The Child Molester and GNF Council back to the Supreme Court of the State of New York, County of Erie. *See* BSA proposed Order (Doc 6-1) prohibiting and enjoining LG 37 Doe from continuing to prosecute any action or claims against the BSA or the BSA Related Parties arising out of his involvement or connection with the BSA until at least August 17, 2020.

24.    The undisputable hardship that LG 37 Doe will face if his case is transferred to Delaware District Court, without even being given a chance to make a motion to remand and sever in the Western District of New York is insurmountable and irreparable, and in direct odds with the New York State Legislature's objective in passing the Child Victims Act.

## II.    BSA HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING "UNUSUAL CIRCUMSTANCES" SUCH THAT A STAY SHOULD BE EXTENDED TO NON-BANKRUPT CO-DEFENDANTS IN PENDING ABUSE ACTIONS

25.    It is well-established that stays pursuant to § 362(a) of the Bankruptcy Code are limited only to debtors and does not extend to "co-tortfeasors," "joint obligors," "guarantors,"

5

"sureties," or other non-debtor "co-defendants." <u>Accord Maritime Electric Company v. United Jersey Bank</u>, 959 F.2d 1194, 1204 (3d Cir.1991) ("[t]he clear language of Section 362(a) indicates that it stays only proceedings against a 'debtor'—the term used by the statute itself").

26.    Courts have held, that in "unusual circumstances" the automatic stay may be extended to non-debtors. <u>A.H. Robins Co., Inc. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir.1986); <u>In re Uni-Marts, LLC</u>, 399 B.R. 400, 416 (Bankr. D. Del. 2009); <u>NHI REIT of TX-IL, LLC v. LaSalle Grp., Inc.</u>, 387 F. Supp. 3d 850, 852 (M.D. Tenn. 2019); <u>Luppino v. York</u>, 562 B.R. 894, 898 (W.D. Tex. 2016); <u>In re Union Tr. Philadelphia, LLC</u>, 460 B.R. 644, 657–58 (E.D. Pa. 2011).

27.    The burden of showing "unusual circumstances" to extend the automatic stay to non-bankrupt debtors falls on the party seeking the extension. <u>NHI REIT of TX-IL, LLC v. LaSalle Grp., Inc.</u>, 387 F. Supp. 3d 850, 852 (M.D. Tenn. 2019); <u>Luppino v. York</u>, 562 B.R. 894, 898 (W.D. Tex. 2016); <u>In re Union Tr. Philadelphia, LLC</u>, 460 B.R. 644, 657–58 (E.D. Pa. 2011).

28.    According to the Fourth Circuit's seminal case on this issue, <u>A.H. Robins Co., Inc. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir.1986):

> [t]his "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. <u>In re Uni-Marts, LLC</u>, 399 B.R. 400, 416 (Bankr. D. Del. 2009)

29.    Here, it is respectfully submitted that BSA has failed to meet its burden of showing "unusual circumstances" such that the automatic stay should be extended to "BSA Related Parties", specifically GNF Council.

6

30.     BSA admits that it is a separate legal entity apart from GNF Council, and that GNF Council is independently incorporated from BSA. *See* Exhibit C, para. 6; Brief, p. 6.

31.     BSA's claim that "'[u]nusual circumstances' are present in this case such that an extension of the protections of the automatic stay over the BSA Related Parties is both necessary and appropriate, as BSA personnel and records will be required in any ongoing litigation against the BSA Related Parties", is not supported by case law. BSA Brief, p. 21-22.

32.     However, it has already been held that "[t]he need for discovery" is not an "unusual circumstance." Stanford v. Foamex L.P., No. CIV. A. 07-4225, 2009 WL 1033607, at *4 (E.D. Pa. Apr. 15, 2009). The Court in Stanford v. Foamex L.P., No. CIV. A. 07-4225, 2009 WL 1033607, at *4 (E.D. Pa. Apr. 15, 2009) specifically found that:

> if the alleged need for discovery was sufficient to justify extending the stay to non-bankrupt parties, courts would need to extend the stay in most multiparty actions, which is contrary to the limited nature of the "unusual circumstances" exception. Moreover, the "unusual circumstances" exception is geared toward protecting *the debtor* during the pendency of the debtor's bankruptcy proceeding, either by preventing lawsuits against third parties where the debtor is the real party in interest or by allowing certain individuals to focus their attention and time on the debtor's reorganization. Staying an action because of routine discovery needs aids the non-bankrupt co-defendants, not the debtor, and therefore falls outside the scope of the unusual circumstances exception.

33.     Here, it is abundantly clear that the preliminary injunction requested is for the aid of non-bankrupt co-defendants in pending abuse actions, not BSA, and therefore, outside the scope of the unusual circumstances exception. *See e.g.,* BSA Brief, p. 25, requesting bankruptcy stay be extended to pending abuse actions where BSA is not even a named defendant.

34.     The automatic stay does not extend to non-bankrupt parties merely because the non-bankrupt parties "are in a similar legal or factual nexus with the debtor." Stanford v. Foamex L.P., No. CIV. A. 07-4225, 2009 WL 1033607, at *3 (E.D. Pa. Apr. 15, 2009) (internal citations

omitted). "To extend the stay to non-debtors merely because of factual and legal relatedness would be contrary to both the plain text of § 362 and the Third Circuit's reasoning." Id.

35.    Although BSA asserts that it is the "real party defendant", and that a judgment against the BSA Related Parties in any of the Pending Abuse Actions would in effect be a judgment or finding against the debtors, there is simply no legal or factual basis for the same. *See* Brief, p. 22.

36.    BSA is a legal entity separate and distinct from Local Councils.  BSA admits that Local Councils are independently incorporated under the laws of their respective states. *See* BSA Brief, p. 1.

37.    Notably absent from BSA's filings is any indication that Local Councils' assets will be considered part of BSA's bankruptcy estate or that Local Councils will be required to submit their assets to this Court's jurisdiction in part of BSA's request for a "global resolution" of the approximately 275 pending abuse action cases.

38.    In fact, BSA admits that the Local Councils' have assets separate and apart from BSA. *See* BSA Brief, p. 16.

39.    With respect to LG 37 Doe's Action, the non-bankrupt defendant GNF Council has already assured its members that GNF Council has not filed for bankruptcy and that

> The Greater Niagara Frontier Council – which provides programming, financial, facility and administrative support to local units and individual Scouts in our area – is separate and distinct from the national organization. Our camps, properties and all local contributions are controlled by our council. *See* Mark Scott and Marian Hetherly, Local Boy Scouts Program not Tied to National Bankruptcy (February 18, 2020) A copy of said Article is annexed hereto, made part hereof, and designated **Exhibit E.**

40.     It is clear, by GNF Council's own statement, that it is not considering itself as one and the same entity as BSA, and it is respectfully submitted that this Court should not arrive at a different result.

41.     Local Councils, including GNF Council, should not receive the benefits of a bankruptcy stay, unless they each file their own bankruptcy petition. *See* Kreisler v. Goldberg, 478 F.3d 209, 213-214 (4th Cir. 2009) (Court noted that "[i]t is a fundamental precept of corporate law that each corporation is a separate legal entity with its own debts and assets, even when such corporation is wholly owned by another corporate entity." Court denied debtor's argument that debtor was the real party defendant in a suit against non-bankrupt subsidiary corporation, finding that if that entity wanted the protections afforded under Section 362(a)(1) it must file for bankruptcy).

42.     LG 37 Doe, and other victims of child sexual abuse with cases pending against Local Councils should be able to pursue those actions separately and if successful, recover against the Local Councils and their assets.

43.     To the extent that BSA argues because of possible "shared" insurance policies, they will be harmed absent a stay of the pending abuse actions, it should be considered on a case by case basis and after litigants have had an opportunity to seek discovery regarding all potential insurance coverage available to the victims of sexual abuse victims, specifically including whether BSA Related Entities have their own separate insurance coverage during the periods of time alleged in the pending abuse actions.

44.     BSA's motion for a preliminary injunction and the papers submitted in connection therewith, fail to establish that GNF Council shared insurance coverage with BSA during the period of time alleged in LG 37 Doe's Complaint, namely 1983 to 1987.

45.     BSA's filings also fail to establish that GNF Council did not maintain its own insurance coverage as it would relate to LG 37 Doe's Action.

46.     The mere presence of an insurance policy, which BSA admits has already been substantially depleted, exhausted or settled, should not be a basis for non-bankrupt debtors to benefit from a bankruptcy stay. *See* BSA Brief, p. 29.

47.     Therefore, it is respectfully submitted, that BSA has failed to meet its burden of establishing "unusual circumstances" such that this Court may issue an order extending a stay to non-bankrupt co-defendants in pending abuse actions.

## III.    BSA FAILED TO MEET ITS BURDEN OF ESTABLISHING ITS ENTITLEMENT TO A PRELIMINARY INJUNCTION UNDER THE TRADITIONAL TEST

48.     With respect to the traditional four prong test used to determine whether the court should grant a preliminary injunction, BSA again failed to meet its burden.

49.     The Court in In re Am. Film Techs., Inc., 175 B.R. 847, 849 (Bankr. D. Del. 1994), sets forth the four factors the court must consider in deciding whether to grant a preliminary injunction: "(1) the likelihood that the plaintiff will prevail on the merits at a final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is granted; and (4) the public interest." (internal citations omitted).

