FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM   INDEX NO. 816082/2019
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 12/03/2019

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

LG 37 DOE

                                  Plaintiff,

vs.                                                    **SUMMONS**

DOUGLAS NAIL
190 S. Bryant Street
Depew, New York 14043

GREATER NIAGARA FRONTIER
COUNCIL, INC., BOY SCOUTS
OF AMERICA
2860 Genesee Street
Buffalo, New York 14225

BOY SCOUTS OF AMERICA
1325 Walnut Hill Lane, S 406
Irving, Texas 75038

                                  Defendants.

---

TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      Erie County is designated as the place of trial on the basis on the Defendant's place of business located in Depew, New York.

DATED:      Buffalo, New York
                December 2, 2019

                                          LIPSITZ GREEN SCIME CAMBRIA LLP

                                          By: _____
                                          RICHARD P. WEISBECK, JR., ESQ.
                                          CHRISTINA M. CROGLIO, ESQ.
                                          Attorneys for Plaintiff
                                          42 Delaware Avenue, Suite 120
                                          Buffalo, New York 14202-3924
                                          (716) 849-1333
                                          [RPW: # 66580.0001]

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

LG 37 DOE

     Plaintiff,

vs.

DOUGLAS NAIL,
GREATER NIAGARA FRONTIER
COUNCIL, INC., BOY SCOUTS OF AMERICA, and
BOY SCOUTS OF AMERICA,

     Defendants.

---

**COMPLAINT**

Plaintiff, above named, by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for his Complaint against Defendants, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, HEREIN, PLAINTIFF, LG 37 DOE, ALLEGES AS FOLLOWS:

1. Plaintiff, LG 37 DOE, is a resident of the State of New York.

2. This action is commenced pursuant to the provisions of the Child Victims Act.

3. At the time of the incidents set forth herein, Plaintiff, LG 37 DOE, (hereinafter referred to as "THE CHILD") was an infant having been born in 1972.

4. Upon information and belief, at all times herein mentioned, Defendant, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA, was and still is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York and maintains an office for the transaction of business located within the County of Erie and State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Defendant, BOY SCOUTS OF AMERICA, was and is a federally chartered corporation authorized to

3714001.1.066580.0001

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM                                INDEX NO. 816082/2019
NYSCEF DOC. NO. 1                                                           RECEIVED NYSCEF: 12/03/2019

transact business in the State of New York. Its principal headquarters is located in Irving, Texas.

6. Defendants GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA and BOY SCOUTS OF AMERICA, are hereinafter collectively referred to as "BOY SCOUTS OF AMERICA."

7. The BOY SCOUTS OF AMERICA markets itself as a youth organization with a stated mission "to prepare young people to make ethical and moral choices over their lifetimes by instilling in them the values of the Scout Oath and Scout Law."

8. Despite its stated mission, the BOY SCOUTS OF AMERICA organized its youth programs so as to create a pedophile paradise ideal for child molesters acting as Scout Masters to commit sexual assaults and sexual crimes upon infant children.

9. Upon information and belief, Defendant, DOUGLAS NAIL (hereinafter referred to as "THE CHILD MOLESTER") resides in the Village of Depew and State of New York.

10. Upon information and belief, at all times herein mentioned, THE CHILD MOLESTER was appointed to a position by the BOY SCOUTS OF AMERICA conferring upon THE CHILD MOLESTER the title "Scout Master."

11. Upon information and belief, at all times herein mentioned, the CHILD MOLESTER was assigned to Boy Scouts of America Troop 565 as a Scout Master by Defendant, BOY SCOUTS OF AMERICA, and was acting as its agent, employee and/or representative.

12. Upon information and belief, at all times herein mentioned, THE CHILD MOLESTER was under the direction, supervision and control of Defendant, BOY SCOUTS OF AMERICA.

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM                                     INDEX NO. 816082/2019
NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 12/03/2019

13. At times hereinafter mentioned, THE CHILD was a member of Boy Scouts of America Troop 565.

14. Beginning in or about 1983, and continuing through sometime in or about 1987, the CHILD MOLESTER sexually assaulted and committed battery upon THE CHILD at and during Boy Scout events and other locations. The sexual assaults and battery constituted sexual offenses as defined in Article 130 of the Penal Law.

