STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

LG 37 DOE,

                        Plaintiff,

vs.

DOUGLAS NAIL,
GREATER NIAGARA FRONTIER
COUNCIL, INC., BOY SCOUTS
OF AMERICA and
BOY SCOUTS OF AMERICA,

                        Defendants.

Index No. 816082/2019

**ANSWER**

       The defendant, DOUGLAS NAIL, by his attorneys, WALSH, ROBERTS & GRACE LLP, for his Answer to the plaintiff's Complaint herein, states as follows:

       1.     DENIES having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "1", "2", "3", "4", "5", "6" and "13" of plaintiff's Complaint.

       2.     ADMITS the allegations contained in the paragraph numbered "7" of plaintiff's Complaint.

       3.     DENIES specifically the allegations contained in the paragraphs numbered "8", "9", "10", "11", "12", "14", "15", "16", "17", "18", "19", "21", "22", "23", "24", "25", "26", "27", "29", "30", "31", "33", "34", "35", "37", "38", "39", "41", "42", "43", "44", "46", "47", "49", "50" and "51" of plaintiff's Complaint.

       4.     ADMITS so much of the allegations contained in the paragraphs of plaintiff's complaint numbered "20", "28", "32", "36", "40", "45" and "48" as are elsewhere herein

admitted and DENIES so much of the allegations of said paragraphs as are elsewhere herein denied.

5. DENIES each and every other and further allegation contained in plaintiff's Complaint not hereinbefore specifically admitted.

### AS AND FOR A FIRST, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

6. That the Complaint of the plaintiff herein fails to state a cause of action against the answering defendant and by reason of the premises, this action may not be maintained.

### AS AND FOR A SECOND, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

7. Plaintiff's damages, if any, should be diminished to the extent plaintiff failed to mitigate his damages.

### AS AND FOR A THIRD, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

8. If this answering defendant's equitable share of the total liability assigned to all persons liable, whether parties to the instant litigation or not, same being specifically denied herein, is fifty percent (50%) or less then this answering defendant will rely upon the provisions of Article 16 of the CPLR with regard to limitation of joint and several liability.

### AS AND FOR A FOURTH, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

9. Any injuries suffered by the plaintiff were caused by the superseding and intervening acts, fault, omissions, negligence or other culpable conduct of others, over who defendant DOUGLAS NAIL has no control, and not from any act, omission, negligence or culpable conduct on the part of defendant DOUGLAS NAIL.

### AS AND FOR A FIFTH, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

10. Plaintiff's injuries, if any, were caused in whole or in part by the acts or omissions third of parties over whom defendant DOUGLAS NAIL had no control.

### AS AND FOR A SIXTH, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

11. Plaintiff's Complaint fails to name indispensable or necessary parties.

### AS AND FOR A SEVENTH, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

12. Any alleged omission or failure to act was not the proximate cause, legal cause, cause in fact, or a substantial factor in bringing about the plaintiff's alleged injuries or damages.

### AS AND FOR A EIGHTH, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

13.     The answering defendant asserts that plaintiff's claims are barred, in whole or in part, by the Doctrine of Laches and the applicable Statute of Limitations.

### AS AND FOR NINTH, SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE TO THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

14.     The answering defendant asserts that the Child's Victim Act is unconstitutional.

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS, THE ANSWERING DEFENDANT ALLEGES:

15.     That, if plaintiff LG 37 DOE sustained the injuries and/or damages alleged in the Complaint, and if the said plaintiff obtains a recovery against the answering defendant, then the answering defendant is entitled to judgment over and against the co-defendants, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA and BOY SCOUTS OF AMERICA, for all or part of any such recovery.

**WHEREFORE**, defendant LG 37 DOE demands judgment against the plaintiff dismissing the plaintiff's Complaint herein and further demands judgment against the co-defendants, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA and BOY SCOUTS OF AMERICA, for all or part of any recovery obtained by the plaintiff herein against the answering defendant.

DATED:   January 15, 2020
         Buffalo, New York

WALSH, ROBERTS & GRACE

By: Mark P. Della Posta, Esq.
Attorneys for Defendant DOUGLAS NAIL
400 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 856-1636
mdellaposta@walshrobertsgrace.com

TO: Richard P. Weisbeck Jr., Esq.
Lipsitz Green Scime Cambria LLP
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
rweisbeck@lglaw.com

COUNSEL FOR DEFENDANTS,
GREATER NIAGARA FRONTIER
COUNCIL, INC.,
BOY SCOUTS OF AMERICA and
BOY SCOUTS OF AMERICA