SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

LG 37 DOE,

        Plaintiff,

v.

DOUGLAS NAIL, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA, and BOY SCOUTS OF AMERICA,

        Defendants.

INDEX NO.: 816082/2019

**VERIFIED ANSWER**

---

### DEFENDANTS BOY SCOUTS OF AMERICA AND GREATER NIAGARA FRONTIER COUNCIL, BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Boy Scouts of America ("BSA") and Greater Niagara Frontier Council, Boy Scouts of America ("GNFC") (together "Defendants"), by their attorneys Melick & Porter, LLP, for their answer to the Complaint of Plaintiff, responds as follows:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, HEREIN, PLAINTIFF, LG 37 DOE, ALLEGES AS FOLLOWS:

1. Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

2. Defendants admit the allegations in Paragraph 2 of the Complaint, subject to their objection (as described in further detail below as part of Defendants' Affirmative and Other Defenses) that the New York Child Victims Act is unconstitutional as applied.

3. Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

4. Due to Council mergers over the years, Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 does not contain factual allegations which necessitate an answer from Defendants. To the extent a response is necessary, Defendants deny that GNFC and BSA are the same entity.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

14. Defendants lack sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint; therefore, Defendants leave Plaintiff to his burden of proof.

15. Defendants are without knowledge sufficient to admit or deny whether Plaintiff was abused and whether he suffered any particular damages as a result of that abuse. Defendants assert, however, that they have a practice of accepting victims at their word about being abused and

offering counseling to any victim and family member in need. Counseling is available to Plaintiff through this program and without the necessity of any reciprocal consideration from Plaintiff. BSA further expressly supports and apologizes to any and all victims of abuse—specifically including Plaintiff. Any remaining legal conclusions, assertions, or inferences against Defendants in Paragraph 15 must be denied.

16. Defendants are without knowledge sufficient to admit or deny whether Plaintiff was abused and whether he suffered any particular damages as a result of that abuse. Defendants incorporate their response from Paragraph 15 herein and deny any remaining legal conclusions, assertions, or inferences against Defendants in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

20. Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 20 of the Complaint.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants admit only the unfortunate reality that a risk of sexual abuse exists in society at large, with no organization or youth program being immune, including Scouting. Defendants specifically deny that the alleged abuse would ever have been sanctioned and states that such allegations are inconsistent with and would violate BSA's youth protection policies and practices. Defendants deny any further assertions or inferences in Paragraph 24 of the Complaint.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

28. Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 28 of the Complaint.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations. Furthermore, Defendants specifically deny that the alleged abuse would ever have been sanctioned and states that such allegations are inconsistent with and would violate BSA's youth protection policies and practices.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

32. Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 32 of the Complaint.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

36. Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 36 of the Complaint.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

40. Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 40 of the Complaint.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

45. Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 45 of the Complaint.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

48. Defendants repeat, reiterate, and re-allege all their previous responses in response to Paragraph 48 of the Complaint.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to the relief requested from Defendants in his WHEREFORE paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

### AS AND FOR A FIRST DEFENSE

The abuse Plaintiff alleges at the hands of Douglas Nail constitutes a violation of the Youth Protection Policies promulgated by the BSA and is therefore beyond the course and scope of Douglas Nail's alleged role as Defendants' employee, agent, and/or volunteer. Defendants are outraged that any individual would take advantage of BSA programs designed to benefit youth—and condemns any such conduct as inconsistent with BSA principles, values, and purposes.

### AS AND FOR A SECOND DEFENSE

Any injuries Plaintiff sustained were proximately caused by Douglas Nail, or alternatively by the acts or omissions of a third party, outside the control of Defendants and in complete contravention to BSA's Youth Protection Policies.

### AS AND FOR A THIRD DEFENSE

Plaintiff's alleged injuries and damages are precluded to the extent they arose from the unforeseeable conduct of Douglas Nail.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's alleged injuries and damages resulted from a superseding and intervening cause, including the criminal conduct of Douglas Nail, undertaken in complete violation of BSA policies and Youth Protection practices.

### AS AND FOR A FIFTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, release, election of remedies, and/or principles of equity.

## AS AND FOR A SIXTH DEFENSE

The New York Child Victims Act[1] is unconstitutional as applied; therefore, Plaintiff's claims are barred in whole or in part by the prior applicable statutes of limitations and/or repose.

## AS AND FOR A SEVENTH DEFENSE

Allowing this case to proceed without regard for any previously-expired statute of limitations or repose violates the due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 6 and 11 of the New York Constitution. In this regard, Plaintiff's claims also violate the common law and are contrary to the public policies of the State of New York.

## AS AND FOR AN EIGHTH DEFENSE

The multi-decade delay between the events at issue and Plaintiff's filing of this lawsuit is inherently damaging to Defendants' ability to obtain a fair trial because, prior to notice of Plaintiff's filing of this lawsuit, Defendants had no inducement to preserve memories or evidence that would be material to disputing Plaintiff's allegations. By way of example only, and without limiting the factual content of Defendants' defense, Defendants are prejudiced by the untimely filing of this lawsuit in that:

(a) The passage of time has resulted in the loss of important evidence relating to the specifics of Plaintiff's allegations;

(b) Because of changing societal mores and standards in the treatment of child abuse allegations and the standard of care for youth serving organizations, adjudication of Plaintiff's claims now based on current social mores and standards is prejudicial; and/or

(c) Other evidence has been lost or obscured.

---

[1] 2019 Sess. Law News of N.Y. Ch. 11 (S. 2440), specifically including the provisions enacted in NY CPLR §§ 208 and 214-g.

### AS AND FOR A NINTH DEFENSE

The New York Child Victim's Act is an *ex post facto* law which is unconstitutional under Article I, Section 9 of the United States Constitution and the corresponding sections of the New York Constitution.

### AS AND FOR A TENTH DEFENSE

To avoid double recovery, any alleged damages must be reduced or offset by any other or collateral recovery by Plaintiff.

### AS AND FOR AN ELEVENTH DEFENSE

Any injuries or damages must be allocated to the responsible party.

### AS AND FOR A TWELFTH DEFENSE

Defendants reserve the right to amend this Answer to assert additional defenses as become apparent through the course of investigation and discovery.

**WHEREFORE,** Defendants respectfully request that the Court enter an order:

(a) Dismissing the Complaint in its entirety;

(b) Awarding Defendants such other and further relief in their favor that the Court deems appropriate under the circumstances.

Dated: New York, New York
February 3, 2020

Respectfully Submitted,

**MELICK & PORTER, LLP**

By: /s/ Mathew W. Beckwith
Michael Mazurczak
Mathew W. Beckwith
800 3rd Avenue, 28th Floor
New York, NY 10022
(212) 541-7236

*Counsel for Defendants Boy Scouts of America and Greater Niagara*

*Frontier Council, Boy Scouts of America*

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK,
COUNTY OF NEW YORK ss.:

Mathew W. Beckwith, being duly sworn, deposes and says:

1. I am an attorney of the law firm Melick & Porter, LLP, attorneys for Defendants Boy Scouts of America and Greater Niagara Frontier Council, Boy Scouts of America in this action. I have read the foregoing Answer, know the contents thereof, and the same is true to the best of my knowledge, information, and belief.

2. The source of my knowledge and the grounds for my belief are communications, information, and documentation provided by our clients and/or my review of the pertinent court files and other documents.

3. The reason that this Verification is made by me and not Defendants is that my law firm maintains its office outside of the counties of Defendants' residences.

_____
Mathew W. Beckwith