**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Boy Scouts of America, *et al.*, | Case No. 20-10343 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Hearing Date:**<br>**April 15, 2020, at 10:00 a.m. (ET)**<br>**Objection Deadline:**<br>**March 31, 2020, at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b), FED. R. BANKR. P. 2014 AND 2016, AND DEL. BANKR. L.R. 2014-1 AND 2016-1, AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") in these chapter 11 cases hereby submit this application for entry of an order, substantially in the form of which is attached hereto as **Exhibit A**, pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as bankruptcy co-counsel to the Debtors *nunc pro tunc* to the Petition Date (as defined below).  In support of the Application, the Debtors rely upon and incorporate by reference (i) the *Declaration of Derek C. Abbott in Support of the Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b),*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (the "<u>Abbott Declaration</u>"), attached as **<u>Exhibit B</u>**, (ii) the *Statement of Morris, Nichols, Arsht & Tunnell LLP Pursuant to 11 U.S.C. § 329, Fed. R. Bankr. P. 2016 and Bankr. D. Del. L.R. 2016-1* (the "<u>Rule 2016 Statement</u>"), attached as **<u>Exhibit C</u>**, and (iii) the *Declaration of Steven P. McGowan in Support of the Debtor's Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware Bankruptcy Co-Counsel for the Debtors* (the "<u>McGowan Declaration</u>"), attached hereto as **<u>Exhibit D</u>**.  In further support of the Application, the Debtors respectfully state as follows:

## <u>JURISDICTION</u>

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and the Application in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 327(a), 328(a), and 1107(b), as supplemented by Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

3.    Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing these chapter 11 cases. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner to date in these chapter 11 cases.

5.      On March 4, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Trade Creditors (the "Trade Committee") and an Official Committee of Tort Claimants (the "Tort Committee").

6.      A description of the Debtors' businesses, corporate structure, and events leading to these chapter 11 cases is set forth in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (D.I. 16) (the "First Day Declaration"), and is incorporated herein by reference.[2]

7.      The Debtors have also retained Sidley Austin LLP ("Sidley Austin") as bankruptcy co-counsel.  Morris Nichols will coordinate with Sidley Austin and the Debtors' other professionals to provide the Debtors with the highest level of service while minimizing duplication of efforts.

## RELIEF REQUESTED

8.      The Debtors desire to retain and employ Morris Nichols as their bankruptcy co-counsel in these chapter 11 cases.  By this Application, the Debtors respectfully request that the Court enter an order authorizing the Debtors to retain and employ Morris Nichols as their

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

bankruptcy co-counsel, *nunc pro tunc* to the Petition Date, to represent the Debtors in all phases of these chapter 11 cases.

## BASIS FOR RELIEF

9.    Under section 327(a) of the Bankruptcy Code, a debtor in possession may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate.  Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who

> is not a creditor, an equity security holder, or an insider; [or] is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and ... does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

10.    Prior to the commencement of these chapter 11 cases, the Debtors retained Morris Nichols to provide advice regarding, among other things, preparing for, commencing, and prosecuting these cases under chapter 11 of the Bankruptcy Code.  The Debtors have engaged Morris Nichols as their bankruptcy co-counsel in connection with the filing and, subject to the entry of an order approving the retention of Morris Nichols, the prosecution of these chapter 11 cases.

11.    The Debtors seek to retain and employ Morris Nichols because the firm's attorneys have extensive experience representing debtors in chapter 11 cases before this Court. Further, Morris Nichols attorneys have become familiar with the Debtors and their business and financial affairs through assisting the Debtors both prior to, and in connection with, these chapter

11 cases.  For these reasons, Morris Nichols is well qualified to represent the Debtors as bankruptcy co-counsel.

12.    The Debtors request approval of the employment of Morris Nichols *nunc pro tunc* to the Petition Date.  Such relief is warranted by the extraordinary circumstances presented by these cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989).

## SERVICES TO BE PROVIDED BY MORRIS NICHOLS

13.    The Debtors believe that the services of Morris Nichols are necessary to enable them to faithfully execute their duties as debtors in possession.  Subject to further order of this Court, Morris Nichols will render the following professional services to the Debtors, in coordination with the Debtors' other advisors:

> a.    perform all necessary services as the Debtors' bankruptcy co-counsel, including, without limitation, providing the Debtors with advice, representing the Debtors, and preparing necessary documents on behalf of the Debtors in the areas of restructuring and bankruptcy;
>
> b.    take all necessary actions to protect and preserve the Debtors' estates during these chapter 11 cases, including the prosecution of actions by the Debtors, the defense of any actions commenced against the Debtors, negotiations concerning litigation in which the Debtors are involved and objecting to claims filed against the estate;
>
> c.    prepare or coordinate preparation on behalf of the Debtors, as debtors in possession, necessary motions, applications, answers, orders, reports and papers in connection with the administration of these chapter 11 cases;
>
> d.    counsel the Debtors with regard to their rights and obligations as debtors in possession;
>
> e.    coordinate with the Debtors' other professionals in representing the Debtors in connection with these cases; and

f.      perform all other necessary legal services.

14.      The Debtors believe that Morris Nichols's employment is in the best interests of the Debtors, their estates, and their creditors.

15.      Subject to this Court's approval of the Application, Morris Nichols is willing to serve as the Debtors' counsel and to perform the services described above.

