# **Exhibit C**

Rule 2016 Statement

Case 20-10343-LSS   Doc 205-4   Filed 03/17/20   Page 1 of 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Boy Scouts of America, *et al.*, | Case No. 20-10343 (LSS) |
| Debtors.[1] | Jointly Administered |

**STATEMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP PURSUANT TO 11 U.S.C. § 329, FED. R. BANKR. 2016, AND DEL. BANKR. L.R. 2016-1**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") pursuant to section 329 of Title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, respectfully states as follows:

1. Morris Nichols is the proposed bankruptcy co-counsel for the above-captioned debtors and debtors in possession (the "Debtors") in these chapter 11 cases.

2. This Statement is made and submitted in connection with the *Debtors' Application for Entry of an Order under 11 U.S.C. §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors Nunc Pro Tunc to the Petition Date* (the "Application").[2]

3. The Debtors have agreed to pay Morris Nichols for the legal services rendered or to be rendered on the Debtors' behalf by Morris Nichols attorneys and paralegals, which include

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not defined in this Statement are defined in the Application.

those services set forth in the Application.  The Debtors also have agreed to reimburse Morris Nichols for its actual and necessary expenses incurred in connection with these chapter 11 cases.

4. Morris Nichols was retained by the Debtors under an advance payment retainer pursuant to an engagement letter executed by the Debtors on January 9, 2020 (the "Engagement Agreement").

5. Prior to the Petition Date, Morris Nichols received an advance payment retainer of $50,000 on January 24, 2020, and a subsequent advance payment of $300,000 on February 5, 2020.  In the 90 days before the Petition Date, Morris Nichols issued an invoice on February 13, 2020 in the amount of $38,488.60 that the Debtors subsequently paid in full by separate check on February 14, 2020.  Following the Petition Date, Morris Nichols then applied $118,867.60 and $9,297.60, on February 25, 2020 and February 27, 2020, respectively, against the advance payment retainer from the Debtors for prepetition services rendered.  As a result of these true-ups, Morris Nichols currently holds a balance of $221,834.80 as an advance payment for services to be rendered and expenses to be incurred in connection with its representation of the Debtors (the "Advance Payment").

6. Morris Nichols has not been paid any other compensation by the Debtors within the 90 days before the Petition Date and Morris Nichols is not a creditor of the Debtors.

7. As promptly as practicable after all fees and charges that accrued prior to the Petition Date have been finally posted (the "Final Billed Amount"), Morris Nichols will issue a final billing statement (the "Final Billing Statement") for the actual fees, charges, and disbursements for the period prior to the Petition Date.  The Final Billed Amount (net of payments received) shall be paid from the Advance Payment and the balance, if any, will be held

as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Morris Nichols's final fee application in these cases.

8. Morris Nichols will seek approval of payment of compensation upon its filing of applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

9. All filing fees in these chapter 11 cases have been paid.

10. Morris Nichols further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Morris Nichols, or (b) any compensation another person or party has received or may receive.

Dated: March 17, 2020

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Derek C. Abbott*_____
        Derek C. Abbott (No. 3376)
        Andrew R. Remming (No. 5120)
        Joseph C. Barsalona II (No. 6102)
        Paige N. Topper (No. 6470)
        Eric W. Moats (No. 6441)
        1201 N. Market Street, 16th Floor
        P.O. Box 1347
        Wilmington, Delaware 19899-1347
        Telephone: (302) 658-9200
        Facsimile: (302) 658-3989
        Email:   dabbott@mnat.com
                    aremming@mnat.com
                    jbarsalona@mnat.com
                    ptopper@mnat.com
                    emoats@mnat.com

        *Proposed Counsel to the Debtors and Debtors in Possession*