**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: April 15, 2020 at 10:00 a.m. (ET)<br>Objection Deadline: March 31, 2020 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
BATES WHITE, LLC AS ABUSE CLAIMS CONSULTANT FOR THE DEBTORS
AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this application (this "Application"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to retain and employ Bates White, LLC ("Bates White") to serve as their abuse claims consultant and advisor, *nunc pro tunc* to February 18, 2020 (the "Petition Date") pursuant to the terms and conditions of the engagement letter by and between the Debtors, Sidley Austin LLP, and Bates White, dated as of September 24, 2019 (the "Engagement Letter"), a copy of which is attached hereto as

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**Exhibit B**,[2] (ii) approving the terms of Bates White's retention and employment, including the fee and expense structure, reimbursements, and related provisions set forth in the Engagement Letter, and (iii) granting related relief.  In support of this Application, the Debtors submit the *Declaration of Andrew R. Evans in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Bates White, LLC as Abuse Claims Consultant for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* (the "Evans Declaration"), attached hereto as **Exhibit C** and incorporated herein by reference.  In further support of this Application, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

2. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "UCC") and an official committee of tort claimants (the "Tort Claimants' Committee" and, together with the UCC, the "Committees") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142].  No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

---

[2] Any references to, or summaries of, the Engagement Letter in this Application are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and such summaries referenced herein.  Additionally, any capitalized terms used in this Application and not otherwise defined herein shall have the meanings given to them in the Engagement Letter.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and other bases for the relief requested in this Application are sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2.

## BACKGROUND OF THE DEBTORS

6. The BSA is a federally chartered non-profit corporation under title 36 of the United States Code. The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers. As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission. The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[3] encouraging them to be trustworthy, kind, friendly and helpful, while also

---

[3] **Scout Oath**: "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight." **Scout**
*(cont'd)*

3

training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations. Delaware BSA, LLC is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. BSA is the sole member of Delaware BSA, LLC.

7. Additional information regarding the BSA, the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## RELIEF REQUESTED

8. By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to retain and employ Bates White as their abuse claims consultant, *nunc pro tunc* to the Petition Date, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, and in accordance with the terms and conditions set forth in the Engagement Letter, (ii) approving the terms of Bates White's retention and employment, including the fee and expense structure, the reimbursements, and related provisions set forth in the Engagement Letter, and (iii) granting certain related relief.

## BATES WHITE'S QUALIFICATIONS

9. Bates White is an economic consulting firm that provides, among other things, analytical services focused on the analysis and estimation of mass tort claims. The Debtors have

---
*(cont'd from previous page)*
Law: "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

4

selected Bates White based on its considerable experience with, and knowledge regarding, abuse claims and valuation.  In addition, this engagement is expected to be led by Andrew R. Evans, a highly experienced expert.  Similar engagements for which Bates White has provided services include: In re USA Gymnastics, Case No. 18-09108 (Bankr. S.D. Ind. 2018): In re Bestwall LLC, Case No. 17-31795 (Bankr. W.D.N.C. 2017); In re TK Holdings Inc., Case. No. 17-11375 (Bankr. D. Del. 2017); In re Garlock Sealing Tech. LLC, Case No. 10-31607 (Bankr. W.D.N.C. June 5, 2010).

10.     As indicated in the Evans Declaration and in Mr. Evans's resume attached thereto as **Exhibit 1**, Mr. Evans has more than sixteen (16) years of experience in providing guidance on mass tort, product liability, asbestos, and other claims in bankruptcy, litigation, and business matters.  Mr. Evans is a CFA charter holder and is the Practice Chair of the Environmental and Product Liability Practice at Bates White.  Mr. Evans has authored expert reports and declarations as part of contract disputes, state insurance proceedings, federal bankruptcy reorganizations, Alternative Dispute Resolutions (ADRs), mediations, and in support of corporate valuations, mergers and acquisitions, and divestitures.  Included among the matters in which Mr. Evans has provided mass tort claims expert-related testimony or related services are the bankruptcy cases of: In re USA Gymnastics, Case No. 18-09108 (Bankr. S.D. Ind. 2018); In re The Fairbanks Co., Case No. 18-41768 (Bankr. N.D. Ga. July 31, 2018); In re TK Holdings Inc., Case. No. 17-11375 (Bankr. D. Del. 2017); In re Blitz USA Inc., Case No. 11-13603 (Bankr. D. Del. 2013).

11.     Furthermore, Bates White performed prepetition consulting work for the Debtors, and as a result has acquired extensive knowledge regarding the Debtors and the abuse claims asserted against them.  For these reasons, Bates White is well qualified to perform all services

5

contemplated by the Engagement Letter and to represent the Debtors' interests in these chapter 11 cases in an efficient and expert manner.

