## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BATES
WHITE, LLC ABUSE CLAIMS CONSULTANT FOR THE DEBTORS
AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Boy Scouts of America (the "BSA") and

Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in

the above-captioned chapter 11 cases (together, the "Debtors") for entry of an order (this

"Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016,

and Local Rules 2014-1 and 2016-2, (i) authorizing the Debtors to retain and employ Bates

White, LLC ("Bates White") as their abuse claims consultant and advisor, *nunc pro tunc* to the

Petition Date pursuant to the terms and conditions of the Engagement Letter, (ii) approving the

terms of Bates White's retention and employment, including the fee and expense structure,

reimbursements, and related provisions set forth in the Engagement Letter, and (iii) granting

related relief; and upon consideration of the Evans Declaration; and the Court being satisfied,

based on the representations made in the Application and the Evans Declaration, that Bates

White is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, the Debtors are authorized to retain and employ Bates White as their abuse claims consultant, *nunc pro tunc* to the Petition Date.

3.      The terms of the Engagement Letter, including without limitation, the fee and expense structure, are approved, as modified herein.

4.      The Engagement Letter limits the liability of Bates White for direct damages to the lesser of fees paid or $250,000 with respect to services performed under the letter. Notwithstanding such provision, Bates White's liability will not be limited or released by the Engagement Letter for any claim or expense where: (a) such claim or expense is judicially determined to have arisen from Bates White's gross negligence, willful misconduct, fraud or bad faith; (b) for a contractual dispute in which the Debtor alleges the breach of Bates White's

contractual obligations, the Court determines that such release or limitation would not be permissible under applicable law; or (c) such claim or expense is settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Bates White should not have its liability released or limited under the terms of the Engagement Letter.

5.      Bates White shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  Bates White shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Bates White in these chapter 11 cases.

6.      Notwithstanding anything in the Application or the Evans Declaration to the contrary and after reconciliation of any unpaid prepetition fees and expenses with the retainer held by Bates White, Bates White shall apply any remaining amounts of the retainer toward postpetition fees and expenses after such postpetition fees and expenses are allowed against the Debtors' estates, including pursuant to any interim compensation procedures approved by the Court, until the remaining amount of such retainer is exhausted.  No additional retainer amounts shall be paid to Bates White postpetition.

7.      Bates White shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8.      The Debtors and Bates White are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9.      To the extent there is any inconsistency between this Order and the Engagement Letter or the Application, the provisions of this Order shall govern.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2020
        Wilmington, Delaware            _____
                                        THE HON. LAURIE SELBER SILVERSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE