### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 15, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: March 31, 2020 at 4:00 p.m. (ET)** |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF OMNI AGENT SOLUTIONS AS ADMINISTRATIVE AGENT FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this application (this "Application"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to retain and employ Omni Agent Solutions ("Omni") as the administrative agent (the "Administrative Agent") for the Debtors, *nunc pro tunc* to February 18, 2020 (the "Petition Date"). In support of this Application, the Debtors submit *Declaration of Paul H. Deutch in Support of the Debtors' Application for Entry of an Order Appointing Omni Agent Solutions as Administrative Agent for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Date* (the "Deutch Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference.  In further support of this Application, the Debtors respectfully state as follows:

### STATUS OF THE CASES AND JURISDICTION

1.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

2.      On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "UCC") and an official committee of tort claimants (the "Tort Claimants' Committee" and, together with the UCC, the "Committees") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142].  No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and other bases for the relief requested in this Application are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2.

## BACKGROUND OF THE DEBTORS

6.      The BSA is a federally chartered non-profit corporation under title 36 of the United States Code.  The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers.  As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission.  The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[2] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations.  Delaware BSA, LLC is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  BSA is the sole member of Delaware BSA, LLC.

7.      Additional information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of*

---

[2] **Scout Oath**: "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight."  **Scout Law**:  "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

*Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

**RELIEF REQUESTED**

8.      By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Omni as the Administrative Agent in these chapter 11 cases, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in that certain Standard Services Agreement between Omni and the Debtors, dated as of January 13, 2020 (the "Retention Agreement"), a copy of which is attached hereto as **Exhibit C**.[3]

**OMNI'S QUALIFICATIONS**

9.      Omni is one of the country's leading chapter 11 administrators, with significant expertise in noticing, claims administration, soliciting, balloting, and facilitating other administrative aspects of chapter 11 cases.  Omni has substantial experience in matters of this size and complexity.  Omni has acted as an administrative agent and/or official claims and noticing agent in numerous recent chapter 11 cases filed in this district and other districts nationwide.  Omni's cases include: In re Fairway Grp. Holdings Corp., Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Mar. 3, 2020); In re Juno, USA, LP, Case No. 19-12484 (MFW) (Bankr. D. Del. Dec. 17, 2019); In re PES Holdings, LLC, Case No. 19-11626 (KG) (Bankr. D. Del. Aug. 20, 2019); In re GUE Liquidation Cos. (f/k/a FTD Cos.), Case No. 19-11240 (LSS) (Bankr. D. Del. July 1, 2019); In re Hexion Holdings LLC, Case No. 19-10684 (KG) (Bankr. D. Del.

---

[3] On the Petition Date, the Debtors filed an application under 28 U.S.C. § 156(c) to appoint Omni as the claims and noticing agent in these chapter 11 cases [Docket No. 11] (the "Section 156(c) Application").  On February 19, 2020, the Court entered an order granting the Section 156(c) Application and appointing Omni as the claims and noticing agent for the Debtors [Docket No. 46] (the "Section 156(c) Order").  Given that the administration of these cases will require Omni to perform duties outside the scope of 28 U.S.C. § 156(c), the relief requested in this Application supplements the scope of Omni's services under the Section 156(c) Order.

May 1, 2019); <u>In re Brookstone Holdings Corp.</u>, Case No. 18-11780 (BLS) (Bankr. D. Del. Aug.

24, 2018); <u>In re Ensequence, Inc.</u>, Case No. 18-10182 (KG) (Bankr. D. Del. Feb. 21, 2018); <u>In re</u>

<u>Charming Charlie Holdings Inc.</u>, Case No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017); <u>In re</u>

<u>Answers Holdings, Inc.</u>, Case No. 17-10496 (SMB) (Bankr. S.D.N.Y. Mar. 10, 2017).

10.     The Debtors selected Omni to perform the Administrative Services (as defined

below) because of Omni's experience, reputation, and the competitiveness of its fees.   The

Debtors submit that using Omni to provide the Administrative Services has provided and will

continue to provide the most cost-effective and efficient administration of these cases.   Further,

retaining Omni to perform the Administrative Services has allowed, and will continue to allow,

the Debtors and their professionals to focus on key aspects of the Debtors' restructuring efforts.

Accordingly, the Debtors believe that Omni is qualified to provide the Administrative Services

and that Omni's retention in such capacity is in the best interests of the Debtors' estates, their

creditors and other parties in interest.

## SCOPE OF SERVICES

11.     Pursuant to the Retention Agreement, the Debtors propose that Omni provide

certain bankruptcy professional services that may be outside the scope of 28 U.S.C. § 156(c) (the

"<u>Administrative Services</u>"), including, without limitation, the following:

(a)     assisting with the filing of the Debtors' schedules of assets and liabilities and statements of financial affairs;

(b)     assisting with, among other things, solicitation, balloting, tabulation, and calculation of votes, if necessary, as well as preparing any appropriate reports, as required in furtherance of confirmation of any chapter 11 plan;

(c)     generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results for any chapter 11 plan(s) in these cases;

(d)     managing any distributions pursuant to any confirmed chapter 11 plan in these chapter 11 cases; and

(e)     providing such other claims processing, noticing, solicitation, balloting, and administrative services described in the Retention Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court, or the Office of the Clerk of the Court.

