**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF OMNI AGENT SOLUTIONS AS ADMINISTRATIVE AGENT FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, authorizing the Debtors to retain and employ Omni Agent Solutions ("Omni") as the administrative agent (the "Administrative Agent") for the Debtors, *nunc pro tunc* to the Petition Date; and the Court being satisfied, based on the representations made in the Application and the Deutch Declaration, that Omni is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Notwithstanding the terms of the Retention Agreement attached to the Application, the Application is granted solely as set forth in this Order.

3. The Debtors are authorized to retain Omni as the Administrative Agent in accordance with the terms and conditions set forth in the Application and under the terms of the Retention Agreement relating to such services, *nunc pro tunc* to the Petition Date, and Omni is authorized to perform such services as set forth in the Application and under the terms of the Retention Agreement relating to such services.

4. Omni may hold the retainer as security of payment of Omni's final invoice for services rendered and expenses incurred in performing the Administrative Services.

5. Notwithstanding anything to the contrary in the Application or the Retention Agreement and solely with respect to the Administrative Services, Omni will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, applicable Local

Rules, the U.S. Trustee Guidelines, and such other procedures that have been or may be fixed by order of this Court.

  6. Except to the extent set forth below, the Debtors are authorized to indemnify Omni under the terms of the Retention Agreement as follows:

    (a) Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Retention Agreement for services other than the Claims and Noticing Services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

    (b) Notwithstanding anything to the contrary in the Retention Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified; and

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including without limitation the advancement of defense costs, Omni must file an application therefor in this Court, and the Debtors may not pay any such amounts to Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

7. Omni shall not cease providing the Administrative Services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court.

8. To the extent there is any inconsistency between this Order and the Retention Agreement or the Application, the provisions of this Order shall govern.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE