## **Exhibit B**

**Deutch Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF PAUL H. DEUTCH IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF OMNI AGENT SOLUTIONS
AS ADMINISTRATIVE AGENT FOR THE DEBTORS AND DEBTORS
IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

Paul H. Deutch, being duly sworn, state the following under penalty of perjury and that the following is true to the best of my knowledge, information and belief:

1.      I am the Executive Vice President of Omni Agent Solutions ("Omni"), a chapter 11 administrative services firm, with offices located at 1120 Avenue of the Americas, 4th Floor, New York, New York 10036 and 5955 De Soto Avenue, Woodland Hills, CA 91367.[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called and sworn as a witness, I could and would testify competently thereto.[3]

2.      Omni is one of the country's leading chapter 11 administrators, with significant experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases.  Omni has substantial experience in matters of this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[3] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Omni and are based on information provided by them.

size and complexity. Omni has acted as an administrative agent and/or official claims and noticing agent in numerous chapter 11 cases pending in this district and other districts nationwide. Omni's cases include: In re Fairway Grp. Holdings Corp., Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Mar. 3, 2020); In re Juno, USA, LP, Case No. 19-12484 (MFW) (Bankr. D. Del. Dec. 17, 2019); In re PES Holdings, LLC, Case No. 19-11626 (KG) (Bankr. D. Del. Aug. 20, 2019); In re GUE Liquidation Cos. (f/k/a FTD Cos.), Case No. 19-11240 (LSS) (Bankr. D. Del. July 1, 2019); In re Hexion Holdings LLC, Case No. 19-10684 (KG) (Bankr. D. Del. May 1, 2019); In re Brookstone Holdings Corp., Case No. 18-11780 (BLS) (Bankr. D. Del. Aug. 24, 2018); In re Ensequence, Inc., Case No. 18-10182 (KG) (Bankr. D. Del. Feb. 21, 2018); In re Charming Charlie Holdings Inc., Case No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017); In re Answers Holdings, Inc., Case No. 17-10496 (SMB) (Bankr. S.D.N.Y. Mar. 10, 2017). Accordingly, I believe that Omni is qualified to act the Administrative Agent in these chapter 11 cases.

3.      Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Omni and its professional personnel:

(a)     are not creditors, equity security holders, or insiders of the Debtors;

(b)     are not, and were not, within two years before the date of the filing of these chapter 11 cases, directors, officers, or employees of the Debtors; and

(c)     do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

4.      If Omni's proposed retention is approved by the Court, Omni will not accept any engagement or perform any service for any entity or person related to these cases, other than the Debtors, without the prior approval of the Court. Omni may, however, provide professional

services to entities or persons that may be creditors or parties in interest in these cases, which
services do not relate to, or have any direct connection with, this case or the Debtors.

5.      Omni represents that:

(a)     it will not consider itself employed by the United States government and
shall not seek any compensation from the United States government in its
capacity as the Administrative Agent;

(b)     by accepting employment in these chapter 11 cases, Omni waives any
right to receive compensation from the United States government in its
capacity as the Administrative Agent;

(c)     in its capacity as the Administrative Agent, Omni will not be an agent of
the United States and will not act on behalf of the United States; and

(d)     Omni will not employ any past or present employees of the Debtor in
connection with its work as the Administrative Agent in these chapter 11
cases.

6.      In connection with the preparation of this Declaration, I caused to be submitted
for review by Omni's conflicts system the names of all known potential parties in interest in
these chapter 11 cases.  The list of Potential Parties in Interest was provided by the Debtors and
includes the names of individuals and entities that may be parties in interest in these chapter 11
cases  (the "Potential Parties in Interest").  The results of the conflict check were compiled and
reviewed by employees of Omni, under my supervision.  At this time, Omni is not aware of any
relationship that would present a disqualifying conflict of interest.  Should Omni discover any
new relevant factors or relationships bearing on the matters described herein during the period of
its retention, Omni will use reasonable best efforts to promptly file a supplemental declaration.

7.      To the best of my knowledge, upon reasonable inquiry, neither I nor any
professional of the Omni team that is providing services to the Debtors is a creditor of the
Debtors or an active volunteer with the Debtors.

8.      Omni currently serves, or in the past may have served, in a neutral capacity as claims, noticing, balloting and/or solicitation agent for these parties or related parties.  However, given Omni's neutral position as claims and noticing agent or administrative agent in its cases, the Debtors' cases, or any other cases, Omni does not view such relationship as a real or potential conflict.

9.      To the best of my knowledge, neither Omni nor any of its personnel have any relationship with the Debtors that would impair Omni's ability to serve as the Administrative Agent.  Omni's personnel may have had relationships with some of the Debtors' creditors or other parties in interest.  To the best of my knowledge, however, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to these chapter 11 cases. Omni has, and will continue to represent clients in matters unrelated to these cases.  In addition, Omni has had, and will continue to have, relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' chapter 11 cases in matters unrelated to this case.

10.      Omni and its personnel in their individual capacities regularly utilize the services of law firms, accounting firms, and financial advisors.  Such firms engaged by Omni or its personnel may appear in these chapter 11 cases representing the Debtors or other parties-in-interest.  All engagements where such firms represent Omni or its personnel in their individual capacities are unrelated to these chapter 11 cases.  Accordingly, to the best of my knowledge, Omni and each of its employees are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and neither Omni nor any of its employees hold or represent an interest adverse to the Debtors' estates to any matter for which Omni will be employed.

11.    If any new facts or relationships are discovered, Omni will supplement its disclosure to the Court.

12.    Subject to the Court's approval, the Debtors have agreed to compensate Omni for professional services rendered pursuant to section 327(a) of the Bankruptcy Code in connection with these cases according to the terms and conditions of the Retention Agreement.   As referenced in the Application and the Retention Agreement, the Debtors and Omni have agreed to a pricing schedule, which is attached to the Retention Agreement.  Payments are to be based upon the submission of Omni's relevant applications in accordance with the U.S. Trustee Guidelines.

13.    Before the Petition Date, the Debtors made one payment to Omni in the amount of $142,855, and Omni maintained $50,000.00 of this amount as a retainer in accordance with the Retention Agreement, approximately $35,000 of which remained undrawn as of the Petition Date.  Omni seeks to hold the retainer as security of payment of Omni's final invoice for services rendered and expenses incurred pursuant to the Retention Agreement.

14.    The services provided by Omni will be administrative in nature, and Omni will not provide services in the nature of legal representation and/or advice to the Debtors.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  March 17, 2020
New York, New York          */s/ Paul H. Deutch*
                                           Paul H. Deutch
                                           Executive Vice President
                                           OMNI AGENT SOLUTIONS