**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] Debtors. | Chapter 11<br>Case No. 20-10343 (LSS)<br>Jointly Administered<br>Re: Dkt No. 147 |
|---|---|

**LIMITED OBJECTION OF CREDITORS AND PARTIES IN INTEREST FIRST STATE INSURANCE COMPANY AND TWIN CITY FIRE INSURANCE COMPANY TO NATIONAL SURETY CORPORATION'S MOTION (I) FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, (II) TO EXTEND THE STAY**

First State Insurance Company ("First State") and Twin City Fire Insurance Company ("Twin City," collectively, "Hartford"), creditors and parties in interest in these consolidated chapter 11 cases, respectfully submit this limited objection to National Surety Corporation's Motion (I) for Relief from the Automatic Stay, or in the Alternative, (II) To Extend the Stay [Dkt. No. 147] (the "Motion"). National Surety Corporation ("National Surety") seeks either relief from the stay in the Illinois action titled *National Surety Corporation v. Boy Scouts of America*, No. 2017-CH-14975 (Ill. Ch. Ct. Cook County) (the "Illinois Action"), or alternatively that the court impose a stay on related litigation in Texas. Hartford takes no position with respect to most of the relief that National Surety is seeking in the Motion, with one exception. The Court should carve out, from any lift stay relief that it grants, the counterclaims that Allianz Global Risks US Insurance Company ("Allianz") has asserted against Hartford in the Illinois Action. Those counterclaims attempt to erode the limits of estate property, adversely (and

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

unnecessarily) burden the estate and, in contrast to the Motion, Allianz has never sought relief from the stay. To the extent the Motion seeks to lift the stay regarding those claims, this Court should deny it.

**BACKGROUND**

1. On November 21, 2017, National Surety filed the Illinois Action in Cook County, Illinois. National Surety sought declarations that it did not have coverage obligations to Boy Scouts of America ("BSA") for a group of claims arising from sexual abuse by one scoutmaster (the "Hacker claims"). National Surety also named as defendants in that suit a number of BSA's other liability insurers, including Allianz and Hartford.

2. On February 10, 2020, Allianz filed an amended Counterclaim against Hartford seeking recovery, under theories of contribution and subrogation, of sums Hartford allegedly owes to Allianz for Allianz's settlement of an underlying abuse claim (the "Monroe Settlement"). *See* Paragraph 3 of the Affidavit of Joshua D. Weinberg ("Weinberg Aff.") and Exhibit 1 attached thereto.

3. The policies under which Allianz seeks recovery are subject to a confidential 2010 settlement agreement between BSA and Hartford. That settlement defines the respective rights and obligations of BSA and Hartford. To the extent that Allianz prosecutes, and Hartford defends, the counterclaims, therefore, Hartford necessarily will incur costs that BSA is required to indemnify under the 2010 settlement agreement.

4. On February 19, 2020, BSA filed a Suggestion of Bankruptcy in the Illinois Action giving notice that the day before it had filed a voluntary petition for bankruptcy relief in this Court.

5. Following that filing, Hartford conferred with Allianz and requested agreement that the Allianz counterclaims were stayed as a result of BSA's petition. Allianz declined to agree. *See* Weinberg Aff. ¶ 4.

6. Consequently, on March 6, 2020, Hartford filed a motion in the Illinois Action seeking a ruling that the automatic stay applies to the Allianz counterclaims asserted against Hartford. *See* Weinberg Aff. ¶ 5.

7. On March 10, 2020, the Illinois court stated, via e-mail, that the Illinois Action is currently stayed, pending resolution of National Surety's motion. *See* Weinberg Aff., ¶ 6 and Ex. 2.

8. Based on Hartford's communications with Allianz, Allianz likely will try to move forward with its counterclaims if the stay is lifted in full.

9. If Allianz is permitted to move forward, it will unnecessarily threaten the assets of the estate. The Court should therefore ensure that any stay relief does not extend to the Allianz counterclaims asserted against Hartford.

**ARGUMENT**

10. Under Section 362(a)(1) of the Bankruptcy Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

11. The automatic stay is not confined to actions specifically against the debtor; it extends, under Section 362(a)(3), to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." In short, the

automatic bankruptcy stay applies to any action seeking possession or control of the debtor's property.

12. Courts have consistently held that, for purposes of Section 362, a debtor's insurance policies are the property of the estate and an action seeking recovery under those policies is subject to the automatic stay. *See ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 260 (3d Cir. 2006) ("It has long been the rule in this Circuit that insurance policies are considered part of the property of a bankruptcy estate."). Consequently, the automatic stay applies to any action against the insurer seeking recovery under the policies.

13. Moreover, application of the automatic stay is decided on a claim-by-claim basis. *See Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1204-1205 (3d Cir. 1991) ("Multiple claim and multiple party litigation must be *disaggregated* so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."). The decision that some claims may proceed, therefore, does not necessarily warrant full-scale relief.

14. In the Illinois Action, Allianz contends that it has paid portions of the settlement for an underlying suit against BSA and that Hartford (among other insurers), owes it payments in contribution and/or subrogation under policies First State and Twin City issued to BSA. *See* Weinberg Aff., Ex. 1, ¶¶ 44-58. Those policies are the property of the BSA estate and suits seeking recovery under them are therefore subject to the automatic stay provision of Section 362(a)(3) particularly where, as here, any recoveries would diminish the amounts that BSA could collect under the policies.

15. Moreover, even if the Allianz counterclaims did not seek to recover against a limited asset, the very act of prosecuting its counterclaims here is detrimental to the estate.

Hartford contends that if the counterclaims go forward, BSA will incur an indemnity obligation to Hartford irrespective of whether Allianz is ultimately successful. Consequently, good cause exists for the stay, at least with respect to counterclaims against Hartford.

16. In contrast, there is no reason at all to lift the stay with regard to the counterclaims. Indeed, Allianz has not made any request for relief from this Court to lift the stay. Nor is it prejudiced by the stay. To the extent that insurance obligations are not resolved in this bankruptcy case, Allianz has preserved any timely contribution claims against Hartford and can prosecute them at a later date, if necessary. But neither Allianz nor anyone else has provided any reason for why those claims need to go forward now.

17. Hartford accordingly requests that, to the extent the Court grants stay relief regarding the Illinois Action, the Court should not extend such relief to the Allianz counterclaims asserted against Hartford.

## CONCLUSION

For the reasons set forth above, the Court should decline to lift the automatic stay with respect to the Allianz counterclaims against Hartford in the Illinois Action.

Date: March 17, 2020

Respectfully submitted,

/s/ Eric S. Goldstein
Eric S. Goldstein (*pro hac vice* forthcoming)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Tel: (860) 251-5000
Fax: (860) 251-5099

Joshua D. Weinberg (*pro hac vice* forthcoming)
Abigail W. Williams (*pro hac vice* forthcoming)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel: (202) 469-7750
Fax: (202) 469-7751

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*