**Exhibit C**

**Prepetition FCR Agreement**



WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

James L. Patton, Jr.
P 302.571.6684
F 302.576.3325
jpatton@ycst.com

December 12, 2018

**BY EMAIL AND U.S. PRIORITY MAIL**
Boy Scouts of America
P.O. Box 152079
Irving, TX  75015-2079
Attention:  Steven McGowan, Esq.

      Re:    <u>Boy Scouts of America</u>

Dear Mr. McGowan,

      I have been asked to serve as the legal representative for future personal injury claimants (the "Future Claimants Representative" or "FCR") in conjunction with discussions and a negotiation regarding a potential plan of reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") for the Boy Scouts of America ("the Organization").  The express purpose of such representation shall be to protect the rights of persons that might subsequently assert demands against the Organization or certain of its affiliates or related parties based on sexual abuse for which the Organization may be alleged to be liable.  In particular, I have been asked to familiarize myself generally with the Organization's insurance, its business affairs, its assets and liabilities, the relationship between the Organization and local councils, and any other due diligence items I may reasonably determine to review and familiarize myself with pursuant to my duties as FCR; and thereafter to negotiate regarding a potential plan of reorganization on behalf of future sexual abuse personal injury claimants.  I agree to undertake such representation upon the terms and conditions set forth in this letter.  The Organization's agreement to these terms and conditions constitutes a material inducement to the FCR engagement.

      1.    The Organization shall be fully liable for all reasonable fees and expenses incurred by me and my professionals in connection with such representation prior to the filing of any chapter 11 petition for relief, including all reasonable fees and expenses I incur prior to and during negotiations regarding a plan of reorganization.  My time will be billed at my standard hourly rate as established from time to time by my firm, Young Conaway Stargatt & Taylor, LLP ("YCST").  At present, my rate is $1250 per hour and on January 1, 2019 it will increase to $1,325 per hour.

2.     I have selected YCST, a firm in which I am a partner, to serve as my counsel. I also may select and hire other advisors to assist me in my role as FCR. The Organization acknowledges that I will require assistance from these and other professionals in the course of my engagement and that the Organization will be required to compensate these professionals in a timely manner on my behalf. When I hire advisors other than YCST to assist me in my role as FCR, I will notify the Organization promptly of such hiring.

3.     Notwithstanding the obligation of the Organization to pay the fees and costs of me and my professionals in accordance with this engagement letter, the parties understand and acknowledge that my sole responsibility and loyalty is to the future sexual abuse personal injury claimants for whom I will serve as FCR. My service as FCR is not intended, and shall not be construed, to render me an employee of the Organization; and the Organization shall have no right to control or influence how I or my professionals carry out our duties. The parties further understand that my service as the representative of future sexual abuse personal injury claimants who hold or could assert claims or demands against the Organization could be adverse to the interests of the Organization. The Organization, therefore, hereby waives, after consultation with its counsel, any such conflicts that could arise during the course of this representation.

4.     I shall provide the Organization a monthly bill reflecting my fees and expenses incurred each month. Permissible costs and disbursements shall include, without limitation, reasonable expert fees, photocopying, shipping, postage, telephone, facsimile, messenger, travel, and other customary charges.

5.     In light of the nature of the engagement currently contemplated, as a condition to my engagement, I and YCST require from the Organization a retainer (the "Retainer") at this time of $500,000. The Retainer will be held in YCST's escrow account as security for unpaid fees and expenses of me and of YCST, and will not earn interest. Upon submitting each bill to the Organization, I and YCST will apply the Retainer to the bill and the Organization will be required promptly to replenish the Retainer and pay any amount due in excess of the Retainer. At the time of the final billing, I and YCST will apply the appropriate amounts from the Retainer and return any balance to the Organization. In the event a bankruptcy petition is filed by or against the Organization or any of its affiliates, any amounts remaining in the Retainer will be held as security for all fees and expenses incurred in connection with this engagement.

6.     In the event that the Organization files a bankruptcy petition, my service as FCR will terminate immediately, and thereafter Bankruptcy Court approval will be required for my engagement to represent future sexual abuse personal injury claimants in the bankruptcy case. I reserve the right, on seven days' written notice to the Organization, to terminate my service as the FCR and the retention of my professionals prior to the filing of any reorganization proceedings if, in my sole judgment, there is a breach of this agreement or the negotiations of a plan of reorganization are not progressing reasonably. The Organization reserves the right, on seven days' written notice to me, to terminate my engagement (and that of my professionals) hereunder for cause, which cause shall be described in the written notice. Any termination by me or the Organization will not affect the Organization's obligation to pay any fees earned and expenses incurred by me and my professionals prior to notice of termination. All unpaid fees

Young Conaway Stargatt & Taylor, LLP
Mr. Steven McGowan
December 12, 2018
Page 3

and expenses of me and my professionals shall be paid immediately prior to the Organization filing a bankruptcy petition and I and my professionals shall have the right to draw on funds in hand from the Organization for that purpose or for the payment of any monthly billing that is not paid when due.

