IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date:  April 15, 2020 at 10:00 a.m. (ET)<br>Objection Deadline: March 31, 2020 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE
CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF THEIR
NON-PROFIT OPERATIONS, *NUNC PRO TUNC* TO THE PETITION DATE**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to retain and employ certain professionals used in the ordinary course of their non-profit operations (each such professional, an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals"), *nunc pro tunc* to February 18, 2020 (the "Petition Date"), (ii) approving certain procedures for the Debtors to retain and pay the reasonable fees earned and reimburse actual and necessary expenses incurred by the Ordinary

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Course Professionals, as set forth in detail herein, and (iii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

2. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "UCC") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.	The statutory and other bases for the relief requested in this Motion are sections 105(a), 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

## BACKGROUND OF THE DEBTORS

6.	The BSA is a federally chartered non-profit corporation under title 36 of the United States Code. The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers. As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission. The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[2] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations. Delaware BSA, LLC is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. BSA is the sole member of Delaware BSA, LLC.

7.	Additional information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of*

---

[2] **Scout Oath**: "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight." **Scout Law**: "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

*Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## RELIEF REQUESTED

8. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to (i) retain the Ordinary Course Professionals, *nunc pro tunc* to the Petition Date, in accordance with the OCP Procedures (as defined and described below) without requiring (a) the submission of separate retention applications or (b) the entry of separate retention orders for each Ordinary Course Professional and (ii) compensate and reimburse the Ordinary Course Professionals without requiring the submission of separate fee applications, in accordance with the OCP Procedures.

## ORDINARY COURSE PROFESSIONALS

9. The Ordinary Course Professionals include attorneys, accountants, consultants, and other professionals who the Debtors employ in the ordinary course of their non-profit operations on matters unrelated to these chapter 11 cases. An initial list of the Ordinary Course Professionals is annexed to the Proposed Order as **Exhibit 1**.

10. It is essential that the Debtors be authorized to retain and compensate the Ordinary Course Professionals, many of whom have specialized expertise and are familiar with the Debtors, to avoid disruption of the Debtors' operations. The relief requested herein will save the Debtors the significant expense and time associated with individually retaining each Ordinary Course Professional and preparing individual interim and final applications for each Ordinary Course Professional. Accordingly, the Debtors submit that approval of the OCP Procedures (as defined below) is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

## **OCP PROCEDURES**

11. By this Motion, the Debtors are requesting that the Court approve and authorize the following procedures for the retention and compensation of the Ordinary Course Professionals (the "OCP Procedures"):

(a) Within thirty (30) days after the later of (i) the entry of the order granting this Motion and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to the Debtors' attorneys a declaration, substantially in the form attached to the Proposed Order as **Exhibit 2** (each an "OCP Declaration"), certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such Ordinary Course Professional is to be employed.

(b) Upon receipt of an OCP Declaration, the Debtors shall file the same with the Court and serve a copy on: (i) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (ii) proposed counsel to the UCC, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Rachael Ringer and Megan M. Wasson; (iii) proposed counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: James F. O'Neill; (iv) counsel to the proposed Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (v) counsel to JPMorgan Chase Bank, National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; and (vi) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump (collectively, the "Notice Parties").

(c) If any party wishes to object to the retention of any Ordinary Course Professional, such party shall, within ten (10) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve on (i) the attorneys for the Debtors and (ii) the relevant Ordinary Course Professional (or its counsel, if known) (together, the "Objection Recipients") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection is filed and served on the Objection Recipients on or before the applicable

(c) Retention Objection Deadline, the Debtors shall be authorized to retain, compensate and reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court.

(d) If an objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients on or before the applicable Retention Objection Deadline, and such objection cannot be resolved within fourteen (14) days after the OCP Objection Deadline, then the matter shall be scheduled for adjudication by the Court at the next scheduled hearing in these chapter 11 cases.

(e) No Ordinary Course Professional shall be paid any amount for invoiced fees or expenses until such Ordinary Course Professional has been retained in accordance with these OCP Procedures.

(f) In accordance with these OCP Procedures, the Debtors will be authorized to retain any Ordinary Course Professional and to compensate and reimburse such Ordinary Course Professional, without further application to the Court, in an amount equal to 100% of the post-petition fees earned and 100% of the post-petition expenses incurred by such Ordinary Course Professional in connection with its services to the Debtors upon the submission to, and approval by, the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the expenses actually incurred by the Ordinary Course Professional (without prejudice to the Debtors' rights to dispute any such invoice); provided, however, that the following limitations shall apply to the payment of compensation and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** to the Proposed Order under the heading "Tier 1 Ordinary Course Professionals," total compensation, excluding costs and disbursements, shall not exceed $150,000 per month on average over a rolling three-month period (the "Tier 1 OCP Cap").

- For each Ordinary Course Professional set forth on **Exhibit 1** to the Proposed Order under the heading "Tier 2 Ordinary Course Professionals," total compensation, excluding costs and disbursements, shall not exceed $50,000 per month on average over a rolling three-month period (the "Tier 2 OCP Cap" and, together with the Tier 1 OCP Cap, the "OCP Caps").[3]

---

[3] The Debtors propose to except from the OCP Caps any contingent fee amounts received by an Ordinary Course Professional from recoveries realized on the Debtors' behalf from non-Debtor third parties. In other words, the OCP Caps apply only to direct disbursements by the Debtors.

