# <u>Exhibit A</u>

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF THEIR NON-PROFIT OPERATIONS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ certain professionals used in the ordinary course of their non-profit operations, *nunc pro tunc* to the Petition Date; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and it appearing that no other or further notice of the

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion is required; and this Court having found that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Debtors are authorized to retain and compensate the Ordinary Course Professionals identified on **Exhibit 1** to this Order for post-petition services in the ordinary course of their non-profit operations, in accordance with the following procedures (the "OCP Procedures"):

(a) Within thirty (30) days after the later of (i) the entry of this Order and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to the Debtors' attorneys a declaration, substantially in the form attached to this Order as **Exhibit 2** (each an "OCP Declaration"), certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such Ordinary Course Professional is to be employed.

(b) Upon receipt of an OCP Declaration, the Debtors shall file the same with the Court and serve a copy on: (i) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum; (ii) proposed counsel to the UCC, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Rachael Ringer and Megan M. Wasson; (iii) proposed counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: James F. O'Neill; (iv) counsel to the proposed Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (v) counsel to JPMorgan Chase Bank, National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; and (vi) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston,

West Virginia 25301, Attn: John Stump (collectively, the "Notice Parties").

(c) If any party wishes to object to the retention of any Ordinary Course Professional, such party shall, within ten (10) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve on (i) the attorneys for the Debtors and (ii) the relevant Ordinary Course Professional (or its counsel, if known) (together, the "Objection Recipients") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection is filed and served on the Objection Recipients on or before the applicable Retention Objection Deadline, the Debtors shall be authorized to retain, compensate and reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court.

(d) If an objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients on or before the applicable Retention Objection Deadline, and such objection cannot be resolved within fourteen (14) days after the OCP Objection Deadline, then the matter shall be scheduled for adjudication by the Court at the next scheduled hearing in these chapter 11 cases.

(e) No Ordinary Course Professional shall be paid any amount for invoiced fees or expenses until such Ordinary Course Professional has been retained in accordance with these OCP Procedures.

(f) In accordance with these OCP Procedures, the Debtors are authorized to retain any Ordinary Course Professional and to compensate and reimburse such Ordinary Course Professional, without further application to the Court, in an amount equal to 100% of the post-petition fees earned and 100% of the post-petition expenses incurred by such Ordinary Course Professional in connection with its services to the Debtors upon the submission to, and approval by, the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the expenses actually incurred by the Ordinary Course Professional (without prejudice to the Debtors' rights to dispute any such invoice); provided, however, that the following limitations shall apply to the payment of compensation and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** to the Proposed Order under the heading "Tier 1 Ordinary Course Professionals," total compensation, excluding costs and disbursements, shall not exceed $150,000 per month on average over a rolling three-month period (the "Tier 1 OCP Cap").

- For each Ordinary Course Professional set forth on **Exhibit 1** to the Proposed Order under the heading "Tier 2 Ordinary Course Professionals," total compensation, excluding costs and disbursements, shall not exceed $50,000 per month on average over a rolling three-month period (the "Tier 2 OCP Cap" and, together with the Tier 1 OCP Cap, the "OCP Caps").[3]

The OCP Caps may be increased by mutual agreement between the Debtors and the Notice Parties; provided, however, that the Debtors shall file a notice with the Court of any such agreed increase.

(g) If any Ordinary Course Professional's fees exceed the applicable OCP Cap during these chapter 11 cases, (i) the Debtors may pay the Ordinary Course Professional's fees up to the applicable OCP Cap; and (ii) the Ordinary Course Professional shall be required to file with the Court a fee application, to be heard on notice, on account of the fees in excess of the applicable OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these chapter 11 cases.

(h) No later than June 30, 2020 with respect to the period from the Petition Date to and including May 31, 2020, and within thirty (30) days after the end of, and with respect to, each subsequent three-month period thereafter, the Debtors shall file with the Court and serve on the Notice Parties a statement certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; and (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional.

(i) If the Debtors seek to retain an Ordinary Course Professional not listed on **Exhibit 1** to this Order, the Debtors will file with the Court and serve on the Notice Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (each an "OCP Supplement"), along with the corresponding OCP Declarations.

(j) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP Supplement, such party shall, within ten (10) days after the filing of the applicable OCP Supplement, file with the

[3] The OCP Caps shall not apply to limit any contingent fee amounts received by an Ordinary Course Professional from a recovery realized on the Debtors' behalf from non-Debtor third parties. For the avoidance of doubt, the OCP Caps apply only to direct disbursements by the Debtors.

Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If an objection to the retention of an Ordinary Course Professional listed on an OCP Supplement is timely filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the OCP Objection Deadline, then the matter shall be scheduled for adjudication by the Court at the next scheduled hearing in these chapter 11 cases.

(k) If no objection to the retention of an Ordinary Course Professional listed on an OCP Supplement is timely filed and served on the Objection Recipients, the Debtors shall be authorized to retain, compensate and reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court..

3. If an Ordinary Course Professional held a retainer from the Debtors as of the Petition Date, such Ordinary Course Professional is hereby authorized to apply such retainer amounts (a) first, to any unpaid prepetition fees and expenses and (b) second, to post-petition fees and expenses, subject in all respects to the OCP Procedures.

4. Nothing in the Motion or this Order, or the Debtors' payment of any amounts pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid.

5. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. Notwithstanding entry of this Order, nothing herein shall create, or is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: ____________, 2020
Wilmington, Delaware

_______________________________________
THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Initial List of Ordinary Course Professionals

**Tier 1 Ordinary Course Professionals**

| PROFESSIONAL | CATEGORY |
|---|---|
| CIVILLE & TANG PLLC | LAW FIRM |
| COVINGTON & BURLING | LAW FIRM |
| DENTONS US LLP | LAW FIRM |
| FOX ROTHSCHILD LLP | LAW FIRM |
| FTI CONSULTING | CONSULTANT |
| HARPER AND PEARSON | ACCOUNTING FIRM |
| HAWLEY TROXELL ENNIS & HAWLEY LLP | LAW FIRM |
| HUESTON HENNIGAN | LAW FIRM |
| MARKOWITZ HERBOLD GLADE AND MEHLHAF PC | LAW FIRM |
| PRICEWATERHOUSE COOPERS LLP | ACCOUNTING FIRM |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | LAW FIRM |
| SAUL EWING LLP | LAW FIRM |
| STEPTOE & JOHNSON PLLC | LAW FIRM |
| STITES & HARBISON PLLC | LAW FIRM |
| TAYLOR PORTER BROOKS & PHILLIPS LLP | LAW FIRM |
| TOWERS WATSON DELAWARE, INC | ACTUARY |
| WHITE AND WILLIAMS LLP | LAW FIRM |
| WIGGIN & DANA LLP | LAW FIRM |
| WILSON ELSER MOSKOWITZ | LAW FIRM |
| WINSTON & STRAWN LLP | LAW FIRM |

**Tier 2 Ordinary Course Professionals**

| PROFESSIONAL | CATEGORY |
|---|---|
| AN, TIAN, ZHANG & PARTNERS | LAW FIRM |
| BASSFORD REMELE PA | LAW FIRM |
| BAX ADVISORS | CONSULTANT |
| BAYS LUNG ROSE HOLMA ATTORNEYS AT LAW | LAW FIRM |
| BOND, SCHOENECK & KING PLLC | LAW FIRM |
| BOONE KARLBERG PC | LAW FIRM |
| BOY SCOUTS PARENTS INC | GOVERNMENT RELATIONS |
| CAROLINA FRIDMAN LAW CORP | LAW FIRM |
| CCPIT PATENT & TRADEMARK LAW OFFICE | PATENT/TRADEMARK |
| CLARKE SLIVERGLATE PA | LAW FIRM |
| CONNELL FOLEY LLP | LAW FIRM |
| CRANFILL SUMNER & HARTZOG LLP | LAW FIRM |
| CROTTY & SCHLITZ LLC | LAW FIRM |
| FOLAND WICKENS ROPER HOFER | LAW FIRM |
| GEROLAMO MCNULTY DIVIS & LEWBART PC | LAW FIRM |
| GRANT THORNTON | ACCOUNTING FIRM |
| GREFE & SIDNEY PLC | LAW FIRM |
| GRUBER THOMAS & CO | LAW FIRM |
| HECHT SPENCER & ASSOCIATES INC | GOVERNMENT RELATIONS |
| HEPLERBROOM LLC | LAW FIRM |
| HINSHAW & CULBERTSON LLP | LAW FIRM |
| HOWARD & CO., LLP | FINANCIAL FIRM |

| PROFESSIONAL | CATEGORY |
|---|---|
| KELEHER & MCLEOD PA, ATTORNEYS AT LAW | LAW FIRM |
| KELLER & ALMASSIAN PLC | LAW FIRM |
| KIPP AND CHRISTIAN PC | LAW FIRM |
| LCG ASSOCIATES, INC | CONSULTANT |
| LIGHTFOOT FRANKLIN & WHITE LLC | LAW FIRM |
| LOCKE LORD LLP | LAW FIRM |
| MANDELL MENKES, LLC | LAW FIRM |
| MCANGUS GOUDELOCK & COURIE | LAW FIRM |
| MCGUIRE WOODS LLP | LAW FIRM |
| MCGUIRE, CRADDOCK & STROTHER PC | LAW FIRM |
| MCLANE MIDDLETON PROF ASSOC | LAW FIRM |
| MEAD & HUNT INC | CONSULTANT |
| MELICK PORTER LLP | LAW FIRM |
| MILLER & MARTIN PLLC | LAW FIRM |
| MILLER JOHNSON SNELL & CUMMISKEY PLC | LAW FIRM |
| MILLIMAN USA INC | ACTUARY |
| MITCHELL, WILLIAMS, SELIG, GATES | LAW FIRM |
| MNP LLP | ACCOUNTING FIRM - CANADA |
| NICHOLAS W MULICK PA | LAW FIRM |
| NIGRO KARLIN SEGAL & FELDSTEIN | ACCOUNTING FIRM |
| PARK DIETZ & ASSOCIATES INC | CONSULTANT |
| PERKINS COIE | CONSULTANT |
| RUHTER & REYNOLDS INC | CONSULTANT |
| SCHEPER KIM & HARRIS LLP | LAW FIRM |
| SHEEHY WARE & PAPPAS PC | LAW FIRM |
| SITLINGER & THEILER | LAW FIRM |
| STICH ANGELL KREIDLER UNKE & SCATTERGOOD | LAW FIRM |
| STILLWELL MIDGLEY PLCC | LAW FIRM |
| TEXAS MEDICAL LEGAL CONSULTANTS | CONSULTANT |
| THOMPSON COE & O'MEARA LLP | LAW FIRM |
| UPSHAW WILLIAMS BIGGERS | LAW FIRM |
| VINSON & ELKINS LLP | LAW FIRM |
| WHITNEY SMITH COMPANY INC. | CONSULTANT |
| WICKER, SMITH, O’HARA, MCCOY & FORD PA | LAW FIRM |

**Exhibit 2**

**Form of Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] Debtors. | Chapter 11 Case No. 20-10343 (LSS) (Jointly Administered) |
|---|---|

**DECLARATION OF ____________________ON BEHALF OF ORDINARY COURSE PROFESSIONAL ____________________**

I, ____________________, hereby declare under penalty of perjury as follows:

1. I am a ____________________ of ____________________, located at ____________________ (the "Firm").

2. This declaration (this "Declaration") is submitted in accordance with that certain *Order Authorizing the Debtors to Employ and Compensate Professionals Used in the Ordinary Course of Business,* Nunc Pro Tunc *to the Petition Date* [Docket No. ___] (the "OCP Order"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

3. The debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "Services").

4. The Services include, without limitation, the following: ____________________.

5. The Firm may in the past have performed, may currently perform, and may in the future perform services in matters unrelated to the Debtors' chapter 11 cases for persons that are

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

parties in interest in the Debtors' chapter 11 cases. As part of its customary practices, the Firm is employed in cases, proceedings, and transactions involving many different parties, some of whom may represent or be parties in interest in these chapter 11 cases. The Firm does not perform services for any such party in interest in connection with the chapter 11 cases. In addition, the Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

6. Neither I, nor any principal of, nor any professional employed by the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. As of the commencement of these chapter 11 cases on February 18, 2020 (the "Petition Date"), the Debtors owed the Firm $__________ in respect of services provided to the Debtors.

8. [As of the Petition Date, the Firm held a retainer from the Debtors in the amount of $__________.] **OR** [As of the Petition Date, the Firm did not hold a retainer from the Debtors.]

9. The Firm has reviewed the OCP Order and understands the limitations on compensation and reimbursement of expenses thereunder. Specifically, the Firm understands that in the event that it exceeds the applicable OCP Cap, the Firm will be required to file with the Court an application for allowance and payment of any fees and/or expenses that exceed such OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, and any applicable orders or procedures of the Court.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and if, upon the conclusion of such inquiry, or at any time during the period of its

retention, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____________, 2020
[CITY, STATE]

_______________________________________
[NAME OF DECLARANT]