**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: April 15, 2020 at 10:00 a.m. (ET)<br>Objection Deadline: March 31, 2020 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES FOR (A) INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS AND (B) EXPENSE REIMBURSEMENT FOR OFFICIAL COMMITTEE MEMBERS AND (II) GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 105(a), 330(a), and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving procedures (the "Compensation Procedures") that will establish (a) an orderly and regular process for interim allowance and payment of compensation and reimbursement of expenses for retained Professionals (as defined below) in the Debtors' chapter 11 cases and (b) expense reimbursement procedures for members of any official committee appointed in these chapter 11

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

cases (the "Committee Members"), and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

2. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "UCC" and, together with the Tort Claimants' Committee, the "Committees") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and other bases for the relief requested in this Motion are sections 105(a), 330(a), and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND OF THE DEBTORS

6. The BSA is a federally chartered non-profit corporation under title 36 of the United States Code. The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers. As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission. The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[2] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations. Delaware BSA, LLC is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. BSA is the sole member of Delaware BSA, LLC.

7. Additional information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of*

---

[2] **Scout Oath**: "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight." **Scout Law**: "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

3

*Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## RELIEF REQUESTED

8.  By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Compensation Procedures described below and annexed to the Proposed Order as **Exhibit 1**, which will establish (a) an orderly and regular process for interim allowance and payment of compensation and reimbursement of expenses for retained Professionals (as defined below) in the Debtors' chapter 11 cases and (b) expense reimbursement procedures for Committee Members, and (ii) granting related relief.[3]

## THE PROFESSIONALS

9.  Contemporaneously herewith, the Debtors have filed applications, pursuant to section 327(a) of the Bankruptcy Code, to retain and employ: (a) Sidley Austin LLP ("Sidley") as lead bankruptcy counsel; (b) Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as bankruptcy co-counsel; (c) Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") as special litigation counsel; (d) Haynes and Boone, LLP ("Haynes and Boone") as special insurance counsel; (e) Alvarez & Marsal North America, LLC ("A&M") as financial advisor; (f) KCIC, LLC ("KCIC") as insurance consultant; (g) Bates White, LLC ("Bates White") as abuse claims consultant; and (h) Omni Agent Solutions ("Omni") as administrative agent. The Debtors may also seek to retain and employ additional professionals to assist them in these chapter 11 cases if the need arises. The professionals identified in clauses (a)–(h) of this paragraph, collectively with any additional professionals that are authorized by the Court to assist the

---

[3] For the avoidance of doubt, the Compensation Procedures will be subject to, and will not override, any particularized procedures for payment of compensation or reimbursement of expenses set forth in any order of the Court approving the retention and employment of any Professional (as defined below).

Debtors in the administration of these cases, are collectively referred to herein as the "Debtor Professionals."

10. As noted above, on March 5, 2020, the U.S. Trustee appointed the Tort Claimants' Committee and the UCC. The Debtors anticipate that each of the Committees will file applications with the Court to retain counsel and certain other professionals (collectively, the "Committee Professionals") to assist the Committees in carrying out their statutory duties.

11. Concurrently herewith, the Debtors have also filed a motion (the "FCR Motion") seeking entry of an order appointing James L. Patton, Jr. as the legal representative for holders of Abuse Claims (as defined in the FCR Motion) who are unable to assert such Abuse Claims by the applicable bar date established by this Court (the "FCR"). The Debtors anticipate that the FCR will file applications with the Court to retain counsel and certain other professionals (collectively, the "FCR Professionals") to assist the FCR in carrying out his duties in these cases.[4]

12. The Debtor Professionals, the Committee Professionals and the FCR Professionals are collectively referred to herein as the "Professionals."

## PROPOSED COMPENSATION PROCEDURES

13. The Compensation Procedures (as set forth below) provide a streamlined process for compensating retained Professionals in these chapter 11 cases and promote the efficient administration of the Debtors' estates. Entry of the Proposed Order approving the Compensation

---

[4] Concurrently with the filing of this Motion, the Debtors have also filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Retain and Compensate Certain Professionals Used in the Ordinary Course of Their Non-Profit Operations, Nunc Pro Tunc to the Petition Date* (the "OCP Motion"). By the OCP Motion, the Debtors are requesting entry of an order approving certain procedures (the "OCP Procedures") for the retention, compensation and reimbursement of certain professionals used in the ordinary course of their non-profit operations on matters unrelated to the administration of these chapter 11 cases (the "OCPs"). If the OCP Motion is granted, the OCPs would not, subject to limited exceptions set forth in the OCP Procedures, be required to file individual fee applications in accordance with the Compensation Procedures and would be paid for postpetition services and reimbursed for related expenses without any requirement to file fee applications with the Court.

5

Procedures will enable the Court, the U.S. Trustee, creditors, and other parties in interest to monitor the fees earned and expenses incurred by the Professionals in these cases. The Compensation Procedures are comparable to the procedures implemented in other large chapter 11 cases in this District.

14. The Debtors are requesting approval of the following Compensation Procedures:

    (a) On or as soon as practicable after the fifteenth (15th) day of each month, each Professional may file with the Court an application (including the relevant time entry and description and expense detail) for interim allowance of compensation earned for services provided and/or reimbursement of expenses incurred in connection with such services during the preceding calendar month (each a "Monthly Fee Application") and serve such Monthly Fee Application by email and first-class mail on each of the following parties (collectively, the "Notice Parties"):

        (i) the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P. McGowan;

        (ii) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder;

        (iii) proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott;

        (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum;

        (v) proposed counsel to the UCC, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Rachael Ringer and Megan M. Wasson;

        (vi) proposed counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: James F. O'Neill;

        (vii) counsel to the proposed Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron;

  (viii) counsel to the Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino;

  (ix) counsel to JPMorgan Chase Bank, National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; and

  (x) counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump.

(b) Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned and/or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

(c) Objections, if any, to a Monthly Fee Application must be filed before 4:00 p.m. (prevailing Eastern Time) fourteen (14) calendar days after service of a Monthly Fee Application (the "__Objection Deadline__") in accordance with the procedures described in subparagraph (d) below. In accordance with the Local Rules, upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "__CNO__") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "__Actual Monthly Payment__") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "__Maximum Monthly Payment__") and, if applicable, (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (d) below.

(d) If any party objects to a Monthly Fee Application, it must file with the Court and serve on the Professional that filed the Monthly Fee Application and each Notice Party a written objection (an "__Objection__"), so as to be received on or before the Objection Deadline. Any such Objection must identify with specificity the objectionable fees and/or expenses, including the amount of the fees and/or expenses that are the subject of the Objection, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are able to resolve their dispute, the affected Professional shall serve on the Notice Parties a statement indicating that the Objection has been withdrawn or settled, and the

7

        Debtors shall promptly pay, in accordance with subparagraph (c), that portion of the Monthly Fee Application that is no longer subject to an Objection up to the Maximum Monthly Payment. If the parties are unable to reach a resolution within fourteen (14) days after service of the Objection or such later date as both parties agree, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing at which time the Court will consider and rule on the Objection if requested by the parties.

(e)    With respect to the first three-month period after the Petition Date, and each subsequent three-month period, each Professional shall file with the Court and serve by email and first-class mail on the Notice Parties an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses requested in the Monthly Fee Applications filed during each such three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules. Each Professional shall file its first Interim Fee Application on or before May 31, 2020, which shall cover the Interim Fee Period from the Petition Date to and including April 30, 2020. Thereafter, each Professional must file its Interim Fee Application within thirty (30) days, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period. Objections, if any, to an Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties, so as to be received before 4:00 p.m. (prevailing Eastern Time) fourteen (14) calendar days following service of such Interim Fee Application.

(f)    The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the filing of a certification of counsel for proposed interim fee order. Upon allowance by the Court of an Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(g)    The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(h)  Neither (x) the payment of or the failure to pay, in whole or in part, compensation for services rendered and reimbursement of expenses under the Compensation Procedures, nor (y) the filing of or the failure to file an Objection to any Monthly Fee Statement or Interim Fee Application shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(i)  Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application is filed and served by the Professional.  There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(j)  Professionals shall file final applications for compensation for services rendered and reimbursement of expenses incurred (the "Final Fee Applications") by such deadline as may be established by a confirmed chapter 11 plan, order confirming such chapter 11 plan, or in any other order of the Court.  All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

(k)  Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "Hearing Notice") must be served by email and first-class mail upon only the Notice Parties.  All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, each Interim Fee Application, and each Final Fee Application.  Notice given in accordance with the Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rule, and the Local Rules.

(l)  No Professional may file and serve a Monthly Fee Application, an Interim Fee Application, or a Final Fee Application until the Court enters an order approving the retention of such Professional pursuant to section 327 or 1103 of the Bankruptcy Code.

15.  The Debtors further request that each Committee Member be permitted to submit statements of actual and necessary out-of-pocket expenses (excluding any attorneys' fees and expenses of such Committee Member), together with supporting receipts, to counsel to the Tort

9

Claimants' Committee or the UCC, as applicable, which will collect and submit such requests for reimbursement in accordance with the Compensation Procedures as if such Committee Member were a Professional. Approval of the Compensation Procedures, however, shall not authorize reimbursement of a Committee Member's out-of-pocket expenses to the extent that such reimbursement is prohibited by any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or applicable law.

## BASIS FOR RELIEF

16. The right of the Professionals to seek interim payments from the Debtors' estates is governed by Section 331 of the Bankruptcy Code, which provides, in relevant part, that

> [a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

17. Absent an order of the Court, section 331 of the Bankruptcy Code limits payment of fees and expenses to Professionals rendering services in the chapter 11 cases to only three times per year.

18. Congress's intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying the enactment of the Bankruptcy Code, which provides that:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

19.     Moreover, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Thus, the Court has authority to enter an order authorizing procedures for interim payment of monthly compensation and reimbursement of expenses.

20.     The implementation of the proposed Compensation Procedures is justified in these chapter 11 cases.  These cases will add further complexities to the day-to-day administrative burden already being shouldered by the Debtors.  It is anticipated that the Professionals will provide integral advice and services for the benefit of the Debtors' estates in administering the chapter 11 cases.  Absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Debtors, the Professionals, the Court, the U.S. Trustee, and other parties.  By contrast, the proposed Compensation Procedures will enable the Debtors to monitor closely the costs of administration of these chapter 11 cases, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, these procedures will also allow the Court and the parties in interest to verify the reasonableness of the compensation and the necessity of the reimbursement requested pursuant to such Compensation Procedures.

21.     The Compensation Procedures sought to be established herein are consistent with interim compensation procedures established in other large chapter 11 cases in this District.  <u>See, e.g.</u>, <u>In re Paddock Enters., LLC</u>, Case No. 20-10028 (LSS) (Bankr. D. Del. Feb. 11, 2020); <u>Imerys Talc Am., Inc.</u>, Case No. 19-10289 (LSS) (Bankr. D. Del. Feb. 13, 2019); <u>In re Promise</u>

Healthcare Grp., LLC, Case No. 18-12491 (CSS) (Bankr. D. Del. Dec. 3, 2018); In re J & M Sales Inc., Case No. 18-11801 (LSS) (Bankr. D. Del. Aug. 27, 2018); In re Fairway Energy, LP, Case No. 18-12684 (LSS) (Bankr. D. Del. Dec. 20, 2018); In re The Rockport Co., LLC, Case No. 18-11145 (LSS) (Bankr. D. Del. June 12, 2018); In re Rentech WP U.S. Inc., Case No. 17-12958 (CSS) (Bankr. D. Del. Jan. 29, 2018); In re TK Holdings Inc., Case No. 17-11375 (BLS) (Bankr. D. Del. July 26, 2017).

11. For the reasons set forth in this Motion, the Debtors submit that the procedures sought herein are appropriate given the anticipated complexity of these chapter 11 cases.

## NOTICE

22. Notice of this Motion will be provided to (i) the Professionals; (ii) the U.S. Trustee; (iii) proposed counsel to the UCC; (iv) proposed counsel to the Tort Claimants' Committee; (v) counsel to the proposed Future Claimants' Representative; (vi) counsel to the Ad Hoc Committee of Local Councils; (vii) counsel to JPMorgan Chase Bank National Association; (viii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and any further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: March 17, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>           aremming@mnat.com<br>           jbarsalona@mnat.com<br>           emoats@mnat.com<br>           ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>           mandolina@sidley.com<br>           mlinder@sidley.com<br><br>PROPOSED COUNSEL TO THE DEBTORS<br>AND DEBTORS IN POSSESSION |