## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ___ |

**ORDER (I) APPROVING PROCEDURES FOR (A) INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED
PROFESSIONALS AND (B) EXPENSE REIMBURSEMENT FOR OFFICIAL
COMMITTEE MEMBERS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") (i) approving compensation procedures (the "Compensation Procedures") establishing an (a) orderly and regular process for interim allowance and payment of compensation and reimbursement of expenses for retained Professionals in these chapter 11 cases and (b) expense reimbursement procedures for members of any official committee appointed in these chapter 11 cases (the "Committee Members"), and (ii) granting related relief; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Compensation Procedures attached hereto as **Exhibit 1** are hereby approved. Except as otherwise ordered by this Court, each Professional may request interim payment of compensation for services rendered and reimbursement of expenses in accordance with the Compensation Procedures.

3.      Each Committee Member shall be permitted to submit statements of actual and necessary out-of-pocket expenses (excluding any attorneys' fees and expenses of such Committee Member) incurred by such Committee Member, together with supporting receipts, to counsel to the Tort Claimants' Committee or the UCC, as applicable, who will collect and submit such requests for reimbursement in accordance with the Compensation Procedures as if such Committee Member were a Professional.  Entry of this Order, however, shall not authorize reimbursement of a Committee Member's out-of-pocket expenses to the extent that such reimbursement is prohibited by any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or applicable law.

4.      Service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and the Hearing Notices in the following manner is hereby authorized and approved: (a) the Notice Parties shall be entitled to receive copies of the applications and the

Hearing Notices; and (b) all other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of the Hearing Notices.  Service of such applications and the Hearing Notices given in accordance with this paragraph is deemed to be sufficient and adequate notice thereof in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

5.      All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      Notwithstanding entry of this Order, nothing herein shall create, or is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.


Dated: _____, 2020
       Wilmington, Delaware                _____
                                          THE HON. LAURIE SELBER SILVERSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Compensation Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## COMPENSATION PROCEDURES

Pursuant to the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* (the "Order"),[2] the following Compensation Procedures shall apply with respect to the (i) orderly and regular process for interim allowance and payment of compensation and reimbursement of expenses for retained Professionals in these chapter 11 cases, and (ii) expense reimbursement procedures for members of any official committee appointed in these chapter 11 cases (the "Committee Members"), except in the event an order of the Court provides for different procedures with respect to the compensation and reimbursement procedures of such Professionals and/or Committee Members:

(a)     On or as soon as practicable after the fifteenth (15th) day of each month, each Professional may file with the Court an application (including the relevant time entry and description and expense detail) for interim allowance of compensation earned for services provided and/or reimbursement of expenses incurred in connection with such services during the preceding calendar month (each a "Monthly Fee Application") and serve such Monthly Fee Application by email

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief.*

and first-class mail on each of the following parties (collectively, the "Notice Parties"):

(i)     the Debtors, Boy Scouts of America, 1325 West Walnut Hill Lane, Irving, Texas 75038, Attn: Steven P. McGowan;

(ii)    proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jessica C.K. Boelter, and One South Dearborn, Chicago, Illinois 60603, Attn: Matthew E. Linder;

(iii)   proposed co-counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott;

(iv)    the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder and Hannah M. McCollum;

(v)     proposed counsel to the UCC, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Rachael Ringer and Megan M. Wasson;

(vi)    proposed counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: James F. O'Neill;

(vii)   counsel to the proposed Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron;

(viii)  counsel to the Ad Hoc Committee of Local Councils, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Richard G. Mason and Joseph C. Celentino;

(ix)    counsel to JPMorgan Chase Bank, National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932, Attn: Louis R. Strubeck and Kristian W. Gluck; and

(x)     counsel to the County Commission of Fayette County (West Virginia), Steptoe & Johnson PLLC, Chase Tower – 8th Floor, 707 Virginia Street East, Charleston, West Virginia 25301, Attn: John Stump.

(b)     Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned and/or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

(c)     Objections, if any, to a Monthly Fee Application must be filed before 4:00 p.m. (prevailing Eastern Time) fourteen (14) calendar days after service of a Monthly Fee Application (the "<u>Objection Deadline</u>") in accordance with the procedures described in subparagraph (d) below.  In accordance with the Local Rules, upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "<u>CNO</u>") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application.  After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") and, if applicable, (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (d) below.

(d)     If any party objects to a Monthly Fee Application, it must file with the Court and serve on the Professional that filed the Monthly Fee Application and each Notice Party a written objection (an "<u>Objection</u>"), so as to be received on or before the Objection Deadline.  Any such Objection must identify with specificity the objectionable fees and/or expenses, including the amount of the fees and/or expenses that are the subject of the Objection, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are able to resolve their dispute, the affected Professional shall serve on the Notice Parties a statement indicating that the Objection has been withdrawn or settled, and the Debtors shall promptly pay, in accordance with subparagraph (d), that portion of the Monthly Fee Application that is no longer subject to an Objection up to the Maximum Monthly Payment.  If the parties are unable to reach a resolution within fourteen (14) days after service of the Objection or such later date as both parties agree, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing at which time the Court will consider and rule on the Objection if requested by the parties.

(e)     With respect to the first three-month period after the Petition Date, and each subsequent three-month period, each Professional shall file with the Court and serve by email and first-class mail on the Notice Parties an application (an "<u>Interim Fee Application</u>") for interim approval and allowance of compensation and reimbursement of expenses requested in the Monthly Fee Applications filed during each such three-month period (the "<u>Interim Fee Period</u>") pursuant to section 331 of the Bankruptcy Code.  The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules.  Each Professional shall file its first Interim Fee Application on or before May 31, 2020, which shall cover the Interim Fee Period from the Petition Date to and including April 30, 2020.  Thereafter, each Professional must file its Interim Fee

Application within thirty (30) days, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period. Objections, if any, to an Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties, so as to be received before 4:00 p.m. (prevailing Eastern Time) fourteen (14) calendar days following service of such Interim Fee Application.

(f)     The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the filing of a certification of counsel for proposed interim fee order. Upon allowance by the Court of an Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(g)     The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(h)     Neither (x) the payment of or the failure to pay, in whole or in part, compensation for services rendered and reimbursement of expenses under the Compensation Procedures, nor (y) the filing of or the failure to file an Objection to any Monthly Fee Statement or Interim Fee Application shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(i)     Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(j)     Professionals shall file final applications for compensation for services rendered and reimbursement of expenses incurred (the "Final Fee Applications") by such deadline as may be established by a confirmed chapter 11 plan, order confirming such chapter 11 plan, or in any other order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

(k)     Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "Hearing Notice") must

be served by email and first-class mail upon only the Notice Parties.  All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, each Interim Fee Application, and each Final Fee Application.  Notice given in accordance with the Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rule, and the Local Rules.

(l)      No Professional may file and serve a Monthly Fee Application, an Interim Fee Application, or a Final Fee Application until the Court enters an order approving the retention of such Professional pursuant to section 327 or 1103 of the Bankruptcy Code.

Each Committee Member is permitted to submit statements of actual and necessary out-of-pocket expenses (excluding any attorneys' fees and expenses of such Committee Member), together with supporting receipts, to counsel to the Tort Claimants' Committee or the UCC, as applicable, which will collect and submit such requests for reimbursement in accordance with the Compensation Procedures as if such Committee Member were a Professional.

*[End of Document]*