UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                             CASE NO. 20-10343 (LSS)

BOY SOUTS OF AMERICA AND
DELAWARE BSA, LLC,                    Chapter 11
                                                       Jointly Administered

    DEBTORS.
                                                       Hearing: March 24, 2020 at 10:30a.m. (ET)


**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES PURSUANT TO 11 USC. §§ 105(a) 361, 362, 363 AND 507; . . . (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE COURT:

  NOW COME Fort Bend County, Grayson County, Gregg County, Harris County, Montague County, Montgomery County, Rusk County, Tarrant County, Van Zandt CAD and Wood County (hereinafter the "Local Texas Tax Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order authorizing Debtors to use cash collateral, grant superpriority liens and administrative expense status, and for other related relief (hereinafter the "Financing Motion").   In support of their Objection, the Local Texas Tax Authorities would show the Court the following:

I.

  The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State.   The Tax Authorities have

1

filed secured claims totaling approximately $10,000 for ad valorem taxes owed on the Debtors' real and personal property for 2020 and prior tax years.

II.

The taxes owed to the Local Texas Tax Authorities are secured with unavoidable liens on the Debtors' property that is superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code § § 32.01 and 32.05(b). The priority of the tax claims is determined under applicable non-bankruptcy law. 11 U.S.C. §506; Butner v. U.S., 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

III.

The proponents of the Financing Motion have failed to demonstrate that the liens of the Tax Authorities are adequately protected as required by 11 U.S.C. § 364(d)(1)(b). The proponent of a motion seeking a super priority lien has the burden of proof on that issue, 11 U.S.C. § 364(d)(2).

2

It is unclear from the Financing Motion whether the relief sought would subordinate the liens of the Tax Authorities.   While relief under 11 U.S.C. § 364(d)(1) is not specifically requested, it is referenced on page 13 of the Motion. Further, although the Adequate Protection Liens requested to be granted the Prepetition Agent for the benefit of the Prepetition Secured Lender are referred to as "continuing" and "replacement" liens, they are also "first priority senior" liens which are "junior only to any Permitted Encumbrance."

The Tax Authorities object to those provisions of the Financing Motion and Interim Order which could purportedly subordinate their tax liens to those of any other party.   The Debtors have wholly failed to show that subordination of these taxes is necessary or that the liens or claims of the Tax Authorities will be adequately protected if they are subordinated to the liens or claims of any party.

IV.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Financing Motion and request this Court to order appropriate provisions to assure the protection of the position of their secured tax claims and for other such relief as is just and proper.

Dated: March 17, 2020

Respectfully submitted,

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

BY:   /s/ Elizabeth Weller
      Elizabeth Weller
      Tex. Bar No. 00785514

2777 N. Stemmons Fwy., Ste. 1000
Dallas, TX 75207

3

(469)221-5075 phone
(469)221-5003 fax
BethW@publicans.com email

Counsel for the Local Texas Tax Authorities

CERTIFICATE OF SERVICE

I hereby certify that this 17th day of March, 2020, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth on the Service List via electronic mail as indicated.

　/s/ Elizabeth Weller　
Elizabeth Weller

**Service List**

Derek Abbott at dabbott@mnat.com
Joseph Barsalona at jbarsalona@mnat.com
Eric Moats at emoats@mnat.com
Jessica Boelter at jboelter@sidley.com
Charles Persons at cpersons@sidley.com
Matthew Linder at mlinder@sidley.com
Robert Brady at rbrady@ycst.com
Edwin Harron at eharron@ycst.com
Lou Strubeck at louis.strubeck@nortonrosefulbright.com
Kristian Gluck at Kristian.gluck@nortonrosefulbright.com
Richard Mason at rgmason@wlrk.com;
Joseph Celentino at jccelentino@wlrk.com
James Stang at jstang@pszjlaw.com

4