**<u>Exhibit B</u>**

**Patton Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF JAMES L. PATTON, JR., IN SUPPORT OF DEBTORS'
MOTION FOR ENTRY OF AN ORDER APPOINTING JAMES L. PATTON,
JR., AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS,
_NUNC PRO TUNC_ TO THE PETITION DATE**

I, James L. Patton, Jr., state the following in support of the *Debtors' Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Claimants,* Nunc Pro Tunc *to the Petition Date* (the "Motion")[2]:

**A.    Professional Qualifications and Experience**

1.    My professional qualifications to serve as the legal representative for future sexual abuse personal injury claimants of the Debtors (the "Future Claimants' Representative") are accurately set forth in my curriculum vitae, attached hereto as Schedule 1.

2.    I have more than 30 years of experience with asbestos litigation, bankruptcies, and settlement trusts. I am Chairman Emeritus of the law firm Young Conaway and a partner in its Bankruptcy and Corporate Restructuring section. I specialize in corporate restructurings, mass tort insolvencies and complex asbestos bankruptcies, and post-confirmation asbestos settlement trusts.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

1

3. My experience includes serving as a future claimants' representative in bankruptcy cases and post-bankruptcy settlement trusts. Since May 8, 2006, I have served as the future claimants' representative for the Celotex Asbestos Settlement Trust. I also served as the future claimants' representative in the bankruptcy cases of *In re Leslie Controls, Inc.*, Case No. 10-12199 (CSS) (Bankr. D. Del.), following my appointment on July 12, 2010; *In re United Gilsonite Labs.*, Case No. 5:11-bk-02032 (RNO) (Bankr. M.D. Pa.), following my appointment on June 30, 2011; and *In re Yarway Corp.*, Case No. 13-11025 (BLS) (Bankr. D. Del.), following my appointment on April 22, 2013; and *In re Maremont Corp.*, Case No. 19-10118 (KJC) (Bankr. D. Del.), following my appointment on March 13, 2019. I continue to serve as the future claimants' representative for the asbestos personal injury settlement trusts established from those cases. In addition, I currently serve as the Future Claimants' Representative in the pending bankruptcy cases of *In re The Fairbanks Co.*, Case No. 18-41768 (PWB) (Bankr. N.D. Ga.) and *In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del.). There is also a motion pending for my appointment as Future Claimants' Representative in *In re Paddock Enterprises, LLC*, Case No. 20-10028 (LSS) (Bankr. D. Del.).

4. Young Conaway has represented the future claimants' representatives in connection with numerous asbestos-related bankruptcy cases:

   a. Young Conaway represented the legal representative for future claimants in the following asbestos bankruptcy cases that reached confirmation: *In re Yarway Corp.*, Case No. 13-11025 (BLS) (Bankr. D. Del. 2013); *In re Metex Mfg. Corp.*, Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); *In re United Gilsonite Labs.*, Case No. 11-2032 (Bankr. M.D. Pa. 2011); *In re Specialty Prods. Holding Corp.*, Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); *In re Leslie Controls, Inc.*, Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); *In re Durabla Mfg. Co.*, Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); *In re Porter-Hayden Co.*, Case No. 02-54152-SD (Bankr. D. Md. 2006); *In re The Flintkote Co.*, Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); *In re Mid-Valley, Inc.*, Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); *In re ACandS Inc.*, Case No. 02-12687 (RJN) (Bankr. D. Del. 2002);

*In re Kaiser Aluminum Corp.*, Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); *In re N. Am. Refractories Co.*, Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); *In re Glob. Indus. Techs., Inc.*, Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); *In re Federal-Mogul Glob. Inc.*, Case No. 01-10578 (Bankr. D. Del. 2001); *In re USG Corp.*, Case No. 01-2094 (RJN) (Bankr. D. Del 2001); *In re Armstrong World Indus., Inc.*, Case No. 00-4471 (Bankr. D. Del. 2000); *In re The Babcock & Wilcox Co.*, Case No. 00-10092 (Bankr. E.D. La. 2000); *In re Owens Corning*, Case No. 00-3837 (Bankr. D. Del. 2000); *In re Pittsburgh Corning Corp.*, Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); and *In re The Celotex Corp.*, Case No. 90-100016-8B1 (Bankr. M.D. Fla. 1996). In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in *In re Met-Coil Sys. Corp.*, Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

b. Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy cases of *In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del.), *In re The Fairbanks Co.*, Case No. 18-41768 (PWB) (Bankr. N.D. Ga.), *In re Duro Dyne Nat'l Corp.*, Case No. 18-27963 (MBK) (Bankr. D.N.J. 2018), *In re Bestwall LLC*, Case No. 17-31795 (LTB) (Bankr. W.D.N.C. 2017), *In re Kaiser Gypsum Co., Inc.*, Case No. 16-31602 (JCW) (Bankr. W.D.N.C. 2016), *In re Sepco Corp.*, Case No. 16-50058 (AMK) (Bankr. N.D. Ohio 2016), and *In re Rapid-Am. Corp.*, Case No. 13-10687 (SMB) (Bankr. S.D.N.Y. 2013).

c. Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts established from the *ACandS*, *Babcock & Wilcox*, *Celotex*, *Federal-Mogul*, *Kaiser Aluminum*, *Porter-Hayden*, *Pittsburgh Corning*, *Flintkote*, *SPHC*, *UGL*, *Durabla*, *Leslie Controls*, *APG*, *NARCO*, *Metex*, *Yarway*, and *Maremont* bankruptcy cases. In addition, Young Conaway represents the legal representative for future claimants in connection with the asbestos and silica settlement trusts established from the *Mid-Valley* (DII Industries, LLC) bankruptcy case, the legal representative for future claimants in connection with the asbestos settlement trust established from the bankruptcy case of *In re Quigley Co.*, Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004), and the legal representative for future claimants in connection with the Met-Coil TCE Trust. Young Conaway also represents the State Insulation Corporation Asbestos Personal Injury Trust.

d. Young Conaway represented the debtor in the asbestos-related chapter 11 case of *In re Fuller-Austin Insulation Co.*, Case No. 98-2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998.

3

B.   **Pre-Petition Service as the Legal Representative for the Debtors' Future Claimants**

5.   Pending a formal appointment in any subsequent bankruptcy proceeding, the Debtors and I entered into the Prepetition FCR Agreement that is attached to the Motion as Exhibit C. Among other things, the Prepetition FCR Agreement expressly provides that my sole responsibility and loyalty is to future sexual abuse personal injury claimants, and further provides that the Debtors have no right to control or influence how I or my professionals carry out such duties.

6.   Pursuant to the Prepetition FCR Agreement, the Debtors agreed to compensate me and my counsel at our regular hourly rates for services rendered. The Debtors also agreed to pay the Retainer for the payment of my fees and the fees of my counsel, Young Conaway, while due diligence concerning the Debtor and its asbestos-related personal injury claims was conducted.

7.   Under the terms of the Prepetition FCR Agreement, the Retainer is to be used as security for the unpaid fees and expenses of Young Conaway and me. Accordingly, the Debtor has paid, in the ordinary course, fees and expenses reflected on invoices from me and/or my professionals pursuant to the Prepetition FCR Agreement as set forth in Exhibit D to the Motion.

8.   After reconciling, the Retainer balance held by Young Conaway was $500,000 as of the Petition Date. The Retainer balance will be applied against any post-petition fees and expenses incurred by me and/or my professionals and approved by the Court.

C.   **Connections to Persons Identified by the Debtors as Interested Parties**

9.   The Debtors have provided me with a list of names (collectively, the "Interested Parties"), a copy of which is attached hereto as Schedule 2, of individuals or institutions who are potentially interested parties in these chapter 11 cases.

10.   I have reviewed the list of Interested Parties and directed Young Conaway to conduct a search of its records for connections to the Interested Parties. Unless otherwise indicated,

this declaration discloses connections to persons identified as Interested Parties in matters in Young Conaway's records that are currently active or were active within the past two years.

11. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, except as set forth in this Declaration, I do not represent, and have not represented, any entity in matters related to these chapter 11 cases and, other than in connection with these chapter 11 cases, based upon the list of Interested Parties and except as set forth in this Declaration, I have no connection with the Debtors, their creditors, the U.S. Trustee or any other party with actual or potential interest in these chapter 11 cases or its respective attorneys or accountants.

12. As a child, I participated in the scouting program of Boy Scouts of America. Other attorneys or staff of Young Conaway were and are involved in the scouting program of Boy Scouts of America. No attorneys or staff currently involved in the scouting program of Boy Scouts of America are or will be on the team of professionals serving as my counsel in my capacity as the FCR.

13. Young Conaway represented the Catholic Diocese of Wilmington in its bankruptcy case stemming from clerical sexual abuse. The Catholic Diocese of Wilmington filed for bankruptcy on October 18, 2009, and its plan of reorganization went effective on September 26, 2011. Young Conaway is outside general counsel to the Catholic Diocese of Wilmington.

14. Young Conaway represented the Del-Mar-Va Council Inc., Boy Scouts of America (the "DMV Council") commencing in December 2009 in connection with two cases in which plaintiffs asserted sexual abuse claims against the council and BSA. On or about June 1, 2012, representation of the DMV Council was transferred to another law firm and Young Conaway filed a notice of substitution of counsel.

15. Young Conaway previously represented the DMV Council in one other matter unrelated to BSA, sexual abuse claims, or this proceeding. The last matter where YCST served as counsel to the DMV Council concluded in April 2015.

16. A Young Conaway partner served on the volunteer board of the DMV Council from June 2017 to February 2020. That partner has not been and will not be involved in this matter.

17. Young Conaway represents Continental Casualty Company, Lexington Insurance Company, Certain Underwriters at Lloyd's London, Certain London Market Insurance Companies, Munich Reinsurance America, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., Republic Insurance Company, Starr Indemnity & Liability Co., and XL Insurance America, Inc. in insurance coverage disputes that relate to environmental liabilities unrelated to sexual abuse claims or the Debtors.

18. Young Conaway represents Aetna Life Insurance Company in connection with a regulatory matter unrelated to sexual abuse claims or the Debtors.

19. Young Conaway represents XL Specialty Insurance Company in insurance coverage disputes unrelated to sexual abuse claims or the Debtors.

20. A Young Conaway attorney represented various Travelers insurance entities in connection with workers compensation matters. That attorney left Young Conaway at the end of 2018 and those matters have been transferred to the attorney's new firm.

21. Young Conaway represents certain Alvarez & Marsal entities (other than Alvarez and Marsal North America, LLC) in matters unrelated to sexual abuse claims or the Debtors.

22. Young Conaway represents certain RBC entities and U.S. Bank National Association in matters unrelated to sexual abuse claims or the Debtors.

23.  Young Conaway has in the past and/or currently does work with and/or against a number of professionals involved in this case in connection with matters wholly unrelated to these chapter 11 cases.

24.  To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry based on the list of entities set forth on Schedule 2 and except as set forth in this Declaration and other than my service as the Prepetition FCR and proposed role as the post-petition Future Claimants' Representative, I am a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, in that:

  a. I have no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants;

  b. I am not a creditor, equity security holder, or insider of the Debtors;

  c. I am not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors; and

  d. I do not have an interest materially adverse to the Debtors, their estates or any class of creditors or equity security holders, or the Future Claimants, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

**D.     Compensation and Terms of Service**

25.  Except as set forth in the Motion and this Declaration, I (and the professionals I retained to assist me) have not received compensation in these chapter 11 cases, nor has an agreement been made as to compensation to be paid. No agreement or understanding exists between me and any other person for the sharing of compensation received or to be received for services rendered by me in connection with this proceeding.

26.  I have agreed to charge a rate of $1,400 per hour for my incurred time, subject to periodic adjustment, plus reimbursement of actual and necessary out-of-pocket expenses.

27. I will review any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals, and I agree to comply with the provisions thereof.

28. I understand that my service as the Future Claimants' Representative in connection with the Debtors' chapter 11 cases, subject to approval by the Court, would be on the following terms:

   a. <u>Standing</u>: The Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to these chapter 11 cases and shall have such powers and duties of a committee, as set forth in 11 U.S.C. § 1103, as are appropriate for a Future Claimants' Representative;

   b. <u>Right to Receive Notices</u>: The Future Claimants' Representative and any professionals retained by him and approved by the Court shall have the right to receive all notices and pleadings that are required to be served upon any statutory committee and its counsel pursuant to applicable law or an order of the Court.

   c. <u>Engagement of Professionals</u>: The Future Claimants' Representative may, with prior approval from the Court pursuant to sections 105(a) and 1103 of the Bankruptcy Code and consistent with the treatment afforded other professionals in these chapter 11 cases, retain attorneys and other professionals; and

   d. <u>Compensation</u>: The Future Claimants' Representative shall apply for compensation in accordance with the Bankruptcy Code, the Local Rules, and any order entered by the Court establishing procedures for interim compensation and reimbursement of expenses of professionals. Subject to Court approval, I shall be compensated at my hourly rate of $1,400, subject to periodic adjustment, plus reimbursement of reasonable expenses.

**E.     The Foregoing Statements and Disclosures Support Appointment**

29. Based on the foregoing disclosures, I believe that (a) I am independent of the Debtors and the Interested Parties; (b) none of the matters disclosed in this declaration has had or will have an adverse effect on my ability to carry out my duties as the FCR to loyally and effectively represent the Future Claimants; and (c) pursuant to section 101(14), I am a

"disinterested person" and do not have any interest that is materially adverse to the Future Claimants.

30. If any new relevant facts or relationships bearing on the disclosures in this declaration are discovered or arise, I will use reasonable efforts to identify such further developments and will promptly file a further supplemental declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 16, 2020     */s/ James L. Patton, Jr.*
                          James L. Patton, Jr.

**Schedule 1**

**Curriculum Vitae**



**JAMES L. PATTON, JR.**
**Curriculum Vitae**

James L. Patton, Jr.
Chairman Emeritus of Firm and Partner
P: 302.571.6684
F: 302.576.3325

As Chairman Emeritus of Young Conaway Stargatt & Taylor, LLP and a partner in the Bankruptcy and Corporate Restructuring section, Jim is nationally recognized particularly for his representation of large troubled companies in workouts and bankruptcies and his involvement in complex asbestos bankruptcies.

Jim specializes in corporate restructurings and mass tort insolvencies.  He has extensive experience representing debtors, creditors' committees, equity committees, future claimant representatives, and shareholder groups in out-of-court workouts, complex foreign and domestic restructurings, pre-planned bankruptcies, and chapter 11 cases.

As set forth in more detail below, Jim has been involved in virtually every complex asbestos bankruptcy in the region, as well as numerous significant general bankruptcy cases including: RHM Franchise Holdings, Inc., Ch. 11 Case No. 18-11092 (Bankr. D. Del. 2018); Zohar III, Corp., Ch. 11 Case No. 18-10512 (Bankr. D. Del. 2018); Cumulus Media Inc., Ch. 11 Case No. 17-13381 (Bankr. S.D.N.Y. 2017); Boston Generating LLC, Ch. 11 Case No. 10-14419 (Bankr. S.D.N.Y. 2010); Dynegy Holdings, LLC, Ch. 11 Case No. 11-38111 (Bankr. S.D.N.Y. 2011); Aventine Renewable Energy Holdings, Inc., Ch. 11 Case No. 09-11214 (Bankr. D. Del. 2009); The PMI Group, Inc., Ch. 11 Case No. 11-13730 (Bankr. D. Del. 2011); Rotech Healthcare Inc., Ch. 11 Case No. 13-10741 (Bankr. D. Del. 2013); Alterra Healthcare Corporation, Ch. 11 Case No. 03-10254 (Bankr. D. Del. 2003); American Home Mortgage Holdings, Inc., Ch. 11 Case No. 07-11047 (Bankr. D. Del. 2007); Catholic Diocese of Wilmington, Inc., Ch. 11 Case No. 09-13560 (Bankr. D. Del. 2009); Columbia Gas Systems, Inc., Ch. 11 Case No. 91-803 (Bankr. D. Del. 1991); Continental Airlines, Inc., Ch. 11 Case No. 90-932 through 90-934 (Bankr. D. Del. 1990); Days Inn of America, Inc., Ch. 11 Case. No. 91-978 (Bankr. D. Del. 1991); DBSI, Inc., Ch. 11. Case No. 08-12687 (Bankr. D. Del. 2008); Florida Coast Paper Company, Ch. 11 Case No. 99-755

**Education**
- Penn State The Dickinson School of Law, J.D.
- Davidson College, B.A.

**Bar Admissions**
- Delaware
- New York
- District of Columbia

**Court Admissions**
- U.S. Court of Appeals for the Third Circuit
- U.S. District Court for the Southern District of New York
- U.S. Supreme Court

1

(Bankr. D. Del. 1999); Lomas Financial Corporation, Ch. 11 Case No. 95-1235 (Bankr. D. Del. 1995); MEI Diversified, Inc., Ch. 11 Case No. 93-3170 (Bankr. D. Minn. 1993); Simmons Upholstered Furniture, Inc., Ch. 11 Case No. 94-634 (Bankr. D. Del. 1994); Trico Steel, Ch. 11 Case No. 01-1095 (Bankr. D. Del. 2001); and Transworld Airlines, Inc., Ch. 11 Case No. 01-56 (Bankr. D. Del. 2001).

**ASBESTOS CASE INVOLVEMENT**

- In re Celotex Corp., Ch. 11 Case No. 90-100016 (PMG) (Bankr. M.D. Fla. 1990)
- In re Fuller-Austin Insulation Co., Ch. 11 Case No. 98-2028 (JJF) (Bankr. D. Del. 1998)
- In re Armstrong World Indus., Inc., Ch. 11 Case No. 00-4471 (JKF) (Bankr. D. Del. 2000)
- In re Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (JAB) (Bankr. E.D. La. 2000)
- In re Owens Corning, Ch. 11 Case No. 00-3837 (JKF) (Bankr. D. Del. 2000)
- In re Pittsburgh Corning Corp., Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000)
- In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (JKF) (Bankr. D. Del. 2001)
- In re USG Corp., Ch. 11 Case No. 01-2094 (JKF) (Bankr. D. Del. 2001)
- In re ACandS Inc., Ch. 11 Case No. 02-12687 (JKF) (Bankr. D. Del. 2002)
- In re Global Indus. Techs., Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002)
- In re Kaiser Alum. Corp., Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002)
- In re North American Refractories Co., Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002)
- In re Porter-Hayden Co., Ch. 11 Case No. 02-54152 (RAG) (Bankr. D. Md. 2002)
- In re Met-Coil Sys. Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003)
- In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003)
- In re The Flintkote Co., Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004)

- Combustion Engineering, Inc. and the Combustion Engineering 524(g) Asbestos PI Trust v. Andritz Inc., Adv. Pro. No. 07-51718 (JKF) (Bankr. D. Del.)
- In re Durabla Mfg. Co., Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009)
- In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010)
- In re Specialty Products Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010)
- In re United Gilsonite Labs., Ch. 11 Case No. 11-2032 (RNO) (Bankr. M.D. Pa. 2011)
- In re Metex Mfg. Corp., Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012)
- In re Rapid-American Corp., Ch. 11 Case No. 13-10687 (SMB) (Bankr. S.D.N.Y. 2013)
- In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013)
- In re Eagle, Inc., Ch. 11 Case No. 15-12437 (JAB) (Bankr. E.D. La. 2015)
- In re Sepco Corporation, Ch. 11 Case No. 16-50058 (AMK) (Bankr. N.D. Ohio 2016)
- In re Kaiser Gypsum Company, Inc., Ch. 11 Case No. 16-31602 (JCW) (Bankr. W.D.N.C. 2016)
- In re Bestwall LLC, Ch. 11 Case No. 17-31795 (LTB) (Bankr. W.D.N.C. 2017)
- In re Duro Dyne National Corp., Ch. 11 Case No. 18-27963 (MBK) (Bankr. D. N.J. 2018)
- In re The Fairbanks Co., Ch. 11 Case No. 18-41768 (PWB) (Bankr. N.D. Ga. 2018)
- In re Imerys Talc America, Inc., Ch. 11 Case No. 19-10289 (LSS) (Bankr. D. Del. 2019)
- In re Maremont Corp., Ch. 11 Case No. 19-10118 (LSS) (Bankr. D. Del. 2019)

**ASBESTOS CASES ACTING AS**
**FUTURE CLAIMANTS REPRESENTATIVE**

- In re Celotex Corp., Ch. 11 Case No. 90-100016 (PMG) (Bankr. M.D. Fla. 1990)
- In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010)
- In re United Gilsonite Laboratories, Ch. 11 Case No. 11-2032 (RNO) (Bankr. M.D. Pa. 2011)

3

- In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013)
- In re The Fairbanks Co., Ch. 11 Case No. 18-41768 (PWB) (Bankr. N.D. Ga. 2018)
- In re Imerys Talc America, Inc., Ch. 11 Case No. 19-10289 (LSS) (Bankr. D. Del. 2019)
- In re Maremont Corp., Ch. 11 Case No. 19-10118 (LSS) (Bankr. D. Del. 2019)

**ASBESTOS CASES ASSISTING IN ADMINISTRATION OF 524(g) TRUST**

- In re ACandS Inc., Ch. 11 Case No. 02-12687 (JKF) (Bankr. D. Del. 2002)
- In re Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (JAB) (Bankr. E.D. La. 2000)
- In re Celotex Corp., Ch. 11 Case No. 90-100016 (PMG) (Bankr. M.D. Fla. 1990)
- In re Durabla Mfg. Co., Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009)
- In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (JKF) (Bankr. D. Del. 2001)
- In re The Flintkote Co., Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004)
- In re Fuller-Austin Insulation Co., Ch. 11 Case No. 98-2028 (JJF) (Bankr. D. Del. 1998)
- In re Global Indus. Techs., Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002)
- In re Kaiser Alum. Corp., Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002)
- In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010)
- In re North American Refractories Co., Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002)
- In re Porter-Hayden Co., Ch. 11 Case No. 02-54152 (RAG) (Bankr. D. Md. 2002)
- In re Met-Coil Sys. Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003)
- In re Metex Mfg. Corp., Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012)
- In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003)

- In re Pittsburgh Corning Corp., Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000)
- In re Quigley Co., Ch. 11 Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004)
- In re Specialty Products Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010)
- In re State Insulation Corp., Ch. 11 Case No. 11-15110 (MBK) (Bankr. D. N.J. 2011)
- In re Swan Transp. Co., Ch. 11 Case No. 01-11690 (JKF) (Bankr. D. Del. 2001)
- In re United Gilsonite Labs., Ch. 11 Case No. 11-2032 (RNO) (Bankr. M.D. Pa. 2011)
- In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013)
- In re Maremont Corp., Ch. 11 Case No. 19-10118 (LSS) (Bankr. D. Del. 2019)

**EXPERT TESTIMONY**

- Expert Report and Deposition Testimony in Continental Ins. Co., *et al*. v. Honeywell International, Inc., *et al*., Case No. MRS-L-1523-2000 (N.J. Super., Law Division, Morris County)
- Expert Report, Deposition Testimony, and Trial Testimony in In re Garlock Sealing Technologies LLC, Case No. 10-31607 (GRH) (Bankr. W.D.N.C. 2010)
- Expert Report in In re Oakfabco, Inc., Case No. 15-27062 (JBS) (Bankr. N.D. Ill. 2018)

**PUBLICATIONS**

- "Prepackaged Bankruptcies: Resolving Overwhelming Mass Tort Liabilities Using the Bankruptcy Code," Financier Worldwide, Restructuring & Insolvency Series 2005, Part Four: Global
- "Future Claimant Trusts and 'Channeling Injunctions' to Resolve Mass Tort Environmental Liability in Delaware: The Met-Coil Model" (Emory Bankruptcy Developments Journal, Volume 22, Book 1), 2005
- "Current Issues and Developments in Cross-Border Insolvencies", Handout from Delaware Views From The Bench and Bar, Hotel du Pont, Wilmington, DE, June 9, 2006
- "KPMG Ruling Calls Into Question Thompson Memo Footnote on Payment of Attorneys' Fees", Atlantic Coast In-house, Vol. 3, No. 4, Lawyers Weekly, Inc. (July 2006)

5

- "A Modern History of Bankruptcy in Delaware", 24 Delaware Lawyer 12, Winter 2006/2007
- "Prepackaged Asbestos Bankruptcies: Down But Not Out", New York University, Annual Survey of American Law, Volume 63, Issue 4 (2008)
- "The 'Stipulated Asset Allocation' Model for a Non-Consolidated Liquidating Chapter 11 Plan", ABI Journal, Vol. XXVIII, No. 7, 54-55, 92-93, September 2009
- "Corporate Governance of Insolvent and Troubled Entities", 109 Corporate Practice Portfolio Series (BNA) (2017)

6