## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Related Docket Nos.: 147, 211 & 230** |

### AGREED ORDER GRANTING IN PART NATIONAL SURETY CORPORATION'S MOTION (I) FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, (II) TO EXTEND THE STAY

Upon *National Surety Corporation's Motion (I) for Relief from the Automatic Stay or, in the Alternative, (II) to Extend the Stay* (the "**Motion**"),[2] filed by National Surety Corporation ("**National Surety**") on March 6, 2020, seeking entry of an order (I) terminating the automatic stay "for cause" to permit National Surety to litigate to a judgment the State Court Actions or, in the alternative, (II) extending the automatic stay to all State Court Actions; and upon the *Certification of Counsel* (the "**Certification**"), filed by counsel to National Surety on March 18, 2020; and the Court having found that it has jurisdiction to consider the Certification and Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334(b); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and the Court having reviewed the Motion and the Certification; and the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Motion establish just cause for the relief granted herein; and it appearing the relief granted herein is one of the alternative forms of relief requested in the Motion and is in the best interest of the Debtors' estates, creditors, and all parties in interest; and upon the consent of the above-captioned debtors and debtors-in-possession (the "**Debtors**") as set forth in the Certification; and upon the resolution of the *Limited Objection of Creditors and Parties in Interest First State Insurance Company and Twin City Fire Insurance Company to National Surety Corporation's Motion (I) for Relief from the Automatic Stay, or in the Alternative, (II) to Extend the Stay* [D.I. 211] as set forth in the Certification; and no other party in interest having filed any opposition to the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED in part as set forth herein.

2. National Surety's request for relief from the automatic stay arising under 11 U.S.C. § 362(a) "for cause" pursuant to 11 U.S.C. § 362(d)(1) shall be, and hereby is, withdrawn without prejudice.

3. The automatic stay arising under 11 U.S.C. § 362(a) hereby applies to the Texas Proceedings, specifically:

    (a) *Boy Scouts of America*, et al. *v. Insurance Company of North America*, et al. (Cause No. DC-18-11896), currently pending in the 192nd Judicial District Court of Dallas County, Texas; and

    (b) *In re National Surety Corporation,* et al. (No. 05-19-01119-CV), currently pending in the Texas Court of Appeals for the Fifth Judicial District, Dallas, Texas.

- 3 -

4. The application of the automatic stay to the Texas Proceedings as provided herein is without prejudice to any party's right to request relief from the automatic stay with respect to any of the State Court Actions and any party's right to oppose any such request.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: March 19th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**