## Exhibit B

Blackline

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (—LSS) <br><br> (Joint Administration Requested Jointly Administered) <br><br> Ref. Docket NoNos. 8, 69, & ___ |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO
(A) MAINTAIN AND ADMINISTER PREPETITION CUSTOMER, SCOUT, AND DONOR PROGRAMS AND PRACTICES AND (B) PAY AND HONOR RELATED PREPETITION OBLIGATIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"), as supplemented (the "Supplement"),[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of a final order (this "Final Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) maintain and administer prepetition customer, Scout, and donor programs and practices, including the Pooled Income Fund Program and (b) pay and honor related prepetition obligations, and (ii) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors'Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TXTexas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion or the Supplement, as applicable.

of 28 U.S.C. § 157(b)(2); and ~~this Court being able to issue~~the Debtors consent to the entry of a final order ~~consistent with~~ by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion and Supplement being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion and Supplement having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and Supplement and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion and Supplement having been withdrawn, resolved or overruled; and the relief requested in the Motion and Supplement being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and Supplement establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The relief requested in the Motion and Supplement is GRANTED on a final basis as set forth herein.

    2.    The Debtors are authorized~~, but not directed,~~ to maintain and administer the Public Programs[3] and pay or otherwise honor any Public Program Obligations and any third-party administrators' fees incurred in connection with the Public Programs, whether arising before, on or after the Petition Date, in the ordinary course and consistent with past practice, as necessary and appropriate in the Debtors' business judgment~~.~~; provided, however, that no transfers of assets of the Pooled Income Funds or Gift Annuities shall be made to local councils

---

[3] For purposes of this Final Order, the term "Public Programs" collectively refers to the Public Programs, as defined in the Motion, and the Pooled Income Fund Program, as defined in the Supplement.

2

or any other non-Debtor entity (excluding, for the avoidance of doubt, income paid to Life Income Beneficiaries or Annuitants, as applicable) from Pooled Income Funds or Gift Annuities pending further order of the Court.  The Debtors shall pay Scholarships and Grants first from restricted funds dedicated to such Scholarships and Grants and then from any unrestricted funds.

3. If the Debtors at any time during these chapter 11 cases cease to honor Gift Cards, the Debtors shall file a notice of the same with the Court, and serve such notice on the Office of the U.S. Trustee, ~~any statutory committee appointed in these chapter 11 cases~~the official committee of unsecured creditors (the "Creditors' Committee"), the official committee of survivors of abuse (the "Tort Claimants' Committee"), the proposed future claimants' representative (the "FCR"), and any party that has requested notice pursuant to Bankruptcy Rule 2002.

4. The Debtors shall provide to advisors to the Creditors' Committee, the Tort Claimants' Committee, and the FCR a quarterly report of all payments made on or after the Petition Date under the Pass-Through Donations, the Gift Annuities, and the Pooled Income Funds.  Such report shall be due on the thirtieth (30th) day (or the next business day if such day is not a business day) after the last day of each calendar quarter.

5. ~~4.~~ The Debtors are authorized~~, but not directed,~~ to continue to operate under the Payment Processing Agreements.  The Debtors are authorized to pay or reimburse the Payment Processors for the Processing Obligations, whether such obligations arose prepetition or post-petition, and the Payment Processors are authorized to receive or obtain payment for such Processing Obligations, as provided under, and in the manner set forth in, the Payment Processing Agreements, including, without limitation, by way of recoupment or setoff without further order of the Court.  Any post-petition claim that a Payment Processor may have under the

3

Payment Processing Agreements shall be entitled to, in addition to any other lien, collateral, or payment priority rights in support thereof, administrative expense priority status pursuant to Section 503(b) of the Bankruptcy Code.

6.  ~~5.~~ Each of the banks at which the Debtors maintain their accounts relating to payment of the obligations related to the Public Programs are authorized to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty of further inquiry.

7.  ~~6.~~ The Debtors are authorized~~, but not directed,~~ to issue new post-petition checks, or to effect new electronic funds transfers, on account of the Public Program Obligations, and to replace any prepetition checks or electronic fund transfer requests that be have been lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

8.  ~~7.~~ Nothing contained in the Motion, the Supplement, or this Final Order is intended or should be construed to create an administrative priority claim on account of any of the Public Programs.

9.  ~~8.~~ Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice,

4

waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors.  Any payment made pursuant to this Final Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9. ~~The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Final Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.~~

10. Nothing in this Final Order (i) is intended or shall be deemed to constitute a ruling or determination as to whether the Pass-Through Donations, the assets of the Pooled Income Funds or the assets of the Gift Annuity Accounts are property of the Debtors' estates or are restricted assets, or (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Creditors' Committee, the Tort Claimants' Committee, the FCR, or any party in interest to challenge or seek a determination as to the ownership or restricted / unrestricted nature of the Pass-Through Donations, the assets of the Pooled Income Funds or the assets of the Gift Annuity Accounts.

11. ~~10.~~ Notice of the Motion and the Supplement shall be deemed good and sufficient notice of such Motion and Supplement, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

12. ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

5

13.    ~~12.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion and Supplement.

14.    ~~13.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Final Order.

Dated: _____, 2020
Wilmington, Delaware

_____
THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| **Summary report:** <br> **Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 3/20/2020 9:38:24 AM** | |
| **Style name:** Sidley Default | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://SIDLEYDMS/ACTIVE/254916114/1 | |
| **Description:** BSA - Final Customer Programs Order (AS FILED) 254633320_1 | |
| **Modified DMS:** iw://SIDLEYDMS/ACTIVE/254918810/4 | |
| **Description:** BSA - Final Customer Programs Order (Revised 3 20 20) | |
| **Changes:** | |
| Add | 42 |
| Delete | 24 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 68 |