# **Exhibit A**

Revised Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 7, 65 & ___** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF ESSENTIAL VENDORS, FOREIGN
VENDORS, SHIPPERS, WAREHOUSEMEN, OTHER LIEN CLAIMANTS,
AND 503(b)(9) VENDORS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 case (collectively, the "Debtors") for entry of a final order (this "Final Order") (i) authorizing the Debtors to pay, in the ordinary course of operations, certain prepetition claims of Essential Vendors, Foreign Vendors, Lien Claimants, and 503(b)(9) Vendors, (ii) authorizing the Debtors to condition payment of any prepetition amounts owed to any Essential Vendor, Foreign Vendor, Lien Claimant, or 503(b)(9) Vendor on written verification that such party will abide by certain conditions, (iii) authorizing banks to receive, process, honor and pay checks or electronic transfers used by the Debtors to pay the foregoing, and (iii) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing and, if necessary, a final hearing, before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, in the reasonable exercise of their business judgment, to pay the prepetition Essential Vendor Claims in an amount not to exceed $3,000,000 in the aggregate, absent further order of the Court.

3.      The Debtors are authorized, in the reasonable exercise of their business judgment, to pay the prepetition Foreign Vendor Claims in an amount not to exceed $500,000 in the aggregate, absent further order of the Court.

4.      The Debtors are authorized, in the reasonable exercise of their business judgment, to pay the prepetition Lien Claims, including, without limitation, Shippers and Warehousemen Charges and Other Lien Claims in an amount not to exceed $4,750,000 in the aggregate, absent further order of the Court.  To the extent the expense is part of a project being funded from donor-restricted funds, the Debtors will either pay the Other Lien Claimants from restricted cash or promptly reimburse their unrestricted cash from restricted cash.

5.      The Debtors are authorized, in the reasonable exercise of their business judgment, to pay the 503(b)(9) Claims in an amount not to exceed $3,750,000 in the aggregate, absent further order of the Court.

6.      To the extent a payment to a Vendor is in excess of $250,000 (the "Vendor Claimant Cap"), the Debtors shall consult with the official committee of unsecured creditors (the "Creditors' Committee"), the official committee of survivors of abuse (the "Tort Claimants' Committee"), and the proposed future claimants' representative (the "FCR") as to such payment, providing at least two (2) business days' advance notice prior to approving such payment; provided, that if the Creditors' Committee, the Tort Claimants' Committee, or the FCR objects to such payment, the Debtors shall not make such payment, solely to the extent of such objection and only to the extent such disputed payment exceeds the Vendor Claimant Cap, without further order of the Court or written consent from the Creditors' Committee, the Tort Claimants' Committee, or the FCR, as applicable.

7.      If the Debtors determine, in the reasonable exercise of their business judgment, to pay any of the Essential Vendor Claims, Foreign Vendor Claims, Lien Claims, or 503(b)(9) Claims, and such payment would exceed the applicable cap set forth in paragraphs 2–5 of this Final Order, then the Debtors shall be authorized to pay such claim solely to the extent that the

Debtors have not exceeded one or more of the other caps set forth in paragraphs 2–5 of this Final Order; provided, that any such payment shall reduce the aggregate amount available under the other caps set forth in paragraphs 2–5 of this Final Order on a dollar-for-dollar basis.

8.      The Debtors are authorized, but not directed, to require that, for any payments that are made to Vendors on account of prepetition charges, the Vendors receiving the payments shall (i) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed in the twelve (12) months before the Petition Date, (ii) agree that they shall not be permitted to cancel on less than 90 days' notice any contract or agreement pursuant to which they provide services to the Debtors, and (iii) take whatever action is necessary to remove any liens in respect of such claim, if any, at such Vendor's sole cost and expense; provided that no such payment shall be deemed to be a waiver of rights regarding the extent, validity, perfection or possible avoidance of any such liens.  If any Vendor accepts payment pursuant to this Final Order for a prepetition obligation of the Debtors premised upon its compliance with conditions (i), (ii) and (iii) above, and thereafter fails to comply with those conditions, any payments made pursuant to this Final Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, and the Debtors' rights to recover such payments, upon consultation with the Creditors' Committee, the Tort Claimants' Committee, and the FCR, are preserved.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered.

9.      The Debtors shall provide on a professional eyes only basis to advisors to the Creditors' Committee, the Tort Claimants' Committee, and the FCR a weekly update containing the following information on the status of Vendor Claim payments/proposals: (i) a list of any Vendor Claims to be paid; (ii) the claimant asserting the Vendor Claim; (iii) the amount and

category, including any amount entitled to priority under section 503(b)(9) of the Bankruptcy Code, if any, and the amount that is a general unsecured claim; (iv) whether the Vendor has executed a written trade agreement; and (v) a listing, by Vendor, of amounts already paid and amounts agreed to be paid but not yet paid, with a schedule of when such agreed but not yet paid amounts are projected to be paid.  Within five (5) business days after the entry of this Final Order, the Debtors shall also provide on a professional eyes only basis to advisors to the Creditors' Committee, the Tort Claimants' Committee, and the FCR a report of transactions that were effected pursuant to the Interim Order to and including the date of this Final Order.  The Debtors shall provide the reports referenced in this paragraph 9 to the U.S. Trustee upon request.

10.    The banks and other financial institutions at which the Debtors maintain their disbursement accounts are authorized at the Debtors' direction, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtors in respect of payment amounts owed in connection with the relief granted herein.

11.    The Debtors are authorized to issue new postpetition checks, or effect new electronic fund transfers, on account of payments made in connection with the relief granted herein and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

12.    Nothing contained in this Final Order or in the Motion is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights, including the rights of the Creditors' Committee, the Tort Claimants' Committee, and the FCR to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365

of the Bankruptcy Code.  Likewise, any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the rights of the Debtors or any party in interest, including the Creditors' Committee, the Tort Claimants' Committee, or the FCR, to dispute such claim subsequently.

14. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

13. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.


Dated: _____, 2020
Wilmington, Delaware

_____
THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE