**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 9, 66 & 264** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED LIST OF COUNSEL REPRESENTING THE LARGEST NUMBERS OF ABUSE VICTIMS AND (B) A CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS OF THE DEBTORS, (II) AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), for entry of an order (this "Final Order"), (i) authorizing the Debtors to file (a) the Top Plaintiffs' Counsel List and (b) the Unsecured Creditors List, in lieu of a list of holders of the twenty (20) largest unsecured claims for each Debtor, (ii) authorizing and approving special noticing and confidentiality procedures to protect the identities of victims of abuse, minors, employees, and volunteers, and (iii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 the *Amended Standing Order*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on final basis as set forth herein.

2. The Debtors are authorized to file, in lieu of filing a list of the individual holders of the twenty (20) largest unsecured claims for each Debtor: (a) a single consolidated list of the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors (the "Top Plaintiffs' Counsel List"); and (b) a single consolidated list of the creditors holding the thirty (30) largest unsecured claims against the Debtors other than Abuse Claims (the "Unsecured Creditors List").

3. For purposes of the Top Plaintiffs' Counsel List and the Unsecured Creditors List, the Debtors are authorized to: (a) list the contact information of counsel of record for the holders of Abuse Claims and for minors, in lieu of the personal contact information of such holders of

Abuse Claims and minors, (b) redact the names of and personal contact information for any minors and their parents or legal guardians, as applicable, and (c) redact the personal contact information of any current and former employees.

   4.  To protect the identities of abuse victims, minors, employees, volunteers, and other applicable parties in interest, the following "Confidentiality Procedures" are hereby approved:

    (a) the Debtors shall file on the docket of these chapter 11 cases a copy of the Creditor Matrix:[3]

     (i) redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against either of the Debtors, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor. In the event that no counsel of record is known to the Debtors, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against either of the Debtors, shall be redacted; and

     (ii) redacting personal contact information for any current or former employee or volunteer of the Debtors.

    (b) the Debtors shall provide, upon request, an unredacted copy of the Creditor Matrix within two (2) business days of the filing of such Creditor Matrix to the following parties (collectively, the "Distribution Parties"):[4] (i) the U.S. Trustee; (ii) the official committee of unsecured creditors; (iii) the official committee of survivors of abuse; and (iv) the proposed future claimants' representative;

    (c) all documents filed in these chapter 11 cases, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with paragraph 4(a) of this Final Order;

---

[3] Redacted copies of any amended Creditor Matrices will be made available upon request to the Debtors.

[4] Unredacted copies of any amended Creditor Matrices will be made available upon request to the Debtors by any of the Distribution Parties.

3

      (d)      the Debtors shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of these chapter 11 cases that has been redacted in accordance with these Confidentiality Procedures; and

      (e)      the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtors in accordance with paragraphs 4(b) or (d) of this Final Order.

5.      The Debtors shall, through the Claims and Noticing Agent, send required notices, mailings, and other communications to: (i) holders of Abuse Claims for whom the Debtors obtained sufficient contact information within the three years immediately preceding the Petition Date, or on or after Petition Date, and who have: (a) filed, or threatened to file, lawsuits against the Debtors on account of Abuse Claims; (b) otherwise contacted the Debtors to report Abuse Claims; (c) entered into any settlement agreement with the Debtors relating to an Abuse Claim; or (d) received any payment from the Debtors relating to an Abuse Claim; and (ii) counsel of record for the holders of Abuse Claims. This paragraph 5 shall not apply to the Abuse Claims Bar Date Notice.[5]

6.      Notwithstanding the paragraph 5 of this Final Order, any holder of an Abuse Claim may instruct the Debtors to send all required notices, mailings, and other communications only to counsel of record for such holder by completing and submitting (or directing his or her counsel of record to complete and submit on such holder's behalf) the form attached hereto as **Exhibit 1** (the "Noticing Designation Form"). Counsel of record may submit a single Noticing Designation Form on behalf of multiple clients by affixing a schedule listing the applicable clients to an executed Noticing Designation Form. Upon receipt of a completed Noticing

---

[5] For purposes of this Final Order, the term "Abuse Claims Bar Date Notice" shall have the meaning ascribed to such term in the *Debtors' Motion, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [Docket No. 18].

Designation Form, the Debtors will, through the Claims and Noticing Agent, send all required notices, mailings, and other communications only to counsel of record for the applicable holder.[6] If during the pendency of these cases the Debtors determine that any required notice, mailing, or other communication should be sent directly to all holders of Abuse Claims, including to holders of Abuse Claims who have completed and submitted a Noticing Designation Form, the Debtors shall confer with the Tort Claimants' Committee with respect to such determination and, if the Debtors and the Tort Claimants' Committee are unable to agree on the terms of the Debtors' direct noticing of all holders of Abuse Claims, then the Debtors or the Tort Claimants' Committee may notice such dispute for a hearing before this Court.

7. The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved in their entirety.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

9. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

---

[6] The Debtors will keep confidential all completed Noticing Designation Forms; provided, however, that completed Noticing Designation Forms shall be provided to a Distribution Party in accordance with Paragraph 4(d) and 4(e) above.

**Dated: March 23rd, 2020**  
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN  
UNITED STATES BANKRUPTCY JUDGE

5