# **Exhibit B**

Blackline

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-10343 (——LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket ~~No~~Nos. ——14 & 74** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION
WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION
AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED
ADMINISTRATIVE OBLIGATIONS, (II) AUTHORIZING APPLICABLE BANKS
AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED
CHECKS AND TRANSFERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC,

the non-profit corporations that are debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Final Order"), pursuant

to sections 105(a), 363(b), and 507 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004,

and Local Rule 9013-1, (i) authorizing the Debtors to (a) pay their outstanding Prepetition

Employee Obligations and (b) maintain their existing Compensation and Benefits Programs, (ii)

authorizing applicable banks and other financial institutions to receive, process, honor, and pay

any and all checks drawn on and transfers made from the Debtors' accounts to the extent such

checks or transfers relate to any of the foregoing, and (iii) granting related relief; and upon

consideration of the First Day Declaration; and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012; and this matter being

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification
number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing
address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and ~~this Court being able to issue~~the Debtors consent to the entry of a final order ~~consistent with~~by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing, and, if necessary, at a final hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized~~, but not directed,~~ to (a) pay the Prepetition Employee Obligations (either directly or to third parties for payment or remittance, as applicable), <u>provided that no payment shall be made on account of the Prepetition Employee Obligations in excess of the limits provided for by Bankruptcy Code sections 507(a)(4) or 507(a)(5), other than as provided herein,</u> (b) maintain and continue to honor and pay, in their discretion, amounts with respect to the Debtors' Compensation and Benefits Programs as such were in effect as of the Petition Date and as such may be modified or supplemented from time to time in the ordinary course, and (c) make all Withholdings, Payroll Taxes, and Deductions relating to the

Compensation and Benefits Programs as required by applicable law, up to a maximum aggregate cap of $~~5,090,000~~5,170,000 for all amounts authorized to be paid under this Final Order.  For the avoidance of doubt, the payment of Health Benefit Claims pursuant to the self-insured Medical and Dental Plans and any amounts owed under the Workers' Compensation Program shall be excluded from the cap referenced in the foregoing sentence.

3.      The Debtors are authorized~~, but not directed,~~ to continue to maintain their Compensation and Benefits Programs with respect to the BSA Employees, Temporary Workers, and Independent Contractors~~.~~, including, for the avoidance of doubt, honoring all of their obligations to the Third-Party Administrator in the ordinary course as specifically set forth below in paragraph 4.

4.      The automatic stay is modified, ~~solely~~if and to the extent ~~necessary, to authorize, but not direct, the Debtors~~applicable, to permit ~~the~~(a) current and former BSA ~~Employees~~employees to proceed with any valid claims they may have (whether arising prior or subsequent to the Petition Date) under the Workers' Compensation Program[3] in the appropriate judicial or administrative forum, provided that any recovery on account of such claims is limited solely to the proceeds under the Debtors' applicable insurance policies and proceeds from non-~~debtor sources~~Debtor sources or as otherwise provided under the Workers' Compensation Program; (b) the Third-Party Administrator to handle, administer, defend, settle and/or pay the claims referenced in subpart (a) of this paragraph; and (c) insurers and the Third-Party Administrator providing coverage or claims handling services for the claims referenced in subpart (a) of this paragraph to draw on any and all collateral provided by or on behalf of the Debtors therefor.

---

[3] For the avoidance of doubt, the term "Workers' Compensation Program" shall include all workers' compensation insurance policies issued or providing coverage to the Debtors, whether current, expired, or prospective, and all agreements related thereto.

5.      Except and to the extent paragraph 4 of this Final Order applies, nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Program; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Program; (c) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of any available coverage under the Workers' Compensation Program; or (d) creates a direct right of action against any insurer or the Third-Party Administrator where such right of action does not already exist under non-bankruptcy law.

6.      Nothing herein alters or amends the terms and conditions of any agreements between the Third Party Administrator and the Debtors.

7.      5. The Debtors are authorized, on a final basis, to continue the Non-Insider Severance Program and to make payments, upon consultation with the official committee of unsecured creditors (the "Creditors' Committee"), the official committee of survivors of abuse (the "Tort Claimants' Committee"), and the proposed future claimants' representative (the "FCR") and subject to the terms of this Final Order, on account of such program and other non-insider severance obligations.

8.      6. Nothing in the Motion or this Final Order shall be deemed to authorize the payment of any amount in satisfaction of bonus or severance obligations to insiders subject to section 503(c) of the Bankruptcy Code.

9.      7. Notwithstanding any other provision of this Final Order, nothing in this Final Order shall authorize the Debtors to make any payment to or on behalf of any BSA Employee, Temporary Worker, or Independent Contractor on account of wages and other compensation obligations in excess of the statutory caps set forth in section 507(a)(4) and 507(a)(5) of the Bankruptcy Code, including cash payment of PTO obligations with respect to any terminated

BSA Employees.  For the avoidance of doubt, this Final Order shall have no ~~impact~~effect on: (a) the Debtors' ability to honor the BSA Employees' ordinary course use of PTO days in accordance with the PTO policy, whether accrued prepetition or postpetition, ~~nor shall it affect~~(b) the Debtors' reimbursement of Health Benefit Claims to BSA Employees in excess of the statutory ~~caps~~cap, and (c) the Debtors' ability to honor payments to former BSA Employees pursuant to the Non-Insider Severance Program and other non-insider severance obligations.

10.    The Debtors shall consult with the Creditors' Committee, the Tort Claimants' Committee, and the FCR before materially increasing the costs of any of the programs, policies, or practices related to any of the Compensation and Benefits Programs and those programs otherwise referred to in paragraphs 2–8 of this Final Order, providing at least three (3) business days' advance notice prior to approving any such increase.

11.    The Debtors shall provide a monthly report to advisors to the Creditors' Committee, the Tort Claimants' Committee, and the FCR of the prepetition amounts paid pursuant to this Final Order, which shall include the following terms and conditions: (a) amounts paid by category, as set forth in the Motion; and (b) with respect to payments made pursuant to the Non-Insider Severance Program and other non-insider severance obligations, (i) the title of the claimant paid; (ii) the amount of the payment to such claimant; and (iii) the payment date. Such reports shall be due on the thirtieth (30th) day (or the next business day if such day is not a business day) after the last day of each month.

12.    The Debtors shall provide the Creditors' Committee, the Tort Claimants' Committee, and the FCR at least three (3) business days' advance notice prior to making contributions to the Pension Plan outside of the regular contributions described in the Motion and with such notice provide a report setting forth the amount of any such payments or contribution,

the payment allocation between the Debtors, Related Non-Debtor Entities, and Local Councils, and any actuarial valuation(s), reports, and/or projections supporting the proposed payment.

13.    8.  All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Final Order whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.  The Debtors are authorized to issue postpetition checks, or to effect postpetition wire transfer requests, in replacement of any checks or transfers in respect of the payments authorized to be paid pursuant to this Final Order that are dishonored or rejected.

14.    9.  Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the rights of the Debtors' rights or any party in interest, including the rights of the Creditors' Committee, the Tort Claimants' Committee, and the FCR, to subsequently dispute the validity or priority of any such claim (other than any claim paid pursuant to this Final Order) or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

15. ~~10.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16. ~~11.~~ The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. ~~12.~~ The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2020
       Wilmington, Delaware

                                  _____
                                    THE HON. LAURIE SELBER SILVERSTEIN
                                    UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare 9.5 on Wednesday, March 25, 2020
10:31:50 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WIL-DMS/WILM/13531152/1 |
| Description | #13531152v1<WILM> - BSA - Final EE Wage Order (AS FILED) |
| Document 2 ID | interwovenSite://WIL-DMS/WILM/13615742/1 |
| Description | #13615742v1<WILM> - BSA - Final EE Wage Order (As Filed 3.25.20) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 46 |
| Deletions | 26 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 72 |