## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

<div align="right">Objection Deadline: April 8, 2020 at 4:00 p.m. (ET)<br>Hearing Date: April 15, 2020 at 10:00 a.m. (ET)</div>

**APPLICATION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 328 AND 1103, FED. R. BANKR. P. 2014 AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE TORT CLAIMANTS COMMITTEE EFFECTIVE AS OF MARCH 4, 2020**

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee") appointed in the above-captioned cases (the "Cases") under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), hereby submits this application (the "Application") for the entry of an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel to the Tort Claimants' Committee in connection with the Debtors' cases, *effective as of March 4, 2020*, pursuant to sections 328 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules). In support of the relief sought in the Application, the Tort Claimants' Committee submits the declaration of James I. Stang, a partner of the Firm (the "Stang Declaration"), attached hereto as **Exhibit A** and the declaration

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

of John Humphrey, the Chair of the Tort Claimants' Committee, attached hereto as **Exhibit B**
both of which incorporated herein by reference for all purposes.  In further support of its
Application, the Tort Claimants' Committee respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C.
§§ 157 and 1334 and the Amended Standing Order of Reference from the United States District
Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core
proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the
Committee consents to the entry of a final judgment or order with respect to the Application if it
is determined that the Court, absent consent of the parties, cannot enter final orders or judgments
consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Application is proper in this District
pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 328 and
1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

### Background

4.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their
Chapter 11 Cases (the "Cases") by filing voluntary petitions for relief under Chapter 11 of Title
11, United States Code (the "Code").  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code,
the Debtors continue to operate as debtors in possession.

5.      On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed
the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse.

## Relief Requested

6.      By this Application, the Tort Claimants' Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Tort Claimants' Committee to employ and retain the Firm as its counsel in these Cases.  The Tort Claimants' Committee seeks to retain the Firm effective as of March 4, 2020.

## Services to be Provided

7.      The Tort Claimants' Committee desires to retain PSZ&J, at the expense of the Debtors' estates, to render professional services as required by the Tort Claimants' Committee, including, but not limited to, the following:

a)      assisting, advising and representing the Tort Claimants' Committee in its consultations with the Debtors regarding the administration of these Cases;

b)      assisting, advising and representing the Tort Claimants' Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens or other interests in the Debtors' property and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

c)      reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtors or third parties, advising the Tort Claimants' Committee as to their propriety, and, after consultation with the Tort Claimants' Committee, taking appropriate action;

d)      preparing necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Tort Claimants' Committee;

e)      representing the Tort Claimants' Committee at hearings held before the Court and communicate with the Tort Claimants' Committee regarding the issues raised, as well as the decisions of the Court;

f)      performing all other legal services for the Tort Claimants' Committee which may be necessary and proper in these Cases and any related proceeding(s);

g)      representing the Tort Claimants' Committee in connection with any litigation, disputes or other matters that may arise in connection with these Cases or any related proceeding(s);

h)      assisting, advising and representing the Tort Claimants' Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

i)      assisting, advising and representing the Tort Claimants' Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors or any other relevant parties, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these Cases;

j)      assisting, advising and representing the Tort Claimants' Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

k)      assisting, advising and representing the Tort Claimants' Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

l)      assisting, advising and representing the Tort Claimants' Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Tort Claimants' Committee;

m)      assisting, advising and representing the Tort Claimants' Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

n)      providing such other services to the Tort Claimants' Committee as may be necessary in these Cases or any related proceeding(s).

### Terms of Retention

8.      Subject to Court approval in accordance with section 330(a) of the

Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to

PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges

incurred by PSZ&J. The Firms' current standard hourly rates for professionals and paralegals

are:

(a)      Partners/Counsel      $675.00 to $1,495.00 per hour

| (b) | Associates | \$625.00 to \$725.00 per hour |
| --- | --- | --- |
| (c) | Paralegals | \$395.00 to \$425.00 per hour |

9.      The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  PSZJ has agreed to contribute ten percent (10%) of the total amount of fees it bills in these Cases to the fund established in these Cases to compensate survivors of sexual abuse.

10.     PSZ&J's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses but not including secretarial and other overtime.  PSZ&J will charge the Tort Claimants' Committee for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients, and all amendments and supplemental standing orders of the Court. PSZ&J believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.  The Firm's expense policies are set forth in the Stang Declaration.

11.     During these Cases, individual Tort Claimants' Committee members will incur out of pocket for expenses related to their service as Tort Claimants' Committee members (any such expenses "Committee Members' Expenses").  To alleviate any problems that may arise for Tort Claimants' Committee members on account of any delay in seeking and obtaining

reimbursement for such expenses, PSZ&J proposes to pay such expenses directly or reimburse Tort Claimants' Committee members for any such expenses and then add such expenses to the Firm's invoices in these Cases and it shall seek allowance of such expenses on the same basis as other expenses incurred by the Firm in these Cases.

### No Adverse Interest and Disclosure of Connections

12.    The Tort Claimants' Committee believes that PSZ&J does not hold or represent any interest that is adverse to the Tort Claimants' Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Tort Claimants' Committee, the Debtors, its creditors or any party in interest herein in the matters upon which PSZ&J is to be retained, except as set forth in the Stang Declaration.  Therefore, to the best of the Tort Claimants' Committee's knowledge, PSZ&J is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

13.    The Stang Declaration, executed by James I. Stang, a partner of PSZ&J, and attached as **Exhibit A** to this Application, verifies that neither PSZ&J nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Stang Declaration.

14.    Except as provided in the Stang Declaration, to the best of the Tort Claimants' Committee's knowledge, neither PSZ&J, nor any of its attorneys, hold or represent any interest adverse to the Tort Claimants' Committee or the Debtors' estates in the matters on which they are to be retained.  The Tort Claimants' Committee submits that its proposed employment of PSZ&J is in the best interests of the Tort Claimants' Committee, the Debtors, and its estates and creditors.

15.    To the best of the Tort Claimants' Committee's knowledge, and except as disclosed in the Stang Declaration, PSZ&J has had no other prior connection with the Debtors,

its creditors or any other party in interest. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtors' estates or the Tort Claimants' Committee in the matters upon which it has been and is to be engaged.

16.     PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in Cases or proceedings against creditors of the Debtors that are unrelated to these Cases. However, those matters do not present a conflict in these Cases.

17.     The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtors and these Cases wherein one or more of the firms representing the members of the Tort Claimants' Committee or other parties in interest serve as or will serve as professionals to committee members.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

18.     In accordance with the United States Trustee Guidelines, PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. PSZ&J also intends to make a reasonable effort to comply with the United States Trustee's (the "UST") requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by PSZ&J in these Cases.

19.     PSZ&J intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines both in connection with this Application and the interim and final fee applications to be filed by PSZ&J in the course of its engagement. The Committee understands it is PSZ&J's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted

the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, PSZ&J reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in these Cases that falls within the ambit of the U.S. Trustee Guidelines.

## Notice

20.     Notice of this Application has been given to the U.S. Trustee, proposed counsel to the Debtors, and all parties that filed a notice of appearance in these Cases as of the date hereof.  In light of the nature of the relief requested herein, the Tort Claimants' Committee submits that no other or further notice is required.

## No Prior Request

21.     No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Tort Claimants' Committee requests that this Court enter an order in these Cases substantially in the form attached hereto as **Exhibit C** approving the employment of Pachulski Stang Ziehl & Jones LLP, as counsel to the Tort Claimants' Committee effective as of March 4, 2020 in these Cases, and granting such other and further relief as is just and proper.

Dated:  March 25, 2020

John Humphrey
In his capacity as Chairperson of the Tort Claimants'
Committee