**EXHIBIT B**
**(Declaration of Committee Chair)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

### DECLARATION OF COMMITTEE CHAIR IN SUPPORT OF APPLICATION OF THE TORT CLAIMANTS' COMMITTEE FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 328 AND 1103, AND FED. R. BANKR. P. 2014, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE EFFECTIVE AS OF MARCH 4, 2020

I, John Humphrey, as Committee Chair, declare under penalty of perjury as follows:

　　　　　1.　　　　I am a member of the official committee of survivors of childhood sexual abuse (the "Tort Claimants' Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively the "Debtors"). I have been selected as the Chair of the Tort Claimants' Committee and am authorized to submit this declaration (the "Declaration") in support of the *Application Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Tort Claimants' Committee Effective as of March 4, 2020* (the "Application").[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

DOCS_DE:227698.6 85353/001

2. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Tort Claimants' Committee on March 4, 2020, and I was subsequently elected as Chair of the Committee.

3. Under the Bylaws of the Tort Claimants Committee (the "Bylaws"), the Chair of the Tort Claimants' Committee, by and through its representatives, has the authority to sign documents on behalf of, and to bind the Tort Claimants' Committee as appropriate to implement decisions of the Tort Claimants' Committee made in accordance with the Bylaws.

A. **The selection of PSZ&J to serve as counsel to the Tort Claimants' Committee**

4. The Tort Claimants' Committee interviewed two law firms for the position of its counsel in the Cases on March 4, 2020. In connection with the interviews, the Tort Claimants' Committee evaluated the breadth of each firm's experience and particular areas of expertise, the firm's prior history of representing committees in chapter 11 cases, and the anticipated attorneys' fees to be billed in connection with this case. At the conclusion of the interviews, the Tort Claimants' Committee selected PSZ&J as its counsel in the Cases subject to court approval.

5. The Tort Claimants' Committee selected PSZ&J as its counsel because of the Firm's extensive experience and knowledge representing Tort Claimants' in Chapter 11 Cases and its expertise and experience representing creditors' committees before this Court.

6. I have read and am familiar with the contents of the Application.

7. This Declaration is provided pursuant to ¶ D.2 of the Appendix B Guidelines. I am informed by proposed Committee counsel that the Appendix B Guidelines

request that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

> (a) The identity and position of the person making the verification.
>
> (b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.
>
> (c) The number of firms the client interviewed.
>
> (d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, then the circumstances warranting the retention of that firm.
>
> (e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

B. **Steps Taken to Ensure Comparability of Engagement Terms**

8. PSZ&J has informed the Tort Claimants' Committee that its current hourly rates are its standard hourly rates for work of this nature. PSZ&J further informed the Tort Claimants' Committee that it operates in a national and regional marketplace for legal services in which rates are driven by multiple factors related to the individual lawyer, his or her area of specialty, the Firm's expertise, performance and reputation, the nature of the work involved, and other factors. PSZ&J further informed the Tort Claimants' Committee that its hourly rates are subject to periodic adjustments to reflect economic and other conditions. PSZ&J confirmed that, while its billing rates vary from attorney to attorney based on such facts as the attorney's seniority and position with the Firm (*e.g.*, partner, counsel, or associate), years of

experience, and the demand for services in the attorney's particular area of expertise, the billing rates quoted to the Tort Claimants' Committee are PSZ&J's customary billing rates for representations of this type. The Tort Claimants' Committee has been informed that PSZJ intends to contribute ten percent (10%) of the total amount of fees it bills in these Cases to the fund established in these Cases to compensate survivors of sexual abuse.

9. The Tort Claimants' Committee will review any prospective budget and staffing plan for the Committee's professionals recognizing that in the course of large cases like these Cases, it is possible and in fact may be likely that there may be a number of unforeseen fees and expenses that will need to be addressed by the Tort Claimants' Committee and its counsel and that the budget and staffing plans may need to be amended and modified.

C. **Procedures Established to Supervise Fees and Expenses and Manage Costs**

10. The Tort Claimants' Committee recognizes that it is its responsibility to review the billing practices of its counsel to ensure that the fees and expenses paid by the Debtors' estates remain consistent with the Tort Claimants' Committee's expectations and the exigencies of the Cases.

11. The Tort Claimants' Committee will review the invoices that PSZ&J submits. The Committee will approve any prospective budget and staffing plan that may be filed by PSZJ prior to it being filed, recognizing that, in the course of a large chapter 11 case like these Cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Tort Claimants' Committee and PSZJ. The Tort Claimants' Committee will continue to review the invoices that PSZJ regularly submits, and, together with PSZJ, periodically amend any budget and staffing plans, as the case develops.

12. The Tort Claimants' Committee further understands that PSZ&J's fees and expenses (a) will be subject to review, comment, possible objections by parties in interest, and Court approval upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, the Local Rules, the U.S. Trustee Guidelines, and any orders of the Court respecting compensation of professionals, and (b) will be subject to periodic review on an interim and final basis during the course of these Cases by the U.S. Trustee and the Debtor, as well as by the Tort Claimants' Committee.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 22nd, 2020

Respectfully submitted,

**The Tort Claimants' Committee**

By: _____
John Humphrey
In his capacity as Chairperson of the
Tort Claimants' Committee