**EXHIBIT C**
**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket No. _____** |

**ORDER AUTHORIZING AND
APPROVING THE RETENTION OF PACHULSKI
STANG ZIEHL & JONES LLP AS COUNSEL TO THE ADDITIONAL
TORT CLAIMANTS' COMMITTEE EFFECTIVE AS OF MARCH 4, 2020**

Upon the Application of the official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee") for entry of an Order Pursuant to 11 U.S.C. §§ 328 and 1103, and Fed. R. Bankr. P. 2014, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Tort Claimants' Committee *Effective as of March 4, 2020* (the "Application");[2] and upon the Declarations of James I. Stang and the Chair Person as of the Tort Claimants' Committee filed in support of the Application (the "Declarations"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Tort Claimants' Committee, the Debtors and other parties in interest; and the Tort Claimants' Committee having provided adequate and appropriate

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor; and it appearing to the Court that the said Application should be approved.

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Tort Claimants' Committee is hereby authorized to retain and employ PSZ&J as counsel to the Tort Claimants' Committee pursuant to sections 328 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014 *effective as of March 4, 2020*.

3. PSZ&J may pay any Committee Members' Expenses directly or reimburse Tort Claimants' Committee members for any Committee Members' Expenses.  PSZ&J may add such Committee Members' Expenses to the Firm's invoices in these Cases.  Such Committee Members' Expenses shall be allowable to the Firm on the same basis as other expenses incurred by the Firm in these Cases.

4. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court.

5. PSZ&J also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by attorneys in larger chapter 11 cases effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by PSZ&J in these Cases.

6. PSZ&J is authorized to render professional services to the Tort Claimants' Committee as described in the Application.

7. The Tort Claimants' Committee and PSZ&J are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.