**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

Objection Deadline: April 8, 2020 at 4:00 p.m. (ET)
Hearing Date: April 15, 2020 at 10:00 a.m. (ET)

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC,**
**AS FINANCIAL ADVISOR TO THE OFFICIAL TORT CLAIMANTS'**
**COMMITTEE EFFECTIVE AS OF MARCH 6, 2020**

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee") appointed in the above captioned cases, hereby submits this application (the "Application") for the entry of an order pursuant to Sections 328(a), 330 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment of Berkeley Research Group, LLC ("BRG"), as financial advisor to the Tort Claimants' Committee, effective as of March 6, 2020. In support of the relief sought in the Application, the Tort Claimants' Committee submits the Declaration of Marvin A. Tenenbaum, Senior Vice President and Senior Counsel of BRG (the "Tenebaum Declaration") attached hereto as **Exhibit A** and incorporated herein by reference for all purposes. In further support of this Application the Tort Claimants' Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

*Court for the District of Delaware*, dated as of February 29, 2012.  This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1(f),

the Tort Claimant's Committee consents to the entry of a final judgment or order with respect to the

Application if it is determined that the Court, absent consent of the parties, cannot enter final

orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Application is proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 328(a), 330

and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

**Background**

4.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 Cases (the "Cases") by filing voluntary petitions for relief under Chapter 11 of Title

11, United States Code (the "Code").  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code,

the Debtors continue to operate as debtors in possession.

5.      On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed

the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse.

6.      On March 6, 2020, the Tort Claimants' Committee selected BRG to serve

as its financial advisor.  The Tort Claimants' Committee has also selected Pachulski Stang Ziehl

& Jones LLP ("PSZ&J") to serve as its counsel.

## Relief Requested

7.      By this Application, the Tort Claimants' Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Tort Claimants' Committee to employ and retain BRG as its financial advisor in these Cases.

8.      Immediately upon its selection, BRG commenced work on several time-sensitive matters and promptly devoted substantial resources to these Cases pending submission and approval of this Application.  In order to allow BRG to be compensated for work performed prior to and after the submission of this Application, the Tort Claimants' Committee seeks to retain BRG effective as of March 6, 2020.

## Services to be Provided

9.      The Tort Claimants' Committee desires to retain BRG, at the expense of the Debtors' estates, to render professional services as required by the Tort Claimants' Committee, including, but not limited to, the following:

a. assisting the Tort Claimants' Committee in investigating the assets, liabilities and financial condition of the Debtors' or the Debtors' operations and the desirability of the continuance of any portion of those operations, including a review of any donor restrictions on the Debtors' assets;

b. assisting the Tort Claimants' Committee in the review of financial related disclosures required by the Court and/or Bankruptcy Code, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

c. analyzing the Debtors' accounting reports and financial statements to assess the reasonableness of the Debtors' financial disclosures;

d. providing forensic accounting and investigations with respect to transfers of the Debtors' assets and recovery of property of the estate;

e. assisting the Tort Claimants' Committee in evaluating the Debtors' ownership interests of property alleged to be held in trust by the Debtors for the benefit of third parties and/or property alleged to be owned by non-debtor entities;

f. assisting the Tort Claimants' Committee in reviewing and evaluating any proposed asset sales and / or and other asset dispositions;

g. assisting the Tort Claimants' Committee in the evaluation of the Debtors' organizational structure, including its relationship with the related  non-debtor organizations and local councils that may hold or have received property of the estate;

h. assisting the Tort Claimants' Committee in evaluating the Debtors' cash management system, including unrestricted and restricted funds, the Commingled Endowment Fund LP, and similar pooled income or investment funds;

i. assisting the Tort Claimants' Committee in the review of financial information that the Debtors may distribute to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analyses, analyses of various asset and liability accounts, and analyses of proposed transactions for which Court approval is sought;

j. attendance at meetings and assistance in discussions with the Debtors, the Tort Claimants' Committee, the U.S. Trustee, and other parties in interest and professionals hired by the above-noted parties as requested;

k. assisting in the review and/or preparation of information and analyses necessary for the confirmation of a plan, or for the objection to any plan filed in this Case which the Tort Claimants' Committee opposes;

l. assisting the Tort Claimants' Committee with the evaluation and analysis of claims, and on any litigation matters, including, but not limited to, avoidance actions for fraudulent conveyances and preferential transfers, and declaratory relief actions concerning the property of the Debtors' estates;

m. analyzing the flow of funds in and out of accounts the Debtors contends contain assets held in trust for others, to determine whether the funds were commingled with non-trust funds and lost their character as trust funds, under applicable legal and accounting principles.

n. assisting the Tort Claimants' Committee with respect to any adversary proceedings that may be filed in the Debtors' Case and providing such other services to the Tort Claimants' Committee as may be necessary in this Case.

In addition to services related to these areas, BRG understands that it may be

requested to render other services and to participate in meetings and discussions with the Tort

Claimants' Committee, the Debtors and other parties-in-interest and their respective professionals.

10. BRG will coordinate all tasks with counsel to achieve case efficiencies and avoid duplication of efforts. The Tort Claimants' Committee believes it is necessary to employ BRG as its financial advisor to render the foregoing professional services. In light of BRG's substantial experience and expertise and the complex nature of the Debtors' business and financial affairs, the Tort Claimants' Committee believes that BRG is well qualified to advise I in these Cases.

11. The Committee is familiar with the professional standing and reputation of BRG and understands and recognizes that BRG's professionals have a wealth of experience in providing financial advisory services in restructurings and reorganizations, and have an excellent reputation for services they have rendered in chapter 11 cases on behalf of debtors, creditors, trustees, examiners and other parties in interest throughout the United States. Moreover, the Committee is aware that the principal BRG advisors who will be working on this Case have prior experience in other not-for-profit cases with similar complex issues (including a number diocesan or religious order bankruptcy cases), including appointment as (i) the accountant and consultants for the bankruptcy court's expert appointed pursuant to Federal Rule of Evidence 706 in *In re The Roman Catholic Bishop of San Diego* (Bankr. S.D. Cal., Case No. 07-00939-LA11) (the "San Diego Case") and (ii) financial advisor to the official committees of unsecured creditors in *In re Society of Jesus, Oregon Province* (Bankr. D. Or., Case No. 09-30938-elp11), *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. Del., Case No. 09-13560 (CSS)) (the "Wilmington Case"), *In re Archdiocese of Milwaukee* (Bankr. E.D. Wis., Case No. 11-20059-

svk)[2]; *In re The Christian Brothers' Institute* (Bankr. S.D.N.Y., Case No. 11-22820-rdd), *In re*

*The Roman Catholic Bishop of Stockton*, (Bankr. E.D. Cal., Case No. 14-20371-C-11) and *In re*

*Roman Catholic Bishop of Great Falls* (Bankr D. Mon., Case No. 17-60271-11).  R. Todd

Neilson, a member of BRG, was appointed as the court's expert in the San Diego Case to, among

other things, examine the debtor's financial condition.  In June 2010, Mr. Neilson, testified as an

expert witness on behalf of the creditors' committee in an adversary proceeding brought in the

Wilmington Case.  The committee in the Wilmington Case prevailed on its claim that more than

$100 million held in trust in the Catholic diocese's investment account was property of the

estate.  *See Official Committee of Unsecured Creditors v. Catholic Diocese of Wilmington* (*In re*

*Catholic Diocese of Wilmington, Inc.)*, 432 B.R. 135 (Bankr. Del. 2010).

   12. Notwithstanding anything in this Application to the contrary, BRG shall

(i) to the extent that is uses the services of independent contractors or subcontractors (the

"Contractors") in these Cases, pass-through the costs of Contractors to the Debtors at the same

rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure

that the Contractors are subject to the same conflict checks and compensation procedures as

required for BRG; and (iv) file with the Court such disclosures as required by Bankruptcy Rule

2014.

   13. In an abundance of caution, BRG has disclosed that R. Todd Neilson, one

of the proposed BRG professionals that will be working on this engagement, is an exclusive

independent contractor and Managing Director of BRG , and a member of Berkeley Research

Group Holdings, LLC (BRG's parent entity), and, therefore, qualifies as a "member, partner, or

regular associate in a professional association, corporation or partnership" under Bankruptcy

---

[2] During certain of these engagements, the principal BRG advisors were employees of LECG, LLC.  Effective on or about March 1, 2011, this group of advisors transferred its practice from LECG, LLC to BRG.

Code Section 504(b)(1), meeting the standard for the exception regarding the sharing of compensation.

## **Terms of Retention**

14.     BRG has advised the Tort Claimants' Committee that it intends to charge its standard hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG.  The professional fees shall be calculated by multiplying the hours worked by the standard hourly billing rates in effect for specific personnel involved. The hourly rates charged by BRG for services provided by its personnel differ based upon, among other things, each professional's level off experience  and types of services being provided.  In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

15.     BRG has advised the Tort Claimants Committee that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). BRG has also advised the Tort Claimants' Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in these Cases.  BRG's compensation for services rendered on behalf of the Tort Claimants' Committee shall be fixed by the Court after due application.

16.     For professional services, fees are based on BRG's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who

provide services to the Tort Claimants' Committee.  The current standard hourly rates for BRG

personnel that will work on this engagement are as follows:

| Position | 2020 Hourly Rates |
|---|---|
| Managing Director | $680 - $1,095 |
| Director & Senior Professional Staff | $500 - $680 |
| Junior Professional Staff | $235 - $500 |
| Support Staff | $115 - $235 |

These standard hourly rates are subject to periodic adjustment, which shall be noted on the

invoices for the first time period in which the revised dates become effective.  The standard

hourly rates for BRG professionals and exclusive independent contractor anticipated to be

assigned this engagement are as follows:  R. Todd Neilson ($850), Matthew Babcock ($625),

and Ray Strong ($680). BRG will use its best efforts to staff and supervise the engagement with

appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above;

however, there may be requirements and circumstances of the case that require specialized

expertise or time sensitive assignments where certain personnel may be required at the higher-

end of the stated range.

   17. Consistent with BRG's policy with respect to its other clients, BRG will

charge for all services provided and for other charges and disbursements incurred in rendering

services to the Tort Claimants' Committee.  These customary items include, among other things,

travel and lodging expenses, business meals, costs of reproduction, research, communications,

legal counsel costs, applicable sales or excise taxes and other direct expenses.  Internal costs or

overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately.

18.    BRG has acknowledged that the Tort Claimants' Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to BRG.

### No Adverse Interest and Disclosure of Connections

19.    To the best of the Tort Claimant's Committee's knowledge and based upon and subject to the disclosures made in the Tenebaum Declaration, the Tort Claimants' Committee believes that BRG does not hold or represent any interest that is adverse to the Tort Claimants' Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Tort Claimants' Committee, the Debtors, its creditors or any party in interest herein in the matters upon which BRG is to be retained, except as set forth in the Tenebaum Declaration.  Therefore, to the best of the Tort Claimants' Committee's knowledge, BRG is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20.    The Tenebaum Declaration, attached as **Exhibit A** to this Application, verifies that neither BRG nor any of its professionals has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Tenebaum Declaration.

21.    The Tort Claimants' Committee submits that its proposed employment of BRG is in the best interests of the Tort Claimants' Committee, the Debtors, and its estates and creditors.

22.    BRG may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Cases.  However, those matters do not present a conflict in these Cases.

23.     BRG has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtors and these Cases wherein one or more of the firms representing the members of the Tort Claimants' Committee or other parties in interest serve as or will serve as professionals to committee members.

### Notice

24.     Notice of this Application has been given to the U.S. Trustee, proposed counsel to the Debtors, and all parties that filed a notice of appearance in these Cases as of the date hereof.  In light of the nature of the relief requested herein, the Tort Claimants' Committee submits that no other or further notice is required.

### No Prior Request

25.     No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Tort Claimants' Committee requests that this Court enter an order in these Cases substantially in the form attached hereto as **Exhibit B** approving the employment of BRG, as financial advisor to the Tort Claimants' Committee effective as of March 6, 2020 in these Cases, and granting such other and further relief as is just and proper.

Dated:  March 22nd, 2020

_____
John Humphrey
In his capacity as Chairperson of the Tort Claimants'
Committee