**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 208 |

**SUPPLEMENTAL DECLARATION OF ELIZABETH HANKE IN SUPPORT OF
THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KCIC, LLC AS INSURANCE
AND VALUATION CONSULTANT FOR THE DEBTORS AND DEBTORS
IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Elizabeth Hanke, being duly sworn, state the following under penalty of perjury:

1.     I am a Vice President at KCIC, LLC ("KCIC"). I am duly authorized to submit this supplemental declaration on behalf of KCIC (this "Supplemental Declaration") in support of the application (the "Application")[2] of the Debtors for entry of an order authorizing the retention and employment of KCIC as insurance and valuation consultant, *nunc pro tunc* to the Petition Date [Docket No. 208], and to provide additional information supplementing the *Declaration of Elizabeth Hanke in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of KCIC, LLC as Insurance and Valuation Consultant for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [Docket No. 208, Ex. C] (the "Initial Hanke Declaration").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

1

2.      Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge, information supplied to me by other KCIC professionals, or learned from my review of relevant documents.

3.      As stated in the Initial Hanke Declaration, two employees of Gilbert LLP ("Gilbert") performed certain human resources-related administrative services for KCIC until March 1, 2020. These services were unrelated to the Debtors or these chapter 11 cases. To provide further clarification, these two employees' duties were entirely related to human resources activities such as (i) the administration of health, disability, and other employee benefit programs; (ii) coordination with retirement savings plan providers; (iii) management of related payroll deductions and contributions; and (iv) management of payroll through coordination with ADP. These Gilbert employees only had access to KCIC's employment-related data, and used an internet-based electronic payroll and benefits system entirely separate from KCIC's proprietary systems that would contain client data used by KCIC. Accordingly, these Gilbert employees did not have access to any KCIC client data through the human resources services they provided. As of March 1, 2020, KCIC no longer utilizes any human resources or administrative services provided by the Gilbert employees.

4.      In the Initial Hanke Declaration, I stated that Gilbert previously held an ownership interest in Kenesis Management Co. (Initial Hanke Declaration, ¶ 18.) In fact, Gilbert previously held an ownership interest in Kenesis Group, LLP ("Kenesis Group"), not Kenesis Management Co. Gilbert's ownership interest in Kenesis Group ended as of July 1, 2004.

5.      As further background, each of KCIC, Kenesis Management, LLC, and Kenesis Group are currently wholly-owned direct subsidiaries of Kenesis Holdings, LLC ("Kenesis

Holdings"). Kenesis Holdings, Kenesis Management, and KCIC were formed on June 29, 2006. Moreover, Kenesis Group was employed in a number of bankruptcies between 2002 and 2007 involving mass tort claims, including *In re Combustion Engineering*, *In re Babcock & Wilcox*, *In re C.E. Thurston & Sons*, *In re AC&S, Inc.*, *In re Federal Mogul Global Inc.*, and *In re Burn & Roe Enterprises Inc.* In connection with certain of these bankruptcy cases, in 2006 Kenesis Group and the Office of the United States Trustee (the "U.S. Trustee") reached a Master Settlement Agreement concerning certain retention objections raised by the U.S. Trustee with respect to Kenesis Group, which settlement provided, *inter alia*, that Kenesis Group would seek retention as a professional under section 327(a) of the Bankruptcy Code in future cases in the Third Circuit. As explained in paragraph 4 above, Kenesis Group is a separate entity currently owned by KCIC's parent company Kenesis Holdings.

6. If any new material relevant facts or relationships are discovered or arise that require disclosure, KCIC will promptly file a supplemental declaration with the Court pursuant to Bankruptcy Rule 2014. KCIC reserves the right to further supplement this Supplemental Declaration in the event that KCIC discovers any facts bearing on matters described in this Supplemental Declaration or the Initial Hanke Declaration regarding KCIC's employment by the Debtors.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 30, 2020　　　　　　　　　　　　*/s/ Elizabeth Hanke*_____
　　　Wilmington, Delaware　　　　　　　　　Elizabeth Hanke
　　　　　　　　　　　　　　　　　　　　　Vice President
　　　　　　　　　　　　　　　　　　　　　KCIC, LLC