**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: April 15, 2020 at 10:00 a.m. (ET)<br>Objection Deadline: April 8, 2020 at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT PROFESSIONAL SERVICES AGREEMENT WITH PEARSON EDUCATION, INC. AND (II) GRANTING RELATED RELIEF

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to reject, effective as of April 17, 2020 (the "Rejection Date"), that certain Professional Services Agreement by and between Pearson Education, Inc. ("Pearson") and the BSA, dated as of September 1, 2016 (the "Agreement") and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASES AND JURISDICTION

1.     On February 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Court for the District of Delaware (the "Court"). The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

2.On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "UCC") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

3.The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended *Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.The statutory and other bases for the relief requested herein are section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND OF THE DEBTORS

6. The BSA is a federally chartered non-profit corporation under title 36 of the United States Code. The BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. Founded in 1910 and chartered by an act of Congress in 1916, the BSA is one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 2.2 million registered youth participants and approximately 800,000 adult volunteers. As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission. The BSA's mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law,[2] encouraging them to be trustworthy, kind, friendly and helpful, while also training youth in responsible citizenship, skills development and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations. Delaware BSA, LLC is a non-profit limited liability company incorporated under the laws of Delaware and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. The BSA is the sole member of Delaware BSA, LLC.

7. Additional information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

---

[2] **Scout Oath**: "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight." **Scout Law**: "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."

**PROFESSIONAL SERVICES AGREEMENT**

8.  On September 1, 2016, the BSA and Pearson entered into the Agreement, under which Pearson provides editorial and creative services, certain technology platforms, and related services (collectively, the "Services").  The Services provided by Pearson relate to the BSA's publishing and communications channels, including marketing communications, program materials, saleable literature, internal business materials, and electronic communications including websites and mobile applications.  To administer the Services, the Agreement requires Pearson to provide certain personnel to the BSA.  The BSA, in turn, provides these Pearson personnel with working space at the BSA's facilities.  In exchange for the Services, the BSA pays and reimburses Pearson for certain fees and expenses on the terms set forth in the Agreement.

9.  In connection with the commencement of their reorganization proceedings, the Debtors are undertaking a strategic review of their contractual obligations.  Through this analysis, it has become clear that the terms of the Agreement do not align with the Debtors' ongoing strategic plans and will provide no significant value to the Debtors' estates going forward.  Accordingly, the Debtors have made the determination to reject the Agreement.

**RELIEF REQUESTED**

10.  By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to reject the Agreement, effective as of the Rejection Date,[3] and (ii) granting certain related relief.

---

[3] The BSA and Pearson have agreed to wind down the Services as of the Rejection Date, which coincides with the end of the business week.

**BASIS FOR RELIEF**

11.     An executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." Enter. Energy Corp. v. United States (In re Columbia Gas Sys.), 50 F.3d 233, 239 (3d Cir. 1995) (quoting Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir. 1989)); In re Safety-Kleen Corp., 410 B.R. 164, 167 (Bankr. D. Del. 2009). The BSA and Pearson each have unperformed obligations under the Agreement, and the failure of either party to complete performance would constitute a material breach of the Agreement. Accordingly, the Agreement is executory and may be rejected.

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). By rejecting an executory contract, a debtor may be relieved of burdensome future obligations while it is trying to recover financially. See, e.g., In re Onecast Media, Inc., 439 F.3d 558, 563 (9th Cir. 2006); In re Gen. Dev. Corp., 84 F.3d 1364, 1375 (11th Cir. 1996). The decision to assume or reject an executory contract is committed to the business judgment of the debtor. In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982) (recognizing that the traditional "business judgment" standard applies to the rejection of executory contracts), aff'd, 465 U.S. 513 (1984); accord In re Federal Mogul Global, Inc., 293 B.R. 124, 126 (D. Del. 2003) (citing Bildisco). Indeed, "the sole issue is whether the rejection benefits the estate." In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003).

13.     The business judgment test is satisfied, and rejection of an executory contract is appropriate, when such rejection is likely to benefit the debtor's estate. See, e.g., In re Orion Pictures Corp., 4 F.3d 1095, 1098–99 (2d Cir. 1993); In re Surfside Resort & Suites, Inc., 325

5

B.R. 465, 469 (Bankr. M.D. Fla. 2005). A debtor's decision to reject an executory contract is entitled to significant deference and should be "summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) accord HQ Global Holdings, 290 B.R. at 511 (same); In re Pomona Valley Med. Grp., 476 F.3d 665, 670 (9th Cir. 2007) (same); In re G. Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (same). In evaluating a debtor's decision to reject an executory contract, "the bankruptcy court should presume that the [debtor] acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." Pomona Valley, 476 F.3d at 670.

14. Here, the Debtors' determination to reject the Agreement is supported by a valid business purpose and is in the best interests of the Debtors' estates and creditors. The Debtors have determined that the Agreement does not provide significant value to the Debtors and is inconsistent with the Debtors' reorganization strategy. In particular, the Debtors have determined that the BSA's own employees can provide the types of services that Pearson currently provides under the Agreement, which would result in substantial savings to the Debtors' estates. The Agreement also provides for Pearson to provide copywriting service, which the Debtors have been unable to successfully utilize. For these reasons, among others, the Debtors have determined, in the exercise of their reasonable business judgment, that it is in the best interests of the Debtors, their estates, and creditors to reject the Agreement.

## RESERVATION OF RIGHTS

15. Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type

specified or defined in this Motion or the Proposed Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## NOTICE

16. Notice of this Motion will be provided to: (i) counsel to Pearson; (ii) the U.S. Trustee; (iii) proposed counsel to the UCC; (iv) proposed counsel to the Tort Claimants' Committee; (v) counsel to the proposed Future Claimants' Representative; (vi) counsel to the Ad Hoc Committee of Local Councils; (vii) counsel to JPMorgan Chase Bank National Association; (viii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: March 31, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>           aremming@mnat.com<br>           jbarsalona@mnat.com<br>           emoats@mnat.com<br>           ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>           mandolina@sidley.com<br>           mlinder@sidley.com<br><br>PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION |