**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

Objection Deadline: April 8, 2020, at 4:00 p.m. (ET)
Hearing Date: April 15, 2020 at 10:00 a.m. (ET)

**MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR AN ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee") appointed in the above-captioned cases (the "Cases") under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") hereby moves this Court (the "Motion") for the entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Tort Claimants' Committee to provide access to confidential or privileged information to creditors. In support of the Motion, the Tort Claimants' Committee respectfully states as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 107(b), and 1102 of the Bankruptcy Code.

## BACKGROUND

4. On February 18, 2020 (the "Petition Date"), the Debtors commenced these Cases by filing voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession. No trustee or examiner has been appointed in these cases.

5. On March 4, 2020, the United States Trustee (the "U.S. Trustee") formed the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse.

## RELIEF REQUESTED

6. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

7. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee (the

"Confidential Information").[2] Creditors' committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, claims against the debtor's estates, the relationships between the debtor and non-debtor entities, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan. Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor.

8.  Here, the Tort Claimants' Committee expects the Debtors and other parties to provide Confidential Information which may be confidential under section 107 of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules and applicable state or federal law.

9.  In this case, absent appropriate protections, the Debtors and other parties might be unwilling or unable to voluntarily share Confidential Information with the Tort Claimants' Committee without the benefit of knowing how such Information will be handled, thereby impeding the Tort Claimants' Committee's ability to function effectively.[3] As such, given the importance of the issue, the Tort Claimants' Committee seeks an order of the Court

---

[2] For purposes of this Motion, the term "Confidential Information" includes any information designated as such under any confidentiality agreement or protective order that may be agreed upon or entered in these Cases, as well as non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral, regardless of how transmitted, concerning, among other things, the Debtors' financial condition or performance, the Debtors' business operations, the valuation of the Debtors and/or their assets, the sale of the Debtors' assets, claims against the Debtors' estates, and the relationship of the Debtors to non-debtor entities such as the Local Councils, as well as derivations, summaries, and analyses of the same.

[3] The Debtors, the Tort Claimants' Committee, and the Unsecured Creditors Committee are currently negotiating the terms of a form of Protective Order intended to govern the treatment of Confidential Information. If the parties are unable to reach an agreement, judicial relief may be requested. There is little doubt, however, that some form of confidentiality agreement or protective order will be agreed upon or entered thereby necessitating this Motion.

3

clarifying the requirement of the Tort Claimants' Committee to provide access to information to exclude Confidential Information.

10. Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege or doctrine). Such a reading of the statute raises the question of whether the Tort Claimants' Committee could be required to disclose another party's or its own privileged information (collectively, the "Privileged Information").[4] Clearly, any obligation to disseminate Privileged Information could severely impact Tort Claimants' Committee counsel's ability to effectively communicate with and advise the Tort Claimants' Committee. Thus, the Tort Claimants' Committee seeks an order clarifying that the Tort Claimants' Committee has no obligation under section 1102 to provide access to any Privileged Information.

11. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather than the strict language, controls." *Id*. at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

12. The Tort Claimants' Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the

---

[4] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client privilege, the attorney work-product doctrine, the joint or common interest privilege, or any other applicable law, rule or immunity that allows a party, including the Tort Claimants' Committee, to protect information from disclosure.

information to be provided.  In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable).  *See* 17 C.F.R. §§ 243.100 to 243.103 (2005).

13. The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3).  *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.  In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports and disclosures available to them.").  As such, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress intended to require committees to disclose confidential information pursuant to section 1102(b)(3).  The Bankruptcy Code and Bankruptcy Rules show that Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee develops or receives from another party.  Otherwise, section 1102(b)(3) would frustrate other provisions of the Bankruptcy Code and Bankruptcy Rules, such as section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018.

14. Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information."  The language of section 107(b)(1) is mandatory, not permissive.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*,

5

21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).

15. That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Confidential Information and all Privileged Information from disclosure to general creditors.

16. In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority.

17. The relief sought by the Tort Claimants' Committee is not only for the benefit of the Debtors and the Tort Claimants' Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Tort Claimants' Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach the confidentiality provisions in its bylaws. A creditors' committee cannot be put in a position of either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtors and potentially other parties.

18. Finally, the risk to the Tort Claimants' Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems. If the Tort Claimants' Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege at that time, the entire purpose of such privilege would be eviscerated, and both the Debtors and the Tort Claimants' Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

19. Accordingly, bankruptcy courts that have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g.*, *In re Sports Authority Holdings, Inc.*, Case No. 16-10527 (MFW) (Bankr. D. Del. Apr. 26, 2016); *In re Haggen Holdings*, Case No. 15-11874 (KG) (Bankr. D. Del. November 10, 2015); *In re Namco, LLC*, Case No. 13-10610 (PJW) (Bankr. D. Del. May 22, 2013); *In re Tri-Valley Corporation*, Case No. 12-12291 (MFW) (Bankr. D. Del. Oct. 17, 2012); *In re Contract Research Solutions Inc.*, Case No. 12-11004 (KJC) (Bankr. D. Del. June 6, 2012); *In re Coach America Holdings, Inc.*, Case No. 12-10010 (KG) (Bankr. D. Del. March 15, 2012); *In re SSI Group Holding Corp.*, Case No. 11-12917 (MFW) (Bankr. D. Del. Nov. 28, 2011); *In re Consolidated Horticulture Group, LLC*, Case No. 10-13308 (CSS) (Bankr. D. Del. Nov. 17, 2010); *In re Point Blank Solutions, Inc.*, Case No. 10-11255 (PJW) (Bankr. D. Del. May 12, 2010).

20. In order to carry out its statutory reporting obligations in an orderly manner, the Tort Claimants' Committee proposes the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

    a. Privileged and Confidential Information. The Tort Claimants' Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Tort Claimants' Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Tort Claimants' Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

    b. Information Obtained Through Discovery. Any information received (formally or informally) by the Tort Claimants' Committee from any Entity in connection with informal discovery, an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Tort Claimants' Committee to provide any information that the Tort Claimants' Committee obtains from the Debtors or third parties.

    c. Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request to the Tort Claimants' Committee (the "Information Request") for the Tort Claimants' Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Tort Claimants' Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Tort Claimants' Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because

8

such information was obtained by the Tort Claimants' Committee pursuant to an agreement or order to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Tort Claimants' Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Tort Claimants' Committee objecting to such request) that the Tort Claimants' Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Tort Claimants' Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an <u>in camera</u> review.

21. The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Tort Claimants' Committee, and affected creditors.

22. The potential disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtors but will likely cause serious harm to the Debtors' estates. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the estates, the Tort Claimants' Committee respectfully requests that the relief herein be granted.

## **CONCLUSION**

WHEREFORE, the Tort Claimants' Committee respectfully requests that this Court enter an order granting the relief requested therein, and such other and further relief as this Court deems appropriate.

DOCS_LA:328509.2 85353/002

Dated: April 1, 2020          PACHULSKI STANG ZIEHL & JONES LLP

       */s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
Ilan D. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail: jstang@pszjlaw.com
        rorgel@pszjlaw.com
        joneill@pszjlaw.com
        jlucas@pszjlaw.com
        ischarf@pszjlaw.com

*Proposed Counsel for the Tort Claimants' Committee*