# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 208 & 312 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KCIC, LLC AS INSURANCE AND VALUATION CONSULTANT FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, (i) authorizing the Debtors to retain and employ KCIC as insurance and valuation consultant, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions of the Retention Agreement, and (ii) approving the terms of KCIC's retention and employment, including the fee and expense structure, reimbursements, and related provisions set forth in the Retention Agreement; and upon consideration of the Hanke Declaration; and the Court being satisfied, based on the representations made in the Application and the Hanke Declaration, that KCIC is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having jurisdiction

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-2, the Debtors are authorized to retain and employ KCIC as insurance and valuation consultant to the Debtors, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Application.

3. The terms of the Retention Agreement, including without limitation, the fee and expense structure, are approved, as modified herein.

4. Notwithstanding anything in the Application or the Declarations to the contrary and after reconciliation of any unpaid prepetition fees and expenses with the retainer held by KCIC, KCIC shall apply any remaining amounts of the retainer toward postpetition fees and expenses after such postpetition fees and expenses are allowed against the Debtors' estates, including pursuant to any interim compensation procedures approved by the Court, until the

remaining amount of such retainer is exhausted.  No additional retainer amounts shall be paid to KCIC postpetition.

5.KCIC shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  KCIC shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by KCIC in these chapter 11 cases.

6.Notwithstanding any provision in the Retention Agreement to the contrary, the Court shall have exclusive jurisdiction over the KCIC engagement during the pendency of these chapter 11 cases, and any mandatory arbitration provisions in the Retention Agreement or other retention documents shall not apply during these chapter 11 cases.

7.To the extent that there is any inconsistency between this Order and the Retention Agreement or the Application, the provisions of this Order shall govern.

8.The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 6th, 2020**
**Wilmington, Delaware**

**UNITED STATES BANKRUPTCY JUDGE**

3