# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 207 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BATES WHITE, LLC ABUSE CLAIMS CONSULTANT FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") for entry of an order (this "Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (i) authorizing the Debtors to retain and employ Bates White, LLC ("Bates White") as their abuse claims consultant and advisor, *nunc pro tunc* to the Petition Date pursuant to the terms and conditions of the Engagement Letter, (ii) approving the terms of Bates White's retention and employment, including the fee and expense structure, reimbursements, and related provisions set forth in the Engagement Letter, and (iii) granting related relief; and upon consideration of the Evans Declaration; and the Court being satisfied, based on the representations made in the Application and the Evans Declaration, that Bates White is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, the Debtors are authorized to retain and employ Bates White as their abuse claims consultant, *nunc pro tunc* to the Petition Date.

3. The terms of the Engagement Letter, including without limitation, the fee and expense structure, are approved, as modified herein.

4. The terms of paragraph 11 of the Engagement Letter are approved, subject to the following modifications:

   (a) Bates White shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

   (b) The Debtors shall have no obligation to indemnify Bates White, or provide contribution or reimbursement to Bates White, for any claim or expense to

        the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from Bates White's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of Bates White's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which Bates White should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order.

    (c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the chapter 11 cases, Bates White believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, Bates White must file an application therefor in this Court, and the Debtors may not pay any such amounts to Bates White before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Bates White for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, Bates White. All parties in interest shall retain the right to object to any demand by Bates White for indemnification, contribution and/or reimbursement.

5.    Except as otherwise provided herein, any limitation of liability provisions in the Engagement Letter or other retention documents shall not apply during these bankruptcy cases.

6.    Bates White shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Bates White shall also make a reasonable effort to comply with the requests

for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Bates White in these chapter 11 cases.

7. Notwithstanding anything in the Application or the Evans Declaration to the contrary and after reconciliation of any unpaid prepetition fees and expenses with the retainer held by Bates White, Bates White shall apply any remaining amounts of the retainer toward the first postpetition invoice for fees and expenses as such postpetition fees and expenses are allowed against the Debtors' estates, including pursuant to any interim compensation procedures approved by the Court, until the remaining amount of such retainer is exhausted. No additional retainer amounts shall be paid to Bates White postpetition.

8. Notwithstanding anything in the Engagement Letter to the contrary, during these chapter 11 cases, Bates White is being retained solely by the Debtors and not any of the Debtors' other professionals. Only the Debtors shall have the ability to terminate Bates White's retention in these chapter 11 cases.

9. Notwithstanding anything in the Engagement Letter to the contrary, the Debtors shall retain the ability to dispute any Bates White invoice until the Court has entered a final order approving Bates White's compensation.

10. Notwithstanding anything in the Engagement Letter to the contrary, Bates White shall not represent any party other than the Debtors in connection with the Debtors' chapter 11 cases.

11. Notwithstanding any provision in the Engagement Letter to the contrary, the Court shall have exclusive jurisdiction over the Bates White engagement during pendency of

these chapter 11 cases, and any mandatory arbitration provisions in the Engagement Letter or other retention documents shall not apply during these chapter 11 cases.

12. Bates White shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

13. The Debtors and Bates White are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. To the extent there is any inconsistency between this Order and the Engagement Letter or the Application, the provisions of this Order shall govern.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2020
    Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE