# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 206 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ &
MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS
AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") for entry of an order (this "Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (i) authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as their financial advisor, *nunc pro tunc* to the Petition Date pursuant to the terms of the Engagement Letter, as modified by the Application and this Order, and (ii) approving the terms of A&M's retention and employment, including fee and expense structure and the indemnification, contribution, reimbursement, and related provisions set forth in the Engagement Letter, as modified by the Application and this Order; and upon consideration of the Whittman Declaration; and the Court being satisfied, based on the representations made in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

the Application and the Whittman Declaration, that A&M is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, the Debtors are authorized to employ and retain A&M as their financial advisor in these chapter 11 cases *nunc pro tunc* to the Petition Date, on the terms set forth in the Engagement Letter as modified by the Application and this Order.

3. The terms of the Engagement Letter, as modified by the Application and this Order, including without limitation, the compensation and indemnification provisions, are reasonable and are hereby approved.

4. Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Whittman Declaration, the indemnification provisions are hereby modified as follows:

    (a) A&M shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    (b) the Debtors shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of A&M contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to A&M's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by the Application and this Order; and

    (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by the Application and this Order), including without limitation the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution or reimbursement.

5. For the avoidance of doubt, nothing contained in the Engagement Letter shall limit A&M's liability for any claim or expense that is either (i) judicially determined (the

determination having become final) to have arisen primarily from A&M's gross negligence, fraud, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of A&M's obligations under the Engagement Letter unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which A&M's should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order.

6.  A&M shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  A&M shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by A&M in these chapter 11 cases.

7.  Notwithstanding anything in the Application or the Whittman Declaration to the contrary and after reconciliation of any prepetition fees and expenses with the retainer held by A&M, A&M shall apply any remaining amounts of the retainer to the first postpetition invoice for fees and expenses after such postpetition fees and expenses are allowed against the Debtors' estates, including pursuant to any interim compensation procedures approved by the Court, until the remaining amount of such retainer is exhausted.  No additional retainer amounts shall be paid to A&M postpetition.

8. Notwithstanding anything to the contrary in the Application, any of its attachments, or any engagement letter, A&M shall not seek reimbursement of any fees or costs arising from the prosecution or defense of any of A&M's monthly fee statements or fee applications in these chapter 11 cases.

9. Notwithstanding any provision in the Engagement Letter to the contrary, the Court shall have exclusive jurisdiction over A&M's engagement during pendency of these chapter 11 cases, and any binding or mandatory arbitration provisions shall not apply during these chapter 11 cases.

10. Notwithstanding anything to the contrary in the Engagement Letter, during these chapter 11 cases, A&M is being retained solely by the Debtors and not by any of the Debtors' other professionals. Only the Debtors shall have the ability to terminate A&M's retention in these chapter 11 cases.

11. The Debtors and A&M are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. To the extent that there is any inconsistency between this Order and the Engagement Letter, the Application, or the Whittman Declaration, the provisions of this Order shall govern.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
      Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE