# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 220 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to retain and employ Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins") as special litigation counsel, *nunc pro tunc* to the Petition Date, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1, 2016-1, and 2016-2; and the Court being satisfied, based on the representations made in the Application and the Declarations, that Ogletree Deakins does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Ogletree Deakins is to be employed; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

1

and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Ogletree Deakins as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Application.

3. Ogletree Deakins shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.  Ogletree Deakins shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Ogletree Deakins in these chapter 11 cases.

4. Notwithstanding anything in the Application or the Declarations to the contrary and after reconciliation of any prepetition fees and expenses with the retainer held by Ogletree Deakins, Ogletree Deakins shall apply any remaining amounts of the retainer to the first postpetition invoice for fees and expenses after such postpetition fees and expenses are allowed

against the Debtors' estates, including pursuant to any interim compensation procedures approved by the Court, until the remaining amount of such retainer is exhausted. No additional retainer amounts shall be paid to Ogletree Deakins postpetition.

5. During the pendency of these chapter 11 cases, Ogletree Deakins will not represent (i) the Debtors in any dispute with any local council or (ii) any local council in any dispute with the Debtors.

6. The Debtors and Ogletree Deakins are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. To the extent there is any inconsistency between the Application, the Declarations, and this Order, the provisions of this Order shall govern.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
      Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE