**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 155, 157, 320, 321, 322** |

**JOINDER OF THE TORT CLAIMANTS'
COMMITTEE IN THE DEBTORS' OBJECTION TO
GIRL SCOUTS OF THE UNITED STATES OF AMERICA'S MOTION FOR
<u>RELIEF FROM THE AUTOMATIC STAY TO RESUME TRADEMARK ACTION</u>**

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "<u>Tort Claimants' Committee</u>" or the "<u>TCC</u>"), appointed in the above-captioned cases, hereby joins in the *Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action* [Docket No. 320] (the "<u>Objection</u>")[2] filed on March 31, 2020 by the debtors and debtors in possession (collectively, the "<u>Debtors</u>") objecting to the *Motion for Relief from the Automatic Stay to Resume Trademark Action* [Docket No. 155] (the "<u>Motion</u>")[3] filed on March 10, 2020 by the Girl Scouts of the United States of America.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] <u>See also</u> Declaration of Brian Whittman in Support of Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action (March 31, 2020) [Docket No. 321] and Declaration of Rachel Kassabian in Support of Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action (March 31, 2020) [Docket No. 322].

[3] <u>See also</u> Girl Scouts of the United States of America's Brief in Support of Its Motion for Relief from the Automatic Stay to Resume Trademark Action (March 10, 2020) [Docket No. 157].

1. On February 18, 2020 (the "Petition Date") the Debtors commenced these bankruptcy cases (the "Cases").

2. On March 4, 2020, the Office of the United States Trustee for the District of Delaware ("U.S. Trustee") formed a nine member committee of survivors of childhood sexual abuse. On March 4, 2020, the U.S. Trustee also formed a five member committee of unsecured trade creditors (the "Creditors' Committee" and, together with the TCC, the "Committees"). On March 5, 2020, the U.S. Trustee filed the notices of appointment with respect to the Committees [Docket Nos. 142 and 143].

3. On March 4, 2020, the Tort Claimants' Committee retained the undersigned counsel and, on March 6, 2020, the Tort Claimants' Committee retained Berkeley Research Group, LLC to serve as its financial advisor.

4. As part of its duties, the Tort Claimant's Committee will be closely examining the business operations and financial records of the Debtors.

5. The Debtors' operations and finances, including its relationships with the Local Councils and certain Related Non-Debtor Parties, are complex.

6. The Tort Claimants' Committee has commenced due diligence into the Debtors' business and the Debtors are voluntarily providing information in response to these information requests.

7. The Tort Claimant's Committee believes that the Debtors will continue to respond to its information requests. This is a time consuming but important process which will assist the TCC in understanding and evaluating these Cases.

8. As a result of the ongoing COVID-19 pandemic, the BSA was forced to furlough a large portion of its workforce effective April 1, 2020. This places an additional burden on the Debtors' resources and remaining employees.

9. The Tort Claimants' Committee does not want the Debtors' already strained resources to be diverted due to the resumption of the Trademark Litigation. Such a diversion could derail the Tort Claimants' Committee's diligence efforts and could substantially harm the TCC's efforts to understand the Debtors' operations and financial records.

10. The Tort Claimants' Committee takes no position with respect to the underlying merits of the Trademark Litigation but joins in the Objection and requests that the relief requested in the Motion be denied.

Dated: April 6, 2020			PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038)
Ilan D. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  jstang@pszjlaw.com
           rorgel@pszjlaw.com
           joneill@pszjlaw.com
           jlucas@pszjlaw.com
           ischarf@pszjlaw.com

*Proposed Counsel for the Tort Claimants' Committee*