IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) Jointly Administered |
| Debtors. | |

**DECLARATION OF JOHN TWEEDDALE IN SUPPORT OF PEARSON EDUCATION, INC.'S (A) LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT PROFESSIONAL SERVICES AGREEMENT WITH PEARSON EDUCATION, INC. AND (II) GRANTING RELATED RELIEF AND (B) CROSS-MOTION FOR AN ORDER GRANTING AN ADMINISTRATIVE CLAIM FOR POST-PETITION SERVICES PROVIDED**

I, John Tweeddale, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Senior Vice President of North American Services for Pearson Education, Inc. ("Pearson"). Based upon my review of Pearson's books and records, maintained in the ordinary course of Pearson's business and my interactions with Debtor, Boy Scouts of America ("BSA"), I am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Pearson's (A) "Limited Objection" to Debtors' Motion for Entry of an Order (I) Authorizing the Debtors' to Reject Professional Services Agreement with Pearson and (II) Granting Related Relief ("Motion") and (B) Cross-Motion for an Order Granting an Administrative Claim for Post-Petition Services Provided ("Cross-Motion").

**BACKGROUND**

3. On February 18, 2020 ("Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") initiating the above-captioned case ("Case").

11618952/1

**The Agreement**

4.  On or about September 1, 2016, Pearson and BSA entered into the Agreement pursuant to which Pearson undertakes, at BSA's direction, most of BSA's editorial and creative services, maintains certain of its technology platforms, and performs additional projects requested by BSA (collectively, the "Services"). A copy of the Agreement is attached as Exhibit A.

5.  Pearson provides the Services by maintaining a staff of fifteen Pearson employees on site at BSA headquarters, who are now working remotely due to the coronavirus pandemic.

6.  Among the Services Pearson is providing to BSA since the Petition Date are the following projects undertaken at the direction of BSA: updating and maintaining BSA documentation, creating and maintaining health and safety posters for camp, updating the content of program handbooks, volunteer handbooks, and scout leader materials. A detailed list of post-petition projects and Services performed is attached as Exhibit B.

7.  In exchange for the Services, the Agreement requires BSA to pay Pearson equal monthly installments of $432,294 plus expenses and other amounts which may become due under the Agreement, in advance, at the start of each month.

8.  BSA owes Pearson pre-petition arrears of $685,707.72 ($432,294.00 for January 2020 Services, plus $253,413.72 for February 2020 Services through the Petition Date) ("Pre-Petition Debt"). BSA owes Pearson post-petition arrears of $432,294.00 for April 2020 Services ("Post-Petition Debt", and collectively with the Pre-Petition Debt, the "BSA Debt"). Copies of the invoices evidencing the BSA Debt are attached as Exhibit C ("Invoices").

9.  In the Motion BSA seeks to reject the Agreement as of April 17, 2020, but fails to address payment of the Post-Petition Debt. Pearson continues to provide the Services and complete all of the pending, open projects, as requested by BSA. A copy of an e-mail from Patrick Sterrett advising Pearson to continue performing under the Agreement is attached as Exhibit D. Moreover,

Pearson never consented to rejection of the Agreement, it merely accepted BSA's decision to reject the Agreement, as is BSA's right as a debtor in bankruptcy.

10. At footnote 3 of the Motion the Debtors incorrectly allege that "BSA and Pearson have agreed to wind-down the Services as of the Rejection Date." The Debtors confuse Pearson's acknowledgement of BSA's rights under the Bankruptcy Code with agreement/and or consent. The early, unanticipated work stoppage under the Agreement will result in Pearson having to terminate fifteen employees in this incredibly challenging time, pay severance to those employees, and lose material profits.

11. Pearson clearly does not consent or agree to the rejection of the Agreement.

12. Pearson files its Limited Objection and Cross-Motion to make it abundantly clear it did not consent to the rejection of the Agreement and to obtain an order requiring the Debtors to pay Pearson for the post-petition Services provided, which Services the Debtors admit are critical to the Debtors, BSA's mission, and thus the estate.

Dated: April 6, 2020

By /s/ John Tweeddale_____
John Tweeddale
Pearson Industries, Inc.