## **Exhibit B**

Blackline

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 6 & 64** |

**FINAL ORDER (I) AUTHORIZING THE PAYMENT OF
CERTAIN TAXES AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC,

the non-profit corporations that are debtors and debtors in possession in the above-captioned

chapter 11 cases (the "Debtors"), for entry of an order (this "Final Order") (i) authorizing the

Debtors to remit and pay (or use tax credits to offset) the Taxes and (ii) granting related relief,

including authorizing the Debtors' banks and other financial institutions to receive, honor,

process, and pay all checks or electronic transfers related to such payments and obligations; and

upon consideration of the First Day Declaration; and this Court having jurisdiction over this

matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware, dated February 29, 2012; and this

matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors

consent to the entry of a final order by this Court under Article III of the United States

Constitution; and venue of this proceeding and the Motion in this district being proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing

on the Motion were appropriate under the circumstances and no other notice need be provided;

and this Court having reviewed the Motion and having heard the statements in support of the

relief requested therein at an interim hearing and, if necessary, a final hearing, before this Court;

and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the

relief requested in the Motion being in the best interests of the Debtors' estates, their creditors

and other parties in interest; and this Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The relief requested in the Motion is GRANTED on a final basis as set forth

herein.

2.       The Debtors are authorized to pay and remit (or use tax credits to offset) all Taxes

due and owing to the Governmental Authorities, including, without limitation, those

Governmental Authorities listed on **Exhibit C** to the Motion, that arose prior to the Petition

Date, including all Taxes subsequently determined upon audit or otherwise to be owed for

periods prior to the Petition Date, in an amount not to exceed $1,660,000.  To the extent that the

Debtors have overpaid any Taxes, the Debtors are authorized to seek a refund or credit on

account thereof.  In no event shall the Debtors pay any Taxes that arose prior to the Petition Date

before such amounts are due and payable, and this Final Order shall not be deemed to allow the

Debtors to accelerate payment of any amounts for any Taxes that may be due and owing by the

Debtors.

3.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall or shall be deemed to constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

4.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Governmental Authorities.

5.     The Debtors shall provide to advisors to the official committee of unsecured creditors (the "Creditors' Committee"), the official committee of survivors of abuse (the "Tort Claimants' Committee"), and the proposed future claimants' representative (the "FCR") a quarterly report of all payments of Taxes arising prior to the Petition Date made on or after the Petition Date pursuant to this Final Order.  Such report shall be due on the thirtieth (30th) day (or the next business day if such day is not a business day) after the last day of the calendar quarter.

6.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored or rejected as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes.

7.    The Debtors' banks and financial institutions on which checks were drawn or electronic fund transfer requests made with respect to prepetition amounts owed in connection with any Taxes are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer requests as approved by this Final Order.

8.    Nothing in this Final Order or the Motion shall be construed as impairing or prejudicing the rights of the Debtors or any party in interest, including the Creditors' Committee, the Tort Claimants' Committee, or the FCR, to contest the amount, classification or allowance of any Taxes.

9.  (a)  Notwithstanding the making of the payments in respect of prepetition claims authorized under this Final Order or the interim order on the Motion, each payee's creditor status, for purposes of the Debtors' estates' succeeding to certain rights of such creditor, including rights of such creditor to avoid transfers, under section 544 of the Bankruptcy Code, is preserved to the extent permitted by applicable law (such status, to the extent only preserved hererby, the "Preserved Creditor Status").

(b) All such payments made to or for the benefit of the Internal Revenue Service ("IRS") or the U.S. Customs and Border Protection ("CBP") first shall be treated as final upon confirmation thereof by a further order of this Court so providing (e.g., an order confirming a chapter 11 plan so providing) (the "Non-Final Provision").

(c) Within ten (10) days following entry hereof, the Debtors shall serve the IRS, CBP and the U.S. attorney for the District of Delaware with an entered copy of this order and notice of a thirty (30) day opportunity to file and serve an objection, and request for hearing, with

~~respect to the Non-Final Provision. If such an objection is timely filed, the Debtors, within a reasonable time thereafter, shall schedule a hearing, affording interested parties a reasonable opportunity to reply to the objection.   At any hearing on such an objection, the Court shall consider *de novo* approval of the Non-Final Provision.~~

~~(d) Nothing in this paragraph 9 shall prejudice later consideration by this or another applicable court of the effect of this paragraph 9 on any position taken or defense asserted in an action or proceeding premised on the Preserved Creditor Status.~~

~~(e) Notwithstanding any other provision of this paragraph 9, a motion for disgorgement as to a payment to the CBP or IRS that is not a final payment pursuant to the Non-Final Provision may be subject to denial on any applicable grounds other than that such payment was made on a final basis.~~

9.    ~~10.~~ Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

10.    ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

11.    ~~12.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12.    ~~13.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2020
     Wilmington, Delaware

_____
THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 4/7/2020 9:11:27 AM | |
|---|---|
| **Style name:** Sidley Default | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://SIDLEYDMS/ACTIVE/254918754/4 | |
| **Description:** BSA - Final Tax Order (Revised 3 27 20) | |
| **Modified DMS:** iw://SIDLEYDMS/ACTIVE/254918754/5 | |
| **Description:** BSA - Final Tax Order (Revised 4 7 20) | |
| **Changes:** | |
| Add | 4 |
| Delete | 10 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 14 |