IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF
DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**CENTURY INDEMNITY COMPANY'S[2] LIMITED OBJECTION TO THE OFFICIAL TORT CLAIMANTS' COMMITTEE'S MOTION FOR AN ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION [DKT. NO. 332]**

Century submits this limited objection to the Official Tort Claimants' Committee's ("TCC") Motion (the "Motion") as a precaution to prevent documents subject to a shared privilege from being disclosed to the TCC and BSA's adversaries in the tort system.

The TCC's Motion states, "the Tort Claimants' Committee expects the Debtors and other parties to provide Confidential Information." Motion at ¶ 8. "Confidential Information" is defined to include non-public documents, agreements, projections, reports, and interpretations "concerning . . . *claims against the Debtors' estates*, and the relationship of the Debtors to non-debtor entities such as the Local Councils." This Confidential Information that the TCC seeks

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2] Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company ("Century").

1

from Debtors regarding claims against the Debtors' estates presumptively contains Privileged Information[3] about BSA's underlying defense of claims asserted by the TCC.

The TCC's Motion further states that "[t]he Debtors, the Tort Claimants' Committee, and the Unsecured Creditors Committee are currently negotiating the terms of a form of Protective Order intended to govern the treatment of Confidential Information." Motion at n. 3. While counsel for Century requested a copy of the draft Protective Order from BSA, we have not received anything to date and have not been involved in the negotiations on the referenced protective order.

Century objects to any protective order that permits the disclosure to the TCC (or other Parties outside a shared privilege) of Privileged Information related to the defense of the tort claims asserted against BSA. Absent a protective order clearly limiting the TCC's access to these privileged documents, BSA's defense in the tort system will be jeopardized. Any protective order should contain provisions preventing the sharing of BSA's and Century's Privileged Information. To protect BSA's Estate and any insurers' contributions to the Estate, Century seeks to be involved in the negotiation of the protective order, requests a copy of the draft protective order, and requests that the TCC clarify the documents that it expects to receive from BSA and from the BSA's Local Councils.

We highlight that the TCC requests protection against the disclosure of its privileged information while seeking similar Privileged Information from BSA. Century responds with an

---

[3] Privileged Information is defined here to include (i) attorney work product,(ii) attorney-client communications among BSA, Century, BSA's other insurers, and underlying defense counsel, (iii) documents containing the mental impressions of underlying defense counsel, BSA's Counsel, or insurer counsel in defense of BSA and/or BSA's related entities, and (iv) joint defense communications, among other communications and/or documents.

equivalent request to prevent the defense of BSA's claims in the tort system from being disclosed to BSA's adversaries. This Court has addressed the disclosure of privileged documents in *In re Imerys*. We seek to preempt this disclosure here.

WHEREFORE, Century respectfully seeks to be heard on the following requests: (i) Century must be included in all negotiations on a protective order, (ii) Century requests a copy of the draft protective order being negotiated with the TCC, (iii) the TCC must not be allowed to gain access to Privileged Information regarding the defense of the underlying claims against BSA, and (iv) neither BSA nor its Local Councils or related non-Debtor entities may disclose Privileged Information about the underlying defense of tort claims.

Dated:  April 8, 2020

Respectfully Submitted,

By:  /s/ Stamatios Stamoulis
     Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, Delaware  19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice pending*)
Janine Panchok-Berry (*pro hac vice pending*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*