IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 15 & 75 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION OBLIGATIONS UNDER SHARED
SERVICES ARRANGEMENTS, (II) AUTHORIZING CONTINUED
PERFORMANCE OF OBLIGATIONS UNDER INTERCOMPANY AND SHARED
SERVICES ARRANGEMENTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of a final order (this "Final Order"), pursuant to sections 105(a), 363(b), and 363(c) of the Bankruptcy Code and Bankruptcy Rule 6004, (i) authorizing the Debtors to pay or cause to be paid certain prepetition obligations under the Shared Services Arrangements between the Debtors and the Local Councils and Related Non-Debtor Entities in the ordinary course, (ii) authorizing the Debtors to continue performing under the Shared Services Arrangements between the Debtors and the Related Non-Debtor Entities and Local Councils in the ordinary course, (iii) authorizing applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on and transfers made from the Debtors' accounts to the extent such checks or transfers relate to any of

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

the foregoing, and (iv) granting related relief; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a final hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2. Subject to the reservations of rights herein, the Debtors are authorized to continue performing under any and all of the Shared Services Arrangements with the Local Councils and the Related Non-Debtor Entities in the ordinary course of operations and on the terms set forth in the Motion and this Final Order; provided, however, that nothing in this Final Order in any way prejudices the ability of the tort claimants' committee, consisting of survivors of childhood sexual abuse (the "Tort Claimants' Committee"), the official committee of unsecured creditors

(the "Creditors' Committee"), and the proposed future claimants' representative (the "FCR") (i) to analyze, raise objections to, or challenge any aspect of the Shared Services Arrangements, including, but not limited to, all payments made thereunder and the methodologies employed in calculating such payments, or (ii) to challenge any prepetition or postpetition transfers or payments (or underpayments) made under the Shared Services Arrangements or to seek modifications of the Shared Services Arrangements; provided further that nothing in this Final Order in any way prejudices the Debtors' right to contest any such analysis, objection, challenge or proposed modification.

3.  Subject to the reservations of rights herein, the Debtors are further authorized to use estate property and to expend estate funds consistent with prepetition practices and in the ordinary course of operations to perform under the Shared Services Arrangements. In the event that the Local Councils and Related Non-Debtor Entities are provided with estate property by the Debtors to pay BSA entities or third parties in accordance with a Shared Services Arrangement, the Local Councils and the Related Non-Debtor Entities are authorized to pay such entities as directed by the Debtors. Nothing in this Final Order shall be deemed an assumption of the Shared Services Arrangements.

4.  The Debtors shall maintain accurate and detailed records of all receipts, transfers, and payments made under the Shared Services Arrangements, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions and the recipient of such payment or transfer.

5.  The Debtors shall provide the advisors to the Tort Claimants' Committee, the Creditors' Committee, and the FCR, and to the U.S. Trustee upon request, by no later than the twenty-first (21st) day of the following month, with: (a) a detailed monthly report of all receipts

from and disbursements to the Local Councils and the Related Non-Debtor Entities; (b) a detailed monthly report of (i) all Related Entity Transactions between the Debtors and the Related Non-Debtor Entities, and (ii) transactions between the Debtors and the Local Councils; and (c) a detailed monthly aging report of Local Councils accounts receivable.  The initial monthly reporting required by the foregoing sentence shall cover the postpetition period ending March 31, 2020, and shall be delivered by the Debtors by no later than April 21, 2020.

6. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of the Local Council Benefits Programs (either directly or to third parties for payment or remittance, as applicable) up to a maximum aggregate cap of $1,726,000 for all amounts authorized to be paid under this Final Order with respect to the Local Council Benefits Programs.  For the avoidance of doubt, the payment of Health Benefit Claims pursuant to the self-insured Health Insurance Plans shall be excluded from the cap.

7. Fidelity is authorized to (a) honor, pay, or otherwise satisfy any prepetition obligations arising on account of the 457(b) Plan to Local Council participants up to a maximum aggregate cap of $960,000 for all amounts authorized to be paid under this Final Order, as adjusted for any gains or losses in the underlying investment and as per distribution elections made by Local Council participants, and (b) maintain and continue to honor and pay, in Fidelity's discretion, amounts with respect to the Local Council participants in the 457(b) Plan as such were in effect as of the Petition Date and as such may be modified or supplemented from time to time in the ordinary course.

8. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of the Local Council Scout Shops and Other Local Council

Disbursements up to a maximum aggregate cap of $720,000 for all amounts authorized to be paid under this Final Order.

9. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of Arrow up to a maximum aggregate cap of $5,000 for all amounts authorized to be paid under this Final Order.

10. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of Learning for Life up to a maximum aggregate cap of $10,000 for all amounts authorized to be paid under this Final Order.

11. The Debtors are authorized to honor, pay, or otherwise satisfy any prepetition obligations arising on account of the BSA Foundation up to a maximum aggregate cap of $10,000 for all amounts authorized to be paid under this Final Order.

12. In accordance with this Final Order and any other order of this Court, each of the financial institutions at which the Debtors or their non-debtor affiliates maintain their accounts relating to the payment of the obligations described in the Motion is directed to receive, process, honor, and pay any and all checks, drafts, wire transfers, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion.

13. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity or priority of any claim or lien against the Debtors; (b) a waiver of the rights of the Debtors or any party in interest to dispute any claim (other than any claim paid pursuant to this Final Order) or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the

Motion or this Final Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or any other applicable law; or (f) a waiver or limitation of the Debtors' or any other party's rights under the Bankruptcy Code or any other applicable law.

14. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claims held by, any party. For the avoidance of doubt, nothing in this Final Order shall constitute any finding or conclusion of this Court that property asserted to be owned by the Local Councils is not property of the Debtors' estates.

15. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

*[Signature]*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: April 8th, 2020
Wilmington, Delaware

6