**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**STATEMENT OF FINANCIAL AFFAIRS FOR
<u>DELAWARE BSA, LLC (CASE NO. 20-10342)</u>**

---

[1]     The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes, methodology, and specific disclosures regarding the Debtors' Schedules and Statements (these "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each of the Schedules and Statements. These Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.[1]

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and

---

[1] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to an individual Debtor's Schedules and Statements and not those of another Debtor should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to the Debtors' other Schedules and Statements, as applicable. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein or in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Although reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, without limitation, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their board members, officers, agents, attorneys and financial advisors are advised of the possibility of such damages.

Michael Ashline, in his capacity as the Chief Financial Officer of the Debtors, has signed each of the Schedules and Statements. Mr. Ashline is an authorized signatory for the Debtors. In reviewing and signing the Schedules and Statements, Mr. Ashline necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Ashline has not (nor could have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

### Global Notes and Overview of Methodology

1.  **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation: the right to amend the Schedules and Statements with respect to a claim (each, a "Claim") description, designation, or the Debtor against which the Claim is asserted; to dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; to subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or to object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" shall not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim shall not constitute an admission of liability by the Debtor against which the Claim is listed or against either of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable

subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. No specific reservation of rights contained elsewhere in these Global Notes shall limit in any respect the general reservation of rights contained in this paragraph.

2.  **Description of Cases and "As Of" Information Date**. On February 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 61]. The Debtors continue to operate their organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "UCC") and an official committee of tort claimants (the "Tort Claimants' Committee") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

The asset and liability information provided in the Schedules represents the asset and liability data of the Debtors as of the Petition Date, except as otherwise noted.

3.  **Identified Property**. Details with respect to the Debtors' Identified Property (as defined in the Identified Property Motion, defined below) are provided in the *Debtors' Motion for Entry of an Order (I) Scheduling Certain Deadlines in Connection with Potential Disputes Regarding the Debtors' Identified Property and (II) Granting Related Relief* [Docket No. 19] (the "Identified Property Motion"). Because the official forms of the Schedules do not distinguish whether property may be subject to enforceable restrictions under applicable law and/or may be otherwise unavailable to satisfy creditor claims, the Debtors have endeavored in these Global Notes and accompanying Statements to highlight Identified Property wherever possible to provide creditors with more accurate information as to the assets potentially available to satisfy their claims. The Debtors determined the best way to capture the Identified Property, while at the same time providing meaningful disclosure, is to report Identified Property in response to question 21 of the Statements as assets held for another. While some of the Identified Property is not "held for another" strictly speaking (e.g., as in a formal trust structure), the Debtors believe reporting Identified Property on the Statement, rather than on Schedule A/B, is more appropriate given that the inclusion of such property on Schedule A/B may result in a significant overstatement of assets available for distribution to creditors. While the Debtors and their professionals have used their best efforts in good faith to bifurcate Identified Property in these disclosures, the review of the Debtors' records is ongoing and may reveal additional restrictions. Accordingly, failure to identify particular assets as restricted in these Global Notes, Statements or Schedules does not constitute an admission by the Debtors that such assets are available to satisfy creditor claims.

4.  **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all

of their assets.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.  Because the book values of certain assets, including, without limitation, artwork, patents, trademarks and copyrights, may materially differ from the fair market values of such assets, the Debtors have listed certain assets with undetermined values.  In addition, certain assets may not appear in the Schedules and Statements because the Debtors have depreciated the entire book value of such assets or otherwise expensed such assets in their entirety. The Schedules and Statements of such Debtors reflect only the undetermined value of the Debtors' ownership of their direct subsidiaries.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that a Debtor was solvent or insolvent as of the Petition Date.

5.    **Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' organization.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed thereon were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

6.    **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

7.    **Excluded Assets and Liabilities**.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that the Debtors may or may not reject, to the extent such damage Claims exist or may arise.  In addition, certain immaterial assets and liabilities may have been excluded.

The Court has authorized the Debtors to pay, in their discretion, certain outstanding prepetition Claims on a postpetition basis.  Certain prepetition liabilities which have been paid postpetition may have been excluded from the Schedules and Statements.  Prepetition trade liabilities which have been paid postpetition pursuant to this authorization have been marked as "contingent" in these Schedules and Statements.

8.    **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons

in control of the Debtors; and (e) Debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and, by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision-making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.    **Intellectual Property Rights**.    Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.    **Executory Contracts**.    Although the Debtors made reasonable and diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so given the complexity and size of the Debtors' organization. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

11.    **Classifications**.    Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Part 1 of Schedule E/F as "priority," (c) a Claim on Part 2 of Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

12.    **Claims Description**.    Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Schedule or Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13.    **Causes of Action**.    Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege,

license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

14.    **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Court.  Accordingly, certain scheduled liabilities have been flagged as "contingent."  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

    d.    Liens.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or may have attached) to such property and equipment.

15.    **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16.    **Intercompany Claims**.  Intercompany payables and receivables among the Debtors in these chapter 11 cases and among the Debtors and their non-debtor affiliates are reported at book value on Schedule A/B or Schedule E/F, as applicable.  Intercompany transfers between the Debtors and their non-debtor affiliates are set forth on Statement 4. Intercompany balances are reflected as of the Petition Date throughout the Schedules and Statements.  In the ordinary course of operations, receivables and payables are created between and among the Debtors and their non-Debtor affiliates.  Unless otherwise noted in the Schedules and Statements, the Debtors record the resulting net balances of these transactions in their books and records as equalized entries that have been entered into in the ordinary course of operations.  The listing of any amounts with respect to such receivables and payables is not and shall not be construed as an admission of the characterization of such balances as debt, or otherwise.  Furthermore, the listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or Claim status of any intercompany liability account.  The

Debtors reserve all rights to later change the characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

The Debtors may act on behalf of another Debtor or non-debtor in the ordinary course of their organizational operations. This process is described in greater detail in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing Continued Performance of Obligations Under Shared Services Arrangements, and (III) Granting Related Relief* [Docket No. 15] (the "<u>Shared Services Motion</u>"). The Debtors have made reasonable efforts to indicate the ultimate beneficiary of a payment or obligation. Whether or not a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein shall constitute an admission that any particular Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

17.    <u>Setoffs</u>. The Debtors periodically incur certain setoffs in the ordinary course of operations. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, and other disputes between the Debtors and their customers and/or suppliers. Such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.

18.    <u>**Employee, Victim and Minor Information**</u>. Where applicable, the Debtors have redacted the identities and/or personal contact information of holders of abuse claims, the parents or legal guardians of any minor involved in litigation against either of the Debtors, and current and former employees or volunteers of the Debtors in accordance with the *Final Order (I) Authorizing the Debtors to File (A) a Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) a Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274].

### Specific Disclosures with Respect to the Debtors' Schedules

<u>**Schedules A/B**</u>

<u>**Part 1**</u>. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Use Their Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms; (II) Waiving the Requirements of Section 345(b) For Cause; and Granting Related Relief* [Docket No. 13] (the "<u>Cash Management Motion</u>"). Amounts identified in Item 2 of Part 1 reflect actual amounts in the respective accounts as of the Petition Date and may vary from the amounts currently reflected in the Debtors' books and records. While the full amount of the Deferred Compensation Investment Account with Fidelity, which is described in greater detail in the Cash Management

Motion, has been included in Question 4 of Part 1, the Deferred Compensation Investment Account contains two subaccounts: one for employees of the BSA, and one containing funds contributed by and held in the name of certain Local Councils with employees who participate in the 457(b) Plan (as defined in the Cash Management Motion).   Funds in the Deferred Compensation Investment Account are invested solely at the direction of the individual participants in the 457(b) Plan.

**Part 2**.   The Court has entered a final order granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from altering, Refusing, or Discontinuing Services, (III) Approving Procedures for Resolving Additional Adequate Assurance Requests, and (IV) Granting Related Relief* [Docket No. 12], which authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $301,900.00 [Docket No. 273] (the "Utilities Order").   Such deposits are not listed on Schedule A/B, which is presented as of the Petition Date.   Additionally, the amounts set forth on Part 2 of Schedule A/B do not include amounts held as retainers by professionals.

**Part 4**.   Ownership interests in subsidiaries and the BSA Commingled Endowment Fund, LP have been listed in Schedule A/B, Part 4 as undetermined amounts, as the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

**Part 6**.   Certain off-balance sheet farm equipment listed in this response may not have a depreciation schedule available.

**Part 8**.   Certain off-balance sheet vehicles listed in this response may not have a depreciation schedule available.

**Part 9**.   For the Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation.   The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.   Buildings and land improvements are listed on Schedule A/B independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.   The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Certain real property owned by the Debtors is pledged to secure the Debtors' obligations under their prepetition funded indebtedness, including the Debtors' Texas headquarters and the Debtors' high-adventure facilities in Florida, New Mexico, and Minnesota/Canada.   A detailed description of such prepetition obligations can be found in the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief* [Docket No. 5] (the "Cash Collateral Motion").

**Part 10**.  Because the Debtors do not attribute any book value to their customer lists and other intellectual property, the Debtors have listed these assets with undetermined values.  The Debtors' intellectual property may include the Debtors' rights under various agreements set forth on Schedule G.

**Part 11**.  In the ordinary course of their organizational operations, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be parties to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter claims and/or cross-claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B.

The Debtors are non-profit entities under 26 U.S.C. § 501(c)(3) and therefore are not obligated to pay federal income taxes in the United States related to their charitable or educational purposes. However, the Debtors pay unrelated business income taxes, income taxes in Canada, and a franchise tax to the state of New Mexico in connection with their in-state operations. The Debtors have incurred approximately $41.7 million in net operating loss carryforwards for federal and state income tax purposes.

**Schedule D**.  Except as otherwise agreed pursuant to a stipulation or final order of the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  The secured debt is jointly and severally the responsibility of the Debtors, and, as such, the liability has been listed with respect to each Debtor who is an obligor or guarantor of such debt.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  As set forth on the Schedules, the amounts outstanding under the prepetition credit facilities reflects approximate amounts as of the Petition Date.

Although Arrow WV, Inc. ("Arrow") is a guarantor of certain prepetition obligations of the Debtors, prior to the Petition Date, on February 17, 2020, the Debtors and Prepetition Secured Parties (as defined in the Cash Collateral Motion) entered into that certain Limited Waiver, waiving certain existing and prospective events of default with respect to Arrow under the Prepetition Loan Documents.  Arrow is not a Debtor in these chapter 11 cases.

### Schedule E/F

**Part 1**.  The Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on March 26, 2020, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* [Docket No. 295], which authorized the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits.  Similarly, on February 19, 2020, the Court entered the *Interim Order (I) Authorizing the Payment of Certain Taxes and (II) Granting Related Relief* [Docket No. 64].  To the extent such Claims have been paid or may be paid pursuant to further Court order, they may not be included on Part 1 of Schedule E/F.

**Part 2**.  The Debtors have used reasonable efforts to report all non-priority general unsecured Claims against the Debtors on Part 2 of Schedule E/F based upon the Debtors' existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and allowances, including the right to assert objections and/or setoffs with respect to the same.  Part 2 does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.  The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed on Part 2 of Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Determining the date upon which each Claim on Part 2 was incurred or arose would be unduly burdensome and cost prohibitive.  As a result, the Debtors have not listed a date for each Claim listed on Part 2.

Part 2 of Schedule E/F contains information regarding pending litigation involving the Debtors.  The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  This section also contains Claims listed as "Abuse Litigation," "Abuse Pending Claims," and "Abuse Asserted Claims" for which the Debtors have received sufficient contact information from the claimants and in which the Debtors have reasonably ascertainable records.

Claims marked as "Abuse Litigation" consist of Claims in which lawsuits are pending against the Debtors. Claims marked as "Abuse Pending Claims" and "Abuse Asserted Claims" consist of Claims in which abuse claimants have contacted the Debtors to report their Claims or Claims of which the Debtors are otherwise aware but for which a lawsuit has not yet been filed.

Part 2 of Schedule E/F does not include obligations owed by third party insurance companies on account of abuse-related liabilities, including, without limitation, defense costs due and owing to litigation defense counsel and related professionals.

Part 2 of Schedule E/F contains Claims of BSA employees and Local Council employees on account of the Restoration Plan (as defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* [Docket No. 14]), which was offered by the Debtors prior to the Petition Date. The Restoration Plan is a non-qualified defined benefit retirement plan under section 457(f) of the Internal Revenue Code. Such claims, which are unliquidated, are based on a preliminary actuarial determination and the actual amount of the Claims may vary. Restoration Plan Claims of the Local Council employees have been marked as "contingent," as the Debtors believe that such Claims are properly asserted against the Local Councils.

Part 2 of Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts may, however, be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Prepetition Customer, Scout and Donor Programs**. Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Prepetition Customer, Scout, and Donor Programs and Practices and (B) Pay and Honor Certain Prepetition Obligations and (II) Granting Related Relief* [Docket No. 279] (the "Public Programs Final Order"), the Debtors have the authority to honor certain prepetition customer, scout and donor programs. Accordingly, certain debts arising from these programs have not been included in the Schedules.

With respect to gift cards, the Debtors cannot ascertain the identity of the vast majority of the holders of such gift cards or whether such cards are still in existence. Therefore, the Debtors have not included any holders of gift cards on the Schedules. The Debtors estimate that approximately $2.5 million of gift cards were outstanding as of the Petition Date, and this amount is not specifically identified on the Schedules. Pursuant to the Public Programs Final Order, if the Debtors at any time during these chapter 11 cases cease to honor Gift Cards, the Debtors shall file a notice of the same with the Court, and serve such notice on the Office of the U.S. Trustee, the UCC, the Tort Claimants' Committee, the proposed future claimants' representative, and any party that has requested notice pursuant to Bankruptcy Rule 2002.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and the Debtors

have made diligent efforts to ensure the accuracy of each Debtor's Schedule G, inadvertent errors and omissions may have occurred.  Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  The Debtors reserve all of their rights to alter, amend, or supplement Schedule G to the extent that additional executory contracts are identified.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable against one or more of the Debtors.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

As is customary for an organization of the Debtors' complexity and size, the Debtors are party to various confidentiality and non-disclosure agreements in the ordinary course.  By their terms, certain of these agreements may prohibit the disclosure of those agreements or the identity of the counterparty.  The Debtors have therefore excluded confidentiality or non-disclosure agreements from the applicable Schedule G.  The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, without limitation, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.  In some cases, the same counterparty appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counterparty.

The Debtors may have entered into various other types of agreements in the ordinary course of their operations, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and title agreements.  Such documents may not be set forth on Schedule G.  Further,

the Debtors reserve all of their rights to alter or amend the Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory contracts or unexpired leases that have not been reduced to writing, if any, are not included on Schedule G.

The Debtors' omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtors utilize purchase orders to obtain goods from various vendors in the ordinary course of business. The Debtors' rights under the Bankruptcy Code with respect to any such omitted purchase orders are not impaired by the omission.

The Debtors reserve all of their rights, claims and Causes of Action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim. In addition, the Debtors reserve all of their rights to dispute the validity and/or effectiveness of any contract, agreement or lease identified on Schedule G or to amend Schedule G at any time to remove any such contract, agreement or lease.

**Schedule H**. The Debtors and non-debtor affiliate that are either principal obligors or guarantors with respect to the Debtors' prepetition funded debt are listed as co-debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or guarantees are discovered to have expired or to be unenforceable.

The BSA is involved in pending or threatened litigation. These matters may involve multiple plaintiffs and/or defendants, certain of which have asserted or may assert cross-Claims or counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on Part 2 of BSA's Schedule E/F and Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 2.** Statement 2 presents all non-business revenue received by the Debtors. To be consistent with the ordinary course financial reporting, investment income is reported net of brokers' fees.

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders (which payments appear in Statement 4), bankruptcy professionals (which payments appear in Statement 11) and employees. Disbursements made on account of multiple invoices may be reflected as a single payment. For additional detail on the Debtors' cash management system, see the Cash Management Motion. All transfers in Part 2, Question 3 of the Statements are listed as of the payment date.

**Statement 4**.  Statement 4 presents (a) transactions among the Debtors, (b) transactions between the Debtors and their non-debtor affiliates and (c) other transfers to insiders.  As described in the Shared Services Motion, in the ordinary course of their organizational operations, the Debtors provide certain services to, and engage in intercompany transactions with, the Related Non-Debtor Entities (as defined in the Shared Services Motion), resulting in receivables and payables between the applicable Debtor and Related Non-Debtor Entity (as defined in the Shared Services Motion, the "Related Entity Transactions").

With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals in the year before the Petition Date, including compensation, bonuses, other employee benefits, and expense reimbursements.  The payroll-related amounts shown in response to this question are gross amounts that do not include reductions for amounts relating to employee tax or benefit withholdings.  For the sake of completeness and out of an abundance of caution, the Debtors have listed transfers valued at less than $6,825 in their response to Question 4.

**Statement 6**.  Certain professionals provided both bankruptcy-related and non-bankruptcy related services to the Debtors.  The figures presented in Part 6, Question 11 may include amounts related to non-bankruptcy matters incurred by professionals who also advised the Debtor with respect to bankruptcy-related issues.  The Debtors did not attempt to delineate in Part 6, Question 11 the payments to such professionals related only to advice on bankruptcy issues or to separately account for invoices for non-bankruptcy services, which in some cases would require additional analysis.  In addition, although not representatives or professionals of the Debtors, out of an abundance of caution, the Debtors have also included payments made to Young Conaway Stargatt & Taylor, LLP and Ankura Consulting Group, LLC in association with their representation of James R. Patton in his role as the prepetition FCR.

**Statement 7**.  Statement 7 lists only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum as of the Petition Date.  The Debtors have not included confidential matters in response to this question where disclosure would violate certain laws or where the investigating jurisdiction has requested confidentiality.  Additionally, any information listed in Statement 7 shall not be a binding admission of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.  The Debtors reserve all rights with respect to the suits and administrative proceedings listed in Statement 7, and any claims filed in relation to such suits and administrative proceedings.

**Statement 9**.  Certain *de minimis* gifts that are not reported or tracked centrally may have been excluded. Certain gifts included in this response were paid to organizations affiliated with members of the BSA National Executive Board.  These gifts are disclosed in both Statement 9 and Statement 4.  In some instances, gifts made out of a BSA bank account are on behalf of National Boy Scouts of America Foundation.  These gifts are disclosed in response to Statement 9.

**Statement 10**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors may not, however, have records of all such losses to the extent such losses do not have a material impact on the Debtors' organization or are not reported for insurance purposes.  Therefore, some losses may have been excluded.

**Statement 11**.    All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to SOFA 11.    Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

**Statement 16**.  In the ordinary course of their organizational operations, the Debtors collect certain personally identifiable information ("PII"), including but not limited to, their customers' names, billing and shipping addresses, phone number(s), birthdates, and email addresses.  The Debtors maintain a privacy policy regarding the use of PII.

**Statement 21**.  The Debtors hold various pieces of artwork, miscellaneous Scouting items, and historical memorabilia and equipment that is owned by others.  The value of these items can be and often is material; however, it would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of these assets.  Accordingly, the applicable Debtors have listed the value of artwork, Scouting items, and historical memorabilia as undetermined in Statement 21.

**Statements 22–24**.    The Debtors have made reasonable efforts to identify all applicable environmental information as required by Part 12.  These efforts included reviewing the Debtors' environmental records and incorporating the historical knowledge of the Debtors into the Schedules and Statements to the extent applicable and practicable.

**Statement 26a-c**.  The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records.  Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records, including individuals listed in response to Statements 28 and 29.

**Statement 26d**.        Pursuant to the requirements of the Internal Revenue Service, Boy Scouts of America has filed with the Internal Revenue Service (the "IRS") reports on Form 990 and Form 990-T. These IRS filings contain financial information relating to the Debtors. Additionally, financial information for the Debtors is posted on the BSA's website at https://www.scouting.org/about/annual-report/financial-statements/.  Because the IRS filings and the website are publicly available records, the Debtors do not maintain records of the parties that requested or obtained copies of any of the IRS filings from the IRS or the Debtors.

In addition, in the ordinary course of their operations, the Debtors provide certain parties, such as financial institutions, investment banks, auditors, parties to mediation, insurance providers, vendors, and financial advisers, financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists to track such disclosures.  As such, the Debtors have not provided lists of these parties in response to this question.

**Statement 30**.    Where applicable, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

Debtor name Delaware BSA, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known): 20-10342 (LSS) _____

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---------|--------|

### 1. Gross revenue from business

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____<br>MM / DD / YYYY | to | Filing date | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For prior year: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For the year before that: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____<br>MM / DD / YYYY | to | Filing date | _____ | $ _____ |
| For prior year: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | _____ | $ _____ |
| For the year before that: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | _____ | $ _____ |

Debtor    Delaware BSA, LLC
_____    Case number (*if known*)  20-10342 (LSS)
          Name

---

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

**3.   Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825.  (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>City          State      ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2. | _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>City          State      ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4.   Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825.  This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3.  *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | _____<br>Insider's name<br><br>_____<br>Street<br><br>_____<br>City          State      ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____<br><br>_____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |
| 4.2. | _____<br>Insider's name<br><br>_____<br>Street<br><br>_____<br>City          State      ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____<br><br>_____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |

---

Debtor    Delaware BSA, LLC
_____
Name

Case number (if known) 20-10342 (LSS)
_____

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. _____ Creditor's name _____ Street _____ _____ City      State      ZIP Code | _____ _____ _____ | _____ | $_____ |
| 5.2. _____ Creditor's name _____ Street _____ _____ City      State      ZIP Code | _____ _____ _____ | _____ | $_____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ Creditor's name _____ Street _____ _____ City      State      ZIP Code | _____ _____ Last 4 digits of account number: XXXX– __ __ __ __ | _____ | $_____ |

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. _____ Case number _____ | _____ | Name _____ Street _____ City    State    ZIP Code | ☐ Pending ☐ On appeal ☐ Concluded |
| 7.2. Case title _____ Case number _____ | _____ | Court or agency's name and address Name _____ Street _____ City    State    ZIP Code | ☐ Pending ☐ On appeal ☐ Concluded |

Debtor    Delaware BSA, LLC
Name

Case number (if known) 20-10342 (LSS)

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ |
| Custodian's name | Case title | Court name and address |
| Street | | Name |
| City          State     ZIP Code | Case number | Street |
| | | City          State     ZIP Code |
| | Date of order or assignment | |

## Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | Recipient's name | | | $ |
| | Street | | | |
| | City          State     ZIP Code | | | |
| | Recipient's relationship to debtor | | | |
| 9.2. | Recipient's name | | | $ |
| | Street | | | |
| | City          State     ZIP Code | | | |
| | Recipient's relationship to debtor | | | |

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| | | | $ |

Debtor    Delaware BSA, LLC _____    Case number *(if known)* 20-10342 (LSS)
          Name

---

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| **Trustee** | _____ | | |
| _____ | _____ | | |

---

Debtor    Delaware BSA, LLC_____    Case number (if known) 20-10342 (LSS)_____
          Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | _____ | | |
| _____ Street | | | |
| _____ City          State      ZIP Code | | | |
| **Relationship to debtor** _____ | | | |
| **Who received transfer?** | _____ | _____ | $_____ |
| 13.2. _____ | _____ | | |
| **Address** | | | |
| _____ Street | | | |
| _____ City          State      ZIP Code | | | |
| **Relationship to debtor** _____ | | | |

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1. _____ Street | From _____  To _____ |
| _____ City                State      ZIP Code | |
| 14.2. _____ Street | From _____  To _____ |
| _____ City                State      ZIP Code | |

Debtor   Delaware BSA, LLC
_____
Name

Case number (if known) 20-10342 (LSS)
_____

---

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>Facility name | _____ | _____ |
| _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____<br>City        State        ZIP Code | _____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____<br>Facility name | _____ | _____ |
| _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____<br>City        State        ZIP Code | _____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

---

**Part 9:**   **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor  Delaware BSA, LLC
        Name                                                        Case number (*if known*) 20-10342 (LSS)

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ Name _____ Street _____ City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | _____ | $_____ |
| 18.2. | _____ Name _____ Street _____ City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Name _____ Street _____ City    State    ZIP Code | _____ _____ **Address** _____ _____ | _____ _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Name _____ Street _____ City    State    ZIP Code | _____ _____ **Address** _____ | _____ _____ | ☐ No ☐ Yes |

Debtor    Delaware BSA, LLC _____    Case number (if known) 20-10342 (LSS)
                    Name

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

| Part 12: | Details About Environmental Information |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

| Debtor | Delaware BSA, LLC | Case number *(if known)* 20-10342 (LSS) |
|---|---|---|
| | Name | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | _____ |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

**Part 13:      Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| Name | | **Dates business existed** |
| Street | | |
| City          State          ZIP Code | | From _____     To _____ |
| **25.2.** Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| Name | | **Dates business existed** |
| Street | | |
| City          State          ZIP Code | | From _____     To _____ |
| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| 25.3. | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| Name | | **Dates business existed** |
| Street | | |
| City          State          ZIP Code | | From _____     To _____ |

---

Debtor     Delaware BSA, LLC     Case number (if known)  20-10342 (LSS)
        Name

**26.** **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.   See Attached Rider | From _____   To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2.   _____<br>Name<br>_____<br>Street<br>_____<br>City          State          ZIP Code | From _____   To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.   PRICEWATERHOUSECOOPERS LLP<br>2121 N. PEARL STREET<br>SUITE 2000<br>DALLAS, TX 75038 | From 07/11/2019   To  Present |

| Name and address | Dates of service |
|---|---|
| 26b.2.   _____<br>Name<br>_____<br>Street<br>_____<br>City          State          ZIP Code | From _____   To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   See Attached Rider | _____<br>_____<br>_____ |

Debtor  Delaware BSA, LLC _____    Case number (*if known*) 20-10342 (LSS) _____
        Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | |
| Street | |
| City          State          ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  See Attached Rider |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City          State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City          State          ZIP Code |

Debtor    Delaware BSA, LLC
          Name

Case number (if known) 20-10342 (LSS)

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.

Name

Street

City                          State          ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See Attached Rider | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. | | | |
| Name | | | |
| Street | | | |
| | | | |
| City                State      ZIP Code | | | |
| Relationship to debtor | | | |

Debtor   Delaware BSA, LLC _____    Case number *(if known)* 20-10342 (LSS) _____
_____ Name

| | Name and address of recipient | | | | |
|---|---|---|---|---|---|
| 30.2 | | | _____ | _____ | _____ |
| | Name | | | _____ | |
| | Street | | | _____ | |
| | | | | _____ | |
| | City                State        ZIP Code | | | _____ | |
| | Relationship to debtor | | | _____ | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Boy Scouts of America | EIN:  22-1576300 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN:  __ __ – __ __ __ __ __ __ __ |

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4/8/2020 _____
                   MM  / DD  / YYYY

✖ /s/ Michael A. Ashline _____    Printed name  Michael A. Ashline _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  Chief Financial Officer & Treasurer _____

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☐ No
☒ Yes

Official Form 207            Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy            page **14**

Debtor Name: Delaware BSA, LLC                                          Case Number:    20-10342 (LSS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name & Address | Dates of service From | Dates of service To |
|---|---|---|
| ASHLINE, MICHAEL<br>1325 WEST WALNUT HILL LANE<br>IRVING, TX 75038 | 07/11/2019 | Present |
| PHILLIPS, STEPHANIE<br>1325 WEST WALNUT HILL LANE<br>IRVING, TX 75038 | 07/11/2019 | Present |

Debtor Name:        Delaware BSA, LLC                                          Case Number:        20-10342 (LSS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If any books of account and records are unavailable explain why |
| --- | --- |
| ASHLINE, MICHAEL<br>1325 WEST WALNUT HILL LANE<br>IRVING, TX 75038 | N/A |
| PHILLIPS, STEPHANIE<br>1325 WEST WALNUT HILL LANE<br>IRVING, TX 75038 | N/A |
| PRICEWATERHOUSECOOPERS LLP<br>2121 N. PEARL STREET<br>SUITE 2000<br>DALLAS, TX 75038 | N/A |

| Debtor Name: | Delaware BSA, LLC | | Case Number: | 20-10342 (LSS) |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

### Name & Address

Pursuant to the requirements of the Internal Revenue Service, Boy Scouts of America has filed with the Internal Revenue Service (the "IRS") reports on Form 990 and Form 990-T. These IRS filings contain financial information relating to the Debtors. Additionally, financial information for the Debtors is posted on the company's website at https://www.scouting.org/about/annual-report/financial-statements/. Because the IRS filings and the website are public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the IRS filings from the IRS or the Debtors.

In addition, in the ordinary course of business, the Debtors provide certain parties, such as financial institutions, investment banks, auditors, parties to mediation, insurance providers, vendors, and financial advisors, financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

Debtor Name: Delaware BSA, LLC                                          Case Number:    20-10342 (LSS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest if any |
| --- | --- | --- |
| ASHLINE, MICHAEL A.<br>1325 W. WALNUT HILL LANE<br>IRVING, TX 75015-2079 | Chief Financial Officer & Treasurer | |
| BOY SCOUTS OF AMERICA<br>1325 W WALNUT HILL LN<br>IRVING, TX 75038 | Manager | 100% |
| MCGOWAN, STEVEN P<br>1325 W. WALNUT HILL LANE<br>IRVING, TX 75015-2079 | General Counsel and Secretary | |
| MOSBY, ROGER<br>1325 W. WALNUT HILL LANE<br>IRVING, TX 75015-2079 | Chief Executive Officer/Executive Board Member/Executive Committee Member | |

Debtor Name: Delaware BSA, LLC                                                 Case Number:  20-10342 (LSS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name and address | Position and nature of any interest | Period during which position or interest was held From | Period during which position or interest was held To |
|---|---|---|---|
| SURBAUGH, MICHAEL<br>ADDRESS ON FILE | Chief Scout Executive | 07/11/2019 | 01/31/2020 |