**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 318 & 350<br><br><u>Hearing Date</u>: April 15, 2020 at 10:00 a.m. (ET) |

**DEBTORS' REPLY TO PEARSON EDUCATION, INC.'S**
**(A) LIMITED OBJECTION TO DEBTOR'S MOTION FOR AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO REJECT PROFESSIONAL SERVICES**
**AGREEMENT WITH PEARSON EDUCATION, INC. AND (II) GRANTING**
**RELATED RELIEF AND (B) CROSS-MOTION FOR AN ORDER GRANTING**
**AN ADMINISTRATIVE CLAIM FOR POST-PETITION SERVICES PROVIDED**

The Boy Scouts of America (the "<u>BSA</u>") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>"), submit this reply to *Pearson Education, Inc.'s (A) Limited Objection to Debtors' Motion for Entry of an Order (I) Authorizing the Debtors' to Reject Professional Services Agreement with Pearson Education Inc. and (II) Granting Related Relief and (B) Cross-Motion for an Order Granting an Administrative Claim for Post-Petition Services Provided* [Docket No. 350] (the "<u>Limited Objection</u>").[2]  In support hereof, the Debtors state as follows:

**REPLY**

1. Through the Motion, the Debtors have requested entry of an order rejecting the Agreement, effective as of April 17, 2020 (the "<u>Rejection Date</u>").  Pearson, the non-debtor

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Professional Services Agreement with Pearson Education, Inc. and (II) Granting Related Relief* [Docket No. 318] (the "<u>Motion</u>").

counterparty to the Agreement, has filed the Limited Objection to request two forms of relief. First, Pearson requests that the order approving the Rejection Motion provide that "the relief was granted over Pearson's objection and not on consent." Limited Obj. ¶ 16. Second, Pearson requests entry of an order allowing an administrative expense and "compelling the Debtors to immediately pay" certain amounts to Pearson on account of Pearson's post-petition, pre-rejection services. *Id.* For the reasons set forth below, both requests should be denied.

**I. There Is No Basis for the Rejection Order to Address Whether Pearson Consents to the Debtors' Rejection of the Agreement.**

2.      In the Motion, the Debtors state that the BSA and Pearson "have agreed to wind-down the Services as of the Rejection Date." Motion p. 4 n.3. The Debtors further explain in the Motion that they selected the Rejection Date because it coincides with the end of the business week. *Id.* The Debtors did not (and need not) argue that Pearson "consented" to the rejection. Counterparty consent is not a requirement for rejection under section 365(a) of the Bankruptcy Code. The Debtors' determination to reject an executory contract is evaluated under the business judgment test. *See In re Federal Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). Here, no party has questioned the Debtors' exercise of their business judgment to reject the Agreement. Accordingly, whether or not Pearson has consented to the rejection is irrelevant, and the rejection order need not address whether Pearson consents to the rejection.[3]

**II. Pearson's "Cross-Motion" for Allowance and Payment of Administrative Expenses Should Be Denied as Procedurally Deficient and Premature.**

3.      Pearson alternatively styles the Limited Objection as a "cross-motion" and affirmatively requests allowance and "immediate payment" of certain post-petition amounts as

---

[3] The Debtors would not object to including an acknowledgement in the rejection order that Pearson has not consented to the rejection of the Agreement if the Court determines such an acknowledgement is appropriate.

administrative expenses. Section 503(b)(1)(A) of the Bankruptcy Code provides that, "*[a]fter notice and a hearing*," administrative expenses shall be allowed for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b) (emphasis added). Pearson filed the Limited Objection just nine days before the April 15, 2020 hearing. Accordingly, the request for allowance and payment of an administrative expense must be denied, as Pearson failed to file and serve the request at least fourteen (14) days prior to the hearing date as required by the Local Rules. *See* Del. L. Bankr. R. 9006-1(c)(i) (requiring that all motion papers be filed and served at least fourteen (14) days prior to the hearing date unless the Federal Rules of Bankruptcy Procedure or the Local Rules state otherwise).[4]

Even if the "cross-motion" were procedurally proper, Pearson's request is premature. Just as the Debtors have paid the post-petition amounts owed to Pearson under the Agreement through March 31, 2020, the Debtors intend to pay Pearson the amounts owed for services provided under the Agreement through the Rejection Date in the ordinary course of business.[5] For these reasons, the Court should deny Pearson's request for allowance and payment of an administrative expense.

WHEREFORE, for the reasons set forth above and in the Motion, the Debtors respectfully request that the Court overrule the Objection and enter the Proposed Order granting the Motion.

---

[4] Pearson has not requested to schedule the "cross-motion" on shortened notice under Del. L. Bankr. R. 9006-1(e), nor would the Debtors consent to hearing the request on shortened notice if requested by Pearson.

[5] Nothing in this reply is, or should be construed as, (a) the Debtors' admission as to the validity or priority of any claim of Pearson or (b) the Debtors' waiver of their rights to dispute any claim of Pearson on any grounds, including, without limitation, their right to oppose any further or renewed request by Pearson for allowance and/or immediate payment of an administrative expense.

| | |
|---|---|
| Dated: April 9, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |

/s/ *Paige N. Topper*
_____
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@mnat.com
           aremming@mnat.com
           jbarsalona@mnat.com
           emoats@mnat.com
           ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Email: jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Email: tlabuda@sidley.com
           mandolina@sidley.com
           mlinder@sidley.com

CO-COUNSEL AND PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION