**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 13, 79, 83 & 363 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN EXISTING BUSINESS FORMS; (II) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b) FOR CAUSE; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of a final order (this "Final Order"), pursuant to Bankruptcy Code sections 105(a), 345(b), 363(c)(1), 503 and 507, Bankruptcy Rule 6004, and Local Rule 2015-2, (i) authorizing the Debtors to (a) continue to use their Cash Management System, including existing Bank Accounts and Purchase Card Program, (b) honor certain prepetition obligations related thereto, and (c) maintain their existing Business Forms; (ii) waiving the requirements of section 345(b) of the Bankruptcy Code for cause with respect to the deposit accounts with Unauthorized Depositories and the Investment Accounts; and (iii) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a final hearing; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2. Subject to the reservations of rights herein, the Debtors are authorized, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue operating the Cash Management System, including the Bank Accounts identified on the schedule attached hereto as **Exhibit 1**, substantially as depicted on the funds flow diagram attached hereto as **Exhibit 2**.

3. Subject to the reservations of rights herein, the Debtors are further authorized to: (i) continue to use, with the same account numbers, each of the Bank Accounts in existence as of

the Petition Date, including each of the accounts identified on **Exhibit 1** attached hereto, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Operating Guidelines, including, without limitation, the requirement to establish any segregated accounts for cash collateral and/or tax payments; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (iii) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including, without limitation, check, ACH transfer, wire transfer and other methods; (iv) pay the Prepetition Bank Fees, in addition to any other Bank Fees for prepetition transactions that are charged post-petition; (v) reimburse the Banks for any claims arising before, on or after the Petition Date in connection with customer checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds; and (vi) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and any related cash management, treasury and accounting services, and to otherwise perform their obligations under any and all documents and agreements governing the Bank Accounts and related cash management, treasury and accounting services.

4. The Debtors shall maintain accurate and detailed records of all receipts and transfers, including intercompany transfers and payments to Local Councils and Related Non-Debtor Entities, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

5. The tort claimants' committee, consisting of survivors of childhood sexual abuse (the "Tort Claimants' Committee"), the official committee of unsecured creditors (the "Creditors' Committee"), the proposed future claimants' representative (the "FCR") and the Prepetition Secured Parties (as defined in the Final Cash Collateral Order),[3] reserve all rights to:

---

[3] For purposes of this Final Order, the term "Final Cash Collateral Order" shall mean the *Final Order Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the*

(a) seek recharacterization of and/or challenge any amounts treated as restricted by the Debtors and any intercompany transfers or payments by the Debtors, including transfers or payments to or for the benefit of Local Councils and Related Non-Debtor Entities; (b) analyze and seek appropriate modifications to the Cash Management System; or (c) challenge whether any prepetition or postpetition transfers or payments made in connection with the Cash Management System are authorized by this Final Order. The Debtors reserve all rights to contest any such objection, recharacterization, challenge and/or proposed modification.

6.     The Debtors shall provide the advisors to the Tort Claimants' Committee, the Creditors' Committee, and the FCR, by no later than Friday of each following week (or the next business day if such date is a holiday), with a weekly summary and detailed listing of unrestricted and restricted: (a) receipts by category (together with a detailed listing of each receipt within a category if available); and (b) disbursements. Nothing herein shall preclude or limit any of the Tort Claimants' Committee, the Creditors' Committee, or the FCR from seeking additional information or reporting from the Debtors.

7.     Nothing in this Final Order shall in any way alter or impair the Banks' rights pursuant to any existing deposit and account agreements between the Debtors and the Banks, including without limitation, any ability of the Banks to close the Bank Accounts pursuant to the terms of such deposit and account agreements, but subject (to the extent applicable) to the provisions of the automatic stay of section 362 of the Bankruptcy Code, and such deposit and account agreements shall continue to govern the postpetition cash management relationship between the Debtors and the respective Bank, and all of the provisions of such agreements, including any termination and fee provisions thereof, shall remain in full force and effect, and

---

*Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief.*

the Debtors and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business, including the closing of Bank Accounts or the opening of new bank accounts, subject to the notice requirements of paragraph 14 of this Final Order.

8. The Banks[4] are authorized, without the need for further order of this Court, to: (i) continue to maintain, service and administer the Bank Accounts of the Debtors as debtors in possession and provide related cash management, treasury and accounting services without interruption and in the ordinary course; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfers or other items presented, issued or drawn on the Bank Accounts (collectively, the "Disbursements"); and (iii) debit or charge back the Bank Accounts for all undisputed prepetition and post-petition Bank Fees; provided, however, that no Disbursements (excluding any electronic fund transfers that the Banks are obligated to settle) presented, issued or drawn on the Bank Accounts before the Petition Date shall be honored unless (i) authorized by order of this Court; (ii) not otherwise prohibited by a "stop payment" request received by the Banks from the Debtors; and (iii) supported by sufficient available funds in the Bank Account in question.

9. Any unrestricted funds that are deposited into any Bank Account on or after the Petition Date (the "Postpetition Funds") shall be deemed segregated from any unrestricted funds in any of the Bank Accounts as of the Petition Date. The Postpetition Funds shall not be deemed "Collateral" (as defined in each respective Prepetition Loan Document) of the Prepetition Secured Parties (each as defined in the Final Cash Collateral Order), solely by virtue of their being in the possession or control of the Prepetition Secured Parties. The Prepetition Secured

---

[4] The term "Banks," as used in this Final Order, shall include, in addition to the bank with which the Debtors already maintain accounts, any other banks with which the Debtors open new accounts pursuant to the terms of this Final Order.

5

Parties, however, reserve all rights to assert that some or all of the Postpetition Funds are Collateral of the Prepetition Secured Parties under the Prepetition Loan Documents, and all rights of the Debtors, the Tort Claimants' Committee, the Creditors' Committee, the FCR, and any other parties in interest to contest any such assertions are similarly reserved.

10. Nothing in this Final Order shall constitute a determination of the Court as to the status or treatment of cash in a particular Bank Account and whether the cash in such account has been properly allocated to such Bank Account (including whether such cash is from restricted or unrestricted funds). All rights of the Tort Claimants' Committee, the Creditors' Committee and the FCR are expressly reserved to dispute or otherwise contest whether amounts were properly allocated to a particular Bank Account, whether the restricted amounts should be treated as restricted or unrestricted and, if unrestricted, whether such amounts constitute Collateral of the Prepetition Secured Parties, and all rights of the Debtors and the Prepetition Secured Parties to contest any such assertions are similarly reserved.

11. In the course of providing cash management services to the Debtors, each of the Banks at which the Bank Accounts are maintained is authorized, without further order of the Court, to deduct the applicable Bank Fees from the appropriate accounts of the Debtors and to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items resulting from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred before, on, or after the Petition Date and regardless of whether the returned items relate to prepetition or post-petition transfers.

12. Subject to the terms hereof, the Banks are authorized to accept, honor, and rely upon all representations and directions of the Debtors with respect to whether any Disbursement

should be honored pursuant to any order of this Court, whether or not such Disbursements are dated before, on, or after the Petition Date. No Bank shall be deemed in violation of this Final Order or any other order of this Court or have any liability to any party for honoring any Disbursement (i) at the direction of the Debtors, (ii) in the good-faith belief that the Court has authorized such Disbursement to be honored or (iii) as a result of an innocent mistake. The Debtors shall notify each Bank for each Bank Account maintained at such Bank of any checks that are to be dishonored by such Bank, which checks may include those issued after the Petition Date as well as those issued prior to the Petition Date, and the Debtors direct the Bank to honor all other checks in accordance with the terms of this Final Order.

13. The Debtors are authorized to implement any changes to the Cash Management System as they may deem necessary and appropriate in their discretion, in the ordinary course of business to the extent permitted by any financing or cash collateral order entered into in these chapter 11 cases, including to open any new bank accounts or close any Bank Accounts; *provided*, *however*, that the relief granted in this Final Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and the Debtors shall give at least three (3) business days' advance notice of the opening of any new bank account to the U.S. Trustee, Tort Claimants' Committee, the Creditors' Committee, the FCR, and JPM; *provided further* that the Debtors shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

14. The Banks are authorized to (i) honor the Debtors' directions with respect to the opening of any additional bank account or the closing of any Bank Account and (ii) accept and hold the Debtors' funds in accordance with the Debtors' instructions; *provided*, *however*, that the

Banks shall not have any liability to any party in connection with their reliance on such representations.

15. With respect to the Investment Accounts and the non-investment Bank Accounts at State Street Bank, BB&T, CBIC, Charles Schwab, First Bank VI, InBank, Merrill Lynch, Oriental Bank (Scotiabank was acquired by Oriental Bank post-petition), RBC, and US Bank, the Debtors shall have a period of 45 days (or such additional time to which the U.S. Trustee may agree) from the entry of this Final Order to comply with the requirements of section 345(b) of the Bankruptcy Code or make such other arrangements as agreed to by the U.S. Trustee or approved by the Court. Such extension is without prejudice to the Debtors' right to request by separate motion a further extension or the suspension of the requirements of section 345(b) of the Bankruptcy Code. Further, if the balance in any of the non-investment accounts at any one of the Banks referenced in the first sentence of this paragraph exceeds $250,000, the Debtors shall sweep all funds in excess of that amount into one or more of the Debtors' Bank Accounts that is a signatory to a Uniform Depository Agreement in a form prescribed by the U.S. Trustee.

16. This Final Order does not independently authorize (i) any intercompany lending, (ii) the payment of any intercompany receivables, (iii) any other intercompany transfers, or (iv) any payments to or for the benefit of the Local Councils or Related Non-Debtor Entities.

17. The Debtors are authorized to continue the Purchase Card Program and to use, and to authorize their employees to use, subject to the terms and conditions of the Purchase Card Program existing as of the Petition Date, the cards issued pursuant to those Purchase Card Program (the "Purchase Cards") in the ordinary course of business, on a post-petition basis, and to pay any and all amounts incurred in the ordinary course of business and consistent with past practices in connection with the Purchase Cards that arose or may arise after the Petition Date,

and to pay all amounts incurred in connection with all Purchase Card Program that arose on or prior to the Petition Date.  All obligations arising from the prepetition and post-petition usage of Purchase Cards may be offset against the respective payments in the ordinary course of business without further order of this Court.

18.    The Debtors are authorized to use their existing Business Forms substantially in the form existing immediately before the Petition Date, without reference to their status as "Debtors in Possession" until the Debtors' supply of existing Business Forms is exhausted; provided, however, that, with respect to checks that the Debtors or their agents print themselves, the Debtors shall print such checks and letterhead with the designation "Debtor in Possession" and the corresponding number of the lead bankruptcy case on all such checks during the pendency of these chapter 11 cases.

19.    Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

20.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity or priority of any claim or lien against the Debtors; (b) a waiver of the rights of the Debtors or any party in interest to dispute any claim (other than any claim paid pursuant to this Final Order) or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or any other applicable law; or

(f) a waiver or limitation of the Debtors' or any other party's rights under the Bankruptcy Code or any other applicable law.

21. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Final Order.

*[Signature]*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: April 9th, 2020
Wilmington, Delaware