**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**GIRL SCOUTS OF THE UNITED STATES OF AMERICA'S
MOTION PURSUANT TO SECTIONS 105 AND 107(B) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9018 FOR AUTHORITY TO FILE UNDER SEAL
(I) PORTIONS OF GIRL SCOUTS OF THE UNITED STATES OF AMERICA'S
REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO RESUME TRADEMARK ACTION; AND (II) THE EXHIBITS
TO THE DECLARATION OF ERIC LOPEZ SCHNABEL**

Girl Scouts of the United States of America ("Girl Scouts"), by and through the undersigned counsel, hereby moves this Court pursuant to sections 105 and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1, for the entry of an order, in substantially the form attached hereto, authorizing Girl Scouts to file under seal portions of its Reply Brief In Support of its Motion for Relief From the Automatic Stay to Resume Trademark Action (the "Reply") and the Exhibits to the Declaration of Eric Lopez Schnabel (the "Schnabel Declaration"). In support of this Motion, Girl Scouts states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief sought herein are Bankruptcy Code sections 105 and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4.  On November 6, 2018, the Girl Scouts filed a lawsuit (the "Trademark Action") was filed against the Boy Scouts in the United States District Court for the Southern District of New York (the "District Court"), alleging claims of federal and common law trademark infringement, federal and state trademark dilution, federal unfair competition, and tortious interference.

5.  On February 18, 2020, Boy Scouts and Debtor Delaware BSA, LLC commenced the Bankruptcy Case by filing voluntary petitions under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

6.  On March 10, 2020, the Girl Scouts filed its Motion for Relief from the Automatic Stay to Resume Trademark Action [Docket No. 155] (the "Motion for Relief").

7.  On March 31, 2020, the Boy Scouts filed their Objection to Girl Scouts of the United States of America's Motion for Relief From The Automatic Stay to Resume Trademark Action [Docket No. 320] (the "Objection").

8.  In the Objection, the Boy Scouts stated that "certain of the VSA's costs of defense in the Trademark Action are covered by insurance…" Objection, note 16.

9.  Contemporaneously herewith, Girl Scouts is filing its Reply to the Objection, as well as the Exhibits to the Schnabel Declaration. The Reply and Exhibits to the Schnabel Declaration contain information related to the referenced insurance policies that was produced on an agree upon confidential, for "professional eyes only" basis and subject to a pending protective order. *See* Schnabel Dec., ¶ 3.

**RELIEF REQUESTED**

10. By this Motion, Girl Scouts seeks entry of an order substantially in the form attached hereto authorizing Girl Scouts to file portions of the Reply and the Schnabel Declaration under seal.

**APPLICABLE AUTHORITY**

11. Pursuant to Sections 107(b) of the Bankruptcy Code, the Court may issue orders to protect against harm that may result from the disclosure of confidential information. Section 107(b) provides that "On request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

12. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a).

13. Pursuant to Bankruptcy Rule 9018, "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or an entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; Local Rule 9018-1.

14. Boy Scouts provided the insurance policies at issue to Girl Scouts subject to the policies remaining confidential and subject to an agreed upon "professional eyes only" basis.

15. Counsel for Girl Scouts has met and conferred with counsel for Boy Scouts and the parties have agreed that the that the parties will continue to meet and confer regarding the proposed redactions. *See* Certification of Counsel Pursuant to Local Rule 9018-1 filed concurrently herewith.

16.    The Court should permit Girl Scouts to file portions of the Reply and the Exhibits to the Schnabel Declaration under seal because Girl Scouts only obtained such information subject to the confidential treatment required by Boy Scouts.

**NOTICE**

17.    Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) Boy Scouts; (b) the Office of the United States Trustee for the District of Delaware; (c) the Tort Claimants Committee appointed in the above-captioned bankruptcy cases; (d) the Official Committee of Unsecured Creditors appointed in the above-captioned bankruptcy cases; and (e) those parties requesting notice pursuant to Rule 2002.

WHEREFORE, for the reasons set forth herein, Girl Scouts respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing Girl Scouts to file portions of the Reply and the Exhibits to the Schnabel Declaration under seal, and granting such other relief as may be just and proper.

Dated:  April 10, 2020

**DORSEY & WHITNEY (DELAWARE) LLP**

*/s/ Eric Lopez Schnabel*
Eric Lopez Schnabel (DE Bar No. 3672)
Alessandra Glorioso (DE Bar No. 5757)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone:  (302) 425-7171
Facsimile:  (302) 425-7177
E-mail:  schnabel.eric@dorsey.com
            glorioso.alessandra@dorsey.com

-and-

DORSEY & WHITNEY LLP

Bruce R. Ewing (*pro hac vice*)
Eric Lopez Schnabel (DE Bar No. 3672)
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201
E-mail:  ewing.bruce@dorsey.com
            schnabel.eric@dorsey.com

*Counsel to Girl Scouts of the United States of America*

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**ORDER GRANTING GIRL SCOUTS OF THE UNITED STATES OF AMERICA'S MOTION PURSUANT TO SECTIONS 105 AND 107(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 FOR AUTHORITY TO FILE UNDER SEAL (I) PORTIONS OF GIRL SCOUTS OF THE UNITED STATES OF AMERICA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO RESUME TRADEMARK ACTION; AND (II) THE EXHIBITS TO THE DECLARATION OF ERIC LOPEZ SCHNABEL**

Upon the Motion of Girl Scouts of the United States of America's ("Girl Scouts") Motion Pursuant to Sections 105 and 107(B) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authority to File Under Seal (I) Portions of Girl Scouts of the United States of America's Reply Brief In Support of Its Motion for Relief from the Automatic Stay to Resume Trademark Action; and (II) the Exhibits to the Declaration of Eric Lopez Schnabel (the "Motion to Seal");[1] and due and sufficient notice of the Motion to Seal having been given; and it appearing that no other or further notice need be provided; and the Court finding that it has jurisdiction over the matters raised in the Motion to Seal pursuant to 28 U.S.C. § 1334(b); and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT

1. The Motion is granted.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Seal.

2.     Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, Girl Scouts is authorized, and the Clerk of the Court is directed, to file and maintain portions of the Reply and the Exhibits to the Schnabel Declaration under seal.

3.     The sealed portions of the Reply and the Exhibits to the Schnabel Declaration may not be unsealed unless and until permitted by further order of the Court.

4.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2020

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE