# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
|  | Jointly Administered |
| Debtors. | **Related Docket No. 332, 368 and 370** |

### THE TORT CLAIMANTS' COMMITTEE'S REPLY TO CENTURY INDEMNITY COMPANY'S[2] LIMITED OBJECTION TO THE OFFICIAL TORT CLAIMAINT'S COMMITTEE'S MOTION FOR AN ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) appointed in the above referenced cases (the "Tort Claimants' Committee" or the "TCC") hereby replies to *Century Indemnity Company's Limited Objection to the Official Tort Claimant's Committee's Motion for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* [Docket No. 368] (the "Objection")[3]. In support of its reply, the Tort Claimants' Committee respectfully states as follows:

1. The Tort Claimants' Committee filed the *Motion for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* [Docket 332] (the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company ("Century").

[3] Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company filed a joinder to the Objection [Docket No.370]. To the extent the Objection is overruled, the joinder should be, too.

"Motion") seeking clarification from this Court that the Bankruptcy Code does not require it to release certain confidential or privileged information.

2. Century misapprehends the relief requested in the Motion. Century's concern appears to be the protective order discussed in footnote 3 to the Motion (the "Protective Order").

3. The Protective Order, which is still the subject of negotiations among the Debtors, the TCC and the Official Creditors Committee, is independent of the relief requested in the Motion.

4. The Protective Order is a negotiated order that governs the exchange and use of information among the parties subject to the Protective Order.

5. The Motion is intended to clarify an ambiguity in the Bankruptcy Code that gives some a concern about a committee's obligation to release certain information to those that hold claims of the kind represented by the committee. To that end, by this Motion, the TCC seeks an order clarifying that the Bankruptcy Code does not require the TCC to disseminate confidential or privileged information.

WHEREFORE, the Tort Claimants' Committee respectfully requests that the Court overrule the objection and approve the relief requested in the Motion[4].

---

[4] The Debtors and the TCC have agreed on a modified form of order on the Motion which will be submitted at the appropriate time.

| | |
|---|---|
| Dated: April 10, 2020 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ James E. O'Neill* |
| | James I. Stang (CA Bar No. 94435) |
| | Robert B. Orgel (CA Bar No. 10187) |
| | James E. O'Neill (DE Bar No. 4042) |
| | John W. Lucas (CA Bar No.271038) |
| | Ilan D. Scharf (NY Bar No. 4042107) |
| | 919 North Market Street, 17th Floor |
| | P O Box 8705 |
| | Wilmington, DE 19899 (Courier 19801) |
| | Telephone: 302-652-4100 |
| | Facsimile:  302-652-4400 |
| | Email: jstang@pszjlaw.com |
| | rorgel@pszjlaw.com |
| | joneill@pszjlaw.com |
| | jlucas@pszjlaw.com |
| | ischarf@pszjlaw.com |
| | |
| | *Proposed Counsel for the Tort Claimants' Committee* |