# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 5 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363;
(II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION
SECURED PARTY PURSUANT TO 11 U.S.C. §§ 105(a), 361, 362,
363, 503 AND 507; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of a final order (this "Final Order"), pursuant to sections 105(a), 361, 362, 363, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and Local Rules 2002-1, 4001-2 and 9013-1:

　　(a)　authorizing the Debtors to continue to use Cash Collateral and all other Prepetition Collateral (each as defined below) in which any of the Prepetition Secured Parties (as defined below) have an interest in accordance with the terms and conditions of this Final Order, and the granting of adequate protection to the Prepetition Secured Parties with respect to, *inter alia*, such use of their Cash Collateral and the other Prepetition Collateral;

　　(b)　authorizing the Debtors to provide adequate protection to the Prepetition Secured Parties to the extent of any diminution in value of their interest in the Prepetition

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

(xi) any Debtor supporting (in any such case by way of any motion or other pleading filed with the Court or any other writing to another party in interest) any other person's opposition to any motion filed in the Court by the Prepetition Agent or the Prepetition Secured Lender seeking confirmation of the amount of its Prepetition Obligations or the validity or enforceability of the Prepetition Liens or the Adequate Protection Liens, except with regard to good faith disputes over the payment of expenses and fees; *provided*, *however*, that the Termination Date shall not be deemed to occur if the Debtors seek approval of debtor in possession financing, including, without limitation, debtor in possession financing which primes existing liens, that provides for Payment in Full of the Prepetition Obligations, any Adequate Protection Payments, and solely to the extent applicable, any Adequate Protection Amount and/or Adequate Protection Superpriority Claims unless the Prepetition Agent and Prepetition Secured Lender provide prior written consent for financing that does not provide for Payment in Full of the Prepetition Obligations, any Adequate Protection Payments and, solely to the extent applicable, any Adequate Protection Amount and/or Adequate Protection Superpriority Claims.

(xii) Notwithstanding anything to the contrary herein, a Challenge Proceeding shall not trigger an Event of Default.

13. <u>Rights and Remedies upon the Event of Default</u>. Immediately upon the occurrence and during the continuation of an Event of Default, the provisions of Bankruptcy Code section 362 notwithstanding, without any application, motion, or notice to, hearing before, or order from the Court, but subject to the terms of this Final Order, the Prepetition Agent (at the direction of the Prepetition Secured Lender) may provide written notice to the Debtors, the U.S. Trustee, the Creditors' Committee, the Tort Committee and the FCR (such notice, a

30