## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

### NOTICE OF **SECOND** AMENDED[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON APRIL 15, 2020, AT 10:00 A.M. (ET)

RESOLVED MATTERS

1.      Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and (II) Granting Related Relief (D.I. 6, Filed 2/18/20).

Objection Deadline:  March 17, 2020, at 4:00 p.m. (ET).  Extended to March 19, 2020, at 12:00 p.m. for the Tort Claimants' Committee.

Responses Received:

   a)      Informal comments from the Creditors' Committee; and

   b)      Informal comments from the Tort Claimants' Committee.

Related Pleadings:

   a)      Interim Order (I) Authorizing the Payment of Certain Taxes and (II) Granting Related Relief (D.I. 64, Entered 2/19/20);

   b)      Notice of Final Hearing to Consider First Day Pleadings (D.I. 93, Filed 2/20/20);

   c)      Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and (II) Granting Related Relief (D.I. 307, Filed 3/27/20);

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] **Amended items appear in bold.**

       d)      Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and (II) Granting Related Relief (D.I. 356, Filed 4/7/20); and

       e)      Final Order (I) Authorizing the Payment of Certain Taxes and (II) Granting Related Relief (D.I. 366, Entered 4/8/20).

Status:  An order has been entered.  No hearing is necessary.

2.      Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms, (II) Waiving the Requirements of 11 U.S.C. § 345(b), and (III) Granting Related Relief (D.I. 13, Filed 2/18/20).

Objection Deadline:  March 17, 2020, at 4:00 p.m. (ET).  Extended to April 1, 2020, at 4:00 p.m. (ET) for JPMorgan Chase Bank, National Association.  Extended to April 7, 2020, at 12:00 p.m. (ET) for JPMorgan Chase Bank, National Association, the Creditors' Committee, the Tort Claimants' Committee, and the Future Claimants' Representative.

Responses Received:

       a)      Informal comments from the U.S. Trustee;

       b)      Informal comments from JPMorgan Chase Bank, National Association;

       c)      Informal comments from the Creditors' Committee;

       d)      Informal comments from the Tort Claimants' Committee; and

       e)      Informal comments from the Future Claimants' Representative.

Related Pleadings:

       a)      Notice of Filing of Revised Proposed Interim Order Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms; (II) Waiving the Requirements of 11 U.S.C. § 345(b) for Cause; and (III) Granting Related Relief (D.I. 79, Filed 2/20/20);

b)        Interim Order (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms, (II) Waiving the Requirements of 11 U.S.C. § 345(b), and (III) Granting Related Relief (D.I. 83, Entered 2/20/20);

c)        Notice of Final Hearing to Consider First Day Pleadings (D.I. 93, Filed 2/20/20);

d)        Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms, (II) Waiving the Requirements of 11 U.S.C. § 345(B), and (III) Granting Related Relief (D.I. 363, Filed 4/8/20); and

e)        Final Order (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms; (II) Waiving The Requirements of 11 U.S.C. § 345(b) for Cause; and (III) Granting Related Relief (D.I. 381, Entered 4/9/20).

Status:  An order has been entered.  No hearing is necessary.

3.      Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing Continued Performance of Obligations Under Shared Services Arrangements, and (III) Granting Related Relief (D.I. 15, Filed 2/18/20).

Objection Deadline:  March 17, 2020, at 4:00 p.m. (ET).  Extended to April 1, 2020, at 4:00 p.m. (ET) for JPMorgan Chase Bank, National Association.  Extended to April 7, 2020, at 12:00 p.m. (ET) for the Creditors' Committee, the Tort Claimants' Committee, and the Future Claimants' Representative.

Responses Received:

a)        Informal comments from the U.S. Trustee;

b)        Informal comments from the Tort Claimants' Committee;

c)        Informal comments from the Creditors' Committee;

d)        Informal comments from the Future Claimants' Representative; and

e)        Informal comments from JPMorgan Chase Bank, National Association.

Related Pleadings:

    a)    Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing Continued Performance of Obligations Under Shared Services Arrangements, and (III) Granting Related Relief (D.I. 75, Entered 2/19/20);

    b)    Notice of Final Hearing to Consider First Day Pleadings (D.I. 93, Filed 2/20/20);

    c)    Certificate of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing Continued Performance of Obligations Under Shared Services Arrangements, and (III) Granting Related Relief (D.I. 358, Filed 4/7/20); and

    d)    Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing Continued Performance of Obligations Under Shared Services Arrangements, and (III) Granting Related Relief (D.I. 369, Entered 4/8/20).

Status:  An order has been entered.  No hearing is necessary.

4.    Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 205, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).

Responses Received:

    a)    Informal comments from the U.S. Trustee.

Related Pleadings:

    a)    Notice of Filing of Revised Schedules 2 and 3 of Declaration of Derek C. Abbott in Support of the Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 331, Filed 4/1/20);

      b)      Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), And 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 334, Filed 4/2/20); and

      c)      Order Authorizing the Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 339, Entered 4/6/20).

Status:  An order has been entered.  No hearing is necessary.

5.      Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisor for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 206, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).  Extended to April 7, 2020, at 4:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

      a)      Informal comments from the U.S. Trustee.

Related Pleadings:

      a)      Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisor for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 345, Filed 4/6/20); and

      b)      Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisor for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 355, Entered 4/7/20).

Status:  An order has been entered.  No hearing is necessary.

6.      Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Bates White, LLC as Abuse Claims Consultant for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 207, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).  Extended to April 7, 2020, at 4:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

    a)    Informal comments from the U.S. Trustee.

Related Pleadings:

    a)    Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Bates White, LLC as Abuse Claims Consultant for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 343, Filed 4/6/20);

    b)    Order Authorizing the Retention and Employment of Bates White, LLC Abuse Claims Consultant for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 353, Entered 4/7/20).

Status:  An order has been entered.  No hearing is necessary.

7.    Debtors' Application for Entry of an Order Authorizing the Retention and Employment of KCIC, LLC as Insurance and Valuation Consultant for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 208, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).

Responses Received:

    a)    Informal comments from the U.S. Trustee.

Related Pleadings:

    a)    Supplemental Declaration of Elizabeth Hanke in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of KCIC, LLC as Insurance and Valuation Consultant for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 312, Filed 3/30/20);

    b)    Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of KCIC, LLC as Insurance and Valuation Consultant for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 336, Filed 4/2/20); and

    c)    Order Authorizing the Retention and Employment of KCIC, LLC as Insurance and Valuation Consultant for the Debtors and Debtors in Possession*, Nunc Pro Tunc* to the Petition Date (D.I. 340, Entered 4/6/20).

Status:  An order has been entered.  No hearing is necessary.

8.       Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Omni Agent Solutions as Administrative Agent for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 209, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).  Extended to April 1, 2020, at 4:00 p.m. (ET) for the Tort Claimants' Committee and April 7, 2020, at 4:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)       Informal comments from the U.S. Trustee; and

b)       Informal comments from the Tort Claimants' Committee.

Related Pleadings:

a)       Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Omni Agent Solutions as Administrative Agent for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 347, Filed 4/6/20); and

b)       Order Authorizing the Retention and Employment of Omni Agent Solutions as Administrative Agent for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 372, Entered 4/8/20).

Status:  An order has been entered.  No hearing is necessary.

9.       Debtors' Motion for Entry of an Order Authorizing the Debtors to Retain and Compensate Certain Professionals Used in the Ordinary Course of their Non-Profit Operations, *Nunc Pro Tunc* to the Petition Date (D.I. 214, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).  Extended to April 7, 2020, at 4:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)       Informal comments from the U.S. Trustee.

Related Pleadings:

a)       Certificate of Counsel Regarding the Debtors' Motion for Entry of an Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief (D.I. 337, Filed 4/2/20).; and

b)       Order Authorizing the Debtors to Retain and Compensate Certain Professionals Used in the Ordinary Course of Their Non-Profit Operations, *Nunc Pro Tunc* to the Petition Date (D.I. 354, Entered 4/7/20).

Status:  An order has been entered.  No hearing is necessary.

10.    Debtors' Motion for Entry of an Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief (D.I. 215, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).

Responses Received:

a)       Informal comments from the U.S. Trustee.

Related Pleadings:

a)       Certificate of Counsel Regarding the Debtors' Motion for Entry of an Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief (D.I. 337, Filed 4/2/20); and

b)       Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief (D.I. 341, Entered 4/6/20).

Status:  An order has been entered.  No hearing is necessary.

11.    Debtors' Application for Entry of an Order Authorizing The Retention and Employment of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. as Special Litigation Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 220, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).  Extended to April 7, 2020, at 4:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)       Informal comments from the U.S. Trustee.

Related Pleadings:

a)      Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Authorizing the Retention and Employment Ogletree, Deakins, Nash, Smoak & Stewart, P.C. as Special Litigation Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 346, Filed 4/6/20); and

b)      Order Authorizing the Retention and Employment of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. as Special Litigation Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 364, Entered 4/8/20).

Status:  An order has been entered.  No hearing is necessary.

12.      Application of the Official Tort Claimants' Committee for Entry of an Order, Pursuant to 11 U.S.C. §§ 328 and 1103, Fed. R. Bankr. P. 2014 and Local Rule 2014-1, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Tort Claimants Committee Effective as of March 4, 2020 (D.I. 292, Filed 3/25/20)

Objection Deadline:  April 8, 2020, at 4:00 p.m. (ET).

Responses Received:

a)      Informal comments from the Debtors; and

b)      Informal comments from the U.S. Trustee.

Related Pleadings:

a)      Certification of Counsel re Application of the Official Tort Claimants' Committee for Entry of an Order, Pursuant to 11 U.S.C. §§ 328 and 1103, Fed. R. Bankr. P. 2014 and Local Rule 2014-1, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Tort Claimants Committee Effective as of March 4, 2020 (D.I. 383, Filed 4/9/20); and

b)      Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020 (D.I. 398, Entered 4/11/20).

Status:  An order has been entered.  No hearing is necessary.

13.     Application for Entry of an Order Authorizing the Retention and Employment of
        Berkeley Research Group, LLC, as Financial Advisor to the Official Tort Claimants'
        Committee Effective as of March 6, 2020 (D.I. 293, Filed 3/25/20).

        Objection Deadline:  April 8, 2020, at 4:00 p.m. (ET).

        Responses Received:  None.

        Related Pleadings:

                a)      Certificate of No Objection re Application for Entry of an Order
                        Authorizing the Retention and Employment of Berkeley Research Group,
                        LLC, as Financial Advisor to the Official Tort Claimants' Committee
                        Effective as of March 6, 2020 (D.I. 384, Filed 4/9/20); and

                b)      Order Authorizing and Approving the Retention of Berkeley Research
                        Group, LLC, as Financial Advisor to the Official Tort Claimants'
                        Committee Effective as of March 6, 2020 (D.I. 399, Entered 4/11/20).

        Status:  An order has been entered.  No hearing is necessary.

MATTERS UNDER CERTIFICATION

14.     Debtors' Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal
        Representative for Future Claimants, *Nunc Pro Tunc* to the Petition Date (D.I. 223, Filed
        3/18/20).

        Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).

        Responses Received:

                a)      Informal comments from the Tort Claimants' Committee.

        Related Pleadings:

                a)      Certification of Counsel Regarding the Debtors' Motion for Entry of an
                        Order Appointing James L. Patton, Jr., as Legal Representative for Future
                        Claimants, *Nunc Pro Tunc* to the Petition Date (D.I. 360, Filed 4/8/20).

        Status:  A certification of counsel has been filed.  No hearing is necessary unless the
        Court has questions.

ADJOURNED MATTERS

15.     Debtors' Motion for Entry of an Order (I) Scheduling Certain Deadlines in Connection
        with Potential Disputes Regarding the Debtors' Identified Property and (II) Granting
        Related Relief (D.I. 19, Filed 2/18/20).

        Objection Deadline:  March 11, 2020, at 4:00 p.m. (ET).  Extended to May 4, 2020, at
        4:00 p.m. (ET) for the Creditors' Committee, the Tort Claimants' Committee, the
        proposed Future Claimants' Representative, the U.S. Trustee, and JPMorgan Chase Bank,
        National Association.
        Responses Received:

              a)      Informal comments from the U.S. Trustee.

        Related Pleadings:

              a)      Notice of Hearing of the Debtors' Motion for Entry of an Order (I)
                      Scheduling Certain Deadlines in Connection with Potential Disputes
                      Regarding the Debtors' Identified Property and (II) Granting Related
                      Relief (D.I. 108, Filed 2/29/20).

        Status:  This matter has been adjourned to May 18, 2020, at 10:00 a.m. (ET).

16.     Debtors' Application for Entry of an Order Authorizing the Retention and Employment
        of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession, *Nunc Pro
        Tunc* to the Petition Date (D.I. 204, Filed 3/17/20).

        Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).  Extended to April 7, 2020, at
        4:00 p.m. (ET) for the U.S. Trustee.  Extended to April 23, 2020, at 4:00 p.m. (ET) for
        Century Indemnity Company.

        Responses Received:

              a)      Informal comments from the U.S. Trustee; and

              b)      Informal comments from Century Indemnity Company.

        Related Pleadings:  None.

        Status:  The informal comments from the U.S. Trustee have been resolved.  This matter
        has been adjourned to May 18, 2020, at 10:00 a.m. (ET) to resolve the informal
        comments from Century Indemnity Company.

MATTERS GOING FORWARD

17.    Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 5, Filed 2/18/20).

Objection Deadline:  March 17, 2020, at 4:00 p.m. (ET).  Extended to April 1, 2020, at 4:00 p.m. (ET) for JPMorgan Chase Bank, National Association.  Extended to April 8, 2020, at 11:59 p.m. (ET) for the Creditors' Committee, the Tort Claimants' Committee, and the Future Claimants' Representative.

Responses Received:

a)    Informal comments from the Tort Claimants' Committee;

b)    Informal comments from the Creditors' Committee;

c)    Informal comments from the Future Claimants' Representative;

d)    Informal comments from JPMorgan Chase Bank, National Association;

e)    The Texas Taxing Authorities' Objection to Debtor's Interim Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503, and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 143, Filed 3/6/20);

f)    Local Texas Tax Authorities' Objection to Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503, and 507; . . . (IV) Granting Related Relief (D.I. 221; Filed 3/17/20); and

g)    Informal comments from the U.S. Trustee.

Related Pleadings:

 a) Notice of Filing of Revised Proposed Interim Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 78, Filed 2/20/20);

 b) Interim Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 And 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 90, Entered 2/20/20); and

 c) Notice of Final Hearing to Consider First Day Pleadings (D.I. 93, Filed 2/20/20); and

 d) Declaration of Brian Whittman in Support of the Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 400, Filed 4/13/20);

 e) Certification of Counsel re Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 401, Filed 4/13/20);

 f) Notice of Withdrawal [of D.I. 401] (D.I. 402, Filed 4/13/20);

 g) Certification of Counsel re Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 403, Filed 4/13/20); and

h)      Certification of Counsel Regarding Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 And 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief (D.I. 413, Filed 4/14/20).

Status:  A certification of counsel has been filed.  No hearing is necessary unless the court has questions.

18.    Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 17, Filed 2/18/20).

Objection Deadline:  March 11, 2020, at 4:00 p.m. (ET).  Extended to April 1, 2020, at 4:00 p.m. (ET) for the Creditors' Committee, the Tort Claimants' Committee, the proposed Future Claimants' Representative, and JPMorgan Chase Bank, National Association.

Responses Received:

a)      Informal comments from JPMorgan Chase Bank, National Association;

b)      Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 161, Filed 3/11/20);

c)      Laraine Kelley, Esq. Affidavit in Opposition to (I) the BSA's motion for a preliminary injunction; and (II) the BSA's motion for an order appointing a judicial mediator (D.I. 164 and A.D.I. 32, Filed 3/11/20); and

d)      National Surety Corporation's Partial Joinder to Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 166, Filed 3/11/20);

      e)        Allianz Global Risks US Insurance Company's Partial Joinder to Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 316, Filed 3/31/20); and

      f)        Century Indemnity Company's Limited Objection and Partial Joinder in Part to Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief [Dkts. 17, 161] (D.I. 388, Filed 4/10/20).

Related Pleadings:

      a)        Notice of Hearing of the Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 107, Filed 2/26/20).

Status: This matter is going forward. The Debtors, the Tort Claimants' Committee, the Future Claimants' Representative, and the Ad Hoc Committee of Local Councils have agreed on two mediators. (The Creditors' Committee is meeting this afternoon to discuss approval.) The Debtors have also been in discussions with various insurers about their limited objections and the possible appointment of an insurance mediator. The parties are working on a proposed appointment order to be presented to the Court for approval.

19.    Girl Scouts of the United States of America's Motion for Relief From the Automatic Stay to Resume Trademark Action (D.I. 155, Filed 3/10/20).

Objection Deadline: March 17, 2020, at 4:00 p.m. (ET). Extended to April 6, 2020 for the Debtors, the Creditors' Committee, the Tort Claimants' Committee, and the Future Claimants' Representative.

Responses Received:

      a)        Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action (D.I. 320, Filed 3/31/20);

      b)        Declaration of Brian Whittman in Support of Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief From the Automatic Stay to Resume Trademark Action (D.I. 321, Filed 3/31/20);

c)      Declaration of Rachel Kassabian in Support of Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief From the Automatic Stay to Resume Trademark Action (D.I. 322, Filed 3/31/20);

d)      Joinder of the Tort Claimants' Committee in the Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action (D.I. 349, Filed 4/6/20);

e)      Limited Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief From the Automatic Stay to Resume Trademark Action (D.I. 357, Filed 4/7/20);

f)      Girl Scouts of the United States of America's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authority to File Under Seal (I) Portions of Girl Scouts of the United States of America's Reply Brief in Support of its Motion for Relief from the Automatic Stay to Resume Trademark Action; and (II) the Exhibits to the Declaration of Eric Lopez Schnabel (D.I. 386, Filed 4/10);

g)      Local Rule 9018-1 Certification of Counsel (D.I. 387, Filed 4/10);

h)      Declaration of Bruce R. Ewing in Support of Motion of Girl Scouts of the United States of America for Relief from Automatic Stay to Resume Trademark Action (D.I. 389, Filed 4/10/20);

i)      [SEALED] Brief In Support of its Motion For Relief From the Automatic Stay to Resume Trademark Action (D.I. 390, Filed 4/10/90);

j)      Notice of Filing of Proposed Redacted Version of Girl Scouts of the United States of America's Reply Brief in Support of its Motion for Relief From the Automatic Stay to Resume Trademark Action (D.I. 391, Filed 4/10/20);

k)      [SEALED] Declaration of Eric Lopez Schnabel (D.I. 392, Filed 4/10/20);

l)      Declaration of Eric Lopez Schnabel (D.I. 393, Filed 4/10/20);

m)      Notice of Girl Scouts of the United States of America's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authority to File Under Seal (I) Portions of Girl Scouts of the United States of America's Reply Brief in Support of its Motion for Relief From the Automatic Stay to Resume Trademark Action; and (II) the Exhibits to the Declaration of Eric Lopez Schnabel (D.I. 395, Filed 4/10/20);

n)  Limited Joinder of the Future Claimants' Representative to the Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action (D.I. 409, Filed 4/14/20)**; and**

**o)  The Tort Claimants' Committee's Reservation of Rights to Girl Scouts of the United States of America's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authority to File Under Seal (I) Portions of Girl Scouts of the United States of America's Reply Brief in Support of its Motion for Relief from the Automatic Stay to Resume Trademark Action; and (II) the Exhibits to the Declaration of Eric Lopez Schnabel (D.I. 420, Filed 4/14/20).**

Related Pleadings:

a)  Girl Scouts of the United States of America's Brief in Support of its Motion for Relief From the Automatic Stay to Resume Trademark Action (D.I. 157, Filed 3/10/20).

Status:  This matter is going forward.

20.  Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Haynes and Boone, LLP as Special Insurance Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 210, Filed 3/17/20).

Objection Deadline:  March 31, 2020, at 4:00 p.m. (ET).

Responses Received:

a)  Informal comments from the U.S. Trustee.

Related Pleadings:

a)  Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Haynes and Boone, LLP as Special Insurance Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date (D.I. 335, Filed 4/2/20).

Status:  A certificate of counsel has been filed.  The Court has requested a hearing on this matter.

21.  Application for Entry of an Order Authorizing the Proposed Future Claimants' Representative to Retain and Employ Young Conaway Stargatt & Taylor, LLP as his Attorneys, Effective as of the Petition Date (D.I. 243, Filed 3/20/20).

Objection Deadline:  April 3, 2020, at 4:00 p.m. (ET).

Responses Received:  None.

Related Pleadings:  None.

Status:  This matter is going forward.

22.    Debtors' Motion For Entry of an Order (I) Authorizing the Debtors to Reject Professional Services Agreement with Pearson Education, Inc. and (II) Granting Related Relief (D.I. 318, Filed 3/31/20).

Objection Deadline:  April 8, 2020, at 4:00 p.m. (ET).

Responses Received:

   a)    Pearson Education, Inc.'s (A) Limited Objection to Debtors' Motion for an Order (I) Authorizing the Debtors to Reject Professional Services Agreement with Pearson Education, Inc. and (II) Granting Related Relief and (B) Cross-Motion for an Order Granting an Administrative Claim for Post-Petition Services Provided (D.I. 350, Filed 4/6/20).

Related Pleadings:

   a)    Debtors' Reply to Pearson Education, Inc.'s (A) Limited Objection to Debtor's Motion for an Order (I) Authorizing the Debtors to Reject Professional Services Agreement with Pearson Education, Inc. and (II) Granting Related Relief and (B) Cross-Motion for an Order Granting an Administrative Claim for Post-Petition Services Provided (D.I. 380, Filed 4/9/20).

Status:  This matter is going forward.

23.    Motion of the Official Tort Claimants' Committee for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information (D.I. 332, Filed 4/1/20).

Objection Deadline:  April 8, 2020, at 4:00 p.m. (ET).

Responses Received:

   a)    Informal comments from the Debtors;

   b)    Century Indemnity Company's Limited Objection to the Official Tort Claimants' Committee's Motion for an Order Clarifying the Requirements

to Provide Access to Confidential or Privileged Information [Dkt. No. 332] (D.I. 368, Filed 4/8/20);

c)     Joinder of Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company in Century's Limited Objection to the Official Tort Claimants' Committee's Motion for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information (D.I. 370, Filed 4/8/20); and

d)     The Tort Claimants' Committee's Reply to Century Indemnity Company's Limited Objection to the Official Tort Claimaint's Committee's Motion for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information (D.I. 397, Filed 4/10/20).

Related Pleadings:  None.

Status:  This matter is going forward.

Dated:  April 14, 2020        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
      Wilmington, Delaware

*/s/  Eric W. Moats*
    Derek C. Abbott (No. 3376)
    Andrew R. Remming (No. 5120)
    Joseph C. Barsalona II (No. 6102)
    Eric W. Moats (No. 6441)
    Paige N. Topper (No. 6470)
    1201 North Market Street, 16th Floor
    P.O. Box 1347
    Wilmington, Delaware 19899-1347
    Telephone:  (302) 658-9200
    Facsimile:  (302) 425-4664
    Email:  dabbott@mnat.com
           aremming@mnat.com
           jbarsalona@mnat.com
           emoats@mnat.com
           ptopper@mnat.com

    – and –

    SIDLEY AUSTIN LLP
    Jessica C. K. Boelter (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, New York 10019
    Telephone:  (212) 839-5300
    Email:  jboelter@sidley.com

    – and –

    SIDLEY AUSTIN LLP
    Thomas A. Labuda (admitted *pro hac vice*)
    Michael C. Andolina (admitted *pro hac vice*)
    Matthew E. Linder (admitted *pro hac vice*)
    One South Dearborn Street
    Chicago, Illinois 60603
    Telephone:  (312) 853-7000
    Email:  tlabuda@sidley.com
           mandolina@sidley.com
           mlinder@sidley.com

    CO-COUNSEL  AND  PROPOSED  COUNSEL  TO
    THE DEBTORS AND DEBTORS IN POSSESSION