**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 318, 350, 380 |

**ORDER (I) AUTHORIZING THE DEBTORS
TO REJECT PROFESSIONAL SERVICES AGREEMENT WITH
PEARSON EDUCATION, INC. AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") (i) authorizing the rejection of the Agreement by and between Pearson and the BSA, effective as of April 17, 2020 and (ii) granting related relief; and upon *Pearson Education, Inc.'s (A) Limited Objection to Debtors' Motion for an Order (I) Authorizing the Debtors to Reject Professional Services Agreement with Pearson Education, Inc. and (II) Granting Related Relief and (B) Cross-Motion for an Order Granting an Administrative Claim for Post-Petition Services Provided* [Docket No. 350] (the "Cross Motion"); and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Debtors and Pearson having consented to entry of a final order

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on this matter having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and the Cross Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, to reject the Agreement effective as of April 17, 2020 (the "Rejection Date"), and the Agreement is hereby rejected as of the Rejection Date.

3. Pearson's claim for unpaid amounts due under the Agreement for the period from the Petition Date to and including the Rejection Date (the "Postpetition Claim") is hereby allowed as an administrative expense under section 503(b) of the Bankruptcy Code in the amount of $244,966.60 (the "Allowed Claim Amount"). Subject to Pearson's timely return of all files and work product as set forth in paragraph 4 hereof, the Debtors shall, no later than May 1, 2020, remit payment to Pearson in an amount equal to the Allowed Claim Amount. Such payment shall be in full and final satisfaction of the Postpetition Claim.

4. Pearson shall, no later than the Rejection Date, remit to the Debtors all files and work product in its possession containing the Debtors' information, including, without limitation, all Compilations and Derivative Works, all BSA Materials and all Confidential Information (each as defined in the Agreement).

5. For any claim against the Debtors arising from the rejection of the Agreement, Pearson must submit a proof of claim to the Debtors' claims agent, Omni Agent Solutions, via first-class U.S. Mail, overnight mail, or hand-delivery at the following address: BSA Claims Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367, and Pearson must submit such proof of claim so as to be actually received on or before the date that is the later of (i) thirty (30) days after entry of this Order or (ii) the applicable bar date for claims arising prior to the Petition Date.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed or construed as: (a) an admission as to the validity or priority of any claim (other than the Postpetition Claim) or lien against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute such claim (other than the Postpetition Claim) or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim (other than the Postpetition Claim) is of a type specified or defined in the Motion or this Order; (e) authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

7. Nothing herein shall constitute a determination with respect to Pearson's agreement or consent to the rejection or termination of the Agreement, and except as specifically set forth herein all of the Debtors' and Pearson's rights, claims, and defenses are specifically preserved.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6006(c) and the Bankruptcy Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 15th, 2020
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE