**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
|  | Jointly Administered |
| Debtors. | **Ref. Docket No. ____** |

**ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

Upon consideration of the *Motion of the Tort Claimants' Committee for an Order (I) Establishing Information Sharing Procedures and (II) Granting Related Relief* (the "Motion")[2] filed by the Official Committee of Unsecured Creditors (the "Tort Claimants' Committee") of Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion is granted as set forth herein.

2.      The Tort Claimants' Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtors, or any other Entity (as defined below), to any creditor with a claim of the kind represented by the Tort Claimants' Committee, except as provided below.

3.      The Tort Claimants' Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Tort Claimants' Committee.  Nonetheless, the Tort Claimants' Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Tort Claimants' Committee.

4.      The Tort Claimants' Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

a.      Privileged and Confidential Information.  The Tort Claimants' Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Tort Claimants' Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Tort Claimants' Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code, or to any Entity whose goals, in the Tort Claimants' Committee's sole discretion, are, may be, or may become adverse to the goals of the Tort Claimants' Committee.

2

b.    Information Obtained Through Discovery.    Any information received (formally or informally) by the Tort Claimants' Committee from any Entity in connection with informal discovery, an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  Nothing herein shall obligate the Tort Claimants' Committee to provide any information that the Tort Claimants' Committee obtains from the Debtors or third parties.

c.    Creditor Information Requests.    If a creditor (the "Requesting Creditor") submits a written request to the Tort Claimants' Committee (the "Information Request") for the Tort Claimants' Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Tort Claimants' Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Information Request because the Tort Claimants' Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Tort Claimants' Committee pursuant to an agreement or order to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Tort Claimants' Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served, including on the Debtors, and the hearing on such motion shall be noticed and scheduled.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Tort Claimants' Committee or the Debtors from objecting to such request) that the Tort Claimants' Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Tort Claimants' Committee deems to be Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review.

3

d.  ~~Release of Confidential Information of Third Parties. If an Information Request implicates Confidential Information of the Debtors or any other Entity, and the Tort Claimants' Committee agrees that such request should be satisfied, or if the Tort Claimants' Committee on its own wishes to disclose such Confidential Information to one or more creditors with a claim of the kind represented by the Tort Claimants' Committee who is or are not appointed to the Tort Claimants' Committee, the Tort Claimants' Committee shall serve a written information demand (each, a "Demand"), for the benefit of the Debtors' creditors, in accordance with the following procedures: (i) if the Confidential Information is information of the Debtors, by submitting a written Demand, captioned as a "Committee Information Demand," to counsel for the Debtors, stating that the relevant Confidential Information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, if any, the Committee, the Requesting Creditor (if applicable) and the Debtors may, if they have been unable to consensually resolve the objection, schedule a hearing with the Court seeking a ruling with respect to the Demand; and (ii) if the Confidential Information is information of another Entity, by submitting a written Demand to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, if any, the Committee, the Requesting Creditor (if applicable), such Entity, and the Debtors may, if they have been unable to consensually resolve the objection, schedule a hearing with the Court seeking a ruling with respect to the Demand.  For the avoidance of doubt, this subparagraph (d) is subject to subparagraph (b) above in all respects.~~

5.    Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Tort Claimants' Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

6.    Notwithstanding anything to the contrary in this Order, any party that seeks to file any pleadings under seal or redact any information from a filed pleading, must ~~obtain~~seek authority to do so upon notice and a hearing in accordance with the Bankruptcy

4

5

Rules and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware.

7.     This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: _____, 2020     _____

THE HONORABLE LAURIE SELBER SILVERSTEN
UNITED STATES BANKRUPTCY JUDGE

DOCS_SF:103113.2103113.3 85353/002

Document comparison by Workshare 9.5 on Wednesday, April 08, 2020
11:04:30 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_SF/103113/2 |
| Description | DOCS_SF-#103113-v2-BSA_-_Order_re_Committee_Information_Motion |
| Document 2 ID | PowerDocs://DOCS_SF/103113/3 |
| Description | DOCS_SF-#103113-v3-BSA_-_Order_re_Committee_Information_Motion |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 3 |
| Deletions | 4 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 7 |