**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**Objection Deadline: April 30, 2020 at 4:00 p.m. (ET)
Hearing Date: May 18, 2020 at 10:00 a.m. (ET)**

**THE TORT CLAIMANTS' COMMITTEE'S APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 1103(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING RETENTION OF DR. JON R. CONTE AS EXPERT CONSULTANT ON SEXUAL ABUSE AND EXPERT WITNESS EFFECTIVE AS OF APRIL 16, 2020**

The official committee of survivors of childhood sexual abuse appointed in these cases by the United States Trustee (the "Tort Claimants' Committee") hereby submits its application (the "Application") for entry of an order, pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the retention of Jon R. Conte, Ph.D. ("Dr. Conte") as an expert consultant on sexual abuse and expert witness effective as of April 16, 2020. In support of the Application, the Committee submits the Declaration of Dr. Conte (the "Conte Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware the BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Docs_LA:32817.2 85353.002

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the Tort Claimant's Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.  Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are Bankruptcy Code sections 1103(a) and 328(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014.

**Background**

4.  On February 18, 2020 (the "Petition Date"), the Debtors commenced their chapter 11 cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5.  On March 5, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse.

**Relief Requested**

6. By this Application, the Tort Claimants' Committee requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014, authorizing the Tort Claimants' Committee to employ and retain Dr. Conte to provide expert consulting services and expert witness services to the Tort Claimants' Committee effective as of April 16, 2020, in accordance with the terms and conditions set forth herein. Dr. Conte's Curriculum Vitae is set forth in **Exhibit C** attached hereto.

7. The Tort Claimants' Committee proposes to retain Dr. Conte for the purpose of providing the expert consulting and testimony services described below. For the reasons set forth herein, the Committee submits that the relief requested in this Application is in the best interests of the Tort Claimants' Committee, survivors of childhood sexual abuse, and the Debtors' estates, and, therefore, should be granted.

**Services to be Rendered**

8. The Tort Claimants' Committee seeks to retain Dr. Conte for the purpose of providing the following services (collectively, the "Services"):

    a. expert consulting services and expert testimony regarding notice and information procedures relating to claims of sexual abuse victims in these Cases;

    b. expert consulting services and expert testimony regarding the form of sexual abuse proof of claim forms;

    c. expert consulting services and expert testimony in connection with *Debtors' Motion, Pursuant To 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines For Filing Proofs Of Claim, (II) Establish the Form and Manner of Notice Thereof,(III) Approve*

> *Procedures for Providing Notice of Bar Date and Other Important Information To Abuse Victims, and (IV) Approve Confidentiality Procedures For Abuse Victims*[Dkt. No. 18] (the "<u>Claims Motion</u>"), and any contested matters and/or litigation arising in these Cases as reasonably requested by the Tort Claimants' Committee;

d. expert consulting services and expert testimony in the review and evaluation of reports prepared by the Debtors and their professionals;

e. as may be requested by the Tort Claimants' Committee, assisting with the preparation of affidavits/declarations, depositions, and briefing in these Cases concerning the issues for which Dr. Conte is providing expert consulting services and expert testimony;

f. preparing for and providing both deposition and court testimony in these Cases regarding the issues for Dr. Conte is providing expert consulting services and expert testimony; and

g. such other consulting and advisory services as may be requested by the Tort Claimants' Committee.

9. Dr. Conte will coordinate and work with estate professionals in order to minimize any duplication of services on behalf of the Tort Claimants' Committee.

**Basis for Relief**

10. The Debtors commenced these Cases in the face of approximately 1700 known asserted sexual abuse claims with the espoused goal of "timely and equitably compensating victims of abuse in Scouting".[2] The actual number of Scout sexual abuse claims is likely to be exponentially greater than those identified to date. It is essential that the claims notice process and claims procedures be appropriately geared to reach potential sexual abuse survivors by taking into account the unique psychological obstacles faced by many to their disclosure of abuse and filing of a proof of claim. Dr. Conte has extensive experience on the impact of childhood sexual abuse on individuals and on what constitutes fair notice to potential

---

[2] *See, e.g., Debtors' Informational Brief* [Dkt. No. 4] at 4, 6.

abuse survivors. The Tort Claimants' Committee seeks to retain Dr. Conte to provide expert consultation to the Tort Claimants' Committee regarding the claims noticing process and procedures, the form of sexual abuse proof of claim, and other matters that arise in these Cases unique to holders of sexual abuse claims including, without limitation, review, analysis, and consultation in connection with reports prepared by abuse and claim experts retained by the Debtors and deposition and expert testimony in connection with those matters.

11.     It is necessary and essential that the Tort Claimants' Committee employ an expert consultant and witness to render the foregoing Services. In light of the unique nature of the claims of sexual abuse victim survivors in these Cases, the Tort Claimants' Committee requires the services of an expert who can enable the Tort Claimants' Committee to adequately assess issues concerning sexual abuse survivors, whose claims these cases were initiated to address. Dr. Conte is well-qualified to provide the Services in a cost-effective, efficient, and timely manner. As described in his Curriculum Vitae and more fully in the Conte Declaration, Dr. Conte has extensive experience in the matters for which he will be engaged by the Tort Claimant's Committee. Accordingly, Dr. Conte is well-qualified to perform the Services and assist the Tort Claimants' Committee in these Cases.

## Disclosure of Connections

12.     To the best of the Tort Claimants' Committee's knowledge, as set forth in the Conte Declaration, Dr. Conte does not have an actual conflict with any of the Debtors' creditors, and Dr. Conte has no connection to the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the

United States Bankruptcy Court for the District of Delaware except as set forth in the Conte Declaration. As set forth in the Conte Declaration, to the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise, Dr. Conte will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Professional Compensation

13. Dr. Conte intends to seek compensation for services rendered and expenses incurred in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable Orders of the Court.

14. The Tort Claimants' Committee proposes to compensate Dr. Conte for services rendered at the hourly rates in effect from time to time and to reimburse Dr. Conte for his actual costs and expenses. Dr. Conte's current standard hourly rate, subject to change from time to time, is $575.

15. As set forth in the Conte Declaration, Dr. Conte believes, and the Tort Claimants' Committee agrees, that the foregoing compensation arrangements are (a) reasonable, (b) market-based, and (c) merited by Dr. Conte's extensive knowledge and experience in the matters for which he is being retained.

16. As more fully described in the Conte Declaration, Dr. Conte is not a prepetition creditor of the Debtors. No promises have been received by Dr. Conte as to compensation or payment in connection with this retention other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court. Dr. Conte has no agreement with any non-affiliated person or entity to

share with such entity any compensation received in connection with this retention except as set forth in the Conte Declaration.

## Applicable Authority

17. To assist a committee with its statutory rights and duties under section 1103(c) of the Bankruptcy Code, a committee may retain experts and consultants. *See* 11 U.S.C. §§ 328(a) and 1103(a); *see also In re Motors Liquidation Co.*, Case No. 09-50026 (Apr. 30, 2010) [Dkt. No. 5683] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of asbestos liabilities under sections 328 and 1103 of the Bankruptcy Code); *In re SFX Entertainment, Inc.*, Case No. 16-10238 (Sept. 27, 2016) [Dkt. No. 1068] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of the business pursuant to a plan of reorganization).

18. Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

19. Based on the foregoing and as further supported by the Conte Declaration, the Tort Claimants' Committee believes that the retention of Dr. Conte to provide expert consulting and witness services is necessary and appropriate, and in the best interests of the Tort Claimants' Committee, the estates, and their creditors.

**Notice**

20. The Tort Claimants' Committee will provide notice of this Application to counsel for the Debtors and the parties set forth on the Master Service List maintained by the Debtors. The Tort Claimants' Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Previous Request**

21. No previous request for the relief sought herein has been made by the Tort Claimants' Committee to this Court or any other court.

**Conclusion**

WHEREFORE, the Tort Claimants' Committee respectfully requests that the Court enter an order granting the relief requested in the Application and such other and further relief as may be just and proper.

Date: April 16, 2020

THE OFFICIAL COMMITTEE OF TORT CLAIMANTS

_____
By: John Humphrey, Chairman
Solely in the capacity as Chairman of the Official Tort Claimants' Committee and not in any other capacity