**Exhibit A**

**(Conte Declaration)**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 20-10343 (LSS) <br> ) <br> ) Jointly Administered <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF DR. JON R. CONTE IN SUPPORT OF APPLICATION OF THE TORT CLAIMANTS' COMMITTEE FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 1103(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING RETENTION OF JON R. CONTE, Ph.D. AS EXPERT ABUSE CONSULTANT AND EXPERT WITNESS EFFECTIVE AS OF APRIL 16, 2020**

I, Dr. Jon R. Conte, make this Declaration under 28 U.S.C. § 1746:

1. I am a Professor Emeritus at the University of Washington and Director of the Joshua Children's Foundation Center on Child Sexual Abuse. I submit this declaration ("Declaration") in support of the Application ("Application")[2] of the official committee of survivors of childhood sexual abuse appointed in these cases by the United States Trustee (the "Tort Claimants' Committee") of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014, authorizing my

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware the BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

employment to provide consulting and expert witness services to the Tort Claimants' Committee effective as of April 16, 2020.

2. The statements set forth below are based upon my personal knowledge.

3. On April 16, 2020, the Tort Claimants' Committee, subject to Court approval, retained me to provide expert consulting and testimony services as described below and in the Application.

4. I have significant expertise and experience in the area of childhood sexual abuse and have been retained both as an expert witness and by official committees in bankruptcy cases to provide services concerning survivors of childhood sexual abuse, including issues relating to what constitutes fair and adequate notice to such survivors.

5. I have focused my scholarship for about four decades on various aspects of childhood sexual abuse. My academic Curriculum Vitae is attached to the Application as **Exhibit C**.

6. I am the founding Editor and currently serve as the Editor of two scientific journals which publish research on various aspects of interpersonal violence: (a) **Journal of Interpersonal Violence and Trauma, and Violence,** and (b) **Abuse: The Review Journal**.

7. My early research on the effects of childhood sexual abuse was funded by the National Institute of Mental Health and began a career-long interest in childhood sexual abuse; especially the harms and damages resulting from childhood sexual abuse on children, youth and adults. For a number of years I maintained a private psychotherapy practice specializing in the treatment of victims of childhood sexual abuse.

8. I have testified over 150 times across more than ten states throughout the country as well as in Canada. A partial list of my expert testimony is attached as Appendix 1 to my Curriculum Vitae. I primarily testify in personal injury civil cases, almost always on behalf of the plaintiff.

9. I will provide the following services to the Tort Claimants' Committee (the "Services"):

   a. expert consulting services and expert testimony regarding notice and information procedures relating to claims of sexual abuse victims in these Cases;

   b. expert consulting services and expert testimony regarding the form of sexual abuse proof of claim forms;

   c. expert consulting services and expert testimony in connection with *Debtors' Motion, Pursuant To 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines For Filing Proofs Of Claim, (II) Establish the Form and Manner of Notice Thereof,(III) Approve Procedures for Providing Notice of Bar Date and Other Important Information To Abuse Victims, and (IV) Approve Confidentiality Procedures For Abuse Victims*[Dkt. No. 18] (the "Claims Motion") and any contested matters and/or litigation arising in these Cases as reasonably requested by the Tort Claimants' Committee;

   d. expert consulting services and expert testimony in the review and evaluation of reports prepared by the Debtors and their professionals;

   e. as may be requested by the Tort Claimants' Committee, assisting with the preparation of affidavits/declarations, depositions and briefing in these Cases concerning the issues for which Dr. Conte is providing expert consulting services and expert testimony;

   f. preparing for and providing both deposition and court testimony in these Cases regarding the issues for Dr. Conte is providing expert consulting services and expert testimony; and

   g. such other consulting and advisory services as may be requested by the Tort Claimants' Committee.

10. I will coordinate and work with estate professionals in order to minimize any duplication of services on behalf of the Tort Claimants' Committee.

11. I understand that section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a) on proposed professionals to an official committee of unsecured creditors. However, I also understand that Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtors, their estates, professionals, and the U.S. Trustee.

12. In connection with my proposed retention by the Tort Claimants' Committee, I undertook to determine whether I had any conflicts or other connections that might cause me to hold or represent an interest adverse to the Tort Claimants' Committee with respect to the matters on which I am to be employed. I obtained from the Tort Claimants' Committee a conflicts checklist with the names of individuals and entities to be reviewed ("Potential Parties in Interest"). The categories of the Potential Parties in Interest in these Cases include: the Debtors, their affiliates, their directors and officers, secured lenders, equity holders, lien holders, letter of credit counterparties, surety bond issuers, insurance carriers, the Debtors' 50 largest unsecured creditors, significant creditors, professionals, ordinary course professionals, U.S. Trustee and key personnel.

13. In preparing this Declaration, I have reviewed my connections with the Potential Parties in Interest. Based on this review, to the best of my current knowledge and except as otherwise set forth herein, I do not have an actual conflict of interest with any of the Potential Parties in Interest. I have no connection to the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee or any

5

person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Eastern District of Delaware, except as follows:

(i) I have worked with the Barbara Sinatra Children's Center Foundation (Rancho Mirage, CA) to develop a series of animated sexual prevention videos: "Protect Yourself Rules" and "Stop the Secrets That Hurt". A teen focused series will be released later this month. The "Stop The Secrets That Hurt" video is the first educational training program for children on how to effectively disclose sexual abuse. These videos have been viewed over 14 million times on You Tube.

(ii) I have an informal collegial relationship with Mr. Michael Johnson, who is the Director of Youth Protection Program of the Boys Scouts of America. I have known Mr. Johnson for over thirty years; first meeting him when he served on the Board of Directors of the American Professional Society on the Abuse of Children for which I was the founding President. Mr. Johnson and I collaborate on sexual abuse prevention issues (e.g. we consulted with the Girls Premiere Softball Association on the elements of a model child safety program). Mr. Johnson serves on the Advisory Board of the Joshua Center.

(iii) I have evaluated adult plaintiffs in civil lawsuits against the Boys Scouts of America in Oregon, Washington, and Illinois.

(iv) I prepared a declaration dated August 13, 2019, in support of preventing the release of the names of Boy Scout offenders and related perversion files in a case against the Boy Scouts then pending in the Minnesota. It is my opinion that adult survivors of childhood sexual abuse should be provided with information about their rights but also have control over whether they wish to be identified as a victim. This is one of the issues that this matter will have to deal with. What is a fair and reasonable notice that reserves the rights of the potential victim to control his identity?

(v) I have never been paid by the Boy Scouts of America.

(vi) I have twice consulted with plaintiff committees in bankruptcy cases against Catholic Dioceses including the case of the Archdiocese of Milwaukee, whose committee

                was represented by Pachulski Stang Ziehl & Jones LLP, counsel for the Tort Claimants' Committee in these Cases.

    (vii)    I have consulted with and/or provided expert testimony in other matters for the following law firms and counsel who represent sexual abuse claimants in these Cases:  (a) Paul Mones; (b) Crew Janci LLP; (c) Dumas Law Group (a/k/a Dumas & Vaughn Attorneys at Law); (d) Hurley McKenna & Mertz, P.C.; (e) Jeff Anderson & Associated, PA; (f) Kosnoff Law; and (g) Pfau Cochran Vertetis Amala PLLC.

    (viii)    I am not currently providing consultation services for counsel in connection with these Cases and I am not currently evaluating any individuals in connection with these cases.

14.    In addition, I have evaluated thousands of survivors of sexual abuse during my professional career and may in the future evaluate individuals, certain of whom may be creditors of the Debtors or survivors of sexual abuse in these Cases.

15.    I do not believe that the foregoing connections create an actual conflict of interest.  Further, I believe I hold no adverse interest to the Tort Claimants' Committee or the estates in the matters for which I am being retained.

16.    If, at any time during the course of these Cases, I learn of any representation which may give rise to a conflict, I will promptly file with the Court an amended declaration identifying and specifying such involvement.

17.    I will apply to the Court for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Orders of the Court.

18.    My current standard hourly rate, subject to change from time to time, is $575.

19. I am not a prepetition creditor of the Debtors. To the best of my knowledge, (a) I have received no promises as to compensation or payment in connection with this retention other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court and (b) I have no agreement with any non-affiliated person or entity to share with such entity any compensation received in connection with this retention.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 13th day of April, 2020 in Mercer Island, WA.

Jon R. Conte, Ph.D.