**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Objection Deadline:**<br>April 30, 2020, at 4:00 p.m. (ET) |

**FIRST MONTHLY FEE APPLICATION OF MORRIS, NICHOLS, ARSHT &
TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY
COMPENSATION AND FOR MONTHLY REIMBURSEMENT OF ALL ACTUAL
AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
FEBRUARY 18, 2020 THROUGH FEBRUARY 29, 2020**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 6, 2020, *nunc pro tunc* to February 18, 2020 |
| Period for which compensation and reimbursement is sought: | February 18, 2020 through February 29, 2020 |
| Amount of compensation sought as actual, reasonable and necessary: | $177,605.00[2] |
| Amount of reimbursement sought as actual, reasonable and necessary: | $11,193.94 |

This is an  x  monthly and interim         final application

The total time expended for fee application preparation is approximately 5.0 hours and the corresponding compensation requested is approximately $2,565.00[3]

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  Morris Nichols will apply the balance of the $221,834.86 retainer held as of the petition date to the fees and expenses requested in this Application.

[3]  Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
|  |  |  |  |

## COMPENSATION BY PROFESSIONAL

## BOY SCOUTS OF AMERICA
### (Case No. 20-10343 (LSS))

### February 18, 2020 through February 29, 2020

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Judson R. Scaggs, Jr. | Partner/Corporate Litigation. Partner since 1997. Joined firm as an associate in 1990. Member of the DE Bar since 1989. | 1,025 | 0.8 | 820.00 |
| Derek C. Abbott | Partner/Bankruptcy. Partner since 2003. Joined firm as an associate in 1995. Member of the DE Bar since 1995. | 925 | 34.9 | 32,282.50 |
| Donna L. Culver | Partner/Bankruptcy. Partner since 2003. Joined firm as an associate in 1995. Member of the DE Bar since 1995. | 875 | 4.1 | 3,587.50 |
| Andrew R. Remming | Partner/Bankruptcy. Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2008. | 800 | 47.9 | 38,320.00 |
| Matthew B. Harvey | Partner/Bankruptcy. Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 750 | 1.0 | 750.00 |
| Tamara K. Mann | Associate/Bankruptcy. Joined the firm as an associate in 2011. Member of the DE Bar since 2011. | 685 | 0.3 | 205.50 |
| Joseph C. Barsalona II | Associate/Bankruptcy. Joined the firm as an associate in 2018. Member of the NJ Bar since 2012. Member of the DE Bar since 2015. | 665 | 45.1 | 29,991.50 |
| Eric W. Moats | Associate/Bankruptcy. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 535 | 50.7 | 27,124.50 |
| Paige N. Topper | Associate/Bankruptcy. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 510 | 29.0 | 14,790.00 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Taylor M. Haga | Associate/Bankruptcy. Joined the firm as an associate in 2018. Member of the DE Bar since 2018. | 475 | 28.6 | 13,585.00 |
| Andrew R. Workman | Associate/Bankruptcy. Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 435 | 0.9 | 391.50 |
| Joseph P. Halsey | Associate/Bankruptcy. Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 435 | 1.8 | 783.00 |
| A. Gage Whirley | Associate/Corporate Litigation. Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 435 | 1.2 | 522.00 |
| Glenn W. Reimann | Paralegal | 335 | 24.4 | 8,174.00 |
| Megan M. Leyh | Paralegal | 335 | 9.0 | 3,015.00 |
| Emily R. Malafronti | Paralegal | 335 | 8.8 | 2,948.00 |
| Theresa M. Naimoli | Legal Assistant | 315 | 1.0 | 315.00 |
| **Total** | | **613.49** | **289.5** | **$177,605.00** |
| **GRAND TOTAL: $177,605.00** | | | | |
| **BLENDED RATE: $613.49** | | | | |
| **ATTORNEY BLENDED RATE: $662.42** | | | | |

## COMPENSATION BY PROJECT CATEGORY

## BOY SCOUTS OF AMERICA
(Case No. 20-10343 (LSS))

### February 18, 2020 through February 29, 2020

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 81.60 | $40,164.50 |
| Asset Dispositions/363 Sales | 0.40 | 320.00 |
| Automatic Stay Matters | 6.90 | 4,852.00 |
| Creditor Communications and Meetings | 5.90 | 4,177.00 |
| Executory Contracts/Unexpired Leases | 0.10 | 66.50 |
| Other Contested Matters | 7.90 | 5,486.50 |
| Employee Matters | 1.10 | 601.50 |
| Financing Matters/Cash Collateral | 24.30 | 17,587.50 |
| Tax Matters | 0.10 | 66.50 |
| Utility Matters | 1.60 | 934.50 |
| Vendor/Supplier Matters | 1.60 | 900.50 |
| Court Hearings | 73.20 | 44,942.50 |
| Claims Objections and Administration | 0.90 | 574.00 |
| Plan and Disclosure Statement | 2.90 | 1,902.50 |
| Litigation/Adversary Proceedings | 41.60 | 26,471.00 |
| Professional Retention (MNAT - Filing) | 4.60 | 2,340.50 |
| Professional Retention (Others - Filing) | 4.20 | 2,940.50 |
| General Case Strategy | 26.60 | 20,738.00 |
| Schedules/SOFA/U.S. Trustee Reports | 4.00 | 2,539.00 |
| **TOTAL** | **289.50** | **$177,605.00** |

**EXPENSE SUMMARY**

**BOY SCOUTS OF AMERICA**
**(Case No. 20-10343 (LSS))**

**February 18, 2020 through February 29, 2020**

| Expense Category | Total Expenses |
|---|---|
| In-House Printing - black & white | $1,562.30 |
| In-House Printing - color | 1,240.80 |
| In-House Duplicating | 1,027.30 |
| Pacer | 176.60 |
| Conference Calls | 310.81 |
| Meals | 2,497.21 |
| Court Costs | 525.00 |
| Photos/Art/Spec Duplicating-Out of Office | 2,214.94 |
| Courier/Delivery Service | 371.53 |
| Transcripts | 237.60 |
| Secretarial Overtime | 149.85 |
| In-House Duplicating - color | 880.00 |
| **Grand Total Expenses** | **$11,193.94** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Objection Deadline**:<br>April 30, 2020, at 4:00 p.m. (ET) |

**FIRST MONTHLY FEE APPLICATION OF MORRIS, NICHOLS, ARSHT &
TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY
COMPENSATION AND FOR MONTHLY REIMBURSEMENT OF ALL ACTUAL
AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
FEBRUARY 18, 2020 THROUGH FEBRUARY 29, 2020**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as bankruptcy co-counsel for the debtors and debtors in possession in the above-captioned cases (the "Debtors"), submits this application (the "Application") for monthly and interim allowance of compensation for professional services rendered by Morris Nichols to the Debtors for the period of February 18, 2020 through and including February 29, 2020 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Morris Nichols during the Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (D.I. 341) (the "Interim Compensation Procedures Order").  In support of this Application, Morris Nichols represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3. On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing these chapter 11 cases.  The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner to date in these chapter 11 cases.

4. On March 4, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Trade Creditors (the "Trade Committee") and an Official Committee of Tort Claimants (the "Tort Committee").

## MORRIS NICHOLS'S RETENTION

5. Prior to the commencement of these chapter 11 cases, the Debtors retained Morris Nichols to provide advice regarding, among others things, preparing for, commencing, and prosecuting these cases under chapter 11 of the Bankruptcy Code. On March 17, 2020, the

Debtors filed the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 205) (the "Morris Nichols Retention Application").

6.  On April 6, 2020, this Court granted the Morris Nichols Retention Application pursuant to the *Order Authorizing the Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 339) (the "Morris Nichols Retention Order").

## INTERIM COMPENSATION PROCEDURES ORDER

7.  The Court entered the Interim Compensation Procedures Order on April 6, 2020. The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all Professionals in these cases.

8.  In particular, the Interim Compensation Procedures Order provides that Professionals may file and serve a Monthly Fee Application no earlier than the 15th day of each month following the month for which compensation is sought, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. Parties in interest will have 14 days (or the next business day if such day is not a business day) after the service of a Monthly Fee Application to object to the requested compensation for services rendered and reimbursement of expenses incurred. Provided that there are no objections to such Monthly Fee Application filed within 14 days after the service of the Monthly Fee Application, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9.   Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## **RELIEF REQUESTED**

10.   Morris Nichols submits this Application for (a) allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as co-counsel for the Debtors in these cases during the Application Period and (b) reimbursement of actual, reasonable, and necessary expenses incurred by Morris Nichols in representing the Debtors during the Application Period.

11.   During the Application Period, Morris Nichols incurred fees in the amount of $177,605.00.[2]  For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $11,193.94.  As of the date of this Application, Morris Nichols has received no payments with respect to these amounts.

12.   Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Morris Nichols timekeepers billing time to the Debtors' cases during the Application Period.

13.   **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

---

[2]   Morris Nichols will apply the balance of the $221,834.86 retainer held as of the petition date to the fees and expenses requested in this Application.

4

14. **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Morris Nichols during the Application Period.

15. Morris Nichols charges $.10 per page for photocopying and $0.05 per page for printing.

16. Morris Nichols does not charge for outgoing domestic facsimiles or incoming facsimiles.

17. In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

18. Morris Nichols has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Morris Nichols has endeavored to coordinate with Sidley Austin, LLP and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. Morris Nichols believes it has been successful in this regard.

19. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

20. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge, and belief that this Application complies with that Rule.

WHEREFORE, Morris Nichols respectfully requests that this Court (a) allow Morris Nichols (i) interim compensation in the amount of $177,605.00 for actual, reasonable, and necessary professional services rendered on behalf of the Debtors during the Application Period; and (ii) interim reimbursement in the amount of $11,193.94 for actual, reasonable, and necessary expenses incurred during the Application Period; (b) authorize and direct the Debtors to pay to Morris Nichols the amount of $153,277.94, which is equal to the sum of 80% ($142,084.00) of Morris Nichols's allowed interim compensation and 100% ($11,193.94) of Morris Nichols's allowed expense reimbursement; and (c) grant such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated:  April 16, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Facsimile:   (302) 425-4664<br>Email:  dabbott@mnat.com<br>            aremming@mnat.com<br>            jbarsalona@mnat.com<br>            emoats@mnat.com<br>            ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:  (212) 839-5300<br>Email:  jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Email:  tlabuda@sidley.com<br>            mandolina@sidley.com<br>            mlinder@sidley.com<br><br>CO-COUNSEL AND PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION |