**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 319 |

**FIRST OMNIBUS ORDER (I) AUTHORIZING THE DEBTORS
TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE
AS OF MARCH 31, 2020 AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") (i) authorizing the Debtors to reject certain Rejected Agreements effective as of March 31, 2020, and (ii) granting related relief; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.　　The relief requested in the Motion is GRANTED as set forth herein.

2.　　The Debtors are authorized, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, to reject the Rejected Agreements set forth on the attached **Schedule 1**, effective with respect to each Rejected Agreement as of March 31, 2020.

3.　　The Debtors are authorized to abandon any Remaining Property located at the Premises, in the Debtors' sole discretion, free and clear of all liens, claims, encumbrances, and rights of third parties, with such abandonment being effective as of March 31, 2020. The counterparties under the Rejected Leases are authorized to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors. The automatic stay is modified to the extent necessary to allow the disposition of any Remaining Property.

4.　　By entry of this Order, the Debtors do not waive any claims that they may have against any counterparty to the Rejected Agreements, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Agreements.

5.　　Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed or construed as: (a) an admission as to the validity or priority of any claim or lien against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; (e) authorization to assume any prepetition agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6006(c) and the Bankruptcy Rules are satisfied by such notice.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 17th, 2020
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE