## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Boy Scouts of America and<br>Delaware BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: May 4, 2020, at  4:00 p.m. (ET)**<br>**Hearing Date: May 18, 2020, at 10:00 a.m. (ET)** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER DETERMINING THAT THE CREDITORS' COMMITTEE IS NOT
REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED
INFORMATION OF THE DEBTORS AND FIXING CREDITOR INFORMATION
SHARING PROCEDURES AND PROTOCOLS UNDER 11 U.S.C. §§ 105(a), 107(b),
AND 1102(b)(3) EFFECTIVE AS OF MARCH 4, 2020**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of the Boy

Scouts of America and Delaware BSA, LLC, the above-captioned debtors and debtors-in-

possession (collectively, the "**Debtors**"), hereby moves this Court (the "**Motion**") for the entry of

an order substantially in the form of the proposed order attached hereto as **Exhibit A** (the

"**Procedures Order**"), pursuant to sections 105(a), 107(b)(1), 1102(b)(3)(A), and 1103(c) of title

11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), establishing that the Creditors' Committee is

not authorized or required, pursuant to Bankruptcy Code section 1102(b)(3)(A), to provide access

to the Debtors' confidential and other information to the creditors it represents and setting and

fixing creditor information sharing procedures and protocols.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") and this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).   Venue of these cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Creditors' Committee consents to the entry of a final judgment or order with respect to this Motion if it is determined the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On February 18, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

5.      On March 4, 2020 (the "**Formation Date**"), the Office of the United States Trustee for Region 3 appointed the five-member Creditors' Committee (each a "**Member**") consisting of: (i) Pension Benefit Guaranty Corporation, (ii) Girl Scouts of the United States of America, (iii) Roger A. Ohmstede, (iv) Pearson Education, Inc., and (v) Lion Brothers Inc.  *See* Dkt. No. 141.

6.      The Creditors' Committee selected Kramer Levin Naftalis & Frankel LLP to serve as its counsel, Reed Smith LLP to serve as its Delaware co-counsel, and AlixPartners, LLP to serve as its financial advisor.

7.      The Creditors' Committee, each member of the Creditors' Committee and the Creditors' Committee's professionals are in the process of negotiating a protective order with the Debtors that, among other things, will govern the use and disclosure of non-public information disclosed to the Creditors' Committee or its representatives by or on behalf of the Debtors (the "**Confidential Debtor Material**").

8.      The Creditors' Committee has also adopted by-laws, which contain numerous provisions designed to, among other things, protect confidential information, materials and communications produced by or related to the Creditors' Committee, its members and professionals as well as privileged information (collectively, "**Confidential Creditors' Committee Material**").  Confidential Creditors' Committee Material includes (i) information or documents generated by the Creditors' Committee, or by any of the Creditors' Committee's professionals, or by any Member or counsel to any Member for the use of the Creditors' Committee and (ii) communications among Members in their capacity as such and communications among Creditors' Committee professionals and the Creditors' Committee, including information regarding specific voting positions taken by Members.

## RELIEF REQUESTED

9.      The Creditors' Committee seeks entry of the Procedures Order, effective as of the Formation Date, authorizing the Creditors' Committee to establish and implement the Creditor Information Protocol (as defined below) to facilitate the Creditors' Committee's duties under section 1102 and 1103 of the Bankruptcy Code.

10.     Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A).

11.     The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees.  Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee (information from other parties together with the Confidential Debtor Material is referred to herein as "**Confidential Information**").  Creditors' committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan.  Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor.  In the Chapter 11 Cases, the Creditors' Committee expects the Debtors and other parties to provide, among other things, information about asset valuations, claims, negotiations with claimants and other parties-in-interest, prepetition transactions and historical financial and related information which may be confidential under section 107 of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedures and applicable state or federal law.

12.     The Creditors' Committee seeks an order of the Court clarifying that the requirement of the Creditors' Committee to provide access to information excludes Confidential Information.

13.     Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege or doctrine).

Such a reading of the statute raises the question of whether the Creditors' Committee could be required to disclose another party's or its own privileged information (collectively, the "**Privileged Information**").[2]  Any obligation to disseminate Privileged Information or Confidential Creditors' Committee Material could hamstring Creditors' Committee counsel's ability to effectively communicate with and advise the Creditors' Committee.  Thus, the Creditors' Committee seeks an order of the Court clarifying that the Creditors' Committee is not obligated under section 1102 to provide access to any Privileged Information or Confidential Creditors' Committee Material.  However, the Creditors' Committee should be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Creditors' Committee.[3]

14.    In addition, the Creditors' Committee believes that the sharing of <u>all</u> information without limitations could be detrimental to maximizing the value of the estates for the benefit of all parties-in-interest.  If there were a risk that the Confidential Debtor Material could be disclosed to any creditor, the Debtors would likely be unwilling to share such information with the Creditors' Committee.  The inability of the Creditors' Committee to gain access to Confidential Debtor Material would in turn severely limit the ability of the Creditors' Committee to fulfill its statutory obligations under the Bankruptcy Code.

15.    In order to carry out its statutory reporting obligations in an orderly manner while balancing the countervailing considerations cited herein, the Creditors' Committee proposes the

---

[2] For the purposes of this Motion, the term "**Privileged Information**" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Creditors' Committee or is a joint or common interest privilege with the Debtors or some other party.

[3] The Creditors' Committee's by-laws contain internal procedures for determining to make public any Confidential Creditors' Committee Material.

following protocol for providing access to information for creditors (the "**Creditor Information**

**Protocol**") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

    a.   <u>Privileged and Confidential Information</u>: The Creditors' Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "**Entity**")[4] (i) without further order of the Court, Confidential Information, (ii) Privileged Information, and (iii) Confidential Creditors' Committee Material.  In addition, the Creditors' Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Creditors' Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code, or to any Entity whose goals, in the Creditors' Committee's sole discretion, are, may be, or may become adverse to the goals of the Creditors' Committee.

    b.   <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) by the Creditors' Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  Nothing herein shall obligate the Creditors' Committee to provide any information the Creditors' Committee obtains from the Debtors or third parties.

    c.   <u>Creditor Information Requests</u>: If a creditor (the "**Requesting Creditor**") submits a written request to the Creditors' Committee (the "**Information Request**") for the Creditors' Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Creditors' Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "**Response**"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Information Request because the Creditors' Committee believes the Information Request implicates Confidential Information, Privileged Information, or Confidential Creditors' Committee Material that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Creditors' Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Creditors' Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served on (i) counsel to the Debtors, (ii) the United States Trustee for the District of Delaware, and (iii) counsel to the Creditors' Committee and the hearing on such motion shall be noticed and scheduled.  Nothing

---

[4] "Entity" does not include the U.S. Trustee.

herein shall be deemed to preclude the Requesting Creditor from requesting (or the Creditors' Committee or Debtors from objecting to such request) that the Creditors' Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Creditors' Committee deems to be Confidential Information, Privileged Information, or Confidential Creditors' Committee Material.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in-camera review.

d.  <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Creditors' Committee agrees that such request should be satisfied, or if the Creditors' Committee on its own wishes to disclose such Confidential Information to creditors, the Creditors' Committee may demand (the "**Demand**") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request to counsel for the Debtors (at the email addresses listed below), requesting that such information be disclosed and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record requesting that such information be disclosed, with a copy to Debtors' counsel requesting that such information be disclosed.  If the Debtor or Entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Creditors' Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such Entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should be done so only pursuant to an order of the Court requiring that such information remain confidential.  Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Jessica Boelter (jboetler@sidley.com) and Matthew Linder (mlinder@sidley.com).  Nothing in this Order authorizes the Creditors' Committee to disclose Confidential Information of the Debtors to any person absent an agreement in writing from the Debtors (or their professional advisors) or a further order of the Court.

e.  If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the Debtors or the Creditors' Committee believes that information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing.  The determination that a Requesting Creditor is a competitor or prospective creditor is reviewable by the Court.

f.  Nothing herein precludes the Creditors' Committee (or its members and representatives) from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Creditors' Committee based on such commonly-received Confidential Information) with any other party-in-interest in the Debtors' chapter 11 cases and/or its professional advisor(s) that have signed a confidentiality agreement, subject to the provisions of any protective order and other orders entered by the Court governing the sharing of Confidential Information.

16.     The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Creditors' Committee and affected creditors.  Contact information for Creditors' Committee counsel is currently available on the Debtors' website (https://officialbsaclaims.com) maintained by Omni Agent Solutions (the "**Claims and Noticing Agent**").  In addition, the Claims and Noticing Agent has agreed to provide unsecured creditors with a website for access to non-confidential, publicly-available information relating to the Chapter 11 Cases for the duration thereof.  Such information shall include, at a minimum, access to the papers filed on the docket of the Chapter 11 Cases; and access to the Debtors' claims register. The Creditors' Committee, through its counsel, may also determine in its discretion to make other non-confidential and non-privileged information available to unsecured creditors that is either not otherwise readily available or that the Creditors' Committee determines should be further highlighted for unsecured creditors.  The Creditors' Committee's website will be accessible at boyscoutsucc.com for this purpose.

## BASIS FOR RELIEF

17.     The Creditors' Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous.  The statute simply requires a creditors' committee to "provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided.  In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable).  *See* 17 C.F.R. §§ 243.100 to 243.103 (2014).  The statute also does not indicate how a creditors' committee

should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

18.     When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (internal quotations omitted)).  However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather than the strict language, controls."  *Ron Pair Enters.*, 489 U.S. at 242 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

19.     The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3).  *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.  In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them.").  As such, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress intended to require committees to disclose confidential information pursuant to section 1102(b)(3).  Based on the terms of the Bankruptcy Code and Bankruptcy Rules, it is clear that Congress could not have intended for a creditors' committee to be required to provide unfettered access to every kind of information that a creditors' committee receives from another party.  If this had been the intention, section 1102(b)(3) would then frustrate other provisions of the Bankruptcy Code and Bankruptcy Rules, such as section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018.

20.     Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential

research, development, or commercial information." The language of section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).

21.     That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Confidential Information, Privileged Information and Confidential Creditors' Committee Material, from disclosure to general creditors.

22.     In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Creditors' Committee submits the requested relief is necessary for the Creditors' Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority. Indeed, courts in this district routinely grant relief similar to the relief requested herein. *See, e.g.*, *In re GST AutoLeather, Inc., et al.*, Case No. 17-12100 (LSS) (Bankr. D. Del. Nov. 28, 2017) [Dkt. No. 298]; *In re Color Spot Holdings, Inc., et al.*, Case No. 18-11272 (LSS) (Bankr. D. Del. July 12, 2018) [Dkt. No. 192]; *In re Charlotte Russe Holding, Inc., et al.*, Case No. 19-10210 (LSS) (Bankr. D. Del. Mar. 27, 2019) [Dkt. No. 424]; *In re Perkins & Marie Callender's, LLC, et al.*, Case No. 19-11743 (Bankr. D. Del. Oct. 4, 2019) [Dkt. No. 339]; *In re Insys Therapeutics, Inc., et al.*, Case No. 19-11292 (KG) (Bankr. D. Del. July 24, 2019) [Dkt. No. 344]; *In re Hospital Acquisition, LLC, et al.*, Case No. 19-10998 (BLS) (Bankr. D. Del. July 22, 2019) [Dkt. No. 398]; *In re The Bon-Ton Stores, Inc., et*

*al.*, Case No. 18-10248 (MFW) (Bankr. D. Del. Apr. 11, 2018) [Dkt. No. 567]; *In re RAIT Funding, LLC., et al.*, Case No. 19-11915 (BLS) (Bankr. D. Del. Nov. 6, 2019) [Dkt. No. 181].

23.     The relief sought by the Creditors' Committee is not only for the benefit of the Debtors and the Creditors' Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Creditors' Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach any confidentiality provisions in its bylaws or its protective order with the Debtors. A creditors' committee cannot be put in a position of either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtors and potentially other parties.

24.     The relief requested in the Motion, including approval of the Creditor Information Protocol, is necessary, narrowly-tailored and designed to protect the interests of the Debtors, the Creditors' Committee and affected creditors.

## NOTICE

25.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) co-counsel and proposed counsel to the Debtors; (c) the Tort Committee; and (d) any party that has requested service in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.[5]  Based on the nature of the relief requested, the Creditors' Committee respectfully submits that no further notice of the Motion is necessary or required under the circumstances.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein has been made to this or any other court.

---

[5] The Creditors' Committee also shared a draft of the Motion with counsel to the Debtors prior to filing.

**WHEREFORE,** the Creditors' Committee respectfully requests that this Court enter the

Procedures Order and grant such other and further relief as the Court deems just and proper.

Dated: April 20, 2020
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By:     _/s/ Kurt F. Gwynne_
        Kurt F. Gwynne (No. 3951)
        Katelin A Morales (No. 6683)
        1201 Market Street, Suite 1500
        Wilmington, DE 19801
        Telephone: (302) 778-7500
        Facsimile: (302) 778-7575
        E-mail: kgwynne@reedsmith.com
        E-mail: kmorales@reedsmith.com

        -and-

**KRAMER LEVIN NAFTALIS
  & FRANKEL LLP**
Thomas Moers Mayer, Esquire
Rachael Ringer, Esquire
David E. Blabey, Jr., Esquire
Jennifer R. Sharret, Esquire
Megan M. Wasson, Esquire
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
E-mail: tmayer@kramerlevin.com
E-mail: rringer@kramerlevin.com
E-mail: dblabey@kramerlevin.com
E-mail: jsharret@kramerlevin.com
E-mail: mwasson@kramerlevin.com

_Proposed Counsel to the Official Committee
of Unsecured Creditors_