**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Dockets Nos. 157, 320, 321, 322, 349, 357, 389, 409, & 420** |

## ORDER GRANTING LIMITED RELIEF FROM THE
## AUTOMATIC STAY WITH RESPECT TO TRADEMARK ACTION
## OF GIRL SCOUTS OF THE UNITED STATES OF AMERICA

This matter coming before the Court on: (a) the Relief from Stay Motion, the Objection, and the pleadings related thereto, and (b) the *Certification of Counsel Regarding Stipulation Granting Limited Relief from the Automatic Stay with Respect to Trademark Action of Girl Scouts of the United States of America*; and upon consideration of the *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Trademark Action of Girl Scouts of the United States of America* (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

1

Stipulation having been provided, and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved, and the terms and conditions of the Stipulation are incorporated in this Order as if fully set forth herein.

2. **Initial Stay Lift Period**. Except as noted in the immediately following sentence herein, the automatic stay shall remain in full force and effect with respect to the Trademark Action for a period from the date of entry of this Order to and including July 22, 2020 (the "Initial Stay Lift Period"). During the Initial Stay Lift Period, the automatic stay shall be and hereby is lifted on a limited basis, solely with respect to the Trademark Action, to permit Girl Scouts and the BSA to (a) meet and confer regarding the creation of a structure and protocol for a formal mediation of the Trademark Action, including, without limitation, the selection of a mediator (the "Mediation Protocol"), and (b) mediate the Trademark Action in accordance with the Mediation Protocol. The Parties shall endeavor to select a mediator on or before May 22, 2020, and if they are unable to do so by such date, they shall request the Court's assistance in making such a selection. The Initial Stay Lift Period may only be extended by written agreement of the Parties, without further order of the Court. The automatic stay shall also be lifted during the Initial Stay Lift Period on a limited basis so that the Parties shall be permitted to submit a joint letter to the District Court in the Trademark Action updating the District Court on the resolution of the Relief from Stay Motion and this Order and the Stipulation, and to request a

date from the District Court for a further scheduling conference, in the event the mediation is unsuccessful, that is within two weeks of the expiration of the Initial Stay Lift Period but in no event prior to July 27, 2020 (i.e., between July 27, 2020 and August 7, 2020).

3.  **Expiration of the Initial Stay Lift Period**.  Unless otherwise agreed to in writing by and among the Parties to extend the Initial Stay Lift Period, beginning on July 23, 2020 (the "Final Stay Lift Period"), the automatic stay shall be and hereby is lifted, solely with respect to the Trademark Action, to permit the Trademark Action to proceed in the District Court.  For the avoidance of doubt, neither Girl Scouts nor any of its agents, attorneys, or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any pre- or post-petition money damages settlement or judgment obtained on account of or in connection with the Trademark Action from the Debtors and/or the properties and assets of any of the Debtors' estates without further order of the Court.  For the further avoidance of doubt, the automatic stay shall be lifted so that any settlement, order, or judgment on account of or in the nature of injunctive relief shall be enforceable as provided therein and in accordance with its terms.

4.  **Scope of Stay Relief**.  Except to the extent set forth in paragraphs 2–3 hereof, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting the execution, enforcement, or collection of any award or judgment obtained against the BSA in the mediation of the Trademark Action from, and against, any assets or properties of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.  Nothing contained herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against either of the Debtors of any claims by any person or entity other than Girl Scouts.

5. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to, and in accordance with, this Order and the Stipulation.

6. The terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon entry of this Order.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.


Dated: _____, 2020
      Wilmington, Delaware           THE HON. LAURIE SELBER SILVERSTEIN
                                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,³<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**STIPULATION GRANTING LIMITED RELIEF FROM THE
AUTOMATIC STAY WITH RESPECT TO TRADEMARK ACTION
OF GIRL SCOUTS OF THE UNITED STATES OF AMERICA**

This stipulation (this "Stipulation") is made and entered into between and among the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession the above-captioned chapter 11 cases (together, the "BSA" or the "Debtors") and Girl Scouts of the United States of America ("Girl Scouts," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A.　　On February 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

---

³ The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

B.    On March 5, 2020, the United States Trustee for the District of Delaware appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "UCC") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142].  No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

C.    On November 6, 2018, prior to the Petition Date, Girl Scouts filed a trademark action in the U.S. District Court for the Southern District of New York (the "District Court") seeking an injunction and related relief against trademark infringement, unfair competition, trademark dilution and related causes of action, as well as damages related thereto (the "Trademark Action").  The Trademark Action is styled as *Girl Scouts of the U.S.A. v. Boy Scouts of Am.*, No. 18-cv-10287 (AKH) (S.D.N.Y.).

D.    The BSA contests the merits of the Trademark Action and disputes the Girl Scouts' assertions contained therein. The Trademark Action was automatically stayed by the Debtors' filing of voluntary petitions for relief under the Bankruptcy Code.

E.    On March 10, 2020, Girl Scouts filed the *Girl Scouts of the United States of America's Motion for Relief From the Automatic Stay to Resume Trademark Action* [Docket No. 155] and the *Girl Scouts of the United States of America's Brief in Support of its Motion for Relief From the Automatic Stay to Resume Trademark Action* [Docket No. 157], and subsequently filed related declarations in support on April 10, 2020 [Docket Nos. 389, 392, 393] (together, the "Relief from Stay Motion").

F.    On March 31, 2020, the Debtors filed the *Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark*

*Action* [Docket No. 320] and related declarations in support [Docket Nos. 321, 322] (the "Objection").

G.  On April 6, 2020, the Tort Claimants' Committee filed the *Joinder of the Tort Claimants' Committee in the Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action* [Docket No. 349].

H.  On April 7, 2020, the UCC filed the *Limited Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief From the Automatic Stay to Resume Trademark Action* [Docket No. 357].

I.  On April 10, 2020, Girl Scouts filed the *Girl Scouts of the United States of America's Reply Brief in Support of Its Motion for Relief from the Automatic Stay to Resume Trademark Action* [Docket No. 390] (the "Reply Brief").

J.  Also on April 10, 2020, Girl Scouts filed a motion and related pleadings seeking to file portions of the Reply Brief and a related declaration under seal.  See Docket Nos. 386, 387, 390, 391, 392, 393, 395.

K.  On April 14, 2020, the proposed future claimants' representative filed the *Limited Joinder of the Future Claimants' Representative to the Debtors' Objection to Girl Scouts of the United States of America's Motion for Relief from the Automatic Stay to Resume Trademark Action* [Docket No. 409] and the Tort Claimants' Committee filed the *Tort Claimants' Committee's Reservation of Rights to Girl Scouts of the United States of America's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authority to File Under Seal (I) Portions of Girl Scouts of the United States of America's Reply Brief in Support of its Motion for Relief from the Automatic Stay to Resume Trademark Action; and (II) the Exhibits to the Declaration of Eric Lopez Schnabel* [Docket No. 420].

L.  On April 15, 2020, the Court held an omnibus hearing and heard argument from the Parties and certain other parties in interest with respect to the Relief from Stay Motion (the "Hearing").

M.  Since the Hearing, the Parties have engaged in good-faith negotiations to resolve the Relief from Stay Motion and the Objection and the pleadings related thereto and have reached a resolution as set forth herein.

N.  Pursuant to section 362 of the Bankruptcy Code, rule 4001 of the Federal Rules of Bankruptcy Procedure, and rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Parties are willing to resolve the Relief from Stay Motion by stipulating and consenting to entry of an order (the "Proposed Order"), substantially in the form submitted herewith, granting limited relief from the automatic stay as provided herein.

## STIPULATION AND AGREEMENT

1.  Each of the Recitals set forth above is incorporated herein by reference.

2.  **Initial Stay Lift Period**.  Subject to approval of this Stipulation by the Court, except as noted in the immediately following sentence herein, the automatic stay shall remain in full force and effect with respect to the Trademark Action for a period from entry of the Proposed Order to and including July 22, 2020 (the "Initial Stay Lift Period").  During the Initial Stay Lift Period, the automatic stay shall be lifted on a limited basis, solely with respect to the Trademark Action, to permit Girl Scouts and the BSA to (a) meet and confer regarding the creation of a structure and protocol for a formal mediation of the Trademark Action, including, without limitation, the selection of a mediator (the "Mediation Protocol"), and (b) mediate the Trademark Action in accordance with the Mediation Protocol.  The Parties will endeavor to

select a mediator on or before May 22, 2020, and if they are unable to do so by such date, they will request the Court's assistance in making such a selection. The Initial Stay Lift Period may only be extended by written agreement of the Parties, without further order of the Court. The automatic stay shall also be lifted during the Initial Stay Lift Period on a limited basis so that the Parties shall be permitted to submit a joint letter to the District Court in the Trademark Action updating the District Court on the resolution of the Relief from Stay Motion and this Stipulation and Proposed Order, and to request a date from the District Court for a further scheduling conference, in the event the mediation is unsuccessful, that is within two weeks of the expiration of the Initial Stay Lift Period but in no event prior to July 27, 2020 (i.e. between July 27, 2020 and August 7, 2020).

3. **Expiration of the Initial Stay Lift Period**. Unless otherwise agreed to in writing by and among the Parties to extend the Initial Stay Lift Period, beginning on July 23, 2020 (the "Final Stay Lift Period"), the automatic stay shall be lifted, solely with respect to the Trademark Action, to permit the Trademark Action to proceed in the District Court. For the avoidance of doubt, neither Girl Scouts nor any of its agents, attorneys, or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any pre- or post-petition money damages settlement or judgment obtained on account of or in connection with the Trademark Action from the Debtors and/or the properties and assets of any of the Debtors' estates without further order of the Court. For the further avoidance of doubt, the automatic stay shall be lifted so that any settlement, order, or judgment on account of or in the nature of injunctive relief shall be enforceable as provided therein and in accordance with its terms.

4. **Litigation and Scheduling Protocol**. After expiration of the Initial Stay Lift Period, the Parties agree to work in good faith to reach agreement on a litigation and scheduling

5

protocol for the Trademark Action with this Court and the District Court to avoid any scheduling conflicts that may cause substantial harm to the Debtors or their estates.

5. **Scope of Stay Relief**.  Except to the extent set forth in paragraphs 2–3 hereof, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting the execution, enforcement, or collection of any award or judgment obtained against the BSA in the mediation of the Trademark Action from, and against, any assets or properties of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.  Nothing contained herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against either of the Debtors of any claims by any person or entity other than Girl Scouts.

6. **Authority**.  The attorneys for Girl Scouts and the Debtors represent and warrant that Girl Scouts and the Debtors have full knowledge of, and have consented to, this Stipulation and that the attorneys for Girl Scouts and the Debtors have full authority to execute this Stipulation on behalf of Girl Scouts and the Debtors.

7. **Bankruptcy Court Approval**.  This Stipulation is subject to the approval of the Court and shall be of no force and effect unless and until an order approving the same is entered. Girl Scouts and the Debtors hereby acknowledge and agree to waive their rights to a hearing on this Stipulation unless Objections are filed and/or the Court deems a hearing necessary.  If this Stipulation is not approved by the Court, it shall be null and void and shall not be referred to, or used for any purpose, by any of the parties hereto or any parties to the mediation except as to this paragraph 7.

8. **Reservation of Rights, Claims, and Defenses**.  Except as expressly provided herein, the rights, claims, and defenses of the Debtors, on the one hand, and Girl Scouts, on the other hand, in connection with the Trademark Action are fully preserved in all respects.

9. **Time Is of the Essence**.  The dates set forth in this Stipulation are vital and mandatory to the Stipulation and the agreement of the Parties.

10. This Stipulation fully and finally resolves the Relief from Stay Motion and the Objection, and the Relief from Stay Motion shall be deemed withdrawn with prejudice as moot upon the Proposed Order having been entered and becoming a final, non-appealable order.

11. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior understandings or agreements with respect thereto, if any, are merged into this Stipulation.  No representations have been made or relied upon by the Parties, except as set forth herein.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties or by further order of the Court.

13. This Stipulation shall be deemed to have been jointly drafted by the Parties, and, in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against either of the Parties because such provision or any other provision of the Stipulation was purportedly prepared or requested by such Party.

14. This Stipulation may be executed in one or more counterparts and by facsimile, email, or authorized electronic signatures, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

15. The Court shall retain jurisdiction to resolve all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation. The undersigned, on behalf of their respective clients, hereby agree to the form, substance, and entry of this Stipulation.

*[Signature Page Follows]*

8

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first written below.

| | |
|---|---|
| Dated: April 22, 2020 | Dated: April 22, 2020 |
| By: */s/ Michael C. Andolina*<br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>Thomas A. Labuda<br>Michael C. Andolina<br>Andrew F. O'Neill<br>Matthew E. Linder<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br> Email: tlabuda@sidley.com<br>    mandolina@sidley.com<br>    aoneill@sidley.com<br>    mlinder@sidley.com<br><br>– and –<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 571-6600<br>Email: dabbott@mnat.com<br>    aremming@mnat.com<br>    jbarsalona@mnat.com<br>    emoats@mnat.com<br>    ptopper@mnat.com<br><br>*Proposed Counsel and Co-Counsel to the Debtors and Debtors in Possession* | By: */s/ Eric Lopez Schnabel*<br>DORSEY & WHITNEY LLP<br>Bruce R. Ewing<br>Eric Lopez Schnabel (No. 3672)<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 415-9200<br>Email: ewing.bruce@dorsey.com<br>    schnabel.eric@dorsey.com<br><br>– and –<br><br>DORSEY & WHITNEY (DELAWARE) LLP<br>Eric Lopez Schnabel (No. 3672)<br>Alessandra Glorioso (No. 5757)<br>300 Delaware Avenue, Suite 1010<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-7171<br>Email: schnabel.eric@dorsey.com<br>    glorioso.alessandra@dorsey.com<br><br>*Counsel to Girl Scouts of the United States of America* |

*[Signature Page to Stipulation Granting Limited Relief from Stay]*