**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: May 7, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date: May 18, 2020, 10:00 a.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, PURSUANT TO
SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 FOR AN
ORDER APPROVING THE RETENTION AND EMPLOYMENT OF
KRAMER LEVIN NAFTALIS & FRANKEL LLP AS COUNSEL
TO THE CREDITORS' COMMITTEE *NUNC PRO TUNC* TO MARCH 4, 2020**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") appointed in the above-captioned proceedings (the "**Chapter 11 Cases**") of the Boy Scouts of America and Delaware BSA, LLC the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), files this application (the "**Application**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") authorizing the Creditors' Committee to retain and employ Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**" or the "**Firm**") as its counsel *nunc pro tunc* to March 4, 2020. In support of this Application, the Creditors' Committee submits (i) the Declaration of Rachael L. Ringer, a partner at Kramer Levin, attached hereto as **Exhibit B** (the "**Ringer Declaration**") and (ii) the Declaration of Jennifer Rochon, on behalf of the Creditors' Committee's Chair, attached hereto as **Exhibit C** (the "**Client Declaration**"). In

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

further support of this Application, the Creditors' Committee respectfully represents as follows:

## Jurisdiction and Venue

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory and legal predicates for the relief requested herein are sections 327(e), 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## Relief Requested

4.    By this Application, the Creditors' Committee seeks entry of the Order authorizing the retention and employment of Kramer Levin as its counsel in these Chapter 11 Cases effective as of March 4, 2020.  The Creditors' Committee requests that the Court approve the retention of Kramer Levin in accordance with the terms and conditions set forth herein and in the Ringer Declaration.

5.    In accordance with the *Interim Order (I) Authorizing the Debtors' to File (A) a Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) a Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, (III) Authorizing and Approving Procedures for Providing Notice of Commencement, and (IV) Granting Related Relief* [Docket No. 66] and the *Final Order (I) Authorizing the Debtors' to File (A) a Consolidated List of Counsel Representing*

*the Largest Numbers of Abuse Victims and (B) a Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274] (collectively, the "**Special Noticing and Confidentiality Procedures Orders**"), in order to protect the identities of individual plaintiffs asserting abuse claims and individual plaintiffs who are minors, the Creditors' Committee has redacted such information from this Application.   In light of the Special Noticing and Confidentiality Procedures Orders already entered by the Court, the Creditors' Committee requests a waiver of Rule 9018-1(d) of the Local Rules requiring an independent motion seeking to file a document under seal.

### Relevant Background

6.    On February 18, 2020 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code in this Court.

7.    The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.    On March 4, 2019, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), pursuant to sections 1102(a) and (b) of Title 11 of the Bankruptcy Code, appointed the Creditors' Committee.   The members appointed to the Creditors' Committee were: (i) Pension Benefit Guaranty Corporation, (ii) Girl Scouts of the United States of America, (iii) Roger A. Ohmstede, (iv) Pearson Education, Inc. and (v) Lion Brothers Company, Inc.   The Creditors' Committee elected Girl Scouts of the United States of America as the Chair.

9.    At a meeting held on March 4, 2020, the Creditors' Committee selected Kramer Levin to serve as its bankruptcy counsel and AlixPartners, LLP as financial advisor.   At a meeting

held on March 9, 2020, the Creditors' Committee selected Reed Smith LLP to serve as Delaware counsel.

## Kramer Levin's Qualifications

10.    The Creditors' Committee has selected Kramer Levin to perform all of the services necessary and desirable in these Chapter 11 Cases on behalf of the Creditors' Committee.  The Creditors' Committee selected Kramer Levin primarily because Kramer Levin's corporate restructuring and bankruptcy department has extensive experience in the fields of bankruptcy and creditors' rights and, in particular, has represented official creditors' committees in some of the largest and most complex Chapter 11 bankruptcy cases of recent years, including, among others: *Forever 21, Inc.*, *RAIT Funding, LLC*, *Bristow Group, Inc.*, *Aegerion Pharmaceuticals, Inc.*, *Hexion TopCo, LLC*, *Toys "R" Us, Inc.*, *Seadrill Limited*, *CHC Group Ltd.*, *Arch Coal, Inc.*, *NII Holdings, Inc.*, *Residential Capital, L.L.C.*, *Patriot Coal Corporation*, *Hostess Brands, Inc.*, *WP Steel Venture, L.L.C.*, *AES Eastern Energy, L.P.*, *Evergreen Solar*, *Inc.*, *Chrysler LLC (n/k/a Old Carco LLC)*, *General Motors Corporation (n/k/a Motors Liquidation Company)*, *Dura Automotive Systems, Inc.*, *Capmark Financial Group, Inc.*, *Magna Entertainment Corporation*, *Smurfit-Stone Container Corporation,* and *Dana Corporation*.

11.    Furthermore, Kramer Levin's broad-based practice, which includes expertise in the areas of corporate and commercial law, real estate, tax, litigation and intellectual property, will enable it to represent fully the interests of the Creditors' Committee in an efficient and effective manner.

## Scope of Services to be Provided

12.    Kramer Levin is expected to render legal services that the Creditors' Committee may request in order to discharge the Creditors' Committee's responsibilities and further the interests of the Creditors' Committee's constituents in these cases.  In addition to acting as primary

4

spokesman for the Creditors' Committee, it is expected that Kramer Levin's services will include,

without limitation, assisting, advising and representing the Creditors' Committee with respect to

the following matters:

a. The administration of these cases and the exercise of oversight with respect to the Debtors' affairs, including all issues in connection with the Debtors, the Creditors' Committee, official committee of tort claimants (the "**Tort Claimant's Committee**") and/or these Chapter 11 Cases;

b. The preparation on behalf of the Creditors' Committee of necessary applications, motions, objections, memoranda, orders, reports, and other legal papers;

c. Appearances in Court, participation in litigation as a party-in-interest, and at statutory meetings of creditors to represent the interests of the Creditors' Committee;

d. The evaluation, negotiation and confirmation of the proposed chapter 11 plan of reorganization, including analysis of impact of Debtor's status as a non-profit entity, and any related documents or alternatives;

e. Investigation, directed by the Creditors' Committee, of among other things, assets, liabilities, and financial condition of the Debtors, prior transactions, including, transactions between the Debtors and non-Debtor affiliates and local councils chartered by the Boy Scouts of America (the "**Local Councils**") and operational issues concerning the Debtors that may be relevant to these Chapter 11 Cases and operational issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

f. Communications with the Creditors' Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

g. The performance of all of the Creditors' Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Creditors' Committee.

13.    As noted above, the Creditors' Committee selected Kramer Levin as its bankruptcy

counsel on March 4, 2020, and requested that Kramer Levin immediately commence work on time-

sensitive matters and promptly devote substantial resources to the Debtors' cases prior to submission

and approval of this Application.  Since its retention date, Kramer Levin, on behalf of the Creditors'

Committee, has been focused on, among other things, (a) conducting diligence on the Debtors'
business operations, (b) reviewing the relief sought in the various "first day" and "second day"
motions filed by the Debtors, (c) evaluating and negotiating the preliminary injunction enjoining
certain actions against debtors and non-debtors, (d) evaluating and negotiating the potential
postpetition appointment of mediator and mediation process, and (e) evaluating and negotiating the
terms of the Debtors' proposed use of cash collateral, among other things, preserve the rights of the
Creditors' Committee and unsecured creditors.   Accordingly, the Creditors' Committee requests
approval of the Application *nunc pro tunc* to the date that Kramer Levin was retained on
March 4, 2020.

### Statement Regarding Revised Guidelines

14.     As this Court is aware, on June 11, 2013, the Executive Office of the United States
Trustees (the "**EOUST**") adopted new *Guidelines for Reviewing Applications for Compensation
and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11
Cases* (the "**Revised Guidelines**").[2]

15.     Among other things, the Revised Guidelines require attorneys in certain larger
Chapter 11 cases to provide additional documentation and make significant new disclosures in
connection with their retention under section 1103 and compensation under section 330 of the
Bankruptcy Code.  The Creditors' Committee and Kramer Levin understand that the Revised
Guidelines are applicable in these Chapter 11 Cases and intend to make a reasonable effort to
comply with the Revised Guidelines both in connection with this Application and the interim and
final fee applications to be filed by Kramer Levin in these Chapter 11 Cases.

---

[2] By their terms, the Revised Guidelines "apply to the [U.S. Trustee's] review of applications for
compensation filed by attorneys in larger Chapter 11 cases," and are intended as an update to the original
Guidelines adopted by the EOUST in 1996.

### Professional Compensation

16.    As further described in the Ringer Declaration, Kramer Levin intends to seek compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any procedures or orders of the Court as are applicable to these Chapter 11 Cases.

17.    Kramer Levin's billing practices and rates are summarized below and are consistent with those generally governing the firm's representation of its other clients.

18.    Kramer Levin's current hourly billing rates (for calendar year 2020), which are charged the same for both bankruptcy and non-bankruptcy clients, are as follows:[3]

| | |
|---|---|
| Partners | $1,050 – $1,500 |
| Counsel | $1,050 - $1,400 |
| Special Counsel | $995 - $1,160 |
| Associates | $585 - $1,040 |
| Paraprofessionals | $270 - $450 |

19.    Kramer Levin's billing rates are designed to compensate Kramer Levin fairly for the work of its professionals.  The hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity to these Chapter 11 Cases.

20.    Kramer Levin's hourly billing rates are subject to periodic review and adjustments to reflect, among other things, changes in responsibilities and increased experience. Kramer Levin will file a supplemental affidavit with the Court describing any increase in its billing rates and

---

[3] Kramer Levin's rates are adjusted annually starting with January 1 of each calendar year. The above-listed billing rates are in effect until January 1, 2021.

provide not less than ten (10) business days' notice of such increases to the Debtors, the Creditors' Committee, the Tort Claimant's Committee, and the U.S. Trustee.[4]

21.    Kramer Levin's hourly billing rates for professionals are not intended to, and do not, cover out-of-pocket expenses and certain elements of overhead that are typically billed separately.  Accordingly, Kramer Levin regularly charges its clients for the actual, necessary expenses and disbursements incurred in connection with the client's case, including, *inter alia*, telephone charges, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for working meals and computer-aided research.  Kramer Levin intends to seek reimbursement for expenses incurred in connection with its representation of the Creditors' Committee in accordance with Kramer Levin's normal reimbursement policies, subject to any modifications Kramer Levin is required to make to comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee, and any procedures or other orders of the Court as are applicable to these Chapter 11 Cases.

### **Kramer Levin's Disinterestedness**

22.    Kramer Levin has informed the Creditors' Committee that in its view it:

(a)    does not hold or represent an interest adverse to the Creditors' Committee, the Debtors, or the estates in the Chapter 11 Cases;

(b)    is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code; and

(c)    has no connection with the Creditors' Committee, the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office

---

[4] Each September, there is a step-up of associate class to reflect an increase in each associate's class seniority.  This annual step-up is not considered a "rate increase" as the billing rate among the applicable associate class does not change.

of the U.S. Trustee in these Chapter 11 Cases, except as may be disclosed in the Ringer Declaration.

23.    Kramer Levin has fully informed the Creditors' Committee of its ongoing representations as described in the Ringer Declaration and the Creditors' Committee has consented to Kramer Levin's continued representation of such entities in matters unrelated to these proceedings.

24.    Kramer Levin has informed the Creditors' Committee that Kramer Levin will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise in these Chapter 11 Cases.  If any new relevant facts or relationships are discovered or arise, Kramer Levin will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

25.    Based on the foregoing and the Ringer Declaration, Kramer Levin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.

### Employment of Reed Smith LLP

26.    By separate application, the Creditors' Committee is also seeking authority to employ Reed Smith LLP ("**Reed Smith**") to serve as Delaware counsel in these Chapter 11 Cases. The Creditors' Committee has carefully considered this matter and determined that, given the size and complexity of these Chapter 11 Cases and the various interests involved and the fact that Reed Smith maintains an office in Wilmington, Delaware, representation of the Creditors' Committee by both Kramer Levin and Reed Smith is necessary, advisable, and in the best interests of the Creditors' Committee and the Debtors' estates.   Kramer Levin and Reed Smith will coordinate

responsibilities and services rendered to the Creditors' Committee to avoid any unnecessary duplication and inefficiencies.

## Supporting Authority

27.    The Creditors' Committee seeks to appoint Kramer Levin as its bankruptcy counsel in accordance with sections 328(a) and 1103 of the Bankruptcy Code.  Section 328(a) authorizes a committee appointed under section 1102 of the Bankruptcy Code, with the court's approval, to employ a "professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  Section 1103, in turn, requires that an attorney employed to represent a committee "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103.

28.    The Creditors' Committee submits that for all the reasons stated above and in the Ringer Declaration, the retention and employment of Kramer Levin as bankruptcy counsel to the Creditors' Committee is warranted under sections 328(a) and 1103. Further, as described in the Ringer Declaration, Kramer Levin does not represent any entity in connection with the Debtors' cases other than the Creditors' Committee, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtors' estates with respect to the matters for which it is to be employed.

## Notice

29.    Notice of this Application shall be given to: (i) the Office of the United States Trustee; (ii) proposed Delaware counsel and counsel to the Debtors; (iii) proposed counsel to the Tort Claimant's Committee; (iv) counsel to the proposed future claimants' representative; (v) counsel to the ad hoc committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National

Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

### No Previous Request

30.    No previous request for the relief sought herein has been made by the Creditors' Committee to this or any other court.

WHEREFORE the Creditors' Committee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Date: April 23, 2020

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

By: */s/ Jennifer Rochon*
Jennifer Rochon on behalf of Girl Scouts of the United States of America in its capacity as Chair of the Official Committee of Unsecured Creditors of Boy Scouts of America and Delaware BSA, LLC