## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Dockets Nos. 157, 320, 321, 322, 349, 357, 389, 409, & 420 |

### ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO TRADEMARK ACTION OF GIRL SCOUTS OF THE UNITED STATES OF AMERICA

This matter coming before the Court on: (a) the Relief from Stay Motion, the Objection, and the pleadings related thereto, and (b) the *Certification of Counsel Regarding Stipulation Granting Limited Relief from the Automatic Stay with Respect to Trademark Action of Girl Scouts of the United States of America*; and upon consideration of the *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Trademark Action of Girl Scouts of the United States of America* (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

1

Stipulation having been provided, and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved, and the terms and conditions of the Stipulation are incorporated in this Order as if fully set forth herein.

2. **Initial Stay Lift Period**. Except as noted in the immediately following sentence herein, the automatic stay shall remain in full force and effect with respect to the Trademark Action for a period from the date of entry of this Order to and including July 22, 2020 (the "Initial Stay Lift Period"). During the Initial Stay Lift Period, the automatic stay shall be and hereby is lifted on a limited basis, solely with respect to the Trademark Action, to permit Girl Scouts and the BSA to (a) meet and confer regarding the creation of a structure and protocol for a formal mediation of the Trademark Action, including, without limitation, the selection of a mediator (the "Mediation Protocol"), and (b) mediate the Trademark Action in accordance with the Mediation Protocol. The Parties shall endeavor to select a mediator on or before May 22, 2020, and if they are unable to do so by such date, they shall request the Court's assistance in making such a selection. The Initial Stay Lift Period may only be extended by written agreement of the Parties, without further order of the Court. The automatic stay shall also be lifted during the Initial Stay Lift Period on a limited basis so that the Parties shall be permitted to submit a joint letter to the District Court in the Trademark Action updating the District Court on the resolution of the Relief from Stay Motion and this Order and the Stipulation, and to request a

date from the District Court for a further scheduling conference, in the event the mediation is unsuccessful, that is within two weeks of the expiration of the Initial Stay Lift Period but in no event prior to July 27, 2020 (i.e., between July 27, 2020 and August 7, 2020).

3.     **Expiration of the Initial Stay Lift Period**.  Unless otherwise agreed to in writing by and among the Parties to extend the Initial Stay Lift Period, beginning on July 23, 2020 (the "Final Stay Lift Period"), the automatic stay shall be and hereby is lifted, solely with respect to the Trademark Action, to permit the Trademark Action to proceed in the District Court.  For the avoidance of doubt, neither Girl Scouts nor any of its agents, attorneys, or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any pre- or post-petition money damages settlement or judgment obtained on account of or in connection with the Trademark Action from the Debtors and/or the properties and assets of any of the Debtors' estates without further order of the Court.  For the further avoidance of doubt, the automatic stay shall be lifted so that any settlement, order, or judgment on account of or in the nature of injunctive relief shall be enforceable as provided therein and in accordance with its terms.

4.     **Scope of Stay Relief**.  Except to the extent set forth in paragraphs 2–3 hereof, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting the execution, enforcement, or collection of any award or judgment obtained against the BSA in the mediation of the Trademark Action from, and against, any assets or properties of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.  Nothing contained herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against either of the Debtors of any claims by any person or entity other than Girl Scouts.

5.      The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to, and in accordance with, this Order and the Stipulation.

6.      The terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon entry of this Order.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**Dated: April 24th, 2020**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE