**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
|  | (Jointly Administered) |
| Debtors. | **Ref. Docket Nos. 223 & 360** |

**ORDER APPOINTING JAMES L. PATTON, JR., AS LEGAL REPRESENTATIVE
FOR FUTURE CLAIMANTS, _NUNC PRO TUNC_ TO THE PETITION DATE**

Upon the *Debtors' Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Claimants,* Nunc Pro Tunc *to the Petition Date* (the "Motion");[2] and the Patton Declaration filed in support of the Motion and the disclosures contained therein; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    All objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.    James L. Patton, Jr., is hereby appointed as the legal representative of Future

Claimants (the "Future Claimants' Representative"), *nunc pro tunc* to the Petition Date.

4.    The Future Claimants represented by the Future Claimants' Representative

includes individuals holding a claim based on abuse that occurred prior to the Petition Date, but

who have not filed a proof of claim by the applicable bar date and who, as of the date

immediately preceding the Petition Date:

> (a)    had not attained eighteen (18) years of age, or
>
> (b)    were not aware of such Abuse Claim as a result of "repressed memory," to the extent the concept of repressed memory is recognized by the highest appellate court of the State or territory where the claim arose.

Subject to the rights of all parties in interest to object and oppose, all of which are preserved, the

foregoing definition of "Future Claimants" is without prejudice to the right of the Debtors or the

Future Claimants' Representative to file a motion seeking entry of an order modifying the

definition of Future Claimants, or for the Court to modify such definition in connection with

confirming a plan of reorganization for the Debtors.

5.    The Future Claimants' Representative is appointed subject to the following terms

and conditions:

> (a)    <u>Standing</u>:   The Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors' chapter 11 cases and shall

have such powers and duties of a committee, as set forth in 11 U.S.C. § 1103, as are appropriate for a Future Claimants' Representative;

(b) <u>Right to Receive Notices</u>:  The Future Claimants' Representative and professionals retained by the Future Claimants' Representative and approved by the Court shall have the right to receive all notices and pleadings that are required to be served upon any statutory committee and its counsel pursuant to applicable law or an order of the Court.

(c) <u>Engagement of Professionals</u>:  The Future Claimants' Representative may, with prior approval from the Court pursuant to sections 105(a) and 1103 of the Bankruptcy Code and consistent with the treatment afforded other professionals in these Chapter 11 Cases, retain attorneys and other professionals;

(d) <u>Compensation</u>: The Future Claimants' Representative shall apply for compensation in accordance with the Bankruptcy Code, the Local Rules, and any order entered by the Court establishing procedures for interim compensation and reimbursement of expenses of professionals.  Subject to Court approval, Mr. Patton shall be compensated as his hourly rate of $1,400, subject to periodic adjustment, plus reimbursement of reasonable expenses.

6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: April 24th, 2020**
**Wilmington, Delaware**

3