## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| | **Ref. Doc. Nos.: 204, 426, 430** |
| Debtors. [1] | (Jointly Administered) |
| | **Hearing Date: May 4, 2020 at 10 a.m. (ET)** |
| | **Objection Deadline: April 27, 2020 at 4 p.m. (ET)** |

**UNITED STATES TRUSTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS REGARDING CENTURY'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING CENTURY TO FILE UNDER SEAL CERTAIN EXHIBITS TO ITS OBJECTION TO DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE (D.E. 204, 426, 430)**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through

his counsel, files this omnibus response and reservation of rights regarding Century's *Objection*

*To Debtors' Application For Order Authorizing The Retention And Employment Of Sidley Austin*

*LLP As Attorneys For The Debtors And Debtors In Possession, Nunc Pro Tunc To The Petition*

*Date* (D.E. 426) and *Century's Motion For Entry Of An Order Authorizing Century To File Under*

*Seal Certain Exhibits To Its Objection To Debtors' Application For Order Authorizing The*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Retention And Employment Of Sidley Austin LLP As Attorneys For The Debtors And Debtors In Possession, Nunc Pro Tunc To The Petition Date* (D.E. 430) (the "Response")[2], and in support thereof states as follows:

1.      This Court has jurisdiction to hear this Response.

2.      Pursuant to 28 U.S.C. §586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. §307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      The U. S. Trustee has standing to be heard with regard to this Response.  11 U.S.C. § 307.

## STATEMENT OF FACTS

4.      On February 18, 2020, Boy Scouts of America and Delaware BSA, LLC (the Debtors") filed voluntary chapter 11 bankruptcy cases.

5.      On March 17, 2020, Sidley Austin LLP ("Sidley"), on behalf of the Debtors, filed an *Application for Entry of an Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession, Nunc Pro Tunc to the Petition Date* ("Sidley Retention Application") at (D.E. 204).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the underlying Motion to Seal (D.E. 430).

6.     On April 14, 2020, Century Indemnity Company and certain of its affiliates ("Century") filed its *Objection to Debtors' Application for an Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (D.E. 426) (the "Century Objection"). Century also filed three supporting declarations in of its objection: the declaration of Joshua R. Schwartz (sealed copy at D.E. 427, proposed redacted copy at D.E. 453), the declaration of Janine Panchok-Berry (D.E. 428), and the declaration of Charles Slanina (D.E. 429).

7.     Century argues that the Debtors cannot retain Sidley as counsel because Sidley has an actual conflict of interest. Century contends that Sidley violated its fiduciary duty of loyalty by representing Century at the same time that it represented the Debtors without obtaining a conflict waiver. Century believes that the matters on which Sidley represented it are directly adverse to matters in which Sidley represents the Debtors.

8.     At the heart of the dispute between Century and Sidley are communications regarding what Sidley told Century concerning its representation of the Debtors, when Sidley made these statements, and whether Century consented to Sidley's representation of the Debtors or Sidley's withdrawal from pending Century matters.

9.     In support of the Century Objection, Century filed the Declaration of Joshua R. Schwartz ("Schwartz Declaration") (D.E. 435), which attaches thirteen exhibits intended to prove the facts Century asserted in its objection. Mr. Schwartz is Managing Counsel and Director of Reinsurance Litigation for Chubb Group. According to his declaration, "Chubb is a longtime client of the Insurance and Financial Services practice group of Sidley . . . . Over the last decade, Sidley has represented Chubb in connection with over a dozen matters. . . . In the course of its years of work for Chubb, Sidley has developed extensive knowledge of highly privileged information about

Century's insurance and reinsurance programs that apply beyond any single policyholder or matter." Schwartz Declaration, ¶ 2.

10.     Mr. Schwartz believes that "Sidley received privileged information concerning the disputes between Century and the BSA over its insurance coverage, Century's privileged legal analysis of the Boy Scouts' claims, and Century's privileged legal strategies and defenses. As insurance coverage is a central asset around which a reorganization is planned, knowledge of Century's legal analysis, strategy, and positions with regard to this asset is of obvious relevance to formulating a plan and negotiating with tort claimants and insurers about the terms of a plan." Schwartz Declaration, ¶ 26.

11.     According to the declaration of Jessica Boelter, filed in support of the Sidley Retention Application (the "Boelter Declaration"), Sidley began representing the Debtors in October 2018 "regarding various strategic options for reaching an equitable global resolution of abuse claims against the BSA, including restructuring alternatives." Boelter Declaration, ¶ 4.

12.     Ms. Boelter further disclosed that:

> "[a]ffiliates of Chubb Limited, including Century Indemnity Company ("CIC"), are Potential Parties in Interest listed on Schedule 1 as insurers of the Debtors. In addition, ESIS Inc., a Chubb affiliate, is a third party claims administrator utilized by the BSA and certain of its insurers. Sidley has in the past represented Chubb Limited and its affiliates on matters unrelated to the chapter 11 cases. Sidley previously represented Chubb affiliate CIC in certain reinsurance collection actions between CIC and its reinsurers. The underlying insurance claims for which CIC was seeking reimbursement from its reinsurers were claims under insurance policies CIC or its predecessors issued to the BSA; however, Sidley's prior representation of CIC in the matter related solely to the reinsurance contracts between CIC and its reinsurers and did not relate to the underlying coverage provided by the policies issued by CIC to BSA. As such, this representation was unrelated to these chapter 11 cases. Sidley has formally withdrawn as counsel for CIC in the reinsurance collection actions and does not currently represent Chubb or any of its affiliates on any other matters. In an abundance of caution, Sidley has implemented a screen between the lawyers and paraprofessionals who worked on the

4

> reinsurance matters and the lawyers and paraprofessionals working on any
> matters on behalf of the Debtors."

Boelter Declaration, ¶ 22.

13.    Disputes between Sidley and Century arising from Century's engagement of Sidley are governed by the Service Level Agreement referenced in Paragraph 6 of the Schwartz Declaration.

14.    Century also filed a motion asking this Court for authority to file every exhibit to the Schwartz Declaration under seal pursuant to section 105(a) and 107(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9018. *See* (D.E. 430) ("Seal Motion").

15.    In the Seal Motion, Century argues that these exhibits should be filed under seal because they contain "commercially sensitive information, confidential information about other cases and other confidential and or privileged information." Seal Motion at ¶ 8.

16.    The Seal Motion also argues that "such confidential information is not relevant to the dispute at hand[.]" *See id*. at ¶ 9.

## ARGUMENT

**I.    Sealing of the Communications and Documents at Issue in the Dispute Between Century and Sidley is Unwarranted Because (A) 11 U.S.C. § 107(b) and Federal Rule of Bankruptcy Procedure 9018 are Inapplicable; and (B) Century has Waived the Attorney-Client Privilege.**

17.    The U.S. Trustee respectfully requests that the Seal Motion be denied because the exhibits Century seeks to seal do not fall within the parameters of Section 107(b) of the Bankruptcy Code or Federal Rule of Bankruptcy Procedure 9018. Moreover, to the extent that Century argues that sealing is proper due to the attorney-client privilege, sealing is likewise unjustified because Century has waived the attorney-client privilege by attacking Sidley's integrity and professionalism, thereby placing its communications with Sidley at issue.

**A. 11 U.S.C. § 107(b) and Federal Rule of Bankruptcy Procedure 9018 are Inapplicable.**

18.    The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978): "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24 (Cir. 2 1994), the Court stated the general rule as: "...a strong presumption of public access to court records...This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the integrity, quality, and respect in our judicial system." 21 F. 3d 24, 26 (citations omitted). *See also In re Continental Airlines,* 150 B.R. 334 (D. De. 1993) (noting that "the strong presumption in favor of public access to judicial records and papers[.]"); *accord In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996). This common law has been codified in Section 107(a) of the Bankruptcy Code.

19.    In the bankruptcy context, limited exceptions to the general rule are contained in the Code and Rules. Bankruptcy Code §107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>
> > (1) Protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) Protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

20.    Federal Rule of Bankruptcy Procedure 9018 essentially incorporates the substance of Section 107(b), and it also adds to the type of matters subject to seal, the protection of

"governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9018. This item is not applicable in the present case as there is no allegation that governmental matters are implicated.

21.     Applied here, almost none of the information sought to be sealed is a trade secret, confidential research, development, commercial information, or a scandalous or defamatory matter contained in a paper filed in case under this title. Rather, except  for the prospect that the actual fees  agreed to between Sidley and Century might fall within the realm of confidential commercial information, all the exhibits are communications between the parties that are at the heart of the dispute concerning Sidley's Retention Application.

### B.  Under Pennsylvania Law, Century has Waived the Protection of Attorney-Client Privilege.

22.     To the extent any of the information sought to be sealed is subject to the evidentiary attorney-client privilege, Century, the holder of the privilege, has waived the attorney-client privilege under Pennsylvania law[3], thereby foreclosing Century's ability to invoke it.

23.     "It is beyond peradventure that Pennsylvania law protects the attorney-client privilege and recognizes it as 'the most revered of the common law [evidentiary] privileges.'" *Com. v. Flor*, 635 Pa. 314, 328, 136 A.3d 150, 158 (2016) (citations omitted). The following are the common law elements of the attorney client privilege: "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by his client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, **(8) except the protection be**

---

[3] The Service Level Agreement contains a Pennsylvania choice of law clause.  To the extent Pennsylvania law is inapplicable, the U.S. Trustee contends that the same argument applies under the law of other jurisdictions.

**waived**." *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 411 (D. Del. 1992) (quoting 8 Wigmore, Evidence § 2292 at 554 (McNaughton rev.1961)) (emphasis added).

24.     A client waives the attorney-client privilege when a client asserts a claim or defense and attempts to prove that claim or defense by disclosing or describing the attorney client communication because the client has effectively placed the communications at issue to prove its case.  *See Rhone-Poulenc Rorer Inc. v. Home Indem.* Co., 32 F.3d 851, 863 (3d Cir. 1994). A client's attack on its attorney's integrity and professionalism places the attorney-client communications at issue. *See Salsman v. Brown*, 2012 PA Super 176, 51 A.3d 892, 895 (2012); *In re Pittsburgh Corning Corp.*, 308 B.R. 716 (Bankr. W.D. Pa. 2004).

25.     Here, Century has placed Sidley's integrity and professionalism at issue by arguing that Sidley has violated its fiduciary duty of loyalty, and therefore, has an actual conflict that precludes its retention under Section 327 of the Bankruptcy Code. To prove this argument, Century underscores the following alleged facts which necessarily implicate the contents of its communications with Sidley:

- "Sidley failed to get a written conflict waiver without disclosing its concurrent and conflicting representation of the Boy Scouts";

- "Chubb discovers and objects to Sidley's concurrent and conflicting representation of the Boy Scouts"; and

- "Sidley threatens and bullies its client, telling Chubb to 'live with' the situation or risk being dropped in active cases".

Century Objection at pgs. 5-8.

26.     Without question, Century is attempting to prove its case by describing its communications with Sidley. Century, therefore, has waived the attorney-client privilege to the extent it applies to the exhibits sought to be sealed.

## II.    Open Questions Regarding the Sidley Retention Application

27.    The Century Objection raises serious concerns regarding Sidley's disinterestedness and its disclosures in these bankruptcy cases. But without more information and a further development of the facts, the parties cannot determine whether Sidley has an actual conflict, a potential conflict, or just the appearance of a conflict. It is also impossible to determine whether Sidley made appropriate disclosures in support of its retention.

28.    Century has alleged that Sidley is in possession of information that cannot help but affect and inform Sidley's representation of the Debtors. Sidley argues that there is no conflict, that it made all required disclosures, and that its retention is proper. Much remains in dispute, and further fact development appears to be appropriate. Sidley and Century must answer at least the following questions:

- When did Century's attorney/client relationship with Sidley begin?

- When did the Debtors' attorney/client relationship with Sidley begin?

- When did Century learn that Sidley represented the Debtors?

- What communications did Century and Sidley have about Sidley's representation of the Debtors?

- Who are the parties to the insurance/reinsurance matters in which Sidley represents Century, and how are the Debtors involved in those matters?

- Why did Sidley believe that Century and the Debtors were not adverse to each other in the insurance/reinsurance matters, and that those matters did not represent a conflict?

- What kind of information did Sidley obtain about Century and how does that information affect its representation of the Debtors?

Without answers to these questions and others, it is impossible to determine whether Sidley has a conflict, and, if it does, whether that conflict disqualifies it from representing the Debtors.

9

## CONCLUSION

29.    The U.S. Trustee opposes the relief sought in the Seal Motion because Century has not met its burden to prove that the information sought to be sealed is worthy of that protection under Section 107 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 9018, or under the attorney-client privilege. The request to seal communications which are at the heart of the dispute between Century and Sidley far exceeds the scope of protection and improperly obstructs the public's right of access to judicial proceedings and records and interferes with the proper prosecution of this estate.

30.    With respect to the Sidley Retention Application, the Century Objection, and the Seal Motion, the U.S. Trustee leaves the moving parties to their burden of proof and reserves all rights to participate in discovery and further litigation.

WHEREFORE, the U.S. Trustee respectfully prays this Honorable Court to deny the Motion and for such other relief at law and in equity as this Honorable Court may deem proper. Respectfully submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE FOR REGIONS 3 AND 9**

DATED: April 27, 2020        BY: /s/ David L. Buchbinder
David L. Buchbinder, Esq.
Hannah M. McCollum, Esq.
Rosa Sierra, Esq.
Trial Attorneys
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)