IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | : | Case No. 20-10343 (LSS) |
| | : | Jointly Administered |
| Debtors. | : | Hearing Date: May 18, 2020 at 10:00 a.m. (ET) |
| | : | Obj. Deadline: May 11, 2020 at 4:00 p.m. (ET) |

**APPLICATION OF THE FUTURE CLAIMANTS' REPRESENTATIVE FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL, EFFECTIVE AS OF MARCH 19, 2020**

James L. Patton, Jr., the Future Claimants' Representative (the "FCR") hereby submits this application (the "Application") for entry of an order authorizing the retention and employment of Gilbert LLP ("Gilbert" or the "Firm") as special insurance counsel, effective as of March 19, 2020, pursuant to section 105(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The FCR relies upon the Declaration of Kami E. Quinn, a partner of Gilbert (the "Quinn Declaration"), filed in support of this Application, attached hereto as **Exhibit A**. In further support of this Application, the FCR represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the FCR confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final judgment or order with respect to the Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article II of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for this Application are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4. The Boy Scouts of America (the "<u>BSA</u>") is a federally chartered nonprofit corporation under title 36 of the United States Code. 36 U.S.C. §§ 30901-08.

5. The Debtors assert that as of the Petition Date, there were approximately 275 pending civil actions asserting personal injury claims against the BSA and certain local councils and chartered organizations related to child sexual abuse at the hands of a leader, volunteer, or a member of the BSA.

6. In 2018, BSA retained legal and financial advisors to explore restructuring options in light of the number of abuse claims asserted against the organization.

7. On December 12, 2018, the Debtors entered into an agreement with the FCR to

serve as pre-petition FCR on behalf of future claimants. Due to Gilbert's extensive experience and expertise related to mass-tort insurance coverage issues, the FCR employed Gilbert to analyze the Debtors' insurance policies, provide advice on insurance-related issues, and negotiate with BSA and the other stakeholders.

8.  The Debtors agreed to pay the pre-petition professionals engaged by the FCR. Gilbert received a total of $196,275.94 from the Debtors for pre-petition services and costs. Furthermore, Gilbert currently holds a $150,000.00 retainer that was paid by the Debtors. Gilbert has been compensated in full for all services provided pre-petition; no unpaid fees or out-of-pocket costs are owed to Gilbert at this time as a result of its pre-petition work for the FCR.

9.  On February 18, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 (the "Chapter 11 Cases") of the Bankruptcy Code (the "Code"). The Debtors continue to operate and maintain their non-profit organization as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

10. On March 4, 2020, the Office of the United States Trustee formed Official Committee of Tort Claimants (the "Committee").

11. On March 18, 2020, the Debtors filed a motion for entry of an order appointing James L. Patton, Jr., as Legal Representative for Future Claimants. The Court entered the order appointing James L. Patton, Jr., as the FCR on April 24, 2020.

12. Given the nature of the tort claims in these Chapter 11 Cases and the potential future claims that may arise, the FCR submits that insurance issues will be critical in these Chapter 11 Cases, and the FCR needs experienced insurance counsel to assist in fulfilling his duties to the future claimants.

**Relief Requested**

13. By this Application, the FCR requests entry of an order approving and authorizing the employment and retention of Gilbert to serve as special insurance counsel, effective as of March 19, 2020, for the FCR pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 2014.

**Qualifications**

14. Gilbert is a leading insurance recovery law firm with experience acting as insurance counsel for debtors, creditors' committees, section 524(g) trusts, trustees, and future claimants' representatives in mass-tort bankruptcy cases in New York, Delaware, Pennsylvania, Ohio, Tennessee, Washington, and other jurisdictions.

15. Gilbert currently serves as special insurance counsel to (a) the asbestos claimants' committee in the Sepco Corporation bankruptcy, (b) the asbestos claimants' committee in the Duro Dyne bankruptcy, (c) both the unsecured creditors' committee and the future claimants' representative in the Rapid-American Corporation bankruptcy, (d) both the tort claimants' committee and the future claimants' representative in the Imerys Talc America bankruptcy, and (e) the asbestos personal injury claimants' committee in the ON Marine Services LLC bankruptcy, all of which are chapter 11 cases.[2] Gilbert also serves as special insurance counsel to Fraser's Boiler Service, Inc., Debtor, in its bankruptcy and Charles M. Forman, chapter 7 Trustee in the National Service Industries, Inc. bankruptcy.

16. Gilbert has previously represented committees and/or future claimants' representatives in various chapter 11 reorganizations, including those of Church Street Health

---

[2] Mr. Patton's firm, Young Conaway Stargatt & Taylor, LLP, is counsel to the future claimants' representative in the Sepco, Duro Dyne, Rapid-American, and Imerys bankruptcy cases. Mr. Patton is the future claimants' representative in the Imerys case.

Management LLC, City Homes III LLC, Combustion Engineering, Geo V. Hamilton, Inc., Metex Mfg. Corp. (f/k/a Kentile Floors, Inc.),[3] Saint Vincents Catholic Medical Centers of New York d/b/a St. Vincents Catholic Medical Centers, and TK Holdings, Inc. all of which concluded with confirmed Chapter 11 plans.

17. Gilbert currently represents various trusts that were created for the benefit of asbestos or mass tort claimants pursuant to the plans of reorganization confirmed in several bankruptcies. These include the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, the Babcock & Wilcox Company Asbestos PI Trust, the Combustion Engineering Trust, the Federal-Mogul Asbestos Personal Injury Trust, the Hercules Chemical Company, Inc. Asbestos Trust, the PSAN PI WD Trust d/b/a Takata Airbag Tort Compensation Trust Fund, and the Victims Restitution Trust for Insys Therapeutics, Inc. and its Affiliated Debtors.[4]

18. Because of Gilbert's extensive experience and expertise, the FCR believes that Gilbert is well-qualified to provide the services needed in these Chapter 11 Cases

**Scope of Services**

21. The FCR anticipates that Gilbert's involvement in these Chapter 11 Cases will include, *inter alia*, the following:

    a. Advising the FCR on steps to be taken to preserve and maximize insurance coverage;

    b. Attending meetings and negotiating with representatives of the Debtors, their non-bankrupt affiliates, their insurance carriers, and other parties in

---

[3] Mr. Patton's firm, Young Conaway Stargatt & Taylor, LLP, was counsel to the future claimants' representative in the Metex case.

[4] Mr. Patton's firm, Young Conaway Stargatt & Taylor, LLP, is counsel to the future claimants' representative in the Babcock & Wilcox and Federal-Mogul trusts.

5

    interest in these Chapter 11 Cases related to the preservation of insurance coverage and resolution of disputed insurance coverage; and

  c. Assisting the FCR with any insurance-related matters arising in connection with the formulation of a plan of reorganization and funding any trust for the payment of sexual abuse claims established under a plan.

22. The FCR requires knowledgeable counsel to render these professional services. As noted above, Gilbert has substantial expertise in all of these areas. Moreover, Gilbert is already familiar with the Debtors, their insurance coverage, the on-going insurance coverage litigation, and related issues as a result of Gilbert's pre-petition work on behalf of the FCR. Accordingly, Gilbert is well qualified to perform these services and represent the FCR's interests in these Chapter 11 Cases.

## Compensation and Reimbursement of Costs

23. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders and rules of this Court, the FCR requests that Gilbert be compensated on an hourly basis, and be reimbursed for the actual, necessary expenses it incurs. It is anticipated that Kami Quinn, Emily Grim, and Meredith Neely will be the primary attorneys performing services on behalf of the FCR, whose hourly rates are $775, $590, and $475, respectively.

24. Gilbert will involve other attorneys and professionals of the Firm to provide services on behalf of the FCR, as needed. As of March 19, 2020, the range of hourly rates in effect is as follows:

| Position | Hourly Rate |
| --- | --- |
| Partners | $635 - $1,300 |
| Of Counsel/Associates | $290 - $620 |
| Paralegals/Litigation Support | $185 - $285 |
| Law Clerks | $200 - $325 |

6

All of the hourly rates and ranges set forth above may change from time to time in accordance with Gilbert's established billing practices.

25. Gilbert understands that any compensation and expenses paid to it must be approved by this Court upon application in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of this Court.  No promises have been received by Gilbert or any member or employee of that firm as to compensation from the Debtors' estate.

26. Given the experience and background of the Gilbert's attorneys, the type of services to be performed, and the market prices in existence for such services, the compensation arrangements proposed by Gilbert herein are reasonable.

### Disinterestedness of Gilbert

27. Gilbert has informed the FCR that, other than as set forth herein and noted in the Quinn Declaration, to the best of Gilbert's knowledge and information after due inquiry, Gilbert and its attorneys have no connection with the Debtors, their creditors, the United States Trustee for Region 3, or their respective attorneys or accountants or other professionals; are independent of the Debtors and other parties in interest identified by the Debtors and do not hold any interest that would adversely affect Gilbert's ability to advise the FCR;  and does not have an interest materially adverse to the FCR or to the future claimants in connection with the matters for which the FCR proposes to employ Gilbert.  Gilbert will supplement the Quinn Declaration if and when it is necessary to disclose any further relationships that require disclosure in these Chapter 11 Cases.

28. Based on the foregoing statements and the disclosures made in the Quinn Declaration, the FCR is satisfied that Gilbert does not have an interest materially adverse to the

FCR or the future claimants with respect to the matters for which Gilbert will be employed and is a "disinterested person" under §§ 101(14) and 328(c) of the Bankruptcy Code. The FCR believes that the employment of Gilbert will serve the best interests of the FCR, and the Debtors' estate and creditors.

### Statement Regarding U.S. Trustee Guidelines

29.     In accordance with the United States Trustee Guidelines, Gilbert shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Gilbert also intends to make a reasonable effort to comply with the United States Trustee's ("UST") requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Gilbert in these Chapter 11 Cases.

30.     The FCR understands it is Gilbert's intention to work cooperatively with the UST to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines. However, in doing so, Gilbert reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect to any application for employment or compensation in these Chapter 11 Cases that falls within the ambit of the U.S. Trustee Guidelines.

### No Brief Contained In This Application

31.     Pursuant to Local Rule 9013-2, this Application contains the legal and statutory authorities on which the FCR requests relief.

**No Prior Request**

32.     No prior application for the relief sought herein has been made to this or any other court.

**Notice**

33.     Notice of this application will be provided to (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Official Committee of Tort Claimants; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the FCR submits that no other or further notice is necessary.

WHEREFORE, the FCR respectfully requests that this Court enter an order, substantially in the form submitted hereto as **Exhibit B**, authorizing the FCR to retain and employ Gilbert as special insurance counsel, effective as of March 19, 2020, and granting such other and further relief as is just and proper.

Dated: April 27, 2020         YOUNG CONAWAY STARGATT & TAYLOR, LLP

 */s/ Edwin J. Harron*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Sara Beth A.R. Kohut (No. 4137)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
              eharron@ycst.com
              szieg@ycst.com
              skohut@ycst.com

*Proposed Counsel to the Future Claimants' Representative*