**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF JESSICA C.K. BOELTER IN SUPPORT
OF RESPONSE BY SIDLEY AUSTIN LLP IN FURTHER SUPPORT
OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN
POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Jessica C.K. Boelter, being duly sworn, state the following under penalty of perjury:

1. I am a partner of the law firm Sidley Austin LLP ("Sidley") based in its office located at 787 Seventh Avenue, New York, New York 10019.

2. I submit this declaration (this "Declaration") on behalf of Sidley in support of the *Response by Sidley Austin LLP in Further Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* (Dkt. 204).[2]

3. I am leading the team advising BSA regarding various strategic options for reaching an equitable global settlement of abuse claims against BSA, including restructuring alternatives. Except as otherwise stated in this Declaration, I have personal knowledge of the facts set forth

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Response by Sidley Austin LLP in Further Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* filed contemporaneously herewith.

1

herein. I am over 21 years of age and I am fully competent to make this Declaration. If called upon to testify, I would competently testify to the facts set forth herein.

4. BSA retained Sidley on September 26, 2018, which was memorialized in an engagement agreement that was executed on October 3, 2018. A true and correct copy of the engagement agreement between BSA and Sidley, dated October 3, 2018, is attached hereto as Exhibit 1.

5. The Sidley Restructuring Team has substantial experience in navigating restructurings involving mass tort claims. Specifically, the Sidley Restructuring Team includes lawyers involved in *In re TK Holdings Inc.*, Case No. 17-11375 (Bankr. D. Del.), *In re Yarway Corp.*, Case No. 13-11025 (Bankr. D. Del.), *In re Owens Corning et al.*, Case No. 00-03837 (Bankr. D. Del.), *In re Federal Mogul Global Inc., et al.*, Case No. 01-10578 (Bankr. D. Del.), *In re Montreal, Maine & Atlantic Railway, Ltd.*, Case No. 13-10670 (Bankr. D. Me.), and certain of the Catholic archdiocese bankruptcy cases.

6. Since the fall of 2018, and culminating in the Chapter 11 filing on February 18, 2020, the Sidley Restructuring Team has dedicated significant time and energy to this matter and leveraged its experience to counsel BSA regarding a host of issues, including retaining a future claimants' representative, discussions with an ad hoc group of attorneys representing significant numbers of current abuse claimants, the formation of the Local Council Committee, and strategies for reaching a global resolution of the BSA's abuse liability, including the establishment and population of a data room, the largely consensual preliminary injunction with respect to pending abuse litigation, the crafting of a plan of reorganization to serve as a framework for the parties' negotiations, and the appointment of a mediator. Sidley also has developed substantial historical

and ongoing working relationships with the many different parties in interest to this proceeding, including counsel and other professionals.

7. In addition to Sidley, BSA is also represented by Haynes and Boone LLP ("Haynes and Boone"), Morris Nichols Arsht & Tunnell LLP ("Morris Nichols"), and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"). Haynes and Boone is special insurance counsel to BSA. In connection with the work described above, lawyers at Haynes and Boone have taken the lead on all coverage-related matters, including analyzing policies held by BSA and, later, negotiating with BSA's insurers, including Century, and drafting those portions of the proposed Plan of Reorganization pertaining to insurance matters, such as the language relating to insurance neutrality. Morris Nichols is additional Delaware-based bankruptcy co-counsel to Sidley. Ogletree Deakins represents BSA in the abuse claims litigation. BSA and Sidley intend for Haynes and Boone to continue on in their role of special insurance counsel as the case progresses, and, in conjunction with Morris Nichols, will handle any coverage or other disputes with Century, including any adversary actions involving Century that may arise out of these proceedings. Haynes and Boone will also handle negotiations with ESIS Inc., the Century-affiliated third-party claims administrator. (*See* Application Ex. B, Boelter Decl. ¶ 22.)

8. In the late summer and fall of 2019, BSA was intensively working to reach a global resolution among all interested stakeholders that would result in a prepackaged bankruptcy that would effect a global resolution of outstanding abuse claims. BSA involved Haynes and Boone, its dedicated insurance counsel, from the outset of its restructuring negotiations. Haynes and Boone initiated substantive discussions relating to the restructuring with BSA's insurers, including Century.

9. I have been informed by Haynes and Boone that Century was an insurer in years where BSA faces significant abuse liabilities and has policy obligations that do not contain aggregate limits for abuse claims arising in certain of these policy years.

10. In late September 2019, Haynes and Boone reached out to set up a meeting with Century and its parent, Chubb, that included Sidley in its role as BSA's restructuring counsel.

11. I attended that meeting on October 14, 2019, at Sidley's Chicago office. Shortly before the meeting, Sidley was informed that Century had hired Tancred Schiavoni of O'Melveny & Myers LLP as outside restructuring counsel. There were a number of participants, including other Sidley attorneys Michael Andolina and Thomas Labuda, as well as the following additional relevant attorneys:

   a. Ernest Martin, Jr., Partner at Haynes and Boone, LLP and special insurance counsel to BSA;

   b. Bruce A. Griggs, Shareholder, and Ellen Perlioni, then-Of Counsel, from Ogletree Deakins, abuse litigation counsel for BSA;

   c. Steven P. McGowan, Secretary and General Counsel to BSA;

   d. Christopher Wadley, Partner at Walker Wilcox Matousek LLP and outside counsel to Century and Chubb;

   e. Christopher Celentano, Senior Vice President, Coverage & Complex Claims, at Chubb;

   f. Catherine "Shelly" Williams, Vice President, Coverage & Complex Claims, at Chubb;

   g. John Dwyer, General Counsel at Brandywine Holdings, an affiliate of Century and Chubb; and

   h. Tancred Schiavoni, Partner at O'Melveny & Myers LLP and outside counsel to Century and Chubb.

12. At no point during that meeting did anyone raise any concern about Sidley's participation in the meeting or Sidley's role as restructuring counsel.

13. On October 17, 2019, Century wrote a letter to Haynes and Boone addressing the substance of the October 14, 2019 meeting. A true and correct copy of that letter is attached hereto as Exhibit 2.

14. The following week, Sidley hosted additional meetings at its Chicago office (although Sidley attorneys did not attend), which involved a representative of Century and Chubb, as well as attorneys from Ogletree Deakins, regarding a proposed claims matrix. No concerns were brought to Sidley's attention following this meeting.

15. On October 31 and November 1, 2019, the following attendees participated in a Webex conference with Michael Andolina and me that covered, among other things, a discussion of BSA's financial situation:

    a. Ernest Martin, Jr.;

    b. Christopher Celentano;

    c. Christopher Wadley;

    d. Shelly Williams;

    e. Tancred Schiavoni;

    f. Gary Svirsky, Partner at O'Melveny & Myers LLP and outside counsel to Century and Chubb; and

    g. Brian Whittman, Managing Director, Alvarez & Marsal and restructuring advisor to BSA.

That conference was scheduled via email. A true and correct copy of those emails, dated October 31, 2019, among the attendees listed above, is attached hereto as Exhibit 3. At no point during that conference did anyone raise any concern about Sidley's participation in the meeting or Sidley's role as restructuring counsel.

16. On November 3, 2019, Christopher Celentano communicated Century's objection to Sidley's participation in the mediation scheduled to begin the following day. A true and correct

5

copy of that email chain between counsel for Century and Sidley Restructuring Team attorneys, dated November 3 to November 25, 2019, is attached hereto as Exhibit 4.

17. On November 4, 2019, Ernest Martin, Jr. (Haynes and Boone), Michael Andolina, Thomas Labuda, and I met with Century's in-house counsel, as well as Mr. Schiavoni, prior to the beginning of the mediation to discuss Century's position. During that meeting, Century indicated that it was concerned that Sidley had received confidential information about the BSA policies as a result of its work for Century. I stated that no confidential information from those matters had been communicated to the Restructuring Team. Century agreed to participate in the mediation without waiving its rights.

18. Following Century's objection, Sidley promptly implemented an ethical screen between the Bankruptcy and Reinsurance teams, which became effective on November 4, 2019. A true and correct copy of the email implementing formal ethical screen, dated November 4, 2019, is attached hereto as Exhibit 5.

19. At no point did any attorney working on the BSA restructuring do any legal work in connection with the reinsurance collections disputes or other matters being handled by Sidley under the supervision of Sidley partner William Sneed. Indeed, I was not even aware of the reinsurance matters or Sidley's role in those matters until shortly before the mediation was scheduled to commence.

20. Since BSA filed for Chapter 11 bankruptcy on February 18, 2020, Sidley has proceeded to coordinate numerous tasks aimed at facilitating an efficient resolution of the case, including setting up a data room, coordinating with the Ad Hoc Committee of Local Councils, meeting and working extensively with the two official committees appointed in the case, moving for appointment of a future claims representative and a mediator, moving for and receiving entry

of an order granting a preliminary injunction of abuse litigation against non-debtors, and items related to a global resolution of abuse actions related to BSA.

21.     My initial declaration filed in support of the Application prominently and expressly disclosed the pertinent details of Sidley's prior representation of Century in certain reinsurance disputes involving claims under insurance policies Century or its predecessors issued to BSA. (*See* Application, Ex. B.) Schedule 2 to my initial declaration also identified all current and former representations within the last three years by Sidley of the Potential Parties in Interest (as defined in the initial declaration), or their apparent affiliates, as the case may be, all of which are unrelated to these chapter 11 cases. Since filing the initial declaration, it has come to my attention that Sidley is engaged by Cozen O'Connor P.C. in connection with the representation of an association of a number of insurers in certain 9/11-related litigation and appeals. Sidley's client in that representation is the association of insurers, which is not a Potential Party in Interest. However, several of the Potential Parties in Interest or their affiliates listed on Schedule 2 to my initial declaration as current or former clients of Sidley within the last three years are members of this association. I further understand that Pacific Indemnity Company and United States Fire Insurance Company, which were not identified on Schedule 2 to my initial declaration, are members of this association.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 28, 2020
New York, New York

*/s/ Jessica C.K. Boelter*
Jessica C.K. Boelter
Partner
SIDLEY AUSTIN LLP