IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>                       Debtors. | Chapter 11<br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**CENTURY'S MOTION FOR LEAVE TO FILE SURREPLY TO THE DEBTORS'
AND SIDLEY'S REPLIES IN SUPPORT OF THE APPLICATION FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

      The reply brief that Sidley Austin LLP ("Sidley") filed in support of Debtors' application to retain the firm is 15 pages over the applicable limit and asserts new arguments not raised in the moving papers. Sidley also adds 4 more declarations, totaling 48 pages, and 73 more pages of exhibits. Debtors too filed a brief in support of Sidley. The fact that Sidley needs so many pages and declarants only highlights that the moving submission does not provide a disclosure that complies with Rule 2104. Among the critical omissions was any mention of Chubb or Century as a client at the time of the bankruptcy petition.

      Rule 7007-2(b)(ii) of the Local Rules for the United States Bankruptcy Court for the District of Delaware provides, in relevant part, "[t]he party filing the opening brief shall not reserve material for the reply brief that should have been included in a full and fair opening brief." The Delaware District Court has determined that, where a party has violated this rule, the suitable remedy is to permit leave to file a surreply, recognizing that absent such a remedy, there exists the potential for "impermissible 'sandbagging'" in instances in which the movant holds

"crucial arguments for a reply brief to which an opponent cannot respond."[1] Courts in this Circuit have recognized that surreplies can assist in enabling more fulsome and fair decision-making on issues before the court.[2]

Sidley well knew that Chubb would object to its retention application (if it were to go forward) because the parties engaged in weeks of meet-and-confers under the dispute resolution provision of the Chubb engagement letter (called the Service Level Agreement). Indeed, Sidley even knew the thrust of the arguments that Chubb would raise. Therefore, it should have made the basic disclosures required by Rule 2014 when it asked to be retained, rather than waiting to dump all the extra paper on Chubb less than a week before the hearing. Century therefore respectfully requests that this Court enter an order allowing it to file a surreply, attached as **Exhibit A**, addressing the newly raised arguments and evidence or in the alternative, strike the Debtors' and Sidley's reply papers.

---

[1] *See Fifth Mkt., Inc. v. CME Grp., Inc.*, No. CIV.A. 08-520-GMS, 2013 WL 3063461, at *1 (D. Del. June 19, 2013).

[2] *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (granting leave to file surreply over defendant's objection, finding that the surreply would "allow the Court to more fully and fairly evaluate Defendants' pending motion" given the relative brevity of the surreply and the challenges to the interpretations and applications of the newly-cited case law).

| | |
|---|---|
| Dated: May 1, 2020<br>Wilmington, Delaware | Respectfully Submitted,<br><br>By:  */s/ Stamatios Stamoulis*<br>     Stamatios Stamoulis (#4606)<br><br>STAMOULIS & WEINBLATT LLC<br>800 N. West Street<br>Third Floor<br>Wilmington, Delaware  19801<br>Telephone:   302 999 1540<br>Facsimile:    302 762 1688<br><br>O'MELVENY & MYERS LLP<br>Tancred Schiavoni (*pro hac vice*)<br>Janine Panchok-Berry (*pro hac vice*)<br>Times Square Tower<br>7 Times Square<br>New York, New York  10036-6537<br>Telephone:   212 326 2000<br>Facsimile:    212 326 2061<br><br>*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company* |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>　　　　　　　　　Debtors. | Chapter 11<br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING CENTURY'S MOTION FOR LEAVE TO FILE SURREPLY TO THE DEBTORS' AND SIDLEY'S REPLIES IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION,  
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "Motion") of Century for leave to file its surreply in response to the Debtors' and Sidley Austin LLP's replies in support of the Application for Entry of an Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date; and the Court finding notice of the Motion was sufficient under the circumstances; and after due deliberation; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. the Motion is GRANTED.

2. Century is authorized to file its surreply.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court Judge