Sneed Exhibit 10

Schwartz Exhibit 8

**CHUBB**

Managing Counsel-Director of  
Reinsurance  
436 Walnut Street  
Philadelphia, PA 19106

O 215-640-2107  
M 267-449-6058  
E Joshua.Schwartz@chubb.com

January 30, 2020

Bill Sneed, Esq.
Sidley & Austin LLP
One South Dearborn Street
Chicago, IL 60603

Dear Bill:

I am writing in response to the letter from Sidley's General Counsel, Linton Childs, and your letter, both dated January 16, 2020, as well as Sidley's motion to withdraw from the "Lloyd's Litigation" dated January 27, 2020.

At the onset, Chubb would like to make one thing clear: Sidley is not authorized to talk with any third parties about this conflict issue without our advance written permission. This includes communication with arbitration panels and with counsel representing our adversaries.

With respect to Mr. Childs' letter, we do not see the utility in further correspondence regarding the conflict issue. We have been asking, for some time now, to review Mr. Childs' legal advice, or other analysis, which led Sidley to conclude that there is no conflict. That request remains extant, and Sidley's unwillingness to share it speaks volumes. Needless to say, Mr. Childs' recitation of what Chubb purportedly knew, and when, about Sidley's representation of the Boy Scouts is inaccurate, misleading and belied by the record.

In your January 16 letter, Sidley purports to withdraw from its current representations of Chubb entities and provides an incorrect description of the pending matters and their status. As an initial matter, Chubb retained Sidley to serve as arbitration counsel against Lloyd's in September 2018 regarding the disputed Boy Scouts reinsurance billings. That representation has included, *inter alia*, providing analysis and evaluation on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This remains an open matter, and Chubb does not consent to Sidley withdrawing from the pending Lloyd's arbitration(s), which Lloyd's is seeking to enjoin in the Lloyd's Litigation. (We will address Sidley's motion to withdraw from the Lloyd's Litigation at the conclusion of the letter.)

Second, we do not consent to Sidley's withdrawal from the "▮▮▮▮ Arbitration" and do not authorize Sidley to send a notification to the Panel that you no longer represent Chubb in this matter. As you reported to us on January 27, 2020, ▮▮▮▮ just reached out to you to see if a deal can be brokered to settle the matter and/or stay the arbitration. In this circumstance, Chubb would be prejudiced if Sidley were to notify the Panel (and ▮▮▮▮ that it is seeking to withdraw. We also do not understand the arbitrary deadline of January 31st that Sidley has placed on its desire to notify the Panel that it does not want to work for Chubb any longer, especially since Sidley is willing to continue working on the "▮▮▮▮ Arbitration" into March. Given your expressed willingness to make "reasonable modifications" to Sidley's plans to seek

1

withdrawal, we trust that it will not be a problem to accommodate this request. If this is a problem for Sidley, we would need to address under the dispute resolution mechanism in the Service Level Agreement (SLA) your desire to withdraw now.

With respect to the ▮ Arbitration, your attempt to withdraw in the middle of discovery is particularly challenging for us. We are still deliberating internally on whether Sidley should continue on as counsel through the close of discovery. We will let you know once we reach our conclusion, which we hope to reach shortly given the upcoming deposition dates.

Regarding the ▮ matter, we will not oppose Sidley withdrawing because, as you note, there is no formal dispute and we have other counsel on the matter. The same is not true with respect to the ▮ matter in which Sidley provided counsel on a complex set of historic documents and contracts. While that matter has been dormant recently, it remains an open, unresolved matter. We assume Sidley is seeking to withdraw from the ▮ matter as well. Please confirm.

Finally, with respect to the Lloyd's Litigation, Sidley's substantive work on the matter has not concluded. The parties have competing motions *sub judice*, and it is very likely that there will be further motion practice after the court issues its ruling. Moreover, the court proceedings are ancillary to the arbitration matter that Sidley was retained to handle, which could proceed quickly following a ruling by the court. Chubb will incur a great deal of cost in finding new counsel and having that new counsel prepare to take over the Lloyd's Litigation. As you already know, ▮ only worked on the motion to confirm the prior arbitration award and has had no involvement in the present dispute. Accordingly, Chubb reserves all of its rights at law, in equity and pursuant to the SLA with respect to Sidley's conduct in the Lloyd's Litigation.

Nonetheless, Chubb would be willing to consent to Sidley's withdrawal from the Lloyd's Litigation if the following conditions are agreed:

1. The parties agree that Chubb's consent is on a without prejudice basis with respect to the allegations in Sidley's motion to withdraw, which Chubb disputes.

2. The parties agree that Chubb will have 30 days from the date of entry of an order granting the motion to withdraw to assign new counsel to the Lloyd's Litigation, and Sidley will remain as counsel during this 30 day period.

3. The parties agree that Chubb's consent to Sidley's withdrawal is on a without prejudice basis to Chubb's positions under the rules of professional conduct and the SLA regarding the conflict issue, and all of Chubb's rights in this respect are reserved.

Please advise whether Sidley is agreeable to these conditions.

You have made clear Sidley's intent to terminate Chubb's work midstream in order to do work for another client. We have objected and reserved our rights, but we are now faced with

managing the consequences of your actions. For the avoidance of any doubt, this is not our choice.

Sincerely,

Joshua R. Schwartz