## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,

                  Debtors.

Chapter 11
Case No. 20-10343 (LSS)

(Jointly Administered)

**CENTURY'S REPLY IN FURTHER SUPPORT OF ITS MOTION  FOR ENTRY OF AN ORDER AUTHORIZING CENTURY TO FILE UNDER SEAL CERTAIN EXHIBITS TO ITS OBJECTION TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, _NUNC PRO TUNC_ TO THE PETITION DATE**

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801

—and—

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537

_Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company_

## PRELIMINARY STATEMENT

The threat that Chubb's commercially sensitive and privileged information might be misused motivated its Objection to the Sidley retention.  It would be perverse if Chubb had to disclose that confidential information to protect it from being disclosed.  Importantly, Sidley agrees, stating that, "[t]o be sure, Century need not provide the Court with the actual privileged and confidential information that it claims Sidley possesses and that would damage Century."[1]

Suggesting that to protect confidential information from disclosure one has to disclose the information in making the objection would turn the Bankruptcy Code on its head.  Even in the context of a lawyer defending him- or herself in a disqualification proceeding (which is not the case here), the leading treatises teach and case law holds that courts should protect such material through sealing orders or, where appropriate, *in camera* inspection.  In other words, the right of public access to court documents is not absolute.

Chubb has not put at issue—and thus waived—any of the information that it asks to be sealed or redacted.  That is evident from the fact that Sidley has not argued that it needs access to the sealed documents and thus has not challenged the sealing motion.  Debtors too have not opposed the sealing motion.  Fairness, which underlies the at-issue doctrine, here demands sealing rather than unsealing.

The arbitrations on which Sidley represented Chubb are subject to confidentiality obligations to third parties, and the communications about them between attorney and client are privileged.  Chubb seeks to protect from disclosure the names of the parties and arbitrators in these proceedings and the legal advice Sidley gave in connection with those arbitrations.  Chubb has also sought to protect from disclosure certain provisions of its retainer agreement (the

---

[1]    Sidley Reply at 34 n.23.

Service Level Agreement or SLA) that deal with issues other than conflicts. These other provisions contain proprietary information about case management, strategy, and data security and are irrelevant to any issue before the Court.

## ARGUMENT

I.    **THE COURT MUST PROTECT CHUBB'S PROPRIETARY BUSINESS RECORDS UNDER 11 U.S.C. § 107.**

The right of public access to filings in is not absolute as courts are required to protect "commercial information."[2]  As this Court observed, "[c]ommercial information is 'information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the debtor,'" the disclosure of which would harm the moving party and benefit its competitors.[3]  To be protected from disclosure, such information need not rise to the level of a "trade secret."[4]

The information Chubb seeks to protect here is proprietary business information and privileged, the disclosure of which would be commercially harmful to Chubb. The redacted material discusses arbitrations with confidentiality obligations running to third parties. Chubb has also asked that the Court protect from disclosure privileged information that Sidley threatens to disclose.

In this district, retainer agreements have been recognized as meriting protection under Section 107(b) as "commercial information."[5]  This includes Chubb's retention agreement. The

---

[2]    11 U.S.C. § 107(b); *In re Altegrity, Inc.*, No. 15-10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015).

[3]    *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (quoting *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del.2006)).

[4]    *Id.* (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir.1994)).

[5]    *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 302 & n.19 (D. Del. 2013), *as corrected* (Mar. 15, 2013) (categorizing retention agreements between lawyers and potential claimants as "commercial information" under 11 U.S.C. § 107(b)(1)).

SLA also contains proprietary information about case management, strategy, and data security. Revealing this information would give Chubb's competitors a view into how it manages its law firm relationships, the cases they handle, and their operations. That would be commercially harmful to Chubb.

## II.    CHUBB HAS NOT WAIVED THE ATTORNEY-CLIENT PRIVILEGE.

The attorney-client privilege merits maximum protection. It "serves the interests of justice" and is therefore "worthy of maximum legal protection."[6] This privilege may alone be a reason to withhold or protect documents.[7] Here, Chubb has placed no attorney-client documents at issue in objecting to the Sidley retention.

### A.    Chubb has not taken any affirmative steps that would place Sidley's legal advice at issue.

A party waives the attorney-client privilege only where it "has taken the affirmative step in the litigation to place the attorney's advice in issue."[8] Here, Chubb neither took an affirmative step nor placed Sidley's advice in issue. Rather, Chubb objected to Debtors' motion to appoint conflicted counsel. Indeed, the threat that Chubb's privileged information might be misused motivated the Objection. Requiring Chubb to disclose the information it seeks to protect would defeat the purpose of the Objection, which is "to protect the confidential information provided to an attorney from being used against the client in another case."[9]

---

[6]    *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994).

[7]    *In re FiberMark, Inc.*, 330 B.R. 480, 511 (Bankr. D. Vt. 2005).

[8]    *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201 (3d Cir. 1999) (quoting *Rhone-Poulenc*, 32 F.3d at 863).

[9]    *Flint Hills Sci., LLC. v. Davidchack*, No. CIV.A.00-2334-JAR, 2002 WL 975881, at *8 (D. Kan. Mar. 21, 2002).

Sidley's legal advice to Chubb is simply not in issue here.  At most, Chubb has pointed to facts about the type of legal matters on which Sidley provided advice.[10]  But nothing in Chubb's Objection places Sidley's confidentially provided advice or legal conclusions before the Court.  To assess Chubb's motion, the Court need not examine what advice Sidley provided; instead, it can consider non-privileged communications between Chubb and Sidley.

Moreover, an objection to a motion to appoint debtor's counsel is a responsive pleading, rather than the kind of affirmative step that is a necessary prerequisite to an at-issue waiver.[11] Chubb has not moved for any affirmative relief.  Chubb should not be penalized for asserting the right to have its attorney maintain its duties of loyalty and confidentiality, particularly in a case where Chubb tried to resolve this matter and only brought this Objection as a last resort.

>  **B.      In any event, fairness does not demand that the Court find that the privilege is waived.**

If the Court were inclined to unseal any of the documents, it should tailor disclosure of any privileged material as narrowly as possible.[12]  "[T]he need to achieve fairness should not vitiate unnecessarily the right to protect privileged communications."[13] The "'at issue' waiver should effect a waiver 'only if facts relevant to a particular, narrow subject matter have been disclosed in circumstances in which it would be unfair to deny the other party an opportunity to discover other relevant facts with respect to that subject matter.'"[14]  Fairness

---

[10]   *See Rhone-Poulenc*, 32 F.3d at 864 ("Facts are discoverable, the legal conclusions regarding those facts are not.").

[11]   *Id.*

[12]   *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 116428, at *3 (N.D. Cal. Jan. 10, 2014).

[13]   *Id.*

[14]   *Id.* (quoting *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 156 (D. Del. 1977)).

underlies the at-issue waiver.[15]  And where fairness is not implicated, the court should not find waiver at all, even if a communication has been placed at issue.[16]

To be clear, it is Sidley that is seeking affirmative relief.  Not Chubb.  It would defeat the purpose of the Model Rules if a lawyer could with impunity threaten to reveal his or her client's confidences as being "at issue" any time a client asserted its right to protect its confidences.

Leading treatises are in accord that, even in the context of a lawyer defending himself (which is not the case here), confidential information should only be revealed as absolutely necessary and should be protected by courts via sealing or *in camera* inspection.  The Restatement (Third) of the Law Governing Lawyers also recognizes a client's right to have its confidential information used in a "proportionate and restrained" manner, only as absolutely vital for the attorney to mount an adequate defense.  The Restatement provides that, in such circumstances, "*in camera* procedures or sealing a record may be appropriate."[17] The ABA Model Rules similarly require that disclosure by a lawyer to defend itself be "strictly limited."[18]  For example, the Annotated Model Rules cite a New York City Ethics Opinion that contemplates the disclosure of confidential information to collect a fee should be done *in camera* with a request to keep the information under seal.[19]

Here, neither Sidley nor Debtors—the parties prosecuting the retention motion—has challenged Chubb's sealing motion or claimed unfairness.  Clearly, Sidley and Debtors do

---

[15]  *Id.*

[16]  *MKS Instruments, Inc. v. Advanced Energy Indus., Inc.*, No. CV 03-469 JJF, 2005 WL 8170592, at *4 (D. Del. Aug. 3, 2005), *adopted*, No. CV 03-469 JJF, 2005 WL 8170596 (D. Del. Sept. 16, 2005).

[17]  Restatement (Third) of the Law Governing Lawyers § 64.

[18]  Model R. Prof'l Conduct 1.6 cmt. [14].

[19]  ABA, Annotated Rules of Prof'l Conduct 110 (6th ed. 2007).

not think that any of the proposed sealed information is "vital" to the retention motion.  That alone should be sufficient to grant the sealing motion and preclude any privileged material from being disclosed by Sidley at the hearing.

But the Court need not reach the issue of what matters Sidley represented Chubb in, if it finds (as it should) that Sidley had a current-client conflict when it simultaneously represented Chubb and the Boy Scouts.  Even if the Court were to apply the "substantial relationship" test for former clients, Chubb has not put the content of Sidley's advice in issue such that Sidley must in fairness be permitted to break the privilege to defend itself.

### C.    If anything, the authorities cited by the United States Trustee support Chubb's position.

The U.S. Trustee's authority for the proposition that Chubb waived the attorney-client privilege lend support to Chubb's position or are irrelevant.  *Rhone-Poulenc* held that the attorney-client communications at issue ***were*** protected by the privilege, and cautioned courts against determining that an attorney's advice was at issue merely because it is relevant.[20]  In *Salsman*, an attorney accused of making an unauthorized settlement offer could not defend himself without reference to privileged communications—which is not the case here, as Sidley has not argued that Chubb waived the privilege.[21]  *Pittsburgh-Corning* does not directly address whether any privileged communications were put at issue or whether that constitutes a waiver.[22]

---

[20]    *Rhone-Poulenc*, 32 F.3d at 863–64 ("Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue.").

[21]    *Salsman v. Brown*, 51 A.3d 892, 895 (2012).

[22]    *In re Pittsburgh Corning Corp.*, 308 B.R. 716 (Bankr. W.D. Pa. 2004).

**CONCLUSION**

Century respectfully requests that the Court deny Debtors' application to retain Sidley and grant such other relief as is just and proper.

Dated:  May 1, 2020

Respectfully Submitted,

By:  */s/ Stamatios Stamoulis*
       Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:    302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:    212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as
successor to CCI Insurance Company, as
successor to Insurance Company of North
America and Indemnity Insurance Company of
North America, Ace Insurance Group Westchester
Fire Insurance Company and Westchester
Surplus Lines Insurance Company*