## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,

              Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

## DECLARATION OF JOSHUA R. SCHWARTZ

I, Joshua R. Schwartz, pursuant to the provisions of 28 U.S.C. § 1746(2) declare under the penalty of perjury as follows:

1.      I am Managing Counsel and Director of Reinsurance Litigation for Chubb Group. One of my responsibilities involves retaining and overseeing counsel in reinsurance billing disputes for insurance coverage claims involving Century Indemnity Company as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and other Chubb entities, including those involved in the Boy Scouts of America (BSA) bankruptcy (collectively, "Chubb").

2.      Chubb is a longtime client of the Insurance and Financial Services practice group of Sidley Austin LLP ("Sidley"). Over the last decade, Sidley has represented Chubb in connection with over a dozen matters. Many of those matters were by agreement (or order) privately arbitrated to protect information that was the subject of the disputes. Attorney William Sneed of Sidley is a recognized expert in arbitrations involving reinsurance and the underlying insurance and insurance coverage claims.

3.      In the course of its years of work for Chubb, Sidley has developed extensive knowledge of highly privileged information about Century's insurance and reinsurance programs that apply beyond any single policyholder or matter. I know from my attorney-client interactions

with Attorney Sneed, among others, that he has extensive privileged information concerning our reinsurance and insurance programs.

4.      On October 5, 2018, Chubb retained Sidley to represent Century in connection with the BSA's insurance for molestation claims and Century's efforts to obtain reinsurance coverage for those claims. The initial matter we asked Sidley to handle involved a reinsurance dispute with Lloyd's of London over policies that Century issued to the Boy Scouts. As of August 2019, Sidley was also advising Century in an arbitration with another reinsurer involving policies Century issued to the BSA and reinsurance for claims under those BSA policies. Throughout this same period, Sidley was also working on other matters for Chubb, including an arbitration against a different reinsurer.

5.      As Century's counsel in the BSA matters, Sidley was privy to highly confidential information about Chubb's insurance coverage for the BSA and agreements concerning it. This includes privileged information concerning the disputes between Century and the Boy Scouts over its insurance coverage, Century's privileged legal analysis of the BSA's claims, and Century's privileged legal strategies and defenses in these matters.

6.      As a condition of its acceptance of engagements from Chubb, Sidley agreed to abide by the provisions of the companies' Service Level Agreement ("SLA") for law firms. A true and correct copy of the SLA is attached as Exhibit 1.

7.      Pursuant to this agreement, Sidley agreed "to identify and bring to the attention of the Client, in writing, any circumstances that may create or involve a conflict of interest." On any newly retained matter, Sidley agreed to "confirm the absence of any conflicts of interest." And Sidley agreed that if it "identifies a potential conflict after it has begun work for [Chubb], it shall make all reasonable efforts to resolve that conflict in a manner that will allow [Sidley]'s

continued representation of [Chubb]." In addition, Sidley agreed to abide by the rules of professional conduct applicable to attorneys.

8.      Unbeknownst to Chubb at the time, Sidley appears to have taken on the representation of the BSA sometime after it was engaged by Century on BSA matters and while it was engaged by Chubb on other matters. Sidley did not seek a written waiver from Chubb to do so. At the time of Sidley's concurrent representation of Chubb and BSA, there were pending declaratory judgment actions in Texas and Illinois seeking an adjudication of the parties' rights under the BSA insurance policies issued by Century and other Chubb entities.

9.      Prompted by a Wall Street Journal article citing an anonymous source, in mid-December 2018, I asked Attorney Sneed whether Sidley was representing the BSA. Attorney Sneed said he could not comment on press stories and reassured me that Sidley was not conflicted and could work on the BSA matter and other matters. Based on these assurances, Chubb continued to work with Sidley on multiple matters, including the Lloyd's matter involving the BSA sexual molestation claims. Chubb also assigned new matters to Sidley, including a related litigation to compel arbitration against Lloyd's in the District of Massachusetts regarding disputed BSA reinsurance billings.

10.      On January 8, 2019, Attorney Sneed told me that Sidley's new leadership was seeking prospective waivers for non-litigation matters and that he could not accept new assignments without the prospective waiver. He followed up with an email regarding this request on January 10, 2019, a true and correct copy of which is attached as Exhibit 2. On February 20, 2019, Attorney Sneed and Mike Goldman, head of Sidley's Insurance and Financial Services group and a member of its Executive Committee, spoke with me. They told me that Sidley had modified its request from a month earlier and was now only seeking a prospective waiver for bankruptcy and restructuring matters, but—crucially—they said nothing in the

proposed waiver request, or in the parties' conversations, about Sidley representing the BSA, even though Sidley had apparently undertaken that representation earlier.

11.    On February 28, 2019, Attorney Sneed sent me proposed advanced waiver wording for restructuring matters without requesting a waiver for the Boy Scouts or otherwise mentioning the BSA. On March 4, 2019, Chubb rejected Sidley's proposed advance waiver wording and provided alternative wording. On March 21, 2019, Attorney Sneed advised me that Sidley had dropped the request and would be fine proceeding pursuant to the SLA with regard to conflicts, and Century never granted a prospective waiver or waived any conflict of interest. After this exchange (and as referenced above), in August 2019, Attorney Sneed told Century that he had cleared conflicts for Sidley to represent Century in an arbitration with another reinsurer, again stemming from Century's policies with the BSA and disputes over reinsurance for them.

12.    I did not know at the time but have since learned that in late September 2019, the BSA invited the persons handling its insurance coverage at Chubb to a meeting on October 14, 2019, at which Sidley appeared. Since separate groups inside Chubb handle direct insurance and reinsurance, it was not until the end of October that anyone on the reinsurance side learned about the October 14 meeting and realized that Sidley was concurrently representing Century and the BSA.

13.    On October 29, 2019, I conveyed Chubb's concerns to Attorney Sneed (orally and in writing) about a conflict of interest with Sidley and Attorney Sneed, and conveyed that Chubb did not consent to the dual representation and was analyzing the issues. I followed up on that email on November 20, 2019, and asked to review Sidley's General Counsel's opinion or other analysis of the conflict. A true and correct copy of these emails to Attorney Sneed, dated October 29, 2019 and November 20, 2019, are attached as Exhibit 3. Attorney Sneed advised me

that he had not thought about this issue since the spring and that his partners told him there is no conflict, but he did not explain to me why.

14.     On November 3, 2019, the Chubb representatives handling the BSA coverage separately advised Sidley and the BSA that they had just learned about the concurrent representation, advised them that Chubb had not consented to a dual representation, and proposed adjourning a planned mediation.

15.     On December 3, 2019, while denying that a conflict existed, Sidley's bankruptcy counsel for the BSA asked Century to consent to its continued representation of the BSA, while concurrently working on behalf of Century in the reinsurance matters. Sidley also stated on December 3, 2019, that it had instituted a "screen" to ensure that Sidley's BSA bankruptcy team and the Sidley reinsurance lawyers would not share information, but that only raised more concerns since Sidley confirmed that the screen had not been in place before November 4, 2019. A copy of Sidley partner Michael Andolina's email, dated December 3, 2019, is attached as part of Exhibit 4.

16.     On December 12, 2019, I emailed Attorney Sneed and other Sidley attorneys to ask for further clarification on Sidley's analysis of the conflict and to clarify information regarding Sidley's screen. A true and correct copy of that email, dated December 12, 2019, is attached as part of Exhibit 4. Sidley's response dismissed our concerns about the conflict as a "distraction." A true and correct copy of Sidley partner Michael Andolina's email, dated December 16, 2020, is attached as part of Exhibit 4.

17.     On December 18, 2019, I spoke with Attorney Sneed together with Christine Russell of Chubb about the conflict. In that call, Attorney Sneed told us that Sidley would continue to represent the BSA and that if Chubb could not "live with" the situation, Sidley would

unilaterally terminate the attorney-client relationship between Chubb and Sidley for all pending matters, including the BSA reinsurance matters.

18.     In a letter dated January 3, 2020, I informed Sidley partner Michael Andolina that Chubb would not waive the conflict and rejected Sidley's attempt to withdraw. A true and correct copy of my letter of January 3, 2020, is attached as Exhibit 5.

19.     On January 16, 2020, Sidley's General Counsel Linton Childs sent me a letter confirming that a formal "wall" had only been in place since November and advising that Sidley would be withdrawing from its representations of Chubb. Sidley's General Counsel expressed that view that there had been no contact between Sidley's lawyers working for Chubb on BSA reinsurance matters and for BSA before November but without a wall being in place before then we had no way to confirm that was the case. A true and correct copy of that letter is attached as Exhibit 6. Also on January 16, 2020, Attorney Sneed sent me a letter setting out Sidley's intention to withdraw and the schedule and manner in which it intended to do so. A true and correct copy of that letter is attached as Exhibit 7.

20.     In a letter dated January 30, 2020, I explained to Attorney Sneed in detail why the firm's abrupt withdrawal would prejudice Century's interests in each pending matter. I also instructed Sidley not to discuss the conflict issue with arbitrators or opposing parties without Chubb's written permission. Despite these objections, and without allowing Century to better position itself for the withdrawal of its counsel, Sidley went forward with its unauthorized attempt to withdraw from the pending matters. A true and correct copy of my letter of January 30, 2020, is attached as Exhibit 8.

21.     Shortly before the BSA bankruptcy filing, on January 27, 2020, Sidley filed a motion to withdraw from litigation related to the Lloyd's BSA reinsurance arbitration pending in the District of Massachusetts and requested that the court expedite Century's response time from

14 to 7 days. Chubb subsequently consented to the withdrawal after it secured replacement counsel and reached an agreement with Sidley that the withdrawal would be on a without prejudice basis to Chubb's rights pursuant to the SLA and to Chubb's rights regarding Sidley's desire to continue representing the BSA.

22.      On February 18, 2020, the BSA filed for bankruptcy. The following day, Attorney Sneed advised me that he was going to tell the panel in one of the arbitrations that Sidley is withdrawing. Despite my request that he not do so, Attorney Sneed proceeded to notify the Panel in that arbitration the following day that Sidley would withdraw. Also on February 20, 2020, Attorney Sneed also contacted the Panel in another arbitration and advised that Panel that he was withdrawing, even though we did not have alternative counsel ready to take over the matter, our counterparty had expressed a desire to talk settlement and the parties had agreed to a stay of the arbitration to talk settlement. True and correct copies of my emails requesting that Sidley not notify the Panels that Sidley was withdrawing are attached as Exhibits 9 and 10. True and correct copies of Attorney Sneed's withdrawal emails are attached as Exhibits 11 and 12. On February 24, 2020, without notice to Chubb or its consent, Sidley called the arbitrators in the Lloyd's matter and advised that he was withdrawing.

23.      On March 10, 2020, I wrote a letter reiterating Chubb's objection to Sidley's conduct, explaining some of the ways in which it was prejudiced by Sidley's attempt to unilaterally withdrawal, and gave notice that Sidley's behavior breached the parties' SLA. A true a correct copy of this letter is attached as Exhibit 13.

24.      On March 16, 2020, Century invited Sidley to a pre-arbitration discussion per paragraph 7.2 of the SLA. The following day, March 17, 2020, Sidley filed its retention application.

25.     It would be highly detrimental to Chubb for Debtors' counsel to be party to its privileged information concerning the BSA and its insurance coverage in the negotiation of the terms of a plan and a host of other issues core to the role of Debtors' counsel to BSA.

26.     As Century's counsel, I know that Sidley received privileged information concerning the disputes between Century and the BSA over its insurance coverage, Century's privileged legal analysis of the Boy Scouts' claims, and Century's privileged legal strategies and defenses. As insurance coverage is a central asset around which a reorganization is planned, knowledge of Century's legal analysis, strategy, and positions with regard to this asset is of obvious relevance to formulating a plan and negotiating with tort claimants and insurers about the terms of a plan.

27.     Information obtained by Sidley attorneys during the course of its representations of Chubb, generally and with respect to matters concerning the BSA specifically, would be at risk of exposure to Debtors if Sidley is allowed to advocate for the Debtors. The risk to Chubb is exacerbated by the sheer weight, complexity, and duration of Sidley's interactions with Chubb over the years—and the continuation of this relationship into 2020—not to mention the immediately relevant body of highly privileged and confidential information that Sidley possesses about Chubb's insurance for the BSA from its handling of reinsurance matters concerning the same policies that are at issue in the bankruptcy.

28.     Chubb attempted to resolve these conflicts amicably, in a way that would facilitate a smooth transition of the BSA engagement, right up until Sidley unilaterally contacted arbitrators in the pending matters to withdraw. I made repeated requests for Sidley to provide its General Counsel's opinion or other analysis as to why it claimed there was no conflict of interest. Sidley did not do so. When these efforts failed, Chubb sought the advice of a leading

ethics expert in Delaware, Charles Slanina, to get his independent perspective. Mr. Slanina's advice is reflected in his declaration.

29.    Century is filing this Objection as a last resort, only after all efforts to resolve this matter with Sidley have failed.

Dated: April 9, 2020

Respectfully submitted,

*/s/ Joshua R. Schwartz*

JOSHUA R. SCHWARTZ

# EXHIBIT 1

**Acknowledgement Form**

> By clicking this button, I accept all of the terms and conditions of the Service Level Agreement ("SLA") and I represent
>
> to ACE INA Holdings Inc., (hereinafter referred to as "Chubb" as further defined in the SLA) that I have authority to act on behalf
>
> of my firm. I also acknowledge that my firm's acceptance of the SLA is a condition precedent to serving as Chubb's legal counsel.

| SLA Guidelines | Acknowledgement |
|---|---|
| Acknowledged?: Yes | Date: 9/4/2015 |

**Is your law firm currently providing, or planning to provide, legal services to Chubb on**

**matters subject to HIPAA privacy requirements?**

| HIPAA: No | HIPAA Date: |
|---|---|

**Please refer to the Document Library to view each regions Service Level Agreement ("SLA"),**

**as well as view or print Chubb's HIPAA Business Associate Agreement ("BAA"), if applicable.**

# SERVICE LEVEL AGREEMENT
# FOR THE PROVISION OF NON-CLAIMS LEGAL
# SERVICES

**Between**

**ACE INA Holdings Inc.**
**(Hereinafter referred to as "ACE")**

**and**

_____
**(Hereinafter referred to as the "Law Firm")**

**Dated:** _____

# Service Level Agreement
# for the Provision of Non-Claims Legal Services

## Contents

## 1. Introduction

1.1. Definitions, Statement of Purpose, Privilege and Confidentiality, Safeguarding Client Information, Media Contact/Public Disclosure and Conflicts of Interest



4.13 Conflicts of Interest



## 7. Governing Law; Dispute Resolution



# Service Level Agreement
# for the Provision of Non-Claims Legal Services

## 1. Introduction

1.1. <u>Definitions, Statement of Purpose, Privilege and Confidentiality, Safeguarding Client Information, Media Contact/Public Disclosure and Conflicts of Interest</u>

1.1.1. <u>Definitions</u>:   This section defines some capitalized terms used in this Service Level Agreement ("SLA") and certain other terms and conditions.

| | |
|---|---|
| "ACE Group Company" | ACE or any of its parents, subsidiaries or other affiliates (at any time during the period of the Law Firm's representation of the Client) |
| "ACE Group of Companies" | all ACE Group Companies taken together (at any time during the period of the Law Firm's representation of the Client) |
| "ACE Liaison" | the Client's in-house lawyer or other principal liaison to the Law Firm |
| ██████████ | ████████████████ |
| "Client" | any ACE Group Company that retains the Law Firm to provide Non-Claims Services with respect to any matter |
| "Non-Claims Services" | services performed by the Law Firm for a Client that are unrelated to the defense of an insurance claim or a related insurance coverage claim |
| ██████████ | ████████████████ |



5



1.1.6.  <u>Conflicts of Interest:</u>  In addition to the Law Firm's ethical responsibilities to avoid conflicts of interest, the ACE Group of Companies generally applies a Group-wide approach to conflict analysis.  The interests of all ACE Group Companies must be taken into account in analyzing whether a particular representation of a Client presents a conflict of interest.  Updated lists of all ACE Group Companies are filed with ACE Limited's SEC Forms 10-K and may be accessed via the www.acegroup.com and/or www.sec.gov websites.  The ACE Group of Companies does not generally consider conflicts to result solely from representation of its business competitors, but specific circumstances can cause conflicts to arise in such situations.  In all cases, it is the responsibility of the Law Firm to identify and bring to the attention of the Client, in writing, any circumstances that may create or involve a conflict of interest as herein described.  Any Law Firm that is newly retained by an ACE Group Company is requested to confirm the absence of any conflicts of interest to the ACE Liaison.  If the Law Firm identifies a potential conflict after it has begun work for the Client, it shall make all reasonable efforts to resolve that conflict in a manner that will allow the Law Firm's continued representation of the Client.  Any request by the Law Firm for the client to waive a real or potential conflict of interest must be in writing and directed to the ACE Liaison.  Regardless of the nature or timing of any conflict, the Client shall not be deemed to have waived any conflict unless the Client provides a waiver in writing.

ACE Group Non-Claims - SLA



7





9



10



11



ACE Group Non-Claims - SLA



13



14

4.13. <u>Conflicts of Interest</u>

    4.13.1. The Law Firm is required, without charge to the Client, to conduct or have conducted appropriate searches and inquiries with regard to any actual or potential conflict of interest, and to consult with the Client accordingly (as further directed in section 1.1.6 above).





ACE Group Non-Claims - SLA



## 7.  Governing Law; Dispute Resolution

7.2.        If a dispute arises related to this SLA with respect to any matter handled by the Law Firm for a Client, senior representatives of both parties, vested with authority to settle the dispute, will meet or speak and attempt in good faith to resolve the dispute.   The meeting or conversation will be held reasonably promptly (which the parties believe should be achieved within 10 working days) at the request of either party.

7.3.        If the parties are unable to resolve a dispute by negotiation as set forth in section 7.2 above, and the dispute relates to a matter handled by the Law Firm within the United States of America ("US Dispute"), either party may submit the dispute to be finally settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, in Philadelphia, Pennsylvania, U.S.A., by a single arbitrator selected in accordance with R-11.  All US Disputes related to this SLA shall, if not resolved between the parties as provided under section 7.2, be resolved by arbitration as provided herein, and arbitration shall be the sole means for redressing any dispute.  Each party shall bear its own costs and expenses and an equal share of the arbitrators' fees. The parties waive their respective rights to damages for "bad faith," punitive damages, statutory damages or penalties or other exemplary damages. Judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction.



ACE Group Non-Claims - SLA







ACE Group Non-Claims - SLA



# EXHIBIT 2

███████████

████    ████████████

███████████

**From:** Sneed, William M. [mailto:wsneed@sidley.com]
**Sent:** Thursday, January 10, 2019 9:20 AM
**To:** Schwartz, Joshua R
**Subject:** [EXTERNAL] Chubb Engagement

Josh:

Per our conversation on Tuesday, here is the advance conflicts waiver Sidley is seeking. I am unable to open Chubb matters until I get this resolved.

> Other current or future clients (collectively, the "Other Clients") may ask us to represent them in matters, such as business transactions, investigations, regulatory, insolvency, restructuring or other matters that are adverse to you and may negatively impact your interests. If we are not representing you in such a matter, and the matter in which you and an Other Client have adverse interests is not substantially related to our current or past representation of you and does not involve our use, to your disadvantage, of confidential information you have provided to us, you agree that we may represent such Other Client, you waive any conflict of interest arising from such representation, and you agree that you will not seek to disqualify or otherwise prevent us from representing such Other Client. You acknowledge that you have had an opportunity to consult with other counsel (in-house or otherwise) and to raise any questions you may have with us before agreeing to this waiver.

> The above advance waiver does not apply to any litigation, arbitration, or formal dispute resolution proceeding that is adverse to Chubb. With respect to any litigation, arbitration, or formal dispute resolution proceeding that is adverse to Chubb, we will seek your consent before accepting the representation of an Other Client.

I appreciate your assistance in this.

**WILLIAM M. SNEED**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7899
wsneed@sidley.com
www.sidley.com

# SIDLEY

1

**************************************************************************************************
**********

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

**************************************************************************************************
**********

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential,
non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading,
distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone
other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not
the intended recipient or if you believe that you have received this email in error, please notify the sender
immediately and delete all copies from your computer system without reading, saving, printing, forwarding or
using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we
do not warrant, represent or guarantee in any way that this communication is free of malware or potentially
damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any
way from the receipt, opening or use of this email is expressly disclaimed.

# EXHIBIT 3

**From:** Schwartz, Joshua R
**Sent:** Wednesday, November 20, 2019 1:41 PM
**To:** 'Sneed, William M.'
**Subject:** RE: Boy Scouts

Bill,

I am writing regarding our communication on October 29 discussing the Boy Scouts conflict issue and the subsequent communications between your bankruptcy partners and Chubb's Claims team. Sidley has told us that there is no conflict with Sidley's simultaneous representations of BSA in bankruptcy-related matters and Chubb in the BSA reinsurance matters. We would like to review Sidley's explanation for why there is no conflict. Please send us Sidley's General Counsel's opinion or any other analysis that led to the no conflict position so that we can further evaluate this issue.

Best regards, Josh

CHUBB

**Joshua R. Schwartz**
Managing Counsel - Director of Reinsurance Litigation

436 Walnut Street, Philadelphia, PA 19106
O 215-640-2107   M 267-449-6058   F 215-640-4020

ACE and Chubb are now one.

---

**From:** Schwartz, Joshua R
**Sent:** Tuesday, October 29, 2019 5:48 PM
**To:** Sneed, William M.
**Subject:** Boy Scouts

Bill,

Thank you for the discussion earlier today. As we discussed, I just learned that Sidley is representing Boy Scouts of America (BSA) in a potential bankruptcy filing. Chubb does not agree to waive any conflict presented by this potential representation and your representation of Chubb in the Lloyd's and ████ reinsurance matters. I will discuss this issue internally and circle back to you after we conclude those discussions. Please let me know if you have any questions in the interim.

Best regards, Josh

CHUBB

**Joshua R. Schwartz**
Managing Counsel - Director of Reinsurance Litigation

436 Walnut Street, Philadelphia, PA 19106
O 215-640-2107   M 267-449-6058   F 215-640-4020

ACE and Chubb are now one.

---

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

# EXHIBIT 4

**From:** "Andolina, Michael C." <mandolina@sidley.com>
**Date:** December 16, 2019 at 8:31:53 PM EST
**To:** "Schwartz, Joshua R" <Joshua.Schwartz@chubb.com>, "Sneed, William M." <wsneed@sidley.com>, "Celentano, Christopher" <Christopher.Celentano@Chubb.com>, "Wadley, Chris (cwadley@walkerwilcox.com)" <cwadley@walkerwilcox.com>, "Schiavoni, Tancred" <tschiavoni@omm.com>
**Cc:** "Labuda, Jr., Thomas" <tlabuda@sidley.com>, "Boelter, Jessica C.K." <jboelter@sidley.com>
**Subject:** RE: [EXTERNAL] RE: BSA - Chubb

Thanks for your email Josh.

We believe we have been clear in expressing our view regarding the conflict issue you have raised, and at this point it does not seem productive to go back-and-forth on legal analysis of hypothetical scenarios. We had asked for a call to discuss your concerns, and so that the BSA restructuring team could continue to move forward without this distraction, including coordination on various issues with your bankruptcy counsel.

As you know, BSA reached out to Chubb for a meeting with Sidley in September and our bankruptcy team met with Chubb in Sidley's Chicago offices on October 14.  It was not until November 3, the day before our mediation with the Plaintiffs, that Chubb raised any issue. In addition, as we previously mentioned, Chubb communicated with Sidley about our role in BSA's potential restructuring in December 2018. Given these facts, we are concerned that Chubb's motive here is to interfere with BSA's restructuring efforts and somehow gain an advantage in that process. Our concerns are further heightened by the fact that that you waited 9 days to respond to my emails, despite our explaining how your delay will prejudice BSA.  As I told Tanc when Chubb canceled our call before Thanksgiving, our team is working hard to put BSA in the best position possible, and we were hoping for Chubb's good faith cooperation.

Regarding the ethical screen, it was established on November 4, immediately after an issue was raised by Chubb. The contours of the screen are outlined below. As a practical matter, there has been complete separation between the BSA team and the Century Indemnity Company (CIC) team since the matters were opened. No member of the BSA restructuring team has received any information from the CIC team, and vice versa.

• No member of the BSA Team shall work on the CIC Matters, and no member of the CIC Team shall work on the BSA Matters.
• No member of a Team shall (i) discuss the substance of such Team's Matter with any member of the other Team or (ii) disclose any confidential information about such Team's Matter to any member of the other Team.

• Each member of each Team shall take reasonable steps to ensure that the files and other materials relating to such Team's Matter will not be shared with the members of the other Team.

• No member of a Team shall obtain from any source within the Firm any confidential information relating to the other Team's Matter. For example, no member of a Team shall engage in discussions with any Firm personnel if such discussion could lead to the transmission to such member of confidential information relating to the other Team's Matter.

• Each member of each Team shall take reasonable steps to ensure that staff members do not share or communicate any substantive information or materials relating to one matter with those members of the Team working on the other matter.

I understand that Bill Sneed intends to follow-up with you directly regarding your matter.
Regards,

Mike

**MICHAEL C. ANDOLINA**

**SIDLEY AUSTIN LLP**
+1 312 853 2228 (O)
+1 773 531 0712 (M)
mandolina@sidley.com

> **From:** Schwartz, Joshua R <Joshua.Schwartz@chubb.com>
> **Sent:** Thursday, December 12, 2019 2:15 PM
> **To:** Sneed, William M. <wsneed@sidley.com>; Andolina, Michael C. <mandolina@sidley.com>;
> Celentano, Christopher <Christopher.Celentano@Chubb.com>; Wadley, Chris
> (cwadley@walkerwilcox.com) <cwadley@walkerwilcox.com>; Schiavoni, Tancred
> <tschiavoni@omm.com>
> **Cc:** Labuda, Jr., Thomas <tlabuda@sidley.com>; Boelter, Jessica C.K. <jboelter@sidley.com>
> **Subject:** RE: [EXTERNAL] RE: BSA - Chubb
>
> Dear Bill and Mike,
>
> Thank you for your emails of December 3, 2019 regarding Sidley's representation of BSA as
> restructuring counsel and its concurrent representation of Chubb in connection with
> reinsurance issues.
>
> Despite your effort to alleviate our concerns, they remain.  As you know, a lawyer or law firm
> that represents a client in a matter cannot be adverse to its own client in another matter, even if
> the two matters are completely unrelated, absent a written waiver.  You have asserted that
> Sidley's work as BSA's restructuring counsel is "unrelated" to Sidley's work for Chubb on BSA
> reinsurance issues.  Although, as noted, the two matters need not be related to trigger a
> conflict, putting that aside please tell us exactly why you think the two matters are unrelated
> and there is no adversity given that both matters concern BSA and affect Chubb's financial
> interests as insurers/cedents on various (in fact the same) insurance policies issued to BSA.  For
> example, what happens if Chubb is not in agreement as to a restructuring plan that Sidley has
> prepared?
>
> Second, even if the two matters are arguably "unrelated," as you contend, please tell us why
> that matters in the ethics context where concurrent conflicts can arise regardless of the
> relationship between the cases if the interests differ, and will thus require a written waiver in
> any case?
>
> Third, please explain your conclusion that the Chubb entity represented in the reinsurance
> matters is an "affiliate" and not the same entity from whom BSA is seeking insurance
> coverage.  Also, please explain the basis for your conclusion that Chubb knew about the Sidley

representation in December 2018. We were very surprised to see this allegation in your second email to us on December 3, 2019.

Finally, you have described an "ethical" screen that Sidley has established in an "abundance of caution" and to further allay Chubb's concerns about sharing confidential information. Please tell us when the screen was established in relation to the inception of Sidley's representation of BSA in any potential bankruptcy proceeding, the express terms of the screen, and exactly which lawyers and staff at Sidley have been walled off from one another.

We will gladly discuss the conflict issue further with you once Sidley has supplied the information requested here. In the meantime, Chubb expressly reserves all of its rights, claims, and defenses in connection with these matters. In addition, neither this communication nor any actions taken by Chubb and/or its employees, agents or attorneys in relation to the above-referenced matters shall be construed as a waiver or estoppel of any of Chubb's rights, claims, and defenses.

Best regards, Josh

<image001.png>

**Joshua R. Schwartz**
Managing Counsel - Director of Reinsurance Litigation

436 Walnut Street, Philadelphia, PA 19106
O 215-640-2107   M 267-449-6058   F 215-640-4020

ACE and Chubb are now one.

---

**From:** Andolina, Michael C. [mailto:mandolina@sidley.com]
**Sent:** Wednesday, December 11, 2019 9:05 AM
**To:** Celentano, Christopher; Wadley, Chris (cwadley@walkerwilcox.com); Schiavoni, Tancred
**Cc:** Labuda, Jr., Thomas; Boelter, Jessica C.K.; Sneed, William M.; Schwartz, Joshua R
**Subject:** [EXTERNAL] RE: BSA - Chubb

Just following-up on my emails from December 3 below. When can we get on a call to discuss?

Mike

**MICHAEL C. ANDOLINA**

**SIDLEY AUSTIN LLP**
+1 312 853 2228 (O)
+1 773 531 0712 (M)
mandolina@sidley.com

---

**From:** Andolina, Michael C. <mandolina@sidley.com>
**Sent:** Tuesday, December 3, 2019 6:17 PM
**To:** Celentano, Christopher <Christopher.Celentano@Chubb.com>; Wadley, Chris (cwadley@walkerwilcox.com) <cwadley@walkerwilcox.com>; Schiavoni, Tancred <tschiavoni@omm.com>
**Cc:** Labuda, Jr., Thomas <tlabuda@sidley.com>; Boelter, Jessica C.K. <jboelter@sidley.com>; Sneed, William M. <wsneed@sidley.com>;

Joshua.Schwartz@chubb.com
Subject: RE: BSA - Chubb

I have been informed that Chubb may not have been aware of our retention by
BSA in connection with a potential restructuring until the reports in the media in
December 2018.

Please let us know when the Chubb team is free for a call.

Thanks,

Mike

**MICHAEL C. ANDOLINA**

**SIDLEY AUSTIN LLP**
+1 312 853 2228 (O)
+1 773 531 0712 (M)
mandolina@sidley.com

---

**From:** Andolina, Michael C. <mandolina@sidley.com>
**Date:** Tuesday, Dec 03, 2019, 2:13 PM
**To:** Celentano, Christopher <Christopher.Celentano@Chubb.com>, Wadley, Chris
(cwadley@walkerwilcox.com) <cwadley@walkerwilcox.com>, Schiavoni, Tancred
<tschiavoni@omm.com>
**Cc:** Labuda, Jr., Thomas <tlabuda@sidley.com>, Boelter, Jessica C.K.
<jboelter@sidley.com>, Sneed, William M. <wsneed@sidley.com>,
Joshua.Schwartz@chubb.com <Joshua.Schwartz@chubb.com>
**Subject:** BSA - Chubb

All,

Following-up on my call with Tanc last week, and a recent email to Bill Sneed from Josh
Schwartz , we would like a call to discuss Chubb's recent suggestion that Sidley's
ongoing representation of BSA as restructuring counsel raises a potential conflict
because of other work that Sidley lawyers are doing for Chubb affiliates in connection
with re-insurance issues.

As we have explained, for a number of reasons, we do not believe any conflict exists.
First, Sidley's work as BSA's restructuring counsel is unrelated to Sidley's work for Chubb
affiliates on reinsurance issues. In addition, BSA has separately retained Haynes &
Boone as BSA's counsel to handle all coverage issues with Chubb. Second, Sidley's
representation of Chubb affiliates in connection with disputes with Chubb's reinsurers
regarding certain reinsurance that Chubb has for certain BSA claims does not create a
conflict. BSA is not a party to those reinsurance matters and Sidley has no contact with
BSA regarding any such matters.  Nonetheless, we understand from our discussion at
the mediation session in NYC that Chubb has concerns that Sidley lawyers may have
access to certain confidential Chubb information in connection with the reinsurance
matters.  In an abundance of caution, we have instituted a screen to insure the team
working on that matter and the Sidley BSA restructuring team are completely screened
from the respective matters. Finally, Chubb was well aware of Sidley's representation of
BSA in connection with a potential restructuring when the reinsurance retention began.
In addition to discussions at the time, our BSA representation was reported in the press.

4

We think all parties understand the critical role that Chubb plays in connection with a successful BSA restructuring, and our client is anxious to put this issue behind us so that the Sidley restructuring team can continue to work cooperatively with Chubb's lawyers. Further delay in engaging with us on this issue will prejudice BSA, so please let us know when we can have a call so we can understand Chubb's position and move forward.

Thanks,

Mike Andolina

**MICHAEL C. ANDOLINA**

**SIDLEY AUSTIN LLP**
+1 312 853 2228 (O)
+1 773 531 0712 (M)
mandolina@sidley.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

# EXHIBIT 5

CHUBB

Managing Counsel-Director of    O 215-640-2107
Reinsurance                     M 267-449-6058
436 Walnut Street               E Joshua.Schwartz@chubb.com
Philadelphia, PA 19106

January 3, 2020

Michael Andolina, Esq,
Sidley & Austin LLP
787 7th Ave
New York, NY 10019

Dear Michael,

Your firm represents and has represented the Chubb companies continuously in multiple matters since before 2018. These matters include Sidley's representation of the Chubb companies, including Century Indemnity Company ("Century"), in connection with reinsurance disputes arising from claims made by the Boy Scouts of America under certain insurance policies issued by Century and other Chubb companies, and other highly confidential reinsurance matters. We raised the conflict issue in October 2019 and were assured that Sidley's General Counsel had examined the issue and given an opinion that no conflict exists. We requested Sidley's General Counsel opinion or other analysis that led Sidley to conclude that there is no conflict. Despite requests made on November 20, November 27, and again when we spoke with Bill Sneed on December 18, 2019, we received no response to these requests other than the conclusory assertion that there is no conflict and the acknowledgment that an ethical wall was not put into place by Sidley until well after the fact in November 2019.

Sidley's representation of the Chubb companies involves highly confidential information. In willingly taking on these engagements, Sidley owes the Chubb companies a duty of loyalty. In the absence of your provision of any substantive information in response to our inquiries, we are unable to rule out that your firm's representation of Boy Scouts of America constitutes a conflict or potential conflict of interest with the duties that Sidley owes to the Chubb companies. Accordingly, we are unable to provide a conflict waiver at this juncture, nor can we consent to Sidley's unilateral withdrawal from its representation of Chubb in favor of what the firm apparently perceives to be a more appealing engagement with Boy Scouts of America.

We are attempting to address an unfortunate situation that is entirely Sidley's creation. It is both shocking and offensive that Sidley would suggest that Chubb has an improper motive in trying to address the conflict issue. Nothing could be further from the truth. In view of the fact that Sidley has not gotten back to us yet in response to the question posed in our October inquiry and subsequent emails, coupled with the fact that Sidley told our counsel before Thanksgiving that nothing was pressing requiring immediate decision on the Boy Scouts of America bankruptcy, your complaints about the time we took to respond to you are ill founded. You are complaining about a 9 day delay in our reply to your email, while providing a grossly inaccurate history of our communications. In that regard, we note that you are no longer suggesting that Chubb knew in December 2018 that Sidley had a preexisting relationship with Boy Scouts of America. And,

1

to date, you have not advised Chubb when Sidley's representation of Boy Scouts of America commenced.

We take our ethical responsibilities seriously and have endeavored to address this matter carefully. We sought information from you and gave you time to respond. We also consulted with outside ethics counsel. If there are facts that you feel that we have not taken into consideration, please let us know.

Very Truly Yours,

Joshua R. Schwartz

# EXHIBIT 6



**SIDLEY AUSTIN LLP**
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

+1 312 853 2211
LCHILDS@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

January 16, 2020

<u>**By Email**</u>

Joshua Schwartz
Managing Counsel – Director of Reinsurance
Chubb
436 Walnut Street
Philadelphia, PA 19106

Dear Mr. Schwartz:

I am writing on behalf of Sidley Austin LLP ("Sidley") and its Office of General Counsel in response to your letter to my partner Mike Andolina dated January 3, 2020. Your letter does not respond to or address a number of the points in Mr. Andolina's December 16, 2019 email, and at this point Sidley does not believe it would be fruitful to rehash points made in our previous correspondence. However, we do think it is important to note that Chubb reached out to Sidley regarding Sidley's role on behalf of Boy Scouts of America ("BSA") as early as December 2018 and that Chubb attended a meeting at our offices on October 14, 2019 to discuss the potential BSA restructuring without raising any issue regarding Sidley's role. In addition, although it is correct that a formal wall was instituted on November 4, 2019, immediately after Chubb raised a complaint about Sidley's representation of BSA, the Sidley team representing BSA on restructuring issues and the Sidley team representing Chubb in reinsurance matters are and have been entirely separate. There has been no sharing of Chubb confidential information with the BSA restructuring team at any time. Thus, we do not believe Chubb's professed concern about the handling of confidential information related to the representation of Chubb is well-taken.

As Bill Sneed has previously advised you, Sidley has decided that under the circumstances, we will withdraw from the matters in which we currently represent Chubb and its affiliates. Bill Sneed will be sending you a separate letter setting forth in detail the steps we intend to take in this regard.

Very truly yours,

Linton J. Childs

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# EXHIBIT 7



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036

AMERICA • ASIA PACIFIC • EUROPE

January 16, 2020

**By Email**

Joshua R. Schwartz
Chubb
Managing Counsel - Director of Reinsurance Litigation
436 Walnut Street
Philadelphia, PA 19106

Re:    Sidley Representation of Chubb Companies

Dear Josh:

As I discussed with you and Christy Russell last month, since your call with me on October 29, the relationship between our firm and the Chubb Companies has become unreasonably difficult to the point of break down.

We intend to proceed with an orderly withdrawal from our current representations of Chubb and Century Indemnity Company ("Century"). This letter provides you with the status of each matter and the steps that Sidley intends to take to ensure that Chubb's and Century's interests are not harmed in the process.

First, Sidley has represented Century in litigation in the Massachusetts federal court against Lloyd's Underwriters, *Lloyd's v. Century*, No. 18-cv-12041 (D. Mass.), and *Century v. Lloyd's*, No. 19-cv-11056 (D. Mass.), both before Judge Casper ("the Lloyd's Litigation"). The Lloyd's Litigation is fully briefed, was argued on September 13, 2019, and now awaits a decision by Judge Casper respecting whether Lloyd's must arbitrate. Thus, Sidley's substantive work on the Lloyd's Litigation is concluded. Please be advised that our firm will move on January 24, 2020, to withdraw its appearance in the Lloyd's Litigation. In accordance with U.S. District Court for the District of Massachusetts Local Rule 7.1(a)(2), we ask that Century let us know no later than January 23, 2020, whether it will object to the withdrawal. We note that ███████ ███████, Century's original counsel in *Lloyd's v. Century*, No. 18-cv-12041 (D. Mass.), continues to have an appearance on file in the case.

This letter serves as notice that Sidley will not represent Century in any new matters that may arise following the Court's decision in the Lloyd's Litigation, such as future appeals or arbitrations.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Joshua R. Schwartz
January 16, 2020
Page 2



Second, Sidley represents Century in an arbitration against ███████████, before a panel chaired by ███████████████████. The ██████ Arbitration has no schedule, but there will be an Organizational Meeting on February 25, 2020, to obtain a schedule. Submissions in advance of that Organizational Meeting are due February 11 and 18. We have provided you with a draft of the submission due February 11. We will notify the arbitrators on January 31, 2020, that we no longer represent Century in the matter. This letter should provide Century with ample time to engage new counsel.

Third, we represent Chubb & Sons, Inc. ("Chubb") in an arbitration against ███████ ██████████ before a panel chaired by ████████████████ The ███████ Arbitration is set for hearing during the week of May 18, 2020, with discovery ending on February 14 and pre-hearing briefs due April 10 and May 8. Four depositions need to be scheduled and taken by February 14 (though ████████ counsel has indicated that the February 14 date will be pushed back to February 28). We propose to continue our representation through the discovery close and then notify the arbitrators the day after that we no longer represent Chubb in the matter. Of course, we are amenable to working with successor counsel respecting the transfer of this case, in the event you want us and successor counsel involved in the depositions.

Finally, we have provided occasional advice respecting ███████████████ ████████████████████, in connection with issues raised by reinsurers ██████████. The ███████ Matter involves no formal dispute, a different firm is lead counsel on the matter, and our involvement has been sporadic. We have no pending work regarding the ████████ Matter and will provide no future advice respecting it.

I believe this has been confirmed by others before, but I will reiterate that no confidential information regarding the above matters has been shared with any attorney representing the Boy Scouts of America. We will continue to hold any nonpublic information you have supplied to Sidley in confidence in accordance with applicable rules of professional responsibility. We will cooperate fully in providing any files and information to new counsel.

If you wish to have any documents delivered to you, please advise us. We reserve the right to transfer or destroy documents in accordance with our records retention procedures.

We are amenable to reasonable modifications of these plans in order to ensure that Century and Chubb are not prejudiced by our withdrawal or to assist in a transfer to successor counsel. For example, if Century or Chubb want us to withdraw from a matter sooner than outlined above, we will do so.

# SIDLEY

Joshua R. Schwartz
January 16, 2020
Page 3

      Our goal is to protect Century's and Chubb's interests during this process. I am copying this letter to Tom Wamser, as he has been our direct report in the ████ Arbitration.

                    Very truly yours,

                    *William M. Sneed*

                  William M. Sneed

cc:    Thomas J. Wamser

ACTIVE 253024611

# EXHIBIT 8

CHUBB®

Managing Counsel-Director of         O 215-640-2107
Reinsurance                          M 267-449-6058
436 Walnut Street                    E Joshua.Schwartz@chubb.com
Philadelphia, PA 19106

January 30, 2020

Bill Sneed, Esq.
Sidley & Austin LLP
One South Dearborn Street
Chicago, IL 60603

Dear Bill:

I am writing in response to the letter from Sidley's General Counsel, Linton Childs, and your
letter, both dated January 16, 2020, as well as Sidley's motion to withdraw from the "Lloyd's
Litigation" dated January 27, 2020.

At the onset, Chubb would like to make one thing clear: Sidley is not authorized to talk with any
third parties about this conflict issue without our advance written permission. This includes
communication with arbitration panels and with counsel representing our adversaries.

With respect to Mr. Childs' letter, we do not see the utility in further correspondence regarding
the conflict issue. We have been asking, for some time now, to review Mr. Childs' legal advice,
or other analysis, which led Sidley to conclude that there is no conflict. That request remains
extant, and Sidley's unwillingness to share it speaks volumes. Needless to say, Mr. Childs'
recitation of what Chubb purportedly knew, and when, about Sidley's representation of the Boy
Scouts is inaccurate, misleading and belied by the record.

In your January 16 letter, Sidley purports to withdraw from its current representations of Chubb
entities and provides an incorrect description of the pending matters and their status. As an
initial matter, Chubb retained Sidley to serve as arbitration counsel against Lloyd's in September
2018 regarding the disputed Boy Scouts reinsurance billings. That representation has included,
*inter alia*, providing analysis and evaluation on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This remains an open
matter, and Chubb does not consent to Sidley withdrawing from the pending Lloyd's
arbitration(s), which Lloyd's is seeking to enjoin in the Lloyd's Litigation. (We will address
Sidley's motion to withdraw from the Lloyd's Litigation at the conclusion of the letter.)

Second, we do not consent to Sidley's withdrawal from the '▮▮▮ Arbitration" and do not
authorize Sidley to send a notification to the Panel that you no longer represent Chubb in this
matter. As you reported to us on January 27, 2020, ▮▮▮ just reached out to you to see if a
deal can be brokered to settle the matter and/or stay the arbitration. In this circumstance, Chubb
would be prejudiced if Sidley were to notify the Panel (and ▮▮▮ that it is seeking to
withdraw. We also do not understand the arbitrary deadline of January 31st that Sidley has
placed on its desire to notify the Panel that it does not want to work for Chubb any longer,
especially since Sidley is willing to continue working on the '▮▮▮ Arbitration" into March.
Given your expressed willingness to make "reasonable modifications" to Sidley's plans to seek

1

withdrawal, we trust that it will not be a problem to accommodate this request. If this is a problem for Sidley, we would need to address under the dispute resolution mechanism in the Service Level Agreement (SLA) your desire to withdraw now.

With respect to the ▇▇▇▇▇ Arbitration, your attempt to withdraw in the middle of discovery is particularly challenging for us. We are still deliberating internally on whether Sidley should continue on as counsel through the close of discovery. We will let you know once we reach our conclusion, which we hope to reach shortly given the upcoming deposition dates.

Regarding the ▇▇▇▇▇ matter, we will not oppose Sidley withdrawing because, as you note, there is no formal dispute and we have other counsel on the matter. The same is not true with respect to the ▇▇▇▇ matter in which Sidley provided counsel on a complex set of historic documents and contracts. While that matter has been dormant recently, it remains an open, unresolved matter. We assume Sidley is seeking to withdraw from the ▇▇▇▇ matter as well. Please confirm.

Finally, with respect to the Lloyd's Litigation, Sidley's substantive work on the matter has not concluded. The parties have competing motions *sub judice*, and it is very likely that there will be further motion practice after the court issues its ruling. Moreover, the court proceedings are ancillary to the arbitration matter that Sidley was retained to handle, which could proceed quickly following a ruling by the court. Chubb will incur a great deal of cost in finding new counsel and having that new counsel prepare to take over the Lloyd's Litigation. As you already know, ▇▇▇▇▇▇▇▇ only worked on the motion to confirm the prior arbitration award and has had no involvement in the present dispute. Accordingly, Chubb reserves all of its rights at law, in equity and pursuant to the SLA with respect to Sidley's conduct in the Lloyd's Litigation.

Nonetheless, Chubb would be willing to consent to Sidley's withdrawal from the Lloyd's Litigation if the following conditions are agreed:

1. The parties agree that Chubb's consent is on a without prejudice basis with respect to the allegations in Sidley's motion to withdraw, which Chubb disputes.

2. The parties agree that Chubb will have 30 days from the date of entry of an order granting the motion to withdraw to assign new counsel to the Lloyd's Litigation, and Sidley will remain as counsel during this 30 day period.

3. The parties agree that Chubb's consent to Sidley's withdrawal is on a without prejudice basis to Chubb's positions under the rules of professional conduct and the SLA regarding the conflict issue, and all of Chubb's rights in this respect are reserved.

Please advise whether Sidley is agreeable to these conditions.

You have made clear Sidley's intent to terminate Chubb's work midstream in order to do work for another client. We have objected and reserved our rights, but we are now faced with

managing the consequences of your actions.  For the avoidance of any doubt, this is not our choice.

Sincerely,

Joshua R. Schwartz

# EXHIBIT 9

**From:** Schwartz, Joshua R <Joshua.Schwartz@chubb.com>
**Sent:** Wednesday, February 19, 2020 5:58 PM
**To:** Sneed, William M.
**Subject:** RE: Arb:  Century Indemnity & ███████████████ -  (PLEASE CONFER & GET BACK TO PANEL RE POSSIBLE OM AT MAY ARIAS MEETING)

Bill, as mentioned in my prior letter, we do not agree that you are allowed to withdraw from this case.  Given that we are in the midst of settlement negotiations, it would be very prejudicial to Chubb and destabilizing to the negotiations if you were to notify the panel and opposing counsel that you are withdrawing from the case. We also have not secured replacement counsel.  Given that we are in a standstill period in the matter as we try to negotiate a settlement, we are at a loss to understand why you are unwilling to maintain the status quo while we negotiate with ██████   Please refrain from notifying the panel and opposing counsel.

Chubb reserves all rights.

Joshua R. Schwartz
Managing Counsel - Director of Reinsurance Litigation

436 Walnut Street, Philadelphia, PA 19106
O 215-640-2107    M 267-449-6058    F 215-640-4020

ACE and Chubb are now one.


-----Original Message-----
From: Sneed, William M. [mailto:wsneed@sidley.com]
Sent: Wednesday, February 19, 2020 5:45 PM
To: Schwartz, Joshua R
Subject: [EXTERNAL] FW: Arb: Century Indemnity & ███████████████ - (PLEASE CONFER & GET BACK TO PANEL RE POSSIBLE OM AT MAY ARIAS MEETING)

Josh:

This email went to the Panel this afternoon after ███████ agreed that we should target late Thursday at the ARIAS conference (May 7) for the re-scheduled OM, if it is necessary.

We will be informing the Panel and opposing counsel that our firm is withdrawing from representation of Century in this matter.

WILLIAM M. SNEED

SIDLEY AUSTIN LLP
+1 312 853 7899
wsneed@sidley.com


-----Original Message-----
From: Sneed, William M.
Sent: Wednesday, February 19, 2020 2:26 PM

1

To: ████████████████████████████████████████
████████████████████████████████
Cc: ████████████████████████████████████████████
Subject: RE: Arb: Century Indemnity & ████████████████████████ - (PLEASE CONFER & GET BACK TO PANEL RE POSSIBLE OM AT MAY ARIAS MEETING)

Dear Arbitrators:

The two sides have conferred respecting this OM scheduling issue in connection with the ARIAS Spring Conference. If scheduling the OM before the ARIAS conference begins is not feasible, then both sides suggest that it be scheduled Thursday afternoon, between the end of the sessions and any cocktail reception.

I did not find a program schedule on the ARIAS website, but we understand that the post-conference time on Wednesday afternoon has committee meetings.


WILLIAM M. SNEED


SIDLEY AUSTIN LLP
+1 312 853 7899
wsneed@sidley.com


-----Original Message-----
From: ████████████████████████████████
Sent: Monday, February 17, 2020 7:32 PM
To: Sneed, William M. <wsneed@sidley.com>
Cc: ████████████████████████████████████████
Subject: Re: Arb: Century Indemnity & ████████████████████████ - (PLEASE CONFER & GET BACK TO PANEL RE POSSIBLE OM AT MAY ARIAS MEETING)

Dear Counsel:

        One of the arbitrators does not plan to arrive in Florida until shortly after noon on Wednesday, May 6th (the opening day of the meeting).  I have not seen the program for the May meeting.  Please confer and let us know if you see a time or times starting in the afternoon of May 6th that would be both convenient and sufficiently long for the OM meeting.  Please try to get back to us by Wednesday.  Thanks for your help.

> On Feb 14, 2020, at 10:53 AM, Sneed, William M. <wsneed@Sidley.com> wrote:
>
> Dear Arbitrators:
>
> This is a joint email from both sides. After checking schedules and conferring, we report that a re-scheduled OM at the ARIAS conference in May works for both sides. Given an ARIAS Board meeting taking place on the Friday afternoon (May 8), our preference is that the OM be scheduled before rather than after the conference.
>
> WILLIAM M. SNEED
>
>
> SIDLEY AUSTIN LLP
> +1 312 853 7899
> wsneed@sidley.com
>
> -----Original Message-----

> From: ████████████████████
> Sent: Tuesday, February 11, 2020 1:19 PM
> To: ████████████████████
> Cc: ████████████████████
                        Sneed, William M. <wsneed@sidley.com>; ████
████████████████████
> Subject: Re: Arb: Century Indemnity ████████████████████
>
> Dear Counsel:
>
> Assuming the matter remains unresolved, would setting the OM at a time during the Spring ARIAS meeting in Florida (May 6-8th) work for the Parties?  Please confer and let us know by the end of the week.  If meeting in Florida would not be convenient for the Parties, we will get back to you with other possible dates.
>
> ████████  (for the Panel)
>
>> On Feb 8, 2020, at 10:57 AM, ████████████████████ wrote:
>>
>> Dear Counsel:
>>
>> We acknowledge the joint request to stay the Century/████ proceeding.  The Panel will get back to you with possible new OM dates.
>>
>> ████████  (for the Panel)
>>
>>> On Feb 7, 2020, at 1:21 PM, ████████████████████ wrote:
>>>
>>> Dear Panel -
>>>
>>> We are writing jointly to seek a 60 day extension on this matter as the parties are meeting in good faith to discuss potential resolution of this matter.  We jointly request that the Panel cancel the OM currently scheduled for February 25 and extend and reset this date roughly 60 days out.  We also request that the Panel reset the dates for the position statements and the counsel meet and confer date so as to correspond with the new OM date.  In the meantime, both sides will consider the matter stayed.   We greatly appreciate the Panel's patience and will keep it apprised of all developments.
>>>
>>> Respectfully,
>>>
>>> Bill Sneed
>>>
>>>
>>> ████████
████████
>>>
████████████████████
████████████
>>>
>>>
>>>
>>> -----Original Message-----
████████████████████
>>> Sent: Wednesday, January 15, 2020 3:21 PM
████████████████████
>>> Cc: William M. Sneed <wsneed@Sidley.com>; ████████████

3

>>> Subject: Re: Arb: Century Indemnity & ██████████████████

>>> -

>>>

>>> Thanks.  We look forward to seeing you on 2/25. ████

>>>

>>>> On Jan 15, 2020, at 9:38 AM, ████████████████████ wrote:

>>>>

>>>> All -

>>>>

>>>> We are confirmed for 11 AM on Feb. 25th at Veritext (1801 Market Street, Philadelphia, PA 19103). They will supply the court reporter.

>>>>

>>>> Respectfully,

>>>> ████

>>>>



>>>>

>>>>

>>>>

>>>> -----Original Message-----

>>>> From: ██████████████████

>>>> Sent: Wednesday, January 15, 2020 11:09 AM

>>>> To: William M. Sneed <wsneed@sidley.com>; ████████████

██████████████████████████████

>>>> Subject: Re: Arb: Century Indemnity & ██████████████

>>>> - Organizational Meeting - Feb. 25, 2020 (HAS A VENUE BEEN

>>>> SELECTED?) (PLEASE ACKNOWLEDGE RECEIPT)

>>>>

>>>> DEAR COUNSEL:

>>>>

>>>> HAS A VENUE BEEN SELECTED FOR THE FEBRUARY 25TH ORGANIZATIONAL MEETING?

>>>>

>>>> ████

>>>>

>>>>> On Dec 31, 2019, at 3:27 PM, ██████████████████ wrote:

>>>>>

>>>>> <Pre OM Ltr.docx>Dear Counsel:

>>>>>

>>>>> Best wishes for 2020!!

>>>>>

>>>>> The attached is a proposed agenda for the February 25th Organizational Meeting and a list of steps the Panel requests be taken prior to the Org Mtg. PLEASE ACKNOWLEDGE RECEIPT.

>>>>>

>>>>> Please confer and let us know the venue for the Feb. 25th meeting that will start at 11:00 a.m.   Also, let us know if you have any questions.

>>>>>

>>>>> We look forward to working with you on this matter.
>>>>>
>>>>> ████████ (for the Panel)
>>>>
>>>>
>>>> _____
>>>>
>>>>
>>>>
>>>> STATEMENT OF CONFIDENTIALITY:
>>>> The information contained in this electronic message and any
>>>> attachments to this message are intended for the exclusive use of
>>>> the
>>>> addressee(s) and may contain confidential or privileged information.
>>>> If you are not the intended recipient, or the person responsible
>>>> for delivering the e-mail to the intended recipient, be advised you
>>>> have received this message in error and that any use,
>>>> dissemination, forwarding, printing, or copying is strictly
>>>> prohibited. Please notify ███████████████████████
████████████ immediately at either
>>>> ████████████ or at ████████████████, and destroy all copies
>>>> of this message and any attachments. You will be reimbursed for
>>>> reasonable costs incurred in notifying us.
>>>>
>>>
>>
>
>
>
>
> **************************************************************************
> ******************************* This e-mail is sent by a law firm and
> may contain information that is privileged or confidential.
> If you are not the intended recipient, please delete the e-mail and
> any attachments and notify us immediately.
>
> **************************************************************************
> ******************************

# EXHIBIT 10

**From:** Schwartz, Joshua R <Joshua.Schwartz@chubb.com>
**Sent:** Wednesday, February 19, 2020 5:51 PM
**To:** Sneed, William M.
**Cc:** Wamser, Thomas J; ████████████
**Subject:** RE: Chubb/████ Arbitration

Bill,

We do not agree that you are allowed to unilaterally withdraw from this case because we will not waive the conflict regarding Boy Scouts. We also do not agree that you can notify the panel about your desire to withdraw. The panel does not have authority to adjudicate the issue, and your notifying the panel in such a manner will prejudice us before the panel. Please do not do so.

We reserve all of our rights on this issue.



**Joshua R. Schwartz**
Managing Counsel - Director of Reinsurance Litigation

436 Walnut Street, Philadelphia, PA 19106
O 215-640-2107   M 267-449-6058   F 215-640-4020

ACE and Chubb are now one.

---

**From:** Sneed, William M. [mailto:wsneed@sidley.com]
**Sent:** Wednesday, February 19, 2020 5:41 PM
**To:** Schwartz, Joshua R
**Cc:** Wamser, Thomas J; ████████████
**Subject:** [EXTERNAL] RE: Chubb/████ Arbitration

Josh:

We saw ████████ email to the Panel this afternoon. It is does not inform the Panel that Sidley is withdrawing from the matter entirely. Consequently, as explained in my email yesterday, we will be informing the Panel that Sidley is withdrawing from the matter entirely.

**WILLIAM M. SNEED**

**SIDLEY AUSTIN LLP**
+1 312 853 7899
wsneed@sidley.com

---

**From:** Schwartz, Joshua R <Joshua.Schwartz@chubb.com>
**Sent:** Tuesday, February 18, 2020 1:09 PM
**To:** Sneed, William M. <wsneed@sidley.com>

Cc: Wamser, Thomas J <Thomas.Wamser@Chubb.com>; █████████████████████████
Subject: RE: Chubb/█████ Arbitration

Bill:

Thanks for your email.  Chubb and ████ will clear up the confusion caused by ██████████ email.

# CHUBB

**Joshua R. Schwartz**
Managing Counsel - Director of Reinsurance Litigation

436 Walnut Street, Philadelphia, PA 19106
O 215-640-2107    M 267-449-6058    F 215-640-4020

ACE and Chubb are now one.

---

**From:** Sneed, William M. [mailto:wsneed@sidley.com]
**Sent:** Tuesday, February 18, 2020 12:36 PM
**To:** Schwartz, Joshua R
**Cc:** Wamser, Thomas J; ████████████████
**Subject:** [EXTERNAL] FW: Chubb/█████ Arbitration

Josh:

As you know, we informed Chubb on January 16, 2020 of our intention to withdraw from this case, subject to our willingness to complete the depositions then scheduled in February.  Given that those dates were taken off calendar at the request of ████████ (acting on behalf of Chubb), we do not think there is any reason for us to continue other than ensure an orderly transition to ████████.

While we do not agree that you have the right to prohibit us from communicating our withdrawal to the Panel, we have nevertheless refrained from doing so.  However, based on the communication below, it appears that ██████ and the Panel may have an inaccurate understanding of the situation.  Accordingly, we request that Chubb or ████████ promptly inform the Panel that Sidley will be withdrawing from the matter entirely.

Should this not happen by close of business tomorrow, we will notify the Panel directly.  Thank you for your attention to this matter.

---

**From:** ██████████████████████
**Sent:** Tuesday, February 18, 2020 11:10 AM
**To:** ████████████████████
**Cc:** Sneed, William M. <wsneed@sidley.com>; ███████████████████████████
████████████████████████████████████
**Subject:** Re: Chubb/█████ Arbitration

Dear Panel Members:

The agreed schedule in this Arbitration called for the completion of fact discovery by Friday, February 14, 2020, with the hearing scheduled for the week of May 18.  Two days before deposition discovery was scheduled to begin (and just one day after Chubb sent our last status report to the Panel), Chubb requested to postpone discovery, as well as the hearing.  At that time, we were advised that Chubb needed to replace Sidley Austin as

counsel of record because of conflict issues. Although █████ would have thought any such conflicts would have been known to Chubb and/or Sidley at the start of this case, █████ agreed to the postponement.

However, while drafting what was to be a joint message to this Panel notifying you of this change in schedule, █████ requested that the message clearly state that █████ is "replacing" Sidley as Chubb's counsel, not just "joining" as additional counsel. █████, however, refuses to reply to our request and appears to insist that the message merely state that █████ is "joining" as counsel. If true, this not only contradicts the original reason given for delaying discovery but also is not a valid justification for a continuance of the discovery or final hearing demanded by Chubb. █████ has sought clarification but has heard nothing further from Chubb or its lawyers. Unfortunately, as we have waited, the original deadline for completing fact discovery has passed.

█████ has been hesitant to approach the Panel to request its assistance in this matter. However, with Chubb and its lawyers apparently unwilling to proceed with discovery as scheduled or provide a clear and valid justification for the delay caused by its change and/or addition of counsel, █████ is left with no choice but seek guidance from this Panel.

We specifically request two things: first, that the Panel require Chubb to immediately confirm which lawyers are representing it in this arbitration; and second, require Chubb and its lawyers to confirm potential hearing dates which might be available for it and its lawyers. █████ has sought the answer to both questions directly and Chubb has, to date, offered no response.

Best Regards,

███

███████████████████████████

█████████
███
███████
███████

██████████
███████████
██████████
███████

On Feb 3, 2020, at 11:44 AM, ████████████████████ wrote:

CAUTION: This email originated outside of the organization.

Dear Counsel:

Thank you for the update. The Panel agrees the schedule change the parties have proposed.

for the Panel



========================================================================
===============================
This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

On Mon, Feb 3, 2020 at 10:46 AM Sneed, William M. <wsneed@sidley.com> wrote:

Dear Arbitrators:

This is a Joint Status Report submitted in accordance with the schedule in this Arbitration. Since the last status report, the parties have scheduled four depositions, which are to take place this month. Due to scheduling conflicts, the parties jointly request that the Panel amend the End of Fact Discovery deadline in the schedule from February 14 to February 28, with no other deadlines changed.

**WILLIAM M. SNEED**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7899
wsneed@sidley.com
www.sidley.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distr bution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: ███████████████

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

# EXHIBIT 11

███████████████

| | |
|---|---|
| **From:** | Sneed, William M. <wsneed@sidley.com> |
| **Sent:** | Thursday, February 20, 2020 8:19 AM |
| **To:** | Schwartz, Joshua R; Wamser, Thomas J |
| **Cc:** | ██████████████ |
| **Subject:** | [EXTERNAL] FW: Chubb/████ Arbitration |

Josh, Tom:

FYI

If you or ████████████ have any requests re the case (*i.e.*, witness files), please let me know.

**WILLIAM M. SNEED**

**SIDLEY AUSTIN LLP**
+1 312 853 7899
wsneed@sidley.com

---

**From:** Sneed, William M.
**Sent:** Thursday, February 20, 2020 7:16 AM
**To:** ████████████████████████████████
**Cc:** ████████████████████████████████
**Subject:** RE: Chubb/████ Arbitration

Dear Arbitrators:

Please be advised that Sidley Austin LLP is withdrawing entirely from representation of Chubb in this matter. Please remove us from your service lists.

**WILLIAM M. SNEED**

**SIDLEY AUSTIN LLP**
+1 312 853 7899
wsneed@sidley.com

---

**From:** ██████████████████████
**Sent:** Wednesday, February 19, 2020 3:52 PM
**To:** ███████████████████████████████
**Cc:** ████████████████████████
**Subject:** RE: Chubb/████ Arbitration

Dear Panel:

We have no need for further comment on ▮▮▮▮▮▮▮ message. We understand that ▮▮▮▮▮▮▮ will be counsel of record for Chubb for at least the discovery efforts in this proceeding and will coordinate all scheduling with them. We appreciate learning now that the reason for Chubb's failure to respond for over a week to our proposed joint message informing the Panel of the substantial change in schedule was due to Chubb's apparent continuing efforts to finalize the status of its counsel. We will await further information from Chubb when it has made its final selection of counsel for the hearing.

In the meantime, we look forward to the Panel identifying its available dates for a possible final hearing in July through September. We will endeavor to work promptly with Chubb to finalize a hearing date as soon as we are able.

Best Regards,



**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Wednesday, February 19, 2020 3:00 PM
**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Cc:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** Re: Chubb/▮▮▮▮ Arbitration

**CAUTION**: This email originated outside of the organization.

Dear Counsel:

Thank you both for your messages to the Panel.

▮▮▮▮▮▮▮: do you wish to comment on ▮▮▮▮▮▮▮ message? if so please provide your response to the Panel by COB tomorrow. Otherwise please advise the Panel in order that we may address counsel's requests.

for the Panel

▮▮▮

==================================================================================================================
This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally

privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

On Wed, Feb 19, 2020 at 2:46 PM ████████████████████████████████ wrote:

Dear Panel Members,

We write in response to █████████ email to the Panel below. █████████ was asked by Chubb to serve as co-counsel and take the lead on discovery matters in this arbitration because a conflict issue has arisen between itself and Sidley Austin that remains unresolved. I advised █████████ of the conflict issue by telephone on February 3 and requested that the arbitration schedule be adjusted because █████████ could not be available for the depositions as scheduled. I confirmed the contents of my call with █████████ in an email to him on February 4.

While it is true █████████ responded that he had not realized during our February 3 telephone conversation that █████████ had been retained as co-counsel, he nevertheless confirmed █████████ willingness to consider adjustments to the schedule to accommodate Chubb and █████████ and suggested we advise the Panel. Since those emails, █████████ and I have exchanged draft proposed emails to the Panel. In his drafts, however, █████████ has included language stating that █████████ was Chubb's only counsel in the case. For this reason, we had not arrived at a joint email to the Panel. (Chubb hopes to resolve the conflict issue amicably, failing which it would be resolved pursuant to an arbitration agreement between Chubb and Sidley Austin.)

As for new hearing dates, Chubb respectfully requests that the Panel advise which weeks would work best for a final hearing in July, August and September of this year. Once the parties hear back from the Panel, we will work promptly with █████ to finalize the hearing date and also to propose interim dates for the completion of discovery and other pre-hearing matters.

Respectfully submitted,

**From:** ███████████████████████████████

**Sent:** Tuesday, February 18, 2020 11:10 AM

**To:** ███████████

**Cc:** Sneed, William M.; ███████████████████████████████████

**Subject:** Re: Chubb/█████ Arbitration

Dear Panel Members:

The agreed schedule in this Arbitration called for the completion of fact discovery by Friday, February 14, 2020, with the hearing scheduled for the week of May 18.  Two days before deposition discovery was scheduled to begin (and just one day after Chubb sent our last status report to the Panel), Chubb requested to postpone discovery, as well as the hearing.  At that time, we were advised that Chubb needed to replace Sidley Austin as counsel of record because of conflict issues.  Although ████████ would have thought any such conflicts would have been known to Chubb and/or Sidley at the start of this case, ████████ agreed to the postponement.

However, while drafting what was to be a joint message to this Panel notifying you of this change in schedule, ████████ requested that the message clearly state that ████████ is "replacing" Sidley as Chubb's counsel, not just "joining" as additional counsel. ███████ however, refuses to reply to our request and appears to insist that the message merely state that ████████ is "joining" as counsel. If true, this not only contradicts the original reason given for delaying discovery but also is not a valid justification for a continuance of the discovery or final hearing demanded by Chubb. █████ has sought clarification but has heard nothing further from Chubb or its lawyers.  Unfortunately, as we have waited, the original deadline for completing fact discovery has passed.

████ has been hesitant to approach the Panel to request its assistance in this matter.  However, with Chubb and its lawyers apparently unwilling to proceed with discovery as scheduled or provide a clear and valid justification for the delay caused by its change and/or addition of counsel, ██████ is left with no choice but seek guidance from this Panel.

We specifically request two things: first, that the Panel require Chubb to immediately confirm which lawyers are representing it in this arbitration; and second, require Chubb and its lawyers to confirm potential hearing dates which might be available for it and its lawyers. ███████ has sought the answer to both questions directly and Chubb has, to date, offered no response.

Best Regards,

██████

████████████
████████
██████████
██████████

████████████
███████████████
██████████████████
████████████████
███████████
███████████

On Feb 3, 2020, at 11:44 AM, ███████████████████ wrote:

**CAUTION**: This email originated outside of the organization.

---

Dear Counsel:

Thank you for the update. The Panel agrees the schedule change the parties have proposed.

for the Panel



================================================================================
============================
This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

On Mon, Feb 3, 2020 at 10:46 AM Sneed, William M. <wsneed@sidley.com> wrote:

Dear Arbitrators:

This is a Joint Status Report submitted in accordance with the schedule in this Arbitration. Since the last status report, the parties have scheduled four depositions, which are to take place this month. Due to scheduling conflicts, the parties jointly request that the Panel amend the End of Fact Discovery deadline in the schedule from February 14 to February 28, with no other deadlines changed.

**WILLIAM M. SNEED**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7899
wsneed@sidley.com
www.sidley.com

**<image001.png>**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: ▮▮▮▮▮▮▮▮▮▮▮▮

**If our account details change, we will notify these to you by letter, telephone or face-to-face and never by email.**

This email message and any attachments may contain legally privileged and/or confidential information intended solely for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution or copying of this message or its attachments is strictly prohibited. If you have received this email message in error, please immediately notify us by telephone, fax or email and delete the message and all attachments thereto. Thank you. ▮▮▮▮▮▮▮▮ is a Delaware limited liability law partnership affiliated with ▮▮▮▮▮▮▮▮, a multinational partnership regulated by The Law Society of England and Wales.

Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT 12

| | |
|---|---|
| **From:** | ████████████████████████ |
| **Sent:** | Thursday, February 20, 2020 11:18 AM |
| **To:** | William M. Sneed |
| **Cc:** | ████████████████████████████  Schwartz, Joshua R |
| **Subject:** | [EXTERNAL] Re: Century/████ Arbitration |

Dear Mr. Sneed:
I acknowledge your withdrawal notification.

████████    (for the Panel)

On Feb 20, 2020, at 5:17 AM, Sneed, William M. <wsneed@sidley.com> wrote:

Dear Arbitrators:

Please be advised that Sidley Austin LLP is withdrawing from representation of Century Indemnity Company in this matter. Please remove us from your service lists.

The proper contact for Century at this stage is Josh Schwartz, in-house counsel, who is copied on this email.

**WILLIAM M. SNEED**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7899
wsneed@sidley.com
www.sidley.com
**<image001.png>**

*********************************************************************************
***********
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*********************************************************************************
***********

# EXHIBIT 13

**CHUBB**°

Managing Counsel-Director of
Reinsurance
436 Walnut Street
Philadelphia, PA 19106

O  215-640-2107
M  267-449-6058
E  Joshua.Schwartz@chubb.com

March 10, 2020

Bill Sneed, Esq.
Sidley & Austin LLP
One South Dearborn Street
Chicago, IL 60603

Dear Bill:

I am writing in response to your February 26, 2020 letter. There are a number of inaccuracies in it that letter, which need to be addressed.

First, we retained you in September of 2018 to provide legal advice and counsel on the Boy Scouts reinsurance dispute against Lloyd's. You have consistently represented us in that matter up until you called our party appointed arbitrators in January 2020 to tell them that you have unilaterally withdrawn from the pending arbitration. There is zero relevance to the fact that ▮▮▮▮▮▮▮▮▮▮ issued an arbitration demand on our behalf shortly after we retained you and you provided your advice on whether to arbitrate and a plethora of other issues.

Second, we are not sure what rules of professional conduct you are following, but Chubb is not aware of any rule that allows a law firm to fire its client so that it can continue on with a more lucrative engagement with another client. While a client is able to fire its lawyer at any time, the same does not hold true for a law firm. Accordingly, we rejected your unilateral attempt to withdraw from the pending arbitrations. Thereafter, you advised that Sidley Austin planned to notify arbitration panels of its "withdrawal," and we requested that you refrain from doing so because it would prejudice Chubb in those matters. Nonetheless, you contacted two arbitration panels and advised them that Sidley Austin has "withdrawn." In addition, you contacted Chubb's party appointed arbitrators in the BSA/Lloyd's arbitration and told them that you have "withdrawn." This was all unauthorized and improper.

Moreover, your suggestion that Chubb's interests are "fully protected" and has suffered no "material prejudice" is grossly inaccurate. As our lawyer, you know ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Your "withdrawal" notice destabilized those efforts at a consensual resolution and impacted us before the panel. We also did not have replacement counsel for the matter, and we are in the middle of the audit in which issues are being raised that under normal circumstances we would have sought your guidance on how to address. There are unique issues in this case, with which you are intimately familiar, and there should have been no need to retain new counsel on the matter. We will incur significant costs in bringing new counsel up to speed and cannot replicate the situation we had by engaging you as counsel.

1

We have also suffered other prejudice including, but not limited to, the disruption of clearing conflicts and retaining new counsel on multiple pending matters, together with the time and expense associated with these law firms ramping up to put them in the same position that Sidley Austin was in when you improperly attempted to withdraw from the pending matters. Chubb did not create this regrettable situation, and the rules of professional conduct and the terms of the parties' Service Level Agreement (SLA) expressly prohibit Sidley Austin's improper conduct.[1]

Further, with regard to the SLA, Sidley Austin's conduct in its concurrent representation of Chubb and Boy Scouts and its subsequent actions to try to withdraw, constitute material breaches of the contract. Chubb has incurred, and continues to incur, damages based upon this improper conduct. The SLA contains an arbitration provision, as well as a requirement that the parties meet prior to commencing arbitration to try to resolve any disagreements. Our December 18, 2019 conference satisfied this requirement. Please confirm that Sidley Austin views it the same way. If not, we should schedule that meeting promptly.

This is a very unfortunate situation that has been thrust upon Chubb. We have not been treated with the loyalty that a law firm owes its client, and we have suffered material prejudice and significant damages, which continue to accrue, because Sidley Austin breached its ethical and contractual obligations to Chubb. We look forward to a response regarding satisfaction of the pre-arbitration meeting requirement in the SLA dispute resolution provision, and continue to reserve all rights

Sincerely,

Joshua R. Schwartz

---

[1] We also are compelled to address Sidley Austin's comments regarding the Lloyd's and ▮▮▮▮ matters. While we agreed that your firm could withdraw from the D. of Mass. proceeding, we expressly told you on January 30, 2020 that we are not authorizing your withdrawal from the Lloyd's arbitration. After Boy Scouts filed for bankruptcy, you contacted our arbitrators without notice or our permission to advise them that you have "withdrawn." Similarly, it is quite far from optimal to have one law firm take discovery and to have another law firm try the case. Thus, for ▮▮▮▮ we instructed our new co-counsel to handle the depositions and seek new deadlines for discovery, as well as the final hearing. This delay is Sidley Austin's doing, based upon its improper conduct. Moreover, given Sidley Austin's unwilling to answer our questions regarding the conflict, your purported "standing invitation" to discuss the conflict issue rings hollow.