UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| BOY SCOUTS OF AMERICA AND | : | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC[1], | : | |
| | : | *Jointly Administered* |
| | : | |
| Debtors. | : | Hearing Date:   June 8, 2020 @ 10:00 a.m. |
| | : | |
| | : | Objection Deadline:  May 27, 2020 @ 4:00 p.m. |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF COURTNEY KNIGHT AND STEPHEN KNIGHT, JOINTLY AS THE SURVIVING PARENTS OF E.J.K., A MINOR CHILD, AND STEPHEN KNIGHT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF E.J.K**

Courtney Knight and Stephen Knight, jointly as the surviving parents of E.J.K., a minor child, and Stephen Knight as Personal Representative of the Estate of E.J.K. (together the "Knights"), by and through undersigned counsel, by way of Motion for Relief from the Automatic Stay (the "Motion"), hereby states:

**BACKGROUND**

1. On February 18, 2020, Boy Scouts of America ("BSA") and Delaware BSA, LLC (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

2. On February 19, 2020, the Court ordered joint administration of the Debtors' Chapter 11 cases. [Docket No. 61].

3. On January 8, 2019 the Knights filed an action in the State Court of Cobb County, Georgia (the "Georgia Action") against Debtor Boy Scouts of America and Atlanta Area

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311) (together, the "Debtors"). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Council, Inc. arising from the wrongful death of their 14 year old son, E.J.K. ("E.J.K.") on June 25, 2018. A copy of the complaint filed in the Georgia Action (the "Complaint") is attached hereto as **Exhibit A**.

4. E.J.K. was killed while attending a summer camp in Atlanta, Georgia owned and operated by the Atlanta Area Council, Inc. (the "Atlanta Council") and accredited by the Boys Scouts of America (the "BSA") National Camp Accreditation Program.

5. As alleged in the Complaint, E.J.K.'s tent was struck by a tree during a severe thunderstorm, resulting in his death. Despite a Severe Thunderstorm Warning and other advisories issued by the National Weather Service, E.J.K. and other scouts were permitted to remain outside in their tents instead of seeking indoor shelter.

6. The Knights assert that the BSA and the Atlanta Council, were negligent and breached their duty of care by, *inter alia,* failing to (a) follow BSA safety policies, practices and procedures; (b) monitor local weather forecasts and conditions; (c) failing to effectively communicate weather advisories to all of the scouts; (d) failing to provide adequate communication devices; (e) follow weather advisories for the area issued by the National Weather Service; (f) modify plans due to inclement weather advisories; (g) properly maintain the campsite by thinning and/or removing trees as necessary; and (h) instruct E.J.K. and other scouts to take immediate shelter in a nearby safe building.

7. The Complaint seeks the recovery of compensatory, special, economic, general and other damages, including: (a) pre-death pain and suffering; (b) mental anguish, fright, shock and terror; (c) the full value of E.J.K.'s life; and (d) funeral and burial expenses.

8. In addition, the Knights seek the imposition of punitive damages due to the BSA's and the Atlanta Council's conscious indifference to the consequences of their inaction in accordance with O.C.G.A. § 51-21-5.1.

9. The Complaint includes a jury trial demand.

10. Since they are not abuse claims, the Knights' claims are not the subject of the Debtors' motion seeking mandatory mediation of claims relating to historical acts of abuse in the BSA's Scouting programs ("Abuse Claims"). [D.I. No. 17].

11. Similarly, since they are not Abuse Claims, the Knights' claims against the Atlanta Council are not stayed by the Consent Order Pursuant to 11 U.S.C §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction in Adversary Proceeding No. 20-50527 [D.I. No. 54].

12. For the reasons set forth below, the Knights request that an order be entered granting them relief from the automatic stay to proceed with the Georgia Action for the purposes of recovering from available insurance proceeds and liquidating its claim.

## JURISDICTION AND VENUE

13. This court has jurisdiction to consider these Chapter 11 cases pursuant to 28 U.S.C. § 1334.

14. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

15. The statutory predicate for the relief is 11 U.S.C. § 362(d)(1).

## RELIEF REQUESTED

16. The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of a case under this title." 11 U.S.C. § 362(a)(1).

17. Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay may be modified "for cause."

18. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

19. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Rexene Products*, 141 B.R. 574, 576 (Bankr. D. Del. 1992), *quoting* H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

20. There are several factors weighing strongly in favor of modifying the automatic stay in order to allow the Georgia Action to proceed in the Georgia Court, where it has already been pending for 16 months.

21. First, the Knights' wrongful death and other personal injury claims may not be tried in the bankruptcy court. *See* 28 U.S.C. §§ 157(b)(2)(B) and (b)(5); *In re Corner Pocket Billiards, Inc.*, No. 04-04313, 2008 Bankr. LEXIS 162, *8 (Bankr. D. S.C., Jan. 17, 2008) (lifting stay because bankruptcy court lacks authority to liquidate wrongful death claim); *In re Todd Shipyards*, 92 B.R. 600, 604 (Bankr. D.N.J. 1988) (state court personal injury litigation allowed to proceed in light of 28 U.S.C. §157(b)(5)).

22. "If the bankruptcy court lacks jurisdiction to adjudicate a claim, relief from the automatic stay is required so that the claim can be adjudicated in a court that does have

jurisdiction." *In re Nifong*, No. 08-80034C-7D, 2008 Bankr. LEXIS 1608 at *4 (Bankr. M.D. N.C. May 27, 2008) (granting relief from stay as to personal injury claims).

23. Second, the automatic stay should be lifted where the matter in dispute would be resolved more economically, conveniently and quickly in a non-bankruptcy forum. *In re Gemini Equipment Business Trust*, No. 1-05-CV-01665, 2005 U.S. Dist. LEXIS 28968 at *14 (M.D. Pa., Nov. 14, 2005). The legislative history to § 362(d)(1) supports this conclusion: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 95-989 at 50 (1978); *See also In re Kaufman*, 98 B.R. 214, 215 (Bankr. E.D. Pa. 1989) ("relief from stay is justified to enable a case pending pre-petition in state court to continue to judgment where no great prejudice to the bankruptcy estate would result").

24. The Georgia Court is the best forum for the adjudication of the Knights' claims because (a) the claims will be governed by Georgia law; (b) the events resulting in E.J.K.'s wrongful death occurred in Georgia, and (c) the witnesses and evidence are most likely located in Georgia.

25. Further, judicial economy would be best served by granting relief from stay to permit the state court litigation in Georgia to proceed to conclusion where the case has been pending for 16 months. The parties are in an advanced stage of discovery. Two sets of interrogatories and three sets of requests for production of documents having been served by the Knights, and defendants have provided interrogatory answers and have produced documents. When the Debtors filed their Chapter 11 cases on February 18, 2019, the Knights were in the process of proceeding with fact witness depositions; two were noticed for February 27 and two

were noticed for February 28. Defense counsel refused to produce the fact witnesses for their depositions, asserting that since the BSA is the only party with insurance applicable to the Knights' claims, the automatic stay also applies to the Atlanta Council.

26. The Georgia Court judge, the Honorable Carl W. Bowers, is thoroughly familiar with the underlying facts and legal issues presented, including by virtue of hearing two motions to compel discovery filed by the Knights. The first motion to compel was filed on May 31, 2019 and sought the production of property-maintenance records, safety protocols, hazardous-weather protocols and documents pertaining to the training of camp staff.  The second motion to compel was filed on August 30, 2019 and largely sought in-camera inspection of documents identified in the defendants' privilege log, which contained witness statements and internal communications regarding the defendants' response to E.J.K.'s death. Both of these motions were addressed by Judge Bowers at a hearing on December 9, 2019 and the defendants produced some of the documents ordered by Judge Bowers on December 31, 2019. *See In re Rexene Products*, *supra* at 577 ("Judicial economy dictates a prompt resolution in a single forum and with the same judge who was originally assigned to the case").

27. The bankruptcy court is not required to balance the potential prejudice to the Debtors against the substantial hardship the Knights will experience if the stay is not lifted in this case due to the jurisdictional limitation as to personal injury tort and wrongful death claims imposed under 28 U.S.C. §157(b)(5). *In re Nifong*, *supra* at *2.

28. However, it is clear that the grant of stay relief will not prejudice the Debtors because the Knights' personal injury claims resulting from E.J.K.'s heartbreaking death must be determined so that the Knights claim can be fixed for the purposes of the Debtors' Chapter 11 cases, including distribution under the Debtors' proposed plan.

29. Moreover, upon information and belief, based upon the limited insurance information provided by the Debtors in discovery in the Georgia Action, the BSA's insurer is providing the BSA's and the Atlanta Council's defense in the Georgia Action.[2] Thus, the estate will not be significantly depleted by the Debtors' defense of the Knights' claims in the Georgia Action.

30. Indeed, it is well-settled that "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve it as a predicate for recovery against insurers, sureties or guarantors." *In re Wapotish*, No. 07-B-71218, 2009 Bankr. LEXIS 1851 at *6-7 (Bankr. N.D. Ill., July 2, 2009) (*quoting Int'l Bus. Machs. v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.)*, 938 F.2d 731, 736 (7th Cir. 1991)); *see also In re Tricare Rehabilitation Systems, Inc.*, 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994); *In re Metzner*, 167 B.R. 414, 416-17 (E.D. La. 1994).

31. "Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff ... [and] the liquidation of a claim may be more conveniently and speedily determined by another forum." *2 Collier On Bankruptcy*, ¶362.07[3] (15th ed. 1980) (footnotes omitted).

32. On the other hand, if the automatic stay is not lifted, the Knights will be unjustly forced to endure further delay in obtaining redress for their claims arising from E.J.K.'s tragic death, recovering from available insurance proceeds and pursuing their claims for any awarded amounts not covered by insurance.

33. Another factor that the bankruptcy court may consider in determining whether to allow pre-bankruptcy litigation to proceed against the debtor is whether the creditor

---

[2] To date, the Knights have only been provided copies of policy declarations pages only.

has a probability of prevailing on the merits. *In re Scarborough St. James Corp.,* 535 B.R. 60, 69 (Bankr. D. Del. 2015). "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case. *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (Bankr. D. Del. 1993). As a result of the BSA's and the Atlanta Council's failure to respond to severe weather advisories and follow their own inclement weather policies and procedures, there is a high likelihood that the Knights will prevail on their claims arising from E.J.K.'s horrific death.

34. For these reasons, the Knights motion for relief from the automatic stay should be granted.

## REQUEST FOR WAIVER OF STAY PURSUANT TO RULE 4001(A)(3)

35. To avoid unnecessary further delay, the Knights respectfully requests waiver of the 14-day stay provided for in Federal Rule of Bankruptcy Procedure 4001(a)(3).

## NOTICE

36. Notice of this Motion are being served on the following: (a) Office of the United States Trustee; (b) counsel for the Debtors; (c) counsel for the Official Committee of Unsecured Creditors; (d) counsel for the Committee of Tort Claimants; (e) all parties entitled to notice in the State Court Action; and (f) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Knights respectfully submits that no other or further notice is required.

## CONCLUSION

For the foregoing reasons, the Knights respectfully request that the Court enter the proposed order granting the Knights' motion for relief from the automatic stay and such other and further relief as is just and proper under the circumstances.

Dated: May 4, 2020         By: /s/ Kristi J. Doughty
                                      Richard A. Barkasy (#4683)
                                      Kristi J. Doughty (#3826)
                                      SCHNADER HARRISON SEGAL & LEWIS LLP
                                      824 North Market Street, Suite 800
                                      Wilmington, DE 19801
                                      Telephone: (302) 888-4554
                                      Facsimile:  (302) 888-1696
                                      rbarkasy@schnader.com
                                      kdoughty@schnader.com

*Attorneys for Courtney and Stephen Knight, Jointly As the Surviving Parents of E.J.K., a minor child, and Stephen Knight as Personal Representative of the Estate of E.J.K.*

PHDATA 7278038_1