# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 243 |

## FIRST SUPPLEMENTAL DECLARATION OF EDWIN J. HARRON PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a)

I, Edwin J. Harron, hereby state as follows:

1. I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), Rodney Square, 1000 North King Street, Wilmington, Delaware 19801.

2. On March 20, 2020, Young Conaway filed the *Declaration of Edwin J. Harron in Support of the Application for Entry of an Order Authorizing the Proposed Future Claimants' Representative to Retain and Employ Young Conaway Stargatt & Taylor, LLP as His Attorneys, Effective as of the Petition Date* [Docket No. 243] (the "Initial Declaration").

3. On April 15, 2020, the Bankruptcy Court held a hearing on the *Debtors' Motion of Debtor for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Claimants, Nunc Pro Tunc to the Petition Date* [Docket No. 223] (the "FCR Motion") and requested additional disclosures about certain matters discussed therein, which were provided in the *First Supplemental Declaration of James L. Patton, Jr. Pursuant to Federal Rule*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

26380928.2

*of Bankruptcy Procedure 2014(a)* [Docket No. 436].[2] Young Conaway submits this first supplemental declaration to also address the additional disclosures requested by the Court.

4. Paragraph 8 of the Initial Declaration disclosed that other attorneys or staff of Young Conaway were and are involved in the scouting program of Boy Scouts of America, but that no one on the team of counsel to the FCR in this matter is currently involved in the scouting program of Boy Scouts of America. Young Conaway partner Robert S. Brady and I will lead Mr. Patton's counsel team in this matter. I was a Boy Scout in the 1980s and my son (now 19 years old) was a Cub Scout in the early 2000s, but I have had no involvement in scouting since then. I am informed that Mr. Brady was a Cub Scout in the 1970s, but he has had no involvement since then.

5. Young Conaway is confident that no member of the FCR's counsel team has any emotional ties to the Boy Scouts of America that would in any way impact Young Conaway's loyalty to, or adversely affect our ability to advise, Mr. Patton as the Legal Representative for Future Claimants in this matter.

6. Paragraphs 10 and 11 of the Initial Declaration disclosed that Young Conaway represented the Del-Mar-Va Council Inc., Boy Scouts of America in connection with two abuse-related cases, as well as one matter unrelated to abuse claims. Neither Mr. Patton nor any member of his counsel team in this matter were involved in those matters.

7. In addition to the above disclosures, Young Conaway submits the following additional disclosures based on its continued monitoring of any potential conflicts or connections that may arise with respect to its proposed representation of the Legal Representative for Future Claimants since the filing of the Initial Declaration. The following

---

[2] An order approving the FCR Motion was entered on April 24, 2020 [Docket No. 486].

highlighted entities or affiliates of these entities are listed by the Debtors as potential parties in interest based on their status as insurers, vendors, banks, credit-card processors, secured parties, taxing authorities, utility providers, chartered organizations, litigation parties, and professionals for certain parties in interest.

8. Young Conaway previously represented **Allied World Assurance Company (U.S.) Inc.** in litigation unrelated to abuse claims or the Debtors.

9. Young Conaway represents **Argonaut Insurance Company, AlixPartners, LLP, Amazon, Markel American Insurance Company, Marsh & McLennan Companies, and Mastercard Incorporated** in litigation unrelated to abuse claims or the Debtors.

10. Young Conaway represents **Banco Popular de Puerto Rico** in restructuring matters unrelated to abuse claims or the Debtors.

11. Young Conaway previously represented **BB&T** in matters unrelated to abuse claims or the Debtors.

12. Young Conaway represents **Scotiabank, State Street Bank, certain PNC entities, certain Wells Fargo entities, Discover Bank and Discover Financial Services** in matters unrelated to abuse claims or the Debtors.

13. Young Conaway represents **W. R. Berkley Corporation** in litigation and other matters unrelated to abuse claims or the Debtors.

14. Young Conaway represents various divisions of the **State of Delaware** in litigation matters unrelated to abuse claims or the Debtors. Additionally, a Young Conaway partner serves as the chair of the State of Delaware's Child Protection Accountability

26380928.2

Commission, which oversees certain state agencies that address the protection of children from abuse. That partner has not been and will not be involved in the matter.

15. Young Conaway previously represented the **Corporation of the President of the Church of Jesus Christ of Latter-Day Saints** in connection with litigation matters unrelated to abuse claims against the Church of Jesus Christ of Latter-Day Saints or the Debtors.

16. Young Conaway represents certain entities doing business under the name **Verizon Wireless** in connection with matters that are unrelated to abuse claims or the Debtors.

17. Lastly, consistent with the U.S. Trustee's *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), which became effective on November 1, 2013,[3] Young Conaway states as follows:

- Young Conaway has not agreed to a variation of its standard or customary billing arrangements for this engagement;
- None of the firm's professionals included in this engagement have varied their rate based on the geographic location of these chapter 11 cases;
- Young Conaway was retained by James L. Patton, Jr., in connection with the Prepetition FCR Agreement,[4] dated December 12, 2018. The billing rates and material terms of the prepetition engagement are the same as the rates and terms described in the Application, subject to periodic adjustment; and

---

[3] The U.S. Trustee Guidelines themselves acknowledge that "the Guidelines do not supersede local rules, court orders, or other controlling authority." While Young Conaway intend to work cooperatively with the U.S. Trustee to address requests for information and any concerns that may have led to the adoption of the U.S. Trustee Guidelines, neither the filing of this second supplemental declaration, nor anything contained herein, is intended to or shall be deemed to be an admission by Young Conaway that the firm is required to comply with the U.S. Trustee Guidelines. Young Conaway reserves any and all rights with respect to the application of the U.S. Trustee Guidelines in respect of any application for employment or compensation filed in these cases.

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Application for Entry of an Order Authorizing the Proposed Future Claimants' Representative to Retain and Employ Young Conaway Stargatt & Taylor, LLP as His Attorneys, Effective as of the Petition* [Docket No. 243].

4

26380928.2

- To the extent directed by Court order or as agreed by the parties, Young Conaway will provide the FCR with a work plan and budget estimate for Young Conaway.  In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

18. Based on the disclosures in the Initial Declaration and this first supplemental declaration, Young Conaway continues to believe that (a) it is independent of the Debtors and the Interested Parties; (b) none of the matters disclosed in this declaration has had or will have an adverse effect on the firm's ability to carry out its duties to the FCR to loyally and effectively represent the Future Claimants; and (c) pursuant to section 101(14), Young Conaway is a "disinterested person" and does not have any interest that is materially adverse to the Future Claimants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 4th day of May, 2020.

/s/ Edwin J. Harron
Edwin J. Harron (Del. Bar No. 3396)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600