**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br> Case No. 20-10343 (LSS)<br>Jointly Administered<br>**Corrected** Objection Deadline:<br>May 27, 2020 @ 4 p.m. EST<br>**Corrected** Hearing Date: June 8,<br>2020 |

**MOTION OF TIMOTHY AND KAREN SPAHR, INDIVIDUALLY AND AS NEXT
FRIENDS OF ZRS, A MINOR, FOR AN ORDER FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)
OF THE BANKRUPTCY CODE AND THE PLAN INJUNCTION TO LIQUIDATE
THEIR CLAIM AND COLLECT FROM APPLICABLE INSURANCE PROCEEDS**

NOW COMES, Movants Timothy and Karen Spahr, individually and as next friends of

ZRS, a minor ("Movants") and in support of their *Motion for an Order for Relief from the*

*Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to*

*Liquidate Their Claims and Collect from Applicable Insurance Proceeds* ("Motion") states as

follows:

**PRELIMINARY STATEMENT**

1.　　Movants seek limited relief from the automatic stay to continue to prosecute an

action styled *Timothy Spahr and Karen Spahr, Individually and next friends of ZRS, a minor v.*

*Sam Houston Area Council Boy Scouts of America, the Boy Scouts of America and Thomas*

*Bogardus.* filed on March 8, 2019 in the Harris County, Texas, District Court, 215th Judicial

District, State of Texas, Cause No. 2018-55864 ( "State Court Action") against Defendants Boy

Scouts of America ("Debtor"), Sam Houston Area Council, Sam Houston Area Council Phoenix

District, Boy Scouts of America Phoenix District Troop 49, Thomas Bogardus, Kelly Bogardus

and Logan Bogardus ("Defendants").  Limited stay relief to permit the continuation of the State

Court Action is warranted and necessary because Movants Timothy and Karen Spahr, next friend of ZRS, sustained injury at a Boy Scout event on November 1, 2017 when jumping on a trampoline, and the continued prosecution of the State Court Action is necessary to resolve Movants' claims.

## **RELEVANT BACKGROUND**

2.      At all times pertinent hereto Defendants and Debtor permitted ZRS and several other adolescent scouts to jump simultaneously, without adequate supervision, on a trampoline located in Defendants Thomas and Kellie Bogardus' backyard during a Debtor-sponsored scouting event.

3.      During this time, ZRS sustained a traumatic brain and spinal injury when his head was struck by Logan Bogardus' leg while numerous scouts were playing on the trampoline without adequate supervision.

4.      On March 8, 2019, Movants filed their Second Amended Petition for Damages in the Harris County, 215th Judicial District, State of Texas, a copy of which is attached hereto as Exhibit 1. The allegations contained in the Complaint for Damages are incorporated herein by reference.  They essentially seek damages for negligence and gross negligence of Defendants and Debtor.

5.      On February 18, 2020, Debtor filed for bankruptcy, automatically staying the State Court Action.

6.      In the State Court Action, Debtor previously retained the law firm Sheehy, Ware & Pappas, P.C. to enter their appearance and represent all Defendants other than Kelly and Logan Bogardus, who are represented by Bair Hilty, P.C.

7.      The attention of Debtors' senior management will not be distracted by the

continued prosecution of the State Court Action.

## **RELIEF SOUGHT BY MOVANTS**

**8.**     By this Motion, Movants seek relief from the automatic stay and the Plan Injunction for the limited purpose of continuing the State Court Action to liquidate Movant's claim for personal injury so Movants may recover from any applicable provider of insurance.

## **ARGUMENT**

### **CAUSE EXISTS TO LIFT THE AUTOMATIC STAY TO ALLOW MOVANTS TO CONTINUE TO ADJUDICATE AND FIX THEIR CLAIMS FOR PERSONAL INJURIES**

9.     This Motion is brought pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order granting Movants relief from the automatic stay and the Plan Injunction to allow Movants to continue the prosecution of their suit for damages.

10.     Courts often follow the logic of the intent behind § 362(d) which is that it is often appropriate to allow litigation to proceed in the claimant's chosen forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

11.     Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay(1) for cause . . . ." 11 U.S.C. § 362(d).

12.     A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *In the Matter of Rexene Prods. Co*., 141 B.R. 574, 576 (Bankr. D. Del. 1992) ("*Rexene Products*"). This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (3) the creditor's probability of success on the merits. *See In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009). To establish cause, Movants must show that the "balance of hardships from not obtaining relief tips significantly in [their] favor." *Atl. Marine, Inc. v. Am. Classic Voyages, Co*. (*In re Am. Classic Voyages*, *Co.*), 298 B.R. 222, 225 (D. Del. 2003) (internal citation omitted). Here, the facts weigh heavily in Movant's favor on each of these three prongs.

13.     The Debtor had a liability insurance policy that covered bodily injuries like those sustained by the movant. (Ex. B).

14.     Movants move this Honorable Court for relief from the automatic stay so that they may proceed with their claim with the against Debtor's applicable insurance policy proceeds.

WHEREFORE, Movants respectfully request that this Court enter an order modifying the automatic stay to permit the movants to liquidate their personal injury claims against Debtor and requiring the movants to limit any recovery against the Debtor solely to extent of the applicable insurance.

Respectfully submitted,

**JACOBS & CRUMPLAR, P.A.**

/s/ Raeann Warner
**RAEANN WARNER, ESQ. (#4931)**
750 Shipyard Dr., Suite 200
Wilmington, Delaware  19801
(302) 656-5445
 Raeann@jcdelaw.com

Dated:  May 7, 2020                    *Attorney for Movants Timothy and Karen Spahr,*
*individually and as next friends of ZRS, a minor*