**IN THE UNITED STATES BANKRUPTCY**
**COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br>Jointly Administered<br>**Corrected** Objection Deadline:<br>May 27, 2020 @ 4 p.m. EST<br>**Corrected** Hearing Date: June 8, 2020 |

**ORDER GRANTING MOTION OF TIMOTHY AND FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE KAREN SPAHR, INDIVIDUALLY AND AS NEXT FRIEND ZSR, A MINOR BANKRUPTCY CODE AND THE PLAN INJUNCTION TO LIQUIDATE THEIR CLAIMS AND COLLECT FROM APPLICABLE INSURANCE PROCEEDS**

AND NOW this ____ day of _____ , 2020, upon consideration of the Motion of Timothy and Karen Spahr, individually and as Next Friend of ZSR, a minor for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claims and Collect from Applicable Insurance Proceeds (the "Motion") and it appearing that this Court has jurisdiction over this matter; and it appearing that notice of the Motion was sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefore; and after the considerations of any objections or responses thereto, it is hereby:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The stay imposed under 11 U.S.C. § 362(a) is hereby modified to allow Timothy and Karen

Spahr, individually and as Next Friend of ZSR, a minor ("Movants") to prosecute a lawsuit against Debtor in an action styled *Timothy Spahr and Karen Spahr, Individually and next friends of ZRS, a minor v. Sam Houston Area Council Boy Scouts of America, the Boy Scouts of America and Thomas Bogardus.* filed on March 8, 2019 in the Harris County, Texas, District Court, 215th Judicial District, State of Texas, Cause No. 2018-55864 ( "State Court Action") and seek to collect upon or enforce any judgment or settlement against Debtor solely from applicable insurance proceeds or providers.

3. The Movants shall not (a) seek to compel Debtor to pay any deductible, retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy, or (b) obtain any distribution from the Debtor's estate in or arising out of the State Action; provided that, notwithstanding the foregoing, the Movant's right to file and receive a distribution on a claim, properly filed in the Debtor's chapter 11 cases, is preserved, subject to the Debtor's rights to object to such claim.

4. Any claims the Movants have through the Debtors against their insurance providers or related parties, as well as any defenses and claims the Debtors or their insurers have against the Movants, are unaffected by the Motion or this Order and are expressly preserved.

5. Nothing in this Order: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing (collectively, the "Insurance Contracts"); (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator (each, an "Insurer" and together, the "Insurers") has to pay claims covered by any alleged applicable insurance policy; (iii) alters or amends any rights of an Insurer under any Insurance Contract to seek payment or reimbursement from the Debtors or any of their affiliates or to draw on any

collateral or security therefore; (iv) alters or amends the rights of any Insurer with respect to any deductibles or self-insured retentions under any allegedly applicable insurance policy; or (v) precludes or limits, in any way, the rights of any Insurer to contest or litigate the existence, primacy, or scope of available coverage under any allegedly applicable insurance policy. The fourteen day stay contemplated by Bankruptcy Rule 4001(a)(3) is waived, and this Order shall become effective immediately.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____ , 2020

                                                                                         _____
Laurie Selber Silverstein
United States Bankruptcy Judge