# Exhibit A

CAUSE NO. 2018-55864

| | | |
|---|---|---|
| TIMOTHY SPAHR and KAREN SPAHR, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS | § | |
| NEXT FRIENDS OF ZRS, | § | |
| a minor, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SAM HOUSTON AREA | § | |
| COUNCIL BOY SCOUTS | § | |
| OF AMERICA, THE BOY SCOUTS OF | § | |
| AMERICA, and THOMAS BOGARDUS | § | |
| | § | |
|     Defendants. | § | 215th JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Timothy and Karen Spahr, individually, and as next friends of ZRS, a minor, (hereinafter called "Plaintiffs"), and file this Second Amended Petition against Sam Houston Area Council Boy Scouts of America, the Boy Scouts of America, Sam Houston Area Council Phoenix District, Boy Scouts of America Phoenix District Troop 49, Thomas Bogardus, (collectively "the Boy Scout Defendants"), Kellie Bogardus, and Logan Bogardus, a minor, individually and by and through his Parents and Next Friends, Thomas and Kellie Bogardus.

## PARTIES

1.    Plaintiffs Timothy and Karen Spahr are individuals who reside in Harris County, Texas. They bring this suit individually and as next friends of ZRS, a minor.

2.    Defendant Sam Houston Area Council Boy Scouts of America ("SHAC") is a domestic non-profit organization authorized to do business in Texas. This Defendant has been served and has made an appearance.

3.      Defendant Boy Scouts of America is a domestic non-profit organization authorized to do business in Texas.  This Defendant has been served and has made an appearance.

4.      Defendant Thomas Bogardus is an individual who has been served and has made an appearance.

5.      Defendant Kellie Bogardus is an individual residing at 18502 Richland Falls Lane, Spring, Texas 77379.  Said Defendant can be served by private process or wherever she may be found.

6.      Defendant Boy Scouts of America Phoenix District Troop 49 ("Troop 49") is, on information and belief, a "unit" of Defendants Boy Scouts of America and SHAC and is being sued in its assumed or common name. Pursuant to Texas' Business Organization Code, Troop 49 can be served by serving its commissioner, Larry Morris, at 2225 North Loop West, Houston, Texas 77008.

7.      Defendant Sam Houston Area Council Phoenix District ("Phoenix District") is being sued in its assumed or common name, and pursuant to Texas' Business Organization Code, Phoenix District can be served by serving its District Executive, Cristal Razo, at 2225 North Loop West, Houston, Texas 77008.

8.      Defendant Logan Bogardus, a minor, is an individual who may be served by serving his Parents and Next Friends, Thomas and/ or Kellie Bogardus, residing at 18502 Richland Falls Lane, Spring, Texas 77379. Said Defendant can be served by private process or wherever he may be found.

## NATURE OF SUIT

9.      This is an action for damages instituted by Plaintiffs, parents and legal guardians of ZRS, a minor.  Plaintiffs are beneficiaries entitled to bring this action individually and on behalf of ZRS, a minor, for injuries sustained by ZRS.

## VENUE AND JURISDICTION

10.    Both jurisdiction and venue are proper in Harris County, Texas pursuant to the Texas Civil Practice & Remedies Code.    Jurisdiction and venue are proper as at least one Defendant is a citizen of the state of Texas as its corporate headquarters/principal place of business is located in Harris County, Texas. Moreover, jurisdiction and venue are proper in this cause because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County.

## DISCOVERY PLAN

11.    Plaintiffs intend that discovery be conducted under Level 3, and affirmatively plead that they seek monetary relief aggregating more than $1,000,000.

## FACTS

12.    On or about November 1, 2017, ZRS attended an official Boy Scout merit badge event, planned and organized by Defendant Thomas Bogardus, which was held at the home of Defendants Thomas and Kellie Bogardus.

13.    During the event, Defendants permitted ZRS and several other adolescent scouts to jump simultaneously, without adequate supervision, on a trampoline located in Defendants Thomas and Kellie Bogardus' backyard.

14.    During this time, ZRS sustained a traumatic brain and spinal injury when his head was struck by Logan Bogardus' leg while numerous scouts were playing on the trampoline without adequate supervision.

## CAUSE OF ACTION AGAINST BOY SCOUT DEFENDANTS-NEGLIGENCE

15.    The Boy Scout Defendants owed a duty to Plaintiffs.  Plaintiffs were injured by the Boy Scout Defendants' negligence when they:

3

    i.       Failed to properly supervise the November 1, 2017 Boy Scout event;

    ii.      Failed to follow requirements, guidelines, policies and procedures established and used by the Boy Scouts of America;

    iii.     Failed to ensure that Scoutmasters, Assistant Scoutmasters, and other adult leaders were fully and properly trained;

    iv.     Failed to ensure that qualified, trained and capable adult supervision would be present at the November 1, 2017 Boy Scout event;

    v.      Allowed multiple adolescents to simultaneously jump on the Bogardus' trampoline.

16.    Defendant Thomas Bogardus was at all times pertinent hereto, an agent of the other Boy Scout Defendants, and was acting within the course and scope of his agency. In addition to their direct acts of negligence alleged above, the Boy Scout Defendants are also liable for the acts of Thomas Bogardus under the doctrine of respondeat superior and general agency principles.

**CAUSE OF ACTION AGAINST THOMAS AND KELLIE BOGARDUS- NEGLIGENCE**

17.    Defendants Thomas and Kellie Bogardus owed a duty to Plaintiffs. Plaintiffs were injured by the negligence of Thomas and Kellie Bogardus when they failed to exercise proper control or to adequately supervise their son Logan Bogardus and permitted him to collide with Plaintiff ZRS.

18.    Defendants Thomas and Kellie Bogardus were negligent when they allowed multiple adolescents to jump simultaneously on their trampoline. Their negligence in allowing multiple persons to jump simultaneously proximately caused Plaintiffs' injuries.

**CAUSE OF ACTION AGAINST LOGAN BOGARDUS- NEGLIGENCE**

19.    Defendant Logan Bogardus owed a duty to Plaintiffs to exercise the reasonable care of a child of his age. Defendant Logan Bogardus violated that duty by negligently colliding with

Plaintiff ZRS while they jumped on the trampoline.

## GROSS NEGLIGENCE OF BOY SCOUT DEFENDANTS

20.     The conduct of the Boy Scout Defendants, as complained of herein, rises

to the level of gross negligence.  The conduct, when viewed objectively from the standpoint of the

Boy Scout Defendants, at the time of its occurrence involved an extreme degree of risk when he

allowed the scouts to jump unsupervised, especially when considering the probability and

magnitude of potential harm to others.  Further, the Boy Scout Defendants had actual, subjective

awareness of the risk involved, but nevertheless proceeded with conscious indifference to the

rights, safety, or welfare of others, including Plaintiff ZRS.

## DAMAGES TO ZRS

21.     As a direct and proximate result of the Defendants' negligence, Plaintiff ZRS was

caused to incur the following damages:

   i.  Physical pain and mental anguish (past and future);

   ii.  Physical impairment (past and future);

   iii.  Medical and life care expenses (future);

   iv.  Loss of earning capacity (future); and

   v.  Disfigurement (past and future).

## DAMAGES TO TIMOTHY SPAHR AND KAREN SPAHR

22.     Defendants are liable jointly and severally to Timothy and Karen Spahr,

individually and as next friends of ZRS, for the following damages:

   i.  Past reasonable medical care and expenses that were incurred by Timothy
   and Karen Spahr for the necessary care and treatment of the injuries to ZRS
   resulting from the accident complained of herein, such charges are reasonable and

were usual and customary charges for such services in Harris County, Texas.

    ii.     All reasonable medical care and expenses of ZRS which will in reasonable probability be incurred in the future resulting from the accident complained of herein, until ZRS reaches the age of majority.

### EXEMPLARY DAMAGES

23.    Defendants' gross negligence resulted in Plaintiffs' injuries set out herein.  On the basis of such gross negligence, Plaintiffs seek an award of exemplary damages in an amount sufficient to punish Defendants for their conduct and to deter Defendants and others from engaging in similar conduct in the future.

### CHARITABLE IMMUNITY CAP NOT APPLICAPLE

24.    The acts and omissions of the Boy Scout Defendants alleged herein are so severe as to be willfully negligent, or done with conscious indifference or reckless disregard for the safety of others including Plaintiff ZRS.  Accordingly, the Boy Scout Defendants are not entitled to the immunity or liability caps contemplated by CPRC §84.004 or §84.006.

### JURY DEMAND

25.    Plaintiffs hereby request a trial by jury. The appropriate fee was tendered with the Original Petition in this matter.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray for relief and judgment for the following:

    1.    Compensatory damages against all Defendants, as set forth herein, jointly and severally;

    2.    Exemplary damages in an amount sufficient to punish the Boy Scout Defendants, and to deter them and others similarly situated from engaging in similar conduct in the future;

    3.    Pre- and post-judgment interest at the legal rate;

4.      Costs of suit; and

6.      Such other and further relief to which Plaintiffs may be justly entitled.

                                        Respectfully submitted,

                                        CROSLEY LAW FIRM, P.C.
                                        3303 Oakwell Ct, Suite 200
                                        San Antonio, Texas 78218
                                        Tel. (210) 529-3000
                                        Fax (210) 444-1561

                         BY: _____
                                        Thomas A. Crosley
                                        State Bar No. 00783902
                                        tom@crosleylaw.com
                                        Daniel M. Pacheco
                                        State Bar No. 00791391
                                        dan@crosleylaw.com

                         ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served on Defendants in accordance with the Texas Rules of Civil Procedure on March 8, 2019, to

**Via Email:  eperkins@sheehyware.com**
**And jguidry@sheehyware.com**
**Via Fax:  713-951-1199**

Mr. R. Edward Perkins
Ms. Jamie Guidry
SHEEHY, WARE & PAPPAS, P.C.
2500 Two Houston Center
909 Fannin St.
Houston, Texas 77010-1003

ATTORNEYS FOR DEFENDANTS


Daniel M. Pacheco