# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | Re: Docket No. ~~___~~ **482** |

**ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY REED SMITH LLP, *NUNC PRO TUNC* AS OF MARCH 9, 2020, AS DELAWARE COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

Upon consideration of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors") to employ Reed Smith LLP ("Reed Smith"), *nunc pro tunc* as of March 9, 2020, as Delaware counsel for the Creditors' Committee; and upon consideration of the unsworn Declarations of Kurt F. Gwynne and Jennifer Rochon, on behalf of the Girl Scouts of the United States of America, in its capacity as Chair of the Creditors' Committee, in support of the Application; after sufficient notice and an opportunity for a hearing under 11 U.S.C. § 102(1); and the Court being satisfied that Reed Smith is disinterested and otherwise eligible for employment by the Creditors' Committee; and the Court having found the Application is consistent with the Confidentiality Procedures Orders; and good cause appearing therefor;

It is hereby ORDERED as follows:

1. The Application is approved.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. The Creditors' Committee is authorized, on an hourly-basis with reimbursement of expenses, to employ Reed Smith *nunc pro tunc* as of March 9, 2020, to serve as its Delaware counsel in the above-captioned cases.

3. Reed Smith shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court, and any Order entered by this Court in respect of compensation of professionals. Reed Smith also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases, effective as of November 1, 2013 (the "Revised U.S. Trustee Fee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Reed Smith in the Chapter 11 Cases.

4. Consistent with the Revised U.S. Trustee Fee Guidelines, Reed Smith shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, the Tort Claimants' Committee and the Creditors' Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330

of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

~~Dated: _____, 2020         BY THE COURT:~~
~~Wilmington, Delaware~~

~~_____~~
~~LAURIE SELBER SILVERSTEIN~~
~~UNITED STATES BANKRUPTCY JUDGE~~

5. Notwithstanding anything in the Application to the contrary, Reed Smith shall (i) to the extent that Reed Smith uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these Cases, pass-through the cost of such Contractors to the Debtors at the same rate that Reed Smith pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Reed Smith's; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

Document comparison by Workshare Compare on Friday, May 8, 2020 1:24:05 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://US-DIGITALFILE/US_ACTIVE/153248422/1 |
| Description | #153248422v1<US_ACTIVE> - BSA RS Original Filed Retention Order |
| Document 2 ID | iManage://US-DIGITALFILE/US_ACTIVE/153248307/1 |
| Description | #153248307v1<US_ACTIVE> - BSA RS revised retention Order |
| Rendering set | ReedSmith Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 2 |
| Deletions | 5 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 7 |