IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

Objection Deadline: May 11, 2020 at 4:00 p.m. (ET)
Hearing Date: May 18, 2020 at 10:00 a.m. (ET)

**OBJECTION OF THE TORT CLAIMANTS' COMMITTEE TO (A) DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 502(B)(9), BANKRUPTCY RULES 2002 AND 3003(C)(3), AND LOCAL RULES 2002-1(E), 3001-1, AND 3003-1, FOR AUTHORITY TO (I) ESTABLISH DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISH THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVE PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE VICTIMS, AND (IV) APPROVE CONFIDENTIALITY PROCEDURES FOR ABUSE VICTIMS [DKT. NO. 18] AND (B) SUPPLEMENT TO BAR DATE MOTION [DKT. NO. 557]**

The official committee of survivors of childhood sexual abuse appointed in these cases by the United States Trustee (the "Tort Claimants' Committee" or the "Committee") hereby objects (the "Objection") to *Debtors' Motion, Pursuant to 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, For Authority To (I) Establish Deadlines For Filing Proofs Of Claim, (II) Establish The Form and Manner Of Notice Thereof, (III) Approve Procedures For Providing Notice Of Bar Date And Other Important Information To Abuse Victims, And (IV) Approve Confidentiality Procedures For Abuse Victims* [Dk. No. 18] (the "Bar Date Motion"), and the *Supplement To Debtors' Bar Date Motion* [Dkt. No. 557] (the "Supplement", and together with the Bar Date Motion, the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware the BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

"Motion"). In support of the Objection, the Tort Claimants' Committee respectfully represents as follows:

## I.

## **INTRODUCTION**

The Motion requests that the Court set an unreasonably short deadline for the filing of abuse claims. That deadline is not only inappropriate for survivors of child sexual abuse, who need a period of time after notice of an official deadline to reflect on whether to file a claim, but particularly too abbreviated at this time – during a pandemic which has upended lives and limited access to counsel. The Motion and the Declaration of Dr. Shannon Wheatman (who has no clinical or academic qualifications to opine on child sexual abuse issues) in support of the Motion completely and utterly ignore these factors. Yet their relevance is recognized by a Boy Scouts-recognized expert on child sexual abuse.

Just three days ago, Governor Andrew Cuomo announced that the look-back window under New York's Child Victims Act ("CVA") is being extended for an additional five months, until January 14, 2021. The bill's sponsor, State Senator Brad Hoylman, noted:

> "Coming forward as a survivor of child sexual abuse takes courage, focus and lots of time. As the unemployment rate spikes above 14%, it's unreasonable to expect survivors of child sexual abuse to do the emotional and legal work necessary to file CVA lawsuits while simultaneously fighting to pay rent and put food on the table." [2]

At a time when millions of Americans are unemployed and preoccupied with basic survival, sexual abuse survivors need and are entitled to a reasonable period of time after they receive notice from the Bankruptcy Court to reflect seriously and make a decision whether to file a claim in this case.

DOCS_LA:329435.4 85353/002

Furthermore, the Motion proposes a bar date notice form that is confusing and contains irrelevant information about the case and the Debtors' Plan instead of focusing directly on the bar date at issue. The proof of abuse claim form is worse – it is insulting to survivors of child sexual abuse and poses unnecessary questions that are more pertinent to obtaining discovery for defense of claim purposes than for eliciting information regarding the basis for the claim. The Committee members themselves and Dr. Jon R. Conte, the Committee's expert on child sexual abuse, agree that the Debtor's proposed claim form will likely have the effect of discouraging survivors of child sexual abuse from filing claims against the Boy Scouts.[3]

Survivors of child sexual abuse are the largest constituency in this case and their claims are the sole basis for the Debtors' bankruptcy filing. Proper notice of the bar date, a reasonable period of time after such notice is given and a form of proof of claim that will enhance rather than discourage potential sexual abuse claimants to participate in these cases by filing a proof of claim-all are of the utmost importance. The Committee, with assistance from Dr. Conte, have expended a great deal of time and effort developing alternative forms of the bar date notice and the abuse proof of claim geared specifically for survivors of child sexual abuse in Scouting. The proof of claim form proposed by the Tort Claimant's Committee, a copy of which is appended hereto as Exhibit "A", gathers the large amount of information sought by the Debtors but in a manner that is respectful to the potential claimants and geared to the unique injuries faced by the survivors. The Committee's proposed forms of bar date notice are direct, succinct and omit confusing information concerning the Debtors' overall bankruptcy case and plan. A copy of the

---

[2] *Senator Hoylman Responds To Announced Extension Of CVA Look-Back Window*, Friday May 8, 2020 ISSUE: SD 27 Child Victims Act COVID-19 (https://www.nysenate.gov/newsroom/press-releases/brad-hoylman/senator-hoylman-responds-announced-extension-cva-look-back).

[3] Dr. Conte's declaration in support of this Objection is appended below.

3

proposed long-form notice of bar date proposed by the Committee is appended hereto as Exhibit "B" and a copy of the proposed short-form notice of bar date is appended hereto as Exhibit "C".

The Debtors have also provided the Tort Claimants' Committee with their proposed script to be used for 30-second television advertisements of the claims bar date (the "TV Ad Bar Date Notice"), and their proposed form of e-mail notice of the claims bar date (the "E-Mail Bar Date Notice").  The Committee has reviewed these forms and has proposed revised forms of such notices consistent with the other forms of notices that the Committee has proposed herein. A copy of the Committee's proposed form of TV Ad Bar Date Notice is appended hereto as Exhibit "D" and a copy of the Committee's proposed E-Mail Bar-Date Notice is appended hereto as Exhibit "E".[4]

The Committee expects the Boy Scouts will say that it shares the Committee's concerns and goals.  But, the record reflects the Boy Scouts did nothing to consult with child abuse experts to determine if its Motion addresses the survivors' needs.  On the other hand, a five-member working group of Committee members, all of whom are survivors of child sexual abuse, a team of state court attorneys with more than fifty years collective experience working with survivors of child sexual abuse and a nationally recognized child sex abuse expert personally studied every sentence of the claim form and the notices.  The Committee members and their brother survivors are the ones who will be completing this form-not the Boy Scout executives, not the Boy Scout lawyers and not a declarant who lacks any real experience in addressing the needs of child sex abuse survivors.  As well intentioned as the Debtors and their professionals may be, they have no real understanding of the audience to whom the bar date notice will be directed.  The Court should give great deference to survivors' views on the Motion.  This case is their last opportunity

4

to assert their claims against the Debtors and hold the Boy Scouts accountable for decades of abuse. If the Boy Scouts mean what they say about caring for survivors, it will accede to the Committee's requested changes to the claim form, the notices and the bar date.

For all of the foregoing reasons and those set forth below, the Tort Claimants' Committee respectfully requests that the Court deny the Motion as it is proposed, set a bar date no earlier than December 31, 2020, approve the Committee's proposed forms of bar date notice and sexual abuse survivor proof of claim, and grant such other and further relief as is reasonable and just.

## II.

## **OBJECTION**

A. <u>The Bar Date Should Be Extended To No Earlier Than December 31, 2020</u>

The proposed bar date establishes a deadline that fails to appreciate the difficulty encountered by an adult survivor who is compelled to file a claim by a date certain, regardless of whether he is emotionally or psychological ready to do so. Survivors of sexual abuse often need decades to come forward. This is why legislatures in many states have either reformed or removed civil statutes of limitation for claims of childhood sexual abuse.[5] It was the financial consequences of these statutes of limitation reforms that led the Boy Scouts to seek bankruptcy relief in these cases.

As discussed by Dr. Conte in his declaration appended hereto, delay in disclosure of child sexual abuse is the norm and there may be many reasons for that delay. Once a potential claimant has received an official notice of the bar date for filing claims, many will need a period

---

[4] Blacklined copies showing the changes that were made by the Committee to the Debtors' proposed forms of Exhibits "A" through "E" are available from the Committee upon request. These have not been attached because in many instances the blacklined documents are difficult to review due to extensive formatting changes.

[5] As of 2020, twenty-nine states had introduced bills for reform of statutes of limitation for childhood sexual abuse, and as of 2019 twenty-three states and the District of Columbia reformed their statutes of limitation for childhood sexual abuse. *See* https://www.childusa.org/sol.

5

of reflection and consideration before determining whether to complete a proof of claim form and submit it into a legal system that is not of their choosing and with which their state court counsel have little experience.  This period of time is not taken into account by the Debtors in their proposed October 6, 2020 bar date.  Compounding reticence are the effects of the current pandemic which may not only overshadow the claim filing process, but also may trigger abuse memories and feelings, making a determination to file a claim even more difficult.[6]

The number of survivors of child sexual abuse in these cases is unknown.  While thousands of survivors may have already retained attorneys, the number of potential claimants who have not may be the most difficult to reach in the sense of coming to terms with their abuse.  The bar date must be set out for a sufficient period of time to allow these unknown survivors to process the deadline and take the steps to pursue claims.  A claims bar date no earlier than December 31, 2020 will to some degree ameliorate the pressures that will be faced by sexual abuse claimants.

      B.   <u>The Sexual Abuse Proof of Claim Form Proposed by the Tort Claimants' Committee Should be Approved.</u>

This case is about child sexual abuse in Scouting.  Survivors of child sexual abuse are the largest constituency in these cases.  As the Debtors noted in their first day pleadings, it was the increased number of sexual abuse claims in Scouting (resulting from legislative reform of statutes of limitation) that caused the Debtors to seek relief under the Bankruptcy Code.  On the Petition Date, the Debtors were facing approximately 275 lawsuits and approximately 1,400 other <u>known</u> sexual abuse claims.[7]  Based on the Committee's polling of state court attorneys so

---

[6] Declaration of Jon R. Conte, Ph.D. ("Conte Declaration") at para 10.

[7] See *Declaration Of Brian Whittman In Support Of The Debtors' Chapter 11 Petitions And First Day Pleadings* [Dkt. No. 16] at page 4.

DOCS_LA:329435.4 85353/002

far actively engaged in the case, at least 5,000 sexual abuse claims will be filed in the case. In all likelihood, thousands more men will come forward. If indeed the Debtors' purpose in filing these cases was to equitably compensate the victims of abuse in Scouting as professed by Mr. Whittman in his first day declaration[8], those victims are overwhelmingly survivors of **child sexual abuse**. **The Committee daresays the Boy Scouts did not file bankruptcy because of any other kind of misconduct by its employees and leaders.** The proof of claim form for survivors of sexual abuse in Scouting <u>must</u> be geared unequivocally to survivors of child sexual abuse.

The Debtors' proposed abuse proof of claim lumps together child sexual abuse claims with unspecified adult abuse claims. It includes claims based on physical abuse or bullying "without regard to whether such physical abuse is of a sexual nature" and, inexplicably, includes abuse "whether there is or was any associated physical, psychological or emotional harm to the child or non-consenting adult".[9] This overly broad definition is both insulting to survivors of child sexual abuse and dismissive of the fundamental differences in the abuse they suffered and the unique aspects of the consequences of such abuse, as explained more fully by Dr. Conte in his Declaration.[10] There is simply no comparison between the claims of child sexual abuse survivors and the other claims included in the Debtors' proposed abuse claim definition. These claims cannot be grouped together or equated.

In order to reach potential child sexual abuse survivor claimants, the proper target of this noticing process, the definition of "Abuse" must be clear and understandable. The Debtors'

---

[8] See *Id*. at page 5 ("The Debtors' dual objectives in these chapter 11 cases are (a) timely and equitably compensating victims of abuse in Scouting and (b) ensuring that the Debtors emerge from bankruptcy with the capability to continue carrying out its charitable mission.")

[9] See Debtors' definition of "Abuse", Exhibit 9 to Motion at page 3 of 5.

[10] See Conte Declaration at paragraph 12.

7

proposed proof of claim form's definition of "Abuse" is not only overly broad, it contains terms such as "ephobephilia" that a lay person will not understand. Moreover, global descriptions of abuse generate lower rates of disclosure than specific behavioral definitions.[11] [12]

In addition, the Debtors' abuse claim form includes broad overlapping categories of harm suffered by the claimant, which may be difficult to determine (such as effects on mental health versus emotional health versus psychological health). The Debtors' form also asks questions concerning the claimant's "Legal Background" (was the claimant involved in claims of fraud), family relationship with the abuser and extra scouting relationships, which are aimed at establishing defenses to the claim and may discourage disclosures or the filing of claims.

The Tort Claimants' Committee has prepared an alternate form of Sexual Abuse Survivor Proof of Claim which is attached as Exhibit "A". The Committee's claim form gathers substantially the same information as requested by the Debtors but is appropriately geared to survivors of child sexual abuse and presents the questions in a manner that will not unduly discourage responses from individuals who have made the difficult decision to participate in this bankruptcy process and file a claim.[13]

C. <u>The Notice of Bar Date Proposed by the Tort Claimants' Committee Should be Approved.</u>

The Debtors' form of bar date notice contains extraneous information concerning the Debtors' chapter 11 case and their Chapter 11 plan. Many claimants that will receive the notice of bar date may be unsophisticated and this unnecessary information may be confusing. It may

---

[11] Conte Declaration at para 14.

[12] The Debtors' plan definition of "abuse" is irrelevant to the claim noticing process. If the Debtors want to classify adolescent bullying and hazing with claims related to sex abuse crimes against children, they can try to do so in the plan confirmation process.

[13] . Individual members of the Tort Claimants' Committee carefully reviewed each any every line of the Committee's proposed proof of claim form in an effort to render the form most useable.

be misinterpreted as announcing that the Debtors' chapter 11 plan has been approved without any opportunity for survivors to be heard.  The notice of bar date should be clear and unambiguous.  The long-form of Notice of Bar Date prepared by the Tort Claimants' Committee attached as Exhibit "B" is consistent with the definitions used in the Sexual Abuse Survivor Proof of Claim form and contains all the information necessary for potential claimants to be notified of the bar date for filing a claim.  Nothing more is required. The Committee's proposed short-form of Notice of Bar Date is consistent with the long-form notice and is attached as Exhibit "C".  The Committee's proposed form of TV Ad Bar Date Notice is appended hereto as Exhibit "D", and the Committee's proposed form of E-Mail Bar Date Notice is appended hereto as Exhibit "E".

D.  The Notice Plan Proposed by the Debtors Should be Modified.

The Notice Plan to Provide Notice of Bar Date described in the Declaration of Dr. Wheatman may not take into account the unique audience of child sexual abuse survivors.  Dr. Conte has proposed suggestions for targeting the bar date notice message and the Committee is continuing to provide feedback to the Debtors on this and other aspects of the claims and bar date notice process.[14]

E.  The Bar Date Order Must be Revised.

The proposed form of Order approving the bar date must be substantially revised to incorporate the Tort Claimant's Committee's form of notice of bar date and Sexual Abuse Survivor Proof of Claim.  In addition, the Order must not predetermine a claimant's right to assert a late claim based on excusable neglect or any other basis, and should make clear that the filing of a proof of claim does not constitute the waiver by a claimant of the right to a jury trial.

---

[14] See Conte Declaration at para 15.

Finally, the Order should include a provision that "Nothing in this Order shall impair or affect, or be deemed to impair or affect, any claims including, without limitation, sexual abuse claims that may be asserted against Local Councils or any entity or organization other than the Debtors herein."

## III.

## **RESERVATION OF RIGHTS**

The Committee will continue to confer with the Debtors in an effort to reach consensus on the issues raised in this Objection and on the additional forms and notices being developed by the Debtors for their bar date notification program. With regard to all such advertisements and notices, the Committee requests that the Debtors provide them with prior notice of all forms of advertising, notices and communications of any type to be sent or made available to the Tort Claimants' Committee's constituency. Such prior notice includes, without limitation, all scripts, video recordings, vocal presentations, the identities of all proposed spokespersons that will be providing notices and/or delivering messages, samples of such messages, scripts and FAQs to be used by the persons handling the Debtors' call-in centers. The Committee also requests that the Debtors notify them of the training and background of the persons who will be staffing the bar date call-in centers described in the bar date notices and all other content regarding claim and bar date matters. The Tort Claimants' Committee reserves all rights with respect to the foregoing communications and messaging and reserves the right to raise any other and additional objections prior to or at the hearing on the Motion.

/ / /

/ / /

/ / /

DOCS_LA:329435.4 85353/002

## IV.

## **CONCLUSION**

For all of the foregoing reasons, the Tort Claimants' Committee respectfully requests that the Court deny the Bar Date Motion as it is proposed, set a bar date no earlier than December 31, 2020, approve the form of Sexual Abuse Survivor Proof of Claim attached hereto as Exhibit "A", approve the forms of bar date notices attached hereto as Exhibits "B", "C", "D" and "E", and grant such other relief as is appropriate and just.

Date: May 11, 2020    **THE OFFICIAL COMMITTEE OF TORT CLAIMANTS**

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
Linda F. Cantor (CA Bar No.153762)
John W. Lucas (CA Bar No.271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: jstang@pszjlaw.com
rorgel@pszjlaw.com
joneill@pszjlaw.com
lcantor@pszjlaw.com
jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*