# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and<br>Delaware BSA, LLC,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 468** |

### ORDER DETERMINING THAT THE CREDITORS' COMMITTEE IS NOT REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION OF THE DEBTORS AND FIXING CREDITOR INFORMATION SHARING PROCEDURES AND PROTOCOLS UNDER 11 U.S.C. §§ 105(A), 107(B), AND 1102(B)(3) EFFECTIVE AS OF MARCH 4, 2020

Upon the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of the Boy Scouts of America and Delaware BSA, LLC, the above-captioned debtors and debtors-in-possession (the "**Debtors**"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and notice of the Motion and the opportunity for a hearing on the Motion being appropriate under the circumstances such that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

    1.    The Motion is GRANTED, effective as of the Formation Date.

    2.    The Creditors' Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtors, or any

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to such terms in the Motion.

other Entity, to any creditor with a claim of the kind represented by the Creditors' Committee, except as provided below.

3.  The Creditors' Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information or Confidential Creditors' Committee Material to any creditor with a claim of the kind represented by the Creditors' Committee. Nonetheless, the Creditors' Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Creditors' Committee Material to any party so long as (a) such Privileged Information or Confidential Creditors' Committee Material is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Creditors' Committee.

4.  The Creditors' Committee is authorized to establish a website for dissemination of information, and to retain the Claims and Noticing Agent for that purpose, and the Creditors' Committee will file a notice on the Court's docket, indicating the effective date of the website and the address thereof.

5.  The Creditors' Committee shall implement the following protocol for providing access to information for creditors (the "**Creditor Information Protocol**") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

    a.  <u>Privileged and Confidential Information</u>: The Creditors' Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "**Entity**") (i) without further order of the Court, Confidential Information, (ii) Privileged Information, and (iii) Confidential Creditors' Committee Material. In addition, the Creditors' Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Creditors' Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code, or to any Entity whose goals, in the Creditors' Committee's sole discretion, are, may be, or may become adverse to the goals of the Creditors' Committee.

b. <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) by the Creditors' Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  Nothing herein shall obligate the Creditors' Committee to provide any information the Creditors' Committee obtains from the Debtors or third parties.

c. <u>Creditor Information Requests</u>: If a creditor (the "**Requesting Creditor**") submits a written request to the Creditors' Committee (the "**Information Request**") for the Creditors' Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "**Response**"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Information Request because the Creditors' Committee believes the Information Request implicates Confidential Information, Privileged Information, or Confidential Creditors' Committee Material that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Creditors' Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Creditors' Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served on (i) counsel to the Debtors, (ii) the United States Trustee for the District of Delaware, and (iii) counsel to the Creditors' Committee and the hearing on such motion shall be noticed and scheduled.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Creditors' Committee or Debtors from objecting to such request) that the Creditors' Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Creditors' Committee deems to be Confidential Information, Privileged Information, or Confidential Creditors' Committee Material.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in-camera review.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Creditors' Committee agrees that such request should be satisfied, or if the Creditors' Committee on its own wishes to disclose such Confidential Information to creditors, the Creditors' Committee may demand (the "**Demand**") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request to counsel for the Debtors (at the

email addresses listed below), requesting that such information be disclosed and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record requesting that such information be disclosed, with a copy to Debtors' counsel requesting that such information be disclosed. If the Debtor or Entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Creditors' Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such Entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should be done so only pursuant to an order of the Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Jessica Boelter (jboetler@sidley.com) and Matthew Linder (mlinder@sidley.com). Nothing in this Order authorizes the Creditors' Committee to disclose Confidential Information of the Debtors to any person absent an agreement in writing from the Debtors (or their professional advisors) or a further order of the Court.

e. If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the Debtors or the Creditors' Committee believes that information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing. The determination that a Requesting Creditor is a competitor or prospective creditor is reviewable by the Court.

f. Nothing herein precludes the Creditors' Committee (or its members and representatives) from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Creditors' Committee based on such commonly-received Confidential Information) with any other party-in-interest in the Debtors' chapter 11 cases and/or its professional advisor(s) that have signed a confidentiality agreement, subject to the provisions of any protective order and other orders entered by the Court governing the sharing of Confidential Information.

6. Nothing in this Order shall diminish or modify the rights and obligations of the Creditors' Committee or its members and representatives under the Creditors' Committee by-laws or any protective order entered into with the Debtors or any other party (including the Creditors' Committee's or its members' and representatives' rights to disclose Confidential Information as permitted under such protective order), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

7. The Creditors' Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as long as the Creditors' Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement or protective order; provided, however, that the foregoing shall not affect the liability of the Creditors' Committee and its professionals that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final, non-appealable order to have constituted bad faith, gross negligence, or willful misconduct; provided, however, that the foregoing shall not preclude or abridge the right of any Requesting Creditor to move before the Court for an order requiring production of other or additional information, to the extent available, as set forth in Paragraph 5 herein.

8. The Claims and Noticing Agent is authorized to establish and maintain the Creditors' Committee's website.

9. Nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of the Creditors' Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

10. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

*[signature]*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: May 11th, 2020
Wilmington, Delaware

5