# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date:   May 18, 2020 @ 10:00 a.m.<br>Objection Deadline:   May 12, 2020 @ 4:00 p.m.[2] |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' MOTION, PURSUANT TO 11 U.S.C. §§ 502(b)(9) BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1, FOR AUTHORITY TO (I) ESTABLISH DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISH THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVE PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE VICTIMS, AND APPROVE CONFIDENTIALITY PROCEDURES (D.E. 18, 557)**

In support of his objection (the "Objection") Debtors' Motion, Pursuant to 11 U.S.C. §§ 502(b)(9) Bankruptcy Rules 2002 snd 3003(c)(3),  and Local Rules 2002-1(e), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice thereof, and (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and Approve Confidentiality Procedures (D.E. 18, 557), Andrew R. Vara, the United States Trustee for Regions Three and Nine ("U.S. Trustee"), through his undersigned counsel, states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Extended to May 12, 2020 for the U.S. Trustee.

1

1. This Court has jurisdiction to hear the Objection.

2. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Objection.

**Preliminary Statement**

4. The Motion seeks Court approval of bar dates for filing claims, the format of proof of claim forms, and proposed notices.[3] The Motion should be denied to the extent that the proposed notices include information not appropriate for inclusion in a bar date notice. The Motion should also be denied to the extent that the proposed Abuse Survivor Proof of Claim form seeks information not required by Official Form 410 which is more properly the subject of appropriate discovery requests.

**Background**

5. On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions

---

[3] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

for relief under chapter 11 of the Bankruptcy Code. The Court ordered the cases to be jointly administered on February 19, 2020 (D.E. 61). On March 5, 2020, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (D.E. 141, "UCC") and an Official Committee of Tort Claimants (D.E. 142, "TCC").

6. The Debtors filed the Motion on the Petition Date but did not notice the Motion for hearing until May 4, 2020 (D.E. 558). On May 4, 2020 the Debtor filed a Supplement to Debtor's Bar Date Motion ("Supplement", D.E. 557).

7. The Debtors filed a Plan (D.E. 20) and a Disclosure Statement (D.E. 21) on the Petition Date. As of May 11, 2020 the Debtors have not sought approval of the Disclosure Statement to enable solicitation of votes on the Plan.

### Statement of Facts

8. The Motion seeks approval of bar dates, forms of notice and proof of claim forms for the filing of General Proofs of Claim and Abuse Survivor Proofs of Claim. The Supplement seeks a bar date of October 6, 2020 as the General Bar Date and Abuse Survivor Bar Date.[4] The Motion proposes to mail notices to claimants in early June 2020, which will provide approximately 120 days for creditors to file claims. The Motion also proposes an extensive campaign to be conducted in print, electronic and social media that will take place during this period.

9. The Proposed Notice of Deadline for Filing Abuse Claims in the Boy Scouts of America Bankruptcy Case ("Abuse Claims Notice", D.E. 557-6) contains the following historical

---

4 The proposed Governmental Bar Date of August 17, 2020 is consistent with Bankruptcy Code Section 502(b)(9). Notwithstanding this objection, the Debtors have agreed to make numerous changes to the proposed form of Order that will be reflected in a revised version of the order to be prior to the hearing on the Motion.

information:

**What is this bankruptcy about?**

As widely reported, BSA is currently a defendant in numerous lawsuits related to historical acts of abuse in its Scouting programs. BSA cannot continue to address abuse litigation on a case-by-case basis. In addition to the unsustainable financial cost of continuing to engage in piecemeal litigation across the country, continuing this process will result in the risk of inconsistent judicial outcomes and unequal treatment of Abuse Survivors. For these reasons, BSA decided to file for chapter 11 bankruptcy.   BSA intends to set up a trust to compensate survivors of historical acts of abuse related to its programs as part of   this bankruptcy proceeding. (D.E. 557-6 at page 3).

**What is Chapter 11?**

Chapter 11 is a form of bankruptcy that involves the reorganization of a debtor's business affairs, debts, and assets.   Organizations generally file for chapter 11 bankruptcy if they require time to restructure their debts and obligations.   In most cases, the debtor (the bankruptcy filer), called a debtor in possession, runs the business, until a plan of reorganization is confirmed and the debtor emerges from bankruptcy, which is the main objective of the case.

**Steps in Bankruptcy (we are currently at the fourth step):**



(D.E. 557-6 at page 3)

10.     The Abuse Claims Notice states as follows with respect to a discharge of the Debtor and Third-Party Releases:

4

**What is being released under the plan of reorganization?**

The chapter 11 plan of reorganization may contain broad releases of the BSA and certain third parties and related injunction provisions. If approved, these provisions could release claims you hold against the BSA and certain third-parties, including against Local Councils and organizations that sponsored your troop or pack. Also if approved, these provisions would prohibit you from filing lawsuits against the BSA and certain third parties related to any Abuse Claim. Instead, the proposed chapter 11 plan proposes to channel these claims to a trust for Abuse Survivors. You should carefully review the full text of the plan of reorganization release, injunction, and related provisions and any applicable release provision at www.OfficialBSAClaims.com. You should also register your email address at www.OfficialBSAClaims.com in order to receive important case information. (D.E. 557-6 at page 7).

11.     The Abuse Claims Notice also proposes to state:

**What rights are the Debtors reserving?**

The Debtors have the right to object to any claim or proof of claim on any ground, including, but not limited to, the passing of the applicable statutes of limitation. The Debtors reserve their right to dispute, or to assert offsets or defenses to, any Abuse Claim, including, but not limited to: the amount, liability, or classification. The Debtors can choose to define a claim as disputed, contingent, unliquidated, or undetermined.   (D.E. 557-6 at page 7).

12.     The Abuse Survivor Proof of Claim Form (D.E. 557-9) is a 17page document requesting significant information not required by Official Form 410.   The Abuse Survivor Proof of Claim Form has the appearance of a discovery request.[5]

---

5  On May 11, 2020, The TCC filed its objection to the Motion at D.E. 601.  The TCC objection includes a proposed Abuse Survivor Proof of Claim (D.E. 601-1) acceptable to the TCC and which contains much of the information in the Debtors' proposed form.   The U.S. Trustee does not oppose a form of claim acceptable to the TCC under the unique facts and circumstances of this case.

5

## ARGUMENT

### I.  The Content of the Abuse Claims Notice is Not Appropriate

13. Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Rules) provides that, in a Chapter 11 case, the "Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." The determination is up to the discretion of the Court. See *In re Congoleum Corporation*, 2008 WL 314699 (Bankr., N.J. 2008).

14. A bar date notice should not include extraneous matter not relevant to the proposed bar date or the form necessary to complete and file a claim. Disclosing historical information or including reference to plan provisions is all information more properly included in an approved disclosure statement soliciting votes upon a plan and is not relevant to a bar date notice. The Debtors have not sought approval of their Disclosure Statement. The statements quoted from the proposed Abuse Claims Notice at paragraphs 9-11, supra, do not belong in the Abuse Claims Notice.

15. The TCC objection to the Motion (D.E. 601), contains a proposed Abuse Claims Notice acceptable to the TCC (D.E. 601-2). The TCC proposed Abuse Claims Notice omits the information more properly reserved for a later stage of the case as noted above and addresses the concerns raised by the U.S. Trustee.

### Conclusion

30. The Abuse Claims Notice should not include information not relevant to a bar date notice or the procedures for completing and filing a proof of claim. The U.S. Trustee defers to the TCC regarding an acceptable Abuse Survivor Claim Form. The TCC's proposed Abuse Claims Notice (D.E. 601-2) is acceptable to the U.S. Trustee.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion to the extent of this Objection and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**REGIONS THREE AND NINE**

May 12, 2020          **By:**     /s/ David L. Buchbinder
                                 David L. Buchbinder, Esq.
                                 Hannah M. McCollum, Esq.
                                 Trial Attorneys
                                 J. Caleb Boggs Federal Building
                                 844 King Street, Suite 2207, Lockbox 35
                                 Wilmington, DE 19801
                                 (302) 573-6491
                                 (302) 573-6497 (Fax)