IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 613** |

**MOTION TO SHORTEN NOTICE OF DEBTORS' MOTION
FOR ENTRY OF AN ORDER APPROVING STIPULATED
CONFIDENTIALITY AND PROTECTIVE ORDER**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby respectfully move to shorten notice of the *Debtors' Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order* (the "Motion for Protective Order").[2]  In support of this motion, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT AND BACKGROUND**

1. The Court should allow the Motion for Protective Order to be heard on shortened notice because further delay of the Parties' (as defined below) ability to exchange confidential discovery material will impede the Debtors' ability to effectively guide these restructuring cases through mediation and negotiate a global resolution of issues and claims into the Debtors' chapter 11 plan. Additionally, the Official Committee of Tort Claimants (the "Tort Claimants' Committee"), the Official Committee of Unsecured Creditors (the "Creditors'

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]   Capitalized terms not defined herein are defined in the Motion for Protective Order.

Committee"), the Future Claimants' Representative (the "FCR"), and the Ad Hoc Committee of Local Councils of the Boy Scouts of America (the "Local Council Committee," and together with the Debtors, the Tort Claimants' Committee, the Creditors' Committee and the FCR, the "Parties") support hearing the Motion for Protective Order on shortened notice.

2. As set out in more detail in the Motion for Protective Order, the Parties have prioritized the documentation of the Stipulated Protective Order in these chapter 11 cases. In particular, the Debtors have made certain financial and other information available to the other Parties through a secure electronic data room. As a result of the Debtors' efforts and extensive good-faith negotiations, the Parties have reached agreement on the form of the Stipulated Protective Order.

3. However, certain of the Debtors' primary general liability insurers (collectively, the "Insurers") have not agreed to the form of Stipulated Protective Order. The Debtors first circulated a draft of the Stipulated Protective Order to the Insurers' respective counsel on April 14, 2020. The Debtors received no feedback. Meanwhile, the Debtors continued to negotiate with the other Parties regarding the terms of the Stipulated Protective Order and ultimately circulated a near-final version of that document to the Insurers on April 30, 2020. On May 5 and May 8, 2020, the Debtors received correspondence from counsel to the Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company (collectively, "Hartford") and the Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America, Century Indemnity Company, and U.S. Fire Insurance Company (collectively, "Chubb"), respectively, containing proposed revisions and other comments to the Stipulated Protective Order. The Debtors have accepted most—but not all—of the Insurers' proposed revisions. For the reasons set forth in the Motion for Protective Order, the

Debtors believe they have satisfactorily addressed, or need not address, the balance of the Insurers' comments.

4. The Debtors believe that having the Motion for Protective Order approved at the omnibus hearing on <u>May 18, 2020 at 10:00 a.m. (ET)</u> is in the best interests of the Debtors' estates and will allow the Parties to move forward in negotiating a comprehensive resolution of issues and claims in these chapter 11 cases.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 9006-1(e) of the Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"): (i) shortening notice of the Motion for Protective Order; (ii) scheduling the Motion for Protective Order to be heard at the omnibus hearing on May 18, 2020 at 10:00 a.m. (ET) (the "<u>Hearing</u>"); (iii) permitting parties to file objections to the Motion for Protective Order on or before May 15, 2020 at 4:00 p.m. (ET); and (iv) granting related relief.

## BASIS FOR RELIEF REQUESTED

6. Section 102(1) of the Bankruptcy Code states that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

7. Under Bankruptcy Rule 9006(c)(1), the Court may order periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

8. In exercising its discretion as to whether to shorten notice, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

9. The Debtors respectfully submit that cause exists to shorten notice of the Motion for Protective Order. As more fully described above and in the Motion for Protective Order, the Parties have engaged in extensive discussions over the past two months, including attempts to engage the Insurers, to reach agreement as to an appropriate form of protective order. As of the filing of this Motion, the Insurers have not consented to entry of the Stipulated Protective Order in its present form. Without a prompt ruling from the Court on the Motion for Protective Order, the Parties will remain in an untenable holding pattern and be unable to move forward with mediation of the complex issues that must be addressed through the chapter 11 plan in these cases.

10. Furthermore, parties in interest will not be prejudiced by having the Motion for Protective Order heard on shortened notice. The Debtors and other Parties have provided the Insurers ample opportunity to collaborate on the form of Stipulated Protective Order, and despite the Insurers' delayed comments, the Parties have worked to accommodate most of the Insurers' comments and respond to their other inquiries. Moreover, other parties in interest will have the opportunity to sign on as a party to the Stipulated Protective Order, as necessary and appropriate.

Finally, as noted above, the Tort Claimants' Committee, the Creditors' Committee, the FCR and the Local Council Committee support this Motion to Shorten.

11. For these reasons, the Debtors submit that the relief requested should be granted.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

12. Local Rule 9006-1(e) requires that any "motion requesting shortened notice shall include an averment of Delaware Counsel for the moving party that a reasonable effort has been made to notify at least counsel to the debtor, counsel to the United States Trustee, counsel to any official committee appointed in the case and any chapter 7, 11 or 13 trustee and whether such party objected to the relief sought, or not, or the basis for the moving party not making such an effort." As set forth above, the Tort Claimants' Committee, the Creditors' Committee, the FCR and the Local Council Committee support shortened notice. The U.S. Trustee does not consent to the request to shorten notice.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other or further relief as the Court deems just and proper.

[*Remainder of Page Left Intentionally Blank*]

| | |
|---|---|
| Dated: May 12, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>          aremming@mnat.com<br>          jbarsalona@mnat.com<br>          emoats@mnat.com<br>          ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (*pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (*pro hac vice*)<br>Michael C. Andolina (*pro hac vice*)<br>Matthew E. Linder (*pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>          mandolina@sidley.com<br>          mlinder@sidley.com<br><br>CO-COUNSEL AND PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION |