# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,1<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## THE UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO SHORTEN NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER (D.E. 614)

In support of his Objection to Debtors' Motion to Shorten Notice of Debtors' Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order ("Motion to Shorten", D.E. 614), Andrew R. Vara, United States Trustee ("U.S. Trustee") for Regions Three and Nine, avers:

1. This Court has jurisdiction to hear the above-captioned Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases under Chapter 11 of the Bankruptcy Code.

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-captioned Objection.

### STATEMENT OF FACTS

4. This case was initiated by the filing of a voluntary petition on February 18, 2020.

5. The Court ordered the cases to be jointly administered on February 19, 2020 (D.E.

---

1 The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

61).  On March 5, 2020, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (D.E. 141, "UCC") and an Official Committee of Tort Claimants (D.E. 142, "TCC").

6. On the Petition Date, the Debtors filed the initial form of protective order as Exhibit 3 to the *Debtors' Informational Brief* (D.E. 4) as noted at footnote 3 in the underlying motion ("Motion", D.E. 613).  As noted in paragraph 3 of the Motion to Shorten, the Debtor began to negotiate the form of the document with selected parties on April 14, almost two months after the Petition date.  Until the evening of May 12, 2020, the Debtor did not seek court approval of the document when it filed the Motion to Shorten and Motion. The Debtors did not seek comments from the U.S. Trustee or any other party in interest other than as noted by the Debtors in the Motion to Shorten.  The Debtors did not reach out to the U.S. Trustee until the morning of May 12, 2020 and then only to request the U.S. Trustee consent to the Motion to Shorten.

7. The Motion to shorten requests that the Court schedule a hearing on the Application for May 18, 2020 and that objections be filed no later than May 15, 2020.

## THE MOTION IS NOT EMERGENT

8. In *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252 (3d Cir. 2000), the Third Circuit restated the basic principle of due process, in not permitting an attempted sale to be free and clear of affirmative defenses: "Due process requires 'notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" 209 F.3d at 265 (citations omitted).

9. Although Section 102(1) of the Bankruptcy Code authorizes the court to hold a hearing on shortened time in appropriate circumstances such relief should not be granted lightly since it deprives the creditor body of an opportunity to respond.

13. There is no emergency here. The Debtor filed the pleading on the first day of the case, never noticed it out for approval, waited three months and now claims the matter is emergent. The Motion to Shorten discloses the opposition of insurers to the Motion. Further, Local Rule 2002-1(b) requires service of a motion, to "all parties whose rights are affected by the Motion." A cursory review of the underlying Motion indicates that it will affect all parties in interest in the case. Accordingly, and in compliance with the Local Rules, the Motion should be served and noticed on all parties in interest who should be given an opportunity to respond to the Motion.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Debtors' Motion to Shorten and granting such other relief that this Court deems appropriate.

Respectfully submitted,

**ANDREW R. VARA,**
**ACTING UNITED STATES TRUSTEE, Region Three**

**Date: May 13, 2020**      **BY:**      /s/
David L. Buchbinder, Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)