# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 613 and 614** |

### JOINDER OF THE TORT CLAIMANTS' COMMITTEE IN THE DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER AND MOTION TO SHORTEN NOTICE REGARDING THE SAME

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC"), appointed in the above-captioned cases, hereby joins in the *Debtors' Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order* [Docket No. 613] (the "Motion") and Motion to Shorten Notice of *Debtors' Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order* [Docket No. 614] (the "Motion to Shorten"), both filed on May 12, 2020, and respectfully states as follows:

      1.      On February 18, 2020 (the "Petition Date") the Debtors commenced these bankruptcy cases (the "Cases").

      2.      On March 4, 2020, the Office of the United States Trustee for the District of Delaware ("U.S. Trustee") formed (a) the Tort Claimants' Committee, which is a nine-member committee of survivors of childhood sexual abuse, and (b) a five-member committee of

---

[1] The debtors (together, the "Debtors") in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

unsecured trade creditors (the "Creditors' Committee" and, together with the TCC, the "Committees").

3. On March 5, 2020, the U.S. Trustee filed the notices of appointment with respect to the Committees [Docket Nos. 142 and 143].

4. Promptly after its appointment, and no later than March 17, 2020, the TCC began negotiating with the Debtors over the terms of the proposed *Stipulated Confidentiality and Protective Order* (the "Proposed Order"). Counsel for the Creditors' Committee and the Future Claims Representative (the "FCR") joined the negotiations shortly thereafter.

5. During the almost two months that followed, the signatories to the Proposed Order exchanged a substantial number of drafts and participated in numerous conference calls, all in an effort to reach an agreement. As reflected in the black-line comparing the original form of draft Protective Order filed by the Debtors on the Petition Date with the version submitted with the Motion, the agreed-upon changes are material and extensive. *See* Motion Exhibit B.

6. Notably, the Proposed Order reflects some of the challenging issues presented in these Cases. For example, the parties negotiated unique provisions covering the treatment of the so-called "Ineligible Volunteer Files" (*see* Motion Exhibit A ¶ 5.8), and the sharing of documents that were subject to confidentiality agreements entered into in connection with certain prepetition lawsuits (*see* Motion Exhibit A ¶ 5.9).

7. Simultaneously with the negotiation of the proposed Protective Order, the TCC and the BSA also engaged in informal discovery. In that regard, the TCC proffered certain information requests and the Debtors have voluntarily provided (and continue to provide) documents and information in response to those requests.

8.      While the parties have participated in these exchanges in good faith, the prolonged nature of the negotiations over the proposed Protective Order has had adverse consequences that the U.S. Trustee fails to consider[2] but that necessitate the Motion to Shorten.

9.      For example, pursuant to the Local Rules, the information produced by the Debtors thus far has been on an "advisors' eyes only" basis.  Consequently, more than two months into these Cases, the members of the Committees have yet to review any of the documents produced by the Debtors.

10.     Upon approval of the Motion, the TCC will be able to share information with its members and their respective counsel, who the TCC believes will be instrumental in evaluating the documents, facts, and issues given their extensive involvement in the prepetition prosecution of abuse claims against the Debtors.

11.     Separately, approval of the Motion will also result in the production of documents (including financial and asset-related documents) by the non-debtor Local Councils who – until now – have conditioned their production on the entry of the Protective Order.  The production of documents by the Local Councils is a prerequisite to creating the opportunity for a consensual resolution to the Cases and should not be delayed any further.

[Remainder of page intentionally left blank]

---

[2] *See generally United States Trustee's Objection to Debtors' Motion to Shorten Notice of Debtor's Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order (D.E. 614)* filed on May 13, 2020, at Docket No. 615 (the "*Objection*").  Notably, the U.S. Trustee's Objection is based, in part, on the incorrect premise that negotiations over the Protective Order only began on April 14, 2020.  *Id* ¶ 6.  But that is the date (a month ago) when the Debtors first circulated a draft of the Protective Order to the "Insurers' respective counsel."  Motion to Shorten ¶ 3.  As stated above, negotiations with the statutory representatives began almost immediately after the Committees were appointed and in no event later than March 17.  *Supra* ¶ 4.

12. For the reasons set forth herein and in the Motion, the Tort Claimants' Committee support the relief requested and respectfully request the Court to approve the motion.

Dated: May 13, 2020    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Robert B. Orgel (CA Bar No. 10187) (admitted *pro hac vice*)
John A. Morris (NY Bar No. 2405397) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038) (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email: jstang@pszjlaw.com
   rorgel@pszjlaw.com
   jmorris@pszjlaw.com
   joneill@pszjlaw.com
   jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*