**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 17, 161, 164, 166, 316 and 388** |

**DEBTORS' MOTION FOR LEAVE TO FILE DEBTORS' REPLY IN SUPPORT OF
THEIR MOTION FOR ENTRY OF AN ORDER (I) APPOINTING A JUDICIAL
MEDIATOR, (II) REFERRING CERTAIN MATTERS TO MANDATORY
MEDIATION, AND (III) GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby move this Court (the "Motion for Leave") for leave to file the reply attached hereto as **Exhibit A** (the "Reply") in support of the *Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [Docket No. 17] (the "Mediation Motion") in response to the limited objections and joinders [Docket Nos. 161, 164, 166 and 316] (collectively, the "Limited Objections") filed by certain insurers (collectively, the "Objecting Insurers") to the Mediation Motion. In further support of the Motion for Leave, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(d) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

3.      The Debtors consent to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments.

## BACKGROUND

4.      The Mediation Motion was filed with the Court on February 18, 2020.  The initial deadline to file any objections to the Mediation Motion was March 11, 2020, at 4:00 p.m. (ET).  The Debtors extended the objection deadline to April 1, 2020, at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the Official Committee of Tort Claimants (the "Tort Claimants' Committee"), the Future Claimants' Representative (the "FCR"), and JPMorgan Chase Bank, National Association.  The hearing for the Court to Consider the Mediation Motion is currently scheduled for May 18, 2020, at 10:00 a.m. (ET) (the "Hearing").

5.      Prior to the objection deadline, Debtors engaged in good faith with each of their constituencies to reach an agreement regarding the terms of an acceptable order for the Mediation Motion.  Accordingly, the Debtors reached an agreement on a proposed form of order with the

Creditors' Committee, the Tort Claimants' Committee, the FCR, and the Ad Hoc Committee of Local Councils of the Boy Scouts of America.

6.    Despite a substantial effort by the Debtors and their constituencies, the Debtors were unable to reach an agreement on a form of order with the Objecting Insurers, and therefore the Objecting Insurers filed the Limited Objections.  However, even after the Limited Objections had been filed, the Debtors further attempted to negotiate in good faith with the Objecting Insurers to reach an agreement on a proposed form of order, but were unable to so, forcing the Debtors to file the Reply.

## **RELIEF REQUESTED**

7.    The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit B**, granting them leave to file the Reply.

## **BASIS FOR RELIEF REQUESTED**

8.    Local Rule 9006-1(d) states, "Reply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."   Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

9.    The Debtors respectfully submit that cause exists to grant the relief requested by this Motion for Leave.  As noted above, the Hearing is scheduled for May 18, 2020, at 10:00 a.m. (ET). Pursuant to Local Rule 9006-1(d), the Debtors had until May 13, 2020, at 4:00 p.m. (ET) to file any replies.

10.    The Debtors submit that the Reply will aid the Court in its consideration of the issues that remain with regard to the Mediation Motion and will allow the Hearing to proceed more efficiently.   The Reply will provide the Court with important information regarding the developments and agreements made by the Debtors with their constituencies, as well as their

significant efforts and attempts to resolve the issues raised by the Objecting Insurers in the Limited Objections.  Accordingly, the Debtors believe that, under the circumstances, there is cause to grant leave to file the Reply.

11.     Additionally, no party will be prejudiced by the filing of the Reply as the Reply provides the parties with four days to review the Debtors' arguments addressing the Limited Objections.

## NOTICE

12.     A copy of this Motion for Leave has been served upon the parties who were served with the Mediation Motion and any objectors thereto.  In light of the nature of the relief requested in this Motion for Leave, the Debtors respectfully submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the Debtors leave to file the Reply, and such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  May 13, 2020
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Eric W. Moats*

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
        aremming@mnat.com
        emoats@mnat.com
        ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  tlabuda@sidley.com
        mandolina@sidley.com
        mlinder@sidley.com

CO-COUNSEL AND PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION