## Exhibit A

**Reply**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 17, 161, 164, 166, 316 and 388** |
| | <u>Hearing Date</u>**: May 18, 2020 at 10:00 a.m. (ET)** |

**<u>DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR ENTRY OF AN ORDER
(I) APPOINTING A JUDICIAL MEDIATOR, (II) REFERRING CERTAIN MATTERS
TO MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF</u>**

The Boy Scouts of America (the "<u>BSA</u>") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>"), hereby file this reply (this "<u>Reply</u>") to the limited objections and joinders  [Docket Nos. 161, 164, 166 and 316] (collectively, the "<u>Limited Objections</u>") filed by certain insurers (collectively, the "<u>Objecting Insurers</u>") to the *Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [Docket No. 17] (the "<u>Motion</u>").  In further support of the Motion, the Debtors respectfully state as follows.

**<u>REPLY</u>**

1.      The Debtors filed the Motion immediately upon the commencement of these chapter 11 cases.  As stated in the Motion, the entry of an order referring the key issues in these cases to mandatory mediation, under the supervision of qualified mediators, is necessary to achieve the Debtors' dual objectives of (a) providing equitable compensation to abuse survivors

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

and (b) ensuring the BSA can carry out its charitable mission into the future. This mediation is a cornerstone of the Debtors' restructuring strategy given the complexity and sheer number of issues that must be addressed in connection with a global resolution of abuse claims under a chapter 11 plan of reorganization.

2.        Beginning shortly after the commencement of these cases, the Debtors engaged in good-faith discussions with each of their constituencies to reach agreement regarding the terms of an acceptable mediation order. After many weeks of good-faith negotiations, the Debtors, the Official Committee of Tort Claimants (the "Tort Claimants' Committee"), the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the Future Claimants' Representative (the "FCR"), and the Ad Hoc Committee of Local Councils of the Boy Scouts of America (the "Local Council Committee") have reached agreement on the form of the mediation order. The parties referenced in the foregoing sentence are collectively referred to herein as the "Parties." A copy of the mediation order that is acceptable to the Parties (the "Proposed Mediation Order")[2] is attached hereto as **Exhibit A**, and a redline comparison against the initial version of the order filed on the Petition Date is attached hereto as **Exhibit B**.

3.        The Proposed Mediation Order incorporates the following principal terms:[3]

- Paul Finn and Eric Green will be appointed as Mediators for the purpose of mediating the Mediation Issues—*i.e.*, a comprehensive resolution of issues and claims in the BSA's chapter 11 cases through a chapter 11 plan.

- Timothy Gallagher will be appointed as a Mediator, only to mediate the insurance issues among the Mediation Parties and any Additional Mediation Parties, along with Mssrs. Finn and Green.

- The following parties are directed to participate in the Mediation: (a) the Debtors; (b) the Local Council Committee; (c) the FCR; (d) the Tort Claimants' Committee,

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Proposed Mediation Order.

[3] This summary of certain terms of the Proposed Mediation Order is qualified in its entirety by the actual terms thereof, which control in all respects.

including its members, professionals and the individual members' professionals; (e) the Creditors' Committee; and (f) the Insurers listed on Exhibit 1 to the Proposed Mediation Order.

- Other parties who are necessary to or who wish to participate in the Mediation shall be included in the Mediation if (a) all of the Mediation Parties agree or (b) the Court so orders.

4.      Despite the Parties' substantial  efforts, certain of the Debtors' primary general liability insurers (collectively, the "Insurers"), including the Objecting Insurers, have not agreed to the Proposed Mediation Order.  This is not attributable to a lack of effort by the Debtors and the other Parties to engage the Insurers in a constructive dialogue regarding the terms of the mediation.  Indeed, the Debtors initiated discussions with the Insurers on this topic as early as April 2, 2020, when they solicited the Insurers' input on proposed mediators.  Among various other correspondence between the Debtors and the Insurers regarding the mediation throughout April 2020, on April 13, the Debtors circulated a draft of the Proposed Mediation Order that identified Mssrs. Finn and Green as proposed mediators.  More than two weeks later, on April 28, the Insurers wrote that they could not accept Mssrs. Finn and Green as mediators.

5.      It is important for the Debtors to make clear that there has been a long-running dialogue between the Debtors and the Insurers regarding the mediation.  Certain of the Insurers, including most notably, Century Indemnity Company ("Century"), have recently represented to the Court that they have been excluded from discussions of issues relating to the mediation.  *See* May 6, 2020 Hr'g Tr. 94:2–4 (statement by Mr. Schiavoni that the Debtors had "excluded the insurers up to now, they only told us who they were proposing as a mediator very recently."). This is simply incorrect.  The Debtors have been cooperatively soliciting and taking into account the Insurers' input on the mediation issues for nearly six weeks.

6.      Notably, moreover, the Insurers are continuing to withhold their consent notwithstanding that the Parties have agreed to the appointment of a third mediator proposed by the Insurers, Mr. Gallagher.  This was a significant accommodation by the Debtors and the other Parties and was at the top of the Insurers' wish list for the mediation.  The terms of the Proposed Mediation Order also address the other concerns expressed by the Insurers in the Limited Objections, including, among other things, specifying which parties will be directed to mediation and specifying procedures for additional parties to participate in the mediation.

7.      As the Debtors stated in their motion to approve the proposed stipulated protective order (*see* Docket No. 613), without the Court's approval of a satisfactory mediation order, the Parties would remain in an untenable holding pattern and be unable to move forward with addressing the complex issues that are the subject of these restructuring cases.  The Court's approval of the Proposed Mediation Order—which has the endorsement of every other relevant constituency—is appropriate under the circumstances and in the best interests of the estates.

8.      Accordingly, the Debtors respectfully request that the Court overrule the Limited Objections and enter the Proposed Mediation Order, substantially in the form attached hereto as **Exhibit A**.

Dated:  May 13, 2020
   Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Eric W. Moats*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
   aremming@mnat.com
   emoats@mnat.com
   ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  tlabuda@sidley.com
   mandolina@sidley.com
   mlinder@sidley.com

CO-COUNSEL AND PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION

## Exhibit A

**Proposed Mediation Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 17, 161, 164, 166, and 316** |

**ORDER (I) APPOINTING MEDIATORS,
(II) REFERRING CERTAIN MATTERS TO MANDATORY
MEDIATION, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") directing the Mediation Parties to participate in mediation (the "Mediation") regarding the Mediation Issues, as more fully set forth in the Motion [Docket No. 17]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order directing the Mediation Parties (as defined herein) to participate in the Mediation being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors' consent to entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

been given, and it appearing that no other or further notice need be provided; and this Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before this Court; and all objections, if any, to the Motion having been

withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests

of the Debtors' estates, their creditors and other parties in interest; and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Paul Finn and Eric Green are appointed as mediators (together, the "Mediators")

for the purpose of mediating the comprehensive resolution of issues and claims in BSA's chapter

11 case through a chapter 11 plan (the "Mediation Issues"), which includes all matters that may be

the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of

plan ballots, a disclosure statement, or confirmation of a chapter 11 plan (the "Direct Plan

Actions"). Timothy Gallagher is appointed as a Mediator, only to mediate the insurance issues

among the Mediation Parties and any Additional Mediation Parties (each as defined below), along

with the other two Mediators.

3.      The Debtors are responsible for timely payment of the fees and costs of Paul Finn

and Eric Green on the terms and conditions of the attached agreement(s), the amounts of which

shall be payable without further application or order from the Court.

4.      Except as otherwise provided herein, the following parties (each a "Mediation

Party" and together the "Mediation Parties") are directed to participate in the Mediation: (a) the

Debtors; (b) the Ad Hoc Committee of Local Councils; (c) the Future Claimants' Representative;

(d) the Official Committee of Tort Claimants, including its members, professionals, and the

2

individual members' professionals; (e) the Official Committee of Unsecured Creditors; and (f) each of the insurers set forth on Exhibit 1 hereto (the "Insurers,"). Other parties who are necessary to or who wish to participate in the Mediation including, without limitation any additional insurers, shall be included in the Mediation if (i) all of the Mediation Parties agree to include such additional parties in the Mediation; or (ii) the Court orders that such additional parties participate in the Mediation upon further notice and a hearing or at the request of any of the Mediators. Any other party who participates in the Mediation in accordance with the immediately preceding two sentences shall be referred to herein as the "Additional Mediation Parties."

5.      The Insurers who are Mediation Parties are responsible for timely payment of one-half of the fees and costs incurred by Mr. Gallagher. The Debtors are responsible for timely payment of the other half of such fees and costs. All such amounts shall be payable, on the terms and conditions of the attached agreement, without further application or order from the Court.

6.      In their respective roles, the Mediators shall work with the Mediation Parties and/or Additional Mediation Parties on the matters concerning the Mediation, including: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Mediation Parties and/or any Additional Mediation Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.

7.      The provisions of Local Rule 9019-5(d) pertaining to "Confidentiality of Mediation Proceedings" shall govern the Mediation provided, however, that if a Mediation Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning insurance coverage, the parties' right to seek discovery, if any, is preserved.  During the Mediation process, the Mediators also may make applicable or direct the use of such other provisions of Local Rule 9019-5 as they deem necessary or appropriate; provided that concerns arising from COVID-19 shall be taken into account as to the requirements of attendance in person in connection with the Mediation

and no such attendance in person shall be required while the Bankruptcy Court is not permitting in-person appearances.

8.      Notwithstanding the foregoing, this Order (a) does not require any Mediation Party or any Additional Mediation Parties to submit a dispute as to any matter to a Mediator (other than a matter that would be the subject of a Direct Plan Action) before filing a pleading with the Bankruptcy Court or any other court of competent jurisdiction, and (b) is without prejudice to any party's objection to the continuance of the preliminary injunction in or other matters with respect to adversary proceeding number 20-50527 (LSS).

9.      All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation, including, without limitation, any rights to: (i) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (ii) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (iii) seek remand of any removed matter; (iv) oppose venue transfer of any removed matter; (v) demand arbitration or a jury trial in any proceeding; and (vi) contest the jurisdiction of the bankruptcy court to enter any order concerning any alleged insurance coverage that is the subject of the Mediation.

10.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion, including executing agreements with Resolutions LLC, Mr. Gallagher, and Commonwealth Mediation on the terms set forth in the attached forms of agreement, on substantially similar terms, or on terms more favorable to the estates and/or, as applicable, to the Insurers.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020      _____
       *Wilmington, Delaware*                      *UNITED STATES BANKRUPTCY JUDGE*

4

### Exhibit 1

1.  The Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America

2.  The Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company

3.  Allianz Global Risks US Insurance Company

4.  National Surety Corporation.

5.  Liberty Mutual Insurance Company

6.  American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania

ACTIVE 256777171

## Exhibit B

**Redline**

**IN THE~~IN THE~~ UNITED STATES ~~BANKRUPTCY COURT~~BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ~~In re:~~<br><br>In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (~~——~~LSS)<br><br>Jointly Administered<br><br>**Related Docket No. 17, 161, 164, 166, and 316**<br><br>~~Ref. Docket No. ——~~ |

**ORDER (I) APPOINTING ~~A JUDICIAL MEDIATOR~~MEDIATORS,**
**(II) REFERRING CERTAIN MATTERS TO MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") directing the Mediation Parties to participate in mediation (the "Mediation") regarding the Mediation Issues, as more fully set forth in the Motion [Docket No. 17]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

2012; and ~~this matter~~entry of this Order directing the Mediation Parties (as defined herein) to participate in the Mediation being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and ~~this Court being able to issue~~the Debtors' consent to entry of a final order ~~consistent with~~by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

~~2.                              is appointed as Mediator for the Mediation Issues, which include all matters related to the comprehensive resolution of claims relating to historical acts of abuse in the BSA's Scouting programs through a chapter 11 plan of reorganization.~~

2.  Paul Finn and Eric Green are appointed as mediators (together, the "Mediators") for the purpose of mediating the comprehensive resolution of issues and claims in BSA's chapter 11 case through a chapter 11 plan (the "Mediation Issues"), which includes all matters that may be the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of plan ballots, a disclosure statement, or confirmation of a chapter 11 plan (the "Direct Plan Actions"). Timothy Gallagher is appointed as a Mediator, only to mediate the insurance issues among the Mediation Parties and any Additional Mediation Parties (each as defined below), along with the other two Mediators.

3.      The Debtors are responsible for timely payment of the fees and costs of Paul Finn and Eric Green on the terms and conditions of the attached agreement(s), the amounts of which shall be payable without further application or order from the Court.

4.      3. The Except as otherwise provided herein, the following parties (each a "Mediation Party" and together the "Mediation Parties shall") are directed to participate in the mediation.  The Mediation Parties include: (a) the Debtors; (b) the Ad Hoc Committee of Local Councils; (c) the prepetition Future Claimants' Representative; (d) any official committee of creditors appointed by the Office of the United States Trustee; (e) applicable insurers under one or more insurance policies that afford the Debtors rights, benefits, indemnity or insurance coverage with respect to abuse claims; and (f) any other parties the Court, the Mediator, and/or the Official Committee of Tort Claimants, including its members, professionals, and the individual members' professionals; (e) the Official Committee of Unsecured Creditors; and (f) each of the insurers set forth on Exhibit 1 hereto (the "Insurers,"). Other parties who are necessary to or who wish to participate in the Mediation including, without limitation any additional insurers, shall be included in the Mediation if (i) all of the Mediation Parties agree in the future should to include such additional parties in the Mediation; or (ii) the Court orders that such additional parties participate in the mediation process. Mediation upon further notice and a hearing or at the request of any of the Mediators. Any other party who participates in the Mediation in accordance with the immediately preceding two sentences shall be referred to herein as the "Additional Mediation Parties."

4. The mediation shall be governed by Local Rule 9015-5, including, for the avoidance of doubt, the provisions thereof that pertain to confidentiality and privilege.

5.      The Insurers who are Mediation Parties are responsible for timely payment of one-half of the fees and costs incurred by Mr. Gallagher. The Debtors are responsible for timely payment

of the other half of such fees and costs. All such amounts shall be payable, on the terms and conditions of the attached agreement, without further application or order from the Court.

6.      In their respective roles, the Mediators shall work with the Mediation Parties and/or Additional Mediation Parties on the matters concerning the Mediation, including: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Mediation Parties and/or any Additional Mediation Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.

7.      The provisions of Local Rule 9019-5(d) pertaining to "Confidentiality of Mediation Proceedings" shall govern the Mediation provided, however, that if a Mediation Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning insurance coverage, the parties' right to seek discovery, if any, is preserved.  During the Mediation process, the Mediators also may make applicable or direct the use of such other provisions of Local Rule 9019-5 as they deem necessary or appropriate; provided that concerns arising from COVID-19 shall be taken into account as to the requirements of attendance in person in connection with the Mediation and no such attendance in person shall be required while the Bankruptcy Court is not permitting in-person appearances.

8.      Notwithstanding the foregoing, this Order (a) does not require any Mediation Party or any Additional Mediation Parties to submit a dispute as to any matter to a Mediator (other than a matter that would be the subject of a Direct Plan Action) before filing a pleading with the Bankruptcy Court or any other court of competent jurisdiction, and (b) is without prejudice to any party's objection to the continuance of the preliminary injunction in or other matters with respect to adversary proceeding number 20-50527 (LSS).

9.      All rights of the Mediation Parties are preserved and shall not be prejudiced by

participation in the Mediation, including, without limitation, any rights to: (i) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (ii) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (iii) seek remand of any removed matter; (iv) oppose venue transfer of any removed matter; (v) demand arbitration or a jury trial in any proceeding; and (vi) contest the jurisdiction of the bankruptcy court to enter any order concerning any alleged insurance coverage that is the subject of the Mediation.

10.    ~~5.~~ The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion~~.~~, including executing agreements with Resolutions LLC, Mr. Gallagher, and Commonwealth Mediation on the terms set forth in the attached forms of agreement, on substantially similar terms, or on terms more favorable to the estates and/or, as applicable, to the Insurers.

~~6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).~~

11.    ~~7.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

~~Dated: _____, 2020~~
       ~~Wilmington, Delaware~~                    ~~UNITED STATES BANKRUPTCY JUDGE~~

Dated: _____, 2020                    _____ *Wilmington, De*

**Exhibit 1**

1. The Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America

2. The Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company

3. Allianz Global Risks US Insurance Company

4. National Surety Corporation.

5. Liberty Mutual Insurance Company

6. American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania

ACTIVE 256777171

| Summary report: Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 5/13/2020 3:05:55 PM | |
|---|---|
| Style name: Sidley Default | |
| Intelligent Table Comparison: Active | |
| Original filename: BSA - Judicial Mediator - Proposed Order (AS FILED) 256038598_1.DOCX | |
| Modified filename: Exhibit 2 - Proposed Mediator Order.DOCX | |
| Changes: | |
| Add | 68 |
| Delete | 40 |
| Move From | 10 |
| Move To | 10 |
| Table Insert | 0 |
| Table Delete | 2 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| Total Changes: | 130 |

**Exhibit C**

**Finn Connections Disclosure**

**COMMONWEALTH MEDIATION'S LIST**
**BOY SCOUTS OF AMERICA BANKRUPTCY PETITION**

Plaintiffs' Attorneys:
Paul Mones
Ken Rothweiler
Jeff Anderson
Steve Crew
Peter Janci
Mike Pfau
Tim Kosnoff
Mitch Garabedian
Carmen Durso
James Marsh

Defendant's Attorneys:
Randy Squires
Randy Cox
Melick & Porter
Garth Unke
Richard Matthews (former General Counsel)
Todd Allen (former assistant General Counsel)
Steve McGowan (present General Counsel)
Bruce Griggs
Ellen Perloni
Sidley Austin

Claims Committee:
John Humphrey
James Stang, Esquire

There are other Plaintiff's and Defendant's lawyers who I have done work for involving BSA claims. I don't remember their names.

Paul A. Finn, Mediator
April 21, 2020

## Exhibit D

**Green Connections Disclosure**

**BSA Disclosures for Resolutions, LLC**

**April 22, 2020**

To the best of our knowledge, Resolutions, LLC has never represented or mediated or arbitrated for any of the parties in the BSA bankruptcy case that have been disclosed to it.

To the best of our knowledge, neutrals at Resolutions, LLC have worked in a neutral capacity in mediations, arbitrations, allocations, or victim trusts with Palchulski Stang Ziehl & Jones; Andrews & Thornton; Sidley Austin; Haynes & Boone; Kramer Levin; Reed Smith; and James Patton (Young Conaway).

To provide additional detail:

Professor Green is the court-appointed FCR in the Federal Mogul, Babcock & Wilcox, Dresser Industries, and Bondex asbestos victims trusts and in the Met-Coil TCA victims trust and the Dresser Industries Silica victims trust, in which he is represented by Young Conaway.  Sidley Austin may have represented the debtor or another party in the Federal Mogul bankruptcy and may have represented some third parties in some of the other asbestos bankruptcies.

Professor Green was the Monitor of the mortgage-backed securities Settlement Agreements between the Federal Government and the Attorneys General of several states and Bank of America, Morgan Stanley, and Goldman Sachs, in which he was represented by Young Conaway.

Professor Green is the court-appointed Special Master and Trustee of the Takata Airbag Individual Restitution Fund and Tort Compensation Trust. Sidley Austin represents a third-party OEM participating in the Takata Tort Compensation Trust Fund. Palchulski represented the Official Tort Committee pre-Confirmation and the Trustee of the Reorganized TK Holdings trust post-Confirmation in Takata.

Carmin Reiss of Resolutions, LLC is the Trustee of the Victims' Restitution Fund in the Insys Therapeutics, Inc. bankruptcy and was the Court appointed Referee for Claims Resolution Facility in the Muscletech and NVE, Inc. bankruptcies, in all of which Andrews & Thornton was on the tort committee.  Professor Green was the Special Master in the Metabolife Ephedra bankruptcy in which Andrews & Thornton were on the tort committee.