IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  May 28, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM MARCH 4, 2020 THROUGH MARCH 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | March 4, 2020 through March 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $776,257.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   6,064.88 |

This is a:       x   monthly         interim         final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|------------|----------------|----------------|--------------------|--------------| ------------------|
|            |                |                |                    |              |                   |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 79.00 | $ 94,405.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 139.10 | $159,269.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 0.30 | $      343.50 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 96.10 | $103,307.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 62.70 | $ 67,402.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 42.40 | $ 43,460.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 17.20 | $ 17,114.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 70.70 | $ 67,165.00 |
| Harry D. Hochman | Of Counsel 2004; member of CA Bar since 1987 | $ 950.00 | 8.40 | $  7,980.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 85.10 | $ 78,717.50 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 7.50 | $  6,712.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 124.70 | $102,877.50 |
| Gina F. Brandt | Of Counsel 2000; Member of CA Bar since 1976 | $ 825.00 | 4.00 | $ 3,300.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $ 795.00 | 5.50 | $ 4,372.50 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 6.90 | $ 5,485.50 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 9.40 | $ 4,230.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 1.10 | $ 467.50 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 9.90 | $ 4,207.50 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 12.00 | $ 5,100.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.40 | $ 170.00 |
| La Asia Canty | Paralegal 2017 | $ 425.00 | 0.40 | $ 170.00 |

**Grand Total:** $776,257.50
**Total Hours:** 782.80
**Blended Rate:** $991.64

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 65.50 | $ 66,693.50 |
| Bankruptcy Litigation | 318.90 | $323,193.50 |
| Case Administration | 63.90 | $ 54,986.50 |
| Claims Admin./Objections | 31.70 | $ 32,885.50 |
| Compensation of Professional | 1.90 | $ 1,767.50 |
| Compensation of Prof./Others | 0.50 | $ 597.50 |
| Employee Benefit/Pension | 17.90 | $ 19,232.50 |
| Financing | 73.40 | $ 71,582.50 |
| General Creditors Comm. | 80.80 | $ 82,457.00 |
| Hearing | 11.60 | $ 11,727.00 |
| Insurance Coverage | 11.90 | $ 12,306.00 |
| Plan & Disclosure Statement | 44.00 | $ 40,005.50 |
| Retention of Professional | 11.70 | $ 10,333.50 |
| Retention of Prof./Others | 42.00 | $ 41,100.00 |
| Stay litigation | 7.10 | $ 7,389.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[2] | Total Expenses |
|---|---|---|
| Bloomberg | | $1,032.00 |
| Conference Call | CourtCall | $ 567.75 |
| CourtLink | | $ 169.63 |
| Delivery/Courier Service | Advita | $ 30.70 |
| Court Research | Pacer | $1,599.80 |
| Postage | US Mail | $ 591.50 |
| Reproduction Expense | | $ 938.50 |
| Reproduction/Scan Copy | | $ 389.00 |
| Research | Parasec | $ 746.00 |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  May 28, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM MARCH 4, 2020 THROUGH MARCH 31, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from March 4, 2020 through March 31, 2020 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $776,257.50 and actual and necessary expenses in the amount of $6,064.88 for a total allowance of $782,322.38 and payment of $621,006.00 (80% of the allowed fees) and reimbursement of $6,064.88 (100% of the allowed expenses) for a total payment of $627,070.88 for the period March 4, 2020 through March 31, 2020 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending May 31, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.       PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.       With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.       PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.       The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

### Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.     Asset Analysis/Recovery

15.     This category relates to work regarding asset analysis and recovery issues.

During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed a motion

for deadlines for identified property disputes, and performed work regarding an objection to such

motion; (2) reviewed and analyzed financial and donor documents; (3) performed research;

(4) reviewed and analyzed issues regarding statutes of limitation; (5) performed work regarding a

protective order; (6) prepared for and attended a conference call with state court counsel

regarding local council issues; (7) reviewed and analyzed nonprofit sale and disposition issues;

(8) reviewed and analyzed issues regarding claims against third parties; (9) reviewed and

analyzed issues regarding the treatment of co-defendants under a channeling injunction;

(10) reviewed and analyzed trust theories; (11) reviewed and analyzed use restriction issues;

(12) reviewed and analyzed standing issues; (13) reviewed and analyzed bylaws and articles of

incorporation of local councils; and (14) corresponded and conferred regarding asset analysis and

recovery issues.

Fees:  $66,693.50;      Hours:  65.50

### B.    Bankruptcy Litigation

16.    This category relates to work regarding motions and adversary

proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed pending motions and attended to case strategy issues; (2) reviewed

and analyzed channeling injunction issues; (3) reviewed and analyzed secretary of state filings;

(4) reviewed and analyzed hearing transcripts; (5) reviewed and analyzed wage-related motions;

(6) reviewed and analyzed committee enforcement rights in adversary proceedings; (7) reviewed

and analyzed preliminary injunction motion issues; (8) reviewed and analyzed insurance issues;

(9) attended to case deadline issues; (10) performed work regarding a preliminary injunction

order; (11) reviewed and analyzed issues regarding a mediation motion; (12) reviewed and

analyzed First Day Motions regarding potential issues and questions; (13) prepared for and

attended a conference call with the Debtors' attorneys regarding Second Day Motions;

(14) reviewed and analyzed Section 105 issues; (15) performed work regarding information

requests; (16) reviewed and analyzed potential objections to First Day Motions; (17) reviewed

and analyzed proposed language for First Day Orders; (18) reviewed and analyzed comments of

Committee members' counsel regarding the scope of initial document requests and regarding the

preliminary injunction order; (19) reviewed and analyzed common interest privilege issues;

(20) performed work regarding objections to First Day Motions; (21) reviewed and analyzed the

Indentified Property Motion; (22) reviewed and analyzed statutes of limitations and tolling

issues; (23) reviewed and analyzed opposition to the preliminary injunction motion and

performed work regarding revisions to the preliminary injunction order; (24) performed work

regarding a protective order; (25) performed work regarding a confidentiality agreement;

(26) performed work regarding a summary of the Committee's position on First Day Motions;

(27) reviewed and analyzed a tax motion and performed work regarding an objection;

(28) performed work regarding an objection to the shared services motion; (29) reviewed and

analyzed the Debtors' information and data in response to First Day Motion inquiries;

(30) prepared a chart of motion summaries and recommendations for the Committee;

(31) communicated with State Court counsel and the Committee regarding the preliminary

injunction consent order; (32) reviewed and analyzed donor program agreements; (33) reviewed

and analyzed proposed changes to the preliminary injunction order from counsel for the

Unsecured Creditors' Committee and from counsel for the Debtors; (34) reviewed and analyzed removal and remand issues; (35) reviewed and analyzed the wage motion; (36) reviewed and analyzed the donor program motion; (37) reviewed and analyzed pension issues; (38) performed work regarding a stipulation to intervene in adversary proceeding; (39) reviewed and responded to comments of the future claims representative regarding the preliminary injunction order; (40) performed work regarding extending objection deadlines; (41) performed work regarding negotiations with the Debtors and the Unsecured Creditors' Committee regarding the form of First Day Orders; (42) prepared for and attended a status conference on March 19, 2020 regarding matters to be heard on March 24, 2020; (43) performed work regarding a resolution of objections to the preliminary injunction order; (44) reviewed and analyzed the tax order and performed work regarding revisions; (45) prepared for and attended an Omnibus hearing on March 24, 2020; (46) performed work regarding documents needed in preparation for the hearing on the cash collateral, cash management, shared services, property and mediation motions; (47) prepared the Committee's first set of informal document requests; (48) prepared for and attended a conference call with Debtors' counsel regarding mediation, bar date, restricted assets, confidentiality agreement and general case issues; (49) performed work regarding a common interest agreement; (50) reviewed and responded to the Debtors' request to slow down discovery; (51) performed work regarding an objection to the property motion; (52) performed work regarding a list of priority document requests; (53) performed work regarding an objection to the

cash management motion; (54) reviewed and analyzed restricted property issues; and

(55) conferred and corresponded regarding bankruptcy litigation issues.

Fees: $323,193.50;    Hours: 318.90

### C.    Case Administration

17.    This category relates to work regarding administration of these cases.

During the Interim Period, the Firm, among other things:  (1) prepared for and participated in

case management conferences; (2) maintained a memorandum of critical dates; (3) performed

work regarding *pro hac vice* motions; (4) maintained contact lists; (5) maintained a work-in-

progress list; (6) performed work regarding the division of work; (7) performed work regarding a

notice of appearance; (8) performed work regarding a confidentiality motion and related noticing

issues; (9) conferred with counsel for the Unsecured Creditors Committee regarding case

approach and efficiencies; (10) attended to scheduling issues; (11) performed work regarding

communicating with Committee members' counsel; (12) maintained document control;

(13) maintained service lists; (14) reviewed and analyzed issues regarding First and Second Day

Motions; (15) performed work regarding a summary of motions and the status of objections to

such motions; (16) conferred with counsel for the future claims representative regarding motion

status; (17) prepared for and participated in a conference with professionals of the Debtor

regarding organizational, and financial and insurance background issues; and (18) conferred and

corresponded regarding case administration issues.

Fees: $54,986.50;    Hours: 63.90

**D.    Claims Admin/Objections**

18.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed bar date issues; (2) reviewed and analyzed reclamation claim issues; (3) reviewed and analyzed issues regarding a mailing matrix motion and order; (4) reviewed and analyzed issues regarding a confidentiality motion; (5) reviewed and analyzed issues regarding statutes of limitations and tolling; (6) reviewed and analyzed notice issues in connection with abuse claims; (7) reviewed and analyzed issues regarding the retention of an expert in connection with the bar date motion; (8) reviewed and analyzed the Conte declaration and reports; (9) reviewed and analyzed issues regarding proof of claim forms, and performed work regarding a proposed proof of claim form; and (10) corresponded and conferred regarding claim issues.

Fees:  $32,885.50;      Hours:  31.70

**E.    Compensation of Professionals**

19.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, attended to fee examiner issues, and corresponded and conferred regarding fee issues.

Fees:  $1,767.50;      Hours:  1.90

**F.    Compensation of Professionals--Others**

20.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding Omni compensation.

Fees:  $597.50;      Hours:  0.50

### G.    Employee Benefits and Pensions

21.    This category relates to work regarding employee benefits and pension plans, and other employee issues.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed workers' compensation issues; (2) reviewed and analyzed insurance issues; (3) reviewed and analyzed a wage motion and a shared services motion, and prepared information requests to the Debtors regarding such motions; (4) reviewed and analyzed pension issues; (5) reviewed and analyzed the Debtors' responses to wage motion questions; and (6) conferred and corresponded regarding employee issues.

Fees:  $19,232.50;     Hours:  17.90

### H.    Financing

22.    This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed cash management and cash collateral motions; (2) reviewed and analyzed financing issues; (3) prepared for and attended teleconferences with Debtors' counsel and with Unsecured Creditors' Committee professionals regarding financing issues; (4) performed work regarding information requests to the Debtors regarding financing issues; (5) performed work regarding an objection to the cash collateral motion; (6) reviewed and analyzed a proposed final cash collateral order; (7) performed work regarding an objection to the cash management motion; (8) reviewed and analyzed transcripts and pleadings and prepared summaries of cash collateral and cash management motions for the Committee; (9) reviewed and analyzed a proposed second interim cash management order; (10) reviewed and analyzed lien

perfection issues and prepared a memorandum on such issues; (11) reviewed and analyzed loan

documents; (12) reviewed and analyzed proposed revisions to the final cash collateral order, and

reviewed and analyzed issues regarding final cash management and shared services orders;

(13) reviewed and analyzed the BRG analysis of cash management and shared services issues;

(14) reviewed and analyzed Unsecured Creditors' Committee revisions to the cash collateral,

cash management and shared services orders; (15) reviewed and analyzed budget issues;

(16) attended to timing and deadline issues; and (17) corresponded and conferred regarding

financing issues.

Fees:  $71,582.50;      Hours:  73.40

**I.      General Creditors Committee**

23.      This category relates to general creditors committee issues.  During the

Interim Period, the Firm, among other things:  (1) attended to Committee organizational issues;

(2) performed work regarding case strategy issues; (3) performed work regarding a common

interest agreement; (4) reviewed and analyzed preliminary injunction issues, and removal and

remand issues; (5) prepared for and attended teleconferences with State Court Committee

members' counsel and with Committee members; (6) conferred with Committee members

regarding case issues; (7) responded to inquiries from abuse victim claimants, including

Committee members; (8) performed work regarding by-laws; (9) performed work regarding a

Committee information motion; (10) attended to Section 341(a) meeting issues; (11) reviewed

and analyzed insurance issues; (12) reviewed and analyzed first day motions, and tolling

agreement issues; (13) reviewed and analyzed issues regarding Debtors direct communication

with survivors; (14) reviewed and analyzed mediation issues; (15) reviewed and analyzed

restricted property issues; (16) reviewed and analyzed financial issues; (17) attended to notice of

commencement issues; (18) reviewed and analyzed document production, mediation, and

litigation issues; (19) prepared and distributed memorandums to the Committee regarding case

status issues; and (20) corresponded and conferred regarding general creditors committee issues.

Fees:  $82,457.00;     Hours:  80.80

**J.      Hearings**

24.     This category relates to hearing issues.  During the Interim Period, the

Firm, among other things, prepared for and attended a case status conference on March 19, 2020,

prepared for and attended an Omnibus hearing on March 24, 2020, and prepared for and attended

a preliminary injunction hearing on March 30, 2020.

Fees:  $11,727.00;     Hours:  11.60

**K.      Insurance Coverage**

25.     This category relates to insurance coverage issues.  During the Interim

Period, the Firm, among other things:  (1) performed work regarding document requests related

to insurance; (2) reviewed and analyzed insurance and compensation programs and insurance

coverage issues; (3) reviewed and analyzed arbitration issues; (4) performed research;

(5) reviewed and analyzed coverage charts; (6) prepared for and attended a teleconference with

the Debtors' professionals regarding insurance coverage issues; (7) reviewed and analyzed

insurance documents; (8) reviewed and analyzed the Hartford coverage dispute and litigation;

and (9) conferred and corresponded regarding insurance issues.

Fees:  $12,306.00;     Hours:  11.90

**L.      Plan and Disclosure Statement**

26.      This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) attended to channeling injunction issues; (2) reviewed and analyzed a mediation procedures motion, and performed work regarding an objection to such motion; (3) performed research; (4) reviewed and analyzed insurers' objections to the mediation motion; (5) reviewed and analyzed comments of State Court Counsel and Committee members regarding the objection to mediation motion, and reviewed and revised the objection; (6) reviewed and analyzed potential mediator candidates; (7) reviewed and analyzed Plan confirmation issues; (8) reviewed and responded to Unsecured Creditors Committee inquiries regarding mediation issues; (9) performed work regarding preparation of a mediation proposal to the Debtors; and (10) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $40,005.50;      Hours:  44.00

**M.      Retention of Professionals**

27.      This category relates to work regarding the retention of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its retention application and order, reviewed and analyzed potential conflicts issues, and reviewed and responded to comments of the United States Trustee.

Fees:  $10,333.50;      Hours:  11.70

### N.    Retention of Professionals--Others

28.    This category relates to work regarding the retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding selection of a Committee financial advisor; (2) performed work regarding the BRG retention application; (3) performed work regarding *pro hac vice* applications; (4) reviewed and analyzed the Sidley, Morris Nichols, Alvarez Marsal, Bates White, KCIC, Omni, Haynes Boones, James Patton, and Ogletree retention applications and summarized them for the Committee; (5) reviewed and analyzed the Debtors' request for approval of Ordinary Course Professionals procedures; (6) reviewed and analyzed the Debtors' fee application procedures motion; (7) reviewed and analyzed issues regarding employment of a Future Claims Representative; (8) performed work regarding a resolution of objections to the Omni employment application; and (9) conferred and corresponded regarding retention issues.

Fees:  $41,100.00;    Hours:  42.00

### O.    Stay Litigation

29.    This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the National Surety relief from stay motion; (2) reviewed and analyzed the Girl Scouts relief from stay motion; (3) reviewed and analyzed a stipulation in the National Surety matter; and (4) corresponded and conferred regarding stay issues.

Fees:  $7,389.50;    Hours:  7.10

**Valuation of Services**

30.      Attorneys and paraprofessionals of PSZ&J expended a total 782.80 hours

in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 79.00 | $ 94,405.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 139.10 | $159,269.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 0.30 | $      343.50 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 96.10 | $103,307.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 62.70 | $ 67,402.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 42.40 | $ 43,460.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 17.20 | $ 17,114.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 70.70 | $ 67,165.00 |
| Harry D. Hochman | Of Counsel 2004; member of CA Bar since 1987 | $  950.00 | 8.40 | $   7,980.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 85.10 | $ 78,717.50 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $  895.00 | 7.50 | $   6,712.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 124.70 | $102,877.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Gina F. Brandt | Of Counsel 2000; Member of CA Bar since 1976 | $ 825.00 | 4.00 | $ 3,300.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $ 795.00 | 5.50 | $ 4,372.50 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 6.90 | $ 5,485.50 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 9.40 | $ 4,230.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 1.10 | $ 467.50 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 9.90 | $ 4,207.50 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 12.00 | $ 5,100.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.40 | $ 170.00 |
| La Asia Canty | Paralegal 2017 | $ 425.00 | 0.40 | $ 170.00 |

**Grand Total:**  $776,257.50
**Total Hours:**  782.80
**Blended Rate:**  $991.64

31.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $776,257.50.

32.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of March 4, 2020 through March 31, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $776,257.50 and actual and necessary expenses in the amount of $6,064.88 for a total allowance of $782,322.38 and payment of $621,006.00 (80% of the allowed fees) and reimbursement of $6,064.88 (100% of the allowed expenses) be authorized for a total payment of $627,070.88; and for such other and further relief as this Court deems proper.

Dated:  May 14, 2020          PACHULSKI STANG ZIEHL & JONES LLP


      /s/ James E. O'Neill
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038)
Ilan D. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400
Email:   jstang@pszjlaw.com
      rorgel@pszjlaw.com
      joneill@pszjlaw.com
      jlucas@pszjlaw.com
      ischarf@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE          :
                                                 :
COUNTY OF NEW CASTLE   :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)        I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

      /s/ James E. O'Neill
              James E. O'Neill