IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 18, 556, 557, 601, 603, & 610** |

**DEBTORS' MOTION FOR LEAVE TO FILE DEBTORS' OMNIBUS
REPLY IN SUPPORT OF BAR DATE MOTION**

      The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby move this Court (the "Motion for Leave") for leave to file the reply attached hereto as **Exhibit A** (the "Reply") in support of the *Debtors' Motion, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, And 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [Docket No. 18] (the "Bar Date Motion")[2] and the *Supplement to Debtors' Bar Date Motion* [Docket No. 557] (the "Bar Date Supplement" and, together with the Bar Date Motion, the "Bar

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Motion or the Proposed Order, as applicable.

Date Materials")[3] in response to the objections (the "Objections") filed by the Official Committee of Tort Claimants (the "Tort Claimants' Committee") [Docket Nos. 601, 603] and the United States Trustee for the District of Delaware (the "U.S. Trustee") [Docket No. 610]. In further support of the Motion for Leave, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(d) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

3. The Debtors consent to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments.

## BACKGROUND

4. The Bar Date Motion was filed with the Court on February 18, 2020. Initially, the Bar Date Motion was not set for a hearing and had no objection deadline. On May 4, 2020, the Debtors filed the Bar Date Supplement and set a deadline to file any objections to the Bar Date Materials as May 11, 2020, at 4:00 p.m. (ET). The Debtors extended the objection deadline to (i) May 12, 2020, at 4:00 p.m. (ET) for (a) the U.S. Trustee, (b) the Tort Claimants' Committee, and (c)

---

[3] On May 4, 2020, the Debtors supplemented the Bar Date Motion by filing the *Declaration of Shannon R. Wheatman, Ph.D in Support of Procedures for Providing Direct Notice and Supplemental Notice Plan to Provide Notice of Bar Date to Abuse Survivors* [Docket No. 556] (the "Wheatman Declaration"), and the Bar Date Supplement.

2

the Future Claimants' Representative and (ii) to May 13, 2020, at 12:00 p.m. (ET) for (a) the Official Committee of Unsecured Creditors and (b) the Chubb Group of Insurance Companies, The Hartford Companies, Allianz Global Risks US Insurance Company, National Surety Corporation, Liberty Mutual Insurance Company, and the American International Group, Inc. entities (collectively, the "Insurers").

5. On May 11, 2020, the Tort Claimants' Committee filed its objection. On May 12, 2020, the U.S. Trustee filed its objection and the Tort Claimants' Committee filed a supplemental declaration in support of its objection.

6. The hearing for the Court to consider the Bar Date Materials is currently scheduled for May 18, 2020, at 10:00 a.m. (ET) (the "Hearing").

**RELIEF REQUESTED**

7. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit B**, granting them leave to file the Reply.

**BASIS FOR RELIEF REQUESTED**

8. Local Rule 9006-1(d) states, "Reply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

9. The Debtors respectfully submit that cause exists to grant the relief requested by this Motion for Leave. As noted above, the Hearing is scheduled for May 18, 2020, at 10:00 a.m. (ET). Pursuant to Local Rule 9006-1(d), the Debtors had until May 13, 2020, at 4:00 p.m. (ET) to file any replies.

10. This reply deadline closely followed the objections filed by the Tort Claimants' Committee and the U.S. Trustee, both of which were filed after the initial objection deadline of May

3

11, 2020, at 4:00 p.m. (ET), but are deemed to be filed timely as the Debtors agreed to extend both parties' objection deadlines to May 12, 2020, at 12:00 p.m. (ET).

11. Furthermore, in order to file an omnibus reply, the Debtors had to wait until after May 13, 2020, at 4:00 p.m. (ET), so as to account for any potential objections from the Insurers.

12. Although the Debtors could simply present the information set forth in the Reply at the Hearing, the Debtors submit that being able to review the Reply prior to the Hearing will aid the Court in its consideration of the issues that remain with regard to the Bar Date Materials and will allow the Hearing to proceed more efficiently. The Reply will provide the Court with important information, precedent, and legal authority in support of the Bar Date Motion and the documents contained in the Bar Date Supplement, and will address the Objections that the Debtors have received in response thereto.

13. Furthermore, the Reply provides the Court with an opportunity to review the results of the continued negotiations between the Debtors and the Tort Claimants' Committee, as demonstrated in the revisions to the proposed bar date order filed contemporaneously herewith. These negotiations have allowed the parties to narrow the remaining issues for the Bar Date Materials, which is more fully illustrated in the Reply.

14. Accordingly, the Debtors believe that, under the circumstances, there is cause to grant leave to file the Reply.

15. Additionally, no party will be prejudiced by the filing of the Reply as the Reply provides the parties time to review the Debtors' arguments addressing the Objections and thus better prepare to discuss the arguments during the Hearing.

## **NOTICE**

16. A copy of this Motion for Leave has been served upon the parties who were served with the Bar Date Materials and any objectors thereto. In light of the nature of the relief requested in this Motion for Leave, the Debtors respectfully submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the Debtors leave to file the Reply, and such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: May 14, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>aremming@mnat.com<br>emoats@mnat.com<br>ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>mandolina@sidley.com<br>mlinder@sidley.com<br><br>CO-COUNSEL AND PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION |