## Exhibit A

Further Revised Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 17, 161, 164, 166, 316, 388, 617** |

**ORDER (I) APPOINTING MEDIATORS,
(II) REFERRING CERTAIN MATTERS TO MANDATORY
MEDIATION, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and Delaware

BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-

captioned chapter 11  cases (together, the "Debtors"), for entry of an order  (this "Order") directing

the Mediation Parties to participate in mediation (the "Mediation") regarding the Mediation Issues,

as more fully set forth in the Motion [Docket No. 17]; and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order

directing the Mediation Parties (as defined herein) to participate in the Mediation being a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry

of a final order by this Court under Article III of the United States Constitution; and venue of this

proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and appropriate notice of and the opportunity for a hearing on the Motion having been given, and

it appearing that no other or further notice need be provided; and this Court having reviewed the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Paul Finn and Eric Green are appointed as mediators (together, the "Mediators") for the purpose of mediating the comprehensive resolution of issues and claims in BSA's chapter 11 case through a chapter 11 plan (the "Mediation Issues"), which includes all matters that may be the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of plan ballots, a disclosure statement, or confirmation of a chapter 11 plan (the "Direct Plan Actions"). Timothy Gallagher is appointed as a Mediator, only to mediate the insurance issues among the Mediation Parties (as defined below), along with the other two Mediators.

3.      The Debtors are responsible for timely payment of the fees and costs of Paul Finn and Eric Green on the terms and conditions of the attached agreement(s), the amounts of which shall be payable without further application or order from the Court.

4.      Except as otherwise provided herein, the following parties (each a "Mediation Party" and together the "Mediation Parties") are directed to participate in the Mediation: (a) the Debtors; (b) the Ad Hoc Committee of Local Councils; (c) the Future Claimants' Representative; (d) the Official Committee of Tort Claimants, including its members, professionals, and the individual members' professionals; (e) the Official Committee of Unsecured Creditors; and (f) each of the insurers set forth on **Exhibit 1** hereto (the "Insurers,"). Other parties who are necessary to or who wish to participate in the Mediation including, without limitation any additional insurers, shall

2

be included in the Mediation if (i) all of the Mediation Parties agree to include such additional parties in the Mediation; or (ii) the Court orders that such additional parties participate in the Mediation upon further notice and a hearing or at the request of any of the Mediators. Any other party who participates in the Mediation in accordance with the immediately preceding two sentences shall be referred to herein as the "Additional Mediation Parties."

5.      The Insurers who are Mediation Parties are responsible for timely payment of one-half of the fees and costs incurred by Mr. Gallagher. The Debtors are responsible for timely payment of the other half of such fees and costs. All such amounts shall be payable, on the terms and conditions of the attached agreement, without further application or order from the Court.

6.      In their respective roles, the Mediators shall work with the Mediation Parties and/or Additional Mediation Parties on the matters concerning the Mediation, including: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Mediation Parties and/or any Additional Mediation Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.

7.      The provisions of Local Rule 9019-5(d) pertaining to "Confidentiality of Mediation Proceedings" shall govern the Mediation provided, however, that if a Mediation Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning insurance coverage, the parties' right to seek discovery, if any, is preserved.  During the Mediation process, the Mediators also may make applicable or direct the use of such other provisions of Local Rule 9019-5 as they deem necessary or appropriate; provided that concerns arising from COVID-19 shall be taken into account as to the requirements of attendance in person in connection with the Mediation and no such attendance in person shall be required while the Bankruptcy Court is not permitting in-person appearances.

8.      Notwithstanding the foregoing, this Order (a) does not require any Mediation Party or any Additional Mediation Parties to submit a dispute as to any matter to a Mediator (other than a matter that would be the subject of a Direct Plan Action) before filing a pleading with the Bankruptcy Court or any other court of competent jurisdiction, and (b) is without prejudice to any party's objection to the continuance of the preliminary injunction in or other matters with respect to adversary proceeding number 20-50527 (LSS).

9.      All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation, including, without limitation, any rights to: (i) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (ii) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (iii) seek remand of any removed matter; (iv) oppose venue transfer of any removed matter; (v) demand arbitration or a jury trial in any proceeding; and (vi) contest the jurisdiction of the bankruptcy court to enter any order concerning any alleged insurance coverage that is the subject of the Mediation.

10.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion, including executing agreements with Resolutions LLC, Mr. Gallagher, and Commonwealth Mediation on the terms set forth in the forms of agreement attached hereto as **Exhibits 2**, **3** and **4**, respectively, on substantially similar terms, or on terms more favorable to the estates and/or, as applicable, to the Insurers.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
        Wilmington, Delaware

        _____
        THE HON. LAURIE SELBER SILVERSTEIN
        UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

1. The Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America.

2. The Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company.

3. Allianz Global Risks US Insurance Company

4. National Surety Corporation.

5. Liberty Mutual Insurance Company.

6. American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania.

# Exhibit 2

**Resolutions LLC Agreement**

**RESOLUTIONS, LLC MEDIATION AGREEMENT**
**(Insert Case Name)**
**(Insert Date)**

## *PURPOSE*

The purpose of the mediation is to attempt to arrive at a mutually acceptable resolution of the dispute in a cooperative, informal and private, rather than a legal, formal, and public manner.

## *MEDIATION PROCESS*

The Mediator(s) may:

- Review written information submitted by the Parties.

- Have private, confidential conversations with the participants to develop information about the Parties' contentions and objectives.

- Conduct a mediation session with representatives of the Parties and their counsel.

To facilitate a resolution, the Mediator(s) and the Parties and their counsel will work to ensure that each Party appreciates the strengths and weaknesses of each of the Party's factual and legal contentions. Both in the exchange of information and opinions, and in the evaluation of that information, each Party will have the opportunity and responsibility candidly to disclose to the Mediator(s) the facts, theories, and opinions on which it intends to rely with regard to the matters in dispute.

In addition, the mediation process will focus on the interests and objectives of the Parties and possible solutions that the Parties believe would be fair, equitable, and mutually beneficial. Accordingly, each Party will be asked to work with the Mediator(s) in considering and evaluating solutions that would satisfy its own interests and those of the other Party(s).

The mediation session will be attended by representatives of the Parties with full settlement authority and may be attended by counsel. The Parties will follow the recommendation of the Mediator(s) regarding the agenda most likely to resolve the dispute. During the session, the Mediator(s) may have joint and separate meetings with the Parties and their counsel. Private meetings will be confidential vis-à-vis the other Parties. If a Party informs the Mediator(s) that information is conveyed by the Party to the Mediator(s) in confidence, the Mediator(s) will not disclose the information.

(Insert Case Name)
Page 2

At the discretion of the Mediator(s) or upon the request of the Parties, the Mediator(s) will provide an evaluation of the Parties' cases and of the likely resolution of the dispute if not settled. The Parties agree that the Mediator(s) is at all times a neutral intermediary and is not acting as an advocate or attorney or providing legal advice on behalf of any party.

If necessary and if such discussions seem likely to be useful, the Parties and/or their representatives will make themselves available for further discussions or meetings after the mediation session.

## CONFIDENTIALITY

This entire process is a compromise negotiation. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the Parties, their agents, employees, experts and attorneys, and by RESOLUTIONS, LLC employees, who are the Parties' joint agents and Mediator(s) for purposes of these compromise negotiations, are confidential. Such offers, promises, conduct, and statements will not be disclosed to third parties and are privileged and inadmissible for any purpose, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions, including but not limited to the Massachusetts mediation privilege statute, G.L. c. 233,§ 23C. However, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of its use in the mediation.

## DISQUALIFICATION OF MEDIATOR(S) AND EXCLUSION OF LIABILITY

The Parties agree not to call the Mediator(s) or any RESOLUTIONS, LLC employee as a witness or as an expert in any pending or subsequent litigation or arbitration involving the Parties and relating in any way to the dispute which is the subject of the mediation. The Parties and RESOLUTIONS, LLC agree that the Mediator(s) and any RESOLUTIONS, LLC employee will be disqualified as a witness or as an expert in any pending or subsequent proceeding relating to the dispute which is the subject of the mediation. The Parties agree to indemnify and defend the Mediator(s) and RESOLUTIONS, LLC from any subpoenas from outside parties arising out of this Agreement or mediation. The Parties agree that neither RESOLUTIONS, LLC nor any Mediator it provides is a necessary Party in any arbitral or judicial proceedings relating to the mediation or to the subject matter of the mediation. Neither RESOLUTIONS, LLC nor its employees or agents, including the Mediator(s) shall be liable to any Party for any act or omission taken in good faith in connection with any mediation conducted under this Agreement.

(Insert Case Name)
Page 3

### MISCELLANEOUS

   This is a voluntary, non-binding mediation process.  The parties agree to participate in good faith in the entire mediation process, but any Party may terminate its participation for any reason by written notification to RESOLUTIONS, LLC and the other Parties.


   The Parties agree to comply with the schedule in Attachment A to this Agreement. The Parties agree to pay RESOLUTIONS, LLC  as set forth in Attachment B to this Agreement.

   The Parties agree that Massachusetts law shall govern this Agreement.


_____  _____
(Counsel)           (Counsel)
For (Party)          For (Party)


PLEASE REVIEW THIS AGREEMENT, EXECUTE AND DATE IT ON BEHALF OF YOUR CLIENT, AND FORWARD IT VIA EMAIL TO CATHY@RESOLUTIONSLLC.COM.  THE ORIGINAL MEDIATION AGREEMENT SHOULD BE RETURNED VIA MAIL WITH ACCOMPANYING CHECK BY (date).

     ATTENTION: <u>Cathy A. Kern</u>
           <u>Assistant to Eric D. Green</u>

**RESOLUTIONS, LLC MEDIATION AGREEMENT**
**(Insert Case Name)**
**(Date)**
**Attachment A**
**Schedule**

The Parties have agreed to mediate their dispute with the following RESOLUTIONS, LLC Mediator:

      (Mediators)

The Mediation session will be held on (date).

The session will begin at (time) AM on (date) and continue until such time as the Mediator and the Parties agree.

Schedule

| | |
|---|---|
| (date) | Executed Mediation Agreement returned to RESOLUTIONS, LLC with retainer fee by close of business. |
| (date) | Mediation Summaries of no more than twenty-five (25) double-spaced pages exchanged among parties and submitted to RESOLUTIONS, LLC.  Each party's Summary will present its position with respect both to liability and damages. |
| (date) | Mediation session with parties and counsel. |

**RESOLUTIONS, LLC MEDIATION AGREEMENT**
**(Insert Case Name)**
**(date)**
**Attachment B**
**Terms of Engagement**

**Mediators**:  (name)

      (name) shall conduct this mediation based on the terms of engagement set forth herein.

**Fees**:

      (name) fees are based on a combination of a daily rate for mediation sessions and an hourly rate for preparation and follow-up.  The mediation days will be billed at (daily fee) per day.  Preparation and follow-up will be billed at (hourly rate) per hour.

**Additional Fees**:

- *Rescheduling* – (1) No rescheduling fee will be charged if a mediation/arbitration session is rescheduled more than 45 days before the date of the session; (2) a rescheduling fee of 50% of the applicable daily mediation/arbitration fees will be charged if a session is rescheduled within 45 days of the session, unless the day(s) can be rescheduled for another matter, through reasonable efforts.

- *Cancellation* – (1) If a mediation/arbitration session is canceled more than 45 days before a session, prepaid professional fees are fully refundable, except to the extent preparation or other professional time has already been incurred; (2) the parties are charged for incurred preparation time and booked daily mediation/arbitration fees in cases canceled less than 45 days before the session, unless the day(s) can be rescheduled for another matter, through reasonable efforts.

- *Early Completion* – If a mediation/arbitration session is completed in fewer day(s) than reserved, the actual time reserved but not used by the Parties will be billed unless the day(s) can be booked for another matter, through reasonable efforts.

- *Additional Services* – Any additional services provided by the Mediator after the completion of the mediation session will be billed at the Mediator's hourly rate of (rate) or at the appropriate daily rate.

**Expenses:**

- Actual expenses for (name) are billed at cost.  Air travel for (name) is business class/first class depending on availability.

**Billing and Payment**:

All fees are due and payable upon receipt of the pre-payment invoice and must be paid in advance of the mediation date, as indicated in Attachment A.  Follow-up invoices are due upon receipt.

- The parties agree to each pay (%) of the mediation fees and expenses.

- Prepaid fees based on estimated services and expenses through the Mediation session shall be charged as set forth below.  Any additional fees not covered by the prepayment amount will be billed at a later time.  Any portion of the prepaid estimated fees and expenses unused as the result of overestimate of preparation time or expenses will be promptly refunded.

*Interest at the rate of 1% per month will be charged on any unpaid invoice over 30 days past due.*

Estimated Pre-mediation Preparation:                       $

Mediator                     ( ) hours at ( )/hour  $

Mediation Session(s):                       $
                                                               ═══════════

                       Total:                       $

                       Amount per party:                       $

# RESOLUTIONS, LLC Fee Schedule

**Professor Eric D. Green**

Mediations/Arbitrations between two parties which take place in Boston will be billed at the flat fee rate of $12,500 per day; outside of Boston the charge will be $15,000 per day. Mediations/Arbitrations between three parties or more will be billed at the flat rate of $15,000 per day regardless of location.  Mediator services for international Mediations/Arbitrations will be based on a negotiated rate.  Preparation and follow-up time will be billed at the hourly rate of $1500/hour.  Administrative services are included in professional fees for no additional charge.

Long term complex assignments such as Bankruptcy Mediations, Special Master Assignments, and Trustee appointments involving special-purpose entities are subject to individual negotiation and are customarily based on a monthly minimum/daily or hourly rate hybrid.

**Carmin C. Reiss**

Professional fees will be billed at the hourly rate of $800/hour.

**Fouad Kurdi**

Professional fees will be billed at the hourly rate of $675/hour.

**Additional Fees**:

- *Rescheduling* – (1) No rescheduling fee will be charged if a mediation/arbitration session is rescheduled more than 45 days before the date of the session; (2) a rescheduling fee of 50% of the applicable daily mediation/arbitration fees will be charged if a session is rescheduled within 45 days of the session, unless the day(s) can be rescheduled for another matter, through reasonable efforts.

- *Cancellation* – (1) If a mediation/arbitration session is canceled more than 45 days before a session, prepaid professional fees are fully refundable, except to the extent preparation or other professional time has already been incurred; (2) the parties are charged for incurred preparation time and booked daily mediation/arbitration fees in cases canceled less than 45 days before the session, unless the day(s) can be rescheduled for another matter, through reasonable efforts.

- *Early Completion* **–** If a mediation/arbitration session is completed in fewer day(s) than reserved, the actual time reserved but not used by the Parties will be billed unless the day(s) can be booked for another matter, through reasonable efforts.

**Expenses:**

- Actual expenses are billed at cost.  Air travel for Professor Green is business class/first class depending on availability.

**Billing and Payment**:

A prepayment based on estimated fees and expenses is billed and due when the engagement is confirmed as set forth in the Mediation/Arbitration Agreement.  Follow-up invoices are due upon receipt.  Any portion of the prepaid estimated fees and expenses unused as the result of overestimate of preparation time or expenses will be promptly refunded.

## Exhibit 3

**Gallagher Agreement**

## CONFIDENTIAL MEDIATION AGREEMENT

[INSURED] ("Party A") and [INSURER] ("Party B") (Party A and Party B are collectively "Parties" and individually "Party") agree to enter into a process of alternative dispute resolution by engaging in the mediation of those issues set forth in Paragraph 1 below, pursuant to this Confidential Mediation Agreement ("Agreement"). This Agreement sets forth the terms and conditions pertaining to the mediation, costs of the mediation, and the confidentiality of information shared among the Parties and Mediator as part of the mediation process.

1.    **Scope of Mediation**: Party A asserts that it is entitled to insurance coverage under policies issued or allegedly issued to Party B, including comprehensive general liability policies Party B issued or is alleged to have issued to Party B [IDENTIFY POLICIES] (collectively, the "Party B Policies") for certain underlying lawsuits seeking damages from Party A's predecessors and affiliates, and/or certain lawsuits tendered to Party A relating to bodily injury allegedly caused by exposure to asbestos (the "Claims"). Party B disputes that Party A is entitled to coverage under the Party B Policies for the Claims.

2.    **Mediation Process**: The mediation process includes all actions taken by any Party or the Mediator pursuant to this Agreement or in furtherance of settlement negotiations between the Parties, up to and including the termination date of this Agreement, and including, but is not limited to, the mediation scheduled for October 16, 2019.

3.    **Termination**: Any Party may terminate this Agreement by giving notice to the other Party and the Mediator, provided however, that prior to providing notice of termination, the terminating Party shall contact the Mediator at least five (5) business days prior to any written notice of termination to discuss the reasons for termination. Termination of this Agreement shall be effective on the date that all Parties and the Mediator have received written notice of termination. Section 5 – Payment of the Mediator and Section 7 – Confidentiality shall survive termination of this Agreement.

4.    **Mediator**: The Parties agree that Timothy Gallagher shall serve as the Mediator. The services provided by the Mediator pursuant to this Agreement do not create any attorney-client relationship between the Mediator and any Party. The Mediator shall provide invoices to the Parties monthly setting forth in reasonable detail the time and costs incurred for purposes of the mediation during that month. The Mediator shall be compensated by the Parties as follows:

(a)    Mr. Gallagher's fees for mediation and facilitation services shall be $950 per hour.

(b)    Mediation fees do not include the time required to travel to individual meetings or joint sessions unless actual mediation and facilitation services are being performed during such travel.

(c)    Mr. Gallagher's necessary travel expenses, including airfare, lodging and subsistence, shall be reimbursed at actual cost as supported by a receipt.

5.    **Payment of the Mediator**:

(a)     Each Party shall pay 50% of the Mediator's fees, costs and expenses, which shall be invoiced by Mr. Gallagher to each Party separately.

(b)     The Mediator, at his discretion, will invoice a Party separately for services performed that are specific to that Party.

(c)     The Parties and the Mediator shall make best efforts to keep the cost of mediation process fair and reasonable.

(d)     Each Party shall be independently responsible for its own expenses associated with the mediation process, including but not limited to, its respective share of the fees, costs and expenses for the Mediator, its own attorneys' fees, and any travel expenses.

6.     **The Role of the Mediator**: In mediation, the Mediator shall act as a third-party neutral in a process in which the Parties, with the assistance of the Mediator, collaboratively and collectively seek to (l) identify issues; (2) develop potential alternatives and approaches to resolve those issues; (3) resolve those issues; and (4) achieve an appropriate resolution of matters in dispute. The Mediator shall assist the Parties to identify and communicate the interests underlying their dispute and help the Parties to develop their collaborative efforts into an overall settlement agreement. The Mediator shall have no liability for any act or omission in connection with the mediation process.

7.     **Confidentiality**: To promote communication among the mediation participants and the Mediator, and to facilitate good faith negotiations, the Parties, including their representatives and agents, agree as follows:

(a)     All statements made, information disclosed, and documents prepared in connection with the mediation process are confidential, are made without prejudice to any Party's legal or factual positions, are non-discoverable by any person from the Mediator, from the Party who prepared them, or from any Party or other person who obtained them in connection with or as a result of the mediation process, and shall be treated as compromise negotiations under Rule 408 of the Federal Rules of Evidence or any comparable provision of applicable state law, and shall be inadmissible for any purpose in any judicial, arbitral or other proceeding other than to the extent necessary to enforce the terms of this Agreement. The confidential character of any statement, information or document is not altered by disclosure to the Mediator. Without limiting the foregoing, all information provided by a Party to another Party or to the Mediator when marked or otherwise designated in writing as being subject to this Agreement or for purposes of the mediation process (e.g., "For Settlement Purposes" or "For Mediation Purposes") is for settlement purposes only and shall be governed by this Agreement. For the avoidance of doubt, information that is publicly available or non-confidential information that was known to a Party prior to the effective date of this Agreement shall not be rendered confidential, inadmissible or non-discoverable solely because of its disclosure or use in this mediation process.

(b)     Except as otherwise provided for in this Agreement, the Parties shall not disclose to any person not the Mediator or a Party to this Agreement any information regarding the substance of the mediation process, including this Agreement, or the Parties' positions, negotiations, proposals, or settlement offers.

(c)     The Mediator will not be compelled to disclose or testify in any proceeding about (i) any records, reports or other documents received or prepared by the Mediator, or (ii) information disclosed or statements made before, during or after the mediation process, regardless of whether in the presence of all Parties or in any separate caucus or conference.

(d)     Since the participants are disclosing information generally in reliance upon an expectation and right of privacy and specifically in reliance on the confidentiality provisions of this Agreement, it is expressly acknowledged and agreed that any breach or attempted breach of these terms would cause irreparable injury for which monetary and other legal damages would be inadequate.    Accordingly, any Party to this Agreement may obtain an injunction to prevent disclosure of any information in violation of this Agreement.

(e)     Any Party breaching the confidentiality provisions of this Agreement shall be liable for and indemnify the non-breaching Party and the Mediator for all costs, expenses, liabilities, and fees, including attorney's fees, which may be incurred as a result of such breach.

(f)     Nothing in this Agreement is intended to limit the Parties' prior or future agreements as it relates to the confidentiality of information and documents exchanged or communications made between the Parties, including settlement negotiations that have occurred or may occur outside of the mediation process.

8.    **Agreement of the Parties**:

(a)     No Party or counsel for that Party shall be bound by anything said or done during the mediation process unless and until a written settlement is reached, executed, and approved by the Parties to this Agreement, including counsel.

(b)     The Parties make no admission of fact or law, responsibility, fault, or liability by entering into and participating in the mediation process, by entering into this Agreement, or by submitting any draft or final settlement agreement for approval.

(c)     In the event that the Parties fail to reach an agreement prior to termination of this Agreement, either Party may request that the Mediator provide the Parties with a brief oral report detailing the positions of each of the Parties, the Mediator's understanding of the remaining issues, and the Mediator's perceived impediments to achieving agreement.

9.    **Miscellaneous**:

(a)     This Agreement shall become final and effective once all Parties, including the Mediator, have executed the Agreement.

(b)     The descriptive headings of this Agreement are included for convenience only and shall not affect the interpretation of any provision herein.

(c)     The provisions of this Agreement shall apply to and be binding upon each Party hereto, its officers, agents, employees, successors and assigns, and any person acting on its behalf.

(d)     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one instrument.

(e)     The Mediator and each of the undersigned representatives of the Parties to the mediation process attests that each representative is authorized to execute and bind that Party to this Agreement.  By signature below, the Mediator and each representative acknowledges that they have read, understand and agree to this Agreement.

FOR THE MEDIATOR:


_____        _____, 2019
Timothy V.P. Gallagher, Esq.Date
1875 Century Park East, Suite 1550
Los Angeles, CA 90067-2728
(310) 203-2600 telephone
(310) 203-2610 fax

[PARTY A]:

By: _____          _____, 2019
Name                                             Date

[PARTY B]:

By: _____          _____, 2019
Name                                                        Date

## Exhibit 4

**Commonwealth Mediation Agreement**



**COMMONWEALTH MEDIATION & CONCILIATION, INC.**
**FEE SCHEDULE**
**FOR**
**PAUL A. FINN**

The Mediation fee for complex claims shall be billed at the rate of $1,500.00 per hour plus all expenses such as travel expenses.  The above quoted hourly rate is for all time mediating with a party or parties in person; all preparation time; and all follow up time. There is no charge for administrative costs, which costs are included in the above quoted fee.

The fee for complex claims is subject to a minimum monthly rate.  Any additional hours above the agreed upon minimum hours during a particular month shall be billed at the rate of $1,500.00 per hour.



**AGREEMENT TO SUBMIT TO MEDIATION**

**CMCI FILE NO.:**

**Plaintiff:**
**Defendant:**

**Insurer:**

**Date of Incident:**

1. The undersigned hereby agree to submit the above-captioned claim to non-binding mediation
2. The undersigned further agree that this claim shall be submitted to **Commonwealth Mediation and Conciliation, Inc. (CMCI)** for non-binding mediation in accordance with Massachusetts General Laws, Chapter 233, s. 23C* and CMCI's Mediation Rules, which rules are incorporated by reference herein.
3. All fees and expenses shall be in accordance with the fee schedule provided by CMCI.

**Plaintiff**                                    **Defendant**

**Plaintiff's Attorney**                          **Defendant's Attorney**

**DATE:**

*\*Please note that Massachusetts Law only applies to claims mediated in Massachusetts. All other claims will reference the mediation statute in the State in which the mediation takes place.*

# Rules for Mediation

Commonwealth Mediation and Conciliation, Inc. (CMCI) has rules for both mediation and arbitration. It is the duty of the parties to be familiar with the rules prior to the commencement of any hearing before a CMCI neutral.

## 1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation of existing or future disputes under the auspices of Commonwealth Mediation and Conciliation, Inc. (CMCI) or under these rules, they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement.

## 2. Initiation of Mediation

Any part of parties to a dispute may initiate mediation by filing with CMCI a written request for mediation pursuant to these rules, together with the appropriate administration fee contained in the Fee Schedule. Where there is no submission to mediation or contract providing for mediation, a party may request CMCI to join in a submission to mediation. Upon receipt of such a request CMCI will contact the other parties involved in the dispute and attempt to obtain a submission to mediation.

## 3. Request for Mediation

A request for mediation shall be in a Case Outline, provided by CMCI, which contains a brief statement of the nature of the dispute and the names, addresses and telephone numbers of all parties to the dispute and those that will represent them, if any, in the mediation.

## 4. Appointment of Mediator

Upon receipt of a request for mediation, CMCI will appoint a qualified mediator to serve. Normally, a single mediator will be appointed unless the parties agree otherwise or CMCI determines otherwise. If the agreement of the parties names a mediator or specifies a method of appointing a mediator, that designation of method shall be followed.

## 5. Qualifications of Mediator

Any mediator appointed shall be a member of CMCI's Mediation Panel, with expertise in the area of the dispute and knowledgeable in the mediation process. No person shall serve as a mediator in any dispute in which that person has any financial or person interest in the result of the mediation, except by written consent of all parties. Prior to accepting an appointment, the prospective mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. Upon receipt of such information, CMCI shall either replace the mediator or immediately communicate the information to the parties for their comments. In the event that the parties disagree as to whether the

mediator shall serve, CMCI will appoint another mediator. CMCI is authorized to appoint another mediator if the appointed mediator is unable to serve promptly.

## 6. Vacancies

If any mediator shall become unwilling or unable to serve, CMCI will appoint another mediator, unless the parties agree otherwise.

## 7. Representation

Any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to CMCI.

## 8. Date, Time and Place of Mediation

CMCI shall fix the date and time of each mediation session. The mediation session shall be held at CMCI, or at any other convenient location agreeable to the mediator and the parties, as CMCI shall determine.

## 9. Identification of Matters in Dispute

At least ten days prior to the first scheduled mediation session, each party shall provide the mediator with a brief memorandum setting forth its position with regard to the issues that need to be resolved. At the discretion of the mediator, such memoranda may be mutually exchanged by the parties. At the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

## 10. Authority of Mediator

The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. The mediator is authorized to conduct joint and separate meetings with the parties and to make oral and written recommendations for settlement. Whenever necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expense of obtaining such advice. Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine. The mediator is authorized to end the mediation whenever, in the judgment of the mediator further efforts at the mediation would not contribute to a resolution of the dispute between the parties.

## 11. Privacy Mediation sessions are private.

The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## 12. Confidentiality

Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports, or other documents received by a mediator while serving in such capacity shall be confidential. The mediator shall not be compelled to divulge such records or testify in regard to the mediation in any adversary proceeding or judicial forum. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding: a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; b) admissions made by another party in the course of the mediation proceedings; c) proposals made or views expressed by the mediator; or d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## 13. No Stenographic Record

There shall be no stenographic record of mediation process.

## 14. Termination of Mediation

The mediation shall be terminated: a) by the execution of a settlement agreement by the parties; b) by written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or c) by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

## 15. Exclusion of Liability

Neither CMCI nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither CMCI nor any mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

## 16. Interpretation and Application of Rules

The mediator shall interpret and apply these rules insofar as they relate to the mediator's duties and responsibilities. All other rules shall be interpreted and applied by CMCI.

## 17. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including required traveling and other expenses of the mediator and representatives of CMCI, and the expense of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

© 2010 Commonwealth Mediation and Conciliation, Inc