## APPENDIX A

**Blackline of Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Related Docket No. 17, 161, 164, 166,<br>and 316** |

**ORDER (I) APPOINTING MEDIATORS,
(II) REFERRING CERTAIN MATTERS TO MANDATORY
MEDIATION, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Boy Scouts of America (the "BSA") and

Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the

above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order")

directing the Mediation Parties to participate in mediation (the "Mediation") regarding the

Mediation Issues, as more fully set forth in the Motion [Docket No. 17]; and the Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware, dated February 29,

2012; and entry of this Order directing the Mediation Parties (as defined herein) to participate in the

Mediation being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors'

consent to entry of a final order by this Court under Article III of the United States Constitution;

and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    ~~1.~~    The Motion is GRANTED as set forth herein.

2.    ~~2.~~    ~~Paul Finn and Eric Green~~[INTENTIONALLY LEFT BLANK] are appointed as mediators (together, with Timothy Gallagher, the "Mediators") for the ~~purpose of mediating the comprehensive resolution of issues and claims in BSA's chapter 11 case through a chapter 11 plan (the "~~Mediation Issues~~"), which includes~~. The Mediation Issues include all matters that may be the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of plan ballots, a disclosure statement, or confirmation of a chapter 11 plan (the "Direct Plan Actions")~~. Timothy Gallagher is appointed as a Mediator, only to mediate the insurance issues among the Mediation Parties and any Additional Mediation Parties (each as defined below), along with the other two Mediators.~~, as well as all other matters related to the comprehensive resolution of claims relating to historical acts of abuse in the BSA's Scouting programs through a chapter 11 plan of reorganization.

3.    ~~3.~~    The Debtors are responsible for timely payment of the fees and costs of ~~Paul Finn and Eric Green~~[the Mediators identified in Paragraph 2] on the terms and conditions of the attached agreement(s), the amounts of which shall be payable without further application or order

from the Court.

4.    ~~4.~~    Except as otherwise provided herein, the following parties (each a "Mediation Party" and together the "Mediation Parties") are directed to participate in the Mediation: (a) the Debtors; (b) the Ad Hoc Committee of Local Councils; (c) the Future Claimants' Representative; (d) the Official Committee of Tort Claimants, including its members, professionals, and the individual members' professionals; (e) the Official Committee of Unsecured Creditors; and (f) each of the insurers set forth on Exhibit 1 hereto (the "Insurers,"). Other parties who are necessary to or who wish to participate in the Mediation including, without limitation any additional insurers, shall be included in the Mediation if (i) all of the Mediation Parties agree to include such additional parties in the Mediation; or (ii) the Court orders that such additional parties participate in the Mediation upon further notice and a hearing or at the request of any of the Mediators. Any other party who participates in the Mediation in accordance with the immediately preceding two sentences shall be referred to herein as the "Additional Mediation Parties."

5.    ~~5.~~    The Gallagher Law Group (Timothy Gallagher) is appointed as a Mediator to address insurance issues during the Mediation. The Insurers who are Mediation Parties are responsible for timely payment of one-half of the fees and costs incurred by Mr. Gallagher. The Debtors are responsible for timely payment of the other half of such fees and costs. All such amounts shall be payable, on the terms and conditions of the attached agreement, without further application or order from the Court.

6.    ~~6.~~    ~~In their respective roles, the~~The Mediators, including Mr. Gallagher, shall work with the Mediation Parties and/or Additional Mediation Parties on ~~the~~all matters concerning the Mediation, including: (a) the structure and timing of Mediation ~~procedures,~~sessions, including, without limitation, the attendance of specific Mediation Parties and/or any Additional Mediation Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any

submissions to the Mediators. The Mediators shall have the authority to determine participation in Mediation sessions, but the Mediation Parties, including the Insurers, shall be given full opportunity to participate in mediation of all Mediation Issues. Any formal or informal global settlement offers, demands or responses thereto, either to or from the Debtors, shall be shared with the Insurers.

7.    Prior to the commencement of the mediation, Debtors shall make available to the Insurers all documents and other materials that Debtors have provided to the TCC or the FCR (or their pre-petition predecessors) whether pre- or post-petition.  The Debtors shall not as part of the Mediation or otherwise provide the TCC and/or FCR or their counsel with any materials created or used in the defense and resolution of abuse claims that may be subject to an attorney-client privilege, attorney work product privilege, common interest privilege or other rule of privilege or confidentiality, unless Debtors first share those materials with the Insurers and the Insurers consent to the disclosure of those materials.

8.    ~~7.~~    The provisions of Local Rule 9019-5(d) pertaining to "Confidentiality of Mediation Proceedings" shall govern the Mediation provided, however, that if a Mediation Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning insurance coverage, the parties' right to seek discovery, if any, is preserved. During the Mediation process, the Mediators also may make applicable or direct the use of such other provisions of Local Rule 9019-5 as they deem necessary or appropriate; provided that concerns arising from COVID-19 shall be taken into account as to the requirements of attendance in person in connection with the Mediation and no such attendance in person shall be required while the Bankruptcy Court is not permitting in-person appearances.

9.    ~~8.~~    Notwithstanding the foregoing, this Order (a) does not require any Mediation Party or any Additional Mediation Parties to submit a dispute as to any matter to a Mediator (other than a matter that would be the subject of a Direct Plan Action) before filing a pleading with the

4

Bankruptcy Court or any other court of competent jurisdiction, and (b) is without prejudice to any party's objection to the continuance of the preliminary injunction in or other matters with respect to adversary proceeding number 20-50527 (LSS).

10. ~~9.~~  All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation, including, without limitation, any rights to: (i) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (ii) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (iii) seek remand of any removed matter; (iv) oppose venue transfer of any removed matter; (v) demand arbitration or a jury trial in any proceeding; and (vi) contest the jurisdiction of the bankruptcy court to enter any order concerning any alleged insurance coverage that is the subject of the Mediation.

11. ~~10.~~  The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion, including executing agreements with Resolutions LLC, Mr. Gallagher, and Commonwealth Mediation on the terms set forth in the attached forms of agreement, on substantially similar terms, or on terms more favorable to the estates and/or, as applicable, to the Insurers.

12. ~~11.~~  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020          _____
          *Wilmington, Delaware*
                                    *UNITED STATES BANKRUPTCY JUDGE*

**Exhibit 1**

1. ~~1.~~ The Chubb Group of Insurance Companies, including but not limited to

Insurance Company of North America.

2. ~~2.~~ The Hartford Companies, including but not limited to Hartford Accident and

Indemnity Company and First State Insurance Company.

3. ~~3.~~ Allianz Global Risks US Insurance Company

4. ~~4.~~ National Surety Corporation.

5. ~~5.~~ Liberty Mutual Insurance Company.

~~6.    American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania~~

| Summary report: | |
|---|---|
| **Litera® Change-Pro for Word 10.9.0.460 Document comparison done on 5/14/2020 7:41:00 PM** | |
| **Style name:** OMM Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Debtors 5-13 proposed mediation order.docx | |
| **Modified filename:** BSA Mediation Order 4_27 (004) VERSION TWO .DOCX | |
| **Changes:** | |
| Add | 35 |
| Delete | 26 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 63 |