# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>            Debtors. | Chapter 11<br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

### DECLARATION OF JANINE PANCHOK-BERRY IN SUPPORT OF CENTURY'S SUPPLEMENTAL BRIEF IN SUPPORT OF CENTURY'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPOINTING A JUDICIAL MEDIATOR, (II) REFERRING CERTAIN MATTERS TO MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF

I, Janine Panchok-Berry, pursuant to 28 U.S.C. § 1746(2), under penalty of perjury, hereby declare as follows:

1. I am an associate at the firm O'Melveny & Myers LLP, Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company. I submit this declaration based on my personal knowledge of the proceedings in *In re Boy Scouts of America and Delaware BSA, LCC*, and review of the documents listed below.

2. Attached as Exhibit 1 is a true and correct copy of a May 8, 2020 letter from Tancred Schiavoni to Michael C. Andolina and Adrian C. Azer.

1

I declare under pain and penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: May 15, 2020                                  Respectfully Submitted,

                                                     By: */s/ Janine Panchok-Berry*

                                                     JANINE PANCHOK-BERRY

# EXHIBIT 1



O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:
0705810-00073

May 8, 2020

**Tancred Schiavoni**
D: +1 212 326 2267
tschiavoni@omm.com

<u>**VIA EMAIL AND U.S. MAIL**</u>

Michael C. Andolina, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

Adrian C. Azer, Esq.
Haynes and Boone, LLP
800 17th Street, NW, Suite 500
Washington, D.C. 20006

**Re:**     *In Re Boy Scouts*

Dear Michael and Adrian:

We are writing to follow up on the comments that we joined the other insurers in sending you to the proposed mediation order. The Boy Scouts' counsel excluded our clients and the other insurers from the process by which Eric Green and Paul Finn were selected and all exchanges of drafts of a proposed order with the other parties-in-interest. The form of the proposed order that you presented us with was circulated to, and apparently agreed upon in principle with, other parties without our client's participation.

In any event, we have given you comments. I am writing to ask where you are on four essential points.

First, we provided you with our clients' comment that any mediation order should contain a provision that makes clear that privileged information should not be given to the tort claimants or otherwise disclosed under the guise of the mediation order. We obviously cannot be in the position of a mediation order being used as a vehicle through which privilege is compromised and the defense undermined. It is also very much in the Boy Scouts' interest that any order says this so that if something is mistakenly turned over, the Boy Scouts have a basis to recall it. We provided you with text on this point to be included in the proposed order.

Second, we provided you with our clients' comment that the mediation order should include a provision ensuring that the insurers are provided with copies of all the documents that the Boy Scouts have provided to date pre or post-petition to the tort claimants, bondholders and others. For any mediation to have any prospect of success, it is essential that we have the same information that the Boy Scouts have provided to the tort claimants, bondholders and others. This is also a prerequisite for basic fairness. We provided you with text on this point to be included in the proposed order.

Third, we provided you with our clients' comment about a good faith finding based on what happens in a mediation for which you seek confidentiality.


Michael C. Andolina, Esq. and Adrian C. Azer, Esq.
May 8, 2020



The provisions we proposed that address these issues are not included in your draft order but should be.  Please let us know whether the Debtors will include this text and, if not, why.  In particular, we seek an explanation for why the Debtors will not include a provision that bars privileged information that could compromise the defense from being revealed.

With respect to the names of the mediators you put in the order without consultation with any of the insurers, we ask that you provide us with the disclosures that Eric Green and Paul Finn made to the Boy Scouts and any other information that the Boy Scouts collected on them.  You did not give us anything that either Mr. Green or Mr. Flinn has provided to the Boy Scouts about their connections to other parties-in-interest in the case.

While we are approaching your proposal for a mediation with an open mind, I am sure that you understand our concern about an order that cloaks the plan process in secrecy especially without affirmative disclosure about who proposed Messrs. Green and Flinn and their connections to other parties-in-interest.

Sincerely,


  /s/ Tancred Schiavoni
Tancred Schiavoni
of O'MELVENY & MYERS LLP


OMM_US:77875301.1

2