# EXHIBIT 7

# Boelter Exhibit 2



October 17, 2019

**Christopher A. Wadley**
Tel: 312.244.6717
cwadley@walkerwilcox.com

**VIA EMAIL**
ernest.martin@haynesboone.com

Ernest Martin, Jr.
Haynes and Boone, LLP
2323 Victory Ave. Ste. 700
Dallas, TX 75219-7672

Re:  Boy Scouts of America

Dear Ernest:

As Boy Scouts of America (BSA) knows, the insurance policies that Chubb issued to BSA over the years prohibit BSA from settling claims or voluntarily incurring any other liabilities without Chubb's express consent.[1] The policies also require BSA to cooperate with Chubb in the investigation, defense, and settlement of claims. Consequently, Chubb reserves the right to disclaim coverage for any settlement or other liability voluntarily incurred by BSA without Chubb's consent. Chubb likewise reserves the right to disclaim coverage if BSA fails to cooperate with Chubb in the investigation, defense, or settlement of any claim.

While BSA is undoubtedly aware of these provisions, Chubb must reiterate them in light of the meeting that occurred on Monday, October 14, 2019. At the meeting, BSA disclosed that it has engaged in significant discussions with the claimants' attorneys regarding the settlement of current claims as part of a bankruptcy, made promises to the claimants' attorneys about the manner in which negotiations would proceed, had an expert present information to the claimants' attorneys about BSA's finances, and provided information to the claimants' attorneys about BSA's insurance. BSA also disclosed that it has retained ▬▬▬▬ to serve as mediator and scheduled a mediation that will involve over one thousand claims for November 4 and 5, 2019, giving Chubb only three weeks to

---

[1] "Chubb" refers to all companies who operate under the Chubb name with respect to the various liability insurance policies issued to BSA, including, but not limited to, Century Indemnity Company, as successor to Insurance Company of North America (INA).

FOUNDERS:   William P. Bila    Robert P. Conlon    Edward P. Gibbons    Celeste M. King    Gary L. Lockwood    Paul F. Matousek    David E. Walker    Mark D. Wilcox

One North Franklin Street, Suite 3200      walkerwilcox.com      1001 McKinney Street, Suite 2000
Chicago, IL 60606                                                Houston, TX 77002
312.244.6700                                                     713.654.8001

Ernest Martin
October 17, 2019
Page 2

prepare. Last, BSA disclosed that it has also engaged in discussions with a potential future claims representative.

BSA engaged in those discussions, conveyed information, created expectations, selected a mediator, and scheduled a mediation without informing Chubb or soliciting Chubb's participation. Chubb believes that BSA's conduct in that regard may prove prejudicial to Chubb with respect to the ultimate resolution of current and future claims. Consistent with the policies' provisions, BSA should have invited Chubb to participate meaningfully in BSA's settlement discussions and mediation decisions, insofar as BSA intends to seek coverage from Chubb for any settlements that are reached. Chubb must therefore respectfully reserve the right to disclaim coverage to the extent BSA's conduct to date prejudices Chubb.

During the meeting on October 14, 2019, BSA also shared its plan to settle all current sex-abuse claims based on a draft "matrix protocol" in a mediation with ▇▇▇▇ BSA provided the matrix to Chubb the preceding Friday, October 11, 2019. Chubb conveyed its objection to the values in the matrix protocol and asked that they not be provided to the claimants' attorneys as an opening offer. The values are high considering the administrative ease, expedited payment, and relaxed proof required of the claimants under the matrix protocol. Chubb also asked for information to assess the matrix protocol and looks forward to receiving it.

That said, Chubb remains committed to working with BSA in good faith to resolve claims consistent with the insurance coverage afforded to BSA under the policies. Accordingly, Chubb respectfully asks that, going forward, BSA cooperate with Chubb in the handling of claims, notify Chubb in advance of any settlement discussions that may occur, and include Chubb on a real-time basis in any settlement communications that do occur, including discussions pertaining to the selection of mediators and claims representatives. Moreover, BSA should not enter into any settlement, voluntarily incur any liability, or otherwise agree to any terms without Chubb's prior express consent. Otherwise, BSA risks breaching the policies' terms and forfeiting any coverage that might otherwise be available.

With respect to the settlement communications that have already occurred, please provide Chubb with copies of all communications that BSA or its representatives have exchanged with the claimants' attorneys, ▇▇▇▇ or prospective representatives for future claimants. Chubb also requests that BSA provide it with the same presentation that BSA's expert gave to the claimants' attorneys regarding BSA's finances.

Ernest Martin
October 17, 2019
Page 3

    As always, please feel free to contact me if you would like to discuss the matter further. Thank you.

                                                         WALKER WILCOX MATOUSEK LLP

                                                         Christopher A. Wadley