# EXHIBIT 8

> Massachusetts Federal Court Rules
>   United States Bankruptcy Court for the District of Massachusetts
>     Appendices
>       Appendix 7. Mediation

Local Bankruptcy App. 7
Currentness

This Court encourages alternative dispute resolution whenever feasible. In furtherance of that goal, the Clerk of this Court will maintain a list of those persons who have advised the Clerk that they are available to serve as mediators in disputes that arise in bankruptcy cases in contested matters or adversary proceedings and have qualified for inclusion (the "Mediation List").[15]

The Mediation List itself shall include only the names of individuals and not the organizations to which they might belong.[16] Unless otherwise qualified by the Court, in order to qualify for inclusion in the Mediation List, the applicant (hereafter the "Mediator") shall represent to the Clerk in writing that:

**(a) The Mediator (i) is qualified as a mediator, as defined by** Mass. Gen. Laws ch. 233, § 23C**; and (ii) shall accept no mediation assignment unless the Mediator has knowledge and experience in the subject matter in dispute and in relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and the Local Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"); and (iii) shall accept no mediation assignment which would represent a conflict of interest for the Mediator of any kind;**

**(b) The Mediator shall be available to accept no less than three (3) mediations on a pro bono basis**[17] **in any calendar year, commencing on the date on which the Mediator has been included on the Mediation List. Notwithstanding this requirement, a Mediator may qualify for inclusion on the Mediation List in the event that fewer than three pro bono mediation assignments are offered to the Mediator during the said calendar year; and**

**(c) The Mediator shall accept no assignment relative to disputes in bankruptcy cases absent a written agreement between the proposed Mediator and the mediation participants (the "Party"; "Parties"), which agreement shall (i) disclose the compensation agreement between the Parties and the Mediator and (ii) contain terms substantially as follows:**

(1) In the event that one of the Parties is an estate representative, the estate representative shall seek leave from the Court, in advance, to submit the dispute to mediation and to retain and compensate the Mediator pursuant to the provisions of 11 U.S.C. §§ 327, 328 and Fed. R. Bankr. P. 2014 and MLBR 2014-1; and the Mediator submits to the jurisdiction of the Court and agrees that his/her compensation shall be determined on proper application, pursuant to Fed. R. Bankr. P. 2016 and MLBR 2016-1; provided, however, that while the Mediator's application shall set forth the hours spent on the mediation, it shall not divulge the content of the mediation.

(2) The Mediator and the Parties are prohibited from divulging outside of the mediation, any oral or written information disclosed by the Parties or by witnesses in the course of the mediation. No person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, evidence pertaining to any aspect of the mediation effort, whether occurring before, during or subsequent to the mediation session, including but not limited to: (a) views expressed or suggestions made by a Party with respect to a possible settlement of the dispute; (b) the fact that another Party had or had not indicated willingness to accept

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.                                    1

a proposal for settlement made by the Mediator; (c) proposals made or views expressed by the Mediator; (d) statements or admissions made by a Party in the course of the mediation; (e) documents prepared for the purpose of, in the course of, or pursuant to the mediation; (f) statements or actions which may otherwise constitute a waiver of a legally protected privilege; and (g) documents prepared subsequent to the mediation which refer to any of the foregoing. In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediation or other alternative dispute resolution procedure shall apply. Parties and their counsel may disclose information obtained at the mediation session to members of their respective organizations who shall also be bound by the confidentiality provisions of this agreement. Information otherwise discoverable or admissible in evidence, however, does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in or relating to a mediation session. These provisions shall not preclude a Party, its counsel or the Mediator from responding in confidence to appropriately conducted inquiries or surveys concerning the use of mediation generally.

(3) The disclosure by a Party of privileged information to the Mediator shall not waive or otherwise adversely affect the privileged nature of the information.

(4) The Mediator shall not be compelled to disclose to the Court or to any person outside the mediation conference any of the records, reports, summaries, notes, communication, or other documents received or made by a Mediator while serving in such capacity. The Mediator shall not testify or be compelled to testify in regard to the mediation in connection with any arbitral, judicial, or other proceeding. The Mediator shall not be a necessary party in any proceedings relating to the mediation. Aside from proof of actual fraud or unethical conduct, there shall be no liability on the part of, and no cause of action shall arise against, any person who serves as a Mediator hereunder on account of any act or omission in the course and scope of such person's duties as a Mediator.

(5) Prior to entering upon the mediation, the Parties shall notify the Court that they have submitted a matter to mediation and shall seek any necessary or appropriate orders of continuance. Following the mediation, the Mediator will notify the Court if the matter has been settled, and the parties shall then file the appropriate motions for approval of the settlement as may be required or appropriate under the Bankruptcy Code or Federal or Local Rules. In the event that settlement has not been reached and further mediation is believed to be unwarranted, the Mediator shall so notify the Court. [18] No other information concerning the mediation may be given to the Court by the Mediator or any Party.

(6) No subpoena, summons, citation, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

**Credits**
[Dated: November 3, 2009. Amended effective November 2, 2010; March 8, 2012; August 1, 2016.]

Footnotes

- 15　　Inclusion in the Court's Mediation List shall not expressly or impliedly represent any finding by the Court that the person listed is qualified by education or experience to mediate any particular dispute. In addition, notwithstanding the provisions of Massachusetts Local Bankruptcy Rule 7016-1, the Court may order the parties to mediation in an appropriate case, and should the parties be unable to agree upon the selection of a mediator, the Court shall appoint a mediator from the Mediation List. However, the parties may select a mediator of their choosing whether or not the mediator is on the Mediation List.
- 16　　On request of an individual on the Mediation List, the Clerk shall also maintain a copy of that person's professional biography of not more than three (3) pages.

17      If the Mediator concludes that the mediation should be conducted on a pro bono basis on account of the financial need of any party, the Mediator shall not accept compensation from any other party to the mediation.

18      See MLBR Official Local Form 16 entitled Report of Mediation, to be used by Mediators for the applicable notification to the Court.

U. S. Bankr. Ct. Rules D.Mass., App. 7, MA R USBCT App. 7

Local federal district and bankruptcy court rules and ECF documents are current with amendments received through January 1, 2020. All other local federal district and bankruptcy court materials are current with amendments received through January 1, 2020.

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.