# EXHIBIT 9

> Louisiana Federal Court Rules
>   United States Bankruptcy Court for the Western District of Louisiana
>     Voluntary Mediation Program and Procedural Requirements

U.S.Bankr.Ct.Rules W.D.La., Voluntary Mediation

Currentness

ORDER

The Western District of Louisiana having been selected by the Federal Judicial Center for a consultation to discuss the design and implementation of a district-wide Alternative Dispute Resolution program for the bankruptcy court, a consultation was conducted on March 12, 2004, in the United States Bankruptcy Court for the Western District of Louisiana. In attendance, in addition to the consultants, were all of the bankruptcy judges for the Western District of Louisiana, the Clerk of the Bankruptcy Court and his office, representatives of the debtor and creditor bar, the United States Trustee and the Standing Chapter 13 Trustee for the Shreveport Division. An ADR Consultation Report was issued by the Federal Judicial Center dated may 18, 2004.

Considering the discussion at the district-wide meeting, the ADR Consultation Report, and the Court being mindful that mediation offers an opportunity for parties to resolve legal disputes with less cost and time and to the satisfaction of the parties, and the Court finding that it is appropriate to establish a voluntary mediation program to be available to litigants and counsel as an alternative method of resolving disputes, the Court further finding that such a mediation program should be voluntary, court-annexed, with mediators appointed and cases assigned by the Court and the process court directed, the following Voluntary Mediation Program is hereby adopted effective as of the date March 31, 2005.

**1. Assignment to Mediation Program.** Any Adversary Proceeding or contested matter may be assigned by the Court to the Mediation Program. In any Mediation in which a bankruptcy estate is a party, compliance with 11 U.S.C. § 327 is required.

Assignment of a matter to the Mediation program is voluntary and must be requested by all parties to the matter. The Order of Referral to Mediation shall state whether the parties agree to continue with discovery or suspend discovery during the mediation process. The presiding judge shall determine, after consultation with the parties, whether discovery or other pre-trial proceedings should be stayed.

**2. Mediation Register and Appointment of Administrator and Assistant Administrator.** The Clerk of the United States Bankruptcy Court of the Western District of Louisiana shall establish and maintain a register of persons qualifying as Mediators ("Register"). The list shall be available on the website. The following person is designated as Administrator of the Mediation Program ("Administrator").

William P. Gates, Deputy in Charge [*]
Mediation Program Administrator
United States Bankruptcy Court
300 Jackson Street, Suite 116
Alexandria, LA 71301

The Administrator shall (1) design and implement case tracking systems to monitor matters assigned to the mediation process, (2) periodically request feedback from participants in the program, (3) prepare such statistical reports as may be required by the Court, (4) send such notices of hearings and conferences to counsel and litigants as the Court may require, although the Court may delegate such noticing requirements to the mediator or counsel for any party, and (5) review and respond to all

correspondence and inquiries concerning the mediation program, the Register of Persons qualifying as Mediators, and any matters assigned to the program.

**3. Application and Qualification for Mediation Register:** To qualify for listing on the Register, a person must (A) apply to the Administrator and (B) meet the following minimum qualifications:

(i) The applicant must have been licensed under the laws of Louisiana for at least four years as a recognized professional, such as attorney at law, accountant, real estate broker, appraiser, or engineer;

(ii) The applicant must be an active member in good standing, or if retired, have been a member in good standing at time of retirement, of any applicable professional organization;

(iii) The applicant shall not be or have been:

(a) suspended, disbarred or had the person's professional license revoked, nor have pending any proceeding to suspend or revoke such license;

(b) resigned from any bar or other applicable professional organization while an investigation into allegations of misconduct which would warrant suspension, disbarment or professional license revocation was pending; or

(c) convicted of a felony.

(iv) The applicant shall furnish with the application a certificate of either:

(a) Completion of mediation training course qualifying for at least 12 hours of Louisiana State Bar continuing legal education credit; or

(b) Qualification as a mediator under another state or federal court-annexed mediation program.

(c) An applicant shall be approved, upon recommendation by the Administrator, by Order of the Court

**4. Disqualification or Removal of a Mediator.** Any person selected as a mediator may be disqualified for bias or prejudice as provided in 28 U.S.C. § 144 or if not disinterested under 11 U.S.C. § 101. Any party selected as a mediator shall be disqualified in any matter where 28 U.S.C. § 455 would require disqualification if that person were a justice, judge or magistrate.

A person shall be removed from the Register either at the person's request or by court order. If removed from the register by court order, the person shall not be returned to the Register absent a court order obtained upon motion to the Chief Judge and affidavit sufficiently explaining the circumstances of such removal and reasons justifying the return of the person to the Register.

**5. Appointment of the Mediator**

(A) The parties will choose a mediator and an alternate from the Mediation Register. If the parties cannot agree upon a mediator, then the court shall appoint a mediator and alternate mediator.

(B) If a mediator appointed under the preceding provision is unable to serve, the mediator shall file, within (7) days after receipt of the notice of appointment, a notice of inability to accept appointment and immediately serve a copy upon the appointed alternate mediator. The alternate mediator shall become the mediator for the matter if such person fails to serve a notice of inability to accept appointment within (7) days after filing of the original mediator's notice of inability. If neither can serve, the Court will appoint another mediator and alternate mediator.

**6. Compensation of Mediators**

(A) If at least one party demonstrates financial need, mediation is available on a pro bono basis. Generally, the standard for establishing financial need is the same as required for obtaining authorization under 28 U.S.C. § 1915 for proceeding in forma pauperis. If one party is permitted to proceed on a pro bono basis, the mediation will be on a pro bono basis. This does not preclude the other party or parties to the mediation agreeing to compensate the mediator.

(B) If no party is able to demonstrate such a need, then the parties and the mediator need to agree on appropriate compensation for the mediator. If the bankruptcy estate is a party, the party representing the estate is responsible to obtain the necessary authority required by 11 U.S.C. § 327, FRBP 2014 and LBR 2016-1D.

(C) The parties shall share the charges of the mediator equally, unless otherwise agreed by the parties.

**7. The Mediation Process**

(A) In order to initiate the mediation process, the parties shall jointly file for Motion for referral to mediation in accordance with the Sample Form (B) attached hereto and shall submit a Consent Order of Referral for Mediation in accordance with the Sample Form (C)

(B) The scheduling and location of mediation shall be established by the mediator, but the initial conference shall be set no later than 45 days following entry for the referral. The mediator may conduct a preliminary conference telephonically. It is imperative that the individual parties attend and participate fully in the mediation sessions. If at the expiration of (90) days from the date the Order of Referral for Mediation was entered, there has been either no Mediation Report or Request for Extension of Time for Filing Mediation Report filed, the Court may sua sponte order a status conference by scheduled in accordance with LBR 9029-1(F).

(C) All communications, written or oral, made in connection with the mediation are confidential and shall not be disclosed to anyone without the specific authority of the parties involved. All documents submitted for the mediation conference with either be returned to the submitting party or destroyed by the mediator upon conclusion of the mediation. Neither the confidential mediation conference statements nor communications of any kind may be used by any party with regard to any aspect of subsequent litigation or trial concerning the issues involved in the mediation.

(D) Following completion or termination of the mediation process, the mediator shall file a report in accordance with the Sample Form (D) attached hereto, which report shall state the outcome of the mediation. The parties shall submit and file the appropriate motions in accordance with the mediator's report. Any settlement requiring court authorization is to be noticed in accordance with FRBP 9019. If an objection to the discharge is the subject of mediation, notice shall be given in accordance with FRBP 7041.

**8. Sample forms provided**

(A) Application for Appointment to Bankruptcy Mediation Panel of the United States Bankruptcy Court for the Western District of Louisiana

(B) Request for Assignment to Mediation Program and Assignment of Mediator and Alternate Mediator

(C) Order of Referral for Mediation

(D) Mediation Report

DONE AND SIGNED at Shreveport, Louisiana, this 4th day of March, 2005.

SAMPLE FORMS

### (A) Application for Appointment to Bankruptcy Mediation Panel of the United States Bankruptcy Court for the Western District of Louisiana

United States Bankruptcy Court
Western District of Louisiana

Before the Court comes, _____, seeking appointment to the Bankruptcy Mediation Panel of the United States Bankruptcy Court for the Western District of Louisiana, and certifying that the undersigned is:

(i) a [state specific recognized profession], licensed under the laws of Louisiana for the past _____ years,

(ii) an active member in good standing [or if retired, have been a member in good standing at time of retirement] of any [applicable professional organization,] and

(iii) that the undersigned has never been:

(a) suspended, disbarred or had the aforementioned license revoked, nor have pending any proceeding to suspend or revoke such license,

(b) resigned from any bar or other applicable professional organization while an investigation into allegations of misconduct which would warrant suspension, disbarment or professional license revocation was pending, or

(c) convicted of a felony.

Attached to this application is a certificate exhibiting the undersigned's completion of a mediation training course in accordance with Section 3(B)(iv) of the Standing Order regarding Voluntary Mediation in the Western District of Louisiana.

Applicant signature

[Bar roll or other license number]

### (B) Request for Assignment to Mediation Program and Assignment of Mediator and Alternate Mediator

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
_____ DIVISION

**[CAPTION]**

**Motion for Order of Referral to Mediation**

Now before the Court come the following parties, [parties], who have agreed and so move the Court to Refer the above-captioned adversary proceeding [or specific disputed matter within the above-captioned case] for Mediation in accordance with the Standing Order regarding Voluntary Mediation effective _____ in the Western District of Louisiana, and so submit

an Order of Referral to Mediation in conformance with the selections made for mediator and alternate mediator, and further reflecting the parties' decision to suspend [or continue] discovery during the mediation process.

The parties have agreed upon the following Mediator and Alternate _____ [or, The parties are unable to agree upon a Mediator or Alternate, and requests the court make the appointment of same]

**[Signed by counsel for all parties]**

**(C) Order of Referral for Mediation**

UNITED STATES BANKRUPTCY COURT<br>WESTERN DISTRICT OF LOUISIANA<br>_____ DIVISION

**[CAPTION]**

**ORDER OF REFERRAL FOR MEDIATION**

After conferring with counsel for the parties, who represent that all parties are amenable to mediation, in accordance with the Standing Order regarding Voluntary Mediation effective _____ in the Western District of Louisiana, and that the parties have agreed upon the selection of a Mediator and Alternate in accordance with the provisions of the Standing Order Regarding Voluntary Mediation,

Accordingly,

**IT IS ORDERED**, pursuant to the provisions of 11 U.S.C. § 105(a), the Court appoints _____, as Mediator, and _____, as Alternate Mediator.

**IT IS FURTHER ORDERED**

   (1) The mediation will take place at such time and place as fixed by the mediator after consultation with the parties.

   (2) Unless otherwise directed by the Mediator, not less than seven calendar days before the scheduled mediation conference, each party shall submit directly to the Mediator and serve upon opposing counsel, a Mediation Statement, not to exceed three pages, outlining the key facts and legal issues in the matter being mediated. The Mediation Statement shall not be filed with the Court and the Court shall not have access to them in the case file.

   (3) It is suggested the mediation Statement include information the party considers useful, including, but not limited to

      (A) Names of persons, in addition to counsel, who will attend the Mediation,

      (B) Describe briefly the substance of the dispute,

      (C) Set forth the history of the case, including past settlement discussions, and disclosure of prior and any presently outstanding offers or demands,

      (D) Estimate the cost and time to be expended for further discovery, pre-trial motions, expert witnesses and trial.

   (4) The following persons must attend the Mediation Conference in person:

    (A) Each party that is a natural person,

    (B) The attorney who has primary responsibility for each party's case

(5) A person required to attend the Mediation may be excused from appearing if all parties and the Mediator agree that the person need not attend. The Court for cause may excuse a person's attendance.

(6) The Mediator is requested to report to the Court any willful failure to attend any Mediation Conference or any other material violation of this Order. Any such report of the Mediator shall comply with the confidentiality requirements hereinafter set forth.

(7) The Mediator and the participants in mediation are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the parties or witnesses during the course of the mediation. No person my rely on or introduce as evidence in any arbitral, judicial, or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to:

    (A) views expressed or suggestions made by a party with respect to possible settlement of the dispute,

    (B) the fact that another party had or had not indicated a willingness to accept an offer of settlement made by the Mediator.

    (C) Proposals made or views expressed by the Mediator,

    (D) Statements or admissions made by a party in the course of the mediation,

    (E) Documents prepared for the purpose of, in the course of, or pursuant to the Mediation.

Additionally, without liming the foregoing, Rule 408 of the Federal Rules of Evidence, and any other applicable federal or state statutes, or judicial precedent relating to the privileged nature of settlement discussions, mediation, or other alternative dispute resolution procedure shall apply. Information otherwise discoverable or admissible in evidence, however, does not become exempt from discovery, or inadmissible in evidence, merely by its use by a party in mediation.

(8) The Mediator may not be compelled to disclose to the Court or to any person outside the Mediation Conference, any of the records, reports, summaries, notes, communications, or other documents received or made by the Mediator while serving in such capacity. The mediator may not testify nor be compelled to testify in regard to the mediation in connection with any arbitral, judicial, or other proceeding. The Mediator shall not be a necessary party in any proceeding related to the mediation. Nothing contained herein, however, shall prevent the Mediator from reporting the status, but no the substance, of the mediation effort to the Court in writing, from filing a final report, or from complying with any other requirements contained herein.

(9) The disclosure by any party of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of the information.

(10) The Mediator is not required to prepare written comments or recommendations to the parties. The Mediator may present a written settlement recommendation memorandum to attorneys, but not to the Court.

(11) If a settlement is reached at a mediation, a party designated by the Mediator shall submit a fully executed stipulation and proposed order to the Court within ten calendar days after the mediation, or such time as may be directed by the Mediator. If the party fails to prepare the stipulation and order, the Court may impose appropriate sanctions.

(12) Promptly after the Mediation Conference, the Mediator is required to file a brief report with the Court, showing compliance or noncompliance with the Mediation Conference requirements of this Order, and whether or not a settlement has been reached. Regardless of the outcome of the Mediation Conference, the Mediator shall not provide the Court with any details of the substance of the conference.

(13) Upon the filing of a Mediator's report pursuant to paragraph 12, the mediation will be deemed terminated.

**THUS DONE AND SIGNED** in Chambers, at _____, Louisiana, this ____ day of _____, 200__.

Bankruptcy Judge

### (D) Mediation Report

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
_____ DIVISION

**[CAPTION]**

**MEDIATOR'S REPORT**

The undersigned mediator (or alternate) hereby reports that pursuant to an Order of Appointment by this Court to serve as mediator in the above entitled matter pursuant to the Standing Order Regarding Voluntary Mediation Program, that a mediation did occur and that the outcome of the mediation was as follows:

[ ] The parties reached a resolution of their differences and a term sheet was prepared by the mediator and signed by all parties,

[ ] The Motion raising the issue will be withdrawn, or

[ ] The Adversary Proceeding will be dismissed,

[ ] A stipulated order will be presented to the Court, or an appropriate motion for authority to settle shall be filed in accordance with the term sheet,

[ ] The parties were unable to reach a voluntary resolution and the matter is returned to the court for action as it deems appropriate.

Dated _____

Mediator

**Credits**
[Effective March 31, 2005.]

Footnotes
\*    [**Publisher's Note:** *See* Amended Order, dated January 31, 2013, In re: Voluntary Mediation Program, *post*.]

U.S.Bankr.Ct.Rules W.D.La., Voluntary Mediation, LA R USBCTWD Voluntary Mediation

Local federal district and bankruptcy court rules and ECF documents are current with amendments received through March 17, 2020. All other local federal district and bankruptcy court materials are current with amendments received through May 1, 2019.

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.