# EXHIBIT 10

Washington Federal Rules of Court
   United States Bankruptcy Court for the Eastern District of Washington
      Local Rules

LBR 9019-2

Rule 9019-2. Alternative Dispute Resolution

Currentness

**(a) Requirement in Adversary Proceedings.** The parties in adversary proceedings shall consider alternative dispute resolution and be prepared to discuss it at the time of the first scheduling conference.

**(b) Stay.** Mediation shall not alter or affect any time limits, deadlines, scheduling matters or orders in any adversary proceeding, contested matter or other proceeding, unless specifically ordered by the court.

**(c) Mediation Panel.**

(1) The judges of the district shall establish and maintain a register of qualified attorneys who have volunteered to serve, without compensation, as mediators in civil cases. Under appropriate circumstances, it may be necessary for the parties to provide payment at usual and customary rates as determined by the court, for the services of an attorney designated under this rule. Appointment of a mediator is made from a panel of mediators maintained by the court. A list of members appointed to the panel as well as a biographical sketch of each is available on the court's website. The selection of a particular mediator, and an alternate, is based on the preference of the parties.

(2) Applications for appointment to the Mediation Panel shall be submitted on the prescribed local form (ADR Form 1).

(3) Panel mediators shall serve on the panel until they request to be removed or are removed by the court.

(4) No mediator may serve in any matter in violation of the standards set forth in 28 U.S.C. § 455. An attorney mediator shall also promptly determine all conflicts or potential conflicts in the same manner as an attorney would under the Washington Rules of Professional Conduct if any party to the dispute were a client. A non-attorney mediator shall promptly determine all conflicts or potential conflicts in the same manner as under the applicable rules pertaining to the mediator's profession. If the mediator's firm has represented one or more of the parties, the mediator shall promptly disclose that circumstance to all parties in writing. A party who believes that the mediator has a conflict of interest shall promptly bring the matter to the attention of the mediator. If the mediator does not withdraw from the mediation, the matter shall be brought to the attention of the court by the mediator or any of the parties.

(5) Nothing herein shall preclude parties from using a judge or other non-panel mediator with subject matter expertise.

(6) The presiding judge may refer matters for mediation to a magistrate judge, a district judge, or a bankruptcy judge designated by the presiding judge in his or her sole discretion. Matters referred shall be governed by the directives in the assigned judge's scheduling order or standing order regarding mediation.

**(d) Dispute Resolution Procedures.**

(1) The parties, or the court, shall prepare for entry an order appointing mediator (ADR Form 2).

(2) *Participation and Preparation by Counsel.* The attorney who is primarily responsible for each party's case shall personally attend the mediation conference and any adjourned sessions of that conference. The attorney for each party shall come prepared to discuss the following matters in detail and in good faith:

   a. All liability issues;

   b. All damages issues; and

   c. The position of his/her client relative to settlement.

(3) *In Person Attendance.* Attendance by a party and its representative with full settlement authority at the mediation is mandatory, unless the mediator permits otherwise.

(4) *Failure to Attend.* Willful failure to attend the mediation conference, unless excused by the mediator, shall be reported to the presiding judge by the mediator and may result in the imposition of sanctions.

(5) When appropriate, the mediator may offer an evaluation of the case and/or recommend a settlement.

**(e) Confidentiality.**

(1) *Written and Oral Communications.* All written and oral communications made in connection with or during any mediation conference shall be subject to all the protections afforded by Fed. R. Evid. 408 and by Fed. R. Bankr. P. 7068. The mediator may ask the parties to sign a confidentiality agreement. Any confidentiality agreement shall be retained by the mediator and not filed with the court.

(2) *Evaluations and Written Agreements.* No provision of this rule shall be construed to prevent parties, counsel or mediators from responding in absolute confidentiality to inquiries or surveys by persons authorized by this court to evaluate the mediation. Nor shall anything in this section be construed to prohibit the parties from entering into written agreements resolving some or all of the matters or entering or filing procedural or factual stipulations based on suggestions or agreements made in connection with a mediation conference.

**(f) Civil Immunity of Mediators.** All persons serving as mediators under this rule shall be deemed to be performing quasi-judicial functions and shall be entitled to all of the privileges, immunities and protections that the applicable law accords to persons serving in such capacity.

**(g) Parties Retain Option to Pursue Settlement.** Nothing in this rule shall prohibit parties from pursuing settlement by any other means not contrary to statute or court rule.

**Credits**

[Effective August 1, 2013. Amended effective August 1, 2017.]

**Editors' Notes**

**RELATED PROVISIONS**

18 USC 4--Misprision of Felony

18 USC 3057--Bankruptcy Investigations

28 USC 651--Authorization of Alternative Dispute Resolution

U. S. Bankr. Ct. Rules E.D.Wash., Rule LBR 9019-2, WA R USBCTED LBR 9019-2

Local federal district and bankruptcy court rules and ECF documents are current with amendments received through March 19, 2020. All other local federal district and bankruptcy court materials are current with amendments received through August 1, 2019.

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.