# EXHIBIT 11



TAKATA AIRBAG INJURY TRUST
TRUSTEE

English | Español

# TAKATA AIRBAG TORT COMPENSATION TRUST FUND
*www.TakataAirbagInjuryTrust.com*

## *About the Trustee & FCR*



**Professor Eric D. Green is the Trustee of the Takata Airbag Tort Compensation Trust Fund**

Professor Green is one of the founding pioneers of Alternative Dispute Resolution (ADR) in the United States and around the world. He is co-founder of two prominent ADR/Mediation firms, Endispute (now part of JAMS) and Resolutions, LLC in Boston. Professor Green graduated from Harvard Law School in 1972 and was awarded the Knox Memorial Traveling Fellowship, which took him to Cambridge University, Cambridge, England, for further legal studies. After returning to the United States, Professor Green was a Law Clerk for Justice Benjamin Kaplan, Massachusetts Supreme Judicial Court. After clerking, he became an associate and then a partner with the law firm Munger, Tolles & Olson and then an Attorney Advisor to the Regional Director of the Federal Trade Commission.

Professor Green formerly served on the faculty of Boston University School of Law for over thirty years and taught the course in Evidence at Harvard Law School as a Lecturer in Law. Professor Green has served as a private and court-appointed mediator and special master in hundreds of cases, including the Enron securities class action, and Visa/MasterCard and Microsoft anti-trust cases. Professor Green was instrumental in assisting in the establishment of the Center for Public Resources (CPR) in New York, the Center for Effective Dispute Resolution (CEDR) in London and the mediation program in Hong Kong. He has been involved in training mediators and in advising on the development of mediation programs for the courts, CPR, CEDR, the Hong Kong Arbitration Authority and elsewhere. Professor Green has also been centrally involved with the International Institute for Conflict Prevention & Resolution's mission of developing and implementing ADR Technology for corporate disputes since the Institute's founding in 1979.

⌃ Expand for More Information ⌃

Professor Green has been the recipient of numerous awards for his work as a mediator. In particular, Professor Green was recently named by The International "Who's Who Legal" in Commercial Mediation as the leading US-based mediator and was awarded the Lifetime Achievement Award from the American College of Civil Trial Mediators. Professor Green was also recognized with the James F. Henry Award by the International Institute for Conflict Prevention & Resolution for his outstanding contributions to the field of ADR.

Professor Green is a prolific writer of books and articles. He has co-authored leading law school textbooks on Evidence and Dispute Resolution, and numerous articles in each of these fields. From 1977 until his retirement from teaching, he taught negotiation, mediation, complex ADR processes, resolution of mass torts, evidence and constitutional law at Boston University School of Law and as a visiting Lecturer in Law at Harvard Law School, and designed and led numerous training programs on these subjects.

In addition to the foregoing, Professor Green serves as the legal representative for future claimants for the following trusts: the Federal-Mogul Asbestos Personal Injury Trust; the Babcock & Wilcox Company Asbestos PI Trust; the DII Industries, LLC Asbestos PI Trust; the DII Industries, LLC Silica PI Trust; the Fuller-Austin Asbestos Settlement Trust; the Met-Coil Systems Corporation TCE PI Trust; and the Bondex Asbestos Personal Injury Trust. Professor Green has also served as the Special Master in many mass tort cases including asbestos, ephedra, and dialysate litigation.



**Roger Frankel is the Future Claimants' Representative to the Takata Airbag Tort Compensation Trust Fund ("TATCTF")**

The Future Claimants' Representative to the TATCTF, commonly referred to as the FCR, is Roger Frankel. Mr. Frankel was appointed by the Bankruptcy Court effective in July 2017 to serve as the FCR during the bankruptcy proceedings of TK Holdings, Inc. and the other affiliates of Takata Corporation in bankruptcy proceedings in the United States (collectively referred to as the "Debtors"), where he actively represented the interests of future claimants[1] in negotiations with the Debtors, the auto manufacturers and other parties in the bankruptcy proceedings concerning the establishment and funding of the TATCTF and related matters. Mr. Frankel was appointed by the Bankruptcy Court in February 2018 to serve as FCR to the TATCTF in connection with the Bankruptcy Court's confirmation of the Debtors' Plan of Reorganization. For more information about Mr. Frankel's expertise, click here.

Under the Trust Agreement, the FCR serves in a fiduciary capacity representing the interests of the holders of Personal Injury and Wrongful Death Claims that will be asserted against the TATCTF in the future based upon injuries arising after June 25, 2017, the date the bankruptcy petitions were filed. The Trustee is required to consult with the FCR on certain matters concerning the administration of the TATCTF, so that the FCR has input into the decision-making process with the interests of future claimants in mind. The Trustee is also required to seek the consent of the FCR for certain decisions, including those decisions which impact the amount of funds available to pay future claimants, such as

⌃ Expand for More Information ⌃

the determination of the Point Value under the Trust Distribution Procedures ("TDP") for claims against Takata (referred to in the Claim Forms as "Trust Claims" and referred to in the TDP as "TD Claims").

The Trust Agreement and the TDP also provide that the FCR has certain specific roles in connection with the TATCTF's claims review process. With respect to Trust Claims, section 5.4 of the TDP establishes the FCR Supplemental Review Process as follows:

- If a Claimant appeals the Trustee's determination with respect to a Trust Claim, the claim file is submitted to the FCR for supplemental review.

- If the Claimant appeals the Trustee's denial of compensability of a claim, the FCR reconsiders the claim under the criteria set out in the TDP, and if he determines in his discretion that the claim is compensable, the claim is returned to the Trustee for valuation.

- If the Claimant appeals a valuation determination by the Trustee, the FCR reviews the claim valuation in accordance with the criteria set out in the TDP. If the FCR determines after reviewing a claim that the points awarded to the claimant by the Trustee should be supplemented, the FCR may in his discretion adjust the points awarded by the Trustee upward in an amount not to exceed a 150 percent increase in the number of points awarded by the Trustee.

Section 6 of the TDP addresses claims submitted with respect to a vehicle manufactured or sold by an auto manufacturer who has elected to participate in the TATCTF (referred to as a Participating Original Equipment Manufacturer, Participating OEM or "POEM").[2] The TDP provides for detailed compensability and valuation criteria, and options for a Claimant to appeal the Trustee's determination with respect to his or her claim against a Participating OEM (referred to in the Claim Forms as a "POEM Claim") to a single reviewer or in some cases, a review panel consisting of three reviewers. If the Claimant rejects the determination of the reviewer or review panel, as applicable, then the Claimant may elect to seek relief in the tort system under TDP Section 6.4. Section 6.3(d) of the TDP provides for a mandatory conference with the FCR prior to the Claimant pursuing relief in the tort system. If a Claimant elects to seek relief in the tort system, then the Trustee will provide the claim file to the FCR for his review, and the FCR will conduct the claims review conference with the Claimant and/or his or her counsel, if any, prior to any litigation.

Parties with questions may reach the FCR by email at FCR@takataairbaginjurytrust.com.

---

[1] The Bankruptcy Court's Order appointing the FCR provided that neither the FCR nor his law firm could represent, nor could they be deemed to represent, any individual future claimant in connection with such person's claims against the Takata debtors or any other party.

⌃ Expand for More Information ⌃

⌃    **Expand for More Information**    ⌃