# EXHIBIT 16

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., et al.,[1] | Case No. 10-11780 (JKF) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: October 8, 2010 at 4:00 p.m. (ET)**<br>**Hearing Date: October 18, 2010 at 11:00 a.m. (ET)** |

## APPLICATION FOR ORDER AUTHORIZING THE PROPOSED FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS HIS ATTORNEYS *NUNC PRO TUNC* TO SEPTEMBER 8, 2010

Eric D. Green (the "Future Claimants' Representative"), as the proposed legal representative for Future Claimants (defined herein below) in the above-captioned cases, in support of his application (the "Application") for an order pursuant to sections 105(a), 327, 524(g) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Future Claimants' Representative to retain and employ Young Conaway Stargatt & Taylor, LLP ("YCS&T" or the "Firm") as his attorneys, *nunc pro tunc* to September 8, 2010, respectfully represents:

### JURISDICTION

1.      On May 31, 2010 (the "Petition Date"), Specialty Products Holding Corp. and Bondex International, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On June 2, 2010, the Court entered an Order Directing the Joint Administration of the Debtors' Chapter 11 Cases. (Doc. No. 31).

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857) and Bondex International, Inc. (4125). The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

2. The Debtors continue to manage and operate their businesses and properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

3. The Official Committee of Asbestos Personal Injury Claimants was appointed on June 10, 2010 [Doc. No. 75].

4. This Court has jurisdiction over the instant Motion pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a), 327, 524(g) and 1103 of the Bankruptcy Code.

6. On September 10, 2010, the Debtors submitted to this Court an application for entry of an order appointing Eric D. Green as the Future Claimants' Representative in this case.

## RELIEF REQUESTED

7. Subject to the Court's issuance of an order approving his appointment *nunc pro tunc* to September 8, 2010, the Future Claimants' Representative respectfully requests the entry of an order authorizing him to employ as his attorneys and to retain the law firm of YCS&T *nunc pro tunc* to September 8, 2010.

## APPLICABLE AUTHORITY

8. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying

2

out the trustee's duties under this title.

11 U.S.C. § 327(a).

9.      Section 1103(a) of the Bankruptcy Code provides, in relevant part, as follows:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

10.     Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee.  The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee.  The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

11.     In other chapter 11 cases, legal representatives for future claimants have been authorized to retain counsel to assist them in performing their duties in the bankruptcy proceedings.  See, e.g., In re Johns-Manville Corporation, Ch. 11 Case No. 82-B-11656 (BRL) (Bankr. S.D.N.Y. August 14, 1984); In re Keene Corporation, Ch. 11 Case No. 93-B-46090 (SMB) (Bankr. S.D.N.Y. 1994); In re The Babcock & Wilcox Company, Ch. 11 Case No. 00-

3

10092 (Bankr. E.D. La. 2000); In re Pittsburgh Corning Corporation, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); In re USG Corporation, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del. 2001); In re ACandS, Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re Kaiser Aluminum Corporation, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re North American Refractories Co., Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Global Industrial Technologies, Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re Met-Coil Systems, Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003); In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re The Flintkote Company, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004).  As disclosed below and in the accompanying Declaration of Edwin J. Harron, YCS&T is counsel to the legal representative in certain of these cases, among others.

12.    YCS&T is a general practice, litigation-oriented firm which maintains a national, regional and local practice in the areas of corporate, bankruptcy, commercial, real estate, personal injury, employment and environmental law.  YCS&T's Bankruptcy and Corporate Restructuring section has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Moreover, YCS&T has substantial experience in bankruptcy cases affecting the rights of mass-tort asbestos claimants:

(a)    YCS&T represented the legal representative for future claimants in the following asbestos bankruptcy cases that reached confirmation: In re The Celotex Corporation, Ch. 11 Case Nos. 90-100016-8B1 and 90-100017-8B1 (Bankr. M.D. Fla.); In re Armstrong World Industries, Inc., Ch. 11

4

Case No. 00-4471 (Bankr. D. Del. 2000); In re The Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); In re Owens Corning, Ch. 11 Case No. 00-3837 (Bankr. D. Del. 2000); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001) (currently on appeal to the Third Circuit Court of Appeals); In re USG Corporation, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del 2001); In re ACandS Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re Global Industries Technologies, Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002) (currently on appeal to the Third Circuit Court of Appeals); In re Kaiser Aluminum Corporation, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re North American Refractories Company, Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Porter-Hayden Company, Ch. 11 Case No. 02-54152-SD (Bankr. D. Md.); and In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003).  In addition, YCS&T represented the legal representative for future claimants exposed to tetrochloroethylene in In re Met-Coil Systems Corporation, Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

(b)     YCS&T currently represents the legal representative for future claimants in the pending bankruptcy cases of In re Pittsburgh Corning Corporation, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000), In re The Flintkote Company, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004), In re Durabla Manufacturing Company, Ch. 11 Case No. 09-14415

5

(MFW) (Bankr. D. Del. 2009), and In re Leslie Controls, Inc., Ch. 11 Case
No. 10-12199 (CSS) (Bankr. D. Del. 2010).

(c)    YCS&T represents the legal representative for future claimants in
connection with asbestos personal injury settlement trusts established from
the ACandS, Babcock & Wilcox, Celotex, Federal-Mogul, Kaiser, and
Porter-Hayden bankruptcy cases.  In addition, YCS&T represents the legal
representative for future claimants in connection with asbestos and silica
settlement trusts established from the Mid-Valley (DII Industries, LLC)
and In re Swan Transportation Company, Ch. 11 Case No. 01-11690
(JKF) (Bankr. D. Del. 2001) bankruptcy cases.  YCS&T also represents
the legal representative for future claimants (Mr. Green) in connection
with the Met-Coil TCE Trust.

(d)    YCS&T also represented the debtor in the asbestos-related chapter 11 case
of In re Fuller-Austin Insulation Company, Ch. 11 Case No. 98-2038 (JJF)
(Bankr. D. Del. 1998), for which a plan was confirmed in 1998.
Currently, YCS&T represents the asbestos settlement trust established
from the Fuller-Austin bankruptcy.

Mr. Green served as the legal representative for future asbestos claimants in the Babcock
& Wilcox, Federal-Mogul, Mid-Valley, and Fuller-Austin bankruptcy proceedings and continues
to serve in that capacity with respect to the asbestos personal injury trusts established in each of
those bankruptcy proceedings. He also served as the legal representative for future claimants in
the Met-Coil bankruptcy and serves in that same capacity with respect to the Met-Coil TCE
Trust. YCS&T represented Mr. Green as the legal representative for future asbestos claimants in

6

      

the Babcock & Wilcox, Federal-Mogul, and Mid-Valley, bankruptcy proceedings and continues to represent him in that capacity with respect to the asbestos personal injury trusts established in each of those bankruptcy proceedings. YCS&T also represented Mr. Green in connection with his service as the legal representative for future claimants in the Met-Coil bankruptcy proceedings and continues to represent him in that capacity in connection with the Met-Coil TCE Trust. Accordingly, the proposed Future Claimants' Representative believes that YCS&T is well qualified to represent him in these chapter 11 cases.

## SERVICES TO BE PROVIDED

13.    The services that YCS&T will perform will enable the Future Claimants' Representative to execute his duties and responsibilities in connection with these chapter 11 cases.  Subject to further orders of this Court, YCS&T will render the following services, among others, to the Future Claimants' Representative:

(a)    Providing legal advice with respect to the Future Claimants' Representative's powers and duties as Future Claimants' Representative for the Future Claimants;

(b)    Taking any and all actions necessary to protect and maximize the value of the Debtors' estates for the purpose of making distributions to Future Claimants and to represent the Future Claimants' Representative in connection with negotiating, formulating, drafting, confirming and implementing a plan(s) of reorganization, and performing such other functions as are set forth in section 1103(c) of the Bankruptcy Code or as are reasonably necessary to effectively represent the interests of the Future Claimants;

7

(c) Preparing, on behalf of the Future Claimants' Representative, necessary applications, motions, objections, answers, orders, reports, and other legal papers in connection with the administration of the estates in this case; and

(d) Performing any other legal services and other support requested by the Future Claimants' Representative in connection with this chapter 11 case.

YCS&T has agreed to act on the Futures Claimants' Representative's behalf in all of these respects.

14.     YCS&T intends to apply for compensation for professional services rendered in connection with this case and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.  The attorneys and paralegals presently designated to represent the Future Claimants' Representative and their current standard hourly rates are:

| | |
|---|---|
| James L. Patton, Jr. (Partner) | $850 per hour |
| Edwin J. Harron (Partner) | $610 per hour |
| Sharon M. Zieg (Partner) | $490 per hour |
| Sara Beth A.R. Kohut (Associate) | $325 per hour |
| Casey Cathcart (Paralegal) | $165 per hour |
| Lisa Eden (Paralegal) | $145 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Future Claimants' Representative in connection with the matters herein described.

15.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's

policy to charge its clients in all areas of practice for all other expenses incurred in connection

with the client's case. The expenses charged to clients include, among other things, telephone

and telecopier toll and other charges, mail and express mail charges, special or hand delivery

charges, document processing, photocopying charges, charges for mailing supplies (including,

without limitation, envelopes and labels) provided by the Firm to outside copying services for

use in mass mailings, travel expenses, expenses for working meals, computerized research,

transcription costs, as well as non-ordinary overhead expenses such as secretarial and other

overtime. The Firm will charge for these expenses in a manner and at rates consistent with

charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge

these expenses to the clients incurring them than to increase the hourly rates and spread the

expenses among all clients.

16.     YCS&T understands that its fees and expenses in these chapter 11 proceedings

will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules and any order entered by this Court establishing procedures for interim

compensation and reimbursement of expenses of professionals.

17.     YCS&T has informed the Future Claimants' Representative that, except as

otherwise disclosed herein and in the annexed Declaration of Edwin J. Harron. (the "Harron

Declaration"), YCS&T represents no other entity in connection with this case, and is

disinterested as that term is defined in section §101(14) of the Bankruptcy Code.

## BEST INTERESTS OF THE ESTATES

18.     YCS&T's bankruptcy and restructuring attorneys are, in the Future Claimants'

Representative's view, highly skilled and prepared to quickly develop a familiarity with the

Debtors' affairs. The Future Claimants' Representative therefore believes that the retention of

9

YCS&T is in the best interest of the Debtors, their estates and creditors, as well as in the best

interest of the Future Claimants.

## NOTICE

19.     The Future Claimants' Representative provided notice of this Application to (a)

Counsel to the Debtors; (b) The Office of the United States Trustee; (c) Counsel to the Debtors'

Postpetition Lenders; (d) Counsel to RPM International Inc.; (e) Counsel to the Committee of

Asbestos Personal Injury Claimants; and (f) All Parties That Have Filed Requests for Notice

Pursuant to Bankruptcy Rule 2002.

## NO PREVIOUS REQUEST

20.     No previous request for the relief sought in this Application has been made to this

or any other Court.

WHEREFORE, the Future Claimants' Representative requests entry of an order

authorizing him to employ and retain the firm of YCS&T, *nunc pro tunc* to September 8, 2010,

to represent him in these chapter 11 cases, and granting such other and further relief as is just and

proper.

Dated: Wilmington, Delaware
         September 13, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edwin J. Harron*
James L. Patton, Jr. (No. 2202)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Sara Beth A. R. Kohut (No. 4137)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Counsel to the Proposed
Future Claimants' Representative

YCST01:10141697.1                                                                        900002.0001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1] | Case No. 10-11780 (JKF) |
| Debtors. | |

**DECLARATION OF EDWIN J. HARRON IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING PROPOSED FUTURE CLAIMANTS' REPRESENATIVE TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AND STATEMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL TO PROPOSED FUTURE CLAIMANTS' REPRESENTATIVE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a)**

I, EDWIN J. HARRON, ESQUIRE, hereby state as follows:

1.      I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("YCS&T" or the "Firm"), The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801.  I am duly admitted to practice before the Supreme Court of Delaware and the United States District Court for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the Supreme Court of the United States.  I am authorized to make this declaration (the "Declaration") on behalf of YCS&T.  This Declaration is submitted pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure in support of the Application of Eric D. Green (the "Futures Claimants' Representative") in his capacity as the proposed legal representative for future asbestos-related claimants (the "Future Claimants") in the above-captioned chapter 11 cases for an order authorizing the employment of YCS&T as counsel to the Future Claimants' Representative (the "Application"), *nunc pro tunc* to September

---

[1]      The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857) and Bondex International, Inc. (4125).  The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

8, 2010.

## DISINTERESTEDNESS OF PROFESSIONALS

2.      YCS&T has conducted a series of searches in the Firm's conflicts

database to identify relationships with the Debtors, creditors, and other parties-in-interest (or

potential parties-in-interest) in these chapter 11 cases, including, but not limited to,

representations of YCS&T of (i) the Debtors, (ii) the Debtors' current officers and directors, (iii)

known unsecured creditors of the Debtors, (iv) the Debtors' banks and lending agent, (v) the

Debtors' affiliates, (vi) the Debtor's insurance providers, and (vii) the Debtors' equity holder.

Attached hereto as Exhibit 1 is a chart summarizing the results of the aforementioned searches.

As set forth in greater detail in Exhibit 1, and subject to any explanations and/or exceptions

contained therein or herein, YCS&T (a) does not hold or represent any adverse interest in

connection with the matters upon which YCS&T is to be engaged, and (b) is disinterested.

3.      YCS&T is a "disinterested person" as that term is defined in section

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that

the Firm, its partners, counsel and associates:

(a)     are not creditors, equity security holders or insiders of the Debtors;

(b)     have not been, within two years before the date of the filing of the
        Debtors' chapter 11 petition, directors, officers or employees of the
        Debtors; and

(c)     do not have an interest materially adverse to the interest of the
        estates or of any class of creditors or equity security holders, by
        reason of any direct or indirect relationship to, connection with, or
        interest in, the Debtors, or for any other reason.

4.      I am not related, and to the best of my knowledge, no bankruptcy attorney

at the Firm is related, to any United States Bankruptcy Judge in this district or to the United

States Trustee for such district or any employee thereof.

2

5.      YCS&T has a large personal injury and workers compensation practice
and frequently represents clients adverse to many of the insurance companies who provide
coverage to the Debtors and whose policies may be implicated during the course of these
proceedings.  Members of YCS&T also have acted as arbitrators in numerous matters where
certain of the insurance companies involved with the Debtors were parties, either directly or
indirectly, to the underlying dispute.

6.      YCS&T is a general practice, litigation-oriented firm that maintains a
national, regional and local practice in the areas of corporate, bankruptcy, commercial, real
estate, personal injury, employment and environmental law.  YCS&T was selected by the Future
Claimants' Representative because of YCS&T's extensive experience and knowledge in the field
of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy
Code.  Moreover, YCS&T has substantial experience in bankruptcy cases affecting the rights of
mass-tort asbestos claimants:

(a)      YCS&T represented the legal representative for future claimants in the

following asbestos bankruptcy cases that reached confirmation: In re The

Celotex Corporation, Ch. 11 Case Nos. 90-100016-8B1 and 90-100017-

8B1 (Bankr. M.D. Fla.); In re Armstrong World Industries, Inc., Ch. 11

Case No. 00-4471 (Bankr. D. Del. 2000); In re The Babcock & Wilcox

Co., Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); In re Owens

Corning, Ch. 11 Case No. 00-3837 (Bankr. D. Del. 2000); In re Federal-

Mogul Global Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001)

(currently on appeal to the Third Circuit Court of Appeals); In re USG

Corporation, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del 2001); In re

3

ACandS Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In

re Global Industries Technologies, Inc., Ch. 11 Case No. 02-21626 (JKF)

(Bankr. W.D. Pa. 2002) (currently on appeal to the Third Circuit Court of

Appeals); In re Kaiser Aluminum Corporation, Ch. 11 Case No. 02-10429

(JKF) (Bankr. D. Del. 2002); In re North American Refractories

Company, Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In

re Porter-Hayden Company, Ch. 11 Case No. 02-54152-SD (Bankr. D.

Md.); and In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF)

(Bankr. W.D. Pa. 2003). In addition, YCS&T represented the legal

representative for future claimants exposed to tetrochloroethylene in In re

Met-Coil Systems Corporation, Ch. 11 Case No. 03-12676 (MFW)

(Bankr. D. Del. 2003).

(b)      YCS&T currently represents the legal representative for future claimants

in the following pending bankruptcy cases: In re Pittsburgh Corning

Corporation, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000), In

re The Flintkote Company, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D.

Del. 2004), In re Durabla Manufacturing Company, Ch. 11 Case No. 09-

14415 (MFW) (Bankr. D. Del. 2009), and In re Leslie Controls, Inc., Ch.

11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010).

(c)      YCS&T represents the legal representative for future claimants in

connection with asbestos personal injury settlement trusts established from

the ACandS, Babcock & Wilcox, Celotex, Federal-Mogul, Kaiser, and

Porter-Hayden bankruptcy cases.  In addition, YCS&T represents the legal

4

representative for future claimants in connection with asbestos and silica

settlement trusts established from the <u>Mid-Valley</u> (DII Industries, LLC)

and <u>In re Swan Transportation Company</u>, Ch. 11 Case No. 01-11690

(JKF) (Bankr. D. Del. 2001) bankruptcy cases.  YCS&T also represents

the legal representative for future claimants (Mr. Green) in connection

with the <u>Met-Coil</u> TCE Trust.

(d)     YCS&T also represented the debtor in the asbestos-related chapter 11 case

of  <u>In re Fuller-Austin Insulation Company</u>, Ch. 11 Case No. 98-2038

(JJF) (Bankr. D. Del. 1998), which was confirmed in 1998.  Currently,

YCS&T represents the asbestos settlement trust established from the

<u>Fuller-Austin</u> bankruptcy.

YCS&T represented Mr. Green as the legal representative for future asbestos claimants in

the <u>Babcock & Wilcox</u>, <u>Federal-Mogul</u>, and <u>Mid-Valley</u>, bankruptcy proceedings and continues

to represent him in that capacity with respect to the asbestos personal injury trusts established in

each of those bankruptcy proceedings. YCS&T also represented Mr. Green in connection with

his service as the legal representative for future claimants in the <u>Met-Coil</u> bankruptcy

proceedings and continues to represent him in that capacity in connection with the <u>Met-Coil</u> TCE

Trust.

7.     In addition, the Firm and certain of its partners, counsel and associates

may have in the past represented, may currently represent, and likely in the future will represent

parties in interest of the Debtors in connection with matters unrelated to the Debtors and this

case.

8.     None of the representations described above are materially adverse to the

5

interests of the estates, any class of creditors or equity security holders, the Future Claimants or the Future Claimants' Representative. Thus, YCS&T is disinterested and may act as counsel to the Future Claimants' Representative notwithstanding that it represents creditors in unrelated matters.

9.      Neither I, the Firm, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, represent any interest adverse either to the Future Claimants' Representative or the Debtors herein or their estates in the matters upon which the Firm is to be engaged.

10.     YCS&T will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, YCS&T will use reasonable efforts to identify such further developments and will promptly file a Supplemental Declaration as Bankruptcy Rule 2014(a) requires.

## PROFESSIONAL COMPENSATION

11.     The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, this Court's Local Rules and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that the Firm incurs. YCS&T will charge hourly rates for its services in this case that are consistent with the rates charged by YCS&T in bankruptcy and non-bankruptcy matters of this type. These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions. The principal attorneys and paralegals designated to represent the Future Claimants' Representative and their current

6

standard hourly rates are:

| | |
|---|---|
| James L. Patton, Jr. (Partner) | $850 per hour |
| Edwin J. Harron (Partner) | $610 per hour |
| Sharon M. Zieg (Partner) | $490 per hour |
| Sara Beth A.R. Kohut (Associate) | $325 per hour |
| Casey Cathcart (Paralegal) | $165 per hour |
| Lisa Eden (Paralegal) | $145 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Future Claimants' Representative in connection with the matters herein described.

12.     It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include among other things, photocopying, witness fees, travel expenses, including airline upgrade certificates, certain secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for working meals and telecopier charges. The Firm will charge for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the particular client rather than increasing the hourly rates and spreading the expenses among all clients.

13.     No promises have been received by the Firm nor by any partner, counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this case.

7

14.     YCS&T further states pursuant to Federal Rule of Bankruptcy Procedure 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of YCS&T, or (b) any compensation another person or party has received or may receive.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of September, 2010.

*/s/ Edwin J. Harron*
Edwin J. Harron (No. 3396)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

8

**Exhibit 1 to Harron Declaration**

**Conflict of Interest Search Summary**

1.      Representations by Young Conaway of the Debtor, its subsidiaries and affiliates in Unrelated Matters:

NONE IDENTIFIED

2.      Representations by Young Conaway of the Debtor's current directors and officers (and/or possible affiliates) in Unrelated Matters:

| Director or Officer Identified and Searched for Conflicts: | Current Unrelated Representations | Former Unrelated Representations within past two years |
|---|---|---|
| John A. Fleming | Edward W. Fleming | Mark Fleming<br>Edward W. Fleming |
| Hershey Foods | | Hershey Trust |
| Huffy Corporation | Travelers o/b/o Huffy Service First | |
| John F. Kramer | John B. Kramer<br>Kramer Levin Naftalis & Frankel LLP | Joseph Kramer<br>Maria Kramer |
| Reynolds American Inc. | Joseph C. Reynolds<br>Patricia Reynolds<br>Warren E. Reynolds<br>John D. Reynolds | William Reynolds<br>Lisa Reynolds<br>Thomas C. Reynolds<br>John J. Reynolds<br>Reynolds Holdings, LLC<br>Chad Reynolds<br>Megan Reynolds<br>Brayden Reynolds<br>Peter Reynolds<br>Rick Reynolds<br>Craig B. Reynolds |

| Marathon Oil Corporation | Marathon Special OPP Master Fund and Marathon Asset Management, LP | |
| Frederick R. Nance | Denise Nance | Shugniqua Nance<br><br>Quamere Nance<br><br>Floyd Nance<br><br>Davis Nance |
| William B . Summers | Edwin G. Summers<br><br>Jerry Summers | Agnes P. Summers |
| Jerry Sue Thornton | Barbacane Thornton & Company<br><br>Michael Thornton | Barbacane Thornton & Company |
| United Way Services | United Way of Delaware | |

3.    Representations by Young Conaway of the Debtor's potential parties in interest in Unrelated Matters:

| Potential Party in Interest Identified and Searched for Conflicts: | Current Unrelated Representations | Former Unrelated Representations within past two years |
| --- | --- | --- |
| American International Specialty Lines Ins. Co. (AIG) | AIG Insurance Companies<br><br>AIG Directors<br><br>AIG Ports America, Inc.<br><br>AIG Highstar Capital III, LP | AIG Global Investment Corp.<br><br>AIG |
| Columbia Casualty Company | | Columbia Casualty Company |
| Ernst & Young | Ernst & Young | |
| Federal Insurance Company (Chubb) | Federal Insurance Company | Federal Insurance Company |

2

| The Ferraro Law Firm | Patricia Ferraro | |
|---|---|---|
| Great American Insurance Co. of New York | Great American Insurance Company | |
| Lexington Insurance Company (Chartis) | Lexington Insurance Company | Lexington Insurance Company |
| Travelers Casualty and Surety Company | Travelers Insurance in workers compensation matters on behalf of various employers<br><br>St. Paul Travelers in workers compensation matters on behalf of various employers<br><br>Travelers Insurance | Travelers Insurance in workers compensation matters on behalf of various employers<br><br>St. Paul Travelers in workers compensation matters on behalf of various employers |
| Wells Fargo Bank, N.A. | | Wells Fargo Bank Minnesota, N.A. F/K/A Norwest Bank Minnesota<br><br>Wells Fargo, as agent for Informal Group of Second Lien Lenders |
| XL Specialty Insurance Company | | XL Specialty Insurance Company |
| Zurich American Insurance Company (U.S.) | | Federal Insurance Company |

3

069771.1001

Ellen W. Slights, Esq.
Assistant United States Attorney
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899
***Hand Delivery***

Gilbert B. Weisman, Esq.
Becket & Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701
(Counsel to American Express Bank FSB)
***First Class Mail***

Lauren M. Webb, Esq.
Simmons Browder Gianaris Angelides & Barnerd LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024
(Counsel to Certain Asbestos Claimants)
***First Class Mail***

Thomas M. Wilson, Esq.
Kelley & Ferraro, L.L.P.
2200 Key Tower, 127 Public Square
Cleveland, OH 44114
(Counsel to Certain Asbestos Claimants)
***First Class Mail***