## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 18, 557 and 630** |

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY AND TWIN CITY FIRE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE AN OBJECTION TO DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 502(B)(9), BANKRUPTCY RULES 2002 AND 3003(C)(3), AND LOCAL RULES 2002-1(E), 3001-1, AND 3003-1 FOR AUTHORITY TO (I) ESTABLISH DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISH THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVE PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE VICTIMS, AND (IV) APPROVE CONFIDENTIALITY PROCEDURES FOR ABUSE VICTIMS**

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "<u>Hartford</u>") files this motion (the "<u>Motion</u>") seeking leave to file its objection (the "<u>Objection</u>")[2] to *Debtors' Motion, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1 For Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [D.I. 18] (the "<u>Bar Date Motion</u>"). A copy of the Objection is attached hereto as **<u>Exhibit A</u>**. In support of this Motion for Leave, Hartford respectfully states the following:

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Law, Irving, Texas 75038.

[2]      Capitalized terms used, but not defined herein have the meaning given in the Objection.

1

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Hartford confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 102 and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

4.      On February 18, 2020, the Debtors filed the Bar Date Motion.  Since that time Hartford has been engaged with the Debtors in discussions related to the Bar Date Motion, including, among other issues, with respect to the Abuse Survivor Claim Form, as defined therein.

5.      On May 12, 2020, Debtors provided Hartford with a revised Abuse Survivor Claim Form that incorporated some of the comments that Hartford had provided to Debtors.  The Debtors also extended the insurers' deadline for objections to noon on May 13, 2020.  Since May 12,

2

Hartford understands that Debtors have had numerous discussions with the Tort Claimants Committee and Boy Scout of America's other insurers.

6.      On May 14, 2020, Debtors filed a revised claim form and Bar Date Order that incorporated some of Hartford's suggestions, but did not incorporate others.

## Relief Requested

7.      To address the issues with the revised Bar Date Order that was filed yesterday, by this Motion for Leave Hartford requests leave to file a limited objection to the Bar Date Motion, after the deadline provided in the Local Rules for an objection.

## Basis for Relief Requested

8.      While Hartford's objection deadline was extended through May 13, 2020, Hartford could not know the extent of or basis for its objections until it reviewed Debtors' revised form.  Thus, Hartford seeks leave to file an objection now that the remaining issues are clear.

9.      Specifically, Hartford requests leave to file a limited Objection to identify the additional language that Hartford asserts should be included in the Bar Date Order.  The Objection will assist the Court in properly evaluating the relief sought by the Debtors' Bar Date Motion, and will clarify issues that only became apparent when the Debtors filed the revised form of Bar Date Order.

10.      Thus, good cause and compelling circumstances exist to support leave to file the Objection because:  (i) no prejudice will be caused by permitting Hartford to file the Objection because the issues with the revised Bar Date Order only became apparent yesterday, when the Debtors filed the revised Bar Date Order; (ii) the delay in filing the Objection will not prejudice the U.S. Trustee, the Debtors, or any other parties because their counsel will be served with the Objection immediately upon the filing of this Motion for Leave; (iii) the written Objection will

assist the Court and the parties in defining, and the Court in deciding, any contested issues related to the underlying Bar Date Motion; and (iv) the timing of the Objection is the direct result of new issues that arose when the Debtors filed the revised Bar Date Order.

## **Notice**

11.     Hartford has provided notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Debtors; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Hartford submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **Conclusion**

WHEREFORE, Hartford respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting Hartford leave to file the Objection.

.

Date:  May 15, 2020

BAYARD, P.A.

*/s/ Gregory J. Flasser*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
Email:  efay@bayardlaw.com
        gflasser@bayardlaw.com

- and -

James P. Ruggeri (*pro hac vice* pending)
Joshua D. Weinberg (admitted *pro hac vice*)
Abigail W. Williams (*pro hac vice* pending)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel:  (202) 469-7750
Fax:  (202) 469-7751

- and -

Eric S. Goldstein (admitted *pro hac vice*)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Tel:  (860) 251-5000
Fax:  (860) 251-5099

*Attorneys for First State Insurance Company,
Hartford Accident and Indemnity Company and
Twin City Fire Insurance Company*