# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: June 8, 2020 at 10:00 a.m. (ET)<br>Objection Deadline: May 29, 2020 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, UNDER 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006(b) AND 9027, EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE CIVIL ACTIONS AND GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to 28 U.S.C. § 1452 and rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) extending the period within which the Debtors may file notices of removal of claims or causes of action under Bankruptcy Rule 9027 (the "Removal Period") by 120 days, to and including September 15, 2020, and (b) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**STATUS OF THE CASES AND JURISDICTION**

1. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

3. On April 24, 2020, the Court appointed James L. Patton, Jr. (the "Future Claimants' Representative") as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and other bases for the relief requested in this Motion are 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027 and Local Rule 9006-2.

## BACKGROUND OF THE DEBTORS

6. Information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in*

*Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## CIVIL ACTIONS PENDING AGAINST THE DEBTORS

7. The BSA is named as a defendant in numerous civil actions related to historical acts of sexual abuse in connection with its Scouting programs. As of the date hereof, approximately 315 such actions are pending in state and federal courts around the country. The BSA is also named as a defendant in several dozen civil lawsuits that are unrelated to sexual abuse.

8. On March 30, 2020, the Court entered the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. Pro. No. 20-50527 (LSS) [Adv. Docket No. 54] (the "Preliminary Injunction Order"). Under the Preliminary Injunction Order, the actions listed on Schedule 1 thereto (collectively, the "Pending Abuse Actions") are stayed to and including 11:59 p.m. (prevailing Eastern Time) on May 18, 2020 (the "Termination Date"). The Preliminary Injunction Order does not, however, prohibit or enjoin the filing of actions that name the BSA as a defendant and that allege claims substantially similar to those asserted in the Pending Abuse Actions (collectively, the "Further Abuse Actions"). On April 20, 2020, pursuant to Paragraph 11 of the Preliminary Injunction Order, the BSA filed an amended Schedule 1 identifying all of the then-current Pending Abuse Actions and Further Abuse Actions [Adv. Docket No. 68].

9. The Debtors are currently engaged in active discussions with the Tort Claimants' Committee, the Ad Hoc Committee of Local Councils of the Boy Scouts of America, and certain other constituents regarding the terms of a potential extension of the term of the Preliminary Injunction Order to a date to be determined (such date, the "Extended Termination Date").

10. Under the Preliminary Injunction Order and any other order of the Court that extends the term of the Preliminary Injunction Order, upon the occurrence of the Termination Date or the Extended Termination Date, as applicable, the relevant parties will have the greater of (x) forty-five (45) days or (y) the deadline governed by applicable non-bankruptcy law to, among other things, file notices of removal in any Pending Abuse Action or Further Abuse Action.

## RELIEF REQUESTED

11. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, extending the Removal Period by 120 days, from the end of the current Removal Period on May 18, 2020 to and including September 15, 2020 (the "Extended Removal Deadline"), without prejudice to the Debtors' right to seek further extensions.[2] The Debtors request that the proposed Extended Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and 9027(a)(3).

12. The Debtors further request that, with respect to any Pending Abuse Actions or Further Abuse Actions, the Removal Period be extended to and including the later of: (a) the Extended Removal Deadline; and (b) the date that is forty-five (45) days after the occurrence of the Termination Date provided for in the Preliminary Injunction Order or the Extended Termination Date provided for in any other order of the Court that extends the term of the Preliminary Injunction Order, as applicable.

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the end of the current Removal Period serves to automatically extend the end of the current Removal Period until such time as the Court rules on the motion. *See* Del. Bankr. L.R. 9006-2.


## BASIS FOR RELIEF

13. 28 U.S.C. § 1452 provides for the removal of pending civil actions with respect to which federal district courts have jurisdiction under 28 U.S.C. § 1334. Section 1452(a) provides, in pertinent part, as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides, in pertinent part, as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provided that a notice of removal may be filed

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

16. Finally, Bankruptcy Rule 9006(b)(1) provides that the Court may extend unexpired time periods, including the removal periods under Bankruptcy Rule 9027, without notice, upon a showing of cause. *See* Fed. R. Bankr. P. 9006(b)(1).

17. It is well settled that this Court is authorized to extend the removal periods provided under Bankruptcy Rule 9027. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103 B.R. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the removal period may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)). Moreover, courts in this District routinely grant debtors' requests to extend the removal period under Bankruptcy Rule 9027.[3]

18. Here, cause exists to extend the Removal Period. As noted above, the BSA is a defendant in approximately 315 civil lawsuits related to historical acts of sexual abuse in connection with its Scouting programs. The Debtors have removed to federal district court (or

---

[3] *See, e.g.*, *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Jan. 15, 2020) (extending the removal period by 120 days without prejudice to right of debtors to seek further extensions); *In re GCX Ltd.*, Case No. 19-12031 (CSS) (Bankr. D. Del. Jan. 7, 2020) (same); *In re Elk Petroleum, Inc.*, Case No. 19-11157 (LSS) (Bankr. D. Del. Sep. 10, 2019) (same); *In re EdgeMarc Energy Holdings, LLC*, Case No. 19-11104 (JTD) (Bankr. D. Del. Aug. 23, 2019) (same).

bankruptcy court, depending upon the applicable local rules) all of the Pending Abuse Actions not already pending in federal court. Nevertheless, there are a number of Further Abuse Actions and dozens of additional non-abuse actions that remain pending against the BSA in various state courts. The Debtors have not determined whether to file notices of removal with respect to any of these civil actions. Furthermore, in addition to handling matters related to the Preliminary Injunction Order, since the Petition Date, the Debtors have devoted significant time, resources, and efforts to maximizing the value of their estates and focusing on certain other pressing and essential matters in these chapter 11 cases, including, but not limited to, (i) preparing the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs, (ii) communicating with the Debtors' creditors, including, but not limited to, the Debtors' insurers, the Tort Claimants' Committee, the Creditors' Committee, and the Future Claimants' Representative, (iii) preparing and filing the Debtors' monthly operating reports, and (iv) meeting the general requirements under the chapter 11 process.

19. The Debtors are therefore requesting a 120-day extension—from May 18, 2020 to and including September 15, 2020—of the initial Removal Period prescribed by Bankruptcy Rule 9027(a) to ensure the Debtors do not forfeit their valuable right to remove claims or causes of action if they deem it appropriate to do so. The rights of the Debtors' adversaries in any litigation will not be prejudiced by this proposed extension of the Removal Period because any party to an action that the Debtors remove may seek to remand the action to state court under 28 U.S.C. § 1452(b).[4]

20. For the reasons stated above, the Debtors submit that cause exists to grant the relief requested herein, which relief is in the best interests of their estates.

---

[4] The Debtors reserve their right to contest any remand.

## NOTICE

21.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Tort Claimants' Committee; (iii) counsel to the Creditors' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: May 15, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>　　　aremming@mnat.com<br>　　　jbarsalona@mnat.com<br>　　　emoats@mnat.com<br>　　　ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (*pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (*pro hac vice*)<br>Michael C. Andolina (*pro hac vice*)<br>Matthew E. Linder (*pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>　　　mandolina@sidley.com<br>　　　mlinder@sidley.com<br><br>CO-COUNSEL AND PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION |