**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE Boy Scouts, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 18, 557, and 630** |

**CENTURY'S JOINDER IN PART TO HARTFORD'S OBJECTION [DKT. 651] AND OBJECTION TO DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 502(B)(9), BANKRUPTCY RULES 2002 AND 3003(C)(3), AND LOCAL RULES 2002-1(E), 3001-1, AND 3003-1 FOR AUTHORITY TO (I) ESTABLISH DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISH THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVE PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE VICTIMS, AND (IV) APPROVE CONFIDENTIALITY PROCEDURES FOR ABUSE VICTIMS**

For the following reasons, Century[1] objects to the Debtors' Motion.[2]

### A.   The Proof of Claim Form Is Not Properly Before the Court.

As a threshold matter, the proof of claim form for which the Debtors now seek approval is not properly before the Court.  Debtors' Motion seeks approval of an Abuse Proof of Claim Form "*substantially in the form* annexed hereto as Exhibit C-2."[3]  But Exhibit C-2 to the Motion contained nothing except a statement that the substance of the form would later be "supplemented."[4]  On May 4, 2020, Debtors submitted a "supplement" that for the first time

---

[1]   "Century" refers to Century Indemnity Company and those other entities identified in the signature block as Century.

[2]   The "Motion" is Debtors Motion, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1 For Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims (Feb. 18, 2020) [ECF No. 18] (the "Motion").

[3]   Motion at 4–6 [ECF No. 557] (emphasis added).

[4]   *See* Motion Ex. C-2 [ECF No. 18-6].

provided a proposed proof of claim form.[5]  This form was filed following discussions between

Debtors' proposed counsel with Sidley Austin and the Tort Claimants to the exclusion of

Century and the other insurers.[6]  On the evening of May 14, 2020, four days before the hearing,

Debtors filed a further revised proposed order and proof of claim form.[7]

In short, the substantive relief that the Debtors will seek at the hearing—approval of the

questions in the proof of claim form—was not part of the original motion and the relief that is

actually sought remains uncertain.  This falls short of Rule 9013's requirement that motions "set

forth the relief or order sought."[8]  As the Motion did not set forth the Form, Century respectfully

submits that this aspect of the relief sought—approval of the form of the proof of claim—is not

properly before the Court.

Any relief sought for the questions that were not part of the proof of claim filed with the

Motion is also not properly before the Court for another even more basic reason.  The form of

the proof of claim and the questions presented by it is the product of the Sidley firm, which

drafted the form and is rushing ahead with it to the hearing while its retention application is

under submission.  During the retention hearing, Sidley represented it would not be involved in

issues implicating the rights of its insurer clients.  At the same time, however, it has

acknowledged that the questions appended to the proof of claim form are directed, in part, with

---

[5]    *See* Supplement to Debtors' Bar Date Motion (May 4, 2020) [ECF No. 557].

[6]    *See* Combined First Monthly Application of James L. Patton, Jr. as the Legal Representative for Future Claimants and Young Conaway Stargatt & Taylor, LLP as Counsel to the Legal Representative for Future Claimants for Allowance of Compensation and Reimbursement of Expenses for the Period from February 18, 2020 through April 30, 2020, Ex. A at 12, 20 [ECF No. 633-2].

[7]    *See* Debtors' Further Revised Proposed Order Ex. 7 (Sexual Abuse Survivor Proof of Claim Form) [ECF No. 632-1].

[8]    Fed. R. Bankr. P. 9013; *see In re Garcia*, No. 12-93049-E-11, 2016 WL 7324153, at *2 (Bankr. E.D. Cal. Dec. 14, 2016) ("As with any request for an order, the court begins with the Motion itself, which *must state with particularity not only the relief requested*, but the grounds upon which such relief is based." (emphasis added) (citing Fed. R. Bankr. P. 9013, 9014).

the insurers in mind.  In rushing this forward, Debtors' proposed counsel are doing what they

said they would not do.

        **B.**        **Any Order Must Clarify the Purpose for Which the Proofs of Claim Will Be Used.**

Should the Court find that the proof of claim form is properly before it, the starting point

for resolving the instant Motion is the purpose of the proof of claim form and the questions

posed in it.  The Debtors told Century and other insurers that they do not view the Motion or the

proof of claim form as intended to establish the presumptive allowance of abuse claims or prima

facie evidence of the validity and amount of the claim under Rule 3001(f).[9]  Rather, the Debtors

have indicated that they intend the proof of claim merely as a means for claimants with possible

claims to preserve their claims prior to a bar date and as a mechanism to collect basic

information for mediation.[10]

The Tort Claimants approach the Motion in the same way, as the central thrust of their

objection is that the proof of claim ought to be as easy to submit as possible; not that the

questions posed should differentiate between claims with legal merit and those without.[11]  The

fact that the expert declaration offered by the Tort Claimants is by a social worker and not a

liability expert goes to this point.[12]

---

[9]    Nothing in the Debtors' Motion or the supplement proof of claim form they submitted sought this relief.

[10]   This is underlined by text of the Debtors' proposed order, which states that: "The allowance, and the process for allowance, of Sexual Abuse Claims and the treatment thereof will be subject in all respects to the terms of any confirmed plan of reorganization for the Debtors and any trust distribution procedures that may be approved in connection therewith." Debtors' Further Revised Order ¶ 11 [ECF No. 632-1].

[11]   *See* Objection of the Tort Claimants' Committee to Debtors' Motion and Supplement to Debtors' Bar Date Motion ("TCC Objection") at 3 [ECF No. 601] ("The proof of abuse claim form is worse – it is insulting to survivors of child sexual abuse and poses unnecessary questions that are more pertinent to obtaining discovery for defense of claim purposes than for eliciting information regarding the basis for the claim.").

[12]   *See* Declaration of Jon R. Conte in Support of TCC Objection ¶ 9.c [ECF No. 601-6] ("The Proof of

Recognizing that the proof of claim form could not represent the last word on whether individual claims would be allowed or paid in this case, Century and Hartford proposed that the Bar Date Order provide that any questions posed with the proof of claim are not intended to replace the process for determining claims. The Court should adopt this clarification in any order it may issue because it properly puts context around the claim form in this case, which was not part of the Motion.

> *The proof of claim may be used to preserve the filer's claim, voting, and for purposes of mediation but does not constitute prima facie evidence of the validity and amount of the claim under Rule 3001(f) or otherwise.*

Without clarity on his point, the Motion should be denied with respect to the form of the proof of claim. The claim forms may be an aid to mediation in this case and placeholders that represent the claimants' claims. However, the claims may be disputed and are not simply deemed allowed because a proof of claim is filed. While proofs of claim have been used in abuse cases where there are a discrete number of claimants associated with a dioceses, school, or hospital, in virtually all these cases other procedures have been adopted to assess and determine liability and value claims.[13]

C.      **If Proofs of Claim Will Establish the Prima Facie Validity of a Claim, a More Detailed Form is Required.**

If proofs of claim will be used, not just for mediation, but also to presumptively establish a claim, then the proof of claim form would have to contain all of the information that may be

---

Claim form is: (i) confusing; (ii)fails to actually define abuse; (iii) uses overlapping terms for the same behavior; (iv) confuses abuse with reasons that an adult may abuse a child; (v) asks questions which appear more appropriate to discovery: (vi) asks questions which have a high likelihood of triggering traumatic reactions in Survivors or discourage them from submitting a proof of claim; (vii) asks potential Survivors to provide detailed information which goes beyond what is necessary to describe the basis of a claim . . . .").

[13]   Virtually all of the seventy-plus mass tort bankruptcy cases where an FCR has been appointed have not employed bar dates or required proofs of claim. The *Imerys* case is one such example.

necessary to resolve all elements of liability and damages and allow for discovery.  This includes

detailed information to establish not only Boy Scouts' liability and its co-defendants but also

when abuse or injury took place and the extent to which the Boy Scouts and/or councils had

knowledge of, or were warned about, a particular perpetrator.[14]  The Debtors' proof of claim

does not do this.

Tort claims such as the abuse and other claims at issue here require multi-faceted proof

particularized to each individual and specific as to the defendant.[15]  This is especially true here

given the broad definition of sexual abuse employed, ranging from purely verbal abuse to

behavior that merely "led up to abuse, regardless of whether or not such behavior was itself

sexual or against the law, and regardless of whether you thought the behavior was sexual abuse

at the time" to physical abuse.[16]  The simple check-the-box form proposed is insufficient to

---

[14]   *See, e.g., In re USA Gymnastics*, Case No. 18-09108 (RLM) (Bankr. S.D. Ind. Feb. 25, 2018) [ECF No. 301] (approving proof of claim form for claimants asserting claims relating to sexual misconduct that required claimants to, among other things, provide documentation and written responses to approximately thirty separate questions regarding the nature of their claims, the damages asserted, their connections to the debtors, and the procedural history of their asserted claims).

[15]   A proof of claim must provide adequate notice of the existence, nature, and amount of the claim and provide facts of sufficient particularity to establish the claim. *Aetna Cas. & Sur. Co. v. LTV Steel Co. (In re Chateaugay Corp.)*, 94 F.3d 772, 777 (2d Cir. 1996); *see also Gens v. Resolution Trust Corp.*, 112 F.3d 569, 575 (1st Cir. 1997) (proof of claim must give "adequate notice of the existence, nature, and amount of the claim"); *In re O'Malley*, 252 B.R. 451, 456 (Bankr. N.D. Ill. 1999); *In re Rimsat, Ltd.,* 223 B.R. 345, 348 (Bankr. N.D. Ind. 1998) (creditor must "provide some kind of factual context" for the debtor's liability); *In re Grocerland Coop., Inc.*, 32 B.R. 427, 437 (Bankr. N.D. Ill. 1983) (proof of claim must supply "facts of sufficient particularity" to put parties on notice).

[16]   "For the purposes of this Sexual Abuse Survivor Proof of Claim, **sexual abuse** is defined as sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether you thought the behavior was sexual abuse at the time.  Sexual abuse includes behavior between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult.  It involves behaviors including penetration or fondling of the child's or non-consenting adult's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's or non-consenting adult's naked body, showing or making

establish all the elements of liability and damages for the range of different types of claims at issue. *See In re Nortel Networks, Inc.*, 469 B.R. 478, 497 (Bankr. D. Del. 2012) (applying Rule 12(b)(6) standards to a proof of claim involving tort claims noting that greater specificity required).

Far more detailed questions and documentary support would be required to satisfy the requirements of the bankruptcy code. As a start, detailed questionnaires in addition to a proof of claim have been deemed "essential". *A.H. Robins Co., Inc.*, 862 F.2d 1092, 1095 (4th Cir. 1988).

In *A.H. Robins*, the district court (sitting in bankruptcy) established a two-step process by which claimants would first file a statement of intent to make a certain type of claim along their name and address, and then later would be required to fill out a detailed questionnaire. *Id.* at 1093. The questionnaire requested information related to the claim, such as dates of use of the product, the type of injury alleged, and details about any medical attention sought. *Id.* The Fourth Circuit upheld the district court's decision to disallow claimants who failed to complete the questionnaire on the grounds that, without answers to the questionnaire's more detailed inquiries, the "initial statement of intention to make a claim would be insufficient as valid proof of claim." *Id.* at 1096.

Absent the clarification sought, the Court also will be faced with extensive discovery that will be both burdensome and expensive for many parties. And parties may then be forced to file and respond to numerous claim-disallowance motions in advance of the Plan process. None of

---

pornography, or having children behave in sexual behavior as a group." Debtors' Further Revised Proposed Order Ex. 7 (Sexual Abuse Survivor Proof of Claim Form) at 2 [ECF No. 632-1].

this is necessary if the Court confirms in its order that the form is to be used just to preserve claims and for mediation.

In the alternative, if the Court declines to enter Century's proposed language as part of the Proposed Bar Date Order, then Century joins Hartford in respectfully requesting that the Court permit Century and Hartford to propound additional questions on the issues reflected in Exhibit A to Hartford's supplemental objection and on the matters addressed in Appendix A hereto.  In this event, Century further requests that it be permitted to submit additional requests designed to elicit documentary support corroborating the claimants' claims of abuse and injury.

## CONCLUSION

Century respectfully requests that the Court modify the Proposed Bar Date Order to clarify that: "*The proof of claim is not intended as prima facie evidence of the validity and amount of the claim.*"  In the alternative, Century respectfully joins Hartford in requesting that the Court require Debtors to include the questions identified on Exhibit A to Hartford's supplemental objection and on the matters addressed in Appendix A hereto.

Dated:  May 15, 2020
       Wilmington, Delaware

Respectfully Submitted,


By:   */s/ Stamatios Stamoulis*
      Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:   302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:   212 326 2000
Facsimile:   212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

## **Appendix A**

1. Did you or anyone on your behalf ever contact the BSA about the abuse?  If yes, who was contacted at BSA and when and what was BSA told?

2. Did you or anyone on your behalf ever write to the BSA about the abuse?

3. If you wrote or someone on your behalf wrote the BSA about the abuse, please attach copies of that correspondence.

4. Do you know personally or have any reason to believe that the BSA knew that your abuser was abusing you or others before or during the period when such abuse occurred?  If "Yes", please provide all information that supports your conclusion, including:

    a. Who at the BSA knew that your abuser was abusing you or others?

    b. How did such person(s) at the BSA learn this information?

    c. When did such person(s) at the BSA learn this information?

    d. What was the person(s) from the BSA told or what did they observe?

    e. How did you come to have the information provided in response to the questions above?

5. Did you or anyone on your behalf ever contact the Local Council with which your Scouting unit was affiliated ("Affiliated Local Council") about the abuse?

6. Did you or anyone on your behalf ever write to the Affiliated Local Council about the abuse?

7. If you or someone on your behalf wrote to the Affiliated Local Council about the abuse, please attach copies of that correspondence.

8. Do you know personally or have any reason to believe that the Affiliated Local Council knew that your abuser was abusing you or others before or during the period when such abuse occurred?  If "Yes", please provide all information that supports your conclusion, including:

    a. Who at the Affiliated Local Council knew that your abuser was abusing you or others?

    b. How did such person(s) at the Affiliated Local Council learn this information?

    c. When did such person(s) at the Affiliated Local Council learn this information?

    d. What was the person(s) from the Affiliated Local Council told or what did they observe?

    e. How did you come to have the information provided in response to the questions above?

9. Did you or anyone on your behalf ever contact the organization that chartered or sponsored your Scouting unit ("Sponsoring Organization") about the abuse?

10. Did you or anyone on your behalf ever write to the Sponsoring Organization about the abuse?

11. If you or someone on your behalf wrote to the Sponsoring Organization about the abuse, please attach copies of that correspondence.

12. Do you know personally or have any reason to believe that the Sponsoring Organization knew that your abuser was abusing you or others before or during the period when such abuse occurred?  If "Yes", please provide all information that supports your conclusion, including:

    a. Who at the Sponsoring Organization knew that your abuser was abusing you or others?

    b. How did such person(s) at the Sponsoring Organization learn this information?

    c. When did such person(s) at the Sponsoring Organization learn this information?

    d. What was the person(s) from the Sponsoring Organization told or what did they observe?

    e. How did you come to have the information provided in response to the questions above?

13. Have you asserted or filed a claim alleging abuse in any other case or bankruptcy? If so, which case or bankruptcy?