# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and<br>Delaware BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br>(Jointly Administered)<br><br>**Re: Docket No. 613** |

### JOINDER OF THE CREDITORS' COMMITTEE TO THE
### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING
### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of Boy Scouts of America and Delaware BSA, LLC (collectively, the "**Debtors**") by and through its undersigned counsel, hereby submits the following joinder (the "**Joinder**") in support of the *Debtors' Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order* (the "**Motion**")[2] [Docket No. 613] and respectfully states as follows:

### JOINDER

1.　　Approval of the Motion and entry of the Protective Order is a critical (and gating) step to facilitating the important work of the Creditors' Committee, already delayed for too long, in investigating and understanding the nature and scope of the Debtors' assets and potential estate claims. In the nearly three months since its appointment, the Creditors' Committee's advisors have had access to a subset of Debtor-produced documents on an advisors' eyes only

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

basis – but the Creditors' Committee itself has been unable to review any of them. Nor have the Creditors' Committee advisors been able to review any of the documents the Creditors' Committee understands that the Local Councils have apparently produced, notwithstanding pronouncements at the first day hearing that production by the Local Councils was well underway. In order to fulfill its fiduciary duty in these Chapter 11 Cases, the Creditors' Committee – like the Tort Claimants' Committee – requires the "immediate transparency" promised by the Debtors at the outset of these cases.[3] This cannot be achieved until the Creditors' Committee is permitted to review and receive documents from the Debtors and other key parties, including the Local Councils (who have refused to allow parties in interest to review any documents until the Protective Order has been entered).

2. Achieving consensus on the form of a protective order has not been an easy task. The Debtors, the Creditors' Committee, the Tort Claimants' Committee, the Local Councils, and the Future Claims Representative (collectively, the "**Parties**"), engaged in almost two months of substantial negotiations in an effort to reach agreement. In response to comments recently received by the Insurers, the Parties promptly endeavored to adopt as many comments as possible without upsetting the weeks-long negotiations that had already resulted in consensus. Following the Parties' protracted efforts, and the negotiation of important improvements, the key parties that will be producing or receiving documents pursuant to the Stipulated Protective Order have at last reached agreement on the terms of an acceptable order.

3. Now that consensus has been reached, the Motion should be approved as soon as possible. Until the Motion is approved, both committees, each of which will be instrumental to the forthcoming mediation process and negotiation of any chapter 11 plan, will continue to lose

---

[3] *See* 2/19/2020 Hr'g Tr. at 27:2-8.

time and the ability to prepare for mediation due to the lack of access to (or authority to review) critical documents. These Chapter 11 Cases have lingered long enough without the production of (or ability to share) documents that are important both to the exercise of the committees' fiduciary duties and necessary to evaluate and negotiate the many complex issues presented in these cases, including the impact of the COVID-19 pandemic.

4. The Creditors' Committee submits that approval of the Motion is warranted and is in the best interest of unsecured creditors and believes that it should be approved as soon as possible. The Creditors' Committee therefore respectfully requests that this Court approve the relief requested.

*[Remainder of Page Intentionally Blank]*

Dated: May 17, 2020  
Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Katelin A. Morales*  
Kurt F. Gwynne (No. 3951)  
Katelin A Morales (No. 6683)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
E-mail: kgwynne@reedsmith.com  
E-mail: kmorales@reedsmith.com

*Proposed Delaware Counsel to the Official Committee of Unsecured Creditors*

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**  
Thomas Moers Mayer  
Rachael Ringer  
David E. Blabey, Jr.  
Jennifer R. Sharret  
Megan M. Wasson  
1177 Avenue of the Americas  
New York, NY 10036  
Telephone: (212) 715-9100  
Facsimile: (212) 715-8000  
E-mail: tmayer@kramerlevin.com  
E-mail: rringer@kramerlevin.com  
E-mail: dblabey@kramerlevin.com  
E-mail: jsharret@kramerlevin.com  
E-mail: mwasson@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*