# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: June 1, 2020 at 4:00 pm |
| | Hearing Date: June 8, 2020, at 10:00 a.m. |

### MOTION OF NICHOLE ERICKSON AND MASON GORDON FOR AN ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362

NOW COME the movants, NICHOLE ERICKSON and MASON GORDON a minor by his mother Nichole Erickson, by and through their undersigned counsel, and pursuant to 11 U.S.C. § 362(d), requests entry of an order modifying the automatic stay afforded by 11 U.S.C. § 362(a), and in support thereof, states:

### INTRODUCTION

1. By this Motion, Movants seek an order modifying the automatic stay to allow them to pursue a pre-litigation settlement conference/private non-binding mediation of a cause of action for personal injuries and wrongful death damages sustained by Grace Gordon, and personal injury damages sustained her twin brother Mason Gordon, on May 25, 2019, due to the alleged negligence of the Boy Scouts of America (the "Debtor"), in this matter. (*See* plaintiff's December 12, 2019, settlement demand communication outlining facts, Ex. A).

2. As set forth below, Movants may later seek an order pursuant to 11 U.S.C. §362(d), to further modify the automatic stay to allow them to proceed against the Debtor from

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Debtor's insurance coverage, but at this point Movants are seeking the even more limited relief from the automatic stay simply to engage in settlement discussions including private non-binding mediation. Movants are not seeking recovery from the Debtor personally or from any assets of the bankruptcy estate. Instead, Movants seek a modification of the automatic stay solely for the purposes of allowing them to proceed in a pre-suit non-binding mediation.

## JURISDICTION & VENUE

3. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over this matter, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## BRIEF FACTUAL BACKGROUND

4. That on May 25, 2019, the Movant, Nichole Erikson's daughter, Grace Gordon, a deceased minor, drown in the presence of her twin brother Mason Gordon, allegedly as a result of negligence by the debtor, Boy Scouts of America (hereinafter "Subject Event"). (Ex. A).

5. The Debtor is a Delaware corporation.

6. Boy Scouts of America filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about February 18, 2020 (the "Petition Date").

7. On December 12, 2019, the Movants made a demand to settle the claim for $6,500,000.00.

8. That prior to the filing of the instant bankruptcy action, the Debtor, through their insurance company, agreed to a private non-binding mediation in an attempt to resolve this claim without litigation and same was previously set for May 6, 2020.

9. On March 19, 2020, Michael P. Malone, local counsel for the Debtor in this action, provided correspondence that the Boy Scouts of America's applicable primary insurance

policy and available excess insurance policy coverage in effect for these claims exceeds the settlement demand of $6,500,000.00.

10. The Movants seek to lift the stay herein to proceed with a pre-litigation mediation conference in an effort to resolve the claims without filing a lawsuit.

**ARGUMENT**

11. Section 362(d)(1) of the Bankruptcy Code provides in relevant part: "On request of a third party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause[.]" 11 U.S.C. § 362(d)(1). To obtain relief from the automatic stay, the movant must first establish a prima facie case that "cause" exists for the relief under Section 362(d)(1). See In re Duvar Apt., Inc., 205 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. See 11 U.S.C. § 362(g)(2); In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990).

12. In Tucson Estates, the Ninth Circuit held that the bankruptcy court had abused its discretion by not abstaining and entirely lifting the stay to enable litigation to proceed. 912 F.2d 1162, 1166 (9th Cir. 1990). In doing so, the Court found the following factors to all support abstention: (1) resolution of claims in state court would favorably affect the efficient administration of the estate; (2) state law issues predominated over bankruptcy issues; (3) the existence of prior litigation of those issues which had already begun in state court; (4) the lack of federal jurisdiction basis other than bankruptcy jurisdiction for the state claims; (5) the case was a related rather than core proceeding; (6) the ease of permitting completion of the state court

3

litigation while reserving the judgment's enforcement to the bankruptcy court; and (7) the right to a jury trial in state court. Id. at 1169.

13. Finally, courts have further held that cause exists to lift the stay, and that "debtors-defendants will suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." In re Fernstrom Storage and Van Co., 938 F.2d 731 (7th Cir. 1991); see also In re Borbridge, 81 B.R. 332 (E.D. Pa. 1988) (noting that "[t]he easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as an insurance or indemnity agreement")

### A. THE TWELVE FACTORS FOR LIFTING A STAY

14. Courts have identified twelve nonexclusive factors a bankruptcy court should weigh in determining whether the stay should be lifted to allow a creditor to continue pending litigation in a non-bankruptcy forum. Those twelve factors are:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of connection or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay on the parties and the "balance of hurt."

In re Sonnax Indus., Inc., 907 F.2d at 1285.

15. All twelve factors are not relevant or applicable in every case. Id. at 1286. Nor is a court required to give each factor equal weight when making its determination. In re Burger Boys, Inc., 183 B.R. 682, 688 (S.D.N.Y. 1994).

**B. APPLICATION OF THE TWELVE FACTORS**

16. As an initial matter, the third, fourth, sixth, eighth, and ninth factors do not apply here. The remaining factors weigh heavily in favor of granting the Movants relief from the stay.

17. Under the first factor, allowing the Movant to proceed in pre-suit non-binding mediation will likely result in a complete resolution of the issues with regard to the Movant's claim and status as a creditor. The Movant's creditor status derives from her personal injury/wrongful death claims from the subject event; once that claim is resolved the only issue will be collection, likely from insurance proceeds.

18. Under the second factor, lifting the stay in order for the Movants to engage in a settlement conference would not overly interfere with or prolong the Debtor's chapter 11 case.

19. The fifth factor is particularly relevant because the Movants are seeking ultimately to recover insurance proceeds. It appears that the Debtor's insurance carrier has already assumed financial responsibility for settling the claim from the subject event. The Debtor's estate would incur little or no expense to proceed with the settlement conference/non-binding private mediation.

20. The seventh factor is also favorable to lifting the stay because doing so would not prejudice the interests of other creditors or interested parties. Allowing the claim to move forward to its conclusion will likely resolve the Movants' claim to the Debtor's estate by settlement, eliminating the need to enforce the claims in bankruptcy if the insurance carrier pays the claims. Continuing the automatic stay, however, will result in a duplication of effort and a waste of judicial resources as the Movants' claims would have to be liquidated in bankruptcy court.

21. Under the tenth and eleventh factors, resolving this catastrophic personal injury and wrongful death case without the need of pursing lengthy and costly litigation is precisely in the interest of judicial economy and the expeditious and economical determination of litigation for the parties. Resolving the claims via a settlement conference/non-binding private mediation is as efficient as it gets with regard to litigation. While state court litigation is not yet underway, lifting the stay for purposes of conducting a settlement conference could potentially relieve the parties from conducting laborious discovery, deposing many key witnesses, and conducting a jury trial. State common law concepts of negligence are at play. Judicial economy and efficiency weigh in favor of lifting the stay to resolve the action.

22. Under the twelfth factor, the "balance of hurt" weighs heavily in favor of lifting the stay for the Movant. Lifting the stay would do little to no harm to the Debtor to as it appears its insurance carrier is defending the litigation and covering any monetary damages that may flow therefrom. Continuing the stay would force the parties to relitigate state court issues and claims in a bankruptcy tribunal, and would drastically increase expenses for all parties involved. The above-captioned bankruptcy case will likely involve dozens if not hundreds of creditors; the Movant would be substantially prejudiced if she was forced to litigate her personal injury claims in bankruptcy court. Based on the factors noted above, the Movant has established sufficient cause for relief from the stay.

23. Failure to lift the stay in this case would result in a horrific and undue burden on the Movant, and would be an inefficient use of judicial resources.

### C. REQUEST FOR WAIVER OF FOURTEEN-DAY STAY PERIOD

24. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides: "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). The Movants request that any order granting the Movants relief from the automatic stay be effective immediately and that the 14-day stay period under Rule 4001(a)(3) be waived, so that the parties may continue their pre-litigation preparation to settle the claims from the subject event.

25. Counsel for the Movants has conferred with Debtors' counsel but Debtor has not yet agreed to the relief requested by this Motion.

**CONCLUSION**

26.    For the foregoing reasons, the Movant respectfully requests entry of an order granting this Motion, providing the Movant limited relief from the automatic stay to pursue the State Court Litigation through pre-litigation settlement conference(s)/private mediation, and to obtain such other and further relief as may be just and proper to allow the Movants to pursue their personal injury claims against the Debtor's insurance proceeds.

Dated: May 22, 2020
Wilmington, Delaware

Respectfully Submitted,

*/s/ James Tobia*
**James Tobia (#3798)**
The Law Office of James Tobia, LLC
1716 Wawaset Street
Wilmington, DE 19806
302-655-5303
Fax : 302-656-8053
Email: jtobia@tobialaw.com
*Counsel to Movants Nichole Erickson and Mason Gordon*

Christopher M. Norem
Cole H. Munvez
The Law Offices of Parente & Norem, P.C.
221 North LaSalle St., 27th FL.
Chicago, IL  60601
Telephone: (312) 641-5926
Facsimile: (312) 641 - 5929
cn@pninjurylaw.com
chm@pninjurylaw.com
Attorneys for Movants