IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Related Docket No.:** |

**ORDER GRANTING EVANSTON INSURANCE COMPANY'S MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001, TO MODIFY THE AUTOMATIC STAY TO PERMIT PAYMENTS OF CLAIMS AGAINST NON-DEBTOR INSURED PARTIES AND RELATED DEFENSE COSTS UNDER INSURANCE POLICIES**

Upon *Evanston Insurance Company's Motion, Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, to Modify the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies* (the "**Motion**"),[2] filed by Evanston Insurance Company ("**Evanston**") on May 22 2020, seeking entry of an order (i) lifting the automatic stay "for cause" pursuant to Bankruptcy Code section 362(d)(1), so that Evanston can continue to handle, defend, settle, and pay out Non-Stayed Claims against Non-Debtor Insureds pursuant to the Evanston Insurance Policies and (ii) waiving the 14-day stay under Bankruptcy Rule 4001(a)(3); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334(b); and the Court having found that venue of this proceeding and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that "cause" exists under section 362(d)(1) to lift the automatic stay as requested in the Motion; and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings provided in the Motion.

20980005.2

the Court having found and determined that notice of the Motion is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and the Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The automatic stay arising under 11 U.S.C. § 362(a) shall be, and hereby is, terminated pursuant to 11 U.S.C. § 362(d)(1) to permit Evanston to continue to handle, defend, settle, and pay out Non-Stayed Claims against Non-Debtor Insureds pursuant to the Evanston Insurance Policies.

3. Nothing herein (a) alters or modifies the terms and conditions of the Evanston Insurance Policies or relieves the Debtors of any of their obligations thereunder or (b) creates a direct right of action against Evanston or a claim under the Evanston Insurance Policies where such right of action or claim does not already exist under non-bankruptcy law.

4. The 14-day stay provided for in Fed. R. Bankr. P. 4001(a)(3) shall be, and hereby is, waived and this Order shall be effective immediately upon entry on the docket.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
      Wilmington, Delaware

                                                  **THE HON. LAURIE SELBER SILVERSTEIN**
                                                  **UNITED STATES BANKRUPTCY JUDGE**

20980005.2