**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Boy Scouts of America and<br>Delaware BSA, LLC,[1] | Case No. 20-10343 (LSS)<br>(Jointly Administered) |
| Debtors. | **Re: Docket No. 483** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMPLOY AND RETAIN ALIXPARTNERS, LLP
AS ITS FINANCIAL ADVISOR *NUNC PRO TUNC* TO MARCH 4, 2020**

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee")[2] appointed in the chapter 11 cases of the above-captioned Debtors and Debtors-in-possession (the "Debtors") for entry of an order (the "Order"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), authorizing the Creditors' Committee to employ and retain AlixPartners, LLP ("AlixPartners" or the "Firm") as the Creditors' Committee's financial advisor, *nunc pro tunc* to March 4, 2020; and upon the Declaration of David MacGreevey (the "MacGreevey Declaration"), which is annexed to the Application; and it appearing that this Court has

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found the Application is consistent with the Special Noticing and Confidentiality Procedures Orders; and it appearing that AlixPartners is "disinterested" and eligible for retention pursuant to sections 101(14) and 328(c) of the Bankruptcy Code, the terms of the engagement pursuant to the Engagement Letter and as modified herein, are reasonable and appropriate and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, its estate, its creditors and other parties-in-interest; and after due deliberation, and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is APPROVED solely to the extent set forth herein.

2. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, the Creditors' Committee is authorized to employ and retain AlixPartners as its financial advisor in connection with these chapter 11 cases *nunc pro tunc* to March 4, 2020, under the terms and for the purposes set forth and as requested in the Application, the MacGreevey Declaration and the Engagement Letter, as modified herein.

3. AlixPartners is authorized to perform the services enumerated in the Application, the MacGreevey Declaration and the Engagement Letter. The terms of the Engagement Letter are approved, and the Debtors shall be bound by such terms. AlixPartners shall be compensated for the services identified in the Application, the MacGreevey Declaration and the Engagement

Letter and reimbursed for out-of-pocket expenses incurred in connection with such services, pursuant to section 328(a) of the Bankruptcy Code.

4.    AlixPartners' fees for services will be based on AlixPartners' standard hourly rates, plus reasonable and necessary expenses, as set forth in the Application, the MacGreevey Declaration and the Engagement Letter.  AlixPartners shall apply for compensation and reimbursement for out-of-pocket expenses incurred in connection with the Debtors' chapter 11 cases, in compliance with Sections 328, 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and all applicable orders and procedures as may be fixed by the Court, including the *Order (1) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Interim Compensation Procedures Order"), entered by the Court on April 6, 2020, including the procedures for Monthly Fee Applications, as that term is defined in the Interim Compensation Procudures Order.

5.    AlixPartners shall comply will all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, including all information and time keeping requirements of those rules.

6.    Notwithstanding anything to the contrary in the Engagement Letter or the Application, the following indemnification provisions are hereby approved, as modified and restated herein, as follows:

> a. AlixPartners (which, for the purposes of this ¶ 6 shall include its principals, employees, representatives, agents and counsel) shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and indemnification, contribution or reimbursement therefore are approved by the Court;

      b.  The Debtors shall have no obligation to indemnify AlixPartners, or provide contribution or reimbursement to AlixPartners, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from AlixPartners's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Creditors' Committee or the Debtors allege the breach of AlixPartners's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which AlixPartners should not receive indemnity, contribution or reimbursement under the terms of the AlixPartners Engagement Letter as modified by this Order; and

      c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, AlixPartners believes that it is entitled to the payment of any amounts by the Debtors on account of the indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, AlixPartners must file an application therefore in this Court, and the Debtors may not pay any such amounts to AlixPartners before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by AlixPartners for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify AlixPartners. All parties in interest shall retain the right to object to any demand by AlixPartners for indemnification, contribution, or reimbursement. There shall be no limitation of liability in favor of AlixPartners during the pendency of these chapter 11 cases.

      d.  Any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated.

7. Notwithsanding anything to the contrary in the Application or the Engagement Letter, during the course of the Debtors' bankruptcy cases, AlixPartners shall not unilaterally terminate its engagement under the Engagement Letter absent prior approval of the Court.

8. The Creditors' Committee and AlixPartners are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

9. AlixPartners shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these chapter 11 cases.

10. To the extent AlixPartners uses the services of independent contractors (the "Contractors") in these chapter 11 cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

11. To the extent there is an inconsistency between this Order, the Engagement Letter and the Application, the terms of this Order shall govern.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to this Order or AlixPartners' services for the Creditors' Committee.

Dated: May 23rd, 2020
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

- 5 -