# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 613 |

**OBJECTION OF HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY AND TWIN CITY FIRE INSURANCE COMPANY TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") respectfully object (this "Objection") to *Debtors' Motion For An Order Approving Stipulated Confidentiality and Protective Order* [D.I. 613]. In support of this Objection, Hartford states as follows:

1.  Hartford agrees that entry of a protective order is appropriate in this case. Over the past several weeks, Debtors, Hartford and other parties in interest have been hard at work to try to reach agreement on the terms of a mutually agreed Order. The parties in interest have engaged in multiple telephone conferences to discuss various terms, and circulated a number of drafts over this past holiday weekend and as recently as last night, when Debtors circulated their final proposed Order.

2.  Debtors' proposed Order has been the product of extensive negotiation among the parties in interest, and is acceptable to Hartford in nearly all respects. However, Debtors'

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

1

proposed Order is flawed in one critical respect; it does not reflect that there are a range of potentially protected common interest communications that the Order should protect.

3. Under the Order, Parties that intend to produce material that is or may be subject to a common interest protection -- defined as **Common Interest Protected Material** under the proposed order -- may not produce that material absent the consent of all parties with a shared legal interest. *See* Debtors' Proposed Order § 8.4. If the producing party and the common interest party cannot agree on the terms of production, then the producing party must seek leave of Court, in which case the Court determines whether the documents constitute Common Interest Protected Material. If the Court determines that the documents in question contain protected Common Interest Material, the producing party is not permitted to produce them. *See id.* This mechanism is similar to the one that this Court has adopted in at least one other mass tort case -- the *Imerys* case. *See In re Imerys Talc America, Inc.*, *et al.*, Case No. 19-10289 (LSS) (Bankr. D. Del.) [D.I. 1083].

4. Debtors' definition of what constitutes Common Interest Protected Material, however, is too narrow. The proposed definition is limited to documents or communications shared between an insurer and a policyholder for which there is a claim of privilege or protection:

> **Common Interest Protected Material**: documents, information, or communications that are subject to the attorney-client privilege, attorney work-product doctrine, or other privilege or protection from disclosure, and are *shared between an insurer and its policyholder* (e.g., documents that reflect defense strategy, case evaluations, discussions of settlement/resolution, and communications between insurer and policyholder regarding underlying litigation).

*See* Debtors' Proposed Order, Section II (emphasis added).

5. Common interest protection should not be limited to communications and documents exchanged between a policyholder and its insurer. Courts have recognized that any

shared legal interest may be sufficient. *See, e.g., In re Cherokee Simeon Venture, LLC*, No. 12-12913 (KG), 2012 WL 12940975, at *2 (Bankr. D. Del. May 31, 2012) (common interest doctrine applies where: "(1) the communication was made by separate parties in the course of a matter of common interest; (2) the communication was designed to further that effort; and (3) the privilege has not otherwise been waived."). A common legal interest may arise in this case, therefore, for documents exchanged among the insurers, as well as among other parties in interest in this case. So long as the requirements set forth above are met, the same legal protections should apply, and the Protective Order should ensure that such documents are not disclosed without the consent of all parties that have a legitimate protected interest.

6. Hartford's proposal reflects that the common interest doctrine is not strictly limited to policyholder-insurer communications, though that type of communication presents examples where protection would be appropriate:

> **Common Interest Protected Material:** otherwise protected documents or information in which two or more parties share a common interest (e.g., attorney-client communications, attorney work product, documents reflecting defense strategy, case evaluations and/or discussion of settlement/resolution and communications between insurer and policyholder regarding underlying litigation).

*See* Hartford's Proposed Order, Section II. This definition is consistent with the case law, but also appropriately recognizes that there may be a variety of relationships in this case that give rise to common interest protection. The Protective Order should be sufficiently flexible to accommodate all of them and should provide for consistent treatment of all documents in which parties may claim protection for a common legal interest. Hartford's proposed revision of the Protective Order incorporating this definition is attached as **Exhibit A**.

7. In all other respects, Hartford's proposal follows the proposed Order that Debtors have submitted to the Court.

**CONCLUSION**

Hartford respectfully requests that Court enter Hartford's proposed Protective Order attached as **Exhibit A**.

| | |
|---|---|
| Date: May 27, 2020<br>Wilmington, Delaware | BAYARD, P.A.<br><br> */s/ Gregory J. Flasser*<br>Erin R. Fay (No. 5268)<br>Gregory J. Flasser (No. 6154)<br>600 North King Street, Suite 400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 655-5000<br>Facsimile:  (302) 658-6395<br>Email:  efay@bayardlaw.com<br>         gflasser@bayardlaw.com<br><br>- and -<br><br>James P. Ruggeri (admitted *pro hac vice*)<br>Joshua D. Weinberg (admitted *pro hac vice*)<br>Abigail W. Williams (admitted *pro hac vice*)<br>Shipman & Goodwin LLP<br>1875 K Street, NW, Suite 600<br>Washington, DC 20003<br>Tel:  (202) 469-7750<br>Fax:  (202) 469-7751<br><br>- and -<br><br>Eric S. Goldstein (admitted *pro hac vice*)<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103<br>Tel:  (860) 251-5000<br>Fax:  (860) 251-5099<br><br>*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company* |

4