**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF TIMOTHY V.P. GALLAGHER PURSUANT TO RULE
2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE WITH
RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)
APPOINTING MEDIATORS, (II) REFERRING CERTAIN MATTERS TO
MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF**

I, Timothy V.P. Gallagher, under penalty of perjury declare as follows:

**PROFESSIONAL QUALIFICATIONS AND EXPERIENCE**

1.      I am the founder and principal of The Gallagher Law Group, which is located in Los Angeles, California.  I submit this Declaration in support of my selection  as a mediator in this chapter 11 case.

2.      I graduated Phi Beta Kappa from the University of Southern California in 1988 with a Bachelor of Arts in History and Political Science.  I graduated from Loyola Law School in 1991.  I became a member of the California bar in 1991 and have remained a member in good standing since that time.

3.      Beginning in the 1990s, I became involved in complex litigation, including defending the State of California against Rhone-Poulenc and Astra-Zeneca in litigation over clean-up costs for Iron Mountain Mine in Northern California which, at that time, produced some of the

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

world's most acidic water.  After defending the state in the environmental litigation, I successfully

negotiated a complex risk transfer structure for the clean-up of the site.  The insurers' payments,

which totaled approximately $1 billion over thirty years, represented the largest risk transfer in the

history of litigation involving the state of California at that point in time (2000).

4.      For the next decade, I continued to represent the State of California in toxic tort and

long-tail environmental clean-up litigation, including successfully representing the state against

British Petroleum with regard to the Leviathan Mountain Mine.  A listing of other representative

environmental litigation engagements is attached as **Schedule A**.

5.      In addition, in approximately 2005, I began mediating complex tort and insurance

disputes, spending approximately 25% of my time as a neutral.  In 2006, for example, I was

engaged as mediator to resolve litigation between Dole and more than 6,600 plaintiffs in Louisiana,

Texas, Latin America and the Philippines over the use of the pesticide DBCP.  As part of that

engagement, I developed an impairment and settlement matrix that was used for the successful

resolution of those claims.

6.      By 2010, my mediation practice had grown to the point that it occupied almost

100% of my professional time, which has remained the case over the past decade.  In the course

of my practice I have continued to serve as a mediator in large-scale multi-plaintiff and mass tort

cases, such as:

- *Jiminez Flores, et al. v. RSR Corporation, et al.*, (toxic tort action brought by approximately 1,400 plaintiffs in Texas concerning hazardous wastes allegedly generated by a recycling operation in El Florido, Mexico);

- *Laura Buckwald, et al. v. Bankers United Life Assurance Co., Ltd.*, (class action including approximately 19,000 plaintiffs concerning losses to private pension plans); and

- *Adelino Acosta, et al. v. Shell Oil Company* (multi-plaintiff litigation involving 1,462 plaintiffs alleging harm, including autoimmune disease, arising from homes built over former bulk storage facility).

7.      The most substantial portion of my mediation practice currently involves complex insurance disputes.  To date, I have mediated more than one thousand insurance cases, many of which have dealt with claims for damages from bodily injury or property damage arising from long-tail injuries such as environmental contamination and exposure to asbestos and including claims that arise out of chapter 11 bankruptcy cases.

### DISCLOSURES

8.      Debtors provided me with a list of names of individuals or institutions who are potentially interested parties in this case (collectively, the "Interested Parties"), a copy of which is attached hereto as **Schedule B**.  I reviewed the list of Interested Parties and conducted a search of my records and the records of the Gallagher Law Group for connections to the Interested Parties.

9.      My search indicated that I am currently a mediator for disputes involving some of the parties and counsel identified on **Schedule C**, and that I have mediated with these and other **Schedule C** parties in the past.

10.     The list of parties and counsel for whom I have in the past served, or am currently serving, as mediator, is also set forth on **Schedule C**.  Except for those individuals and entities identified on **Schedule C** attached hereto, to the best of my knowledge and belief neither myself nor my firm have any representations or connections with the Interested Parties.

11.     Other than as set forth on **Schedule C**, to the best of my knowledge, information and belief after due inquiry, neither I nor The Gallagher Law Group has any interest or connection with the Debtors, their creditors, the United States Trustee or any person employed by that Office, the Judges for the United States Bankruptcy Court for the District of Delaware, or any other known party-in-interest.

12.     The Gallagher Law Group (and I) do not represent and have not represented any of the Interested Parties, nor have I been retained by any of the law firms identified in Schedules 1(m) and 1(n).

13.     The information contained in **Schedule C** has been compiled by me as a result of the search of my records and records of The Gallagher Law Group, and is based on my best efforts to comply with the provisions in Bankruptcy Rule 2014.  Should any new relevant facts or relationships bearing on the disclosures in this Declaration be discovered or arise, I will use reasonable efforts to identify such further developments and will promptly make additional disclosure to the Court as required by Bankruptcy Rule 2014.

<u>**AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS**</u>

14.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry based on the list of Interested Parties, The Gallagher Law Group and I are each a "disinterested person," as defined in section 101(4) of the Bankruptcy Code, in that neither I nor The Gallagher Law Group:

    a.     have any connections with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with any actual or potential interest in this case or their respective attorneys or accountants;

    b.     are creditors, equity security holders or insiders of the Debtors;

    c.     are, or have been within two years of the Petition Date, a director, officer or employee of the Debtors, and

     d.     have any interest materially adverse to the Debtors, their estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

15.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry based on the list of Interested Parties, my firm and I are independent parties with no conflicting interest with any of the parties involved in this bankruptcy case.  I do not have any interest that would adversely affect my ability to serve as mediator in this bankruptcy case or that is otherwise materially adverse to any Interested Party.

**COMPENSATION AND TERMS OF SERVICE**

16.     To date, I have not received any compensation in this bankruptcy case, nor has any agreement been made as to compensation to be paid.  No agreement or understanding exists between me and any other person for the sharing of compensation received or to be received for services rendered by me in connection with this proceeding.

17.     I will charge the Mediation Parties for my mediation services, as instructed by the Court, on an hourly basis at my ordinary and customary rate in effect on the date that such services are rendered and for reimbursement of all costs and expenses incurred by me in connection with my mediation services.  My current hourly rate is $950.  I do not expect that anyone else within The Gallagher Law Group will bill for services rendered on this engagement.  My hourly rate is subject to periodic adjustments to reflect economic and other conditions, with the hourly rate charged being the hourly rate in effect on the date that the services are performed.

18.     In addition to the hourly rates set forth above, I customarily charge my mediation clients for the variable costs and expenses incurred in connection with my services, including mail and express mail charges, special- and hand-delivery charges, photocopying charges, travel

expenses, transcription costs, expenses for "working meals," computerized research costs, and charges and fees of outside vendors, consultants and service providers.

19.      I will charge the Mediation Parties no more than $0.10 per page for standard duplication services in this proceeding.  I do not charge my mediation clients for incoming or outgoing facsimile transmissions.  To the extent that I incur any other office expenses, they will be billed at cost.

## STATEMENT PURSUANT TO THE U.S. TRUSTEE GUIDELINES

20.      The following responses are provided in response to the questions set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

a.      I have not agreed to any variations from, or alternatives to, my standard or customary billing arrangements for this engagement;

b.      My hourly rates are consistent with the rates that I charge other chapter 11 clients, regardless of the geographic location of the chapter 11 case;

c.      I have not represented the Debtor or any Interested Party in the 12 months prepetition; and

d.      I have not prepared a budget or staffing plan for this bankruptcy case.

21.      I am authorized to submit this Declaration, and if called upon to testify, would testify competently to the facts set forth herein.

22.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED:   May 27, 2020                    _____
                                                                Timothy V.P. Gallagher

6