**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket Nos. 17, 161, 164, 166, 316** |

**DECLARATION OF ERIC D. GREEN IN CONNECTION WITH DEBTORS' MOTION
FOR ENTRY OF AN ORDER (I) APPOINTING MEDIATORS,
(II) REFERRING CERTAIN MATTERS TO MANDATORY
MEDIATION, AND (III) GRANTING RELATED RELIEF**

I, Eric D. Green, under penalty of perjury declare as follows:

1. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or information supplied to me by other Resolutions, LLC employees. To the extent any information disclosed herein requires amendment or modification as additional party in interest information becomes available to me, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

2. I submit this declaration in connection with the *Debtors' Motion For Entry Of An Order (I) Appointing Mediators, (II) Referring Certain Matters To Mandatory Mediation, And (III) Granting Related Relief* (the "Mediation Motion"), pursuant to sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**Background**

3.      I am a full-time mediator with Resolutions, LLC ("Resolutions"), an ADR firm located in Boston, Massachusetts. I retired as a Professor at the Boston University School of Law in 2007 after thirty years teaching negotiation, mediation, complex ADR processes, resolution of mass torts, constitutional law and evidence. I subsequently taught Evidence at Harvard Law School as a Lecturer in Law. I was a co-founder of JAMS/EnDispute, the largest private ADR provider in the United States, and I am a co-founder and principal of Resolutions, LLC, a Boston-based provider of neutral ADR services.

4.      I was a member of the Center for Public Resources International Institute of Dispute Resolution virtually since its inception, over 40 years ago, and have served on many of its panels and committees and spoken at numerous of its conferences and programs on mediation and ADR. I am now a member of its Board of Directors. I am also a member of the National Academy of Special Masters and a member of the Board of Directors of the AAA-IOCDR Foundation. I was a co-author with Professors Frank Sander and Stephen Goldberg of the first edition of *Dispute Resolution*, the first law school textbook on ADR, and have written numerous books and articles on dispute resolution and evidence.

5.      I maintain an active ADR/mediation/arbitration/Special Master practice for complex, legally-intensive disputes. I have successfully mediated many high stakes cases, including the *United States v. Microsoft* antitrust case, various Mastercard/Visa merchants' class action antitrust cases, portions of the Enron Securities class action cases, the LCD, CRT, LIB, vitamin, and polyurethane antitrust cases, the childhood and adult cancer cases in Toms River, New Jersey, numerous large construction cases, including most of the disputes arising out of the design and construction of major league baseball and football stadiums, environmental cases,

insurance coverage, reinsurance treaties, intellectual property, international disputes, ERISA cases, and consumer cases. I have mediated many complex, multi-party class action cases involving horizontal and vertical price-fixing antitrust claims, mergers and acquisitions, contract disputes, securities fraud, shareholder derivative claims, accounting problems, mass torts, employment, gas line explosion, contamination, and consumer claims. I have mediated dozens if not hundreds of antitrust class actions. In the past few years, I have also mediated many large cases arising out of the 2007-2008 financial crisis, including class actions involving all aspects of mortgage-based securities, CDO's, auction-rate securities, private equity, and various types of financial fraud. Many of the cases I have mediated have involved the federal government, state governments, or regulatory agencies.

6. I have also served as court-appointed Special Master, the Legal Representative for Future Claimants, Mediator and Guardian Ad Litem in class or mass claimant matters in the Northern District of Ohio, Southern District of New York, District of Massachusetts, District of Connecticut, Eastern District of Texas, and Eastern District of Michigan. Currently I am serving as the Special Master and Trustee for all Takata airbag personal injury and wrongful death claims.

7. I am a 1968 Honors graduate of Brown University and graduated in 1972 from Harvard Law School, magna cum laude, where I was Executive Editor of the Harvard Law Review. I am a member of the bars of the states of California (inactive) and Massachusetts, the United States District Courts for the Northern and Central Districts of California and the District of Massachusetts, several Courts of Appeals, and the Supreme Court of the United States. Prior to teaching at Boston University School of Law, I clerked for the Hon. Benjamin Kaplan,

Supreme Judicial Court of Massachusetts and then was an associate and partner at Munger Tolles & Olson in Los Angeles.

8.  I have delivered hundreds of lectures, panel discussions and training sessions on ADR and taught or supervised more than one thousand students in ADR while mediating more than one hundred cases a year for over 40 years. I continue to teach classes to federal and state judges and others about the innovative use of Special Masters, mediators and ADR in complex cases. In 2001, I was awarded a Lifetime Achievement Award from the American College of Civil Trial Mediators. I was voted Boston's Lawyer of the Year for Alternative Dispute Resolution for 2011 based on my "particularly high level of peer recognition." In 2011, I received the James F. Henry Award for Outstanding Contributions to the field of ADR from The International Institute for Conflict Prevention & Resolution.

## Disclosures

9.  I have reviewed my past engagements, holdings, and interests, and I do not believe that, as a result of my past or current engagements, holdings, interests, or otherwise, there is anything that would prevent me from serving as a neutral mediator in the Debtors' chapter 11 cases (the "Chapter 11 Cases").

10. Neither I nor any entity in which I have a material interest have a claim against the Debtors in these proceedings or any related parties.

11. In connection with my proposed retention as mediator in these Chapter 11 Cases, my firm, Resolutions, LLC, has undertaken the procedures described below to determine whether there exists any conflict or other relationship that might cause me not to be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

12. Resolutions has searched its electronic records for any connections to the entities listed as Potential Parties in Interest on the "Schedules" attached hereto. To the best of my knowledge, the same Potential Parties in Interest list has been used by the Debtors and other professionals in these Chapter 11 Cases for conflicts purposes.

13. I have reviewed all current and former clients of Resolutions for at least the last three (3) years and, except for those identified on Appendix 1 attached hereto, to the best of my knowledge and belief there are no other representations or connections with parties on the Schedules.

14. To ascertain my or Resolutions' "connections," as that term is used in Federal Rule of Bankruptcy Procedure 2014, with the Debtors and other parties-in-interest, my staff and I reviewed the list of parties in interest and counsel that is attached hereto as the Schedules. The list includes (a) the Debtors and affiliates, including previous names of Debtors, (b) the Debtors' current and former officers and directors, (c) the Debtors' bankruptcy counsel, professionals and other professionals, (d) Future Claimants' Representative and professionals, (e) members of the Committee, representatives, and proposed counsel for the Committee, (f) the top plaintiffs' law firms representing sexual abuse claimants, (g) insurers and issuers of surety bonds, (h) unsecured creditors and vendors, (i) significant customers, (j) taxing and other significant governmental authorities, (k) the United States Trustee and persons employed in that office, and (l) Judges for the United States Bankruptcy Court for the District of Delaware, staff and clerk of the Court. Resolutions also conducted an electronic search of its database of the parties identified on the Schedules.

15. In verifying the connections disclosed in Appendix 1, I have relied upon the professionals and staff at Resolutions and the investigation they have undertaken to compile the

information upon which such disclosures are based. In furnishing this information, I have not included parties, counsel, insurers, or others who merely participated in prior mediations or arbitrations that I have conducted as a neutral. Appendix 1, attached hereto, is a summary of the results of our records search of the parties, firms, and persons listed on the Schedules.

16.     Other than as set forth above and described in Appendix 1 or disclosed herein or in the Application, to the best of my knowledge, information, and belief after due inquiry, neither I nor Resolutions has any other interest or connection with the Debtors, their creditors, the United States Trustee or any person employed in that Office, the Judges for the United States Bankruptcy Court for the District of Delaware, or any other known party-in-interest.

17.     In addition to the connections disclosed in Appendix 1, I have mediated or arbitrated numerous disputes where one or more of the parties or counsel, including insurers or their counsel, involved in these Chapter 11 Cases have also participated either directly as a named party in mediation or arbitration or as the insurer or counsel for a named party. Although Resolutions does not maintain a complete detailed list of mediation parties and counsel that have participated in disputes that I have mediated, especially insurers who are not named parties in the mediation but which may attend and be very much involved in settling the dispute, a cursory examination of our records reveals that I have mediated approximately 25 cases in which a Chubb entity has been involved as a party or insurer, approximately 25 cases in which an AIG entity has been a party or an insurer, and about a half-dozen cases in which a Hartford entity has been a party or an insurer. In addition, I have appeared in a case as an expert witness for AIG.

18.     The information listed on the Schedules may change without my knowledge and may change during the pendency of these Chapter 11 Cases. Should such information change, I will have Resolutions review its files against any updated information received from the Debtors

or the Court and will update this Declaration, as described below, should I become aware of new material information during the pendency of these Chapter 11 Cases pursuant to the procedures described herein and make additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

19. Approval of my proposed engagement is not prohibited by Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, have not connections with the United States Bankruptcy Judge assigned to these Chapter 11 Cases, the UST for the District of Delaware, or any of their employees.

### Affirmative Statement of Disinterestedness

20. Based on the conflicts procedures conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) I am "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) I am independent of the Debtors and other parties in interest, (c) I do not have any interest that would adversely affect my ability to serve as mediator in these Chapter 11 Cases or that is materially adverse to any party-in-interest in these Chapter 11 Cases, and (d) I do not have connections to the Debtors, their creditors or any other party in interest except as disclosed herein.

21. I am authorized to submit this Declaration, and if called upon to testify, I would testify competently to the facts set forth herein.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 28, 2020
       Boston, Massachusetts                                   */s/ Eric D. Green*
                                                          Eric D. Green
                                                          Principal
                                                          Resolutions, LLC