## **Exhibit B**

Redline

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## CONFIDENTIALITY AND PROTECTIVE ORDER

This Confidentiality and Protective Order (this "**Order**") shall govern the production, review, disclosure, and handling of any Discovery Material by Boy Scouts of America and Delaware BSA, LLC (together, the "**Debtors**"), the Ad Hoc Committee of Local Councils of the Boy Scouts of America (the "**Local Council Committee**"), the Tort Claimants Committee (the "**TCC**"), the Future Claimants' Representative (the "**FCR**"), the Official Committee of Unsecured Creditors (the "**UCC**"), any other Official Committee, the insurers identified in **Exhibit B** hereto (the "Insurers"), and other parties in interest having a right to be heard in the Chapter 11 Cases in accordance with 11 U.S.C. §§ 1109(b) who assent to be bound to this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as **Exhibit A** hereto (each individually, a "**Party**" and, collectively, the "**Parties**").[2]

## I.  PURPOSES AND LIMITATIONS

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined in this paragraph and in Section I (Purposes and Limitations) of this Order shall have the meanings ascribed to such terms elsewhere in this Order.

This Order applies to the production, disclosure, handling, dissemination, exchange, and use of documents and all discovery in the Chapter 11 Cases and related proceedings, including: discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); materials produced, provided, or made available on a voluntary basis; and discovery in connection with judicial or other proceedings, such as contested matters, adversary proceedings and other disputes provided, however, to the extent Discovery Material has been or will be produced by a Producing Party to any individual Member of an Official Committee or Local Council Committee in its individual capacity and such production is subject to another order of a court then such other order shall control the handling of such Discovery Material, or other discovery. The Parties have sought and will seek certain Discovery Material (as defined below) from one another and other parties in interest in and with respect to the Chapter 11 Cases (collectively, "**Discovery Requests**") on a voluntary basis and as provided by the Federal Rules of Civil Procedure (the "**Federal Rules**"), the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). As a result, the Parties have produced, provided access to, and made available, and might continue to produce, provide access to, and make available, certain Discovery Material. The purpose of this Order is to facilitate and expedite the production, exchange and treatment of Discovery Material and to protect Discovery Material that a Party or Party in Interest seeks to maintain as confidential in accordance with the terms hereof.

For purposes of this Order, unless otherwise provided herein, the words "include" and "including" and variations thereof, shall not be deemed to be terms of limitation and shall be deemed to be followed by the words "without limitation."

## II. **DEFINITIONS**

**Bankruptcy Court**:  the United States Bankruptcy Court for the District of Delaware.

**Business Day**:  any day, other than a Saturday, Sunday or "legal holiday" as such term is defined in Bankruptcy Rule 9006(a).

**Challenging Party**:  a Party that challenges the designation of Discovery Material under this Order.

**Chapter 11 Cases**:  the above-captioned chapter 11 cases of the Debtors, including any contested matter or adversary proceeding filed in connection with the above-captioned cases.

**Common Interest Protected Material**: documents, information, or communications that are subject to the attorney-client privilege, attorney work-product doctrine, or other privilege or protection from disclosure, and are shared between ~~an insurer and its policyholder~~two or more parties with a similar legal interest at the time the documents, information or communications were shared (e.g., documents that reflect defense strategy, case evaluations, discussions of settlement/resolution, and communications between insurer and policyholder regarding underlying litigation).

**Common Interest Party**: any Party or party in interest asserting an interest in Discovery Material that constitutes Common Interest Protected Material.

**Counsel (without qualifier)**:  Outside Counsel or In-House Counsel (as well as their respective support staff).

**Derivative Information**: as defined in Paragraph 5.6.

**Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are (1) produced or generated in disclosures or responses to Discovery

3

Requests; (2) produced, provided, or made available on a voluntary basis; or (3) otherwise provided to Counsel and Other Retained Professionals. "Discovery Material" includes deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, all materials contained in the secure data rooms maintained by the Debtors, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

**Future Claimants' Representative**:  James L. Patton Jr. appointed pursuant to the *Order Appointing James L. Patton Jr., as Legal Representative for Future Claimants, Nunc Pro Tunc to the Petition Date* [D.I. 486].

**In-House Counsel**: attorneys (and their support staff) who are employees or contractors of a Party.

**Member:**  any member of an Official Committee or the Local Council Committee, and such member's Counsel, Other Retained Professionals, representatives, or agents for such member, who are working on or consulted in connection with the Chapter 11 Cases and have been directed by such member to, and have agreed to, treat the Discovery Material in accordance with the terms of this Order.

**Official Committee**: the TCC, the UCC, and any other statutory committee appointed by the U.S. Trustee under section 1102 of the Bankruptcy Code that assents to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A.

**Other Retained Professionals**: financial advisors, accounting advisors, industry advisors, experts, consultants and other professionals (and their respective staff) that are retained in connection these Chapter 11 Cases by the Debtors, the Local Council Committee, the Insurers,

4

the FCR, or any Official Committee, and that assent to be bound to this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A. For the avoidance of doubt, "Other Retained Professionals" does not include "Counsel."

**Outside Counsel**: attorneys (and their support staff) who are not In-House Counsel of a Party but are retained to represent or advise a Party regarding the Chapter 11 Cases.  With respect to the Debtors and any Official Committee(s), Outside Counsel refers to counsel that has been retained by the Debtors or any Official Committee, the retention of which has been approved or is sought to be approved by the Bankruptcy Court.  With respect to the Local Council Committee, Outside Counsel also includes attorneys who have assented to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A, so long as the attorney continues to represent or advise a Member or Members of the Local Council Committee.

**Party in Interest**: any person or entity (other than a Party) that provides Discovery Material to a Party that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" and produced by any Party.

**Privileged Material**: documents or information, regardless of the medium, that are protected by a privilege or are otherwise protected from disclosure, including the attorney-client privilege, attorney work-product doctrine, mediation or settlement privilege, or joint defense privilege, or that otherwise constitute Common Interest Protected Material.

**Privilege or Protection**: the attorney-client privilege, attorney work product doctrine, mediation or settlement privilege, joint defense privilege, and/or any protections that apply to material that constitutes Common Interest Protected Material.

**Producing Party**: any person or entity that produces, provides, or makes available Discovery Material to any Party.

**Professional Vendors**: persons or entities that provide litigation support services to a Party (*e.g.*, facilitating conference calls, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**Protected Material**: Discovery Material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY."

**Receiving Party**: a Party that receives Discovery Material from a Producing Party.

### III. SCOPE

This Order applies to all Discovery Material that is produced, formally or informally, voluntarily or in response to a formal Discovery Request, in connection with the Chapter 11 Cases. Discovery Material produced in connection with the Chapter 11 Cases, including pursuant to Bankruptcy Rule 2004, may (unless otherwise agreed by the Producing Party, the Debtors, the Local Council Committee, each Official Committee, the FCR, and any Common Interest Party with respect to the Discovery Material at issue)  only be used by a Receiving Party to whom such Discovery Material is produced, and may only be used in the Chapter 11 Cases, including in connection with any contested matter or adversary proceeding in the Chapter 11 Cases.[3] Discovery Material may not be used in connection with any other litigation unless agreed to by the Producing Party of such Discovery Material and by all Parties to such other litigation and, with respect to any Discovery Material that includes or constitutes Common Interest Protected Material, the consent of all Common Interest Parties.[4] This Order does not affect, amend or modify any existing confidentiality agreements, common-interest agreements joint-defense agreements, bylaws of any Official Committee or unofficial committee, non-disclosure agreements, intercreditor agreements, protective orders or similar agreements applicable to any Producing Party, Receiving Party, and/or Party in Interest, including protective orders entered in connection with any other litigation involving any Producing Party, Receiving Party, and/or Party

---

[3] The Parties reserve all rights with regard to the discoverability and admissibility of Discovery Material in any particular contested matter, adversary proceeding, or other litigation.

[4] This provision shall not be read to allow any person or entity to become a Receiving Party to Discovery Material, or to gain access to or use Discovery Material, that is not produced to such person or entity by the Producing Party. This provision shall not be read to allow any Party to use Privileged Material, inadvertently disclosed or otherwise, in these Chapter 11 Cases or in any other litigation.

in Interest (collectively, the "**Existing Confidentiality Agreements**"), and nothing in this Order shall constitute a waiver of any rights under such Existing Confidentiality Agreements. Where this Order is in conflict with any Existing Confidentiality Agreement applicable to any Producing Party, Receiving Party, or Party in Interest, the provision that provides the most confidentiality protection for Discovery Materials applies (but solely in connection with these Chapter 11 Cases). In the event of a dispute, a Party relying on an Existing Confidentiality Agreement shall produce copies of such Existing Confidentiality Agreement that it contends provides more confidential protection than this Protective Order and, notwithstanding anything to the contrary herein, all Parties reserve the right to contest or challenge (using the procedures in Section VI) the terms and scope of any such Existing Confidentiality Agreement as applicable to any Discovery Material.

The protections conferred by this Order apply not only to Protected Material and Privileged Material, but also (1) any information copied or extracted from Protected Material or Privileged Material; (2) all copies, excerpts, summaries, or compilations of Protected Material or Privileged Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material or Privileged Material. This Protective Order shall apply to information received in connection with these Chapter 11 Cases, including information obtained pursuant to Paragraph 5.9, but it shall not apply to information that is either: (a) obtained by the Receiving Party in compliance with this Order after the disclosure from a source who lawfully obtained the information and was under no obligation of confidentiality to the Producing Party, or to any Common Interest Party with respect to Common Interest Protected Material; or (b) that was in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

publication or disclosure not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

## IV. <u>DURATION</u>

Even after the Debtors' emergence from the Chapter 11 Cases (or if the Chapter 11 Cases are dismissed), the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order entered by the Bankruptcy Court directs otherwise. The Debtors' emergence from the Chapter 11 Cases or the dismissal of the Chapter 11 Cases shall not relieve the Parties from their responsibility to maintain the confidentiality of Discovery Material and Privileged Material pursuant to this Order, and the Bankruptcy Court shall retain jurisdiction to enforce the terms of this Order.

## V. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Manner and Timing of Designations</u>. Subject to Paragraphs 5.6 and 5.7 and, except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before or at the time the material is disclosed or produced. Any Producing Party may designate Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" in accordance with the following provisions:

5.2 <u>"CONFIDENTIAL" Material</u>. A Producing Party may designate Discovery Material as **"CONFIDENTIAL"** if such Producing Party reasonably believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been reasonably advised by such Party in Interest) that: (1) such Discovery Material (a) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules, or (b) is subject to an Existing

Confidentiality Agreement or other legally protected right of privacy; or (2) the Producing Party (a) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (b) has in good faith been requested by a Party in Interest to so designate such Discovery Material on the grounds that such Party in Interest considers such Discovery Material to contain information that meets the standard for "CONFIDENTIAL" as set forth herein.

5.3 <u>"HIGHLY CONFIDENTIAL" Material</u>. A Producing Party may designate Discovery Material as "**HIGHLY CONFIDENTIAL**" if such Producing Party believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been advised by such other person or entity in good faith) that such Discovery Material contains information that: (a) constitutes a trade secret under applicable law; or (b) contains such highly sensitive financial, personal, or business information that is of such a nature that disclosure to persons other than those identified in Paragraph 7.3 of this Order, as applicable, would present a risk of competitive injury. Such HIGHLY CONFIDENTIAL material includes, but is not limited to, Discovery Material reflecting trade secrets; sensitive financial, personal or business information, including insurance policy information; any financial information provided by an individual Local Council originally designated as "Committee Advisor Only" but converted to "Highly Confidential" pursuant to Paragraph 7.4; or those portions of any material prepared by such Producing Party's legal advisors, industry advisors, financial advisors, accounting advisors, experts or consultants (and their respective staff) that are retained by any Party that include or reveal Highly Confidential Discovery Material.[5]

---

[5] Information pertaining to abuse victims, minors, BSA employees, and BSA volunteers remain subject to the confidentiality requirements imposed by the Court. D.I. 9, 66.

5.4. "COMMITTEE ADVISOR ONLY" Material. A Producing Party may designate the following material as "**COMMITTEE ADVISOR ONLY**": (a) unaggregated financial information provided by the Local Councils; and (b) any other Discovery Material that the Producing Party and Receiving Party agree to treat as **"COMMITTEE ADVISOR ONLY"** due to its proprietary or otherwise highly sensitive nature.[6] For the avoidance of doubt, any financial information provided by an individual Local Council, which pertains solely to such Local Council, shall qualify as "unaggregated financial information pertaining to the Local Councils."[7]

5.5 Manner Of Designating Discovery Material. Designation in conformity with this Order requires the following:

(a) For Discovery Material produced, provided, or made available in documentary form (*e.g.*, paper or electronic documents or records, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix a legend to each page identifying such material as (i) "Subject to Protective Order," and (ii) and "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY." With regard to native files to which a legend cannot practicably be affixed, the Producing Party shall include the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name. Notwithstanding any other provision of this Order, any Producing Party may redact personally identifying donor information from Discovery Materials that are produced, provided, or made available, regardless

---

[6] Notwithstanding the foregoing, and subject to paragraph 7.4 below, the Official Committees' Other Retained Professionals may provide Members of their respective Official Committee summaries of financial information pertaining to the Local Councils, provided such summaries aggregate the financial information and do not report the financial information of any particular Local Council.

[7] Nothing in paragraph 5.4 allows for the prospective sealing of any Discovery Material. Any Party or party in interest seeking to keep materials under seal once they are used in a filing or in open court must seek such relief in accordance with paragraphs 7.6–7.8 below, regardless of how such Discovery Material was designated at the time of production.

of whether such Discovery Materials are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "COMMITTEE ADVISOR ONLY," or none of the above, subject to the procedures for challenging redactions set forth in Section 6 of this Order.

(b) Except as provided in Paragraph 7.8, for testimony given in deposition or in other pretrial or trial proceedings, such testimony may be designated as Protected Material: (1) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (2) providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, such shorter period of time as practicable under the circumstances and to which all Parties consent (such consent not to be unreasonably withheld). Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as HIGHLY CONFIDENTIAL unless otherwise designated by counsel to any Party on the record at the deposition or in other pretrial or trial proceedings. Discovery Material previously designated as Protected Material that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

(c) For Discovery Material produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY."  If possible, the

Producing Party shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(d) For Discovery Material produced, provided, or made available through the secure data rooms maintained by the Debtors, including Discovery Material provided or made available voluntarily, that the Producing Party identify Protected Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" when providing such Protected Material to the data room's administrator(s). Such material will be affixed within the data rooms with a watermark identifying such material as (i) "Subject to Protective Order," and (ii) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," consistent with the designation provided by the Producing Party.

5.6 <u>Derivative Information</u>. Extracts, summaries, compilations, and descriptions of Discovery Material and notes, electronic images or databases containing Discovery Material (**"Derivative Information"**) shall be treated as Protected Material in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

5.7 <u>Inadvertent Failures to Designate</u>. The failure to designate particular Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Protected Material or later apply another designation pursuant to this Order (**"Misdesignated Material"**). At such time, the Receiving Party or Parties shall make arrangements for the sequestration of the Misdesignated Material, and the Producing Party shall substitute, where appropriate, properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation,

13

the Receiving Party or Parties shall promptly take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with the Bankruptcy Court, no Party shall be bound by such later designation except to the extent determined by the Bankruptcy Court upon motion of the Party that did not make the designation. Notwithstanding the foregoing, any Receiving Party reserves the right to challenge the new designation of any Misdesignated Material on any grounds pursuant to the terms of this Protective Order.

5.8 Treatment of "Ineligible Volunteer Files" and Related Documents. As soon as practicable after the entry of this Protective Order, representatives of the Debtors, TCC, UCC, FCR, Insurers, and Local Council Committee shall meet and confer in good faith to jointly determine the treatment of the documents known as the "Ineligible Volunteer Files" and related documents, including files that concern sexual abuse or similar sexually inappropriate behavior or conduct (collectively, the "**IV Files**"). If these parties are unable to agree to the treatment of the IV Files, then the parties shall consult with one or more of the mediators appointed by the Bankruptcy Court ("**Plan Mediator**") in order to reach a resolution. In the event the Parties named in this paragraph cannot reach a resolution in consultation with the Plan Mediator, such Parties may seek the Court's intervention in accordance with Section 6.2 of this Order.

5.9 <u>Documents Produced in Prior or Pending Lawsuits</u>. The BSA is and has been a defendant in lawsuits in which plaintiffs have asserted claims arising from or otherwise related to sexual and other abusive conduct (the "**Prepetition Lawsuits**"). During the course of the Prepetition Lawsuits, the BSA provided certain documents to the plaintiffs, voluntarily or otherwise (the "**Prepetition Documents**"). Certain of the Prepetition Documents are subject to Existing Confidentiality Agreements in the Prepetition Lawsuits in which they were produced (the "**Prepetition Confidential Documents**").[8] The plaintiffs in the Prepetition Lawsuits may share some or all of the Prepetition Confidential Documents in accordance with the following terms: (a) the BSA hereby consents to the delivery of Prepetition Confidential Documents to the Prepetition Distribution Group (as defined below) and agrees that the delivery of the Prepetition Confidential Documents to the Prepetition Distribution Group shall not constitute a breach of any Existing Confidentiality Agreement;[9] (b) except as set forth in this Paragraph, any Prepetition Confidential Documents delivered to the Prepetition Distribution Group shall remain subject to any applicable Existing Confidentiality Agreement in the Prepetition Lawsuit in which they were produce and shall be treated in accordance with the terms set forth therein; (c) Counsel to the TCC shall provide to Debtors' Outside Counsel copies of any Prepetition Confidential Documents as soon as practicable after receipt; (d) the Prepetition Confidential Documents shall be shared only with the TCC's Counsel and Other Retained Professionals, the Members of the TCC, the UCC's Counsel and Other Retained Professionals, the FCR and the FCR's Counsel, the Local Council

---

[8] For purposes of this paragraph, the Prepetition Documents excludes any IV Files, the treatment of which will be addressed pursuant to paragraph 5.8.

[9] The Prepetition Distribution Group acknowledges that the BSA is only consenting on its behalf and cannot provide consent on behalf of any Local Council, to the extent such consent is needed under the applicable Existing Confidentiality Agreement.

Committee's Counsel and Other Retained Professionals, and the Insurers' Outside Counsel and Other Retained Professionals (collectively, the "**Prepetition Distribution Group**"), and not with any other Party; and (e) The Prepetition Confidential Documents shall be used only for the purposes of these Chapter 11 Cases, subject to the limitation set forth in Section III, and may not be used in any Prepetition Lawsuit or other lawsuit, except for the Prepetition Lawsuit in which they were originally produced.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenge to Confidentiality Designations</u>. A Receiving Party shall not be obligated to challenge the propriety of a confidentiality designation at the time of its receipt of Discovery Material, and a failure to do so shall not preclude or be deemed to preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" during any discovery period shall not be a waiver of that Party's right to object to the designation at a later time, including at trial.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each particular designation it is challenging and describing the basis for each such challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Paragraph. Where the challenge to the designation of Discovery Material produced by a Party or Party in Interest contains or may contain Common Interest Protected Material with another Party or Party in Interest, the Producing Party shall give prompt notice of the challenge to any Common Interest Party or Party in Interest with respect to the Common Interest Protected Material. Within five (5) Business Days of the tendering of the notice challenging the designation (or such shorter

16

time as required under the circumstances and as consented to by the Parties with such consent not to be unreasonably withheld), the Parties (and/or Party in Interest, where applicable) shall attempt to resolve each challenge in good faith.[10] In conferring, the Challenging Party must explain the basis for its belief that the particular confidentiality designation was not proper (or, in the case of redactions as provided in Paragraph 5.4(a), is not reasonably necessary to protect the personally identifying information of the donor) and must give the Producing Party (and/or Party in Interest, where applicable) an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation. The Challenging Party and the Producing Party (and/or Party in Interest, where applicable) shall attempt in good faith to agree on a redacted version of the relevant Discovery Material that, as a result of such redactions, may receive a less restrictive designation pursuant to Paragraphs 5.2 or 5.3, as applicable. A Challenging Party may proceed to the next stage of the challenge process described in Paragraph 6.3 only if it has first engaged in this meet and confer process or establishes that the Producing Party (and/or Party in Interest, where applicable) is unwilling to participate in the meet-and-confer process in a timely manner. In the event the circumstances require that a meet and confer occur more expeditiously (including in the event that a hearing on related issues is scheduled to occur within five (5) days, or the challenge is raised at a hearing or trial), the Parties will attempt to resolve the challenge in good faith as soon as possible after receiving notice of the challenge, and may immediately seek judicial intervention thereafter.

---

[10] If the Challenging Party is seeking to challenge the designation made by a Local Council, the Challenging Party shall provide the written notice required by this Paragraph to the BSA and the Local Council Committee.  The BSA shall facilitate the relevant Local Council's involvement in the Meet and Confer described in this Paragraph.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Bankruptcy Court intervention in accordance with Paragraph 6.2, and if either the Challenging Party, Producing Party, or Party in Interest wishes to then seek Court intervention, such Parties shall, to the extent practicable, submit a joint letter or motion to the Bankruptcy Court pursuant to Local Rule 7026-1 (either, a "**Challenging Motion**") (i) reflecting each party's position, (ii) describing adherence to the meet-and-confer requirement of Paragraph 6.2, and (iii) attaching any relevant information (including documents or declarations) and filing relevant documents under seal. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Bankruptcy Court rules on the Challenging Motion.

## VII. ACCESS TO AND USE OF DISCOVERY MATERIAL

7.1 <u>Use of Discovery Material</u>. A Receiving Party may use Discovery Material that is disclosed or produced by another Party solely for the purposes of the Chapter 11 Cases and any judicial proceedings relating to these Chapter 11 Cases (including any contested matters and any adversary proceedings commenced in connection with the Chapter 11 Cases), subject to the limitations set forth in Section III of this Order, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. In the case of use by the Local Council Committee and Official Committees, their Members, Outside Counsel, and advisors that are retained by the Local Council Committee, Official Committee or their Outside Counsel, in each case in their capacity as such, Protected Material may be used only in a manner consistent with the applicable Committee's duties and responsibilities. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Debtors emerge from the Chapter 11 Cases or the Chapter 11 Cases are dismissed, a Receiving Party must comply with the provisions of Section XIII below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Bankruptcy Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or items designated "CONFIDENTIAL" only to:

(a) to the officers, directors, employees, and Counsel of the Receiving Party;

(b) each Official Committee, each Member of each Official Committee, and the Official Committee's Outside Counsel;

19

(c) to the Debtors and their Counsel;

(d) to the Local Council Committee, the Members of the Local Council Committee, Counsel to each of the Local Council Committee's Members, and the Local Council Committee's Counsel, provided that disclosure is reasonably necessary for purposes of these Chapter 11 Cases;

(e) the FCR and the FCR's Counsel;

(f) the Insurers and their Counsel;

(g) the Insurers' respective reinsurers, regulators, and other entities to whom disclosure is required by law, and for whom the Insurers in good faith believe disclosure is required, provided that prior to such disclosure the disclosing Insurer shall provide the recipient with a copy of this Protective Order and inform the recipient that the Documents being disclosed are confidential pursuant to the terms of this Protective Order;

(h) Other Retained Professionals, provided that disclosure is reasonably necessary for purposes of these Chapter 11 Cases;

(i) court reporters and their staff, professional jury or trial consultants, and Professional Vendors, provided that disclosure is reasonably necessary for the purposes of the Chapter 11 Cases and complies with the limitations on the disclosure of such material set forth in Local Rule 9018-1(f);

(j) for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Protected Material is determined by counsel for a Party in good faith to be necessary to the anticipated subject matter of testimony; provided, however, that such person (1) is only provided such Protected Material in connection with

20

preparation for the anticipated testimony, and (2) shall not be permitted to retain copies of such Protected Material;

(k) Deponents and witnesses where counsel has a good faith basis for believing that the witness would have had knowledge of the contents of the Protected Material in the course of fulfilling his or her responsibilities or has information that directly bears upon the Protected Material;

(l) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(m) any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary;

(n) a law enforcement agency for the purpose of making a criminal referral or complaint; and

(o) any other person or entity with respect to whom the Producing Party (and Party in Interest, if applicable) may consent in writing and that also has assented to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A.

A request by a Receiving Party under this Paragraph 7.2(o) must be in writing and reasonably specify the Discovery Materials that it seeks to disclose, the "person or entity" to which it seeks to disclose this Discovery Material, and the reason it seeks to disclose these Discovery Materials. The Producing Party shall use reasonable best efforts to provide a response in three (3) Business Days from receipt of a written request. The parties shall also make reasonable efforts to meet and confer regarding any disagreement pursuant to the process set

forth in Paragraph 6.2.  If a request pursuant to Paragraph 7.2(o) is denied and efforts to meet and confer do not yield a resolution that is satisfactory to the Requesting Party and Producing Party, the Requesting Party may seek the Court's intervention, as provided in Paragraph 6.3. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Bankruptcy Court rules on the Challenge Motion. Information that constitutes or contains Common Interest Protected Material is not subject to disclosure under this Paragraph 7.2(o).

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Discovery Material designated "HIGHLY CONFIDENTIAL" may only be disclosed to:

(a) the Debtors, and the Debtors' Counsel and Other Retained Professionals,

(b) Outside Counsel and Other Retained Professionals retained by any Official Committee or the Local Council Committee,

(c)  Counsel to Members of the Local Council Committee or an Official Committee,

(d) Outside Counsel and Other Retained Professionals retained by the Insurers, as well as in-house Counsel and non-legal professionals working on these Chapter 11 Cases,

 (e) the Insurers' respective reinsurers, regulators, and other entities to whom disclosure is required by law, and for whom the Insurers in good faith believe disclosure is required, provided that prior to such disclosure the disclosing Insurer shall provide the recipient with a copy of this Protective Order and inform the recipient that the Documents being disclosed are confidential pursuant to the terms of this Protective Order;

(f) the FCR and the FCR's Counsel, and

(g) the persons or entities identified in Paragraphs 7.2(i)-(o).

For the avoidance of doubt, Discovery Material designated "HIGHLY CONFIDENTIAL" may not be disclosed to the Members of the Local Council Committee or an Official Committee or to any other person or entity not listed in this Paragraph 7.3.

Unless otherwise ordered by the Bankruptcy Court, a Receiving Party shall not disclose any information or item designated "HIGHLY CONFIDENTIAL" to any other person or entity without the prior written consent of the Producing Party; provided, however, that (1) this non-disclosure provision shall not be applicable to any HIGHLY CONFIDENTIAL information that specifically has previously been publicly disclosed without restriction by the Producing Party (excluding disclosures by the Producing Party to their respective legal advisors, auditors, or other professional advisors, or disclosures required by law or judicial process), (2) the persons receiving HIGHLY CONFIDENTIAL information shall be permitted to discuss such information with only those parties listed in Paragraph 7.3, and with Members of the Local Council Committee or any Official Committee, but only to the extent necessary to fulfill their statutory and/or fiduciary duties.

7.4   Disclosure of "COMMITTEE ADVISOR ONLY" Information or Items. Discovery Material designated "COMMITTEE ADVISOR ONLY" may only be disclosed to:

(a) the Debtors, and the Debtors' Counsel and Other Retained Professionals ,

(b) Outside Counsel and Other Retained Professionals retained by an Official Committee, the Local Council Committee, or the Insurers, as well as Insurers' in-house Counsel and non-legal professionals working on this chapter 11 case,

(c) the Insurers' respective reinsurers, regulators, and other entities to whom disclosure is required by law, and for whom the Insurers in good faith believe disclosure is required, provided that prior to such disclosure the disclosing Insurer shall provide the recipient with a copy of this

Protective Order and inform the recipient that the Documents being disclosed are confidential pursuant to the terms of this Protective Order;

(d) the FCR's Counsel and Other Retained Professionals, and

(e) a law enforcement agency for the purpose of making a criminal referral or complaint.

For the avoidance of doubt, Discovery Material designated "COMMITTEE ADVISOR ONLY" may not be disclosed to (i) Members of the Local Council Committee, (ii) Members of an Official Committee, (iii) Counsel to Members of the Local Council Committee (other than the Local Council Committee's Outside Counsel), or (iv) Counsel to Members of an Official Committee (other than such Official Committee's Outside Counsel), or (v) any other person or entity not listed in this Paragraph.

Unless otherwise ordered by the Bankruptcy Court, a Receiving Party shall not disclose any information or item designated "COMMITTEE ADVISOR ONLY" to any other person or entity without the prior written consent of the Producing Party; provided, however, that (1) this non-disclosure provision shall not be applicable to any COMMITTEE ADVISOR ONLY information that specifically has previously been publicly disclosed without restriction by the Producing Party (excluding disclosures by the Producing Party to their respective legal advisors, auditors, or other professional advisors, or disclosures required by law or judicial process), (2) the persons receiving COMMITTEE ADVISOR ONLY information shall be permitted to discuss such information with only those parties listed in Paragraph 7.4, and with Members of the Local Council Committee or an Official Committee or the FCR, but only to the extent the Producing Party approves such discussions in advance.

Notwithstanding the foregoing, all Protected Material containing unaggregated financial information pertaining to Local Councils designated as "COMMITTEE ADVISOR ONLY" shall

be re-designated as "HIGHLY CONFIDENTIAL" sixty (60) days after the date of production to any Official Committee or the FCR, unless otherwise agreed to by the Producing Party and the Receiving Party or directed by a Plan Mediator. The Parties agree that such unaggregated financial information pertaining to Local Councils qualifies as "HIGHLY CONFIDENTIAL" under this Order. The relevant Producing Party shall provide to all relevant Receiving Parties new copies of Discovery Material that have been re-designated pursuant to this provision with revised watermarks or other appropriate confidentiality designations for "HIGHLY CONFIDENTIAL" Discovery Material as provided in Paragraph 5.5.

7.5 <u>Designations as to Specific Parties in Interest and Committee Members</u>. If a Producing Party determines in good faith that the disclosure of Discovery Material to a particular person or entity presents a reasonable risk of competitive injury, the Producing Party may limit its disclosure of such Discovery Material (the "**Sequestered Material**") to exclude such person or entity (the "**Sequestered Party**"). The Producing Party shall, either at the time the Sequestered Material is disclosed to a Receiving Party or as soon thereafter as practicable, inform such Receiving Party that the Sequestered Material is not to be disclosed to a Sequestered Party.  Any Party or a party in interest may challenge such sequestration pursuant to the process set forth in Paragraphs 6.2 and 6.3 of this Order.

7.6 <u>Filing or Submitting Protected Material To Court</u>. Notwithstanding any other provision of this Order to the contrary, any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed

in unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.

Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code. If a motion to seal has not been ruled upon and the moving party withdraws the motion to seal, the Sealed Documents subject to the motion shall be returned to the filer thereof unless otherwise expressly agreed by the filer in writing, provided that such Sealed Documents need not be returned to the filer thereof if the Sealed Documents are later filed as public documents.

The mere inclusion in a paper or pleading of factual information derived from documents or things designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," will not require that paper or pleading to be filed under seal if the Parties and (and any Party in Interest, as applicable) agree in writing prior to filing the paper or pleading that the factual information actually contained in that paper or pleading would not itself be properly subject to such designation. If the Parties cannot resolve a dispute regarding the inclusion in a paper or pleading of facts from documents or things marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," the procedures of this paragraph shall be followed prior to the filing of any such paper or pleading.

Nothing in this Paragraph shall preclude a Party from filing Discovery Material that the Party itself has designated as its own Protected Material in unredacted form and without requesting sealing.

26

7.7 In certain instances, materials submitted to the Bankruptcy Court may be designated Protected Material by a Producing Party or identified as Protected Material by a Party in Interest, and the filing Party may disagree or have no position with respect to whether sealing is appropriate. In such instances, the filing Party shall comply with the procedures in Paragraph 7.6, but shall indicate in its motion for permission to file under seal that the confidentiality designation was made by the Producing Party (and/or asserted by a Party in Interest, where applicable). Such Producing Party (and/or Party in Interest, where applicable) shall also be served with copies of the motion and the unredacted materials submitted to the Bankruptcy Court. The Producing Party (and any Parties in Interest, where applicable) will have ten (10) days thereafter to submit a motion specifying the portions of the Discovery Material to be sealed and setting forth the reasons why sealing is appropriate under the circumstances, as contemplated by the Local Rules and the individual practice rules of the Bankruptcy Court, or otherwise consenting that the Discovery Material need not be sealed. If the Producing Party or Party in Interest fails to submit a motion as described above, such party shall be deemed to have withdrawn its designation of the Protected Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," as applicable.

7.8 <u>Use of Protected Material in Open Court</u>. The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this Paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, counsel for any Party who desires to offer or use such Protected Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party (and/or Party in Interest, as applicable) together with any other Parties who have expressed interest in participating in such

meet and confer to discuss ways to redact the Protected Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. In the case of Protected Material that is, that contains, or that may contain Common Interest Protected Material, such meet and confer shall include any Common Interest Party with respect to such Common Interest Protected Material. If the Parties are unable to resolve a dispute related to such Protected Material, then the Party who desires to offer or use such Protected Material at trial or any hearing to be held in open court shall comply with Paragraph 7.6 above and, in the absence of relief from the Bankruptcy Court, such Protected Material shall not be offered or otherwise used at trial or any hearing held in open court. Notwithstanding anything to the contrary herein, the Parties reserve their respective rights to argue that this Protective Order will be revisited by the Bankruptcy Court and any other court hearing an appeal from any order issued by the Bankruptcy Court prior to any trial given the standard for redacting or sealing information to be used in a trial generally differs from the standard for redacting or sealing information in pre-trial proceedings.

7.9 <u>Removal of Sealed Records</u>. Sealed records that have been filed may be removed by the Producing Party (i) within 90 days after a final decision disposing of the contested matter, adversary proceeding, or other litigation is rendered if no appeal is taken, or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

**VIII.  PROTECTED MATERIAL DEMANDED, SUBPOENAED FOR DISCLOSURE, ACTUALLY DISCLOSED, OR ORDERED PRODUCED IN OTHER PROCEEDINGS**

8.1.  If a Party is served with a subpoena or a court order issued in other proceedings outside of these Chapter 11 Cases that compels disclosure of any Protected Material, that Party must:

28

(a)      promptly notify in writing the Producing Party and any Party in Interest that has previously designated such information as Protected Material or that has asserted a Privilege or Protection with respect to such Protected Material. Such notification shall include a copy of the subpoena, court order, or request;

(b)      promptly notify in writing the party who issued the subpoena or request that some or all of the material covered by the subpoena, order, or request is subject to this Order. Such notification shall include a copy of this Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party (and/or Party in Interest or Party asserting a Privilege or Protection, where applicable) whose Protected Material may be affected.

8.2. With the exception of the U.S. Trustee, if any person or entity who is not a Party to this Order requests or demands any Protected Material from any Party (including any Party's counsel or Representative), the Party or Representative receiving such request or demand shall, if so entitled and permitted given the nature of the legal process at issue, promptly notify the other Parties and provide copies of any writings or documents relating to such request or demand. If any Party wishes to protect the confidentiality of any Protected Material in response to the demand or request, then the recipient of the demand or request shall, to the extent reasonably practicable and legally permissible, cooperate with such Party to undertake the necessary steps to assert such applicable privileges, immunities, and rights to protect the confidentiality of the Protected Material.

8.3 If the Producing Party,  Party in Interest, or a Party asserting a Privilege or Protection over Protected Material timely seeks a protective order regarding the Protected Material that is requested or demanded as described in paragraphs 8.1 and 8.2 above, the Party served with the

subpoena, court order, or request shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Producing Party's (and/or, where applicable, the Party in Interest's) permission, or otherwise reasonably believes it is legally compelled to do so. The Producing Party shall bear its own costs and expenses when seeking protection in that Court of its confidential material. Nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

8.4 Nothing in this Order authorizes a Producing Party to disclose to any Official Committee, the FCR, or any other Party or entity, or their Other Retained Professionals, any Common Interest Protected Material. If a Producing Party intends to produce information that may constitute or contain Common Interest Protected Material (which may include information that was prepared by, or delivered by the Producing Party to, counsel retained to represent the Producing Party in filed or threatened tort or abuse litigation), the Producing Party will provide advance notice by email or other writing to any Common Interest Party with respect to the Common Interest Protected Material prior to production by the Producing Party of such information under this Protective Order. The notice shall attach the documents or information sought to be produced. Such Common Interest Party will have three (3) business days after receipt of the Producing Party's notice to object by email or other writing to the Producing Party's proposed production and, if such objection is delivered to the Producing Party within the three (3) day period, then the Producing Party and the objecting Common Interest Party will confer in good faith regarding the objection and proposed production. In the event that an agreement cannot be reached between the Producing Party and the objecting Common Interest Party, then the Producing Party will not produce the subject documents or information and the

Bankruptcy Court will determine whether the documents constitute or contain Common Interest Protected Material, in which case such documents will not be produced unless ordered otherwise by the Bankruptcy Court.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party, and any Party in Interest that has designated the information as Protected Material, of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person(s) or entity(ies) to whom unauthorized disclosures were made of all the terms of this Order. Such disclosure shall be subject to Local Rule 9018-1(f) and limited to members and employees of the law firm representing the receiving party and such other parties as to which the Parties agree. If a Producing Party receives notice pursuant to this Article IX that the disclosed Protected Material contains Common Interest Protected Material, the Producing Party shall promptly give notice to each Common Interest Party with respect to the Common Interest Protected Material. Disclosure of Protected Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Bankruptcy Court may deem appropriate.

## X. NON-WAIVER OF PRIVILEGE; INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

10.1 The Parties agree that, pursuant to this Order and under Fed. R. Evid. 502(d), the inadvertent or unintentional disclosure of Privileged Material, or Discovery Material supplied under this Order, regardless of whether the information was designated as Protected Material or

was asserted to contain Privileged Material at the time of disclosure, shall not be deemed a waiver in whole or in part of any privilege or immunity, either as to the specific information disclosed or as to any other information relating thereto or to related subject matter if, upon learning of the inadvertent production, the Producing Party (or Party asserting a claim of Privilege or Protection) notifies the Receiving Party in writing of the information of the claims or privileges or protections and the basis for it. Upon discovery of the inadvertent error, the Producing Party may request the return of any document inadvertently produced, and the Receiving Party shall return or destroy the document and any copies within five business days of such request; provided, however, that the Receiving Party shall have the right to challenge such clawback as set forth in the subsequent paragraph (and may retain a copy of any documents or information subject to challenge to do so). The Parties shall cooperate to preserve any applicable Privilege or Protection or immunity for that disclosed material, including retrieval of all copies disseminated to any other recipient. For the avoidance of doubt, this Protective Order shall be interpreted to provide the maximum protection allowed to each Producing Party by Fed. R. Evid. 502(d).

10.2 In response to any disclosure of Privileged Material to a party outside of the privilege, the Producing Party immediately shall notify any Common Interest Party with respect to such Privileged Material. The Producing Party's notification shall include copies of the disclosed Privileged Material and all communications confirming that any Receiving Party has returned and destroyed all such Privileged Material.

10.3 Nothing in this Protective Order shall prevent any Party from challenging or objecting to a claim of privilege, immunity, work-product protection or common interest. Any party wishing to challenge or object to any such claim of protection shall notify the Producing Party in writing of such challenge, and the parties shall meet-and-confer in an effort to resolve

such disagreement concerning the privilege or work-product claim with respect to such Discovery Material. In the event of a challenge to a Privilege or Protection as to any Privileged Material that is or contains Common Interest Protected Material, the Producing Party shall promptly notify the Common Interest Party of such challenge. A Receiving Party shall not use any Discovery Material that is subject to a claim of privilege, immunity, or protection under this section for any purpose, other than to dispute the claim of privilege, immunity, or protection until the Court has ruled on such dispute (if any). If a Receiving Party files a motion disputing the claim of privilege, immunity, or protection following a meet and confer, the applicable Producing Party bears the burden of establishing the attorney-client privilege, attorney work product protection, common interest, or any other privilege, immunity, or protection from production or disclosure of any such Discovery Material and may oppose such motion, including on the grounds that inadvertent disclosure does not waive privilege.

10.4 No Party or its counsel shall have the right to waive the attorney-client, work product, joint defense privilege, protection for Common Interest Protected Material, or any other privilege, protection, or defense that might be applicable to any Discovery Material it has received pursuant to this Order. Each Party and its counsel, and each Producing Party and its counsel, shall retain the sole right to waive its own privileges as to any Discovery Material originated solely from it or its Counsel or other advisors, provided prior notice is given to any other Party and/or Parties that may have a shared or joint privilege in such Discovery Material that arose prior to the date and independent of this Order.

10.5 Nothing in this Order shall limit the Court's right or any Party's right to request an in camera review of any Discovery Material that may be subject to a claim of privilege or other immunity.

## XI. DEPOSITIONS

11.1 <u>Responsibilities And Obligations Of Court Reporters.</u> In the event that testimony is designated as Protected Material, the court reporter, who shall first have agreed to abide by the terms of this Paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" if any portion of the transcript itself is so designated.

11.2 <u>Use of Deposition Testimony in Court</u>: Any Party or party in interest seeking to use deposition testimony designated as Protected Material in the Bankruptcy Court must proceed in accordance with Paragraph 7.6.

## XII. MISCELLANEOUS

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Bankruptcy Court in the future, including the application of this Order to any particular contested matter or adversary proceeding or any determination made by a Plan Mediator with respect to Discovery Material.

12.2 <u>Right to Assert Other Objections.</u> Nothing in this Order waives any right by a Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Nothing in this Order shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any

objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to a discovery request, or any right to object to the admissibility of evidence on any ground, or to seek relief from the Court from any provision of this Order by application on notice on any grounds.

12.3 <u>Continuing Applicability of Order</u>. The provisions of this Order shall survive the Debtors' emergence from Bankruptcy or the dismissal of the Chapter 11 Cases for any retained Discovery Material. The Debtors' emergence from Bankruptcy or the dismissal of the Chapter 11 Cases shall not relieve the Parties from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Bankruptcy Court shall retain jurisdiction to enforce the terms of this Order.

12.4 <u>Amendment or Assignment of Order</u>. This Order may be amended only by an instrument in writing signed by the Debtors, the Local Council Committee, the TCC, the UCC, the FCR, the Insurers, and any other Official Committee that assents to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A, with approval by the Bankruptcy Court; <u>provided</u>, <u>however</u>, notice of any such amendment shall be given to all other Parties subject to this Order and such other Parties shall have ten (10) Business Days to affirmatively opt-out of such amendment by providing written notice to the Debtors, the Local Council Committee, the TCC, the UCC, the FCR, the Insurers, and any other Official Committee that assents to be bound by this Order and upon exercising such opt-out then such Party shall be excluded from further access to Discovery Material and shall only be bound by the obligations of such Order prior to the amendment. Nothing herein shall preclude a Party from applying at any time (including, without limitation, after the conclusion of the Chapter 11 Cases) to the Bankruptcy Court for relief from (including, without limitation

termination of) any or all of the provisions of this Order. The Debtors and the Party seeking to modify or terminate the Order shall meet and confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Bankruptcy Court for resolution of such dispute. A Producing Party and a Receiving Party may agree to modify this Order as it applies to a particular production or a particular proceeding in the Chapter 11 Cases as between such Producing Party and such Receiving Party only with ten (10) Business Days prior notice to the Debtors, the Local Council Committee, the TCC, the UCC, the FCR, the Insurers, and any other Official Committee that assents to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A. For the avoidance of doubt, no such Producing Party or such Receiving Party can, through an agreement of the type described in the previous sentence, modify their obligations with respect to Discovery Materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," or as to Privileged Material, by a Party that has not consented to such modification.

      12.5 <u>Use of Discovery Material by Producing Party</u>. Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties or their attorneys to use or disclose such Discovery Material in violation of this Order.  Notwithstanding the foregoing, any Party that publicly disseminates its own Discovery Material, including in a filing not sealed with the Court or in open court may not subsequently restrict other Parties' public use of the same Discovery Material on grounds that such material constitutes Protected Material. Nothing in this Order affects the right of any Producing Party or Party in Interest under applicable law to claw back Discovery Material.

12.6 <u>Obligations of Parties</u>. Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, any existing joint defense or common interest agreements, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any dispute or the Chapter 11 Cases.

12.7 <u>Advice of Counsel</u>. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Chapter 11 Cases and, in the course thereof, relying on examination of Protected Material; <u>provided</u>, <u>however</u>, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

12.8 <u>Enforcement</u>. The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Bankruptcy Court.  Any Producing Party (including, for the avoidance of doubt, any Local Council of the Boy Scouts of America that provides information that is stored in the secure data rooms maintained by the Debtors), regardless of whether such Producing Party has executed a copy of the Acknowledgement and Agreement to be Bound, is an intended third-party beneficiary of and may seek to enforce this Order.

12.9 <u>Attorney-Client Privileged and Attorney Work Product Immunity</u>. Nothing herein shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to any Producing Party. Nothing in this Protective Order shall require disclosure of information that

is protected by the attorney-client privilege, work product immunity, or any other privilege or immunity.

12.10 <u>Reservation of Rights to Seek Documents</u>. Nothing in this Order shall prevent or limit any right of a Member of an Official Committee (or its Counsel) or the FCR (or his Counsel) to seek discovery or compel disclosure of any information from any Producing Party under applicable laws or rules in its individual capacity, including through subpoena, formal discovery or other process, even if such materials were previously disclosed or released to such Members or FCR as Confidential Information or Highly Confidential Information, or prevent or limit any right of the Producing Party to object to any such subpoena, formal discovery or other process, other than on the grounds that such materials were previously disclosed to such Member in their capacity as such, or the FCR in his capacity as such, pursuant to this Order.

12.11 <u>No Modification of Insurance Policies, Rights, or Obligations</u>. Nothing in this Order shall be deemed to modify the rights or obligations under any of Debtors' insurance policies that any Insurer issued to Debtors, including the Parties' rights and obligations concerning Debtors' pre- or post-petition production of Documents.

12.12 <u>Pension Benefit Guaranty Corporation (the "**PBGC**")</u>. Notwithstanding any other terms or provisions in this Order, PBGC may disclose Discovery Material to the executive branch of the United States, Congress or any committee, joint committee, or subcommittee thereof, the Comptroller General, PBGC and PBGC Board Of Directors, officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities ("**Officials**"). PBGC will inform all Officials having access to such Discovery Material that such information is subject to this Order. Notwithstanding any other terms or provisions in this Protective Order, PBGC may disclose information about the amount of underfunding in any

pension plan covered by Title IV of ERISA, including but not limited to information about guaranteed benefit liabilities, unfunded benefit liabilities, plan assets and funding ratios, whether or not this information is contained in or derived from Discovery Material.

## XIII. FINAL DISPOSITION

Each Receiving Party will use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material (unless such Protected Material has been offered into evidence, filed without restriction, or otherwise been made publicly available without a violation of the terms of the Protective Order) within, as applicable, either (A) 90 days of the request of a Producing Party and/or Party in Interest made after the closing of the Chapter 11 Cases or (B) 30 days of the request of a Producing Party and/or Party in Interest made after the dismissal of the Chapter 11 Cases, or in either case as soon as reasonably practicable after such request, or such later time as the Producing Party and/or Party in Interest may agree in writing. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, Derivative Information, and any other format reproducing or capturing any of the Protected Material.  As soon as practicable following a request from the Producing Party, each applicable Receiving Party shall certify in writing (which may be by e-mail) that, to the best of such Receiving Party's knowledge after reasonable inquiry, all Discovery Material containing Protected Information has either been returned to the Producing Party or destroyed.  The Receiving Party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Protected Information contained in deposition transcripts or drafts or final expert reports.

Notwithstanding the above requirements to return or destroy Protected Information, any applicable Receiving Party, Counsel, and Other Retained Professionals may retain (i) such

Discovery Material as it reasonably believes (and at all times continues to reasonably believe) are required in order to satisfy applicable law, ethical, or professional obligations, (ii) any analyses, abstracts, studies, summaries, or reports prepared by the Receiving Party or its Counsel or Other Retained Professionals based on, containing, or reflecting Protected Information, (iii) any portions of the Protected Information that are publicly available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise, and (iv) any portions of Protected Information that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems).  Any retained Protected Information shall continue to be protected under this Protective Order.

**END OF ORDER**

*CONSENTED TO BY:*

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
William E. Curtin
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:   (212) 839-5599

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
William A. Evanoff
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036

– and –

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP
By: _____
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:   (302) 425-4664

*Proposed Attorneys for the BSA*

– and –

PACHULSKI STANG ZIEHL & JONES LLP
By:_____
James I. Stang (admitted *pro hac vice*)
Robert B. Orgel (admitted *pro hac vice*)
James E. O'Neill
John A. Morris (admitted *pro hac vice*)
John W. Lucas (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 1999-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
jstang@pszjlaw.com
rorgel@pszjlaw.com
joneill@pszjlaw.com
jmorris@pszjlaw.com
jlucas@pszjlaw.com

*Attorneys for the Official Tort Claimants'*
*Committee*

REED SMITH LLP
By: _____
Kurt F. Gwynne (No. 3951)
Katelin A. Morales (No. 6683)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

– and –

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Thomas Moers Mayer, Esquire
Rachael Ringer, Esquire
Jennifer Sharrett, Esquire
Megan Wasson, Esquire
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of Unsecured*
*Creditors*
– and –

41

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
By: _____

Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Sara Beth A.R. Kohut (No. 4137)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
        eharron@ycst.com
        szieg@ycst.com
        skohut@ycst.com

*Proposed Counsel to the Future Claimants'
Representative*

DLA PIPER, LLP (US)

By: _____
R. Craig Martin (No. 5032)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801-1147
Telephone:  (302) 468-5655
Facsimile:  (302) 778-7834
Email:  craig.martin@dlapiper.com


WACHTELL, LIPTON, ROSEN & KATZ
Richard G. Mason (admitted pro hac vice)
Douglas K. Mayer (admitted pro hac vice)
Joseph C. Celentino (admitted pro hac vice)
51 W. 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  RGMason@wlrk.com
        DKMayer@wlrk.com
        JCCelentino@wlrk.com


*Attorneys for the Ad Hoc Committee of Local
Councils of the Boy Scouts of America*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the *Confidentiality and Protective Order* that was issued by the

United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on

_____ in the chapter 11 cases of the Boy Scouts of America and

Delaware BSA, LLC [Case No. 20-10343 (LSS), Docket No. ____] (the "**Order**"). I agree to

comply with and to be bound by all the terms of the Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

the Order to any person or entity except in strict compliance with the provisions of the Order. I

further agree to submit to the jurisdiction of the Bankruptcy Court solely for the purpose of

enforcing the terms of this Confidentiality and Protective Order, even if such enforcement

proceedings occur after termination of the Chapter 11 Cases (as defined in the Order).


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## EXHIBIT B

1. The Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America

2. The Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company

3. Allianz Global Risks US Insurance Company

4. National Surety Corporation

5. Liberty Mutual Insurance Company

6. American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania

| Summary report: Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 5/29/2020 8:35:01 AM | |
|---|---|
| **Style name:** Sidley Default | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://SIDLEYDMS/ACTIVE/254343453/53 | |
| **Description:** BSA Protective Order | |
| **Modified DMS:** iw://SIDLEYDMS/ACTIVE/254343453/56 | |
| **Description:** BSA Protective Order | |
| **Changes:** | |
| Add | 1 |
| Delete | 1 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 2 |