## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**Objection Deadline: June 12, 2020 at 4:00 p.m. (ET)**
**Hearing Date: July 9, 2020 at 10:00 a.m. (ET)**

**APPLICATION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PASICH LLP AS INSURANCE COUNSEL EFFECTIVE AS OF MAY 12, 2020**

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC") appointed in the above-captioned cases (the "Cases") hereby submits this application (the "Application") seeking entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the TCC to retain and employ Pasich LLP ("Pasich" or the "Firm") as insurance counsel effective as of May 12, 2020. In support of the Application, the Tort Claimants' Committee relies on (i) the *Declaration of Kirk Pasich in Support of Application of the Official Tort Claimants' Committee Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*and Local Rule 2014-1 for Authorization to Employ and Retain Pasich LLP as Insurance Counsel Effective as of May 12, 2020* (the "<u>Pasich Declaration</u>"), attached hereto as **Exhibit A** and incorporated herein by reference, and (ii) the Declaration of the Committee Chair, attached hereto as **Exhibit B** and incorporated herein by reference.  In further support of this Application, the Tort Claimants' Committee respectfully states the following:

<u>**Jurisdiction**</u>

1.     The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Tort Claimants' Committee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief sought herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4.      On February 18, 2020 (the "Petition Date"), the Debtors commenced these Cases by filing voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Code").  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5.      On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse.

6.      As discussed in the First Day Declaration [Docket No. 16] and the Informational Brief [Docket No. 4] filed by the Debtors on the Petition Date, Debtor Boy Scouts of America ("BSA") is a defendant in numerous lawsuits related to historical acts of sexual abuse in its programs. The Debtors have stated that, as of the Petition Date, there were approximately 275 pending civil actions asserting personal injury claims against the BSA (as well as certain local councils and chartered organizations) related to abuse suffered by a Scout at the hands of a Scouting leader, volunteer, or another member of the BSA.  As stated in the Informational Brief, the BSA has historically procured commercial, general-liability insurance ("CGL") policies from multiple insurers to protect itself from a myriad of risks, including claims of sexual abuse or sexual misconduct. Given the Debtors' outstanding potential liability from tort claims arising from sexual abuse, the Tort Claimants' Committee submits that insurance issues will be critical in these Cases, and the TCC needs experienced insurance counsel to assist in fulfilling its duties.

3

### Pasich's Qualifications

7.      The Firm's attorneys have handled numerous matters concerning insurance coverage for underlying lawsuits and claims alleging sexual abuse and misconduct. For instance, the Firm's attorneys previously represented the Roman Catholic Archdiocese of Los Angeles, helping the Archdiocese recover more than $500 million from insurers to fund settlements of clergy abuse claims. The Firm's attorneys also represented or represent several other religious and non-profit organizations, including the California Pacific Annual Conference of the United Methodist Church, Muscoy United Methodist Church, Trinity United Methodist Church, and the USA Northeast Province of the Society of Jesus, in obtaining insurance coverage for historical sexual abuse and misconduct claims.  The Firm's attorneys also have extensive experience representing corporations and individuals in the pursuit of insurance coverage for assault, battery, invasion of privacy, false imprisonment, and a wide range of other claims alleging bodily injury and emotional distress. Based on these facts, the Tort Claimants' Committee believes that the Firm is well-qualified to render the services as described below.

### Relief Requested

8.      By this Application, the Tort Claimants' Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Tort Claimants' Committee to employ and retain Pasich as its insurance counsel in these Cases.  The TCC seeks to retain the Firm effective as of May 12, 2020 because the Firm began providing services to the TCC as of such date.  The TCC believes that such

4

retention is appropriate in these cases because the TCC required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and the Pasich has been providing services to the Committee since May 12, 2020.

## **Basis for Relief**

9.     Bankruptcy Code section 1103(a) provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).  Bankruptcy Code section 328(a) provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

10.     For the reasons set forth herein, the Tort Claimants' Committee believes that the employment of Pasich is necessary and appropriate in these cases to protect the interests of the unsecured tort claimant creditors.

## **Services to be Rendered**

11.     Subject to further order of this Court, Pasich is expected to render, among other services, the following services to the Tort Claimants' Committee:

> a.     Advising the TCC in evaluating the Debtors' insurance policies and steps to be taken to preserve and maximize value;

5

b.    Advising the TCC in its consultations with the Debtors and any insurers regarding insurance coverage issues and insurance policies, including attending meetings and negotiating with representatives of the Debtors, their non-bankrupt affiliates, their insurance carriers, and other parties-in-interest related to the preservation of insurance coverage; and

c.    Assisting the TCC with any insurance-related matters arising in connection with the formulation of a plan of reorganization.

**No Adverse Interest and Disclosure of Connections**

12.    The TCC believes that Pasich does not hold or represent any interest that is adverse to the TCC and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the TCC, the Debtors, their creditors or any party in interest herein in the matters upon which Pasich is to be retained, except as set forth in the Pasich Declaration.  Therefore, to the best of the TCC's knowledge, Pasich is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.  The TCC submits that its proposed employment of Pasich as insurance counsel is in the best interests of the TCC and its members.

**Professional Compensation**

13.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to Pasich on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Pasich.  The current standard hourly rates for Pasich professionals and paraprofessionals presently designated to represent the TCC range from $300 to $1,375 per hour.  Pasich has agreed to provide the services of its professionals and paraprofessionals at 80% of their regular rates, with the exception of Kirk Pasich, whose rate for this engagement will be

6

$975 per hour rather than his standard rate of $1,375 per hour.  Therefore, the hourly rates for this engagement are:

|   |   |   |
|---|---|---|
| a. | Partners | $480-$975 |
| b. | Associates | $240-$460 |
| c. | Paraprofessionals | $230 |

14.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

15.     The standard hourly rates set forth above are set at a level designed to fairly compensate Pasich for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Pasich does not bill its clients for overhead, telephone, facsimile, internal copying charges, or regular computerized research.  The costs that Pasich bills its clients include, but are not limited to, courier and overnight delivery charges, travel expenses (including mileage, parking, airfare, lodging, meals, and ground transportation), special or extraordinary costs incurred in computerized research and litigation support systems, filing fees, witness fees and the costs of any third parties to the extent such costs are paid initially by the Firm.  Services by third parties may include consulting or testifying experts, investigators, providers of computerized litigation support, video tape services and court reporters.

16.     Pasich will charge the TCC for these expenses in a manner and at rates consistent with charges made generally to Pasich's other clients and within the guidelines set forth in Local Rule 2016-1, and all amendments and standing orders of the Court.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

17.     In accordance with the United States Trustee Guidelines, Pasich shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Pasich also intends to make a reasonable effort to comply with the United States Trustee's (the "UST") requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Pasich in these Cases.

18.     The TCC understands it is Pasich's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, Pasich reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in these Cases that falls within the ambit of the U.S. Trustee Guidelines.

## **Notice**

19.     Notice of this Application has been given to the U.S. Trustee, counsel to the Debtors, and all parties that filed a notice of appearance in these Cases as of the date hereof. In light of the nature of the relief requested herein, the Tort Claimants' Committee submits that no other or further notice is required.

**No Prior Request**

20.    No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Tort Claimants' Committee requests that this Court enter an order in these Cases substantially in the form attached hereto as **Exhibit C** approving the employment of Pasich LLP, as counsel to the Tort Claimants' Committee effective as of May 12, 2020, and granting such other and further relief as is just and proper.

Dated:  _____5/29_____, 2020

THE OFFICIAL TORT CLAIMANTS'
COMMITTEE OF THE BOY SCOUTS OF
AMERICA AND DELAWARE BSA, LLC

By: _____
Name: John Humphrey

Solely in his capacity as Chair of the Official Tort
Claimants' Committee of the Boy Scouts of
America and Delaware BSA, LLC