# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>                 Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 613, 616, 665, 696, 697, 714, 719, 722** |

### CENTURY'S OBJECTION TO DEBTORS' PROPOSED FORM OF ORDER FOR ENTRY OF A CONFIDENTIALITY AND PROTECTIVE ORDER SUBMITTED UNDER CERTIFICATION OF COUNSEL

In the course of the hearing on Friday, the Court instructed the parties that it does not intend to authorize the production of privileged information by entry of a protective order and that the proposed order submitted should contain a simple statement reflecting this basic point that does not try to load the issue on what is privileged. The proposed order submitted by the Debtors/Tort Claimants does not conform the Court's instruction/ruling in three ways:

*First,* the new Section 8.4 proposed by Debtors/Tort Claimants loads the simple statement that nothing in the protective order authorizes the production of privileged information with text about intention and knowledge seemingly to take into account an inadvertent production. The Court can address this point by simply referencing Fed. R. Civ. P. 26(b)(5)(B) which is the rule that addresses inadvertent production. This can be done by the following discrete modification of Section 8.5:

> 8.5 Nothing in this order shall be read to authorize any Party to produce documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. The provisions of Fed. R. Civ. P. 26(b)(5)(B) shall apply to the inadvertent production of privileged or otherwise protected material.

This formulation addresses the Tort Claimants stated concern about an intentional production

while precluding any suggestion that the Court is diverting from the Rule in entering a protective order.

**Second,** the Debtors/Tort Claimants propose a new definition in Section II for "Common Interest Protective Material." Chubb objected to the definition and contends that the proposed order should not use a defined term for something that is the subject of case law. To the extent that the Court employs this definition, Chubb asks simply that it add at the end of the Tort Claimants' definition the following phrase: "*The Court's adoption of this defined term for purposes of this Order does not constitute a ruling as the scope the common interest doctrine or tripartite privilege*." The addition of this phrase precludes any suggestion that the Court is diverting from the Rule in entering a protective order.

**Third,** we understood the Court to indicate that the Debtors should advise the courts whose orders it is overriding by inclusion of Section 5.9 that it is doing so. This can be done by the addition to Section 5.9 of the following clause:

> (f) the Debtors shall advise the courts that issued confidentiality orders applicable to the Prepetition Confidential Documents prior to the disclosure of information to which such orders apply.

Finally, the proposed order that approves the Confidentiality and Protective should note the ruling on Century's objection to the Debtors motion.

WHEREFORE, Century objects to the form of order submitted by the Debtors and requests that the modifications indicated in version attached as Appendix A better conforms to the Court's rulings. Appendix A is blacklined against the version submitted for entry with the Debtors' certification of counsel. Appendix B is a clean version of Century's proposal.

|  |  |
|---|---|
| Dated:  June 1, 2020 | Respectfully Submitted, |

By:  /s/ Stamatios Stamoulis
       Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group, Westchester Fire Insurance Company, and Westchester Surplus Lines Insurance Company*