IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 750** |

# DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this reply (the "Reply") to the objection filed by Century Indemnity Company ("Century") [D.I. 750] (the "Objection") to the *Certification of Counsel Regarding Debtors' Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order* [D.I. 749] (the "Certification of Counsel"). In further support of the Certification of Counsel, the Debtors respectfully state as follows.

1. On Friday, May 29, 2020, the Court heard argument regarding Century's objection [D.I. 697] to *Debtors' Motion for Entry of an Order Approving Stipulated Confidentiality and Protective Order* [D.I. 613] (the "Hearing"). At the Hearing, the Court ordered that certain additional language be added to the Protective Order.

2. Consistent with the Court's instructions, Debtors circulated draft revisions to the Protective Order to the Parties on the same day as the Hearing (the "Revised Protective Order").[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed in the Revised Protective Order.

Debtors requested that the Parties provide any comments as soon as possible, and indicated that they intended to file the Revised Protective Order on Monday, June 1, 2020.

3. In response to Debtors' request, Century indicated that it would not be available to review the draft revisions over the weekend. On Monday morning, Century sent proposed changes to the Revised Protective Order. The changes included several that were either never discussed at the Hearing or squarely inconsistent with the Court's instructions. In addition, Century requested that certain prefatory language be added to the Revised Protective Order.

4. Although the Debtors did not believe that the addition of such language was necessary, it nevertheless revised the Certification of Counsel and the Revised Protective Order, and circulated the new versions to the parties.

5. Following Debtors' accommodation of Century's initial comments, Century raised additional objections. In response, Debtors made additional changes to the Certification of Counsel, and after reviewing the transcript from the Hearing, further revised the Revised Protective Order. Century objected again.

6. On June 1, 2020, the Debtors submitted the Revised Protective Order under Certification of Counsel that includes revisions consistent with the Court's rulings at the Hearing. (D.I. 749):

    a. The Revised Protective Order requires that, if the Parties in a Prepetition Lawsuit believe it is required, the plaintiffs' counsels in the Prepetition Lawsuit shall advise the court that issued an Existing Confidentiality Agreement that they intend to disclose the Prepetition Confidential Documents to the Prepetition Distribution Group. *See* D.I. 749-2 at ¶ 5.9(a); May 29, 2020 Hr'g on Protective Order, Tr. at 39:12-21.

    b. The Revised Protective Order makes clear that any production of Prepetition Confidential Documents must be limited to materials produced by the BSA and expressly excludes any materials produced by third parties. *See* D.I. 749-2 at n.9; May 29, 2020 Hr'g on Protective Order, Tr. at 38:24–39:9.

    c. The Revised Protective Order contains language requiring a Producing Party to provide notice to all other Parties before allowing another person or entity to view its Protected Material pursuant to paragraph 7.2(o). *See* D.I. 749-2 at ¶ 7.2(o); May 29, 2020 Hr'g on Protective Order, Tr. at 22:21–23:7.

    d. The Revised Protective Order contains an additional provision making clear that nothing in it "shall be read to authorize any Party to knowingly or intentionally produce documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege." *See* D.I. 749-2 at ¶ 8.5; May 29, 2020 Hr'g on Protective Order, Tr. at 42:18–20.

    e. The Revised Protective Order contains additional language making clear that challenges to the claw back of inadvertently produced privileged material must be consistent with Fed. R. Civ. P. 26(b)(5)(B). *See* D.I. 749-2 at ¶¶ 10.1, 10.3; May 29, 2020 Hr'g on Protective Order, Tr. at 43:25–44:6.

7. Following the Debtors' submission of the Revised Protective Order, Century filed the Objection, attaching a competing Protective Order. (D.I. 750-1.) Century's competing Protective Order is inconsistent with the Court's ruling at the Hearing in several respects:

    a. Century further revised the definition of "Common Interest Protected Material." (D.I. 750-1 at 3.) The Court did not order any further revisions to this definition, and as explained at the hearing, all other parties agreed to the revised definition, which is necessary because the defined term "drives certain, very specific obligations under the order that the insurers requested and that the parties have agreed to," including under paragraph 8.4. May 29, 2020 Hr'g on Protective Order, Tr. at 6:16–23, 15:5–14.

    b. Century added language to the Revised Protective Order that suggests the Insurers should receive Prepetition Confidential Documents before the rest of the Prepetition Distribution Group. (D.I. 750-1 at ¶ 5.9(c).) The Court ordered no such thing.

    c. Century added language that would require the Debtors to advise the courts that issued Existing Confidentiality Agreements prior to the disclosure of the Prepetition Confidential Documents. (D.I. 750-1 at ¶ 5.9(f).) The Court never imposed this requirement on the Debtors. Rather, consistent with the Revised Protective Order agreed to by all the other Parties, the Court stated that the "plaintiffs' lawyers should decide whether they feel they need to inform the court this is happening." May 29, 2020 Hr'g on Protective Order, Tr. at 39:18-21.) Nonetheless, the Debtors added a provision requiring the parties confer and that Plaintiffs' counsel in the Underlying Actions inform the Court if necessary. *See* Revised Protective Order, D.I. 749-1 at ¶ 5.9(a).

    d. Century revised the new paragraph 8.5, which makes clear that nothing in the order authorizes any Party to knowingly or intentionally produce documents subject to a privilege, by removing the terms "knowingly and intentionally." (D.I. 750-1 at ¶ 8.5.) The Court made clear at the Hearing that such language would be appropriate. *See* May 29, 2020 Hr'g on Protective Order, Tr. at 43:18-20.

    e. Century further revised the new paragraph 8.5 by adding language stating that Fed. R. Civ. P. 26(b)(5)(B) shall apply to the inadvertent production of documents. (D.I. 750-1 at ¶ 8.5.) While the Court ordered that the language governing inadvertent productions track the Federal Rules, it did so with regard to the provisions governing the claw back of privileged documents, consistent with the Revised Protective Order. *See* May 29, 2020 Hr'g on Protective Order, Tr. at 44:5-6.

8. Apart from Century, none of the other Parties objected to (i) the original draft revisions to the Protective Order that were circulated on Friday, (ii) the revised version that was circulated on Monday afternoon, or (iii) the final version filed with the Court on Monday evening.

## CONCLUSION

The Debtors respectfully request that the Court approve the Revised Protective Order, substantially in the form attached to **Exhibit A**,[3] granting the relief requested in the Certification of Counsel and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

---

[3] The Revised Protective Order attached to Exhibit A is identical to the version the Debtors submitted under Certification of Counsel on June 2, 2020, but includes the signatures of the Parties that have consented to be bound by its terms.

| | |
|---|---|
| Dated: June 2, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>       aremming@mnat.com<br>       emoats@mnat.com<br>       ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (*pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (*pro hac vice*)<br>Michael C. Andolina (*pro hac vice*)<br>Karim Basaria (*pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>       mandolina@sidley.com<br>       kbasaria@sidley.com<br><br>CO-COUNSEL AND PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION |