# EXHIBIT 6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPECIALTY PRODUCTS<br>HOLDING CORP., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11780 (JKF)<br><br>Jointly Administered<br><br>**Reference Docket Nos. 436, 493, 659, 820**<br><br>Response Deadline: February 1, 2011<br>Hearing Date: February 14, 2011 at 9:30 a.m. (ET) |

## THE FUTURE CLAIMANTS' REPRESENTATIVE'S MEMORANDUM OF LAW IN SUPPORT OF HIS LIMITED OBJECTION TO THE MOTION OF THE DEBTORS FOR AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER DIRECTING SUBMISSION OF INFORMATION BY CURRENT ASBESTOS CLAIMANTS [D.I. 493]

Dated: February 1, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Edwin J. Harron (No. 3396)
Edmon L. Morton (No. 3856)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Future Claimants' Representative

# TABLE OF CONTENTS

<u>**Page No.**</u>

Table Of Authorities .................................................................................................................. ii

I.  Preliminary Statement ...................................................................................................... 1

II. The FCR Questions the Relevance of the Requested Information ................................... 2

III. The FCR Also Questions Whether the Significant Costs to the Estates are
    Justified by any Tangential Benefit of the Requested Information .................................. 5

IV. Conclusion ........................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

<span style="font-variant:small-caps">Cases</span>

BUC Int'l Corp. v. Int'l Yacht Council,
    517 F.3d 1271 (11th Cir 2008) ...................................................................................4

Coleco Indus., Inc. v. Berman,
    567 F.2d 569 (3d Cir. 1977) .......................................................................................4

Greenleaf v. Garlock, Inc.,
    174 F.3d 352 (3d Cir. 1999) .......................................................................................4

Gulfstream III Assoc. v Gulfstream Aerospace,
    789 F. Supp. 1288 (D.N.J. 1992) ................................................................................4

In re ACandS, Inc.,
    Case No. 02-12687 (JKF) (Bankr. D. Del.) .............................................................5, 6

In re Countrywide Home Loans, Inc.,
    384 B.R. 373 (Bankr. W.D. Pa. 2008) ........................................................................5

In re Dinubilo,
    177 B.R. 932 (E.D. Ca. 1993) ....................................................................................2

In re Drexel Burnham Lambert Group, Inc.,
    123 Bankr. 702 (Bankr. S.D.N.Y. 1991) .....................................................................5

In re Eagle-Picher Indus. Inc.,
    169 B.R. 130 (Bankr. S. D. Ohio 1994) ......................................................................5

In re Enron Corp.,
    281 B.R. 836 (Bankr. S.D.N.Y. 2002) ........................................................................2

In re Johns-Manville Corp.,
    42 B.R. 362 (S.D.N.Y. 1984) .....................................................................................2

In re Public Service Co. of N.H.,
    91 Bankr. 198 (Bankr. D. N.H. 1988) .........................................................................5

Kassman v. Am. Univ.,
    546 F.2d 1029 (D.C. 1977) ........................................................................................4

Koppers Co., Inc. v. Aetna Casualty and Surety Co.,
    98 F.3d 1440 (3d Cir. 1996) .......................................................................................4

Schenk v. HNA Holdings, Inc.,
    613 S.E.2d 503 (N.C. Ct. App. 2005) .................................................................................. 4

Schlagenhauf v. Holder,
    379 U.S. 104, 85 S. Ct. 234, 13 L.Ed. 2d 152 (1964) ......................................................... 5

Thibodeaux v. Fibreboard Corp,
    706 F.2d 728 (5th Cir. 1983) ............................................................................................... 4

**STATUTES**

11 U.S.C. § 524(g) ................................................................................................................ 4, 5, 6

**RULES**

Fed. R. Bankr. P. 2004 .................................................................................................... 1, 2, 5, 6

Fed. R. Bankr. P. 2004(a) ........................................................................................................... 6

Fed. R. Bankr. P. 2004(c) ........................................................................................................... 6

Fed. R. Civ. P. 45 ........................................................................................................................ 7

Fed. R. Civ. P. 45(c)(2)(B) .......................................................................................................... 7

Fed. R. Civ. P. 9016 .................................................................................................................... 7

Eric D. Green, the legal representative for future claimants (the "Future Claimants' Representative" or the "FCR") in the above-captioned chapter 11 cases, respectfully submits this memorandum of law in support of his limited objection [D.I. 493] (the "Limited Objection") to the Motion of the Debtors Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for an Order Directing Submission of Information by Current Asbestos Claimants [D.I. 436] (the "Claimant 2004 Motion"), and in response to (i) the Consolidated Reply of the Debtors in Support of Motion Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for an Order Directing Submission of Information by Current Asbestos Claimants [D.I. 659] and (ii) the Debtors' Memorandum of Law in Support of Motion Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for an Order Directing Submission of Information by Current Asbestos Claimants [D.I. 820] (the "Debtors' Memorandum").

I.  **Preliminary Statement**

The Debtors and the Committee of Asbestos Personal Injury Claimants ("ACC") have had considerable success in narrowing the issues disputed in the Claimant 2004 Motion. As a result of their efforts, only three categories of information that the Debtors seek pursuant to their Claimant 2004 Motion from all holders of alleged asbestos personal injury claims remain at issue: (1) information regarding claimants' exposure to other entities' products if such information is not available in pleadings or other discovery materials; (2) information regarding settlement amounts with co-defendants and other parties; and (3) information regarding claimant submissions to, and the amount of payments received from, asbestos trusts (hereinafter referred to collectively as the "Remaining Information Requests").

The Debtors' need for the Remaining Information Requests however remains unclear. The Debtors fail to sufficiently explain how settlement amounts paid by asbestos trusts or other co-defendants are relevant to estimating the Debtors' own aggregate liability pending and future

asbestos personal injury claims. To the extent the Remaining Information Requests are not relevant to the estimation process, there is no basis for the estates to continue to incur the cost associated with the Debtors' pursuit of those requests. Additionally, if the Debtors have a legitimate need for information regarding co-defendants and trust settlements, the FCR respectfully submits that less burdensome and costly alternatives are available to the Debtors to procure this information.

## II.    The FCR Questions the Relevance of the Requested Information

Relevance is the threshold inquiry for whether a Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") motion is appropriate. In re Enron Corp., 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002) (internal quotations omitted). It is unclear whether the Debtors can survive this initial relevance inquiry given that they are seeking information from the current asbestos claimants regarding those claimants dealings with parties <u>other than the Debtors</u> (specifically, (i) exposure to <u>other entities' products,</u> (ii) settlements with <u>co-defendants</u> and <u>other parties</u>, and (iii) information submitted to, and payments received from, <u>other asbestos trusts</u>). Debtors' Memorandum at p. 7. Generally, examinations under Rule 2004 is limited to non-parties with "knowledge of the debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy." In re Dinubilo,177 B.R. 932, 940 (E.D. Ca. 1993) (internal citations omitted); see also, In re Johns-Manville Corp., 42 B.R. 362, 365 (S.D.N.Y. 1984) (finding that Rule 2004 "allows the examination of witnesses as to any matter 'relevant … to the general formulation of a plan' in a Chapter 11 case, but this provision must be read in light of the general restriction of inquiry into the financial affairs of the debtor").

The Debtors' purported need for the remaining information is based on a factual premise that appears to be false. Through Dr. Bates, the Debtors contend that the bankruptcies of major asbestos defendants that occurred starting in 2000 drove up the cost of settlement for the Debtors

2

by virtue of the fact that those bankruptcies removed settlement dollars from the tort system. The Debtors' theory continues that because settlement money is now back in the tort system via payments from asbestos settlement trusts, the Debtors' share of liability for present and future claims should now be substantially reduced. Debtors' Memorandum at pp. 10-11. It is unclear from the charts and graphs included in the Debtors' Memorandum whether the Debtors' spike in asbestos payments was attributable to an increase in the volume of claims or instead an increase in the settlement amounts. Id. A preliminary review of the database provided by the Debtors shows that the settlement amounts just before the wave of bankruptcy filings in 2000 were comparable to the settlement amounts in the years 2000 and thereafter. In addition, in some cases, the settlement amounts in the later years were less than those pre-2000 settlement amounts. The FCR and the ACC have scheduled the deposition of Dr. Bates in advance of the hearing on the Claimant 2004 Motion in order, *inter alia*, to examine the seemingly inconsistency between the Debtors' theory that other asbestos defendants' bankruptcies caused the rise in the Debtors' asbestos payments and the actual settlement information in the Debtors' database as well as the relevance of this information for conducting an estimation the Debtors' aggregate asbestos liability.

The Debtors also base the relevance of the Remaining Information Requests on the flawed legal theory that each claim has a finite value. See Debtors' Memorandum at p. 27 ("all payments by settlement or judgment by a codefendant or other party in the tort system as well as all payments by an asbestos trust toward a claimant's individual recovery necessarily reduce the claimant's outstanding claim against the Debtors.") The Debtors cite to a list of "one-satisfaction" rule cases to support this proposition. See Debtors Memorandum at pp. 27-30. However, the Debtors ignore that the "whole value" of the claims were established by judgments

3

before a reduction or offset was applied in every single "one-satisfaction" case they cited. See, e.g. BUC Int'l Corp. v. Int'l Yacht Council, 517 F.3d 1271, 1278 (11th Cir 2008) (defendants were entitled to reduction in <u>judgment</u> against them received by plaintiff in settlement of claims for the same injury); Kassman v. Am. Univ., 546 F.2d 1029, 1033 (D.C. 1977) (<u>judgment</u> should have been credited for the settlement based on loss claim established by the verdict); Coleco Indus., Inc. v. Berman, 567 F.2d 569, 577-78 (3d Cir. 1977) (damages defendants owed pursuant to the <u>jury verdict</u> should have been offset by plaintiffs' recovery of the same damages by previous settlement); Gulfstream III Assoc. v Gulfstream Aerospace, 789 F. Supp. 1288 (D.N.J. 1992) (trial court reduced the <u>damages awarded by jury</u> based on settlement payments plaintiff received before trial); Koppers Co., Inc. v. Aetna Casualty and Surety Co., 98 F.3d 1440, 1443 (3d Cir. 1996) (the district court had improperly entered a <u>judgment</u> without reducing the verdict to account for settlements with other insurers); Thibodeaux v. Fibreboard Corp, 706 F.2d 728, 731 (5th Cir. 1983) (reversing <u>damages award</u> to plaintiff because he had already been fully compensated through previous settlements); Greenleaf v. Garlock, Inc., 174 F.3d 352, 367 (3d Cir. 1999) (<u>damages award</u> in federal court in excess of a previously received damages award in state court reversed and remanded); Schenk v. HNA Holdings, Inc., 613 S.E.2d 503, 509-10 (N.C. Ct. App. 2005) (holding that the trial court did not err in reducing the <u>jury award</u> by a previously received workers' compensation settlement and prior third-party settlement amounts).

Absent a judgment establishing the "whole" amount of an individual claimant's asbestos bodily injury claim, information regarding settlement payments received from asbestos trusts or other co-defendants has little or no relevance to the estimation of these Debtors' aggregate asbestos liability. The mere existence of settlement payments alone does not eliminate or reduce the Debtors' own liability. Similarly, a section 524(g) trust generally pays no more to any

individual than the several share of liability attributable to the bankrupt entity whose asbestos liability that trust has assumed. See, e.g., In re ACandS, Inc., Case No. 02-12687 (JKF) (Bankr. D. Del.), ACandS, Inc. Asbestos Settlement Trust Distribution Procedures, Section 2.1 (settlement values contained in the TDP and claims values provided thereunder are expressly designed to compensate only the "several shares of the unpaid portion" of a claim.) Moreover, the trust payment itself rarely reflects the full value of even the bankrupt's share of liability. Because the funds available to a section 524(g) trust are only a fraction of the bankrupt entity's estimated liability and because the trust is required to conserve resources for future claimants, a section 524(g) trust typically pays only a fraction of its several share of liability. Consequently, the Remaining Requested Information appears to have no relevance to estimating the Debtors' asbestos liability.

### III. The FCR Also Questions Whether the Significant Costs to the Estates are Justified by any Tangential Benefit of the Requested Information

Even if the Debtors satisfy the initial threshold by demonstrating some marginal relevancy, the Debtors also bear the burden of establishing good cause to warrant the requested Rule 2004 discovery. See In re Countrywide Home Loans, Inc., 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008); In re Eagle-Picher Indus. Inc., 169 B.R. 130, 134 (Bankr. S. D. Ohio 1994). Relevancy alone does not demonstrate that there is good cause for production of documents pursuant to Rule 2004. In re Drexel Burnham Lambert Group, Inc., 123 Bankr. 702, 708 (Bankr. S.D.N.Y. 1991) (citing In re Public Service Co. of N.H., 91 Bankr. 198 (Bankr. D. N.H. 1988); Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S. Ct. 234, 13 L.Ed. 2d 152 (1964). In determining whether good cause has been established, the court must utilize a totality of the circumstances approach. Countrywide, 384 B.R. at 393. Consistent with this approach is balancing the competing interests of the parties. Id.; Drexel, 123 Bankr. at 712 ("Rule 2004

5

requires that we balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.").

It also remains unclear why the Debtors cannot utilize publicly available information for purposes of calculating what claimants generally may have received from the section 524(g) trusts. The claimants at issue here have agreed to identify in the personal injury questionnaires which asbestos trusts they have filed claims against, and the applicable TDPs' average values are publicly available. Generally, the trust distribution procedures for section 524(g) trusts require the trustees to processes claims in a manner so that the settlement amounts paid to the claimants over time averages out at the "Average Values" published by disease level in the respective TDPs. See In re: ACandS, Inc., Case No. 02-12687 (JKF) (Bankr. D. Del.), D.I. 3109, ACandS, Inc. Asbestos Settlement Trust Distribution Procedures, Section 2.2 ("The Trustee shall use his or her reasonable best efforts to inure that the Trust processes claims such that over time the combination of settlements at the Scheduled Values and those resulting from the Individual Review Process for the five more serious Disease Levels approximate the Average Values set fort in Section 5.3(b)(3) for each such Disease Level.").

The lack of relevance of the Remaining Information Requests should be considered in light of the substantial costs to the estates to procure this information. The cost to litigate the actual Claimant 2004 Motion likely is only the tip of the iceberg. Even if the Court grants the motion, an expensive and protracted motion practice will likely result. At least a portion of the claimants who are subject to the information requests will likely object to, or seek relief from, the substance of the information requests and/or the procedure utilized.[1] Given that the

---

[1] Asbestos claimants who do not reside within 100 miles of this Bankruptcy Court and have not submitted to the jurisdiction of the Court may raise issues regarding potentially applicable procedural safeguards, such as the issuance of a subpoena. See Fed. R. Bankr. P. 2004(c); Notes of Advisory Committee on 2002 amendments to Rule 2004 ("Subdivision (c) is amended to clarify that an examination ordered under Rule 2004(a) may be held outside

6

information the Debtors seek appears unnecessary to conduct an estimation, the FCR questions whether there is any benefit to the estates in pursuing the Remaining Information Requests.

IV. **Conclusion**

For the reasons set forth in this memorandum of law and the Limited Objection, the FCR respectfully submits that the relief requested in the Claimant 2004 Motion with respect to the Remaining Information Requests should be denied or, in the alternative, modified to reduce the cost to the estates.

Dated: Wilmington, Delaware  
February 1, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____  
James L. Patton, Jr. (No. 2202)  
Edwin J. Harron (No. 3396)  
Edmon L. Morton (No. 3856)  
Erin Edwards (No. 4392)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel to the Future Claimants' Representative

---

the district in which the case is pending if the subpoena is issued by the court for the district in which the examination is to be held and is served in the manner provided in Rule 45 F. R. Civ. P., made applicable by Rule 9016."); 3 Alan N. Resnick et al., Collier on Bankruptcy ¶ 1343.09 (15th ed. rev.) ("'[T]he proper manner to bring a witness in is by subpoena; when books, papers or documents are required, a subpoena *duces tecum* should be issued.'"). Rule 45 provides the commanded person the right to object or move to quash the subpoena. Fed. R. Civ. P. 45(c)(2)(B).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1] | Case No. 10-11780 (JKF) |
| | Jointly Administered |
| Debtors. | |

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE   )
                    ) SS
NEW CASTLE COUNTY   )

Casey S. Cathcart, being duly sworn according to law, deposes and says that she is employed by the law firm of Young Conaway Stargatt & Taylor, LLP, counsel to the Legal Representative for Future Claimants, and that on February 1, 2011, she caused a copy of the *Future Claimants' Representative's Memorandum of Law in Support of His Limited Objection to the Motion of the Debtors Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for an Order Directing Submission of Information by Current Asbestos Claimants* to be served (i) via electronic mail upon the Core Group Service List Dated January 26, 2011 and (ii) as indicated upon the parties identified on the attached service list.

Casey S. Cathcart

SWORN TO AND SUBSCRIBED before me this 1st day of February, 2011.

Notary Public
My Commission Expires: 9/6/2013

ERICA A. BROYLES
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Sept. 6, 2013

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857) and Bondex International, Inc. (4125). The Debtors' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

YCST01:10151171.10                                                                         069771.1001

# SPECIALTY PRODUCTS HOLDING CORP.
## SERVICE LIST AS OF 2/1/2011

John A. Baden, IV, Esq.
Jeanette M. Gilbert, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

William P. Bowden, Esq.
Leigh-Anne M. Raport, Esq.
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
(Co-Counsel to the DIP Lenders)
*Hand Delivery*

Alan R. Brayton, Esq.
Christina C. Skubic, Esq.
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94945
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

Arthur D. Bromberg, Esq.
Weiner Lesniak LLP
629 Parsippany Road
Parsippany, NJ 07054
*First Class Mail*

Timothy S. Brunick, Esq.
Clarke Dolph Rapaport Hardy & Hull PLC
6160 Kempsville Circle, Suite 101A
Norfolk, VA 23502
*First Class Mail*

Lori A. Butler, Esq.
Office of the Chief Counsel
Pension Benefit Guaranty Corporation
1200 K Street, NW, Suite 340
Washington, DC 20005-4026
*First Class Mail*

Michael P. Cascino, Esq.
Cascino Vaughn Law Offices
220 South Ashland
Chicago, IL 60607
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

David C. Christian, II, Esq.
James B. Sowka, Esq.
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603-5577
(Counsel to Continental Casualty Co.
and Columbia Casualty Co.)
*First Class Mail*

Timothy Coleman
Jamie O'Connell
Erik Lisher
The Blackstone Group
345 Park Avenue
New York, NY 10154
(Debtors' Financial Advisors
and Investment Bankers)
*First Class Mail*

Robert F. Cossolini, Esq.
Jeremiah L. O'Leary, Esq.
Finazzo, Cossolini, O'Leary, Meola & Hager
36 Cattano Avenue, Suite 500
Morristown, NJ 07960
(Counsel to Mt. McKinley Ins. Co.)
*First Class Mail*

Ronald B. Cox, Esq.  
Proffitt & Cox LLP  
8910 Two Notch Road, Suite 400  
Columbia, SC 29223  
*First Class Mail*

Daniel J. DeFranceschi, Esq.  
Paul N. Heath, Esq.  
Zachary I. Shapiro, Esq.  
Tyler D. Semmelman, Esq.  
Richards, Layton & Finger, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, DE 19801  
(Co-Counsel to the Debtors)  
*Hand Delivery*

W. Joseph Dryer, CPA, CIRA  
Don F. Oliver, CPA, CA, CTA  
Direct Fee Review, LLC  
1000 North West Street, Suite 1200  
Wilmington, DE 19801  
(Fee Auditor)  
*Hand Delivery*

Rodney L. Eshelman, Esq.  
David M. Rice, Esq.  
Carroll, Burdick & McDonough LLP  
44 Montgomery Street, Suite 400  
San Francisco, CA 94104  
(Counsel to Continental Casualty Co.  
and Columbia Casualty Co.)  
*First Class Mail*

Andrew T. Frankel, Esq.  
Mindy M. Lok, Esq.  
Simpson Thacher & Bartlett LLP  
425 Lexington Avenue  
New York, NY 10017  
(Counsel to U.S. Fidelity and Guaranty Co. and  
Travelers Casualty and Surety Co.)  
*First Class Mail*

Curt Cutting, Esq.  
Horvitz & Levy LLP  
15760 Ventura Blvd., 18th Floor  
Encino, CA 91436-3000  
*First Class Mail*

Richard M. Dighello, Esq.  
Updike Kelly & Spellacy P.C.  
100 Pearl Street, 17th Floor  
P.O. Box 231277  
Hartford, CT 06123-1277  
*First Class Mail*

Ethan J. Early, Esq.  
Early & Strauss LLC  
360 Lexington Avenue, 20th Floor  
New York, NY 10017  
(Counsel to Certain Asbestos Claimants)  
*First Class Mail*

W. James Foland, Esq.  
Lynn W. Judkins, Esq.  
Foland, Wickens, Eisfelder, Roper & Hofer, PC  
911 Main Street, 30th Floor  
Kansas City, MO 64105  
*First Class Mail*

Mitchell S. Goldgehn, Esq.  
Howard J. Fishman, Esq.  
Lisa J. Brodsky, Esq.  
Aronberg Goldgehn Davis & Garmisa  
330 North Wabash, Suite 1700  
Chicago, IL 60611  
(Counsel to Allstate Ins. Co.)  
*First Class Mail*

Gregory M. Gordon, Esq.
Dan B. Prieto, Esq.
Robert J. Jud, Esq.
Jones Day
2727 North Harwood Street
Dallas, TX 75201
(Co-Counsel to the Debtors)
*First Class Mail*

Daniel F. Gourash, Esq.
Robert D. Anderle, Esq.
Seely, Savidge, Ebert & Gourash
26600 Detroit Road
Cleveland, OH 44145
(Counsel to Mt. McKinley Ins. Co.)
*First Class Mail*

Ann Harper, Esq.
Baron & Budd, PC
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

Nava Hazan, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922
(Counsel to Honeywell International Inc.)
*First Class Mail*

Elizabeth V. Heller, Esq.
Goldenberg Heller Antognoli & Rowland, P.C.
2227 South State Route 157
Edwardsville, IL 62025
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

Daniel K. Hogan, Esq.
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

John T. Hugo, Esq.
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 02110
*First Class Mail*

David A. Jagolinzer, Esq.
The Ferraro Law Firm, P.A.
4000 Ponce de Leon Blvd., Suite 700
Miami, FL 33146
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

Gail C. Jenkins, Esq.
Jackson Jenkins & Renstrom LLP
2615 Calder Avenue, Suite 500
Beaumont, TX 77702
*First Class Mail*

Brian L. Kasprzak, Esq.
Michael F. Duggan, Esq.
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE 19801
(Counsel to Mt. McKinley Ins. Co.)
*Hand Delivery*

Gregory L. Knapp, Esq.
SmithAmundsen LLC
4811 South 76th Street, Suite 306
Milwaukee, WI 53220
*First Class Mail*

Stephen J. Knoop
Tracy D. Crandall
Specialty Products Holding Corp.
4515 St. Clair Avenue
Cleveland, OH 44103
*First Class Mail*

Shannon M. Kos, Esq.
Collins, Einhorn, Farrell & Ulanoff, P.C.
4000 Town Center, Suite 909
Southfield, MI 48075
*First Class Mail*

Peter A. Kraus, Esq.
Leslie C. MacLean, Esq.
Waters & Kraus LLP
3219 McKinney Avenue
Dallas, TX 75204
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

Kathleen M. Logan
Logan and Company, Inc.
546 Valley Road
Upper Montclair, NJ 07043
(Debtors' Claims Agent)
*First Class Mail*

Ian McCallister, Esq.
Brent Coon and Associates
277 Dartmouth Street, Suite 401
Boston, MA 02116
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

Mark C. Meyer, Esq.
Bruce E. Mattock, Esq.
Goldberg, Persky & White, P.C.
1030 Fifth Avenue
Pittsburgh, PA 15219
(Counsel to Certain Asbestos Claimants)
*First Class Mail*

Andrew M. Kramer, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10169-0075
(Co-Counsel to the DIP Lenders)
*First Class Mail*

Neal J. Levitsky, Esq.
Seth A. Niederman, Esq.
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19801
(Counsel to U.S. Fidelity and Guaranty Co.
and Travelers Casualty and Surety Co.)
*Hand Delivery*

John J. Longos, Esq.
Longos Law Firm, P.C.
22-B Glen Ed Professional Park
Glen Garbon, IL 62034
*First Class Mail*

Thomas F. McKee, Esq.
John J. Jenkins, Esq.
Gus Kallergis, Esq.
Calfee, Halter & Griswold LLP
1400 KeyBank Center, 800 Superior Avenue
Cleveland, OH 44114-2688
(Counsel to RPM International Inc.)
*First Class Mail*

Michelin North America Inc.
Attn: Kim Foster, Corporate Counsel
One Parkway South
Greenville, SC 29615
*First Class Mail*

Michael P. Migliore, Esq.  
Smith, Katzenstein & Jenkins LLP  
800 Delaware Avenue, 10th Floor  
Wilmington, DE 19801  
(Counsel to Allstate Ins. Co.)  
*Hand Delivery*

Robert W. Phillips, Esq.  
Simmons Browder Gianaris  
Angelides & Barnerd LLC  
707 Berkshire Blvd.  
P.O. Box 521  
East Alton, IL 62024  
(Counsel to Certain Asbestos Claimants)  
*First Class Mail*

John J. Preefer, Esq.  
36 West 44th Street, Suite 1208  
New York, NY 10036  
(Counsel to the United States Mineral Products Company Asbestos Personal Injury Settlement Trust)  
*First Class Mail*

Douglas W. Redfearn, Esq.  
Simon Peragine Smith & Redfearn LLP  
1100 Poydras Street, 30th Floor  
New Orleans, LA 70163-3000  
*First Class Mail*

Tiffany L. Roach, Esq.  
Modrall Sperling Roehl Harris & Sisk P.A.  
500 Fourth Street  
P.O. Box 2168  
Albuquerque, NM 87103-2168  
*First Class Mail*

Stephen M. Nichols, Esq.  
Walsworth Franklin Bevins & McCall LLP  
1 City Boulevard West, 5th Floor  
Orange, CA 92868-3677  
*First Class Mail*

Mark D. Plevin, Esq.  
Leslie A. Davis, Esq.  
Stacie B. Lieberman, Esq.  
Tacie H. Yoon, Esq.  
Crowell & Moring LLP  
1001 Pennsylvania Avenue, NW  
Washington, DC 20004-2595  
(Counsel to Mt. McKinley Ins. Co.)  
*First Class Mail*

Natalie D. Ramsey, Esq.  
Laurie A. Krepto, Esq.  
Montgomery, McCracken, Walker & Rhoads, LLP  
1105 North Market Street, Suite 1500  
Wilmington, DE 19801  
(Counsel to the Committee)  
*Hand Delivery*

Bronwyn I. Rinehart, Esq.  
James F. Humphreys & Associates, L.C.  
500 Virginia Street, East, Suite 800  
Charleston, WV 25301  
*First Class Mail*

Frederick B. Rosner, Esq.  
Scott J. Leonhardt, Esq.  
The Rosner Law Group LLC  
824 Market Street, Suite 810  
Wilmington, DE 19801  
(Counsel to the United States Mineral Products Company Asbestos Personal Injury Settlement Trust)  
*Hand Delivery*

| | |
|---|---|
| Jonathan Ruckdeschel, Esq.<br>The Ruckdeschel Law Firm LLC<br>5126 Dorsey Hall Drive, Suite 201<br>Ellicott City, MD 21042<br>(Counsel to Certain Asbestos Claimants)<br>*First Class Mail* | Richard L. Schepacarter, Esq.<br>Office of the United States Trustee<br>844 King Street, Room 2207<br>Lockbox #35<br>Wilmington, DE 19801<br>*Hand Delivery* |
| Mark B. Sheppard, Esq.<br>Montgomery, McCracken, Walker & Rhoads, LLP<br>123 South Broad Street, 24th Floor<br>Philadelphia, PA 19109<br>(Counsel to the Committee)<br>*First Class Mail* | Jeffrey B. Simon, Esq.<br>J. Bradley Smith, Esq.<br>Simon Eddins & Greenstone LLP<br>3232 McKinney Avenue, Suite 610<br>Dallas, TX 75204<br>(Counsel to Certain Asbestos Claimants)<br>*First Class Mail* |
| Robert A. Simon, Esq.<br>Barlow Garsek & Simon, LLP<br>3815 Lisbon Street<br>Fort Worth, TX 76107<br>(Counsel to Lois J., Robin G. and Wende L. Wagner)<br>*First Class Mail* | Christopher P. Simon, Esq.<br>Cross & Simon, LLC<br>913 North Market Street, 11th Floor<br>Wilmington, DE 19801<br>(Counsel to Certain Asbestos Claimants)<br>*Hand Delivery* |
| Ellen W. Slights, Esq.<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>1007 Orange Street, Suite 700<br>P.O. Box 2046<br>Wilmington, DE 19899<br>*Hand Delivery* | Matthew J. Trainor, Esq.<br>Wooden & McLaughlin LLP<br>One Indiana Square, Suite 1800<br>Indianapolis, IN 46204-4208<br>*First Class Mail* |
| Lauren M. Webb, Esq.<br>Simmons Browder Gianaris<br>Angelides & Barnerd LLC<br>707 Berkshire Blvd.<br>P.O. Box 521<br>East Alton, IL 62024<br>(Counsel to Certain Asbestos Claimants)<br>*First Class Mail* | Gilbert B. Weisman, Esq.<br>Becket & Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701<br>Counsel to American Express Bank FSB<br>*First Class Mail* |
| Thomas M. Wilson, Esq.<br>Kelley & Ferraro, L.L.P.<br>2200 Key Tower, 127 Public Square<br>Cleveland, OH 44114<br>(Counsel to Certain Asbestos Claimants)<br>*First Class Mail* | |