## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA<br>AND DELAWARE BSA, LLC,<br><br>Debtors | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 204 & 755** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application") of the Boy Scouts of America and Delaware BSA, LLC for entry of an order ("Order") authorizing Debtors to retain and employ Sidley Austin LLP ("Sidley") as their attorneys, *nunc pro tunc* to the petition date, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-2; and based on the findings of fact and the reasoning set forth in my Bench Ruling delivered May 29, 2020 [D.I. 755] it is **HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. Debtors are authorized to retain and employ Sidley as their attorneys under section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the petition date, in accordance with the terms and conditions set forth in the Application and consistent with the Bench Ruling.

3. Sidley shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court. Sidley shall also make a reasonable effort to comply with the requests for

information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Sidley in these chapter 11 cases.

4. Notwithstanding anything in the Application or the declarations in support thereof to the contrary and after reconciliation of any unpaid prepetition fees and expenses with the retainer held by Sidley, Sidley shall apply any remaining amounts of the retainer toward postpetition fees and expenses after such postpetition fees and expenses are allowed against Debtors' estates, including pursuant to any interim compensation procedures approved by the Court, until the remaining amount of such retainer is exhausted. No additional retainer amounts shall be paid to Sidley postpetition.

5. Debtors and Sidley are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. To the extent there is any inconsistency between the Application, the Declarations and this Order, the provisions of this Order shall govern.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 2, 2020

Laurie Selber Silverstein
United States Bankruptcy Judge