**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 17, 161, 166, 316, 648, 712, & 756** |

Hearing Date: June 8, 2020 at 10:00 a.m.
Objection Deadline: June 2, 2020

**JOINDER BY ALLIANZ GLOBAL RISKS US INSURANCE COMPANY AND NATIONAL SURETY CORPORATION TO MEMORANDUM IN SUPPORT OF HARTFORD'S OBJECTION TO CERTAIN MEDIATORS THAT DEBTORS NOMINATED AND IN FURTHER SUPPORT OF LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPOINTING A JUDICIAL MEDIATOR, (II) REFERRING CERTAIN MATTERS TO MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF**

Allianz Global Risks US Insurance Company ("Allianz") and National Surety Corporation ("NSC" and, together with Allianz, the "Allianz Insurers"), by and through undersigned counsel, hereby file this joinder (the "Joinder") to the *Memorandum in Support of Hartford's Objection to Certain Mediators that Debtors Nominated and in Further Support of Limited Objection to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [D.I. 756] (the "Supplemental Hartford Objection"). Like Hartford, the Allianz Insurers object to the proposed appointments of Eric D. Green and/or Paul A. Finn as mediators pursuant to the *Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

42416505
#58306014 v1

- 2 -

*to Mandatory Mediation, and (III) Granting Related Relief* [D.I. 17] (the "Mediation Motion"), as later supplemented by the *Debtors' Reply in Support of Their Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [D.I. 617-1] (the "Reply").[2]  In support hereof, the Allianz Insurers respectfully represent the following:

## PRELIMINARY STATEMENT

The Allianz Insurers do not, by this Joinder, oppose the Debtors' request to refer matters to mediation.  On the contrary, the Allianz Insurers agree generally that an appropriate mediation process – led by neutral mediator(s) – has the potential to advance the consensual resolution of many key issues in these chapter 11 cases.  But therein lies the rub.

Professor Green and Mr. Finn, the Debtors' two preselected mediators, have disclosed connections that raise significant questions as to their impartiality.  Professor Green, for example, divulged a number of extensive and ongoing relationships to both the FCR and the FCR's counsel, Young Conaway Stargatt & Taylor, LLP ("Young Conaway").  Likewise, Mr. Finn revealed his participation in a prepetition mediation, which the Debtors organized to discuss a potential resolution of sexual abuse claims.

Professor Green's troubling connections to the FCR and Young Conaway, along with Mr. Finn's prepetition dealings concerning the very tort claims at issue in these cases, suggest that Professor Green and Mr. Finn each lacks the impartiality required for a ***neutral*** mediator.  For these reasons, and as set forth more completely below, the Allianz Insurers respectfully request that the Court sustain the Supplemental Hartford Objection and deny the Mediation Motion with respect to the appointments of Professor Green and Mr. Finn.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Mediation Motion or the Reply, as applicable.

- 2 -

#58306014 v1

- 3 -

**BACKGROUND**

1. On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. Contemporaneously therewith, the Debtors filed the Mediation Motion, as later supplemented by the Reply.

3. Pursuant to the Mediation Motion (and Reply), the Debtors seek entry of the Proposed Mediation Order. The Proposed Mediation Order provides for, among other things, the appointment of Professor Green as a co-mediator with respect to the "Mediation Issues," which are defined to include: "all matters that may be the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of plan ballots, a disclosure statement, or confirmation of a chapter 11 plan." Proposed Mediation Order at ¶ 2.

4. The Proposed Mediation Order further directs various Mediation Parties (including the Allianz Insurers and the FCR) to attend and participate in the mediation. *See id.* at ¶ 4.

5. On March 18, 2020, the Debtors filed their *Debtors' Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Claimants,* Nunc Pro Tunc *to the Petition Date* [D.I. 223] (the "FCR Motion") seeking, among other things, the appointment of Mr. Patton as FCR.

6. Shortly thereafter, Mr. Patton (as proposed FCR) moved to employ and retain Young Conaway as counsel. *See Application for Entry of an Order Authorizing the Proposed Future Claimants' Representative to Retain and Employ Young Conaway Stargatt & Taylor, LLP as His Attorneys, Effective as of the Petition Date* [D.I. 243] (the "YCST Application").

7.  The Court granted the FCR Motion and YCST Application by Orders dated April 24, 2020 [D.I. 486] and May 11, 2020 [D.I. 604], respectively.

8.  On May 28, 2020, Professor Green and Mr. Finn made FED. R. BANKR. P. 2014 disclosures. *See Declaration of Eric D. Green in Connection with Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [D.I. 712] (the "Green Declaration"); *Declaration of Paul A. Finn, Mediator, Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with Respect to Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [D.I. 710] (the "Finn Declaration").

9.  As set forth in the Green Declaration, Professor Green has a multitude of connections to the FCR and Young Conaway, including:

(a)  Mr. Patton and Young Conaway **currently represent**[3] Professor Green in his capacity as future claimants' representative in The Bondex Asbestos Personal Injury Trust, The Babcock & Wilcox Company Asbestos PI Trust, The Federal-Mogul Asbestos Personal Injury Trust, The DII Industries, LLC Asbestos PI Trust, The DII Silica Trust, and The Met-Coil Systems Corporation TCE PI Trust;

(b)  Professor Green and Mr. Patton have co-authored two law review articles together; and

(c)  Mr. Patton and Professor Green are "social friends."

*See* Green Declaration at 8-9.

10. The Finn Declaration, in turn, represents that Mr. Finn "mediated one claim with Sidley Austin in November 2019, in New York City" (hereinafter, the "2019 Mediation"). Finn

---

[3] Although the Green Declaration is written in the past-tense ("represented"), Resolutions, LLC (the ADR firm in which Professor Green is a principal) confirmed that Young Conaway's representation of Professor Green is ongoing.

- 4 -

#58306014 v1

Declaration, Attachment A at ¶ 1(l). The 2019 Mediation was "extraordinarily important to [the Debtors'] efforts to reach a global resolution of alleged abuse claims." Email from Jessica Boelter to Christopher Celentano (Nov. 3, 2019), attached as Exhibit 4 to the *Declaration of Jessica C.K. Boelter in Support of Response by Sidley Austin LLP in Further Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [D.I. 500] (the "Boelter Email"). *See also id.* (describing the 2019 Mediation as "critical to the future of the organization."). Nonetheless, "[o]nly one insurer appeared and participated." Finn Declaration, Attachment A at ¶ 1(l).

## JOINDER

11. The Allianz Insurers hereby join in Hartford's objection to the appointment of Professor Green and/or Mr. Finn as mediators under the Proposed Mediation Order.[4] Pursuant to the Local Rules of Bankruptcy Practice and Procedure, a mediator "shall be disqualified in any matter where 28 U.S.C. § 455 would require disqualification if that person were a judge." Del. Bankr. L.R. 9019-2(e). 28 U.S.C. § 455(a), in turn, requires judicial disqualification "in any proceeding in which [a judge's] impartiality might reasonably be questioned." *Id.*

12. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l, Ltd.*, 368 F.3d 289, 301 (3d Cir. Del. May 17, 2004). This is an objective standard; thus, a litigant need not show that a judge (or, under Del. Bankr. L.R. 9019-2(e), a mediator) harbors ***actual*** bias or prejudice. *See id.* at 302. Instead, disqualification is appropriate – and required – if, "after being fully informed of all the surrounding

---

[4] In addition, the Allianz Insurers hereby incorporate, as if restated herein, the arguments set forth in their previous joinders [D.I. 316, 658].

circumstances," an average layperson would question a mediator's ability to "render a fair and impartial decision." *Id.* *Accord* Del. Bankr. L.R. 9019-2(e).

13. Here, a "reasonable person" would conclude that Professor Green and Mr. Finn each lacks the ability to "render a fair and impartial decision," *Kensington*, 368 F.3d at 302 as a mediator.

### A. Professor Green's Connections to the FCR and Young Conaway Are Disqualifying.

14. Professor Green's deep and continuing ties to both the FCR and Young Conaway raise grave doubts as to his neutrality. Mr. Patton and Young Conaway **currently represent** Professor Green in his capacity as court-appointed future claimants' representative in six different mass tort bankruptcy trusts: The Bondex Asbestos Personal Injury Trust; The Babcock & Wilcox Company Asbestos PI Trust; The Federal-Mogul Asbestos Personal Injury Trust; The DII Industries, LLC Asbestos PI Trust; The DII Silica Trust; and The Met-Coil Systems Corporation TCE PI Trust. *See* Green Declaration at 8. And Professor Green and Mr. Patton have co-authored two law review articles and are "social friends." *Id.* at 9.

15. Any one of these relationships, individually, is sufficient to raise credible questions as to Professor Green's impartiality. *Cf., e.g.*, *United States v. Jordan*, 49 F.3d 152, 158 (5th Cir. 1995) (appearance of impropriety under 28 U.S.C. § 455(a) when, among other things, the presiding judge maintained a close friendship with one of the litigants); *In re Cargill, Inc.*, 66 F.3d 1256, 1260 n.4 (1st Cir. 1995) ("Most . . . would agree that a judge should not hear a case argued by an attorney who, at the same time, is representing the judge in a personal matter."). Together, Professor Green's numerous connections to the FCR and Young Conaway compel that conclusion. As a result, the Allianz Insurers join Hartford's objection to the appointment of Professor Green.

#58306014 v1

### B. Mr. Finn's Participation in the 2019 Mediation Is Disqualifying.

16. Like Professor Green, Mr. Finn has disqualifying connections to the Debtors and other parties herein. Specifically, Mr. Finn presided over the 2019 Mediation – an acknowledged attempt to reach a "global resolution of alleged abuse claims." Boelter Email. But, according to Mr. Finn, the 2019 Mediation included only one insurer. *See* Finn Declaration, Attachment A at ¶ 1(l). As a result, the 2019 Mediation almost certainly exposed Mr. Finn to a one-sided preview of the claims now at issue in these cases.

17. This is inappropriate. Indeed, the Third Circuit has recognized that such selective presentations undoubtedly would cause a reasonable person to question the partiality of the presiding neutral. *See In re Sch. Asb. Litig.*, 977 F.2d 764 (3d Cir. 1992) ("We are convinced that a reasonable person might question Judge Kelly's ability to remain impartial."). In *School Asbestos*, therefore, the Third Circuit granted the extraordinary writ of mandamus relief – ordering a trial judge to recuse himself – when the judge "attended a predominantly pro-plaintiff conference on a key merits issue" and was "exposed to a Hollywood-style 'pre-screening' of the plaintiffs' case." *Id.* at 783. Mr. Finn's participation in the 2019 Mediation raises the same questions at issue in *School Asbestos*. Accordingly, the Allianz Insurers join Hartford's objection to the appointment of Mr. Finn.

### PROPOSED RESOLUTION

18. As set forth in the Allianz Insurers' previous joinder [D.I. 658], there are other mediator candidates who are worthy of consideration, such as Judge Kevin J. Carey (retired), a sitting bankruptcy judge, and Timothy Gallagher, whose name is already included in the Proposed Mediation Order.

## **CONCLUSION**

WHEREFORE, the Allianz Insurers respectfully request that the Court enter an order granting (i) the relief requested in this Joinder; and (ii) such other and further relief as is just and proper.

[*Signatures on following page*]

Dated:   June 2, 2020
         Wilmington, Delaware

#58306014 v1

PEPPER HAMILTON LLP

By: /s/ *David M. Fournier*
    David M. Fournier (DE No. 2812)
    Marcy J. McLaughlin Smith (DE No. 6184)
    Hercules Plaza
    1313 Market Street
    Suite 5100
    P.O. Box 1709
    Wilmington, DE 19899-1709
    Telephone:  302.777.6500
    Facsimile:  302.421.8390

*-and-*

    TROUTMAN SANDERS LLP
    Harris B. Winsberg (admitted *pro hac vice*)
    Matthew G. Roberts (admitted *pro hac vice*)
    Bank of America Plaza
    600 Peachtree Street NE
    Suite 3000
    Atlanta, GA  30308-2216
    Telephone:  404.885.3000
    Facsimile:  404.885.3900

*-and-*

    NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
    Matthew W. Sorem (admitted *pro hac vice*)
    10 S. Wacker Dr.
    21st Floor
    Chicago, IL 60606
    Telephone:  312.585.1433
    Facsimile:  312.585.1401

*-and-*

    MCDERMOTT WILL & EMERY LLP
    Margaret H. Warner (admitted *pro hac vice*)
    Ryan S. Smethurst (admitted *pro hac vice*)
    The McDermott Building
    500 North Capitol Street, NW
    Washington, DC 20001-1531
    Telephone:  202.756.8228
    Facsimile:  202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

PEPPER HAMILTON LLP

By: /s/ *David M. Fournier*
    David M. Fournier (DE No. 2812)
    Marcy J. McLaughlin Smith (DE No. 6184)
    Hercules Plaza
    1313 Market Street
    Suite 5100
    P.O. Box 1709
    Wilmington, DE 19899-1709
    Telephone:  404.885.3000
    Facsimile:  404.885.3900

*-and-*

    TROUTMAN SANDERS LLP
    Harris B. Winsberg (admitted *pro hac vice*)
    Matthew G. Roberts (admitted *pro hac vice*)
    Bank of America Plaza
    600 Peachtree Street NE
    Suite 3000
    Atlanta, GA  30308-2216
    Telephone:  404.885.3000
    Facsimile:  404.885.3900

*-and-*

    BRADLEY RILEY JACOBS PC
    Todd C. Jacobs (admitted *pro hac vice*)
    320 W. Ohio Street
    Suite 3W
    Chicago, IL 60654
    Telephone:  312.281.0295

*Attorneys for National Surety Corporation*

#58306014 v1