## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOYS SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: June 8, 2020 10:00 AM (ET)** |
| Debtors. | ) | |
| | ) | **Re:  D.I. Nos. 678, 702, 745, 751** |
| | ) | |

**OLD REPUBLIC INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT PAYMENTS OF CLAIMS AGAINST NON-DEBTOR INSUREDS AND RELATED DEFENSE COSTS UNDER INSURANCE POLICIES**

Old Republic Insurance Company and its affiliates (collectively "**Old Republic**") filed a motion (the "**Old Republic Motion**") requesting that this Court enter an order modifying the automatic stay, to the extent it applies, to allow Old Republic and ESIS, Inc. ("**ESIS**") to pay losses and expenses which are incurred in conjunction with the investigation, defense, adjustment or settlement of certain non-stayed claims or suits on behalf Non-Debtor Insureds under certain Old Republic Excess Insurance Policies. All capitalized terms used herein and not defined shall have the same meaning as set forth in the Old Republic Motion.

In response to the Old Republic Motion, the Official Committee of Tort Claimants (the "**TCC**") filed an omnibus objection (the "**TCC Objection**") which included its response to the Old Republic Motion. James L. Patton, Jr., the Future Claimants' Representative (the "**FCR**") filed an omnibus objection (the "**FCR Objection**") which included its response to the Old

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

Republic Motion. The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") filed a limited objection (the "**Creditors' Committee Limited Objection"**). Old Republic respectfully submits this reply to the TCC Objection, the FCR Objection and the Creditors' Committee Limited Objection and states the following in support of the Old Republic Motion:

## Non-Stayed Claims Against the Debtor Insureds Are Currently Proceeding

1.      As set forth in the Old Republic Motion, Old Republic has an obligation to provide a defense to the Non-Debtor Insureds and to pay claims on behalf of the Non-Debtor Insureds under the Old Republic Primary Policies and the Old Republic Excess Policies. The Non-Stayed Claims against those Non-Debtor Insureds are currently proceeding. The FCR Objection seems to imply that Old Republic is seeking to allow those claims to proceed when in fact those claims are already proceeding. Because these Non-Stayed Claims are proceeding, the Non-Debtor Insureds expect Old Republic to provide them with a defense and to resolve those pending claims. Old Republic is seeking a ruling from this Court to confirm that the automatic stay does not apply, and does not require Old Republic to deny insurance coverage without any basis to Non-Debtor Insureds that have relied on the insurance coverage.

## Insurance Proceeds Under the Primary Policy Are Not Property of the Estate

2.      Allowing Old Republic to continue to handle the Non-Stayed Claims against Non-Debtor Insureds that fall within the Old Republic Primary Policy will not adversely affect the Debtors' estates and will not prejudice other creditors. First, the proceeds of the Old Republic Primary Policies are not property of the Debtors' estates as the payment of claims under the Primary Policies will not deprive other creditors of insurance proceeds under the Old Republic Primary Policies. While each claim has a limit of $1 million per occurrence, there is no aggregate limit on the number of claims or amounts under the Old Republic Primary Policies. Therefore,

no other creditor can be deprived of the Old Republic Primary Policy proceeds that it may be entitled to under those policies. While the TCC argues in its Objection that the "insurance potentially available to every other tort claimant is diminished", that statement is just not correct as it applies to the Old Republic Primary Policies. Second, Debtors' estates will not be diminished because any reimbursement rights that Old Republic will have against the Debtors for settling the Non-Debtor Insureds claims will be satisfied by the JPMorgan L/Cs. Case law is well established that letter of credit proceeds are not property of the estate.[2] Whether or not the party issuing the letter of credit has reimbursement rights against a debtor or certain collateral is irrelevant to this underlying question of whether the proceeds of the letter of credit are property of the estate.

3.    Also, despite the argument in the FCR Objections, there is no evidence and no basis whatsoever to believe that Old Republic would deny existing coverage to its insureds if the JP Morgan L/Cs are not sufficient to cover the Debtors' reimbursement obligations. If the L/C proceeds were exhausted, Old Republic would simply have an unsecured claim against the Debtors' estates for the balance due for reimbursement obligations. Accordingly, Old Republic and ESIS have been handling claims, and should be allowed to continue to handle such claims, that fall within the Old Republic Primary Policies as those proceeds are not property of the estate and there is no negative impact on property of the Debtors' estates.

**Cause Exists to Modify The Stay To Allow Old Republic to Defend and Pay Claims within the Excess Policy**

4.    In making the determination of whether to grant relief from the stay for cause, this Court should balance the potential prejudice to the Debtors, to the Debtors' bankruptcy estate,

---

[2]    It is well established that letters of credit (and their proceeds) are not property of a debtor's estate.  *See ITXS, Inc. v. F & S Hayward, LLC (In re ITXS, Inc.)*, 318 B.R. 85, 87 (Bankr. W.D. Pa. 2004) ("A letter of credit and the proceeds derived therefrom are not property of a debtor's estate ...")

and to the other creditors against the hardship to Old Republic and the Non-Debtor Insureds if relief is not granted.

5.      **No Harm To Debtors and the Sex Abuse and Other Claimants.**  Although the payments by Old Republic and ESIS of claims under the Old Republic Excess Policies would possibly result in the depletion of  insurance coverage under the Old Republic Excess Policies in an  applicable coverage year, the Debtors' Information Brief (Docket No. 4)  demonstrates there is significant excess insurance coverage over and above the Old Republic $9 million aggregate limit for each year that would be sufficient to provide coverage for general liability claims, including the current and future sexual abuse actions.  That Information Brief states "beginning in late 1990, BSA procured significant insurance with limits of liability exceeding $100 million." Informational Brief, page 36. In the same pleading, BSA also states "[c}]aims alleging abuse within the last thirty years make up a small fraction of the known abuse claims." Information Brief, page 33. Therefore, the argument asserted by the TCC and the FCR that there is no evidence as to the adequacy of the additional excess insurance is simply incorrect.

6.      **Harm to Old Republic and the Non-Debtor Insureds.** Cases brought by claimants asserting claims other than sexual abuse claims are not stayed.  Those cases are proceeding and will continue to go forward in the absence of any Court order requiring that they be stayed.  To date, there is no such order.  If Old Republic is not allowed to defend and pay claims on behalf of the Non-Insured Debtors, Old Republic may be found in breach of its contractual obligations to the Non-Debtor Insureds. The Non-Debtor Insureds would also be harmed because claims against them are not stayed and having to pay their own defense costs and claims would result in significant financial strain on the Non-Debtor insureds, which includes individual volunteers. The Non-Debtors Insureds relied on that insurance and they should not be denied the benefit of those contractual rights. Furthermore, the Debtors' estate

4

would also be harmed if the claims against the Non-Debtor Insureds went to default judgments or were not properly handled and settled.  If Old Republic was required to pay such judgments, its reimbursement claim against the Debtors would only increase.  If the Non-Debtor Insureds had to pay out on those claims, they would have claims against the Debtors and the overall claims against the Debtors' estate would increase dramatically.

7.      On balance, the potential prejudice to Old Republic, the Non-Debtor Insureds and harm to the Debtors' estate outweighs any potential harm to the other creditors and therefore the stay should be modified as necessary to allow Old Republic and ESIS to defend and resolve the claims against the Non-Debtor Insureds.

## Conclusion

Old Republic respectfully requests that this Court overrule the Objections filed by FCR, TCC and the Creditors' Committee and enter an order: granting relief from the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent it applies, pursuant to sections 105(a) and 362(d) of the Bankruptcy Code to allow Old Republic and ESIS to continue to handle, administer, provide for the defense of, settle and pay claims against Non-Debtor Insureds for Non-Stayed Claims pursuant to the terms of the Old Republic Policies and granting to Old Republic and ESIS such other and further relief as is just and proper.  In the alternative, all Non-Stayed Claims should be stayed.

*[Remainder of page intentionally left blank]*

Dated: June 3, 2020

**MORRIS JAMES LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
E-mail: bfallon@morrisjames.com


- and –


*/s/ Margaret M. Anderson*
Margaret M. Anderson, Esq.
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1224

*Counsel for Old Republic Insurance Company
and its affiliates*