**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| BOY SCOUTS OF AMERICA, | |
| Plaintiff, | Adv. Pro. No. 20-50527 (LSS) |
| v. | |
| A.A., *et al.*,[2] | |
| Defendants. | |

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR
HEARING ON JUNE 8, 2020, AT 10:00 A.M. (ET)**

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] A full list of the Defendants in this adversary proceeding was included in redacted form on Exhibit A to the BSA's *Verified Complaint for Injunctive Relief* [A.D.I No. 1] to protect the privacy interests of abuse victims. A revised proposed redacted version of the Complaint and Exhibit A thereto was filed on or about February 26, 2020 [A.D.I No. 14-1]. An unredacted version of the Complaint and Exhibit A thereto have been served on each Defendant's counsel.

This hearing will be held telephonically and by video. All parties wishing to appear must do so telephonically by contacting COURTCALL, LLC at 866-582-6878 no later than June 8, 2020, at 8:30 A.M. to sign up.  Additionally, anyone wishing to appear by Zoom is invited to use the link below.  All parties that will be arguing or testifying must appear by Zoom and CourtCall.  Participants on CourtCall should dial into the call not later than 10 minutes prior to the start of the scheduled hearing to insure a proper connection.

PLEASE NOTE THAT THE MICROPHONES ON THE ZOOM MEETING WILL BE MUTED AND THE ONLY AUDIO WILL BE THROUGH COURTCALL.

Topic: Boy Scouts of America - Case No. 20-10343 (LSS)
Time: June 8, 2020, 10:00 A.M. Eastern Time (US and Canada)

Join ZoomGov Meeting
https://debuscourts.zoomgov.com/j/1607998150

Meeting ID: 160 799 8150
Password: 277167

Join by SIP
1607998150@sip.zoomgov.com

RESOLVED MATTER

1.    Debtors' Motion for Entry of an Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors May Remove Civil Actions and Granting Related Relief (D.I. 653, Filed 5/15/20).

Objection Deadline:  May 29, 2020, at 4:00 p.m. (ET).

Responses Received:  None.

Related Pleadings:

    a)    Certificate of No Objection Regarding the Debtors' Motion for Entry of an Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors May Remove Civil Actions and Granting Related Relief (D.I. 754, Filed 6/2/20); and

    b)    Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors May Remove Civil Actions (D.I. 769, Entered 6/3/20).

Status:  An order has been issued.  No hearing is necessary.

ADJOURNED MATTERS

2.  Debtors' Motion for Entry of an Order (I) Scheduling Certain Deadlines in Connection with Potential Disputes Regarding the Debtors' Identified Property and (II) Granting Related Relief (D.I. 19, Filed 2/18/20).

Objection Deadline:  March 11, 2020, at 4:00 p.m. (ET).  Extended to July 2, 2020, at 4:00 p.m. (ET) for the Creditors' Committee, the Tort Claimants' Committee, the Future Claimants' Representative, JPMorgan Chase Bank, National Association, and the U.S. Trustee.

Responses Received:

   a)  Informal comments from the U.S. Trustee.

Related Pleadings:

   a)  Notice of Hearing of the Debtors' Motion for Entry of an Order (I) Scheduling Certain Deadlines in Connection with Potential Disputes Regarding the Debtors' Identified Property and (II) Granting Related Relief (D.I. 108, Filed 2/29/20).

Status:  This matter has been adjourned to the hearing scheduled for July 9, 2020, at 10:00 a.m. (ET).

3.  Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K. (D.I. 545, Filed 5/4/20).

Objection Deadline:  May 27, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

   a)  The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and

362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

b)    The Official Committee of Unsecured Creditors' Reservation of Rights to Motions for Relief from the Automatic Stay (D.I. 708, Filed 5/27/20);

c)    The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and

d)    The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:  None.

Status:  This matter has been adjourned to the hearing scheduled for July 9, 2020, at 10:00 a.m. (ET).

4.    Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds (D.I. 583, 5/7/20).

Objection Deadline:  May 27, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

a)    The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and

the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

b)       The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and

c)       The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:

a)       [WITHDRAWN] Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds (D.I. 575, Filed 5/6/20); and

b)       Notice of Withdrawal (D.I. 592, Filed 5/8/20).

Status:  This matter has been adjourned to the hearing scheduled for July 9, 2020, at 10:00 a.m. (ET).

5.       Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insureds and Related Defense Costs Under Insurance Policies (D.I. 678, Filed 5/21/20).

Objection Deadline:  June 1, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

    a)    The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

    b)    The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and

    c)    The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:

    a)    Old Republic Insurance Company's Reply In Support Of Its Motion Pursuant To Sections 105(A) And 362 Of The Bankruptcy Code And Bankruptcy Rule 4001 For An Order Modifying The Automatic Stay To Permit Payments Of Claims Against Non-Debtor Insureds And Related Defense Costs Under Insurance Policies (D.I. 770, Filed 6/3/20).

Status:  This matter has been adjourned to the hearing scheduled for July 9, 2020, at 10:00 a.m. (ET).

5.      Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay Of 11 U.S.C. § 362 (D.I. 682, Filed 5/22/20).

Objection Deadline:  June 1, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

a)      The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

b)      The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and

c)      The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:

Status:  This matter has been adjourned to the hearing scheduled for July 9, 2020, at 10:00 a.m. (ET).

6.      Evanston Insurance Company's Motion for Entry of an Order, Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies (D.I. 686, Filed 5/22/20).

Objection Deadline:  June 1, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

a)      The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

b)      The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and

c)      The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:  None.

Status:  This matter has been adjourned to the hearing scheduled for July 9, 2020, at 10:00 a.m. (ET).

MATTERS GOING FORWARD

8.    Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 17, Filed 2/18/20).

Objection Deadline:  March 11, 2020, at 4:00 p.m. (ET).  Extended to April 1, 2020, at 4:00 p.m. for the Creditors' Committee, the Tort Claimants' Committee, the Future Claimants' Representative, and JPMorgan Chase Bank, National Association.  Further extended to June 2, 2020, at 5:00 p.m. (ET) for the insurers.

Debtors' Reply Deadline:  June 4, 2020, at 5:00 p.m. (ET), pursuant to agreement between the Debtors and the insurers, and as authorized by the Court on the record at the hearing held on May 29, 2020.

Responses Received:

a)    Informal comments from JPMorgan Chase Bank, National Association;

b)    Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 161, Filed 3/11/20);

c)    Laraine Kelley, Esq. Affidavit in Opposition to (I) the BSA's motion for a preliminary injunction; and (II) the BSA's motion for an order appointing a judicial mediator (D.I. 164, Filed 3/11/20);

d)    National Surety Corporation's Partial Joinder to Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 166, Filed 3/11/20);

e)    Attorney Affidavit (D.I. 171, Filed 3/13/20);

f)    Allianz Global Risks US Insurance Company's Partial Joinder to Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 316, Filed 3/31/20);

g)      Limited Objection and Partial Joinder in Part to Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motions for Entry of an Order (1) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 388, Filed 4/10/20);

h)      Supplemental Brief in Support of Century's Objection to Debtors' Motion for Entry of Revised Mediation Order Filed on May 15, 2020 [Dkt. 640] Seeking (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 646, Filed 5/15/20);

i)      Declaration of Janine Panchok-Berry in Support of Century's Supplemental Brief in Support of Century's Objection to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 647, Filed 5/15/20);

j)      Motion for Leave to File Supplemental Memorandum in Support of the Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 648, Filed 5/15/20);

k)      Declaration of Abigail W. Williams in Support of the Supplemental Brief in Support of the Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 650, Filed 5/15/20);

l)      Joinder to Limited Objection of Creditors First State Insurance Company and Twin City Fire Insurance Company and Party in Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 652, Filed 5/15/20);

m)      Joinder by Allianz Global Risks US Insurance Company and National Surety Corporation to the Hartford and Century Objections to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II)

Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 658, Filed 5/15/20);

n)      Century's Status Report on Debtors' Mediation Motion (Dkt. 17) (D.I. 713, Filed 5/28/20);

o)      Memorandum in Support of Hartford's Objection to Certain Mediators that Debtors Nominated and in Further Support of Limited Objection to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 756, Filed 6/2/20);

p)      Declaration of Abigail W. Williams in Support of Memorandum in Support of Hartford's Objection to Certain Mediators that Debtors Nominated and in Further Support of Limited Objection to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 757, Filed 6/2/20);

q)      Joinder by Allianz Global Risks US Insurance Company and National Surety Corporation to Memorandum in Support of Hartford's Objection to Certain Mediators that Debtors Nominated and in Further Support of Limited Objection to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 759, Filed 6/2/20);

r)      Joinder of Century Indemnity Company, Ace Insurance Group, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company to Hartford's Memorandum in Support of Hartford's Objection to Certain Mediators that Debtors Nominated and in Further Support of Limited Objection to Debtors' Motion [Dkt. 756] and Century's Objection (D.I. 761, Filed 6/2/20);

s)      Declaration of Janine Panchok-Berry in Support of Joinder of Century Indemnity Company, Ace Insurance Group, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company to Hartford's Memorandum in Support of Hartford's Objection to Certain Mediators that Debtors Nominated and in Further Support of Limited Objection to Debtors' Motion [Dkt. 756] and Century's Objection (D.I. 762, Filed 6/2/20);

Related Pleadings:

a)      Notice of Hearing of the Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to

Mandatory Mediation, and (III) Granting Related Relief (D.I. 107, Filed 2/26/20);

b)     Debtors' Motion for Leave to File Debtors' Reply in Support of Their Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 617, Filed 5/13/20);

c)     Notice of Filing of Revised Mediation Order (D.I. 640, Filed 5/15/20);

d)     Declaration of Adrian C. Azer in Support of Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 664, Filed 5/17/20);

e)     Declaration of Paul A. Finn, Mediator, Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with Respect to Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 710, Filed 5/28/20);

f)     Declaration of Timothy V.P. Gallagher Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with Respect to Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 711, Filed 5/28/20); and

g)     Declaration of Eric D. Green in Connection with Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (D.I. 712, Filed 5/28/20).

h)     Notice of Filing of Disclosures Pursuant to Fed. R. Bankr. P. 2014 for Mediator Candidate (D.I. 771, Filed 6/3/20);

i)     Notice of Filing of Disclosures Pursuant to Fed. R. Bankr. P. 2014 for Mediator Candidate Kenneth Feinberg (D.I. 772, Filed 6/3/20); and

j)     Declaration of Kenneth R. Feinberg (D.I. 773, File 6/3/20).

Status:  The Debtors, the Tort Claimants' Committee, the Creditors' Committee, the Future Claimants' Representative, and the Ad Hoc Committee of Local Councils of the Boy Scouts of America have agreed on a revised form of order granting the mediation motion.  As of the filing of this agenda, the insurers have not consented to entry of the revised form of order.  This matter is going forward.

9.      Application for Order Authorizing the Future Claimants' Representative to Retain and Employ Ankura Consulting Group, LLC as Consultants, Effective as of the Date Hereof (D.I. 496, Filed 4/27/20).

Objection Deadline:  May 11, 2020, at 4:00 p.m. (ET).  Extended to a date to be determined for the Tort Claimants' Committee.

Responses Received:

        a)      Informal comments from the Tort Claimants' Committee.

Related Pleadings:  None.

Status:  This matter is going forward.

## ADVERSARY PROCEEDING

*Boy Scouts of America v. A.A. et al., Adv. Pro. No. 20-50527*

10.     Second Stipulation and Agreed Order by and Among the Boy Scouts of America, The Official Committee of Survivors of Abuse, and The Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period (A.D.I. 76, Filed 6/2/20).

Objection Deadline:  See status below.

Responses Received:

        a)      Notice of Filing Verified Response of Defendant Frank Joseph Schwindler to the BSA's Reply Brief in Further Support of Motion for Preliminary Injunctive Relief (A.D.I. 53-2; Filed 3/29/20);

        b)      Objection to Stipulation and Agreed Order by and Among the Boy Scouts of America, The Official Committee of Survivors of Abuse, and The Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 (A.D.I. 74, Filed 6/2/20); and

        c)      Creditors KS-Doe-1 Through KS-Does 22's Objection to Stipulation and Agreed Order by and Among the Boy Scouts of America, The Official Committee of Survivors of Abuse, and The Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 (A.D.I. 75, Filed 6/2/20).

<u>Related Pleadings</u>:

    a)      Joint Notice of Correspondence to Tort Claimants' Committee Regarding the BSA's Motion for a Preliminary Injunction (A.D.I. 53; Filed 3/29/20);

    b)      Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction (A.D.I. 54, Entered 3/30/20);

    c)      Notice of Filing of Stipulation and Agreed Extension Order (A.D.I. 71, Filed 5/15/20); and

    d)      Stipulation and Agreed Order by and Among the Boy Scouts of America, The Official Committee of Survivors of Abuse, and The Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 (A.D.I. 72, Entered 5/18/20).

<u>Status</u>:  This matter is going forward as a status conference.  The Debtors, the Tort Claimants' Committee, the Creditors' Committee, and the Ad Hoc Committee of Local Councils of the Boy Scouts of America have agreed to a stipulated protocol extending the Preliminary Injunction through November 16, 2020, and are seeking entry of the Second Stipulation and Agreed Order (A.D.I. 76).

In the Notice of Filing of Stipulation and Agreed Extension Order (A.D.I. 71), the Debtors gave notice that objections to the extension of the preliminary injunction to June 8, 2020, were due June 2, 2020, and that a hearing would be scheduled on a date to be determined by the Court.  Three timely objections were filed.  As part of the Second Stipulation and Agreed Order (A.D.I. 76), the Debtors, the Tort Claimants' Committee, and the Creditors' Committee agreed that any objection filed on or before June 2, 2020, objecting to the extension of the Termination Date pursuant to the terms of the First Stipulation and Agreed Order, would also be treated as a timely filed objection to the Second Stipulation and Agreed Order.  Accordingly. the Debtors request that the hearing on these objections, if necessary, be held on July 9, 2020.  The Debtors have requested that the three objectors consent to this schedule.

Dated:  June 4, 2020
        Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Eric W. Moats*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 425-4664
Email:  dabbott@mnat.com
           aremming@mnat.com
           emoats@mnat.com
           ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  tlabuda@sidley.com
           mandolina@sidley.com
           mlinder@sidley.com

CO-COUNSEL AND COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION