**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 17, 161, 164, 166, 316, 388, 617** |

### ORDER (I) APPOINTING MEDIATORS, (II) REFERRING CERTAIN ~~MATTERS TO MANDATORY~~ MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF

Upon the motion [Docket No. 17] (the "Motion")~~[2]~~ of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") ~~directing~~referring the Mediation ~~Parties to participate in~~Issues (as defined below) to mediation (the "Mediation") ~~regarding the Mediation Issues~~among the Parties (as defined below), as more fully set forth in the Motion ~~[Docket No. 17]~~; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order ~~directing~~referring the Mediation Issues to mediation among the Parties (as defined ~~herein) to participate in the Mediation~~below) being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] ~~All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.~~

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections~~, if any,~~ to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     Paul Finn and Eric Green are appointed as mediators (together, the "Mediators") for the purpose of mediating the comprehensive resolution of issues and claims in BSA's chapter 11 case through a chapter 11 plan (the "Mediation Issues"), which includes, without limitation, all matters that may be the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of plan ballots, a disclosure statement, or confirmation of a chapter 11 plan (the "Direct Plan Actions").  Timothy Gallagher is appointed as a Mediator, only to mediate the insurance issues among the ~~Mediation~~ Parties (as defined below), along with the other two Mediators.

~~3.     The Debtors are responsible for timely payment of the fees and costs of Paul Finn and Eric Green on the terms and conditions of the attached agreement(s), the amounts of which shall be payable without further application or order from the Court.~~

3.     ~~4.~~ Except as otherwise provided herein, the following parties (~~each a "Mediation Party" and together~~collectively, the "Mediation Parties") are ~~directed~~referred to ~~participate in~~ the

2

Mediation: (a) the Debtors; (b) the Ad Hoc Committee of Local Councils of the Boy Scouts of America; (c) the Future Claimants' Representative; (d) the Official Committee of Tort Claimants, including its members, professionals, and the individual members' professionals; (e) the Official Committee of Unsecured Creditors, including its members, professionals, and the individual members' professionals; and (f) each of the insurers set forth on **Exhibit 1** hereto (the "Insurers"). Any additional party or parties who wish to participate in the Mediation, including, without limitation, any additional insurers, shall be included in the Mediation if (i) all of the Mediation Parties agree to include such additional party or parties in the Mediation and (ii) the Mediators agree that the participation of such additional party or parties is necessary or would be beneficial to the Mediation. The Mediation Parties and the additional parties who participate in the Mediation in accordance with the immediately preceding sentence are collectively referred to herein as the "Parties."

4.      At any time following entry of this Order, one or more of the Parties may, individually or jointly, propose in writing that the Mediators address one or more particular Mediation Issues (each such proposal, a "Mediation Proposal") so long as such Party or Parties submits the Mediation Proposal by email to all of the Mediators and all of the Parties and describes, with specificity, the Mediation Issue(s) that are the subject of the Mediation Proposal. Upon receipt of a Mediation Proposal, the Mediators shall confer and determine, in their discretion, the allocation of responsibility amongst themselves with respect to the Mediation Issue(s) that are the subject of the Mediation Proposal in accordance with Paragraph 2 herein. Notwithstanding anything to the contrary in this Order, and for the avoidance of doubt, no Party shall be required to

participate in the mediation of any Mediation Issue(s).

5. The Mediators shall consult with the Parties on the matters concerning the Mediation, including, without limitation: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.

6. ~~5.~~ The Debtors are responsible for timely payment of the fees and costs of Paul Finn and Eric Green, which shall be payable on the terms and conditions of the attached agreements, without further application to or order of the Court.  The Insurers who are ~~Mediation~~ Parties are responsible for timely payment of one-half of the fees and costs ~~incurred by~~of Mr. Gallagher.  The Debtors are responsible for timely payment of the other half of ~~such~~the fees and costs of Mr. Gallagher.  All such amounts shall be payable~~,~~ to Mr. Gallagher on the terms and conditions of the attached agreement, without further application to or order ~~from~~of the Court.

~~6. In their respective roles, the Mediators shall work with the Mediation Parties and/or Additional Mediation Parties on the matters concerning the Mediation, including: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Mediation Parties and/or any Additional Mediation Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.~~

4

7. The provisions of Local Rule 9019-5(d) pertaining to "Confidentiality of Mediation Proceedings" shall govern the Mediation provided, however, that if a ~~Mediation~~ Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning insurance coverage, the ~~parties~~Parties' right to seek discovery, if any, is preserved. During the Mediation process, the Mediators also may make applicable or direct the use of such other provisions of Local Rule 9019-5 as they deem necessary or appropriate~~;~~, provided that concerns arising from COVID-19 shall be taken into account as to the ~~requirements of~~Parties' attendance in person in connection with the Mediation and no such attendance in person shall be required while the ~~Bankruptcy~~ Court is not permitting in-person appearances.

8. Notwithstanding the foregoing, this Order (a) does not require any ~~Mediation~~ Party ~~or any Additional Mediation Parties~~ to submit a dispute as to any matter or make a Mediation Proposal to a Mediator (other than a matter that would be the subject of a Direct Plan Action) before filing a pleading with the ~~Bankruptcy~~ Court or any other court of competent jurisdiction, and (b) is without prejudice to any ~~party's~~party in interest's objection to the continuance of the preliminary injunction in or other matters with respect to adversary proceeding number 20-50527 (LSS).

9. All rights of the ~~Mediation~~ Parties are preserved and shall not be prejudiced by participation in the Mediation, including, without limitation, any rights to: (i) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (ii) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (iii) seek remand of any removed matter; (iv) oppose venue transfer of any removed matter; (v) demand arbitration or a jury trial in any proceeding; and (vi) contest the jurisdiction of the bankruptcy court to enter any order concerning any alleged insurance coverage that is the subject of the Mediation.

10. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion, including executing agreements with Resolutions LLC, Mr. Gallagher, and Commonwealth Mediation on the terms set forth in the forms of agreement attached hereto as **Exhibits 2**, **3** and **4**, respectively, on substantially similar terms, or on terms more favorable to the estates and/or, as applicable, to the Insurers.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
       Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

1. The Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America.

2. The Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company.

3. Allianz Global Risks US Insurance Company

4. National Surety Corporation.

5. Liberty Mutual Insurance Company.

6. American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania.