IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos.:  17, 161, 164, 166, 316, 388, 617, 646, 648, 652, 658, 664, 710, 711, 712, 756, 759, 761, 771, 773, 782** |

**LIMITED JOINDER OF THE TORT CLAIMANTS' COMMITTEE
TO THE DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR
ENTRY OF AN ORDER (I) APPOINTING MEDIATORS, (II) REFERRING
CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF**

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC"), appointed in the above-captioned cases, hereby joins, in part, in the *Debtors' Reply in Support of Their Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Related Relief* [Docket No. 782] (the "Reply"), and respectfully states as follows:

1.      Paul Finn is the most experienced mediator in the country regarding the mediation of childhood sexual abuse claims. In addition, no one has more experience than Mr. Finn mediating childhood sexual abuse claims against the Debtors. At the May 18, 2020 hearing on the Mediation Motion, the Court also indicated that

> The idea of -- however, the idea of someone with some expertise in the area, I think, is also not of an improper or illogical criteria upon which to approve mediators and so I don't necessarily rule out someone who's knowledgeable, who's been involved in mass-tort bankruptcies, but I think it's fair to understand that person's connections.

---

[1] The Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

BSA Hearing, May 18, 2020, 159:4-10. (the relevant portion of the transcript is annexed hereto as **Exhibit A**). Mr. Finn fits this bill.

2.      The TCC's selection of Mr. Finn as a mediator was based in large part on his mediation experience in general and his mediation of the exact same childhood sexual abuse issues that will take place in these Cases and against the same party, the BSA. The TCC's agreement and willingness to accept Mr. Green and Mr. Gallagher as mediators, in their respective roles, was conditioned on Mr. Finn's primary role as a mediator along with Mr. Green.

3.      The TCC does not agree that the Honorable Kevin J. Carey (Ret.) should be appointed as sole mediator or as the lead mediator with Mr. Finn or any of the others in a subordinate position. The Debtors' eleventh-hour, fallback position regarding former Judge Carey breaches the agreement the TCC reached with the Debtors, the Official Committee of Unsecured Creditors ("UCC"), the Future Claimants' Representative ("FCR"), and the Ad Hoc Local Council Committee (the "Local Council Committee"), which was the result of two months of negotiations with the foregoing parties and the objecting insurers. The TCC believes that for this mediation to have any chance of success it must include Mr. Finn in a lead role. If former Judge Carey is appointed as a mediator he must be an equal with Mr. Finn. These Cases cannot have four mediators as that would be unnecessary and impractical. If, however, former Judge Cary is appointed, presumably it will be instead of Mr. Green given the objecting insurers' acceptance of Mr. Gallagher and the TCC's requirement to have Mr. Finn.

4.      The objecting insurers' desperate attempt to portray Mr. Finn as being compromised is unfounded. The TCC, its members, and their respective counsel have never offered Mr. Finn any other role in these cases. Mr. Finn's participation in the November 2019

mediation was a non-event because the November 2019 was a non-event. Mr. Finn never made any offer on behalf of any of the parties present at the mediation. In the end, Mr. Finn's credentials are unmatched. The TCC is not willing to mediate without him in a lead role.

5.  While the Tort Claimants' Committee does not believe a global resolution of substantially all claims can be achieved before the passing of the claims bar date (the "Claims Bar Date"), the Tort Claimants' Committee believes that there are many issues that will require immediate mediation before the passing of the Claims Bar Date, which include, but are not limited to, discovery, determination of restricted and unrestricted personal and real property, insurance coverage, the participation of and contributions from the Local Councils and Charitable Organizations towards a trust, and issues arising under the protective order, including the IV Files.

6.  It is the Tort Claimants' Committee's view that the parties have negotiated in good faith to reach a fair and balanced panel of mediators that each bring specialized experience to the table (*e.g.*, Mr. Finn – mediation of childhood sexual abuse claims against the BSA; Mr. Green – mass tort mediation in chapter 11 cases, and Mr. Gallagher – insurance coverage mediation). In contrast, the recalcitrant and objecting insurers seek to delay all aspects of these Cases at any expense and whenever the opportunity arises (*e.g.*, of all things, Century objected to the TCC's information protocol motion). In the end, the objecting insurers' goal is to stop the advancement of any meaningful progress toward the resolution of claims in these Cases.

7.  Other than the appointment of former Judge Carey as the sole or lead mediator, the TCC supports the Mediation Motion and the Reply, and respectfully requests the Court to approve the Mediation Motion by appointing the panel of meditators that were agreed to by all of the parties.

| | |
|---|---|
| Dated: June 4, 2020 | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ James E. O'Neill*
_____
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Robert B. Orgel (CA Bar No. 10187) (admitted *pro hac vice*)
John A. Morris (NY Bar No. 2405397) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038) (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email: jstang@pszjlaw.com
          rorgel@pszjlaw.com
          jmorris@pszjlaw.com
          joneill@pszjlaw.com
          jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*