## **EXHIBIT A**

1

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                    .     Chapter 11
IN RE:                              .
                                    .     Case No. 20-10343 (LSS)
BOY SCOUTS OF AMERICA and           .
DELAWARE BSA, LLC,                  .     Courtroom No. 2
                                    .     824 North Market Street
                                    .     Wilmington, Delaware 19801
                                    .
                    Debtors.        .     May 18, 2020
. . . . . . . . . . . . . . . . .         10:00 A.M.


                        TRANSCRIPT OF HEARING
            BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:          Derek C. Abbott, Esquire
                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                         1201 North Market Street, 16th Floor
                         P.O. Box 1347
                         Wilmington, Delaware 19899

                         - and -

For the Debtors:         Jessica C. Boelter, Esquire
                         Michael Andolina, Esquire
                         SIDLEY AUSTIN LLP
                         787 Seventh Avenue
                         New York, New York 10019

                         - and -

                         Richard Mason, Esquire
                         WACHTELL LIPTON ROSEN & KATZ
                         51 West 52nd Street
                         New York, New York 10019

                         - and -

                         Shannon Wheatman, Esquire
                         KINSELLA MEDIA
                         Washington, D.C. 20037
```

```
 1  Audio Operator:          Ginger Mace

 2  Transcription Company:   Reliable
                             1007 N. Orange Street
 3                           Wilmington, Delaware 19801
                             (302)654-8080
 4                           Email: gmatthews@reliable-co.com

 5
    Proceedings recorded by electronic sound recording;
 6  transcript produced by transcription service.

 7
    APPEARANCES (Continued):
 8
    For the U.S. Trustee:    David Buchbinder, Esquire
 9                           OFFICE OF THE UNITED STATES TRUSTEE
                             844 King Street, Suite 2207
10                           Wilmington, Delaware 19801

11
    For Century Indemnity:   Tancred Schiavoni, Esquire
12                           O'MELVENY
                             7 Times Square
13                           New York, New York 10036

14  For Abuse Survivors:     Paul Mones, Esquire
                             PAUL MONES PC
15                           13101 Washington Boulevard
                             Los Angeles, California 90066
16
    For Interested Parties:  James Stang, Esquire
17                           PACHULSKI STANG ZIEHL JONES LLP
                             919 North Market Street, 17th Floor
18                           Wilmington, Delaware 19801

19                           - and -

20
                             Alan Kornfeld, Esquire
21                           Linda Cantor, Esquire
                             10100 Santa Monica Boulevard
22                           Los Angeles, California 90067

23                           - and -

24
                             John Lucas, Esquire
25                           150 California Street
                             San Francisco, CA 94111-4500
```

```
 1  APPEARANCES (Continued):

 2  For Hartford:              James Ruggeri, Esquire
                                SHIPMAN & GOODWIN LLP
 3                              1875 K Street NW, Suite 600
                                Washington, D.C. 20006
 4
    For Future Claimants:      Robert Brady, Esquire
 5                              YOUNG CONAWAY STARGATT & TAYLOR
                                1000 North King Street
 6                              Wilmington, Delaware 19801

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                              INDEX

2

3  #10) Debtors' Motion for Entry of an Order (I) Appointing a
    Judicial Mediator, (II) Referring Certain Matters to
    Mandatory Mediation, and (III) Granting Related Relief (D.I.
4  17, Filed 2/18/20).

5  **Ruling: Order Entered**

6  #11) Debtors' Motion, Pursuant to 11 U.S.C. § 502(b)(9),
    Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-
7  1(e), 3001-1, and 3003-1, for Authority to (I) Establish
    Deadlines for Filing Proofs of Claim, (II) Establish the Form
8  and Manner of Notice Thereof, (III) Approve Procedures for
    Providing Notice of Bar Date and Other Important Information
9  to Abuse Victims, and (IV) Approve Confidentiality Procedures
    for Abuse Victims (D.I. 18, Filed 2/18/20).
10
    **Ruling: 70**
11
    #12) Debtors' Motion for Entry of an Order Approving
12  Stipulated Confidentiality and Protective Order (D.I. 613,
    Filed 5/12/20).
13
14  **Ruling: Adjourned**

15
    DEBTOR'S WITNESS(s)
16
    **SHANNON WHEATMAN**
17
          Cross Examination by Mr. Schiavoni       11
18

19  INTERESTED PARTIES WITNESS(s)

20  **JON CONTE**

21        Cross Examination by Mr. Schiavoni       16

22        Redirect Examination by Mr. Kornfeld     22

23

24

25

| | EXHIBITS | I.D. | REC'D |
|---|---|---|---|
| 1 | | | |
| 2 | Declaration of Dr. Shannon Wheatman (556, 631) | | 10 |
| 3 | Declaration of Dr. Jon Conte | | 15 |

1 an excellent job and bring some neutrality to the process;
2 otherwise, we have a court-ordered mediation that we believe
3 won't have a great likelihood of success.
4       And with that, Your Honor, I thank you for your
5 time.
6       MR. LUCAS: Your Honor, this is John Lucas,
7 Pachulski Stang, for the TCC. I didn't know if you were
8 going to allow proponents in favor of the motion to respond
9 to the insurers?
10       THE COURT: I'm not sure I need a response.
11       MR. LUCAS: Understood.
12       THE COURT: Let me tell you where I'm coming from.
13 I'm going to continue this motion until June 8th. My concern
14 is that unlike I think probably any order I've entered, I'm
15 mandating parties go to mediation and I'm not simply, as I
16 usually do, approving the consensual choice of parties to
17 mediation. And I want to ensure that we have a successful
18 mediation because I hear all the parties saying that a
19 mediator would be helpful and, perhaps, is critical here to a
20 successful exit from bankruptcy.
21       And I do, in that context, think it is important
22 for all parties to understand the connections of any mediator
23 or mediators who are selected, so that parties can assure
24 themselves that there is not a predisposed bias in the way a
25 mediator may view issues. So, I think while it may not be

1  necessary, it is not unreasonable to request disclosures of
2  connections as those words are used in Rule 2014, of any
3  candidate.
4          The idea of -- however, the idea of someone with
5  some expertise in the area, I think, is also not of an
6  improper or illogical criteria upon which to approve
7  mediators and so I don't necessarily rule out someone who's
8  knowledgeable, who's been involved in mass-tort bankruptcies,
9  but I think it's fair to understand that person's
10 connections.
11         Let me also say that in terms of the order, I did
12 not understand the division, necessarily, of -- in
13 Paragraph 2 between what Mr. Fynn and Mr. Greene were
14 requested to do and Mr. Gallagher.  I'm not sure that there's
15 a fine line there.  Perhaps there is, but it's not clear to
16 me and I certainly think the mediators, to the extent there's
17 going to be some division of duties, need to understand what
18 each of them is going to do.
19         I will also say that I'm not going to micromanage
20 the mediation.  So, I'm not going to determine who's stuck in
21 a room by themselves with maybe some food and who's not;
22 going to be for the mediators to determine.
23         And I'm not going to determine the right to
24 cooperation issues and insurance contracts, either, nor, of
25 course, do I think the insurers want me to, but as I said in

1  *Imerys*, to the extent that the debtors aren't meeting their
2  obligations under the insurance agreements, there may be
3  consequences to that under the policies and I'm not
4  sanctioning by virtue of sending anyone to mediation on
5  breaches of contracts by anybody, nor, of course, would I
6  sanction somebody in violation of their obligations under any
7  common-interest privilege.
8          So, there's a lot of issues.  I do, by the way,
9  think the common-interest privilege issue ought to be dealt
10 with in the protective order, which we're going to take up if
11 it can't be resolved, on the 8th.
12         So, those are my thoughts.  I'm not suggesting
13 today whether Mr. Fynn or Mr. Greene or Mr. Gallagher is an
14 appropriate mediator or not and it does seem to me that to
15 the extent some party is concerned that one or more of the
16 candidates may skew a little in one direction, having three
17 might balance that out and be appropriate.
18         But I think in the first instance, information in
19 this context is a positive, so that parties can get
20 comfortable that we have mediators whom they can deal with
21 and you result in a successful mediation.  So, I'm adjourning
22 this to the 8th.
23         Did you have anything else?
24         UNIDENTIFIED:  No, Judge.
25         MR. ABBOTT:  Well, Your Honor did just mention, of

1  course -- Derek Abbott for the debtors, Your Honor --
2  mention, of course, the protective order and the June 8th
3  conference. I don't know if there's anything else that the
4  parties wish to present to the Court about that in terms of
5  status today but understand we will be hearing that on
6  the 8th, Your Honor.
7         UNIDENTIFIED: I think my update served as a
8  status and, Your Honor, we hope not to see you about the
9  protective order and I'm sure you feel the same.
10        THE COURT: Okay. Well, I was going to say
11 something, but I guess I didn't have to, then.
12        Okay. So, I think we've completed the docket for
13 today.
14        MR. ABBOTT: We have, Your Honor. Thanks very
15 much.
16        THE COURT: Okay. Thank you, everyone.
17        We're adjourned.
18     (Proceedings concluded at 3:03 p.m.)
19                      CERTIFICATE
20
21    I, MARY ZAJACZKOWSKI, certify that the foregoing is a
22 correct transcript from the electronic sound recording of the
23 proceedings in the above-entitled matter.
24
   /s/Mary Zajaczkowski              May 19, 2020
25 Mary Zajaczkowski, CET**D-531