## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 9, 2020 at 10:00 a.m. (ET)** |
| | **Objection Deadline: June 19, 2020 at 4:00 p.m. (ET)** |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PRICEWATERHOUSECOOPERS LLP AS INDEPENDENT AUDITOR AND TAX COMPLIANCE SERVICES PROVIDER FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF FEBRUARY 18, 2020

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit

corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases

(together, the "Debtors"), submit this application (this "Application"), pursuant to section 327(a)

of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure  (the "Bankruptcy Rules"), and  rules  2014-1  and

2016-2   of  the  Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the

Debtors to retain and employ PricewaterhouseCoopers LLP ("PwC") to serve as independent

auditor and tax compliance services provider for the Debtors, effective as of February 18, 2020

(the "Petition Date"), pursuant to the terms and conditions of the Engagement Letters (as defined

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

herein), copies of which are attached hereto as **Exhibits B, C, D** and **E**,[2] (ii) approving the terms of PwC's retention and employment, including the fee and expense structure and the indemnification, reimbursement, and related provisions set forth in the Engagement Letters, as modified by this Application and the Proposed Order, (ii) modifying the time-keeping requirements of Local Rule 2016-2, and (iii) granting certain related relief.  In support of this Application, the Debtors submit the *Declaration of Romaldo Francis DeSouza, Jr. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of PricewaterhouseCoopers LLP as Independent Auditor and Tax Compliance Services Provider for the Debtors and Debtors in Possession, Effective as of February 18, 2020* (the "DeSouza Declaration"), attached hereto as **Exhibit F** and incorporated herein by reference.  In further support of this Application, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.      The Debtors commenced these cases on the Petition Date, and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants'

---

[2] Any references to, or summaries of, the Engagement Letters in this Application are qualified by the express terms of the Engagement Letters, which shall govern if there is any conflict between the Engagement Letters and such summaries referenced herein.

Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

3.    On April 24, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") appointed James L. Patton, Jr. (the "Future Claimants' Representative") as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

4.    The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The statutory and other bases for the relief requested in this Application are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2.

## BACKGROUND OF THE DEBTORS

6.    Information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## **RELIEF REQUESTED**

7.　　By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to retain and employ PwC to serve as their independent auditor and tax compliance services provider, effective as of the Petition Date, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, and in accordance with the terms and conditions set forth in the Engagement Letters, (ii) approving the terms of PwC's retention and employment, including the fee and expense structure and the indemnification, reimbursement, and related provisions set forth in the Engagement Letters, as modified by this Application and the Proposed Order, (iii)  modifying the time-keeping requirements of Local Rule 2016-2, and (iv) granting certain related relief.

8.　　The Engagement Letters include:

(a)　　that certain engagement letter, dated September 24, 2018 (the "2018 BSA Audit Engagement Letter"), a copy of which is attached hereto as **Exhibit B**;

(b)　　that certain engagement letter, dated February 28, 2019 (the "Master Tax Engagement Letter"), a copy of which is attached hereto as **Exhibit C**;

(c)　　that certain statement of work, dated April 13, 2020 (the "Funds Statement of Work"), a copy of which is attached hereto as **Exhibit D**; and

(d)　　that certain statement of work, dated June 3, 2020 (the "BSA and Affiliates Statement of Work" and, together with the Audit Engagement Letter, the Master Tax Engagement Letter and the Funds Statement of Work, the "Engagement Letters"), a copy of which is attached hereto as **Exhibit E**.[3]

---

[3] The BSA and Affiliates Statement of Work is currently unsigned.

## PWC'S QUALIFICATIONS

9.      PwC is an experienced professional services firm, which is well recognized in the accounting, auditing, and tax compliance fields.   It is a leading full-service accounting, consulting, and financial services firm with over 79 offices and more than 45,000 employees in the United States.   The Debtors believe that PwC possesses extensive auditing and tax compliance expertise that will be useful in serving as advisors and that PwC is well-qualified to advise the Debtors.   PwC has extensive experience in delivering independent audit and tax compliance services in other chapter 11 cases, including, among others: In re Hollander Sleep Prods., LLC, Case No. 19-11608 (Bankr. S.D.N.Y. Sept. 6, 2019); In re PG&E Corp., Case No. 19-30088 (Bankr. N.D. Cal. May 23, 2019); In re Hexion TopCo, LLC, Case No. 19-10684 (Bankr. D. Del. May 1, 2019); In re Windstream Holdings, Inc., Case No. 19-22312 (Bankr. S.D.N.Y. Apr. 22, 2019); In re Southcross Energy Partners, L.P., Case No. 19-10702 (Bankr. D. Del. Apr. 1, 2019); In re Willowood USA Holdings, LLC, Case No. 19-11079 (Bankr. D. Colo. Mar. 25, 2019); In re Ditech Holding Corp., Case No. 19-10412 (Bankr. S.D.N.Y. Mar. 20, 2019); In re Westmoreland Coal Co., Case No. 18-35672 (Bankr. S.D. Tex. Nov. 28, 2018); and In re ATD Corp., Case No. 18-12221 (Bankr. D. Del. Nov. 13, 2018).

10.      PwC provided prepetition independent audit and tax compliance services to the BSA and certain of its non-debtor affiliates, including, without limitation, a consolidated independent audit of the BSA for the 2018 calendar year (which remains ongoing) and tax compliance services including the review and preparation of tax forms for the BSA and certain of its non-debtor affiliates.   By virtue of these prior engagements, PwC is familiar with the books, records, financial information, and other data maintained by the Debtors and is qualified to continue to provide independent audit and tax compliance services to the Debtors.

11.     The Debtors believe that PwC's services are necessary to enable the Debtors to maximize the value of their estates and to reorganize.  Further, PwC is well qualified and able to represent the Debtors in a cost-effective, efficient and timely manner.

### SCOPE OF SERVICES

12.     Subject to further order of the Court, the Debtors anticipate that PwC may render independent audit (the "Audit Services" as detailed herein)[4] and tax compliance services (the "Tax Compliance Services" as detailed herein, and, together with the Audit Services, the "Independent Audit and Tax Compliance Services") during these chapter 11 cases as described in the Engagement Letters, including but not limited to:

    (a)    for the **Audit Services** pursuant to the 2018 BSA Audit Engagement Letter:

        (i)    auditing the BSA's consolidated financial statements as of and for the year ending December 31, 2018, including related consolidated statements of activities and changes in net assets, of functional expenses, and of cash flows (the "2018 Audit"), and providing a written audit report on upon completion;

        (ii)    providing reports to and attending the meetings of the BSA's Audit Committee to review the scope and findings of the 2018 Audit;

        (iii)    issuing a management letter setting forth constructive recommendations for improvements in controls and for improving operating procedures; and

        (iv)    advising the BSA as necessary on reporting matters relating to the 2018 Audit.

    (b)    for the **Tax Compliance Services** pursuant to the Master Tax Engagement Letter:

---

[4] Prior to the Petition Date, PwC completed a 2019 SOC1 audit for the BSA and its affiliates of their Blackbaud CRM System, PeopleSoft Financials, and Program Administration System (PAS).  The Debtors are in the process of retaining PwC to complete similar SOC1 audits for 2020.  When such engagement letters are completed, the Debtors will file notice of the same with the Court and will serve the engagement letters on the applicable notice parties. Absent any objections filed within ten (10) days of the filing and service, PwC's employment will continue as authorized pursuant to the Proposed Order or as otherwise required by the Court in any order entered on the Application.

    (i)       as modified by the Funds Statement of Work:

           (1)    preparing and signing as preparer federal and state tax returns for related non-debtor entities BSA Commingled Endowment Fund, LP (the "Commingled Fund") and BSA Endowment Master Trust (the "Endowment Fund" and together with the Comingled Fund, the "Funds") for the calendar year ended December 31, 2019;  and

           (2)    related tax compliance services, and tax compliance services to the BSA and the Funds with respect to tax year 2020, including preparation of year-end estimates, estimated tax payments, allocations, compliance coordination, and related tax services;[5] and

    (ii)      as modified by the BSA and Affiliates Statement of Work:

           (1)    reviewing and signing as preparer federal and state tax returns for the BSA and its related non-debtor entities, Learning for Life, National Boy Scouts of America Foundation and Arrow WV, Inc., for the calendar year ended December 31, 2019; and

           (2)    related tax compliance services, and tax compliance services to the BSA with respect to tax year 2020, including preparation of year-end estimates, estimated tax payments, allocations, compliance coordination, and related tax services.[6]

    (c)       For the **Other Tax Services** pursuant to that certain Master Tax Engagement Letter, although not historically performed, the BSA may ask PwC to respond to questions on federal, state and local, and international tax matters, engage in research, discussions, preparation of memoranda, and attend meetings relating to such matters as necessary, and PwC may be asked to assist the BSA with respect to matters involving the Internal Revenue Service or other tax authorities (collectively "Other Tax Services").

---

[5] Historically, the BSA retains and pays half of the cost for PwC to perform Tax Compliance Services as set forth in the Funds Statement of Work, while the Funds pay the remaining half. By this Application, the Debtors seek to continue their prepetition arrangement under the Funds Statement of Work during these chapter 11 cases.

[6] The BSA also retains and pays PwC to perform Tax Compliance Services, including those set forth in the BSA and Affiliates Statement of Work, for the BSA and certain of its non-debtor affiliates.  By this Application, the Debtors seek to continue this arrangement during these chapter 11 cases.

## NO DUPLICATION OF SERVICES

13.     By separate applications, the Debtors have also sought to employ various other restructuring professionals in these chapter 11 cases.  The Debtors believe that the Independent Audit and Tax Compliance Services to be rendered by PwC will complement, rather than duplicate, the services to be rendered by any other professional retained in these chapter 11 cases. The Debtors will coordinate with PwC and the Debtors' other professionals to minimize unnecessary duplication of efforts among the Debtors' professionals.

## PROFESSIONAL COMPENSATION

14.     Subject to the Court's approval, the Debtors propose to compensate PwC on the terms and conditions set forth in the Engagement Letters as modified herein in accordance with PwC's customary billing practices.

(a)     **2018 BSA Audit Engagement:** With respect to the 2018 BSA Audit Engagement Letter, the Debtors propose to compensate PwC on a flat fee basis.  As set forth in the 2018 BSA Audit Engagement Letter, initially, a flat fee of $405,000 was estimated for the 2018 Audit, encompassing $395,000 in fees and $10,000 in out of pocket expenses.  As a result of requests from the BSA, PwC has performed additional work beyond what was originally anticipated and PwC has incurred overruns beyond the previously estimated fees and expenses, which are necessary to complete the 2018 Audit.  Prepetition, PwC was paid an additional $135,000 in prepetition related overruns.  Given the circumstances, PwC currently estimates that the additional work remaining to be performed under the 2018 BSA Audit Engagement Letter during the post-petition period will cost approximately $150,000 to $250,000 in fees.[7]  This estimate, however, is highly contingent upon the BSA's requests to PwC and subsequent decisions the BSA makes relative to the 2018 Audit.  Accordingly, PwC and the BSA may enter into a subsequent agreement on additional overruns and/or the ultimate final fees and expenses to be paid to PwC to complete the 2018 Audit, which will be noticed to the Court.  In connection with work performed for the 2018 Audit, PwC expects to maintain records for the services rendered to include a summary description of services, approximate time expended in providing such services (in half-hour increments),

---

[7] Attached as part of **Exhibit B** attached hereto is a letter dated June 2020 confirming the prior incurred overruns above the originally estimated fees and the Debtors' agreement to the proposed additional estimates to complete the 2018 Audit.

and the identity of the professionals providing those services.  PwC will present such records to the Court in its fee applications.

(b)  **Tax Compliance Services – the Funds Statement of Work**: With respect to the Tax Compliance Services to be performed for the Debtors' non-debtor affiliates, the Funds, PwC is to be compensated on a fixed-fee basis, in the amount of $81,284 for the Tax Compliance Services for the 2019 calendar year.  The fixed fee will also apply to any Compliance Services for the 2020 calendar year that may be agreed to by the BSA and PwC, subject to mutually agreed adjustments for fees.

(c)  **Tax Compliance Services – BSA and Affiliates Statement of Work**: With respect to the Tax Compliance Services to be performed for the BSA and its related non-debtor entities Learning for Life, National Boy Scouts of America Foundation, and Arrow WV, Inc., PwC is to be compensated on a fixed-fee basis, in the amount of $38,400 for the Tax Compliance Services for the 2019 calendar year.  The fixed fee will also apply to any Compliance Services for the 2020 calendar year that may be agreed to by the BSA and PwC, subject to mutually agreed adjustments for fees;

(d)  **Other Tax Services**: With respect to the Other Tax Services set forth in the Master Tax Engagement Letter, to the extent the Debtors utilize PwC for such services, the Debtors propose to compensate PwC on an hourly basis as follows:

| Title | Hourly Rate |
| --- | --- |
| Partner / Principal | $670 |
| Managing Director | $620 |
| Director | $475 |
| Manager | $360 |
| Senior Associate | $275 |
| Associate / Other Staff | $190 |

15.    PwC also intends to seek reimbursement for the reasonable out-of-pocket expenses of its professionals, including, without limitation, travel, electronic invoicing charges from third party vendors, and other case-specific charges.  All fees and expenses due to PwC will be billed in accordance with any orders entered by this Court with respect to interim compensation and the relevant sections of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16.     PwC's fee and expense structure is consistent with and typical of compensation arrangements entered into by PwC and other comparable firms that render similar services under similar circumstances.  The Debtors believe that PwC's fee and expense structure is reasonable, market-based, and designed to compensate PwC fairly for its work.

17.     PwC maintains records in support of any actual, necessary costs and expenses incurred in connection with rendering the Services in these chapter 11 cases.  However, because: (i) it is not the general practice of firms like PwC to keep detailed time records similar to those customarily kept by attorneys; and (ii) PwC does not ordinarily keep time records on a "project category" basis, the Debtors respectfully request that PwC's professionals only be required to maintain records of the services rendered for the Debtors that include reasonably detailed summary descriptions of those services, the approximate time expended in providing those services (in half-hour increments), and the identity of the professionals who provided those services. PwC will present such records to the Court in its fee applications.  To the extent that PwC would otherwise be required to submit more detailed time records for its professionals under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or other applicable procedures and orders of the Court, the Debtors respectfully request that the Court waive such requirements.

18.     The Debtors submit that, given the nature of the Services to be provided by PwC, such billing format and associated time details will be sufficient for the Debtors and other parties in interest to make informed judgments regarding the nature and appropriateness of PwC's fees and expenses.

19.     The Debtors believe that the compensation structure described above and set forth in the Engagement Letters is comparable to compensation generally charged by audit and tax

compliance service providers of similar structure to PwC for comparable engagements, both in and out of bankruptcy. Furthermore, the Debtors believe that the compensation structure is consistent with PwC's normal and customary billing practices for cases of comparable size and complexity that require the level and scope of services to be provided in these cases.

20. PwC will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the U.S. Trustee regarding submission and approval of fee applications, and any other applicable procedures and orders of this Court.

21. Except as described herein, no commitments have been made or received by PwC, nor any member thereof, as to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and orders of this Court. PwC has not shared or agreed to share any of its compensation from the Debtors with any other person, other than principals and employees of PwC, as permitted by section 504 of the Bankruptcy Code.

**<u>INDEMNIFICATION</u>**

22. As a material part of the consideration for which the PwC professionals have agreed to provide the Services described herein, the Debtors have agreed to the indemnification provisions contained in the Engagement Letters. Notwithstanding the foregoing, the Debtors and PwC have agreed to modify such provisions during the pendency of these chapter 11 cases as follows:

> (a) PwC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b)     the Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from PwC's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of PwC contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to PwC's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which PwC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letters as modified by this Application and the Proposed Order;

(c)     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases,  believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Application and the Proposed Order), including without limitation the advancement of defense costs, PwC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PwC  before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC.  All parties in interest shall retain the right to object to any demand by PwC for indemnification, contribution or reimbursement.

23.     The terms and conditions of the Engagement Letters, including, but not limited to, the indemnification provisions were negotiated by the Debtors and PwC at arm's length and in good faith.   The indemnification provisions, contained in the Engagement Letters and as modified herein, viewed in conjunction with the other terms of PwC's proposed retention, are reasonable and in the best interests of the Debtors, their estates, and creditors.

## PwC'S DISINTERESTEDNESS

24.     To the best of the Debtors' knowledge, and except as disclosed herein and in the DeSouza Declaration attached hereto as **Exhibit F**, PwC: (i) has no connection to the Debtors, the parties identified on the Parties in Interest list including, without limitation, the Debtors' identified creditors, the United States Bankruptcy Judges for the District of Delaware or the United States, U.S. Trustee, Assistant U.S. Trustee or the employees of the Office of the United States Trustee of Region 3 for the District of Delaware; (ii) does not hold any interest adverse to the Debtors' estates; and (iii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

25.     The Debtors have been informed that PwC will conduct a periodic review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, PwC will supplement its disclosures to the Court.

## PRE-PETITION SERVICES

26.     As noted above, prior to the Petition Date, PwC performed certain professional services for the Debtors, including the Independent Audit and Tax Compliance Services.

27.     During the ninety (90) days before the Petition Date, the Debtors paid approximately $343,035 to PwC.[8]

28.     As of the Petition Date, PwC was not owed any amount by the Debtors in respect of services provided before the Petition Date.

---

[8] Prepetition, PwC was retained to perform an independent audit of non-debtor Commingled Fund's financial statements for 2019.  In accordance with the terms of PwC's engagement, and solely on account of PwC's work to be performed this non-debtor entity, Commingled Fund, PwC received an advance payment of $230,000. Such funds are intended to be and will only be applied as to PwC's work for this non-debtor entity in accordance with the terms of its engagement.

**BASIS FOR RELIEF**

29.     The Debtors request authority to retain and employ PwC as their independent auditors and tax compliance services provider pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a).

30.     Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.  Additionally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file "a supporting affidavit or verified statement of the professional person and a proposed order for approval."  Del. Bankr. L.R.  2014-1.

31.     The Debtors respectfully submit that section 327(a) of the Bankruptcy Code permits them to hire a professional firm like PwC to provide the Independent Audit and Tax Compliance Services in these chapter 11 cases.  Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by this Application.

32.     The Debtors submit that the terms and conditions of PwC's retention as described herein, including the proposed compensation terms, are reasonable and in keeping with the terms

and conditions typical for engagements of this size and character.  Since the Debtors continue to require substantial assistance with respect to the Independent Audit and Tax Compliance Services during the pendency of their bankruptcy cases, it is reasonable for the Debtors to seek to employ and retain PwC to serve as their independent auditor and tax compliance services provider on the terms and conditions set forth herein.

33.    The Debtors request that PwC's retention be made effective as of February 18, 2020, so that PwC may be compensated for the Independent Audit and Tax Compliance Services it has provided before this Application is heard by the Court.  PwC has provided services to the Debtors in advance of approval of this application in anticipation that its retention would be approved as of February 18, 2020.  The Debtors submit that these circumstances are of a nature warranting retroactive approval.

34.     The retention of PwC as independent auditor and tax compliance services provider in these chapter 11 cases is in the best interests of the Debtors' estates, creditors, and parties in interest.

**NOTICE**

35.    Notice of this Application will be provided to (i) the U.S. Trustee; (ii) counsel to the UCC; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  June 5, 2020
       Wilmington, Delaware

Respectfully submitted,

*/s/ Steven P. McGowan*
Steven P. McGowan
Secretary and General Counsel

*Boy Scouts of America and Delaware BSA, LLC*