**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. ___ |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**PRICEWATERHOUSECOOPERS LLP AS INDEPENDENT AUDITOR**
**AND TAX COMPLIANCE SERVICES PROVIDER FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION, EFFECTIVE AS OF FEBRUARY 18, 2020**

Upon the application (the "Application")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, (i) authorizing the retention and employment of PricewaterhouseCoopers LLP ("PwC") as independent auditor and tax compliance services provider effective as of February 18, 2020, in accordance with the terms and conditions of the Engagement Letters, (ii) approving the terms of PwC's retention and employment, including the fee and expense structure, reimbursements, and related provisions set forth in the Engagement Letters, (iii) modifying the time-keeping requirements of Rule 2016-2 of the Local Rules, and (iv) granting certain related relief; and upon consideration of the DeSouza Declaration; and the Court being satisfied, based on the representations made in the Application and the DeSouza

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

Declaration, that PwC is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-2, the Debtors are authorized to retain and employ PwC, effective as of February 18, 2020, as their independent auditor and tax compliance services provider in accordance with the terms and conditions set forth in the Engagement Letters and this Order.

3. The terms and conditions of PwC's employment as provided in the Engagement Letters are reasonable and are hereby approved. Further, the fee structures, as set forth in the Engagement Letters, are approved and PwC shall be compensated and reimbursed subject to

sections 330 and 331 of the Bankruptcy Code in accordance with the terms of the Engagement Letters, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and Granting Related Relief* [Docket No. 341] and any other applicable orders of the Court.

4. PwC shall file fee applications for interim and final allowances of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. PwC shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by PwC in these chapter 11 cases.

5. PwC is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested. Specifically, for any engagement billed at a fixed fee, including the 2018 Audit and the Tax Compliance Services, PwC shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2 including all information and time keeping requirements, expect that PwC shall be permitted to keep professional time records in half-hour increments, PwC's professionals shall not be required to keep time records on a project category basis and PwC shall not be required to provide or conform to any schedules of hourly rates.

6. If the Debtors and PwC enter into any agreements for the provision of additional services by PwC, the Debtors shall file such agreements with the Court and serve the applicable notice parties. If any parties object within ten (10) days of such new agreements being served, the Debtors shall promptly schedule a hearing before the Court. To the extent no objections are timely filed, the new agreements shall be deemed approved and all additional services shall be subject to the provisions of this Order.

7. Subject to PwC's compliance with applicable professional standards in its performance of the Independent Audit and Tax Compliance Services, PwC shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8. Prior to any increases in PwC's rates, PwC shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors and the U.S. Trustee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.

9. The indemnification provisions set forth in the general business terms attached to the Engagement Letters are hereby approved, subject to the following modifications with respect to the services performed thereunder from the Petition Date through the earlier of the effective date of the Debtors' plan of reorganization or dismissal of the Debtors' cases:

    (a) PwC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    (b) the Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense that is either: (i) judicially determined (the determination having become final)

4

    to have arisen from PwC's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to PwC's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which PwC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letters as modified by the Application and this Order; and

 (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by the Application and this Order), including without limitation the advancement of defense costs, PwC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC. All parties in interest shall retain the right to object to any demand by PwC for indemnification, contribution or reimbursement.

  10. Notwithstanding any provision to the contrary in the Engagement Letters, any dispute relating to the services provided by PwC shall be referred to arbitration consistent with the terms of the Engagement Letters only to the extent that the Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

  11. To the extent that there is any inconsistency between the terms of the Application, the Engagement Letters, or this Order, the terms of this Order shall govern.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
      Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE