IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  June 22, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**SECOND MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2020 through April 30, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $644,670.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $  3,045.94 |

This is a:     x   monthly          interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $6,064.88 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey H. Davidson | Partner 2014; Member of CA Bar since 1977 | $1,495.00 | 0.40 | $ 598.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 130.40 | $155,828.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 33.80 | $ 38,701.00 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 55.40 | $ 59,555.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 23.40 | $ 25,155.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 59.40 | $ 63,855.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 48.20 | $ 49,405.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 74.60 | $ 74,227.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 28.40 | $ 26,980.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 39.60 | $ 36,630.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 92.40 | $ 76,230.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $ 825.00 | 1.40 | $ 1,155.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 21.60 | $ 9,180.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 0.20 | $ 85.00 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 3.00 | $ 1,275.00 |
| Nancy P.F. Lockwood | Paralegal 2018 | $ 425.00 | 2.10 | $ 892.50 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 62.20 | $ 24,569.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 1.00 | $ 350.00 |

**Grand Total:** $644,670.50
**Total Hours:** 677.50
**Blended Rate:** $951.54

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 106.20 | $109,012.00 |
| Bankruptcy Litigation | 86.40 | $ 87,513.00 |
| Case Administration | 31.50 | $ 19,999.50 |
| Claims Admin./Objections | 50.90 | $ 54,700.50 |
| Compensation of Professional | 6.60 | $ 6,444.00 |
| Compensation of Prof./Others | 1.80 | $ 1,245.00 |
| Executory Contracts | 0.90 | $ 853.50 |
| Financial Filings | 2.30 | $ 2,297.50 |
| Financing | 52.40 | $ 52,754.00 |
| General Creditors Comm. | 93.20 | $ 95,925.00 |
| Hearing | 8.30 | $ 8,376.50 |
| Insurance Coverage | 97.00 | $ 60,560.00 |
| Plan & Disclosure Statement | 78.40 | $ 83,031.00 |
| Retention of Professional | 2.90 | $ 2,282.50 |
| Retention of Prof./Others | 52.20 | $ 54,248.00 |
| Stay litigation | 6.50 | $ 5,428.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[2] | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call; CourtCall; Loop Up | $1,699.61 |
| CourtLink | | $ 496.43 |
| Filing Fee | USDC | $ 175.00 |
| Postage | US Mail | $ 203.40 |
| Reproduction Expense | | $ 126.90 |
| Reproduction/Scan Copy | | $ 344.60 |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  June 22, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J"

or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

Second Monthly Application for Compensation and for Reimbursement of Expenses for the

Period from April 1, 2020 through April 30, 2020 (the "Application").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $644,670.50 and actual and necessary expenses in the amount of $3,045.94 for a total allowance of $647,716.44 and payment of $515,736.40 (80% of the allowed fees) and reimbursement of $3,045.94 (100% of the allowed expenses) for a total payment of $518,782.34 for the period April 1, 2020 through April 30, 2020 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

### Background

1.     On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND
### FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12.      The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

<u>**Summary of Services by Project**</u>

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    Asset Analysis/Recovery**

15.     This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Local

Council articles of incorporation and bylaws, and national charter and bylaws, rules and regulations; (2) reviewed and analyzed issues regarding ownership of estate claims; (3) reviewed and analyzed choice of law issues; (4) reviewed and analyzed issues regarding estate standing to assert claims; (5) reviewed and analyzed council manuals on financial issues; (6) reviewed and analyzed trust fund issues; (7) reviewed and analyzed issues of estate claims against Local Councils; (8) performed work regarding an objection to the property deadline motion; (9) reviewed and analyzed issues regarding tracing and comingling of Debtor and non-Debtor assets; (10) reviewed and analyzed estate asset disposition issues; (11) reviewed and analyzed constructive notice issues; (12) reviewed and analyzed claim estimation issues; (13) reviewed and analyzed issues regarding Debtors' reversionary rights; (14) reviewed and analyzed potential estate claims against third parties; (15) reviewed and analyzed avoidance and recovery issues; and (16) corresponded and conferred regarding asset analysis and recovery issues.

Fees: $109,012.00;   Hours: 106.20

**B.      Bankruptcy Litigation**

16.      This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding a protective order and State Court Counsel access to Local Council information; (2) reviewed and analyzed discovery strategy issues; (3) reviewed and commented on a draft protective order; (4) reviewed and analyzed a draft shared services order; (5) performed work regarding a confidentiality agreement; (6) performed work regarding a cash management order; (7) prepared for and participated in a teleconference with the Debtors'

counsel regarding the protective order; (8) performed work regarding an objection to shared services motion; (9) performed work regarding negotiations relating to protective order; (10) attended to due diligence issues; (11) prepared for and participated in a teleconference with counsel for the Debtor and Local Council regarding background and document sharing; (12) attended to deadline issues; (13) performed work relating to a Debtors' claim of inadvertent production; (14) reviewed and analyzed the Century Indemnity ("Century") objection to Committee Information Motion, and performed work regarding a reply; (15) reviewed and analyzed issues regarding discovery to obtain documents from Local Councils; (16) attended to scheduling issues; (17) performed work regarding a data room index and data room documents; (18) reviewed and analyzed issues regarding the Debtors' accounting system and related discovery issues; (19) reviewed and analyzed the Girl Scouts' seal motion, and performed work regarding a reply; (20) reviewed and analyzed the BRG proposal concerning PeopleSoft accounting system; (21) reviewed and analyzed Unsecured Creditors Committee comments regarding the draft protective order; (22) reviewed and analyzed issues regarding the proposed retention of Dr. Conte; (23) reviewed and analyzed reservation of rights issues; (24) prepared for and attended a teleconference with counsel for the Debtors regarding access to accounting system; and (25) conferred and corresponded regarding bankruptcy litigation issues.

Fees: $87,513.00;    Hours: 86.40

### C.    Case Administration

17.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of

critical dates; (2) maintained a work-in-progress list; (3) reviewed and analyzed confidential

noticing issues; (4) maintained contact lists; (5) maintained service lists; (6) reviewed and

analyzed a cash management order; (7) performed work regarding a Committee confidentiality

motion and order; (8) reviewed and analyzed financial issues; (9) prepared for and participated in

case management conferences; and (10) conferred and corresponded regarding case

administration issues.

Fees: $19,999.50;     Hours: 31.50

### D.    Claims Admin/Objections

18.    This category relates to work regarding claims administration and claims

objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed

issues regarding proof of claim forms, and performed work regarding a proposed proof of claim

form; (2) reviewed and analyzed issues regarding proof of claim definition of abuse;

(3) reviewed and analyzed bar date issues; (4) reviewed and responded to comments of members

of the Committee and State Court Counsel regarding proof of claim form; (5) reviewed and

analyzed bar date notice issues; (6) prepared for and attended a telephonic conference with

representatives of the Debtors and the Unsecured Creditors Committee and the proposed Future

Claims Representative regarding notice issues; (7) reviewed and analyzed a bar date presentation

by representatives of the Debtors; (8) reviewed and analyzed claim confidentiality issues;

(9) reviewed and analyzed indemnification issues; (10) reviewed and responded to comments of

State Court Counsel regarding form of notice; (11) performed work regarding revisions to the notice of bar date; and (12) corresponded and conferred regarding claim issues.

Fees: $54,700.50;    Hours: 50.90

**E.    Compensation of Professionals**

19.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its March 2020 fee application.

Fees: $6,444.00;    Hours: 6.60

**F.    Compensation of Professionals--Others**

20.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding Future Claims Representative fees; (2) reviewed and analyzed fee examiner issues; and (3) reviewed the Bates White March 2020 fee application.

Fees: $1,245.00;    Hours: 1.80

**G.    Executory Contracts**

21.    This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding the Pearson claim and a motion to reject Pearson contract.

Fees: $853.50;    Hours: 0.90

**H.    Financial Filings**

22.    This category relates to issues regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things, reviewed and analyzed

the Debtors' Schedules and Statements and a periodic report, and reviewed and analyzed issues

regarding updated financials.

Fees:  $2,297.50;       Hours:  2.30

**I.    Financing**

    23.    This category relates to issues regarding Debtor in Possession financing

and use of cash collateral.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed issues regarding a final cash collateral order; (2) reviewed and

analyzed issues regarding cash management and shared services orders; (3) reviewed and

analyzed issues regarding cash management and shared services; (4) performed work regarding

cash collateral and cash management objections; (5) reviewed and analyzed comments from the

Unsecured Creditors Committee regarding cash management and shared services orders;

(6) reviewed and analyzed issues regarding a lien challenge analysis; (7) reviewed and analyzed

JPMorgan loan and collateral documents, and lien perfection filings; (8) performed work

regarding revisions to final cash collateral, cash management and shared services orders;

(9) reviewed and analyzed bond issues; (10) reviewed and analyzed liquidity issues;

(11) attended to budget issues; (12) reviewed and analyzed deadline issues related to cash

collateral order; (13) reviewed and analyzed bond purchase and loan agreements; (14) performed

work regarding a lien analysis memorandum; (15) performed work regarding additional lender

document production; (16) reviewed and analyzed intercompany loan issues; (17) reviewed and

analyzed issues relating to Arrow; and (18) corresponded and conferred regarding financing issues.

Fees: $52,754.00;    Hours: 52.40

**J.    General Creditors Committee**

24.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding preparation of agenda memorandums for Committee meetings; (2) performed work regarding a common interest agreement; (3) performed work regarding a Committee confidentiality motion; (4) reviewed and analyzed issues regarding proof of claim forms in abuse cases; (5) reviewed and analyzed issues regarding pending motions, mediator selection, and document production; (6) reviewed and analyzed case strategy issues; (7) performed work regarding by-laws; (8) reviewed and analyzed Future Claims Representative issues; (9) prepared for and attended teleconferences with State Court Counsel and with Committee members; (10) reviewed and analyzed mediation issues; (11) conferred with Committee members regarding case issues; (12) reviewed and analyzed bar date, GSA stay relief, budget and protective order issues; (13) reviewed and analyzed insurance issues; (14) performed work regarding the Century objection to information sharing motion and a reply to such motion; (15) performed work regarding work-in-progress issues; (16) attended to work coverage and handling issues; (17) reviewed and analyzed document production status and protective order negotiations issues; (18) reviewed and analyzed Plan issues; (19) performed work regarding a Committee

confidentiality order; (20) reviewed and analyzed issues regarding special insurance counsel issues; and (21) corresponded and conferred regarding general creditors committee issues.

Fees: $95,925.00;    Hours:

**K.    Hearings**

25.    This category relates to hearing issues. During the Interim Period, the Firm, among other things, prepared for and attended an Omnibus hearing on April 15, 2020, and prepared for and attended a hearing on April 29, 2020 regarding the retention of Sidley Austin.

Fees: $8,376.50;    Hours: 8.30

**L.    Insurance Coverage**

26.    This category relates to insurance coverage issues. During the Interim Period, the Firm, among other things: (1) performed work regarding data room issues related to insurance policies; (2) reviewed and analyzed insurance policies; (3) reviewed and analyzed additional insured issues; (4) performed work regarding document production issues; (5) reviewed and analyzed first encounter agreement issues; (6) performed work regarding a coverage chart; (7) reviewed and analyzed reinsurance agreements; (8) reviewed and analyzed issues regarding Girl Scouts insurance policies; (9) reviewed and analyzed issues regarding missing policies; and (10) conferred and corresponded regarding insurance issues.

Fees: $60,560.00;    Hours: 97.00

**M.    Plan and Disclosure Statement**

27.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed case strategy issues; (2) performed work regarding mediator selection

issues; (3) reviewed and analyzed a mediation motion and order; (4) performed research regarding Plan confirmation issues; (5) reviewed and revised a draft mediation order in response to insurers' and Debtors' comments; (6) reviewed and analyzed liquidation analysis issues; (7) attended to issues regarding payment of insurance mediator; (8) reviewed and analyzed Section 1129 issues; and (9) conferred and corresponded regarding Plan and Disclosure Statement issues.

> Fees: $83,031.00;    Hours: 78.40

**N.     Retention of Professionals**

28.    This category relates to work regarding the retention of the Firm. During the Interim Period, the Firm, among other things, performed work regarding its retention order.

> Fees: $2,282.50;    Hours: 2.90

**O.     Retention of Professionals--Others**

29.    This category relates to work regarding the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding BRG and Conte retention applications; (2) reviewed and analyzed the Sidley Austin retention application and objections by Chubb and Century to the retention of Sidley Austin; (3) reviewed and analyzed issues regarding Century's request to seal exhibits relating to objection to Sidley Austin employment; (4) reviewed and analyzed the reply of Sidley Austin to the Century and Chubb objections; (5) prepared for and attended a hearing on April 29, 2020 regarding the motion to seal; (6) reviewed and analyzed the Ankara retention application; and (7) conferred and corresponded regarding retention issues.

> Fees: $54,248.00;    Hours: 52.20

**P.    Stay Litigation**

30.    This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed the Girl Scouts' relief from stay motion and the Debtors' opposition; (2) performed work regarding a joinder to Debtors' opposition to Girl Scouts' relief from stay motion; (3) reviewed and analyzed a stipulation resolving the Girls Scouts' relief from stay motion; and (4) corresponded and conferred regarding stay issues.

Fees: $5,428.50;    Hours: 6.50

**Valuation of Services**

31.    Attorneys and paraprofessionals of PSZ&J expended a total 677.50 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey H. Davidson | Partner 2014; Member of CA Bar since 1977 | $1,495.00 | 0.40 | $    598.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 130.40 | $155,828.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 33.80 | $ 38,701.00 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 55.40 | $ 59,555.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 23.40 | $ 25,155.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 59.40 | $ 63,855.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 48.20 | $ 49,405.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 74.60 | $ 74,227.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 28.40 | $ 26,980.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 39.60 | $ 36,630.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 92.40 | $ 76,230.00 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $ 825.00 | 1.40 | $ 1,155.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 21.60 | $ 9,180.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 0.20 | $ 85.00 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 3.00 | $ 1,275.00 |
| Nancy P.F. Lockwood | Paralegal 2018 | $ 425.00 | 2.10 | $ 892.50 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 62.20 | $ 24,569.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 1.00 | $ 350.00 |

Grand Total:  $644,670.50
Total Hours:  677.50
Blended Rate:  $951.54

32.    The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $644,670.50.

33.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order

providing that, for the period of April 1, 2020 through April 30, 2020, an interim allowance be

made to PSZ&J for compensation in the amount of $644,670.50 and actual and necessary

expenses in the amount of $3,045.94 for a total allowance of $647,716.44 and payment of

$515,736.40 (80% of the allowed fees) and reimbursement of $3,045.94 (100% of the allowed

expenses) be authorized for a total payment of $518,782.34; and for such other and further relief

as this Court deems proper.

Dated: June 8, 2020          PACHULSKI STANG ZIEHL & JONES LLP

_____/s/ James E. O'Neill_____
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038)
Ilan D. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Email:  jstang@pszjlaw.com
        rorgel@pszjlaw.com
        joneill@pszjlaw.com
        jlucas@pszjlaw.com
        ischarf@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE           :
                                        :
COUNTY OF NEW CASTLE  :

        James E. O'Neill, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                /s/ James E. O'Neill
                   James E. O'Neill