# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 18, 556, 557, 601, 603, 610, 630, 631, 632, 651, 656, 659 & 667 |

**ORDER, PURSUANT TO 11 U.S.C. § 502(b)(9), BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1, (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE SURVIVORS, AND (IV) APPROVING CONFIDENTIALITY PROCEDURES FOR ABUSE SURVIVORS**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") for entry of an order (this "Order"), (i) establishing deadlines by which General Proofs of Claim and proofs of claim submitted by Sexual Abuse Survivors (as defined below) ("Sexual Abuse Survivor Proofs of Claim") against the Debtors' estates are to be filed, (ii) approving the proposed procedures for filing General Proofs of Claim and Sexual Abuse Survivor Proofs of Claim, including special procedures for holders of Sexual Abuse Claims ("Sexual Abuse Survivors") to file confidential Sexual Abuse Survivor Proofs of Claim, (iii) approving the proposed procedures for notice of the bar dates, including the form of Bar Date Notices, (iv) approving the General Proof of Claim Form and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Sexual Abuse Survivor Proof of Claim Form, (v) approving the forms of supplemental notice and procedures for providing notice to unknown Sexual Abuse Survivors and other unknown creditors and parties in interest, and (vi) granting related relief; and upon consideration of the First Day Declaration, the declaration and supplemental declaration of Shannon Wheatman in support of the Motion and the Supplemental Notice Plan (together, the "Wheatman Declarations"); and certain objections and responses to the Motion (and joinders to such objections and responses) having been filed, including, without limitation, Docket Nos. 601, 603, 610, 651, 656 and 659 (each, an "Objection" and, collectively, the "Objections"); and upon consideration of the Supplement to Debtors' Bar Date Motion [Docket No. 557] (the "Supplement") and the Debtors' Omnibus Reply in Support of Bar Date Motion [Docket No. 630] (the "Reply"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court held on May 18, 2020; and all Objections to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The following procedures for filing General Proofs of Claim are approved:

    (a) Unless otherwise provided herein, the General Bar Date shall be **5:00 p.m. (prevailing Eastern Time) on November 16, 2020**.

    (b) Unless otherwise provided herein, the Governmental Bar Date shall be **August 17, 2020 at 5:00 p.m. (prevailing Eastern Time)**.

    (c) **General Proofs of Claim** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the General Proof of Claim Form attached to this Order as **Exhibit 6** or Official Bankruptcy Form No. 410; (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available, *provided, however*, that if the claimant elects not to supplement their proof of claim by attaching supporting documentation at the time of filing a claim, the absence of supporting documentation by itself will not automatically result in the disallowance of the claim, although the claimant may be asked or required to provide additional information or supporting documentation at a later date, and the claim may be subject to an objection on the grounds that the claimant failed to include any supporting documentation to indicate the existence of a claim, as required by Bankruptcy Rule 3001(c); and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent or authorized representative of the claimant.

    (d) Any General Proof of Claim that does not clearly identify the Debtor against which the claim is asserted and the case number will be deemed as being submitted only against the Boy Scouts of America.

    (e) If a claimant asserts a claim against more than one Debtor or has claims against both Debtors, the claimant must file a separate General Proof of Claim against each Debtor. To the extent a submitted General Proof of Claim identifies more than one Debtor, such proof of claim will be deemed as being submitted only against the first-identified Debtor.

    (f) General Proofs of Claim must be filed either (i) electronically through the Claims and Noticing Agent's website using the interface available on the

website located at http://www.omniagentsolutions.com/bsaclaims (the "**Electronic Filing System**") or (ii) by delivering the original General Proof of Claim by hand, or mailing the original General Proof of Claim so that it is received by the Claims and Noticing Agent on or before the General Bar Date as follows:

> **BSA Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(g) A General Proof of Claim shall be deemed timely filed only if it is **actually received** by the Claims and Noticing Agent (i) at the address listed in subparagraph (f) above or (ii) electronically through the Electronic Filing System on or before the General Bar Date or Governmental Bar Date, as applicable.

(h) General Proofs of Claim sent by email, facsimile, or telecopy transmission (other than General Proofs of Claim filed electronically through the Electronic Filing System) **shall not** be accepted.

(i) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a General Proof of Claim based on such rejection by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' chapter 11 cases) or shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(j) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a General Proof of Claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in subparagraph (m) below applies.

(k) In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders who have not previously filed a proof of claim shall have until the later of (i) the General Bar Date and (ii) thirty (30) days from the date of such notice to file a General Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(l) Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(m) The following persons or entities are **not** required to file a General Proof of Claim on or before the General Bar Date, solely with respect to the claims described below:

(1) any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2) any person or entity whose claim has been paid in full;

(3) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(4) any person or entity who holds a claim that heretofore has been allowed by order of this Court entered on or before the applicable Bar Date;

(5) any holder of a claim for which a separate deadline has been fixed by order of this Court;

(6) any person or entity who has, as of the date of this Order, already filed a Proof of Claim with the Claims and Noticing Agent or the Court, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Bankruptcy Form No. 410; provided, however, that a Sexual Abuse Survivor who also holds or asserts a claim other than an Abuse Claim must file a General Proof of Claim by the General Bar Date; or

(7) either Debtor in these chapter 11 cases having a claim against the other Debtor in these chapter 11 cases.

3. An individual should submit a Sexual Abuse Survivor Proof of Claim, in the form annexed to this Order as **Exhibit 7**, and not a General Proof of Claim, if the individual holds a claim against the Debtors and/or the Debtors and a Local Council or chartered organization that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, "**Sexual Abuse**." For purposes of this Order, "**Sexual**

5

**Abuse**" means, with respect to a child under the age of eighteen (18) at the time of the sexual abuse, sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether the child thought the behavior was sexual abuse at the time.  Sexual Abuse includes behavior between a child and an adult and between a child and another child, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether the child associated the abuse with any physical, psychological, or emotional harm.  Sexual Abuse involves behaviors including penetration or fondling of the child's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's naked body, showing or making pornography, or having children behave in sexual behavior as a group.

   4.  The following procedures for filing a Sexual Abuse Survivor Proof of Claim are approved:

    (a) Unless otherwise provided herein, the Abuse Claims Bar Date shall be **5:00 p.m. (prevailing Eastern Time) on November 16, 2020**.

    (b) **Sexual Abuse Survivor Proofs of Claim** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Sexual Abuse Survivor Proof of Claim Form annexed to this Order as **Exhibit 7**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Sexual Abuse Survivor Proof of Claim Form; and (v) be signed by the Sexual Abuse Survivor.

    (c) Any Sexual Abuse Survivor Proof of Claim that does not clearly identify the Debtor against which the claim is asserted and the case number will be deemed as being submitted only against Boy Scouts of America.

(d) To the extent a submitted Sexual Abuse Survivor Proof of Claim identifies more than one Debtor, such proof of claim will be deemed as being submitted only against Boy Scouts of America.

(e) Sexual Abuse Survivor Proofs of Claim must be filed either (i) electronically through the Electronic Filing System available on the website located at www.OfficialBSAClaims.com or (ii) by delivering the original Sexual Abuse Survivor Proof of Claim Form by hand, or mailing the original Sexual Abuse Survivor Proof of Claim Form on or before the Abuse Claims Bar Date as follows:

> **BSA Abuse Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(f) A Sexual Abuse Survivor Proof of Claim shall be deemed timely received only if it is **actually received** by the Claims and Noticing Agent (i) at the address listed above in subparagraph (e) or (ii) electronically through the Electronic Filing System available at www.OfficialBSAClaims.com on or before the Abuse Claims Bar Date.

(g) Sexual Abuse Survivor Proofs of Claim sent by email, facsimile, or telecopy transmission (other than Sexual Abuse Survivor Proofs of Claim filed electronically through the Electronic Filing System) **shall not** be accepted.

(h) **Any Sexual Abuse Survivor who believes that she or he has a Sexual Abuse Claim, including but not limited to Sexual Abuse Survivors who have previously filed lawsuits or asserted claims against the Debtors and/or the Debtors and a Local Council or chartered organization, Sexual Abuse Survivors who have called the Scouts First Hotline or otherwise reported a claim of Sexual Abuse, and Sexual Abuse Survivors who have never filed a lawsuit, asserted a claim against the Debtors, entered into a settlement, or reported their abuse, must submit the applicable Sexual Abuse Survivor Proof of Claim Form. For the avoidance of doubt, even if the Sexual Abuse Claim is time-barred under an applicable statute of limitations, each Sexual Abuse Survivor is required to file a Sexual Abuse Survivor Proof of Claim in order to preserve the right to pursue a Sexual Abuse Claim, or such Sexual Abuse Survivor who fails to timely file a Sexual Abuse Survivor Proof of Claim shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.** Any Sexual Abuse Survivor must file the applicable Sexual Abuse Survivor Proof of Claim even if such claimant may be included in, or represented by, another action filed against the Debtors with respect to such claimant's Sexual Abuse Claim.

(i) The following persons are **not** required to file a Sexual Abuse Survivor Proof of Claim on or before the Abuse Claims Bar Date, solely with respect to the claims described below:

(1) any person who has a claim arising from sexual abuse and was at least eighteen (18) years of age at the time the sexual abuse began;

(2) any person who is not a Sexual Abuse Survivor, including claimants with claims arising from other types of non-sexual abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing;

(3) any Sexual Abuse Survivor whose claim has been paid in full; **provided, however, that this subsection does not include Sexual Abuse Survivors who were paid pursuant to settlement agreements but who believe they have additional claims against the Debtors beyond what was agreed to in the applicable settlement agreement;**

(4) any Sexual Abuse Survivor who has, as of the date of this Order, already filed a Sexual Abuse Survivor Proof of Claim with the Claims and Noticing Agent or the Court, utilizing a claim form that substantially conforms to the Sexual Abuse Survivor Proof of Claim Form or Official Bankruptcy Form No. 410, provided, however, that a Sexual Abuse Survivor who also holds or asserts a claim other than a Sexual Abuse Claim must file a General Proof of Claim by the General Bar Date; provided further, that any Sexual Abuse Survivor who has, as of the date of this Order, already filed a proof of claim on account of a Sexual Abuse Claim using a form other than the Sexual Abuse Survivor Proof of Claim Form, including Official Bankruptcy Form No. 410, may subsequently be required to answer additional questions regarding such Sexual Abuse Claim, including the questions set forth on the Sexual Abuse Survivor Proof of Claim Form, in connection with the administration of his or her Sexual Abuse Claim;

(5) any Sexual Abuse Survivor who holds a claim that heretofore has been allowed by order of this Court entered on or before the applicable Abuse Claims Bar Date;

(6) any individual holding a claim based on abuse that occurred prior to the Petition Date, but who (a) had not attained eighteen (18) years of age as of the date immediately preceding the Petition Date, or (b) was not aware of their Sexual Abuse Claim as a result of "repressed memory," to the extent the concept of repressed memory is recognized by the highest appellate court of the State or territory where the claim arose; and

8

  (7)  the Future Claimants' Representative (as defined in the *Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Claimants,* Nunc Pro Tunc *to the Petition Date*) [Docket No. 223], as modified, amended, or supplemented).[3]

  5.  The procedures set forth in paragraph 4 above shall apply to all Sexual Abuse Survivors <u>only</u>, and, unless otherwise subject to one of the exceptions specifically enumerated above, each Sexual Abuse Survivor (including Sexual Abuse Survivors (i) whose Sexual Abuse Claims may otherwise be included in, or represented by, a lawsuit or action filed against the Debtors, and (ii) **<u>even if a Sexual Abuse Survivor's Sexual Abuse Claim is time-barred under an applicable statute of limitations, in order to preserve the right to pursue a Sexual Abuse Claim</u>**), shall be required to file a Sexual Abuse Survivor Proof of Claim on or before the Abuse Claims Bar Date or shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

  6.  An individual with a claim arising from sexual abuse who was at least eighteen (18) years of age when the sexual abuse began (including claimants (i) whose claims may otherwise be included in, or represented by, a lawsuit or action filed against the Debtors, and (ii) **<u>even if such claim is time-barred under an applicable statute of limitations, in order to preserve the right to pursue such claim</u>**), shall be required to file a General Proof of Claim on or before the General Bar Date or shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

  7.  The following "Confidentiality Protocol" shall apply only with respect to all Proofs of Claim filed after the date of this Order:

---

[3] Neither the exemption set forth in this subparagraph (i)(5), nor anything else in this Order, should be construed as a finding or conclusion that Sexual Abuse Claims of Future Claimants are not "claims" as defined in Bankruptcy Code section 101(5).

(a) Sexual Abuse Survivors are directed **not** to file a Sexual Abuse Survivor Proof of Claim with the Court. Instead and as described above, the Sexual Abuse Survivor Proof of Claim must be mailed and delivered to the Claims and Noticing Agent at the following address: **BSA Abuse Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** or filed through the Electronic Filing System via the website located at www.OfficialBSAClaims.com.

(b) Minors and their parents and legal guardians holding claims other than Sexual Abuse Claims and individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began are directed **not** to file a General Proof of Claim with the Court. Instead and as described above, the General Proof of Claim must be mailed and delivered to the Claims and Noticing Agent at the following address: **BSA Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** or filed through the Electronic Filing System via the website located at http://www.omniagentsolutions.com/bsaclaims.

(c) Submitted Sexual Abuse Survivor Proofs of Claim will not be available to the general public unless the Sexual Abuse Survivor designates otherwise on the Sexual Abuse Survivor Proof of Claim Form. General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began will not be available to the general public unless a claimant requests otherwise by contacting the Claims and Noticing Agent. Submitted General Proofs of Claim related to minors will not be available to the general public. The Confidentiality Protocol is for the benefit of such holders. Sexual Abuse Survivors and individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began may, solely in their discretion, elect to make public the information contained in their submitted proofs of claim.

(d) Sexual Abuse Survivor Proofs of Claim submitted by Sexual Abuse Survivors and General Proofs of Claim submitted on behalf of minors and by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began shall be held and treated as confidential by the Claims and Noticing Agent, the Debtors, the Debtors' counsel and retained advisors, and any of parties listed below (the "Permitted Parties") to the extent such Permitted Party requests access to proofs of claim, and shall be treated as confidential hereunder. Furthermore, each Permitted Party shall execute and return to the Debtors' counsel (with a copy to the official committee of tort claimants (the "Tort Claimants' Committee")) with respect to Sexual Abuse Survivor Proofs of Claim and General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, and with a copy to the official

10

    committee of unsecured creditors (the "Creditors' Committee") with respect to General Proofs of Claim submitted on behalf of minors) a confidentiality agreement substantially in the form attached to this Order as **Exhibit 8** (the "Confidentiality Agreement") by which such Permitted Party agrees to keep the information provided in such Sexual Abuse Survivor Proofs of Claim and/or the General Proofs of Claim confidential.

(e)  With respect to Sexual Abuse Proofs of Claim and General Proofs of Claim of individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, the Permitted Parties include:[4]

 (1)  counsel and retained advisors to the Debtors;

 (2)  officers, directors, and employees of the Debtors necessary to assist the Debtors and their counsel in reviewing and analyzing the Sexual Abuse Claims;

 (3)  the Claims and Noticing Agent;

 (4)  counsel to the Ad Hoc Committee of Local Councils;[5]

 (5)  individual Local Councils solely with respect to Sexual Abuse Claims asserted against them;

 (6)  the Tort Claimants' Committee and its counsel and retained advisors;

 (7)  the Court;

 (8)  the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

 (9)  certain insurers of the Debtors, including authorized claims administrators of such insurers and their reinsurers and their respective counsel;

 (10)  the Future Claimants' Representative and his counsel and retained advisors;

---

[4] With the exception of counsel and advisors the Debtors retains pursuant to orders of this Court, counsel to the Tort Claimants' Committee, the U.S. Trustee's attorneys, the Court, counsel to the Future Claimants' Representative, and the Claims and Noticing Agent, each Permitted Party receiving access to the Sexual Abuse Survivor Proofs of Claim or General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

[5] Notwithstanding anything in this Order or any of its exhibits to the contrary, all personally identifiable information shall be redacted from any proofs of claim provided to counsel to the Ad Hoc Committee of Local Councils as a Permitted Party following such counsel's execution of the Confidentiality Agreement.

11

(11) any special arbitrator(s), mediator(s), or claims reviewer(s) appointed to review and resolve Sexual Abuse Claims;

(12) any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Survivors and his or her counsel and retained advisors;

(13) any person with the express written consent of the Debtors, the Tort Claimants' Committee, and the Future Claimants' Representative upon seven (7) business days' notice to Sexual Abuse Survivors; and

(14) such other persons as the Court determines should have the information in order to evaluate Sexual Abuse Claims upon seven (7) business days' notice to such holders.

(f) With respect to General Proofs of Claim submitted on behalf of minors, the Permitted Parties include:[6]

(1) counsel and retained advisors to the Debtors;

(2) officers, directors, and employees of the Debtors necessary to assist the Debtors and their counsel in reviewing and analyzing such claims;

(3) the Claims and Noticing Agent;

(4) counsel to the Ad Hoc Committee of Local Councils;[7]

(5) individual Local Councils solely with respect to claims asserted against them;

(6) the Creditors' Committee;

(7) the Tort Claimants' Committee and its counsel and retained advisors;

(8) the Court;

---

[6] With the exception of counsel and advisors the Debtors retains pursuant to orders of this Court, counsel to the Creditors' Committee, counsel to the Tort Claimants' Committee, the U.S. Trustee's attorneys, the Court, counsel to the Future Claimants' Representative, and the Claims and Noticing Agent, each Permitted Party receiving access to the General Proofs of Claim submitted on behalf of minors (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

[7] Notwithstanding anything in this Order or any of its exhibits to the contrary, all personally identifiable information shall be redacted from any proofs of claim provided to counsel to the Ad Hoc Committee of Local Councils as a Permitted Party following such counsel's execution of the Confidentiality Agreement.

(9) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

(10) certain insurers of the Debtors, including authorized claims administrators of such insurers and their reinsurers and their respective counsel;

(11) the Future Claimants' Representative and his counsel and retained advisors;

(12) any special arbitrator(s), mediator(s), or claims reviewer(s) appointed to review and resolve Sexual Abuse Claims;

(13) any trustee, or functional equivalent thereof, appointed to administer payments to claimants and his or her counsel and retained advisors;

(14) any person with the express written consent of the Debtors, the Tort Claimants' Committee, the Creditors' Committee, and the Future Claimants' Representative upon seven (7) business days' notice to such claimants; and

(15) such other persons as the Court determines should have the information in order to evaluate claims submitted on behalf of minors upon seven (7) business days' notice to such holders

8. For the avoidance of doubt, nothing in this Order precludes the Debtors from discharging any obligations to report child abuse under state or federal law.

9. Any holder of a claim against the Debtors, including any holder of a Sexual Abuse Claim, who is required to file a General Proof of Claim or Sexual Abuse Survivor Proof of Claim in accordance with this Order, but fails to do so on or before the applicable Bar Date, shall not be permitted to vote to accept or reject the Plan filed in these chapter 11 cases on account of such claim. Any holder of a claim against the Debtors, including any holder of a Sexual Abuse Claim, who is required to file a General Proof of Claim or Sexual Abuse Survivor Proof of Claim in accordance with this Order, but fails to do so on or before the applicable Bar Date, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

13

10. For the avoidance of doubt, nothing contained in this Order shall preclude a claimant from asserting a late-filed claim in accordance with Bankruptcy Rule 9006.

11. Nothing in this Order shall independently impair or affect, or be deemed to impair or affect, any claims including, without limitation, Sexual Abuse Claims that may be asserted against Local Councils or any entity or organization other than the Debtors.

12. The General Bar Date Notice, the Abuse Claims Bar Date Notice, the Abuse Claims Publication Notice, a form of the Abuse Claims Publication Notice adapted for email format (the "Abuse Claims Email Notice"), and the form of television spot copy (the "Abuse Claims TV Spot") attached to this Order as **Exhibits 1**, **2**, **3**, **4**, and **5** respectively, are hereby approved.

13. The following procedures are hereby approved with respect to the General Bar Date Notice:

  (a) At least **150 days** prior to the General Bar Date, the Debtors shall cause to be mailed (i) a General Proof of Claim Form and (ii) the General Bar Date Notice to the following parties:

   (1) the U.S. Trustee;

   (2) all parties listed on the creditor matrix;

   (3) all creditors and other known holders of claims against the Debtors as of the date of entry of this Order, including all entities listed on the Schedules as holding claims against the Debtors, but excluding Sexual Abuse Survivors;

   (4) all persons or entities that have filed General Proofs of Claim as of the date of entry of this Order;

   (5) all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of this Order;

   (6) all parties to pending litigation against the Debtors that is unrelated to Abuse Claims;

14

(7) all current and former employees, directors, and officers (to the extent that contact information for former employees, director, and officers is available in the Debtors' records);

(8) all regulatory authorities that regulate the Debtors' organization as of the date of entry of this Order;

(9) the Offices of the United States Attorney for the District of Delaware and the Northern District of Texas;

(10) the office of the attorney general for each state in which the Debtors maintain or conduct operations;

(11) the District Director of the Internal Revenue Service for the District of Delaware;

(12) all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct organizational operations;

(13) all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; and

(14) such additional persons and entities deemed appropriate by the Debtors.

(b) The Debtors shall also post the General Proof of Claim Form and the General Bar Date Notice on the website established by the Claims and Noticing Agent, http://www.omniagentsolutions.com/bsaclaims.

14. The Debtors are hereby ordered to, via the Claims and Noticing Agent, serve via first-class mail (i) the Abuse Claims Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, and (ii) a Sexual Abuse Survivor Proof of Claim Form, at least **150 days** prior to the Abuse Claims Bar Date, to counsel of record, if any, for each known Sexual Abuse Survivor, or to the Sexual Abuse Survivor directly if address information for the Sexual Abuse Survivor is known and address information for counsel of record is not known, including, without limitation, any Sexual Abuse Survivor that has filed a Proof of Claim on or prior to the entry of this Order at the address listed in such Proof of Claim.

15. The Debtors shall also serve the Abuse Claims Bar Date Notice and Sexual Abuse Survivor Proof of Claim Form on counsel to the Tort Claimants' Committee.

16. Further, the Debtors shall post the Sexual Abuse Survivor Proof of Claim Form and the Abuse Claims Bar Date Notice on the Claims and Noticing Agent's website, www.OfficialBSAClaims.com.

17. The Debtors shall use commercially reasonable efforts to publish the Abuse Claims Publication Notice, in substantially the form attached to this Order as **Exhibit 3** (allowing reasonable time for administrative and logistical issues), in accordance with the Supplemental Notice Plan and with any necessary modifications for ease of publication.

18. The Debtors shall use commercially reasonable efforts to send the Abuse Claims Email Notice, in substantially the form attached to this Order as **Exhibit 4**, to current and former scouts, volunteers, and parents who provided an email address to the Debtors since 1999, and to send a Spanish version of such notice to individuals who purchased a Spanish Handbook from the Debtors' online Scout Shop and provided an email address to the Debtors.

19. The Court hereby finds and concludes that the Abuse Claims Notice Procedures, including the Supplemental Notice Plan, the Abuse Claims Publication Notice, and the Abuse Claims Email Notice, as set forth in the Motion (as modified in accordance with the Supplement and the Reply) and this Order, are reasonably calculated to provide notice to unknown creditors, including Sexual Abuse Survivors, of the Bar Dates and the other matters described therein, and are hereby approved and no other or further notice shall be required. The Court further finds and concludes that identities and contact information of Sexual Abuse Survivors and individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, other than known holders of Sexual Abuse Claims, as described in the Motion and the Wheatman Declarations, are not reasonably ascertainable and that such parties therefore are unknown creditors with respect to any claims they may have against the Debtors'

estates, for whom notice by publication pursuant to Bankruptcy Rule 2002(l) is appropriate and sufficient.

20. The Debtors shall provide drafts of the internet, television, print, radio, and other copy created by the Debtors to implement the Supplemental Notice Plan to counsel for the Tort Claimants' Committee and the Future Claimants' Representative, respectively, in advance of publication thereof, and the Tort Claimants' Committee's and Future Claimants' Representative's rights related thereto are reserved.

21. The Court further finds and concludes that publication of the Abuse Claims Publication Notice as provided in this Order will itself constitute adequate notice of the Abuse Claims Bar Date and other matters described therein on all unknown creditors, without regard to the additional elements of the Supplemental Notice Plan.

22. The Debtors shall use commercially reasonable efforts, with the assistance of the Claims and Noticing Agent, to publish notice of the General Bar Date, with any necessary modifications for ease of publication, once in the national editions of *The Wall Street Journal*, *USA Today*, and *The New York Times*.

23. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

24. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the rights of the Debtors or any party in interest to dispute any claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified

or defined in the Motion or this Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or any other applicable law, or (f) a waiver of the Debtors' or any other party's rights under the Bankruptcy Code or any other applicable law.

25. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtors or be forever barred from doing so.

26. The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: May 26th, 2020  
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN  
UNITED STATES BANKRUPTCY JUDGE

18