**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 17, 161, 164, 166, 316, 388, 617, 640, 646, 647, 648, 650, 652, 658, 662, 664, 710, 711, 712, 713, 756, 757, 759, 761, 762, 771, 772, 773, 782, 783, 785, 787, 790 & 797** |

**ORDER (I) APPOINTING MEDIATORS, (II) REFERRING CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 17] (the "Motion") of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") referring the Mediation Issues (as defined below) to mediation (the "Mediation") among the Parties (as defined below), as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order referring the Mediation Issues to mediation among the Parties (as defined below) being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given, and it appearing that no other or further notice need be

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

provided; and ~~this Court having reviewed~~certain objections to the Motion (and certain joinders in support of such objections) having been filed; and upon consideration of the Debtors' replies to such objections and the joinders in support thereof; and upon the record before this Court, including the Motion and ~~having heard~~ the statements in support of the relief requested therein at ~~a hearing~~hearings before this Court on May 18, 2020 and June 8, 2020; and all objections to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

    2.    The Honorable Kevin Carey (Ret.), Paul Finn and ~~Eric Green~~Timothy Gallagher are appointed as mediators (~~together~~collectively, the "Mediators") for the purpose of mediating the comprehensive resolution of issues and claims in BSA's chapter 11 case through a chapter 11 plan (the "Mediation Issues"), which includes, without limitation, all matters that may be the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of plan ballots, a disclosure statement, or confirmation of a chapter 11 plan (the "Direct Plan Actions"). ~~Timothy Gallagher is appointed as a Mediator, only to mediate the insurance issues among the Parties (as defined below), along with the other two Mediators.~~

    3.    Except as otherwise provided herein, the following parties (collectively, the "Mediation Parties") are referred to the Mediation: (a) the Debtors; (b) the Ad Hoc Committee of Local Councils of the Boy Scouts of America; (c) the Future Claimants' Representative; (d) the Official Committee of Tort Claimants, including its members, professionals, and the individual members' professionals; (e) the Official Committee of Unsecured Creditors, including its members,

professionals, and the individual members' professionals; and (f) each of the insurers set forth on **Exhibit 1** hereto (the "Insurers"). Any additional party or parties who wish to participate in the Mediation, including, without limitation, any additional insurers, shall be included in the Mediation if (i) all of the Mediation Parties agree to include such additional party or parties in the Mediation and (ii) the Mediators agree that the participation of such additional party or parties is necessary or would be beneficial to the Mediation.  The Mediation Parties who elect to participate in the Mediation and the additional parties who participate in the Mediation in accordance with the immediately preceding sentence are collectively referred to herein as the "Parties."

4.	At any time following entry of this Order, one or more of the Parties may, individually or jointly, propose in writing that the Mediators address one or more particular Mediation Issues (each such proposal, a "Mediation Proposal") so long as such Party or Parties submits the Mediation Proposal by email to all of the Mediators and all of the Parties and describes, with specificity, the Mediation Issue(s) that are the subject of the Mediation Proposal.  Upon receipt of a Mediation Proposal, the Mediators shall confer and determine, in their discretion, the allocation of responsibility amongst themselves with respect to the Mediation Issue(s) that are the subject of the Mediation Proposal in accordance with Paragraph 2 herein. Notwithstanding anything to the contrary in this Order, and for the avoidance of doubt, no Party shall be required to participate in the mediation of any Mediation Issue(s).

5.	The Mediators shall consult with the Parties on the matters concerning the Mediation, including, without limitation: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.

6.	The Debtors are responsible for timely payment of the fees and costs of ~~Paul~~Judge Carey (Ret.) and Mr. Finn ~~and Eric Green~~, which shall be payable on the terms and conditions of

3

the attached agreements, without further application to or order of the Court. The Insurers who are Parties are responsible for timely payment of one-half of the fees and costs of Mr. Gallagher. The Debtors are responsible for timely payment of the other half of the fees and costs of Mr. Gallagher. All such amounts shall be payable to Mr. Gallagher on the terms and conditions of the attached agreement, without further application to or order of the Court.

7. The provisions of Local Rule 9019-5(d) pertaining to "Confidentiality of Mediation Proceedings" shall govern the Mediation provided, however, that if a Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning insurance coverage, the Parties' right to seek discovery, if any, is preserved. During the Mediation process, the Mediators also may make applicable or direct the use of such other provisions of Local Rule 9019-5 as they deem necessary or appropriate, provided that concerns arising from COVID-19 shall be taken into account as to the Parties' attendance in person in connection with the Mediation and no such attendance in person shall be required while the Court is not permitting in-person appearances.

8. Notwithstanding the foregoing, this Order (a) does not require any Party to submit a dispute as to any matter or make a Mediation Proposal to a Mediator (other than a matter that would be the subject of a Direct Plan Action) before filing a pleading with the Court or any other court of competent jurisdiction, and (b) is without prejudice to any party in interest's objection to the continuance of the preliminary injunction in or other matters with respect to adversary proceeding number 20-50527 (LSS).

9. All rights of the Parties are preserved and shall not be prejudiced by participation in the Mediation, including, without limitation, any rights to: (i) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (ii) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (iii) seek remand of any removed matter; (iv) oppose venue transfer of any removed matter; (v) demand arbitration or a jury trial in

any proceeding; and (vi) contest the jurisdiction of the bankruptcy court to enter any order concerning any alleged insurance coverage that is the subject of the Mediation.

10. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the Parties' rights or obligations under any alleged insurance coverage that is the subject of the Mediation or otherwise.

11. The Confidentiality and Protective Order entered in these chapter 11 cases [Docket No. 799, Ex. 1] (the "Protective Order") shall govern the Parties' production, review, disclosure and handling of Discovery Material (as defined in the Protective Order) in connection with the Mediation.

12. ~~10.~~ The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion, including executing agreements with ~~Resolutions LLC~~ Judge Carey (Ret.), Mr. Gallagher, and Commonwealth Mediation on the terms set forth in the forms of agreement attached hereto as **Exhibits 2**, **3** and **4**, respectively, on substantially similar terms, or on terms more favorable to the estates and/or, as applicable, to the Insurers.

13. Unless the Court orders otherwise or the Parties otherwise agree, no Mediator shall be eligible for post-confirmation employment by any Trust or other similar organization formed pursuant to a plan of reorganization in these chapter 11 cases for the purpose of resolving and/or liquidating abuse claims.

14. ~~11.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020        _____

| | |
|---|---|
| Wilmington, Delaware | THE HON. LAURIE SELBER SILVERSTEIN<br>UNITED STATES BANKRUPTCY JUDGE |

## **Exhibit 1**

1. The Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America.

2. The Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company.

3. Allianz Global Risks US Insurance Company

4. National Surety Corporation.

5. Liberty Mutual Insurance Company.

6. American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania.

## Exhibit 2

**~~Resolutions LLC~~Carey Agreement**

**Exhibit 3**

**Gallagher Agreement**

## Exhibit 4

**Commonwealth Mediation Agreement**

| Summary report: Litera® Change-Pro for Word 10.9.0.460 Document comparison done on 6/8/2020 5:42:54 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://SIDLEYDMS/ACTIVE/256897372/5 ||
| **Modified DMS:** iw://SIDLEYDMS/ACTIVE/256897372/8 ||
| **Changes:** ||
| Add | 19 |
| Delete | 12 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 31 |