# Exhibit 3

## Gallagher Agreement

**CONFIDENTIAL MEDIATION AGREEMENT**

[INSURED] ("Party A") and [INSURER] ("Party B") (Party A and Party B are collectively "Parties" and individually "Party") agree to enter into a process of alternative dispute resolution by engaging in the mediation of those issues set forth in Paragraph 1 below, pursuant to this Confidential Mediation Agreement ("Agreement"). This Agreement sets forth the terms and conditions pertaining to the mediation, costs of the mediation, and the confidentiality of information shared among the Parties and Mediator as part of the mediation process.

1. **Scope of Mediation**: Party A asserts that it is entitled to insurance coverage under policies issued or allegedly issued to Party B, including comprehensive general liability policies Party B issued or is alleged to have issued to Party B [IDENTIFY POLICIES] (collectively, the "Party B Policies") for certain underlying lawsuits seeking damages from Party A's predecessors and affiliates, and/or certain lawsuits tendered to Party A relating to bodily injury allegedly caused by exposure to asbestos (the "Claims"). Party B disputes that Party A is entitled to coverage under the Party B Policies for the Claims.

2. **Mediation Process**: The mediation process includes all actions taken by any Party or the Mediator pursuant to this Agreement or in furtherance of settlement negotiations between the Parties, up to and including the termination date of this Agreement, and including, but is not limited to, the mediation scheduled for October 16, 2019.

3. **Termination**: Any Party may terminate this Agreement by giving notice to the other Party and the Mediator, provided however, that prior to providing notice of termination, the terminating Party shall contact the Mediator at least five (5) business days prior to any written notice of termination to discuss the reasons for termination. Termination of this Agreement shall be effective on the date that all Parties and the Mediator have received written notice of termination. Section 5 – Payment of the Mediator and Section 7 – Confidentiality shall survive termination of this Agreement.

4. **Mediator**: The Parties agree that Timothy Gallagher shall serve as the Mediator. The services provided by the Mediator pursuant to this Agreement do not create any attorney-client relationship between the Mediator and any Party. The Mediator shall provide invoices to the Parties monthly setting forth in reasonable detail the time and costs incurred for purposes of the mediation during that month. The Mediator shall be compensated by the Parties as follows:

(a) Mr. Gallagher's fees for mediation and facilitation services shall be $950 per hour.

(b) Mediation fees do not include the time required to travel to individual meetings or joint sessions unless actual mediation and facilitation services are being performed during such travel.

(c) Mr. Gallagher's necessary travel expenses, including airfare, lodging and subsistence, shall be reimbursed at actual cost as supported by a receipt.

5. **Payment of the Mediator**:

(a) Each Party shall pay 50% of the Mediator's fees, costs and expenses, which shall be invoiced by Mr. Gallagher to each Party separately.

(b) The Mediator, at his discretion, will invoice a Party separately for services performed that are specific to that Party.

(c) The Parties and the Mediator shall make best efforts to keep the cost of mediation process fair and reasonable.

(d) Each Party shall be independently responsible for its own expenses associated with the mediation process, including but not limited to, its respective share of the fees, costs and expenses for the Mediator, its own attorneys' fees, and any travel expenses.

6. **The Role of the Mediator**: In mediation, the Mediator shall act as a third-party neutral in a process in which the Parties, with the assistance of the Mediator, collaboratively and collectively seek to (l) identify issues; (2) develop potential alternatives and approaches to resolve those issues; (3) resolve those issues; and (4) achieve an appropriate resolution of matters in dispute. The Mediator shall assist the Parties to identify and communicate the interests underlying their dispute and help the Parties to develop their collaborative efforts into an overall settlement agreement. The Mediator shall have no liability for any act or omission in connection with the mediation process.

7. **Confidentiality**: To promote communication among the mediation participants and the Mediator, and to facilitate good faith negotiations, the Parties, including their representatives and agents, agree as follows:

(a) All statements made, information disclosed, and documents prepared in connection with the mediation process are confidential, are made without prejudice to any Party's legal or factual positions, are non-discoverable by any person from the Mediator, from the Party who prepared them, or from any Party or other person who obtained them in connection with or as a result of the mediation process, and shall be treated as compromise negotiations under Rule 408 of the Federal Rules of Evidence or any comparable provision of applicable state law, and shall be inadmissible for any purpose in any judicial, arbitral or other proceeding other than to the extent necessary to enforce the terms of this Agreement. The confidential character of any statement, information or document is not altered by disclosure to the Mediator. Without limiting the foregoing, all information provided by a Party to another Party or to the Mediator when marked or otherwise designated in writing as being subject to this Agreement or for purposes of the mediation process (e.g., "For Settlement Purposes" or "For Mediation Purposes") is for settlement purposes only and shall be governed by this Agreement. For the avoidance of doubt, information that is publicly available or non-confidential information that was known to a Party prior to the effective date of this Agreement shall not be rendered confidential, inadmissible or non-discoverable solely because of its disclosure or use in this mediation process.

(b) Except as otherwise provided for in this Agreement, the Parties shall not disclose to any person not the Mediator or a Party to this Agreement any information regarding the substance of the mediation process, including this Agreement, or the Parties' positions, negotiations, proposals, or settlement offers.

(c) The Mediator will not be compelled to disclose or testify in any proceeding about (i) any records, reports or other documents received or prepared by the Mediator, or (ii) information disclosed or statements made before, during or after the mediation process, regardless of whether in the presence of all Parties or in any separate caucus or conference.

(d) Since the participants are disclosing information generally in reliance upon an expectation and right of privacy and specifically in reliance on the confidentiality provisions of this Agreement, it is expressly acknowledged and agreed that any breach or attempted breach of these terms would cause irreparable injury for which monetary and other legal damages would be inadequate. Accordingly, any Party to this Agreement may obtain an injunction to prevent disclosure of any information in violation of this Agreement.

(e) Any Party breaching the confidentiality provisions of this Agreement shall be liable for and indemnify the non-breaching Party and the Mediator for all costs, expenses, liabilities, and fees, including attorney's fees, which may be incurred as a result of such breach.

(f) Nothing in this Agreement is intended to limit the Parties' prior or future agreements as it relates to the confidentiality of information and documents exchanged or communications made between the Parties, including settlement negotiations that have occurred or may occur outside of the mediation process.

8. **Agreement of the Parties**:

(a) No Party or counsel for that Party shall be bound by anything said or done during the mediation process unless and until a written settlement is reached, executed, and approved by the Parties to this Agreement, including counsel.

(b) The Parties make no admission of fact or law, responsibility, fault, or liability by entering into and participating in the mediation process, by entering into this Agreement, or by submitting any draft or final settlement agreement for approval.

(c) In the event that the Parties fail to reach an agreement prior to termination of this Agreement, either Party may request that the Mediator provide the Parties with a brief oral report detailing the positions of each of the Parties, the Mediator's understanding of the remaining issues, and the Mediator's perceived impediments to achieving agreement.

9. **Miscellaneous**:

(a) This Agreement shall become final and effective once all Parties, including the Mediator, have executed the Agreement.

(b) The descriptive headings of this Agreement are included for convenience only and shall not affect the interpretation of any provision herein.

(c) The provisions of this Agreement shall apply to and be binding upon each Party hereto, its officers, agents, employees, successors and assigns, and any person acting on its behalf.

(d) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one instrument.

(e) The Mediator and each of the undersigned representatives of the Parties to the mediation process attests that each representative is authorized to execute and bind that Party to this Agreement. By signature below, the Mediator and each representative acknowledges that they have read, understand and agree to this Agreement.

FOR THE MEDIATOR:

______________________________________ __________________, 2019

Timothy V.P. Gallagher, Esq.Date
1875 Century Park East, Suite 1550
Los Angeles, CA 90067-2728
(310) 203-2600 telephone
(310) 203-2610 fax

[PARTY A]:

By: __________________________________ ____________________________, 2019
Name Date

[PARTY B]:

By: ______________________________ ______________________, 2019
Name Date