## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | **Objection Deadline: June 23, 2020, at 4:00 p.m.** **Hearing Date: Only if Objections are Filed** |

### FIRST MONTHLY FEE APPLICATION OF
### REED SMITH LLP, DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF
### EXPENSES FOR THE PERIOD MARCH 9, 2020 THROUGH MARCH 31, 2020

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | May 23, 2020, *nunc pro tunc* to March 9, 2020 |
| Period for which compensation and reimbursement is sought: | March 9, 2020 through March 31, 2020 |
| Amount of Compensation sought as actual, reasonable and necessary: | $33,845.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $222.50 |
| This is a: | Monthly Fee Application |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Summary of Monthly Fee Applications Filed:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| N/A | N/A | N/A | N/A | N/A | N/a |

**REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS**
**RENDERING SERVICES FROM MARCH 9, 2020 THROUGH MARCH 30, 2020**

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kurt F. Gwynne | Partner.  Joined firm as partner in 2001.  Member DE bar since 2000.  Member PA and NJ bars since 1992. Member of NY bar since 2018. | $990.00 | 4.40 | $4,356.00 |
| Lawrence F. Gilberti | Partner.  Joined firm as partner in 1998.  Member of NY bar since 1976.  Member of PA bar since 1999. | $935.00 | 11.10 | $10,378.50 |
| Katelin A. Morales | Associate.  Joined firm as an associate in 2018.  Member DE bar since 2019.  Member NY and NJ bars since 2017. | $460.00 | 29.40 | $13,671.00 |
| John B. Lord | Paralegal.  Joined firm as paralegal in 2000.  Paralegal since 1991. | $400.00 | 13.60 | $5,440.00 |
| Grand Total: | | | **58.50** | **$33,845.50** |
| Blended Rate: | | | | $575.60 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $632.64 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Compensation |
|---|---|---|
| Case Administration (60001) | 8.70 | $3,831.00 |
| Committee Meeting and Communications (60002) | 8.60 | $4,576.50 |
| Tort Committee Communications (60008) | 0.60 | $594.00 |
| Non Profit Issues (60012) | 18.90 | $15,423.00 |
| Hearings and Court Matters (60021) | 7.70 | $3,398.50 |
| Professional Retention (60025) | 14.00 | $6,022.50 |
| **TOTAL:** | **58.50** | **$33,845.50** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Amount |
|---|---|---|
| Court Fees | CourtCall | $222.50 |
| **TOTAL:** | | **$222.50** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | **Objection Deadline: June 23, 2020, at 4:00 p.m.** **Hearing Date: Only if Objections are Filed** |

**FIRST MONTHLY FEE APPLICATION OF REED SMITH LLP, DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 9, 2020 THROUGH MARCH 31, 2020**

Reed Smith LLP ("Reed Smith") hereby submits this First Monthly Fee Application of Reed Smith LLP, Delaware Counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee"), for Compensation and Reimbursement of Expenses for the Period March 9, 2020 through March 31, 2020 (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330, and 331; Federal Rule of Bankruptcy Procedure 2016; Del. Bankr. L.R. 2016-2; and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* (the "Interim Compensation Order"; D.I. 341). By this Application, Reed Smith, as Delaware counsel to the Creditors' Committee in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing March 9, 2020 through March 31, 2020 (the "Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## I. **FACTUAL BACKGROUND**

1.      On February 18, 2020 (the "Petition Date"), the Boy Scouts of America and Delaware BSA, LLC (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").   Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

2.      The Court has entered an order granting joint administration of these Cases.

3.      No trustee or examiner has been appointed in the Cases.

4.      On March 4, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") held an organizational meeting (the "Organizational Meeting") and appointed the Creditors' Committee and an Official Committee of Tort Claimants (the "Tort Committee").

5.      At the Organizational Meeting, the Creditors' Committee determined that it needed the assistance and advice of counsel to perform the Creditors' Committee's duties under Section 1103(c) of the Bankruptcy Code.  The Creditors' Committee selected Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as proposed lead counsel to the Creditors' Committee pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code.  The Creditors' Committee subsequently selected Reed Smith as its proposed Delaware counsel for the Creditors' Committee pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code.  On March 9, 2020, Reed Smith agreed to serve as Delaware counsel and began work for the Creditors' Committee.

6.      On May 23, 2020, the Bankruptcy Court approved the Creditors' Committee's retention of Reed Smith as its Delaware counsel.  A copy of the *Order Approving Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, Nunc Pro Tunc as of*

*March 9, 2020, as Delaware Counsel for the Official Committee of Unsecured Creditors*

*Pursuant to 11 U.S.C. §§ 328 (a), and 1103(a) and Fed. R. Bankr. P. 2014* ("Retention Order";

D.I. 688) is attached as **Exhibit A**.

## II.    COMPENSATION AND REIMBURSEMENT OF EXPENSES

7.    Reed Smith submits this Application for the allowance of reasonable compensation for actual and necessary professional services provided to the Creditors' Committee as its Delaware counsel in these Cases, and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Creditors' Committee during the Compensation Period.    All included services and costs for which Reed Smith seeks compensation or reimbursement were performed for, or incurred on behalf of, the Creditors' Committee during the Compensation Period.

8.    In connection with services performed, Reed Smith billed a total of $33,845.50 in fees and incurred $222.50 in expenses on behalf of the Creditors' Committee during the Compensation Period.

9.    By this Application, Reed Smith seeks: (a) interim *allowance* of compensation in the amount of $33,845.50 for legal services rendered during the Compensation Period, and reimbursement in the amount of $222.50 for expenses incurred during the Compensation Period, and (b) pursuant to the Interim Compensation Order, *payment* of compensation in the amount of $27,076.40 (80% of the compensation requested) and reimbursement of expenses incurred by Reed Smith during the Compensation Period in the amount of $222.50 (100% of the expenses incurred).

10.    A summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Creditors' Committee during the Compensation

Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as **Exhibit B**.

11.    In addition, **Exhibit B** contains computer-printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

12.    **Exhibit C** contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period.  Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $222.50.  This sum is broken down into categories of charges (*e.g.,* CourtCall charges, special or hand delivery charges, transcription charges, postage, outgoing facsimile, and copying charges).  Reed Smith's rate for duplication is $0.10 per page. Reed Smith also uses outside duplication services for large photocopy work.  Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions.  Outgoing facsimile transmissions, if any, have been charged at a rate of $0.25 per page.

### III.    ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

10.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional employed by any such person."  *See* 11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

11.    In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the

value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed, and (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *See* 11 U.S.C. § 330(a)(3)(A)-(F).

12.     With respect to the time and labor expended by Reed Smith in these cases, as set forth in **Exhibit B**, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $33,845.50. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Creditors' Committee, and the time expended, organized by project task categories, as follows:

A.     **CASE ADMINISTRATION (60001)**

13.     During the Compensation Period, Reed Smith's services performed in connection with this category relate, *inter alia,* to  (i) communicating with Kramer Levin regarding counsel's representation of the Creditors' Committee and case administration issues; (ii) analyzing the Debtors' first-day papers and other papers for background and case status; and (iii) drafting and filing the Creditors' Committee's entry of appearance and motions for admission *pro hac vice* of Kramer Levin attorneys. Reed Smith seeks compensation for 8.70

hours of reasonable and necessary legal expenses incurred for Case Administration during the Compensation Period in the total amount of $3,831.00

      B.     **<u>COMMITTEE MEETING AND COMMUNICATIONS</u> (60002)**

14.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia,* preparing for and participating conference calls with the Creditors' Committee and its professionals to discuss all pending case matters.  Reed Smith seeks compensation for 8.60 hours of reasonable and necessary legal expenses incurred for Committee Meeting and Communications during the Compensation Period in the total amount of $4,576.50.

      C.     **<u>TORT COMMITTEE COMMUNICATIONS</u> (60008)**

15.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia,* communicating with counsel to the Tort Committee regarding the current status of these Cases and pending issues.  Reed Smith seeks compensation for 0.60 hours of reasonable and necessary legal expenses incurred for Tort Committee Communications during the Compensation Period in the total amount of $594.00.

      D.     **<u>NON-PROFIT ISSUES</u> (60012)**

16.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*: (i) performing legal research and analysis regarding rules, regulations, and limitations associated with federal non-profit corporations; and (ii) communicating with Kramer Levin and internally regarding the same.  Reed Smith seeks compensation for 18.90 hours of reasonable and necessary legal expenses incurred for Non-Profit Issues during the Compensation Period in the total amount of $15,423.00.

E.    **HEARINGS AND COURT MATTERS** (60021)

17.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia,* to preparing for and attending the telephone hearings in these Cases on March 24, 2020 and March 30, 2020.  Reed Smith seeks compensation for 7.70 hours of reasonable and necessary legal expenses incurred for Hearing and Court Matters during the Compensation Period in the total amount of $3,398.50

F.    **PROFESSIONAL RETENTION** (60025)

18.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia,* to (i) drafting the Creditors' Committee's application (and supporting declarations) to employ Reed Smith as its Delaware Counsel and analyzing the necessary disclosures and "connections" thereto; and (ii) communicating with Kramer Levin and internally regarding the Creditors' Committee's retention of professionals.  Reed Smith seeks compensation for 14.00 hours of reasonable and necessary legal expenses incurred for Professional Retention during the Compensation Period in the total amount of $6,022.50

19.    Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar chapter 11 cases.  The billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from March 9, 2020 through March 31, 2020 represent customary rates routinely billed to other clients of the firm. *See* **Exhibit B**.  Moreover, Reed Smith stated in the *Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, Nunc Pro Tunc as of March 9, 2020, as Delaware Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328 (a), and 1103(a) and Fed. R. Bankr. P. 2014* ("Retention Application"; D.I. 482) and the accompanying *Declaration of Kurt F. Gwynne in Support of the Retention Application* that it

would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm.  Here, the compensation requested does not exceed the reasonable value of the services rendered.  Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

20.     In addition, as set forth in its Retention Application, the Creditors' Committee believes that the retention of Reed Smith as its Delaware counsel would be cost-effective and efficient.

21.     This Application covers the period from March 9, 2020 through March 31, 2020. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

22.     Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del. Bankr. L.R. 2016-2; the Interim Compensation Order; and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and (as applicable) the Executive Office for the United States Trustees.  A true and correct copy of the Verification of Kurt F. Gwynne is attached hereto as **Exhibit D**.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $33,845.50 and reimbursement of expenses in the amount of $222.50 for the period March 9, 2020 through March 31, 2020 and payment according to the procedures set forth in the Interim Compensation Order.

Dated:  June 9, 2020

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Kurt F. Gwynne*
    Kurt F. Gwynne (No. 3951)
    Katelin A Morales (No. 6683)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    E-mail: kgwynne@reedsmith.com
    E-mail: kmorales@reedsmith.com

    *Delaware Counsel to the Official Committee*
    *of Unsecured Creditors*