## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 9, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: June 30, 2020 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER,
### PURSUANT TO 11 U.S.C. § 365(d)(4), EXTENDING TIME TO ASSUME
### OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the 120-day period for the Debtors to assume or reject unexpired leases of nonresidential real property by ninety (90) days, to and including September 15, 2020.  In support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASES AND JURISDICTION

1.      The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.  On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future abuse claimants (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

### BACKGROUND OF THE DEBTORS

5.      Information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in*

*Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the

*Debtors' Informational Brief* [Docket No. 4].

## THE DEBTORS' UNEXPIRED LEASES

6.      The BSA is a party to numerous agreements that may constitute leases of nonresidential real property (collectively, the "Unexpired Leases").  These Unexpired Leases pertain to various properties, including, among others, approximately 175 Scout Shops located across the United States as of the Petition Date, which account for approximately $120 million of annual retail merchandise and product sales; the BSA's newest high adventure facility, the 14,000-acre Summit Bechtel Family National Scout Reserve located in the New River Gorge area of West Virginia; and a warehouse and distribution center in Charlotte, North Carolina.

7.      Certain of the Unexpired Leases are critical to the BSA's ongoing charitable operations, and the Debtors must carefully review all of these Unexpired Leases to determine whether the Debtors' and their estates' interests are best served by assuming or rejecting such agreements.  Accordingly, to preserve flexibility with respect to the Unexpired Leases as these chapter 11 cases proceed, the Debtors are requesting an extension of the June 17, 2020 deadline to assume or reject such Unexpired Leases to and including September 15, 2020.

8.      Until the Debtors decide whether to assume or reject each Unexpired Lease, they intend to continue to perform all of their undisputed postpetition obligations under such Unexpired Leases, in a timely fashion, to the extent required by section 365(d)(3) of the Bankruptcy Code.

## RELIEF REQUESTED

9.      By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 365(d)(4) of the Bankruptcy Code,

extending the initial 120-day period to assume or reject their Unexpired Leases by ninety (90) days, from June 17, 2020 to and including September 15, 2020.[2]  The Debtors request that such extension be without prejudice to the Debtors' right to request additional extensions of time to assume or reject Unexpired Leases upon the prior written consent of their respective lessors, as contemplated under section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## BASIS FOR RELIEF

10.    Section 365(d)(4)(A) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is a lessee shall be deemed rejected if the debtor does not assume or reject such unexpired lease by the earlier of (i) the date that is one hundred and twenty (120) days after the commencement of its chapter 11 case or (ii) the date of entry of an order confirming a plan.  11 U.S.C. § 365(d)(4)(A).  Therefore, absent an extension of the time afforded under section 365(d)(4)(A) of the Bankruptcy Code, the Unexpired Leases that are not assumed within 120 days after the Petition Date would be deemed rejected.

11.    Under section 365(d)(4)(B) of the Bankruptcy Code, the Court may extend the 120-day period "for 90 days . . . for cause."  11 U.S.C. § 365(d)(4)(B).  Courts have considered the following non-exclusive factors in evaluating whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property:

(i)    whether the leases are an important asset of the estate;

(ii)    whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets;

(iii)    the complexity of the case facing the debtor and the number of leases that the debtor must evaluate;

(iv)    whether the lessor continues to receive monthly rental payments; and

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the end of the initial 120-day period to assume or reject serves to automatically extend the end of such period until such time as the Court acts on the Motion.  *See* Del. Bankr. L.R. 9006-2.

(v)     whether the lessor would be damaged beyond compensation available under the Bankruptcy Code.

*See, e.g., In re Wedtech Corp.*, 72 B.R. 464, 471–73 (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105–06 (2d Cir. 1982)); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing *Wedtech*, 72 B.R. at 471–72)); *In re GST Telecom Inc.*, Case No. 00-1982-GMS, 2001 WL 686971, at *3 (D. Del. June 8, 2001) (holding that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

12.     Here, application of the foregoing factors demonstrates that cause exists to extend the Debtors' time to assume or reject Unexpired Leases.  The Unexpired Leases are important assets of the Debtors' estates.  The Scout Shops and the Charlotte warehouse and distribution center are vital to the Debtors' retail operations.  The Summit Bechtel Family National Scout Reserve is one of the Debtors' preeminent high adventure facilities, serving as a camp and leadership training center for the millions of youth and adult leaders involved in Scouting and hosting large national events for the BSA, including the annual National Scout Jamboree.  Due to the nature of the Debtors' charitable non-profit operations, and to avoid any premature assumption of the Unexpired Leases or risk of forfeiting valuable property interests in the event of the deemed rejection of Unexpired Leases, the Debtors submit that the requested extension is warranted.

13.     The Debtors commenced these chapter 11 cases to achieve dual objectives of (a) timely and equitably compensating survivors of abuse in Scouting and (b) ensuring that the BSA emerges from bankruptcy with the ability to continue its vital charitable mission.  The

Debtors fundamentally believe that, to succeed in their restructuring efforts, they must obtain broad creditor support for a plan of reorganization.  To reach such a consensus, however, the Debtors have been required to lay extensive necessary groundwork for productive settlement negotiations.  The Debtors have proceeded with speed and efficiency during the initial stages of this restructuring, but due to the nature and complexity of the litigation that precipitated these cases, as well as the detrimental effect of the COVID-19 pandemic on the Debtors' operations, the Debtors require additional time to review their assets and make a determination regarding the Unexpired Leases.

14.    These chapter 11 cases are complex.  Although the Debtors have diligently and efficiently pursued their restructuring strategy in the months since the Petition Date, they have not been afforded sufficient time to fully evaluate each of their numerous Unexpired Leases.  Since the Petition Date, the Debtors and their professionals have devoted significant efforts toward ensuring a seamless transition of the Debtors' non-profit operations into chapter 11.  As noted above, moreover, during the first four months of the chapter 11 cases, in addition to stabilizing their operations and obtaining essential first- and second-day relief from the Court, the Debtors have worked tirelessly to bridge the divergent interest of their stakeholders and establish the necessary elements for productive settlement negotiations.  These efforts have included, among other things, obtaining and extending the term of an essential preliminary injunction that bars abuse litigation against certain non-debtor co-defendants nationwide, obtaining entry of a bar date order and approval of a comprehensive noticing program, and obtaining entry of an order appointing mediators to assist the Debtors and their creditors in plan negotiations.

15.    Further, granting the requested extension will not prejudice the lessors under the Unexpired Leases.   First, the Debtors are currently paying and intend to continue to pay postpetition rent obligations that arise under the Unexpired Leases to the extent required under section 365(d)(3) of the Bankruptcy Code.   Second, there is no basis for any lessor to assert that the Debtors' continued occupation of any leased premises would damage the lessor beyond compensation available to them under the Bankruptcy Code.   Additionally, the Debtors have provided notice of this Motion to the lessors under the Unexpired Leases identified in the Debtors' books and records.[3]   If circumstances should change, the Bankruptcy Code permits any lessor to request that the Court, upon a showing of cause, establish an earlier deadline by which the Debtors must assume or reject such lessor's lease.

16.    In light of the foregoing, the extension of the period within which the Debtors may assume or reject the Unexpired Leases by ninety (90) days, to and including September 15, 2020, is in the best interests of the Debtors, their estates, and all parties in interest, and should be granted.

## **NOTICE**

17.    Notice of this Motion will be provided to (i) the non-debtor counterparties to the Unexpired Leases; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Creditors' Committee; (v) counsel to the Future Claimants' Representative; (vi) counsel to the Ad Hoc Committee of

---

[3] The Debtors are serving this Motion on all lessors under Unexpired Leases that the Debtors have not already rejected pursuant to an order of the Court.  In the event that the Debtors have omitted any such lessor from the service list, through inadvertence, clerical error or for any other reason, this Court may nonetheless enter an order extending the time within which the Debtors may assume or reject such Unexpired Lease, provided that the Debtors have made a good faith effort to identify and serve all known lessors.  *See In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990) (holding that an order extending the time for debtor to assume or reject leases may be entered by a bankruptcy court without affording other parties notice and a hearing).  Nothing in this Motion constitutes an admission by the Debtors that any instrument is or is not an unexpired lease of nonresidential real property.  Furthermore, the Debtors reserve any and all rights, claims, and defenses with respect to the characterization of the Unexpired Leases under sections 365(d)(3) and (d)(4) of the Bankruptcy Code or otherwise.

Local Councils; (vii) counsel to JPMorgan Chase Bank National Association; (viii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  June 16, 2020                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
       Wilmington, Delaware

                                        */s/  Paige N. Topper*
                                        Derek C. Abbott (No. 3376)
                                        Andrew R. Remming (No. 5120)
                                        Eric W. Moats (No. 6441)
                                        Paige N. Topper (No. 6470)
                                        1201 North Market Street, 16th Floor
                                        P.O. Box 1347
                                        Wilmington, Delaware 19899-1347
                                        Telephone:  (302) 658-9200
                                        Email:  dabbott@mnat.com
                                             aremming@mnat.com
                                             emoats@mnat.com
                                             ptopper@mnat.com

                                        – and –

                                        SIDLEY AUSTIN LLP
                                        Jessica C. K. Boelter (admitted *pro hac vice*)
                                        787 Seventh Avenue
                                        New York, New York 10019
                                        Telephone:  (212) 839-5300
                                        Email:  jboelter@sidley.com

                                        – and –

                                        SIDLEY AUSTIN LLP
                                        Thomas A. Labuda (admitted *pro hac vice*)
                                        Michael C. Andolina (admitted *pro hac vice*)
                                        Matthew E. Linder (admitted *pro hac vice*)
                                        Blair M. Warner (admitted *pro hac vice*)
                                        One South Dearborn Street
                                        Chicago, Illinois 60603
                                        Telephone:  (312) 853-7000
                                        Email:  tlabuda@sidley.com
                                             mandolina@sidley.com
                                             mlinder@sidley.com
                                             blair.warner@sidley.com

                                        ATTORNEYS FOR THE DEBTORS AND DEBTORS
                                        IN POSSESSION