**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: July 9, 2020, at 10:00 a.m. (ET)<br>Objection Deadline: July 2, 2020, at 4:00 p.m. (ET) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING THE
STIPULATION (I) LIFTING THE AUTOMATIC STAY AND (II) APPROVING THE
DISMISSAL OF BSA COUNTERCLAIMS AND CROSS-CLAIMS,
AND (III) GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), submit this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form of the proposed order attached hereto as **Exhibit A**, approving the stipulation (the "Stipulation") attached to the Proposed Order as Exhibit 1, pursuant to sections 105(a), 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), lifting the automatic stay to the extent necessary, and providing for the immediate dismissal, with prejudice, of all claims, counterclaims, and cross-claims in the litigation captioned *M.F. and J.F. v. The Pingry School, Boy Scouts of America, Thad Alton, and John Does 1-50, and ABC Corporations 1-50*, Case No. 2:20-cv-01721 (D.N.J.), currently pending in the United States District Court for the District of New Jersey. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 105(a), 362, and 363 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

**BACKGROUND**

**I.  The Lawsuit**

4.  On March 6, 2018, M.F. and J.F. (the "Plaintiffs") commenced an action, *M.F. and J.F. v. The Pingry School, et al.*, Case No. ESX-L-001607-18 (the "Lawsuit") against The Pingry Corporation d/b/a/ The Pingry School ("Pingry") in the Superior Court of New Jersey for Essex County seeking to recover damages in connection with alleged abuse suffered by the Plaintiffs.

5.  On August 16, 2018, Pingry filed its Third-Party Complaint asserting claims for contribution and indemnification against the BSA and Thad Alton ("Alton") in connection with the Plaintiffs' claims made in the Lawsuit.

6.  On September 27, 2018, the BSA filed its Answer and Separate Defenses of Defendant Boy Scouts of America to Third-Party Complaint and Cross-Claim Against Third-Party Defendant Thad Alton denying the allegations contained in Pingry's Third-Party Complaint and asserting cross-claims for contribution and indemnification against Alton.

7. On November 8, 2018, Alton filed an Answer to Pingry's Third-Party Complaint as well as counterclaims against Pingry and cross-claims against third-party co-defendant the BSA for contribution and indemnification.

8. On September 3, 2019, the Plaintiffs filed an Amended Complaint asserting claims against the BSA and Alton seeking to recover damages in connection with alleged abuse suffered by the plaintiffs.

9. On September 23, 2019, Pingry filed an Answer to Plaintiff's Amended Complaint with Defenses and Cross-Claims, asserting cross-claims against the BSA and Alton for contribution and indemnification.

10. Also on September 23, 2019, the BSA filed its Answer to Plaintiff's Amended Complaint with Defenses and Cross-Claims, asserting cross-claims against Pingry and Alton for contribution and indemnification.

11. On November 11, 2019, Alton filed an Answer to Plaintiff's Amended Complaint with Defenses and Cross-Claims, asserting cross-claims against the BSA and Alton for contribution and indemnification.

## II.    The Debtors' Bankruptcy Case

12. On February 18, 2020 (the "Petition Date"), the BSA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The BSA continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13. Immediately upon the filing of its voluntary petition for relief, all claims and cross-claims against the BSA were automatically stayed pursuant to section 362 of the Bankruptcy Code.

14. The BSA's counterclaims and cross-claims against Pingry and Alton for contribution and indemnification are property of the estate as defined under section 541(a) of the Bankruptcy Code.

### III. Postpetition Developments in the Lawsuit

15. On the Petition Date, the BSA removed the Lawsuit to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1334 and 1452(a).

16. Following the Petition Date, the non-BSA parties to the Lawsuit reached a consensual resolution of the Lawsuit, the terms of which are contained in separate confidential settlements between the Plaintiffs and Pingry, and the Plaintiffs and Alton (the "Settlements"). The BSA is not a party to the Settlements and is not obligated to make any payment, take any action, or refrain from taking any action as a result thereof.

17. In light of the Settlements, the parties to the Lawsuit, including the BSA, have further agreed to dismiss with prejudice all claims, counterclaims, and cross-claims asserted therein, including all claims, counterclaims, and cross-claims by or against the BSA in the Lawsuit pursuant to the terms of the Stipulation.

### RELIEF REQUESTED

18. The Debtors respectfully request that the Court enter an order approving the Stipulation, pursuant to sections 105(a), 362, and 363 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, (i) to the extent necessary, lifting the automatic stay for the sole purpose of effecting a dismissal of all claims, counterclaims, and cross-claims against the BSA asserted in the Lawsuit with prejudice; and (ii) approving the dismissal of the BSA's counterclaims and cross-claims against Pingry and Alton asserted in the Lawsuit with prejudice.

**BASIS FOR RELIEF REQUESTED**

**I.     Legal Standard**

  **A.     Relief from the Automatic Stay**

19.    Upon the filing of a bankruptcy case, section 362 of the Bankruptcy Code automatically stays, among other things, the commencement or continuation of any proceeding against the debtor "to recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a).  The automatic stay serves a number of important purposes that protect both debtor and creditor interests, including, among other things, "to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it" and "to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (quotations omitted).

20.    Section 362(d), however, authorizes the Court to grant relief from the automatic stay for cause.  11 U.S.C. § 362(d).  Although the Bankruptcy Code itself does not define "cause," courts in this District often consider whether (i) the debtor will suffer "any great prejudice" from the continuation of the civil suit," (ii) the prejudice to the non-bankrupt party by maintenance of the stay considerably outweighs the prejudice to the debtor if the stay is lifted, and (iii) the non-bankrupt party "has a probability of prevailing on the merits." *Id.*; *see also In re Scarborough St. James Corp.*, 535 B.R. 60, 67-68 (Bankr. D. Del. 2015).

  **B.     Approval of the Stipulation and Dismissal of the BSA's Claims, Counterclaims, and Cross-Claims in the Lawsuit**

21.    Section 105(a) and Bankruptcy Rule 9019 authorize the Court to approve the Stipulation.  Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11

U.S.C. § 105(a).  In addition, Bankruptcy Rule 9019 provides that, upon notice and a hearing, the Court "may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

22.     Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate."  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  The Court should exercise its discretion to approve a settlement or compromise where it is "fair, reasonable, and in the interest of the estate."  *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  The Court need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonable."  *In re W.R. Grace & Co.*, 475 B.R. 34, 78 (D. Del. 2012).  In determining whether a settlement or compromise should be approved, courts consider a number of factors, including "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d at 393.

## II.     Argument

23.     The Stipulation should be approved because it fairly and efficiently resolves litigation against the BSA with no burden to the estate.

### A.     To the Extent Necessary, Cause Exists to Lift the Automatic Stay

24.     The dismissal of the claims, counterclaims, and cross-claims against the BSA in the Lawsuit with prejudice arguably does not implicate the automatic stay.  Courts have found that relief from the automatic stay is not necessary to effect a voluntary dismissal of claims against a debtor because such dismissal "assists rather than interferes with the goals of Chapter 11."  *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994); *see*

*also Sawyer v. Jackson*, 224 F. Supp. 3d 461, 462 (E.D. Va. 2016) (same); *H2O Innovation, Inc. v. Williams*, Case No. 5:14-cv-19, 2015 WL 13186219, at *1 (D. Vt. Apr. 9, 2015) ("Notwithstanding section 362(a)(1), courts generally allow a party to voluntarily dismiss actions against a debtor who is protected by the automatic stay."); *Piggly Wiggly Alabama Distributing Co. v. The Bowman Co.*, Case No. 2:12-cv-02079-JHE, 2014 WL 12749006, at *2 (N.D. Ala. June 6, 2014) (noting that dismissal of a debtor is proper if such dismissal would not require the court to make any determinations regarding the rights and obligations of the debtor); *Gallagher v. Sports Publishing, LLC*, No. 07-CV-2025, 2009 WL 294400, at *2 (C.D. Ill. Feb. 4, 2009) ("[T]he dismissal of a bankruptcy debtor from a lawsuit does not violate the automatic bankruptcy stay.").

25.    However, even if the dismissal of all claims, counterclaims, and cross-claims against the BSA in the Lawsuit is a "continuation" of an action against the BSA subject to the automatic stay, cause exists to the permit such action to go forward consistent with the terms of the Stipulation.  The non-BSA parties have agreed to settle the Lawsuit, without any payments due or action needed from the BSA.  As part of the Settlements, the non-BSA parties wish to finally resolve all claims in the Lawsuit, including the Plaintiff's claims against the BSA, as well as Pingry and Alton's counterclaims and cross-claims against the BSA for contribution and indemnification.  Accordingly, there is no prejudice either to the BSA, the non-BSA parties to the Lawsuit, or any other party in interest in the Debtors' chapter 11 cases if the stay is lifted to permit the dismissal with prejudice of such claims.

    **B.**    **The Dismissal of the BSA's Counterclaims and Cross-Claims Pursuant to the Stipulation is Within the Range of Reasonableness and Should be Approved**

26.    Although the BSA is not a party to the Settlements, the non-BSA parties have expressed a desire to finally resolve all claims, counterclaims, and cross-claims in the Lawsuit,

7

including those by and against the BSA. From the BSA's perspective, the end result of the Settlements and the Stipulation is a complete dismissal of all claims in the Lawsuit with prejudice without any payments made or action required by the BSA.

27. Although the BSA would be dismissing its own counterclaims and cross-claims without receiving any direct cash payments therefor, the compromise of these claims is eminently reasonable in this case. First, Pingry and Alton will make all of the payments due under the Settlements, in exchange for which the Plaintiffs have agreed to dismiss all claims, including those against the BSA. As a result, the BSA's counterclaims and cross-claims against Pingry and Alton for contribution and indemnification are effectively moot. The BSA will not be making any payments so there is therefore no need to seek or basis for seeking contribution or indemnification from any other party.

28. Second, Pingry and Alton have agreed to dismiss with prejudice their counterclaims and cross-claims against the BSA for contribution and indemnification. As such, the BSA will not be liable to any party in the Lawsuit for any amount, and will conserve estate resources by avoiding unnecessary litigation costs.

29. Accordingly, the dismissal with prejudice of the BSA's counterclaims and cross-claims for contribution and indemnification against Pingry and Alton in the Lawsuit is reasonable and in the best interests of the Debtors' estates and their creditors. *In re Louise's, Inc.*, 211 B.R. at 801.

## **NOTICE**

30. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel

to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (viii) all parties to the Lawsuit; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation and granting the relief requested herein and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: June 18, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ Eric W. Moats<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>　　　　aremming@mnat.com<br>　　　　emoats@mnat.com<br>　　　　ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>William E. Curtin<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br>　　　　wcurtin@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>　　　　mandolina@sidley.com<br>　　　　mlinder@sidley.com<br>　　　　blair.warner@sidley.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |