# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 9, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: July 2, 2020 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) AUTHORIZING THE DEBTORS TO (A) REJECT UNEXPIRED
## LEASE OF NONRESIDENTIAL REAL PROPERTY WITH DHEERA
## LIMITED COMPANY, LLC, EFFECTIVE AS OF JUNE 30, 2020
## AND (B) ABANDON CERTAIN PERSONAL PROPERTY IN
## CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 362(d), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to (a) reject that certain unexpired lease of nonresidential real property (including any guarantees thereof and all amendments or modifications thereto or assignments or subleases thereof, collectively, the "Lease"),[2] by and between Dheera Limited Company, LLC (the "Landlord"), as successor in interest to Pacifica

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The amendments to the Lease include the following: (a) First Amendment, dated as of March 14, 2013; (b) Second Amendment, dated as of April 10, 2014; (c) Third Amendment, dated as of February 26, 2015; (d) Fourth Amendment, dated as of April 30, 2015; (e) Fifth Amendment, dated as of April 30, 2015; (f) Sixth Amendment, dated as of June 29, 2015; and (g) Seventh Amendment, dated as of April 14, 2016.

Texas, L.P., and the BSA for the premises located at 1303 West Walnut Hill Lane, Suites 100, 128 and 130, Irving, Texas 75038 (the "Premises"), effective as of June 30, 2020 (the "Rejection Date"), and (b) abandon any furniture, fixtures, equipment, and other assets at the Premises (the "Remaining Property"), in each case effective as of the Rejection Date, and (ii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.      The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.  On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future abuse claimants (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other bases for the relief requested herein are sections 362(d), 365(a), and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007.

## BACKGROUND OF THE DEBTORS

5.      Information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## THE LEASE

6.      On August 19, 2010, the BSA and Pacifica Texas, L.P. entered into the Lease, which, as amended, provides for the leasing by the BSA of approximately 9,000 square feet of office space located in the Premises, commonly known as Suites 100, 128 and 130.  On or about July 31, 2017, Pacifica Texas, L.P. sold the Premises and the Lease to the Landlord. The Premises is used by employees in the BSA's Office of Philanthropy.  The term of the Lease expires on June 30, 2022.

7.      The Debtors are engaged in ongoing efforts to conduct a strategic review of their contractual obligations and non-profit operations.  Through this review, the Debtors have determined that they have sufficient office space at BSA's headquarters, which is located adjacent to the Premises, for the BSA employees who currently work on the Premises.  For this reason, the Lease provides no benefit to the Debtors' estates.  Absent rejection, the Debtors would be obligated to continue to pay rent and other costs and charges under the Lease even though the Debtors will have ceased to occupy the Premises.  The Debtors have therefore

determined, in the exercise of their business judgment, that it is in their best interests to reject the Lease.

8.     The Debtors are providing notice to the Landlord of their intent to vacate and relinquish possession of the Premises on or before June 30, 2020.

## THE REMAINING PROPERTY

9.     The Debtors have accumulated certain miscellaneous assets at the Premises, including certain furniture, fixtures and equipment of *de minimis* value—*i.e.*, the Remaining Property.  The Debtors have determined, in the exercise of their business judgment, that certain of the Remaining Property would be exceedingly difficult or expensive to remove or store. Accordingly, the Debtors will not realize any economic benefit by retaining the Remaining Property.  Therefore, the Debtors are requesting authority to abandon any Remaining Property at the Premises as of the Rejection Date.

## RELIEF REQUESTED

10.     By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to (a) reject the Lease and (b) abandon the Remaining Property, if any, each effective as of the Rejection Date, and (ii) granting related relief.

## BASIS FOR RELIEF

**I.     The Court Should Authorize the Debtors to Reject the Lease under Section 365(a) of the Bankruptcy Code as a Reasonable Exercise of the Debtors' Business Judgment.**

Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The purpose behind section 365(a) is "to permit the trustee or debtor in possession to use valuable property of the estate and to renounce

title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); *In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

11.    The standard applied by courts to determine whether to authorize the assumption or rejection of an unexpired nonresidential lease is the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate.  *See Grp. of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *accord In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

12.    In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject leases.  *See Computer Sales Int'l, Inc. v. Fed. Mogul Glob., Inc. (In re Fed. Mogul Glob., Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion."); *In re Trans World Airlines,*

*Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

13.     Here, the Debtors' determination to reject the Lease is supported by a valid business purpose and is in the best interests of the Debtors' estates and creditors.  The Debtors have determined that the Lease provides no value to the Debtors and is inconsistent with the Debtors' reorganization strategy.  In particular, the Debtors intend for the BSA employees to vacate the Premises on or before the Rejection Date and do not anticipate having any future use for the Premises.  Accordingly, the Debtors are rejecting the Lease to eliminate the ongoing costs associated with the Premises.  For these reasons, rejection of the Lease is a reasonable exercise of the Debtors' business judgment and should be approved.

## II.    The Court Should Authorize the Rejection of the Lease Effective as of the Rejection Date.

14.     The Debtors are requesting that the Lease be rejected as of the Rejection Date in order to avoid paying any unnecessary expenses related to the Lease.  A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses.  *See, e.g., Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *TW, Inc. v. Angelastro (In re TW, Inc.)*, Case No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactively "when principles of equity so dictate" (citation omitted)); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, Case No. 02-6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (concluding that a bankruptcy court may assign a retroactive rejection date when "the principles

of equity so dictate" (quoting another source)); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (finding that "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)").

15.     When principles of equity so dictate, courts may permit rejection as of the date on which the counterparties to the executory contracts or unexpired leases were given definitive notice of a debtor's intent to reject such agreements.  *See In re KDA Grp., Inc.*, Case No. 16-21821-GLT, 2017 WL 4216563, at *4 (Bankr. W.D. Pa. Sept. 20, 2017) ("[M]any courts within the Third Circuit have adopted the notion that a lease may be retroactively rejected when principles of equity so dictate." (internal quotations omitted)); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) ("[T]o grant [retroactive] rejection, the Debtors must have stated an unequivocal intent to reject the leases.").

16.     Here, the Court should authorize the rejection of the Lease effective as of the Rejection Date.  The Landlord will not be unduly prejudiced by retroactive rejection because, as of the Rejection Date, the Debtors will have vacated and surrendered possession of the Premises, returned keys to the Landlord, and delivered unequivocal notice of their intent to reject the Lease to the Landlord.  The Debtors have also served this Motion on the Landlord and/or its agents or representatives, thereby advising the Landlord that the Debtors intend to reject the Lease as of the Rejection Date.  Accordingly, rejection of the Lease effective as of the Rejection Date is appropriate under applicable law.

## III.     The Court Should Authorize the Debtors to Abandon the Remaining Property under Section 554 of the Bankruptcy Code.

17.     Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  In abandoning property

under section 554, "the debtor 'need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon." *In re Contract Research Sols., Inc.*, Case No. 12-11004 (KJC), 2013 Bankr. LEXIS 1784, at *11 (Bankr. D. Del. May 1, 2013). The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare. *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

18.    Any Remaining Property left at the Premises is of inconsequential value to the Debtors' estates, and the cost to the Debtors of retrieving, disposing and/or storing of any Remaining Property will exceed any realistic economic benefit that might be realized by retaining such property. Accordingly, the Debtors have determined, in the exercise of their reasonable business judgment, that their decision to abandon any Remaining Property will be in the best interests of the Debtors and their estates.

19.    To facilitate the Debtors' abandonment of the Remaining Property, the Debtors also request authorization under section 362(d) of the Bankruptcy Code, which permits a modification of the automatic stay for "cause," to the extent necessary to permit the Landlord to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors.

## RESERVATION OF RIGHTS

20.    Nothing contained herein or any actions taken by the Debtors pursuant to the relief granted in any order granting this Motion is intended or should be deemed or construed as: (a) an admission as to the validity, priority or amount of any claim or lien against the Debtors; (b) a waiver or limitation of the Debtors' or any party in interest's rights to subsequently dispute such claim or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d)

an implication or admission that any particular claim is of a type specified or defined in this Motion or the Proposed Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h) REQUIREMENTS

21.     In addition, by this Motion, the Debtors request a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, the Debtors require immediate relief in the form of an order authorizing their rejection of the Lease as of the Rejection Date.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

22.     Similarly, for the reasons stated above, the Debtors request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed applicable.

### NOTICE

23.     Notice of this Motion will be provided to: (i) the Landlord; (ii) the U.S. Trustee; (iii) counsel to the Creditors' Committee; (iv) counsel to the Tort Claimants' Committee; (v) counsel to the Future Claimants' Representative; (vi) counsel to the Ad Hoc Committee of Local Councils; (vii) counsel to JPMorgan Chase Bank National Association; (viii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (ix) any

party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  June 18, 2020
     Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
       aremming@mnat.com
       emoats@mnat.com
       ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  tlabuda@sidley.com
       mandolina@sidley.com
       mlinder@sidley.com
       blair.warner@sidley.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION