**Exhibit D**

**H&LA Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> (Jointly Administered) |

### DECLARATION OF DAVID JOHN SANGREE IN SUPPORT OF THE DEBTORS' OMNIBUS APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CERTAIN APPRAISERS, *NUNC PRO TUNC* TO JUNE 18, 2020

I, David John Sangree, hereby state and declare as follows (this "Declaration"):

1. I am President of Hospitality & Leisure Advisors ("H&LA"). I am authorized to make and submit this declaration (this "Declaration") on behalf of H&LA. Except as otherwise stated in this Declaration, I have personal knowledge of the matters set forth herein. If called to testify, I could and would testify competently to the facts set forth herein.

2. This Declaration is made in support of the *Debtors' Omnibus Application for Entry of an Order Authorizing the Retention and Employment of Certain Appraisers*, Nunc Pro Tunc *to* June 18, 2020 (the "Application").[2]

3. H&LA has agreed to provide appraisal and related services to the Debtors pursuant to the terms and conditions set forth in that certain engagement letter between the Debtors and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

H&LA dated as of June 16, 2020 (the "Engagement Letter"), a copy of which is attached to the Application as Exhibit 3 to the Proposed Order.

4. I believe H&LA and its employees are well qualified to provide an appraisal for Summit Bechtel Reserve and the other services described in the Engagement Letter. H&LA is an appraisal, valuation, and consulting firm with extensive experience in appraising different property types throughout the United States, including hotels, resorts, conference and convention centers, ski resorts, hospitality properties, golf courses, and waterparks, among others.

5. H&LA understands that the Debtors have retained or are seeking to retain other professionals in these cases, including additional appraisers to appraise certain Debtors' properties other than the Summit Bechtel Reserve. H&LA does not believe that the services it will render on behalf of the Debtors in these chapter 11 cases will be duplicative of the services performed by any of the other professionals, including the other appraisers, and H&LA will work together with the other professionals retained by the Debtors, as necessary or appropriate, to minimize and avoid duplication of services.

6. In connection with its retention by the Debtors, H&LA reviewed its records to determine whether H&LA had any connections with the entities identified by the Debtors as potential parties in interest in these chapter 11 cases (the "Potential Parties in Interest"). The following is a list of the categories of Potential Parties in Interest that H&LA has searched.

| Schedule | Category |
| --- | --- |
| 1(a) | Debtors |
| 1(b) | Current and Former Directors and Officers of the Debtors |
| 1(c) | Non-Debtor Affiliates |
| 1(d) | Selected Chartered Organizations |
| 1(e) | Local Councils |
| 1(f) | Secured Parties |
| 1(g) | Banks |
| 1(h) | Credit Card Processors |
| 1(i) | Insurers |

| | |
|---|---|
| 1(j) | Landlords |
| 1(k) | Litigation Parties |
| 1(l) | Professionals to be Retained by the Debtors |
| 1(m) | Professionals Representing Certain Parties in Interest |
| 1(n) | Ordinary Course Professionals |
| 1(o) | Tort Claimants Committee |
| 1(p) | Unsecured Creditors Committee |
| 1(q) | Top 25 Plaintiffs' Law Firms Representing the Largest Number of Abuse Victims Asserting Claims Against the Debtors |
| 1(r) | Top 30 General Unsecured Creditors of the Debtors (Non-Abuse Claims) |
| 1(s) | Deferred Compensation and Restoration Plan Participants |
| 1(t) | Significant Contract Counterparties |
| 1(u) | Significant Customers |
| 1(v) | Significant Donors |
| 1(w) | Significant Vendors |
| 1(x) | Significant Taxing Authorities |
| 1(y) | Significant Utility Providers |
| 1(z) | U.S. Trustee, Judges, and Court Contacts for the District of Delaware |

7. To the extent that this inquiry has revealed that certain Potential Parties in Interest are current or were former clients of H&LA within the past three years, then these Potential Parties in Interest have been identified on a list (the "Client Match List") attached hereto as **Schedule 1**. Through the information generated from the aforementioned inquiry, H&LA has determined that its representation of the clients on the Client Match List, if any, concerned matters unrelated to the Debtors.

8. To the best of my knowledge, information and belief, neither H&LA nor any of the H&LA employees expected to assist the Debtors in these chapter 11 cases is, or was within two years before the commencement of these chapter 11 cases, a director, an officer, or an employee of the Debtors. Also, to the best of my knowledge, information, and belief, neither the undersigned nor the H&LA employees expected to assist the Debtors are connected to the United States Bankruptcy Judge presiding over these chapter 11 cases or any person employed by the Office of the United States Trustee for the District of Delaware.

9.  For the reasons set forth in this Declaration, H&LA believes that it is (a) disinterested as defined in the Bankruptcy Code and (b) does not hold or represent any interest adverse to the Debtors' estates.

10. The fee and expense structure set forth in the Engagement Letter is consistent with H&LA's typical compensation for work of this nature. The fees are set at a level designed to compensate H&LA fairly for the work of its employees and to cover fixed and routine overhead expenses. It is H&LA's policy to charge its clients for all disbursements and expenses incurred in connection with its services.

11. It is not H&LA's general practice to keep detailed time records similar to those customarily kept by attorneys. Therefore, the Debtors have requested that H&LA not be required to maintain time records for producing the appraisal. H&LA will, however, keep time records describing its daily activities and the identities of the persons who performed tasks in connection with any work, including consulting or testimony, beyond the appraisal. H&LA believes that this request is reasonable because the structure of the compensation contemplated by the Engagement Letter is only partially based on the time expended by H&LA.

12. Other than as set forth in the Application, there is no proposed arrangement between the Debtors and H&LA for compensation to be paid in these chapter 11 cases. H&LA has no agreement with any other entity to share any compensation received from the Debtors, nor will any such agreement be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

13. The foregoing constitutes the statement of H&LA pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002.

9.  For the reasons set forth in this Declaration, H&LA believes that it is (a) disinterested as defined in the Bankruptcy Code and (b) does not hold or represent any interest adverse to the Debtors' estates.

10. The fee and expense structure set forth in the Engagement Letter is consistent with H&LA's typical compensation for work of this nature. The fees are set at a level designed to compensate H&LA fairly for the work of its employees and to cover fixed and routine overhead expenses. It is H&LA's policy to charge its clients for all disbursements and expenses incurred in connection with its services.

11. It is not H&LA's general practice to keep detailed time records similar to those customarily kept by attorneys. Therefore, the Debtors have requested that H&LA not be required to maintain time records for producing the appraisal. H&LA will, however, keep time records describing its daily activities and the identities of the persons who performed tasks in connection with any work, including consulting or testimony, beyond the appraisal. H&LA believes that this request is reasonable because the structure of the compensation contemplated by the Engagement Letter is only partially based on the time expended by H&LA.

12. Other than as set forth in the Application, there is no proposed arrangement between the Debtors and H&LA for compensation to be paid in these chapter 11 cases. H&LA has no agreement with any other entity to share any compensation received from the Debtors, nor will any such agreement be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

13. The foregoing constitutes the statement of H&LA pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: June 18, 2020
       Cleveland, Ohio

David John Sangree
President
Hotel & Leisure Advisors, LLC

## Schedule 1

### Client Match List

Marriott International