# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- X
                                                          :
In re:                                                    :    Chapter 11
                                                          :
Boy Scouts of America and                                 :    Case No. 20-10343 (LSS)
Delaware BSA, LLC,[1]                                     :
                                                          :    (Jointly Administered)
                                        Debtors.          :    **Objection Deadline: July 8, 2020 at 4:00 p.m.**
                                                          :    **Hearing Date: July 9, 2020**
--------------------------------------------------------- X

### FIRST INTERIM FEE APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, FOR THE PERIOD FROM MARCH 4, 2020 THROUGH AND INCLUDING APRIL 30, 2020

| | |
|---|---|
| **Name of Applicant:** | Kramer Levin Naftalis & Frankel LLP |
| **Name of Client:** | Counsel to the Official Committee of Unsecured Creditors of Boy Scouts of America And Delaware BSA, LLC |
| **Time Period Covered by this Application:** | March 4, 2020 through April 30, 2020 |
| **Total Compensation Sought This Period:** | $1,082,328.50[2] |
| **Total Expenses Sought This Period:** | $27,392.54[3] |
| **Petition Date:** | February 18, 2020 |
| **Retention Date:** | May 11, 2020 *nunc pro tunc* to March 4, 2020 |
| **Date of Order Approving Employment:** | May 11, 2020 |
| **Total Compensation Approved by Interim Order to Date:** | N/A |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Kramer Levin voluntarily reduced its fees by $84,787.00 during the Compensation Period.

[3] Kramer Levin voluntarily reduced its expenses by $5,972.43 during the Compensation Period, both voluntarily and in accordance with the Local Rules of Bankruptcy Procedure for the District of Delaware.

| | |
|---|---|
| **Total Expenses Approved by Interim Order to Date:** | N/A |
| **Total Allowed Compensation Paid to Date:** | N/A |
| **Total Allowed Expenses Paid to Date:** | N/A |
| **Blended Rate in this Application for All Attorneys:** | $995.10 |
| **Blended Rate in this Application for All Timekeepers:** | $955.95 |
| **Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed:** | N/A |
| **Expenses Sought in This Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed:** | N/A |
| **Number of Professionals Included in This Application:** | 17 |
| **If Applicable, Number of Professionals in this Application Not Included in Staffing Plan Approved By Client:** | N/A |
| **If Applicable, Difference in Fees Budgeted and Compensation Sought for this Period:** | $165,946.50 below budgeted amount |
| **Number of Professionals Billing Fewer than 15 Hours to the Case During this Period:** | 4 |
| **Are any Rates Higher Than Those Approved or Disclosed at Retention?** | No |

This is an: _X_ interim __ final application.

The total time expended during the Compensation Period for fee application preparation is approximately 43.10 hours and the corresponding compensation requested is approximately $25,512.00.

## SUMMARY OF PROFESSIONALS FOR THE COMPENSATION PERIOD

| Name of Professional Person | Year of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[4] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Mayer, Thomas Moers | 1982 | **Partner** Creditors' Rights (Since 1998) | $1,500.00 | 86.00 | $129,000.00 |
| Rogoff, Adam C. | 1989 | **Partner** Creditors' Rights (Since 2009) | $1,375.00 | 62.10 | $85,387.50 |
| Holob, Marissa J. | 2001 | **Partner** Employee Benefits (Since 2018) | $1,150.00 | 13.90 | $15,985.00 |
| Ringer, Rachael L. | 2011 | **Partner** Creditors' Rights (Since 2019) | $1,150.00 | 114.20 | $131,330.00 |
| McKay, Michael | 1983 | **Counsel** Corporate (Since 2019) | $1,100.00 | 64.30 | $70,730.00 |
| Hamerman, Natan | 2002 | **Counsel** Litigation (Since 2017) | $1,075.00 | 4.20 | $4,515.00 |
| Blabey, David E. | 2005 | **Counsel** Creditors' Rights (Since 2019) | $1,050.00 | 33.30 | $34,965.00 |
| Sharret, Jennifer | 2008 | **Special Counsel** Creditors' Rights (Since 2018) | $1,050.00 | 122.50 | $128,625.00 |
| Schumeister, Daniel | 2013 | **Associate** Litigation (Since 2012) | $1,015.00 | 22.80 | $23,142.00 |
| Avallone, Elisabeth B. | 2015 | **Associate** Real Estate (Since 2014) | $960.00 | 3.40 | $3,264.00 |
| Baranpuria, Priya | 2015 (NJ); 2016 (NY) | **Associate** Creditors' Rights (Since 2016) | $905.00 | 137.20 | $124,166.00 |
| Wasson, Megan | 2017 | **Associate** Creditors' Rights (Since 2016) | $840.00 | 185.30 | $155,652.00 |
| Hung, Sara | 2017 | **Associate** Corporate (Since 2017) | $905.00 | 64.80 | $58,644.00 |
| Friedrick, Matthew D. | 2019 | **Associate** Creditors' Rights (Since 2018) | $680.00 | 30.30 | $20,604.00 |

---

[4] This rate is Kramer Levin's regular hourly rate for legal services.  All hourly rates are adjusted by Kramer Levin on a periodic basis (the last such adjustment occurred on January 1, 2020).

| Name of Professional Person | Year of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[4] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Essner, Zoe | Not Yet Admitted | **Law Clerk** Creditors' Rights (Since 2020) | $585.00 | 113.00 | $66,105.00 |
| Almeda, Dominador E. | N/A | **Paralegal** Corporate (Since 2007) | $430.00 | 8.10 | $3,483.00 |
| Beck, Samuel | N/A | **Paralegal** Creditors' Rights (Since 2019) | $420.00 | 66.80 | $28,056.00 |
| | | | **Sub-Total** | 1132.20 | $1,083,653.50 |
| | | **Less 50% Non-Working Travel** | | ($1,325.00) | |
| | | | **TOTAL** | 1132.20 | $1,082,328.50 |

**Blended Rate:  $955.95**

## SUMMARY OF TIME BY BILLING
## CATEGORY FOR COMPENSATION PERIOD

| Task Code | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 073094-00001 | Case Administration | 52.20 | $49,829.50 |
| 073094-00002 | Committee Meetings and Communications | 190.00 | $190,440.50 |
| 073094-00004 | Automatic Stay | 18.30 | $21,478.50 |
| 073094-00005 | Bar Date, Noticing and Claims Reconciliation Issues | 1.30 | $1,092.00 |
| 073094-00007 | Plan/Disclosure Statement Issues | 25.50 | $24,982.50 |
| 073094-00008 | Tort Committee | 8.00 | $9,917.00 |
| 073094-00012 | Non-Profit Issues | 109.00 | $110,598.00 |
| 073094-00013 | Employee and Labor Issues | 117.40 | $114,709.50 |
| 073094-00015 | Executory Contracts and Leases | 0.20 | $210.00 |
| 073094-00016 | Collateral Review | 124.70 | $121,455.00 |
| 073094-00017 | Fee Statements and Applications | 43.10 | $25,512.00 |
| 073094-00018 | Cash Collateral | 86.20 | $83,462.50 |
| 073094-00019 | Motions | 114.30 | $111,843.00 |
| 073094-00020 | Committee Investigation | 33.90 | $29,580.00 |
| 073094-00021 | Hearings and Court Matters | 35.70 | $35,474.50 |
| 073094-00024 | Non-Working Travel | 2.00 | $2,650.00 |
| 073094-00025 | Professional Retention | 134.00 | $109,422.50 |
| 073094-00026 | Debtor Retention Applications | 6.60 | $7,561.00 |
| 073094-00027 | Schedules and Statements | 3.60 | $3,420.00 |
| 073094-00029 | Communications with Debtors | 26.20 | $30,015.50 |
| | **Sub-Total** | **1,132.20** | **$1,083,653.50** |
| | **Less 50% for Non-Working Travel** | **($1,325.00)** | |
| | **TOTAL** | **1,132.20** | **$1,082,328.50** |

## DISBURSEMENTS AND EXPENSES FOR COMPENSATION PERIOD

| Expense Category | Service Provider (if applicable) | Total Expenses[5] |
|---|---|---|
| Cab Fares | *See Attached Chart* | $150.00 |
| Color Copies | Kramer Levin | $217.80 |
| Court Call | Court Call | $529.50 |
| Lexis Online Research | Lexis | $11,007.92 |
| Meals/In-House | *See Attached Chart* | $60.00 |
| Photocopying | Kramer Levin | $262.70 |
| Telecommunications Charges | Kramer Levin | $4,366.89 |
| Transcript Fees | Reliable | $134.40 |
| UCC Searches | CT Lien Solutions | $2,299.67 |
| Westlaw Online Research | Westlaw | $8,363.66 |
| **TOTAL** | | **$27,392.54** |

---

[5] Kramer Levin reduced expenses by $5,972.43 during the Compensation Period voluntarily and in accordance with the local rules and U.S. Trustee Guidelines.

**SUMMARY OF MONTHLY FEE**
**APPLICATIONS FILED DURING THE COMPENSATION PERIOD**

| Date Filed | Period Covered | Requested Fees | Requested Expenses |
|---|---|---|---|
| June 9, 2020 [Dkt. No. 813] | March 4, 2020 – March 31, 2020 | $581,149.50 | $13,885.41 |
| June 24, 2020 [Dkt. No. 899] | April 1, 2020 – April 30, 2020 | $501,179.00 | $13,507.13 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
                                                          :
In re:                                                    :  Chapter 11
                                                          :
Boy Scouts of America and                                 :  Case No. 20-10343 (LSS)
Delaware BSA, LLC,[1]                                      :
                                                          :  (Jointly Administered)
                                  Debtors.                 :  **Objection Deadline: July 8, 2020 at 4:00 p.m.**
                                                          :  **Hearing Date: July 9, 2020**
------------------------------------------------------------ X

### FIRST INTERIM FEE APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES  INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, FOR THE PERIOD FROM MARCH 4, 2020 THROUGH AND INCLUDING APRIL 30, 2020

In accordance with the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Dkt. No. 341] (the "**Interim Compensation Order**"), Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**"), as counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") in the above-captioned proceedings (the "**Chapter 11 Cases**") of Boy Scouts of America and Delaware BSA, LLC as debtors and debtors in possession (collectively, the "**Debtors**"), hereby submits this first interim fee application (the "**Application**"), for the allowance of compensation for professional services performed by Kramer Levin for and on behalf of the Creditors' Committee for the period commencing March 4, 2020 through and including April 30, 2020 (the "**Compensation Period**"),

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "**Local Rules**"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**").  In support of this Application, Kramer Levin represents as follows:

## JURISDICTION

1.        The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.        The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

3.        Since its appointment, the Creditors' Committee played an active and important role in these Chapter 11 Cases, with its efforts during the Compensation Period primarily focused on: (1) reviewing and analyzing the relief sought in the "first day" motions filed by the Debtors, (2) negotiating issues related to the "first day" motions and subsequent orders, (3) negotiating a Protective Order that will govern the use of produced documents, (4) conducting a thorough review of the collateral pursuant to the prepetition secured credit facilities, and (5) analyzing and conducting legal research regarding potential estate assets and causes of action; and (6) conducting

legal research and analysis regarding rules, regulations, and limitations associated with non-profit corporations.

4.      The substantial efforts of the Creditors' Committee, occurring over the period of time represented by the Compensation Period, required significant resources of Kramer Levin for the benefit of the estate.  Kramer Levin conducted extensive negotiations with interested parties, researched relevant legal and factual issues involved, advised the Creditors' Committee on options and solutions to complex problems, and, when necessary, prepared to litigate unresolved issues. In addition, Kramer Levin worked diligently to ensure that the Creditors' Committee was appropriately informed of all case updates – either through weekly Creditors' Committee calls or through extensive and detailed near-daily e-mail reports to the Creditors' Committee.

5.      Accordingly, Kramer Levin respectfully submits that its services during the Compensation Period warrant approval of its requested fees and expenses.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

6.      This Application has been prepared in accordance with the U.S. Trustee Guidelines, and the Interim Compensation Order (collectively with the U.S. Trustee Guidelines, the "**Guidelines**").  Pursuant to the Guidelines, a certification of Rachael L. Ringer ("**Ringer Certification**") regarding compliance with the same is attached as **Exhibit 1** hereto.

7.      Kramer Levin seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $1,082,328.50 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $27,392.54. During the Compensation Period, Kramer Levin's attorneys and paraprofessionals expended a total of 1,132.20 hours in connection with the necessary services performed.

8.     There is no agreement or understanding between Kramer Levin and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

9.     The fees charged by Kramer Levin in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the *Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 for an Order Approving the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Counsel to the Creditors' Committee Nunc Pro Tunc to March 4, 2020* [Dkt. No. 481] (the "**Retention Application**").

10.     During the Compensation Period, Kramer Levin exercised its billing discretion and, as discussed in more detail below, voluntarily wrote off fees and expenses.  Kramer Levin's write-offs of fees and expenses resulted in savings to the Debtors' estates during the Compensation Period of $90,759.43.[2]

11.     A budget and staffing plan for the Compensation Period is attached hereto as **Exhibit 2** and includes a comparison to actual amounts.  During the Compensation Period, Kramer Levin's fees were approximately $165,946.50 below the budgeted amount[3].

12.     Kramer Levin's rates in these Chapter 11 Cases are consistent with the rates charged by Kramer Levin to its non-bankruptcy clients.  These rates are similar to the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national legal market.  Pursuant to the Guidelines, **Exhibit 3**

---

[2] This amount does not include reductions for non-working travel, which is billed at 50%.

[3] A non-itemized budget was provided to the Debtors and other case constituents in connection with the negotiation of the Cash Collateral Order (defined herein).  An itemized budget was sent to the Creditors' Committee and is included herein.  Kramer Levin confirms that the fees sought in this Application are not more than 10% higher as compared to the non-itemized budget.

discloses the blended hourly rates for all non-bankruptcy timekeepers in the New York office of Kramer Levin and the blended hourly rates for timekeepers who billed to the Creditors' Committee during the Compensation Period.

13.     As required by the U.S. Trustee Guidelines, annexed hereto as **Exhibit 4** is a schedule setting forth all Kramer Levin professionals and paraprofessionals who performed services in these Chapter 11 Cases during the Compensation Period, the capacities in which such individuals are employed by Kramer Levin, the hourly billing rates of such individuals, and the aggregate number of hours expended and fees billed by such individuals.

14.     As required by the U.S. Trustee Guidelines, annexed hereto as **Exhibit 5** is a summary of Kramer Levin's time billed during the Compensation Period, broken down by project categories, as hereinafter described. Annexed hereto as **Exhibit 6** is Kramer Levin's time detail for the Compensation Period.

15.     Annexed hereto as **Exhibit 7** is a schedule specifying the categories of expenses for which Kramer Levin is seeking reimbursement and the total amount for each expense category for the Compensation Period.

16.     Annexed hereto as **Exhibit 8** is an itemized detail of meal and travel expenses, which are part of the expenses for which Kramer Levin is seeking reimbursement.

17.     On June 9, 2020, Kramer Levin filed the First Monthly Fee Application of Kramer Levin Naftalis & Frankel LLP, Counsel to the Official Committee of Unsecured Creditors, for the period March 4, 2020 through March 31, 2020 [Dkt. No. 318] (the "**First Monthly Fee Application**") seeking fees in the total amount of $581,149.50 and expenses in the total amount of $13,885.51.  On June 24, 2020, Kramer Levin filed the Second Monthly Fee Application of Kramer Levin Naftalis & Frankel LLP, Counsel to the Official Committee of Unsecured Creditors

for the period April 1, 2020 through April 30, 2020 [Dkt. No. 899] (the "**Second Monthly Fee Application**" and together with the First Monthly Fee Application, the "**Monthly Fee Applications**") seeking fees in the total amount of $501,179.00 and expenses in the total amount of $13,507.13.

18.    The Monthly Fee Applications contain detailed time logs describing the actual and necessary services provided by Kramer Levin during the Compensation Period, as well as other detailed information required to be included in fee applications.  The Monthly Fee Applications are incorporated herein by reference.

19.    Prior to filing this Application, Kramer Levin provided the Creditors' Committee with a copy of the Application.  To date, the Creditors' Committee has not objected to the requested amount.

## BACKGROUND

20.    On February 18, 2020 (the "**Petition Date**"), the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code in this Court.  The Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases were consolidated for procedural purposes only and were jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

21.    On March 4, 2020, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), pursuant to sections 1102(a) and (b) of title 11 of the Bankruptcy Code, appointed the Creditors' Committee to serve as the Creditors' Committee for each Debtor and to represent the interests of all unsecured creditors in these Chapter 11 Cases.  The members appointed to the Creditors' Committee were: (i) Pension Benefit Guaranty Corporation, (ii) Girl Scouts of the

United States of America, (iii) Roger A. Ohmstede, (iv) Pearson Education, Inc. and (v) Lion Brothers Company, Inc.  At a meeting held the same day, the Creditors' Committee selected Kramer Levin to serve as its counsel.

22.    On April 23, 2020, Kramer Levin filed its Retention Application. On May 11, 2020, the Court entered the *Order Approving the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Counsel to the Creditors' Committee Nunc Pro Tunc to March 4, 2020* [Dkt. No. 607] (the "**Retention Order**").

## SUMMARY OF LEGAL SERVICES RENDERED

23.    As summarized herein, Kramer Levin and the Creditors' Committee's other professionals were required to expend substantial time and effort during the Compensation Period assisting the Creditors' Committee in the fulfilment of its statutory duties and responsibilities. The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in **Exhibit 6**.  Rather, the following summary highlights certain areas in which services were rendered to the Creditors' Committee and identifies some of the issues to which Kramer Levin devoted significant time and effort during the Compensation Period.

24.    The summary is divided according to the project billing codes, which were created by Kramer Levin to best reflect the categories of tasks that it was required to perform in connection with these Chapter 11 Cases.    Nevertheless, under the circumstances, and given the interconnectedness of the issues in these Chapter 11 Cases, certain of these categories may overlap with others.[4]

---

[4] The fees and hours for each matter listed below reflect the voluntary write-offs and reductions of the Monthly Fee Applications discussed above.

A.    **Case Administration**
      **Kramer Levin Billing Code: 1**
      **(Fees: $49,829.50 / Hours Billed: 52.20)**

25.    In light of the size and complexity of these cases, Kramer Levin was required to expend meaningful time during the Compensation Period in connection with the initial organization of the Creditors' Committee and matters related thereto.  In addition, Kramer Levin devoted time to various administrative tasks necessary to assist the Creditors' Committee in efficiently fulfilling its statutory oversight role, including, but not limited to: maintaining work-in-progress reports and work streams; internal organizational meetings; monitoring calendars of critical dates; preparing materials for internal distribution; obtaining filed pleadings and maintaining case folders of the same; and routine communications and correspondences regarding case status both internally and with Reed Smith LLP and/or AlixPartners (collectively, the "**Creditors' Committee Professionals**")

26.    In connection with these procedures, Kramer Levin also worked with Omni Agent Solutions to establish a website making non-confidential case information accessible to general unsecured creditors.

27.    This matter also includes time spent drafting the Creditors' Committee's by-laws and the Creditors' Committee's Rule 2019 motion [Dkt. No. 484].

28.    In performing the above tasks, to conserve costs, Kramer Levin utilized paraprofessionals whenever possible to perform non-legal administrative tasks.  Such paraprofessional fees were incurred directly in connection with the administration of the case and were necessary and appropriate in connection with the Creditors' Committee's role in these Chapter 11 Cases.

**B.    Committee Meetings and Communications**
       **Kramer Levin Billing Code: 2**
       **(Fees: $190,440.50 / Hours Billed: 190.00)**

29.    Given the high level of activity during the Compensation Period, the Creditors'
Committee held Creditors' Committee telephonic meetings at least once a week.  The general
purpose of meetings with the Creditors' Committee was to keep Creditors' Committee members
informed of developments and current issues in these Chapter 11 Cases, and to discuss, analyze,
and vote on Creditors' Committee positions with respect to matters requiring the Creditors'
Committee's input.  Creditors' Committee meetings required significant preparation by Kramer
Levin professionals and typically lasted approximately one hour.

30.    Kramer Levin coordinated with Creditors' Committee Professionals prior to these
meetings, on tasks including drafting and setting agendas and preparing and reviewing materials.
Kramer Levin also took notes throughout each meeting and maintained meeting minutes, which
were subsequently approved by the Creditors' Committee.

31.    Creditors' Committee meetings also often required internal pre and post-meeting
conferences to prepare for Creditors' Committee calls and/or to discuss follow-up items that arose
on such calls.  Frequently, due to the number and complexity of items on the agenda for a given
Creditors' Committee meeting, the participation of multiple professionals (including from multiple
legal fields) was frequently necessary to either address agenda items and/or ensure that Kramer
Levin could be responsive to Creditors' Committee members' questions as they arose.

32.    Kramer Levin also had numerous conference calls and emails with individual
Creditors' Committee members and Creditors' Committee advisors (often on a near-daily basis)
to address any issues that arose and discuss developments related to the Chapter 11 Cases.

33.    In addition, on an almost daily basis Kramer Levin provided the Creditors'
Committee with detailed e-mail updates of recently filed pleadings, case issues and other items

- 9 -

and real-time updates relevant to the Chapter 11 Cases. The update e-mails often included (i) analyses conducted by Creditors' Committee Professionals of relief requested by the Debtors or documents that were the subject of negotiations with the Debtors or other parties-in-interest and (ii) recommendations as to how the Creditors' Committee should proceed with respect to pending motions or negotiations.

**C.      Automatic Stay**
        **<u>Kramer Levin Billing Code: 4</u>**
        **(Fees: $21,478.50 / Hours Billed: 18.30)**

34.      During the Compensation Period, Kramer Levin reviewed and responded to issues in connection with the Debtors' proposed preliminary injunction extension, including negotiating the consensual preliminary injunction order and the stipulation allowing the Creditors' Committee to intervene in the adversary proceeding.

35.      Additionally, Kramer Levin reviewed and responded to issues related to motions to lift the automatic stay.

**D.      Bar Date, Noticing and Claims Reconciliation Issues**
        **<u>Kramer Levin Billing Code: 5</u>**
        **(Fees: $1,092.00 / Hours Billed: 1.30)**

36.      During the Compensation Period, Kramer Levin services performed in connection with this category relate to reviewing and responding to the Debtors' bar date noticing presentation.

**E.      Plan/Disclosure Statement Issues**
        **<u>Kramer Levin Billing Code: 7</u>**
        **(Fees: $24,982.50 / Hours Billed: 25.50)**

37.      Throughout the Compensation Period, Kramer Levin devoted time and resources to reviewing and responding to issues in connection with the Debtors' motion to begin mediation, including mediation procedures and selection of mediators, and discussions with other key case constituencies as to potential mediators and a potential mediation process.

38.     The matter also includes time spent reviewing and responding to issues in connection with the Debtors' motion with respect to potential disputes concerning identified property, which was originally set for hearing on March 24, 2020, and was subsequently adjourned.

## F.     Tort Committee Communications
**Kramer Levin Billing Code: 8**
**(Fees: $9,917.00 / Hours Billed: 8.00)**

39.     Throughout the Compensation Period, Kramer Levin participated in meetings with the Tort Claimants' Committee, as well as regular calls regarding the status of these Chapter 11 Cases and pending issues.   These communications helped to coordinate efforts between the Creditors' Committee and the Tort Claimants' Committee regarding case issues to minimize duplication and ensure case efficiency.

## G.     Non-Profit Issues
**Kramer Levin Billing Code: 12**
**(Fees: $110,598.00 / Hours Billed: 109.00)**

40.     During the Compensation Period, Kramer Levin devoted significant time and resources to conducting legal research and analysis regarding rules, regulations, and limitations associated with non-profit corporations.   This matter also includes times spent reviewing documents in connection with donor-restricted assets as part of the Creditors' Committee's analysis of property of the estate.

## H.     Employee and Labor Issues
**Kramer Levin Billing Code: 13**
**(Fees: $114,709.50 / Hours Billed: 117.40)**

41.     The Creditors' Committee professionals prepared an extensive analysis of the Boy Scouts of America Retirement Benefit Restoration Plan (the "**Restoration Plan**").   In connection with its review of the Restoration Plan, Kramer Levin performed legal research and analysis regarding issues relating to the Restoration Plan, and answering questions from creditors regarding

the Restoration Plan and the impact of case developments on the Restoration Plan.  Kramer Levin conducted diligence on, and participated in numerous calls regarding the Restoration Plan with Creditors' Committee Professionals and the Debtors.

**I.      Executory Contracts And Leases**
**Kramer Levin Billing Code: 15**
**(Fees: $210.00 / Hours Billed: 0.20)**

42.      During the Application Period, Kramer Levin spent time reviewing the Debtors' correspondence related to the Pearson Professional Services Agreement with the Debtors.

**J.      Collateral Review**
**Kramer Levin Billing Code: 16**
**(Fees: $121,455.00 / Hours Billed: 124.70)**

43.      Throughout the Compensation Period, Kramer Levin conducted a review of the collateral pledged pursuant to the prepetition secured credit facilities, including an analysis of the status of lien perfection and an analysis of related credit documents.   Kramer Levin additionally synthesized its findings and identified unencumbered assets and potential claims.

44.      This matter also includes numerous internal discussions and meetings regarding the collateral review investigations.  Kramer Levin also discussed the collateral review investigations with AlixPartners and counsel to the Tort Claimants' Committee and counsel to the Future Claimants' Representative.

**K.      Fee Statements and Applications**
**Kramer Levin Billing Code: 17**
**(Fees: $25,512.00 / Hours Billed: 43.10)**

45.      Throughout the Compensation Period, Kramer Levin worked to ensure that its applications for compensation submitted in these Chapter 11 Cases complied in all respects with local rules and the U.S. Trustee Guidelines.  This included reviewing the applications and time entries to ensure that confidential information was not inadvertently disclosed, and that privilege remained intact in the descriptions of work conducted, and that fees remained in line with budget

forecasts.  In addition, Kramer Levin exercised its billing discretion, and wrote off certain fees and expenses where warranted.  In performing the above tasks, to conserve costs, Kramer Levin utilized paraprofessionals whenever possible to perform non-legal administrative tasks.

**L.**     **Cash Collateral**
        **Kramer Levin Billing Code: 18**
        **(Fees: $83,462.50 / Hours Billed: 86.20)**

46.     Kramer Levin spent a substantial amount of time during the Compensation Period: (i) reviewing the cash collateral motion; (ii) reviewing the proposed interim cash collateral order, and proposed final cash collateral order; and (iii) analyzing and negotiating issues in connection with the proposed final cash collateral order and communicating internally and with other case parties regarding the same.

47.     In furtherance of those efforts, Kramer Levin also drafted an objection to relief sought in the Cash Collateral Motion, researched related legal issues, discussed these issues with the Creditors' Committee, and proposed modifications to the Cash Collateral Order in order to resolve the Creditors' Committee's potential objections.  The Creditors' Committee ultimately agreed to consensual modifications to the order prior to the hearing, avoiding the need to file and litigate the objection(s).

**M.**    **Motions**
        **Kramer Levin Billing Code: 19**
        **(Fees: $111,843.00 / Hours Billed: 114.30)**

48.     At the outset of this case, Kramer Levin dedicated a significant amount of time in connection with the Debtors' package of "first day" motions.  This included time reviewing and analyzing the relief sought in the motions filed by the Debtors, researching legal issues related to the motions, summarizing issues to communicate to the Creditors' Committee, and coordinating with the Debtors, the Tort Claimants' Committee, and U.S. Trustee to consensually resolve issues related to the "first day" motions and subsequent orders.  In addition, time under this matter

includes attention to other motions filed during the Compensation Period, including time spent researching related legal issues and corresponding with the Debtors to ensure that the interests of unsecured creditors are protected as the cases progress.

49.    Kramer Levin also prepared and filed a motion seeking a court order establishing certain procedures to ensure compliance with section 1102 of the Bankruptcy Code, specifically regarding the dissemination of confidential and/or privileged information [Dkt. 468]. During the Compensation Period, Kramer Levin also dedicated substantial time commenting and engaged in substantial negotiations over a protective order that will govern the use of produced documents. In furtherance of these efforts, Kramer Levin drafted and filed a joinder in support of the protective order.

**N.    Committee Investigation**
**Kramer Levin Billing Code: 20**
**(Fees: $29,580.00 / Hours Billed: 33.90)**

50.    Kramer Levin spent significant time organizing and reviewing data room documents, developing a diligence request list in connection with the Creditors' Committee's investigation of estate claims and assets.  In accordance with the Committee's fiduciary duties, Kramer Levin spent time during the First Interim Fee Period reviewing documents provided by the Debtors, and conducting legal research and analysis regarding potential estate causes of action.

51.    Throughout the Compensation Period, Kramer Levin held regular internal meetings to discuss strategy for conducting the investigation in an efficient and effective manner as well as communications with AlixPartners.

**O.    Hearings And Court Matters**
**Kramer Levin Billing Code: 21**
**(Fees: $35,474.50 / Hours Billed: 35.70)**

52.    During the Compensation Period, Kramer Levin spent time preparing for and participating at the following hearings: (i) the status conference on March 19, 2020; (ii) the

"Second Day" hearing on March 24, 2020; (iii) the bench ruling on the Preliminary Injunction

Motion on March 30, 2020; (iv) the April 15, 2020 omnibus hearing; and (v) the status conference

on April 29, 2020.

53.     Due to the number and complexity of the items on an agenda for a given hearing,

Kramer Levin frequently needed multiple professionals to attend court hearings and status

conferences.  Each of the professionals attending a court hearing for a particular matter were

necessary to ensure that Kramer Levin could appropriately and promptly respond to questions from

the Court or issues raised by other parties-in-interest.

**U.     Non-Working Travel**
**Kramer Levin Billing Code: 24**
**(Fees: $1,325.00 / Hours Billed: 1)**

54.     During the Compensation Period, Kramer Levin traveled from Wilmington,

Delaware to New York, New York from the Creditors' Committee formation meeting.  All fees

incurred related to non-working travel during the Compensation Period have been reduced by 50%.

**V.     Professional Retention**
**Kramer Levin Billing Code: 25**
**(Fees: $109,422.50 / Hours Billed: 134.00)**

55.     This matter includes time spent in connection with Kramer Levin's retention

application [Dkt. No. 481].  Specifically, Kramer Levin spent time drafting its retention application,

reviewing disclosures, and otherwise expending efforts to ensure compliance with the Guidelines.

To the greatest extent possible, Kramer Levin utilized paraprofessionals to complete administrative

tasks related to the completion of its retention application.  An order approving Kramer Levin's

employment and retention was entered by the Court on May 11, 2020 [Dkt. No. 607].

56.     In addition, Kramer Levin expended time and effort during the Compensation Period

working with the other Creditors' Committee's Professionals, Reed Smith and AlixPartners, to

prepare their respective retention applications [Dkt. Nos. 482 and 483] and ensure compliance with the Guidelines.

**W.   Debtor Retention Applications**
**Kramer Levin Billing Code: 26**
**(Fees: $7,561.00 / Hours Billed: 6.60)**

57.   At the commencement of these Chapter 11 Cases, Kramer Levin expended time and effort reviewing the Debtors' various applications to retain counsel and other professionals, including its applications to retain (i) Sidley Austin LLP, (ii) Morris, Nichols, Arsht & Tunnel LLP, (iii) Alvarez & Marsal, Holdings, LLC, (iv) Ogletree, Deakins, Nash, Smoak & Stewart, P.C., (v) Haynes & Boone, LLP, and (vi) KCIC, LLC.  Such review was necessary to ensure that these applications complied with applicable legal requirements, and that the proposed professionals were necessary to the Debtors' continued operations during these cases and would not lead to unnecessary expenditure of assets of the estate, to the detriment of unsecured creditors.

58.   This matter includes time spent reviewing and analyzing the extensive filings related to Century Indemnity Company's objection to Sidley Austin LLP's retention as Debtors' counsel.

**X.   Schedules And Statements**
**Kramer Levin Billing Code: 27**
**(Fees: $3,420.00 / Hours Billed: 3.60)**

59.   On April 8, 2020, the Debtors filed their Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**").  During the Compensation Period, Kramer Levin (i) reviewed and analyzed the SOFAs and Schedules filed by the Debtors and (ii) coordinated with AlixPartners to prepare a presentation on the SOFAs and Schedules for the Creditors' Committee.

**Y.   Communications With The Debtors**
**Kramer Levin Billing Code: 29**
**(Fees: $30,015.50 / Hours Billed: 26.20)**

60.     During the Application Period, Kramer Levin services performed in connection with this category relate to, *inter alia*: (i) engaging in frequent telephone and email communications with the Debtors' advisors regarding case issues; and (ii) attending diligence presentations hosted by the Debtors.

61.     Throughout the Compensation Period, Kramer Levin prepared for and participated in numerous telephonic meetings, and engaged in frequent telephone and email communications with the Debtors' advisors to discuss important matters in these Chapter 11 Cases.  This included a diligence presentation on March 19, 2020 and a financial forecast presentation on April 28, 2020 hosted by the Debtors.  These communications helped coordinate efforts between the Creditors' Committee and Debtors, where appropriate, and facilitate the exchange of information, especially the impact of the COVID-19 pandemic to the Debtors' business.

## STATEMENT OF KRAMER LEVIN

62.     The foregoing professional services performed by Kramer Levin were appropriate and necessary for the effective administration of these Chapter 11 Cases. All services rendered were in the best interests of Creditors' Committee, the Debtors and the Debtors' estates. Compensation for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.  The professional services were performed in an appropriately expeditious and efficient manner.

63.     The majority of the services performed by Kramer Levin were rendered by Kramer Levin's Corporate Restructuring and Bankruptcy Group. Kramer Levin has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings.  The attorneys at Kramer Levin have represented debtors or creditor's committee in many chapter 11 cases.  In addition, due to the facts and circumstances of these Chapter 11

- 17 -

Cases, attorneys from Kramer Levin's corporate practice group, as well as attorneys in other specialized areas as necessary, were involved with Kramer Levin's representation of the Creditors' Committee. Overall, Kramer Levin brings a particularly high level of skill and knowledge which has inured to the benefit of the Creditors' Committee and all stakeholders.

64.     The professional services performed by Kramer Levin on behalf of the Creditors' Committee during the Compensation Period required an aggregate expenditure of 1,132.20 recorded hours by Kramer Levin's partners, counsel, associates, law clerks and paraprofessionals. Of the aggregate time expended during the Compensation Period, 276.20 recorded hours were expended by partners, 224.30 recorded hours were expended by counsel, 556.80 recorded hours were expensed by associates, and 74.90 recorded hours were expended by paraprofessionals and other timekeepers of Kramer Levin.

65.     Kramer Levin's 2020 hourly billing rates for attorneys working on these Chapter 11 Cases ranged from $585 to $1,500.00.   For the Compensation Period, allowance of compensation in the amount requested will result in a total blended hourly billing rate (including paraprofessionals) of approximately $955.95.  Such fees are reasonable relative to the customary compensation received by Kramer Levin from non-bankruptcy clients and by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.

66.     As set forth in **Exhibit 7** hereto, Kramer Levin has disbursed $27,392.54 as expenses incurred in providing professional services during the Compensation Period.  Pursuant to Kramer Levin policy (which Kramer Levin submits is consistent with that of other New York City law firms), Kramer Levin pays certain expenses of professionals who work past 8:00 p.m. and on weekends and holidays in the service of its clients.  These expenses include meal charges and car fares.  While the U.S. Trustee Guidelines permit late-working professionals to use a car

service, Kramer Levin has voluntarily limited its request for reimbursement to $75 per trip to the extent that any such car fare exceeded this limit. Consistent with the U.S. Trustee Guidelines, Kramer Levin has also voluntarily reduced its request for reimbursement for late-working professionals' meal charges to $20 per meal to the extent that such meal charges were in excess of this limit.

67.     Pursuant to Local Rule 2016-2, Kramer Levin certifies that copying are charged at $0.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

68.     These charges are intended to cover Kramer Levin's direct operating costs, which costs are not incorporated into Kramer Levin's hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit 7** are separately charged for such services.

69.     Furthermore, Kramer Levin voluntarily determined not to seek reimbursement for various other expenses typically paid by Kramer Levin's other clients.  In total, Kramer Levin's requested expenses reflect a reduction of $5,972.43 in expenses incurred during the Compensation Period.

70.     Kramer Levin made every effort to minimize its disbursements in these cases.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Creditors' Committee.

**THE BASIS FOR THE RELIEF REQUESTED**

71.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional

employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . , the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

72.    Kramer Levin respectfully submits that pursuant the standards regularly applied to fee awards under sections 330 and 331 of the Bankruptcy Code, that the amount of compensation requested during the Compensation Period is "reasonable" considering the nature, extent and value of the professional services performed during the Chapter 11 Cases.  Kramer Levin's compliance with the *Johnson* factors is delineated below:

(a)    *The Time and Labor Required*.  The professional services rendered by Kramer Levin on behalf of the Creditors' Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and

expertise.   The fees sought in this Application reflect an aggregate of hours expended by Kramer Levin attorneys and paraprofessionals performing services necessary and beneficial to the estate for the Compensation Period.   Work was carefully assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task and without unnecessary duplication.

(b)     *The Novelty and Difficulty of Questions*.   These Chapter 11 Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues.   Kramer Levin believes that numerous issues in these cases have been complex and challenging.

(c)      *The Skill Required to Perform the Legal Services Properly*.   The professionals primarily working on this matter are specialists in bankruptcy and related areas of practice.   Kramer Levin contends that professionals without such expertise would have expended many more hours addressing the issues raised in these Chapter 11 Cases thus far, with far less success.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. The time demands of general representation of the Creditors' Committee in these cases resulted in many of the Kramer Levin attorneys working either completely or almost completely full-time on this matter.   While no large-scale reassignment of work has been required to properly represent the Creditors' Committee, this representation did consume a significant amount of time and preclude attorneys from taking on additional work for other clients.

(e)     *The Customary Fee*.   The rates charged by Kramer Levin for these services are reasonable relative to rates charged by Kramer Levin to non-bankruptcy clients and other professionals of comparable skill and competence in New York City.   Kramer Levin has diligently undertaken to minimize costs to the Debtors' estates while still ensuring that the Creditors' Committee receives the highest quality representation.

(f)     *Whether the Fee is Fixed or Contingent*.   Kramer Levin's fees are neither fixed nor contingent other than on the contingency of allowance by the Court and availability of assets for payment.   Fees are based on the actual total number of hours worked, less hours written off, plus actual expenses incurred.

(g)     *Time Limitations Imposed by Client or other Circumstances*.   The representation of a creditors' committee in a chapter 11 case is inherently time sensitive, particularly in the first few months of a proceeding such as this one in which time is of the essence.   Kramer Levin was required to provide capable representation within the time limitations imposed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, counsel for various parties-in-interest, and this Court.

(h)     *The Amount Involved and Results Obtained*.   Kramer Levin has assisted the Creditors' Committee in all facets of these cases.   Kramer Levin believes that the

- 21 -

information contained herein and in the attached exhibits, as well as the record in these proceedings, support the reasonableness of its requested compensation.

(i)    *The Experience, Reputation and Ability of the Attorneys*.  Kramer Levin's partners, counsel and associates have regularly appeared in significant representations over many years, including bankruptcy cases throughout the United States.

(j)    *The Undesirability of the Case*.  Kramer Levin has not found this case to be undesirable, but rather, considers the issues raised in this case to be interesting and of the type that Kramer Levin is well-suited to adequately address.

(k)    *Nature and Length of Professional Relationship*. As noted in the Application, Kramer Levin began its representation of the Creditors' Committee as of March 4, 2020.

(l)    *Awards in Similar Cases*.  Based on Kramer Levin's experience, the fees requested herein are commensurate with fees allowed in proceedings of similar scope for the services rendered.

73.    Based on an application of the above factors and its compliance with the Guidelines, Kramer Levin respectfully submits that approval of the compensation sought herein is warranted.

## CREDITORS' COMMITTEE MEMBER EXPENSE REIMBURSEMENT REQUESTS

74.    Attached hereto as **Exhibit 9** are the Creditors' Committee member expense reimbursement forms for the Compensation Period in the total amount of $768.30.

75.    The expenses were incurred by the Creditors' Committee members in connection with their duties as members of the Creditors' Committee (the "**Creditors' Committee Member Expenses**"), and were necessary to permit the effective performance of the members' duties under section 1103 of the Bankruptcy Code, and are thus reimbursable from the Debtors estates. *See* 11 U.S.C. § 503(b)(3)(F).

**NOTICE**

76.     In accordance with the Interim Compensation Order, notice of the Application has been served upon each of the Notice Parties (including via regular or overnight mail on the U.S. Trustee).

**NO PRIOR REQUEST**

77.     No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, Kramer Levin respectfully requests that the Court enter an order (i) awarding Kramer Levin the allowance of (a) fees for the Compensation Period in the amount of $1,082,328.50 and (b) reimbursement for actual and necessary expenses Kramer Levin incurred during the Compensation Period in the amount of $27,392.54; (ii) authorizing and directing the Debtors to pay Kramer Levin all unpaid fees and expenses for the Compensation Period; (iii) authorizing and directing the Debtors to pay the Creditors' Committee Member Expenses in the total amount of $768.30; and (iv) granting such other relief as is just and proper.

[*Signature Page to Follow*]

Dated: June 24, 2020          Respectfully submitted,
      New York, NY

By:    */s/ Rachael L. Ringer*
       Thomas Moers Mayer, Esquire
       Rachael Ringer, Esquire
       Jennifer R. Sharret, Esquire
       Megan M. Wasson, Esquire
       KRAMER LEVIN NAFTALIS
        & FRANKEL LLP
       177 Avenue of the Americas
       New York, NY 10036
       Telephone: (212) 715-9100
       Facsimile: (212) 715-8000
       E-mail: tmayer@kramerlevin.com
       E-mail: rringer@kramerlevin.com
       E-mail: jsharret@kramerlevin.com
       E-mail: mwasson@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*