# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 9, 2020 at 10:00 a.m. (ET)**<br>**Obj. Deadline: July 2, 2020 at 4:00 p.m. (ET)** |

## LIANFEN QIAN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED AGAINST INSURANCE POLICIES

Lianfen Qian ("**Creditor**"), by and through undersigned counsel, and pursuant to sections 105(a), 362(d) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 4001, to permit her to proceed in her claim against the insurance policies covering the Debtors, and asserts as follows:

## FACTUAL BACKGROUND

1. On or about June 28, 2019, Creditor was injured on the premises owned by the Debtor from which Creditor suffered bodily injuries.

2. At the time of the incident the Debtor was covered by one or more insurance policies, including Evanston Insurance Company.

3. On February 18, 2020, the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code triggering the automatic stay pursuant to § 362(a) of the Bankruptcy Code.[2] Upon information and belief, insurance coverage is available to the Debtor and applicable to the claims asserted by the Creditor that would inure to the benefit of the Creditor.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits together with the last four digits of each Debtor's federal tax identification number are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing is 1325 West Walnut Hill Lane, Irving Texas 75038.

[2] 11 U.S.C.§§ 101, *et seq.*

4.  At the time of the bankruptcy filing, the Creditor had made demand upon the Debtor but had not yet filed suit. Negotiations had commenced with the insurance carrier.

5.  It would be in the interest of all parties for the Movant to be able to secure a recovery from any available insurance proceeds.

6.  There would be no prejudice in lifting the automatic stay to proceed against any insurance policies and collect to the limited extent of any insurance coverage maintained by the Debtor.

7.  For the foregoing reasons, the Creditor requests that the automatic stay be lifted for proceeding and collecting against, and only to the extent of available, applicable insurance policies, including but not limited to Evanston Insurance Company.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this proceeding pursuant to title 28 of the United States Code §§ 1334(b) and 157(a). Venue is proper pursuant to title 28 of the United States Code §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

9.  The automatic stay does not apply to third parties, which includes insurers, the non-debtor insurer is not protected by the automatic stay, *see In re Veeco Investment Co. L.P.,* 157 B.R. 452 (Bankr. E.D. Miss. 1993), as is the case here. However, in an abundance of caution Creditor is seeking relief from the automatic stay to pursue her claims against the Debtor's insurers.

10. Section 362(d)(1) of the Bankruptcy Code vests this Court with authority to grant relief from the automatic stay "for cause."

11. The test to determine whether the automatic stay should be lifted to allow continuation is whether: (a) any "great prejudice" to either the bankrupt estate or the debtor will

result from continuation of the civil suit; (b) the hardship to the plaintiff by maintenance of the stay considerably outweighs the hardship to the debtor; and (c) the creditor plaintiff has a probability of prevailing on the merits of this case. *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D.Fla. 1990) (internal citations omitted). Of predominate importance in these decisions have been the hardships to the plaintiff of protracted litigation and the expense of time and money to the debtor in defending these actions.

12. The Debtor suffers no hardship, because the Creditor is proceeding against the third-party insurer and the Debtor is not required to defend, pay any defense costs, or any part of the ultimate resolution.

13. In addition, the insurance policies covering this claim are not property of the estate as the any pecuniary benefit from a payout by the insurer does not inure to the Debtor nor would the payout increase or decrease the estate. The payout from the Evanston Insurance Company, and any other potential policy would only benefit the Creditor who was harmed in the incident. *See Scott Wetzel Services, Inc*., 243 B.R. 802 (Bankr. M.D. Fla. 1999) (*citing Matter of Edgeworth*, 993 F. 2d 51, 55 (5th Cir. 1993)).

## **WAIVER OF BANKRUPTCY RULE 4001(a)(3)**

14. Bankruptcy Rule 4001(a)(3) provides that an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order, however, the Court may order otherwise. Here, Creditor submits that the immediate modification of the automatic stay to allow her to proceed and collect against applicable insurance policies of the Debtors is in the best interests of the Debtors' estates and those of other stakeholders. Moreover, granting Creditor immediate relief from the automatic stay in this situation will not

prejudice any party. Therefore, the Court should grant Creditor relief from the automatic stay immediately upon entry of its order.

## NOTICE

15.  Pursuant to Local Rule 4001-1(a), as applicable to a personal injury claimant, this Motion has been served on the following parties: (a) counsel for the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel for the Official Committee of Unsecured Creditors; (d) counsel for the Official Committee of Tort Claimants; (e) counsel for the Prepetition Secured Lenders, and (f) counsel for Evanston Insurance Company.

**WHEREFORE**, Creditor, Lianfen Qian, respectfully requests that this Court enter an order: (i) granting this Motion; (ii) granting relief from the automatic stay for Lianfen Qian to proceed in her claims against the Evanston Insurance Company, and any other insurance policy covering the damages and injuries from the incident and limiting recovery against the Debtor solely to the extent of available insurance; and (iii) granting such other and further relief as this Court deems just and proper.

[*Signature follows*]

Wilmington, Delaware  
Date: June 25, 2020

**BLANK ROME LLP**

By: */s/ Regina Stango Kelbon*  
Regina Stango Kelbon (DE No. 5444)  
1201 N. Market Street, Suite 800  
Wilmington, Delaware 19801  
Telephone: (302) 425-6400  
Facsimile: (302) 425-6464  
Email: kelbon@blankrome.com

-and-

**FURR COHEN**  
Alvin S. Goldstein (Florida Bar No: 993621)  
2255 Glades Road, Suite 301E  
Boca Raton, FL 33431  
Telephone: (561) 395-0500  
Facsimile: (561) 338-7532  
Email: agoldstein@furrcohen.com

*Attorneys for Lianfen Qian*