## EXHIBIT A

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. ___** |

**ORDER GRANTING LIANFEN QIAN'S MOTION FOR RELIEF FROM**
**THE AUTOMATIC STAY TO PROCEED AGAINST INSURANCE POLICIES**

AND NOW this day of _____, 2020, upon consideration of the Motion for Relief from

The Automatic Stay to Proceed Against Insurance Policies filed by Lianfen Qian (the "Motion")

and it appearing that this Court has jurisdiction over this matter; and it appearing that notice of the

Motion was sufficient under the circumstances; and after due deliberation and sufficient cause

appearing therefore; and after the considerations of any objections or responses thereto:

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The stay imposed under 11 U.S.C. § 362(a) is hereby modified to allow Lianfen

Qian ("Movant") to proceed against any insurance policies and collect to the limited extent of any

insurance coverage maintained by the Debtor.

3.      The Movant shall not (a) seek to compel Debtor to pay any deductible, retainage,

or any other amount for or on account of any insurance carrier, provider, broker, or policy, or (b)

obtain any distribution from the Debtor's estate in or arising out of the injury described in the

Motion; provided that, notwithstanding the foregoing, the Movant's right to file and receive a

---

[1] The Debtors in these chapter 11 cases, together with the last four digits together with the last four digits of each Debtor's federal tax identification number are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing is 1325 West Walnut Hill Lane, Irving Texas 75038.

distribution on a claim, properly filed in the Debtor's chapter 11 cases, is preserved, subject to the Debtor's rights to object to such claim.

4.      Any claims the Movant has through the Debtors against their insurance providers or related parties, as well as any defenses and claims the Debtors or their insurers have against the Movant, are unaffected by the Motion or this Order and are expressly preserved.

5.      Nothing in this Order: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing (collectively, the "Insurance Contracts");(ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator (each, an "Insurer" and together, the "Insurers") has to pay claims covered by any alleged applicable insurance policy; (iii) alters or amends any rights of an Insurer under any Insurance Contract to seek payment or reimbursement from the Debtors or any of their affiliates or to draw on any collateral or security therefore; (iv) alters or amends the rights of any Insurer with respect to any deductibles or self-insured retentions under any allegedly applicable insurance policy; or (v) precludes or limits, in any way, the rights of any Insurer to contest or litigate the existence, primacy, or scope of available coverage under any allegedly applicable insurance policy.

6.      The fourteen day stay contemplated by Bankruptcy Rule 4001(a)(3) is waived, and this Order shall become effective immediately.

7.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.