**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Related to Docket No. 858** |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' RESPONSE TO DEBTORS'
MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

    The Official Committee of Tort Claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC") appointed in the above-captioned chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC (collectively, the "Debtors") hereby submits its response to *Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 858] (the "Motion"), and in support thereof respectfully states as follows:

    1.  On February 18, 2020 (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Cases").

    2.  On March 4, 2020, the Office of the United States Trustee for the District of Delaware ("U.S. Trustee") formed (a) the Tort Claimants' Committee, which is a nine-member committee of survivors of childhood sexual abuse, and (b) a five-member committee of unsecured trade creditors (the "UCC" and, together with the TCC, the "Committees"). On March 5, 2020, the U.S. Trustee filed the notices of appointment with respect to the Committees [Docket Nos. 142 and 143]. On April 24, 2020, the Court appointed James L. Patton, Jr. as the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware the BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

legal representative of future abuse claimants (the "FCR") pursuant to sections 105(a) and

1109(b) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11

cases.

3.        In support of the Motion, the Debtors identify approximately ten different

items that they have achieved or implemented since the Petition Date.  Motion ¶ 9(a)-(j).  The

Debtors could not have achieved these intermediate goals without the substantive involvement,

participation, and cooperation of the Tort Claimants Committee.  To that end, the Tort

Claimants' Committee's participation in and substantive input into these intermediate goals are

helping to ensure that the thousands of victims of sexual abuse are in the best position to

negotiate the best treatment for such claims.

4.        Four months after the Petition Date, these Cases are in a relatively early

stage.  The mediators were only recently appointed and as of the filing of this response the

primary mediation parties have not yet formally met the mediators nor have any formal

mediation negotiating-sessions been scheduled.  If the Debtors expect to maintain their exclusive

periods, they must recognize they have a tremendous amount of work ahead of them and also

demonstrate during the next phase of the case they are able to make meaningful progress towards

a reorganization that is satisfactory to the Tort Claimants' Committee and the other major

constituencies in these Cases.

5.        As the parties move towards the substantive mediation sessions and other

negotiations in these cases, the Debtors must do more to protect the estates' property for the

benefit of all creditors. Certain of the Local Councils' recent tax filings show that the Local

Councils have more than $2.1 billion in real property and improvements and $1.2 billion in cash

and investments.  The Tort Claimants' Committee is aware that certain Local Councils have sold

real property and are informed that other Local Councils are contemplating real property transfers presumably for the purpose of putting the real property beyond the reach of creditors.  Simple Google searches reveal numerous articles about contemplated sales of Local Council assets. In addition, the Tort Claimants' Committee received information from one Local Council that it has planned and intends to transfer real property to a foundation in exchange for no consideration.

6.      The foregoing is troubling for many reasons. As the Court is aware, the Local Councils are subject to hundreds of prepetition actions that were stayed as a result of the Court's entry of the preliminary injunction order.  Since the preliminary injunction order was entered, other sexual abuse victims have sued the Local Councils as permitted under the injunction by filing and serving complaints against the BSA-related parties for the purpose of preserving claims. While the abuse claimants are prohibited from prosecuting their claims against the Local Councils or taking any other action to preserve their rights and remedies, the Local Councils are not restricted from transferring or shielding assets from sexual abuse claimants.

7.      The Debtors have contingent interests in the Local Councils' assets and, to fulfill their fiduciary duties as debtors in possession, must protect those interests.  Under the Debtors' Charter and Bylaws, the Debtors have significant rights and powers that enable them to maintain the *status quo* and preserve their interest in the Local Councils' assets for the benefit of the estates and creditors.  *See* BSA Charter and Bylaws, Art. VI (Local Councils must provide information regarding assets, funds, properties and indebtedness upon request by the National Council, and the National Council can conduct compliance audits on the Local Councils).  Under Article VI, the Debtors have a powerful tool to ensure that the Local Councils comply with such

requests and audits and thereby prevent any action to impair the Debtors' interest in the assets or the proceeds of those assets: the BSA can terminate a Local Council charter and take over the management of the Local Council's assets. This power is unfettered and may be employed by the Debtors for any reason. Maintaining the *status quo* more than justifies the Debtors' invocation of this power as it will ensure that assets within the Debtors' bankruptcy estates are not transferred or otherwise put beyond the reach of abuse victims.

8.       To date, the Debtors have failed to take any meaningful action in response to the efforts by Local Councils to transfer or sell their assets. While the Local Counsels might not be debtors in these Cases, they and the Debtors have a duty to preserve their assets and maintain the *status quo* while they are being protected by the injunction.  The Debtors' unilateral right to revoke Local Council charters demonstrates they not only control the Local Councils' existence but also provide the means to ensure that the Debtors' contingent interest in the Local Councils' assets are not compromised in advance of mediation and resolution of the claims in these Cases.

9.       If the Debtors' fail to protect their interest in the Local Councils' assets, the Tort Claimants' Committee reserves all rights and remedies to address this risk for the benefit of sexual abuse claimants and the estates. The Debtors' failure to protect the estates' interest in the Local Council assets provides a basis to terminate the Debtors' exclusive right to file and solicit votes for a plan.

Dated:  June 30, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                         */s/ James E. O'Neill*
                                         James I. Stang (CA Bar No. 94435)
                                         Robert B. Orgel (CA Bar No. 10187)
                                         John A. Morris (NY Bar No. 2405397)
                                         John W. Lucas (CA Bar No.271038)
                                         James E. O'Neill (DE Bar No. 4042)
                                         919 North Market Street, 17th Floor
                                         P.O. Box 8705
                                         Wilmington, DE  19899 (Courier 19801)
                                         Telephone: 302-652-4100
                                         Facsimile:  302-652-4400
                                         E-mail:   jstang@pszjlaw.com
                                                   rorgel@pszjlaw.com
                                                   jmorris@pszjlaw.com
                                                   jlucas@pszjlaw.com
                                                   joneill@pszjlaw.com

                                         *Attorneys for the Official Committee of Tort
                                         Claimants*

DOCS_SF:103649.4 85353/002