**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors | (Jointly Administered) |
| | **Re: Docket No. 888** |

**MOTION FOR ENTRY OF ORDER AUTHORIZING CENTURY TO FILE UNDER
SEAL (1) PORTIONS OF ITS JOINDER TO HARTFORD'S MOTION FOR
RECONSIDERATION, IN PART, OF THE COURT'S ORDER (I) APPOINTING
MEDIATORS, (II) REFERRING CERTAIN MATTERS TO MEDIATION,
AND (III) GRANTING RELATED RELIEF AND (2) CERTAIN EXHIBITS
ATTACHED TO THE DECLARATION OF JANINE PANCHOK-BERRY**

Century Indemnity Company, as successor to CCI Insurance Company, as successor to

Insurance Company of North America and Indemnity Insurance Company of North America,

Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company

("Century") files this motion (the "Motion to Seal") seeking entry of an order substantially in the

form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 107(b) of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), authorizing Century to file under seal its Objection to

Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Sidley

Austin LLP as Attorneys for the Debtors and Debtors In Possession, Nunc Pro Tunc To The

Petition Date (the "Objection"). In support of this Motion to Seal, Century respectfully states as

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.      By this Motion to Seal, Century seeks entry of an order substantially in the form

annexed hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code,

Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing Century to file the Objection under

seal.

## BASIS FOR RELIEF

3.      The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to

limit the disclosure of certain confidential information to protect entities from potential harm.

Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1)
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).  Section 105(a) of the Bankruptcy Code codifies the Court's

inherent equitable powers and empowers it to "issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

4.      Bankruptcy Rule 9018 defines the procedures by which a party may move for

relief under section 107(b), providing that

> [o]n motion or on its own initiative, with or without notice, the
> court may make any order which justice requires (1) to protect the
> estate or any entity in respect of a trade secret or other confidential
> research, development, or commercial information

Fed. R. Bankr. P. 9018.

5.      Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who

seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

6.      Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure,

section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to

demonstrate "good cause."  *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In*

*re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement

authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three

films contained confidential commercial information).  Rather, if the material sought to be

protected satisfies one of the categories identified in section 107(b), "the court is required to

protect a requesting party and has no discretion to deny the application."  *Orion Pictures*, 21

F.3d at 27.  Moreover, the resulting order should be broad (*i.e.*, "any order which justice

requires").  *In re Global Crossing, Ltd*., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R.

Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection

may be used as a vehicle for improper purposes."  *Orion Pictures*, 21 F.3d at 27.  Indeed, the

"authority goes not just to the protection of confidential documents, but to other confidentiality

restrictions that are warranted in the interests of justice."  *Global Crossing*, 295 B.R. 724.

7.      Courts have also found that such relief should be granted if the information

sought to be protected is "commercial information," which is defined as "information which

would result in 'an unfair advantage to competitors by providing them information as to the

commercial operations of the debtor.'" *In re Alterra Healthcare Corp*., 353 B.R. 66, 75 (Bankr.

D. Del. 2006).  However, commercial information does not have to rise to the level of a trade

secret to be protected under section 107(b) of the Bankruptcy Code.  *See Orion Pictures*, 21 F.3d

at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

8.      This Court has consistently authorized the filing of confidential documents under seal in other chapter 11 cases.[2]  Here, exhibits to the Objection contain commercially sensitive information, confidential information and other confidential and or privileged information. Because of the confidential nature of settlement communications and offers, such information is not in the public realm.

9.      Additionally, such confidential information is not relevant to the dispute at hand but must remain confidential because Century believes that certain information contained in the Objection constitutes "commercial information" and should be subject to the protections of section 107(b) of the Bankruptcy Code.

10.     Century has or will share unsealed versions of the exhibits to the Objection with the Court, the Office of the United States Trustee for the District of Delaware, and counsel for the Debtors with information extraneous to this matter redacted.

---

[2] *See, e.g., In re Horsehead Holdings Corp.*, Case No. 16-10287 (CSS) (Bankr. D. Del. July 8, 2016) (authorizing the filing under seal of a supplemental objection and declaration in support thereof); *In re Swift Energy Co.*, Case No. 15-12670 (MFW) (Bankr. D. Del. Mar. 30, 2016) (authorizing the filing under seal an exhibit containing confidential information); *In re Green Field Energy Servs., Inc.*, No. 13-12783 (KG) (Bankr. D. Del. Jan. 17, 2014) (authorizing the filing under seal in its entirety a motion to approve a settlement agreement); *In re Metavation, LLC*, No. 13-11831 (BLS) (Bankr. D. Del. Aug. 7, 2013) (authorizing the filing under seal in its entirety a motion for approval of a sale agreement); *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. Jul. 29, 2013) (authorizing the filing under seal of exit financing fee letters).

**NOTICE**

11.     Notice of this Motion to Seal shall be given to (a) the U.S. Trustee; (b) counsel for the Debtors; and (c) all parties requesting notice in these cases pursuant to Bankruptcy Rule 2002.  Century submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

12.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, Century respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit A.

Dated:  July 1, 2020

Respectfully Submitted,

By:   /s/ Stamatios Stamoulis
      Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:    302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:    212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

**<u>EXHIBIT A</u>**

**Proposed Order**

OMM_US:77553183.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors | (Jointly Administered) |
| | **Re: Docket No. 888** |

**ORDER GRANTING MOTION AUTHORIZING CENTURY TO FILE UNDER SEAL
(1) PORTIONS OF ITS JOINDER TO HARTFORD'S MOTION FOR
RECONSIDERATION, IN PART, OF THE COURT'S ORDER (I) APPOINTING
MEDIATORS, (II) REFERRING CERTAIN MATTERS TO MEDIATION,
AND (III) GRANTING RELATED RELIEF AND (2) CERTAIN EXHIBITS
ATTACHED TO THE DECLARATION OF JANINE PANCHOK-BERRY**

Upon the Motion (the "Motion to Seal")[2] of Century, Inc. ("Century") seeking entry of an

order (this "Order"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy

Rule 9018, and Local Rule 9018-1, authorizing Century to file the Objection under seal; and the

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court

having found that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and

that the Court may enter a final order consistent with Article III of the United States

Constitution; and the Court having found that venue of this proceeding and the Motion to Seal in

the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

relief requested in the Motion to Seal is in the best interests of the Debtors' estates, their

creditors, and other parties in interest; and the Court having found that Century's notice of the

Motion to Seal and opportunity for a hearing on the Motion to Seal were appropriate under the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion to Seal.

circumstances and no other notice need be provided; and the Court having reviewed and

considered the Motion to Seal; and the Court having determined that the legal and factual bases

set forth in the Motion to Seal and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor, it is hereby ORDERED that:

1.       The Motion to Seal is GRANTED.

2.       Century is authorized to file the Objection under seal, and such seal shall be

maintained pursuant to Local Rule 9018-1. The information included in the Objection shall

remain strictly confidential and use of such information shall be subject to Local Rule 9018-1(e).

3.       The unredacted version of the Objection shall not be disseminated to anyone other

than:  (a) the Court; (b) counsel for the Debtors; and (c) the Office of the United States Trustee

for the District of Delaware, without either:  (i) the express consent of Century; or (ii) further

order of the Court, which order shall not be granted without notice and an opportunity to object

being provided to the Committee. Such parties shall be bound by this Order and shall keep at all

confidential information in the Objection strictly confidential and shall not disclose such contents

thereof to any party whatsoever.

4.       The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

5.       Century is authorized to take all actions necessary to effectuate the relief granted

in this Order in accordance with the Motion to Seal.

6.       The Court retains jurisdiction with respect to all matters arising from or relating to

the implementation, interpretation, and enforcement of this Order.

OMM_US:78450431.1

Dated this _____ day of July 2020.


_____
Judge, United States Bankruptcy Court