# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE Boy Scouts, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: July 9, 2020, 10:00 a.m. (ET)**<br><br>**Ref. Docket No. 812** |

**CENTURY'S JOINDER TO HARTFORD'S MOTION FOR RECONSIDERATION, IN PART, OF THE COURT'S ORDER (I) APPOINTING MEDIATORS, (II) REFERRING CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF**

Century joins Hartford's motion seeking reconsideration, in part, of the Mediation Order (June 9, 2010) [D.I. 812] ("Mediation Order") and offers as an additional ground for reconsideration that BSA's disclosures since the hearing make Paul Finn a fact witness on issues that are the subject of the pending Adversary Proceeding and claims asserted by BSA.

As set out in the October 17, 2019 letter that Jessica Boelter exhibited to her declaration, Century objected to the matrix it was given in October 2019 and asked BSA/Sidley <u>not</u> to give it to the tort claimants.[2] ███████████████████████████████████████████ ███████████████████████████.[3] ███████████████████████████████████████████

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] *See* April 28, 2020 Declaration of Jessica Boelter Ex. 2 (Oct. 17, 2019 letter from C. Wadley to E. Martin) [D.I. 500-2] ("During the meeting on October 14, 2019, BSA also shared its plan to settle all current sex-abuse claims based on a draft 'matrix protocol' in a mediation with [REDACTED] BSA provided the matrix to Chubb the preceding Friday, October 11, 2019. Chubb conveyed its objection to the values in the matrix protocol and asked that they not be provided to the claimants' attorneys as an opening offer.").

[3] *See* Williams Declaration in Support of Hartford's Motion ("Williams Decl.") Ex. 1 [D.I. 860].

1

██████████████████████████████████████████████████████████████████████████

████████████████████████.[4]

After Hartford filed its motion for reconsideration, BSA was compelled to produce other communications between BSA, Mr. Finn, and the tort claimants about the matrix that further contradict the assertions made at the hearing by the proponents for his appointment.[5] ████

████████████████████████████████████████████████████████████████

- ████████████████████████████████████████████████████████████████
████████████████████████████████████

- ████████████████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████[6]

The contrast between what is admitted in these emails produced post-hearing and the story that Mr. Finn participated in only a meeting about a single claim that was not a mediation is striking.[7] As further example of this, emails produced after the hearing show:

---

[4] *Id.*

[5] *See* Williams Decl. Ex. 1 [D.I. 860].

[6] *See* June 23, 2020 Declaration of Janine Panchok-Berry ("Panchok-Berry Decl.") Ex. 1 (Oct. 15, 2019 email from M. Andolina to J. Stang) (emphasis added).

[7] Century repeatedly requested that BSA/Sidley provide Century with their communications with the tort claimants about the allowance and valuation of claims. On June 1, 2020, Century wrote to BSA's counsel reiterating its request that Sidley provide any communications with the tort claimants about a matrix. *See* Panchok-Berry Decl. Ex. 2 (June 1, 2020 letter from T. Schiavoni to A. Azer). When BSA/Sidley failed to comply, Century served document requests on BSA asking for any documents shared with Mr. Finn. *See* June 2, 2020 Declaration of Janine Panchok-Berry Ex. 1 [D.I. 762]. BSA did not serve an objection to the requests prior to the hearing. To the contrary, Mr. Andolina promised had he would produce these communications, s*ee* Panchok-Berry Decl. Ex. 3 (June 15, 2020 email from M. Andolina), but then delayed doing so until after the hearing and only served a response to the document request after Hartford moved for reconsideration.

| Statement at or prior to hearing on mediation motion | Contradictory emails produced post-hearing |
|---|---|
| Mr. Finn's 2014 disclosure states: "I mediated one claim with Sidley Austin in November 2019, in New York City [for] less than two days. . . . I do not remember the matrix being distributed and I do not have a copy of said matrix."[8] | • ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[9]<br>• ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[10] |
| Mr. Stang represented to the court the mediation in November 2019 was not a mediation, stating: "As to the meeting in November, I'd like to call it a meeting, as opposed to a mediation, and I signed a confidentiality agreement . . . ."[11] | • ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[12] |

While Century shares Hartford's concern about the representations made by the proponents of Mr. Finn's appointment and the objections that flow from them, the facts associated with Sidley's provision of the matrix to the tort claimants are the subject of Count I of the Adversary Proceeding filed by Hartford against BSA of which Century and Allianz are

---

[8] Declaration of Paul A. Finn, Mediator, Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with Respect to Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (May 28, 2020) [D.I. 710], Attachment A to Finn Decl. (May 28, 2020) [D.I. 710-1], at 1(K).

[9] Panchok-Berry Decl. Ex. 4 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

[10] Panchok-Berry Decl. Ex. 5 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

[11] Williams Decl. Ex. 3 at 50:18-21.

[12] Panchok-Berry Decl. Ex. 4 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (emphasis added)).

defendants.[13] Hartford alleges in its adversary complaint that BSA's conduct in connection with the November mediation, including its provision of the matrix to participants in the mediation, breached BSA's contractual duty to cooperate with Hartford.[14] BSA's provision of the matrix is controversial precisely because it is part of a claim subject to the mediation.

Where, as here, a mediator/neutral is a witness to the facts that are the subject of the proceeding before him, recusal is mandated under 28 U.S.C. 455(b)(5)(iv).[15] *See In re Mitan*, 579 Fed. App'x 67, 69 (3d Cir. 2014) (recusal is required "where a judge knows he is likely to be a material witness in the proceeding").

Further, since the hearing, BSA has asserted a claim against Century for filing pleadings with this Court objecting to Mr. Finn's appointment and the other motions that have been heard by this Court.[16] BSA's counsel has not brought this claim before this Court, which has exclusive jurisdiction over the proceedings before it, knowing it would be dismissed. Instead, this claim too will be presented to Mr. Finn to mediate.[17]

While there is no authority supporting such a claim, these proceedings will be tainted if BSA and tort claimants are allowed to leverage the mediation in such a transparent

---

[13] *See* Complaint ¶¶ 107–126, *Hartford Accident and Indemnity Co. v. Boy Scouts of Am.*, No. 20-50601-LSS (Bankr. D. Del. filed May 15, 2020) [D.I. 1].

[14] *Id.*

[15] See also Local Rule 9019-2(e)(iii), which governs the disqualification of a mediator and provides that "Any person selected as a mediator or arbitrator shall be disqualified in any matter where 28 U.S.C. § 455 would require disqualification if that person were a Judge."

[16] Panchok-Berry Decl. Ex. 6 at 9 (accusing Century of "conduct in connection with the Debtors' mediation motion [which] likewise illustrates Century's bad-faith pattern of advancing its own interests and not those of its policyholders").

[17] *Id.* at 2 ("There is no doubt that Century's deliberate bad-faith strategy to dissipate the BSA's financial resources and prevent a global resolution that would involve a substantial contribution from Century is improper, violates its duties to its policyholder, and therefore violates Chapter 541.060(a)(l), (2)(A) of the Texas Insurance Code.").

manner.  Under 28 U.S.C. 455(b)(5)(iv), it is wrong to ask Mr. Finn to mediate disputes to which BSA and the tort claimants have made him a fact witness.[18]

| | |
|---|---|
| Dated:  June 23, 2020 | Respectfully Submitted, |

By:  */s/ Stamatios Stamoulis*
     Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:    302 999 1540
Facsimile:     302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:    212 326 2000
Facsimile:     212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

OMM_US:78397432.8

---

[18] *See* 28 U.S.C. 455(b)(5)(iv); *In re Mitan*, 579 Fed. App'x 67, 69 (3d Cir. 2014) (recusal is required "where a judge knows he is likely to be a material witness in the proceeding").  Local Rule 9019-2(e)(iii) governs the disqualification of a mediator and provides that "Any person selected as a mediator or arbitrator shall be disqualified in any matter where 28 U.S.C. § 455 would require disqualification if that person were a Judge."