IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | **Re: Dkt. Nos. 751, 904** |

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' LIMITED OBJECTION TO LIANFEN QIAN'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO
PROCEED AGAINST INSURANCE POLICIES**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of Boy Scouts of America and Delaware BSA, LLC (collectively, the "**Debtors**") by and through its undersigned counsel, hereby submit the following limited objection to *Lianfen Qian's Motion for Relief from the Automatic Stay to Proceed Against Insurance Policies* [Dkt. No. 904] (the "**Qian Stay Relief Motion**"), and respectfully states as follows:

1. As stated in the Creditors' Committee's *(I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions* [Dkt. No. 751] (the "**Objection**"), the Creditors' Committee submits that there should be a comprehensive approach to addressing litigation claims that implicate the Debtors' insurance policies, whether they cover the Debtors or Non-Debtor Insureds,[2] because of the basic principle that any payout under such insurance could potentially

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the Motion for a Preliminary Injunction* [Adv. Proc. No. 20-50527, Dkt. No. 54], or the Qian Stay Relief Motion, as applicable.

erode coverage available to the estate and thus diminish recoveries by *all* creditors, including potentially impacting distributions on account of non-abuse claims covered by the policies.

2. For that reason, and as further articulated in the Objection (and those objections it joined), the Creditors' Committee objects to the Qian Stay Relief Motion. Lifting the automatic stay as described in the Qian Stay Relief Motion could diminish the amount of insurance coverage available to otherwise satisfy claims against the estate, and potentially negatively impact recoveries of similarly situated creditors.

*[Remainder of Page Intentionally Blank]*

Dated: July 2, 2020
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Katelin A. Morales*
Kurt F. Gwynne (No. 3951)
Katelin A Morales (No. 6683)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
E-mail: kmorales@reedsmith.com

-and-

**KRAMER LEVIN NAFTALIS
  & FRANKEL LLP**
Thomas Moers Mayer
Rachael Ringer
David E. Blabey, Jr.
Jennifer R. Sharret
Megan M. Wasson
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
E-mail: tmayer@kramerlevin.com
E-mail: rringer@kramerlevin.com
E-mail: dblabey@kramerlevin.com
E-mail: jsharret@kramerlevin.com
E-mail: mwasson@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*