**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and<br>Delaware BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br>(Jointly Administered)<br><br>**Re: Dkt. No. 858** |

**STATEMENT OF THE CREDITORS' COMMITTEE WITH
RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF
AN ORDER EXTENDING THE EXCLUSIVE PERIODS TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of Boy Scouts of America and Delaware BSA, LLC (collectively, the "**Debtors**") by and through its undersigned counsel, hereby submits the following statement (the "**Statement**") with respect to the *Debtors' Motion for Entry of an Order Extending the Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "**Motion**")[2] [Dkt. No. 858] and respectfully states as follows:

**STATEMENT**

1. Since its appointment and throughout the initial exclusive period, the Creditors' Committee (along with the Tort Claimants' Committee and Futures Claims Representative) has played a key role in these Chapter 11 Cases, and has been instrumental in facilitating progress on a number of issues, including:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

- Negotiating second day relief that provided the Creditors' Committee with consultation rights, consent rights, notice and oversight, as well as facilitating the consensual resolution of issues that would otherwise be raised and/or litigated at the second day hearing;

- Negotiating the terms of a protective order to govern the production and disclosure of discovery and diligence materials (and working to facilitate the production of such materials) to enable both the members of the Creditors' Committee and their advisors to obtain access to key information and documents;

- Facilitating the appointment of mediators to assist in the resolution of complex issues critical to a feasible plan of reorganization;

- Facilitating consensual extensions of the preliminary injunction and assisting with the implementation of Agreements and Acknowledgements to be signed by Local Councils; and

- Working with the Debtors to tailor and clarify the general proof of claim forms, and resolving issues related to the establishment of a bar date for general unsecured claims.

2. While progress has been made on many issues, many critical (and complex) plan issues have yet to be addressed. With mediators now in place, these Chapter 11 Cases can move into the next stage, and important discussions regarding the plan (and gating issues relating thereto) can begin in earnest. The Creditors' Committee looks forward to being an active participant in mediation, and is hopeful that the mediators will facilitate the resolution of some, if not all, of the complex issues raised by these Chapter 11 Cases.

3. Through the Motion, the Debtors seek an extension of their Exclusive Filing Period through October 15, 2020, and their Exclusive Solicitation Period through December 15, 2020. While the Creditors' Committee does not object to a reasonable extension of the Debtors' Exclusive Periods, progress must be made during this next stage of the Chapter 11 Cases for the Debtors to maintain and/or further extend exclusivity beyond the requested period. Of note, the Creditors' Committee shares in certain of the concerns articulated by the Tort Claimants' Committee in its filed response to the Motion [Dkt. No. 915], particularly the concerns raised

regarding the potential sale of Local Council assets, and ensuring that no actions are being taken during these Chapter 11 Cases that would compromise the success of or recovery on estate claims that may exist and are still the subject of investigations by the Creditors' Committee and other estate fiduciaries.

      4.     The next few months of these Chapter 11 Cases will be significant, and the Creditors' Committee is hopeful that the parties can work together during this time to facilitate progress towards a successful reorganization that allows the Debtors to emerge from bankruptcy with a viable ongoing organization, while maximizing recoveries for unsecured creditors in the bankruptcy. In the absence of such progress, the Creditors' Committee may be forced to revisit whether continued extensions of exclusivity are warranted and in the best interests of general unsecured creditors.

*[Remainder of page intentionally left blank]*

Dated: July 2, 2020
      Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By:   */s/ Katelin A. Morales*
Kurt F. Gwynne (No. 3951)
Katelin A Morales (No. 6683)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
E-mail: kmorales@reedsmith.com

-and-

**KRAMER LEVIN NAFTALIS
  & FRANKEL LLP**
Thomas Moers Mayer
Rachael Ringer
David E. Blabey, Jr.
Jennifer R. Sharret
Megan M. Wasson
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
E-mail: tmayer@kramerlevin.com
E-mail: rringer@kramerlevin.com
E-mail: dblabey@kramerlevin.com
E-mail: jsharret@kramerlevin.com
E-mail: mwasson@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*