**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 858, 915 & 947 |

**DEBTORS' REPLY TO STATEMENTS OF THE TORT CLAIMANTS' COMMITTEE
AND THE CREDITORS' COMMITTEE WITH RESPECT TO THE DEBTORS'
MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this reply in support of their motion [D.I. 858] (the "Motion") to extend the Debtors' exclusive periods to file a chapter 11 plan and solicit votes thereon and to the statements [D.I. 915 & 947] filed by the Official Committee of Tort Claimants (the "Tort Claimants' Committee") and the Official Committee of Unsecured Creditors (the "Creditors' Committee" and, together with the Tort Claimants' Committee, the "Committees") with respect to the Motion. In support hereof, the Debtors respectfully state as follows.[2]

1. Neither of the Committees (nor any other party in interest) opposes the relief requested in the Motion—namely, entry of an order extending the Exclusive Periods by 120 days, without prejudice to the Debtors' rights to seek further extensions. For this reason, and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

because the Debtors have demonstrated that ample cause exists to grant the requested extensions of the Exclusive Periods, the Motion should be granted.

2. The focus of the Committees' statements is twofold. First, the Committees emphasize that a significant amount of work remains to be done to achieve a successful restructuring and that, to maintain exclusivity, the Debtors must make sufficient progress during the next stage of these cases. *See* D.I. 915 ¶ 4; D.I. 947 ¶ 3. The Debtors are not operating under any illusion about the nature or extent of the work that lies ahead in these chapter 11 cases. *See* Motion ¶ 10 (observing that "there is more to accomplish in the months ahead"). But to the extent the Debtors have not been sufficiently clear on this point, there should be no mistake: this is a unique and complex restructuring, and the Debtors and their constituents must work diligently and in good faith to achieve a successful outcome. The Debtors worked tirelessly during the first four months of these cases to lay the groundwork required for productive plan negotiations. *See id.* ¶¶ 7–9 (detailing numerous steps the Debtors have taken to achieve their restructuring objectives). These negotiations are now beginning to take shape, with the assistance of the mediators recently appointed by the Court. *See* D.I. 944 ¶ 9 (describing recent developments in the mediation).

3. Second, the Tort Claimants' Committee expresses concern about transfers of real property by certain of the 253 independently incorporated non-debtor local councils located across the United States.[3] Specifically, the Tort Claimants' Committee alleges that these transfers are "presumably for the purpose of putting the real property beyond the reach of creditors." D.I. ¶ 5. This is a weighty presumption, and one that is presently without factual support. As the Debtors have informed the Tort Claimants' Committee, they are unaware of any

---

[3] The Creditors' Committee's statement echoes the concerns raised by the Tort Claimants' Committee with respect to the potential sale of local council assets. *See* D.I. 947 ¶ 3.

facts demonstrating that any local council board has acted (or is acting) in a manner inconsistent with its fiduciary obligations or charter agreement. Local councils reevaluate their real estate holdings in the ordinary course of their operations and may determine to sell such assets from time to time to maintain liquidity and support their charitable missions. The Tort Claimants' Committee should not "presume" that property sales by local councils are intended to evade creditor claims, or for any purpose that is inconsistent with their charitable missions. Nor should local councils be expected to refrain from exercising their independent business judgment simply because they may be asked to contribute to a settlement trust under the Debtors' plan of reorganization.

4. The Debtors also reject the Tort Claimants' Committee's assertion that the Debtors have "failed to take any meaningful action in response to the efforts by Local Councils to transfer or sell their assets." D.I. 915 ¶ 8. The Debtors have taken meaningful action in several forms. Most notably, as a condition to obtaining the Tort Claimants' Committee's consent to extend the term of the preliminary injunction through mid-November, the Debtors, with the input of the Ad Hoc Committee of Local Councils (the "Local Council Committee"), negotiated with the Tort Claimants' Committee the terms of a mutually acceptable local council disclosure and reporting protocol. This protocol, which is memorialized in the form of agreement attached to the Court's order extending the term of the injunction, generally requires local councils to provide the Debtors with (i) documentation relating to historical sales, transfers or encumbrances of real property, (ii) copies of any real property lease with a remaining term of more than one year, and (iii) advance notice of the marketing, sale, transfer or lease of any real property, or any personal property with a value in excess of $25,000. The Debtors' willingness to condition the extension of the preliminary injunction on local councils' agreement to this

3

protocol was not a token gesture. If a local council fails to agree to the protocol, or agrees to the protocol but fails to comply with its requirements, then either of the Committees may terminate the injunction as to such local council. In addition to the protocol, the Debtors have arranged, with the assistance of the Local Council Committee, direct discussions between the Tort Claimants' Committee and local councils engaging in transactions that involve material assets.

5.      Finally, the Debtors must also dispel the Tort Claimants' Committee's suggestion that the only "meaningful" action the Debtors can take with respect to local council asset sales is to terminate local council charters and "take over the management" of local council assets. *See* D.I. 915 ¶ 7. Setting aside whether it would be appropriate for the BSA to take any such action, these are drastic remedies that would have far-reaching consequences, both for the Debtors' estates and the mission of Scouting. As noted above, moreover, the Debtors have no information that any local council has acted (or is acting) in a manner inconsistent with its fiduciary obligations or charter agreement.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached to the Motion, granting the relief requested in the Motion and any further relief the Court may deem just and proper.

| | |
|---|---|
| Dated: July 6, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>           aremming@mnat.com<br>           emoats@mnat.com<br>           ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>           mandolina@sidley.com<br>           mlinder@sidley.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |