## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
|  | **Ref. Docket No. 812, 860, 888, 918, 941, 944, & 951** |

### OMNIBUS REPLY IN SUPPORT OF HARTFORD'S MOTION FOR RECONSIDERATION, IN PART, OF THE COURT'S ORDER (I) APPOINTING MEDIATORS, (II) REFERRING CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") respectfully submit this omnibus reply in support of their motion [D.I. 860] (the "Motion")[2] seeking reconsideration, in part, of the Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief [D.I. 812] (the "Order").

The documents that Debtors produced after the June 8 hearing confirm that Mr. Finn was, at a minimum, grossly negligent in making the Rule 2014(a) disclosures that were originally filed with the Court, and his July 1 supplemental disclosures [D.I. 918] are no more complete. The newly produced evidence (which Debtors could have produced prior to the June 8 hearing, but opted not to) shows that an objective observer would have well-founded concerns about whether Mr. Finn can be an impartial and unbiased neutral in this case, rather than an advocate for Debtors

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the TCC.  In further support of the Motion, Hartford states as follows:

1.     Hartford originally objected to the selection of Mr. Finn because Hartford was concerned about the scope of his involvement in the November 2019 mediation and because the informal one-page list of "contacts" he provided stated "nothing about current connections between Mr. Finn, the parties in interest and their counsel as mediator."  *See Supplemental Memorandum of First State Insurance Company, Twin City Fire Insurance Company and Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* ¶ 24 [D.I. 648-1].  Hartford asked this Court to require all the mediator candidates to submit disclosures under Rule 2014(a) so that the parties and the Court could evaluate their connections with the parties in interest to this case.  The Court directed the mediator candidates to do so.

2.     In response to the Court's direction, Mr. Finn disclosed that he was, in fact, the mediator for the November 2019 mediation between BSA and the *ad hoc* claimants' committee, but that he mediated only "one claim" and that he did not recall receiving any claims matrix protocol.  *See Declaration of Paul A. Finn, Mediator, Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with Respect to Debtor's Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief, Attachment A* [D.I. 710-1].  On the basis of that disclosure, and over the objections of Hartford, the Court concluded that Mr. Finn's involvement in the November 2019 mediation was not sufficient for Mr. Finn to prejudge this case and the Court selected Mr. Finn to serve as mediator.

3.     ██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████.

4.  ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████.

5.  ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████.

6.    ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████.

7.    On July 1, 2020, Debtors filed on behalf of Mr. Finn a "supplemental" Rule 2014 declaration.[3]  *See Supplemental Declaration of Paul A. Finn, Mediator, Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with Respect to Debtor's Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief*, [D.I. 918].  In that declaration, Mr. Finn acknowledges for the first time that he received a "confidential email which had a matrix attached" but Mr. Finn then states that he does not recall ever opening the email or reviewing the matrix.  *See id*.  Mr. Finn further states that he found the email transmitting the matrix when he searched his files after "newly discovered information prompted" him to search his emails.  *See id.*  Mr. Finn does not specify what that new information was, nor who provided it to him, but he does state that it prompted him to go back and review his emails from October 2019.  *See id.*

8.    That supplemental declaration is inaccurate or, at best, incomplete.  Even assuming that Mr. Finn never opened the email and claim matrix attachment, Mr. Finn stubbornly

---

[3]    The declaration indicates that it was executed on June 26, but it was not filed until five days later.

continues to insist that he mediated only "one claim with Sidley Austin in November 2019." *See*

*id*. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████. At best, therefore, the

Court cannot credit Mr. Finn's supplemental declaration, and his continued insistence that he was

mediating just "one claim" demonstrates that he still has not made a complete and accurate

declaration to this Court.[4]

9.      It is clear that one of two things must be true.  Either Mr. Finn has not performed

due diligence to identify the full extent of his connections to the parties and to the November

2019 mediation (and events leading up to it), or he refuses to make an accurate and complete

disclosure.

10.      In response to Hartford's Motion, the Debtors and the TCC try to brush off Mr.

Finn's failure to make adequate disclosures by arguing that Hartford knew that BSA provided a

matrix to the claimants pre-petition.  *Debtors' Objection to Hartford's Motion for*

*Reconsideration of the Court's Mediation Order and Century's Joinder Thereto*, at 3 [D.I. 944];

TCC Objection at 3.  ████████████████████████████████████████

---

[4]      Debtors have nothing to say about Mr. Finn's second inaccurate declaration.  Indeed, they do not even acknowledge in their objection [D.I. 944] that Mr. Finn's supplemental declaration exists (even though they filed it). The TCC, on the other hand, tacitly acknowledges that Mr. Finn's supplemental declaration is incorrect.  The TCC tries to gloss over the factual misstatements in the supplemental declaration by suggesting that Mr. Finn should have stated that he was mediating "one case" rather than "one claim."  *See Objection of The Tort Claimants' Committee to Hartford's Motion for Reconsideration, In Part, of the Court's Order (I) Appointing Mediations, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief*, at 9 [D.I. 941]  (the "TCC Objection").  The TCC's attempt at a *post hoc* revision of Mr. Finn's declaration would not be sufficient, because the hundreds of claims, coming from numerous states in many actions, belies any notion that those claims could constitute a single "case." But even if that were not so, the TCC's objection acknowledges that Mr. Finn has now submitted two declarations, and neither one accurately or completely represents Mr. Finn's pre-petition involvement in this case.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. In appointing Mr. Finn, the Court credited Mr. Finn's incomplete disclosures, backed by the TCC (which asserted there was not even a mediation, just a "meeting"), and the Debtors, who sat silently at the hearing in the face of a disclosure they knew was, at best, incomplete.

11.     A mediator is supposed to be neutral -- fair to all sides, not an advocate that has prejudged the issues that are to be resolved.  Mr. Finn still has not provided a full and complete disclosure that answers these concerns, but Mr. Finn's now demonstrably false (or at least incomplete) representations regarding the scope of his prior engagement suggest he is not a neutral, but rather is an advocate selected by Debtors and the TCC.

12.     The information that confirms this conclusion meets any definition of "newly discovered" evidence.  ████████████████████████████████████████████ ██████████████████████████████████████████████████████████. They chose not to.  And that the Court had not yet entered the Protective Order is a red herring, because Debtors could have simply designated the material as "counsel only" protected material pending entry of the Order.  It is Debtors, not Hartford, that are responsible for any delays in bringing this information to the attention of the Court.

13.     The Debtors have repeatedly emphasized the importance of mediation to their organization.  But no party should be forced to choose between mediating before someone whose impartiality can reasonably be questioned, or not participating in the mediation at all.  This Court's rules, and the federal recusal statute, dictate that conclusion, and the Court's June 8 ruling recognizes that all parties should have confidence that the mediators are free from even the

appearance of partiality.

14.    Accordingly, the Court should remove Mr. Finn and allow Mr. Carey and Mr. Gallagher to do the job that the Court appointed them to do.  Nothing concerning the mediation will be delayed and, at least equally important, all participating parties will know the process is fair.

## CONCLUSION

Hartford respectfully requests that the Court overrule the objections, grant Hartford's motion for partial reconsideration of the Order and disqualify Mr. Finn.


Date:  July 6, 2020                                        BAYARD, P.A.
　Wilmington, Delaware

                                                              */s/ Gregory J. Flasser*                    
                                                              Erin R. Fay (No. 5268)
                                                              Gregory J. Flasser (No. 6154)
                                                              600 North King Street, Suite 400
                                                              Wilmington, Delaware 19801
                                                              Telephone:  (302) 655-5000
                                                              Facsimile:  (302) 658-6395
                                                              Email:  efay@bayardlaw.com
                                                                         gflasser@bayardlaw.com

                                                              - and -

                                                              James P. Ruggeri (admitted *pro hac vice*)
                                                              Joshua D. Weinberg (admitted *pro hac vice*)
                                                              Abigail W. Williams (admitted *pro hac vice*)
                                                              Shipman & Goodwin LLP
                                                              1875 K Street, NW, Suite 600
                                                              Washington, DC 20003
                                                              Tel:  (202) 469-7750
                                                              Fax:  (202) 469-7751

                                                              - and -

                                                              Eric S. Goldstein (admitted *pro hac vice*)
                                                              Shipman & Goodwin LLP
                                                              One Constitution Plaza

Hartford, CT 06103
Tel:  (860) 251-5000
Fax:  (860) 251-5099

*Attorneys for First State Insurance Company,*
*Hartford Accident and Indemnity Company and*
*Twin City Fire Insurance Company*