**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | ) Case No. 20-10343 (LSS) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Re: D.I. 682 |

**ORDER GRANTING MOTION OF NICHOLE ERICKSON AND MASON GORDON FOR AN ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362**

Upon consideration of Movants'[2] Motion of Nichole Erickson and Mason Gordon For an Order Granting Limited Relief From the Automatic Stay of 11 U.S.C. § 362 (the "Motion"), and considering any responses to the Motion and the record before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that:

1. The automatic stay of 11 U.S.C. § 362(a) shall be modified for the limited purposes of permitting the Movants to proceed with a pre-litigation settlement conference or non-binding mediation to resolve their claims without filing a lawsuit.

2. Except for the limited purpose set forth in paragraph 1 above, the automatic stay shall remain in effect for all purposes, without further Order, and without prejudice to Movants to seek further relief from the automatic stay.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Movants are: Nichole Erickson and Mason Gordon, a minor by his mother Nichole Erickson.

3. Except as otherwise expressly stated herein, nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit, or expand: (i) the availability of insurance coverage with respect to Movants' claims;(ii) the terms and conditions of any insurance policies; or (iii) any rights, remedies, defenses to coverage, and other defenses of any insurance carrier under or for any insurance policies (including the right of any insurance carrier to disclaim coverage), nor otherwise alter any insurance carrier's existing indemnity payment obligations.

4. The Parties are authorized to take all actions necessary to effectuate the relief granted by this Order.

5. Rule 4001(a)(3) is deemed not applicable.

Dated: _____, 2020

_____
The Honorable Laurie S. Silverstein
United States Bankruptcy Judge