IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 941, 942** |

Objection Deadline: July 9, 2020 at 10:00 a.m. (ET)
Hearing Date: July 9, 2020 at 10:00 a.m. (ET)

**MOTION FOR ENTRY OF AN ORDER
AUTHORIZING TORT CLAIMANTS' COMMITTEE TO FILE
UNDER SEAL PORTIONS OF OBJECTION OF THE TORT CLAIMANTS'
COMMITTEE TO HARTFORD'S MOTION FOR RECONSIDERATION, IN PART,
OF THE COURT'S ORDER (I) APPOINTING MEDIATORS, (II) REFERRING
CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF**

The official committee of survivors of childhood sexual abuse (the "Tort Claimants' Committee" or the "TCC") hereby files this motion (the "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (1) authorizing the TCC to file under seal certain limited portions (the "Highly Confidential Information") of the *Objection of the Tort Claimants' Committee to Hartford's Motion for Reconsideration, In Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 941] (the "Objection") filed in opposition to *Hartford's Motion for Entry of an Order Authorizing Hartford to File Under Seal (1) Portions of Hartford's Motion for Reconsideration, In Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 860] (the "Reconsideration Motion") and *Century's Joinder to Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Matters to Mediation, and (III) Granting Related Relief* [D.I. 888] (the "Joinder") directing that the Highly Confidential Information shall remain under seal and confidential pursuant to the terms of the Protective Order (as defined below) entered in these cases and not be made available to anyone, except to the Court and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); and (2) granting related relief.  In support of the Motion, the TCC respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The TCC confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On February 18, 2020, Debtors filed the *Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* (Feb. 18, 2020) ("Mediation Motion") [D.I. 17].  On March 11, 2020, Hartford filed an objection to Debtors' Mediation Motion. *See Limited Objection of*

2

*Creditors First State Insurance Company and Twin City Fire Insurance Company and Party In Interest Hartford Accident and Indemnity Company to Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief*, at 3-4 (Mar. 11, 2020) [D.I. 161].

5. On May 13, 2020, Debtors filed *Motion for Leave to File Debtors' Reply in Support of their Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* (May 13, 2020) [D.I. 617].

6. On June 8, 2020, the Court held a hearing to consider, among other things, the Mediation Motion. At the hearing, the Court overruled Hartford's objection and, among other things, appointed Paul Finn as a mediator in these cases.

7. Also on June 8, 2020, the Court entered the *Order Approving Confidentiality and Protective Order* (June 8, 2020) [D.I. 799], which entered Exhibit 1 the *Confidentiality and Protective Order* [D.I. 799-1] (the "Protective Order").

8. On June 9, 2020, the Court entered the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* (June 9, 2020) [D.I. 812] (the "Mediation Order").

9. On June 16, 2020, Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company ("Hartford") filed the Reconsideration Motion.

10. On June 23, 2020, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company ("Century"), filed the Joinder.

11. On July 2, 2020, the TCC filed the Objection to the Reconsideration Motion and the Joinder.

12. The Highly Confidential Information in the Objection has been marked by the Debtors. The TCC therefore seeks leave to file under seal pursuant to the terms of the Protective Order the limited portions of the Highly Confidential Information in its Objection.

### RELIEF REQUESTED

13. By this Motion, the TCC requests entry of the Proposed Order (a) authorizing the TCC to file under seal the Highly Confidential Information pursuant to the terms of the Protective Order; (b) directing that the Highly Confidential Information shall remain under seal and confidential and not be made available to anyone, except to the Court and the U.S. Trustee; and (c) granting related relief.

### BASIS FOR RELIEF

14. Section 5.3 of the Protective Order provides that a Producing Party:[2]

> may designate Discovery Material as "**HIGHLY CONFIDENTIAL**" if such Producing Party believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been advised by such other person or entity in good faith) that such Discovery Material contains information that: (a) constitutes a trade secret under applicable law; or (b) contains such highly sensitive financial, personal, or business information that is of such a nature that disclosure to persons other than those identified in Paragraph 7.3 of this Order, as applicable, would present a risk of competitive injury. Such HIGHLY CONFIDENTIAL material includes, but is not limited to, Discovery Material reflecting trade secrets; sensitive financial, personal or business information, including insurance policy information; any financial information provided by an individual Local Council originally designated as "Committee Advisor Only" but converted to "Highly Confidential" pursuant to paragraph 7.4; or those portions of any material prepared by such Producing Party's legal advisors, industry advisors, financial advisors, accounting advisors, experts of consultants (and their respective staff) that are retained by any Party that include or reveal Highly Confidential Discovery Material.

Protective Order § 5.3.

15. Section 7.6 of the Protective Order governs the filing or submitting of Protected

---

[2] Producing Party is defined in the Protective Order as "any person or entity that produces, provides, or makes available Discovery Material to any Party." *See* Protective Order, II.

Material, which is defined as "Discovery Material designated as 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Section 7.6 provides in relevant part that:

> any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.
>
> Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code.

*Id.* § 7.6.

## **CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)**

16.     Pursuant to Local Rule 9018-1(d), counsel for the TCC certifies that counsel to the TCC and counsel to the Debtors as the "Holder of Confidentiality Rights" (as such term is defined in Local Rule 9018-1) conferred in good faith regarding the scope of material to be redacted from the Objection. The redacted version of the Objection [Docket No. 942] reflects such parties' agreement regarding the scope of material to be redacted and remain under seal.

## **CONCLUSION**

WHEREFORE, the TCC respectfully requests that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Date: July 7, 2020　　　　　　　　　　　**PACHULSKI STANG ZIEHL & JONES LLP**

　　　　　　　　　　　*/s/ James E. O'Neill*
　　　　　　　　　　　James I. Stang (CA Bar No. 94435)
　　　　　　　　　　　John A. Morris (NY Bar No. 2405397)
　　　　　　　　　　　James E. O'Neill (DE Bar No. 4042)
　　　　　　　　　　　John W. Lucas (CA Bar No. 271038)
　　　　　　　　　　　919 North Market Street, 17th Floor
　　　　　　　　　　　P.O. Box 8705
　　　　　　　　　　　Wilmington, DE  19899 (Courier 19801)
　　　　　　　　　　　Telephone: 302-652-4100
　　　　　　　　　　　Facsimile: 302-652-4400
　　　　　　　　　　　Email: jstang@pszjlaw.com
　　　　　　　　　　　　　　　jmorris@pszjlaw.com
　　　　　　　　　　　　　　　joneill@pszjlaw.com
　　　　　　　　　　　　　　　jlucas@pszjlaw.com

　　　　　　　　　　　*Counsel for the Tort Claimants' Committee*