## Exhibit A

Proposed Revised Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 686, 702, 745 and 751** |

**ORDER GRANTING EVANSTON INSURANCE COMPANY'S MOTION PURSUANT
TO SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001
FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT PAYMENTS
OF CLAIMS AGAINST NON-DEBTOR INSURED PARTIES AND
RELATED DEFENSE COSTS UNDER INSURANCE POLICIES**

Upon the Motion [Docket No. 686] (the "Motion"),[2] of Evanston Insurance Company pursuant to Sections 105 and 362(d) of the Bankruptcy Code, Bankruptcy Rules 4001 and 9014, and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, for entry of an order modifying the automatic stay, to the extent it applies, to allow Evanston to pay losses and expenses which are incurred in conjunction with the investigation, defense, adjustment or settlement of certain non-stayed claims or suits on behalf Non-Debtor Insureds under certain Evanston Insurance Policies; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and certain objections (the "Objections") to the Motion having been filed and the Court having reviewed the Motion and Objections; and the Objections having been withdrawn, resolved or overruled; and the relief requested granted herein being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 362(d)(1) of the Bankruptcy Code, the automatic stay is hereby modified, to the extent it applies, to allow Evanston to administer, handle, and provide for the payment of defense costs in connection with any Non-Stayed Claims against Non-Debtor Insureds that are covered by an Evanston Policy.

3.      The automatic stay is hereby modified, to the extent it applies, to allow Evanston to pay any judgments or settlements in connection with any Non-Stayed Claims against Non-Debtor Insureds pursuant to the following notice protocol:

   a.   Evanston shall be required to give the Debtors, the TCC, the FCR and the UCC (collectively, the "Notice Parties") five (5) calendar days prior notice of a proposed payment of a settlement or judgment of less than $500,000.  Such notice shall include, without limitation, the amount of the proposed settlement, the amount of the demand, identification of all releasees and releasors, and the general status of the litigation.  If any of the Notice Parties notifies Evanston, in writing, that it objects to the payment of such settlement or judgment within such five (5) calendar days of service of the notice, the settlement or judgment may not be paid until 1) the objection is resolved, in writing, or 2) Evanston obtains further order of the Court.

2

b.  Evanston shall be required to seek further order of the Court approving any payment of any settlement or judgement greater than $500,000.

4.      Nothing herein (a) alters or modifies the terms and conditions of the Evanston Policies or relieves the Debtors or Evanston of any of their obligations thereunder or (b) creates a direct right of action against Evanston where such right of action does not already exist under non-bankruptcy law.

5.      Evanston shall, on a monthly basis, provide the Notice Parties with (a) the aggregate amount paid for defense costs during the month for each policy year, as well as the amount paid per case and (b) an accounting of all settlements paid during the month for each policy year.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the stay set forth in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall be, and hereby is, waived.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2020
          Wilmington, Delaware

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE