# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 865 |

### ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH DHEERA LIMITED COMPANY, LLC, EFFECTIVE AS OF JUNE 30, 2020 AND (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 362(d), 365(a), and 554(a) of the Bankruptcy Code, (i) authorizing the Debtors to (a) reject that certain unexpired lease of nonresidential real property (including any guarantees thereof and all amendments or modifications thereto or assignments or subleases thereof, collectively, the "Lease"), by and between Dheera Limited Company, LLC (the "Landlord"), as successor in interest to Pacifica Texas, L.P., and the BSA for the premises located at 1303 West Walnut Hill Lane, Suites 100, 128 and 130, Irving, Texas 75038 (the "Premises"), effective as of June 30, 2020, and (b) abandon any furniture, fixtures, equipment, and other assets at the Premises (the "Remaining Property"), in each case effective as of June 30,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

2020, and (ii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and all objections to the Motion, if any, having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, to reject the Lease, effective as of June 30, 2020.

3. The Debtors are authorized to abandon any Remaining Property located at the Premises, in the Debtors' sole discretion, free and clear of all liens, claims, encumbrances, and rights of third parties, with such abandonment being effective as of June 30, 2020. The Landlord under the Lease is authorized to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors.

The automatic stay is modified to the extent necessary to allow the disposition of any Remaining Property.

4.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed or construed as: (a) an admission as to the validity, priority or amount of any claim or lien against the Debtors; (b) a waiver or limitation of the Debtors' or any party in interest's rights to subsequently dispute such claim or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; (e) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

5.  By entry of this Order, the Debtors do not waive any claims that they may have against the Landlord, whether or not such claims arise under, are related to the rejection of, or are independent of, the Lease.

6.  Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

7.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Laurie Selber Silverstein*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Dated: July 8th, 2020**
**Wilmington, Delaware**

4