**Exhibit 1**

Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**STIPULATION BY AND AMONG THE BOY SCOUTS OF AMERICA, M.F. AND J.F.,
THAD ALTON, AND THE PINGRY CORPORATION (I) LIFTING THE AUTOMATIC
STAY, AND (II) APPROVING SETTLEMENT DISMISSING ALL CLAIMS,
COUNTERCLAIMS, AND CROSS-CLAIMS WITH PREJUDICE**

This stipulation (the "Stipulation") (I) lifting the automatic stay and (II) approving the settlement between the Boy Scouts of America (the "BSA"), the non-profit corporation that is, along with its affiliate Delaware BSA, LLC, a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtors"), plaintiffs M.F. and J.F. (the "Plaintiffs"), and co-defendants the Pingry Corporation d/b/a/ The Pingry School ("Pingry"), and Thad Alton ("Alton") providing for the immediate dismissal of all claims, counterclaims, and cross-claims in the litigation captioned *M.F. and J.F. v. The Pingry School, Boy Scouts of America, Thad Alton, and John Does 1-50, and ABC Corporations 1-50*, Case No. 2:20-cv-01721 (D.N.J.), currently pending in the United States District Court for the District of New Jersey, with prejudice, is made and entered into by and among the BSA, M.F. and J.F., Pingry, and Alton, by and through their respective undersigned counsel.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

## RECITALS

**WHEREAS**, on March 6, 2018, the Plaintiffs commenced a litigation action, *M.F. and J.F. v. The Pingry School, et al.*, Case No. ESX-L-001607-18 (the "<u>Lawsuit</u>") against Pingry in the Superior Court of New Jersey for Essex County seeking to recover damages in connection with alleged abuse suffered by the plaintiffs.

**WHEREAS**, on August 16, 2018, Pingry filed its Third-Party Complaint asserting claims for contribution and indemnification against the BSA and Alton limited to the Plaintiffs' claims asserted in this Lawsuit.

**WHEREAS**, on September 27, 2018, the BSA filed its Answer and Separate Defenses of Defendant Boy Scouts of America to Third-Party Complaint and Cross-Claim Against Third-Party Defendant Thad Alton denying the allegations contained in Pingry's Third-Party Complaint and asserting cross-claims for contribution and indemnification against Alton.

**WHEREAS**, on November 8, 2018, Alton filed an Answer to Pingry's Third-Party Complaint as well as counterclaims against Pingry and cross-claims against third-party co-defendant the BSA for contribution and indemnification.

**WHEREAS**, on September 3, 2019, the Plaintiffs filed an Amended Complaint asserting claims against the BSA and Alton seeking to recover damages in connection with alleged abuse suffered by the Plaintiffs.

**WHEREAS**, on September 23, 2019, Pingry filed an Answer to Plaintiff's Amended Complaint with Defenses and Cross-Claims, asserting cross-claims against the BSA and Alton for contribution and indemnification.

**WHEREAS**, on September 23, 2019, BSA filed an Answer to Plaintiff's Amended Complaint with Defenses and Cross-Claims, asserting cross-claims against Pingry and Alton for contribution and indemnification.

**WHEREAS**, on November 11, 2019, Alton filed an Answer to Plaintiff's Amended Complaint with Defenses and Cross-Claims, asserting cross-claims against BSA and Alton for contribution and indemnification.

**WHEREAS**, on February 18, 2020 (the "Petition Date"), the BSA filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The BSA continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, on the Petition Date, the BSA removed the Lawsuit to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1334 and 1452(a).

**WHEREAS**, from and after the Petition Date, all claims and cross-claims against the BSA have been automatically stayed pursuant to Section 362 of the Bankruptcy Code.

**WHEREAS**, the BSA's counterclaims and cross-claims against Pingry and Alton for contribution and indemnification are property of the estate as defined under Section 541(a) of the Bankruptcy Code.

**WHEREAS**, following the Petition Date, the non-BSA parties to the Lawsuit reached a consensual resolution of the Lawsuit, the terms of which are contained in separate confidential settlements between the Plaintiffs and Pingry, and Plaintiffs and Alton (the "Settlements"). The BSA is not a party to the Settlements and is not obligated to make any payment, take any action, or refrain from taking any action as a result thereof.

**WHEREAS**, in light of the Settlements, the parties to the Lawsuit, including the BSA, have further agreed to dismiss with prejudice all claims, counterclaims, and cross-claims asserted in the Lawsuit only, including all claims, counterclaims, and cross-claims by or against the BSA asserted in the Lawsuit only.

**WHEREAS**, in light of the Settlements, the Plaintiffs, Pingry and Alton have further agreed to release the BSA in all respects with regard to the Lawsuit only and waive their respective rights to file a proof of claim in the BSA's bankruptcy case with regard to the Lawsuit only.

NOW THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. This Stipulation shall become effective upon execution by counsel for the Parties and entry of an order approving the Stipulation by the Bankruptcy Court.

2. The non-BSA parties shall be permitted to enter into and carry out the Settlements consistent with the terms thereof and with this Stipulation.

3. To the extent necessary, the automatic stay provided by Section 362 of the Bankruptcy Code and the preliminary injunction imposed by the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. Pro. No. 20-50527 (LSS) [Docket No. 54] are hereby lifted for the sole purpose of effectuating the dismissal with prejudice of all claims, counterclaims, or cross-claims asserted by any party against the BSA in the Lawsuit.

4. The dismissal with prejudice of the BSA's counterclaims and cross-claims against Pingry and Alton pursuant to this Stipulation, as part of the broader dismissal with prejudice of all claims, counterclaims, and cross-claims asserted in the Lawsuit by all parties in connection

with the final resolution thereof, is hereby approved as fair and equitable and in the best interests of the BSA's estate.

5.      The consensual release by the Plaintiffs, Pingry and Alton of the BSA in all respects with regard to the Lawsuit only and the waiver of their respective rights to file a proof of claim in the BSA's bankruptcy case with regard to the Lawsuit only are hereby approved, and such releases and waivers are effective immediately upon approval of this Stipulation by the Bankruptcy Court.

6.      The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Stipulation, and any claims and disputes relating thereto.

*STIPULATED AND AGREED TO BY:*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:   dabbott@mnat.com
         aremming@mnat.com
         emoats@mnat.com
         ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
William E. Curtin
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com
        wcurtin@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:   tlabuda@sidley.com
         mandolina@sidley.com
         mlinder@sidley.com

COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

PASHMAN STEIN WALDER HAYDEN, P.C.
*Counsel for Plaintiffs M.F. and J.F.*

*/s/ Justin P. Walder*
Justin P. Walder
Dennis T. Smith
CJ Griffin
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Email: jpwalder@pashmanstein.com
       dsmith@pashmanstein.com
       cgriffin@pashmanstein.com

– and –

WILEY MALEHORN SIROTA & RAYNES
*Counsel for The Pingry School*

*/s/ Carolyn C. Duff*
James McCreedy
Carolyn C. Duff
250 Madison Avenue
Morristown, NJ 07960
Telephone: 973.539.1313
jmccreedy@wmsrlaw.com
cduff@wmsrlaw.com

– and –

HARDIN, KUNDLA, MCKEON & POLETTO
*Counsel for Thad P. Alton*

*/s/ Paul Daly*
Paul Daly
673 Morris Ave
Springfield, NJ 07081
Telephone: 973-315-2244
pdaly@hkmpp.com

9