IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 868 & 909 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF APPRAISERS FOR THE DEBTORS AND DEBTORS IN POSSESSION, <u>*NUNC PRO TUNC* TO JUNE 18, 2020</u>**

Upon the omnibus application (the "Omnibus Application")[2] of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order") (i) authorizing the Debtors to retain and employ the Appraisers to provide appraisal services for the Subject Properties, *nunc pro tunc* to June 18, 2020, pursuant to sections 327(a) and 328 of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 6005, and Local Rule 2014-1, in accordance with the terms of each of the Engagement Letters by and between the Debtors and each of the Appraisers, (ii) approving the terms of the Appraisers' retention and employment, including the fee and expense structure and the indemnification provisions, as applicable, as modified by the Omnibus Application and this Order, and (iii) granting related relief; and upon consideration of the Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Omnibus Application.

and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Omnibus Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Omnibus Application and opportunity for a hearing on the Omnibus Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Omnibus Application, if any, having been withdrawn, resolved or overruled; and the relief requested in the Omnibus Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Omnibus Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Omnibus Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 6005, and Local Rule 2014-1, the Debtors are authorized to employ and retain Appraisers of the Keys, JFW Ranch Consulting, H&LA, F.I. Salter, Dawn M. Powell, and BW Ferguson & Associates (each an "Appraiser" and collectively, the "Appraisers") to provide appraisal services for the Subject Properties, *nunc pro tunc* to June 18, 2020.

3. The terms of the Appraisers of the Keys Engagement Letter, attached hereto as **Exhibit 1** and as modified by the Omnibus Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

4. The terms of the JFW Ranch Consulting Engagement Letter, attached hereto as **Exhibit 2** and as modified by the Omnibus Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

5. The terms of the H&LA Engagement Letter, attached hereto as **Exhibit 3** and as modified by the Omnibus Application and this Order, including without limitation, the compensation and indemnification provisions, are reasonable terms and conditions of employment and are hereby approved.

6. The terms of the F.I. Salter Engagement Letter, attached hereto as **Exhibit 4** and as modified by the Omnibus Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

7. The terms of the Dawn M. Powell Engagement Letter, attached hereto as **Exhibit 5** and as modified by the Omnibus Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

8. The terms of the BW Ferguson Engagement Letter, attached hereto as **Exhibit 6** and as modified by the Omnibus Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

9. The requirement that the Appraisers keep detailed time records of time spent for professional services rendered in these chapter 11 cases pursuant to Local Rule 2016-2(d) is hereby waived; provided, however, that each Appraiser shall file a final application seeking the final allowance of compensation for appraisal services rendered to the Debtors, with a summary of fees earned and expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court. For the avoidance of doubt, each Appraiser shall be entitled, but not required, to submit one or more

applications for compensation for appraisal services prior to submitting a final application for final allowance of appraisal services rendered to the Debtors.

10. Notwithstanding anything to the contrary in the Omnibus Application or this Order, the fees payable to the Appraisers under the Engagement Letters shall be subject to review in accordance with the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to review under section 330 of the Bankruptcy Code; provided, however, that notwithstanding the foregoing, the U.S. Trustee may review the reasonableness of the Appraisers' fees requested in the final fee application under section 330 of the Bankruptcy Code.

11. Notwithstanding anything to the contrary in the Omnibus Application or any of its attachments, no amounts shall be paid to the Appraisers absent an order of this Court approving a fee application filed on notice to parties in interest in these chapter 11 cases under the procedures set forth in the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341], except that the Debtors are authorized to pay the following retainers when required under each applicable Engagement Letter without a prior fee application: (i) $2,500 to BW Ferguson; (ii) $18,000 to JFW Ranch Consulting; (iii) $12,500 to Appraisers of the Keys; and (iv) $12,500 to H&LA.

12. To the extent the Debtors enter into any additional engagement letters for the provision of additional appraisal and valuation services by the appraisers, the Debtors shall file such agreements with the Court and serve the applicable notice parties with copies of the same. To the extent any parties object, within fourteen (14) days of such new agreements being served, to the additional services to be provided by an Appraiser, the Debtors shall promptly schedule a hearing before the Court.  All additional services shall be subject to the provisions of this Order.

13. Notwithstanding anything to the contrary in any of the Engagement Letters, the Omnibus Application, or the Declarations, the indemnification provisions are hereby modified as follows:

(a) the Appraisers shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) the Debtors shall have no obligation to indemnify the Appraisers, or provide contribution or reimbursement to the Appraisers, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Appraisers' gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of the Appraisers' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the Appraisers' gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which the Appraisers should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by the Omnibus Application and this Order; and

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, an Appraiser believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an Engagement Letter (as modified by the Omnibus Application and this Order), including without limitation the advancement of defense costs, the Appraiser must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Appraiser before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Appraiser for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Appraiser. All parties in interest shall retain the right to object to any demand by an Appraiser for indemnification, contribution or reimbursement.

14. Except as otherwise provided herein, any limitation of liability provisions in the Engagement Letters or other retention documents shall not apply during these chapter 11 cases.

15. Each Appraiser shall use its reasonable best efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

16. To the extent that there is any inconsistency between the terms of any engagement letter approved herein, the Omnibus Application, or this Order, the provisions of this Order shall govern.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: July 8th, 2020
Wilmington, Delaware