# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| BOY SCOUTS OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>A.A., *et al.*,[2]<br><br>　　　　　　　　Defendants. | Adv. Pro. No. 20-50527 (LSS) |

### NOTICE OF **AMENDED**[3] AGENDA OF MATTERS SCHEDULED FOR HEARING ON JULY 9, 2020, AT 10:00 A.M. (ET)

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] A full list of the Defendants in this adversary proceeding was included in redacted form on Exhibit A to the BSA's *Verified Complaint for Injunctive Relief* [A.D.I No. 1] to protect the privacy interests of abuse victims. A revised proposed redacted version of the Complaint and Exhibit A thereto was filed on or about February 26, 2020 [A.D.I No. 14-1]. An unredacted version of the Complaint and Exhibit A thereto have been served on each Defendant's counsel.

[3]　　**Amended items appear in bold.**

> This hearing will be held telephonicallyand by video. All parties wishing to appear must do so telephonically by contacting COURTCALL, LLC at 866-582-6878 no later than July 9 at 8:30 a.m. to sign up. Additionally, anyone wishing to appear by Zoom is invited to use the link below.  All parties that will be arguing or testifying must appear by Zoom and CourtCall.  Participants on CourtCall should dial into the call not later than 10 minutes prior to the start of the scheduled hearing to insure a proper connection.
>
> PLEASE NOTE THAT THE MICROPHONES ON THE ZOOM MEETING WILL BE MUTED AND THE ONLY AUDIO WILL BE THROUGH COURTCALL.
>
> Topic: Boy Scouts of America Case No.  20-10343
>
> Time: July 9, 2020 10:00 AM Eastern Time (US and Canada)
>
> Join ZoomGov Meeting
> https://debuscourts.zoomgov.com/j/1610066093
>
> Meeting ID: 161 006 6093
> Password: 437965
>
> Join by SIP
> 1610066093@sip.zoomgov.com

RESOLVED MATTERS

1. Application of the Official Tort Claimants' Committee Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pasich LLP as Insurance Counsel Effective as of May 12, 2020 (D.I. 729, Filed 5/29/20).

   Objection Deadline:  June 12, 2020, at 4:00 p.m. (ET).

   Responses Received:  None.

   Related Pleadings:

   a) Certificate of No Objection Regarding Application of the Official Tort Claimants' Committee Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy

        Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pasich LLP as Insurance Counsel Effective as of May 12, 2020 (D.I. 859, Filed 6/16/20); and

    b)    Order Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pasich LLP as Insurance Counsel for the Official Tort Claimants' Committee Effective as of May 12, 2020 (D.I. 862, Entered 6/17/20).

Status:  An order has been entered.  No hearing is necessary.

2. Debtors' Application for Entry of an Order Authorizing the Retention and Employment of PricewaterhouseCoopers LLP as Independent Auditor and Tax Compliance Services Provider for the Debtors and Debtors in Possession, Effective as of February 18, 2020 (D.I. 796, Filed 6/5/20).

Objection Deadline:  June 19, 2020, at 4:00 p.m. (ET).

Responses Received:  None.

Related Pleadings:

    a)    Certificate of Counsel Regarding the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of PricewaterhouseCoopers LLP as Independent Auditor and Tax Compliance Services Provider for the Debtors and Debtors in Possession, Effective as of February 18, 2020 (D.I. 887, Filed 6/23/20); and

    b)    Order Authorizing the Retention and Employment of PricewaterhouseCoopers LLP as Independent Auditor and Tax Compliance Services Provider for the Debtors and Debtors in Possession, Effective as of February 18, 2020 (D.I. 889, Entered 6/24/20).

Status:  An order has been entered.  No hearing is necessary.

3. Debtors' Motion for Entry of an Order, Pursuant to 11 U.S.C. § 365(d)(4), Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (D.I. 857, Filed 6/16/20).

Objection Deadline:  June 30, 2020, at 4:00 p.m. (ET).

Responses Received:  None.

Related Pleadings:

    a)    Certificate of No Objection Regarding the Debtors' Motion for Entry of an Order, Pursuant to 11 U.S.C. § 365(d)(4), Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (D.I. 922, Filed 7/1/20); and

    b)    Order, Pursuant to 11 U.S.C. § 365(d)(4), Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (D.I. 954, Entered 7/6/20).

Status: An order has been entered. No hearing is necessary.

MATTERS UNDER CERTIFICATION

4.    Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insureds and Related Defense Costs Under Insurance Policies (D.I. 678, Filed 5/21/20).

Objection Deadline: June 1, 2020, at 4:00 p.m. (ET). Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

    a)    The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties

        and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

    b)    The Official Committee of Unsecured Creditors' Reservation of Rights to Motions for Relief from the Automatic Stay (D.I. 708, Filed 5/27/20);

    c)    The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and

    d)    The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:

    a)    Old Republic Insurance Company's Reply in Support of its Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insureds and Related Defense Costs Under Insurance Policies (D.I. 770, Filed 6/3/20);

    b)    Certification of Counsel Regarding Old Republic Insurance Company's Motion Pursuant to Section 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insureds and Related Defense Costs Under Insurance Polices (D.I. 965, Filed 7/6/20)**; and**

    **c)**    **Order Granting Old Republic Insurance Company's Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies (D.I. 985, Entered 7/8/20).**

Status:  **An order has been entered.  No hearing is necessary**.

5.    Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay Of 11 U.S.C. § 362 (D.I. 682, Filed 5/22/20).

Objection Deadline:  June 1, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

    a)    The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and

|   |   |   |
|---|---|---|
|   |   | Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] ([D.I. 702](), Filed 5/27/20); |
|   | b) | The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* ([D.I. 745](), Filed 6/1/20); and |
|   | c) | The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions ([D.I. 751](), Filed 6/1/20). |

Related Pleadings:

|   |   |   |
|---|---|---|
|   | a) | Certification of Counsel Regarding the Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. § 365 ([D.I. 966](), Filed 7/6/20)**; and** |
|   | b) | **Order Granting Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief From the Automatic Stay of 11 U.S.C. § 362 ([D.I. 986](), Entered 7/8/20).** |

Status: **An order has been entered.  No hearing is necessary**.

6. Evanston Insurance Company's Motion for Entry of an Order, Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies ([D.I. 686](), Filed 5/22/20).

Objection Deadline:  June 1, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

- a) The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

- b) The Official Committee of Unsecured Creditors' Reservation of Rights to Motions for Relief from the Automatic Stay (D.I. 708, Filed 5/27/20);

- c) The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and

- d) The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:

- a) Certification of Counsel Regarding the Evanston Insurance Company's Motion for Entry of an Order, Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies (D.I. 968, filed 7/7/20)**; and**

      b)    **Order Granting Evanston Insurance Company's Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies (D.I. 987, Entered 7/8/20).**

Status: **An order has been entered. No hearing is necessary**.

7.    Motion of the Debtors for Entry of an Order Approving the Stipulation (I) Lifting the Automatic Stay and (II) Approving the Dismissal of BSA Counterclaims and Cross-Claims, and (III) Granting Related Relief (D.I. 864, Filed 6/18/20).

Objection Deadline: July 2, 2020, at 4:00 p.m. (ET).

Responses Received:

      a)    Informal comments from the Official Committee of Tort Claimants.

Related Pleadings:

      a)    Certification of Counsel Regarding the Motion of the Debtors for Entry of an Order Approving the Stipulation (I) Lifting the Automatic Stay and (II) Approving the Dismissal of BSA Counterclaims and Cross-Claims, and (III) Granting Related Relief (D.I. 960, Filed 7/6/20)**; and**

      b)    **Order Approving the Stipulation (I) Lifting the Automatic Stay and (II) Approving the Dismissal of BSA Counterclaims and Cross-Claims, and (III) Granting Related Relief (D.I. 983, Entered 7/8/20).**

Status: **An order has been entered. No hearing is necessary**.

8.    Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Reject Unexpired Lease of Nonresidential Real Property with Dheera Limited Company, LLC, Effective as of June 30, 2020 and (B) Abandon Certain Personal Property in Connection Therewith and (II) Granting Related Relief (D.I. 865, Filed 6/18/20).

Objection Deadline: July 2, 2020, at 4:00 p.m. (ET).

Responses Received: None.

Related Pleadings:

      a)    Certificate of No Objection Regarding the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Reject Unexpired Lease of Nonresidential Real Property with Dheera Limited Company, LLC,

        Effective as of June 30, 2020 and (B) Abandon Certain Personal Property in Connection Therewith and (II) Granting Related Relief (D.I. 958, Filed 7/6/20)**; and**

    b)    **Order (I) Authorizing the Debtors to (A) Reject Unexpired Lease of Nonresidential Real Property with Dheera Limited Company, LLC, Effective as of June 30, 2020 and (B) Abandon Certain Personal Property in Connection Therewith and (II) Granting Related Relief (D.I. 981, Entered 7/8/20).**

Status:  **An order has been entered.  No hearing is necessary**.

9.    Debtors' Omnibus Application for Entry of an Order Authorizing the Retention and Employment of Appraisers for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to June 18, 2020 (D.I. 868, Filed 6/18/20).

Objection Deadline:  July 2, 2020, at 4:00 p.m. (ET).

Responses Received:

    a)    Informal comments from the U.S. Trustee.

Related Pleadings:

    a)    Supplement to Debtors' Omnibus Application for Entry of an Order Authorizing the Retention and Employment of Appraisers for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to June 18, 2020 (D.I. 909, Filed 6/29/20);

    b)    Certification of Counsel Regarding Debtors' Omnibus Application for Entry of an Order Authorizing the Retention and Employment of Appraisers for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to June 18, 2020 (D.I. 963, Filed 7/6/20)**; and**

    c)    **Order Authorizing the Retention and Employment of Appraisers for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to June 18, 2020 (D.I. 984, Entered 7/8/20).**

Status:  **An order has been entered.  No hearing is necessary**.

10.    Hartford's Motion for Entry of an Order Authorizing Hartford to File Under Seal (1) Portions of Hartford's Motion For Reconsideration, in part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief and (2) Exhibit 1 to the Declaration of Abigail W. Williams (D.I. 875, Filed 6/19/20);

Objection Deadline: July 2, 2020, at 4:00 p.m. (ET).

Responses Received: None.

Related Pleadings:

- a) Certificate of No Objection Regarding Hartford's Motion for Entry of an Order Authorizing Hartford to File Under Seal (1) Portions of Hartford's Motion For Reconsideration, in part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief and (2) Exhibit 1 to the Declaration of Abigail W. Williams (D.I. 969, filed 7/9/20)**; and**

- b) **Order Authorizing Hartford to File Under Seal (1) Portions of Hartford's Motion For Reconsideration, in part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief and (2) Exhibit 1 to the Declaration of Abigail W. Williams (D.I. 988, Entered 7/8/20).**

Status: **An order has been entered. No hearing is necessary**.

11. Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Executory Contracts with Oracle America, Inc., Effective as of June 30, 2020, and (II) Granting Related Relief (D.I. 906, Filed 6/25/20).

    Objection Deadline: July 2, 2020, at 4:00 p.m. (ET). Extended to July 3, 2020, at 12:00 p.m. (ET) for Oracle America, Inc.

    Responses Received: None.

    Related Pleadings:

    - a) Certificate of No Objection Regarding the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Executory Contracts with Oracle America, Inc., Effective as of June 30, 2020, and (II) Granting Related Relief (D.I. 959, Filed 7/6/20)**; and**

    - b) **Order (I) Authorizing the Debtors to Reject Executory Contracts with Oracle America, Inc., Effective as of June 30, 2020, and (II) Granting Related Relief (D.I. 982, Entered 7/8/20).**

    Status: **An order has been entered. No hearing is necessary**.

ADJOURNED MATTER

12. Debtors' Motion for Entry of an Order (I) Scheduling Certain Deadlines in Connection with Potential Disputes Regarding the Debtors' Identified Property and (II) Granting Related Relief (D.I. 19, Filed 2/18/20).

   Objection Deadline: March 11, 2020, at 4:00 p.m. (ET). Extended to July 2, 2020, at 4:00 p.m. (ET) for the Creditors' Committee, the Tort Claimants' Committee, the Future Claimants' Representative, JPMorgan Chase Bank, National Association, and the U.S. Trustee.

   Responses Received:

   a) Informal comments from the U.S. Trustee.

   Related Pleadings:

   a) Notice of Hearing of the Debtors' Motion for Entry of an Order (I) Scheduling Certain Deadlines in Connection with Potential Disputes Regarding the Debtors' Identified Property and (II) Granting Related Relief (D.I. 108, Filed 2/29/20).

   Status: This matter has been adjourned to a date to be determined.

MATTERS GOING FORWARD

13. Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K. (D.I. 545, Filed 5/4/20).

   Objection Deadline: May 27, 2020, at 4:00 p.m. (ET). Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

   Responses Received:

   a) The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and

>   362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);
>
>   b) The Official Committee of Unsecured Creditors' Reservation of Rights to Motions for Relief from the Automatic Stay (D.I. 708, Filed 5/27/20);
>
>   c) The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20); and
>
>   d) The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).
>
>   Related Pleadings:
>
>   **a)** **Certification of Counsel Regarding the Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K. (D.I. 978, Filed 7/8/20); and**
>
>   **b)** **Order Granting Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K. (D.I. 989, Entered 7/8/20).**
>
>   Status:  **An order has been entered.  No hearing is necessary**.

14. Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds (D.I. 583, 5/7/20).

    Objection Deadline:  May 27, 2020, at 4:00 p.m. (ET).  Extended to June 4, 2020, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

   a)   The Official Committee of Tort Claimants' Omnibus Objection to: (1) Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K [Docket No. 545]; (2) Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate the Claim and Collect from the Applicable Insurance Proceeds [Docket Nos. 575 and 583]; (3) Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtors Insureds and Related Defense Costs Under Insurance Policies [Docket No. 678]; (4) Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. Section 362 [Docket No. 682]; and (5) Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies [Docket No. 686] (D.I. 702, Filed 5/27/20);

   b)   The Official Committee of Unsecured Creditors' Reservation of Rights to Motions for Relief from the Automatic Stay (D.I. 708, Filed 5/27/20);

   c)   The Future Claimants' Representative's Omnibus Objection to Motions for Relief from the Automatic Stay Brought by Old Republic Insurance Company, *et al.* (D.I. 745, Filed 6/1/20);  and

   d)   The Official Committee of Unsecured Creditors' (I) Limited Objection to the Stay Relief Motions and (II) Limited Joinder to the Official Committee of Tort Claimants' Omnibus Objection to the Stay Relief Motions (D.I. 751, Filed 6/1/20).

Related Pleadings:

   a)   [WITHDRAWN] Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds (D.I. 575, Filed 5/6/20);

   b)   Notice of Withdrawal (D.I. 592, Filed 5/8/20);

      c)      Reply of Timothy and Karen Spahr, Individually and a/n/f of ZRS, a Minor, in Support of Their Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds (D.I. 953, Filed 7/6/20)**;**

      **d)      Certification of Counsel Regarding the Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds (D.I. 979, Filed 7/8/20); and**

      **e)      Order Granting Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds (D.I. 990, Entered 7/8/20).**

Status: **An order has been entered. No hearing is necessary**.

15.    Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof (D.I. 858, Filed 6/16/20).

Objection Deadline: June 30, 2020, at 4:00 p.m. (ET).

Responses Received:

      a)      The Official Committee of Tort Claimants' Response to Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof (D.I. 915, Filed 6/30/20); and

      b)      Statement of the Creditors' Committee with Respect to the Debtors' Motion for Entry of an Order Extending the Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof (D.I. 947, Filed 7/2/20).

Related Pleadings:

      a)      Debtors' Reply to Statements of the Tort Claimants' Committee and the Creditors' Committee with Respect to the Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof (D.I. 955, Filed 7/6/20).

Status: This matter is going forward.

16. [SEALED] Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation and (III) Granting Related Relief (D.I. 860, Filed 6/16/20).

    Objection Deadline:  July 2, 2020, at 4:00 p.m. (ET).

    Responses Received:

    a) [SEALED] Joinder to Hartford's Motion for Reconsideration (D.I. 888, Filed 6/23/20);

    c) [SEALED] Objection of the Tort Claimants' Committee to Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 941, Filed 7/2/20);

    d) Objection of the Tort Claimants' Committee to Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing. Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 942, Filed 7/2/20);

    e) Debtors' Objection to Hartford's Motion for Reconsideration of the Court's Mediation Order and Century's Joinder Thereto (D.I. 944, Filed 7/2/20);

    f) Joinder of the Future Claimants' Representative to the Objection of the Tort Claimants' Committee to Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 951, Filed 7/2/20); and

    g) [SEALED] Omnibus Reply in Support of Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 957, Filed 7/6/20).

    Related Pleadings:

    a)  Hartford's Motion for Reconsideration, in part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 876, Filed 6/19/20);

    b) Notice of Hearing Regarding (I) Hartford's Motion for Reconsideration, and (II) Hartford's Motion to Seal in Connection Therewith (D.I. 877, Filed 6/19/20);

      c)     Motion for Entry of Order Authorizing Century to File Under Seal (1) Portions of its Joinder to Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief and (2) Certain Exhibits Attached to the Declaration of Janine Panchok-Berry (D.I. 919, Filed 7/1/20);

      d)     Omnibus Reply in Support of Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 964, Filed 7/6/20); and

      e)     Motion for Entry of an Order Authorizing Tort Claimants' Committee to File Under Seal Portions of Objection of the Tort Claimants' Committee to Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 967, filed 7/7/20).

<u>Status</u>:  This matter is going forward.

17.     Lianfen Qian's Motion for Relief from the Automatic Stay to Proceed Against Insurance Policies (D.I. 904, Filed 6/25/20).

<u>Objection Deadline</u>:  July 2, 2020, at 4:00 p.m. (ET); extended for the Debtors to July 7, 2020 at 4:00 p.m.

<u>Responses Received</u>:

      a)     The Official Committee of Tort Claimants' Objection to Lianfen Qian's Motion for Relief from the Automatic Stay to Proceed Against Insurance Policies (D.I. 938, Filed 7/2/20);

      b)     The Future Claimants' Representative's Objection to Lianfen Qian's Motion for Relief from the Automatic Stay to Proceed Against Insurance Policies (D.I. 940, Filed 7/2/20); and

      c)     The Official Committee of Unsecured Creditors' Limited Objection to Lianfen Qian's Motion for Relief from the Automatic Stay to Proceed Against Insurance Policies (D.I. 945, Filed 7/2/20).

<u>Related Pleadings</u>:

      **a)**     **Certification of Counsel Regarding Lianfen Qian's Motion for Relief from the Automatic Stay to Proceed Against Insurance Policies (D.I. 980, Filed 7/8/20).**

Status:  **A certification of counsel has been filed.  No hearing is necessary unless the court has questions**.

INTERIM FEE APPLICATIONS

18. Interim Fee Application Hearing.

   Related Pleadings: See attached Exhibit A.

   **a) Certification of Counsel Regarding Proposed First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals (D.I. 991, Filed 7/9/20).**

   Status:  This matter is going forward.

ADVERSARY PROCEEDING

*Boy Scouts of America v. A.A. et al., Adv. Pro. No. 20-50527*

19. Second Stipulation and Agreed Order by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period (A.D.I. 77, Entered 6/9/20).

   Responses Received:

   a) Notice of Filing Verified Response of Defendant Frank Joseph Schwindler to the BSA's Reply Brief in Further Support of Motion for Preliminary Injunctive Relief (A.D.I. 53-2; Filed 3/29/20);

   b) Objection to Stipulation and Agreed Order by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 (A.D.I. 74, Filed 6/2/20);

   c) Creditors KS-Doe-1 Through KS-Does 22's Objection to Stipulation and Agreed Order by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 (A.D.I. 75, Filed 6/2/20).; and

   d) Objection of the Kentucky Defendants to Stipulation and Agreed Order by and Among the Boy Scouts of America, the Office Committee of

       Survivors of Abuse and the Official Committee of Unsecured Creditor Extending the Termination Date of the Standstill Period Under the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105 (a) and (362) (A.D.I. 80, Filed 6/19/20).

Related Pleadings:

    a)    Notice of Filing of Amended Schedule 1 to Consent Order (A.D.I. 81, Filed 7/2/20);

    b)    The BSA's Reply Brief in Further Support of Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code (A.D.I. 82, Filed 7/2/20); and

    c)    Declaration of Adrian C. Azer in Support of the BSA's Reply Brief in Further Support of Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code (A.D.I. 83, Filed 7/2/20).

Status:  **The Debtors have resolved all objections and responses.  This matter is going forward as a status conference.**

| | |
|---|---|
| Dated: July 9, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>         aremming@mnat.com<br>         emoats@mnat.com<br>         ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>         mandolina@sidley.com<br>         mlinder@sidley.com<br>         blair.warner@sidley.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |