

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

Laurie Selber Silverstein
Judge

824 N. Market Street
Wilmington, DE 19801
(302) 252-2900

July 14, 2020

**Via CM/ECF Notification:**

To all counsel in Boy Scouts of America. - Case No. 20-10343

    Re:    <u>Motion for Reconsideration</u>

Dear Counsel:

    On June 16, 2020, Hartford[1] filed its Motion for Reconsideration,[2] of my order appointing mediators as it relates to the appointment of Mr. Paul Finn. The Motion for Reconsideration was joined by Century.[3] It was opposed by Debtors, the Tort Claimants Committee and the Future Claimants' Representative.

    I have reviewed *In re Kensington International Ltd.*, 368 F.3d 289 (3d Cir. 2004) and considered arguments of counsel made at the July 9, 2020 hearing. I have also considered Mr. Finn's two declarations.[4]

    As I stated at the July 9 hearing, the issue is whether the information that came to light after I appointed Mr. Finn as one of three mediators in this matter causes me to

---

[1] Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company.

[2] Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 860)

[3] Century's Joinder to Hartford's Motion for Reconsideration, in Part, of the Court's Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (D.I. 888).

[4] Declaration of Paul A. Finn, Mediator, Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with respect to Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (Dkt. No. 710); Supplemental Declaration of Paul A. Finn, Mediator, Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with respect to Debtors' Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (Dkt. No. 918).

Boy Scouts of America, Inc. - Case No. 20-10343
July 14, 2020
Page 2

reconsider that decision. While I find Mr. Finn's initial disclosure less than fulsome, which is somewhat disappointing, it does not cause me concern that he is impartial or cannot serve as one of the three appointed mediators.

As the parties know, there was much discussion at the initial hearing of a claims matrix circulated at the November, 2019 mediation held at Sidley's office. Mr. Finn's first declaration stated that he "under[stood] that a matrix was distributed by one of the parties. I do not remember the matrix being distributed and I do not have a copy of said matrix." In his Supplemental Declaration filed after my initial ruling, Mr. Finn states: "I understand a matrix was distributed by one of the parties. I do not remember the matrix being distributed; however, newly discovered information prompted me to search my old emails from October 2019. I found a confidential email which had a matrix attached. I do not remember reading the email and I do not remember opening the matrix attachment and I have not opened the matrix attachment since discovering this email. The only thing I know about the contents of the matrix attachment I have learned from statements made in motions filed by some insurers and not from the matrix attachment itself."

The standard enunciated in *Kensington* is "whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality."[5] The new disclosure does not give me, nor do I think it gives a reasonable man knowing all the circumstances, reason to question Mr. Finn's impartiality or ability to be a true neutral in the Boy Scouts mediation. Mr. Finn's expanded (and changed) testimony is that while he received the matrix, he does not recall reading the matrix and has no recollection of its contents. Further, his receipt of the matrix was as a mediator and, contrary to Hartford's suspicions, there is nothing to suggest that Mr. Finn had input to the matrix or formed a view as to the matrix.

The parties, not Mr. Finn or any of the other mediators, will ultimately decide if a negotiated resolution can be reached. And, I will ultimately rule on any plan put before the court for confirmation. While I share Hartford's dismay at receiving new information after the hearing at which it should have been presented, I find no basis to revisit my decision.

An order will enter denying the Motion to Reconsider.

Very truly yours,

*Laurie Selber Silverstein*
Laurie Selber Silverstein

LSS/cmb

---

[5] 368 F.3d at 301.