**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: August 6, 2020 at 10:00 a.m. (ET)<br>Objection Deadline: July 30, 2020 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER,
PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE,
AUTHORIZING BOY SCOUTS OF AMERICA TO DISSOLVE INACTIVE
NON-DEBTOR SUBSIDIARIES, NEWWORLD19, LLC AND TEXAS BSA, LLC**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to section 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing BSA to dissolve non-operating non-debtor subsidiaries NewWorld19, LLC ("NewWorld") and Texas BSA, LLC ("Texas BSA"). In support of this Motion, the Debtors respectfully state as follows:

**STATUS OF CASES AND JURISDICTION**

1.      The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code. On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future abuse claimants (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested in this Motion is section 363(b) of the Bankruptcy Code.

**BACKGROUND OF THE DEBTORS**

5. Information regarding the Debtors' non-profit operations, capital structure, and the circumstances preceding the Petition Date may be found in the *Declaration of Brian*

*Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "<u>First Day Declaration</u>") and the *Debtors' Informational Brief* [Docket No. 4].

## THE INACTIVE SUBSIDIARIES

6. As described in the First Day Declaration, BSA has several subsidiaries.[2] Two of these subsidiaries, NewWorld and Texas BSA, had no operations or assets as of the Petition Date and remain inactive as of the date hereof:

- **<u>NewWorld19</u>**. BSA is the sole member of NewWorld, a non-profit limited liability company incorporated under the laws of Texas on October 12, 2015. NewWorld was formed to sponsor, organize and host the 2019 World Scout Jamboree. Under the terms of NewWorld's operating agreement, BSA paid all of the expenses of planning and operating the 2019 World Scout Jamboree and was entitled to the revenues derived from the 2019 World Scout Jamboree. Ultimately, the expenses of the 2019 World Scout Jamboree exceeded revenues by approximately $2,878,000.[3] BSA will write off this loss in connection with the dissolution of NewWorld. NewWorld has no assets or operations.

- **<u>Texas BSA, LLC</u>**. BSA is the sole member of Texas BSA, a non-profit limited liability company incorporated under the laws of Texas on July 12, 2019. Texas BSA has never had any assets, liabilities or operations other than holding approximately $10,000 of cash which was contributed by and will be returned to BSA.

7. BSA no longer has any need to maintain NewWorld or Texas BSA as subsidiaries because they provide no benefit to the Debtors or the mission of Scouting. Other than as set forth above, neither New World nor Texas BSA has any ongoing operations or assets, and the Debtors do not anticipate that either entity will have any operations or assets in the future. NewWorld and Texas BSA are required to pay costs associated with ongoing state registration fees, franchise taxes, and related reporting requirements for limited liability corporations in the ordinary course. Moreover, the Debtors are required to prepare and file periodic reports for NewWorld and Texas

---

[2] *See* First Day Declaration ¶ 23 & n.5.

[3] This amount is included in the total accounts receivable of approximately $15.4 million that are listed in BSA's *Schedules of Assets and Liabilities for Boy Scouts of America (Case No. 20-10343)* [Docket No. 375].

3

BSA under Bankruptcy Rule 2015.3.  The Debtors are requesting authority to dissolve NewWorld and Texas BSA to avoid unnecessarily incurring any such costs or expenses going forward.

### RELIEF REQUESTED

8. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing BSA to dissolve NewWorld and Texas BSA.

### BASIS FOR RELIEF

9. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  In the Third Circuit, the standard for approval of the sale or use of property of the estate under section 363(b) is whether the debtor can demonstrate a sound business justification for the proposed transaction.  *Dai-ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions.") (citing to *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test in the context of a sale of assets under § 363(b))); *In re Stroud Food*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991) (adopting *Lionel* in this District in the context of a sale of assets).

10. Once a debtor has articulated a sound business purpose, "the law vests a debtor's decision to use property out of the ordinary course of business with a 'strong presumption' that corporate business decisions are made on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re 1031 Tax Grp.*, LLC,

No. 07-11448 (MG), 2007 WL 2085384, *5 (Bankr. S.D.N.Y. 2007) (citing *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992)); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "the business judgment rule is a presumption that directors act in good faith, on an informed basis, honestly believing that their action is in the best interests of the company" and stating further that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").[4]

11. BSA has determined, in the exercise of its sound business judgment, that maintaining NewWorld and Texas BSA as active subsidiaries provides no benefit to the estates. As discussed above, NewWorld and Texas BSA are inactive entities with no material assets. Dissolving these entities will allow the Debtors to avoid incurring the costs of state registration fees, franchise taxes, and related reporting requirements. Accordingly, the Debtors respectfully request that the Court authorize BSA to dissolve NewWorld and Texas BSA pursuant to section 363(b) of the Bankruptcy Code.

## **WAIVER OF BANKRUPTCY RULE 6004(h) REQUIREMENTS**

12. In addition, by this Motion, the Debtors request a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, the Debtors require immediate relief in the form of an order to avoid any unnecessary costs associated with state registration fees, franchise taxes, or related

---

[4] This Court has previously authorized debtors in possession to dissolve non-debtor affiliates under the sound business purpose test. *See, e.g., Achaogen Inc.*, Case No. 19-10844 (BLS) (Bankr. D. Del. Feb. 3, 2020) (authorizing dissolution of non-debtor affiliates); *In re F-Squared Inv. Mgmt, LLC*, Case No. 15-11469 (LSS) (Bankr. D. Del. Oct. 13, 2015) (same); *In re Savient Pharm., Inc.*, Case No. 13-12680 (MFW) (Bankr. D. Del. Nov. 4, 2013) (same); *In re Advanta Corp.*, Case No. 09-13931 (KJC) (Bankr. D. Del. Sept. 21, 2010) (same).

reporting requirements. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## **NOTICE**

13. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated:  July 16, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/  Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Email:  dabbott@mnat.com<br>          aremming@mnat.com<br>          emoats@mnat.com<br>          ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:  (212) 839-5300<br>Email:  jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Email:  tlabuda@sidley.com<br>          mandolina@sidley.com<br>          mlinder@sidley.com<br>          blair.warner@sidley.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |