IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  August 17, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**THIRD MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM MAY 1, 2020 THROUGH MAY 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2020 through May 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $659,618.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   3,681.07 |

This is a:        x   monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $6,064.88 | Pending | Pending |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $3,045.94 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 93.00 | $111,135.00 |
| Dean A. Ziehl | Partner 1983; Member of CA Bar 1978; Member of DC Bar since 2002; Member of NY Bar since 2003 | $1,195.00 | 0.10 | $        119.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 12.30 | $ 14,083.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 71.40 | $ 81,753.00 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 111.30 | $119,647.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 6.30 | $    6,772.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 64.60 | $ 69,445.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 56.50 | $ 57,912.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $    995.00 | 9.10 | $    9,054.50 |
| James E. Mahoney | Partner 2006; Member of CA Bar since 1967 | $    995.00 | 4.20 | $    4,179.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $    950.00 | 2.20 | $    2,090.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Harry D. Hochman | Of Counsel 2004; member of CA Bar since 1987 | $  950.00 | 4.30 | $   4,085.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 57.30 | $ 53,002.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $  850.00 | 5.00 | $   4,250.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 90.20 | $ 74,415.00 |
| Gina F. Brandt | Of Counsel 2000; Member of CA Bar since 1976 | $  825.00 | 3.30 | $   2,722.50 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $  795.00 | 4.60 | $   3,657.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  795.00 | 28.10 | $ 21,777.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $  795.00 | 4.20 | $   3,339.00 |
| Leslie A. Forrester | Law Library Director | $  450.00 | 7.40 | $   3,330.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 27.40 | $ 11,645.00 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.60 | $      255.00 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 0.30 | $      118.50 |
| Mike A. Matteo | Paralegal 2001 | $  395.00 | 2.10 | $      829.50 |

**Grand Total:**     $659,618.50
**Total Hours:**          665.80
**Blended Rate:**      $990.72

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 39.20 | $ 42,066.00 |
| Bankruptcy Litigation | 105.40 | $104,707.50 |
| Business Operations | 6.10 | $  5,975.00 |
| Case Administration | 17.70 | $  8,650.50 |
| Claims Admin./Objections | 200.70 | $216,277.50 |
| Compensation of Professional | 31.40 | $ 24,431.00 |
| Compensation of Prof./Others | 14.60 | $ 11,687.00 |
| Financing | 8.30 | $  8,692.00 |
| General Creditors Comm. | 70.20 | $ 72,331.00 |
| Hearing | 46.60 | $ 46,431.00 |
| Insurance Coverage | 9.50 | $  8,090.50 |
| Meeting of Creditors | 0.20 | $     185.00 |
| Plan & Disclosure Statement | 23.30 | $ 20,466.00 |
| Retention of Professional | 3.50 | $  2,907.50 |
| Retention of Prof./Others | 17.60 | $ 15,688.00 |
| Schedules/Sofa | 0.30 | $     322.50 |
| Stay litigation | 71.20 | $ 70,710.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[2] | Total Expenses |
|---|---|---|
| Conference Call | Loop Up; AT&T Conference Call; CourtCall | $2,143.95 |
| Federal Express | | $   457.38 |
| Filing Fee | | $     25.00 |
| Outside Services | Zoom meeting | $     12.74 |
| Postage | US Mail | $   338.20 |
| Reproduction Expense | | $   239.90 |
| Reproduction/Scan Copy | | $   463.90 |

---

[2] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  August 17, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

### THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM MAY 1, 2020 THROUGH MAY 31, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from May 1, 2020 through May 31, 2020 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $659,618.50 and actual and necessary expenses in the amount of $3,681.07 for a total allowance of $663,299.57 and payment of $527,694.80 (80% of the allowed fees) and reimbursement of $3,681.07 (100% of the allowed expenses) for a total payment of $531,375.87 for the period May 1, 2020 through May 31, 2020 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee, was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  As set forth in its employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.     PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.     With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

14.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

15.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed financial statements and an annual report of the Greater New York Council; (2) performed work regarding a supplementary memorandum on avoidable transfers; (3) reviewed and analyzed issues regarding standing to assert alter ego claims against Local Councils and avoid fraudulent transfers, and prepared a memorandum on such issues; (4) reviewed and analyzed issues regarding Local Council assets; (5) reviewed and analyzed issues regarding financial projections; (6) reviewed and analyzed issues regarding employment of a consultant to assist with database; (7) reviewed and analyzed an asset recovery analysis; (8) reviewed and analyzed issues regarding property transfers by Local Councils; (9) performed work regarding agreements with MIPRO; (10) prepared for teleconferences and conferred with State Court Counsel regarding Local Council assets and possible recoveries; (11) reviewed and analyzed issues regarding national title searches; (12) performed work regarding a letter to the Debtors' counsel regarding monitoring Local Council assets; (13) reviewed and analyzed issues regarding the identification and valuation of property of the Debtors' and others; (14) reviewed and analyzed issues regarding having a title company track the status of properties; and (15) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $42,066.00;    Hours:  39.20

**B.      Bankruptcy Litigation**

16.      This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the Debtors' accounting system and document discovery issues; (2) performed work regarding a protective order relating to document access; (3) reviewed and analyzed insurance companies' proposed changes to the draft protective order; (4) reviewed and analyzed issues regarding a mediation order; (5) reviewed and analyzed the Debtors' proposed stipulation extending the terms of a preliminary injunction; (6) reviewed and analyzed the Debtors' proposal regarding access to the Debtors' accounting system; (7) prepared for and participated in a teleconference with representatives of the Debtors and Ad Hoc Committee of Local Councils regarding production of Local Council documents; (8) performed work regarding discovery issues related to the Ad Hoc Committee of Local Councils; (9) monitored the status of discovery; (10) reviewed and analyzed issues regarding document production; (11) reviewed and analyzed witness planning issues; (12) performed work regarding finalizing the protective order; (13) reviewed and analyzed the motion to approve protective order and prepared a joinder to such motion; (14) reviewed and analyzed issues regarding the retention of MIPRO to provide support in connection with access to the accounting system; (15) reviewed and analyzed issues regarding the scope of the preliminary injunction; (16) performed work regarding an opposition to motion to extend preliminary injunction; (17) performed work regarding preliminary injunction negotiations; (18) reviewed and analyzed conditions that can be imposed through a Local Council injunction; (19) reviewed and analyzed

Local Council property transfer issues; (20) reviewed and analyzed Agenda Notices; (21) reviewed and analyzed issues regarding the Debtors' claw-back for insurance documents; (22) reviewed and analyzed document requests concerning real property transfers; (23) reviewed and analyzed common interest privilege issues; (24) prepared for and participated in teleconferences with representatives of interested parties regarding a draft protective order; (25) reviewed and analyzed the Hartford Insurance Co. complaint against the Debtors, and others; (26) reviewed and analyzed issues insurance companies comments to the draft protective order; (27) reviewed and analyzed issues regarding the preliminary injunction as it related to demands on Local Councils; (28) attended to deadline issues; (29) reviewed and analyzed Century Indemnity's objection to the proposed protective order; (30) reviewed and analyzed issues regarding an extension of the preliminary injunction, and reviewed and analyzed a letter from BSA to the Local Councils regarding the terms of injunction extension; (31) performed work regarding an acknowledgement agreement related to Local Councils and preliminary injunction; (32) performed work regarding a joinder to the Debtors' motion to file reply in support of motion for order approving stipulated confidentiality and protective order; (33) reviewed and analyzed the Century Indemnity's status report on mediation; (34) reviewed and analyzed issues regarding a Bankruptcy Rule 2004 motion to obtain Local Council information; (35) performed research regarding the common interest doctrine; (36) prepared for and attended a hearing on May 29, 2020; and (37) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $104,707.50;    Hours:  105.40

### C.    Business Operations

17.    This category relates to work regarding business operations issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding non-profit statistics; (2) reviewed and analyzed Debtors' operations issues; and (3) conferred regarding operations issues.

Fees:  $5,975.00;        Hours:  6.10

### D.    Case Administration

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) performed work regarding a revised noticing designation form; (2) maintained a memorandum of critical dates; (3) maintained service lists; (4) maintained a work-in-progress list; (5) maintained contact lists; and (6) performed work regarding *pro hac vice* motions and orders.

Fees:  $8,650.50;        Hours:  17.70

### E.    Claims Admin/Objections

19.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the bar date and claims process; (2) attended to issues regarding proof of claim forms; (3) reviewed and analyzed issues regarding the Debtors' proposed bar date dissemination program; (4) reviewed and analyzed a revised bar date order; (5) reviewed and analyzed issues regarding proof of claim forms for abuse claims; (6) prepared for and participated in a conference call with members of the Committee and State Court Counsel regarding proof of

claim form issues; (7) reviewed and analyzed issues regarding definitions and proof of claim form provisions; (8) reviewed and analyzed a bar date motion and related documents; (9) performed work regarding an objection to the bar date motion; (10) prepared for and participated in telephonic conference with the Committee regarding sexual abuse survivor proof of claim issues, and revised the proof of claim form in response to comments; (11) performed research; (12) performed work regarding the declaration of Dr. Conte in support of an objection to the bar date motion; (13) performed work regarding bar date notices, including short and long forms, and an email form; (14) performed work regarding a notice of filing of Dr. Conte's CV in support of declaration relating to objection to bar date motion; (15) performed work regarding a supplemental declaration of Dr. Conte in support of objection to bar date motion; (16) reviewed and analyzed the United States Trustee's objection to the bar date motion; (17) reviewed and analyzed litigation strategy related to bar date and claim form issues; (18) prepared for a hearing on bar date and claims form issues; (19) reviewed and analyzed witness and exhibit lists; (20) performed work regarding witness preparation; (21) performed work regarding a notice of deposition of Shannon Wheatman; (22) reviewed and analyzed the Wheatman declaration, including reviewing and analyzing case law cited such in such declaration; (23) reviewed and analyzed an order for hearing procedures relating to witnesses at the hearing on the bar date motion; (24) reviewed and analyzed issues regarding Wheatman experience; (25) performed work regarding negotiations relating to bar date issues; (26) reviewed and analyzed supplemental bar date materials filed by the Debtors; (27) reviewed and analyzed discovery issues relating to the bar date motion; (28) reviewed and revised a proposed notice and proof of claim form in

preparation for a conference call with the Debtors' attorneys, and prepared for and participated in

such call; (29) prepared for the hearing on the bar date motion, including work on a tender,

proffer, witness outline, and review of documents; (30) reviewed and analyzed bar date issues

relating to Hartford and Century; (31) performed work regarding a memorandum for the

Committee members and counsel summarizing outstanding issues related to the proof of claim

form and notice of bar date; and (32) corresponded and conferred regarding claim issues.

Fees:  $216,277.50;    Hours:  200.70

**F.    Compensation of Professionals**

20.    This category relates to work regarding compensation of the Firm.  During

the Interim Period, the Firm, among other things, performed work regarding its March and April

2020 and First Quarterly fee applications, monitored the status and filing of fee applications, and

conferred and corresponded regarding compensation issues.

Fees:  $24,431.00;    Hours:  31.40

**G.    Compensation of Professionals--Others**

21.    This category relates to work regarding compensation of professionals,

other than the Firm.  During the Interim Period, the Firm, among other things:  (1) reviewed and

analyzed the Bates, A&M and Ogletree March 2020 fee applications, and prepared a

memorandum regarding such analysis; (2) reviewed and analyzed issues regarding the BRG fee

application; (3) reviewed and analyzed fee examiner issues; and (4) corresponded and conferred

regarding fee issues.

Fees:  $11,687.00;    Hours:  14.60

**H.     Financing**

22.     This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things:  (1) attended to deadlines regarding lien challenge; (2) reviewed and analyzed the JPM loan and security documents; (3) reviewed and analyzed UCC filings and issues regarding the Debtors' domicile; (4) reviewed and analyzed issues regarding IRDB bonds related to Fayette County; (5) reviewed and analyzed issues regarding missing documents related to the JPM analysis; (6) prepared for and participated in a conference call with representatives of the general unsecured creditors committee and the Future Claims Representative regarding JPM challenge issues; (7) reviewed and analyzed mortgage documents; (8) performed work regarding a lien perfection memorandum; and (9) corresponded and conferred regarding financing issues.

Fees:  $8,692.00;        Hours:  8.30

**I.     General Creditors Committee**

23.     This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed corporate by-laws, charters, rules and regulations for BSA entities; (2) reviewed and analyzed issues regarding non-profit debtors; (3) reviewed and analyzed issues regarding mediation and protective orders, and claims process issues; (4) prepared for and attended conference calls with State Court Counsel and the Committee; (5) reviewed and analyzed fiduciary duties issues relating to specialized committees; (6) reviewed and analyzed issues regarding preliminary injunction, bar date order, and Sidley employment; (7) performed work regarding preparation of agenda memorandums for

Committee meetings; (8) reviewed and analyzed discovery issues; (9) reviewed and analyzed bar date and claim form issues; (10) updated the Committee and State Court Counsel regarding upcoming hearings and results of hearings; (11) reviewed and analyzed Local Council asset issues; (12) reviewed and analyzed asset transfer issues; (13) reviewed and analyzed issues regarding case strategies and Plan confirmation standards; (14) performed work regarding proposed final forms of order and exhibits on bar date motion; (15) reviewed and analyzed issues regarding a letter to the Debtors relating to asset transfers and preliminary injunction; (16) reviewed and analyzed insurance issues; (17) reviewed and analyzed real property valuation issues; (18) reviewed and analyzed Plan issues; (19) reviewed and analyzed issues regarding personal injury actions and relief from stay motions; and (20) corresponded and conferred regarding general creditors committee issues.

Fees:  $72,331.00;      Hours:  70.20

**J.      Hearing**

24.      This category relates to hearing issues.  During the Interim Period, the Firm, among other things, prepared for and attended a hearing on May 4, 2020 regarding Sidley Austin retention, and prepared for and attended Omnibus hearings on May 18 and 29, 2020.

Fees:  $46,431.00;      Hours:  46.60

**K.      Insurance Coverage**

25.      This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding Century Indemnity; (2) reviewed and analyzed additional insured issues; (3) performed work regarding a

coverage chart; (4) reviewed and analyzed issues regarding reopening of camps; (5) reviewed

and analyzed the Hartford complaint; (6) attended to issues regarding Pasich; (7) reviewed and

analyzed issues regarding Mid Valley; and (8) conferred and corresponded regarding insurance

issues.

Fees:  $8,090.50;        Hours:  9.50

### L.    Meeting of Creditors

26.    This category relates to meeting of creditors issues.  During the Interim

Period, the Firm, among other things, reviewed and analyzed issues regarding a Section 341

meeting of creditors.

Fees:  $185.00;        Hours:  0.20

### M.    Plan and Disclosure Statement

27.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed mediator selection issues; (2) reviewed and analyzed issues regarding

a mediation motion and order; (3) attended to deadline issues; (4) performed work regarding

negotiations and revisions to a draft mediation order; (5) reviewed and analyzed objections by

insurers to the mediation motion and proposed order; and (6) conferred and corresponded

regarding Plan and Disclosure Statement issues.

Fees:  $20,466.00;      Hours:  23.30

**N.      Retention of Professionals**

28.      This category relates to work regarding the retention of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its retention, including reviewing and analyzing potential conflicts issues.

Fees:  $2,907.50;         Hours:  3.50

**O.      Retention of Professionals--Others**

29.      This category relates to work regarding the retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Pasich and Conte retentions; (2) reviewed and analyzed issues regarding the Sidley Austin retention application; (3) performed work regarding MIPRO employment; (4) reviewed and analyzed the Ankara retention application; and (5) conferred and corresponded regarding retention issues.

Fees:  $15,688.00;        Hours:  17.60

**P.      Schedules and Statement**

30.      This category relates to work regarding the Debtors' Schedules and Statements.  During the Interim Period, the Firm, among other things, reviewed and analyzed the Debtors' Schedules.

Fees:  $322.50;         Hours:  0.30

**Q.      Stay Litigation**

31.      This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed the Knight relief from stay motion; (2) reviewed and analyzed the ORIC insurance

policy and program documents; (3) reviewed and analyzed letter of credit issues; (4) reviewed

and analyzed the Spahr relief from stay motion; (5) reviewed and analyzed the Old Republic

relief from stay motion; (6) reviewed and analyzed the Erikson and Evanston relief from stay

motions; (7) performed work regarding the ORIC relief from stay motion; (8) performed work

regarding an Omnibus response to relief from stay motions; and (9) corresponded and conferred

regarding stay issues.

Fees:  $70,710.50;     Hours:  71.20

**Valuation of Services**

32.     Attorneys and paraprofessionals of PSZ&J expended a total 665.80 hours

in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 93.00 | $111,135.00 |
| Dean A. Ziehl | Partner 1983; Member of CA Bar 1978; Member of DC Bar since 2002; Member of NY Bar since 2003 | $1,195.00 | 0.10 | $      119.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 12.30 | $  14,083.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 71.40 | $  81,753.00 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 111.30 | $119,647.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 6.30 | $    6,772.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 64.60 | $  69,445.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 56.50 | $ 57,912.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 9.10 | $  9,054.50 |
| James E. Mahoney | Partner 2006; Member of CA Bar since 1967 | $  995.00 | 4.20 | $  4,179.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 2.20 | $  2,090.00 |
| Harry D. Hochman | Of Counsel 2004; member of CA Bar since 1987 | $  950.00 | 4.30 | $  4,085.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 57.30 | $ 53,002.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $  850.00 | 5.00 | $  4,250.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 90.20 | $ 74,415.00 |
| Gina F. Brandt | Of Counsel 2000; Member of CA Bar since 1976 | $  825.00 | 3.30 | $  2,722.50 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $  795.00 | 4.60 | $  3,657.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  795.00 | 28.10 | $ 21,777.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $  795.00 | 4.20 | $  3,339.00 |
| Leslie A. Forrester | Law Library Director | $  450.00 | 7.40 | $  3,330.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 27.40 | $ 11,645.00 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.60 | $    255.00 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 0.30 | $    118.50 |
| Mike A. Matteo | Paralegal 2001 | $  395.00 | 2.10 | $    829.50 |

**Grand Total:**    **$659,618.50**
**Total Hours:**        **665.80**
**Blended Rate:**      **$990.72**

33.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $659,618.50.

34.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of May 1, 2020 through May 31, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $659,618.50 and actual and necessary expenses in the amount of $3,681.07 for a total allowance of $663,299.57 and payment of $527,694.80 (80% of the allowed fees) and reimbursement of $3,681.07 (100% of the allowed

expenses) be authorized for a total payment of $531,375.87; and for such other and further relief

as this Court deems proper.

Dated:  August 3, 2020                    PACHULSKI STANG ZIEHL & JONES LLP

                                          _____/s/ James E. O'Neill_____
                                          James I. Stang (CA Bar No. 94435)
                                          Robert B. Orgel (CA Bar No. 10187)
                                          James E. O'Neill (DE Bar No. 4042)
                                          John W. Lucas (CA Bar No.271038)
                                          Ilan D. Scharf (NY Bar No. 4042107)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE  19899-8705 (Courier 19801)
                                          Telephone: (302) 652-4100
                                          Facsimile:  (302) 652-4400
                                          Email:   jstang@pszjlaw.com
                                                   rorgel@pszjlaw.com
                                                   joneill@pszjlaw.com
                                                   jlucas@pszjlaw.com
                                                   ischarf@pszjlaw.com

                                          *Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE          :
                                                    :
COUNTY OF NEW CASTLE  :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)        I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

    /s/ James E. O'Neill                
James E. O'Neill
