# **EXHIBIT G**

(July 10 TCC Letter)

DOCS_SF:103871.7 85353/002



SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010


LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760


DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400


NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777


COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

TELEPHONE: 714/384 4750
FACSIMILE: 714/384 4751


WEB: www.pszjlaw.com

July 10, 2020

Middle Tennessee Council, Inc.,
Boy Scouts of America
3414 Hillsboro Pike
Nashville, TN 37215

Re:  In re: Boy Scouts of America and Delaware BSA, LLC
(Bankr. D. Del., Case No. 20-10343 (LSS)
**Demand to Cease and Desist from Planned Asset Transfer in Violation of the Bankruptcy Automatic Stay**

Dear Middle Tennessee Council, Inc.:

The Official Committee of Survivors of Abuse in the chapter 11 bankruptcy of Boy Scouts of America (the **"Committee"**) demands that the Middle Tennessee Council, Inc., Boy Scouts of America ("**You**" or "**Local Council**") is informed and believes that you already have or are about to place Boxwell Reservation, Latimer Reservation, Grimes Canoe Base, and Parish Reservation (collectively, the "**Assets**") into a trust vehicle pursuant to that certain Properties Trust Agreement dated as of June 12, 2020 ("**Transfer**").  For the reasons stated below, the Committee demands that you immediately cease and desist from any action related to the sale or transfer of Local Council assets.

If the Transfer has not yet been accomplished, this will serve to remind you that the Boy Scouts of America ("**BSA**") has a reversionary interest in the Assets, which in turn is property of the bankruptcy estate pursuant to 11 U.S.C. Section 541(a)(1). Any transfer of local council assets would be a violation of the automatic stay in BSA's chapter 11 case and such violation may result in an order finding you and anyone acting in concert with you in contempt of the automatic stay and liable for compensatory and punitive damages.  Additionally, the Committee reserves the right to seek injunctive relief against you and anyone acting on your behalf or in concert with you to sell or transfer the Assets to prevent such sale or transfer.

**BSA's Rights in All Local Council Assets**

The Charter and Bylaws of the Boy Scouts of America, ("**BSA Bylaws**") contain numerous provisions evidencing the broad scope of BSA's powers with regard to you and your property. For instance:

- BSA has sole discretion over the chartering of Local Councils, and BSA sets the size of the councils and their governing body. BSA Bylaws, Art. VI §§2 and 3.

- BSA may revoke or modify the charter of a Local Council at any time in its sole discretion. BSA Bylaws, at Art. VI, §4.

- BSA has the right to refrain from renewing a Local Council charter as Local Council charters are issued for a period not exceeding one year. BSA Bylaws, Art. VI, Sec. 1.

- BSA provides Local Councils with a standard form of Articles of Incorporation and Bylaws. The Local Council Articles and Bylaws acknowledge that BSA may terminate or revoke the Local Council's charter and requires the Local Council to dissolve when and if that occurs. Local Council Articles, Art. II, at 1. (I also note that the standard form for applying for a charter includes a specific reference to BSA's revocation power).

- Upon termination of a Local Council charter or dissolution of a council, all rights of management and ownership of Local Council property shall become vested in the National Council for use in accordance with the Rules and Regulations of the Corporation. Local Council articles of incorporation and bylaws shall include or be revised to incorporate this provision at the time of chartering or the next charter renewal. BSA Bylaws, Art. VI, Sec. 1.

Middle Tennessee Council, Inc., Boy Scouts of America
July 10, 2020
Page 3

- Upon the revocation or termination of a Local Council's charter by BSA, the Local Council's assets shall be distributed to BSA or at its direction. Local Council Articles, Art. X.

- A Local Council may hold title to real property in its own name as long as its Articles of Incorporation expressly provide for the conveyance of such property or the net proceeds from the sale thereof to BSA in the event of the revocation or termination of its charter.  Local Council Bylaws, Art. X, clause 4.

### Local Council Obligations to BSA

Each Local Council has acknowledged BSA's reversionary interest in its organizational documents.  Specifically, both the 1976 and 2016 versions of the form Articles of Incorporation and Bylaws for councils establish that all property acquired by a Local Council "shall be deemed to be received or acquired for the benefit of Scouting . . . in accordance with the Rules and Regulations and procedures from time to time adopted by the Boy Scouts of America."  Further, both versions require that in the event of the revocation or lapse of its charter, Local Council property and cash will be turned over to BSA.

The indisputable conclusion of the foregoing analysis is that, regardless of how you hold title today and regardless of which set of organizational documents you operate under, such title is subject to a reversionary property interest in favor of BSA, which has full authority to revoke your charter and cause the Assets to become property of the bankruptcy estate.  Bankruptcy Code Section 362(k) (1) gives any creditor the right to bring an action for willful violation of the automatic stay.  If the Assets are sold or transferred by you, that reversionary interest would be destroyed, thereby violating 11 U.S.C. Section 362(a)(3), which extends the automatic stay to "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate."  Therefore, the Committee demands that you immediately cease and desist from all efforts to sell or transfer the Assets.

If the Transfer has been accomplished, it is beyond dispute that you did not report it in advance as required by the Acknowledgement and Agreement you executed pursuant to the terms of the *Second Stipulation*

Middle Tennessee Council, Inc., Boy Scouts of America
July 10, 2020
Page 4

*and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending Termination Date of the Standstill Period* (the "**Second Stipulation**"). Accordingly, if the Transfer has been made, the Committee intends to bring an action against you and anyone acting on your behalf or in concert with you for contempt due to your violation of both the Second Stipulation and the automatic stay, and seek both the full value of the Assets and punitive damages, and alternatively seek rescission of the Transfer.

The Committee reserves all rights to pursue different or additional claims against you.

Very truly yours,

John D. Fiero

cc:   Boy Scouts of America (SE.Legal@scouting.org)
      Ad Hoc Committee of Local Councils
             (Local_Council_Committee@wirk.com)
      Michael Andolina (mandolina@sidley.com)
      Richard Mason (rgmason@wlrk.com)
      Trevor Grayeb (tgrayeb@sidley.com)
      Matthew Linder (mlinder@sidley.com)
      Kevin Carey (kevin.carey@hoganlovells.com)
      Paul Finn (PFinn@commonwealthmediation.com)
      Timothy Gallagher (timg@thegallaghergroup.com)