**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| **IN RE:  BOY SCOUTS OF AMERICA AND** | **Chapter 11** |
| **DELAWARE BSA, LLC,** [1] | **Case No.: 20-10343 (LSS)** |
| **DEBTORS** | **(Jointly Administered)** |

---

**MOTION FOR RELIEF FROM AUTOMATIC STAY
TO CONTINUE NEGOTIATIONS WITH TRAVELERS INSURANCE COMPANY**

---

Comes Now, your Movants, Trennie L. Williams and Kiwayna Williams, as Parents, Legal Guardians and Next Friends of T. Q. W., a Minor, by and through their Attorney, Flordia M Henderson, pursuant to 11 U.S.C. §362(d) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 4001, and moves this Court for an order for Relief from Automatic Stay to Continue Negotiations with Travelers Insurance Company, and in support thereof, would state and show the following:

**FACTUAL BACKGROUND**

1.  On or about June 15, 2019, the Movants' minor child sustained a severe traumatic brain injury in an automobile accident while he was a passenger in a vehicle operated by a Boy Scout Master, who was returning from an official activity of the Chickasaw Council Boy Scouts of America.

2.  At the time of the accident, the Debtors were covered by one or more insurance policies, including Travelers Insurance Company.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311), The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

3.  The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on February 18, 2020, which triggered the automatic stay pursuant to § 362(a).[2]

4.  Insurance coverage is available to the Debtors and applicable to the claims raised by the Movants that would inure to the benefit of the Movants.

5.  At the time of the bankruptcy filing, Movants had incurred $ 367,887.82 in medical specials and had submitted a demand for settlement to Travelers Insurance Company for the policy limits, plus 20% for future medical treatment.  Since that time, Movants have incurred an additional $ 193,333.29 in medical expenses and Movants' minor child continues to require medical care. No offer had been made by Travelers and no law suit had been filed.

6.  It would be in the interest of all parties for the Movants to be able to continue negotiations with Travelers and secure a settlement offer.

7.  There would be no prejudice in lifting the automatic stay to proceed with negotiations with the Debtors' insurance carrier as Movants are not seeking a payout of funds at this time.

8. For the foregoing reasons, Movants request that the automatic stay be lifted so that settlement negotiations can proceed with Travelers Insurance Company and any other appliable company.

## JURISDICTION AND VENUE

9.  This court has jurisdiction to consider these Chapter 11 cases pursuant to 28 U.S.C. § 1334.

10.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] 11 U.S.C. §§ 101, *et seq.*

11. The statutory basics for the relief is 11 U.S.C. § 362(d)(1).[3]

## BASIS FOR RELIEF REQUESTED

12.   Pursuant to §362(d)(1) of the Bankruptcy Code, this Court has authority to grant relief from the automatic stay "for cause."  The test used by the DE Court to determine whether there is cause to lift the automatic stay is whether: (a) any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) the hardship to the plaintiff by maintenance of the stay considerably outweighs the hardship to the debtor; and (c) the creditor plaintiff has a probability of prevailing on the merits of this case. *In re Rexene Prods. Co.*, 141 B.R. 574, 577 (Bankr. D. Del. 1992).  The Fernstrome Court wrote that the automatic stay may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." (*In re Fernstrom Storage and Van Co*., 938 F.2d 731 (7th Cir. 1991).

13.  The Debtors will not be prejudiced nor suffer hardship because the Movants are only seeking authority to negotiate a settlement, and not seeking authority to receive a payout of insurance proceeds at this time.

14.   Additionally, injuries and damages sustained by the Movants are the result of the negligent acts and/or omissions of Debtors and/or their agents. As such, insurance coverage which identifies the Debtors as covered insured(s) may exist in the form of a comprehensive general liability policy purchased by the Debtors.

15.  On the other hand, the hardship sustained by Movants is greater than any hardship imposed on the Debtors if the stay remains in effect.  The Movants minor child continues to receive medical

---

[3] 11 USC § 362 (d) (1) "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause…";

treatment and has possibly sustained permanent physical impairment due to the accident as a result of the negligent acts and/or omissions of the Debtors and their agent.

## **NOTICE**

16.   Pursuant to Local Rule 4001-1(a), as applicable to a personal injury claimant, this Motion has been served on the following parties: (a) counsel for the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel for the Official Committee of Unsecured Creditors; (d) counsel for the Official Committee of Tort Claimants; (e) counsel for Travelers Insurance Company; and (f) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

**WHEREFORE, PREMISES CONSIDERED, MOVANTS PRAY that**:

1.   This matter is set for a hearing at the earliest possible date.

2.   An order be entered granting the Movants the relief from the automatic stay provision of the Bankruptcy Code.

3.   The Movants be awarded such other and further and general relief as the Court may deem proper.

Dated:  August 10, 2020

Respectfully Submitted,
/s/Flordia M. Henderson
Flordia M. Henderson [16137]
Attorney for Movants
P.O. Box 30604
Memphis, TN 38130-0604
Telephone: (901) 348-4406
Facsimile: (901) 348-4409
Email: flordia@fhendersonlaw.net