# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
| In re: : | Chapter 11 |
| : | |
| BOY SCOUTS OF AMERICA and : | Case No.: 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] : | |
| : | (Jointly Administered) |
| Debtor. : | |
| : | Hearing Date: Sep. 9, 2020 at 10:00 a.m. (ET) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | Obj. Deadline: Aug. 25, 2020 at 4:00 p.m. (ET) |

### MOTION OF 1040 AVENUE OF THE AMERICAS, LLC FOR RELIEF FROM THE AUTOMATIC STAY TO SETOFF PREPETITION SECURITY DEPOSIT

1040 Avenue of the Americas, LLC (the "Landlord"), by and through its undersigned counsel, hereby files this motion (the "Motion") seeking entry of an order substantially in the form annexed hereto as Exhibit A, pursuant to sections 362(d) and 553(a) of title 11 of the United States Code (the "Bankruptcy Code"), granting the Landlord relief from the automatic stay to permit the Landlord to apply a prepetition security deposit to the outstanding prepetition lease obligations owed to the Landlord and to the Landlord's lease rejection damages claim. In support of the Motion, the Landlord respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), & (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

{00028792. }

2.  The statutory predicates for the relief sought in the Motion are sections 362(d) and 553(a) of the Bankruptcy Code, and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.  No prior request for the relief sought in this Motion has been made to this or any other Court except that prior to filing this Motion Landlord sought the relief requested on a consensual basis from the Debtor which was declined.

## BACKGROUND

4.  On February 18, 2020 (the "Petition Date"), Boy Scouts of America (the "Debtor") and Delaware BSA, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.  Prior to the Petition Date, the Landlord leased the office space consisting of a 4,520 square-foot portion of the sixteenth floor of the premises located at 1040 Avenue of the Americas, New York, New York 10018 (the "Leased Premises") to Boy Scouts of America (the "Debtor") pursuant to the terms of that certain *Standard Form of Office Lease*, dated as of May 5, 2014 (together with all inserts and riders, the "Lease"). A copy of the Lease is annexed hereto as Exhibit B.

6.  Pursuant to the terms of the Lease, the Landlord is holding a security deposit in the amount of $57,630.00 (the "Security Deposit") as cash security for the performance of any loss or damage the Landlord suffers by reason of the Debtor's default under the Lease. The Debtor is only entitled to return of the Security Deposit if it fully complies with all provisions of the Lease. *See* Lease § 34.

7.  On March 31, 2020, the Debtor filed a motion to reject the Lease as of March 31, 2020 (the "Rejection Date"). On April 17, 2020, the Court entered an order [ECF No. 449] authorizing the Debtor to reject the Lease as of the Rejection Date.

8. On July 1, 2020, the Landlord timely filed a Proof of Claim, designated as claim no. 107 on the Debtor's claims register, asserting a general unsecured claim the amount of no less than $318,379.36 (the "Prepetition Claim"), and $1,973.40 as a priority administrative expense claim for the post-Petition Date, pre-Rejection Date period. The Landlord's proof of claim is annexed hereto as Exhibit C. The Prepetition Claim is based upon pre-Petition Date arrearages in the amount of $19.80, as well as damages arising from the rejection of the Lease in accordance with section 502(b)(6) of the Bankruptcy Code in the amount of $318,359.56. The Landlord asserted the Prepetition Claim as a secured claim to the extent of the Security Deposit.

## ARGUMENT

9. By this Motion, the Landlord seeks relief from the automatic stay to allow it to apply the Security Deposit under the Lease to reduce its Prepetition Claim pursuant to 11 U.S.C. §§ 362(d) and 553(a).

10. Section 362 of the Bankruptcy Code stays acts of setoff pending an "orderly examination of the debtor's and creditor's rights." *See* 11 U.S.C. § 362(a)(7); *Biggs v. Stoven (In re Luz Int'l, Ltd.)*, 219 B.R. 837, 84 (9th Cir. BAP 1998). However, the automatic stay is not intended to be indefinite or absolute, and relief from the stay may be granted in appropriate circumstances. *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group. Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir. 1989).

11. Section 362(d) of the Bankruptcy Code permits a court to grant relief from the automatic stay and specifically provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of any interest in property of such party in interest;

    (2) with respect to a stay of an act against property under subsection (a) of this section, if –

      (A) the debtors does not have an equity in such property; and

      (B) such property is not necessary for an effective reorganization.

11 U.S.C. § 362(d).

  12. Courts have consistently held that establishing a right to setoff constitutes sufficient cause to grant relief from the automatic stay. *See, e.g., In re Nuclear Imaging Sys.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000) ("Courts have generally concluded that the existence of mutual obligations subject to set-off constitutes sufficient 'cause' to meet the creditor's initial evidentiary burden in seeking relief from the stay.") (internal citations omitted); *In re Ealy*, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008) ("[Upon establishing its setoff rights] the creditor has established a prima facie showing of 'cause' for relief from the automatic stay under § 362(d)(1)."). "Once the creditor establishes its right of setoff, the burden shifts to the debtor to rebut the prima facie showing." *Id*.

  13. Section 553(a) of the Bankruptcy Code provides, in relevant part, as follows:

    Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case … .

11 U.S.C. § 553(a).

  14. "The right to setoff is a widely recognized common law right which allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)). "[T]he text and legislative history of § 553(a) itself makes clear that the purpose of the statute is to preserve a creditor's state law rights to setoff pre-petition mutual debts in bankruptcy." *In re Bridge Info.*

*Sys., Inc.*, 341 B.R. 421, 430-31 (Bankr. E.D. Mo. 2004) (citations omitted). "There is nothing in the text or the legislative history of § 553(a) or any other Code provision that gives the court the power to diminish that right." *Id.*

15. The elements necessary to exercise a right of setoff under section 553(a) of the Bankruptcy Code are the following: (a) a debt exists from the creditor to the debtor that arose before the commencement of the bankruptcy case; (b) the creditor has a claim against the debtor that arose before commencement of the bankruptcy case; and (c) the debt and the claim are mutual obligations. *Folger Adam Security, Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 262-63 (3d Cir. 2000).

16. Here, all elements necessary to exercise a right of set off under section 553(a) of the Bankruptcy Code are satisfied. First, the Security Deposit is an interest of the Debtor that arose prepetition. Second, the Landlord's Prepetition Claim is for prepetition arrearages and rejection damages, which are claims that are deemed to arise as of the Petition Date. Lastly, the Security Deposit and the Prepetition Claim are mutual obligations, both arising under the Lease. Thus, the Landlord has established sufficient cause for relief from the automatic stay to exercise its setoff rights under section 553(a).

17. The Security Deposit also constitutes prepetition collateral securing the Landlord's prepetition claims against the Debtor. Courts have overwhelmingly held that a lessor is a secured creditor to the extent of any security deposit it has received from the debtor-tenant, and is entitled to satisfy its prepetition and rejection claims against a debtor-tenant out of any security deposit. *See In re PPI Enterprises (U.S.), Inc.*, 228 B.R. 339, 350 (Bankr. D. Del. 1998), *aff'd*, 324 F.3d 197 (3d Cir. 2003) ("[C]ases have uniformly held that security deposits held by the landlord or applied by the landlord after the termination of the lease will be deducted from that landlord's §

502(b)(6) claim."); *In re Leather Factory, Inc.*, 475 B.R. 710, 718-19 (Bankr. C.D. Cal. 2012) ("Precedent under both § 365(d)(3) and § 553 overwhelmingly holds that pre-petition security deposits may be applied against pre-petition claims, whether arrearages or rejection damages, rather than administrative claims. These holdings are consistent with the legal principle of mutuality of obligation being required for setoff and the legal distinction between pre-petition and postpetition obligations and legal entities. They are also consistent with the purpose of §365(d)(3) and fundamental fairness."); *In re Telligenix Corp.*, 436 B.R. 211 (Bankr. M.D. Fla. 2010) (concluding that both the security deposit and the rejection damages are pre-petition claims and stating that, "bankruptcy courts routinely allow a landlord to offset rejection damages claims against security deposit funds"); *In re PYXSYS Corp.*, 288 B.R. 309, 319 (Bankr. D. Mass 2003).

18.     The legislative history of section 502(b)(6) of the Bankruptcy Code also unequivocally supports this treatment of security deposits. *See, e.g., In re Atlantic Container Corp.*, 133 B.R. 980, 989 (Bankr. N.D. Ill. 1991) (citing S. Rep. No. 95-989, 95th Cong., 2d Sess. 63 (1978), H.R. Rep. No. 95-595, 95th. Cong., 1st Sess. 353 (1977) (a lessor's "security deposit will be applied in satisfaction of the claim that is allowed under [§ 502(b)(6)]")).

19.     In this case, application of the Landlord's collateral to will only partially reduce its claim, because the Landlord's Prepetition Claim in the amount of $318,379.36 is substantially more than the Security Deposit in the amount of $57,630.00.

20.     Lastly, Bankruptcy Rule 4001(a)(3) provides that an "an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 4001(a)(3). The Landlord hereby also requests that the relief sought in the Motion be effective immediately upon entry of the order granting this Motion.

**WHEREFORE**, the Landlord respectfully requests that this Court enter an order granting the Landlord relief from the automatic stay to permit it to apply the Security Deposit to its Prepetition Claim, and granting it such other and further relief as the Court deems just and proper.

Dated: August 11, 2020
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (No. 3995)
Jason A. Gibson (No. 6091)
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
      gibson@teamrosner.com

and

Paul A. Rubin, Esq.
Rubin LLC
345 Seventh Avenue, 21st Floor
New York, NY 10001
Tel.: (212) 390-8054
Fax: (212) 390-8064
Email: prubin@rubinlawllc.com

*Counsel for 1040 Avenue of the Americas, LLC*