IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 20-10343 (LSS)<br><br>Jointly Administered |

**REQUEST OF IRC BURNSVILLE CROSSING, L.L.C.**
**FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

IRC Burnsville Crossing, L.L.C. ("Landlord"), by and through its undersigned counsel, hereby files this request ("Request") pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A) and 507(a)(2), and in support thereof respectfully states as follows:

1. On February 18, 2020 (the "Petition Date"), the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Landlord was a party to an unexpired lease of nonresidential real property (the "Lease") with the Debtors for premises located at 14250 Plymouth Avenue South, Burnsville, Minnesota (the "Premises"). The Lease was a lease "of real property in a shopping center" for purposes of 11 U.S.C. § 365(b)(3). The Lease expired by its own terms on March 31, 2020 ("Expiration Date"). A copy of the Lease is attached hereto as <u>Exhibit A</u>.

3. Pursuant to the Lease, the Debtors were required to make certain payments to Landlord arising out of the use, ownership or operation of the Premises covered by the Lease. Specifically, the Lease required the Debtors to "pay [Fixed Minimum Rent] in monthly installments on or before the first day of each month in advance…" Lease, ¶ 2.1. Additionally, the Lease required the Debtors to "pay as additional rent Tenant's proportionate share" certain

{05553114.DOC.}

Operating Costs, Insurance, and Taxes. Lease, ¶ 5, ¶ 13, ¶ 23. The Debtors did not fully comply with these obligations, and certain amounts remain due and owing for the period of time following the Petition Date through and including the Expiration Date. This amount currently totals $4,675.65 ("Claim") and relates to post-petition rental obligations.[1]

4. Landlord believes that the amount included in the Claim is an obligation of the Debtors under section 365(d)(3) of the Bankruptcy Code. The Debtors are required to immediately satisfy their post-petition, pre-termination date obligations under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code.

5. Additionally, the Claim is entitled to allowance and payment as an administrative expense claim under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. Section 503(b) of the Bankruptcy Code provides in pertinent part that allowed administrative expense claims exist for "the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have priority. 11 U.S.C. §507(a)(2). The Claim is an administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code because it was incurred by the Debtors' estates and preserved the Debtors' estates. Upon information and belief, the Debtors benefited from the Lease during the period subsequent to the Petition Date and prior to the Termination Date of the Lease through continued access to, and use of, the Premises.

6. Lastly, pursuant to the terms of the Lease, the Debtors are obligated to reimburse Landlord for the reasonable attorneys' fees and costs incurred by Landlord in connection with seeking the Debtors' compliance with the terms of the Lease. Accordingly, Landlord is entitled to payment by the Debtors of its attorneys' fees and costs incurred by Landlord in connection

---

[1] Documentation in support of the Claim is available upon request.

with the filing and prosecution of this Claim, and any other attorneys' fees and costs incurred post-petition and pre-rejection by Landlord to which Landlord may be entitled under the Lease.

7.    As a result of the Debtors' failure to comply with its post-petition, pre-expiration date obligations under the Lease, Landlord is entitled to allowance and payment of its Claim in the amount of $4,675.65, plus attorneys' fees and costs, as an administrative expense claim pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.  In addition, Landlord specifically reserves its rights to amend the amounts of the Claim to reflect reconciliations for real estate taxes, common area maintenance expenses and other charges that relate to the post-petition, pre-expiration period, but that are billed in arrears.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that the Court enter an order that (a) allows Landlord an administrative expense claim in the amount of $4,675.65, plus attorneys' fees and costs, plus any additional amounts due under the Lease attributable to the post-petition, pre-rejection period, and (b) grants such other and further relief as is just and proper.

Dated:  August 13, 2020
         Wilmington, Delaware

CONNOLLY GALLAGHER LLP

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
Kelly M. Conlan (#4786)
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 888-6221
Facsimile:  (302) 757-7280
Email: kbifferato@connollygallagher.com
Email:  kconlan@connollygallagher.com

*Attorneys for Landlord*