IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BOY SCOUTS OF AMERICA AND | : | Case No. 20-10343(LSS) |
| DELAWARE BSA, LLC,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date: September 9, 2020 @ 10:00 a.m.** |
| | : | |
| | : | **Objection Deadline: September 2, 2020 @ 4:00 p.m.** |
| | : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## OF MARGARET HENDERSON, AS PERSONAL REPRESENTATIVE
## OF THE ESTATE OF N.G.H., DECEASED

Plaintiff Margaret Henderson, the mother of N.G.H., Deceased, the duly appointed Personal Representative of the Estate of N.G.H., Deceased Minor. ("Movant"), by and through her undersigned counsel, hereby respectfully moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), granting relief from the automatic stay to continue litigation pending in Oregon to liquidate her personal injury and wrongful death claims.

### BACKGROUND

1. On February 18, 2020 (the "Petition Date") the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court. On February 19, 2020, the Court ordered joint administration of the Debtors' Chapter 11 cases. [Docket No. 61].

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America ("BSA") (6300) and Delaware BSA, LLC (4311) (together, the "Debtors"). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

2. Movant filed an Amended Complaint for Damages (the "Complaint") in the Circuit Court of the State of Oregon for the County of Lane against BSA, Oregon Trail Counsel, Inc. and Boy Scout Troop 163 ("Troop 163"), captioned *Margaret Henderson, as Personal Representative of the Estate of [N.G.H.], Deceased vs. Boy Scouts of America, Oregon Trail Counsel, Inc. and Boy Scout Troop 163*, Case No. 19CV39445 (the "Oregon Action"). The Movant's claims are detailed in the Amended Complaint in the Oregon Action, a true and correct copy of which is attached hereto as **Exhibit B**.

3. Movant instituted the Oregon Action to recover damages incurred as a result of the wrongful death of N.G.H., a minor, that occurred on October 13, 2018 while he was hiking at Rosary Lake with Troop 163, which is part of the Oregon Trail Council. The petition alleges that that N.G.H., a minor child, died on October 13, 2018 while under BSA's the custody and control. Movant's pleadings assert that BSA is responsible for the actions, negligence, and resulting injuries, death and damages caused by the BSA and/or its staff.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b). For purposes of Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Movant consents to entry of a final order under Article III of the United States Constitution on the sole issue of whether cause exists to justify granting relief from the automatic stay.

6.      Venue of this Motion is proper pursuant to 28 U.S.C. § 1409.

7.      The statutory predicates for the relief requested herein are sections 105(a) and 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1.

## RELIEF REQUESTED

8.      Movant requests that she be granted relief from the automatic stay pursuant to Section 362(a) of the Bankruptcy Code on terms granted to other similarly situated claimants in this case [Docket Nos. 989 and 990].

## BASIS FOR RELIEF REQUESTED

9.      Under Section 362(d)(1), the bankruptcy court shall grant relief from the automatic stay if requested to do so by a party in interest who demonstrates that "cause" exists. 11 U.S.C. §362(d)(1).

10.      "Cause" is not defined in the Bankruptcy Code; whether "cause" exists to annul or modify the stay is determined on a case-by-case basis. See e.g., In re Rexene Prods. Co., 141 BR 574, 576 (Bankr. D. Del. 1992).

11.      Courts employ a three-factor balancing test to determine whether cause exists: (a) whether any great prejudice to either the bankrupt estate or the debtor will result from allowing the civil suit; (b) whether the hardship to the non-bankrupt party by the maintenance of the stay considerably outweighs the hardship to the debtor; and (c) whether the creditor has a probability of prevailing on the merits. *Id. at* 576.

12.      These factors are not determinative and Courts enjoy wide latitude in crafting relief from the automatic stay. *See Bladino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997).

13. The legislative history of Section 362 provides that "cause" may be established by a single factor, such as "lack of any connection with or interference with the pending bankruptcy case". *In Re Rexene*, 141 B.R. at 576 (citing H.R. rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

14. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

15. Although the party who requests relief from the automatic stay bears the initial burden of showing "cause" exists, once a *prima facie* case of "cause" is shown, the party opposing relief bears the ultimate burden of disproving the existence of "cause". *Id.* at 577; 11 U.S.C. § 362(g). Here, the facts and circumstances weigh strongly in favor of granting Movant stay relief.

16. Upon information and belief, insurance coverage is available for Movant's claims in the Oregon Action and the Debtors' defense in the Oregon Action is being provided by the insurance carrier at its cost.

17. It is well-settled that "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve it as a predicate for recovery against insurers, sureties or guarantors." *In re Wapotish*, No. 07-B-71218, 2009 Bankr. LEXIS 1851 at *6-7 (Bankr. N.D. Ill., July 2, 2009) (*quoting Int'l Bus. Machs. v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.)*, 938 F.2d 731, 736 (7th Cir. 1991)); *see also In re Tricare Rehabilitation Systems, Inc.*, 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994); *In re Metzner*, 167 B.R. 414, 416-17 (E.D. La. 1994). "Where the claim is one

covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff ... [and] the liquidation of a claim may be more conveniently and speedily determined by another forum." *2 Collier On Bankruptcy*, ¶362.07[3] (15th ed. 1980) (footnotes omitted).

18. In recognition of the arguments made by the Tort Claimants Committee, the Future Claims Representative and the Unsecured Creditors' Committee with regard to previous stay relief motions in these Chapter 11 cases regarding case the asserted potential limitations on available insurance coverage and the alleged unknown extent of claims prior to the Bar Date, Movant is not at this time seeking the authority to recover from insurance proceeds without further order of the Court. Rather, it is seeking the same relief afforded to other similarly situated claimants. *See* Docket Nos. 989 and 990.

19. To the extent that there is any portion of the claims that cannot be satisfied by insurance, permitting Movant to proceed with the Oregon Action will allow Movant to liquidate her claims for the purpose of distribution under the Chapter 11 plan in this case.

20. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Rexene Products*, 141 B.R. at 576, *quoting* H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

21. Stay relief is appropriate because Movant's wrongful death and other personal injury claims may not be tried in the bankruptcy court. *See* 28 U.S.C. §§ 157(b)(2)(B) and (b)(5); *In re Corner Pocket Billiards, Inc.*, No. 04-04313, 2008 Bankr. LEXIS 162, *8 (Bankr. D. S.C., Jan. 17, 2008) (lifting stay because bankruptcy court lacks authority to liquidate wrongful death

claim); *In re Todd Shipyards*, 92 B.R. 600, 604 (Bankr. D.N.J. 1988) (state court personal injury litigation allowed to proceed in light of 28 U.S.C. §157(b)(5)).

22.     "If the bankruptcy court lacks jurisdiction to adjudicate a claim, relief from the automatic stay is required so that the claim can be adjudicated in a court that does have jurisdiction." *In re Nifong*, No. 08-80034C-7D, 2008 Bankr. LEXIS 1608 at *4 (Bankr. M.D. N.C. May 27, 2008) (granting relief from stay as to personal injury claims).  Allowing Movant to proceed with the Oregon Action will enable her claim to be liquidated for the purpose of distribution under the plan.

23.     Moreover, courts have held that the automatic stay should be lifted where the matter in dispute would be resolved more economically, conveniently and quickly in a non-bankruptcy forum. *In re Gemini Equipment Business Trust*, No. 1-05-CV-01665, 2005 U.S. Dist. LEXIS 28968 at *14 (M.D. Pa., Nov. 14, 2005). The legislative history to § 362(d)(1) supports this conclusion: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 95-989 at 50 (1978); *See also In re Kaufman*, 98 B.R. 214, 215 (Bankr. E.D. Pa. 1989) ("relief from stay is justified to enable a case pending pre-petition in state court to continue to judgment where no great prejudice to the bankruptcy estate would result").  Here, the Oregon state court is the best forum to adjudicate the wrongful death claims because: (a) the claims will be governed by Oregon law; (b) the events resulting in the wrongful death occurred in Oregon; and (c) the witnesses and evidence are located in Oregon.

24.     Judicial economy would be best served by granting relief from stay to permit the state court litigation in Oregon to proceed to conclusion where the case has been pending.

**REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(a)(3)**

25.     Although, Bankruptcy Rule 4001(a)(3) provides that an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order, the Court may order otherwise. Movant should be afforded stay relief immediately upon the entry of the requested. The Oregon Action has been stayed since the Petition Date and the automatic stay has delayed the progress of the Oregon Action necessary for the determination of her claim for the purposes of liquidating her claim for insurance and other purposes.

**RESERVATION OF RIGHTS**

26.     Movant reserves the ability to file a proof of claim in the above-captioned action and to assert any claim, defense, or counterclaim available under the United States Constitution, federal statutory law, federal common law, applicable state statutory or state common law, or in equity.

**NOTICE**

27.     Contemporaneously with the filing of the Motion, the Movant shall serve: (a) counsel for the Debtors; (b) counsel for the Official Committee of Unsecured Creditors; and (c) the Office of the United States Trustee for the District of Delaware. The Movant submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

28.     No prior application or motion for relief requested herein has been made to this or any other court.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion, (ii) modifying the

automatic stay to allow Movant to proceed with the Oregon Action, and (iii) granting such other and further relief as this Court may deem is just and proper.

Dated: August 14, 2020

                        **SCHNADER HARRISON SEGAL & LEWIS LLP**

                        /s/ Kristi J. Doughty
                        Richard A. Barkasy (No. 4683)
                        Kristi J. Doughty (No. 3826)
                        824 N. Market Street
                        Suite 800
                        Wilmington, DE 19801-4939
                        (302) 482-4038
                        kdoughty@schnader.com
                        *Counsel to Margaret Henderson, Personal Representative of the Estate of N.G.H., Deceased Minor*