# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| BOY SCOUTS OF AMERICA AND    : | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC[1], : | |
| : | *Jointly Administered* |
| : | |
| Debtors. : | **Ref. No.** |
| : | |
| : | |

**ORDER GRANTING MOTION FOR RELIEF**
**FROM THE AUTOMATIC STAY OF MARGARET HENDERSON,**
**PERSONAL REPRESENTATIVE OF THE ESTATE OF N.G.H.**

Upon the motion (the "Motion") of Margaret Henderson, Personal Representative of the Estate of N.G.H. (the "Movant") for entry of an order (this "Order") granting relief from the automatic stay; and considering any responses to the Motion and the record before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that:

1. The automatic stay of 11 U.S.C. § 362(a) shall be modified for the limited purpose of permitting the Movant to liquidate her claim(s) through the commencement or continuation of any pending litigation.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. Movant shall not be entitled to enforce or seek payment on account of the Movant's claim(s), including against any insurers of the Debtors, absent further order of this Court.

3. Except for the limited purpose set forth in paragraph 1 above, the automatic stay shall remain in effect for all purposes, without further Order, and without prejudice to Movant to seek further relief from the automatic stay.

4. Except as otherwise expressly stated herein, nothing in this Order shall be deemed to impair the Movant's claim or construed to impact, impair, affect, determine, release, waive, modify, limit, or expand: (i) the availability of insurance coverage with respect to Movant's claims; (ii) the terms and conditions of any insurance policies; or (iii) any rights, remedies, defenses to coverage, and other defenses of any insurance carrier under or for any insurance policies (including the right of any insurance carrier to disclaim coverage), nor otherwise alter any insurance carrier's existing indemnity payment obligations.

5. Nothing in this order prejudices the right of any party to move to reinstate the stay or to seek additional relief from the stay.

6. The Parties are authorized to take all actions necessary to effectuate the relief granted by this Order.

7. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is deemed not applicable.

Dated:            , 2020  
   Wilmington, Delaware     THE HON. LAURIE SELBER SILVERSTEIN  
                                          UNITED STATES BANKRUPTCY JUDGE