IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  September 1, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FIRST MONTHLY (COMBINED) APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PASICH LLP, AS
INSURANCE COUNSEL FOR THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM MAY 12, 2020 THROUGH JULY 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pasich LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective as of May 12, 2020 by order signed on or about June 17, 2020 |
| Period for which Compensation and Reimbursement is Sought: | May 12, 2020 through July 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $262,233.30[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $        0.00 |

This is a:        x   monthly        interim        final application.

The total time expended for fee application preparation is approximately 2.0 hours

and the corresponding compensation requested is approximately $800.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  Applicant has discounted its fees by $100,020.20 for the Application fee period, comprising courtesy deductions of time in the amount of $20,263.20, and a 20% rate discount in the amount of $79,755.00, and all professionals and paraprofessionals being billed at 80% of their regular rates, with the exception of Kirk Pasich, whose rate for this engagement was reduced to $975 per hour rather than his standard rate of $1,375 per hour, resulting in a total rate discount in the amount of $79,755.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

No prior fee applications have been filed.

## PASICH LLP PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) All rates discounted by 20% | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kirk A. Pasich | Managing Partner, Insurance Recovery.  Admitted to practice in 1980 with more than 38 years of relevant experience. | $975.00 | 67.50 | $ 65,812.50 |
| Jeffrey L. Schulman | Partner, Insurance Recovery.  Admitted to practice in 2000 with approximately 16 years of relevant experience. | $775.00 | 122.60 | $ 76,012.00 |
| Mikaela C. Whitman | Partner, Insurance Recovery.  Admitted to practice in 2009 with approximately 11 years of relevant experience. | $625.00 | 207.40 | $103,700.00 |
| Caitlin Oswald | Associate, Insurance Recovery.  Admitted to practice in 2020. | $325.00 | 101.80 | $ 26,468.00 |
| Donald K. Piper | Paraprofessional, Insurance Recovery.  Began working in 1988 with approximately 32 years of relevant experience. | $290.00 | 40.40 | $ 10,504.00 |

Grand Total:   **$262,233.30**
Total Hours:          240.20
Blended Rate:  $      485.44

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| General Committee | 54.90 | $ 49,480.50 |
| Insurance Coverage | 485.30 | $233,016.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| No Expenses | | |

DOCS_DE:230248.1 85353/002
B029.001/285497.1
DOCS_DE:230274.1 85353/002

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  September 1, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FIRST MONTHLY (COMBINED) APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PASICH LLP, AS
INSURANCE COUNSEL FOR THE TORT CLAIMANTS' COMMITTEE
<u>FOR THE PERIOD FROM MAY 12, 2020 THROUGH JULY 31, 2020</u>**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pasich LLP ("Pasich" or the "Firm"),

Insurance Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its First

Monthly (Combined) Application for Compensation and for Reimbursement of Expenses for the

Period from May 12, 2020 through July 31, 2020 (the "Application").

By this Application Pasich seeks a monthly interim allowance of compensation in

the amount of $262,233.30 and actual and necessary expenses in the amount of $0.00 for a total

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

allowance of $262,233.30 and payment of $209,786.64 (80% of the allowed fees) and

reimbursement of $0.00 (100% of the allowed expenses) for a total payment of $209,786.64 for

the period May 12, 2020 through July 31, 2020 (the "Interim Period").  In support of this

Application, Pasich respectfully represents as follows:

## Background

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  The Debtors have continued in possession of their property and continued to operate and

manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications.  If no objections are made within fourteen (14) days after service of the monthly

fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the

requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending May 31, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.     The retention of Pasich, as Insurance Counsel to the Tort Claimants'

Committee, was approved effective as of May 12, 2020 by this Court's "Order Pursuant to

Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy

Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pasich LLP as

Insurance Counsel for the Official Tort Claimants' Committee Effective as of May 12, 2020,"

signed on or about June 17, 2020 (the "Retention Order").  The Retention Order authorized

Pasich to be compensated on an hourly basis and to be reimbursed for actual and necessary out-

of-pocket expenses.  Pasich is employed as insurance counsel and has made and will make all

reasonable efforts to avoid duplication of work performed by the Committee's other

professionals.

## PASICH'S APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.     All services for which Pasich requests compensation were performed for

or on behalf of the Committee.

6.     Pasich has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between Pasich and any other person other than the partners of Pasich for the

sharing of compensation to be received for services rendered in these cases.  Pasich did not

receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of Pasich's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.  Pasich's

time reports are electronically maintained by the attorney or paralegal performing the described

services and Pasich.  The time reports are organized on a daily basis.  Pasich is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, time is recorded per tasks so reflected in the time reports.

Pasich's charges for its professional services are based upon the time, nature, extent and value of

such services and the cost of comparable services other than in a case under the Bankruptcy

Code.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by Pasich for the

Interim Period is attached hereto as part of Exhibit A.  Pasich does not charge for internal

photocopying or facsimile expenses.

9.      Pasich also does not charge with respect to providers of on-line legal

research services (e.g., LEXIS and WESTLAW).

## Summary of Services Rendered

10.     The names of the partners and associates of Pasich who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of Pasich who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

11.     Pasich, by and through such persons, has advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  Pasich's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

12.     The services rendered by Pasich during the Interim Period can be grouped into the categories set forth below.  Pasich attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    General Committee

13.    This category relates to work regarding general committee issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended conference calls with the Committee; (2) prepared for and attended conference calls with State Court Counsel and various committees and committee members; (3)  prepared for and attended numerous conference calls with mediators; and (4) corresponded and conferred regarding general committee issues.

Fees:  $49,480.50;      Hours:  54.90

### B.    Insurance Coverage

14.    This category relates to work regarding insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed insurance policies and corresponding documents; (2) reviewed and analyzed insurance coverage issues and legal arguments; (3) performed legal research on insurance coverage issues; (4) reviewed and analyzed underlying litigation allegations, pleadings, motions, filings and coverage portfolio issues; and (5) conferred and corresponded regarding insurance coverage issues.

Fees:  $233,016.00;    Hours:  485.30

### Valuation of Services

15.    Attorneys and paraprofessionals of Pasich expended a total 540.20 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) All rates discounted by 20% | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kirk A. Pasich | Managing Partner, Insurance Recovery. Admitted to practice in 1980 with approximately 40 years of relevant experience. | $975.00 | 67.50 | $ 65,812.50 |
| Jeffrey L. Schulman | Partner, Insurance Recovery. Admitted to practice in 2000 with approximately 16 years of relevant experience. | $775.00 | 122.60 | $ 76,012.00 |
| Mikaela C. Whitman | Partner, Insurance Recovery. Admitted to practice in 2009 with approximately 11 years of relevant experience. | $625.00 | 207.40 | $103,700.00 |
| Caitlin Oswald | Associate, Insurance Recovery. Admitted to practice in 2020. | $325.00 | 101.80 | $ 26,468.00 |
| Donald K. Piper | Paraprofessional, Insurance Recovery. Licensed in 1988 with approximately 32 years of relevant experience. | $290.00 | 40.40 | $ 10,504.00 |

**Grand Total:  $262,233.30**
**Total Hours:      240.20**
**Blended Rate:  $      485.44**

16.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  Pasich's normal hourly rates for work of this character have all been discounted.  The reasonable value of the services rendered by Pasich for the Committee during the Interim Period is $262,233.30 after applying those discounts.

17.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Pasich is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, Pasich has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, Pasich respectfully requests that the Court enter an order

providing that, for the period of May 12, 2020 through July 31, 2020, an interim allowance be

made to Pasich for compensation in the amount of $262,233.30 and actual and necessary

expenses in the amount of $0.00 for a total allowance of $262,233.30 and payment of

$209,786.64 (80% of the allowed fees) and reimbursement of $0.00 (100% of the allowed

expenses) be authorized for a total payment of $209,786.64; and for such other and further relief

as this Court deems proper.

Dated:  August 18, 2020                PASICH LLP


                                       _____

                                       Insurance Counsel to the Tort Claimants Committee

## VERIFICATION

STATE OF NEW YORK : :

COUNTY OF NEW YORK :

Jeffrey L. Schulman, after being duly sworn according to law, deposes and says:

a)    I am a partner with the applicant law firm Pasich LLP.

b)    I am familiar with many of the legal services rendered by Pasich LLP as Insurance Counsel to the Tort Claimants' Committee.

c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

_____
Jeffrey L. Schulman

SWORN AND SUBSCRIBED
before me this 18th day of August, 2020.

_Deborah Alicea_
Notary Public
My Commission Expires: 12/01/2020

Commissioner of Deeds
City of New York: 3-6970
Certification Filed in New York County
Commision Expires on December 1, 2020

DOCS_DE:230248.1 85353/002
B029.001/285497.1
DOCS_DE:230274.1 85353/002