## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 9, 2020 @ 10:00 a.m. ET**<br><br>**Objection Deadline: September 2, 2020 @ 4:00 p.m. ET** |

### MOTION OF MARCO ROMERO, JR. AND AUDREY ROMERO
### FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY
### PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

Marco Romero, Jr. ("Romero") and Audrey Romero (together, the "Movants"), by and through undersigned counsel, by way of this Motion for Relief from the Automatic Stay (the "Motion"), state as follows:

### PRELIMINARY STATEMENT

1. Movants seek limited relief from the automatic stay to continue to prosecute an action styled *Marco Romero, Jr., a minor, by and through his natural mother, Audrey Romero v. Boy Scouts of America, et al.,* filed on December 14, 2018 in Clark County, Nevada, District Court, Eighth Judicial District, State of Nevada, Case No. A-18-786117-C (the "State Court Action").

2. Limited stay relief to permit the continuation of the State Court Action is warranted and necessary because cause exists to allow Movants to continue to prosecute the State Court Action to resolve Movants' claim for personal injury.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Taxas (75038).

1

**RELEVANT BACKGROUND**

3. On February 6, 2016, while attending an event hosted by Boy Scouts of America, Romero was shot in the eye with a bow and arrow and sustained injuries, including, but not limited to, his right eye, organs, systems, and psyche, all of which conditions may be permanent, and have required and are likely to continue to require Romero to limit occupational and recreational activities. As a result of such injuries, Romero suffered and continues to suffer multiple forms of damages.

4. Among others, Debtor Boy Scouts of America is responsible and liable, in whole or in part, directly and indirectly for the wrongful acts that caused Romero's injuries.

5. Prior to the petition date, Romero filed a complaint, by and through his natural mother, Audrey Romero, in the District Court of the State of Nevada, Clark County, against Debtor Boy Scouts of America, National Boy Scouts of America Foundation, Las Vegas Area Council, Inc., Boy Scouts of America, Does 1 through 100, and Roe Corporations 1 through 100 for a personal injury suffered by Romero on February 6, 2016 (the "Complaint"). A true and accurate copy of the Complaint is attached hereto as **Exhibit A**.

6. During the pendency of the bankruptcy proceeding, Romero has reached the age of majority. Upon the lifting of the automatic stay, Movants plan to amend the pleadings to prosecute the State Court Action in Romero's own name.

7. The Complaint seeks the recovery of general damages, special damages, exemplary and/or punitive damages, reasonable attorneys' fees and costs, interest at the statutory rate, and such other relief as the state court deems just and proper.

8. Based upon information and belief, the Movants' claims are payable pursuant to one or more insurance policies, including that certain Commercial General Liability (Occurrence) Insurance Policy issued by Old Republic Insurance Company.

9. On February 18, 2020, Boy Scouts of America and Delaware BSA, LLC filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, automatically staying the State Court Action.

10. Because Movants' claims are not abuse claims, the State Court Action is not subject to the Court ordered mediation of claims relating to historical acts of abuse in the BSA's Scouting programs. [Docket No. 812].

11. Further, since Movants' claims are not abuse claims, they are not stayed by the Consent Order Pursuant to 11 U.S.C §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction. [Adv. Proc. No. 20-50527, Docket No. 54]. The Bankruptcy Court's Preliminary Injunction does not enjoin general liability claims that are not part of the pending abuse actions.

**MOVANTS' REQUESTED RELIEF**

12. For the reasons set forth below, Movants seek relief from the automatic stay for the limited purpose of continuing the State Court Action to liquidate Romero's claims and recover from available insurance proceeds.

**JURISDICTION AND VENUE**

13. This court has jurisdiction to consider these Chapter 11 cases pursuant to 28 U.S.C. § 1334.

14. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

15. The statutory predicate for the relief is 11 U.S.C. § 362(d)(1).

**ARGUMENT**

16. This Motion is brought pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order granting Movants relief from the automatic stay to allow Romero to continue the prosecution of his suit for damages.

17. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause . . . ." 11 U.S.C. § 362(d).

18. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." In re The SCO Group, Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007).

19. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." In re Rexene Products, 141 B.R. 574, 576 (Bankr. D. Del. 1992), quoting H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

20. There are multiple factors weighing strongly in favor of modifying the automatic stay in order to allow the State Court Action to proceed in the Nevada court, where it has been pending since December 14, 2018, including, as discussed below, that the injury that is the

4

subject of the State Court Action occurred in Nevada and discovery has already commenced before the Nevada court.

21.     First, the automatic stay should be lifted where the matter in dispute would be resolved more economically, conveniently, and quickly in a non-bankruptcy forum. *In re Gemini Equip. Bus. Tr.*, No. BK. 05-03489, 2005 WL 3050174, at *4 (M.D. Pa. Nov. 14, 2005). The legislative history to § 362(d)(1) supports this conclusion: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 95-989 at 50 (1978); See also *In re Kaufman*, 98 B.R. 214, 215 (Bankr. E.D. Pa. 1989) ("relief from stay is justified to enable a case pending pre-petition in state court to continue to judgment where no great prejudice to the bankruptcy estate would result").

22.     The Nevada state court is the best forum for the adjudication of Movants' claims because the claims will be governed by Nevada law, the events resulting in Romero's injury occurred in Nevada, and the witnesses and evidence are located in Nevada.

23.     Moreover, the Nevada state court before which the case has been pending since 2018 is thoroughly familiar with the underlying facts and legal issues presented and judicial economy is best and most appropriately served by permitting the State Court Action to proceed to its conclusion in the jurisdiction where it has been pending since 2018.

24.     Second, the Debtor had one or more liability insurance policies that covered bodily injuries, including that liability insurance policy attached hereto as **Exhibit B**. In addition to the Boy Scouts of America, the policy names "all Local Councils and all their affiliates and subsidiaries" as named insureds. As a result, the Debtors' estate will not be significantly

depleted by the Debtor's defense of Romero's claim in the State Court Action, but rather such claims likely would be payable by the Debtor's existing insurance coverage.

## CONCLUSION

For the forgoing reasons, Movants respectfully requests that the Court enter the proposed order[2] granting Movants' motion for relief from the automatic stay to allow Movants to liquidate Romero's personal injury claims through the continuation of the pending State Court Action.

Date: August 19, 2020  
Wilmington, Delaware

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Patrick A. Jackson*  
Patrick A. Jackson (Del. Bar No. 4976)  
222 Delaware Ave., Ste. 1410  
Wilmington, Delaware 19801  
Telephone: (302) 467-4210  
Facsimile: (302) 651-7701  
Patrick.Jackson@faegredrinker.com

---

[2] On July 8, 2020, this Court entered an Order Granting Motion Of Timothy and Karen Spahr's, Individually And As Next Friends Of ZRS, A Minor, For An Order For Relief From The Automatic Stay Pursuant To Section 363(d) Of The Bankruptcy Code And The Plan Injunction To Liquidate Their Claim And Collect From Applicable Insurance Proceeds (the "Spahr Order"). [Docket No. 990]. The facts and circumstances provided in the Spahrs' motion are analogous to the Movants; State Court Action and the attached proposed order seeks identical treatment to the treatment provided by this Court in the Spahr Order.