**Exhibit A**

Electronically Filed
12/14/2018 4:23 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
FARHAN R. NAQVI
Nevada Bar No. 8589
ELIZABETH E. COLEMAN
Nevada Bar No. 12350
NAQVI INJURY LAW
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
elizabeth@naqvilaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARCO ROMERO, JR., a minor, by and through his natural mother, AUDREY ROMERO,<br><br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA; NATIONAL BOY SCOUTS OF AMERICA FOUNDATION; LAS VEGAS AREA COUNCIL, INC., BOY SCOUTS OF AMERICA; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendants. | Case No.:   A-18-786117-C<br>Dept. No.:<br>            Department 29<br><br>**COMPLAINT** |

Plaintiff MARCO ROMERO, JR., a minor, by and through his natural mother, AUDREY ROMERO, by and through their attorney of record, FARHAN R. NAQVI of NAQVI INJURY LAW, alleges against Defendants BOY SCOUTS OF AMERICA, NATIONAL BOY SCOUTS OF AMERICA FOUNDATION, LAS VEGAS AREA COUNCIL, INC., BOY SCOUTS OF AMERICA, and DOES 1 through 100 and ROE CORPORATIONS 1 through 100 (hereinafter collectively referred to as "Defendants") as follows:

## PARTIES AND JURISDICTION

1. Plaintiff MARCO ROMERO, JR. (hereinafter "Plaintiff"), a minor, is and, at all times relevant herein, was resident of the County of Clark, State of Nevada. At all relevant times herein, Plaintiff was a member of Boy Scout Troop 102, operating out of Las Vegas, Nevada. Upon information and belief, Troop 102 was part of Defendant LAS VEGAS AREA COUNCIL, INC., BOY SCOUTS OF AMERICA.

2. AUDREY ROMERO is Plaintiff's natural mother, and is a resident of the County of Clark, State of Nevada.

3. Defendant BOY SCOUTS OF AMERICA, upon information and belief, is and, at all times relevant herein, was a Congressionally Chartered Corporation, authorized to do business as a Non-Profit Corporation in Nevada. At all times relevant to this Complaint, Defendant BOY SCOUTS OF AMERICA authorized local councils and local organizations to charter, sponsor and operate Boy Scout troops in Nevada, including Defendant LAS VEGAS AREA COUNCIL INC. Defendant BOY SCOUTS OF AMERICA had the right to control the means and manner of staffing, operation and oversight of any Scout troop, including Troop 102, as well as events the troops participate in. In exchange for the use of the Boy Scouts of America name, programing and endorsement, the leaders and members of the individual Scout troops, including Troop 102, would pay Defendant BOY SCOUTS OF AMERICA an annual membership fee. Defendant BOY SCOUTS OF AMERICA is responsible and liable in whole or in part, directly and indirectly, for the wrongful acts complained of herein.

///

///

4. Defendant NATIONAL BOY SCOUTS OF AMERICA FOUNDATION, upon information and belief, is and, at all times relevant herein, was a foreign non-profit corporation licensed and conducting business in Clark County, Nevada.

5. Defendant LAS VEGAS AREA COUNCIL, INC., BOY SCOUTS OF AMERICA, upon information and belief, is and, at all times relevant herein, was a domestic non-profit corporation licensed and conducting business in Clark County, Nevada. At all times relevant to this Complaint, Defendant LAS VEGAS AREA COUNCIL, INC., BOY SCOUTS OF AMERICA acted as an agent of Defendant BOY SCOUTS OF AMERICA under its direction, supervision and jurisdiction. Defendant LAS VEGAS AREA COUNCIL, INC., BOY SCOUTS OF AMERICA is responsible and liable in whole or in part, directly and indirectly, for the wrongful acts complained of herein.

6. GLENN COX ("Mr. Cox") is, upon information and belief, at all times relevant herein, a resident of the County of Clark, State of Nevada, and was a Scoutmaster, adult supervisor or similar position for Defendants.

7. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100, are unknown to Plaintiff who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as DOES 1 through 100 and ROE CORPORATIONS 1 through 100 is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as organizers, promoters, operators, managers,

maintainers, creators, assemblers, controllers and/or party otherwise responsible for the Event described below and/or the subject Boy Scout troop, and/or their status as owners, operators, managers, maintainers, designers, creators, constructors, assemblers, instructors, manufacturers, installers, inspectors, controllers, entrustors, sellers, distributors and/or party otherwise responsible objects involved in the subject Incident described below (bow and arrow), and/or their agency, representative, master/servant, joint venture, employer/employee, contractor/subcontractor and/or other relationship with said defendants and/or the otherwise responsible parties, including any other entities who are also responsible for the events and claims asserted herein, such as parent and subsidiary companies affiliated with the named or otherwise responsible entities, and/or are somehow otherwise liable for the subject Incident and/or Plaintiff's resulting damages. Moreover, on information and belief, Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 were involved in the initiation, approval, support or execution of the wrongful/negligent acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

8. That at all times pertinent herein, Defendants were agents, principals, masters, servants, employers, employees, representatives, joint venturers and/or were otherwise affiliated with every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, representation, joint venture or other

such relationship with knowledge, permission and consent of all other Defendants and/or otherwise responsible parties.

9. At all times relevant herein, Defendants' employees, representatives and/or authorized agents contributed to and/or caused the circumstances resulting in the subject Incident described below, and said employees, representatives and/or agents were acting within the course and scope of such employment, representation and/or agency at the time, thereby rendering Defendants liable for the negligent acts of said employees, representatives and/or agents under the doctrine of vicarious liability/respondeat superior. The true names and capacities of these employees, representatives and agents are presently unknown to Plaintiff at this time, who therefore identifies said individuals by the collective fictitious name of "DOE EMPLOYEES." When the true names and capacities of these individuals are ascertained, Plaintiff will seek to amend this Complaint as necessary.

10. That the facts and circumstances that give rise to the subject lawsuit occurred at the 2016 Mountain Man Rendezvous event in Beatty, Nevada at the Oasis Valley (hereinafter the "Event"), which, upon information and belief, at all times mentioned herein, was owned, maintained, managed, operated, organized, promoted, inspected, created and/or controlled by Defendants and/or that Defendants are otherwise responsible for the subject Incident and/or Plaintiff's resulting damages.

## GENERAL FACTUAL ALLEGATIONS

11. Defendants sponsor, encourage, invite and authorize persons to participate in programs and activities, including children. At all times relevant herein, Defendants participated in or otherwise controlled the selection of adult leaders and troops, retained and exercised ultimate authority to decide who could be an adult troop leader, and had the right to control

the means and manner of the staffing, operation and oversight of any troop, program and activity (hereinafter referred to as "BSA activity" and "BSA activities"). Defendants, through their adult leaders, employees, servants, officers, volunteers and/or agents, have control over the BSA activities involving children. Defendants have the power to appoint, supervise, monitor, restrict and terminate each person working at BSA activities. The Event is such a BSA activity.

12. Upon information and belief, the Event is a multi-day camping event involving thousands of attendees, including minor children ("attendees"). The Event features a variety of outdoor and dangerous activities, including archery and knife throwing. The Event also features vendors who offer and sell various items to attendees during the Event. Upon information and belief, Defendants select, invite and otherwise permit the vendors to attend the Event and sell or otherwise offer items to the attendees.

13. That, at all times pertinent herein, Defendants had a duty to and were responsible for providing a safe environment for the attendees, including providing adequate supervision.

14. That on February 6, 2016, Plaintiff was attending the Event with Troop 102 when another minor attendee errantly shot Plaintiff in the eye with a bow and arrow that another minor attendee purchased from a vendor at the Event (the "Incident").

15. Defendants had a duty to protect Plaintiff when he was entrusted to their care when attending the Event. As such, Defendants owed Plaintiff, as a child, a special duty of care in addition to a duty of ordinary care, and owed Plaintiff the higher duty of care that adults dealing with children owe to protect them from harm.

16. That Defendants, at all times relevant herein, owed Plaintiff a duty to use reasonable care to provide a safe environment at the Event, to protect Plaintiff, and to prevent harm from

being inflicted upon him by others at the Event. Such duty included, but was not limited to, the duty to provide adequate supervision, prevent attendees from purchasing and using unreasonably dangerous items, prevent attendees from participating in unreasonably dangerous activities, adequately training and educating the attendees and adult supervisors concerning dangerous activities, and to prevent the sale and offering of unreasonably dangerous items. Defendants breached these duties, acted negligently and failed to use due care at all times relevant herein by, among other things, inadequately supervising and controlling the attendees, failing to take reasonable measures to supervise and protect the attendees, permitting and entrusting the attendees to participate in unreasonably dangerous activities like shooting bows and arrows, permitting attendees to purchase and use unreasonably dangerous items like the subject bow and arrow, failing to properly notify and educate the attendees as to the potential for harm if the attendees acted in a negligent or reckless manner including as it relates to shooting bows and arrows, failing to adequately monitor and control the attendees during the Event, and failing to ensure the attendees were adequately trained, knowledgeable and able to comply with the basic standards of participating in dangerous activities like shooting bows and arrows, ultimately resulting in the subject Incident and Plaintiff's resulting damages.

17. That Defendants had a duty to use reasonable care in providing a safe environment at the Event for attendees, including a duty to ensure items being sold or offered to attendees were appropriate and did not create an unreasonably dangerous environment. Defendants breached this duty when they allowed dangerous items like the subject bow and arrow to be sold or otherwise offered at the Event, resulting in the subject incident.

///

18. Upon information and belief, at all times relevant herein, Defendants were aware of prior incidents at other BSA activities where attendees were injured as a result of acts and omissions similar to those resulting in the subject Incident, including, but not limited to, failing to provide adequate supervision, failing to prevent attendees from purchasing and using unreasonably dangerous items, failing to prevent attendees from participating in unreasonably dangerous activities, permitting the sale and offering of unreasonably dangerous items, and failing to properly train and educate leaders and attendees concerning participating in dangerous activities and using dangerous items.

19. That Defendants had a duty to use reasonable care in hiring, training, supervising and retaining its representatives and adult leaders, including Mr. Cox and DOE EMPLOYEES, to supervise and protect the attendees of the Event. Defendants breached this duty of care, resulting in the Incident.

20. That Defendants ultimately had a duty to safeguard and protect individuals at the Event, including Plaintiff, and to prevent violence and harm from being inflicted upon them. That Defendants failed to use reasonable care to prevent the subject Incident from occurring as discussed above.

21. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, his right eye, psyche, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of $15,000.00.

22. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatment for the aforementioned injuries and that said services, care and

treatment are continuing and shall continue into the future all to Plaintiff's damages in a sum in excess of $15,000.00.

23. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

24. That Defendants knew or should have known that they had a duty to provide a safe environment at the Event, particularly due to the presence of minor attendees. Despite understanding the duties owed, Defendants acted with extreme recklessness, showing a willful, wonton and conscious disregard for the safety of others, including Plaintiff, when Defendants failed to provide adequate supervision, permitted the sale to and use of dangerous items by minor attendees including the subject bow and arrow, permitted attendees to participate in unreasonably dangerous activities including shooting the subject bow and arrow, and otherwise acted with a willful and wanton disregard for the safety of persons and property, subjecting Plaintiff to curel and unjust hardship, thereby entitling Plaintiff to an award of exemplary and punitive damages in an amount in excess of $15,000.00.

25. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION
*(Negligence and Respondeat Superior)*

26. Plaintiff incorporates paragraphs 1 through 25 of the Complaint as though said paragraphs were fully set forth herein.

27. Defendants, at all times relevant herein, owed Plaintiff a duty to use reasonable care to provide a safe environment and to avoid causing harm or injury to others at the Event. Such duty included, but was not limited to, the duty to provide a safe environment by providing adequate supervision, preventing attendees from purchasing and using unreasonably dangerous items, preventing attendees from participating in unreasonably dangerous activities, adequately training and educating the attendees and supervisors concerning dangerous activities, and preventing the sale and offering of unreasonably dangerous items.

28. Defendants had a duty to protect Plaintiff when he was entrusted to their care when attending the Event. As such, Defendants owed Plaintiff, as a child, a special duty of care in addition to a duty of ordinary care, and owed Plaintiff the higher duty of care that adults dealing with children owe to protect them from harm.

29. Defendants owed a duty to hire and train their adult leaders and supervisors so that they would be able to conduct BSA activities, like the subject Event, in a reasonable and safe manner.

30. That Defendants ultimately had a duty to safeguard and protect individuals at the Event, including Plaintiff, and to prevent violence and harm from being inflicted upon them. Defendants breached this duty of care as discussed more fully above by, among other things:

    a. Failing to provide Plaintiff with a safe Event, free from hazards that were or should have been recognized by Defendants;

    b. Failing to adequately supervise and control the attendees;

///

c. Failing to provide adequate supervision, including a sufficient number of adult supervisors, to provide protection to attendees, including Plaintiff, at the Event;

d. Failing to properly evaluate the need for additional supervision, failing to hire sufficient personnel to supervise, failing to properly train, supervise, manage and/or control what personnel they did have, and failing to take measures to remedy or warn of the existence of dangerous conditions at the Event, among other things, and, therefore, Defendants failed to provide a safe environment and to safeguard attendees, including Plaintiff, from dangerous conditions, including those resulting in the Incident as described herein;

e. Failing to take reasonable measures to supervise and protect the attendees;

f. Permitting and entrusting the attendees to participate in unreasonably dangerous activities like shooting bows and arrows;

g. Permitting attendees to purchase and use unreasonably dangerous items like the subject bow and arrow;

h. Failing to properly notify and educate the attendees as to the potential for harm if the attendees acted in a negligent or reckless manner including as it relates to shooting bows and arrows;

i. Failing to adequately monitor and control the attendees during the Event;

j. Failing to ensure the attendees were trained, knowledgeable and able to comply with the basic standards of participating in dangerous activities like shooting bows and arrows;

k. Inviting and permitting vendors to sell and offer unreasonably dangerous items to attendees for use at the Event;

l. Promoting, allowing and encouraging an excessive number of attendees to attend the Event when Defendants knew or should have known that the Event lacked sufficient supervision;

m. Promoting, allowing and encouraging attendees to attend the Event, including minors, despite inviting and permitting vendors to sell and offer unreasonably dangerous items to attendees for use at the Event;

n. Permitting the sale and offering of unreasonably dangerous items to attendees for use at the Event despite having a lack of sufficient supervision;

o. Failing to properly warn of the unreasonably dangerous conditions at the Event;

p. Failing to have adequate policies and procedures to prevent, detect and make safe dangerous conditions on the Event;

q. Failing to adequately train and educate their adult leaders;

r. Otherwise acting in a negligent and careless manner by failing to exercise the degree of care required under the circumstances.

31. Upon information and belief, at all times relevant herein, Defendants' employees and/or authorized agents, DOE EMPLOYEES, contributed to and/or caused the circumstances resulting in the subject Incident described above, and said employees and/or agents were acting within the course and scope of such employment and/or agency at the time. Defendants are liable for the subject negligent acts of their employees and/or agents, DOE EMPLOYEES, under the doctrine of vicarious liability/respondeat superior.

32. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to his body, limbs, organs and/or systems, all or some of which conditions may be permanent and disabling and all to Plaintiff's damage in

a sum in excess of $15,000.00. That said services, care and treatment are continuing and shall continue into the future.

33. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

34. That Defendants knew or should have known that they had a duty to provide a safe environment at the Event, particularly due to the presence of minor attendees. Despite understanding the duties owed, Defendants acted with extreme recklessness, showing a willful, wonton and conscious disregard for the safety of others, including Plaintiff, when Defendants failed to provide adequate supervision, permitted the sale to and use of dangerous items by minor attendees including the subject bow and arrow, permitted attendees to participate in unreasonably dangerous activities including shooting the subject bow and arrow, and otherwise acted with a willful and wanton disregard for the safety of persons and property, subjecting Plaintiff to curel and unjust hardship, thereby entitling Plaintiff to an award of exemplary and punitive damages in an amount in excess of $15,000.00.

35. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**
*(Negligent Hiring)*

36. Plaintiff incorporates paragraphs 1 through 35 of the Complaint as though said paragraphs were fully set forth herein.



37. Defendants owed Plaintiff several duties including, but not limited to, the following:

    a. The duty to keep Plaintiff safe from the negligent acts of their employees;

    b. The duty to provide and hire responsible employees, including implementing adequate policies and procedures therefor; and

    c. The duty to conduct reasonable investigations into the backgrounds of their employees.

38. Upon information and belief, Defendants breached these duties by, among other things:

    a. Hiring individuals, including Mr. Cox and DOE EMPLOYEES, who were not qualified and/or competent for their positions;

    b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, including Mr. Cox and DOE EMPLOYEES;

    c. Failing to implement adequate policies and/or procedures for hiring employees, including Mr. Cox and DOE EMPLOYEES; and/or

    d. Failing to adequately train their employees, including Mr. Cox and DOE EMPLOYEES.

39. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

40. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

///

///

## THIRD CAUSE OF ACTION
### (*Negligent Training and Supervision*)

41. Plaintiff incorporates paragraphs 1 through 40 of the Complaint as though said paragraphs were fully set forth herein.

42. Defendants owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees. This duty required Defendants to train and supervise employees, including Mr. Cox and DOE EMPLOYEES, to ensure that these employees acted without negligence.

43. Defendants breached this duty when they failed to properly train and supervise employees, including Mr. Cox and DOE EMPLOYEES, whose negligence caused injury to Plaintiff as alleged herein. If Defendants had properly trained and supervised their employees, including Mr. Cox and DOE EMPLOYEES, this negligence would not have occurred.

44. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

45. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION
### (*Negligent Retention*)

46. Plaintiff incorporates paragraphs 1 through 45 of the Complaint as though said paragraphs were fully set forth herein.

47. Defendants owed Plaintiff the duty to exercise reasonable care in the retention of employees.

48. Upon information and belief, Defendants breached this duty when they negligently retained employees, including Mr. Cox and DOE EMPLOYEES, even though they knew, or should have known, that these employees lacked the qualifications and/or competence for their position.

49. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

50. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARCO ROMERO, JR., a minor, by and through his natural mother, AUDREY ROMERO, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;
3. For exemplary and/or punitive damages in an amount in excess of $15,000.00;
4. For reasonable attorney's fees and costs;
5. For interest at the statutory rate; and

///

///

///



1  6. For such other relief as the Court deems just and proper.

2  DATED this 14 day of December, 2018.

3

4                                                                 NAQVI INJURY LAW

5                                              By: _____

6                                              FARHAN R. NAQVI
                                               Nevada Bar No. 8589
7                                              ELIZABETH E. COLEMAN
                                               Nevada Bar No. 12350
8                                              9500 W Flamingo Road, Suite 104
                                               Las Vegas, Nevada 89147
9                                              *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28