# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date**<br>September 9, 2020 at 10:00 a.m. (ET)<br>**Objection Deadline**<br>September 2, 2020 at 4:00 p.m. (ET) |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENT OF CLAIM OF LIANFEN QIAN AND (II) LIFTING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion") for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, pursuant to sections 105(a), 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code), and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the Settlement (as defined below) of the claim of Lianfen Qian and (ii) lifting the automatic stay, to the extent necessary, to permit payment of the settlement amount by applicable insurance. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 362 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

**BACKGROUND**

4. Lianfen Qian (the "Claimant") asserts that she was injured when she was struck by a golf cart driven by a volunteer at the Tanah Keetah Scout Reservation in Tequesta, Florida ("Tanah Keetah") on June 28, 2019 (the "Incident"). Tannah Keetah is owned and operated by the Gulf Stream Council. Gulf Stream Council is a local council of the BSA.

5. The Claimant further asserts that, as a result of being struck by the golf cart, she suffered a broken ankle which required surgery and several months of physical therapy.

6. On August 2, 2019, the Claimant notified the BSA that she intended to seek to recover damages from the BSA relating to the Incident. Negotiations ensued between the Claimant and the applicable BSA insurer for the time period in which the Incident occurred, Evanston Insurance Company ("Evanston"). These negotiations terminated, however, when the Debtors filed for relief under chapter 11 of the Bankruptcy Code on February 18, 2020.

7. On June 25, 2020, the Claimant filed a motion seeking relief from the automatic stay permitting her to proceed on her claim against the insurance policies covering the Debtors (the "Stay Relief Motion") [D.I. 904].

8. By order dated July 9, 2020, the Court granted the Stay Relief Motion, providing that, "[t]he automatic stay of 11 U.S.C. § 362(a) shall be modified for the limited purpose of permitting the Movant to liquidate her claim(s) through the commencement or continuation of any pending litigation or pre-litigation settlement negotiations" (the "Stay Relief Order") [D.I. 993].

9. The Stay Relief Order further provided, however, that, "[t]he Movant shall not be entitled to enforce or seek payment on account of the Movant's claim(s), including against any insurers of the Debtors, absent further order of this Court."

## THE SETTLEMENT

10. Upon entry of the Stay Relief Order, negotiations between the Claimant and Evanston recommenced.

11. On August 6, 2020, Evanston informed the BSA that it had reached an agreement with the Claimant to settle her $610,000 demand for $150,000. The $150,000 will be paid solely from insurance, by Evanston, and, upon receipt of the settlement payment, the Claimant shall release the Debtors, the Gulf Stream Council, Evanston, and each of their respective affiliates, employees, volunteers, officers, directors, advisors and agents from any and all liability relating to the Incident (the terms set forth in this paragraph, the "Settlement").

## RELIEF REQUESTED

12. The Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (i) approving the Settlement and (ii) lifting the automatic stay, to the extent necessary, to permit Evanston to pay the $150,000 settlement amount.

## BASIS FOR RELIEF REQUESTED

**I.     Legal Standard**

    **A.     Approval of Settlements**

13.    Section 105(a) and Bankruptcy Rule 9019 authorize the Court to approve settlements of claims.  Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In addition, Bankruptcy Rule 9019 provides that, upon notice and a hearing, the Court "may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

14.    Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  The Court should exercise its discretion to approve a settlement or compromise where it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  The Court need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonable." *In re W.R. Grace & Co.*, 475 B.R. 34, 78 (D. Del. 2012).  In determining whether a settlement or compromise should be approved, courts consider a number of factors, including "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Martin*, 91 F.3d at 393.

    **B.     The Automatic Stay**

15.    Upon the filing of a bankruptcy case, section 362 of the Bankruptcy Code automatically stays, among other things, the commencement or continuation of any proceeding

against the debtor "to recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a). The automatic stay serves a number of important purposes that protect both debtor and creditor interests, including, among other things, "to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it" and "to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (quotations omitted).

16. Section 362(d), however, authorizes the Court to grant relief from the automatic stay for cause. 11 U.S.C. § 362(d). Although the Bankruptcy Code itself does not define "cause," courts in this District often consider whether (i) the debtor will suffer "any great prejudice" from the continuation of the civil suit," (ii) the prejudice to the non-bankrupt party by maintenance of the stay considerably outweighs the prejudice to the debtor if the stay is lifted, and (iii) the non-bankrupt party "has a probability of prevailing on the merits." *Id.*; *see also In re Scarborough St. James Corp.*, 535 B.R. 60, 67–68 (Bankr. D. Del. 2015).

## II.    Argument

17. The Settlement should be approved because it fairly and efficiently resolves potential litigation against the BSA with minimal burden to the estate. The Settlement amount of $150,000, to be paid solely by Evanston, is less than 25 percent of the initial settlement demand and will avoid the uncertainty and expense of litigation, which in this case could potentially exceed the Settlement amount. In addition, the Debtors, the Gulf Stream Council, Evanston, and each of their respective affiliates, employees, volunteers, officers, directors, advisors and agents will be released under the Settlement, eliminating any liability under a plan of reorganization. Accordingly, the Settlement is reasonable and in the best interests of the Debtors' estates and their creditors. *In re Louise's, Inc.*, 211 B.R. at 801.

18. Additionally, the automatic stay should be lifted, to the extent necessary, to permit Evanston to pay the settlement amount. As noted in the previously filed lift stay motions filed by the Debtors' insurers, the question of whether proceeds of an insurance policy are property of the bankruptcy estate is complex and the law is unclear as to the answer. *In re MF Glob. Holdings, Ltd*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012). Although it is "well-settled that a debtor's liability insurance is considered property of the estate . . . 'the courts are in disagreement over whether the proceeds of a liability insurance policy are property of the estate.'" *Id.* (quoting *In re Downey Fin. Corp.*, 428 B.R. 595, 603 (Bankr. D. Del. 2010)).

19. However, even if the automatic stay does apply, cause exists here to the permit the payment of the settlement amount by Evanston. The Settlement will allow for the Claim to be resolved in a comparatively minimal amount and will avoid the uncertainty and expense of litigation which, as noted above, in this case could potentially exceed the settlement amount. *In re Almonacy*, No. 10-37235 DHS, 2011 WL 13659, at *3 (Bankr. D.N.J. Jan. 4, 2011) ("When an action seeks to recover from a debtor's insurance policy and the debtor is represented by the insurer, courts routinely grant stay relief because the burden on the estate is likely to be outweighed by the hardship on the plaintiff if the action is not permitted to continue."). Additionally, Evanston, not the Debtors, will pay the full settlement amount and the Debtors and their related parties will be fully released from any and all liability relating to the Incident.

20. Accordingly, there is no prejudice to the Debtors if the stay is lifted to permit the settlement amount to be paid by Evanston and the Settlement to be consummated.

## NOTICE

21. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future

Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (ix) the Claimant. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## **CONCLUSION**

For the above reasons, the BSA respectfully requests this Court enter an order approving the Settlement, and grant all other relief as is just and proper.

| | |
|---|---|
| Dated: August 19, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>       aremming@mnat.com<br>       emoats@mnat.com<br>       ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>William E. Curtin<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br>       wcurtin@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>       mandolina@sidley.com<br>       mlinder@sidley.com<br>       blair.warner@sidley.com<br><br>ATTORNEYS FOR THE<br>DEBTORS AND DEBTORS IN POSSESSION |