## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
|  | **Objection Deadline: 8/31/2020 at 4:00 p.m. (ET)** |
|  | **Hearing Date: 9/9/2020 at 10:00 a.m. (ET)** |

### MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE FOR AN ORDER (I) AUTHORIZING THE COALITION TO FILE UNDER SEAL EXHIBIT A TO THE AMENDED 2019 STATEMENT AND (II) APPROVING THE SUFFICIENCY OF THE AMENDED 2019 STATEMENT

The Coalition of Abused Scouts for Justice (the "Coalition"), by its undersigned counsel, hereby moves (this "Motion") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2019, 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules"), authorizing the Coalition to redact and to file under seal certain information contained in Exhibit A to the *Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1106] (the "Amended 2019 Statement"), which exhibit is being filed under seal contemporaneously herewith.[2]  In support of this Motion, the Coalition respectfully states as follows:

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Amended 2019 Statement.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Coalition confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of this proceeding and this Motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rules 2019, 9018 and 9037, and Local Rule 9018-1.

## GENERAL BACKGROUND

2.      On February 18, 2020 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      On May 26, 2020, the Court entered an order [D.I. 695] (the "Bar Date Order") approving, among other things, the proposed procedures for the filing of Sexual Abuse Survivor Proofs of Claim including special procedures for Sexual Abuse Survivors (each, as defined therein) to file confidential Sexual Abuse Survivor Proofs of Claim.

4.      On June 8, 2020, the Court entered the *Order Approving Confidentiality and Protective Order* [D.I. 799] (the "Protective Order") approving the Revised Protective Order.

5.      On or about July 18, 2020, the members of the Coalition, by and through their State Court Counsel, formed the Coalition and retained Coalition Counsel to represent them in

123733618

connection with the Coalition's claims and interests in respect of the Debtors and the Bankruptcy Cases.

6.      On July 29, 2020, the Coalition filed the *Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1053], and subsequently received informal requests for Confidential Information (defined below).

7.      On August 14, 2020, the Coalition filed the Amended 2019 Statement.

8.      The Coalition is comprised of more than 12,000 sexual abuse victims (collectively, the "Coalition Members") and each of the Coalition Members, as a party-in-interest, holds one or more claims against the Debtors that may include, but are not necessarily limited to, unsecured claims and administrative expense claims.  Each Coalition Member is a Sexual Abuse Survivor (as defined in the Bar Date Order) and, as a result, the identity of each Coalition Member and certain information relating to each Member's claims are highly confidential.

## CONFIDENTIAL INFORMATION

9.      Many of the unsecured creditors in these Bankruptcy Cases are individuals whose claims against the Debtors are premised on allegations of sexual abuse.  Certain of the Coalition Members have filed civil actions against the Debtors.  Many, but not all, of the Coalition Members who have done so have elected to file their litigation claims in court against the Debtors pseudonymously, with their real identity to be revealed only to the defendants in the course of litigation and with the understanding that their identities would not be publicly disclosed.  Other Coalition Members who did not file civil actions contacted the Debtors pre-petition, either with or without the assistance of counsel, and have asserted claims of abuse by the Debtors' employees or agents with the understanding that the Debtors would protect their identities and keep their claims confidential.

10.    Each of the Bar Date Order and the Protective Order recognizes this sensitivity and protects claimant anonymity subject only to authorizing certain designated persons to have access to claimant names and address.

11.    In light of the nature of the claims asserted by the Coalition Members and other Sexual Abuse Survivors, to avoid causing unnecessary additional anguish or embarrassment, and to encourage such individuals to feel safe and secure in advancing their respective claims without fear of retribution or reprisal, the Coalition submits that it would be inappropriate and potentially harmful to require the public disclosure of either: (i) identifying information[3] relating to individuals who have, either informally, formally, or through the filing of a lawsuit, notified the Debtors of allegations of abuse by the Debtors or their agents; or (ii) information relating to the specific allegations of abuse asserted by any of the Sexual Abuse Survivors (collectively, the "Confidential Information").

12.    In addition, the Coalition avers that the "instrument" authorizing the Coalition to act on behalf of the Coalition Members includes confidential agreements and communications among Coalition Members, State Court Counsel and Coalition Counsel that are subject to attorney-client privilege, contain commercially sensitive information, and should not be subject to public review.[4]

---

[3] Such identifying information includes, without limitation, a Coalition Member's name, biographical details, contact information, and any other personally identifiable information, except for a pseudonym or other information that a Coalition Member has voluntarily and knowingly disclosed as part of a litigation, mediation, or other claims or reporting processes.

[4] Such information includes, without limitation, (i) exemplars of excerpts of the relevant language from the retainer agreements between each of the Coalition Members and respective State Court Counsel, (ii) communications between State Court Counsel and respective Coalition Members notifying them of the Coalition and seeking consent to representation by the Coalition, and (iii) redacted copy of Coalition Counsel's engagement letter with the Coalition, by and through, State Court Counsel.  Prior to filing this Motion, the Coalition made such information available to counsel to the Official Committee of Tort Claimants subject to a "Committee Advisors' Only" designation under the Protective Order and without waiving  attorney-client privilege.

13.     As described *supra*, the Court has already entered orders protecting certain Confidential Information in other contexts in these Bankruptcy Cases, and the Coalition believes it is imperative that the decision to come forward and identify oneself as a Sexual Abuse Survivor be left to the individuals in question, and that reasonable and appropriate accommodations to safeguard the Confidential Information can and should be made without adversely affecting the rights of any other parties in interest in these Bankruptcy Cases.

## RELIEF REQUESTED

14.     By this Motion, the Coalition seeks entry of the Proposed Order: (i) authorizing the Coalition to redact and to file under seal Exhibit A to the Amended 2019 Statement, (ii) directing that the Confidential Information remain under seal, and (iii) declaring the form of Amended 2019 Statement filed at D.I. 1106 satisfies the requirements of and is sufficient under the Bankruptcy Rules.

## BASIS FOR RELIEF REQUESTED

15.     Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16.     Bankruptcy Code section 107(b) empowers this Court to protect parties from the potential harm resulting from the disclosure of scandalous matter contained in any Court filing. *See* 11 U.S.C. § 107(b).  Section 107(b) provides in pertinent part:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, may – . . . (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*Id.* (emphasis added).

5

123733618

17.     Bankruptcy Rule 9018 establishes the procedures by which a party may move for relief under Bankruptcy Code section 107(b) and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires … (2) to protect any entity against scandalous or defamatory material contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018.  The Coalition has complied with Local Rule 9018-1(d) and has filed the publicly viewable Amended 2019 Statement.

18.     Bankruptcy Rule 9037 provides in relevant part that "[f]or cause, the court may order in a case under the Code: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Bankr. P. 9037(d).

19.     Bankruptcy Rule 2019 governs the disclosure of information in chapter 9 and 11 cases whenever "multiple creditors or equity security holders . . . are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another." Fed. R. Bankr. P. 2019(b)(1).[5]

---

[5] "The direct antecedent of Rule 2019 was Rule 10–211 under former Chapter X of the Bankruptcy Act," which "was designed to 'provide a routine method of advising the court and all parties in interest of the actual economic interest of all persons participating in the proceedings.'" *In re Washington Mut., Inc.*, 419 B.R. 271, 277-78 (Bankr. D. Del. 2009) (quoting Securities and Exchange Comm'n, Report on the Study and Investigation of the Work, Activities, Personnel and Functions of Protective and Reorganization Committees (1937)).  Courts have recognized that the potential for groups, committees and entities (collectively, "Groups") to use collective action to enhance their bargaining leverage and credibility in an insolvency case heightens the need for members of such Groups to disclose the economic interests underlying their litigation positions. *See Washington Mut.*, 419 B.R. at 280; *In re Nw. Airlines Corp.*, 363 B.R. 701, 703 (Bankr. S.D.N.Y. 2007).  The disclosure requirements of Rule 2019 allow creditors to assess "whether [a particular Group] will represent their interests" and provide "all parties a better ability to gauge the credibility of an important group that has chosen to appear in a bankruptcy case and play a major role." *Nw. Airlines*, 363 B.R. at 709.

In 2011, Rule 2019 was "substantially amended to expand the scope of its coverage and the content of its disclosure requirements." Fed. R. Bankr. P. 2019 advisory committee's note to 2011 amendments.  The 2011 amendments were precipitated by a series of decisions under the previous version of Rule 2019 addressing the level of disclosure required by *ad hoc* groups of distressed investors.  *See New Rule 2019: Distressed Investors, What Are You Holding?*, Am. Bankr. Inst. J. (June 2011) at 14.

Among other changes, the 2011 amendments require members of Rule 2019(b) groups to report their "disclosable economic interests," a term intended to "be sufficiently broad to cover any economic interest that could affect the legal and strategic positions a stakeholder takes in a" restructuring case, *id.*, including both direct and derivative

20.     Consistent with Bankruptcy Rule 2019, the Coalition acknowledges that, as an *ad hoc* group or committee representing multiple creditors that are acting in concert to advance common interests, it has an obligation to disclose certain required information.  The Coalition submits, however, that the disclosure obligation under Bankruptcy Rule 2019 must be balanced against more appropriate disclosure and protocols that will shield Sexual Abuse Survivors from unnecessary embarrassment and trauma resulting from disclosures of personally identifiable information.  *See Certain Underwriters at Lloyds v. Future Asbestos Claimants (In re Kaiser Aluminum Corp.)*, 327 B.R. 554, 557 (D. Del. 2005) (affirming bankruptcy court order limiting required Rule 2019 disclosures in mass tort context and recognizing "appropriate balance between maintaining the public's right to access the Rule 2019 information and ensuring that the information is not misused") (citing *In re Owens Corning, et al.*, Case Nos. 00-3837-3854 (JFK) at 55).

21.     The Coalition avers that the Amended 2019 Statement, together with production of Confidential Information on a "Committee Advisor Only" basis to parties subject to the Protective Order satisfies the Coalition's obligations under Bankruptcy Rule 2019 and appropriately balances the disclosure requirements thereunder against the need to maintain Sexual Abuse Survivor anonymity and the provisions of Bankruptcy Code sections 107(b) and Bankruptcy Rules 9018 and 9037.

22.     Specifically, the Coalition submits it has satisfied the requirements of Bankruptcy Rule 2019 (c)(1), (2) and (3) as follows:

---

financial interests.  *See* Fed. R. Bankr. P. 2019(a)(1) (defining a "disclosable economic interest" as "any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest"); *cf. Washington Mut.*, 419 B.R. at 279 ("The proliferation of short-selling and the advent of myriad derivative products now allow creditors to take multiple stakes in the capital structure of debtors. Such varied holdings have the potential to create complex, conflicting incentives for large creditors.").

- the Amended 2019 Statement discloses the Coalition was formed by its members through their State Court Counsel and is comprised of more than 12,000 sexual abuse victims;

- the names and addresses of Coalition Members otherwise protected under the Protective Order and Bar Date Order have been made available to counsel to the Tort Claimants' Committee subject to the Protective Order on a "Committee Advisors Only" basis; and

- information regarding the current city and state of each Coalition Member, as well as, the date and location of each incident, and the identity of each Coalition Member by use of a unique identification number given to each such member, have been provided, upon request, to parties subject to the Protective Order on a "Committee Advisors Only" basis.

23.     With respect to Bankruptcy Rule 2019 (c)(4), the Coalition submits that providing representative exemplars of Confidential Information, including (a) representative communications between State Court Counsel and Coalition Members gaining consent for representation by the Coalition, (b) redacted forms of engagement letters of State Court Counsel, and (c) redacted engagement letter of Coalition Counsel, on a "Committee Advisors Only" basis to parties subject to the Protective Order, meets the Coalition's obligation under Bankruptcy Rule 2019. The Coalition respectfully asserts the underlying retention agreements and communications between State Court Counsel and the Coalition Members are subject to the attorney-client privilege, contain commercially sensitive information and, therefore, should not be disclosed publicly.

24.     Case law in this district and elsewhere supports limiting the number of documents and/or instruments and the scope of information that is filed or otherwise made publicly available in appropriate cases. For example, in *Certain Underwriters at Lloyds v. Future Asbestos Claimants (In re Kaiser Aluminum Corp.)*, 327 B.R. 554, 557, (D. Del. 2005), the district court affirmed the bankruptcy court's determination that Bankruptcy Rule 2019 "(1) did not require law firms representing thousands of asbestos personal injury tort claimants in the underlying bankruptcy cases to file their powers of attorney or other empowering documents, and (2) made

the information submitted pursuant to the Revised 2019 Orders unavailable on the public docket, except upon motion by a party and order of the Bankruptcy Court." The district court also affirmed the bankruptcy court's decision to require the law firms to file only exemplars of their retention agreements and its conclusion that "such exemplars were sufficient to demonstrate compliance with Rule 2019." *Id.* at 560.

25.    Courts in the Third Circuit have reaffirmed the use of exemplars in place of filing every retention agreement with the individual members of an ad hoc group in a large complex case. *See In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 760 (D. Del. 2018). In *In re Pittsburgh Corning Corp.*, 260 Fed. Appx. 463, 465 (3d Cir. 2008), the Third Circuit affirmed the lower court orders authorizing law firms representing ad hoc groups of asbestos tort claimants to "file 'exemplars' of their empowering documents and require[ing] anyone who wished to view the Rule 2019 submissions to file a motion with the court to gain permission."

26.    Accordingly, the Coalition seeks entry of the Proposed Order, substantially in the form attached hereto, which contains the following material provisions:

> (a)    <u>Confidential Information</u>.  The Coalition shall not be required to disseminate to any entity, without further order of the Court, any Confidential Information; <u>provided</u>, <u>however</u>, that the Coalition is permitted, but not required, in its sole and absolute discretion, to provide access to Confidential Information to any entity so long as such access to Confidential Information is subject to designation as "Committee Advisor Only" under the terms of the Protective Order.

> (b)    <u>Party-In-Interest Confidential Information Requests</u>.  The Coalition shall respond to an entity's written request for Confidential Information within seven (7) days of the Coalition's receipt of such written request.  The Coalition's response to any such request shall either (i) provide access to the requested Confidential Information or (ii) provide an explanation of the reasons why such Confidential Information cannot or will not be provided.  If the Confidential Information request is denied because it requests Confidential Information, which cannot be disclosed or the request is unduly burdensome, nothing herein shall prevent such party in interest, after

9

good faith attempts to meet and confer with the Coalition, from filing a motion requesting such information be provided.

(c)    <u>Further Relief of Court</u>.  The Coalition, and any entity in these Bankruptcy Cases that has submitted a request to the Coalition for access to Confidential Information and that has not received all of the information so requested within such seven day period, may file a motion on notice seeking further relief from the Court.

27.    The Coalition submits the requested relief will help to ensure that Confidential Information is not disseminated to the detriment of the Sexual Abuse Survivors.  Moreover, it will assist the Coalition in complying with its statutory obligation(s) in an appropriate, cost-effective, and efficient manner.

## NOTICE

28.    Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils of the Boy Scouts of America; (vi) counsel to JPMorgan Chase Bank National Association; (vii) counsel to the Insurers; and (viii) parties consistent with the *Standing Order Regarding Service Pursuant to Del. Bankr. L.R. 5004-4 and 9036-1*.  The Coalition submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

123733618

## CONCLUSION

WHEREFORE, the Coalition respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and any further relief the Court may deem just, proper and necessary.

Dated: August 24, 2020
Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:     (302) 425-6423
Facsimile:     (302) 252-0921
E-mail:       Tarr@BlankRome.com

-and-

**BROWN RUDNICK LLP**
David J. Molton, Esquire
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
E-mail: dmolton@brownrudnick.com

-and-

Sunni P. Beville, Esquire
Tristan G. Axelrod, Esquire
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
E-mail: sbeville@brownrudnick.com
E-mail: taxelrod@brownrudnick.com

*Co-Counsel to the Coalition of Abused Scouts for Justice*

123733618