## **Exhibit D**

**Cease and Desist Letter**



SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 7369
JBOELTER@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

August 10, 2020

**By Email**

Tort Claimants' Committee
Pachulski Stang Ziehl & Jones
Attn: James Stang
10100 Santa Monica Boulevard
13th Floor
Los Angeles, California 90067-4003
Email: jstang@pszjlaw.com

Coalition of Abused Scouts for Justice
Brown Rudnick LLP
Attn: David J. Molton
Seven Times Square
New York, New York 10036
Email: dmolton@brownrudnick.com

> Re:   *In re Boy Scouts of America, et al.*, **Case No. 20-10343 (LSS) (Bankr. D. Del.)**
> **Cease and Desist Demand Regarding Plaintiffs' Firm Advertisements**

Dear Tort Claimants' Committee:

     I am writing on behalf of the Boy Scouts of America (the "BSA") and Delaware BSA, LLC (together, the "Debtors") regarding advertising by certain law firms seeking to represent survivors of sexual abuse (the "Plaintiffs' Firms"). We understand that these Plaintiffs' Firms also represent members of the Tort Claimants' Committee (the "Committee") or members of the Coalition of Abused Scouts for Justice (the "Coalition"). As you are undoubtedly aware, the automatic stay went into effect immediately upon the Debtors' bankruptcy filing, and preserves the Debtors' value by preventing parties from harming the Debtors' assets. I have become aware that communications and television and internet advertising from these Plaintiffs' Firms, seeking to represent survivors of sexual abuse, is not only misleading survivors and the general public about the BSA's bankruptcy case, but is damaging the reputation, brand, and goodwill of the BSA organization in violation of the automatic stay. On behalf of the Debtors, I demand that these Plaintiffs' Firms immediately and permanently cease and desist from publishing these misleading and damaging advertisements.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

  The purpose of the automatic stay is to give the debtor a breathing spell and to stop harassing actions. <u>See</u>, <u>e.g.</u>, <u>In re Roach</u>, 660 F.2d 1316, 1318 (9th Cir. 1981). Non-creditors, such as the Plaintiffs' Firms, may be held accountable for violations of section 362. <u>See, e.g.</u>, <u>In re Atlas Mach. & Iron Works, Inc.</u>, 239 B.R. 322, 335 (Bankr. E.D. Va. 1998). The Debtors recognize that informative communications about the facts of the bankruptcy case and bar date, without more, may be permissible. Nonetheless, the advertisements here do not provide facts about the bankruptcy case or the bar date for filing claims. Instead, they create confusion and mislead their audience, thereby harming survivors of abuse and the general public. Examples of these misleading statements include the following:

- statements indicating that the BSA has already set up a victims' compensation fund to compensate victims of sexual abuse;

- statements that the compensation fund is worth over $1.5 billion;

- statements that abuse survivors are entitled to compensation if they were abused by a scout leader—there is no requirement that the abuse have occurred by a leader in order for a claim to be filed in the bankruptcy case;

- statements referencing BSA's "coverup" and asserting that the BSA has "repeatedly tried to conceal evidence" and "lie" to the public, along with references to the BSA's "secret files" and telling the audience not to let the BSA "get away with it";

- statements referencing a "limited window" and "claims deadline" without indicating what the claims deadline is or where to file a claim;

- use of the BSA's logo and trademarks in advertisements; and

- statements that compensation may be available while remaining completely anonymous; and

  The automatic stay not only prohibits harassing communications, but it also protects a debtor and other creditors against "any act to obtain possession of property of the estate or property from the estate or to exercise control of property of the estate." 11 U.S.C. § 362(a)(3); see <u>In re Inslaw, Inc.</u>, 76 B.R. 224, 228 (Bankr. D.D.C. 1987) (finding that section 362(a)(3) "protects the debtor and all legitimate creditors by preventing dismemberment of the estate by the acts of any entity seeking possession of, or control over, property of the estate"). Property of the estate includes intangible assets such as a debtor's reputation, goodwill, trademarks, brand and customer lists. H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 175–176, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6136 ("[Property of the estate] includes all interests, such as interests in real or personal property, tangible and intangible property, choses in action, causes of action, rights such as copyrights, trade-

# SIDLEY

Page 3

marks, patents, and processes, contingent interests and future interests, whether or not transferable by the debtor."); see, e.g., In re Prince, 85 F.3d 314, 322 (7th Cir. 1996); Vreugdenhil v. Hoekstra, 773 F.2d 213, 214 (8th Cir. 1985).

Here, misleading advertisements from the Plaintiffs' Firms are causing significant harm to BSA's reputation and are actively harming BSA's brand, goodwill, and trademarks, thereby controlling and devaluing valuable property of the estate in violation of section 362(a)(3). These advertisements compound the harms by creating confusion about the bar date and the existence of a victims' compensation trust. The advertisements do not clearly specify that the advertisements and/or the advertised helplines are from private law firms, and that such firms are not affiliated with the BSA or the bankruptcy case. Further, they do not provide even the most basic information about the bar date and related procedures for filing claims. The advertisements are also misleading on basic points of bar date procedure. For example, the ads incorrectly assert that a victims' compensation trust currently exists, and that claimants can remain *completely* anonymous during the claims filing process.

Please distribute this letter to the Plaintiffs' Firms representing members of your Committee or Coalition and any other firms that to your knowledge are engaged in this advertising. The Debtors reserve the right to take any and all further steps necessary to protect property of the estate and prevent the continuing violations of the automatic stay. The foregoing is not intended as a waiver of any of the Debtors' rights or claims, all of which are expressly reserved.

Sincerely,

Jessica C. K. Boelter
Partner

cc: Michael C. Andolina
Tristan G. Axelrod
Sunni P. Beville
Kevin Carey
Paul Finn
Timothy Gallagher
Thomas A. Labuda
Matthew E. Linder
Steven P. McGowan
Rachael Ringer