## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 1145** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND ¶ 27 OF THE BAR DATE ORDER FOR ENTRY OF AN ORDER (I) SUPPLEMENTING THE BAR DATE ORDER AND (II) GRANTING RELATED RELIEF

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion") pursuant to sections 102 and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002(a) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening the notice and objection periods with respect to the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* (the "Motion for a Supplemental Order"),[2] and respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion for a Supplemental Order.

## STATUS OF CASES AND JURISDICTION

1.      The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

2.      On March 5, 2020, the U.S. Trustee appointed the official committee of tort claimants (the "Tort Claimants' Committee") and the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.  On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future sexual abuse survivors (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.  On July 24, 2020, the Coalition of Abused Scouts for Justice (the "Coalition") filed a notice of appearance in these chapter 11 cases pursuant to section 1109(b) of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Motion are sections 102 and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006(c)(1), and Local Rule 9006-1(c) and (e).

## RELIEF REQUESTED

5.      By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, scheduling a hearing on the Motion for a Supplemental Order for a date no later than August 28, 2020 (the "Hearing"), with any objections to the Motion for a Supplemental Order to be heard at the Hearing.

## BASIS FOR RELIEF

6.      Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

7.      Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least fourteen (14) days prior to the hearing date.  However, under Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced."  Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

8.      The Debtors submit that ample cause exists to justify shortening the notice period required by Local Rule 9006-1(c)(i), and that a prompt hearing is in the best interests of the Debtors, their estates and creditors.  On May 26, 2020, this Court entered the Bar Date Order, approving, among other things, an extensive noticing process pursuant to which the Debtors have

instituted a multimillion-dollar notification process for Sexual Abuse Survivors.  However, in parallel, it seems that certain law firms following the Debtors' chapter 11 proceedings, including at least some that represent members of the Tort Claimants' Committee and the Coalition, have engaged in their own advertising campaigns to try to solicit Sexual Abuse Survivors.  To date, approximately 10,999 television spots related to Sexual Abuse Claims against the BSA in these chapter 11 cases have aired.  Unfortunately, as set forth in the Motion for a Supplemental Order, many of these advertisements contain false and misleading statements and are not consistent with the content approved by the Court in the Bar Date Order.

9.    This is especially concerning because these advertisements will be airing at the same time as the Debtors' media-based noticing campaign, mandated by the Bar Date Order, is set to begin.  In fact, the Debtors have pre-purchased advertising time slots for their Court-approved print, television, and radio advertisements, set to start running on August 31, 2020.  As described in the Roberts Declaration that was filed as Exhibit B to the Motion for a Supplemental Order, the Debtors do not have the ability to modify those dates, as all became fixed at the time of purchase. Therefore, it is imperative that the Motion for a Supplemental Order be heard prior to August 31 in order to prevent potential confusion resulting from the inconsistent information between the Debtors' Court-approved advertisements and the law firm advertisements.  As set forth more fully in the Motion for a Supplemental Order, failure to curb the on-going advertising campaigns could have disastrous consequences for these chapter 11 proceedings, including the need for corrective notices to be sent and a new Bar Date being set.  This would be a devastating waste of the $6.8 million in estate assets being spent by the Debtors to comply with the Bar Date Order and potentially derail and jeopardize the parties' efforts to reach a mediated resolution of these proceedings.

10.    Accordingly, the Motion for a Supplemental Order requests that the Court enter an order supplementing the Bar Date Order to prevent potential Sexual Abuse Survivors from being misled or confused regarding the Bar Date and claims process.  Other than that addition to the Bar Date Order, the Debtors do not seek to make any additional modifications to the Bar Date Order.

11.    Furthermore, parties in interest will not be prejudiced by having the Motion for a Supplemental Order heard on shortened notice.  As described in the Motion for a Supplemental Order, counsel for the BSA sent a cease and desist letter to the Tort Claimants' Committee and the Coalition bringing the problematic ads to their attention, and asking that they distribute the letter to the law firms representing their members and any other firms that they knew were engaging in this advertising.  Thus, the law firms that represent members of the Tort Claimants' Committee and the Coalition have been on notice and will not be prejudiced by shortening notice of the Motion for a Supplemental Order.  Additionally, parties in interest will not be prejudiced because the relief requested in the Motion for a Supplemental Order clarifies and is consistent with the relief granted in the Bar Date Order.  Indeed, the relief requested simply reinforces provisions that the Court has already approved and serves to ensure that the Court-approved noticing program has the full force and effect envisioned in the Bar Date Order.

12.    In light of the foregoing, the Debtors submit that there is ample justification to schedule an expedited hearing on the Motion for a Supplemental Order and to shorten the applicable notice period.

### AEVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

13.    In accordance with Local Rule 9006-1(e) the Debtors certify that they have notified counsel to the Tort Claimants' Committee, counsel to the Creditors' Committee, counsel to the Future Claimants' Representative and the U.S. Trustee of this Motion.  The U.S. Trustee has no objection to the entry of the order approving this Motion.  The Tort Claimants' Committee, the

Creditors' Committee and the Future Claimants Representative did not take a position with respect to the shortened notice sought herein.

## **NOTICE**

14.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to the Coalition; (vii) the law firms identified in the Roberts Declaration; (viii) counsel to JPMorgan Chase Bank National Association; (ix) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.


*[Remainder of Page Intentionally Left Blank]*

Dated: August 24, 2020
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Eric W. Moats*

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
       aremming@mnat.com
       emoats@mnat.com
       ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  tlabuda@sidley.com
       mandolina@sidley.com
       mlinder@sidley.com
       blair.warner@sidley.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION