IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BOY SCOUTS OF AMERICA AND | : | Case No. 20-10343(LSS) |
| DELAWARE BSA, LLC,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date: October 14, 2020 @ 10:00 a.m.** |
| | : | |
| | : | **Objection Deadline: October 7, 2020 @ 4:00 p.m.** |
| | : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## OF SALVADOR CONTRERAS RIVERA AND KASANDRA LOPEZ RAMIREZ

Plaintiffs, Salvador Contreras Rivera and Kasandra Lopez Ramirez ("Movants"), by and through their undersigned counsel, hereby respectfully move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), granting relief from the automatic stay to continue litigation pending in Harris County, Texas to liquidate their personal injury claims.

### BACKGROUND

1.  On February 18, 2020 (the "Petition Date") the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court. On February 19, 2020, the Court ordered joint administration of the Debtors' Chapter 11 cases. [Docket No. 61].

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America ("BSA") (6300) and Delaware BSA, LLC (4311) (together, the "Debtors"). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

2. Movants filed a Third Amended Original Petition and Request for Disclosure (the "Petition") in the 157th Judicial District Court of Harris County, Texas against Boy Scouts of America, Inc. ("BSA"), et al., captioned *Salvador Contreras Rivera and Kasandra Lopez Ramirez vs. James Gambrell King; Strawbridge United Methodist Church; Boy Scouts of America, Inc.; and Sam Houston Area Council-Boy Scouts of America,* Cause No. 2019-46805 (the "Texas Action"). The Movants' claims are detailed in the Third Amended Original Petition in the Texas Action, a true and correct copy of which is attached hereto as **Exhibit B**.

3. Movants instituted the Texas Action to recover damages incurred as a result of personal injuries suffered by the Movants after their vehicle, a 2007 Nissan Altima sedan ("Vehicle"), was struck from behind on November 19, 2017 by a 2011 Chevrolet Silverado C1500 SUV pulling a loaded box trailer, the combined gross weight exceeded 10,001 lbs. The trailer was loaded with equipment from a Boy Scout Weekend in Galveston, Texas sponsored by the BSA. The Movants' Vehicle was pushed by the force of the impact into a 2011 Nissan Altima in front of them and the Movants suffered traumatic brain injuries and persistent cognitive deficits as a proximate cause of the impact. The Petition asserts that BSA failed to act with reasonable care in selecting, instructing, training and/or monitoring drivers in connection with the transport of children to and from BSA-sponsored events. Movants' pleading asserts that BSA is responsible for the actions, negligence, and resulting injuries, and damages caused by the BSA and/or its staff.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b). For purposes of Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Movants consent to entry of a final order under Article III of the United States Constitution on the sole issue of whether cause exists to justify granting relief from the automatic stay.

6. Venue of this Motion is proper pursuant to 28 U.S.C. § 1409.

7. The statutory predicates for the relief requested herein are sections 105(a) and 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1.

## RELIEF REQUESTED

8. Movants request that they be granted relief from the automatic stay pursuant to Section 362(a) of the Bankruptcy Code on terms granted to other similarly situated claimants in this case [Docket Nos. 989 and 990].

## BASIS FOR RELIEF REQUESTED

9. Under Section 362(d)(1), the bankruptcy court shall grant relief from the automatic stay if requested to do so by a party in interest who demonstrates that "cause" exists. 11 U.S.C. §362(d)(1).

10. "Cause" is not defined in the Bankruptcy Code; whether "cause" exists to annul or modify the stay is determined on a case-by-case basis. See e.g., In re Rexene Prods. Co., 141 BR 574, 576 (Bankr. D. Del. 1992).

11. Courts employ a three-factor balancing test to determine whether cause exists: (a) whether any great prejudice to either the bankrupt estate or the debtor will result from allowing the civil suit; (b) whether the hardship to the non-bankrupt party by the maintenance of the stay considerably outweighs the hardship to the debtor; and (c) whether the creditor has a probability of prevailing on the merits. *Id. at* 576.

12. These factors are not determinative and Courts enjoy wide latitude in crafting relief from the automatic stay. *See Bladino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997).

13. The legislative history of Section 362 provides that "cause" may be established by a single factor, such as "lack of any connection with or interference with the pending bankruptcy case". *In Re Rexene*, 141 B.R. at 576 (citing H.R. rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

14. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

15. Although the party who requests relief from the automatic stay bears the initial burden of showing "cause" exists, once a *prima facie* case of "cause" is shown, the party opposing relief bears the ultimate burden of disproving the existence of "cause". *Id.* at 577; 11 U.S.C. § 362(g). Here, the facts and circumstances weigh strongly in favor of granting Movants stay relief.

16. Upon information and belief, insurance coverage is available for Movants' claims in the Texas Action and the Debtors' defense in the Texas Action is being provided by the insurance carrier at its cost.

17. It is well-settled that "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve it as a predicate for recovery against insurers, sureties or guarantors." *In re Wapotish*, No. 07-B-71218, 2009 Bankr. LEXIS 1851 at *6-7 (Bankr. N.D. Ill., July 2, 2009) (*quoting Int'l Bus. Machs. v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.)*, 938 F.2d 731, 736 (7th Cir. 1991)); *see also In re Tricare Rehabilitation Systems, Inc.*, 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994); *In re Metzner*, 167 B.R. 414, 416-17 (E.D. La. 1994). "Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff ... [and] the liquidation of a claim may be more conveniently and speedily determined by another forum." *2 Collier On Bankruptcy*, ¶362.07[3] (15th ed. 1980) (footnotes omitted).

18. In recognition of the arguments made by the Tort Claimants Committee, the Future Claims Representative and the Unsecured Creditors' Committee with regard to previous stay relief motions in these Chapter 11 cases regarding case the asserted potential limitations on available insurance coverage and the alleged unknown extent of claims prior to the Bar Date, Movants are not at this time seeking the authority to recover from insurance proceeds without further order of the Court. Rather, they are seeking the same relief afforded to other similarly situated claimants. *See* Docket Nos. 989 and 990.

19. To the extent that there is any portion of the claims that cannot be satisfied by insurance, permitting Movants to proceed with the Texas Action will allow Movants to liquidate their claims for the purpose of distribution under the Chapter 11 plan in this case.

20. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Rexene Products*, 141 B.R. at 576, *quoting* H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

21. Stay relief is appropriate because Movants' personal injury claims may not be tried in the bankruptcy court. *See* 28 U.S.C. §§ 157(b)(2)(B) and (b)(5); *In re Corner Pocket Billiards, Inc.*, No. 04-04313, 2008 Bankr. LEXIS 162, *8 (Bankr. D. S.C., Jan. 17, 2008) (lifting stay because bankruptcy court lacks authority to liquidate wrongful death claim); *In re Todd Shipyards*, 92 B.R. 600, 604 (Bankr. D.N.J. 1988) (state court personal injury litigation allowed to proceed in light of 28 U.S.C. §157(b)(5)).

22. "If the bankruptcy court lacks jurisdiction to adjudicate a claim, relief from the automatic stay is required so that the claim can be adjudicated in a court that does have jurisdiction." *In re Nifong*, No. 08-80034C-7D, 2008 Bankr. LEXIS 1608 at *4 (Bankr. M.D. N.C. May 27, 2008) (granting relief from stay as to personal injury claims).  Allowing Movants to proceed with the Texas Action will enable their claims to be liquidated for the purpose of distribution under the plan.

23. Moreover, courts have held that the automatic stay should be lifted where the matter in dispute would be resolved more economically, conveniently and quickly in a non-bankruptcy forum. *In re Gemini Equipment Business Trust*, No. 1-05-CV-01665, 2005 U.S. Dist.

LEXIS 28968 at *14 (M.D. Pa., Nov. 14, 2005). The legislative history to § 362(d)(1) supports this conclusion: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 95-989 at 50 (1978); *See also In re Kaufman*, 98 B.R. 214, 215 (Bankr. E.D. Pa. 1989) ("relief from stay is justified to enable a case pending pre-petition in state court to continue to judgment where no great prejudice to the bankruptcy estate would result"). Here, the Texas state court is the best forum to adjudicate the traumatic brain injuries and other personal injury claims because: (a) the claims will be governed by Texas law; (b) the events resulting in the injuries occurred in Texas; and (c) the witnesses and evidence are located in Texas.

24. Judicial economy would be best served by granting relief from stay to permit the state court litigation in Texas to proceed to conclusion where the case has been pending.

### REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(a)(3)

25. Although, Bankruptcy Rule 4001(a)(3) provides that an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order, the Court may order otherwise. Movants should be afforded stay relief immediately upon the entry of the requested. The Texas Action has been stayed since the Petition Date and the automatic stay has delayed the progress of the Texas Action necessary for the determination of Movants' claims for the purposes of liquidating their claims for insurance and other purposes.

### RESERVATION OF RIGHTS

26. Movants reserve the ability to file proof(s) of claim in the above-captioned action and to assert any claim, defense, or counterclaim available under the United States Constitution,

federal statutory law, federal common law, applicable state statutory or state common law, or in equity.

## NOTICE

27. Contemporaneously with the filing of the Motion, the Movants shall serve: (a) counsel for the Debtors; (b) counsel for the Official Committee of Unsecured Creditors; and (c) the Office of the United States Trustee for the District of Delaware. The Movants submit that no other or further notice need be provided.

## NO PRIOR REQUEST

28. No prior application or motion for relief requested herein has been made to this or any other court.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion, (ii) modifying the automatic stay to allow Movants to proceed with the Texas Action, and (iii) granting such other and further relief as this Court may deem is just and proper.

Dated:  August 26, 2020

                                              **SCHNADER HARRISON SEGAL**
                                                **& LEWIS LLP**

                                              /s/ Kristi J. Doughty
                                            Richard A. Barkasy (No. 4683)
                                            Kristi J. Doughty (No. 3826)
                                            824 N. Market Street
                                            Suite 800
                                            Wilmington, DE 19801-4939
                                            (302) 482-4038
                                            kdoughty@schnader.com
                                            *Counsel to Salvador Contreras Rivera and*
                                            *Kasandra Lopez Ramirez*