EXHIBIT B

11/18/2019 10:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38565210
By: LISA COOPER
Filed: 11/18/2019 10:01 AM

CAUSE NO. 2019-46805

| | | |
|---|---|---|
| SALVADOR CONTRERAS RIVERA AND KASANDRA LOPEZ RAMIREZ | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | |
| JAMES GAMBRELL KING; STRAWBRIDGE UNITED METHODIST CHURCH; BOY SCOUTS OF AMERICA, INC.; AND SAM HOUSTON AREA COUNCIL-BOY SCOUTS OF AMERICA | § § § § § § § | HARRIS COUNTY, TEXAS |
| | § | 157TH JUDICIAL DISTRICT |

**PLAINTIFFS' THIRD AMENDED ORIGINAL
PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Salvador Contreras Rivera ("Contreras") and Kasandra Lopez Ramirez ("Lopez") (Contreras and Lopez shall collectively be referred to as "Plaintiffs"), Plaintiffs, complaining of James Gambrell King ("King"), Strawbridge United Methodist Church ("Strawbridge"), Boy Scouts of America, Inc. ("BSA"), and Sam Houston Area Council, Boy Scouts of America ("Sam Houston") (BSA and Sam Houston shall collectively be referred to as "BSOA" and "Defendants BSOA"), Defendants, and for causes of action would respectfully show the Court as follows:

**A. DISCOVERY CONTROL PLAN**

1.     Plaintiffs request that discovery be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief in excess of $1,000,000.00.

## B. RELIEF

2. Plaintiffs seek monetary relief in excess of $1,000,000.00. TEX. R. CIV. P. 47(c)(5). Plaintiffs moreover demand judgment for all other relief to which Plaintiffs show themselves entitled to receive.

## C. PARTIES

3. Plaintiff Contreras is a resident of Houston, Harris County, Texas.

4. Plaintiff Lopez is a resident of Houston, Harris County, Texas.

5. Defendant James Gambrell King is a resident of Kingwood, Harris County, Texas. Said Defendant has appeared and answered herein.

6. Defendant Strawbridge United Methodist Church is a Texas non-profit corporation with its principal place of business in Kingwood, Harris County, Texas. Said Defendant has appeared and answered herein.

7. Defendant Boy Scouts of America, Inc. is a foreign non-profit corporation with its principal place of business in Irving, Texas. Said Defendant has appeared and answered herein.

8. Defendant Sam Houston Area Council, Boy Scouts of America is a Texas non-profit corporation with its principal place of business in Houston, Harris County, Texas. Said Defendant may be served with citation by service on its registered agent, Thomas Varnell, 2225 North Loop West, Houston, Harris County, Texas 77008.

## D. VENUE AND JURISDICTION

9. Venue is proper in Harris County, Texas under Texas Civil Practice & Remedies Code § 15.002(a)(2) and (3) because Defendant King, a natural person, resided at 3402 Sycamore Shadows Drive, Kingwood, Harris County, Texas 77339 at the time of the collision that forms the basis of this lawsuit, because Defendant Strawbridge is located in Kingwood, Harris County, Texas, and because Defendant Sam Houston is located in Houston, Harris County, Texas. Venue

as to Defendant BSA is proper in Harris County, Texas under Texas Civil Practice & Remedies Code § 15.005.

10. The Court has personal jurisdiction over Defendant BSA, a foreign non-profit corporation, because said Defendant has established minimum contacts with the State of Texas such that the exercise of personal jurisdiction over it will comport with the due process clauses of the federal and state constitutions. Texas Civil Practice & Remedies Code § 17.042 provides that a non-resident does business in Texas if the nonresident commits a tort in whole or in part in this state. Defendant BSA, together with Defendant Sam Houston, sponsors of an event from which Defendant King had left before colliding with Plaintiffs' vehicle, committed a tort in whole or in part in Texas as alleged in this petition. This forms the basis for specific jurisdiction over Defendant BSA. In addition, Defendant BSA entered into systematic contacts in Texas by having its principal place of business located in Irving, Texas, thereby invoking general personal jurisdiction over it in Texas.

11. The Court has subject matter jurisdiction over this case as the amount in controversy is within the jurisdictional limits of the Court.

12. This case is non-removable under 28 U.S.C. § 1441 because Defendants King, Strawbridge and Sam Houston are citizens of Texas. Because the presence of Texas Defendants both destroys complete diversity, as required under 28 U.S.C. § 1332(a)(2), and prevents removal due to the presence of a forum state Defendant, there is no objective reasonable basis for removal. Therefore, Plaintiffs invoke the attorney fees' provision under 28 U.S.C. § 1447(c) for the reasonable and necessary fees required for filing a motion to remand in this action.

### E. FACTS AND NEGLIGENCE BY DEFENDANT KING

13. On November 19, 2017, at approximately 2:44 p.m., Defendant King was operating a 2011 Chevrolet Silverado C1500 SUV while pulling a loaded box trailer, with the gross combination

3

weight rating of the Silverado and trailer exceeding 10,001 lbs., northbound on US 59 in Houston, Harris County, Texas. Suddenly, Defendant King slammed the vehicle-trailer combination into the rear of Plaintiffs' 2007 Nissan Altima sedan that had slowed as it approached traffic ahead. The force of the collision drove Plaintiffs' vehicle into a 2011 Nissan Altima in front of it.

14. The trailer being towed by Defendant King was owned at the time of the collision by Defendant Strawbridge and had been entrusted to Defendant King for towing. The trailer was loaded with equipment from a Boy Scout Weekend in Galveston, Texas sponsored by Defendants BSOA.

15. At the time of the collision, Defendant King and the four teenage boys who were passengers in his Silverado were returning from the Boy Scout Weekend.

16. The severity of the rear-end collision can best be understood by the below post-incident photograph of Plaintiffs' vehicle:



17.     Defendant King was cited for failure to control his speed by the investigating Texas Department of Public Safety officer in connection with causing the rear-end collision that forms the basis of this lawsuit.

18.     The evidence will show that the collision into Plaintiffs' vehicle by the vehicle-trailer operated by Defendant King, and Plaintiffs' resulting injuries, were proximately caused by the negligent, careless and reckless disregard of duty by Defendant King, in one or more of the following acts of negligence:

    a.    Driving the vehicle-trailer at a faster rate of speed than a person of ordinary, reasonable prudence would have driven under the same or similar circumstances;

    b.    Failing to maintain a proper lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

    c.    Failing to swerve or otherwise maneuver the vehicle-trailer so as to avoid the collision made the basis of this suit;

    d.    Failing to bring the vehicle-trailer which Defendant was driving to a stop, so as to avoid the collision made the basis of this suit;

    e.    Failing to make a timely application of the brakes of the vehicle-trailer which Defendant was driving, so as to avoid the collision made the basis of this suit;

    f.    Following or traveling behind Plaintiffs' vehicle more closely than a person exercising ordinary care and prudence would have followed or traveled under the same or similar circumstances;

    g.    Failing to maintain proper control of the vehicle-trailer operated by Defendant;

    h.    Operating the vehicle-trailer in an unsafe and hazardous manner;

    i.    Failing to obtain or have the necessary knowledge, training and experience to safely operate the vehicle while towing the trailer;

    j.    Failing to operate the vehicle-trailer consistent with the safe driving practices and principles prescribed in the Texas Commercial Motor Vehicle Driver's Handbook: Section 2 – Driving Safely;

k. Failing to operate the vehicle-trailer consistent with the safe driving practices and principles prescribed in the Texas Commercial Motor Vehicle Driver's Handbook: Section 14.8 – Special Requirements Safety Practices;

l. Given the gross combination weight rating of the vehicle-trailer, failing to operate the vehicle-trailer consistent with the safe driving practices and principles prescribed in the Federal Motor Carrier Safety Regulations;

m. Failing to use the care which a person of ordinary prudence would have exercised under the same circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances;

n. Violation of §84.004(d) of the Texas Civil Practice and Remedies Code; and/or

o. Any other negligent act or omission found by the trier of fact.

19. Each of the foregoing acts of negligence was a proximate cause of the collision and Plaintiffs' resulting injuries and damages, which include traumatic brain injuries and persistent cognitive deficits.

## F. NEGLIGENCE *PER SE* BY DEFENDANT KING

20. The negligent, careless and reckless actions and disregard of duty by Defendant King set forth in paragraphs 13-19 above are adopted by reference into this section, all of which were negligent and also negligent *per se*. In addition, Defendant King violated numerous provisions of the Texas Transportation Code, as well as §84.004(d) of the Texas Civil Practice and Remedies Code, all of which were, singularly or in combination, a proximate cause of the collision and resulting injuries to Plaintiffs, in one or more of the following acts of negligence *per se*:

a. Failing, when following another vehicle, to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle, TEX. TRANSP. CODE § 545.062(a);

b. Driving at a speed greater than is reasonable and prudent under the circumstances then existing, TEX. TRANSP. CODE § 545.351(a);

c. Driving a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing and failing to control the speed of the vehicle as necessary to avoid colliding with

6

       another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care, TEX. TRANSP. CODE § 545.351(b);

    d.    Driving a vehicle in willful or wanton disregard for the safety of persons or property. TEX. TRANSP. CODE § 545.401(a); and/or

    e.    Proximately causing an injury by acts and omissions arising from the operation and use of a motor vehicle. TEX. CIV. PRAC. & REM. CODE §84.004(d).

21.    Each of the foregoing acts of negligence and negligence *per se* were a proximate cause of the collision and Plaintiffs' resulting injuries and damages.

### G. NEGLIGENCE BY DEFENDANTS STRAWBRIDGE AND BSOA

22.    Defendants Strawbridge and BSOA owed a duty to third parties, including the motoring public and Plaintiffs, to act with reasonable care in selecting, instructing, training and/or monitoring drivers in connection with the transport of children and the Strawbridge-owned trailer to and from BSOA-sponsored events. Defendants breached this duty by allowing Defendant King, a driver with inadequate knowledge, skills and/or experience operating vehicles towing loaded trailers and with a complete lack of understanding of basic driving rules to operate the vehicle-trailer at issue on the date of incident when traveling from the Defendant BSOA-sponsored Boy Scout Weekend. Defendants Strawbridge and BSOA knew, or in the exercise of due care, should have known that Defendant King was incompetent to drive the vehicle-trailer as evident by Defendant King's clearly negligent, careless and reckless disregard for and numerous violations of safe driving practices and principles and the Texas Transportation Code at the time of the subject incident. Defendants should have determined -- but failed to do so -- Defendant King's knowledge and skills regarding, and/or should have provided him -- but failed to do so -- with adequate instruction and training in the areas of safe vehicle control, basic vehicle-trailer control, visual search, speed management, space management, hazard perceptions, and the relationship of cargo

7

to vehicle control. Such acts and/or omissions were a proximate cause of the collision and Plaintiffs' resulting injuries and damages.

### H. NEGLIGENT UNDERTAKING BY DEFENDANTS BSOA

23. Separately and/or alternatively, Defendants BSOA undertook, gratuitously or for consideration, to render services to Strawbridge and the public by selecting, instructing, training and/or monitoring Defendant King in connection with the transport of children and the Strawbridge-owned trailer to and from the BSOA-sponsored Boy Scout Weekend. BSOA recognized or should have recognized their actions as necessary for the protection of others, such as Plaintiffs. BSOA failed to exercise reasonable care in its undertaking by, among other things:

   a. Allowing Defendant King, a driver with inadequate knowledge, skills and/or experience operating vehicles towing loaded trailers and with a complete lack of understanding of basic driving skills to operate the vehicle-trailer at issue on the date of incident when traveling from the BSOA-sponsored Boy Scout Weekend;

   b. Failing to determine Defendant King's knowledge and skills regarding safe vehicle control, basic vehicle-trailer control, visual search, speed management, space management, hazard perception, and the relationship of cargo to vehicle control;

   c. Failing to provide Defendant King with adequate instruction and training in the areas of safe vehicle control, basic vehicle-trailer control, visual search, speed management, space management, hazard perception, and the relationship of cargo to vehicle control; and/or

   d. Any other negligent act or omission found by the trier of fact.

BSOA's failure to exercise reasonable care in its undertaking increased the risk of harm to Plaintiffs and proximately caused the subject incident and the injuries and damages of Plaintiffs, for which they seek recovery in an amount in excess of the minimum jurisdictional limits of this court. In addition, the harm to Plaintiffs was suffered because of the reliance of Defendant Strawbridge on BSOA's undertaking. BSOA's failure to exercise reasonable care in its

undertaking relied upon by Strawbridge proximately caused the subject incident and the injuries and damages of Plaintiffs.

### I. NEGLIGENT ENTRUSTMENT BY DEFENDANT STRAWBRIDGE

24.     At the time of the collision in question, Defendant Strawbridge was the owner of the trailer being towed by Defendant King.  On the date of incident, Defendant Strawbridge entrusted its trailer to Defendant King for the purpose of operating it with his vehicle on the public streets and highways of Texas; and, therefore, Defendant King operated the trialer with the knowledge, consent, and permission of Defendant Strawbridge.  At the time of the collision, Defendant Strawbridge knew, or in the exercise of due care, should have known that Defendant King was incompetent and would create an unreasonable risk of danger to persons and property on the public streets and highways, in that Defendant King lacked the knowledge, skill and/or experience to safely operate the vehicle-trailer at issue and was an aggressive, reckless and irresponsible driver that disregarded safe driving practices and principles and state law.  Such conduct by Defendant Strawbridge was a proximate cause of the collision and injuries and damages to Plaintiffs as herein pled.

### J. WILLFUL NEGLIGENCE, CONSCIOUS INDIFFERENCE AND RECKLESS DISREGARD FOR THE SAFETY OF OTHERS

25.     The acts and omissions of Defendants set forth hereinabove were willfully negligent and/or done with conscious indifference or reckless disregard for the safety of others, such as Plaintiffs. Accordingly, under §84.007(a) of the Texas Civil Practice and Remedies Code, Defendants are not entitled to the protections and limits of liability set forth in §§84.004, 84.005 and 84.006 of the Code.

## K. CAUSATION

26.     The acts and omissions by all Defendants above, singularly or in any combination, were a proximate cause of the collision and the injuries and damages suffered by Plaintiffs.

## L. DAMAGES SUFFERED BY PLAINTIFFS

27.     Upon the trial of this case, it will be shown that Plaintiffs have sustained injuries and damages as a proximate result of Defendants' negligence, negligence *per se*, willful negligence, conscious indifference and/or reckless disregard for the safety of others; and Plaintiffs will respectfully request the Court and Jury to determine the amount of the losses Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.  There are certain elements of damages, provided by law, that Plaintiffs are entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the injuries and damages and losses incurred and to be incurred.

28.     From the date of the collision in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

    a.  The physical pain that each Plaintiff has suffered from the date of the collision in question up to the time of trial;

    b.  The mental anguish that each Plaintiff has suffered from the date of the collision in question up to the time of trial;

    c.  The amount of reasonable medical expenses necessarily incurred in the treatment of each Plaintiff's injuries from the date of the collision in question up to the time of trial;

    d.  The lost wages and diminished earning capacity sustained by each Plaintiff from the date of the collision in question up to the time of trial;

    e.    The physical incapacity and disability suffered by each Plaintiff and the resulting inability to do those tasks and services that each Plaintiff ordinarily would have been able to perform from the date of the collision in question up to the time of trial;

    f.    The disfigurement which each Plaintiff has suffered from the date of the collision up to the time of trial; and

    g.    The physical impairment suffered by each Plaintiff from the date of the collision up to the time of trial.

29.    From the time of trial of this case into the future, the elements of damages to be separately considered which Plaintiffs will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a.    The physical pain that each Plaintiff will suffer in the future beyond the time of trial;

    b.    The mental anguish that each Plaintiff will suffer in the future beyond the time of trial;

    c.    The reasonable value of medical expenses that will necessarily be incurred in the treatment of each Plaintiff's injuries in the future beyond the time of trial;

    d.    The diminished earning capacity of each Plaintiff in the future beyond the time of trial caused by the injuries sustained;

    e.    The physical incapacity and disability that each Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that each Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    f.    The disfigurement which each Plaintiff will suffer in the future beyond the time of trial; and

    g.    The physical impairment which each Plaintiff will suffer in the future beyond the time of trial.

30.    In addition to the foregoing, Plaintiffs have suffered loss of consortium damages, each as to the other, in the form of loss of the intangible elements of their union and relationships with each other, such as comfort, solace, affection, society, companionship and assistance, due to the actions of Defendants and Plaintiffs' other injuries caused by Defendants described above.

## M. PREJUDGEMENT AND POST-JUDGMENT INTEREST

31. Plaintiffs seek prejudgment and post-judgment interest as allowed by law.

## N. JURY DEMAND

32. Plaintiffs timely respectfully request a trial by jury and have tendered the appropriate fee.

## O. REQUEST FOR DISCLOSURE

33. Pursuant to Rule 194, Defendant Sam Houston is hereby requested to disclose within 50 days of service of this request, all information and material described in Rule 194.2.

## P. RULE 193.7 NOTICE

34. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice that any and all documents produced by any party will be used at any pretrial proceedings and/or at the trial of this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs recover Judgment of and against said Defendants in an amount in excess of the jurisdictional limits of this Court. Plaintiffs seek all actual damages and pray for such other and different amounts as Plaintiffs shall show by proper amendment before trial. Plaintiffs seek all costs of court, interest on the Judgment from the date it is rendered, together with prejudgment interest at the legal rate, if legally applicable, from the date of the occurrence herein until trial. Plaintiffs seek such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be entitled under the facts and circumstances.

Respectfully submitted,

*/s/ Bennett A. Midlo*
Bennett A. Midlo
State Bar No. 14025450
bmidlo@shhlaw.com

12

dwallace@shhlaw.com
SICO HOELSCHER HARRIS LLP
3 Riverway, Suite 1910
Houston, Texas 77056
Phone:  713-465-9944
Fax:  877-521-5576

David E. Harris
State Bar No. 24049273
dharris@shhlaw.com
SICO HOELSCHER HARRIS LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Phone: 361-653-3300
Fax: 361-653-3333

LEAD ATTORNEYS FOR PLAINTIFFS

Gerardo Cantu
State Bar No. 24045615
gcantu@gcantulaw.com
The Gerardo Cantu Law Firm, P.C.
112 W. 4th Street
Houston, Texas 77007
Phone:  713-222-2007
Fax:  713-222-2447

CO-COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was served on all counsel of record in compliance with the Texas Rules of Civil Procedure on this the 18th day of November, 2019.

*/s/ Bennett A. Midlo*
Bennett A. Midlo