**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: September 9, 2020 at 10:00 a.m. (ET)<br>Objection Deadline: September 2, 2020 at 4:00 p.m. (ET) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND
(II) FIXING CURE AMOUNTS WITH RESPECT THERETO**

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES,
> ASSUMED LEASES AND CURE AMOUNTS ON THE SCHEDULE OF
> LEASES ATTACHED HERETO AS SCHEDULE 1 TO EXHIBIT A**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to assume the unexpired leases of nonresidential real property identified on **Schedule 1** to the Proposed Order (including, without limitation, any and all amendments, modifications, memoranda of understanding, documents incorporated by reference, and attachments and exhibits thereto, each an "Assumed Lease" and collectively, the "Assumed Leases"); and (ii) fixing the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

amounts, pursuant to section 365(b)(1) of the Bankruptcy Code, required to be paid by the Debtors to satisfy any monetary defaults arising under the Assumed Leases as the amounts identified on **Schedule 1** to the Proposed Order (each, a "Cure Amount" and collectively, the "Cure Amounts"). In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code. On April 24, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") appointed James L. Patton, Jr. as the legal representative of future abuse claimants (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry

of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other bases for the relief requested herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND OF THE DEBTORS

5. Information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## THE DEBTORS' UNEXPIRED LEASES

6. Section 365(d)(4)(A) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property will be deemed rejected if the debtor does not assume or reject such unexpired lease by the earlier of: (i) 120 days after the petition date; or (ii) the date of the entry of an order confirming a plan.  *See* 11 U.S.C. § 365(d)(4)(A).  The Court may, however, extend the 120-day deadline for an additional 90 days upon motion of the debtor for cause. See 11 U.S.C. § 365(d)(4)(B)(i).

7. On July 9, 2020, the Court entered that certain *Order, Pursuant to 11 U.S.C. § 365(d)(4), Extending Time to Assume or Reject Unexpired Leases of Non-Residential Real Property* [Docket No. 994] (the "Extension Order"), which extended the period within which the Debtors may assume or reject unexpired leases of nonresidential real property to and including September 15, 2020.

8.  The BSA is a party to numerous agreements that may constitute leases of nonresidential real property (collectively, the "Unexpired Leases"). The Unexpired Leases pertain to various properties, including forty-nine (49) Scout Shops located across the United States;[2] the Summit Bechtel Family National Scout Reserve located in the New River Gorge area of West Virginia (the "Summit"); and a warehouse located in Charlotte, North Carolina:

- Scout Shops: A significant portion of the BSA's annual revenue comes from retail merchandise and product sales at approximately Scout Shops located across the United States. As of the Petition Date, these sales generated approximately $120 million in total annual revenue. Numerous local councils support these national sales efforts by designating a portion of their office space as a Scout Shop pursuant to lease agreements with the BSA. The Scout Shops are locations where the BSA sells uniforms, apparel, camping equipment, and other merchandise directly to BSA members. In return for the lease of local councils' office space, the BSA remits monthly rent payments to such local councils based on a percentage of sales. This payment is calculated as eight percent (8%) of net sales at the Scout Shop location, plus an additional five percent (5%) escalator on annual sales that exceed $750,000 at such location.

- Summit Bechtel Family National Scout Reserve: The Summit is a 14,000-acre high adventure facility located in the New River Gorge area of West Virginia. The real property and improvements of the Summit are owned by one of the BSA's wholly owned subsidiaries, Arrow WV, Inc., and leased to the BSA under that certain Shared Services Agreement and Lease of Premises, dated as of February 13, 2017. Under that agreement, the BSA also provides the necessary services required to operate the Summit.

- Overflow Warehouse: The BSA subleases nearly 50,000 square feet of warehouse space in Charlotte, North Carolina from MXD Group, Inc. under the terms of a sublease dated May 8, 2017. The BSA uses these premises as an overflow warehouse for the BSA-owned National Distribution Center, which is also located in Charlotte. MXD Group, Inc. is the lessee under a master lease agreement with CK Ridge Creek West III, LLC, dated August 1, 2016.

9.  The Debtors have strategically reviewed the Unexpired Leases in connection with their efforts to maximize the value of their estates in these chapter 11 cases. As a result, the

---

[2] The leases for many of the Scout Shop locations have expired under their terms, and the BSA and local council counterparties are continuing to operate on the same terms provided for under the expired leases.

Debtors have identified the Assumed Leases, which will continue to provide meaningful value to their estates and ongoing operations.[3]

## RELIEF REQUESTED

10. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006, (i) authorizing the Debtors to assume the Assumed Leases listed on Schedule 1 to the Proposed Order and (ii) fixing the Cure Amounts with respect to the Assumed Leases.

## BASIS FOR RELIEF

**I. The Debtors' Assumption of the Assumed Leases Is a Reasonable Exercise of the Debtors' Business Judgment and Should Be Approved under Section 365(a) of the Bankruptcy Code.**

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365 "enables the trustee [or debtor in possession] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.), 209 F.3d 291, 298 (3d Cir. 2000). In the Third Circuit, as well as in other jurisdictions, courts apply the business judgment standard to determine whether to approve a debtor's decision to assume an executory contract or unexpired lease. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099

---

[3] The BSA is in the process of seeking a further extension of the period within which it may assume or reject certain Assumed Leases beyond the September 15, 2020 deadline set forth in the Extension Order. If one or more Assumed Lease counterparties agrees to grant such an extension, the BSA will file a certification of counsel with the Court for entry of an order approving the extension in accordance with section 365(d)(4)(B)(ii) of the Bankruptcy Code and remove the relevant Assumed Lease from Schedule 1 to the Proposed Order.

(2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994); Sharon Steel Corp. v. National Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.), 872 F.2d 36, 40 (3d Cir. 1989).

12. Courts routinely approve motions to assume or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts under section 365 is that of "business judgment"); see also In re Sharon Steel Corp., 872 F.2d at 40. Courts generally do not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See, e.g., In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (finding that a debtor's decision to assume or reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim or caprice). The business judgment test "requires only that the trustee [or debtor in possession] demonstrate that [assumption] or rejection of the contract will benefit the estate." Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co., (In re Wheeling-Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (citations omitted). Any more exacting scrutiny would slow the administration of a debtor's estate and increase costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate and threaten the court's ability to control a case impartially. See Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1985).

13. Here, the Debtors' determination to assume the Assumed Leases is supported by a valid business purpose and is in the best interests of the Debtors' estates and creditors. The Debtors have determined that the Assumed Leases provide value to the Debtors. The Scout Shop leases and the warehouse lease are integral to the BSA's sales operations, which comprise a significant

portion of the BSA's revenue.  The Summit is the preeminent summer camp, high adventure facility, and leadership training center for the millions of Scouts and adult leaders involved in Scouting, and as such, plays an important part in carrying out the BSA's mission.  For these reasons, the Debtors have determined, in the exercise of their reasonable business judgment, that it is in the best interests of the Debtors, their estates, and creditors to assume the Assumed Leases.

**II.     The Debtors Have Satisfied Any Applicable Requirements of Section 365(b) of the Bankruptcy Code**

14.     Pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code, if there has been a default under an unexpired lease, the debtor may not assume such lease unless, at the time of assumption of such lease, the debtor (i) cures or provides adequate assurance that it will promptly cure the default and (ii) compensates or provides adequate assurance of prompt future compensation for actual pecuniary losses resulting from such default.  11 U.S.C. § 365(b)(1)(A)-(B).  The Debtors will cure all such defaults by paying the Cure Amounts listed on Schedule 1 to the Proposed Order.

15.     In addition to the requirements of sections 365(b)(1)(A) and (B), if there has been a default under an unexpired lease, a debtor must, at the time of assumption, provide adequate assurance of future performance under such lease.  11 U.S.C. § 365(b)(1)(C).  The Debtors respectfully submit that there is adequate assurance of future performance under the Assumed Leases given the Debtors' history of substantial performance under the Assumed Leases, both pre- and postpetition.

16.     For the foregoing reasons, and in the sound exercise of their reasonable business judgment, the Debtors believe that the assumption of the Assumed Leases is both warranted and appropriate and should therefore be approved pursuant to section 365 of the Bankruptcy Code.

**NOTICE**

17. Notice of this Motion will be provided to (i) the non-debtor counterparties to the Assumed Leases; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Creditors' Committee; (v) counsel to the Future Claimants' Representative; (vi) counsel to the Ad Hoc Committee of Local Councils; (vii) counsel to JPMorgan Chase Bank National Association; (viii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: August 26, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Email:  dabbott@mnat.com<br>           aremming@mnat.com<br>           emoats@mnat.com<br>           ptopper@mnat.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:  (212) 839-5300<br>Email:  jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Email:  tlabuda@sidley.com<br>           mandolina@sidley.com<br>           mlinder@sidley.com<br>           blair.warner@sidley.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |