IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  September 10, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FOURTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM JUNE 1, 2020 THROUGH JUNE 30, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | June 1, 2020 through June 30, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $475,879.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   5,651.98 |

This is a:        x   monthly          interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $6,064.88 | $619,406.00[2] | $6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $3,045.94 | $515,736.40 | $3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $3,681.07 | $527,694.80 | $3,681.07 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 91.80 | $109,701.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 42.80 | $ 49,006.00 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 6.60 | $ 7,095.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 22.50 | $ 24,187.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 39.30 | $ 42,247.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 18.80 | $ 19,270.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 2.10 | $ 2,089.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 26.70 | $ 25,365.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $ 950.00 | 46.80 | $ 44,460.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 15.00 | $ 13,875.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 0.60 | $ 510.00 |

---

[2] This amount reflects an agreed upon reduction of $2,000.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 88.50 | $ 73,012.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 18.90 | $ 15,592.50 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $ 825.00 | 14.10 | $ 11,632.50 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $ 795.00 | 0.90 | $ 715.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 17.80 | $ 14,151.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 1.60 | $ 1,240.00 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 9.90 | $ 4,455.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 21.70 | $ 9,222.50 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 2.60 | $ 1,105.00 |
| La Asia S. Canty | Paralegal 2017 | $ 425.00 | 0.50 | $ 212.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 4.20 | $ 1,659.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 5.90 | $ 2,065.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 8.60 | $ 3,010.00 |

**Grand Total:** $475,879.50
**Total Hours:** 508.20
**Blended Rate:** $936.40

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 101.00 | $97,103.00 |
| Appeals | 17.10 | $16,205.00 |
| Bankruptcy Litigation | 34.80 | $30,458.00 |
| Business Operations | 14.50 | $14,752.50 |
| Case Administration | 25.30 | $10,846.50 |
| Claims Admin./Objections | 40.00 | $37,580.00 |
| Compensation of Professional | 16.50 | $11,212.50 |
| Compensation of Prof./Others | 7.60 | $ 4,675.00 |
| Employee Benefit/Pension | 0.20 | $    185.00 |
| Executory Contracts | 0.60 | $    495.00 |
| Financing | 64.20 | $62,052.50 |
| General Creditors Comm. | 86.50 | $87,175.50 |
| Hearing | 5.40 | $ 5,247.00 |
| Insurance Coverage | 8.70 | $ 9,036.50 |
| Meeting of Creditors | 0.20 | $    239.00 |
| Mediation | 65.50 | $69,990.00 |
| Plan & Disclosure Statement | 9.90 | $ 9,267.50 |
| Retention of Prof./Others | 4.10 | $ 3,526.50 |
| Stay litigation | 6.10 | $ 5,832.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Bloomberg | | $  196.49 |
| Conference Call | AT&T Conference Call; Loop Up; CourtCall | $1,360.44 |
| CourtLink | | $      6.21 |
| Delivery/Courier Service | Advita | $    67.50 |
| Federal Express | | $  964.26 |
| Legal Services | Lexis/Nexis | $1,552.30 |
| Outside Services | Zoom | $    25.48 |
| Court Research | Pacer | $  360.30 |
| Postage | US Mail | $  175.30 |
| Reproduction Expense | | $  273.50 |
| Reproduction/Scan Copy | | $  670.20 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  September 10, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FOURTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM JUNE 1, 2020 THROUGH JUNE 30, 2020**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J"

or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

Fourth Monthly Application for Compensation and for Reimbursement of Expenses for the

Period from June 1, 2020 through June 30, 2020 (the "Application").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $475,879.50 and actual and necessary expenses in the amount of $5,651.98 for a total allowance of $481,531.48 and payment of $380,703.60 (80% of the allowed fees) and reimbursement of $5,651.98 (100% of the allowed expenses) for a total payment of $386,355.58 for the period June 1, 2020 through June 30, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1.     On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.     The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.     PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

### Summary of Services Rendered

12.      The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

15.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed high adventure site use restrictions; (2) performed work regarding a document production review project related to BSA and Local Council assets; (3) reviewed and analyzed issues regarding restricted property and donative intent; (4) reviewed and analyzed pleadings regarding solicitation and restricted asset/donor intent issues related to a review of personal and real property restrictions; (5) reviewed and analyzed Local Council reporting on assets and liabilities; (6) attended to issues regarding real property searches and identification of Local Council transactions; (7) reviewed and analyzed issues regarding restricted donations and trust law; (8) reviewed and analyzed choice of law issues; (9) reviewed and analyzed asset transfer issues relating to the Nebraska Council; (10) reviewed and analyzed commingling issues; (11) attended to issues regarding the status of the Property Identification Motion; (12) reviewed and analyzed litigation options relating to Local Council issues; (13) reviewed and analyzed BSA and Local Council organization documents and files; (14) reviewed and analyzed issues regarding claims against Local Councils; (15) performed work regarding a memorandum relating to restricted gift issues; (16) reviewed and analyzed issues regarding charitable trusts; and (17) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $97,103.00;    Hours:  101.00

B.     **Appeals**

16.     This category relates to work regarding appellate issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed Century Indemnity's appeal of a bar date order and of the Sidley retention order; (2) performed work regarding a motion to intervene in the Century Indemnity appeal of a bar date order; and (3) corresponded regarding appellate issues.

Fees: $16,205.00;     Hours: 17.10

C.     **Bankruptcy Litigation**

17.     This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed Century Indemnity's objection to the Protective Order and its proposed changes to that order; (2) performed work regarding a second stipulation extending a preliminary injunction; (3) performed work regarding Local Council acknowledgement issues; (4) reviewed and analyzed discovery issues; (5) reviewed and analyzed the Debtors' response to Century Indemnity's objection to the Protective Order; (6) performed work regarding Agenda Notices and Hearing Binders; (7) reviewed and analyzed objections to the preliminary injunction; (8) reviewed and analyzed issues regarding standing to object to claims; (9) reviewed and analyzed issues regarding Local Council document production; (10) reviewed and analyzed issues regarding access to the Debtor's accounting system and compliance with the Protective Order; (11) performed work regarding a demand letter relating to Local Councils; (12) reviewed and analyzed issues regarding the power of BSA to revoke Local Councils' charters;

(13) reviewed and analyzed BSA budget issues and variance reports; (14) performed work

regarding a motion concerning estate administrative issues; (15) reviewed and analyzed a motion

for reconsideration of mediation motion; (16) attended to issues regarding the execution of

acknowledgement by Local Councils; (17) responded to inquiries from abuse victim's counsel

regarding preliminary injunction and discovery issues; (18) reviewed and analyzed issues

regarding Local Councils' compliance with an extended preliminary injunction; and

(19) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $30,458.00;    Hours:  34.80

### D.    Business Operations

18.    This category relates to work regarding business operations issues.

During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues

regarding cash flow, revenue and expenses; (2) prepared for and attended a financial presentation

on June 10, 2020 by BSA representatives, including A&M, and reviewed and analyzed issues

regarding a response; (3) reviewed and analyzed BSA financial presentation materials;

(4) reviewed and analyzed strategy issues and next steps regarding an analysis of A&M plan and

operational changes; and (5) conferred regarding operations issues.

Fees:  $14,752.50;    Hours:  14.50

### E.    Case Administration

19.    This category relates to work regarding administration of these cases.

During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of

critical dates; (2) maintained service lists; (3) maintained document control; and (4) maintained a work-in-progress list.

Fees:  $10,846.50;      Hours:  25.30

### F.    Claims Admin/Objections

20.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding insurers' right to object to claim; (2) reviewed and analyzed claim amendment issues; (3) reviewed and analyzed issues regarding affiliate liability for nonprofits on PGBC termination; (4) reviewed and analyzed issues regarding supplemental bar date notices; (5) performed work regarding a claims matrix of Committee counsel; (6) performed work regarding a motion to intervene in bar date appeal; (7) responded to inquiries from claimants and their counsel; (8) performed work regarding an abuse claim spreadsheet; (9) reviewed and analyzed a motion to dismiss appeal; (10) reviewed and analyzed a designation of record and issues on appeal of bar date order; (11) reviewed and analyzed insurance and mediation issues; and (12) corresponded and conferred regarding claim issues.

Fees:  $37,580.00;      Hours:  40,00

### G.    Compensation of Professionals

21.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding its April and May 2020 monthly, and First Quarterly, fee applications; (2) monitored the status and filing of fee applications; and (3) conferred and corresponded regarding compensation issues.

Fees:  $11,212.50;      Hours:  16.50

**H.    Compensation of Professionals--Others**

22.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding the BRG and Jon Conte fee applications; (2) reviewed and analyzed fee examiner issues; and (3) conferred and corresponded regarding compensation issues.

Fees:  $4,675.00;        Hours:  7.60

**I.    Employee Benefit/Pension**

23.    This category relates to work regarding employee benefit and pension plans, and other employee issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed a severance notice.

Fees:  $185.00;        Hours:  0.20

**J.    Executory Contracts**

24.    This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things, reviewed and analyzed a motion to reject Oracle agreements.

Fees:  $495.00;        Hours:  0.60

**K.    Financing**

25.    This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed JPM lien and security interest documents; (2) performed work regarding a lien perfection analysis and memorandum; (3) reviewed and analyzed Schedules and loan documents; (4) performed work regarding a lien challenge stipulation with lender;

(5) reviewed and analyzed UCC search results; (6) reviewed and analyzed security interests in mortgages and insurance; (7) reviewed and analyzed Board minutes; (8) reviewed and analyzed a cash collateral order; (9) reviewed and analyzed issues regarding a stipulation relating to standing motion and challenge complaint; (10) performed work regarding a standing motion relating to lien challenge complaint; (11) reviewed and analyzed membership dues collateral issues; (12) performed work regarding a lien challenge complaint; (13) reviewed and analyzed derivative standing issues; (14) reviewed and analyzed issues regarding extension of challenge deadline; and (15) corresponded and conferred regarding financing issues.

Fees:  $62,052.50;      Hours:  64.20

### L.      General Creditors Committee

26.      This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Committee meeting agendas; (2) responded to inquiries from Committee members and their counsel; (3) prepared for and participated in Committee teleconferences; (4) reviewed and analyzed strategy issues, including insurance and mediation issues; (5) reviewed and analyzed issues regarding the Debtors' financial viability; (6) attended to Committee structure issues; and (7) corresponded and conferred regarding general creditors committee issues.

Fees:  $87,175.50;      Hours:  86.50

### M.      Hearings

27.      This category relates to hearing issues.  During the Interim Period, the Firm, among other things, prepared for and attended an Omnibus hearing on June 8, 2020.

Fees:  $5,247.00;      Hours:  5.40

**N.      Insurance Coverage**

28.      This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed anti-assignment right issues; (2) reviewed and analyzed insurance company filings in the case; (3) reviewed and analyzed BSA presentations by its representatives, including A&M, regarding letters of credit and insurance; (4) reviewed and analyzed, and coordinated with special insurance counsel, regarding insurance strategy issues; (5) reviewed and analyzed additional insured issues; (6) reviewed and analyzed, and performed work, relating to coverage charts regarding available insurance, reductions for exhaustion and insolvency; and (7) corresponded and conferred regarding insurance issues.

Fees:  $9,036.50;        Hours:  8.70

**O.      Meeting of Creditors**

29.      This category relates to meeting of creditors issues.  During the Interim Period, the Firm, among other things, attended to media issues regarding a Section 341 meeting of creditors.

Fees:  $239.00;        Hours:  0.20

**P.      Mediation**

30.      This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed insurers' objection to mediators; (2) performed work regarding a limited joinder to BSA reply to mediation objections; (3) reviewed and analyzed issues regarding possible mediator candidates; (4) attended to

scheduling issues; (5) performed work regarding a revised mediation order; (6) reviewed and

analyzed mediation strategy issues; (7) reviewed and analyzed settlement issues; (8) prepared for

and participated in a teleconference with Survivors' Counsel regarding mediation strategies;

(9) reviewed and analyzed Hartford's motion to reconsider mediation order, and performed work

regarding an objection to such motion; (10) performed work regarding a claims spreadsheet and

claims analysis; (11) collected and organized mediator topics from Survivors' Counsel, and

performed work regarding a mediation issues list; and (12) corresponded and conferred regarding

mediation issues.

Fees:  $69,990.00;     Hours:  65.50

**Q.    Plan and Disclosure Statement**

31.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed Plan negotiations strategy; (2) reviewed and analyzed issues relating

to an insurance injunction; (3) reviewed and analyzed release issues; (4) reviewed and analyzed

the Debtors' motion to extend the exclusivity periods and performed work regarding a response;

and (5) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $9,267.50;     Hours:  9.90

**R.    Retention of Professionals--Others**

32.    This category relates to work regarding the retention of professionals,

other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed

work regarding the Pasich and Conte retention matters; (2) performed work regarding MIPRO

employment; (3) attended to ordinary course professionals issues; and (4) conferred and corresponded regarding retention issues.

Fees:  $3,526.50;         Hours:  4.10

### S.        Stay Litigation

33.        This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding relief from stay motions; (2) reviewed and analyzed settlement issues; (3) reviewed and analyzed the proposed orders in the Evanston and ORIC matters; and (4) corresponded and conferred regarding stay issues.

Fees:  $5,832.50;         Hours:  6.10

<b><u>Valuation of Services</u></b>

34.        Attorneys and paraprofessionals of PSZ&J expended a total 508.20 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 91.80 | $109,701.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 42.80 | $ 49,006.00 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 6.60 | $   7,095.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 22.50 | $ 24,187.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 39.30 | $ 42,247.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 18.80 | $ 19,270.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 2.10 | $ 2,089.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 26.70 | $ 25,365.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $ 950.00 | 46.80 | $ 44,460.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 15.00 | $ 13,875.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 0.60 | $ 510.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 88.50 | $ 73,012.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 18.90 | $ 15,592.50 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $ 825.00 | 14.10 | $ 11,632.50 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $ 795.00 | 0.90 | $ 715.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 17.80 | $ 14,151.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 1.60 | $ 1,240.00 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 9.90 | $ 4,455.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 21.70 | $ 9,222.50 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 2.60 | $ 1,105.00 |
| La Asia S. Canty | Paralegal 2017 | $ 425.00 | 0.50 | $ 212.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 4.20 | $ 1,659.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 5.90 | $  2,065.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 8.60 | $  3,010.00 |

**Grand Total:     $475,879.50**
**Total Hours:          508.20**
**Blended Rate:      $936.40**

35.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $475,879.50.

36.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of June 1, 2020 through June 30, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $475,879.50 and actual and necessary expenses in the amount of $5,651.98 for a total allowance of $481,531.48 and payment of

$380,703.60 (80% of the allowed fees) and reimbursement of $5,651.98 (100% of the allowed expenses) be authorized for a total payment of $386,355.58; and for such other and further relief as this Court deems proper.

Dated:  August 27, 2020                 PACHULSKI STANG ZIEHL & JONES LLP

                                        _____/s/ James E. O'Neill_____
                                        James I. Stang (CA Bar No. 94435)
                                        Robert B. Orgel (CA Bar No. 10187)
                                        James E. O'Neill (DE Bar No. 4042)
                                        John W. Lucas (CA Bar No.271038)
                                        Ilan D. Scharf (NY Bar No. 4042107)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE  19899-8705 (Courier 19801)
                                        Telephone: (302) 652-4100
                                        Facsimile:   (302) 652-4400
                                        Email:    jstang@pszjlaw.com
                                                  rorgel@pszjlaw.com
                                                  joneill@pszjlaw.com
                                                  jlucas@pszjlaw.com
                                                  ischarf@pszjlaw.com

                                        *Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE    :
                      :
COUNTY OF NEW CASTLE  :

       James E. O'Neill, after being duly sworn according to law, deposes and says:

       a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

       b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

       c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                                  /s/ James E. O'Neill
                                   James E. O'Neill