# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1], | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | Re: Docket No. 1145 |

### HERMAN LAW'S RESPONSE TO DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND ¶ 27 OF THE BAR DATE ORDER FOR ENTRY OF AN ORDER (I) SUPPLEMENTING THE BAR DATE ORDER AND (II) GRANTING RELATED RELIEF

Herman Law, by and through its undersigned counsel, files this Response (the "Response") to Debtors' Motion (the "Motion") pursuant to section 105(a) of the Bankruptcy Code and paragraph 27 of the Bar Date Order for entry of an order (i) supplementing the Bar Date Order and (ii) granting related relief, as in support of the Response, states as follows:

1.  Herman Law, with offices in New York and Florida, focuses its law practice on the representation of victims of child sexual abuse in civil cases nationally. It has been active in representing victims of child sexual abuse in states where there has been enacted "window" legislation reviving civil claims arising from child sexual abuse that had previously been time barred, including New York, New Jersey and California, among others. Herman Law presently represents well over 1,000 survivors of child sexual abuse. It estimates that less than 10% of their clients have claims against either of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

2. The Motion is directed toward misleading and confusing advertisements that are alleged to interfere with the Court-approved notices being issued by the Debtors. Herman Law has no opposition to action being taken against advertisements by law firms that specifically target survivors of child sexual abuse in the Boy Scouts, making references to such things as a potential $1.5 billion recovery fund. (*See* Motion ¶¶ 25-30). The problem is that the Motion seeks to encompass communications by law firms that do not target the Boy Scouts and do not in any material way interfere or conflict with Court-approved notices issued by the Debtors.

3. In this regard, the Motion specifically references an infomercial by Herman Law that simply does not belong in the group of objectionable communications referenced by the Debtors. (Motion, p. 16, ¶ 31). It attaches a transcript of this infomercial in Exhibit D. As this transcript makes clear, the Herman Law infomercial provides information for victims of child sexual abuse ***in child youth-serving organizations generally***. It discusses at some length, for example, claims against the Catholic Church and preschools, while making only a few passing references to scouting or the boy scouts within a string. (*See, e.g.*, Motion, Exh. D, p. 1, where Mr. Herman states, "the work that I do typically involves institutional defendants[;] and the institutions that I see most times are the Catholic Church by far; other churches and temples … schools; Boy Scouts; foster homes; orphanages"; and *id.*, p. 5, "I bring claims for adults who were sexually abused as children by their priests, foster parents, teachers, Boy Scout leaders, and coaches").

4. The infomercial discusses at one-point victims' privacy concerns and the filing of a lawsuit under a pseudonym to avoid having one's name in the public record. (Motion, Exh. D, pp. 8-9). This discussion does not mention use of a pseudonym in a claim against a debtor in bankruptcy and is plainly intended to address the typical claim brought in court against an

institution that is not in bankruptcy. If Herman Law receives a phone call or other contact from a victim with a claim against one of the Debtors, it fully explains the bankruptcy process and the requirement to provide identifying information in a proof of claim, consistent with the Court-approved notices.

5. The Motion seeks an order preventing any statements "directed to potential Claimants, including potential Sexual Abuse Survivors …" Given the facts stated above, the Herman Law infomercial should not be deemed to be encompassed within this Order. It is not a notice or statement "directed to potential Claimants" that would fall within the purview of the Court's Bar Date Order. To the extent that the Motion seeks an order that encompasses the infomercial it is impermissibly overbroad, as it would restrain protected speech and communications having nothing to do with the Debtors.

WHEREFORE, Herman Law respectfully requests that (i) any order on the Motion be issued by the Court expressly excepting the Herman Law infomercial referenced in Exhibit D to the Motion, or alternatively, (ii) be narrowly tailored to avoid encompassing communications to child sexual abuse victims of non-Debtor institutions generally, or (iii) the Motion otherwise be denied, and (iv) such other and further relief as is just and proper.

**BIELLI & KLAUDER, LLC**

Dated: August 28, 2020  
      Wilmington, Delaware

*/s/ David M. Klauder*  
David M. Klauder, Esquire (No. 5769)  
1204 N. King Street  
Wilmington, DE 19801  
Phone: (302) 803-4600  
Fax: (302) 397-2557  
Email: dklauder@bk-legal.com

and

**HERMAN LAW**

Jeffrey Herman, Esq. (*pro hac vice* admission pending)
434 W. 33rd St., Penthouse
New York, NY 10001
Phone: (212) 390-0100
Email: jherman@hermanlaw.com

*Counsel to Herman Law*