IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2020 AUG 31 AM 10: 42
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

### OBJECTION OF NAPOLI SHKOLNIK PLLC
### TO DEBTORS' MOTION TO SUPPLEMENT THE BAR DATE ORDER

Napoli Shkolnik PLLC ("Napoli"), by its undersigned counsel, hereby submits this Objection (the "Objection") to the Debtors'[1] Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief (the "Motion")[2], and respectfully requests the Court deny the relief as requested in the Motion. In further support of this Objection, Napoli states as follows:

### PRELIMINARY STATEMENT

1. Debtors' Motion requests relief that would violate Napoli's First Amendment rights and is crafted with the sole purpose of limiting the number of tort claimants that may file claims against Debtors' estate. Further, Debtors seek to prevent tort claimants from direct access to legal counsel.

2. Tellingly, Debtors are not alleging that Napoli, or any other firm, has engaged in conduct that violates the Bar Date Order. *See* ECF, Dkt. No. 1145, at 5 (conceding the Bar Date

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] *See* ECF, Dkt. No. 1145.

Order does not address advertising campaigns by outside plaintiffs' firms). Debtors likewise concede that the Bar Date Order did not contain any obligation for anyone other than Debtor to provide draft copies of advertisements to the Debtors or the Court. *See* ECF, Dkt. No. 1145, at 11.

3. Instead, Debtors attempt to conflate their own obligation to notice potential claimants under the Bar Date Order with outside plaintiffs' firms. *See* ECF, Dkt. No. 1145, at 18-19. In essence, Debtors seek to amend the Bar date order from stating "no other or further notice shall be *required [by Debtors]*"[3] to "no other or further notice shall be *permitted [by any attorney in the United States]*." *See generally* ECF, Dkt. No. 1145-2.

4. Napoli Shkolnik PLLC ("Napoli") is a personal injury law firm that specializes in, among other practice areas, mass tort litigation and class actions. Napoli also regularly litigates matters that involve sexual abuse and discrimination.

5. Napoli's advertisement with regard to the instant litigation states as follows:

> Are you a survivor of sexual abuse while in the Boy Scouts? You may be entitled to compensation, no matter how long ago the abuse happened. But your time to file a claim is limited. As a result of thousands of victims filing sexual abuse claims, the Boy Scouts have filed for bankruptcy protection. And the bankruptcy court has set November 16th, 2020, as the deadline for abuse survivors to file a claim. As a result of this bankruptcy, a victims' compensation fund is being set up that may be worth over $1.5 billion. Childhood sexual abuse takes numerous forms, including forcible rape, exposing one's self to a child, or showing him or her pornographic images, or viewing or photographing a child in a sexual content. If you're a survivor of sexual abuse while in the Boy Scouts, you may be entitled to compensation no matter how long ago the abuse happened. Call for more information. With one of our compassionate counselors today, your call is completely confidential.

Ex. A, Napoli's Advertisement, at 1.

6. As can be ascertained from a plain reading of the Advertisement, Napoli has clearly and accurately informs potential claimants (1) the Boy Scouts of America have declared bankruptcy, (2) that November 16, 2020 is the deadline to file a claim, (2) the time to file a claim

---

[3] *See* D.I. 695 at ¶ 19.

is limited by the bar date, and (3) that claimants may file a claim regardless of their age. *See id.* Although not required, Napoli's advertisement notifies potential claimants of all the essential factors Debtors were required to state in their own noticing campaign. *See* D.I. 601-5.

## OBJECTION

7. The Debtors' attempt to thwart dissemination of speech regarding these Chapter 11 Cases should be denied as an unconstitutional prior restraint of free speech. Free and open communication between a legal representative and client is an essential tenet of effective representation. *See generally Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). Restraints on that free flow of communication between a legal representative and client, or potential clients, is strongly disfavored. *See, e.g., Gulf Oil Co. v. Bernard*, 452 U.S. 89, 95, 101 S. Ct. 2193, 2197, 68 L. Ed. 2d 693 (1981).

8. The First Amendment prohibits the restriction of "expression because of its message, its ideas, its subject matter, or its content." U.S. Const., Amdt. 1. The Supreme Court has explicitly held that legal advertisements, like the type targeted by Debtors' Proposed Order, constitute speech protected by the First Amendment. *See Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 623 (1995); *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 651, 105 S. Ct. 2265, 2282, 85 L. Ed. 2d 652 (1985). The constitutional protection of this form of speech is grounded in the First Amendment rights of the listener; here, the current and potential sexual abuse tort claimants. *Zauderer*, 471 U.S. at 651 ("the extension of First Amendment protection to commercial speech is justified principally by the value to consumers of the information such speech provides").

9. The Supreme Court has clarified its commitment to applying the strictest standard of review when evaluating the constitutionality of content-based restraints on speech, even in a

3

presumptively commercial context. *See* Barr v. AAPC, 591 U. S. \_\_\_\_, 140 S.Ct. 812 (June 25, 2020) (holding that an exception to a debt collection statute which distinguished between speech related to government debt and other debt was an unconstitutional content-based restraint to speech).

### A. THE PROPOSED ORDER IS FATALLY OVERBROAD[4]

10. The Debtors are asking this Court to issue a prior restraint on the speech of literally any person, anywhere, regarding communications with any Sexual Abuse Survivor. Such a broad restriction on the content of communications between unknown persons is a plainly unconstitutional content-based prior restraint which necessarily fails strict scrutiny review. *See Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163, 135 S. Ct. 2218, 2226, 192 L. Ed. 2d 236 (2015) ("Content-based [restrictions] —those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests."). It has long been established that content-based prior restraints "constitute the most serious and the least tolerable infringement on our freedoms of speech." *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005) (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976)).

11. Courts have held numerous times that this type of order proposed by Debtors, banning communications or solicitations from counsel to potential class members without the prior approval of the Court, are unconstitutionally broad restrictions on First Amendment speech. *See, e.g., Gulf Oil Co. v. Bernard*, 452 U.S. 89, 95, 101 S. Ct. 2193, 2197, 68 L. Ed. 2d 693 (1981) (vacating order banning communication "including any solicitation of legal representation

---

[4] Napoli restates and reaffirms the arguments raised in the Objection of the Coalition of Abused Scouts for Justice to Debtors' Motion to Supplement the Bar Date Order. *See* ECF, Dkt. No. 1190, at 5-8.

4

of potential or actual class members, and any statements which may tend to misrepresent the status, purposes and effects of the class action" or "create impressions tending without cause, to reflect adversely on any party, any counsel, this Court, or the administration of justice."); *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 310 (3d Cir. 2005); *see also e.g. Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-CV-411-WQH-AHG, 2020 WL 1820120, at *2 (S.D. Cal. Apr. 10, 2020) ("Should a court find that clear abuses have taken place, it should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances, i.e., giving explicit consideration to the narrowest possible relief which would protect the respective parties."); *Jin Nakamura v. Wells Fargo Bank, Nat'l Ass'n*, No. 17-4029-DDC-GEB, 2018 WL 994706, at *5 (D. Kan. Feb. 21, 2018) ("even if there is clear evidence of abusive communications with potential class members, a court may only impose the narrowest possible relief which would protect the respective parties . . . [o]verly broad relief can violate the First Amendment"); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1242 (N.D. Cal. 2000) ("An injunction restricting communications must be the narrowest possible relief which would protect the respective parties.").

12. By contrast, the Debtors cannot cite to a single case in which a court has granted relief so broad that it applies to *all content providers* (whether known or unknown) as to *all content* relating in any fashion to the Bar Date Order. *See, e.g., In re Inslaw*, 76 B.R. 224 (1987) (denying motion to dismiss in two-party dispute); *S.E.C. v. Am. Bd. Of Trade, Inc.*, 830 F.2d 431 (2d Cir. 1987) (approving restraint on speech of defendant in class action lawsuit); *In re Andrus*, 189 B.R. 413 (N.D. Ill. 1995) (restraining speech of creditor who engaged in numerous and ostentatious violations of discharge order).

13. While section 362 of the Bankruptcy Code provides some means and cause to restrict speech under fact-specific circumstances, law firms cannot be penalized or restricted from expressing their perspective on disputed facts. *Compare Wells v. Volf*, No. 4:04CV3184, 2005 WL 8176325, at *10 (D. Neb. Mar. 7, 2005) (declining to grant protective order limiting communications to putative class members in part because "[c]ommunications which present one party's position on disputed issues of fact may not for that reason alone be characterized as misleading.") *with In re Inslaw, Inc.*, 76 B.R. 224, 240 (Bankr. D.D.C. 1987) (holding that an injunction on disparaging speech against debtor did not violate the First Amendment where the speech was false and malicious sufficient "to present a clear and present danger of significant interference with the Debtor's reorganization and with the functions of the bankruptcy court[.]"); *In re Stonegate Sec. Servs., Ltd.*, 56 B.R. 1014, 1019 (N.D. Ill. 1986) ("in order for § 362 to constitutionally curtail 'harassing' speech, the speech must be truly obstructive, that is, it must amount to conduct that seriously and effectively interferes with the judicial process itself—or presents a clear and present danger of doing so—and involves no or at least limited First Amendment interest. It is not enough that the behavior be 'annoying[.]'") (emphasis supplied).

14. The Debtors do not even attempt to satisfy the strict requirements to ensure the relief sought is constitutional. Rather, their motion appears to be an attempt to compel the known creditor representatives (that they are aware of) to abandon or modify their speech so as to put a brake on what they and their insurers have concluded is an expanding group of Sexual Abuse Survivors whose numbers will likely far exceed their expectations on the total aggregate compensation that would be required to resolve this case consensually.

B. DEBTORS HAVE NOT PROVEN NAPOLI'S SPEECH IN QUESTION IS FALSE OR MISLEADING

15. The Debtors insist that the cited speech acts are false or misleading. *See* Motion at Ex. C [Docket No. 1145-4] (the "Wheatman Declaration"). While a finding of falsity is not strictly required to meet the standard for prior restraints, it is central to the Debtors' argument that the cited speech acts could lead to confusion that endangers their reorganization. *Compare In re National Serv. Corp.*, 742 F.2d 859, 862 (5th Cir. 1984) (overruling issuance of prior restraint involving creditor's posting of billboard stating the "unassailable facts" that the debtor was in bankruptcy and could not pay its bills), *with In re Inslaw*, 76 B.R. 224, 240 (Bankr. D.D.C. 1987) (noting allegations of "false and malicious" speech and presuming truth of allegations upon motion to dismiss).

16. Here, Debtors make two false allegations regarding Napoli's advertising. *See* ECF Dkt. No. 1145, at 3-4. First, Debtor falsely claims that Napoli stated a Victim Compensation Fund has been created. *See id.* In actuality, Napoli's advertisement accurately informs potential claimants that a compensation fund has not yet been created. *See* Ex. A, Napoli's Advertisement, at 1.

17. Second, Debtors complain that "[Napoli and others] falsely state that 'a Victims Compensation Fund is being set up that may be worth over $1.5 billion,' when no fund or trust has been approved and the value of any trust is as yet entirely undetermined." *See* ECF Dkt. No. 1145, at 3-4. Speculation as to the potential value of a claimants' fund cannot be "false." Nor is it misleading to claim that the potential value of a compensation fund—which Napoli's advertisement concedes has yet to be formed—would contain the bulk of Debtors' assets. Nevertheless, even if the Court were to accept Debtors' claim that the statement may be confusing to potential claimants, that would still be insufficient to restrict Napoli's speech. *See,*

*e.g., Cram v. Elec. Data Sys. Corp.*, No. 07cv1842-LAB-NLS, 2008 WL 178449, at *3 (S.D. Cal. Jan. 17, 2008) ("A mere possibility of confusion is insufficient to justify the district court's exercise of supervisory authority over parties' communications with potential class members").

18. Finally, the speech in question cannot be considered "malicious" under any reasonable interpretation. *See In re Inslaw*, 76 B.R. at 240. Speculation as to the potential size of a victim's compensation fund does no actual harm to potential claimants, Debtors, or the litigation.

### C. NAPOLI'S SPEECH IN QUESTION DOES NOT PRESENT A CLEAR AND PRESENT DANGER TO THESE JUDICIAL PROCEEDINGS

19. A movant seeking a prior restraint of speech in relation to the debtor in a bankruptcy proceeding must show that the speech, whether or not false or misleading, presents a clear and present danger to the debtor's reorganization. *See Inslaw*, 76 B.R. at 225; *cf. Jin Nakamura v. Wells Fargo Bank, Nat'l Ass'n*, No. 17-4029-DDC-GEB, 2018 WL 994706, at *4 (D. Kan. Feb. 21, 2018) ("The moving party, therefore, must demonstrate the communication at issue is abusive in that it threatens the proper functioning of the litigation."); *Perkins v. Benore Logistics Sys., Inc.*, No. 16-13717, 2017 WL 445603, at *4 (E.D. Mich. Feb. 2, 2017) (holding that the proposed restrictions on communications between Plaintiff counsel and putative class members would violate the First Amendment because "[p]laintiff's counsel [had] not engaged in the type of subterfuge and subversion that constitutes an intolerable affront to the authority of the district court to police class member contacts" sufficient to allow the extreme remedy of restricting Plaintiff's counsel speech).

20. Additional bankruptcy cases not cited by the Debtors clarify that the question of "clear and present danger" is one that must be determined on a case-by-case basis upon evidence of actual harm or danger to the debtor's ongoing business operations. For instance, in *In re*

*Sechuan City, Inc.*, a court ordered a prior restraint against a creditor who posted signs outside the debtor's business saying, e.g., "PLEASE DON'T PATRONIZE THE SECHUAN GARDEN," and the court held an evidentiary hearing and found that the defendants "intended to harm the debtor's business [and] did in fact harm that business." 96 B.R. 37, 39, 44 (Bankr. E.D. Pa. 1989). By contrast, in *In re Stonegate Security Services, Ltd.*, a creditor caused a truck containing messages that the debtor did not pay its suppliers to be parked outside the debtor's premises. 56 B.R. 1014, 1016 (N.D.Ill. 1986). The bankruptcy court "took no evidence on countervailing interests, such as the damage done to [the debtor's] business." Id. at 1020.

21.  Napoli's advertisement simply does not rise to the level of a clear and present danger. The advertisement does not threaten the functioning of the litigation, because the only possible result of Napoli's actions is that more victims of sexual abuse would be notified of their right to file a claim. Further, there is no evidence Napoli's advertisement does actual harm to Debtor's businesses. *See In re Sechuan City, Inc.*, 96 B.R. at 39, 44. Napoli's advertisement is specifically targeted to adult men who have suffered sexual abuse. *See* Ex. A, Napoli's Advertisement, at 1.

D. <u>ALTERNATIVELY, NAPOLI REQUESTS ADDITIONAL TIME TO FULLY BRIEF THE ISSUES SET FORTH DUE TO DEBTOR'S INSUFFICIENT NOTICE OF THE MOTION</u>

22.  Debtors filed notice of the hearing regarding Napoli's Advertisement on Thursday, August 27, 2020. *See* ECF, Dkt. No. 1172, at 1-2. Napoli does not receive ECF notifications regarding the instant matter. Napoli only received the notice via the United Postal Service the following day. *See id., see also* Ex. B, Notice of Agenda of Matters Scheduled for Hearing on August 30, 2020, at 11:00 a.m. (ET), at 3. As Napoli has not been a part of the previous proceedings, Napoli respectfully requests additional time to fully brief the arguments discussed above should the Court deem it necessary.

## **CONCLUSION**

23. Napoli respectfully requests that this Court DENY Debtor's Motion in its entirety and for any further relief the Court deems just and proper.

Date:  August 31, 2020                          Respectfully submitted,

**NAPOLI SHKOLNIK, LLC**

/s/ R. Joseph Hrubiec
R. Joseph Hrubiec, Esq.
Paul J. Napoli, Esq.
Napoli Shkolnik LLC
919 N Market St
Suite 1801
Wilmington, DE 19801
Telephone: (302) 330-8025
Facsimile: (646) 843-7603

# EXHIBIT A

napoli-shkolnik-pllc-boy-scouts-sex-abuse-legal-helpline

Female Voice:    Are you a survivor of sexual abuse while in the Boy Scouts? You may be entitled to compensation, no matter how long ago the abuse happened. But your time to file a claim is limited. As a result of thousands of victims filing sexual abuse claims, the Boy Scouts have filed for bankruptcy protection. And the bankruptcy court has set November 16th, 2020, as the deadline for abuse survivors to file a claim.

As a result of this bankruptcy, a victims' compensation fund is being set up that may be worth over $1.5 billion. Childhood sexual abuse takes numerous forms, including forcible rape, exposing one's self to a child, or showing him or her pornographic images, or viewing or photographing a child in a sexual content. If you're a survivor of sexual abuse while in the Boy Scouts, you may be entitled to compensation no matter how long ago the abuse happened. Call for more information. With one of our compassionate counselors today, your call is completely confidential.

End of recording.

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> (Jointly Administered) |

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON AUGUST 31, 2020, AT 11:00 A.M. (ET)

This hearing will be held telephonically and by video. All parties wishing to appear must do so telephonically by contacting COURTCALL, LLC at 866-582-6878 no later than August 31 at 8:30 a.m. to sign up. Additionally, anyone wishing to appear by Zoom is invited to use the link below. All parties that will be arguing or testifying must appear by Zoom and CourtCall. Participants on CourtCall should dial into the call not later than 10 minutes prior to the start of the scheduled hearing to insure a proper connection.

**PLEASE NOTE THAT THE MICROPHONES ON THE ZOOM MEETING WILL BE MUTED AND THE ONLY AUDIO WILL BE THROUGH COURTCALL**

Topic: Boy Scouts of America 20-10343
Time: August 31, 2020 11:00 AM Eastern Time (US and Canada)

Join ZoomGov Meeting
https://debuscourts.zoomgov.com/j/1607959877

Meeting ID: 160 795 9877
Passcode: 584382

Join by SIP
1607959877@sip.zoomgov.com

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Dated: August 27, 2020
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Eric W. Moats*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@mnat.com
  aremming@mnat.com
  emoats@mnat.com
  ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Email: jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Email: tlabuda@sidley.com
  mandolina@sidley.com
  mlinder@sidley.com
  blair.warner@sidley.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

UPS Worldwide Express™
UPS 2nd Day Air®

0.3 LBS  LTR  1 OF 1

Do not use this envelope for:
- UPS Ground
- UPS Standard
- UPS 3 Day Select®
- UPS Worldwide Expedited®

SCOTT EWING
(818) 906-8600
OMNI MANAGEMENT GROUP
5955 DE SOTO ST
WOODLAND HILLS CA 91367-5100

SHIP TO:
LEGAL DEPARTMENT
NAPOLI SHKOLNIK PLLC
11TH FL
360 LEXINGTON AVE
NEW YORK NY 10017

NY 100 9-44



UPS NEXT DAY AIR
TRACKING #: 1Z 040 90A 01 5265 1486

BILLING: P/P

REF 1: 7079
REF 2: CL



ps.com® or call 1-800-PICK-UPS® (1-800-742-5877)
edule a pickup or find a drop off location near you.

c Shipments
lify for the Letter rate, UPS Express Envelopes may only contain
ondence, urgent documents, and/or electronic media, and must
8 oz. or less. UPS Express Envelopes containing items other than
isted or weighing more than 8 oz. will be billed by weight.

ional Shipments
S Express Envelope may be used only for documents of no commercial
Certain countries consider electronic media as documents. Visit
m/importexport to verify if your shipment is classified as a document.

lify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less.
press Envelopes weighing more than 8 oz. will be billed by weight.

press Envelopes are not recommended for shipments of electronic media
g sensitive personal information or breakable items. Do not send cash
quivalent.





*Serving you for more than 100 years
United Parcel Service.

010195101  4/14 PAC  United Parcel Service

hipping Notice—Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention on the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or
on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology, or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

FORWARD TO
NT, LEGAL
MENT, OR ADDRESSEE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served on August 31, 2020, by email upon the following:

Morris, Nichols, Arsht & Tunnell LLP
Attn: Derek C. Abbott, Andrew R. Remming, Eric W. Moats, Paige N. Topper
dabbott@mnat.com, aremming@mnat.com, emoats@mnat.com, ptopper@mnat.com
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Attorneys for the Debtors and Debtors in Possession

Sidley Austin LLP
Attn: Jessica C.K. Boelter
jboelter@sidley.com tlabuda@sidley.com, mandolina@sidley.com, mlinder@sidley.com, blair.warner@sidley.com
787 Seventh Avenue
New York, New York 10019
Attorneys for the Debtors and Debtors in Possession

Sidley Austin LLP
Attn: Thomas A. Labuda, Michael C. Andolina, Matthew E. Linder, Blair M. Warner
tlabuda@sidley.com, mandolina@sidley.com, mlinder@sidley.com, blair.warner@sidley.com
51 West 52nd Street
New York, New York 10019
Attorneys for the Debtors and Debtors in Possession

*/s/ R. Joseph Hrubiec*
R. Joseph Hrubiec