## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | **Objection Deadline: September 15, 2020, at 4:00 p.m.** **Hearing Date: Only if Objections are Filed** |

## FIFTH MONTHLY FEE APPLICATION OF
## REED SMITH LLP, DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT
## OF EXPENSES FOR THE PERIOD JULY 1, 2020 THROUGH JULY 31, 2020

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | April 23, 2020, *nunc pro tunc* to March 9, 2020 |
| Period for which compensation and reimbursement is sought: | July 1, 2020 through July 31, 2020 |
| Amount of Compensation sought as actual, reasonable and necessary: | $17,203.60 (80% of $21,504.50)[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,010.30 |
| This is a: | Monthly Fee Application |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Reed Smith LLP has voluntarily reduced the amount of compensation sought as actual, reasonable and necessary relating to the "Fee Statements and Applications" (60017) project category in the amount of $4,378.50.

**Summary of Monthly Fee Applications Filed**

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| June 9, 2020 [D.I. 814] | March 9, 2020 to March 31, 2020 | $33,845.50 | $222.50 | $27,076.40 | $222.50 |
| June 24, 2020 [D.I. 895] | April 1, 2020 to April 30, 2020 | $63,141.50 | $0.00 | $50,513.20 | $0.00 |
| July 27, 2020 [D.I. 1046] | May 1, 2020 to May 31, 2020 | $36,129.50 | $1,102.55 | $29,903.60 | $1,102.55 |
| August 21, 2020 [D.I. 1135] | June 1, 20220 to June 30, 2020 | $22,762.50 | $128.75 | Pending | Pending |

**REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS
RENDERING SERVICES FROM JULY 1, 2020 THROUGH JULY 31, 2020[3]**

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kurt F. Gwynne | Partner.  Joined firm as partner in 2001.  Member DE bar since 2000.  Member PA and NJ bars since 1992. Member of NY bar since 2018. | $990.00 | 1.90 | $1,881.00 |
| Lawrence F. Gilberti | Partner.  Joined firm as partner in 1998.  Member of NY bar since 1976.  Member of PA bar since 1999. | $935.00 | 6.50 | $6,077.50 |
| Rauer L. Meyer | Senior Counsel.  Rejoined firm as senior counsel in 2020.  Member of the California bar since 1973. | $835.00 | 0.50 | $417.50 |
| Katelin A. Morales | Associate.  Joined firm as an associate in 2018.  Member DE bar since 2019.  Member NY and NJ bars since 2017. | $465.00 | 25.70 | $11,950.50 |
| John B. Lord | Paralegal.  Joined firm as paralegal in 2000.  Paralegal since 1991. | $400.00 | 11.90 | $4,760.00 |
| Stephanie Q. Chadick | Paralegal.  Joined firm as paralegal in 2017. | $295.00 | 2.70 | $796.50 |
| | | Grand Total: | 49.20 | $25,883.00 |
| | | Voluntary Reduction: | | ($4,378.50) |
| | | **Reduced Grand Total:** | | **$21,504.50** |
| Blended Rate: | | | | $437.08 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $532.37 |

---

[3] Calculations for the Blended Rates include Reed Smith LLP's voluntary reduction of $4,378.50.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Compensation |
|---|---|---|
| Case Administration (60001) | 6.10 | $3,657.50 |
| Committee Meeting and Communications (60002) | 6.40 | $2,976.00 |
| Automatic Stay (60004) | 1.20 | $519.00 |
| Plan/Disclosure Statement Issues (60007) | 1.50 | $645.50 |
| Non-Profit Issues (60012) | 9.70 | $7,750.50 |
| Fee Statements and Applications (60017) | 20.70 | $8,588.00[4] |
| Hearings and Court Matters (60021) | 2.30 | $1,037.00 |
| Communications with Debtors (60029) | 1.00 | $570.00 |
| Local Counsel and Chartered Organization Issues (60031) | 0.30 | $139.50 |
| Grand Total: | 49.20 | $25,883.00 |
| Voluntary Reduction: | | ($4,378.50) |
| **REDUCED GRAND TOTAL:** | **49.20** | **$21,504.50** |

---

[4] Reed Smith LLP has voluntarily reduced the amount of compensation sought as actual, reasonable and necessary in this project category from $8,588.00 to $4,209.50, a reduction of $4,378.50.

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Amount |
|---|---|---|
| Court Fees | CourtCall | $87.00 |
| Legal Research | Westlaw | $916.50 |
| Internal Duplicating and Printing | | $6.80 |
| **TOTAL:** | | **$1,010.30** |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | **Objection Deadline: September 15, 2020, at 4:00 p.m.** **Hearing Date: Only if Objections are Filed** |

### FIFTH MONTHLY FEE APPLICATION OF REED SMITH LLP, DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2020 THROUGH JULY 31, 2020

Reed Smith LLP ("Reed Smith") hereby submits this *Fifth Monthly Fee Application of Reed Smith LLP, Delaware Counsel to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses for the Period July 1, 2020 through July 31, 2020* (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, Delaware Bankruptcy Local Rule 2016-2, and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* (the "Interim Compensation Order"; D.I. 341).  By this Application, Reed Smith, as Delaware counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee") in these Cases, seeks interim approval and payment of compensation for legal services performed and legal expenses incurred during the period commencing July 1, 2020 through July 31, 2020 (the "Compensation Period").  In support hereof, Reed Smith respectfully represents the following:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## I.  **FACTUAL BACKGROUND**

1.      On February 18, 2020 (the "Petition Date"), the Boy Scouts of America and Delaware BSA, LLC (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

2.      The Court has entered an order granting joint administration of these Cases.

3.      No trustee or examiner has been appointed in these Cases.

4.      On March 4, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") held an organizational meeting (the "Organizational Meeting") and appointed the Creditors' Committee and an Official Committee of Tort Claimants (the "Tort Committee").

5.      At the Organizational Meeting, the Creditors' Committee determined that it needed the assistance and advice of counsel to perform the Creditors' Committee's duties under section 1103(c) of the Bankruptcy Code.  The Creditors' Committee selected Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as proposed lead counsel to the Creditors' Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.  The Creditors' Committee subsequently selected Reed Smith as its proposed Delaware counsel for the Creditors' Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.  On March 9, 2020, Reed Smith agreed to serve as Delaware counsel and began work for the Creditors' Committee.

6.      On May 23, 2020, the Bankruptcy Court approved the Creditors' Committee's retention of Reed Smith as its Delaware counsel.  A copy of the *Order Approving Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, Nunc Pro Tunc as of*

*March 9, 2020, as Delaware Counsel for the Official Committee of Unsecured Creditors*

*Pursuant to 11 U.S.C. §§ 328 (a), and 1103(a) and Fed. R. Bankr. P. 2014* ("Retention Order";

D.I. 688) is attached as **Exhibit A**.

## II.    ALLOWANCE OF COMPENSATION

7.      Reed Smith submits this Application for the allowance of reasonable compensation for actual and necessary professional services provided to the Creditors' Committee as its Delaware counsel in these Cases, and for reimbursement of actual and necessary out-of-pocket expenses in representing the Creditors' Committee during the Compensation Period.  All included services for which Reed Smith seeks compensation or reimbursement were performed for, or incurred on behalf of, the Creditors' Committee during the Compensation Period.

8.      In connection with services performed, Reed Smith billed a total of $25,883.00 in fees and incurred $1,010.30 in expenses on behalf of the Creditors' Committee during the Compensation Period.  Reed Smith has voluntarily reduced its bill of total fees on behalf of the Creditors' Committee by $4,378.50, specifically reduced from the Fee Statements and Applications project category.

9.      By this Application, Reed Smith seeks: (a) interim allowance of compensation in the amount of $21,504.50 for legal services rendered during the Compensation Period, and reimbursement in the amount of $1,010.30 for expenses incurred during the Compensation Period and (b) pursuant to the Interim Compensation Order, payment of compensation in the amount of $17,203.60 (80% of the compensation requested), and reimbursement of expenses incurred by Reed Smith during the Compensation Period in the amount of $1,010.30 (100% of the expenses incurred).

10.     A summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Creditors' Committee during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as **Exhibit B**.

11.     In addition, **Exhibit B** contains computer-printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

12.     **Exhibit C** contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period.  Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $1,010.30.  This sum is broken down into categories of charges (*e.g.,* CourtCall charges, special or hand delivery charges, transcription charges, postage, outgoing facsimile, and copying charges).  Reed Smith's rate for duplication is $0.10 per page.  Reed Smith also uses outside duplication services for large photocopy work.  Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions.  Outgoing facsimile transmissions, if any, have been charged at a rate of $0.25 per page.

### III.     ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

13.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional employed by any such person."  *See* 11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

14.    In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed, and (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.  *See* 11 U.S.C. § 330(a)(3)(A)-(F).

15.    With respect to the time and labor expended by Reed Smith in these Cases, as set forth in **Exhibit B**, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $25,883.00.  As noted above, Reed Smith has voluntarily reduced its bill of total fees on behalf of the Creditors' Committee to $21,504.50.  This reflects a reduction of $4,378.50, specifically reduced from the Fee Statements and Applications project category. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Creditors' Committee, and the time expended, organized by project task categories, as follows:

A.    **CASE ADMINISTRATION** (60001)

16.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  (i) preparing for and attending a conference with case mediators; (ii) reviewing and analyzing updates provided by Kramer Levin and the Court's docket in these Cases for status and possible action; and (iii) preparing budget and fee estimates requested by the Debtors' financial advisor.  Reed Smith seeks compensation for 6.1 hours of reasonable and necessary legal expenses incurred for Case Administration during the Compensation Period in the total amount of $3,657.50.

B.    **COMMITTEE MEETINGS AND COMMUNICATIONS** (60002)

17.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  preparing for and participating in conference calls with the Creditors' Committee and its professionals to discuss all pending case matters.  Reed Smith seeks compensation for 6.40 hours of reasonable and necessary legal expenses incurred for Committee Meetings and Communications during the Compensation Period in the total amount of $2,976.00.

C.    **AUTOMATIC STAY** (60004)

18.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  (i) finalizing and e-filing a limited objection to a motion for relief from the automatic stay; and (ii) communicating with Kramer Levin and internally regarding the Creditors' Committee's limited objection.  Reed Smith seeks compensation for 1.20 hours of reasonable and necessary legal expenses incurred for Automatic Stay during the Compensation Period in the total amount of $519.00.

D.     **PLAN/DISCLOSURE STATEMENT ISSUES** (60007)

19.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  (i) finalizing and e-filing the Creditors' Committee's statement in connection with the Debtors' motion to extend the exclusivity period; and (ii) communicating with Kramer Levin and internally regarding the Creditors' Committee's statement.  Reed Smith seeks compensation for 1.50 hours of reasonable and necessary legal expenses incurred for Plan/Disclosure Statement Issues during the Compensation Period in the total amount of $645.50.

E.     **NON-PROFIT ISSUES** (60012)

20.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  (i) communicating with Kramer Levin regarding a series of issues and inquiries associated with non-profit corporations; (ii) conducting legal research on the restriction of assets of a non-profit corporation; and (iii) analyzing and internally discussing issues associated with state law restrictions for non-profits, state oversight powers and the application of franchise law to non-profits.  Reed Smith seeks compensation for 9.7 hours of reasonable and necessary legal expenses incurred for Non-Profit Issues during the Compensation Period in the total amount of $7,750.50.

F.     **FEE STATEMENTS AND APPLICATIONS** (60017)

21.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:

(i)     reviewing and analyzing interim compensation procedures in the Cases;

(ii)    drafting and e-filing a notice re-scheduling the hearing on first interim fee applications of the Creditors' Committee's professionals;

    (iii)    Reed Smith's fee statements and applications, including:

        a.  finalizing and e-filing Reed Smith's third monthly (May 2020) fee application;

        b.  drafting Reed Smith's fourth monthly (June 2020) and second interim fee applications;

        c.  communicating with Kramer Levin and internally concerning the above;

    (iv)    Kramer Levin's fee statements and applications, including:

        a.  reviewing, finalizing, and e-filing Kramer Levin's third monthly (May 2020) fee application,

        b.  communicating with Kramer Levin and internally concerning the above;

    (v)    The Creditors' Committee's financial advisor's (AlixPartners, LLP) fee statements and applications, including:

        a.  reviewing, finalizing, and e-filing AlixPartners LLP's third monthly (May 2020) fee application, and

        b.  communicating with AlixPartners LLP and internally concerning the above.

Reed Smith seeks compensation for 20.70 hours of reasonable and necessary legal expenses incurred for Fee Statements and Applications during the Compensation Period in the total amount of $4,378.50.[2]

---

[2] Reed Smith has voluntarily reduced the amount of compensation sought as actual, reasonable and necessary in this project category from $8,588.00 to $4,209.50, a reduction of $4,378.50.

G.    **HEARINGS AND COURT MATTERS (60021)**

22.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  (i) preparing for and attending the telephonic hearing in these Cases on July 29, 2020; and (ii) communicating internally regarding upcoming hearings in these Cases.  Reed Smith seeks compensation for 2.30 hours of reasonable and necessary legal expenses incurred for Hearings and Court Matters during the Compensation Period in the total amount of $1,037.00.

H.    **COMMUNICATIONS WITH THE DEBTORS (60029)**

23.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia,* analyzing and commenting on correspondence from the Debtors and the Creditors' Committee's draft response regarding the status of these Cases and issues going forward.  Reed Smith seeks compensation for 1.00 hours of reasonable and necessary legal expenses incurred for Communications with the Debtors during the Compensation Period in the total amount of $570.00.

I.    **LOCAL COUNSEL AND CHARTERED ORGANIZATION ISSUES (60031)**

24.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia,* reviewing and analyzing local counsel acknowledgements for issues and status.  Reed Smith seeks compensation for 0.30 hours of reasonable and necessary legal expenses incurred for Local Counsel and Chartered Organization Issues during the Compensation Period in the total amount of $139.50.

25.    Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar chapter 11 cases.  The billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from July 1, 2020

through July 31, 2020 represent customary rates routinely billed to other clients of the firm.  (*See* **Exhibit B**).   Moreover, Reed Smith stated in the *Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, Nunc Pro Tunc as of March 9, 2020, as Delaware Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328 (a), and 1103(a) and Fed. R. Bankr. P. 2014* ("Retention Application"; D.I. 482) and the accompanying *Declaration of Kurt F. Gwynne in Support of the Retention Application* that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm.  Here, the compensation requested does not exceed the reasonable value of the services rendered.  Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

26.    In addition, as set forth in its Retention Application, the Creditors' Committee believes that the retention of Reed Smith as its Delaware counsel would be cost-effective and efficient.

27.    This Application covers the period from July 1, 2020 through July 31, 2020. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

28.    Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Delaware Bankruptcy

Local Rule 2016-2, the Interim Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and (as applicable) the Executive Office for the United States Trustees.  A true and correct copy of the *Verification of Kurt F. Gwynne* is attached hereto as **Exhibit D**.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $17,203.60 (80% of $21,504.50) and reimbursement of expenses in the amount of $1,010.30 for the period July 1, 2020 through July 31, 2020 and payment according to the procedures set forth in the Interim Compensation Order.

Dated:  September 1, 2020

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Kurt F. Gwynne*
    Kurt F. Gwynne (No. 3951)
    Katelin A Morales (No. 6683)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    E-mail: kgwynne@reedsmith.com
    E-mail:  kmorales@reedsmith.com

    *Delaware Counsel to the Official Committee of Unsecured Creditors*