**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LLS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1120, 1221, and 1237<br><br>**Hearing Date: September 9, 2020 @ 10:00 a.m. (ET)** |

**REPLY OF MARCO ROMERO, JR. AND AUDREY ROMERO
IN SUPPORT OF THEIR MOTION FOR AN ORDER FOR RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO SECTION 363(d) OF THE BANKRUPTCY CODE**

      Marco Romero, Jr. and Audrey Romero ("Movants") filed a motion (the "Motion" or the "Romero Motion") [Docket No. 1120] requesting limited relief from the automatic stay to continue to prosecute a state court action styled *Marco Romero, Jr., a minor, by and through his natural mother, Audrey Romero v. Boy Scouts of America, et al.,* filed on December 14, 2018 in Clark County, Nevada, District Court, Eighth Judicial District, State of Nevada, Case No. A-18-786117-C (the "State Court Action").

      The Official Committee of Tort Claimants (the "CTC") [Docket No. 1237] and James L. Patton, Jr., the Future Claimants' Representative (the "FCR") [Docket No. 1221], have each filed an omnibus objection that includes an objection to the Romero Motion (respectively, the "CTC Objection" and the "FCR Objection" and, together, the "Objections"). The Movants respectfully submit this reply to the Objections and state the following in support of the Motion:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas (75038).

1

## **REPLY**

1. As clearly presented in the Motion, all factors weigh in favor of lifting the automatic stay to permit Mr. Romero to liquidate his claim. The Objections disregard that Movants do not seek authority at this time for payment of Mr. Romero's claim when the amount is ultimately determined, but rather the Motion seeks to permit Mr. Romero to have his day in court to liquidate the claim. The Motion is no different from those motions for which the Court has entered orders lifting the automatic stay earlier in the Bankruptcy Case. [Docket Nos. 989 and 990] (the "Previous Lift Stay Orders"). In fact, attached to the Motion is an order that is identical in all material respects to the Previous Lift Stay Orders.

2. Both the CTC and the FCR now assert that the situation has changed from entry of the Previous Lift Stay Orders because the parties are "closer to the bar date" and they expect that a much more substantial number of abuse claims will be filed than when the Court entered the Previous Lift Stay Orders. But these arguments miss the larger point.

3. Permitting Mr. Romero to liquidate his claim now, rather than causing him to wait until an undetermined time after the bar date, would be more efficient and better support the goals that the CTC and FCR are attempting to attain. Knowing the liquidated amount of Mr. Romero's claim following finality of the state court proceeding would permit the Debtors, CTC, FCR and all other parties in interest to better assess the actual amount of claims on the insurance policies about which both the CTC and FCR are concerned.

4. Additionally, both Objections focus on defense costs that would be covered by Debtors' insurance policies, but those defense costs would occur whether Mr. Romero is permitted to liquidate his claim now, or is required to wait. In fact, if Mr. Romero's claim continues to be stayed, defense costs could actually increase as time passes, memories fade and documents become less clear, further eroding those amounts available for all similarly situated claimants.

5.      It is important to note that prior to the petition date, discovery in Mr. Romero's state court action was well under way, with deadlines for initial expert disclosures and rebuttal expert disclosures scheduled for April 20, 2020 and May 19, 2020, respectively, and trial scheduled to begin in February 2021.  While Mr. Romero's personal injury attorneys anticipate that the trial date will be extended to accommodate time lost due to the bankruptcy proceedings, Mr. Romero is eager and prepared to move expeditiously through the remainder of the discovery process in order to bring about an efficient resolution to the Mr. Romero's personal injury claim.

WHEREFORE, Movants respectfully request that this Court enter an order modifying the automatic stay to permit the Movants to liquidate their personal injury claims through the continuation of the pending State Court Action.

Date:  September 4, 2020
Wilmington, Delaware

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Patrick A. Jackson*
Patrick A. Jackson (Del. Bar No. 4976)
222 Delaware Ave., Ste. 1410
Wilmington, Delaware 19801
Telephone: (302) 467-4210
Facsimile: (302) 651-7701
Patrick.Jackson@faegredrinker.com

ACTIVE.124975619.01

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2020, I caused to be served a true and correct copy of the foregoing *Reply of Marco Romero, Jr. and Audrey Romero in Support of their Motion for an Order for Relief from the Automatic Stay Pursuant to Section 363(d) of the Bankruptcy Code* upon all parties that are registered or otherwise entitled to receive notification pursuant to the CM/ECF procedures in this District and Del. Bankr. L. R. 9036-1.

Date: September 4, 2020
Wilmington, Delaware

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Patrick A. Jackson*
Patrick A. Jackson (Del. Bar No. 4976)
222 Delaware Ave., Ste. 1410
Wilmington, Delaware 19801
Telephone: (302) 467-4210
Facsimile: (302) 651-7701
Patrick.Jackson@faegredrinker.com