# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 9, 2020 at 10:00 a.m. (ET)**<br><br>**Ref. Docket Nos. 1104, 1120, 1123, 1221 and 1237** |

**DEBTORS' (A) RESPONSE IN SUPPORT OF THE HENDERSON AND ROMERO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY AND (B) REPLY IN FURTHER SUPPORT OF THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENT OF CLAIM OF LIANFEN QIAN AND (II) LIFTING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this (A) response in support of the *Motion for Relief from the Automatic Stay of Margaret Henderson, as Personal Representative of the Estate of N.G.H., Deceased* (D.I. 1104; the "Henderson Motion") and the *Motion of Marco Romero, Jr. and Audrey Romero for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* (D.I. 1120; the "Romero Motion," and together with the Henderson Motion, the "Stay Relief Motions"), and (B) reply in further support of the *Motion of the Debtors for Entry of an Order (I) Approving Settlement of Claim of Lianfen Qian and (II) Lifting the Automatic Stay,*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*To the Extent Necessary, To Permit Payment of Settlement Amount By Applicable Insurance* (D.I. 1123, the "Qian Settlement Motion").

## **RESPONSE IN SUPPORT OF THE STAY RELIEF MOTIONS**

1. The Debtors agree with the movants that their claims must ultimately be liquidated and fixed for purposes of these chapter 11 cases. The movants, moreover, are seeking relief only to liquidate their claims; they are not seeking relief to collect on any settlements or judgments, which would require further orders of this Court. Additionally, this Court cannot adjudicate personal injury claims under 28 U.S.C. § 157(b)(2)(B). Nor is it anticipated that these claims will be allowed or treated pursuant to any trust distribution procedures (unlike the claims of sexual abuse survivors). Accordingly, the Debtors do not object to the Stay Relief Motions. See Matter of Rexene Prod. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (lifting the automatic stay for cause in part because the debtors would not suffer any great prejudice where the movants sought "relief only to liquidate their claim—not implement it").

2. Notably, the Court recently entered—with the consent of the Debtors, the official committee of tort claimants (the "TCC"), the future claimants' representative (the "FCR") and the official committee of unsecured creditors—four lift-stay orders that are substantially identical to the proposed orders sought in the Stay Relief Motions.[2] Despite having previously agreed to precisely the same relief less than two months ago, the TCC and the FCR object to the Stay Relief Motions. They argue, in essence, that the Stay Relief Motions should be denied because of the

---

[2] *See Order Granting Motion of Nichole Erickson and Mason Gordon for an Order Granting Limited Relief from the Automatic Stay of 11 U.S.C. § 362* (D.I. 986); *Order Granting Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K* (D.I. 989); *Order Granting Motion of Timothy and Karen Spahr, Individually and as Next Friends of ZRS, a Minor, for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and the Plan Injunction to Liquidate Their Claim and Collect from Applicable Insurance Proceeds* (D.I. 990); and *Order Granting Lianfen Qian's Motion for Relief from the Automatic Stay to Proceed Against Insurance Policies* (D.I. 993).

large number of abuse claims that they anticipate will be filed by the November 16, 2020 bar date and the supposed lack of information on available insurance in the years in which the Romero and Henderson claims arose, 2016 and 2018 respectively (D.I. 1221, 1237).

3. In response to the TCC's and the FCR's objections, the Debtors must again emphasize that the movants are seeking only to liquidate their claims. As a result, the only economic impact on the estate will be the incurrence of defense costs, which will be paid by the applicable insurer, Old Republic Insurance Company ("Old Republic"). These defense costs are unavoidable and will ultimately be incurred by either the estate or Old Republic, either now or later. It is just a matter of timing.

4. With respect to the number of abuse claims that the TCC and the FCR anticipate will be filed by the bar date, the TCC and the FCR raised this same point with respect to the earlier four lift-stay orders. The anticipated number of claims of which they are aware has increased but, notably, neither the TCC nor the FCR provide any details as to how many of the claims arose in 2016 and 2018. As noted in the *Debtors' Informational Brief* (D.I. 4) filed upon the commencement of these cases, abuse claims by year dropped dramatically in 1980s, after the Debtors strengthened their youth protection programs.

5. Finally, with respect to available insurance, the TCC and the FCR note that the movants have provided no evidence of available insurance in 2016 and 2018. The TCC and the FCR, however, know that the Debtors have significant insurance in these years. They have both attended multiple presentations on the Debtors' insurance program and have received coverage charts showing more than $190 million of available insurance in both of these years.

6. Accordingly, for the foregoing reasons, the Debtors respectfully submit that the Stay Relief Motions should be granted and the TCC and the FCR's objections should be overruled.

**REPLY IN FURTHER SUPPORT OF QIAN SETTLEMENT MOTION**

7. The FCR also objects to the Qian Settlement Motion, which seeks entry of an order (i) approving the settlement of the claim of Lianfen Qian for $150,000 and (ii) lifting the automatic stay, to the extent necessary, to permit payment of the settlement amount by applicable insurance. The Debtors believe, and the insurance company paying the settlement amount agrees, that this is a favorable pre-litigation settlement. Importantly, the Court has already lifted the automatic stay in the Qian case (*see* D.I. 993) and, if the Qian Settlement Motion is denied, the movant can and will simply commence litigation against the Debtors. This could result in the incurrence of defense costs in excess of the $150,000 settlement amount. Additionally, any further litigation would unnecessarily put the estate at risk of a judgment in excess of the proposed settlement amount.

8. Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006). For the reasons set forth in the Qian Settlement Motion, the Debtors believe the Qian settlement should be approved because it fairly and efficiently resolves potential litigation against the BSA with minimal burden to the estates and releases the BSA, eliminating any liability under a plan of reorganization. The Debtors also believe that the Qian settlement amount should be paid now (even though it is a prepetition claim) because it is being paid by insurance and payment now eliminates the risk of an even greater depletion of insurance from defense costs and a potentially higher judgment.

9. Accordingly, the Qian settlement is reasonable and in the best interests of the Debtors' estates and their creditors and should be approved.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the Stay Relief Motions and the Qian Settlement Motion, overrule the TCC and FCR objections thereto and grant any further relief the Court may deem just and proper.

*[Remainder of Page Left Intentionally Blank]*

| | |
|---|---|
| Dated: September 4, 2020<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@mnat.com
 aremming@mnat.com
 emoats@mnat.com
 ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
William E. Curtin
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Email: jboelter@sidley.com
 wcurtin@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Email: jconlan@sidley.com
 tlabuda@sidley.com
 mandolina@sidley.com
 mlinder@sidley.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION