# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 1144** |

## OPPOSITION TO THE MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE FOR AN ORDER (I) AUTHORIZING THE COALITION TO FILE UNDER SEAL EXHIBIT A TO THE AMENDED 2019 STATEMENT AND (II) APPROVING THE SUFFICIENCY OF THE AMENDED 2019 STATEMENT

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") respectfully submit this objection to the *Motion of the Coalition of Abused Scouts For Justice For an Order (I) Authorizing the Coalition to File Under Seal Exhibit A to the Amended 2019 Statement and (II) Approving the Sufficiency of the Amended 2019 Statement* (Aug. 24, 2020) [D.I. 1144] ("Motion").[2]

Rule 2019 serves a critical purpose in ensuring that bankruptcy proceedings are fair and open, and that parties that appear for multiple parties have the capacity to appear and represent their constituents free from conflicts. Rule 2019 disclosures are particularly important here, where the Coalition of Abused Scouts for Justice (the "Coalition") purports to represent a majority of abuse claim holders, but the Coalition's proposed disclosures fail to identify adequately the

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

Coalition's members, its economic interests in this case or even whom the Coalition represents. Because the Coalition has not demonstrated compliance with Rule 2019, the Court should deny the Motion.

## BACKGROUND

1. The Coalition avers that it is an organization that represents more than 12,000 individuals who have abuse claims against one or more of the Debtors in these chapter 11 cases.

2. On August 14, 2020, counsel for the Coalition filed an *Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1106] (the "Rule 2019 Disclosure").

3. That disclosure states that the Coalition intends to represent the interests of "more than 10,000" holders of claims against Debtors, that there is an "Advisory Board" of six claimants and that counsel does not represent anyone in these cases other than the Coalition. *See* Rule 2019 Disclosure ¶¶ 1-2, 6. But it states nothing else about the Coalition's reason for appearing in this case. The public disclosure states nothing about how the Coalition was formed; what founding or governing documents exist; who the members of the Coalition are; who represents the members; explain the role of the "Advisory Board" of six claimants; or specify each entity's economic interest. All of these questions are at the heart of what Rule 2019 requires.

4. On August 24, 2020, the Coalition filed this Motion, seeking a ruling that the Amended Disclosures, along with their proposed Exhibit A, should be deemed to satisfy Rule 2019. █████████████████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

5. ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███

## ARGUMENT

6. Rule 2019 is critical to avoid conflicts of interest and ensure an open and fair bankruptcy proceeding. That rule requires an *ad hoc* committee such as the Coalition to provide sufficient information to permit the parties and the Court to understand the nature of the committee and the interests it represents:

> (1) the pertinent facts and circumstances concerning:
>
>> (A) with respect to a group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the formation of the group or committee, including the name of each entity at whose instance the group or committee was formed or for whom the group or committee has agreed to act;
>
> \* \* \*
>
> (2) if not disclosed under subdivision (c)(1), with respect to an entity, and with respect to each member of a group or committee:
>
>> (A) name and address;
>>
>> (B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date the entity was employed or the group or committee was formed; and
>>
>> (C) with respect to each member of a group or committee that claims to represent any entity in addition to the members of the group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the date of acquisition by quarter and year of each disclosable economic interest, unless acquired more than one year before the petition was filed;

> (3) if not disclosed under subdivision (c)(1) or (c)(2), with respect to each creditor or equity security holder represented by an entity, group, or committee, other than a committee appointed under § 1102 or § 1114 of the Code:
>
>> (A) name and address; and
>>
>> (B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the statement; and
>
> (4) a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors or equity security holders.

Fed. R. Bankr. P. 2019. The plain text of the rule makes clear that generalized statements that no conflicts exist are not sufficient; rather, the entity must provide documentation identifying its constituents and the circumstances surrounding their representation.

7. The Coalition purports to represent a majority -- but not all -- of abuse claimants. Unlike the TCC, it does not have any fiduciary duty to protect the interests of other claimants. If the Coalition potentially represents a controlling voting interest, then the Coalition threatens to supplant the TCC as the real party in interest in negotiations if it is allowed to engage fully in these proceedings. Accordingly, it is particularly critical in this case to ensure full compliance with Rule 2019 before the Coalition is permitted to participate, as Hartford and Century have explained in their motion to require the Coalition to make a complete disclosure. Hartford expressly incorporates that discussion here. *See Century and Hartford's Motion to Compel the Attorneys Representing the Entity Calling Itself the "Coalition" to Submit the Disclosures Required by Rule 2019* (Aug. 26, 2020). [D.I. 1164].

8. The Coalition posits in its Motion that the Court must somehow strike a "balance" between the disclosure requirements of Rule 2019 and the claimants' privacy rights. Motion ¶ 20. But that tension does not really exist. The Coalition cites no case that has lessened a committee's disclosure obligation in order to protect personal information. Rather, courts in this

Circuit have found that the solution is to permit sensitive and/or personal information to be filed under seal. *See* 11 U.S.C. § 107(b); *In re Access to 2019 Statements*, 585 B.R. 733, 750 (D. Del. 2018). But those Courts have not shied away from requiring full and complete disclosures of the sort that Rule 2019 requires.

9. Hartford does not dispute that personally identifiable information of individual claimants may be appropriate to be filed under seal. But the Coalition has not explained why other materials raise concerns that overcome the presumption of open Court records. *See* 11 U.S.C. § 107(a). In the *Archdiocese of St. Paul and Minneapolis*, for example, the Court required disclosure of law firm retainer agreements for firms representing multiple claimants. *See* Feb. 27, 2017 Order at 1-2, *In re Archdiocese of St. Paul and Minneapolis*, No. 15-30125, (Bankr. D. Minn.) (attached as Exhibit 1) ("Archdiocese MN Order"). Judge Kressel permitted redaction of personal information (*i.e.*, client names) but the remaining materials were filed publicly. The Court should reach the same conclusion here and require all disclosure material except for personal identifying information to be publicly disclosed.

10. In addition to public disclosure, the Coalition's disclosure must be much more fulsome to comply fully with Rule 2019. The Coalition's disclosure is insufficient for several reasons, including the following:

11. <u>The Disclosures Do Not State What the "Coalition" Is</u>. The Rule 2019 Disclosure does not identify how the Coalition was formed, what the Coalition is or who its members are, including whether the Coalition is comprised of claimants or plaintiffs' counsel who represent certain claimants. This is all information required by Rule 2019(c)(1).

12. ███████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████

13.    ████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████

14.    This confusing and contradictory information is not nearly sufficient to permit Hartford or any other interested party to determine what the Coalition is, how it was formed, who the members of the Coalition are, what their respective economic interests are as against debtors, or even whether Coalition members have a direct interest against the debtors, or merely a secondary interest (such as contingent legal fees).  The rule requires the Coalition to provide all these facts, but none is provided.  *See* Rule 2019(c)(1-3).

15.    The Proposed Disclosures are Improperly Redacted.  Rule 2019 also requires the disclosure of the written instruments that allow the Coalition to act on behalf of its members.  *See*

Rule 2019(c)(4). This includes any documents reflecting the creation or organization of the Coalition, as well as retention or other agreements authorizing the Coalition to represent its members' interests.

16. 

17. ███████████████████████████████████ In order to ensure that entities acting on behalf of multiple creditors are free of conflicts, they must disclose their entire agreements. Attorney-client retainer agreements are not privileged in this context. *See, e.g., Baron & Budd, P.C. v. Unsecured Asbestos Claimants*, 321 B.R. 147, 168 (D.N.J. 2005) ("the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege"). And, in the abuse context, other courts have concluded that complete disclosure is incompatible with the generously redacted documents the Coalition has submitted. In *St. Paul and Minneapolis*, the Court expressly rejected the suggestion that redactions would be appropriate, ordering instead that (other than claimant names) the plaintiffs' firm "may not redact any other information." *See* Archdiocese MN Order at 2.

18. The complete, unredacted retention agreements are critical in this case, where the law firms' financial interest, scope of engagement and relationship to the Coalition are all unclear. Hartford recognizes that courts in similar cases have permitted the submission of exemplar agreements, and exemplars may be appropriate here as well. But those exemplars must encompass representative agreements for *all* members of the "Coalition," not just one exemplar form a firm chooses to submit. *See, e.g.*, Archdiocese MN Order at 1 ("The Anderson Firm shall provide exemplar copies of each version of the actual signed agreements entered into with creditors in this case."). And those exemplar agreements must be provided in full, excepting the names of claimants that are subject to filing under seal. *See id.*

19. ███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
█████████████████

20.    Coalition Counsel's Disclosures are Similarly Deficient. ███████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████

21. In addition, Blank Rome, the Coalition's other law firm has not made any disclosure at all. There is no retention letter, no agreement reflecting Blank Rome's compensation or any agreement it may have with Brown Rudnick or any of the plaintiffs' firms. Those agreements are critical. Blank Rome is counsel for the debtor in a number of other abuse-related bankruptcies where BSA is a co-defendant in underlying cases. *See, e.g., In re Archdiocese of Santa Fe*, No. 18-13027-11 (D.N.M. Dec. 31, 2018) (ECF No. 55) (attached as Exhibit 6); *In re Diocese of Buffalo, N.Y.*, No. 20-10322 (Bankr. W.D.N.Y. Apr. 22, 2020) (ECF No. 258] (attached as Exhibit 7). Accordingly, full disclosure of all agreements (as well as the identity of the members of the Coalition) is necessary to understand Blank Rome's role in this case and to ensure that there are no conflicts of interest.

22. Accordingly, the Court should decline to enter the Coalition's proposed order, and instead order the Coalition to submit complete disclosures prior to its participation in these cases.

## CONCLUSION

Hartford respectfully requests that the Court sustain Hartford's objection, deny the Motion and decline to enter the Coalition's proposed order.

Date:  September 2, 2020
    Wilmington, Delaware

BAYARD, P.A.

*/s/ Erin R. Fay*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
Email:  efay@bayardlaw.com
        gflasser@bayardlaw.com

- and -

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Abigail W. Williams (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel:  (202) 469-7750
Fax:  (202) 469-7751

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*