**EXHIBIT 6**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No.: 18-13027-t11 |
| Debtor. | |

## APPLICATION TO EMPLOY BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico Corporation sole, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 reorganization case (the "Bankruptcy Case"), by counsel and pursuant to 11 U.S.C. §§ 327(e), 328, and 329, hereby requests the Court approve its employment of Blank Rome, LLP ("Blank Rome") as special insurance counsel for the Debtor in accordance with the terms and conditions set forth below. This Application is supported by the Declaration of James R. Murray under Bankruptcy Rule 2014 (the "Declaration"), which is filed herewith. In further support of this Application, the Debtor states as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Miscellaneous Order No. 84-0324 filed in the United States District Court for the District of New Mexico on March 19, 1992. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On December 3, 2018 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is authorized to operate its businesses as a debtor-in-possession pursuant to 11

APPLICATION TO EMPLOY BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION    - 1

U.S.C. §§ 1107(a) and 1108.

4. The Unsecured Creditors Committee was appointed in this case on December 18, 2018 at Docket # 53.

5. The Debtor wishes to employ Blank Rome as its special insurance counsel in this Bankruptcy Case as more particularly described below and in the Declaration.

6. The employment of Blank Rome is appropriate and necessary to enable Debtor to successfully reorganize. Blank Rome has expertise in insurance matters related to claims against the Debtor and has worked on many similar cases throughout the United States. A large part of a successful reorganization in similar cases has been the contributions to the Debtor's estate made by commercial insurance companies that wrote comprehensive general liability policies decades ago. Those policies were 'triggered' by the abuse in those years when the statute of limitations for abuse claims by minors was lifted. The insurers almost always retain sophisticated, experienced national coverage counsel to represent their interests and to advance many coverage defenses (largely similar to historical asbestos and pollution cases). It is important that the Debtor have experienced and highly-regarded coverage counsel familiar with all pertinent coverage issues in order to negotiate (and litigate if necessary) on behalf of the Debtor (and for the ultimate benefit of the abuse survivors).

7. Subject to further order of this Court, it is proposed that Blank Rome be employed, effective as of the date of this filing to provide insurance advice and representation regarding possible negotiation and/or litigation relating to the underlying claims of abuse and the rights of the Archdiocese under historical general liability insurance policies.

8. Blank Rome will not act as counsel with respect to bankruptcy matters generally.

9. The services provided by Blank Rome will not duplicate or overlap the efforts of any other professional retained by Debtor, including lead bankruptcy counsel Elsaesser Anderson Chtd. and

APPLICATION TO EMPLOY BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION    - 2

local bankruptcy counsel Walker & Associates, P.C. The services to be provided by each of these professionals are separate and different from the services to be provided by the other professionals and all are essential to the Debtor's reorganization efforts.

10. To the best of the Debtor's knowledge, information, and belief, after making reasonable inquiry, Blank Rome has no connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants, the United States Trustee for the District of New Mexico, or any person employed in the Office of the United States Trustee. Blank Rome has represented Bank of America in matters not related to the Debtor. Accordingly, Blank Rome is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code.

11. In light of the foregoing, the Debtor believes that Blank Rome is qualified to represent its interests and the interests of its estate.

12. The Debtor understands that Blank Rome intends to apply to the Court for allowances of compensation and reimbursement of expenses as permitted by and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1(a), the United States Trustee guidelines, and the Court's orders, for services performed and expenses incurred on and after the Petition Date. The fee applications will contain a detailed statement showing services performed by Blank Rome and compensation received in accordance with all applicable guidelines and Local Rule 2016-1(a).

13. Subject to Court approval, and to the extent it is able, Debtor proposes to pay Blank Rome its customary hourly rates for services rendered that are in effect from time to time, as discounted, as set forth in the Declaration, and to reimburse Blank Rome according to its customary reimbursement policies, subject to any applicable guidelines set forth by this Court or the United States Trustee, and submits that such rates are reasonable. Blank Rome's attorneys who may perform legal services for the

Debtor include James R. Murray whose hourly rate is $980.00 (discounted to $755.00); and Jim Carter whose hourly rate is $705.00 (discounted to $543.00); any other personnel who may work on this matter including partners ($450 to $1,195 per hour); counsels ($440 to $1,070 per hour); associates ($315 to $695 per hour); and paralegals, clerks and librarians ($180 to $450); and members of E-Discovery, Analysis and Technology Assistance (eDATA") staff ($165 to $295 per hour).  All timekeepers will have like discounts applied to their rates.

14.    Blank Rome itemizes and charges separately for certain reasonable costs and expenses, which may include postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at Blank Rome's actual cost.  Blank Rome also charges for faxes, photocopies ($0.10 per page), and gross receipts tax on fees and costs. Further, although considered normal expenses charged to its clients, Blank Rome has informed the Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.,* Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

15.    If the application to employ Blank Rome is granted, Blank Rome will render monthly statements to Debtor and other parties in interest. Blank Rome seeks authority to be paid monthly, upon receipt of Blank Rome's billing statements and before the fees and costs are allowed, 75% of billed fees and 100% of billed costs and gross receipts tax, to be paid from funds of the estate. All fees, costs, and gross receipts tax would be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330, and 331.  Blank Rome's fee applications would contain a detailed statement showing services performed by Blank Rome for compensation received.  As of the Petition Date, the Debtor does not owe Blank Rome any amounts for legal services rendered before the Petition Date.

APPLICATION TO EMPLOY BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL FOR
THE DEBTOR AND DEBTOR-IN-POSSESSION    - 4

16. The Debtor has not paid and Blank Rome has not received a pre-petition retainer in any amount.

WHEREFORE, the Debtor respectfully requests the entry of an order, pursuant to §§327(e), 328, and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, authorizing Debtor to employ and retain Blank Rome as special insurance counsel for the Debtor effective as of the date this Application was filed and granting Debtor all such other relief as the Court deems just and proper.

Respectfully submitted,

By: *filed electronically 12/31/2018*
Stephanie L. Schaeffer
Thomas D. Walker
WALKER & ASSOCIATES, P.C.
500 Marquette Ave NW, Suite 650
 Albuquerque, NM 87102
 Telephone: (505) 766-9272
 Facsimile: (505) 766-9287
e-mail:  twalker@walkerlawpc.com

-and-

  /s/ Bruce A. Anderson
Bruce A. Anderson
Ford Elsaesser
ELSAESSER ANDERSON CHTD.
320 East Neider Avenue #102
Coeur d'Alene ID 83815
 Telephone: (208) 667-2900
 Facsimile: (208) 667-2150
e-mail:  brucea@eaidaho.com

*Proposed Attorneys for Debtor in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 31, 2018, in accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), a true copy of the foregoing was served via the Court's CM/ECF notification facilities to those parties who are registered CM/ECF participants in this case.

*/s/ Stephanie L. Schaeffer*
Stephanie L. Schaeffer

APPLICATION TO EMPLOY BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION    - 5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No.: 18-13027-t11 |
| Debtor. | |

**VERIFIED DISCLOSURE OF JAMES R. MURRAY IN CONNECTION WITH DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF BLANK ROME LLP AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

I, James R. Murray, hereby declare under penalty of perjury, pursuant to Fed. R. Bankr. P. 2014(a) and 2016(b), that to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am over the age of 18 years, have personal knowledge of the following statements and am competent to testify to the following statements.

2. I am admitted to and practice before the bar in the state of Washington, D.C. I am a member in good standing in each of that bar. I have been licensed to practice law since 1982. I am a Senior Partner in the law firm of Blank Rome LLP ("Blank Rome").

3. I am duly authorized by Blank Rome to make all statements which I have made herein on behalf of Blank Rome and with respect to the Debtor's Application to Employ Blank Rome LLP as Special Insurance Counsel for the Debtor and Debtor-In- Possession (the "Application").

4. I am filing this Declaration in support of the Application. To the extent that any

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 1

information disclosed herein requires amendment or modification upon Blank Rome's completion of further analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court reflecting the same.

5.    This declaration is submitted also as the statement required pursuant to §§ 328, 329, and 504 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 2016-1(a) of the Local Rules of the United States Bankruptcy Court, District of New Mexico (the "Local Rules").

**Services to be provided**

6.    Blank Rome will provide the Debtor with insurance advice and representation regarding possible negotiation and/or litigation relating to underlying claims of abuse and the rights of the Archdiocese under historical general liability insurance. Blank Rome will not act as counsel with respect to bankruptcy matters generally.

**Professional Compensation**

7.    Compensation paid to Blank Rome for services rendered in connection with this case is to be a reasonable fee, based upon customary hourly rates normally charged to clients of Blank Rome, as discounted.  All amounts paid by Debtor post-petition to Blank Rome shall be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330 and 331. Blank Rome did not receive a prepetition retainer.

8.     Blank Rome's attorneys who may perform legal services for the Debtor include James R. Murray whose hourly rate is $980.00 (discounted to $755.00); and Jim Carter whose hourly rate is $705.00 (discounted to $543.00); any other personnel who may work on this matter including partners ($450 to $1,195 per hour); counsels ($440 to $1,070 per hour);

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 2

associates ($315 to $695 per hour); and paralegals, clerks and librarians ($180 to $450); and members of E-Discovery, Analysis and Technology Assistance (eDATA") staff ($165 to $295 per hour). All timekeepers will have like discounts applied to their rates. Hourly rates will be charged based on the individual's normal billing rate, expertise, and experience. Blank Rome reserves the right to change its hourly rates and shall notify Debtor and obtain any required Court approval in advance of any rate increases before the increase goes into effect.

9.  Blank Rome itemizes and charges separately for certain costs and expenses, such as postage, long distance telephone charges, travel, filing fees, court fees, deposition expenses, computerized legal research, and expert witness fees, all at cost, faxes ($0.15 per page) and photocopying ($0.10 per page). Blank Rome does not charge separately for word processing, in town messenger service, or secretarial overtime, all of which are included as part of its overhead.

10. Blank Rome has informed Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.*, Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

11. No promises have been received by Blank Rome or any attorney or professional of Blank Rome as to payment of compensation in connection with this case in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders. Blank Rome has no agreement with any other entity to share with such entity any compensation received by Blank Rome, except as permitted under § 504(b)(1) of the Bankruptcy Code.

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 3

12. The bankruptcy estate will be the source of payment of compensation to Blank Rome, subject to court approval. No compensation for legal services rendered and reimbursement of expenses incurred in representation of Debtor has been promised to Blank Rome from any source other than Debtor. Blank Rome has not agreed, and will not agree, to share compensation with any person or entity except employees of Blank Rome.

13. Blank Rome requests that it be paid by Debtor on a monthly basis, upon receipt of Blank Rome's billing statements and prior to the Court's allowance of Blank Rome's compensation, seventy-five percent (75%) of billed fees, one hundred percent (100%) of reimbursable costs and one hundred percent (100%) of applicable gross receipts tax on fees and costs that are paid.

14. Blank Rome intends to apply for compensation for professional services to be rendered in connection with this Chapter 11 case and for reimbursement of expenses incurred, no less frequently than every 180 days, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and the Court's orders, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Blank Rome incurs.

**Disinterestedness**

15. Blank Rome is required to disclose to this Court any and all connections with Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

16. Blank Rome has no connections with Debtor.

17. As of the Petition Date, Debtor does not owe Blank Rome any amounts for legal services rendered before the Petition Date.

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 4

18. Blank Rome's connections with the office of the U.S. Trustee and any of its employees extend only to Blank Rome's involvement as counsel for debtors, trustees, and creditors in other cases in the Bankruptcy Court.

19. Blank Rome has represented Bank of America in matters not related to the Debtor.

20. Other than Bank of America, Blank Rome does not represent any of Debtor's known creditors or any of their known attorneys, and Blank Rome does not have an insider relationship, as "insider" is defined in § 101(31) of the Bankruptcy Code, with any of Debtor's known creditors or any of their known attorneys, to the best of Blank Rome's knowledge, after reasonable due diligence. In connection herewith, Blank Rome performed a review of the connections and relationships between Blank Rome and Debtor's known secured creditors, Debtor's twenty largest unsecured creditors, and Debtor's officers and directors, as well as other parties in interest with respect to the Chapter 11 case.  In conducting this review, Blank Rome searched its database of clients and opposing parties for the names of the foregoing parties. In light of the extensive number of creditors and other parties in interest, Blank Rome has been unable to conclusively identify all potential relationships. However, to the extent that Blank Rome becomes aware of any additional relationships, Blank Rome will promptly file a supplemental declaration.

21. In addition, Blank Rome or its employees may subscribe to telephone and other utility services, and may purchase other goods and/or services, from vendors of Debtor.

22. Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, Blank Rome holds no interest adverse as to Debtor with respect to the matters for which it is to be employed. Accordingly, I

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 5

submit that Blank Rome is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

23. Based upon the foregoing, I respectfully submit that the requirements for Blank Rome's retention as special insurance counsel for Debtor have been met.

The undersigned verifies under penalty of perjury that the above is true and correct.

DATED: December 28, 2018.

/s/ *James R. Murray*
JAMES R. MURRAY
Blank Rome LLP
1825 Eye Street NW
Washington DC 20006
Phone: 202.420.3409
Fax: 202.420.2201
Email: JMurray@blamkrome.com

FILED BY:
WALKER & ASSOCIATES, P.C.

By: */s/filed electronically*
Thomas D. Walker
Stephanie L. Schaeffer
500 Marquette Ave., NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287

*Proposed Counsel for Debtor in Possession*

**CERTIFICATE OF SERVICE**

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was served this 31st day of December 2018, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

*/s/ Stephanie L. Schaeffer*
Stephanie L. Schaeffer

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 6