**EXHIBIT 7**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Case No. 20-10322 |
| The Diocese of Buffalo, N.Y., | ) |
|  | ) Chapter 11 |
| Debtor. | ) |
|  | ) |

### *EX PARTE* APPLICATION FOR ORDER APPOINTING BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL TO THE DIOCESE

The Diocese of Buffalo, N.Y. (the "Diocese") hereby files this application (this "Application") for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, authorizing the Diocese to employ and retain Blank Rome, LLP ("Blank Rome"), effective as of February 28, 2020, to act as the Diocese's special insurance counsel with respect to the Diocese's various insurance policies and insurance coverage related litigation in the above-captioned bankruptcy case. In support of this application the Diocese respectfully represents as follows:

### BACKGROUND

1. On February 28, 2020 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq*., the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case.

3524967.1 4/9/2020

2. On March 11, 2020, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to Bankruptcy Code section 1102 [Docket No. 92].

3. Information regarding the Diocese's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in the *Affidavit of Rev. Peter J. Karalus Regarding Structure and Pre-Filing History of The Diocese of Buffalo and in Support of the Chapter 11 Petition and First Day Pleadings* and the *Affidavit of Charles Mendolera Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings*, each of which was filed on the Petition Date and is incorporated herein by reference [Docket Nos. 7, 8].

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. The statutory and rule-based predicates for the relief requested herein are sections 327(a), 329, 330, 503(b), 504 and 507(a)(2) of the Bankruptcy Code, Rules 2014, 2016, 5002, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-2 and 2016-1 of the Local Rules of Bankruptcy Procedure for the Western District of New York (the "Local Rules").

8. The Diocese does not, by filing its petition for relief and other documents in this Chapter 11 Case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon law, the First Amendment of the United States Constitution, the Constitution

for the State of New York, the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, New York trust law, and the rights to object to disclosure of information and to contend that certain assets which may be discussed in the Motion are not property of the estate.

## RELIEF REQUESTED

9. By this Application, the Diocese respectfully requests that the Court enter an order authorizing the Diocese to retain Blank Rome as special insurance counsel, effective as of the Petition Date. In support of this Application, the Diocese submits the *Declaration of Attorney James R. Murray*, sworn to on the 21st day of April 2020 (the "Murray Declaration"), attached hereto as **Exhibit B**.

10. Prior to the Petition Date, the Diocese entered into an engagement agreement with Blank Rome with respect to various insurance coverage matters. No retainer was paid in connection with the retention; rather, Blank Rome will seek to be paid from the Diocese's estate.

11. On January 28, 2019 the New York Legislature passed the Child Victims Act (A.2683/S.2440) (the "CVA"). New York's governor signed the CVA legislation into law on February 14, 2019. The CVA modified the statute of limitations and created a "window" for one year so that any child sex abuse victim that may have been barred by the statute of limitations could commence a civil action. In addition, the CVA extends the statute of limitations and allows all child victims to commence civil litigation until they turn 55 years of age.

12. Since the window has opened on August 14, 2019, over 250 plaintiffs have commenced actions against the Diocese alleging child sexual abuse. In addition, demand letters or notices have been received from other claimants who have not yet commenced lawsuits

against the Diocese and the Diocese anticipates that in excess of 400 individuals may assert abuse claims for which they may seek to hold the Diocese responsible (the "CVA Claims").

13. It is necessary to employ special insurance counsel to advise the Diocese with respect to the Diocese's various insurance policies and insurance coverage related litigation, including, but not limited to, insurance coverage litigation relating to CVA Claims.

**BASIS FOR RELIEF REQUESTED**

14. The Diocese respectfully submits that the retention of Blank Rome complies with section 327(e) of the Bankruptcy Code, which provides:

> [t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. 327(e).

15. Thus, the retention of special counsel is authorized under the Bankruptcy Code when: (i) the proposed special counsel has previously represented the debtor, (ii) the appointment of special counsel is in the best interest of the debtor's estate and (iii) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed. *See Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir. 1999).

**A.    Previous Representation and Best Interest of the Diocese's Estate.**

16. Blank Rome was retained by the Diocese pre-petition to render legal services and advise the Diocese regarding its insurance policies in anticipation of the Diocese filing this bankruptcy case. Blank Rome's services will be essential to the reorganization of the Diocese

because obtaining maximum insurance coverage increases the viability of confirming a chapter 11 plan of reorganization that adequately addresses the CVA Claims in this case.

17. In addition, Blank Rome has specialized knowledge in the areas of policy audits, insurance coverage litigation, complex insurance settlements, and analyzing insurance programs and risk profiles. James R. Murray was also retained as special insurance counsel in the Diocese of Rochester, Diocese of Spokane, Oregon Province, Society of Jesus, Diocese of Helena, Diocese of Duluth, Diocese of New Ulm, Archdiocese of Santa Fe, and Archdiocese of Agaña. The Diocese selected Blank Rome because of Mr. Murray's considerable experience in these fields and his demonstrated ability to deliver efficient, cost-effective results.

18. The Diocese believes that Blank Rome is well qualified to represent it as special insurance counsel in its Chapter 11 Case and that such retention would be in the best interests of the its estate.

**B.    Blank Rome Holds No Adverse Interest**.

19. Proposed counsel holds an adverse interest if they "(1) [possess or assert] 'any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant' or (2) [possess] 'a predisposition under circumstances that render such a bias against the estate.'" *In re Residential Capital, LLC*, No. 12-12020 (MG), 2012 Bankr. LEXIS 3706, at *10 (Bankr. S.D.N.Y. 2012) (quoting *In re AroChem Corp.*). Further, the review of potential conflicts is limited to the scope of the proposed special representation. *See id*.

20. The Diocese believes that Blank Rome does not represent any interest adverse to the Diocese in accordance with 11 U.S.C. § 327(e). Although Blank Rome provided services to the Diocese prior to the Petition Date, Blank Rome does not hold claims against the Diocese for

services rendered prior to the Petition Date, and the Diocese does not owe Blank Rome for any unpaid pre-petition invoices. Prior to the Petition Date, the Diocese paid Blank Rome $165,142.96 for pre-petition services rendered to the Diocese.

21. Other than as set forth above and disclosed in the Murray Declaration, the Diocese believes that Blank Rome has no connection with the Diocese, its creditors, or any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee and does not hold any bias towards or against the Diocese's estate.

22. Blank Rome has indicated its willingness to act as special insurance counsel on the Diocese's behalf and to be compensated in accordance with the Bankruptcy Code, the Bankruptcy Rules and applicable orders of this Court entered in the Chapter 11 Case.

23. The Diocese understands that it will be responsible to Blank Rome for all disbursements incurred by Blank Rome in representing the Diocese in all respects.

24. During the course of representing the Diocese as set forth herein, the services of Blank Rome may be necessary for other duties not enumerated herein and not known at this time. In the event the services of Blank Rome are required for unusual or extraordinary matters beyond the scope or intent of this Application, the Diocese will make an additional application for such authorization.

**NO PRIOR REQUEST**

25. The Diocese has not previously sought the relief requested herein from this or any other court.

**WHEREFORE**, the Diocese respectfully requests that the Court enter an order in the form of the proposed order attached hereto as *Exhibit A*, effective as of the Petition Date, permitting and authorizing the law firm of Blank Rome, LLP to act as special insurance counsel to the Diocese herein upon qualification.

Dated: April 22, 2020
      Buffalo, New York

                                        /s/  Charles Mendolera
                                        Charles Mendolera
                                        Executive Director of Financial Administration

# Exhibit A

Proposed Order

3524967.1 4/9/2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>The Diocese of Buffalo, N.Y.,<br><br>Debtor. | )<br>)<br>)  Case No. 20-10322<br>)<br>)  Chapter 11<br>)<br>)<br>) |

## ORDER APPOINTING BLANK ROME, LLP AS
## SPECIAL INSURANCE COUNSEL TO THE DIOCESE

Upon the *ex parte* application of The Diocese of Buffalo, N.Y. (the "Diocese") for entry of an order authorizing the appointment of Blank Rome, LLC ("Blank Rome") as special insurance counsel with respect to the Diocese's various insurance policies and insurance coverage related litigation for the Diocese in this case (the "Application");[1] and upon the *Declaration of Attorney James R. Murray*, sworn to on the 21st day of April, 2020, in support of the relief requested (the "Murray Declaration"); and it appearing that the Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being satisfied, based on the representations made in the Application and the Murray Declaration that Blank Rome represents no interest adverse to the Diocese's estate; and it appearing that the services of special insurance counsel are and will be required and the appointment hereinafter made is beneficial to the Diocese; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

3524967.1 4/9/2020

1. The Application is GRANTED as set forth herein.

2. Blank Rome, with offices with offices at 1825 Eye Street NW Washington, D.C. 20006, be and the same is hereby appointed to act as special insurance counsel for the Diocese herein, effective as of the Petition Date, its compensation to be fixed and paid upon application based on contemporaneous time records, as set forth in the Application.

3. Blank Rome & Co, LLP shall be reimbursed for reasonable and necessary expenses in connection with the audit.

4. Blank Rome shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Blank Rome.

5. Prior to any increases in Blank Rome's rates, as set forth in paragraph 11 of the Murray Declaration for any individual providing services in these cases, Blank Rome shall file a supplemental declaration with the Court and provide ten business days' notice to the Diocese, the United States Trustee and the Committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Diocese has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Application.

2

3524967.1 4/9/2020

Case 1-20-10322-CLB,    Doc 258-1,    Filed 04/22/20,    Entered 04/22/20 10:27:55,
Description: Exhibit A - proposed Order, Page 3 of 4

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: April __, 2020
      Buffalo, New York

                                              Hon. Carl L. Bucki
                                              United States Bankruptcy Judge

3524967.1 4/9/2020

Case 1-20-10322-CLB,    Doc 258-1,    Filed 04/22/20,    Entered 04/22/20 10:27:55,
Description: Exhibit A - proposed Order, Page 4 of 4

## **Exhibit B**

Murray Declaration

3524967.1 4/9/2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Case No. 20-10322 |
| The Diocese of Buffalo, N.Y., | ) |
|  | ) Chapter 11 |
| Debtor. | ) |
|  | ) |

# DECLARATION OF ATTORNEY JAMES R. MURRAY IN SUPPORT OF RETENTION OF BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL TO THE DIOCESE

Pursuant to 28 U.S.C. § 1746, I, James R. Murray, declare under penalty of perjury that the following is true and correct to the best of my information, knowledge and belief:

1. I am a partner of the law firm of Blank Rome, LLP ("Blank Rome"), with offices at 1825 Eye Street NW Washington, D.C. 20006. I am an attorney-at-law, duly admitted and in good standing to practice in the State of New York. In addition to myself, Blank Rome is an AM200 law firm with over 600 attorneys and offices in fourteen (14) locations in the United States and Shanghai.

2. I submit this Affidavit in accordance with the *ex parte* Application[1] filed by the Diocese of Buffalo, N.Y. (the "Diocese") seeking to retain Blank Rome as its special insurance counsel to assist the Diocese in connection with certain insurance matters.

3. The Diocese's lead bankruptcy counsel, Bond, Schoeneck & King, PLLC ("Bond") is submitting a separate application for its retention in the Diocese's case.

4. Blank Rome is a leading national law firm that offers a full range of legal and advocacy services to clients operating in the United States and around the world. Blank Rome's

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

3524967.1 4/9/2020

professionals are widely recognized for their leading knowledge and experience across a broad spectrum of industries and also possess the requisite experience and expertise to manage and resolve complex insurance related issues such as conducting policy audits, litigating coverage disputes, negotiating complex insurance settlements, and analyzing insurance programs and risk profiles.

5. I have over 30 years of experience representing clients in a variety of insurance coverage matters and was retained as special insurance counsel in the Diocese of Rochester, Diocese of Spokane, Oregon Province, Society of Jesus, Diocese of Helena, Diocese of Duluth, Diocese of New Ulm, Archdiocese of Santa Fe, and Archdiocese of Agana cases. Thus, I have a unique knowledge into the issues that the Diocese of Buffalo is currently facing as well as the issues that will arise throughout the administration of its case.

6. Blank Rome and the Diocese have executed an engagement agreement and, prior to the Petition Date, Blank Rome consulted with Diocese's bankruptcy counsel and was involved in advising them (i) regarding the claims that have been asserted against the Diocese, and (ii) the Diocese's insurance policies to establish the maximum coverage possible.

7. Blank Rome's pre-petition invoices are paid in full and Blank Rome therefore constitutes a disinterested person in accordance with 11 U.S.C. § 101(14). During the pre-petition period, Blank Rome was paid the sum of $165,142.96 from the Diocese for pre-petition services rendered to them.

8. Blank Rome has reviewed the schedule of creditors and parties in interest in this case, and other than as disclosed herein, Blank Rome has no connection with the creditors or any other party in interest or their respective attorneys or accountants, except that Blank Rome may have in the past, may currently, and may again in the future, represent certain creditors of the

2

3524967.1 4/9/2020

Case 1-20-10322-CLB,    Doc 258-2,    Filed 04/22/20,    Entered 04/22/20 10:27:55,
Description: Exhibit B - Murray Declaration, Page 3 of 6

Diocese with respect to matters unrelated to the Diocese.  Blank Rome may or may not be general counsel to any such creditor, but often is retained on case-specific matters.  Blank Rome has not represented or been requested to represent or consult with any prior or existing client with regard to the Diocese's case.  Blank Rome has used its best efforts to determine such representation and will supplement the disclosure if additional information regarding same is discovered.  Those creditors that Blank Rome has or currently represents are identified on ***Schedule 1*** attached hereto.

9. Notwithstanding the foregoing, to the best of my knowledge, Blank Rome has no adverse connection with the Diocese, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee in this Chapter 11 Case.

10. There has been no agreement for the sharing or division of compensation earned or to be earned in this proceeding which is prohibited by 18 U.S.C. § 155 or 11 U.S.C. § 504.

11. Blank Rome will undertake the representation of the Diocese relative to all proceedings herein based upon an hourly fee and daily and contemporaneous time records as customarily required by the Court.  Blank Rome customarily charges hourly rates ranging from $315.00 for junior associates' time to $1,195.00 for senior partners' time.  Blank Rome has agreed to a 23% fee reduction for its services in this case.

12. Blank Rome shall charge the Diocese for all disbursements incurred in representing the Diocese in its insurance matters.

13. Blank Rome understands that any fees and expenses awarded in this case will be set by the Court based on application and contemporaneous time records.

3

3524967.1 4/9/2020

Case 1-20-10322-CLB,    Doc 258-2,    Filed 04/22/20,    Entered 04/22/20 10:27:55,
Description: Exhibit B - Murray Declaration, Page 4 of 6

14. Blank Rome also respectfully requests that any Order entered by the Court approving the retention of Blank Rome as special Insurance counsel to the Diocese be effective as of the February 28, 2020 Petition Date.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

/s/ James R. Murray
James R. Murray, Esq.

4

3524967.1 4/9/2020

Case 1-20-10322-CLB,    Doc 258-2,    Filed 04/22/20,    Entered 04/22/20 10:27:55,
Description: Exhibit B - Murray Declaration, Page 5 of 6

## **Schedule 1**

- Beacon Roofing Supply, Inc.
- CDW Corporation
- Cintas Foundation
- De Lage Landen Financial Services
- Eagle Systems, Inc.
- FedEx Ground Package System, Inc.
- Global Aerospace, Inc.
- FedEx Trade Networks Transport & Brokerage Inc.
- IMG Media Limited
- M&T Bank
- MDS Link Inc.
- National Grid
- Niagara Falls Water Board
- Northwest Bank
- Northwest Bancshares, Inc.
- Schindler Elevator Corporation
- Spectrum Management LLC
- Thyssenkrupp Elevator Corporation
- United Parcel Service

3524967.1 4/9/2020