**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: September 9, 2020 at 10:00 a.m. (ET)**<br>**Obj. Deadline: At or prior to the Hearing**<br><br>**Ref. Docket No. 1144 & 1220** |

**HARTFORD'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING HARTFORD
TO FILE UNDER SEAL (1) PORTIONS OF HARTFORD'S OPPOSITION TO THE
COALITION OF ABUSED SCOUTS FOR JUSTICE FOR AN ORDER (I)
AUTHORIZING THE COALITION TO FILE UNDER SEAL EXHIBIT A TO THE
AMENDED 2019 STATEMENT AND (II) APPROVING THE SUFFICIENCY OF THE
AMENDED 2019 STATEMENT; AND (2) EXHIBITS 2, 3, 4 AND 5**

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City

Fire Insurance Company (collectively, "Hartford") file this motion (the "Motion") seeking entry

of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**,

(1) authorizing Hartford to file under seal (a) certain limited portions of *Hartford's Opposition to*

*the Motion of the Coalition of Abused Scouts for Justice for an Order (I) Authorizing the Coalition*

*to File Under Seal Exhibit A to the Amended 2019 Statement and (II) Approving the Sufficiency of*

*the Amended 2019 Statement* [D.I. 1220] (the "Hartford Objection"), and (b) Exhibits 2, 3, 4, and

5 to the Hartford Objection; and (2) granting related relief.  In support of the Motion, Hartford

respectfully states as follows:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Hartford confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

**BACKGROUND**

4.       On June 8, 2020, the Court entered the *Order Approving Confidentiality and Protective Order* (June 8, 2020) [D.I. 799], which entered Exhibit 1 the *Confidentiality and Protective Order* [D.I. 799-1] (the "Protective Order").

5.       On July 29, 2020, the Coalition of Abused Scouts for Justice (the "Coalition") filed the *Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1053] (the "Coalition Amended 2019 Statement").

6.       On August 14, 2020, the Coalition filed the *Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1106].

7.      On August 24, 2020, the Coalition filed the *Motion of the Coalition of Abused Scouts for Justice for an Order (I) Authorizing the Coalition to File Under Seal Exhibit A to the Amended 2019 Statement and (II) Approving the Sufficiency of the Amended 2019 Statement* [D.I. 1144] (the "Coalition Motion to Seal").  The Coalition also filed Exhibit A to its Amended 2019 Statement ("Exhibit A") contemporaneously with the Coalition Motion to Seal.  The Coalition filed Exhibit A under seal.

8.      On August 24, 2020, Hartford asked the Coalition to provide a copy of Exhibit A. The Coalition agreed to produce Exhibit A to Hartford if Hartford would agree to receive it subject to the designation of "Committee Advisor Only" under the Protective Order.  Hartford agreed and the Coalition produced a copy of Exhibit A to Hartford.

9.      On September 2, 2020, Hartford filed the Hartford Objection, in which Hartford objects to, among other things, the Coalition's request to file Exhibit A under seal.

10.     Because the Coalition has designated Exhibit A as Committee Advisor Only material, Hartford believes it is required under the terms of the Protective Order to seek leave to file under seal:  (1) limited portions of the Hartford Objection that discuss or refer to Exhibit A and (2) Exhibits 2, 3, 4, and 5 to the Hartford Objection, which are excerpts of Exhibit A.  In filing this Motion, Hartford does not concede that the Coalition's designation of Exhibit A as Committee Advisor Only material is appropriate under the Protective Order or under the Bankruptcy Code.  Hartford's position with respect to sealing of Exhibit A is set forth in the Hartford Objection.  Hartford files this Motion subject to those objections.

## **RELIEF REQUESTED**

11.     By this Motion, Hartford requests entry of the Proposed Order (a) authorizing Hartford to file under seal (i) limited portions of the Hartford Objection that discuss or refer to

Exhibit A, and (ii) Exhibits 2, 3, 4, and 5 to the Hartford Objection; and (b) granting related relief.

**BASIS FOR RELIEF**

12.     Section 5.4 of the Protective Order provides in relevant part that a Producing

Party:[2]

> may designate Discovery Material as "**COMMITTEE ADVISOR ONLY**": (a) unaggregated financial information provided by the Local Councils; and (b) any other Discovery Material that the Producing Party and Receiving Party agree to treat as "**COMMITTEE ADVISOR ONLY**" due to its proprietary or otherwise highly sensitive nature.

Protective Order § 5.4.

13.     Section 7.6 of the Protective Order governs the filing or submitting of Protected

Material to the Court, which is defined as "Discovery Material designated as 'CONFIDENTIAL,'

'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'"  Section 7.6 provides in

relevant part that:

> any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court.  All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court.  Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.

> Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code.

*Id.* § 7.6.

---

[2]     Producing Party is defined in the Protective Order as "any person or entity that produces, provides, or makes available Discovery Material to any Party."  *See* Protective Order, Section II.

14.     The Coalition provided Hartford with a copy of Exhibit A subject to Hartford's agreement to treat it as Committee Advisor Only material.  Although Hartford does not agree with the Coalition's position that Exhibit A should be treated as Committee Advisor Only Material, Hartford agreed to the Coalition's request.  As a result, Hartford believes that under the Protective Order, it is required to seek to file any portions of Exhibit A under seal and to redact any references or discussions of Exhibit A in the Hartford Objection.

15.     Accordingly, pursuant to the terms of the Protective Order, Hartford requests leave to file under seal limited portions of the Hartford Objection, which reflect the contents of Exhibit A as well as Exhibits 2, 3, 4, and 5 attached to the Hartford Objection.

### CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)

16.     Pursuant to Local Rule 9018-1(d)(iv)(a), counsel for Hartford certifies that, counsel to Hartford and counsel to the Coalition have conferred in good faith and reached agreement concerning what information contained in the Hartford Objection must remain sealed from public view.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, Hartford respectfully requests that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Date:  September 4, 2020
  Wilmington, Delaware

BAYARD, P.A.

/s/ Gregory J. Flasser
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
Email:  efay@bayardlaw.com
       gflasser@bayardlaw.com

- and -

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Abigail W. Williams (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel:  (202) 469-7750
Fax:  (202) 469-7751

- and -

Eric S. Goldstein (admitted *pro hac vice*)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Tel:  (860) 251-5000
Fax:  (860) 251-5099

*Attorneys for First State Insurance Company,*
*Hartford Accident and Indemnity Company and*
*Twin City Fire Insurance Company*