IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 1144, 1161** |

**MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE
FOR LEAVE TO FILE OMNIBUS REPLY OF THE COALITION OF
ABUSED SCOUTS FOR JUSTICE TO OBJECTIONS TO (A) MOTION
FOR AN ORDER (I) AUTHORIZING THE COALITION TO FILE UNDER
SEAL EXHIBIT A TO THE AMENDED 2019 STATEMENT AND (II)
APPROVING THE SUFFICIENCY OF THE AMENDED 2019 STATEMENT,
AND (B) MOTION OF THE COALITION TO PARTICIPATE IN THE MEDIATION**

The Coalition of Abused Scouts for Justice (the "Coalition"), by its undersigned counsel, hereby moves (this "Motion for Leave") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to rule 9006-1(d) of the Local Rule of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules"), authorizing the Coalition to file its reply [D.I. 1257] (the "Omnibus Reply"), filed contemporaneously herewith, to the objections filed by David Lee Lambert [Docket No. 1219], Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company [Docket No. 1222], the United States Trustee [Docket No. 1223], Allianz Global Risks US Insurance Company and National Surety Corporation [Docket No. 1224], and the Official Committee of Tort Claimants [Docket Nos.

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

{00218626-1}

1228, 1231], and Century *et al*. [Docket No. 1230].  All of the foregoing objections are referred to herein collectively as the "Objections."  In support of this Motion for Leave, the Coalition respectfully states as follows:

### JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. This Court has jurisdiction over this Motion for Leave pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Coalition confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of this proceeding and this Motion for Leave is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicate for the relief requested herein is Local Rule 9006-1(d).

### GENERAL BACKGROUND

2. On February 18, 2020 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On August 14, 2020, the Coalition filed the *Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1106] (the "Amended 2019").

4. On August 24, 2020, the Coalition filed under seal its Exhibit A to the Amended 2019 [Docket No. 1143] and its accompanying motion for an order (i) authorizing the Coalition to file under seal Exhibit A to the Amended 2019 and (ii) approving the sufficiency of the Amended 2019 [Docket No. 1144] ("Seal Motion").

5. On August 26, 2020, the Coalition filed its motion seeking participation in the Court-approved mediation [Docket No. 1161] (the "Mediation Motion").

6. On September 2, 2020, the Objections were filed.

**RELIEF REQUESTED**

7. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d).  The agenda for the September 9, 2020 hearing at which the Seal Motion and the Mediation Motion are to be heard (the "Hearing") was due by 12:00 p.m. (prevailing Eastern Time) on September 4, 2020.[2]  Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Omnibus Reply was 4:00 p.m. (prevailing Eastern Time) on September 3, 2020 (the "Reply Deadline").  As a result, absent leave of the Court, the Coalition would be unable to file the Omnibus Reply and the Court would be denied the opportunity to review the Coalition's responses to the Objections in advance of the Hearing.

8. The Coalition submits that cause exists to grant the relief requested by this Motion for Leave and approve an extension of the time by which to file the Reply under Local Rule 9006-1(d).  As a result of the voluminous objections to both the Seal Motion and the Mediation Motion, plus the intervening Labor Day holiday's impact on the time for filing the Agenda, the Coalition was left with insufficient time to prepare and file the Omnibus Reply without seeking leave of the Court.  The Coalition's Reply was due, effectively, one day earlier than usual, absent the Court granting the relief in this Motion for Leave.  Finally, the Reply will provide the Court with substantive information and arguments for consideration in connection with the Seal Motion, the Mediation Motion and the Objections, and the Court's consideration of the Omnibus Reply may

---

[2] September 7, 2020 is a legal holiday, and accordingly the Coalition has calculated the deadline for filing an agenda and, consequently, the Reply Deadline, per Bankruptcy Rule 9006(a)(1)(C).

reduce argument on these matters at the Hearing. Under these circumstances, the Coalition submits that ample cause exists to grant the it leave to file the Reply today, September 4, 2020. Further, extending the Reply Deadline will not prejudice any party, as parties in interest will have sufficient time to review the Reply in advance of the Hearing.

## NOTICE

9.     Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils of the Boy Scouts of America; (vi) counsel to JPMorgan Chase Bank National Association; (vii) counsel to the Insurers; and (viii) parties consistent with the *Standing Order Regarding Service Pursuant to Del. Bankr. L.R. 5004-4 and 9036-1*. The Coalition submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Coalition respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and any further relief the Court may deem just, proper and necessary.

Dated: September 4, 2020  
Wilmington, Delaware

**MONZACK MERSKY BROWDER AND HOCHMAN, P.A.**

*/s/ Rachel B. Mersky*  
Rachel Mersky (DE No. 2049)  
1201 N. Orange Street, Suite 400  
Wilmington, Delaware 19801  
Telephone:   (302) 656-8162  
Facsimile:   (302) 656-2769  
E-mail:      rmersky@monlaw.com

-and-

**BROWN RUDNICK LLP**
David J. Molton, Esquire
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
E-mail: dmolton@brownrudnick.com

-and-

Sunni P. Beville, Esquire
Tristan G. Axelrod, Esquire
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
E-mail: sbeville@brownrudnick.com
E-mail: taxelrod@brownrudnick.com

*Co-Counsel to the Coalition of Abused Scouts for Justice*