IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC<br><br>Debtors | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1144, 1223** |

**CENTURY'S JOINDER IN THE OBJECTION OF THE UNITED STATES TRUSTEE (D.I. 1223) TO THE MOTION OF THE ENTITY CALLING ITSELF THE "COALITION" FILING UNDER SEAL ALL THE EXHIBITS TO ITS MOTION AND AMENDED 2019 STATEMENT (D.I. 1144)**

Following the August 28, 2019 hearing, one of the Coalition's two counsel, Blank Rome LLP, notified the U.S. Trustee on September 3 of its intent to withdraw as counsel for the Coalition. (Sept. 3 letter, attached as Ex. 1.) And counsel for the Official Committee of Tort Claimants ("TCC"), took the extraordinary step of turning over to the Office of the United States Trustee an email threatening the Committee and mediation process. [D.I. 1228 at 20.] This is a red flag that something very wrong is going on.

Century joins in the objection filed by the United States Trustee [D.I. 1223] that the entity calling itself the "Coalition" has not complied with Rule 2019 or met its burden to prove that the information it seeks to seal is worthy of that protection under *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019). Under *Avandia*, the provision of the information sought is essential to "provide[] an opportunity for interested third parties to be heard." *Id.* at 672–73.

The reasons the "Coalition" has refused to provide Century with the disclosures mandated by Rule 2019 are explained in the email that counsel for the Tort Claimant Committee felt he was required to turn over to the Office of the United States Trustee after the last hearing.

In this email, Timothy Kosnoff (who, together with Andrew Van Arsdale, is the spokesman for the Coalition), states that we "need to control our power. Not just to the committee but to everyone - mediators, BSA, councils etc." [D.I. 1228 at 20.] He also states that some of the entities for whom he claims to speak "aren't handing over any of their data to anyone unless and until this gets sorted out. [Mike] Andolina and the 3 Amigos [the mediators appointed by this court] need to get that message. They are wasting their time talking to the TCC." *Id.*

Mr. Kosnoff went on, in what appears to be a reference to the "Coalition," stating that "[h]ere is the message: We control 80% of the claims i.e. our coalition controls the case," and that they "are not going to do anything to help grease the gears for [Jim] Stang and the dimwits [the abuse survivor members of the committee] including speeding up the insurance analysis. Ken, that's playing in to the Andolina Stang program." *Id.* Instead, they will "relax, keep focused on our marketing and media efforts going full tilt in to Nov, chill and enjoy our summer and evaluate in the fall. We have the luxury of doing nothing." *Id.*

Mr. Kosnoff contemplated that the alternative was to "go sell 15-30M of our case to a motherfunder to let it and AG digitally rape us for nine months." *Id.* Instead, from there on out "[n]othing happens until AIS says so. We smile, nod our heads and do nothing, nothing at all." *Id.* "AIS" is an advertising alias used by the individuals behind the "Coalition."

What has been admitted is being done by Messrs. Kosnoff and Van Arsdale is exactly what then-future Supreme Court Justice William Douglas, who, speaking for an SEC committee in 1937, was referring to when he noted that this rule is designed to ensure that "the inside group" does not manipulate a committee to "secure a dominant position in the reorganization" and capture "the emoluments of control." Securities and Exchange Commission, *Report on the Study and Investigation of the Work, Activities, Personnel and Functions of Protective and*

*Reorganization Committees, Part I: Strategy and Techniques of Protective and Reorganization Committees* 876–77, 898 (1937); *see also Leiman v. Guttman*, 336 U.S. 1, 6–7 (1949).

As Mr. Kosnoff's admissions show, the reasons the Coalition has offered for not making the mandatory Rule 2019 disclosures to Century are pre-textual. Any possible personal confidentiality concern is dismissed by the availability of the Protective Order that the Court entered in this case. The Protective Order was entered with the consent of the Tort Claimants' Committee on the representation that its terms protect the confidentiality interests of claimants. Putting this aside, the fact is that the tort claimants shared identifying information with Century on a day-to-day basis in the normal course of handling claims prepetition.

*Avandia* sets forth the standard for overcoming the presumption of openness that attaches to such records:

> [T]he District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[] an opportunity for interested third parties to be heard." "In delineating the injury to be prevented, specificity is essential." "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." To that end, the District Court must "conduct[] a document-by-document review" of the contents of the challenged documents.

*Id.* at 672–73 (first quoting *Cendant*, 260 F.3d at 194, then quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)) (second, third, and fourth alterations in original); *see also Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*, No. CV 19-2216-RGA, 2019 WL 6910264, at *1 (D. Del. Dec. 19, 2019). As part of this showing, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Avandia*, 924 F.3d at

672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). As the US Trustee asserts, the Coalition has failed to meet its burden of proof on either the law or the facts.

The Coalition is wrong that the Circuit has narrowed the disclosure requirements mandated by 2019 in *Pittsburgh Corning*,[1] *Kaiser Aluminum*,[2] or *In re Motions Seeking Access to 2019 Statements*.[3] To the contrary, those courts affirmed the obligation to produce retention agreements or any other instrument empowering the entity in question to act on behalf of creditors under Rule 2019. *In re Pittsburgh Corning Corp.*, 260 F. App'x 463, 464 (3d Cir. 2008) (Rule 2019 requires entity to file a copy of, *inter alia*, the instrument empowering the entity to act on behalf of creditors); *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 559 (D. Del. 2005) (same); *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 751 (D. Del. 2018), *aff'd sub nom. In re A C & S Inc*, 775 F. App'x 78 (3d Cir. 2019) (same).

These cases stand for proposition that *if* the responding entity is able to establish that it used the same retention agreement in multiple instances it need only produce an exemplar of that agreement. *See In re Kaiser Aluminum Corp.*, 327 B.R. at 559 (finding the bankruptcy court's order allowing exemplars in light of the complexities of the cases).[4] The Coalition has not made that or any other showing here.

Nor did the Circuit condition compliance with Rule 2019 on a party such as Century having to move for relief. In *Pittsburgh Corning* and *Kaiser Aluminum*, the Circuit did not find that the appellant insurers were not entitled to the Rule 2019 disclosures. Both merely upheld

---

[1]  260 F. App'x 463 (3d Cir. 2008).
[2]  327 B.R. 554 (D. Del. 2005).
[3]  585 B.R. 733 (D. Del. 2018).
[4]  The Circuit did not have occasion to pass on the appropriateness of exemplars in *Pittsburgh Corning*, as it disposed of the matter without addressing this question. *Pittsburgh Corning*, 260 F. App'x at 466.

the lower courts' ruling requiring them to move for the information and, in fact, the insurers had not yet sought access to the information. In any event, Century wrote requesting the Rule 2019 disclosures and when the Coalition ignored the request Century moved to compel compliance.

The Coalition's filing suggests that it may pick and choose what information it is obligated to disclose, and to whom it must disclose that information, under Rule 2019. But that is not the case. Rule 2019 is mandatory by its terms. *See* Rule 2019(c) ("The verified statement ***shall include*** [the enumerated disclosures]" (emphasis added)). And even if it were not, Century and other parties have demonstrated good cause why absent fulsome 2019 disclosures to Century there is no way to ensure that hidden conflicts and financial arrangements that underlie the Coalition are not flushed out. [D.I. 1164 at 7–11.] Indeed, nothing would have happened here if Century had not objected in the first place.

Finally, if there were any doubt that there is cause to require robust 2019 disclosures from the Coalition, the revelations in the TCC's filing make clear that nothing less than full transparency should be required here. The Coalition has, at best, not been forthcoming before this Court with respect to who it represents. [D.I. 1228 at 7–14.] It has also, we now know, privately expressed its contempt for the process, the parties involved, and it belief that it can and will exert total control over this case. [*Id.* at 20–21.] To protect the integrity of the bankruptcy process, the Court should require full disclosure from the Coalition under Rule 2019 and permit Century access to these documents.[5]

WHEREFORE, Century respectfully prays this Honorable Court to deny the Rule 2019 Motion and for such other relief at law and in equity as this Honorable Court may deem proper.

---

[5] The Coalition states that a plan of reorganization has not been filed but that is wrong. BSA has filed a plan. As demonstrated in Century's objection to BSA's retention of Sidley, which Century incorporates herein, the plan impairs Century's rights and interests giving it standing to be heard before the bankruptcy court.

Dated: September 4, 2020

Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
    Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:   302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:   212 326 2000
Facsimile:   212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

# EXHIBIT 1

# BLANKROME

1201 N. Market Street | Suite 800 | Wilmington, DE 19801
blankrome.com

*Phone:*  (302) 425-6479
*Fax:*  (302) 428-5104
*Email:*  tarr@blankrome.com

September 3, 2020

| | |
|---|---|
| James I. Stang | David L. Buchbinder, Esq.D |
| John A. Morris | Hannah M. McCollum, Esq. |
| James E. O'Neill | Trial Attorneys |
| John W. Lucas | Office of the United States Trustee |
| Pachulski Stang Ziehl & Jones | J. Caleb Boggs Federal Building |
| 919 North Market Street, 17th Floor | 844 King Street, Suite 2207 |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| jstang@pszjlaw.com; | david.l.buchbinder@usdoj.gov; |
| jmorris@pszjlaw.com; | hannah.mccollum@usdoj.gov; |
| joneill@pszjlaw.com; | |
| jlucas@pszjlaw.com; | |
| *Counsel for the Tort Claimants' Committee* | |
| | |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| David M. Fournier | Harris B. Winsberg |
| Marcy J. McLaughlin Smith | Matthew G. Roberts |
| Hercules Plaza | Bank of America Plaza |
| 1313 Market Street | 600 Peachtree Street NE, Suite 3000 |
| Suite 5100, P.O. Box 1709 | Atlanta, GA 30308-2216 |
| Wilmington, DE 19899-1709 | harris.winsberg@troutman.com; |
| david.fournier@troutman.com; | matthew.roberts2@troutman.com; |
| marcy.smith@troutman.com; | *Attorneys for National Surety Corporation* |
| *Attorneys for National Surety Corporation And Allianz Global Risks US Insurance Company* | *And Allianz Global Risks US Insurance Company* |

159696.01000/123798352v.1

BRADLEY RILEY JACOBS PC
Todd C. Jacobs
John E. Bucheit
320 W. Ohio Street, Suite 3W
Chicago, IL 60654
tjacobs@bradleyriley.com;
jbucheit@bradleyriley.com;
*Attorneys for National Surety Corporation*

MCDERMOTT WILL & EMERY LLP
Margaret H. Warner
Ryan S. Smethurst
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
mwarner@mwe.com;
rsmethurst@mwe.com;
*Attorneys for Allianz Global Risks US Insurance Company*

BAYARD, P.A.
Erin R. Fay
Gregory J. Flasser
600 North King Street, Suite 400
Wilmington, Delaware 19801
efay@bayardlaw.com;
gflasser@bayardlaw.com;
*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
Matthew S. Sorem
10 S. Wacker Dr., 21st Floor
Chicago, IL 60606
msorem@nicolaidesllp.com;
*Attorneys for Allianz Global Risks US Insurance Company*

STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis
800 N. West Street
Third Floor
Wilmington, Delaware 19801
stamoulis@swdelaw.com;
*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

O'MELVENY & MYERS LLP
Tancred Schiavoni
Janine Panchok-Berry
Times Square Tower
7 Times Square
New York, New York 10036-6537
tschiavoni@omm.com;
jpanchok-berry@omm.com
*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

SHIPMAN & GOODWIN LLP
James P. Ruggeri
Joshua D. Weinberg
Abigail W. Williams
1875 K Street, NW, Suite 600
Washington, DC 20003
jruggeri@goodwin.com;
jweinberg@goodwin.com;
awilliams@goodwin.com;
*Attorneys for First State Insurance Company,*
*Hartford Accident and Indemnity Company*
*and Twin City Fire Insurance Company*

   Re: *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (LSS)

Dear Counsel:

  We are writing to inform you that we have been in the process of withdrawing as counsel for the Coalition of Abused Scouts for Justice, since last Friday. As soon as substitute counsel is in place, we will file a notice of substitution.

         Sincerely,

         */s/ Stanley B. Tarr*

         Stanley B. Tarr

SBT/lro

159696.01000/123798352v.1