## **Exhibit 1**

Revised Proposed Supplemental Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**SUPPLEMENTAL ORDER TO ORDER, PURSUANT TO 11 U.S.C. § 502(b)(9), BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1, (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE SURVIVORS, AND (IV) APPROVING CONFIDENTIALITY PROCEDURES FOR ABUSE SURVIVORS**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Supplemental Order") (i) supplementing the Bar Date Order to prevent potential Sexual Abuse Survivors from being misled or confused regarding the Bar Date and claims process and (ii) granting related relief (the "Supplemental Bar Date Relief"); and the Court having reviewed and considered the relief sought in the Motion with respect to the Supplemental Bar Date Relief; the declaration in support of the Motion of Shannon Wheatman, the supplemental declaration in support of the supplemental brief of Shannon Wheatman, the declaration and supplemental declaration of Evan Roberts in support of the Motion, and the Declaration of John Doherty in support of the supplemental brief

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

(collectively, the "<u>Declarations</u>"); and certain objections and responses to the Motion having been filed, including without limitation, Docket Nos. 1186, 1190, 1200 (each, an "<u>Objection</u>" and collectively, the "<u>Objections</u>"); and upon the consideration of the Debtors' supplemental brief in support of the Motion; and the arguments of counsel made and the testimony and evidence proffered or adduced at the hearings to consider the Supplemental Bar Date Relief; and all parties in interest having been heard or having had the opportunity to be heard regarding the Supplemental Bar Date Relief and the relief provided in this Supplemental Order; and due and sufficient notice of the Supplemental Bar Date Relief Hearing,[3] the Motion, and the Supplemental Bar Date Relief having been given under the circumstances; and it appearing that no other or further notice need be provided; and Supplemental Bar Date Relief being in the best interests of the Debtors, their estates, their creditors and other parties in interest; and upon the record of the Supplemental Bar Date Relief Hearing and these chapter 11 cases; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

A.    <u>**Jurisdiction and Venue**</u>.  This Court has jurisdiction over the Motion and the Supplemental Bar Date Relief pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[3] The Court held a hearing on August 31, 2020 and an additional hearing after subsequent briefing on September 9, 2020 to consider the Supplemental Bar Date Relief (together, the "<u>Supplemental Bar Date Relief Hearing</u>").

[4] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. Furthermore, any findings of fact or conclusions of law made by the Court on the record at the hearing(s) on this matter are incorporated herein pursuant to Fed. R. Bank. P. 7052.

2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these chapter 11 cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**B.**    **Statutory Predicates**.  The legal predicates for the relief requested in the Motion are Bankruptcy Code section 105 and paragraph 27 of the Bar Date Order.  Such relief is also warranted pursuant to Bankruptcy Rules 2002, 3003(c)(3) and Local Rules 2002-1(e), 3001-1 and 3003-1.

**C.**    **Opportunity to Object**.  A reasonable opportunity to object or to be heard regarding the requested relief has been afforded to all interested parties and entities.

**D.**    **Bar Date Order**.  On May 26, 2020, the Court entered an order [D.I. 695] (the "Bar Date Order"), which, among other things, (i) established deadlines for filing proofs of claim, (ii) established the form and manner of notice thereof, (iii) approved procedures for providing notice of bar date and other important information to Sexual Abuse Survivors, and (iv) approved confidentiality procedures for Sexual Abuse Survivors.  In accordance with the Bar Date Order, the Debtors are in the process of implementing the Court-approved noticing plan.  The Debtors' Court-approved print, television, and radio advertisements commenced on August 31, 2020.

**E.**    **Competing Advertising**.  From and after the date of entry of the Bar Date Order, certain law firms have engaged in advertising campaigns to solicit professional employment by Sexual Abuse Survivors (the "Competing Advertising").  Certain of the Competing Advertising contains false and misleading statements that are inconsistent with the Bar Date Order and the related noticing approved therein, as set forth in Exhibit A attached hereto.  The Court has made the following findings of fact:

> 1.    Statements that abuse claimants may remain "anonymous" are false and misleading because the Sexual Abuse Proof of Claim form requires identifying information, and as indicated in paragraph 7(e) of the Bar Date Order, certain Sexual Abuse Proofs of Claim can be provided to fourteen

different categories of people, including, among others, officers, directors, and employees of the Debtors, individual Local Councils with respect to Sexual Abuse Claims asserted against them, and the Debtors' insurers.

2. Statements that a victim's compensation trust or fund may be worth $1.5 billion, or otherwise speculating as to the potential size of a victim's compensation trust or fund, are false and misleading because at this time, no victim's compensation trust or fund has been created, and no determination has been made as to what BSA assets are available to creditors, whether any of the Local Councils or chartered organizations will contribute to any such trust or fund, or what the BSA's insurers will contribute to any such trust or fund.

3. Statements that claimants may receive "significant" or "substantial" compensation are false and misleading because, at this time, there is no basis to know whether any claimant will receive "substantial" or "significant" compensation. Any size of the potential victim's compensation fund is unknown, the number of claimants is unknown, the number of claims that will be rejected, and on what grounds, is unknown, and what factors will impact claimant recoveries has not been determined.

4. Statements that claimants do not need to appear in court, submit to depositions, or otherwise prove their claims is false and misleading because it misrepresents the bankruptcy administration process, which may require claimants to answer questions or provide additional information, including potentially via deposition, and suggests that their claims may not be tested in court.

 **F.** Certain of the Competing Advertising fails to include certain specific information, without which such advertisements may lead to confusion and prejudice Sexual Abuse Survivors with respect to the Court-approved noticing process pursuant to the Bar Date Order, as set forth in <u>Exhibits B</u> and <u>C</u> attached hereto.

 **G.** All Competing Advertising is commercial speech. There is a clear governmental interest in maintaining the integrity of claims' process, which is one of the fundamental aspects of the Bankruptcy Code and is important to the Debtors' successful reorganization in these chapter 11 cases.

**H.**    Other Competing Advertising exists that is not included on Exhibits attached hereto, including, but not limited to, other television, radio, newspaper, and email advertising (the "Other Competing Advertising").

**I.**    **Notice**.    As evidenced by the affidavits of service previously filed with the Court, (i) proper, timely, adequate and sufficient notice of the Supplemental Bar Date Relief Hearing has been provided in compliance with Bankruptcy Code section 105, and Bankruptcy Rules 2002, 9006, 9007, and 9014, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion is or shall be required.  Such notice was sufficient and reasonably calculated under the circumstances to reach all parties to the advertisements that are the subject of the Supplemental Bar Date Relief.

**J.**    **Best Interests**.    The relief granted herein is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

**K.**    **Time is of the Essence**.    Time is of the essence with respect to the Supplemental Bar Date Relief.  In order to safeguard the efficacy of the relief approved Bar Date Order, it is essential that the false and misleading statements in the Competing Advertising be removed and supplemented promptly in order to preserve and protect the rights of Sexual Abuse Survivors to file Sexual Abuse Claims in these chapter 11 cases based on complete and accurate information.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.    **Relief Granted**.    The Motion is **GRANTED**, to the extent set forth herein.

2.    **Objections Overruled**.    All Objections to the Motion, or any other relief granted in this Supplemental Order, to the extent not resolved, adjourned for hearing on a later date, waived or withdrawn or previously overruled, and all reservations of rights included therein, are hereby **OVERRULED** and **DENIED** on the merits.

3.    **Bar Date Order**.  The Bar Date Order that was entered by this Court on May 26, 2020 remains in full force and effect, and this Supplemental Order serves to supplement and work in conjunction with the existing Bar Date Order.

4.    **Competing Advertising**.  All Competing Advertising set forth in <u>Exhibits A</u> through <u>C</u> attached hereto shall immediately be prohibited from continuing to be aired and/or disseminated in any fashion.

5.    The following statements are false and misleading and shall be removed, as applicable, from the Competing Advertising set forth in <u>Exhibit A</u> attached hereto before any such Competing Advertising shall be authorized to recommence:

      a.    Statements suggesting that Sexual Abuse Survivors may remain "anonymous."

      b.    Statements indicating the value of any potential compensation trust in these chapter 11 cases, including, for the avoidance of doubt, any reference to a $1.5 billion compensation trust.

      c.    Statements suggesting that Sexual Abuse Survivors may be entitled to "significant" or "substantial" compensation on account of recoveries in these chapter 11 cases.

      d.    Statements suggesting that Sexual Abuse Survivors will never have to be deposed, appear in Court or otherwise prove their claims.

6.    In order to prevent confusion and prejudice of Sexual Abuse Survivors with respect to the Court-approved noticing process pursuant to the Bar Date Order, the following information shall be added to the Competing Advertising set forth in <u>Exhibits B</u> and <u>C</u> before any such Competing Advertising shall be authorized to recommence:

      a.    A statement indicating that the official bar date in these chapter 11 cases is November 16, 2020 at 5:00 p.m. Eastern Standard Time.

      b.    A statement referring Sexual Abuse Survivors to the claims and noticing agent website.

7.    **Approval of Procedures related to Other Competing Advertising**.    The

following Approval Procedures are approved in connection with the Other Competing Advertising.

a.    Violation Notice.  To the extent that the Debtors become aware of any Other Competing Advertising that conflicts with the Supplemental Bar Date Relief as set forth in this Supplemental Bar Date Order (the "Impermissible Competing Advertisements"), the Debtors shall serve a notice substantially in the form attached to hereto as Exhibit D (each, a "Violation Notice") to inform the party responsible for the Impermissible Competing Advertisement of this Supplemental Bar Date Order, which Violation Notice shall set forth, among other things, with respect to each Impermissible Competing Advertisement: (i) the specific sections of the Impermissible Competing Advertisement that conflict with this Supplemental Bar Date Order (the "Violating Sections") and/or the specific sections absent from the Impermissible Competing Advertisement as set forth in this Supplemental Bar Date Order (the "Required Additional Sections"); (ii) a request that the party responsible for the Impermissible Competing Advertisement voluntarily remove the Violating Sections or include the Required Additional Sections, as applicable and provide confirmation of the same (or informal objection to the same), by contacting the Debtors' counsel.  Each Violation Notice may list multiple Violating Sections and/or Required Additional Sections.

b.    Service of Violation Notice. The Debtors will cause the Violation Notice to be served by electronic notice, facsimile, or federal express overnight mail upon: (i) each party responsible for the Impermissible Competing Advertisement; (ii) the United States Trustee for the District of Delaware (the "U.S. Trustee"); (iii) counsel to any statutory committee appointed in these cases; (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

c.    Objection Procedures. To the extent that a party receives a Violation Notice and does not voluntarily agree to remove the Violating Sections or include the Required Additional Sections, as applicable, such party shall (i) be required to meet and confer with the Debtors and the Tort Claimants' Committee in good faith in an effort to resolve such disagreement and (ii) to the extent no resolution can be accomplished, the counterparty responsible for the Impermissible Competing Advertisement must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and actually received by the following parties (collectively, the "Objection Service Parties") no later than five (5) business days after the date the

Debtors serve the relevant Violation Notice: (A) counsel to the Debtors, c/o Jessica Boelter (jboelter@sidley.com) at 787 Seventh Avenue New York, NY 10019 and Michael C. Andolina (mandolina@sidley.com), Karim Basaria (kbasaria@sidley.com), Matthew E. Linder (mlinder@sidley.com), Blair M. Warner (bwarner@sidley.com), Thomas A. Labuda, Jr (tlabuda@sidley.com) and, c/o Derek C. Abbott (dabbott@mnat.com), Joseph Charles Barsalona II (jbarsalona@mnat.com), Andrew R. Remming (aremming@mnat.com), Eric Moats (emoats@mnat.com), Paige Noelle Topper (ptopper@mnat.com) at 1201 N. Market Street Wilmington, DE 19899; (B) the U.S. Trustee, c/o David L. Buchbinder (david.l.buchbinder@usdoj.gov) and Hannah Mufson McCollum (hannah.mccollum@usdoj.gov) at 844 King Street, Suite 2207 Lockbox 35 Wilmington, DE 19801; (C) counsel to the Creditors' Committee, c/o Thomas Moers Mayer (tmayer@kramerlevin.com); Rachael Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), Jennifer R. Sharret (jsharret@kramerlevin.com) and Megan M. Wasson (mwasson@kramerlevin.com) at 1177 Avenue of the Americas New York, NY 10036, and, c/o Kurt F. Gwynne (kgwynne@reedsmith.com) and Katelin A Morales (kmorales@reedsmith.com) at 1201 N. Market Street, Suite 1500 Wilmington, DE 19801; (D) counsel to the Tort Claimants' Committee, c/o James I. Stang (jstang@pszjlaw.com), Robert B. Orgel (rorgel@pszjlaw.com), James O'Neill (jo'neill@pszjlaw.com), John W. Lucas (jlucas@pszjlaw.com), John A. Morris (jmorris@pszjlaw.com), Linda Cantor (lcantor@pszjlaw.com), Kenneth Brown (kbrown@pszjlaw.com) and Ilan Scharf (ischarf@pszlaw.com) at 919 North Market Street, 17th Floor Wilmington, DE 19801; (E) counsel to the Future Claimants' Representative, c/o Kami Quinn (quinnk@gilbertlegal.com), Emily Grim (grime@gilbertlegal.com), Meredith Neely (neelym@gilbertlegal.com) and Jasmine Chalashtori (chalashtorij@gilbertlegal.com) at 700 Pennsylvania Avenue, SE, Suite 400 Washington, DC 20003; and, c/o Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), Sharon M. Zieg (szieg@ycst.com), Sara Beth A.R. Kohut (skohut@ycst.com) at Rodney Square at 1000 North King Street Wilmington, Delaware 19801; (F) counsel to the Ad Hoc Committee of Local Councils, c/o Richard Mason (rgmason@wlrk.com), Douglas Mayer (dkmayer@wlrk.com), Joseph C. Celentino (jccelentino@wlrk.com) at 51 W 52nd Street New York, NY 10019; (G) counsel to the Coalition, c/o Stanley B.

Tarr (Tarr@BlankRome.com) at 1201 Market Street, Suite 800 Wilmington, Delaware 19801, and, c/o David J. Molton (DMolton@BrownRudnick.com) at Seven Times Square New York, NY 10036, and, c/o Sunni P. Beville (SBeville@BrownRudnick.com) and Tristan G. Axelrod (TAxelrod@BrownRudnick.com) at One Financial Center Boston, MA 02111; (H) counsel to JPMorgan Chase Bank National Association, c/o Louis Strubeck (louis.strubeck@nortonrosefulbright.com), Kristian Gluck (kristian.gluck@nortonrosefulbright.com), Ryan Manns (ryan.manns@nortonrosefulbright.com) at 2200 Ross Ave, Suite 3600 Dallas, TX 75201-7932; (I) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012, c/o John Stump (john.stump@steptoe-johnson.com) at Chase Tower - Eighth Floor 707 Virginia Street E. Charleston, WV 25301; and (J) any party that has requested notice pursuant to Bankruptcy Rule 2002.

To the extent that a party does not voluntarily agree to remove the Violating Sections or include the Required Additional Sections, as applicable, and does not file an objection as provided under these procedures, such party may be precluded from representing claimants in these chapter 11 cases and may be subject to any other orders or remedies that the Debtors may seek and/or the Court may deem necessary and proper, including the requirement to send curative notice.

d.    <u>Unresolved Objections</u>. If an objection to the Violation Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the Impermissible Competing Advertisement implicated by such objection and shall provide at least three (3) days' notice of such hearing to such objecting party and the Objection Service Parties.

8.    **Governing Terms**.  To the extent this Supplemental Order is inconsistent with the Bar Date Order, the terms of this Supplemental Order shall govern.

9.    **Retention of Jurisdiction**.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Supplemental Order, including, without limitation, the authority to:  (a) interpret, implement and enforce the terms and provisions of this

Supplemental Order; and (b) resolve any disputes arising under or related to the Supplemental Order.

10.     **Reservation of Rights**.  Notwithstanding anything to the contrary herein or in the Motion or the supplemental brief, the entry of this Supplemental Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the Debtors' rights to pursue any and all rights and remedies under the Bankruptcy Code or any other applicable law, or seek any other or supplemental relief against any parties in these chapter 11 proceedings actions based on violations of the automatic stay and/or any other provisions of the Bankruptcy Code or applicable law.

11.     The Debtors are authorized to take any and all actions necessary or desirable to implement the terms of this Supplemental Order.


Dated: _____, 2020
      Wilmington, Delaware        THE HON. LAURIE SELBER SILVERSTEIN
                                     UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad | Violating Sections of Impermissible Competing Advertising |
|---|---|---|---|
| A-1 | Abused in Scouting | Infomercial | 1. <u>Statements that claimants may remain "anonymous"</u><br><br>"You can remain anonymous."<br><br>2. <u>Statements that claimants do not need to appear in court, be deposed or otherwise prove their claims</u><br><br>"You never have to appear in court.  You're never going to have to take a deposition subject to these high-paid lawyers on their side.  We handle it for you. . . . We handle everything." |
| B-1 | Sheldon Law Group | Infomercial | 1. <u>Statements as to value of victim's compensation fund or trust</u><br><br>"As a result of this bankruptcy, a Victims Compensation Fund is being set up that may be worth over $1.5 billion." |
| B-2 | Sheldon Law Group | Infomercial | 1. <u>Statements as to value of victim's compensation fund or trust</u><br><br>"As a result of this bankruptcy, a Victims Compensation Fund is being set up that may be worth over $1.5 billion." |
| B-3 | Sheldon Law Group | Radio | 1. <u>Statements as to value of victim's compensation fund or trust</u><br><br>"As a result of this bankruptcy, the victim's compensation fund is being set up that may be worth over $1.5 billion dollars." |
| C-1 | 1-800-LAW-HELP Legal Network | TV | 1. <u>Statements as to value of victim's compensation fund or trust</u><br><br>"The Victims Compensation Fund may be worth over $1.5 billion." |
| C-2 | 1-800-LAW-HELP Legal Network | TV | 1. <u>Statements that claimants may remain "anonymous"</u><br><br>"New laws allow you to file the claim regardless of how long ago it happened, and your claim may remain anonymous."<br><br>2. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"If you were a victim of sexual abuse while in the Boy Scouts, you may be entitled to significant monetary compensation." |

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad | Violating Sections of Impermissible Competing Advertising |
|---|---|---|---|
| C-4 | 1-800-LAW-HELP Legal Network | TV | 1. <u>Statement as to value of victim's compensation fund or trust</u><br><br>"There may be a fund worth over $1.5 billion for victims of abuse." |
| E | Law Office of Cohen & Jaffe, LLP | TV | 1. <u>Statements that claimants may remain "anonymous"</u><br><br>"Our attorneys may be able to get you the financial you deserve while you remain anonymous."<br><br>2. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"Attention former Boy Scouts -- if you were a victim of sexual abuse by an adult Scout leader, you may be entitled to significant financial compensation for your pain, suffering and other damages." |
| F-1 | AVA Law Group, Inc. | TV | 1. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"If you were abused in a scouting program, you are not alone. Come forward. New laws may allow you a path to significant financial compensation." |
| F-2 | AVA Law Group, Inc. | TV | 1. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"Even if you've been told that you were too late for justice, new laws may allow you a path to significant financial compensation." |
| I | Scout Abuse Helpline/Greg Jones Law, P.A. | TV | 1. <u>Statements that claimants may remain "anonymous"</u><br><br>"Our attorneys may be able to get you substantial compensation while you remain completely anonymous.  But time is quickly running out to file a claim, so call 800-951-8641 right now to learn if you are eligible to seek justice and compensation while remaining completely anonymous."<br><br>2. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"Our attorneys may be able to get you substantial compensation while you remain completely anonymous." |
| K | Sheldon Law Group | TV | 1. <u>Statement as to value of victim's compensation fund or trust</u> |

2

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad | Violating Sections of Impermissible Competing Advertising |
|---|---|---|---|
| | | | "As a result of this bankruptcy, a Victims Compensation Fund is being set up that may be worth over $1.5 billion." |
| L | Slater Slater Schulman LLP | TV | 1. <u>Statements that claimants may remain "anonymous"</u><br><br>"Our attorneys may be able to get you financial compensation while you remain completely anonymous."<br><br>2. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"Attention former Boy Scouts -- if you were sexually abused by an adult Scout leader, you may be entitled to substantial financial compensation." |
| M | Parker Waichman LLP | TV | 1. <u>Statement as to value of victim's compensation fund or trust</u><br><br>"The Boy Scouts just filed for bankruptcy, which reportedly will create a $1-billion fund to compensate victims of abuse that investigations show the Boy Scouts spent decades covering up." |
| N | Pintas & Mullins Law Firm | TV | 1. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"You may be entitled to substantial compensation." |
| O | Napoli Shkolnik PLLC | TV | 1. <u>Statement as to value of victim's compensation fund or trust</u><br><br>"As a result of this bankruptcy, a victims' compensation fund is being set up that may be worth over $1.5 billion." |
| R | Junell & Associates Law Firm, PLLC | Radio | 1. <u>Statements that claimants may remain "anonymous"</u><br><br>"Even if the abuse happened decades ago, our attorneys can file a claim for you and get you the justice and closure you deserve while you remain completely anonymous."<br><br>2. <u>Statement that claimants may receive "substantial" or "significant" compensation</u><br><br>"If you suffered abuses from Scout leaders and those who knew about the abuse failed to stop it, call our confidential Scout abuse helpful (sic) at 800.912.0873 as you may be entitled to substantial compensation. But hurry, as time is running out to |

3

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad | Violating Sections of Impermissible Competing Advertising |
|---|---|---|---|
| | | | file a claim. Call 800.912.0873 to see if you are eligible for substantial compensation." |

# EXHIBIT B

**Advertisements That Do Not Include Bar Date**

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad |
|---|---|---|
| A-2 | Abused in Scouting | Infomercial |
| C-1 | 1-800-LAW-HELP Legal Network | TV |
| C-2 | 1-800-LAW-HELP Legal Network | TV |
| C-3 | 1-800-LAW-HELP Legal Network | TV |
| C-4 | 1-800-LAW-HELP Legal Network | TV |
| C-5 | 1-800-LAW-HELP Legal Network | TV |
| E | Law Office of Cohen & Jaffe, LLP | TV |
| F-1 | AVA Law Group, Inc. | TV |
| F-2 | AVA Law Group, Inc. | TV |
| G | Morelli Law Firm | TV |
| H | Morgan & Morgan Attorneys | TV |
| I | | TV |

1

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad |
|---|---|---|
|  | Scout Abuse Helpline/Greg Jones Law, P.A. |  |
| J-1 – J-5 | Sexual Abuse Survivor Legal Helpline/Edelson PC | TV |
| L | Slater Slater Schulman LLP | TV |
| M | Parker Waichman LLP | TV |
| N | Pintas & Mullins Law Firm | TV |
| P | All Survivors Advocates | Radio |
| Q | Consumer Tort Network LLC | Radio |
| R | Junell & Associates Law Firm, PLLC | Radio |

# EXHIBIT C

**Advertisements That Do Not Include the Claims and Noticing Agent Website**

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad |
|---|---|---|
| A-1 | Abused in Scouting | Infomercial |
| A-2 | Abused in Scouting | Infomercial |
| B-1 | Sheldon Law Group | Infomercial |
| B-2 | Sheldon Law Group | Infomercial |
| B-3 | Sheldon Law Group | Radio |
| C-1 | 1-800-LAW-HELP Legal Network | TV |
| C-2 | 1-800-LAW-HELP Legal Network | TV |
| C-3 | 1-800-LAW-HELP Legal Network | TV |
| C-4 | 1-800-LAW-HELP Legal Network | TV |
| C-5 | 1-800-LAW-HELP Legal Network | TV |
| E | Law Office of Cohen & Jaffe, LLP | TV |
| F-1 | AVA Law Group, Inc. | TV |

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad |
|---|---|---|
| | | |
| F-2 | AVA Law Group, Inc. | TV |
| F-3 | AVA Law Group, Inc. | TV |
| G | Morelli Law Firm | TV |
| H | Morgan & Morgan Attorneys | TV |
| I | Scout Abuse Helpline/Greg Jones Law, P.A. | TV |
| J-1 – J-5 | Sexual Abuse Survivor Legal Helpline/Edelson PC | TV |
| K | Sheldon Law Group | TV |
| L | Slater Slater Schulman LLP | TV |
| M | Parker Waichman LLP | TV |
| N | Pintas & Mullins Law Firm | TV |
| O | Napoli Shkolnik PLLC | TV |
| P | All Survivors Advocates | Radio |
| Q | Consumer Tort Network LLC | Radio |

| Roberts Decl. Ex. No. | Law Firm/Sponsoring Entity | Type of Ad |
|---|---|---|
|  |  |  |
| R | Junell & Associates Law Firm, PLLC | Radio |

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

<u>**NOTICE OF VIOLATION OF IMPERMISSIBLE COMPETING ADVERTISEMENT**</u>

      **PLEASE TAKE NOTICE** that on May 26, 2020, the United States Bankruptcy Court of the District of Delaware ("<u>Bankruptcy Court</u>") entered that certain *Order Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* ("<u>Bar Date Order</u>") (D.I. 695).

      **PLEASE TAKE FURTHER NOTICE** that on September __, 2020, the Bankruptcy Court entered the *Supplemental Order to Order Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* (D.I. ___) ("<u>Supplemental Bar Date Order</u>") (i) supplementing the Bar Date Order to prevent potential Sexual Abuse Survivors from being misled or confused regarding the Bar Date and claims process and (ii) granting related relief (the "<u>Supplemental Bar Date Relief</u>").  The Supplemental Bar Date Order is included herein for your reference.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to that Supplemental Bar Date Order, the Bankruptcy Court found that several statements in competing advertising attached to the Supplemental Bar Date Order as <u>Exhibits B</u> through <u>D</u> directed at Sexual Abuse Survivors were misleading and false, and prohibited the dissemination of such statements in any fashion, including advertisements that suggest Sexual Abuse Survivors may remain "anonymous," and suggesting Sexual Abuse Survivors may receive "significant" or "substantial" compensation, as well as requiring advertisements to include certain language, such as the official bar date as

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

November 16, 2020 at 5 p.m. Eastern Standard Time and reference to the official claims and noticing agent's website.

**PLEASE TAKE FURTHER NOTICE** that pursuant to that Supplemental Bar Date Order, the Bankruptcy Court approved procedures related to other competing advertising not included in <u>Exhibit A</u> of the Supplemental Bar Date Order, including, but not limited to, other television, radio, newspaper, and email advertising directed at Sexual Abuse Survivors ("<u>Other Competing Advertising</u>").

**PLEASE TAKE FURTHER NOTICE** that pursuant to those procedures in that Supplemental Bar Date Order, the Debtors hereby provide notice that upon review of the Other Competing Advertising attributed to you (a description of which is attached), the Debtors have determined that such ad is in conflict with and in violation of the Supplemental Bar Date Relief because:

1. The ad contained certain statements that were in conflict and in violation of the Supplemental Bar Date Order (the "<u>Violating Sections</u>"), including:

   ☐ Statements suggesting that Sexual Abuse Survivors may remain "anonymous."

   ☐ Statements indicating the value of any potential compensation trust in these chapter 11 cases, including, for the avoidance of doubt, any reference to a $1.5 billion compensation trust.

   ☐ Statements suggesting that Sexual Abuse Survivors may be entitled to "significant" or "substantial" compensation on account of recoveries in these chapter 11 cases.

   ☐ Statements suggesting that Sexual Abuse Survivors will never have to be deposed, appear in Court or otherwise prove their claims.

2. Specific sections are absent from the Impermissible Competing Advertisement as set forth in the Supplemental Bar Date Order ("<u>Required Additional Sections</u>"), including:

   ☐ A statement indicating that the official bar date in these chapter 11 cases is November 16, 2020 at 5:00 p.m. Eastern Standard Time.

   ☐ A statement referring Sexual Abuse Survivors to the official claims and noticing agent website (www.OfficialBSAclaims.com).

**PLEASE TAKE FURTHER NOTICE** that the Debtors request that you remove the Violating Sections or include the Additional Sections, as applicable, in conformity with the Supplemental Bar Date Order and provide confirmation of the same (or informal objection to the same), by contacting counsel to the Debtors c/o Jessica Boelter (jboelter@sidley.com), Michael C. Andolina (mandolina@sidley.com), Karim Basaria (kbasaria@sidley.com), Matthew E. Linder (mlinder@sidley.com), Blair M. Warner (bwarner@sidley.com), Thomas A. Labuda, Jr

(tlabuda@sidley.com) and, c/o Derek C. Abbott (dabbott@mnat.com), Joseph Charles Barsalona II (jbarsalona@mnat.com), Andrew R. Remming (aremming@mnat.com), Eric Moats (emoats@mnat.com), Paige Noelle Topper (ptopper@mnat.com) within 3 days of receipt of this notice.

      **PLEASE TAKE FURTHER NOTICE** that if this matter cannot be resolved voluntarily, you are required to meet and confer with the Debtors and the Tort Claimants' Committee in good faith in an effort to resolve such disagreement, and if no resolution can be reached, you must file and serve a written objection so that such objection is filed with the Bankruptcy Court, and is received no later than five (5) business days after the Debtors serve this Violation Notice to the following parties (collectively, the "Objection Service Parties"): (A) counsel to the Debtors, c/o Jessica Boelter (jboelter@sidley.com) at 787 Seventh Avenue New York, NY 10019 and Michael C. Andolina (mandolina@sidley.com), Karim Basaria (kbasaria@sidley.com), Matthew E. Linder (mlinder@sidley.com), Blair M. Warner (bwarner@sidley.com), Thomas A. Labuda, Jr (tlabuda@sidley.com) and, c/o Derek C. Abbott (dabbott@mnat.com), Joseph Charles Barsalona II (jbarsalona@mnat.com), Andrew R. Remming (aremming@mnat.com), Eric Moats (emoats@mnat.com), Paige Noelle Topper (ptopper@mnat.com) at 1201 N. Market Street Wilmington, DE 19899; (B) the U.S. Trustee, c/o David L. Buchbinder (david.l.buchbinder@usdoj.gov) and Hannah Mufson McCollum (hannah.mccollum@usdoj.gov) at 844 King Street, Suite 2207 Lockbox 35 Wilmington, DE 19801; (C) counsel to the Creditors' Committee, c/o Thomas Moers Mayer (tmayer@kramerlevin.com); Rachael Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), Jennifer R. Sharret (jsharret@kramerlevin.com) and Megan M. Wasson (mwasson@kramerlevin.com) at 1177 Avenue of the Americas New York, NY 10036, and, c/o Kurt F. Gwynne (kgwynne@reedsmith.com) and Katelin A Morales (kmorales@reedsmith.com) at 1201 N. Market Street, Suite 1500 Wilmington, DE 19801; (D) counsel to the Tort Claimants' Committee, c/o James I. Stang (jstang@pszjlaw.com), Robert B. Orgel (rorgel@pszjlaw.com), James O'Neill (jo'neill@pszjlaw.com), John W. Lucas (jlucas@pszjlaw.com), John A. Morris (jmorris@pszjlaw.com), Linda Cantor (lcantor@pszjlaw.com), Kenneth Brown (kbrown@pszjlaw.com) and Ilan Scharf (ischarf@pszjlaw.com) at 919 North Market Street, 17th Floor Wilmington, DE 19801; (E) counsel to the Future Claimants' Representative, c/o Kami Quinn (quinnk@gilbertlegal.com), Emily Grim (grime@gilbertlegal.com), Meredith Neely (neelym@gilbertlegal.com) and Jasmine Chalashtori (chalashtorij@gilbertlegal.com) at 700 Pennsylvania Avenue, SE, Suite 400 Washington, DC 20003; and, c/o Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), Sharon M. Zieg (szieg@ycst.com), Sara Beth A.R. Kohut (skohut@ycst.com) at Rodney Square at 1000 North King Street Wilmington, Delaware 19801; (F) counsel to the Ad Hoc Committee of Local Councils, c/o Richard Mason (rgmason@wlrk.com), Douglas Mayer (dkmayer@wlrk.com), Joseph C. Celentino (jccelentino@wlrk.com) at 51 W 52nd Street New York, NY 10019; (G) counsel to the Coalition, c/o Stanley B. Tarr (Tarr@BlankRome.com) at 1201 Market Street, Suite 800 Wilmington, Delaware 19801, and, c/o David J. Molton (DMolton@BrownRudnick.com) at Seven Times Square New York, NY 10036, and, c/o Sunni P. Beville (SBeville@BrownRudnick.com) and Tristan G. Axelrod (TAxelrod@BrownRudnick.com) at One Financial Center Boston, MA 02111; (H) counsel to JPMorgan Chase Bank National Association, c/o Louis Strubeck (louis.strubeck@nortonrosefulbright.com), Kristian Gluck (kristian.gluck@nortonrosefulbright.com), Ryan Manns (ryan.manns@nortonrosefulbright.com)

at 2200 Ross Ave, Suite 3600 Dallas, TX 75201-7932; (I) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012, c/o John Stump (john.stump@steptoe-johnson.com) at Chase Tower - Eighth Floor 707 Virginia Street E. Charleston, WV 25301; and (J) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that to the extent that a party does not voluntarily agree to remove the Violating Sections or include the Required Additional Sections, as applicable, and does not file an objection as provided under these procedures, such party may be precluded from representing claimants in these chapter 11 cases and may be subject to any other orders and/or remedies that the Debtors may seek and the Court may deem necessary and proper, including the requirement to send curative notice.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Violation Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the Impermissible Competing Advertisement implicated by such objection and shall provide at least three (3) days' notice of such hearing to you and the Objection Service Parties.

*[Remainder of page intentionally left blank.]*

Dated: September 4, 2020
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
            aremming@mnat.com
            emoats@mnat.com
            ptopper@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  tlabuda@sidley.com
            mandolina@sidley.com
            mlinder@sidley.com
            blair.warner@sidley.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION