# EXHIBIT 1





# EXHIBIT 2

As of January 30, 2020

| | |
|---|---|
| | **American Bar Association**<br>**CPR Policy Implementation Committee**<br><br>**Variations of the ABA Model Rules of Professional Conduct**<br><br>**RULE 7.1: COMMUNICATIONS**<br>**CONCERNING A LAWYER'S SERVICES**<br><br>**A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading.**<br><br>Variations from ABA Model Rule are noted.<br><br>Comments not included. |
| ALABAMA | A lawyer shall not make or cause to be made a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(a) Contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) Is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;<br>(c) Compares the quality of the lawyer's services with the quality of other lawyers' services, except as provided in Rule 7.4; or<br>(d) communicated the certification of the lawyer by a certifying organization, except as provided in Rule 7.4.<br><br>Last accessed on 02/22/20 here:<br>http://judicial.alabama.gov/library/RulesBarConduct |
| ALASKA | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services or any prospective client's need for legal services. A communication is false or misleading if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) is likely to create a reasonable but unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;<br>(c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated.<br><br>Last accessed on 02/22/20 here: |

As of January 30, 2020

| | |
|---|---|
| | https://public.courts.alaska.gov/web/rules/docs/prof.pdf |
| ARIZONA | Only first sentence differs: "A lawyer shall not make or knowingly permit to be made on the lawyer's behalf a false or misleading communication about the lawyer or the lawyer's services."<br><br>Last accessed on 1/22/20 here:<br>https://www.azbar.org/Ethics/RulesofProfessionalConduct/ViewRule?id=17 |
| ARKANSAS | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) is likely to create an unjustified expectation about the results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the rules of professional conduct or other law;<br>(c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or<br>(d) contains a testimonial or endorsement.<br><br>Last accessed on 1/22/20 here: https://www.arcourts.gov/rules-and-administrative-orders/%5Bcurrent%5D-arkansas-rules-of-professional-conduct |
| CALIFORNIA | MR 7.1 is California (a).<br><br>Adds:<br>(b) The Board of Trustees of the State Bar may formulate and adopt standards as to communications that will be presumed to violate rule 7.1, 7.2, 7.3, 7.4 or 7.5. The standards shall only be used as presumptions affecting the burden of proof in disciplinary proceedings involving alleged violations of these rules. "Presumption affecting the burden of proof" means that presumption defined in Evidence Code sections 605 and 606. Such standards formulated and adopted by the Board, as from time to time amended, shall be effective and binding on all lawyers.<br><br>Last accessed on 1/22/2020 here:<br>http://www.calbar.ca.gov/Portals/0/documents/rules/Rule_7.1-Exec_Summary-Redline.pdf |
| COLORADO | (a) A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(1) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(2) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or<br>(3) is likely to create an unjustified expectation about results the lawyer can achieve;<br><br>(b) No lawyer shall, directly or indirectly, pay all or a part of the cost of communications concerning a lawyer's services by a lawyer not in the same firm unless the communication discloses the name and address of the non-advertising lawyer, the |

As of January 30, 2020

| | |
|---|---|
| | relationship between the advertising lawyer and the non-advertising lawyer, and whether the advertising lawyer may refer any case received through the advertisement to the non-advertising lawyer. |
| | (c) Unsolicited communications concerning a lawyer's services mailed to prospective clients shall be sent only by regular U.S. mail, not by registered mail or other forms of restricted delivery, and shall not resemble legal pleadings or other legal documents. |
| | (d) Any communication that states or implies the client does not have to pay a fee if there is no recovery shall also disclose that the client may be liable for costs. This provision does not apply to communications that only state that contingent or percentage fee arrangements are available, or that only state the initial consultation is free. |
| | (e) A lawyer shall not knowingly permit, encourage or assist in any way employees, agents or other persons to make communications on behalf of the lawyer or the law firm in violation of this Rule or Rules 7.2 through 7.4. |
| | (f) In connection with the sale of a private law practice under Rule 1.17, an opinion of the purchasing lawyer's suitability and competence to represent existing clients shall not violate this Rule if the lawyer complies with Rule 1.17(d). |
| | Last accessed on 1/22/2020 here: https://www.cobar.org/For-Members/Opinions-Rules-Statutes/Rules-of-Professional-Conduct/Rule-71-Communications-Concerning-a-Lawyers-Services |
| CONNECTICUT | Same as MR<br>Last accessed on 1/22/2020 here:<br>https://www.jud.ct.gov/Publications/PracticeBook/pblj_8103.pdf |
| DELAWARE | Same as MR<br>Last accessed on 1/22/2020 here: https://courts.delaware.gov/rules/pdf/DLRPC-LN.pdf |
| DISTRICT OF COLUMBIA | (a) A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br>    (1) Contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading; or<br>    (2) Contains an assertion about the lawyer or the lawyer's services that cannot be substantiated.<br><br>(b) A lawyer shall not seek by in-person contact, employment (or employment of a partner or associate) by a nonlawyer who has not sought the lawyer's advice regarding employment of a lawyer, if:<br>    (1) The solicitation involves use of a statement or claim that is false or misleading, within the meaning of paragraph (a);<br>    (2) The solicitation involves the use of coercion, duress or harassment; or<br>    (3) The potential client is apparently in a physical or mental condition which would make it unlikely that the potential client could exercise reasonable, considered judgment as to the selection of a lawyer.<br><br>(c) A lawyer shall not pay money or give anything of material value to a person (other than the lawyer's partner or employee) in exchange for recommending the lawyer's |

As of January 30, 2020

<table>
<tr><td></td><td>

services except that a lawyer may:

(1) Pay the reasonable costs of advertisements or communications permitted by this Rule;

(2) Pay the usual and reasonable fees or dues charged by a legal service plan or a lawyer referral service;

(3) Pay for a law practice in accordance with Rule 1.17;and

(4) Refer clients to another lawyer or nonlawyer professional pursuant to an agreement not otherwise prohibited under these Rules that provides for the other person to refer clients or customers to the lawyer, if:

(A) The reciprocal agreement is not exclusive, and

(B) The client is informed of the existence and nature of the agreement.

(d) A lawyer shall not knowingly assist an organization that furnishes or pays for legal services to others to promote the use of the lawyer's services or those of the lawyer's partner or associate, or any other lawyer affiliated with the lawyer or the lawyer's firm, as a private practitioner, if the promotional activity involves the use of coercion, duress, compulsion, intimidation, threats, or vexatious or harassing conduct.

(e) No lawyer or any person acting on behalf of a lawyer shall solicit or invite or seek to solicit any person for purposes of representing that person for a fee paid by or on behalf of a client or under the Criminal Justice Act, D.C. Code Ann. §11-2601 (2001) et seq., in any present or future case in the District of Columbia Courthouse, on the sidewalks on the north, south, and west sides of the courthouse, or within 50 feet of the building on the east side.

(f) Any lawyer or person acting on behalf of a lawyer who solicits or invites or seeks to solicit any person incarcerated at the District of Columbia Jail, the Correctional Treatment Facility or any District of Columbia juvenile detention facility for the purpose of representing that person for a fee paid by or on behalf of that person or under the Criminal Justice Act, D.C. Code Ann. §11-2601 (2001) et seq., in any then-pending criminal case in which that person is represented, must provide timely and adequate notice to the person's then-current lawyer prior to accepting any fee from or on behalf of the incarcerated person.

Last accessed on 1/22/2020 here: https://www.dcbar.org/bar-resources/legal-ethics/amended-rules/rule7-01.cfm

</td></tr>
<tr><td>FLORIDA</td><td>

Analogous rule is Rule 4-7.13 Deceptive and Inherently Misleading Advertisements

A lawyer may not engage in deceptive or inherently misleading advertising.

(a) Deceptive and Inherently Misleading Advertisements. An advertisement is deceptive or inherently misleading if it:

(1) contains a material statement that is factually or legally inaccurate;

(2) omits information that is necessary to prevent the information supplied from being misleading; or

(3) implies the existence of a material nonexistent fact.

</td></tr>
</table>

4

As of January 30, 2020

(b) Examples of Deceptive and Inherently Misleading Advertisements. Deceptive or inherently misleading advertisements include, but are not limited to advertisements that contain:

(1) statements or information that can reasonably be interpreted by a prospective client as a prediction or guaranty of success or specific results;

(2) references to past results unless the information is objectively verifiable, subject to rule 4-7.14;

(3) comparisons of lawyers or statements, words or phrases that characterize a lawyer's or law firm's skills, experience, reputation or record, unless such characterization is objectively verifiable;

(4) references to areas of practice in which the lawyer or law firm does not practice or intend to practice at the time of the advertisement;

(5) a voice or image that creates the erroneous impression that the person speaking or shown is the advertising lawyer or a lawyer or employee of the advertising firm. The following notice, prominently displayed would resolve the erroneous impression: "Not an employee or member of law firm";

(6) a dramatization of an actual or fictitious event unless the dramatization contains the following prominently displayed notice: "DRAMATIZATION. NOT AN ACTUAL EVENT." When an advertisement includes an actor purporting to be engaged in a particular profession or occupation, the advertisement must include the following prominently displayed notice: "ACTOR. NOT ACTUAL [ . . . . ]";

(7) statements, trade names, telephone numbers, Internet addresses, images, sounds, videos or dramatizations that state or imply that the lawyer will engage in conduct or tactics that are prohibited by the Rules of Professional Conduct or any law or court rule;

(8) a testimonial:

(A) regarding matters on which the person making the testimonial is unqualified to evaluate;

(B) that is not the actual experience of the person making the testimonial;

(C) that is not representative of what clients of that lawyer or law firm generally experience;

(D) that has been written or drafted by the lawyer;

(E) in exchange for which the person making the testimonial has been given something of value; or

(F) that does not include the disclaimer that the prospective client may not obtain the same or similar results;

(9) a statement or implication that The Florida Bar has approved an advertisement or a lawyer, except a statement that the lawyer is licensed to practice in Florida or has been certified pursuant to chapter 6, Rules Regulating the Florida Bar; or

(10) a judicial, executive, or legislative branch title, unless accompanied by clear modifiers and placed subsequent to the person's name in reference to a current, former or retired judicial, executive, or legislative branch official currently engaged in the practice of law. For example, a former judge may not state "Judge Doe (retired)" or "Judge Doe, former circuit judge." She may state "Jane Doe, Florida Bar member, former circuit judge" or "Jane Doe, retired circuit judge…."

5

As of January 30, 2020

| | |
|---|---|
| | Last accessed on 1/22/2020 here: https://www-media.floridabar.org/uploads/2019/02/Ch-4-Dec-14-2018-RRTFBb.pdf |
| GEORGIA | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. By way of illustration, but not limitation, a communication is false or misleading if it:<br><br>(1) contains a material misrepresentation of fact or law or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(2) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Georgia Rules of Professional Conduct or other law;<br>(3) compares the lawyer's services with other lawyers' services unless the comparison can be factually substantiated;<br>(4) fails to include the name of at least one lawyer responsible for its content;<br>(5) or contains any information regarding contingent fees, and fails to conspicuously present the following disclaimer:<br><br>"Contingent attorneys' fees refers only to those fees charged by attorneys for their legal services. Such fees are not permitted in all types of cases. Court costs and other additional expenses of legal action usually must be paid by the client."<br>(6) contains the language "no fee unless you win or collect" or any similar phrase and fails to conspicuously present the following disclaimer:<br><br>"No fee unless you win or collect" [or insert the similar language used in the communication] refers only to fees charged by the attorney. Court costs and other additional expenses of legal action usually must be paid by the client. Contingent fees are not permitted in all types of cases.<br><br>(b) A public communication for which a lawyer has given value must be identified as such unless it is apparent from the context that it is such a communication.<br><br>(c) A lawyer retains ultimate responsibility to insure that all communications concerning the lawyer or the lawyer's services comply with the Georgia Rules of Professional Conduct.<br><br>The maximum penalty for a violation of this rule is disbarment.<br><br>Last accessed on 1/22/2020 here:<br>https://www.gabar.org/Handbook/index.cfm#handbook/rule145 |
| HAWAII | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(a)  contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading; |

As of January 30, 2020

| | |
|---|---|
| | (b)  is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law; or<br><br>    (c)  compares the lawyer's services with other lawyer's services, unless the comparison can be factually substantiated.<br><br>Last accessed on 1/22/2020 here:<br>https://www.courts.state.hi.us/docs/court_rules/rules/hrpcond.htm#Rule%207.2 |
| IDAHO | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br><br>(b) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the rules of professional conduct or other law; or<br><br>(c) compares the lawyer's services with other lawyer's services, unless the comparison can be factually substantiated.<br><br>Last accessed on 1/22/2020 here: https://isb.idaho.gov/wp-content/uploads/irpc.pdf |
| ILLINOIS | Same as MR<br>Last accessed on 1/22/2020 here:<br>http://www.illinoiscourts.gov/supremecourt/rules/art_viii/default_new.asp |
| INDIANA | Same as MR<br>Last accessed on 1/22/2020 here:<br>https://www.in.gov/judiciary/rules/prof_conduct/#_Toc532909543 |
| IOWA | Same as MR - Rule 32:7:1<br>Last accessed on 1/22/2020 here:<br>https://www.legis.iowa.gov/docs/ACO/CourtRulesChapter/12-31-2012.32.pdf |
| KANSAS | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(a) Contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement as a whole materially misleading;<br>(b) Is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the rules of professional conduct or other law; or<br>(c) Compares the lawyers' services with other lawyer's services, unless the comparison can be factually substantiated.<br>Last accessed on 1/22/2020 here: http://www.kscourts.org/rules/Rule-Info.asp?r1=Rules+Relating+to+Discipline+of+Attorneys&r2=10 |
| KENTUCKY | Rule 3.130(7.10)<br>Same as MR but adds "deceptive" as qualifier to communication. |

As of January 30, 2020

| | |
|---|---|
| | Last accessed on 1/22/2020 here:<br>https://cdn.ymaws.com/www.kybar.org/resource/resmgr/SCR3/SCR_3.130_(7.10).pdf |
| LOUSIANA | Rule 7.2(c)<br><br>(1) *Statements About Legal Services.* A lawyer shall not make or permit to be made a false, misleading or deceptive communication about the lawyer, the lawyer's services or the law firm's services. A communication violates this Rule if it:<br><br>(A) contains a material misrepresentation of fact or law;<br>(B) is false, misleading or deceptive;<br>(C) fails to disclose material information necessary to prevent the information supplied from being false, misleading or deceptive;<br>(D) contains a reference or testimonial to past successes or results obtained, except as allowed in the Rule regulating information about a lawyer's services provided upon request; (Suspended)<br>(E) promises results;<br>(F) states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;<br>(G) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; contains a paid testimonial or endorsement, unless the fact of payment is disclosed;<br>(I) includes (i) a portrayal of a client by a non-client without disclaimer of such, as required by Rule 7.2(c)(10); (ii) the depiction of any events or scenes, other than still pictures, photographs or other static images, that are not actual or authentic without disclaimer of such, as required by Rule 7.2(c)(10); or (iii) a still picture, photograph or other static image that, due to alteration or the context of its use, is false, misleading or deceptive;<br>(J) the portrayal of a lawyer by a non-lawyer, the portrayal of a law firm as a fictionalized entity, the use of a fictitious name to refer to lawyers not associated together in a law firm, or otherwise implies that lawyers are associated in a law firm if that is not the case;<br>(K) resembles a legal pleading, notice, contract or other legal document;<br>(L) utilizes a nickname, moniker, motto or trade name that states or implies an ability to obtain results in a matter; or<br>(M) fails to comply with Rule 1.8(e)(4)(iii).<br><br>(2) *Prohibited Visual and Verbal Portrayals and Illustrations.* A lawyer shall not include in any advertisement or unsolicited written communication any visual or verbal descriptions, depictions, illustrations (including photographs) or portrayals of persons, things, or events that are false, misleading or deceptive.<br><br>(3) *Advertising Areas of Practice.* A lawyer or law firm shall not state or imply in advertisements or unsolicited written communications that the lawyer or law firm currently practices in an area of practice when that is not the case.<br><br>(4) *Stating or Implying Louisiana State Bar Association Approval.* A lawyer or law firm shall not make any statement that directly or impliedly indicates that the communication has received any kind of approval from The Louisiana State Bar Association. |

As of January 30, 2020

|  | (5) *Communication of Fields of Practice.* A lawyer may communicate the fact that the lawyer does or does not practice in particular fields of law. A lawyer may state that the lawyer is a "specialist," practices a "specialty," or "specializes in" particular fields, but such communications are subject to the "false and misleading" standard applied in Rule 7.2(c)(1) to communications concerning a lawyer's services. A lawyer shall not state or imply that the lawyer is "certified," or "board certified" except as follows:<br><br>(A) **Lawyers Certified by the Louisiana Board of Legal Specialization.** A lawyer who complies with the Plan of Legal Specialization, as determined by the Louisiana Board of Legal Specialization, may inform the public and other lawyers of the lawyer's certified area(s) of legal practice. Such communications should identify the Louisiana Board of Legal Specialization as the certifying organization and may state that the lawyer is "certified," or "board certified in (area of certification)."<br>(B) **Lawyers Certified by Organizations Other Than the Louisiana Board of Legal Specialization or Another State Bar.** A lawyer certified by an organization other than the Louisiana Board of Legal Specialization or another state bar may inform the public and other lawyers of the lawyer's certified area(s) of legal practice by stating that the lawyer is "certified," or "board certified in (area of certification)" if:<br>(i) the lawyer complies with Section 6.2 of the Plan of Legal Specialization for the Louisiana Board of Legal Specialization; and,<br>(ii) the lawyer includes the full name of the organization in all communications pertaining to such certification. A lawyer who has been certified by an organization that is accredited by the American Bar Association is not subject to Section 6.2 of the Plan of Legal Specialization.<br>(C) **Certification by Other State Bars.** A lawyer certified by another state bar may inform the public and other lawyers of the lawyer's certified area(s) of legal practice and may state in communications to the public that the lawyer is "certified," or "board certified in (area of certification)" if:<br>(i) the state bar program grants certification on the basis of standards reasonably comparable to the standards of the Plan of Legal Specialization, as determined by the Louisiana Board of Legal Specialization; and,<br>(ii) the lawyer includes the name of the state bar in all communications pertaining to such certification.<br><br>(6) *Disclosure of Liability For Expenses Other Than Fees.* Every advertisement and unsolicited written communication that contains information about the lawyer's fee, including those that indicate no fee will be charged in the absence of a recovery, shall disclose whether the client will be liable for any costs and/or expenses in addition to the fee.<br><br>Last accessed on 1/22/2020 here:<br>https://www.ladb.org/Material/Publication/ROPC/ROPC.pdf |
| MAINE | Same as MR<br>Last accessed on 1/22/2020 here:<br>http://mebaroverseers.org/regulation/bar_rules.html?id=88270 |
| MARYLAND | Same as MR<br>Last accessed on 1/22/2020 here: https://www.courts.state.md.us/attygrievance/rules |

As of January 30, 2020

| MASSACHUSETTS | Same as MR<br>Last accessed on 1/22/2020 here: https://www.mass.gov/supreme-judicial-court-rules/rules-of-professional-conduct-rule-72-advertising |
|---|---|
| MICHIGAN | A lawyer may, on the lawyer's own behalf, on behalf of a partner or associate, or on behalf of any other lawyer affiliated with the lawyer or the lawyer's law firm, use or participate in the use of any form of public communication that is not false, fraudulent, misleading, or deceptive. A communication shall not:<br><br>(a) contain a material misrepresentation of fact or law, or omit a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) be likely to create an unjustified expectation about results the lawyer can achieve, or state or imply that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law; or<br>(c) compare the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated.<br><br>Except as otherwise provided in this rule, a lawyer who is a retired or former justice, judge, referee, or magistrate may use the title ("justice," "judge," "referee," or "magistrate") only when the title is preceded by the word "retired" or "former." A justice, judge, referee, or magistrate who is removed from office or terminated on grounds of misconduct is prohibited from using the title.<br>Last accessed on 1/22/2020 here: https://bit.ly/2SRCHNb |
| MINNESOTA | Same as MR<br>Last accessed on 1/23/2020 here:<br>https://www.revisor.mn.gov/court_rules/pr/subtype/cond/id/7.1/ |
| MISSISSIPPI | A lawyer shall not make or permit to be made a false, misleading, deceptive or unfair communication about the lawyer or lawyer's services. A communication violates this rule if it:<br><br>(a) Contains a material misrepresentation of fact or law or omits a fact necessary to make the statement considered as a whole not materially misleading, or<br>(b) Creates an unjustified, false or misleading expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate these rules or other law; or<br>(c) states or implies that the lawyer is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official; or<br>(d) Compares the lawyer's services with other lawyers' services unless the comparison can be factually substantiated.<br>Last accessed on 1/24/2020 here:<br>https://courts.ms.gov/research/rules/msrulesofcourt/rules_of_professional_conduct.pdf |
| MISSOURI | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services.<br><br>A communication is false if it contains a material misrepresentation of fact or law.<br><br>A communication is misleading if it: |

As of January 30, 2020

(a) omits a fact as a result of which the statement considered as a whole is materially misleading;

(b) is likely to create an unjustified expectation about results the lawyer can achieve;

(c) proclaims results obtained on behalf of clients, such as the amount of a damage award or the lawyer's record in obtaining favorable verdicts or settlements, without stating that past results afford no guarantee of future results and that every case is different and must be judged on its own merits;

(d) states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;

(e) compares the quality of a lawyer's or a law firm's services with other lawyers' services, unless the comparison can be factually substantiated;

(f) advertises for a specific type of case concerning which the lawyer has neither experience nor competence;

(g) indicates an area of practice in which the lawyer routinely refers matters to other lawyers, without conspicuous identification of such fact;

(h) contains any paid testimonial about or endorsement of the lawyer, without conspicuous identification of the fact that payment has been made for the testimonial or endorsement;

(i) contains any simulated portrayal of a lawyer, client, victim, scene, or event without conspicuous identification of the fact that it is a simulation;

(j) provides an office address for an office staffed only part-time or by appointment only, without conspicuous identification of such fact; or

(k) states that legal services are available on a contingent or no-recovery-no-fee basis without stating conspicuously that the client may be responsible for costs or expenses, if that is the case.

The presumptions that statements are misleading contained in Rule 4-7.1(c), (g), (h), and (k) shall not apply to a not-for-profit organization funded in whole or in part by the Legal Services Corporation established by 42 U.S.C section 2996(b) or to pro bono services provided free of charge by a not-for-profit organization, a court-annexed program, a bar association, or an accredited law school.

Last accessed on 1/24/2020 here: https://www.courts.mo.gov/page.jsp?id=707

As of January 30, 2020

| | |
|---|---|
| MONTANA | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false if it contains a material misrepresentation of fact or law. A misleading communication includes, but is not limited to those that:<br><br>(a) omits a fact as a result of which the statement considered as a whole is materially misleading;<br>(b) is likely to create an unjustified expectation about results the lawyer can achieve;<br>(c) proclaims results obtained on behalf of clients, such as the amount of a damage award or the lawyer's record in obtaining favorable verdicts or settlements, without stating that past results afford no guarantee of future results and that every case is different and must be judged on its own merits;<br>(d) states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;<br>(e) compares the quality of a lawyer's or a law firm's services with other lawyers' services, unless the comparison can be factually substantiated;<br>(f) advertises for a specific type of case concerning which the lawyer has neither experience nor competence;<br>(g) indicates an area of practice in which the lawyer routinely refers matters to other lawyers, without conspicuous identification of such fact; (h) contains any paid testimonial about, or endorsement of, the lawyer without conspicuous identification of the fact that payments have been made for the testimonial or endorsement;<br>(i) contains any simulated portrayal of a lawyer, client, victim, scene, or event without conspicuous identification of the fact that it is a simulation; (j) provides an office address for an office staffed only part time or by appointment only, without conspicuous identification of such fact;<br>(k) states that legal services are available on a contingent or no-recovery, no-fee basis without stating conspicuously that the client may be responsible for costs or expenses, if that is the case; or<br>(l) advertises for legal services without identifying the jurisdictions in which the lawyer is licensed to practice.<br>Last accessed on 1/24/2020 here |
| NEBRASKA | Same as MR<br>Last accessed on 1/24/2020 here: https://supremecourt.nebraska.gov/supreme-court-rules/chapter-3-attorneys-practice-law/article-5-nebraska-rules-professional-conduct/%C2%A7%C2%A7-3-5071-3-5075-information-about-legal-services/%C2%A7-3-5071-communications-concerning-lawyers-services |
| NEVADA | Same as MR<br>Last accessed on 1/24/2020 here: https://www.leg.state.nv.us/CourtRules/RPC.html |
| NEW HAMPSHIRE | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services.  Without limiting the generality of the foregoing, a communication is false or misleading if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement, considered in light of all of the circumstances, not materially misleading; |

As of January 30, 2020

| | |
|---|---|
| | (b) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the rules of professional conduct or other law; or<br><br>(c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated.<br><br>Last accessed on 1/24/2020 here: https://www.courts.state.nh.us/rules/pcon/pcon-7_1.htm |
| NEW JERSEY | (a) A lawyer shall not make false or misleading communications about the lawyer, the lawyer's services, or any matter in which the lawyer has or seeks a professional involvement. A communication is false or misleading if it:<br><br>(1) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(2) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;<br>(3) compares the lawyer's services with other lawyers' services, unless (i) the name of the comparing organization is stated, (ii) the basis for the comparison can be substantiated, and (iii) the communication includes the following disclaimer in a readily discernible manner: "No aspect of this advertisement has been approved by the Supreme Court of New Jersey"; or<br>(4) relates to legal fees other than:<br>(i) a statement of the fee for an initial consultation;<br>(ii) a statement of the fixed or contingent fee charged for a specific legal service, the description of which would not be misunderstood or be deceptive;<br>(iii) a statement of the range of fees for specifically described legal services, provided there is a reasonable disclosure of all relevant variables and considerations so that the statement would not be misunderstood or be deceptive;<br>(iv) a statement of specified hourly rates, provided the statement makes clear that the total charge will vary according to the number of hours devoted to the matter, and in relation to the varying hourly rates charged for the services of different individuals who may be assigned to the matter;<br>(v) the availability of credit arrangements; and<br>(vi) a statement of the fees charged by a qualified legal assistance organization in which the lawyer participates for specific legal services the description of which would not be misunderstood or be deceptive<br><br>(b) It shall be unethical for a lawyer to use an advertisement or other related communication known to have been disapproved by the Committee on Attorney Advertising, or one substantially the same as the one disapproved, until or unless modified or reversed by the Advertising Committee or as provided by Rule 1:19A-3(d). |

As of January 30, 2020

| | |
|---|---|
| | Last accessed on 1/24/2020 here: https://www.njcourts.gov/attorneys/assets/rules/rpc.pdf |
| NEW MEXICO | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if: it contains a material misrepresentation of fact or law; omits a fact necessary to make the statement considered as a whole not materially misleading; or contains a testimonial about, or endorsement of, the lawyer that is misleading. Last accessed on 1/24/2020 here: https://casetext.com/rule/new-mexico-court-rules/new-mexico-rules-of-professional-conduct/article-7-information-about-legal-services/rule-16-701-communications-concerning-a-lawyers-services |
| NEW YORK | (a) A lawyer or law firm shall not use or disseminate or participate in the use or dissemination of any advertisement that: (1) contains statements or claims that are false, deceptive or misleading; or (2) violates a Rule. (b) Subject to the provisions of paragraph (a), an advertisement may include information as to: (1) legal and nonlegal education; degrees and other scholastic distinctions; dates of admission to any bar; areas of the law in which the lawyer or law firm practices, as authorized by these Rules; public offices and teaching positions held; publications of law-related matters authored by the lawyer; memberships in bar associations or other professional societies or organizations, including offices and committee assignments therein; foreign language fluency; and bona fide professional ratings; (2) names of clients regularly represented, provided that the client has given prior written consent; (3) bank references; credit arrangements accepted; prepaid or group legal services programs in which the lawyer or law firm participates; nonlegal services provided by the lawyer or law firm or by an entity owned and controlled by the lawyer or law firm; the existence of contractual relationships between the lawyer or law firm and a nonlegal professional or nonlegal professional service firm, to the extent permitted by Rule 5.8, and the nature and extent of services available through those contractual relationships; and (4) legal fees for initial consultation; contingent fee rates in civil matters, when accompanied by a statement disclosing the information required by paragraph (p); range of fees for legal and nonlegal services, provided that there be available to the public free of charge a written statement clearly describing the scope of each advertised service, hourly rates, and fixed fees for specified legal and nonlegal services. (c) An advertisement shall not: (1) include a paid endorsement of, or testimonial about, a lawyer or law firm without disclosing that the person is being compensated therefor; (2) include the portrayal of a fictitious law firm, the use of a fictitious name to refer to lawyers not associated together in a law firm, or otherwise imply that lawyers are associated in a law firm if that is not the case; |

As of January 30, 2020

(3) use actors to portray a judge, the lawyer, members of the law firm, or clients, or utilize depictions of fictionalized events or scenes, without disclosure of same;
(4) be made to resemble legal documents.

(d) An advertisement that complies with paragraph (e) may contain the following:
(1) statements that are reasonably likely to create an expectation about results the lawyer can achieve;
(2) statements that compare the lawyer's services with the services of other lawyers;
(3) testimonials or endorsements of clients, and of former clients; or
(4) statements describing or characterizing the quality of the lawyer's or law firm's services.

(e) It is permissible to provide the information set forth in paragraph (d) provided:
(1) its dissemination does not violate paragraph (a);
(2) it can be factually supported by the lawyer or law firm as of the date on which the advertisement is published or disseminated; and
(3) it is accompanied by the following disclaimer: "Prior results do not guarantee a similar outcome"; and
(4) in the case of a testimonial or endorsement from a client with respect to a matter still pending, the client gives informed consent confirmed in writing.

(f) Every advertisement other than those appearing in a radio, television or billboard advertisement, in a directory, newspaper, magazine or other periodical (and any web sites related thereto), or made in person pursuant to Rule 7.3(a)(1), shall be labeled "Attorney Advertising" on the first page, or on the home page in the case of a web site. If the communication is in the form of a self-mailing brochure or postcard, the words "Attorney Advertising" shall appear therein. In the case of electronicmail, the subject line shall contain the notation "ATTORNEY ADVERTISING."

(g) A lawyer or law firm shall not utilize meta-tags or other hidden computer codes that, if displayed, would violate these Rules.

(h) All advertisements shall include the name, principal law office address and telephone number of the lawyer or law firm whose services are being offered.

(i) Any words or statements required by this Rule to appear in an advertisement must be clearly legible and capable of being read by the average person, if written, and intelligible if spoken aloud. In the case of a web site, the required words or statements shall appear on the home page.

(j) A lawyer or law firm advertising any fixed fee for specified legal services shall, at the time of fee publication, have available to the public a written statement clearly describing the scope of each advertised service, which statement shall be available to the client at the time of retainer for any such service. Such legal services shall include all those

As of January 30, 2020

services that are recognized as reasonable and necessary under local custom in the area of practice in the community where the services are performed.

(k) All advertisements shall be pre-approved by the lawyer or law firm, and a copy shall be retained for a period of not less than three years following its initial dissemination. Any advertisement contained in a computer-accessed communication shall be retained for a period of not less than one year. A copy of the contents of any web site covered by this Rule shall be preserved upon the initial publication of the web site, any major web site redesign, or a meaningful and extensive content change, but in no event less frequently than once every 90 days.

(l) If a lawyer or law firm advertises a range of fees or an hourly rate for services, the lawyer or law firm shall not charge more than the fee advertised for such services. If a lawyer or law firm advertises a fixed fee for specified legal services, or performs services described in a fee schedule, the lawyer or law firm shall not charge more than the fixed fee for such stated legal service as set forth in the advertisement or fee schedule, unless the client agrees in writing that the services performed or to be performed were not legal services referred to or implied in the advertisement or in the fee schedule and, further, that a different fee arrangement shall apply to the transaction.

(m) Unless otherwise specified in the advertisement, if a lawyer publishes any fee information authorized under this Rule in a publication that is published more frequently than once per month, the lawyer shall be bound by any representation made therein for a period of not less than 30 days after such publication. If a lawyer publishes any fee information authorized under this Rule in a publication that is published once per month or less frequently, the lawyer shall be bound by any representation made therein until the publication of the succeeding issue. If a lawyer publishes any fee information authorized under this Rule in a publication that has no fixed date for publication of a succeeding issue, the lawyer shall be bound by any representation made therein for a reasonable period of time after publication, but in no event less than 90 days.

(n) Unless otherwise specified, if a lawyer broadcasts any fee information authorized under this Rule, the lawyer shall be bound by any representation made therein for a period of not less than 30 days after such broadcast.

(o) A lawyer shall not compensate or give anything of value to representatives of the press, radio, television or other communication medium in anticipation of or in return for professional publicity in a news item.

(p) All advertisements that contain information about the fees charged by the lawyer or law firm, including those indicating that in the absence of a recovery no fee will be charged, shall comply with the provisions of Judiciary Law § 488(3).

(q) A lawyer may accept employment that results from participation in activities designed to educate the public to recognize legal problems, to make intelligent selection of counsel or to utilize available legal services.

As of January 30, 2020

| | |
|---|---|
| | (r) Without affecting the right to accept employment, a lawyer may speak publicly or write for publication on legal topics so long as the lawyer does not undertake to give individual advice.<br>Last accessed on 1/24/2020 here:<br>https://www.nysba.org/DownloadAsset.aspx?id=50671 |
| NORTH CAROLINA | (a) A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(1) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(2) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law; or<br>(3) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated.<br><br>(b) A communication by a lawyer that contains a dramatization depicting a fictional situation is misleading unless it complies with paragraph (a) above and contains a conspicuous written or oral statement, at the beginning and the end of the communication, explaining that the communication contains a dramatization and does not depict actual events or real persons.<br><br>Last accessed on 1/24/2020 here: https://www.ncbar.gov/for-lawyers/ethics/rules-of-professional-conduct/rule-71-communications-concerning-a-lawyers-services/ |
| NORTH DAKOTA | A lawyer shall not make a false or misleading communication about the lawyer, a person professionally associated with the lawyer, or their services. A communication is false or misleading if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;<br>(c) compares the lawyer with other lawyers, unless the comparison can be factually substantiated; or<br>(d) compares the lawyer's services with other lawyers' services based on the lawyer having received an honor or accolade, unless:<br>(1) the name of the comparing organization is stated, and<br>(2) the basis for the comparison can be substantiated.<br><br>Last accessed on 1/24/2020 here: https://www.ndcourts.gov/legal-resources/rules/ndrprofconduct/7-1 |
| OHIO | A lawyer shall not make or use a false, misleading, or nonverifiable communication about the lawyer or the lawyer's services. A communication is false or misleading if it contains a material misrepresentation of fact or law or omits a fact necessary to make the statement considered as a whole not materially misleading.<br>Last accessed on 1/24/2020 here |

As of January 30, 2020

| | |
|---|---|
| OKLAHOMA | Same as MR<br>Last accessed on 1/24/2020 here:<br>http://www.oscn.net/applications/oscn/DeliverDocument.asp?CiteID=481045 |
| OREGON | Same as MR<br>Last accessed on 1/24/2020 here: https://www.osbar.org/_docs/rulesregs/orpc.pdf |
| PENNSYLVANIA | Same as MR<br>Last accessed on 1/24/2020 here: https://www.padisciplinaryboard.org/for-attorneys/rules/rule/3/the-rules-of-professional-conduct#rule-250 |
| RHODE ISLAND | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) contains any testimonial about, or endorsement of, the lawyer without identifying the fact that it is a testimonial or endorsement, and if payment for the testimonial or endorsement has been made, that fact must also be disclosed. If the testimonial or endorsement is not made by an actual client that fact must also be identified. If the testimonial or endorsement appears in a televised advertisement, the foregoing disclosures and identifications must appear continuously throughout the advertisement;<br>(c) contains a dramatization or simulated description of the lawyer, partners or associates, offices or facilities, or services without identifying the fact that the description is a simulation or dramatization. If the dramatization or simulated description appears in a televised advertisement, the fact that it is a dramatization or simulated description must appear continuously throughout the advertisement.<br>Last accessed 1/24/2020 here:<br>https://www.courts.ri.gov/publicresources/disciplinaryboard/pdf/article5.pdf |
| SOUTH CAROLINA | A lawyer shall not make false, misleading, or deceptive communications about the lawyer or the lawyer's services. A communication violates this rule if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br><br>(b) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;<br><br>(c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated;<br><br>(d) contains a testimonial about, or endorsement of, the lawyer<br><br>(1) without identifying the fact that it is a testimonial or endorsement;<br>(2) for which payment has been made, without disclosing that fact;<br>(3) which is not made by an actual client, without identifying that fact; and<br>(4) which does not clearly and conspicuously state that any result the endorsed lawyer or law firm may achieve on behalf of one client in one matter does not necessarily indicate similar results can be obtained for other clients. |

| | |
|---|---|
| | (e) contains a nickname, moniker, or trade name that implies an ability to obtain results in a matter.<br><br>Last accessed on 1/24/2020 here:<br>https://www.sccourts.org/courtReg/displayRule.cfm?ruleID=407.0&subRuleID=RULE 7.1&ruleType=APP |
| SOUTH DAKOTA | (a)  Definitions.<br>For the purpose of this Rule 7.1, the following terms shall have the following meanings:<br>(1)  "communication" means any message or offer made by or on behalf of a lawyer concerning the availability of the lawyer for professional employment which is directed to any former, present, or prospective client, including, but not limited to, the following:<br>(i)  any use of firm name, trade name, fictitious name, or other professional designation of such lawyer;<br>(ii)  any stationery, letterhead, business card, sign, brochure, or other comparable written material describing such lawyer;<br>(iii)  any advertisement, regardless of medium, of such lawyer, directed to the general public or any significant portion thereof; or<br>(iv)  any unsolicited correspondence from a lawyer directed to any person or entity; and<br>(2)  "lawyer" means an individual lawyer and any association of lawyers for the practice of law, including a partnership, a professional corporation, limited liability company or any other association.<br>(b)  Purpose of Communications.<br>All communications shall be predominantly informational. As used in this Rule 7.1, "predominantly informational" means that, in both quantity and quality, the communication of factual information rationally related to the need for and selection of a lawyer predominates and that the communication includes only a minimal amount of content designed to attract attention to and create interest in the communication.<br>(c)  False or Misleading Communications.<br>A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br>(1)  contains a material misrepresentation of fact or law, or omits a fact necessary to make the communication considered as a whole not materially misleading;<br>(2)  contains a prediction, warranty or guarantee regarding the future success of representation by the lawyer or is likely to create an unjustified expectation about results the lawyer can achieve;<br>(3)  contains an opinion, representation, implication or self-laudatory statement regarding the quality of the lawyer's legal services which is not susceptible of reasonable verification by the public;<br>(4)  contains information based on the lawyer's past success without a disclaimer that past success cannot be an assurance of future success because each case must be decided on its own merits; |

As of January 30, 2020

(5)   compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated;

(6)   states or implies that the lawyer actually represents clients in a particular area of practice when the lawyer refers a significant number of such clients to other lawyers for representation with respect to all or a significant aspect of the particular practice area;

(7)   states or implies that the lawyer is experienced in a particular area of practice unless significant experience in such practice area can be factually substantiated;

(8)   states or implies that the lawyer is in a position to improperly influence any court or other public body or office;

(9)   states or implies the existence of a relationship between the lawyer and a government agency or instrumentality;

(10)  states or implies that a lawyer has a relationship to any other lawyer unless such relationship in fact exists and is close, personal, continuous and regular;

(11)  fails to contain the name and address by city or town of the lawyer whose services are described in the communication;

(12)  contains a testimonial about or endorsement of the lawyer, unless the lawyer can factually substantiate the claims made in the testimonial or endorsement and unless such communication also contains an express disclaimer substantively similar to the following: "This testimonial or endorsement does not constitute a guaranty, warranty, or prediction regarding the outcome of your legal matter";

(13)  contains a testimonial or endorsement about the lawyer for which the lawyer has directly or indirectly given or exchanged anything of value to or with the person making the testimonial or giving the endorsement, unless the communication conspicuously discloses that the lawyer has given or exchanged something of value to or with the person making the testimonial or giving the endorsement;

(14)  contains a testimonial or endorsement which is not made by an actual client of the lawyer, unless that fact is conspicuously disclosed in the communication;

(15)  contains any impersonation, dramatization, or simulation which is not predominantly informational and without conspicuously disclosing in the communication the fact that it is an impersonation, dramatization, or simulation;

(16)  fails to contain disclaimers or disclosures required by this Rule 7.1 or the other Rules of Professional Conduct;

(17)  contains any other material statement or claim that cannot be factually substantiated.

(d)   Lawyers Responsible for Communication.

Every lawyer associated in the practice of law with or employed by the lawyer which causes or makes a communication in violation of this rule may be subject to discipline for the failure of the communication to comply with the requirements of this rule.

As of January 30, 2020

| | Last accessed on 1/24/2020 here |
|---|---|
| TENNESSEE | Same as MR |
| | Last accessed on 1/24/2020 here: http://www.tsc.state.tn.us/rules/supreme-court/8 |
| TEXAS | Texas Rule 7.02 |
| | (a) A lawyer shall not make or sponsor a false or misleading communication about the qualifications or the services of any lawyer or firm. A communication is false or misleading if it: |
| | (1) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading; |
| | (2) contains any reference in a public media advertisement to past successes or results obtained unless (i) the communicating lawyer or member of the law firm served as lead counsel in the matter giving rise to the recovery, or was primarily responsible for the settlement or verdict, |
| | (ii) the amount involved was actually received by the client, |
| | (iii) the reference is accompanied by adequate information regarding the nature of the case or matter and the damages or injuries sustained by the client, and |
| | (iv) if the gross amount received is stated, the attorney's fees and litigation expenses withheld from the amount are stated as well; |
| | (3) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate these rules or other law; |
| | (4) compares the lawyer's services with other lawyers' services, unless the comparison can be substantiated by reference to verifiable, objective data; |
| | (5) states or implies that the lawyer is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official; |
| | (6) designates one or more specific areas of practice in an advertisement in the public media or in a solicitation communication unless the advertising or soliciting lawyer is competent to handle legal matters in each such area of practice; or |
| | (7) uses an actor or model to portray a client of the lawyer or law firm. |
| | (b) Rule 7.02(a)(6) does not require that a lawyer be certified by the Texas Board of Legal Specialization at the time of advertising in a specific area of practice, but such certification shall conclusively establish that such lawyer satisfies the requirements of Rule 7.02(a)(6) with respect to the area(s) of practice in which such lawyer is certified. |
| | (c) A lawyer shall not advertise in the public media or state in a solicitation communication that the lawyer is a specialist except as permitted under Rule 7.04. |
| | (d) Any statement or disclaimer required by these rules shall be made in each language used in the advertisement or solicitation communication with respect to which such required statement or disclaimer relates; provided however, the mere statement that a particular language is spoken or understood shall not alone result in the need for a statement or disclaimer in that language. |
| | Last accessed on 1/24/2020 here |
| UTAH | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it: |

As of January 30, 2020

|  | (a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) is likely to create an unjustified or unreasonable expectation about results the lawyer can achieve or has achieved; or<br>(c) contains a testimonial or endorsement that violates any portion of this Rule.<br><br>Last accessed on 1/24/2020 here |
|---|---|
| VERMONT | Same as MR<br>Last accessed on 1/24/2020 here |
| VIRGINIA | Same as MR<br>Last accessed on 1/24/2020 here: http://www.vsb.org/pro-guidelines/index.php/rules/information-about-legal-services/rule7-1/ |
| WASHINGTON | Same as MR<br>Last accessed on 1/24/2020 here:<br>https://www.courts.wa.gov/court_rules/?fa=court_rules.list&group=ga&set=RPC |
| WEST VIRGINIA | Same as MR<br>Last accessed on 1/24/2020 here: http://www.courtswv.gov/legal-community/court-rules/professional-conduct/rule7.html#rule7.1 |
| WISCONSIN | A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:<br><br>(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;<br>(b) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law; or<br><br>(c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or<br><br>(d) contains any paid testimonial about, or paid endorsement of, the lawyer without identifying the fact that payment has been made or, if the testimonial or endorsement is not made by an actual client, without identifying that fact.<br>Last accessed on 1/24/2020 here: https://docs.legis.wisconsin.gov/misc/scr/20 |
| WYOMING | Same as MR<br>Last accessed on 1/24/2020 here |

**Copyright © 2020 American Bar Association. All rights reserved. Nothing contained in this chart is to be considered the rendering of legal advice. The chart is intended for educational and informational purposes only. Information regarding variations from the ABA Model Rules should not be construed as representing policy of the American Bar Association. The chart is current as of the date shown on each. A jurisdiction may have amended its rules or proposals since the time its chart was created. If you are aware of any inaccuracies in the chart, please send your corrections or additions and the source of that information to Natalia Vera, (312) 988-5328, natalia.vera@americanbar.org.**

As of January 30, 2020

# EXHIBIT 3



Boy Scouts History of Abuse

1,015 views • Feb 4, 2019

# EXHIBIT 4

## Stamatios Stamoulis

| | |
|---|---|
| **From:** | Goodman, Eric R. <EGoodman@brownrudnick.com> |
| **Sent:** | Sunday, September 6, 2020 1:21 PM |
| **To:** | Schiavoni, Tancred |
| **Cc:** | Stamatios Stamoulis; Rachel B. Mersky; Kirschenbaum, Andrew; James Stang; Rob Orgel; John A. Morris; John W. Lucas; Linda Cantor; 'joneill@pszjlaw.com'; Mason, Richard G.; Mayer, Douglas K.; Celentino, Joseph C.; Ringer, Rachael; Sharret, Jennifer; Wasson, Megan; Harron, Edwin; Zieg, Sharon; bmccullough@bodellbove.com; bruce.celebrezze@clydeco.us; Taylor.Meehan@clydeco.us; Gummow, Susan; Shleypak, Igor; Smethurst, Ryan; Warner, Margaret; msorem@nicolaidesllp.com; Wadley, Chris; Stamatios Stamoulis; Ruggeri, James P.; Williams, Abigail W.; Weinberg, Joshua D.; Gooding, Doug; Marshall, Jonathan D.; 'KMarrkand@mintz.com'; TJacobs@bradleyriley.com; John E. Bucheit; David M. Caves; Winsberg, Harris B.; Lorraine Armenti; Strubeck, Louis; 'Gluck, Kristian W.'; Smith, Laura; Brady, Robert; Mielke, Allison S.; Kochenash, Jared W.; mhrinewski@coughlinduffy.com; craig.goldblatt@wilmerhale.com; Seligman, Gary; Criss, Ashley; Beville, Sunni P.; Axelrod, Tristan G.; support@ava.law; Tim@Kosnoff.Com; Molton, David J.; Boelter, Jessica C.K.; Andolina, Michael C.; Labuda, Jr., Thomas; DAbbott@mnat.com; david.l.buchbinder@usdoj.gov; hannah.mccollum@usdoj.gov |
| **Subject:** | RE: Notice of Deposition of Andrew Van Arsdale and Timothy Kosnoff |

Mr. Schiavoni,

We have reviewed the agenda for the hearing on September 9th.  We are not aware of any notices being served in connection with the matters scheduled for hearing on September 9th stating that Mr. Van Arsdale and Mr. Kosnoff intend on offering testimony as fact witnesses at the hearing.

Mr. Van Arsdale and Mr. Kosnoff inform us that they have not been served with a subpoena.  We are also informed that absent your compliance with your obligations under the Civil Rules, the Bankruptcy Rules and the Local District Rules, Mr. Van Arsdale and Mr. Kosnoff are not willing to appear for deposition on Tuesday, September 8th.  In my prior email, I asked if you expect to perfect service prior to Tuesday at 1:00PM, Eastern Time.  At this time, we have received no indication that you have complied with your obligations.  Therefore, we presume that no depositions will be going forward based on your email sent Friday evening.  If this is incorrect, please let us know.

In addition, we have asked you to identify the factual issues that you believe make the depositions of Mr. Van Arsdale and Mr. Kosnoff necessary.  I view your email as not responsive to this request.  As a threshold matter, we request that you identify the specific factual issues raised in the motions scheduled to be heard on September 9th on which you seek discovery, and provide an explanation as to why such factual issues are relevant to the Court's consideration of such motions.  We may be open to providing you with written responses to specific questions, depending on your explanation.  We are also available for a meet and confer tomorrow, Monday, September 7th at 11:00AM, Eastern Time, to discuss these matters.

Finally, per your request, below find our contact information for Mr. Kosnoff and Mr. Van Arsdale:

Timothy D. Kosnoff
Direct:  425-803-8201
Fax:  206-837-9690
Email:  tim@kosnoff.com
U.S. Mailing Address:
1321 Upland Drive

PMB 4685
Houston, TX 77043
Andrew Van Arsdale
Direct: 858-922-1487
Fax: 619-374-2705
Email: andrew@avalaw.com
U.S. Mailing Address:
3667 Voltaire Street
San Diego, CA 92106

Best Regards,
Eric

# brownrudnick

**Eric R. Goodman**
Partner

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
T: 202.536.1740
M: 216.235.4242
egoodman@brownrudnick.com
www.brownrudnick.com

---

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Saturday, September 5, 2020 5:41 PM
**To:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Cc:** Stamatios Stamoulis <stamoulis@swdelaw.com>; Rachel B. Mersky <rmersky@monlaw.com>; Kirschenbaum, Andrew <akirschenbaum@omm.com>; James Stang <jstang@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; John A. Morris <jmorris@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Linda Cantor <lcantor@pszjlaw.com>; 'joneill@pszjlaw.com' <joneill@pszjlaw.com>; Mason, Richard G. <RGMason@WLRK.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>; Ringer, Rachael <RRinger@KRAMERLEVIN.com>; Sharret, Jennifer <JSharret@KRAMERLEVIN.com>; Wasson, Megan <MWasson@KRAMERLEVIN.com>; Harron, Edwin <eharron@ycst.com>; Zieg, Sharon <SZIEG@ycst.com>; bmccullough@bodellbowe.com; bruce.celebrezze@clydeco.us; Taylor.Meehan@clydeco.us; Gummow, Susan <sgummow@fgppr.com>; Shleypak, Igor <ishleypak@fgppr.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Warner, Margaret <mwarner@mwe.com>; msorem@nicolaidesllp.com; Wadley, Chris <cwadley@wwmlawyers.com>; 'stamoulis@swdelaw.com' <stamoulis@swdelaw.com>; Ruggeri, James P. <JRuggeri@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Gooding, Doug <dgooding@choate.com>; Marshall, Jonathan D. <jmarshall@choate.com>; 'KMarrkand@mintz.com' <KMarrkand@mintz.com>; TJacobs@bradleyriley.com; John E. Bucheit <jbucheit@bradleyriley.com>; David M. Caves <dcaves@bradleyriley.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Lorraine Armenti <LArmenti@coughlinduffy.com>; Strubeck, Louis <louis.strubeck@nortonrosefulbright.com>; 'Gluck, Kristian W.' <kristian.gluck@nortonrosefulbright.com>; Smith, Laura <laura.smith@nortonrosefulbright.com>; Brady, Robert <RBRADY@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; Kochenash, Jared W. <JKochenash@ycst.com>; mhrinewski@coughlinduffy.com; craig.goldblatt@wilmerhale.com; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; Beville, Sunni P. <SBeville@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; support@ava.law; Tim@Kosnoff.Com; Molton, David J. <DMolton@brownrudnick.com>; Boelter, Jessica C.K. <jboelter@sidley.com>; Andolina, Michael C. <mandolina@sidley.com>; Labuda, Jr., Thomas <tlabuda@sidley.com>; DAbbott@mnat.com; david.l.buchbinder@usdoj.gov; hannah.mccollum@usdoj.gov; Schiavoni, Tancred <tschiavoni@omm.com>
**Subject:** RE: Notice of Deposition of Andrew Van Arsdale and Timothy Kosnoff

External E-mail. Use caution accessing links or attachments.

Eric

I attach the agenda for the hearing on September 8. The motions listed on the agenda as agenda items 8, 9, 10 and 11 are all contested. The notices were served in connection with those matters and request the appearance of Mr. Van Arsdale and Mr. Kasnoff to offer testimony on the disputed factual issues in connection with these three motions.

Mr. Van Arsdale and Mr. Kasnoff sign your retention agreement which states that you act on behalf of the signing firms. And Mr. Kasnoff describes himself as the founder of your client the coalition. We respectfully ask that you and they comply. If Mr. Van Arsdale and Mr. Kasnoff will not appear and/or you or they claim that they are outside the jurisdiction of the Court, we ask that you let us know before Tuesday.

If you want us to communicate with them directly (they are listed on your email), please let us know and give us the best contact number you recommend using with them.

Thank you.

---

**From:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Sent:** Saturday, September 5, 2020 5:20 PM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>; Kirschenbaum, Andrew <akirschenbaum@omm.com>; James Stang <jstang@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; John A. Morris <jmorris@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Linda Cantor <lcantor@pszjlaw.com>; 'joneill@pszjlaw.com' <joneill@pszjlaw.com>; Mason, Richard G. <RGMason@WLRK.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>; Ringer, Rachael <RRinger@KRAMERLEVIN.com>; Sharret, Jennifer <JSharret@KRAMERLEVIN.com>; Wasson, Megan <MWasson@KRAMERLEVIN.com>; Harron, Edwin <eharron@ycst.com>; Zieg, Sharon <SZIEG@ycst.com>; bmccullough@bodellbove.com; bruce.celebrezze@clydeco.us; Taylor.Meehan@clydeco.us; Gummow, Susan <sgummow@fgppr.com>; Shleypak, Igor <ishleypak@fgppr.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Warner, Margaret <mwarner@mwe.com>; msorem@nicolaidesllp.com; Wadley, Chris <cwadley@wwmlawyers.com>; 'stamoulis@swdelaw.com' <stamoulis@swdelaw.com>; Ruggeri, James P. <JRuggeri@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Gooding, Doug <dgooding@choate.com>; Marshall, Jonathan D. <jmarshall@choate.com>; 'KMarrkand@mintz.com' <KMarrkand@mintz.com>; TJacobs@bradleyriley.com; John E. Bucheit <jbucheit@bradleyriley.com>; David M. Caves <dcaves@bradleyriley.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Lorraine Armenti <LArmenti@coughlinduffy.com>; Strubeck, Louis <louis.strubeck@nortonrosefulbright.com>; 'Gluck, Kristian W.' <kristian.gluck@nortonrosefulbright.com>; Smith, Laura <laura.smith@nortonrosefulbright.com>; Brady, Robert <RBRADY@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; Kochenash, Jared W. <JKochenash@ycst.com>; mhrinewski@coughlinduffy.com; craig.goldblatt@wilmerhale.com; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; Beville, Sunni P.

<SBeville@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; support@ava.law;
Tim@Kosnoff.Com; Molton, David J. <DMolton@brownrudnick.com>; Boelter, Jessica C.K. <jboelter@sidley.com>;
Andolina, Michael C. <mandolina@sidley.com>; Labuda, Jr., Thomas <tlabuda@sidley.com>; DAbbott@mnat.com;
Martin, Ernest <Ernest.Martin@haynesboone.com>; Azer, Adrian <Adrian.Azer@haynesboone.com>;
david.l.buchbinder@usdoj.gov; hannah.mccollum@usdoj.gov
**Cc:** Stamatios Stamoulis <stamoulis@swdelaw.com>; Rachel B. Mersky <rmersky@monlaw.com>
**Subject:** RE: Notice of Deposition of Andrew Van Arsdale and Timothy Kosnoff

[EXTERNAL MESSAGE]


Mr. Schiavoni,

We have reviewed your Amended Notices.  Other than adding the word "Amended" to the heading and removing
reference to the Federal Rules, the Bankruptcy Rules and the Local District Rules, these appear to be no different than
the Notices you sent Friday evening.  The Amended Notices do not include any exhibits identifying the areas of the
proposed depositions, which motion(s) scheduled for hearing on September 9th they are related to, or what factual
issues they are related to.  We respectfully ask that you clarify which motion and which factual issue(s) that you believe
make the proposed depositions necessary.

In your email you indicate that you want to depose Mr. Van Arsdale and Mr. Kosnoff as fact witnesses.  We do not
represent Mr. Van Arsdale or Mr. Kosnoff in their individual capacity and do not have authority to accept service on their
behalf.  Can you please confirm whether Mr. Van Arsdale and Mr. Kosnoff have been served in accordance with Civil
Rule 30(a)(1) and Civil Rule 45 and, if not, whether you expect to perfect service prior to Tuesday at 1:00PM, Eastern
Time.


Best Regards,
Eric

# brownrudnick

**Eric R. Goodman**
Partner

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
T: 202.536.1740
M: 216.235.4242
egoodman@brownrudnick.com
www.brownrudnick.com

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Saturday, September 5, 2020 3:36 PM
**To:** Goodman, Eric R. <EGoodman@brownrudnick.com>; Kirschenbaum, Andrew <akirschenbaum@omm.com>; James
Stang <jstang@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; John A. Morris <jmorris@pszjlaw.com>; John W. Lucas
<jlucas@pszjlaw.com>; Linda Cantor <lcantor@pszjlaw.com>; 'joneill@pszjlaw.com' <joneill@pszjlaw.com>; Mason,
Richard G. <RGMason@WLRK.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C.
<JCCelentino@wlrk.com>; Ringer, Rachael <RRinger@KRAMERLEVIN.com>; Sharret, Jennifer
<JSharret@KRAMERLEVIN.com>; Wasson, Megan <MWasson@KRAMERLEVIN.com>; Harron, Edwin
<eharron@ycst.com>; Zieg, Sharon <SZIEG@ycst.com>; bmccullough@bodellbove.com; bruce.celebrezze@clydeco.us;
Taylor.Meehan@clydeco.us; Gummow, Susan <sgummow@fgppr.com>; Shleypak, Igor <ishleypak@fgppr.com>;
Smethurst, Ryan <rsmethurst@mwe.com>; Warner, Margaret <mwarner@mwe.com>; msorem@nicolaidesllp.com;

Wadley, Chris <cwadley@wwmlawyers.com>; 'stamoulis@swdelaw.com' <stamoulis@swdelaw.com>; Ruggeri, James P. <JRuggeri@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Gooding, Doug <dgooding@choate.com>; Marshall, Jonathan D. <jmarshall@choate.com>; 'KMarrkand@mintz.com' <KMarrkand@mintz.com>; TJacobs@bradleyriley.com; John E. Bucheit <jbucheit@bradleyriley.com>; David M. Caves <dcaves@bradleyriley.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Lorraine Armenti <LArmenti@coughlinduffy.com>; Strubeck, Louis <louis.strubeck@nortonrosefulbright.com>; 'Gluck, Kristian W.' <kristian.gluck@nortonrosefulbright.com>; Smith, Laura <laura.smith@nortonrosefulbright.com>; Brady, Robert <RBRADY@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; Kochenash, Jared W. <JKochenash@ycst.com>; mhrinewski@coughlinduffy.com; craig.goldblatt@wilmerhale.com; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; Beville, Sunni P. <SBeville@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; support@ava.law; Tim@Kosnoff.Com; Molton, David J. <DMolton@brownrudnick.com>; Boelter, Jessica C.K. <jboelter@sidley.com>; Andolina, Michael C. <mandolina@sidley.com>; Labuda, Jr., Thomas <tlabuda@sidley.com>; DAbbott@mnat.com; Martin, Ernest <Ernest.Martin@haynesboone.com>; Azer, Adrian <Adrian.Azer@haynesboone.com>; Tarr@BlankRome.com; david.l.buchbinder@usdoj.gov; hannah.mccollum@usdoj.gov
**Cc:** Stamatios Stamoulis <stamoulis@swdelaw.com>; Rachel B. Mersky <rmersky@monlaw.com>; Schiavoni, Tancred <tschiavoni@omm.com>
**Subject:** RE: Notice of Deposition of Andrew Van Arsdale and Timothy Kosnoff

**External E-mail. Use caution accessing links or attachments.**

Eric

After exchanging an email with you about this, we amended the deposition notices for your clients to make clear that they are noticed as fact witnesses in connection with the contested matters that are the subject of the hearing on September 9.  I attach copies of amended notices.  We can have a court reporter present on Tuesday at the locations where Tim and Andrew will appear or can have the court reporter on zoom.  Please let us know their preference in this regard.

We were only provided with documents late Friday by the Coilation, as you know.

Thank you.

**From:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Sent:** Saturday, September 5, 2020 11:19 AM
**To:** Kirschenbaum, Andrew <akirschenbaum@omm.com>; James Stang <jstang@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; John A. Morris <jmorris@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Linda Cantor <lcantor@pszjlaw.com>; 'joneill@pszjlaw.com' <joneill@pszjlaw.com>; Mason, Richard G. <RGMason@WLRK.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>; Ringer, Rachael <RRinger@KRAMERLEVIN.com>; Sharret, Jennifer <JSharret@KRAMERLEVIN.com>; Wasson, Megan <MWasson@KRAMERLEVIN.com>; Harron, Edwin <eharron@ycst.com>; Zieg, Sharon <SZIEG@ycst.com>; bmccullough@bodellbove.com; bruce.celebrezze@clydeco.us; Taylor.Meehan@clydeco.us; Gummow, Susan <sgummow@fgppr.com>; Shleypak, Igor <ishleypak@fgppr.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Warner, Margaret <mwarner@mwe.com>; msorem@nicolaidesllp.com; Schiavoni, Tancred <tschiavoni@omm.com>; Wadley, Chris <cwadley@wwmlawyers.com>; 'stamoulis@swdelaw.com' <stamoulis@swdelaw.com>; Ruggeri, James P. <JRuggeri@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Gooding, Doug <dgooding@choate.com>; Marshall, Jonathan D. <jmarshall@choate.com>; 'KMarrkand@mintz.com' <KMarrkand@mintz.com>; TJacobs@bradleyriley.com; John E. Bucheit <jbucheit@bradleyriley.com>; David M. Caves <dcaves@bradleyriley.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Lorraine Armenti <LArmenti@coughlinduffy.com>; Strubeck, Louis <louis.strubeck@nortonrosefulbright.com>; 'Gluck, Kristian W.' <kristian.gluck@nortonrosefulbright.com>; Smith, Laura <laura.smith@nortonrosefulbright.com>; Brady, Robert <RBRADY@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; Kochenash, Jared W. <JKochenash@ycst.com>; mhrinewski@coughlinduffy.com; craig.goldblatt@wilmerhale.com;

Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; Beville, Sunni P.
<SBeville@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; support@ava.law;
Tim@Kosnoff.Com; Molton, David J. <DMolton@brownrudnick.com>; Boelter, Jessica C.K. <jboelter@sidley.com>;
Andolina, Michael C. <mandolina@sidley.com>; Labuda, Jr., Thomas <tlabuda@sidley.com>; DAbbott@mnat.com;
Martin, Ernest <Ernest.Martin@haynesboone.com>; Azer, Adrian <Adrian.Azer@haynesboone.com>;
Tarr@BlankRome.com; david.l.buchbinder@usdoj.gov; hannah.mccollum@usdoj.gov
**Cc:** Schiavoni, Tancred <tschiavoni@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Rachel B. Mersky
<rmersky@monlaw.com>
**Subject:** RE: Notice of Deposition of Timothy Kosnoff

[EXTERNAL MESSAGE]

Mr. Schiavoni,

We are in receipt of the Notices of Depositions of two of the personal injury counsel sent out late
yesterday.  We did not receive a copy of any exhibits identifying the areas the proposed depositions are
intended to address or what pending matter(s) they are related to.  We do not know if this was an error or if
there was a reason this was omitted.  We also are surprised by the last minute timing of a Friday late afternoon
before a holiday weekend filing a Notice of Deposition for a deposition on the next business day.

We have no interest in interfering with any legitimate process or in causing any delay.  We leave it to the
individual deponents to address the timing and propriety of the Notices and issues they may have concerning
scope.  However, in order to address the Coalition's interests we need confirmation of the intended scope and
which pending motions/adversaries the depositions are intended to be related to.  We also preserve any issues
related to privilege between the Deponents and the Coalition and its counsel.

We note that the Deponents are counsel to some of the Coalition members and as such there may be privilege
issues that could arise during the deposition.  Once we are provided with the intended scope of the proposed
depositions and the pleadings they relate to we may be able to resolve any issues before they arise and save
time and avoid any unnecessary judicial involvement.

Best Regards,
Eric

# brown rudnick

**Eric R. Goodman**
Partner

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
T: 202.536.1740
M: 216.235.4242
egoodman@brownrudnick.com
www.brownrudnick.com

**From:** Kirschenbaum, Andrew <akirschenbaum@omm.com>
**Sent:** Friday, September 4, 2020 4:27 PM
**To:** James Stang <jstang@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; John A. Morris <jmorris@pszjlaw.com>; John
W. Lucas <jlucas@pszjlaw.com>; Linda Cantor <lcantor@pszjlaw.com>; 'joneill@pszjlaw.com' <joneill@pszjlaw.com>;
Mason, Richard G. <RGMason@WLRK.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C.
<JCCelentino@wlrk.com>; Ringer, Rachael <RRinger@KRAMERLEVIN.com>; Sharret, Jennifer

<JSharret@KRAMERLEVIN.com>; Wasson, Megan <MWasson@KRAMERLEVIN.com>; Harron, Edwin <eharron@ycst.com>; Zieg, Sharon <SZIEG@ycst.com>; bmccullough@bodellbove.com; bruce.celebrezze@clydeco.us; Taylor.Meehan@clydeco.us; Gummow, Susan <sgummow@fgppr.com>; Shleypak, Igor <ishleypak@fgppr.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Warner, Margaret <mwarner@mwe.com>; msorem@nicolaidesllp.com; Schiavoni, Tancred <tschiavoni@omm.com>; Kirschenbaum, Andrew <akirschenbaum@omm.com>; Wadley, Chris <cwadley@wwmlawyers.com>; 'stamoulis@swdelaw.com' <stamoulis@swdelaw.com>; Ruggeri, James P. <JRuggeri@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Gooding, Doug <dgooding@choate.com>; Marshall, Jonathan D. <jmarshall@choate.com>; 'KMarrkand@mintz.com' <KMarrkand@mintz.com>; TJacobs@bradleyriley.com; John E. Bucheit <jbucheit@bradleyriley.com>; David M. Caves <dcaves@bradleyriley.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Lorraine Armenti <LArmenti@coughlinduffy.com>; Strubeck, Louis <louis.strubeck@nortonrosefulbright.com>; 'Gluck, Kristian W.' <kristian.gluck@nortonrosefulbright.com>; Smith, Laura <laura.smith@nortonrosefulbright.com>; Brady, Robert <RBRADY@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; Kochenash, Jared W. <JKochenash@ycst.com>; mhrinewski@coughlinduffy.com; craig.goldblatt@wilmerhale.com; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; Beville, Sunni P. <SBeville@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; support@ava.law; Tim@Kosnoff.Com; Molton, David J. <DMolton@brownrudnick.com>; Boelter, Jessica C.K. <jboelter@sidley.com>; Andolina, Michael C. <mandolina@sidley.com>; Labuda, Jr., Thomas <tlabuda@sidley.com>; DAbbott@mnat.com; Martin, Ernest <Ernest.Martin@haynesboone.com>; Azer, Adrian <Adrian.Azer@haynesboone.com>; Tarr@BlankRome.com; david.l.buchbinder@usdoj.gov; hannah.mccollum@usdoj.gov
**Cc:** Schiavoni, Tancred <tschiavoni@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>
**Subject:** Notice of Deposition of Timothy Kosnoff

**External E-mail. Use caution accessing links or attachments.**

Please see the attached deposition notice for Mr. Kosnoff on Tuesday, Sept. 8, 2020 at 3:00 p.m. ET.

## O'Melveny

**Andrew L. Kirschenbaum**
Associate
akirschenbaum@omm.com
O: +1-212-728-5878
————————————————
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

*********************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*