**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 1144, 1161, 1227, 1229** |

**Objection Deadline: September 9, 2020 at 10:00 a.m. (ET)**
**Hearing Date: September 9, 2020 at 10:00 a.m. (ET)**

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING TORT CLAIMANTS'
COMMITTEE TO FILE UNDER SEAL PORTIONS OF THE (A) OBJECTION OF
THE TORT CLAIMANTS' COMMITTEE TO MOTION OF THE COALITION OF
ABUSED SCOUTS FOR JUSTICE FOR AN ORDER (I) AUTHORIZING THE
COALITION TO FILE UNDER SEAL EXHIBIT A TO THE AMENDED 2019
STATEMENT AND (II) APPROVING THE SUFFICIENCY OF THE AMENDED
2019 STATEMENT; AND THE (B) OBJECTION OF THE TORT CLAIMANTS'
COMMITTEE TO MOTION OF THE COALITION OF ABUSED SCOUTS FOR
JUSTICE TO PARTICIPATE IN THE MEDIATION**

The official committee of survivors of childhood sexual abuse (the "Tort Claimants'

Committee" or the "TCC") hereby files this motion (the "Motion") seeking entry of an order

(the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (1) authorizing

the TCC to file under seal certain limited portions (the "Highly Confidential Information") of

the *Objection of the Tort Claimants' Committee to Motion of the Coalition of Abused Scouts for*

*Justice for an Order (I) Authorizing the Coalition to File Under Seal Exhibit A to the Amended*

*2019 Statement and (II) Approving the Sufficiency of the Amended 2019 Statement* [D.I. 1227]

(the "TCC 2019 Objection") filed in opposition to the *Motion of the Coalition of Abused Scouts*

*for Justice for an Order (I) Authorizing the Coalition to File Under Seal Exhibit A to the*

*Amended 2019 Statement and (II) Approving the Sufficiency of the Amended 2019 Statement*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[D.I. 1144] (the "Coalition Under Seal Motion") and (2) authorizing the TCC to file under seal

the Highly Confidential Information in the *Objection of the Tort Claimants' Committee to*

*Motion of the Coalition of Abused Scouts for Justice to Participate in the Mediation* [D.I. 1229]

(the "TCC Mediation Objection") filed in opposition to the *Motion of the Coalition of Abused*

*Scouts for Justice to Participate in the Mediation* [D.I. 1161] (the "Coalition Mediation

Motion") directing that the Highly Confidential Information shall remain under seal and

confidential pursuant to the terms of the Protective Order (as defined below) entered in these

cases and not be made available to anyone, except to the Court and the Office of the United

States Trustee for the District of Delaware (the "U.S. Trustee"); and (2) granting related relief.

In support of the Motion, the TCC respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012.  The TCC confirms its consent, pursuant to rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), to the entry of a final order by the Court in

connection with this motion to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 107(b) of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"),

Bankruptcy Rule 9018, and Local Rule 9018-1.

2

## BACKGROUND

4.      On June 8, 2020, the Court entered the *Order Approving Confidentiality and Protective Order* (June 8, 2020) [D.I. 799], which entered Exhibit 1 the *Confidentiality and Protective Order* [D.I. 799-1] (the "Protective Order").

5.      On June 9, 2020, the Court entered the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* (June 9, 2020) [D.I. 812] (the "Mediation Order").

6.      On July 29, 2020, the Coalition of Abused Scouts for Justice (the "Coalition") filed the *Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1053] (the "2019 Statement").

7.      On August 14, 2020, Coalition filed the *Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1106] (the "Amended 2019 Statement").

8.      On August 24, 2020, Coalition filed Exhibit A to the Amended 2019 Statement under seal [D.I. 1143].

9.      On August 24, 2020, the Coalition filed the Coalition Under Seal Motion.

10.      On August 26, 2020, the Coalition filed the Coalition Mediation Motion.

11.      On September 2, 2020, the TCC filed the TCC 2019 Objection.

12.      On September 2, 2020, the TCC filed the TCC Mediation Objection.

13.      The Highly Confidential Information in the TCC 2019 Objection and TCC Mediation Objection has been marked as such by the Coalition.  The TCC therefore seeks leave to file under seal pursuant to the terms of the Protective Order the limited portions of the Highly Confidential Information in the TCC 2019 Objection and TCC Mediation Objection.

3

## RELIEF REQUESTED

14.     By this Motion, the TCC requests entry of the Proposed Order (a) authorizing

the TCC to file under seal the Highly Confidential Information pursuant to the terms of the

Protective Order and/or provided on a "professional eyes only basis"; (b) directing that the

Highly Confidential Information shall remain under seal and confidential and not be made

available to anyone, except to the Court and the U.S. Trustee; and (c) granting related relief.

## BASIS FOR RELIEF

15.     Section 5.3 of the Protective Order provides that a Producing Party:[2]

> may designate Discovery Material as **HIGHLY CONFIDENTIAL**" if such
> Producing Party believes in good faith (or with respect to Discovery Material
> received from a Party in Interest, has been advised by such other person or entity
> in good faith) that such Discovery Material contains information that: (a)
> constitutes a trade secret under applicable law; or (b) contains such highly
> sensitive financial, personal, or business information that is of such a nature that
> disclosure to persons other than those identified in Paragraph 7.3 of this Order, as
> applicable, would present a risk of competitive injury. Such HIGHLY
> CONFIDENTIAL material includes, but is not limited to, Discovery Material
> reflecting trade secrets; sensitive financial, personal or business information,
> including insurance policy information; any financial information provided by
> an individual Local Council originally designated as "Committee Advisor Only"
> but converted to "Highly Confidential" pursuant to paragraph 7.4; or those
> portions of any material prepared by such Producing Party's legal advisors,
> industry advisors, financial advisors, accounting advisors, experts of consultants
> (and their respective staff) that are retained by any Party that include or reveal
> Highly Confidential Discovery Material.

Protective Order § 5.3.

16.     Section 7.6 of the Protective Order governs the filing or submitting of Protected

Material, which is defined as "Discovery Material designated as 'CONFIDENTIAL,' 'HIGHLY

CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Section 7.6 provides in relevant

part that:

---

[2] Producing Party is defined in the Protective Order as "any person or entity that produces, provides, or makes available Discovery Material to any Party." *See* Protective Order, II.

any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.

Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code.

*Id.* § 7.6.

## **CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)**

17.    Pursuant to Local Rule 9018-1(d), counsel for the TCC certifies that counsel to the TCC and counsel to the Coalition the "Holder of Confidentiality Rights" (as such term is defined in Local Rule 9018-1) conferred in good faith regarding the scope of material to be redacted from the TCC 2019 Objection and TCC Mediation Objection. The redacted versions of the TCC 2019 Objection [D.I. 1228] and TCC Mediation Objection [D.I. 1231] reflects such parties' agreement regarding the scope of material to be redacted and remain under seal.

## **CONCLUSION**

WHEREFORE, the TCC respectfully requests that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Date: September 7, 2020                    **PACHULSKI STANG ZIEHL & JONES LLP**

                                           _/s/ James E. O'Neill_
                                           James I. Stang (CA Bar No. 94435)
                                           John A. Morris (NY Bar No. 2405397)
                                           James E. O'Neill (DE Bar No. 4042)
                                           John W. Lucas (CA Bar No. 271038)
                                           919 North Market Street, 17th Floor
                                           P.O. Box 8705
                                           Wilmington, DE  19899 (Courier 19801)
                                           Telephone: 302-652-4100
                                           Facsimile: 302-652-4400
                                           Email: jstang@pszjlaw.com
                                                   jmorris@pszjlaw.com
                                                   joneill@pszjlaw.com
                                                   jlucas@pszjlaw.com

                                           _Counsel for the Tort Claimants' Committee_