IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC<br><br>Debtors | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1268** |

**CENTURY'S OBJECTION TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TORT CLAIMANTS' COMMITTEE TO FILE UNDER SEAL THE (A) OBJECTION OF THE TCC TO THE COALITION FOR AN ORDER (I) AUTHORIZING THE COALITION TO FILE UNDER SEAL EXHIBIT A TO ITS 2019 STATEMENT AND (II) APPROVING THE SUFFICIENCY OF THE AMENDED 2019 STATEMENT; AND THE (B) OBJECTION TO THE TORT TCC TO THE MOTION OF COALITION TO PARTICIPATE IN THE MEDIATION [DKT. 1268).**

The Official Committee of Tort Claimants ("TCC") does nothing to try to meet its burden to prove that the information it seeks to seal is worthy of that sealing under *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019). This is not a serious motion. There is not even a declaration.

Under *Avandia*, the provision of the information sought is essential to "provide[] an opportunity for interested third parties to be heard." *Id.* at 672–73. Century is a party to the pending contested motions and needs the information the TCC seeks to seal to have an opportunity to be heard.

*Avandia* sets forth the standard for overcoming the presumption of openness that attaches to records submitted on a contested motion:

> [T]he District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[] an opportunity for interested third parties to be heard." "In delineating the injury to be prevented, specificity is essential." "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." "[C]areful fact-finding and

> balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." To that end, the District Court must "conduct[] a document-by-document review" of the contents of the challenged documents."

*Id.* at 672–73 (first quoting *Cendant*, 260 F.3d at 194, then quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)) (second, third, and fourth alterations in original); *see also Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*, No. CV 19-2216-RGA, 2019 WL 6910264, at *1 (D. Del. Dec. 19, 2019). As part of this showing, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Avandia*, 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).

The TCC makes no offer of proof to show that any of the redacted text constitutes a trade secret. It offers nothing to explain why the email sent by Mr. Kosnoff is entitled to sealing. Not even an explanation. Nor does the TCC offer anything to show that there is a legitimate confidentiality concern. The Protective Order was entered with the consent of the Tort Claimants' Committee on the representation that its terms protect the confidentiality interests of claimants. It was not held out as authorizing *in camera* submissions to the Court on disputed motions. Nothing in the terms of the Protective Order envision it being used as a shield against disclosure to Century. The redacted information could be shared with Century under the terms of the Protective Order.

Finally, if there were any doubt that there is cause to require robust 2019 disclosures from the Coalition, the revelations in the unredacted portions of the TCC's filing make clear that nothing less than full transparency should be required here. The Coalition has, at best, not been forthcoming before this Court with respect to who it represents. [D.I. 1228 at 7–14.] It has also, we now know, privately expressed its contempt for the process, the parties involved, and it belief

that it can and will exert total control over this case. [*Id.* at 20–21.] To protect the integrity of the bankruptcy process, the Court should require full disclosure of the TCC's submission and permit Century access to these documents.

Neither the TCC nor the Coalition met and conferred with Century before filing their motions to seal.

WHEREFORE, Century respectfully prays this Honorable Court to deny the TCC's motion to seal and, to the extent that any of the redacted information includes personal identifying information, direct that it be shared with Century under the terms of the Protective Order.

Dated:  September 8, 2020

Respectfully Submitted,

By:  */s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)

STIMULI'S & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*