**brown**rudnick

ERIC R. GOODMAN
EGoodman@brownrudnick.com

September 8, 2020

**VIA EMAIL (CACIA_BATTS@DEB.USCOURTS.GOV)**

Judge Laurie Selber Silverstein
United States Bankruptcy Court District of Delaware
824 North Market Street
6th Floor
Wilmington, DE  19801

RE:    **In re Boy Scouts of America and Delaware BSA, LLC, Case No. 20-10343 (LSS)**

Dear Judge Silverstein,

        We feel compelled to respond to the recent submissions of Century Indemnity Company ("Century") to ensure clarity regarding Century's attempt to depose Mr. Timothy Kosnoff and Mr. Andrew Van Arsdale—plaintiff's attorneys who represented members of the Official Committee of Tort Claimants and who represent survivors and members of the Coalition for Abused Scouts for Justice (the "Coalition")—on one business day's notice.

        First, in multiple agendas filed for the September 9th hearing there has never been any indication that any party, objector or joinder to objector, intends to call fact witnesses.  Despite our multiple requests, Century has refused to identify any factual issues that would make depositions necessary in connection with the September 9th hearing, let alone the depositions of legal counsel.  We believe that the pending issues before the Court are legal in nature.

        Second, the allegations contained in Century's Supplemental Submission [Dkt. No. 1266] filed on Tuesday, September 8th regarding the Notices of Deposition emailed by Century's counsel to, among other parties, the Coalition on Friday, September 4th are incomplete.  Mr. Kosnoff and Mr. Van Arsdale did not refuse to appear for deposition in response to a subpoena.

        Century's counsel failed to serve Mr. Kosnoff and Mr. Van Arsdale and instead tried to notice their depositions on one business day's notice by emailing the Coalition's counsel who does not represent Mr. Kosnoff or Mr. Van Arsdale individually.  Century's counsel also refused our invitation for a meet and confer on this topic.  We believe that the history of the Notices of Deposition and the communications associated therewith demonstrate that the Coalition's responses were prompt, responsive, and appropriate, as evidenced by the email chain filed as Exhibit 4 to the Declaration of Tancred Schiavono [Dkt. No. 1267] and the email chain attached hereto, which we provide to add clarity and without commentary.

        Third, the Coalition has worked extensively with the Debtors over the holiday weekend to resolve the Debtors' concerns and to reach a consensual agreement on the form of order for the Supplemental Bar Date Motion.  The Coalition has also worked to provide documentation to the Debtors to resolve issues with the 2019 Motion and the Coalition's Motion to be included in the Mediation.  This afternoon the Debtors filed an Omnibus Response [Dkt. No. 1269] both acknowledging the Debtors'



September 8, 2020
Page 2

belief that the Coalition's obligations under Rule 2019 have been met and endorsing the inclusion of the Coalition as a Mediation Party. We hope that the hearing tomorrow will proceed smoothly in light of these events.

We are available for a status conference if the Court wishes to address this matter prior to the hearing scheduled for Wednesday, September 9th at 10:00AM, Eastern Time. We will also be prepared to address these issues at the September 9th hearing to the extent that the Court deems it necessary.

Sincerely,

**BROWN RUDNICK LLP**

/s/ Eric R. Goodman

Eric R. Goodman