IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline:  September 25, 2020 at 4:00 p.m.
Hearing Date:  To be scheduled if necessary

**FIFTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM JULY 1, 2020 THROUGH JULY 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2020 through July 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $678,423.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   6,612.09 |

This is a:        x   monthly          interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $6,064.88 | $619,406.00[2] | $6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $3,045.94 | $515,736.40 | $3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $3,681.07 | $527,694.80 | $3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $5,651.98 | Pending | Pending |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 109.80 | $131,211.00 |
| Dean A. Ziehl | Partner 1983; Member of CA Bar 1978; Member of DC Bar since 2002; Member of NY Bar since 2003 | $1,195.00 | 2.30 | $  2,748.50 |
| David J. Barton | Partner 2000; Member of Ca Bar since 1981 | $1,195.00 | 4.10 | $  4,899.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 111.70 | $127,896.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 0.40 | $      458.00 |
| Andrew W. Caine | Partner 1989; Member of CA Bar since 1983 | $1,095.00 | 19.70 | $ 21,571.50 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 0.60 | $      645.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 2.40 | $  2,580.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 52.60 | $ 56,545.00 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 1.80 | $  1,845.00 |

---

[2] This amount reflects an agreed upon reduction of $2,000.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 57.70 | $ 59,142.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 1.20 | $ 1,320.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 3.80 | $ 3,781.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 2.60 | $ 2,470.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $ 950.00 | 45.10 | $ 42,845.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 24.00 | $ 22,200.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 | $ 925.00 | 1.20 | $ 1,110.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 35.50 | $ 30,175.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 105.80 | $ 87,285.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 53.70 | $ 44,302.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 9.20 | $ 7,314.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 6.30 | $ 4,882.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 10.20 | $ 6,885.00 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 4.90 | $ 2,205.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 17.00 | $ 7,225.00 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 4.60 | $ 1,955.00 |
| La Asia S. Canty | Paralegal 2017 | $ 425.00 | 0.20 | $ 85.00 |
| Nancy P. F. Lockwood | Paralegal 2018 | $ 425.00 | 1.00 | $ 425.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 0.80 | $ 316.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 5.10 | $   1,785.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $  350.00 | 0.40 | $      140.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 0.50 | $      175.00 |

**Grand Total:**     **$678,423.50**
**Total Hours:**          **696.20**
**Blended Rate:**      **$974.47**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 240.00 | $249,123.50 |
| Bankruptcy Litigation | 138.00 | $124,034.50 |
| Case Administration | 11.00 | $ 5,685.00 |
| Claims Admin./Objections | 32.50 | $ 27,567.50 |
| Compensation of Professional | 7.60 | $ 5,820.00 |
| Compensation of Prof./Others | 2.50 | $ 1,717.50 |
| Financing | 6.00 | $ 6,014.00 |
| General Creditors Comm. | 85.60 | $ 88,577.50 |
| Hearing | 5.40 | $ 5,751.00 |
| Insurance Coverage | 36.10 | $ 37,257.50 |
| Litigation (Non-Bankruptcy) | 0.20 | $ 239.00 |
| Meeting of Creditors | 2.90 | $ 2,709.50 |
| Mediation | 74.70 | $ 72,357.00 |
| Plan & Disclosure Statement | 11.40 | $ 11,631.00 |
| Stay litigation | 42.30 | $ 39,939.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Bloomberg | | $ 60.20 |
| Conference Call | Loop Up; AT&T Conference Call; CourtCall | $ 289.33 |
| CourtLink | | $ 1.55 |
| Federal Express | | $ 182.84 |
| Legal Services | Lexis/Nexis | $2,095.42 |
| Outside Services | Fidelity National Title Insurance Co | $2,701.74 |
| Court Research | Pacer | $ 315.10 |
| Postage | US Mail | $ 222.15 |
| Reproduction Expense | | $ 68.60 |
| Reproduction/Scan Copy | | $ 255.80 |
| Research | Everlaw | $ 419.36 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  September 25, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FIFTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM JULY 1, 2020 THROUGH JULY 31, 2020**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J"

or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

Fifth Monthly Application for Compensation and for Reimbursement of Expenses for the Period

from July 1, 2020 through July 31, 2020 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $678,423.50 and actual and necessary expenses in the amount of $6,612.09 for a total allowance of $685,035.59 and payment of $542,738.80 (80% of the allowed fees) and reimbursement of $6,612.09 (100% of the allowed expenses) for a total payment of $549,350.89 for the period July 1, 2020 through July 31, 2020 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.       The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.       All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.       PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.      The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.     Asset Analysis/Recovery

15.     This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed restricted

property issues; (2) maintained a tracking chart regarding discovery requests and Local Councils; (3) reviewed and analyzed issues regarding Local Council charters; (4) reviewed and analyzed asset transfer issues; (5) performed work regarding a memorandum concerning Local Council assets and access issues; (6) reviewed and analyzed prior instances of threatened Local Council asset transfers; (7) reviewed and analyzed issues regarding BSA and Local Council relationships; (8) performed work regarding a letter concerning potential transfer of threatened assets; (9) reviewed and analyzed litigation strategy issues, and reviewed and analyzed theories of Local Council liability; (10) performed work regarding a summary outline relating to asset restrictions; (11) performed work regarding a restricted gift memorandum; (12) reviewed and analyzed charter revocation issues; (13) reviewed and analyzed strategy issues regarding preventing asset transfers by Local Councils; (14) reviewed and analyzed tracing issues; (15) reviewed and analyzed a spreadsheet regarding restricted property; (16) reviewed and analyzed issues regarding fraudulent transfers by Local Councils and remedies; (17) reviewed and analyzed Local Council discovery responses; (18) reviewed and analyzed the Debtor's Statement of Financial Affairs, and the cash collateral motion and order, regarding restricted property issues; (19) performed work regarding a summary of Local Council asset transfers and the Committee response in preparation for a hearing; (20) reviewed and analyzed corporate charter documents, bylaws and rules summaries regarding effect on tort claimants; (21) reviewed and analyzed issues regarding potential litigation against Local Councils who transferred assets or who threatened to transfer assets; (22) performed work regarding the background section of the restricted property memorandum; (23) reviewed and analyzed notice issues under Florida,

Minnesota, West Virginia and New Mexico law; (24) reviewed and analyzed issues regarding

Plan process, mediation and restricted property interaction; (25) reviewed and analyzed

contribution claims issues; (26) attended to document request and meet and confer issues relating

to Local Councils; (27) reviewed and analyzed a motion to dissolve New World and Texas BSA;

(28) reviewed and analyzed issues regarding Bankruptcy Code non-profit transfer restrictions

and regarding trust interest transfer restrictions; (29) performed work regarding a memorandum

relating to contribution claims by BSA against Local Councils; (30) reviewed and analyzed

issues regarding defaulting Local Councils and modifying injunction; (31) reviewed and

analyzed insurance subrogation and contribution issues; (32) reviewed and analyzed Treasury

regulations regarding non-profits; (33) reviewed and analyzed issues regarding charitable

immunity and restrictions based on "core mission"; (34) performed work regarding the review of

Local Councils document production; (35) performed work regarding letters to Local Councils;

(36) reviewed and analyzed State Law regarding charitable immunity; and (37) corresponded and

conferred regarding asset analysis and recovery issues.

Fees:  $249,123.50;    Hours:  240.00

**B.    Bankruptcy Litigation**

16.    This category relates to work regarding motions and adversary

proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:

(1) attended to issues regarding an objection to preliminary injunction extension; (2) reviewed

and analyzed discovery and strategy issues; (3) performed work regarding a Common Interest

Agreement; (4) reviewed and analyzed issues regarding bylaws and articles; (5) performed work

regarding discovery requests to Local Councils; (6) reviewed and analyzed Local Council acknowledgments in response to injunction requirement; (7) reviewed and analyzed litigation strategies relating to BSA/Local Council relationships; (8) performed work regarding a draft document production request to Local Councils; (9) performed work regarding a cease and desist letter to Local Councils; (10) performed work regarding a letter to BSA regarding threatened transfers of Local Council assets and standing demand; (11) reviewed and analyzed standing issues; (12) reviewed and analyzed issues regarding document requests to insurance carriers; (13) performed work regarding Agenda Notices and Hearing Binders; (14) performed work regarding Local Council acknowledgment default notices; (15) reviewed and analyzed Middle Tennessee Council assets and locations and performed work regarding a Middle Tennessee Council demand letter; (16) performed work regarding a cease and desist letter to the Baltimore Area Council; (17) reviewed and analyzed issues regarding rights of third parties to bring claims against Local Councils directly; (18) attended to issues regarding a stipulation relating to Kentucky defendants and injunctive relief; (19) prepared for and attended a conference call with the Local Council Subcommittee; (20) attended to issues regarding access to the PeopleSoft accounting system; (21) performed work regarding a Bankruptcy Rule 2004 motion against Local Councils; (22) reviewed and analyzed documents; (23) reviewed and analyzed issues related to insurance policies and right of contribution; (24) reviewed and analyzed issues regarding meet and confer relating to Local Councils; (25) performed work regarding a meet and confer concerning document requests and the Minsi Trails Local Council; (26) performed work regarding an order terminating injunction for defaulting Local Councils; (27) reviewed and

analyzed mediator requests to extend personal injury deadline; (28) prepared for and participated in meet and confer conference calls with counsel for the Atlanta, Mid Atlantic and Denver Local Councils regarding the Local Councils response to document production; (29) reviewed and analyzed privilege issues; (30) performed work regarding orders terminating stay relating to Grand Teton and Cimarron Local Councils; (31) prepared for and participated in meet and confer conference calls with counsel for the Andrew Jackson and Greater New York Local Councils; (32) reviewed and analyzed document production from Local Councils; and (33) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $124,034.50;    Hours:  138.00

**C.      Case Administration**

17.      This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) maintained a work-in-progress chart; (4) attended to issues regarding notices of appearance; and (5) corresponded regarding case administration issues.

Fees:  $5,685.00;      Hours:  11.00

**D.      Claims Admin/Objections**

18.      This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) responded to inquiries from claimants and their counsel; (2) reviewed and analyzed issues regarding a claims platform; (3) performed work regarding a claims spreadsheet; (4) reviewed, analyzed and categorized

claims; (5) reviewed and analyzed mediation issues; (6) performed work regarding an abuse

claim matrix; (7) updated the claims matrix with respect to the applicable Local Council;

(8) attended to bar date notice issues; (9) reviewed and analyzed issues regarding PBGC;

(10) reviewed and analyzed issues regarding Century's appeal of a bar date order;

(11) performed work regarding a motion to intervene in appeal of bar date order; and

(12) corresponded and conferred regarding claim issues.

Fees:  $27,567.50;    Hours:  32.50

**E.      Compensation of Professionals**

19.    This category relates to work regarding compensation of the Firm.  During

the Interim Period, the Firm, among other things, performed work regarding its May 2020

monthly and First Quarterly fee applications, and corresponded regarding compensation issues.

Fees:  $5,820.00;    Hours:  7.60

**F.      Compensation of Professionals--Others**

20.    This category relates to work regarding compensation of professionals,

other than the Firm.  During the Interim Period, the Firm, among other things, performed work

regarding the BRG and Jon Conte fee applications, and corresponded regarding compensation

issues.

Fees:  $1,717.50;    Hours:  2.50

**G.      Financing**

21.    This category relates to issues regarding Debtor in Possession financing

and use of cash collateral.  During the Interim Period, the Firm, among other things:

(1) performed work regarding a lien challenge claims analysis; (2) performed work regarding a

stipulation extending the lien challenge period; (3) reviewed and analyzed issues regarding JPM

secured status as related to restricted property; (4) reviewed and analyzed recharacterization

issues; and (5) corresponded and conferred regarding financing issues.

Fees:  $6,014.00;      Hours:  6.00

**H.    General Creditors Committee**

22.    This category relates to general creditors committee issues.  During the

Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding

Committee bylaws; (2) reviewed and analyzed issues regarding a common interest agreement;

(3) performed work regarding Committee meeting agendas; (4) prepared for and participated in

Committee teleconferences; (5) responded to inquiries from Committee members and their

counsel; (6) performed work regarding the analysis of claims; (7) prepared for and participated in

Local Council Working Group teleconferences; (8) reviewed and analyzed insurance, discovery

and Local Council issues; (9) reviewed and analyzed mediation and assets issues; (10) reviewed

and analyzed strategy issues; (11) prepared for and met with Survivors Counsel regarding

mediation session, insurance status and Local Council assets issues; (12) reviewed and analyzed

issues regarding a claims management platform; (13) reviewed and analyzed contribution and

indemnification issues; (14) performed work regarding Local Council litigation, property transfer

and negotiations issues; (15) prepared for and participated in conference calls with State Court

Counsel; (16) attended to coalition issues; (17) reviewed and analyzed confidentiality and

privilege issues; and (18) corresponded and conferred regarding general creditors committee issues.

> Fees:  $88,577.50;      Hours:  85.60

**I.      Hearings**

23.      This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, prepared for and attended an Omnibus hearing on July 9, 2020.

> Fees:  $5,751.00;      Hours:  5.40

**J.      Insurance Coverage**

24.      This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding sex abuse exclusions; (2) reviewed and analyzed reinsurance issues; (3) prepared for and attended teleconferences with members of the insurance subgroup; (4) reviewed and analyzed insurance coverage charts; (5) performed work regarding a summary of insurance subgroup meetings; (6) reviewed and analyzed Local Council insurance discovery issues; (7) reviewed and analyzed additional insured issues; (8) coordinated with special insurance counsel regarding insurance strategy issues; (9) reviewed and analyzed subrogation issues; (10) reviewed and analyzed insurance policies; (11) reviewed and analyzed subrogation waiver issues; (12) reviewed and analyzed the Lloyds complaint; (13) reviewed and analyzed coverage charts; (14) reviewed and analyzed insurance trigger issues; (15) reviewed and analyzed contribution issues; (16) reviewed and analyzed exhaustion issues; and (17) corresponded and conferred regarding insurance issues.

> Fees:  $37,257.50;      Hours:  36.10

**K.**     **Litigation (Non-Bankruptcy)**

25.     This category relates to issues regarding litigation in non-Bankruptcy
Courts.  During the Interim Period, the Firm, among other things, reviewed and analyzed a reply
to motion to remand.

Fees:  $239.00;          Hours:  0.20

**L.**     **Meeting of Creditors**

26.     This category relates to meeting of creditors issues.  During the Interim
Period, the Firm, among other things, reviewed and analyzed issues regarding a Section 341
meeting of creditors, including compiling a list of participants.

Fees:  $2,709.50;        Hours:  2.90

**M.**     **Mediation**

27.     This category relates to mediation issues.  During the Interim Period, the
Firm, among other things:  (1) prepared for and met with mediators regarding case background;
(2) reviewed and analyzed the Hartford motion for reconsideration of mediation order;
(3) performed work regarding a mediation brief; (4) performed work regarding an objection to
reconsideration motion; (5) attended to confidentiality issues; (6) performed work regarding an
assembly of claims for mediators; (7) prepared for and met with mediators, Committee members
and Survivors' Counsel regarding the nature of claims; (8) prepared for and met with Committee
members regarding mediation issues; (9) performed work regarding a motion to file under seal
an objection to motion to reconsider; (10) reviewed and analyzed issues regarding restricted gifts
to charity; (11) reviewed and analyzed use of mediation process regarding Local Council issues;

(12) prepared for and attended mediation sessions; (13) performed work regarding a claims

information matrix for mediators; (14) reviewed and analyzed issues regarding addition of a new

coalition of abuse claimants; (15) responded to mediators request for information, including

information regarding Local Councils; and (16) corresponded and conferred regarding mediation

issues.

Fees:  $72,357.00;      Hours:  74.70

**N.    Plan and Disclosure Statement**

28.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed the Debtors' reply in support of motion to extend the exclusivity

periods; (2) performed work regarding a letter to Local Councils relating to Plan process;

(3) attended to issues regarding Plan confirmation standards; (4) reviewed and analyzed issues

regarding the best interests of creditors test; (5) reviewed and analyzed Plan strategy issues; and

(6) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $11,631.00;      Hours:  11.40

**O.    Stay Litigation**

29.    This category relates to work regarding the automatic stay and relief from

stay motions.  During the Interim Period, the Firm, among other things:  (1) performed work

regarding the Evanston and ORIC relief from stay orders; (2) reviewed and analyzed the Qian

relief from stay motion and performed work regarding an objection to such motion; (3) reviewed

and analyzed stay violations by Local Councils; (4) performed work regarding a motion to

enforce automatic stay against Middle Tennessee Local Council and recover property; and

(5) corresponded and conferred regarding stay litigation issues.

Fees:  $39,939.00;      Hours:  42.30

### **Valuation of Services**

30.    Attorneys and paraprofessionals of PSZ&J expended a total 696.20 hours

in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 109.80 | $131,211.00 |
| Dean A. Ziehl | Partner 1983; Member of CA Bar 1978; Member of DC Bar since 2002; Member of NY Bar since 2003 | $1,195.00 | 2.30 | $   2,748.50 |
| David J. Barton | Partner 2000; Member of Ca Bar since 1981 | $1,195.00 | 4.10 | $   4,899.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 111.70 | $127,896.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 0.40 | $      458.00 |
| Andrew W. Caine | Partner 1989; Member of CA Bar since 1983 | $1,095.00 | 19.70 | $ 21,571.50 |
| Linda F. Cantor | Partner 1994; Member of Ca Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 0.60 | $      645.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 2.40 | $   2,580.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 52.60 | $ 56,545.00 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 1.80 | $   1,845.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 57.70 | $ 59,142.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 1.20 | $ 1,320.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 3.80 | $ 3,781.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 2.60 | $ 2,470.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $ 950.00 | 45.10 | $ 42,845.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 24.00 | $ 22,200.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 | $ 925.00 | 1.20 | $ 1,110.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 35.50 | $ 30,175.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 105.80 | $ 87,285.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 53.70 | $ 44,302.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 9.20 | $ 7,314.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 6.30 | $ 4,882.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 10.20 | $ 6,885.00 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 4.90 | $ 2,205.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 17.00 | $ 7,225.00 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 4.60 | $ 1,955.00 |
| La Asia S. Canty | Paralegal 2017 | $ 425.00 | 0.20 | $ 85.00 |
| Nancy P. F. Lockwood | Paralegal 2018 | $ 425.00 | 1.00 | $ 425.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 0.80 | $ 316.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $   350.00 | 5.10 | $   1,785.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $   350.00 | 0.40 | $      140.00 |
| Karen S. Neil | Case Management Assistant 2003 | $   350.00 | 0.50 | $      175.00 |

**Grand Total:**     **$678,423.50**
**Total Hours:**          **696.20**
**Blended Rate:**     **$974.47**

31.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $678,423.50.

32.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of July 1, 2020 through July 31, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $678,423.50 and actual and necessary expenses in the amount of $6,612.09 for a total allowance of $685,035.59 and payment of

$542,738.80 (80% of the allowed fees) and reimbursement of $6,612.09 (100% of the allowed expenses) be authorized for a total payment of $549,350.89; and for such other and further relief as this Court deems proper.

Dated:  September 11, 2020            PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038)
Ilan D. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:     jstang@pszjlaw.com
              rorgel@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com
              ischarf@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

# **DECLARATION**

STATE OF DELAWARE          :
                                                  :
COUNTY OF NEW CASTLE   :

        James E. O'Neill, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                              /s/ James E. O'Neill
                                  James E. O'Neill