

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

File Number:  
0505373-00001

September 15, 2020

**Tancred Schiavoni**  
D: +1 212 326 2267  
tschiavoni@omm.com

**BY E-MAIL**

The Honorable Laurie Selber Silverstein  
United States Bankruptcy Judge  
United States Bankruptcy Court for the District of Delaware  
824 North Market Street, 6th Floor  
Wilmington, Delaware 19801

    **Re: In re Boy Scouts of America and Delaware BSA, LLC, Case No. 20-10343**  
    Proposed Order on Motion for an Order Authorizing the Coalition to File Under Seal Exhibit A to Its Amended 2019 Statement.

Dear Judge Silverstein:

    The proposed form of order that the "Coalition" submitted to the Court on its sealing motion is fundamentally at odds with what it promised at the September 9 hearing and what it was directed to do in two respects.

    *First,* the Coalition's proposed form of order does not require the Coalition to provide Century and the insurers that joined Century in moving for relief with the Rule 2019 documents it proposes to file under seal. Instead, paragraphs 4 and 5 of the Coalition's order requires that Century has to "request" the documents, wait seven days, meet and confer and then move for relief. Century requested these documents in writing *over a month ago* and when the Coalition refused it moved for relief joined by Hartford, Allianz, and Agricultural Insurance. *See* D.I. 1164, 1177, 1218. The proposed order should reflect what the Coalition told the Court at the September 9 hearing, namely, that the Rule 2019 documents that it proposes to file under seal shall be provided to the US Trustee, Century, Hartford, Allianz, and Agricultural. *See* Sept. 9 Hr'g Tr. at 124–25, 127, D.I. 1307.

    *Second*, the Coalition's proposed form of order limits access in ways not contemplated by Rule 2019 by referring to the Bar Date Order rather than the Protective Order. The Bar Date Order refers to an exhibited form of confidentiality agreement which predates, and was superseded by, the entry of the Protective Order. The terms of that form agreement contain unworkable provisions that have since been cleaned up by entry of the final Protective Order. For example, the form confidentiality agreement precludes individual BSA local councils from accessing information unless it specifically refers to them. *See* D.I. 695, ¶ 7(e)(5). It also does

not provide for insurers to share information with their experts as does the Protective Order.[1] These limitations make no sense and are not contemplated by Rule 2019.

The Protective Order was the subject of two hearings during which it was held out as addressing the protection of personally identifiable information. The Coalition acknowledges the sufficiency of the Protective Order for the Rule 2019 information by stating in paragraph 3(a) of its proposed order that personally identifiable information may be shared under the Protective Order as "Committee Advisor Information."

The proposed order should apply the terms of the Protective Order to any personally identifiable information and not the since superseded form of confidentiality agreement exhibited to the Bar Date Order. If Century and the other insurers cannot share information under the protections of the Protective Order with their experts and the councils, we will not be able to make meaningful use of the information.

There are other problems with the proposed order. It is not the case that all objections to sealing were overruled as the Coalition states in paragraph 1. Nor did the Court have before it evidence to rule that the engagement letters are in fact exemplars as the Coalition states in paragraph 2(b) of its proposed order. They are what they are and whether they are sufficient is an issue to be addressed at the next hearing.

Finally, we note that Blank Rome withdrew as counsel for the Coalition, no longer able to stand behind its submissions to the Court. The Monzack Mersky Browder and Hochman firm, which filed the proposed order, has not provided a retention agreement showing that it represents any individual creditor and does not appear to have had such an agreement in place at the time of its submission.

We attach as **Exhibit 1** as blackline against the form of order submitted by the coalition that reflects the changes we seek and a clean copy as **Exhibit 2**.

Respectfully submitted,

 /s/ Tancred Schiavoni
Tancred Schiavoni
of O'MELVENY & MYERS LLP

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

---

[1] Bar Date Order ¶ 7(e)(9), D.I. 695 ("Permitted parties include . . . certain insurers . . . including **authorized claims administrators** of such insurers and their reinsurers and their respective counsel.")