# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> (Jointly Administered) <br><br> Re: D.I. 1143 |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE FOR AN ORDER AUTHORIZING THE COALITION TO FILE UNDER SEAL EXHIBIT A TO THE AMENDED 2019 STATEMENT

The Court has considered the *Motion of the Coalition of Abused Scouts for Justice for An Order Authorizing Coalition to File Under Seal Exhibit A to Amended 2019 Statement*.[2] The Court has reviewed the Motion and the Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b); and (iv) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, the Court has determined that the relief requested in the Motion as further defined herein is (i) in the best interests of the Debtors, their estates, and their creditors and (ii) necessary to prevent immediate

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

  A  <u>Jurisdiction and Venue; Core Proceeding</u>.  The Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334.  This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of these chapter 11 cases and the Motion is proper under 28 U.S.C. §§ 1408 and 1409(a).

  B  <u>Statutory Predicates</u>.  The predicates for the relief sought in the Motion are Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rules 2019, 9018, and 9037.

  C  <u>Adequacy of Notice</u>.  Notice of the Motion was timely, adequate, proper and sufficient and constituted the best notice practicable under the particular circumstances, and no other or further notice of the Motion is required.

  D  <u>Opportunity to be Heard</u>.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein and granted in this Order has been afforded.

  E  <u>Effect of Order</u>.  Nothing in this Order is intended, or shall be deemed to, modify the terms of the Bar Date Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

  1.  <u>Motion</u>.  The Motion is hereby GRANTED in Part and DENIED in Part as set forth herein

  2.  <u>Amended 2019 Statement</u>.  The Coalition is authorized to file Exhibit A to the Amended 2019 Statement as follows:

    a)  The names and addresses of the Coalition Members' and incident data described in the Amended 2019 Statement (collectively, "<u>Personally</u>

2

          Identifiable Information") shall be filed under seal; <u>provided</u> <u>however</u>, that the Coalition shall provide copies of the Personally Identifiable Information to the US Trustee, TCC, Century, Hartford, Allianz, and Agricultural and, upon request, to such other Permitted Parties (as defined in the Bar Date Order), entitled to receive personally identifiable information thereunder and subject to the confidentiality restrictions set forth in the Protective Order. The Coalition is authorized, but not required, in its sole and absolute discretion, to provide access to Personally Identifiable Information to a party to the Protective Order not otherwise designated as a Permitted Party so long as such access to Personally Identifiable Information is subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order.

    b)    The State Court Counsel engagement letters with their respective Coalition Members, shall be publicly filed on the docket, provided that the fee and pricing numbers (the "<u>Confidential Information</u>") shall be subject to redaction. The Coalition shall, upon request, provide copies of the Confidential Information to parties to the Protective Order subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order.

    c)    All other documents shall be filed publicly on the record without redaction.

3.    <u>Limitations of Relief</u>. This Order shall only apply to the issue of documents subject to be filed under seal and shall have no effect on the substantive issues related to the

2019 Motion. The Order shall further be limited to the documents identified in the Motion to File Under Seal at Doc. # 1143, provided however, if additional Coalition members and State Court Counsel are added the same terms shall apply.

4. <u>Jurisdiction</u>. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from or related to the construction and implementation of this Order.