# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Related to: Docket No. 1143** |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN ORDER TO FILE UNDER SEAL EXHIBIT A TO THE AMENDED 2019 STATEMENT

The Court has considered the motion to seal [Docket No. 1143] (the "Motion")[2] and the Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b); and (iv) notice of the Motion and the hearing was sufficient under the circumstances; and after due deliberation and for the reasons set forth on the record of the hearing the Court has determined that sufficient cause having been shown:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED in part and DENIED in part with respect to the request to seal documents as set forth herein.

---

[1] The debtors (together, the "Debtors") in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not defined herein have the meanings used in the Motion.

DOCS_SF:104161.2 85353/002

2. Brown Rudnick is authorized to file Exhibit A to the Amended 2019 Statement as follows:

    a. The names and addresses of the State Court Councils' clients and incident data described in the Amended 2019 Statement (collectively, "Personally Identifiable Information") shall be filed under seal; provided however, that State Court Counsel shall, upon request, provide copies of the Personally Identifiable Information to Permitted Parties (as defined in the Bar Date Order) entitled to receive personally identifiable information thereunder and subject to the confidentiality restrictions set forth in the Bar Date Order. Counsel is authorized, but not required, in its sole and absolute discretion, to provide access to Personally Identifiable Information to a party to the Protective Order not otherwise designated as a Permitted Party so long as such access to Personally Identifiable Information is subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order.

    b. The exemplars of the State Court Counsel engagement letters with their respective clients, shall be publicly filed on the docket, provided that the information relating to fee and pricing (the "Confidential Information") shall be subject to redaction. The State Court Counsel shall, upon request, provide copies of the Confidential Information to parties to the Protective Order subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order.

    c. All other documents shall be filed publicly on the record without redaction.

3. State Court Counsel shall respond to an entity's written request for Personally

Identifiable Information or Confidential Information within seven (7) days of receipt of such written request. Such response shall provide access to the requested information or reasons why such information will not be provided. If the information request is denied because it requests Personally Identifiable Information or Confidential Information which cannot be disclosed or the request is unduly burdensome, nothing herein shall prevent such party in interest, after good faith attempts to meet and confer with State Court Counsel, from filing a motion requesting such information be provided.

4. Parties in interest in the Bankruptcy Cases that have submitted a request for access to Personally Identifiable Information or Confidential Information and that has not received all of the information so requested within such seven (7) day period, may file a motion on notice seeking further relief from the Court.

5. This Order shall only apply to the issue of documents subject to be filed under seal and shall have no effect on the substantive issues related to the 2019 Motion. The Order shall further be limited to the documents identified in the Motion to File Under Seal at Docket No. 1143; provided, however, if additional State Court Counsel obtains additional clients the same terms shall apply.

6. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from or related to the construction and implementation of this Order.

DOCS_SF:104161.2 85353/002