IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 695, 1145 |

**SUPPLEMENTAL ORDER TO ORDER, PURSUANT TO 11 U.S.C. § 502(b)(9), BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1, (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE SURVIVORS, AND (IV) APPROVING CONFIDENTIALITY PROCEDURES FOR ABUSE SURVIVORS (D.I. 695)**

**WHEREAS:**

1. On May 26, 2020, the Court entered that certain Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors ("Bar Date Order") (D.I. 695).

2. With certain exceptions not relevant to this Supplemental Order and all as set forth in the Bar Date Order, the Bar Date Order establishes November 16, 2020, 5:00 p.m. (prevailing Eastern Time) as the deadline by which all non-government creditors

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

holding claims against the estate, including survivors of sexual abuse ("Sexual Abuse Survivors"), must file proofs of claim.

3. The Bar Date Order also approved a specific form of Sexual Abuse Survivor Proof of Claim form, established a "Confidentiality Protocol" and approved the Abuse Claims Bar Date Notice, the Abuse Claims Publication Notice, a form of the Abuse Claims Publication Notice adapted for email format and the form of television spot copy. The Court also directed Debtors to post the Sexual Abuse Survivor Proof of Claim form and the Abuse Claims Bar Date Notice on the Claims and Noticing Agent's website, www.OfficialBSAClaims ("Official Website").

4. The Bar Date Order was the subject of significant negotiation among major constituencies in this case, including Debtors, the official committees, the Future Claims Representative and certain insurance companies. It was entered after an evidentiary hearing at which the Court took evidence (by way of declaration and live testimony) from: (i) Shannon R. Wheatman, Ph.D a consultant who specializes in design and implementation of class action and bankruptcy notification programs, including the form and content of notices and (ii) Jon R. Conte, Ph.D, Director of the Joshua Center on Child Sexual Abuse at the University of Washington in Seattle, Washington who opined, among other things, regarding whether the proposed forms were sensitive to and likely to generate responses from child Sexual Abuse Survivors.

5. Prior to and after the entry of the Bar Date Order, law firms and other sponsoring entities placed advertising spots on television, radio and/or social media

2

platforms and on law firm sponsored websites ("Law Firm Advertising") specifically directed to Sexual Abuse Survivors.

6. On August 25, 2020, Debtors filed their Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief (D.I. 1145) ("Supplemental Bar Date Motion") by which Debtors seek a further order prohibiting solicitation of Sexual Abuse Survivors in connection with submitting proofs of claim in these bankruptcy cases without prior authorization of Debtors or the Court.

7. The Supplemental Bar Date Motion and notice of the hearing thereon were served by one or more of email, fax and overnight mail on: (i) 1-800-LAW-HELP; (ii) Abused in Scouting; (iii) All Survivors Advocates; (iv) ABA Law Group (AIS); (v) Greg Jones Law (Scout Abuse Helpline); (vi) Herman Law; (vii) Junell Associates Law Firm, PLLC; (xiii) Law Office of Cohen & Jaffe; (ix) Morelli Law Firm; (x) Morgan & Morgan Attorneys; (xi) Napoli Shkolnik PLLC; (xii) Parker Waichman LLP; (xiii) Pintas & Mullins Law Firm; (xiv) Sexual Abuse Survivor Legal Helpline/Edelson PC; (xv) Sheldon Law Group; and (xvi) Slater, Slater & Schulman LLP. D.I. 1157. Consumer Tort Network, LLC did not receive any notice of the Supplemental Bar Date Motion or the hearing.[2]

8. Multiple objections were filed to the Supplemental Bar Date Motion, including, as relevant here, by Herman Law (D.I. 1186), the Coalition of Abused Scouts for Justice ("Coalition") (D.I. 1190) and Napoli Shkolnik, LLC (D.I. 1200). Debtors also

---

[2] Because Consumer Tort Network LLC did not receive notice, it is not subject to this order.

3

received an informal response from Edelson, P.C., which represented to Debtors that it was no longer airing any advertisements.

9. The Court has held two hearings on the Supplemental Bar Date Motion. At the August 31, 2020 hearing, the Court admitted into evidence: (i) the supplemental declaration of Dr. Wheatman regarding the potential confusion Law Firm Advertising may cause, (ii) the declaration of Evan Roberts attaching transcriptions of Law Firm Advertising labeled A – R ("Roberts Declaration") (D.I. 1145-3) and (iii) the declaration of John Doherty of Omni Agent Solutions regarding inquiries received from several individuals regarding the claims process. The Court ruled that it would not grant any requested relief as to Herman Law based on the advertisement that was transcribed and appended to the Roberts Declaration. The Court also continued the hearing to September 9, 2020 and stated that the relief requested was too broad in scope and that any order entertained by the Court would need to be targeted to the specific allegedly offending advertisement.

10. At the hearing on September 9, 2020, it was announced that Debtors and the Coalition negotiated a consensual form of order resolving the Supplemental Bar Date Order and the Coalition's counsel represented that the law firms of (i) Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck P.C., (ii) Kosnoff Law PLLC; (iiii) AVA Law Group, Inc.,[3] (iv) Andrews & Thornton, ASK LLP and (v) Slater Slater Schulman LLP (the "Consenting Law Firms") agreed, subject in all instances without prejudice to their ability

---

[3] AVA Law Group, Inc. sponsors an advertisement with the moniker AbusedinScouting.com

to take other or different positions on similar matters or issues arising in any other litigation or proceedings, that:

    A.    The following statements are false and misleading and shall be removed, as applicable, from the Law Firm Advertising listed in Exhibit A attached hereto:

        i.    Statements suggesting that Sexual Abuse Survivors may remain "anonymous."

        ii.    Statements indicating the value of any potential compensation trust in these chapter 11 cases, including, for the avoidance of doubt, any reference to a $1.5 billion compensation trust.

        iii.    Statements suggesting that Sexual Abuse Survivors will never have to be deposed, appear in Court or otherwise prove their claims.

    B.    In order to prevent confusion and prejudice of Sexual Abuse Survivors with respect to the Court-approved noticing process pursuant to the Bar Date Order, the following information shall be added to the Law Firm Advertising listed in Exhibits B and C:

        i.    A statement indicating that the official bar date in these chapter 11 cases is November 16, 2020 at 5:00 p.m. Eastern Standard Time.

        ii.    A statement referring Sexual Abuse Survivors to the claims and noticing agent website.

11. Also at the September 9, 2020, hearing, Napoli Shkolnik, LLC represented that it would voluntarily cease referring in its advertisement to a victims' compensation fund that may be worth over $1.5 billion. Napoli Shkolnik, LLC continued, however, to object to being required to include the claims and noticing agent website in its advertisement.

12. The following law firms or sponsoring entities ("Non-Objecting Entities") did not file an objection on the docket, informally respond to Debtors or otherwise appear in

court in any fashion: (i) 1-800-LAW-HELP; (ii) All Survivors Advocates; (iii) Greg Jones Law (Scout Abuse Helpline); (iv) Junell Associates Law Firm, PLLC; (v) Law Office of Cohen & Jaffe; (vi) Morelli Law Firm; (vii) Morgan & Morgan Attorneys; (viii) Pintas & Mullins Law Firm; and (ix) Sheldon Law Group.

**NOW THEREFORE, THE COURT FINDS AND ORDERS AS FOLLOWS:**

A.   As evidenced by the affidavits of service filed with the Court (D.I. 1157), and except as to Consumer Tort Network LLC, (i) proper, timely, adequate and sufficient notice of the Supplemental Bar Date Motion and the hearing thereon was provided in compliance with Bankruptcy Code section 105, and Bankruptcy Rules 2002, 9006, 9007, and 9014, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Supplemental Bar Date Motion was required. Such notice was sufficient and reasonably calculated under the circumstances to reach all parties to the advertisements that are the subject of this Supplemental Order.

B.   The Law Firm Advertising listed on Exhibits A through C sponsored by a Consenting Law Firm or a Non-Objecting Entity shall be modified as set forth below within five (5) business days from the date of entry of this Order and thereafter shall be prohibited from continuing to be aired and/or disseminated in any fashion if such modifications are not timely made.

C.   The following statements are false and misleading and shall be removed, as applicable, from the Law Firm Advertising listed on Exhibit A sponsored by a Consenting Law Firm or a Non-Objecting Entity:

        i. Statements suggesting that Sexual Abuse Survivors may remain "anonymous."

        ii. Statements indicating a specific value of any potential compensation trust in these chapter 11 cases, including, for the avoidance of doubt, any reference to a $1.5 billion compensation trust.

        iii. Statements suggesting that Sexual Abuse Survivors will never have to be deposed, appear in Court or otherwise prove their claims.

D. In order to prevent confusion and prejudice of Sexual Abuse Survivors with respect to the Court-approved noticing process pursuant to the Bar Date Order, the following information shall be added where not included in the Law Firm Advertising set forth in Exhibits B and C sponsored by a Consenting Law Firm or a Non-Objecting Entity:

        i. A statement that the official bar date in these chapter 11 cases is November 16, 2020 at 5:00 p.m. Eastern Standard Time.

        ii. A statement referring Sexual Abuse Survivors to the claims and noticing agent website.

E. Napoli Shkolnik PLLC shall cease stating in its advertisement that a victims' compensation fund is being set up that may be worth over $1.5 billion. Napoli Shkolnik is not required to include the Claims and Noticing Agent Website on the TV advertisement listed on Exhibit C.[4]

F. This Supplemental Order addresses only the Law Firm Advertising and the Law Firms or Sponsoring Entities listed on Exhibits A, B and C attached hereto.

---

[4] Napoli Schkulnik's TV advertisement appears to be a thirty second TV spot and based on the evidence and argument received I will not require the firm to include the claims and noticing agent website in such a limited TV advertisement. Further, while at argument there was discussion of including the claims and noticing agent website on Napoli Schulnik's firm website, that relief was not sought in the Supplemental Bar Date Motion, nor was I presented with any evidence of the content of the firm's website.

To the extent that Debtors become aware of any Law Firm Advertising that conflicts with the substance of Ordering paragraphs C and D above, Debtors may serve notice to inform the relevant law firm or sponsoring entity ("Advertiser") of the existence of this Supplemental Order as well as the statements in the Law Firm Advertising that Debtor contends are not in conformity with Ordering paragraphs C and D above, if such paragraphs were applicable to Advertiser. If Advertiser does not agree voluntarily to modify its Law Firm Advertising to conform to the substance of Ordering paragraphs C and D above, Debtors may seek expedited relief upon three business days notice to Advertiser.

G. The Bar Date Order remains in full force and effect, and this Supplemental Order serves to supplement and work in conjunction with the existing Bar Date Order.

Dated: September 16, 2020
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE