# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: September 30, 2020, at 4:00 p.m. (Eastern)**<br>**Hearing Date: November 18, 2020, at 10:00 a.m. (Eastern)** |

## SUMMARY OF SECOND INTERIM FEE APPLICATION OF REED SMITH LLP, DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2020 THROUGH JULY 31, 2020

| | |
|---|---|
| Name of Applicant | Reed Smith LLP |
| Name of Client | Official Committee of Unsecured Creditors |
| Time Period Covered by This Application | May 1, 2020 – July 31, 2020 |
| Total Compensation Sought This Period | $80,396.50 |
| Total Expenses Sought This Period | $2,241.60 |
| Relevant Petition Date | February 18, 2020 |
| Retention Date | Effective *nunc pro tunc* to March 9, 2020 by order signed on or about May 23, 2020 |
| Date of Order Approving Employment | May 23, 2020 |
| Total Compensation Approved by Interim Order to Date | $96,987.00 |
| Total Expenses Approved by Interim Order to Date | $222.50 |
| Total Allowed Compensation Paid to Date | $125,890.60 |
| Total Allowed Expenses Paid to Date | $1,325.05 |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

| | |
|---|---|
| Blended Rate in This Application for All Attorneys | $551.91 |
| Blended Rate in This Application for All Timekeepers | $462.85 |
| Compensation Sought in This Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed | $28,903.60 |
| Expenses Sought in This Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed | $1,102.55 |
| Number of Professionals Included in This Application | 7 |
| If Applicable, Number of Professionals in This Application Not Included in Staffing Plan Approved by Client | 0 |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for This Period | ($7,082.15) |
| Number of Professionals Billing Fewer Than 15 Hours to the Case During This Period | 4 |
| Are Any Rates Higher Than Those Approved or Disclosed at Retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No |

**This is a:        ___ monthly        <u>X</u>  interim            ___  final application**

**Summary of Monthly Fee Applications Filed During Interim Period:**

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| July 27, 2020<br><br>[D.I. 1046] | May 1, 2020 –<br>May 31, 2020 | $36,129.50 | $1,102.55 | $28,903.60 | $1,102.55 |
| August 21, 2020<br><br>[D.I. 1135] | June 1, 2020 –<br>June 30, 2020 | $22,762.50 | $128.75 | $18,210.00 | $128.75 |
| September 1, 2020<br><br>[D.I. 1213] | July 1, 2020 –<br>July 31, 2020 | $21,504.50 | $1,010.30 | $17,203.60 | $1,010.30 |

## SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

| Name Of Professional Person | Position Of The Applicant | Department, Group, Or Section | Date Of First Admission | Fees Billed In This Application[1] | Hours Billed In This Application | Hourly Rate Billed | | Number Of Rate Increases Since Inception Of Case through 7/31/20 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | In this Application | In First Interim Application | |
| Kurt F. Gwynne | Partner | Bankruptcy | 1992 | $25,344.00 | 25.60 | $990.00 | $990.00 | None |
| Lawrence F. Gilberti | Partner | Global Corporate / Nonprofit | 1976 | $6,077.50 | 6.50 | $935.00 | $935.00 | None |
| Rauer L. Meyer | Senior Counsel | Global Corporate / Nonprofit | 1973 | $417.50 | 0.50 | $835.00 | N/A | None |
| Jason D. Angelo | Associate | Bankruptcy | 2013 | $220.00 | 0.40 | $550.00 | N/A | None |
| Katelin A. Morales | Associate | Bankruptcy | 2017 | $37,525.50 | 80.70 | $465.00 | $465.00 | None |
| John B. Lord | Paralegal | Bankruptcy | N/A | $22,920.00 | 57.30 | $400.00 | $400.00 | None |
| Stephanie Q. Chadick | Paralegal | Litigation | N/A | $796.50 | 2.70 | $295.00 | N/A | None |

---

[1] Please note that Reed Smith voluntarily reduced its requested fees and expenses in this Application by $12,904.50. Those voluntary reductions are not reflected in this summary.

**COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours | Total Compensation |
|---|---|---|
| Case Administration (60001) | 12.50 | $6,852.50 |
| Committee Meeting and Communications (60002) | 18.70 | $11,740.50 |
| Automatic Stay (60004) | 5.80 | $2,521.50 |
| Bar Date, Notice and Claim Reconciliation Issues (60005) | 0.50 | $495.00 |
| Plan and Disclosure Statement (60007) | 1.90 | $818.50 |
| Creditor Communications (6011) | 0.90 | $891.00 |
| Non-Profit Issues (60012) | 9.70 | $7,750.50 |
| Fee Statements and Applications (60017) | 74.70 | $32,845.50[1] |
| Motions (60019) | 7.60 | $4,055.50 |
| Hearings and Court Matters (60021) | 30.30 | $19,760.50 |
| Professional Retention (60025) | 5.10 | $2,202.50 |
| Debtor Retention Applications (60026) | 2.1 | $976.50 |
| Communications with Debtors (60029) | 3.6 | $2,251.50 |
| Local Counsel and Chartered Organization Issues (60031) | 0.30 | $139.50 |
| Grand Total: | 173.70 | $93,301.00 |
| Voluntary Reduction: | | ($12,904.50) |
| **REDUCED GRAND TOTAL:** | **173.70** | **$80,396.50** |

---

[1] Amount includes voluntary reductions of $8,526.00 in Reed Smith's Fourth Monthly Fee Application [D.I. 1135] and $4,378.50 in Reed Smith's Fifth Monthly Fee Application [D.I. 1213] to this Project Category. Reed Smith seeks compensation in the total amount of $19,941.00 for this Project Category

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Amount |
|---|---|---|
| Legal Services | CourtCall | $573.75 |
| Outside Duplicating (includes postage and mail charges) | DLS Discovery | $744.55 |
| In-House Duplicating | | $6.80 |
| Legal Research | Westlaw | $916.50 |
| **TOTAL:** | | **$2,241.60** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | **Objection Deadline: September 30, 2020, at 4:00 p.m. (Eastern** **Hearing Date: November 18, 2020, at 10:00 a.m. (Eastern)** |

**SECOND INTERIM FEE APPLICATION OF**
**REED SMITH LLP, DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR THE PERIOD MAY 1, 2020 THROUGH JULY 31, 2020**

Reed Smith LLP ("Reed Smith") hereby submits this *Second Interim Fee Application of Reed Smith LLP, Delaware Counsel to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses for the Period May 1, 2020 through July 31, 2020* (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, Delaware Bankruptcy Local Rule 2016-2, and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* (the "Interim Compensation Order"; D.I. 341). By this Application, Reed Smith, as Delaware counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee") in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing May 1, 2020 through July 31, 2020 (the "Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## **FACTUAL BACKGROUND**

1.        On February 18, 2020 (the "Petition Date"), the Boy Scouts of America and Delaware BSA, LLC (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Cases") in the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

2.        The Court has entered an order granting joint administration of these Cases.

3.        No trustee or examiner has been appointed in the Cases.

4.        On March 4, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") held an organizational meeting (the "Organizational Meeting") and appointed the Creditors' Committee and an Official Committee of Tort Claimants (the "Tort Committee").

5.        At the Organizational Meeting, the Creditors' Committee determined that it needed the assistance and advice of counsel to perform the Creditors' Committee's duties under section 1103(c) of the Bankruptcy Code.  The Creditors' Committee selected Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as proposed lead counsel to the Creditors' Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.  The Creditors' Committee subsequently selected Reed Smith as its proposed Delaware counsel for the Creditors' Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.  On March 9, 2020, Reed Smith agreed to serve as Delaware counsel and began work for the Creditors' Committee.

6.        On May 23, 2020, the Bankruptcy Court entered an *Order Approving Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, Nunc Pro Tunc as of March 9, 2020, as Delaware Counsel for the Official Committee of Unsecured Creditors*

*Pursuant to 11 U.S.C. §§ 328 (a), and 1103(a) and Fed. R. Bankr. P. 2014* ("Retention Order"; D.I. 688).

7.      Pursuant to the procedures set forth in the Interim Compensation Order, professionals may request monthly compensation and reimbursement, and the Notice Parties (as defined in the Interim Compensation Order) may object to such requests.  If an objection to a professional's request is not filed and served within fourteen (14) days, the Debtors are authorized and directed to promptly pay 80% of the fees and 100% of the expenses requested.

8.      Furthermore, the Interim Compensation Order provides that professionals are to file and serve upon the notice parties an interim request (an "Interim Fee Application") for interim Court approval and allowance of the monthly fee applications during the interim fee period covered by the Interim Fee Application.  If the Court grants the relief requested by the Interim Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Interim Fee Application less any amounts previously paid in connection with the monthly fee applications. Any payment made pursuant to the monthly fee applications or the Interim Fee Applications is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

9.      Pursuant to the Interim Compensation Order, Reed Smith is required to comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2014 (the "Revised UST Guidelines").  In addition to the charts found in the summary pages of this Application, the following exhibits contain additional information relevant to the Revised UST Guidelines:

**Exhibit A**:   Customary and Comparable Compensation Disclosures with Fee Applications

**Exhibit B**:   Summary of Timekeepers Included in this Fee Application

**Exhibit C-1**: Budget

**Exhibit C-2**: Staffing Plan

**Exhibit D**:   Summary of Compensation Requested by Category

### MONTHLY FEE APPLICATIONS COVERED HEREIN

10.     On July 27, 2020, Reed Smith filed the *Third Monthly Fee Application of Reed Smith LLP, Delaware Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period May 1, 2020 through May 31, 2020* (D.I. 1046) (the "Third Monthly Fee Application") seeking fees in the total amount of $36,129.50 and expenses in the total amount of $1,102.55.  A certificate of no objection to the Third Monthly Fee Application was filed on August 11, 2020 (D.I. 1098).

11.     On August 21, 2020, Reed Smith filed the *Fourth Monthly Fee Application of Reed Smith LLP, Delaware Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period June 1 2020 through June 30, 2020* (D.I. 1135) (the "Fourth Monthly Fee Application") seeking fees in the total amount of $22,762.50[2] and expenses in the total amount of $128.75.  A certificate of no objection to the Fourth Monthly Fee Application was filed on September 14, 2020 (D.I. 1098).

12.     On September 1, 2020, Reed Smith filed the *Fifth Monthly Fee Application of Reed Smith LLP, Delaware Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period July 1, 2020 through July 31, 2020* (D.I. 1213) (the "Fifth Monthly Fee Application" and together with the Third Monthly Fee

---

[2] Prior to filing its Fourth Monthly Fee Application, Reed Smith voluntarily reduced the amount of compensation sought as actual, reasonable and necessary from $31,288.50 to $22,762.50, a reduction of $8,526.00.

Application and the Fourth Monthly Fee Application, the "Monthly Fee Applications") seeking fees in the total amount of $21,501.50[3] and expenses in the amount of $1,010.30.  A certificate of no objection to the Fifth Monthly Fee Application was filed on September 16, 2020 (D.I. 1333).

13.    The Monthly Fee Applications contain detailed time logs describing the actual and necessary services provided by Reed Smith during the Compensation Period, as well as other detailed information required to be included in fee applications.  The Monthly Fee Applications are incorporated herein by reference.

### STATEMENT FROM REED SMITH

14.    Reed Smith respectfully states as follows to address the questions set forth in section C.5 of the Revised UST Guidelines.

15.    During the Compensation Period Reed Smith did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms.

16.    The professionals included in this Application did not vary their hourly rate based on the geographic location of the bankruptcy case.

17.    The time period covered by this Application includes approximately 3.50 hours with a value of $880.00 spent by Reed Smith to ensure that the time entries subject to the Application comply with the Local Rules of Practices and Procedure of the United States Bankruptcy Court for the District of Delaware and do not disclose privileged or confidential information.  This review and any revisions associated therewith are a necessary component of Reed Smith's preparation of each monthly fee application.

18.    The Application does not include any fees for redacting invoices.

---

[3] Prior to filing its Fifth Monthly Fee Application, Reed Smith voluntarily reduced the amount of compensation sought as actual, reasonable and necessary from $25,883.00 to $21,504.50, a reduction of $4,378.50.

19.    Reed Smith has not increased its hourly rates since the effective date of the Court's approval of its retention (and as set forth in the application to retain Reed Smith).

## REQUEST FOR COMPENSATION AND
## REIMBURSEMENT OF EXPENSES

20.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional employed by any such person." *See* 11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

21.    In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed, and (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.  *See* 11 U.S.C. § 330(a)(3)(A)-(F).

22.    Reed Smith submits this Application seeking an interim allowance of compensation for actual and necessary professional services performed as Delaware counsel to the Creditors' Committee in the total amount of $80,396.50 as well as reimbursement for actual and necessary out-of-pocket expenses incurred in the total amount of $2,241.60 for the covered period, and payment according to the procedures set forth in the Interim Compensation Order.

Again, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that have already been filed with the Court.

23.    A summary containing the names of each Reed Smith professional and paraprofessional rendering services for the during the covered period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional are attached to the Monthly Fee Applications. In addition, the Monthly Fee Applications contain computer-printouts reflecting the time recorded for services rendered on a daily basis during the covered period and descriptions of the services provided, identified by project task categories.

24.    Further, the Monthly Fee Applications contain a breakdown of expenses incurred by Reed Smith during the covered period.  Reed Smith has incurred out-of-pocket expenses during the covered period in the amount of $2,241.60, which sum is broken down into categories of charges (*e.g*., CourtCall charges, document retrieval charges, electronic research, postage expenses, outgoing facsimile expenses, courier and express mail charges, and in-house and outside duplication charges and filing fees).  Reed Smith's in-house rate for duplication is $.10 per page.  Reed Smith also uses outside duplication services for large duplication work.  Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions.  Outgoing facsimile transmissions, if any, have been charged at a rate of $0.25 per page.

25.    With respect to the time and labor expended by Reed Smith in these Cases, as set forth in the Monthly Fee Applications, Reed Smith rendered professional services in the combined total amount of $93,301.00. As noted above, Reed Smith voluntarily reduced this amount by $12,904.50, resulting in the total amount sought of $80,396.50.  Reed Smith believes that it is appropriate to be compensated for the time spent in connection with such matters, and to that end, Reed Smith has set forth in the Monthly Fee Applications a brief narrative description of the services rendered as Delaware counsel for the Creditors' Committee and the time expended, organized by project task categories.  Reed Smith has attempted to place the services provided in the category that best relates to such services.  Because certain services may relate to

one or more categories, however, services pertaining to one category may be properly included in another category.

26.     Reed Smith charged and now requests those fees that are reasonable and customary and charged by other counsel in this marketplace for similar chapter 11 cases.  The billing rates set forth in the various summaries of professionals and paraprofessionals rendering services during the covered period represent customary rates that are routinely billed to each of Reed Smith's clients.   Moreover, the Retention Order authorizes firm professionals and paraprofessionals to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses. The compensation requested in this Application does not exceed the reasonable value of the services rendered.  Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

27.     This Application covers the period from May 1, 2020 through and including July 31, 2020.  Although every effort was made to include all fees and expenses from the covered period in this application, some fees and/or expenses from the covered period might not be included in this fee application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the covered period. Accordingly, Reed Smith reserves the right to make further applications for allowance of fees and expenses not included herein.  Reed Smith believes that this Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Interim Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustee.

WHEREFORE, Reed Smith respectfully requests that the Court enter an order providing (i) an allowance be made to Reed Smith for compensation for reasonable and necessary legal services performed in the combined total amount of $80,396.50, and for reimbursement of actual and necessary costs and expenses incurred in the combined total amount of $2,241.60 for the period of May 1, 2020 through July 31, 2020, (ii) that the Debtors be authorized and directed to promptly pay to Reed Smith compensation in the amount of $16,079.30 (the 20% fee holdback, plus any other fees, if any, not yet paid to Reed Smith) and reimbursement of expenses in the amount of $2,241.60 (if such sums have not previously been paid to Reed Smith); and (iii) for such other and further relief as is appropriate.

Dated:  September 16, 2020                                   Respectfully submitted,

                                                            **REED SMITH LLP**

                                                      By:  */s/ Kurt F. Gwynne*
                                                            Kurt F. Gwynne (No. 3951)
                                                            Katelin A Morales (No. 6683)
                                                            1201 Market Street, Suite 1500
                                                            Wilmington, DE 19801
                                                            Telephone: (302) 778-7500
                                                            Facsimile: (302) 778-7575
                                                            E-mail: kgwynne@reedsmith.com
                                                            E-mail:  kmorales@reedsmith.com

                                                            *Delaware Counsel to the Official Committee*
                                                            *of Unsecured Creditors*

## VERIFICATION PURSUANT TO
## DELAWARE BANKRUPTCY LOCAL RULE 2016-2(f) AND 28 U.S.C. §1746(2)

I, Kurt F. Gwynne, Esquire, verify as follows:

1.      I am a partner with the applicant firm, Reed Smith LLP ("Reed Smith"), and have been admitted to the bars of the State of Delaware, the State of New York, the State of New Jersey, and the Commonwealth of Pennsylvania.  Reed Smith has rendered professional services in these chapter 11 cases as Delaware counsel to the Official Committee of Unsecured Creditors.

2.      I have read the foregoing interim application of Reed Smith for compensation and reimbursement of expenses (the "Application").  To the best of my knowledge, information and belief formed upon the basis of my participation in these cases, as well as after reasonable inquiry, the facts set forth in the foregoing Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Delaware Bankruptcy Local Rule 2016-2, and the Executive Office for the United States Trustee.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  September 1, 2020

By:  */s/ Kurt F. Gwynne*
     Kurt F. Gwynne (No. 3951)
     REED SMITH LLP
     1201 Market Street, Suite 1500
     Wilmington, DE 19801
     Telephone: (302) 778-7500
     Facsimile: (302) 778-7575
     E-mail:  kgwynne@reedsmith.com