# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

## ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF APPLICATIONS OF RETAINED PROFESSIONALS

Upon consideration of the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 341] (the "Interim Compensation Order")[2] entered on April 6, 2020; and the United States Bankruptcy Court for the District of Delaware (the "Court") having determined that the appointment of a fee examiner (the "Fee Examiner") is in the best interests of the Debtors' estates; and it further appearing that (a) the Court has jurisdiction over this matter under 28 U.S.C. § 1334 and (b) this is a core proceeding under 28 U.S.C. § 157(b)(2) and the Court may enter a final order hereon; and the Debtors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and the official committees (each a "Committee" and collectively, the "Committees") and the future claimants' representative (the "FCR") appointed in these chapter 11 cases having conferred with respect to the appointment of a fee examiner in these chapter 11 cases (the "Chapter 11 Cases") and with respect to related procedures; and good and sufficient cause

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

appearing therefor; it is hereby, **FOUND AND DETERMINED THAT**:

A.      On February 18, 2020 (the "Petition Date"), the Debtors each filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing these Chapter 11 Cases.  The Chapter 11 Cases are jointly administered.

B.      Given the size and complexity of the Debtors' Chapter 11 Cases, a fee examiner shall be appointed to review and report on, as appropriate, all monthly fee applications (collectively, the "Monthly Fee Applications"), interim fee applications (collectively, the "Interim Fee Applications"), and final fee applications (collectively, the "Final Fee Applications," and, together with Monthly Fee Applications and Interim Fee Applications, the "Applications") submitted in accordance with the Interim Compensation Order by any professional retained in these Chapter 11 Cases under section 105, 327, or 1103 of the Bankruptcy Code (collectively, the "Retained Professionals").

C.      The Fee Examiner's purpose will be to assist the Court in its determination of whether the Applications submitted by the Retained Professionals are compliant with the Bankruptcy Code, all applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), all other applicable rules and guidelines, including the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013,* and the Interim Compensation Order, and to provide transparency in the administration of the Chapter 11 Cases.

D.      Justin H. Rucki of Rucki Fee Review, LLC ("Rucki Fee Review") and Rucki Fee

Review, the proposed Fee Examiner, are both a "disinterested person" as that term is defined in

11 U.S.C. § 101(14).  Mr. Rucki's declaration of disinterestedness is attached hereto as **Exhibit**

**1**.

E.      The appointment of a Fee Examiner is in the best interests of the Debtors' estates.

F.      Upon the direction of the Court and the agreement of the U.S. Trustee, Debtors,

the Committees and the FCR as to the identity of the Fee Examiner and the procedures outlined

herein:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Court hereby appoints Rucki Fee Review as the Fee Examiner, *nunc pro tunc*

to August 17, 2020.

2.      Unless otherwise ordered by the Court, this Order shall apply to all Retained

Professionals; *provided*, the term "Retained Professional" shall not include: (i) any professional

asserting claims for reimbursement of professional fees and expenses under section 503(b) of the

Bankruptcy Code that are permitted by the Court; (ii) any professional in these cases employed

or to be employed pursuant to section 363 of the Bankruptcy Code; (iii) any professional whose

compensation and reimbursement is authorized pursuant to any order, on an interim or final

basis, approving the Debtors' use of cash collateral or any post-petition financing facilities; (iv)

any professional whose retention is authorized pursuant to the *Order Authorizing the Debtors to*

*Retain and Compensate Certain Professionals Used in the Ordinary Course of their Non-Profit*

*Operations,* Nunc Pro Tunc *to the Petition Date* [D.I. 354] (the "OCP Order"), except to the

extent such professional is required, under the terms of the OCP Order, to file a fee application;

or (v) members of the Committees, on account of such members' applications for reimbursement

of expenses incurred in such capacity.

3.    This Order shall remain in effect unless and until this Court orders otherwise.

4.    The Fee Examiner shall ensure that the fees and expenses requested by the Retained Professionals are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code, by monitoring, reviewing, and, where appropriate, objecting to Applications filed by Retained Professionals.  The Fee Examiner shall conduct its duties in compliance with (i) the Bankruptcy Code (specifically, sections 328, 329, 330, and 331, as applicable, pursuant to each Retained Professional's retention order), (ii) the Bankruptcy Rules, including Bankruptcy Rule 2016, (iii) the Local Rules, including Local Rule 2016-2, (iv) all other applicable rules and guidelines, including the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, and (v) the Interim Compensation Order.

5.    The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that: no later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES or Excel). A Retained Professional need not send to the Fee Examiner the electronic-formatted Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Application or otherwise, or (ii) Final Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with

the applicable Interim Fee Application or otherwise.  If any Retained Professional cannot reasonably convert its Fee Detail to the electronic formats described above, the Fee Examiner will work with such Retained Professional to find an appropriate electronic format.

6.      All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Retained Professional within seven (7) days of entry of this Order.  All previously filed Applications, all future Applications, and all other documents, notices, or pleadings required to be sent to or served upon any Notice Party under the Interim Compensation Order on and after the date hereof, shall also be served upon the Fee Examiner at the following address: Rucki Fee Review, LLC, 1111 Windon Drive, Wilmington, DE 19803, email: justinrucki@ruckifeereview.com.[3]  Notwithstanding the time periods set forth in paragraphs 8 and 9 below, the Fee Examiner shall be provided the later of (i) such time periods and (ii) sixty (60) days from the receipt of the Fee Details required by this paragraph to submit Initial Reports with respect to first quarterly and second quarterly Interim Fee Applications.

7.      Without limiting any provision of this Order, to the extent that any order approving the retention of any Retained Professionals in whole or in part under Bankruptcy Code section 328 authorizes any party, including, without limitation, the U.S. Trustee, to object to the allowance of fees or expenses sought by such Retained Professional on any grounds, including without limitation, based on the reasonableness standard provided in Bankruptcy Code section 330, the Fee Examiner shall also be authorized (and shall have standing) to object on the same grounds as such party by filing and serving Initial Reports and Final Reports (as defined below) as to such Retained Professionals' Applications.

8.      The Fee Examiner shall:

---

[3]  The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the Chapter 11 Cases under Rule 2002 of the Bankruptcy Rules and the Fee Examiner shall be served with all such papers.

(a)     review Applications (and related Fee Detail) filed by each Retained Professional in these Chapter 11 Cases.  To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (i) Interim Fee Applications comprised of Monthly Fee Applications; and (ii) Final Fee Applications comprised of Interim Fee Applications that have already been reviewed by the Fee Examiner;

(b)     during the course of its review of an Application, consult, as the Fee Examiner deems appropriate, with each Retained Professional concerning such Application;

(c)     during the course of the review of an Application, review, to the extent appropriate, any relevant documents filed in these Chapter 11 Cases and to be generally familiar with these Chapter 11 Cases and the dockets;

(d)     within twenty-one (21) days after a Retained Professional files an Interim Fee Application or Final Fee Application and provides the Fee Examiner the fee detail in the format required herein, serve a confidential initial report (the "Initial Report") on the Retained Professional designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2;

(e)     within fourteen (14) days after service of the Initial Report, communicate with each Retained Professional, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Retained Professional with respect to that Retained Professional's requested fees and expenses.  The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Retained Professional may provide the Fee Examiner with supplemental information that the Retained Professional believes is relevant to the Initial Report;

(f)     following communications between the Fee Examiner and the Retained Professional, and the Fee Examiner's review of any supplemental information provided by such Retained Professional in response to the Initial Report, conclude the resolution period by filing with the Court a report with respect to each Application (the "Final Report"), within fourteen days after the service of the Initial Report, subject to extension as set forth herein.  The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2.  The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution; and

> (g)     serve each Final Report on counsel for the Debtors, the Committees, the FCR, the U.S. Trustee, and each Retained Professional whose fees and expenses are addressed in the Final Report.

9.     A Retained Professional subject to a Final Report may (i) file with the Court a response (a "Final Response") to such Final Report no later than twenty (20) days after the Fee Examiner's service of a Final Report and request a ruling with respect to any fees or expenses to which an objection was made in the Final Report (the "Incremental Amount") at the next interim fee hearing or the final fee hearing *or*, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner.  Any Final Response shall be served upon those parties served with the Final Report, and the Fee Examiner.

10.     The Fee Examiner, the Retained Professionals, and the Debtors shall use best efforts to have the undisputed portion of Applications allowed by the Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

11.     Subject to further order of the Court, an Application shall not be considered by the Court prior to review by the Fee Examiner and the submission to the Court of a Final Report specific to such Application, *unless* the Fee Examiner has expressly stated that such hearing should go forward without the Final Report being filed.  If applicable, hearings on the Applications shall be scheduled by the Court in consultation with the Debtors' counsel after the filing of the applicable Final Reports by the Fee Examiner, or scheduled in advance of the Filing of Final Reports with the consent of the Fee Examiner if such hearing date(s) provide sufficient time for the review deadlines set forth in paragraphs 8 and 9 hereof.  The Fee Examiner may

conduct discovery in connection with any contested Application; *provided however,* that all Retained Professionals reserve all their rights to object to such discovery.

12.     For the avoidance of doubt, the procedures set forth in section 2, paragraph (c) of the Compensation Procedures in the Interim Compensation Order, allowing Retained Professionals to be paid 80% of their requested fees and 100% of their requested expenses upon the filing of a certification of no objection with the Court, shall remain unaffected by this Order, and absent objection from another Notice Party pursuant to paragraph (c) of the Compensation Procedures, Retained Professionals shall be entitled to file a certificate of no objection and receive payment of those fees and expenses prior to the Fee Examiner's review.

13.     Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional.  Should a Retained Professional fail to meet one or more deadlines set forth herein for the review of an Application, and in the reasonable discretion of the Fee Examiner, the Retained Professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date.  Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Retained Professionals.

14.     The Fee Examiner is authorized to take, defend, or appear in any appeal regarding an Application and to conduct and respond to discovery, including making itself available for depositions and cross-examinations by the Debtors, the Committees, the FCR, the U.S. Trustee, and other parties in interest consistent with Rule 706 of the Federal Rules of Evidence.

15.     The Debtors and all Retained Professionals shall cooperate with all reasonable requests made by the Fee Examiner in the discharge of its duties and shall respond as soon as practicable to any such reasonable request for information or meetings with the Fee Examiner. The Fee Examiner may request that Retained Professionals provide budgets, staffing plans, or other information to the Fee Examiner. Any such budgets requested of Retained Professionals shall not constitute a limit on the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a Retained Professional may, in its professional discretion, determine are necessary for such Retained Professional to fulfill its professional responsibilities.

16.     If a Retained Professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

17.     The Fee Examiner may retain attorneys and other professionals that the Fee Examiner deems necessary to assist in the discharge of the Fee Examiner's duties. The Fee Examiner's retention of professionals shall be subject to Court approval. The requirements pursuant to Local Rule 9010-1(c) and (d) shall be waived with respect to the Fee Examiner and any attorneys retained by the Fee Examiner, and the Fee Examiner shall not be required to obtain representation by or associate with a member of the Bar of the District Court of Delaware.

18.     The Fee Examiner, and any professionals retained by the Fee Examiner, shall be entitled to compensation from the Debtors' estates for their reasonable and necessary fees and actual and documented expenses. The fees and expenses of the Fee Examiner shall be subject to application, allocation, and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy

Rule 2016, Local Rule 2016-2, the applicable U.S. Trustee Guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged to the ordinary hourly rate of the Fee Examiner for services of this nature, which rate is a maximum of $280 per hour, subject to periodic adjustment on an annual basis no earlier than January 1, 2021, and shall not include any contingency or success fees. Prior to any such annual increase, Rucki Fee Review will provide at least ten (10) days advance notification of such revised hourly rate to the Debtors and their counsel, the Office of the United States Trustee for the District of Delaware, counsel to the Committees, and counsel to the FCR, which notification may each be provided via e-mail to such parties' counsel of record in these Chapter 11 Cases. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e).

19.     Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on (i) the U.S. Trustee and (ii) each Retained Professional, other than professionals whose fees are specifically exempted from the Fee Examiner's review pursuant to paragraph 2 above.

20.     This Order does not limit the statutory rights and obligations of interested parties in these cases, including, but not limited to, the rights of parties-in-interest to object to Applications. Nothing herein shall (i) affect the exemptions and waivers granted to, and the standard of review applied to the Retained Professionals as established under any orders previously entered by this Court; or (ii) affect any party's right to request a waiver of the requirements of Local Rule 2016-2 or the U.S. Trustee Guidelines, to the extent they apply.

21.    The Fee Examiner is hereby appointed an officer of the Court with respect to the performance of its duties as Fee Examiner and shall be provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of its duties and powers.  No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with its duties and powers hereunder except in this Court, and with the prior approval of this Court (or, with respect to discovery, the Fee Examiner's consent), which retains exclusive jurisdiction therefor.

22.    Any and all claims or causes of action not instituted against the Fee Examiner prior to the tenth calendar day after entry of an order determining the last Final Fee Application in these Chapter 11 Cases shall be forever barred and discharged, and all persons and entities shall be forever enjoined from prosecuting such claims in any manner thereafter.

23.    The Debtors and the Fee Examiner are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

24.    Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order. Notwithstanding any provisions of this Order to the contrary, the Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code.

**Dated: September 18th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

12