IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 1125 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO AUGUST 1, 2020**

Upon the application (the "Application")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors-in-possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order authorizing the Debtors to retain and employ Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as special litigation counsel for the Debtors, *nunc pro tunc* to August 1, 2020, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1, 2016-1, and 2016-2; and the Court being satisfied, based on the representations made in the Application and the Declarations, that Quinn Emanuel does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Quinn Emanuel is to be employed; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

February 29, 2012; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Application, if any, having been withdrawn, resolved or overruled; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Quinn Emanuel as special litigation counsel to the Debtors pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to August 1, 2020, to represent the Debtors in the Trademark Action in accordance with the terms and conditions set forth in the Application.

3. Quinn Emanuel shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  Quinn Emanuel shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in

connection with the Application and all applications for compensation and reimbursement of expenses filed by Quinn Emanuel in these chapter 11 cases.

4. Notwithstanding anything in the Application or the Declarations to the contrary and after reconciliation of any prepetition fees and expenses with the retainer held by Quinn Emanuel, Quinn Emanuel shall apply any remaining amounts of the retainer to the first post-petition invoice for fees and expenses after such post-petition fees and expenses are allowed against the Debtors' estates, including pursuant to any interim compensation procedures approved by the Court, until the remaining amount of such retainer is exhausted. Quinn Emanuel may be paid additional retainers by any applicable insurance carriers.

5. Quinn Emanuel shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these chapter 11 cases before implementing any periodic increases and shall file such notice with the Court.

6. If the Debtors determine to retain Quinn Emanuel to provide any additional legal services, the Debtors shall file a notice with the Court describing the scope of such additional services, together with such supplemental declaration(s) in support thereof as may be required, and objections thereto, if any, shall be filed and served within fourteen (14) days of the filing thereof.

7. The Debtors and Quinn Emanuel are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. To the extent there is any inconsistency between the Application, the Declarations and this Order, the provisions of this Order shall govern.

9. The terms and conditions of the order shall be immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

*Dated:* **September 18th, 2020**
**Wilmington, Delaware**

*[signature]*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

4