IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  October 13, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**SIXTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM AUGUST 1, 2020 THROUGH AUGUST 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | August 1, 2020 through August 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $658,721.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 31,478.15 |

This is a:       x   monthly          interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $6,064.88 | $619,406.00[2] | $6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $3,045.94 | $515,736.40 | $3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $3,681.07 | $527,694.80 | $3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $5,651.98 | $380,703.60 | $5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $6,612.09 | $542,738.80 | $6,612.09 |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey H. Davidson | Partner 2014; Member of CA Bar since 1977 | $1,495.00 | 0.20 | $ 299.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 107.50 | $128,462.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 96.70 | $110,721.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 1.00 | $ 1,075.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 22.50 | $ 24,187.50 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 4.60 | $ 4,715.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 43.80 | $ 44,895.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,025.00 | 0.30 | $ 337.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 84.90 | $ 93,390.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 5.50 | $ 5,472.50 |

---

[2] This amount reflects an agreed upon reduction of $2,000.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 3.20 | $    3,040.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $  950.00 | 3.70 | $    3,515.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 22.60 | $  20,905.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 | $  925.00 | 4.90 | $    4,532.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $  850.00 | 61.70 | $  52,445.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 124.30 | $102,547.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 35.30 | $  29,122.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  775.00 | 11.90 | $    9,222.50 |
| Leslie A. Forrester | Law Library Director | $  450.00 | 3.10 | $    1,395.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 17.00 | $    7,225.00 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.10 | $        42.50 |
| Nancy P. F. Lockwood | Paralegal 2018 | $  425.00 | 11.00 | $    4,675.00 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 4.70 | $    1,856.50 |
| Sophia L. Lee | Legal Assistant | $  395.00 | 6.70 | $    2,646.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 0.60 | $      210.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $  350.00 | 0.20 | $        70.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 4.90 | $    1,715.00 |

**Grand Total:**     **$658,721.00**
**Total Hours:**          **682.90**
**Blended Rate:**      **$964.590**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 7.00 | $   7,899.50 |
| Bankruptcy Litigation | 127.60 | $117,652.00 |
| Business Operations | 3.30 | $   3,357.50 |
| Case Administration | 23.50 | $   9,993.00 |
| Claims Admin./Objections | 16.00 | $  14,847.00 |
| Compensation of Professional | 22.10 | $  16,011.50 |
| Compensation of Prof./Others | 13.50 | $  10,057.50 |
| Executory Contracts | 1.90 | $   1,757.50 |
| Financing | 1.70 | $   1,707.50 |
| General Creditors Comm. | 79.80 | $  80,658.50 |
| Hearing | 4.30 | $   4,287.50 |
| Insurance Coverage | 19.90 | $  20,149.00 |
| Meeting of Creditors | 8.20 | $   9,092.00 |
| Mediation | 214.10 | $215,397.50 |
| Plan & Disclosure Statement | 106.30 | $113,903.50 |
| Retention of Prof/Others | 2.90 | $   2,448.50 |
| Stay litigation | 30.80 | $  29,501.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Bloomberg | | $      62.50 |
| Conference Call | Loop Up; AT&T Conference Call | $     634.53 |
| Delivery/Courier Expense | Advita | $     115.00 |
| Federal Express | | $     188.12 |
| Legal Services | Lexis/Nexis | $  1,370.96 |
| Outside Services | MIPRO Consulting[4]; Zoom | $27,071.64 |
| Court Research | Pacer | $     226.20 |
| Postage | US Mail | $      56.20 |
| Reproduction Expense | | $      91.40 |
| Reproduction/Scan Copy | | $  1,161.60 |
| Research | Everlaw | $     500.00 |

---

[3]  PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

[4] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database.  PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application.  The invoices of MIPRO, in the total amount of $27,058.90, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, are attached hereto as Exhibit "B".

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  October 13, 2020 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM AUGUST 1, 2020 THROUGH AUGUST 31, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J"

or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

Sixth Monthly Application for Compensation and for Reimbursement of Expenses for the Period

from August 1, 2020 through August 31, 2020 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $658,721.00 and actual and necessary expenses in the amount of $31,478.15 for

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

a total allowance of $690,199.15 and payment of $526,976.80 (80% of the allowed fees) and

reimbursement of $31,478.15 (100% of the allowed expenses) for a total payment of

$558,454.95 for the period August 1, 2020 through August 31, 2020 (the "Interim Period").  In

support of this Application, PSZ&J respectfully represents as follows:

## **Background**

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  The Debtors have continued in possession of their property and continued to operate and

manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications.  If no objections are made within fourteen (14) days after service of the monthly

fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the

requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.     The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.     PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

**Fee Statements**

7.        The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.        A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.      PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoices of MIPRO, in the total amount of $27,058.90, are attached as Exhibit 'B'. PSZ&J has

paid those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit "A,"

and has included payment of the MIPRO invoices as part of its request in this Application for

reimbursement of expenses.

### Summary of Services Rendered

13.     The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

14.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

### Summary of Services by Project

15.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below. PSZ&J attempted to place the services provided in the

category that best relates to such services. However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category. These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed asset restriction issues; (2) maintained a tracking chart regarding Local Council asset transfers; (3) performed work regarding a brief in the Arrow matter; (4) reviewed and analyzed real estate development restrictions; (5) reviewed and analyzed valuation issues; and (6) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $7,899.50;      Hours:  7.00

### B.    Bankruptcy Litigation

17.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a response from the Ad Hoc Local Councils Committee regarding Local Council letters; (2) performed work regarding follow up issues from meet and confers in connection with document requests in the Andrew Jackson, Atlanta, and Greater New York Local Council matters; (3) performed work regarding follow up issues from a meet and confer in the Mid-America Local Council matter; (4) performed work regarding follow up issues from a meet and confer in connection with document requests in the Denver Local Council matter;

(5) reviewed and analyzed issues regarding discovery from Local Councils; (6) reviewed and analyzed acknowledgment defaults in the Cimarron and Grand Teton Local Councils matters; (7) attended to transfer issues regarding the Middle Tennessee Local Council; (8) reviewed and analyzed issues regarding the Grand Canyon Local Council meet and confer in connection with document requests; (9) reviewed and analyzed issues regarding the BSA response to document requests in connection with Local Councils; (10) performed work regarding document request follow up relating to the Atlanta Local Council; (11) reviewed and analyzed the document request response relating to the Denver Local Council; (12) performed work regarding certificates of counsel; (13) reviewed and analyzed issues regarding the Coalition of Scouts ("Coalition"); (14) reviewed and analyzed an updated document index for the Greater New York and Crossroads of America Local Councils; (15) attended to issues regarding the Cimarron and Grand Teton Local Council termination orders; (16) reviewed and analyzed discovery issues related to a motion to dismiss; (17) reviewed and analyzed documents from the Crossroads of America Local Council in preparation for a meet and confer call and participated in the meet and confer with counsel for the Crossroads of America Local Council; (18) reviewed and analyzed follow up issues relating to the meet and confer call with Crossroads of America Local Council; (19) reviewed and analyzed issues related to a potential withdrawal of certificates of counsel relating to the Cimarron and Grand Teton Local Councils; (20) reviewed and analyzed issues regarding the status of Local Council document production; (21) reviewed and analyzed responses from Local Councils in connection with documents allegedly in possession of BSA in preparation for a conference call with BSA counsel; (22) reviewed and analyzed follow up issues

relating to the meet and confer regarding document production by the Denver Local Council; (23) performed work regarding additional responsive documents in the Mid America Local Council matter; (24) performed work regarding a mediation brief; (25) attended to issues regarding a Bankruptcy Rule 2019 statement relating to the Coalition; (26) reviewed and analyzed reports regarding document production by Ad Hoc Local Councils; (27) maintained a tracking chart regarding Local Councils; (28) performed work regarding notices of withdrawal of certificates of counsel relating to the Cimarron and Grand Teton Local Councils; (29) reviewed and analyzed documents produced by the Greater New York Local Council; (30) corresponded with Ad Hoc Local Council members regarding documents and reviewed document responses; (31) reviewed and analyzed the status of all discovery requests to Local Councils; (32) reviewed and analyzed issues regarding BSA and Atlanta Local Council document production; (33) reviewed and analyzed notice issues regarding a Motion to Enforce Stay; (34) reviewed and analyzed insurance issues relating to BSA; (35) performed work regarding demands for the production of insurance-related documents; (36) prepared for and attended a discovery conference call with BSA counsel regarding insurance issues; (37) reviewed and analyzed issues regarding new discovery requests for Local Councils based on BSA's document production; (38) performed work regarding a follow up letter to Local Councils; (39) reviewed and analyzed issues regarding the Brown Rudnick engagement; (40) reviewed and analyzed the Coalition motion regarding mediation party status; (41) reviewed and analyzed BRG reports regarding documents produced by Local Councils; (42) performed work regarding Grand Canyon Local Council discovery; (43) drafted an objection to the Coalition motion regarding mediation party

status; (44) performed work regarding Hearing Binders; (45) reviewed and analyzed the Century

Insurance motion to compel Coalition disclosures; (46) performed work regarding an objection

to the Coalition Bankruptcy Rule 2019 motion; (47) reviewed and analyzed issues regarding

communications with Ad Hoc Local Council member representatives in connection with

document requests and responses to same; (48) prepared for and attended a hearing on August

31, 2020 regarding BSA's motion for supplemental bar date relief; (49) reviewed and analyzed

common interest privilege issues; and (50) conferred and corresponded regarding bankruptcy

litigation issues.

Fees:  $117,652.00;    Hours:  127.60

### C.    Business Operations

18.    This category relates to work regarding business operations issues.

During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed an A&M

presentation regarding insurance issues; (2) reviewed and analyzed a BSA report regarding

operations; (3) prepared for and attended a conference call regarding operations and cash

forecast issues; and (4) conferred regarding business operation issues.

Fees:  $3,357.50;        Hours:  3.30

### D.    Case Administration

19.    This category relates to work regarding administration of these cases.

During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of

critical dates; (2) maintained service lists; (3) maintained document control; (4) maintained a

work-in-progress chart; and (5) corresponded regarding case administration issues.

Fees:  $9,993.00;        Hours:  23.50

### E.    Claims Admin/Objections

20.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) responded to inquiries from claimants and their counsel; (2) performed work regarding a claims spreadsheet; (3) performed work regarding notice issues; (4) reviewed and analyzed bylaws and charters regarding pension analysis issues; (5) performed work regarding an abuse claims matrix; (6) reviewed and analyzed issues regarding a claims platform; (7) performed work regarding a claims information sharing protocol; (8) reviewed and analyzed statute of limitations issues; (9) reviewed and analyzed confidentiality and disclosure issues; (10) reviewed and analyzed issues regarding amendments to proofs of claims; (11) reviewed and analyzed issues regarding proof of claim filing confirmations; (12) reviewed and analyzed PBGC and control group liability issues; (13) reviewed and analyzed a motion to supplement bar date order; (14) reviewed and analyzed the Herman Law response to BSA Ad Motion; and (15) corresponded and conferred regarding claim issues.

Fees:  $14,847.00;    Hours:  16.00

### F.    Compensation of Professionals

21.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding its May, June and July 2020 monthly, and Second Quarterly, fee applications; (2) reviewed and analyzed fee examiner issues; and (3) monitored the status and filing of fee applications.

Fees:  $16,011.50;    Hours:  22.10

**G.      Compensation of Professionals--Others**

22.      This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding the BRG and Pasich fee applications; (2) maintained a fee chart; (3) reviewed and analyzed fee examiner issues; and (4) corresponded and conferred regarding compensation issues.

Fees:  $10,057.50;      Hours:  13.50

**H.      Executory Contracts**

23.      This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things, reviewed and analyzed the BSA Motion to Assume Leases, and corresponded and conferred regarding such motion.

Fees:  $1,757.50;      Hours:  1.90

**I.      Financing**

24.      This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding an extension of the lien challenge deadline; (2) performed work regarding a stipulation extending the lien challenge deadline; (3) reviewed and analyzed recharacterization issues; and (4) corresponded regarding financing issues.

Fees:  $1,707.50;      Hours:  1.70

### J.    General Creditors Committee

25.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding case status and strategy; (2) prepared for and participated in telephonic conferences with the Debtors' counsel regarding case issues; (3) reviewed and analyzed issues regarding sharing claims information and regarding a preliminary injunction analysis; (4) prepared for and participated in telephonic conferences with State Court Counsel and with Committee members regarding case issues; (5) reviewed and analyzed discovery issues; (6) reviewed and analyzed Bankruptcy Rule 2019 statement issues; (7) reviewed and analyzed mediation, Coalition, and insurance issues; (8) reviewed and analyzed Evanston settlement issues; (9) prepared for and attended telephonic conferences with the Local Council Working Group regarding Local Council issues including strategy and litigation options; (10) reviewed and analyzed advertising issues; (11) reviewed and analyzed a mediation brief; (12) reviewed and analyzed the Hartford and Royal mediation statements; (13) performed work regarding an objection to the Coalition Bankruptcy Rule 2019 statement; (14) performed work regarding a response to advertising motion; (15) attended to real estate and claims analysis issues; and (16) corresponded and conferred regarding general creditors committee issues.

Fees:  $80,658.50;      Hours:  79.80

### K.    Hearings

26.    This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, prepared for and attended a hearing on August 31, 2020.

Fees:  $4,287.50;      Hours:  4.30

**L.      Insurance Coverage**

27.      This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended teleconferences with members of the insurance subgroup; (2) reviewed and analyzed issues regarding pending insurance proceedings; (3) reviewed and analyzed insurance coverage issues; (4) reviewed and analyzed issues related to Texas; (5) reviewed and analyzed issues regarding policy coverage for sex abuse claims; (6) reviewed and analyzed additional insured issues; (7) reviewed and analyzed Local Council issues; (8) reviewed and analyzed public policy issues; (9) prepared for and attended a conference call with the Debtors' professionals regarding the General Liability Insurance Program; (10) reviewed and analyzed mediation briefs regarding additional insured objection issues; (11) reviewed and analyzed rights related to Local Councils and settlement options; and (12) corresponded and conferred regarding insurance issues.

Fees:  $20,149.00;      Hours:  19.90

**M.      Meeting of Creditors**

28.      This category relates to meeting of creditors issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding a Section 341 meeting of creditors, and prepared for and attended a Section 341 meeting of creditors on August 20, 2020.

Fees:  $9,092.00;      Hours:  8.20

N.      **Mediation**

29.      This category relates to mediation issues.  During the Interim Period, the

Firm, among other things:  (1) performed work regarding a restricted gifts memorandum;

(2) reviewed and analyzed State law regarding charitable immunity issues, and drafted a

memorandum regarding charitable immunity; (3) reviewed and analyzed issues regarding legal

limitations relating to endowments; (4) reviewed and analyzed third party claim issues;

(5) reviewed and analyzed Coalition and mediation party issues; (6) reviewed and analyzed the

BSA mediation brief regarding restricted asset issues; (7) prepared for and attended a conference

call with mediators and the Coalition regarding Bankruptcy Rule 2019 statement and related

issues; (8) performed work regarding a response to the Debtors' mediation brief; (9) attended to

issues regarding the status of the Coalition as mediation party; (10) reviewed and analyzed

statutes of limitations issues; (11) performed work regarding an evidence narrative in mediation

brief; (12) performed work regarding the mediation brief section relating to Local Councils and

chartered organizations; (13) performed work regarding the section of the mediation brief related

to Arrow; (14) prepared for and participated in a mediation session regarding Local Council

issues; (15) performed work regarding a mediation statement; (16) prepared for and attended a

mediation call with Mid Tennessee Local Council counsel regarding stay motion; (17) reviewed

and analyzed the statements of Local Councils, JPM, Arrowood, and Hartford; (18) reviewed and

analyzed the statements of the Future Claims Representative and the General Unsecured

Creditors Committee; (19) attended to redaction issues; (20) prepared for and attended a

mediation conference regarding the Coalition as mediation party; (21) prepared for and attended

a telephone conference with the mediators regarding insurance, statute of limitations and bar date issues; and (22) corresponded and conferred regarding mediation issues.

Fees:  $215,397.50;    Hours:  214.10

**O.      Plan and Disclosure Statement**

30.      This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed BSA structure issues; (2) performed work regarding claims estimation issues; (3) performed work regarding document requests, and reviewed and analyzed documents produced by Ad Hoc Local Councils; (4) reviewed and analyzed issues regarding the best interest of creditors test and standing; (5) reviewed and analyzed confirmation requirements, and performed work regarding a memorandum on confirmation issues; (6) reviewed and analyzed issues regarding trust distribution procedures in mass tort cases; and (7) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $113,903.50;    Hours:  106.30

**P.      Retention of Professionals--Others**

31.      This category relates to the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed the Quinn Emanuel retention application; (2) performed work regarding *pro hac vice* motions for the Pasich firm; and (3) corresponded regarding retention issues.

Fees:  $2,448.50;        Hours:  2.90

Q.     **Stay Litigation**

32.     This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a motion enforcing automatic stay against Middle Tennessee Council arising from transfers of property of the estate; (2) reviewed and analyzed the Williams relief from stay motion; (3) reviewed and analyzed a motion for relief from stay regarding offset of security deposit for rejected Avenue of America lease; (4) reviewed and analyzed the Henderson and Romero relief from stay motions and performed work regarding responses to such motions; and (5) corresponded and conferred regarding stay litigation issues.

Fees:  $29,501.50;     Hours:  30.80

**Valuation of Services**

33.     Attorneys and paraprofessionals of PSZ&J expended a total 682.90 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey H. Davidson | Partner 2014; Member of CA Bar since 1977 | $1,495.00 | 0.20 | $      299.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 107.50 | $128,462.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 96.70 | $110,721.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 1.00 | $    1,075.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 22.50 | $ 24,187.50 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 4.60 | $    4,715.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 43.80 | $  44,895.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,025.00 | 0.30 | $       337.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 84.90 | $  93,390.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 5.50 | $    5,472.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 3.20 | $    3,040.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $  950.00 | 3.70 | $    3,515.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 22.60 | $  20,905.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 | $  925.00 | 4.90 | $    4,532.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $  850.00 | 61.70 | $  52,445.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 124.30 | $102,547.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 35.30 | $  29,122.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  775.00 | 11.90 | $    9,222.50 |
| Leslie A. Forrester | Law Library Director | $  450.00 | 3.10 | $    1,395.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 17.00 | $    7,225.00 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.10 | $        42.50 |
| Nancy P. F. Lockwood | Paralegal 2018 | $  425.00 | 11.00 | $    4,675.00 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 4.70 | $    1,856.50 |
| Sophia L. Lee | Legal Assistant | $  395.00 | 6.70 | $    2,646.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 0.60 | $       210.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrea R. Paul | Case Management Assistant 2001 | $   350.00 | 0.20 | $       70.00 |
| Karen S. Neil | Case Management Assistant 2003 | $   350.00 | 4.90 | $    1,715.00 |

**Grand Total:**    **$658,721.00**
**Total Hours:**         **682.90**
**Blended Rate:**    **$964.590**

34.    The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $658,721.00.

35.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of August 1, 2020 through August 31, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $658,721.00 and actual and necessary expenses in the amount of $31,478.15 for a total allowance of $690,199.15 and payment of $526,976.80 (80% of the allowed fees) and reimbursement of $31,478.15 (100% of the allowed

expenses) be authorized for a total payment of $558,454.95; and for such other and further relief as this Court deems proper.

Dated:  September 29, 2020                PACHULSKI STANG ZIEHL & JONES LLP

                                          _____/s/ James E. O'Neill_____
                                          James I. Stang (CA Bar No. 94435)
                                          Robert B. Orgel (CA Bar No. 10187)
                                          James E. O'Neill (DE Bar No. 4042)
                                          John W. Lucas (CA Bar No.271038)
                                          Ilan D. Scharf (NY Bar No. 4042107)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE  19899-8705 (Courier 19801)
                                          Telephone: (302) 652-4100
                                          Facsimile:  (302) 652-4400
                                          Email:    jstang@pszjlaw.com
                                                    rorgel@pszjlaw.com
                                                    joneill@pszjlaw.com
                                                    jlucas@pszjlaw.com
                                                    ischarf@pszjlaw.com

                                          *Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE       :
                        :
COUNTY OF NEW CASTLE  :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones

LLP, and have been admitted to appear before this Court.

b)      I am familiar with many of the legal services rendered by Pachulski Stang

Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020

and submit that the Application substantially complies with such Rule and Order.


_____
            /s/ James E. O'Neill
            James E. O'Neill