## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**Objection Deadline: October 7, 2020 at 4:00 p.m. (ET)**
**Hearing Date: October 14, 2020 at 10:00 a.m. (ET)**

## THE TORT CLAIMANTS' COMMITTEE'S MOTION TO SUPPLEMENT THE CLAIMS BAR DATE ORDER REGARDING THE ELECTRONIC EXECUTION OF ABUSE PROOFS OF CLAIM

The official committee of survivors of childhood sexual abuse (the "**Tort Claimants' Committee**") hereby moves (the "**Motion**") the Court to supplement its *Order, Pursuant to 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [Docket No. 695] (the "**Bar Date Order**") regarding the electronic execution of proofs of claim filed by survivors. In support of the Motion, the Tort Claimants' Committee respectfully represents as follows:

### INTRODUCTION

The Bar Date Order, the related notice, and the Sexual Abuse Survivor Proof of Claim Form[2] all require that claimants "sign" their proof of claim. However, the Bar Date Order, the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

DOCS_NY:41218.3 85353/002

related notice, and the Sexual Abuse Survivor Proof of Claim Form do not define "sign." Attorneys for many childhood sexual survivors have requested confirmation from the Debtors and the Tort Claimants' Committee that their clients may execute their Sexual Abuse Survivor Proofs of Claim using an electronic signature program. The electronic signature programs include, but are not limited to, Docusign, Hellosign, or Adobe Sign (each an "**<u>E-Signature Program</u>**"). The Tort Claimants' Committee believes that the execution of Sexual Abuse Survivor Proofs of Claim with an E-Signature Program satisfies the "signing" requirement. To ensure that Sexual Abuse Survivors themselves are executing the form as required by the Bar Date Order,[3] the Tort Claimants' Committee proposes that the executed Sexual Abuse Survivor Proof of Claim be filed along with the verification document that is generated by such programs as part of the execution process.  The Tort Claimants' Committee has conferred with the Debtors regarding the use of E-Signature Programs to sign Sexual Abuse Survivor Proofs of Claim, and the Debtors have confirmed that they have no objection to the procedures proposed herein.

Bankruptcy Rule 5005(a)(2) and the Delaware Local Rule 9011-4(c) authorize bankruptcy courts to permit the filing of electronically executed proofs of claim. In addition, part 3 of the Official Form 410 (*i.e.*, the general proof of claim form) reflects that "[i]f you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is." As the Court is aware, the Sexual Abuse Survivor Proof of Claim Form was drafted and heavily negotiated with the Debtors and its final form adjudicated by the Court. The execution of the Sexual Abuse Survivor Proof of Claim Form should be subject to the same

---

[2] Capitalized terms not defined herein have the meaning used in the Bar Date Order.

[3] If a Sexual Abuse Survivor is deceased, incapacitated, or a minor, the Bar Date Order permits the Sexual Abuse Survivor Proof of Claim to be signed by such survivor's representative, attorney, or legal guardian, as applicable.

DOCS_NY:41218.3 85353/002

execution formalities as Official Form 410 per Bankruptcy Rule 5005(a)(2) and Local Rule 9011-4(c), a practice that is widely accepted in bankruptcy courts across the country.[4] Additionally, forcing "wet" signatures during this global pandemic will unnecessarily subject childhood Sexual Abuse Survivors to health risk and if enforced could potentially exclude them from participating in the cases.  For the reasons set forth in greater detail below, the Tort Claimants' Committee respectfully requests the Court to supplement the Bar Date Order to clarify that "sign" includes execution via an E-Signature Program.

It should be noted that the Tort Claimants' Committee raised the E-signature issue with the Debtors' counsel on September 4, 2020.  Since that time, the Tort Claimants' Committee and the Debtors have been working together on an acceptable process that would formally permit the electronic execution of Sexual Abuse Survivor Proofs of Claim.  To that end, the Mediators facilitated discussions of the subject of this Motion among the major constituencies in the cases. The Tort Claimants' Committee filed this Motion now so that it can be heard on October 14, 2020 on regular notice.  Between now and the hearing date, the Mediators will continue to facilitate discussions regarding the form of the proposed order with the major constituencies with a goal of presenting this Motion to the Court on a fully consensual basis.

## RELIEF REQUESTED

Pursuant to Bankruptcy Rule 5005(a)(2) and Del. Bankr. L.R. 5005-4(b) and 9011-4, enter an order clarifying that the parties may sign or execute Sexual Abuse Survivor Proofs of Claim by way of an E-Signature Program. A proposed form of order is annexed hereto as **Exhibit A**.

---

[4] For the avoidance of doubt, the Motion is *not* seeking to modify the requirement that the Sexual Abuse Survivors themselves must sign the Sexual Abuse Survivor Proofs of Claim, or, if the Sexual Abuse Survivor is deceased, incapacitated, or a minor, that the form must be signed by such survivor's representative, attorney, or legal guardian, as applicable.

## ARGUMENT

### A.    Electronic Signatures on Proofs of Claim are Allowed and Common

Bankruptcy Rule 5005(a)(2) allows bankruptcy courts or their local rules to permit non-attorneys to electronically submit documents. The pertinent part of the rule provides:

> Signing. A filing made through a person's electronic-filing account
> and authorized by that person, together with that person's name on
> a signature block, constitutes the person's signature.

Bankruptcy Rule 5005(a)(2)(C). The Committee Notes on Rules – 2018 Amendments reflect that "[a] person's electronic-filing account means an account established by the court for use of the court's electronic-filing system, which account the person accesses with the user name and password (or other credentials) issued to that person by the court." Proofs of claim are generally filed with the Court. Here, however, the Debtors' Claims and Noticing Agent acts as an arm of the Court's clerk's office for this purpose by providing a claims portal through which claims may be electronically filed and also maintains a claims register.

The signature block portion of Official Form 410 Proof of Claim provides that "[i]f you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is." Official Form 410, Part 3. In accordance with these rules, the Court's local rules provide that "[t]he filing of a proof of claim electronically with the Clerk shall constitute the filing claimant's approved signature by law. . . . Electronically filed proofs of claim are deemed signed upon electronic submission with the Clerk." Delaware Local Rule 9011-4(c). The Delaware Local Rules also provide that "[t]he electronic signature of the person on the document electronically filed shall constitute the original signature of that person for purposes of Fed. R. Bankr. P. 9011 and Del. Bankr. L.R. 9011-4." Delaware Local Rule 5005-4(b). When reading these rules together, the execution of proofs of claim through E-Signature

4

Programs fits within the confines of Bankruptcy Rule 5005 and the Court's Local Rules and should apply to the execution of Sexual Abuse Survivor Proofs of Claim.

Further, many bankruptcy courts explicitly allow for electronic signatures in their public instructions for filing proofs of claim.[5] The Tort Claimants' Committee is not requesting radical relief, but rather recognition a practice allowed under the Delaware Local Rules and adopted without issue in bankruptcy courts across the country.

## B.    COVID-19 Created an Urgent Need for the Use of E-Signatures

It goes without saying that the COVID-19 pandemic has created an urgent need for the use of the electronic execution of Sexual Abuse Survivor Proofs of Claim. In a standing order expanding the use of electronic signatures, the District of Delaware recognized that "the current circumstances . . . likely make it impracticable, if not impossible, to obtain actual signatures in a timely and safe manner."[6] The Debtors' bankruptcy cases affect Sexual Abuse Survivors in all states, territories, and a number of countries around the world. COVID-19 poses an unusual obstacle because, unlike other emergencies such as hurricanes or floods, each individual's experience is unique. Sexual Abuse Survivors in this case may reside in a location with a below average number of COVID-19 cases, or they may reside in so-called "hotspots." Either way, the

---

[5] *See, e.g.*, *Electronic Filing of Proof of Claim,* Bankr. S.D.N.Y., http://www.nysb.uscourts.gov/electronic-filing-proof-claim*; ePOC FAQs*, Bankr. C.D. Cal., https://www.cacb.uscourts.gov/epoc-faqs; *Electronic Proof of Claim and Related Documents*, Bankr. N.D. Ill., https://www.ilnb.uscourts.gov/electronic-proof-claim-and-related-documents; *Electronic Proof of Claim (ePOC) – Is a signature required on the proof of claim form?,* Bankr. D. Minn., https://www.mnb.uscourts.gov/content/signature-required-proof-claim; *Claims E-Filing*, Bankr. D. Mass., https://www.mab.uscourts.gov/mab/claims-e-filing; *Electronic Filing of Proof of Claim (ePOC)*, Bankr. E.D.N.Y., https://www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc; *File a Proof of Claim Electronically*, Bankr. S.D. Fla, https://www.flsb.uscourts.gov/file-proof-claim-electronically; *Electronic Proof of Claim (ePOC) and Related Documents,* Bankr. E.D Ky, https://www.kyeb.uscourts.gov/electronic-proof-claim-epoc-and-related-documents; *Electronic Proof of Claim (ePOC) and Related Documents*, Bankr. P.R., https://www.prb.uscourts.gov/?q=electronic-proof-claim-and-related-documents; *Electronic Proof of Claim (ePOC)*, Bankr. D. Or., https://www.orb.uscourts.gov/electronic-proof-claim-epoc.

[6] Standing Order, *Expanded Use of Electronic Signatures Due to the Exigent Circumstances Created by COVID-19*, D. Del. 2020, https://www.ded.uscourts.gov/sites/ded/files/news/ORDER%20ELECTRONIC%20SIGNATURE%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.pdf (omitted notation references the increased use of telephone and video conferencing as one, but not the only, reason for difficulty obtaining signatures).

DOCS_NY:41218.3 85353/002

execution of Sexual Abuse Survivor Proofs of Claim with an E-Signature Program will prevent Sexual Abuse Survivors from unnecessary exposure to health risks during these very trying times. It is impossible under these circumstances to dictate any universal rule that might force a Sexual Abuse Survivor to leave home to use a printer or scanner, or to go to the post office. While such a requirement might be safe for some, it is absolutely not safe for all. Inevitably such a rule would leave out the most vulnerable members of this constituency.

## C.    The E-Signature Program Verification Process

To date, thousands of Sexual Abuse Survivor Proofs of Claim have been filed and a substantial number of them were executed with E-Signature Programs. The Tort Claimants' Committee and the Debtors expect thousands of more Sexual Abuse Survivor Proofs of Claim to be filed but want to be sure the electronic execution process is documented.

To this end, when a Sexual Abuse Survivor Proof of Claim is executed with an E-Signature Program, the program generates a document that shows:  (a) who created the document, (b) who the document was sent to (generally an email address), (c) when the document was received, viewed, and completed, (d) how the document was signed (i.e., the signature can be drawn or computer generated), and (e) when the document was sent back and to whom (the foregoing, a "E-Signature Verification Form").

The Tort Claimants' Committee proposes that going forward all Sexual Abuse Survivor Proofs of Claim executed electronically should be filed along with the E-Signature Verification Form. However, for the Sexual Abuse Survivor Proofs of Claim that were already filed, the survivors' counsel has the option of either amending the Sexual Abuse Survivor Proof of Claim or sending the E-Signature Verification Form to the Debtors' Claims and Noticing Agent the later of (a) 60 days after November 16, 2020 (*i.e.*, the Bar Date) or (b) 60 days after the Debtors'

Claims and Noticing Agent provides notice to parties that have executed and filed their Sexual Abuse Survivor Proof of Claim without also filing the E-Signature Verification Form.

## **CONCLUSION**

For the foregoing reasons, the Bar Date Order should be supplemented to clarify that Sexual Abuse Survivors may execute Sexual Abuse Survivor Proofs of Claim electronically. Despite the Delaware Local Rules' plain language, the common use of electronic signatures in bankruptcy courts nationwide, and the unique threat posed by the global pandemic, parties have expressed uncertainty regarding the execution of Sexual Abuse Survivor Proof of Claim by way of an E-Signature Program. The Tort Claimants' Committee therefore respectfully requests that the Court supplement the Bar Date Order to include language that clarifies the definition of "sign" to include execution using an E-Signature Program, so long as the proof of claim is filed with an E-Signature Verification Form or that form is delivered to the Debtors' Claim and Noticing Agent so that the form can be matched with the originally filed Sexual Abuse Survivor Proof of Claim.

DOCS_NY:41218.3 85353/002

Date: September 30, 2020

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS**

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
John A. Morris (NY Bar No. 2405397)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: jstang@pszjlaw.com
         jmorris@pszjlaw.com
         joneill@pszjlaw.com
         jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*