## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
|  | Re Docket No. 695 |
|  | Objection Deadline: 10/07/2020 @ 4:00 p.m. |
|  | Hearing Date: 10/14/2020 @ 10:00 a.m. |

## MOTION OF COALITION OF ABUSED SCOUTS FOR JUSTICE FOR ORDER PERMITTING FILING OF PROOF OF CLAIM FORMS SIGNED BY AUTHORIZED COUNSEL IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 501 AND 502, BANKRUPTCY RULE 3001, AND OFFICIAL FORM 410

The Coalition of Abused Scouts for Justice (the "Coalition"), by its undersigned counsel, hereby moves this Court for an Order, substantially in the form attached as **Exhibit A** hereto, permitting Sexual Abuse Survivors[2] to file proofs of claim against the above-captioned debtors (the "Debtors" in the "Chapter 11 Cases") executed by their authorized counsel in accordance with sections 501 and 502 of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*), Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Official Form 410—Proof of Claim. In support of this Motion, the Coalition respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meaning provided in the *Order, Pursuant to 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [D.I. 695] (the "Bar Date Order").

## PRELIMINARY STATEMENT

1.      On May 26, 2020, approximately three months after the governors of multiple states announced statewide stay-at-home orders, this Court entered an order setting November 16, 2020 as the Bar Date for filings proofs of claim for victims of Sexual Abuse.  This Bar Date, which has yet to pass, functions as a "statute of limitations" in the Debtors' cases. *See In re Energy Future Holdings Corp.*, 522 B.R. 520, 527 (Bankr. D. Del. 2015).

2.      Victims of horrific acts of violence who have suffered unimaginable damages that fail to file proofs of claim prior to the Bar Date may be deemed ineligible to receive any compensation on account of their injuries.  Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim "is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim" within the time prescribed by Bankruptcy Rule 3003(c)(3) and that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2); *accord Energy Future Holdings*, 522 B.R. at 527 ("Tort claimants can have their right to pursue their claims foreclosed if they fail to take action before the expiration of a statute of limitations"—*i.e.*, "before the expiration of the bar date.")

3.      The impact of the COVID-19 epidemic did not subside in a matter of a few months, as some once predicted.  New waves of infection continue to occur, forcing many to limit in person contact with others and avoid public places.  In the face of COVID-19 epidemic, attorneys that have been retained by victims of Sexual Abuse are working diligently to ensure that their clients' proofs of claim are timely filed with the Debtors' claims and noticing agent— Omni Agent Solutions ("Omni").  A provision in the Bar Date Order poses an unnecessary and unprecedented obstacle—namely, the requirement in Paragraph 4(b) that Sexual Abuse Survivor Proofs of Claim "be signed by the Sexual Abuse Survivor."

4.      To the extent that this provision precludes authorized counsel from signing Sexual Abuse Survivor Proofs of Claim, it plainly runs afoul of Bankruptcy Rule 3001 and Official Form 410.  To state the issue simply, under the Bar Date Order a proof of claim that *fully* complies with Bankruptcy Rule 3001 and sets forth *all* of the required information could be subject to objection simply because it is signed by a creditor's attorney or authorized agent.

5.      Whether intended by the Court or not, victims of Sexual Abuse appear to be subject to a heightened filing requirement beyond what is normally applicable to every commercial claimant in nearly every chapter 11 case pending in this District.  Sexual Abuse Survivors have been singled out for disparate treatment and put in a position where it is harder for them to timely file proofs of claim in these chapter 11 cases than other creditors.  A survey of mass tort bankruptcies shows that Courts uniformly adopt claim procedures that make it easier for tort victims to timely file proofs claim.  Courts should not impose unnecessary obstacles, particularly were such obstacles violate the Bankruptcy Rules.

6.      Tort claimants should not be punished if their proofs of claim are executed by their chosen counsel.  This is even more improper when one considers the challenges of obtaining signatures from victims of Sexual Abuse during a global pandemic that has already claimed over 200,000 American lives.  Given the tens of thousands of Sexual Abuse Survivors that are likely to file claims, it is likely that there will be a steep uptick in filings just prior to the Bar Date.  Making victims go through an additional hurdle at the last minute of signing the claim form during a pandemic may cause many to miss the Bar Date.  This result would be inconsistent with the Debtors' stated objective of "timely and equitably compensating victims of abuse in Scouting."  Whittman Decl. at ¶ 10 [D.I. 16].

7.      The Coalition implores the Court to act immediately to amend the Bar Date Order to eliminate the victim signature requirement so that attorneys and authorized agents can execute Sexual Abuse Survivor Proofs of Claim, as provided in Bankruptcy Rule 3001(b) and Official Form 410.  Failure to do so now could result in Sexual Abuse survivors being re-victimized by the claims process in these bankruptcy cases and denied compensation for the harm that they suffered and continue to suffer as survivors.

## BACKGROUND

### I.    General Case Background

8.      On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Court ordered the cases to be jointly administered on February 19, 2020 (D.I. 61).  On March 5, 2020, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (D.I. 141, "UCC") and an Official Committee of Tort Claimants (D.E. 142, "TCC").

9.      The Debtors filed a Plan (D.I. 20) and a Disclosure Statement (D.I. 21) on the Petition Date.  As of the date hereof, the Debtors have not sought approval of the Disclosure Statement to enable solicitation of votes on the Plan.

10.     On the Petition Date, the Debtors filed the *Debtors' Motion, Pursuant to 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [D.I. 18], and a supplement thereto on May 4, 2020 [D.I. 557] (together, the "Bar Date Motion").

11.     The record in the Chapter 11 Cases reflects that the Court entertained significant briefing and oral argument concerning the Bar Date Motion, including issues pertaining to the contents of proofs of claim and the effect of filing a proof of claim.  For instance, at the hearing on the Bar Date Motion, counsel for the TCC argued as follows:

> The proof of claim has certain impacts and consequences and the Code and the Rules tell us what those are.  Your claim is allowed, unless it is objected to.  And Rule 3001 says its prima facie evidence.  And I don't know how an order changes what the rule says the proof of claim is or changes what the Code says is in terms of allowance.

Tr. of Hr'g. May 18, 2020, 48:23-49:3.[3]  The Court agreed with the TCC, holding thereafter:

> There should be nothing in this order which deviates from the code.  I'm going to permit a longer form of proof of claim form, but there should be nothing on a substantive basis that deviates from what the code provides in this order.

Tr. of Hr'g. May 18, 2020, 71:10-14.

12.     On May 26, 2020, the Court entered the Bar Date Order, including paragraph 4(b) thereof, which states that "Sexual Abuse Survivor Proofs of Claim must: . . . (v) be signed by the Sexual Abuse Survivor."  The Bar Date Order approved various forms of notice referencing the requirement.  *See, e.g.*, Exhibit 1 (form of Bar Date Notice), p. 2.  The Sexual Abuse Survivor Proof of Claim provides on page 12 of 12 under "Signature":

> **To be valid, this Sexual Abuse Survivor Proof of Claim must be signed by you**.  If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate.  If the Sexual Abuse Survivor is a minor, the form must be signed by the Sexual Abuse Survivor's parent or legal guardian, or the Sexual Abuse Survivor's attorney.  (Any form signed by a representative or legal guardian must attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)

---

[3]  The transcript of the May 18, 2020 hearing on the Bar Date Motion appears on the record in a designation of items on appeal filed at D.I. 883.

13.     The Bar Date Motion was <u>not</u> served on all affected parties, including putative

creditors and counsel thereto, many of whom had not appeared in the Chapter 11 Cases.

## II.    The Interests of the Coalition and Its Members

14.     The Coalition presently comprises more than 12,000 members, each of which is a

Sexual Abuse Survivor holding claims against the Boy Scouts of America, among other parties.

The members of the Coalition, by and through authorized representatives

(the "Representatives"), formed the Coalition and then retained Brown Rudnick LLP as

bankruptcy counsel to represent them in connection with the Coalition's interests in respect of

the Debtors and their bankruptcy cases.[4]

15.     The proof of claim form that Coalition members must complete contemplates a

detailed disclosure of personal information.   In addition to providing information that is

ordinarily included in Official Form 410, Sexual Abuse Victims must provide extensive

background information—*e.g.*, marital/domestic partner history, education history, employment

history, military service, and involvement with Scouting—and an extensive disclosure of the

nature of the Sexual Abuse.

16.     Sexual Abuse Victims must name each person who sexually abused them in

relation to their involvement in Scouting and provide specific identifying information about the

abuser, including the sexual abuser's title and relationship to the victim.   Sexual Abuse Victims

must identify the name and location of the organization that sponsored the Scouting unit during

the time of the Sexual Abuse.   Sexual Abuse Victims must identify all the places where the

Sexual Abuse took place, including when the first act of Sexual Abuse occurred.

---

[4]  The current Representatives are (i) Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., (ii) Andrews &
    Thornton, (iii) ASK LLP, and (iv) Slater Slater Schulman, LLP.  The Coalition is in the process of adding new
    Representatives and Members, which will be disclosed shortly in a separate filing.

17.    Sexual Abuse Survivors must describe the abuse that occurred by checking boxes—*e.g.*, touching bare skin, fondling or groping, masturbation, oral copulation / oral sex, or penetration of some part of my body—or by providing a detailing narrative.  And, Sexual Abuse Victims must complete an additional questionnaire regarding the impact of the Sexual Abuse.

18.    In preparation for the Bar Date and in order to comply with the Bar Date Order, the Coalition's Representatives have been collecting voluminous information from clients regarding sexual abuse experienced as a Boy Scout.  This data collection effort, conducted by telephone and video and sometimes in person, is expensive and difficult for victims.  Reluctance to tell their stories, memory disability, and trauma often create significant challenges for victims.

19.    Attorneys must establish a high level of trust with each Sexual Abuse Survivor in order to obtain the information necessary to complete Sexual Abuse Survivor Proofs of Claim. This often requires multiple telephone calls.  Of course, in person meetings are difficult or impossible due to the COVID-19 pandemic.  Completing the claim form forces many Sexual Abuse Survivors to re-experience the abuse that they suffered.

20.    Having now engaged in a months-long process to collect information, fill out proof of claim forms, and solicit client signatures, the Coalition is concerned that for a variety of reasons, Sexual Abuse Survivors may have difficulty executing the forms so that they can be filed with Omni prior to the Bar Date.  In a normal mass tort bankruptcy and in most chapter 11 cases that do not involve mass torts, there is almost always a huge uptick in claim filings that occurs just prior to the bar date.  Coalition members will need the ability to file proofs of claim signed by their authorized counsel, as Bankruptcy Rule 3001(b) explicitly permits.

21.    Due to the COVID-19 pandemic, effectively all signatures must now be electronic.  Not all Sexual Abuse Survivors can respond to emails.  Many only have computer

access through local libraries that have been closed to prevent community spread of the virus. While hard copy mail transmission is in some cases feasible as an alternative to electronic signature, the process is expensive and recent national events have led to slowdowns in mail delivery to certain areas.  Sexual Abuse Survivors who are unable to recollect all the required information in the proof of claim form within several weeks of the Bar Date could effectively lose their rights simply because information cannot be transmitted quickly enough.  Sexual Abuse Survivors may be unable to receive hard copy mail sufficiently quickly for additional reasons, including but not limited to, incarceration and travel.

22.     Simply put, this is the last case in which a Court should override Bankruptcy Rule 3001(b) and not permit a proof of claim to be executed by a creditor's authorized agent.

## JURISDICTION AND VENUE

23.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The predicates for the relief requested herein are sections 501, and 502 of the Bankruptcy Code, Bankruptcy Rule 3001, and Official Form 410.

## LEGAL ARGUMENT

### A.     The Bankruptcy Code and Rules Permit Execution by Authorized Counsel

24.     The logistical barriers to filing proofs of claim signed by individual claimants violate the Bankruptcy Rules and create a burden that outweighs whatever possible benefit that such barriers might provide to the Debtors' estates and stakeholders.  Sexual Abuse Survivors

and their counsel must be provided the opportunities afforded by the Bankruptcy Rules to submit their claims without subjecting their integrity to preemptive question.

25.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 501(a) of the Bankruptcy Code provides that a creditor "may file a proof of claim." 11 U.S.C. § 501(a).

26.    Bankruptcy Rule 3001(a) provides: "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate ***Official Form***." Fed. R. Bankr. P. 3001(a) (emphasis added). Official Form 410 expressly provides that the "creditor" and the "***creditor's attorney or authorized agent***" may execute the proof of claim. Official Form 410 at Part 3 (emphasis added).

27.    Bankruptcy Rule 3001(b) further provides: "A proof of claim shall be executed by the creditor or the ***creditor's authorized agent*** except as provided in Rules 3004 and 3005." Fed. R. Bankr. P. 3001(b) (emphasis added). Bankruptcy Rule 3004 applies to filing of claims by a "debtor or trustee," and Bankruptcy Rule 3005 applies to filing claims by a "guarantor, surety, indorser, or other codebtor." Fed. R. Bankr. P. 3004 & 3005. Thus, none of the exceptions to Bankruptcy Rule 3001(b) apply here.

28.    Taken together, the Bankruptcy Rules and the Official Form expressly provide that creditors may file proofs of claim that are executed by an attorney or authorized agent and that a proof of claim executed by an attorney or authorized agent should not be deemed invalid or non-compliant as a result.[5] On this basis, Paragraph 4(b) of the Bar Date Order should be

---

[5] The Coalition does not contest or object to the obligation of any "authorized agent" within the meaning of Bankruptcy Rule 3001(b) to obtain authority to file any such claim prior to the Bar Date. *See In re W.R. Grace & Co.*, 366 B.R. 302 (Bankr. D. Del. 2007).

amended to comply with the Bankruptcy Rules and permit Sexual Abuse Survivor Proofs of Claim to be signed by the Sexual Abuse Survivor or by an attorney or authorized agent.

**B.**     **Substantive Deviation from the Bankruptcy Rules Violates Due Process**

29.     The right of a creditor to counsel includes the right to have counsel speak on the creditor's behalf.  This right is denied if counsel is not permitted to speak on a client's behalf. Substantive deviations from the Bankruptcy Rules must be scrutinized and approved only if rights are not being taken away.  And, if rights are taken way, notice and an opportunity to be heard must be afforded as a matter of due process.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974) ("[N]otice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *In re Mansaray-Ruffin*, 530 F.3d 230, 239-40 (3d Cir. 2008) (level of process due to a party prior to the deprivation of rights is dependent on the context).

30.     The key function of a proof of claim is to put the debtor and the court on "fair notice" of the claim.  *See In re F-Squared Inv. Mgmt.*, LLC, 546 B.R. 538, 544 (Bankr. D. Del. 2016).  In fact, the Third Circuit has recognized the validity of informal proofs of claims that place the debtor and the court on notice of the existence, nature and amount of a claim. *See Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.)*, 405 F.3d 127, 132 (3d Cir. 2005) ("In order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable).'") (quotation omitted).

31.     Courts in mass tort bankruptcies routinely permit parties to make modifications to the Official Form 410, but almost always in a manner that is consistent with the Bankruptcy

Rules. Such modifications generally facilitate the notice function of a proof of claim *and* make it easier for tort victims that are not accustomed to bankruptcy practices to file proofs of claim so that their right to receive a distribution is not foreclosed by the passage of a bar date.

32.     A survey of proof of claim forms approved in mass tort bankruptcies illustrate these points. *See e.g. In re Purdue Pharma L.P., et al.,* No. 19-23649-RDD, (Bankr. S.D.N.Y. 2019) (D.I. 800-3) (approving proof of claim form for personal injury claimants allowing the proof of claim to be completed and signed by the claimant's "attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent."); *In re Insys Therapeutics, Inc. et al.,* No. 19-11292-KG (Bankr. D. Del. 2019) (D.I. 294-1) (approving proof of claim form allowing the form to be completed and signed by the claimant's attorney or authorized agent); *In re USA Gymnastics*, Case No. 18-09108 (Bankr. S.D. Ind. 2019) (D.I. 301) (approving simplified claim form for sexual abuse victims and expressly permitting attorneys to file claim on victim's behalf); *In re PG&E Corp.*, Case No. 19-30088 (Bankr. N.D. Cal. 2019) (D.I. 2806) (approving simplified claim form for tort victims that permitted attorneys to file claim on victim's behalf by providing general information regarding loss location, harm suffered and damages claimed); *In re TK Holdings Inc.*, Case No. 17-11375 (Bankr. D. Del. 2017) (D.I. 959, 959-2) (order stating that proofs of claim must be "be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant," but approving proof of claim form that explicitly allows for the creditor's attorney or authorized agent to fill out and sign the form); *In re Diocese of Winona-Rochester*, Case No. 18-33707 (Bankr. D. Minn. 2018) (D.I. 51) (approving proof of claim form providing that "[t]o be valid, this proof of claim must be signed by you or your attorney."); *In re the Diocese of New Ulm*, Case No. 17-30601 (Bankr. D. Minn. 2017) (D.I. 33) (approving proof of claim form providing that "[t]o be valid, this proof of claim

must be signed by you or your attorney."); *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (Bankr. D. Del. 2009) (D.I. 308, 304-2) (approving custom proof of claim form for claimants alleging sexual abuse which provided that "to be valid, this proof of claim must be signed by the claimant or must be signed by the claimant's attorney); *The Roman Catholic Bishop of San Diego*, Case No. 07-00939-LA11 (Bankr. S.D. Cal. 2007) (D.I. 1061) (authorizing proof of claim form stating "to be valid, the confidential proof of claim must be signed by the claimant or must be signed by the claimant's authorized agent or attorney."); *The Roman Catholic Church of the Diocese of Tucson aka the Diocese of Tucson*, Case No. 4:04-bk-04721-BMW (Bankr. D. Ariz. 2004) (D.I. 118) (approving custom proof of claim form allowing that "to be valid, the proof of claim must be signed by the claimant or if someone is filing this case on behalf of a claimant, such person must be authorized by the claimant to file the claim on his or her behalf and must be signed but the claimant's authorized agent or the claimant's attorney.").

33.    *In re Catholic Diocese of Wilmington, Inc.* is instructive:  there, as in this case, victims alleged sexual abuse claims dating back as for as the 1950s.  Case No. 09-13560 (CSS) (D.I. 308).  This Court approved a proof of claim form for victims of sexual abuse that permitted signature by claimant attorneys in accordance with Bankruptcy Rule 3001 and the Official Form 410.  Similarly, *In re USA Gymnastics* creditors alleged an expansive and decades-long history of sexual abuse within a program dedicated to the physical and mental development of children.  Case No. 18-09108 (Bankr. S.D. Ind. 2019) (D.I. 301).  Although the debtors had been aware of some particular offenders, the extent of sexual abuse and the number of likely claimants was unknown.  In that case, the Court included a certification of accuracy in the proof of claim form, under penalty of perjury, but also expressly permitted execution and submission of the form by any "authorized agent" in accordance with Bankruptcy Rule 3001.

34.    Likewise, in *In re PG&E Corporation*, where fires had devastated wide swaths of California and caused harm to property owners, renters, and even visitors, the Court approved a claim form that permitted claimants to specify which fire harmed them and the type of harm caused.  Case No. 19-30088 (Bankr. N.D. Cal. 2019) (D.I. 2806).  In *PG&E*, the Court expressly permitted execution and submission of the form by any "authorized agent" in accordance with Bankruptcy Rule 3001 and the Official Form 410.  And in *In re Insys Therapeutics*, this Court approved a proof of claim form for creditors that alleged harm arising from the debtors' production of Subsys—a sublingual liquid form of fentanyl—that could be signed by the claimant's attorney or authorized agent.  No. 19-11292-KG (Bankr. D. Del. 2019) (D.I. 294-1).

35.    Again, these procedures showed sensitivity to the victims by making it easier for them and their counsel, many of whom do not regularly practice before Bankruptcy Courts, to prepare and file proofs of claim, and to make the notice function of the claim form itself more meaningful for the benefit of the debtors and the Court.

36.    By contrast, the Coalition is aware of a case in which a Court refused to permit execution by counsel.  In *In re Roman Catholic Diocese of Harrisburg*, for instance, the debtor confronted a sexual abuse scheme of limited geographic scope and assured the Court that it "believe[d] that it ha[d] identified all known creditors, including Sexual Abuse Claimants."  Case No. 20-00599 (Bankr. M.D. Pa. 2020) (D.I. 223, para. 37).  The debtor was able to provide sufficient notice of its motion to creditors, and the Court entered an order approving a proof of claim form requiring creditor signature.  *Id.* at D.I. 231.

37.    Even assuming, *arguendo*, that it could ever be appropriate for a Court to override Bankruptcy Rule 3001's explicit endorsement of permitting an authorized agent to execute a proof of claim form, the circumstances here are different from *Harrisburg*:  here, the Debtors

had **not** specifically identified all Sexual Abuse victims and, in fact, anticipated a substantially lower number of claims.  *See Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*, Case No. 20-10343 at D.I. 16, ¶ 7 (Debtors' initial statement as to awareness of claims); *Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019*, D.I. 1106, para. 1 (Rule 2019 disclosure of *ad hoc* committee alleging membership "comprised of more than 10,000 sexual abuse victims").

38.     Additionally, neither Sexual Abuse Survivors nor their counsel received actual notice or an opportunity to be heard regarding whether the right to have an attorney file a proof of claim on a survivor's behalf should be taken away in these Chapter 11 Cases.  If Sexual Abuse Survivors are going to have the right to having their counsel execute proofs of claim on their behalf denied, such denial should only occur after notice and a hearing.  Due process requires this.  *See Eisen*, 417 U.S. at 174; *Mullane*, 339 U.S. at 314; *Mansaray-Ruffin*, 530 F.3d at 239-40.  Such notice and an opportunity to be heard was not provided by the Debtors.

39.     Creditors who have counsel "do better."  Tr. of Hr'g. Aug. 31, 2020, 24:20.  Creditors need the opportunity to do better particularly where, as here, a Bar Date has been set that could impair their ability to receive just compensation for the harms they have suffered.  Creditors can and will do better when they are not personally required to submit documents during a global pandemic that are ordinarily executed and submitted by counsel.  With the Bar Date nearly one month away, the importance of addressing this matter now cannot be overstated.

## C.     <u>Substantive Deviation from the Bankruptcy Rules Is Improper During COVID-19</u>

40.     Finally, the Coalition highlights the impact of COVID-19 on the claims process on bankruptcy cases in general.  Since the pandemic began, Courts have entered orders extending

the claims bar date, including in mass tort bankruptcy cases.  *See*, *e.g.*, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. 2019) (D.I. 1221).

41.    The debtor in *Purdue Pharma*—who manufactured the painkiller OxyContin and helped fuel an opioid epidemic that killed thousands—was sympathetic to the impact of the COVID-19 pandemic and sought a bar date extension citing the "societal disruptions" that COVID 19 has placed on victims who may wish to file proofs of claim.  (D.I. 1178 at 5). Here, the Coalition is merely requesting that Bankruptcy Rule 3001(b) be followed in these cases so that Sexual Abuse Survivors can instruct their attorneys to execute claim forms on their behalf rather than risking infection by going to a public library.  This should not be controversial.

## CONCLUSION

**WHEREFORE,** the Coalition respectfully requests that the Court enter an order substantially in the form attached as **Exhibit A** hereto, permitting creditors to file proofs of claim executed by their authorized agents.

Dated: September 30, 2020          MONZACK MERSKY
Wilmington, Delaware               BROWDER AND HOCHMAN, P.A.

*/s/ Rachel B. Mersky*
(DE No. 2049)
1201 North Orange Street
Suite 400
Wilmington, Delaware 19801
Telephone:    (302) 656-8162
Facsimile:    (302) 656-2769
E-mail:        RMersky@Monlaw.com

        -and-

BROWN RUDNICK LLP
David J. Molton, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
E-mail: DMolton@BrownRudnick.com

-and-

Sunni P. Beville, Esq. (admitted *pro hac vice*)
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
E-mail: SBeville@BrownRudnick.com
E-mail: TAxelrod@BrownRudnick.com

*Co-Counsel to the Coalition of Abused Scouts for Justice*