## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC, | ) | |
| | ) | Jointly Administered |
| Debtors[1]. | ) | |

**Objection Deadline:  October 13, 2020 at 4:00 p.m. (ET)**
**Hearing Date:  October 14, 2020 at 10:00 a.m. (ET)**

## MOTION OF TIM KOSNOFF, ESQUIRE FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION

Tim Kosnoff, Esquire hereby submits this motion (the "Motion"), pursuant to Fed. R. Civ. P. 26(c) and 37(a)(5) and Rules 7026-1 and 7030-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for a protective order and an order quashing the notice of deposition filed by Century Indemnity Company ("Century") attached as Exhibit A.  Mr. Kosnoff respectfully submits the following in support of the Motion:

## BACKGROUND

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1.     Tim Kosnoff is a practicing attorney with over 40 years of experience as a prosecutor, defense attorney and advocate for victims of child sexual abuse. He has handled thousands of complex child abuse cases against religious and secular organizations including the Mormon Church, the Catholic Church and an array of other organizations.  He has recovered more than a half billion dollars in settlements and jury verdicts for victims of abuse.  Mr. Kosnoff has gained extensive experience in successfully guiding abuse victims through the complexities of the bankruptcy process and is considered the nationwide leader in his area of practice.  Mr. Kosnoff also serves as a consultant, expert witness, mediator, lecturer and media commentator.

2.     Mr. Kosnoff was previously associated with an affiliation of claimants known as the Coalition for Abused Scouts for Justice (the "Coalition").  That association ended on September 29, 2020, when Mr. Kosnoff and Andrew Van Arsdale, Esquire (another attorney who represents thousands of claimants) formally withdrew from any and all connections with the Coalition.  Going forward, Mr. Kosnoff will no longer advise the Coalition or its counsel and will not execute documents and pleadings on the Coalition's behalf, including but not limited to its statements pursuant to Rule of Bankruptcy Procedure 2019 and the Coalition's motion for leave to participate in mediation.

3.      In these proceedings, Mr. Kosnoff and his associates currently represent several thousand claimant victims of abuse.  To the consternation of the Debtors' insurers, including Century, Mr. Kosnoff's list of clients is growing and Mr. Kosnoff intends to advocate for the most equitable recovery as possible for his clients.

4.      As an attorney representing claimants, Mr. Kosnoff owes obvious privilege obligations stemming from those representations.  In addition, Mr. Kosnoff has entered into common interest agreements that have allowed him to speak candidly and strategically with other parties interested in these proceedings. Mr. Kosnoff has also engaged in protected confidential communications with the Official Tort Claimants' Committee and the Debtors.

## CENTURY'S REQUESTS FOR DEPOSITIONS

5.      In an effort to delay and obfuscate the adjudication of the Coalition's still-pending motions for: (1) an Order Approving the Sufficiency of its Amended 2019 Statement (D.I. 1144); and (2) an Order permitting the Coalition to Participate in the Mediation (D.I. 1161) (collectively, the "Coalition Motions"), Century purported to serve a notice in the late afternoon of September 4, 2020 (the Friday of Labor Day Weekend) of the depositions of Messrs. Kosnoff and Van Arsdale to take place on the morning of September 8, 2020 (the day after Labor

Day), thereby affording the witnesses and their attorneys less than one business day's notice.

6.     The notice was never properly served and, of course, blatantly violated Local Rule 7030-1(b) which requires no fewer than seven days' notice. It is no coincidence that the Coalition Motions were scheduled to be heard at a hearing on September 9, 2020. Indeed, it seems highly unlikely that Century ever actually intended to take the depositions on September 8, 2020 as noticed.

7.     Messrs. Kosnoff and Van Arsdale advised Century that they would not appear as demanded, but expressed that they were prepared to appear for properly noticed depositions with appropriate limitations as to the scope of interrogation. Century refused, however, to define the scope of the depositions it demanded and instead only disclosed that the depositions would concern the Coalition Motions. Century made no attempt to accommodate the privilege and confidentiality issues that the depositions would implicate.

8.     On September 9, 2020, the Court convened a hearing on the Coalition Motions and other matters. Argument on the Coalition's 2019 motion centered primarily on the terms of the engagement of Brown Rudnick, the Coalition's attorneys. At the conclusion of the hearing, the Court expressed a desire to reach conclusions with respect to the Coalition Motions promptly. The Court stated:

> What I would like to happen, however, is that if there is -- or any -- I would like people to get on top of this issue and if there are going to

be any filings, if there's going to be any discovery, it needs to happen right away. I don't want it to wait.

And, of course, that means that people need to move in an expedited fashion, notwithstanding, you know, 30 days for this and however many days it is for a notice of deposition now. And I'm not suggesting that we need discovery….

Tr. of 9/9/20 hearing at 145.

9.      Despite the Court's clear directive to move with alacrity, Century made no effort to conduct depositions or any other discovery until September 15, 2020, when counsel for Century made a short inquiry about the potential depositions of Messrs. Kosnoff and Van Arsdale. Over the course of the following week, Century continually refused to either define the scope of the depositions or agree to limitations that would accommodate the myriad privilege and confidentiality issues that the depositions would necessarily implicate. In that valuable week of time, Century made no effort to subpoena the deponents, notice the depositions or seek the Court's assistance.

10.     In an effort to discharge their obligation to cooperate in the discovery process in good faith, Messrs. Kosnoff and Van Arsdale wrote to Century's counsel on September 22, 2020 with a proposal under which the depositions could go forward (the "Letter Proposal"). The Letter Proposal is attached as Exhibit B. Under the terms of the Letter Proposal, the undersigned would accept service of subpoenas for the deponents, the deponents would make themselves available on

dates certain and the scope of the depositions would be limited so as to focus the inquiry and avoid areas of confidentiality.

11.    Century ignored the Letter Proposal.    After hearing nothing in response from Century over the following nine days, the undersigned contacted Century's counsel on October 1 (the day before Mr. Kosnoff was offered for deposition) to confirm that Century no longer wished to conduct the depositions. See email dated 10/1/20 attached as Exhibit C.  That communication also reminded Century that Mr. Kosnoff was no longer affiliated with the Coalition.  By that time, three weeks had passed from the Court's September 9 admonition to "move in an expedited fashion."  In response, Century claimed that the undersigned had never provided dates for a deposition even though the Letter Proposal plainly stated that the deponents would be made available on October 2 and 6, 2020.

12.    On October 2, 2020, ignoring the dates that the deponents provided, Century unilaterally noticed Mr. Kosnoff's deposition to take place on October 9, 2020 without consulting with the undersigned as to his and the deponent's availability.  See Exhibit A.  The notice provided no information as to the nature and scope of the deposition or the means by which it would be conducted.  Century never noticed a deposition of Mr. Van Arsdale.

13.    At no time before or since the September 9 hearing has Century ever exhibited a willingness even to discuss any limitations to Mr. Kosnoff's deposition

or even to acknowledge the undeniable privilege and confidentiality issues that his deposition would implicate.  Instead, Century has demanded that Mr. Kosnoff appear for an open-ended deposition without any limitations or parameters.

14.    As recently as October 6, 2020, the day before the filing of this Motion, the undersigned advised Century that Mr. Kosnoff intended to move for protection, but left open the opportunity for Century to discuss the manner in which the deposition might be conducted in a way that satisfies Mr. Kosnoff's legitimate concerns.  See email exchange attached as Exhibit D.  Century chose not to engage in that discussion.

## **RELIEF REQUESTED**

14.    Mr. Kosnoff moves for the entry of an order quashing the notice of his deposition that Century served on October 2, 2020 and for a protective order.  The only information that Mr. Kosnoff possesses regarding any matter before the Court is information that is protected by either the attorney-client privilege, attorney work product doctrine, common interest privilege or confidentiality agreements. Century has identified no area of inquiry that would not invade at least one of those protections.  The deposition would, therefore, be a wasteful exercise in annoyance, harassment and the disruption of the adversarial process.  In addition, Mr. Kosnoff respectfully requests that the Court require Century to pay Mr. Kosnoff's expenses incurred in making this Motion, including attorney's fees.

## BASIS FOR RELIEF

15.    This Motion concerns one of the Debtors' insurer's demand to take the deposition of an attorney who represents thousands of tort claimants.  It is unsurprising that the idea of deposing opposing counsel has been described as "a drastic measure." *M&R Amusements Corp. v. Blair*, 142 FRD 304, 305 (N.D. Ill. 1992).    Depositions of opposing counsel are generally disfavored. "Such a deposition provides a unique opportunity for harassment, it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Peerless Heater Co. v. Mestek, Inc.,* 2000 WL 151281 at * 2 (E.D. Pa. 2000).

16.    Accordingly, while the requirement that the movant must show good cause for the entry of a protective order remains, a demand to depose opposing counsel requires close scrutiny and places a burden upon the party seeking the deposition.  The Court in *Lebovic v. Nigro*, 1997 WL 83735, *1 (E.D. Pa 1997) held that a deposition of opposing counsel is "typically only permitted where a clear need is shown."  Another Court in a neighboring jurisdiction stated, "Many courts have found that it is appropriate to grant such an order to prevent the deposition of a party's attorney by an adversary unless he can show that the information sought is relevant, non-privileged and critical to the preparation of the

case and that there is no other way to obtain the information." *Slater v. Liberty Mutual Ins. Co*., 1999 WL 46580 (E.D. Pa. 1999) at *1 (citations omitted).

17.    Other courts have held that an attorney's deposition should be prevented if the movant,

> establishes undue burden or oppression measured by (1) the relative quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony.

*Johnston Development Group, Inc. v. Carpenters Local Union No. 1578,* 130 F.R.D. 348, 353 (D.N.J. 1990).   Another court in this Circuit stated the three factors for consideration slightly differently:

> (1) The extent to which the proposed deposition promises to focus on central factual issues, rather than peripheral concerns; (2) the availability of the information from other sources, viewed with an eye toward avoiding cumulative or duplicative discovery; and (3) the harm to the party's representational rights resulting from the attorney's deposition.

*Frazier v. SEPTA,* 161 FRD 309, 313 (1995).

18.    Century seeks Mr. Kosnoff's deposition, but has refused to provide any basis to justify such "a drastic measure."  Century has failed to show "a clear need" for the deposition and has identified no non-privileged information that is critical to Century's preparation of the case.

19.    Century has made no attempt to establish any of the factors that courts require when a party seeks to depose opposing counsel.  First, despite more than a month of requests, Century has refused to identify any area of inquiry it seeks to pursue with Mr. Kosnoff other than the vague idea that the Coalition Motions will be discussed.  Instead of identifying central factual issues, Century refuses to narrow its interrogation in any way.  Second, the entirety of Mr. Kosnoff's knowledge about the facts at issue in the Coalition Motions are either privileged, otherwise confidential or easily obtainable from other sources.  Indeed, the focus of the Court's inquiry at the September 9 hearing was the terms of the Brown Rudnick engagement.  Mr. Kosnoff is, quite obviously, not the sole or even the best source of that information.  Moreover, Mr. Kosnoff is no longer affiliated with the Coalition that Brown Rudnick represents.  Third, the disclosure of the privileged, confidential and otherwise protected information that Mr. Kosnoff holds would be manifestly harmful to his clients, other claimants, the TCC, the Debtors and other creditors.

20.    In short, Mr. Kosnoff's deposition can only cover areas that seek information protected from discovery.  Century has offered no justification for the drastic measure of deposing an attorney who represents parties opposed to it in these proceedings.  Accordingly, Mr. Kosnoff respectfully requests that the Court enter an order quashing Century's notice of his deposition.

21.    In addition, since Century's conduct necessitated the making of this Motion, Mr. Kosnoff respectfully requests that the Court enter an order awarding him his reasonable expenses, including attorney's fees, pursuant to F. R. Civ. P. 26(c)(3) and 37(a)(5).

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

22.    Attached hereto as Exhibit E is the certification of David E. Wilks, counsel to Mr. Kosnoff, demonstrating compliance with Local Rule 2004-1 and stating that prior to filing this motion, counsel to Mr. Kosnoff communicated with Century's counsel with respect to the subject matter of this Motion and no agreement was reached.

## NOTICE

23.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the Local Council Committee Members; (d) the Additional Local Councils and their counsel to the extent known; and € those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Mr. Kosnoff submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

24.     No prior request for the relief requested herein has been presented to this or any other court.

Date:  October 7, 2020          **WILKS LAW, LLC**

 /s/ David E. Wilks
David E. Wilks (DE Bar No. 2793)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: 302-225-0850
Facsimile:  302-225-0851
Email:  dwilks@wilks.law

*Counsel to Tim Kosnoff, Esquire*