# EXHIBIT E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline:  October 13, 2020 at 4:00 p.m. (ET)**
**Hearing Date:  October 14, 2020 at 10:00 a.m. (ET)**

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1 IN**
**CONNECTION WITH TIM KOSNOFF, ESQUIRE'S MOTION FOR**
**PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION**

I, David E. Wilks, hereby certify as follows:

1.      I submit this certification as counsel to Tim Kosnoff, Esquire in conformity with Rule 2004-1 of the Local Rules and in support of the within Motion.

2.      Prior to filing the Motion, I made numerous attempts to confer with counsel for Century, the most significant of which are described below.  I am also informed that counsel for the Coalition also had numerous communications with counsel for Century concerning the subject matter of the within Motion without reaching a resolution.

3.      On September 8, 2020, I entered my appearance for Mr. Kosnoff and Andrew Van Arsdale, Esquire.  Later that day, I engaged in an email exchange with Tancred Schiavoni, Esquire, counsel for Century and expressed that, "I would

be more than happy, however, to meet and confer with you about arrangements for proper and timely subpoenas and notices of deposition.  Please let me know if you are interested in doing so."  A telephone discussion and subsequent email exchange did nothing to resolve the issues raised in the Motion.

4.      Approximately one week after the September 9, 2020 hearing in this case, counsel for Century inquired by email about whether my clients would appear for a deposition.  Subsequent email exchanges between me and Century's attorneys involved my persistent request that Century identify the non-privileged areas of inquiry it wished to pursue and the manner in which privilege and confidentiality issues would be accommodated.  Century refused to answer my questions or to engage meaningfully in that discussion.

5.      On September 22, 2020, I emailed a letter to Century's counsel proposing a framework whereby the depositions of my clients could proceed.  That letter proposed dates and times when my clients were available for such a deposition.  I received no response to that letter.

6.      On October 1, 2020, I emailed Century's attorney expressing my assumption that Mr. Kosnoff's deposition would not proceed the following day as I had offered.  The following day, Century noticed Mr. Kosnoff's deposition to take place on October 9, 2020 without consulting me as to my and my client's availability.

7.    In the days following the service of that notice of deposition, I exchanged emails with Century's counsel asking again for the intended scope of the deposition.  Century refused to respond to those inquiries.  On October 6, 2020, I notified Century that I planned to file the Motion, but invited Century to meet and confer about scope and privilege issues.  Century ignored that overture.

Date:  October 7, 2020                    **WILKS LAW, LLC**

    */s/ David E. Wilks*
David E. Wilks (DE Bar No. 2793)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: 302-225-0850
Facsimile:  302-225-0851
Email:  dwilks@wilks.law

*Counsel to Tim Kosnoff, Esquire*