# **Exhibit A**

July 31 Letter

NAI-1514511884v8



# PACHULSKI STANG ZIEHL & JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

TELEPHONE: 714/384 4750
FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

James I. Stang

July 31, 2020

310.772.2354
jstang@pszjlaw.com

Circle Ten Council #571
8605 Harry Hines Blvd., P.O. Box 35726
Dallas, TX  75235-0726

Re:     Boy Scouts of America

Dear Board Chair and President,

Pachulski Stang Ziehl & Jones LLP is counsel to the Official Committee of Child Sexual Abuse Survivors (the "Tort Claimants' Committee") in the Boy Scouts of America ("BSA") and Delaware BSA, LLC jointly administered chapter 11 bankruptcy cases, Case No. 20-10343(LSS). The Tort Claimants' Committee represents the interests of thousands of child sex abuse survivors (collectively, the "Survivors") who have claims against BSA and its Local Councils as a result of childhood sexual abuse. The deadline for filing claims in the BSA Chapter 11 case is November 16, 2020. BSA's media campaign to provide published notice of the November 16 deadline is still in its earliest stages.

The Tort Claimants' Committee is aware that your Local Council is implicated in approximately 54 claims that have been or will be filed in the bankruptcy case against BSA. The total number of claims against BSA and against your Local Council likely will grow in the weeks between now and November 16, 2020.

The BSA has filed a plan of reorganization that contemplates a monetary contribution by Local Councils to a victims' compensation trust in consideration of a release of Local Councils for childhood sexual abuse claims and a corresponding injunction to enforce that release. Before the Bankruptcy Court will approve or "confirm" a plan that contains non-consensual releases of the



LAW OFFICES

Circle Ten Council #571
July 31, 2020
Page 2

Survivors' claims against the Local Councils, the plan will be required to meet the following requirements, among others: (i) the Local Councils will be required to make a "substantial contribution" to the trust; (ii) the plan will have to provide for the payment of all, or substantially all, of the Survivors' claims against the BSA and its Local Councils; and (iii) the Survivors will need to overwhelmingly vote to accept their treatment under the plan (at least 90%).

Additionally, the BSA and the Local Councils would have to establish that the "Best Interests of Creditors Test" has been satisfied. Under the Bankruptcy Code, this test requires that each nonconsenting Survivor receive under the plan at least as much as the Survivor would receive in a hypothetical BSA chapter 7 case. This test requires an analysis of the liquidation value of the BSA's property, an evaluation of Survivors' rights against Local Councils in the light of BSA's liquidation, and an estimation of the value of the Survivor's claims.

In the Tort Claimants' Committee's opinion, there are only three realistic outcomes for your Local Council (and in fact all the other Local Councils) in the BSA bankruptcy case: (i) a consensual plan in which a global settlement is achieved with the Debtor, the insurers, the Local Councils, the Tort Claimants' Committee, and other parties in interest; (ii) a conversion of the BSA chapter 11 case to a chapter 7 case and the Survivors' claims against the Local Councils are resolved outside of the bankruptcy process; or (iii) a dismissal of the BSA bankruptcy case and the Survivors' claims against the BSA and the Local Councils are resolved outside of the BSA bankruptcy process. Such non-bankruptcy process could include your Local Council's defense against abuse claims filed in non-bankruptcy court or your Local Council's own bankruptcy case.

If your Local Council wants to benefit from a channeling injunction under a BSA plan, your Local Council need to immediately begin a dialogue about the funds necessary for your Local Council to obtain a channeling injunction. The Tort Claimants' Committee is concerned that some Local Councils do not realize or refuse to recognize that under the law of the Third Circuit Court of Appeals, the cost of a channeling injunction is a contribution of their own funds sufficient to pay fair compensation for each creditor who has a claim against that Local Council



Circle Ten Council #571
July 31, 2020
Page 3

irrespective of any compensation paid by the BSA for its own liability to such claimants.

    The Bankruptcy Court has appointed a panel of three mediators to address issues related to BSA's contemplated chapter 11 plan, including the treatment of claims against Local Councils if Local Councils qualify for a channeling injunction and release. While the Tort Claimants' Committee intends to discuss these issues with the Ad Hoc Committee of Local Councils, that committee has made clear that it does not speak for the individual Local Councils. The Tort Claimants' Committee anticipates that it will discuss these issues with you at the mediation and, in advance of the mediation, would welcome the opportunity to discuss a channeling injunction and releases with you at your convenience.

    Very truly yours,

    James I. Stang

cc:    Michael C. Andolina (mandolina@sidley.com)
    Richard G. Mason (RGMason@WLRK.com)
    Kevin Carey (kevin.carey@hoganlovells.com)
    Paul Finn (PFinn@commonwealthmediation.com)
    Timothy Gallagher (timg@thegallaghergroup.com)