## **Exhibit B**

September 4 Letter

NAI-1514511884v8

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

TELEPHONE: 714/384 4750
FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

James I. Stang

September 4, 2020

310.772.2354
jstang@pszjlaw.com

Circle Ten Council
c/o Heather Lennox
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, OH 44114-1190

Re: **Boy Scouts of America**

Dear Ms. Lennox:

I am writing to follow-up on my letter dated July 31, 2020.

If your individual council wants to participate in a channeling injunction under the Boy Scouts of America's reorganization plan, the Tort Claimants Committee ("TCC") will require complete disclosure of your local council's assets and liabilities, including its insurance policies.[9] The TCC did not have any involvement in the due diligence requests made at the behest of the Ad Hoc Local Council Committee; nevertheless, the TCC has reviewed the documents your council provided and has concluded that it fails to satisfy the TCC's due diligence requirements to negotiate a channeling injunction.

Over the last several weeks, the TCC has been engaged in informal discovery with the eight (8) members of the Ad Hoc Committee of Local Councils (the "Ad Hoc Committee"). Through a "meet and confer" process that is a prerequisite to a formal discovery request under Local Bankruptcy Rule 2004-1, the TCC developed the attached document production request (the "Document Request").

---

[9] The TCC is informed that local councils (including those that may have merged into your local council) may have purchased separate insurance prior to the mid-1970's. The TCC encourages all local councils to investigate the existence of such insurance, including working with BSA's insurance archeologist who is seeking evidence of such policies.

DOCS_LA:331909.6 85353/002



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

September 4, 2020
Page 2

The TCC requests that your local council produce the documents identified in the Document Request. These documents will enable the TCC to make an initial evaluation of the adequacy of the substantial contribution that is necessary for inclusion of your local council in a channeling injunction.

As explained in my July 31 letter, under Bankruptcy Code section 1129, each sexual abuse survivor is entitled to the value of his claim against the local council defendant assuming the local council is NOT protected by a channeling injunction. I underscore this because the BSA and/or some local councils are under the mistaken impression that the Bankruptcy Court will approve a channeling injunction without regard to the assets and liabilities of the local council protected by the injunction. A global resolution for local councils is possible, provided each participating local council is forthcoming about its assets and liabilities, including the amount each is contributing.

Over the last few days, I received form responses from certain recipients of my July 31, 2020 letter stating that the local council respondent will reach out to the TCC and/or the mediators if it "decide[s] to become more directly involved in the mediation later ..." Simply, "later" is not good enough. The TCC cannot overstate the importance of your immediate attention to this request. A gating requirement to any negotiation with your local council or the Ad Hoc Committee is the production of the requested documents. Given the paucity of information provided by nearly all of the local councils in response to the Ad Hoc Committee's limited information request, the TCC is requesting a "meet and confer" with your local council regarding the attached Document Request. *See* Delaware Local Bankruptcy Rule 2004-1. As BSA repeatedly states, it cannot afford a lengthy chapter 11 process. The sooner the TCC gets the financial information, the sooner the TCC can work towards a reorganization solution with the BSA, the Ad Hoc Committee and your local council.

Certain local council attorneys called me in response to July 31 letter. They asked if I could supply information regarding the claims enumerated in my letter. The TCC is prepared to provide claims information, including the names of the abuse survivors, before the November 16 bar date if the local council provides troop rosters for the relevant time periods (including rosters from merged



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES

September 4, 2020
Page 3

councils). Upon receipt of that information from the TCC, local councils are urged to provide immediate notice of the claims to their insurance carriers, regardless of whether the local council believes that BSA has informed the carriers in cases where the local council are additional insureds. Please contact me if your local council wishes to exchange this information.

To set up the meet and confer regarding the Document Request, please contact Jason S. Pomerantz at jspomerantz@pszjlaw.com.

Please do not hesitate to contact me directly if you have any questions or concerns regarding the above.

Very truly yours,

James I. Stang

cc: Michael C. Andolina (mandolina@sidley.com)
Richard G. Mason (RGMason@WLRK.com)
Kevin Carey (kevin.carey@hoganlovells.com)
Paul Finn (PFinn@commonwealthmediation.com)
Timothy Gallagher (timg@thegallaghergroup.com)
John A. Morris (jmorris@pszjlaw.com)
Jason S. Pomerantz (jspomerantz@pszjlaw.com)
John W. Lucas (jlucas@pszjlaw.com)

# TORT CLAIMANTS' COMMITTEE OF
# THE BOY SCOUTS OF AMERICA[1]
## Preliminary Document Requests to each Local Council

A. **Renewal Documents**

   1. Each Local Council's "Charter Renewal Application," "Charter & Membership Validation" or similar documents (including any amendments) tendered to the BSA.

   2. For the period 1950 to the present, all "Annual Unit Charter Agreements," all "Annual Charter Agreements," and all other agreements (including any amendments) between any chartered organization and each Local Council.

B. **Corporate Governance Information**

   1. The Articles of Incorporations for each Local Council for the period 1950 to the present (including any amendments).

   2. The Bylaws for each Local Council for the period 1950 to the present (including any amendments).

   3. All trust documents, including organization material, for trusts established by each Local Council that were in effect on or after the Petition Date.

   4. For the period 1950 to the present, all minutes concerning any "Board of Directors" or Board of Managers or similar governing body, including but not limited to the Council Executive Committee, Council Executive Board, or Advisory Council (each such governing body, the "Board") meetings of each Local Council related to: (a) transfers of property the value of which was at least $25,000, (b) any financial obligations owed between the BSA and any Local Council, (c) the IV Files (including the "perversion" files); (d) any claim, allegation or report of sexual or other mental or physical abuse; (e) debt incurred, (f) asset restrictions, (g) takeover of Local Council operations or assets by the National Council, or (h) requests for or decisions made by National Council relating to Local Council assets and operations,

   5. All board packets, information, documents, and written presentation made to any Board concerning any of the issues identified in Request B.4 above.

---

[1] Unless specifically indicated otherwise, all requests seek information for the six-year period prior to the Petition Date.

6. For the period 1950 to the present, all resolutions or consents issued by any Board of a Local Council related to: (a) transfers of property the value of which was at least $25,000, (b) any financial obligations owed between the BSA and any Local Council, (c) the IV Files (including the "perversion" files); or (d) any claim, allegation or report of sexual or other mental or physical abuse.

C. <u>Insurance Information</u>

1. All general liability or other policies that might provide coverage for sexual abuse claims independent from the coverage provided under the BSA policies or a representation that no such policies exist..

D. <u>Audit & Tax Information</u>

1. Audit reports.

2. Management letters (i.e. from auditor / accounting firm to management / client) for the last 3 years.

3. All federal and state tax returns including but not limited to Forms 990, determination letters and group ruling letters, for each Local Council.

E. <u>Financial Information</u>

1. Copies of all annual financial statements, annual reports or financial reports of any kind completed, and / or issued in the last 3 years.

2. Copies of all business plans, restructuring plans, budgets and forecasts prepared in the last 3 years.

F. <u>Property and Property Transfer Information</u>

1. Asset summary schedule detailing each property / building which provides specific identifying information including but not limited to:

    1. Owner(s)
    2. Parcel number(s)
    3. Legal description(s)
    4. Street address(es)
    5. Acreage
    6. Square footage
    7. Description of property
    8. Status of property
    9. Original purchase price
    10. Current tax assessment value
    11. Current appraised value
    12. Any alleged restrictions, limitations of use, etc.

2. Property ownership records for each Local Council (e.g. sales and purchase contracts, deeds, tax assessments, easements, donor or land use restrictions, surveys), including but not limited to service centers, offices and camps.

3. All valuations, appraisals, internal value assessments, broker opinions, or evaluations of property (including but not limited to all evaluations performed by the Outdoor Properties Division of the National Council).

4. All documents concerning all transfers, exchanges, swaps or similar conveyances of property (whether made with or without consideration), between the BSA on the one hand, and any Local Council on the other hand.

5. All documents concerning all other transfers, exchanges, swaps or similar conveyances of property (whether made with or without consideration), in addition to those requested in F5 above to the extent not already provided, or confirmation that all such documents have been produced.

6. All sale contracts, agreements, or documentation relating to the sale / disposal of property including sales price, date of sale, purchaser, etc.

7. Asset listings, schedules, and supporting documentation for temporarily restricted and permanently restricted assets, including but not limited to wills, bequests, agreements, letters, and correspondence.

8. All security or pledge agreements and UCC-1 filings concerning any asset owned or controlled by or for the benefit of each Local Council.

G. **Bank & Investment Account Information**

1. All account statements for each and every checking, money market, investment or any other type of account for the last 3 years.

2. All internal tracking documents, spreadsheets, schedules, reports, correspondence involving the Commingled Endowment Fund ("CEF"), including but not limited to Local Council share in the CEF, transfers to / from the CEF, investments made to or returned from the CEF, any investments made on behalf of the Local Council by the BSA or other parties.

3. All CEF account statements, participant summary reports, etc. provided by the BSA or the CEF administrator (i.e. Northern Trust).

H. **Pension Plan**

    1. All pension plans for your Local Council that are independent from the BSA or confirmation that no such plans ever existed.

I. **Health / Benefits Plans**

    1. All health and benefit plans for your Local Council that are independent from the BSA or confirmation that no such plans ever existed..

J. **Loans / Debt**

    1. All underlying loan documents evidencing obligations of any kind for each Local Council.

    2. Any and all documentation related to determination of compliance with financial covenants related to any and all borrowings / debt issuance.

K. **Other**

    1. Troop / unit rosters (including names, troop / unit numbers, time periods covered, etc.) for the BSA and each of the BSA Related Parties.

    2. All employee rosters (including names, titles, departments, salaries / benefits, etc.) for the last 5 years.

**PACHULSKI STANG ZIEHL JONES**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

LAW OFFICES

SAN FRANCISCO, CA
COSTA MESA, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

SAN FRANCISCO
CA 940
04 SEP 20
PM 2 L

Heather Lennox
Jones Day
North Point, 901 Lakeside Ave.
Cleveland, OH 44114-1190

(JWL) 85353/002

44114-119099