# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> **Ref. Doc. Nos.: 1144** <br><br> **Hearing Date:** <br> October 14, 2020 at 10:00 a.m. (EDT) <br> **Objection Deadline:** <br> October 7, 2020 at 4:00 p.m. (EDT) |

### UNITED STATES TRUSTEE'S OMNIBUS RESPONSE TO (1) THE TORT CLAIMANTS' COMMITTEE'S MOTION TO SUPPLEMENT THE CLAIMS BAR DATE ORDER REGARDING THE ELECTRONIC EXECUTION OF ABUSE PROOFS OF CLAIM (D.E. 1387), AND (2) MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE FOR ORDER PERMITTING FILING OF PROOF OF CLAIM FORMS SIGNED BY AUTHORIZED COUNSEL IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 501 AND 502, BANKRUPTCY RULE 3001, AND OFFICIAL FORM. 410 (D.E. 1388)

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through his counsel, files this omnibus response to (1) the Tort Claimants' Committee's Motion to Supplement the Claims Bar Date Order Regarding the Electronic Execution of Abuse Proofs of Claim (D.E. 1387, "TCC Motion"), and (2) Motion of the Coalition of Abused Scouts for Justice for Order Permitting Filing of Proof of Claim Forms Signed by Authorized Counsel in Accordance with Bankruptcy Code Sections 501 and 502, Bankruptcy Rule 3001, and Official Form 410 (D.E. 1388, "Coalition Motion")[2], and in support thereof states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the underlying Motions unless otherwise stated herein.

1

## I. Introduction

The Motions were filed on September 30, 2020. The Coalition Motion seeks a ruling to amend the Bar Date Order to eliminate any requirement that a Sexual Abuse survivor must sign a proof of claim rather than counsel for the claimant. The TCC Motion seeks an order that would permit Sexual Abuse Survivor Proofs of Claim to be signed by way of an E-Signature Program. The TCC Motion also proposes that persons who have already filed a Sexual Abuse Survivor Proof of Claim must amend their claims by November 16, 2020.

With respect to the TCC Motion, the requested relief requiring claimants to amend claims already on file will create an unnecessary administrative burden that may prejudice such claimants as the information requested can be obtained later in the claims reconciliation process without presently prejudicing the rights of claimants. With respect to the Coalition Motion, without waiving any objections heretofore raised by the U.S. Trustee in his objection to the Coalition Seal Motion (D.E. 1223), the U.S. Trustee observes that there is an ambiguity in the Bar Date Order and the signature line of the Sexual Abuse Survivor Proof of Claim for which clarification by the Court will be helpful.

## II. Jurisdiction and Standing

1. This Court has jurisdiction to hear this Objection.

2. Under 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. §307, which goes

beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. The U. S. Trustee has standing to be heard regarding this Objection pursuant to 11 U.S.C. § 307.

### III. Factual Background

*A. Introductory Facts*

4. On February 18, 2020, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On February 19, 2020, the Court ordered the cases to be jointly administered (D.E. 61). On March 5, 2020, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (D.E. 141, "UCC") and an Official Committee of Tort Claimants (D.E. 142, "TCC").

6. On February 19, 2020, the Court entered an Interim Order containing special noticing and confidentiality procedures with respect to the identities of abuse victims (D.E. 66). On March 23, 2020, the Court entered a Final Order authorizing and approving special noticing and confidentiality procedures with respect to the identities of abuse victims and others at D.E. 274 ("Confidentiality Procedures").

7. On May 26, 2020, the Court entered an order setting November 16, 2020 as the Bar Date in this case (D.E. 695, "Bar Date Order"). Paragraph 4(b) of the bar date order, requires that a Sexual Abuse Survivor Proof of Claim: "…be signed by the Sexual Abuse Survivor."

8. On July 29, 2020 the Coalition of Abused Scouts for Justice (the "Coalition") filed a Verified Statement pursuant to Rule 2019 (D.E. 1053, "July 29 Statement").

9. On August 14, 2020, the Coalition filed an Amended Verified Statement (D.E. 1106, "Amended Verified Statement"). On August 24, 2020, the Coalition filed an unverified Exhibit A to the Amended Verified Statement (D.I. 1143, "Unverified Exhibit A").

10. On August 24, 2020, the Coalition filed a Motion for an Order (I) Authorizing the Coalition to File Under Seal Exhibit A to the Amended 2019 Statement and (II) Approving the Sufficiency of the Amended 2019 Statement (D.E. 1144 "Coalition Seal Motion"). The Coalition Seal Motion seeks to seal Unverified Exhibit A in its entirety as well as seeking a finding: "declaring the form of Amended 2019 Statement filed at D.I. 1106 satisfies the requirements of and is sufficient under the Bankruptcy Rules."

11. The U.S. Trustee and other parties in interest filed objections to the 2019 Motion. The 2019 Motion was heard by the Court on September 9, 2020 and adjourned to October 14, 2020. The Court has not yet ruled on the 2019 Motion.

      B.     *Facts Pertinent to The Present Motions*

12. On May 26, 2020, the Court entered an order setting November 16, 2020 as the Bar Date in this case (D.E. 695, "Bar Date Order"). Paragraph 4(b) of the bar date order, requires that a Sexual Abuse Survivor Proof of Claim: "…be signed by the Sexual Abuse Survivor."

13. The signature block to the Sexual Abuse Survivor Proof of Claim reads in full:

> **To be valid, this Sexual Abuse Survivor Proof of Claim must be signed by you.** If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate. If the Sexual Abuse Survivor is a minor, the form must be signed by the Sexual Abuse Survivor's parent or legal guardian, or the Sexual Abuse Survivor's attorney. (Any form signed by a representative or legal guardian must attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)

14. The Bar Date Order at paragraph 4(e) permits the claim to be electronically filed through a dedicated website (www.OfficialBSAClaims.com) or be hand delivered. Neither

paragraph 4 (b) or 4(e) of the Bar Date order requires that an electronically filed Sexual Abuse Survivor Proof of Claim use an electronic signature program.

### IV. Discussion

#### A. *The Coalition Motion*

15. The parenthetical language in the signature block to the Sexual Abuse Survivor Proof of Claim can lead one to reasonably conclude that so long as the Claim is accompanied by documentation establishing such person's authority to sign the form, such as a fully executed retainer or engagement agreement, the signature of a legal representative is permitted. For example, is the legal guardian of someone who is not a minor or incapacitated an inappropriate representative notwithstanding the guardianship? The U.S Trustee posits that reconciliation of the Bar Date Order to the relevant signature block at this time will be helpful to the overall administration of this estate.

#### B. *The TCC Motio+n*

16. The U.S. Trustee does not oppose the TCC request for the court to approve the use of E-Signature Programs. However, the U.S. Trustee does oppose that portion of the request requiring claimants whose claims are already on file to amend their claims by November 16, 2020. To require a claimant to amend their claim to essentially re-sign and re-file their claims will create an administrative burden on the entire process with the filing of thousands of amended claims and then having to reconcile them with already filed claims. Further, does a claimant with a claim already on file lose their claim if they do not re-file by November 16? The U.S. Trustee posits that any issues related to the efficacy of the signature to claims on file prior to the filing of any order granting the TCC Motion can be resolved later in the case without creating an unnecessary

administrative burden that might also act to prejudice those claimants who have already filed Sexual Abuse Survivor Proof of Claims in accordance with the existing Bar Date Order.

17. The moving parties have the burden of proof for each motion. The Coalition raises a point which the Court can clarify at this stage of the process. On the other hand, the TCC has not met its burden to the extent of the request for claimants to amend claims already on file.

**V.   Conclusion**

18. The claims process will be facilitated by the Court clarifying the signature requirements for the filing of a Sexual Abuse Survivor Proof of Claim as noted in the Coalition Motion. The U.S. Trustee takes no position on how the Court should rule. Clarification of this issue will aid in the administration of this estate.

19. The U.S. Trustee does not oppose the TCC Motion to the extent the TCC seeks permission for electronically filed claims to use of E-Signature software. The U.S. Trustee does oppose the request for claimants to file additional verifications to claims already on file. Such a requirement will create an administrative burden for this case complicating the claims resolution process and may act to improperly prejudice the rights of claimants who have already filed claims. Any issues as to the efficacy of the signatures for claims already on filed can be resolved later in the claims process without creating unnecessary administrative burdens and additional hurdles for the claimants.

20. The U.S. Trustee leaves the moving parties to their burden of proof and reserves all rights to participate in discovery and further litigation.

WHEREFORE, the U.S. Trustee respectfully prays this Honorable Court to deny the 2019 Motion and for such other relief at law and in equity as this Honorable Court may deem proper.

Respectfully submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE FOR REGIONS 3 AND 9**

DATED: October 7, 2020      BY: /s/ David L. Buchbinder
David L. Buchbinder, Esq.
Hannah M. McCollum, Esq.
Trial Attorneys
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)