IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re D.I. 1053, 1106** |

**SECOND AMENDED VERIFIED STATEMENT OF COALITION OF ABUSED SCOUTS
FOR JUSTICE PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal rules of Bankruptcy Procedure, amended as of December 1, 2011 ("Rule 2019"), the Coalition of Abused Scouts for Justice (the "Coalition"), by its undersigned counsel, hereby submits this amended verified statement (the "Verified Statement") in the Chapter 11 cases of the above-captioned debtors (collectively, the "Debtors" and the "Bankruptcy Cases") and, in support thereof, states:

**I.     Formation of Coalition – Rule 2019(c)(1)**

1.     On or around July 18, 2020, certain state court counsel (the "State Court Counsel")² formed the Coalition and retained Brown Rudnick LLP and Blank Rome LLP (together, the "Initial Coalition Counsel") to represent their clients' collective claims and interests with respect to the Debtors and the Bankruptcy Cases. The State Court Counsel decided to retain separate bankruptcy counsel for their clients under the auspices of the Coalition. It is their clients that comprise the members of the Coalition. *See* FED. R. BANK. P. 2019(c)(1)(A)

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] The State Court Counsel who formed the Coalition are: (i) Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., (ii) Kosnoff Law PLLC, (iii) AVA Law Group, Inc., (iv) Andrews & Thornton, (v) ASK LLP, and (vi) Slater Slater Schulman LLP (the "Initial State Court Counsel").

{00219449-1}
123733618

("The verified statement shall include: the pertinent facts and circumstances concerning. . . ***the formation of the group** or committee. . .*).

**II.    Coalition Members' Interests – Rule 2019(c)(2) and (3)**

2.    The Coalition is comprised of more than 28,000 Sexual Abuse Survivors (collectively, the "Coalition Members"). Each Coalition Member is a Sexual Abuse Survivor as defined in the Debtors' bar date order [D.I. 695] (the "Bar Date Order"). As a result of the Members' status as Sexual Abuse Survivors, the identity of each Coalition Member is highly confidential.

3.    A full list of the Coalition Members including each Member's name, address, and available incident data related to that Member's abuse (collectively, "Personally Identifiable Information") is attached to this Statement as **Exhibit A-1**.

4.    As a Sexual Abuse Survivor, each Coalition Member, a party-in-interest, holds an unliquidated sexual abuse tort claim against the Debtors. Additional claims against the Debtors may include, but are not necessarily limited to, unsecured claims and administrative claims. The unliquidated nature of these tort claims disallows disclosure of a specific "amount" of each Members' disclosable economic interest. However, the Personally Identifiable Information submitted under seal in Exhibit A includes incident data which describes the "nature" of the economic interest and the "date of acquisition" of the economic interest. Each "date of acquisition" of the economic interest is the date of the abuse, all of which occurred more than one year prior to the Debtors' petition filing or the date of this Statement. *See* FED. R. BANK. P. 2019(c)(2)(B) ("the nature and amount of each disclosable economic interest in relation to the debtor as of the date the. . . group. . .was formed;"); *See* FED. R. BANK. P. 2019(c)(3)(B) ("the

nature and amount of each disclosable economic interest in relation to the debtor as of the date of the statement;").

5.  An Advisory Board consisting of five (5) members of the Coalition was created to participate in meetings of the Coalition and assist in deliberation concerning actions taken by the Coalition. The Advisory Board representatives were selected based on a self-nomination process and were chosen by their respective State Court Counsel. The Advisory Board currently consists of the following members:

- Allen Johnson, age 55 (lives in NC, abused in CT),
- Andrew Tessier, age 40 (lives in NY, abused in AL),
- Gill Gayle, age 58 (lives in CA, abused in AL),
- Michael Lipari, age 49 (lives in D.C., abused in FL),
- Robert Pierce, age 39 (lives in CA, abused in CA).

*See* FED. R. BANK. P. 2019(c)(1)(A) ("The verified statement shall include: the pertinent facts and circumstances concerning. . . the name of each entity at whose instance the group or committee was formed or ***for whom the group or committee has agreed to act***. . .").

### III.   Authority to Act on Behalf of Coalition Members – Rule 2019(c)(4)

6.  On September 4, 2020, Blank Rome LLP withdrew as counsel to the Coalition, and the Coalition retained Monzack Mersky Browder and Hochman, PA (together with Brown Rudnick LLP, the "<u>Coalition Counsel</u>"). *See* Docket No. 1253. The Coalition Counsel were retained by the State Court Counsel through a signed engagement letter with each Coalition Counsel firm. Each engagement letter has been filed on the public docket in the attached Exhibit A. *See* **Exhibit A-3**; *see also* FED. R. BANK. P. 2019(c)(4) ("a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors. . .").

7.  The current State Court Counsel for the Coalition Members are: (i) Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., (ii) Andrews & Thornton, (iii) ASK LLP, (iv)

Slater Slater Schulman LLP, (v) Motley Rice LLC, (vi) Napoli Shkolnik PLLC, (vii) Marc J. Bern & Partners LLP, (viii) Junell & Associates, PLLC, (ix) Reich & Binstock LLP, and (x) Krause & Kinsman Law Firm.[3]  The State Court Counsel, on behalf of and in the best interest of their clients, the Coalition Members, direct the actions of the Coalition Counsel. *See* FED. R. BANK. P. 2019(c)(1)(A) ("The verified statement shall include: the pertinent facts and circumstances concerning. . . ***the name of each entity at whose instance the group or committee was formed*** or for whom the group or committee has agreed to act. . .").

8. Each Coalition Member has signed an engagement letter with his State Court Counsel (the "State Counsel Retention Agreements"). The State Court Counsel has the authority under their respective engagement letters with each of their clients, to affiliate with or retain co-counsel. *See* **Exhibit A-3**.  Exemplars of the State Court Counsel Retention Agreements with their respective clients are attached at Exhibit A and verified as true and accurate copies of the engagement letters signed by their respective clients in the Declarations of the State Court Counsel attached hereto at Exhibit B.   *See* FED. R. BANK. P. 2019(c)(1)(A) ("The verified statement shall include: the pertinent facts and circumstances concerning. . . ***the formation of the group or*** committee. . .); *see also* FED. R. BANK. P. 2019(c)(4) ("a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors. . .").

9. Pursuant to the authority given to them by their clients in their written State Court Counsel Retention Agreements, the State Court Counsel engaged Coalition Counsel.  The Coalition Counsels' respective Engagement Letters each provide that the "Law Firms each represent and warrant that they have the ***authority*** to sign this Engagement Letter on behalf of

---

[3] As noted above, Initial State Court Counsel included (i) Kosnoff Law PLLC, and (ii) AVA Law Group, Inc.  These two firms and their principals have resigned from the Coalition.  All of their clients remain Coalition Members, whose interests are represented by Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. in accordance with the clients' engagement letters.

their respective Law Firm Clients and **bind** the Law Firm Clients to the terms hereof." *See* Exhibit A-2 at 5, 32 (emphasis added).

10. Each Coalition Counsel Engagement Letter further provides that Coalition Counsel's engagement is with the "Ad Hoc Committee as a whole, and not any individual member thereof." *Id.* at 5, 32. This is a group representation, meaning that the Members, by and through their chosen counsel, retained [Coalition Counsel] to represent their collective interests in respect of the Debtors and their cases, as set forth in the "Scope of Engagement." *Id.* at 5, 32. The Engagement Letters each provide that "[t]he Firm shall not act on behalf of the Ad Hoc Committee in a manner that is contrary to any direction we receive from the Law Firms." *Id.* at 6, 35; *see also* FED. R. BANK. P. 2019(c)(1)(A) ("The verified statement shall include: the pertinent facts and circumstances concerning. . . ***the formation of the group or*** committee. . .); *see also* FED. R. BANK. P. 2019(c)(4) ("a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors. . .").

11. **Coalition Counsel are being paid by State Court Counsel. Coalition Members will not, in any way, be responsible for the fees of Coalition Counsel.** *See* Exhibit A-2, A-4 ("I further acknowledge and agree that a portion of the fees and expenses incurred by Brown Rudnick and MMBH will be paid by [FIRM] and any payment of such fees and expenses by [FIRM] will not increase the fees and expenses owed by me under the terms and conditions of my Employment Agreement or Retainer Agreement with [FIRM].").

12. To inform the Coalition Members regarding the Coalition, the Initial State Court Counsel sent notices to the Coalition Members informing them of the formation of the Coalition, its retention of Initial Coalition Counsel and the ability for the Coalition Members to opt out of the Coalition at any time. *See* Exhibit A-5.

13.     Following the hearing on September 9, 2020, State Court Counsel determined to provide additional notice to the Coalition Members, which included, among other things, a request for express written acknowledgment and consent for Coalition Counsel to represent the collective interests of such Members, and authority for each Member's respective State Court Counsel to represent such Member's interests and to direct and instruct Coalition Counsel in connection with the activities of the Coalition (the "Request for Written Acknowledgment").  *See* Exhibit A-4; *see also* FED. R. BANK. P. 2019(c)(1)(A) ("The verified statement shall include: the pertinent facts and circumstances concerning. . . ***the formation of the group or*** committee. . .); *see also* FED. R. BANK. P. 2019(c)(4) ("a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors. . .").  To date, over 4,500 Members have signed and returned these express consent and acknowledgement forms acknowledging Coalition Counsel's authority to act on behalf of the collective interests of the Coalition Members.

14.     Although Rule 2019 does not require the disclosure of the Coalition Counsel or the State Court Counsel's fee arrangement, the Coalition Counsel freely offers that its fee arrangement is its standard hourly rate paid monthly by the State Court Counsel. *See* Exhibit A-2 at 5, 33.  The State Court Counsel are paid on a contingency fee basis in accordance with its State Court Counsel Retention Agreement with each individual client. *See* Exhibit A-3. At the September 9, 2020 hearing, the Court granted permission to redact the fee percentages set forth in the State Court Counsel Retention Agreements.  Coalition Counsel's engagement letters, including relevant fee arrangement information, are provided to Coalition Members in connection with the Request for Written Acknowledgement.

**IV.    Verifications**

15.     Attached as Exhibit B are Declarations by the State Court Counsel verifying that the documents set forth in Exhibit A to this Verified Statement are true and correct copies of the documents.

16.     Nothing contained in this Verified Statement should be construed as (i) a waiver or release of any claims filed or to be filed against, or interests in, the Debtors held by any Coalition Member, or (ii) a limitation upon, or waiver of, any Coalition Member's rights to assert, file and/or amend its claim in accordance with applicable law and any orders entered in these cases establishing procedures for filing proofs of claim.

17.     Other than disclosed herein, the Coalition Counsel does not represent or purport to represent any other entities with respect to the Bankruptcy Cases. In addition, the Coalition Members do not purport to act, represent, or speak on behalf of any other entities in connection with the Bankruptcy Cases.

18.     From time to time, additional State Court Counsel may seek to have their clients join the Coalition, additional Sexual Abuse Victims may become Coalition Members and certain Coalition Members may cease to be members in the future. Coalition Counsel reserves the right to amend or supplement this Verified Statement as necessary for that, or any other, reason in accordance with Rule 2019.

19.     The information contained herein is intended only to comply with Rule 2019 and is not intended for any other use or purpose.

20.     As directed at the hearing on September 9, 2020, the Coalition shall, upon request, provide copies of the Personally Identifiable Information to Permitted Parties (as defined in the Bar Date Order) entitled to receive personally identifiable information thereunder and subject to the confidentiality restrictions set forth in the Bar Date Order; provided, further,

however, that the Coalition is permitted, but not required, in its sole and absolute discretion, to provide access to Personally Identifiable Information to a party to the Protective Order, *Order Approving Confidentiality and Protective Order* [D.I. 799] (the "Protective Order"), so long as such access to Personally Identifiable Information is subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order.

Dated: October 7, 2020  
Wilmington, Delaware

**MONZACK MERSKY BROWDER AND HOCHMAN, P.A.**

*/s/ Rachel B. Mersky*  
Rachel B. Mersky, Esquire (DE No. 2049)  
1201 N. Orange Street, Suite 400  
Wilmington, DE 19801  
Telephone: (302) 656-8162  
Fax: (302) 656-2769  
Email: rmersky@monlaw.com

-and-

**BROWN RUDNICK LLP**  
David J. Molton, Esquire  
BROWN RUDNICK LLP  
Seven Times Square  
New York, NY 10036  
Telephone: (212) 209-4800  
E-mail: DMolton@brownrudnick.com

and

Sunni P. Beville, Esquire  
Tristan G. Axelrod, Esquire  
BROWN RUDNICK LLP  
One Financial Center  
Boston, MA 02111  
Telephone: (617) 856-8200  
E-mail: sbeville@brownrudnick.com  
E-mail: taxelrod@brownrudnick.com

*Co-Counsel to the Coalition of Abused Scouts for Justice*