**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | ) Case No. 20-10343 (LSS) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: October 14, 2020 at 10:00 a.m. (ET)** |
| | ) Related Document: D.I. 1379 |

**OBJECTION OF THE GREATER ST. LOUIS AREA COUNCIL, BOY SCOUTS OF AMERICA, INC., TO THE MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS**

The Greater St. Louis Area Council, Boy Scouts of America, Inc. ("*GSLAC*") has two procedural objections (one of which precludes the relief altogether, at least for now) to the Motion of the Official Tort Claimants' Committee (the "*TCC*") Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils (the "*2004 Motion*"). GSLAC also has various substantive objections, but given that the TCC did not seek to meet and confer with GSLAC's counsel in advance of the filing of the 2004 Motion (despite GSLAC's counsel asking the TCC's counsel, in writing, in August, that the TCC's counsel speak to GSLAC's counsel directly on all matters pertaining to GSLAC), those substantive issues can't be briefed on the expedited schedule that the TCC demands.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
.

That said, GSLAC understands the need for the TCC to obtain certain of the documents and information sought. Reasonable information should be shared in this very complex case, featuring unique legal and factual issues. Thus, GSLAC will **continue** with its voluntary production, though the TCC seeks far more. Trust should be built, if this case is to move along and avoid the acrimony that seems to be appearing in other pleadings.

Once the TCC and GSLAC meet and confer (which the TCC made no attempt to do prior to filing the 2004 Motion, as discussed below), GSLAC is hopeful that the issues raised in this Objection can be narrowed. GSLAC is also hopeful that with the guidance of this Court, or perhaps the mediators, the scope of discovery can be narrowed, as otherwise, GSLAC and 252 other local Boy Scout councils will be sent on an unfortunate expedition for records that are decades old, of incredible complexity, of limited to no relevance, and well beyond what Rule 2004 would allow.

In short, procedural rules should be followed, and then the parties can get to the substance of negotiating a scope of permissible production. If any dispute remains, such matters can be presented for adjudication once the 2004 Motion is procedurally correct and the TCC complies with this Court's local rules.

## The Objection

**A.    The TCC Made No Effort to Meet and Confer With, or Even Contact, GSLAC's Counsel Prior to Filing the 2004 Motion.**

1.    At various times, the TCC has sent out what appear to be form letters to some of the local councils, seeking documents. These letters were sent via regular mail, directly to the councils.

2.    Recognizing the risks of such a practice in the time of COVID-19, that such letters may sit unopened while personnel work from home, on August 19, 2020, the undersigned

sent a letter to Mr. Stang, lead counsel to the TCC. The letter directed him to contact GSLAC's counsel, the Bryan Cave law firm (and Mark Duedall or Leah Fiorenza in particular), on all future matters, so that communication can be faster than regular mail would allow. This procedure would also allow attorney-to-attorney contact, which is typically far more productive on matters such as this document production request. A copy of this letter, and the email message transmitting it (and using the "cc" function to inform various other parties), is attached as <u>Exhibit A</u>.

3.  The TCC made no effort to contact Bryan Cave prior to filing the 2004 Motion. If it had, then the undersigned would have had the "meet and confer" required by Local Rule 2004-1(a), and issues could have been consider among the parties, discussed, there would be the typical give-and-take, and a narrower set of unresolved issues could possibly be presented to this Court, rendering matters more efficient for all.

4.  Local Rule 2004-1(a) provides as follows:

> <u>Conference Required</u>. **Prior to filing a motion for examination or for production of documents under Fed. R. Bankr. P. 2004**, counsel for the party seeking to examine any entity shall attempt to confer (in person or telephonically) with the proposed examinee **or the examinee's counsel (if represented by counsel)** to arrange for a mutually agreeable date, time, place and scope of an examination or production.

Local Rule 2004-1(a) (emphases added).

5.  Because there was no effort by the TCC to comply with Local Rule 2004-1(a) prior to the 2004 Motion being filed, it cannot be granted at this time. (GSLAC would not object to an adjournment of the hearing on the 2004 Motion, as requiring the TCC to re-file the 2004 Motion is not an efficient use of anyone's time or resources.)

6.  The certification attached to the 2004 Motion sets forth various efforts the TCC made to discuss matters with the Ad Hoc Committee and the Local Council Committee

Members, **but GSLAC is not part of either of those groups**.  Hence, the letter attached as Exhibit A was sent to Mr. Stang, so he and his team could know how to have such discussions with respect to GSLAC.  Instead, GSLAC was caught by surprise by the filing of the 2004 Motion; the advance work among the attorneys, to resolve matters or prepare for a contested hearing, could not take place

7. No one from the TCC has ever contacted the undersigned, either in advance of the filing of the 2004 Motion, or about any other matter.  Accordingly, the 2004 Motion cannot be approved at this time, as to GSLAC.

**B.    The Proposed Order Side-steps Bankruptcy Rule 9016 and Federal Rule 45.**

8. Paragraph 3 of the Proposed Order (*see* D.I. 1379-2, page 3 of 3) ignores Rule 2004(c).  Paragraph 3 provides as follows:

> Each of the Examinees are directed to produce all documents and information responsive to the TCC's Discovery Requests and to deliver such documents and information to the attention of James E. O'Neill, at Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P O Box 8705, Wilmington, DE 19801 within fourteen (14) days after entry of this order or at such other place and time as may be agreed upon by the parties.

9. Rule 2004(c) simply allows for the issuance of a subpoena under Bankruptcy Rule 9016, which in turn directs one to Federal Rule 45 to govern such subpoena, and any challenges and resolution.  Rule 2004 does not allow for a self-effectuating order setting a response deadline, or the means of production, or location, or the like.  Paragraph 3 of the Proposed Order should be struck altogether, if any relief on the 2004 Motion were to be granted after the TCC complies with Local Rule.

10. Likewise, the final paragraph of the proposed order – establishing this Court as the discovery adjudication mechanism for subpoenas issued from other courts – is not proper.  Federal Rule 45(d)(3)(A) controls how a motion to quash is filed, where it is filed, and how it is

adjudicated. The final paragraph should be struck, and the constructs of Federal Rule 45 should control, as Bankruptcy Rules 2004(c) and 9016 require.

        **C.**        **Substantive Issues Remain, Although GSLAC is Still Producing Documents**.

11. Although the TCC did not seek any "meet and confer" with GSLAC's counsel, GSLAC is still composing responses to the items sought. Information on restricted assets has been voluntarily provided by GSLAC, and GSLAC is in the process of providing more. Many of the other requests – a listing of rosters, ancient insurance policies, a forensic accounting of every dollar in and out of GSLAC - will require further analysis, and then briefing, either in response to the 2004 Motion or in a motion to quash a subsequent subpoena. Many of these items sought are of limited use or outside the scope of Rule 2004, or appear only to be relevant to how much some (but not all) individual creditors can recover from some (but not all) non-debtors. This Court has already held this is not the proper province of Rule 2004. *In re Millenium Lab Holdings II, LLC*, 562 B.R. 614, 628 (Bankr. D. Del 2016) (rejecting Rule 2004 exams pertaining to claims that actually belonged to third parties, and would never result in value to the estates, but only value to those third parties). In any event, GSLAC's substantive objections will have to be presented later given the abbreviated timeline sought by the TCC outside the confines of the Local Rules.

### Consent to Jurisdiction as to the 2004 Motion

12. GSLAC consents, pursuant to Local Rule 9013-1(h), to the entry of a final order by this Court in connection with the 2004 Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment on the 2004 Motion consistent with Article III of the United States Constitution. No other consent to the jurisdiction of this Court should be construed by the filing of this Objection as to the 2004 Motion.

602509038

WHEREFORE, GSLAC respectfully request that the Court deny the 2004 Motion at this time, pending correct adherence to procedural rules, and defer ruling on the substance of the 2004 Motion accordingly.

Dated: October 7, 2020

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: mark.duedall@bclplaw.com

*Counsel to the Greater St. Louis Area Council*

# Exhibit A

**From:** Duedall, Mark
**Sent:** Wednesday, August 19, 2020 10:55 AM
**To:** 'jstang@pszjlaw.com'
**Cc:** Fiorenza McNeill, Leah; Burroughs, Harold; 'Ronald Green'; 'Scully, Michael J'; 'mandolina@sidley.com'; Richard G. ('Ricky") Mason (RGMason@wlrk.com); Joseph C. Celentino (JCCelentino@wlrk.com); 'kevin.carey@hoganlovells.com'; 'PFinn@commonwealthmediation.com'; 'timg@thegallaghergroup.com'
**Subject:** In re Boy Scouts of America

Mr. Stang – Please see attached in response to your letter.



MARK DUEDALL
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Atlanta, GA USA
mark.duedall@bclplaw.com
T: +1 404 572 6611  M: +1 404 273 0299

Member of the Delaware Bar and the Georgia Bar.

COVID-19 / CORONAVIRUS RESOURCES ▶



BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center 14th Floor
1201 W Peachtree St NW
Atlanta GA 30309 3471
T: +1 404 572 6600
F: +1 404 572 6999

www.bclplaw.com

Mark I. Duedall
Direct: 404/572-6611
Fax: 404/420-0611
mark.duedall@bclplaw.com

August 19, 2020

*Via Electronic Mail (jstang@pszjlaw.com)*
James I. Stang
Pachulski, Stang, Ziehl & Jones LLP
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067

    Re: Tort Claimants' Committee's July 31 Letter to Greater St Louis Area Council #312

Dear Mr. Stang:

    Bryan Cave Leighton Paisner LLP represents the Greater St. Louis Area Council; please send all future correspondence to me and my partner, Leah Fiorenza (her email is below).

    We have received your letter of July 31, 2020. A copy has been provided to the BSA's insurers as well.

    We will take the assertions in your letter under advisement. In the meantime, please continue to engage in the mediation with the Ad Hoc Committee of Local Councils, with whom we have been interacting. While the Ad Hoc Committee of Local Councils is not authorized to bind our council, we understand that they have been actively engaged with the Tort Claimants' Committee and other mediation parties. If we decide to become more directly involved in the mediation later, we will let the parties and the mediators know.

                              Regards,

                              */s/ Mark I. Duedall*

                              Mark I. Duedall

MID/dh

cc:    Leah Fiorenza (leah.fiorenza@bclplaw.com)
        Ronald Green (ronald.green@scouting.org)
        Michael Scully (michael.scully@pnc.com)
        Michael C. Andolina (mandolina@sidley.com)
        Richard G. Mason (RGMason@WLRK.com)
        Kevin Carey (kevin.carey@hoganlovells.com)
        Paul Finn (PFinn@commonwealthmediation.com)
        Timothy Gallagher (timg@thegallaghergroup.com)

602336057

**Certificate of Service**

This is to certify that on October 7, 2020, the Objection of the Greater St. Louis Area Council to the Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils was filed by this Court's cm/ecf system, which generated a notice of the filing, and an associated link, to all parties that have filed a notice of appearance in this case.

This 7th day of October, 2020.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: mark.duedall@bclplaw.com

*Counsel to the Greater St. Louis Area Council*

602509038