# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors.[1] | Re: Docket No. 1143 |

**ORDER GRANTING IN PART AND CONTINUING IN PART MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE FOR (I) AN ORDER AUTHORIZING THE COALITION TO FILE UNDER SEAL EXHIBIT A TO THE AMENDED 2019 STATEMENT AND (II) APPROVING THE SUFFICIENCY OF THE AMENDED 2019 STATEMENT**

For the reasons set forth on the record at the hearing on September 9, 2020, **IT IS HEREBY ORDERED THAT**:

1. The Motion is hereby GRANTED, in part.

2. The Coalition is authorized to file Exhibit A to the Amended 2019 Statement as follows:

   a) The names and addresses of the individuals and incident data described in the Amended 2019 Statement (collectively, "Personally Identifiable Information") shall be filed under seal; provided however, that the Coalition shall provide copies of the Personally Identifiable Information to the US Trustee, TCC, Century, Hartford, Allianz and Agricultural and, upon request, to such other Permitted Parties (as defined in the Bar Date Order) entitled to receive personally identifiable information thereunder

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

and subject to the confidentiality restrictions set forth in the Protective Order. The Coalition is authorized, but not required, in its sole and absolute discretion, to provide access to Personally Identifiable Information to a party to the Protective Order not otherwise designated as a Permitted Party so long as such access to Personally Identifiable Information is subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order.

b) The exemplars of the State Court Counsel engagement letters with their respective clients, shall be publicly filed on the docket, provided that the fee and pricing amounts and/or percentages (the "Confidential Information") shall be subject to redaction. The Coalition shall, upon request, provide copies of the Confidential Information to parties to the Protective Order subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order.

c) All other documents shall be filed publicly on the record without redaction.

3. The Coalition shall respond to a written request for Personally Identifiable Information or Confidential Information within seven (7) days of the Coalition's receipt of such written request. Such response shall provide access to the requested information or reasons why such information will not be provided. If the information request is denied because it requests Personally Identifiable Information or Confidential Information which cannot be disclosed or the request is unduly burdensome, nothing herein shall prevent such party in interest, after good faith attempts to meet and confer with the Coalition, from filing a motion requesting such

information be provided.  Any party-in-interest that has submitted a request to the Coalition for access to Personally Identifiable Information or Confidential Information and that has not received all of the information so requested within such seven (7) day period, may file a motion on notice seeking further relief from the Court.

       4.      This Order shall only apply to the issue of documents subject to be filed under seal.  The Order shall further be limited to the documents identified in the Motion to File Under Seal at Doc. # 1143, provided however, if the Coalition files a further amended 2019 Statement the same terms shall apply.  Other substantive relief sought in the 2019 Motion or related to the 2019 Motion will be the subject of a further hearing as set forth on the record of the September 9, 2020 hearing.

       5.      This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from or related to the construction and implementation of this Order.

Dated:  October 7, 2020

_____
Laurie Selber Silverstein
United States Bankruptcy Judge