## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Re Docket No. 1417 & 1419 |

**OBJECTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE TO CENTURY'S MOTION TO COMPEL THE DEPOSITIONS OF TIMOTHY KOSNOFF AND ANDREW VAN ARSDALE OR IN THE ALTERNATIVE TO ADJOURN THE HEARING ON THE PENDING 2019 MOTIONS [D.I. 1144], [D.I. 1161], AND [D.I. 1164]**

The Coalition of Abused Scouts for Justice (the "Coalition"), by its undersigned counsel, hereby submits this Objection (the "Objection") to Century's *Motion to Compel the Depositions of Timothy Kosnoff and Andrew Van Arsdale or in the Alternative to Adjourn the Hearing on the Pending 2019 Motions* [D.I. 1144], [D.I. 1161], and [D.I. 1164] (the "Motion") [Docket No. 1417] and the related *Motion to Shorten Notice* [Docket No. 1419]. In support of this Objection, the Coalition respectfully states as follows:

### PRELIMINARY STATEMENT

1.      Mr. Kosnoff and Mr. Van Arsdale and their respective Law Firms—Kosnoff Law and AVA Law Group—resigned from the Coalition on September 29th. They are not included in the Coalition's Amended Rule 2019 Statement [Docket No. 1429] other than to note the fact that they were part of the Coalition and resigned from the Coalition. Century has known about their resignation since October 1st and failed to disclose this fact to the Court in the Motion. Century also failed to disclose to the Court the letter from Mr. Wilks wherein he made Mr.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Kosnoff and Mr. Van Arsdale available for deposition prior to their resignation.  *See* Docket No. 1402-2.

2.       The Coalition and Mr. Wilks have repeatedly asked Century to identify the factual issues that make attorney depositions necessary in these cases, as detailed below.  The simple answer is that attorney depositions are not necessary in connection with any of the motions scheduled to be heard on October 14th.  Century disregarded this Court's direction to act "right away" if it needed discovery and effectively went silent for three weeks, refusing to meet and confer and refusing to respond to correspondence from counsel.  Century's goal is to delay these chapter 11 cases to the detriment of victims of sexual abuse.  The October 14th hearing should go forward.  The Motion should be denied.

## **BACKGROUND**

### *Century Attempts to Depose Mr. Kosnoff and Mr. Van Arsdale in September*

3.       On <u>Friday</u>, September 4, 2020—over a month ago—Century's counsel emailed the Coalition's counsel a deposition notice for Mr. Kosnoff and a deposition notice for Mr. Van Arsdale.  *See* Docket No. 1279-1 at Ex. 1.  These notices were sent at 4:27 p.m. on the Friday before a holiday weekend and five days before the September 9th omnibus hearing.  *Id.*  The notices purported to schedule the depositions of two attorneys for Tuesday, September 8th— *i.e.*, on one business days' notice.  *Id.*

4.       The deposition notices did not include any exhibits identifying the areas of the proposed depositions.  *Id.*  Nor was there any indication that Century had served Mr. Kosnoff or Mr. Van Arsdale with a subpoena as required by Civil Rule 45.  As of September 4th, counsel for Mr. Kosnoff and Mr. Van Arsdale had not entered an appearance in these cases.  This changed on September 8th, as discussed below.

5.      On Saturday, September 5th, the Coalition's counsel emailed Century's counsel to find out if the deposition notices were supposed to include an exhibit identifying the areas of the proposed depositions and if the omission of such an exhibit was an error.  *Id.* at Ex. 2.  The Coalition stated that it has no interest in interfering with any legitimate process.  *Id.*  However, in order to address the Coalition's interests, the Coalition requested clarification regarding the ***scope*** of the depositions so that it could preserve any issues related to ***privilege*** between the deponents and the Coalition and its counsel.  *Id.*  Later in the day, Century's counsel sent amended deposition notices to the Coalition's counsel.  *Id.* at Ex. 3.  Unfortunately, these amended notices also did not include an exhibit identifying the areas of the proposed depositions. *Id.*

6.      In response, the Coalition's counsel pointed out that other than adding the word "Amended" to the heading and deleting reference to the appliable Civil Rules, the amended notices were no different than the original notices and did not identify the areas of the proposed depositions.  *Id.* at Ex. 4.  The Coalition's counsel asked Century's counsel to clarify which motion and which ***factual issue(s)*** make the proposed attorney deposition necessary.  *Id.*

7.      The Coalition's counsel further informed Century's counsel that the Coalition's counsel does not represent Mr. Kosnoff or Mr. Van Arsdale in their individual capacity and, therefore, does not have authority to accept service on their behalf.  *Id.*  Coalition's counsel requested confirmation that Century's counsel properly served Mr. Kosnoff and Mr. Van Arsdale in accordance with Civil Rule 45.  *Id.*

8.      Century's counsel responded by stating:  "I attach the agenda for the hearing on September 8 (sic).  The motions listed on the agenda as agenda items 8, 9, 10 and 11 are all contested.  The notices were served in connection with those matters and request the appearance

of Mr. Van Arsdale and Mr. Kasnoff (sic) to offer testimony on the disputed factual issues in connection with these three (sic) motions." *Id.* at Ex. 5.  Century's counsel did not indicate whether he served Mr. Kosnoff or Mr. Van Arsdale with a subpoena.

9.    The motions identified by Century's counsel as necessitating two attorney depositions were:

- Debtors' attorney advertising motion [Agenda Item 8 / Docket No. 1145];

- Coalition's Rule 2019 motion [Agenda Item 9 / Docket No. 1144];

- Coalition's mediation motion [Agenda Item 10 / Docket No. 1161]; and

- Century's motion to compel [Agenda Item 11 / Docket No. 1164].

10.    Each of these motions were filed on or before August 26, 2020, ***eight days*** before Century's counsel decided that he wanted to depose Mr. Kosnoff and Mr. Van Arsdale. Century's response did not narrow the issues.  Nor did Century's response indicate why Century waited eight days to notice the depositions.

11.    On <u>Sunday</u>, September 6th, the Coalition's counsel informed Century's counsel that no notices served in connection with the matters scheduled for hearing on September 9th state that Mr. Kosnoff or Mr. Van Arsdale intend on offering testimony as fact witnesses at the hearing.  *Id.* at Ex. 6.  The Coalition's counsel ***again*** asked Century's counsel to identify the ***factual issues*** that Century believes make the deposition of two attorneys necessary.  *Id.*

12.    The Coalition's counsel also requested that Century's counsel identify the specific factual issues raised in the motions scheduled to be heard on September 9th on which he seeks discovery and provide an explanation as to ***why*** such ***factual issues*** are relevant to the Court's consideration of such motions.  *Id.*  The Coalition's counsel also stated that he was available for a meet and confer on Monday, September 7th to discuss these matters.  *Id.*

13.     Century's counsel refused to meet and confer on Monday, as proposed.  *Id.* at Ex. 8.  Nor did Century's counsel offer any response as to why the attorney depositions are necessary.  *Id.*

14.     Instead, on <u>Tuesday</u>, September 8th, Century filed an 18-page Supplemental Submission [Docket No. 1266] directed at, among other things, the advertising undertaken by Kosnoff Law and AVA Law Group.  In this submission, Century's counsel stated that Mr. Kosnoff and Mr. Van Arsdale refused to be questioned and would not appear for deposition.  *Id.* at 11.

15.     Century's counsel did ***not*** disclose to the Court that Mr. Kosnoff and Mr. Van Arsdale had not been properly served under the Civil Rules.  Nor did Century's counsel disclose to the Court that he ***refused*** to meet and confer with Coalition's counsel on this matter.  Coalition's counsel sent a letter to the Court on September 8th regarding these matters.  *See* Docket No. 1279.

16.     Also, on September 8th, David E. Wilks filed an *Entry of Appearance* for Mr. Kosnoff and Mr. Van Arsdale.  *See* Docket No. 1271.  As of September 8, 2020, Century could have noticed the depositions of Mr. Kosnoff and Mr. Van Arsdale by serving Mr. Wilks, a fact that Century's counsel acknowledges in its Motion.  *See* Motion at 16-17.  As discussed below, Mr. Wilks offered to make Mr. Kosnoff and Mr. Van Arsdale available for deposition in October, but Century's counsel did not respond.

### *September 9th Omnibus Hearing*

17.     At the September 9th omnibus hearing, the Court considered arguments on, among other things, the Debtors' attorney advertising motion, the Coalition's Rule 2019 motion, the Coalition's mediation motion, and Century's motion to compel.  The Court ruled on the

Debtors' attorney advertising motion and the Court partially ruled on the Coalition's Rule 2019 motion, permitting certain personally identifiable information to be filed under seal.  *See* Sept. 9th Hr'g Tr. 122:12-123:12; Docket Nos. 1331 & 1435.

18.    At the conclusion of the hearing, the Court addressed discovery.  The Court stated:  "[I]f there is – or any – I would like people to get on top of this issue and if there are going to be any filings, ***if there's going to be any discovery, it needs to happen right away.  I don't want it to wait***." *Id.* at 145:13-17 (emphasis added).

### *Century Attempts to Depose Mr. Kosnoff in October*

19.    The Coalition's counsel did not hear anything further from Century's counsel on this topic until October 2nd—over ***three*** weeks after the September 9th omnibus hearing.  Based on the *Motion for a Protective Order and to Quash Notice of Deposition* filed by Mr. Wilks [Docket No. 1420], it appears that Century's counsel engaged with Mr. Wilks, as he should have given that the Coalition's counsel does not and has not represented Mr. Kosnoff or Mr. Van Arsdale in their individual capacity.

20.    On Tuesday, September 22nd, Mr. Wilks sent a letter addressed to Mr. Schiavoni. *See* Docket No. 1420 at Ex. B.  Mr. Wilks noted that Mr. Schiavoni continued to refuse to respond to repeated requests that he identify the subject areas of the proposed attorney depositions.  *Id.*

21.    In a good faith effort to move the matter forward, Mr. Wilks offered to accept service for Mr. Kosnoff and Mr. Van Arsdale, and stated that Mr. Kosnoff would be ***available for deposition*** on October 2, 2020 between 10:00 a.m. and 3:00 p.m., Pacific Time, and that Mr. Van Arsdale would be ***available for deposition*** on October 6, 2020 between 12:00 p.m. and 3:00 p.m., Pacific Time.  *Id.*  Mr. Wilks made it clear that neither Mr. Kosnoff nor Mr. Van Arsdale

were willing to subject themselves to an open-ended deposition that did not include parameters given the privilege, confidentiality, work product, and other considerations involved. *Id.*

22.     Century's counsel ignored this letter for over a week.  On September 29th, Mr. Kosnoff and Mr. Van Arsdale and their respective Law Firms—Kosnoff Law and AVA Law Group—resigned from the Coalition.

23.     On Thursday, October 1st, Mr. Wilks sent the following email to Mr. Schiavoni: "Tanc, I have received ***no response to my letter*** of early last week ***nor have you noticed the deposition of my clients or sent me a subpoena***.  Accordingly, and given my clients' ***resignations*** as Coalition representatives, I will assume that you no longer intend to pursue these depositions and will take them off my calendar." *Id.* at Ex. C (emphasis added).

24.     As of September 29th, twenty days after the September 9th omnibus hearing, Century's counsel had failed to notice the deposition of Mr. Kosnoff or Mr. Van Arsdale.  On October 2nd—again on a Friday—Century's counsel sent a deposition notice purporting to schedule Mr. Kosnoff's deposition for October 9th.  *Id.* at Ex. A.

25.     To the Coalition's knowledge, Century's counsel never sent a deposition notice purporting to schedule Mr. Van Arsdale's deposition.  Century's Motion seeks to compel the deposition of a witness that was ***not*** noticed in the first instance.  Given that the Court ruled on the Debtors' attorney advertising motion, and that Mr. Kosnoff and Mr. Van Arsdale resigned from the Coalition, the Coalition was unable to discern any legitimate reason as to why either attorney should be subject to deposition in connection with any pending motions.

26.     On Monday, October 5th, the Coalition's counsel sent Century's counsel an email seeking confirmation that Mr. Kosnoff's deposition was going forward.  *See* Goodman Decl. Ex. 1.  The Coalition's counsel informed Century's counsel that Mr. Kosnoff and Mr. Van

Arsdale resigned from the Coalition and that they and their Law Firms are no longer part of it. *Id.* Coalition's counsel also requested that Century's counsel inform the Coalition of any agreed topics so that the Coalition would have a clear understanding of the ***scope*** of the deposition. *Id.*

27.    Century's counsel refused to identify any agreed topics in response to this email. *Id.* In response, the Coalition's counsel ***again*** requested that Century's counsel inform the Coalition of any agreed topics so that the Coalition would have a clear understanding of the ***scope*** of the deposition. *Id.* Again, Century's counsel refused to answer this question. *Id.*

28.    On Tuesday, October 6th, Mr. Wilks sent an email to Mr. Schiavoni stating: "Given you refusal to engage with us in a meaningful way that would limit the scope of the deposition in this manner we have suggested, we intend to file a motion for a protective order tomorrow." *Id.*

29.    Also, on October 6th, the Coalition's counsel sent Century's counsel an email again asking Century to ***identify*** the nonprivileged matters that are ***relevant*** to the pending motions that makes Mr. Kosnoff's deposition necessary and explain how such deposition is proportional to the needs of the Debtors' cases. *Id.* And, again, Century's counsel refused to answer this question, instead referring to "our papers which have lengthy fact sections." *Id.*

### *Century's Motion to Compel or Adjourn Hearing*

30.    Later in the day on October 6th, Century filed its Motion, presumably in order to get a pleading on file before Mr. Wilks filed a motion for a protective order. In the Motion, Century asserts that it must be permitted to depose Mr. Kosnoff and Mr. Van Arsdale after the Coalition files its amended Rule 2019 statement.

31.    Century further accuses the Coalition of engaging in delay tactics to frustrate all attempts to schedule their depositions even though the Coalition counsel has made it clear since

September 5th that it does **not** represent Mr. Kosnoff and Mr. Van Arsdale in their individual capacities and has **no** control over the scheduling of their depositions.

32.    Nowhere in the Motion does Century disclose to the Court the fact that Mr. Kosnoff and Mr. Van Arsdale and their respective Law Firms ***resigned*** from the Coalition and are ***not*** included in the Coalition's Amended Rule 2019 Statement other than to note the fact that they were part of the Coalition and resigned from the Coalition.  Nor does Century disclose the fact in the Motion that it has ***known*** about their resignation since October 1st.  And, nowhere in the Motion does Century disclose to the Court the letter from Mr. Wilks wherein he made Mr. Kosnoff and Mr. Van Arsdale available for deposition before they resigned from the Coalition and that Century chose ***not*** to depose them.

## ARGUMENT

### A.    The Attorney Depositions Are Not Warranted Under the Civil Rules

33.    Century has failed to identify the nonprivileged matters that are relevant to the pending motions that makes Mr. Kosnoff's or Mr. Van Arsdale's depositions necessary. Rule 26(b) of the Federal Rules of Civil Procedures (the "Civil Rules"), as made applicable herein by Rules 9014(c) and 7026 of the Federal Rules of Bankruptcy Procedure, provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any ***nonprivileged*** matter that is ***relevant*** to any party's claim or defense and ***proportional*** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

34.    Discovery must regard information that is nonprivileged, relevant to the party's claim or defense, and proportional to the needs of the chapter 11 case. *See Cole's Wexford*

*Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 812 (W.D. Pa. 2016) (finding discovery beyond the scope of Civil Rule 26 and stating "under Rule 26, the court and parties have obligations to analyze the scope of discovery by considering whether the discovery sought is relevant to a party's claims or defenses and proportional to the needs of the case."); *In re Maxus Energy Corp*, 617 B.R. 806, 813 (Bankr. D. Del. 2020) (limiting number of requested depositions based on proportionality requirement under Civil Rule 26(b)); 8 FED. PRAC. & PROC. CIV. § 2008.1 (3d ed. 2020) (Rule 26(b)(1) was amended in 2015 to "emphasize proportionality" and "encourage judges to be more aggressive in identifying and discouraging discovery overuse").

35.    In addition, a party seeking to depose another party's counsel must establish good cause—*i.e.*, no other means exists to obtain the information, the information is nonprivileged, and the information is crucial to the preparation of the case.  *See Cambs v. Am. Express Co.*, No. 15-428, 2016 WL 4735022, at *2 (E.D. Pa. Sept. 12, 2016) (granting motion to quash attorney deposition); *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 184 (D.N.J. 2012) (granting motion for protective order to prevent attorney from deposition); *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 385 (E.D. Pa. 2006) ("Absent an attorney's advice being made an issue in the case, courts should exercise great care before permitting the deposition of an attorney.") (quotation omitted); *Allergan Inc. v. Pharmacia Corp.,* No. 01-141, 2002 WL 1268047, at *1 (D. Del. May 17, 2002) (granting protective order to prevent deposition of opposing counsel because the Court concluded "that plaintiffs have not met their burden to demonstrate a compelling need for the requested discovery."); *In re Bilzerian*, 258 B.R. 846, 849 (Bankr. M.D. Fla. 2001) (deposition of counsel or someone with knowledge gained from counsel improper since

deposition would potentially allow unwarranted inquiries into mental impressions of attorneys and would produce no non-privileged information relevant to pending motion).

36.    Here, Century has failed to show that it is seeking the discovery of nonprivileged information that is relevant to any pending motions and is proportional to the needs of these chapter 11 cases.  Nor has Century demonstrated a clear need to depose counsel to numerous tort victims in these chapter 11 cases.  Instead, Century regurgitated many of its statements made in support of the Debtors' attorney advertising motion—a motion on which this Court already ruled.  *See* Docket Nos. 1226 & 1331.  Century's counsel clearly wants to ask Mr. Kosnoff questions about his infamous email, but that email was sent weeks before the Coalition was formed.

37.    As early as September 5th, and continuing through October 6th, Century was asked, ***repeatedly*** to identify the factual issues that Century believes make the deposition of two attorneys necessary.  The fact that Century has refused to answer this question for over a month speaks volumes.  Mr. Kosnoff and Mr. Van Arsdale and their respective Law Firms resigned from the Coalition.  The Court has already ruled on the Debtors' attorney advertising motion. Since Mr. Kosnoff and Mr. Van Arsdale resigned from the Coalition, they obviously will not be included in the Mediation if the Court grants the Coalition's mediation motion.  Mr. Kosnoff's and Mr. Van Arsdale's testimony is not relevant to any pending motions before the Court. Century, therefore, has no legitimate reason to seek to depose counsel for sexual abuse victims in these cases.

### B.    The October 14th Hearing Should Not Be Continued

38.    Assuming, *arguendo*, that Century has or can articulate a legitimate reason to depose Mr. Kosnoff or Mr. Van Arsdale, there is no reason to continue the October 14th

omnibus hearing on the pending Rule 2019 motions.   At the last omnibus hearing, the Court stated that if there's going to be any discovery, "it needs to happen right away."   Sept. 9th Hr'g Tr. 145:13-17.

39.    On September 8th, Mr. Wilks filed an Entry of Appearance for Mr. Kosnoff and Mr. Van Arsdale.  *See* Docket No. 1271.  As of September 8, 2020, Century could have noticed the depositions of Mr. Kosnoff and Mr. Van Arsdale by serving Mr. Wilks, a fact that Century's counsel acknowledges in its Motion.  *See* Motion at 16-17.

40.    Yet, in the Motion, Century discusses its post-September 9th efforts to serve Mr. Kosnoff and Mr. Van Arsdale with subpoenas.[2]  While Civil Rule 45 clearly required Century to notice their depositions by subpoena ***before*** Mr. Wilks entered his appearance for Mr. Kosnoff and Mr. Van Arsdale,[3] Century had no need of a subpoena after September 8th. Century clearly understand this.   *See id.*   Century sat back for over three weeks, refused to respond to Mr. Wilks' offer to make Mr. Kosnoff and Mr. Van Arsdale available for deposition in October, and now wants the Court to continue the hearing so that he can take a deposition that is not necessary.

41.    Century's game is delay.  This is evidenced by the fact that Century only wants to depose Mr. Kosnoff and Mr. Van Arsdale on Fridays and always less than two weeks before scheduled omnibus hearings.  If Century had a good faith basis for noticing Mr. Kosnoff and Mr. Van Arsdale for deposition on September 4th, why did Century ignore this Court's direction to act right away?  If Century has a good faith basis for noticing Mr. Kosnoff and Mr. Van

---

[2]  While not relevant, the addresses for Mr. Kosnoff and Mr. Van Arsdale that Brown Rudnick provided to Century were the addresses that Mr. Kosnoff and Mr. Van Arsdale provided to Brown Rudnick as their current business addresses.

[3]  *See, e.g., Duffy v. Kent County Levy Court*, 800 F. Supp. 2d 624, 629 (D. Del. 2011) (quashing subpoenas that were not personally served on witnesses); 9A FED. PRAC. & PROC. CIV. § 2454 (3d ed. 2020) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required").

Arsdale for deposition, why has Century refused to identify the scope of the deposition for over a month?

42.    Why did Century spend time trying to serve Mr. Kosnoff and Mr. Van Arsdale with subpoenas after their counsel filed a notice of appearance?  Why did Century refuse to engage in a meet and confer with Coalition counsel?  Why was Century unwilling to discuss any limitations to Mr. Kosnoff's deposition or acknowledge the privilege and confidentiality issues that his deposition would implicate?  Why did Century fail to disclose to this Court in the Motion that it has known for some time that Mr. Kosnoff and Mr. Van Arsdale resigned from the Coalition?

43.    Century's goal, and consistent pattern of conduct in these cases, is delay for the sake of delay.[4]  Century's financial exposure may be massive.  Upon information and belief, Century has long known about the Debtors' history of sexual abuse and is one of the few insurance companies that was willing to insure the Debtors notwithstanding the Debtors' history and risk profile.  Century should not be remotely surprised by the number of sexual abuse claims filed in these cases.  Century's goal is to impede any progress.

44.    The Coalition is the party that is necessary to move these cases forward.  The Motion, and all the noise surround the proposed attorney depositions, is simply a distraction. Century had the chance to depose Mr. Kosnoff and Mr. Van Arsdale.  The motions set for hearing on October 14th have now been pending before this Court for over six weeks.  The Coalition's exclusion from the Mediation is preventing meaningful progress from being made. The October 14th hearing on the pending Rule 2019 motions should not be continued.

---

[4]    *See In re Boy Scouts of Am.*, Case No. 20-10343, Bench Ruling Delivered May 29th on Motion to Disqualify Sidley Austin as Debtors' Counsel (Bankr. D. Del. May 29, 2020) and related appeal, *Century Indemnity Co. v. Boy Scouts of America (In re Boy Scouts of America et. al)* Case 1:20-cv-00798-UNA (D. Del. 2020).

## **CONCLUSION**

WHEREFORE, the Coalition respectfully requests that the Court enter and order denying

the Motion and granting the Coalition such other and further relief as the Court deems just and

proper.

Dated: October 7, 2020          MONZACK MERSKY
Wilmington, Delaware           BROWDER AND HOCHMAN, P.A.

                               */s/ Rachel B. Mersky*
                               Rachel B. Mersky (DE No. 2049)
                               1201 North Orange Street, Suite 400
                               Wilmington, Delaware 19801
                               Telephone:    (302) 656-8162
                               Facsimile:    (302) 656-2769
                               E-mail:       RMersky@Monlaw.com

                                      -and-

                               BROWN RUDNICK LLP
                               David J. Molton, Esq.
                               Eric R. Goodman, Esq. (admitted *pro hac vice*)
                               Seven Times Square
                               New York, NY 10036
                               Telephone: (212) 209-4800
                               E-mail: DMolton@BrownRudnick.com
                               E-mail: EGoodman@BrownRudnick.com

                               and

                               Sunni P. Beville, Esq. (admitted *pro hac vice*)
                               Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
                               One Financial Center
                               Boston, MA 02111
                               Telephone: (617) 856-8200
                               E-mail: SBeville@BrownRudnick.com
                               E-mail: TAxelrod@BrownRudnick.com

                               *Counsel to the Coalition of Abused Scouts for
                               Justice*