# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1420** |

## CENTURY'S OPPOSITION TO MOTION OF TIM KOSNOFF, ESQUIRE FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

## TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................. 1

    I.    NOT ONLY DOES RULE 2019 SUPPORT DEPOSING AN ATTORNEY, IT DEMANDS IT UNDER THE CIRCUMSTANCES HERE. .................................................... 1

    II.    THE CASES MR. KOSNOFF CITES ACTUALLY SUPPORT TAKING HIS DEPOSITION. .......................................................................................... 4

CONCLUSION ............................................................................................................. 6

## TABLE OF AUTHORITIES

Page

**Cases**

*Amicus Communications, L.P. v. Hewlett-Packard Co.*,
 No. 99 Civ. 0284, 1999 WL 33117227 (D.D.C. Dec. 3, 1999) .................................................. 5

*Baron & Budd, P.C. v. Unsecured Asbestos Claimants*,
 321 B.R. 147 (D.N.J. 2005) ....................................................................................................... 1

*Bogan v. Northwestern Mutual Life Ins. Co.*,
 152 F.R.D. 9 (S.D.N.Y. 1993) .................................................................................................... 5

*Chase Manhattan Bank, N.A. v. T & NPLC*,
 156 F.R.D. 82 (S.D.N.Y. 1994) .................................................................................................. 4

*Jamison v. Miracle Mile Rambler, Inc.*,
 536 F.2d 560 (3d Cir.1976) ........................................................................................................ 4

*Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*,
 130 F.R.D. 348 (D.N.J. 1990) .................................................................................................... 4

*Kalmanovitz v. G. Heileman Brewing Co., Inc.*,
 610 F.Supp. 1319 (D. Del.), *aff'd*, 769 F.2d 152 (3d Cir. 1985) ................................................ 4

*LG Philips LCD Co., Ltd. v. Tatung Co.*,
 2007 WL 2908177 (D. Del. 2007) ............................................................................................. 6

*Nakash v. United States Dept. of Justice*,
 128 F.R.D. 32 (S.D.N.Y. 1989) .................................................................................................. 4

*Robocast, Inc. v. Microsoft Corp.*,
 2013 WL 1498666 (D. Del. 2013) ......................................................................................... 3, 6

*Sadowski v. Gudmundsson*,
 206 F.R.D. 25 (D.D.C. 2002) ..................................................................................................... 5

*Scovill Manufacturing Co. v. Sunbeam*,
 61 F.R.D. 598 (D. Del.1973) ...................................................................................................... 4

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*,
 164 F.R.D. 245 (D. Kan. 1995) .................................................................................................. 5

*V. Mane Fils, S.A. v. International Flavors and Fragrances Inc.*,
 2008 WL 3887621 (D.N.J. 2008) ............................................................................................... 6

**PRELIMINARY STATEMENT**

The thrust of Tim Kosnoff's motion to quash is that he is litigation counsel opposite to Century in this bankruptcy and that his examination is thus impermissible. This is wrong both on the facts and the law. Mr. Kosnoff is not opposing trial counsel—or even opposing counsel in the bankruptcy. Nor is it the law that a witness may be excused from a deposition simply because he or she is an attorney. This is especially so where Rule 2019 is concerned, and where—as here—the known facts implicate the fairness and integrity of the entire bankruptcy process. The *Barron & Budd* court firmly rejected the same overreaching arguments about Rule 2019 that Mr. Kosnoff and his Coalition raise here and relied upon deposition testimony of lawyers (indeed, on the same of lawyers who is a Coalition member here in its decision).

**ARGUMENT**

I.  **NOT ONLY DOES RULE 2019 SUPPORT DEPOSING AN ATTORNEY,
    IT DEMANDS IT UNDER THE CIRCUMSTANCES HERE.**

In *Barron & Budd*, the district affirmed a bankruptcy court decision overruling a very similar challenge to discovery of a loose consortium of plaintiffs' attorney in connection with a mass-tort bankruptcy. The court there held that "fee sharing, co–counsel and referral relationships (and the potential conflicts of interest that may arise therefrom) are indeed pertinent facts and circumstances in connection with the employment of the entity."[2] Such disclosures go to questions of good faith and professional responsibility, which are highly pertinent in a reorganization such as this one.[3] In holding that it was improper to shield the lawyers from discovery, the court cited deposition testimony from a lead lawyer at Motley Rice (a firm that is now a member of the Coalition) in explaining the potential that inter-law firm arrangements

---

[2] *Baron & Budd, P.C. v. Unsecured Asbestos Claimants*, 321 B.R. 147, 167 (D.N.J. 2005).
[3] 321 B.R. at 168.

1

"suggest the opportunity for abuse of fee sharing relationships" that were "inextricable from the overall fairness of the reorganization plan."[4]

These considerations are especially pressing in light of Mr. Kosnoff's email admitting that he intends to manipulate the bankruptcy process: "[h]ere is the message: We control 80% of the claims i.e. our coalition controls the case," and that his group is "not going to do anything to help grease the gears for [Jim] Stang and the dimwits [the abuse survivor members of the committee] including speeding up the insurance analysis."[5] Instead, he goes on, the group will "relax, keep focused on our marketing and media efforts going full tilt in to Nov, chill and enjoy our summer and evaluate in the fall."[6] Mr. Kosnoff concludes that stunning statement by declaring that "[n]othing happens until AIS says so."[7]

Similarly, in *Barron & Budd*, the lawyers resisting disclosure who purported "to 'speak for' over 75 percent of all asbestos claimants against [debtor], may not in fact 'represent' individual claimants in the traditional sense of an attorney-client relationship, but rather, they represent other attorneys who, in turn, represent individual claimants."[8] That claim of speaking for but not actually representing the bulk of the underlying tort claimants is strikingly close to the facts here. And that is what raised eyebrows for both the bankruptcy and district courts. At the very least, the facts known to date warrant further investigation because of the opportunity for abuse—and the stated intent to commit such misconduct.

This is exactly when Rule 2019's "disclosure provisions" should be used to "ensure that lawyers involved in the Chapter 11 reorganization process adhere to certain ethical standards and

---

[4] 321 B.R. at 160, n.3.
[5] D.I. 1285-1.
[6] *Id.*
[7] *Id.*
[8] 321 B.R. at 160.

2

approach all reorganization related matters openly and subject to the scrutiny of the court."[9] Future Supreme Court Justice William O. Douglas, then heading an SEC commission, recognized the danger some seventy years ago that "the inside group" would use a committee to "secure a dominant position in the reorganization" and capture "the emoluments of control."[10] Where the "non-disclosure" of Rule 2019 information affects the solicitation and voting methods, Justice Douglas cautioned that it "must be controlled, so that [stakeholders] may be assured of an honest and complete portrayal of all material facts."[11]

The *Barron & Budd* court also firmly rejected the same overreaching privilege arguments that Mr. Kosnoff raises: "Not only are there strong policy and statutory reasons why the fee arrangements between attorneys practicing before the bankruptcy courts cannot be privileged, there is ample evidence in this particular case, that suggests ***these facts are relevant, and indeed, critical***."[12] In any event, courts do not favor preemptively shutting down depositions because of hypothetical privilege concerns and instead address privilege on a question-by-question basis.[13]

---

[9] 321 B.R. at 166.

[10] Securities and Exchange Commission, Report on the Study and Investigation of the Work, Activities, Personnel and Functions of Protective and Reorganization Committees, Part I: Strategy and Techniques of Protective and Reorganization Committees (1937) ("Douglas Report") at 876-7, 898; *see also Leiman v. Guttman*, 336 U.S. 1, 6-7 (1949).

[11] Douglas Report at 898.

[12] 321 B.R. at 169 (emphasis added).

[13] *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 598 (3d Cir. 1980) (privilege may only be asserted question-by-question, and blanket privilege may not be asserted before hearing those questions); *Robocast, Inc. v. Microsoft Corp.*, 2013 WL 1498666, **1–2 (D. Del. 2013) (denying motion to quash deposition subpoena of prosecution counsel, rejecting the counsel's blanket assertion of privilege and instructing that privilege objections could be made on a question-by-question bases at the deposition); *In re Commonwealth Financial Corp.*, 288 F.Supp. 786 (E.D.Pa.1968), *aff'd*, 408 F.2d 640 (3d Cir. 1969) (affirming district court in holding that a witness in a bankruptcy proceeding could not assert a blanket fifth amendment privilege prior to hearing the questions); *In re Grand Jury Matters*, 751 F.2d 13, 17 (1st Cir. 1984) ("It is well established that blanket assertions of privilege ... are extremely disfavored, and that persons claiming a privilege must establish the elements of privilege as to each record sought and each question asked so that ... the court can rule with specificity.") (internal citations and quotations omitted) (citing *In re Grand Jury Witness (Salas)*, 695 F.2d 359, 362 (9th Cir.1982), *Matter of Walsh*, 623 F.2d 489, 493 (7th Cir.), *cert. denied*, 449 U.S.

## II. THE CASES MR. KOSNOFF CITES ACTUALLY SUPPORT TAKING HIS DEPOSITION.

Mr. Kosnoff's own cases support his deposition because he is the focus of the Coalition's amended 2019 disclosures and his own conduct is at issue. Specifically, the court in *Johnston Development Group, Inc. v. Carpenters Local Union No. 157*8, which Mr. Kosnoff discusses in his brief, compelled a deposition of opposing counsel, reasoning as follows: "where the attorney's conduct itself is the basis of a claim or defense, there is little doubt that the attorney may be examined as any other witness."[14] That holding is not an outlier in this circuit, where courts have required testimony from attorneys whose conduct is at issue—as is the case here.[15]

Mr. Kosnoff also relies on an irrelevant heightened standard (the *Shelton* factors[16]) that applies only to depositions of trial counsel representing a party to the litigation concerning the conduct of that action.[17] Cases around the country hold that the *Shelton* factors apply only in

---

    994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980), *Matter of Witnesses Before Special March 1980 Grand Jury*, 729 F.2d 489, 495 (7th Cir.1984)).

[14] 130 F.R.D. 348, 352 (D.N.J. 1990).

[15] *See Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560 (3d Cir.1976); *Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 610 F.Supp. 1319 (D. Del.), *aff'd*, 769 F.2d 152 (3d Cir. 1985); *Scovill Manufacturing Co. v. Sunbeam*, 61 F.R.D. 598 (D. Del.1973).

[16] While Mr. Kosnoff's Motion does not cite *Shelton* directly, Mr. Kosnoff's precedents rely on *Shelton* and its progeny.

[17] *See Chase Manhattan Bank, N.A. v. T & NPLC*, 156 F.R.D. 82, 84 (S.D.N.Y. 1994) (distinguishing between counsel in litigation and "non-trial counsel" for purposes of *Shelton* criteria); *Nakash v. United States Dept. of Justice*, 128 F.R.D. 32, 34–35 (S.D.N.Y. 1989) (refusing to quash deposition subpoena because attorneys were fact witnesses, and stating their attempt to bring themselves within the "strict standards of cases such as *Shelton*" was not persuasive because they were not "opposing counsel").

rare circumstances inapplicable here.[18]  Here, Mr. Kosnoff is not opposing counsel in litigation against Century, has not entered an appearance, and is represented by separate counsel.  On the contrary, Mr. Kosnoff is the subject of the Rule 2019 disclosure about which Century wishes to inquire.  But even applying the heightened standard, courts in the Third Circuit regularly permit depositions of opposing counsel—over privilege objections—where there are claims of

---

[18] *See Bogan v. Northwestern Mutual Life Ins. Co.*, 152 F.R.D. 9, 14–15 (S.D.N.Y. 1993) (stating S*helton* "does not bar such depositions where attorneys take part in significant relevant pre-events and the attorney-client privilege does not apply to the testimony sought"); *Sadowski v. Gudmundsson*, 206 F.R.D. 25, 27 (D.D.C. 2002) (holding trial counsel may be deposed, and stating "[w]here an attorney for a party has information concerning the underlying events supporting the suit, the attorney cannot shield relevant facts merely because he was an attorney for that party"); *Amicus Communications, L.P. v. Hewlett-Packard Co.*, No. 99 Civ. 0284, 1999 WL 33117227, at *2 (D.D.C. Dec. 3, 1999) (finding party may depose opposing counsel, even trial counsel, where attorney played role in underlying facts, reasoning that "[w]hen a party employs counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested"); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 249 (D. Kan. 1995) (finding Shelton test inapplicable and holding trial counsel could be deposed regarding relevant underlying facts of which he had personal knowledge).

inequitable conduct and where, as here, evidence shows that Mr. Kosnoff intends to supplant the TCC's fiduciary obligations.[19]

## CONCLUSION

For all of the above reasons, the Court should deny Mr. Kosnoff's motion to quash and order him to sit for his deposition, as Rule 2019 and case law require.

Dated:  October 9, 2020

Respectfully Submitted,

By:  /s/ Stamatios Stamoulis
     Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:    302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:    212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

---

[19] *Robocast, Inc. v. Microsoft Corp.*, 2013 WL 1498666, **1–2 (D. Del. 2013) (denying motion to quash deposition subpoena of prosecution counsel, rejecting the counsel's blanket assertion of privilege and instructing that privilege objections could be made on a question-by-question bases at the deposition); *V. Mane Fils, S.A. v. International Flavors and Fragrances Inc.*, 2008 WL 3887621, **3–4 (D.N.J. 2008) (denying motion to quash subpoena served on the prosecuting lawyer); *LG Philips LCD Co., Ltd. v. Tatung Co.*, 2007 WL 2908177 (D. Del. 2007) (granting accused infringer's motion to compel deposition of the attorney who prosecuted claims).