# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>                      Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date:**<br>October 14, 2020 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>October 7, 2020 at 4:00 p.m. (ET)<br><br>Re: Docket No. 1379 |

## OBJECTION OF ORANGE COUNTY COUNCIL OF THE BOY SCOUTS OF AMERICA TO MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS

The Orange County Council of the Boy Scouts of America ("Orange County Council")[1] hereby submits this Objection[2] to the Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils [Dkt. No. 1379] ("Motion") filed by the Official Tort Claimants' Committee ("TCC").[3]  In support of this Objection, the Orange County Council hereby respectfully represents as follows[4]:

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2] The Orange County Council's counsel, Winthrop Golubow Hollander, LLP, is in the process of seeking pro hac vice employment in these cases.
[3] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Motion.
[4] The TCC agreed in writing to extend, through October 9, 2020 at 4:00 p.m. Eastern Time, the deadline for the Orange County Council to file and serve a response to the Motion.

**I.**

**PRELIMINARY STATEMENT**

1. The Orange County Council is a local council chartered by the BSA and is a nonprofit California corporation with its headquarters located in Santa Ana, California.

2. The Orange County Council is not a debtor in these Chapter 11 cases, nor has the Orange County Council been a party to or had any material involvement in these cases. There is no abuse litigation pending against the Orange County Council. Nevertheless, at the request of the TCC, the Orange County Council voluntarily has produced to the Debtors information regarding the Orange County Council's financial affairs, such as a schedule setting forth the Orange County Council's real property assets, including its Restricted Assets.

3. At the request of the TCC, the Orange County Council has investigated, and continues to investigate, whether it has had any insurance policies that could provide coverage for any abuse claims.

4. In addition, the Orange County Council has executed and delivered that Acknowledgment and Agreement, pursuant to which the Orange County Council reported to BSA information regarding the Orange County Council's real property assets, including any sales of real properties by the Orange County Council for about the past six years, and the Orange County Council agreed to give advance notice of sales of certain real properties.

5. While the Orange County Council has demonstrated its willingness to cooperate with the Debtors and the TCC, and will consider participating in any reasonable settlement in the Debtors' cases which contemplates a fair contribution by local councils, the Orange County Council objects to the discovery requested by the TCC by the Motion. It will be demonstrated hereinbelow that the relief requested by the TCC by the Motion should be denied, in part,

because: (i) the Motion is procedurally defective in that the TCC made no effort to "meet and confer" with the Orange County Council prior to the TCC's filing the Motion, as required by Local Rule 2004-1; (ii) the Motion is procedurally defective in that the TCC cannot seek the relief requested by the Motion under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("FRBP"); (iii) the relief violates the "pending proceeding" rule in that the discovery requested by the TCC by the Motion is substantially similar to the discovery already addressed in the BSA's Adversary Proceeding (as defined hereinbelow); and (iv) the relief is premature as to the Orange County Council.

## II.

## THIS COURT SHOULD DENY THE RELIEF REQUESTED BY THE MOTION

6. Good cause exists to deny the relief requested by the TCC pursuant to the Motion.

### A. The TCC Failed to Meet and Confer with the Orange County Council Prior to Filing the Motion.

7. Local Rule 2004-1(a) provides as follows:

> <u>Conference Required</u>. **Prior to filing a motion for examination or for production of documents under Fed. R. Bankr. P. 2004**, counsel for the party seeking to examine any entity shall attempt to confer (in person or telephonically) with the proposed examinee or the examinee's counsel (if represented by counsel) to arrange for a mutually agreeable date, time, place and scope of an examination or production.

Local Rule 2001-1(a) (emphasis added).

8. The TCC failed to comply with Local Rule 2004-1(a) prior to the TCC's filing the Motion. There was <u>no</u> "meet and confer," as required by Local Rule 2001-1(a), and, accordingly, no discussion to narrow or resolve disputed issues raised by the Motion.

9. In light of the TCC's failure to comply with the requirements of Local Rule 2004-1(a), the Motion cannot be granted as to the Orange County Council.

### B. The TCC's Motion Is Procedurally Defective.

10. Rule 2004 of the FRBP provides that a subpoena is the only means to enforce an authorized examination of a non-debtor. See, Fed. R. Bankr. P. 2004(c) ("The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, **may be compelled as provided in Rule 9016** for the attendance of a witness at a hearing or trial.") (emphasis added). While Rule 2004(d) authorizes a bankruptcy court to compel a debtor's attendance at a Rule 2004 examination by court order without issuing a subpoena, it does not authorize a court to do so with respect to non-debtors. See, Fed. R. Bankr. P. 2004(d) (authorizing court to order a debtor, but not other parties-in-interest, to appear for a Rule 2004 examination without issuing a subpoena); 9 Collier on Bankruptcy ¶ 2004.02[1]-[2] (16th ed. 2020); In re Banco Santos, S.A., 2014 WL 5655025, at *6 (Bankr.S.D.Fla. 2014) (citing FRBP 2004(c) as "requiring subpoena under Bankruptcy Rule 9016, incorporating Rule 45, in order to compel attendance of a non-debtor"); In re Correra, 589 B.R. 76, 109 (Bankr.N.D.Tex. 2018) ("[P]ersonal jurisdiction over a non-debtor third party witness in a Rule 2004 context is properly established by serving a subpoena pursuant to under Rule 45.").

11. Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), which is incorporated by Rule 9016 of the FRBP, provides protections for targets of subpoenas.

   a. A subpoena may compel a target to appear or produce documents only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." See, Fed. R. Civ. P. 45(c)(1)(A); In re Watkins, 2010 WL 5420263, at *2 (Bankr.D.D.C. 2010) ("a court may quash or modify a subpoena if the subpoena … requires a person to travel more than 100 miles"); Bankruptcy Rule 9016

Comm. Note (1993) ("Although Rule 7004(d) authorizes nationwide service of process, Rule 45 F.R.Civ.P. limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place of trial or hearing.").  The Orange County Council is located in Santa Ana, California.  The TCC's seeking the issuance of a subpoena that compels the Orange County Council to comply in Delaware is improper.

    b. Rule 45 does not authorize a court to compel non-parties to answer interrogatories.  See, e.g., Taggart v. Wells Fargo Home Mortg., Inc., 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012) ("Further, interrogatories served on nonparties are nullity. Discovery of nonparties must be conducted by subpoena pursuant to FRCP 45."); Collins v. Experian Credit Reporting Service, 2006 WL 2850411, at *1 and fn. 1 (D.Conn. 2006) ("Rule 45 does not allow a party to serve interrogatories upon a non-party. The service of interrogatories is governed exclusively by Rule 33, which by its plain language permits a party to serve interrogatories only on other parties."). Accordingly, the Orange County Council cannot be compelled to answer the proposed interrogatories.

  12. By the Motion, the TCC requests that this Court disregard these Rule 45 protections that otherwise would be available for the Orange County Council.

  13. The order proposed by the TCC ("Proposed Order") provides for relief that is improper.[5]

---

[5] The proposed Order provides, in pertinent part, as follows:
 3. Each of the Examinees are directed to produce all documents and information responsive to the TCC's Discovery Requests and to deliver such documents and information to the attention of James E. O'Neill, at Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, PO Box 8705, Wilmington,

14. The Proposed Order would compel the Orange County Council to comply with a subpoena before it is afforded an opportunity to object to or to move to quash the subpoena. See, Proposed Order ¶ 3.

15. The Proposed Order would require the Orange County Council to comply with the subpoena in Delaware even though a subpoena can compel compliance only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." See, Proposed Order ¶ 3.

16. The Proposed Order would compel the Orange County Council to answer interrogatories which are not authorized by Rule 45. See, Proposed Order, ¶3.

17. The proposed Order would authorize this Court to resolve all discovery disputes. See, Proposed Order, ¶5. This provision is improper. Rule 45 governs a motion to quash a subpoena and requires that discovery disputes be resolved by the court "where compliance is required." Fed. R. Civ. P. 45(d)(3) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . ."). Thus, in the case of the Orange County Council, a motion to quash must be filed in the Central District of California, and not in this Court.

18. In addition, while the TCC must obtain an order pursuant to FRBP 2004 authorizing the issuance of a subpoena, the subpoena itself must be issued by the bankruptcy court in the district where the witness resides:

---

      DE 19801 within fourteen (14) days after entry of this order or at such other place and time as may be agreed upon the parties.

* * *

5. This Court retains jurisdiction to resolve any disputes arising under or related to this Order, including any discovery disputes that may arise between or among the parties, and to interpret, implement and enforce the provisions of this Order.

> A party wishing to conduct a Rule 2004 examination of a witness residing outside of the district where a bankruptcy case is pending must obtain an order granting the Rule 2004 motion from the U.S. bankruptcy court where the bankruptcy case was filed. See Hunter v. Hickman (In re Hickman), 151 B.R. 125, 128 (Bankr.N.D.Ohio 1993) ("Although a subpoena issued by the clerk under seal is sufficient to compel the attendance of witnesses under Rule 2004, it must be preceded by an order of court allowing the Rule 2004 Examination to commence."). **The movant then files a certified copy of the order in the U.S. bankruptcy court in the district where the witness resides and obtains a subpoena from the court compelling her attendance at a deposition and/or her production of documents in the district of her residence.**15 In re Texas International Co., 97 B.R. 582 (Bankr.C.D.Cal.1989); In re Mantolesky, 14 B.R. 973 (Bankr.D.Mass.1981). Cf. In re Sunridge Associates, 202 B.R. 761 (Bankr.E.D.Cal.1996) (debtor's application seeking to have Texas bank produce documents in California proposed improper location for production as beyond reach of court's subpoena).
>
> In re Symington, 209 B.R. 678, 690–91 (Bankr.D.Md. 1997) (emphasis added).

See also, In re Texas Intern. Co., 97 B.R. 582, 584–85 (Bankr.C.D.Cal. 1989) ("[T]he proper procedure … is to obtain the Rule 2004(c) Order in the district where the underlying bankruptcy case is pending, to file a certified copy of Rule 2004(c) Order in the district where the witness to be examined resides, and to obtain issuance of a subpoena from the United States Bankruptcy Court in the district where the witness resides, compelling the witness to attend the 2004(c) examination in the district where the witness resides."); In re Livingston, 1991 WL 11002457, at *1 (Bankr.S.D.Ga. 1991) ("The proper procedure for obtaining a bankruptcy examination of witnesses residing outside of the district is to obtain an examination order from the bankruptcy court in the district where the underlying case is pending, and with a certified copy of the order for examination secure a subpoena from the bankruptcy court in the district where the witness resides compelling the witness to attend an examination within 100 miles from the place where that witness resides, is employed, or transacts business in person, is served, or at such other place as agreed to by the parties and the witness.").

19. Thus, the Motion and the Proposed Order are procedurally defective and, accordingly, the Motion must be denied.

**C.      The Relief Requested by the Motion Should Be Denied Under the "Pending Proceeding" Rule.**

20.     On February 18, 2020, the BSA filed its Verified Complaint for Injunctive Relief (Adv. Pro. Dkt. No. 5), by which the BSA requested, in part, that the Court enter an order enjoining actions against local councils ("Adversary Proceeding").  On March 30, 2020, the Court entered its order (Adv. Pro. Dkt. No. 54) ("Injunctive Relief Order") providing that "any and all further proceedings in the Pending Abuse Actions, or other actions by the parties thereto in furtherance of their prosecution or defense, are hereby stayed, prohibited and enjoined." Pursuant to orders of this Court, such preliminary injunction has been extended through November 16, 2020.  As a "BSA Related Party" (as defined in the Injunctive Relief Order), the Orange County Council is entitled to the protections of the Injunctive Relief Order.

21.     By the Motion, the TCC seeks pursuant to Rule 2004 discovery regarding matters that are pending before this Court pursuant to the Adversary Proceeding.  The TCC's request for such discovery is improper under the "pending proceeding" rule.

22.     It is well established that, once an adversary proceeding or contested matter has been commenced, discovery can be taken <u>only</u> pursuant to the FRBP 7026 *et seq.*, and <u>not</u> pursuant to Rule 2004.  As stated by the court in <u>In re Sunedison, Inc.</u>, 572 B.R. 482, 490 (Bankr.S.D.N.Y. 2017):

> The Court denied [debtor's] request for Rule 2004 discovery from the bench based on the "pending proceeding" rule. Under the rule, "once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004," <u>In re Enron Corp.</u>, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); <u>In re Bennett Funding Group, Inc.</u>, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The well-recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 et seq., rather than by a Fed. R. Bankr. P. 2004 examination."), and the principle applies to pending state court litigation. See <u>Snyder v. Society Bank</u>, 181 B.R. 40, 42 (S.D. Tex. 1994) aff'd sub nom. <u>In re Snyder</u>, 52 F.3d 1067 (5th Cir. 1995). The pending proceeding rule is based on

the different safeguards that attend Rule 2004 and civil litigation discovery, and reflects a concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit. In re Glitnir banki hf., No. 08-14757 (SMB), 2011 WL 3652764, at *4 (Bankr. S.D.N.Y. Aug. 19, 2011); In re Wash. Mut., Inc., 408 B.R. 45, 51 (Bankr. D. Del. 2009); Enron Corp., 281 B.R. at 840–41; Bennett Funding Group, 203 B.R. at 29–30.

In re Sunedison, Inc., 572 B.R. 482, 490 (Bankr.S.D.N.Y. 2017).

See also, In re Washington Mutual, Inc., 408 B.R. 45, 50 (Bankr. D. Del. 200) (Rule 2004 examinations may be inappropriate where the party requesting the examination could benefit its pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee); In re 2435 Plainfield Ave., Inc., 223 B.R. 440, 456 (Bankr.D.N.J. 1998) ("[W]here a party seeks to depose another party or a witness on an issue which is the subject of a pending adversary proceeding, the examination cannot be conducted pursuant to Rule 2004, but must be conducted pursuant to the Federal Rules of Civil Procedure."); In re Countrywide Home Loans, Inc., 384 B.R. 373, 392 fn. 16 (Bankr.W.D.Pa. 2008) ("Some courts have found that when an adversary proceeding or a contested matter is pending that it is improper for one of the parties to use a Rule 2004 examination as a substitute for, or in addition to, the normal discovery provided by Fed.R.Civ.P. 26, et. seq. (incorporated into bankruptcy proceedings by Fed.R.Bankr.P. 7026–7036 and 9014(c)).").

23. By the Motion, the TCC seeks discovery that clearly is a subject of the pending Adversary Proceeding in that the TCC seeks discovery of information substantially similar to the information addressed in the Injunctive Relief Order. The Injunctive Relief Order provides that the TCC and the Official Unsecured Creditors' Committee ("Creditors' Committee") "have indicated their belief that achieving the purposes of the injunction sought by the Debtors' instant Complaint requires, *inter alia*, production of relevant information," including: (a) "financial and other information regarding each of the BSA Related Parties [which includes the Orange

County Council] … such as … lists of property and assets"; (b) "an insurance coverage chart … and other insurance information"; (c) "troop rosters"; and (d) "data regarding transfers of property between the Debtors and each of the BSA Related Parties and other Chartered Organizations." Injunctive Relief Order pp. 3-4.

24. The TCC, BSA, and the Creditors' Committee agreed to the issuance of the injunction pursuant to the Injunctive Relief Order, in part, in consideration for the BSA's agreeing to use its reasonable best efforts to produce the information requested by the TCC and the Creditors' Committee. If the TCC now asserts that the BSA has not complied with its commitment to attempt to produce information requested by the TCC -- and, in the case of the Orange County Council, any such assertion would be incorrect -- that dispute should be addressed pursuant to the Adversary Proceeding, and not pursuant to the Motion.

25. Since the TCC's discovery requests relate directly to the matters before the Court in the Adversary Proceeding, in accordance with the "pending proceeding" rule, the TCC may seek such discovery only pursuant to the Federal Rules of Civil Procedure, and not pursuant to Rule 2004.

**D.    The Discovery Sought from the Orange County Council is Premature.**

26. As demonstrated hereinabove, the Motion is procedurally defective and violates the pending proceeding rule. Even assuming, arguendo, that this Court were to decline to deny the Motion on such grounds, this Court should deny the Motion because it is premature as to the Orange County Council.

27. The Orange County Council has no material involvement in the Debtors' cases at this time.

    a.    The Orange County Council is <u>not</u> a debtor or otherwise a party in these Chapter 11 cases.

    b.    The Orange County Council has not filed a proof of claim in these cases.

    c.    The Orange County Council is not a party to the mediation in these cases.

    d.    There is <u>no</u> pending abuse litigation in which the Orange County Council is named as a defendant.

    e.    The Orange County Council has no assets in which BSA's estate has an interest. The Orange County Council strongly disputes strongly the TCC's unsupported allegation that BSA has a "reversionary" interest in the assets of the Orange County Council.

28.    The TCC's discovery directed toward the local councils relates to claims asserted by non-debtors against non-debtors. This matter is not a proper subject for discovery under Rule 2004. See, <u>In re J & R Trucking, Inc.</u>, 431 B.R. 818, 822–23 (Bankr.N.D.Ind. 2010) ("As for movants' desire to identify third parties who may also be liable to them, that, quite simply, is neither this court's concern nor the purpose of Rule 2004. No matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from, and whether those efforts would have any impact on the bankruptcy estate is of no real concern to them. Movants understandably want to their money, but that does not justify turning a tool that has been developed to efficiently administer bankruptcy estates into a private collection device for creditors. Movants have other tools and other fora which they can use to investigate their rights against third parties and to collect the amounts they are owed. They should use them

and not Rule 2004."); In re Millennium Lab Holdings II, LLC, 562 B.R. 614, 628 (Bankr.D.Del., 2016) (Following J & R Trucking: "An investigation into the existence of the Consenting Lenders' claims against non-debtor Third Parties does not fall within the scope or purpose of Rule 2004 as it is not an investigation into the 'property or to the liabilities and financial condition of the debtor,' and will not further the recovery and distribution of the Debtors' assets or otherwise assist with the administration of this case.").

29.  The TCC's argument that it should be permitted to pursue the requested discovery from the Orange County Council rests principally on its assumption that the Orange County Council and other local councils will participate in a possible "global resolution" of abuse claims to be effectuated by a consensual Chapter 11 plan in these cases.

30.  The Orange County Council acknowledges that the Debtors' Chapter 11 plan ("Plan") provides for a channeling injunction in favor of participating local councils. The mere including of a channeling injunction in the Plan, however, does not provide grounds for the discovery requested by the TCC.

    a.  The Debtors' Plan clearly is not complete and omits essential terms of the Plan, including, very importantly, the contribution proposed to be provided by local councils in exchange for the issuance of any channeling injunction and the "formula" or other means to determine each local council's contribution. The "Plan," therefore, constitutes little more than a draft framework for a plan, and, to date, no meaningful acts have been taken in furtherance of the confirmation of the Plan.

    b.  It is the Orange County Council's understanding and belief that mediation has not commenced and that no meaningful settlement negotiations have taken place

among the TCC, BSA, the participating insurance carriers and the Creditors' Committee.

c. The bar date has not passed, and, consequently, there is no means to determine the amount or merits of abuse claims that would be addressed in connection with any settlement to be effectuated by a plan.

31. The Orange County Council has made no determination at this time regarding whether it will elect to participate in the plan process and to seek the benefit of any channeling injunction provided by a plan. The Orange County Council cannot make any determination in this regard unless and until the terms of any settlement become more clear and the Orange County Council has received adequate information regarding the amount and validity of abuse claims, the contributions to be made by parties-in-interest and any contribution to be requested from the Orange County Council. Without such information, the Orange County Council cannot make an informed decision regarding the merits of any "global resolution" to be effectuated by a plan.

32. Unless and until the Orange County Council <u>elects</u> to become a participant in a settlement in these cases, <u>no</u> grounds exist to require the Orange County Council to provide the discovery requested by the TCC.

33. Accordingly, the relief requested by the TCC is premature. The TCC's request for relief should be deferred until such time as (i) the Debtors pursue actively confirmation of a plan seeking a channeling injunction in favor of local councils, and (ii) the Orange County Council elects to participate in the settlement provided by such a plan. Indeed, since the TCC's principal argument in support of its proposed discovery -- the possibility of the issuance of a channeling injunction in favor of participating local councils -- contemplates a settlement in

which a local council <u>elects</u> to participate, there is <u>no</u> need to <u>impose</u> the discovery upon the Orange County Council or other local councils.  If the Orange County Council elects to participate in any settlement, it presumably will need to provide reasonable discovery requested by the TCC.  On the other hand, if the Orange County Council declines to participate in any settlement, there is no basis for the TCC to compel the Orange County Council to provide the requested discovery.

34.    This Court has discretion whether to permit proposed discovery.  Fed. R. Bankr. P. 2004(a) ("On motion of any party in interest, the court **may** order the examination of any entity.") (emphasis added); <u>In re Millennium Lab Holdings II, LLC</u>, 562 B.R. 614, 626 (Bankr. D.Del 2016).

35.    A party seeking discovery under Rule 2004 "has the burden of showing good cause for the [discovery] it seeks." <u>Millennium Lab Holdings</u>, 562 B.R. at 627 ("An investigation into the existence of . . . claims against non-debtor [t]hird [p]arties does not fall within the scope or purpose of Rule 2004 as it is not an investigation into the 'property or to the liabilities and financial condition of the debtor[.]'" <u>Id.</u> At 628 (quoting Fed. R. Bankr. P. 2004(b).

36.    Based upon the foregoing, this Court should exercise its discretion and deny the relief requested by the TCC as to the Orange County Council.  The discovery requested by the TCC is not relevant at this time to any matter relating to the "acts, conduct, or property or to the liabilities and financial condition" of the Debtors or to "any matter which may affect the administration" of the Debtors' estates.[6]

---

[6] The Orange County Council reserves its right to object to, or seek any relief as to, any subpoena that this Court may authorize the TTC to issue to the Orange County Council.

## III.

## CONCLUSION

37. For the reasons set forth herein, the Orange County Council respectfully requests that this Court deny all relief requested by the Motion as to the Orange County Council and grant to the Orange County Council such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**WINTHROP GOLUBOW HOLLANDER, LLP**

/s/ Robert E. Opera
Robert E. Opera
Counsel for the Orange County Council of the Boy Scouts of America
Robert E. Opera (CA Bar No. 101182)
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile : (949) 720-4111
Email: ropera@wghlawyers.com