## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**Objection Deadline: October 9, 2020 at 4:00 p.m. (ET)**
**Hearing Date: October 14, 2020 at 10:00 a.m. (ET)**

**OBJECTION OF THE TORT CLAIMANTS' COMMITTEE TO MOTION
FOR ORDER PERMITTING FILING OF PROOF OF CLAIM FORMS SIGNED
BY AUTHORIZED COUNSEL IN ACCORDANCE WITH BANKRUPTCY CODE
SECTIONS 501 AND 502, BANKRUPTCY RULE 3001, AND OFFICIAL FORM 410**

The official committee of survivors of childhood sexual abuse (the "**Tort Claimants'**

**Committee**") hereby files this objection to the *Motion for Order Permitting Filing of Proof of*

*Claim Forms Signed by Authorized Counsel in Accordance with Bankruptcy Code Sections 501*

*and 5012, Bankruptcy Rule 3001, and Official Form 401*[Docket No. 1388] (the "**Motion**").[2] In

support of the Response, the Tort Claimants' Committee respectfully represents as follows:

## I

## INTRODUCTION

1.      The Bar Date Order and, in particular, the Sexual Abuse Survivor Proof

of Claim Form were the subject of extensive negotiations between the Tort Claimants'

Committee and the Debtors over the course of approximately two months. The issues that were

not resolved consensually were adjudicated by the Court after a lengthy evidentiary hearing

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  The Tort Claimants' Committee's Response should not be construed as consent to the Movant's participation in the Debtors' cases or the mediation. The Tort Claimants' Committee reserves all rights regarding Movant's standing with respect to the Motion and the other matters pending before the Court including, but not limited to [Docket Nos. 1144 and 1161] and any amendments thereto.

where certain of the Debtors' insurers contested numerous issues and ultimately appealed the

Bar Date Order. During the negotiation process, the Tort Claimants' Committee formed a

subcommittee of its members, their counsel, and bankruptcy counsel to negotiate with the

Debtors and their advisors and work through the issues raised by the Bar Date Motion.

2.      At least two of the law firms that are movants herein participated on the

subcommittee that negotiated the form of the Bar Date Order and Sexual Abuse Survivor Proof

of Claim Form. The subcommittee presented all of the issues and disputes to the Tort Claimants

Committee as a whole and the recommendations were approved by the Tort Claimants

Committee and its members' individual counsel, which included the movants.

3.      While the Motion is not styled as relief under Rule 60(b) of the Federal

Rules of Civil Procedures, the relief requested can only be characterized as such a request. In

that context, the movant has not satisfied any of the six elements under Rule 60(b) and does not

appear to have made any effort to address the standard. It has been over four months since the

Bar Date Order was entered and there are only a few weeks until the claim submission deadline

expires. At this stage, it would not be prudent to change a process that has been working fine to

date given that thousands of claims that have been filed without the needing a claimant's

counsel to execute the form.

4.      In light of the Tort Claimants' Committee's extensive participation in the

negotiation and adjudication of the Bar Date Order and Sexual Abuse Survivor Proof of Claim

Form and the agreement reached with the Debtors over the many issues that took months to

resolve, the Bar Date Order and Sexual Abuse Survivor Proof of Claim Form should not be

revised to permit attorneys to executed the claim form in lieu of their clients, especially when

the movants have already filed thousands of claims that were executed by their clients.

## II.

## BACKGROUND

**A.    The Formation Tort Claimants' Committee**

5.    On March 5, 2020, the Office of the United States Trustee ("**UST**")
appointed the Tort Claimants' Committee, which consists of nine Survivors of childhood sexual
abuse (the "**TCC Members**"). The UST interviewed approximately fifty Survivors and selected
the nine men to serve on the Tort Claimants' Committee as fiduciaries for all abuse Survivors.

6.    The TCC Members each have personal counsel ("**State Court Counsel**").
The Tort Claimants' Committee's bankruptcy counsel meets regularly with the TCC Members
and State Court Counsel and also separately with State Court Counsel regarding strategic issues
in the Debtors' chapter 11 cases.

7.    At the time the Tort Claimants' Committee was formed, the TCC
Members' State Court Counsel consisted of approximately fourteen law firms. No single State
Court Counsel represented more than one TCC Member and in certain instances more than one
State Court Counsel jointly represented a single TCC Member.

**B.    The Motion and its Movant(s)**

8.    The Motion reflects that it was filed on behalf of the "Coalition of Abused
Scouts for Justice." In prior filings by the Movants, Brown Rudnick was directed by the
following six law firms:  (i) Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., (ii)
Kosnoff Law PLLC, (iii) AVA Law Group, Inc., (iv) Andrews & Thornton, (v) ASK LLP, and
(vi) Slater Slater Schulman, LLP (collectively, the "**Law Firms**"), as reflected on the Amended
Verified 2019 Statement. See [Docket No. 1106, footnote 2]. However, now, Brown Rudnick
claims that it is being directed by four of the six Law Firms even though two of the Law Firms

not referenced in the Motion continue to co-represent thousands of the same clients. *See* Motion at ¶14.

9.      Through approximately the end of July 2020, the Law Firms were among State Court Counsel that met regularly with the Tort Claimants' Committee and its bankruptcy counsel. The Law Firms represented two of the TCC Members. The Law Firms regularly attended and participated in the strategy meetings described above and signed off on the Bar Date Order and the Sexual Abuse Survivor Proof of Claim.

**C.**      **Bar Date Motion and Bar Date Order**

10.      On February 18, 2020, the Debtors filed the motion seeking an order setting deadlines to file proofs of claim and approving the form of notices and the proof of claim [Docket No. 18] (the "**Bar Date Motion**"). The Debtors did not seek immediate relief from the Court. Instead, the Debtors waited until after the UST appointed the Tort Claimants' Committee and engaged professionals. In late March 2020, the Debtors and Tort Claimants' Committee commenced discussions and negotiations over the Bar Date Motion. The discussions and negotiations were extensive.

11.      The Tort Claimants' Committee formed a subcommittee made up of a few TCC Members and a subset of State Court Counsel who each worked with the Tort Claimants' Committee's bankruptcy counsel and the Debtors to negotiate a consensual form of order and formulate a special proof of claim form (the "**Sexual Abuse Survivor Proof of Claim Form**"). The Tort Claimants' Committee determined that it would be more efficient to form a subcommittee to work through any issues and report back to the entire Tort Claimants' Committee and State Court Counsel rather than having all nine TCC Members and the fourteen State Court Counsel try to work through the sensitive and substantive issues raised by the Bar Date Motion.

12.     To that end, the subcommittee worked with the Tort Claimants'
Committee's bankruptcy counsel and the Debtors' advisors for approximately two months
regarding:  (a) the length of the claims filing period; (b) the Sexual Abuse Survivor Proof of
Claim Form; (c) the form of notice of the claims deadline and related media materials, and (d)
the form of the order approving the Bar Date Motion. Certain TCC Members themselves spent
several days reviewing and revising the Sexual Abuse Survivor Proof of Claim Form. As
fiduciaries for the entire Survivor constituency, it was important to the TCC Members that the
Sexual Abuse Survivor Proof of Claim Form would be easy to read and could be completed by
Survivors whether or not they elected to retain counsel.

13.     In the end, the Sexual Abuse Survivor Proof of Claim Form is
approximately twelve pages and includes six parts that collectively contain dozens of questions
about the Survivors and the abuse. No single item in the Sexual Abuse Survivor Proof of Claim
Form was taken for granted. From the top to the bottom, each line was revised with great care
and detail for the purpose of collecting sufficient information regarding Survivors' claims.

14.     During this time, the subcommittee kept the entire Tort Claimants'
Committee and all State Court Counsel (including the Law Firms) apprised of the progress with
the Debtors. Over the course of two months, the subcommittee received input from the other
TCC Members and State Court Counsel (including at least two of the Law Firms). In the end,
each TCC Member and their respective State Court Counsel (including all of the Law Firms)
signed-off on the subcommittee's recommendations.

15.     The Tort Claimants' Committee and the Debtors resolved most of their
disagreements regarding the final form of order and Sexual Abuse Survivor Proof of Claim
Form and the other relief requested by the Bar Date Motion. The Court adjudicated the

remaining disputed issues between them and certain of the Debtors' insurers. Subsequently, on

May 26, 2020, the Court entered the *Order, Pursuant to 11 U.S.C. § 502(B)(9), Bankruptcy*

*Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, (I) Establishing*

*Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof,*

*(III) Approving Procedures for Providing Notice of Bar Date and Other Important Information*

*to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [Docket

No. 695] (the "**Bar Date Order**").

## III

### SURVIVORS ALONE SHOULD BE REQUIRED TO EXECUTE PROOFS OF CLAIM AS A MEANS TO HELP ENSURE THE STATEMENTS AND REPRESENTATIONS ARE ACCURATE

16.     As noted above, the Sexual Abuse Survivor Proof of Claim Form, the Bar

Date Order, and the related notices and marketing materials were heavily negotiated with

painstaking detail between the Tort Claimants' Committee and the Debtors. During this process,

the Debtors and the Tort Claimants' Committee were aware (and that includes the Law Firms)

that the Sexual Abuse Survivor Proof of Claim Form did not permit attorneys to sign the form

on behalf of the claimant (as permitted by Official Form 410). The Tort Claimants' Committee

and the Debtors ultimately agreed that it was important to require claimants to execute the form

to ensure that each claimant (and not only counsel) stands-by the statements and representations

being made in the Sexual Abuse Survivor Proof of Claim Form. Short of the time consuming

process of reconciling each claim, execution by each Survivor is the best way to achieve that

goal.

17.     In Paragraphs 15-22 of the Motion, the Movant describes the factual

information necessary to complete the Sexual Abuse Survivor Proof of Claim Form and the

amount of time it takes to collect this information from Survivors (both of which are extensive).

However, the time consuming process of collecting factual data from a Survivor does not translate into a justification that a Survivor's attorney should be permitted to execute the Sexual Abuse Survivor Proof of Claim Form. There is no correlation between the time it takes to complete a form and the need to have a claimant's attorney execute the form in lieu of the Survivor. Regardless of who executes the claim form, the Survivor still must provide the information requested.

18.     If the Law Firms are having problems with their clients executing Sexual Abuse Survivor Proof of Claim Form the remedy is not permitting counsel to execute but to ensure that the claim form execution process is easier. On this point, counsel to the Tort Claimants' Committee has been asked to clarify that the "signing" requirement under the Bar Date Order is satisfied by an electronically executed Sexual Abuse Survivor Proof of Claim Form.

19.     The Tort Claimants' Committee filed the *Motion to Supplement the Claims Bar Date Order Regarding the Electronic Execution of Abuse Proofs of Claims* [Docket No. 1387] (the "**E-Signature Motion**"). Both the Bar Date Order and the Sexual Abuse Survivor Proof of Claim Form do not define what it means for a Survivor to "sign" the form. Hundreds, if not thousands, Sexual Abuse Survivor Proof of Claim Forms already have been executed and filed using an electronic signature program such as "Docusign." The electronic signature programs enable counsel to send documents in a secure fashion to clients and have them execute the document by creating or adopting an electronic signature (the programs also have other safeguarding features that only allow the executing party to alter or change the document being electronically executed). The electronic signature program is <u>not</u> burdensome. It

does not require the Survivor to travel to his counsel's office, mail anything at the post office, or leave his home.

20.     At least one of the Law Firms have already filed over a thousand claims that were executed using an electronic signature program, which demonstrates that execution of the Sexual Abuse Survivor Proof of Claim Form by counsel is unnecessary.

21.     As set forth in the background section above, the Law Firms were part of the State Court Counsel that regularly met with Tort Claimants' Committee and its advisors. Those meetings included discussion regarding the extensive negotiations over the final Sexual Abuse Survivor Proof of Claim Form. At least two of the Law Firms participated in the subcommittee formed by the Tort Claimants' Committee and provided changes and comments to the Sexual Abuse Survivor Proof of Claim Form.

22.     The subcommittee kept the entire Tort Claimants' Committee, State Court Counsel, including the Law Firms, apprised of the issues, the progress made, and made recommendations that were adopted by all.  Given the Law Firms' involvement in the formulation of the Sexual Abuse Survivor Proof of Claim Form and the agreements reached between the Tort Claimants' Committee and the Debtors, Movant should not be permitted to make material changes that were already agreed upon over four months ago and a few weeks before the deadline to file claims.

### III

### **RESERVATION OF RIGHTS**

The Tort Claimants' Committee reserves all rights with respect to the foregoing and reserves the right to raise any other and additional objections prior to or at the hearing on the Motion.

## IV

## CONCLUSION

For all of the foregoing reasons, the Tort Claimants' Committee respectfully requests

that the Court deny Motion in all respects.

Date: October 9, 2020

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS**

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
John A. Morris (NY Bar No. 2405397)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: jstang@pszjlaw.com
        jmorris@pszjlaw.com
        joneill@pszjlaw.com
        jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*