# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**Objection Deadline: October 23, 2020 at 4:00 p.m. (ET)**
**Hearing Date: November 18, 2020 at 10:00 a.m. (ET)**

**APPLICATION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO SECTIONS 328(a) AND 1103 OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN KEEN-SUMMIT CAPITAL PARTNERS LLC AS REAL ESTATE ADVISOR, EFFECTIVE AS OF OCTOBER 9, 2020**

The Official Committee of Tort Claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC") appointed in the above-captioned cases (the "Cases") hereby submits this application (the "Application") seeking entry of an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the TCC to retain and employ Keen-Summit Capital Partners LLC ("Keen" or the "Firm") as real estate advisor effective as of October 9, 2020. In support of the Application, the TCC relies on (i) the *Declaration of Harold Bordwin in Support of Application of the Official Tort Claimants'*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Committee Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Keen-Summit Capital Partners LLC as Real Estate Advisor, Effective as of October 9, 2020* (the "Bordwin Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference, and (ii) the Declaration of the Committee Chair, attached hereto as **Exhibit B** and incorporated herein by reference.  In further support of this Application, the TCC respectfully states the following:

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the TCC confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4.     On February 18, 2020 (the "Petition Date"), the Debtors commenced these Cases by filing voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5.     On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed the TCC consisting of nine survivors of childhood sexual abuse.

6.     As discussed in the First Day Declaration [Docket No. 16] and the Informational Brief [Docket No. 4] filed by the Debtors on the Petition Date, Debtor Boy Scouts of America ("BSA") is a defendant in numerous lawsuits related to historical acts of sexual abuse in its programs. The Debtors have stated that, as of the Petition Date, there were approximately 275 pending civil actions asserting personal injury claims against the BSA (as well as certain local councils and chartered organizations) related to abuse suffered by a Scout at the hands of a Scouting leader, volunteer, or another member of the BSA. To date, more than 2,000 sexual abuse claims have been filed and the TCC believes that over 15,000 sex abuse claims will be filed.

7.     Non-debtor Boy Scout Local Councils ("Councils") and the Debtors own or rent approximately 1,300 separate real properties including camps, Service Centers, and Scout Shops (the "Real Property"). In order to resolve these bankruptcy Cases, the Councils may contribute financially with funds derived from a sale or other alienation of at least some of the

3

Real Property. The TCC requires an experienced real estate advisor to assist in estimating the value of certain of this Real Property.

### **Keen's Qualifications**

8.  Keen is a real estate advisory firm specializing in providing, among other things, real estate brokerage, workout and investment banking services in special situations, restructurings, bankruptcies, and receiverships. Since 1982, Keen has acted as a fiduciary to debtors and their creditors in Chapter 11.  The project lead in this engagement is Harold Bordwin, a principal and co-Managing Director of Keen, who focuses on developing and implementing strategic real estate and corporate finance plans for his clients, including real estate analyses and dispositions.

9.  In order to keep costs to a minimum and to optimize the most relevant information, the TCC has asked Keen to prepare a valuation analysis (which hereinafter shall be referred to as a Broker's Opinion of Value ("BOV")) of certain Real Property.  These BOVs will be completed on a desk-top basis, meaning that Keen will not conduct site inspections.  These valuations will not constitute an appraisal; will not be signed by an MAI (Master, Appraisal Institute); and will not conform to the Uniform Standards of Professional Appraisal Practice (USPAP) or any applicable state standards.  In the first tranche, the TCC has requested that over the coming weeks, Keen focus on preparing BOVs of thirteen (13) pieces of Real Property located in New York and in Alpine, New Jersey.

10.  Under this proposed retention, Keen will charge a flat of $1,300 for each BOV that it produces. See Bordwin Declaration, Exhibit 1 at Schedule A (noting that Ten Mile

4

River Scout camp will be counted as three locations for a fee of $3,900). Keen will also seek reimbursement of actual, necessary expenses and other charges including research charges, and courier and overnight delivery charges.  With respect to the 13 BOVs which are the subject of this retention, Keen shall be authorized, without further Order of this Court, to pay a portion of its fee to third party real estate professionals in order to get their local market insights and data. Keen does not expect to incur travel expenses at this point in time. However, if the retention expands and/or requires site visits to Real Property, the TCC will amend this Application. In addition, at this time, the TCC does not expect Keen to provide witness testimony regarding the work it will perform but should that change, the TCC will amend this Application.  Nevertheless, if Keen is subpoenaed or otherwise subject to discovery, Keen shall be entitled to bill at its standard hourly rates for its time spend responding to discovery requests. Those standard hourly rates are as follows: (a) $850 per hour for a managing director; (b) $750 per hour for a director; (c) $650 per hour for a vice president; and (d) $450 per hour for associates.

11.     In order to streamline this process and prevent duplication of work, Mr. Bordwin at Keen will serve as the single point of contact on this retention and will coordinate the Keen team to oversee scheduling, consistency of methodology, and reporting to TCC. For these reasons, TCC believes that Keen is well-qualified to render the services described in this Application.

### Relief Requested

12.     By this Application, the TCC respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, pursuant to sections 328(a) and

1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the TCC to employ and retain Keen as its real estate advisor in these Cases. The TCC seeks to retain Keen effective as of October 9, 2020 because Keen began providing services to the TCC as of that date. The TCC believes that such retention is appropriate in these Cases because the TCC required effective representation prior to such time as the Court could hear TCC's Application to retain Keen.

## Basis for Relief

13. Bankruptcy Code section 1103(a) provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a). Bankruptcy Code section 328(a) provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a **fixed** or percentage **fee basis**, or on a contingent fee basis (emphasis added).

11 U.S.C. § 328(a).

14. For the reasons set forth herein, the TCC believes that the employment of Keen is necessary and appropriate in these cases to protect the interests of the unsecured tort claimant creditors.

6

**Services to be Rendered**

15.     Subject to further order of this Court, Keen is expected to render, among other services, the following services to the Tort Claimants' Committee: BOVs of certain Real Property which the Councils and/or Debtors own or rent throughout the United States, including, but not limited to, camps, Service Centers, and Scout Shops.

**No Adverse Interest and Disclosure of Connections**

16.     The TCC believes that Keen does not hold or represent any interest that is adverse to the TCC and the Debtors' estates, and does not hold or represent any interest adverse to and has no connection with the TCC, the Debtors, their creditors or any party in interest herein in the matters upon which Keen is to be retained, except as set forth in the Bordwin Declaration. Therefore, to the best of the TCC's knowledge, Keen is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.  The TCC submits that its proposed employment of Keen is in the best interests of the TCC and its members.

**Professional Compensation**

17.     Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to Keen on a basis of $1,300 per Real Property for which Keen prepares a BOV of Real Property. Keen will charge the TCC for expenses in a manner and at rates consistent with the guidelines set forth in Local Rule 2016-1, and all amendments and standing orders of the Court.

DOCS_LA:332902.4 85353/002

18.  To the extent Keen may seek compensation on a fixed fee basis, it will seek judicial review of its compensation pursuant to the standards of section 328(a) of the Bankruptcy Code and no other standard.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

19.  In accordance with the United States Trustee Guidelines, Keen shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Keen also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications Keen will file in these Cases. To the extent Keen may seek compensation on a fixed fee basis, it will seek judicial review of its compensation pursuant to the standards of section 328(a) of the Bankruptcy Code and no other standard.

20.  The TCC understands it is Keen's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, Keen reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in these Cases that falls within the ambit of the U.S. Trustee Guidelines.

21.  To the contrary notwithstanding, insofar as Keen is being compensated on a fixed fee basis, there shall be no requirement that Keen maintain time records related or

pertaining to its services hereunder, except if and to the extent that it becomes subject to a subpoena or other discovery request, in which event it maintain time records and shall be entitled to bill by the tenth of an hour for its time spent responding to such subpoena or discovery request.

## Notice

22. Notice of this Application has been given to the U.S. Trustee, counsel to the Debtors, and all parties that filed a notice of appearance in these Cases as of the date hereof. In light of the nature of the relief requested herein, the TCC submits that no other or further notice is required.

## No Prior Request

23. No prior application for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

WHEREFORE, the Official Tort Claimants' Committee requests that this Court enter an order in these Cases substantially in the form attached hereto as **Exhibit C** approving the employment of Keen-Summit Capital Partners LLC as real estate advisor for the Official Tort Claimants' Committee, effective as of October 9, 2020, and granting such other and further relief as is just and proper.

Dated: October 9, 2020

THE OFFICIAL TORT CLAIMANTS'
COMMITTEE OF THE BOY SCOUTS OF
AMERICA AND DELAWARE BSA, LLC

By: _____
Name: John Humphrey

Solely in his capacity as Chair of the Official Tort Claimants' Committee of the Boy Scouts of America and Delaware BSA, LLC