# **EXHIBIT B**

# **COMMITTEE CHAIR DECLARATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**DECLARATION OF JOHN HUMPHREY, COMMITTEE CHAIR,
IN SUPPORT OF APPLICATION OF THE OFFICIAL TORT CLAIMANTS'
COMMITTEE PURSUANT TO SECTIONS 328(a) AND 1103 OF THE BANKRUPTCY
CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
KEEN-SUMMIT CAPITAL PARTNERS LLC AS REAL ESTATE ADVISOR,
EFFECTIVE OCTOBER 9, 2020**

John Humphrey, as Committee Chair, declares under penalty of perjury as follows:

　　　　1.　　I am a member of the Official Tort Claimants' Committee (the "TCC") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively the "Debtors"). I have been selected as the Chair of the TCC and am authorized to submit this declaration (the "Declaration") in support of the *Application of the Official Tort Claimants' Committee Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Keen-Summit Partners LLC as Real Estate Advisor Effective as of October 9, 2020* (the "Application").[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

DOCS_LA:332902.4 85353/002

2.   On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed the TCC consisting of nine survivors of childhood sexual abuse.

3.   On or about September 20, 2020, the TCC voted to retain Keen-Summit Capital Partners LLC ("Keen" or the "Firm") as its real estate advisor, subject to Court approval.

**The Committee's Selection of Keen as Real Estate Advisor**

4.   The TCC understands that the non-debtor Boy Scout Local Councils ("Councils") and the Debtor own or rent approximately 1,300 separate real properties including camps, Service Centers, and Scout Shops (the "Real Property"). In order to resolve these bankruptcy Cases, the Councils may contribute financially with funds derived from a sale or other alienation of at least some of the Real Property. The TCC requires experienced real estate advisor to assist in estimating the value of certain of this Real Property.

5.   In order to keep costs to a minimum and to optimize the most relevant information, the TCC has asked Keen to prepare a valuation analysis (which hereinafter shall be referred to as a Broker's Opinion of Value ("BOV")) of certain Real Property. These BOVs will be completed on a desk-top basis, meaning that Keen will not conduct site inspections. These valuations will not constitute an appraisal; will not be signed by an MAI (Master, Appraisal Institute); and will not conform to the Uniform Standards of Professional Appraisal Practice (USPAP) or any applicable state standards. In the first tranche, the TCC has requested that over the coming weeks, Keen focus on preparing BOVs of thirteen (13) pieces of Real Property located in New York and in Alpine, New Jersey.

**Rate Structure**

6. In my capacity as Committee Chair, I am responsible, along with the other committee members of the TCC, for supervising the TCC's professionals. Under this proposed retention, Keen will charge a flat of $1,300 for each BOV that it produces. Keen will also seek reimbursement of actual, necessary expenses and other charges including research charges, and courier and overnight delivery charges. With respect to the 13 BOVs which are the subject of this retention, Keen seeks authorization, without further Order of this Court, to pay a portion of its fee to third party real estate professionals in order to get their local market insights and data. Keen does not expect to incur travel expenses at this point in time. However, if the retention expands and/or requires site visits to Real Property, the TCC will amend this Application. The TCC also does not expect Keen to provide witness testimony regarding the work it will perform but should that change, the TCC will amend this Application.

7. If Keen is subpoenaed or otherwise subject to discovery, Keen seeks to bill at its standard hourly rates for its time spend responding to discovery requests. Those standard hourly rates are as follows: (a) $850 per hour for a managing director; (b) $750 per hour for a director; (c) $650 per hour for a vice president; and (d) $450 per hour for associates.

Cost Supervision

8. The TCC will approve any prospective budget and staffing plan, recognizing that, in the course of large chapter 11 Cases like these, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the TCC and Keen. The members of the TCC further recognize that it is their responsibility to monitor closely

3

the billing practices of their professionals to ensure the fees and expenses paid by the estates remain consistent with the TCC's expectations and the exigencies of the cases. The TCC will continue to review the invoices that Keen regularly submits, and, together with Keen, periodically amend any budget and staffing plans, as the case develops.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 9th, 2020

THE OFFICIAL TORT CLAIMANTS'
COMMITTEE OF THE BOY SCOUTS OF
AMERICA AND DELAWARE BSA, LLC

By: _____
Name: John Humphrey

Solely in his capacity as Chair of the Official Tort Claimants' Committee of the Boy Scouts of America and Delaware BSA, LLC