IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Dockets No. 1379 |

**CERTIFICATION OF COUNSEL REGARDING STIPULATION REGARDING
MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO
BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 FOR AN ORDER
AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR
<u>DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS</u>**

The undersigned counsel to the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.  On September 29, 2020, the official committee of tort claimants (the "Tort Claimants' Committee") filed the *Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils* [Docket No. 1379] (the "Rule 2004 Motion"). The Rule 2004 Motion requests entry of an order authorizing the Tort Claimants' Committee to issue subpoenas to the Boy Scouts of America (the "BSA"), the non-profit corporation that is a debtor and debtor in possession in the above-captioned chapter 11 cases, and 47 local councils, including the eight members of the Ad Hoc Committee of Local

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Councils of the Boy Scouts of America (the "Ad Hoc Committee," and together with the BSA and the 47 local councils, the "Examinees").[2]

2. Pursuant to the notice of the Rule 2004 Motion, the deadline for any objections to the Rule 2004 Motion was October 7, 2020, at 4:00 p.m. (ET) (the "Objection Deadline"), and the Rule 2004 Motion was set for hearing on October 14, 2020, at 10:00 a.m. (ET).

3. After the filing of the Rule 2004 Motion, the Tort Claimants' Committee, the BSA, and the Ad Hoc Committee have engaged in good-faith negotiations regarding the Rule 2004 Motion. To facilitate such negotiations, the Tort Claimants' Committee extended the Objection Deadline for the Debtors and the Ad Hoc Committee to October 11, 2020, at 11:59 p.m. (ET).

4. On October 11, 2020, the BSA, the Tort Claimants' Committee, the Ad Hoc Committee (collectively, the "Parties") entered into that certain *Stipulation Regarding Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils* (the "Stipulation").[3]

5. Pursuant to the Stipulation,[4] the BSA shall use its best efforts to (a) conduct a reasonable search produce Documents that respond to Request Nos. 1 through 5 and that are within the BSA's possession, custody, or control, and (b) answer Interrogatories 1 and 2. Such

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rule 2004 Motion and the exhibits appended thereto.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

[4] In the instance of any conflict between this certification of counsel and the terms or conditions of the Stipulation, the Stipulation shall control.

production shall be made on a rolling basis and is to be completed on or before November 16, 2020.

6.  Further pursuant to the Stipulation, each member of the Ad Hoc Committee shall, among other things, use its best efforts to conduct a reasonable search for evidence of potentially applicable insurance coverage and complete the Local Council Asset Chart, with such documents and information to be produced and made available to the Parties on or before November 16, 2020. Furthermore, the Ad Hoc Committee will provide to the Parties copies of the written confirmation that each member of the Ad Hoc Committee agrees to the terms of Stipulation before October 14, 2020.

7.  Additionally, the Parties agree to engage in further good-faith discussions regarding the terms of an extension of the Termination Date of the Standstill Period (as defined in the Consent Order) under the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. No. 20*50527 (LSS) [Adv. Docket Nos. 54, 77] (the "Consent Order").

8.  The Parties also agree to certain conditions to the consensual extension of the Termination Date relating to all local councils' obligations to conduct a reasonable search for evidence of potentially applicable insurance coverage and complete the Local Council Asset Chart, which conditions are subject to definitive documentation in connection with an extension of the Termination Date to be executed on or before October 22, 2020.

9.  The Parties also agree that the Rule 2004 Motion shall be adjourned to (a) October 23, 2020, or as soon thereafter as counsel may be heard, if the Parties do not reach a consensual extension of the Termination Date by October 22, 2020, or (b) if a consensual extension of the Termination Date is reached by October 22, 2020, the omnibus hearing

scheduled for November 18, 2020 at 10:00 a.m. (ET), with respect to any Non-Compliant Examinees. However, the Rule 2004 Motion shall go forward on October 14, 2020, solely with respect to Rosters.

10. The Parties have reviewed the Stipulation and do not object to entry of an order (the "Proposed Order") approving the terms and condition of the Stipulation.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A**, approving the Stipulation, attached thereto as **Exhibit 1**.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: October 11, 2020<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>            aremming@mnat.com<br>            emoats@mnat.com<br>            ptopper@mnat.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. K. Boelter (*pro hac vice* pending)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.boelter@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (*pro hac vice* pending)<br>Matthew E. Linder (*pro hac vice* pending)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (212) 881-5400<br>Email: mandolina@whitecase.com<br>            mlinder@whitecase.com<br><br>*Counsel and Proposed Co-Counsel for the Debtors and Debtors in Possession* |