## **Exhibit A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[5]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

### ORDER APPROVING STIPULATION REGARDING MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS

This Court having considered the *Stipulation Regarding Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils*, a copy of which is attached hereto **Exhibit 1**, and upon the record of this case and due deliberation thereon, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Stipulation is approved, and the terms and conditions of the Stipulation are incorporated in this Order as if fully set forth herein.

2. The Parties are authorized to take all actions necessary or desirable to effectuate the relief granted pursuant to, and in accordance with, this Order and the Stipulation.

3. The terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon entry of this Order.

---

[5] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

4.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order and/or the Stipulation.

Dated: _____, 2020
  Wilmington, Delaware

_____
THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 1379** |

**STIPULATION REGARDING MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS**

The Boy Scouts of America (the "BSA"), the non-profit corporation that is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), the official committee of tort claimants (the "Tort Claimants' Committee"), the Ad Hoc Committee of Local Councils of the Boy Scouts of America (the "Ad Hoc Committee" and, collectively with the BSA and the Tort Claimants' Committee, the "Parties") hereby stipulate and agree as follows (this "Stipulation").

WHEREAS, on September 29, 2020, the Tort Claimants' Committee filed the *Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils* [Docket No. 1379] (the "Rule 2004 Motion"). The Rule 2004 Motion requests entry of an order authorizing the Tort Claimants' Committee to issue subpoenas to the BSA and 47 local councils, including members of the Ad Hoc Committee (collectively, the "Examinees").[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rule 2004 Motion and the exhibits appended thereto.

WHEREAS, the subpoenas that are the subject of the Rule 2004 Motion would require the Examinees to produce certain information regarding Restricted Assets, Rosters, and Insurance Policies.

WHEREAS, on October 6, 2020, the Ad Hoc Committee sent a letter to each local council seeking information about local council insurance and additional information about local councils' properties and restricted assets (the "October 6 Letter"). A true and correct copy of the October 6 Letter is attached hereto as **Exhibit 1**. The October 6 Letter requested that local councils collect evidence of historical insurance policies and other evidence of insurance. The Ad Hoc Committee also distributed to local councils a fillable chart focused on collecting information regarding local council properties and restricted assets (the "Local Council Asset Chart"). The October 6 Letter requested responses from each local council by November 6, 2020.

WHEREAS, attorneys for the BSA and the Ad Hoc Committee have met and conferred with attorneys for the Tort Claimants' Committee regarding the subject matter of the Rule 2004 Motion and have reached an agreement with respect thereto.

WHEREAS, the Parties desire to memorialize their agreement in this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. The BSA shall use its best efforts to (a) conduct a reasonable search and produce Documents that respond to Request Nos. 1 through 5 and that are within the BSA's possession, custody, or control, and (b) answer Interrogatories 1 and 2. Such production shall be made on a rolling basis with such production to be completed on or before November 16, 2020.

2. Each member of the Ad Hoc Committee shall each use its best efforts to conduct a reasonable search for evidence of potentially applicable insurance coverage as requested in the

October 6 Letter and complete the Local Council Asset Chart, and all such documents and information identified or prepared in response to such efforts shall be produced and made available to the Parties on or before November 16, 2020. The Ad Hoc Committee will provide to the Parties copies of the written confirmation that each member of the Ad Hoc Committee agrees to the terms of this paragraph before October 14, 2020.

3. The BSA, the Ad Hoc Committee and the Tort Claimants' Committee will engage in good-faith discussions regarding the terms of an extension of the Termination Date of the Standstill Period under the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. No. 20-50527 (LSS) [Adv. Docket Nos. 54, 77] (the "Consent Order").[3] The Parties agree that as conditions (collectively, the "Conditions") to the consensual extension of the Termination Date and subject to definitive documentation in connection with such extension to be executed on or before October 22, 2020, each local council shall (i) use its best efforts to conduct a reasonable search for evidence of potentially applicable insurance coverage as requested in the October 6 Letter, (ii) complete the Local Council Asset Chart, and (iii) cause all documents and information identified or prepared in response to such inquiries to be produced and made available to the Parties on or before November 16, 2020 (subject to a limited extension of time "upon a particularized showing of cause" to be negotiated as part of the definitive documentation described above), together with a certificate attesting to its compliance with the Conditions (a "Compliance Certificate").

4. Notwithstanding the foregoing, the Parties expressly reserve the right to request or demand such other additional conditions to the extension of the Termination Date as they

---

[3] All capitalized terms used in this paragraph and not otherwise defined in this Stipulation shall have the meanings ascribed to such terms in the Consent Order.

determine in their sole discretion; provided, however, that the Parties shall request or demand any such additional conditions on or before October 14, 2020.

5. The Rule 2004 Motion shall be adjourned to (a) October 23, 2020, or as soon thereafter as counsel may be heard, if the Parties do not reach a consensual extension of the Termination Date by October 22, 2020, or (b) if a consensual extension of the Termination Date is reached by October 22, 2020, the omnibus hearing scheduled for November 18, 2020 at 10:00 a.m. (prevailing Eastern Time) with respect to any Examinees who fail to timely provide a Compliance Certificate (each, a "Non-Compliant Examinee"), and on or before November 17, 2020, the Tort Claimants' Committee shall re-notice the Rule 2004 Motion for such date, identifying each Non-Compliant Examinee.

6. Notwithstanding the foregoing, (a) the BSA and the Ad Hoc Committee shall serve and file their respective opposition papers solely with respect to Rosters at or before 11:59 pm on October 11, 2020, (b) the Tort Claimants' Committee shall serve and file its omnibus reply papers solely with respect to Rosters at or before 4:00 pm on October 13, 2020, and (c) the Parties shall argue the Rule 2004 Motion as scheduled on solely with respect to Rosters during the hearing noticed for October 14.

7. Each of the Parties expressly reserves the right to seek discovery from any of the other Parties and from any local council, whether by motion or by informal means, with respect to the subject matter of the Requests or any other subject matter.

8. Nothing in this Stipulation shall be construed to waive any rights, arguments, claims, or defenses that the Tort Claimants' Committee or any of the Examinees have with respect to the Rule 2004 Motion or any future discovery.

9. Each Local Council reserves the right to contest that any court, including the U.S. Bankruptcy Court for the District of Delaware or U.S. District Court for the District of Delaware, has jurisdiction over it.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11. This Stipulation will be binding and effective upon execution of the Parties. This Stipulation may not be amended or modified without the written consent of each of the Parties. This Stipulation may be executed in counterparts by electronic transmission, each of which will be deemed an original and all of which taken together will constitute one document.

12. The Court shall retain sole and exclusive jurisdiction to interpret and enforce the provisions of this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated:  October 11, 2020 | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |

*/s/ Derek C. Abbott*
-------------------------------------
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
    aremming@mnat.com
    emoats@mnat.com
    ptopper@mnat.com

– and –

**WHITE & CASE LLP**
Jessica C. K. Boelter (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.boelter@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (212) 881-5400
Email: mandolina@whitecase.com
    mlinder@whitecase.com

*Counsel and Proposed Co-Counsel for the Debtors and Debtors in Possession*

Dated:  October 11, 2020 **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
John A. Morris (NY Bar No. 2405397)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  jstang@pszjlaw.com
          jmorris@pszjlaw.com
          joneill@pszjlaw.com
          jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

| | |
|---|---|
| Dated: October 11, 2020 | **DLA PIPER LLP (US)** |
| | |
| | */s/ R. Craig Martin* |
| | R. Craig Martin (No. 5032) |
| | 1201 North Market Street |
| | Suite 2100 |
| | Wilmington, Delaware 19801-1147 |
| | Phone: (302) 468-5655 |
| | Email: craig.martin@dlapiper.com |
| | |
| | **WACHTELL, LIPTON, ROSEN & KATZ** |
| | Richard G. Mason |
| | Douglas K. Mayer |
| | Joseph C. Celentino |
| | 51 West 52nd Street |
| | New York, New York 10019 |
| | Phone: (212) 403-1000 |
| | Facsimile: (212) 403-2000 |
| | Email: RGMason@wlrk.com |
| |         DKMayer@wlrk.com |
| |         JCCelentino@wlrk.com |
| | |
| | *Counsel for the Ad Hoc Committee of Local Councils of the Boy Scouts of America* |

**<u>Exhibit 1</u>**

**October 6 Letter**

Ad Hoc Committee of Local Councils

October 6, 2020

Dear Local Councils of the Boy Scouts of America:

My name is Ricky Mason, and I am writing you on behalf of the Ad Hoc Committee of Local Councils, of which I am honored to be the volunteer Chair.

In January, I sent a letter to all Local Councils asking that you voluntarily provide information regarding your council's properties and restricted assets. The response was impressive — about 90% of Local Councils provided asset information. Those efforts have been absolutely essential to the progress that we have made in the National BSA's bankruptcy to date.

I am writing today to ask your council for additional assistance. In particular, we are seeking information about Local Council insurance and additional information about properties and restricted assets.

**Insurance information**

The National BSA's advisors have recently discovered that Local Councils may have more insurance than previously believed. This is excellent news. The Ad Hoc Committee firmly believes that insurance should be the primary source of recovery for tort claimants.

All Local Councils became co-insureds on the BSA policies beginning in 1978 but, prior to that, Local Councils may have purchased insurance individually. To the extent your council can find evidence of that insurance, it can provide a source of recovery for tort claimants without weighing on your council's finances. To be clear, if a policy is in your council's name, it is an asset of *your council* and your rights to that insurance *cannot* be contributed to a National BSA trust without your consent. Finding this information directly benefits your council.

To help, one of the National BSA's insurance advisors — KCIC — has put together a list of tips for finding policies and other evidence of insurance. Please review that list — attached as Exhibit A to this letter — and look for any relevant information. Even if you can't find the policy itself, it may be possible to establish coverage with other evidence.

If you find insurance policies or other evidence of coverage, you can email them to KCIC using the address below and the National BSA's advisors will help analyze the information for your council:

BSA@KCIC.com

**Asset information**

If we are going to reach a global settlement of abuse claims against the National BSA that includes protection for Local Councils, both the National BSA's financial advisors and the Tort Claimants' Committee need an even more complete picture of Local Council assets. It is critical that donor restrictions on assets be supported (particularly for high-value assets for which the Tort Claimants Committee will want to confirm) and that any limitations on the use of assets (*e.g.*, conservation easements on real property) are identified as well. All of this information is needed to ensure that parties have realistic settlement expectations.

While many Local Councils responded to our January request with both an asset information chart and supporting documentation, the information remains incomplete for certain Local Councils. And, in reviewing the information provided, the National BSA's advisors have identified gaps even for some Local Councils that provided both an information chart and supporting documentation.

To address these gaps, the National BSA's financial advisors have created a fillable chart for your council focused on real properties and restricted assets. To the extent your council already provided information in response to our previous request, that information should already be reflected in this chart — we want to avoid duplicating work. We are asking each Local Council to review this chart, confirm that there have been no changes, and complete the missing fields. If you have other real properties or restricted assets that are not already reflected on the chart, there is a place to add those as well.

Under section 3 of the Protective Order in the National BSA's bankruptcy case, any information that you provide can *only* be used in connection with the bankruptcy case — it *cannot* be used for any other purpose.

You will receive a separate email soon containing your council's fillable asset information chart and instructions. Please fill out that chart and send it back in Excel spreadsheet (.xls or .xlsx) form — not as a PDF — to:

SE.Legal@Scouting.org

When you submit your chart, you should also provide supporting documentation. For real properties, this may include the deed and any evidence of limitations on the property's use. For restricted assets other than real property, this could include documents such as donation/gift agreements or trust agreements. *It is particularly important that your council provide evidence of the restrictions on assets with a value of $250,000 or greater.* If you previously submitted documentation along with your response to our January asset information request, you do not need to resubmit those documents.

* * *

Time is short. If we are going to negotiate a global resolution of these claims, we need to do so quickly, given the National BSA's liquidity constraints and the continued strain that the overhang of the bankruptcy imposes on Local Council finances. Please provide the information requested by **November 6, 2020**.

To be clear: providing this information in *no way* obligates your Local Council to contribute to or participate in a global resolution on the abuse claims. If we are able to reach a global deal with the tort plaintiffs — and I hope that we will — your council will have to consider that deal and, consistent with your fiduciary duties to your council's mission, decide whether or not to participate. But if we do not receive the information requested above from Local Councils, it will be very difficult, if not impossible, to reach such a resolution.

Finally, I know that Local Council resources are under a tremendous amount of pressure right now between COVID-related activity restrictions and resulting financial and staffing limits. Responding to these requests adds further burden and diverts resources that would otherwise be used to further your council's mission; the same is true of my council as well. I would not be making this request if I did not think collecting the information requested was essential to successfully and finally resolving these liabilities with respect to both the National BSA and all Local Councils. If we are to continue the mission of Scouting, we need to do our very best to put these liabilities and this case behind us.

Thank you in advance for your help in this effort. And thank you for all that you do for the youth we all serve.

Yours in Scouting,

Richard G. Mason
Chair
Ad Hoc Committee of Local Councils