# EXHIBIT A

**Celentino, Joseph C.**

| | |
|---|---|
| From: | John A. Morris <jmorris@pszjlaw.com> |
| Sent: | Sunday, May 10, 2020 8:10 PM |
| To: | Mason, Richard G. |
| Cc: | Stang, James I. (Pachulski Stang Ziehl & Jones LLP); John W. Lucas; Andolina, Michael C. (mandolina@sidley.com); Basaria, Karim (kbasaria@sidley.com); Linder, Matthew (mlinder@sidley.com); Celentino, Joseph C.; Mayer, Douglas K. |
| Subject: | BSA:  Discovery Matters for the Ad Hoc Committee of Local Councils |

*** EXTERNAL EMAIL ***

Ricky:

We're writing to follow up on a few discovery-related matters.

1. <u>Production Prior to Entry of Protective Order</u>.  As mentioned during yesterday's call, the TCC requests that the members of the Ad Hoc Committee produce documents now, pursuant to the terms of the Protective Order, on the ground that it constitutes an agreement between the TCC and the Ad Hoc Committee.  We understood that the Local Councils were previously prepared to produce documents on a "professional eyes only" basis so we're a bit confused by the reluctance you expressed yesterday.  In any event, please let us know as soon as possible if the Ad Hoc Committee will agree to produce documents now, while treating the Protective Order as an agreement between the TCC and Ad Hoc Committee.

2. <u>Troop Rosters</u>.  The TCC needs the Troop Rosters from each Local Council going back as far as they are available.  This was part of the TCC's original requests and, as we presume Mike has conveyed to you, an issue we have frequently pressed.  The Troop Rosters provide information concerning, among other things, potentially responsible parties (*e.g.*, sponsoring organizations) that is frequently unknown to survivors but that is critical with statutes of limitation expiring in various jurisdictions at various times.  We don't believe this is a burdensome request, but note that Troop Rosters were not among the categories of information included in the information spreadsheet provided to Local Councils.  Please let us know as soon as possible if the Local Councils will voluntarily produce the Troop Rosters.

3. <u>Non-Participating Local Councils</u>.  We appreciate the work you and your team have done to persuade approximately 200 Local Councils to participate in this process (although the extent of each Local Council's participation remains to be seen), but are focused on the approximately 60 Local Councils that have thus far refused to participate (the "<u>Non-Participants</u>").  The TCC is considering a request by the BSA to extend the stay imposed on the pending sexual abuse cases and we will likely treat all Local Councils equally for this purpose, at this time.  Please be advised, however, and please advise each of the Non-Participants, that the TCC will oppose any further extension of the stay to Non-Participants beyond the extension currently requested on the ground that discovery is the *quid pro quo* of the stay: if the Non-Participants refuse to engage in discovery and this case generally, they should not receive the benefit of the stay.

    In that regard, the TCC requests that the Ad Hoc Committee identify within 30 days which Local Councils are participating in discovery and which are Non-Participants or let us know now that the Ad Hoc Committee will not produce that information; we hope you can use the intervening time to persuade more of the Local Councils to participate.

_____

1

We look forward to hearing from you at your earliest convenience on these matters.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.