## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: November 18, 2020 at 10:00 a.m.** |
| | ) | **Obj. Deadline: October 26, 2020 at 4:00 p.m.** |

## MOTION OF ERIC PAI, AS ADMINISTRATOR OF THE ESTATE OF JARRED PAI FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

Eric Pai, as administrator of the Estate of Jarred Pai, a minor ("Movant"), by and through his undersigned counsel, hereby moves this Honorable Court (the "Motion") for entry of an order, pursuant to Section 362(d) of the Bankruptcy Code, Fed. R. of Bankr. P. 4001, and Del. Bankr. L.R. 4001-1, lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of permitting Movant to prosecute and liquidate the wrongful death claims asserted against debtor Boy Scouts of America ("BSA" or the "Debtor") in his civil action pending in the Circuit Court of Cook County, Illinois Case No. 2016L-6770 (the "State Court Action").[2] In support of the Motion, Movant respectfully states the following:

### The Parties

1.     On February 18, 2020 (the "Petition Date"), BSA and Delaware BSA, LLC (collectively, the "Debtors") filed their voluntary petitions for relief under Chapter 11 the Bankruptcy Code.  The Debtors have continued to operate their businesses and manage their

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Movants filed his Complaint at Law ("Complaint") on July 8, 2016.  A copy of the Complaint is attached as **Exhibit A**.

properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  The Office of the United States Trustee appointed an Official Committee of Tort Claimants on March 5, 2020.

2.      Movant is the administrator of the Estate of his son, Jarred.  At the time of his death Jarred Pai was a resident of East Moline, Illinois.

### Background

3.      On July 27, 2014, Jarred Pai, a minor, was a passenger in a vehicle being driven by Coalton Godwin on their return from the Philmont Scout Ranch, in Cimarron, New Mexico, where they both had participated in an overnight hiking and camping trip organized and hosted by BSA. During their return trip, while driving through Colorado, the Jeep Grand Cherokee operated by Mr. Godwin entered the median, then overcorrected to the right and overturned.  Jarred Pai suffered severe injuries in the accident and died the same day.

4.      Movant filed the Complaint on July 8, 2016.  The Complaint asserts claims against BSA for negligence by its agent (Count I), institutional negligence (Count II), wrongful death (Count III) and survival (Count IV).   Count I asserts that Mr. Godwin was an agent of BSA and his negligence in causing the accident that killed Jarred Pai is attributable to BSA.  Count I also alleges that other agents of BSA were negligent in the planning and supervision of the return trip from the Philmont Scout Ranch, in that Mr. Godwin and Mr. Pai undertook the return trip from New Mexico to Illinois without adequate rest and without following other BSA guidelines for such travel.  Count II asserts the institutional negligence of BSA in failing to adopt, promote or enforce guidelines, rules and regulations appropriate for such travel.

5.      Upon information and belief, the Debtor is covered by insurance policies applicable to the Movant's claims in the State Court Action, including a Commercial General Liability (Occurrence) Insurance Policy issued by Old Republic Insurance Company.  Attached hereto as **Exhibit B** is a summary of the insurance policies identified by BSA on its Schedule B (D.I. 375,

Filed April 8, 2020) that provide coverage to BSA for the policy year from March 1, 2014 through March 1, 2015, the time period which includes the date of the accident in which Jarred Pai was killed.

### Statement of Relief Requested

6.     By this Motion, Movant seeks relief from the automatic stay so that he may liquidate his claims against the Debtor.  Limited stay relief to permit the continuation of the State Court Action is warranted and necessary because cause exists to allow Movant to resolve his claims for wrongful death and survival.

### Basis for the Relief Requested

7.     Section 362 of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause....

11 U.S.C. § 362(d).  The term "cause" is not defined in the Code, but rather, must be determined on a case-by-case basis.  *In the Matter of Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citations, internal quotations omitted).  "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay."  *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).  Courts often follow the logic of the intent behind § 362(d)—it is appropriate to allow litigation to proceed in its initial forum if no prejudice to the estate results, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."  *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

8.     This Court considers three factors when balancing the competing interests of a debtor and a movant seeking relief from the automatic stay: (1) the prejudice to the debtor if the

3

stay is lifted, (2) the balance of hardships facing the parties, and (3) the probable success on the merits if the stay is lifted. *In re Continental Airlines,* 152 B.R. 420, 424 (D. Del. 1993).

9.    Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because the Movant's claims will have to be liquidated at some point before Movant can receive any distribution in this bankruptcy proceeding. Further, as the Court is well aware, the Movant's claims against BSA must be liquidated in a forum outside of the Bankruptcy Court. "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5); *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1157 n.13, 1159 (3d Cir. 1989).

10.    Moreover, the Debtor has confirmed that it had commercial general liability and excess insurance in place during the relevant time period available to cover Movant's claims. To the extent that the Debtor-Defendants' liability to the Movants is covered by insurance policies, any recovery by the Movant will not affect the Debtors' estates. *In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *on reconsideration,* 386 B.R. 548 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (quoting *In re Edgeworth*, 993 F.2d 51); *see also In re Allied Digital Tech. Corp.*, 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate of an insurance policy is not necessarily determinative of the ownership of the proceeds of that policy). Even if these were no insurance available or the insurance coverage available is potentially impaired by the number of claims applicable to it, the relief requested herein to permit the Movant to liquidate, as opposed to collect, his claims via the State Court Action is appropriate. *In re Tricare*

4

*Rehabilitation Systems, Inc.*, 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994) (lifting the stay to liquidate, as opposed to collect); *In re Metzner*, 167 B.R. 414, 416 (E.D. La. 1994) (same).

11.     Second, the Movant will face substantial hardship if the stay is not lifted.  The Movant is a resident of Illinois, as are a number of the non-debtor Defendants in the State Court Action.  The relevant documents, witnesses, and physical artifacts are located in Illinois.  If the Movant is forced to litigate his claims in Delaware, he and the non-debtor Defendants would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware.  For this reason, the *Rexene Products* court stated that

> It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576

12.     Moreover, if Movant is not permitted to liquidate his claims in the State Court Action, the litigation in Delaware will be before the United States District Court.  28 U.S.C. § 157(b)(5).  Illinois is the more appropriate forum for a trial governed by Illinois negligence law. *See In re The Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)."); *In the Matter of Baker*, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it had expertise).  Moreover, the Illinois state court before which the cause has been pending since 2016 is thoroughly familiar with the underlying facts and legal issues presented.  Judicial economy is best served by permitting the State Court Action to proceed to its conclusion in the jurisdiction where it has been pending since 2016.

13.     By contrast, the Debtors will not suffer any meaningful hardship if the State Court Action is allowed to proceed.  Movant's claims in the State Court Action are negligence claims

for wrongful death, which should not present factual or legal issues that will impact or distract the

Debtors from the reorganization process.  In addition, the Debtor has retained counsel in the State

Court Action who is presumably familiar with the case and not involved with the reorganization

process.

14.    The final prong of the analysis is satisfied by "even a slight probability of success

on the merits ... in an appropriate case."  *In re Continental Airlines*, 152 B.R. at 425.  This prong

also weighs in Movant's favor because the Answer filed by BSA in the State Court Action raises

only denials of liability, not affirmative defenses barring the claims.  Attached hereto as **Exhibit**

**C** is a copy of the Answer.    "Only strong defenses to state court proceedings can prevent a

bankruptcy court from granting relief from the stay in cases where ... the decision-making process

should be relegated to bodies other than [the bankruptcy] court."  *In re Fonseca v. Philadelphia*

*Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).  No strong defenses would appear

to exist here, and the only defense asserted in the Answer – that no other act or omission of BSA

was a proximate cause of Jarred Pai's death – would need to be resolved at the trial in connection

with the claims asserted in the Complaint.

15.    On these facts, cause exists to lift the stay.  *Cf. In re Drexel Burnham Lambert*

*Group, Inc.*, 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation

in another forum to liquidate personal injury claim); *In the Matter of Rexene Products, Inc.*, 141

B.R. at 576 (legislative history indicates "cause" may be established by single factor including to

permit action to proceed in another tribunal).

**Conclusion**

WHEREFORE, Eric Pai respectfully requests the entry of an Order, substantially in the form of the proposed order attached hereto as **Exhibit D**[3], modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow him to prosecute the State Court Action to judgment or other resolution.

Dated:  October 12, 2020                     SULLIVAN · HAZELTINE · ALLINSON LLC
        Wilmington, Delaware

                                          */s/ William D. Sullivan*
                                          William D. Sullivan (No. 2820)
                                          William A. Hazeltine (No. 3294)
                                          919 North Market Street, Suite 420
                                          Wilmington, DE 19801
                                          Tel: 302.428.8191
                                          Fax: 302.428.8195
                                          Email: bsullivan@sha-llc.com
                                                   whazeltein@sha-llc.com

                                          *Attorneys for Eric Pai, Administrator of the Estate of Jarred Pai, a minor*

---

[3]On September 18, 2020, this Court entered an *Order Granting Motion of Marco Romero, Jr. and Audrey Romero for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* (the "Romero Order") [Docket No. 1341]. The facts and circumstances provided in the Romero's motion are analogous to the Movant's State Court Action and the attached proposed order seeks identical treatment to the treatment provided by this Court in the Romero Order.