Exhibit A

**Civil Action Cover Sheet - Case Initiation**                                                    (11/06/13) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ERIC PAI as administrator of the Estate of Jarred Pai

v.

BOY SCOUTS OF AMERICA, a corp. et al

No. 

```
2016L006770
CALENDAR/ROOM D
TIME 00:00
PI Motor Vehicle
```

(FILE STAMP)

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be led with the com-
plaint in all civil actions. The information contained herein is for adminis-
trative purposes only and cannot be introduced into evidence. Please check
the box in front of the appropriate case type which best characterizes your
action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ☑ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☑ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please specify below.**)*
- ☐ 075 Other Commercial Litigation
  *(Please specify below.**)*
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Quali ed Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

_____

Service via email from opposing party/counsel will be
accepted at:

By: _____
(Attorney)                    (Pro Se)

_____
by consent pursuant to Ill. Sup. Court Rules 11 and 131.

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Of ce Electronic Notice Policy* and choose to opt in to electronic notice
from the Clerk's of ce for this case at this email address: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ERIC PAI as administrator of the Estate of Jarred Pai, a deceased )
minor )
                                                    )
                                Plaintiffs, )
                                                    )
                     vs. )
                                                  )
BOY SCOUTS OF AMERICA, a corp.; ILLOWA COUNCIL, )
INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit )
Corp.; SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., )2016L006770
BOY SCOUTS OF AMERICA; COLONA TROOP AND CREW )CALENDAR/ROOM D
312; COLONA UNITED METHODIST CHURCH a/k/a Troop )TIME 00:00
312; THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE )PI Motor Vehicle
OF THE UNITED METHODIST CHURCH, d/b/a Colona United )
Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT )
OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE )
OF THE UNITED METHODIST CHURCH, d/b/a Colona United )
Methodist Church a/k/a Troop 312; COALTON GODWIN )
individually and as Agent and/or Employee of BOY SCOUTS OF )
AMERICA, a corp.; COALTON GODWIN individually and as )
Agent and/or Employee of ILLOWA COUNCIL, INC., BOY )
SCOUTS OF AMERICA; COALTON GODWIN individually and )
as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA )
COUNCIL, INC., BOY SCOUTS OF AMERICA; COALTON )
GODWIN individually and as Agent and/or Employee of )
COLONA TROOP AND CREW 312; COALTON GODWIN )
individually and as Agent and/or Employee of COLONA UNITED )
METHODIST CHURCH a/k/a TROOP 312; COALTON )
GODWIN individually and as Agent and/or Employee of THE )
ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE )
UNITED METHODIST CHURCH, d/b/a Colona United Methodist )
Church a/k/a Troop 312; COALTON GODWIN individually and )
as Agent and/or Employee of SPOON RIVER DISTRICT OF THE )
ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE )
UNITED METHODIST CHURCH, d/b/a Colona United Methodist )
Church a/k/a Troop 312; BRUCE GODWIN individually and as )
Agent and/or Employee of BOY SCOUTS OF AMERICA, a corp.; )
BRUCE GODWIN individually and as Agent and/or Employee of )
ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA; )
BRUCE GODWIN individually and as Agent and/or Employee of )

1

SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY )
SCOUTS OF AMERICA; BRUCE GODWIN individually and as )
Agent and/or Employee of COLONA TROOP AND CREW 312; )
BRUCE GODWIN individually and as Agent and/or Employee of )
COLONA UNITED METHODIST CHURCH a/k/a TROOP 312; )
BRUCE GODWIN individually and as Agent and/or Employee of )
THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF )
THE UNITED METHODIST CHURCH, d/b/a Colona United )
Methodist Church a/k/a Troop 312; BRUCE GODWIN )
individually and as Agent and/or Employee of SPOON RIVER )
DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL )
CONFERENCE OF THE UNITED METHODIST CHURCH, )
d/b/a Colona United Methodist Church a/k/a Troop 312; ALISON )
GULDENZOPF individually and as Agent and/or Employee of )
BOY SCOUTS OF AMERICA, a corp.; ALISON GULDENZOPF )
individually and as Agent and/or Employee of ILLOWA )
COUNCIL, INC., BOY SCOUTS OF AMERICA; ALISON )
GULDENZOPF individually and as Agent and/or Employee of )
SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY )
SCOUTS OF AMERICA; ALISON GULDENZOPF individually )
and as Agent and/or Employee of COLONA TROOP AND CREW )
312; ALISON GULDENZOPF individually and as Agent and/or )
Employee of COLONA UNITED METHODIST CHURCH a/k/a )
TROOP 312; ALISON GULDENZOPF individually and as Agent )
and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL )
CONFERENCE OF THE UNITED METHODIST CHURCH, )
d/b/a Colona United Methodist Church a/k/a Troop 312; and )
ALISON GULDENZOPF individually and as Agent and/or )
Employee of SPOON RIVER DISTRICT OF THE ILLINOIS )
GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED )
METHODIST CHURCH, d/b/a Colona United Methodist Church )
a/k/a Troop 312 )
)
)
Defendants )

## **COMPLAINT AT LAW**

### **Defendants**

1.     BOY SCOUTS OF AMERICA, a foreign corporation.

2.     ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-

for-Profit Corp.

3.    SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

4.    COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

5.    COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312 and a Charter Organization of Boy Scout of America, Colona Troop and Crew 312

6.    THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312, and a Charter Organization of Boy Scout of America, Colona Troop and Crew 312

7.    SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312 and a Charter Organization of Boy Scout of America, Colona Troop and Crew 312

8.    COALTON GODWIN individually and as Agent and/or Employee of BOY SCOUTS OF AMERICA, a foreign corporation.

9.    COALTON GODWIN individually and as Agent and/or Employee of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit Corp.

10.    COALTON GODWIN individually and as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

11.    COALTON GODWIN individually and as Agent and/or Employee of

COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

12. COALTON GODWIN individually and as Agent and/or Employee of COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312,

13. COALTON GODWIN individually and as Agent and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312.

14. COALTON GODWIN individually and as Agent and/or Employee of SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, , an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312

15. BRUCE GODWIN individually and as Agent and/or Employee of BOY SCOUTS OF AMERICA, a foreign corporation.

16. BRUCE GODWIN individually and as Agent and/or Employee of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit Corp.

17. BRUCE GODWIN individually and as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

18. BRUCE GODWIN individually and as Agent and/or Employee of COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

19. BRUCE GODWIN individually and as Agent and/or Employee of COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312,

20.    BRUCE GODWIN individually and as Agent and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312.

21.    BRUCE GODWIN individually and as Agent and/or Employee of SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, , an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312

22.    ALISON GULDENZOPF individually and as Agent and/or Employee of BOY SCOUTS OF AMERICA, a foreign corporation.

23.    ALISON GULDENZOPF individually and as Agent and/or Employee of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit Corp.

24.    ALISON GULDENZOPF individually and as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

25.    ALISON GULDENZOPF individually and as Agent and/or Employee of COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

26.    ALISON GULDENZOPF individually and as Agent and/or Employee of COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312,

27.    ALISON GULDENZOPF individually and as Agent and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312.

28.     ALISON GULDENZOPF individually and as Agent and/or Employee of SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312.

## COUNT I - NEGLIGENCE - AGENCY
### (Boy Scouts of America)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant BOY SCOUTS OF AMERICA, a corporation, pleading hypothetically and in the alternative, states as follows:

1.      On or about July 27, 2014, and at all times material, Defendant Boy Scouts of America was a corporation.

2.      On or about July 27, 2014, and at all times hereto, Boy Scouts of America conducted business in Cook County, Illinois through its own activities and its locally chartered councils.

3.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a locally chartered council of Defendant Boy Scouts of America.

4.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation.

5.      On or about July 27, 2014, and at all times material, Boy Scouts of America was the parent organization of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

6.      On or before July 27, 2014, and at all times material, Boy Scouts of America promulgated a Guide to Safe Scouting, which included Boy Scouts of America policies and procedures.

7.      On or before July 27, 2014, and at all times material, Boy Scouts of America maintained guidelines for automobile transportation.

8.      On or before July 27, 2014, and at all times material, the Boy Scouts of America transportation guidelines required drivers to obey all laws and take special precautions to assure that they were well-rested and attentive while operating their motor vehicles.

9.      On or before July 27, 2014, and at all times material, the Boy Scouts of America safety guidelines applied to all participants in official Scouting activities of the Boy Scouts of America.

10.      On or about July 27, 2014, and at all times material, Boy Scouts of America knew, or should have known, through its authorized agents and/or counsel affiliates, that individuals would be driving scout members to and from Philmont Scout Ranch.

11.      On or about July 27, 2014, and at all times material, Interstate *76* was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

12.      On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle.

13.      On or about July 27, 2014, and at all times material, Jarred Pai was a

passenger in the motor vehicle being operated by COALTON GODWIN.

14.     On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico where they both had participated in a hiking and camping trip.

15.     On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by ALISON GULDENZOPF acting in the scope and authority of the adult leader who acted as Chair of the Philmont Planning Committee.

16.     On or about July 27, 2014, and at all times material, organized an official Scouting trip to Philmont Scout Ranch was approved and authorized by ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA by and through its Executive Board and/or other agents and/or employees,

17.     On or about July 27, 2014, and at all times material, the official Scouting trip to Philmont Scout Ranch was approved and authorized by SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

18.     On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by COLONA TROOP AND CREW 312.

19.     On or about July 27, 2014, and at all times material, COALTON GODWIN served as an adult leader for aforesaid Philmont trip.

20.     On or about July 27, 2014, and at all times material, COALTON GODWIN was a participant in an official Scouting activity of the Boy Scouts of

America.

21.     On or about July 27, 2014, and at all times material, Jarred Pai was a participant in an official Scouting activity of the Boy Scouts of America.

22.     On or about July 27, 2014, and at all times material, COALTON GODWIN was an agent and/or employee of Defendant.

23.     On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

24.     On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

25.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was the Troop Master of COLONA TROOP 312.

26.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was the individual in charge of overseeing all COLONA TROOP 312 activities, including the planning of the Philmont trip.

27.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was an agent and/or employee of Defendant.

28.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

29.     On or about July 27, 2014, and at all times material, BRUCE

GODWIN was acting within the course of his actual and/or apparent agency·
and/or employment with Defendant.

30.    On or about July 27, 2014, and at all times material, ALISON
GULDENZOPF was the adult leader Chairperson of the COLONA TROOP 312
Philmont planning committee.

31.    On or about July 27, 2014, and at all times material, ALISON
GULDENZOPF planned and approved the Philmont trip, including the travel
arrangements to and from Philmont Scout Ranch.

32.    On or about July 27, 2014, and at all times material, ALISON
GULDENZOPF was an agent and/or employee of Defendant.

33.    On or about July 27, 2014, and at all times material, ALISON
GULDENZOPF was acting within the scope and authority of his actual and/or
apparent agency and/or employment with Defendant.

34.    On or about July 27, 2014, and at all times material, ALISON
GULDENZOPF was acting within the course of his actual and/or apparent agency·
and/or employment with Defendant.

35.    On or about July 27, 2014, and at all times material, COALTON
GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate
76 at or around mile point 110.5.

36.    On or about July 27, 2014, and at all times material, COALTON
GODWIN was traveling back to ALISON GULDENZOPF'S and BRUCE GODWIN'S
home in order to drop off the camping equipment where the Troop camping equipment is

stored.

37.     On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

38.     On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

39.     On or about July 27, 2014, and at all times material, COALTON GODWIN had a duty to exercise a reasonable degree of care in the operation of his motor vehicle so as to not cause harm to Jarred Pai.

40.     On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agent and/or employee, COALTON GODWIN, and each of them, was then and there negligent in one or more of the following respects:

a.     Operated the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

b.     Operated said vehicle without sufficient rest and while fatigued;

c.     Operated the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

d.     Operated the  motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.     Operated the  motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances

in violation of CRS 42-4-1402;

    f.      Negligently operated, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

    g.      Failed to keep his automobile under sufficient and proper control;

    h.      Moved his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

    i.      Negligently utilized a cell phone while operating the vehicle;

    j.      Failed to operate his motor vehicle within single lane of traffic;

    k.      Failed to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

41.      On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care in overseeing and planning the Philmont trip.

42.      On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care ensuring all Boy Scout guidelines and rules, including those regarding travel, where properly planned for, accounted for and that all participants were aware of and followed the same.

43.      On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agents and/or employees, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, was then and there negligent in one or more of the following respects:

    a.      Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without complying with the Boy Scout guidelines and rules.

b.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to endanger the safety of Jarred Pai;

c.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without sufficient rest and while fatigued;

d.     Failed to adequately recognize COALTON GODWIN'S fatigue and directed and allowed COALTON GODWIN to drive the vehicle in which Jarred Pai was a passenger.

e.     Failed to properly plan travel arrangements to allow for sufficient rest and recovery following the Philmont activity.

f.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

g.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

h.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

i.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without keeping a safe and proper lookout;

j.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to keep his automobile under sufficient and proper control;

k.     Allowed COALTON GODWIN to operate the motor vehicle in

which Jarred Pai was a passenger to move his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

l.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger while utilizing a cell phone while operating the vehicle;

m.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to operate his motor vehicle within single lane of traffic;

n.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007.

o.    Failed to train and educate COALTON GODWIN on local and state laws and regulations relating to automobile travel in each state which would be travelled to and from Philmont Scout Ranch.

p.    Actively engaged in communications with COALTON GODWIN while he was operating the motor vehicle in which Jarred Pai was a passenger.

44.    As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant, by and through its actual and/or apparent agents and/or employees, COALTON GODWIN, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

45.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a

deceased minor, hereby demands judgment against Defendant BOY SCOUTS OF AMERICA, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT II - INSTITUTIONAL NEGLIGENCE
### (Boy Scouts of America)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant BOY SCOUTS OF AMERICA, a corporation, pleading hypothetically and in the alternative, states as follows:

1.       Plaintiff restates and realleges paragraphs 1-38 of Count I as if full set forth herein as paragraphs 1-38.

39.      On or about July 27, 2014, and at all times material, Boy Scouts of America had a duty to provide safe transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch.

40.      On or about July 27, 2014, and at all times material, Boy Scouts of America had a duty to exercise a reasonable degree of care in the provision of transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch, so as to not cause harm to Jarred Pai.

41.      On or about July 27, 2014, and at all times material, Defendant BOY SCOUTS OF AMERICA was then and there negligent in one or more of the following respects:

      a.       Failed to have internal policies, procedures, rules, regulations

and/or guidelines regarding transportation of scouts and/or campers when fatigue may likely impair the safe operation and transport of boy scouts and campers;

b.  Failed to provide educational and/or training programs for persons transporting scouts and/or campers when said persons were fatigued related to scouting activities;

c.  Failed to alert and/or warn regarding policies, procedures, rules, regulations and/or guidelines relating to the recognition of, and adaptation to, fatigue caused from scouting activities and its effect on the ability to safely transport campers and boy scouts from overnight camping activities.

42.  That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

43.  Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant BOY SCOUTS OF AMERICA, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT III–WRONGFUL DEATH
### (Boy Scouts of America)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant BOY SCOUTS OF AMERICA, a corporation, pleading

hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-45 of Count I as if full set forth herein as paragraphs 1-45.

46.     ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to the Illinois Wrongful Death Act, 740, ILCS 180/1 et seq.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant BOY SCOUTS OF AMERICA, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

### COUNT IV – SURIVIAL
**(Boy Scouts of America)**

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant BOY SCOUTS OF AMERICA, a corporation, pleading hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-43 of Count I as if full set forth herein as paragraphs 1-43.

44.     As a further direct and proximate result of one or more of the aforesaid negligent acts and/ or omissions, Jarred Pai sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on July 27, 2014, and had he survived, he would have been entitled to bring this action for damages and this action

survives him.

45.    ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant BOY SCOUTS OF AMERICA, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

### COUNT V - NEGLIGENCE - AGENCY
### (Illowa Council Inc., Boy Scouts of America)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, pleading hypothetically and in the alternative, states as follows:

1.    On or about July 27, 2014, and at all times material, Defendant Boy Scouts of America was a corporation.

2.    On or about July 27, 2014, and at all times hereto, Boy Scouts of America conducted business in Cook County, Illinois through its own activities and its locally chartered councils.

3.    On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a locally chartered council of Defendant Boy

Scouts of America.

4.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation.

5.      On or about July 27, 2014, and at all times material, Boy Scouts of America was the parent organization of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

6.      On or before July 27, 2014, and at all times material, Boy Scouts of America promulgated a Guide to Safe Scouting, which included Boy Scouts of America policies and procedures.

7.      On or before July 27, 2014, and at all times material, Boy Scouts of America maintained guidelines for automobile transportation.

8.      On or before July 27, 2014, and at all times material, the Boy Scouts of America transportation guidelines required drivers to obey all laws and take special precautions to assure that they were well-rested and attentive while operating their motor vehicles.

9.      On or before July 27, 2014, and at all times material, the Boy Scouts of America safety guidelines applied to all participants in official Scouting activities of the Boy Scouts of America.

10.     On or about July 27, 2014, and at all times material, Defendant knew, or should have known, through its authorized agents that individuals would be driving scout members of the to and from Philmont Scout Ranch.

11.     On or about July 27, 2014, and at all times material, Interstate *76* was a

highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

12.    On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle.

13.    On or about July 27, 2014, and at all times material, Jarred Pai was a passenger in the motor vehicle being operated by COALTON GODWIN.

14.    On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico, where they both had participated in a hiking and camping trip.

15.    On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by ALISON GULDENZOPF acting in the scope and authority of the adult leader who acted as Chair of the Philmont Planning Committee for Troop 312.

16.    On or about July 27, 2014, and at all times material, organized an official Scouting trip to Philmont Scout Ranch was approved and authorized by ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA by and through its Executive Board and/or other agents and/or employees,

17.    On or about July 27, 2014, and at all times material, the official Scouting trip to Philmont Scout Ranch was approved and authorized by SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

18.     On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by COLONA TROOP AND CREW 312.

19.     On or about July 27, 2014, and at all times material, COALTON GODWIN served as an adult leader for aforesaid Philmont trip.

20.     On or about July 27, 2014, and at all times material, COALTON GODWIN was a participant in an official Scouting activity of the Boy Scouts of America.

21.     On or about July 27, 2014, and at all times material, Jarred Pai was a participant in an official Scouting activity of the Boy Scouts of America.

22.     On or about July 27, 2014, and at all times material, COALTON GODWIN was an agent and/or employee of Defendant.

23.     On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

24.     On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the course of his actual and/or apparent agency and/or employment with Defendant.

25.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was the Troop Master of COLONA TROOP 312.

26.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was the individual in charge of overseeing all COLONA TROOP 312 activities, including the planning of the Philmont trip.

27.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was an agent and/or employee of Defendant.

28.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

29.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

30.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was the adult leader Chairperson of the COLONA TROOP 312 Philmont planning committee.

31.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF planned and approved the Philmont trip, including the travel arrangements to and from Philmont Scout Ranch.

32.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was an agent and/or employee of Defendant.

33.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

34.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

35.    On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

36.    On or about July 27, 2014, and at all times material, COALTON GODWIN was traveling back to ALISON GULDENZOPF'S and BRUCE GODWIN'S home in order to drop off the camping equipment where the Troop camping equipment is stored.

37.    On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the .motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

38.    On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

39.    On or about July 27, 2014, and at all times material, COALTON GODWIN had a duty to exercise a reasonable degree of care in the operation of his motor vehicle so as to not cause harm to Jarred Pai.

40.    On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agent and/or employee, COALTON GODWIN, and each of them, was then and there negligent in one or more of the following respects:

    a.    Operated the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

    b.    Operated said vehicle without sufficient rest and while fatigued;

c.   Operated the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

d.   Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.   Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

f.   Negligently operated, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

g.   Failed to keep his automobile under sufficient and proper control;

h.   Moved his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

i.   Negligently utilized a cell phone while operating the vehicle;

j.   Failed to operate his motor vehicle within single lane of traffic;

k.   Failed to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

41.   On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care in overseeing and planning the Philmont trip.

42.   On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care ensuring all Boy Scout guidelines and rules, including those regarding travel, where properly planned for, accounted for and that all participants were aware of and followed the same.

43.     On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agents and/or employees, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, was then and there negligent in one or more of the following respects:

a.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without complying with the Boy Scout guidelines and rules.

b.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to endanger the safety of Jarred Pai;

c.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without sufficient rest and while fatigued;

d.    Failed to adequately recognize COALTON GODWIN'S fatigue and directed and allowed COALTON GODWIN to drive the vehicle in which Jarred Pai was a passenger.

e.    Failed to properly plan travel arrangements to allow for sufficient rest and recovery following the Philmont activity.

f.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

g.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

h.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

i.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without keeping a safe and proper lookout;

j.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to keep his automobile under sufficient and proper control;

k.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger to move his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

l.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger while utilizing a cell phone while operating the vehicle;

m.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to operate his motor vehicle within single lane of traffic;

n.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007.

o.    Failed to train and educate COALTON GODWIN on local and state laws and regulations relating to automobile travel in each state which would be travelled to and from Philmont Scout Ranch.

p.    Actively engaged in communications with COALTON GODWIN while he was operating the motor vehicle in which Jarred Pai was a passenger.

44.    As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant, by and through its actual and/or apparent agents and/or employees, COALTON GODWIN, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature

which resulted in his death on July 27, 2014.

45.     Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT VI - INSTITUTIONAL NEGLIGENCE
### (Illowa Council Inc., Boy Scouts of America)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, pleading hypothetically and in the alternative, states as follows:

1.     Plaintiff restates and realleges paragraphs 1-38 of Count V as if full set forth herein as paragraphs 1-38.

39.     On or about July 27, 2014, and at all times material, Defendant had a duty to provide safe transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch.

40.     On or about July 27, 2014, and at all times material, Defendant had a duty to exercise a reasonable degree of care in the provision of transportation to and from all of

its events, including the aforementioned trip to and from Philmont Scout Ranch, so as to not cause harm to Jarred Pai.

41.     On or about July 27, 2014, and at all times material, Defendant was then and there negligent in one or more of the following respects:

        a.    Failed to have internal policies, procedures, rules, regulations and/or guidelines regarding transportation of scouts and/or campers when fatigue may likely impair the safe operation and transport of boy scouts and campers;

        b.    Failed to provide educational and/or training programs for persons transporting scouts and/or campers when said persons were fatigued related to scouting activities;

        c.    Failed to alert and/or warn regarding policies, procedures, rules, regulations and/or guidelines relating to the recognition of, and adaptation to, fatigue caused from scouting activities and its effect on the ability to safely transport campers and boy scouts from overnight camping activities.

42.     That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

43.     Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT VII – WRONGFUL DEATH
### (Illowa Council Inc., Boy Scouts of America)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, a corporation, pleading hypothetically and in the alternative, states as follows:

1.    Plaintiff restates and realleges paragraphs 1-45 of Count V as if full set forth herein as paragraphs 1-45.

46.    ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to the Illinois Wrongful Death Act, 740, ILCS 180/1 et seq.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT VIII – SURIVIAL
### (Illowa Council Inc., Boy Scouts of America)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, pleading hypothetically and in the

alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-43 of Count V as if full set forth herein as paragraphs 1-43.

44.      As a further direct and proximate result of one or more of the aforesaid negligent acts and/ or omissions, Jarred Pai sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on July 27, 2014, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

45.      ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT IX - NEGLIGENCE - AGENCY
### (Saukenuk District)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant, SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, pleading hypothetically and in the alternative, states as follows:

1.    On or about July 27, 2014, and at all times material, Defendant Boy Scouts of America was a corporation.

2.    On or about July 27, 2014, and at all times hereto, Boy Scouts of America conducted business in Cook County, Illinois through its own activities and its locally chartered councils.

3.    On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a locally chartered council of Defendant Boy Scouts of America.

4.    On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation.

5.    On or about July 27, 2014, and at all times material, SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois voluntary unincorporated association.

6.    On or about July 27, 2014, and at all times material, SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a district of the ILLOWA COUNCIL of the Boy Scouts of America.

7.    On or about July 27, 2014, and at all times material, Troop 312, of which Jarred Pai was a member, was a member troop of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a district of the ILLOWA COUNCIL of the Boy Scouts of America.

8.    On or about July 27, 2014, and at all times material, Boy Scouts of America were the parent organization of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC.,

BOY SCOUTS OF AMERICA.

9.      On or before July 27, 2014, and at all times material, Boy Scouts of America promulgated a Guide to Safe Scouting, which included Boy Scouts of America policies and procedures.

10.      On or before July 27, 2014, and at all times material, Boy Scouts of America maintained guidelines for automobile transportation.

11.      On or before July 27, 2014, and at all times material, the Boy Scouts of America transportation guidelines required drivers to obey all laws and take special precautions to assure that they were well-rested and attentive while operating their motor vehicles.

12.      On or before July 27, 2014, and at all times material, the Boy Scouts of America safety guidelines applied to all participants in official Scouting activities of the Boy Scouts of America.

13.      On or about July 27, 2014, and at all times material, Defendant knew, or should have known, through its authorized agents that individuals would be driving scout members of the to and from Philmont Scout Ranch.

14.      On or about July 27, 2014, and at all times material, Interstate *76* was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

15.      On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle.

16.    On or about July 27, 2014, and at all times material, Jarred Pai was a passenger in the motor vehicle being operated by COALTON GODWIN.

17.    On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico, where they both had participated in a hiking and camping trip.

18.    On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by ALISON GULDENZOPF acting in the scope and authority of the adult leader who acted as Chair of the Philmont Planning Committee for Troop 312.

19.    On or about July 27, 2014, and at all times material, organized an official Scouting trip to Philmont Scout Ranch was approved and authorized by ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA by and through its Executive Board and/or other agents and/or employees,

20.    On or about July 27, 2014, and at all times material, the official Scouting trip to Philmont Scout Ranch was approved and authorized by SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

21.    On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by COLONA TROOP AND CREW 312.

22.    On or about July 27, 2014, and at all times material, COALTON GODWIN served as an adult leader for aforesaid Philmont trip.

23.    On or about July 27, 2014, and at all times material, COALTON

GODWIN was a participant in an official Scouting activity of the Boy Scouts of America.

24.    On or about July 27, 2014, and at all times material, Jarred Pai was a participant in an official Scouting activity of the Boy Scouts of America.

25.    On or about July 27, 2014, and at all times material, COALTON GODWIN was an agent and/or employee of Defendant.

26.    On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

27.    On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

28.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was the Troop Master of COLONA TROOP 312.

29.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was the individual in charge of overseeing all COLONA TROOP 312 activities, including the planning of the Philmont trip.

30.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was an agent and/or employee of Defendant.

31.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

32.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

33.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was the adult leader Chairperson of the COLONA TROOP 312 Philmont planning committee.

34.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF planned and approved the Philmont trip, including the travel arrangements to and from Philmont Scout Ranch.

35.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was an agent and/or employee of Defendant.

36.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

37.    On or about July 27, 2014, and at all times ·material, ALISON GULDENZOPF was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

38.    On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

39.    On or about July 27, 2014, and at all times material, COALTON GODWIN was traveling back to ALISON GULDENZOPF'S and BRUCE GODWIN'S

home in order to drop off the camping equipment where the Troop camping equipment is stored.

40.    On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the .motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

41.    On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

42.    On or about July 27, 2014, and at all times material, COALTON GODWIN had a duty to exercise a reasonable degree of care in the operation of his motor vehicle so as to not cause harm to Jarred Pai.

43.    On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agent and/or employee, COALTON GODWIN, and each of them, was then and there negligent in one or more of the following respects:

    a.    Operated the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

    b.    Operated said vehicle without sufficient rest and while fatigued;

    c.    Operated the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

    d.    Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

    e.    Operated the motor vehicle in a careless and imprudent manner,

without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

f.     Negligently operated, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

g.     Failed to keep his automobile under sufficient and proper control;

h.     Moved his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

i.     Negligently utilized a cell phone while operating the vehicle;

j.     Failed to operate his motor vehicle within single lane of traffic;

k.     Failed to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

44.     On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care in overseeing and planning the Philmont trip.

45.     On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care ensuring all Boy Scout guidelines and rules, including those regarding travel, where properly planned for, accounted for and that all participants were aware of and followed the same.

46.     On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agents and/or employees, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, was then and there negligent in one or more of the following respects:

a.     Allowed COALTON GODWIN to operate the motor vehicle in

which Jarred Pai was a passenger without complying with the Boy Scout guidelines and rules.

b.   Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to endanger the safety of Jarred Pai;

c.   Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without sufficient rest and while fatigued;

d.   Failed to adequately recognize COALTON GODWIN'S fatigue and directed and allowed COALTON GODWIN to drive the vehicle in which Jarred Pai was a passenger.

e.   Failed to properly plan travel arrangements to allow for sufficient rest and recovery following the Philmont activity.

f.   Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

g.   Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

h.   Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

i.   Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without keeping a safe and proper lookout;

j.   Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to keep his automobile under sufficient and proper control;

k.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger to move his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

l.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger while utilizing a cell phone while operating the vehicle;

m.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to operate his motor vehicle within single lane of traffic;

n.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007.

o.    Failed to train and educate COALTON GODWIN on local and state laws and regulations relating to automobile travel in each state which would be travelled to and from Philmont Scout Ranch.

p.    Actively engaged in communications with COALTON GODWIN while he was operating the motor vehicle in which Jarred Pai was a passenger.

47.    As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant, by and through its actual and/or apparent agents and/or employees, COALTON GODWIN, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

48.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT X - INSTITUTIONAL NEGLIGENCE
### (Saukenuk District)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, pleading hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-41 of Count IX as if full set forth herein as paragraphs 1-41.

42.      On or about July 27, 2014, and at all times material, Defendant had a duty to provide safe transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch.

43.      On or about July 27, 2014, and at all times material, Defendant had a duty to exercise a reasonable degree of care in the provision of transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch, so as to not cause harm to Jarred Pai.

44.      On or about July 27, 2014, and at all times material, Defendant was then

and there negligent in one or more of the following respects:

a.  Failed to have internal policies, procedures, rules, regulations and/or guidelines regarding transportation of scouts and/or campers when fatigue may likely impair the safe operation and transport of boy scouts and campers;

d.  Failed to provide educational and/or training programs for persons transporting scouts and/or campers when said persons were fatigued related to scouting activities;

e.  Failed to alert and/or warn regarding policies, procedures, rules, regulations and/or guidelines relating to the recognition of, and adaptation to, fatigue caused from scouting activities and its effect on the ability to safely transport campers and boy scouts from overnight camping activities.

45.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

46.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XI – WRONGFUL DEATH
### (Saukenuk District)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, pleading hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-48 of Count IX as if full set forth herein as paragraphs 1-48.

49.      ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to the Illinois Wrongful Death Act, 740, ILCS 180/1 et seq.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XII – SURIVIAL
### (Saukenuk District)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY

SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, pleading hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-46 of Count IX as if full set forth herein as paragraphs 1-46.

47.     As a further direct and proximate result of one or more of the aforesaid negligent acts and/ or omissions, Jarred Pai sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on July 27, 2014, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

48.     ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XIII-NEGLIGENCE -AGENCY
### (Colona Troop 312)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant, COLONA TROOP AND CREW 312, an Illinois voluntary

unincorporated association, pleading hypothetically and in the alternative, states as follows:

1.      On or about July 27, 2014, and at all times material, Defendant Boy Scouts of America was a corporation.

2.      On or about July 27, 2014, and at all times hereto, Boy Scouts of America conducted business in Cook County, Illinois through its own activities and its locally chartered councils.

3.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a locally chartered council of Defendant Boy Scouts of America.

4.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation.

5.      On or about July 27, 2014, and at all times material, SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois voluntary unincorporated association.

6.      On or about July 27, 2014, and at all times material, SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a district of the ILLOWA COUNCIL of the Boy Scouts of America.

7.      On or about July 27, 2014, and at all times material, Troop 312, of which Jarred Pai was a member, was a member troop of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a district of the ILLOWA COUNCIL of the Boy Scouts of America.

8.      On or about July 27, 2014, and at all times material, Boy Scouts of America were the parent organization of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

9.      On or before July 27, 2014, and at all times material, Boy Scouts of America promulgated a Guide to Safe Scouting, which included Boy Scouts of America policies and procedures.

10.     On or before July 27, 2014, and at all times material, Boy Scouts of America maintained guidelines for automobile transportation.

11.     On or before July 27, 2014, and at all times material, the Boy Scouts of America transportation guidelines required drivers to obey all laws and take special precautions to assure that they were well-rested and attentive while operating their motor vehicles.

12.     On or before July 27, 2014, and at all times material, the Boy Scouts of America safety guidelines applied to all participants in official Scouting activities of the Boy Scouts of America.

13.     On or about July 27, 2014, and at all times material, Defendant knew, or should have known, through its authorized agents that individuals would be driving scout members of the to and from Philmont Scout Ranch.

14.     On or about July 27, 2014, and at all times material, Interstate *76* was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

15.     On or about July 27, 2014, and at all times material, COALTON

GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle.

16.    On or about July 27, 2014, and at all times material, Jarred Pai was a passenger in the motor vehicle being operated by COALTON GODWIN.

17.    On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico, where they both had participated in a hiking and camping trip.

18.    On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by ALISON GULDENZOPF acting in the scope and authority of the adult leader who acted as Chair of the Philmont Planning Committee for Troop 312.

19.    On or about July 27, 2014, and at all times material, organized an official Scouting trip to Philmont Scout Ranch was approved and authorized by ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA by and through its Executive Board and/or other agents and/or employees,

20.    On or about July 27, 2014, and at all times material, the official Scouting trip to Philmont Scout Ranch was approved and authorized by SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

21.    On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by COLONA TROOP AND CREW 312.

22.    On or about July 27, 2014, and at all times material, COALTON GODWIN

served as an adult leader for aforesaid Philmont trip.

23.    On or about July 27, 2014, and at all times material, COALTON GODWIN was a participant in an official Scouting activity of the Boy Scouts of America.

24.    On or about July 27, 2014, and at all times material, Jarred Pai was a participant in an official Scouting activity of the Boy Scouts of America.

25.    On or about July 27, 2014, and at all times material, COALTON GODWIN was an agent and/or employee of Defendant.

26.    On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

27.    On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the course of his actual and/or apparent agency and/or employment with Defendant.

28.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was the Troop Master of COLONA TROOP 312.

29.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was the individual in charge of overseeing all COLONA TROOP 312 activities, including the planning of the Philmont trip.

30.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was an agent and/or employee of Defendant.

31.    On or about July 27, 2014, and at all times material, BRUCE

GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

32.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

33.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was the adult leader Chairperson of the COLONA TROOP 312 Philmont planning committee.

34.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF planned and approved the Philmont trip, including the travel arrangements to and from Philmont Scout Ranch.

35.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was an agent and/or employee of Defendant.

36.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

37.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the course of his actual and/or apparent agency· and/or employment with Defendant.

38.    On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

39.    On or about July 27, 2014, and at all times material, COALTON
GODWIN was traveling back to ALISON GULDENZOPF'S and BRUCE GODWIN'S
home in order to drop off the camping equipment where the Troop camping equipment is
stored.

40.    On or about July 27, 2014, and at all times material, Jarred Pai was
sitting in the front passenger seat of the .motor vehicle being operated by COALTON
GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON
GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

41.    On or about July 27, 2014, the motor vehicle being operated by
COALTON GODWIN entered the grassy dirt median, overcorrected to the right and
overturned.

42.    On or about July 27, 2014, and at all times material, COALTON GODWIN
had a duty to exercise a reasonable degree of care in the operation of his motor vehicle so
as to not cause harm to Jarred Pai.

43.    On or about July 27, 2014, and at all times material, Defendant, by and
through its actual and/or apparent agent and/or employee, COALTON GODWIN, and each
of them, was then and there negligent in one or more of the following respects:

      a.    Operated the motor vehicle in such a manner as to endanger the
safety of Jarred Pai;

      b.    Operated said vehicle without sufficient rest and while fatigued;

      c.    Operated the motor vehicle at a speed which was greater than was
reasonable and proper with regard to traffic conditions and use of the
roadway, contrary to and in violation of Colorado Revised Statute
(CRS) 42-4-1101;

      d.    Operated the  motor vehicle in a careless and imprudent manner,

without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.  Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

f.  Negligently operated, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

g.  Failed to keep his automobile under sufficient and proper control;

h.  Moved his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

i.  Negligently utilized a cell phone while operating the vehicle;

j.  Failed to operate his motor vehicle within single lane of traffic;

k.  Failed to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

44.     On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care in overseeing and planning the Philmont trip.

45.     On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care ensuring all Boy Scout guidelines and rules, including those regarding travel, where properly planned for, accounted for and that all participants were aware of and followed the same.

46.     On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agents and/or employees, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, was then and there negligent in one or more of the

following respects:

  a. Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without complying with the Boy Scout guidelines and rules.

  b. Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to endanger the safety of Jarred Pai;

  c. Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without sufficient rest and while fatigued;

  d. Failed to adequately recognize COALTON GODWIN'S fatigue and directed and allowed COALTON GODWIN to drive the vehicle in which Jarred Pai was a passenger.

  e. Failed to properly plan travel arrangements to allow for sufficient rest and recovery following the Philmont activity.

  f. Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

  g. Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

  h. Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

  i. Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without keeping a safe and proper lookout;

j.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to keep his automobile under sufficient and proper control;

k.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger to move his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

l.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger while utilizing a cell phone while operating the vehicle;

m.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to operate his motor vehicle within single lane of traffic;

n.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007.

o.    Failed to train and educate COALTON GODWIN on local and state laws and regulations relating to automobile travel in each state which would be travelled to and from Philmont Scout Ranch.

p.    Actively engaged in communications with COALTON GODWIN while he was operating the motor vehicle in which Jarred Pai was a passenger.

47.    As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant, by and through its actual and/or apparent agents and/or employees, COALTON GODWIN, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

48.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and

significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XIV - INSTITUTIONAL NEGLIGENCE
### (Colona Troop 312)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association, pleading hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-41 of Count XIII as if full set forth herein as paragraphs 1-41.

42.      On or about July 27, 2014, and at all times material, Defendant had a duty to provide safe transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch.

43.      On or about July 27, 2014, and at all times material, Defendant had a duty to exercise a reasonable degree of care in the provision of transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch, so as to not cause harm to Jarred Pai.

44.      On or about July 27, 2014, and at all times material, Defendant was then

and there negligent in one or more of the following respects:

    a.    Failed to have internal policies, procedures, rules, regulations and/or guidelines regarding transportation of scouts and/or campers when fatigue may likely impair the safe operation and transport of boy scouts and campers;

    b.    Failed to provide educational and/or training programs for persons transporting scouts and/or campers when said persons were fatigued related to scouting activities;

    c.    Failed to alert and/or warn regarding policies, procedures, rules, regulations and/or guidelines relating to the recognition of, and adaptation to, fatigue caused from scouting activities and its effect on the ability to safely transport campers and boy scouts from overnight camping activities.

    45.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

    46.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

    WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XV – WRONGFUL DEATH
### (Colona Troop 312)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association, pleading hypothetically and in the alternative, states as follows:

1.    Plaintiff restates and realleges paragraphs 1-48 of Count XIII as if full set forth herein as paragraphs 1-48.

49.    ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to the Illinois Wrongful Death Act, 740, ILCS 180/1 et seq.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XVI – SURIVIAL
### (Colona Troop 312)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association, pleading hypothetically and in the alternative, states as

follows:

1.      Plaintiff restates and realleges paragraphs 1-46 of Count XIII as if full set forth herein as paragraphs 1-46.

47.      As a further direct and proximate result of one or more of the aforesaid negligent acts and/ or omissions, Jarred Pai sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on July 27, 2014, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

48.      ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209

WHEREFORE, Plaintiff ERIC PAI as administrator of the COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XVII - NEGLIGENCE - AGENCY
### (Methodist Church)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendants, THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH,

an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312 (Jointly referred to as METHODIST CHURCH), pleading hypothetically and in the alternative, states as follows:

1.      On or about July 27, 2014, and at all times material, Defendant THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, was an Illinois corporation.

2.      On or about July 27, 2014, and at all times material, Defendant THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH was doing business as Colona United Methodist Church.

3.      At all times relevant hereto, COLONA UNITED METHODIST CHURCH was an Illinois voluntarily unincorporated association.

4.      On or about July 27, 2014, and at all time material, COLONA UNITED METHODIST CHURCH was a member of the SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntarily unincorporated association.

5.      On or about July 27, 2014, and at all time material, COLONA UNITED METHODIST CHURCH was also known as Troop 312, an Illinois voluntarily unincorporated association and a Charter Organization of Boy Scout of America, Colona Troop and Crew 312.

6.      On or about July 27, 2014, and at all times material, Boy Scouts of America was a corporation.

7.      On or about July 27, 2014, and at all times material, Boy Scouts of America conducted business in Cook County, Illinois through locally chartered councils.

8.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a locally chartered council of Defendant Boy Scouts of America.

9.      On or about July 27, 2014, and at all times material, Boy Scouts of America was the parent organization of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

10.     On or about July 27, 2014, and at all times material, COLONA UNITED METHODIST CHURCH was the sponsoring entity for Troop 312, which was one of the Boy Scout troops operating within ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

11.     On or about July 27, 2014, and at all times material, COLONA UNITED METHODIST CHURCH a/k/a Troop 312 was operating under the Boy Scouts of America, which was the parent organization of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

12.     On or before July 27, 2014, and at all times material, Boy Scouts of America promulgated a Guide to Safe Scouting, which included Boy Scouts of America policies and procedures.

13.     On or before July 27, 2014, and at all times material, Boy Scouts of America maintained guidelines for automobile transportation.

14.     On or before July 27, 2014, and at all times material, the Boy Scouts of

America transportation guidelines required drivers to obey all laws and take special precautions to assure that they were well-rested and attentive while operating their motor vehicles.

15.     On or before July 27, 2014, and at all times material, the Boy Scouts of America safety guidelines applied to all participants in official Scouting activities of the Boy Scouts of America, including METHODIST CHURCH participants.

16.     On or about July 27, 2014, and at all times material, Defendants knew, or should have known, through its authorized agents that individuals would be driving scout members of the to and from Philmont Scout Ranch.

17.     On or about July 27, 2014, and at all times material, Interstate *76* was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

18.     On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle.

19.     On or about July 27, 2014, and at all times material, Jarred Pai was a passenger in the motor vehicle being operated by COALTON GODWIN.

20.     On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico, where they both had participated in a hiking and camping trip.

21.     On or about July 27, 2014, and at all times material, the trip to Philmont

Scout Ranch was approved and authorized by ALISON GULDENZOPF acting in the scope and authority of the adult leader who acted as Chair of the Philmont Planning Committee for COLONA UNITED METHODIST CHURCH a/k/a Troop 312.

22.    Prior to July 27, 2014, and at all times material, an official Scouting trip to Philmont Scout Ranch was approved and authorized by METHODIST CHURCH by and through its agents and/or employees.

23.    On or about July 27, 2014, and at all times material, COALTON GODWIN served as an adult leader for aforesaid Philmont trip.

24.    On or about July 27, 2014, and at all times material, COALTON GODWIN was a participant in an official Scouting activity of the Boy Scouts of America.

25.    On or about July 27, 2014, and at all times material, Jarred Pai was a participant in an official Scouting activity of the Boy Scouts of America.

26.    On or about July 27, 2014, and at all times material, COALTON GODWIN was an agent and/or employee of COLONA UNITED METHODIST CHURCH a/k/a Troop 312.

27.    On or about July 27, 2014, and at all times material, COALTON GODWIN was an agent and/or employee of METHODIST CHURCH.

28.    On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with METHODIST CHURCH.

29.    On or about July 27, 2014, and at all times material, COALTON

GODWIN was acting within the course of his actual and/or apparent agency· and/or employment with METHODIST CHURCH.

30.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was an agent and/or employee of COLONA UNITED METHODIST CHURCH a/k/a Troop 312.

31.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was an agent and/or employee of METHODIST CHURCH.

32.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with METHODIST CHURCH.

33.     On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the course of his actual and/or apparent agency· and/or employment with METHODIST CHURCH.

34.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was the adult leader Chairperson of the COLONA TROOP 312 Philmont planning committee.

35.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF planned and approved the Philmont trip, including the travel arrangements to and from Philmont Scout Ranch.

36.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was an agent and/or employee of COLONA UNITED METHODIST CHURCH a/k/a Troop 312.

37.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was an agent and/or employee of METHODIST CHURCH.

38.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the scope and authority of her actual and/or apparent agency and/or employment with METHODIST CHURCH.

39.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the course of her actual and/or apparent agency· and/or employment with METHODIST CHURCH.

40.     On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

41.     On or about July 27, 2014, and at all times material, COALTON GODWIN was traveling back to ALISON GULDENZOPF'S and BRUCE GODWIN'S home in order to drop off the camping equipment where the Troop camping equipment is stored.

42.     On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the .motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

43.     On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

44.     On or about July 27, 2014, and at all times material, COALTON GODWIN

had a duty to exercise a reasonable degree of care in the operation of his motor vehicle so as to not cause harm to Jarred Pai.

45.    On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agent and/or employee, COALTON GODWIN, and each of them, was then and there negligent in one or more of the following respects:

a.    Operated the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

b.    Operated said vehicle without sufficient rest and while fatigued;

c.    Operated the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

d.    Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.    Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

f.    Negligently operated, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

g.    Failed to keep his automobile under sufficient and proper control;

h.    Moved his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

i.    Negligently utilized a cell phone while operating the vehicle;

j.    Failed to operate his motor vehicle within single lane of traffic;

k.    Failed to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in

violation of CRS 42-4-1007;

46.    On or about July 27, 2014, and at all times material, BRUCE GODWIN and
ALISON GULDENZOPF had a duty to exercise a reasonable degree of care in overseeing
and planning the Philmont trip.

47.    On or about July 27, 2014, and at all times material, BRUCE GODWIN and
ALISON GULDENZOPF had a duty to exercise a reasonable degree of care ensuring all
Boy Scout guidelines and rules, including those regarding travel, where properly planned for,
accounted for and that all participants were aware of and followed the same.

48.    On or about July 27, 2014, and at all times material, Defendant, by and through
its actual and/or apparent agents and/or employees, BRUCE GODWIN and ALISON
GULDENZOPF, and each of them, was then and there negligent in one or more of the
following respects:

  a.    Allowed COALTON GODWIN to operate the motor vehicle in
        which Jarred Pai was a passenger without complying with
        the Boy Scout guidelines and rules.

  b.    Allowed COALTON GODWIN to operate the motor vehicle in
        which Jarred Pai was a passenger in such a manner as to
        endanger the safety of Jarred Pai;

  c.    Allowed COALTON GODWIN to operate the motor vehicle in
        which Jarred Pai was a passenger without sufficient rest and
        while fatigued;

  d.    Failed to adequately recognize COALTON GODWIN'S fatigue and
        directed and allowed COALTON GODWIN to drive the vehicle in
        which Jarred Pai was a passenger.

  e.    Failed to properly plan travel arrangements to allow for sufficient
        rest and recovery following the Philmont activity.

  f.    Allowed COALTON GODWIN to operate the motor vehicle in

which Jarred Pai was a passenger at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

g.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

h.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

i.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without keeping a safe and proper lookout;

j.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to keep his automobile under sufficient and proper control;

k.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger to move his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

l.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger while utilizing a cell phone while operating the vehicle;

m.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to operate his motor vehicle within single lane of traffic;

n.    Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007.

o.    Failed to train and educate COALTON GODWIN on local and state laws and regulations relating to automobile travel in each state which would be travelled to and from Philmont Scout Ranch.

p.    Actively engaged in communications with COALTON GODWIN while he was operating the motor vehicle in which Jarred Pai was a passenger.

49.    As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant, by and through its actual and/or apparent agents and/or employees, COALTON GODWIN, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

50.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XVIII - INSTITUTIONAL NEGLIGENCE
### (Methodist Church)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendants THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312, pleading hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-43 of Count XVII as if full set forth herein as paragraphs 1-43.

44.     On or about July 27, 2014, and at all times material, Defendants had a duty to provide safe transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch.

45.     On or about July 27, 2014, and at all times material, Defendants had a duty to exercise a reasonable degree of care in the provision of transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch, so as to not cause harm to Jarred Pai.

46.     On or about July 27, 2014, and at all times material, Defendants where then and there negligent in one or more of the following respects:

a.   Failed to have internal policies, procedures, rules, regulations and/or guidelines regarding transportation of scouts and/or campers when fatigue may likely impair the safe operation and transport of boy scouts and campers;

b.   Failed to provide educational and/or training programs for persons transporting scouts and/or campers when said persons were fatigued related to scouting activities;

c.   Failed to alert and/or warn regarding policies, procedures, rules, regulations and/or guidelines relating to the recognition of, and adaptation to, fatigue caused from scouting activities and its effect on the ability to safely transport campers and boy scouts from overnight camping activities.

47.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

48.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendants THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum

jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XIX – WRONGFUL DEATH
### (Methodist Church)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendants THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312, pleading hypothetically and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-50 of Count XVII as if full set forth herein as paragraphs 1-50.

51.      ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to the Illinois Wrongful Death Act, 740, ILCS 180/1 et seq.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendants THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE

UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a

Colona United Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST

CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312, for such

sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum

jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

### COUNT XX–SURIVIAL
### (Methodist Church)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a

deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby

complaining of Defendants HE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE

OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United

Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS

GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST

CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United

Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST CHURCH, an

Illinois voluntary unincorporated association, a/k/a TROOP 312, pleading hypothetically

and in the alternative, states as follows:

1.      Plaintiff restates and realleges paragraphs 1-48 of Count XVII as if full set

forth herein as paragraphs 1-48.

49.      As a further direct and proximate result of one or more of the aforesaid

negligent acts and/ or omissions, Jarred Pai sustained injuries of a personal and pecuniary

nature, including conscious pain and suffering prior to his death on July 27, 2014, and had he

survived, he would have been entitled to bring this action for damages and this action

survives him.

50.     ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209

WHEREFORE, Plaintiff ERIC PAI as administrator of the THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312; and COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312, for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XXI-NEGLIGENCE
### (Coalton Godwin)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant, COALTON GODWIN, pleading hypothetically and in the alternative, states as follows:

1.     On or about July 27, 2014, and at all times material, Defendant COALTON GODWIN was an Illinois resident.

2.     On or before July 27, 2014, and at all times material, Boy Scouts of America promulgated a Guide to Safe Scouting, which included Boy Scouts of

America policies and procedures.

3.       On or before July 27, 2014, and at all times material, Boy Scouts of America maintained guidelines for automobile transportation.

4.       On or before July 27, 2014, and at all times material, the Boy Scouts of America transportation guidelines required drivers to obey all laws and take special precautions to assure that they were well-rested and attentive while operating their motor vehicles.

5.       On or before July 27, 2014, and at all times material, the Boy Scouts of America safety guidelines applied to all participants in official Scouting activities of the Boy Scouts of America, including Defendant.

6.       On or about July 27, 2014, and at all times material, Interstate *76* was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

7.       On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle owned by BRUCE GODWN and ALISON GULDENZOPF.

8.       COALTON GODWIN was a permissive user of the vehicle owned by BRUCE GODWIN and was at all times operating pursuant to said permission.

9.       On or about July 27, 2014, and at all times material, Jarred Pai was a passenger in the motor vehicle being operated by COALTON GODWIN.

10.      On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout

Ranch, in Cimarron, New Mexico, where they both had participated in a hiking and camping trip.

11.     On or about July 27, 2014, and at all times material, COALTON GODWIN served as an adult leader for aforesaid Philmont trip.

12.     On or about July 27, 2014, and at all times material, COALTON GODWIN was a participant in an official Scouting activity of the Boy Scouts of America.

13.     On or about July 27, 2014, and at all times material, Jarred Pai was a participant in an official Scouting activity of the Boy Scouts of America.

14.     On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

15.     On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

16.     On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

17.     On or about July 27, 2014, and at all times material, COALTON GODWIN had a duty to exercise a reasonable degree of care in the operation of his motor vehicle so as to not cause harm to Jarred Pai.

18.    On or about July 27, 2014, and at all times material, Defendant, COALTON

GODWIN, was then and there negligent in one or more of the following respects:

a.    Operated the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

b.    Operated said vehicle without sufficient rest and while fatigued;

c.    Operated the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

d.    Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.    Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

f.    Negligently operated, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

g.    Failed to keep his automobile under sufficient and proper control;

h.    Moved his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

i.    Negligently utilized a cell phone while operating the vehicle;

j.    Failed to operate his motor vehicle within single lane of traffic;

k.    Failed to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

19.    As a proximate result of one or more of the aforesaid acts and/or

omissions of Defendant, JARRED PAI sustained severe injuries of a personal, pecuniary

and permanent nature which resulted in his death on July 27, 2014.

20.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant COALTON GODWIN for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

## COUNT XXII-NEGLIGENCE
### (Bruce Godwin)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant, BRUCE GODWIN, pleading hypothetically and in the alternative, states as follows:

1.    On or about July 27, 2014, and at all times material, Defendant was an Illinois resident.

2.    On or about July 27, 2014, and at all times material, Interstate *76* was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

3.    On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle owned and maintained by BRUCE GODWIN and ALISON GULDENZOPF.

4.    On or about July 27, 2014, and at all times material, Jarred Pai was a

passenger in the motor vehicle being operated by COALTON GODWIN.

5.     On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico, where they both had participated in a hiking and camping trip.

6.     On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

7.     On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

8.     On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

9.     On or about July 27, 2014, and at all times material, BRUCE COALTON had a right and obligation to exercise a reasonable degree of control over the operation of his motor vehicle.

10.     On or about July 27, 2014, and at all times material, Defendant, , was then and there negligent in one or more of the following respects when he allowed and permitted COALTON GODWIN to:

    a.    Operate the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

b.    Operate said vehicle without sufficient rest and while fatigued;

c.    Operate the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

d.    Operate the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.    Operate the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

f.    Operate, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

g.    Fail to keep his automobile under sufficient and proper control;

h.    Move his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

i.    Utilized a cell phone while operating the vehicle;

j.    Fail to operate his motor vehicle within single lane of traffic;

k.    Fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

11.    On or about July 27, 2014, and at all times material, Defendant, was then and there further negligent when he:

a.    Communicated with COALTON GODWIN while COALTON GODWIN was operating the vehicle.
b.    Failed to maintain the vehicle in proper working order.

12.    As a proximate result of one or more of the aforesaid acts and/or

omissions of Defendant, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

13.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant COALTON GODWIN for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

### COUNT XXIII-NEGLIGENCE
#### (Alison Guldenzopf)

NOW COMES Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, by and through his attorneys, COLLISON LAW OFFICES, hereby complaining of Defendant, ALISON GULDENZOPF, pleading hypothetically and in the alternative, states as follows:

14.    On or about July 27, 2014, and at all times material, Defendant COALTON GODWIN was an Illinois resident.

15.    On or about July 27, 2014, and at all times material, Interstate *76* was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

16.    On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle owned and maintained by BRUCE GODWIN and ALISON GULDENZOPF.

17.     On or about July 27, 2014, and at all times material, Jarred Pai was a passenger in the motor vehicle being operated by COALTON GODWIN.

18.     On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico, where they both had participated in a hiking and camping trip.

19.     On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

20.     On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

21.     On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

22.     On or about July 27, 2014, and at all times material, BRUCE COALTON had a right and obligation to exercise a reasonable degree of control over the operation of his motor vehicle.

23.     On or about July 27, 2014, and at all times material, Defendant, was then and there negligent in one or more of the following respects when she allowed and permitted COALTON GODWIN to:

a.    Operate the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

b.    Operate said vehicle without sufficient rest and while fatigued;

c.    Operate the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

d.    Operate the  motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.    Operate the  motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

f.    Operate, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

g.    Fail to keep his automobile under sufficient and proper control;

h.    Move  his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

i.    Utilized a cell phone while operating the vehicle;

j.    Fail to operate his motor vehicle within single lane of traffic;

k.    Fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

24.    On or about July 27, 2014, and at all times material, Defendant, was then and there further negligent when she:

a.    Communicated with COALTON GODWIN while COALTON GODWIN was operating the vehicle.

b.    Failed to maintain the vehicle in proper working order.

25.     As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

26.     Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

WHEREFORE, Plaintiff ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, hereby demands judgment against Defendant COALTON GODWIN for such sum of money in excess of FIFTY THOUSAND DOLLARS $50,000.00 the minimum jurisdictional amounts of this Court, together with costs of bringing this lawsuit.

Respectfully submitted,

Robert D. Fink

**Collison Law Offices**
19 S. LaSalle St., Suite 1400
Chicago, Il 60603
312-229-1560
312-906-7615 (f)
rfink@collisonltd.com
Firm Id: 11352

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ERIC PAI as administrator of the Estate of Jarred Pai, a deceased    )
minor    )
     )
     )
Plaintiffs,    )
     )
vs.    )
     )
     )
BOY SCOUTS OF AMERICA, a corp.; ILLOWA COUNCIL,    )
INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit    )
Corp.; SAUKENUK DISTRICT, ILLOWA COUNCIL, INC.,    )
BOY SCOUTS OF AMERICA; COLONA TROOP AND CREW    )
312; COLONA UNITED METHODIST CHURCH a/k/a Troop    )
312; THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE    )
OF THE UNITED METHODIST CHURCH, d/b/a Colona United    )
Methodist Church a/k/a Troop 312; SPOON RIVER DISTRICT    )
OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE    )
OF THE UNITED METHODIST CHURCH, d/b/a Colona United    )
Methodist Church a/k/a Troop 312; COALTON GODWIN    )
individually and as Agent and/or Employee of BOY SCOUTS OF    )
AMERICA, a corp.; COALTON GODWIN individually and as    )
Agent and/or Employee of ILLOWA COUNCIL, INC., BOY    )
SCOUTS OF AMERICA; COALTON GODWIN individually and    )
as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA    )
COUNCIL, INC., BOY SCOUTS OF AMERICA; COALTON    )
GODWIN individually and as Agent and/or Employee of    )
COLONA TROOP AND CREW 312; COALTON GODWIN    )
individually and as Agent and/or Employee of COLONA UNITED    )
METHODIST CHURCH a/k/a TROOP 312; COALTON    )
GODWIN individually and as Agent and/or Employee of THE    )
ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE    )
UNITED METHODIST CHURCH, d/b/a Colona United Methodist    )
Church a/k/a Troop 312; COALTON GODWIN individually and    )
as Agent and/or Employee of SPOON RIVER DISTRICT OF THE    )
ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE    )
UNITED METHODIST CHURCH, d/b/a Colona United Methodist    )
Church a/k/a Troop 312; BRUCE GODWIN individually and as    )
Agent and/or Employee of BOY SCOUTS OF AMERICA, a corp.;    )
BRUCE GODWIN individually and as Agent and/or Employee of    )
ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA;    )
BRUCE GODWIN individually and as Agent and/or Employee of    )
SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY    )
SCOUTS OF AMERICA; BRUCE GODWIN individually and as    )
Agent and/or Employee of COLONA TROOP AND CREW 312;    )
BRUCE GODWIN individually and as Agent and/or Employee of    )
COLONA UNITED METHODIST CHURCH a/k/a TROOP 312;    )
BRUCE GODWIN individually and as Agent and/or Employee of    )

FILED 2016 JUL -8 PM 4: 19
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

2016L006770
CALENDAR/ROOM D
TIME 00:00
PI Motor Vehicle

THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF    )
THE UNITED METHODIST CHURCH, d/b/a Colona United    )
Methodist Church a/k/a Troop 312; BRUCE GODWIN    )
individually and as Agent and/or Employee of SPOON RIVER    )
DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL    )
CONFERENCE OF THE UNITED METHODIST CHURCH,    )
d/b/a Colona United Methodist Church a/k/a Troop 312; ALISON    )
GULDENZOPF individually and as Agent and/or Employee of    )
BOY SCOUTS OF AMERICA, a corp.; ALISON GULDENZOPF    )
individually and as Agent and/or Employee of ILLOWA    )
COUNCIL, INC., BOY SCOUTS OF AMERICA; ALISON    )
GULDENZOPF individually and as Agent and/or Employee of    )
SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY    )
SCOUTS OF AMERICA; ALISON GULDENZOPF individually    )
and as Agent and/or Employee of COLONA TROOP AND CREW    )
312; ALISON GULDENZOPF individually and as Agent and/or    )
Employee of COLONA UNITED METHODIST CHURCH a/k/a    )
TROOP 312; ALISON GULDENZOPF individually and as Agent    )
and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL    )
CONFERENCE OF THE UNITED METHODIST CHURCH,    )
d/b/a Colona United Methodist Church a/k/a Troop 312; and    )
ALISON GULDENZOPF individually and as Agent and/or    )
Employee of SPOON RIVER DISTRICT OF THE ILLINOIS    )
GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED    )
METHODIST CHURCH, d/b/a Colona United Methodist Church    )
a/k/a Troop 312    )
    )
    )
                                              Defendants.    )

## AFFIDAVIT

Under penalty of perjury, I, Robert D. Fink, state that the total of money damages sought in the above-captioned case exceeds Fifty Thousand and No/00 ($50,000.00) Dollars.

_____
Robert D. Fink

SUBSCRIBED and SWORN to before me this
___ day of _____, 2016.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Julianne M Rintz
Notary Public, State of Illinois
My Commission Expires 2/8/2019

COLLISON LAW OFFICES, LTD.
19 S LaSalle, Suite 1400
Chicago, IL 60603
(312) 229-1560
Attorney No. 11352