# Exhibit C

FILED
4/10/2018 4:27 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

## CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS
## CENTRAL DIVISION

| | |
|---|---|
| ERIC PAI, as Administrator of the Estate of JARRED PAI, a deceased minor,<br><br>                       Plaintiff,<br><br>v.<br><br>ILLOWA COUNCIL, INC., an Iowa not-for-profit organization, BOY SCOUTS OF AMERICA, a Congressionally chartered not-for-profit organization, COLONA UNITED METHODIST CHURCH, a/k/a Troop 312, THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, d/b/a Colona United Methodist Church a/k/a Troop 312, COALTON GODWIN, BRUCE GODWIN, and ALISON GULDENZOPF,<br><br>                       Defendants. | Case No. 2017 L 100 |

## DEFENDANT BOY SCOUTS OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

Defendant Boy Scouts of America ("BSA"), by its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Answer to Plaintiff's Complaint at Law:

## DEFENDANTS

1.    BOY SCOUTS OF AMERICA, a foreign corporation.

**ANSWER:    BSA admits the allegations of Paragraph 1.**

2.    ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit Corp.

**ANSWER:    BSA admits the allegations of Paragraph 2.**

3.    SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

2493039v.1

**ANSWER:**     **BSA admits the allegations of Paragraph 3.**

4.     COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

**ANSWER:**     **Upon information and belief, BSA admits the allegations of Paragraph 4.**

5.     COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312 and a Charter Organization of Boy Scout of America, Colona Troop and Crew 312

**ANSWER:**     **Upon information and belief, BSA admits that Colona United Methodist Church is an Illinois voluntary unincorporated association. BSA denies the remaining allegations of Paragraph 5.**

6.     THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312, and a Charter Organization of Boy Scout of America, Colona Troop and Crew 312

**ANSWER:**     **Upon information and belief, BSA admits that the Illinois Great Rivers Annual Conference of the United Methodist Church is an Illinois corporation. BSA denies the remaining allegations of Paragraph 6.**

7.     SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312 and a Charter Organization of Boy Scout of America, Colona Troop and Crew 312.

**ANSWER:**     **Upon information and belief, BSA admits that Spoon River District of the Illinois Great Rivers Annual Conference of the United Methodist Church is**

**an Illinois voluntary unincorporated association. BSA denies the remaining allegations of Paragraph 7.**

8.    COALTON GODWIN individually and as Agent and/or Employee of BOY SCOUTS OF AMERICA, a foreign corporation.

**ANSWER:    BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 8.**

9.    COALTON GODWIN individually and as Agent and/or Employee of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit Corp.

**ANSWER:    BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 9.**

10.    COALTON GODWIN individually and as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

**ANSWER:    BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 10.**

11.    COALTON GODWIN individually and as Agent and/or Employee of COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 11.**

12.    COALTON GODWIN individually and as Agent and/or Employee of COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312,

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 12.**

13.    COALTON GODWIN individually and as Agent and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 13.**

14.    COALTON GODWIN individually and as Agent and/or Employee of SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 14.**

15.     BRUCE GODWIN individually and as Agent and/or Employee of BOY SCOUTS OF AMERICA, a foreign corporation.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 15.**

16.     BRUCE GODWIN individually and as Agent and/or Employee of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit Corp.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 16.**

17.     BRUCE GODWIN individually and as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 17.**

18.     BRUCE GODWIN individually and as Agent and/or Employee of COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 18.**

19.     BRUCE GODWIN individually and as Agent and/or Employee of COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 19.**

20.     BRUCE GODWIN individually and as Agent and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 20.**

21.     BRUCE GODWIN individually and as Agent and/or Employee of SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 21.**

22.     ALISON GULDENZOPF individually and as Agent and/or Employee of BOY SCOUTS OF AMERICA, a foreign corporation.

**ANSWER:** **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 22.**

23.    ALISON GULDENZOPF individually and as Agent and/or Employee of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois Not-for-Profit Corp.

**ANSWER:** **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 23.**

24.    ALISON GULDENZOPF individually and as Agent and/or Employee of SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Illinois voluntary unincorporated association.

**ANSWER:** **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 24.**

25.    ALISON GULDENZOPF individually and as Agent and/or Employee of COLONA TROOP AND CREW 312, an Illinois voluntary unincorporated association.

**ANSWER:** **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 25.**

26.    ALISON GULDENZOPF individually and as Agent and/or Employee of COLONA UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, a/k/a TROOP 312,

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 26.**

27.    ALISON GULDENZOPF individually and as Agent and/or Employee of THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois Corp., d/b/a Colona United Methodist Church a/k/a Troop 312.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 27.**

28.    ALISON GULDENZOPF individually and as Agent and/or Employee of SPOON RIVER DISTRICT OF THE ILLINOIS GREAT RIVERS ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, an Illinois voluntary unincorporated association, d/b/a Colona United Methodist Church a/k/a Troop 312.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Paragraph 28.**

**COUNT I – NEGLIGENCE – AGENCY**
**(Boy Scouts of America)**

1.    On or about July 27, 2014, and at all times material, Defendant Boy Scouts of America was a corporation.

**ANSWER:**    **BSA admits that it is a non-profit corporation chartered by the United States government. BSA denies the remaining allegations of Count I, Paragraph 1.**

2.      On or about July 27, 2014, and at all times hereto, Boy Scouts of America conducted business in Cook County, Illinois through its own activities and its locally chartered councils.

**ANSWER:**      **BSA admits it conducts business in Cook County, Illinois only to the extent previously disclosed in BSA's answers to venue discovery. BSA denies the remaining allegations of Count I, Paragraph 2.**

3.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was a locally chartered council of Defendant Boy Scouts of America.

**ANSWER:**      **BSA admits the allegations of Count I, Paragraph 3.**

4.      On or about July 27, 2014, and at all times material, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA was an Illinois Not-for-Profit Corporation.

**ANSWER:**      **BSA admits the allegations of Count I, Paragraph 4.**

5.      On or about July 27, 2014, and at all times material, Boy Scouts of America was the parent organization of ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

**ANSWER:**      **BSA denies the allegations of Count I, Paragraph 5.**

6.      On or before July 27, 2014, and at all times material, Boy Scouts of America promulgated a Guide to Safe Scouting, which included Boy Scouts of America policies and procedures.

**ANSWER:**      **BSA admits only that, at all material times, a version of its Guide to Safe Scouting was in place and included BSA practices, policies and guidelines. BSA denies any and all remaining allegations of Count I, Paragraph 6.**

7.      On or before July 27, 2014, and at all times material, Boy Scouts of America maintained guidelines for automobile transportation.

**ANSWER:**      **BSA admits only that, at all material times, it maintained general guidelines for automobile transportation. BSA denies any and all remaining allegations of Count I, Paragraph 7.**

8.      On or before July 27, 2014, and at all times material, the Boy Scouts of America transportation guidelines required drivers to obey all laws and take special precautions to assure that they were well-rested and attentive while operating their motor vehicles.

**ANSWER:**      **BSA admits only that, at all material times, it maintained general guidelines for automobile transportation. BSA denies any and all remaining allegations of Count I, Paragraph 8.**

9.      On or before July 27, 2014, and at all times material, the Boy Scouts of America safety guidelines applied to all participants in official Scouting activities of the Boy Scouts of America.

**ANSWER:**      **BSA admits that it provided the Guide to Safe Scouting to participants of Scouting activities for their use. BSA denies the remaining allegations of Count I, Paragraph 9.**

10.      On or about July 27, 2014, and at all times material, Boy Scouts of America knew, or should have known, through its authorized agents and/or counsel affiliates, that individuals would be driving scout members to and from Philmont Scout Ranch.

**ANSWER:**       **BSA denies the allegations of Count I, Paragraph 10.**

11.     On or about July 27, 2014, and at all times material, Interstate 76 was a highway running generally in a east and west direction at or near mile point 110.5 within the State of Colorado.

**ANSWER:     Upon information and belief, BSA admits the allegations of Count I, Paragraph 11.**

12.     On or about July 27, 2014, and at all times material, COALTON GODWIN operated, managed, maintained, controlled and/or drove a Jeep Grand Cherokee motor vehicle.

**ANSWER:     Upon information and belief, BSA admits the allegations of Count I, Paragraph 12.**

13.     On or about July 27, 2014, and at all times material, Jarred Pai was a passenger in the motor vehicle being operated by COALTON GODWIN.

**ANSWER:     Upon information and belief, BSA admits the allegations of Count I, Paragraph 13.**

14.     On or about July 27, 2014, and at all times material, COALTON GODWIN was transporting Jarred Pai from an overnight Boy Scout camping trip at Philmont Scout Ranch, in Cimarron, New Mexico where they both had participated in a hiking and camping trip.

**ANSWER:     Upon information and belief, BSA admits Coalton Godwin was transporting Jarred Pai from an overnight camping trip at the Philmont Scout Ranch in Cimarron, New Mexico. BSA lacks sufficient knowledge to admit or deny the remaining allegations of Count I, Paragraph 14, and therefore neither admits nor denies the same but demands strict proof thereof.**

15.     On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by ALISON GULDENZOPF acting in the scope and authority of the adult leader who acted as Chair of the Philmont Planning Committee.

**ANSWER:     BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. Further answering, BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 15, and therefore neither admits nor denies the same but demands strict proof thereof.**

16.     On or about July 27, 2014, and at all times material, organized an official Scouting trip to Philmont Scout Ranch was approved and authorized by ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA by and through its Executive Board and/or other agents and/or employees.

**ANSWER:     BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 16, and therefore neither admits nor denies the same but demands strict proof thereof.**

17.     On or about July 27, 2014, and at all times material, the official Scouting trip to Philmont Scout Ranch was approved and authorized by SAUKENUK DISTRICT, ILLOWA COUNCIL, INC., BOY SCOUTS OF AMERICA.

**ANSWER:     BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 17, and therefore neither admits nor denies the same but demands strict proof thereof.**

18.     On or about July 27, 2014, and at all times material, the trip to Philmont Scout Ranch was approved and authorized by COLONA TROOP AND CREW 312.

**ANSWER:**    **BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 18, and therefore neither admits nor denies the same but demands strict proof thereof.**

19.    On or about July 27, 2014, and at all times material, COALTON GODWIN served as an adult leader for aforesaid Philmont trip.

**ANSWER:**    **BSA lacks sufficient knowledge to admit or deny the remaining allegations of Count I, Paragraph 19, and therefore neither admits nor denies the same but demands strict proof thereof.**

20.    On or about July 27, 2014, and at all times material, COALTON GODWIN was a participant in an official Scouting activity of the Boy Scouts of America.

**ANSWER:**    **Upon information and belief, BSA denies the allegations of Count I, Paragraph 20.**

21.    On or about July 27, 2014, and at all times material, Jarred Pai was a participant in an official Scouting activity of the Boy Scouts of America.

**ANSWER:**    **Upon information and belief, BSA denies the allegations of Count I, Paragraph 21.**

22.    On or about July 27, 2014, and at all times material, COALTON GODWIN was an agent and/or employee of Defendant.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 22.**

23.    On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 23.**

24.    On or about July 27, 2014, and at all times material, COALTON GODWIN was acting within the course of his actual and/or apparent agency and/or employment with Defendant.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 24.**

25.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was the Troop Master of COLONA TROOP 312.

**ANSWER:**    **Upon information and belief, BSA admits the allegations of Count I, Paragraph 25.**

26.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was the individual in charge of overseeing all COLONA TROOP 312 activities, including the planning of the Philmont trip.

**ANSWER:**    **BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 26, and therefore neither admits nor denies the same but demands strict proof thereof.**

27.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was an agent and/or employee of Defendant.

**ANSWER:    BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 27.**

28.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

**ANSWER:    BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 28.**

29.    On or about July 27, 2014, and at all times material, BRUCE GODWIN was acting within the course of his actual and/or apparent agency and/or employment with Defendant.

**ANSWER:    BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 29.**

30.    On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was the adult leader Chairperson of the COLONA TROOP 312 Philmont planning committee.

**ANSWER:    BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 30, and therefore neither admits nor denies the same but demands strict proof thereof.**

31.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF planned and approved the Philmont trip, including the travel arrangements to and from Philmont Scout Ranch.

**ANSWER:**     **BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 31, and therefore neither admits nor denies the same but demands strict proof thereof.**

32.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was an agent and/or employee of Defendant.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 32.**

33.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the scope and authority of his actual and/or apparent agency and/or employment with Defendant.

**ANSWER:**     **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 33.**

34.     On or about July 27, 2014, and at all times material, ALISON GULDENZOPF was acting within the course of his actual and/or apparent agency- and/or employment with Defendant.

**ANSWER:**    **BSA states that Plaintiff has improperly pled conclusions of law regarding agency and control. By way of further answer, BSA denies the allegations of Count I, Paragraph 34.**

35.    On or about July 27, 2014, and at all times material, COALTON GODWIN was operating the aforementioned motor vehicle eastbound on Illinois Interstate 76 at or around mile point 110.5.

**ANSWER:**    **Upon information and belief, BSA admits the allegations of Count I, Paragraph 35.**

36.    On or about July 27, 2014, and at all times material, COALTON GODWIN was traveling back to ALISON GULDENZOPF'S and BRUCE GODWIN'S home in order to drop off the camping equipment where the Troop camping equipment is stored.

**ANSWER:**    **BSA denies the allegations of Count I, Paragraph 36.**

37.    On or about July 27, 2014, and at all times material, Jarred Pai was sitting in the front passenger seat of the motor vehicle being operated by COALTON GODWIN; ALISON GULDENZOPF and BRUCE GODWIN having directed COALTON GODWIN to be the driver and Jarred Pai having been directed to be the front passenger.

**ANSWER:**    **Upon information and belief, BSA admits that, at all times material, Jarred Pai was sitting in the front passenger seat of a motor vehicle operated by Coalton Godwin. BSA lacks sufficient knowledge to admit or deny the remaining allegations of Count I, Paragraph 37, and therefore neither admits nor denies the same but demands strict proof thereof.**

38.     On or about July 27, 2014, the motor vehicle being operated by COALTON GODWIN entered the grassy dirt median, overcorrected to the right and overturned.

**ANSWER:**     **BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 38, and therefore neither admits nor denies the same but demands strict proof thereof.**

39.     On or about July 27, 2014, and at all times material, COALTON GODWIN had a duty to exercise a reasonable degree of care in the operation of his motor vehicle so as to not cause harm to Jarred Pai.

**ANSWER:**     **BSA states that duties arise by operation of law and not by allegation of the pleader. Further answering, BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 39, and therefore neither admits nor denies the same but demands strict proof thereof.**

40.     On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agent and/or employee, COALTON GODWIN, and each of them, was then and there negligent in one or more of the following respects:

a.     Operated the motor vehicle in such a manner as to endanger the safety of Jarred Pai;

b.     Operated said vehicle without sufficient rest and while fatigued;

c.     Operated the motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

d.     Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

e.     Operated the motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

    f.      Negligently operated, managed and/or controlled his motor vehicle without keeping a safe and proper lookout;

    g.     Failed to keep his automobile under sufficient and proper control;

    h.     Moved his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

    i.      Negligently utilized a cell phone while operating the vehicle;

    J.     Failed to operate his motor vehicle within single lane of traffic;

    k.     Failed to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007;

**ANSWER:**   **BSA denies the allegations of Count I, Paragraph 40, inclusive of sub-paragraphs (a) through (k).**

41.    On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care in overseeing and planning the Philmont trip.

**ANSWER:**   **BSA states that duties arise by operation of law and not by allegation of the pleader. Further answering, BSA lacks sufficient knowledge to admit or deny the allegations of Count I, Paragraph 41, and therefore neither admits nor denies the same but demands strict proof thereof.**

42.    On or about July 27, 2014, and at all times material, BRUCE GODWIN and ALISON GULDENZOPF had a duty to exercise a reasonable degree of care ensuring all Boy Scout guidelines and rules, including those regarding travel, where properly planned for, accounted for and that all participants were aware of and followed the same.

**ANSWER:**   **BSA states that duties arise by operation of law and not by allegation of the pleader. Further answering, BSA lacks sufficient knowledge to admit or deny**

**the allegations of Count I, Paragraph 42, and therefore neither admits nor denies the same but demands strict proof thereof.**

43.     On or about July 27, 2014, and at all times material, Defendant, by and through its actual and/or apparent agents and/or employees, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, was then and there negligent in one or more of the following respects:

a.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without complying with the Boy Scout guidelines and rules.

b.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to endanger the safety of Jarred Pai;

c.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without sufficient rest and while fatigued;

d.     Failed to adequately recognize COALTON GODWIN'S fatigue and directed and allowed COALTON GODWIN to drive the vehicle in which Jarred Pai was a passenger.

e.     Failed to properly plan travel arrangements to allow for sufficient rest and recovery following the Philmont activity.

f.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger at a speed which was greater than was reasonable and proper with regard to traffic conditions and use of the roadway, contrary to and in violation of Colorado Revised Statute (CRS) 42-4-1101;

g.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances;

h.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances in violation of CRS 42-4-1402;

i.     Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger without keeping a safe and proper lookout;

j.      Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to keep his automobile under sufficient and proper control;

k.      Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger to move his vehicle from the lane of travel without ascertaining whether such movement could be made safely;

l.      Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger while utilizing a cell phone while operating the vehicle;

m.      Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to operate his motor vehicle within single lane of traffic;

n.      Allowed COALTON GODWIN to operate the motor vehicle in which Jarred Pai was a passenger in such a manner as to fail to ascertain the movement of his motor vehicle from one lane to another could be made with safety, contrary to and in violation of CRS 42-4-1007.

o.      Failed to train and educate COALTON GODWIN on local and state laws and regulations relating to automobile travel in each state which would be travelled to and from Philmont Scout Ranch.

p.      Actively engaged in communications with COALTON GODWIN while he was operating the motor vehicle in which Jarred Pai was a passenger.

**ANSWER:**      **BSA denies the allegations of Count I, Paragraph 43, inclusive of sub-paragraphs (a) through (p).**

44.      As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant, by and through its actual and/or apparent agents and/or employees, COALTON GODWIN, BRUCE GODWIN and ALISON GULDENZOPF, and each of them, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

**ANSWER:**      **BSA denies the allegations of Count I, Paragraph 44.**

45.      Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow

**ANSWER:**    **BSA denies the allegations of Count I, Paragraph 45.**

WHEREFORE, Defendant BOY SCOUTS OF AMERICA asks this Court to dismiss Plaintiff's Complaint at Law with prejudice, that judgment be entered in its favor and against the Plaintiff, and that this Court award any such other relief as it deems equitable and just.

## COUNT II – INSTITUTIONAL NEGLIGENCE
### (Boy Scouts of America)

1.      Plaintiff restates and realleges paragraphs 1-38 of Count I as if full set forth herein as paragraphs 1-38.

**ANSWER:**    **BSA re-alleges and incorporates its answers to Paragraphs 1 – 38 of Count I as if fully set forth herein.**

39.      On or about July 27, 2014, and at all times material, Boy Scouts of America had a duty to provide safe transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch.

**ANSWER:**    **BSA states that duties arise by operation of law and not by allegation of the pleader. Further answering, BSA denies the allegations of Count II, Paragraph 39.**

40.      On or about July 27, 2014, and at all times material, Boy Scouts of America had a duty to exercise a reasonable degree of care in the provision of transportation to and from all of its events, including the aforementioned trip to and from Philmont Scout Ranch, so as to not cause harm to Jarred Pai.

**ANSWER:**    **BSA states that duties arise by operation of law and not by allegation of the pleader. Further answering, BSA denies the allegations of Count II, Paragraph 40.**

41.    On or about July 27, 2014, and at all times material, Defendant BOY SCOUTS OF AMERICA was then and there negligent in one or more of the following respects:

   a.    Failed to have internal policies, procedures, rules, regulations and/or guidelines regarding transportation of scouts and/or campers when fatigue may likely impair the safe operation and transport of boy scouts and campers;

   b.    Failed to provide educational and/or training programs for persons transporting scouts and/or campers when said persons were fatigued related to scouting activities;

   c.    Failed to alert and/or warn regarding policies, procedures, rules, regulations and/or guidelines relating to the recognition of, and adaptation to, fatigue caused from scouting activities and its effect on the ability to safely transport campers and boy scouts from overnight camping activities.

**ANSWER:**    **BSA denies the allegations of Count II, Paragraph 41, inclusive of sub-paragraphs (a) through (c).**

42.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, JARRED PAI sustained severe injuries of a personal, pecuniary and permanent nature which resulted in his death on July 27, 2014.

**ANSWER:**    **BSA denies the allegations of Count II, Paragraph 42.**

43.    Jarred Pai, decease, left heirs surviving him, who has and will continue to suffer damages of a personal and pecuniary nature, including loss of society of Jarred Pai and significant grief and sorrow.

**ANSWER:**    **BSA denies the allegations of Count II, Paragraph 43.**

WHEREFORE, Defendant BOY SCOUTS OF AMERICA asks this Court to dismiss Plaintiff's Complaint at Law with prejudice, that judgment be entered in its favor and against the Plaintiff, and that this Court award any such other relief as it deems equitable and just.

## COUNT III – WRONGFUL DEATH
### (Boy Scouts of America)

1.      Plaintiff restates and realleges paragraphs 1-45 of Count I as if full set forth herein as paragraphs 1-45.

**ANSWER:     BSA re-alleges and incorporates its answers to Paragraphs 1 – 45 of Count I as if fully set forth herein.**

46.      ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to the Illinois Wrongful Death Act, 740, ILCS 180/1 et seq.

**ANSWER:     BSA states that the allegations of Count III, Paragraph 46 are legal conclusions to which no response is required.**

WHEREFORE, Defendant BOY SCOUTS OF AMERICA asks this Court to dismiss Plaintiff's Complaint at Law with prejudice, that judgment be entered in its favor and against the Plaintiff, and that this Court award any such other relief as it deems equitable and just.

## COUNT IV – SURVIVAL
### (Boy Scouts of America)

1.      Plaintiff restates and realleges paragraphs 1-43 of Count I as if full set forth herein as paragraphs 1-43.

**ANSWER:     BSA re-alleges and incorporates its answers to Paragraphs 1 – 43 of Count I as if fully set forth herein.**

44.      As a further direct and proximate result of one or more of the aforesaid negligent acts and/ or omissions, Jarred Pai sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on July 27, 2014, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

**ANSWER:**    BSA denies the allegations of Count IV, Paragraph 44.

45.    ERIC PAI as administrator of the Estate of Jarred Pai, a deceased minor, brings this cause of action pursuant to pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209

**ANSWER:**    BSA states that the allegations of Count IV, Paragraph 45 are legal conclusions to which no response is required.

WHEREFORE, Defendant BOY SCOUTS OF AMERICA asks this Court to dismiss Plaintiff's Complaint at Law with prejudice, that judgment be entered in its favor and against the Plaintiff, and that this Court award any such other relief as it deems equitable and just.

## COUNT V – NEGLIGENCE – AGENCY
### (Illowa Council Inc., Boy Scouts of America)

Count V of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT VI – INSTITUTIONAL NEGLIGENCE
### (Illowa Council Inc., Boy Scouts of America)

Count VI of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT VII – WRONGFUL DEATH
### (Illowa Council Inc., Boy Scouts of America)

Count VII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT VIII – SURVIVAL
### (Illowa Council Inc., Boy Scouts of America)

Count VIII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT IX – NEGLIGENCE – AGENCY
### (Saukenuk District)

Count IX of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT X – INSTITUTIONAL NEGLIGENCE
### (Saukenuk District)

Count X of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XI – WRONGFUL DEATH
### (Saukenuk District)

Count XI of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XII – SURVIVAL
### (Saukenuk District)

Count XII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XIII – NEGLIGENCE – AGENCY
### (Colona Troop 312)

Count XIII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XIV – INSTITUTIONAL NEGLIGENCE
### (Colona Troop 312)

Count XIV of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XV – WRONGFUL DEATH
### (Colona Troop 312)

Count XV of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XVI – SURVIVAL
### (Colona Troop 312)

Count XVI of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

### COUNT XVII – NEGLIGENCE – AGENCY
**(Methodist Church)**

Count XVII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

### COUNT XVIII – INSTITUTIONAL NEGLIGENCE
**(Methodist Church)**

Count XVIII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

### COUNT XIX – WRONGFUL DEATH
**(Methodist Church)**

Count XIX of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

### COUNT XX – SURVIVAL
**(Methodist Church)**

Count XX of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

### COUNT XXI – NEGLIGENCE
**(Coalton Godwin)**

Count XXI of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XXII – NEGLIGENCE
### (Bruce Godwin)

Count XXII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## COUNT XXIII – NEGLIGENCE
### (Alison Guldenzopf)

Count XXIII of Plaintiff's Complaint at Law is not directed to Boy Scouts of America, and therefore no response is required. To the extent that any of the allegations contained in said Count can construe liability against this Defendant, it is specifically denied.

## AFFIRMATIVE DEFENSES

Defendant Boy Scouts of America ("BSA"), by its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Affirmative Defenses to Plaintiff's Complaint at Law ("Complaint") states as follows:

## FIRST AFFIRMATIVE DEFENSE
### *(Sole Proximate Cause)*

1.    On or about July 27, 2014, Coalton Goodwin operated and controlled a Jeep Grand Cherokee motor vehicle on Interstate 76 in the state of Colorado.

2.    On or about July 27, 2014, Jarred Pai was a passenger in the motor vehicle operated by Coalton Goodwin.

3.    Upon information and belief, on or about July 27, 2014, without contact to or with any other motor vehicle, the Jeep Grand Cherokee operated and controlled by Coalton Goodwin overturned, causing injury to Jarred Pai.

4.    BSA was not present at or involved in the single-vehicle accident that occurred on or about July 27, 2014.

5.      BSA is not liable to Plaintiff for his claimed damages as such damages, if any, were not proximately caused by BSA.

WHEREFORE, Defendant BOY SCOUTS OF AMERICA asks this Court to dismiss Plaintiff's Complaint at Law with prejudice, that judgment be entered in its favor and against the Plaintiff, and that this Court award any such other relief as it deems equitable and just.

Defendant BOY SCOUTS OF AMERICA reserves the right to assert additional affirmative defenses as they become known through discovery.

**BOY SCOUTS OF AMERICA**

By: _____/s/ Courtney L. Litchfield_____
*One of Its Attorneys*

Charles W. Planek, 6181259
Courtney L. Litchfield, 6324251
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 *p*
charles.planek@wilsonelser.com
courtney.litchfield@wilsonelser.com

<u>Certificate of Service</u>

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that a true and correct copy of the foregoing instrument was served on the attorneys of record at their respective business addresses, via email, on April 10, 2018.

**Colona United Methodist Church and**
**The Illinois Great Rivers Annual Conference**
**of the United Methodist Church**

**Plaintiff**

Robert D. Fink
Collison Law Offices, Ltd.
19 S LaSalle St, Ste 1400
Chicago, IL 60603
312.229.1560
rfink@collisonltd.com

Charles P. Rantis
Johnson Bell Ltd.
33 W Monroe St, Ste 2700
Chicago, IL 60603
312.372.0770
rantisc@jbltd.com

**Alison Guldenzopf, Coalton Godwin, and**
**Bruce Godwin**

Jon Yambert
Chilton Yambert Porter, LLP
303 W Madison St, Ste 2300
Chicago, IL 60606
312.460.8000
jyambert@cyp-law.com

/s/ Aimée LaFave