# EXHIBIT 1

Case 20-10343-LSS    Doc 1490-2    Filed 10/12/20    Page 2 of 4

**From:** Buchbinder, David (USTP) [mailto:David.L.Buchbinder@usdoj.gov]
**Sent:** Thursday, October 01, 2020 8:47 AM
**To:** Rachel B. Mersky; Beville, Sunni P.
**Cc:** McCollum, Hannah (USTP)
**Subject:** Coalition Motion re: POC signatures DE1388

Good morning,

I have reviewed the above motion filed overnight. I'm wondering why it was even filed.

Paragraph 4(b) of the Bar Date order does require the signature of the SAS (sexual abuse survivor) but the approved POC permits signature by the claimant's legal representative. See page 60 of the Bar Date order and the SAS POC. The only requirement for a filing by a claimant's legal representative, set forth in the form, is:  (Any form signed by a representative or legal guardian must attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)

Based upon this, it would appear that the relief sought in your motion already exists and the Motion should be withdrawn as unnecessary and moot. The form is consistent with the Rules, Official Form 410 and the local rules.

If you still believe this motion is necessary after reviewing the approved POC, please explain.

Thank you for your prompt response.

David L. Buchbinder
Trial Attorney
Office of the United States Trustee
844 King Street, Ste. 2207
Wilmiington, DE 19801
Telephone:  302-573-6541
Email: David.L.Buchbinder@usdoj.gov

**From:** Rachel B. Mersky
**Sent:** Thursday, October 01, 2020 4:53 PM
**To:** 'Buchbinder, David (USTP)'; Beville, Sunni P.
**Cc:** McCollum, Hannah (USTP)
**Subject:** RE: Coalition Motion re: POC signatures DE1388

Good Afternoon.David,

We believed that there was some confusion regarding the bardate and proof of claim form.  To confirm our understanding, we reached out to counsel to the Debtors, the UCC, the TCC and the FCR prior to filing our Motion to confirm the requirement given that the proof of claim form appears to be inconsistent with the Bar Date Notice (which requires proof of claim to be signed by the sexual abuse victim).  They each noted that the signature of  the  sexual abuse victim is required under the Bar Date Notice and Order approved by the Court. We now understand that the form authorizes the filing by an authorized agent or attorney only in the event the claimant is incompetent, deceased or a minor. We were also informed that the insurers would likely object strongly to our requested relief.

We feel the requirement for signature by the sexual abuse victim is not consistent with Rule 3001 and it is a significant issue for sexual abuse survivors, particularly with the additional problems created by COVID. We would appreciate the support of the US Trustee and we  will be glad to discuss this with you further .

Rachel

Rachel B. Mersky, Esquire
Monzack Mersky Browder and Hochman, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

IMPORTANT NOTICE: This email, including all attachments, may contain attorney-client communications or other privileged, confidential, protected, and/or non-public information. If you are not an intended recipient (even if it was sent to your email address), please notify the sender by replying to this message and then deleting it. Unintended recipients may not use, store, reproduce, distribute, disseminate, or retransmit this message or its contents.

IRS CIRCULAR 230 NOTICE: Unless otherwise specifically stated, U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Buchbinder, David (USTP) [mailto:David.L.Buchbinder@usdoj.gov]
**Sent:** Thursday, October 01, 2020 8:47 AM
**To:** Rachel B. Mersky; Beville, Sunni P.
**Cc:** McCollum, Hannah (USTP)
**Subject:** Coalition Motion re: POC signatures DE1388

Good morning,

I have reviewed the above motion filed overnight.  I'm wondering why it was even filed.

Paragraph 4(b) of the Bar Date order does require the signature of the SAS (sexual abuse survivor) but the approved POC permits signature by the claimant's legal representative. See page 60 of the Bar Date order and the SAS POC.  The only requirement for a filing by a claimant's legal representative, set forth in the form, is:  (Any form signed by a representative or legal guardian must attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)

Based upon this, it would appear that the relief sought in your motion already exists and the Motion should be withdrawn as unnecessary and moot. The form is consistent with the Rules, Official Form 410 and the local rules.

If you still believe this motion is necessary after reviewing the approved POC, please explain.

Thank you for your prompt response.


David L. Buchbinder
Trial Attorney
Office of the United States Trustee
844 King Street, Ste. 2207
Wilmiington, DE 19801
Telephone:  302-573-6541
Email: David.L.Buchbinder@usdoj.gov