IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE Boy Scouts, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket. No. 1491** |

**CENTURY'S OPPOSITION TO THE COALITION'S MOTION FOR LEAVE TO FILE OMNIBUS REPLY TO THE OBJECTIONS TO MOTION FOR ORDER PERMITTING FILING OF PROOF OF CLAIM FORMS SIGNED BY AUTHORIZED COUNSEL**

The Coalition's motion for leave to file an Omnibus Reply [D.I. 1491] should be denied as the Omnibus Reply misstates the law and facts and does not address any new arguments.

***First,*** the Coalition incorrectly quotes the language of Rule 3001(b). D.I. 1490 ¶ 28. The Rule states: "A proof of claim ***shall*** be executed by the creditor or the creditor's authorized agent . . . ." Fed. R. Bankr. P. 3001(b). But the Coalition misquotes this language as "A proof of claim ***may*** be executed by the creditor or the creditor's authorized agent . . . ." D.I. 1490 ¶ 28. This is not a distinction without a difference: the Rule's language is directed at creditors, and contemplates two forms in which courts can choose to accept proofs of claim: signed by a creditor or the creditor's authorized agent. The Coalition's misquoted version has the Rule granting affirmative permission for the creditor to, in all cases, choose one or the other. Given that the Coalition's argument hinges on the supposed "violation" Rule 3001, this distinction is critical.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

*Second,* much of the Coalition's reply brief argues from the incorrect premise that Century (and the other objectors) "make it clear that *their* understanding is that the Sexual Abuse Survivor Proof of Claim is *not* consistent with Rule 3001(b)." D.I. 1490 ¶ 24. Century made no such concession. Rather, Century explicitly argued that "nothing in the Bankruptcy Rules prohibits the language the Court adopted in either its Order or the Proof of Claim Form" and that "nothing in the language of Rule 3001(b) *mandates* that the Court accept an attorney's signature in place of the claimant's on a proof of claim." D.I. 1463 at 2, 14. While the Coalition is free to, and clearly does, disagree with Century's reading of Rule 3001(b), it is not free to ascribe to Century a position it did not take.

*Third,* the Coalition misrepresents the TCC's argument at the May 18, 2020 hearing, implying that the TCC was speaking about Rule 3001(b) when it was clearly not. D.I. 1490 ¶¶ 18–19. The controversy at the May 18 hearing, as the Court is aware, centered around 3001(f) and 11 U.S.C. § 502 and whether those provisions mandated proofs of claim in all cases getting prima facie effect.

*Fourth,* the Coalition continues to purport to speak for the United States Trustee and improperly exhibits and quotes from an *ex parte* communication with the U.S. Trustee. In its last filing, as Century pointed out, the Coalition affirmatively misrepresented the U.S. Trustee's position by claiming that "the U.S. Trustee supports" the Coalition's motion. D.I. 1429 at 2. This is demonstrably false, as the U.S. Trustee stated plainly that he "takes no position on how the Court should rule." D.I. 1424 at 6. The Coalition does not correct its misstatement in its reply brief. Rather, in its second attempt, the Coalition continues to ignore the Trustee's clearly stated position, implying that the U.S. Trustee was somehow misled. D.I. 1490 ¶¶ 4, 54. But this implication is not supported by the U.S. Trustee's only official statement on the issue,

which, again, takes no position on the merits of the Coalition's argument.  D.I. 1424; D.I. 1490-2.

WHEREFORE, the Coalition's motion for leave and its motion to amend the bar date should be denied.

Dated:  October 13, 2020                                             Respectfully Submitted,

By:  */s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*