IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE Boy Scouts, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 1479** |

**CENTURY'S OBJECTION TO PROPOSED FORM OF ORDER APPROVING THE STIPULATION REGARDING MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS**

The Debtors excluded Century from negotiation of the Stipulation that it filed with the Court on Sunday, October 11, 2020.[2] Although Century requested a draft of the Stipulation prior to its submission, the Debtors declined this request also. By this Stipulation, the Debtors and any Local Councils that individually consent, agree to search for and provide various documents to the TCC.

The Debtors do not explain why an order is necessary, what they intend to produce or what they contemplate approval of the stipulation means in this context. Century submits that no order is necessary. If an order is entered, however, Century respectfully requests that the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] On October 11, 2020, Debtors, the Ad Hoc Committee of Local Councils, and the Tort Claimants' Committee ("TCC") submitted the *Stipulation Regarding Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for An Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils* (the "Stipulation") for the Court's approval. D.I. 1479.

1

following language be added to the Debtors' proposed order to clarify that the Court is neither ordering nor granting permission to either the Debtors or any Local Council to disclose privileged information by entry of its order:

> Nothing in this order shall be read to authorize any Party to produce documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege."

This Court included the same language to the Protective Order entered on June 8, 2020: "Nothing in this order shall be read to authorize any Party to produce documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege." D.I. 799-1 ¶ 8.5. Century simply seeks the same assurances with respect to this Stipulation.

The communications among insurers and Debtors implicating the defense are privileged as to the Tort Claimants, as this Court held in *In re Imerys*.[3] As the Court held there, because "any documents produced . . . in this litigation will come into the hands of an adversary in the underlying tort litigation," certain privileged documents may not be produced, including insurer-insured communications containing legal analysis and attorney work product regarding underlying tort litigation.[4] The ruling applied to attorney-client communications involving underlying defense counsel and communications between insurers and Debtors that contained

---

[3] *See In re Imerys*, Adv. No. 19-50115-LSS, Dkt. 159, Order on Privileged Documents at 10; *John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL-CIO,* 913 F.2d 544, 556 (8th Cir. 1990) (holding that one party cannot waive common interest privilege of a document shared by another party, noting that "[i]t is fundamental that the joint defense privilege cannot be waived without the consent of all parties to the defense") (internal quotation marks and citation omitted).

[4] *In re Imerys*, Adv. No. 19-50115-LSS, Dkt. 159, Order on Privileged Documents at 13.

privileged attorney work product that could not be disclosed to the Debtors' adversaries in the tort system.[5]

Dated: October 13, 2020                                            Respectfully Submitted,

                                                  By:  /s/ Stamatios Stamoulis
                                                         Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:   302 999 1540
Facsimile:   302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:   212 326 2000
Facsimile:   212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

---

[5] *See id.* at 14–15 (concluding that the coverage/reservation of rights letters are work product and may not be disclosed to the Tort Claimants).