**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re Docket Nos. 695, 1388, 1450,1460,1463, 1478 |

**CORRECTED[2] OMNIBUS REPLY OF THE COALITION OF ABUSED
SCOUTS FOR JUSTICE TO OBJECTIONS TO MOTION FOR
ORDER PERMITTING FILING OF PROOF OF CLAIM FORMS SIGNED
BY AUTHORIZED COUNSEL IN ACCORDANCE WITH BANKRUPTCY CODE
SECTIONS 501 AND 502, BANKRUPTCY RULE 3001, AND OFFICIAL FORM 410**

The Coalition of Abused Scouts for Justice (the "Coalition"), by its undersigned counsel, hereby submits this omnibus Reply to the objections[3] to *Motion for Order Permitting Filing of Proof of Claim Forms Signed by Authorized Counsel in Accordance with Bankruptcy Code Sections 501 and 502, Bankruptcy Rule 3001, and Official Form 410* (the "Motion") [Docket No. 1388].[4] In support of this Reply and the Motion, the Coalition respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] This corrects the quote for Rule 3001(b) to insert the word "shall" in place of the word "may".

[3] Objections to the Motion were filed by the Official Committee of Tort Claimants (the "TCC") [Docket No. 1465] (the "TCC Objection"), Century et al. ("Century") [Docket No. 1463] (the "Century Objection"), Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") [Docket No. 1460] (the "Hartford Objection"), and the Debtors [Docket No. 1478-1] (the "Debtors' Objection"). The foregoing objections are referred to herein collectively as the "Objections." Century and Hartford are referred to herein as the "Insurers." A response to the Motion was also filed by the United States Trustee (the "U.S. Trustee") [Docket No. 1424] (the "U.S. Trustee Response").

[4] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion or in the *Order, Pursuant to 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [D.I. 695] (the "Bar Date Order").

**PRELIMINARY STATEMENT**

1.     The TCC, the Insurers, and the Debtors assert that the Bar Date Order generally prohibits Sexual Abuse Survivor Proofs of Claim from being executed by authorized counsel. The TCC, the Insurers, and the Debtors *all* contend that they were aware of this when the Bar Date Order was offered to the Court and entered, and that this intentional violation of Rule 3001(b) was the product of negotiations among them.

2.     The TCC further asserts that changing the Bar Date Order to permit authorized counsel to sign claim forms would constitute a "material change." TCC Objection at ¶ 22. By simple and indisputable implication, this means that the TCC knew that changing Official Form 410 to preclude authorized counsel from signing was not a "minor change" and, therefore, violated Rule 3001(b) and Rule 9009(a), as amended in 2017. The TCC, the Insurers, and the Debtors do not cite *any* authority demonstrating (let alone indicating) that Rule 3001(b) can be negated. Rather, their position is that nothing should be done now to bring the Bar Date Order into compliance with Bankruptcy Rule 3001(b).

3.     The issue is whether the TCC's, the Insurers' and the Debtors' violation of Rule 3001(b) and Rule 9009(a) was adequately disclosed. The answer appears to be "no."

4.     The U.S. Trustee asked the Coalition to withdraw the Motion soon after it was filed stating: "[I]t would appear that the relief sought in your [M]otion already exists and the Motion should be withdrawn as unnecessary and moot. The form is consistent with the Rules, Official Form 410 and the local rules." *See* Mersky Decl. at Ex. 1. The U.S Trustee also stated that "the approved POC permits signature by the claimant's legal representative. … The only requirement for a filing by a claimant's legal representative, set forth in the form, is: (Any form signed by a representative or legal guardian must attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)" *Id.* The U.S. Trustee,

however, now states that providing clarity on this issue would be "helpful to the overall administration of the estate." U.S. Trustee Response at 2. There is no evidence that the TCC, the Insurers or the Debtors directly and clearly apprised the U.S. Trustee of their intent to negate Rule 3001(b) in these Chapter 11 Cases, thereby making it more difficult for Sexual Abuse Survivors to file proofs of claim.

5. Indeed, the transcript for the hearing held before the Court on May 18, 2020 indicates that the TCC, the Insurers, and the Debtors never advised the Court of their intent to override Rule 3001(b). May 18th Hr'g Tr. at 48:20-51:6-9. In fact, the statements made by the TCC's counsel and the Court indicated precisely the opposite—the expectation was that the Bar Date Order would not violate or be inconsistent with Bankruptcy Rule 3001 or section 502 of the Bankruptcy Code.

6. When the Coalition filed its Motion, it hoped that the relief sought would not be controversial. Nearly every trade creditor and bondholder that files proofs of claim in cases pending in this District has the right to submit claims signed by authorized counsel. Why should victims of sexual abuse be denied a right that the Bankruptcy Rules explicitly recognizes, particularly during a global pandemic? The Coalition also hoped that the TCC would indicate that the violation of Rule 3001(b) was not intentional and support the Motion.

7. The TCC, the Insurers, and the Debtors have now made it abundantly clear that precluding authorized counsel from signing Sexual Abuse Survivor Proofs of Claim was an intentional and material change to the claim form—*i.e.*, this is what they intended all along. This Court plainly has the authority to remedy the violation of Rule 3001(b) and Rule 9009(a) and should do so to protect the rights of Sexual Abuse Survivors and uphold the fair and just application of the Bankruptcy Rules in these Chapter 11 Cases.

## REPLY

### A. The Civil Rules Permits the Court to Remedy the Rule 3001(b) Violation

8. The TCC and Century argue that correcting the Rule 3001(b) violation now would be improper under Civil Rule 60(b). TCC Objection at ¶ 3; Century Objection at 9. Hartford makes the same argument but invokes Civil Rule 59(e) instead. Hartford Objection at ¶¶ 18-19.

9. Civil Rule 60(b), as made applicable by Bankruptcy Rule 9024, provides that the Court may relieve a party or its legal representatives from a final order or an order based on "mistake," "misrepresentation," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The power of a court to invoke Rule 60(b) to vacate its own earlier judgment is unquestioned." *In re Energy Future Holdings Corp.*, 575 B.R. 616, 630 (Bankr. D. Del. 2008) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008)). "Bankruptcy courts, as courts of equity, have the power to reconsider, modify, or vacate their previous orders so long as no intervening rights have become vested on the orders." *In re G-I Holdings, Inc.*, 472 B.R. 263, 278 (Bankr. D. N.J. 2012). Here, the Bar Date has not passed, and no claim objections have been filed on the basis that an attorney executed a proof of claim.

10. The "critical issue" is whether the Court misunderstood the facts supporting the entry of the order in question. *Id.* at 631. For example, in *Energy Future*, the Court entered an order approving a "Termination Fee" in connection with a proposed transaction. *Id.* The Court subsequently overturned this order because it had "a fundamental misunderstanding of the critical facts" when it approved the Termination Fee, and "if the Court had understood these critical facts" it would have ruled differently. *Id.* at 632-33.

11. The Court noted in that "[d]espite the Court's direct question as to whether the Termination Fee would be payable if the PUCT [Public Utility Commission of Texas] declined to approve the … Transaction, the record [was] incomplete and confusing on that fundamental

point." *Id.* at 632. The Court further noted that "[d]espite the obvious confusion" on this point "neither the Debtors" nor the relevant parties "sought to clarify the record" and "affirmatively state[d]" that the purchaser "would receive the Termination Fee if the Debtors terminated the Merger Agreement." *Id.* The Court held that "the critical issue is whether the court misapprehended the facts, not whether the record may be complete" as to the issue. *Id.* at 631.

12. Further, as was the case during the May 18th Bar Date Motion hearing in this case, "no facts were sufficiently drawn to the Court's attention such that the Court might have realized the point on its own accord." *Id.* at 633. "More was required by the Debtors and [other parties] in order for them to rely on the record to refute the Court's own misunderstanding—whether justified or not." *Id.* at 633.

13. Other Courts have similarly decided that failure to disclose material information to the Court is grounds to vacate orders under Civil Rule 60(b). *See*, *e.g.*, *In re eToys, Inc.*, 331 B.R. 176, 188 (Bankr. D. Del. 2005) (vacating previous orders under Rule 60(b)(6) in part due to failure of opposing party to make certain mandatory disclosures to the Court); *see also In re Lewis Rd., LLC*, No. 09-37672, 2011 WL 6140747, at *14 (Bankr. E.D. Va. Dec. 9, 2011) (amending order under Rules 60(b)(3) and 60(b)(6) due to misrepresentations and failures to disclose of attorneys who were ordered compensation by the Court). Section 105(a) of the Bankruptcy Code also gives the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

    1. <u>Lack of Notice to All Sexual Abuse Survivors</u>

14. As a thresholder matter, Rule 60(b) applies to parties to a final judgment or an order. The Bar Date Motion [Docket No. 18] was clearly **not** noticed on all parties in these cases, including Sexual Abuse Survivors that retained counsel after February 18, 2020—the date

the Debtors filed the Bar Date Motion—*and* clients of Law Firms that are not identified in Paragraph 51 of the Bar Date Motion as having been provided notice.

15. The only Law Firms identified in the Affidavit of Service filed in respect of the Bar Date Motion that are now or have been part of the Coalition are "AVA Law Group" and "Kosnoff Law." *See* Docket No. 46. Junell & Associates Law Firm, PLLC, Krause and Kinsman, LLC, Marc J. Bern & Partners LLP, Motley Rice LLC, Napoli Shkolnik PLLC, Reich & Binstock, LLP, and Slater Slater Schulman LLP, who collectively represent over 17,000 sexual abuse victims, are *not* identified. *Id.* Nor are they identified on the Affidavit of Service for the Notice of Filing of Further Revised Bar Date Order. *See* Docket Nos. 667 & 676. The Debtors' notice argument that all Coalition Members received adequate notice because a few Law Firms were served when the majority were *not* is unsound.

16. The fact that a few Law Firms that are or were part of the Coalition received notice of the Bar Date Motion and the fact that notice has been given of the Bar Date itself is beside the point. The Debtors position is that *all* Sexual Abuse Survivors should be denied the right to have legal counsel speak on their behalf based on a motion that was *not* served on all known or reasonably knowable Sexual Abuse Survivors.

   2.  The Court May Grant Relief under Civil Rule 60(b)

17. Assuming, *arguendo*, that notice was given sufficient to strip *all* Sexual Abuse Survivors of their right to have authorized counsel sign their proofs of claim on their behalf (which is not the case), the Court should still grant relief under Civil Rule 60(b) given the confusion over whether the form of order was intended to comply with Rule 3001 and section 502 of the Bankruptcy Code.

18. The TCC, the Insurers and the Debtors contend that there was no mistake. Rather, they contend that they negotiated and knowingly agreed to a claim form that violates and

is materially inconsistent with Rule 3001(b) and Rule 9009(a). But this is wholly at odds with the representations made to the Court at the May 18th hearing on the Bar Date Motion.

19. Counsel for the TCC stated:

> Your Honor, a rose is a rose is a rose. The proof of claim is a proof of claim is a proof of claim. The proof of claim has certain impacts and consequences and the Code and the Rules tell us what those are. Your claim is allowed, unless it is objected to. And **Rule 3001** says its prima facie evidence. ***And I don't know how an order changes what the rule says a proof of claim is or changes what the Code says is in terms of allowance***.
>
> ***
>
> These are proof of claim. And they are requirements as to the content – we'll get to that. We're not having that discussion at the moment. This is as to the impact. ***<u>And I just simply do not understand how someone through an order, proposed order, can wipe out a specific section of the Bankruptcy Code and a specific statement in the Rules of Bankruptcy Procedure</u>***.
>
> ***
>
> And as I've told you at the beginning of the first day hearing, I've done a lot of these. And in every case, we have had a special proof of claim form because we acknowledged the needs of the other parties – and, honestly, Judge, even from the tort claimant's perspective they just need sometimes to get some of it on the table and address some of the table. It's important for them to do that as well. ***But I have never, and I don't think anyone can cite to a single case in the sexual abuse context, where there has been anything that addresses or modifies 502 or 3001. I can't remember one***.

*See* May 18th Hr'g Tr. at 48:20-49:3, 49:20-50:1, 50:23-51:9 (emphasis added).

20. The Court agreed with the TCC's counsel that a Court order cannot "wipe out" a specific section of the "Rules of Bankruptcy Procedure." *Id.* at 50:2-4. The Court went further and stated: "There should be nothing in this order [granting the Bar Date Motion] which deviates from the code. I'm going to permit a longer form of proof of claim form, but there should be ***nothing*** on a ***substantive basis*** that deviates from what the code provides in this order." *Id.* at 71:10-14 (emphasis added).

{00219623-1}                                    7

21.     These statements would appear to reflect the Court's expectation that the form of order submitted to the Court would not violate section 502 of the Bankruptcy Code or Bankruptcy Rule 3001. At no point during the May 18th hearing did the TCC's counsel, the Insurers' counsel or the Debtors' counsel state that the Bar Date Order would abrogate Bankruptcy Rule 3001(b) in these Chapter 11 Cases in the context of precluding authorized attorney signatures.

22.     Had an agreement by the TCC with the Insurers and the Debtors to do so been openly and clearly announced in Court (which it was not), the U.S. Trustee would or should have objected. The U.S. Trustee contacted the Coalition's counsel after this Motion of the Coalition was filed. Mersky Decl. at Ex 1. The U.S. Trustee informed the Coalition that "the approved POC [for Sexual Abuse Survivors] permits signature by the claimant's legal representative." *Id.*

23.     According to the U.S. Trustee, "[t]he only requirement for a filing by a claimant's legal representative, set forth in the form, is … any form signed by a representative or legal guardian must attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor." *Id.* On this basis, the U.S. Trustee demanded that the Coalition withdraw its Motion as "unnecessary and moot," stating that the "form is consistent with the Rules, Official Form 410 and the local rules." The U.S. Trustee initially thought the Coalition was grandstanding rather than addressing a substantive issue.

24.     But the Coalition was not grandstanding, and is, yet once again since its recent entry into and participation in these cases, raising an issue to the Court that is of critical significance to its members and to all Sexual Abuse Survivors. The objections filed by the TCC, the Insurers and the Debtors all make it clear that *their* understanding is that the Sexual Abuse Survivor Proof of Claim is *not* consistent with Rule 3001(b) and that, absent certain limited exceptions, it *cannot* be signed by an authorized legal representative. The TCC, the Insurers and

the Debtors further assert that this was their understanding all along and was the product of negotiations among them. As in *Energy Future*, these parties—***two of which are fiduciaries to the abuse survivors***—never clarified the record on this issue, creating confusion and a misapprehension of critical facts. It follows that *if* Rule 3001(b) was wiped out by the Bar Date Order in this regard, the Court can rectify the problem by simply granting the Motion so that authorized legal counsel can sign claim forms for Sexual Abuse Survivors.

### B.  Rule 3001(b) Cannot Be Abrogated in a Mass Tort Bankruptcy

25.  None of the objectors offer any authority for the proposition that the Court can abrogate Rule 3001(b) in a mass tort bankruptcy. The Debtors and Century come the closest by arguing that Courts can modify Official Form 410. The Debtors and Century both cite to *A.H. Robins Co.*, 862 F.2d 1092 (4th Cir. 1998), and Century also cites to *In re Eagle-Picher Industries, Inc.*, 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993). The Debtors also reference orders entered in other cases where Courts approved specialized claim forms for tort victims, including forms that the Debtors assert provided "no option" for an attorney to sign on behalf of the claimant. Debtors' Objection at ¶ 12.

26.  Neither *A.H. Robins* nor *Eagle-Picher* discussed the attorney signature rule or found that a Bankruptcy Court can negate Rule 3001(b). None of the orders referenced by the Debtors and Century, to the extent that they *actually* provide that attorneys cannot sign on behalf of claimants,[5] reflect any analysis of whether the Court intended to negate Rule 3001(b) or

---

[5] The Debtors also cite *In re TK Holdings, Inc.*, Case No. 17-11375 (Bankr. D. Del. Oct. 4, 2017) [Docket No. 959] and contend that the bar date order in that case provided that "proof of claim must be (sic) 'be signed by the claimant or, of the claimant is not an individual, by an authorized agent of the claimant.'" Debtors' Objection at 9. But the proof of claim form for tort victims (airbag inflator related injuries) in *TK Holdings* permitted attorney signatures. *See* Mersky Decl. at Ex 2. Furthermore, no claim objections have been filed in *TK Holdings* asserting that any tort claims are invalid because the claim form was signed by authorized counsel as opposed to the tort victim.

whether the order was entered without the issue being flagged by counsel for the debtors or the official creditors' committee.[6]

27. The TCC's counsel is correct on one point—there is not a "single case in the sexual abuse context[] where there has been anything that … modifies … [Rule] 3001." May 18th Hr'g Tr. at 50:23-51:9. The reason for this is obvious.

28. Bankruptcy Rule 3001(b) provides that a "proof of claim ~~may~~ **shall**[7] be executed by the creditor or the *creditor's authorized agent*, except as provided in Rule 3004 and 3005." Fed. R. Bankr. P. 3001(b) (emphasis added). Neither Rule 3004 nor 3005 apply in this context. Rule 3001(b) explicitly provides that a proof of claim filed by a Sexual Abuse Survivor in these Chapter 11 Cases may be signed by authorized counsel. *Id.*

29. Bankruptcy Rule 3001(a) provides that a "proof of claim shall conform *substantially* to the appropriate Official Form." Fed. R. Bankr. P. 3001(a) (emphasis added). Official Form 410 reflects Rule 3001(b) and expressly permits authorized legal counsel to sign the form on behalf of a claimant.

30. Bankruptcy Rule 9009(a) provides that the "Official Forms prescribed by the Judicial Conference of the United States *shall* be used *without alteration*, except as otherwise provided in these rules." Fed. R. Bankr. P. 9009(a) (emphasis added).

---

[6] The Century and the Debtors refer to orders entered in *In re Archdiocese of New Orleans*, Case No. 20-10846 (Bankr. E.D. La. Oct. 1, 2020), and *In re Diocese of Harrisburg*, Case No. 1-20-bk-00599 (Bankr. M.D. Pa. May 6, 2020). Century Objection at 14-15; Debtors' Objection at 8. The Official Committee of Unsecured Creditors in *Archdiocese of New Orleans* is represented by Pachulski Stang Ziehl & Jones LLP, counsel to the TCC in these cases. A party can just as easily cite to this Court's Bar Date Order in opposition to a motion filed in the *New Orleans* case to require compliance with Rule 3001(b) as a party can cite to the bar date order in *Archdiocese of New Orleans* to support the same position in these Chapter 11 Cases. Both citations, however, would simply beg the question as to whether the Courts in these cases and *Archdiocese of New Orleans* comprehended the ploy to wipe out a specific provision in the Bankruptcy Rules.

[7] This corrects the quote for Rule 3001(b) to insert the word "shall" in place of the word "may".

31. Rule 9009(a) goes onto state that "Official Forms may be modified to permit ***minor changes*** not affecting wording or the order of presenting information, including changes that: (1) expand the prescribed areas for responses in order to permit complete responses; (2) delete space not needed for responses; or (3) delete items requiring detail in a question or category if the filer indicates—either by checking "no" or "none" or by stating in words that there is nothing to report on that question or category." *Id.* (emphasis added).

32. Bankruptcy Rule 9009(a) was amended in 2017 to address modifications to the Official Forms. Fed. R. Bankr. P. 9009, 2017 Amendments. As amended, Rule 9009(a) "requires that an Official Form be used ***without alteration***, except when another rule, the Official Form itself, or the national instructions applicable to an Official Form permit alteration." *Id.* (emphasis added). The "former language" in Rule 9009(a), which permitted alterations, was deleted in 2017, "but the rule preserves the ability to make ***minor modifications*** to an Official Form that ***do not affect the wording*** or the order in which information is presented on a form." *Id.* (emphasis added).

33. Cases applying Rule 9009(a) post-amendment have held that any changes that contravene the directions in an Official Form—*e.g.*, the directions set forth in Part 3 of Official Form 410 permitting a creditor's attorney or authorized agent to sign the form—or the Bankruptcy Rules are prohibited by Rule 9009(a). *See In re Donnadio*, 608 B.R. 507, 513 (B.A.P. 6th Cir. 2019) ("any modification [to Official Forms] must allow for the revisions to be construed consistent with the Bankruptcy Code and the Bankruptcy Rules.") (quotation omitted); *In re Diocese of Buffalo, N.Y.*, 2020 WL 5814203 at *5, ---- B.R. ---- (Bankr. W.D.N.Y. 2020) (denying motion to approve customized claim form for sexual abuse victims because proposed

alterations from Official Form 410 were "not minor" and were inconsistent with Rule 9009(a) which, as amended in 2017, prohibits material alterations).[8]

34. Minor and non-substantive changes to the Official Form are permitted, including changes that are consistent with the Bankruptcy Rules and make it easier for tort victims to provide notice of their injuries to the Court and the Debtors. But this is not in the same ballpark as negating the application of Rule 3001(b) and denying tort victims the right to have counsel sign a claim form on their behalf. Such a change is material and, therefore, impermissible under Rule 9009(a) and Rule 3001(b).

35. The Century and the Debtors cite to two post-amendment cases in the mass tort context that purport to forbid signature by counsel. One of these, *Diocese of Harrisburg*, is directly addressed in the Coalition's Motion at paragraph 36: in that case, the debtor confronted a sexual abuse scheme of limited geographic scope and assured the Court that it "believe[d] that it ha[d] identified all known creditors, including Sexual Abuse Claimants." Case No. 20-00599 (Bankr. M.D. Pa. 2020) (D.I. 223, para. 37). The debtor made an unrebutted factual assertion that it had provided notice of its motion to each individual creditor, and the Court entered an order approving a proof of claim form requiring creditor signature. *Id.* at D.I. 231. The Court's order setting the bar date in *Diocese of Harrisburg* was entered on May 6, 2020—twelve days before the May 18th hearing on the Bar Date Motion in these cases. *Id.* at D.I. 291.

36. The other case mentioned by Century and the Debtors, *Archdiocese of New Orleans*, is notable in that the bar date order in question was entered only two weeks ago—***hours after the filing of the Coalition's Motion***—following negotiations by the debtor with its creditors committee, represented by Pachulski Stang Ziehl & Jones LLP, counsel to the TCC in

---

[8] The Official Committee of Unsecured Creditors in *Diocese of Buffalo* is also represented by Pachulski Stang Ziehl & Jones LLP, counsel to the TCC in these cases.

these cases. *See* Case No. 20-10846 (Bankr. E.D. La.), D.I. 200 (motion), D.I. 202 (first committee objection). TCC Counsel argued, citing testimony of Dr. Shannon Wheatman (the Debtors' current expert) among others, that "[t]his case is not like the typical chapter 11 case. In the context of this case, where people were abused and then have lived often in silence for years after the abuse," creditors must be ensured of fair and adequate notice of limitations on their rights. D.I. 412, para. 34. Nevertheless, TCC counsel did not object to the nullification of Rule 3001(b) in that instance.

37. The TCC's counsel was, thus, only partially correct when it argued to this Court on May 18th that there is not a "single case in the sexual abuse context[] where there has been anything that … modifies … [Rule] 3001." May 18th Hr'g Tr. at 50:23-51:9. More accurately, research reveals only one instance in which Rule 3001 was nullified to the detriment of creditors without notice thereto, which instance occurred one week ago and many months after entry of the Bar Date Order in these cases, and with TCC counsel's apparent consent.

38. The TCC contends that negating Rule 3001(b) in these cases is important to the TCC so that each claimant "stands-by the statements and representations being made" in the claim form. TCC Objection at ¶ 16. Harford wants tort victims to sign the claim forms themselves to ensure that the claims are "legitimate." Hartford Objection at ¶ 15. Harford says it will not accept proofs of claim signed by authorized counsel. *Id.* at ¶ 26. Century contends that Sexual Abuse Survivors must sign the claim forms to ensure that "the veracity of information" is "within their personal knowledge" and is "critically important." Century Objection at 4, 7. The Debtors add that permitting authorized counsel to sign claim forms would "undermine the integrity of the claims process" and attorneys that sign claim forms without conducting a "reasonable investigation" could be "subject to sanctions." Debtors' Objection at 10-11. ***These statements are all meaningless***.

39. The Coalition is *not* seeking an order permitting counsel to sign claim forms without conducting a reasonable investigation. Nor is the Coalition seeking an order that would permit claims to be filed that are not legitimate or verified. Sexual Abuse Survivors should be willing to stand by the statements made in their claims. The Coalition is simply asking that Rule 3001(b) apply in these Chapter 11 Cases.

40. This is critical here to ensure that Sexual Abuse Survivors do not miss the Bar Date, which is a *real* concern given the large volume of claims (which the Insurers certainly would like to suppress), the anticipated pre-Bar Date activity resulting from the Debtors' notice program, and the impact of COVID-19.[9] All Coalition is asking is that Sexual Abuse Survivors be accorded the same rights of virtually every trade creditor and bondholder that has ever filed a proof of claim in this District—the fact that a proof of claim is signed by *authorized* counsel will not be grounds for objection.

41. In a moment of candor, Hartford states that negating Rule 3001(b) in these Chapter 11 Cases is particularly important given the "uptick in filings" and the fact that the "Coalition boasts that its representative firms alone assert more than 28,000 claims." Harford Objection at ¶ 15. A proof of claim is comparable to a "verified complaint." *In re Umstead*, 490 B.R. 186, 194 fn. 10 (Bankr. E.D. Pa. 2013). The issue is what actions must victims take to provide notice of their claims so as not to have their claims barred by the passage of the Bar Date. All claims, including those filed by Sexual Abuse Survivors, will be thoroughly vetted. A claimant need not produce volumes of evidence to file a proof of claim. The Insurers are simply

---

[9] The TCC, consistent with its remarkable silence in connection with the Debtors' attorney advertising motion, stands still in its Unholy Alliance with the Insurers in support efforts to suppress Sexual Abuse Claims (thereby reducing the amount of Sexual Abuse Claims on what will be a limited pot). In this respect, Sexual Abuse claimants whose claims are already on file (or are have been prepared for and are awaiting timely filing) also have an economic interest in fewer additional claims being filed, which may explain why the TCC and the Insurers are fully aligned in their opposition to the Coalition's Motion and in support of the Debtors' efforts to suppress attorney advertising.

playing the preclusion game—impose as many barriers as possible in order to avoid liability. Such tactics have no place here given the horrific injuries suffered by Sexual Abuse Survivors.

42. As the TCC's counsel stated, there is not a "single case in the sexual abuse context[] where there has been anything that … modifies … [Rule] 3001." May 18th Hr'g Tr. at 50:23-51:9. The TCC, the Insurers and the Debtors ask this Court to become the *first* to expressly consider whether Rule 3001(b) can be wiped out in a mass tort bankruptcy and find that such a material modification to the Official Form is perfectly acceptable notwithstanding the 2017 amendments to Rule 9009(a). There is no legitimate reason why Sexual Abuse Survivors should face such treatment. Compliance with the Bankruptcy Rules should matter in chapter 11 cases and most certainly when the rights of victims of Sexual Abuse are at stake.

C. **The Remaining Arguments Are Misplaced and Should be Rejected**

43. The TCC, the Debtors, Hartford and particularly Century raise a host of other objections that are incorrect or irrelevant.

44. First, Century argues that wiping out Rule 3001(b) in these Chapter 11 Cases with respect to authorized attorney signatures is permissible because the TCC proposed claim form permitted this to happen. Century Objection at 2-4. This does not prove or indicate that wiping out Rule 3001(b) in these Chapter 11 Cases is permissible. Rather, it simply indicates that the TCC and the Insurers are aligned on this issue, as they were on the Debtors' attorney advertising motion. This is one of the many reasons why the Coalition's participation in these Chapter 11 Cases is essential.

45. Second, Century argues that negating authorized counsel's ability to sign a claim form was thoroughly considered. Century Objection at 5. The objections to the Motion admit that negating Rule 3001(b) in these Chapter 11 Cases was thoroughly considered by the TCC, the Insurers and the Debtors. But this does not mean that this objective was adequately and clearly

disclosed to the Court or the U.S. Trustee. Even if this Court concludes due process has been afforded to Sexual Abuse Survivors who were never given notice of a diminution of rights granted by Rule 3001(b), the critical issue under Rule 60(b) remains whether this Court understood this objective when it entered the Bar Date Order notwithstanding the representations made by the TCC's counsel as to the inviolable nature of Rule 3001. *Energy Future*, 575 B.R. at 631. What the Insurers understood is irrelevant.

46.     Third, Century argues that permitting authorized counsel to sign a claim form is not mandated by Rule 3001(b) because Rule 3001(b) permits the Court to "accept a creditor signature *or* an authorized agent's signature, not that it *must*, in all circumstances, accept both." Century Objection at 14. But the Coalition is not arguing that forms must be signed by both the creditor and authorized counsel. Rule 3001(b) clearly does not mandate that all proofs of claim be signed by authorized counsel. Rule 3001(b) does mandate that authorized counsel be permitted to sign proofs of claim. The TCC, the Insurers and the Debtors are all saying that the Court should ***not*** accept a proof of claim executed by a Sexual Abuse Survivor's authorized agent. Rule 3001(b) states that a proof of claim may be executed by a creditor's authorized agent. This is why the Bar Date Order's nullification of this right is a material change.

47.     Fourth, Century argues that there is no Due Process violation because the interests of all tort victims were represented by the TCC and the U.S. Trustee. Century Objection at 2, 16. Apparently, the U.S. Trustee was not aware of the Rule 3001(b) violation until ***after*** the Coalition filed its Motion. *See* Merksy Decl. at Ex. 1. But even putting this aside, neither the TCC nor the U.S. Trustee represents any Coalition members individually.

48.     The U.S. Trustee is supposed to advocate for compliance with the Bankruptcy Rules, including Rule 3001(b). The TCC, as a fiduciary, is supposed to advocate for the interests of tort victims. But neither represents them individually. The Coalition is not aware of a single

case where a Court has ever suggested that notice to an official tort committee constitutes notice to all tort victims individually. Were this the case, it would fundamentally alter notice programs in mass tort bankruptcies and call into question if the Debtors' notice program is even necessary, which it obviously is.

49.     <u>Fifth</u>, Century argues that removing the claimant signature requirement would "creation confusion" among millions of individuals that have received notice of the Bar Date and potentially require the Debtors to re-notice all such individuals. Century Objection at 12. But the fact that the U.S. Trustee, after reviewing the Coalition's Motion, thought that authorized counsel can sign proofs of claim shows that the real confusion here is the fact that the TCC, the Insurers and the Debtors agreed among themselves that Sexual Abuse Survivors could not have their authorized counsel sign claim forms and failed adequately and clearly to inform the U.S. Trustee and the Court of their agreement on this issue.

50.     If experienced counsel representing the U.S. Trustee perceives ambiguity on this issue, one can only wonder what non-bankruptcy attorneys and Sexual Abuse Survivors may think. The Coalition is not asking the Court to require any further or additional notice if the Motion is granted to make it clear the Bar Date Order does not materially negate important aspects of Rule 3001(b) in these cases and that Sexual Abuse Survivor Proofs of Claim cannot be objected to simply because they are signed by authorized counsel. If the Motion is denied, however, a genuine question remains as to whether Sexual Abuse Survivors have been placed on adequate notice that their authorized legal counsel cannot sign claim forms on their behalf and whether a supplemental notice to all Sexual Abuse Survivors is necessary.

51.     <u>Sixth</u>, Century argues that the majority of the Coalition's firms have "provided no evidence that they have the authority to act as their client's authorized agents." Century Objection at 15. This is incorrect and irrelevant. The Coalition is not asking the Court to permit

counsel that is **not** authorized to do so to executed proofs of claim on behalf of Sexual Abuse Survivors. The point here is that **authorized** counsel should be permitted to executed proofs of claim on behalf of Sexual Abuse Survivors because this is what Rule 3001(b) expressly permits.

52. <u>Seventh</u>, Century argues that the Bar Date Order does not single out Sexual Abuse Survivors and subject them to a higher standard because all individual claimants must sign the proof of claim form. Century Objection at 18. But the relevant comparison is how tort victims are being treated here relative to how nearly every trade creditor, bondholder, or other type of claimant is treated in other bankruptcy cases pending in this District. The point is that tort victims should not be treated worse than other claimants in this or any other proceeding.

53. <u>Finally</u>, Harford suggests that this is not a big deal—"anyone with access to (i) a computer and printer, (ii) the internet, or (iii) a smart phone has access to at least one mechanism (if not more) to ensure that their claim is filed timely." Hartford Objection at ¶ 25. But the rules matter. Process matters in bankruptcy and in other legal proceedings. Bankruptcy should not involve litigation by ambush. Compliance with the Bankruptcy Rules and directions in the Official Forms should matter. The attorney signature rule matters to Sexual Abuse Survivors that will rely on their counsel for file proofs of claim on their behalf so that their right to compensation is not barred. If it matters to only one Sexual Abuse Survivor, it matters.

54. And it should matter to this Court and the U.S. Trustee that counsel for the TCC, the Insurers and the Debtors did not clearly raise this issue during the May 18th hearing—other than the TCC's assertion that wiping out specific provisions in the Bankruptcy Rules should not happen. May 18th Hr'g Tr. at 49:20-50:4. The TCC has a fiduciary duty to tort victims and has now informed that Court that it knowingly approved of a Bar Date Order that violates and is inconsistent with Bankruptcy Rule 3001(b) and Official Form 410. To quote the TCC's counsel: "But I have never, and I don't think anyone can cite to a single case in the sexual abuse context,

where there has been anything that addresses or modifies 502 or 3001. I can't remember one." *Id.* at 51:6-9. This case should not be the first.

## CONCLUSION

**WHEREFORE,** the Coalition respectfully requests that the Court enter an order granting the Motion and granting the Coalition such other and further relief as the Court deems just and proper.

Dated: October 13, 2020  
Wilmington, Delaware

MONZACK MERSKY  
BROWDER & HOCHMAN, P.A.

*/s/ Rachel B. Mersky*  
Rachel B. Mersky (DE No. 2049)  
1201 North Orange Street, Suite 400  
Wilmington, Delaware 19801  
Telephone: (302) 656-8162  
Facsimile: (302) 656-2769  
E-mail: RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP  
David J. Molton, Esq.  
Eric R. Goodman, Esq. (admitted *pro hac vice*)  
Seven Times Square  
New York, NY 10036  
Telephone: (212) 209-4800  
E-mail: DMolton@BrownRudnick.com  
E-mail: EGoodman@BrownRudnick.com

-and-

Sunni P. Beville, Esq. (admitted *pro hac vice*)  
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)  
One Financial Center  
Boston, MA 02111  
Telephone: (617) 856-8200  
E-mail: SBeville@BrownRudnick.com  
E-mail: TAxelrod@BrownRudnick.com

*Co-Counsel to the Coalition of Abused Scouts for Justice*

63881639 v5