# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 1164 & 1225** |

**MOTION OF HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY AND CENTURY INDEMNITY COMPANY FOR LEAVE TO FILE LATE REPLY TO RESPONSES REGARDING CENTURY AND HARTFORD'S MOTION TO COMPEL THE ATTORNEYS REPRESENTING THE ENTITY CALLING ITSELF THE "COALITION" TO SUBMIT THE DISCLOSURES REQUIRED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019**

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") and Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company ("Century") by and through their undersigned counsel, respectfully move (the "Motion for Leave") this Court for entry of an order substantially in the form attached hereto as Exhibit A, granting Hartford and Century leave to file a reply (the "Reply"), a copy of which is being filed concurrently with this Motion for Leave, in further support of *Century and Hartford's Motion to Compel the Attorneys Representing the Entity Calling Itself the "Coalition" to Submit the Disclosures Required by Federal Rule of Bankruptcy Procedure*

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Law, Irving, Texas 75038.

*2019* [D.I. 1164] (the "Motion")[2] and in response to the *Objection of the Coalition of Abused Scouts for Justice to Century and Hartford's Motion to Compel the Attorneys Representing the Entity Calling Itself the "Coalition" to Submit the Disclosures Required by Federal Rule of Bankruptcy Procedure 2019* [D.I. 1225] (the "Objection") filed by the Coalition of Abused Scouts for Justice (the "Coalition"). In support of this Motion for Leave, Hartford and Century respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion for Leave pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue in the District of Delaware is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Hartford and Century consent to the entry of a final judgment or order with respect to this Motion for Leave if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3. The statutory and legal predicates for the relief requested herein are sections 102 and 105(a) of title 11 of the United States Code, §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(d).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**RELEVANT BACKGROUND**

4. The relevant factual and procedural background is set forth in the Motion and the Reply, which are fully incorporated by reference as if set forth herein. In summary, the Motion seeks entry of an order requiring counsel for the Coalition to comply in full with Bankruptcy Rule 2019.

5. Objections to the Motion were to be filed and served on or before September 2, 2020 at 4:00 p.m. (the "Objection Deadline"). The Coalition timely filed the Objection on the Objection Deadline.

6. On September 9, 2020, the Court held a hearing on the Coalition's request to file under seal some of the documents that it provided on August 26 as a supplement to its disclosures. In particular, the Coalition sought to seal the spreadsheet containing personal identifying information, as well as portions of the engagement agreements. During the course of the September 9th hearing, the Court directed the Coalition to provide Hartford, Century and other parties in interest with unredacted copies of the engagement agreements (except for fee information) so that the parties could ascertain whether their production comports with the requirements of Rule 2019. At that hearing, Hartford, Century, and others (including the Committee) asked the Court to continue the hearing on the motions pertaining to the merits of the Rule 2019 disclosures to provide the parties the opportunity to review the unredacted documents, including to consider the ethical issues raised by the engagement agreements. The Court agreed and continued the hearing on the Motion, the Coalition's motion seeking a ruling that its disclosures are adequate, and the Coalition's motion to participate in the mediation [D.I. 1114].

7. On October 7, 2020—just seven days ago—the Coalition filed the *Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019*.

3

*Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1429] (the "Second Amended Rule 2019 Disclosures").

8.  Hartford and Century hoped that the Second Amended Rule 2019 Disclosures would resolve their concerns with respect to the Coalition's Rule 2019 disclosures, however, the Second Amended Rule 2019 Disclosures increase concerns about the likelihood that the Coalition is seeking to manufacture vast numbers of claims as part of an effort to take over control of these cases and the Debtors' efforts to formulate a confirmable plan of reorganization. As a result of the infirmities that still exist with respect to the Coalition's Rule 2019 disclosures, a hearing on the Motion, among other things, is scheduled for October 14, 2020 at 10:00 a.m. (ET). Accordingly, Hartford and Century file this Motion for Leave and the Reply.

## RELIEF REQUESTED

9.  By this Motion for Leave, Hartford and Century seek leave to file the Reply, in further support of the Motion and in reply to the Objection, beyond the deadline provided in the Local Rules for the submission of reply papers.

## BASIS FOR RELIEF REQUESTED

10. Local Rule 9006-1(d) provides that reply papers "may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d).

11. The hearing regarding, among other things, the Motion is scheduled to begin on Wednesday, October 14, 2020 at 10:00 a.m. (ET) (the "Hearing"). Pursuant to Local Rule 9029-3(a)(i), the agenda regarding the Hearing was due on Friday, October 9, 2020 at 12:00 p.m. (ET). Del. Bankr. L.R. 9029-3(a)(i). Accordingly, under Local Rule 9006-1(d), the Reply was to be filed

and served on or before October 8, 2020 at 4:00 p.m. (ET)—just one day after the Second Amended Rule 2019 Disclosures were filed.[3]

12.     By this Motion for Leave, Hartford and Century seek authority to file the Reply beyond the deadline provided in Local Rule 9006-1(d).  Hartford and Century submit that the requested relief is warranted because Hartford and Century required additional time to fully digest the Second Amended Rule 2019 Disclosures to assess their sufficiency and to prepare the Reply in a timely manner following the filing of the Second Amended Rule 2019 Disclosures.  Further, Hartford and Century submit that the Reply will assist the Court in properly evaluating the issues raised in the Motion, the Objection, and the Coalition's disclosures.

13.     Moreover, Hartford and Century submit that good cause and compelling circumstances exist to support leave to file the Reply because the delay in filing was due in large part to the timing of the filing of the Second Amended Rule 2019 Disclosures.  Hartford and Century believe the filing of the Reply would have been premature had it been filed before the deadline provided in Local Rule 9006-1(d) because the Reply would have lacked the level of detail necessary to assist the Court and the parties in defining, and the Court in deciding, the issues presented by the Motion and the bases for the relief requested therein.  Hartford and Century will serve the Reply on the Coalition immediately upon this filing, which will further minimize any impact from the delayed filing.

14.     For all of these reasons, Hartford and Century request that the Court grant this Motion for Leave and consider the Reply.

---

[3]    If not for the federal holiday on October 12, 2020, the agenda regarding the hearing would have been due on Monday, October 12, 2020 at 12:00 p.m. (ET) and Hartford and Century's reply deadline would have been October 11, 2020 at 4:00 p.m. (ET).

5

## NOTICE

15. Notice of this Motion for Leave has been provided to (a) counsel to the Coalition, (b) counsel to the Debtors, (c) the Office of the United States Trustee for the District of Delaware, and (d) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Hartford and Century respectfully submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, Hartford and Century respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting: (i) Hartford and Century leave to file the Reply and (ii) such other and further relief as is just and proper.

Date: October 13, 2020
  Wilmington, Delaware

BAYARD, P.A.

 /s/ Gregory J. Flasser
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: efay@bayardlaw.com
       gflasser@bayardlaw.com

- and -

James P. Ruggeri (*pro hac vice* pending)
Joshua D. Weinberg (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel: (202) 469-7750
Fax: (202) 469-7751

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Tel.:  (302) 999-1540
Fax:  (302) 762-1688

Tancred Schiavoni (pro hac vice)
Janine Panchok-Berry (pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York  10036-6537
Tel.:  (212) 326-2000
Fax:  (212) 326-2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*