# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC, | ) | |
| | ) | Jointly Administered |
| Debtors[1]. | ) | |
| | ) | Re: Docket No. 1417 |

## OBJECTION OF TIMOTHY KOSNOFF, ESQUIRE AND ANDREW VAN ARSDALE, ESQUIRE TO CENTURY'S MOTION TO COMPEL

Timothy Kosnoff, Esquire and Andrew Van Arsdale, Esquire hereby submit this objection (the "Objection"), to Century Indemnity Company's ("Century") *Motion to Compel the Depositions of Timothy Kosnoff and Andrew Van Arsdale or in the Alternative to Adjourn the Hearing on the Pending 2019 Motions* [Docket No. 1471] (the Motion"). In support of the Objection, Messrs. Kosnoff and Van Arsdale (the "Objectors") respectfully submit the following:

## PRELIMINARY STATEMENT

1. Mr. Kosnoff addressed the subject of the Motion in his Motion for Protective Order and to Quash Notice of Deposition [Docket No. 1420] (the "Motion to Quash"). The Objectors incorporate the Motion to Quash herein and will not

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

repeat all the arguments set forth there. The Motion, however, raises factual assertions that require correction and legal arguments that are incorrect. The Objectors respectfully submit this Objection to address those shortcomings.

2. Century contends that the Objectors refused to submit to depositions between the time that the Coalition filed its amended 2019 Statement and the hearing in this matter scheduled for October 14, 2020. Two crucial facts, however, are absent from Century's 17-page Motion. First, Century fails to advise the Court that the Objectors did, in fact, offer in writing to appear for depositions on dates certain only to have Century ignore that offer. Second, never in the several-week period in which the parties were in discussion did Century ever request deposition dates between the filing of the amended 2019 Statement and the hearing. Indeed, Century has offered no evidence of such a request, because it never made such a request before the Objectors withdrew from the Coalition.

3. Moreover, the Motion fails to provide the requisite justification for the drastic measure of deposing counsel that the case law mandates. Neither of the Objectors are any longer affiliated with the Coalition; neither prepared or executed the amended 2019 Statement; and neither can offer any information germane to an issue before the Court that is not privileged, confidential or otherwise protected from discovery. Therefore, the Objectors respectfully request that the Court deny the Motion.

## BACKGROUND

4.     The Objectors' experience and expertise in representing victims of child sexual abuse cannot be disputed. They currently represent thousands of men who were abused at the hands of the Debtors. Century and other insurers bear indemnification obligations to the Debtors and, ultimately, to Objectors' clients. As a result, Century is aggressively litigating this matter in the hopes of reducing or postponing the enormous payments that it must make. There can be no reasonable debate, therefore, that the Objectors are counsel opposed to Century in these proceedings.

5.     A delay in the Court's approval of the Coalition's 2019 Statement would serve to postpone Century's day of reckoning. Indeed, a meaningful mediation of the victims' claims cannot occur until all the claimants are properly represented in settlement negotiations. Century has seized upon the Objectors as an avenue to effect an open-ended delay of the work that must be done promptly.

6.     Aware of the urgency that the Debtors' precarious position necessitates, the Objectors engaged with Century when it first requested their depositions. Those discussions were entirely fruitless, because Century refused to provide any guidance whatsoever as to the subject areas to be covered or the manner in which the glaring challenges posed by the Objectors' various privilege and confidentiality obligations.

7. In a spirit of good faith cooperation and to expedite matters, the Objectors offered on September 22, 2020, to sit for depositions on specified dates and times with guidelines for the protection of confidential information. Contrary to Century's repeated representations to the contrary, the undersigned agreed to accept service of subpoenas for both deponents. The Objectors' letter detailing their proposal was attached to the Motion to Quash as Exhibit B and is provided again here as Exhibit A. Century did not accept that offer and, in fact, chose not even to respond to it.

8. Given Century's primary goal of delay, it is perhaps unsurprising that Century did not move forward as the Objectors proposed. Entirely shocking, however, is Century's failure in its candor to the Court by accusing the Objectors of not submitting to depositions without disclosing to the Court that the Objectors *did* agree, in writing, to submit to depositions. The Objectors' September 22 letter does not fit Century's false narrative, of course, so Century chose simply to pretend that it does not exist.

9. Century exacerbates this pattern of obfuscation by disingenuously complaining that the Objectors never agreed to sit for depositions in the window of time between the Coalition's filing of its amended 2019 Statement and the hearing scheduled for October 14. On its face, that statement is not technically false. What Century fails to advise the Court, however, is that it did not request dates in that

window of time. Rather, Century insisted that the depositions should take place no later than September 30, 2020 without any connection to an amended 2019 Statement. The Objectors offered dates as close to that day as possible. It was only well after the Objectors' offer that Century requested for the first time that the depositions follow the Coalition's filing of the amended 2019 Statement. Since that request was accompanied by a suggestion that the October 14 hearing should be postponed, Century's true dilatory motivations are plainly revealed.

10. All these machinations disguise the fundamental fact that Century's selection of the Objectors as their target is, in any event, badly misplaced. As Century was aware before it filed the Motion, the Objectors have resigned their positions with the Coalition. They have had no involvement with the preparation of the amended 2019 Statement and no longer bear any rights or obligations with respect to the Coalition's counsel in these proceedings. The Coalition has made these truths clear in its amended 2019 Statement [Docket No. 1429]. Accordingly, the Objectors are not appropriate deponents for current information regarding the Coalition's affairs, let alone the only source of such information.

11. Even more importantly, the Objectors possess no information regarding the Coalition's affairs that is not protected by privilege or confidentiality restrictions. Century has offered no justification for the invasion of those protections and none

exists. Century has, therefore, failed to establish any basis upon which it should be permitted to depose the Objectors.

## ARGUMENT

12. Even setting aside Century's egregious delay in bringing the Motion in contravention of the Court's admonitions at the September 9 hearing, Century is not entitled to the drastic measure of deposing opposing counsel as the Motion seeks. The Objectors represent several thousand claimants whom Century is responsible to compensate. Century bears the burden of establishing the need for and propriety of those depositions in order to proceed. It has failed to do so.

13. As the Objectors set forth in the Motion to Quash, depositions of opposing counsel are generally disfavored and are considered a "drastic measure." *M&R Amusements Corp. v. Blair*, 142 FRD 304, 305 (N.D. Ill. 1992); *Peerless Heater Co. v. Mestek, Inc.,* 2000 WL 151281 (E.D. Pa. 2000). The Court in *Lebovic v. Nigro*, 1997 WL 83735, *1 (E.D. Pa 1997) held that a deposition of opposing counsel is "typically only permitted where a clear need is shown." Another Court in a neighboring jurisdiction stated, "Many courts have found that it is appropriate to grant such an order to prevent the deposition of a party's attorney by an adversary unless he can show that the information sought is relevant, non-privileged and critical to the preparation of the case and that there is no other way to obtain the

information." *Slater v. Liberty Mutual Ins. Co.*, 1999 WL 46580 (E.D. Pa. 1999) at *1 (citations omitted).

14. Other courts have considered three factors in determining whether an attorney's deposition should be permitted:

> (1) the relative quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony.

*Johnston Development Group, Inc. v. Carpenters Local Union No. 1578,* 130 F.R.D. 348, 353 (D.N.J. 1990). See also, *Frazier v. SEPTA,* 161 FRD 309, 313 (E.D. Pa. 1995).

15. Century recites a prolix account of its opinions of the Coalition and its constituencies. Included is a description of confidential communications among claimants' representatives in which differences of opinion are raised and strategic discussions take place before the Coalition was created. None of those communications warrant depositions, because they are entirely irrelevant to any issue before the Court. Moreover, those discussions are protected by common interest and other privileges.

16. Century makes no attempt to tie that or any of the other topics discussed in the Motion to any issue before the Court. Much less does Century attempt to establish any of the factors that courts require when a party seeks to depose opposing

counsel.  After six weeks of interaction, Century provides for the first time in the Motion an inkling of what the depositions might cover.  But Century does not and cannot articulate any relevant, non-privileged and non-confidential information to which the Objectors might be able to testify.  Neither does Century account for the fact that the disclosure of the privileged, confidential and otherwise protected information that the Objectors hold would manifestly harm their clients, other claimants, the TCC, the Debtors and other creditors if it were disclosed.

## CONCLUSION

17.    Therefore, since Century has offered no justification for the drastic measure of deposing attorneys who represent parties opposed to it in these proceedings, the Objectors respectfully request that the Court enter an order denying the Motion.

Date:  October 13, 2020             WILKS LAW, LLC

 /s/ David E. Wilks
David E. Wilks (DE Bar No. 2793)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: 302-225-0850
Facsimile:  302-225-0851
Email:  dwilks@wilks.law

*Counsel to Timothy Kosnoff, Esquire and Andrew Van Arsdale, Esquire*