# EXHIBIT A



# WILKS LAW LLC

DAVID E. WILKS
Direct Phone: 302.225.0858
Email: dwilks@wilks.law

September 22, 2020

**VIA EMAIL**

Tancred Schiavoni, Esquire
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 1036-6537
Email: tschiavoni@omm.com

Re:  **In re Boy Scouts of America and Delaware BSA, LLC**
**Del. Bankr., Case No. 20-10343**

Dear Mr. Schiavoni:

This letter pertains to our discussions regarding your request to depose my clients, Andrew Van Arsdale, Esquire and Tim Kosnoff, Esquire. Before our telephone call on Thursday, you had not responded to my repeated requests (and those of Brown Rudnick) for some specificity of the subject areas you proposed to cover in those depositions. Yesterday, you were only willing to limit your inquiry to the factual issues raised in the following filings:

1. Motion of the Coalition of Abused Scouts for Justice for an Order Approving the Sufficiency of the Amended 2019 Statement (D.I. 1144);

2. Century and Hartford's Motion to Compel the Attorneys Representing the Entity Calling Itself the "Coalition" to Submit the Disclosures Required by Federal Rule of Bankruptcy Procedure 2019 (D.I. 1164); and

3. Motion of the Coalition of Abused Scouts for Justice to Participate in the Mediation (D.I. 1161).

Your request to depose attorneys in disputed proceedings is, of course, extraordinary and raises numerous concerns, including privilege, confidentiality, work product, trade secrets, relevance and other important considerations. Indeed, Courts routinely scrutinize demands for the deposition of opposing counsel in order to prevent the rules of discovery from being used for improper purposes. In those instances, the burden of establishing the criteria set forth in Rule 26(b)(3) is upon the party seeking discovery. To date, you have made no effort to establish those criteria.

As I have made clear on several occasions, it is not my intention to present my clients for an open-ended deposition without any limitations or parameters, nor would I satisfy my

Tancred Schiavoni, Esquire
September 22, 2020
Page 2

professional obligations if I were to do so. Nevertheless, in order to move this matter forward and to heed the Court's directive on September 9, 2020 for the parties to work cooperatively, we agree to the following procedures and limitations for Messrs. Van Arsdale and Kosnoff's depositions:

1.  I will accept service of subpoenas for both deponents;

2.  Mr. Kosnoff will be made available for deposition by telephonic or video means on October 2, 2020 between 10:00 a.m. and 3:00 p.m. Pacific Time;

3.  Mr. Van Arsdale will be made available for deposition by telephonic or video means on October 6, 2020 between 12:00 p.m. and 3:00 p.m. Pacific Time;

4.  No less than five business days' notice will be provided to all parties on the Service List with an invitation to join and participate in the depositions:

5.  It cannot be reasonably disputed that a number of areas are not open to legitimate inquiry. Accordingly, neither deponent will answer questions on the following topics:

    a.  Internal communications between member law firms of AIS;

    b.  Internal Coalition communications between and among Coalition Representatives, Advisory Board members and Brown Rudnick;

    c.  Internal communications between members of AIS with and about the TCC;

    d.  Discussions regarding marketing strategies related to AIS advertising;

    e.  Personal questions, e.g. the deponents' families, health, marital history, etc.

    f.  The deponents' personal financial status;

    g.  Source of funds for AIS marketing;

    h.  The June 28 email chain included as an exhibit in a recent filing;

    i.  Discussions with the debtors' representatives occurring before the initiation of these bankruptcy proceedings;

    j.  Issues raised, discussed or referred to in the "Advertising Motion (D.I. 695);

    k.  Any area of inquiry that seeks information protected by the attorney-client privilege, the work product doctrine, any common interest relationships or agreements or other confidentiality protections.

Tancred Schiavoni, Esquire
September 22, 2020
Page 3

This list is not exhaustive and we reserve the right to object to and instruct the deponents not to answer any questions that exceed the bounds of Rule 26.

Please confirm that you will proceed with these depositions on the above dates and times.

Thank you.

Very truly yours,

*/s/ David E. Wilks*

DAVID E. WILKS