**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**DECLARATION OF JOHN W. LUCAS IN SUPPORT OF OMNIBUS REPLY OF THE
OFFICIAL TORT CLAIMANTS' COMMITTEE TO OBJECTIONS OF CERTAIN
EXAMINEES TO MOTION OF OFFICIAL TORT CLAIMANTS' COMMITTEE
FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR
<u>DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS</u>**

I, John W. Lucas, pursuant to 28 U.S.C. § 1746(a), under penalty of perjury, declare as follows:

　　　　1.　　I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), counsel to the Official Tort Claimants' Committee (the "**TCC**") in the above-captioned cases.

　　　　2.　　I submit this declaration in support of the *Omnibus Reply of the Official Tort Claimants' Committee to Objections of Local Councils to Motion of Official Tort Claimants' Committee for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils*.[2] This Declaration is based on my personal knowledge and my review of the documents listed below.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. Attached as **Exhibit A** is a true and correct copy of a proposal intended to resolve the issue of Rosters that was e-mailed to counsel for the BSA and the Ad Hoc Committee on Tuesday, October 13, 2020 at approximately 12:30 p.m.

4. On February 19, 2020, the Court entered an order [Docket No. 68] authorizing Omni Management Solutions, as the Debtors' claims and noticing agent (the "**Claims and Noticing Agent**"), to maintain a register (the "**Claims Register**") of all claims arising from sexual abuse (the "**Sexual Abuse Survivor Proofs of Claim**").

5. On May 26, 2020, the Court entered the *Order, Pursuant to 11 U.S.C. § 502(B)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [Docket No. 695] (as supplemented by subsequent order, the "**Bar Date Order**").

6. Pursuant to the Bar Date Order, (a) all Sexual Abuse Survivor Proofs of Claim are filed confidentially unless expressly waived by the claimant, but (b) certain "Permitted Parties" are entitled to access the Sexual Abuse Survivor Proofs of Claim that are otherwise unavailable to the general public. Bar Date Order ¶ 7. The TCC, its counsel (*i.e.*, PSZJ), and its advisors are "Permitted Parties" under the Bar Date Order and are entitled to full access to the filed Sexual Abuse Survivor Proofs of Claim. Bar Date Order ¶ 7(e).

7. Pursuant to the above provisions of the Bar Date Order, I have access to the Claims Register by the Claims and Noticing Agent.

8.  The Claims Register contains an image of each Sexual Abuse Survivor Proof of Claim that has been filed and assigned a claim number and also a report of claims (the "**Claims Report**") received by the Claims and Noticing Agent.

9.  The Claims Report captures certain information from the filed Sexual Abuse Survivor Proofs of Claim, including, but not limited to, the: (a) claim number, (b) claimant's name, date of birth, and address, (c) the name of the Local Council associated with the Sexual Abuse Survivor Proofs of Claim, (d) the name of the chartered organization associated with the Sexual Abuse Survivor Proofs of Claim, (e) the date or dates the sexual abuse occurred, in addition to other information from each Sexual Abuse Survivor Proofs of Claim.

10. I and others working at my direction have reviewed the Claims Report. As of October 9, 2020, the Claims Report reflects that 5,487 Sexual Abuse Survivor Proofs of Claim were filed and assigned a claim number, and that:

- approximately 1,580 (or approximately 28%) contain no information regarding the Local Council associated with the claim;

- approximately 2,271 (or approximately 41%) contain no information regarding the chartered organization associated with the claim;

- approximately 188 (or approximately 3.5%) reflect that the alleged sexual abuse occurred in the year 2000 or thereafter; and

- approximately 1,737 are associated with the forty-seven Local Councils subject to the Motion, as reflected in **Exhibit B** attached hereto.

4

      I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 13th day of October, 2020 at San Francisco, California.

Dated: October 13, 2020

                                      By:  */s/ John W. Lucas*
                                              John W. Lucas

DOCS_SF:104327.3 85353/002