## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 1379, 1421, 1422, 1423, 1425, 1431, 1434, 1459, 1462, 1480, 1481, 1482** |

### MOTION FOR LEAVE TO FILE LATE OMNIBUS REPLY TO OBJECTIONS TO MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS

The official committee of survivors of childhood sexual abuse (the "Tort Claimants' Committee" or the "TCC") files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting the TCC leave to file a late omnibus reply (the "Reply") in response to the objections to the *Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils* [Docket No. 1379] (the "2004 Motion"). In support of this Motion, the TCC respectfully states the following.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the TCC confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested herein is sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## Background

4.       On February 18, 2020 (the "Petition Date"), the BSA and Delaware BSA, LLC commenced the Cases by filing voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5.       On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse and the official committee of unsecured creditors (the "UCC").

6.       On September 29, 2020, the TCC filed the 2004 Motion.

7.       The deadline to file objection to the 2004 Motion was October 7, 2020 at 4:00 p.m. Eastern Time. The TCC extended the deadline for the Debtors and for the Ad Hoc Committee of Local Councils and several Local Councils to 12:00 midnight on October 11, 2020.

8.      On October 7, 2020, the following objections and responses (the "<u>Objections and Response</u>") to the 2004 Motion were filed.

(i)      Objection of Circle Ten Council to Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils [Docket No. 1421].

(ii)     Capitol Area Council's Joinder to Circle Ten Council's Objection to the Official Tort Claimants' Committee's Motion for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 [Docket No. 1422].

(iii)    On October 7, 2020, Baltimore Area Council's Objection to Tort Claimants' Committee's Rule 2004 Motion for an Order Authorizing the Issuance of a Subpoena [Docket No. 1423].

(iv)     Limited Objection and Reservation of Rights of Bay-Lakes Council to Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils [Docket No. 1425].

(v)      Response and Reservation of Rights of the Coalition of Abused Scouts for Justice Regarding Discovery Motion [Docket No. 1431].

(vi)     Objection of the Greater St. Louis Area Council, Boy Scouts of America, Inc., to the Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils [Docket No. 1434];

(vii)    Objection of Daniel Webster Council to Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils (D.I. 1459, Filed 10/9/20);

(viii)   Objection of Orange County Council of the Boy Scouts of America to Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils (D.I. 1462, Filed 10/9/20);

(ix)     Objection of the Ad Hoc Committee of Local Councils to Tort Claimants' Committee's Rule 2004 Motion (D.I. 1480, Filed 10/1//20);

(x)      Debtors' Motion for Leave to File Debtors' Limited Objection to the Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for

Discovery from Debtors and Certain Local Councils (D.I. 1481, Filed 10/11/20); and

(xi)    Declaration of Blair M. Warner in Support of Debtors' Limited Objection to the Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils (D.I. 1482, Filed 10/11/20).

## Relief Requested

9.    The TCC respectfully requests entry of the Order granting the TCC leave to file a late consolidated Reply to address the Objection and Responses.

## Basis for Relief

10.    Pursuant to 9006-1(d) of the Local Rules, "[r]eply papers by the movant, or any party that has joined the movant, may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."  Del. Bankr. L.R. 9006-1(d).

11.    The TCC has granted the extension requests of Debtors and the Ad Hoc Committee of Local Councils and certain other Local Councils while they continue to discuss resolution of the Motion with these parties.   The Debtors and the Ad Hoc Committee of Local Councils have agreed to the TCC's request for an extended deadline to file the Reply and the TCC submits that no party-in-interest will be prejudiced by the filing of a late Reply and that such filing will assist the Court in consideration of the Motion and the Objections and Responses.

## Notice

12.    Notice of this Motion shall be provided via e-mail or overnight mail to: (a) the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the Local Council Committee Members; (d) the Additional Local Councils, and their counsel to the extent known; (e) the objecting and responding parties; and (f) those persons who have

requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The TCC

submits that, in light of the nature of the relief requested, no other or further notice need be

given.

WHEREFORE, the TCC respectfully requests entry of the Order, granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

Date: October 13, 2020                     **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
John A. Morris (NY Bar No. 2405397)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: jstang@pszjlaw.com
         jmorris@pszjlaw.com
         joneill@pszjlaw.com
         jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

DOCS_DE:231009.2 85353/002