**<u>Exhibit B</u>**

Redline of Amended  Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket ~~No~~Nos. 1379, 1479 |

**AMENDED STIPULATION REGARDING MOTION
OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE
PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1
~~2004-1~~ FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS
FOR DISCOVERY FROM DEBTORS AND CERTAIN LOCAL COUNCILS**

The Boy Scouts of America (the "BSA"), the non-profit corporation that is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), the official committee of tort claimants (the "Tort Claimants' Committee"), the Ad Hoc Committee of Local Councils of the Boy Scouts of America (the "Ad Hoc Committee" and, collectively with the BSA and the Tort Claimants' Committee, the "Parties") hereby stipulate and agree as follows (this "Stipulation").

WHEREAS, on September 29, 2020, the Tort Claimants' Committee filed the *Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils* [Docket No. 1379] (the "Rule 2004 Motion"). The Rule 2004 Motion requests entry of an order authorizing the Tort Claimants' Committee to issue subpoenas to the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

BSA and 47 local councils, including members of the Ad Hoc Committee (collectively, the "Examinees").[2]

WHEREAS, the subpoenas that are the subject of the Rule 2004 Motion would require the Examinees to produce certain information regarding Restricted Assets, Rosters, and Insurance Policies.

WHEREAS, on October 6, 2020, the Ad Hoc Committee sent a letter to each local council seeking information about local council insurance and additional information about local councils' properties and restricted assets (the "October 6 Letter"). A true and correct copy of the October 6 Letter is attached hereto as **Exhibit 1**. The October 6 Letter requested that local councils collect evidence of historical insurance policies and other evidence of insurance. The Ad Hoc Committee also distributed to local councils a fillable chart focused on collecting information regarding local council properties and restricted assets (the "Local Council Asset Chart"). The October 6 Letter requested responses from each local council by November 6, 2020.

WHEREAS, attorneys for the BSA and the Ad Hoc Committee have met and conferred with attorneys for the Tort Claimants' Committee regarding the subject matter of the Rule 2004 Motion and have reached an agreement with respect thereto.

WHEREAS, the Parties desire to memorialize their agreement in this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1.    The BSA shall use its best efforts to (a) conduct a reasonable search and produce Documents that respond to Request Nos. 1 through 5 and that are within the BSA's possession,

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rule 2004 Motion and the exhibits appended thereto.

custody, or control, and (b) answer Interrogatories 1 and 2.  Such production shall be made on a rolling basis with such production to be completed on or before November 16, 2020.

2.      Each member of the Ad Hoc Committee shall each use its best efforts to conduct a reasonable search for evidence of potentially applicable insurance coverage as requested in the October 6 Letter and complete the Local Council Asset Chart, and all such documents and information identified or prepared in response to such efforts shall be produced and made available to the Parties on or before November 16, 2020.  The Ad Hoc Committee will provide to the Parties copies of the written confirmation that each member of the Ad Hoc Committee agrees to the terms of this paragraph before October 14, 2020.

3.      The BSA, the Ad Hoc Committee and the Tort Claimants' Committee will engage in good-faith discussions regarding the terms of an extension of the Termination Date of the Standstill Period under the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. No. 20-50527 (LSS) [Adv. Docket Nos. 54, 77] (the "Consent Order").[3]  The Parties agree that as conditions (collectively, the "Conditions") to the consensual extension of the Termination Date and subject to definitive documentation in connection with such extension to be executed on or before October 22, 2020, each local council shall (i) use its best efforts to conduct a reasonable search for evidence of potentially applicable insurance coverage as requested in the October 6 Letter, (ii) complete the Local Council Asset Chart, and (iii) cause all documents and information identified or prepared in response to such inquiries to be produced and made available to the Parties on or before November 16, 2020 (subject to a limited extension of time "upon a particularized showing of cause" to be negotiated as part of the definitive documentation described above), together with a certificate attesting to

---

[3] All capitalized terms used in this paragraph and not otherwise defined in this Stipulation shall have the meanings ascribed to such terms in the Consent Order.

its compliance with the Conditions (a "Compliance Certificate").

4.    The Parties further agree that such good-faith discussions regarding extension of the Termination Date will include issues relating to the Rosters, and note that on October 13, 2020, the TCC provided a proposal in that regard.

5.    4. Notwithstanding the foregoing, the Parties expressly reserve the right to request or demand such other additional conditions to the extension of the Termination Date as they determine in their sole discretion; provided, however, that the Parties shall request or demand any such additional conditions on or before October 14, 2020.

6.    5. The Rule 2004 Motion shall be adjourned to (a) October 23, 2020, or as soon thereafter as counsel may be heard, if the Parties do not reach a consensual extension of the Termination Date by October 22, 2020, or (b) if a consensual extension of the Termination Date is reached by October 22, 2020, the omnibus hearing scheduled for November 18, 2020 at 10:00 a.m. (prevailing Eastern Time) with respect to any Examinees who fail to timely provide a Compliance Certificate (each, a "Non-Compliant Examinee"), and on or before November 17, 2020, the Tort Claimants' Committee shall re-notice the Rule 2004 Motion for such date, identifying each Non-Compliant Examinee.

6. Notwithstanding the foregoing, (a) the BSA and the Ad Hoc Committee shall serve and file their respective opposition papers solely with respect to Rosters at or before 11:59 pm on October 11, 2020, (b) the Tort Claimants' Committee shall serve and file its omnibus reply papers solely with respect to Rosters at or before 4:00 pm on October 13, 2020, and (c) the Parties shall argue the Rule 2004 Motion as scheduled on solely with respect to Rosters during the hearing noticed for October 14.

7.    Each of the Parties expressly reserves the right to seek discovery from any of the

4

other Parties and from any local council, whether by motion or by informal means, with respect to the subject matter of the Requests or any other subject matter.

8.      Nothing in this Stipulation shall be construed to waive any rights, arguments, claims, or defenses that the Tort Claimants' Committee or any of the Examinees have with respect to the Rule 2004 Motion or any future discovery.

9.      Each Local Council reserves the right to contest that any court, including the U.S. Bankruptcy Court for the District of Delaware or U.S. District Court for the District of Delaware, has jurisdiction over it.

10.     This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11.     This Stipulation will be binding and effective upon execution of the Parties.  This Stipulation may not be amended or modified without the written consent of each of the Parties. This Stipulation may be executed in counterparts by electronic transmission, each of which will be deemed an original and all of which taken together will constitute one document.

12.     Nothing in this order shall be read to authorize any Party to produce documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

13.     12. The Court shall retain sole and exclusive jurisdiction to interpret and enforce the provisions of this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

Dated:  October ~~11~~14, 2020

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ DRAFT*
_____

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
         aremming@mnat.com
         emoats@mnat.com
         ptopper@mnat.com

– and –

**WHITE & CASE LLP**
Jessica C. K. Boelter (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.boelter@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (212) 881-5400
Email:  mandolina@whitecase.com
         mlinder@whitecase.com

*Counsel and Proposed Co-Counsel for the Debtors
and Debtors in Possession*

Dated:  October ~~11~~14, 2020         **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

James I. Stang (CA Bar No. 94435)
John A. Morris (NY Bar No. 2405397)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  jstang@pszjlaw.com
        jmorris@pszjlaw.com
        joneill@pszjlaw.com
        jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

Dated:  October ~~11~~14, 2020          **DLA PIPER LLP (US)**

*/s/ R. Craig Martin*

R. Craig Martin (No. 5032)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
Phone: (302) 468-5655
Email: craig.martin@dlapiper.com

**WACHTELL, LIPTON, ROSEN & KATZ**

Richard G. Mason
Douglas K. Mayer
Joseph C. Celentino
51 West 52nd Street
New York, New York 10019
Phone: (212) 403-1000
Facsimile: (212) 403-2000
Email: RGMason@wlrk.com
          DKMayer@wlrk.com
          JCCelentino@wlrk.com

*Counsel for the Ad Hoc Committee of Local*
*Councils of the Boy Scouts of America*

**Exhibit 1**

**October 6 Letter**

| Summary report: | |
|---|---|
| Litera® Change-Pro for Word 10.10.0.103 Document comparison done on 10/14/2020 7:09:38 AM | |
| **Style name:** 2 W&C Standard Set | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://AMERICAS_DMS/AMERICAS/104299700/9 | |
| **Modified DMS:** iw://AMERICAS_DMS/AMERICAS/104299700/10 | |
| **Changes:** | |
| Add | 16 |
| Delete | 16 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 32 |