**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**November 18, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline:**<br>**October 29, 2020 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET OF FIRST AND FINAL FEE APPLICATION
OF F.I. SALTER REAL ESTATE, INC. FOR ALLOWANCE OF
COMPENSATION FOR APPRAISAL SERVICES RENDERED**

Name of Applicant: <u>F.I. Salter Real Estate, Inc.</u>

Authorized to Provide Professional Services to: <u>Debtors and Debtors in Possession</u>

Date of Retention: <u>June 18, 2020 (order entered July 8, 2020)</u>

Period for Which Compensation and
Reimbursement Are Requested: <u>June 18, 2020 – October 12, 2020</u>

Amount of Compensation Requested: <u>$7,500.00</u>[2]

Amount of Expense Reimbursement Requested: <u>$0.00</u>

This is a(n):   monthly __   interim __   final application <u>X</u>

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] This amount is in the range of the total appraisal fee estimate of $5,000 to $8,000 set forth in the engagement letter between F.I. Salter and the Debtors.  F.I. Salter has not received a retainer in connection with the appraisal services.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**November 18, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline:**<br>**October 29, 2020 at 4:00 p.m. (ET)** |

**FIRST AND FINAL FEE APPLICATION OF**
**F.I. SALTER REAL ESTATE, INC. FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR APPRAISAL SERVICES RENDERED**

F.I. Salter Real Estate, Inc. ("F.I. Salter"), appraiser for the Boy Scouts of America and

Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the

above-captioned chapter 11 cases (together, the "Debtors"), submits this final application (this

"Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the

"Proposed Order"), (a) granting final approval and allowance of compensation for professional

services rendered by F.I. Salter during the period from June 18, 2020 to and including October 12,

2020 (the "Fee Period") in the aggregate amount of $7,500.00, and (b) authorizing the Debtors to

pay to F.I. Salter all of the foregoing amount, less any amounts previously paid to F.I. Salter on

account of such fees.  In support of this Application, F.I. Salter respectfully represents as follows:

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and other bases for the relief requested herein are sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "<u>Compensation Procedures Order</u>").

## **<u>BACKGROUND</u>**

3.      The Debtors commenced these cases on February 18, 2020 (the "<u>Petition Date</u>"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4.      On March 5, 2020, the United States Trustee for the District of Delaware appointed an official committee of tort claimants and an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.      On April 24, 2020, the Court appointed James L. Patton, Jr. as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

6.      The Court has authorized the Debtors to retain and employ F.I. Salter as one of their appraisers, *nunc pro tunc* to June 18, 2020, pursuant to the *Order Authorizing the Retention and Employment of Appraisers for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to June 18, 2020* [Docket No. 984] (the "Retention Order").  The Retention Order authorizes the Debtors to compensate and reimburse F.I. Salter in accordance with the terms and conditions set forth in the Debtors' omnibus application to retain appraisers [Docket No. 868] (the "Omnibus Application"), subject to F.I. Salter's application to the Court.  The Retention Order authorized F.I. Salter to be paid (a) a flat fee estimated between $5,000 and $8,000.00 for the work set forth in the F.I. Salter Engagement Letter and (b) with respect to any testimony or other work outside the scope of the appraisal report, an hourly fee of $200.[2]

7.      On April 6, 2020, the Court entered the Compensation Procedures Order.  The Compensation Procedures Order provides, among other things, that each professional shall be entitled to file monthly and final fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

8.      On September 18, 2020, the Court entered the *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals* [Docket No. 1342] (the "Fee Examiner Order").  A copy of this Application will be served on the fee examiner.

## **RELIEF REQUESTED**

9.      By this Application, in accordance with the Compensation Procedures Order, F.I. Salter requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting final approval and allowance of compensation for professional services rendered

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Omnibus Application.

by F.I. Salter during the Fee Period in the aggregate amount of $7,500.00, and (b) authorizing the

Debtors to pay to F.I. Salter all of the foregoing amount, less any amounts previously paid to F.I.

Salter on account of such fees.

## SUMMARY OF SERVICES RENDERED

10.     Attached hereto as **Exhibit B** is an invoice and summary of the fees earned by F.I.

Salter during the Fee Period as outlined in the F.I. Salter Engagement Letter.  All services for

which F.I. Salter is requesting compensation were performed for or on behalf of the Debtors.

11.     During the Fee Period, F.I. Salter performed the appraisal services for the Debtors

described in the F.I. Salter Engagement Letter with respect to Northern Tier High Adventure Base.

These services included, among other things, an appraisal report incorporating the following: (i) a

highest and best use analysis; (ii) physical viewing, inspection, and measurement of structures on

the Minnesota portion of Northern Tier, observation of the condition of improvements,

characterization of land use, and consideration of other conditions of the properties that may

impact market values; (iii) consideration of the number, type, sizes, uses, and conditions of

structures on the Minnesota portion of Northern Tier; (iv) research and consideration of rights

restrictions and zoning restrictions on the Minnesota portion of Northern Tier; and

(v) consideration of other requirements and restrictions, if any, specific to the Minnesota portion

of Northern Tier, including ordinance requirements, marinas draft depth and access channels,

property composition, comparable sales data, water rights, property damage, and mineral rights.[3]

---

[3] F.I. Salter reserves the right to submit one or more supplemental fee applications to the Court for allowance of any
fees earned and expenses incurred after the date hereof, including hourly fees for any testimony or other work outside
the scope of the appraisal report.

## **VALUATION OF SERVICES**

12.     The reasonable value of the services rendered by F.I. Salter for the Fee Period as an appraiser for the Debtors in these chapter 11 cases is $7,500.00.

13.     During the Fee Period, F.I. Salter timely completed its appraisal report regarding the valuation of the Minnesota portion of Northern Tier, including the detail set forth above.  Given these results, F.I. Salter respectfully submits that, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the fees requested are fair and reasonable given (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## **BASIS FOR RELIEF**

14.     Section 328(a) of the Bankruptcy Code authorizes the debtor in possession, with the Court's approval, to employ a professional person "on any reasonable terms and conditions of employment," including on a retainer, an hourly basis, a fixed or percentage basis, or on a contingent fee basis.  11 U.S.C. § 328(a).  The foregoing appraisal services provided by F.I. Salter were appropriate and necessary, and were in the best interests of the Debtors and other parties in interest.  The compensation requested for such services is market-based and commensurate with the complexity, importance and nature of the tasks and issues involved.

## **CERTIFICATION OF COMPLIANCE**

15.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of her knowledge, information, and belief, this Application complies with the requirements of that Local Rule.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, F.I. Salter requests entry of the Proposed Order, substantially in the form attached hereto, (a) granting final approval and allowance of compensation for professional services rendered by F.I. Salter during the Fee Period in the aggregate amount of $7,500.00, and (b) authorizing the Debtors to pay to F.I. Salter all of the foregoing amount, less any amounts previously paid to F.I. Salter on account of such fees.

Dated: October 15, 2020
       Duluth, Minnesota

Respectfully submitted,

*/s/ Ann M. Heimbach*
Ann M. Heimbach, MAI
Certified General Real Property Appraiser
F.I. SALTER REAL ESTATE, INC.