```
                   UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE

IN RE:                           .  Chapter 11
                                 .  Case No.: 20-10343 (LSS)
BOY SCOUTS OF AMERICA AND        .
DELAWARE BSA, LLC,               .  (Jointly Administered)
                                 .
              Debtors.           .
                                 .
. . . . . . . . . . . . . . . . .
                                 .
BOY SCOUTS OF AMERICA,           .  Adversary Proceeding No.:
                                 .  20-50527 (LSS)
              Plaintiff,         .
                                 .
v.                               .
                                 .  Courtroom 2
A.A., et al.,                    .  824 Market Street
                                 .  Wilmington, Delaware 19801
              Defendants.        .
                                 .  Friday, October 16, 2020
. . . . . . . . . . . . . . . . .  3:34 p.m.


       TRANSCRIPT OF HYBRID ZOOM/TELEPHONIC BENCH RULING
          BEFORE THE HONORABLE LAURIE S. SILVERSTEIN
                 UNITED STATES BANKRUPTCY JUDGE


For the Coalition
of Abused Scouts
for Justice:             Sunni P. Beville, Esquire
                         BROWN RUDNICK, LLP
                         One Financial Center
                         Boston, Massachusetts 02111


Electronically
Recorded by:             Ginger Mace, ECRO

Transcription Service:   Reliable
                         1007 N. Orange Street
                         Wilmington, Delaware 19801
                         Telephone: (302) 654-8080
                         E-Mail: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1                            INDEX

2  MOTIONS:                                                    PAGE

3

   Agenda
4  Item 7:   Motion of the Coalition of Abused Scouts for       13
             Justice to Participate in The Mediation
5            (D.I. 1161, Filed 8/26/20).

6  Agenda
   Item 8:   Century and Hartford's Motion to Compel the        3
7            Attorneys Representing the Entity Calling
             Itself the "Coalition" to Submit the
8            Disclosures Required by Federal Rule of
             Bankruptcy Procedure 2019
9            (D.I. 1164, Filed 8/26/20).

10 Agenda
   Item 12:  Century's Motion to Compel the Depositions of      12
11           Timothy Kosnoff and Andrew Van Arsdale or in
             the Alternative to Adjourn the Hearing on the
12           Pending 2019 Motions [D.I. 1144], [D.I. 1161],
             and [D.I. 1164] (D.I. 1417, Filed 1/7/20)
13
   Agenda
14 Item 13:  Motion of Tim Kosnoff, Esquire for Protective      13
             Order and to Quash Notice of Deposition
15           (D.I. 1420, Filed 10/7/20).

16 Transcriptionist's Certificate                               16

17
                              -o0o-
18

19

20

21

22

23

24

25

1       (Proceedings commenced at 3:34 p.m.)
2             THE COURT:  Thank you.  Good afternoon, counsel.
3  This is Judge Silverstein.
4             We're here in the Boy Scouts of America bankruptcy
5  case, Case Number 20-10343 for my rulings on the matters that
6  we left open on the hearing, I guess, two days ago.
7             If everyone can please just check to make sure
8  their phones are muted, it will help with the audibility of
9  this.
10            I'm going to start with the Rule 2019 motion.
11 2019 is a disclosure requirement; the rule is made as such.
12 It is called, "Disclosure regarding creditors and equity
13 security holders in Chapter 9 and Chapter 11 cases."
14            As relevant here, the Rule provides that certain
15 specified information should be filed in a verified statement
16 by every group or committee that consists of or represents
17 multiple creditors that are acting in concert to advance
18 their common interests.
19            An off-litigated matter is, or used to be, whether
20 a party, that is, a group, an entity, or an entity, is
21 required to file a verified statement.
22            That is not an issue here.  The self-named
23 Coalition of Abused Scouts for Justice has filed a verified
24 statement; albeit, the statement has been amended several
25 times.  The question here is whether the Rule 2019 statement

1  filed by the coalition complies with Rule 2019.
2              Subsection (c) tells us what information is
3  required.  It requires statements regarding the pertinent
4  facts and circumstances concerning the formation of the
5  group, including each entity at whose instance the group
6  performed or for whom the group has agreed to act.
7              With respect to each member of the group, it
8  requires the name and address and the nature and amount of
9  each disclosable economic interest held in relation to the
10 debtor as of the date the group was formed.
11             With respect to each member of a group that claims
12 to represent any entity in addition to the members of the
13 group, there are further requirements regarding disclosure of
14 disclosable economic interests; additionally, a copy of the
15 instrument, if any, authorizing the group to act on behalf of
16 the creditors, must be submitted.
17             Here, I find that the coalition, that is, the
18 group, has disclosed the required information.  I will go
19 through how the coalition has met the Rule 2019 requirements,
20 but I will admit that the analysis was made harder by the
21 less-than-precise language used in the Rule 2019 statements,
22 the filings, and the presentations made by the coalition, as
23 well as the sheer existence of multiple filings and new
24 entrants.
25             Based on the discussion on the record of the

1 hearing, the representations of counsel, and review of the
2 Rule 2019 statements, my understanding of the group and their
3 arrangements is as follows.  The group is the coalition.  The
4 members of the group are the State Court counsel clients who
5 have signed the request for written acknowledgment that is
6 found at Docket 1429-1, Exhibit A-4, Page 94 of 96.
7 　　　　　The State Court counsel are now the 10 law firms
8 identified in the latest supplemental declaration.  The
9 clients' members are individuals who alleging claims of
10 sexual abuse against the Boy Scouts and have signed an
11 engagement agreement with one or more of the State Court
12 counsel, as reflected in the exemplars filed with the Court.
13 The State Court counsel, and not the members, instruct the
14 coalition counsel as to positions to be taken on behalf of
15 the coalition in the bankruptcy cases.  An advisory board of
16 five members of the coalition, chosen by the State Court
17 counsel, was created to participate in advising coalition
18 counsel.
19 　　　　　The reference in the second amended verified
20 statement to the advisory board participating in meetings of
21 the coalition appears to be an error.  There are no meetings
22 of the coalition, that is, the entire 7500-plus membership;
23 rather, the State Court counsel meet and consult with and
24 direct coalition counsel.  The advisory board meets with the
25 State Court counsel and the coalition counsel to assist in

1  deliberations concerning actions taken by the coalition.
2  Coalition counsel represents the coalition as a collective
3  and not any members of the coalition individually.
4        That is my understanding.  If my understanding is
5  incorrect, and I'll ask coalition counsel that question at
6  the end, but if my understanding is incorrect, then I any
7  opposed, say no to be corrected, because without a common and
8  correct understanding, my Rule 2019 ruling may be in error.
9        As to satisfaction of the Rule 2019 standards,
10 again, I find them satisfied, as to the coalition.  First of
11 all, I am not sure this was anyone's focus or that it matters
12 with respect to the documentation required.  I think the
13 coalition is a group for purposes of Rule 2019.
14       As for the pertinent facts regarding the formation
15 of the group, it has been disclosed that the initial State
16 Court counsel formed the group.
17       With respect to the members of the group, all of
18 the names and addresses were filed under seal; that list will
19 be pared back to reflect only those individuals who have
20 signed a written acknowledgment.
21       Each individual disclosable economic interest has
22 been disclosed on that matrix, which was filed under seal,
23 and as to which no one objected to the sealing of that
24 personal-identifiable information.
25       As for a copy of the instrument authorizing the

1  group to act on behalf of creditors, here, the coalition has
2  filed the written acknowledgments, or an exemplar, and that
3  may actually be enough.  And under the agreement with the
4  U.S. Trustee, there can be an audit of those written
5  acknowledgments.
6        The coalition has also filed exemplar agreement
7  engagement letters between the State Court counsel and their
8  clients and the coalition has also filed the engagement
9  letter between Brown Rudnick, and Ms. Mersky's firm -- whose
10 name I didn't write down and it's new and I don't recall
11 it -- but Ms. Mersky's firm, all signed by State Court
12 counsel.  No more documentation is required.
13       The insurance companies have raised certain issues
14 that I will address.  First, Hartford focused on the group's
15 bylaws which have not been disclosed.  Hartford argued that
16 without the bylaws, neither it, nor the Court, can know who
17 is actually making decisions and on what basis.
18       Rule 2019 does not require a group to file
19 documents that address the internal working of the group.
20 The group need not even have bylaws and the operative
21 documents have given the coalition an ability to act for its
22 members, the creditors, are the written acknowledgments.
23       Second, the insurance companies have raised issues
24 regarding whether claimants have given informed consent with
25 respect to the retention by individual claimants of their own

1  counsel and with respect to the coalition, potential
2  conflicts of interest among and between clients.
3        Rule 2019 is not a mechanism to determine,
4  generally, whether clients have given informed consent to
5  their attorneys, but I am satisfied for purposes of Rule
6  2019, that the signed, written acknowledgments are
7  satisfactory.
8        Counsel want Rule 2019 to be something more than
9  it is.  It is not a Rule designed to determine whether an
10 attorney has complied with state law Rules of Professional
11 Responsibility or determine whether a client has provided
12 informed consent in connection with his retention of counsel.
13       I don't know whether any attorney appearing before
14 me in any case has a proper engagement letter with their
15 client, has discussed conflicts, has provided appropriate
16 information to their clients, and obtained informed consent,
17 consistent with applicable Professional Rules of Conduct.
18       Whether a client has given informed consent needs
19 to arise in a specific context.  We saw at that play out
20 earlier in this case.  That was an appropriate context; Rule
21 2019 is not.
22       Third, the insurance companies submitted Professor
23 Moore's declaration in support of their position that the
24 Rule 2019 disclosure is lacking.  Professor Moore's
25 declarations actually support a finding that Rule 2019

1  disclosures have been met.
2          Professor Moore generally addresses two issues:
3  whether the coalition is an entity and the informed consent
4  issue.
5          The ability to make the detailed analysis that
6  Professor Moore did shows that disclosure of the arrangement
7  has been made.
8          Is it my view that the purpose of Rule 2019 is
9  transparency; transparency with respect to the economic
10 interests of groups is necessary so that other parties in
11 interest and the Court can evaluate the positions the group
12 advocates in a proper context.  It is to understand the
13 agenda of the group.  It is not to appraise the personal
14 agenda of the group or judge it as good or bad; it is simply
15 to know it.  And I think it is clear that we all understand
16 the agenda of the coalition.
17         And his January 9th, 2009, letter to the advisory
18 committee on Bankruptcy Rules, Judge Gerber, in addition to
19 transparency, observed that parties seeking strict
20 enforcement of Rule 2019 often do so to advance their own
21 private agendas, rather than concern over the bankruptcy
22 process, itself.
23         Here, the purported concern expressed by insurers
24 as to the need of further disclosure is the explosion of
25 claims versus the number existing in the tort system pre-

1 petition and the concern that claims filed may not be valid.

2 　　　　　I can think of any number of reasons that there
3 might be an explosion of claims against debtors: The very
4 filing of the bankruptcy, itself; the imposition of the
5 claims bar date; the lifting of the statute of limitations
6 for sexual abuse victims in multiple states; a changed
7 environment in the last couple of years with respect to
8 coming forward on sexual abuse claims, that is, a less-
9 stigmatizing environment; and, yes, the national advertising
10 blitz by multiple law firms over the last six months directed
11 specifically to the abuse victims, with that national
12 advertising made be many of the State Court counsel.

13 　　　　　But Rule 2019 is not a mechanism to address the
14 explosion of claims or any claims that are not meritorious.
15 Having said that, have I expressed concerns that attorneys
16 who take on abuse-victim clients be able to be in a position
17 to adequately represent each client. That includes having
18 sufficient time to confer with each client regarding his
19 claim and assist in ensuring the proof-of-claim form is
20 properly completed.

21 　　　　　But I do not view my role relative to Rule 2019 to
22 ensure adequate counsel representation and I will not start
23 from a premise that law firms and individual lawyers are
24 violating their ethical responsibilities.

25 　　　　　We are going to have to address the claims that

1 are filed, and I look forward to solutions that the parties
2 work on collectively to address valid claims and to ferret
3 out invalid claims, if any.
4      As for cases cited by the insurance companies, and
5 I believe some cited by the TCC, they do not dictate a
6 different result here.  Concerns regarding Rule 2019 were
7 raised in specific contexts, such as master ballots, class-
8 action ballots, and improper pre-petition influence on a
9 plan.
10      At least one case cited was not Rule 2019 related
11 at all, but rather addressed disinterestedness, a very
12 different context in which to address Professional Rules of
13 Responsibility.
14      Here, the coalition will not be filing ballots for
15 their members and any influence the coalition has on the plan
16 process will be out in the open; further, coalition counsel
17 does not need to be disinterested.
18      At least one case cited by the insurance companies
19 is unhelpful to them.  In Morallo (phonetic), the Court
20 suggests that Rule 2019 statements are a strong indicator of
21 the attorney's agent status for service of process under
22 Rule 4; that's seeming to give some presumptive validity to
23 the attorney-client relationship between the signer of the
24 Rule 2019 statement and the members of a group.
25      I don't need to make any such findings, and I'm

1  not, but I did find certain of the cases, again, to be
2  unhelpful to those citing them.
3  　　　　　Finally, the remedies in the cited cases that were
4  relevant and Rule 2019 cases is disclosure; something that I
5  have already addressed.
6  　　　　　So, the bottom line is the coalition has satisfied
7  its Rule 2019 disclosure statements, subject to any
8  obligations it has to supplement its filings.
9  　　　　　Whether other entities need to file a Rule 2019
10 disclosure is something that came to my mind as I did this
11 analysis and I have not looked at all of the parties
12 appearing in front of me to determine whether others should
13 be filed Rule 2019 disclosures, but I suggest that each party
14 consider that and, as appropriate, make filings.
15 　　　　　Moving on to Century's motion to compel
16 depositions and the motion to quash that was filed in
17 response, because I find that the coalition's Rule 2019
18 disclosures are sufficient, I denied Century's motion to
19 compel the depositions of Mr. Kosnoff and Mr. Van Arsdale.
20 The request was based on the insufficiency of the coalition's
21 Rule 2019 disclosure statement and so there's no basis for it
22 at this time.
23 　　　　　But in connection with this, let me note that
24 Mr. Kosnoff's email was unfortunate, more than unfortunately,
25 but Mr. Kosnoff's poor judgment in how he expresses himself

1  or how he views other professionals is not, alone, a basis to
2  compel his deposition related to Rule 2019.
3          Because I am denying Century's motion to compel,
4  the flipside of Century's motion, that is the motion to
5  quash, is moot.
6          The motion to participate in mediation made by the
7  coalition; I'm not going to grant it, subject to an
8  appropriate modification or supplement to the protective
9  order addressing document disclosure.
10         I am sensitive to the argument made by the
11 insurers that protection of certain documents, subject to
12 common interest or other privilege to the coalition, may
13 permit abuse victims access to documents they would not be
14 able to obtain in underlying litigation.
15         I am also sensitive to the fact that almost all or
16 possibly all of the coalition's members are not yet parties
17 to any litigation against the Boy Scouts.
18         This document-production issue needs to be
19 addressed.  I believe, but it might be hopeful recollection,
20 that I heard Mr. Schiavoni say that if he had been approached
21 about this issue by the coalition, he may have been able to
22 work it out.  So, I am hopeful, but I'm not going to leave
23 this open-ended.
24         I'm directing the parties to confer in good faith
25 on the issue and I want to status next Friday if a

1 certification of counsel with a revised form of order or
2 supplement is not filed before then.
3     Permitting the coalition to participate in the
4 mediation is not a comment on the official tort claimants
5 committee and I note, only the tort claimants committee has a
6 fiduciary obligation to all abuse survivors.  The coalition
7 cannot and is not a substitute for the TCC, but as a
8 practical matter, even the lesser number of coalition members
9 could likely be at least a blocking vote, with respect to a
10 class of the abuse survivors, and the recommendation of State
11 Court counsel involved in the coalition to all of their
12 clients is likely to have even more heft.
13     So, based on my review of the motion, those
14 supporting it and the opposition, I have determined on the
15 conditions that I placed, to permit the coalition to
16 participate in mediation.
17     I believe that I have hit all of the open motions
18 from Wednesday and that concludes my rulings.
19     But I do want to ask the coalition counsel to
20 confirm my understanding of how the coalition works or
21 correct me if I'm wrong.
22     MS. BEVILLE:  Your Honor, Sunni Beville on behalf
23 of the coalition.  I am confirming that your understanding
24 and your recitation, for purposes of the record, was
25 accurate.

```
1              THE COURT:  Thank you.
2              Any questions?
3         (No verbal response)
4              THE COURT:  Okay.  Very good.
5              Forms of order.  I haven't given any thoughts to
6  forms of order.  If counsel can confer and submit appropriate
7  forms of order on each of your respective motions, then I
8  will look for them under certification of counsel, and if it
9  is the form that was submitted, you can confirm that, as
10 well.
11             UNIDENTIFIED:  Thank you, Judge.
12             THE COURT:  Okay.  Thank you very much, counsel.
13 Everyone have a good weekend.
14             COUNSEL:  Thank you, Your Honor.
15        (Proceedings concluded at 3:57 p.m.)
16
17
18
19
20
21
22
23
24
25
```

1                          CERTIFICATION
2          I certify that the foregoing is a correct
3  transcript from the electronic sound recording of the
4  proceedings in the above-entitled matter to the best of my
5  knowledge and ability.
6
7
8
9  /s/ William J. Garling                    October 17, 2020
10 William J. Garling, CET**D-543
11 Certified Court Transcriptionist
12 For Reliable