```
                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE

IN RE:                            .  Chapter 11
                                  .  Case No.: 20-10343 (LSS)
BOY SCOUTS OF AMERICA AND         .
DELAWARE BSA, LLC,                .  (Jointly Administered)
                                  .
               Debtors.           .
                                  .
. . . . . . . . . . . . . . . . . .
                                  .
BOY SCOUTS OF AMERICA,            .  Adversary Proceeding No.:
                                  .  20-50527 (LSS)
               Plaintiff,         .
                                  .
v.                                .
                                  .  Courtroom 2
A.A., et al.,                     .  824 Market Street
                                  .  Wilmington, Delaware 19801
               Defendants.        .
                                  .  Friday, October 16, 2020
. . . . . . . . . . . . . . . . . .  3:34 p.m.


     TRANSCRIPT OF HYBRID ZOOM/TELEPHONIC BENCH RULING
         BEFORE THE HONORABLE LAURIE S. SILVERSTEIN
                UNITED STATES BANKRUPTCY JUDGE


For the Coalition
of Abused Scouts
for Justice:              Sunni P. Beville, Esquire
                          BROWN RUDNICK, LLP
                          One Financial Center
                          Boston, Massachusetts 02111


Electronically
Recorded by:              Ginger Mace, ECRO

Transcription Service:    Reliable
                          1007 N. Orange Street
                          Wilmington, Delaware 19801
                          Telephone: (302) 654-8080
                          E-Mail: gmatthews@reliable-co.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1  or how he views other professionals is not, alone, a basis to
2  compel his deposition related to Rule 2019.
3           Because I am denying Century's motion to compel,
4  the flipside of Century's motion, that is the motion to
5  quash, is moot.
6           The motion to participate in mediation made by the
7  coalition; I'm not going to grant it, subject to an
8  appropriate modification or supplement to the protective
9  order addressing document disclosure.
10          I am sensitive to the argument made by the
11 insurers that protection of certain documents, subject to
12 common interest or other privilege to the coalition, may
13 permit abuse victims access to documents they would not be
14 able to obtain in underlying litigation.
15          I am also sensitive to the fact that almost all or
16 possibly all of the coalition's members are not yet parties
17 to any litigation against the Boy Scouts.
18          This document-production issue needs to be
19 addressed.  I believe, but it might be hopeful recollection,
20 that I heard Mr. Schiavoni say that if he had been approached
21 about this issue by the coalition, he may have been able to
22 work it out.  So, I am hopeful, but I'm not going to leave
23 this open-ended.
24          I'm directing the parties to confer in good faith
25 on the issue and I want to status next Friday if a