# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re D.I. 1161, 1257, 1432** |

### ORDER APPROVING THE MOTION OF THE COALITION FOR ABUSED SCOUTS FOR JUSTICE TO PARTICIPATE IN THE MEDIATION

Upon the *Motion of the Coalition of Abused Scouts for Justice to Participate in the Mediation* (the "Motion") [D.I. 1161] and supplemental pleadings by the Coalition of Abused Scouts for Justice in support of the Motion [D.I. 1257 and 1432]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

{00219769-1}

relief requested therein at hearings before this Court; and all objections and responses to the Motion having been overruled; it is HEREBY ORDERED THAT:[2]

1. The Motion is GRANTED, as set forth herein.

2. The Coalition of Abused Scouts for Justice is designated a Mediation Party as defined in the Mediation Order and shall participate in the Mediation.

3. The Coalition shall be designated a party to the *Order Approving Confidentiality and Protective Order* [D.I. 799] (the "Protective Order").

4. Subject to the terms of the Protective Order, the Coalition may receive Discovery Material (as defined in the Protective Order) as follows[3]:

    a. Outside Counsel and Other Retained Professionals of the Coalition that assent to be bound by the Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed as Exhibit A to the Protective Order shall have access to information and items designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" and "COMMITTEE ADVISOR ONLY" subject to and in accordance with the Protective Order.

    b. State Court Counsel that assent to be bound by the Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed as

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

[3] Brown Rudnick LLP and Monzack Mersky Browder and Hochman, P.A. ("Coalition Counsel") shall constitute "Outside Counsel" as defined in the Protective Order; professionals or other advisors retained by the Coalition, if any, shall constitute "Other Retained Professionals" as defined in the Protective Order; members of the Coalition as set forth in the *Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1429] (as may be amended or supplemented, the "Amended 2019 Statement"), as supplemented by the *Supplement to Amended Verified Statement of the Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* (the "Supplement") [D.I. 1510] shall constitute "Members" as defined in the Protective Order; and the state court counsel representing individual Coalition members and identified in the Amended 2019 Statement, as may be supplemented from time to time (the "State Court Counsel") shall constitute "Counsel" as defined in the Protective Order, provided, however, the State Court Counsel shall not include any counsel that has resigned or withdrawn from the Coalition, nor any counsel that shares a co-counsel relationship with any State Court Counsel (other than those identified in the Amended 2019 Statement).

Exhibit A to the Protective Order shall have access to information and items designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL."

c. Members of the Coalition's Advisory Board that assent to be bound by the Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed as Exhibit A to the Protective Order shall have access to information and items designated as "CONFIDENTIAL" under the Protective Order, provided, however, that Members of the Coalition may share such CONFIDENTIAL information only with its State Court Counsel that are entitled to receive CONFDIENTIAL AND HIGHLY CONFIDENTIAL information pursuant to the Protective Order.

5. Coalition Counsel shall be a "Permitted Party" pursuant to the *Order Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (i) Establishing the Deadlines for Filing Proofs of Claim, (ii) Establishing the Form and Manner of Notice Thereof, (iii) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (iv) Approving Confidentiality Procedures for Abuse Survivors* [D.I. 695] (the "Bar Date Order") and may receive copies of Sexual Abuse Proofs of Claim and General Proofs of Claim provided that all personally identifiable information shall be redacted from any proofs of claim provided to Coalition Counsel; provided, that (a) notice is given to the holders of all filed Sexual Abuse Proofs of Claim and General Proofs of Claim pursuant to Paragraph 7(e)(14) of the Bar Date Order and (b) Coalition Counsel executes a "Confidentiality Agreement" (as set forth in footnote 4 of the Bar Date Order). Coalition Counsel may provide summaries and/or aggregated claims data to the State Court Counsel and members of the Advisory Board of the Coalition provided that State

Court Counsel and the members of the Advisory Board execute the foregoing referenced Confidentiality Agreement.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2020
Wilmington, Delaware