**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: November 18, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: November 5, 2020 at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**WHITE & CASE LLP AS ATTORNEYS TO THE DEBTORS AND**
**DEBTORS IN POSSESSION EFFECTIVE AS OF OCTOBER 23, 2020**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit

corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases

(together, the "Debtors"), hereby file this application (the "Application"), pursuant to section

327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),

rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the

Debtors to retain and employ White & Case LLP ("White & Case" or the "Firm") as attorneys for

the Debtors, effective as of October 23, 2020.  In support of this Application, the Debtors rely

upon and incorporate by reference the *Declaration of Jessica C. K. Boelter in Support of Debtors'*

*Application for Entry of an Order Authorizing the Retention and Employment of White & Case*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*LLP as Attorneys to the Debtors and Debtors in Possession Effective as of October 23, 2020* (the "Boelter Declaration"), attached hereto as **Exhibit B**, and the *Declaration of Steven P. McGowan in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of White & Case LLP as Attorneys to the Debtors and Debtors in Possession Effective as of October 23, 2020* (the "McGowan Declaration"), attached hereto as **Exhibit C**.  In further support of the Application, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.    The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

2.    On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.  On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future abuse claimants (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

3.    On March 17, 2020, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [D.I. 204] (the "Sidley Retention

Application"). On June 2, 2020, this Court entered issued its bench ruling [D.I. 755] and its order [D.I. 758] granting the Sidley Retention Application.

4.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and other bases for the relief requested in this Application are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-2.

6.      Information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 16] and the *Debtors' Informational Brief* [D.I. 4].

## RELIEF REQUESTED

7.      By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ White & Case as attorneys for the Debtors, effective as of October 23, 2020, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

## WHITE & CASE'S QUALIFICATIONS

8.      The Debtors are requesting authorization to retain White & Case as their lead restructuring counsel as of October 23, 2020 because the core members of the legal team began transitioning their practices to White & Case from Sidley Austin LLP ("Sidley") as of such date. These attorneys, who include Jessica C. K. Boelter, Michael C. Andolina and Matthew E. Linder, have led the Debtors' restructuring efforts for the past two years, including the first eight months of the Debtors' chapter 11 cases. Blair Warner and Laura Baccash, critical members of the legal team, and Andrew O'Neill, who has appeared in front of the Court on behalf of the Debtors, have also transitioned their practices to White & Case. Accordingly, these attorneys have extensive pre- and postpetition experience providing legal services to the Debtors, including significant knowledge of the Debtors' non-profit operations, financial affairs, liabilities, organizational structure, and the legal issues being addressed in the Debtors' restructuring. Moreover, these attorneys are familiar with the numerous stakeholders that are actively participating in these cases. For this reason alone, White & Case is uniquely able to represent the Debtors in these chapter 11 cases.

9.      White & Case is also a recognized leader in financial restructuring and insolvency and routinely guides clients through restructurings, workouts and insolvency matters worldwide. The White & Case Financial Restructuring and Insolvency practice is comprised of more than sixty full-time attorneys in the United States, plus attorneys in numerous other principal areas of practice who have sub-specialties in restructuring-related issues. White & Case has recently been retained to act as lead restructuring counsel in several complex chapter 11 cases in this District, including *In re The Hertz Corporation*, Case No. 20-11218 (MFW) (Bankr. D. Del. June 24, 2020); *In re TP RemainCo, LLC (f/k/a Techniplas, LLC)*, Case No. 20-11049 (LSS) (Bankr. D. Del. June 5, 2020);

and *In re Joerns WoundCo Holdings, Inc.*, Case No. 19-11401 (JTD) (Bankr. D. Del. July 25, 2019).

White & Case therefore has the necessary experience and expertise to effectively address the issues

that will arise in these cases.

10.    For the foregoing reasons, White & Case is both well qualified and uniquely able

to represent the Debtors in these chapter 11 cases.  The Debtors could not replace the core members

of the White & Case team without incurring significant costs in terms of the time and money that

would be required to select and educate replacement counsel.  Moreover, the Debtors have

requested that White & Case and Sidley work cooperatively to ensure that the transition of services

to White & Case does not interrupt or delay the Debtors' restructuring efforts.

## SCOPE OF WHITE & CASE'S PROPOSED SERVICES

11.    The Debtors are proposing that White & Case be employed to render the following

services, among others:

(a)    provide legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of the Debtors' non-profit organization in a manner consistent with their charitable mission;

(b)    take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections, as necessary, to relief sought and claims filed against the Debtors' estates;

(c)    prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

(d)    advise the Debtors concerning, and prepare responses to, applications, motions, objections, other pleadings, notices and other papers that may be filed by creditors and other parties in interest in these chapter 11 cases;

(e)    attend meetings and negotiate with representatives of creditors and other parties in interest, attend court hearings, and advise the Debtors on the conduct of their chapter 11 cases;

(f)     take all necessary actions in connection with a chapter 11 plan and disclosure statement for the Debtors, including the *Chapter 11 Plan of Reorganization for Boy Scouts of American and Delaware BSA, LLC* [D.I. 20] and related *Disclosure Statement for the Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 21], as each may be amended, supplemented or modified from time to time, and all related agreements and documents, and such further actions as may be required in connection with obtaining confirmation of a plan, the implementation of a chapter 11 plan, and the administration of the Debtors' estates;

(g)     provide legal advice and perform legal services with respect to matters relating to corporate governance, the interpretation, application or amendment of the Debtors' organizational documents, material contracts, and matters involving the fiduciary duties of the Debtors and their officers, directors and managers; and

(h)     perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

12.     The Debtors anticipate that White & Case will replace Sidley as restructuring counsel in rendering the foregoing professional services. This transition is ongoing, and the Debtors expect it to be completed within the next several weeks. In light of the integral role of the core legal team members who have transitioned their practice to White & Case from Sidley, the Debtors submit that the retention of White & Case as lead bankruptcy counsel is necessary and appropriate under the circumstances. White & Case has indicated its desire and willingness to act in these cases and render necessary professional services to the Debtors, subject to the Court's entry of an order approving the Firm's retention as of October 23, 2020.

## NO DUPLICATION OF SERVICES

13.     As they have done for approximately two years, the core legal team members at White & Case will continue to lead the Debtors' restructuring efforts, with the assistance of Sidley attorneys and paraprofessionals during the transition period, as appropriate. Moreover, the Debtors have requested that White & Case and Sidley work cooperatively to minimize or eliminate any duplication of services, to ensure that the transition of services to White & Case does not interrupt

or delay the Debtors' restructuring efforts, and to absorb any incremental costs associated with the transition. White & Case has agreed to these requests, which it believes are in the best interests of the estates and creditors. White & Case professionals will not charge the Debtors' estates for time involved in getting up to speed in these chapter 11 cases.

14.    In addition to their restructuring counsel, the Debtors have also retained various other restructuring professionals and counsel in these chapter 11 cases for particular purposes. The Debtors, White & Case, and such other counsel have fully discussed White & Case's role in these chapter 11 cases so as to avoid duplication of work. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will promote the efficient prosecution and effective administration of these chapter 11 cases. White & Case has agreed to make reasonable efforts to avoid duplication of services by any other professionals employed by the Debtors.

## PROFESSIONAL COMPENSATION

15.    White & Case intends to apply to the Court for allowance of compensation earned for professional services and reimbursement of expenses incurred in connection with these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court, including the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 341]. White & Case will also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "U.S. Trustee

Guidelines"), both in connection with this Application and any applications for compensation and reimbursement of expenses to be filed by White & Case in these chapter 11 cases.  To that end, the Boelter Declaration includes information provided by White & Case pursuant to paragraph D.1 of the U.S. Trustee Guidelines.

16.    White & Case will charge the Debtors for its legal services on an hourly basis at its ordinary and customary rates in effect on the date that such services are rendered and for reimbursement of all costs and expenses incurred by White & Case in connection with its representation of the Debtors.  White & Case has provided and will be providing professional services to the Debtors at the then-current standard rate charged by the Firm for such services. Currently, the hourly rates charged by White & Case are $1,145 to $1,645 for partners, $1,055 for counsel, $595 to $1,025 for associates, and $175 to $535 for paraprofessionals.[2]  Notwithstanding the foregoing, the Debtors have requested, and White & Case has agreed, that former Sidley professionals who transition to White & Case will charge the estates for their services at the hourly rate that is the lower of their most recent hourly rate at Sidley and their then-current hourly rate at White & Case, subject to periodic adjustments in the normal course of White & Case's operations.

17.    White & Case's hourly rates are set at a level designed to fairly compensate White & Case for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. These hourly rates vary with the experience and seniority of each professional and are subject to periodic adjustments to reflect economic and other conditions, with the hourly rate charged being the hourly rate in effect on the date that the services are performed.  The rates of White & Case's

---

[2] White & Case does not anticipate using contract attorneys during these chapter 11 cases.  Nevertheless, in the unlikely event that it becomes necessary to use contract attorneys, White & Case will not charge a markup to the Debtors with respect to fees billed by such attorneys.  Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by White & Case will be subject to connections searches and disclosures in accordance with the applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

restructuring professionals anticipated to render services in connection with these cases are consistent with the rates that White & Case charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.  Moreover, as described in the Boelter Declaration, White & Case's rate structure is appropriate and not significantly different from the rates that White & Case charges for other non-bankruptcy representations or the rates that other comparable counsel would charge to perform substantially similar services.

18.     White & Case has advised the Debtors that the hourly rates set forth above are subject to periodic increases in the normal course of the Firm's business.[3]  White & Case will provide notice of any rate increases to the Debtors, the U.S. Trustee, the Tort Claimants' Committee and the Creditors' Committee.  Consistent with the Firm's policy, White & Case will continue to charge the Debtors for reimbursement of costs, out of pocket and office expenses, and disbursements incurred in connection with its services.  These include but are not limited to: photocopying, local messenger and intercity delivery service, computerized research, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), support staff overtime and word processing, consulting and expert costs, and other costs, expenses, and disbursements.  Consistent with Local Rule 2016-2(e), White & Case will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases.  White & Case does not charge its clients for incoming or outgoing facsimile transmissions.

---

[3] For example, like many of its peer law firms, White & Case increases the hourly billing rate of attorneys and paraprofessionals annually in the form of (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" as that term is used in the U.S. Trustee Guidelines.

**COMPENSATION RECEIVED BY WHITE & CASE FROM THE DEBTORS**

19.     As set forth in the Boelter Declaration, White & Case neither received any compensation from, nor entered into any agreement to be paid any compensation by, the Debtors during the one year preceding the Petition Date.  White & Case has not received any post-petition payments from the Debtors and does not hold any retainer from the Debtors.

20.     In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b), White & Case has neither shared nor agreed to share (a) any compensation or reimbursement it has received or may receive with another person, other than with the partners, associates and contract attorneys (if applicable) associated with White & Case, or (b) any compensation or reimbursement another person has received or may receive.

**WHITE & CASE'S DISINTERESTEDNESS**

21.     As described in the Boelter Declaration, in connection with its proposed retention by the Debtors in these chapter 11 cases, White & Case searched its electronic database with respect to the Debtors and a list of potential parties in interest in these chapter 11 cases (collectively, the "Potential Parties in Interest").  The Potential Parties in Interest and the results of the search are set forth on Schedule 1 and Schedule 2 to the Boelter Declaration, respectively.  Certain specific disclosures are contained in paragraphs 18 and 19 of the Boelter Declaration.  To the best of the Debtors' knowledge, as disclosed in the Boelter Declaration, (a) White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Boelter Declaration.

22. Given the large number of parties in interest in these chapter 11 cases and because the information on Schedule 1 to the Boelter Declaration may have changed without White & Case's knowledge and may change during the pendency of the Debtors' chapter 11 cases, White & Case is not able conclusively to identify all relationships or potential relationships with all creditors or other parties in interest in these chapter 11 cases. If any new relevant facts or relationships are discovered or arise, White & Case will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF

23. The Debtors are requesting authority to retain and employ White & Case as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval, may employ one or more attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a). A "disinterested person" is a person that (a) is not a creditor, an equity security holder, or an insider of the debtor; (b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. 11 U.S.C. § 101(14).

24. Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.  Additionally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file "a supporting affidavit or verified statement of the professional person and a proposed order for approval."  Del. Bankr. L.R. 2014-1.

25.    In general, subject to the requirements of sections 327(a) of the Bankruptcy Code, a debtor in possession is entitled to the counsel of its choosing.  *See, e.g.*, *In re Congoleum Corp.*, 426 F.3d 675, 686 (3d Cir. 2005) ("[C]ourts must be cautious about infringing on the right of the debtor to retain counsel of its choice"); *see also In re Vouzinas*, 259 F.3d 103, 112 (2d Cir. 2001) ("Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel . . . .").  Courts give "great deference" to the debtor in possession's choice of counsel.  *See In re Enron Corp.*, Case No. 01-16034, 2002 WL 32034346, at *5 (Bankr. S.D.N.Y. May 23, 2002); *see also In re Huntco, Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002) ("A bankruptcy court . . . should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a).").

26.    The Debtors submit that for all of the reasons stated above and in the Boelter and McGowan Declarations, the retention and employment of White & Case as attorneys for the Debtors is warranted.  White & Case is a "disinterested person" as required by section 327(a) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtors' estates, and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Boelter Declaration.

## NOTICE

27.    Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel

to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief the Court may deem just and proper.


Dated:  October 22, 2020                          Respectfully submitted,
        Wilmington, Delaware

                                         */s/ Steven P. McGowan*
                                         Steven P. McGowan
                                         Secretary and General Counsel

                                         *Boy Scouts of America and Delaware BSA, LLC*