**Exhibit A**

DOCS_DE:231262.1 85353/002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Related to Doc No. 1477** |

**ORDER PURSUANT TO SECTIONS 328(a) AND
1103 OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING
THE EMPLOYMENT AND RETENTION OF KEEN-SUMMIT CAPITAL PARTNERS
LLC AS REAL ESTATE ADVISOR, EFFECTIVE AS OF OCTOBER 9, 2020**

Upon consideration of the *Application of the Official Tort Claimants' Committee Pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Keen-Summit Capital Partners LLC as Real Estate Advisor, Effective as of October 9, 2020* (the "Application"),[2] the Official Tort Claimants' Committee (the "Tort Claimants' Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking authorization to employ and retain Keen-Summit Capital Partners LLC ("Keen" or the "Firm"), real estate advisor for the Tort Claimants Committee effective as of October 9, 2020; and upon the Declaration of Harold Bordwin filed in support of the Application; and upon the Declaration of the Committee Chair filed in support of the Application; and the Court being satisfied that the employment of Keen for the purpose of

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

DOCS_SF:104386.2 85353/002

2

evaluating the eleven properties listed on Schedule A of Keen's engagement letter is necessary and in the best interests of the Debtors' estates, creditors, and parties-in-interest; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing; it is HEREBY ORDERED THAT:

      1.     The Application is GRANTED, as set forth herein.

      2.     The Tort Claimants' Committee is hereby authorized to retain and employ Keen as its real estate advisor, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, effective as of October 9, 2020 for the purpose of evaluating the eleven properties listed on Schedule A of Keen's engagement letter. If the Tort Claimants' Committee determines to retain Keen to provide any additional services, Keen shall file an amendment to the Application that will be subject to notice and opportunity for hearing, and nothing in this Order and the record relating to the Court's consideration of the Application

2

shall prejudice or otherwise affect the rights of any party to challenge any proposed amendment to the Application.

3. Keen shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, including section 330 of the Bankruptcy Code (to the extent it seeks fees on an hourly basis), the Bankruptcy Rules, and any applicable procedures and orders of this Court, and shall make reasonable efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the contrary notwithstanding, insofar as Keen is being compensated on a fixed fee basis, there shall be no requirement that Keen maintain time records related or pertaining to its services hereunder, except if and to the extent that it becomes subject to a subpoena or other discovery request, in which event, to the extent that Keen will seek to be compensated for its time spent responding to such subpoena or discovery request, it shall maintain time records and shall be entitled to bill by the tenth of an hour for such time and shall be subject to section 330 of the Bankruptcy Code.

4. With respect to the payment of Keen's fixed fees for each BOV, the standard of judicial review of such compensation shall be pursuant to the standards of section 328(a) of the Bankruptcy Code and no other standard. With respect to the payment of any hourly fees and/or expense reimbursements, the standard of judicial review of such compensation and expense reimbursement shall be the standard of section 330 of the Bankruptcy Code.

3

4

5. Keen is authorized to render professional services to the Tort Claimants' Committee as described in the Application, subject to paragraph 2 of this Order.

6. The Tort Claimants' Committee and Keen are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order and neither the TCC nor Keen shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.