**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 10, 2020 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET OF SEVENTH MONTHLY APPLICATION OF
SIDLEY AUSTIN LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
SEPTEMBER 1, 2020 TO AND INCLUDING SEPTEMBER 30, 2020**

Name of Applicant:        Sidley Austin LLP

Authorized to Provide Professional Services to:    Debtors and Debtors in Possession

Date of Retention:        February 18, 2020 (order entered June 2, 2020)

Period for Which Compensation and
Reimbursement Are Requested:        September 1, 2020 – September 30, 2020

Amount of Compensation Requested:        $786,424.80 (80% of $983,031.00)

Amount of Expense Reimbursement Requested:   $21,647.90

This is a(n):    monthly  x      interim __      final application __

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed; D.I. | Period Covered | Requested | | Approved | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 6/2/20; D.I. 760 | 2/18/20 – 3/31/20 | $2,879,601.50 | $33,366.43 | $2,303,681.20 | $33,366.43 | $0.00 | $0.00 |
| 6/16/20; D.I. 861 | 4/1/20 – 4/30/20 | $1,317,264.50 | $20,506.83 | $1,053,811.60 | $20,506.83 | $0.00 | $0.00 |
| 7/15/20; D.I. 1020 | 5/1/20 – 5/31/20 | $1,459,423.50 | $11,294.22 | $1,167,538.80 | $11,294.22 | $291,884.70 | $0.00 |
| 7/24/20; D.I. 1044 | 6/1/20 – 6/30/20 | $1,424,235.50 | $41,608.73 | $1,139,388.40 | $38,970.06[2] | $284,847.10 | $0.00 |
| 8/26/20; D.I. 1167 | 7/1/20 – 7/31/20 | $1,210,943.50 | $10,640.35 | $968,754.80 | $10,640.35 | $242,188.70 | $0.00 |
| 9/18/20; D.I. 1344 | 8/1/20 – 8/31/20 | $1,573,931.50 | $13,003.01 | $1,259,145.20 | $13,003.01 | $314,786.30 | $0.00 |

## SUMMARY OF TOTAL FEES AND HOURS
## BY ATTORNEYS AND PARAPROFESSIONALS

| Name | Position and Area of Expertise | Year of Admission / Years of Experience | Hourly Billing Rate | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|---|
| Michael C. Andolina | Partner Litigation | 1999 | $1,100 | 57.30 | $63,030.00 |
| Jessica C. K. Boelter | Partner Restructuring | 2002 | $1,275 | 96.30 | $122,782.50 |
| Thomas A. Labuda | Partner Restructuring | 1994 | $1,275 | 24.10 | $30,727.50 |
| Mary C. Niehaus | Partner Employee Benefits | 1998 | $1,225 | 8.50 | $10,412.50 |
| Melanie E. Walker | Partner Litigation | 2000 | $1,100 | 49.20 | $54,120.00 |
| Laura E. Baccash | Counsel Restructuring | 2003 | $1,000 | 33.00 | $33,000.00 |
| William A. Evanoff | Counsel Restructuring | 2000 | $1000 | 6.20 | $6,200.00 |

---

[2] Sidley voluntarily reduced its expenses by $2,638.37 in response to an informal request by the U.S. Trustee.

[3] Sidley charged the Debtors for only 50% of non-working travel time in compliance with Local Rule 2016-2(d)(viii). Such reductions are reflected in the figures in this column.

| Name | Position and Area of Expertise | Year of Admission / Years of Experience | Hourly Billing Rate | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|---|
| Kelsey Annu-Essuman | Associate Litigation | 2019 | $570 | 13.30 | $7,581.00 |
| Andres Barajas | Associate Restructuring | 2017 | $775 | 54.80 | $42,470.00 |
| Karim Basaria | Associate Litigation | 2012 | $955 | 29.80 | $28,459.00 |
| Benjamin R. Brunner | Associate Litigation | 2013 | $945 | 47.50 | $44,887.50 |
| William E. Curtin | Associate Restructuring | 2002 | $920 | 123.40 | $113,528.00 |
| Shafaq Hasan | Associate Restructuring | 2020 | $570 | 50.50 | $28,785.00 |
| Joan Hayner | Associate Litigation | 2019 | $570 | 24.50 | $13,965.00 |
| Matthew E. Linder | Associate Restructuring | 2012 | $955 | 143.00 | $136,565.00 |
| Joe Schomberg | Associate Restructuring | 2017 | $775 | 101.60 | $78,740.00 |
| Blair M. Warner | Associate Restructuring | 2015 | $885 | 136.60 | $120,891.00 |
| David J. Lutes | Paralegal Restructuring | 34 years | $460 | 53.10 | 24,426.00 |
| Gloria Rios | Paralegal Restructuring | 16 years | $340 | 22.90 | $7,786.00 |
| Andres Fonseca | Project Assistant Litigation | 1 year | $250 | 40.30 | $10,075.00 |
| Stephen M. Park | Project Assistant Litigation | 1 year | $250 | 18.40 | $4,600.00 |
| | | | **Total** | **1,134.30** | **$983,031.00** |
| | | | | **Blended Rate** | **$866.64** |

## STATEMENT OF FEES AND EXPENSES BY PROJECT CATEGORY

| Task Description | Total Hours | Total Fees |
|---|---:|---:|
| 001 – Administrative Expense Claims | .30 | $286.50 |
| 002 – Adversary Proceedings and Bankruptcy Litigation | 222.70 | $159,938.00 |
| 004 – Automatic Stay | 45.90 | $44,125.00 |
| 005 – Bar Date, Noticing and Claims Reconciliation | 215.90 | $191,823.50 |
| 006 – Case Administration | 20.00 | $9,185.00 |
| 007 – Chapter 11 Plan Matters | 1.50 | $1,912.50 |
| 008 – Communications with Client | 9.00 | $9,340.50 |
| 009 – Corporate Governance and Board Matters | 34.20 | $37,970.50 |
| 012 – Donor Issues | 1.00 | $1,141.00 |
| 013 – Employee and Labor Issues | 9.90 | $11,533.50 |
| 014 – Exclusivity | 8.60 | $7,372.50 |
| 015 – Executory Contract and Leases | 64.90 | $52,050.50 |
| 016 – FCR Issues and Communications | 13.90 | $12,970.50 |
| 017 – Fee Applications | 61.90 | $34,168.50 |
| 018 – Financing Matters and Cash Collateral | 1.70 | $1,623.50 |
| 020 – General Case Strategy | 37.20 | $37,047.50 |
| 021 – Hearings and Court Matters | 48.00 | $46,583.50 |
| 022 – Insurance Issues | 24.50 | $22,087.00 |
| 023 – Non-Bankruptcy Litigation | 2.50 | $2,387.50 |
| 025 – Professional Retention | 21.00 | $17,637.00 |
| 026 – Public Relations Issues | .80 | $764.00 |
| 027 – Schedules and Statements | 1.80 | $1,395.00 |
| 029 – Unsecured Creditor Issues and Communications | 67.00 | $67,218.00 |
| 030 – UST Issues and Reporting | 2.10 | $1,991.50 |
| 032 – Local Council Issues and Communications | 125.70 | $123,023.00 |
| 033 – Property of the Estate Issues | 1.60 | $1,586.00 |
| 034 – Bankruptcy Appeals | 1.70 | $1,722.50 |
| 035 - Mediation | 84.30 | $81,326.50 |
| 036 – Fee Examiner Issues and Communications | 4.70 | $2,820.50 |
| **TOTAL** | **1,164.60** | **$983,031.00** |

## EXPENSE SUMMARY

| Category | Amount |
|---|---|
| Copying | $0.30 |
| Delivery Services/Messenger | $737.82 |
| Litigation Support Vendors | $2,323.50 |
| On-line Research (Westlaw, Lexis, Pacer and related services) | $18,003.73 |
| Telephone (includes non-local calls) | $397.30 |
| Transcripts | $185.25 |
| **TOTAL** | **$21,647.90** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 10, 2020 at 4:00 p.m. (ET)** |

**SEVENTH MONTHLY APPLICATION OF SIDLEY AUSTIN LLP**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR THE PERIOD FROM SEPTEMBER 1, 2020 TO SEPTEMBER 30, 2020**

Sidley Austin LLP ("Sidley"), attorneys for the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby files this seventh monthly application (this "Application") for (a) interim allowance and payment of compensation for professional services to the Debtors during the period from September 1, 2020 to and including September 30, 2020 (the "Fee Period") in the amount of $786,424.80, representing 80% of the $983,031.00 of fees earned by Sidley for professional services to the Debtors during the Fee Period and (b) reimbursement of 100% of the actual and necessary expenses incurred by Sidley during the Fee Period in connection with such services in the amount of $21,647.90.  In support of this Application, Sidley respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and other bases for the relief requested herein are sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Compensation Procedures Order").

## BACKGROUND

3.       The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4.       On March 5, 2020, the United States Trustee for the District of Delaware appointed an official committee of tort claimants and an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.       On April 24, 2020, the Court appointed James L. Patton, Jr. as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

6.      The Court has authorized the Debtors to retain and employ Sidley as their bankruptcy counsel, *nunc pro tunc* to the Petition Date, pursuant to the *Order Authorizing the Retention and Employment of Sidley Austin LLP as Attorneys for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [Docket No. 758] (the "Retention Order").  The Retention Order authorizes the Debtors to compensate and reimburse Sidley in accordance with the terms and conditions set forth in the Debtors' application to retain Sidley, subject to Sidley's application to the Court.

7.      On April 6, 2020, the Court entered the Compensation Procedures Order.  The Compensation Procedures Order provides, among other things, that each professional shall be entitled, on or as soon as practicable after the fifteenth (15th) day of each month following the month for which compensation and/or expense reimbursement is sought, to file and serve an application for interim allowance of compensation earned and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application").  Parties shall have 14 days after service of a Monthly Fee Application to object thereto (the "Objection Deadline").  Upon the expiration of the Objection Deadline, the applicant may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and/or expenses requested in the applicable Monthly Fee Application.  After the filing of a CNO, the Debtors are authorized and directed to pay the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application not subject to an objection.

### RELIEF REQUESTED

8.      By this Application, in accordance with the Compensation Procedures Order, Sidley requests payment in the aggregate amount of $786,424.80, which is equal to (a) 80% of the $983,031.00 of fees earned by Sidley for professional services to the Debtors during the Fee Period

and (b) 100% of the $21,647.90 of actual and necessary expenses incurred by Sidley during the

Fee Period in connection with its services to the Debtors.

## SUMMARY OF SERVICES RENDERED

9.      Attached hereto as **Exhibit A** is a detailed statement of Sidley's hours expended

and fees earned during the Fee Period.  Sidley attorneys and paraprofessionals expended a total of

1,134.30 hours in connection with these chapter 11 cases during the Fee Period.  All services for

which Sidley is requesting compensation were performed for or on behalf of the Debtors.  The

services rendered by Sidley during the Fee Period are grouped into the categories set forth in

**Exhibit A** and in the summary cover sheets prefixed to this Application.  The attorneys and

paraprofessionals who provided services to the Debtors during the Fee Period are also identified

in **Exhibit A** and in the summary cover sheets.

## ACTUAL AND NECESSARY EXPENSES

10.      Attached hereto as **Exhibit B** is a detailed statement of Sidley's out-of-pocket

expenses incurred during the Fee Period, totaling $21,647.90.  These expenses include, but are not

limited to, reprographics services, court fees, and out-of-town travel expenses.

## VALUATION OF SERVICES

11.      As noted above, the amount of time spent by each Sidley attorney and

paraprofessional providing services to the Debtors during the Fee Period is set forth in the

summary attached hereto as **Exhibit A**.  The rates reflected on **Exhibit A** are Sidley's customary

hourly rates for work of this character.  The reasonable value of the services rendered by Sidley

for the Fee Period as attorneys to the Debtors in these chapter 11 cases is $983,031.00.

12.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

the fees requested are fair and reasonable given (a) the complexity of these chapter 11 cases, (b) the

time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

13.     Although Sidley has made every effort to include all fees earned and expenses incurred during the Fee Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Fee Period.  Sidley reserves the right to make further applications to this Court for allowance of such fees and expenses not included herein.  Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Procedures Order.

<u>**CERTIFICATION OF COMPLIANCE**</u>

14.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of her knowledge, information, and belief, this Application complies with the requirements of that Local Rule.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Sidley requests allowance and payment of compensation for professional services to the Debtors during the Fee Period in the amount of $786,424.80, representing 80% of the $983,031.00 of fees earned by Sidley for professional services to the Debtors during the Fee Period, and reimbursement 100% of the actual and necessary expenses incurred by Sidley during the Fee Period in connection with such services in the amount of $21,647.90, for a total interim award of $808,072.70.

Dated: October 27, 2020
       Wilmington, Delaware

SIDLEY AUSTIN LLP

*/s/ Thomas A. Labuda*
Thomas A. Labuda (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Email: tlabuda@sidley.com


ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION