## Exhibit B

**Settlement Agreement**

**SETTLEMENT AGREEMENT**
Mair *v.* Boy Scouts
Robeson County Superior Court Case No. 19CVS2855

This Settlement Agreement ("**Agreement**") is made and entered into on October [__], 2020 by and between Plaintiff Elaine Mair, Administratix of the Estate of Claudius Douglas Mair Worley, on behalf of herself and the Estate of Claudius Douglas Mair Worley (the "**Plaintiff**"), on the one hand, and (1) Cape Fear Council of the Boy Scouts of America, Lumber River District ("Local Council"); (2) the Boy Scouts of America (the "**BSA**"); and (3) Patricia Smith ("Smith") (Smith and, collectively with Local Council and the BSA, the "**Defendants**").  This Agreement settles all claims against all the Defendants and the Releasees (as defined below), relating to the lawsuit pending in the Robeson County Superior Court, Case No. 19CVS2855 (the "**Lawsuit**"), and any and all claims that could have been filed against the Defendants and the Releasees related to the matters set forth in the Lawsuit.  This Agreement is intended to memorialize the terms of the settlement.

Accordingly, in consideration of their mutual promises and other good and valuable consideration hereby acknowledged by the Plaintiff and the Defendants (collectively, "the **Parties**"), the Parties agree as follows:

1. **Effective Date**

This Agreement shall only become effective (the "**Effective Date**") fourteen (14) days after an order of the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") (i) approving the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 and (ii) approving the payment of the Settlement Amount (as defined below) by Old Republic Insurance Company pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code) becomes a final non-appealable order.

**SETTLEMENT AGREEMENT**
Mair *v.* Boy Scouts
Robeson County Superior Court Case No. 19CVS2855

**2. Settlement Terms**

The Defendants agree to pay Plaintiff a total of One Million, One Hundred Thousand dollars ($1,100,000.00) (the "**Settlement Amount**") within fourteen (14) days of the Effective Date.

In exchange for payment of the Settlement Amount, the Plaintiff agrees to dismiss the Lawsuit with prejudice and without costs and provide the releases set forth below.

**3. Release**

In exchange for the consideration provided to Plaintiff in this Agreement, Plaintiff irrevocably and unconditionally releases, acquits and forever discharges all of the Defendants in the Lawsuit and all of their subsidiaries, parents, affiliates, managing agents, employees, volunteers, servants, consultants, agents, directors, officers, independent contractors, representatives, insurance carriers and attorneys of Defendants, and all persons acting by, through, under or in concert with any of them, and each of their respective heirs, successors, and assigns (hereinafter collectively referred to as "**Releasees**"), or any of them, from all claims asserted in the Lawsuit, as well as any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to any claims the Plaintiff had, has, or may have, known or unknown, in connection with any facts, matters, property, transactions, or things between all Parties and between the Plaintiff and the Releasees, including but not limited to, anything arising from, relating to, or in connection with the matters set forth in Lawsuit. Notwithstanding the foregoing, the claims released herein do not include any

**SETTLEMENT AGREEMENT**
Mair *v.* Boy Scouts
Robeson County Superior Court Case No. 19CVS2855

claim of breach of the terms of this Agreement or to any other claims that cannot lawfully be released.

## 4. General Release

It is understood and agreed that this is a full, complete and final general release of any and all claims, and that the Plaintiff agrees that the foregoing release applies to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed.

## 5. Disclaimer of Liability

The Parties agree and acknowledge that this Agreement is not to be construed as an admission of liability or wrong-doing by any Party, but is entered into in compromise of disputed claims.

## 6. Non-Disparagement

Plaintiff agrees that the Plaintiff shall not make, publish, or cause any statement to be made in any form about the Defendants or the non-Defendant Releasees that is false, disparaging, casts the Defendants or the non-Defendant Releasees in a negative light, or would harm the Defendants or the non-defendant Releasees, or that would reasonably be expected to lead to unwanted or unfavorable publicity to the Defendants or the non-Defendant Releasees or detract from the reputation of the Defendants or the Releasees. However, Plaintiff's counsel may report to Legal Publications such as Lawyer's Weekly of NC the facts as well as the amount of the settlement so long as **no identifying** information is contained including the identity of Defendants, their attorneys and/or insurers as well as the geographic location of the events.

**SETTLEMENT AGREEMENT**
Mair *v.* Boy Scouts
Robeson County Superior Court Case No. 19CVS2855

### 7. Joint Drafting

Each of the Parties has joined in and contributed to drafting this Agreement and each of the Parties agrees that there shall be no presumption favoring or burdening any Party based upon draftsmanship.

### 8. Authorization

With the exception of the BSA as a chapter 11 debtor requiring Bankruptcy Court approval of its entry into this Agreement, the Parties expressly warrant and represent that the execution of this Agreement is fully authorized by each of them; that the person or persons executing this Agreement have the necessary and appropriate authority to do so; and that there are no pending agreements, transactions, or negotiations to which any of them are a party that would render this Agreement or any part thereof void, voidable, or unenforceable.

### 9. Applicable Law

This Agreement shall be interpreted in accordance with the laws of the State of North Carolina.

### 10. Counterparts

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

### 11. Complete Agreement

This is the entire agreement between the Parties. This Agreement may not be modified in any manner except in writing signed by the Plaintiff and authorized executives of the Defendants. The Parties acknowledge that they have not made any representations or promises to each other than those contained in this Agreement.

**SETTLEMENT AGREEMENT**
Mair *v.* Boy Scouts
Robeson County Superior Court Case No. 19CVS2855

**12. Voluntary, Knowing Agreement**

This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of any Party, with the full intent of releasing all claims that the Parties have against each other. The Parties acknowledge that:

    (a)    They have read this Agreement;

    (b)    They have been represented by legal counsel of their own choice in the preparation, negotiation and execution of this Agreement;

    (c)    They understand the terms and consequences of this Agreement and of the release and waivers it contains;

    (d)    They have not relied upon any representations or statements made by the other Party that are not specifically set forth in this Agreement; and

    (e)    They are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

Dated: October 21, 2020    By:    */s/ Elaine Mair*
    ELAINE MAIR, Administratrix of the
    Estate of CLAUDIUS DOUGLAS
    WORLEY

Dated: _____, 2020    Boy Scouts of America

    By: _____

    Its: _____

**SETTLEMENT AGREEMENT**
Mair *v.* Boy Scouts
Robeson County Superior Court Case No. 19CVS2855

Dated:  October 21, 2020                          CAPE FEAR COUNCIL OF THE BOY
                                                  SCOUTS OF AMERICA. LUMBER
                                                  RIVER DISTRICT


                                                  By: */s/ Jonathan Widmark*

                                                      Its: Scout Executive


Dated:  October 21, 2020                          PATRICIA SMITH


                                                  By: */s/ Patricia Smith*

                                                      Its: _____

**SETTLEMENT AGREEMENT**
Mair *v.* Boy Scouts
Robeson County Superior Court Case No. 19CVS2855

14261289.1