**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1571, 1637 |

**SUPPLEMENTAL DECLARATION OF JESSICA C. K. BOELTER
IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
WHITE & CASE LLP AS ATTORNEYS TO THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE AS OF SEPTEMBER 23, 2020**

I, Jessica C. K. Boelter, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner of White & Case LLP ("White & Case" or the "Firm"), an international law firm, which maintains offices for the practice of law at, among other locations, 1221 Avenue of the Americas, New York, NY 10020. I am a member in good standing of the bars for the States of New York and Illinois.

2. I submit this supplemental declaration (this "Supplemental Declaration") on behalf of White & Case in further support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of White & Case LLP as Attorneys to the Debtors and Debtors in Possession Effective as of September 23, 2020* [Docket No. 1571] (the "Application") and in response to the objection [Docket No. 1637] to the Application filed by Century Indemnity Company ("Century").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

3.  Concurrently with the filing of the Application, I submitted the *Declaration of Jessica C. K. Boelter in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of White & Case LLP as Attorneys to the Debtors and Debtors in Possession Effective as of September 23, 2020* [Docket No. 1571-3] (the "Initial Declaration").[2]

## WHITE & CASE'S DISINTERESTEDNESS

4.  The Initial Declaration disclosed that White & Case currently represents, or has represented within the last five years, certain individuals, entities or their affiliates who are Potential Parties in Interest on matters unrelated to the Debtors, the chapter 11 cases, or such entities' claims against and interests in the Debtors. *See* Initial Declaration, Schedule 2.

5.  As set forth on Schedule 2 to the Initial Declaration, White & Case currently represents JPMorgan Chase Bank, N.A. or its affiliates (collectively, "JPM") in matters unrelated to the Debtors, the chapter 11 cases, or such entities' claims against the Debtors. White & Case has not represented JPM in any matter related to the Debtors. I disclosed in the Initial Declaration that only one Potential Party in Interest (Facebook) represented more than 1.0% of White & Case's revenue for the twelve-month period from October 2019 through September 2020. White & Case's revenues for services provided to JPM constituted approximately 0.48% of the Firm's total revenues for the same period.

6.  White & Case provides various legal services to JPM, none of which relate to the Debtors, the chapter 11 cases, or JPM's claims against the Debtors. These services include advising JPM: (a) in its respective capacities as lender, administrative agent, indenture trustee, placement agent, trustee, purchaser of assets, and underwriter of corporate bonds, investment funds, CLOs, SPACs, and other investment vehicles; (b) regarding general legal issues not

---

[2] All terms that are capitalized but not otherwise defined herein shall have the meanings ascribed to such terms in the Application or the Initial Declaration, as applicable.

2

involving other parties, including banking law, securities law, and EU General Data Protection Regulation (GDPR) compliance; (c) regarding initial public offerings and other securities offerings; (d) regarding financing received by a JPM affiliate; (e) with respect to certain patent matters; and (f) with respect to certain confidential matters identified to White & Case that are unrelated to BSA or these chapter 11 cases.

7. White & Case will not represent the Debtors in an adversary proceeding commenced against any current client of White & Case unless the Firm has an applicable waiver on file or first receives a waiver from such client allowing White & Case to commence such an action. To the extent that a waiver does not exist or is not obtained from such entity and it is necessary for the Debtors to commence an adversary proceeding against that entity, the Debtors will employ their Delaware counsel, Morris, Nichols, Arsht & Tunnell LLP, or separate conflicts counsel to represent them in that particular matter. In addition, White & Case will not represent any client on any matter adverse to the Debtors or their estates while retained as the Debtors' counsel in these chapter 11 cases.

## COMMUNICATIONS WITH CENTURY REGARDING WHITE & CASE'S RETENTION

8. On October 29, 2020, I received two emails from Mr. Stamatios Stamoulis, co-counsel to Century, which contained documents entitled *Century's Requests for Production of Documents Directed to White & Case LLP* and *Century's Requests for Production of Documents Directed to Debtors*, respectively. True and correct copies of these documents, which are substantively identical, are attached hereto as **Exhibit 1**. Each document contained the following "requests for production of documents":

- A copy of any and all communications between Jessica Boelter and/or Michael Andolina and JPMorgan Chase Bank, NA, or counsel representing JPMorgan

3

- Chase Bank, NA, concerning the Boy Scouts of America and/or Delaware BSA, LLC; and

- A copy of any and all draft complaints asserting claims against JPMorgan Chase Bank, NA on behalf of the estate(s) of the Boy Scouts of America and/or Delaware BSA, LLC.

I responded to Mr. Stamoulis's emails on November 2 with a number of questions regarding the basis for the requests and the legal relevance of the requests to the Application. I also requested a meet-and-confer to discuss the requests. Mr. Stamoulis replied to my email on November 4, stating only that "White & Case represents BSA and JPMorgan" and that "[a]bsent provision of the requested information, I do not have a basis to assess why there is not a conflict. Hence, we will have to object." Mr. Stamoulis did not respond to my request to meet and confer. Later that day, I emailed Mr. Stamoulis again, objecting to Century's requests on relevance grounds. I also requested that Century attach a copy of my email exchange with Mr. Stamoulis to any objection to White & Case's retention. A true and correct copy of the emails referenced in this paragraph is attached hereto as **Exhibit 2**.

9. On November 13, 2020, after conducting a reasonable search of my email files at White & Case, in response to Century's request, we produced to Century "all communications between Jessica Boelter and/or Michael Andolina and JPMorgan Chase Bank, NA, or counsel representing JPMorgan Chase Bank, NA, concerning the Boy Scouts of America and/or Delaware BSA, LLC." We have informed Century that the draft complaint referenced in its document requests is subject to mediation privilege because the third stipulation extending the Challenge Period under the Final Cash Collateral Order (Docket No. 1550) was the result of mediated negotiations among the Tort Claimants' Committee, the Creditors' Committee, the Future Claimants' Representative and JPM. Those parties have informed White & Case that the Debtors are not authorized to share the complaint with Century or any other party, and the Debtors have

agreed not to do so. I also believe the complaint has no legal relevance to the Application. For the avoidance of doubt, neither the Debtors nor their counsel, including White & Case, had any substantive involvement in the negotiation of any extension of the Challenge Period, including the third stipulation.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 13, 2020
      New York, New York

Respectfully submitted,

*/s/ Jessica C. K. Boelter*
Jessica C. K. Boelter
Partner
WHITE & CASE LLP