### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | Jointly Administered |
| Debtors. | **Ref. Docket No. 1571, 1637, 1656** |

### CENTURY'S REPLY IN FURTHER SUPPORT OF ITS OBJECTION TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WHITE & CASE LLP AS ATTORNEYS TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF SEPTEMBER 23, 2020

**I.    The Undisputed Facts Reflect That White & Case is not Disinterested**

1.    BSA's opposition is most remarkable for what it concedes as uncontested. White & Case concurrently represents JPMorgan and BSA.[2] A complaint that spells out the claims against JPMorgan has been shared among BSA's White & Case attorneys, the Tort Claimants' Committee, the Creditors' Committee and the Future Claimants' Representative.[3] The complaint and the claims asserted in it are the subject of ongoing negotiations.[4] And though White & Case claims not to have had any "substantive involvement" in those negotiations, the firm has not recused itself from discussion of a JPMorgan settlement or its treatment under a

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    D.I. 1657, Supplemental Declaration of Jessica C. K. Boelter ("Supp. Boelter Decl.") ¶ 5

[3]    Debtors' Br. ¶ 34.

[4]    *Id.*

1

plan.[5] Indeed, White & Case are signatories to a stipulation governing the process for resolving the estate claims against JPMorgan from which White & Case has not recused itself.

      2.      An actual conflict can, of course, arise in a concurrent representation even where matters are "wholly unrelated" if there is direct adversity. Model R. Prof'l Conduct 1.7, cmt. [6]. White & Case does not deny that it will be involved in drafting a plan that impacts treatment of JPMorgan, giving rise to a clear concurrent conflict. Despite BSA's contention that JPMorgan's role in these cases is of secondary importance,[6] its role prepetition and as BSA's largest creditor in these cases makes them an important player. *See In re Jore Corp.*, 298 B.R. 703, 729–30 (Bankr. D. Mont. 2003) (debtors' failure to disclose an exception to its conflicts waiver with the largest creditor and DIP lender in bankruptcy was not *de minimis*). Indeed, JPMorgan considered its role central enough that it sought a seat at the table as a mediation party.

      3.      White & Case's pledges regarding seeking a waiver are, on closer inspection, meaningless. White & Case states that it would only represent BSA "in an adversary proceeding against JPM" or "in an adversary proceeding commenced against any current client of White & Case" if it has or obtains an appropriate waiver.[7] First, this offer itself suggests that White & Case does not currently have any waiver from JPMorgan.[8] Second, adversity between parties in a bankruptcy can and does arise in all sorts of contexts outside of a formal adversary proceeding. This makes White & Case's declarations all the more illusory, as the firm attempts to preserve the right to represent BSA in negotiations involving JPMorgan and the treatment of its liens,

---

[5]    Supp. Boelter Decl. ¶ 9.
[6]    Debtors' Br. ¶ 17.
[7]    Debtors' Br. ¶ 6; Supplemental Declaration of Jessica C. K. Boelter ¶ 7.
[8]    Courts often examine the terms of a waiver in similar situations. *See In re Art Van Furniture, LLC*, 617 B.R. 509, 517 (Bankr. D. Del. 2020) (examining the terms of debtors' counsel's conflicts waiver with the debtor's lender); *see also In re Jore Corp.*, 298 B.R. at 729–30.

where that representation introduces the risk that they may "favor one interest over an impermissibly conflicting interest." *Pillowtex, Inc.*, 304 F.3d 246, 251 (3d Cir. 2002).

4. Further, a conflicts waiver executed solely by JPMorgan would be ineffective to resolve White & Case's conflicts. *See In re eToys, Inc.*, 331 B.R. 176, 194 (Bankr. D. Del. 2005). A conflicts waiver is only effective if "***each*** affected client gives informed consent." Model R. Prof'l Conduct 1.7(b)(4). The ability of a debtor in possession to waive conflicts is "constrained" by its role as a fiduciary of the estate. *In re eToys, Inc.*, 331 B.R. at 194 (quoting *In re B.E.S. Concrete Prod., Inc.*, 93 B.R. 228, 235 (Bankr. E.D. Cal. 1988)).

## II. Absent Disclosure of the Claims Against JPMorgan, the Court Cannot Determine Whether the White & Case Attorneys are Conflict-Free

5. While White & Case submits some additional disclosures to the Court regarding its representation of JPMorgan, they remain silent on key issues, including the nature and substance of the claims against JPMorgan and the involvement of Sidley/White & Case lawyers in prepetition negotiations that may have given rise to those claims.[9] White & Case is required to "disclose all contacts, not pick and choose which to disclose and which to ignore or leave the court to search the record for such relationships." *In re Universal Bldg. Prod.*, 486 B.R. 650, 663 (Bankr. D. Del. 2010); *see also In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998) ("[The court] should not have to 'rummage through files or conduct independent factfinding investigations' to determine if the professional is disqualified [under Section 327]." (*In re Rusty Jones, Inc.*, 134 B.R. 321, 345 (Bankr. N.D. Ill. 1991))).

---

[9] BSA's Motion states that Ms. Boelter, Mr. Andolina, and Mr. Linder have "led the Debtors' restructuring efforts" going back to October 2018. Yet the documents BSA produced in response to Century's request for "***any and all*** communications between Jessica Boelter and/or Michael Andolina and JPMorgan Chase Bank, NA, or counsel representing JPMorgan Chase Bank, NA" concerning BSA does not include a single pre-petition communication. This stands in contrast to BSA / White & Case's representation that it has produced all communications responsive to Century's request. Debtors' Br. ¶ 34; Supp. Boelter Decl. ¶ 9.

6.      White & Case entered into a stipulation, on BSA's behalf, to keeps the terms of the complaint against JPMorgan and the facts concerning the claims secret from insurers.[10] The mediators did not sign the stipulation.[11] Nor was it submitted to the Court for approval. The ongoing negotiation of these stipulations, and the possibility that a claim may be brought on the estate's behalf against JPMorgan makes this is a live issue. Nondisclosure of the claims at issue raises significant questions. It is possible, for example, that the Sidley/White & Case lawyers could be fact witnesses to the claims that are being floated against JPMorgan: those lawyers have not denied their pre-petition involvement in negotiating the JPMorgan loans. If an element of the complaint against JPMorgan is Sidley's role in representing JPMorgan, that is crucial information for the Court to consider in ruling on White & Case's (and these particular lawyers') disinterestedness.

### III.    Century Has Not Waived Any Objection

7.      BSA's argument that Century waived its right to challenge White & Case's retention by objecting to a wholly different law firm are frivolous. BSA cites no case to support its novel theory that a party may waive an objection to one law firm's retention by not asserting an objection to a completely different law firm's retention, nor is it clear how Century could waive an argument as to White & Case's representation long before it knew that BSA would seek to retain White & Case.

8.      BSA moved to retain White & Case on October 22, 2020, and Century timely objected.[12] Because White & Case's retention was never before the Court prior to the October 22, 2020 retention motion, it is not the case that there was any "significant" delay in Century

---

[10]   D.I. 1550.
[11]   *Id.*
[12]   D.I. 1571; D.I. 1651.

bringing this motion, tactical or otherwise.[13]  All issues concerning White & Case's retention (and any objections thereto) remain to be addressed, and the Court faces fresh the issue of White & Case's concurrent representation of Debtors and JPMorgan.  Further, the estate claims against White & Case's client JPMorgan were not known to all parties and had not matured into a draft complaint at the time of the prior retention hearing.

### IV.    Century Has Standing to Bring This Challenge

9.    Finally, BSA is wrong that Century lacks standing to bring this challenge to its application to retain White & Case.  First, Section 327(c) is inapplicable here because the basis for Century's objection is not simply that JPMorgan is a creditor represented in other matters by White & Case—rather, Century's objection stems from JPMorgan's central role in this case as BSA's pre-petition and DIP lender whose liability to the estate is still an open question.[14]  Neither of the cases cited by Debtors for the proposition that Section 327(c) applies addresses this situation; both cases merely reflect *other* situations in which Section 327(c) is inapplicable. *In re Git-N-Go, Inc.*, 321 B.R. 54, 61 (Bankr. N.D. Okla. 2004) (Section 327(c) inapplicable due to creditor's heightened interest in case due to status as co-debtor and majority shareholder); *In re Envirodyne Indus., Inc.*, 150 B.R. 1008, 1019 (Bankr. N.D. Ill. 1993) (Section 327(c) inapplicable due to creditor's extensive financial entanglements with debtor and involvement in leveraged buy-out).

10.    Even if Section 327(c) did apply, BSA's sole standing argument—that Century is not a creditor and thus, under Section 327(c), lacks standing to bring this objection[15]—is simply

---

[13]    Debtors Br. ¶¶ 25–26.
[14]    *See* Objection ¶ 23.
[15]    Debtors' Br. ¶¶ 21–23.

5

wrong. Century is a creditor in these cases, having filed several proofs of claim.[16] Thus, even if the Court finds that Century's challenge here is based solely on the fact that JPMorgan is a creditor Century would still have standing given its status as a creditor.

## CONCLUSION

Century respectfully requests that the Court deny Debtors' application to retain White & Case and grant such other relief as is just and proper.

Dated: November 17, 2020                          Respectfully Submitted,

By: */s/* Stamatios Stamoulis
Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:   302 762 1688

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

---

[16]   *E.g.*, Claim # 8781 (Boy Scouts of America); Claim # 982 (Delaware BSA, LLC).