IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  December 14, 2020 at 4:00 p.m. (ET)**
**Hearing Date:  To be scheduled if necessary**

**SEVENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR
THE PERIOD FROM SEPTEMBER 1, 2020 THROUGH SEPTEMBER 30, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2020 through September 30, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $588,902.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 15,777.88 |

This is a:       x   monthly          interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $ 6,064.88 | $619,406.00[2] | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $ 3,045.94 | $515,736.40 | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $ 3,681.07 | $527,694.80 | $ 3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $ 5,651.98 | $380,703.60 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $ 6,612.09 | $542,738.80 | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $658,721.00 | $31,487.15 | $526,976.80 | $31,478.15 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 106.10 | $126,789.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 8.70 | $ 9,961.50 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 1.30 | $ 1,397.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.20 | $ 215.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 43.00 | $ 46,225.00 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 1.20 | $ 1,230.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 55.70 | $ 57,092.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,025.00 | 13.70 | $ 15,412.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 13.30 | $ 14,630.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 1.90 | $ 1,890.50 |

---

[2] This amount reflects an agreed upon reduction of $2,000.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 20.80 | $ 20,696.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 32.30 | $ 29,877.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 119.40 | $101,490.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 136.70 | $112,777.50 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $ 825.00 | 0.10 | $ 82.50 |
| Gillian N. Brown | Of Counsel 2016; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 6.50 | $ 5,167.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 15.80 | $ 12,245.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $ 650.00 | 9.70 | $ 6,305.00 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 2.80 | $ 1,260.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 31.00 | $ 13,175.00 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 2.60 | $ 1,105.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.10 | $ 42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 9.10 | $ 3,594.50 |
| Sophia L. Lee | Legal Assistant | $ 395.00 | 1.00 | $ 395.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 6.70 | $ 2,345.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 0.20 | $ 70.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 9.80 | $ 3,430.00 |

Grand Total:     $588,902.00
Total Hours:         649.70
Blended Rate:      $906.42

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 48.70 | $ 49,857.50 |
| Bankruptcy Litigation | 253.50 | $226,479.00 |
| Case Administration | 25.60 | $ 11,131.00 |
| Claims Admin./Objections | 48.00 | $ 39,965.50 |
| Compensation of Professional | 41.10 | $ 28,173.50 |
| Compensation of Prof./Others | 5.90 | $ 3,667.50 |
| Executory Contracts | 0.60 | $ 555.00 |
| Financing | 0.30 | $ 297.50 |
| General Creditors Comm. | 91.30 | $ 92,778.00 |
| Hearing | 16.80 | $ 16,542.00 |
| Insurance Coverage | 22.90 | $ 23,344.00 |
| Mediation | 39.50 | $ 41,336.50 |
| Plan & Disclosure Statement | 26.70 | $ 28,719.00 |
| Retention of Prof/Others | 8.90 | $ 7,367.50 |
| Stay litigation | 19.90 | $ 18,688.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Bloomberg | | $ 60.00 |
| Conference Call | AT&T Conference Call; Loop Up; CourtCall | $ 654.55 |
| Delivery/Courier Expense | Advita | $ 7.50 |
| Federal Express | Federal Express | $ 91.86 |
| Filing Fee | USBC | $ 50.00 |
| Legal Services | Lexis/Nexis | $ 413.93 |
| Outside Services | MIPRO Consulting[4]; Zoom meeting | $10,484.74 |
| Court Research | Pacer | $ 451.50 |
| Postage | US Mail | $ 454.90 |
| Reproduction Expense | | $ 1,103.40 |
| Reproduction/Scan Copy | | $ 1,505.50 |
| Research | Everlaw | $ 500.00 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

[4] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software. Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. The invoices of MIPRO, in the total amount of $10,472.00, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, are attached hereto as Exhibit "B".

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objection Deadline:  December 14, 2020 at 4:00 p.m. (ET)**
**Hearing Date:  To be scheduled if necessary**

**SEVENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR
<u>THE PERIOD FROM SEPTEMBER 1, 2020 THROUGH SEPTEMBER 30, 2020</u>**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J"

or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

Seventh Monthly Application for Compensation and for Reimbursement of Expenses for the

Period from September 1, 2020 through September 30, 2020 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $588,902.00 and actual and necessary expenses in the amount of $15,777.88 for a total allowance of $604,679.88 and payment of $471,121.60 (80% of the allowed fees) and reimbursement of $15,777.88 (100% of the allowed expenses) for a total payment of $486,899.48 for the period September 1, 2020 through September 30, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

<u>**Background**</u>

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

        4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

        5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

        6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.     A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.     PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. Invoices of MIPRO, in the total amount of $10,472.00, are attached as Exhibit 'B'.  PSZ&J has paid those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit "A," and has included payment of the MIPRO invoices as part of its request in this Application for reimbursement of expenses.

<u>**Summary of Services Rendered**</u>

13.    The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

14.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

<u>**Summary of Services by Project**</u>

15.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed Alabama Council property transfers; (2) reviewed and analyzed background information regarding the Alabama Council; (3) reviewed and analyzed Mid America Council communications; (4) performed work regarding requests for production of documents regarding Local Council asset valuations; (5) reviewed and analyzed real property restriction issues, including use restrictions; (6) performed research; (7) reviewed and analyzed issues regarding deed restrictions; (8) performed work regarding a chart of real property restrictions; (9) reviewed and analyzed issues regarding which real property may be subject to restrictions on transfer; (10) reviewed and analyzed issues regarding the Alabama Council sale of two properties; (11) reviewed and analyzed Local Council files regarding real property restrictions; (12) reviewed and analyzed documents regarding the New York Council; (13) reviewed and analyzed BSA real property documents regarding the validity of alleged restrictions; (14) reviewed and analyzed issues relating to Alpine Property, including New Jersey litigation;

(15) reviewed and analyzed bond documents for Atlanta Camp regarding transfer restrictions;

(16) reviewed and analyzed trust-related documents regarding Middle Tennessee Council real

property; (17) reviewed and analyzed real property documents regarding the effect of

classification of property as restricted relating to Minsi Trails and Mid-America; (18) attended to

issues regarding preliminary title reports; (19) reviewed and analyzed issues regarding New

Jersey parcels; (20) reviewed and analyzed valuation issues; (21) reviewed and analyzed issues

regarding appraisals and affect of deed restrictions; (22) reviewed and analyzed issues regarding

modification of the Middle Tennessee Council Trust Agreement; (23) reviewed and analyzed a

proposal regarding valuation of certain New York area properties; (24) attended to issues

regarding obtaining copies of recorded documents for Alpine, Couch and Ten Mile camps;

(25) reviewed and analyzed deeds, easements and encumbrances; and (26) corresponded and

conferred regarding asset analysis and recovery issues.

Fees:  $49,857.50;      Hours:  48.70

**B.**      **Bankruptcy Litigation**

17.      This category relates to work regarding motions and adversary

proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed issues regarding objections to a Bankruptcy Rule 2019 ("Rule 2019")

statement and a mediation motion; (2) reviewed and analyzed issues regarding formation of the

Coalition of Abused Scouts for Justice ("Coalition"); (3) performed work regarding the objection

of the Committee to Motion of the Coalition for an Order Authorizing the Coalition to File

Under Seal Exhibit A to the Amended Rule 2019 Statement and Approving the Sufficiency of

the Amended Rule 2019 Statement; (4) reviewed and analyzed discovery responses from the Minsi Trails, Atlanta, Andrew Jackson and Crossroads Local Councils; (5) performed work regarding a letter to Local Councils regarding discovery; (6) reviewed and analyzed the United States Trustee objection to the Coalition's Rule 2019 statement; (7) performed work regarding a motion to file under seal objections to the Coalition's Bankruptcy Rule 2019 statement; (8) performed work regarding the objection of the Committee to Motion of the Coalition to Participate in Mediation; (9) reviewed and analyzed issues regarding second meet and confer calls with each Ad Hoc Local Council member; (10) reviewed and analyzed Century, Hartford and Alianz objections to the Coalition Rule 2019 statement; (11) monitored the status of Local Council discovery; (12) reviewed and analyzed issues regarding common interests agreements; (13) performed work regarding Hearing Binders; (14) reviewed and analyzed issues regarding further document requests to Local Councils; (15) corresponded to Ad Hoc Local Councils regarding follow-up meet and confer calls; (16) performed work regarding a second round of Local Council discovery letters; (17) reviewed and analyzed the Omnibus Reply of the Coalition to the objections to Rule 2019 statement and motion for the Coalition to participate in mediation; (18) reviewed and analyzed the Century deposition notices for Van Arsdale and Kosnoff; (19) reviewed and analyzed issues regarding the BSA production of Local Council documents; (20) reviewed and analyzed issues regarding property transfers relating to the Alabama Local Council; (21) reviewed and analyzed issues to be covered in the follow up meet and confer calls with the Atlanta and Denver Local Councils; (22) reviewed and analyzed issues regarding the proposed sale of Mountain Brook and Mentone properties; (23) prepared for and participated in a

meet and confer call with counsel for the Denver Local Council; (24) reviewed and analyzed

Century's supplemental objection regarding Coalition-related motions; (25) reviewed and

analyzed the BSA response to Coalition motions; (26) prepared for and participated in a meet

and confer call with counsel for Crossroads of America and Atlanta Local Councils;

(27) reviewed and analyzed issues regarding Long Beach Local Council discovery;

(28) conferred with a New Jersey land use expert regarding request for production of documents

related to Local Council project; (29) prepared for and participated in meet and confer calls with

counsel for the Mid-America and Andrew Jackson Local Councils; (30) reviewed and analyzed

issues regarding Rule 2019 and ethical duties of reporting entities; (31) reviewed and analyzed

issues regarding the New York Local Council document production and prepared for and

participated in a meet and confer call with counsel for the New York Local Council;

(32) reviewed and analyzed issues regarding the Minsi Trails Local Council document discovery

and prepared for and participated in a meet and confer call with counsel for Minsi Trails Local

Council; (33) reviewed and analyzed the transcript of the September 9, 2020 hearing;

(34) reviewed and analyzed updated injunction schedules in response to new abuse actions;

(35) performed work regarding insurance policy discovery; (36) reviewed and analyzed issues

regarding the Atlanta Local Council document discovery and prepared for and participated in a

meet and confer call with counsel for the Atlanta Local Council; (37) reviewed and analyzed

Local Council financial information; (38) reviewed and analyzed issues regarding restraints on

alienation and enforceability of certain covenants; (39) performed work regarding a Local

Council report regarding document production; (40) reviewed and analyzed issues regarding

supplemental document production by the Andrew Jackson, Minsi Trails, Mid-America and New York Local Councils; (41) performed work relating to a motion to seal regarding exhibits in support of objection to Rule 2019 statement; (42) performed work regarding a letter to the Court concerning the order on the Coalition's motion to seal; (43) reviewed and analyzed issues regarding a possible Rule 2004 motion; (44) performed work regarding a restricted asset analysis; (45) reviewed and analyzed issues regarding the Grand Canyon Local Council document discovery and prepared for and participated in a meet and confer call with counsel for the Grand Canyon Local Council; (46) reviewed and analyzed issues regarding troop rosters; (47) performed work regarding a Rule 2004 motion and exhibits concerning asset information and troop rosters; (48) performed work regarding a discovery status chart for the Local Council Working Group; (49) reviewed and analyzed Local Council and BSA discovery compliance; (50) reviewed and analyzed issues regarding insurance documents; (51) performed work regarding additional discovery requests to Local Councils and the BSA; (52) reviewed and analyzed deeds and related documents regarding the Andrew Jackson and Minsi Trails Local Councils relating to restrictions on real property; and (53) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $226,479.00;    Hours:  253.50

**C.    Case Administration**

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) maintained document control; (4) maintained a

work-in-progress chart; (5) performed work regarding *pro hac vice* motions; and
(6) corresponded regarding case administration issues.

Fees:  $11,131.00;      Hours:  25.60

**D.    Claims Admin/Objections**

19.     This category relates to work regarding claims administration and claims
objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed
bar date issues; (2) performed work regarding a summary of claim filing issues; (3) prepared for
the meeting and met with Omni regarding the claims platform and search engine issues;
(4) reviewed and analyzed a claims register regarding search engine applications; (5) reviewed
and analyzed claims regarding New York based Local Councils; (6) performed work regarding
an abuse claims matrix regarding Local Council information and performed work relating to a
claims matrix regarding claimant names; (7) reviewed and analyzed issues related to the PBGC
termination claim; (8) attended to claim electronic signature verification issues; (9) reviewed and
responded to inquiries from State Court counsel regarding claim issues; (10) reviewed and
analyzed State statute of limitations issues regarding abuse claims; (11) performed work
regarding an updated abuse claim register; (12) performed work regarding a summary of
electronic execution of proof of claim email; (13) attended to issues regarding the claim filing
process and communicated with Omni, BSA counsel and survivors' counsel regarding such
issues; (14) reviewed and analyzed issues regarding a supplement to bar date order relating to
electronic signatures; (15) performed research and drafted a motion and order regarding the use

of electronic signatures on proofs of claim; and (16) corresponded and conferred regarding claim issues.

Fees:  $39,965.50;      Hours:  48.00

**E.      Compensation of Professionals**

20.      This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding its June, July and August 2020 monthly, and First and Second Quarterly, fee applications; (2) reviewed and analyzed fee examiner issues; and (3) monitored the status and filing of fee applications.

Fees:  $28,173.50;      Hours:  41.10

**F.      Compensation of Professionals--Others**

21.      This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding the Conte and Pasich fee applications; (2) maintained a fee chart; (3) reviewed and analyzed fee examiner issues; and (4) corresponded and conferred regarding compensation issues.

Fees:  $3,667.50;      Hours:  5.90

**G.      Executory Contracts**

22.      This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding a motion to extend the Section 365 deadlines.

Fees:  $555.00;      Hours:  0.60

**H.    Financing**

23.    This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things, reviewed and analyzed lien challenge issues, and reviewed and analyzed issues regarding a stipulation to extend the lien challenge deadline.

Fees:  $297.50;          Hours:  0.30

**I.    General Creditors Committee**

24.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and participated in telephonic conferences with State Court Counsel and with Committee members, including working groups, regarding case issues; (2) reviewed and analyzed issues regarding media inquiries and an ad motion; (3) reviewed and analyzed issues regarding claims data; (4) reviewed and analyzed insurance issues; (5) reviewed and analyzed issues regarding case status and strategy; (6) reviewed and analyzed issues regarding mediation; (7) performed work regarding the Coalition Rule 2019 statement; (8) prepared for and participated in telephonic conferences with the Debtors' counsel regarding case issues; (9) performed work regarding meeting agenda; (10) reviewed and analyzed asset valuation issues; (11) reviewed and analyzed issues regarding document production; (12) reviewed and analyzed issues regarding claims processing and regarding preliminary injunction extension; (13) reviewed and analyzed issues regarding voting, Plan confirmation standards, discovery, restricted assets and lien challenge; (14) reviewed and analyzed fee issues; (15) performed work regarding a report concerning document request

responses by Local Councils; and (16) corresponded and conferred regarding general creditors committee issues.

Fees:  $92,778.00;      Hours:  91.30

**J.      Hearings**

25.      This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, prepared for and attended an Omnibus hearing on September 9, 2020.

Fees:  $16,542.00;      Hours:  16.80

**K.      Insurance Coverage**

26.      This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended teleconferences with members of the insurance subgroup; (2) reviewed and analyzed issues regarding carrier settlements; (3) reviewed and analyzed Hartford release issues; (4) reviewed and analyzed continuous trigger issues; (5) reviewed and analyzed insurance policies and coverage charts; (6) reviewed and analyzed issues regarding deductibles and aggregates; (7) reviewed and analyzed letters of credit issues; (8) performed work regarding obtaining the production of insurance coverage documents from BSA; (9) attended to timing issues; (10) performed work regarding a mediation brief; and (11) corresponded and conferred regarding insurance issues.

Fees:  $23,344.00;      Hours:  22.90

**L.      Mediation**

27.      This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding objections to the

Coalition Rule 2019 statement; (2) prepared for and participated in meetings with mediators, Committee members and State Court counsel on September 4, 14 and 24, 2020; (3) performed work regarding the Committee mediation submission; (4) reviewed and analyzed issues regarding claims, insurance and property; (5) reviewed and analyzed issues regarding the mediation order; (6) reviewed and analyzed issues regarding a mediator request for live mediation; (7) performed work regarding a mediation brief; (8) attended to scheduling issues; (9) reviewed and analyzed monetary demand issues; (10) performed work regarding a mediation demand; (11) performed work regarding agenda for meetings with mediators; (12) performed work regarding resolution with the Mid Tennessee Local Council of a stay violation motion; (13) reviewed and analyzed e-signature and survivor constituency issues; and (14) corresponded and conferred regarding mediation issues.

Fees:  $41,336.50;      Hours:  39.50

### M.    Plan and Disclosure Statement

28.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the "best interests of creditors" test and performed work regarding a memorandum on such issues; (2) reviewed and analyzed trust distribution procedures issues; (3) performed work regarding a summary of Plan confirmation requirements; and (4) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $28,719.00;      Hours:  26.70

**N.    Retention of Professionals--Others**

29.    This category relates to the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the Quinn Emanuel retention application; (2) performed work regarding the Keen-Summit and CPRE retention applications; (3) performed work regarding a *pro hac vice* motion; and (4) corresponded and conferred regarding retention issues.

Fees:  $7,367.50;    Hours:  8.90

**O.    Stay Litigation**

30.    This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) performed work regarding an Omnibus objection to the Henderson and Romero relief from stay motions; (2) performed work regarding resolution of a motion enforcing automatic stay against Middle Tennessee Local Council; (3) reviewed and analyzed issues regarding ORIC expenses; (4) reviewed and analyzed issues regarding the Ramirez matter; (5) performed work regarding a notice of withdrawal of objection to the Henderson motion; and (6) corresponded and conferred regarding stay litigation issues.

Fees:  $18,688.50;    Hours:  19.90

<u>Valuation of Services</u>

31.    Attorneys and paraprofessionals of PSZ&J expended a total 649.70 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 106.10 | $126,789.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 8.70 | $    9,961.50 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 1.30 | $    1,397.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.20 | $       215.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 43.00 | $  46,225.00 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 1.20 | $    1,230.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 55.70 | $  57,092.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,025.00 | 13.70 | $  15,412.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 13.30 | $  14,630.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 1.90 | $    1,890.50 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $   995.00 | 20.80 | $  20,696.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 32.30 | $  29,877.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $   850.00 | 119.40 | $101,490.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 | 136.70 | $112,777.50 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $   825.00 | 0.10 | $        82.50 |
| Gillian N. Brown | Of Counsel 2016; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $   795.00 | 6.50 | $    5,167.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $   775.00 | 15.80 | $  12,245.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $  650.00 | 9.70 | $    6,305.00 |
| Leslie A. Forrester | Law Library Director | $  450.00 | 2.80 | $    1,260.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 31.00 | $  13,175.00 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 2.60 | $    1,105.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $  425.00 | 0.10 | $         42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 9.10 | $    3,594.50 |
| Sophia L. Lee | Legal Assistant | $  395.00 | 1.00 | $        395.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 6.70 | $    2,345.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $  350.00 | 0.20 | $         70.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 9.80 | $    3,430.00 |

**Grand Total:**     **$588,902.00**
**Total Hours:**          **649.70**
**Blended Rate:**      **$906.42**

32.      The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period

is $588,902.00.

33.      In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of September 1, 2020 through September 30, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $588,902.00 and actual and necessary expenses in the amount of $15,777.88 for a total allowance of $604,679.88 and payment of $471,121.60 (80% of the allowed fees) and reimbursement of $15,777.88 (100% of the allowed expenses) be authorized for a total payment of $486,899.48; and for such other and further relief as this Court deems proper.

Dated:  November 30, 2020          PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
Ilan W. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: jstang@pszjlaw.com
        rorgel@pszjlaw.com
        joneil@pszjlaw.com
        jlucas@psjlaw.com
        ischarf@pszjlaw.com

Counsel to the Tort Claimants Committee

## **DECLARATION**

STATE OF DELAWARE    :

    :

COUNTY OF NEW CASTLE  :

        James E. O'Neill, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                                   */s/ James E. O'Neill*

                                        James E. O'Neill