**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: December 14, 2020 at 4:00 p.m. (ET)** |

**FIRST INTERIM APPLICATION OF WHITE & CASE LLP, AS ATTORNEYS
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM SEPTEMBER 23, 2020 TO AND INCLUDING OCTOBER 31, 2020**

In accordance with the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Compensation Procedures Order"), and the *Order Appointing Fee Examiner and Establishing Related Procedures* [Docket No. 1342] (the "Fee Examiner Order"), White & Case LLP ("White & Case"), attorneys to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submits this first interim fee application (this "Application"), requesting that the Court (i) award interim allowance of White & Case's compensation for professional services rendered during the period from September 23, 2020 to and including October 31, 2020 (the "Application Period") in the amount of $710,671.00, consisting of $710,671.00 in fees and $0.00 in actual and necessary expenses, without prejudice to White & Case's right to seek additional compensation for services performed and expenses incurred during the Application Period, if any, which were not processed at the time of this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Application, (ii) direct payment of the difference between the amounts allowed and any amounts previously paid pursuant to the Compensation Procedures Order, and (iii) grant such other and further relief as is just and proper.

Specifically, White & Case requests that the Court award interim allowance of the fees and expenses that were the subject of the following Monthly Fee Application (as defined in the Compensation Procedures Order) that were filed during the Application Period:

| Date Filed; D.I. | Period Covered | Total Fees Requested | Total Expenses Requested | CNO Date; D.I. | Amount of Fees Allowed (80%) | Amount of Expenses Allowed (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|---|
| 11/23/2020 D.I. 1729, 1733 | 9/23/2020–10/31/2020 | $710,671.00 | $0.00 | *Pending* | *Pending* | *Pending* | $142,134.20 |

**Exhibits A, B,** and **C** attached hereto contain certain schedules pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2]

In addition, White & Case states as follows in response to the questions set forth in paragraph C.5 of the U.S. Trustee Guidelines:

1. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

    a. **As disclosed in the Debtors' retention application for White & Case [D.I. 1571], the Debtors have requested, and White & Case has agreed, that former Sidley professionals who transition to White & Case will charge the estates for their services at the hourly rate that is the lower of their most**

---

[2] Details of White & Case's fees and expenses for the Compensation Period are attached to White & Case's monthly fee applications as Exhibits A and B, respectively [D.I. 1729]. A revised exhibit was filed at D.I. 1733.

2

> **recent hourly rate at Sidley and their then-current hourly rate at White & Case, subject to periodic adjustments in the normal course of White & Case's operations. Subject to the foregoing, White & Case did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms for services pertaining to this engagement.**

2. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

    a. **The fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are not higher by 10% or more.**

3. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

    a. **The professionals included in this Application did not vary their hourly rate based on the geographic location of the bankruptcy case.**

4. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

    a. **This Application does not include any such time or fees that would not normally be compensable outside of bankruptcy.**

5. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

    a. **This Application does not include any such time or fees.**

6. If the fee application includes any rate increases since retention:

    a. Did your client review and approve those rate increases in advance?

        i. **This Application does not include any rate increases since the effective date of the Court's approval of White & Case's retention.**

    b. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

        i. **This Application does not include any rate increases since the effective date of the Court's approval of White & Case's retention.**

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, White & Case respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: November 30, 2020　　　　　　　　WHITE & CASE LLP
New York, New York

　　　　　　　　　　　　　　　　　　　　*/s/ Jessica C.K. Boelter*
　　　　　　　　　　　　　　　　　　　　Jessica C. K. Boelter (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　1221 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 819-8200
　　　　　　　　　　　　　　　　　　　　Email:  jessica.boelter@whitecase.com

　　　　　　　　　　　　　　　　　　　　– and –

　　　　　　　　　　　　　　　　　　　　WHITE & CASE LLP

　　　　　　　　　　　　　　　　　　　　Michael C. Andolina (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Matthew E. Linder (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　111 South Wacker Drive
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　Telephone:  (312) 881-5400
　　　　　　　　　　　　　　　　　　　　Email: mandolina@whitecase.com
　　　　　　　　　　　　　　　　　　　　　　　　mlinder@whitecase.com

　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and Debtors in Possession*

## SUMMARY OF TOTAL FEES AND HOURS
## BY ATTORNEYS AND PARAPROFESSIONALS

| Name | Position and Area of Expertise | Year of Admission | Hourly Billing Rate[1] | Total Hours Billed[2] | Total Compensation |
|---|---|---|---|---|---|
| **Michael C. Andolina** | Partner Commercial Litigation | 1999 | $1,100.00 | 176.60 | $194,260.00 |
| **Jessica C. K. Boelter** | Partner FRI[3] | 2002 | $1,275.00 | 90.5 | $115,387.50 |
| **Laura E. Baccash** | Counsel FRI | 2003 | $1,000.00 | 11.7 | $11,700.00 |
| **Matthew E. Linder** | Counsel FRI | 2012 | $955.00 | 187.6 | $179,158.00 |
| **Blair M. Warner** | Associate FRI | 2015 | $885.00 | 38.7 | $34,249.50 |
| **Stephen E. Ludovici** | Associate FRI | 2014 | $945.00 | 20.0 | $18,900.00 |
| **Mark Franke** | Associate FRI | 2014 | $985.00 | 5.8 | $5,713.00 |
| **Erin Rosenberg** | Associate FRI | 2012 | $985.00 | 57.0 | $56,145.00 |
| **Robbie Boone** | Associate FRI | 2013 | $965.00 | 13.1 | $12,641.50 |
| **Elizabeth Stainton** | Associate Commercial Litigation | 2015 | $895.00 | 5.3 | $4,743.50 |
| **Ali Lattner** | Associate FRI | 2017 | $895.00 | 12.6 | $11,277.00 |
| **Mara Klebaner** | Associate FRI | 2016 | $795.00 | 56.4 | $44,838.00 |
| **Claire Tuffey** | Associate FRI | 2020 | $595.00 | 36.4 | $21,658.00 |
| | | | **Total** | 711.7 | $710,671.00[4] |
| | | | **Blended Rate** | | $998.55 |

---

[1] As noted in the Debtors' application to retain White & Case [D.I. 1571], White & Case has agreed that former Sidley professionals who have transitioned to White & Case will charge the Debtors' estates for their services at the hourly rate that is the lower of their most recent hourly rate at Sidley and their then-current hourly rate at White & Case, subject to periodic adjustments in the normal course of White & Case's operations.

[2] White & Case charges non-working travel time at 50% of regular hourly rates in compliance with Local Rule 2016-2(d)(viii).

[3] Financial Restructuring & Insolvency.

[4] This amount reflects a voluntary reduction of $49,715.00 for the Fee Period, which includes time that White & Case professionals expended in getting up to speed in these chapter 11 cases.

## SUMMARY OF COMPENSATION BY PROJECT CATEGORY

| Category No. | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 001 | Administrative Expense Claims | 6.1 | $7,777.50 |
| 002 | Adversary Proceedings and Bankruptcy Litigation | 58.2 | $53,329.50 |
| 003 | Asset Dispositions | 0.0 | $0.00 |
| 004 | Automatic Stay | 107.3 | $100,072.00 |
| 005 | Bar Date, Noticing and Claims Reconciliation Issues | 84.0 | $76,156.00 |
| 006 | Case Administration (e.g., WIP, case calendar, general tasks) | 4.4 | $4,137.00 |
| 007 | Chapter 11 Plan Matters | 30.9 | $27,557.50 |
| 008 | Communication with Client | 60.0 | $68,519.50 |
| 009 | Corporate Governance and Board Matters | 6.9 | $6,589.50 |
| 010 | Customer and Vendor Issues | 0.0 | $0.00 |
| 011 | Disclosure Statement | 13.1 | $12,641.50 |
| 012 | Donor Issues | 2.5 | $2,387.50 |
| 013 | Employee and Labor Issues | 0.5 | $477.50 |
| 014 | Exclusivity | 17.8 | $17,479.00 |
| 015 | Executory Contracts and Leases | 0.3 | $272.50 |
| 016 | FCR Issues and Communications | 1.0 | $1,187.50 |
| 017 | Fee Applications | 3.6 | $3,186.00 |
| 018 | Financing Matters and Cash Collateral | 1.1 | $1,050.50 |
| 019 | First and Second Day Motions | 0.0 | $0.00 |
| 020 | General Case Strategy | 43.2 | $46,491.50 |
| 021 | Hearing and Court Matters | 42.5 | $45,760.00 |
| 022 | Insurance Issues | 31.7 | $34,702.00 |
| 023 | Non-Bankruptcy Litigation | 12.3 | $11,435.50 |
| 024 | Non-Working Travel[5] | 0.0 | $0.00 |
| 025 | Professional Retention | 40.8 | $37,621.00 |
| 026 | Public Relations Issues | 1.7 | $1,623.50 |
| 027 | Schedules and Statements | 0.0 | $0.00 |
| 028 | Tax Issues | 0.0 | $0.00 |
| 029 | Unsecured Creditors and Issues and Communications | 45.7 | $50,203.00 |
| 030 | U.S. Trustee Issues and Reporting | 0.0 | $0.00 |
| 031 | Utility Issues and Adequate and Assurance | 0.0 | $0.00 |
| 032 | Local Council Issues and Communications | 45.0 | $43,547.50 |
| 033 | Property of the Estate Issues | 6.4 | $7,425.00 |
| 034 | Bankruptcy Appeals | 0.0 | $0.00 |
| 035 | Mediation | 44.7 | $49,041.50 |
| 036 | Fee Examiner Issues and Communications | 0.0 | $0.00 |
|  | GRAND TOTAL | 711.7 | $710,671.00 |

---

[5] White & Case charges non-working travel time at 50% of regular hourly rates in compliance with Local Rule 2016-2(d)(viii).

## **EXPENSE SUMMARY**

| Category | Amount |
|---|---|
| **TOTAL** | $0.00 |