## Exhibit B

**Enloe Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ____ |

**DECLARATION OF ERIC L. ENLOE IN SUPPORT OF**
**THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF JLL VALUATION &**
**ADVISORY SERVICES, LLC AS APPRAISER FOR THE DEBTORS AND DEBTORS**
**IN POSSESSION WITH RESPECT TO CERTAIN LOCAL COUNCIL PROPERTIES,**
***NUNC PRO TUNC* TO NOVEMBER 30, 2020**

I, Eric L. Enloe, hereby state and declare as follows (this "Declaration"):

1.     I am a Managing Director of JLL Valuation & Advisory Services, LLC ("JLL").  I am authorized to make and submit this declaration (this "Declaration") on behalf of the Appraiser.  Except as otherwise stated in this Declaration, I have personal knowledge of the matters set forth herein.  If called to testify, I could and would testify competently to the facts set forth herein.

2.     This Declaration is made in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of JLL Valuation & Advisory Services, LLC as Appraiser for the Debtors and Debtors in Possession with Respect to Certain Local Council Properties,* Nunc Pro Tunc *to November 30, 2020* (the "Application").[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3.      JLL has agreed to provide appraisal and valuation services to the Debtors with respect to the Local Council Properties pursuant to the terms and conditions set forth in that certain engagement letter between the Debtors and JLL dated as of November 30, 2020 (the "Engagement Letter"), a copy of which is attached as **Exhibit 1** to the Proposed Order.

4.      I believe that JLL and its employees are well qualified to provide appraisal and valuation services for certain Local Council Properties as described in the Engagement Letter and the Application.  JLL has extensive experience with both technical and geographic competency for the Local Council Properties.  JLL is part of a global network comprised of experienced, licensed, qualified appraisers who use local insights and their years of expertise to deliver accurate, reliable, and prompt valuations.  JLL's professionals provide valuation and appraisal services across a variety of real estate holdings, consistent with the Uniform Standards of Professional Practice of the Appraisal Institute.  In total, in 2019, JLL completed over 11,700 appraisals on properties totaling nearly $170 billion in market value.  JLL or its affiliates have provided real estate advisory and appraisal and broker services in many complex bankruptcy cases, including *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Dec. 21, 2018) [D.I. 1390].

5.      JLL understands that the Debtors have retained other professionals in these cases, including appraisers to appraise certain of the Debtors' real properties.  JLL does not believe that the services it will render for the Debtors in these chapter 11 cases will be duplicative of the services performed by any of the other professionals, including the other appraisers for different real properties, and JLL will work together with the other professionals retained by the Debtors, as necessary or appropriate, to minimize and avoid duplication of services.

6.      In connection with its retention by the Debtors, JLL reviewed its records to determine whether JLL had any connections with the entities identified by the Debtors as potential

parties in interest in these chapter 11 cases (the "Potential Parties in Interest").  The following is a

list of the categories of Potential Parties in Interest that JLL has searched.

| Schedule | Category |
|---|---|
| 1(a) | Debtors |
| 1(b) | Current and Former Directors and Officers of the Debtors |
| 1(c) | Non-Debtor Affiliates |
| 1(d) | Selected Chartered Organizations |
| 1(e) | Local Councils |
| 1(f) | Secured Parties |
| 1(g) | Banks |
| 1(h) | Credit Card Processors |
| 1(i) | Insurers |
| 1(j) | Landlords |
| 1(k) | Litigation Parties |
| 1(l) | Professionals to be Retained by the Debtors |
| 1(m) | Professionals Representing Certain Parties in Interest |
| 1(n) | Ordinary Course Professionals |
| 1(o) | Tort Claimants Committee |
| 1(p) | Unsecured Creditors Committee |
| 1(q) | Top 25 Plaintiffs' Law Firms Representing the Largest Number of Abuse Victims Asserting Claims Against the Debtors |
| 1(r) | Top 30 General Unsecured Creditors of the Debtors (Non-Abuse Claims) |
| 1(s) | Deferred Compensation and Restoration Plan Participants |
| 1(t) | Significant Contract Counterparties |
| 1(u) | Significant Customers |
| 1(v) | Significant Donors |
| 1(w) | Significant Vendors |
| 1(x) | Significant Taxing Authorities |
| 1(y) | Significant Utility Providers |
| 1(z) | U.S. Trustee, Judges, and Court Contacts for the District of Delaware |

7.      This inquiry has revealed that Five Rivers Council is a Local Council and Potential

Party in Interest in these chapter 11 cases and is a current client of JLL with respect to valuation

of certain of its real properties.  JLL has determined that, given JLL's proposed retention as

appraiser for certain Local Council Properties, it does not hold or represent an interest adverse to

the estate through its representation of Five Rivers Council and remains disinterested.

8.      Except for JLL's representation of Fiver Rivers Council as noted above, through

the information generated from the aforementioned inquiry, JLL has determined that its

representation of any clients on the Potential Parties in Interest List, if any, concerned matters unrelated to the Debtors.

9.      To the best of my knowledge, information and belief, neither JLL nor any of the JLL employees expected to assist the Debtors in these chapter 11 cases is, or was within two years before the commencement of these chapter 11 cases, a director, an officer, or an employee of the Debtors.  Also, to the best of my knowledge, information, and belief, neither the undersigned nor the JLL employees expected to assist the Debtors are connected to the United States Bankruptcy Judge presiding over these chapter 11 cases or any person employed by the Office of the United States Trustee for the District of Delaware.

10.     For the reasons set forth in this Declaration, JLL believes that it is (a) disinterested as defined in the Bankruptcy Code and (b) does not hold or represent any interest adverse to the Debtors' estates.

11.     The fee and expense structure set forth in the Engagement Letter is consistent with JLL's typical compensation for work of this nature.  The fees are set at a level designed to compensate JLL fairly for the work of its employees and to cover fixed and routine overhead expenses.  JLL will not seek reimbursement for out-of-pocket expenses incurred in connection with the appraisal and valuation services.

12.     It is not JLL's general practice to keep detailed time records similar to those customarily kept by attorneys.  Therefore, the Debtors have requested that JLL not be required to maintain time records for producing the appraisal.  JLL will, however, keep time records describing its daily activities and the identities of the persons who performed tasks in connection with any work, including consulting or testimony, beyond the appraisal.  JLL believes that this

request is reasonable because the structure of the compensation contemplated by the Engagement Letter is only partially based on the time expended by JLL.

13.     Other than as set forth in the Application, there is no proposed arrangement between the Debtors and JLL for compensation to be paid in these chapter 11 cases.  JLL has no agreement with any other entity to share any compensation received from the Debtors, nor will any such agreement be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

14.     The foregoing constitutes the statement of JLL pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated:  November 30, 2020
       Chicago, Illinois

                       */s/ Eric L. Enloe*
                       Eric L. Enloe, MAI, CRE, FRICS
                       Managing Director
                       JLL Valuation & Advisory Services, LLC