IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 1762 |

**MOTION TO SHORTEN NOTICE OF DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF JLL VALUATION & ADVISORY SERVICES, LLC, AS APPRAISER FOR THE
DEBTORS AND DEBTORS IN POSSESSION WITH RESPECT TO CERTAIN LOCAL
COUNCIL PROPERTIES, *NUNC PRO TUNC* TO NOVEMBER 30, 2020**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby respectfully move to shorten notice of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of JLL Valuation & Advisory Services, LLC as Appraiser for the Debtors and Debtors in Possession with Respect to Certain Local Council Properties,* Nunc Pro Tunc *to November 30, 2020* (the "Application").[2] In support of this motion (the "Motion"), the Debtors respectfully state as follows:

**STATUS OF CASES AND JURISDICTION**

1. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not defined herein are defined in the Application.

in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. On March 5, 2020, the U.S. Trustee appointed the official committee of tort claimants (the "Tort Claimants' Committee") and the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code. On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future sexual abuse survivors (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Motion are sections 102(1) and 105(a) of the Bankruptcy Code, rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 9006(e).

**RELIEF REQUESTED**

5. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, scheduling a hearing on the Application for December 16,

2020, at 10:00 a.m. (ET) (the "Hearing"), with any objections to the Application to be filed no later than December 9, 2020, at 4:00 p.m. (ET).

## BASIS FOR RELIEF

6. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

7. Local Rule 2014-1(b) requires that all retention motions be filed and served at least twenty-one (21) days prior to the hearing. However, under Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

8. The Debtors submit that ample cause exists to justify shortening the notice period required by Local Rule 2014-(b), and that a prompt hearing is in the best interests of the Debtors, their estates and creditors. As more fully described in the Application, the Debtors and their stakeholders are currently engaged in mediated negotiations regarding a chapter 11 plan of reorganization that provides for a global resolution of claims related to abuse in Scouting. The Mediators, in consultation with the Debtors, have set a fast-paced schedule for negotiations to take place from mid-November through January 2021. In the context of a global resolution, these negotiations will ultimately address how a potential settlement fund will be allocated among the Debtors, the Local Councils, and other contributing parties. Any contribution from Local Councils

would likely include real property and improvements as a material component. Accordingly, the Debtors have determined, in consultation with certain of their stakeholders, that appraisals of certain Local Council properties are necessary to facilitate mediated plan negotiations. Therefore, the Debtors are seeking to retain JLL Valuation & Advisory Services, LLC ("JLL"), to prepare broker opinions of value with respect to certain Local Council properties. These broker opinions of value will provide the Debtors, Local Council and other constituents with important information regarding the market value of the Local Council properties. In order to promptly receive the broker opinions of value and maintain efficient mediated plan negotiations, the Debtors must retain JLL without delay.

9. For these reasons, the Debtors submit that the relief requested should be granted.

**AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)**

10. In accordance with Local Rule 9006-1(e) the Debtors certify that they have notified counsel to the Tort Claimants' Committee, counsel to the Creditors' Committee, counsel to the Future Claimants' Representative and the U.S. Trustee of this Motion. The Tort Claimants' Committee, the Creditors' Committee, the Future Claimants Representative and the U.S. Trustee have no objection to the entry of the order approving this Motion.

**NOTICE**

11. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) any party that has requested notice pursuant to

Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

Dated:  November 30, 2020      MORRIS, NICHOLS, ARSHT & TUNNELL LLP
       Wilmington, Delaware

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:   (302) 425-4664
Email:  dabbott@mnat.com
       aremming@mnat.com
       emoats@mnat.com
       ptopper@mnat.com

– and –

WHITE & CASE LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.boelter@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (212) 881-5400
Email: mandolina@whitecase.com
       mlinder@whitecase.com

*Counsel for the Debtors and Debtors in Possession*