IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**Proposed Objection Deadline: December 11, 2020 at 4:00 p.m. (ET)**
**Proposed Hearing Date: December 16, 2020 at 10:00 a.m. (ET)**

**APPLICATION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO SECTIONS 328(a) AND 1103 OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN CBRE, INC. AS REAL ESTATE APPRAISER, EFFECTIVE AS OF DECEMBER 1, 2020**

The Official Committee of Tort Claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC") appointed in the above-captioned cases (the "Cases") hereby submits this application (the "Application") seeking entry of an order pursuant to sections 328(a), 330, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the TCC to retain and employ CBRE, Inc. ("CBRE" or the "Firm") as real estate appraiser effective as of December 1, 2020 .  In support of the Application, the TCC relies on (i) the *Declaration of Thomas Baroch in Support of Application of the Official Tort Claimants' Committee Pursuant to Sections 328, 330, and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain CBRE, Inc. as Real Estate Appraiser, Effective as of December 1, 2020* (the "Baroch Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the TCC respectfully states the following:

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the TCC confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 328, 330, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1. Flat fee compensation will be paid in accordance with sections 328 and 331 of the Bankruptcy Code and any hourly compensation in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4. On February 18, 2020 (the "Petition Date"), the Debtors commenced these Cases by filing voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5. On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed the TCC consisting of nine survivors of childhood sexual abuse.

6. As discussed in the First Day Declaration [Docket No. 16] and the Informational Brief [Docket No. 4] filed by the Debtors on the Petition Date, Debtor Boy Scouts of America ("BSA") is a defendant in numerous lawsuits related to historical acts of sexual abuse in its programs. The Debtors have stated that, as of the Petition Date, there were approximately 275 pending civil actions asserting personal injury claims against the BSA (as well as certain local councils and chartered organizations) related to abuse suffered by a Scout at the hands of a Scouting leader, volunteer, or another member of the BSA. After the November 16, 2020 claim filing bar date, more than 96,000 sexual abuse claims have been filed.

**The Local Council Real Properties**

7. There are approximately 253 Boy Scout Local Councils ("Local Councils") that own over 1,000 separate real properties including camps, service centers, and Scout Shops (each a "Real Property" and together the "Real Properties"). If the Local Councils are to receive the benefit of a channeling injunction under a consensual plan, he Local Councils must contribute adequate consideration towards a victims compensation trust..

8. The adequacy of the value contributed by the Local Councils will be determined by the number of sexual abuse claims and the value of assets the Local Councils have available for creditor recovery. A key component of this analysis will include the valuation of the Real Properties. The TCC requires an experienced real estate appraiser to assist in determining the value of the Real Properties. The TCC has determined that CBRE is the best and most cost-effective real estate appraiser to perform the services contemplated by this Application.

### CBRE's Qualifications

9. CBRE and its affiliates offer a broad range of integrated services, including facilities, transaction and project management; property management; appraisal and valuation; property leasing; strategic consulting; and property sales. The project lead in this engagement is David Bauman, a Director of Advisory and Transaction Services at CBRE, whose focus is developing and implementing strategic real estate plans for CBRE clients, including real estate analyses and dispositions.

10. To keep costs to a minimum and to optimize the most relevant information, the TCC has asked CBRE to prepare restricted appraisals ("Appraisals") of the Real Properties. The Appraisals will be completed on a desk-top basis, meaning that CBRE will not necessarily conduct site inspections. The Appraisals will constitute an appraisal and will conform to the Uniform Standards of Professional Appraisal Practice (USPAP).

11. Under this proposed retention, CBRE will charge a flat fee of $2,900 for each Appraisal it produces. *See* Baroch Declaration, Exhibit 1. CBRE may also seek reimbursement of actual, necessary expenses and other charges including courier and overnight

delivery charges. Should further services be required or should CBRE provide witness testimony, CBRE will provide such services at CBREs' standard hourly rates, which range from $450-$750 per hour. In addition, if CBRE is subpoenaed or otherwise the subject of discovery, CBRE will bill at its standard hourly rates for responding to discovery requests. Those standard hourly rates range from $450-$750 per hour.

12. To streamline this process and prevent duplication of work, David Bauman will serve as the single point of contact on this retention and will coordinate the CBRE team[2] to oversee scheduling, consistency of methodology, and reporting to TCC. For these reasons, TCC believes that CBRE is well-qualified to render the services described in this Application.

## Relief Requested

13. By this Application, the TCC respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 328(a), 330, 331, and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the TCC to employ and retain CBRE as its real estate appraiser in these Cases consistent with the terms and conditions set forth in the Retention Agreement annexed as **Exhibit 1** to the attached Baroch Declaration. The TCC seeks to retain CBRE effective as of December 1, 2020 because CBRE began providing services to the TCC as of that date. The TCC believes that such retention is appropriate in these Cases because the TCC required effective representation prior to such time as the Court could hear TCC's Application to retain CBRE.

---

[2] The CBRE team might include with respect to certain Appraisals independent consultants or contractors that are not employees of CBRE.

**Basis for Relief**

14.  Bankruptcy Code section 1103(a) provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).  Bankruptcy Code section 328(a) provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a **fixed** or percentage **fee basis**, or on a contingent fee basis (emphasis added).

11 U.S.C. § 328(a).

15.  For the reasons set forth herein, the TCC believes that the employment of CBRE is necessary and appropriate in the Cases to protect the interests of the unsecured tort claimant creditors.

**Services to be Rendered**

16.  CBRE will provide the following services to the Tort Claimants' Committee:  Appraisals of certain Real Property that the Local Councils own throughout the United States, including, but not limited to, camps, Service Centers, and Scout Shops. In addition, and only to the extent required, CBRE will provide further valuation services and witness testimony.

6

**No Adverse Interest and Disclosure of Connections**

17. CBRE does not hold or represent any interest that is adverse to the TCC and the Debtors' estates that would create a material conflict of interest, and does not hold or represent any interest adverse to and has no connection with the TCC, the Debtors, their creditors or any party in interest herein in the matters upon which CBRE is to be retained that would create a material conflict of interest. Therefore, to the best of the TCC's knowledge, CBRE is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code. The TCC submits that its proposed employment of CBRE is in the best interests of the TCC and its members.

**Professional Compensation**

18. Subject to Court approval in accordance with section 328(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to CBRE on a basis of $2,900 per Real Property for which CBRE prepares an Appraisal. CBRE will seek reimbursement for expenses in a manner consistent with the guidelines set forth in Local Rule 2016-1, and all amendments and standing orders of the Court. To the extent CBRE may seek compensation on a fixed fee basis, it will seek judicial review of its compensation pursuant to the standards of section 328(a) of the Bankruptcy Code and no other standard.

19. Any fees sought on an hourly basis (e.g., further services and witness testimony) will be subject to section 330 of the Bankruptcy Code. Those standard hourly rates range from $450-$750 per hour.

20. CBRE shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code, as applicable, and the applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. CBRE also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures both in connection with this Application and the interim and final applications CBRE will file in these Cases. To the extent CBRE seeks compensation on a fixed fee basis, it will seek judicial review of its compensation pursuant to the standards of section 328(a) of the Bankruptcy Code and no other standard. All hourly compensation will be subject to section 330 of the Bankruptcy Code.

21. Insofar as CBRE is being compensated on a fixed fee basis, there shall be no requirement that CBRE maintain time records related or pertaining to its services hereunder, except if and to the extent that it becomes subject to a subpoena or other discovery request, in which event it maintains time records and shall be entitled to bill by the tenth of an hour for its time spent responding to such subpoena or discovery request.

### **Notice**

22. Notice of this Application has been given to the U.S. Trustee, counsel to the Debtors, and all parties that filed a notice of appearance in these Cases as of the date hereof. In light of the nature of the relief requested herein, the TCC submits that no other or further notice is required.

**No Prior Request**

23. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Official Tort Claimants' Committee requests that this Court enter an order in these Cases substantially in the form attached hereto as **Exhibit B** approving the employment of CBRE, Inc. as real estate appraiser for the Official Tort Claimants' Committee, effective as of December 1, 2020, and granting such other and further relief as is just and proper.

Dated: December 3, 2020

THE OFFICIAL TORT CLAIMANTS'
COMMITTEE OF THE BOY SCOUTS OF
AMERICA AND DELAWARE BSA, LLC

By: _____
Name: John Humphrey

Solely in his capacity as Chair of the Official Tort Claimants' Committee of the Boy Scouts of America and Delaware BSA, LLC