## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**MOTION FOR ORDER FIXING HEARING DATE AND SHORTENING TIME REGARDING APPLICATION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE PURSUANT TO SECTIONS 328(a) AND 1103 OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN CBRE, INC. AS REAL ESTATE ADVISOR, EFFECTIVE AS OF DECEMBER 1, 2020**

The Official Committee of Tort Claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC") appointed in the chapter 11 cases (the "Cases") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this motion to shorten (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), scheduling a hearing and shortening the notice period with respect to the *Application of the Official Tort Claimants' Committee Pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain CBRE, Inc. as Real Estate Advisor, Effective as of December 1, 2020* (the "Application"), filed concurrently herewith.  In support of this Motion to Shorten, the TCC respectfully states as follows.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## Jurisdiction

1.      The Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), the TCC consents to the entry of a final order by the Court in

connection with this Motion to the extent it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 105(a) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(e).

## Relief Requested

3.      By this Motion, the TCC requests, pursuant to section 105(a) of the

Bankruptcy Code and Local Rule 9006-1(e), that the Court shorten the notice required for a

hearing on the Application so that the Application may be heard at the omnibus hearing, which

currently is scheduled for December 16, 2020 at 10:00 a.m. (Eastern Time) (the "Hearing"), with

responses, if any, to the Application to be filed on or before December 11, 2020 at 4:00 p.m.

(Eastern Time) (the "Objection Deadline").

## Basis for Relief

4.      Local Rule 2014-1(b) requires that all retention motions be filed and

served at least twenty-one (21) days prior to the hearing.  Local Rule 9006-1(c)(i) provides that

unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."  Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

5.        In support of this Motion to Shorten, the TCC represents that the exigencies justify shortened notice of the Application.

6.        As set forth in the Application, the TCC requires an experienced real estate advisor to assist in estimating the value of the Real Properties[2] held by the Local Councils. The value of the Real Properties will help determine the Local Council's contribution towards a victims compensation trust to receive the benefit of a channeling injunction under a plan.  The TCC will need the valuations to engage in plan negotiations and mediation currently taking place in these Cases.  The TCC has determined that CBRE is the best and most cost effective real estate advisor to perform the services contemplated by the Application.

7.        Accordingly, the Committee submits that the exigencies justify shortening notice on the Application.

## Averment Pursuant to Local Rule 9006-1(e)

8.        In accordance with Local Rule 9006-1(e) the TCC certifies that it has notified counsel to the Debtors, counsel to the Creditors' Committee, counsel to the Future Claimants' Representative and the United States Trustee of this Motion.  The Debtors, the Creditors' Committee, the Future Claimants' Representative indicated that they did not object to

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

3

the relief requested herein.  The United States Trustee reserved comment with respect to shortening time on the Application.

## Notice

9.      This Motion to Shorten and the Application will be served by e-mail, overnight mail, or facsimile upon:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The TCC submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

10.      No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the TCC respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

Dated:  December 3, 2020          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
James E. O'Neill (DE Bar No. 4042)
Jason S. Pomerantz (CA Bar No. 157216)
John W. Lucas (CA Bar No. 271038)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: jstang@pszjlaw.com
          joneill@pszjlaw.com
          jspomerantz@pszjlaw.com
          jlucas@pszjlaw.com

*Counsel to the Official Committee of Tort Claimants*