**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref Docket Nos. 901 & 1337** |

**FEE EXAMINER'S FINAL REPORT REGARDING FIRST
AND SECOND QUARTERLY FEE APPLICATIONS OF ALIXPARTNERS, LLP**

　　　　Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *First Interim Application of AlixPartners, LLP, Financial Advisor to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from March 4, 2020 through April 30, 2020* [Docket No. 901] (the "First Quarterly Fee Application") and the *Second Interim Application of AlixPartners, LLP, Financial Advisor to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from May 1, 2020 through July 31, 2020* [Docket No. 1337] (the "Second Quarterly Fee Application" and together with the First Quarterly Fee Application, the "Quarterly Fee Applications") filed by AlixPartners, LLP (the "Firm").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "<u>Initial Report</u>") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Quarterly Fee Applications consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Quarterly Fee Applications, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to monthly fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of March 4, 2020 through April 30, 2020, as set forth in the First Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $927,029.50 as actual, reasonable and necessary fees and for expense reimbursement of $0.00. For the compensation period of May 1, 2020 through July 31, 2020, as set forth in the Second Quarterly Fee Application, the Firm seeks interim

bankruptcy court approval in the amount of $833,082.50 as actual, reasonable and necessary fees and for expense reimbursement of $0.00.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the second quarterly fee period the Firm has charged approximately 57.9 hours and $31,298.00 for fees billed related to the Firm's fee applications on a cumulative basis. This amounts to approximately 1.8% of total fees and subject to the agreed reductions set forth herein, Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the first quarterly fee period (percentage of hours billed by managing directors, directors, senior vice presidents, vice presidents, and associates, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $748.03, which is equivalent to a director (the Firm's second highest personnel tier) at the Firm's hourly rates. Rucki Fee Review also considers the staffing breakdown to be appropriate for the second quarterly fee period, as reflected in the Firm's blended hourly rate of $748.91 for the second quarterly fee period.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 14 professionals to perform its work during the first quarterly fee period, five of whom billed fewer than 15 hours during the first quarterly fee period. During the second quarterly fee period, the Firm utilized 14 professionals to perform its work during the second quarterly fee period, four of whom billed fewer than 15 hours during the second quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, and after review requested the waiver of 1.2 hours of fees totaling $1,380.00 for the work of one of these professionals, who participated in conferences with other members of the Firm. The Firm agreed to this in compromise of Rucki Fee Review's request. Subject to this and the other agreed reductions set forth herein, Rucki Fee Review also considers the Firm's work (which included separate operational and forensic investigation personnel) more broadly to be well-coordinated both within the Firm and with its fellow professionals.

7. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object

to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

8. Rucki Fee Review identified a small number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $1,237.70 on account of these entries in compromise of Rucki Fee Review's request. For future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

9. Administrative tasks that are generally not compensable by a non-chapter 11 client or that are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain entries it considered administrative or potentially administrative in whole or in part. After conferral with the Firm, the Firm has agreed to a reduction of $4,082.00 in compromise of Rucki Fee Review's request with respect to these entries.

10. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the

counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $4,733.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

11. Rucki Fee Review requested the Firm waive certain of the Firm's fees for hearing attendance in these chapter 11 cases. After discussion with the Firm, the Firm has agreed to a reduction of $12,000.00 on account of these fees in compromise of Rucki Fee Review's request.

12. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $11,095.50 on account of these entries in compromise of Rucki Fee Review's request.

13. The Firm did not request the reimbursement of any expenses during the first or second quarterly fee periods. Accordingly, no discussion of expense reimbursement is necessary.

14. After accounting for the agreed fee reductions of $34,528.70 discussed herein, Rucki Fee Review considers the balance of the fees sought in the Quarterly Fee Applications to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

15. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application in the amount of $798,553.80 with respect to fees and the reimbursement of expenses in the amount of $0.00, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the First Quarterly Fee Application and the Second Quarterly Fee Application.[1]

Dated: December 11, 2020
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
   Justin H. Rucki
   President of Rucki Fee Review, LLC

---

[1] As interim payment has already been made on account of the First Quarterly Fee Application, for interim payment purposes these agreed reductions have been fully allocated to the interim approval of the Second Quarterly Fee Application. The Firm may internally allocate a portion of these agreed reductions to the First Quarterly Fee Application if it so desires.