**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket Nos. 948 & 1207** |

**FEE EXAMINER'S FINAL REPORT REGARDING FIRST**
**AND SECOND QUARTERLY FEE APPLICATIONS OF SIDLEY AUSTIN LLP**

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *First Interim Fee Application of Sidley Austin LLP, as Attorneys for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from February 18, 2020 to and including April 30, 2020* [Docket No. 948] (the "First Quarterly Fee Application") and the *Second Interim Fee Application of Sidley Austin LLP, as Attorneys for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and including July 31, 2020* [Docket No. 1207] (the "Second Quarterly Fee Application" and together with the First Quarterly Fee Application, the "Quarterly Fee Applications") filed by Sidley Austin LLP (the "Firm").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**BACKGROUND**

1.  In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "<u>Initial Report</u>") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Quarterly Fee Applications consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Quarterly Fee Applications, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.  Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Attorney Large Case Guidelines</u>").

2.  Rucki Fee Review did not prepare informal memos related to monthly fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm.  Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

**DISCUSSION**

3.  For the compensation period of February 18, 2020 through April 30, 2020, as set forth in the First Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in

the amount of $4,196,866.00 as actual, reasonable and necessary fees and for expense reimbursement of $53,873.26.  For the compensation period of May 1, 2020 through July 31, 2020, as set forth in the Second Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $4,094,602.50 as actual, reasonable and necessary fees and for expense reimbursement of $60,904.93.

4.  As discussed further below, Rucki Fee Review recognizes the Firm voluntarily reduced its requested fees by $35,000.00 during the second quarterly fee period by way of a reduction to the Firm's June monthly fee application.  Significantly, the fee detail contained in the Firm's fee application still contained the support for these $35,000.00 in voluntary fee reductions (*i.e*., the reductions were applied after finalizing the invoices attached to the Firm's fee applications).  Rucki Fee Review also recognizes the Firm reduced its June expense request by $2,638.67 by agreement with the Office of the United States Trustee.

5.  Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues.  It applies these guidelines on a cumulative basis.  Through the conclusion of the second quarterly fee period the Firm has charged approximately 504.3 hours and $263,962.50 for fees billed related to the Firm's fee applications or the fee applications of other debtor professionals on a cumulative basis, and the Firm states in the Quarterly Fee Applications that this work included 20.9 hours and $11,696.00 in fees for

privilege review during the first quarterly fee period, and an additional 16.8 hours and $10,121.50 in fees for privilege review during the second quarterly fee period. This amounts to approximately 3.2% of total fees given the size of the Firm's total fees and thus is not in excess of the 7% threshold mentioned above. Nevertheless, Rucki Fee Review identified a number of entries that appeared to charge or potentially charge for non-compensable administrative aspects of invoice review and $26,396.00 of the agreed reduction for administrative matters discussed in paragraph 11 below relates to these fees. After accounting for these agreed reductions, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

6.   Rucki Fee Review considers the staffing breakdown during the first quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $887.77, which is equivalent to a mid-level associate at the Firm's hourly rates. Rucki Fee Review also considers the staffing breakdown to be appropriate for the second quarterly fee period, as reflected in the Firm's blended hourly rate of $869.88 (prior to the application of voluntary reductions) for the second quarterly fee period.

7.   Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 37[1] professionals or paraprofessionals to perform its work during the first quarterly fee period, nine of whom billed fewer than 15 hours during the first quarterly fee period. During the

---

[1] Though 37 professionals/paraprofessionals were listed in the tables to the First Quarterly Fee Application and nine billed fewer than 15.0 hours, these numbers appear to have been inadvertently stated as 31 and five in another portion thereof. These lower numbers appear to exclude paraprofessionals.

second quarterly fee period, the Firm utilized 28[1] professionals or paraprofessionals to perform its work during the second quarterly fee period, three of whom billed fewer than 15 hours during the second quarterly fee period.  Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons not to be objectionable.

8. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee).  Here, the Firm did prepare a prospective budget and staffing plan for the first quarterly fee period and the second quarterly fee period, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter.  The Firm was under its budget for the first quarterly fee period by approximately 5% and over its budget for the second quarterly fee period by approximately 17%, which overage the Firm attributed to unexpected additional litigation.  Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

9. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity

---

[1] Though 28 professionals/paraprofessionals were listed in the tables to the Second Quarterly Fee Application, this number appears to have been inadvertently stated as 24 in another portion thereof.  The lower number appears to exclude paraprofessionals.

description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

10. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $30,000.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

11. Administrative tasks that are generally not compensable by a non-chapter 11 client or that are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain entries it considered administrative or potentially administrative in whole or in part.

After conferral with the Firm, the Firm has agreed to a reduction of $51,396.00 in compromise of Rucki Fee Review's request with respect to these entries.

12. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $20,601.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

13. Rucki Fee Review requested the Firm waive certain of the Firm's fees for hearing attendance in these chapter 11 cases. After discussion with the Firm, the Firm has agreed to a reduction of $25,000.00 (which is in addition to those additional fees for hearing attendance that are waived as discussed in the following paragraph) on account of these fees in compromise of Rucki Fee Review's request.

14. Rucki Fee Review requested a reduction on account of the total time spent on account of the retention applications of the debtors' professionals, and the Firm agreed to a reduction of $68,980.40 in compromise of Rucki Fee Review's request. Relatedly, Rucki Fee Review notes that the Firm generally did not charge the estate for its significant work preparing or prosecuting its reply in support of the Firm's retention application (instead electing of its own accord not to bill the estate for these fees), but did appear to bill certain fees

aggregating to $42,212.50 relating to this contested matter (primarily though not exclusively for hearing attendance). Rucki Fee Review requested these fees that were charged be waived, and the Firm agreed to this request in compromise of Rucki Fee Review's request, which $42,212.50 fee reduction is subsumed within the foregoing $68,980.40 of agreed reductions.

15. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $9,000.00 on account of these entries in compromise of Rucki Fee Review's request.

16. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to a slight underbilling, so no reduction is necessary on account of these entries.

17. The Office of the United States Trustee takes the position that law clerks not yet admitted to the bar should charge a billable rate lower than attorneys who have been admitted to the bar of one or more states. The Firm's billable rate of $550.00 for Trevor Grayeb complies with this policy.

18. With respect to the Firm's expense reimbursement requests, Rucki Fee Review notes that the Office of the United States Trustee and the Firm have agreed to an expense reduction of $2,638.67 in connection with the Firm's June monthly fee application, and this agreed reduction was already subtracted from the expense reimbursement amount sought in the Second Quarterly Fee Application. With respect to the Firm's remaining expense

reimbursement requests, Rucki Fee Review requested additional information with respect to certain entries. After receipt of this information, Rucki Fee Review considers the entirety of the Firm's expense reimbursement request to be compliant with the Local Rules and reasonable, necessary and appropriate for reimbursement.

19. As noted above, Rucki Fee Review recognizes the Firm voluntarily reduced its requested fees by $35,000.00 during the second quarterly fee period by way of a reduction to the Firm's June monthly fee application. Significantly, the fee detail contained in the Firm's fee application still contained the support for these $35,000.00 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoices attached to the Firm's fee applications). Because Rucki Fee Review and all other parties in interest were able to review the original fee detail supporting these voluntary reductions and the proposed reductions set forth herein are based on the fee entries prior to these reductions, Rucki Fee Review will credit these voluntary reductions against the agreed fee reductions referenced herein. Rucki Fee Review also recognizes the Firm reduced its June expense request by $2,638.67 by agreement with the Office of the United States Trustee.

20. After accounting for the agreed fee reductions of $204,977.40 ($169,977.40 net of the prior $35,000.00 in voluntary reductions) discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Quarterly Fee Applications to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

21. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application in the amount of $3,924,625.10 with respect to fees and the reimbursement of expenses in the

amount of $60,904.93, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the First Quarterly Fee Application and the Second Quarterly Fee Application.[1]

Dated: December 11, 2020
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
      Justin H. Rucki
      President of Rucki Fee Review, LLC

---

[1] As interim payment has already been made on account of the First Quarterly Fee Application, for interim payment purposes these agreed reductions have been fully allocated to the interim approval of the Second Quarterly Fee Application.  The Firm may internally allocate a portion of these agreed reductions to the First Quarterly Fee Application if it so desires.