# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket Nos. 725 & 1203** |

**FEE EXAMINER'S FINAL REPORT
REGARDING COMBINED FIRST AND SECOND
QUARTERLY FEE APPLICATIONS OF THE LEGAL REPRESENTATIVE
FOR FUTURE CLAIMANTS AND YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Combined First Interim Fee Application Request of James L. Patton, Jr. as the Legal Representative for Future Claimants and Young Conaway Stargatt & Taylor, LLP as Counsel to the Legal Representative for Future Claimants for Allowance of Compensation and Reimbursement of Expenses for the Period from February 18, 2020 through April 30, 2020* [Docket No. 725] (the "First Quarterly Fee Application") and the *Combined Second Interim Fee Application Request of James L. Patton, Jr. as the Legal Representative for Future Claimants and Young Conaway Stargatt & Taylor, LLP as Counsel to the Legal Representative for Future Claimants for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 through July 31, 2020* [Docket No. 1203] (the "Second Quarterly Fee Application" and together with the First Quarterly Fee

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Application, the "Quarterly Fee Applications") filed by James L. Patton, Jr. as the Legal Representative for Future Claimants (the "FCR") and Young Conaway Stargatt & Taylor, LLP (the "Firm"). The parties have agreed to treat the fees and expenses of the FCR as outside of the scope of Rucki Fee Review's mandate as the Fee Examiner in these chapter 11 cases. Accordingly, this report addresses only the fees and expenses of the Firm.

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Quarterly Fee Applications consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Quarterly Fee Applications, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A*, the order appointing the FCR and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to monthly fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the

Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of February 18, 2020 through April 30, 2020, as set forth in the First Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $183,254.00 as actual, reasonable and necessary fees and for expense reimbursement of $4,750.17 (which figures exclude the $19,880.00 in FCR fees and $0.00 in FCR expenses contained therein). For the compensation period of May 1, 2020 through July 31, 2020, as set forth in the Second Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $246,758.00 as actual, reasonable and necessary fees and for expense reimbursement of $4,997.22 (which figures exclude the $26,320.00 in FCR fees and $0.00 in FCR expenses contained therein).

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the second quarterly fee period Rucki Fee Review calculates that the Firm has charged $7,614.50 for fees billed related to the Firm's fee applications and the fee applications of other FCR professionals on a cumulative basis. This amounts to approximately 1.6% of total fees. Subject to the agreed reductions set forth herein for

certain specific entries Rucki Fee Review considers administrative in nature, Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the first quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $677.97, which is equivalent to a counsel at the Firm's hourly rates. Rucki Fee Review also considers the staffing breakdown to be appropriate for the second quarterly fee period, as reflected in the Firm's blended hourly rate of $631.90 for the second quarterly fee period. The Firm's limited role in this matter and the work required to date make a heavier utilization of senior personnel appropriate. Moreover, the billing rates of the Firm's counsel and certain partners are less than that of associates at many firms with comparable chapter 11 experience, allowing for a heavier utilization of counsel and partners.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 12 professionals or paraprofessionals to perform its work during the first quarterly fee period, five of whom billed fewer than 15 hours during the first quarterly fee period.[1] During the second quarterly fee period, the Firm utilized 19 professionals or paraprofessionals to perform its work during the second quarterly fee period, nine of whom billed fewer than 15 hours during the second quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, and after review requested the waiver of 0.2 hours of fees totaling $83.00 for the work of one of these professionals,

---

[1] These numbers are each one person lower than those stated in the First Quarterly Fee Application, which increased numbers appear to include the FCR, who billed slightly under 15 hours.

but otherwise considers the utilization of these persons be appropriate. The Firm agreed to this waiver in compromise of Rucki Fee Review's request.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (in this case, the FCR). Here, the Firm did prepare a prospective budget and staffing plan for both the first quarterly fee period and the second quarterly fee period, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. The Firm was under its budget for both quarterly periods by over 50%. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a small number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $1,500.00 on account of these entries in compromise of Rucki Fee Review's request. For future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or that are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain fees it considered administrative or potentially administrative. After conferral with the Firm, the Firm has agreed to a reduction of $2,975.00 in compromise of Rucki Fee Review's request with respect to these fees. This agreed reduction is in addition to a voluntary reduction for potentially administrative matters previously agreed to by the Firm with the Office of the United States Trustee and the debtors in connection with the First Quarterly Fee Application.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the

counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $1,755.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $1,009.50 on account of these entries in compromise of Rucki Fee Review's request.

13. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to an underbilling, so no reduction is necessary on account of these entries.

14. With respect to the Firm's expense reimbursement requests, Rucki Fee Review identified certain black and white printing/duplication and scanning charges that were inadvertently billed at $0.20 per page, rather than the $0.10 per page permitted by the Local Rules. In the aggregate, this requires a reduction of $1,937.30 to comply with the Local Rules. Similarly, certain outgoing facsimiles appear to have been inadvertently charged at $1.00 per page rather than the $0.25 per page permitted by the Local Rules, requiring an additional reduction of $11.25 in the aggregate. Finally, Rucki Fee Review requested the

waiver of one potentially duplicative charge in the amount of $193.20, and the Firm agreed to this reduction in compromise of Rucki Fee Review's request. Other than with respect to these foregoing expense matters, Rucki Fee Review notes that the Firm's expense reimbursement requests comply with the limitations of the Local Rules and Rucki Fee Review considers them to be reasonable, necessary and appropriate for reimbursement.

15. After accounting for the agreed fee reductions of $7,323.00 and expense reductions of $2,141.75 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought by the Firm in the Quarterly Fee Applications to be reasonable, necessary and appropriate under the circumstances, and makes no recommendation as to the fees of the FCR.

## CONCLUSION

16. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application with respect to the Firm in the amount of $239,435.00 with respect to fees and the reimbursement of expenses in the amount of $2,855.47, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the First Quarterly Fee Application and the Second Quarterly Fee Application, and which amounts exclude the fees of the FCR as outside the scope of Rucki Fee Review's mandate.[1]

---

[1] As interim payment has already been made on account of the First Quarterly Fee Application, for interim payment purposes these agreed reductions have been fully allocated to the interim approval of the Second Quarterly Fee Application. The Firm may internally allocate a portion of these agreed reductions to the First Quarterly Fee Application if it so desires.

Dated: December 11, 2020  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**  
**FEE EXAMINER**

By: */s/ Justin H. Rucki*  
    Justin H. Rucki  
    President of Rucki Fee Review, LLC