## **EXHIBIT B**

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket** ~~No~~**Nos.** **1762, 1814 &** _____ |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JLL VALUATION & ADVISORY SERVICES, LLC AS APPRAISER FOR THE DEBTORS AND DEBTORS IN POSSESSION WITH RESPECT TO CERTAIN LOCAL COUNCIL PROPERTIES, *NUNC PRO TUNC* TO NOVEMBER 30, 2020

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") (i) authorizing the Debtors to retain and employ JLL Valuation & Advisory Services, LLC ("JLL") to provide appraisal and valuation services for the Subject Properties, effective as of November 30, 2020, pursuant to sections 327(a) and 328 of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 6005, and Local Rule 2014-1, in accordance with the terms of each of the Engagement Letter by and between the Debtors and JLL, (ii) approving the terms of JLL's retention and employment, including the fee and expense structure and the indemnification provisions, as applicable, as modified by the Application and this Order, and (iii) granting related relief; and upon consideration of the Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order being a core proceeding

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Application, if any, having been withdrawn, resolved or overruled; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 6005, and Local Rule 2014-1, the Debtors are authorized to employ and retain JLL to provide appraisal and valuation services for the Local Council Properties, *nunc pro tunc* to November 30, 2020.

3. The terms of the Engagement Letter, attached hereto as **Exhibit 1** and as modified by this Order, are reasonable terms and conditions of employment and are hereby approved.

4. The requirement that JLL keep detailed time records of time spent for professional services rendered in these chapter 11 cases pursuant to Local Rule 2016-2(d) is hereby waived; provided, however, that JLL shall file a final application seeking the final allowance of compensation for appraisal services rendered to the Debtors, with a summary of

fees earned ~~and expenses incurred~~ that includes, for each Local Council Property, (a) the name of the Local Council Property, (b) a description of whether the Local Council Property has been designated as "base" or "complex" and why it has been designated as such, (c) the requested fee, and (d) the estimated number of total hours spent by JLL on the appraisal of the Local Council Property, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

5. To minimize duplication of services and to the extent not already provided, the Debtors shall provide at least three (3) business days' notice to the TCC's counsel, with a copy to counsel to the official committee of unsecured creditors (the "UCC"), regarding the identity of any Local Council Property they intend to appraise; provided, however, that if the Debtors wish JLL to appraise any property that the TCC, with the assistance of its appraiser, has already appraised or is in the process of appraising, then, before commencing any such appraisal, the Debtors shall meet and confer with the TCC (which meet and confer shall include the UCC) regarding the need for a second appraisal of such property.

6. ~~5.~~ Notwithstanding anything to the contrary in the Application or this Order, the fees payable to JLL under the Engagement Letter shall be subject to review in accordance with the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to review under section 330 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that notwithstanding the foregoing, the U.S. Trustee may review the reasonableness of JLL's fees requested in the final fee application under section 330 of the Bankruptcy Code.

7. ~~6.~~ To the extent the Debtors enter into any additional engagement letters for the provision of additional appraisal and valuation services by JLL outside the scope of the Local Council Properties described in the Application, the Debtors shall file such agreements with the

3

Court and serve the applicable notice parties with copies of the same. To the extent any parties object, within fourteen (14) days of such new agreements being served, to the additional services to be provided by JLL, the Debtors shall promptly schedule a hearing before the Court. All additional services shall be subject to the provisions of this Order.

8.  7. Notwithstanding anything to the contrary in any of the Engagement Letter, the Application, or the Declarations, the indemnification provisions are hereby modified as follows:

> (a) JLL shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;
>
> (b) the Debtors shall have no obligation to indemnify JLL, or provide contribution or reimbursement to JLL, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from JLL's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self- dealing; (ii) for a contractual dispute in which the Debtors allege the breach of JLL's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to JLL's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which JLL should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and
>
> (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, JLL believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, JLL must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Appraiser before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by JLL for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify JLL. All

4

parties in interest shall retain the right to object to any demand by JLL for indemnification, contribution or reimbursement.

9. Notwithstanding any provision to the contrary in the Engagement Letter, any limitation of liability in JLL's Engagement Letter shall not apply during these chapter 11 cases.

10. Notwithstanding any provision to the contrary in the Engagement Letter, the Court shall have exclusive jurisdiction over JLL's engagement during the pendency of these chapter 11 cases.

11. Notwithstanding any provision to the contrary in the Engagement Letter, any invoices that remain unpaid during the chapter 11 cases shall not incur any interest charges. Any invoices that remain unpaid during these chapter 11 cases shall not be cause for unilateral termination of the Engagement Letter.

12. Notwithstanding any provision to the contrary in the Engagement Letter, the Debtors shall share the Local Council Property appraisals after each appraisal is completed in accordance with the terms of the *Order Approving Confidentiality and Protective Order* [D.I. 799] (the "Protective Order").  The Local Council Property appraisals shall be designated "Confidential" under the terms of the Protective Order.  The Debtors shall share a copy of each completed appraisal with the Local Council that owns the property that has been appraised.

13. Notwithstanding any provision to the contrary in the Engagement Letter, a person who is not party to the Engagement Letter shall have the right to enforce the terms of the Engagement Letter during the pendency of these chapter 11 cases.

14. 8. JLL shall use its reasonable best efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

5

15.    9. To the extent that there is any inconsistency between the terms of any engagement letter approved herein, the Application, or this Order, the provisions of this Order shall govern.

16.    10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

**Engagement Letter**

| Summary report: Litera® Change-Pro for Word 10.10.0.103 Document comparison done on 12/13/2020 7:58:04 PM ||
|---|---|
| **Style name:** 2 W&C Standard Set ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://AMERICAS_DMS/AMERICAS/105402049/1 ||
| **Modified DMS:** iw://AMERICAS_DMS/AMERICAS/105401927/4 ||
| **Changes:** ||
| Add | 21 |
| Delete | 8 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 29 |