# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket Nos. 730 & 1209** |

## FEE EXAMINER'S FINAL REPORT REGARDING FIRST AND SECOND QUARTERLY FEE APPLICATIONS OF ALVAREZ & MARSAL NORTH AMERICA, LLC

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *First Interim Fee Application Request of Alvarez & Marsal North America, LLC, as Financial Advisor for the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from February 18, 2020 to and including April 30, 2020* [Docket No. 730] (the "First Quarterly Fee Application") and the *Second Interim Fee Application of Alvarez & Marsal North America, LLC, as Financial Advisor for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and including July 31, 2020* [Docket No. 1209] (the "Second Quarterly Fee Application" and together with the First Quarterly Fee Application, the "Quarterly Fee Applications") filed by Alvarez & Marsal North America, LLC (the "Firm").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "<u>Initial Report</u>") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Quarterly Fee Applications consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Quarterly Fee Applications, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to monthly fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of February 18, 2020 through April 30, 2020, as set forth in the First Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $1,937,895.00 as actual, reasonable and necessary fees and for expense reimbursement of $31,624.67. For the compensation period of May 1, 2020 through July 31, 2020, as set forth in the Second Quarterly Fee Application, the Firm seeks interim

bankruptcy court approval in the amount of $979,723.27 as actual, reasonable and necessary fees and for expense reimbursement of $638.56.

4. As discussed further below, the Firm voluntarily reduced its requested fees by $21,745.00 during the first quarterly fee period and by $64,129.23 during the second quarterly fee period. These reductions consisted of $21,745.00 from the Firm's April monthly fee application, $47,146.73 from the Firm's May monthly fee application, and $16,982.50 from the Firm's combined June/July monthly fee application. Significantly, the fee detail contained in the Firm's fee applications still contained the support for these $85,874.23 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoices attached to the Firm's fee applications).

5. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the second quarterly fee period the Firm has charged approximately 49.0 hours and $22,027.50 for fees billed related to the Firm's fee applications on a cumulative basis. This amounts to less than 1% of total fees and subject to its agreed reductions set forth herein Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate.

6. Rucki Fee Review considers the staffing breakdown during the first quarterly fee period (percentage of hours billed by managing directors, senior directors, directors, managers, senior associates, associates, consultants, analysts and paraprofessionals, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $660.41 (before application of voluntary reductions), which is equivalent to a senior director (the Firm's second highest personnel tier) at the Firm's hourly rates. Rucki Fee Review also considers the staffing breakdown to be appropriate for the second quarterly fee period, as reflected in the Firm's blended hourly rate of $683.87 (before the application of voluntary reductions) for the second quarterly fee period.

7. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 17 professionals to perform its work during the first quarterly fee period, four of whom billed fewer than 15 hours during the first quarterly fee period. During the second quarterly fee period, the Firm utilized 14 professionals to perform its work during the second quarterly fee period, six of whom billed fewer than 15 hours during the second quarterly fee period, with the core team decreasing in size after the completion of the debtors' schedules and statements. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons be appropriate. Subject to the agreed reductions set forth herein, Rucki Fee Review also considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of

activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $14,275.00 on account of these entries in compromise of Rucki Fee Review's request. For future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or that are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified

certain entries it considered administrative or potentially administrative in whole or in part. After conferral with the Firm, the Firm has agreed to a reduction of $8,657.50 in compromise of Rucki Fee Review's request with respect to these entries.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $20,535.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. Rucki Fee Review has identified certain entries for which the narrative was not fully displayed in the data provided to Rucki Fee Review or in certain of the Firm's monthly fee applications, in each instance appearing to be "cut off" at the end due to size limitations or otherwise. Rucki Fee Review requested and subsequently reviewed a copy of these full entries, and has asked the Firm to monitor this in the future.

13. Rucki Fee Review requested a reduction on account of the work overseeing the selection and retention of the real estate appraisers that were employed in these chapter 11 cases. After discussion with the Firm, Rucki Fee Review and the Firm have agreed on allocating $44,822.50 of the Firm's voluntary reductions to these fees in compromise of Rucki Fee

Review's request, which is roughly 60% of these personnel's fees during the second quarterly fee period.

14. Rucki Fee Review has observed that each of one professional's time entries for the first several days of these chapter 11 cases, from February 18-21, 2020, were inadvertently double-billed. This required an aggregate reduction of $18,270.00, and the Firm has agreed to waive these fees.

15. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $15,000.00 on account of these entries in compromise of Rucki Fee Review's request.

16. With respect to the Firm's expense reimbursement requests, Rucki Fee Review notes that it generally considers the cost of meals in excess of the following guidelines, per person, to be unreasonable: $25/breakfast, $35/lunch and $55/dinner, for Wilmington and all other U.S. locations, except for New York City and London, $35/breakfast, $55/lunch and $70/dinner; for Washington DC, Chicago, Los Angeles and San Francisco, $30/breakfast, $45/lunch and $65/dinner. With respect to hotel charges, Rucki Fee Review generally considers room charges (inclusive of taxes) in excess of the following rates to be excessive absent satisfactory explanation from an applicant of the justification for exceeding such charges: $375/Wilmington and Los Angeles; $525/New York City; $450/Boston; $400/Washington, DC, and London; $325/Philadelphia, Pittsburgh, Chicago, and San Francisco; $275/Baltimore, Miami, and Denver; $225 for all other U.S. locations.

17. Here, all of the Firm's meals comply with the foregoing limits, but two hotel charges exceed the limits in the aggregate amount of $280.30, and the Firm has agreed to waive this $280.30 in compromise of Rucki Fee Review's request. Other than these $280.30 in agreed expense reductions, Rucki Fee Review considers the entirety of the Firm's expense reimbursement request to be compliant with the Local Rules and reasonable, necessary and appropriate for reimbursement.

18. As noted above, Rucki Fee Review recognizes the Firm voluntarily reduced its requested fees by $21,745.00 during the first quarterly fee period and by $64,129.23 during the second quarterly fee period. These reductions consisted of $21,745.00 from the Firm's April monthly fee application, $47,146.73 from the Firm's May monthly fee application, and $16,982.50 from the Firm's combined June/July monthly fee application. Significantly, the fee detail contained in the Firm's fee applications still contained the support for these $85,874.23 in voluntary fee reductions (*i.e*., the reductions were applied after finalizing the invoices attached to the Firm's fee applications). Because Rucki Fee Review and all other parties in interest were able to review the original fee detail supporting these voluntary reductions and the agreed reductions set forth herein are based on the fee entries prior to these reductions, Rucki Fee Review will credit these voluntary reductions against the agreed fee reductions set forth herein.

19. After accounting for the agreed fee reductions of $121,560.00 ($35,685.77 net of prior voluntary reductions) and expense reductions of $280.30 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Quarterly Fee Applications to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

20. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application in the amount of $944,037.50 with respect to fees and the reimbursement of expenses in the amount of $358.26, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the First Quarterly Fee Application and the Second Quarterly Fee Application.[2]

Dated: December 14, 2020  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**  
**FEE EXAMINER**

By: */s/ Justin H. Rucki*  
    Justin H. Rucki  
    President of Rucki Fee Review, LLC

---

[2] As interim payment has already been made on account of the First Quarterly Fee Application, for interim payment purposes these agreed reductions have been fully allocated to the interim approval of the Second Quarterly Fee Application. The Firm may internally allocate a portion of these agreed reductions to the First Quarterly Fee Application if it so desires.