IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 1785 & 1832** |

**ORDER PURSUANT TO SECTIONS 328(a), 330, 331,
AND 1103 OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1
AUTHORIZING THE EMPLOYMENT AND RETENTION OF CBRE, INC.
AS REAL ESTATE ADVISOR, EFFECTIVE AS OF DECEMBER 1, 2020**

Upon consideration of the *Application of the Official Tort Claimants' Committee Pursuant to Sections 328(a), 330, 331, and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain CBRE, Inc. as Real Estate Appraiser, Effective as of December 1, 2020* (the "Application"),[2] the Official Tort Claimants' Committee (the "TCC") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking authorization to employ and retain CBRE, Inc. ("CBRE" or the "Firm"), real estate appraiser for the TCC effective as of December 1, 2020; and upon the Declaration of Thomas Baroch filed in support of the Application; and upon the Declaration of the Committee Chair filed in support of the Application; and the Court being satisfied that the employment of CBRE is necessary and in the best interests of the Debtors' estates, creditors, and parties-in-interest; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing; it is HEREBY ORDERED THAT:

1. The Application is GRANTED, as set forth herein.

2. The TCC is hereby authorized to retain and employ CBRE as its real estate appraiser pursuant to sections 328(a), 330, 331, and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 effective as of December 1, 2020.

3. CBRE shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, including sections 328 and 330 of the Bankruptcy Code, as applicable, the Bankruptcy Rules, and any applicable procedures and orders of this Court. To the contrary notwithstanding, insofar as CBRE is being compensated on a fixed fee basis, there shall be no requirement that CBRE maintain time records related or pertaining to its services hereunder, except if and to the extent that it becomes subject to a subpoena or other discovery request, in which event, to the extent that CBRE will seek to be compensated for its time spent responding to such subpoena or discovery request, it shall maintain time records and shall be entitled to bill by tenths of an hour for such time.

4. Notwithstanding anything to the contrary in the Application, the Retention Agreement, or the Baroch Declaration, and subject to the provisions set forth herein, if the TCC and Debtors agree, prior to CBRE's commencement of the appraisal, that a Real Property is subject to a valid restriction that prevents such Real Property from being used to pay the claims of creditors, the TCC shall not appraise such Real Property.

5. To minimize duplication of services and to the extent not already provided, the TCC shall provide at least three (3) business days' notice to Debtors' counsel, with a copy to counsel to the official committee of unsecured creditors (the "UCC"), regarding the identity of any Real Property it intends to appraise; provided, however, that if the TCC wishes CBRE to appraise any property that the Debtors, with the assistance of their appraisers, have already appraised or are in the process of appraising, then, before commencing any such appraisal, the TCC shall meet and confer with the Debtors (which meet-and-confer shall include the UCC) regarding the need for a second appraisal of such property.

6. The TCC shall share the Real Property appraisals after each appraisal is completed with the Debtors and the UCC, and otherwise in accordance with the terms of the *Order Approving Confidentiality and Protective Order* [D.I. 799] (the "Protective Order"). The Real Property appraisals shall be designated "Confidential" under the terms of the Protective Order but such designation shall not prevent the TCC from filing the Real Property appraisals with the Court in unsealed pleadings or declarations. After the completion of a Real Property Appraisal, the TCC shall share or authorize the Debtors to share a copy of each appraisal with the Local Council that owns the Real Property that has been appraised.

7. With respect to the payment of CBRE's fixed fees for each Appraisal, the standard of judicial review of such compensation shall be pursuant to the standards of section

328(a) of the Bankruptcy Code and no other standard; <u>provided</u>, <u>however</u>, that notwithstanding the foregoing, the U.S. Trustee may review the reasonableness of CBRE's fees requested in the final fee application under section 330 of the Bankruptcy Code. With respect to the payment of any hourly fees and/or expense reimbursements, the standard of judicial review of such compensation and expense reimbursement shall be the standard of section 330 of the Bankruptcy Code.

8. Notwithstanding anything to the contrary in the Application or the Retention Agreement of CBRE, the limitation of liability in Section II.C of the Retention Agreement shall have no force or effect.

9. CBRE is authorized to render professional services to the TCC as described in the Application.

10. The TCC and CBRE are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order and neither the TCC nor CBRE shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.

Dated: December __, 2020

    The Honorable Laurie Selber Silverstein
    United States Bankruptcy Judge

**Dated: December 15th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

4

DOCS_SF:104671.5