**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

Objection Deadline: December 30, 2020 at 4:00 p.m. (ET)
Hearing Date: January 19, 2021 at 10:00 a.m. (ET)

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF ROCK CREEK ADVISORS LLC, AS
PENSION FINANCIAL ADVISORS TO THE OFFICIAL TORT CLAIMANTS'
COMMITTEE EFFECTIVE AS OF NOVEMBER 20, 2020**

The official committee of tort claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee") appointed in the above captioned cases, hereby submits this application (the "Application") for the entry of an order pursuant to Sections 328(a), 330 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment of Rock Creek Advisors LLC ("Rock Creek"), as pension financial advisors to the Tort Claimants' Committee, effective as of November 20, 2020. In support of the relief sought in the Application, the Tort Claimants' Committee submits the Declaration of John L. Spencer III (the "Spencer Declaration") attached hereto as **Exhibit A** and incorporated herein by reference for all purposes. In further support of this Application the Tort Claimants' Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Tort Claimant's Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328(a), 330 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

**Background**

4. On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 Cases (the "Cases") by filing voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5. On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse.

6. On November 20, 2020, the Tort Claimants' Committee selected Rock Creek to serve as its pension financial advisor. A copy of Rock Creek's engagement letter (the "Engagement Letter") is attached hereto as **Exhibit B**. The Tort Claimants' Committee has also selected Pachulski Stang Ziehl & Jones LLP ("PSZ&J") to serve as its counsel, Berkeley Research Group, LLC to serve as its financial advisors and certain other professionals.

**Relief Requested**

7.      By this Application, the Tort Claimants' Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Tort Claimants' Committee to employ and retain Rock Creek as its pension financial advisors in these Cases.

8.      Immediately upon its selection, Rock Creek commenced work on several time-sensitive matters and promptly devoted substantial resources to these Cases pending submission and approval of this Application.  In order to allow Rock Creek to be compensated for work performed prior to and after the submission of this Application, the Tort Claimants' Committee seeks to retain Rock Creek effective as of November 20, 2020.

**Services to be Provided**

9.      The Tort Claimants' Committee desires to retain Rock Creek, at the expense of the Debtors' estates, to render professional services as required by the Tort Claimants' Committee, including, but not limited to, the following:

> Assistance with respect to all aspects of the Boy Scouts of America's pension and Other Post-Employment Benefit ("OPEB") plan issues, including but not limited to: analysis of ERISA controlled group liability issues, analysis of any defined benefit pension plan termination (distress or involuntary), direct or indirect interaction with counter-parties (other creditors, lenders, regulatory entities, etc.) about all pension and OPEB issues, and other pension financial advisory services to the Tort Claimants' Committee as may be necessary in this Case.

In addition to services related to these areas, Rock Creek understands that it may be requested to render other services and to participate in meetings and discussions with the Tort Claimants' Committee, the Debtors and other parties-in-interest and their respective professionals.

10. Rock Creek will coordinate all tasks with counsel to achieve case efficiencies and avoid duplication of efforts.  The Tort Claimants' Committee believes it is necessary to employ Rock Creek as its pension financial advisors to render the foregoing professional services.  In light of Rock Creek's substantial experience and expertise and the complex nature of the Debtors' business and financial affairs, the Tort Claimants' Committee believes that Rock Creek is well qualified to provide advice in these Cases.

11. The Committee is familiar with the professional standing and reputation of Rock Creek and understands and recognizes that Rock Creek's professionals have a wealth of experience in providing financial advisory services in restructurings and reorganizations, and have an excellent reputation for services they have rendered in Chapter 11 cases on behalf of debtors, creditors, trustees, examiners and other parties in interest throughout the United States. Moreover, the Committee is aware that the principal Rock Creek advisors who will be working on this Case have prior experience in other cases with similar complex issues including: UPMC d/b/a University of Pittsburgh Medical Center, and UPMC Altoona f/k/a Altoona Regional Health System v. CBIZ, Inc., CBIZ Benefits & Insurances Services, Inc., and Jon S. Ketzner; the acquisition of St. Dominic's Health System by Franciscan Missionaries of Our Lady Health System; the Chapter 11 proceedings of Westinghouse Electric Company LLC; the Chapter 11 proceedings of Avaya, Inc.; the Chapter 11 proceedings of AMR Corporation f/k/a American Airlines Group.

**Terms of Retention**

12. Rock Creek has advised the Tort Claimants' Committee that it intends to charge its standard hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by Rock Creek.  The professional fees shall be calculated by

multiplying the hours worked by the standard hourly billing rates in effect for specific personnel involved.  The hourly rates charged by Rock Creek for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided.  In the ordinary course of business, Rock Creek periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

13. Rock Creek has advised the Tort Claimants' Committee that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). Rock Creek has also advised the Tort Claimants' Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in these Cases.  Rock Creek's compensation for services rendered on behalf of the Tort Claimants' Committee shall be fixed by the Court after due application.

14. For professional services, fees are based on Rock Creek's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Tort Claimants' Committee.  The current standard hourly rates for Rock Creek personnel that will work on this engagement are as follows:

| Professional | Standard Hourly Rate |
|---|---|
| John L. Spencer III | $950 |
| Timothy P. Peach | $650 |

| James Gansman | $650 |
| Heidi Lipton | $300 |

These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised rates become effective. Rock Creek will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

15. Consistent with Rock Creek's policy with respect to its other clients, Rock Creek will charge for all services provided and for other charges and disbursements incurred in rendering services to the Tort Claimants' Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately.

16. Rock Creek has acknowledged that the Tort Claimants' Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to Rock Creek.

**No Adverse Interest and Disclosure of Connections**

17. To the best of the Tort Claimant's Committee's knowledge and based upon and subject to the disclosures made in the Spencer Declaration, the Tort Claimants' Committee believes that Rock Creek does not hold or represent any interest that is adverse to the Tort Claimants' Committee and the Debtors' estates and does not hold or represent any interest

adverse to and has no connection with the Tort Claimants' Committee, the Debtors, its creditors or any party in interest herein in the matters upon which Rock Creek is to be retained, except as set forth in the Spencer Declaration.  Therefore, to the best of the Tort Claimants' Committee's knowledge, Rock Creek is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

18. The Spencer Declaration, attached as **Exhibit A** to this Application, verifies that neither Rock Creek nor any of its professionals has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Spencer Declaration.

19. The Tort Claimants' Committee submits that its proposed employment of Rock Creek is in the best interests of the Tort Claimants' Committee, the Debtors, and its estates and creditors.

20. Rock Creek may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Cases.  However, those matters do not present a conflict in these Cases.

21. Rock Creek has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtors and these Cases wherein one or more of the firms representing the members of the Tort Claimants' Committee or other parties in interest serve as or will serve as professionals to committee members.

## Notice

22. Notice of this Application has been given to the U.S. Trustee, proposed counsel to the Debtors, and all parties that filed a notice of appearance in these Cases as of the date hereof.  In light of the nature of the relief requested herein, the Tort Claimants' Committee submits that no other or further notice is required.

## **No Prior Request**

23. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Tort Claimants' Committee requests that this Court enter an order in these Cases substantially in the form attached hereto as **Exhibit C** approving the employment of Rock Creek, as pension financial advisors to the Tort Claimants' Committee effective as of November 20, 2020 in these Cases, and granting such other and further relief as is just and proper.

Dated:  December 15, 2020

_____
John Humphrey
In his capacity as Chairperson of the Tort Claimants' Committee