**<u>EXHIBIT A</u>**
**(Declaration of John L. Spencer III)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**DECLARATION OF JOHN L. SPENCER III IN SUPPORT OF APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ROCK CREEK ADVISORS LLC, AS PENSION
FINANCIAL ADVISORS TO THE OFFICIAL TORT CLAIMANTS'
COMMITTEE EFFECTIVE AS OF NOVEMBER 20, 2020**

I, John L. Spencer III declare under penalty of perjury as follows:

1.      I am Managing Director of Rock Creek Advisors LLC ("Rock Creek").

My business address is Rock Creek Advisors LLC, 555 Fifth Avenue, 14th Floor, New York, NY

10017.   I am authorized to submit this declaration (the "Declaration") in support of *Application*

*of the Tort Claimants' Committee for Entry of an Order, Pursuant to 11 U.S.C. §§ 328 and 1103,*

*and Fed. R. Bankr. P. 2014, Authorizing and Approving the Employment and Retention of Rock*

*Creek Advisors LLC as Pension Financial Advisors to the Tort Claimants' Committee Effective*

*as of November 20, 2020* (the "Application").[2]

2.      Neither I, Rock Creek, nor any member or associate thereof, insofar as I

have been able to ascertain, has any connection with the Tort Claimants' Committee, the

Debtors, their creditors or any other parties in interest herein, their respective attorneys and

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

3.      Rock Creek has made the following investigation of disinterestedness prior to submitting this Declaration.  Rock Creek has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters.  Rock Creek requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through Rock Creek's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of Rock Creek, under my supervision, entered the names of the Debtors, the creditors of the Debtors as disclosed by it in filings with the Court, counsel to the creditors of the Debtors as disclosed by the Debtors in Court filings, and the U.S. Trustee through Rock Creek's database.

4.      Based on the results of Rock Creek's search of its database, it appears that Rock Creek does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtors herein, its creditors, the Tort Claimants' Committee, the U.S. Trustee or any party in interest herein in the matters upon which Rock Creek is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

5.      Rock Creek and certain of its members and associates represented, represent and, in the future, may represent creditors of the Debtors or other parties in interest in connection with matters unrelated to the Debtors and these Cases.  At this time, Rock Creek is

not aware of any such representations except as noted in Exhibit 1.  If Rock Creek identifies any further such representations, Rock Creek shall make further disclosures as may be appropriate at that time.

6.      Rock Creek has represented, may represent, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtors and these Cases wherein one or more of the law firms representing the members of the Tort Claimants' Committee or other parties in interest serve as or will serve as professionals to members of those committees.

7.      Rock Creek believes that it is qualified to represent the Tort Claimants' Committee in light of its extensive experience in chapter 11 cases and, in particular, with regard to the expertise of John L. Spencer III, Timothy P. Peach, James Gansman and their support staff, in similar complex issues including: UPMC d/b/a University of Pittsburgh Medical Center, and UPMC Altoona f/k/a Altoona Regional Health System v. CBIZ, Inc., CBIZ Benefits & Insurances Services, Inc., and Jon S. Ketzner; the acquisition of St. Dominic's Health System by Franciscan Missionaries of Our Lady Health System; the Chapter 11 proceedings of Westinghouse Electric Company LLC; the Chapter 11 proceedings of Avaya, Inc.; the Chapter 11 proceedings of AMR Corporation f/k/a American Airlines Group.

8.      Based on the foregoing, Rock Creek believes that it can represent the Tort Claimants' Committee in all of the matters for which the Tort Claimants' Committee seeks to retain the Firm.

9.      Rock Creek is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Rock Creek, its partners, of counsel and associates:

a)      are not creditors, equity security holders or insiders of the Debtors;

b)      are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors;

c)      are not and were not, within three (3) years before the Petition Date, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors; and

d)      do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

10.      Rock Creek has not received any retainer from the Debtors, the Tort Claimants' Committee, or any member of the Tort Claimants' Committee, nor has Rock Creek received any payment or promise of payment, during the one-year period prior to the Petition Date other than as disclosed herein.  No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these Cases.  No promises have been received by Rock Creek or by any partners, of counsel or associate thereof as to compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code.  Rock Creek has no agreement with any other entity to share with such entity any compensation received by Rock Creek in connection with these Cases, except among the partners, of counsel, and associates of Rock Creek.  Neither the Tort Claimants' Committee nor any of its representatives are or will be liable for fees or costs incurred by Rock Creek in its representation of the Tort Claimants' Committee.

## **Terms of Retention**

11.      Rock Creek has advised the Tort Claimants' Committee that it intends to charge its standard hourly rates for professional services rendered, plus reimbursement of actual

and necessary expenses incurred by Rock Creek.  The professional fees shall be calculated by multiplying the hours worked by the standard hourly billing rates in effect for specific personnel involved.  The hourly rates charged by Rock Creek for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided.  In the ordinary course of business, Rock Creek periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

12.     Rock Creek has advised the Tort Claimants' Committee that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). Rock Creek has also advised the Tort Claimants' Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in these Cases.  Rock Creek's compensation for services rendered on behalf of the Tort Claimants' Committee shall be fixed by the Court after due application.

13.     For professional services, fees are based on Rock Creek's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Tort Claimants' Committee.  The current standard hourly rates for Rock Creek personnel that will work on this engagement are as follows:

| Professional | Our Standard Hourly Rates |
|---|---|
| John L. Spencer III | $950 |
| Timothy P. Peach | $650 |
| James Gansman | $650 |
| Heidi Lipton | $300 |

These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised rates become effective. Rock Creek will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

14.    Consistent with Rock Creek's policy with respect to its other clients, Rock Creek will charge for all services provided and for other charges and disbursements incurred in rendering services to the Tort Claimants' Committee.  These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately.

15.    Rock Creek has acknowledged that the Tort Claimants' Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to Rock Creek.

16.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to Rock

Creek on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Rock Creek.

17.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  __December 15__, 2020

*/s/ John L. Spencer III*
_____
John L. Spencer III, Managing Director
Rock Creek Advisors LLC

**EXHIBIT 1**
**(Representations)**

1.  I, John L. Spencer III was a Managing Director in the Insurance and Risk Advisory Services business unit of Alvarez & Marsal North America, LLC (A&M) until November 2018. Since then I have been a Senior Advisor (effectively an independent contractor) to A&M. I provide services through A&M on a single matter, UPMC d/b/a University of Pittsburgh Medical Center, and UPMC Altoona f/k/a Altoona Regional Health System v. CBIZ, Inc., CBIZ Benefits & Insurances Services, Inc., and Jon S. Ketzner.