## Exhibit A

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>RE: D.I. 1201, 1202, 1203, 1207, 1208, 1209, 1210, 1226, 1265, 1294, 1322, 1335, 1336, 1337, 1581. |

## THIRD OMNIBUS ORDER GRANTING INTERIM ALLOWANCE OF FEES AND EXPENSES FOR CERTAIN PROFESSIONALS

These matters come to be heard, in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (D.I. 341) (the "Interim Compensation Procedures Order"),[2] on the Interim Fee Applications filed by the Professionals identified on **Exhibits A, B, and C** hereto for the periods set forth on such exhibit; and this Court having determined that proper and adequate notice of these matters has been given and that no other or further notice is necessary; and the requested compensation for the services detailed in the applicable Interim Fee Applications being for reasonable and necessary services rendered by the applicable Professionals; the reimbursements for expenses detailed in the Interim Fee Applications representing actual and necessary expenses incurred by the applicable Professionals in connection with these cases; the legal and factual bases set forth in the Interim Fee Applications having established just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Compensation Procedures Order.

**IT IS HEREBY ORDERED THAT:**

1. Interim compensation and reimbursement of expenses for the Professionals are hereby allowed as set forth in this Order, including **Exhibits A, B, and C** attached hereto.

2. Unless otherwise ordered by the Court or agreed by the applicant, the entry of this Order is without prejudice to the right of the Professionals at a future hearing to request the allowance and payment of compensation and/or expenses in amounts in excess of those allowed pursuant to the first decretal paragraph of this Order for the periods covered by the Interim Fee Applications for allowance and payment of compensation and expenses considered at the Hearing.

3. The Debtors are authorized and directed to promptly disburse to each Professional payment in the amount of the difference between (a) 100% of the total fees and expenses allowed herein for such Professional as set forth in Column (9) on **Exhibits A, B, and C** attached hereto and (b) the actual payments received by such Professional for the period covered herein, subject to final allowance by the Court pursuant to the terms of the Interim Compensation Procedures Order.

4. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

6. This Order shall be effective immediately upon entry.

Dated: _____, 2020
Wilmington, Delaware

THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

## DEBTORS' PROFESSIONALS

| (1) Applicant | (2) Interim Period | (3) Total Fees Requested for the Interim Period | (4)[3] Amount of Fees Requested in Monthly Applications (80%) | (5) Amount of Holdback Fees Requested (20%) | (6) Total Expenses Requested for the Interim Period (100%) | (7) Total Amount Requested for the Interim Period (Fees and Expenses) | (8) Total Amount Disallowed or Waived for the Interim Period | (9) Total Amount Authorized for the Interim Period | (10) Total Amount Requested in Cases (Fees and Expenses) thru the Interim Period | (11) Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
|---|---|---|---|---|---|---|---|---|---|---|
| Alvarez & Marsal North America, LLC | 5/1/20-7/31/20 | $979,723.27[4] | $783,778.62 | $195,944.65 | $638.56 | $980,361.83 | $35,966.07[5] | $944,395.76 | $2,949,881.50 | $2,913,915.43 |
| Bates White, LLC | 5/1/20-7/31/20 | $44,788.00 | $35,830.40 | $8,957.60 | $0.00 | $44,788.00 | $6,188.00[6] | $38,600.00 | $294,807.00 | $288,619.00 |
| Haynes and Boone, LLP | 5/1/20-7/31/20 | $477,056.00 | $381,644.80 | $95,411.20 | $1,096.00 | $478,152.00 | $15,828.50[7] | $462,323.50 | $789,878.14 | $774,049.64 |
| KCIC, LLC | 5/1/20-7/31/20 | $9,764.50 | $7,811.60 | $1,952.90 | $0.00 | $9,764.50 | $0.00 | $9,764.50 | $20,880.50 | $20,880.50 |
| Morris, Nichols, Arsht & Tunnell LLC | 5/1/20-7/31/20 | $308,202.50 | $246,562.00 | $61,640.50 | $15,587.24 | $323,789.74 | $27,276.29[8] | $296,513.45 | $860,615.51 | $833,339.22 |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | 5/1/20-7/31/20 | $398,802.75 | $319,042.20 | $79,760.55 | $790.19 | $399,592.94 | $29,255.00[9] | $370,337.94 | $940,718.22 | $911,463.22 |
| Sidley Austin LLP | 5/1/20-7/31/20 | $4,094,602.50[10] | $3,275,682.00 | $818,920.50 | $60,904.93 | $4,155,507.43 | $169,977.40[11] | $3,985,530.03 | $8,406,246.69 | $8,236,269.29 |
| **SUB TOTALS** | | **$6,312,939.52** | **$5,050,351.62** | **$1,262,587.90** | **$79,016.92** | **$6,391,956.44** | **$284,491.26** | **$6,107,465.18** | **$14,263,027.56** | **$13,978,536.30** |

---

[3] Please note that the listing in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications and is not intended to and should not be construed as a finding by the Court or admission by the Applicant that such amounts were actually paid by the Debtors.

[4] A&M agreed to a voluntary reduction of fees in the amount of $47,146.73 (89.4 hours) as per D.I. 1059 and $16,982.50 (30.2 hours) as per D.I. 1191. The amount reflected herein includes these reductions.

[5] Total amount reduced per Fee Examiner's Final Fee Report (D.I. 1838), of $35,685.77 in fees and $280.30 in expenses.

[6] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1831).

[7] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1821).

[8] Total amount reduced per Fee Examiner's Final Fee Report (D.I. 1822), of $18,594.50 in fees and $16.79 in expenses. It also includes a voluntary reduction of $8,665 in fees pursuant to an agreement with the Debtor.

[9] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1823).

[10] Sidley agreed to a voluntary reduction of $35,000 pursuant to an agreement with the Debtor. The amount reflected herein includes this reduction.

[11] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1825).

**Exhibit B**

| (1) Applicant | (2) Interim Period | (3) Total Fees Requested for the Interim Period | (4)[12] Amount of Fees Requested in Monthly Applications (80%) | (5) Amount of Holdback Fees Requested (20%) | (6) Total Expenses Requested for the Interim Period (100%) | (7) Total Amount Requested for the Interim Period (Fees and Expenses) | (8) Total Amount Disallowed or Waived for the Interim Period | (9) Total Amount Authorized for the Interim Period | (10) Total Amount Requested in Cases (Fees and Expenses) thru the Interim Period | (11) Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
|---|---|---|---|---|---|---|---|---|---|---|
| **TORT COMMITTEE'S COUNSEL** | | | | | | | | | | |
| Pachulski Stang Ziehl & Jones LLP | 5/1/20-7/31/20 | $1,813,921.50 | $1,451,137.20 | $362,784.30 | $15,945.14 | $1,829,866.64 | $40,498.70[13] | $1,789,367.94 | $3,259,905.46 | $3,217,406.76 |
| Berkeley Research Group, LLC | 3/6/20-4/30/20 | $672,010.00 | $537,608.00 | $134,402.00 | $513.74 | $672,523.74 | $4,682.50[14] | $667,841.24 | $672,523.74 | $667,841.24 |
| **SUB TOTALS** | | $2,485,931.50 | $1,988,745.20 | $497,186.30 | $16,458.88 | $2,502,390.38 | $45,181.20 | $2,457,209.18 | $3,932,429.20 | $3,885,248.00 |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS** | | | | | | | | | | |
| AlixPartners, LLP | 5/1/20-7/31/20 | $833,082.50 | $666,466.00 | $166,616.50 | $0.00 | $833,082.50 | $34,528.70[15] | $798,553.80 | $1,760,112.00 | $1,725,583.30 |
| Kramer Levin Naftalis & Frankel LLP | 5/1/20-7/31/20 | $1,326,910.50 | $1,061,528.40 | $265,382.10 | $24,484.20 | $1,351,394.70 | $40,077.99[16] | $1,311,316.71 | $2,461,115.74 | $2,421,037.75 |
| Reed Smith LLP | 5/1/20-7/31/20 | $80,396.50[17] | $64,317.20 | $16,079.30 | $2,241.60 | $82,638.10 | $2,071.00[18] | $80,567.10 | $179,847.60 | $177,776.60 |
| **SUB TOTALS** | | $2,240,389.50 | $1,792,311.60 | $448,077.90 | $26,725.80 | $2,267,115.30 | $76,677.69 | $2,190,437.61 | $4,401,075.34 | $4,324,397.65 |

---

[12] Please note that the listing in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications and is not intended to and should not be construed as a finding by the Court or admission by the Applicant that such amounts were actually paid by the Debtor.

[13] Total amount reduced per Fee Examiner's Final Fee Report (D.I. 1837), of $40,000.00 in fees and $498.70 in expenses.

[14] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1830).

[15] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1819).

[16] Total amount reduced per Fee Examiner's Final Fee Report (D.I. 1839), of $39,270.50 in fees and $807.49 in expenses.

[17] Reed Smith LLP has voluntarily reduced the amount of compensation sought as actual by $8,526.00 (D.I. 1135) and by $4,378.50 (D.I. 1213). The amount reflected herein includes these reductions.

[18] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1824).

2

## Exhibit C

### FUTURE CLAIMANT'S REPRESENTATIVE

| (1) Applicant | (2) Interim Period | (3) Total Fees Requested for the Interim Period | (4)[19] Amount of Fees Requested in Monthly Applications (80%) | (5) Amount of Holdback Fees Requested (20%) | (6) Total Expenses Requested for the Interim Period (100%) | (7) Total Amount Requested for the Interim Period (Fees and Expenses) | (8) Total Amount Disallowed or Waived for the Interim Period | (9) Total Amount Authorized for the Interim Period | (10) Total Amount Requested in Cases (Fees and Expenses) thru the Interim Period | (11) Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
|---|---|---|---|---|---|---|---|---|---|---|
| Ankura Consulting Group, LLC | 4/27/20-7/31/20 | $11,204.50 | $8,963.60 | $2,240.90 | $0.00 | $11,204.50 | $0.00 | $11,204.50 | $11,204.50 | $11,204.50 |
| Gilbert, LLP | 3/19/20-7/31/20 | $138,906.50 | $111,125.20 | $27,781.30 | $3,253.85 | $142,160.35 | $5,542.50[20] | $136,617.85 | $142,160.35 | $136,617.85 |
| James L. Patton, Jr. | 5/1/20-7/31/20 | $26,320.00 | $21,056.00 | $5,264.00 | $0.00 | $26,320.00 | $0.00 | $26,320.00 | $46,200.00 | $46,200.00 |
| Young Conaway Stargatt & Taylor, LLP | 5/1/20-7/31/20 | $246,758.00 | $197,406.40 | $49,351.60 | $4,997.22 | $251,755.22 | $9,464.75[21] | $242,290.47 | $439,759.39 | $422,294.64 |
| SUB TOTALS | | $423,189.00 | $338,551.20 | $84,637.80 | $8,251.07 | $431,440.07 | $15,007.25 | $416,432.82 | $639,324.24 | $616,316.99 |
| GRAND TOTAL | | $11,462,449.52 | $9,169,959.62 | $2,292,489.90 | $130,452.67 | $11,592,902.19 | $421,357.40 | $11,171,544.79 | $23,235,856.34 | $22,804,498.94 |

---

[19] Please note that the listing in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications and is not intended to and should not be construed as a finding by the Court or admission by the Applicant that such amounts were actually paid by the Debtor

[20] Total fee amount reduced per Fee Examiner's Final Fee Report (D.I. 1820).

[21] Total amount reduced per Fee Examiner's Final Fee Report (D.I. 1829), of $7,323.00 in fees and $2,141.75 in expenses.

3