## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_\_\_** |

**ORDER (I) APPROVING GORDON SETTLEMENT AGREEMENT AND
(II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO
PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 362 and 363 of the Bankruptcy Code and Rule 9019, (i) approving that certain settlement agreement by and between the BSA and the Glacier's Edge Council, Inc., Boy Scouts of America ("Glacier's Edge" and, together with the BSA, "Potential Defendants"), on the one hand, pre-litigation claimant Nichole Erickson, individually and as mother and next friend of Grace Gordon, deceased minor, and as mother of Mason Gordon, Minor ("Claimant" and, together with the Potential Defendants, the "Parties"), on the other hand, as memorialized in that certain Settlement Agreement attached to the Motion as **Exhibit B**, and (ii) modifying the automatic stay, to the extent necessary, to permit payment of the settlement amount by applicable insurance; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

2012; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and all objections to the Motion, if any, having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement is APPROVED and the Parties to the Settlement Agreement are authorized to take such action as is necessary to effectuate the terms of the Settlement Agreement.

3. To the extent necessary, the automatic stay of 11 U.S.C. § 362(a) is lifted for the Parties to consummate the Settlement Agreement.

4. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry and the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.