IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 19, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**EIGHTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM OCTOBER 1, 2020 THROUGH OCTOBER 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2020 through October 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $666,283.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 19,826.31 |

This is a:      x   monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $ 6,064.88 | $619,406.00[2] | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $ 3,045.94 | $515,736.40 | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $ 3,681.07 | $527,694.80 | $ 3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $ 5,651.98 | $380,703.60 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $ 6,612.09 | $542,738.80 | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $658,721.00 | $31,487.15 | $526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $588,902.00 | $15,777.88 | $471,121.60 | $15,777.88 |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 96.10 | $114,839.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 14.50 | $ 16,602.50 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 1.80 | $ 1,935.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 7.10 | $ 7,632.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 35.10 | $ 37,732.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 8.60 | $ 9,245.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 49.50 | $ 50,737.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,025.00 | 9.60 | $ 10,800.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 6.70 | $ 6,666.50 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 32.30 | $ 32,138.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $ 995.00 | 11.20 | $ 11,144.00 |

---

[2] This amount reflects an agreed upon reduction of $2,000.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 9.10 | $ 8,645.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 17.90 | $ 16,557.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 108.90 | $ 92,565.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 154.20 | $127,215.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 31.90 | $ 26,317.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 18.70 | $ 15,427.50 |
| Gillian N. Brown | Of Counsel 2016; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 17.70 | $ 14,071.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 49.40 | $ 33,345.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $ 650.00 | 8.40 | $ 5,460.00 |
| Haley R. Winograd | Associate 2020; Member of NY Bar since 2018 | $ 625.00 | 9.30 | $ 5,812.50 |
| Leslie A. Forrester | Law Library Director | $ 450.00 | 3.50 | $ 1,575.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 12.70 | $ 5,397.50 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 19.80 | $ 8,415.00 |
| Beth D. Dassa | Paralegal 2007 | $ 425.00 | 0.10 | $ 42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 0.30 | $ 118.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 8.40 | $ 2,940.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 350.00 | 1.40 | $ 490.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 6.90 | $ 2,415.00 |

**Grand Total:** $666,283.50
**Total Hours:** 751.10
**Blended Rate:** $887.08

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 122.50 | $114,228.50 |
| Bankruptcy Litigation | 343.70 | $286,088.50 |
| Case Administration | 21.60 | $   9,475.00 |
| Claims Admin./Objections | 66.90 | $ 58,084.00 |
| Compensation of Professional | 2.60 | $   1,905.00 |
| Compensation of Prof./Others | 1.30 | $      652.50 |
| Financing | 27.10 | $ 27,436.00 |
| General Creditors Comm. | 79.40 | $ 83,379.50 |
| Hearing | 25.50 | $ 25,233.50 |
| Insurance Coverage | 23.40 | $ 23,749.50 |
| Mediation | 21.40 | $ 22,573.00 |
| Plan & Disclosure Statement | 1.30 | $   1,351.50 |
| Retention of Prof/Others | 10.20 | $   8,106.00 |
| Stay litigation | 4.20 | $   4,021.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Auto Travel Expense | Lyft Transportation Service | $       48.88 |
| Bloomberg | | $     150.80 |
| Working Meals | Mr. Broadway; Naya | $       58.33 |
| Conference Call | AT&T Conference Call; CourtCall | $     818.78 |
| Delivery/Courier Expense | Advita | $       20.00 |
| Federal Express | | $ 2,528.22 |
| Legal Research | Lexis/Nexis | $     466.61 |
| Outside Services | MiPro Consulting[4]; Zoom | $13,570.24 |
| Court Research | Pacer | $     233.80 |
| Postage | US Mail | $     305.30 |
| Reproduction Expense | | $     293.70 |
| Reproduction/Scan Copy | | $     757.70 |
| Research | Copies of Articles; Everlaw | $     573.95 |

---

[3]  PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

[4] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database.  PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application.  The invoices of MIPRO, in the total amount of $13,557.50, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, are attached hereto as Exhibit "B".

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  January 19, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

### EIGHTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM OCTOBER 1, 2020 THROUGH OCTOBER 31, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its Eighth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from October 1, 2020 through October 31, 2020 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $666,283.50 and actual and necessary expenses in the amount of $19,826.31 for a total allowance of $686,109.81 and payment of $533,026.80 (80% of the allowed fees) and reimbursement of $19,826.31 (100% of the allowed expenses) for a total payment of $552,853.11 for the period October 1, 2020 through October 31, 2020 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

**<u>Background</u>**

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee, was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  As set forth in its employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.     A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.    PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.    With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.    PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

12.    PSZ&J expenses include its technology consultant MIPRO's pass-through

billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the

Committee's professionals access to a duplicate copy of its PeopleSoft software and database.

PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. Invoices of MIPRO, in the total amount of $13,557.50, are attached as Exhibit 'B'.  PSZ&J has paid those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit "A," and has included payment of the MIPRO invoices as part of its request in this Application for reimbursement of expenses.

### Summary of Services Rendered

13.    The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

14.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

15.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed strategy issues regarding BSA restricted property; (2) reviewed and analyzed documents relating to New York area properties to be appraised; (3) performed work regarding a litigation plan regarding restricted property; (4) reviewed and analyzed documents regarding Minsi Trails Council properties; (5) performed work regarding title search issues relating to Ten Mile River Camp; (6) reviewed and analyzed BSA's production of documents relating to Local Councils; (7) reviewed and analyzed documents regarding the Trexler Scout Reservation; (8) performed legal research regarding challenging the Debtors' claims of restricted assets; (9) reviewed and analyzed documents regarding possible restrictions related to the Covered Wagon Scout Reservation, Little Sioux Scout Ranch, and Durham Scout Center; (10) reviewed and analyzed documents regarding possible restrictions related to Camp Wa-Kon-Da, Baiting Hollow, and the Wakpomina, Bedford, and Rotary Camps; (11) reviewed and analyzed documents regarding possible restrictions related to the Suffolk County Council and Twin Rivers Council;

(12) reviewed and analyzed issues regarding the Sea Base appraisal; (13) reviewed and analyzed a BRG analysis regarding transfer issues; (14) reviewed and analyzed the Alpine property deed and issues regarding litigation between BSA and the Palisades Interstate Park Commission regarding transfer of a portion of the Alpine property; (15) reviewed and analyzed declaratory relief issues; (16) attended to issues regarding the Mid-America Council document production; (17) performed work regarding valuation issues relating to BSA properties, including Greater New York Council property; (18) performed work regarding a restricted gifts analysis; (19) reviewed and analyzed a title report for Ten Mile River Camp; (20) reviewed and analyzed issues regarding the Rule Against Perpetuities; (21) reviewed and analyzed application of transfer restrictions in indenture of Alpine property; (22) reviewed and analyzed tracing issues; (23) drafted a complaint regarding asset restrictions; (24) reviewed and analyzed issues regarding execution of judgment against real property; (25) prepared for and attended a telephonic conference with the Local Council Working Group; and (26) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $114,228.50;    Hours:  122.50

**B.      Bankruptcy Litigation**

17.      This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) performed work regarding reconciliations of document responses from Local Councils, including the Crossroads, New York, Grand Canyon, Mid America, Andrew Jackson, Minsi Trails, and Atlanta Local Councils; (2) performed work regarding lists of missing documents;

(3) performed work regarding a Bankruptcy Rule 2004 motion ("Rule 2004 motion");

(4) performed work regarding an Ad Hoc Local Council Committee document production report for the Local Council Working Group; (5) performed work regarding questions for Ad Hoc Local Council Committee members and for the BSA regarding document production;

(6) prepared for and attended a telephonic conference with representatives of BSA and the Ad Hoc Local Council Committee regarding the Rule 2004 motion; (7) corresponded with representatives of the Atlanta, Mid-America, Crossroads, Andrew Jackson, and Grand Canyon Local Councils regarding document production; (8) reviewed and analyzed the status of supplemental document production by members of the Ad Hoc Local Council Committee;

(9) attended to issues regarding the Rule 2004 motion objection deadline; (10) reviewed and analyzed responses to the Rule 2004 motion and maintained a chart regarding responses to the Rule 2004 motion; (11) performed work regarding a stipulation with BSA and 47 Local Councils relating to the Rule 2004 motion; (12) reviewed and analyzed Local Council requests for extension of the deadline to respond to the Rule 2004 motion; (13) reviewed and analyzed objections to the Rule 2004 motion and performed work regarding a response; (14) performed work regarding a motion for extension of time to reply to oppositions to Rule 2004 examination; (15) reviewed and analyzed an amended Rule 2019 exhibit and a supplemental brief in support of Rule 2019 statement; (16) reviewed and analyzed the Century motion to compel depositions of Kazonoff and Van Arsdale, and reviewed the Kazonoff response; (17) reviewed and analyzed a revised Rule 2004 stipulation and performed work regarding a possible resolution of Rule 2004 disputes; (18) reviewed and analyzed a motion for order permitting filing of proof of claim forms

signed by authorized counsel ("Attorney Signature Motion"), conferred with State Court Counsel regarding such motion, and performed work regarding an objection to the motion;

(19) performed work regarding a motion for leave to file late consolidated reply to objections to Rule 2004 motion; (20) prepared for and attended a meet and confer on October 8, 2020 regarding the Rule 2004 motion; (21) reviewed and analyzed the United States Trustee objections to the e-signature motion and the Attorney Signature Motion and the BSA responses to such motions; (22) performed work regarding Agenda Notices and Hearing Binders;

(23) drafted an Omnibus reply regarding Local Council objections to the Rule 2004 motion, and performed work regarding a supporting declaration; (24) prepared for and attended conference calls with representatives of BSA and the Ad Hoc Local Council Committee regarding Rule 2004 settlement issues; (25) attended to scheduling issues regarding the Rule 2004 motion;

(26) reviewed and analyzed claim information regarding 47 Local Councils subject to the Rule 2004 motion; (27) performed work regarding a resolution of Troop Roster issues relating to the Rule 2004 motion; (28) reviewed the Coalition of Abused Scouts ("Coalition") response to objections to the Attorney Signature Motion; (29) maintained a Rule 2004 motion meet and confer tracking chart regarding Local Councils; (30) prepared for and attended multiple meet and confer conference calls with numerous representatives of Local Councils, and prepared a summary of meet and confer calls; (31) prepared for and attended conference calls with BSA counsel and State Court Counsel regarding an extension of the preliminary injunction;

(32) performed work regarding a Third stipulation to extend the preliminary injunction;

(33) performed work regarding follow-up issues to meet and confer calls, reviewed and analyzed

additional produced documents, and reviewed and analyzed issues regarding additional documents to be produced from Ad Hoc Local Council Committee members; (34) performed work regarding a proposed Coalition mediation order; (35) performed work regarding a complaint relating to asset restriction issues; (36) performed work regarding re-notice of the Rule 2004 motion; and (37) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $286,088.50;    Hours:  343.70

### C.    Case Administration

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) maintained document control; (4) maintained a work-in-progress chart; and (5) corresponded regarding case administration issues.

Fees:  $9,475.00;        Hours:  21.60

### D.    Claims Admin/Objections

19.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed bar date issues; (2) reviewed and responded to creditor inquiries; (3) reviewed and analyzed issues regarding claim amendments and performed work regarding a summary of claim filing issues; (4) reviewed and analyzed issues regarding e-signatures for proof of claims; (5) prepared for and attended telephonic conferences with Omni regarding claims platform and claims processing issues; (6) reviewed and analyzed the Attorney Signature Motion and a motion to allow e-signatures, and performed work regarding responses; (7) prepared for and attended

conference calls with State Court Counsel regarding claim issues; (8) reviewed and analyzed issues regarding joint and several liability of Local Councils and BSA; (9) reviewed and analyzed issues regarding abuse factors; (10) reviewed and analyzed issues regarding the PBGC; (11) performed work regarding a review of claims data; (12) reviewed and analyzed files and correspondence regarding execution of proof of abuse claim forms; (13) performed work regarding normalizing spreadsheets of sex abuse claims data for insurance counsel analysis; (14) reviewed and analyzed statute of limitations issues; (15) reviewed and analyzed Hartford settlement agreements; (16) performed work regarding claim filing verification issues; (17) performed work regarding roster request issues; and (18) corresponded and conferred regarding claim issues.

Fees:  $58,084.00;      Hours:  66.90

### E.       Compensation of Professionals

20.     This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding its August and September 2020 monthly fee applications; (2) performed work regarding a fee chart; and (3) monitored the status and filing of fee applications.

Fees:  $1,905.00;      Hours:  2.60

### F.       Compensation of Professionals--Others

21.     This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding BRG fee applications.

Fees:  $652.50;        Hours:  1.30

**G.     Financing**

22.     This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding a lien challenge deadline and an extension of that deadline; (2) performed work regarding a lien challenge complaint; (3) reviewed and analyzed Directors and Officers insurance policies; (4) performed work regarding a stipulation to extend the lien challenge deadline; (5) attended to issues regarding a mediation conference statement relating to lien challenge issues; and (6) corresponded and conferred regarding financing issues.

Fees:  $27,436.00;     Hours:  27.10

**H.     General Creditors Committee**

23.     This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and participated in telephonic conferences with the Debtors' counsel regarding case issues; (2) prepared for and participated in telephonic conferences with State Court Counsel and with Committee members, including working groups, regarding case issues; (3) reviewed and analyzed issues regarding claims, claims analysis and claims filing; (4) reviewed and analyzed issues regarding a proposed Rule 2004 stipulation; (5) reviewed and analyzed issues regarding appraisals; (6) reviewed and analyzed issues regarding campgrounds; (7) reviewed and analyzed issues regarding discovery; (8) reviewed and analyzed Plan and exclusivity issues; (9) reviewed and analyzed issues regarding mediation and mediation positions; (10) reviewed and analyzed issues regarding the Coalition; (11) reviewed and analyzed issues regarding a preliminary injunction; (12) reviewed

and analyzed issues regarding insurance and claim valuation; (13) reviewed and analyzed issues regarding asset analysis; (14) reviewed and analyzed issues regarding Coalition roster requests; and (15) corresponded and conferred regarding general creditors committee issues.

Fees:  $83,379.50;     Hours:  79.40

**I.     Hearings**

24.     This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, prepared for and attended hearings on October 14 and 16, 2020.

Fees:  $25,233.50;     Hours:  25.50

**J.     Insurance Coverage**

25.     This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding an additional insured data chart; (2) reviewed and analyzed coverage letters; (3) prepared for and attended teleconferences with members of the insurance subgroup; (4) reviewed and analyzed issues regarding the continuous trigger theory; (5) reviewed and analyzed mediation issues regarding AIS; (6) prepared for and attended a conference call with representatives of BSA regarding insurance issues; (7) reviewed and analyzed issues regarding extended reporting period endorsements; (8) reviewed and analyzed settlements with Hartford; (9) reviewed and analyzed Old Republic and letter of credit issues; and (10) corresponded and conferred regarding insurance issues.

Fees:  $23,749.50;     Hours:  23.40

**K.    Mediation**

26.    This category relates to mediation issues.  During the Interim Period, the

Firm, among other things:  (1) prepared for and attended mediation calls with mediators and

Committee members on October 8, 15, 23 and 29, 2020, and performed work regarding meeting

summaries; (2) reviewed and analyzed issues regarding a mediators' court statement;

(3) reviewed and analyzed pleadings filed by mediators to add additional mediation parties and

performed work regarding a response; (4) reviewed and analyzed issues regarding mediation

briefs; and (5) corresponded and conferred regarding mediation issues.

Fees:  $22,573.00;     Hours:  21.40

**L.    Plan and Disclosure Statement**

27.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things, reviewed

and analyzed an exclusivity extension motion, and conferred and corresponded regarding Plan

and Disclosure Statement issues.

Fees:  $1,351.50;     Hours:  1.30

**M.    Retention of Professionals--Others**

28.    This category relates to the retention of professionals, other than the Firm.

During the Interim Period, the Firm, among other things:  (1) performed work regarding the

Keen-Summit retention application and order; (2) reviewed and analyzed the White & Case

retention application; and (3) corresponded and conferred regarding retention issues.

Fees:  $8,106.00;     Hours:  10.20

**N.    Stay Litigation**

29.    This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) performed work regarding re-noticing the motion to enforce stay against the Middle Tennessee Local Council and performed work regarding a resolution of such motion; (2) reviewed and analyzed the Pai relief from stay motion; (3) reviewed and analyzed hearing transcripts; and (4) corresponded and conferred regarding stay litigation issues.

Fees:  $4,021.00;        Hours:  4.20

**Valuation of Services**

30.    Attorneys and paraprofessionals of PSZ&J expended a total 751.10 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 96.10 | $114,839.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 14.50 | $ 16,602.50 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 1.80 | $ 1,935.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 7.10 | $ 7,632.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 35.10 | $ 37,732.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 8.60 | $ 9,245.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 49.50 | $ 50,737.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,025.00 | 9.60 | $  10,800.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 6.70 | $    6,666.50 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $   995.00 | 32.30 | $  32,138.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $   995.00 | 11.20 | $  11,144.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $   950.00 | 9.10 | $    8,645.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 17.90 | $  16,557.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $   850.00 | 108.90 | $  92,565.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 | 154.20 | $127,215.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 31.90 | $  26,317.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $   825.00 | 18.70 | $  15,427.50 |
| Gillian N. Brown | Of Counsel 2016; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $   795.00 | 17.70 | $  14,071.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $   675.00 | 49.40 | $  33,345.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $   650.00 | 8.40 | $    5,460.00 |
| Haley R. Winograd | Associate 2020; Member of NY Bar since 2018 | $   625.00 | 9.30 | $    5,812.50 |
| Leslie A. Forrester | Law Library Director | $   450.00 | 3.50 | $    1,575.00 |
| Patricia J. Jeffries | Paralegal 1999 | $   425.00 | 12.70 | $    5,397.50 |
| Karina K. Yee | Paralegal 2000 | $   425.00 | 19.80 | $    8,415.00 |
| Beth D. Dassa | Paralegal 2007 | $   425.00 | 0.10 | $        42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $   395.00 | 0.30 | $       118.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 8.40 | $ 2,940.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 350.00 | 1.40 | $ 490.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 6.90 | $ 2,415.00 |

**Grand Total:**    **$666,283.50**
**Total Hours:**    **751.10**
**Blended Rate:**    **$887.08**

31.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $666,283.50.

32.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of October 1, 2020 through October 31, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $666,283.50 and actual and necessary expenses in the amount of $19,826.31 for a total allowance of $686,109.81 and payment of

$533,026.80 (80% of the allowed fees) and reimbursement of $19,826.31 (100% of the allowed

expenses) be authorized for a total payment of $552,853.11; and for such other and further relief

as this Court deems proper.

Dated:  January 4, 2021                    PACHULSKI STANG ZIEHL & JONES LLP


                                    /s/ James E. O'Neill
                                   James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
Ilan W. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: jstang@pszjlaw.com
       rorgel@pszjlaw.com
       joneil@pszjlaw.com
       jlucas @psjlaw.com
       ischarf@pszjlaw.com

Counsel to the Tort Claimants Committee

## **DECLARATION**

STATE OF DELAWARE          :
                                                      :
COUNTY OF NEW CASTLE  :

      James E. O'Neill, after being duly sworn according to law, deposes and says:

      a)     I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

      b)     I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

      c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.


                                    /s/ James E. O'Neill
                                       James E. O'Neill