**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 1084** |

**CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER
APPROVING STIPULATION RESOLVING MOTION OF OFFICIAL
COMMITTEE OF TORT CLAIMANTS ENFORCING AUTOMATIC STAY
UNDER 11 U.S.C. §§ 362(A)(3) AND 541(A) AGAINST MIDDLE TENNESSEE
COUNCIL ARISING FROM TRANSFERS OF PROPERTY OF THE ESTATE**

The undersigned counsel to the Boy Scouts of America (the "BSA"), the non-profit corporation that is, along with its affiliate Delaware BSA, LLC, a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtors") hereby certifies as follows:

1.      On June 12, 2020, Middle Tennessee Council, Inc., Boy Scouts of America ("MTC"), executed that certain irrevocable trust agreement (the "Agreement") so as to create a properties trust (the "Properties Trust"), which is a Tennessee Investment Services Trust as defined in Tenn. Code Annot. § 35-16-102(7) of the Tennessee Investment Services Act of 2007.

2.      After formation of the Properties Trust, MTC transferred certain parcels of real property and certain restricted funds to the Properties Trust.

3.      Subsequently, as a condition to the extension of the Termination Date of the Standstill Period under the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. No. 20-50527 (LSS) [Adv. Docket No. 54] (the "Consent

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

Order"), as modified by the *Second Stipulation and Agreed Order by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*, Adv. Case No. 20-50527 (LSS) [Adv. Docket No. 77] (the "Second Stipulation and Agreed Order"), the BSA, the official committee of tort claimants (the "Tort Claimants' Committee"), the official committee of unsecured creditors (the "Creditors' Committee"), and the Ad Hoc Committee of Local Councils of the Boy Scouts of America agreed on the terms of certain local council reporting with respect to the marketing, sale, transfer, encumbrance or lease of local council real property and the sale or transfer of certain local council personal property outside the ordinary course of business (the "Preliminary Injunction Reporting Protocol"), the terms of which are set forth on the form of Acknowledgment and Agreement appended to the Second Stipulation and Agreed Order as Exhibit 4 (the "Acknowledgment and Agreement").

4.      On July 6, 2020, MTC agreed to be bound by the Preliminary Injunction Reporting Protocol by executing on the Acknowledgment and Agreement.

5.      On July 7, 2020, the Tort Claimants' Committee sent a letter (the "July 7 Demand Letter") to the Debtors requesting that they take certain actions with respect to particular assets that certain local councils were contemplating selling or transferring in the ordinary course of business. The July 7 Demand Letter did not address MTC or the Properties Trust.

6.      On July 10, 2020, the Tort Claimants' Committee sent a letter to MTC requesting that MTC cease and desist from any planned transfer to the Properties Trust in violation of the automatic stay.

7.      On July 13, 2020, the BSA sent a letter to the Tort Claimants' Committee in response (the "Responsive Letter") to the July 7 Demand Letter stating, among other things, that it was aware of the MTC Demand Letter and was in the initial stages of investigating the allegations therein.

8.      On July 30, 2020, the BSA sent an update to the Responsive Letter describing the initial results of its ongoing investigation of the Properties Trust based on its discussions with counsel for MTC regarding the Properties Trust.  Among other things, BSA advised the Tort Claimants' Committee that "MTC does not take the position that any contingent interest of BSA in MTC's property was extinguished by the transfer of property to the Properties Trust."

9.      On August 7, 2020, the Tort Claimants' Committee filed the *Motion of Official Committee of Tort Claimants Enforcing Automatic Stay Under 11 U.S.C. §§ 362(A)(3) and 541(A) Against Middle Tennessee Council Arising From Transfers of Property of the Estate* [Docket No. 1084] (the "Stay Enforcement Motion").[2]

10.     Following the filing of the Stay Enforcement Motion, the BSA, the Tort Claimants' Committee, the Creditors' Committee, and MTC (collectively, the "Parties") engaged in mediated discussions regarding the Stay Enforcement Motion.  Based on these, and other, discussions, an Amendment to the Properties Trust (the "Amendment") was executed and recorded with the Register of Deeds in certain Tennessee counties.

11.     To resolve the Stay Enforcement Motion, the Parties have entered into the *Stipulation Resolving Motion of the Official Committee of Tort Claimants Enforcing Automatic Stay under 11 U.S.C. §§ 362(a)(3) and 541(a) Against Middle Tennessee Council Arising from Transfers of Property of the Estate* (the "Stipulation"), attached as Exhibit 1 to the proposed form of order (the "Proposed Order").  The Court's entry of an order approving the Stipulation is a condition to the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stay Enforcement Motion.

Tort Claimants' Committee's withdrawal of the Stay Enforcement Motion. A copy of the Proposed Order is attached hereto as **Exhibit A**.

12. A copy of the Agreement, as amended by the Amendment, is attached to the Stipulation as Exhibit A.

13. The Parties have all reviewed and signed the Stipulation, and do not object to entry of the Proposed Order.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A** at its earliest convenience.

*[Remainder of Page Intentionally Left Blank]*

Dated:  January 11, 2021
        Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Eric W. Moats*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
          aremming@mnat.com
          emoats@mnat.com
          ptopper@mnat.com

– and –

**WHITE & CASE LLP**
Jessica C. K. Boelter (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.boelter@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
          mlinder@whitecase.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION