# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 26, 2021 at 4:00 p.m. (ET)** |

## SUMMARY COVER SHEET OF COMBINED SECOND INTERIM AND FINAL FEE APPLICATION OF HOTEL & LEISURE ADVISORS, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR APPRAISAL SERVICES RENDERED

| | |
|---|---|
| Name of Applicant: | Hotel & Leisure Advisors, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | June 18, 2020 (order entered July 8, 2020) |
| Period for Which Compensation and Reimbursement Are Requested: | June 18, 2020 – November 13, 2020 |
| Amount of Compensation Requested: | $88,000[2] |
| Amount of Expense Reimbursement Requested: | $11,301 |

This is a(n):    monthly __    interim X    final application X

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] This amounts to 100% of the total appraisal fee set forth in the engagement letters between H&LA and the Debtors. Retainers and payments totaling $66,000 were previously paid to H&LA, which will be applied against the amount sought in this Application.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Objection Deadline: January 26, 2021 at 4:00 p.m. (ET) |

**COMBINED SECOND INTERIM AND FINAL FEE APPLICATION OF HOTEL & LEISURE ADVISORS, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR APPRAISAL SERVICES RENDERED**

Hotel & Leisure Advisors, LLC ("H&LA"), appraiser for the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submits this combined first monthly and interim application (this "Application") for entry of an for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) granting final approval and allowance of compensation for professional services rendered by H&LA during the period from June 18, 2020 to and including November 13, 2020 (the "Fee Period") in the aggregate amount of $88,000, (b) authorizing reimbursement of 100% of the actual and necessary expenses incurred by H&LA during the Fee Period in connection with such services in the amount of $11,301, and (c) authorizing the Debtors to pay to H&LA all of the foregoing amounts, less any amounts previously paid to H&LA on account of such fees. In support of this Application, H&LA respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested herein are sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Compensation Procedures Order").

## BACKGROUND

3. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4. On March 5, 2020, the United States Trustee for the District of Delaware appointed an official committee of tort claimants and an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5. On April 24, 2020, the Court appointed James L. Patton, Jr. as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

6. The Court has authorized the Debtors to retain and employ H&LA as one of their appraisers, *nunc pro tunc* to June 18, 2020, pursuant to the *Order Authorizing the Retention and Employment of Appraisers for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to June 18, 2020* [Docket No. 984] (the "Retention Order"). Pursuant to the terms of the Retention Order, on April 31, 2020, the Debtors filed a *Notice of Appraiser H&LA's (I) Revised Engagement Letter for Summit Bechtel Reserve and (II) New Engagement Letter for Philmont Scout Ranch* [Docket No. 1204], providing for an expanded scope of appraisal services at the Summit Bechtel Reserve property and for appraisal services by H&LA at the Philmont Scout Ranch property (together, the "Revised Engagement Letters"). The Retention Order authorizes the Debtors to compensate and reimburse H&LA in accordance with the terms and conditions set forth in the Debtors' omnibus application to retain appraisers [Docket No. 868] (the "Omnibus Application")[2] and the Revised Engagement Letters, subject to H&LA's application to the Court.

7. The Retention Order and Revised Engagement Letters authorize H&LA to be paid (i) a flat fee of $38,000.00 for the expanded appraisal services for Summit Bechtel Reserve and a flat fee of $50,000 for appraisal services for Philmont Scout Ranch, (ii) normal and customary travel and other reimbursable expenses up to $3,500 for Summit Bechtel Reserve and $8,000 for Philmont Scout Ranch, and (iii) an hourly fee of $450 for any required testimony and $350 for any associated travel time with respect to such properties, as set forth in H&LA's Revised Engagement Letters. Under the terms of the Retention Order and the Revised Engagement Letters, H&LA is

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Omnibus Application.

3

entitled to receive the remaining 25% of the appraisal project fees upon the issuance of H&LA's final draft reports, for a total award of 100% of the project fees.

8.      On April 6, 2020, the Court entered the Compensation Procedures Order. The Compensation Procedures Order provides, among other things, that each professional shall be entitled to file monthly and interim fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

9.      On September 18, 2020, the Court entered the *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals* [Docket No. 1342] (the "Fee Examiner Order"). A copy of this Application will be served on the fee examiner.

## RELIEF REQUESTED

10.     By this Application, in accordance with the Compensation Procedures Order, H&LA requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting final approval and allowance of compensation for professional services rendered by H&LA during the Fee Period in the aggregate amount of $88,000, (b) granting reimbursement of actual and necessary of expenses incurred by H&LA during the Fee Period in the amount of $11,301, and (c) authorizing the Debtors to pay to H&LA all of the foregoing amount, less any amounts previously paid to H&LA on account of such fees.

## SUMMARY OF SERVICES RENDERED

11.     Attached hereto as **Exhibits B** and **C** are invoices and summaries of the fees earned by H&LA during the Fee Period for Summit Bechtel Reserve and Philmont Scout Ranch, respectively, as outlined in the H&LA Revised Engagement Letters. All services for which H&LA is requesting compensation were performed for or on behalf of the Debtors.

4

12. During the Fee Period, H&LA performed the appraisal services for the Debtors described in the Revised Engagement Letters with respect to Summit Bechtel Reserve and the Philmont Scout Ranch. These services included, among other things, completion of the appraisal reports incorporating the following: (i) a highest and best use analysis; (ii) physical viewing, inspection, and measurement of structures on Summit Bechtel Reserve and the Philmont Scout Ranch, observation of the condition of improvements, characterization of land use, and consideration of other conditions of the properties that may impact market values; (iii) consideration of the number, type, sizes, uses, and conditions of structures on Summit Bechtel Reserve and the Philmont Scout Ranch; (iv) research and consideration of rights restrictions and zoning restrictions on Summit Bechtel Reserve and the Philmont Scout Ranch; and (v) consideration of other requirements and restrictions, if any, specific to Summit Bechtel Reserve and the Philmont Scout Ranch, including ordinance requirements, marinas draft depth and access channels, property composition, comparable sales data, water rights, property damage, and mineral rights.[3]

## ACTUAL AND NECESSARY EXPENSES

13. Attached as **Exhibits D** and **E** are statements of H&LA's out-of-pocket expenses incurred during the Fee Period for Summit Bechtel Reserve in the amount of $3,301 and for Philmont Scout Ranch in the amount of $8,000,[4] totaling $11,301 in the aggregate. These expenses include, but are not limited to, appraisal licenses and various travel expenses.

---

[3] H&LA reserves the right to submit one or more supplemental fee applications to the Court for allowance of any fees earned and expenses incurred with respect to the Fee Period after the date hereof, including hourly fees for any testimony or other work outside the scope of the appraisal report. Subsequent fee applications will be filed in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Procedures Order.

[4] As shown on **Exhibit E**, H&LA's actual expenses incurred with respect to the appraisal of Philmont Scout Ranch total $8,569, but H&LA is only seeking reimbursement of $8,000 of these expenses in accordance with the terms of the Revised Engagement Letters.

## VALUATION OF SERVICES

14. The reasonable value of the services rendered by H&LA for the Fee Period as an appraiser for the Debtors in these chapter 11 cases is $88,000.00.

15. During the Fee Period, H&LA timely completed its fieldwork regarding the valuation of Summit Bechtel Reserve and the Philmont Scout Ranch, including the detail set forth above. Given these results, H&LA respectfully submits that, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the interim fees requested are fair and reasonable given (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## BASIS FOR RELIEF

16. Section 328(a) of the Bankruptcy Code authorizes the debtor in possession, with the Court's approval, to employ a professional person "on any reasonable terms and conditions of employment," including on a retainer, an hourly basis, a fixed or percentage basis, or on a contingent fee basis. 11 U.S.C. § 328(a). The foregoing appraisal services provided by H&LA were appropriate and necessary, and were in the best interests of the Debtors and other parties in interest. The compensation requested for such services is market-based and commensurate with the complexity, importance and nature of the tasks and issues involved.

## CERTIFICATION OF COMPLIANCE

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of her knowledge, information, and belief, this Application complies with the requirements of that Local Rule.

WHEREFORE, H&LA requests entry of the Proposed Order, substantially in the form attached hereto, (i) granting final approval and allowance of compensation for professional services rendered by H&LA in the aggregate amount of $88,000, (ii) granting reimbursement of actual and necessary expenses incurred by H&LA in the aggregate amount of $11,301, and (iii) authorizing the Debtors to pay to H&LA all of the foregoing amount, less any amounts previously paid to H&LA on account of such fees.

Dated: January 12, 2021
      Cleveland, Ohio

Respectfully submitted,

*/s/ David J. Sangree*
David J. Sangree, MAI, ISHC
President
HOTEL & LEISURE ADVISORS, LLC