IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 29, 2021 at 4:00 p.m. (ET)**
**Hearing Date: February 17, 2021 at 10:00 a.m. (ET)**

**1ST QUARTERLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PASICH LLP, AS
INSURANCE COUNSEL FOR THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM MAY 12, 2020 THROUGH OCTOBER 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pasich LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective as of May 12, 2020 by order signed on or about June 17, 2020 |
| Period for which Compensation and Reimbursement is Sought: | May 12, 2020 through October 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $676,156.30[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0.00 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes__ No__ If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | No |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | N/A |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] This amount includes all discounted fees and rate discounts given in the Monthly Fee Applications.

| | |
|---|---|
| Number of Professionals Included in this Application: | 5 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | N/A |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 0 |

This is a:      x   monthly         interim         final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,800.00.

2

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 08/18/20 | 05/12/20 – 07/31/20 | $262,233.30 | $0 | $262,233.30 | N/A |
| 11/17/20 | 08/01/20 – 10/31/20 | $413,923.00 | $0 | $413,923.00 | N/A |

## PASICH LLP PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes and 20% discount) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kirk A. Pasich | Managing Partner, Insurance Recovery. Admitted to practice in 1980 with more than 38 years of relevant experience. | $975.00 | 169.7 | $187,937.50 |
| Jeffrey L. Schulman | Partner, Insurance Recovery. Admitted to practice in 2000 with approximately 16 years of relevant experience. | $620.00 | 403.7 | $254,634.00 |
| Mikaela C. Whitman | Partner, Insurance Recovery. Admitted to practice in 2009 with approximately 11 years of relevant experience. | $500.00 | 466.2 | $233,650.00 |
| Caitlin Oswald | Associate, Insurance Recovery. Admitted to practice in 2020. | $260.00 | 247 | $64,246.00 |
| Donald K. Piper | Paraprofessional, Insurance Recovery. Began working in 1988 with approximately 32 years of relevant experience. | $260.00 | 68.2 | 17,759.80 |

**Grand Total:** $676,156.30[3]
**Total Hours:** 1,354.8
**Blended Rate:** $523.00

---

[3] This total includes both the discounted rates as well as the courtesy deductions.

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 29, 2021 at 4:00 p.m. (ET)**
**Hearing Date: February 17, 2021 at 10:00 a.m. (ET)**

### 1ST QUARTERLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PASICH LLP, AS INSURANCE COUNSEL FOR THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM MAY 12, 2020 THROUGH OCTOBER 31, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pasich LLP ("Pasich" or the "Firm"), Insurance Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its 1st Quarterly Application for Compensation and for Reimbursement of Expenses for the Period from May 12, 2020 through October 31, 2020 (the "Application").

By this Application Pasich seeks a monthly interim allowance of compensation in the amount of $676,156.30 and actual and necessary expenses in the amount of $0.00 for a total

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

B029.001/306728.2
DOCS_DE:232452.1

allowance of $676,156.30 and payment of the unpaid amount of such fees and expenses for the period May 12, 2020 through October 31, 2020 (the "Interim Period"). In support of this Application, Pasich respectfully represents as follows:

### Background

1. On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending May 31, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

        4.        The retention of Pasich, as Insurance Counsel to the Tort Claimants' Committee, was approved effective as of May 12, 2020 by this Court's "Order Pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pasich LLP as Insurance Counsel for the Official Tort Claimants' Committee Effective as of May 12, 2020," signed on or about June 17, 2020 (the "Retention Order").  The Retention Order authorized Pasich to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.  Pasich is employed as insurance counsel and has made and will make all reasonable efforts to avoid duplication of work performed by the Committee's other professionals.

        5.        Attorneys retained pursuant to sections 327, or 363 or 1103 of the Bankruptcy Code (other than Ordinary Course Professionals) must comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines").  The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines.  Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases:  Exhibit "A", Customary and Comparable Compensation Disclosures with Fee Applications; Exhibit "B", Summary of Timekeepers Included in this Fee

Application, Exhibit "C-1", Budget; Exhibit "C-2", Staffing Plan; Exhibit "D-1", Summary of Compensation Requested by Project Category; Exhibit "D-2", Summary of Expense Reimbursement Requested by Category; and Exhibit "E", Summary Cover Sheet of Fee Application.

### PASICH'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

6. The monthly fee applications (the "Monthly Fee Applications") for the period May 12, 2020 through October 31, 2020 of Pasich have been filed and served pursuant to the Administrative Order.

7. On August 18, 2020, Pasich filed its First Monthly (Combined) Fee Application for Compensation and for Reimbursement of Expenses for the Period from May 12, 2020 through July 31, 2020 (the "First Monthly Fee Application") requesting $262,233.30 in fees and $0.00 in expenses. Pursuant to the Administrative Order, Pasich has been paid $209,786.64 of the fees requested in the First Monthly Fee Application leaving a holdback amount of $52,446.86. A true and correct copy of the First Monthly (Combined) Fee Application is attached hereto as Exhibit F.

8. On November 17, 2020, Pasich filed its Second (Combined) Monthly Fee Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2020 through October 31, 2020 (the "Second Monthly Fee Application") requesting $413,923.00 in fees and $0.00 in expenses. Pursuant to the Administrative Order, Pasich has been paid $331,138.40 of the fees requested in the Second Monthly Fee Application leaving a

4

holdback amount of $82,784.60. A true and correct copy of the Second Monthly Fee Application is attached hereto as <u>Exhibit G.</u>

9. The Monthly Fee Applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by Pasich during the periods covered by such applications as well as other detailed information required to be included in fee applications.

## **Requested Relief**

10. By this Application, Pasich requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by Pasich during the Interim Period of May 12, 2020 through October 31, 2020.

11. At all relevant times, Pasich has not represented any party having an interest adverse to these cases.

12. All services for which Pasich requests compensation were performed for or on behalf of the Committee.

13. Pasich has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Pasich and any other person other than the partners of Pasich for the sharing of compensation to be received for services rendered in these cases. Pasich did not receive a retainer in this matter.

14. The professional services and related expenses for which Pasich requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases.

15. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Pasich is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Pasich has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

## **Statement from Pasich LLP**

16. Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases, Pasich responds to the following questions regarding the Application:

| **Question** | **Yes** | **No** | **Additional Explanation or Clarification** |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. |  | X |  |

6

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client? | | X | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | X | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | X | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees. | X | | The time covered by this Application includes approximately 1.5 hours with a value of approximately $930.00 to ensure that time entries subject to the application do not disclose confidential or privileged information.  The review and necessary redactions are a necessary component of Pasich's fee application. |
| If the fee application includes any rate increases since retention in these Cases:<br>  i.    Did your client review and approve those rate increases in advance?<br>  ii.    Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | X | |

WHEREFORE, Pasich respectfully requests that the Court enter an order

providing that, for the period of May 12, 2020 through October 31, 2020, an interim allowance

7

B029.001/306728.2
DOCS_DE:232452.1

be made to Pasich for compensation in the amount of $676,156.30 and actual and necessary expenses in the amount of $0.00 for a total allowance of $676,156.30 be authorized; and for such other and further relief as this Court deems proper.

Dated: January 15, 2021

PASICH LLP

_____/s/_____
By: Jeffrey L. Schulman

Insurance Counsel to the Tort Claimants Committee

8

## VERIFICATION

STATE OF NEW YORK     :
                      :
COUNTY OF NEW YORK    :

Jeffrey L. Schulman, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pasich LLP, and have been admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pasich LLP as Insurance Counsel to the Tort Claimants' Committee.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

*Jeffrey L. Schulman*

SWORN AND SUBSCRIBED
before me this 14th day of January, 2021.

*Deborah Alicea*
Notary Public
My Commission Expires: 12/01/2022

Deborah Alicea
Commissioner of Deeds
City of New York: 3-6970
Certification Filed in New York County
Commision Expires on December 1, 2022