# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: Feb. 17, 2021 at 10:00 a.m. (ET)**<br>**Obj. Deadline: Feb. 5, 2021 at 4:00 p.m. (ET)**<br><br>**Re: D.I. 1974** |

**INSURERS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING UNDER SEAL PORTIONS OF CERTAIN DOCUMENTS RELATING TO INSURERS' MOTION FOR AN ORDER AUTHORIZING RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIM**

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company and Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Insurers") file this motion (the "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing Insurers to file under seal certain portions of their *Motion for an Order Rule 2004 Discovery of Certain Proofs of Claim* [D.I.1974] (the "Rule 2004 Motion") and certain supporting documents identified below (the "Supporting Documents"); (ii) directing that information contained in the redacted portions of the Rule 2004 Motion and the Supporting Documents (collectively, the "Confidential Information") shall remain under seal and confidential pursuant

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

the Bar Date Order (as defined below) and shall not be made available to anyone, except to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the Permitted Parties (as defined in the Bar Date Order); and (3) granting related relief.  In support of the Motion, Hartford and Century respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Insurers confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

4. On February 18, 2020, The Boy Scouts of America and Delaware BSA, LLC (together, the "Debtors") commenced these chapter 11 cases.  The Debtors continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly

administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On March 4, 2020, the U.S. Trustee appointed the Tort Claimants' Committee and the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code. On April 24, 2020, the Court appointed James L. Patton, Jr. as the Future Claimants' Representative pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code. On July 24, 2020, the Coalition filed a notice of appearance in these chapter 11 cases pursuant to section 1109(b) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

6. On May 26, 2020, the Court entered the Bar Date Order. The Bar Date Order provides, in relevant part, that:

> Sexual Abuse Survivor Proofs of Claim submitted by Sexual Abuse Survivors and General Proofs of Claim submitted on behalf of minors and by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began shall be held and treated as confidential by the Claims and Noticing Agent, the Debtors, the Debtors' counsel and retained advisors, and any of [the Permitted Parties] to the extent such Permitted Party requests access to proofs of claim . . . Furthermore, each Permitted Party shall execute . . . a confidentiality agreement . . . by which such Permitted Party agrees to keep the information provided in such Sexual Abuse Survivor Proofs of Claim and/or the General Proofs of Claim confidential.

Bar Date Order, at ¶ 7(d).

7. Because the information contained in the Rule 2004 Motion and the Supporting Documents must remain confidential pursuant to the Bar Date Order, Insurers seek leave to file under seal the Confidential Information.

### **RELIEF REQUESTED**

8. By this Motion, Insurers request entry of the Proposed Order authorizing Hartford to file the following documents under seal:

    a. Certain portions of the Rule 2004 Motion

  b.  Certain portions of the Declaration of Paul Hinton

  c.  Certain portions of the Declaration of Erich Speckin

9.  In addition, Hartford and Century seek an order directing that the Confidential Information shall remain under seal and confidential and not be made available to anyone, except to the Court, the U.S. Trustee, and the Permitted Parties; and (c) granting related relief.

## BASIS FOR RELIEF

10.  Paragraph 7(d) of the Bar Date Order Provides, in relevant part, that:

> Sexual Abuse Survivor Proofs of Claim submitted by Sexual Abuse Survivors and General Proofs of Claim submitted on behalf of minors and by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began **shall be held and treated as confidential** by the Claims and Noticing Agent, the Debtors, the Debtors' counsel and retained advisors, and any of [the Permitted Parties] to the extent such Permitted Party requests access to proofs of claim . . . Furthermore, each Permitted Party shall execute . . . a confidentiality agreement . . . **by which such Permitted Party agrees to keep the information provided in such Sexual Abuse Survivor Proofs of Claim and/or the General Proofs of Claim confidential**.

Bar Date Order, at ¶ 7(d) (emphasis added).

11.  The Confidential Information includes information related to the substance of certain proofs of claim and other information regarding the same that must remain confidential. Accordingly, pursuant to the terms of the Bar Date Order, Insurers request leave to file the Confidential Information under seal.

## CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)

12.  Insurers will publicly file redacted copies of the Rule 2004 Motion and the Declaration of Denise Neumann Martin. Counsel for Century conferred with counsel for the Debtors regarding the proposed redactions to the Rule 2004 Motion and certain other Supporting Documents and in advance and such parties agreed regarding the scope of the redactions.

## **CONCLUSION**

WHEREFORE, Hartford and Century respectfully request that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 22, 2021

By: /s/ Erin R. Fay
    Erin R. Fay (No. 5268)

**Bayard, P.A.**
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: efay@bayardlaw.com
       gflasser@bayardlaw.com

**Shipman & Goodwin LLP**
James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Michele Backus Konigsberg (admitted *pro hac vice*)
1875 K Street, NW, Suite 600
Washington, D.C. 20003
Tel: (202) 469-7750

**Wilmer Cutler Pickering Hale and Dorr LLP**
Philip D. Anker (*pro hac vice* pending)
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel: (212) 230-8890

**Wilmer Cutler Pickering Hale and Dorr LLP**
Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (*pro hac vice* pending)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*

Respectfully Submitted,

By: /s/ Stamatios Stamoulis
    Stamatios Stamoulis (No. 4606)

**Stamoulis & Weinblatt LLC**
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

**O'Melveny & Myers LLP**
Tancred Schiavoni (admitted *pro hac vice*)
Gary Svirsky (*pro hac vice* pending)
Andrew Kirschenbaum (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212-326-2000

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*