# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: February 17, 2021 at 10:00 a.m. (ET)<br>Objection Deadline: February 10, 2021 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING NEYREY SETTLEMENT AGREEMENT AND
(II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO
PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving that certain settlement agreement, substantially in the form attached to the Proposed Order as **Exhibit 1** (the "Settlement Agreement"), by and between the BSA and Old Republic Insurance Company ("Old Republic" and, together with the BSA, "Defendants"), Gemini Insurance Company ("Gemini"), and Theresa Neyrey and George Neyrey, individually and on behalf of the estate of their deceased minor son, Clifton Neyrey ("Plaintiffs" and, together with Defendants and Gemini, the "Parties"), on the other hand, and (ii) modifying the automatic stay,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

to the extent necessary, to permit payment of the settlement amount from applicable insurance. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 362 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

4. On August 31, 2017, Plaintiffs filed a lawsuit in the Twenty-Fourth Judicial District Court in Jefferson Parish, Louisiana, Division "C," entitled *Neyrey, et al. v. United Services Automobile Association, et. al.*, Docket No. 775, 477 (the "Lawsuit"). The Lawsuit seeks damages arising from the death of Clifton Neyrey in an automobile accident that occurred in Macon County, Alabama on or about November 25, 2016 (the "Incident"). At the time of the Incident, Clifton Neyrey and two other Scouts were being driven to a Scouting event in Georgia by an adult Scouting volunteer.

5. In addition to Defendants, the Lawsuit named as defendants (a) the driver of the automobile involved in the Incident, (b) the driver's automobile insurance company, United Services Automobile Association ("USAA"), (c) Southeast Louisiana Council of the Boy Scouts of America, and (d) the local council's insurance company, New Hampshire Insurance Company

("AIG").[2]  The Lawsuit was automatically stayed as to the BSA when the Debtors filed for relief under chapter 11 of the Bankruptcy Code on February 18, 2020.

6. Plaintiffs have entered into settlement agreements that provide for payments to Plaintiffs by USAA and AIG in the amounts of $700,000 and $705,000, respectively, for a total of $1,405,000 (the "Prior Plaintiff Settlements").  Two other minors who suffered personal injuries in the Incident ("Injured Minors") have entered into settlement agreements that provide for payments to Injured Minors by USAA and AIG in the aggregate amount of $520,000 (the "Related Settlements" and, collectively with the Prior Plaintiff Settlements, the "Prior Settlements"). Neither the BSA, Old Republic, nor Gemini are party to the Prior Settlements.  An order dismissing Defendants from Injured Minors' lawsuits with prejudice was entered on January 25, 2021. Accordingly, entry of the Proposed Order approving the Settlement Agreement will result in a complete dismissal of all remaining claims asserted in the Lawsuit.

## THE SETTLEMENT AGREEMENT

7. To avoid incurring further litigation expenses in connection with the Lawsuit, the Parties entered into good-faith and arm's-length settlement negotiations.  As a result of those negotiations, the Parties entered into the Settlement Agreement, subject to Court approval.

8. Pursuant to the Settlement Agreement, Plaintiffs agree to irrevocably and unconditionally release, acquit and forever discharge all claims that were raised or that could have been raised in the Lawsuit against Defendants, Evan Howell III, and all other remaining parties or parties that could be added, including but not limited to Gemini, and all of their subsidiaries, parents, affiliates, managing agents, employees, volunteers, chartered organizations, servants, consultants, agents, directors, officers, independent contractors, representatives, insurance carriers

---

[2] The laws of Louisiana provide that an injured person or his survivors or heirs have a right of direct action against an insurer within the terms and limits of the applicable policy.  *See* La. Rev. Stat. § 22:1269.

3

and attorneys of Defendants, and all persons acting by, through, under or in concert with any of them, and each of their respective heirs, successors, and assigns (collectively, "Releasees"), or any of them, and said release shall include a release from all claims asserted in the Lawsuit, as well as any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to any claims Plaintiffs had, have, or may have, known or unknown, in connection with any facts, matters, property, transactions, or things between all Parties and between the Plaintiffs and Releasees, including but not limited to, anything arising from, relating to, or in connection with the matters set forth in Lawsuit.

9. In exchange for the releases described above, Gemini will pay Plaintiffs $625,000 (the "Settlement Amount"). The Settlement Amount will be paid by the excess general liability insurance policy issued by Gemini to the BSA covering the time period of the Incident—*i.e.*, the 2016–17 policy year (the "Gemini Excess Policy").

10. The Settlement Agreement will become effective when the Court's order approving the Settlement Agreement pursuant to Bankruptcy Rule 9019 and approving payment of the Settlement Amount by Gemini pursuant to section 362 of the Bankruptcy Code becomes final and no longer subject to appeal (the "Effective Date"). The Settlement Amount will be paid within fourteen (14) days of the Effective Date. If the Effective Date fails to occur on or before March 31, 2021, the Settlement Agreement shall be null and void. Additionally, the Settlement Agreement is contingent upon the dismissal with prejudice of all claims asserted by Injured

Plaintiffs against all parties in connection with the Incident, including, without limitation, Defendants. As noted above, an order of dismissal was entered on January 25, 2021.

## RELIEF REQUESTED

11. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreement and (ii) modifying the automatic stay, to the extent necessary, to permit Gemini to pay the Settlement Amount.

## BASIS FOR RELIEF REQUESTED

**I.    Legal Standard**

    **A    Approval of Settlements**

12. Section 105(a) and Bankruptcy Rule 9019 authorize the Court to approve settlements of claims. Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 9019 provides that, upon notice and a hearing, the Court "may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

13. Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). The Court should exercise its discretion to approve a settlement or compromise where it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). The Court need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonable." *In re W.R. Grace & Co.*, 475 B.R. 34, 78 (D. Del. 2012). In determining whether a settlement or compromise should be approved, courts consider a number of factors, including "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and

the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Martin*, 91 F.3d at 393.

### B. The Automatic Stay

14. Upon the filing of a bankruptcy case, section 362 of the Bankruptcy Code automatically stays, among other things, the commencement or continuation of any proceeding against the debtor "to recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a). The automatic stay serves a number of important purposes that protect both debtor and creditor interests, including, among other things, "to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it" and "to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (quotations omitted).

15. Section 362(d) authorizes the Court to grant relief from the automatic stay for cause. 11 U.S.C. § 362(d). Although the Bankruptcy Code does not define "cause," courts in this District often consider whether (i) the debtor will suffer "any great prejudice" from the continuation of the civil suit," (ii) the prejudice to the non-bankrupt party by maintenance of the stay considerably outweighs the prejudice to the debtor if the stay is lifted, and (iii) the non-bankrupt party "has a probability of prevailing on the merits." *Id.*; *see also In re Scarborough St. James Corp.*, 535 B.R. 60, 67–68 (Bankr. D. Del. 2015).

## II. Argument

16. The Settlement Agreement should be approved because it fairly and efficiently resolves the Lawsuit with minimal burden to the estate. The Settlement Amount will be paid solely from proceeds of the Gemini Excess Policy. The settlement, moreover, will permit the BSA to avoid the uncertainty and expense of litigating the Lawsuit and eliminate the potential for additional expenses and the risk of an unfavorable judgment on the wrongful death claims that are

the subject of the Lawsuit.  In addition, under the Settlement Agreement the BSA will receive a full and complete release from all liability in connection with the Incident and the Lawsuit, thereby eliminating any liability under a plan of reorganization.  Accordingly, the Debtors submit that the Settlement Agreement is reasonable and in the best interests of the Debtors' estates, creditors and other parties in interest.  *In re Louise's, Inc.*, 211 B.R. at 801.

17.     Additionally, the automatic stay should be modified, to the extent necessary, to permit Gemini to pay the Settlement Amount.  The question of whether proceeds of an insurance policy are property of the bankruptcy estate is complex and the law is unclear as to the answer.  *In re MF Glob. Holdings, Ltd*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012).  Although it is "well-settled that a debtor's liability insurance is considered property of the estate . . . 'the courts are in disagreement over whether the proceeds of a liability insurance policy are property of the estate.'" *Id.* (quoting *In re Downey Fin. Corp.*, 428 B.R. 595, 603 (Bankr. D. Del. 2010)).  Even if the automatic stay does apply, cause exists under these circumstances to the permit Gemini to pay the Settlement Amount.

18.     First, the BSA and certain other named insureds are covered under both primary and excess policies issued by Old Republic.[3]  These policies provide coverage up to a limit of $1.0 million per occurrence with no aggregate limits under the Old Republic primary policies up to $9.0 million in the aggregate per year under the Old Republic excess policies.  Because the Old Republic excess policy for 2016–17 has been exhausted,[4] the settlement that is the subject of this

---

[3] *See Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insureds and Related Defense Costs Under Insurance Policies* [D.I. 678].

[4] Because the death of Clifton Neyrey and the personal injuries to Injured Minors arose from the same occurrence, the total amount of $1,925,000 paid to Plaintiffs by USAA and AIG under the Prior Plaintiff Settlements and to Injured Minors under the Related Settlements exhausted the $1.0 million Old Republic primary policy for all claims arising from the Incident and exhausted the remaining coverage available under the Old Republic excess policy for the 2016–17 policy year.

Motion implicates the Gemini Excess Policy, which has an aggregate limit of $7,500,000. Gemini has not previously paid out any amounts under the Gemini Excess Policy.

19.     As noted above, the $625,000 Settlement Amount payable to Plaintiffs under the Settlement Agreement is payable under the Gemini Excess Policy. Moreover, the Debtors estimate that approximately $30,000 of unpaid defense costs have been incurred relating to the Lawsuit. Therefore, the total of the Settlement Amount and accrued and unpaid defense costs will deplete approximately $655,000 of the $7,500,000 aggregate limit under the Gemini Excess Policy. Again, these are the first dollars that would be paid out under the Gemini Excess Policy. The Debtors also note that, in addition to the $7,500,000 available under the Gemini Excess Policy (before accounting for the proposed settlement), the Debtors have significant additional excess insurance for the 2016–17 policy year above the Gemini Excess Policy.

20.     Second, the Settlement Agreement will fully and finally resolve the Lawsuit and avoid the uncertainty and expense of litigation and the risk of an unfavorable judgment that could exceed the Settlement Amount. The remaining claims asserted by Plaintiffs in the Lawsuit are not subject to any statutory cap. The Parties have yet to complete factual discovery, and if the Lawsuit proceeds to discovery and trial, the defense costs would likely be substantial and, together with any settlement or judgment in the Lawsuit, could significantly exceed the proposed Settlement Amount. *In re Almonacy*, Case No. 10-37235 DHS, 2011 WL 13659, at *3 (Bankr. D.N.J. Jan. 4, 2011) ("When an action seeks to recover from a debtor's insurance policy and the debtor is represented by the insurer, courts routinely grant stay relief because the burden on the estate is likely to be outweighed by the hardship on the plaintiff if the action is not permitted to continue.").

21. Accordingly, there is little prejudice, and indeed material benefit, to the Debtors if the Parties are permitted to enter into the Settlement Agreement and the stay is modified to permit Gemini to pay the Settlement Amount.

## NOTICE

22. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank, National Association; (vii) counsel to Plaintiffs; (viii) Old Republic Insurance Company; (ix) Gemini; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

23. For the reasons set forth herein, the Debtors respectfully request that the Court enter an order (i) approving the Settlement Agreement, (ii) modifying the automatic stay, to the extent necessary, to permit payment of the Settlement Amount from applicable insurance and (iii) granting all other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: January 27, 2021<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>  aremming@mnat.com<br>  emoats@mnat.com<br>  ptopper@mnat.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.boelter@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>  mlinder@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |