## Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ____ |

**ORDER (I) APPROVING NEYREY SETTLEMENT AGREEMENT AND
(II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO
PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE**

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 362 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving that certain settlement agreement by and between the BSA and Old Republic Insurance Company ("Old Republic" and, together with the BSA, "Defendants"), Gemini Insurance Company ("Gemini"), and Theresa Neyrey and George Neyrey, individually and on behalf of the estate of their deceased minor son, Clifton Neyrey ("Plaintiffs" and, collectively with Defendants and Gemini, the "Parties"), on the other hand, as memorialized in that certain Settlement Agreement attached hereto as **Exhibit 1**, and (ii) modifying the automatic stay, to the extent necessary, to permit payment of the settlement amount by applicable insurance; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order being

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented

to the entry of a final order by this Court under Article III of the United States Constitution; and

venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for

a hearing on the Motion were appropriate under the circumstances and no other notice need be

provided; and all objections to the Motion, if any, having been withdrawn, resolved or overruled;

and the relief requested in the Motion being in the best interests of the Debtors' estates, their

creditors and other parties in interest; and this Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement is APPROVED and the Parties to the Settlement

Agreement are authorized to take such action as is necessary to effectuate the terms of the

Settlement Agreement.

3.      To the extent necessary, the automatic stay of 11 U.S.C. § 362(a) is modified for

the Parties to consummate the Settlement Agreement.

4.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately

effective and enforceable upon its entry and the Debtors are authorized to take all actions necessary

to effectuate the relief granted in this Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, and/or enforcement of this Order.

## Exhibit 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", <u>consolidated with</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

This Settlement Agreement ("**Agreement**") is made and entered into on _____ by and between the following:

- Plaintiffs, Theresa Neyrey and George Neyrey, Individually and on Behalf of the Estate of their Deceased Minor Son, Clifton Neyrey (the "**Plaintiffs**"), on the one hand, and

- Boy Scouts of America, Inc. (the "**BSA**"), and Old Republic Insurance Company ("**Old Republic**," and, together with the BSA, the "**Defendants**"); and

- Gemini Insurance Company ("Gemini"), an insurer of BSA, which intervenes in this Agreement as is outlined herein.

This Agreement settles all claims against all remaining Defendants, and includes full releases for same provided that the settlement is approved as is outlined below. This Agreement relates to the two consolidated lawsuits currently pending in the Twenty-Fourth Judicial District Court in Jefferson Parish, Louisiana, Case Nos. 775,477 and 775,561 (hereafter collectively the "**Lawsuits**"), and any and all claims that were filed therein or that could have been filed against the Defendants and the Releasees (as that term is defined below) related to the matters set forth in the Lawsuits. This Agreement is intended to memorialize and expand upon the terms of the settlement, which was reached at a private mediation on or about November 6, 2020.

### Recitals

WHEREAS, Plaintiffs asserted wrongful death claims, survival claims, and other miscellaneous claims in the Lawsuit against the Defendants;

## SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", _consolidated with_ *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

WHEREAS, the parties to the Lawsuit, including but not limited to Vincent and Evelyn Liberto (the "Libertos") and Paul, Laurie, and Charlie Stauder (the "Stauders"), separately settled all other claims against all other defendants in the Lawsuit, except for those that remain against the Defendants, which are the subject of this Agreement;

WHEREAS, the Libertos and Stauders filed a motion to dismiss all claims they asserted in the captioned cases against all parties, including BSA and its insurers,

WHEREAS, on February 18, 2020 (the "**Petition Date**"), voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") were filed in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by the Boy Scouts of America and Delaware BSA, LLC ("BSA") (together, the "**Debtors**") (Case No. 20-10343 (LSS));

WHEREAS, the Lawsuit was stayed pursuant to the automatic stay as per the Bankruptcy Code as of the Petition Date;

WHEREAS, Plaintiffs filed a claim in the Bankruptcy Court against Delaware BSA, LLC bearing form 410 and claim number 458 in the amount of $2,943,252.01, comprised of $2,600,000.00 in purported compensatory damages, plus the accrued legal interest from the date the Neyrey Petition for Damages was filed (8/31/2017) until the Petition Date;

WHEREAS, Plaintiffs filed a claim in the Bankruptcy Court against Boy Scouts of America, Inc. bearing Form 410 and claim number 3450 in the amount of $2,943,252.01,

2481250v.3

## SETTLEMENT AGREEMENT

*Theresa Neyrey, et al v. United Services Automobile Association, et al,* **Docket 775,477, Division "C", <u>consolidated with</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

comprised of the $2,600,000.00 in compensatory damages, plus the accrued legal interest from the date the Neyrey Petition for Damages was filed (8/31/2017) until the Petition Date;

## WHEREAS, THIS AGREEMENT IS SUBJECT TO AND CONTINGENT UPON APPROVAL BY THE BANKRUPTCY COURT;

Accordingly, NOW THEREFORE, in consideration of their mutual promises and other good and valuable consideration hereby acknowledged by the Plaintiffs and the Defendants (collectively, "the **Parties**" hereto), agree as follows:

### 1.  Effective Date of Agreement.

This Agreement shall only become effective when the order of the Bankruptcy Court (i) approving the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019, and (ii) approving the payment of the Settlement Amount (as defined below) by Gemini pursuant to section 362 of the United States Bankruptcy Code, becomes final and no longer subject to appeal (the "**Effective Date**").  If the Effective Date fails to occur on or before March 31, 2021, the Agreement shall be null and void.

### 2.  Settlement Terms

Gemini agrees to pay Plaintiffs a total of Six Hundred Twenty Five Thousand dollars ($625,000.00) (the "**Settlement Amount**"), which shall be due and owing and/or payable only fourteen (14) after days of the Effective Date.

In exchange for payment of the Settlement Amount, Plaintiffs agree to promptly dismiss the Lawsuit and all claims against all remaining Defendants with prejudice and without any

2481250v.3

# SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,*** **Docket 775,477, Division "C", *consolidated with* *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al*** **and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

additional costs being assessed to the Defendants; and further provided that Plaintiffs will provide the releases set forth below.  Additionally, Plaintiffs agree that this Agreement is contingent upon a dismissal with prejudice of all claims asserted by the Libertos and Stauders against all parties to the captioned cases, including but not limited to BSA and its insurers.

Plaintiffs warrant that they have satisfied or will satisfy all liens arising out of the facts of this case and/or the resulting medical treatment received by Clifton Neyrey.  Plaintiffs specifically and expressly warrant and guarantee that they have satisfied all outstanding liens arising out of the subject matter giving rise to the lawsuit and Clifton Neyrey's related medical treatment, or will promptly do so using the settlement funds.

### 3.   Release

In exchange for the consideration provided to Plaintiffs as contemplated in this Agreement, Plaintiffs irrevocably and unconditionally release, acquit and forever discharge all claims that were raised or that could have been raised in the Lawsuit against Defendants, Evan Howell III, and all other remaining parties or parties that could be added, including but not limited to Gemini, and all of their subsidiaries, parents, affiliates, managing agents, employees, volunteers, chartered organizations, servants, consultants, agents, directors, officers, independent contractors, representatives, insurance carriers and attorneys of Defendants, and all persons acting by, through, under or in concert with any of them, and each of their respective heirs, successors, and assigns (hereinafter collectively referred to as "**Releasees**"), or any of them, and said release shall include a release from all claims asserted in the Lawsuit, as well as any and all charges, complaints, claims,

2481250v.3

# SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", <u>consolidated with</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to any claims the Plaintiffs had, have, or may have, known or unknown, in connection with any facts, matters, property, transactions, or things between all Parties and between the Plaintiff and the Releasees, including but not limited to, anything arising from, relating to, or in connection with the matters set forth in Lawsuit. Notwithstanding the foregoing, the claims released herein do not include any claim of breach of the terms of this Agreement or to any other claims that cannot lawfully be released.

## 4. General Release

It is understood and agreed that the release contemplated and granted herein is a full, complete and final general release of any and all claims, and that the Plaintiffs agree that the foregoing release will apply to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed.

## 5. Disclaimer of Liability

The Parties agree and acknowledge that this Agreement is not to be construed as an admission of liability or wrong-doing by any Party, but is entered into in compromise of disputed claims.

2481250v.3

**SETTLEMENT AGREEMENT**

*Theresa Neyrey, et al v. United Services Automobile Association, et al,* **Docket 775,477, Division "C",** <u>*consolidated with*</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* **and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

## 6.  Non-Disparagement

Plaintiffs agree that the Plaintiffs shall not make, publish, or cause any statement to be made in any form about the Defendants or the non-Defendant Releasees that is false, disparaging, casts the Defendants or the non-Defendant Releasees in a negative light, or would harm the Defendants or the non-defendant Releasees, or that would reasonably be expected to lead to unwanted or unfavorable publicity to the Defendants or the non-Defendant Releasees or detract from the reputation of the Defendants or the Releasees.  However, Plaintiffs' counsel may report to legal publications applicable in Louisiana the facts as well as the amount of the settlement so long as **no identifying** information is contained including the identity of Defendants, their attorneys and/or insurers, as well as the geographic location of the events.

## 7.  Joint Drafting

Each of the Parties has joined in and contributed to drafting this Agreement and each of the Parties agrees that there shall be no presumption favoring or burdening any Party based upon draftsmanship.

## 8.  Authorization

With the exception of the BSA as a chapter 11 debtor requiring Bankruptcy Court approval of its entry into this Agreement, the Parties expressly warrant and represent that the execution of this Agreement is fully authorized by each of them; that the person or persons executing this Agreement have the necessary and appropriate authority to do so; and that there are no pending

2481250v.3

## SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", <u>consolidated with</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

agreements, transactions, or negotiations to which any of them are a party that would render this Agreement or any part thereof void, voidable, or unenforceable.

### 9.  Applicable Law

This Agreement shall be interpreted in accordance with the laws of the State of Louisiana.

### 10.  Counterparts

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

### 11.  Complete Agreement

This is the entire agreement between the Parties.  This Agreement may not be modified in any manner except in writing signed by the Plaintiffs and authorized executives of the Defendants. The Parties acknowledge that they have not made any representations or promises other than those contained in this Agreement.

### 12.  Voluntary, Knowing Agreement

This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of any Party, with the full intent of releasing all claims that the Parties have against each other, provided that the Bankruptcy Court approves of this Agreement.  The Parties acknowledge that:

(a)      They have read this Agreement;

(b)      They have been represented by legal counsel of their own choice in the preparation, negotiation and execution of this Agreement;

## SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", <u>consolidated with</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

(c)    They understand the terms and consequences of this Agreement and of the release and waivers it contains;

(d)    They have not relied upon any representations or statements made by the other Party that are not specifically set forth in this Agreement; and

(e)    They are fully aware of the legal and binding effect of this Agreement.

### 13. Electronic closing

The Parties agree that this document may be executed in multiple counterparts and that signatures circulated electronically and with .pdf or portable document format are sufficient to bind them to this Agreement.

(Signatures pages to follow)

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

Dated:  January __ 2021              By:     */s/*
                                             */s/*

SETTLEMENT AGREEMENT
PAGE **8** OF **12**

2481250v.3

## <u>SETTLEMENT AGREEMENT</u>

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", <u>*consolidated with*</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

Theresa Neyrey and George Neyrey,
Representatives of the Estate of Clifton Neyrey

2481250v.3

## SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,*** **Docket 775,477, Division "C",** <u>***consolidated with***</u> ***Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al*** **and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**


       IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.


Dated:  January __ 2021                    By:        /s/


Boy Scouts of America, Duly Authorized

2481250v.3

## SETTLEMENT AGREEMENT

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", <u>consolidated with</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

      IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

Dated:  January __ 2021          By:      */s/*

            Old Republic Insurance Company, Duly Authorized

2481250v.3

## <u>SETTLEMENT AGREEMENT</u>

***Theresa Neyrey, et al v. United Services Automobile Association, et al,* Docket 775,477, Division "C", <u>consolidated with</u> *Vincent Liberto and Evelyn Liberto, Individually, et al v. United Services Automobile Association, et al* and Docket No. 775,561, Division "E", 24th Judicial District Court, Parish of Jefferson, State of Louisiana**

   IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

Dated:  January __ 2021   By:  <u>/s/</u>

             Gemini Insurance Company, Duly Authorized

2481250v.3