# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Related to Docket Nos. 433, 949, 1175, 1550, 1883, 1945** |

### SIXTH STIPULATION WITH PREPETITION SECURED PARTIES RESERVING CERTAIN COMMITTEE RIGHTS PURSUANT TO FINAL CASH COLLATERAL ORDER

This stipulation (this "Stipulation") is entered into by and among: (a) the Official Tort Claimants' Committee (the "Tort Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); (b) the Official Unsecured Creditors' Committee of the Debtors (the "Creditors' Committee"); (c) the Future Claims Representative of the Debtors (the "FCR"); (d) JPMorgan Chase Bank, N.A., in its capacity as Prepetition Agent and Prepetition Secured Lender (the "Prepetition Secured Parties"); and Boy Scouts of America and Delaware BSA, LLC (collectively, the "Debtors").  The Tort Committee, the Creditors' Committee, the FCR (collectively, the "Challenge Parties"), the Prepetition Secured Parties and the Debtors are collectively referred to herein as the "Parties."

WHEREAS, on February 18, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

WHEREAS, on April 15, 2020, the Court entered the *Final Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 and 507; and (III) Granting Related Relief* [Docket No. 433] (the "<u>Final Order</u>").[2] Paragraph 19(ii) of the Final Order provides, among other things, that the Challenge Period for the Challenge Parties to assert a Challenge Proceeding as to the Debtors' Stipulations and each of the Debtors' other admissions, agreements, and releases contained in the Final Order in favor of the Prepetition Secured Parties is the later of (i) July 3, 2020, (ii) such later date agreed to in writing by the Prepetition Secured Parties in their sole discretion, or (iii) such later date ordered by the Court for cause shown after notice and an opportunity to be heard.

WHEREAS, on July 2, 2020, the Challenge Parties and the Prepetition Secured Parties entered into a stipulation to extend the Challenge Period under the Final Order to September 4, 2020.

WHEREAS, on August 27, 2020, the Challenge Parties, the Debtors, and the Prepetition Secured Parties entered into a second stipulation to extend the Challenge Period under the Final Order to October 19, 2020.

WHEREAS, on October 19, 2020, the Challenge Parties, the Debtors, and the Prepetition Secured Parties entered into a third stipulation [D.I. 1550] (the "<u>Third Stipulation</u>") to extend, subject to the terms and conditions of the Third Stipulation, the Challenge Period under the Final Order to December 31, 2020.

WHEREAS, on December 30, 2020, the Challenge Parties, the Debtors, and the Prepetition Secured Parties entered into a fourth stipulation [D.I. 1883] to extend, subject to the

---

[2] Each capitalized term that is not defined herein will have the meaning ascribed to such term in the Final Order.

terms and conditions of the Third Stipulation, the Challenge Period under the Final Order to January 15, 2021.

WHEREAS, on January 14, 2021, the Challenge Parties, the Debtors, and the Prepetition Secured Parties entered into a fifth stipulation [D.I. 1945] to extend, subject to the terms and conditions of the Third Stipulation, the Challenge Period under the Final Order to January 31, 2021.

WHEREAS, the Challenge Parties have only until the expiration of the Challenge Period to file a Standing Motion, as to one or both of the Debtors, with respect to a Challenge Proceeding which, in accordance with the terms and conditions of the Final Order, shall extend the Challenge Period and preserve the Challenge Parties' rights under the Final Order, subject to the terms and conditions of the Final Order.

WHEREAS, in order to memorialize the agreement among the Challenge Parties, the Prepetition Secured Parties and the Debtors to further extend the Challenge Period under the Final Order, the Parties have agreed to enter into this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. Subject to paragraph 1 of the Third Stipulation, the Challenge Period for the Challenge Parties shall be extended to February 12, 2021; *provided* that, for the avoidance of doubt, other than the extension of the Challenge Period to February 12, 2021, for the Challenge Parties, the Final Order and Third Stipulation remain in full force and effect and the ability of the Challenge Parties to file a Challenge Proceeding remains subject entirely to any and all of the limitations contained in the Final Order, including, without limitation, the limitations in Paragraph 19 thereof, and the Third Stipulation.

2. Any further extension of the Challenge Period shall be subject to the terms and conditions of the Final Order.

3. The Prepetition Secured Parties and the Debtors expressly reserve all rights to object, contest, or otherwise respond to any Challenge Proceeding or any other objection, claim, or other assertion filed by the Challenge Parties.

4. This Stipulation will be binding and effective upon execution by the Parties hereto. This Stipulation may not be amended or modified without the written consent of the Parties. This Stipulation may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute one document.

5. The Court will retain jurisdiction over all matters related to this Stipulation and the Final Order.

*[Remainder of page intentionally blank]*

Dated:  January 27, 2021 **PACHULSKI STANG ZIEHL & JONES LLP**

/s/     James E. O'Neill
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
Ilan D. Scharf (NY Bar No. 4042107)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:   jstang@pszjlaw.com
              rorgel@pszjlaw.com
              ischarf@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com

*Counsel for the Official Tort Claimants' Committee*

Dated:  January 27, 2021         **REED SMITH LLP**

*/s/     Katelin A. Morales*
Kurt F. Gwynne (No. 3951)
Katelin A Morales (No. 6683)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
E-mail: kmorales@reedsmith.com

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Thomas Moers Mayer
Rachael Ringer
David E. Blabey, Jr.
Jennifer R. Sharret
Megan M. Wasson
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
E-mail: tmayer@kramerlevin.com
E-mail: rringer@kramerlevin.com
E-mail: dblabey@kramerlevin.com
E-mail: jsharret@kramerlevin.com
E-mail: mwasson@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*

Dated:  January 27, 2021          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                                                       */s/     Robert S. Brady*
                                        Robert S. Brady (No. 2847)
                                        Edwin J. Harron (No. 3396)
                                        Sharon M. Zieg (No. 4196)
                                        Sara Beth A.R. Kohut (No. 4137)
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571-6600
                                        Facsimile: (302) 571-1253
                                        Email: rbrady@ycst.com
                                                                eharron@ycst.com
                                                                szieg@ycst.com
                                                                skohut@ycst.com

                                        *Counsel to the Future Claimants' Representative*

Dated:  January 27, 2021         **NORTON ROSE FULBRIGHT US LLP**

<u>/s/      Louis. R. Strubeck</u>
Louis R. Strubeck (admitted *pro hac vice*)
Kristian W. Gluck (admitted *pro hac vice*)
2200 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone: 214-855-8000
Facsimile:  214-855-8200
E-mail:  kristian.gluck@nortonrosefulbright.com

and

WOMBLE BOND DICKINSON (US) LLP
Matthew P. Ward (DE Bar No. 4471)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302-252-4320
Facsimile:  302-252-4330
Email: matthew.ward@wbd-us.com

*Counsel for JPMorgan Chase Bank, National Association, as Sole Lender and Collateral Agent*

Dated: January 27, 2021						**WHITE & CASE LLP**

/s/     *Matthew E. Linder*
Jessica C. K. Boelter (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8200
Email: jessica.boelter@whitecase.com

– and –

Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
111 South Wacker Drive
Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
           mlinder@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION