# EXHIBIT A - 3

# RETAINER AGREEMENT

**TO:    Slater Slater Schulman LLP**
**445 Broad Hollow Road, Suite 419**
**Melville, NY 11747**

    The Client, _____, residing at_____,
engages **Slater Slater Schulman LLP** (the "Firm") to prosecute, negotiate, and/or adjust claim
for damages relating to the sexual misconduct, abuse, assault, and/or exploitation committed by
<u>Boy Scouts of America</u> persons or entities, employees, affiliates, partners or other related parties.
Specifically, the Firms agree to prosecute, negotiate and/or adjust claims pertaining to sexual
misconduct, abuse, assault, and/or exploitation claims under Federal or State law. Specifically, the
Firm agrees to prosecute, negotiate and/or adjust claims pertaining to: <u>sexual misconduct, abuse,</u>
<u>assault, and/or exploitation claims under Federal or State law.</u> Should other claims arise through
the course of representation, the Firm may, or may not, agree to represent the Client for those
claims. If the Firm agrees to negotiate, adjust and/or prosecute other claims, such agreement shall
first be memorialized in a separate written agreement.

    The Client hereby gives said attorneys the exclusive right to take all legal steps to enforce
said claims and to reject the same after reviewing and investigating the merits if a determination
is made in the attorneys' sole and professional judgment that an action is not maintainable. The
Client hereby further agrees not to settle this action in any manner without the attorneys' written
consent. In consideration of the services rendered and to be rendered by said attorneys, the Client
hereby agrees to pay said attorneys out of any verdict or settlement, and that said attorneys are
authorized to endorse for the Client any checks that may be paid by reason of the above claim or
action, and to retain the fees out of any moneys received by reason of the above claim or action:

    **Either: (a)** ███████████████████████ **of the total sum recovered,**
**whether recovered by verdict, settlement or otherwise, (Contingency Fee); or (b) any Court**
**award or settlement amount in which attorneys' fees are enumerated and recovered, and**
**which is greater than the contingency fee (Fee Award).**

    Such percentage shall be computed <u>by one of the following two methods to be selected by</u>
<u>Client:</u>
Select one by placing initials:

[ ]    [Option 1]:    ***Firm pays costs and expenses*** of the action. ***Firm risks not being***
        ***reimbursed if there is no recovery***. Attorneys' fees shall be
        computed on the gross sum recovered before deducting expenses
        and disbursements; or

[ ]    [Option 2]:    ***Client pays costs and expenses*** of the action as they are billed.
        **Client risks not being reimbursed if there is no recovery.** Upon
        recovery, client is reimbursed first and attorneys' fees shall be

> computed on the net sum recovered after deducting from the amount recovered expenses and disbursements, including expert fees and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action.

Financial Consequences of selecting Option 1 or Option 2 are demonstrated on Page 3.

Such Contingency Fee percentage shall be computed on the gross sum recovered. In computing the attorneys' fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. Expenses and disbursements may be advanced by the attorneys but are the client's responsibility and payable <u>at the conclusion of the case</u>, and may include, but are not limited to, court filing fees, process server charges, charges for records, court reporter charges, expert witness fees (if applicable), investigative and other services properly chargeable to the enforcement of the claim(s) or prosecution of the action.

**In the event there is no recovery, there shall be no attorneys' fees payable.**

Nothing contained in this Retainer shall be applicable to the fixing of attorneys' fees for services rendered in connection with appeals. Client acknowledges that this Retainer does not include appeals and that our law firm reserves the right to negotiate new terms for the payment of costs, disbursements and attorneys' fees in connection with prosecuting or defending any appeal which may arise during the enforcement of the claim or prosecution of the action.

I understand that the Firm may borrow funds to pay for disbursements paid on my behalf and waive any requirement that the Firm advise me in advance of the fact or the specifics of any such borrowing. If the Firm borrow money from any lending institution to finance the cost of my case, the amount advanced by the firm to pay the costs of prosecuting or defending a claim or action or otherwise protecting or promoting the my interest will bear interest at the rate charged by lender, which interest rate shall not be higher than the highest lawful rate allowed by law. Any such interest amounts will be a disbursement in this matter, for which the Client agrees to reimburse the firm under this Agreement.

I understand that the statute of limitations period for my case must be investigated and that this agreement is made subject to that investigation as well as investigation of my entire case.

I understand that no attorney can accurately predict the outcome of any legal matter, accordingly, no representations are made, either expressly or impliedly, as to the final outcome of this matter. I further understand that I must immediately report any changes in my residence, telephone number, email address, and contact information to the law firm.

I understand that attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Attorney may participate in the division of fees in this case and assume joint responsibility for the representation of the client either in the event the Attorney retains associate counsel or that the client later chooses new counsel, provided that the total fee to the client does not increase as a result of the division of fees and that the attorneys involved have agreed to the division of fees and assumption of joint responsibility.

In the event the Client fails to comply with any of the terms of this Retainer, the attorneys reserve the right to withdraw and preserve their rights to seek fees and recovery of expenses. A facsimile or electronic copy shall be deemed an original.

Client Signature: _____          Dated: _____

Phone number: _____

Email address: _____

Attorney Name:        _____

Attorney Signature:    _____

## Financial consequences of selecting Option 1 or Option 2:

|  | Gross settlement | Expenses | Attorney's Fees | Client's Recovery |
|---|---|---|---|---|
| **Option 1:**<br><br>***Lawyer pays cost and expenses*** of the action.<br><br>***Lawyer risk not being reimbursed if there is no recovery.***<br><br>Attorneys' fees shall be computed on the gross sum recovered before deducting expenses and disbarments. | **$10,000.00** | $750.00 paid by *Lawyer* | ▆▆▆▆▆<br><br>Calculated as follows: $10,000 gross sum ▆▆▆<br><br>*plus return of expenses paid by Lawyer* | ▆▆▆▆▆ |
| **Option 2:**<br><br>***Client pays cost and expenses*** of the action as they are billed.<br><br>***Client risk not being reimbursed if there is no recovery.***<br><br>Upon recovery, client is reimbursed first and attorneys' fees shall be computed on the *net* sum recovered after deducting from the amount recovered expenses and disbursements, including expert fees and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action | **$10,000.00** | $750.00 *paid by the Client.* | ▆▆▆▆▆<br><br>Calculated as follows: $10,000 - $750.00+ net sum of 9,250▆▆▆ = | ▆▆▆▆ *plus return of expenses paid by Client.* |

Client Initials: _____

Client Initials: _____

Andrews & Thornton | ASK LLP
Attorney-Client Contingency Fee Retainer Agreement

**Boy Scouts of America – Attorney-Client Agreement**

**ANDREWS & THORNTON, AAL, ALC** and **ASK LLP** (the "Firms") and
_____ ("Client") hereby agree that Firms will provide legal services to Client to recover a monetary claim in bankruptcy court against Boy Scouts of America and any related co-Debtors (jointly, "BSA") in BSA's Chapter 11 bankruptcy action, as explained in more detail below.

1. <u>**LIMITED REPRESENTATION**</u>. Client hereby retains the Firms to represent Client for the limited purpose of filing of bankruptcy claims against BSA. This limited representation includes the following:

   a. **Firms are <u>not</u> bringing any claims outside of bankruptcy proceedings.** Firms are only handling the processing of Client's claims against BSA. This means that Firms will <u>not</u> be filing any lawsuits or bringing any claims against any party outside of the bankruptcy process, including but not limited to any parents, volunteers, outside organizations, or other individuals. <u>If Client wishes to pursue any claims against any entity outside of the bankruptcy court process, Client will need to immediately hire separate counsel</u>.

   b. **Firms are <u>not</u> taking action to preserve claims or protect the statute of limitations.** A statute of limitations is the legal deadline within which you must file a civil claim. If Client does not file a claim within the applicable statute of limitations, Client's claim may be lost forever. Client understands that Firms are <u>not</u> taking any action to file claims against any parties within the applicable statute of limitations. If the statute of limitations expires after you have signed this agreement but before another responsible entity declares bankruptcy, your bankruptcy claim may be lost forever. <u>If Client wishes to preserve claims and not have them lost forever because the statute of limitation has expired, Client will need to immediately hire separate counsel</u>.

2. <u>**ASSOCIATION OF COUNSEL**</u>. Client understands and agrees that the two separate law firms of ANDREWS & THORNTON AAL, ALC and ASK LLP will be associating on this matter. Client authorizes the Firms to associate co-counsel as the Firms may deem necessary and to share any fees contemplated in this contract with such co-counsel with the express understanding that associating with co-counsel will NOT increase the fees set forth below.

3. <u>**WITHDRAWAL AFTER INVESTIGATION**</u>. Even after Client signs this Attorney-Client Agreement, Client acknowledges that it has been advised that the Firms still must investigate Client's claim relating to any potential future bankruptcy proceeding, and that Firms may terminate this agreement and/or not pursue certain entities after such investigation. Client has been further advised that the Firms' decision to terminate this agreement and/or not pursue certain entities may be based on any number of factors, including but not limited to a failure to establish a causal connection between the facts reported and the Client's injuries, failure to comply with any state or other applicable statute of limitation failure to include an indispensable or other required party.

4. <u>**PROSECUTION OF CLAIM**</u>. Client hereby fully empowers, authorizes and directs the Firms to manage and handle, as they deem necessary, best and proper, said claim relating to any potential future bankruptcy proceeding, and to prosecute said claim in any manner they deem advisable. The Firms are hereby authorized and empowered to deliver in Client's name any and all notices, receipts, authorizations, releases, pleadings and any other documents and instruments proper in the handling of said claim.

Andrews & Thornton | ASK LLP
Attorney-Client Contingency Fee Retainer Agreement

**5.   CLIENT'S RESPONSIBILITIES.** The Client agrees to cooperate fully with the Firms, disclose all relevant facts at all times during the claim and to promptly advise the Firms of any change in address, email address or telephone number. Client authorizes the Firms to use their professional judgment and any relevant documents, records or other information that the Firms deem necessary to the proper representation of the Client. The Client agrees to promptly and fully comply with all reasonable requests of the Firms on all matters included in this contract. The Client understands that failure to fully cooperate may be a basis for termination of this contract. Client further agrees that the Firms may withdraw from representing the Client if the Firms deem withdrawal is warranted.

The Client agrees not to attempt on his part to unilaterally settle all or any portion of the claims made the subject of this contract. The Client will rely exclusively upon the representation of the Firms during any settlement negotiations. No settlement will be made without the Client's consent.

**6.   CONTINGENT FEE ARRANGEMENT.** The Firms, and co-counsel if any, will assume joint responsibility for representation of the Client. Attorneys' fees due Firms will be a percentage of the recovery. In consideration of the services rendered, and to be rendered, to the Client by the Firms, the Client agrees to grant to the Firms for the Firms' compensation in handling the Client's bankruptcy claim the following present undivided interest and assignment in the claims: ████████████████   The fee percentage calculation will be made based on the gross recovery before deduction of any expenses. In the event there is no recovery, Client owes Firms nothing.

ANDREWS & THORNTON, AAL, ALC, and ASK LLP will associate on this matter and have agreed to split any fee collected under the terms of this agreement in the following manner: ████ to ANDREWS & THORNTON and ████ to ASK LLP.

If contingent attorney's fees are limited by law in the state where Client resides or the bankruptcy court, the percentage of the recovery Client owes will be the maximum allowed in Client's state of residence but, the percentages set forth above will be the maximum Client owes.

Client hereby grants the Firms a lien on any and all recovery from the claims which is subject of Firms' representation under this agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

**7.   NEGOTIABILITY OF FEES.**   The rates set forth above are not set by law, but are negotiable between the Firms and Client.

**8.   EXPENSES.** The Firms agree to advance for any and all reasonable expenses associated with the prosecution of client's claim. In the event of a recovery, the Client understands and agrees that Firms will be paid all reasonable costs, charges or expenses made or incurred by the Firms in the Firms' handling of the Client's claim and causes of action, including but not limited to expenses or charges for obtaining medical records, court costs, filing fees, depositions, expert witnesses, expert consultants, copying and review of voluminous documents, postage, research, computerized document management, conference calls, jury consultants, travel, and costs relating to the depositions of defendants' representatives, witnesses, and agents. If a matter requires experience or expertise uncommon to the Firms, outside counsel may be obtained. Client understands that Attorneys may represent numerous other similarly injured clients and Client agrees that the term "expenses" includes general expenses incurred for the benefit of all such similarly injured clients,

Andrews & Thornton | ASK LLP
Attorney-Client Contingency Fee Retainer Agreement

including but not limited to retaining and compensating experts, copying and review of voluminous documents, postage, research, computerized document management, conference calls, jury consultants, travel, and costs relating to the depositions of Debtors' representatives, witnesses, and agents. Such general expenses will be allocated equitably among all benefited claimants (usually in proportion with the client's recovery).

<u>Costs advanced will be payable out of the Client's share of any recovery and will not affect the contingency rate or fees due to the Firms.</u> Client hereby assigns and grants to the Firms as a lien that portion of the gross proceeds recovered that is equal to the total amount of costs and expenses advanced.

Additionally, Client understands that if Client's case proceeds to court action or arbitration, and if Client loses the case, that the court may award the winning party certain fees and/or costs against the Client. Client understands that there may be opportunities to settle such an award without payment.

**9.  RECEIPT AND DISBURSEMENT OF CASE RECOVERY.**   All proceeds of Client's case shall be deposited into one of the Firms' trust accounts for disbursement in accordance with the provisions of this Agreement. Client grants to Firms a power of attorney to execute financial instruments for deposits into Client's trust account. Client will receive an accounting for approval before disbursement.

**10.  POWER OF ATTORNEY TO SIGN FOR CLIENT**. There may be times when it is necessary to submit the Client's signature on documents. Generally, an attempt will be made to obtain Client's signature.  However, in those situations where it is necessary to protect the Client's rights from a deadline, Client authorizes the Firms to sign documents on his or her behalf.

**11.  CONFLICT OF INTEREST: REPRESENTATION OF OTHER INDIVIDUAL CLAIMANTS** Firms represent other individuals whose claims may be pursued in bankruptcy. By its nature, the funds available to claimants in a bankruptcy will be limited, and because the Firms could be representing multiple parties with respect to multiple claims in that bankruptcy, there is a conflict of interest.  By signing this agreement, Client waives any conflict of interest.

**12.    NO GUARANTEES.**  No guarantees have been made as to what amounts, if any, Client may be entitled to recover in this case.

**13.    TERMINATION OF REPRESENTATION.** Either party may terminate the representation at any time, subject to Firms' obligations under the Rules of Professional Conduct and the approval of the court if the matter is in litigation.  In the event the Client recovers nothing or, after investigation, Firms or Client decides not to pursue the claims, Client will not be responsible for any fees, costs or expenses. If, however, Client terminates attorney and pursues a recovery, with or without another attorney, Client agrees to pay attorney the fair rate for time expended on the matters as well as reimbursement of costs and expenses.  If there is any disagreement concerning the fee charged hereunder, the parties agree to submit that disagreement to binding arbitration with the Fee Arbitration Committee of the state bar for a jurisdiction in which the principal attorney(s) handling the matter is licensed.

**14.  REVIEW AND UNDERSTANDING OF AGREEMENT**.   Client acknowledges review and understanding of this agreement, having read its contents in its entirety, and Client understands and

3

Andrews & Thornton | ASK LLP
Attorney-Client Contingency Fee Retainer Agreement

agrees with all of its provisions.  Client acknowledges that Firms, their employees or agents, has made no guarantee regarding the successful determination of client's claim or causes of action, nor any guarantees regarding the amount of recovery or the type of relief, if any, which Client may obtain there from.

This Agreement must be signed by both attorneys and client to be valid.

**ACCEPTED:**

This _____day of _____, **2020**, at _____.
      [Day]              [Month]                   [City, State]


_____
**CLIENT:**



**ACCEPTED:**


By:_____
**ANDREWS & THORNTON, AAL, ALC**
ANNE ANDREWS
JOHN C. THORNTON
Attorneys at Law

**ASK LLP**
ED NEIGER
Attorney at Law


You are entitled to receive a copy of this agreement with signatures by both the Attorney and Client for your records.  If you do not receive a copy of the signed agreement within 30 days of returning it to Attorney, please call and we will send another copy.

PCF: MG

## ATTORNEY-CLIENT EMPLOYMENT AGREEMENT

Clients _____ (referred to as "Client", "Clients", "you", "our" or "us") retain the law firm of Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A., a Florida professional corporation, Pensacola, Florida, (referred to as "Levin Papantonio" or "Law Firm") to provide legal services to us in our claim for damages arising out of Boy Scout Abuse Bankruptcy.

## 1.    CONTINGENT FEE

For legal services performed, Clients agree to pay Law Firm fees and costs. The fees shall be paid as listed below out of the total amount recovered, whether by settlement or suit, which fee is determined on the total gross Clients recover before reduction of costs:

(i)   If recovery occurs before the defendants file an answer to the complaint or demand appointment of arbitrators, the attorneys' fee will be:


OR

(ii)  If recovery occurs after the defendants file an answer to the complaint or demand appointment of arbitrators, or after the time period for this action expires, the attorneys' fee will be:


OR

(iii)   If all defendants admit liability at the time of filing their answers and request a trial only on damages, the attorneys' fee will be:


In addition to the fees noted above, an additional      of any gross recovery will be charged as fees if an appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment, and the proceeding or action is handled in whole or part by Law Firm. If the proceeding or action is handled in whole or part by outside counsel, then the fees owed outside counsel will be subject to a separate agreement between outside counsel and Clients.

In the event a court awards attorneys' fees against the opposing side, the fees paid by the opposing side are included as part of the total amount recovered by Clients for purpose of calculating the contingency fee to be paid by Clients.

**The employment of Law Firm is on a contingent fee basis and unless a recovery is made there will be no obligation by Clients to pay attorneys' fees or costs to Law Firm.**

## 2.    COSTS

If a recovery is made, Clients are responsible to pay all expenses incurred by Law Firm in handling Clients' case, in addition to the attorneys' fees noted above, but in no event will Clients' responsibility for paying costs and fees exceed Clients' recovery.

Costs include but are not limited to: cash and non-cash expenditures for filing fees; subpoenas; depositions; witness fees; in-house and outside investigation services; expert witness fees; medical records and reports; computer research; photographs; in-house and outside photocopies; facsimiles; long-distance calls; postage and overnight delivery charges; mediation fees; travel costs; in-house and outside media services; outside professional fees and costs for resolving medical liens, estate, guardianship, and bankruptcy matters; Medicare set-aside report preparation; and similar expenses incurred in performing legal services for Clients.

All costs advanced on behalf of clients shall bear interest at the prime rate as published by the Wall Street Journal at the time the cost is incurred until such time as the costs are paid.

In the event Clients make a recovery on a claim after representation has been discontinued (whether by withdrawal or discharge), Clients are responsible to pay costs incurred by Law Firm during representation, but only if the Clients ultimately recover.

## 3.     ASSOCIATE COUNSEL

Clients approve the association of N/A as associate counsel and agree that the attorneys' fees discussed above will include fees paid associate counsel, which fees will be divided between Levin Papantonio and associate counsel based upon the contributions, work performed, referral relationship, and value added by each firm. Clients will pay no more in fees with the hiring of associate counsel than if Levin Papantonio alone represented Clients; however, Clients agree to pay costs incurred by associate counsel on Clients' behalf in the same manner as paying Levin Papantonio's costs. Levin Papantonio and associate counsel each will be legally responsible to represent Clients' interests, and each will be available to Clients for consultation. Associate counsel joining in the representation of Clients can do so by signing an addendum that is incorporated as part of this Agreement. The term "Law Firm" as used in this Agreement includes associate counsel.

## 4.     ARBITRATION

Disputes that might arise out of or related to the services performed or failed to be performed under this Agreement (including fees, costs, duty, negligence, contract, or other forms of action), whether involving Levin Papantonio, associate counsel, or any of their attorneys or staff, shall be resolved solely by arbitration pursuant to the Florida Arbitration Code (Fla. Stat. Ch. 682). The arbitration will be conducted by a panel of three arbitrators and each arbitrator shall be an actively practicing attorney in the state of Florida. Clients will select one arbitrator and Levin Papantonio will select one arbitrator, and the two arbitrators will select the third arbitrator. The powers and rulings of the arbitrators shall be determined by a majority of their number, including whether to award attorneys' fees and costs to the prevailing party. As part of this arbitration agreement, Clients and Law Firm waive any right to bring or participate in a class action lawsuit or class action claim against one another in arbitration.

Florida law requires the following language as part of arbitration agreements. **NOTICE: This Agreement contains provisions requiring arbitration of disputes. Before you sign this Agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

## 5.      LEGAL CONSTRUCTION

If any provision, or portion thereof, contained in this Agreement is held invalid, illegal or unenforceable, such will not affect the validity or enforceability of any other provision or portion, which shall be construed as if such invalid, illegal or unenforceable provision was not contained. Similarly, if any provision or portion of this Agreement does not comply with the laws or rules of a state determined to control this Agreement, then this Agreement shall be modified to comply with the laws and rules of the controlling state in a manner best capable of maintaining the intent of this Agreement. Each party may sign a separate counterpart of this Agreement. All such counterparts, taken together, shall constitute one and the same instrument.

## 6.      SEVEN DAY RIGHT TO CANCEL

Clients may cancel this Agreement by written notice to Law Firm within seven (7) days of the date this Agreement is signed, and if canceled, Clients will not be required to pay any attorneys' fees or costs to Law Firm.

## 7.      RECOVERY & RECEIPT OF DOCUMENTS

Clients agree that Levin Papantonio may endorse and deposit into Levin Papantonio's Trust Account, for Clients' benefit, checks received in Clients' name. Clients also acknowledge they have read the attached Client Statement of Rights before signing this Agreement, understand their rights, and have received a signed copy for their records.

**Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.**                    _____

By: _____          By: _____

Date: _____          Date: _____

**N/A**

By: _____          By: _____

Date: _____          Date: _____

# CLIENT STATEMENT OF RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1.    There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2.    Any contingent fee contract must be in writing and you have three business days by law and seven business days under this contract to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within seven business days of signing the contract. If you withdraw from the contract within the first seven business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the seven-day period, you may have to pay a fee for work the lawyer has done.

3.    Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.    Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingent fee contract.

5.    If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6.    You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or

on the amount recovered minus the costs.

7.    You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8.    You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9.    You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.    You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.    If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

**Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.**    _____

By: _____    By: _____

Date: _____    Date: _____

**N/A**

By: _____    By: _____

Date: _____    Date: _____

# AIS

## ABUSED IN SCOUTING

| EISENBERG ROTHWEILER | KOSNOFF LAW | AVA LAW GROUP |
|---|---|---|
| PHILADELPHIA, PA | SAN JUAN, PR | SAN DIEGO, CA |

## PROFESSIONAL EMPLOYMENT AGREEMENT

**I.      Purpose of Representation:** The undersigned hereby agree(s) to employ Eisenberg Rothweiler, Kosnoff Law, and AVA Law Group as attorneys-at-law to represent the undersigned in claims against the Boy Scouts of America. The undersigned agrees that said attorneys are granted the right to associate with other law firms in the prosecution of the claim, if they feel that such is in the client(s) best interests.

**II.      Scope of Representation:** By signing this Engagement Agreement, you understand and agree that AIS Counsel is committing to represent you **only** in connection with the February 18, 2020 bankruptcy filing, or a related global resolution of sex abuse claims against BSA. You have the right to terminate the representation at any time, subject to our right to recoup fees and expenses as provided by law.

**III.      Attorney's Fee:** In consideration for services rendered, it is agreed that the undersigned will pay to said attorneys a sum equal to ▮▮ of any amount recovered, whether by compromise before suit is filed, or compromise or judgment after suit is filed. The ▮▮ attorney's fee shall be split: ▮▮ to Eisenberg Rothweiler, ▮▮ to Kosnoff Law, and ▮▮ to AVA Law Group. It is agreed that the undersigned will owe no fees to said attorneys if nothing is received or recovered on behalf of the undersigned.

**IV.      Expenses**: After deduction of said attorney's fees from any recovery, it is agreed that the undersigned will reimburse said attorneys for any court costs, medical records retrieval costs, cost of carry, and other expenses incurred or advanced by said attorneys in handling such claims on behalf of the undersigned. It is agreed that the undersigned will owe no expenses to said attorneys if nothing is received or recovered on behalf of the undersigned.

SIGNED AND AGREED on this_____day of_____20___.

**AGREED and APPROVED:**

Client's Printed Name: _____

Client's Signature: _____

Client's SSN: _____

Client's DOB:_____



JUNELL & ASSOCIATES, PLLC
3737 BUFFALO SPEEDWAY, SUITE 1850
HOUSTON, TEXAS 77098
(713) 351-0350
www.junell-law.com
EMAIL: bsa@junell-law.com

# POWER OF ATTORNEY AND EMPLOYMENT AGREEMENT
## BOY SCOUTS LITIGATION

This Employment Agreement ("Agreement") between _____ ("Client"), and **Junell & Associates, PLLC** ("Attorneys" or "J&A"), is for legal representation in prosecuting the Client's causes of action. Client authorizes Attorneys to investigate, institute and prosecute a lawsuit for Client's causes of action against **The Boy Scouts Of America** ("Defendant") arising from injuries relating to Client's sexual abuse as a minor.

**CONTINGENT FEE.** The fee to be paid will be a percentage of the "gross recovery". The term "gross recovery" means the total of all amounts received by settlement, arbitration award or judgment and shall include any amount received from the Extraordinary Injury Fund (EIF). The fee will be calculated before the deduction of any costs, liens and expenses as set forth below, which will remain the responsibility of Client to be paid from the portion of any amounts received by Client after deduction of the fee. The Attorneys' fee shall be calculated as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮**of the gross recovery**. **If the Attorneys are not successful in obtaining a recovery for Client, the Client will not owe any fees or expenses to the Attorneys.**

**EXPENSES.** Client agrees that the Attorneys will advance all costs and expenses which, in the opinion of the Attorneys, are reasonably necessary for the development of the case, and that those expenses will be reimbursed from the net recovery after attorney fees are deducted. Such expenses include, but are not limited to, filing fees, expert fees, investigator fees, depositions, postage, couriers, medical records, nurse and medical review performed by a third-party medical review company, and/or other third-party vendors, reasonable travel expenses incurred on behalf of the Client, and common expenses that are properly chargeable for the investigation, preparation, trial and/or settlement of more than one client's cause of action. Common expenses are routinely shared by more than one claimant and shall be deducted from the client's recovery in an equitable and reasonably proportionate manner. Client understands that the expenses, which have been advanced, will be deducted from the net proceeds payable to the Client after deduction of attorneys' fees. **If Attorneys do not obtain a settlement or recovery for the Client, then the Client is not responsible for and will not pay any fees or expenses to the Attorneys.**

**ASSOCIATE COUNSEL.** Client understands and agrees that J&A may associate other lawyers to assist in representing Client, subject to Client's consent. The Client will pay no more in fees with the inclusion of associate counsel than the Client would pay pursuant to this contract if J&A solely represented Client. Any fee sharing among Associate Counsel, consented to by Client, shall be after deduction of any court imposed steering committee fees. However, Client agrees to pay costs incurred by associate counsel on Client's behalf in the same manner and to the same extent that Client has agreed to pay J&A's costs.

**SETTLEMENT NEGOTIATIONS / GROUP SETTLEMENT.** No settlement shall be made without Client's consent and approval. Client agrees to seriously consider any settlement offer Attorneys recommend before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Attorneys. Client grants Attorneys the power of attorney to execute all documents connected with the claim for the prosecution of which the attorney is retained, including pleadings, contracts, checks or drafts, settlement agreements, compromises, releases, verifications, dismissals, and orders, as well as all other documents which the Client could properly execute. Client understands this suit may be handled as part of a larger number of cases which may be aggregated for settlement and/or trial preparation. Client understands that as a part of an aggregate settlement, Client may be subject to a multidistrict litigation fee assessment ordered by an MDL judge to reimburse court-appointed attorneys for the organization of nationwide litigation and that this fee may not be considered part of the ▮▮▮▮contingent fee owed to J&A Attorneys. Client authorizes the Attorneys to enter into aggregate settlement negotiations and to disclose

1

the amount of the proposed settlement, the nature and extent of Client's injuries, and other factors relevant to the evaluation of settlement values to other clients whose cases are included in the aggregate of cases.

**CLIENT ACKNOWLEDGMENTS.** Client understands that the statute of limitations period for his/her case must be investigated and that this agreement is made subject to that investigation as well as the investigation of Client's entire case. Client agrees to cooperate with the Attorneys at all times, to comply with reasonable requests, and to ensure that Attorneys are regularly apprised of current contact information, including address, phone numbers and email. In the event that Client needs to report any changes, Client will call (713) 351-0350 or email the Attorneys at bsa@junell-law.com as soon as possible. Client agrees to immediately inform Attorneys of any and all liens and potential liens on Client's settlement, including healthcare liens and any loans Client may obtain using this cause of action as security. Client also authorizes Attorneys to disclose information necessary to the advancement of Client's case to third parties, including, but not limited to, lien resolution providers, trustees, and finance/bank vendors. Client understands and agrees that all communications with Defendant and/or Defendant's counsel shall be through Attorneys, and Client will not engage in communications with Defendant and/or Defendant's counsel. Client understands and agrees that information regarding Client's lawsuit is strictly confidential and shall not be discussed with anyone other than the Attorneys and staff representing Client. Therefore, Client will not share information relating to Client's claims on social media platforms. Client understands that Attorneys have made no guarantee or assurances regarding the likelihood of success of Client's claim.

**PRE-SETTLEMENT FUNDING.** Client represents he/she has not received pre-settlement funding from third party lenders related to this litigation or Client has informed Attorneys of any outstanding pre-settlement funding lien held by third party lenders related to this litigation. Client understands that J&A does not recommend that clients obtain pre-settlement funding based upon a contingent settlement due to the extremely high rate of interest incurred over time. Client understands that if Attorneys are successful in obtaining a settlement or recovery, the full loan amount, including any accrued interest, will be deducted from any amount of gross recovery. Client understands that Attorneys have no obligation to negotiate with third-party lenders on Client's behalf and that any dispute arising out of the third-party loan will not be handled by Attorneys.

**TERMINATION.** Attorneys may withdraw from representation of Client (a) with Client's consent (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this contract, Client's refusal to cooperate with Attorneys or to follow Attorneys' advice on a material matter or any other fact or circumstance that would render Attorneys' continuing representation unlawful, unethical or unreasonably difficult. Attorneys will maintain Client's file in an electronic format for four (4) years after this matter is concluded. Client may request the file at any time during, upon conclusion of, or after conclusion of, this matter. Thereafter, the file may be destroyed without further notice to Client. Client's file consists of all documentation pertaining to Client's individual case, including medical records, settlement documents provided to Client, correspondence between Attorney and Client, Attorney notes and work product relating to Client's case, invoices and billing records related to expenses charged to Client, and communication between Attorneys related to Client's case specifically.

**BANKRUPTCY.** Client represents he/she is not involved in a current bankruptcy or Client has informed Attorneys of involvement in any past or current bankruptcies and Client has notified the bankruptcy trustee of potential recovery. Client understands that filing for bankruptcy in the past or at any point throughout this litigation may impact the Client's ability to retain some or all of any recovery in this matter. By law, the trustee of the bankruptcy estate must be put on notice of the settlement and may choose to re-open the bankruptcy and may claim a portion or all of the settlement money. Client understands that Attorneys are being retained for this litigation only and do not represent Client in any capacity related to re-opened or future bankruptcy filings. Additionally, the client agrees to pay any additional bankruptcy processing fees incurred by a third-party bankruptcy coordination team which are required to disburse settlement funds. Client understands that he or she is obligated to keep the Attorneys informed of any bankruptcy filing. Client further understands that failure to disclose this lawsuit in a bankruptcy proceeding may result in a dismissal of this lawsuit and possibly sanctions by the bankruptcy court.

**ESTATE, GUARDIANSHIP AND/OR PROBATE**. The employment for an estate, guardianship, or probate matter is based on hourly work and is not covered under this contingent fee agreement. In the event a recovery is made, Client understands that Attorneys do not specialize in complex guardianship and/or probate matters and that the guardian or estate representative will be responsible for obtaining local counsel to assist in probate or guardianship matters. The Client agrees that any additional probate processing fees, to include attorney and paralegal fees plus probate costs, will be deducted from the guardian or estate's net share of any fees recovered as an added expense. However, there remains no obligation to reimburse fees or costs incurred on the client's behalf if Attorneys make no recovery.

2

**GENERAL PROVISIONS**. This Agreement contains the entire Agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect. This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**DISPUTE RESOLUTION BY ARBITRATION.** THIS CONTRACT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. CLIENT AND ATTORNEY HEREBY AGREE THAT ALL DISPUTES, CONTROVERSIES, CLAIMS OR DEMANDS ARISING OUT OF OR RELATING TO INTERPRETATION, ENFORCEMENT OR ALLEGED BREACH OF THIS CONTRACT SHALL BE SUBMITTED TO BINDING ARBITRATION, WHICH SHALL ONLY BE BROUGHT IN HARRIS COUNTY, TEXAS, WHERE THIS CONTRACT IS TO BE PERFORMED. ANY SUCH ARBITRATION SHALL PROCEED IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION INCLUDING THE SELECTION OF ARBITRATORS. THE ARBITRATION AWARD SHALL BE FINAL, BINDING AND NON-APPEALABLE. ANY FEES AND EXPENSES REASONABLY INCURRED THROUGH SUCH ARBITRATION SHALL BE REIMBURSED BY THE LOSING PARTY TO THE PREVAILING PARTY. CLIENT AGREES AND ACKNOWLEDGES THAT HE OR SHE WAIVES THE RIGHT TO LITIGATE IN COURT OR TO ARBITRATE ANY CLAIM OR DISPUTE ARISING UNDER THIS CONTRACT AS A CLASS ACTION, EITHER AS A MEMBER OF A CLASS OR AS A REPRESENTATIVE. THE PROVISIONS OF THIS ARBITRATION AGREEMENT SHALL SURVIVE THE TERMINATION OF THIS CONTRACT FOR ANY REASON WHATSOEVER.

The Client acknowledges that he or she has read this Agreement in its entirety and that he or she fully understands the terms and conditions of this Agreement, and that he or she agrees to abide by its terms.

CLIENT: Signature: _____          Date: _____

Client: Printed Name: _____

Client's DOB: _____          Client's SSN: _____

Primary Mailing Address: _____          Phone Numbers

_____          Home:_____

_____          Mobile:_____

ATTORNEY Signature: _____

Junell & Associates, PLLC
3737 Buffalo Speedway, Suite 1850
Houston, Texas 77098
(713) 351-0350
www.junell-law.com
Email:  bsa@junell-law.com

3



## <u>POWER OF ATTORNEY AND EMPLOYMENT AGREEMENT: BOY SCOUTS OF AMERICA ABUSE LITIGATION</u>

This Agreement between _____ (the "Client"), _____, Reich & Binstock, LLP ("RB"), and Shapiro Legal Group, PLLC ("Shapiro") (collectively, the "Attorneys"), is for the legal representation in prosecuting Client's cause(s) of action for damages and personal injuries against the Boy Scouts of America.

Client hereby retains and employs Attorneys to represent Client only in connection with the February 18, 2020 bankruptcy filing or related global resolution of sex abuse claims against the Boy Scouts of America. Client understands that this contract for legal services is for representation for client's claims against the Boy Scouts of America only. It does not extend to any probate, tax advice, criminal defense, divorce or other kind of legal service or proceeding.

Client requests a contingency fee contract rather than an hourly fee and grants Attorneys a lien to assure payment of percentage fee and costs from any recovery. Client conveys to the Attorneys the present undivided interest in the above claim the amount of ▮▮▮▮▮▮▮▮▮▮▮ of the gross amount of the total sum collected. **If the Attorneys are not successful, the client will not owe any attorney fees or case expenses to the Attorneys.**

Attorneys will advance all of the court costs and other expenses, including common costs that are reasonably necessary for the investigation, preparation, and/or settlement of this matter. All such costs and expenses, including common costs, advanced or incurred by the Attorneys shall be deducted from any settlement out of the Client's portion of recovery. The Attorneys' contingent fee shall be computed on the total recovery without deduction for court costs, expenses, common costs, or disbursements.

The terms "costs and other expenses" include, without limitation: filing fees, court costs, expert witness fees for evaluation, expert reports, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, service of citations, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys in their professional judgment, determine to be reasonably needed to the prosecution and/or settlement of the Claims of the Client.

**The Client expressly understands that, in the event that no recovery is obtained on the Client's claim, the Attorneys will make no charges for his or her time, services, fees, costs, or other expense which may have been advanced.**

No settlement shall be made without Client's approval and permission. Client grants Attorneys the power of attorney to execute all documents connected with the claim for the prosecution of which the attorney is retained, including pleadings, contracts, checks or drafts, settlement agreements, compromises, releases, verifications, dismissals, and orders, as well as all other documents which the Client could properly execute.

The Client acknowledges and agrees that each of the Attorneys will assume joint responsibility for the representation and prosecution of the Client's claim(s). It is understood and expressly agreed to by the Client that, at the conclusion of the case, if a recovery is made on the Client's behalf, Attorneys' fee will be shared by each of the Attorneys as follows: RB will receive ▮▮▮▮ and Shapiro will receive ▮▮▮▮

The Client shall keep the Attorneys advised of his/her current address and telephone numbers at all times, shall appear on reasonable notice at any and all depositions and court appearances, and shall comply with all reasonable requests from the Attorneys in connection with the preparation of the Client's claim and causes of action.

Repayment to third parties that paid the Client's medical expenses may be required by contract or statute. Such payment obligations shall be the Client's responsibility and shall be paid out of the Client's settlement proceeds. By the Client's signatures on this employment contract, Client grants the Firm(s) a lien and security interest in Client's case or claim to secure payment of all sums due under this contract for legal services rendered and cost advanced, if any.

The Attorneys may, at their option, withdraw from the case and cease to represent the Client for any reason. If the Attorneys exercise this right, they shall notify the Client in writing and forward said notice to the Client's last known address. In the event the Attorneys exercise their right to close the case, the Client will not owe the Attorneys any attorney fees or expenses.

Arbitration proceedings are private, while trials are public; arbitration has unique methods of choosing the persons who will serve as the arbitrators; and arbitration may be more expensive than judicial proceedings in that the parties must pay higher costs.

Client agrees that any dispute whatsoever out of this agreement, including disputes regarding fees or the proper and reasonable rendition of legal services, will be resolved by arbitration, to take place in Harris County, and governed by Texas law. Such arbitration will take place before three arbitrators. Client will choose one, Attorneys will choose one, and the arbitrators chosen by Client and Attorneys will mutually choose the third arbitrator. Any court action to compel arbitration or enforce any arbitration award relating to this agreement must be initiated in Harris County, Client agrees that the arbitrator will apply Texas law to any dispute relating to this agreement. Client specifically has read, understands, and agrees to the terms laid out in this Paragraph.

A statute of limitations is a deadline that is established by law or contract that determines the deadline by which a person with a legal claim must file a lawsuit to preserve their claim. Attorneys cannot determine Client's statute of limitations deadline and the proper parties against whom Client's potential claims could be made without investigating Client's claims and statute of limitations. Therefore, Client agrees Attorneys' scope of representation is limited to the extent that Attorneys' obligation to file a lawsuit on behalf of the Client shall arise only after Attorneys have had a reasonable opportunity to investigate Client's claims and statute of limitations. If, after completing their

investigation, Attorneys determine Client's statute of limitations <u>has not passed</u>, Attorneys shall file a lawsuit for Client's claims within a reasonable time after such determination is made.  Client understands the Courts may disagree with Attorney's determination of Client's statute of limitations deadline.  If, after completing their investigation, Attorney's determine Client's statute of limitations <u>has passed</u>, then Attorney's may withdraw from representing Client and Client shall not be obligated to pay any fees or expenses or costs to the Attorneys.  Client understands that the statute of limitations to file Client's lawsuit may have already passed prior to hiring Attorneys or could pass soon after Client hires Attorneys, or while Attorneys' investigation is ongoing.  Client understands another law firm might be willing to represent Client without the limitations on Attorneys' representation contained in this section.

This agreement represents the final and mutual understanding of the parties. It replaces and supersedes any prior agreements or understandings, whether written or oral. This agreement may not be modified, amended, or replaced except by another signed written agreement.

The Client acknowledges that he or she has read this Agreement in its entirety, which is three (3) letter size pages in length, that he or she fully understands the terms and conditions of same, and that he or she agrees to abide by its terms.

EXECUTED on the _____ day of _____, 20 __.

Client Signature: _____

Client Printed Name: _____

Client Telephone Number: _____

Client Address: _____

REICH & BINSTOCK, LLP: _____

MARC J. BERN & PAR1NERS
101 West Elm Street Suite
215
Conshohocken, PA 19428                                     (800) LAW-5432

## CONTINGENT FEE AGREEMENT

I, the undersigned client, do hereby retain and employ MARC J. BERN & PARTNERS as my attorneys to represent me in a claim for all damages relating to the sexual misconduct, abuse, assault and/or exploitation committed by the Boy Scouts of America or any person, firm or corporation affiliated with the Boy Scouts of America.

I further authorize MARC J. BERN & PARTNERS to employ any other additional legal assistance that they deem needed to fully represent my interests. Any fees for additional legal assistance will be determined by MARC J. BERN & PARTNERS and paid by them from their fee as prescribed by this agreement. I agree and endorse whatever agreement they make as being in my best interest.

It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, I will not be indebted to MARC J. BERN & PARTNERS for any attorney's fees.

If there is a recovery of money damages, whether by way of settlement, verdict, or judgment, I agree that MARC J. BERN & PARTNERS shall receive ███████████ of said gross settlement, verdict or judgment as compensation for their professional services, plus all actual costs incurred to process my successful claim. These costs will include, but not limited to, investigative fees, filing costs, medical reports, discovery costs, photographic costs, transportation costs, and other sin1ilar expenses related to this case.

I also agree and understand that their employment is contingent upon whether future developed facts clearly indicate there is a cause of action against any defendant. In the event that such facts are not developed, I will be so advised by MARC J. BERN & PARTNERS and their representation will then terminate with no further financial obligations on my part.

I have read this agreement, and understand its contents, and acknowledge having received a copy of this agreement.

DATED THIS _____ DAY OF_____, 2020

_____
SIGNATURE OF CLIENT

_____
PRINT NAME

_____
STREET

_____
CITY                    STATE     ZIP

# EMPLOYMENT BOY SCOUTS OF AMERICA LITIGATION (Krause and Kinsman, LLC)

The undersigned, called "Client": _____ (client's printed name, or if deceased, name of client <u>and</u> decedent as: (client) individually and as representative of the estate and/or the successor in interest of (decedent)), hereby employs Krause & Kinsman, LLC (Krause and Kinsman) as my attorneys to represent me in all claims, suits, or other matters arising out of and resulting from personal injuries suffered by me or decedent related to Boy Scouts of America. Further, unless otherwise specifically agreed in writing, the Firm is only representing Client and will not pursue a claim for loss of consortium.

1.  **THE FIRM'S AUTHORITY.** Client fully authorizes and directs the Firm to manage and handle my claims as they deem proper and to investigate and prosecute them, with or without filing a lawsuit, in any manner they deem advisable. Client authorizes the Firm to deliver in my name any and all notices, receipts, authorizations, releases, pleadings and any other documents proper in and to the handling of my claims. Client authorizes the Firm to use their professional judgment and any relevant documents, records, or other information that the Firm deems necessary to proper representation of Client. If, at any time, the Firm determines, for any permissible reason, that prosecution of Client's claims should be discontinued, the Firm may withdraw from my representation. Client understands and agrees that the Firm may transmit Client's protected health information electronically in the course of representing Client.

2.  **CLIENT'S COOPERATION.** Client agrees to cooperate fully with the Firm, disclose all relevant facts and promptly advise the Firm of any change in address or telephone number, and to promptly comply with all reasonable requests of the Firm on all matters related to this contract. Client understands that failure to fully cooperate may be a basis for termination of this contract. Client agrees not to attempt on his/her part to unilaterally settle the claims made the subject of this contract. The Client will rely exclusively upon the representation of the Firm during any settlement negotiations. **No settlement will be made without the Client's consent.**

3.  <u>**CONTINGENT FEE ARRANGEMENT.**</u>  For such professional services, we the Client agree to pay an attorneys' fee of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The attorney's fees shall be paid as set forth below out of the total amount recovered, whether by settlement or suit, which fee is calculated on the total gross recovery before reduction of costs, court imposed fees or assessments, and expenditures. This employment is upon a contingent fee basis and **unless a recovery is made there will be <u>no</u> obligation by the client to pay attorney's fees to the firm.**

4.  **EXPENSES PAID BY THE FIRM.** The Firm agrees to advance any and all reasonable expenses associated with the prosecution of client's claim. **Expenses advanced by the Firm will be repaid to it, together with interest therein or the cost of credit thereon, from any recoveries made**. **In the event no recovery is made, no repayment of expenses advanced will be required**. Advanced expenses that shall be reimbursed include office expenses attributable to the representation, other than general overhead expenses. Such reimbursable office expenses shall include, but are not limited to, internal document copying and scanning at $0.25 per page, document copying and scanning performed by others, photograph, video and document imaging expenses and reproduction thereof, mileage at the rate allowed by the Internal Revenue Service, travel, and all airfare, mileage, legal research and investigation charges, long distance telephone charges, fax and electronic mail expense and postage. The reimbursable expenses will also include any and all expenses or costs paid to or for persons, entities or businesses outside the firm which are related to the representation, including but not limited to, experts and their staffs; jury consultants; specialized legal counsel for bankruptcy proceedings initiated by defendants; Medicare/ Medicaid, hospital lien, and subrogation resolution services; interpreters; investigators; medical record retrieval, Verus, LLC third party support, court reporters; videographers; and document imaging companies and personnel. Client understands the Firm may be representing multiple clients and agrees that in representing multiple clients many of the expenses incurred are common case expenses, which are costs and expenses incurred for the benefit of multiple clients, including expert witness fees, depositions of defendants, experts, and non-party witnesses, settlement conferences, trial expenses, filing fees, copy costs, and other expenses that are incurred for purposes of influencing the outcome of multiple clients' claims. **Client agrees the expenses that I am required to reimburse, if there is a recovery, include not only expenses for my own claims, but also the common case expenses.** All costs advanced on our behalf, whether individually and/or common benefit, shall bear interest at the rate of one percent (1%) per month (12% per year) until such time as the costs are paid by us.

5.  **MULTIPLE CLIENTS.** Client understands and agrees that the Firm may be representing more than one client in this matter and that the following aspects of joint representation have been disclosed: (1) the Client might gain or lose some advantages if represented by separate counsel; (2) the Firm cannot serve as an advocate for one client against another client; (3) the Firm must deal impartially with every client; (4) information received by the Firm from or on behalf of any jointly represented client concerning the matter may not be confidential or privileged as between the jointly-represented clients; and (5) if a conflict arises between clients, the Firm might not be able to continue representing any of the clients involved. **Client consents to the Firm representing more than one client in this matter.**

6.  **ARBITRATION.** This agreement shall be governed by and interpreted under Missouri substantive law except that any controversy or claim arising from or related to this agreement or any breach thereof shall be resolved by binding arbitration governed by the Federal Arbitration Act and administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules with mandatory venue in Jackson County, Missouri, and judgment on an arbitration award may be entered in any court having jurisdiction thereof in the State of Missouri. Client and the Firm agree the arbitrator(s) shall not order or allow consolidation or arbitration on a class wide or representative basis. If any provision of this agreement shall be held to be invalid, illegal, unenforceable, or in conflict with the law of any jurisdiction, the validity, <u>legality and enforceability of the</u> remaining provisions shall not in any way be affected or impaired thereby.

8.    **NO SOLICITATION OF CLIENT.**  By signing and entering into this agreement, Client hereby affirms that Client's case was not solicited by the Firm, the agreement is not being entered into as a result of promises of money, no promises of a successful recovery have been made to Client, and Client has freely and voluntarily entered into this agreement.

9.    **POWER TO SIGN.**  Client hereby gives permission for Krause & Kinsman to sign documents on their behalf during and for this litigation only including all documents related to the bankruptcy proceeding.


EXECUTED this _____  day of _____, 20_____.



**READ AND ACCEPTED BY:**

                                                                        **APPROVED AND ACCEPTED:**
                                                                        **Krause & Kinsman,  LLC**
_____
**CLIENT SIGNATURE**


                                                                        _____
_____          **for THE FIRM**
**STREET ADDRESS**


_____
**CITY, STATE, ZIP**


_____
**TELEPHONE NUMBER**


_____
**EMAIL**



5555 San Felipe St., Suite 900, Houston TX 77056
info@bchlaw.com • 866-716-8300 • www.bchlaw.com

# POWER OF ATTORNEY AND RETAINER AGREEMENT
# RELATED TO BOY SCOUTS OF AMERICA CLAIMS

_____ ("Client") hereby hires and retains the law firm of **Bailey Cowan Heckaman PLLC ("BCH")**, a Texas Professional Limited Liability Company (herein referred to as "Attorneys"), to represent Client, as set forth herein:

**SCOPE.** This Power of Attorney and Retainer Agreement ("Agreement") is between Client and Attorneys for legal representation in pursuing the Client's causes of action related to personal injuries and suffering against or related to the Boy Scouts of America for sexual-related abuse or infractions. Client authorizes Attorneys to investigate, institute, and prosecute a lawsuit or other claim for Client's causes of action against any and all responsible parties arising from any said injuries or suffering.

**CONTINGENCY FEE.** In consideration of the services to be rendered to Client by Attorneys, Client hereby assigns, grants and conveys to Attorneys a contingency fee of ███████████████ interest in the gross amount of the total sum collected, whether collected either before or after suit is filed. If an appeal is filed in Client's case or claim (hereinafter "Case") (for which the decision to appeal shall be based solely upon BCH's judgment and discretion), then the foregoing contingency fee of ████████████ shall be increased to ████████████ however, the Attorneys are not obligated to represent Client in any appeal. Unless contrary to law or ethics rules, attorneys' contingency fee shall be deducted from the gross recovery before any other deductions from such recovery are made.

**EXPENSES.** Client agrees that the Attorneys will advance all costs and expenses which, in the opinion of the Attorneys, are reasonably necessary for the development and litigation of Client's Case, and that those expenses will be reimbursed from the Client's net recovery after attorneys' fees are deducted, unless prohibited by applicable law or ethics rules. Such expenses include, but are not limited to, filing fees, claims submission fees and costs, expert fees and expenses, investigator fees and expenses, depositions, postage, couriers, medical lien resolution, bankruptcy resolution, probate, medical records and evaluations, certain tasks performed by third-party vendors where determined by Attorneys to be reasonable and necessary for the success of the Client's Case and/or the related litigation or claims and where permissible by law (such as, by way of example and not limitation, preparation of plaintiff's fact sheet and claims submission forms, where applicable), Client identification and verification services, reasonable travel expenses incurred on behalf of the Client, court-approved or -mandated assessments, and common benefit expenses, all that are properly chargeable for the investigation, preparation, trial and/or settlement of more than one client's cause of action. Common benefit expenses— i.e., those expenses that benefit more than one client's Case—are routinely shared by more than one claimant and shall be deducted from the client's recovery in an equitable, ethical, and reasonably proportionate manner. Client understands that the expenses that have been paid in advance on Client's behalf (whether Case-specific expenses or common benefit expenses) will be deducted from the net proceeds payable to the Client after deduction of attorneys' fees. **If the Attorneys do not obtain a recovery for Client through settlement, trial, appeal, or otherwise, the Client will not owe any reimbursement of advance expenses to the Attorneys.**

**ASSOCIATE COUNSEL.** It is expressly understood that the Attorneys may associate other attorneys outside of BCH to assist in representation of Client's claims, subject to Attorneys' determination that it is in Client's interest to retain additional attorneys to provide legal services, as well as subject to future, advance approval by Client of (1) the specifically identified associate attorneys and (2) the associated attorneys' role and percentage fee interest in the Case. **The Client will pay no more in fees with the inclusion of associate counsel than the Client would pay pursuant to this contract if solely Attorneys represented Client.** However, subject to future approval by Client of the specifically identified associate attorneys, as well as their role and percentage fee interest in the Case, Client agrees to pay costs/expenses incurred by associate counsel on Client's behalf in the same manner and to the same extent that Client has agreed to pay BCH's costs/expenses, as discussed in the previous section entitled "EXPENSES."

**SETTLEMENT NEGOTIATIONS / GROUP SETTLEMENT.**  No settlement shall be made without Client's consent and approval, and likewise, Client agrees not to make a settlement without fully informing and consulting with the Attorneys.  Client will not unreasonably withhold consent to a settlement proposal which, in the judgment of the Attorneys, is fair and reasonable.  Client grants Attorneys the power of attorney to execute all documents connected with the claims for which the Attorneys are retained, including pleadings, contracts, checks or drafts, settlement agreements, compromises, releases, verifications, dismissals, and orders, as well as all other documents that the Client might properly execute.  Client understands this suit may be handled as part of a larger number of Cases which may be aggregated for settlement and/or trial preparation.  Client authorizes the Attorneys to enter into aggregate settlement negotiations on behalf of numerous clients in one or more groups and to disclose, as necessary for purposes of such settlement negotiations, information relating to the amount of the proposed settlement, any individual settlement offers, the nature and extent of Client's injuries, and other information and factors reasonably related to the evaluation and consummation of any proposed aggregate settlement.  Attorneys shall provide Client information related to the terms of such aggregate settlements, or any settlement involving Client, as required by applicable ethics rules.

**CLIENT ACKNOWLEDGMENTS.**  CLIENT ACKNOWLEDGES THAT THE STATUTE OF LIMITATIONS ON CLAIMS COVERED UNDER THE "SCOPE" SECTION OF THIS AGREEMENT MAY ALREADY HAVE PASSED, AND THAT CLIENT'S LEGAL RIGHTS MAY BE TIME-BARRED OR OTHERWISE BARRED BY OPERATION OF LAW AS A RESULT.  Client hereby certifies and represents that they have not retained and will not retain other attorneys to prosecute these same claims while represented by Attorneys.  Client agrees to cooperate with the Attorneys at all times, to comply with reasonable requests, and to ensure that Attorneys always has Client's current contact information, including address, phone numbers, and email.  In the event that Client needs to report any changes, Client should call 866-716-8300 or email the Attorneys at info@bchlaw.com as soon as possible.  Client understands that the Attorneys cannot successfully represent Client's interests without the active assistance and cooperation of Client, and that Attorneys retain the right to terminate representation of Client for lack of cooperation, including but not limited to failure to provide necessary information, records, or response to legal questions and other legal requirements of Client's claim(s).  Client understands that numerous deadlines may apply to its claim(s) and that Attorneys cannot be held responsible when a deadline is missed due to delays in receiving or assessing necessary information, records, or other legal requirements associated with the deadline.  **Client understands that Attorneys have made no guarantee or assurances regarding the likelihood of success of Client's claim(s).**  Client understands that upon resolution of our representation that the Attorneys may dispose of our file and any materials related thereto pursuant to Attorneys' document retention policy and applicable law or court rulings without any further action or approval on our behalf.

Client consents to being contacted by Attorneys at any telephone number (or on any telephonic device) or electronic mail address furnished to the Attorneys by Client, including receiving Case updates, advertisements, and telemarketing messages by text message, email, pre-recorded call, or any other form of electronic communication (including but not limited to "push" notifications to a smartphone) any of which may be automatically generated through a computerized source ("electronic communication").  Client acknowledges that his or her consent to electronic communication is not required for Attorneys' continued legal representation of Client as described herein; however, Client further acknowledges that if s/he wishes to opt out of one or more types of electronic communication with Attorneys, s/he must contact Attorneys at info@bchlaw.com and make such preference(s) known.  Client acknowledges that standard message and data rates may apply with regard to electronic communication, and that by signing below, s/he consents to being contacted by Attorneys through electronic communication and acknowledges his or her agreement to the above terms and conditions.

**TERMINATION.**  If Client terminates this agreement, Client agrees to compensate Attorneys for their full contingent share of any settlement of or judgment on the claim(s) for the prosecution of which Attorneys are hereby retained.  If at any time during the course of investigating, preparing, handling or prosecuting Client's claim(s), the Attorneys make a good faith determination that further action is untenable or a successful conclusion is unlikely, or in the event that Client becomes uncooperative or unresponsive to Attorneys, then Client agrees that Attorneys have the right to withdraw from this Case by mailing notice via certified mail, return receipt requested, to the last known address of Client.

**CHOICE OF LAW/DISPUTE RESOLUTION BY ARBITRATION.** THIS CONTRACT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. CLIENT AND ATTORNEY HEREBY AGREE THAT ALL DISPUTES, CONTROVERSIES, CLAIMS OR DEMANDS ARISING OUT OF OR RELATING TO INTERPRETATION, ENFORCEMENT OR ALLEGED BREACH OF THIS CONTRACT SHALL BE SUBMITTED TO BINDING ARBITRATION UNDER THE TEXAS ARBITRATION ACT, WHICH SHALL ONLY BE BROUGHT IN HARRIS COUNTY, TEXAS, WHERE THIS CONTRACT IS TO BE PERFORMED. ANY SUCH ARBITRATION SHALL PROCEED IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, DALLAS, TEXAS, INCLUDING THE SELECTION OF ARBITRATORS. THE ARBITRATION AWARD SHALL BE FINAL, BINDING AND NON-APPEALABLE. ANY FEES AND EXPENSES REASONABLY INCURRED THROUGH SUCH ARBITRATION SHALL BE REIMBURSED BY THE LOSING PARTY TO THE PREVAILING PARTY. THE PROVISIONS OF THIS ARBITRATION AGREEMENT SHALL SURVIVE THE TERMINATION OF THIS CONTRACT FOR ANY REASON WHATSOEVER. **THIS AGREEMENT IS SUBJECT TO THE TEXAS ARBITRATION ACT.**

**STATE BAR NOTICE.** The State Bar of Texas investigates and prosecutes professional misconduct committed by attorneys. Although not every complaint against or dispute with a lawyer involved professional misconduct, the State Bar, Office General Counsel, will provide you with information about how to file a complaint. For more information, please call (800) 932-1900. This is a toll free telephone call.

The Client acknowledges that he or she has read this Agreement in its entirety and that he or she fully understands the terms and conditions of this Agreement, and that he or she agrees to abide by its terms.

CLIENT #1 Signature: _____    Date: _____

Client #1 Printed Name: _____

Client #1 DOB: _____

Client #1 SSN: _____

Primary Mailing Address: _____

_____

_____

Contact Information

Home:_____

Mobile:_____

Email: _____

ATTORNEY Signature: _____

BAILEY COWAN HECKAMAN PLLC
5555 San Felipe St., Suite 900
Houston, Texas 77056
(866) 716-8300 Toll-Free
(713) 425-7101 Facsimile
info@bchlaw.com

## CONTINGENT FEE CONTRACT FOR LEGAL SERVICES

**Client**: _____

1) The law firm, Jason J. Joy & Associates, PLLC (the "Attorneys" or "Firm") will represent Client against the Boy Scouts of America in the Chapter 11 Bankruptcy case, and will investigate and may represent Client in any other case related to abuse while a boy scout. If Client's spouse signs below, the representation will include the spouse's claim for Loss of Consortium. No claim against any of Client's doctors is included and no so such claim against a doctor will be pursued by Attorney. If appropriate, the Firm will represent Client, assert and/or dismiss claims, litigate claims, and/or settle claims. Client has the ultimate authority over the decision to settle.

2) <u>Client's Cooperation</u>: Client is seeking legal services. Client agrees to cooperate fully with the Firm, disclose all relevant facts to the Firm, and promptly comply with all reasonable requests of the Firm on all matters.[1] Client will immediately update Firm if their contact information changes.

3) <u>The Firms' Right to Withdraw</u>: Law Firm may resign if necessary and if permitted by ethical rules. If for any reason the Firm no longer wishes to represent Client, the Firm are authorized and permitted to cease all work on Client's behalf and withdraw from its representation of Client by sending to Client's last known address (by regular mail), written notice of the Firms' intention to withdraw. The Firms and Client agree that upon such withdrawal, the Firms shall cease to be Client's counsel and Client will have the right to seek new counsel.

4) <u>Statute of Limitations on Client's Claims</u>: The Firm will investigate Client's potential claim and in its sole discretion determine whether to bring a claim on Client's behalf. Client understands that the Firms will not be able to fully evaluate the potential claim until Client has provided enough evidence to prove the alleged harm, injuries, and/or damages. Client also understands that it will take the Firms a *minimum* of forty-five (45) days after receipt of such information to evaluate Client's potential claim. Client understands that Client's claim is subject to a statutory time limit that may expire during the Firms' investigation. Client understands that Defendant(s) may attempt to have Client's claims dismissed based upon those statutes of limitations. Client understands that the statute of limitations in Client's case may have expired before Client ever contacted the Firms, or that the statute of limitations may expire in the very near future, prior to the Firms' completed investigation of Client's potential claim.

5) <u>Contingency Fee to the Firm</u>: To compensate the Firm for their services, Client agrees to pay the Firm ▉ of all money collected in relation to Client's claim. **In the event there is no recovery, there is no fee**. Client expressly grants Jason J. Joy & Associates, PLLC (Joy) authority to endorse and deposit into its Trust Account any checks in Client's name, and authorizes Joy to pay any liens related to Client's claim from Client's share of the recovery.

---

[1] <u>Client Bankruptcy</u>: Client acknowledges and understands that declaring bankruptcy during the pendency of a lawsuit will likely result in Client losing control of the claim and potentially losing part or all of any recovery that may be paid to settle or resolve the claim. Client agrees to advise Client's Bankruptcy Attorney and the Bankruptcy Trustee of any potential or actual claim related to the Firm's representation of Client. Client agrees to advise Client's Bankruptcy Attorney and the Bankruptcy Trustee of the Firm's representation of Client in connection with the claim or lawsuit. Client agrees to advise the Firm of the bankruptcy proceeding no later than five (5) days after the date upon which Client's Bankruptcy Petition is filed and agrees to promptly provide the Firm with a copy of the Bankruptcy Petition. Client acknowledges and understands that once a Bankruptcy Petition is filed, the claim most likely will be included in the bankruptcy estate and entirely subject to the Bankruptcy Trustee's and/or Bankruptcy Court's control. Client acknowledges, understands, and agrees that the Firm may continue prosecuting the claim and/or lawsuit on behalf of the bankruptcy estate and may be employed by the Bankruptcy Trustee or appointed as Special Counsel by the Bankruptcy Court for the purpose of doing so.

6) <u>Litigation Costs and Expenses</u>:[2] The Firm will advance costs and expenses on Client's behalf. Client acknowledges and agrees that the Firms may borrow funds to pay the costs and expenses referred to herein from a lender and the interest charged by the lender on such funds will be added to the costs and litigation expenses to be deducted upon recovery. If the claim produces no money, the client is not required to reimburse the attorneys for expenses advanced. In accordance with applicable law at the conclusion of this matter the firms are entitled to reimbursement from Client's share for such advances. In the event of a recovery, Client agrees that, out of Client's portion of any recovery, the Firms will be paid all reasonable costs, charges, or expenses made or incurred by the Firms in their handling of the matter. These recoverable expenses include interest on case development loans incurred by the Firms on behalf of the Client and the Clients cause. All charges will be deducted *after* the Firms' contingent fee is calculated. Client understands and agrees that the Firm may provide certain services internally or use outside vendors and service providers to assist in the handling of Client's case, and authorizes the Firms to use their best judgment in selecting them. Client further agrees not to attempt to unilaterally settle Client's claims. In the event that Client settles the claim unilaterally, the Firms shall be entitled to recover all of their fees and expenses as set forth herein. Client shall have the right to discharge the Firms at any time and understands that in consideration for the services the Firms provided up to the time of such discharge, the Firms will be entitled to be reimbursed for all their attorneys' fees and for costs and disbursements it advanced on behalf of Client with respect to Client's claim. Common benefit expenses which benefit all clients may be pro-rated among clients, including any Multi-District litigation clients, so that each shares equitably in costs which benefit all clients. Expenses will be repaid from the Client's share of any money recovered.

<u>In the event the Firm does not recover compensation on behalf of the client, the client shall not be liable for any costs or expenses (or Attorney Fees, above)</u>. The Client only pay expenses if the Attorneys secure a recovery on behalf of the Client, and all expenses shall be deducted out of the Client's portion of the recovery, if any, after deducting the Contingency Fee as provided above.

7) <u>Power of Attorney / Authority to Sign</u> The Firm is hereby granted a power of attorney so that it has full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to commence, conduct and conclude this representation. This includes claim forms that must be filed with the Court by November 16, 2020. Client hereby agrees and gives permission to Jason J. Joy & Associates, PLLC to sign documents on Client's behalf; specifically, medical releases and HIPPA forms that are related to and necessary for this litigation. Joy Law, can copy and paste Client signature into documents, including but not limited to HIPPA authorizations, and Hitech letters.

---

[2] 2 Particular Costs and Expenses: The costs and expenses necessary in this case may include, but are not limited to: court filing fees; process serving fees; witness fees; private investigator fees; photographer/graphic artist fees; fees to experts for consultation and/or appearance at deposition or trial; mail, messenger, and other delivery charges; parking and other local travel; transportation, meals, lodging, and all other costs of necessary out-of-town travel; long distance telephone charges; health care lien resolution charges; any government or other type of lien resolution charges; probate counsel charges and expenses; bankruptcy counsel charges and expenses; expenses for development of evidence including scientific evidence or studies; imaging, faxing, and photocopying charges; computerized legal research charges; Common Benefit Expenses; court-ordered assessments; interest on costs advanced by the Firm; costs associated with third-party vendors or lawyers resolving liens; and the cost of probate. The Firm may employ such technical experts or investigators who, in its opinion, are necessary to investigate the facts surrounding Client's claim. All such experts shall report exclusively to the Firm. This list is not exclusive. Client further agrees that the Firm may at its sole discretion engage a third party, including specialized attorneys to research, investigate, negotiate, process and resolve Medicare and other liens. The Client agrees and understands that the charge and costs associated with engaging such a third party is a reimbursable expense and will be paid out of the Client's portion of the recovery, if any. In the event that probate is required to resolve some or all of Client's claims, Client or Client's legal heirs who undertake prosecution of the case are responsible for obtaining and paying probate counsel to probate or administer the estate. In the event that Client or Client's legal heirs fail to timely obtain probate counsel, the Firm may obtain and engage probate counsel at the Firm's sole discretion, and in this event Client agrees and understands that the charges and costs associated with engaging probate counsel is a reimbursable expense and will be paid out of the Client's portion of the recovery, if any. Client further understands and acknowledges that this provision is intended to, and shall be binding upon Client's heirs who undertake prosecution of the case.

8) <u>Client Communication</u> Jason J. Joy & Associates, PLLC endeavors to routinely, promptly, and effectively communicate with Client regarding all pertinent matters in their case. Client will update attorney on new contact information as soon as possible. As part of Jason J. Joy & Associates, PLLC's communication efforts, <u>Client agrees that Joy can send text messages and emails to Client from time to time regarding their case</u>.

9) <u>Vendor Choice</u> Jason J. Joy & Associates, PLLC may if it chooses, use a third party vendor that has experience related to abuse claims to help complete claim form. Currently, Firm utilizes services from, among others: Ichor Consulting, ChartSquad, Epiq, and Archer – these vendors may assist Joy Law in handling this matter. Verus has expert knowledge and experience working with individuals that are the victims of sexual abuse and sex crimes. Client agrees to reimburse the Firms for expenses related to Verus or any other third party vendor at the end of the case.

10) <u>Waiver</u>: The Firm may undertake representation of additional clients who have also sustained damages as a result of the conduct of the same defendant(s). Client is hereby advised of, and acknowledges, this potential conflict and the positive and negative aspects of multiple and collective representations. One aspect of representing multiple clients is the potential for an aggregate or group settlement. In the event there is an aggregate settlement, client agrees that the Firms, at their sole discretion, may apportion the proceeds and expenses among all clients.

11) <u>Severability, Arbitration, and Termination</u>: In the event a provision in this Agreement is held to be unenforceable for any reason, such unenforceability shall not affect the validity and/or enforceability of any other provision in this Agreement. This Agreement shall be governed in all respects by the laws of the State of Texas. A claim or dispute of any nature arising under this Agreement or in connection with the Firm's representation of Client will be subject to resolution by binding arbitration. The arbitration shall be conducted in Harris County, Texas, and any and all issues related to arbitribility will be delegated to the arbitrator. In other words, the arbitrator has the ability to make the final decision on arbitribility. The Courts located in Harris County, Texas shall have exclusive jurisdiction to hear any dispute arising under this Agreement. The agreement to arbitrate will survive any amendment, modification, or termination of this Agreement unless this paragraph is modified in writing and signed by all parties to this Agreement. Any modification to this paragraph must expressly reference this paragraph. The Parties also waive any right to assert any claim against one another by means of any class action or representative action, or collective action.

12) <u>Liens and Medical Bills</u>: Client is responsible for any medical bills or liens. Law Firm is authorized to pay any legally enforceable subrogation claims from the client's share of the settlement or verdict.

13) <u>Appeal</u>: This agreement does not require the Firm to take an appeal. However, if there is an appeal handled by Law Firm, the fee shall include legal services rendered on any appeal.

14) <u>Co-Counsel / Association</u>: Client agrees that the Firm may associate with any other Law firms at their (Joy Law's) sole discretion in the prosecution of Client's claim, as long as any such association of counsel will not be the sole cause of any increase in attorneys' fees the Client is required to pay. Client agrees that Attorneys have authority to associate additional counsel. The Association of co-counsel shall not in any way increase the total fees paid by the client out of any recovery secured on client's behalf by the Firm.

15) <u>The Firm's Lien</u>: The Firm has a lien on any sum recovered for the Firm's contingency fee, and all costs and expenses including that part of the contingent fee which best represents the contribution made and risk assumed by the attorney relative to the total of all contributions

and risks, viewed retrospectively as of the resolution of the claim covered by this agreement. The Law firm's fee lien will not exceed ███ of the total amount recovered.

16) <u>No guaranty of recovery is made</u>.

Signatures:

_____          _____
CLIENT NAME                              Date

_____
Attorney, on behalf of Jason J. Joy & Associates, PLLC

## ATTORNEY REPRESENTATION – CONTINGENCY AGREEMENT

Thank you for selecting BERGER MONTAGUE PC, MOTLEY RICE, LLC, and NYE, STIRLING, HALE & MILLER, LLP, who are collectively referred to in this Attorney-Client Retainer Agreement (the "Agreement") as the "Attorneys" to represent you, Judson Martin ("Client"), in connection with the alleged claims to be asserted on behalf of ███████ against Boy Scouts of America and any related entities (collectively "Defendants"), related to the abuse suffered while a member of ███████. Below, we have prepared an agreement ("Agreement") outlining the terms of our representation. As I explained to you, our firms will undertake your representation on a contingent basis with respect to both fees and expenses. You will not be responsible for any attorneys' fees or expenses that we incur in connection with this matter. We will advance the costs of suit and will receive neither attorneys' fees nor reimbursement of expenses if the litigation is unsuccessful. If successful, we will receive our fees and expense reimbursement as awarded by the Court or from any settlement funds, as set forth in more detail below.

In representing you, we may choose to associate with additional law firms. Associating firms as additional counsel of record can increase the legal resources available to prosecute the claims and contest what we expect to be a vigorous defense. Because the California Rules of Ethics require fee agreements be in writing and advise the Client of any fee split between the attorneys, we will provide an updated agreement if we associate additional law firms. If this letter accurately summarizes our agreement, please sign below and return it to me. When fully executed, this agreement will supersede and become the operative retention agreement for this case moving forward.

## 1.    CONDITIONS

This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until: (a) Client returns a signed copy of this Agreement to Attorney; and (b) Attorney acknowledges acceptance of representation by counter-signing this Agreement and returning a fully executed copy to Client.

## 2.    SCOPE OF SERVICES AND ATTORNEY'S DUTIES

Client hires Attorneys to provide legal services in connection with the claims of childhood sexual abuse to be asserted on behalf of Client against Defendants.

The Attorneys will analyze and investigate Client's claims against Defendants. Following analysis and investigation, the Attorneys will prepare and file a lawsuit and will devote their fullest professional ability to this matter for a fee which will depend upon the outcome of the litigation.

Attorneys will provide those legal services reasonably required to represent Client. Attorneys will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. Attorneys will represent Client through trial and post-trial motions. This Agreement does not cover representation on appeal or in bankruptcy or collection

1

proceedings after judgment or proceedings regarding renewal of a judgment. A separate written agreement for these services or services in any other matter not described above will be required.

Attorneys are representing Client only in the matter described above.

## 3.    LITIGATION TACTICS

Client understands that the Attorneys reserve the right to determine all litigation tactics on behalf of Client, including bringing in additional law firms to work with the Attorneys on the case. In the event that Client and the Attorneys should disagree with respect to litigation tactics or should disagree over advice given to Client with respect to settlement of the Client's individual claims, the Attorneys shall have the right to withdraw as counsel with respect to Client.

## 4.    CLIENT'S DUTIES

Client agrees to be truthful with Attorney and not withhold information. Further Client agrees to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client will assist Attorney by timely providing necessary information and documents. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and generally to cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims. Client grants attorneys the right to sign, as Client's attorney in fact, any instrument, release or other document necessary to obtain a settlement that Client has approved or any money being paid in satisfaction of a judgment.

## 5.    LEGAL FEES AND COSTS

A.    The Attorneys will advance all costs of the action. In addition to our fees, we are to be paid and reimbursed for various in-house (internal) services, and expenses specifically related to your case. These include, but are not limited to, the following: paralegal time, photocopy and other reproduction costs, facsimiles, secretarial overtime, extraordinary administrative, technical or accounting support, computer legal research, long distance telephone charges, messenger and other delivery fees, postage, mileage, the cost of licensing and installation of special computer programming to manage your case and similar costs and expenses. If there is a settlement or judgment in your favor from which some or all of the internal costs and expenses we incur in your representation may be paid, those internal costs and expenses will be billed to and be payable by you solely out of your share ████ of the recovery, at our respective costs and without mark-up for administrative charges. If we do not obtain a recovery for you we will not charge you for our costs. External expenses generally will be charged to you at the firm's actual costs without mark-up including, but are not limited to, the following costs: service of process charges, filing fees, court and deposition reporters' fees, jury fees, witness fees, notary fees, depositions, transcripts, consultants, investigators, expert witnesses, professional mediator, arbitrator and/or special master fees, travel, including parking, transportation, meals and hotels. If we advance an external expense, we will ask you to make reimbursement payment to the firm out of your share ████ of the recovery received through settlement or judgment.

B.    Pursuant to California Rule of Professional Conduct 4-210(a)(3), Attorneys will pursue the reimbursement of the aforementioned costs only from any monetary

2

recovery in this matter. If there is no recovery or if the recovery is insufficient to satisfy the advanced costs, Attorneys will not pursue the reimbursement of any unsatisfied portion of the advanced costs from Client.

C.      Client agrees to pay Attorneys a contingency fee of ███████████████ of any recovery, whether such recovery is by way of settlement, judgment, or otherwise. If there is no recovery, there will be no fee for legal services under this Agreement. For purposes of computing the amount of recovery, all consideration obtained (or the reasonable value thereof), including any interest or other amounts separately awarded, shall be included.

D.      If there is a recovery of attorneys' fees, Attorneys agree to accept as fees either the amount of the fee award or ████ of the overall award, whichever is greater.

E.      Division of legal fees. Client agrees that Attorneys have associated to assist in the representation of Client. Client's legal fees under this agreement will not increase by reason of this association. The breakdown of the fees between the associated attorneys shall be as follows:

NSHM shall recover ████ of all Fees recovered.

Berger Montague shall recover ████ of all Fees recovered.

Motley Rice shall recover ████ of all Fees recovered.

In no event, will any disagreement regarding fees alter the amount of fees owed to Attorneys by Client under this agreement. By signing this agreement, Client has read and understands the above and confirms his consent to the terms of the association of counsel and division of fees.

F.      Client understands that the rates set forth above are not set by law, but are negotiable between Attorney and Client.

## 6.      LIEN

Attorneys have a lien on any and all claims that are the subject of Attorneys' representation under this Agreement. Attorneys' lien will be for any sums owing to Attorneys for any unpaid costs, or attorney's fees, at the conclusion of Attorneys' services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorneys may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorneys have been discharged before the end of the case. In the event Attorneys withdraw from representing Client without cause, Attorneys will not be entitled to any lien for fees. The lien will exist and attach to any recovery only for costs already advanced by Attorney pursuant to Paragraph 5. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's own choice before agreeing to such a lien. By initialing this paragraph, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and – whether or not Client has chosen to consult such an independent lawyer – Client agrees that Attorneys will have a lien as specified above.

_____ (Client initials here)     _____ (Attorney's initials here)

## 7.    PROFESSIONAL LIABILITY INSURANCE DISCLOSURE

Attorneys represent to Client that the Attorneys currently have in effect and will maintain in effect during the term of this contract professional errors and omissions insurance coverage.

## 8.    NO TAX ADVICE

Attorneys have not been retained to provide Client with any tax advice concerning any of the services described in paragraph 2. Any documents prepared by Attorneys may have specific tax ramifications. To be sure Client understands and is certain of all the potential tax consequences, Client should consult with tax advisors regarding these matters.

## 9.    DISCHARGE AND WITHDRAWAL

Client may discharge Attorneys at any time. Attorneys may withdraw with Client's consent or for good cause or if permitted under the Rules of Professional Conduct of the State Bar of California and/or applicable law. Among the circumstances under which Attorneys may withdraw are: (a) with the consent of Client; and/or (b) Client's conduct renders it unreasonably difficult for the Attorneys to carry out the employment effectively.

If we are discharged by you prior to final resolution of the Claims by a settlement or judgment, or if we withdraw for justifiable cause, we are entitled to be compensated for our time spent in the prosecution of your Claims at our usual hourly rates as well as payment for all fees and costs outstanding.  The hourly rate for all attorneys who work on this file will be ███████████████████████. This rate may change from time to time.  In the event Attorneys voluntarily withdraw from representing Client without cause, Attorneys waive, and will not be entitled to be paid, any fees by Client.

## 10.    CONCLUSION OF SERVICES

When Attorneys' services conclude, whether by completing the services covered by this Agreement, or by discharge or withdrawal, Client may have access to Client's case file at Attorneys' office at any reasonable time. At the end of the engagement, Client may request the return of Client's case file. If Client has not requested the return of Client's file, and to the extent Attorneys have not otherwise delivered it or disposed of it consistent with Client's directions, Attorneys will retain the case file for a period of 5 years, after which Attorneys are authorized by this agreement to have the case file destroyed. If Client would like Attorneys to maintain Client's case file for more than 5 years after the conclusion of Attorneys' services for Client on a given matter, a separate written agreement must be

4

made between Attorneys and Client, which may provide for Client to bear the cost of maintaining the file. In the event Client requests that Attorneys transfer possession of Client's case file to Client or a third party, Attorneys are authorized to retain copies of the case file at Attorneys' expense. The case file includes Client's papers and property as defined in Rule 3-700(D)(1) of the California Rules of Professional Conduct.

## 11.    DISCLAIMER OF GUARANTEE

Client understands and hereby acknowledges that any recovery is contingent on establishing the legal liability of other parties and that no particular result or amount of compensation can or is guaranteed, implied or promised. Client further understands that the collectability of any award or judgment is contingent on the existence of funds and assets or insurance sufficient to satisfy such award or judgment.

## 12.    ARBITRATION

### A. ARBITRATION OF ALL DISPUTES INCLUDING CLAIMS OF MALPRACTICE

Any dispute between Attorneys and Client arising under this Agreement or in connection with Attorneys' services hereunder, including without limitation any claim for breach of contract, professional negligence, misrepresentation, fraud, breach of fiduciary duty and disputes regarding attorney fees and/or costs charged under this Agreement (except as provided in Paragraph A below) shall be resolved by binding arbitration in accordance with the rules of California Code of Procedure section 1280, et seq. The arbitrator shall be empowered to order the losing party in the arbitration to reimburse the prevailing party for all expenses incurred in connection with the arbitration, including but not limited to the arbitrator's fees and reasonable attorneys' fees and costs.

**With respect to any arbitration, Attorneys have explained to Client that:**

- **the parties are waiving their right to a jury trial and to seek remedies available in court proceedings;**

- **pre-arbitration discovery is generally more limited and different from court proceedings;**

- **the arbitrator's award is required to include factual findings or legal reasoning; and**

- **any party's right to appeal or seek modification of the award is strictly limited and the award is final and binding on the parties,**

**unless it is determined the award is not in accordance with Code of Civil Procedure section 1280, et seq.**

Client and Attorneys confirm that they have read and understand the paragraphs set forth above, and voluntarily agree to binding arbitration. Client may consult with an independent lawyer of Client's choice to review these arbitration provisions, and this entire agreement, prior to signing this Agreement.

B. MANDATORY FEE ARBITRATION

Notwithstanding paragraph A, the parties acknowledged that in any dispute over attorney's fees, costs or both subject to the jurisdiction of the State of California over Attorneys' fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to procedures set forth in California Business and Professions Code Sections 6200-6206 (the Mandatory Fee Arbitration Act). If after receiving Notice of Client's Right to Fee Arbitration, Client does not elect to proceed under the Mandatory Fee Arbitration Act procedures by failing to file a request for fee arbitration within 30 days, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration as provided in the previous paragraph A. Arbitration pursuant to the Mandatory Fee Arbitration Act is non-binding unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. The Mandatory Fee Arbitration Act procedures permit a court trail after non-binding arbitration, or subsequent binding contractual arbitration if the parties have agreed to binding arbitration, if either party rejected the award within 30 days after the award is mailed to the parties.

## 13.    MEDIATION

Attorneys and Client agree to try and settle all disputes between them informally or through private mediation before initiating any arbitration, litigation or other dispute resolution procedure. Any party to this Agreement may initiate mediation through service of a written demand on the opposing party by U.S. mail. The mediation session will occur at a time and location mutually agreed upon by the parties, though no later than two months after the date of service of the initial notice, unless otherwise agreed by the parties and the mediator. Each party shall bear its own fees and costs for the mediation.

## 14.    COPY RECEIVED BY CLIENT

Client acknowledges receipt of a copy of this Agreement concurrently with Client's execution of the Agreement.

## 15.    ENTIRE AGREEMENT

This Agreement contains the entire agreement of the parties.  No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

## 16.    SEVERABILITY IN EVENT OF PARTIAL INVALIDITY

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

## 17.    MODIFICATION BY SUBSEQUENT AGREEMENT

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them.

## 18.    CALIFORNIA LAW

California law shall govern the interpretation of this agreement.

## 19.    SOCIAL MEDIA/FACEBOOK/TWITTER/EMAIL/ DOCUMENT PROTECTION ETC.

We have informed you that during the pendency of this case, we recommend you limit your posts to or shut down any social media accounts.  You should not post any photo of yourself anywhere during the pendency of the case. We have also informed you that you must not delete or destroy any documents you have in your possession or delete any email, documents or any postings you have on any social media account.

## 20.    EFFECTIVE DATE

This Agreement will govern all legal services performed by Attorneys on behalf of Client commencing with the date Attorneys first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorneys the reasonable value of any services Attorney may have performed for Client.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES.  IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.**

If this letter Agreement meets with your approval, please sign the enclosed copy of this letter and return your signature page to us via email or mail.

If at any time you have questions concerning our representation, billings, costs or expenses, or any other matters, please do not hesitate to call me to discuss these matters. It is of paramount concern to us that you, as our Client, be satisfied with our services. We look forward to working with you on this matter.

AGREED TO AND ACCEPTED

Date: _____               By: _____
                                      ████████████

                                      Address: _____

                                      _____

                                      Telephone: _____

                                      Email: _____

[Attorney signature blocks on following page.]

8

_____          Date: _____
Shanon J. Carson
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4656
Email: scarson@bm.net


_____          Date: _____
Daniel Lapinski
Motley Rice, LLC
210 Lake Dr. East, Suite 101
Cherry Hill, NJ  08002
Telephone: (856) 667-0500
Email: dlapinski@motleyrice.com


_____          Date: _____
Timothy C. Hale
Nye, Stirling, Hale & Miller, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345
Email: timothy@nshmlaw.com

DocuSign Envelope ID: 7F155DA7-1CC7-42AC-BC97-939795F42A02

## POWER OF ATTORNEY/CONTRACT TO HIRE ATTORNEYS
### Boy Scout Abuse Litigation

NAME: █████████ _____

ADDRESS: █████████ _____

CITY: _____ STATE: _____ ZIP: _____

TELEPHONE NO.: (H)█████████ _____ (C)_____

E-MAIL: █████████ _____

LAST 4 DIGITS OF SSN/EIN: ███ _____ DATE OF BIRTH: ███ _____

hereafter called "Client," hereby appoints and employs (i) **MITCHELL A. TOUPS, LTD.**, acting by and through any of its partners and associates, with its principal place of business at 2615 Calder Ave., Suite 400, Beaumont, Texas 77702 (409.832.1800), ("Attorneys") to represent Client in connection with recovering compensation from the Boy Scouts of America (Defendants), for the sexual abuse of Client perpetrated by the Boy Scouts of America, their councils, camps and facilities, as well as their agents, leaders, pack leaders, and other of Defendants' personnel, members, agents, and representatives and its cover-up and/or recovering compensation from client from other sources (collectively, the "Litigation").

## ATTORNEYS' FEES

In light of the complexity and status of the Litigation against Defendants, Client understands and agrees that his/her representation by the Attorneys could take one of several forms, including, without limitation, (i) filing a claim in the Boy Scouts Bankruptcy, and/or (ii) filing a claim with a compensation fund established by Defendants, and/or their subdivisions, representatives, and/or agents. In consideration for the services rendered and to be rendered by the Attorneys on Client's behalf, including the advancement of all litigation expenses by the Attorneys on Client's behalf, Client agrees to compensate the Attorneys as follows (depending on the applicable scenario):

**Claim in the Boy Scouts' Bankruptcy/Compensation Fund.** Client agrees to pay the Attorneys an undivided █████████ contingent attorneys' fee out of Client's total recovery (*i.e.*, the gross recovery), whether by judgment, agreement, settlement, alternative dispute resolution, and/or other method of case resolution. If the Bankruptcy Court/Compensation Fund limits the contingency attorneys' fees to a lesser amount, the Attorneys will limit their contingency to the lesser amount. Client further understands and agrees that such contingent attorneys' fee will be deducted from the recovery prior to its distribution to Client and/or paid directly to the Attorneys by the payor. **If the Attorneys do not secure a recovery for Client, Client will not owe the Attorneys any attorneys' fees.**

DocuSign Envelope ID: 7F155DA7-1CC7-42AC-BC97-939795F42A02

## LITIGATION EXPENSES AND COURT COSTS

Whatever the form of the Litigation and its resolution, the Attorneys agree to advance all reasonable and necessary litigation expenses and court costs for Client including, but not limited to, copying costs, deposition costs, expert witness fees, consultant fees, travel expenses, court costs, and any other reasonable and necessary expenses and costs to prosecute Client's claims (collectively, the "Litigation Expenses").

If the Litigation is successful, Client agrees to reimburse the Attorneys for all Litigation Expenses advanced on Client's behalf out of Client's share of the recovery, (*i.e.,* Client's Litigation Expenses will be paid to the Attorneys out of Client's share of the recovery after the above attorneys' fee splits are made).

Client understands and agrees that Attorneys may prosecute Client's claims as part of a group of clients whose claims are similarly situated. Client understands and agrees that common Litigation Expenses may be incurred on behalf of the group. Client authorizes Attorneys to apportion such Litigation Expenses using Attorneys' professional judgment.

**If the Attorneys do not secure a recovery for Client, Client will not owe the Attorneys any Litigation Expenses advanced by the Attorneys on Client's behalf.**

## AUTHORITY OF THE ATTORNEYS/COOPERATION OF CLIENT

Client empowers the Attorneys to take all steps deemed necessary by them to investigate, handle, and/or prosecute Client's claims, including, without limitation, hiring consulting and/or testifying experts, conducting discovery, and filing the appropriate pleadings, motions and briefs with the Court and/or Compensation Fund. In support of the Attorneys' efforts on behalf of Client, Client will (i) keep the Attorneys advised of his current address, telephone numbers and email addresses, and (ii) cooperate fully with the Attorneys to prosecute the Litigation including, without limitation, reviewing drafts of the Complaint and any amended Complaints prior to filing, providing documents and information to the Attorneys, responding to discovery requests, sitting for a deposition, and assisting the Attorneys when necessary.

## WITHDRAWAL OR TERMINATION

Client and the Attorneys covenant and agree that if during the course of investigating, preparing, handling and/or prosecuting Client's claims, the Attorneys make a good faith determination that further action is untenable, not economically viable, or a successful conclusion not possible, the Attorneys will have the right to withdraw from representing Client in the Litigation by sending Client a letter of explanation of the reason for withdrawal to Client's last known address.

Client will have the sole and exclusive right to accept or reject any offers to settle the Litigation. Client, however, will have an obligation to weigh fully the opinions and recommendations of the Attorneys and not unreasonably withhold consent to a settlement proposal which, in the judgment of the Attorneys, is a fair and reasonable basis for the disposition of Client's claims. Should Client unreasonably withhold his/her consent to a fair and reasonable settlement, the Attorneys will have the right to withdraw from representing the Client in the Litigation.

2

DocuSign Envelope ID: 7F155DA7-1CC7-42AC-BC97-939795F42A02

Client understands he/she may terminate this Contract and his/her representation by the Attorneys in the Litigation at any time by providing written notice to the Attorneys at the addresses of their principal offices. Should Client elect to terminate this Contract prior to the Attorneys completing their services under this Contract and hires another attorney, the Client (and/or their new attorney) agree to immediately reimburse the Attorneys for all outstanding Litigation Expenses advanced by the Attorneys on behalf of Client that are unreimbursed to date. Should Client ultimately secure a recovery, the Attorneys also will be entitled to receive attorneys' fees commensurate with the work they performed and objectives and/or result they achieved during their retention by Client under this Contract in an amount to be negotiated in good faith between the Attorneys, Client and replacement counsel.

## ATTORNEYS' LIEN

Client grants the Attorneys a lien on Client's claims and causes of action and a lien against any proceeds, recoveries, and/or judgments related thereto as security for the payment of the above-referenced contingent attorneys' fees and reimbursement of Litigation Expenses. Client understands and agrees that the Attorneys have worked on this matter based on Client's assignment of a contingent attorneys' fee and this lien, and the Attorneys have not required Client to pay them hourly fees or deposit a retainer in the Attorneys' trust accounts. Client further understands and agrees that if Client terminates this Contract and discharges the Attorneys, the Attorneys intend to enforce this lien against any proceeds, recoveries and/or judgments received by Client in any way related to the Litigation.  Further, Client agrees that even if Client decides to file a claim in a potential class action in any way related to said Claim, Attorneys still maintain their full lien above for the full value of the contingency agreement.

## NO ASSIGNMENT OF INTEREST BY CLIENT

Client agrees, represents and warrants that Client has not and will not grant, sell, assign and convey any interest in said claim to any other person or entity for any purpose including but not limited to attempting to obtain a loan or cash advance on said claim.  In the event before hiring Attorneys, Client has so encumbered Client's case by entering into agreements with other persons or entities for any purpose including but not limited to attempting to obtain a loan or cash advance on said claim, then Attorneys shall have the right to immediately withdraw from the case and return Client's case to Client at Attorneys' election.  After Client has signed this Power of Attorney, should client breach this agreement by granting, selling, assigning and/or conveying any interest in said claim or signing an authorization for Attorneys to release information about the case to any other person or entity for any purpose including but not limited to attempting to obtain a loan or cash advance on said claim, Client agrees that such grants, sales, assignments, conveyances and/or authorizations shall be void at inception and Attorneys shall have no obligation to honor such grants, sales, assignments, conveyances and/or authorizations.  Client agrees that Attorneys may provide this paragraph language to any persons or entities claiming that they hold an interest in Client's said claims as Attorneys deems fit.  Attorneys cannot loan Client money on Client's case.

DocuSign Envelope ID: 7F155DA7-1CC7-42AC-BC97-939795F42A02

## CLIENT ACKNOWLEDGMENTS

Client acknowledges that (i) he/she has made sufficient investigation and inquiry to determine this Contract is fair and reasonable, and (ii) this Contract is the product of an arm's length negotiation with the Attorneys. Client acknowledges that no one has received any reward, nor is entitled to a referral fee, for recommending or referring the Attorneys to Client or vice versa. Client has not been promised any support or reward for signing this Contract. Client further acknowledges he/she received a copy of the Texas Lawyer's Creed upon receipt of this Contract. Client further acknowledges that the Attorneys have made no guarantees regarding the successful outcome of the Litigation and all expressions about its outcome only are opinions.

## FILE RETENTION AND DESTRUCTION

The file and any materials compiled and maintained by the Attorneys while representing Client in the litigation will remain the property of the Attorneys upon conclusion of the Litigation. The Attorneys will cooperate fully in furnishing a copy of relevant materials from the file to any successor attorney. Client understands and agrees that after the Litigation is concluded, the Attorneys will maintain the file for at least six (6) years, but after that time, the Attorneys may dispose of the file under their respective document retention policies. Should Client wish to obtain any documents or information from the Attorneys' files that he/she furnished to the Attorneys, such documents and information will be returned to Client provided Client's request is made within six (6) years after the conclusion of the Attorneys' representation of Client.

## SEVERABILITY/INTEGRATION

If any part of this Contract is found unenforceable, the Parties agree that all other provisions will remain valid and enforceable. This Contract is governed by the laws of the State of Texas. This Contract represents the final and mutual understanding of the Parties. It replaces and supersedes any prior contracts, agreements, and/or understandings between the Parties, whether written or oral. This Contract may not be modified, amended, or replaced except by another signed written agreement by the Parties. This Contract may be executed in multiple counterparts.

## LIMITATION OF SERVICES

Client understands and agrees that he/she has retained the Attorneys only for the purposes expressly stated in this Contract. Client further understands and agrees that the Attorneys have made no representations, express or implied, to perform any legal services, prosecute and/or defend any claims, and/or render any legal opinions on any matter not expressly addressed in this Contract, including the provision of tax advisory services. Client understands and agrees it is his/her sole responsibility to obtain independent tax advice about any aspect of his/her claims and/or the Litigation including, without limitation, any Litigation recovery.

DocuSign Envelope ID: 7F155DA7-1CC7-42AC-BC97-939795F42A02

## EMAIL COMMUNICATIONS

Client understands and agrees that in connection with this engagement, the Attorneys may communicate with Client or others via email. As emails can be interpreted and read, disclosed or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed, the Attorneys cannot guarantee that emails from the Attorneys will be properly delivered and read only by the addressee. Therefore, the Attorneys disclaim and waive any liability or responsibility for the interception or unintentional disclosure or communication of emails, or for the unauthorized use or failed delivery of emails, transmitted by us for the performance of this engagement. Client understands and agrees the Attorneys shall have no liability for any loss or damage to any person or entity resulting from the use of email, including any consequential, incidental, direct, indirect or special damages including, without limitation, loss of revenues or anticipated profits or disclosure or communication of confidential or proprietary information.

**UNDERSTOOD AND AGREED:**



## NOTICE TO CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint. For more information, please call **1 (800) 932-1900**. This is a toll-free telephone call.

5

# COLTER LEGAL PLLC
1717 K STREET, NW SUITE 900
WASHINGTON, DC 20006
202 886 3100

December 18, 2020

[Client Name]
[Address]
[City, State Zip]

Re: Boy Scouts of America sexual abuse litigation

Dear [Client Name]:

Thank you for choosing Colter Legal PLLC to represent you in connection with your claim against the Boy Scouts of America ("BSA") bankruptcy. Our law firm was founded to protect the rights of individuals such as yourself, and we are committed to obtaining the justice that you deserve as quickly as possible.

Based upon our initial review of your claim we believe that you may be entitled to financial compensation for the sexual abuse that you endured while you were involved with the BSA. In order for us to best represent you and to protect your rights, we need to immediately file a claim on your behalf against the BSA. **The deadline established by the court to file a claim against the BSA is November 16, 2020.**

If your claim is not filed by the November 16, 2020 deadline, you will be forever barred from receiving any compensation for your claim against the BSA. Our firm cannot represent you or act on your behalf or file your claim for you until we have received your signed Contingency Fee Retainer Agreement. After we receive the signed agreement our team will call you for a brief introduction. Thereafter, our firm will immediately go to work to obtain the information necessary to best develop and file your claim.

Therefore, please immediately sign the enclosed Contingency Fee Retainer Agreement and return it to us so that we can begin work on your claim. Because time is very short to file your claim, we would recommend that you sign and return the agreement to us electronically, if possible.

We believe in you and your case against the BSA, and we will do all that we can to ensure that your confidence in our firm is well placed and that you receive what you are justly owed. If you have any questions, please contact us at **(202) 886 3100.**

Very truly yours,

John G. Harnishfeger
President and Founding Attorney
Colter Legal PLLC

Enclosure
(Contingency Fee Retainer Agreement)

# COLTER LEGAL PLLC

1717 K Street, NW, Suite 900, Washington, D.C. 20006

www.COLTERLEGAL.com

## CONTINGENCY FEE RETAINER AGREEMENT

**I.** **Purpose of Representation:** The undersigned Client ("Client") hereby agrees to employ COLTER LEGAL PLLC to represent the Client in Client's claim for damages arising out of sexual abuse suffered by the Client and which was directly related to, and/or caused by, persons directly associated with the Boy Scouts of America ("BSA"). The Client agrees that Colter Legal PLLC is granted the right to associate with other law firms in the prosecution of the Client's claim, if such association is in the Client's best interests.

**II.** **Scope of Representation:** It is understood that Colter Legal PLLC will only pursue this claim on behalf of the Client, if the claim is meritorious, against the BSA. Colter Legal PLLC will not pursue claims on behalf of the Client against any persons or entities other than the BSA. Colter Legal PLLC will only pursue a claim on behalf of the Client in connection with the February 18, 2020 bankruptcy of the BSA, and/or a related global resolution of the sex abuse claims asserted against the BSA. Client expressly authorizes Colter Legal PLLC and John G. Harnishfeger, Esquire to sign Client's name as Client's Authorized Agent on all BSA bankruptcy documents including Client's Proof of Claim form to be filed in the BSA bankruptcy proceedings.

**III.** **Attorney's Fee:** In consideration for services rendered it is agreed that the Client will pay to Colter Legal PLLC an attorney's fee equal to ▉ of the gross amount recovered, unless local state applicable statute would mandate a lesser attorney's fee in which case the fee would be that maximum fee which may be charged by state law, but in no case would the attorney's fee exceed ▉ of the gross recovery.

**IV.** **Expenses:** After deduction of Colter Legal PLLC's attorney's fee ▉ from Client's gross recovery, it is agreed that Client will reimburse Colter Legal PLLC for all case related costs and expenses advanced by Colter Legal PLLC on behalf of the Client. The reimbursement of costs and expenses will be paid to Colter Legal PLLC from the Client's net recovery. Case costs and related expenses may include, but are not limited to, any court costs, medical records and other document retrieval costs, and other expenses incurred or advanced by Colter Legal PLLC in handling Client's claim on behalf of the Client. It is agreed that the Client will owe no case related costs or other expenses to Colter Legal PLLC unless a recovery is obtained on behalf of the Client sufficient to reimburse Colter Legal PLLC for any advanced case costs and related expenses. An attorney's fee will only be charged and case costs and related expenses will only be reimbursed if Colter Legal PLLC obtains a recovery for the Client.

SIGNED AND AGREED on this _____ day of _____, 2020.

Client's Signature: _____

Client's Printed Name: _____

Client's DOB: _____

Client's SSN: _____

**Attorney Contingent Fee Retaining/Employment Agreement**

In consideration of the mutual promises herein contained, the parties agree as follows:

1.      The undersigned Client, ███████████                              ██████████████████
Christina Pendleton & Associates, PLLC ("Firm") to prosecute and recover all damages and compensation
to which the Client may be entitled to, as well as to compromise and settle all claims against all potential
third parties arising out of all damages sustained from sexual abuse claims against the Boy Scouts of
America.

2.      In consideration of the legal services to be rendered by said Firm, Client agrees to pay, and
hereby assigns Firm, a present interest in the case in the amount of ████ of any gross settlement offers
made or sums recovered once the claims or suit is resolved.

3.      The Client understands that at the conclusion of this claim there will be no fees or charges for
expenses unless the Client receives a settlement, judgment or arbitration award.  If there is no recovery
for the Client, then the Client will not be charged for the expenses that have been incurred.  After
recovery is made, any expense incurred by the Attorneys (including any investigative or expert fees)
shall be repaid to the Attorneys from the Clients portion of the recovery.

4.      The Client consents and agrees to the association of any co-counsel Attorneys, or law firm that
the Firm should designate to assist in pursuing this claim on behalf of the Client.  The Client further
understands and acknowledges that any other co-counsel Attorney or law firms will work jointly on the
Client's behalf and all Firms will assume joint responsibility for representation of the Client's claim.  The
Client further acknowledges and understands that the Attorney fee set forth above will be shared by the
Attorneys and any other co-counsel law firms and that no additional fee will be charged to the Client by
any other Attorneys.

5.      In consideration of said Firm taking the claim on a Contingency Fee Basis, I hereby agree with my
said Attorney not to make any settlements unless they are present and receive their share in accordance
with this agreement.  In further consideration of the case being handled without any advanced retainer
or payment of advanced expenses, I irrevocably agree and instruct all insurance companies that my
Firm's name shall appear on all insurance checks issued payable on this claim whether by settlement,
arbitration or judgment.

6.      The Client understands that this agreement shall be binding and enure to the benefit of the
parties hereto and their respective heirs, executors, administrators, legal representatives, successors
and assigns.

7.      Client and the Firm agree that in the event a dispute arises between them, regarding fees, and
allegation of malpractice, or any other matter related to the representation, that the dispute will be
submitted for arbitration.  The arbitration will be binding upon both Firm and Client.  Client understands
and agrees that, even if either party first resorts to the Courts for the resolution of a dispute, that it does
not waive any party's right to compel the binding arbitration.  Arbitration will be conducted in
accordance with the laws of the State of Virginia with each party selecting a party arbitrator who will
then select a neutral arbitrator to resolve the dispute.

8.    Firm expressly advises Client not to take a personal, "litigation loan" which is based on the contingency of the success of the litigation.

9.    Client acknowledges that the Firm made no representation or guarantees as to what result can be obtained by the legal matters set forth herein or as to the successful conclusion of those matters and that no specific outcome is or can be guaranteed or assumed. Firm reserves the right to withdraw from the representation of the Client if, after an investigation of the facts, circumstances and/or records, the Firm and its attorneys are of the opinion that a successful resolution of Client's claim cannot be made or that the probable result is outweighed by the risk of pursuing the claim.  The Firm's attorneys will give the Client written notice of intent to withdraw and Client will cooperate in the facilitation of the withdrawal by executing any and all documents required by the Court in the event the withdrawal occurs after suit has been filed.   This agreement will be deemed to have been executed in Richmond, Virginia, and all legal services will be performed at the offices of Christina Pendleton & Associates, PLLC. Client acknowledges that Client has read this Agreement before signing it.

10.    The Firm retains the option, solely at the Firm's election, to defer or structure all or a part of the contingency fee at the time of settlement (the attorney's fees only), and to take all or a part of the contingency fee as an "up front" cash payment at the time of settlement and/or as periodic payments, or a combination thereof, regardless of the manner in which the Client's recovery is paid."

Date

Christina Pendleton & Associates, PLLC

BY: _____

## ATTORNEY-CLIENT EMPLOYMENT AGREEMENT

Clients, _____ _____ (referred to as "Clients", "you", "our" or "us"), retain Forman Law Offices, P.A. a Florida professional corporation, and Leventhal Law Group, P.C., referred to as "Law Firm") to provide legal services to us in our claim for damages arising out of Boy Scouts of America.

## 1.    CONTINGENT FEE

For legal services performed, Clients agree to pay Law Firm fees and costs.   The fees shall be paid as listed below out of the total amount recovered, whether by settlement or suit, which fee is determined on the total gross Client recovery before reduction of costs:

(i) If recovery occurs before the defendants file an answer to the complaint or demand appointment of arbitrators, the attorney's fee will be: 33 1/3% of any recovery up to $1 million; 30% of any portion of the recovery between $1 million and $2 million; and 20% of any portion of the recovery exceeding $2 million.

OR

(ii) If recovery occurs after the defendants file an answer to the complaint or demand appointment of arbitrators, or after the time period of this action expires, the attorneys' fee will be:

OR

(iii) If all defendants admit liability at the time of filing their answers and request a trial only on damages, the attorneys' fee will be:

In addition to the fees noted above, an additional     of any gross recovery will be charged as fees if an appellate proceeding is filed or post-judgment relief is required for recovery of the judgment.

In the event a court awards attorneys' fees against the opposing side, the fees paid by the opposing side will be added to the gross recovery amount for the purpose of calculating the contingency fee to be paid by Clients.

**This employment of Law Firm is on a contingent fee basis and unless a recovery is made there will be no obligation by Clients to pay attorneys' fees or costs.**

Retainer Agreement
Page 2 of 4

## 2.    COSTS

If a recovery is made, Clients are responsible to pay all expenses incurred by Law Firm in handling Clients' case, in addition to the attorneys' fees noted above, but in no event will Clients' responsibility for paying costs and fees exceed Clients' recovery.

Costs include but are not limited to: cash and non-cash expenditures for filing fees; subpoenas; depositions; witness fees; in-house and outside investigation services; expert witness fees; state court and multi-district litigation assessments; medical records and reports; computer research; photographs; in-house and outside photocopies; facsimiles; long-distance calls; postage and overnight delivery charges; common benefit charges; mediation fees; travel costs; in-house and outside media services; outside professional fees and costs for resolving medical liens, estate, guardianship, and bankruptcy matters; Medicare set-aside report preparation; and similar expenses incurred in performing legal services for Clients.

All costs advanced on behalf of clients shall bear interest at the prime rate as published by the Wall Street Journal at the time the cost is incurred until such time as the costs are paid.

In the event Clients make a recovery on a claim after representation has been discontinued (whether by withdrawal or discharge), Clients are responsible to pay costs incurred by Law Firm during representation, but only if the Clients ultimately recover.

## 3.    MEDICAL MALPRACTICE TIME LIMITATIONS

**Clients agree that Law Firm is not being retained to pursue any action against Clients' healthcare providers.**  If Clients wish to sue their healthcare providers, Clients must retain other counsel.  Clients understand they may have a claim against healthcare providers, and the defendants may attempt to blame Clients' healthcare providers for the damages.  If a judge or jury determines the healthcare providers were partially at fault, the Client's recovery may be reduced by that portion of fault.  Clients understand there are time limitations for how long an injured person has to sue healthcare providers (known as statutes of limitation), and if a lawsuit is not filed before the statute of limitations expires, then Clients will be prevented from ever suing the healthcare providers.  Therefore, Clients should retain other counsel **immediately** if they want to sue their healthcare providers.

## 4.    ARBITRATION

Disputes that might arise out of the services performed or failed to be performed under this Agreement (including fees, costs, duty, negligence, or other forms of action), whether involving Forman Law Offices, P.A., associate counsel, or any of their attorneys or staff, shall be resolved solely by arbitration pursuant to the Florida Arbitration Code (Fla. Stat. Ch. 682).  The arbitration will be conducted by a panel of three arbitrators and each arbitrator shall be an actively practicing attorney in the state of Florida.  Clients will select one arbitrator and Forman Law Offices, P.A. will select one arbitrator, and the two arbitrators will select the third arbitrator.  The powers and rulings of the arbitrators shall be determined by a majority of their number.

Retainer Agreement
Page 3 of 4

Florida law requires the following language as part of arbitration agreements. **NOTICE: This Agreement contains provisions requiring arbitration of disputes. Before you sign this Agreement, you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering in agreements that require arbitration as the way to resolve disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

5.    RETENTION OF CLIENTS' FILE

Law Firm will retain Clients' file for six years after the case is completed. After six years, the entire file will be destroyed, and no portion will be available. Thus, it's Clients' responsibility to seek the return of any portion of the file desired immediately when the case is completed.

6.    LEGAL CONSTRUCTION

If any provision, or portion thereof, contained in this Agreement is held invalid, illegal or unenforceable, such will not affect the validity or enforceability of any other provision or portion, which shall be construed as if such invalid, illegal or unenforceable provision was not contained. Similarly, if any provision or portion of this Agreement does not comply with the laws or rules of a state determined to control this Agreement, then this Agreement shall be modified to comply with the laws and rules of the controlling state in a manner best capable of maintaining the intent of this Agreement. Each party may sign a separate counterpart of this Agreement. All such counterparts, taken together, shall constitute one and the same instrument.

7.    SEVEN DAY RIGHT TO CANCEL

Clients may cancel this Agreement by written notice to Law Firm within seven (7) days of the date this Agreement is signed, and if canceled, Clients will not be required to pay any attorneys' fees.

8.    RECOVERY

Clients agree that Law Firm may endorse and deposit into Law Firm's Trust Account, for Clients' benefit, checks received in Clients' name.

9.    DEFINITIONS

**Common Benefit Charges** are expenses incurred for the benefit of a group of its clients. These charges are shared among the group whether a client retained Law Firm early or late in the litigation and whether the charges were incurred before or after the client retained Law Firm. For example, if an expert witness is hired in one client's case that can benefit a group of clients, this is a common benefit charge. Rather than have the first client pay this expert bill, the costs are spread among all clients who will benefit from the expert. Common benefit charges are determined at the time a client receives his/her recovery, and is calculated on a percentage of total settlement basis. Common benefit charges may include but are not limited to postage,

Retainer Agreement
Page 4 of 4

telephone, copies, faxes, experts, investigation, computer research, travel, depositions and many of the costs incurred in trying one client's case before a jury or arbitration panel where the outcome can benefit a group of clients.

**Settlement:** In mass torts cases like this one, the opposing side sometimes attempts to settle Law Firm's clients in groups.   The settlement process can take many different forms.   For example, Law Firm may obtain each client's authorization for a minimum amount for which each client authorizes Law Firm to attempt to settle the client's case.   These minimum amounts differ for each client, depending on the circumstances of each case.   Law Firm adds up the total of all clients' minimum authorized demands and attempts to settle the group of clients for at least the minimum authorized by all clients.   If a settlement is reached, then all clients will be informed of the total amount of the settlement in addition to the division of money among all clients.   **No matter what settlement process is used, you the Client always have the right to accept or reject a settlement being offered.**

10.    WHEN LEGAL REPRESENTATION BEGINS & RECEIPT OF DOCUMENTS

Clients agree that Forman Law Offices, P.A.'s representation begins only after Clients sign and return this Agreement, and Forman Law Offices, P.A. has accepted the case.   Forman Law Offices, P.A. will take no action on Clients' case until after representation begins.   Clients acknowledge they have received and read the attached Client Statement of Rights before signing this Agreement and understand their rights.

Forman Law Offices, P.A.

By:_____

Date: _____ day of _____, 2020

Client

By:_____

Date: _____

By:_____

Date: _____

## CLIENT STATEMENT OF RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have three business days by law and seven business days under this contract to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within seven business days of signing the contract. If you withdraw from the contract within the first seven business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after then seven-day period, you may have to pay a fee for the work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to

Client Statement of Rights
Page 2 of 2

spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7.    You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8.    You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9.    You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.   You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.   If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information how to reach The Florida Bar, call 850-561-5600, or contact the local bar association. Any disagreement between your and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regarding The Florida Bar) be included in your fee contract.

**Forman Law Offices, P.A.**                                             **Clients**

By:_____          By:_____

Date:_____ day of _____, 2020          Date:_____

By:_____

Date_____

## AUTHORIZATION TO RELEASE PROTECTED HEALTH INFORMATION

Patient Name: _____

Date of Birth: _____

You are hereby authorized and directed to furnish **Forman Law Offices, P.A.**, protected information or copies thereof (including medical and billing records, if requested, pharmacy records, medical tests and results, all photographic slides, photographs, videotapes, pathology specimens and slides, and/or radiographic films, if requested) in your custody or control. I understand that the records released pursuant to this authorization, unless specified otherwise by me, may contain information pertaining to communicable diseases, such as Human Immunodeficiency Virus (HIV) and/or Acquired Immune Deficiency Syndrome (AIDS), and/or mental health information, including alcohol and substance abuse treatment records. This authority shall continue until revoked by me, in writing. **By this authorization, I hereby revoke all prior authorizations and request that no information be released to anyone other than my attorneys and/or the attorneys and designated representatives listed above. Please note that there are no exceptions to my right to revoke this authorization, at any time, in writing.**

The medical provider-patient confidentiality privilege has been waived only as to the requests made by the attorneys listed above, for the purposes of civil litigation resulting from legal or administrative claims. At the risk of breaching confidentiality, do not release or allow access to medical or business records or information to anyone except those expressly set out above. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by the rule.

This authorization will expire within twenty-four (24) months from the date of execution below.

A photostatic or facsimile copy of this Authorization to Release Protected Health Information shall have the same force as the original.

Dated on _____  _____.

<div>
Electronically Signed<br>
Assure Sign©<br>
2020-10-26 22:07:44 UTC - 172.58.30.150<br>
33ebb616-0b39-eb40-806c-ad00916a59a7
</div>

_____
Printed Name

# ATTORNEY EMPLOYMENT AGREEMENT

_____[Full Name], (hereinafter called Client) has employed Danziger & De Llano, LLP, ("Attorneys") as his/her attorneys to prosecute and collect a certain claim held by the client arising directly or indirectly because of the damages caused from any Sexual Abuse claims related to the Boy Scouts of America and said Attorneys are fully authorized to sue on said claim, prosecute the same to judgment, and to negotiate settlement thereof, but it is distinctly understood that no settlement shall be made by the Attorney without the Client's approval and the Client hereby agrees to make no settlement nor offer of settlement without the consent of the Attorney.

It shall be the privilege of Attorneys to associate other attorneys and Client consents to other attorneys working on the claim, but in such event, the fee of such associated attorney shall be paid from the Attorneys' share of the recovery.

In consideration of the services rendered and to be rendered to the Client by said Attorneys, the Clients do hereby assign and convey to said Attorneys as their compensation herein the following present undivided interest in any recovery for said claim. Recovery includes all damages, penalties, interest and attorney's fees, if any.

        if settlement is made before suit is filed or made through a victims compensation fund thereon or        after notice of appeal has been given and appeal bond has been filed. **If Attorney does not recover any compensation for Client, client will NOT be responsible for any Attorney's fees or expenses.**

All costs and expenses (including interest charges incurred by Attorneys, if any) of litigation which are incurred by Attorneys and which are not recovered as court costs shall be paid/ reimbursed to Attorney out of the Client's share of the recovery.

Attorney has not made any representations or guarantees concerning the outcome of any suit filed. Client represents that he/ she is not represented by any other attorney or law firm at this time. Attorney will only represent Client in the above claim and in no other legal matter. This contract is not binding until Client and Attorney have signed below. In the event Client wants to hire another law firm, Attorneys retains their fee interest and the other law firm will be paid by Client in addition to the interest conveyed in this contract. This contract is made and performed under the laws of the State of Texas and any questions concerning it validity or terms or provisions shall be governed by the laws of Texas.

ANY DISPUTE ARISING BETWEEN ATTORNEYS AND CLIENT RELATING DIRECTLY OR INDIRECTLY TO THIS AGREEMENT OR ATTORNEYS' REPRESENTATION OF CLIENT IN THE MATTER WHICH THE SUBJECT OF THIS AGREEMENT, WILL BE SUBMITTED TO BINDING ARBITRATION IN HOUSTON, TX, PURSUANT TO THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION.

EXECUTED this _____ day of _____, _____.


_____          _____
Client Signature                                          Client Printed Name


_____          _____
Street Address                                           Telephone


_____          _____
City, State, Zip                                          Client Email


_____
Attorney's Signature / Acceptance



140 E. Town St., Suite 1100, Columbus, Ohio 43215
Phone: (614) 761-8800 – Fax: (614) 706-1775

## <u>CONTINGENT FEE CONTRACT FOR LEGAL SERVICES</u>

**Client**:____ _____

1) The law firms Babin Law, LLC will represent Client against the Boy Scouts of America in the Chapter 11 Bankruptcy case, and will investigate and may represent Client in any other case related to abuse while a boy scout. If Client's spouse signs below, the representation will include the spouse's claim for Loss of Consortium. No claim against any of Client's doctors is included and no so such claim against a doctor will be pursued by Attorney. If appropriate, the Firm will represent Client, assert and/or dismiss claims, litigate claims, and/or settle claims. Client has the ultimate authority over the decision to settle.

2) <u>Client's Cooperation</u>: Client is seeking legal services. Client agrees to cooperate fully with the Firms, disclose all relevant facts to the Firms, and promptly comply with all reasonable requests of the Firms on all matters.[1] Client will immediately update Firm if their contact information changes.

3) <u>The Firms' Right to Withdraw</u>: Law firms may resign if necessary and if permitted by ethical rules. If for any reason the Firm no longer wishes to represent Client, the Firms are authorized and permitted to cease all work on Client's behalf and withdraw from its representation of Client by sending to Client's last known address (by regular mail), written notice of the Firms' intention to withdraw. The Firms and Client agree that upon such withdrawal, the Firms shall cease to be Client's counsel and Client will have the right to seek new counsel.

4) <u>Statute of Limitations on Client's Claims</u>: The Firms will investigate Client's potential claim and in its sole discretion determine whether to bring a claim on Client's behalf. Client understands that the Firms will not be able to fully evaluate the potential claim until Client has provided enough evidence to prove the alleged harm, injuries, and/or damages. Client also understands that it will take the Firms a *minimum* of forty-five (45) days after receipt of such information to evaluate Client's potential claim. Client understands that Client's claim is subject to a statutory time limit that may expire during the Firms' investigation. Client understands that Defendant(s) may attempt to have Client's claims dismissed based upon those statutes of limitations. Client understands that the statute of limitations in Client's case may have expired before Client ever contacted the Firms, or that the statute of limitations may expire in the very near future, prior to the Firms' completed investigation of Client's potential claim.

---

[1] <u>Client Bankruptcy</u>: Client acknowledges and understands that declaring bankruptcy during the pendency of a lawsuit will likely result in Client losing control of the claim and potentially losing part or all of any recovery that may be paid to settle or resolve the claim. Client agrees to advise Client's Bankruptcy Attorney and the Bankruptcy Trustee of any potential or actual claim related to the Firm's representation of Client. Client agrees to advise Client's Bankruptcy Attorney and the Bankruptcy Trustee of the Firm's representation of Client in connection with the claim or lawsuit. Client agrees to advise the Firm of the bankruptcy proceeding no later than five (5) days after the date upon which Client's Bankruptcy Petition is filed and agrees to promptly provide the Firm with a copy of the Bankruptcy Petition. Client acknowledges and understands that once a Bankruptcy Petition is filed, the claim most likely will be included in the bankruptcy estate and entirely subject to the Bankruptcy Trustee's and/or Bankruptcy Court's control. Client acknowledges, understands, and agrees that the Firm may continue prosecuting the claim and/or lawsuit on behalf of the bankruptcy estate and may be employed by the Bankruptcy Trustee or appointed as Special Counsel by the Bankruptcy Court for the purpose of doing so.

[redacted]

7) Power of Attorney / Authority to Sign The Firms are hereby granted a power of attorney so that they have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to commence, conduct and conclude this representation. This includes claim forms that must be filed with the Court by November 16, 2020. Client hereby agrees and gives permission to Babin Law, LLC or Co-Counsel to sign documents on their behalf; specifically, medical releases and HIPPA forms that are related to and necessary for this litigation. Babin Law, can copy and paste Client signature into documents, including but not limited to HIPPA authorizations, and Hitech letters.

______________________________

[redacted]



8) <u>Client Communication</u> Babin Law, LLC endeavors to routinely, promptly, and effectively communicate with Client regarding all pertinent matters in their case. Client will update attorney on new contact information as soon as possible.

9) <u>Text Messages</u> As part of Babin Law, LLC's communication efforts, Client agrees that Babin Law, LLC can send text messages and emails to Client from time to time regarding their case.

10) <u>Vendor Choice</u> ███████████████████████████████████████
███████████████████████████████

11) <u>Waiver</u>: The Firms may undertake representation of additional clients who have also sustained damages as a result of the conduct of the same defendant(s). Client is hereby advised of, and acknowledges, this potential conflict and the positive and negative aspects of multiple and collective representations. One aspect of representing multiple clients is the potential for an aggregate or group settlement. In the event there is an aggregate settlement, client agrees that the Firms, at their sole discretion, may apportion the proceeds and expenses among all clients.

12) <u>Severability, Arbitration, and Termination</u>: In the event a provision in this Agreement is held to be unenforceable for any reason, such unenforceability shall not affect the validity and/or enforceability of any other provision in this Agreement. This Agreement shall be governed in all respects by the laws of the State of Ohio. A claim or dispute of any nature arising under this Agreement or in connection with the Firms' representation of Client will be subject to resolution by binding arbitration. The arbitration shall be conducted in Franklin County, Ohio and any and all issues related to arbitribility will be delegated to the arbitrator. In other words, the arbitrator has the ability to make the final decision on arbitribility. The Courts located in Franklin County Ohio shall have exclusive jurisdiction to hear any dispute arising under this Agreement. The agreement to arbitrate will survive any amendment, modification, or termination of this Agreement unless this paragraph is modified in writing and signed by all parties to this Agreement. Any modification to this paragraph must expressly reference this paragraph.

13) <u>Liens and Medical Bills</u>: Client is responsible for any medical bills or liens. Law firms are authorized to pay any legally enforceable subrogation claims from the client's share of the settlement or verdict.

14) <u>Appeal</u>: This agreement does not require the Firms to take an appeal. However, if there is an appeal handled by Law firms, the fee shall include legal services rendered on any appeal.

15) <u>Co-Counsel / Association</u>: Client agrees that the Firms may associate with any other Law firm at their sole discretion in the prosecution of Client's claim, as long as any such association of counsel will not be the sole cause of any increase in attorneys' fees the Client is required to pay.

16) <u>The Firms' Lien</u>: The Firms have a lien on any sum recovered for the Firms' contingency fee and expenses including that part of the contingent fee which best represents the contribution made and risk assumed by the attorney relative to the total of all contributions and risks, viewed retrospectively as of the resolution of the claim covered by this agreement. ████████████████
████████████████████████████████████

17) <u>Document Retention Policy</u>: Babin Law, LLC will retain Client's file for a period of five (5) years after the case is completed. After that five-year period, the entire file will be discarded, and Babin Law, LLC will not retain a copy of any portion of the file.

   18) <u>No guarantee of recovery is made</u>.

Signatures:

_____        _____
CLIENT NAME                         Date


_____
Attorney, on behalf of Babin Law, LLC

**Swenson & Shelley**
**ATTORNEY CONTINGENCY FEE**
**AGREEMENT**

This retainer agreement is made between _____ ("Client") and Swenson & Shelley, ("the Attorneys"). Client retains and employs Attorneys to recover compensation for Client's injuries suffered from <u>Scout Abuse</u>. This agreement is intended to bind Client's heirs, death beneficiaries, and Client's estate representative in the event of a death. It does not include Workers Compensation, Americans with Disability Act, or Social Security Disability claims, or any appeals:

It is further understood and agreed as follows:

- ▪ **FREE CASE EVALUATION:** Attorneys will evaluate Client's claim at no upfront expense or fee.
- ▪ **NO FEES OR EXPENSES UNLESS WE RECOVER FOR YOU:** If there is no recovery, Client will not owe Attorneys anything.
- ▪ **ATTORNEYS WILL NOT SUE CLIENT'S DOCTOR(S), THE VA, OR THE GOVERNMENT:** Client understands and agrees that the Attorneys will not investigate or pursue a medical malpractice claim or any claim against Client's doctor(s).

**ATTORNEYS' FEE & COSTS:** Client agrees to pay ▮▮▮▮▮▮▮▮▮▮▮▮ of the GROSS settlement or recovery in case of settlement or verdict as a reasonable Attorneys' fee for Attorneys' services. This fee applies regardless of whether the case goes to trial or settles before a lawsuit is filed or trial. It does not include any appeal of a trial verdict or court decision. Client agrees that Attorneys are to be reimbursed for all costs incurred pursuing Client's claim. Attorneys will deduct costs AFTER and in addition to Attorneys' fees. Client is responsible for all liens, subrogation, medical bills, or other claims asserted by third parties such as Medicare.

**ASSOCIATION OF OTHERS:** Attorneys may employ other Attorneys outside Swenson & Shelley to help with Client's claims at their discretion. All Attorneys will be jointly responsible for representing Client. Additional Attorneys will not increase the Attorneys' Fee payable by Client.  This does  not include Attorneys or other professionals to assist with any workers' compensation, estate, bankruptcy, or lien resolution matters.

**STATUTE OF LIMITATIONS AND/OR BAR DATE:** Client's claims must be brought within a limited time period, called the Statute of Limitations, Repose, or Bar Date, or Client's legal rights can be lost or barred forever. Prompt return of this Agreement is very important. <u>Client assumes the risks associated with and understands, agrees, and consents that the Attorneys shall not be required to pursue the Client's claims, to file a lawsuit,        or to take any action to protect against or comply with any Statute of Limitations or Repose, or Bar Date, if Client fails to return this agreement by</u> <u>November 1, 2020</u>.

**TERMINATION OF REPRESENTATION:** Client retains the right to terminate Attorneys at any time, but must provide written notice to Attorneys. However, Client agrees that if Client terminates this agreement without a valid reason, Attorneys shall be entitled, but not limited to, the following:
1) reimbursement for costs spent to date; 2) Attorneys' fees for the work done based on the higher of their Quantum Meruit and 3) a lien may be placed on future proceeds generated by Client's claim.

**LIMITED POWER OF ATTORNEY:** Client authorizes Attorneys to execute documents Attorneys deem necessary or appropriate related to Client's claims.

**CLIENT OBLIGATIONS:** Client agrees to update Attorneys immediately if Client's contact information changes. Client agrees to provide complete and truthful information. Client agrees not to file any lawsuits or claims except through Attorneys or to negotiate or settle claims without Attorneys' knowledge. Client agrees to not share information obtained through Attorneys. Client agrees to preserve all documents and things, including electronic information about Client's claim. If Client filed bankruptcy before, Client will tell Attorneys immediately. If Client decides to file for bankruptcy, Client will inform Attorneys first. Client consents to  receive future communications  electronically at  Attorneys' discretion and  at Client's risk. Client will make all social media accounts private. Client will inform Attorneys if anyone asserts any claim to Client's funds. Client agrees Client's claim may be part of a larger number of claims such as an MDL or aggregate settlement.

**COMPLETE AGREEMENT:** Attorneys make no promises or guarantees regarding the outcome. This is the entire agreement. It may be changed only by a writing signed by Attorneys. If any part is or becomes unenforceable, the rest remains valid and enforceable. Any part may be "blue penciled"  to make it comport with controlling law if it is invalid. Attorneys' choice to not enforce a provision is not a waiver of the right. All issues regarding  this Agreement are governed by Arkansas law. If Client and Attorneys cannot resolve a dispute related to this matter, they will mediate it before  a mutually agreeable mediator.

_____          _____          _____
Client Signature                                          Printed Name                                          Date

1

Swenson &
Shelley

4318 Glenwick Lane
Dallas, Texas 75205                    **BROOKE F. COHEN LAW**                    214.384.0537

## BOY SCOUTS OF AMERICA CONTINGENT FEE AGREEMENT

_____, ("Client") hereby retain Brooke F. Cohen Law (the "Attorneys") as my attorneys at law and in fact, to perform the legal services described below.

### I.    SCOPE OF ENGAGEMENT

Client hereby retains the Attorneys to represent him/her in connection with her product liability and personal injury claims for damages against all responsible parties associated with including, but not limited to manufacturers and distributors, arising out of his Boy Scouts of America claim. The Client understands that the Attorneys will not pursue medical malpractice claims.

Client authorizes the Attorneys to associate co-counsel as the Attorneys may deem necessary and to share any fees contemplated in this contract with such co-counsel with the express understanding that associating with co-counsel will NOT result in any additional fees or expenses owed by the Client.

After the appropriate investigation, the Attorneys reserve the right to rescind this contract. The Client hereby fully empowers, authorizes and directs the Attorneys to manage and handle, as they deem necessary, best and proper, any claim, cause of action, or suit that may grow out of that investigation, and to prosecute said causes of action with or without suit in any manner they deem advisable. Attorneys are hereby authorized and empowered to deliver in the Client's name any and all notices, receipts, authorizations, releases, pleadings and any other documents and instruments proper in the handling of said claim.

### II.    CLIENT'S COOPERATION

The Client agrees to cooperate fully with the Attorneys, disclose all relevant facts and promptly advise the Attorneys of any change in address or telephone number. The Client authorizes the Attorneys to use their professional judgment and any relevant documents, records or other information that the Attorneys deem necessary to the proper representation of the Client. Client acknowledges and agrees that Attorneys may provide limited Client case information to a third-party lender for the purposes of obtaining financing for the benefit of Client's case. The Client agrees to promptly comply with all reasonable requests of the Attorneys on all matters included in this contract. The Client understands that failure to fully cooperate may be a basis for termination of this contract.

Client further agrees that the Attorneys may withdraw from representing the Client if the Attorneys deem withdrawal warranted.

| 4318 Glenwick Lane | | |
| :--- | :---: | ---: |
| Dallas, Texas 75205 | **BROOKE F. COHEN LAW** | 214.384.0537 |

### III.    STATUTE OF LIMITATIONS

The Client acknowledges that the Attorneys must have certain information to determine whether or not the Client has a claim and that the Attorneys cannot file a lawsuit without that information. The Client also acknowledges that every claim has a Statute of Limitations, and if a lawsuit if not filed prior to the expiration of the applicable statute of limitations, the right to file a lawsuit may be gone forever. The client will make every effort to work with the Attorneys to get the information necessary to file the claim prior to the expiration of the limitations period.

### IV.    CONTINGENT FEE ARRANGEMENT

The Attorneys will assume responsibility for representation of the Client. In consideration of the services rendered and to be rendered to the Client by the Attorneys, the Client agrees to grant to the Attorneys for the Attorneys' compensation in handling the Client's lawsuit in the following present undivided interest and assignment in the claims and the lawsuit: ███████ contingency fee.

The fee percentage calculation will be made based on the gross amount collected. "Gross amount collected" means the amount collected before any subtraction of expenses and disbursements.

In the event the Client terminates this contingent fee agreement without wrongful conduct by the Attorneys, or if the Attorneys justifiably withdraw from the representation of the Client, or if the parties mutually agree to terminate this agreement, the Attorneys may ask the court or other tribunal to order the Client to pay the Attorneys a fee based upon the reasonable value of the services provided by the Attorneys. Any such fee shall be payable only out of the gross recovery obtained by or on behalf of the client.

<u>If the Client does not recover any amount, the Client is not liable for payment of any fees.</u>

### V.    EXPENSES FOR THE LAWSUIT

The Client is to be liable to the Attorneys for reasonable expenses and costs  incurred  in litigating the Client's claim. The Client will reimburse the Attorneys for such expenditures from his/her share of the recovery upon final resolution. Expenses shall include, but not be limited to: expenses or charges for obtaining medical records, court costs, filing fees, depositions, expert witnesses, legal research costs, investigation services, photocopies, postage and mailing service charges, travel costs, preparation of trial materials, and all other costs reasonably necessary for performing legal services.

4318 Glenwick Lane
Dallas, Texas 75205      **BROOKE F. COHEN LAW**      214.384.0537

## VI. DUAL REPRESENTATION

By execution of this Agreement, the Client represents and warrants that they have not already retained other counsel to represent them in this matter. If it is later determined that the Client had retained counsel to represent them in this matter prior to execution of this Agreement, Client agrees that the Attorneys shall still be entitled to their full fee percentage and recovery of their expenses and agrees to pay the Attorneys from their recovery. Client agrees to inform the Attorneys in writing if they retain subsequent counsel to assist and/or represent them in this matter or a related matter.

## VII.   ASSOCIATED COUNSEL

The Client acknowledges that it may be necessary for the Attorneys to associate  with  other legal counsel and agrees that the Attorneys' fees set forth above will include fees due to associate counsel.

The Client will not  pay more in fees due to the association with other legal counsel.  The Client agrees that associate counsel will be responsible for representing the Client's interests. However, the Client agrees that Attorneys will not be held responsible for any reckless, willful, or intentional misconduct by associate counsel, and in no event will the Attorneys be financially responsible for any damages arising out  of the conduct of associate counsel, or anyone acting on behalf of associate counsel.

## VIII. RESOLUTION OF CASE BY SETTLEMENT

The Client agrees not to attempt on his/her part to unilaterally settle the claims made the subject of this contract. The Client will rely exclusively upon the representation of the Attorneys during any settlement negotiations. No settlement will be made without the Client's consent.

## IX.   RECOVERY

The Client expressly grants power to the Attorneys to endorse and deposit into the Attorneys' Client Trust Account any checks in the Client's name resulting from a settlement either approved by the Client or issued by court order, and authorizes the Attorneys to deduct fees, costs, disbursements, and expenses, and to pay all hospital and medical bills from the Client's share of the recovery.

## X.   LEGAL CONSTRUCTION

In case any provision, or any portion of any provision, contained in this Agreement shall for any reason be held to be invalid, illegal, and/or unenforceable in any respect, such invalidity, illegality, and/or

4318 Glenwick Lane
Dallas, Texas 75205 **BROOKE F. COHEN LAW** 214.384.0537

unenforceability shall not affect the validity and/or enforceability of any other provision or portion thereof, and the remainder of the Agreement shall be construed as valid.

4318 Glenwick Lane
Dallas, Texas 75205      **BROOKE F. COHEN LAW**      214.384.0537

**XI.**   ENTIRE AGREEMENT

    This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.

        WE HAVE EACH READ THE ABOVE AGREEMENT BEFORE SIGNING IT.


EXECUTED ON _____, 2020.


_____    _____
CLIENT SIGNATURE               CURRENT ADDRESS


_____    _____
CLIENT NAME                   CITY       STATE      ZIP


_____    _____
CLIENT'S DATE OF BIRTH        HOME TELEPHONE NO.


_____    _____
CLIENT'S SOCIAL SECURITY NUMBER    CELL PHONE NO.


_____
EMAIL ADDRESS


BY: _____    _____
      Brooke F. Cohen Law             Date

**Boy Scouts of America – Attorney-Client Agreement**

**DAMON J. BALDONE, A PROFESSIONAL LAW CORPORATION** (the "Firm") and
_____("Client") hereby agree that Firm will provide legal services to Client to recover a monetary claim in bankruptcy court against Boy Scouts of America and any related co-Debtors (jointly, "BSA") in BSA's Chapter 11 bankruptcy action, as explained in more detail below.

1.  **LIMITED REPRESENTATION**. Client hereby retains the Firm to represent Client for the limited purpose of filing of bankruptcy claims against BSA. This limited representation includes the following:

    a.  **Firm is <u>not</u> bringing any claims outside of bankruptcy proceedings.** Firm is only handling the processing of Client's claims against BSA. This means that Firm will <u>not</u> be filing any lawsuits or bringing any claims against any party outside of the bankruptcy process, including but not limited to any parents, volunteers, outside organizations, or other individuals. <u>If Client wishes to pursue any claims against any entity outside of the bankruptcy court process, Client will need to immediately hire separate counsel</u>.

    b.  **Firm is <u>not</u> taking action to preserve claims or protect the statute of limitations.** A statute of limitations is the legal deadline within which you must file a civil claim. If Client does not file a claim or lawsuit within the applicable statute of limitations, Client's claim may be lost forever. Client understands that Firm is <u>not</u> taking any action to file claims against any parties within the applicable statute of limitations. If the statute of limitations expires after you have signed this agreement but before another responsible entity declares bankruptcy, your bankruptcy claim may be lost forever. <u>If Client wishes to preserve claims and not have them lost forever because the statute of limitations has expired, Client will need to immediately hire separate counsel</u>.

2.  **ASSOCIATION OF COUNSEL**.  Client authorizes the Firm to associate co-counsel as the Firm may deem necessary and to share any fees contemplated in this contract with such co-counsel with the express understanding that associating with co-counsel will NOT increase the fees set forth below.

3.  **WITHDRAWAL AFTER INVESTIGATION**.  Even after Client signs this Attorney-Client Agreement, Client acknowledges that it has been advised that the Firm still must investigate Client's claim relating to any potential future bankruptcy proceeding, and that Firm may terminate this agreement and/or not pursue certain entities after such investigation.  Client has been further advised that the Firm's decision to terminate this agreement and/or not pursue certain entities may be based on any number of factors, including but not limited to a failure to establish a causal connection between the facts reported and the Client's injuries, failure to comply with any state or other applicable statute of limitation failure to include an indispensable or other required party.

4.  **PROSECUTION OF CLAIM.** Client hereby fully empowers, authorizes and directs the Firm to manage and handle, as they deem necessary, best and proper, said claim relating to any potential future bankruptcy proceeding, and to prosecute said claim in any manner they deem advisable. The Firm is hereby authorized and empowered to deliver in Client's name any and all notices, receipts, authorizations, releases, pleadings and any other documents and instruments proper in the handling of said claim.

**5.   CLIENT'S RESPONSIBILITIES.** The Client agrees to cooperate fully with the Firm, disclose all relevant facts at all times during the claim and to promptly advise the Firms of any change in address, email address or telephone number. Client authorizes the Firms to use their professional judgment and any relevant documents, records or other information that the Firm deems necessary to the proper representation of the Client. The Client agrees to promptly and fully comply with all reasonable requests of the Firms on all matters included in this contract. The Client understands that failure to fully cooperate may be a basis for termination of this contract. Client further agrees that the Firms may withdraw from representing the Client if the Firm deems withdrawal is warranted.

The Client agrees not to attempt on his part to unilaterally settle all or any portion of the claims made the subject of this contract. The Client will rely exclusively upon the representation of the Firm during any settlement negotiations. No settlement will be made without the Client's consent.

**6.   CONTINGENT FEE ARRANGEMENT.** The Firm, and co-counsel if any, will assume joint responsibility for representation of the Client. Attorneys' fees due Firm will be a percentage of the recovery. In consideration of the services rendered, and to be rendered, to the Client by the Firm, the Client agrees to grant to the Firm for the Firm's compensation in handling the Client's bankruptcy claim the following present undivided interest and assignment in the claims: ▮▮▮▮▮▮▮▮▮▮▮ The fee percentage calculation will be made based on the gross recovery before deduction of any expenses. In the event there is no recovery, Client owes Firms nothing.

If contingent attorney's fees are limited by law in the state where Client resides or the bankruptcy court, the percentage of the recovery Client owes will be the maximum allowed in Client's state of residence but, the percentages set forth above will be the maximum Client owes.

Client hereby grants the Firms a lien on any and all recovery from the claims which is subject of Firm's representation under this agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

**7.   NEGOTIABILITY OF FEES.**   The rates set forth above are not set by law but are negotiable between the Firms and Client.

**8.   EXPENSES.** The Firm agrees to advance for any and all reasonable expenses associated with the prosecution of client's claim. In the event of a recovery, the Client understands and agrees that Firms will be paid all reasonable costs, charges or expenses made or incurred by the Firms in the Firm's handling of the Client's claim and causes of action, including but not limited to expenses or charges for obtaining medical records, court costs, filing fees, depositions, expert witnesses, expert consultants, copying and review of voluminous documents, postage, research, computerized document management, conference calls, jury consultants, travel, and costs relating to the depositions of defendants' representatives, witnesses, and agents. If a matter requires experience or expertise uncommon to the Firms, outside counsel may be obtained. Client understands that Attorneys may represent numerous other similarly injured clients and Client agrees that the term "expenses" includes general expenses incurred for the benefit of all such similarly injured clients, including but not limited to retaining and compensating experts, copying and review of voluminous documents, postage, research, computerized document management, conference calls, jury consultants, travel, and costs relating to the depositions of Debtors' representatives, witnesses, and

agents. Such general expenses will be allocated equitably among all benefited claimants (usually in proportion with the client's recovery).

<u>Costs advanced will be payable out of the Client's share of any recovery and will not affect the contingency rate or fees due to the Firms.</u> Client hereby assigns and grants to the Firms as a lien that portion of the gross proceeds recovered that is equal to the total amount of costs and expenses advanced.

Additionally, Client understands that if Client's case proceeds to court action or arbitration, and if Client loses the case, that the court may award the winning party certain fees and/or costs against the Client. Client understands that there may be opportunities to settle such an award without payment.

**9.  RECEIPT AND DISBURSEMENT OF CASE RECOVERY.**   All proceeds of Client's case shall be deposited into one of the Firm's trust accounts for disbursement in accordance with the provisions of this Agreement. Client grants to Firms a power of attorney to execute financial instruments for deposits into Client's trust account. Client will receive an accounting for approval before disbursement.

**10.  POWER OF ATTORNEY TO SIGN FOR CLIENT**. There may be times when it is necessary to submit the Client's signature on documents. Generally, an attempt will be made to obtain Client's signature.  However, in those situations where it is necessary to protect the Client's rights from a deadline, Client authorizes the Firms to sign documents on his or her behalf.

**11.  CONFLICT OF INTEREST: REPRESENTATION OF OTHER INDIVIDUAL CLAIMANTS** Firm represents other individuals whose claims may be pursued in bankruptcy. By its nature, the funds available to claimants in a bankruptcy will be limited, and because the Firms could be representing multiple parties with respect to multiple claims in that bankruptcy, there is a conflict of interest.  By signing this agreement, Client waives any conflict of interest.

**12.  NO GUARANTEES.**  No guarantees have been made as to what amounts, if any, Client may be entitled to recover in this case.

**13.  TERMINATION OF REPRESENTATION.** Either party may terminate the representation at any time, subject to Firm's obligations under the Rules of Professional Conduct and the approval of the court if the matter is in litigation.  In the event the Client recovers nothing or, after investigation, Firms or Client decides not to pursue the claims, Client will not be responsible for any fees, costs or expenses. If, however, Client terminates attorney and pursues a recovery, with or without another attorney, Client agrees to pay attorney the fair rate for time expended on the matters as well as reimbursement of costs and expenses.  If there is any disagreement concerning the fee charged hereunder, the parties agree to submit that disagreement to binding arbitration with the Fee Arbitration Committee of the state bar for a jurisdiction in which the principal attorney(s) handling the matter is licensed.

**14. REVIEW AND UNDERSTANDING OF AGREEMENT**.   Client acknowledges review and understanding of this agreement, having read its contents in its entirety, and Client understands and agrees with all of its provisions.  Client acknowledges that Firms, their employees or agents, has made no guarantee regarding the successful determination of client's claim or causes of action, nor

3

any guarantees regarding the amount of recovery or the type of relief, if any, which Client may obtain there from.

This Agreement must be signed by both attorneys and client to be valid.

**ACCEPTED:**

**Date**: _____

_____
**CLIENT:**

**ACCEPTED:**                                    **Damon J. Baldone & Associates**
                                                 **A Professional Law Corporation**

                                                 **By:**    _____
                                                            **Damon J. Baldone**

You are entitled to receive a copy of this agreement with signatures by both the Attorney and Client for your records.  If you do not receive a copy of the signed agreement within 30 days of returning it to Attorney, please call and we will send another copy.

PCF: BE

**CUTTER LAW, P.C.**
401 Watt Avenue
Sacramento, California 95864
Phone: (916) 290-9400; Fax: (916) 588-9330
-and-
4179 Piedmont Avenue, 3rd Floor
Oakland, California 94611
Phone: (510) 281-5881; Fax: (510) 448-1175
*www.cutterlaw.com*

**ESTEY & BOMBERGER, LLP**
2869 India St.
San Diego, CA 92103
Phone: (619) 295-0035
*www.ebtrialattorneys.com*

---

## CONTINGENCY FEE AGREEMENT FOR LEGAL SERVICES ("AGREEMENT")

## I.        RETENTION, SCOPE AND PURPOSE OF AGREEMENT

I/We, _____ ("Client(s)"), hereby hire Cutter Law, P.C. ("Attorneys") to represent Client(s) for the limited purpose of suing  Boy Scouts of America and possibly other persons, corporations, entities, agencies or insurance companies legally responsible for Client(s)' damages, as may be determined by Attorneys, and to institute such investigation, claims, or legal actions deemed reasonably necessary by Attorneys, arising out of or resulting from  the Boy Scouts . Client(s) understand(s) and agree(s) that Attorneys do not represent Client(s) in any matters other than those described above. Further, there is no agreement in this matter until this contract is signed by both Client(s) and Attorneys.

As described below, this Agreement does not cover work beyond pre-suit activities, litigation and trial of this case in the court deemed appropriate by Attorneys. Should there be a need to appeal an adverse decision or judgment, Client(s) understand(s) that Client(s) may need to hire another attorney to handle the appeal. In addition, Attorneys do not provide tax advice or representation. Clients should consult a tax attorney or CPA for information as to how any recovery to Client(s) might be affected by State or Federal taxes.

### A.        SERVICES TO BE PERFORMED BY ATTORNEYS

Client(s) understand(s) and agree(s) that Attorneys will provide those legal services reasonably required to represent Client(s). Attorneys will take reasonable steps to keep Client(s) informed of the process and to respond to Client(s)' inquiries. Attorneys agree to perform the following legal services, if necessary, with respect to the claim(s) described above:

(a)        Investigation of claim(s);
(b)        Determining responsible parties;
(c)        Preparing and filing a lawsuit;
(d)        Settlement procedures and negotiations;
(e)        Prosecution of claim(s) by arbitration, mediation, trial, or other legal action until settlement, award, or judgment is obtained; and
(f)        If judgment is obtained in Client(s)' favor, filing opposition briefing in response to an opposing party's motion for new trial (if any).

### B.        SERVICES NOT COVERED BY THIS AGREEMENT

If additional legal services are necessary in connection with Client(s)' claim(s), and Client(s) request(s) Attorneys to perform such services, additional fee arrangements must be made by Attorneys and Client(s). Examples of these additional legal services that may require further compensation include the following:

(a)     If the judgment obtained is not in Client(s)' favor, or the amount thereof is unsatisfactory to Client(s);

(b)     If the judgment obtained is in Client(s)' favor and an opposing party appeals from the judgment;

(c)     If a retrial is ordered after a motion for new trial or mistrial, or after reversal of the judgment on appeal; or

(d)     In judgment enforcement proceedings.

## II.     CLIENT(S)' RESPONSIBILITY TO PAY ATTORNEYS' FEES

### A.     CALCULATION OF ATTORNEYS' FEES

Client(s) agree to pay Attorneys ▮▮▮▮▮▮▮▮ of the total recovery received, in addition to the reimbursement for costs. The ▮▮▮▮ee will be split: 45% to Cutter Law, 45% to Estey & Bomberger, and 10% to Linville Johnson. The fee split will not increase the overall attorney fee.

### B.     ATTORNEYS' FEES ARE NOT SET BY LAW

Attorneys' fees are not set by law. Client(s) have agreed to this Agreement after having discussed the terms with Attorneys.

### C.     ASSOCIATION OF COUNSEL

Client(s) agree(s) that Attorneys may work with other attorneys on this case. If Attorneys work with other attorneys, Client(s) understand(s) that Attorneys will inform Client(s) of Attorneys' association with these other attorneys. Any fees to any additional attorneys will be the responsibility of Attorneys and shall come out of the fees Client(s) have agreed to pay Attorneys (as described in the preceding paragraphs).

### D.     MINOR OR INCOMPETENT CLIENTS (Only Applies in Certain Cases)

If Client is a minor or incompetent person at time of recovery, Attorney(s)' fees and costs will likely be subject to court approval. The Attorneys' fees will be in conformity with court orders and any policies prevailing at the time of recovery, and may include fees in excess of basic guidelines under special circumstances.

### E.     STRUCTURED SETTLEMENTS (Only Applies in Certain Cases)

If recovery by settlement is made in the form of an annuity, trust or other form of periodic, structured or delayed payment, Attorneys will recover their fees and costs in lump sum at or before the time that the periodic, structured or delayed payments commence. In such circumstance, the attorney's fees provided for herein will be based upon the annuity cost or present value of total recovery, including all future payments both guaranteed and contingent. If recovery is made by verdict and judgment and the Court thereafter orders a portion of said judgment to be paid in periodic payments, Attorneys will recover

their fees and costs in lump sum at or before the time that said periodic payments commence. The Court or arbitration panel will declare the total value of said payments and attorney's fees shall be based on the total value declared by the Court or arbitration panel.

## III.  WAIVER OF POTENTIAL CONFLICTS OF INTEREST (Only Applies in Certain Cases)

Client(s) has/have been informed and advised of potential conflicts of interest between Client and others and hereby waive these potential conflicts of interest. While the injuries and losses suffered by each client or claimant are distinct, defendants may make an aggregate settlement offer to all, which would require an allocation of proceeds between Client(s) and other claimants. The parties will seek to agree to an appropriate allocation. In the event of an allocation dispute, Client(s) agree(s) to submit to non-binding mediation to work to resolve the allocation with the assistance and guidance of a mediator experienced in fairly apportioning awards. In the event that mediation is unsuccessful, Client(s) agree(s) to engage separate new counsel as needed to resolve the allocation.

## IV.  WRONGFUL DEATH ACTIONS WITH MULTIPLE CLAIMANTS (Only Applies in Certain Cases)

If Client(s) are represented by Attorneys in a wrongful death action, the judgment or settlement may be a single aggregate amount that must then be divided among the individual clients who are entitled to recover. This Agreement authorizes Attorneys to represent each Client and any or all other potential wrongful death claimants and seek to agree upon an appropriate division of the proceeds. This Agreement further authorizes Attorneys to submit the question of division of any proceeds of settlement or judgment among Clients to an appropriate mediator or court, if necessary.

## V.  RESPONSIBILITY TO PAY COSTS AND EXPENSES

### A.  ATTORNEYS TO ADVANCE ALL REASONABLE COSTS

Attorneys shall advance all reasonable litigation costs, including any and all costs of travel for Attorneys when such travel is necessary in connection with Client(s)' case. Client(s) agree(s) to pay for such costs and expenses in addition to the contingency fee discussed above. It is understood and agreed that Attorneys will advance the necessary funds to pay court costs and any other expenses incurred in pursuing Client(s) lawsuit, e.g., deposition transcripts, record retrieval, expert witness fees, trial preparation costs and the like.

### B.  COSTS AND EXPENSES

The costs and expenses necessary in this case may include any or all of the following items (this list is not exclusive; other items may also be necessary):

(a)    Court filing fees;
(b)    Process serving fees;
(c)    Private investigator fees;
(d)    Photographic/graphic artist/trial exhibit fees;
(e)    Fees to experts for consultation and/or appearance at deposition or trial. Client is informed and is aware that expert witness fees can be extremely high;
(f)    Jury fees;

(g)    Mail, messenger and other delivery charges;
(h)    Parking and other local travel, at cost;
(i)    The cost of transportation, meals, lodging and all other costs of necessary out-of-town travel;
(j)    Long distance or cellular telephone charges;
(k)    Facsimile charges and photocopying, at cost;
(I)    Computerized legal research (if necessary), at cost; and
(m)    Medical care lien negotiation vendor fees and costs.

## VI.    MEDICAL LIENS

Health Insurance Carriers and providers, such as Medicare, Medicaid, Medi-Cal, and private insurance carriers that have covered some or all medical costs and expenses associated with Client(s)' care and treatment may have a contractual or statutory right of recovery or lien upon any settlement, recovery or judgment. While Client(s) is/are responsible for all such liens, Attorneys will be authorized to attempt to negotiate a reduction of such liens, or to retain a lien specialist or vendor to negotiate such lien reduction, which shall be a reimbursable cost of litigation, as noted above. Payments for all such known and/or negotiated liens shall be made by the Attorneys out of any recovery for Client(s)' claim and shall be deducted after payment of Attorneys' fees and costs.

## VII.    NO GUARANTEES AS TO RECOVERY

Attorneys shall use their skill and diligence in Client(s)' case, but make no guarantees or representations regarding successful termination of the case. Any expressions thereof are matters of opinion only. If, after investigation or prosecution of this action, Attorneys determine, in their professional opinion, that there is a substantial likelihood of losing the case at trial, Client(s) agree(s) to voluntarily consent to Attorneys' withdrawal from Client(s)' case. Client(s) acknowledge(s) that Attorneys have made no promise or guarantee as to the outcome or amounts recoverable in connection with Clients(s) claim.

## VIII.    THE CLIENT(S)' RIGHT TO APPROVE ALL SETTLEMENTS AND THE CONSEQUENCES OF REFUSING A GOOD FAITH SETTLEMENT OFFER

There shall be no settlement of Client(s)' claim by Attorneys without the express approval and consent of Client(s). Client(s) agree(s), however, that should Attorneys obtain on Client(s)' behalf an offer to settle Client(s)' claims which Attorneys believe, in the exercise of Attorneys' professional judgment, to be a fair and reasonable amount to settle Client(s)' claims, and Attorneys so advise Client(s), Client(s) must act in good faith in deciding whether to settle. If Client(s) unreasonably refuse(s) to settle, Attorneys will have the right to withdraw from representation and to assert a lien against Client(s)' future recovery in the amount of Attorney's anticipated fees and costs as calculated at the time that the fair and reasonable settlement offer was received by Attorneys, and assuming that said offer was accepted.

## IX.    IF DEFENDANT(S) PREVAIL AT TRIAL

Client(s) understand(s) that if the case proceeds to trial and the defendant(s) prevail(s), in certain situations, defendant(s)' costs (and possibly fees) may be assessed against Client(s).

## X.    CLIENT(S)' COOPERATION REQUIREMENT AND ATTORNEYS' RIGHT TO WITHDRAW OR TERMINATE AGREEMENT

Client(s) hereby agree that Client(s) will give Client(s)' full cooperation and assistance to Attorneys as they handle Client(s)' case.

Attorneys may discover facts during Client(s)' lawsuit that may lead Attorneys to recommend that Client(s) dismiss Client(s)' lawsuit, or that Client(s) hire another attorney to handle Client(s)' case. Client(s), therefore, agree that Attorneys may withdraw from Client(s)' case at any time that they recommend that Client(s) should drop Client(s)' lawsuit, or that Client(s) should hire other Attorneys to handle Client(s)' case. Client(s) also agree(s) that Attorneys may withdraw if Client(s) do(es) not cooperate in the handling of Client(s)' case, or if the applicable rules of professional conduct or ethics permit or require Attorneys to withdraw.

Attorneys expressly reserve the right to withdraw from the representation of Client(s) and the engagement provided for herein if, after investigation of the facts and law applicable to this case, or during the pendency of this case, Attorneys determine, in their sole judgment, that: (1) there has been a breakdown in communication that makes it difficult for Attorneys to continue to represent Client(s); (2) Client(s)' claims lack sufficient factual or legal basis to justify proceeding; (3) Client(s) have misrepresented or concealed any material fact which may affect Client(s)' claims, whether adversely or not; (4) Client(s) has/have taken action affecting Client(s)' claims without Attorneys' knowledge or against Attorneys' advice; or (5) Attorneys are unable to find suitable expert witness(es) that support a finding of liability and damages on Client(s)' behalf.

In the event that Attorneys elect to withdraw, Attorneys will notify Client(s) in writing of their intention to do so, and Client(s) agree(s) that this professional engagement will conclude with mailing to Client(s) of such notice. If Attorneys are Client(s)' attorneys of record in a court proceeding at the time of withdrawal, Client(s) hereby agree(s) to promptly sign and execute a form of substitution of attorney or voluntary dismissal, and return it to the Attorneys' firm immediately upon being requested to do so.

If Attorneys decide to withdraw from Client(s)' case, Attorneys will take reasonable steps to avoid reasonably foreseeable prejudice to the Client(s). Attorneys will give Client(s) reasonable notice, allowing Client(s) time to obtain other counsel, and give Client(s) any papers or property in their possession that belongs to Client(s). Attorneys have no duty to find other attorneys for Client(s) in the event that they withdraw from Client(s)' case. If Attorneys decide to withdraw as Client(s)' counsel, Attorneys may file a lien for their fees and costs incurred.

## XI.    CLIENT(S)' RIGHT TO DISCHARGE ATTORNEYS

Client(s) realize that Client(s) has/have the right to discharge Attorneys at any time upon written notice to Attorneys. Such discharge shall not affect Client(s)' obligation to reimburse Attorneys for the time and costs incurred prior to such discharge. Attorneys shall be entitled to the reasonable value of legal services performed prior to such discharge, to be paid by Clients from any subsequent recovery on the claim(s) covered by this Agreement.

## XII.    ATTORNEYS' LIEN

Client(s) agree(s) to grant Attorneys a lien for Attorneys' fees and costs on all claims or causes of action arising from the subject of Attorneys' representation of Client(s). The lien is for any sums, including costs, due and owing to Attorneys at the conclusion of Attorneys' services, and attaches to any recovery that Client(s) may obtain, whether by arbitration award, settlement, court action, or otherwise, whether Attorneys obtain the recovery or not.

## XIII.    ARBITRATION AGREEMENT

Although Attorneys do not anticipate any dispute arising out of the terms of this agreement or Attorneys' or associated counsels' representation of Client(s), if such a dispute should arise, it is agreed between the parties that any fee disputes are subject to mandatory arbitration.

**It is hereby agreed by Client(s) that any disputes that arise between Attorneys and Client(s) shall be subject to arbitration.**

## XIV.    CONFLICTS, CHOICE OF LAW AND VENUE

Any conflict between the parties shall be subject to the application of California law, and should court enforcement be deemed proper, said action shall take place in the Sacramento County, California Superior Court.

## XV.    AUTHORIZATION TO OBTAIN AND RELEASE RECORDS

Client(s) understand(s) that Attorneys may need to obtain Client(s)' medical, employment and other records in the investigation or prosecution of Client(s)' case, and Client(s) hereby authorize(s) Attorneys to do so. Client(s) also authorize(s) Attorneys to re-release copies of any of Client(s)' records (which are not deemed to be protected from disclosure by the attorney-client privilege) if, in Attorneys' discretion, it would be appropriate to do so in the investigation, discovery phase or other litigation of Client(s)' case.

## XVI.    CLIENT BANKRUPTCY REPRESENTATIONS AND ADVISEMENT

Client(s) represent(s) to Attorneys that Client(s) has/have not filed any bankruptcy proceedings as of this date, that Client(s) do(es) not currently contemplate filing for bankruptcy protection, and that Client(s) will inform Attorneys should any bankruptcy matter be filed in the future. Client(s) acknowledge(s) that any recovery obtained in Client(s)' case may be subject to bankruptcy proceedings, as it may be required that the case be scheduled as an asset by Client(s). Client(s) further acknowledge(s) that any effort or expense that Attorneys expend to protect Attorneys' fees and costs out of such recovery, may be subtracted from Client(s)' share of the recovery.

## XVII.    SOCIAL MEDIA WARNING

Attorneys have informed Client(s) that during the pendency of Client(s)' case, Client(s) should stop the use of any social media accounts because this can be harmful to Client(s)' case. Client(s) should not post any photos of Client(s) anywhere on the internet during the pendency of the case, and should not delete or destroy any potentially relevant emails, documents or social media postings.

## XVIII. INTERPRETATION AND MODIFICATION OF THIS AGREEMENT

This Agreement states the entire agreement between Client(s) and Attorneys and takes the place of any prior oral or written agreements. This Agreement is to be interpreted in accordance with California law. The terms of this Agreement may only be changed by a separate written agreement signed and dated by Client(s) and Attorneys. Should any portion of this Agreement not be enforceable for any reason, that particular provision may be severed and the remaining provisions shall remain and be enforced to the fullest extent of the law. This entire Agreement shall be applied equally between the parties and shall not be strictly construed for, or against, any party.

## APPROVAL OF THIS AGREEMENT

Client(s) has/have read this Agreement. Client(s) has/have been informed that Client(s) may seek outside review of this contract by another attorney if Client(s) wish(es) to do so. Client(s) has/have asked Attorneys all of the questions that Client(s) has/have about this Agreement, if any, and Client(s) understand(s) what it means. Client(s) hereby agree(s) to all of this Agreement's terms.

Dated: _____

Signature: _____

Client Name: _____

Dated: _____

Signature: _____

Client Name: _____

ACCEPTED:

Dated: _____     **CUTTER LAW, P.C.**

Signature: _____

Attorney: _____

ACCEPTED:

Dated: _____     **ESTEY & BOMBERGER, LLP**

Signature: _____

Attorney: _____



**DESIGNATION**

I hereby designate the law firm of CUTTER LAW, PC as my attorneys and give to them, or to their representatives, full authorization to handle my claim.

This designation will be valid for two (2) years from the date of signature.

_____    By: _____


_____


Dated  _____    By: _____
PRINT NAME


_____
SIGNATURE

# CUTTER LAW, PC

### Patient Authorization to Disclose Protected Health Information

| | | |
|---|---|---|
| | | |
| | | |

**I hereby authorize the facility listed below to disclose/release the Protected Health Information specified in this request to the organization named:**

| Release by: | Release to: |
|---|---|
| **Facility name:** | **Cutter Law, PC**<br>**C/O XeBee Records, LLC** |
| **Address:** | **4475 East 74th Ave, Suite 203** |
| **City, State, Zip Code:** | **Commerce City, CO 80022** |

| Purpose of Disclosure: | Type of Disclosure Authorized & Delivery Instructions: |
|---|---|
| X Legal / Discovery | Provide copies of records to XeBee Records, LLC via U.S. Mail to: 4475 East 74th Ave, Suite 203, Commerce City, CO 80022 or via facsimile to: (866) 575-4993 |

**Pertinent Protected Health Information Allowed to be Included:**
__ Entire Medical Record for the following treatment dates: _____
__ Billing Records for the following treatment dates: _____
__ Other (specify): _____

**Authorization:** I certify that this request is made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this authorization at any time in writing by submitting my request in writing to the designated Health Information Management/Medical Records department in accordance with HIPAA regulation 42CFR Part 2. If I have authorized the disclosure of my health information to someone who is not legally required to keep it private, it may be re-disclosed and may no longer be protected. A copy or fax of this authorization will be as valid as the original. I understand that authorizing disclosure of health information is voluntary. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment, payment, enrollment in health plan, or my eligibility to obtain benefits. I understand that I may inspect or obtain a copy of the information to be disclosed. I understand a fee may be charged for copies of my medical record. I understand the facility will provide me a copy of the signed authorization form. If I have questions about

Page 1 of 2

disclosure of my health information, I can contact the designated Corporate Responsibility and Privacy Officer.

**Expiration:** Without my express revocation, this authorization will automatically expire upon satisfaction of the need for disclosure, but in any event will expire 90 days from the date hereof, unless a different date is specified here: _____

**Acknowledgement:** I understand that the information to be disclosed <u>may include any or all information</u> involving communicable or venereal disease, psychological or psychiatric conditions, drug or alcohol abuse and/or alcoholism. It may also include, but is not

limited to: diseases such as hepatitis, syphilis, gonorrhea and human immunodeficiency viruses (HIV), also known as acquired immune deficiency syndrome (AIDS).

_____
    Patient (Parent or Legal Guardian)

**Relationship (if other than patient):**_____

 **Date:**_____

**A copy or fax of this authorization shall be as valid as the original**

**Linville Johnson**
**ATTORNEY CONTINGENCY FEE AGREEMENT**

This retainer agreement is made between ▇▇▇▇▇▇ ("Client") and Linville Johnson & Pahlke Law Group, (jointly, "the Attorneys"). Client retains and employs Attorneys to recover compensation for Client's injuries suffered from Scout Abuse. This intended to bind Client's heirs, death beneficiaries, and Client's estate representative in the event of a death. It does not include Workers Compensation, Americans with Disability Act, or Social Security Disability claims, or any appeals:

It is further understood and agreed as follows:

- **FREE CASE EVALUATION:** Attorneys will evaluate Client's claim at no upfront expense or fee.
- **NO FEES OR EXPENSES UNLESS WE RECOVER FOR YOU:** If there is no recovery, Client will not owe Attorneys anything.
- **ATTORNEYS WILL NOT SUE CLIENT'S DOCTOR(S), THE VA OR THE GOVERNMENT:** Client understands and agrees that the Attorneys will not investigate or pursue a medical malpractice claim or any claim against Client's doctor(s).

**ATTORNEYS' FEE & COSTS:** Client agrees to pay ▇▇▇▇▇▇ of the GROSS settlement or recovery in case of settlement or verdict as a reasonable Attorneys' fee for Attorneys' services. This fee applies regardless of whether the case goes to trial or settles before a lawsuit is filed or trial. It does not include any appeal of a trial verdict or court decision. Client agrees that Attorneys are to be reimbursed for all costs incurred pursuing Client's claim. Attorneys will deduct costs AFTER and in addition to Attorneys' fees. The Attorneys' fees shall be shared as follows: Linville Johnson shall receive 10.00 % & Pahlke Law Group, 90.00 %. Client is responsible for all liens, subrogation, medical bills, or other claims asserted by third parties such as Medicare.

**ASSOCIATION OF OTHERS:** Attorneys may employ other Attorneys outside Linville Johnson to help with Client's claims at their discretion. All Attorneys will be jointly responsible for representing Client. Additional Attorneys will not increase the Attorneys' Fee payable by Client. This does not include Attorneys or other professionals to assist with any workers' compensation, estate, bankruptcy, or lien resolution matters.

**STATUTE OF LIMITATIONS AND/OR BAR DATE:** Client's claims must be brought within a limited time period, called the Statute of Limitations, Repose, or Bar Date, or Client's legal rights can be lost or barred forever. Prompt return of this Agreement is very important. Client assumes the risks associated with and understands, agrees, and consents that the Attorneys shall not be required to pursue the Client's claims, to file a lawsuit, or to take any action to protect against or comply with any Statute of Limitations or Repose, or Bar Date, if Client fails to return this agreement by November 1, 2020.

**TERMINATION OF REPRESENTATION:** Client retains the right to terminate Attorneys at any time, but must provide written notice to Attorneys. However, Client agrees that if Client terminates this agreement without a valid reason, Attorneys shall be entitled, but not limited to, the following: 1) reimbursement for costs spent to date; 2) Attorneys' fees for the work done based on the higher of their Quantum Meruit and 3) a lien may be placed on future proceeds generated by Client's claim.

**LIMITED POWER OF ATTORNEY:** Client authorizes Attorneys to execute documents Attorneys deem necessary or appropriate related to Client's claims.

**CLIENT OBLIGATIONS:** Client agrees to update Attorneys immediately if Client's contact information changes. Client agrees to provide complete and truthful information. Client agrees not to file any lawsuits or claims except through Attorneys or to negotiate or settle claims without Attorneys' knowledge. Client agrees to not share information obtained through Attorneys. Client agrees to preserve all documents and things, including electronic information about Client's claim. If Client filed bankruptcy before, Client will tell Attorneys immediately. If Client decides to file for bankruptcy, Client will inform Attorneys first. Client consents to receive future communications electronically at Attorneys' discretion and at Client's risk. Client will make all social media accounts private. Client will inform Attorneys if anyone asserts any claim to Client's funds. Client agrees Client's claim may be part of a larger number of claims such as an MDL or aggregate settlement.

**COMPLETE AGREEMENT:** Attorneys make no promises or guarantees regarding the outcome. This is the entire agreement. It may be changed only by a writing signed by Attorneys. If any part is or becomes unenforceable, the rest remains valid and enforceable. Any part may be "blue penciled" to make it comport with controlling law if it is invalid. Attorneys' choice to not enforce a provision is not a waiver of the right. All issues regarding this Agreement are governed by Arkansas law. If Client and Attorneys cannot resolve a dispute related to this matter, they will mediate it before a mutually agreeable mediator.

10/16/2020 | 7:36 AM PDT

▇▇▇▇▇▇      ▇▇▇▇▇▇

Client Signature      Printed Name      Date

DocuSign Envelope ID: FCA0DB11-84B1-4C85-B725-0E8D97062260

_____
Linville Johnson


_____
Pahlke Law Group

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE NEW YORK GENERAL ARBITRATION STATUTE**

# BSSA RETAINER AGREEMENT

**TO:   NS PR LAW SERVICES LLC**
        **d/b/a NAPOLI SHKOLNIK PLLC**

I, _____, the undersigned (client) retains NS PR LAW SERVICES LLC d/b/a NAPOLI SHKOLNIK PLLC, (law firm) as my attorneys to prosecute a claim for negligence against any and all parties individuals and/or corporations that are found to be liable under the law for damages suffered by me arising from sexual abuse during my time with the Boy Scouts of America. I specifically agree as follows:

1.      **INVESTIGATION**:   The law firm undertakes to represent the client, "subject to investigation" and will not commence suit and/or initiate a claim until after the law firm has had an opportunity to obtain and review the relevant records, including but not limited to medical/hospital records.

**2.      FEE PERCENTAGE:** Although I have been advised of the right to retain the law firm under an agreement whereby the firm would be compensated on the basis of the reasonable value of services rendered or on an hourly rate, I and the law firm agree that the law firm shall be paid a legal fee of ███████ ██████████████████████ of the sum recovered, whether by suit, settlement or otherwise**. Under such agreement the client shall not be obligated to pay the law firm a legal fee if there is no recovery.**

I have been given the following options with respect to how such percentage shall be computed, and have made the selection of how the percentage shall be computed as reflected by the initialing of the line below:

_____(initials) Option Number One: The Client remains Liable for Repayment of All Disbursements, Costs and Expenses, Regardless of the Outcome of this Matter. The percentage of the recovery due the law firm as a legal fee shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert medical testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action.

_____ (initials) Option Number Two: The law firm Agrees to Pay and Remain Liable for **All Reasonable** (at the law firm's discretion) Disbursements, Costs and Expenses, Regardless of the Outcome of this Matter. The percentage of the recovery due the law firm as a legal fee shall be computed on the gross sum recovered before deducting costs, expenses and disbursements. **The law firm agrees to pay all reasonable disbursements, costs and expenses of the action and the client will not remain responsible for any costs, expenses or disbursements in the event the claim or action is dismissed or otherwise rejected by any court of competent jurisdiction.**

The following reflects the financial consequences of each of the above two Options, using as an example a case in which there is a recovery of $100,000 -and this number is used only as an example that is easy to understand - and the expenses, costs and disbursements in the case are $10,000:

Option Number One Example (The Client Remains Liable for Repayment of All Disbursements Costs and Expenses, Regardless of the Outcome of This Matter):

| | |
|---|---|
| Total recovery | $100,000.00 |
| Less expenses and disbursements | - $10,000.00 |
| Less ████████ remaining $90,000.00 | - ████████ |
| Client Recovery: | |

Option Number Two Example (The Law Firm Agrees to Pay and Remain Liable for All Reasonable Disbursements Costs and Expenses, Regardless of the Outcome of This Matter):

| | |
|---|---|
| Total recovery: | $100,000.00 |
| Less ███ of $100,000.00 ███████ | |
| Less expenses and disbursements: | - $10,000.00 |
| Client Recovery | ████████ |

The Client understands and agrees that, if the Client has selected Option Number One, the law firm reserves the right, in its sole discretion, to elect to make payment in the first instance of some or all costs, expenses and disbursements, so as not to hinder the enforcement of the claim or prosecution of the action. If the law firm has advanced these payments, the Client understands that he or she remains fully responsible to reimburse the law firm for such costs, expenses and disbursements. *If the law firm elects not to make payment under Option Number One, of some or all costs, expenses and disbursements, the Client will advance and prepay to the law firm all such costs, expenses and disbursements as they are incurred or anticipated for the enforcement of the claim and the prosecution of the action. The law firm may, in its discretion, require the Client to deposit with the law firm a specified amount of money, as the law firm deems appropriate, in order for such costs, expenses and disbursements to be paid. Should the Client not comply with his or her financial obligations under Option Number One, the Client understands and agrees that such failure to comply shall constitute good cause for the law firm to withdraw in accordance with this agreement and the applicable rules of professional conduct.*

3.      **EXPENSES AND DISBURSEMENTS**: Examples of costs, expenses and disbursements: for expert medical and other testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action include, but are not limited to, charges for: retaining investigators; storage fees relating to the preservation of evidence; document management charges. (document management charges are the fees charged by the law firm for processing documents during litigation, such as medical records, documents produced by defendant(s) and/or other parties, etc. Processing of the documents may include but is not limited to the following: (1) scanning; (2) conversion of native files to PDF documents; (3) OCR (optical code recognition); and/or (4) indexing). fees obtaining medical records; retaining expert witnesses and consultants, including locating and preparing expert witnesses and consultants, obtaining reports and testimony, and related transportation, parking, mileage, meals and hotel costs; court filing fees; service of process fees; subpoena fees; costs associated with taking depositions, including stenographer's fees; videographer's fees and video teleconferencing costs; , long distance telephone charges, court reporter fees; notary fees; mediator, arbitrator and/or special master fees; specialized medical and legal research fees; computerized research fees; expenses for focus groups and jury consultants; interest incurred pursuant to paragraph eleven hereof, photography; preparation of exhibits; photocopying and other reproduction costs; and expenses of non-expert witnesses; postage and delivery fees; travel costs, including parking, mileage, transportation, meals and hotel costs; long distance telephone and fax charges; and all other necessary and incidental expenses and disbursements incurred on the Client's behalf. This list is not exclusive.

In the event that the law firm has been retained by others having the same claim or a similar case, disbursements regarding the liability and/or damages of the defendants shall be shared proportionately by all such plaintiffs.  It is contemplated that this may be accomplished by participating with other firms nationally in a pooling of research and information for which a case by case membership fee will be necessary.  As such, this will be deemed Disbursements, which shall also be deducted from the recovery.

In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages: Liens, assignments or claims in favor of hospitals, for medical care and treatment by/of doctors and nurses, or of self-insurers or insurance carriers.

The Client understands and agrees that, without regard to whether the Client has selected Option Number One or Option Number Two, under no circumstances will the law firm be responsible for the payment of any judgment that may be entered against the Client arising out of either the incident or the prosecution of the action, including any bill of costs.

4. <u>**STRUCTURED SETTLEMENTS**</u>:    Should this matter be concluded on the basis of a "structured settlement"(that is with payment to be made over a period of time), The law firm's entire fee plus all disbursements , costs and expenses shall be deducted from the initial cash payment.

5. <u>**MEDICAL BILLS:**</u>  All medical bills incurred which are not paid by client's medical insurance and are due and owing shall be chargeable to the client's portion of the settlement.  There may be additional deductions representing outstanding medical bills, liens to doctors for unpaid medical services rendered, or medical services not covered by medical insurance.  The recovery of these medical services are included in the gross settlement and shall be paid from the net settlement.  Unpaid medical providers often will wait for payment until the conclusion of the case, however, in consideration for such abeyance, they will request a lien upon the settlement proceeds.  The client expressly authorizes the firm to sign such lien forms, which may be requested by physicians, and to directly pay outstanding medical bills for treatment to such physicians or other health care providers at the conclusion of the case.  This authorization shall include medical and hospital expenses, and subrogation claims. The client understands that medical providers do not provide medical services contingent upon the outcome of a case, and that in the event that there is no recovery, or an insufficient recovery, the client will remain responsible for the payment of such medical bills.

 **Medicare, Medicaid, and Private Insurance Carriers are entitled to reimbursement of their payments made on the behalf of the client all such payments are the responsibility of the client and not the law firm.**

6. <u>**WITHDRAWAL:**</u> The law firm expressly reserves the right to withdraw its representation at any time upon reasonable notification to the client. Notwithstanding anything to the contrary contained herein:

> a.    In the event that the client advises the law firm to discontinue the handling of this claim, or if the client fails to cooperate with the law firm in the handling of this claim, client agrees reimburse the law firm or all costs, expenses and disbursements incurred by the law firm in the prosecution of the claim and to compensate the law firm a reasonable amount for its services and for the time spent on this claim on an hourly basis or under such other arrangement that may be agreed upon by the parties.

> b.     In the event that the client desires to transfer the file from the law firm, or otherwise terminate the representation of the client by the law firm, the client shall be responsible to compensate the law firm for the reasonable value of their services and reimburse the law firm for all costs, expenses and disbursements. Such transfer shall not include documents or attorney work product regarding the general liability of the defendants.

7. <u>**APPEALS:**</u>   The above contingency fee does not contemplate any appeal.  The law firm is under no duty to perfect or prosecute such appeal until a satisfactory fee arrangement is made in writing regarding costs and counsel fees.

**8.    PROBATE, TRUST AND ESTATES:** It is further understood and agreed by the Client that this retainer agreement does not include, nor will the law firm represent the Client in, trust and estate work and/or Surrogate Court work. For example, matters which are not included in this retainer agreement, and for which the Client would have to retain separate counsel, would include: a) any work that would have to be performed if the appointment of an Executor/Administrator or Guardian is required and/or if trust or guardianship proceedings must be initiated and/or Surrogate Court proceedings are required, in order to proceed with the underlying claim and/or lawsuit; and b) any work that would have to be performed in connection with proceedings which might need to be initiated in any court to withdraw funds deposited pursuant to an Infant Compromise Order or similar order or court directive. If such work is required, the Client understands and agrees that the Client would have to retain separate counsel to perform such work.

**9.    NO FAULT, DISIBILITY AND OTHER MATTERS**   It is further understood and agreed by the Client that this retainer agreement neither includes nor will the law firm represent the Client for: no fault, Federal and/or State disability benefits, arbitration/litigation of no fault benefits, Worker's Compensation benefits, litigation involving liens or rights of subrogation, appeals of any kind, supplemental proceeding to collect on or enforce any judgment or award or to assist in settlement advance funding arrangements of any kind, unless a separate agreement in writing is entered into between the Client and the law firm. All liens of any kind shall be payable solely out of the Client's share of the recovery and there shall be no deduction for said items in computing the legal fee due the law firm.

**10.    STATUTE OF LIMITATIONS:** I understand that the Statute of Limitations period for my case must be investigated and that this Retainer Agreement is made subject to that investigation as well as an investigation of my entire case pursuant to paragraph 1. I understand that the law firm has accepted this case conditionally depending upon independent confirmation of all facts relative to liability and the injuries claimed to have been sustained by the client.

**11.     FINANCING OF CASE**: If the law firm borrows money from any lending institution to finance the cost of the client's case, the amounts advanced by this firm to pay the cost of prosecuting or defending a claim or action or otherwise protecting or promoting the client's interest will bear interest at the highest lawful rate allowed by applicable law.  In no event will the interest be greater than the amount paid by the firm to the lending institution.

**12.     RESULTS NOT GUARANTEED:** No attorney, nor any employee of this law firm can accurately predict the outcome of any legal matter; accordingly, no representations are made, either expressly or impliedly, as to the final outcome of this matter.  I further understand that I must immediately report any changes in my residence, telephone number or health to the law firm.  **I understand that this Retainer Agreement is a binding legal contract.  I expressly agree that I will fully and freely cooperate with my attorneys in all aspects required for the prosecution of this legal matter and that I will take no actions that frustrate or impair the success of this action. _____(initials)**

**13.     APPROVAL NECESSARY FOR SETTLEMENT:** The law firm and it's Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under the claim as fully as the Client could do so in person. The law firm and its Attorneys are also authorized and empowered to act as Client's negotiator in any and all negotiations concerning the subject of this Agreement.

**14.    ASSOCIATION OF OTHER ATTORNEYS:** The law firm or its Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that ***the law firm*** is a limited liability partnership under the laws of New York with a number of attorneys.  Various firm attorneys may work on Client's case.

**15**.        **ASSOCIATE COUNSEL:** The law firm or its Attorneys may participate in the division of fees in this case and assume joint responsibility for the representation of the client either in the event that the  law firm or its Attorneys retains associate counsel or that the client later chooses new counsel, provided that the total fee to the client does not increase as a result of the division of fees and that the attorneys involved have agreed to the division of fees and assumption of joint responsibility.

**16.        NEW YORK LAW TO APPLY:** This Agreement shall be considered construed under and in accordance with the laws of the State of New York and the rights, duties and obligations of Client and of the law firm regarding the law firm's representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of New York.

 **17.    CONSENT TO ARBITRATION AND WAIVER OF CLASS ACTION :** Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by the law firm or any of its attorneys to Client or (4) the relationship between the law firm and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.  Client shall not file a class action against the law firm or any of its attorneys or seek to assert any claims or demands against the law firm or any of its attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph (17).  Any such arbitration proceeding shall be conducted in Nassau County, New York before a single arbitrator appointed by American Arbitration Association pursuant to the Rules for Commercial Arbitration, except the Arbitrator shall be selected from the list of personal injury arbitrators.  This arbitration provision shall be enforceable in either federal or state court in Nassau County, New York pursuant to the substantive federal laws established by the Federal Arbitration Act.  Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any Supreme Court in Nassau County, New York having jurisdiction.

**18**.        **PARTIES BOUND:** This Agreement shall be binding upon and inure to the benefit of the parties, hereto, and their respective heirs, executors, administrators, legal representative, successors, guardians and assigns.

**19.        LEGAL CONSTRUCTION:** In case any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein. This agreement may be signed in counterparts.

**20.        PRIOR AGREEMENTS SUPERSEDED:** This Agreement constitutes the sole and only Agreement between the client and the law firm and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter. It is further agreed that any oral changes or modifications of the above contract are null and void unless subscribed to in writing and executed by the law firm.

I certify and acknowledge that I have received a copy of this Retainer Agreement, have had the opportunity to read this Retainer Agreement and have had answered any questions pertaining thereto. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions. I understand and agree to be bound by the terms and conditions contained herein

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE NEW YORK GENERAL ARBITRATION STATUTE**

NS PR LAW SERVICES LLC
*d/b/a* NAPOLI SHKOLNIK, PLLC

**Print Client's Name:** _____

By: _____

**Client's Signature:** _____

_____
**Printed Name of Attorney**

**Address:** _____

_____

_____

**Phone:** _(_____)_____

# PORTER & MALOUF, P.A

## **ATTORNEY-CLIENT CONTRACT OF EMPLOYMENT AND ASSIGNMENT**

**THIS DAY** the undersigned Client does hereby agree, according to the mutual covenants herein contained and for the mutual considerations herein set forth, that the undersigned Client hereby employs **PORTER & MALOUF, P.A.** as attorney at law and in fact, to sue for, recover, compromise, or otherwise collect a claim for damages against _____ and any and all other responsible parties, hereby clothing it with all power to effect the same for and on behalf of the undersigned, as the undersigned could if present himself, for a claim of cause of action against the said Defendants. By the acceptance hereof, the Attorney agrees to prepare, present, and prosecute the said claim or suit in behalf of Client.

By signing this Agreement, you understand and agree we are committing to represent you only in connection with the February 18, 2020 bankruptcy filing of the Boy Scouts Of America (BSA) and Delaware BSA LLC and, or a related global resolution of sex abuse claims against BSA.

**Attorney's Fees:** The Client hereby sets over and assigns to the Attorney an undivided contingent interest of ███████████ of the gross amount recovered, if settlement is achieved without the necessity of filing suit; ███████████ of the gross settlement or judgment if it is necessary to file suit; and ███████████ ███████ of the ultimate gross settlement or judgment following the trial and any appeal undertaken by the adversary. PORTER & MALOUF, P.A. has the discretion to employ an associate counsel to assist in prosecuting the client's cause of action. Client hereby agrees that PORTER & MALOUF, P.A. may employ associate counsel and does not object to the participation of any lawyers PORTER & MALOUF, P.A. may choose to involve in this action. Payment of attorneys' fees to associate counsel is the responsibility of PORTER & MALOUF, P.A. Client and PORTER & MALOUF, P.A. further agree that PORTER & MALOUF, P.A., if after investigation of the facts and research of the law, believes that client's claims are of limited merit, may cancel this agreement with client and said cancellation will release PORTER & MALOUF, P.A. from any further action on client's claim, and discharge PORTER & MALOUF, P.A. from this Employment Agreement. Cancellation will be effected by certified mail to the last address provided by client to PORTER & MALOUF, P.A.

**Case Expenses & Authorization:** It will be necessary for PORTER & MALOUF, P.A. to incur and advance certain court costs and expenses for the client. These costs may include any of the following: filing and service fees; costs for medical exams, reports, and records; travel expenses for the client and PORTER & MALOUF, P.A. employees; court reporter fees; investigation fees; fees and expenses associated with electronic document storage and hosting, etc.; interest on any money that PORTER & MALOUF, P.A. and Associate Counsel may borrow for expenses; and miscellaneous copying costs and postage. In addition,

it will be necessary to employ medical or technical expert witness to examine and report on the facts of the client's cause of action. The client agrees that PORTER & MALOUF, P.A. has the discretion of employment and paying these expert witnesses. It may be necessary for PORTER & MALOUF, P.A. and Associate Counsel to hire outside groups of lawyers to assist with medical lien resolution; bankruptcy issues; government entitlements and needs-based benefits issues; or estate work. These costs will be charged as a case expense, and shall not be paid out of the law firm's contingent fee in this matter. The client further agrees to reimburse PORTER & MALOUF, P.A. from any settlement money received -- or from payment of any judgment -- in the following manner: Upon receipt by PORTER & MALOUF, P.A. of the proceeds of any settlement or judgment, PORTER & MALOUF, P.A. shall: (1) retain ████ for attorneys' fees; (2) deduct any costs, expense, and expert fees already paid by PORTER & MALOUF, P.A.; and (3) disburse the remainder to the client.

**Common Benefit Case Expenses:** Client understands that PORTER & MALOUF, P.A. and Associate Counsel will be representing several individuals in this case, and will incur generic costs necessary to prosecute the claims. Client agrees to pay a pro rata share of the generic costs of prosecuting this case. Client shall have the right to an accounting of generic costs of this case.

**No Guarantee:** I acknowledge that my Attorney has made no promise or guarantee regarding the outcome of my legal matter. In fact, Attorney has advised me that litigation in general is risky, can take a long time, can be very costly, and can be very frustrating. I further acknowledge that my Attorney shall have the right to cancel this agreement and withdraw from this matter if, in Attorney's professional opinion, the matter does not have merit, I do not have a reasonably good possibility of recovery, and/or I refuse to follow the recommendations of Attorney and/or I fail to abide by the terms of this agreement, and/or if Attorney's continued representation would result in a violation of the Rules of Professional Conduct.

**Alternative Dispute Resolution:** If a dispute arises out of or relates to this engagement, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Rules or any other state certified mediator selected by the parties before resorting to arbitration, litigation, or some other dispute resolution procedure.

**Assignment of Lien:** The Client hereby makes Attorney the partial assignee of Client's chose in action under Section 11-7-3 of the Mississippi Code of 1972, clothing him with all the powers set forth in Section 11-7-3 of the Mississippi Code of 1972, to prosecute the said claim.

The Client hereby creates and gives to Attorney, in addition to the assignment herein above set forth, a lien on whatever monies may be received as a result of compromise, settlement or any judgment in such cause, and hereby reaffirms the above assignment and transfers the same proportion to the Attorney hereby.

Client does hereby expressly authorize Attorney to pay directly to any hospital, doctor, or other medical service provider, directly from the proceeds of any recovery, settlement, or payment, on said claim or suit, any amounts owing by Client to the same arising out of or in connection with the incident made the basis of such claim or suit, Attorney's sole discretion, and Attorney may ascertain that the same was rendered or furnished incident to the occurrence made the basis of the said suit.

**Power of Attorney:** The client gives PORTER & MALOUF, P.A. a power of attorney to execute all reasonable and necessary documents connected with the handling of this cause of action, including pleadings, contracts, checks or drafts, settlement agreements, compromises and releases, verifications, dismissals and orders, and all other documents that client could properly execute.

It is agreed that this assignment is taken on a contingency basis, and if there is no recovery, that the Client will not owe Attorney any amount whatsoever as Attorney's fees. Client agrees to complete the Sexual Abuse Survivor Proof of Claim required by the bankruptcy court by November 9, 2020.

_____          _____
Client Signature                                      Date
(Parent or legal guardian if minor)

Name of Injured or Deceased

_____          _____
Client Name                              Relationship to Injured

Street Address                              City                              State                              Zip

_____          _____
Best Phone Number to Reach You          Alternate Phone Number