**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: March 17, 2021 at 10:00 a.m. (ET)<br>Response Deadline: February 23, 2021 at 4:00 p.m. (ET) |

**DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO
CERTAIN (I) EXACT DUPLICATE CLAIMS, (II) AMENDED AND SUPERSEDED
CLAIMS, AND (III) INCORRECT DEBTOR CLAIMS (NON-ABUSE CLAIMS)**

> \*\*\*
> TO THE CLAIMANTS LISTED ON SCHEDULE 1, SCHEDULE 2, AND SCHEDULE 3 ATTACHED TO THE PROPOSED ORDER (AS DEFINED HEREIN): YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1, SCHEDULE 2, AND/OR SCHEDULE 3 TO THE PROPOSED ORDER AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON SCHEDULE 1, SCHEDULE 2, AND SCHEDULE 3 TO THE PROPOSED ORDER.
> \*\*\*

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") hereby file this omnibus objection (this "Objection") and respectfully state as follows:

**RELIEF REQUESTED**

1. By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging or reassigning, as applicable: (i) the duplicative claims identified on **Schedule 1** thereto (the "Exact Duplicate

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Claims"); (ii) the amended and superseded claims identified on **Schedule 2** thereto (the "Amended and Superseded Claims"), and (iii) the incorrect debtor claims identified on **Schedule 3** thereto (the "Incorrect Debtor Claims" and, collectively with the Exact Duplicate Claims and the Amended and Superseded Claims, "the Disputed Claims"). In support of this Objection, the Debtors submit the *Declaration of Stephanie Phillips in Support of Debtors' First Omnibus (Non-Substantive) Objection to Certain (I) Duplicate Claims, (II) Amended and Superseded, and (III) Incorrect Debtor Claims* (the "Phillips Declaration"), annexed hereto as **Exhibit B**.

### STATUS OF THE CASES AND JURISDICTION

2. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested by this Objection are section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

### GENERAL BACKGROUND

4. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

6. On April 24, 2020, the Court appointed James L. Patton, Jr. (the "Future Claimants Representative") as the representative of future claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

7. Additional information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## CLAIMS PROCESS

8. On the Petition Date, the Debtors filed a motion to establish bar dates in these chapter 11 cases and approve procedures to provide notice of the bar dates to all claimants, including survivors of abuse [Docket No. 18] (the "Bar Date Motion"). On April 8, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 375–378] (collectively, the "Schedules").

9. On May 26, 2020, the Court entered the *Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and*

*Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Survivors, and (IV) Approving Confidentiality Procedures for Survivors* [Docket No. 695] (the "Bar Date Order").[2]

10. The Bar Date Order established, among other things: (i) November 16, 2020 at 5:00 p.m. (Eastern Time) as the deadline by all persons or entities must file proofs of claim in these chapter 11 cases except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code) and Sexual Abuse Survivors (the "General Bar Date"), (ii) August 17, 2020 at 5:00 p.m. (Eastern Time) as the deadline for governmental units to file proofs of claim in these chapter 11 cases (the "Governmental Bar Date"), and (iii) November 16, 2020 at 5:00 p.m. (Eastern Time) as the deadline by which Sexual Abuse Survivors must file Sexual Abuse Survivor Proofs of Claim (the "Abuse Claims Bar Date").

11. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors. From June 10, 2020 to June 19, 2020, Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, mailed the Bar Date Notice and proofs of claim to, among others, all known holders of potential claims and their counsel (if known) and provided email notice to the same [Docket No. 1112]. On June 15, 2020, the Debtors published notice of the Bar Dates in *USA Today*, *The Wall Street Journal*, and *The New York Times* [Docket No. 854]. In addition, and as described more fully in the Supplemental Notice Plan, the *Declaration of Shannon R. Wheatman, Ph.D in Support of Procedures for Providing Direct Notice and Supplemental Notice Plan to Provide Notice of Bar Date to Abuse Survivors*, and the declaration describing the implementation of the Supplemental Notice Plan [Docket Nos. 556, 557, 1758], through the execution of the

---

[2] Capitalized terms used in this section but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

Supplemental Notice Plan, the Debtors reached an estimated 95.8% of men 50 years of age or older through a variety of media sources to provide notice of the Abuse Claims Bar Date.

12. More than 100,000 General Proofs of Claim and Sexual Abuse Survivor Proofs of Claim have been filed in these chapter 11 cases. The Debtors, with the assistance of their advisors, have been reviewing and reconciling Proofs of Claim, including any supporting documentation attached thereto, and reconciling the Proofs of Claim with the Debtors' Schedules and books and records to determine the validity of the asserted claims. While this analysis and reconciliation is ongoing, the Debtors have determined that the Disputed Claims should be disallowed for one or more reasons set forth herein. Accordingly, the Debtors file this Objection seeking the relief requested herein.

## **BASIS FOR RELIEF**

13. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

14. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *Id*. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. at 173-74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the

validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

    A.    **Exact Duplicate Claims**

15. As set forth in the Phillips Declaration, based upon a review and analysis of the Exact Duplicate Claims listed on **Schedule 1** to the Proposed Order, the Debtors have determined that each Exact Duplicate Claim was filed by or on behalf of the same claimant, in the same amount and priority, on account of the same alleged liability, and against the same Debtor more than once. The claims listed under the column "Duplicate Claim to be Disallowed" are exact duplicates of the corresponding claims listed under the column titled "Remaining Claim" (the "Remaining Claims").

16. The Debtors are not required to pay twice on the same obligation. Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Any disallowance or expungement of the Exact Duplicate Claims will not prejudice any claimants or their substantive rights against the Debtors because each Remaining Claim will remain on the Claims Register, subject to the Debtors' ongoing rights to object to the Remaining Claims on these or any other applicable grounds, including other grounds set forth in the Debtors' subsequent omnibus objections.

17. Therefore, the Debtors (a) object to the Exact Duplicate Claims listed on **Schedule 1** to the Proposed Order and (b) request that such Exact Duplicate Claims under the column titled "Duplicate Claim to be Disallowed" be disallowed and expunged in their entirety.[3]

---

[3] For the avoidance of doubt, the Debtors reserve all rights to object to the Remaining Claims on any grounds permitted under applicable law.

### B. Amended and Superseded Claims

18. As set forth in the Phillips Declaration, based upon a review and analysis of the Amended and Superseded Claims listed on **Schedule 2** to the Proposed Order, the Debtors have determined that each Amended and Superseded Claim listed under the column "Amended Claim to be Disallowed" has been amended and superseded by a subsequently filed Proof of Claim by the same claimant and on account of the same liability as those listed in the column titled "Surviving Claim" (the "Surviving Claims").

19. The relief requested in this Objection is necessary to prevent the allowance of the Amended and Superseded Claims, which by their nature have been superseded and remain on the claims Register only as a technicality. The Debtors are not required to pay twice on the same obligation. Disallowance of these claims that have been amended and superseded will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. The claimants holding Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claims disallowed and expunged because each Surviving Claim will remain on the Claims Register, subject to the Debtors' ongoing rights to object to the Surviving Claims on these or any other applicable grounds, including other grounds set forth in the Debtors' subsequent omnibus objections.

20. Therefore, the Debtors (a) object to the Amended and Superseded Claims listed on **Schedule 2** and (b) request that such Amended and Superseded Claims listed under the column titled "Amended Claim to be Disallowed" be disallowed and expunged in their entirety.[4]

---

[4] For the avoidance of doubt, the Debtors reserve all rights to object to the Surviving Claims on any grounds permitted under applicable law.

### C. Incorrect Debtor Claims

21. As set forth in the Phillips Declaration, based upon a review and analysis of the Incorrect Debtor Claims listed on **Schedule 3** to the Proposed Order, the Debtors have determined that there is no evidence that indicates the claimants hold a claim against the asserted Debtors, and the Incorrect Debtor Claims fail to establish a valid legal or factual basis for asserting a claim against the named Debtor. The Debtors were able to determine that the Incorrect Debtor Claims are appropriately asserted, in whole or in part, against a different Debtor in these chapter 11 cases. As such, the Incorrect Debtor Claims should be reassigned as claims against the Debtor appearing in the "Correct Debtor" column of **Schedule 3** to the Proposed Order.

22. Reassigning the Incorrect Debtor Claims does not affect any claimant's substantive rights, as each relevant claimant will retain its Incorrect Debtor Claim in the as-filed amount, albeit against a different Debtor. Reassigning the Incorrect Debtor Claims will benefit the Debtors, as it will allow scheduled claim amounts to be correctly matched to filed claims. Therefore, the Debtors (a) object to the Incorrect Debtor Claims listed on **Schedule 3** to the Proposed Order and (b) seek entry of the Proposed Order reassigning the Incorrect Debtor Claims to the debtor listed under the column heading "Correct Debtor."[5]

### RESPONSES TO THIS OBJECTION

23. <u>Filing and Service of Responses</u>: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "<u>Response</u>") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m, (Eastern Time) on February 23, 2021 (the "<u>Response Deadline</u>"). Claimants should locate their names

---

[5] For the avoidance of doubt, the Debtors reserve all rights to object to the Incorrect Debtor Claims on any grounds permitted under applicable law.

and Disputed Claims on **Schedules 1-3** to the Proposed Order, and carefully review the Objection.  A Response must address each ground upon which the Debtors object to a particular Disputed Claim.  A hearing to consider the Debtors' Objection, if necessary, will be held on March 17, 2021 at 10:00 a.m. (Eastern Time) before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, via telephone or videoconference (the "Hearing").

24. Each Response must be filed with Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor Wilmington, Delaware, 19801 and served upon the following entities at the following addresses:

| **WHITE & CASE LLP** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
|---|---|
| Jessica C. Lauria<br>1221 Avenue of the Americas<br>New York, NY 10020<br>jessica.lauria@whitecase.com<br><br>Michael Andolina<br>Matthew Linder<br>111 South Wacker Drive<br>Chicago, IL 60606<br>mandolina@whitecase.com<br>mlinder@whitecase.com | Derek C. Abbott<br>Andrew R. Remming<br>Eric W. Moats<br>Paige N. Topper<br>1201 North Market Street, 16th Floor<br>Wilmington, DE 19801<br>dabbott@mnat.com<br>aremming@mnat.com<br>emoats@mnat.com<br>ptopper@mnat.com |

25. Content of Responses: Each Response to this Objection must, at a minimum, contain the following information:

    i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

    ii. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

    iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    iv. all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Objection; and

   v.  the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

26. <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on March 17, 2021 at 10:00 a.m. (Eastern Time) or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

27. <u>Adjournment of Hearing</u>: The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing. The agenda will be served on the person designated by the Claimant in its Response.

28. If a claimant fails to timely file a Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Disputed Claims without further notice to the claimant or a hearing.

29. <u>Separate Contested Matter</u>: The objection by the Debtors to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**RESERVATION OF RIGHTS**

30. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims or any other proofs of claim on any other grounds that the Debtors discover or elect to pursue.

31. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Debtors, or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

32. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any of the Debtors' claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

**COMPLIANCE WITH LOCAL RULE 3007-1**

33. To the best of the Debtors' knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the

requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

34.     Notice of this Objection will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Tort Claimants' Committee; (iii) counsel to the Creditors' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (xiv) each of the claimants listed on **Schedule 1**, **Schedule 2**, and **Schedule 3** to the Proposed Order. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: February 3, 2021<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>      aremming@mnat.com<br>      emoats@mnat.com<br>      ptopper@mnat.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>      mlinder@whitecase.com<br><br>*Counsel for the Debtors and Debtors in Possession* |