## Exhibit B

## Declaration of Stephanie Phillips

0

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: March 17, 2021 at 10:00 a.m. (ET)<br>Objection Deadline: [●], 2021 at 4:00 p.m. (ET) |

**DECLARATION OF STEPHANIE PHILLIPS IN SUPPORT OF DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) CROSS-DEBTOR DUPLICATE CLAIMS, (II) SUBSTANTIVE DUPLICATE CLAIMS, (III) NO LIABILITY CLAIMS, (IV) MISCLASSIFIED CLAIMS, AND (V) REDUCE AND ALLOW CLAIMS (NON-ABUSE CLAIMS)**

I, Stephanie Phillips, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Controller at the Boy Scouts of America (the "BSA") and have served in this capacity for 11 years. I submit this declaration (the "Declaration") in support of the *Debtors' Second Omnibus (Substantive) Objection to Certain (I) Cross-Debtor Duplicate Claims (II) Substantive Duplicate Claims, (III) No Liability Claims, (IV) Misclassified Claims, and (V) Reduce and Allow Claims* (the "Objection"),[2] dated as of the date hereof and filed contemporaneously herewith.

2. I am over the age of eighteen and am authorized by the Debtors to submit this Declaration. All statements in this Declaration are based upon my personal knowledge, my review (or the review of others under my supervision) of (a) business books and records kept by the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

1

Debtors in the ordinary course of business, (b) the relevant proofs of claim, (c) the Schedules, and/or (d) the official register of claims filed in the chapter 11 cases. If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

3. The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by myself, appropriate personnel of the Debtors, Alvarez & Marsal North America, LLC, Omni, White & Case LLP, and Morris, Nichols, Arsht & Tunnell LLP.

## CROSS-DEBTOR DUPLICATE CLAIMS

4. Based upon a review and analysis of the Cross-Debtor Duplicate Claims listed on **Schedule 1** to the Proposed Order and the Claims Register, I and my team have determined that each Cross-Debtor Duplicate Claim listed under the column "Cross-Duplicate Claim to be Disallowed" is redundant of another Proof of Claim (*i.e.* the Remaining Claim) because such claims assert the same liability against different Debtors. Therefore, the Cross-Debtor Duplicate Claim should be disallowed and expunged and only the Remaining Claim should remain on the claims register at this time.

## SUBSTANTIVE DUPLICATE CLAIMS

5. Based upon a review and analysis of the Substantive Duplicate Claims listed on **Schedule 2** to the Proposed Order by myself and my team, each Substantive Duplicate Claim listed under the column "Substantive Duplicate Claim to be Disallowed" is duplicative of amounts or liabilities requested in another filed proof of claim, but with certain differences (*e.g.*, a claim reasserted in a subsequently-filed proof of claim that was not denoted as amending the initial proof of claim).

6. Failure to disallow and expunge the Substantive Duplicate Claims could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the Substantive Duplicate Claims will enable the Debtors to maintain a more accurate Claims Register.

## NO LIABILITY CLAIMS

7. Based upon a careful review and analysis of the Debtors' books and records, the Schedules, and the Claims Register, I and my team have determined that the Debtors have no liability with respect to the No Liability Claims listed on **Schedule 3** to the Proposed Order. Failure to disallow and expunge the No Liability Claims could result in the applicable claimants receiving recoveries against the Debtors' estates for which no amounts are due.

## MISCLASSIFIED CLAIMS

8. Based upon a careful review and analysis of the Debtors' books and records, the Schedules, and the Claims Register, I and my team have determined that the Misclassified Claims, as listed on **Schedule 4** to the Proposed Order were filed incorrectly as a priority or administrative Claim where such claim cannot be properly classified as either of the foregoing. Therefore, the Misclassified Claims should be reclassified to the extent set forth on **Schedule 4** to the Proposed Order.

## REDUCE AND ALLOW CLAIMS

9. Based upon a careful review and analysis of the Debtors' books and records, the Schedules, and the Claims Register, I and my team have determined that the Reduce and Allow Claims, as listed on **Schedule 5** to the Proposed Order were filed for amounts that differ from and are greater than the amounts reflected in the Debtors' books and records. Therefore, the Reduce and Allow Claims should be reduced to the extent set forth on **Schedule 5** to the Proposed Order.

Failure to do so would result in the applicable claimants receiving recoveries against the Debtors' estates that are great than the amounts due such claimants.

10. The information contained in the Objection and in the schedules attached to the Proposed Order is true and correct to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: February 3, 2021

/s/ *Stephanie Phillips*

Stephanie Phillips
Controller
BOY SCOUTS OF AMERICA