## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Response Deadline: February 23, 2021 at 4:00 p.m. (ET)** |

## DEBTORS' FIRST NOTICE OF SATISFACTION
## OF CLAIMS AND/OR SCHEDULED AMOUNTS (NON-ABUSE CLAIMS)

> \*\*\*
> **TO THE CLAIMANTS LISTED ON <u>EXHIBIT A</u> AND <u>EXHIBIT B</u> TO THIS NOTICE:  YOUR RIGHTS MAY BE AFFECTED BY A FAILURE TO RESPOND TO THIS NOTICE BY THE DEADLINE SET FORTH HEREIN. CLAIMANTS RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> AND <u>EXHIBIT B</u> AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THIS NOTICE IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE SATISFIED CLAIMS LISTED IN <u>EXHIBIT A</u> AND <u>EXHIBIT B</u>.**
> \*\*\*

The Boy Scouts of America (the "<u>BSA</u>") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>") hereby file this notice (this "<u>Notice</u>") identifying certain amounts scheduled by the Debtors (the "<u>Satisfied Scheduled Claims</u>") and certain claims, as defined by section 101(5) of chapter 11 of title 11 of the Bankruptcy Code, filed by claimants in the above-captioned chapter 11 cases (the "<u>Satisfied Proofs of Claim</u>"), which have been fully satisfied by the Debtors.  In support of this Notice, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## GENERAL BACKGROUND

1.      The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

2.      On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

3.      On April 24, 2020, the Court appointed James L. Patton, Jr. (the "Future Claimants Representative") as the representative of future claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

4.      Additional information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## CLAIMS PROCESS

5.      On the Petition Date, the Debtors filed a motion to establish bar dates in these chapter 11 cases and approve procedures to provide notice of the bar dates to all claimants, including survivors of abuse [Docket No.  18] (the "Bar Date Motion").  On April 8, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 375–378] (collectively, the "Schedules").

6.      On May 26, 2020, the Court entered the *Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Survivors, and (IV) Approving Confidentiality Procedures for Survivors* [Docket No. 695] (the "Bar Date Order").[2]

7.      The Bar Date Order established, among other things: (i) November 16, 2020 at 5:00 p.m. (Eastern Time) as the deadline by all persons or entities must file proofs of claim in these chapter 11 cases except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code) and Sexual Abuse Survivors (the "General Bar Date"), (ii) August 17, 2020 at 5:00 p.m. (Eastern Time) as the deadline for governmental units to file proofs of claim in these chapter 11 cases (the "Governmental Bar Date"), and (iii) November 16, 2020 at 5:00 p.m. (Eastern Time) as the deadline by which Sexual Abuse Survivors must file Sexual Abuse Survivor Proofs of Claim (the "Abuse Claims Bar Date").

8.      In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors.  From June 10, 2020 to June 19, 2020, Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, mailed the Bar Date Notice and proofs of claim to, among others, all known holders of potential claims and their counsel (if known) and provided email notice to the same [Docket No. 1112].  On June 15, 2020, the Debtors published notice of the Bar Dates in *USA Today*, *The Wall Street Journal*, and *The New York Times* [Docket No. 854].  In addition, and as described more

---

[2] Capitalized terms used in this section but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

fully in the Supplemental Notice Plan, the *Declaration of Shannon R. Wheatman, Ph.D in Support of Procedures for Providing Direct Notice and Supplemental Notice Plan to Provide Notice of Bar Date to Abuse Survivors*, and the declaration describing the implementation of the Supplemental Notice Plan [Docket Nos. 556, 557, 1758], through the execution of the Supplemental Notice Plan, the Debtors reached an estimated 95.8% of men 50 years of age or older through a variety of media sources to provide notice of the Abuse Claims Bar Date.

9.        More than 100,000 General Proofs of Claim and Sexual Abuse Survivor Proofs of Claim have been filed in these chapter 11 cases.  The Debtors, with the assistance of their advisors, have been reviewing and reconciling Proofs of Claim, including any supporting documentation attached thereto, and reconciling the Proofs of Claim with the Debtors' Schedules and books and records to determine the validity of the asserted claims.  While this analysis and reconciliation is ongoing, the Debtors have determined that the following claims and schedule amounts have been satisfied, in full, after the Petition Date, and that no further distributions are required on account of such satisfied amounts.

## CLAIMS SATISFIED AFTER THE PETITON DATE

10.        Based upon a review of their books and records, the Debtors have determined that the Satisfied Scheduled Claims, as set forth on **Exhibit A**, and the Satisfied Proofs of Claim, as set forth on **Exhibit B**, have been satisfied by the Debtors in full after the Petition Date in accordance with authority granted to the Debtors pursuant to Orders[3] of this Court, including without limitation:

> A.        *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing*

---

[3] For the avoidance of doubt, any reference to the relief granted pursuant to a final order entered by the Court also includes any interim relief granted by the Court related to the same category of claims (as applicable).

*Continued Performance of Obligations Under Shared Services Arrangements, and (III) Granting Related Relief* [Docket No. 369];

B.     *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Essential Vendors, Foreign Vendors, Shippers, Warehousemen, Other Lien Claimants, and 503(B)(9) Vendors, and (III) Granting Related Relief* [Docket No. 275];

C.     *Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Prepetition Customer, Scout, and Donor Programs And Practices and (B) Pay And Honor Related Prepetition Obligations, and (III) Granting Related Relief* [Docket No. 279];

D.     *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers and (III) Granting Related Relief* [Docket No. 295];

E.     *Final Order (I) Authorizing Payment of Certain Taxes and (II) Granting Related Relief* [Docket No. 366];

F.     *Order (I) Approving Settlement of Claim of Lianfen Qian and (II) Lifting the Automatic Stay, to the Extent Necessary, to Permit Payment of Settlement Amount by Applicable Insurance* [Docket No. 1292];

G.     *Order (I) Approving Henderson Settlement and (II) Modifying the Automatic Stay, to the Extent Necessary, to Permit Payment of Settlement Amount by Applicable Insurance* [Docket No. 1942]; and

H.     *Order (I) Approving Wilson Settlement Agreement and (II) Lifting the Automatic Stay to the Extent Necessary, to Permit Payment of Settlement Amount by Applicable Insurance* [Docket No. 1842].

11.     Accordingly, the Debtors intend to designate on the register of claims maintained by Omni the Satisfied Scheduled Claims listed on **Exhibit A** and the Satisfied Proofs of Claim listed on **Exhibit B** as having been satisfied in full. Out of an abundance of caution, the Debtors will cause this Notice to be served on all holders of the Satisfied Scheduled Claims and Satisfied Proofs of Claim to provide them with an opportunity to interpose an objection, if any, to the Debtors' determination that such Satisfied Scheduled Claims and Satisfied Proofs of Claim have been fully satisfied.

**Responses to this Notice**

12.     By this Notice, the Debtors request that any holder of a Satisfied Scheduled Claim or Satisfied Proof of Claim (a "<u>Claimant</u>"), who disputes the Debtors' determination that its Claim has been satisfied or released, file a written response (a "<u>Response</u>") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware ("the <u>Clerk</u>"), 824 North Market Street, Wilmington Delaware, 19801.

13.     Content of Responses: Each Response to this Objection must, at a minimum, contain the following information:

      i.    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of this Notice;

      ii.    the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

      iii.    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Notice;

      iv.    all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Notice; and

      v.    the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Notice and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

14.     In addition, such Claimant must serve its Response upon the following entities so that the Response is received no later than 4:00 p.m. (Eastern Time) on February 23, 2021 (the "<u>Response Deadline</u>"):

| **WHITE & CASE LLP** | **MORRIS, NICHOLS, ARSHT &** |
|---|---|
| Jessica C. Lauria | **TUNNELL LLP** |
| 1221 Avenue of the Americas | Derek C. Abbott |
| New York, NY 10020 | Andrew R. Remming |
| jessica.lauria@whitecase.com | Eric W. Moats |
| | Paige N. Topper |
| Michael Andolina | 1201 North Market Street, 16th Floor |
| Matthew Linder | Wilmington, DE 19801 |
| 111 South Wacker Drive | dabbott@mnat.com |
| Chicago, IL 60606 | aremming@mnat.com |
| mandolina@whitecase.com | emoats@mnat.com |
| mlinder@whitecase.com | ptopper@mnat.com |

15.     Upon the Debtors' receipt of a Response, the Debtors will determine whether there is a basis upon which to sustain the Claimant's assertion that its Claim has not in fact been satisfied. In the event the parties are unable to reach a resolution, the Debtors may schedule a hearing on the Satisfied Scheduled Claim or the Satisfied Proof of Claim.  The Debtors reserve the right to contest any new assertions of liability against the Debtors made by Claimants with respect to their Satisfied Scheduled Claim or Satisfied Proof of Claim.

16.     If the Claimant fails to file and serve a timely Response by the Response Deadline (a) the Claimant is deemed to have consented to this Notice and the Debtors' determination with respect to its Satisfied Claim, as set forth herein, and (b) Omni shall immediately and without further notice to any party (including the Claimant), mark such Satisfied Scheduled Claim or Satisfied Proof of Claim as fully satisfied on the Claims Register.

## RESERVATION OF RIGHTS

17.     The Debtors reserve any and all rights to amend supplement or otherwise modify this Notice and the exhibits and to file additional notices of this nature with respect to any and all (i) claims filed in these Cases and (ii) amounts scheduled against the Debtors' estates in the Schedules. The Debtors also expressly reserve the right to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates.  The Debtors also

reserve any and all rights, claims and defenses with respect to any and all of the Satisfied Scheduled Claims and Satisfied Proofs of Claim, and nothing included in or omitted from this Notice shall impair, prejudice, waive or otherwise affect any such rights, claims and defenses.  Notwithstanding anything contained in the Notice, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Debtors, or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

### NOTICE

18.    This Notice of Satisfaction will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Tort Claimants' Committee; (iii) counsel to the Creditors' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (xiv) each of the claimants listed on **Exhibit A** and **Exhibit B,** attached hereto.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 3, 2021
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Eric W. Moats*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
       aremming@mnat.com
       emoats@mnat.com
       ptopper@mnat.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com

*Counsel for the Debtors and Debtors in Possession*