# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Hearing Date: Feb. 17, 2021 at 10:00 a.m. (ET)<br>Obj. Deadline: Feb. 10, 2021 at 4:00 p.m. (ET) |

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY AND TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO COMPEL ABUSED IN SCOUTING AND KOSNOFF LAW PLLC TO SUBMIT RULE 2019 DISCLOSURES**

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") respectfully submit this motion (the "Motion") for entry of an order compelling Abused in Scouting ("AIS") and Kosnoff Law PLLC ("Kosnoff Law") to make the disclosures that Federal Rule of Bankruptcy Procedure 2019 requires. AIS and Kosnoff Law, one of the entities that formed AIS, purport to represent thousands of individuals who have asserted abuse claims against the debtors. And while the *ad hoc* committee known as the Coalition of Abused Scouts for Justice (the "Coalition") asserts that many of its members are represented by AIS law firms, Mr. Kosnoff -- one of the Coalition's founders -- now asserts that the Coalition does *not* represent the interests of his or other AIS clients. Surfacing these potential conflicts of interest is at the heart of Rule 2019. The Court should require AIS and Kosnoff Law to make the same Rule 2019 disclosures that the Coalition has made in this case.

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Hartford confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein is rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On July 29, 2020, the Coalition filed its initial Rule 2019 disclosures with this Court. *See Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* (July 29, 2020) [D.I. 1053]. In that filing, the Coalition purported to represent more than 10,000 claims, with more being added each week.

5. On August 14, 2020, the Coalition filed its first set of amended Rule 2019 disclosures. *See Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* (Aug. 14, 2020) [D.I. 1106]. That amended disclosure identified six state court law firms as founding members of the Coalition, including three firms that together formed AIS: (i) Kosnoff Law; (ii) AVA Law Group, Inc. ("AVA Law"); and (iii) Eisenberg, Rothweiler,

Winkler, Eisenberg & Jeck, P.C. ("Eisenberg, Rothweiler").  *See id.* at 1 n.2.

6.     On September 9, 2020, this Court heard arguments on the Coalition's Motion for an Order ruling that the Amended Disclosures were sufficient under Rule 2019, and Hartford and Century's corresponding Motion for an Order requiring further disclosures.  *See Century and Hartford's Motion to Compel the Attorneys Representing the Entity Calling Itself the "Coalition" to Submit the Disclosures Required by Federal Rule of Bankruptcy Procedure 2019* (Aug. 26, 2020) [D.I. No. 1164].  In particular, Hartford raised concerns about whether all of the claimants that the AIS firms had collected could (or should) be considered consenting Coalition members in light of Mr. Kosnoff's well-publicized e-mail describing his interest in harvesting claims.

7.     At oral argument, the Court expressed concern regarding identification as to which claimants had affirmatively consented to be members of the Coalition, as well as concerns regarding the adequacy of the disclosures of state court counsels' retention agreements.  *See* September 9, 2020 Hearing Tr. at 127:24-128:15, 133:23-134:22 [D.I. 1307].  The Coalition agreed to provide additional information, and the Court continued the hearing until the October hearing date.

8.     On October 7, 2020, the Coalition filed its *Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* ("Second Verified Rule 2019 Statement") (Oct. 7, 2020) [D.I. 1429].  Notably, the Second Verified Rule 2019 Statement from the Coalition asserted that two of the "founding" Coalition firms -- Kosnoff Law and AVA Law -- had "resigned from the Coalition" but that their clients "remain Coalition members whose interests are represented by Eisenberg . . . in accordance with the clients' engagement letters."  *See Second Verified Rule 2019 Statement* at 4 n.3.  The AIS retention agreement, which includes Kosnoff Law on the header as a participating firm, is attached to the Second Verified Rule 2019

Statement as one of the empowering documents authorizing the Coalition to act on behalf of certain state court counsel's clients. *See id.* at Exhibit A-3.

9.     During the October 14, 2020 hearing on the sufficiency of the Coalition's statements, Hartford expressed skepticism that Kosnoff Law had truly and completely left the Coalition. *See* October 14, 2020 Hearing Tr. at 55:16-56:1 (Exhibit 1 to the Declaration of Michele Backus Konigsberg ("Backus Decl.")). Brown Rudnick LLP, the Coalition's counsel ("Coalition Counsel"), reiterated that Kosnoff Law and AVA Law were no longer involved, but its clients (as well as those of AVA Law) remained Coalition members; counsel also indicated it would agree periodically to update its disclosures to reflect accurately its membership. *See id.* 48:23-25 ("in any event, when the numbers change materially, we have updated either new law firms or a material number of new affirmative consents, we will file an updated 2019 statement."). The Court took the Coalition Counsel at its word, but required that the Coalition Counsel file an amended Rule 2019 statement that would identify the claimants that affirmatively elected to be a member of the Coalition within seven (7) days. *See Order Approving the Adequacy and Sufficiency of the Amended Verified Rule 2019 Statement filed by the Coalition for Abused Scouts for Justice* (Oct. 23, 2020) [D.I. No. 1572].

10.     The Coalition filed an amended disclosure under seal on October 29, 2020, and a Third Amended Rule 2019 Statement on January 29, 2021. *See Notice of Filing of Revised Exhibit To Verified Statement of the Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* (Oct. 29, 2020) [D.I. No. 1600]; *Third Amended Verified Statement of the Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* ("Third Verified Rule 2019 Statement") (Jan. 29, 2021) [D.I. 1996]. Notably, the AIS retention agreement, which identifies Mr. Kosnoff and his law firm, is attached to the Third Verified Rule 2019 Statement, just as it was

attached to the Coalition's earlier filings. *See* Third Verified Rule 2019 Statement at Exhibit A-3.

11. Mr. Kosnoff has now indicated -- contrary to what the Coalition represented in its Rule 2019 disclosures -- that Kosnoff Law and AIS do not share the aims and goals of the Coalition. On January 22, 2021, Hartford and Century Indemnity Company ("Century") filed motions seeking discovery, under Rule 2004, of certain abuse claimants as well as limited discovery from certain state court counsel, including Mr. Kosnoff. *Hartford and Century's Motion or an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave From Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* (Jan. 22, 2021) [D.I. 1971]; *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* (Jan. 22, 2021) [D.I. 1974].

12. Mr. Kosnoff is threatened by the prospect of discovery concerning underlying abuse claims and his methods of harvesting those claims. In response to the Rule 2004 motions filed by Hartford and Century, Mr. Kosnoff posted a series of defamatory and libelous attacks on Hartford and Century that falsely claim that they knew of sexual abuse within BSA:



*See* Backus Decl. at ¶¶ 5-6.

13.     Mr. Kosnoff also railed against the Coalition and its Counsel, suggesting that the Coalition does not speak for the interests of his claimants and those of other AIS firms -- AVA Law and Eisenberg, Rothweiler -- despite the Coalition's prior representations to the contrary:



*See* Backus Decl. ¶ 7.

14.     Worse yet, Mr. Kosnoff admits that the Coalition has manufactured claims.  Just this week, he acknowledged that Coalition firms have been "buying inventories of clients" generated by "TV Ad machines" (for-profit claim aggregators), funded by "hedge funds."  In Kosnoff's own words, the people fronting for these claims "are not real lawyers," have "never represented a victim" and will soon be "moving on to the next mass tort creation."



*See* Backus Decl. ¶ 8.

15.     Mr. Kosnoff's tweets indicate that the interests of AIS, Kosnoff Law and their clients may conflict with those of the Coalition (or the Official Committee of Tort Claimants (the "TCC")).  The Coalition and the TCC, for example, have cooperated with Debtors in obtaining stays of state court litigation against the local councils.  But Mr. Kosnoff's recent tweets suggest that AIS does not intend to cooperate in extending any injunction:



*See* Backus Decl. ¶ 9.

16.    Indeed, Mr. Kosnoff's tweets are anathema to the path other parties are following in this case.  At the Debtors' request, the Court ordered parties to mediate.  *See Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* (June 9, 2020) [D.I. No. 812].  Pursuant to Court order, the Coalition has been included in those mediation efforts.  *Order Approving the Motion of the Coalition for Abused Scouts for Justice to Participate in the Mediation* (Oct. 23, 2020) [D.I. No. 1573].  Mr. Kosnoff, his firm and AIS are not part of the Coalition, nor is Mr. Kosnoff or his firm a mediating party.  Yet, Mr. Kosnoff not only somehow has extensive knowledge about when (and how) the parties are mediating, he is tweeting about it publicly:



*See* Backus Decl. ¶ 10.

17.    The parties cannot make progress in this case unless it is clear what group of claimants is actually being represented by each *ad hoc* committee or other entity that purports to represent the abuse claimants in this case. This Court appropriately raised concerns that Mr. Kosnoff (and Mr. Van Arsdale, on behalf of AVA Law), even if they have formally resigned from the Coalition, "may be calling the shots behind the scenes that are not disclosed." *See* Backus Decl., Ex. 1 at 101:5-6. Mr. Kosnoff's tweets confirm that the Coalition and AIS may well have divergent interests and motives here. The parties and the Court need to understand whom each group represents and whether any conflicts of interest pervade either group.

18.    The Coalition has now amended its disclosure to identify its current members and the firms that represent them. But neither AIS nor Kosnoff Law have made any disclosures concerning whom they represent, or the basis on which they purport to speak for those persons. That lack of disclosure is particularly problematic here, where Mr. Kosnoff purports to speak on behalf of all AIS clients and has disparaged the Coalition and its counsel -- but the Coalition also purports to represent individuals who are members of AIS. Accordingly, the Court should require that AIS and Kosnoff Law make their own disclosures in compliance with Rule 2019.

**RELIEF REQUESTED**

19. By this Motion, Hartford requests entry of an order compelling AIS and Kosnoff Law to make the disclosures that Federal Rule of Bankruptcy Procedure 2019 requires.

**ARGUMENT**

20. Rule 2019 is critical to avoid conflicts of interest and ensure an open and fair bankruptcy proceeding. That rule, which requires any informal group or committee to provide sufficient information to permit the parties and the Court to understand the nature of the committee and the interests it represents, apply equally to an informal group of claimants such as AIS, or to claimants represented by a single law firm, as it does to an *ad hoc* committee such as the Coalition. *See* Fed. R. Bankr. P. 2019(c); *Order* at 1-2, *In re Archdiocese of St. Paul and Minneapolis*, No. 15-30125, Feb. 27, 2017 (Bankr. D. Minn.) (requiring Rule 2019 disclosures by claimants represented by single law firm) (attached as Exhibit 2 to Backus Decl.).

21. Rule 2019(c) requires a formal or informal group to identify who its members are, as well as the circumstances of the entity's formation and the basis for the agency relationship. *See, e.g., Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 168 (D.N.J. 2005) (requiring disclosure of "identity of the client, the conditions of employment and the amount of the fee"); *In re Muralo Company Inc.*, 295 B.R. 512, 524 n.10 (Bankr. D.N.J. 2003) (Rule 2019 requires entities to "file a verified statement listing those creditors" and "explaining the circumstances of their agency") (citation and quotation marks omitted). Rule 2019 is intended to avoid conflicts and the appearance of conflicts. Complete disclosure of the interests that an entity or informal committee represents is critical to understanding the extent to which there may be a conflict or competing interests. That potential for conflict is manifest here, where members of the Coalition are represented by AIS firms but, according to Mr. Kosnoff, the Coalition does

10

not represent their interests.

22. AIS is clearly trying to throw around its weight to influence this case. Mr. Kosnoff asserts that AIS and/or his firm represent 17,000 claimants in this case, and his tweets suggest that he influences how those claimants may vote in this case. Within the space of a few days of tweets, Mr. Kosnoff has defamed two insurers, asserted that Brown Rudnick and the Coalition do not "speak for Abused in Scouting or the 17000" men it purports to represent, levelled personal and unprofessional attacks against the attorneys in these cases, and opined that the state court litigation against local councils should proceed. And Mr. Kosnoff, acting under the guise of AIS, has pronounced the BSA as "finished."

23. Mr. Kosnoff's involvement in this case is sufficient to trigger the disclosure requirements of Rule 2019. But, other than the AIS retention agreement attached to the Coalition's disclosures, no information regarding the involvement of Kosnoff Law or AIS has been disclosed. Rule 2019 requires disclosure of the facts and circumstances of (i) the formation of AIS, (ii) the instance at whose request AIS was formed, (iii) the manner by which AIS has authority to act on behalf of the claimants it purports to represent, (iv) the identity of the members AIS represents and their economic interests, and (v) to the extent not already disclosed, the document(s) authorizing AIS to act. Similar information must be disclosed with regards to both AIS and Kosnoff Law given their involvement in these cases. *See* Fed. R. Bankr. P. 2019(c).

24. Those disclosures are particularly important here. As noted above, Rule 2019 is intended to promote disclosure and avoid conflicts of interest. Here, the Coalition has previously represented that it includes the members of AIS, all of whom remained with the Coalition even after Kosnoff Law and AVA Law purportedly resigned. Yet Mr. Kosnoff, purporting to speak for AIS, now claims that the Coalition does not speak for AIS. The parties to this case are entitled

to understand AIS, how it was formed, who it represents, who Mr. Kosnoff represents, and their relationships to the Coalition, so that parties involved in this case, and in the mediation, understand precisely what interests AIS and Kosnoff Law represent in this case.

### NOTICE

25.    Notice of this Motion will be given to: (i) the Debtors; (ii) the U.S. Trustee; (iii) the law firms Hartford reasonably believes to be members of AIS; (iv) Kosnoff Law; and (v) all parties who, as of the filing of the Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Hartford submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

Hartford respectfully requests that the Court grant Hartford's Motion and order that (i) Abused in Scouting and (ii) Kosnoff Law PLLC file with this Court the disclosures required by Rule 2019.

Dated: February 3, 2021
       Wilmington, Delaware

BAYARD, P.A.

 */s/ Gregory J. Flasser*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: efay@bayardlaw.com
       gflasser@bayardlaw.com

- and -

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Michele Backus Konigsberg (admitted *pro hac vice*)
SHIPMAN & GOODWIN LLP
1875 K Street, NW, Suite 600
Washington, D.C. 20003
Tel: (202) 469-7750
Fax: (202) 469-7751

- and -

Philip D. Anker (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel: (212) 230-8890
Fax: (212) 230-8888

Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*