# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 1972**<br><br><u>Objection Deadline</u>: Feb. 5, 2021 at 4:00 p.m.<br><u>Hearing Date</u>: Feb. 17, 2021 at 10:00 a.m. |

### AIG'S JOINDER TO HARTFORD AND CENTURY'S MOTION FOR AN ORDER (I) AUTHORIZING CERTAIN RULE 2004 DISCOVERY AND (II) GRANTING LEAVE FROM LOCAL RULE 3007-1(f) TO PERMIT THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS

National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, Landmark Insurance Company, The Insurance Company of the State of Pennsylvania, and their affiliated entities (collectively referred to herein as "***AIG***") hereby files this joinder (the "***Joinder***") to *Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [D.I. 1972] (the "***Rule 2004 Motion***").[2] In support of this Joinder, AIG respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Rule 2004 Motion.

{01739597;v1}                                    1

**JOINDER**

1.  From the mid-1970s through the present, AIG issued certain excess layer insurance policies to the Debtors.[3] As an insurance carrier of the Debtors, AIG has been participating with the BSA and its stakeholders in the ongoing mediation of all issues related to Abuse Claims.

2.  The Rule 2004 Motion raises numerous serious concerns regarding the Abuse Claim filing process in this bankruptcy case and seeks information regarding the circumstances surrounding the filing of Abuse Claims, including "(i) information about the claims, including further details about the alleged abuse (details the claimants' attorneys themselves say is necessary to evaluate their demands), (ii) information about the timeliness of the claims under various state laws, and (iii) information about claims previously asserted and resolved involving the same alleged abuse." Rule 2004 Motion ¶ 17.

3.  AIG empathizes with any suffering and injury sustained by the survivors of the abuse that occurred at the BSA. But, there is no place in the bankruptcy claims process for fraudulent or otherwise invalid claims. AIG agrees with Hartford and Century that discovery is necessary and that the information sought by the Rule 2004 Motion will help identify fraudulent and invalid claims and thereby allow the parties to the mediation to seek appropriate terms for a settlement and a consensual plan of reorganization.

4.  Like Hartford and Century, AIG has "an interest in assessing the extent to which Abuse Claims are allowable and/or compensable" and an "interest in ensuring that invalid Abuse

---

[3] AIG issued coverage for policy years 1975-1978, 1985-1993, 1997-2000, 2002-2008, 2014-2016, and 2019-2020. Some of the policies issued by AIG have since been exhausted and are no longer available to satisfy claims of any sorts. For avoidance of doubt, nothing contained herein shall be construed to be an admission by AIG that the insurance policies issued by AIG provide coverage for any claim asserted against the Debtors. For all issues of coverage or otherwise, the terms and conditions, limitations, and provisions found in the insurance policies issued by AIG apply as set forth in those insurance policies. Nor shall anything contained herein amend, alter, waive, or change any of the terms, conditions, limitations, or provisions found in the insurance policies. AIG expressly reserves all rights that it has under those insurance policies, as well as under applicable state and federal law.

Claims are not allowed in these cases." Rule 2004 Motion ¶ 28. Thus, AIG is entitled to the information sought by the Rule 2004 Motion to the same extent as Hartford and Century.

5.      Accordingly, AIG files this Joinder and requests to participate in the discovery process as contemplated in the Rule 2004 Motion. As reflected in the proposed order (the "***Revised Proposed Order***") attached hereto as **Exhibit A**,[4] AIG requests that it receive any documents produced to Hartford and Century as a result of the Rule 2004 Motion, subject to any applicable confidentiality agreements, and that AIG be permitted to attend and participate in any depositions that result from the Rule 2004 Motion. AIG also requests to be included in any meet and confer process related to the Rule 2004 Motion.

6.      AIG reserves all rights to independently seek discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, or any other form of discovery, on the topics identified or pursued in connection with the Rule 2004 Motion.

## **CONCLUSION**

WHEREFORE, AIG respectfully requests that the Court (i) grant the Rule 2004 Motion, (i) enter the Revised Proposed Order to authorize AIG to participate in the discovery process as contemplated in the Rule 2004 Motion, and (iii) grant such other and further relief as is just and proper.

[*Remainder of page intentionally omitted*]

---

[4] A redline comparison of the Revised Proposed Order to the proposed order submitted with the Rule 2004 Motion is attached hereto as **Exhibit B**.

Dated: February 5, 2021
      Wilmington, Delaware

Respectfully submitted,

By: */s/ Deirdre M. Richards*

**FINEMAN KREKSTEIN & HARRIS PC**
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone:    (302) 538-8331
Facsimile:    (302) 394-9228
Email:  drichards@finemanlawfirm.com

-and-

**FORAN GLENNON PALANDECH PONZI & RUDLOFF P.C.**
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone:    (312) 863-5000
Facsimile:    (312) 863-5009
Email: sgummow@fgppr.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (*pro hac vice* pending)
James Hallowell (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035
Email: mrosenthal@gibsondunn.com
       jhallowell@gibsondunn.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Matthew G. Bouslog (*pro hac vice* pending)
3161 Michelson Drive
Irvine, California 92612
Telephone:    (949) 451-3800
Facsimile:    (949) 451-4220

Email: mbouslog@gibsondunn.com

*Attorneys for National Union Fire Insurance Company of Pittsburgh, Pa.; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania; and their affiliated entities*

{01739597;v1}