**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | Jointly Administered |
| Debtors. | **Re: D.I.** \_\_\_\_ |

**ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DISCOVERY FROM CERTAIN CLAIMANTS AND GRANTING LEAVE FROM LOCAL RULE 3007-1(f) TO PERMIT THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS**

Upon consideration of the **Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave From Local Rule 3007-1(F) to Permit the Filing of Substantive Omnibus Objections** (the "Motion") filed by Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") and Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company ("Century")[2], and any responses to the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Arrowood Indemnity Company also joined in the Motion.

{01739601;v1} 1

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Hartford and Century are authorized under Bankruptcy Rules 2004 and 9016 to issue subpoenas seeking to compel the production of documents and information responsive to the requests set forth in Exhibit B to the Motion (the "Discovery Requests") on each of the claimants identified in Exhibit C to the Motion (the "Sample Claimants").

3. For the Sample Claimants that are represented by counsel, Hartford and Century are directed to serve the subpoenas on counsel, which service shall be deemed sufficient. Hartford and Century shall seek to effect personal service of the subpoenas on all other Sample Claimants.

4. The Sample Claimants shall have thirty (30) days from date of service to provide objections and responses to the Discovery Requests (the "Responses").

5. Hartford and/or Century may file an omnibus motion to compel to address any unresolved objections (the "Motion to Compel").

6. Within fourteen (14) days of the Sample Claimants completing their production of documents responsive to the Discovery Requests or the time for them to have done so has run, Hartford and Century may identify up to one hundred (100) of the Sample Claimants that shall be deposed within the following thirty (30) days.

7.  The Court further finds that relief from certain of the requirements set forth in Local Rule 3007-1(f)(i), (ii) and (iii) is warranted in this case. Accordingly, parties in interest may file more than two omnibus claim objections per month, and are not limited to one hundred fifty (150) claims per objection. In addition, when omnibus objections are filed on a categorical basis asserting similar objections for each claim, the objection is not required to raise all objections to each claim.

8.  Any documents or information produced to Hartford and Century in response to a subpoena authorized under this Order shall also be produced to National Union Fire Insurance Company of Pittsburgh, Pa.; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania; and their affiliated entities (collectively, "AIG"), subject to any applicable confidentiality agreements, and AIG shall have the right to attend and participate in any deposition authorized under this Order. AIG shall also have the right to participate in any meet and confer process related to the Rule 2004 Motion or Order.