# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re Docket No. 1972 |

**OBJECTION OF SCHNEIDER WALLACE COTTRELL KONECKY, ON BEHALF OF CLAIMANTS 18867, 43995, AND 50263, TO HARTFORD AND CENTURY'S MOTION FOR AN ORDER (I) AUTHORIZING CERTAIN RULE 2004 DISCOVERY, AND (II) GRANTING LEAVE FROM LOCAL RULE 3007-1(f) TO PERMIT THE FILING OF <u>SUBSTANTIVE OMNIBUS OBJECTIONS [D.I. 1972]</u>**

Schneider Wallace Cottrell Konecky, on behalf of claimants known by claim numbers 18867, 43995, and 50263, file this response to Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections, (D.I. 1972):

## PRELIMINARY STATEMENT

1. Hartford and Century's statistical dragnet of 1400 claimants swept up three BSA claimants represented by Schneider Wallace Cottrell Konecky, each of whom fully completed detailed proofs of claim, and signed those claims under penalty of perjury. Despite the fact that these three proofs of claim are not deficient in any way, Hartford and Century ("the insurers")

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

ask this Court to allow Rule 2004 discovery on the same matters already disclosed in the proofs of claim.

2. Rule 2004 discovery from these three claimants is not justified simply because *other* claimants' "proofs of claims are deficient on their face and may not be allowable." D.I. 1972, p. 14. Nor are Claimants' counsel the subject of the insurers' related effort to "examine the circumstances surrounding the filing of…proofs of claim," and the "claim generation process." *Id.*, at 9-10; D.I. 1975.

3. While Rule 2004 discovery may be justified in instances where claimants provided inadequate information, there is no dispute that these three claimants have already provided, under penalty of perjury, the same information sought in the insurers' proposed discovery. The motion, as to these claimants, should be denied.

## RESPONSE

**1. Rule 2004 discovery is duplicative and burdensome in the case of these three claimants, each of whom provided detailed information concerning the validity and timeliness of their claims in their Proofs of Claim.**

*A.    Claimants Proofs of Claim detail the abuse they suffered.*

4. The insurers allege that "thousands of claims…lack essential information necessary to establish a claim against the debtors," and that "discovery is critical to identify whether, and to what extent, these claims are invalid, rather than just the product of *an incomplete claim form*." D.I. 1972, p. 8, 14 (emphasis added). In other words, the insurers seek discovery to "fill in the blanks" on incomplete Proofs of Claim.

5. In the case of these three claimants (identified by their claim numbers, 18867, 43995, and 50263), however, the insurers have received complete and detailed Proofs of Claim.

6. None of these three claims meet the insurers' criteria for justifying Rule 2004 discovery:[2]

- Insurers allege claims are duplicative; *Id.* ¶ 30;
    - There is no allegation that these three claims, or the claims of any person represented by Schneider Wallace Cottrell Konecky, are duplicative, and Claimants confirmed they have not filed other cases; Claim Nos. 18867, 43995, 50263, Part 6(A)C).
- Insurers allege Claimants fail to make any allegation of physical abuse; *Id.* ¶ 31;
    - Claimants allege the following: No. 18867, Part 4M (descriptions of types of physical sexual abuse performed and solicited); No. 43995, Part 4M (detailing types of physical sexual abuse); No. 50263, Part 4M (detailing physical sexual abuse).
- Insurers claim Claimants do not allege any affiliation with scouting; *Id.* ¶ 32;
    - Claimants allege the following: Claim No. 18867, Part 3E (specifying type of Scouting organization and years active); Claim No. 43995, Part 3E (specifying type of Scouting organization and years active); Claim No. 50263 Part 3E (specifying type of Scouting organization and years active).
    - Claimants also detail the scouting activities where abuse took place: No. 18867, Part 4K (specifying type of scouting activity and location where abuse took place); No. 43995, Part 4E (specifying specific name of location where scouting activity and abuse took place); No. 50263 (specifying name of location where abuse occurred, and city and state).

---

[2] Rather than move to file this objection under seal, Claimants have generally characterized the nature of the information contained in the Proofs of Claim. Detailed descriptions of abuse, abusers, locations, etc., are contained in the Proofs of Claim.

- Insurers allege Claimants do not provide any meaningful information to identify the abuser; *Id.* ¶ 31;
    - Claimants provided the following: No. 18867, (the title of the abuser and his relation to the scouting unit, the abuser's age, and when and where the abuse took place); No. 43995 (the title of the abuser and his relation to the scouting unit, the abuser's age, and when and where the abuse took place); No. 50263 (the abuser's first name, the scouting title of the abuser and his relation to the scouting unit, the abuser's age, a physical description of the abuser's hair and hair color, his accent, and the name of the location where the abuse took place).
- Insurers allege claims were signed by counsel, not Claimants; *Id.* ¶ 32;
    - Each of these claims is signed by the claimant;
- Insurer's allege claims were filed by individuals who previously settled claims; Id. ¶ 33;
    - Each claimant declared under penalty of perjury that they have not filed prior suits or received any payment related to sexual abuse; Part 6 (A)(C).

### B.    *Claimants provided details regarding the timeliness of their claims.*

7.    The insurers' claim that discovery is needed to determine whether the claimants sought treatment for sexual abuse, whether the claimants informed anyone of the abuse, and the harm suffered as a result of the sexual abuse, also fails. D.I. 1972-2.

8.    These questions were directly answered in Part 4(N)(O)(P) of the Proofs of claim, in which Claimants reported whether they "told anyone in scouting about the abuse," reported the abuse "to law enforcement or investigators at or about the time of the sexual abuse," and if

Claimants "ever told anyone about the sexual abuse…please list their name and when you told them." Parts 5(A)(B) contain detailed information about how Claimant was "impacted, harmed, damaged, or injured," as well as whether Claimant "sought counseling or other mental health treatment for any reason." *See,* Claim Nos. 18867, 43995, 50263.

C.   *The proposed discovery is duplicative.*

9.   Defendants seek discovery of the same information already contained in Claimants' Proofs of Claim. The proposed interrogatories seek information about when and where abuse occurred, the type of abuse, the claimant's relationship to the abuser, the identity of the abuser including physical attributes such as hair or eye color, weight, height, etc., reporting of abuse, treatment/counseling history, prior litigation against BSA, settlement with BSA, if abuse was reported, and the types of harm suffered. Doc. 1972-2, p, 2-3.  In the case of these three claimants the information was already provided under penalty of perjury in the Proofs of Claim. *See,* Part A, supra.

## CONCLUSION

10.  The insurers' argument that "a substantial number of proofs of claim are deficient on their face, and…[d]iscovery regarding these claims is critical…" is unconvincing here, where Claimants submitted detailed and complete proofs of claim. *Id.,* ¶ 29.  The insurers offer no compelling reason why claims signed by Claimants, and supported by detailed and complete proofs of claim, should be subject to the same Rule 2004 discovery as incomplete or blank proofs of claim signed by counsel.  Applying Rule 2004 to 1,400 distinct claims should not be a one size fits all process.  Instead, the insurers should have at least performed a cursory review of the claims to determine which proofs of claim met their own criteria for justifying discovery.

Their failure to do so here should not result in forcing these three victims to rehash and restate the same information already provided.

11.     In the case of these three claimants (identified by their claim numbers, 18867, 43995, and 50263) the proposed discovery is duplicative and unwarranted, and the motion should be denied.

Dated: February 5, 2021                    **SCHNEIDER WALLACE COTTRELL KONECKY LLP**

/s/ Ryan R. C. Hicks
Ryan R. C. Hicks
Email: rhicks@schneiderwallace.com
3700 Buffalo Speedway, Suite 960
Houston, TX 77098
Telephone:    (713) 336-2560
Facsimile:    (415) 421-7105

*Attorney for Claimants Nos. 18867, 43995, and 50263*

/s/ Mahzad K. Hite
Mahzad K. Hite
Email: mhite@schneiderwallace.com
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone:    (415) 421-7100
Facsimile:    (415) 421-7105

*Attorney for Claimants Nos. 18867, 43995, and 50263*

## **CERTIFICATE OF SERVICE**

    I CERTIFY THAT ON THE 5TH DAY OF February, 2021, the foregoing was Objection was served on any and all parties who have requested electronic notice through the Court's CM/ECF system in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

                                          /s/ Ryan R. C. Hicks_____