# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>                     Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 1972** |

### CREW JANCI CLAIMANTS' OBJECTION TO HARTFORD AND CENTURY'S MOTION FOR AN ORDER (I) AUTHORIZING CERTAIN RULE 2004 DISCOVERY AND (II) GRANTING LEAVE FROM LOCAL RULE 3007-1(f) TO PERMIT THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS

Claimant Nos. 28453, 29083 (Amended Claim #96073), 29240, 40714, 44337, and 48110 (collectively, "Crew Janci Claimants" as they are represented by the law firm of Crew Janci LLP), by and through undersigned counsel, objects to *Hartford and Century's Motion for An Order Authorizing Certain Rule 2004 Discovery* (the "Insurers' Rule 2004 Motion" or "Insurers' Motion") on the grounds that (1) the movants failed to meet and confer with those Claimants before filing the motion; (2) the requested discovery to be propounded to a "sampling" of claimants is overly broad by design; (3) the requested discovery is unduly burdensome and seeks information that is largely or entirely duplicative of that already provided by Claimants or irrelevant to evaluation of Claimants' claims; and (4) the requested discovery is inappropriate because of underlying pending litigation (the "Objection"). In further support of the Objection, the Crew Janci Claimants also rely on the contemporaneously filed Declaration of Peter B. Janci (the "Janci Decl.") and state as follows:

**FACTUAL BACKGROUND**

1. Hartford Insurance Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, the "Hartford") and Century Insurance Company as successor to Insurance Company of North America and Indemnity Insurance Company of North America ("Century" and, collectively with Hartford, the "Insurers") have moved for an order authorizing discovery to a "sampling of persons who have filed sexual abuse claims[.]" Insurers' Rule 2004 Motion at 1. The Insurers go to extensive lengths in their papers to express their concerns about "claims that are deficient on their face, which warrants further investigation[.]" Insurers' Rule 2004 Motion at 2. According to the Insurers, "[b]efore there can be any real headway in negotiation a plan," the sexual abuse claims need to be "carefully investigated, and invalid claims need to be disallowed[.]" Insurers' Motion at 3.

2. However, the discovery the Insurers propose is not a "careful investigation" aimed at claims that are "deficient on their face[.]" Crew Janci Claimants are not mentioned and do not bear any of the markers that the Insurers have identified as concerning in their other discovery motions. Instead, the Insurers propose to serve discovery on Crew Janci Claimants as part of a "sample of claimants" – apparently without regard for the completeness of their proofs of claim. Insurers' Motion at 3.

3. To be clear: Crew Janci Claimants are willing to provide additional information regarding their claims where there is a good faith basis for such information. However, Crew Janci Claimants object to "random" discovery requests, especially to the extent they largely require that these victims participate in ***reproducing*** painful information that they have already provided in their proofs of claim or otherwise seek highly personal information that is irrelevant to the stated purpose of the Insurers' motion.

**A.    The Insurers Did Not Meet and Confer Prior to Filing the Motion.**

4.    On Friday, January 15, 2021, the Insurers notified the Crew Janci Claimants that they "intend to seek discovery under Rule 2004 regarding the bases for the claims asserted in the proofs of claims filed by a sample of claimants in the Boy Scout Bankruptcy case." Janci Decl., Ex 1.

5.    The notice was sent by mass email to a large number of lawyers. Crew Janci had six claims identified on the Insurers' spreadsheet for Rule 2004 discovery requests. *See* Exhibit C to Insurers' Rule 2004 Motion. (Five are listed with "Crew Janci LLP" as counsel; one is listed by co-counsel, the Javerbaum Wurgaft firm out of New Jersey.) Janci Decl., Ex 1.

6.    Counsel to Insurers proposed a mass meet and confer on Monday, January 18, 2021 (Martin Luther King Day). Counsel for Crew Janci Claimants was not available and did not believe that such an approach would be fruitful. *Id.* Accordingly, the next business day (Tuesday, January 19, 2021) Crew Janci Claimants responded to counsel for the Insurers as follows:

> *I will be your point person for meet and confer as to the requested discovery on the Crew Janci claims, as well as the identified claim for Javerbaum Wurgaft (on which we are co-counsel). In our view, the hundred-person zoom meetings are not a workable approach to a substantive meet and confer as to our claims. I am discussing with a few of my colleagues a smaller group meeting and I will be in touch with you about that. In the alternative, if you would like to provide some availability early next week, I am open to scheduling a separate phone call with you or one of your colleagues.*

Janci Decl., Ex 2. Counsel for the Insurers responded proposing to "meet and confer with a small group" on Tuesday, January 26, 2021. Janci Decl., Ex 3.

7.    It does not appear the Insurers ever intended to have a meaningful meet and confer before their motion was filed. As noted above, the Insurers proposed a meet and confer for Tuesday, January 26, 2021. However, before that date came (and before Crew Janci Claimants

responded), Crew Janci Claimants received notice on January 22, 2021 that the Insurers had filed their Rule 2004 Motion. Janci Decl., Ex 4.

8. Following the filing of the Insurers' motion, the parties agreed to meet and confer on February 3, 2021, just two days before the deadline for any objection. Although discussions continue, Claimants had not resolved their objections at the time of this filing.

**B. Crew Janci Claimants Have Already Provided the Information at Issue.**

9. The Insurers' motion states they seek the discovery at issue to test the "validity of the creditors' various proof of claims." Insurers' Motion at 12 (internal quotations omitted). In support of their motion, the Insurers cite to anecdotal cases of fraudulent behavior by other claimants (not the Crew Janci Claimants) and claim handling irregularities by specific attorneys (not Crew Janci). *Id*. at 3-5. The Insurers' motion makes no mention of the Crew Janci Claimants, other than identifying them as claimants who they selected as a part of their random sampling to participate in discovery. *See generally id*.

10. Crew Janci Claimants believe they have already provided full and fair information regarding the categories of information that the Insurers identify in their motion, such as their affiliation with the Boy Scouts at the time of the sexual abuse and the identity of the Scout leader who sexually abused them. Janci Decl., at ¶ 9. As stated in their motion, the Insurers randomly selected the Crew Janci Claimants from certain categories, but their motion does not identify the categories from which the Crew Janci Claimants were randomly selected, does not explain why the Insurers believe the Crew Janci Claimants have not provided full and fair information regarding the categories, or how their interests are advanced by the Crew Janci Claimants spending time, money, and emotional energy to provide the same information in a different form. *See generally* Insurers' Motion.

## LEGAL ARGUMENT

A.  **The Insurers Failed to Meet and Confer with the Crew Janci Claimants Before Filing Their Motion.**

11. The Court should deny the Insurers' motion because they failed to meet and confer with the Crew Janci Claimants before (or after) filing their motion in accordance with Rule 2004-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware which requires the movant to "arrange for a mutually agreeable date, time, place and scope of an examination or production" before requesting 2004 examinations or production of documents.

12. As set out above, the Insurers did not meet and confer in advance of filing their motion to arrange for a mutually agreeable date, time, place or scope of the production as to Crew Janci's Claimants. On this basis alone, the Insurers' motion should be denied and the Insurers' motion and should be ordered to meaningfully meet and confer in good faith with the Crew Janci Claimants. Crew Janci Claimants stand by their claims and have no objection to providing additional relevant and discoverable information if the Insurers have a good faith basis to request it.

B.  **The Insurers' Requested Discovery Should be Denied as Overly Broad.**

13. As the movants, the Insurers bear the burden of identifying what information was supposedly deficient and explaining the good cause for the discovery requested. Instead, the Insurers have cast an improperly wide net and issued random discovery request to a "sampling."

14. There is no legal basis for this discovery practice. A party may not issue discovery requests that are "so broad as to be more disruptive and costly to the party sought to be examined than beneficial to the party seeking discovery." *In re Fearn*, 96 B.R. 135, 138

(Bankr. S.D. Ohio 1989).  To that end, a 2004 examination must be both reasonable and relevant, and may not be used to "annoy, embarrass or oppress the party being examined." *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr. E.D. N.Y. 1991).  If the proposed examinee objects, the movant has the affirmative burden to "show that it has good cause to conduct the examination." *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011) (internal quotations omitted).  The Court has significant discretion to prohibit or limit the scope of a 2004 examination as justice requires.  *In re Countrywide Home Loans*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008).

15. The overly-broad nature of the Insurers' requested examinations is well illustrated by their argument that the discovery at issue is relevant to the statute of limitations. Half of Crew Janci's Claims -- three of the six -- involve abuse that occurred in New Jersey. Those are Claimant Nos. 28453, 29083 (Amended Claim #: 96073), and 40714.  New Jersey is one of several states that has temporarily suspended the civil statute of limitations for child sexual abuse.  *See* NJ Stat Ann 2A:14-2b (New Jersey – civil statute of limitations for child sexual abuse suspended until December 1, 2021).  There is no discovery to pursue regarding the statute of limitations for these Claimants because their claims are not subject to a statute of limitations defense.

16. Regarding claims from other states, if the Court is inclined to allow discovery on the statute of limitations, fulsome inquiries regarding statute of limitations will require cooperation from the Debtor and from third parties.  This will include obtaining documents from the local councils, chartering organizations, and individuals who are implicated in each Claimant's case.  Each Claimant will need access to Troop rosters relating to his Troop and the perpetrator so that he can find, interview, and depose witnesses; Ineligible Volunteer files

relating to the perpetrator, local council, and chartering organization; and all other information relevant to issues of sexual abuse as to the Debtor and third parties, which has never been made available. Such evidence is necessary to determination of issues related to the statute of limitations, including tolling based on fraudulent concealment and delayed accrual based on delayed discovery of the particular defendant's culpable conduct. *See, e.g., T.R. v. Boy Scouts of America et al.,* 344 Or. 282, 291-92, 181 P.3d 758 (2008). (under common law discovery rule, claims do not accrue "until a reasonably prudent plaintiff perceives both the injury and the role that the defendant has played in the injury").

17. Crew Janci Claimants should not bear the burden or cost of scrutinizing their own claims and guessing about what the Insurers believe is deficient. The Insurers' requested discovery to a "sampling" is overly broad in its design. The motion should be denied until discovery is appropriately tailored to these particular claims.

**C. The Insurers' Requested Discovery Should be Denied as Unduly Burdensome.**

18. Insurers' proposed discovery is also unduly burdensome on Crew Janci Claimants, as it essentially asks survivors of sexual abuse to revisit a trauma in their life for the sole purpose of *reproducing* information they have already provided in their proof of claims.

19. Here, each Crew Janci Claimant provided complete proof of claims, signed by the claimant. (Crew Janci Claimants' counsel is not the subject of any of the Insurers' motion practice regarding allegedly unethical behavior.) Claimants' proofs of claim all include the full name of the perpetrator, their Scouting affiliation, a description of the abuse, whether the abuse was reported to BSA, and how they believe the abuse likely impacted them. Notably, five out of six of the Crew Janci Claims involve a perpetrator who either appears in the Ineligible Volunteer files or was convicted of sexual abuse.

PHIL1 9330814v.3


20. Still, on the stated basis of a generalized concern about fraudulent claims, and without any suggestion of indicia of fraud by these claimants, the Insurers propose to require that all Crew Janci Claimants provide all of the same information (again) in response to Insurers' proposed interrogatories.

21. Under these circumstances, the Insurers have not met their burden of showing a good faith basis for their 2004 examinations seeking information that they already have. The Insurers' motion should be denied until the Insurers' identify the information they believe is missing from Crew Janci Claimants' claims.

**D. Rule 2004 Discovery is Inappropriate When Sought by Parties Affected by Pending Litigation.**

22. To the extent that the Crew Janci Claimants have pending state court actions, Rule 2004 discovery cannot be used in lieu of the "compulsory process procedures" of discovery available in that underlying litigation. *In re Continental Airlines, Inc.*, 125 B.R. 415, 417 (Bankr D. Del. 1991). The availability of discovery in related state court actions is fatal to the Insurers' Rule 2004 Motion particularly when, as here, the Insurers have an interest in the underlying state court litigation. *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 445 (Bankr D.N.J. 1998)(noting that courts prohibit a Rule 2004 exam of parties involved in or affected by a pending proceeding). Rule 2004 discovery is inappropriate when the discovery is sought from those "affected by" pending litigation or if the Rule 2004 discovery creates an unavoidable or unintentional back door through which discovery relevant to underlying litigation would be discovered. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28-29 (Bankr. N.D.N.Y. 1996); *Snyder v. Soc'y Bank*, 181 B.R. 40, 41 (S.D. Tex. 1994). Here, the Rule 2004 discovery requests are designed to elicit information that will directly relate to issues and parties already named in pending litigation and, therefore, the Rule 2004 discovery is improper.

PHIL1 9330814v.3

**CONCLUSION**

For all of the foregoing reasons, the Crew Janci Claimants respectfully request the Court deny the Insurers' Motion for the requested discovery of Crew Janci Claimants until such a time as that discovery is appropriately tailored to these particular Claimants.

Dated: February 5, 2021
Wilmington, Delaware

*/s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5503
Email: sveghte@klehr.com

-And-

Morton Branzburg, Esquire
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Email: mbranzburg@klehr.com

-And-

Peter B. Janci, Esquire
*Admitted Pro Hac Vice*
**CREW JANCI LLP**
1200 NW Naito Parkway, Suite 500
Portland, Oregon 97209
Telephone: (503) 306-0224
Email: peter@crewjanci.com

*Attorneys for the Crew Janci Claimants*