# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 1972** |

### DECLARATION OF PETER B. JANCI IN SUPPORT OF CREW JANCI CLAIMANTS' OBJECTIONS TO HARTFORD AND CENTURY'S REQUEST FOR 2004 EXAMINATIONS

Peter B. Janci, being duly sworn, states the following under penalty of perjury:

1. I am a Partner at Crew Janci LLP, a law firm focused on representing victims of child sexual abuse. Crew Janci LLP represents over four hundred individuals who have filed sexual abuse claims against the Boy Scouts of America in the Chapter 11 proceedings.

2. On Friday, January 15, 2021, I received notice by email that the Hartford Accident and Indemnity ("Hartford") "intend[ed] to seek discovery under Rule 2004 regarding the bases for the claims asserted in the proofs of claims filed by a sample of claimants in the Boy Scout Bankruptcy case." Based on the content of the email and the attachments, it appeared to me that the notice was sent by mass email to a large number of lawyers and related to proposed discovery on hundreds of sexual abuse claims. A true and correct copy of this email and attachments thereto are attached as Exhibit 1.

3. Crew Janci had six claims identified on the spreadsheet attached to the Insurers' motion for Rule 2004 discovery requests. Five were included on the spreadsheet with "Crew Janci LLP" listed as counsel; one is listed under the name of our co-counsel, the Javerbaum Wurgaft firm out of New Jersey.

4.      According to the email, counsel to Hartford proposed the first of the two mass-meet and confers be held on Monday, January 18, 2021 (Martin Luther King Day). I was not available, and I also did not believe that such approach would constitute a meaningful meet and confer process.

5.      On the next business day (Tuesday, January 19, 2021), I responded to the counsel for Hartford on behalf of Crew Janci claimants as follows:

> *I will be your point person for meet and confer as to the requested discovery on the Crew Janci claims, as well as the identified claim for Javerbaum Wurgaft (on which we are co-counsel). In our view, the hundred-person zoom meetings are not a workable approach to a substantive meet and confer as to our claims. I am discussing with a few of my colleagues a smaller group meeting and I will be in touch with you about that. In the alternative, if you would like to provide some availability early next week, I am open to scheduling a separate phone call with you or one of your colleagues.*

A true and correct copy of my email response is attached as Exhibit 2.

6.      Counsel for the Insurers responded proposing to "meet and confer with a small group" on Tuesday, January 26, 2021. A true and correct copy of that email is attached as Exhibit 3.

7.      On January 22, 2021, I received notice that Insurers had filed their Rule 2004 motion. A true and correct copy of that email is attached as Exhibit 4. Prior to receiving this notice, I had not been informed that the Insurers were proceeding with the filing of their Rule 2004 motion prior to the meet and confer session that they had proposed for January 26, 2021.

8.      Following the filing of the Insurers' motion, I participated in a small group discussion with counsel for Hartford on February 3, 2021, which was two days before the deadline for any objection. Although we agreed to continue discussions, we did not resolve our objections during that discussion.

9.      I believe that my clients have provided most or all of the information sought by the Insurers that would have bearing on the validity of their claims.  My clients each submitted fulsome proofs of claims, which they signed, including the full name of the perpetrator, their Scouting affiliation, a description of the abuse, whether the abuse was reported to BSA, and how they believe the abuse likely impacted them.  Notably, five out of six of these claims involve a perpetrator who either appears in the Boy Scouts of America's Ineligible Volunteer files or was convicted of sexual abuse.  Two the claims (from New Jersey) were filed in state court in New Jersey and were pending at the time the Boy Scouts initiated their Chapter 11 proceedings.

I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 5th day of February, 2021

CREW JANCI LLP

*/s/ Peter B. Janci*_____
Peter B. Janci