**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1974, [2043]** |

**JOINDER BY D. MILLER & ASSOCIATES PLLC TO THE OBJECTION
OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE
TO INSURERS' MOTION FOR AN ORDER AUTHORIZING
RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIM**

　　　D. Miller & Associates PLLC (the "D. Miller"), by its undersigned counsel, hereby submits this joinder (the "Joinder") to the *Objection of the Coalition of Abused Scouts for Justice to Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [D.I. [2043]] (the "Objection"). In support of the Objection, D. Miller respectfully states as follows:

　　　1.　　Hartford and Century (together, the "Insurers") seek Rule 2004 discovery from certain law firms, including D. Miller, and third-party vendors who submitted and signed proofs of claim on behalf of sexual abuse survivors.

　　　2.　　The Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim [D.I. 1974] (the "Motion") fails to establish that the proposed Rule 2004 Discovery is authorized under the law or warranted at this (or any) stage of the bankruptcy proceeding. Accordingly, the Motion should be denied.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

3.      On February 5, 2021, the Coalition of Abused Scouts for Justice (the "Coalition") filed its Objection to Insurers' Motion, requesting that the Court enter an order denying the Motion.

4.      D. Miller hereby joins in the Coalition's Objection to the proposed Rule 2004 discovery that the Insurers seek from certain law firms, including D. Miller, on the grounds that: (1) claims objections and claim-related discovery is premature; (2) the Insurers lack standing to seek Rule 2004 discovery; (3) the Insurers have failed to present any legal authority nor demonstrated good cause for the proposed discovery; (4) the proposed discovery is protected by the attorney-client privilege, which was not waived by virtue of an attorney signing the proof of claim; and (5) the proposed discovery will unnecessarily and unfairly delay a reorganization to the detriment of sexual abuse victims.

5.      D. Miller also joins in the Coalition's Objection to the Insurers' claims, to the extent such claims are addressed to D. Miller, that the law firms "conducted no pre-complaint investigation," engaged in fraud, or committed any violations of Federal Rules of Bankruptcy Procedure 9011.  *See* Motion at 2, 3 & 15.  As set forth in the Coalition's Objection, the Insurers have set forth no evidence to support these claims.

6.      Furthermore, the Insurers fail to make any specific allegations regarding D. Miller that warrant discovery.  The Insurers' Motion alleges only the bare fact that: (1) Rochelle Guiton, an attorney associated with the law firm D. Miller & Associates, filed 699 proofs of claim bearing her signature, of which 267 were submitted on the same day, November 16, 2020—an unsurprising fact given that this was the bar date for claims submission.  Motion at 5.  This bare fact, standing alone, provides no basis for the Insurers to conduct intrusive discovery into D. Miller's files and communications, discovery that would vitiate the attorney-client privilege.  As set forth in the Coalition's Objection, the submission of multiple attorney-signed proofs of claim on the final day

to submit such claims is neither indicative of fraud nor lack of merit, but rather indicates diligence by attorneys to ensure that their clients would not be denied compensation for their injuries by failing to meet the filing deadline.

7.      D. Miller expressly reserves its rights to supplement or amend this Joinder.

WHEREFORE, for the reasons set forth herein and in the Coalition's Objection, D. Miller respectfully requests that the Court enter an order denying the Insurers' Motion and granting D. Miller such other and further relief as the Court deems just and proper.

Dated: February 5, 2021  
Wilmington, Delaware

Respectfully Submitted,

WALDEN MACHT & HARAN LLP

*/s/ Daniel Miller*  
Daniel Miller, Esq. (DE Bar No. 3169)  
2532 Justin Lane  
Wilmington, Delaware 19810  
Telephone: (267) 516-0780  
E-mail: DMiller@wmhlaw.com

-and-

Stephanie T. Levick, Esq.  
(*pro hac vice* admission pending)  
250 Vesey Street, 27th Floor  
New York, New York 10281  
Telephone: (212) 335-2030  
Facsimile: (212) 335-2040  
E-mail: SLevick@wmhlaw.com

*Counsel to D. Miller & Associates PLLC*