# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1972, 1974, 2043 and 2046<br><br>**Hearing Date**: February 17, 2021 at 10:00 a.m.<br>**Obj. Deadline**: February 5, 2021 at 4:00 p.m.._____ |

**CORRECTED**
**OBJECTION OF STEVEN C. BABIN, JR. AND BABIN LAW, LLC TO INSURERS' MOTION FOR AN ORDER AUTHORIZING RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIMS [D.I. 1974]**

**AND**

**JOINDER TO THE OBJECTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE TO INSURERS' MOTION FOR AN ORDER AUTHORIZING RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIMS [DK 2046]**

Steven C. Babin, Jr. and Babin Law, LLC (collectively, "Babin Law"), by and through their undersigned counsel, hereby submit this objection ("Objection") to the *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claims* [Dkt. No. 1974] ("Insurers' Motion"). Additionally, Babin Law submits the following joinder ("Joinder") in support of: (1) the *Objection of the Coalition of Abused Scouts for Justice to Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [Dkt. No. 2043] ("Coalition's Objection"), and (2) the *Objection of the Coalition of Abused Scouts for Justice to Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery, and*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

1

*(II) Granting Leave From Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Dkt. No. 2046] (collectively, "Coalition's Objections"). In support of this Objection and Joinder, Babin Law states as follows:

**<u>INTRODUCTION</u>**

1. The Insurers' Motion is nothing but a desperate attempt to reduce their payment obligations and detract from the pertinent issue in this case – achieving some modicum of justice for tens of thousands sexual abuse victims. The Insurers' most recent strategy is a full-frontal attack on the integrity and ethics of the victims' lawyers, making allegations so outlandish they were sure to make national news. With utter disregard for the reputations of these lawyers, the Insurers allege that they committed fraud, B.R. 9011 violations, and a host of other serious wrongdoings. Notably, the Insurers offer no evidence to support such allegations; they are based solely on conjecture and speculation. While the Insurers hurl allegations at the Plaintiffs' lawyers as a whole, they often make no reference to specific firms or lawyers, including Babin Law. This public attack on the integrity and ethics of the Plaintiffs' attorneys is unsubstantiated, unwarranted, and should not be condoned by the Court. In fact, the Insurers' strategy of unfounded allegations and harassment could be considered a B.R. 9011 violation itself.

2. The baseless allegations set forth by the Insurers do not justify B.R. 2004 discovery at this stage of the proceeding, and certainly do not justify the issuance of discovery seeking the turnover all of the Plaintiffs' attorneys' files, which are almost exclusively privileged. The Insurers have failed to meet their burden to demonstrate good cause to obtain discovery from the Plaintiffs' lawyers, including Babin Law, and therefore Babin Law respectfully requests that the Court deny the Insurers' Motion in its entirety.

**JOINDER**

3.     Babin Law, having received and reviewed the Coalition's Objections (**DK** 2043 and 2046), joins in and adopts the arguments and other references set forth in the Coalition's Objections, and respectfully requests that the Court overrule the related motions for the reasons stated in the Coalition's Objections.

**OBJECTION**

*The Insurers have not set forth good cause for the requested discovery from Babin Law.*

4.     There is no evidence that Steven C. Babin, Jr., or anybody affiliated with Babin Law, LLC, committed fraud, violated B.R. 9011 or violated any other rule of professional conduct[2]. Specifically addressing some of the allegations set forth in the Insurers' Motion,

(a)     There is no evidence that Babin Law failed to conduct a pre-filing inquiry or review of the proofs of claim ("POC") it signed. Indeed, Babin Law exercised sufficient due diligence required under the applicable law with regard to every claim. Further, Babin Law reviewed the content of every POC filed on behalf of its clients. As suggested in the Coalition's Objection, many POCs were signed by attorneys and filed on November 15, 2020 to protect clients' claims from being barred, as original signatures had not yet been secured from all of the claimants. This is not an indication that the claims were not vetted or that the information contained in the POCs was not accurate. Indeed, quite the opposite. The fact that Babin Law filed some claims forms without every single piece of requested information indicates that Babin Law only provided information that had been provided by the client and properly vetted. Further, since the filing deadline in November, Babin Law continues to ensure the firm meets applicable professional responsibility standards by communicating with and seeking information from clients, conducting outside research to find additional potentially relevant information, and preparing updated POCs for supplementation if proper.

(b)     Steven C. Babin, Jr.'s electronic signature is affixed to some of the POCs filed on behalf of Babin Law's clients. Electronic signatures are expressly permitted by L.R. 9011-4(b).

(c)     There is no evidence that POCs for Babin Law's clients were created after they were signed.

---

[2] Steven C. Babin, Jr. has superb credentials, significant experience in mass tort litigation, and has never been the subject of a disciplinary or ethical proceeding. A link to his biography follows: https://www.babinlaws.com/about/.

3

(d)     There is no evidence that Babin Law used its Boy Scout cases to acquire litigation funding from any source, not that this is improper or illegal in any event.

(e)     There is no evidence that Babin Law made any false statements or otherwise engaged in improper or misleading advertising.

(f)     Although the Insurers claim that Babin Law filed deficient POCs, they provide no evidence that the POCs filed on behalf of Babin Law's clients are deficient in any manner. If there is such an allegation, it can and should be addressed through a request to supplement the POC, or the claims objection process.

(g)     Pursuant to its fee agreements with clients, Babin Law has "full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to commence, conduct and conclude this representation," including "claim forms that must be filed with the Court by November 16, 2020," and other documents "that are related to and necessary for this litigation.".

5.     The Insurers only specific allegation relating to Babin Law, other than an incorporation into a chart of attorneys and firms (Insurers' Motion, p. 5), is that it engaged a marketing firm called Consumer Attorney Marketing Group ("CAMG") for advertising purposes. (Insurers' Motion, p. 14). There is nothing unusual about a law firm retaining a marketing firm to advertise on its behalf. The Insurers fail to allege how Babin Law's association with CAMG is improper or otherwise warrants the requested discovery.

6.     Babin Law unambiguously rejects any suggestion that it committed fraud, violated B.R. 9011, or otherwise manipulated the proof of claim process. That being said, it is important to note that any alleged fraud or B.R. 9011 violation by an attorney regarding a proof of claim, even if true, is not sufficient to conclude that the underlying claim is fraudulent or otherwise without merit. Put differently, the information requested is not dispositive and irrelevant to the merits of the underlying claims.

7.     The vast majority, if not all, of the discovery information sought by the Insurers' is protected by the attorney-client privilege and/or the attorney work product doctrine. The discovery requests are not narrowly tailored, and instead essentially seek all of the claim information

complied by attorneys, and well as communications with clients. It is well-established that the attorney-client privilege is sacrosanct. *See ex., TQ Delta, LLC v. 2Wire, Inc.,* 2016 U.S. Dist. LEXIS 130982, *22 (D. Del 2016). The attorney work product doctrine is afforded similar protection. *Teleglobe US, Inc. v. BCE Inc.*, 392 B.R. 561, 574 (Del. 2008), *quoting, Hickman v. Taylor*, 329 U.S. 495, 510-511 (1947) ("[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney"). Allowing the issuance of discovery for information that is undoubtedly covered by privilege will inevitably lead to future litigation. It is not justified at this premature time and the Insurers have failed to demonstrate good cause for it. There is simply no support for the production of Babin Law's client files, particularly when the clients are sex abuse victims.

8.  Although the scope of B.R. 2004 can be broad, a "Court has authority in Rule 2004 discovery to make orders as justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense; these are the same principles articulated in RULE 26(c) of the FEDERAL RULES OF CIVIL PROCEDURE." *In re Commercial Fin. Servs.*, 247 B.R. 828, 842 (N.D. Ok., 2000). In the instant matter, Babin Law represents and filed POCs on behalf of approximately 1,110 clients. Forcing Babin Law to answer interrogatories and produce files for 1,100 claimants is oppressive, subjects it to undue burden and expense, and is not proportional to the needs of the case.

9.  While couched as a B.R. 2004 Motion for the discovery of information, Insurers' Motion is effectively a disguised B.R. 9011 motion as it asserts B.R. 9011 violations, violations of the ABA Rules of Professional Conduct, and other serious accusations. Bankruptcy Rule 9011(c)(1)(A) contains a safe harbor provision that requires a movant to serve a B.R. 9011 motion upon the opposing party twenty-one (21) days prior to its filing. The purpose of the safe harbor

provision is to allow the opposing party an opportunity to withdraw or amend a potentially offending document. *In re Raymond Prof'l Group, Inc*. 420 B.R. 420, 453 (Bankr. N.D. Ill. 2009). The Insurers obviously did not provide twenty-one day notice prior to their filing, and this reaffirms their improper strategy to harass by making salacious accusations on the public docket.

10.     As more fully set forth in the Coalition's Objection, the Insurers lack standing to seek B.R. 2004 discovery. Even if the Court determines that the Insurers have standing, claims-related discovery is premature. This discovery is not necessary to confirm a plan and can be conducted as part of the claims objection process. Finally, the Insurers have failed to meet their burden to demonstrate good cause to obtain discovery from Babin Law, and the Insurers' Motion should be denied.

[*Remainder of Page Left Intentionally Blank*]

## **CONCLUSION**

WHEREFORE, Babin Law requests that the Court enter an order denying the Insurers' Motion and granting Babin Law such other and further relief as the Court deems just and proper.

Date:  February 5, 2021
       Wilmington, DE

**CONAWAY-LEGAL, LLC**

/s/ *Bernard G. Conaway*
Bernard G. Conaway, Esquire (DE 2856)
1007 North Orange Street, Suite 400
Wilmington, DE 19801
Telephone: 302-428-9350
Email: bgc@conaway-legal.com

- and –

/s/ *Joseph C. Pickens*
Joseph C. Pickens (*pro hac pending*)
*Pro Hac Vice Motion pending*
TAFT STETTINIUS & HOLLISTER, LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: (614) 221-2838
Email: jpickens@taftlaw.com

*Counsel for Stephen C. Babin, Jr. and Babin Law, LLC*