**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | ) ) ) | Case No. 20-10343 (LSS) |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) ) | |
| | ) | **Related Docket Nos. 1974 and 2043** |

**OBJECTION OF MARC J. BERN & PARTNERS LLP TO
INSURERS' MOTION FOR AN ORDER AUTHORIZING
RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIM [D.I. 1974]**

Marc J. Bern & Partners LLP (the "Bern law firm"), by and through its undersigned counsel, hereby submits this Objection (the "Objection") to the *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* ("Rule 2004 Motion" or "Motion") [Docket No. 1974]. In support of this Objection, the Bern law firm respectfully states as follows:

**Background**

1.   The Bern law firm is a member of the Coalition of Abused Scouts for Justice (the "Coalition") and hereby joins in the objection to this Motion filed by the Coalition. The Bern law firm submits this objection to address the propriety of the proposed discovery particularly directed to it.

2.   Through the Insurers Rule 2004 Motion, the Insurers seek (i) to take a deposition of Joseph J. Cappelli, a partner in the law office of Marc J. Bern & Partners (the "Bern law firm"), and (ii) written discovery as to each proof of claim submitted by the Bern law firm that was signed by an attorney. See proposed order, Exhibits B and D. The stated basis for this discovery as set forth in the Motion is that Mr. Cappelli signed 635 proofs of claim in his capacity as the attorney

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

for the claimants, and that 625 of them were signed in a single day, on November 14, 2020, two days before the November 16, 2020 bar date. Motion at 10. The Motion further states that the majority of the attorney-signed proofs of claim submitted by the Bern law firm "have identical pre-printed signature pages attached to them." *Id.*, citing the Speckin Decl. ¶¶ 7-8.

3. Had the insurers requested a complete summary from Omni regarding claims submitted by the Bern law firm, it would have found that the firm submitted in excess of 5,900 claims over the period from September 15, 2020 to November 16, 2020. 635 of these claims were signed by Mr. Cappelli, as the attorney supervising the submission of claims by the firm's clients. Mr. Cappelli signed the claim form for each of these claimants to ensure their timely submission in the face of the November 16, 2020 bar date. The firm's practice was to send the final version of each claim to their respective client for signature before filing it, but if the client did not timely return the signature page, the firm submitted the prepared claim with an attorney signature. Of the 635 claims signed by Mr. Cappelli, 155 were amended following the bar date to include the signature page when it was eventually received from the client. This amendment process is ongoing.

4. The Motion presents an unsubstantiated alternative conclusion "Mr. Cappelli almost certainly did not vet—or even read—the claim forms submitted under his name." Motion at 11. This accusation asks this Court to presume that the Bern law firm or its agents did not assist in the preparation of the claims and that the Bern law firm did not perform any review of the claims before sending them to their clients for signature. Given the thorough claim form approved by this Court for submission by sexual abuse survivors, providing assistance to clients with respect to the completion of the forms was a necessity, as was a review of that form before sending it for signature.

5.      The procedures approved by this Court for the submission of claims included the electronic submission of claims to Omni Agent Solutions ("Omni"), the Debtors' claims agent. The proof of claim forms submitted by the Bern law firm necessarily include a scanned signature, the use of which is permitted by Del. Bank. Rule 9011-4(b).[2]

**Argument**

6.      The preparation and submission of proofs of claim in this case by the Bern law firm was in compliance with the Court's orders and applicable rules and procedures, and was appropriate for a mass tort case with a large number of claimants who were required to file individual and specific claims by the Court-ordered bar date of November 16, 2020. The wild accusations and unsupported conclusions set forth in the Insurers' 2004 Motion do not provide good cause to pursue discovery against the Bern law firm or Mr. Cappelli. The discovery requested is not appropriate for the additional reasons set forth below.

**A. Rule 26 does not permit the discovery of privileged information.**

7.      Rule 26(b)(1), made applicable to this contested matter by Bankruptcy Rules 9014 and 7026, provides that parties may obtain discovery "regarding any non-privileged matter" that is relevant to a case, and subject to certain other limitations. The discovery sought by the insurers is impermissible because it encroaches on matters subject to the attorney-client privilege, and would require the disclosure of privileged information in a response. For example, Interrogatory 3 from the Attorney Discovery Requests seeks at subpart (f) the documents counsel reviewed to confirm the existence of evidentiary support for the facts set forth in the Claim Form. Requests

---

[2] In response to the COVID-19 pandemic, the Delaware Supreme Court also suspended the notarization requirement in all state courts, permitting the electronic attachment of unsworn verifications and certificates. See Administrative Order No. 3, dated March 22, 2020, as amended and updated.

for production 5 and 6 include requests for original documents created at the Bern law firm, including metadata. The scope of the depositions sought from attorneys is not specified, but based on the allegations set forth in the Motion, would necessarily be directed towards communications between the Bern law firm and their clients.

8. This information is not available for discovery under Federal Civil Rule 26 and Mr. Cappelli did not waive the privilege with respect to any claim form for which he attached his signature. The Insurers acknowledge that Rule 9011 applies to proofs of claims as well as pleadings, and an attorney signing a proof of claim has no greater role or personal knowledge relating to the claim than an attorney signing a complaint or other pleading filed with this Court. As such, the mere signing of the proof of claim form does not and should not transform the attorney into a fact witness in the case. See Jonathan W. Young & Dana G. Hefter, *The Involuntary Witness; Privilege and Waiver Issues Raised by Rodriguez, 33-Aug. Am. Bankr. Inst. J. 38 (2014).*[3]

**B. Cause does not exist for Rule 2004 discovery, which is not a substitute for discovery in contested matters.**

9. To the extent that the discovery is a prelude to an objection to any of the claims filed by the Bern law firm, the Bern law firm attorneys would be opposing counsel in a contested matter. Of course, no claim objections have been filed. However, the use of a 2004 Motion to conduct broad discovery regarding potential contested matters should not be permitted as a

---

[3] That law journal article states in part: "In finding that the attorney had become a witness by signing the claim form, the bankruptcy court in *Rodriguez* relied on Official Form 10's declaration that "the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief." *Rodriguez*, 2013 WL 2450925, at *3. However, that statement is substantially similar to the declaration in Rule 9011(b) that the party signing the documents "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," there is evidentiary basis for the facts contained in the document. If Rule 9011 does not inevitably make an attorney a witness, then neither should Form 10." *ABI Journal*, August 2014, p. 39.

substitute for the established procedures governing contested matters. *See e.g., In re Washington Mutual, Inc.*, 408 B.R. 45, 51 (Bank. D. Del. 2009)("[D]iscovery of evidence *related* to the pending proceeding must be accomplished in accord with more restrictive provisions of [the Federal Rules of Bankruptcy Procedure], while *unrelated* discovery should not be subject to those rules simply because there is an adversary proceeding pending." *Washington Mutual* at 51, citing *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 29 (Bankr.N.D.N.Y.1996)(emphasis in original).

### C. The recognized standards for discovery against attorneys have not been met.

10. Federal courts disfavor the calling of an attorney as a witness by opposing counsel. *Shelton v. Am Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). To conduct a deposition of counsel to the claimants, the insurers would need to satisfy the requirements of the *Shelton* rule, by which they must show: (1) no other means exist to obtain the information sought through the deposition than to depose opposing counsel, (2) the information sought is relevant and not privileged, and (3) the information is crucial to the preparation of the case. *Id.* Federal Courts in Delaware have applied the *Shelton* rule to prevent discovery from opposing counsel. *See Allergan Inc. v. Pharmacia Corp.*, No. CIV.A.01-141-SLR, 2002 WL 1268047, at *1 (D. Del. May 17, 2002) (granting protective order preventing deposition of opposing counsel finding "that plaintiffs have not met their burden to demonstrate a compelling need for the requested discovery" under the *Shelton* rule); *Smith ex rel. Smith v. U.S.*, 193 F.R.D. 201, 216 (D. Del. 2000) (applying *Shelton* rule to narrowly limit the scope of depositions of the government's counsel to fetal heart strips missing from an administrative file).

11. These standards are not met in this case. The first requirement is not met because the claimants themselves are in a position to provide all relevant non-privileged information relating to their claims at the appropriate time through the claims resolution process.

12. The second requirement is not met because the information requested is not relevant and most of it is privileged. The information requested regarding the claims submission process is not relevant because it has no bearing on the validity of the claimants' claim, which may well be addressed as part of the claims resolution process. Moreover, as discussed above, the Insurers' conclusion that Mr. Cappelli must have acted improperly is not supported by the facts because there is a much more plausible alternative conclusion supported by the facts—Mr. Cappelli signed 635 of the over 5,900 he filed on behalf of his clients to ensure that the claims were timely filed.

13. Third, the requested information is not crucial to determining the validity of the claims. Rather, the information has absolutely no bearing on the claims' validity.

14. Two opinions from Delaware courts have applied the *Shelton* rule and permitted depositions of opposing counsel *See In re FKF Madison Grp. Owner, LLC*, No. 10-11867 (KG), 2012 WL 13032955 (Bankr. D. Del. Oct. 12, 2012); *Ricoh Co. v. Oki Data Corp.*, No. CA 09-694-SLR, 2011 WL 3563142, (D. Del. Aug. 15, 2011). Both of these cases are distinguishable. In *FKF Madison*, the debtor sought a deposition from counsel for the creditors committee with respect to its final fee application and committee's counsel opposed the request. *FKF Madison*, 2012 WL 13032955 at *1. The *FKF Madison* court found that the *Shelton* rule was inapplicable and permitted the deposition because counsel was not counsel for the opposing party—it was the opposing party. *Id* at *4. In *Ricoh*, the court found that the party seeking the deposition of opposing counsel had a compelling reason for the deposition because opposing counsel had made several unique statements as a businessperson and only he could explain his statements and provide a basis for his conclusions. *Ricoh*, 2011 WL 3563142 at *2.

15. Similar circumstances are not present in this case, and the *Shelton* rule remains applicable, mandating the denial of the requested attorney discovery.

## **CONCLUSION**

WHEREFORE, the Bern law firm respectfully requests that this Honorable Court (i) deny the Motion and (ii) grant to the Bern law firm such other and further relief as this Court deems just and proper.

Date:  February 5, 2021    **SULLIVAN · HAZELTINE ALLINSON LLC**
       Wilmington, Delaware

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302)-428-8195
Email: bsullivan@sha-llc.com
      whazeltine@sha-llc.com

*Attorneys for Marc J. Bern & Partners LLP*