## **Exhibit A**

{01740161;v1}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE Boy Scouts, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

## [PROPOSED] ORDER GRANTING INSURERS' MOTION FOR AN ORDER AUTHORIZING CERTAIN RULE 2004 DISCOVERY

Upon the motion (the "Motion")[2] of Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company and Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (together, "Insurers") for entry of an Order granting certain relief requested in the Motion (D.I. 1974, 1975), it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Insurers are authorized under Bankruptcy Rules 2004 and 9016 to (a) serve the requests for production and interrogatories set forth in Exhibit D to the Motion on the individuals identified in Exhibit B to the Motion (the "Attorney Discovery Requests"); and (b) to take

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

{01740161;v1}

depositions of the attorneys identified in Exhibit B to the Motion within thirty (30) days of issuance of this Order.

3. The individuals identified in Exhibit B to the Motion shall have twenty-one (21) days from date of service to object and respond to the Attorney Discovery Requests.

4. Insurers are authorized under Bankruptcy Rules 2004 and 9016 to issue subpoenas seeking to compel the production of documents and information responsive to the requests set forth in Exhibit E to the entities identified in Exhibit C to the Motion (the "Third Party Discovery Requests"); and to issue subpoenas compelling the testimony on behalf of the entities within twenty-one (21) days of issuance of this Order.

5. The entities identified in Exhibit C to the Motion shall have thirty (30) from date of service to provide objections and responses to the Attorney Discovery Requests.

6. Any documents or information produced to Hartford and Century in response to a subpoena authorized under this Order shall also be produced to National Union Fire Insurance Company of Pittsburgh, Pa.; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania; and their affiliated entities (collectively, "AIG"), subject to any applicable confidentiality agreements, and AIG shall have the right to attend and participate in any deposition authorized under this Order. AIG shall also have the right to participate in any meet and confer process related to the Motion or Order.

7. Nothing contained herein shall prejudice Insurers' rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions and written and oral examinations in connection with these Chapter 11 Cases.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated _____

_____
United States Bankruptcy Judge