# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Objection Deadline: February 10, 2021 @ 4 p.m.<br>Hearing Date: February 17, 2021 @ 10 a.m.<br><br>Re Docket No. 2030 |

### LIMITED OBJECTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE TO CENTURY'S MOTION TO COMPEL [D.I. 2030]

The Coalition of Abused Scouts for Justice (the "Coalition"), by its undersigned counsel, hereby submits this Limited Objection (the "Limited Objection") to *Century's Motion to Compel Abused in Scouting, Kosnoff Law PLLC, and the Coalition to Submit Disclosures Required by Federal Rule of Bankruptcy Procedure 2019* (the "Motion") [Docket No. 2030]. This Limited Objection responds only to the portions of the Motion pertaining directly to the Coalition. In support of this Limited Objection, the Coalition respectfully states as follows:

### LIMITED OBJECTION

1. This Court previously heard multiple days of oral arguments by Century and other parties relating to the sufficiency of the disclosures in the 2019 statements filed by the Coalition. Ultimately, the Court entered an order approving the sufficiency of the disclosures made by the Coalition. *See Order Approving The Adequacy and Sufficiency of the Amended Verified Rule 2019 Statement Filed by the Coalition of Abused Scouts for Justice* [Docket No. 1572] (the "2019 Approval Order"). The Motion ignores the findings of this Court and the facts recited in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

{00222067-2}

the Coalition's voluminous disclosures. Rather, Century seeks to relitigate the sufficiency of the disclosures based on a single tweet by a non-Coalition lawyer opining that the Coalition's counsel "do[es] not speak for Abused in Scouting." Century seeks to elevate a social media posting to the same dignity and effect as (i) the sworn statements of the Coalition, and (ii) the thousands of legal documents collected from Members and verified by their counsel, stating their desire and intention for the Coalition and its professionals to speak for them.

2. For the avoidance of doubt: the Coalition stands by its verified statements, including that:

  a. Timothy Kosnoff and Kosnoff Law resigned from the Coalition months ago and have had no role in the Coalition since that time.[2] To be clear, Mr. Kosnoff has not attended any Coalition meetings, participated in any mediation or other proceedings, or conducted any other tasks on behalf of the Coalition; nor does Mr. Kosnoff speak for the Coalition in any way.

  b. The Coalition's Membership is comprised of approximately 11,875 Sexual Abuse Survivors who have signed "Affirmative Consent" forms indicating their consent to becoming a Member of the Coalition and authorizing their respective State Court Counsel to instruct the Coalition Professionals in connection with these cases.[3]

  c. Some 3,000+ Members of the Coalition are clients of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. in connection with their own individual claims against the Debtors by virtue of engagement letters disclosed in exemplar form to the Court and Mediation Parties. Those letters also indicate co-representation of such clients by AVA Law Group, PC and Kosnoff Law. These Members signed and returned Affirmative Consents indicating their consent to participation in the Coalition.[4]

  d. The Coalition represents the collective interests of its Members.[5]

---

[2] *See, e.g.*, *Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [Docket No. 1429] (the "Second 2019 Statement") at 4, fn 3.

[3] *See Third Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [Docket No. 1997] (the "Third 2019 Statement") at para. 1.

[4] *See id.*, Ex. A.

[5] *See id.*; Second Statement at para. 1.

{00222067-2}                                               2

3. Century did not preview its Motion with the Coalition or request any information from the Coalition prior to its filing. Had it made any such request, the Coalition would have responded that the information sought has already been produced.

4. In light of the foregoing, and as addressed in further detail below, the Coalition respectfully asserts that Century's requests should be denied.

### A. The Coalition Has Identified Its Members.

5. Century asks for a list of the names and addresses of all creditors represented by the Coalition. This list has now been provided multiple times, as required by the Court.

6. Century also asks that the list identify Members affiliated with certain law firms.

7. The list of names and addresses of Coalition Members is organized by law firm. The electronic form of the list, which has been made available upon request of authorized parties, includes tabs identifying the law firms affiliated with each Member.

8. An excel spreadsheet with this information was provided to Century at the time of the filing of the First and Second 2019 Statements. On January 29, 2021, the Coalition filed the Third 2019 Statement. An unredacted version of Exhibit A was provided to Century. On February 9, 2021, without receipt of a request, the Coalition provided an excel spreadsheet of the documentation provided in the Third 2019 Statement to all Protective Order parties. The excel spreadsheet makes it easier for the parties, including Century, to review the documentation that had been earlier provided in PDF form and to identify which law firms are affiliated with which Members.

### B. All Coalition Members Have "Opted In" to the Coalition.

9. Astonishingly, Century asks for the list to "indicate whether each creditor…has opted in to be part of the Coalition." This request irreverently ignores the Court's finding that

"Exhibit A … shall reflect as Coalition Members only the Sexual Abuse Survivors that have executed the [Affirmative Consent]. *See 2019 Approval Order* at para. 3.

10. Moreover, the first sentence of the Coalition's verified 2019 statement states that "Each Coalition Member has signed an "Affirmative Consent" consenting to becoming a Member of the Coalition and authorizing their respective State Court Counsel to instruct the Coalition Professionals in connection with these cases." *Third 2019 Statement* (emphasis added). An exemplar form of Affirmative Consent has been submitted with the Coalition's disclosures.

11. The Coalition's prior verified statements contained similar language. Indeed, the requirement of each Member affirmatively consenting to such membership was a significant focus of discussion before the Court.

C. **Century's Demand for Information Regarding "An Equity Interest" Is Disingenuous.**

12. Century next repeats demands made earlier in the case that the Coalition produce "A list of the persons or entities with an equity interest in the claims of any creditor represented by the Coalition other than the claimant."

13. It is worth noting that the Coalition does not "represent" any creditors individually, but rather, the collective interests of its Members.

14. Assuming that Century refers to the Coalition's Members, the Coalition's respective 2019 Statements include exemplar documents describing (with redactions permitted by the Court) the financial terms by which State Court Counsel and their co-counsel share interests in Member claims by virtue of any contingency fee or other arrangement.

15. The Coalition has no other information regarding Members' sharing of equity interests in their claims.

**D. Century's Final Request Reveals the Motion as a Re-Litigation of Lost Battles.**

16. Last, Century requests that the Coalition produce "all other information and disclosures required by Fed. R. Bankr. P. 2019."

17. Century spent weeks litigating with the Coalition regarding the scope of disclosures required by Rule 2019, resulting in specific instructions from the Court regarding what information would be sufficient to comply with Rule 2019. *See 2019 Approval Order.* The Coalition has complied with the Court's instructions.

18. The Coalition respectfully asserts that no further disclosures are necessary or appropriate under the circumstances.

## CONCLUSION

WHEREFORE, the Coalition respectfully requests that the Court enter an order denying the Motion as to the Coalition and granting the Coalition such other and further relief as the Court deems just and proper.

Dated: February 10, 2021  
Wilmington, Delaware

MONZACK MERSKY AND BROWDER, P.A.

*/s/ Rachel B. Mersky*  
Rachel B. Mersky (DE No. 2049)  
1201 North Orange Street  
Suite 400  
Wilmington, Delaware 19801  
Telephone:     (302) 656-8162  
Facsimile:     (302) 656-2769  
E-mail:           RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP
David J. Molton, Esq. (admitted *pro hac vice*)
Eric R. Goodman, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
E-mail: DMolton@BrownRudnick.com
E-mail: EGoodman@BrownRudnick.com

and

Sunni P. Beville, Esq. (admitted *pro hac vice*)
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
E-mail: SBeville@BrownRudnick.com
E-mail: TAxelrod@BrownRudnick.com

*Co-Counsel to the Coalition of Abused Scouts for Justice*