## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 20-10343 (LSS) |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Jointly Administered |
| Debtors. | Re: Docket No. 2028, 2030 |
| | **Obj. Deadline: February 10, 2021 at 4:00 p.m.** |
| | **Hearing Date: February 17, 2021 at 10:00 a.m.** |

### EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.'S OMNIBUS RESPONSE TO (I) HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY AND TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO COMPEL ABUSED IN SCOUTING AND KOSNOFF LAW PLLC TO SUBMIT RULE 2019 DISCLOSURES AND (II) CENTURY'S MOTION TO COMPEL ABUSED IN SCOUTING, KOSNOFF LAW PLLC, AND THE COALITION TO SUBMIT THE DISCLOSURES REQUIRED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. ("Eisenberg"), by its undersigned counsel, hereby submits this omnibus response ("Omnibus Objection") to (I) *Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company's Motion to Compel Abused in Scouting and Kosnoff Law PLLC to Submit 2019 Disclosures* (the "Hartford Motion") [Docket No. 2028] and (II) Century's Motion to Compel Abused in Scouting, Kosnoff Law PLLC, and the Coalition to Submit the Disclosures Required by Federal Rules of Bankruptcy Procedure 2019 (the "Century Motion") [Docket No. 2030]. In support of this Omnibus Objection, Eisenberg respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRELIMINARY STATEMENT

1.        This is not the first time that Hartford[2] and Century[3] have sought to weaponize Bankruptcy Rule 2019, but it should be the last.  Both the Hartford Motion and the Century Motion seek to compel Abused in Scouting (hereinafter "AIS") to submit 2019 Disclosures.  Both motions are yet another attempt by certain insurance companies to disrupt these bankruptcy proceedings by asserting potential conflicts of interest.  In reality, both Hartford and Century are merely grasping at straws, as their arguments repeatedly miss their mark.  The motions should be denied.

2.        Eisenberg recognizes that Rule 2019 requires disclosure.  As a founding Representative of the Coalition of Abused Scouts for Justice (hereinafter the "Coalition"), Eisenberg has complied with the Coalition's Rule 2019 obligations by providing the required information to the Coalition.  Indeed, some of AIS's clients have joined the Coalition by providing written Affirmative Consents.  Participation is critical to determining value for tort victims in mass tort bankruptcies.  The amount of damage suffered by sexual abuse victims and the number of victims who file valid claims are critical measures in an estimation proceeding and meaningfully impact settlement negotiations.  While it is undeniable that Hartford and Century have an interest in fewer valid tort claims being asserted, and in a lower percentage of Sexual Abuse Survivors[4] participating in these cases, Rule 2019 cannot be utilized as means to deny these claims.

---

[2] "Hartford" refers to Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company.

[3] "Century" refers to Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America.

[4] Capitalized terms used, but not defined herein, shall have the meaning ascribed such terms in the Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors (the "Bar Date Order") [Docket No. 695].

3.      In 2019, Eisenberg, together with Kosnoff Law and AVA Law, fashioned an informal cooperation of law firms known as Abused in Scouting.  AIS is not what Hartford and Century would have the Court believe.  AIS is not a partnership, it is not a brand, it is not a law firm; it is simply a collaboration of law firms that have joined together to provide a voice to the victims of childhood sexual abuse.

4.      Both the Hartford Motion and Century Motion, which seek to require Rule 2019 disclosures from AIS in these cases, miss their mark.  AIS, as a collaboration of law firms promoting a message, is not subject to the disclosure requirements of Rule 2019.  Likewise, tweets are not pleadings, and tweets cannot serve as a basis to require 2019 disclosures.  Both motions should be denied.

## FACTUAL BACKGROUND

### A.      Abused in Scouting

5.      Eisenberg, together with the Kosnoff Law and AVA Law, formed a cooperation of law firms known as Abused in Scouting.  The genesis of AIS was a Wall Street Journal article from December of 2018 in which it was reported that the Boys Scouts of America was considering bankruptcy because of their sexual abuse claims.  At that time, it became apparent that the BSA intended on trying to wash away a century of abuse liability through an expedited process such as a Bankruptcy proceeding.  AIS, through its founding members' experience in handling sexual abuse claims, knew that many of the thousands of survivors who had claims had probably never talked about the abuse and had been otherwise tormented by their abuse for years.  These survivors would need help through the unfamiliar territory of Bankruptcy.  AIS set out to communicate with the public that if they wanted counsel, AIS was there to help.

6.      In this way, AIS delivers a message to individuals who were abused in scouting, that it is all right to come forward.

7.      Over time, the AIS message has reached tens of thousands of sexual abuse victims. In November of 2019, the lawyers responsible for the AIS message met with the Boy Scouts in New York City for a 2-day meeting with other plaintiffs' law firms who represented many victims of abuse.  The BSA was well aware at that time, before they filed for bankruptcy, of thousands of potential sexual abuse claims.

8.      Both the Hartford Motion and the Century Motion incorrectly depict AIS as a fictitious entity, effectively a bogeyman, in an attempt to deliberately cast doubt on the AIS message as well as upon Eisenberg's motives.  Despite their characterizations of AIS as an entity, it is clear from Coalition filings that AIS is not an entity, but the product of the collaboration of three professional corporations: (i) Kosnoff Law PLLC; (ii) AVA Law Group, Inc.; and, (iii) Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.[5]

9.      Contrary to Hartford's and Century's assertions, AIS is not a partnership, it is not a brand, it is not a law firm, it is simply a message for those that were abused in scouting to come forward.  The television advertisements which disseminate this message are clearly marked as attorney advertisements at the very outset.  In every single advertisement, a disclaimer reads: "this is an attorney advertisement sponsored by attorney Andrew Van Arsdale."  This disclaimer appears on both the screen and is read out loud.  The disclaimer also appears at the end of the ads.

10.      Likewise, the digital presence of AIS (www.AbusedInScouting.com) is clearly marked as attorney advertising and links directly to the AVA Law Group website (www.AVALaw.com).

---

[5] See *Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* (the "2019 Statement") [Docket No. 1106].

11.     The AIS message is designed to connect with men who have suffered unimaginable trauma.  Many sexual abuse victims believe that they were the only victims.  As we now know, a minimum of tens of thousands of men alive today were sexually abused in the Boy Scouts of America, and the actual number, is much higher.  The AIS digital message is clearly marked as attorney advertising and designed to encourage victims to come forward, to hold the Boy Scouts accountable for these transgressions, to give the civil courts system (and now the bankruptcy system) the opportunity to remedy those wronged.

**B.      The Coalition**

12.     The Coalition is an ad hoc committee that actively participates in these cases on behalf of its members.  The Coalition's goal is to serve as a constructive and valuable voice in the Debtors' cases and advocate for a resolution that treats Coalition Members fairly and affords them compensation for traumas they suffered while under the BSA's care.  See the *Motion of the Coalition of Abused Scouts for Justice to Participate in the Mediation* [Docket No. 1161] (describing the Coalition's efforts to join mediation, including outreach to the Debtors and other parties).

13.     The Coalition presently comprises more than 11,875 members, each of which is a sexual abuse victim holding claims against BSA, among other parties.  The members of the Coalition, by and through authorized representatives (the "Representatives"), formed the Coalition and then retained Brown Rudnick LLP and Monzack, Mersky and Browder P.A. (together, "Coalition Counsel") to represent them in connection with the Coalition's claims and interests in respect of the Debtors and their cases.  See *Third Amended Verified Statement of Coalition of*

*Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* (the "2019 Statement") [Docket No. 1997].[6]

14.     Each Coalition member has signed an "Affirmative Consent" consenting to becoming a member of the Coalition and authorizing their respective State Court Counsel to instruct the Coalition Counsel in connection with these cases.   The State Court Counsels collectively represent approximately 65,000 Sexual Abuse Survivors in total.   Each Coalition member has signed an engagement letter with his State Court Counsel (the "State Counsel Retention Agreements").   The State Court Counsel have the authority under their respective engagement letters with each of their clients, to affiliate with or retain co-counsel.   Exemplars of the State Court Counsel Retention Agreements with their respective clients are attached to the Coalition's 2019 at Exhibit A and true and accurate copies of the engagement letters signed by their respective clients in the Declarations of the State Court Counsel attached at Exhibit B to the Coalition's Rule 2019.[7]

15.     As an ad hoc committee, the Coalition itself has not filed proofs of claims and the Coalition will not vote on any plan of confirmation —*but its members will do so*.   The members of the Coalition, act by and through the authorized Representatives.   The members are Sexual

---

[6] As disclosed in the 2019 Statement, the current Representatives at that time were: (i) Slater Slater Schulman LLP, (ii) ASK LLP, (iii) Andrews & Thornton, (iv) Levin Papantonio Thomas Mitchell Rafferty & Procter P.A., (v) **Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.,** (vi) Junell & Associates PLLC, (vii) Reich & Binstock LLP, (viii) Marc J. Bern & Partners LLP, (ix) Krause & Kinsman Law Firm, (x) Bailey Cowan Heckaman PLLC, (xi) Babin Law, LLC, (xii) Jason J. Joy & Associates, PLLC, (xiii) Motley Rice LLC, (xiv) Weller Green Toups & Terrell LLP, (xv) Colter Legal PLLC, (xvi) Christina Pendleton & Associates PLLC, (xvii) Forman Law Offices, P.A., (xviii) Danziger & De Llano LLP, (xix) Swenson & Shelley PLLC, (xx) Brooke F. Cohen Law, (xxi) Damon J. Baldone PLC, (xxii) Cutter Law PC, (xxiii) The Robert Pahlke Law Group, (xxiv) Napoli Shkolnik PLLC, (xxv) the Hirsch Law Firm, and (xxvi) Porter & Malouf, P.A. (**Emphasis added**).
[7] Docket No. 1997.

Abuse Survivors.[8]  Each member has retained one of the State Court Counsel firms and signed an engagement letter that included provisions allowing the State Court Counsel to affiliate with or retain co-counsel.[9]

16.    The Coalition has gone to great lengths to comply with Rule 2019 while taking into consideration the complexities of mass tort litigation and the sensitivities in these cases (i.e., the sexual abuse claims made against the Debtors).  Since the beginning of these cases, the Court has recognized the need to protect confidential or identifying information of Sexual Abuse Survivors.

C.    **Eisenberg**

17.    Eisenberg is a Philadelphia based law firm which has a long track record of handling sexual abuse cases and other complex and catastrophic cases on behalf of victims. Eisenberg has earned a reputation of unparalleled success and achievement as one of the region's most accomplished law firms.  Several of the Eisenberg lawyers have been named as the Best Lawyers in America for their expertise in products liability, medical malpractice, and personal injury by the definitive guide to legal excellence in the United States.

18.    Founder, Stewart J. Eisenberg, has represented victims of catastrophic injury and wrongful death for more than 40 years.  He is one of the region's most accomplished trial lawyers, with a long list of awards and recognitions.  He has served as President of the Pennsylvania Association for Justice (PAJ), President of the Philadelphia Trial Lawyers Association, as well as numerous other legal associations.  He has received the prestigious Milton D. Rosenberg award, the highest honor bestowed upon a trial lawyer by the PAJ.  Mr. Eisenberg has represented many

---

[8] *See Interim Order (I) Authorizing the Debtors to File (A) A Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, (III) Authoring and Approving Procedures of Providing Notice of Commencement, and (IV) Granting Related Relief,* [Docket No. 9] (the "Interim Confidentiality Order").
[9] *See Third Amended Verified Statement* at § 3.

sexual abuse survivors during his distinguished career, including those who were abused while in the Boy Scouts.

19.     Co-founder, Ken Rothweiler, has also represented victims of catastrophic injury and wrongful death for nearly 40 years.  He is widely regarded as one of the Philadelphia region's most accomplished trial lawyers.  He has served as President of the PAJ, President of the Philadelphia Trial Lawyers Association, as well as numerous other legal associations.  He has received the prestigious Milton D. Rosenberg award, the highest honor bestowed upon a trial lawyer by the PAJ.  Mr. Rothweiler has represented many sexual abuse victims during his distinguished career, including those who were abused while in the Boy Scouts.

20.     Eisenberg has served as one of the members of the Coalition since its founding, initially serving with both Kosnoff Law and AVA Law Group, Inc.  In October 2020, Kosnoff Law and AVA Law Group, Inc., and their principals, resigned from the Coalition.  However, their clients remain Coalition members, whose interests are represented by Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. in accordance with the clients' engagement letters.[10]

21.     Ken Rothweiler has a leadership role in the Coalition.  At the Debtors' request, the Court ordered the parties to mediate.[11]  Pursuant to the Court's mediation order, Mr. Rothweiler has led the Coalition in those mediation efforts.[12]

22.     Following the October 14, 2020 hearing on the sufficiency of the Coalition's 2019 disclosures, the Court ruled that the Coalition 2019 disclosures, including those made by Eisenberg

---

[10] See *The Coalition's Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* ("Second Verified Rule 2019 Statement") (Oct. 7, 2020) [D.I. No. 1429] at paragraph 4 n.3.

[11] Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief (June 9, 2020) [D.I. No. 812].

[12] Order Approving the Motion of the Coalition for Abused Scouts for Justice to Participate in Mediation (Oct. 23, 2020) [D.I. No. 1573].

as a Representative of the Coalition, were adequate, but required that the Coalition file an amended Rule 2019 statement that would identify the claimants that affirmatively elected to be members of the Coalition within seven (7) days.  See *Order Approving the Adequacy and Sufficiency of the Amended Verified Rule 2019 Statement filed by the Coalition for Abused Scouts for Justice* (Oct. 23, 2020) [D.I. No. 1572].

**D.    The Hartford Motion**

23.     Hartford argues that Rule 2019 requires any informal group or committee to provide sufficient information to permit the parties and the Court to understand the nature of the committee and the interests represented.  AIS is neither an informal group nor a committee but a collaboration of law firms that joined together to provide a voice to victims of childhood sexual abuse.

24.     The Hartford Motion relies predominately on an e-mail and tweets as opposed to pleadings to argue that "AIS is clearly trying to throw around its weight to influence this case." Specifically, Hartford alleges that the tweets of Tim Kosnoff indicate that Kosnoff Law and AIS do not share the aims and the goals of the Coalition.  Hartford conveniently ignores the fact that Eisenberg is both a Representative of the Coalition and an AIS collaborator.  Importantly, Hartford does not argue that Rule 2019 disclosures are required of Eisenberg[13].

25.     The Hartford Motion seeks to have the Court adopt a construction of Rule 2019 that has been rejected by the Third Circuit and the Delaware District Court. *See In re Pittsburgh Corning Corp.*, No. 05-4781, 260 Fed. Appx. 463 (3d Cir. Jan. 10, 2008); *Certain Underwriters at Lloyds v. Future Asbestos Claim Representatives (In re Kaiser Aluminum Corp.)*, 327 B.R. 554

---

[13] Eisenberg is not specifically the target of the Hartford Motion or the Century Motion but as a participant in the AIS collaboration, it is compelled to respond to the relief requested in the motions. Eisenberg entered its' appearance in these proceedings on February 1, 2021 [D.I. No. 2000].

(D. Del. 2005).    Based on their tortured construction of Rule 2019, Hartford seeks an order compelling the disclosure of confidential information about Sexual Abuse Survivors.    The requested relief is neither required nor appropriate under Rule 2019 and case law in this Circuit interpreting Rule 2019.    Despite Hartford's characterizations of AIS as an entity or ad hoc committee, AIS is neither.    In fact, AIS has not entered an appearance in these proceedings or participated in the bankruptcy; nor could it.

26.      The Hartford Motion misleadingly depicts AIS as a bogeyman in an attempt to conjure up a basis for alleged conflicts of interest, deliberately casting AIS as a shadowy entity which is directing the Coalition actions.    Hartford's repeated attempts to utilize Rule 2019, first against the Coalition, and now against AIS, cannot be countenanced by this Court.

**E.      The Century Motion**

27.      Likewise, the Century Motion also relies predominately on an e-mail and tweets from Mr. Kosnoff to assert the existence of "potential conflicts of interests and inconsistencies" in this bankruptcy proceeding.    Century asserts that AIS and Mr. Kosnoff are clearly trying to influence this case.    No mention is made of Century's agenda as it relates to Rule 2019.

28.      Century also maintains that Rule 2019 requires a formal or informal group to identify who its members are, as well as the circumstances of the entity's formation and the basis for the agency relationship.    *See*, *e.g., Baron & Budd, P.C. v. Unsecured Asbestos Claimants*, 321 B.R. 147, 168 (D.N.J. 2005) (requiring disclosure of "identity of the client, the conditions of employment and the amount of the fee").    Century argues, repeatedly and ineffectively, for a broadening of Rule 2019.

## OMNIBUS RESPONSE

**A.**     **Bankruptcy Rule 2019 and Third Circuit Case Law**

29.     Bankruptcy Rule 2019 requires disclosure.  It is not a procedure designed to preclude parties in interest from participating in a bankruptcy case.  The intention of the Rule to require disclosures is evident from both the plain language of Rule 2019 and Third Circuit case law.

30.     The current Rule 2019 was derived from Rule 10-211 under Chapter X of the Bankruptcy Act of 1898, as amended by the Chandler Act of 1938.  *See In re Premier Int'l Holdings, Inc.*, 423 B.R. 58, 71 (Bankr. D. Del. 2010); *In re Washington Mutual, Inc.*, 419 B.R. 271, 277 (Bankr. D. Del. 2009).

31.     Hartford's and Century's arguments on Rule 2019 have been rejected by the Third Circuit and the Delaware District Court in cases that they fail to cite to or disclose in their Motions. Hartford and Century rely on orders in *In re Archdiocese of Saint Paul & Minneapolis,* No. 15-30125 (Bankr. D. Minn. Feb. 23, 2017) and *Baron & Budd*, *P.C. v. Unsecured Asbestos Claimants*, 321 B.R. 147 (D.N.J. 2005).  But the Third Circuit and the District Court for the District of Delaware have conclusively ruled on this issue. *See Pittsburgh Corning*, 260 Fed. Appx. at 465 (rejecting "strict compliance challenge" under Rule 2019 in mass tort bankruptcy); *Kaiser*, 327 B.R. 554 (holding that "Rule 2019 need not always be strictly applied").

32.     The primary argument posed by Hartford and Century is that Rule 2019 disclosures for AIS will give them the ability to understand the extent to which there may be a conflict or competing interests.  The Third Circuit in *Pittsburgh Corning* considered and rejected similar arguments made by insurers in that case, where the insurers argued that access to the Rule 2019 disclosures may give them the ability to "uncover fraud and/or a conflict of interest," which they

would then use to "invalidate ballots" voted on the plan or "sanction offending counsel." *Id*. at 466.  The Third Circuit found that this argument was based on "mere[]speculat[ion]" that conflicts of interest may exist and that such conflicts "directly aggrieve[d]" them. *Id*.  The insurers in *Pittsburgh Corning* argued that the order stripped them of their right to investigate and withhold payment of "improper or even fraudulent asbestos claims." *Id*.  The Third Circuit rejected this argument as "simply too far removed from the 2019 Order and too speculative." *Id*.

**B.    Bankruptcy Rule 2019 and Attorney Advertising**

33.    Eisenberg has not located a single case where a court has determined whether counsel has complied with the Rules of Professional Conduct or state mandates concerning attorney advertisements in determining the sufficiency of a Rule 2019 disclosure.

34.    The absence of such case law is hardly surprising.  The fact that disclosures made under Rule 2019 may be used to show compliance with state ethical rules, is of no part of the rule that simply requires disclosure.  In fact, case law concerning Rule 2019 generally concerns two unrelated issues: first, whether disclosures must be made by *ad hoc* groups; and second, whether information that is disclosed should be a matter of public record in mass tort bankruptcies.

## CONCLUSION

WHEREFORE, Eisenberg respectfully requests that the Court enter an order denying the Hartford Motion and Century Motion and granting Eisenberg such other and further relief as the Court deems just and proper.

Dated: February 10, 2021                    **HOGAN♦McDANIEL**

*/s/ Daniel K. Hogan*
Daniel K. Hogan (DE No. 2814)
Garvan F. McDaniel (DE No. 4167)
1311 Delaware Avenue
Wilmington, DE 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
dkhogan@dkhogan.com
gfmcdaniel@dkhogan.com

*Attorneys for Eisenberg, Rothweiler, Winkler,*
*Eisenberg & Jeck, P.C.*