## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 1954** |

### FEE EXAMINER'S FINAL REPORT REGARDING
### 1ST QUARTERLY APPLICATION FOR COMPENSATION
### AND REIMBURSEMENT OF EXPENSES OF PASICH LLP, AS
### INSURANCE COUNSEL FOR THE TORT CLAIMANTS' COMMITTEE
### FOR THE PERIOD FROM MAY 12, 2020 THROUGH OCTOBER 31, 2020

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *1st Quarterly Application for Compensation and Reimbursement of Expenses of Pasich LLP, as Insurance Counsel for the Period from May 12, 2020 through October 31, 2020* [Docket No. 1954] (the "First Quarterly Fee Application") filed by Pasich LLP (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the First Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the First Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.  Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of May 12, 2020 through October 31, 2020, as set forth in the First Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $676,156.30 as actual, reasonable and necessary fees and for expense reimbursement of $0.00.

4. As discussed further below, the Firm voluntarily reduced its requested fees by $79,826.40 during the first quarterly fee period, consisting of a voluntary reduction of $20,263.20 from the Firm's combined first monthly fee application (for the period May 12, 2020 through July 31, 2020) and a voluntary reduction of $39,300.00 from the Firm's combined second

monthly fee application (for the period August 1, 2020 through October 31, 2020). Significantly, the fee detail contained in the Firm's fee application still contained the support for these $79,826.40 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoices attached to the Firm's fee applications).

5.  Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues.  It applies these guidelines on a cumulative basis.  Through the conclusion of the first quarterly fee period the Firm has charged approximately $5,944.00 for fees billed related to the Firm's fee applications on a cumulative basis.  This amounts to less than 1% of total fees and Rucki Fee Review considers these fees reasonable, necessary and appropriate.  For future fee applications, however, Rucki Fee Review has requested the Firm report these fees in its fee applications under a dedicated task code.

6.  Rucki Fee Review considers the staffing breakdown during the first quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $558.01 (after application of rate discounts but before other voluntary reductions), which is equivalent to a junior partner at the Firm's discounted hourly rates in effect for these chapter 11 cases (the Firm has discounted the hourly rates of its personnel other than Kirk Pasich by 20% from its standard hourly rates, and reduced Mr. Pasich's rate from $1,375.00 per

hour to $975.00 per hour for these chapter 11 cases).  The Firm's discounted rates allow for a heavier utilization of more senior personnel, and for this reason Rucki Fee Review does not consider the fact that research was regularly done by partners to be objectionable.

7.    Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized five professionals or paraprofessionals to perform its work during the first quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in an interim fee period to address if the utilization of such particular persons was necessary for the case, but here none billed fewer than 15 hours during the Firm's first quarterly fee period.

8.    Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee).  Here, the Firm did not prepare a prospective budget and staffing plan for the Firm's first quarterly fee period, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter.  Nevertheless, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.  Rucki Fee Review has requested the Firm begin preparing quarterly budgets and staffing plans, as contemplated by the Attorney Large Case Guidelines, for future fee periods.

9.    Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity

description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries.  Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

10. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice.  After conferral with the Firm, however, any reductions on account of these entries and the other issues raised herein would be less than the amount of voluntary reductions already taken by the Firm, so no reduction was requested by Rucki Fee Review.  For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.).  Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

11. Rucki Fee Review has identified certain conferences and/or telephone calls where discussions were billed inconsistently or duplicated by the respective professionals to the

conversation that would require a reduction of $586.00 to correspond to the time of the other professionals, and certain conferences and/or telephone calls where the counterparty to the conversation did not bill an itemized charge for the discussion. After conferral with the Firm, however, any reductions on account of these entries and the other issues raised herein would be less than the amount of voluntary reductions already taken by the Firm, so no reduction was requested by Rucki Fee Review.

12. Rucki Fee Review notes that the First Quarterly Fee Application makes reference to the Firm's five persons utilized in these chapter 11 cases including contract attorneys. Rucki Fee Review requested a telephonic conference to discuss whether the Firm has utilized independent contractors in these chapter 11 cases, and if so confirmation that any such independent contractors are billed to the estate at the cost they charge the Firm for their services. The Firm has since confirmed to Rucki Fee Review that no independent contractors have been utilized by the Firm in these chapter 11 cases.

13. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to a slight underbilling, so no reduction is necessary on account of these entries.

14. The Firm did not request the reimbursement of any expenses during the Firm's first quarterly fee period. Accordingly, no discussion of expense reimbursement is necessary.

15. As noted above, Rucki Fee Review recognizes the Firm voluntarily reduced its requested fees by $79,826.40 during the first quarterly fee period, consisting of a voluntary reduction of $20,263.20 from the Firm's combined first monthly fee application (for the period May

12, 2020 through July 31, 2020) and a voluntary reduction of $39,300.00 from the Firm's combined second monthly fee application (for the period August 1, 2020 through October 31, 2020).  Significantly, the fee detail contained in the Firm's fee application still contained the support for these $79,826.40 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoices attached to the Firm's fee applications).  Because Rucki Fee Review and all other parties in interest were able to review the original fee detail supporting these voluntary reductions and any reductions requested by Rucki Fee Review would be based on the fee entries prior to these reductions, Rucki Fee Review considers it appropriate to credit these voluntary reductions against any fee reductions requested by Rucki Fee Review.  Here, these voluntary reductions exceed those reductions that would be requested by Rucki Fee Review, so no reductions have been requested or are required.

## CONCLUSION

16. After crediting of the Firm's voluntary fee reductions of $79,826.40 already reflected in the First Quarterly Fee Application, Rucki Fee Review recommends the approval of the First Quarterly Fee Application in the amount of $676,156.30 with respect to fees and the reimbursement of expenses in the amount of $0.00.


Dated: February 10, 2021                    Respectfully submitted,
Wilmington, Delaware

                                            **RUCKI FEE REVIEW, LLC**
                                            **FEE EXAMINER**

                                            By: */s/ Justin H. Rucki*
                                                Justin H. Rucki
                                                President of Rucki Fee Review, LLC