## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 1761** |

## FEE EXAMINER'S FINAL REPORT REGARDING FIRST QUARTERLY FEE APPLICATION OF WHITE & CASE LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *First Interim Application of White & Case LLP, as Attorneys for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from September 23, 2020 to and including October 31, 2020* [Docket No. 1761] (the "First Quarterly Fee Application") filed by White & Case LLP (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the First Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee application filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the First Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee application, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Attorney Large Case Guidelines</u>").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of September 23, 2020 through October 31, 2020, as set forth in the First Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $710,671.00 as actual, reasonable and necessary fees and for expense reimbursement of $0.00.

4. The Firm states that it voluntarily reduced its fee request by $49,715.00 during the Firm's first quarterly fee period. These reductions were applied prior to the filing of the Firm's fee application and without including the fees and expenses being waived, however, so Rucki Fee Review cannot independently verify this reduction amount.

5. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the Firm's first quarterly fee period the Firm has charged approximately 3.6 hours and $3,186.00 for fees billed related to the Firm's fee applications or the fee applications of other debtor professionals. Rucki Fee Review does not consider these fees objectionable for the first quarterly fee period, but notes that the Firm's first fee application was not finalized and filed until after the conclusion of the first quarterly fee period, so the time spent on the Firm's first fee application and subsequent fee applications will be re-analyzed at the conclusion of the subsequent fee period.

6. Rucki Fee Review considers the staffing breakdown during the first quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate. The Firm's blended hourly rate of $998.55 is equivalent to a counsel at the Firm's hourly rates, but Rucki Fee Review notes that this rate was artificially elevated by the fact the Firm did not bill any paraprofessional time during the transition from Sidley Austin to the Firm during the Firm's first quarterly fee period. Rucki Fee Review also notes that, based on its agreement with the debtors, the Firm agreed that subject to customary periodic adjustments the billing rates of its personnel would not exceed the rates of such attorneys who were previously at the Firm's predecessor as

restructuring counsel to the debtors, Sidley Austin LLP ("Sidley Austin"), and the Firm's rates complied with this arrangement during the Firm's first quarterly fee period.

7. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 13 professionals to perform its work during the first quarterly fee period, four of whom billed fewer than 15 hours during the first quarterly fee period (excluding one professional who billed fewer than 15 hours with the Firm, but over 15 hours when including time billed at Sidley Austin during the Firm's first quarterly fee period). Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons not to be objectionable.

8. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective budget and staffing plan for the Firm, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. The Firm was under its budget for the Firm's first quarterly fee period by approximately 40%. Moreover, when examining the combined fees of the Firm and its predecessor as restructuring counsel to the debtors, Sidley Austin, for the period August 1-October 31, 2020, the combined fees of both firms were slightly under the budget developed at the beginning of this three-month period (approximately 3%). Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals, including Sidley Austin.

9. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

10. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $11,713.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

11. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain entries it considered administrative in nature. After conferral with the Firm, the Firm has agreed to a reduction of $189.00 in compromise of Rucki Fee Review's request with respect to these entries.

12. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $2,567.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

13. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $1,295.00 on account of these entries in compromise of Rucki Fee Review's request.

14. Rucki Fee Review identified one entry where the various subentries did not total the time stated for the entry. This amounted to an inadvertent overbilling of $550.00, and the Firm agreed to a fee reduction in this amount.

15. The Firm did not request the reimbursement of any expenses during its first quarterly fee period. Accordingly, no discussion of expense reimbursement is necessary.

16. After accounting for the agreed fee reductions of $16,314.50 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the First Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

17. Rucki Fee Review recommends the approval of the First Quarterly Fee Application in the amount of $694,356.50 with respect to fees and the reimbursement of expenses in the amount of $0.00, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the First Quarterly Fee Application.

Dated: February 10, 2021  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC