IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 1741** |

# FEE EXAMINER'S FINAL REPORT REGARDING COMBINED THIRD QUARTERLY FEE APPLICATION OF THE LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS AND YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Combined Third Interim Fee Application Request of James L. Patton, Jr. as the Legal Representative for Future Claimants and Young Conaway Stargatt & Taylor, LLP as Counsel to the Legal Representative for Future Claimants for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2020 through October 31, 2020* [Docket No. 1741] (the "Third Quarterly Fee Application") filed by James L. Patton, Jr. as the Legal Representative for Future Claimants (the "FCR") and Young Conaway Stargatt & Taylor, LLP (the "Firm"). The parties have agreed to treat the fees and expenses of the FCR as outside of the scope of Rucki Fee Review's mandate as the Fee Examiner in these chapter 11 cases. Accordingly, this Final Report addresses only the fees and expenses of the Firm.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Third Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Third Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A*, the order appointing the FCR and the Firm's retention order.  With respect to the Firm, Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

**DISCUSSION**

3. For the compensation period of August 1, 2020 through October 31, 2020, as set forth in the Third Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $195,767.50 (which becomes $251,767.50 after including FCR fees of $56,000.00) as actual, reasonable and necessary fees and for expense reimbursement of $1,768.53 (which does not change after including FCR expenses, as none were sought).

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the third quarterly fee period Rucki Fee Review calculates that the Firm has charged approximately $14,462.00 for fees billed related to the Firm's fee applications and the fee applications of other FCR professionals or related fee issues on a cumulative basis. This amounts to approximately 2.3% of total fees, and includes $6,847.50 in such fees not previously considered by the bankruptcy court on an interim basis. Subject to the agreed reductions set forth herein for certain specific entries Rucki Fee Review considers administrative in nature, Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the third quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $683.78 (up slightly from $631.90 during the second quarterly fee period and roughly equivalent to the blended rate of $677.97 during the first quarterly fee period), which is equivalent to a counsel at the Firm's hourly rates. The Firm's limited role in this matter and the work required to date make a heavier utilization of senior personnel appropriate. Moreover, the billing rates of the Firm's counsel and certain partners are less than that of associates at many firms with comparable chapter 11 experience, allowing for a heavier utilization of counsel and partners.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized nine professionals or paraprofessionals to perform its work during the third quarterly fee period (a decrease from 19 during the second quarterly fee period and 12 during the first quarterly fee period), one of whom billed fewer than 15 hours during the third quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of this one person, who did additional work in prior fee periods, not to be objectionable.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (in this case, the FCR). Here, the Firm did prepare a prospective budget and staffing plan for the third quarterly fee period, which is a factor Rucki Fee Review considers in

evaluating the staffing and total fees on this matter. The Firm was under its budget by approximately 67%. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a small number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $1,000.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity,

such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or that should be performed by secretarial staff are not compensable in chapter 11. Rucki Fee Review identified certain fees for work it considered administrative in nature. After conferral with the Firm, the Firm has agreed to a reduction of $1,071.00 in compromise of Rucki Fee Review's request with respect to these fees.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $595.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to an underbilling, so no reduction is necessary on account of these entries.

13. With respect to the Firm's expense reimbursement requests, Rucki Fee Review identified certain black and white printing/duplication charges that were inadvertently billed at $0.20 per page, rather than the $0.10 per page permitted by the Local Rules. In the aggregate, this requires a reduction of $182.60 to comply with the Local Rules, and the Firm has agreed to this reduction. Other than with respect to this amount, Rucki Fee Review notes that the Firm's expense reimbursement requests comply with the limitations of the Local Rules and Rucki Fee Review considers them to be reasonable, necessary and appropriate for reimbursement.

14. After accounting for the agreed fee reductions of $2,666.00 and expense reductions of $182.60 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Third Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

15. Rucki Fee Review recommends the approval of the Third Quarterly Fee Application with respect to the Firm in the amount of $193,101.50 with respect to fees and the reimbursement of expenses in the amount of $1,585.93, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Third Quarterly Fee Application of the Firm, and which amounts exclude the fees of the FCR as outside the scope of Rucki Fee Review's mandate.

Dated: February 10, 2021  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**  
**FEE EXAMINER**

By: */s/ Justin H. Rucki*  
    Justin H. Rucki  
    President of Rucki Fee Review, LLC