**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 1798** |

**FEE EXAMINER'S FINAL REPORT REGARDING THIRD**
**QUARTERLY FEE APPLICATION OF BATES WHITE, LLC**

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Third Interim Fee Application Request of Bates White, LLC, as Abuse Claims Consultant and Advisor for the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2020 to and including October 31, 2020* [Docket No. 1798] (the "Third Quarterly Fee Application") filed by Bates White, LLC (the "Firm").

**BACKGROUND**

1.  In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Third Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Third Quarterly Fee Application, including each of the billing and expense entries listed

in the exhibits to such monthly fee applications, for compliance with section 330 of the

Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S.*

*Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2.  Rucki Fee Review did not prepare informal memos related to the fee applications of the

Firm, but instead included its issues and questions in its Initial Report provided to the Firm.

Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and

following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3.  For the compensation period of August 1, 2020 through October 31, 2020, as set forth in

the Third Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in

the amount of $378,951.00 as actual, reasonable and necessary fees and for expense

reimbursement of $0.00.

4.  Although it examines the matter on a case-by-case basis based on the facts and

circumstances of each case and each applicant's role within a case (such as a firm

responsible for coordinating filing and scheduling of and hearing on multiple professionals'

fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review

generally does not consider time spent on fee issues to be presumptively unreasonable

where less than 7% of total time has been charged for preparing fee applications and

addressing fee issues.  It applies these guidelines on a cumulative basis.  Through the

conclusion of the third quarterly fee period Rucki Fee Review calculates the Firm has

charged approximately $31,732.00 for fees billed related to the Firm's fee applications on a cumulative basis, net of $2,493.00 in fee reductions in this category previously requested by Rucki Fee Review in connection with prior quarterly fee periods and agreed to by the Firm in compromise of Rucki Fee Review's request.[2]  This amounts to approximately 4.7% of the Firm's total fees, and includes $9,295.00 not previously considered by the bankruptcy court on an interim basis.  Subject to the agreed reductions set forth herein, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

5.  Rucki Fee Review considers the staffing breakdown during the third quarterly fee period (percentage of hours billed by partners, managers and consultants, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $413.25, which is between a manager's rate and Consultant II's rate (the Firm's middle personnel tiers) at the Firm's current hourly rates.  This is reduced from $453.34 for the first quarterly fee period and $503.23 for the second quarterly fee period, as more junior personnel were utilized as the Firm's claim processing work increased.

6.  Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized ten professionals to perform its work during the third quarterly fee period (up from six during the first quarterly fee period and four during the second quarterly fee period).  Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but here none billed fewer than 15 hours.  Subject to the agreed reductions set forth herein,

---

[2] This number is lower than that reflected in the Firm's "Fee Request Preparation" billing category to date because that category also included most, but not all, of the Firm's work on its retention application in prior quarterly fee periods.

Rucki Fee Review also considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals on an overall basis.

7.  Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries.  Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

8.  Rucki Fee Review identified a small number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice.  After conferral with the Firm, the Firm has agreed to a reduction of $1,500.00 on account of these entries in compromise of Rucki Fee Review's request.  For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.).  Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event.

Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

9.  Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion.  Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred.  After discussion with the Firm, the Firm has agreed to a reduction of $1,282.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

10. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons.  After discussion with the Firm, the Firm has agreed to a reduction of $1,190.00 on account of these entries in compromise of Rucki Fee Review's request.

11. The Firm did not request the reimbursement of any expenses during the third quarterly fee period.  Accordingly, no discussion of expense reimbursement is necessary.

12. After accounting for the agreed fee reductions of $3,972.50 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Third Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

**CONCLUSION**

13. Rucki Fee Review recommends the approval of the Third Quarterly Fee Application in the amount of $374,978.50 with respect to fees and the reimbursement of expenses in the amount of $0.00, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Third Quarterly Fee Application.

Dated: February 10, 2021
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC