**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 1797** |

**FEE EXAMINER'S FINAL REPORT REGARDING THIRD QUARTERLY**
**FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC**

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Third Interim Fee Application of Alvarez & Marsal North America, LLC, as Financial Advisor for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2020 to and including October 31, 2020* [Docket No. 1797] (the "Third Quarterly Fee Application") filed by Alvarez & Marsal North America, LLC (the "Firm").

## BACKGROUND

1.  In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Third Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Third Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of August 1, 2020 through October 31, 2020, as set forth in the Third Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $1,176,100.00 as actual, reasonable and necessary fees and for expense reimbursement of $2,205.75.

4. As discussed further below, the Firm voluntarily reduced its requested fees by $2,475.00 during the third quarterly fee period, which consisted of a reduction from the Firm's September monthly fee application.  Significantly, the fee detail contained in the Firm's fee application still contained the support for these $2,475.00 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoice attached to the Firm's fee application).

5.  Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues.  It applies these guidelines on a cumulative basis.  Through the conclusion of the third quarterly fee period the Firm has charged approximately $28,770.00 for fees billed related to the Firm's fee applications on a cumulative basis.  This amounts to less than 1% of total fees and subject to the agreed reductions set forth herein Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate.

6.  Rucki Fee Review considers the staffing breakdown during the third quarterly fee period (percentage of hours billed by managing directors, senior directors, directors, managers, senior associates, associates, consultants, analysts and paraprofessionals, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $670.86 before the application of voluntary reductions (roughly the same as the $660.41 billed during the first quarterly fee period and $683.87 during the second quarterly fee period), which is equivalent to a director or senior director (the Firm's second and third highest personnel tiers) at the Firm's hourly rates, or in one instance among team members a managing director.

7.  Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 15 professionals to perform its work during the third quarterly fee period (decreased from 17 during the first quarterly fee period and increased from 14 during the second quarterly fee

period), six of whom billed fewer than 15 hours during the third quarterly fee period.  Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons be appropriate.  Subject to the agreed reductions set forth herein, Rucki Fee Review also considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries.  Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice.  After conferral with the Firm, the Firm has agreed to a reduction of $5,000.00 on account of these entries in compromise of Rucki Fee Review's request.  For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what

work was performed (*i.e.*, drafting, reviewing, conferencing, etc.).  Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion.  Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred.  After discussion with the Firm, the Firm has agreed to a reduction of $4,020.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

11. Rucki Fee Review has identified certain entries for which the narrative was not fully displayed in the data provided to Rucki Fee Review or in certain of the Firm's monthly fee applications, in each instance appearing to be "cut off" at the end due to size limitations or otherwise.  Rucki Fee Review requested and subsequently reviewed a copy of these full entries, and has asked the Firm to monitor this in the future.

12. Rucki Fee Review requested a reduction on account of the work overseeing the real estate appraisers and appraisals that were employed and conducted in these chapter 11 cases.

After discussion with the Firm, Rucki Fee Review and the Firm have agreed on a reduction of $9,500.00 on account of these fees in compromise of Rucki Fee Review's request.

13. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $3,228.75 on account of these entries in compromise of Rucki Fee Review's request.

14. With respect to the Firm's expense reimbursement requests, Rucki Fee Review notes that it generally considers the cost of meals in excess of the following guidelines, per person, to be unreasonable: $25/breakfast, $35/lunch and $55/dinner, for Wilmington and all other U.S. locations, except for New York City and London, $35/breakfast, $55/lunch and $70/dinner; for Washington DC, Chicago, Los Angeles and San Francisco, $30/breakfast, $45/lunch and $65/dinner. With respect to hotel charges, Rucki Fee Review generally considers room charges (inclusive of taxes) in excess of the following rates to be excessive absent satisfactory explanation from an applicant of the justification for exceeding such charges: $375/Wilmington and Los Angeles; $525/New York City; $450/Boston; $400/Washington, DC, and London; $325/Philadelphia, Pittsburgh, Chicago, and San Francisco; $275/Baltimore, Miami, and Denver; $225 for all other U.S. locations.

15. Here, all of the Firm's meal and hotel charges comply with the foregoing limits, and Rucki Fee Review considers these charges and the remainder of the Firm's expense reimbursement request to be compliant with the Local Rules and reasonable, necessary and appropriate in the full amount of $2,205.75 sought in the Third Quarterly Fee Application.

16. As noted above, Rucki Fee Review recognizes the Firm voluntarily reduced its requested fees by $2,475.00 during the third quarterly fee period, which consisted of a reduction from the Firm's September monthly fee application.  Significantly, the fee detail contained in the Firm's fee application still contained the support for these $2,475.00 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoice attached to the Firm's fee application).  Because Rucki Fee Review and all other parties in interest were able to review the original fee detail supporting these voluntary reductions and the proposed reductions set forth herein are based on the fee entries prior to these reductions, Rucki Fee Review will credit these voluntary reductions against the agreed fee reductions set forth herein.

17. After accounting for the agreed fee reductions of $21,748.75 ($19,273.75 net of the prior $2,475.00 in voluntary reductions) discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Third Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

18. Rucki Fee Review recommends the approval of the Third Quarterly Fee Application in the amount of $1,156,826.25 with respect to fees and the reimbursement of expenses in the amount of $2,205.75, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Third Quarterly Fee Application.

Dated: February 10, 2021
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: *_/s/ Justin H. Rucki_____*
    Justin H. Rucki
    President of Rucki Fee Review, LLC