# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 1782** |

## FEE EXAMINER'S FINAL REPORT REGARDING THIRD QUARTERLY FEE APPLICATION OF KCIC, LLC

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Third Interim Fee Application Request of KCIC, as Insurance and Valuation Consultant for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2020 to and including October 31, 2020* [Docket No. 1782] (the "Third Quarterly Fee Application") filed by KCIC, LLC (the "Firm").

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Third Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Third Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of August 1, 2020 through October 31, 2020, as set forth in the Third Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $402,772.00 as actual, reasonable and necessary fees and for expense reimbursement of $1,386.30.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the third quarterly fee period the Firm has charged approximately $2,267.00

for fees billed related to the Firm's fee applications on a cumulative basis. This amounts to less than 1% of the Firm's total fees, and includes $1,603.00 not previously considered by the bankruptcy court on an interim basis. Subject to the agreed reductions set forth herein for certain of this work it considers administrative in nature, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the third quarterly fee period (percentage of hours billed by presidents, vice presidents, senior managers, managers, senior consultants and consultants, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $319.63, which is between a consultant and senior consultant's rate (the Firm's two lowest personnel tiers) at the Firm's current hourly rates.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized thirteen professionals to perform its work during the third quarterly fee period (after billing only 26.7 hours and 20.4 hours, respectively, during the first quarterly fee period and the second quarterly fee period), four of whom billed fewer than 15 hours during the third quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after discussion with the Firm considers the utilization of each of these persons to be appropriate. Subject to the agreed reductions set forth herein, Rucki Fee Review also considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals on an overall basis. The Firm was engaged in significant insurance archeology efforts during the third quarterly fee period, resulting in the increase in the Firm's work relative to the first two quarterly fee periods. Because this began in the third quarterly fee period and was a significant undertaking, Rucki Fee Review considers the

time spent by the Firm on internal conferences and communications to be acceptable, but expects this number will decrease in future periods.

7. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

8. Rucki Fee Review identified a *de minimis* amount of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, no reduction is recommended on account of these entries. For future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed *(i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a

given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

9. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $1,010.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers non-compensable administrative activity, and after conferral with the Firm regarding the same, the Firm has agreed to a fee reduction of $299.00 in compromise of Rucki Fee Review's request with respect to these entries.

11. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to a slight underbilling, so no reduction is required on account of these entries.

12. With respect to the Firm's expense reimbursement request, Rucki Fee Review notes that it generally considers the cost of meals in excess of the following guidelines, per person, to

be unreasonable: $25/breakfast, $35/lunch and $55/dinner, for Wilmington and all other U.S. locations, except for New York City and London, $35/breakfast, $55/lunch and $70/dinner; for Washington DC, Chicago, Los Angeles and San Francisco, $30/breakfast, $45/lunch and $65/dinner.  With respect to hotel charges, Rucki Fee Review generally considers room charges (inclusive of taxes) in excess of the following rates to be excessive absent satisfactory explanation from an applicant of the justification for exceeding such charges: $375/Wilmington and Los Angeles; $525/New York City; $450/Boston; $400/Washington, DC, and London; $325/Philadelphia, Pittsburgh, Chicago, and San Francisco; $275/Baltimore, Miami, and Denver; $225 for all other U.S. locations.

13. Here, the hotel charge sought for reimbursement complies with these foregoing limits and there are no meal charges for which reimbursement is sought.  With respect to the remainder of the Firm's expense reimbursement request, the Firm confirmed to Rucki Fee Review that the airline ticket charge contained therein is for a coach fare, and Rucki Fee Review considers the Firm's expense reimbursement request to be compliant with the Local Rules and to be reasonable, necessary and appropriate in the amount of $1,386.30 as sought in the Third Quarterly Fee Application.

14. After accounting for the agreed fee reductions of $1,309.00 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Third Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

15. Rucki Fee Review recommends the approval of the Third Quarterly Fee Application in the amount of $401,463.00 with respect to fees and the reimbursement of expenses in the

amount of $1,386.30, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Third Quarterly Fee Application.

| | |
|---|---|
| Dated: February 10, 2021<br>Wilmington, Delaware | Respectfully submitted,<br><br>**RUCKI FEE REVIEW, LLC**<br>**FEE EXAMINER**<br><br>By: */s/ Justin H. Rucki*<br>　　Justin H. Rucki<br>　　President of Rucki Fee Review, LLC |