IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 1920** |

**FEE EXAMINER'S FINAL REPORT
REGARDING THIRD QUARTERLY FEE
APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP**

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Third Quarterly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel to the Tort Claimants' Committee for the Period from August 1, 2020 through October 31, 2020* [Docket No. 1920] (the "Third Quarterly Fee Application") filed by Pachulski Stang Ziehl & Jones, LLP (the "Firm").

**BACKGROUND**

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Third Quarterly Fee Application consistent with its appointment order,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Third Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

**DISCUSSION**

3. For the compensation period of August 1, 2020 through October 31, 2020, as set forth in the Third Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $1,913,906.50 as actual, reasonable and necessary fees and for expense reimbursement of $67,082.34.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals'

fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the third quarterly fee period the Firm has charged approximately $130,064.50 for fees billed related to the Firm's fee applications and the fee applications of its fellow professionals on a cumulative basis. This amounts to approximately 2.5% of total fees, and includes approximately $60,467.50 not previously considered by the bankruptcy court on an interim basis. Though the Firm utilized senior personnel to prepare the fee applications of the Firm, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate, subject to the agreed reductions set forth herein.

5. Rucki Fee Review considers the staffing breakdown during the third quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be acceptable, as reflected in the Firm's blended hourly rate of $918.51 (down from $973.30 during the first quarterly fee period and 969.91 for the second quarterly fee period). Although this is equivalent to a counsel or lower-billing partner at the Firm's standard hourly rates, the billing rates of the Firm's counsel and many partners are less than that of senior associates at many firms with comparable chapter 11 experience, allowing for a heavier utilization of counsel and partners by the Firm. Although Rucki Fee Review considers the Firm's staffing to be appropriate separate and apart from its fee sharing, Rucki Fee Review notes that the Firm's staffing rates are made further appropriate by the fact that the Firm has agreed to donate 10% of the Firm's fees to any fund established

for the benefit of survivors in these chapter 11 cases, which as to some estate constituents (but not all) is akin to a 10% reduction off the Firm's hourly rates.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 40 professionals or paraprofessionals to perform its work during the third quarterly fee period (up from 28 during the first quarterly fee period and 38 during the second quarterly fee period), 21 of whom billed fewer than 15 hours during the third quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review and subject to the agreed reductions set forth herein does not object to the utilization of these persons other than to request the waiver of 0.1 hours and $82.50 billed by one professional, which fees the Firm agreed to waive in compromise of Rucki Fee Review's request.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective budget and staffing plan for third quarterly fee period, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. The Firm was under its budget for the third quarterly fee period by approximately 8%. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals who have filed fee applications for the third quarterly fee period.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $2,000.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or that are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain entries it considers non-compensable administrative activity. After conferral with the Firm, the Firm has agreed to a reduction of $5,252.00 in compromise of Rucki Fee Review's request with respect to these fees.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $8,547.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to an inadvertent overbilling of $459.50, and the Firm has agreed to a fee reduction in this amount.

13. Rucki Fee Review identified one entry that was inadvertently billed to these chapter 11 cases in error in the amount of $1,195.00, and the Firm has agreed to a fee reduction in this amount.

14. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $3,730.25 on account of these entries in compromise of Rucki Fee Review's request.

15. With respect to the Firm's expense reimbursement requests, Rucki Fee Review Rucki Fee Review notes that it generally considers the cost of meals in excess of the following guidelines, per person, to be unreasonable: $25/breakfast, $35/lunch and $55/dinner, for Wilmington and all other U.S. locations, except for New York City and London, $35/breakfast, $55/lunch and $70/dinner; for Washington DC, Chicago, Los Angeles and San Francisco, $30/breakfast, $45/lunch and $65/dinner. With respect to hotel charges, Rucki Fee Review generally considers room charges (inclusive of taxes) in excess of the following rates to be excessive absent satisfactory explanation from an applicant of the justification for exceeding such charges: $375/Wilmington and Los Angeles; $525/New York City; $450/Boston; $400/ Washington, DC, and London; $325/Philadelphia, Pittsburgh, Chicago, and San Francisco; $275/Baltimore, Miami, and Denver; $225 for all other U.S. locations.

16. Rucki Fee Review identified two working meals that comply with the foregoing limitations, and Rucki Fee Review considers the balance of the Firm's expense reimbursement requests, including those of service provider MIPRO, to comply with the limitations of the Local Rules and be reasonable, necessary and appropriate.

17. After accounting for the agreed fee reductions of $19,307.25 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Third Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

18. Rucki Fee Review recommends the approval of the Third Quarterly Fee Application in the amount of $1,894,599.25 with respect to fees and the reimbursement of expenses in the amount of $67,082.34, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Third Quarterly Fee Application.

Dated: February 10, 2021　　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
　　Justin H. Rucki
　　President of Rucki Fee Review, LLC