# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 1910** |

## FEE EXAMINER'S FINAL REPORT REGARDING SECOND QUARTERLY FEE APPLICATION OF BERKELEY RESEARCH GROUP, LLC

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Second Quarterly Application for Compensation and Reimbursement of Expenses of Berkeley Research Group, LLC, as Financial Advisors to the Tort Claimants' Committee for the Period from May 1, 2020 Through July 31, 2020* (the "Second Quarterly Fee Application") [Docket No. 1910] filed by Berkeley Research Group, LLC (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Second Quarterly Fee Application consistent with its appointment order,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Rucki Fee Review reviewed the monthly fee applications filed for the period set forth in the Second Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of May 1, 2020 through July 31, 2020, as set forth in the Second Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $1,058,445.50 as actual, reasonable and necessary fees and for expense reimbursement of $98.86.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the

conclusion of the second quarterly fee period, the Firm has billed 41.4 hours and $26,001.00 for fees related to the Firm's fee applications on a cumulative basis, all of which was billed during the second quarterly fee period. This amounts to approximately 1.5% of total fees on a cumulative basis. Subject to the agreed reductions set forth herein for certain of this work that it considers administrative in nature, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the second quarterly fee period (percentage of hours billed by managing directors, directors, associate directors, senior associates, associates, and case assistants, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $517.63 (decreased from $598.89 during the first quarterly fee period), which is between a senior managing consultant and an associate director (the Firm's third-highest and fourth-highest personnel tiers) at the Firm's hourly rates.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 13 professionals to perform its work during the second quarterly fee period (down from 14 during the first quarterly fee period), four of whom billed fewer than 15 hours during the second quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons be appropriate. More broadly, subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

7. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

8. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $10,000.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

9. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers non-compensable administrative activity in whole or in part., and after conferral with the Firm regarding the same, the Firm has agreed to a fee reduction of $1,918.00 in compromise of Rucki Fee Review's request with respect to these entries.

10. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred. After discussion with the Firm, the Firm has agreed to a reduction of $3,880.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

11. With respect to the Firm's expense reimbursement request, Rucki Fee Review considers these expenses to be compliant with the Local Rules and reasonable, necessary and appropriate, and recommends they be reimbursed in the full amount of $98.86 sought in the Second Quarterly Fee Application.

12. After accounting for the agreed fee reductions of $15,798.00 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Second Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

13. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application in the amount of $1,042,647.50 with respect to fees and the reimbursement of expenses in the amount of $98.86, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Second Quarterly Fee Application.

Dated: February 10, 2021　　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
　　Justin H. Rucki
　　President of Rucki Fee Review, LLC