# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 1742** |

## FEE EXAMINER'S FINAL REPORT REGARDING SECOND QUARTERLY FEE APPLICATION OF ANKURA CONSULTING GROUP, LLC

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Second Interim Fee Application Request of Ankura Consulting Group, LLC as Consultants to the Legal Representative for Future Claimants for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2020 Through October 31, 2020* (the "Second Quarterly Fee Application") [Docket No. 1742] filed by Ankura Consulting Group, LLC (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Second Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the period set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Second Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of August 1, 2020 through October 31, 2020, as set forth in the Second Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $98,005.00 as actual, reasonable and necessary fees and for expense reimbursement of $14.95.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the second quarterly fee period the Firm has not charged any time on account

of the Firm's fee applications and related fee issues, which were prepared by counsel to the FCR.

5. Rucki Fee Review considers the staffing breakdown during the second quarterly fee period (percentage of hours billed by senior managing directors, managing directors, senior directors, directors, senior associates and associates, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $427.78, which is slightly above a senior director at the Firm's hourly rates.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized twelve professionals to perform its work during the second quarterly fee period (after performing nominal work during the Firm's first quarterly fee period), five of whom billed fewer than 15 hours during the Firm's second quarterly fee period.  Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but subject to the agreed reductions set forth herein does not object to the utilization of these persons and, more broadly, considers the Firm's work to be well-coordinated with its fellow professionals.

7. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries.  Notwithstanding the Local Rule, and consistent with

the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

8. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to conferences and e-mail discussions, which with respect to the latter is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $3,000.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

9. With respect to the Firm's expense reimbursement request, Rucki Fee Review received additional information regarding the Firm's $14.95 research charge that is the only expense reimbursement sought by the Firm in the Second Quarterly Fee Application, and considers this charge to be compliant with the Local Rules and reasonable, necessary and appropriate for reimbursement.

10. After accounting for the agreed fee reductions of $3,000.00 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Second Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

11. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application in the amount of $95,005.00 with respect to fees and the reimbursement of expenses in the amount of $14.95, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Second Quarterly Fee Application.

Dated: February 11, 2021  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**  
**FEE EXAMINER**

By: */s/ Justin H. Rucki*  
    Justin H. Rucki  
    President of Rucki Fee Review, LLC