IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 2028** |

**REPLY IN SUPPORT OF HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY AND TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO COMPEL ABUSED IN SCOUTING AND KOSNOFF LAW PLLC TO SUBMIT RULE 2019 DISCLOSURES**

Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "**Hartford**") respectfully submit this short reply memorandum in response to Harford's motion (the "**Motion**") for entry of an order compelling Abused in Scouting ("**AIS**") and Kosnoff Law PLLC ("**Kosnoff Law**") to make the disclosures that Federal Rule of Bankruptcy Procedure 2019 requires. [D.I. 2028] In further support of the Motion, Hartford states as follows:

1.  Two separate law firms asserted objections to the Motion raising essentially the same arguments: (1) that Abused in Scouting is not an "entity" and is therefore not subject to the disclosure requirements of Rule 2019, and (2) AIS and Kosnoff Law are not subject to Rule 2019 because they are not actively appearing and filing pleadings in these chapter 11 cases.[2] The

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] The objecting firms are Kosnoff Law and Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.  *See Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.'s Omnibus Response to (I) Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company's Motion to Compel Abused in Scouting and Kosnoff Law PLLC to Submit Rule 2019 Disclosures and (II) Century's Motion to Compel Abused in Scouting, Kosnoff Law PLLC, and the Coalition to Submit the Disclosures Required by Federal Rule of Bankruptcy*

1

objectors are wrong on both counts.

2.  <u>First</u>, even if AIS is an informal association of lawyers, and not a "formal" entity, Rule 2019 disclosures are still required here.  Application of Rule 2019 is not limited to "formal" groups or committees.  Rather, by its terms it applies to "every group or committee that consists of or represents . . . multiple creditors or equity security holders that are (A) acting in concert to advance their common interests. . . ."  Fed. R. Bankr. P. 2019.

3.  All of those requirements are met here.  Indeed, the objectors concede that this is precisely what AIS is -- a group that was expressly formed for the purpose of assisting multiple abuse victims and promoting their interests in these chapter 11 cases.  *See* Kosnoff Objection ¶ 4 ("[AIS] is simply a collection of lawyers who work cooperatively to make these proceedings known to abuse victims, to reassure those victims that they are not alone and that help is available to them and to present and pursue their claims effectively and aggressively."); Eisenberg Objection ¶ 4 (AIS is "a collaboration of law firms that have joined together to provide a voice to the victims of childhood sexual abuse."); *id.* ¶ 5 (setting forth that AIS was formed when reports circulated about BSA bankruptcy because, "[t]hese survivors would need help through the unfamiliar territory of Bankruptcy.").[3]  There is no difference, for purposes of Rule 2019, between any other informal or *ad hoc* group and AIS to determine what Rule 2019 requires here.

4.  <u>Second</u>, AIS and Kosnoff Law are more than sufficiently involved in these cases to require Rule 2019 disclosures.  It is not relevant, as Kosnoff Law asserts, that AIS and Kosnoff Law represent only a minority of claims.  In both *Pittsburgh Corning* and *Kaiser Aluminum* --

---

*Procedure 2019* (Feb. 10, 2021) [D.I. 2143] ("**Eisenberg Objection**"); *Kosnoff Law's Omnibus Objection to Hartford's and Century's Motion to Compel* (Feb. 10, 2021) [D.I. 2142] ("**Kosnoff Objection**").  The Motion does not seek any relief from the Eisenberg firm.

[3]     The Eisenberg Objection briefly asserts that AIS is "neither an informal group nor a committee."  *See* Eisenberg Objection ¶ 23.  Yet in the very next sentence, Eisenberg states that AIS is a "collaboration of law firms that joined together" for a common purpose, namely, promoting the interests of childhood sexual abuse.  *Id.*  That is the definition of a "group."

the two cases that the objectors cite -- the bankruptcy courts *required* underlying plaintiffs' firms to file disclosures irrespective of whether those firms represented a majority of claims. *See In re Pittsburg Corning Corp.*, 260 Fed. Apx. 463 (3d Cir. Jan. 10, 2008) (noting that bankruptcy court "fashioned an order that allowed law firms to file 'exemplars' of their empowering documents" under Rule 2019); *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 557 (D. Del. 2005) (bankruptcy court required multiple plaintiffs' law firms to disclose Rule 2019 information).[4] Here, Mr. Kosnoff has represented that AIS and Kosnoff Law are pursuing the interests of potentially 17,000 holders of Abuse Claims. AIS and Kosnoff Law are no differently situated than the firms that were required to make disclosures in those cases.

5. Nor does it matter whether AIS and Kosnoff Law have filed pleadings in these chapter 11 cases. Nowhere does the language of Rule 2019 (or the case law interpreting it) impose such a requirement. On the contrary, it is sufficient that both organizations are participating actively and attempting to wield influence in this case. Mr. Kosnoff actively engaged in a campaign to recruit as many claims as possible in an attempt to control the vote in this case. Despite purportedly "resigning" from the Coalition, Mr. Kosnoff continues to receive information regarding the mediation. *See, e.g.,* Motion ¶ 12. Mr. Kosnoff is also using that information to advocate for his clients' purported interests. Mr. Kosnoff's law firm and AIS, therefore, are no different from the individual firms that were required to file disclosures in mass tort bankruptcies such as *Kaiser Aluminum*, *Baron & Budd*, and the *Archdiocese of St. Paul and Minneapolis*. AIS and Kosnoff Law are not required to make Rule 2019 disclosures because of Mr. Kosnoff tweets. AIS and Kosnoff Law are required to make Rule 2019 disclosures because

---

[4] In both cases the issue on appeal was not whether Rule 2019 disclosures were required, but whether exemplar retention agreements could be provided, as well as whether disclosures could be maintained under seal, rather than the docket. This Court has already resolved those issues in the context of the Coalition's disclosures; they are not relevant here.

those tweets confirm that those organizations are pursuing multiple clients' interests in this case.

## CONCLUSION

Hartford respectfully requests that the Court grant Hartford's Motion and order that (i) Abused in Scouting and (ii) Kosnoff Law PLLC file with this Court the disclosures required by Rule 2019.

Date:  February 11, 2021
  Wilmington, Delaware

BAYARD, P.A.

 /s/ Gregory J. Flasser
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
Email:  efay@bayardlaw.com
      gflasser@bayardlaw.com

- and -

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Michele Backus Konigsberg (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel:  (202) 469-7750
Fax:  (202) 469-7751

- and -

Philip D. Anker (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel:  (212) 230-8890
Fax:  (212) 230-8888

Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*