**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 20-10343 (LSS) |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Jointly Administered |
| | **Hearing Date: Feb. 17, 2021 at 10:00 a.m. (ET)** |
| Debtors. | |

**DECLARATION OF ANDREW KIRSCHENBAUM IN SUPPORT**
**OF INSURERS' REPLY BRIEF IN SUPPORT OF**
**MOTION FOR AN ORDER AUTHORIZING RULE 2004**
**DISCOVERY OF CERTAIN PROOFS OF CLAIM**
**[D.I. 1974, REVISED PUBLIC VERSION D.I. 2022]**

I, Andrew Kirschenbaum, pursuant to 28 U.S.C. § 1746(2), under penalty of perjury, hereby declare as follows:

1.      I am an associate at the firm O'Melveny & Myers LLP, Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company, and Westchester Surplus Lines Insurance Company.  I submit this declaration based on my personal knowledge of the proceedings in *In re Boy Scouts of America and Delaware BSA, LCC*, and review of the documents and media described below.

2.      Attached as **Exhibit 1** is a true and correct copy of the Coalition of Abused Scouts for Justice's Responses and Objections to Century's First Set of Requests for Admission, served on February 9, 2021.

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America  ("BSA") (6300) and Delaware Boy Scouts, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

Dated:  February 11, 2021                 Respectfully Submitted,


                                          By:  */s/ Andrew Kirschenbaum*

                                              ANDREW KIRSCHENBAUM

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Re Docket No. 1972 |

**COALITION OF ABUSED SCOUTS
FOR JUSTICE'S RESPONSES AND OBJECTIONS TO
CENTURY'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014 of the Bankruptcy Rules, the Coalition of Abused Scouts for Justice (the "Coalition"), by and through its undersigned counsel, hereby responds and objects to Century's First Set of Requests for Admission to the Coalition of Abused Scouts for Justice dated February 1, 2021 (the "Requests for Admission" and each a "Request for Admission"), and served in connection with *Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Docket No. 1972] and *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claims* [Docket No. 1975] (the "Motions") as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## GENERAL OBJECTIONS

The Coalition incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each Request for Admission (the "General Objections").  Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to a Request for Admission does not waive any of the General Objections set forth below.

1.      The Coalition objects to the Requests for Admission as improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  The Requests for Admission, insofar as they seek the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.

2.      Even if the Requests for Admission were properly propounded and served, the Coalition objects to the Requests for Admission as premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as they are directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel." The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State Court Counsel individually.

2

3.      The Coalition objects to the Requests for Admission to the extent that they seek to impose obligations on the Coalition that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

4.      The Coalition makes its response to these Requests for Admission based on its present knowledge and without prejudice to its rights to amend or supplement its responses as necessary at a later date.

## OBJECTIONS TO DEFINITIONS

1.      The Coalition objects to the definitions of "Coalition Counsel," "You," and "Your" on the grounds that they are overbroad and unduly burdensome.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.      The Coalition objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on the Coalition that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.      The Coalition objects to the time period covered by the Requests for Admission in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly burdensome and seeks information not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

Admit that in some instances, Coalition Counsel did not individually sign each of the Claim Forms that bears that Coalition Counsel's signature.

### Response to Request No. 1

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel."  The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State Court Counsel individually.  Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not individually sign any claim forms.  For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel and then properly

4

serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

## Request No. 2

Admit that in some instances, a Coalition Counsel's signature was photocopied and affixed to Claim Forms.

### Response to Request No. 2

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel."  The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State Court Counsel individually.  Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel's signature was photocopied and affixed to Claim Forms.  For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel and

5

then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 3**

Admit that in some instances, a Coalition Counsel's signature was digitally reproduced and affixed to Claim Forms.

### Response to Request No. 3

This Request for Admission is improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel." The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent. It does not represent any State Court Counsel individually. Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel's signature was digitally reproduced and affixed to Claim Forms. For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel

and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 4**

Admit that some Coalition Counsel did not individually review each of the Claim Forms that bears that Coalition Counsel's signature.

### Response to Request No. 4

This Request for Admission is improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel." The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent. It does not represent any State Court Counsel individually. Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not individually review each of the Claim Forms that bears that State Court Counsel's signature. For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests

for admission on each State Court Counsel and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 5**

Admit that some Coalition Counsel did not individually investigate the factual contentions in each of the Claim Forms that bears that Coalition Counsel's signature.

### Response to Request No. 5

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel."  The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State Court Counsel individually.  Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not individually investigate the factual contentions in each of the Claim Forms that bears that Coalition Counsel's signature.  For Century to substantiate this fact through a request for admission, it would have to have authority

8

to propound and serve requests for admission on each State Court Counsel and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 6**

Admit that some Coalition Counsel submitted or caused to be submitted to Omni Claim Forms without having the claimant read the completed Claim Form and confirm that the content of the Claim Form was accurate and correct.

**Response to Request No. 6**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel."  The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State Court Counsel individually.  Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not submit or caused to be submitted to Omni

Claim Forms without having the claimant read the completed Claim Form and confirm that the content of the Claim Form was accurate and correct.  For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 7**

Admit that in some instances, Coalition Counsel used third-party organizations (*i.e.*, any organization other than the Coalition Counsel's law firm) to interact with claimants represented by Coalition Counsel in the Chapter 11 Cases.

**Response to Request No. 7**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel."  The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State

Court Counsel individually.  Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not use third-party organizations (*i.e.*, any organization other than the State Court Counsel's law firm) to interact with claimants represented by State Court Counsel in the Chapter 11 Cases.  For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 8**

Admit that in some instances, Coalition Counsel used third-party organizations (*i.e.*, any organization other than the Coalition Counsel's law firm) to submit to Omni Claim Forms bearing Coalition Counsel's signature.

**Response to Request No. 8**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to "Coalition Counsel," as such term is defined in the Requests for Admission to mean

"State Court Counsel."  The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State Court Counsel individually.  Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not use third-party organizations (*i.e.*, any organization other than the State Court Counsel's law firm) to submit to Omni Claim Forms bearing Coalition Counsel's signature.  For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 9**

Admit that some Coalition Counsel obtained financing that was secured, in whole or in part, by prospective recoveries from the Chapter 11 Cases.

**Response to Request No. 9**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly propounded and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed to

"Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel." The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent. It does not represent any State Court Counsel individually. Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not obtain financing that was secured, in whole or in part, by prospective recoveries from the Chapter 11 Cases. For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

**Request No. 10**

Admit that at least some Coalition Counsel sold, purchased, or traded a financial interest in Claim Forms in the Chapter 11 Cases.

**Response to Request No. 10**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to propound and serve discovery under Bankruptcy Rule 2004 does not have the right to propound and serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. The Coalition has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly propound and served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the Coalition as opposed

13

to "Coalition Counsel," as such term is defined in the Requests for Admission to mean "State Court Counsel."  The Coalition only represents the collective interests of individual Sexual Abuse Survivors that have signed an Affirmative Consent.  It does not represent any State Court Counsel individually.  Any response by the Coalition to this Request for Admission would not establish that any State Court Counsel did or did not sell, purchase, or trade a financial interest in Claim Forms in the Chapter 11 Cases.  For Century to substantiate this fact through a request for admission, it would have to have authority to propound and serve requests for admission on each State Court Counsel and then properly serve each State Court Counsel with an appropriate request for admission regarding this factual issue.

Dated: February 9, 2021
Wilmington, Delaware

MONZACK MERSKY
BROWDER AND HOCHMAN, P.A.

*/s/ Rachel B. Mersky*
(DE No. 2049)
1201 North Orange Street
Suite 400
Wilmington, Delaware 19801
Telephone:    (302) 656-8162
Facsimile:    (302) 656-2769
E-mail:    RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP
David J. Molton, Esq.
Eric R. Goodman, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone:    (212) 209-4800
E-mail:    DMolton@BrownRudnick.com
E-mail:    EGoodman@BrownRudnick.com

-and-

Sunni P. Beville, Esq. (admitted *pro hac vice*)
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone:    (617) 856-8200
E-mail:    SBeville@BrownRudnick.com
E-mail:    TAxelrod@BrownRudnick.com

*Co-Counsel to the Coalition of Abused Scouts for
Justice*