**Exhibit 7**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Re Docket No. 1972 |

**KOSNOFF LAWW'S RESPONSES AND OBJECTIONS
TO CENTURY'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014 of the Bankruptcy Rules, Kosnoff Law ("Kosnoff Law"), by and through its undersigned counsel, hereby responds and objects to Century's First Set of Requests for Admission directed to AVA Law Group, Kosnoff Law, and Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., individually and as doing business as Abused in Scouting dated February 1, 2021 (the "Requests for Admission" and each a "Request for Admission"), and served in connection with *Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Docket No. 1972] and *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claims* [Docket No. 1975] (the "Motions") as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**GENERAL OBJECTIONS**

Kosnoff Law incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each Request for Admission (the "General Objections").  Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to a Request for Admission does not waive any of the General Objections set forth below.

1.      Kosnoff Law objects to the Requests for Admission as they demand responses within eight days of their service.  That time period violates the Civil Rules and the Bankruptcy Rules, as the parties have not stipulated to a truncated response period nor has the Court ordered a truncated response period.  Indeed, Century has not even requested such a stipulation or sought such an order from the Court.  Kosnoff Law provides these Responses without waiving its right to seek relief from Century's violation of the Civil Rules and the Bankruptcy Rules.

2.      Kosnoff Law objects to the Requests for Admission to the extent that they can be read as requiring Kosnoff Law to produce information or facts that are not in Kosnoff Law's possession, as the same information can be sought or obtained directly by the Century from third parties as easily as Kosnoff Law could obtain the same. Likewise, Kosnoff Law objects to the Requests for Admission to the extent that any can be read as requiring Kosnoff Law to produce information or facts obtained or readily obtainable from material in the possession of Century or the Insurers.

3.      Kosnoff Law objects to the Requests for Admission to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, the consulting expert privilege, the joint defense or common interest privilege, information protected by any

2

confidentiality agreement and/or any other applicable discovery privilege, immunity or exemption. Kosnoff Law hereby claims such privileges and does not waive any objection to the admission of privileged documents resulting from incidental or accidental production.

4.     Kosnoff Law objects to the Requests for Admission as improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  The Requests for Admission, insofar as they seek the very discovery sought by Century's Motions, are improper under the Bankruptcy Rules and no responses are required.  By serving these Responses, Kosnoff Law does not waive, and explicitly asserts, its right to seek sanctions, attorney's fees and other relief as a result of Century's violation of the Bankruptcy Rules.

5.     Even if the Requests for Admission were properly propounded and served, Kosnoff Law objects to the Requests for Admission as premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as they are directed at Kosnoff Law "individually and as doing business as Abused in Scouting ("AIS")," as such term is defined in the Requests for Admission.  AIS is not a legal entity or a participant in these proceedings.  To the best of Kosnoff Law's knowledge, no entity does business as Abused in Scouting. AIS is a collection of lawyers who work cooperatively to make these proceedings known to abuse victims, to reassure those victims that they are not alone and that help is available to them and to present and pursue their claims effectively and aggressively.

3

6.     Kosnoff Law objects to the Requests for Admission to the extent that they seek information which contains personal, confidential medical information.

7.     Kosnoff Law objects to the Requests for Admission to the extent that they seek to impose obligations on Kosnoff Law that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

8.     Kosnoff Law makes its response to these Requests for Admission based on its present knowledge and without prejudice to its rights to amend or supplement its responses as necessary at a later date.

## OBJECTIONS TO DEFINITIONS

1.     Kosnoff Law objects to the definitions of "AIS Counsel," "You," and "Your" on the grounds that they are overbroad and unduly burdensome. AIS is not a legal entity or a participant in these proceedings.  To the best of Kosnoff Law's knowledge, no entity does business as Abused in Scouting. AIS is a collection of lawyers who work cooperatively to make these proceedings known to abuse victims, to reassure those victims that they are not alone and that help is available to them and to present and pursue their claims effectively and aggressively.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.     Kosnoff Law objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Kosnoff Law that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.      Kosnoff Law objects to the time period covered by the Requests for Admission in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly burdensome and seeks information not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

Admit that in some instances, AIS Counsel did not individually sign each of the Claim Forms that bears AIS Counsel's signature.

### Response to Request No. 1

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1).  Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate

request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

**Request No. 2**

Admit that in some instances, AIS Counsel's signature was photocopied and affixed to Claim Forms.

**Response to Request No. 2**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.   This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1).  Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate

request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

### Request No. 3

Admit that in some instances, AIS Counsel's signature was digitally reproduced and affixed to Claim Forms.

### Response to Request No. 3

This Request for Admission is improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1). Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

### Request No. 4

Admit that some AIS Counsel did not individually review each of the Claim Forms that bears that AIS Counsel's signature.

### Response to Request No. 4

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1).  Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

### Request No. 5

Admit that some AIS Counsel did not individually investigate the factual contentions in each of the Claim Forms that bears that AIS Counsel's signature.

8

**Response to Request No. 5**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1).  Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

**Request No. 6**

Admit that some AIS Counsel submitted or caused to be submitted to Omni Claim Forms without having the claimant read the completed Claim Form and confirm that the content of the Claim Form was accurate and correct.

**Response to Request No. 6**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does

not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1). Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

### Request No. 7

Admit that in some instances, AIS Counsel used third-party organizations (*i.e.*, any organization other than AIS Counsel's law firm) to interact with claimants represented by AIS Counsel in the Chapter 11 Cases.

### Response to Request No. 7

This Request for Admission is improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for

Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1).  Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

### Request No. 8

Admit that in some instances, AIS Counsel used third-party organizations (*i.e.*, any organization other than AIS Counsel's law firm) to submit to Omni Claim Forms bearing AIS Counsel's signature.

### Response to Request No. 8

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1).  Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

### Request No. 9

Admit that some AIS Counsel obtained financing that was secured, in whole or in part, by prospective recoveries from the Chapter 11 Cases.

### Response to Request No. 9

This Request for Admission is improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.  This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required.  Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1).  Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission

on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

**Request No. 10**

Admit that at least some AIS Counsel sold, purchased, or traded a financial interest in Claim Forms in the Chapter 11 Cases.

**Response to Request No. 10**

This Request for Admission is improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. This Request for Admission, insofar as it seeks the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. Further, even if this Request for Admission were properly served, it is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1). Any response by Kosnoff Law to this Request for Admission would not establish that AIS Counsel, as that term is defined, did or did not individually sign any claim forms. For Century to substantiate this fact through a request for admission, it would have to have authority to serve requests for admission on Kosnoff Law, which it does not have, and then properly serve Kosnoff Law with an appropriate request for admission regarding this factual issue. Without waiving the aforesaid objections and to the extent that a response is required, Kosnoff Law denies this Request for Admission.

Dated: February 9, 2021                    WILKS LAW, LLC

                                            _/s/ David E. Wilks_____
                                            David E. Wilks (DE Bar No. 2793)
                                            4250 Lancaster Pike, Suite 200
                                            Wilmington, Delaware 19805
                                            Telephone: 302-225-0850
                                            Facsimile:  302-225-0851
                                            Email:  dwilks@wilks.law

                                            *Counsel to Kosnoff Law*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Re Docket No. 1972 |

**KOSNOFF LAW'S RESPONSES AND OBJECTIONS TO
CENTURY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014 of the Bankruptcy Rules, Kosnoff Law ("Kosnoff Law"), by and through its undersigned counsel, hereby responds and objects to Century's First Request for Production of Documents directed to AVA Law Group, Kosnoff Law, and Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., individually and as doing business as Abused in Scouting, dated February 1, 2021 (the "Requests" and each a "Request"), and served in connection with *Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Docket No. 1972] and *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claims* [Docket No. 1975] (the "Motions") as follows:

---

[1]  The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## **GENERAL OBJECTIONS**

Kosnoff Law incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each Request (the "General Objections").  Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1.      Kosnoff Law objects to the Requests as they demand responses within eight days of their service.  That time period violates the Civil Rules and the Bankruptcy Rules, as the parties have not stipulated to a truncated response period nor has the Court ordered a truncated response period.  Indeed, Century has not even requested such a stipulation or sought such an order from the Court.  Kosnoff Law provides these Responses without waiving its right to seek relief from Century's violation of the Civil Rules and the Bankruptcy Rules.

2.      Kosnoff Law objects to the Requests to the extent that they can be read as requiring Kosnoff Law to produce information or facts that are not in Kosnoff Law's possession, as the same information can be sought or obtained directly by the Century from third parties as easily as Kosnoff Law could obtain the same. Likewise, Kosnoff Law objects to the Requests to the extent that any can be read as requiring Kosnoff Law to produce information or facts obtained or readily obtainable from material in the possession of Century or the Insurers.

3.      Kosnoff Law objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, the business strategy privilege, the consulting expert privilege, the joint defense or common interest privilege, information protected by any confidentiality agreement and/or any other applicable discovery

2

privilege, immunity or exemption. Kosnoff Law hereby claims such privileges and does not waive any objection to the admission of privileged documents resulting from incidental or accidental production.

4.       Kosnoff Law objects to the Requests as improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. The Requests, insofar as they seek the very discovery sought by Century's Motions, is improper under the Bankruptcy Rules and no response is required. By serving these Responses, Kosnoff Law does not waive, and explicitly asserts, its right to seek sanctions, attorney's fees and other relief as a result of Century's violation of the Bankruptcy Rules.

5.       Even if the Requests were properly propounded and served, Kosnoff Law objects to the Requests as premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as they are directed at Kosnoff Law "individually and as doing business as Abused in Scouting ("AIS")," as such term is defined in the Requests. AIS is not a legal entity or a participant in these proceedings. To the best of Kosnoff Law's knowledge, no entity does business as Abused in Scouting. AIS is a collection of lawyers who work cooperatively to make these proceedings known to abuse victims, to reassure those victims that they are not alone and that help is available to them and to present and pursue their claims effectively and aggressively.

6.       Kosnoff Law objects to the Requests to the extent that they seek to impose obligations on Kosnoff Law that are inconsistent with or greater than the obligations imposed by

the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

7.      Kosnoff Law objects to the Requests to the extent that they purport to require Kosnoff Law to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

8.      Kosnoff Law objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

9.      Kosnoff Law objects to the Requests to the extent they seek documents already in Century's possession, custody, or control.

10.     Kosnoff Law objects to the Requests to the extent they seek documents more easily obtained from the Debtors than Kosnoff Law.

11.     Kosnoff Law objects to the Requests to the extent they seek documents not in Kosnoff Law's possession, custody, or control.

12.     Kosnoff Law objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

13.     Kosnoff Law makes its response to these Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its responses as necessary at a later date.

14.     Kosnoff Law reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information

produced in response to the Requests in any subsequent proceeding or trial of this or any other action.

15.     Kosnoff Law objects to the production of any documents falling within one of the General Objections above or Specific Objections set forth below.  In the event that documents falling within the scope of an objection are produced by Kosnoff Law, this production is inadvertent and does not constitute a waiver of the objection.

## OBJECTIONS TO DEFINITIONS

1.     Kosnoff Law objects to the definitions of "AIS Counsel," "You," and "Your" on the grounds that they are overbroad and unduly burdensome and purport to require Kosnoff Law to produce documents not within Kosnoff Law's possession, custody, or control. AIS is not a legal entity or a participant in these proceedings.  To the best of Kosnoff Law's knowledge, no entity does business as Abused in Scouting. AIS is a collection of lawyers who work cooperatively to make these proceedings known to abuse victims, to reassure those victims that they are not alone and that help is available to them and to present and pursue their claims effectively and aggressively.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.     Kosnoff Law objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Kosnoff Law that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.     Kosnoff Law objects to the time period covered by the Requests in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly

burdensome and seeks documents not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Kosnoff Law objects to Instruction No. 9 on the grounds that producing such privilege logs would be overly burdensome under the circumstances.  Kosnoff Law further objects to the extent that the instructions purport to require Kosnoff Law to provide a privilege log beyond, or more detailed than, what is required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules.

4.      Kosnoff Law objects to the "Manner of Production" instructions to the extent they are overly burdensome under the circumstances.  Kosnoff Law will produce documents in readily accessible electronic form and consistent with the Civil Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**

All Documents that You may use as exhibits, or otherwise rely on, at the Hearing.

**Response to Request No. 1**

In response to this Request, Kosnoff Law reserves the right to use all documents filed on the Bankruptcy Court's docket and all documents produced by Century and Hartford in response to the Coalition's discovery requests served in connection with the Motions.  Subject to the foregoing general objections and reservation of rights, Kosnoff Law states that there are presently no documents responsive to this Request.

**Request No. 2**

All Documents considered by any expert witnesses You may call at the Hearing.

**Response to Request No. 2**

Kosnoff Law objects to this Request as improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.

Subject to the foregoing general and specific objections, Kosnoff Law states that it presently has no documents responsive to this Request.

**Request No. 3**

All Documents that refute or support Your response to the Interrogatories and Requests for Admission served by Century contemporaneously with these Requests for Production.

**Response to Request No. 3**

Kosnoff Law objects to this Request as improperly propounded and served under the Bankruptcy Rules. A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004. Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004. The Requests for Admission and Interrogatories, insofar as they seek the very discovery sought by Century's Motions, are improper under the Bankruptcy Rules.

Subject to the foregoing general and specific objections, Kosnoff Law states that it presently has no documents responsive to this Request.

**Request No. 4**

All Communications between lawyers associated with AVA Law Group, Kosnoff Law, and/or Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. and any expert witnesses You may call at the Hearing pertaining to (a) compensation for the expert's services or testimony, (b) facts or data provided to the expert that the expert considered in forming his or her opinion, or (c) assumptions provided to the expert that the expert relied on in forming his or her opinion.

**Response to Request No. 4**

Kosnoff Law objects to this Request as improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.

Subject to the foregoing general and specific objections, Kosnoff Law states that it presently has no documents responsive to this Request.

**Request No. 5**

All Documents considered in vetting the proofs of claims submitted in the Chapter 11 Cases that were signed by lawyers associated with Kosnoff Law, AVA Law Group and/or Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.

**Response to Request No. 5**

Kosnoff Law objects to this Request as improperly propounded and served under the Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of

having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in

support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.

### Request No. 6

All Communications between You and anyone who lent money or invested money in

connection with the generation of the proofs of claim that were signed by lawyers associated with

AVA Law Group, Kosnoff Law, and/or Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.

### Response to Request No. 6

Kosnoff Law objects to this Request as improperly propounded and served under the

Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule

2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of

having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in

support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.

Subject to the foregoing general and specific objections, Kosnoff Law states that it

presently has no documents responsive to this Request.

### Request No. 7

All Communications between lawyers associated with AVA Law Group, Kosnoff Law,

and/or Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. and the Debtors concerning the

Motions.

### Response to Request No. 7

Kosnoff Law objects to this Request as improperly propounded and served under the

Bankruptcy Rules.  A movant that is seeking the right to serve discovery under Bankruptcy Rule

2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of

having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004.

Kosnoff Law further objects to this Request as overbroad and unduly burdensome in that it seeks documents already in Century's possession, custody, or control and/or documents more easily obtained from the Debtors pursuant to Century's agreement with the Debtors.  As such, any documents responsive to this Request are already in Century's possession, custody, or control and/or may be obtained by Century from the Debtors.

Dated: February 9, 2021                                WILKS LAW, LLC

                                                                        _/s/ David E. Wilks_____
                                                                        David E. Wilks (DE Bar No. 2793)
                                                                        4250 Lancaster Pike, Suite 200
                                                                        Wilmington, Delaware 19805
                                                                        Telephone: 302-225-0850
                                                                        Facsimile:  302-225-0851
                                                                        Email:  dwilks@wilks.law

                                                                        *Counsel to Kosnoff Law*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Re Docket No. 1972 |

**KOSNOFF LAW'S RESPONSES AND OBJECTIONS
TO CENTURY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014 of the Bankruptcy Rules, Kosnoff Law ("Kosnoff Law"), by and through its undersigned counsel, hereby responds and objects to Century's First Set of Interrogatories directed to AVA Law Group, Kosnoff Law, and Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., individually and as doing business as Abused in Scouting dated February 1, 2021 (the "Interrogatories" and each an "Interrogatory"), and served in connection with *Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Docket No. 1972] and *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claims* [Docket No. 1975] (the "Motions") as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## GENERAL OBJECTIONS

Kosnoff Law incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each Interrogatory (the "General Objections").  Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to an Interrogatory does not waive any of the General Objections set forth below.

1.      Kosnoff Law objects to the Interrogatories as they demand responses within eight days of their service.  That time period violates the Civil Rules and the Bankruptcy Rules, as the parties have not stipulated to a truncated response period nor has the Court ordered a truncated response period.  Indeed, Century has not even requested such a stipulation or sought such an order from the Court.  Kosnoff Law provides these Responses without waiving its right to seek relief from Century's violation of the Civil Rules and the Bankruptcy Rules.

2.      Kosnoff Law objects to the Interrogatories to the extent that they can be read as requiring Kosnoff Law to produce information or facts that are not in Kosnoff Law's possession, as the same information can be sought or obtained directly by the Century from third parties as easily as Kosnoff Law could obtain the same. Likewise, Kosnoff Law objects to the Interrogatories to the extent that any can be read as requiring Kosnoff Law to produce information or facts obtained or readily obtainable from material in the possession of Century or the Insurers.

3.      Kosnoff Law objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, the consulting expert privilege, the joint defense or common interest privilege, information protected by any confidentiality agreement and/or any other applicable discovery privilege, immunity or exemption.

2

Kosnoff Law hereby claims such privileges and does not waive any objection to the admission of privileged documents resulting from incidental or accidental production.

4.       Kosnoff Law objects to the Interrogatories as improperly propounded and served under the Bankruptcy Rules.  A movant seeking the right to serve discovery under Bankruptcy Rule 2004 does not have the right to serve such discovery under Bankruptcy Rule 9014 by virtue of having filed a motion under Bankruptcy Rule 2004.  Kosnoff Law has not put any facts at issue in support of any relief sought from the Bankruptcy Court under Bankruptcy Rule 2004 or the Motions.  The Interrogatories, insofar as they seek the very discovery sought by Century in the Motions, is improper under the Bankruptcy Rules and no response is required.  By serving these Responses, Kosnoff Law does not waive, and explicitly asserts, its right to seek sanctions, attorney's fees and other relief as a result of Century's violation of the Bankruptcy Rules.

5.       Even if the Interrogatories were properly propounded and served, Kosnoff Law objects to the Interrogatories as premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as they are directed at Kosnoff Law, "individually and as doing business as Abused in Scouting ("AIS")," as such term is defined in the Interrogatories.  Kosnoff Law only represents the interests of individual Sexual Abuse Survivors.  Kosnoff Law does not do business as AIS.  AIS is not a legal entity or a participant in these proceedings.  To the best of Kosnoff Law's knowledge, no entity does business as Abused in Scouting. AIS is a collection of lawyers who work cooperatively to make these proceedings known to abuse victims, to reassure those victims that they are not alone and that help is available to them and to present and pursue their claims effectively and aggressively.

6.      Kosnoff Law objects to the Interrogatories to the extent that they seek information which contains personal, confidential medical information.

7.      Kosnoff Law objects to the Interrogatories to the extent that they seek to impose obligations on Kosnoff Law that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

8.      Kosnoff Law makes its response to these Interrogatories based on its present knowledge and without prejudice to its rights to amend or supplement its responses as necessary at a later date.

## OBJECTIONS TO DEFINITIONS

1.      Kosnoff Law objects to the definitions of "AIS," "AIS Counsel," "You," and "Your" on the grounds that they are overbroad and unduly burdensome.  AIS is not a legal entity or a participant in these proceedings.  To the best of Kosnoff Law's knowledge, no entity does business as Abused in Scouting. AIS is a collection of lawyers who work cooperatively to make these proceedings known to abuse victims, to reassure those victims that they are not alone and that help is available to them and to present and pursue their claims effectively and aggressively.

## OBJECTIONS TO INSTRUCTIONS

1.      Kosnoff Law objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Kosnoff Law that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.      Kosnoff Law objects to the time period covered by the Interrogatories in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is

unduly burdensome and seeks information not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

      3.     Kosnoff Law objects to Instruction No. 4 on the grounds that producing such privilege logs would be overly burdensome under the circumstances.  Kosnoff Law further objects to the extent that the instructions purport to require Kosnoff Law to provide a privilege log beyond, or more detailed than, what is required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules.

      4.     Kosnoff Law objects to Instruction No. 11 on the grounds that it is itself an Interrogatory not enumerated as such and improperly set forth as an "Instruction" to which no response is required.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1**

Identify all witnesses You may call at the Hearing, and the subject(s) of each witness's testimony.

**Response to Interrogatory No. 1**

Subject to the foregoing general objections, Kosnoff Law states that at this time Kosnoff Law does not intend on calling any witnesses at the Hearing.  Kosnoff Law reserves it right to examine any witnesses called by any other party at the Hearing.

**Interrogatory No. 2**

Identify each witness You intend to call to provide expert opinion testimony, the expert opinion and all facts that provide the basis for the opinion, and all Documents considered by the expert in reaching his or her opinion.

**Response to Interrogatory No. 2**

Subject to the foregoing general objections, Kosnoff Law states that at this time Kosnoff Law does not intend on calling any expert witnesses at the Hearing.  Kosnoff Law reserves its right to examine any expert witnesses called by any other party at the Hearing.

**Interrogatory No. 3**

Identify the respective AIS Counsel for each of the Requests for Admission served by Century on February 1, 2021 that You admit.

**Response to Interrogatory No. 3**

Century purported to serve ten Requests for Admissions on Kosnoff Law on February 1, 2021.  That service was improper and imposes upon Kosnoff Law no obligation to respond to the Requests for Admissions.  Without waiver of any of Kosnoff Law's objections, Kosnoff Law responds that it has admitted none of the Requests for Admissions.


Dated: February 9, 2021                                WILKS LAW, LLC

                                                         _/s/ David E. Wilks_____
                                                         David E. Wilks (DE Bar No. 2793)
                                                         4250 Lancaster Pike, Suite 200
                                                         Wilmington, Delaware 19805
                                                         Telephone: 302-225-0850
                                                         Facsimile:  302-225-0851
                                                         Email:  dwilks@wilks.law

                                                         *Counsel to Kosnoff Law*