## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 1974, 2022, 2180, 2196 |
| | **Hearing Date: Feb. 17, 2021 at 10:00 a.m.** |

### JOINDER BY D. MILLER & ASSOCIATES PLLC TO THE COALITION'S MOTION TO FILE SUR-REPLY AND PROPOSED SUR-REPLY IN SUPPORT OF THE OBJECTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE TO INSURERS' MOTION FOR AN ORDER AUTHORIZING RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIM

D. Miller & Associates PLLC (the "D. Miller"), by its undersigned counsel, hereby submits this joinder (the "Joinder") to the *Coalition's Motion to File a Sur-Reply To Insurers' Reply Brief in Support of Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [D.I. 2196)] ("Motion for Permission to File") and, to the extent leave is granted, the proposed *Sur-Reply in Support of the Objection of the Coalition of Abused Scouts for Justice to Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim*, attached as Exhibit A [D.I. 2196 Ex. A] (the "[Proposed] Sur-Reply").  In support of the within Joinder, D. Miller respectfully states as follows:

1.      On January 22, 2021, Hartford and Century (together, the "Insurers") filed their *Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [D.I. 1974] (the

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

"Rule 2004 Motion"), including proofs of claim submitted and signed by certain law firms, including D. Miller, and third-party vendors on behalf of sexual abuse survivors.

2.      On February 5, 2021, the Coalition of Abused Scouts for Justice (the "Coalition") filed its *Objection to Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [D.I. 2043], requesting that the Court enter an order denying the Insurers' Rule 2004 Motion (the "Objection").  On the same date, D. Miller filed its Joinder to the Coalition's Objection [D.I. 2093].

3.      On February 11, 2021, the Insurers' filed their *Reply Brief in Support of Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [D.I. 2180] (the "Reply Brief").

4.      On February 15, 2021, the Coalition filed its Motion for Permission to File and [Proposed] Sur-Reply in support of their Objection to the proposed Rule 2004 discovery that the Insurers seek from certain law firms, including D. Miller.  D. Miller hereby adopts and incorporates by reference all arguments set forth in the [Proposed] Sur-Reply, together with those arguments set forth in the Coalition's Objection and to be presented at any hearing on the Insurers' Rule 2004 Motion.  Specifically, D. Miller joins in the Coalition's arguments in the following sections of the Coalitions [Proposed] Sur-Reply: Section A (the Reply Brief makes clear that Insurers seek discovery in aid of proving violations of Bankruptcy Rule 9011, which is precluded and improper under Bankruptcy Rule 2004); Section B (attorney declarations are not required to oppose the Insurers' Rule 2004 Motion); Section C (the Insurers cannot seek plan discovery under Rule 2004); and Section F (the Insurers' law of the case argument is wrong).[2]

---

[2]  D. Miller does not oppose the arguments set forth in the [Proposed] Sur-Reply's Section D (the Objectors denied the Insurers' requests for admission) and Section E (the Coalition did not concede that attorneys failed to conduct inquiries), but does not address these arguments because

5.      D. Miller expressly reserves its rights to supplement or amend this Joinder, and reserves all its rights to object to any discovery served by the Insurers, including, but not limited to, on the basis that such discovery is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, discovery sought is unduly burdensome, and seeks information protected by attorney-client privilege and/or the work product doctrine.

WHEREFORE, for the reasons set forth herein and in the Coalition's Objection and [Proposed] Sur-Reply, D. Miller respectfully requests that the Court enter an order denying the Insurers' Rule 2004 Motion and granting D. Miller such other and further relief as the Court deems just and proper.

Dated: February 15, 2021
Wilmington, Delaware

Respectfully Submitted,

WALDEN MACHT & HARAN LLP

*/s/ Daniel Miller*
Daniel Miller, Esq. (DE Bar No. 3169)
2532 Justin Lane
Wilmington, Delaware 19810
Telephone: (267) 516-0780
E-mail: DMiller@wmhlaw.com

-and-

Stephanie T. Levick, Esq.
(*pro hac vice* admission pending)
250 Vesey Street, 27th Floor
New York, New York 10281
Telephone: (212) 335-2030
Facsimile: (212) 335-2040
E-mail: SLevick@wmhlaw.com

*Counsel to D. Miller & Associates PLLC*

---

the Insurers' Rule 2004 Motion and Reply Brief are bereft of any argument or allegations concerning D. Miller on either issue.  Notwithstanding the foregoing, to the extent these arguments apply to D. Miller, D. Miller adopts and incorporates them by reference in this Joinder.