# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: Feb. 17, 2020 at 10:00 a.m. (ET)**<br><br>Re: Dkt. Nos. 2029, 2132, 2144, 2182 |

### CENTURY'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ICHOR CONSULTING, LLC TO SUBMIT THE DISCLOSURES REQUIRED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

Century's Rule 2019 motion [D.I. 2029] asks the Court to compel J. Chad Edwards d/b/a Ichor Consulting, an entity that entered an appearance in this case "*as counsel* on behalf of various child sexual abuse tort claimants," D.I. 1903, to comply with Rule 2019.

Mr. Edwards does not deny that he is subject to Rule 2019. But instead of simply submitting the verified disclosure statement required under the Bankruptcy Rules, Mr. Edwards' opposition claims that he has complied with Rule 2019 by virtue of his alleged association with "a Coalition law firm," which Ichor Consulting is "assisting." D.I. 2144 ¶ 2. The remainder of Mr. Edwards' brief simply restates arguments the Coalition has made for why the Coalition has complied with Rule 2019.

To be clear, *none* of the four 2019 statements filed by the Coalition list Mr. Edwards or Ichor Consulting as one of the constituent firms or as counsel to any Coalition member; nor do the Coalition's 2019 statements make any disclosures regarding Ichor Consulting or Mr.

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311).

Edwards. *See* D.I. 1503, 1106, 1429, 1997. The Coalition's most recent 2019 statement lists 26 firms as "State Court Counsel" for Coalition members: that list does not include Mr. Edwards or Ichor Consulting. D.I. 1997 ¶ 4. Ichor is listed only as a "vendor" in Jason J. Joy & Associates' exemplar retention agreement in Exhibit A-3 to the Coalition's Third Amended 2019 statement. But there has been no verified disclosure from Mr. Edwards, or by anyone else on his behalf, setting forth the information required under Rule 2019.

Nor does the Coalition's 2019 statements include Mr. Edwards' retention agreements (as required by Rule 2019(c)(4)), details about any co-counsel, fee-sharing, or referral agreements (as required by Rule 2019(c)(1)), or any other disclosures regarding his "discloseable economic interest" in these cases (as required by Rule 2019(c)(3)(B)). Nothing is disclosed that shows that Mr. Edwards or Ichor Consulting is authorized to appear as ***counsel*** on behalf of various abuse tort claimants. It is the responsibility of Mr. Edwards and Ichor Consulting to disclose this information under Rule 2019, having entered an appearance as counsel on behalf of various "abuse tort claimants."

Mr. Edwards complains that he is a non-practicing lawyer and admits that he does business as Ichor Consulting. Century has put before the court evidence that for-profit companies have touted taking an equity interest in the proofs of claim. The oddities of Ichor's appearance are all the more reason for this entity to be required to comply with Rule 2019. Mr. Edwards and Ichor Consulting must disclose their authority to represent tort claimants and economic interests in the claims.

Century respectfully requests that the Court grant Century's motion and compel Mr. Edwards to comply with Rule 2019.

Dated:  February 15, 2021

Respectfully Submitted,

By:    /s/ Stamatios Stamoulis
      Stamatios Stamoulis (No. 4606)

**Stamoulis & Weinblatt LLC**
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

**O'Melveny & Myers LLP**
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice*)
Andrew Kirschenbaum (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone: 212-326-2000

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*