IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | ) ) | Case No. 20-10343 (LSS) |
| | ) | Jointly Administered |
| Debtors[1]. | ) ) | |
| | ) | Re: Docket Nos. 1974 and 2180 |

**TIMOTHY D. KOSNOFF, ESQUIRE'S MOTION TO STRIKE INSURERS' REPLY BRIEF IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIM [D.I. 2180]**

Timothy D. Kosnoff, Esquire hereby submits this motion (the "Motion") to strike *Insurers' Reply Brief in Support of Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [Docket No. 2180] (the "Reply"). Mr. Kosnoff has joined in the Sur-Reply to the Motion filed by the Coalition of Abused Scouts [Docket No. 2196-1] (the "Coalition" and the "Coalition's Sur-Reply") and incorporates its arguments herein by reference. In further support of the Motion, Mr. Kosnoff respectfully submits the following:

1.   The Insurers have, since last Fall, attacked Mr. Kosnoff with conjecture, surmise and unsupportable accusations. The Reply presents not only brand new arguments and factual assertions never presented before in the Insurers'

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

original motion, but also alleges "facts" which are demonstrably false. Since the Reply is rife with impertinent material and launches new angles of attack, Mr. Kosnoff respectfully submits that the Court should enter an order striking the Reply. In the alternative, Mr. Kosnoff seeks leave to file the sur-reply attached as Exhibit A to respond to the Insurers' spurious accusations.

2. Where a moving party raises a new argument, issue or material for the first time on reply, the new argument, issue or material is deemed waived and it is appropriate to strike the offending portions of the reply. *See In re Catholic Diocese of Wilmington, Inc.*, 437 B.R. 488, 492 n.19 (Bankr. D. Del. 2010) (finding that because the defendants raised the offending issue for the first time in the reply brief, the Court did not consider the issue); *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1993) ("An issue is waived unless a party raises it in its opening brief . . . ."); *In re Cruz*, 2020 WL 3167799, at *2 (Bankr. S.D. Tex. June 12, 2020) (finding that the movant's motion to strike arguments raised for the first time in a reply brief was a proper procedural vehicle).

3. This principal applies equally to insertions of new factual material alleged by the movant for the first time in its reply brief. *Cornell University v. Illumina, Inc.*, 2013 WL 3216087, at *6 (D. Del. June 25, 2013); *Guardant Health, Inc. v. Foundation Medicine, Inc.*, 2020 WL 2477522, at *11 n.14 (D. Del. Jan. 7, 2020).

4. The Insurers' motion (Docket No. 1974) contains only the following factual assertions against Mr. Kosnoff:

    a. That he authored an email that set forth a strategy to advance a strategy that he and other like-minded claimants' attorneys favored;

    b. That his signature appears on a certain number of proofs of claim; and

    c. That a certain number of those proofs of claim were filed close to the bar date.

5. The Reply, however, is accompanied by a declaration of an Erich J. Speckin. That declaration consists of text and exhibits totaling *297 pages*. That enormous volume of factual assertions attached to a reply brief should, by itself, constitute grounds to strike. And the scurrilous contents of the declaration put the question to rest.

6. In fact, the Court need proceed no further than Mr. Speckin's own prefatory language to each accusation against Mr. Kosnoff to conclude that the declaration must be ignored. Rather than establishing the basis for admissible opinion or expert testimony, Mr. Speckin states that he can "infer" certain conclusions from his "review" and that wrongdoing is "strongly suggested." Of course, the Insurers would never wish to expose such meaningless and unsubstantiated opinion testimony to their opponents' objections. They therefore resorted to the scoundrel's device of presenting it for the first time in reply.

7. Mr. Kosnoff can easily refute all the conjecture that the Insurers have larded into the Reply, though he should scarcely be required to engage in that time-consuming exercise. The Speckin declaration is full of glaring misstatements and "inferences" that the Reply asks the Court to accept as fact. For example, at page five of the Reply and paragraph 23 of the Speckin declaration, the Insurers accuse Mr. Kosnoff of submitting 1,036 proofs of claim through a claim aggregator called "Your Case Managers" under the identifier "KL." The Reply and Mr. Speckin state, "'KL' stands for Kosnoff Law." That statement is false.

8. Since Mr. Kosnoff did not work with Your Case Managers, KL more plausibly stands for Keller Lenkner, a Chicago law firm that is co-counsel with Mr. Kosnoff's firm and others for certain claimants. What's more, the email address to which Mr. Speckin and the Insurers refer is not associated with a claim aggregator, as the Insurers wrongly assert. Rather, it belongs to a litigation support company that provided forensic nurses and other professional staff to Keller Lenkner to help ensure that their clients' proofs of claim would be reliable, accurate and comprehensive. That litigation support company used the email address to file proofs of claim for some of the victims whom Mr. Kosnoff jointly represents. Had Mr. Speckin and the Insurers cared to present actual facts rather than untrue accusations, the Court would not have been in peril of being misled. Other examples abound, some of which are addressed in the Sur-Reply attached as Exhibit A.

9. Moreover, the Reply seeks to convert the Insurers' motion for Rule 2004 discovery into a motion for sanctions under Rule 9011. That pivot constitutes additional grounds on which the Reply should be stricken. Since the Reply asserts hundreds of pages of new factual material directed against Mr. Kosnoff for the first time as well as new claims and arguments, Mr. Kosnoff respectfully requests that the Court strike the Reply.

10. In the alternative, Mr. Kosnoff respectfully requests that the Court grant him leave to respond to the Insurers' new factual and legal arguments raised for the first time in the Reply by means of a sur-reply. Rule 7007-2(b)(ii) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides that "[t]he party filing the opening brief shall not reserve material for the reply brief that should have been included in a full and fair opening brief."

11. Similar to the Local Rules for the District of Delaware, "[t]his provision exists, in part, to prevent litigants from engaging in impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond." *Fifth Market, Inc. v. CME Group, Inc.*, 2013 WL 3063461, at *1 n.2 (D. Del. June 19, 2013) (exercising its discretion to grant defendants' alternative motion to file a sur-reply rather than strike the reply brief). "[P]ermission for leave to file a sur-reply is a matter committed to the District Court's sound discretion . . . ." *Levey v.*

*Brownstone Inv. Group, LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (internal quotations omitted).

12. There can be no dispute that the Insurers engaged here in the very sandbagging that the Rules are intended to prohibit. The Insurers included scant factual material concerning Mr. Kosnoff in their motion for 2004 discovery. The Reply, however, is accompanied by several exhibits, including Mr. Speckin's nearly 300-page declaration. Mr. Kosnoff could not respond to those allegations in his Objection. Accordingly, he respectfully requests that, in the event the Court does not strike the Reply, that he have an opportunity to respond in the form of the sur-reply attached as Exhibit A.

## **CONCLUSION**

14. Therefore, since the Reply contains arguments and factual material that should have been included in their original motion, Mr. Kosnoff respectfully requests that the Court enter an order striking the Reply or, in the alternative, grant Mr. Kosnoff leave to file the sur-reply in the form attached as Exhibit A.

Date: February 16, 2021    WILKS LAW, LLC

  /s/ David E. Wilks
David E. Wilks (DE Bar No. 2793)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: 302-225-0850
Facsimile: 302-225-0851
Email: dwilks@wilks.law
*Counsel to Timothy D. Kosnoff, Esquire*

6