IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  March 2, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**NINTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM NOVEMBER 1, 2020 THROUGH NOVEMBER 30, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | November 1, 2020 through November 30, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $504,479.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 11,755.14 |

This is a:        x   monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $  6,064.88 | $619,406.00[2] | $  6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $  3,045.94 | $515,736.40 | $  3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $  3,681.07 | $527,694.80 | $  3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $  5,651.98 | $380,703.60 | $  5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $  6,612.09 | $542,738.80 | $  6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $658,721.00 | $31,487.15 | $526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $588,902.00 | $15,777.88 | $471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $666,283.50 | $19,826.31 | $533,026.80 | $19,826.31 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 75.30 | $  89,983.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 15.70 | $  17,976.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 13.00 | $  14,625.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 17.10 | $  18,724.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.30 | $       322.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 5.30 | $    5,697.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 0.30 | $       322.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 43.00 | $  44,075.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 1.60 | $    1,592.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $  995.00 | 35.30 | $  35,123.50 |

---

[2] This amount reflects an agreed upon reduction of $2,000.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 0.50 | $       475.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 6.20 | $    5,735.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $  850.00 | 79.60 | $  67,660.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 171.40 | $141,405.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 28.60 | $  23,595.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $  825.00 | 10.00 | $    8,250.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $  795.00 | 2.40 | $    1,908.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  775.00 | 7.10 | $    5,502.50 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $  650.00 | 16.80 | $  10,920.00 |
| Patricia J. Jeffries | Paralegal 1999 | $  425.00 | 6.00 | $    2,550.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 9.60 | $    4,080.00 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.10 | $        42.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $  425.00 | 0.70 | $       297.50 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 1.80 | $       711.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 1.70 | $       595.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 6.60 | $    2,310.00 |

**Grand Total:**     **$504,479.00**
**Total Hours:**            **556.00**
**Blended Rate:**        **$907.34**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 123.00 | $118,034.50 |
| Bankruptcy Litigation | 88.20 | $ 72,382.50 |
| Case Administration | 12.30 | $  5,212.50 |
| Claims Admin./Objections | 91.80 | $ 78,110.00 |
| Compensation of Professional | 14.10 | $ 10,754.50 |
| Compensation of Prof./Others | 4.80 | $  2,541.00 |
| Financing | 0.30 | $    322.50 |
| General Creditors Comm. | 84.90 | $ 85,411.50 |
| Hearing | 4.20 | $  3,665.00 |
| Insurance Coverage | 36.10 | $ 37,342.50 |
| Mediation | 41.90 | $ 43,355.00 |
| Plan & Disclosure Statement | 36.50 | $ 33,410.50 |
| Retention of Prof/Others | 15.30 | $ 12,041.00 |
| Stay litigation | 2.60 | $  1,896.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Auto Travel Expense | Elite Transportation | $    147.93 |
| Working Meals | Kosher Deluxe; Mendy's | $     74.29 |
| Conference Call |  | $    410.29 |
| Federal Express | Federal Express | $     90.85 |
| Legal Research | Lexis/Nexis | $    130.18 |
| Outside Services | MiPro Consulting[4] | $10,154.10 |
| Court Research | Pacer | $    166.40 |
| Postage | US Mail | $    147.40 |
| Reproduction Expense |  | $     52.20 |
| Reproduction/Scan Copy |  | $    381.50 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

[4] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software. Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. The invoices of MIPRO, in the total amount of $13,557.50, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, are attached hereto as Exhibit "B".

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  March 2, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## NINTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM NOVEMBER 1, 2020 THROUGH NOVEMBER 30, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J"

or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

Ninth Monthly Application for Compensation and for Reimbursement of Expenses for the Period

from November 1, 2020 through November 30, 2020 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $504,479.00 and actual and necessary expenses in the amount of $11,755.14 for

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

a total allowance of $516,234.14 and payment of $403,583.20 (80% of the allowed fees) and

reimbursement of $11,755.14 (100% of the allowed expenses) for a total payment of

$415,338.34 for the period November 1, 2020 through November 30, 2020 (the "Interim

Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code. The Debtors have continued in possession of their property and continued to operate and

manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications. If no objections are made within fourteen (14) days after service of the monthly

fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the

requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.     The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.     PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

**Fee Statements**

7.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.      PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoices of MIPRO, in the total amount of $10,154.10, are attached as Exhibit B.  PSZ&J has

paid those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit A, and

has included payment of the MIPRO invoices as part of its request in this Application for

reimbursement of expenses.

### Summary of Services Rendered

13.     The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

14.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

### Summary of Services by Project

15.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed title report documents received from First American Title; (2) performed work regarding a restricted gifts review; (3) performed work regarding a restricted gifts chart; (4) reviewed and analyzed documents relating to possible restrictions on use and transfers regarding Camp Alpine; (5) prepared for and attended a telephonic conference with the real estate working group regarding title reports and Local Council valuations; (6) reviewed and analyzed an Alpine Property title analysis; (7) reviewed and analyzed documents regarding Ten Mile River Camp; (8) reviewed and analyzed issues regarding the Palisades Park litigation matter; (9) reviewed and analyzed issues regarding compliance of Local Councils with discovery requests; (10) reviewed and analyzed issues regarding the rule against perpetuities; (11) reviewed and analyzed New Jersey law regarding charity exemption issues; (12) reviewed and analyzed issues regarding real estate valuation options; (13) reviewed and analyzed issues regarding appraisals; (14) reviewed and analyzed additional documents received in November 2020 regarding Camp Alpine, Camp Bedford and Baiting Hollow relating to restrictions on transfer or use; (15) reviewed and analyzed documents regarding possible restrictions related to Camp Wa-Kon-Da, Baiting

Hollow, and the Wakpomina, Bedford, and Rotary Camps; and (16) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $118,034.50;    Hours:  123.00

**B.    Bankruptcy Litigation**

17.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) performed work regarding a complaint relating to BSA property restrictions; (2) reviewed and analyzed issues regarding Local Council document production; (3) reviewed and analyzed issues regarding a preliminary injunction stipulation; (4) performed work regarding notice of the motion enforcing automatic stay against Middle Tennessee Council relating to transfers of property of the estate; (5) reviewed and analyzed documents in connection with mediation preparation; (6) reviewed and analyzed the Century objection to extension of preliminary injunction; (7) performed research; (8) reviewed and analyzed claims estimation issues; (9) reviewed and analyzed correspondence and reports regarding Local Council discovery; (10) attended to issues regarding Local Council compliance with preliminary injunction conditions; (11) attended to issues regarding follow up discovery relating to 39 Local Councils; (12) maintained a Local Council compliance tracking chart; (13) performed work regarding Local Council compliance certificates; (14) performed work regarding Hearing Binders; (15) performed work regarding default letters to the Cherokee Area and Cimarron Local Councils regarding compliance issues; (16) reviewed and analyzed issues regarding additional documents to be obtained from Local Councils and performed work regarding correspondence to

Local Councils regarding documents relating to document discovery request; (17) prepared for and attended a telephonic conference with Local Council representatives regarding additional discovery requests; (18) reviewed and analyzed issues regarding discovery from insurance carriers; and (19) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $73,382.50;    Hours:  88.20

**C.    Case Administration**

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) maintained document control; and (4) maintained a work-in-progress chart.

Fees:  $5,212.50;    Hours:  12.30

**D.    Claims Admin/Objections**

19.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed statute of limitations issues; (2) reviewed and analyzed claim normalization issues; (3) reviewed and analyzed joint and several liability issues relating to the PBGC; (4) performed work regarding a claims analysis; (5) attended to issues regarding the execution and filing of proofs of claim; (6) responded to claim-related inquiries; (7) reviewed and analyzed claim filing confirmation issues; (8) reviewed and analyzed State statute of limitations issues and performed work regarding a statute of limitations chart; (9) reviewed and analyzed Local Council claim data; (10) reviewed and analyzed claim filing deadline issues; (11) reviewed and analyzed a

Local Council indemnity stipulation; (12) reviewed and analyzed the general bar date claims register; (13) attended to confidentiality issues; (14) reviewed and analyzed the Hartford statute of limitations analysis; (15) reviewed and analyzed claim amendment issues; (16) performed work regarding a chart of claims by conduct and by Local Council; (17) attended to issues regarding roster requests and production of rosters; (18) reviewed and analyzed claim data for purposes of monetary demand; and (19) corresponded and conferred regarding claim issues.

Fees:  $78,110.00;     Hours:  91.80

### E.    Compensation of Professionals

20.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its September 2020 monthly fee application.

Fees:  $10,754.50;     Hours:  14.10

### F.    Compensation of Professionals--Others

21.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding BRG and Pasich fee applications.

Fees:  $2,541.00;     Hours:  4.80

### G.    Financing

22.    This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things, reviewed and analyzed JPM issues relating to mediation.

Fees:  $322.50;         Hours:  0.30

**H.    General Creditors Committee**

23.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and participated in telephonic conferences with the Debtors' counsel regarding case issues; (2) prepared for and participated in telephonic conferences with Coalition counsel regarding case issues; (3) reviewed and analyzed issues regarding claims process, claims analysis and claims bar date issues; (4) reviewed and analyzed issues regarding mediation; (5) reviewed and analyzed issues regarding insurance; (6) prepared for and participated in telephonic conferences with State Court Counsel and with Committee members, including working groups, regarding case issues; (7) reviewed and analyzed Plan and voting issues; (8) performed work regarding meeting agendas; (9) attended to media and press release issues; (10) performed work regarding claims deadline issues; (11) reviewed and analyzed issues regarding an indemnity stipulation; (12) reviewed and analyzed discovery issues; (13) attended to claims valuation issues; (14) reviewed and analyzed issues regarding a monetary demand; (15) corresponded and conferred regarding general creditors committee issues.

Fees:  $85,411.50;    Hours:  84.90

**I.    Hearings**

24.    This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, prepared for and attended an Omnibus hearing on November 18, 2020.

Fees:  $3,665.00;    Hours:  4.20

11

**J.    Insurance Coverage**

25.    This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed continuous trigger issues; (2) performed work regarding an additional insured data chart and reviewed and analyzed insurance documents; (3) reviewed and analyzed issues regarding BSA information disclosed in State Court litigation; (4) reviewed and analyzed issues regarding the Worley and Wilson relief from stay motions; (5) reviewed and analyzed pension liability issues; (6) reviewed and analyzed statutes of limitations issues; (7) reviewed and analyzed normalization issues; (8) reviewed and analyzed mediation issues; (9) reviewed and analyzed issues regarding Local Councils' document production and compliance acknowledgments; (10) reviewed and analyzed issues regarding an abuse settlement amount; (11) reviewed and analyzed a Bankruptcy Rule 2004 stipulation regarding insurance demands; (12) prepared for and participated in telephonic conferences with the insurance working group; (13) reviewed and analyzed issues regarding the BRG and Bates and White claims presentations; and (14) corresponded and conferred regarding insurance issues.

Fees:  $37,342.50;     Hours:  36.10

**K.    Mediation**

26.    This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended mediation calls with mediators and Committee members and their counsel on November 5, 12, 19, 24 and 30, 2020; (2) reviewed and analyzed a mediation memorandum and statement regarding the PBGC; (3) attended to

scheduling issues; (4) reviewed and analyzed normalization issues; (5) reviewed and analyzed

issues regarding JPM; (6) reviewed and analyzed issues regarding Local Council assets;

(7) reviewed and analyzed issues regarding claim processing; and (8) corresponded and

conferred regarding mediation issues.

Fees:  $43,355.00;      Hours:  41.90

**L.      Plan and Disclosure Statement**

27.      This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed issues regarding settlement principles; (2) performed research;

(3) reviewed and analyzed voting issues; (4) performed work regarding Trust Distribution

Procedures; (5) reviewed and analyzed issues regarding estimating claims for voting purposes;

(6) reviewed and analyzed a Plan; (7) reviewed and analyzed channeling injunction issues;

(8) performed research; (9) reviewed and analyzed substantial contribution issues; (10) reviewed

and analyzed third-party release issues; and (11) conferred and corresponded regarding Plan

issues.

Fees:  $33,410.50;      Hours:  36.50

**M.      Retention of Professionals--Others**

28.      This category relates to the retention of professionals, other than the Firm.

During the Interim Period, the Firm, among other things:  (1) performed work regarding the

Keen-Summit retention; (2) performed work regarding the CBRE and Rock Creek retentions;

and (3) corresponded and conferred regarding retention issues.

Fees:  $12,041.00;      Hours:  15.30

**N.       Stay Litigation**

29.     This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things, performed work regarding re-noticing the motion to enforce stay against the Middle Tennessee Local Council and performed work regarding a stipulation.

Fees:  $1,896.00;        Hours:  2.60

**Valuation of Services**

30.     Attorneys and paraprofessionals of PSZ&J expended a total 556.00 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 75.30 | $ 89,983.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 15.70 | $ 17,976.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 13.00 | $ 14,625.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 17.10 | $ 18,724.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.30 | $      322.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 5.30 | $    5,697.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 0.30 | $      322.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 43.00 | $ 44,075.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 1.60 | $    1,592.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $  995.00 | 35.30 | $  35,123.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 0.50 | $      475.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 6.20 | $    5,735.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $  850.00 | 79.60 | $  67,660.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 171.40 | $141,405.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 28.60 | $  23,595.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $  825.00 | 10.00 | $    8,250.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $  795.00 | 2.40 | $    1,908.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  775.00 | 7.10 | $    5,502.50 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $  650.00 | 16.80 | $  10,920.00 |
| Patricia J. Jeffries | Paralegal 1999 | $  425.00 | 6.00 | $    2,550.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 9.60 | $    4,080.00 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.10 | $        42.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $  425.00 | 0.70 | $      297.50 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 1.80 | $      711.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 1.70 | $ 595.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 6.60 | $ 2,310.00 |

**Grand Total:** **$504,479.00**
**Total Hours:** **556.00**
**Blended Rate:** **$907.34**

31.    The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $504,479.00.

32.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of November 1, 2020 through November 30, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $504,479.00 and actual and necessary expenses in the amount of $11,755.14 for a total allowance of $516,234.14; payment of $403,583.20 (80% of the allowed fees) and reimbursement of $11,755.14 (100% of the

allowed expenses) be authorized for a total payment of $415,338.34; and for such other and

further relief as this Court deems proper.

Dated:  February 16, 2021            PACHULSKI STANG ZIEHL & JONES LLP


                                     /s/ James E. O'Neill
                                     James I. Stang (CA Bar No. 94435)
                                     Robert B. Orgel (CA Bar No. 10187)
                                     James E. O'Neill (DE Bar No. 4042)
                                     John W. Lucas (CA Bar No. 271038)
                                     Ilan W. Scharf (NY Bar No. 4042107)
                                     919 North Market Street, 17th Floor
                                     PO Box 8705
                                     Wilmington, Delaware 19899 (Courier 19801)
                                     Telephone:  (302) 652-4100
                                     Facsimile:  (302) 652-4400
                                     Email:  jstang@pszjlaw.com
                                             rorgel@pszjlaw.com
                                             joneil@pszjlaw.com
                                             jlucas @psjlaw.com
                                             ischarf@pszjlaw.com

                                     Counsel to the Tort Claimants Committee

## **DECLARATION**

STATE OF DELAWARE          :
                                              :
COUNTY OF NEW CASTLE   :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones

LLP, and have been admitted to appear before this Court.

b)        I am familiar with many of the legal services rendered by Pachulski Stang

Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

c)        I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020

and submit that the Application substantially complies with such Rule and Order.


/s/ James E. O'Neill
                    James E. O'Neill