IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br>Case No. 20-10343 (LSS)<br>Jointly Administered<br><br>**Hearing Date: Feb. 17, 2021 at 10:00 a.m. (ET)** |

**INSURERS' OPPOSITION TO TIMOTHY KOSNOFF'S REQUEST FOR LEAVE TO FILE A (i) MOTION TO STRIKE INSURERS' REPLY BRIEF IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIM; (ii) SUR-REPLY IN SUPPORT OF OBJECTION TO INSURERS' MOTION FOR AN ORDER AUTHORIZING RULE 2004 DISCOVERY OF CERTAIN PROOFS OF CLAIM [D.I. 2204, 22014-1]**

Timothy Kosnoff's sur-reply is most remarkable for the fact that even now he offers no declarations or other evidence to contradict any of the evidence offered in support of the Insurers' motions.

There are not grounds for the court to grant leave to accept a sur-reply. Insurers' February 11, 2021 reply responds directly to Mr. Kosnoff's and the Coalition's opposition papers:[2]

- Mr. Kosnoff's lawyer argued in the objection that his client does not use third-party aggregators that Insurers name in the opening brief, which specifically discusses Your Case Managers. The analysis about Your Case Managers in the reply refutes this point.

- The same goes for the Reciprocity analysis.

- Mr. Kosnoff's lawyer stated that his client personally did all the work on his claims. Insurers' analysis showing other people were signing for Mr. Kosnoff puts these statements in doubt.

---

[1] Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America ("BSA") (6300) and Delaware Boy Scouts, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] D.I. 2204 at ¶ 11.

1

Mr. Kosnoff just wants the last word—which he actually gives to his lawyer. Neither Mr. Kosnoff nor any fact witness offers any evidence in support of the motions, which are just as fact-free as the initial objection.

To be clear, Mr. Speckin filed a declaration in support of the Insurers' moving brief. Any issue with him should have been raised in opposition. But Mr. Kosnoff's complaints are specious. Mr. Speckin is a nationally recognized forensics expert who has been qualified to offer opinions in courts around country,[3] including in this district by Judge Farnan in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No.04-1371-JJF, 2007 WL 7658923, at *3–*4 (D. Del. Sept. 14, 2007). Moreover, Courts have routinely relied on Mr. Speckin's testimony, citing it in their decisions.[4]

I.  **MR. KOSNOFF'S BRIEF DOES NOT OFFER FACTS TO CHALLENGE ANY OF MR. SPECKIN'S CONCLUSIONS.**

Despite all the heated rhetoric, Mr. Kosnoff's lawyer does not refute any of Mr. Speckin's specific findings or offer any evidence to do so.

The main conclusion with which Mr. Kosnoff takes issue is that the proofs of claim ("POCs") submitted to Omni by Your Case Managers using the bsa-kl@yourcasemanagers.com email are jointly owned with some other law firm.[5] This is what Mr. Speckin states:

> There were 1036 such POCs. KL is an abbreviation for Kosnoff Law. The attorney name field on page 4 [of] these POCs states "Stewart J. Eisenberg, Esq.,

---

[3] *See, e.g.*, *Rezende v. Citigroup Global Mkts., Inc.*, No. 09 Civ. 9392 (HB), 2011 WL 1796410, at *1 (S.D.N.Y. Apr. 29, 2011); *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C 098-2807 SBA, 2009 WL 10702548, at *7 (N.D. Cal. July 31, 2009); *Nord Service, Inc. v. Palter*, 548 F. Supp.2d 366, 367–78 (E.D. Tex. 2008); *JJK Industries v. KPlus Inc.*, 447 F. Supp.2d 713, 731–32 (S.D. Tex. 2006); *In re Edwin L. McNeilly Revocable Living Trust*, No. 349360, 2020 WL 1897440, at *3, 6 (Mich. Ct. App. Apr. 16, 2020); *Benay v. Warner Bros. Entertainment Inc.*, No. CV 05-8508 (FMOx), 2012 WL 13071728 (C.D. Cal. Feb. 14, 2012); *Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th 736, 765–66, 770 (Cal. Ct. App. 2007).

[4] *Stephen Slesinger, Inc.*, 155 Cal. App. 4th at 765–66, 770.

[5] Erich Speckin's February 11, 2021 Declaration ("Speckin 2/11/21 Decl.") at ¶ 23.

2

Timothy Kosnoff, Esq. and Andrew Van Arsdale, Esq." Based on the submission email address and the attorney name field, I infer that these POCs were submitted on Timothy Kosnoffs behalf by third party firm Your Case Managers.[6]

Mr. Kosnoff's lawyer asserts that "KL" does not stand for Kosnoff Law but rather for the initials of Mr. Kosnoff's co-counsel, Keller Lenkner.[7] Mr. Kosnoff claims he "jointly represents with Keller Lenkner" the claimants in these POCs.[8] But these POCs do not mention Keller Lenkner and in fact list **Mr. Kosnoff** as the lead lawyer. And many of the POCs bear **Mr. Kosnoff's** signature. Indeed, there is no mention of Keller Lenkner anywhere in the Omni database for any POCs submitted from the email address bsa-kl@yourcasemanagers.com. Maybe Mr. Kosnoff has some sort of side deal with another firm. Maybe not. But that does not alter any of Mr. Speckin's conclusions: POCs that list Mr. Kosnoff as the lead lawyer, and are even signed by him, were submitted to Omni by Your Case Managers.

That is all for attempts to refute specific facts.

On Reciprocity, Mr. Kosnoff's lawyer concedes that this third-party essentially does what Mr. Speckin states. This is how Mr. Kosnoff's lawyer puts it:

> Reciprocity is neither a third party nor a claims aggregator. It is a software development and business solutions company co-owned, operated and closely supervised by Mr. Kosnoff's co-counsel, Andrew Van Arsdale of AVA Law. **Through Reciprocity, certain allied law firms collect, synthesize and maintain claims information.** Attorneys are able to communicate with their clients with the use of Reciprocity's proprietary software, all while employing robust security measures that comply with HPPA and safeguard privileged communications.[9]

That is quite similar to what Mr. Speckin describes—but in different terms. Apparently, the word "aggregator" troubles Mr. Kosnoff. But that word's presence or absence changes nothing.

---

[6] Erich Speckin's February 11, 2021 Declaration ("Speckin 2/11/21 Decl.") at ¶ 23.

[7] D.I. 2204-1 at ¶ 11.

[8] D.I. 2204-1 at ¶ 11.

[9] D.I. 2204-1 at ¶ 12 (emphasis added).

Tellingly, Mr. Kosnoff does not deny the conclusions Mr. Speckin draws from the IP addresses, namely, that Mr. Kosnoff's signatures were attached to POCs all over the country at the same time by apparently different people. Instead, Mr. Kosnoff questions in general terms the reliability of IP addresses. But that IP information is all publicly available to anyone who is interested in finding it.

## II.    AS A COMPETENT AND SKILLED FORENSICS PRACTITIONER, MR. SPECKIN IS A QUALIFIED EXPERT WITNESS UNDER THE FEDERAL RULES OF EVIDENCE AND *DAUBERT*.

Insurers offer Mr. Speckin as a forensic document specialist, an area in which he has testified as an expert for more than two decades.[10] A substantial portion of these examinations has involved analyzing handwriting, including signatures.[11] He plainly satisfies the requirement of Federal Rules of Evidence 702 and 703 and the *Daubert* standards. As one judge put it, Mr. Speckin "possesses the requisite knowledge and experience to testify as an expert in this case pursuant to Rule 702 and *Daubert*" based on his "many years of experience as a forensic chemist and forensic document analyst."[12]

Mr. Speckin has been the President of Speckin Forensic Laboratories since 1999.[13] He received a B.A. in Chemistry from Michigan State University, completed a two-year residency in the examination of questioned documents, and finished a one-year residency with Brunelle Forensic Labs. Since 2009, Mr. Speckin has completed yearly proficiency tests through Collaborative Testing Services, which administers tests for government forensic laboratories.[14]

---

[10] Erich Speckin's January 22, 2021 Declaration ("Speckin 1/22/21 Decl.") at ¶ 1.

[11] Speckin 1/22/21 Decl. at ¶ 1.

[12] *Rezende v. Citigroup Global Mkts., Inc.*, No. 09 Civ. 9392 (HB), 2011 WL 1796410, at *1 (S.D.N.Y. Apr. 29, 2011).

[13] Speckin 1/22/21 Decl. at ¶ 1.

[14] Speckin 1/22/21 Decl. at ¶ 1.

4

He has passed each of these tests.[15]  Mr. Speckin is also a member of the Midwestern Association of Forensic Scientists and the American Society of Testing and Materials (ASTM International).[16]  Additionally, he has authored numerous articles and papers about forensic examinations, and has written a chapter in The Encyclopedia of Crime and Punishment related to documents and handwriting.[17]

Mr. Kosnoff raises a two-decade-old decision involving Mr. Speckin's work on ink dating, which is not at issue here.  The *Ethan Allen* court also did not pass on Mr. Speckin's qualifications or credentials as an expert; instead, its analysis was solely focused on whether the ink aging technique yielded a high degree of scientific certainty.[18]  Further, in a case that *Ethan Allen* quoted, the court notably found that Mr. Speckin's testimony on other forensic techniques was "convincing" and "persuasive."[19]  And in the meantime, other courts have accepted Mr. Speckin's expert testimony on ink aging techniques.[20]  He has also been qualified as an expert since then, including in this district, on forensics matters.[21]

---

[15]  Speckin 1/22/21 Decl. at ¶ 1.

[16]  Speckin 1/22/21 Decl. at ¶ 2.

[17]  Speckin 1/22/21 Decl. at ¶ 2.

[18]  *EEOC v. Ethan Allen, Inc.*, 259 F. Supp.2d 625, 634–37 (N.D. Ohio 2003).  The decision the court cites, in addition to coming from an international court, was later reversed on appeal.

[19]  *Aptix Corp. v. Quickturn Design Systems Inc.*, No. 98-00762, 2000 WL 852813, at *9, *15, *17 (N.D. Cal. June 14, 2000) ("Although certain of the techniques used by the forensic experts are not convincing, other tests and conclusions by them are convincing . . . ."), *aff'd in pertinent part*, 269 F.3d 1369 (Fed. Cir. 2001).

[20]  *See Rezende v. Citigroup Global Mkts., Inc.*, No. 09 Civ. 9392 (HB), 2011 WL 1796410, at *1 (S.D.N.Y. Apr. 29, 2011); *JJK Industries v. KPlus Inc.*, 447 F. Supp.2d 713, 731–32 (S.D. Tex. 2006).

[21]  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No.04-1371-JJF, 2007 WL 7658923, at *3–*4 (D. Del. Sept. 14, 2007).

Importantly, courts have specifically relied on Mr. Speckin's expert opinions that are similar to those he offers here.[22] The California Court of Appeal relied on his opinion in part when it upheld a decision to terminate litigation because of a party's "pervasive misconduct."[23] In that case, as here, Mr. Speckin performed a forensic analysis of copied documents, which the trial court "credited" as evidence that the plaintiff's employee engaged in "questionable conduct."[24] Further, a court in this district found that Mr. Speckin's testimony about photocopied documents "comport[ed] with the requirements of Rule 702 and *Daubert*."[25]

Another expert in the field has also submitted a declaration in which he concurs with the findings of Speckin's January 22, 2021 declaration. *See* Larry Stewart's February 16, 2021 Declaration.

It is hard to see what Mr. Speckin's investments in other businesses have to do with his qualifications as an expert. That he has an ownership interest in a forensics lab that works with spouses suspecting infidelity is also an odd issue to challenge. And the list of forensics services that Mr. Kosnoff cites actually sets out work that his company performs, not necessarily services that he personally undertakes.[26]

---

[22] *See, e.g.*, *Nord Service, Inc. v. Palter*, 548 F. Supp.2d 366, 367, 374–75 (E.D. Tex. 2008) (denying motion to strike Speckin's testimony, which partly involved analyzing copies of signatures and photocopied documents); *In re Edwin L. McNeilly Revocable Trust*, No. 349360, 2020 WL 1897440, at *3, *6 (Mich. Ct. App. 2020) (finding that a plaintiff's forgery claim was not frivolous because it was supported by Speckin's findings and expert witness testimony regarding signature samples).

[23] *Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th 736, 765–66, 770 (Cal. Ct. App. 2007).

[24] *Id.* at 754–55, 770.

[25] *Power Integrations, Inc.*, 2007 WL 7658923, at *3–*4.

[26] D.I. 2204-1 at ¶ 3.

## CONCLUSION

For the foregoing reasons, the Court should reject the Mr. Kosnoff's motion to submit a sur-reply and motion to strike.

| | |
|---|---|
| Dated: February 16, 2021 | Respectfully Submitted, |
| By: /s/ Erin R. Fay<br>Erin R. Fay (No. 5268) | By: /s/ Stamatios Stamoulis<br>Stamatios Stamoulis (No. 4606) |

| | |
|---|---|
| **Bayard, P.A.**<br>Gregory J. Flasser (No. 6154)<br>600 North King Street, Suite 400<br>Wilmington, Delaware 19801<br>Telephone: (302) 655-5000<br>Email: efay@bayardlaw.com<br>gflasser@bayardlaw.com<br>**Shipman & Goodwin LLP**<br>James P. Ruggeri (admitted *pro hac vice*)<br>Joshua D. Weinberg (admitted *pro hac vice*)<br>Michele Backus Konigsberg (admitted *pro hac vice*)<br>1875 K Street, NW, Suite 600<br>Washington, D.C. 20003<br>Tel: (202) 469-7750<br><br>**Wilmer Cutler Pickering Hale and Dorr LLP**<br>Philip D. Anker (*pro hac vice* pending)<br>7 World Trade Center<br>250 Greenwich Street<br>New York, N.Y. 10007<br>Tel: (212) 230-8890<br><br>**Wilmer Cutler Pickering Hale and Dorr LLP**<br>Danielle Spinelli (admitted *pro hac vice*)<br>Joel Millar (*pro hac vice* pending)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue N.W.<br>Washington, D.C. 20006<br>Tel: (202) 663-6000<br><br>*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company and Twin City Fire Insurance Company* | **Stamoulis & Weinblatt LLC**<br>800 N. West Street<br>Third Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 999-1540<br>Facsimile: (302) 762-1688<br><br>**O'Melveny & Myers LLP**<br>Tancred Schiavoni (admitted *pro hac vice*)<br>Gary Svirsky (*pro hac vice* pending)<br>Andrew Kirschenbaum (admitted *pro hac vice*)<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036-6537<br>Telephone: 212-326-2000<br><br>*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company* |