

FILED

2021 FEB 22  AM 10: 34

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | | Case No. 20-10343 (LSS) |
| Debtors. | | Jointly Administered |

**OBJECTION OF JOHN DOE NO. 59969 TO
HARTFORD AND CENTURY'S MOTION FOR AN ORDER
(I) AUTHORIZING CERTAIN RULE 2004 DISCOVERY AND
(II) GRANTING LEAVE FROM LOCAL RULE 3007-1(f)
TO PERMIT THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS**

### INTRODUCTION

John Doe No. 59969 ("DOE") is an individual who has timely filed a claim against the debtor

Boy Scouts of America, and is listed in Hartford and Century's ("H&C") Motion, Exhibit C,[1] as No.

690, Claimant No. 59969.   H&C's Motion would require DOE to provide written discovery

responses and deposition testimony, and then be subject to the filing of Substantive Omnibus

Objections.  The overall rationale of the Motion is H&C's assertion that there is widespread fraud

on the part of the claimants, and they need discovery to flush out the miscreants.  Doe objects[2] to the

Motion, and requests the Court to deny it as it applies to him.

---

[1] Misstated as **Exhibit A** in the Notice of Motion.

[2] Counsel for H&C has graciously agreed to extend the time for filing until 4:00 pm on February 8, 2021, and to file this Objection with the Court electronically.

## THE ALLEGATIONS OF FRAUD

It is tempting to challenge broadly H&C's fraud allegations, because while such assertions are not uncommon in sex abuse litigation, they are rarely proven.[3]  It is not surprising that individuals bringing claims as adult men, who were sexually abused as young children, will not remember at all, or will remember inaccurately, details of the events.  Even the assertion that the total number of claims is suspiciously high, is specious.   All the studies of sexual abuse in America support the proposition that it is a grossly under-reported crime, with the most common conclusion being that only about 10% is reported.  There are many reasons for this failure to disclose, but the predominant one is shame, particularly in male upon male abuse.  However, recent experience suggests that in highly publicized institutional abuse claims such as this, the presence of many peers with similar experiences gives male survivors "permission" to talk about their abuse, and seek some form of closure.

Surprisingly, the Court will search H&C's papers in vain for the allegations of fraud relating to DOE's claim, either by specific reference to his claim form, or by their general description of disqualifying conduct.  DOE's counsel is a solo practitioner who represents only 7 individuals in this matter, has not advertised for BSA abuse survivors, and has made no public statements about this litigation.[4]  Indeed, as will be seen, DOE's claim is well documented and including him in a Motion

---

[3]For example, in the 2003 Boston Archdiocese settlement there were 552 claims which were arbitrated, only 10 were questioned as to the accuracy of the allegations, but none were determined to be fraudulent.

[4]DOE's counsel has represented sexual abuse survivors for over 30 years, presently limits his practice to such clients, and has maintained the same website, unchanged, for several years: www.dursolaw.com.

whose thrust is about fraud is at best unwarranted, and at worst defamatory.

### DOE'S CLAIM

A review of DOE's claim will reveal the following information: He is a 70 year old individual, presently ████████████████, who was sexually abused as a child by his ████████████████ He is an engineer, ████████████████████████████ Universities, and he has been married for 30 years. ████████████████████ while a ████████████████████████████████████ He described his abuse in detail. He told his parents about the abuse, and they reported it to the scout authorities.

DOE did not reasonably understand that he had been harmed by ████████████████ when he was called upon to provide a eulogy for a friend who had been an avid scouter. That experience lead him to start thinking about his abuse and the effects on his life. Massachusetts has a sexual abuse statute of limitations, with a seven year discovery rule, which has retroactive effect.[5] The discovery rule is triggered by a "watershed event."[6] The eulogy was such an event.

Based upon the above information, DOE has set forth the elements of a valid claim, with no indicia of fraud. But in addition, attached to his claim are 18 pages of documents, including correspondence, official Boy Scouts forms, and admissions of improper conduct by the person accused, all made contemporaneously with the time period of the alleged abuse. It is difficult to imagine a claim less likely to be the subject of fraud allegations. It suggests that the claim was not read before it was included in H&C's parade of horribles.

---

[5]See G.L. c. 260, §4C½. *Sliney v. Previte*, 473 Mass. 283 (2015).

[6]See *Martin v. Sullivan*, 2008 Mass. Super. LEXIS 68

**H&C'S RESPONSE**

When challenged, during a meet and confer, for a reason to select DOE's claim for discovery, given the detail of the events and the documentation, counsel seemed to concede that there was no fraud issue with this claim. The focus then shifted to the statute of limitations. But unlike the fraud allegations, H&C has not set forth in its Motion any special reasons for believing, or any evidence, that there are wide-spread statute of limitations defects in the claims. Rather, an examination of that issue is likely to be entirely fact dependent in each claim, and a decision in one case is unlikely to shed any light on any other case. This is particularly true since the limitations rules will vary widely among the several states.

**CONCLUSION**

The moving parties, H&C, have not set forth an adequate basis for singling out DOE's claim for the special scrutiny they seek. There is nothing in their Motion which refers to DOE, and no conduct of counsel to which they can point. Their fraud argument is totally irrelevant, and the statute of limitation inquiry will not advance any meaningful purpose. Therefore DOE respectfully requests the Court to deny H&C's Motion.

By his/her/its/their Attorney,
/s/ *Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
Mass. BBO # 139340
Law Office of Carmen L. Durso
175 Federal Street, Suite 1425
Boston, MA 02110-2287
617-728-9123  / *carmen@dursolaw.com*
February 8, 2021

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached document was served upon the attorney of

record for each party, by email on February 8, 2021.

/s/ Carmen L. Durso
CARMEN L. DURSO, ESQUIRE
Mass. BBO # 139340