IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: March 15, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**TENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR
THE PERIOD FROM DECEMBER 1, 2020 THROUGH DECEMBER 31, 2020**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | December 1, 2020 through December 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $837,406.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 12,415.20 |

This is a:      x   monthly          interim          final application.

        The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $ 6,064.88 | $619,406.00[2] | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $ 3,045.94 | $515,736.40 | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $ 3,681.07 | $527,694.80 | $ 3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $ 5,651.98 | $380,703.60 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $ 6,612.09 | $542,738.80 | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $658,721.00 | $31,487.15 | $526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $588,902.00 | $15,777.88 | $471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $666,283.50 | $19,826.31 | $533,026.80 | $19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $504,479.00 | $11,755.14 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 96.90 | $115,795.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 74.80 | $ 85,646.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 5.60 | $ 6,300.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 38.30 | $ 41,938.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 2.50 | $ 2,687.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 3.30 | $ 3,547.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 56.60 | $ 60,845.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 50.50 | $ 51,762.50 |

---

[2] This amount reflects an agreed upon reduction of $2,000.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 1.60 | $     1,592.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $   995.00 | 43.60 | $   43,382.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $   950.00 | 3.90 | $     3,705.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 17.60 | $   16,280.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $   895.00 | 78.10 | $   69,899.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $   850.00 | 78.50 | $   66,725.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 | 147.30 | $121,522.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 30.20 | $   24,915.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $   825.00 | 6.60 | $     5,445.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $   795.00 | 2.00 | $     1,590.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $   795.00 | 67.40 | $   53,583.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $   775.00 | 6.00 | $     4,650.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $   650.00 | 34.50 | $   22,425.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $   625.00 | 32.50 | $   20,312.50 |
| Leslie A. Forrester | Law Library Director 2003 | $   450.00 | 3.40 | $     1,530.00 |
| Patricia J. Jeffries | Paralegal 1999 | $   425.00 | 0.50 | $        212.50 |
| Karina K. Yee | Paralegal 2000 | $   425.00 | 16.90 | $     7,182.50 |
| Cheryl A. Knotts | Paralegal 2000 | $   395.00 | 2.60 | $     1,027.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 2.90 | $  1,015.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 5.40 | $  1,890.00 |

**Grand Total:**     **$837,406.00**
**Total Hours:**            **910.00**
**Blended Rate:**        **$920.23**

**COMPENSATION BY CATEGORY**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 385.10 | $351,841.50 |
| Bankruptcy Litigation | 33.00 | $ 26,854.00 |
| Case Administration | 13.00 | $  6,037.50 |
| Claims Admin./Objections | 86.50 | $ 68,228.50 |
| Compensation of Professional | 14.80 | $ 11,048.00 |
| Compensation of Prof./Others | 5.80 | $  3,777.00 |
| Financing | 8.20 | $  7,845.00 |
| General Creditors Comm. | 122.80 | $127,945.50 |
| Insurance Coverage | 34.40 | $ 35,447.00 |
| Mediation | 42.10 | $ 45,284.50 |
| Plan & Disclosure Statement | 93.80 | $ 94,429.50 |
| Retention of Prof/Others | 68.70 | $ 57,423.00 |
| Stay litigation | 1.80 | $  1,245.00 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Attorney Service | First American Title Insurance Company | $2,250.00 |
| Conference Call | AT&T Conference Call; Loop Up | $  174.07 |
| Delivery/Courier Service | Advita | $    7.50 |
| Federal Express |  | $  983.98 |
| Legal Research | Lexis/Nexis | $  160.26 |
| Outside Services | Everlaw; MiPro | $7,530.00 |
| Court Research | Pacer | $  141.70 |
| Postage | US Mail | $  126.80 |
| Reproduction Expense |  | $    5.20 |
| Reproduction/Scan Copy |  | $  370.00 |
| Research | Everlaw | $  665.69 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline:  March 15, 2021 at 4:00 p.m.** |
| | | **Hearing Date:  To be scheduled if necessary** |

**TENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR
THE PERIOD FROM DECEMBER 1, 2020 THROUGH DECEMBER 31, 2020**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its Tenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2020 through December 31, 2020 (the "Application").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $837,406.00 and actual and necessary expenses in the amount of $12,415.20 for a total allowance of $849,821.20 and payment of $669,924.80 (80% of the allowed fees) and reimbursement of $12,415.20 (100% of the allowed expenses) for a total payment of $682,340.00 for the period December 1, 2020 through December 31, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee, was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  As set forth in its employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.     A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.      PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. Invoices of MIPRO, in the total amount of $7,480.00, are attached as Exhibit "B".  PSZ&J has paid those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit "A," and has included payment of the MIPRO invoices as part of its request in this Application for reimbursement of expenses.

## Summary of Services Rendered

13.    The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

14.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

15.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed New Jersey real property issues; (2) reviewed and analyzed real estate valuation issues; (3) performed work regarding a Local Council asset restrictions review project; (4) reviewed and analyzed issues regarding restricted gifts; (5) reviewed and analyzed issues regarding the Palisades Interstate Park litigation; (6) reviewed and analyzed Local Council real estate documents; (7) performed work regarding Local Council discovery issues; (8) reviewed and monitored appraisal process issues; (9) prepared for and attended conference calls with the Local Council Asset subcommittee; (10) reviewed and analyzed protocols for review of new property information received from Local Councils; (11) reviewed and analyzed properties listed in Schedules; (12) reviewed and analyzed issues regarding Camp Hawkeye deed restrictions; (13) reviewed and analyzed issues regarding restrictions on use and transfer relating to Blue Ridge Mountain Reservation; (14) reviewed and analyzed issues regarding Blue Mountain, Martin Scout Ranch, Mount Baker, and Fire Mountain Scout Camp; (15) reviewed and analyzed issues regarding

requesting additional documents; (16) reviewed and analyzed tracing issues; (17) reviewed and

analyzed issues regarding Chief Seattle Council Cascade Scout Reservation and Service Center;

(18) reviewed and analyzed issues regarding missing or incomplete documentation;

(19) reviewed and analyzed real property restrictions relating to Rancho Allegro property;

(20) reviewed and analyzed issues regarding Camp Gorsuch, Eagle River Scout Camp, and

Denali HAB; (21) performed work relating to spreadsheets summarizing information regarding

documents provided by Local Councils; (22) reviewed and analyzed issues regarding the Cowles

Scout Reservation; (23) reviewed and analyzed issues regarding modeling for asset analyses;

(24) reviewed and analyzed issues regarding Camp Rock Enon, Camp Powhatan, Camp Ottari,

High Knoll Trail Camp, Camp Parsons, and Denali High Adventure Scout Base; (25) reviewed

and analyzed issues regarding Cowles Scout Reservation; (26) reviewed and analyzed a

declaratory relief complaint regarding BSA restricted assets; (27) attended to issues regarding

CBRE appraisals; (28) reviewed and analyzed issues regarding the Cleland Scout Reservation;

(29) reviewed and analyzed issues regarding Camp Fife, Camp Mountaineer, and the Buckskin

Scout Reservation; (30) reviewed and analyzed issues regarding Fort Steuben Reservation, Camp

Decorah, and Camp Rokilio; (31) reviewed and analyzed issues regarding Buckskin Scout

Reservation; (32) reviewed and analyzed issues regarding the Fort Steuben Reservation;

(33) reviewed and analyzed issues regarding unrecorded documents and restrictions on use and

transfer; (34) reviewed and analyzed issues regarding conditional use permits; and

(35) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $351,841.50;    Hours:  385.10

**B.**    **Bankruptcy Litigation**

17.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding Local Council document production; (2) reviewed and analyzed a BSA draft Bankruptcy Rule 2004 motion relating to insurers; (3) performed work regarding a joinder to the BSA Bankruptcy Rule 2004 motion; (4) reviewed and analyzed Local Council compliance and discovery issues; (5) performed work regarding Hearing Binders; (6) reviewed and analyzed case strategy issues; (7) performed work regarding a complaint for declaratory judgment; (8) reviewed and analyzed lien perfection issues; (9) reviewed and analyzed issues regarding CBRE appraisals; (10) reviewed and analyzed discovery responses from the Atlanta, Greater New York and Andrew Jackson Local Councils; (11) reviewed and analyzed Hartford discovery request issues; and (12) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $26,854.00;    Hours:  33.00

**C.**    **Case Administration**

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) maintained document control; and (4) conferred regarding case administration issues.

Fees:  $6,037.50;    Hours:  13.00

### D.        Claims Admin/Objections

19.       This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) performed work regarding claims data summaries and analysis; (2) reviewed and analyzed claims data regarding demand formulation; (3) responded to inquiries from claimants' counsel regarding filing claims, confirmations and amendments, and the process forward; (4) reviewed and analyzed inquiries regarding roster requests; (5) reviewed and analyzed normalized claims data issues; (6) reviewed and analyzed claims valuation issues; (7) reviewed and analyzed issues regarding filing late claims; (8) reviewed and analyzed issues regarding joint and several liability issues; (9) performed work regarding PBGC issues; (10) reviewed and analyzed claim amendment issues; (11) reviewed and analyzed claims data by law firm; (12) reviewed and analyzed the Archdiocese of Portland bankruptcy regarding claims resolution procedures; (13) reviewed and analyzed a Bates White summary of claim normalization; (14) attended to issues regarding the Hartford discovery requests; (15) attended to claim reconciliation issues; (16) reviewed and analyzed issues regarding duplicate claims; and (17) corresponded and conferred regarding claim issues.

Fees:  $68,228.50;      Hours:  86.50

### E.    Compensation of Professionals

20.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its September and October 2020 monthly, and Third quarterly, fee applications.

Fees:  $11,048.00;    Hours:  14.80

### F.    Compensation of Professionals--Others

21.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Keen and Pasich fee applications.

Fees:  $3,777.00;    Hours:  5.80

### G.    Financing

22.    This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed memorandums regarding JPM mediation proposals; (2) reviewed and analyzed the JPM mediation response to lien challenge claims; (3) reviewed and analyzed the JPM response to draft complaint; (4) reviewed and analyzed mediation settlement proposals and strategy relating to JPM lien challenge; (5) attended to deadline issues; (6) attended to issues regarding a fourth challenge extension stipulation; (7) reviewed and analyzed issues regarding a standing motion; and (8) corresponded and conferred regarding financing issues.

Fees:  $7,845.00;    Hours:  8.20

**H.    General Creditors Committee**

23.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and participated in telephonic conferences with the Local Council working group; (2) reviewed and analyzed issues regarding property valuations and mediation strategies; (3) prepared for and participated in telephonic conferences with the Debtors' counsel regarding case issues; (4) prepared for and participated in weekly telephonic conferences with the Committee; (5) reviewed and analyzed insurance issues; (6) reviewed and analyzed issues regarding mediation; (7) reviewed and analyzed claims normalization issues; (8) performed work regarding a monetary demand outline; (9) attended to global offer issues; (10) attended to issues regarding a review of restrictions on national assets; (11) reviewed and analyzed Plan issues; (12) reviewed and analyzed mediation schedule issues; (13) attended to CBRE issues; (14) reviewed and analyzed PBGC issues; (15) attended to town hall issues; and (16) corresponded and conferred regarding general creditors committee issues.

Fees:  $127,945.50;    Hours:  122.80

**I.    Insurance Coverage**

24.    This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Local Council insurance coverage issues; (2) reviewed and analyzed Local Council policy listings; (3) prepared for and participated in telephonic conferences with representatives of the Coalition regarding insurance issues; (4) reviewed and analyzed channeling injunction issues; (5) reviewed and analyzed global offer issues; (6) reviewed and analyzed substantial contribution issues; (7) reviewed and

analyzed issues regarding LMI; (8) reviewed and analyzed issues regarding the structure of insurance trust and settlements; (9) reviewed and analyzed Bates and White data and coverage charts; (10) reviewed and analyzed continuous trigger issues; (11) prepared for and participated in teleconferences with the insurance working group; (12) attended to strategy issues; (13) reviewed and analyzed issues regarding ORIC; (14) reviewed and analyzed Hartford issues; and (15) corresponded and conferred regarding insurance issues.

Fees:  $35,447.00;     Hours:  34.40

### J.    Mediation

25.    This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended a mediation session on December 4, 2020 regarding BSA assets and Local Council issues; (2) prepared for and attended mediation calls on November 19 and December 3, 10, and 17, 2020; (3) prepared for and attended a teleconference with Coalition representatives regarding demand issues; (4) reviewed and analyzed Plan strategy issues; (5) reviewed and analyzed business plan issues; (6) reviewed and analyzed issues regarding Hartford; (7) prepared for and attended a mediation session on December 29, 2020 regarding claims information and normalization; and (8) corresponded and conferred regarding mediation issues.

Fees:  $45,284.50;     Hours:  42.10

### K.    Plan and Disclosure Statement

26.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed issues regarding Trust Distribution Procedures; (2) reviewed and analyzed distribution issues; (3) reviewed and analyzed Plan strategy issues; (4) attended to settlement strategy issues; (5) reviewed and analyzed issues regarding third-party releases and Local Councils; (6) performed research; (7) performed work regarding a global demand; (8) prepared for and attended a telephonic conference with representatives of the Coalition regarding global claim demand; (9) reviewed and analyzed issues regarding the "best interests" test; (10) reviewed and analyzed Plan-related insurance issues; (11) reviewed and analyzed allocation protocol issues; (12) performed work regarding settlement parameters for Plan; (13) reviewed and analyzed issues regarding the BSA business plan; (14) performed work regarding Plan formulation issues; (15) drafted a global demand letter; (16) reviewed and analyzed channeling injunction issues; (17) reviewed and analyzed an amended Plan of reorganization; and (18) conferred and corresponded regarding Plan issues.

Fees: $94,429.50;    Hours: 93.80

**L.    Retention of Professionals--Others**

27.    This category relates to the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding the CBRE retention, including reviewing and responding to comments of the United States Trustee; (2) performed work regarding supplemental declarations and a revised proposed order in the CBRE matter; (3) performed work regarding the Rock Creek retention; and (4) corresponded and conferred regarding retention issues.

Fees: $57,423.00;    Hours: 68.70

**M.     Stay Litigation**

28.     This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things, performed work regarding re-noticing the motion to enforce stay against the Middle Tennessee Local Council and performed work regarding a stipulation.

Fees:  $1,245.00;      Hours:  1.80

**Valuation of Services**

29.     Attorneys and paraprofessionals of PSZ&J expended a total 910.00 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 96.90 | $115,795.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 74.80 | $ 85,646.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 5.60 | $   6,300.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 38.30 | $ 41,938.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 2.50 | $   2,687.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 3.30 | $   3,547.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 56.60 | $ 60,845.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 50.50 | $ 51,762.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 1.60 | $ 1,592.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 43.60 | $ 43,382.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 3.90 | $ 3,705.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 17.60 | $ 16,280.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 78.10 | $ 69,899.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 78.50 | $ 66,725.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 147.30 | $121,522.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 30.20 | $ 24,915.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 6.60 | $ 5,445.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $ 795.00 | 2.00 | $ 1,590.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 67.40 | $ 53,583.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 775.00 | 6.00 | $ 4,650.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $ 650.00 | 34.50 | $ 22,425.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 32.50 | $ 20,312.50 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 3.40 | $ 1,530.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 0.50 | $ 212.50 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 16.90 | $ 7,182.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 2.60 | $ 1,027.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 2.90 | $ 1,015.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 5.40 | $ 1,890.00 |

**Grand Total:** **$837,406.00**
**Total Hours:** **910.00**
**Blended Rate:** **$920.23**

30.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $837,406.00.

31.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of December 1, 2020 through December 31, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $837,406.00 and actual and necessary expenses in the amount of $12,415.20 for a total allowance of $849,821.20 and payment of $669,924.80 (80% of the allowed fees) and reimbursement of $12,415.20 (100% of

the allowed expenses) be authorized for a total payment of $682,340.00; and for such other and

further relief as this Court deems proper.

Dated:  March 1, 2021              PACHULSKI STANG ZIEHL & JONES LLP


                                   /s/ James E. O'Neill
                                   James I. Stang (CA Bar No. 94435)
                                   Robert B. Orgel (CA Bar No. 10187)
                                   James E. O'Neill (DE Bar No. 4042)
                                   John W. Lucas (CA Bar No. 271038)
                                   Ilan W. Scharf (NY Bar No. 4042107)
                                   919 North Market Street, 17th Floor
                                   PO Box 8705
                                   Wilmington, Delaware 19899 (Courier 19801)
                                   Telephone:  (302) 652-4100
                                   Facsimile:   (302) 652-4400
                                   Email:  jstang@pszjlaw.com
                                           rorgel@pszjlaw.com
                                           joneil@pszjlaw.com
                                           jlucas @psjlaw.com
                                           ischarf@pszjlaw.com

                                   Counsel to the Tort Claimants Committee

## **DECLARATION**

STATE OF DELAWARE          :
                                                  :
COUNTY OF NEW CASTLE  :

    James E. O'Neill, after being duly sworn according to law, deposes and says:

    a)  I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

    b)  I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

    c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

        /s/ James E. O'Neill
         James E. O'Neill