### A.    BSA HAS FAILED TO ESTABLISH IT WILL SUCCESSFULLY REORGANIZE

50.     Here, there has been no showing by BSA that it will ultimately be successful in reorganization.

51.     BSA admits that it only filed for Chapter 11 Bankruptcy relief after its former attempts to force a global resolution of pending abuse claims were unsuccessful. BSA Brief, p. 3.

52.     It is apparent, through BSA's motion for a preliminary injunction, motion for certain cases to be referred to mandatory mediation, and most recently, motion to fix venue for these pending abuse actions to be the Delaware District Court, that BSA's ultimate goal is to subvert the child sexual abuse victims' ability to pursue their claims in the forum of their choosing and eliminate their ability to pursue their claims against Local Councils.

53.     BSA completely ignores the concerns it admits were raised by some counsel for sexual abuse victims in November 2019, namely, that Local Councils have significant abuse liabilities and unrestricted assets and that such assets should also be used to compensate victims. *See* BSA Brief, p. 14.

54.     BSA never addresses, much less rectifies, these valid concerns, in its voluminous filings with the Delaware District Court.

55.     As such, there is a valid concern, as to whether BSA filed for Chapter 11 bankruptcy relief in good faith.

56.     The plaintiffs in the underlying pending abuse actions have additional time to file motions to remand and/or sever in their respective district courts, and it is anticipated the majority, if not all, will oppose BSA's requested relief at this juncture.

57.     Thus, it is certainly not known at this juncture whether BSA will be successful in completely undermining the rationale and purpose of the child sexual abuse victim legislation across the country that has allowed these claims to now be filed. *See* Matter of Johns-Manville Corp., 26 B.R. 405, 409 (Bankr. S.D.N.Y. 1983), aff'd sub nom. In re Johns-Manville Corp., 40 B.R. 219 (S.D.N.Y. 1984) (Court denied request for preliminary injunction to non-bankrupt co-defendants, finding that it was not within the Court's power to grant a pervasive extension of the

stay so as to suspend the litigation nationwide and create the co-defendants purported goal of an expedient, efficient and fair compensatory delivery system to asbestos victims).

58.     Therefore, it is respectfully submitted that BSA has failed to meet its burden of establishing a substantial likelihood it will be successful in reorganizing.

## B. BSA HAS MADE NO SHOWING IT WILL BE IRREPARABLY HARMED IF THE PRELIMINARY INJUNCTION IS NOT GRANTED

59.     BSA's conclusory and self-serving claims that it will be irreparably harmed if the requested preliminary injunction is not granted are wholly insufficient for this Court to find irreparable harm.

60.     BSA first claims it will be irreparably harmed based upon *a threat* that continuation of the actions will deplete certain assets due to the existence of some shared insurance policy. *See* BSA Brief, p. 35.

61.     However, as BSA previously admitted, Local Councils have their own assets (*see* BSA Brief, p. 16), and LG 37 Doe submits, as GNF Council is its own independent entity, it may have its own insurance policy to which he can collect against if successful in his Action.

62.     Thus, there is no evidence that continuation of the pending abuse actions as the child sexual molesters and Local Councils that the BSA's insurance policy will be impacted.

63.     BSA next contends that it will be irreparably harmed due to substantial risks of collateral estoppel, record taint and evidentiary prejudice as it could *potentially* face binding judgments that would substantially increase the number and size of claims against its estate without an opportunity to defend itself. *See*  BSA Brief, p. 36.

64.     BSA provides no evidence or basis for its bold assertion that it will face binding judgments if the pending abuse actions proceed as to non-bankrupt defendants only.

65.    BSA stresses repeatedly throughout its filings that it is a separate legal entity from Local Councils and makes no reference to an agreement to indemnify Local Councils or under what legal or factual basis it would be responsible for a judgment against a non-bankrupt co-defendant in the pending abuse actions.

66.    Finally, BSA contends that continuation of the pending abuse actions will take away from its reorganization efforts as it will *be forced* to monitor and participate in such litigation. BSA Brief, p. 37.

67.    It is respectfully submitted, that BSA's self-imposed decision to provide counsel and support for separate, independent entities, should not be rewarded by the granting of their requested relief, and certainly does not rise to the level of showing irreparable harm.

## C.  LG 37 DOE WILL BE IRREPARABLY HARMED IF THE PRELIMINARY INJUNCTION IS GRANTED

68.    LG 37 Doe, and other victims of child sexual abuse stemming from their involvement with BSA, will be effectively estopped from pursuing their claims in a forum of their choosing, even as to non-bankrupt defendants.

69.    It is clear that BSA's intent in filing this motion for a preliminary injunction is not to grant BSA a "breathing spell", but rather, to stop the filing and prosecution of all pending abuse actions across the nation, even as to non-bankrupt parties, until the cases are transferred to the Delaware District Court. *See* BSA's Notice of (I) Commencement of Adversary Proceeding and Filing of Motion for a Preliminary Injunction by the BSA, (II) Meeting to Consider the Formation of an Official Committee of Creditors and (III) Filing of Motion by the BSA Debtors to Fix Venue for Claims Related to the Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b), filed in the United States District Court for the Western District of New York, Case No. 1:20-cv-00217, on March 4, 2020, annexed hereto, made part hereof, and designated **Exhibit F**.

13

70.     If BSA's requested relief is granted, local District Courts, may no longer consider timely motions to remand and/or sever on the impacted cases, as it could be considered prosecution of the action.

71.     The underlying plaintiffs of the pending abuse actions will most certainly be irreparably harmed if the ability for them to sue the individuals and institutions liable for the horrendous sexual abuse they sustained is ripped away forever.

72.     In New York Court, the Child Victims Act, created a one year window that will *expire completely prior to the BSA's requested injunction date*.

73.     Thus, the harm to the victims of child sexual abuse is real, irreparable and far outweighs the purported harm to BSA.

74.     Moreover, the findings that BSA is requesting in this motion for preliminary injunctive relief, will most certainly be used against the victims of child sexual abuse in response to motions to remand and/or sever the pending abuse actions as to the debtor and non-bankrupt co-defendants, as it requires the court to find that BSA and local council are related and will have an impact on BSA's bankruptcy estate, without the victims being given a fair opportunity to litigate that issue in their respective local District Courts.

75.     Therefore, the real party that will be collaterally estopped by the granting of this relief without an opportunity to be heard, is the victims of child sexual abuse.  The very persons that states across the nation have passed legislation to redress and provide an avenue for closure.

76.     BSA, through the numerous avenues to enjoin, consolidate, and mediate the pending abuse actions, is effectively slamming shut the door, which was finally opened to many victims, to hold the child molesters and responsible institutions liable in a court of law.

### D.  PUBLIC INTEREST WEIGHS IN FAVOR OF DENYING BSA'S MOTION FOR A PRELIMINARY INJUNCTION

77.     BSA claims that the purpose of it filing for Chapter 11 relief and the instant

motions is to provide equitable relief to victims of child sexual abuse and to do it expeditiously.

78.     However, as set forth herein, the relief requested accomplishes precisely the

opposite.

79.     For LG 37 Doe, it closes the door that the Child Victims Act opened for him to

pursue legal action against The Child Molester, GNF Council and BSA.

80.     It seeks to protect independent, solvent corporations who are liable for sexual

abuse of innocent children, which is in contravention to the New York State Legislature's

justification for passing the Child Victims Act.

81.     Thus, it is respectfully submitted that the public interest in seeing institutions

liable for sexual abuse of children be held accountable, is far more important, than BSA's self-

serving attempt to minimize its negative exposure in the media, force a global resolution on

victims of child sexual abuse, even as to non-bankrupt parties, and to rob the victims of their last

chance at closure.

## IV.     MOTION FOR MANDATORY MEDIATION AND APPOINTMENT OF A JUDUCIAL MEDIATOR IS PREMATURE

82.     BSA's motion to have the pending abuse actions referred to mandatory mediation

overseen by a judicial mediator in the bankruptcy process, is premature, as the local District

Courts have not yet had an opportunity to hear plaintiffs' motions to remand and/or sever.

83.     Furthermore, there is no indication or assurance by BSA that all assets for BSA

*and* the non-bankrupt BSA Related Parties will be included as funds available to the victims of

sexual abuse.

84.    Therefore, until plaintiffs have an opportunity to have their motions to remand and/or sever heard in their respective District Courts and BSA provides sufficient proof that all assets for BSA and each of the non-bankrupt co-defendants it seeks to have included in the stay and mediation, the relief requested herein is premature and should be denied.

**WHEREFORE**, it is respectfully requested that the Court deny in its entirety the relief requested by BSA, along with all further relief that this Court deems just and proper.

Laraine Kelley, Esq.

Sworn to before me this 11th day of March, 2020.

Notary Public

ERIN M. NARDOZZI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NA6241165
Qualified in Erie County
My Commission Expires 05-16-2023

# EXHIBIT A

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM

NYSCEF DOC. NO. 1

INDEX NO. 816082/2019

RECEIVED NYSCEF: 12/03/2019

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

LG 37 DOE

                        Plaintiff,

vs.                                                    **SUMMONS**

DOUGLAS NAIL
190 S. Bryant Street
Depew, New York 14043

GREATER NIAGARA FRONTIER
COUNCIL, INC., BOY SCOUTS
OF AMERICA
2860 Genesee Street
Buffalo, New York 14225

BOY SCOUTS OF AMERICA
1325 Walnut Hill Lane, S 406
Irving, Texas 75038

                        Defendants.

TO THE ABOVE NAMED DEFENDANTS:

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

        Erie County is designated as the place of trial on the basis on the Defendant's place of business located in Depew, New York.

DATED:        Buffalo, New York
              December 2, 2019

                              LIPSITZ GREEN SCIME CAMBRIA LLP

                              By: _____
                                 RICHARD P. WEISBECK, JR., ESQ.
                                 CHRISTINA M. CROGLIO, ESQ.
                                 Attorneys for Plaintiff
                                 42 Delaware Avenue, Suite 120
                                 Buffalo, New York 14202-3924
                                 (716) 849-1333
                                 [RPW: # 66580.0001]

3713960, 1, 066580.0001

1 of 10

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

LG 37 DOE

Plaintiff,

vs.

DOUGLAS NAIL,
GREATER NIAGARA FRONTIER
COUNCIL, INC., BOY SCOUTS OF AMERICA, and
BOY SCOUTS OF AMERICA,

Defendants.

**COMPLAINT**

---

Plaintiff, above named, by his attorneys, LIPSITZ GREEN SCIME CAMBRIA

LLP, for his Complaint against Defendants, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, HEREIN, PLAINTIFF, LG 37 DOE, ALLEGES AS FOLLOWS:

1.    Plaintiff, LG 37 DOE, is a resident of the State of New York.

2.    This action is commenced pursuant to the provisions of the Child Victims Act.

3.    At the time of the incidents set forth herein, Plaintiff, LG 37 DOE, (hereinafter referred to as "THE CHILD") was an infant having been born in 1972.

4.    Upon information and belief, at all times herein mentioned, Defendant, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA, was and still is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York and maintains an office for the transaction of business located within the County of Erie and State of New York.

5.    Upon information and belief, at all times hereinafter mentioned, Defendant, BOY SCOUTS OF AMERICA, was and is a federally chartered corporation authorized to

3714001.1.066580.0001

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM

NYSCEF DOC. NO. 1

INDEX NO. 816082/2019

RECEIVED NYSCEF: 12/03/2019

transact business in the State of New York.  Its principal headquarters is located in Irving, Texas.

6.      Defendants GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA and BOY SCOUTS OF AMERICA, are hereinafter collectively referred to as "BOY SCOUTS OF AMERICA."

7.      The BOY SCOUTS OF AMERICA markets itself as a youth organization with a stated mission "to prepare young people to make ethical and moral choices over their lifetimes by instilling in them the values of the Scout Oath and Scout Law."

8.      Despite its stated mission, the BOY SCOUTS OF AMERICA organized its youth programs so as to create a pedophile paradise ideal for child molesters acting as Scout Masters to commit sexual assaults and sexual crimes upon infant children.

9.      Upon information and belief, Defendant, DOUGLAS NAIL (hereinafter referred to as "THE CHILD MOLESTER") resides in the Village of Depew and State of New York.

10.     Upon information and belief, at all times herein mentioned, THE CHILD MOLESTER was appointed to a position by the BOY SCOUTS OF AMERICA conferring upon THE CHILD MOLESTER the title "Scout Master."

11.     Upon information and belief, at all times herein mentioned, the CHILD MOLESTER was assigned to Boy Scouts of America Troop 565 as a Scout Master by Defendant, BOY SCOUTS OF AMERICA, and was acting as its agent, employee and/or representative.

12.     Upon information and belief, at all times herein mentioned, THE CHILD MOLESTER was under the direction, supervision and control of Defendant, BOY SCOUTS OF AMERICA.

3714001.1,066580.0001

2

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM

NYSCEF DOC. NO. 1

INDEX NO. 816082/2019

RECEIVED NYSCEF: 12/03/2019

13.    At times hereinafter mentioned, THE CHILD was a member of Boy Scouts of America Troop 565.

14.    Beginning in or about 1983, and continuing through sometime in or about 1987, the CHILD MOLESTER sexually assaulted and committed battery upon THE CHILD at and during Boy Scout events and other locations.  The sexual assaults and battery constituted sexual offenses as defined in Article 130 of the Penal Law.

15.    The sexual crimes committed by THE CHILD MOLESTER herein were willful, malicious and intentional and resulted in injury to THE CHILD.

16.    As a direct result of conduct by THE CHILD MOLESTER as described herein, THE CHILD, has suffered, and continues to suffer great physical and emotional pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, flashbacks, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining full enjoyment of life, and has incurred and will continue to incur expenses for medical psychological treatment, therapy and counseling.

17.    This action falls within one or more of the exceptions set forth in CPLR §1602.

18.    As a result of the foregoing, THE CHILD, has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

19.    As a result of the foregoing, THE CHILD, claims punitive damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

3714001.1.066580.0001

3

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM

NYSCEF DOC. NO. 1

INDEX NO. 816082/2019

RECEIVED NYSCEF: 12/03/2019

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

20.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth herein.

21.     Upon information and belief, Defendant, BOY SCOUTS OF AMERICA, trained, selected, approved and appointed THE CHILD MOLESTER as a Scout Master for Boy Scouts of America Troop 565, placing him in a position with authority and power over THE CHILD.

22.     Defendant, BOY SCOUTS OF AMERICA, knew or reasonably should have known of the propensities of THE CHILD MOLESTER to commit acts of sexual assault, battery, rape and other sexual crimes against THE CHILD and other children.

23.     Upon information and belief, Defendant, BOY SCOUTS OF AMERICA, failed to report to the police or other governmental agencies sexual crimes committed by THE CHILD MOLESTER upon infant boys in Boy Scouts of America Troop 565.

24.     Upon information and belief, prior to the incident set forth herein, Defendant, BOY SCOUTS OF AMERICA, was aware and was otherwise on actual notice that a number of its Scout Masters, were sexually abusing and/or sexually assaulting and/or molesting and/or raping young boys.

25.     Upon information and belief, the aforesaid incidents and resultant injury and damages to THE CHILD were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in the training, hiring, selecting and assignment of THE CHILD MOLESTER.

26.     The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA,

3714001, 1, 066580.0001

4

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM

NYSCEF DOC. NO. 1

INDEX NO. 816082/2019

RECEIVED NYSCEF: 12/03/2019

constitute reckless disregard for the safety of THE CHILD and other children.

27.    As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

28.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth herein.

29.    Upon information and belief, the aforesaid incidents and resultant injury to THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in structuring and organizing its youth programs so as to create a pedophile paradise ideal for child molesters acting as Scout Masters to commit sexual assaults and sexual crimes upon infant children.

30.    The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

31.    As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

32.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth herein.

33.    Upon information and belief, the aforesaid incidents and resultant injury to

3714001.1.066580.0001

5

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM
NYSCEF DOC. NO. 1

INDEX NO. 816082/2019

RECEIVED NYSCEF: 12/03/2019

THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in retaining of THE CHILD MOLESTER.

34.     The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

35.     As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

36.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "35" of this Complaint with the same force and effect as if fully set forth herein.

37.     Upon information and belief, the aforesaid incidents and resultant injury to THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in supervising THE CHILD MOLESTER.

38.     The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

39.     As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "39" of this Complaint with the same force and effect as if fully set forth herein.

3714001.1, 066580.0001

6

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM    INDEX NO. 816082/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/03/2019

41.    Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate THE CHILD and/or the parents of THE CHILD of the danger of sexual assault THE CHILD MOLESTER posed to THE CHILD.

42.    Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate THE CHILD and/or the parents of THE CHILD of the danger of sexual assault its Scout Masters posed to THE CHILD and other children.

43.    Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate all adult volunteer Scout Masters of the danger of sexual assault its Scout Masters posed to THE CHILD and other children.

44.    As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SEVENTH CAUSE OF ACTION
AGAINST DEFENDANT, BOY SCOUTS OF AMERICA,
HEREIN:**

45.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "44" of this Complaint with the same force and effect as if fully set forth herein.

46.    Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the damages sustained by THE CHILD because THE CHILD MOLESTER was aided by his position with the BOY SCOUTS OF AMERICA in committing the sexual assaults and battery upon THE CHILD.

47.    As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

3714001.1, 056580.0001

7

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM

NYSCEF DOC. NO. 1

INDEX NO. 816082/2019

RECEIVED NYSCEF: 12/03/2019

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

48.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "47" of this Complaint with the same force and effect as if fully set forth herein.

49.    Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the actions of THE CHILD MOLESTER because the BOY SCOUTS OF AMERICA materially increased the risk of sexual assault or sexual crimes upon THE CHILD and other young boys by conferring power or authority on its Boy Scout leaders over THE CHILD and other young boys.

50.    Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the sexual assault and battery committed upon THE CHILD by THE CHILD MOLESTER because the BOY SCOUTS OF AMERICA regularly placed THE CHILD MOLESTER and other Boy Scout leaders in situations of intimate or personal contact with THE CHILD and other young boys.

51.    As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against Defendants, either jointly or severally, in the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

3714001.1, 056580.0001

8

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM      INDEX NO. 816082/2019

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 12/03/2019

DATED:      Buffalo, New York
            December 2, 2019         LIPSITZ GREEN SCIME CAMBRIA LLP

                                     By: _____
                                         RICHARD P. WEISBECK, JR., ESQ.
                                         CHRISTINA M. CROGLIO, ESQ.
                                     Attorneys for Plaintiff
                                     42 Delaware Avenue, Suite 120
                                     Buffalo, New York 14202-3924
                                     (716) 849-1333
                                     [RPW: # 66580.0001]

9

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

LG 37 DOE,

Plaintiff,                     Index No. 816082/2019

vs.

DOUGLAS NAIL,
GREATER NIAGARA FRONTIER          **ANSWER**
COUNCIL, INC., BOY SCOUTS
OF AMERICA and
BOY SCOUTS OF AMERICA,

Defendants.

---

The defendant, DOUGLAS NAIL, by his attorneys, WALSH, ROBERTS & GRACE
LLP, for his Answer to the plaintiff's Complaint herein, states as follows:

1.      DENIES having knowledge or information sufficient to form a belief as to the
allegations contained in the paragraphs numbered "1", "2", "3", "4", "5", "6" and "13" of
plaintiff's Complaint.

2.      ADMITS the allegations contained in the paragraph numbered "7" of plaintiff's
Complaint.

3.      DENIES specifically the allegations contained in the paragraphs numbered
"8", "9", "10", "11", "12", "14", "15", "16", "17", "18", "19", "21", "22", "23", "24", "25", "26",
"27", "29", "30", "31", "33", "34", "35", "37", "38", "39", "41", "42", "43", "44", "46", "47", "49",
"50" and "51" of plaintiff's Complaint.

4.      ADMITS so much of the allegations contained in the paragraphs of plaintiff's
complaint numbered "20", "28", "32", "36", "40", "45" and "48" as are elsewhere herein

Page 1 of  5

admitted and DENIES so much of the allegations of said paragraphs as are elsewhere herein denied.

5.    DENIES each and every other and further allegation contained in plaintiff's Complaint not hereinbefore specifically admitted.

## AS AND FOR A FIRST, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

6.    That the Complaint of the plaintiff herein fails to state a cause of action against the answering defendant and by reason of the premises, this action may not be maintained.

## AS AND FOR A SECOND, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

7.    Plaintiff's damages, if any, should be diminished to the extent plaintiff failed to mitigate his damages.

## AS AND FOR A THIRD, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

8.    If this answering defendant's equitable share of the total liability assigned to all persons liable, whether parties to the instant litigation or not, same being specifically denied herein, is fifty percent (50%) or less then this answering defendant will rely upon the provisions of Article 16 of the CPLR with regard to limitation of joint and several liability.

Page 2 of 5

**AS AND FOR A FOURTH, SEPARATE, COMPLETE AND
AFFIRMATIVE DEFENSE TO THE CAUSE OF
ACTION ALLEGED IN THE COMPLAINT, THE
ANSWERING DEFENDANT ALLEGES:**

9.      Any injuries suffered by the plaintiff were caused by the superseding and

intervening acts, fault, omissions, negligence or other culpable conduct of others, over who

defendant DOUGLAS NAIL has no control, and not from any act, omission, negligence or

culpable conduct on the part of defendant DOUGLAS NAIL.

**AS AND FOR A FIFTH, SEPARATE, COMPLETE AND
AFFIRMATIVE DEFENSE TO THE CAUSE OF
ACTION ALLEGED IN THE COMPLAINT, THE
ANSWERING DEFENDANT ALLEGES:**

10.     Plaintiff's injuries, if any, were caused in whole or in part by the acts or

omissions third of parties over whom defendant DOUGLAS NAIL had no control.

**AS AND FOR A SIXTH, SEPARATE, COMPLETE AND
AFFIRMATIVE DEFENSE TO THE CAUSE OF
ACTION ALLEGED IN THE COMPLAINT, THE
ANSWERING DEFENDANT ALLEGES:**

11.     Plaintiff's Complaint fails to name indispensable or necessary parties.

**AS AND FOR A SEVENTH, SEPARATE, COMPLETE AND
AFFIRMATIVE DEFENSE TO THE CAUSE OF
ACTION ALLEGED IN THE COMPLAINT, THE
ANSWERING DEFENDANT ALLEGES:**

12.     Any alleged omission or failure to act was not the proximate cause, legal

cause, cause in fact, or a substantial factor in bringing about the plaintiff's alleged injuries

or damages.

**AS AND FOR A EIGHTH, SEPARATE, COMPLETE AND
AFFIRMATIVE DEFENSE TO THE CAUSE OF
ACTION ALLEGED IN THE COMPLAINT, THE
ANSWERING DEFENDANT ALLEGES:**

Page 3 of  5

13.    The answering defendant asserts that plaintiff's claims are barred, in whole or in part, by the Doctrine of Laches and the applicable Statute of Limitations.

### AS AND FOR NINTH, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

14.    The answering defendant asserts that the Child's Victim Act is unconstitutional.

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS, THE ANSWERING DEFENDANT ALLEGES:

15.    That, if plaintiff LG 37 DOE sustained the injuries and/or damages alleged in the Complaint, and if the said plaintiff obtains a recovery against the answering defendant, then the answering defendant is entitled to judgment over and against the co-defendants, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA and BOY SCOUTS OF AMERICA, for all or part of any such recovery.

**WHEREFORE**, defendant LG 37 DOE demands judgment against the plaintiff dismissing the plaintiff's Complaint herein and further demands judgment against the co-defendants, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA and BOY SCOUTS OF AMERICA, for all or part of any recovery obtained by the plaintiff herein against the answering defendant.

DATED:    January 15, 2020
                  Buffalo, New York

Page 4 of 5

WALSH, ROBERTS & GRACE

By: Mark P. Della Posta, Esq.
Attorneys for Defendant DOUGLAS NAIL
400 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 856-1636
mdellaposta@walshrobertsgrace.com

TO:    Richard P. Weisbeck Jr., Esq.
       Lipsitz Green Scime Cambria LLP
       Attorneys for Plaintiff
       42 Delaware Avenue, Suite 120
       Buffalo, New York 14202
       (716) 849-1333
       rweisbeck@lglaw.com

       COUNSEL FOR DEFENDANTS,
       GREATER NIAGARA FRONTIER
       COUNCIL, INC.,
       BOY SCOUTS OF AMERICA and
       BOY SCOUTS OF AMERICA

Page 5 of 5

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| LG 37 DOE, | INDEX NO.: 816082/2019 |
| Plaintiff, | **VERIFIED ANSWER** |
| v. | |
| DOUGLAS NAIL, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA, and BOY SCOUTS OF AMERICA, | |
| Defendants. | |

### DEFENDANTS BOY SCOUTS OF AMERICA AND GREATER NIAGARA FRONTIER COUNCIL, BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Boy Scouts of America ("BSA") and Greater Niagara Frontier Council, Boy Scouts of America ("GNFC") (together "Defendants"), by their attorneys Melick & Porter, LLP, for their answer to the Complaint of Plaintiff, responds as follows:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, HEREIN, PLAINTIFF, LG 37 DOE, ALLEGES AS FOLLOWS:

1.     Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

2.     Defendants admit the allegations in Paragraph 2 of the Complaint, subject to their objection (as described in further detail below as part of Defendants' Affirmative and Other Defenses) that the New York Child Victims Act is unconstitutional as applied.

3.     Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

4.      Due to Council mergers over the years, Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 does not contain factual allegations which necessitate an answer from Defendants. To the extent a response is necessary, Defendants deny that GNFC and BSA are the same entity.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the Complaint.

9.      Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

10.      Defendants deny the allegations in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations in Paragraph 11 of the Complaint.

12.      Defendants deny the allegations in Paragraph 12 of the Complaint.

13.      Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

14.      Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

15.      Defendants are without knowledge sufficient to admit or deny whether Plaintiff was abused and whether he suffered any particular damages as a result of that abuse. Defendants assert, however, that they have a practice of accepting victims at their word about being abused and

offering counseling to any victim and family member in need. Counseling is available to Plaintiff through this program and without the necessity of any reciprocal consideration from Plaintiff. BSA further expressly supports and apologizes to any and all victims of abuse—specifically including Plaintiff. Any remaining legal conclusions, assertions, or inferences against Defendants in Paragraph 15 must be denied.

16.    Defendants are without knowledge sufficient to admit or deny whether Plaintiff was abused and whether he suffered any particular damages as a result of that abuse. Defendants incorporate their response from Paragraph 15 herein and deny any remaining legal conclusions, assertions, or inferences against Defendants in Paragraph 16.

17.    Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

18.    Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

19.    Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

20.    Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 20 of the Complaint.

21.    Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

22.    Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

23.    Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants admit only the unfortunate reality that a risk of sexual abuse exists in society at large, with no organization or youth program being immune, including Scouting. Defendants specifically deny that the alleged abuse would ever have been sanctioned and states that such allegations are inconsistent with and would violate BSA's youth protection policies and practices. Defendants deny any further assertions or inferences in Paragraph 24 of the Complaint.

25.     Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

26.     Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

28.     Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 28 of the Complaint.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations. Furthermore, Defendants specifically deny that the alleged abuse would ever have been sanctioned and states that such allegations are inconsistent with and would violate BSA's youth protection policies and practices.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
### DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

32.    Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 32 of the Complaint.

33.    Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

34.    Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

35.    Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

36.    Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 36 of the Complaint.

37.    Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

38.    Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

39.    Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
### DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

40.    Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 40 of the Complaint.

41.    Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

42.    Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

43.    Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

44.    Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

45.    Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 45 of the Complaint.

46.    Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

47.    Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

48.    Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 48 of the Complaint.

49.    Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

50.    Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

51.    Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to the relief requested from Defendants in his WHEREFORE paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

### AS AND FOR A FIRST DEFENSE

The abuse Plaintiff alleges at the hands of Douglas Nail constitutes a violation of the Youth Protection Policies promulgated by the BSA and is therefore beyond the course and scope of Douglas Nail's alleged role as Defendants' employee, agent, and/or volunteer. Defendants are outraged that any individual would take advantage of BSA programs designed to benefit youth— and condemns any such conduct as inconsistent with BSA principles, values, and purposes.

### AS AND FOR A SECOND DEFENSE

Any injuries Plaintiff sustained were proximately caused by Douglas Nail, or alternatively by the acts or omissions of a third party, outside the control of Defendants and in complete contravention to BSA's Youth Protection Policies.

### AS AND FOR A THIRD DEFENSE

Plaintiff's alleged injuries and damages are precluded to the extent they arose from the unforeseeable conduct of Douglas Nail.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's alleged injuries and damages resulted from a superseding and intervening cause, including the criminal conduct of Douglas Nail, undertaken in complete violation of BSA policies and Youth Protection practices.

### AS AND FOR A FIFTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, release, election of remedies, and/or principles of equity.

## AS AND FOR A SIXTH DEFENSE

The New York Child Victims Act[1] is unconstitutional as applied; therefore, Plaintiff's claims are barred in whole or in part by the prior applicable statutes of limitations and/or repose.

## AS AND FOR A SEVENTH DEFENSE

Allowing this case to proceed without regard for any previously-expired statute of limitations or repose violates the due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 6 and 11 of the New York Constitution. In this regard, Plaintiff's claims also violate the common law and are contrary to the public policies of the State of New York.

## AS AND FOR AN EIGHTH DEFENSE

The multi-decade delay between the events at issue and Plaintiff's filing of this lawsuit is inherently damaging to Defendants' ability to obtain a fair trial because, prior to notice of Plaintiff's filing of this lawsuit, Defendants had no inducement to preserve memories or evidence that would be material to disputing Plaintiff's allegations. By way of example only, and without limiting the factual content of Defendants' defense, Defendants are prejudiced by the untimely filing of this lawsuit in that:

(a) The passage of time has resulted in the loss of important evidence relating to the specifics of Plaintiff's allegations;

(b) Because of changing societal mores and standards in the treatment of child abuse allegations and the standard of care for youth serving organizations, adjudication of Plaintiff's claims now based on current social mores and standards is prejudicial; and/or

(c) Other evidence has been lost or obscured.

---

[1] 2019 Sess. Law News of N.Y. Ch. 11 (S. 2440), specifically including the provisions enacted in NY CPLR §§ 208 and 214-g.

## AS AND FOR A NINTH DEFENSE

The New York Child Victim's Act is an *ex post facto* law which is unconstitutional under Article I, Section 9 of the United States Constitution and the corresponding sections of the New York Constitution.

## AS AND FOR A TENTH DEFENSE

To avoid double recovery, any alleged damages must be reduced or offset by any other or collateral recovery by Plaintiff.

## AS AND FOR AN ELEVENTH DEFENSE

Any injuries or damages must be allocated to the responsible party.

## AS AND FOR A TWELFTH DEFENSE

Defendants reserve the right to amend this Answer to assert additional defenses as become apparent through the course of investigation and discovery.

**WHEREFORE,** Defendants respectfully request that the Court enter an order:

(a) Dismissing the Complaint in its entirety;

(b) Awarding Defendants such other and further relief in their favor that the Court deems appropriate under the circumstances.

Dated: New York, New York
       February 3, 2020

                              **Respectfully Submitted,**

                              **MELICK & PORTER, LLP**

                              By:  */s/ Mathew W. Beckwith*
                                   Michael Mazurczak
                                   Mathew W. Beckwith
                                   800 3rd Avenue, 28th Floor
                                   New York, NY 10022
                                   (212) 541-7236

                                   *Counsel for Defendants Boy Scouts of*
                                   *America and Greater Niagara*

*Frontier Council, Boy Scouts of America*

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK,
COUNTY OF NEW YORK  ss.:

Mathew W. Beckwith, being duly sworn, deposes and says:

    1.    I am an attorney of the law firm Melick & Porter, LLP, attorneys for Defendants Boy Scouts of America and Greater Niagara Frontier Council, Boy Scouts of America in this action. I have read the foregoing Answer, know the contents thereof, and the same is true to the best of my knowledge, information, and belief.

    2.    The source of my knowledge and the grounds for my belief are communications, information, and documentation provided by our clients and/or my review of the pertinent court files and other documents.

    3.    The reason that this Verification is made by me and not Defendants is that my law firm maintains its office outside of the counties of Defendants' residences.

Mathew W. Beckwith

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

LG 37 DOE,

               Plaintiff,

v.

DOUGLAS NAIL, GREATER NIAGARA
FRONTIER COUNCIL, INC., BOY SCOUTS
OF AMERICA, and BOY SCOUTS OF
AMERICA,

               Defendants.

Case No. 20-_____ ( ___ )

**NOTICE OF REMOVAL**

### NOTICE OF REMOVAL

Defendant Boy Scouts of America (the "BSA"), a non-profit corporation, by and through

its undersigned counsel, hereby removes the above-captioned civil action (the "Action"), and all

claims and causes of action therein, from the New York Supreme Court, Erie County, to this

Court, pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Notice of Removal, the BSA

respectfully states as follows:

### BACKGROUND

1.     The BSA is a non-profit corporation founded in 1910 and chartered by an act of

Congress in 1916. The BSA is one of the largest youth organizations in the United States and

one of the largest Scouting organizations in the world, with approximately 2.2 million registered

youth participants and approximately 800,000 adult volunteers as of December 2019. The

BSA's mission is to train youth in responsible citizenship, character development, and self-

reliance through participation in a wide range of outdoor activities, educational programs, and, at

older age levels, career-oriented programs in partnership with community organizations.

1

2.      On December 3, 2019, Plaintiff commenced the Action by filing a complaint (the

"Complaint") in the New York Supreme Court, Erie County (the "State Court") against the

Defendants. In the Complaint, Plaintiff alleges, among other things, that the BSA is liable in

connection with certain personal injury tort claims stemming from abuse suffered by Plaintiff.

The Action is one of more than 290 similar civil actions currently pending in state and federal

courts across the country that assert personal injury tort claims against the BSA and various non-

debtor co-defendants arising from the abuse of a former youth or adult member of the BSA either

by an adult scouting leader, an adult volunteer, or by another youth member (such cases and

claims together, the "Pending Abuse Actions").[1]

3.      On February 18, 2020, the BSA and Delaware BSA, LLC, an affiliated non-profit

corporation, each filed a voluntary petition for relief under chapter 11 of Title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of

Delaware (the "Delaware Bankruptcy Court"). The chapter 11 cases are being jointly

administered under the caption *In re: Boy Scouts of America and Delaware BSA, LLC*, Case No.

20-10342 (collectively, the "Chapter 11 Cases").

4.      In connection with the filing of this Notice of Removal, the BSA is filing its

Motion to Transfer Venue (the "Nationwide Transfer Motion") pursuant to 28 U.S.C §§

157(b)(5) and 1334(b), in the United States District Court for the District of Delaware (the

"Delaware District Court"). The Nationwide Transfer Motion seeks to consolidate the Pending

Abuse Actions into the Delaware District Court.

5.      Pursuant to section 157(b)(5), the Delaware District Court has the exclusive

authority to fix venue of personal injury tort claims, including the Pending Abuse Actions, that

---

[1] A complete list of the Pending Abuse Actions that are sought to be transferred pursuant to the Nationwide Transfer
Motion (as defined and discussed below) will be set forth in an exhibit thereto.

are related to the Chapter 11 Cases. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending.*" (emphasis added)); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986) ("Section 157(b)(5) . . . expressly confers on the district court sitting in bankruptcy and having jurisdiction of the bankruptcy proceedings the power to fix the venue of any tort case against the debtor in other districts."); *Hopkins v. Plant Insulation Co.*, 342 B.R. 703, 708 (D. Del. 2006) ("Because the Flintkote bankruptcy is pending in the United States Bankruptcy Court for the District of Delaware, [the Delaware District Court] has the sole authority to determine the appropriate venue for the California Action which alleges personal injury tort and wrongful death claims against, among others, the non-debtor ITCAN."); *see also* 1 COLLIER ON BANKRUPTCY ¶ 3.06 (Richard Levin & Henry J. Sommer eds., 16 ed.) ("Section 157(b)(5) provides that the venue of the PITWD trial is to be determined by the district court in which the title 11 case is pending. This unusual, perhaps unique, provision empowers a court other than that in which the litigation is pending to decide where the trial is to take place.").

6.      Through the Nationwide Transfer Motion, and consistent with the purpose of section 157(b)(5), the BSA seeks to consolidate the Pending Abuse Actions in a single centralized forum in Delaware, where the Chapter 11 Cases are pending, to allow for an efficient and equitable resolution of all Pending Abuse Actions. *See Coker v. Pan Am. Corp. (In re Pan Am. Corp.)*, 950 F.2d 839, 845 (2d Cir. 1991) ("[T]he manifest purpose of section 157(b)(5) was 'to centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of parts of a bankruptcy case.'" (quoting *A.H. Robins Co.*, 788 F.2d at 1011));

*Hopkins*, 342 B.R. at 716 ("The purpose of Section 157(b)(5) is to centralize the administration

of the bankruptcy estate and eliminate having multiple forums adjudicate different parts of the

bankruptcy case.").

7.    By this Notice of Removal, the BSA removes the Action from the State Court to

this Court. Such removal will facilitate the transfer of the Action to the Delaware District Court,

as part of the broader transfer and consolidation of all Pending Abuse Actions pursuant to the

Nationwide Transfer Motion. Because the Delaware District Court, in considering the

Nationwide Transfer Motion, will have the exclusive authority to fix the venue for the trial of the

Pending Abuse Actions (including the Action), the BSA respectfully submits that this Court

should refrain from taking any further action in this case, including any decisions with respect to

any motions to remand or abstain therefrom, pending the decision of the Delaware District Court

as to the appropriate venue for this Action. *See, e.g.*, *A.A. v. Society of Jesus*, No. C09-00262

(MJP), 2009 WL 10676663, at *2 (W.D. Wash. May 7, 2009) (reserving ruling on motion to

remand abuse related claims against non-debtor defendant pending decision on 157(b)(5) transfer

motion by district court in which co-defendant's bankruptcy was pending); *George Junior

Republic in Penn. v. Williams*, 2008 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008) (transferring

removed action to district court where bankruptcy case was pending because that court was in

the best position to evaluate whether remand was appropriate); *Whittingham v. CLC of Laurel,

LLC*, No. 2:06cv11-KS-MTP, 2006 WL 2423104, at *1 (S.D. Miss. Aug. 22, 2006) (denying

motion for remand and/or abstention because "[o]ne venue needs to manage the legal issues" and

district court where bankruptcy case was pending should consider such issues); *Wise v. Cypress

Manor Care Center Inc.*, No. Civ. A. 05-1555, 2006 WL 149032, at *2 (W.D. La. Jan 19. 2006)

("Whether to abstain or proceed, however, as with transfer under section 157(b)(5), is a question

for the district court in which the bankruptcy is pending, not this Court."); *In re Calumet Nat'l*

*Bank v. Levine*, 179 B.R. 117, 123 (N.D. Ind. 1995) (staying all proceedings to allow 157(b)(5)

motion to be presented to and decided by district court where bankruptcy was pending).

## GROUNDS FOR REMOVAL

8.      Removal of the Action is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

9.      Section 1452(a), which governs the removal of civil actions related to a

bankruptcy case, such as the Action, provides:

> A party may remove any claim or cause of action in a civil action … to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10.      Section 1334(b), in turn, provides in relevant part that "the district courts shall

have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or

arising in or related to cases under Title 11." 28 U.S.C. § 1334(b).  In enacting section 1334(b),

"Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they

might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."

*Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).  Jurisdiction over a proceeding that is

"related to" a bankruptcy case, such as the Action is to the Chapter 11 Cases, is the "broadest of

the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co. (In re Resorts*

*Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333,

340 (2d Cir. 2018) ("While 'related-to' jurisdiction is not limitless, it is fairly capacious … ."

(internal citations omitted)); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir.

2015) ("This 'related to' jurisdiction is 'extremely broad.'" (quotation omitted)); *Boston*

*Regional Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*, 410 F.3d 100, 106

(1st Cir. 2005) ("The statutory grant of 'related to' jurisdiction is quite broad."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (internal quotations omitted)); *Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) ("'Related to' jurisdiction has been defined quite broadly."); *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning)*, 86 F.3d 482, 489 (6th Cir. 1996) ("[T]he emphatic terms in which the jurisdictional grant is described in the legislative history, and extraordinarily broad wording of the grant itself, leave us with no doubt that Congress intended to grant district courts broad jurisdiction in bankruptcy cases."); *Coffey v. Anderson (In re PSLJ, Inc.)*, 873 F.2d 1440 (table) (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case.").

11.     An action is "related to" a bankruptcy case where its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir 1994). An action satisfies the "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* The Third Circuit has further clarified that such effects on the bankruptcy estate must be the product of the related action itself, "without the intervention of yet another lawsuit." *See In re Federal-Mogul Glob., Inc.*, 300 F.3d 368, 382 (3d Cir. 2002). The jurisdictional analysis for related-to jurisdiction "must be assessed at the outset of the dispute, and it is

satisfied when the resolution has a potential effect on other creditors." *Bush v. United States*, 939

F.3d 839, 846 (7th Cir. 2019).[2]

12.     Plaintiff's Complaint arises in, arises under, or is otherwise related to the BSA's

Chapter 11 Cases and is therefore removable under 28 U.S.C. § 1452(a) because, *inter alia*:

- In the Complaint, the Plaintiff asserts claims to recover monetary damages from the
  BSA, which constitute "claims" within the meaning of § 101(5) of the Bankruptcy
  Code. Specifically, the Complaint seeks damages based upon tortious actions or
  omissions allegedly committed by the BSA and its officers, employees, agents or
  otherwise related parties. Any recovery of such damages would necessarily
  diminish the BSA's estate.

- The BSA and the non-debtor co-defendants named in the Complaint share an
  identity of interest such that a claim against the non-debtor co-defendants is, in
  effect, a claim against the BSA's estate. *See A.H. Robins Co. v. Picinnin*, 788 F.2d
  994, 999 (4th Cir. 1986).

- The BSA and the non-debtor co-defendants, in many instances, are parties to shared
  insurance.

- The claims and allegations in the Complaint against the non-debtor co-defendants
  are inextricably intertwined with the claims and allegations against the BSA such
  that the entire Action is "related to" the Debtors' Chapter 11 Cases. The claims
  and allegations in the Complaint arise out of a common nucleus of operative facts
  and raise substantially similar questions of law. As one consequence, the BSA may
  be compelled to participate in the litigation, notwithstanding the automatic stay, to
  protect its own interests. *See Union Tr. Phila., LLC v. Singer Equip. Co. (In re
  Union Tr. Phila., LLC)*, 490 B.R. 644, 657 (E.D. Pa. 2011) (finding related to
  jurisdiction over state law claims against non-debtors where the debtor was at risk
  of being "bound to critical factual and legal issues determined in those proceedings
  by operation of collateral estoppel"). Moreover, the continuation of the Action,

---

[2] Because the BSA's bankruptcy case is currently pending before the Delaware Bankruptcy Court, the BSA relies
principally on the Third Circuit's interpretation of section 1334(b)'s analysis of "related to" jurisdiction. However,
the "any conceivable effect" test developed by the Third Circuit in *Pacor* has been endorsed by the United States
Supreme Court and adopted by the vast majority of circuits "with little or no variation." *Celotex*, 514 U.S. at 308 n.6
(collecting cases); *see also, e.g., SPV OSUS, Ltd.*, 882 F.3d at 340; *Estate of Jackson v. Schron (In re Fundamental
Long Term Care, Inc.)*, 873 F.3d 1325, 1336-37 (11th Cir. 2017); *Fire Eagle L.L.C. v. Bischoff (In re Spillman Dev.
Grp., Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013); *Waldman v. Stone*, 698 F.3d 910, 916 (6th Cir. 2012); *Love v.
Federal Deposit Ins. Corp. (In re George Love Farming, LC)*, 420 F. App'x 788, 792 n.2 (10th Cir. 2011); *GAF
Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1019 (8th Cir. 2009); *Valley Historic Ltd.
P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007); *Boston Regional Med. Ctr., Inc.*, 410 F.3d at 106;
*Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004). The Seventh Circuit has articulated a slightly
different test for "related to" jurisdiction; however, a recent decision from that circuit indicates close alignment with
the *Pacor* test. *See Bush*, 939 F.3d at 846.

even if stayed against the BSA, would likely require the BSA or its employees to expend time and resources in responding to discovery requests and participating in depositions. *See Nevada Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 412 (S.D.N.Y. 2007) (enjoining actions against a non-debtor where the debtor "would suffer irreparable harm if [a key employee] were distracted from his responsibilities in order to participate" in ongoing litigation).

13.      Accordingly, the entire Action, and not just the claims against the BSA, is appropriately removed.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14.      Removal of the Action is timely pursuant to Bankruptcy Rule 9027(a)(2). This Notice of Removal is being filed within ninety (90) days of the entry of the order for relief in the Chapter 11 Cases under the Code. No order has been entered in the Chapter 11 Cases terminating the automatic stay with respect to any claim against the BSA.

15.      Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1). The State Court is located in the district and division of this Court.

16.      For purposes of Bankruptcy Rule 9027(a)(1), upon removal of the Action to the District Court, the BSA does not consent to the entry of final orders or judgment by any bankruptcy court. Through the Nationwide Transfer Motion, the BSA will move for the Delaware District Court to fix the venue for the Action, and all Pending Abuse Actions, in the Delaware District Court.

17.      In accordance with Bankruptcy Rule 9027(a)(1), attached to this Notice of Removal as Exhibit A is a copy of the State Court case file for the above action, including all process, pleadings, and orders that have been filed, or entered by the State Court, in the Action.

18.      Promptly after the filing of this Notice of Removal, the BSA will serve on all parties to the Action and file with the clerk of the State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

19.    The BSA reserves the right to amend or supplement this Notice of Removal or to

present additional arguments in support of their entitlement to remove the Action.


Respectfully submitted this 18th day of February, 2020.


By: _____
Phyllis A. Hafney
Burden, Hafner & Hansen, LLC
*Attorneys for Defendants Greater Niagara Frontier Council, Inc., Boy Scouts Of America, And Boy Scouts Of America*
605 Brisbane Building, 403 Main Street
Buffalo, New York 14203
716-849-6800
pah@bhhattorneys.com

**TO:**

Richard P. Weisbeck, Jr.
Christina M. Croglio
*Attorneys for Plaintiff*
LIPSITZ GREEN SCIME CAMBRIA, LLP
42 Delaware Avenue, Suite 100
Buffalo, NY 14202-3924
716-849-1333
rweisbeck@lglaw.com

Mark P. Della Posta
WALSH ROBERTS & GRACE
*Attorney for Defendant Douglas Nail*
400 Rand Building
14 Lafayette Square
Buffalo, NY 14203
716-856-1636
mdellaposta@walshrobertsgrace.com

Michael J. Mazurczak
Mathew W. Beckwith
MELICK & PORTER, LLP
*Attorneys for Defendants Greater Niagara Frontier Council, Inc., Boy Scouts Of America, And Boy Scouts Of America*

9

800 Third Avenue, 28th Floor
New York, NY 10022
212-541-7236
maz@melicklaw.com
mbeckwith@melicklaw.com

## EXHIBIT A

<u>STATE COURT CASE FILE</u>

31915559.1

11

# EXHIBIT A

NYSCEF DOC. NO. 12

INDEX NO. 816082/2019
RECEIVED NYSCEF: 02/19/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

-------------------------------------------------------------

LG 37 DOE,

              Plaintiff,

v.

DOUGLAS NAIL, GREATER NIAGARA
FRONTIER COUNCIL, INC., BOY
SCOUTS OF AMERICA, and BOY SCOUTS
OF AMERICA,

              Defendants.

-------------------------------------------------------------

INDEX NO.: 816082/2019

**Notice of Removal**
**Pursuant to 28 U.S.C. § 1452**

    **PLEASE TAKE NOTICE** that a Notice of Removal of the above-captioned proceeding from the New York Supreme Court, Erie County to the United States District Court for the Western District of New York the "<u>District Court</u>" was duly filed on February 18, 2020, by Defendant Boy Scouts of America pursuant to 28 U.S.C. § 1452 and rule 9027 of the Federal Rules of Bankruptcy Procedure.  A true and correct copy of such Notice of Removal (without exhibits) is attached hereto as **<u>Exhibit A</u>**.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027(c), jurisdiction now lies exclusively with the District Court and has been divested from this Honorable tribunal.

1

Dated: February 19, 2020

**Respectfully Submitted,**

**MELICK & PORTER, LLP**

*By:/s/ Mathew W. Beckwith*
Michael J. Mazurczak
Mathew W. Beckwith
800 Third Avenue, 28th Floor
New York, NY 10022
Telephone: (212) 541-7236
Facsimile: (212) 840-8560
maz@melicklaw.com

*Counsel for Defendant Boy Scouts of America*

**TO:**

Richard P. Weisbeck, Jr.
Christina M. Croglio
*Attorneys for Plaintiff*
LIPSITZ GREEN SCIME CAMBRIA, LLP
42 Delaware Avenue, Suite 100
Buffalo, NY 14202-3924
716-849-1333
rweisbeck@lglaw.com

Mark P. Della Posta
WALSH ROBERTS & GRACE
*Attorney for Defendant Douglas Nail*
400 Rand Building
14 Lafayette Square
Buffalo, NY 14203
716-856-1636
mdellaposta@walshrobertsgrace.com

2

## **EXHIBIT A**

NOTICE OF REMOVAL

# EXHIBIT E

**WBFO** n p r 
Buffalo • Toronto Public Media

Donate (https://www.wned.org/donate)

► WBFO
On Point  🔊

# Local Boy Scouts program not tied to national bankruptcy

By MARK SCOTT (/PEOPLE/MARK-SCOTT) & MARIAN HETHERLY (/PEOPLE/MARIAN-HETHERLY-0)  •  FEB 18, 2020

f   Share (http://facebook.com/sharer.php?

   u=http%3A%2F%2Fhttp%3A%2F%2Ftinyurl.com%2Fvmkc52z&t=Local%20Boy%20Scouts%20program%20not%20tied%20to%20na

   Tweet (http://twitter.com/intent/tweet?

   url=http%3A%2F%2Fhttp%3A%2F%2Ftinyurl.com%2Fvmkc52z&text=Local%20Boy%20Scouts%20program%20not%20tied%20to%

✉   Email (mailto:?

   subject=Local%20Boy%20Scouts%20program%20not%20tied%20to%20national%20bankruptcy&body=http%3A%2F%2Fhttp%3A%

The bankruptcy filing by the Boy Scouts of America does not affect the Scouts' Greater Niagara Frontier Council.

Local officials released a statement Tuesday that their operations are legally separate and financially independent from the national organization.

"Greater Niagara Frontier Council has not filed for bankruptcy," said Otto Goedhart, Assistant Scout Executive for the council. "Meetings and activities, district and council events, other Scouting adventures and countless service projects are taking place as usual. In short, there should be no change to the local Scouting experience."

The Boy Scouts of America filed for bankruptcy in response to the many lawsuits filed by victims of sexual abuse by scouting leaders. Thirteen lawsuits have been filed in recent months under the Child Victims Act in Erie County.

While the Greater Niagara Frontier Council is not part of the bankruptcy, it is listed as a defendent in local suits.

"The national organization of the Boy Scouts of America is the only entity involved in the Chapter 11 filing," said Goedhart. "The Greater Niagara Frontier Council – which provides programming, financial, facility and administrative support to local units and individual Scouts in our area – is separate and distinct from the national organization. Our camps, properties and all local contributions are controlled by our council."

In their statement, local Boy Scouts leaders say the Council has developed some of the strongest youth protection policies of any organization serving youth.



(https://mediad.publicbroadcasting.net/p/wbfo/files/s Boy_Scouts_of_America_corporate_trademark.svg_0

CREDIT BOY SCOUTS OF AMERICA

"I can also assure you that our volunteers and employees take youth protection extremely seriously and do their part to help keep kids safe," the statement said.

For additional questions, the national association has establiahed a dedicated restructuring website, www.BSArestructuring.org (http://www.bsarestructuring.org/).

TAGS:   BOY SCOUTS OF AMERICA (/TERM/BOY-SCOUTS-AMERICA)    BANKRUPTCY (/TERM/BANKRUPTCY)

CHILD VICTIMS ACT (/TERM/CHILD-VICTIMS-ACT)

f   Share (http://facebook.com/sharer.php?
u=http%3A%2F%2Fhttp%3A%2F%2Ftinyurl.com%2Fvmkc52z&t=Local%20Boy%20Scouts%20program%20not%20tied%20to%20na

🐦   Tweet (http://twitter.com/intent/tweet?
url=http%3A%2F%2Fhttp%3A%2F%2Ftinyurl.com%2Fvmkc52z&text=Local%20Boy%20Scouts%20program%20not%20tied%20to%

✉   Email (mailto:?
subject=Local%20Boy%20Scouts%20program%20not%20tied%20to%20national%20bankruptcy&body=http%3A%2F%2Fhttp%3A%

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

LG 37 DOE,

      Plaintiff,

v.

DOUGLAS NAIL, GREATER NIAGARA
FRONTIER COUNCIL, INC., BOY SCOUTS
OF AMERICA, and BOY SCOUTS OF
AMERICA,

      Defendants.

Case No. 1:20-cv-00217

## NOTICE OF (I) COMMENCEMENT OF ADVERSARY PROCEEDING AND FILING OF MOTION FOR A PRELIMINARY INJUNCTION BY THE BSA, (II) MEETING TO CONSIDER THE FORMATION OF AN OFFICIAL COMMITTEE OF CREDITORS AND (III) FILING OF MOTION BY THE BSA DEBTORS TO FIX VENUE FOR CLAIMS RELATED TO THE BANKRUPTCY UNDER 28 U.S.C. §§ 157(b)(5) AND 1334(b)

On February 18, 2020 (the "Petition Date"), voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") were filed in the United States Bankruptcy Court for the District of Delaware by the Boy Scouts of America (the "BSA") and Delaware BSA, LLC (together with the BSA, the "BSA Debtors") (Case No. 20-10343) (LSS) (Jointly Administered).

## Adversary Proceeding and Preliminary Injunction Motion

1.    The BSA Debtors hereby provide notice that, on the Petition Date, the BSA commenced an adversary proceeding (the "Adversary Proceeding") in the United States Bankruptcy Court for the District of Delaware by filing a Verified Complaint for Injunctive Relief (the "Complaint") (Adv. Proc. Case No. 20-50527, Adv. Dkt. No. 1) pursuant to Federal Rules of Bankruptcy Procedure ("Bankr. R.") 7001(7) and 7065 and sections 105(a) and 362 of the Bankruptcy Code. The Complaint seeks to extend the automatic stay imposed by section 362 of

the Bankruptcy Code to certain non-debtor parties named as co-defendants with the BSA in certain actions (the "Pending Abuse Actions"), including Learning for Life, a non-stock organization affiliated with the BSA ("LFL"), local councils that are independently incorporated under the non-profit laws of their respective states (collectively, the "Local Councils") and community and religious organizations, businesses and groups of citizens that organize Scouting units (collectively, the "Chartered Organizations," and together with the LFL and the Local Councils, the "BSA Related Parties").

2.      The BSA Debtors hereby further provide notice that, also on the Petition Date, the BSA filed a Motion for Preliminary Injunction Pursuant to 11 U.S.C. § § 105(a) and 362 (Adv. Proc. Case No. 20-50527, Adv. Dkt. No. 6, the "Preliminary Injunction Motion"). Among other things, the Preliminary Injunction Motion seeks entry of an order prohibiting and enjoining all plaintiffs in the Pending Abuse Actions from filing or continuing to prosecute any action or claims arising out of involvement or connection with the BSA against the BSA Related Parties reflected in the Exhibit B attached to the Complaint, until August 17, 2020 (180 days from the Petition Date), or as may be otherwise ordered or extended by order of the United States Bankruptcy Court for the District of Delaware.

3.      On February 25, 2020, the BSA filed a Notice of Hearing for the Preliminary Injunction Motion (Adv. Proc. Dkt. No. 13, the "PI Notice of Hearing"), which provided notice that a hearing on the Preliminary Injunction Motion has been scheduled for March 24, 2020, at 10:00 a.m. ET in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom #2, Wilmington, Delaware 19801 (the "Preliminary Injunction Hearing").

2

4.     In connection with the Adversary Proceeding, the BSA has filed: (a) the Complaint (filed under seal at Adv. Dkt. No. 1; redacted version filed as Adv. Dkt. No. 14-1), (b) the Preliminary Injunction Motion (Adv. Dkt. No. 6), (c) the Opening Brief in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 7), (d) the Declaration of Brian Whittman in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 8), (e) the Declaration of Adrian C. Azer in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 9), (f) a redacted version of the Declaration of Bruce A. Griggs in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 11), and (g) the PI Notice of Hearing (Adv. Dkt. No. 13), as well as any exhibits to each of the foregoing. A link to copies of the Adversary Complaint, the Preliminary Injunction Motion, and the other documents filed in connection with the Adversary Proceeding may be accessed free of charge at https://omniagentsolutions.com/bsaAdversary.

5.     In accordance with the BSA's Motion for Entry of an Order Authorizing the Debtors to File Under Seal (I) Exhibit A to the Complaint and (II) the Griggs Declaration (Adv. Dkt. No. 2, the "AP Motion to Seal"), such documents have been filed with the Court under seal (Adv. Dkt. Nos. 4 and 10) and as proposed redacted versions (Adv. Dkt. Nos. 14-1 and 11-1). Subject to entry of an order approving the AP Motion to Seal, unredacted versions of Exhibit A to the Complaint (which contains a list of the Pending Abuse Actions) and the Griggs Declaration shall not be made available to anyone except for this Court, the United States Trustee, and others upon further Court Order; provided, that an unredacted version of the Complaint and Exhibit A thereto will be served upon each plaintiff's counsel in the Pending Abuse Actions.

## Committee Formation Meeting

6.     The BSA Debtors hereby further provide notice that on March 4, 2020 at 10:00 a.m. Eastern Standard Time, at the Doubletree Hotel, 700 N. King Street, Wilmington, DE 19801, the

3

United States Trustee for Region 3 will hold a meeting to form one or more official committee of creditors in these cases.

**Nationwide Transfer Motion**

7.      The BSA Debtors hereby further provide notice that on March 3, 2020, the BSA filed a motion for an order under 28 U.S.C. §§ 157(b)(5) and 1334(b) fixing venue of the Pending Abuse Actions in the United States District Court for the District of Delaware (the "Nationwide Transfer Motion") (Case No. 1:20-mc-00078-UNA). In connection with the Nationwide Transfer Motion, the BSA Debtors have filed: (a) the Nationwide Transfer Motion (Dkt. No. 2), (b) the Opening Brief in Support of the Nationwide Transfer Motion (Dkt. No. 4), (c) the Declaration of Brian Whittman in Support of the Nationwide Transfer Motion (Dkt. No. 5), (d) the Declaration of Adrian C. Azer in Support of the Nationwide Transfer Motion (Dkt. No. 6), and (e) the Declaration of Bruce A. Griggs in Support of the Nationwide Transfer Motion (Dkt. No. 7), as well as any exhibits to each of the foregoing.

8.      In accordance with the BSA's Motion for Entry of an Order Authorizing the Debtors to File Under Seal (I) Exhibit A to the Nationwide Transfer Motion and (II) the Griggs Declaration (Dkt. No. 1), the "Transfer Motion to Seal"), such documents have been filed with the Court under seal (Dkt. Nos. 3 and 7) and as proposed redacted versions (Dkt. Nos. 9 and 10). Subject to entry of an order approving the Transfer Motion to Seal, unredacted versions of Exhibit A to the Nationwide Transfer Motion (which contains a list of the Pending Abuse Actions) and the Griggs Declaration shall not be made available to anyone except for this Court, the United States Trustee, and others upon further Court Order; provided, that an unredacted version of the Nationwide Transfer Motion and Exhibit A thereto will be served upon each plaintiff's counsel in the Pending Abuse Actions.

4

9.     A hearing on the Nationwide Transfer Motion has not been scheduled, and the BSA Debtors intend to request any briefing schedule on the Nationwide Transfer Motion be delayed until the Preliminary Injunction Motion is heard.

## Bankr. R. 9027(e)(3) Statement; Remand of Removed States Court Actions

10.    On or about the Petition Date, pursuant to 28 U.S.C. §§ 1334 and 1452 and Bankr. R. 9027, the BSA Debtors removed the above-captioned civil action to this Court. For purposes of Bankr. R. 9027(e)(3), to the extent applicable, the BSA Debtors do not consent to the entry of final orders or judgment by this Court.

11.    The BSA Debtors hereby provide further notice that they will not assert they suffered any prejudice based on any party's failure to seek remand, abstention, or otherwise respond to the BSA Debtors' notice of removal during the period from the Petition Date through and including 45 days after the Preliminary Injunction Hearing.

Respectfully submitted this 3rd day of March, 2020.

BURDEN, HAFNER & HANSEN, LLC

By:

Sarah E. Hansen
605 Brisbane Building
403 Main Street
Buffalo, NY 14203
Tel: 716-849-6800
Fax: 716-849-6806
seh@bhhattorneys.com

*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE was served on March

3, 2020, by means of filing in the U.S. District Court for the Northern District of New York's Case

Management/Electronic Case Filing (CM/ECF) system, upon the following counsel of record:

Richard P. Weisbeck, Jr.
Christina M. Croglio
*Attorneys for Plaintiff*
LIPSITZ GREEN SCIME CAMBRIA, LLP
42 Delaware Avenue, Suite 100
Buffalo, NY 14202-3924

Mark P. Della Posta
WALSH ROBERTS & GRACE
*Attorneys for Defendant Douglas Nail*
400 Rand Building
14 Lafayette Square
Buffalo, NY 14203

I hereby certify under penalties of perjury that the foregoing is true and correct.

Dated: March 4, 2020

Judy Kirkland, Legal Assistant to
Sarah E. Hansen, Esq.

7



**Burden, Hafner & Hansen, LLC**
Attorneys at Law

MAR 0 8 2020

March 4, 2020

Christina M. Croglio, Esq.
Lipsitz Green Scime Cambria, LLP
42 Delaware Avenue, Suite 100
Buffalo, NY 14202

Mathew W. Beckwith, Esq.
Michael J. Mazurczak, Esq.
Melick & Porter, LLP
800 Third Avenue, 28th Floor
New York, NY 10022

> RE:    LG 37 Doe vs. Douglas Nail, Boy Scouts of America, et al.
> Case No.: 1:20-cv-00217

Dear Counsel:

Enclosed for service upon you please find the NOTICE OF (I) COMMENCEMENT OF ADVERSARY PROCEEDING AND FILING OF MOTION FOR A PRELIMINARY INJUNCTION BY THE BSA, (II) MEETING TO CONSIDER THE FORMATION OF AN OFFICIAL COMMITTEE OF CREDITORS AND (III) FILING OF MOTION BY THE BSA DEBTORS TO FIX VENUE FOR CLAIMS RELATED TO THE BANKRUPTCY UNDER 28 U.S.C. §§ 157(b)(5) AND 1334(b) which was electronically filed with the Western District of New York today in connection with the above referenced matter.

Thank you.

Very truly yours,

BURDEN, HAFNER & HANSEN, LLC

Sarah E. Hansen
seh@bhhattorneys.com

SEH/jak
Enclosure

605 Brisbane Building | 403 Main Street | Buffalo, New York 14203
Phone: (716) 849-6800 | Fax: (716) 849-6806 | Web: www.bhhattorneys.com
Fax is not for service