15. The sexual crimes committed by THE CHILD MOLESTER herein were willful, malicious and intentional and resulted in injury to THE CHILD.

16. As a direct result of conduct by THE CHILD MOLESTER as described herein, THE CHILD, has suffered, and continues to suffer great physical and emotional pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, flashbacks, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining full enjoyment of life, and has incurred and will continue to incur expenses for medical psychological treatment, therapy and counseling.

17. This action falls within one or more of the exceptions set forth in CPLR §1602.

18. As a result of the foregoing, THE CHILD, has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

19. As a result of the foregoing, THE CHILD, claims punitive damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

20. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth herein.

21. Upon information and belief, Defendant, BOY SCOUTS OF AMERICA, trained, selected, approved and appointed THE CHILD MOLESTER as a Scout Master for Boy Scouts of America Troop 565, placing him in a position with authority and power over THE CHILD.

22. Defendant, BOY SCOUTS OF AMERICA, knew or reasonably should have known of the propensities of THE CHILD MOLESTER to commit acts of sexual assault, battery, rape and other sexual crimes against THE CHILD and other children.

23. Upon information and belief, Defendant, BOY SCOUTS OF AMERICA, failed to report to the police or other governmental agencies sexual crimes committed by THE CHILD MOLESTER upon infant boys in Boy Scouts of America Troop 565.

24. Upon information and belief, prior to the incident set forth herein, Defendant, BOY SCOUTS OF AMERICA, was aware and was otherwise on actual notice that a number of its Scout Masters, were sexually abusing and/or sexually assaulting and/or molesting and/or raping young boys.

25. Upon information and belief, the aforesaid incidents and resultant injury and damages to THE CHILD were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in the training, hiring, selecting and assignment of THE CHILD MOLESTER.

26. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA,

3714001.1.066580.0001

4

constitute reckless disregard for the safety of THE CHILD and other children.

27. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

28. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth herein.

29. Upon information and belief, the aforesaid incidents and resultant injury to THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in structuring and organizing its youth programs so as to create a pedophile paradise ideal for child molesters acting as Scout Masters to commit sexual assaults and sexual crimes upon infant children.

30. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

31. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth herein.

33. Upon information and belief, the aforesaid incidents and resultant injury to

5

3714001, 1, 066580.0001

THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in retaining of THE CHILD MOLESTER.

34. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

35. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "35" of this Complaint with the same force and effect as if fully set forth herein.

37. Upon information and belief, the aforesaid incidents and resultant injury to THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in supervising THE CHILD MOLESTER.

38. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

39. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "39" of this Complaint with the same force and effect as if fully set forth herein.

3714001.1.066580.0001

6

41. Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate THE CHILD and/or the parents of THE CHILD of the danger of sexual assault THE CHILD MOLESTER posed to THE CHILD.

42. Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate THE CHILD and/or the parents of THE CHILD of the danger of sexual assault its Scout Masters posed to THE CHILD and other children.

43. Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate all adult volunteer Scout Masters of the danger of sexual assault its Scout Masters posed to THE CHILD and other children.

44. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "44" of this Complaint with the same force and effect as if fully set forth herein.

46. Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the damages sustained by THE CHILD because THE CHILD MOLESTER was aided by his position with the BOY SCOUTS OF AMERICA in committing the sexual assaults and battery upon THE CHILD.

47. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

7

3714001, 1, 066590.0001

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "47" of this Complaint with the same force and effect as if fully set forth herein.

49. Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the actions of THE CHILD MOLESTER because the BOY SCOUTS OF AMERICA materially increased the risk of sexual assault or sexual crimes upon THE CHILD and other young boys by conferring power or authority on its Boy Scout leaders over THE CHILD and other young boys.

50. Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the sexual assault and battery committed upon THE CHILD by THE CHILD MOLESTER because the BOY SCOUTS OF AMERICA regularly placed THE CHILD MOLESTER and other Boy Scout leaders in situations of intimate or personal contact with THE CHILD and other young boys.

51. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against Defendants, either jointly or severally, in the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

3714001.1.066580.0001

8

DATED:  Buffalo, New York
December 2, 2019

LIPSITZ GREEN SCIME CAMBRIA LLP

By: _____
RICHARD P. WEISBECK, JR., ESQ.
CHRISTINA M. CROGLIO, ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
[RPW: # 66580.0001]

3714001.1.066580.0001

9