### DISINTERESTEDNESS OF MORRIS NICHOLS

16.      To the best of the Debtors' knowledge, information and belief, and except to the extent otherwise indicated in the Abbott Declaration, none of Morris Nichols's partners, counsel, or associates hold or represent any interest adverse to the Debtors' estates or their creditors, and Morris Nichols is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

17.      Other than the Debtors, Morris Nichols does not, and has not, represented any entities in matters related to these chapter 11 cases. Morris Nichols may represent or may have represented certain parties with interests in the Debtors' cases, on matters unrelated to these chapter 11 cases. As set forth in the Abbott Declaration, Morris Nichols has conducted, and continues to conduct, research into its relations with the Debtors, the Debtors' substantial creditors and equity security holders, and other parties interested in these chapter 11 cases. As part of this inquiry, Morris Nichols obtained the names of individuals or entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest," attached to the Abbott Declaration as Schedule 1). Morris Nichols then entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Morris Nichols.

18.      This inquiry revealed that certain of the Potential Parties in Interest were current or former Morris Nichols clients (the list of such clients is referred to herein as the "Client Match List"). Current clients are listed on Schedule 2 attached to the Abbott Declaration and former

clients are listed on Schedule 3 attached to the Abbott Declaration.  Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Morris Nichols attorneys responsible for certain clients listed on the Client Match List, Morris Nichols determined that the representation of the clients on the Client Match List concerned matters unrelated to these chapter 11 cases, except to the extent otherwise indicated in the Abbott Declaration.  Although Morris Nichols values all of its clients, none of the entities listed on the Client Match List represents significant financial revenues for Morris Nichols.[3]

19.    While Morris Nichols has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Morris Nichols, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, Morris Nichols will so advise the Court.

## **COMPENSATION**

20.    In connection with these chapter 11 cases, Morris Nichols was retained by the Debtors under an advance payment retainer pursuant to an engagement letter executed by the Debtors on January 9, 2020 (the "Engagement Agreement").

21.    Prior to the Petition Date, Morris Nichols received an advance payment retainer of $50,000 on January 24, 2020, and a subsequent advance payment of $300,000 on February 5, 2020.  In the 90 days before the Petition Date, Morris Nichols issued an invoice on February 13, 2020 in the amount of $38,488.60 that the Debtors subsequently paid in full by separate check on February 14, 2020.  Following the Petition Date, Morris Nichols then applied $118,867.60 and $9,297.60, on February 25, 2020 and February 27, 2020, respectively, against the advance

---

[3]    None of the entities listed on the Client Match List represent greater than 1% of Morris Nichols' revenue over the last 3 years.

payment retainer from the Debtors for prepetition services rendered.  As a result of these true-ups, Morris Nichols currently holds a balance of $221,834.80 as an advance payment for services to be rendered and expenses to be incurred in connection with its representation of the Debtors (the "Advance Payment").

22.    Morris Nichols has not been paid any other compensation by the Debtors within the 90 days before the Petition Date and Morris Nichols is not a creditor of the Debtors.

23.    As promptly as practicable after all fees and charges that accrued prior to the Petition Date have been finally posted (the "Final Billed Amount"), Morris Nichols will issue a final billing statement (the "Final Billing Statement") for the actual fees, charges, and disbursements for the period prior to the Petition Date.  The Final Billed Amount (net of payments received) shall be paid from the Advance Payment and the balance, if any, will be held as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Morris Nichols's final fee application in these cases.

24.    In these cases, the Advance Payment held by Morris Nichols is appropriate.  *See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation [and] . . . whether the retention, as proposed, is in the best interests of the estate . . .").  First, agreements regarding retainers are commonplace and "reflect normal business terms in the marketplace."  *See id.* at 634.  Second, the Debtors and Morris Nichols are sophisticated entities that have negotiated the Advance Payment at arm's length.  Third, the Advance Payment is in the best interest of the Debtors and their estates because the Engagement

Agreement and the Advance Payment allow the Debtors and Morris Nichols to maintain their prepetition relationship and assure continuity of legal advice and representation through the prosecution of these bankruptcy cases.  Thus, under the factors described by the *Insilco* court, the facts and circumstances of these cases support the Court's approval of the Advance Payment.

25.    In addition, compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate, as detailed further in the Abbott Declaration.  Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the orders of this Court, the Debtors propose to compensate Morris Nichols for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Abbott Declaration.

26.    Morris Nichols will also seek reimbursement for reasonable and necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

27.    Morris Nichols intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

28.    Morris Nichols intends to use its reasonable best efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger chapter 11 cases*, effective as of November 1, 2013 (the "Appendix B Guidelines").  To that end, Morris Nichols provides the following

statements in response to the request for additional information set forth in Part D.1. of the

Appendix B Guidelines:

> **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> **Response:** No.
>
> **Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> **Response:** No.
>
> **Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> **Response:** In connection with the chapter 11 cases, Morris Nichols was retained by the Debtors pursuant to the Engagement Agreement dated January 9, 2020. The material terms of the prepetition restructuring engagement are the same as the terms described in the Abbott Declaration.
>
> For work performed for the Debtors in 2020, Morris Nichols's hourly rates are as follows:

| | |
|---|---|
| Partners | $750–1,200 |
| Associates and Special Counsel | $435–725 |
| Paraprofessionals | $285–335 |
| Case Clerks | $175 |

> **Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?
>
> **Response:** The Court has approved a budget on an interim basis for Morris Nichols's engagement for the postpetition period, which budget is set forth in Exhibit 1 to the *Interim Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief* (D.I. 90).

## **NOTICE**

29.     Notice of this Application has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Trade Committee; (iii) counsel for the Tort Committee; (v) the Securities and Exchange Commission; (vi) the Delaware Secretary of State; (vii) the Delaware Secretary of the Treasury; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Application and the relief requested herein; (ii) enter the proposed order attached hereto as **Exhibit A**; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 17, 2020

*/s/ Steven P. McGowan*
Steven P. McGowan
General Counsel