## SCOPE OF SERVICES

12. Subject to further order of the Court, the Debtors anticipate that Bates White may render economic consulting, claims valuation, and related services to the Debtors as needed in connection with abuse claims asserted against the Debtors and related potential costs and liabilities. These services may include, but are not limited to:

   (a) performing due diligence and analysis regarding the Debtors' present and future abuse claims liability;

   (b) estimating the number and value of, and producing analysis with respect to, present and future abuse claims against the Debtors;

   (c) working with the Debtors and assisting the Debtors' restructuring counsel in the development of proof of claim forms for abuse victims;

   (d) advising the Debtors and assisting the Debtors' restructuring counsel with respect to the negotiation and formulation of a compensation trust, including but not limited to formulation of trust funding mechanism and trust distribution procedures and related trust documents related to a chapter 11 plan of reorganization;

   (e) rendering expert testimony and reports related to the foregoing and assisting the Debtors in preparing and evaluating reports as required by the Debtors and as necessary in these chapter 11 cases; and

   (f) such other advisory and consulting services as may be requested by the Debtors.

13. The Debtors require knowledgeable consultants to render these essential professional services. As noted above, Bates White has substantial expertise in all of these areas. In addition, Bates White has become intimately familiar with the Debtors, their history, and all aspects of their abuse claims liabilities as a result of its prepetition work for the Debtors. Such services are necessary to enable the Debtors to maximize the value of their estates, and as such are in the best interests of the Debtors, their estates, and their creditors.

## NO DUPLICATION OF SERVICES

14. By separate applications, the Debtors are also seeking to employ various other restructuring professionals. The Debtors believe that the services to be rendered by Bates White will complement, rather than duplicate, the services to be rendered by any other professional retained in these chapter 11 cases. The Debtors will coordinate with Bates White and the Debtors' other professionals to minimize unnecessary duplication of efforts among the Debtors' professionals.

## PROFESSIONAL COMPENSATION

15. Subject to the Court's approval, the Debtors propose to compensate Bates White on an hourly basis in accordance with the terms and conditions set forth in the Engagement Letter, which is in accordance with Bates White's customary billing practices. Bates White's current standard hourly rates for 2020, subject to annual adjustment, range from $195–$1,400 per hour.

16. Bates White also intends to seek reimbursement for its reasonable out-of-pocket expenses, including, without limitation, travel, electronic invoicing charges from third party vendors, and other case-specific charges. All fees and expenses due to Bates White will be billed in accordance with any orders entered by this Court with respect to interim compensation and the relevant sections of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

17. Bates White's fee and expense structure is consistent with and typical of compensation arrangements entered into by Bates White and other comparable firms that render similar services under similar circumstances. The Debtors believe that Bates White's fee and expense structure is reasonable, market-based, and designed to compensate Bates White fairly for its work.

18. During the 90-day period preceding the Petition Date, Bates White received payments and retainers of $125,000 on February 7, 2020, and Bates White held this amount as of the Petition Date. Of this amount, Bates White seeks to apply $75,000 in respect of its fixed fee invoice for completed Phase I services described in the Engagement Letter. After applying this amount and certain fees and expenses earned and incurred but not paid prior to the Petition Date to the retainer, the balance of the retainer is expected to be approximately $38,000. The remainder of the retainer held by Bates White will be allocated to Bates White's postpetition fees and expenses, after such postpetition fees and expenses are allowed by the Court, including pursuant to any interim compensation procedures approved by the Court.

19. Bates White will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the U.S. Trustee regarding submission and approval of fee applications, and any other applicable procedures and orders of this Court.

20. Except as described herein, no commitments have been made or received by Bates White, nor any member thereof, as to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and orders of this Court. Bates White has not shared or agreed to share any of its compensation from the Debtors with any other person, other than principals and employees of Bates White, as permitted by section 504 of the Bankruptcy Code.

**BATES WHITE'S DISINTERESTEDNESS**

21. Bates White has informed the Debtors that as of the date hereof, except as set forth in the Evans Declaration attached hereto as **Exhibit B**, Bates White: (i) has no connection

with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee (the "U.S. Trustee"); (ii) does not hold any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code. Accordingly, the Debtors believe that Bates White is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

22. Bates White will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise in such review, Bates White will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF

23. The Debtors request authority to retain and employ Bates White as their abuse claims consultant pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a).

24. Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the

> United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.  Additionally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file "a supporting affidavit or verified statement of the professional person and a proposed order for approval."  Del. Bankr. L.R. 2014-1.

25.    The Debtors respectfully submit that section 327(a) of the Bankruptcy Code permits them to hire a professional firm like Bates White to undertake a claims and estimation consulting role in these chapter 11 cases.  Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by this Application.  The terms and conditions of the Engagement Letter were negotiated at arm's length and in good faith.  The Debtors have been informed that Bates White will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Bates White will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).  The Debtors and Bates White respectfully submit that the terms of Bates White's retention are customary and reasonable for claims consultant engagements, both out-of-court and in comparable chapter 11 cases, and are in the best interests of the Debtors' estates, creditors, and all parties in interest.

## **NOTICE**

26.    Notice of this Application will be provided to (i) the U.S. Trustee; (ii) proposed counsel to the UCC; (iii) proposed counsel to the Tort Claimants' Committee; (iv) counsel to the proposed Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County

Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  March 17, 2020
        Wilmington, Delaware

Respectfully submitted,

*/s/ Steven P. McGowan*
Steven P. McGowan
Secretary and General Counsel

*Boy Scouts of America and Delaware BSA, LLC*