**PROFESSIONAL COMPENSATION**

12.     Subject to the Court's approval, the Debtors propose to compensate Omni for the Administrative Services set forth above in accordance with the Retention Agreement and the rate structure attached thereto.  The Debtors respectfully submit that Omni's rates are competitive and comparable to the rates that Omni's competitors charge for similar services.  Furthermore, the Debtors believe that Omni's rates are reasonable given the quality of Omni's services and its prior bankruptcy expertise.  In connection with providing the Administrative Services, Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Retention Agreement.

13.     Notwithstanding anything to the contrary in this Application or the Retention Agreement, Omni will apply for compensation and reimbursement of expenses incurred in connection with the services it provides pursuant to this Application as the Administrative Agent in these cases, subject to Court approval and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy code, applicable Bankruptcy Rules, applicable Local Rules, any guidelines (the "U.S. Trustee Guidelines") established by the U.S. Trustee, and further orders of this Court.

14.     Before the Petition Date, the Debtors made one payment to Omni in the amount of $142,855, and Omni maintained $50,000.00 of this amount as a retainer in accordance with the Retention Agreement, approximately $35,000 of which remained undrawn as of the Petition Date.  Omni seeks to hold the retainer as security of payment of Omni's final invoice for services rendered and expenses incurred pursuant to the Retention Agreement.

15.     Additionally, under the terms of the Retention Agreement, the Debtors have agreed, subject to certain exceptions, to indemnify and hold harmless Omni and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents, under certain circumstances specified in the Retention Agreement, except in circumstances resulting from Omni's gross negligence or willful misconduct or as otherwise provided in the Retention Agreement or the Proposed Order.  The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

## OMNI'S DISINTERESTEDNESS

16.     Omni has represented to the Debtors that, to the best of its knowledge, and except as set forth in the Deutch Declaration, neither Omni nor any of its professional personnel have any relationship with the Debtors that would impair Omni's ability to serve as the Administrative Agent.  To the extent that Omni or its personnel have, or may have had, relationships with certain of the Debtors' creditors, as described in the Deutch Declaration, Omni has represented to the Debtors that those matters are completely unrelated to these chapter 11 cases.

17.     Moreover, in connection with its retention as the Administrative Agent, Omni represents in the Deutch Declaration, among other things, that Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Omni and its professional personnel:

    (a)     are not creditors, equity security holders, or insiders of the Debtors;

    (b)     are not, and were not, within two years before the date of the filing of these chapter 11 cases, directors, officers, or employees of the Debtors; and

    (c)     do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of

7

any direct or indirect relationship to, connection with, or interest in, the Debtors.

18.     Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional assistance.

## BASIS FOR RELIEF

19.     Section 327(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "with the court's approval, may employ . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in fulfilling its duties under the Bankruptcy Code.  11 U.S.C. § 327(a).

20.     Bankruptcy Rule 2014(a) requires, in relevant part, that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

13.     The Debtors selected Omni to perform the Administrative Services because of Omni's experience, reputation, and the competitiveness of its fees.  The Debtors submit that using Omni to provide the Administrative Services has provided and will continue to provide for the cost-effective and efficient administration of these cases.  Further, retaining Omni to perform the Administrative Services has allowed—and will continue to allow—the Debtors and their professionals to focus on key aspects of the Debtors' restructuring efforts.  Accordingly, the Debtors believe that Omni is qualified to provide the Administrative Services and that Omni's

retention in such capacity is in the best interests of the Debtors' estates, their creditors and other parties in interest.

## *NUNC PRO TUNC* RELIEF IS APPROPRIATE

14. In accordance with the Debtors' request, Omni has agreed to serve as the Administrative Agent on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention, *nunc pro tunc* to the Petition Date, so that Omni may be compensated for services rendered before approval of this Application. The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment as proposed in this Application.

15. Accordingly, the Debtors request entry of the Proposed Order authorizing the Debtors to retain and employ Omni as the Administrative Agent, *nunc pro tunc* to the Petition Date.

## NOTICE

21. Notice of this Application will be provided to (i) the U.S. Trustee; (ii) proposed counsel to the UCC; (iii) proposed counsel to the Survivors Committee; (iv) counsel to the proposed Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  March 17, 2020                    Respectfully submitted,
        Wilmington, Delaware

                                          */s/ Steven P. McGowan*
                                          Steven P. McGowan
                                          Secretary and General Counsel

                                          *Boy Scouts of America and Delaware BSA, LLC*