7. In the event that the Organization files a bankruptcy petition, the Organization anticipates that it would ask the Bankruptcy Court to appoint me to represent future sexual abuse personal injury claimants as their FCR. The parties understand that if the Bankruptcy Court approves my continued service as the representative of future sexual abuse personal injury claimants, my fees and costs and those of my professionals will require court approval before they can be paid out of the Organization's bankruptcy estate in accordance with the procedures established by the Bankruptcy Court.

8. The Organization hereby indemnifies and agrees to defend and hold harmless me and my partners, associates, principals, employees and professionals (the "Indemnified Parties"), to the fullest extent authorized by Delaware law, from and against any losses, claims, damages, or liabilities (or actions in respect thereof) to which any Indemnified Party may become subject as a result of or in connection with my rendering services hereunder, unless and until it is finally judicially determined that such losses, claims, damages, or liabilities were caused by fraud or willful misconduct on the part of one or more of the Indemnified Parties in performing their obligations set forth under the terms and conditions of this letter. The foregoing entitlement of the Indemnified Parties shall include, without limitation, (1) the right to be indemnified against any liability related to or resulting from any information provided by the Indemnified Parties that is inaccurate in any respect as a result of misrepresentation, omission, failure to update, or otherwise, unless I or the applicable Indemnified Party actually knew of such inaccuracy at the time of the misrepresentation, omission, failure to update, or other occurrence; (2) the right to bring an action against the Organization to compel it to perform its obligations under this Paragraph 8 if such obligations have not been performed in full within twenty (20) days after a written claim by an Indemnified Party for indemnification and/or defense of an action or proceeding covered by this Paragraph 8 and/or payment of any defense expenses, including attorneys' fees, incurred by an Indemnified Party in such action or proceeding, whether such action is concluded, ongoing, or threatened; and (3) the right to be indemnified for any expenses, including reasonable attorney's fees, that an Indemnified Party may incur in enforcing this Paragraph 8. In any such enforcement action or proceeding, the burden of proving that an Indemnified Party is not entitled to indemnification, defense, or other rights provided by this Paragraph 8 shall be on the Organization. The rights provided by this Paragraph 8 shall not be exclusive of any other right that any Indemnified Party may have or hereafter acquire under any statute, provision of the Organization's certificate of incorporation, bylaw, agreement, vote of stockholders or disinterested directors, or otherwise. In the event that full indemnification is not available to the Indemnified Parties as a matter of law, then, to the extent permitted by applicable law, their aggregate liability shall be limited to the total fees collected for the services rendered and, in any event, shall be limited by a final adjudication of their relative degree of fault and benefit received.

Young Conaway Stargatt & Taylor, LLP
Mr. Steven McGowan
December 12, 2018
Page 4

       9.      I, YCST, and any additional professionals retained by me to perform the services described herein agree that, except as otherwise required by law, court order or process, or the terms of this engagement letter, they will not disclose the existence or terms of this agreement to any person, and shall treat all information concerning the Organization and its affiliates not otherwise publicly available, including information concerning the possibility that the Organization may file for bankruptcy relief, any potential terms for any plan of reorganization and any other information provided to them, as confidential (collectively, "Confidential Information"), and shall not disclose any Confidential Information to any other person or party without the prior consent of the Organization; provided, however, that (i) this non-disclosure provision shall not be applicable to any Confidential Information that specifically has previously been publicly disclosed without restriction by the Organization or any affiliated organization (excluding disclosures by the Organization or any affiliated organization to their respective legal advisors, auditors or other professional advisors, or disclosures required by law or judicial process), and (ii) I, YCST, and any additional professionals retained by me to perform the services described herein shall be permitted to discuss Confidential Information with third parties, including but not limited to counsel to sexual abuse claimants, to the extent that the Organization confirms that such Confidential Information has also been disclosed to such third parties.

       10.      YCST represents, and will represent in the future, clients holding positions with or providing services as future claimants' representatives in pending bankruptcy cases and in connection with post-bankruptcy settlement trusts. YCST also represents, and will represent in the future, clients seeking workout and bankruptcy advice or other representation not limited to bankruptcy advice, and these clients may owe debts or may otherwise hold and assert interests adverse to the Organization. You have provided us with a list of parties potentially holding interests in connection with a reorganization of the Organization. YCST has reviewed its records and has confirmed that it does not currently represent any party in connection with the Organization and its proposed reorganization. By countersigning this letter below, you waive on behalf of the Organization any and all conflicts that exist or may arise on account of YCST's present and future representation, in matters unrelated to the Organization's reorganization, of entities holding interests adverse to the Organization.

       11.      This agreement shall become effective upon my receipt of a signed counterpart from the Organization, but shall retroactively cover all fees and expenses I have incurred since December 10, 2018.

       12.      Any modification of this agreement shall be effective only if in writing and signed by the parties hereto.

       13.      This agreement shall be governed by the laws of the State of Delaware.

Young Conaway Stargatt & Taylor, LLP
Mr. Steven McGowan
December 12, 2018
Page 5

    Please execute this letter in the space provided below in order to indicate your agreement to the terms set forth herein and return an executed copy of this letter to me.

                              Sincerely,

                              James L. Patton, Jr.

AGREED:

Boy Scouts of America

By:_____
    Steven McGowan
    General Counsel

JLP: jf
Enclosure – Form W-9
cc:   Edwin J. Harron, Esq. (by email)