6

        The OCP Caps may be increased by mutual agreement between the Debtors and the Notice Parties; provided, however, that the Debtors shall file a notice with the Court of any such agreed increase.

(g)     If any Ordinary Course Professional's fees exceed the applicable OCP Cap during these chapter 11 cases, (i) the Debtors may pay the Ordinary Course Professional's fees up to the applicable OCP Cap; and (ii) the Ordinary Course Professional shall be required to file with the Court a fee application, to be heard on notice, on account of the fees in excess of the applicable OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these chapter 11 cases.

(h)     No later than June 30, 2020 with respect to the period from the Petition Date to and including May 31, 2020, and within thirty (30) days after the end of, and with respect to, each subsequent three-month period thereafter, the Debtors shall file with the Court and serve on the Notice Parties a statement certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; and (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional.

(i)     If the Debtors seek to retain an Ordinary Course Professional not listed on **Exhibit 1** to the Proposed Order, the Debtors will file with the Court and serve on the Notice Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (each an "OCP Supplement"), along with the corresponding OCP Declarations.

(j)     If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP Supplement, such party shall, within ten (10) days after the filing of the applicable OCP Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If an objection to the retention of an Ordinary Course Professional listed on an OCP Supplement is timely filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the OCP Objection Deadline, then the matter shall be scheduled for adjudication by the Court at the next scheduled hearing in these chapter 11 cases.

(k)     If no objection to the retention of an Ordinary Course Professional listed on an OCP Supplement is timely filed and served on the Objection Recipients, the Debtors shall be authorized to retain, compensate and

reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court.

11. The Debtors also request that, if an Ordinary Course Professional held a retainer from the Debtors as of the Petition Date, such Ordinary Course Professional be authorized to apply such retainer amounts (a) first, to any unpaid prepetition fees and expenses and (b) second, to post-petition fees and expenses, subject in all respects to the OCP Procedures.

## BASIS FOR RELIEF

12. Section 327(a) of the Bankruptcy Code requires a debtor to obtain court approval to retain and employ "professional persons" to assist the debtor in the conduct of its chapter 11 case. 11 U.S.C. § 327(a). To determine whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, and therefore must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. See, e.g., Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors' estate."). Courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

(a) whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

(b) whether the entity is involved in negotiating the terms of a plan of reorganization;

(c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e) the extent of the entity's involvement in the administration of the estate; and

(f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

In re Am. Tissue, Inc., 331 B.R. 169, 173 (Bankr. D. Del. 2005); In re First Merchants Acceptance Corp., Case No. 97-1500 JJF, 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are merely involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of the administration of the debtor's estate"). The foregoing factors must be considered in the totality of the circumstances, and no factor alone is dispositive. See First Merchants, 1997 WL 873551 at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in total.").

13. Additionally, section 327(e) of the Bankruptcy Code provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtors or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

14. Considering the foregoing, the Debtors submit that the Ordinary Course Professionals are not "professionals" whose retention must be approved by the Court within the meaning of section 327(a) of the Bankruptcy Code. In particular, the Ordinary Course Professionals will not be involved in conducting the Debtors' chapter 11 cases, but instead will

9

principally provide services in connection with the Debtors' ongoing non-profit operations that are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors are seeking the relief requested in this Motion to establish clear procedures for the retention and compensation of the Ordinary Course Professionals who will provide post-petition services.

15. It is in the best interests of the Debtors, their estates, creditors and other parties in interest to continue to retain and compensate the Ordinary Course Professionals during these chapter 11 cases. As an initial matter, the retention of the Ordinary Course Professionals is necessary for the Debtors to maintain their ordinary-course operations. Moreover, because of their prior services to the Debtors and their understanding of the Debtors' operations, the Ordinary Course Professionals are well equipped to provide services to the debtors in an efficient and expert manner. In light of the large number of Ordinary Course Professionals and the significant expenses and time that would be associated with the Debtors' preparation of separate employment applications for each Ordinary Course Professional, it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit such applications and obtain separate orders of the Court approving such applications.

16. Although some of the Ordinary Course Professionals may hold relatively small unsecured claims against the Debtors in connection with services provided to the Debtors before the Petition Date, the Debtors do not believe that any of the Ordinary Course Professionals holds any interest adverse to the Debtors or their estates with respect to the matter(s) on which it is to be employed. In any event, the OCP Procedures require that each Ordinary Course Professional submit a Declaration as to the nature of its interests and be subject to a reasonable objection period before becoming eligible for compensation by the Debtors.

17. For the reasons set forth in this Motion, the Debtors submit that the relief requested herein is appropriate and should be approved.

## NOTICE

16. Notice of this Motion will be provided to (i) the OCPs; (ii) the U.S. Trustee; (iii) proposed counsel to the UCC; (iv) proposed counsel to the Tort Claimants' Committee; (v) counsel to the proposed Future Claimants' Representative; (vi) counsel to the Ad Hoc Committee of Local Councils; (vii) counsel to JPMorgan Chase Bank National Association; (viii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated:  March 17, 2020<br>         Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Email:  dabbott@mnat.com<br>           aremming@mnat.com<br>           jbarsalona@mnat.com<br>           emoats@mnat.com<br>           ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:  (212) 839-5300<br>Email:  jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Email:  tlabuda@sidley.com<br>           mandolina@sidley.com<br>           mlinder@sidley.com<br><br>PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION |