# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## DISCLOSURE STATEMENT FOR THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
        mlinder@whitecase.com
        laura.baccash@whitecase.com
        blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
        aremming@morrisnichols.com
        emoats@morrisnichols.com
        ptopper@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*

Dated: March 1, 2021
        Wilmington, Delaware

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**THIS DISCLOSURE STATEMENT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT. ACCEPTANCES OR REJECTIONS OF THE PLAN MAY NOT BE SOLICITED UNTIL THE BANKRUPTCY COURT APPROVES THIS DISCLOSURE STATEMENT. ACCORDINGLY, THIS IS NOT A SOLICITATION OF A VOTE TO ACCEPT OR REJECT THE PLAN. THIS DISCLOSURE STATEMENT MAY BE REVISED TO REFLECT DEVELOPMENTS THAT OCCUR AFTER THE DATE HEREOF BUT PRIOR TO THE BANKRUPTCY COURT'S APPROVAL OF THIS DISCLOSURE STATEMENT.**

[*Remainder of Page Intentionally Left Blank*]

## TABLE OF CONTENTS

Page

ARTICLE I. IMPORTANT DATES ....................................................................................... 1

ARTICLE II. INTRODUCTION ............................................................................................. 5

A.    Background ................................................................................................................ 5
B.    Voting and Confirmation .......................................................................................... 7
C.    Overview of the Plan ................................................................................................ 9

ARTICLE III. ORGANIZATION OVERVIEW AND CORPORATE HISTORY ............... 19

A.    Organization Overview ........................................................................................... 19
B.    Corporate Structure ................................................................................................. 27
C.    Revenue Sources and Assets ................................................................................... 29
D.    Prepetition Capital Structure ................................................................................... 31
E.    Local Councils and Chartered Organizations ......................................................... 34
F.    Insurance Coverage for Abuse Claims .................................................................... 34
G.    Prepetition Insurance Coverage Actions ................................................................. 37

ARTICLE IV. EVENTS LEADING TO THE CHAPTER 11 CASES .................................. 38

A.    The BSA's Prepetition Global Resolution Efforts and Prepetition Claims Against the
      BSA .......................................................................................................................... 38
B.    The Impact of Statutes-of-Limitation Changes on Claims against the BSA and Non-
      Debtor Stakeholders ................................................................................................ 39

ARTICLE V. THE CHAPTER 11 CASES ........................................................................... 40

A.    Commencement of the Cases and First Day Relief ................................................. 40
B.    Procedural Motions ................................................................................................. 41
C.    Critical Vendors and Shared Services ..................................................................... 41
D.    Retention of Chapter 11 Professionals .................................................................... 41
E.    Appointment of Fee Examiner ................................................................................ 42
F.    Appointment of Statutory Committees, Ad Hoc Committee, and Future Claimants'
      Representative .......................................................................................................... 43
G.    Filing of Schedules of Assets and Liabilities and Statements of Financial Affairs ... 44
H.    Exclusivity .............................................................................................................. 45
I.    Removal ................................................................................................................... 46
J.    Preliminary Injunction ............................................................................................ 46
K.    Mediation ................................................................................................................ 48
L.    Evaluation of Estate Assets ..................................................................................... 49
M.   Bar Dates and Body of Claims ................................................................................ 50
N.    Assumption and Rejection of Unexpired Leases and Executory Contracts ............ 52
O.    Stay Relief Matters ................................................................................................. 53
P.    Other Litigation ....................................................................................................... 54
Q.    Material Settlements and Resolutions ..................................................................... 56

ARTICLE VI. OVERVIEW OF THE PLAN ....................................................................... 60

A.    General ..................................................................................................................... 60
B.    Distributions ............................................................................................................ 60
C.    Treatment of Unclassified Claims ........................................................................... 61

i

D.       Classification of Claims and Interests Summary .................................................... 63
E.       Treatment of Claims and Interests ......................................................................... 68
F.       Elimination of Vacant Classes ............................................................................... 75
G.       Cramdown ............................................................................................................... 75
H.       Means for Implementation of the Plan ................................................................... 75
I.        The Settlement Trust ............................................................................................... 87
J.        Vesting of Assets in the Reorganized BSA ............................................................ 93
K.       Retention of Certain Causes of Action ................................................................... 94
L.       Workers' Compensation Programs ......................................................................... 94
M.       Treatment of Executory Contracts and Unexpired Leases ..................................... 94
N.       Provisions Governing Distributions ....................................................................... 99
O.       Procedures for Resolving Contingent, Unliquidated, and Disputed Claims ......... 103
P.       Discharges, Channeling Injunction, Releases, Exculpations and Injunctions; Survival of
         Indemnification and Exculpation Obligations ...................................................... 107
Q.       Reservation of Rights ............................................................................................ 116
R.       Disallowed Claims ................................................................................................ 117
S.       Indemnities ........................................................................................................... 117
T.       The Official Committees and the Future Claimants' Representative ..................... 118
U.       Retention of Jurisdiction ...................................................................................... 118
V.       Miscellaneous Provisions ..................................................................................... 122

ARTICLE VII. SOLICITATION PROCEDURES AND REQUIREMENTS ...................... 126

A.       Voting Summary and Deadline .............................................................................. 126
B.       Solicitation Procedures ......................................................................................... 128
C.       Classes Entitled to Vote on the Plan ..................................................................... 133
D.       Certain Factors to Be Considered Prior to Voting ................................................ 135

ARTICLE VIII. CONFIRMATION PROCEDURES ......................................................... 136

A.       Hearing on Plan Confirmation .............................................................................. 136
B.       Requirements for Confirmation of the Plan .......................................................... 136
C.       Acceptance by an Impaired Class .......................................................................... 137
D.       Best Interests of Creditors / Liquidation Analysis ............................................... 137
E.       Feasibility ............................................................................................................. 139
F.       Conditions Precedent to Confirmation of the Plan ............................................... 139
G.       Conditions Precedent to the Effective Date .......................................................... 140
H.       Waiver of Conditions Precedent to the Effective Date ......................................... 142
I.        *Vacatur* of Confirmation Order; Non-Occurrence of Effective Date ................... 142

ARTICLE IX. RISK FACTORS ........................................................................................ 142

A.       Risks Relating to the Debtors' Operations, Financial Condition and Certain Bankruptcy
         Law Considerations .............................................................................................. 143
B.       Additional Factors ................................................................................................ 150

ARTICLE X. CERTAIN UNITED STATES FEDERAL INCOME TAX CONSEQUENCES
         OF THE PLAN ...................................................................................................... 151

A.       The Settlement Trust ............................................................................................ 152
B.       Holders of Claims ................................................................................................ 153
C.       Holders that are Non-United States Persons ......................................................... 155

ARTICLE XI. CONCLUSION AND RECOMMENDATION ........................................... 155

**Table of Exhibits**

EXHIBIT A    Plan of Reorganization

EXHIBIT B    Liquidation Analysis

EXHIBIT C    Financial Projections Analysis

# ARTICLE I. IMPORTANT DATES[2]

| Event[3] | Date |
|---|---|
| Abuse Survivor Plan Solicitation Directive Deadline | March 31, 2021 |
| Disclosure Statement Objection Deadline | April 2, 2021 at 4:00 p.m. (Eastern Time) |
| Disclosure Statement Hearing | April 15, 2021 at 10:00 a.m. (Eastern Time) |
| Voting Record Date | April 15, 2021 |
| Deadline to Mail Solicitation Packages and Related Notices | April 29, 2021 |
| Rule 3018(a) Motion Deadline | May 14, 2021 |
| Deadline to File Plan Supplement | June 14, 2021 |
| Voting Resolution Event Deadline | June 21, 2021 |
| Voting Deadline | June 28, 2021 at 4:00 p.m. (Eastern Time) |
| Plan Objection Deadline | June 28, 2021 at 4:00 p.m. (Eastern Time) |
| Deadline to File Voting Report | July 12, 2021 |
| Confirmation Brief/Reply Deadline | July 12, 2021 |
| Confirmation Hearing | July 26, 2021 at 10:00 a.m. (Eastern Time) |

---

[2]    Certain of these proposed dates are subject to the Bankruptcy Court's availability.

[3]    Capitalized terms used in this summary of "Important Dates" and not otherwise defined herein or in the Plan shall have the meaning ascribed to them in the Solicitation Procedures Motion (as defined below).

## DISCLAIMER

THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS INCLUDED HEREIN FOR PURPOSES OF SOLICITING VOTES TO ACCEPT, AND OBTAINING CONFIRMATION OF, THE PLAN AND MAY NOT BE RELIED UPON FOR ANY OTHER PURPOSE.

ALL CREDITORS ARE ENCOURAGED TO READ THIS DISCLOSURE STATEMENT AND ITS ATTACHED EXHIBITS, INCLUDING THE PLAN, IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN. PLAN SUMMARIES AND STATEMENTS MADE IN THIS DISCLOSURE STATEMENT ARE QUALIFIED IN THEIR ENTIRETY BY REFERENCE TO THE PLAN, THE EXHIBITS AND SCHEDULES ATTACHED TO THE PLAN, AND DOCUMENTS INCLUDED IN THE PLAN SUPPLEMENT, WHICH CONTROL OVER THE DISCLOSURE STATEMENT IN THE EVENT OF ANY INCONSISTENCY OR INCOMPLETENESS. THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT ARE MADE ONLY AS OF THE DATE OF THIS DISCLOSURE STATEMENT, AND THERE CAN BE NO ASSURANCE THAT THE STATEMENTS CONTAINED HEREIN WILL BE CORRECT AT ANY TIME AFTER THIS DATE. ALTHOUGH THE DEBTORS MAY SUBSEQUENTLY UPDATE THE INFORMATION IN THIS DISCLOSURE STATEMENT, THE DEBTORS HAVE NO AFFIRMATIVE DUTY TO DO SO, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, BY ORDER OF THE BANKRUPTCY COURT OR IN ACCORDANCE WITH APPLICABLE LAW.

ANY STATEMENTS IN THIS DISCLOSURE STATEMENT CONCERNING THE PROVISIONS OF ANY DOCUMENT ARE NOT NECESSARILY COMPLETE, AND IN EACH INSTANCE REFERENCE IS MADE TO SUCH DOCUMENT FOR THE FULL TEXT THEREOF.

THIS DISCLOSURE STATEMENT HAS BEEN PREPARED IN ACCORDANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE AND RULE 3016 OF THE BANKRUPTCY RULES AND NOT NECESSARILY IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER NON-BANKRUPTCY LAW.

PERSONS OR ENTITIES TRADING IN OR OTHERWISE PURCHASING, SELLING, OR TRANSFERRING CLAIMS AGAINST THE DEBTORS SHOULD EVALUATE THIS DISCLOSURE STATEMENT AND THE PLAN IN LIGHT OF THE PURPOSE FOR WHICH THEY WERE PREPARED.

THIS DISCLOSURE STATEMENT AND ANY DOCUMENTS APPROVED AS A PART OF THE SOLICITATION PACKAGE ARE THE ONLY DOCUMENTS TO BE USED IN CONNECTION WITH THE SOLICITATION OF VOTES ON THE PLAN. NO SOLICITATION OF VOTES MAY BE MADE UNTIL THE BANKRUPTCY COURT HAS APPROVED THIS DISCLOSURE STATEMENT AND THE DEBTORS HAVE DISTRIBUTED THIS DISCLOSURE STATEMENT IN ACCORDANCE WITH THE SOLICITATION PROCEDURES. NO PERSON HAS BEEN AUTHORIZED TO

DISTRIBUTE ANY INFORMATION CONCERNING THE PLAN OTHER THAN THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT AND ANY ACCOMPANYING DOCUMENTS.

THE DEBTORS' MANAGEMENT, WITH THE ASSISTANCE OF THE DEBTORS' FINANCIAL ADVISORS, PREPARED THE FINANCIAL PROJECTIONS APPENDED TO THIS DISCLOSURE STATEMENT.  ALTHOUGH THE DEBTORS HAVE PRESENTED THESE PROJECTIONS WITH NUMERICAL SPECIFICITY, THEY HAVE NECESSARILY BASED THE PROJECTIONS ON A VARIETY OF ESTIMATES AND ASSUMPTIONS THAT, ALTHOUGH CONSIDERED REASONABLE BY SENIOR LEADERSHIP OF THE DEBTORS AT THE TIME OF PREPARATION, MAY NOT BE REALIZED, AND ARE INHERENTLY SUBJECT TO SIGNIFICANT OPERATIONAL, ECONOMIC, AND FINANCIAL UNCERTAINTIES AND CONTINGENCIES, MANY OF WHICH WILL BE BEYOND THE DEBTORS' OR REORGANIZED BSA'S CONTROL.  THE DEBTORS CAUTION THAT THEY CANNOT MAKE ANY REPRESENTATIONS AS TO THE ACCURACY OF THESE PROJECTIONS OR TO THE DEBTORS' OR REORGANIZED BSA'S ABILITY TO ACHIEVE THE PROJECTED RESULTS.  SOME ASSUMPTIONS INEVITABLY WILL NOT MATERIALIZE. FURTHER, EVENTS AND CIRCUMSTANCES OCCURRING SUBSEQUENT TO THE DATE ON WHICH THESE PROJECTIONS WERE PREPARED MAY DIFFER FROM ANY ASSUMED FACTS AND CIRCUMSTANCES. ALTERNATIVELY, ANY EVENTS AND CIRCUMSTANCES THAT COME TO PASS MAY WELL HAVE BEEN UNANTICIPATED, AND THUS MAY AFFECT FINANCIAL RESULTS IN A MATERIALLY ADVERSE OR MATERIALLY BENEFICIAL MANNER. THE PROJECTIONS, THEREFORE, MAY NOT BE RELIED UPON AS A GUARANTY OR OTHER ASSURANCE OF THE ACTUAL RESULTS THAT WILL OCCUR.

CERTAIN OF THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS BY ITS NATURE FORWARD LOOKING AND CONTAINS ESTIMATES, ASSUMPTIONS, AND PROJECTIONS THAT MAY BE MATERIALLY DIFFERENT FROM ACTUAL FUTURE RESULTS.  THE WORDS "BELIEVE," "MAY," "WILL," "ESTIMATE," "CONTINUE," "ANTICIPATE," "INTEND," "EXPECT," AND SIMILAR EXPRESSIONS IDENTIFY THESE FORWARD-LOOKING STATEMENTS.  THESE FORWARD-LOOKING STATEMENTS ARE SUBJECT TO A NUMBER OF RISKS, UNCERTAINTIES, AND ASSUMPTIONS, INCLUDING THOSE DESCRIBED IN <u>ARTICLE IX</u>, "RISK FACTORS." IN LIGHT OF THESE RISKS AND UNCERTAINTIES, THE FORWARD-LOOKING EVENTS AND CIRCUMSTANCES DISCUSSED IN THIS DISCLOSURE STATEMENT MAY NOT OCCUR, AND ACTUAL RESULTS COULD DIFFER MATERIALLY FROM THOSE ANTICIPATED IN THE FORWARD-LOOKING STATEMENTS.  THE DEBTORS AND THE REORGANIZED BSA DO NOT UNDERTAKE ANY OBLIGATION TO PUBLICLY UPDATE OR REVISE ANY FORWARD- LOOKING STATEMENTS, WHETHER AS A RESULT OF NEW INFORMATION, FUTURE EVENTS, OR OTHERWISE.

EXCEPT WHERE SPECIFICALLY NOTED, THE FINANCIAL INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS NOT BEEN AUDITED BY A CERTIFIED PUBLIC ACCOUNTANT AND HAS NOT BEEN PREPARED IN ACCORDANCE WITH GENERALLY ACCEPTED ACCOUNTING PRINCIPLES.  THE

HISTORICAL INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS BEEN OBTAINED FROM SUCH REPORTS AND OTHER SOURCES OF INFORMATION AS ARE AVAILABLE TO THE DEBTORS.

AS TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS, AND OTHER ACTIONS OR THREATENED ACTIONS, THIS DISCLOSURE STATEMENT SHALL NOT CONSTITUTE OR BE CONSTRUED AS AN ADMISSION OF ANY FACT OR LIABILITY, STIPULATION OR WAIVER, BUT RATHER AS A STATEMENT MADE IN FURTHERANCE OF A SETTLEMENT OF SUCH CONTESTED MATTERS, ADVERSARY PROCEEDINGS, AND OTHER ACTIONS OR THREATENED ACTIONS.    THIS DISCLOSURE STATEMENT WILL NOT BE ADMISSIBLE IN ANY NON-BANKRUPTCY PROCEEDING, NOR SHALL THIS DISCLOSURE STATEMENT BE CONSTRUED TO BE CONCLUSIVE ADVICE ON THE TAX OR OTHER LEGAL EFFECTS OF THE PLAN AS TO HOLDERS OF CLAIMS AGAINST, OR INTERESTS IN, THE DEBTORS OR REORGANIZED BSA.  THE DEBTORS DO NOT REPRESENT OR WARRANT THAT THE INFORMATION CONTAINED HEREIN OR ATTACHED HERETO IS WITHOUT ANY MATERIAL INACCURACY OR OMISSION.

## ARTICLE II.  INTRODUCTION

A.    <u>Background</u>

This Disclosure Statement[4] is being furnished by the Debtors in connection with the *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (as such may be amended, altered, modified or supplemented from time to time, the "<u>Plan</u>"), dated March 1, 2021, pursuant to section 1125 of the Bankruptcy Code, and in connection with the solicitation of votes to accept or reject the Plan.[5]  A copy of the Plan is attached hereto as **<u>Exhibit A</u>**.  The rules of interpretation set forth in <u>Article I.B</u> of the Plan shall govern the interpretation of this Disclosure Statement.  **Please note that to the extent any inconsistencies exist between this Disclosure Statement and the Plan, the Plan governs in all respects.**

The BSA's charitable mission is to prepare young people for life by instilling in them the values of the Scout Oath and Law and encouraging them to be trustworthy, kind, friendly and helpful.  The BSA also trains young men and women in responsible citizenship, character development, and self-reliance through participation in a wide range of outdoor activities, educational programs, and, at older ages, career-oriented programs in partnership with community organizations.

Since its inception more than 110 years ago, more than 130 million young men and women have participated in the BSA's youth programs.  More than 35 million adult volunteers have helped carry out the BSA's mission.[6]  The BSA's alumni are legion among our nation's business, political, and cultural leaders.  Their legacy is the creation and support of Scouting units in virtually every corner of America and at U.S. military bases worldwide.  Today, the BSA remains one of the largest youth organizations in the United States and one of the largest Scouting organizations in the world, with approximately 1.1 million registered youth participants and approximately 400,000 adult volunteers.

The BSA welcomes all young men and women, regardless of gender, race, ethnic background, sexual orientation, disability, or gender identification, who are willing to accept Scouting's values and meet the other requirements of membership.  A Scout subscribes to the following oath: "On my honor I will do my best to do my duty to God and my country and to

---

[4]    Unless otherwise indicated herein, capitalized terms used but not otherwise defined in this Disclosure Statement have the meanings ascribed to such terms in <u>Article I.A</u> of the Plan.  To the extent that a term is defined in this Disclosure Statement and is defined in the Plan, the definition contained in the Plan controls.

[5]    As described in the *First Mediators' Report* filed on March 1, 2021 at Docket No. 2292 (the "<u>Mediators' Report</u>"), the Debtors, JPM, and the Creditors' Committee have reached an agreement in principle on the terms of a settlement that the Debtors have incorporated into the Plan.  The terms of the settlement are described in the term sheet attached to the Mediators' Report as <u>Exhibit A</u> (the "<u>Settlement Term Sheet</u>").  The Settlement Term Sheet addresses, among other things, the treatment of non-abuse general unsecured claims and JPM's secured claims and the resolution of estate challenges to JPM's prepetition security interests, including any such challenges that the Creditors' Committee could seek standing to pursue.  Although the settlement memorialized in the Settlement Term Sheet has been finalized, the Settlement Term Sheet remains subject to definitive documentation in all respects.  JPM and the Creditors' Committee are continuing to review the Plan and the Disclosure Statement, and each of their respective rights are reserved with respect to the Plan and the Disclosure Statement, including to ensure that the Plan and the Disclosure Statement appropriately implement the terms and conditions of the Settlement Term Sheet.

[6]    *See* BSA, *About the BSA*, https://www.scouting.org/about/.

obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight."[7]  Scouts are expected to conduct themselves in accordance with the Scout Law: to be "trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."[8]

To continue the BSA's long tradition of Scouting, the Debtors' seek approval of a plan of reorganization under chapter 11 of the Bankruptcy Code, which, if confirmed and consummated, will allow the Debtors, as Reorganized BSA, to emerge from bankruptcy, having fulfilled their dual restructuring goals of (a) providing an equitable, streamlined, and certain process by which Abuse Survivors may obtain compensation for Abuse and (b) ensuring that Reorganized BSA has the ability to continue its vital charitable mission.

The BSA's charitable mission of Scouting is supported by certain Entities that are not Debtors in these Chapter 11 Cases, including the Local Councils and the Chartered Organizations.  As described in this Disclosure Statement, the Local Councils serve geographic areas of varying size across the United States and facilitate the delivery of the Scouting program at the local level.  Chartered Organizations are typically local organizations—such as faith-based institutions, clubs, civic associations, educational institutions, businesses, and groups of citizens—that sponsor local Scouting units.  To continue the mission of Scouting through these non-Debtors, the proposed Plan provides for the settlement of Abuse Claims against BSA, the Local Councils, and the Contributing Chartered Organizations by "channeling" all such Claims to the Settlement Trust, which shall have the exclusive responsibility for processing, liquidating and paying Abuse Claims.  To obtain the benefits of the Channeling Injunction, the Local Councils and Contributing Chartered Organizations will make substantial financial and/or insurance contributions to the Settlement Trust.

As noted above, the proposed Plan provides, among other things, for the formation of the Settlement Trust, to which the BSA, the Local Councils and the Contributing Chartered Organizations will contribute substantial assets and/or insurance rights.  Those assets will be used to fund recoveries for holders of Abuse Claims in accordance with the terms of the Trust Distribution Procedures.  The Trust Distribution Procedures will establish the methodology for resolution of Abuse Claims, establish the process by which Abuse Claims will be reviewed by the Settlement Trust, and will specify liquidated values for compensable Claims based on the nature of the underlying Abuse.

This Disclosure Statement is being transmitted in order to provide adequate information to enable holders of Claims in Class 3A (2010 Credit Facility Claims), Class 3B (2019 RCF Claims), Class 4A (2010 Bond Claims), Class 4B (2012 Bond Claims), Class 5 (Convenience Claims), Class 6 (General Unsecured Claims), Class 7 (Non-Abuse Litigation Claims), Class 8 (Direct Abuse Claims), and Class 9 (Indirect Abuse Claims), which Claims in such Classes are Impaired and entitled to vote on the Plan, to make an informed judgment in exercising their right to vote to accept or reject the Plan.

---

[7]    *Id.*

[8]    *Id.*

As set forth above, on the Effective Date, liability for all Abuse Claims, including Indirect Abuse Claims, shall be channeled to and assumed by the Settlement Trust. As set forth in greater detail in <u>Article VI</u> of this Disclosure Statement, the purposes of the Settlement Trust shall be to: (i) assume exclusive responsibility for all Abuse Claims; (ii) preserve, hold, manage, and maximize the assets of the Settlement Trust; and (iii) direct the processing, liquidating, and payment of all compensable Abuse Claims in accordance with the Settlement Trust Documents. The Debtors will demonstrate at the Confirmation Hearing that the Settlement Trust will resolve Abuse Claims in accordance with the Settlement Trust Documents in such a way that holders of Abuse Claims are treated fairly, equitably, and reasonably in light of the finite assets available to satisfy such Claims, and otherwise comply in all respects with the requirements of the Bankruptcy Code.

By order dated [●], 2021, the Bankruptcy Court approved this Disclosure Statement in accordance with section 1125 of the Bankruptcy Code, and found that it contained "adequate information" sufficient to enable a hypothetical investor of the relevant Class to make an informed judgment about the Plan, and authorized its use in connection with the solicitation of votes with respect to the Plan. **Approval of this Disclosure Statement does not, however, constitute a determination by the Bankruptcy Court as to the accuracy or completeness of the information contained herein nor an endorsement by the Bankruptcy Court as to the fairness or merits of the Plan.** No solicitation of votes may be made except pursuant to this Disclosure Statement and section 1125 of the Bankruptcy Code.

B.    <u>Voting and Confirmation</u>

**<u>Article VII</u> of this Disclosure Statement specifies the deadlines, procedures, and instructions for voting to accept or reject the Plan, as well as the applicable standards for tabulating ballots and master ballots, used in voting on the Plan (each, generally referred to herein as a "<u>Ballot</u>"). The following is an overview of certain information related to voting that is contained in <u>Article VII</u> of this Disclosure Statement and elsewhere in this Disclosure Statement.**

Each holder of a Claim in Classes 3A, 3B, 4A, 4B, 5, 6, 7, 8, and 9 is entitled to vote to accept or reject the Plan. Each Class of Claims entitled to vote shall have accepted the Plan pursuant to the requirements of section 1126(c) of the Bankruptcy Code if at least two-thirds (2/3) in amount and more than one-half (1/2) in number of those voting in each such Class voted to accept the Plan. Assuming the requisite acceptances are obtained, the Debtors intend to seek Confirmation of the Plan at the Confirmation Hearing scheduled for July 26, 2021, at 10:00 a.m. (prevailing Eastern Time) before the Bankruptcy Court. The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court or a notice of adjournment filed with the Bankruptcy Court and served on those parties who have requested notice under Bankruptcy Rule 2002 and the Entities who have filed an objection to the Plan, if any, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing. Subject to section 1127 of the Bankruptcy Code, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

Additionally, section 1128(b) of the Bankruptcy Code provides that any party in interest may object to Confirmation. Any objection or response to Confirmation of the Plan must: (i) be in writing; (ii) state the name and address of the objecting party and the nature and amount of the Claim of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (iv) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service **on or before <u>June 28, 2021 at 4:00 p.m. (Eastern Time)</u>** (the "<u>Plan Objection Deadline</u>"), and served on the Debtors and certain other parties in interest in accordance with the Solicitation Procedures Order (defined below) so that they are received on or before the Plan Objection Deadline.

The Debtors have engaged Omni Agent Solutions (the "<u>Solicitation Agent</u>" or "<u>Notice and Claims Agent</u>") to assist in the voting process.

The Solicitation Agent will provide additional copies of all materials and will process and tabulate the Ballots, as defined in the *Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* (the "<u>Solicitation Procedures Motion</u>"), filed contemporaneously herewith, for Classes 3A, 3B, 4A, 4B, 5, 6, 7, 8, and 9, as applicable. You may obtain these documents from the Solicitation Agent free of charge by: (a) calling the Debtors' toll-free restructuring hotline at (866) 907-2721, (b) visiting the Debtors' restructuring website at https://omniagentsolutions.com/bsa, (c) writing to Boy Scouts of America, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or (d) emailing BSAballots@omniagnt.com. You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

**As further described in the Solicitation Procedures (as defined in the Solicitation Procedures Motion), to be counted, your Ballot indicating acceptance or rejection of the Plan must be received by the Solicitation Agent no later than 4:00 p.m. (prevailing Eastern Time) on June 28, 2021 (the "<u>Voting Deadline</u>")**, unless the Debtors, in their sole discretion, extend the period during which votes will be accepted on the Plan, in which case the term "Voting Deadline" shall mean the last date on, and time by which, such period is extended. Any executed Ballot that does not indicate either an acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan will not be counted as an acceptance or rejection and will not count toward the tabulations required pursuant to either section 1129 of the Bankruptcy Code.

Prior to deciding whether and how to vote on the Plan, each holder of a Claim entitled to vote should consider carefully all of the information in this Disclosure Statement, including <u>Article IX</u> entitled "Risk Factors." **Each holder of a Claim entitled to vote on the Plan should review this Disclosure Statement and the Plan and all Exhibits hereto and thereto before casting a Ballot. This Disclosure Statement contains a summary of certain provisions of the Plan and certain other documents and financial information. The Debtors believe that these summaries are fair and accurate as of the date hereof and provide adequate information with respect to the documents summarized; however, such summaries are**

qualified to the extent that they do not set forth the entire text of those documents and as otherwise provided herein.

**The Plan contains the proposed Abuse Claims Settlement, which would provide for substantial contributions to the Settlement Trust by the Debtors, Local Councils, Contributing Chartered Organizations, and Settling Insurance Companies, if any, in exchange for the treatment of the foregoing Entities as Protected Parties under the Channeling Injunction. The Abuse Claims Settlement is intended to provide for the fair and equitable resolution of Abuse Claims.**

**The Plan also incorporates the JPM / Creditors' Committee Settlement, which, subject to its terms and the effectiveness of the Plan, resolves all issues and objections that could be asserted by the Creditors' Committee with respect to confirmation of the Plan and prospective lien challenges, claims or causes of action that might be brought by the Creditors' Committee by or on behalf of the Debtors' Estates. As described more fully below and set forth in the Plan, the JPM / Creditors' Committee Settlement contemplates distributions to holders of Allowed Convenience Claims, Allowed General Unsecured Claims, and Allowed Non-Abuse Litigation Claims. The JPM / Creditors' Committee Settlement also contemplates the Allowance of JPM's Claims by amending and restating the Prepetition Debt and Security Documents in the manner described in the Plan.**

---

**THE DEBTORS SUPPORT CONFIRMATION OF THE PLAN AND URGE ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN TO VOTE TO ACCEPT THE PLAN. THE DEBTORS BELIEVE THAT THE PLAN PROVIDES THE HIGHEST AND BEST RECOVERY FOR ALL CREDITORS AND IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES.**

---

C.    Overview of the Plan[9]

The Debtors commenced these Chapter 11 Cases in order to address the significant potential liabilities arising from Claims related to historical acts of Abuse in the BSA's programs. As discussed above, the stated purpose of the Chapter 11 Cases is to confirm a plan of reorganization that (a) timely and equitably compensates survivors of Abuse in Scouting and (b) ensures that the BSA emerges from bankruptcy with the ability to continue its vital charitable mission. The Debtors believe that the Plan accomplishes these goals.

Importantly, the Plan provides a mechanism to channel the Abuse Claims asserted against the Debtors and the other Protected Parties, including the Local Councils and Contributing Chartered Organizations, to the Settlement Trust established under section 105(a) of the Bankruptcy Code in accordance with Article X.F of the Plan. In exchange for the Channeling Injunction, the Settlement Trust Assets will be contributed to the Settlement Trust. The Settlement Trust Assets will be administered by the Settlement Trustee and used to resolve Abuse Claims in accordance with the Settlement Trust Documents, including the Trust

---

[9]    **This overview is qualified in its entirety by reference to the Plan.** The treatment of Claims and Interests under the Plan is not intended to, and will not, waive, compromise, or limit any rights, Claims, or Causes of Action if the Plan is not confirmed. You should read the Plan in its entirety before voting to accept or reject the Plan.

Agreement and the Trust Distribution Procedures.  The Trust Distribution Procedures will specify the methodology for processing, liquidating, and paying Abuse Claims.

As further discussed in this Disclosure Statement, the BSA has been engaged in good-faith, arm's-length negotiations with its key stakeholders to submit the global settlement proposal embodied in the Plan.  These negotiations were conducted in the context of a formal mediation with the assistance of three highly qualified mediators appointed by the Bankruptcy Court.  Although the Debtors have not reached agreements with the Mediation Parties (other than JPM and the Creditors' Committee), the Debtors will continue to work with the Mediation Parties and the mediators in an effort to reach a resolution of these Chapter 11 Cases.  Generally, the features of settlements contemplated in the Plan are as follows:

- A proposed settlement by and among the BSA, JPM (the BSA's senior Secured lender), and the Creditors' Committee, under which JPM has agreed that, in full and final satisfaction of its Allowed Claims and in exchange for the Creditors' Committee's agreement not to pursue certain alleged estate causes of action, it shall enter into the Restated Debt and Security Documents as of the Effective Date.  The Restated Debt and Security Documents will contain terms that are substantially similar to the Prepetition Debt and Security Documents except that, among certain other modifications, the maturity dates under the Restated Debt and Security Documents shall be the date that is ten (10) years after the Effective Date and principal under the Restated Debt and Security Documents shall be payable in installments beginning on the date that is two (2) years after the Effective Date;

- The proposed settlement referenced above provides for the BSA's assumption of its prepetition Pension Plan and satisfaction of Allowed Convenience Claims, Allowed General Unsecured Claims and Allowed Non-Abuse Litigation Claims, which are held by creditors who are core to the Debtors' charitable mission or whose Allowed Claims were incurred in furtherance of the Debtors' charitable mission;

- The BSA will contribute to the Settlement Trust, among other things, (a) Net Unrestricted Cash and Investments; (b) the BSA's right, title and interest in and to (i) Scouting University, (ii) the Artwork, (iii) the Oil and Gas Interests, (iv) the Warehouse and Distribution Center (subject to the Leaseback Requirement); (c) certain of the Debtors' rights under applicable insurance; (d) the Settlement Trust Causes of Action; and (e) the assignment of any and all Perpetrator Indemnification Claims held by the BSA;

- Local Councils will make a substantial contribution, which the Debtors are committed to ensuring is not less than $300,000,000, exclusive of insurance rights, to the Settlement Trust to resolve the Abuse Claims that may be asserted against them in exchange for being included as a Protected Party under the Plan and receiving the benefits of the Channeling Injunction;

- The assignment and transfer to the Settlement Trust of certain insurance rights of the BSA, Local Councils and Contributing Chartered Organizations under insurance policies of the Debtors, Local Councils and Contributing Chartered Organizations;

10

- A mechanism by which Chartered Organizations can make substantial contributions to the Settlement Trust to resolve Abuse Claims that may be asserted against them in connection with Abuse that arose in connection with their sponsorship of one or more Scouting units in exchange for being included as a Protected Party under the Plan and receiving the benefits of the Channeling Injunction;

- A mechanism by which Insurance Companies may enter into Insurance Settlement Agreements and provide sum-certain contributions to the Settlement Trust in exchange for being included as a Protected Party under the Plan and receiving the benefits of the Channeling Injunction; and

- A term loan from the National Boy Scouts of America Foundation (as defined in the Plan, the "Foundation"), in the principal amount of $42.8 million, which will be used by Reorganized BSA for working capital and general corporate purposes. This Foundation Loan will permit the Debtors to contribute to the Settlement Trust a substantial amount of consideration in Cash on the Effective Date.

**Moreover, the Debtors are affirmatively seeking to reach further mediated settlements of disputed issues related to the structure of the Plan, the nature, timing and amount of contributions from the Debtors, Local Councils, Contributing Chartered Organizations and Settling Insurance Companies, and other matters, which may result in the amendment or modification of the Plan to propose additional settlements pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019. The Debtors believe that resolution of these controversies in advance of the Confirmation Hearing will facilitate the favorable resolution of these Chapter 11 Cases and maximize distributions to holders of Allowed Claims and Abuse Claims that will be satisfied by the Settlement Trust in accordance with the Trust Distribution Procedures.**

The following section of the Disclosure Statement provides a general overview of various important sections of the Plan and the proposed treatment of all holders of Claims against, and Interests in, the Debtors. For a more detailed description of the terms and provisions of the Plan, please refer to Article VI of this Disclosure Statement titled "Overview of the Plan." All information and statements contained in this Disclosure Statement, including this overview of the Plan, are qualified in their entirety by the Plan, the information, the financial statements, and all other documents accompanying the Plan.

### 1.    *The Settlement Trust*

On the Effective Date of the Plan, a Settlement Trust will be established by the Debtors for the benefit of holders of Abuse Claims. From and after the Effective Date, all Abuse Claims shall be channeled to the Settlement Trust, which will be funded by the Settlement Trust Assets. As further described in this Disclosure Statement, the Settlement Trust will administer the Settlement Trust Assets and, process, liquidate and pay Abuse Claims in accordance with the Trust Distribution Procedures.

## 2.    *The Channeling Injunction*

Specifically, the Channeling Injunction to be issued as a part of the Plan will permanently and forever stay, bar, and enjoin holders of Abuse Claims from taking any action for the purpose of directly or indirectly or derivatively collecting, recovering, or receiving payment of, on, or with respect to any Abuse Claim other than from the Settlement Trust pursuant to the Settlement Trust Agreement and the Trust Distribution Procedures, or as otherwise set forth in the Trust Distribution Procedures. Each holder of an Abuse Claim will have no right whatsoever at any time to assert its Abuse Claim against any Protected Party or any property or interest in property of any Protected Party. The Protected Parties include: (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Contributing Chartered Organizations; (f) the Settling Insurance Companies; and (g) with respect to each of the Persons in the foregoing clauses (a) through (f), such Persons' Representatives; provided, however, that no Perpetrator is or shall be a Protected Party. Notwithstanding the foregoing, the Contributing Chartered Organizations shall be Protected Parties only with respect to Abuse Claims that exist solely by virtue of the Contributing Chartered Organizations' affiliation with the Debtors.

The effect of "channeling" Abuse Claims to the Settlement Trust is that Abuse Claims may only be pursued against, and resolved by, the Settlement Trust and in connection with the Trust Distribution Procedures, or as otherwise set forth in the Trust Distribution Procedures. Following the Effective Date, Abuse Claims may not be asserted against the Debtors, the Reorganized BSA or any other Protected Party. For the avoidance of doubt, Abuse Claims include Indirect Abuse Claims.

## 3.    *Treatment of General Unsecured Claims, Convenience Claims, and Non-Abuse Litigation Claims*

As discussed in greater detail below, holders of Allowed General Unsecured Claims (to the extent such Claims are not Insured Non-Abuse Claims) shall receive, subject to the holder's ability to elect Convenience Class treatment on account of the Allowed General Unsecured Claim, its Pro Rata Share of the Core Value Cash Pool up to the full amount of such Allowed General Unsecured Claim. If a holder of a General Unsecured Claim makes the Convenience Class election, such holder shall receive, as provided in the Plan, Cash in an amount equal to 100% of such holder's Allowed Convenience Class Claim. The treatment of Allowed General Unsecured Claims under the Plan recognizes that the Holders of such Claims delivered value that is core to the Debtors' charitable mission or whose Allowed Claims were incurred in furtherance of the Debtors' charitable mission and, accordingly, are entitled to a recovery from the value of the Debtors' core assets. Holders of Non-Abuse Litigation Claims shall retain the right to recover from available Insurance Coverage, available proceeds of any Insurance Settlement Agreements, and co-liable non-Debtors (if any) or their insurance coverage on account of such Claims. To the extent that the holder of an Allowed Non-Abuse Litigation Claim fails to recover in full from the foregoing sources on account of such Allowed Claim after exhausting its remedies in respect thereof, such holder may elect to have its Allowed Claim treated as an Allowed Convenience Claim subject to and in accordance with the Plan.

### 4. Treatment of the Claims Under the Debtors' Secured Facilities

The 2010 Credit Facility Claims, 2019 RCF Claims, 2010 Bond Claims, and 2012 Bond Claims will be Allowed and deemed fully Secured.  On the Effective Date of the Plan, all such Claims will be restructured under the Restated Debt and Security Documents.

### 5. General Settlement of Claims and Interests

As described more fully in Articles VI.S and V of the Plan, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that holders of Claims or Interests might have with respect to any Claim or Interest under the Plan. Distributions made to holders of Claims in any Class are intended to be final.

### 6. Modification and Amendments

**Mediation and settlement negotiations with various parties are on-going and will continue after the date of this Disclosure Statement.  Subject to the limitations contained in the Plan, the Debtors reserve the right to modify the Plan as to material terms and seek Confirmation consistent with the Bankruptcy Code and, as appropriate, not resolicit votes on such modified Plan.  Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtors expressly reserve their rights to alter, amend, or modify materially the Plan with respect to the Debtors one or more times including after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.**

**For the avoidance of doubt, such modification(s) may include a settlement pursuant to Bankruptcy Rule 9019 to resolve any unresolved controversies, including but not limited to those described in this Disclosure Statement.  Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XII of the Plan.**

### 7. Effect of Confirmation on Modifications

**If the Bankruptcy Court finds, after a hearing on notice to the parties in interest in the Chapter 11 Cases, that the proposed modification does not materially and adversely change the treatment of the Claim or Interest of any Holder thereof who has not accepted in writing the proposed modification, the Bankruptcy Court may deem the Plan to be accepted by all holders of Claims or Interests who have previously accepted the Plan. Entry of a Confirmation Order shall mean that all modifications or amendments to the Plan occurring after the solicitation thereof are approved pursuant to section 1127(a) of the**

Bankruptcy Code and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

For the avoidance of doubt, any and all rights of holders of Claims against the Debtors or Interests in the Debtors are expressly reserved under Bankruptcy Rule 3019 and any other applicable provisions under the Bankruptcy Rules, Local Rules of the Bankruptcy Court, or Bankruptcy Code.

### 8.   Summary and Description of Classes and Treatment

Except for Administrative Expense Claims and Priority Tax Claims, which are not required to be classified, all Claims and Interests are divided into Classes under the Plan. The following chart summarizes the projected distributions to holders of Allowed Claims against and Interests in each of the Debtors under the Plan and Abuse Claims that will be resolved by the Settlement Trust in accordance with the Trust Distribution Procedures. This chart is only a summary of such classification and treatment and reference should be made to the entire Disclosure Statement and the Plan for a complete description of the classification and treatment of Claims and Interests. The ability to receive distributions under the Plan depends upon the ability of the Debtors to obtain Confirmation of the Plan and meet the conditions to Confirmation and effectiveness of the Plan, as discussed in this Disclosure Statement.

Moreover, although every reasonable effort was made to be accurate, the projections of estimated recoveries are only an estimate. Any estimates of Claims or Interests in this Disclosure Statement may vary from the final amounts allowed by the Bankruptcy Court. As a result of the foregoing and other uncertainties which are inherent in the estimates, the estimated recoveries in this Disclosure Statement may vary from the actual recoveries received. The projected recoveries set forth below may change based upon changes in the amount of Allowed Claims and Abuse Claims resolved by the Settlement Trust in accordance with the Trust Distribution Procedures, as well as other factors related to the Debtors' operations and general economic conditions. The Debtors reserve the right to modify the Plan consistent with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

The summary of classification and treatment of Claims against and Interests in the Debtors is as follows:

| Class | Designation[10] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[11] and Approximate Percentage Recovery |
|---|---|---|---|---|
| 1 | Other Priority Claims | Each holder of an Allowed Other Priority | Unimpaired | Estimated Allowed Amount: Less than |

---

[10]   The Debtors reserve the right to eliminate any Class of Claims in the event they determine that there are no Claims in such Class.

[11]   Figures with respect to the Allowed amounts of the Claims set forth in this chart are based upon the Debtors' best estimates of such Claims as of the date of this Disclosure Statement. These estimates are based on various assumptions. The actual amounts of Allowed Claims may differ significantly from these estimates should one or more underlying assumptions prove to be incorrect. Such differences may adversely affect the percentage of recovery to holders of Allowed Claims under the Plan. Moreover, the estimated recoveries set forth herein are necessarily based on certain assumptions, the realization of which are beyond the Debtors' control.

| Class | Designation[10] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[11] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | Claim shall receive: (i) payment in Cash in an amount equal to such Allowed Other Priority Claim; or (ii) satisfaction of such Allowed Other Priority Claim in any other manner that renders the Allowed Other Priority Claim Unimpaired, including Reinstatement. | **Not Entitled to Vote** (Presumed to Accept) | $0.1 million<br><br>Estimated Percentage Recovery: 100% |
| 2 | Other Secured Claims | Each holder of an Allowed Other Secured Claim shall receive: (i) payment in Cash in an amount equal to the Allowed amount of such Claim; (ii) satisfaction of such Other Secured Claim in any other manner that renders the Allowed Other Secured Claim Unimpaired, including Reinstatement; or (iii) return of the applicable collateral in satisfaction of the Allowed amount of such Other Secured Claim. | Unimpaired<br><br>**Not Entitled to Vote** (Presumed to Accept) | Estimated Amount: $0<br><br>Estimated Percentage Recovery: 100% |
| 3A | 2010 Credit Facility Claims | Each holder of an Allowed 2010 Credit Facility Claim shall receive a Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2010 Credit Facility Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $36,462,317<br><br>Estimated Percentage Recovery: 100% |
| 3B | 2019 RCF Claims | Each holder of an Allowed 2019 RCF Claim shall receive a | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $10,000,000 |

| Class | Designation[10] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[11] and Approximate Percentage Recovery |
|-------|-----------------|--------------------------|-----------------------------------|----------------------------------------------------------|
|  |  | Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2019 RCF Claim. |  | Estimated Percentage Recovery: 100% |
| 4A | 2010 Bond Claims | Each holder of an Allowed 2010 Bond Claim shall receive a Claim under the Restated 2010 Bond Documents in an amount equal to the amount of such holder's Allowed 2010 Bond Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $40,137,274<br><br>Estimated Percentage Recovery: 100% |
| 4B | 2012 Bond Claims | Each holder of an Allowed 2012 Bond Claim shall receive a Claim under the Restated 2012 Bond Documents in an amount equal to the amount of such holder's Allowed 2012 Bond Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $145,662,101<br><br>Estimated Percentage Recovery: 100% |
| 5 | Convenience Claims | Each holder of an Allowed Convenience Claim shall receive Cash in an amount equal to 100% of such holder's Allowed Convenience Class Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $2.4 million – $3 million<br><br>Estimated Percentage Recovery: 100% |
| 6 | General Unsecured Claims | Each holder of an Allowed General Unsecured Claim (to the extent such Claim is not an Insured Non-Abuse Claim) shall receive, subject to the holder's ability to elect Convenience Class treatment on account of the Allowed General | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $26.5 million – $33.5 million<br><br>Estimated Percentage Recovery: 75 – 95% |

| Class | Designation[10] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[11] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | Unsecured Claim, its Pro Rata Share of the Core Value Cash Pool up to the full amount of such Allowed General Unsecured Claim in the manner described in Article VII of the Plan. | | |
| 7 | Non-Abuse Litigation Claims | Each holder of an Allowed Non-Abuse Litigation Claim shall, subject to the holder's ability to elect Convenience Class treatment as provided in the following sentence, retain the right to recover up to the amount of such holder's Allowed Non-Abuse Litigation Claim from (i) available Insurance Coverage or the proceeds of any insurance policy of the Debtors, (ii) applicable proceeds of any Insurance Settlement Agreements, and (iii) co-liable non-debtors (if any) or their insurance coverage.  Solely to the extent that the holder of an Allowed Non-Abuse Litigation Claim fails to recover in full from the foregoing sources on account of such Allowed Claim after exhausting its remedies in respect thereof, such holder may elect to have the unsatisfied portion of its | Impaired<br><br>**Entitled to Vote** | Estimated    Amount: Undetermined<br><br>Estimated Percentage Recovery: 100% |

| Class | Designation[10] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[11] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | Allowed Claim treated as an Allowed Convenience Claim and receive cash in an amount equal to the lesser of (a) the amount of the unsatisfied portion of the Allowed Non-Abuse Litigation Claim and (b) $50,000. | | |
| 8 | Direct Abuse Claims[12] | Pursuant to the Channeling Injunction set forth in Article X.F of the Plan, each holder of a Direct Abuse Claim shall have such holder's Direct Abuse Claim permanently channeled to the Settlement Trust, and such Direct Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: N/A<br><br>Estimated Percentage Recovery: N/A |
| 9 | Indirect Abuse Claims[13] | Pursuant to the Channeling Injunction set forth in Article X.F of the Plan, each holder of an Indirect Abuse Claim shall have such | Impaired<br><br>**Entitled to Vote** | Estimated Amount: N/A<br><br>Estimated Percentage Recovery: N/A |

---

[12]   Under the Plan, "Direct Abuse Claim" means an Abuse Claim that is not an Indirect Abuse Claim.

[13]   Under the Plan, "Indirect Abuse Claim" means a liquidated or unliquidated Abuse Claim for contribution, indemnity, reimbursement, or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative Abuse Claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any prepetition settlement, insurance policy, program agreement or contract.

| Class | Designation[10] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[11] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | holder's Indirect Abuse Claim permanently channeled to the Settlement Trust, and such Indirect Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents. | | |
| 10 | Interests in Delaware BSA | Interests in Delaware BSA shall be deemed cancelled without further action by or order of the Bankruptcy Court and shall be of no further force or effect, whether surrendered for cancellation or otherwise. | Impaired<br><br>**Not Entitled to Vote**<br>(Deemed to Reject) | Estimated Amount: N/A<br><br>Estimated Percentage Recovery: 0% |

## ARTICLE III.  ORGANIZATION OVERVIEW AND CORPORATE HISTORY

A.    <u>Organization Overview</u>

### *1.    The Boy Scouts of America*

The BSA was incorporated in the District of Columbia on February 8, 1910, and subsequently chartered by Congress as a non-profit corporation under Title 36 of the United States Code on June 15, 1916.  36 U.S.C. §§ 30901-08.  The Congressional Report in Support of the Act to Incorporate the Boy Scouts of America provides that the Scouting program "is intended to supplement and enlarge established modern educational facilities in activities in the great and healthful out of doors where may be the better developed physical strength and endurance, self-reliance, and the powers of initiative and resourcefulness, all for the purpose of establishing through the boys of today the very highest type of American citizenship."  H.R. Rep. No. 64-130 at 245 (1916).  Consistent with this charitable intention, the BSA's congressional charter states that the purpose of the organization is to "promote, through organization, and cooperation with other agencies, the ability of boys to do things for themselves and others, to

train them in Scoutcraft, and to teach them patriotism, courage, self-reliance, and kindred virtues, using the methods which are now in common use by Boy Scouts." BSA Charter, § 3; *see also* BSA Bylaws, § 2 ("In achieving this purpose, emphasis shall be placed upon its educational program and the oaths, promises, and codes of the Scouting program for character development, citizenship training, leadership, and mental and physical fitness."). These mandates have been the guiding light for the BSA's work for over a century.

As a non-profit corporation, the BSA is required to adopt and carry out a charitable, religious, educational, or other philanthropic mission. It is the BSA's mission "to prepare young people to make ethical and moral choices over their lifetimes by instilling in them the values of the Scout Oath and Law."[14] Unlike a profit-seeking corporation, the BSA's senior leadership owes fiduciary duties to the Scouting mission, not the generation of profits. The successful delivery of this mission to youth in America is the BSA's fiduciary obligation. To that end, all Scouting policies, practices, and programming are specifically designed to train Scouts in responsible citizenship, character development, and self-reliance, in a manner consistent with the BSA's mission. Thus, to be eligible for Scouting, individuals must subscribe to, and conduct themselves in accordance with, the Scout Oath and the Scout Law:

- **Scout Oath.** "On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight."[15]

- **Scout Law.** "A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent."[16]

At all levels of Scouting, these fundamental tenets of the BSA's mission are taught to Scouts so they can successfully develop into our nation's next generation of great leaders.

In support of its mission, the BSA has long facilitated the spread of Scouting in the United States through units chartered by local partners and has also designed and implemented an array of its own outdoor activities, educational and skill-building programs, and career training. Since its inception, more than 130 million Scouts have participated in the BSA's programming, and more than 35 million adult leaders have helped carry out the BSA's mission. The BSA has grown to be one of the largest youth organizations in the country, as well as one of the largest Scouting organizations in the world. In 2019, nearly three million Scouts and adult leaders were involved in Scouting and helped deliver more than 13 million Scouting service hours to communities across the country.

Throughout its 110-year history, the BSA has continually looked for ways to offer Scouting to more young men and women. In 1912, the BSA formed the Camp Fire Girls as a sister organization. In the 1930s, the BSA introduced Cub Scouts as a program for younger participants. Other past and current BSA programs include Air Scouts, Sea Scouts, Exploring, Venturing, and STEM Scouts. In 2018, the BSA welcomed girls into Cub Scouts, and in 2019, the BSA began chartering girl units to join Scouts BSA, the program previously known as Boy

---

[14]    BSA, *Mission & Vision*, https://www.scouting.org/legal/mission/.

[15]    BSA, *What are the Scout Oath and Law?*, https://www.scouting.org/discover/faq/question10/.

[16]    BSA, *About the BSA*, https://www.scouting.org/about/.

Scouts.  Since 2017, over 200,000 girls have participated in Scouting, including approximately 130,000 in Cub Scouts, 30,000 in Scouts BSA, and 65,000 in Venturing, Sea Scouts, and Exploring.  The BSA has also organized affiliated organizations and affinity groups—such as Learning for Life, Order of the Arrow, and National Eagle Scout Association—to provide additional educational, civic, and developmental programs for Scouts, as well as engagement opportunities for Scouting alumni and supporters.

The BSA also provides other services critical to continued Scouting opportunities for America's young men and women, including core program content, such as events and other activities at high adventure facilities; the procurement and sale of uniforms and equipment; information technology and digital resources; training of professional Scouters to serve in Local Councils; communications and publications including magazines and online content for Scouts and adult leaders; training development and delivery; national events; registration systems; and other quality control services.  In addition, every four years, the BSA hosts a National Jamboree, where tens of thousands of Scouts from around the country gather to celebrate Scouting, learn about teamwork and leadership, and develop lifelong friendships.

The Headquarters of the BSA is in Irving, Texas.  The BSA has approximately 1,155 employees, all of whom are located in the United States and its territories.  The BSA's employees are located at its Headquarters; at the BSA's national Warehouse and Distribution Center in Charlotte, North Carolina; at approximately 158 official BSA Scout Shops located throughout the country; and at the BSA's four high adventure facilities located in Florida and the U.S. Virgin Islands, New Mexico, West Virginia, and Minnesota and parts of Canada.  The BSA's sources of funding include membership fees, high adventure facility fees, supply sales at Scout Shops, on its website, and directly to Local Councils, donor contributions, legacies, bequests, corporate sponsorships, and grants from foundations.  In 2020, the BSA's total gross revenues were approximately $187 million.  Of this total, approximately 28% was attributable to supply sales, approximately 47% to membership fees, approximately 8% to high adventure facility operations, approximately 2% to investments, approximately 4% to contributions, approximately 1% to event fees, and approximately 10% to other.

The BSA is governed by an executive board and an executive committee, which are responsible for managing the organization's affairs and electing officers.  The executive board is comprised of 72 total members and is led by the National Chair.  The board is made up of 64 regular members and the executive committee, which is a twelve-member delegation of the executive board that is also led by the National Chair.  The executive committee includes, among others, the National "Key 3," who are responsible for guiding the BSA organization as a whole: the National Chair (Daniel G. Ownby), National Commissioner (W. Scott Sorrells), and Chief Executive Officer and President (Roger C. Mosby).  The National Chair and National Commissioner are volunteer positions.  The executive committee has formed a bankruptcy task force to direct the Debtors' restructuring strategy in connection with these Chapter 11 Cases.

### 2.    The Scouting Experience

Delivery of the Scouting mission is the fiduciary obligation of the BSA.  Local Councils and Chartered Organizations, and the Scouting units that they sponsor, operationalize this mission.  Through these organizations, Scouts learn the values embodied in the Scout Oath and

Scout Law.  From the beginner-level Cub Scouts to the most advanced offerings at high adventure facilities, all Scouting programming is intended to instill in the next generation of leaders the fundamental tenets of the BSA's mission.

a.    **Cub Scouts**

The gateway to the Scouting program is Cub Scouts, where younger participants (kindergarten through fifth grade) first build character, learn citizenship, and develop personal skills and physical fitness.  The den—a small group of six to eight children who are the same grade and gender—is the cornerstone of Cub Scouting.  In the den, Cub Scouts make friends, develop new skills and interests, and learn respectfulness, sportsmanship, and citizenship.  Several dens in the same community form a pack.  At pack meetings, Cub Scouts engage in a wide range of fun and interactive activities, including games, arts and crafts, skits, and songs.  Packs also hold special events and activities, such as advancement banquets, field trips, community service projects, and, most famously, the Pinewood Derby.  Cub Scouts attend camp outings and participate in other local outdoor activities, such as hiking, biking, swimming, sledding, and a variety of team sports, all of which help instill in them a life-long respect for the environment, a core principle of the Scouting mission.  Many of these outdoor adventures are held at Local Council-owned properties specifically developed and maintained for the purpose of delivering the Scouting program.  Cub Scout programming is family-oriented, and adult volunteers, many of whom are parents of participating Cub Scouts, play an active role in den and pack leadership.

b.    **Scouts BSA**

After Cub Scouts, youth participants progress to Scouts BSA.  The Scouts BSA program focuses on service to others, community engagement, leadership development, respect for the environment, and personal and professional growth.  In Scouts BSA, adult volunteers take a back seat, and Scouts themselves assume important leadership roles at their own meetings and activities.  Scouts BSA units, known as "troops," are single-gender and composed of several smaller groups called "patrols."  At patrol and troop meetings, Scouts engage in knowledge- and skill-based challenges, team building exercises, and community service projects, such as cleaning parks and other public spaces, enhancing nature preserves, building trails in wildlands, constructing playgrounds, creating libraries, collecting meals for food banks, visiting with the sick or elderly, or responding to national emergencies.

In Scouts BSA, every Scout is able to take on a leadership role in his or her patrol, which provides one of the unique experiences in Scouting that inspires young people from all backgrounds, experiences, and capabilities to see themselves as a leader and hone skills that will last a lifetime.  In addition, Scouts are encouraged to participate in a wider suite of outdoor activities, including weekend camping trips, summer camps, and themed-camporees where they are exposed to more advanced Scouting programming and skill-building in diverse areas, such as first aid, rock climbing, forestry, conservation, and environmental awareness.  At these events, Scouts from different troops work together and form life-long bonds.  Local Council camps and other facilities are the hub for many of these outdoor adventures.

Central tenets of Scouts BSA programming are rank advancement and merit badges. Young men and women begin their journey in Scouts BSA at the rank of Scout. As they master skills and learn important life lessons, they progress to the ranks of Tenderfoot, Second Class, First Class, Star, and then Life. Along the way, Scouts earn merit badges that recognize hard work and achievement in sports, arts, sciences, trades, personal finance, and future careers. In 2019, young men and women earned more than 1.7 million merit badges that represent skills that will help them succeed throughout their lives.

Scouts who successfully complete this rigorous program, serve as a leader in their troop for a designated period of time, and design and lead a significant service project, are awarded Scouts BSA's highest rank of Eagle. Less than 8% of Scouts achieve the Eagle Scout rank, and past Scouts achieving this honor permeate our nation's government, economy, and culture, including President Gerald Ford, astronaut Neil Armstrong, civil rights leader Percy Sutton, and entrepreneurs Sam Walton and Ross Perot, to name a few.

c.    **Advanced Scouting**

In addition to Scouting's core Cub Scouts and Scouts BSA offerings, older Scouts participate in other advanced programs. In Venturing, co-ed groups form their own Scout-led "crews" that design and carry out specialized programming and activities. The opportunities available through Venturing are endless: A Scout interested in the outdoors can join a Venturing crew that backpacks in state or national parks and kayaks in local or remote rivers; a Scout interested in the sciences can join one that builds robots or volunteers at planetariums and museums; and a Scout interested in community service can join one that volunteers at soup kitchens or rebuilds homes in the wake of natural disasters. Venturing crews instill in their members the importance of adventure, leadership, personal growth, and service, all of which are fundamental to the Scouting mission.

Other advanced programs for older Scouts include Sea Scouts, where Scouts learn boating skills and water safety, and also study maritime heritage. Sea Scouts participate in boating and other water-based excursions, such as scuba diving off the Florida Keys and kayaking in the Everglades. Another program, Exploring, is the BSA's preeminent workforce development program. Through Exploring, Scouts join career-specific clubs sponsored by local businesses, government agencies, and community organizations. Scouts develop important personal and professional skills through immersive, on-the-job training. And STEM Scouts offers the Scouting experience with less emphasis on the outdoors. Participating young men and women learn about and nurture a lifelong interest in science, technology, engineering, and math through creative, hands-on activities, educational field trips, and interaction with STEM professionals.

d.    **High Adventure Facilities**

The apex of the Scouting program is found at the four iconic high adventure facilities operated by the BSA. At these facilities, Scouts experience the truest embodiment of what Congress envisioned when it chartered the organization more than a century ago—unparalleled facilities hosting outdoor activities, educational programs, and leadership training. As Scouts progress through Scouting, these high adventure facilities provide them with opportunities to

implement the knowledge and training that they gained through Cub Scouts and Scouts BSA at locations and in programs that are not available anywhere else in the country.  Not surprisingly, there is strong demand for these high adventure facilities—more than 50,000 Scouts and Scouters participate in the programs and events held there every year, and more than two million have done so since their openings.  As their storied histories portend, these facilities and the programming they allow play a critical role in the BSA's delivery of the Scouting program to young Americans.

### (i)    Northern Tier

The BSA opened the Northern Tier high adventure facility ("<u>Northern Tier</u>")—located on the boundary waters between Minnesota and Canada—as its first high adventure facility in 1923.  For nearly a century, the BSA has maintained several wilderness canoe bases at Northern Tier from which generations of Scouts have explored millions of acres of lakes, rivers, forests, and wetlands of northern Minnesota, northwestern Ontario, and southeastern Manitoba.  Scouts at Northern Tier embark on canoe treks covering up to 150 miles and lasting as long as two weeks.  Along the way, Scouts camp at remote, unstaffed campgrounds, where they must learn and implement Scouting's philosophy of self-sufficiency.  In the winter, Northern Tier transforms into a cold-weather camping outpost, where Scouts can engage in winter activities such as cross-country skiing, dog sledding, snow shoeing, and ice fishing.  Over the years, the BSA has hosted almost 250,000 Scouts and Scouters at Northern Tier.[17]

### (ii)    Philmont Scout Ranch

The BSA's largest high adventure facility, Philmont Scout Ranch ("<u>Philmont</u>"), was opened in 1938 on nearly 150,000 acres of rugged mountain wilderness in the Sangre de Cristo range of the Rocky Mountains in northeastern New Mexico.  At Philmont, Scouts have access to a labyrinth of backpacking trails, as well as 35 staffed camps and 55 trail camps, spread across mountainous terrain ranging in elevation from 6,500 to 12,500 feet.  In addition, the BSA's programming at Philmont features the best of the Old West—horseback riding, burro packing, gold panning, chuckwagon dinners, and interpretive history—along with physical challenges such as rock climbing, mountain biking, and sport shooting.  These experiences teach Scouts about our nation's frontier history and instill in them a lifelong sense of adventure and confidence in challenging situations.  In addition, Philmont hosts a series of leadership training programs for adult leaders.  Well over a million Scouts and Scouters have experienced the unique and diverse offerings of Philmont.[18]

### (iii)    Florida Sea Base

Florida Sea Base ("<u>Sea Base</u>") was commissioned by the BSA as its third high adventure facility in 1980.  At several facilities in south Florida and the U.S. Virgin Islands, Scouts swim, snorkel, scuba dive, and fish.  Scouts also participate in boating and sailing adventures throughout the Caribbean, as well as primitive camping on several island-based settlements.  Through Sea Base's programming, Scouts learn to trust one another and work as a team, and also

---

[17]    *See generally* BSA, *About Northern Tier*, https://www.ntier.org/about/.

[18]    *See generally* BSA, *About Philmont*, https://www.philmontscoutranch.org/about/.

learn the importance of conservation and the preservation of our environment.  Since opening its doors, the BSA has provided aquatic adventures to nearly 300,000 Scouts and Scouters at Sea Base.[19]

### (iv)    Summit Bechtel Reserve

Most recently, in 2013, the BSA opened the Summit Bechtel Reserve ("Summit") in the wilds of West Virginia.  It is the preeminent summer camp, high adventure facility, and leadership training center for the millions of Scouts and adult leaders involved in Scouting now and for generations to come.  At the Summit, Scouts explore the New River Gorge region through white-water rafting, kayaking, canyoneering, and advanced orienteering.  Scouts also participate in more modern adventures, such as skateboarding, ATV riding, freestyle BMXing, and zip-lining.  This programming pushes Scouts past their comfort zones, where they can better develop and master the leadership, character, citizenship, and fitness that are core to the BSA's mission.  In addition to its regular programming, the BSA hosts a National Jamboree at the Summit every four years.  In 2019, the BSA hosted the largest World Jamboree ever, with over 45,000 attendees Scouts in attendance from 167 countries.  It was the first such event held in the United States in over 50 years.  All told, approximately 200,000 Scouts and Scouters have experienced the wonders of the Summit since it opened less than a decade ago.[20]

### 3.    Delivery of the Scouting Programs

Local Councils and Chartered Organizations work closely together to carry out the mission of Scouting.  Each of these entities plays a vital role in training Scouts in responsible citizenship, character development, and self-reliance.  Despite their common purpose, the BSA, Local Councils, and Chartered Organizations are legally independent entities.  Each Local Council is a non-profit corporation under the laws of its respective state and exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  Each Local Council also maintains its own senior management and independent volunteer board of directors.  The BSA does not hold any equity interest in any Local Council, Chartered Organization, or Scouting unit, and only the BSA and its wholly owned subsidiary, Delaware BSA, LLC, are Debtors in these Chapter 11 Cases.[21]

### a.    Local Councils

In furtherance of its mission, the BSA charters independently incorporated Local Councils to facilitate the delivery of the Scouting program.  Local Councils are not agents of the BSA, and they have no authority to bind the organization.

There are currently 252 Local Councils covering geographic areas of varying size, population, and demographics.  Although they are legally independent of the BSA, Local Councils are required to organize, operate, and promote Scouting in a manner that is consistent

---

[19]    *See generally* BSA, *About Sea Base*, https://www.bsaseabase.org/about/.

[20]    *See generally* BSA, *The Summit Story*, https://www.summitbsa.org/about-us/summit-story/.

[21]    In addition to Local Councils and Chartered Organizations, the BSA is also affiliated with several non-stock Entities, each of which is related to, but legally independent of, the BSA.  Several of these affiliated, non-stock Entities are directly involved in delivering the Scouting program, while others, such as the Foundation, serve the BSA's mission in other ways.

with the BSA's mission and with the BSA's Charter, bylaws, rules and regulations, policies, and guidelines.  Local Councils generally do not receive financial support from the BSA; instead, they rely upon their own fundraising through donations, product sales, special events, and corporate gifts.  The BSA does, however, provide certain corporate and administrative support to the Local Councils in exchange for shared services and other fees and reimbursements, as well as for the assistance of Local Councils in delivering the Scouting mission.  This support includes human resources, access to training facilities, marketing services, and general liability Insurance Coverage.

The BSA is responsible for developing and disseminating the structure and content of the Scouting program, owns and licenses intellectual property, and provides training and support services, including corporate services such as human resources, marketing and legal functions, and information technology.  The BSA, in addition to holding the power to grant charters to Local Councils, may also revoke a Local Council's charter for failing to meet national standards.  Local Councils, for their part, play a key role in delivering the Scouting program.  Local Councils also serve the vital function of collecting member fees and remitting such funds to the BSA.  Each of these Local Councils is crucial to the BSA's ability to carry out its mission.

The most important functions served by Local Councils are their recruiting of Chartered Organizations and their oversight of the operation of the Scouting units that those Chartered Organizations create.  Local Councils also provide other services essential to Scouting, including: funding of local Scouting programs and initiatives; recruiting of Scouts and volunteer leaders; providing Scout and volunteer training; offering opportunities for rank advancement; locally enforcing the BSA's policies, rules, and regulations; and registering members and leaders.  In addition, many Local Councils own and operate service centers, camps, and other facilities that provide the local resources necessary for a successful Scouting program.

Local Councils own and operate hundreds of unique camps and other properties that host outdoor activities, educational programs, and leadership training for youth involved in BSA's Scouting programs.  Certain Local Councils also own office buildings used for their program staff and approximately 150 Scout Shops, which the BSA leases from these Local Councils to sell retail merchandise and other products.  Certain Local Councils also own various other properties including vacant land and/or properties that are not in use.

A corps of qualified and trained professional and volunteer Scouters is essential for Local Councils to provide these services.  To that end, each of the Local Councils hires a professional Scout executive and other key staff from a pool of professionals—pre-commissioned by the BSA—who have demonstrated the moral, educational, and emotional qualities necessary for leadership.  Those commissioned professionals and other staff members support the Local Councils in connection with day-to-day operations, recruitment of new Chartered Organizations, management of fundraising, maintenance of program facilities, and numerous other services.  Thousands of volunteers also donate their time and resources to support the Local Councils, including through assistance with programming, such as unit leadership, unit activities, merit badge colleges, youth and adult leader training and advancement opportunities, and fundraising events.

b.    **Chartered Organizations**

There are currently more than 41,000 Chartered Organizations in the United States.  They are typically local organizations—such as faith-based institutions, clubs, civic associations, educational institutions, businesses, and groups of citizens—that sponsor the more than 50,000 local Scouting units throughout the country.  Some Chartered Organizations are actively involved with the units that they sponsor and encourage Scouting as a means to further in their own mission or serve their broader communities.  In addition, Chartered Organizations support the selection of adult leaders and other volunteers, and provide meeting space to the packs and troops that they sponsor along with storage space, use of equipment, and other monetary and in-kind support.

Unfortunately, relationships with some of these Chartered Organizations have deteriorated or been terminated.  For example, as of December 31, 2019, the Church of Jesus Christ of Latter-day Saints concluded its 105-year relationship as a chartered organization with all Scouting programs around the world, including the BSA—which is estimated to have resulted in approximately 525,000 fewer participants in the BSA's Scouting programs.

B.    Corporate Structure

1.    *Delaware BSA, LLC*

Debtor Delaware BSA, LLC ("Delaware BSA"), of which the BSA is the sole member, is a non-profit limited liability company that was incorporated under the laws of Delaware on July 11, 2019.  Delaware BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  Delaware BSA has pledged substantially all of its assets to secure the obligations of the BSA and Arrow under the 2019 RCF Agreement, the Prepetition Security Agreement (2020), the 2010 Bond Agreement, and the 2012 Bond Agreement.  Delaware BSA's principal asset is a depository account located in Delaware.

2.    *BSA Asset Management, LLC and BSA Commingled Endowment Fund, LP*

The BSA receives services from certain specialized non-Debtor Affiliates, which are wholly-owned by, or subject to the control of, the BSA (each, a "Related Non-Debtor Entity"). While the Local Councils facilitate the Debtors' mission and are vital in reaching participants at a local level, the Related Non-Debtor Entities provide specialized services under shared services arrangements that are necessary to facilitate the BSA's national reach, including, among other things, investment and foundation management, management of national programs, lease transactions, and conference and training support functions.  BSA Asset Management, LLC ("BSAAM") is a Delaware limited liability company of which the BSA is the sole member.  The BSA receives investment management and advisory services from BSAAM, which oversees management of the funds making up the various benefits programs and trusts of the BSA, along with providing management and investment services for the BSA's unrestricted endowment and donations to the BSA.  BSAAM manages the BSA's and certain Local Councils' investments through the BSA Commingled Endowment Fund, LP (the "Endowment Fund"), which is a Delaware limited partnership and investment vehicle open only to the BSA, the Local Councils, and their affiliates for investing long-term funds.  BSAAM is the general partner of the

Endowment Fund. The BSA and certain Local Councils are limited partners of the Endowment Fund. Each limited partner receives units of partnership interest in proportion to, and in exchange for, its financial contributions to the Endowment Fund. In addition to its role as general partner of the Endowment Fund, BSAAM is the settlor of the BSA Endowment Master Trust.

### 3.    *BSA Endowment Master Trust*

Related Non-Debtor Entity, the Foundation, is a non-profit 501(c)(3) Delaware trust established under the laws of Delaware exclusively for the purpose of investing funds contributed to the Endowment Fund by the BSA and participating Local Councils. The Master Trust is a multiple pooled account trust arrangement established to provide economies of scale and efficiency of administration to eligible Entities that elect to invest their funds in the Master Trust. Global Trust Co. is the trustee of the Master Trust as of the Petition Date. In addition, the Master Trust is also a limited partner of the Endowment Fund.

### 4.    *National Boy Scouts of America Foundation*

Related Non-Debtor Entity National Boy Scouts of America Foundation (the "BSA Foundation") is a non-stock, non-profit corporation organized under the laws of the District of Columbia and exempt from federal income taxes under section 501(c)(3) of the Internal Revenue Code. The BSA Foundation exists to help secure the future of Scouting, and partners with the Local Councils and donors by providing support for major-gift fundraising efforts across the BSA organization. The balance of major gifts net of associated liabilities at the end of 2020 totaled approximately $66 million. The BSA Foundation also manages the distribution of donor-advised funds such as scholarships, funds for rebuilding camps and high adventure facilities including after the occurrence of natural disasters, and funding for major Scouting events such as the National Jamboree.

### 5.    *Learning for Life*

Related Non-Debtor Entity Learning for Life is a non-stock, non-profit corporation organized under the laws of the District of Columbia that is exempt from federal income taxes under section 501(c)(3) of the Internal Revenue Code. The mission of Learning for Life is to empower students to build exceptional character and leadership skills by guiding them through an innovative, research-based curriculum that enhances the learning experience and teaches the skills necessary to succeed both academically and throughout their lives. Learning for Life also administers the Exploring club career education program for young men and women. The Exploring program teaches important life and career skills to young people from all backgrounds through immersive career experiences and mentorship provided by thousands of local, regional and national businesses and organizations, which offer career-specific posts or clubs that help youth pursue their special interests, grow, and develop.

### 6.    *Arrow WV, Inc.*

Arrow WV, Inc. ("Arrow") is a non-stock, non-profit corporation organized under the laws of West Virginia that is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. Arrow was formed in 2009 to facilitate the acquisition and development

of the Summit.  Arrow owns the real property and improvements that comprise the Summit and leases the Summit to BSA for nominal consideration.  Construction of the Summit was accomplished with the proceeds from the 2010 Bond and the 2012 Bond to the BSA from Fayette County, West Virginia.  The bonds were purchased by JPM.  The BSA provided funding for the construction of the facility, utilizing donations and pledges to the BSA and other BSA financial support, and the BSA provides the necessary services required to operate Summit.

### 7.    Atikaki Youth Ventures Inc. and Atikokan Youth Ventures Inc.

Related Non-Debtor Entities Atikaki Youth Ventures Inc. ("Atikaki") and Atikokan Youth Ventures Inc. ("Atikokan") are non-share capital corporations formed under the laws of Canada, with registered addresses in Winnipeg, Manitoba.  Atikaki and Atikokan provide certain services to the BSA related to the operation of Northern Tier.  Atikaki maintains the Bissett, Manitoba base for the Northern Tier high adventure facility, which offers canoe trips into the Atikaki Provincial Park and Woodland Caribou Provincial Park.  Atikokan maintains the Don Rogert Canoe Base for the Northern Tier high adventure facility in Atikokan, Ontario, Canada, which offers canoe trips into the Quetico and Crown Lands.

### 8.    Dissolution of Inactive Entities

As of the Petition Date, two of the Debtors' subsidiaries—NewWorld19, LLC ("New World") and Texas BSA, LLC ("Texas BSA")—had no operations or material assets and remained inactive after the filing.  Because the BSA no longer had a need to maintain NewWorld or Texas BSA as subsidiaries, on July 16, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Section 363(b) of the Bankruptcy Code, Authorizing Boy Scouts of America to Dissolve Inactive Non-Debtor Subsidiaries, NewWorld19, LLC and Texas BSA, LLC* [D.I. 1022].  On August 3, 2020, the Court entered an order authorizing the dissolution of NewWorld and Texas BSA [D.I. 1063].

C.    Revenue Sources and Assets

### 1.    Revenues

As a non-profit organization, the focus of the BSA's operations is to carry out its charitable mission.  The BSA has historically funded the work to carry out the mission, in part, through the generation of revenue from sources such as member fees and donations.  Specifically, the BSA relies on revenue generated from membership registration fees, high adventure facility fees, supply sales at Scout shops, on its website, and directly to Local Councils, donor contributions, legacies and bequests, corporate sponsorships, and grants from foundations.

In 2019, the BSA's total gross revenues were approximately $394 million.  Of this total, approximately 30% was attributable to supply sales, approximately 16% to membership fees, approximately 15% to high adventure facility operations, approximately 13% to investments, approximately 8% to contributions, approximately 8% to event fees, and approximately 10% to other.  The BSA's estimated total 2020 gross revenues were approximately $187 million.

### 2.    Identified Property

The Debtors believe that certain property listed on the BSA's balance sheet (the "Identified Property") is legally protected under applicable laws governing charities and other non-profit organizations and, therefore, not available to satisfy certain creditors' Claims. The Debtors assert that the Identified Property is not available to satisfy certain Claims against the Debtors for one or more of the following reasons: (i) it is subject to donors' restrictions on use and purpose; (ii) it is core to the BSA's charitable mission and Scouting program; (iii) it is held in an implied charitable trust; (iv) it is part of a charitable trust that can only be used in fulfillment and furtherance of the BSA's charitable mission; (v) selling or liquidating the Identified Property would violate the D.C. Nonprofit Corporation Act; (vi) selling or liquidating the Identified Property contradicts the Bankruptcy Code's treatment of charitable organizations; or (vii) it is otherwise not property of the estate under applicable law.

Specifically, it is the Debtors' position that certain of the Identified Property was donated with a restriction as to use or purpose rather than for general charitable purposes and is therefore, pursuant to section 541 of the Bankruptcy Code, not property of a debtor's estate. Moreover, to the extent that a donor made a restricted donation, the Debtors are contractually obligated to effectuate the donor's intent, and selling or liquidating the Identified Property to satisfy Abuse Claims would likely violate such intent. Even if certain Identified Property was found to be unrestricted, both unrestricted and restricted donations made to a charity are impressed with a charitable trust that cannot be diverted and used in contravention of the nonprofit's charitable mission. The same is true under the D.C. Nonprofit Corporation Act, which states that if any of the Identified Property was donated for the nonprofit's charitable mission, it cannot be diverted away from its original purpose by sales, leases, repayment of debt, or other transfers of the property.

Additionally, certain of the Identified Property is core and indispensable to carrying out the BSA's mission. The Identified Property not only enables the BSA to administer programming that trains today's youth in the values of the Scout Oath and Law, but some of the Identified Property, such as the BSA's high adventure facilities, animates the purpose for which Congress originally chartered the organization. Given that the Identified Property is core and absolutely essential to the BSA's functioning as the premier Scouting organization, it is the Debtors' position that it cannot be available to satisfy Abuse Claims.

Most of the Identified Property also generates revenues necessary for the BSA to carry out its mission and is essential to the Debtors' ability to meet its business plan. And moreover, the sale or liquidation of the Identified Property runs contrary to the Bankruptcy Code's treatment of non-profits and contrary to case law holding that a charity may retain assets notwithstanding the lack of full payment of its creditors since the absolute priority rule does not apply in a restructuring of a charitable organization. Finally, JPM holds valid and properly perfected liens on certain of the Identified Property.

The Torts Claimants' Committee has argued that the Identified Property may be used to satisfy Abuse Claims against the Debtors and, as described in more detail below, has filed an adversary complaint seeking a determination that the Identified Property is not subject to legal

restrictions and should be used to satisfy Abuse Claims. The Debtors dispute the Tort Claimants' Committee's causes of action relating to the Identified Property.

D.   Prepetition Capital Structure

The following is an overview of the BSA's capital structure and approximate outstanding obligations (collectively, the "Prepetition Obligations") under the Prepetition Debt and Security Documents,[22] as of the Petition Date:

| Description | Amount[23] | Interest Rate | Maturity |
|---|---|---|---|
| **2019 RCF Agreement** | | | |
| -   2019 RCF Revolver | $0 | L + 125 | Mar. 2021 |
| -   2019 RCF Letters of Credit | $61,542,720 | | |
| **2010 Credit Agreement** | | | |
| -   2010 Revolver | $25,212,317 | L + 125 | Mar. 2020 |
| -   2010 Term Loan | $11,250,000 | L + 100 | Mar. 2022 |
| -   2010 Letters of Credit | $44,299,743 | | |
| **2012 Bond Agreement** | $145,662,101 | 2.94% | Mar. 2022 |
| **2010 Bond Agreement** | $40,137,274 | 3.22% | Nov. 2020 |
| **Total Secured Debt** | **$328,104,155**[24] | | |

Collectively, the Prepetition Obligations totaled approximately $328,104,155 as of the Petition Date. Each Prepetition Secured Agreement is Secured by the same collateral (the "Prepetition Collateral"), which consists of: (i) a first-priority Lien on the accounts and certain property arising out of or otherwise relating to accounts, deposit accounts, securities accounts and investment property (each as defined in Article 9 of the Uniform Commercial Code) and proceeds and products of any or all of the foregoing of the Debtors and Related Non-Debtor Entity Arrow, but excluding certain amounts payable that are donor-restricted funds; and (ii) a first-priority Lien on the organization's (a) Headquarters in Texas and (b) high adventure facilities in Florida, New Mexico, and Minnesota. Under each Prepetition Secured Agreement, the BSA is the borrower and JPM is the sole Secured lender thereto.

In accordance with the Cash Collateral Order, the Debtors have been authorized to pay prepetition and postpetition interest with respect to the Prepetition Obligations.

---

[22]   The 2010 Credit Facility Documents, the 2019 RCF Documents, the 2010 Bond Documents, the 2012 Bond Documents, the Prepetition Security Documents (2019), and the Prepetition Security Agreement (2020).

[23]   Estimated amounts as of February 18, 2020. Since the Petition Date, $10,000,000 was drawn on the 2019 RCF Letters of Credit, resulting in corresponding increases and decreases in the 2019 RCF Revolver and 2019 RCF Letters of Credit, respectively.

[24]   These amounts include contingent, undrawn letters of credit under the 2019 RCF Agreement and the 2010 Credit Agreement totaling $105,842,463.

### 1.    2010 Credit Agreement

On August 11, 2010, the BSA entered into the $100 million 2010 Credit Agreement with JPM.  Arrow is a guarantor under the facility.  The 2010 Credit Agreement has been amended seven times, most recently in conjunction with the entry into the 2019 RCF Agreement on March 21, 2019.

The 2010 Credit Agreement has two components, a $75.0 million revolving credit component (the "2010 Revolver") and a $25.0 million term loan component (the "2010 Term Loan").  The 2010 Revolver, which allows the organization to issue letters of credit, had a scheduled maturity of March 2, 2020, while the 2010 Term Loan is scheduled to mature on March 2, 2022.

Pursuant to the terms of the 2010 Credit Agreement, the BSA's outstanding obligations under the 2010 Credit Agreement are Secured by the "Collateral," which was defined under that certain *Security Agreement* dated August 11, 2010 (as amended on November 5, 2010 and March 9, 2012, the "Original Security Agreement") and the 2010 Credit Agreement as (a) a Lien on all "accounts," "payment intangibles," (each as such defined in Article 9 of the Uniform Commercial Code) and the proceeds thereof and (b) all property in which Liens were granted to the Prepetition Agent.

In connection with the BSA's entry into the 2019 RCF Agreement on March 21, 2019, the Original Security Agreement was amended and restated pursuant to the Prepetition Security Agreement (2019).  Pursuant to the Prepetition Security Agreement (2019) and certain mortgages (collectively, the "Mortgages"), BSA and Arrow granted to JPM contemporaneously with the BSA's entry into the 2019 RCF Agreement a security interest in the organization's (a) Headquarters in Texas and (b) high-adventure facilities in Florida, West Virginia, New Mexico, and Minnesota.  The Original Security Agreement is Secured by the Prepetition Collateral *pari passu* with the other Prepetition Secured Agreements.

As of the Petition Date, the Debtors were truly, justly, and lawfully indebted and liable to JPM for $25,212,317 in respect of revolving loans made, $11,250,000 in respect of term loans made, and $44,299,743 in respect of undrawn letters of credit issued by JPM under the 2010 Credit Agreement.

### 2.    2010 Bond Agreement

On November 5, 2010, BSA and Arrow entered into the 2010 Bond Agreement, pursuant to which the Issuer issued the Series 2010A Bonds in an aggregate principal amount of $50,000,000 and Series 2010B Bonds in an aggregate principal amount of $50,000,000 (collectively, the "2010 Bonds"), the proceeds of which were loaned to BSA.  On November 5, 2015, the BSA repaid the Series 2010A Bonds in full.  The loans from the Issuer to BSA were evidenced by that certain Promissory Note - 2010A executed by BSA and payable to the order of the Issuer in the original principal amount of $50,000,000 which notes were pledged by the Issuer to secure the repayment of the Series 2010A Bonds, and the 2010 Note.  As of the date of issuance of the 2010 Bonds and all dates thereafter, the 2010 Bonds were Secured *pari passu* in the same collateral as the loans under the 2010 Credit Agreement.

As of the Petition Date, the Debtors were truly, justly, and lawfully indebted and liable to JPM for $40,137,274 for the remaining outstanding 2010 Bonds under the 2010 Bond Agreement.

### 3.    *2012 Bond Agreement*

On March 9, 2012, the BSA and Arrow entered into the 2012 Bond Agreement with the Issuer and JPM, pursuant to which the Issuer issued the Series 2012 Bonds ("2012 Bonds") in an aggregate principal amount not to exceed $175 million. As of the date of issuance of the 2012 Bonds and all dates thereafter, the 2012 Bonds were Secured *pari passu* in the same collateral as the loans under the 2010 Credit Agreement and the 2010 Bonds. The loans from the Issuer to BSA are evidenced by 2012 Note.

As of the Petition Date, the Debtors were truly, justly, and lawfully indebted and liable to JPM for $145,662,101 under the 2012 Bond Agreement.

### 4.    *2019 RCF Agreement*

On March 21, 2019, the BSA entered into the $71.5 million 2019 RCF Agreement with JPM, with Arrow as a guarantor. The 2019 RCF Agreement, which matures on March 21, 2021, is a Secured facility with a revolving component and a component under which the BSA can issue letters of credit.

In connection with the execution of the 2019 RCF Agreement, the Debtors granted JPM security interests in the Prepetition Collateral. At the time of the execution, the Debtors contemporaneously entered into the Prepetition Security Agreement (2019) and granted JPM the Mortgages in the Mortgaged Property. The 2019 RCF Agreement is Secured *pari passu* with the other Prepetition Secured Agreements.

As of the Petition Date, the Debtors were truly, justly, and lawfully indebted and liable to JPM for $0 in respect of loans made and $61,542,720 in respect of undrawn letters of credit issued by JPM under the 2019 RCF Agreement.

### 5.    *2020 Prepetition Security Agreement*

On February 3, 2020, in connection with a capital contribution by the BSA to Delaware BSA, the BSA, Delaware BSA, and JPM entered into the Prepetition Security Agreement (2020). Pursuant to the Prepetition Security Agreement (2020), Delaware BSA pledged its accounts and other property, except to the extent excluded by the Prepetition Security Agreement (2020), as security for the Prepetition Obligations.

### 6.    *Trade Payables, Retirement Benefits, and Other Liabilities*

The BSA incurs debt with numerous vendors in connection with its ordinary course organizational operations. In addition, the BSA is obligated to pay employment related benefits to current and former employees, including, but not limited to, retirement benefits in connection with (a) the Restoration Plan, a non-qualified defined benefit retirement plan under section 457(f) of the Internal Revenue Code, which provides supplemental retirement benefits to certain

current and former employees of the Debtors or Local Councils and (b) the Pension Plan, a single-employer, qualified, defined benefit Pension Plan that is subject to the Employee Retirement Income Security Act of 1974, as amended, and the Internal Revenue Code, of which BSA is the sponsor.

E.    Local Councils and Chartered Organizations

As discussed above, several organizations work together to deliver the Scouting program, including Local Councils that are independently incorporated and chartered by the BSA and Chartered Organizations which partner with the Local Councils to form the packs, troops, and other units at which the program is delivered. Historically, Claims against the BSA, Local Councils, and Chartered Organizations, including approximately 275 civil actions asserting personal injury Claims against the BSA and certain Local Councils and Chartered Organizations as of the Petition Date (collectively, the "Pending Abuse Actions"), generally were litigated and administered solely by the BSA. The unique relationship between the BSA and these Entities, as discussed above, had led the BSA to take a leading role in administering such litigation. In practice, the BSA coordinated with Local Councils and Chartered Organizations to efficiently respond to and manage such cases, while minimizing the risk of inconsistent treatment of actions and survivors of Abuse.

Although applicable Local Councils are named defendants in the Pending Abuse Actions as well, the consistent resolution of the Pending Abuse Actions required the BSA to pay careful attention to a wide variety of litigation matters, including, for example, responses to broad discovery requests, the overwhelming majority of which were directed at the BSA as opposed to Local Council or Chartered Organization defendants. Through this approach, the BSA had, among other things, facilitated the retention of joint defense counsel, responded to the vast majority of discovery requests, coordinated with insurance carriers, and authorized and funded the payment of any settlement amounts related to the Pending Abuse Actions or similar, previously resolved, Claims. Given the complexity of the issues involving the Pending Abuse Actions, and the BSA's central role in litigating them, prior to filing these Chapter 11 Cases, the organization had retained national coordinating counsel to oversee the handling of Claims against it and the Local Councils and Chartered Organizations.

F.    Insurance Coverage for Abuse Claims

The BSA has historically procured commercial, general-liability insurance ("CGL") policies from multiple insurers to protect itself from a myriad of risks, including Claims of Abuse or sexual misconduct. These Insurance Policies date back to the 1930s and over time came to include both primary and excess Insurance Coverage that provide substantial limits of liability in many years. While the amount of coverage remains substantial in many years, the insolvency of certain Insurance Companies and the resolution of Abuse and other Claims have either eroded, or exhausted the liability limits for certain Insurance Policies. In some instances, the availability of certain Insurance Policies remains contingent upon the resolution of active pending litigation between the BSA and some of the Insurance Companies. Nonetheless, with respect to most (if not all) policy years, at least some level of coverage under the CGL policies is available for bodily injury Claims, including Claims arising out of Abuse.

### 1.      Overview of the BSA's Insurance Program

The type of coverage provided for by the BSA's insurance program has varied over the last six decades.  Between at least 1935 and 1982, the BSA acquired Insurance Policies where each Claim of bodily injury allowed the BSA to access the per-person or per-occurrence limit of liability under the applicable Insurance Policies.[25]  These are more commonly referred to as "per-occurrence" policies.  The per-occurrence policies generally only had aggregate limits that pertained to products-completed operations.  The Insurance Policies between 1962 and 1982 had a per-occurrence limit of $500,000. Beginning in 1969, the BSA also began to procure excess Insurance Policies that provided $2 million in coverage on top of the $500,000 per-occurrence primary policies.

Insurance Company of North America, now known as Century Indemnity Company ("Century"),[26] issued the primary and umbrella policies to the BSA from approximately 1935 to 1971.  The Hartford Accident and Indemnity Company ("Hartford") issued primary and some umbrella policies to the BSA from 1971 to 1978.  Beginning in 1978, Century issued primary policies to the BSA until 1983.

Beginning in 1983, the BSA shifted its insurance program to Insurance Policies that contained overall aggregate limits of liability.  Unlike the per-occurrence policies, each payment towards the settlement of a Claim erodes the Insurance Policy's aggregate limit until it is exhausted and no longer responds to Claims.  The BSA purchased these types of Insurance Policies from 1983 to the end of 1985. As a counterbalance to the imposition of aggregate limits, the BSA's towers of insurance in 1983 through 1985 included significant limits of liability and excess layers of coverage.  For example, in 1983, the BSA procured excess Insurance Policies with $50 million in aggregate limits.  The excess and umbrella policies were issued by various insurers.

The BSA again altered its insurance program beginning in 1986 and through 2018, procuring a primary Insurance Policy and a first-layer excess Insurance Policy where the deductible matches the Insurance Policy's limit of liability.  The extent of the BSA's obligation to pay these deductibles versus the Insurance Company's obligation to pay these deductibles is subject to the terms of these Insurance Policies.  More specifically, between 1986 and 2002, the BSA has primary Insurance Policies with $1 million in limits of liability per year and umbrella Insurance Policies with $1 million in limits of liability per year.  Between 2002 and 2008, the BSA has primary Insurance Policies with $1 million in limits of liability per year, but with increased umbrella obligations. Between 2008 and 2018, the BSA maintained primary Insurance Policies with $1 million in limits of liability per year, and umbrella Insurance Policies with $9 million in limits of liability per year.

In 2019, the BSA again changed its insurance program to avoid the deductibles noted above, which it has kept current and expects to continue in 2021.  Throughout the years of

---

[25]    For purposes of simplicity, this analysis is limited to the BSA's primary Insurance Policies.

[26]    Century is acting in these Chapter 11 Cases as successor to CCI Insurance Company, Insurance Company of North America. Indemnity Insurance Company of North America, Ace Insurance Group Westchester Fire Insurance Company, Westchester Fire Insurance Company, and Westchester Surplus Lines Insurance Company.  All of these Entities are generally referred to as "Century" herein.

Scouting operations, the BSA has eroded certain of the Insurance Policies referenced above.  The BSA has also entered into settlement agreements pertaining to certain policies that may limit the extent of coverage available.

### 2.    The BSA's Insurance Coverage for the Local Councils and Chartered Organizations

As noted, the BSA operates Scouting through the Local Councils and the Chartered Organizations.  Prior to 1971, each Local Council was required to procure Insurance Policies that would provide coverage, for among other things, the types of Abuse Claims alleged herein.

Over the course of the Chapter 11 Cases, the Debtors and the Local Councils have gone through extensive insurance archeology efforts and discovery to obtain evidence of policies issued to the Local Councils prior to 1978.  To date, the BSA and Local Councils have been able to obtain a significant number of these Insurance Policies and discovery is ongoing in that regard.

From these insurance archeology efforts, the BSA and Local Councils have also learned that several Insurance Companies issued specific Insurance Policies to the Local Councils.  For example, from 1965 to 1971, Century created an insurance program for the Local Councils.  Likewise, from 1975 to 1976, the New Hampshire Insurance Company ("AIG") also created an insurance program through a broker, R.F. Lyons, that issued a significant number of AIG Insurance Policies to Local Councils.  AIG also issued a substantial amount of Insurance Policies to Local Council as early as the 1940s.

Starting in 1971, the BSA began adding certain Local Councils as additional insureds under its CGL policies.  Then, in 1978, the BSA formalized this practice through the implementation of a General Liability Insurance Program ("GLIP"), whereby the BSA agreed to procure general liability insurance for all Local Councils by including them in the definition of "Named Insured" in all of the BSA CGL Insurance Policies.  Similarly, starting in 1978, the BSA began to provide Insurance Coverage under its CGL policies to certain Chartered Organizations.

### 3.    The First Encounter Agreement and Subsequent Endorsement in the BSA Policies

As noted above, Century provided the BSA with primary Insurance Coverage for several decades.  In 1996, the BSA and Century engaged in an effort to minimize disputes regarding Insurance Coverage.  As a result of those discussions, on or about May 24, 1996, the BSA and certain Century Entities executed the "Settlement Agreement Regarding Sexual Molestation Claims."  This settlement is often referred to as the "First Encounter Agreement" ("FEA").

Pursuant to the FEA, the BSA and Century agreed that "the date of 'occurrence' pertaining to any Sexual Molestation Claim shall be the date when the first act of Sexual Molestation took place, even if additional acts of Sexual Molestation or additional Personal Injuries arising therefrom also occurred in subsequent policy periods; and all damages arising out of such additional acts of Sexual Molestation or additional Personal Injuries shall be deemed to have incurred during the policy year when the first act of Sexual Molestation took place."  The

BSA and Century were the only parties to the FEA; however, several of the BSA's other Insurance Companies ascribe to this agreement and provide coverage according to the first alleged year the Abuse occurred.

In about 2008, the BSA's primary and excess Insurance Policies include the "Date of Exposure for Molestation Claims" endorsement. Similar to the FEA, the endorsement provides that any alleged sexual molestation occurrence involving the same claimant would be treated as a single occurrence with the date of the first alleged act of Abuse being designated the "date of loss."

G.      Prepetition Insurance Coverage Actions

Prior to the Petition Date, the BSA and certain of its Insurance Companies were involved in Insurance Coverage Actions regarding certain Insurance Policies issued to the BSA, including (a) *Boy Scouts of America, et al. v. Insurance Company of North America et al.*, Case No. DC-18-11896, pending in the 192nd Judicial District Court of Dallas County, Texas; (b) *Boy Scouts of America, et al. v. Hartford Accident and Indemnity Co., et al.*, Case No. DC-18-07313, pending in the 95th Judicial District Court of Dallas County, Texas; (c) *National Surety Corp. v. Boy Scouts of America, et al.*, Case No. 2017-CH-14975, pending in the Circuit Court of Cook County, Illinois, Chancery Division. Hartford also initiated an adversary proceeding in these Chapter 11 Cases styled *Hartford Accident and Indemnity Co. and First State Ins. Co. v. Boy Scouts of America, et al.*, Adv. Pro. No. 20-50601 (LSS). The majority of the Insurance Coverage Actions are currently stayed by operation of the automatic stay; however, the parties to the Hartford actions have agreed to stay the entirety of the adversary proceeding and the corollary state court action.

The Insurance Coverage Actions involved several of the BSA's Insurance Companies, including Century, Hartford, National Surety Corporation ("National Surety") and Allianz Insurance ("Allianz"). The Insurance Companies in the Insurance Coverage Actions asserted that the BSA and Local Councils were not entitled to coverage for specific sexual abuse claims based on various coverage defenses, including, but not limited to, the number of "occurrences" that were triggered by the Insurance Policies, the expected and intended language in the Insurance Policies precluded Insurance Coverage, and that the BSA had failed to cooperate with its Insurance Companies.

The Debtors believe that such defenses or limitations to the scope of Insurance Coverage are without merit. In the spirit of reaching consensus with the Insurance Companies, the BSA is currently participating in mediation with its Insurance Companies to resolve certain disputes regarding the Debtors' rights to Insurance Coverage under the Insurance Policies.[27]

---

[27]     Pursuant to the Bankruptcy Court's *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] entered on June 9, 2020, the mediations are currently before the Bankruptcy Court-appointed mediators, the Honorable Kevin Carey (Ret.), Paul Finn, and Timothy Gallagher for the purpose of mediating the comprehensive resolution of issues and Claims in the Chapter 11 Cases through a chapter 11 plan.

## ARTICLE IV. EVENTS LEADING TO THE CHAPTER 11 CASES

The safety of children in its programs is the most important priority of the BSA.  The BSA today enforces a robust set of multilayered policies and procedures to protect the young men and women involved in Scouting.  These measures are informed by respected experts in the fields of child safety, law enforcement, and child psychology.  The BSA is committed to the protection of its Scouts, and that commitment is integral to the BSA's identity and mission as it seeks to continue instilling values of leadership, service, and patriotism in millions of children who participate in Scouting programs across the country.

A.    The BSA's Prepetition Global Resolution Efforts and Prepetition Claims Against the BSA

As widely reported, as of the Petition Date, the BSA was a defendant in numerous lawsuits related to historical Abuse in its programs.  Indeed, many Abuse victims had taken legal action against the BSA and Local Councils in the civil tort system.  As explained further below, recent changes in state statutes of limitations led to a sharp increase in the number of Claims asserted against the BSA and placed tremendous financial pressure on the organization.  In addition to Pending Abuse Actions that were pending in state and federal courts across the United States, attorneys for Abuse victims had provided information regarding approximately 1,400 additional Claims not yet filed, for a total of approximately 1,700 known asserted Abuse Claims.

In light of the increasing number of Claims asserted against the BSA, the BSA made the decision that it could not continue to address Abuse litigation in the tort system on a case-by-case basis.  The BSA spent more than $150 million on settlements and legal and related professional costs from 2017 through 2019 alone.  In addition to the unsustainable financial cost of continuing to engage in piecemeal litigation across the country, continuing this process would have resulted in the risk of inconsistent judicial outcomes and inequitable treatment of victims.  For these reasons, beginning in late 2018, the BSA, with assistance of legal and financial advisors, began to explore strategic options for achieving an equitable global resolution of Abuse Claims.

In connection with these strategic efforts, the BSA recognized that it would ultimately need to structure a settlement around a plan of reorganization that provides for channeling injunctions with respect to both current and potential future Abuse Claims.[28]  Accordingly, the BSA determined, in consultation with its advisors, that it was necessary and appropriate to engage an independent third-party Representative for holders of Future Abuse Claims.  After considering possible candidates for the role, the BSA selected James L. Patton, Jr. in early 2019 to serve as future claimants' representative (the "Future Claimants' Representative").[29]  In addition, the BSA engaged in discussions with several groups, including an ad hoc group of

---

[28]    Unlike a future Claim in other mass tort contexts, there is no latency period for Abuse.  In the Abuse context, a future Claim is properly understood as a Claim related to Abuse that has already occurred but which is held by an individual who (a) has not attained 18 years of age, (b) was not aware of such Abuse Claim as a result of "repressed memory," such that he or she is not aware that he or she holds an Abuse Claim, to the extent the concept of repressed memory is recognized by the highest appellate court of the State or territory where the Claim arose.

[29]    As noted in Article V herein, the Bankruptcy Court appointed Mr. Patton as the Future Claimants' Representative on April, 24, 2020, *nunc pro tunc* to the Petition Date.

attorneys representing numerous holders of Abuse Claims advised by James Stang of Pachulski Stang Ziehl & Jones LLP, and certain of its insurers.

One of the strategic options that the BSA explored throughout 2019 included efforts to reach a settlement with a substantial number of Abuse victims that could be implemented through a prearranged chapter 11 proceeding.  Those efforts involved several meetings with attorneys representing many Abuse victims, including a two-day mediation in early November 2019.  The mediation was attended by a Future Claims Representative and some of the BSA's Insurance Companies.  Unfortunately, the mediation was unsuccessful.  It became apparent that attorneys for Abuse victims believed that certain Local Councils with significant Abuse liabilities had significant assets that could be used to compensate victims.  Further, it became clear that attorneys for Abuse victims would only accept information about the nature and extent of the BSA's available assets if provided through a court-supervised process.  Accordingly, the BSA recognized in late 2019 that there were no meaningful prospects for a prearranged global resolution.  Under those conditions, the Debtors commenced these Chapter 11 Cases to achieve dual objectives:  (a) timely and equitably compensate victims of Abuse in Scouting and (b) ensuring that the BSA emerges from bankruptcy with the ability to continue its vital charitable mission.

B.      The Impact of Statutes-of-Limitation Changes on Claims against the BSA and Non-Debtor Stakeholders

The number of Claims against the BSA has increased dramatically over the past twenty years due to changes to state statutes of limitations governing Causes of Action alleging child Abuse.  Since 2002, 17 states have enacted legislation allowing individuals to bring Claims that would otherwise have been barred by the applicable limitations period.  Most of these jurisdictions (including California, Delaware, Georgia, Hawaii, Minnesota, New Jersey, and North Carolina) have implemented revival windows that temporarily eliminate the civil statutes of limitations for survivors of Abuse whose Claims have already expired.  These revival windows have allowed older survivors of child Abuse to bring lawsuits decades after the Abuse occurred, including against private organizations, such as the BSA and Local Councils.  Other jurisdictions (including Vermont) have fully eliminated limitations periods going forward and revived expired Claims.  Additionally, more states are considering opening statute of limitation windows, extending statutes of limitations, or even removing statutes of limitations for victims of child sexual Abuse.

The trend of retroactive revisions to limitations periods for Abuse Claims accelerated in 2019, when more than a dozen states (including Arizona, California, District of Columbia, Montana, New Jersey, New York, and North Carolina) revised their limitations periods to allow survivors of Abuse to bring Claims that would otherwise have been time-barred.  Shortly before the Petition Date, a group of plaintiffs filed suit in the U.S. District Court in the District of Columbia alleging that the District's recent revival-window legislation permits plaintiffs to bring previously time-barred Claims, regardless of where the Abuse occurred or where the plaintiff resides.[30]  In addition, prior to the Petition Date, plaintiffs began pursuing a theory that the recently opened New Jersey statute of limitations allowed the filing of any Claim that arose prior

---

[30]    *See Does 1-8 v. Boy Scouts of America*, Case No. 20–00017 (D.D.C.).

to 1979, regardless of where the Abuse occurred, since the BSA was headquartered in New Jersey prior to that date, before its Headquarters moved to Irving, Texas.

These changes in statutes of limitations have dramatically altered the legal landscape for Abuse Claims. Specifically, the number of suits alleging Claims from earlier years that would otherwise have been barred by the applicable limitations period has surged, which is reflected in the filing of tens of thousands of Abuse claims in these Chapter 11 Cases. These suits have forced the BSA to look backward—past the decades of progress and leadership in youth protection—to the mid- to late-twentieth century, when the vast majority of the Abuse in Scouting occurred. Claims alleging Abuse within the last thirty years make up a small fraction of total known Abuse claims.[31] The vast majority of the Claims the BSA is now facing allege Abuse from the 1960s to the 1980s. Fairly compensating survivors that were abused during this period placed tremendous financial pressure on the BSA and its local partners.

## ARTICLE V. THE CHAPTER 11 CASES

A.    Commencement of the Cases and First Day Relief

On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. As of the date hereof, the Debtors have continued, and will continue until the Effective Date, to operate their organization as Debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Also on the Petition Date, the Debtors filed a number of motions seeking typical "first day" relief in chapter 11 cases authorizing the Debtors to maintain their operations in the ordinary course (collectively, the "First Day Motions"). This relief was designed to ensure a seamless transition into the chapter 11 process and allow the Debtors to maintain their operations in the ordinary course so as to function smoothly while their cases progressed. The Bankruptcy Court granted substantially all of the relief requested in the First Day Motions and entered various orders authorizing the Debtors to, among other things:

- Continue paying employee wages and benefits [D.I. 295];

- Continue the use of the Debtors' cash management system, bank accounts, and business forms [D.I. 381];

- Continue the use of certain cash collateral and the granting of adequate protection with respect to the use of such cash collateral [D.I. 433];

- Continue customer, scout and donor programs, and honor related prepetition obligations [D.I. 279];

- Pay certain prepetition taxes and assessments [D.I. 366];

---

[31]    Of the approximately 95,200 pending or asserted Abuse Claims against the BSA, approximately 65,000 claims have ascertainable dates. Of the approximately 65,000 dated Claims, approximately 80% involve Claims alleging Abuse that occurred before 1988.

- Pay certain prepetition obligations for essential vendors, foreign vendors, shippers, warehousemen, and other Lien claimants [D.I. 275];

- Pay certain prepetition obligations under shared services arrangements with the Local Councils and Related Non-Debtor Entities and authorize the Debtors to continue performing or paying under shared services arrangements with the Local Councils and Related Non-Debtor Entities [D.I. 369]; and

- Establish procedures for utility providers to request adequate assurance of payment and to prohibit utility companies from altering or discontinuing service [D.I. 273].

B.    Procedural Motions

The Debtors filed various motions on the Petition Date regarding procedural issues common to chapter 11 cases of similar size and complexity.  The Bankruptcy Court granted substantially all of the relief requested in such motions and entered various orders authorizing the Debtors to, among other things:

- Establish procedures for interim compensation and reimbursement of expenses of chapter 11 professionals [D.I. 341]; and

- Retain and compensate certain professionals utilized by the Debtors in the ordinary course of their non-profit operations [D.I. 354].

C.    Critical Vendors and Shared Services

As described above, the Debtors filed various First Day Motions, two of which were motions to pay prepetition Claims of critical vendors (the "Critical Vendor Motion") [D.I. 7] and prepetition obligations under shared services arrangements (the "Shared Services Motion") [D.I. 15].  Pursuant to the Critical Vendor Motion, the Debtors obtained authorization to pay, in the ordinary course of the Debtors' non-profit operations, prepetition Claims of essential vendors, foreign vendors, 503(b)(9) vendors, and other Lien claimants.  Pursuant to the Shared Services Motion, the Debtors requested authorization to pay prepetition obligations under shared organizational services agreements related to the Local Councils and Related Non-Debtor Entities and to continue performing under such arrangements.  As explained in detail in the Shared Services Motion, the BSA provides benefits programs, liability insurance, and administrative services to Local Councils, such as accounting, human resources, information technology, member recruitment, fundraising, marketing, leadership training, and other related support (the "Shared Services Arrangements").  Without these Shared Services Arrangements, the Debtors would be incapable of providing Scouting programs nationwide and Local Councils would be unable to operate their organizations.

D.    Retention of Chapter 11 Professionals

On March 17, 2020, the Debtors filed applications to retain (i) Sidley Austin LLP ("Sidley Austin"), as the Debtors' bankruptcy counsel; (ii) Morris, Nichols, Arsht & Tunnell LLP, as the Debtors' bankruptcy co-counsel; (iii) Alvarez & Marsal North America, LLC, as

financial advisor; (iv) Bates White, LLC, as Abuse Claims consultant; (v) KCIC, LLC, as insurance and valuation consultant; (vi) Omni Agent Solutions, as administrative agent; (vii) Haynes and Boone, LLP, as special insurance counsel; and (viii) Ogletree, Deakins, Nash, Smoak & Stewart, P.C., as special litigation counsel [D.I. 204, 205, 206, 207, 208, 209, 210, and 220]. In April 2020, the Bankruptcy Court entered orders authorizing the retention of all the Debtors' listed Estate Professionals, except for Sidley Austin [D.I. 339, 340, 353, 355, 364, 372, and 463]. On May 29, 2020, the Bankruptcy Court issued a bench ruling overruling the objection to the Debtors' application to retain Sidley Austin as bankruptcy counsel filed by Century [D.I. 755]. On June 2, 2020, the Bankruptcy Court entered an order granting Sidley Austin's retention [D.I. 758].[32]

Thereafter, the Debtors filed additional applications to retain (i) PricewaterhouseCoopers LLP, as independent auditor and tax compliance services provider to the Debtors; (ii) Appraisers of the Keys, Inc.; JFW Ranch Consulting, LLC; Hotel & Leisure Advisors; F.I. Salter, Inc.; Dawn M. Powell Appraisals Inc.; and BW Ferguson & Associates Ltd., as appraisers with respect to the Debtors' four high adventure facilities, discussed in greater detail herein; (iii) Quinn Emanuel Urquhart & Sullivan, LLP as special litigation counsel; and (iv) JLL Valuation & Advisory Services, LLC ("JLL") as appraiser with respect to certain Local Council real properties [D.I. 796, 868, 1125, and 1762]. The Bankruptcy Court entered orders approving the Debtors' retention applications on June 24, 2020, July 8, 2020, September 18, 2020, and December 14, 2020, respectively [D.I. 889, 984, 1343, and 1841].

On October 22, 2020, the Debtors filed an application requesting authorization to retain White & Case LLP ("White & Case") as bankruptcy counsel because core members of their restructuring team had transitioned their practices to White & Case from Sidley Austin [D.I. 1571]. The Debtors' restructuring team who transitioned have led the Debtors' restructuring efforts for the past two years and are familiar with the numerous stakeholders that are actively participating in these Chapter 11 Cases. The Bankruptcy Court entered an order authorizing the retention of White & Case on November 8 2020 [D.I. 1698], over the objection of Century [D.I. 1637].[33]

E.    Appointment of Fee Examiner

Given the size and complexity of the Chapter 11 Cases, on September 18, 2020, the Court entered an order appointing Justin H. Rucki of Rucki Fee Review, LLC as Fee Examiner [D.I. 1342].

---

[32]    On June 11, 2020, Century filed a Notice of Appeal [D.I. 837] of the Bankruptcy Court's order authorizing the Debtors' retention of Sidley Austin. The appeal is pending before the U.S. District Court for the District of Delaware (Civil Action No. 20-cv-798, BAP No. 20-14).

[33]    On December 2, 2020, Century filed a Notice of Appeal [D.I. 1771] of the Bankruptcy Court's order authorizing the Debtors' retention of White & Case. The appeal was before the U.S. District Court for the District of Delaware (Civil Action No. 20-cv-1643, BAP No. 20-58) (the "W&C Retention Appeal"). On February 26, 2021, Century filed its *Stipulation of Dismissal of Bankruptcy Appeal* stipulating to the dismissal of the W&C Retention Appeal.

F.    <u>Appointment of Statutory Committees, Ad Hoc Committee, and Future Claimants'</u>
      <u>Representative</u>

*1.    Ad Hoc Committee of Local Councils*

Prior to the Petition Date, the BSA assisted in the formation of an ad hoc committee of Local Councils comprised of eight Local Councils[34] of various sizes from regions across the country (the "<u>Ad Hoc Committee</u>").  The primary purpose of the Ad Hoc Committee is to allow Local Councils to participate in negotiations regarding a global resolution of Abuse Claims and other issues important to them, including the treatment of their shared insurance with the BSA. The Ad Hoc Committee has also been instrumental in coordinating the BSA's ongoing efforts to collect and organize Local Council asset information.  The individual members of the Ad Hoc Committee are all volunteers.  The volunteer chair is Richard G. Mason of the Wachtell, Lipton, Rosen & Katz law firm.  Mr. Mason is the volunteer president of the Greater New York Council.

*2.    Unsecured Creditors Committee*

On March 5, 2020, the United States Trustee appointed the Committee of Unsecured Trade Creditors (the "<u>Creditors' Committee</u>"), which consists of five members [D.I. 141].  The Creditors' Committee represents the interests of all non-Abuse-related unsecured creditors, including former employees, litigation claimants, and other non-Abuse unsecured creditors.  The members of the Creditors' Committee are (1) Pension Benefit Guaranty Corporation, represented by Tom Taylor; (2) Girl Scouts of the United States of America, represented by Jennifer Rochon; (3) Roger A. Ohmstede; (4) Pearson Education, Inc., represented by John Garry; and (5) Lion Brothers Inc., represented by Susan Ganz.

*3.    Torts Claimants' Committee*

On March 5, 2020, the United States Trustee also appointed the Tort Claimants' Committee (together with the Creditors' Committee, the "<u>Committees</u>"), which consists of nine individual members who hold Abuse Claims against the Debtors [D.I. 142].

To date, the Debtors have cooperated with the Committees, creditors, and other stakeholders on complex diligence and informal discovery issues, including participation in meet-and-confer calls, question-and-answer sessions, and the review and production of a significant volume of responsive documents and other information.

*4.    Future Claimants' Representative*

On March 18, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Claimants, Nunc Pro Tunc to the Petition Date* [D.I. 223].  On April, 24, 2020, the Bankruptcy Court appointed Mr. Patton as the legal representative of Future Claimants [D.I. 486] (the "<u>Future Claimants'</u> <u>Representative</u>"), *nunc pro tunc* to the Petition Date.

---

[34]    The members are: (1) Andrew Jackson Council; (2) Atlanta Area Council; (3) Crossroads of America Council; (4) Denver Area Council; (5) Grand Canyon Council; (6) Greater New York Councils; (7) Mid-America Council; and (8) Minsi Trails Council.

### 5. *Coalition of Abused Scouts for Justice*

On July 24, 2020, the Coalition of Abused Scouts for Justice (the "Coalition"), an ad hoc group representing the interests of Abuse survivors, filed its *Notice of Appearance and Request for Service of Notices and Documents* [D.I. 1040]. The Coalition was formed in connection with several law firms ("State Court Counsel")[35] representing holders of Abuse Claims. The Coalition is made up of approximately 11,875 Abuse survivors having signed an "Affirmative Consent" which consents to becoming a member of the Coalition and authorizes their respective State Court Counsel to instruct the Coalition's professionals in connection with these Chapter 11 Cases. Additionally, the Coalition has asserted that the State Court Counsels represent approximately 65,000 Abuse survivors collectively and many of such additional Persons are expected to sign "Affirmative Consents."

On January 29, 2021, the filed its *Third Amended Verified Statement of Coalition of Abused Scouts of Justice Pursuant to Bankruptcy Rule 2019* [D.I. 1996 and 1997], and provides information regarding its members (with certain personal information redacted). The Coalition is represented by Monzack Mersky and Browder, P.A., and Brown Rudnick LLP.

### 6. *United Methodist Ad Hoc Committee*

In late 2020, 49 United Methodist Annual Conferences supported the formation of an ad hoc group (the "United Methodist Ad Hoc Committee") to advance the interests generally of United Methodist local churches and other United Methodist organizations that serve or have served as Chartered Organizations to the BSA. The United Methodist Ad Hoc Committee, comprising of twelve members, has retained Bradley and Potter Anderson & Corroon LLP to represent them in these Chapter 11 Cases. The United Methodist Ad Hoc Committee also participates in the mediation regarding issues in connection with a global resolution of Abuse Claims. On January 6, 2021, the United Methodist Ad Hoc Committee filed a verified statement pursuant to Bankruptcy Rule 2019, detailing certain information relating to the its members. [D.I. 1901].

### G. Filing of Schedules of Assets and Liabilities and Statements of Financial Affairs

On February 19, 2020, the Bankruptcy Court entered an order extending the deadline by which the Debtors must file their Schedules and Statements of Financial Affairs with the Bankruptcy Court [D.I. 67]. In accordance with that order and pursuant to Bankruptcy Rule 1007 and Local Rule 1007-19(b), the Debtors filed their Schedules and Statements on April 8, 2020 [D.I. 375, 376, 377, and 378]. The Schedules provide summaries of the assets held by each of the Debtors as of the Petition Date, as well as a listing of the Debtors' liabilities, including

---

[35] These firms are: (i) Slater Slater Schulman LLP, (ii) ASK LLP, (iii) Andrews & Thornton, (iv) Levin Papantonio Thomas Mitchell Rafferty & Procter P.A., (v) Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., (vi) Junell & Associates PLLC, (vii) Reich & Binstock LLP, (viii) Marc J. Bern & Partners LLP, (ix) Krause & Kinsman Law Firm, (x) Bailey Cowan Heckaman PLLC, (xi) Babin Law, LLC, (xii) Jason J. Joy & Associates, PLLC, (xiii) Motley Rice LLC, (xiv) Weller Green Toups & Terrell LLP, (xv) Colter Legal PLLC, (xvi) Christina Pendleton & Associates PLLC, (xvii) Forman Law Offices, P.A., (xviii) Danziger & De Llano LLP, (xix) Swenson & Shelley PLLC, (xx) Brooke F. Cohen Law, (xxi) Damon J. Baldone PLC, (xxii) Cutter Law PC, (xxiii) The Robert Pahlke Law Group, (xxiv) Napoli Shkolnik PLLC, (xxv) the Hirsch Law Firm, and (xxvi) Porter & Malouf, P.A [D.I. 1997].

Secured, unsecured priority, and unsecured non-priority Claims pending against each of the Debtors during the period prior to the Petition Date.

H.  Exclusivity

### 1.    First Extension of Exclusivity Period

On June 16, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 858] extending the Debtors' exclusive period to (a) file a chapter 11 plan (the "Exclusive Filing Period") by 120 days, to and including October 15, 2020 and (b) solicit votes thereon (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") by 120 days, to and including December 15, 2020, without prejudice to the Debtors' rights to seek further extensions of the Exclusive Period.

On June 30, 2020, the Tort Claimants' Committee filed *The Official Committee of Tort Claimants' Response to Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 915].

On July 2, 2020, the Creditors' Committee filed a *Statement of the Creditor's Committee with Respect to the Debtors' Motion for Entry of an Order Extending the Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 947].

On July 9, 2020, the Bankruptcy Court entered the *Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 996], which extended the exclusive period for the Debtors to file a chapter 11 plan by approximately 120 days, to and including October 15, 2020.  The period during which the Debtors had the exclusive right to solicit acceptances thereof was extended by approximately 120 days, to and including December 15, 2020.

### 2.    Second Extension of Exclusivity Period

On October 14, 2020, Debtors filed the *Debtors' Second Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 1519] extending the Debtors' exclusive periods to (a) file a chapter 11 plan by 180 days, to and including April 13, 2021, and (b) solicit votes thereon by 180 days, to and including June 14, 2021, without prejudice to the Debtors' rights to seek further extensions of the Exclusive Periods.

On October 30, 2020, the Bankruptcy Court entered the *Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 1606], which extended the exclusive period for the Debtors to file a chapter 11 plan by approximately 155 days, to and including March 19, 2021. The period during which the Debtors have the exclusive right to solicit acceptances thereof was extended by approximately 154 days, to and including May 18, 2021.

I.    Removal

Concurrently with the commencement of the Chapter 11 Cases, the Debtors began taking measures to consolidate and stay all pending Abuse litigation against the BSA, Local Councils, and Chartered Organizations.  In particular, the BSA removed to federal district court (or bankruptcy court, depending upon the applicable local rules) all Abuse Claims pending in state courts throughout the country against the BSA and/or the Local Councils and Chartered Organizations.

Since there are a number of actions that name the BSA as a defendant and that allege Claims substantially similar to those asserted in the Pending Abuse Actions (collectively, the "Further Abuse Actions") and dozens of additional non-Abuse actions that remain pending against the BSA in various state courts, on May 15, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within which the Debtors May Remove Civil Actions and Granting Related Relief* [D.I. 653] requesting that the deadline to remove such actions be extended to the later of: (a) September 15, 2020; and (b) the date that is forty-five (45) days after the occurrence of the Termination Date (as defined below).  The Court granted the motion on June 3, 2020 [D.I. 769]. On September 14, 2020, the Debtors filed the *Debtors' Second Motion for Entry of an Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors May Remove Civil Actions and Granting Related Relief* [D.I. 1316] requesting that the Bankruptcy Court extend the period within which the Debtors may file notices of removal of Claims or Causes of Action under Bankruptcy Rule 9027 by an additional 120 days to January 13, 2021.  On October 1, 2020, the Bankruptcy Court granted the motion. [D.I. 1393].  On December 29, 2020, the Debtors filed the *Debtors' Third Motion for Entry of an Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors May Remove Civil Actions and Granting Related Relief* [D.I. 1876] requesting that the Bankruptcy Court further extend the period within which the Debtors may file notices of removal of Claims or Causes of Action by an additional 120 days to May 13, 2021. On January 14, 2021, the Bankruptcy Court entered an order granting the relief requested in the motion without objection.  [D.I. 1941].

J.    Preliminary Injunction

On the Petition Date, the Debtors initiated an adversary proceeding by filing the *Verified Complaint for Injunctive Relief,* Adv. Pro. No. 20-50527 (LSS) [A.D.I. 1 (sealed); A.D.I. 5 (redacted)] (the "Complaint").  In connection with the Complaint, the Debtors filed *The BSA's Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code* [A.D.I. 6] (the "Preliminary Injunction Motion").

In the Preliminary Injunction Motion and related pleadings, the Debtors sought to extend the automatic stay to enjoin the prosecution of the Pending Abuse Actions.  The Pending Abuse Actions comprise Claims filed in state and federal courts against the BSA, Non-Debtor Related Entity Learning for Life, Local Councils that are separate non-profit Entities independently incorporated under the applicable laws of their respective states, and non-Debtor Chartered Organizations, consisting of community and religious organizations, businesses and groups of

individuals that organize Scouting units.  Each of the Pending Abuse Actions alleges Abuse arising out of the victim's involvement or connection with the BSA.

As the result of an agreement reached between and among the Debtors and the Committees, on March 30, 2020, the Bankruptcy Court entered the *Consent Order Pursuant To 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* [A.D.I. 54] (the "Consent Order").

The Consent Order, among other things, stayed certain Pending Abuse Actions and Further Abuse Actions with respect to the Debtors and other BSA Related Parties (as defined in the Consent Order) up to and including May 19, 2020 (the "Termination Date").  The time period from the Petition Date to and including the Termination Date, as extended from time to time, is referred to as the "Standstill Period."  As part of the agreement with the Committees, the Debtors agreed to provide financial and other information that the Committees had identified as being relevant.  To that end, the Debtors provided the Committees' advisors with access to a secure data room containing organizational documents, financial statements, shared services agreements, documents reflecting asset and liability information, Insurance Policies, and other relevant documents.

In accordance with the Consent Order, the Debtors have filed amended version of Schedule 1 to the Consent Order that include additional Further Abuse Actions subject to the Consent Order (each, an "Amended Schedule").  The Debtors have filed Amended Schedules on each of April 30, 2020, July 2, 2020, August 7, 2020, September 11, 2020, October 13, 2020, November 23, 2020, and December 23, 2020, February 8, 2021.

Likewise, the Debtors filed amended versions of Schedule 2 to the Consent Order identifying the then-current BSA Related Parties on August 7, 2020, September 25, 2020, and December 31, 2020, February 8, 2021.

On May 18, 2020, the Bankruptcy Court entered the *Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Extending the Termination Date of the Standstill Period Under the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to U.S.C. §§ 105(a) and 362* [A.D.I. 72], which extended the Termination Date and Standstill Period up to and including June 8, 2020.

On June 9, 2020, the Bankruptcy Court entered the *Second Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(A) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 77], which, among other things, further extended the Termination Date through and including November 16, 2020.

On November 18, 2020, the Termination Date and Standstill Period were once again extended with entry of the *Order Approving Third Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction*

*Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 116] (the "Order Approving Third Stipulation").  As a result, the Termination Date has now been extended through and including March 19, 2021.

On November 4, 2020, three plaintiffs ("Movants") in certain state court actions regarding Abuse Claims filed their *Motion for Order Modifying Preliminary Injunction to Allow Movants to Proceed with State Court Actions as to Non-Debtor Defendants* [A.D.I. 109] (the "Motion to Modify").  Pursuant to the Motion to Modify, the Movants requested that the Bankruptcy Court modify the Consent Order to allow the Movants' actions to proceed against certain non-Debtor defendants.  Despite not objecting initially to the entry of the Consent Order, which stayed the Movants' respective state court actions, the Movants argued that their Claims as against select non-Debtor defendants could be litigated separately without affecting the BSA.

On January 11, 2021, the Movants filed a *Notice of Withdrawal of Motion for Order Modifying Preliminary Injunction to Allow Movants to Proceed with State Court Actions as to Non-Debtor Defendants* [A.D.I. 138], withdrawing the Motion to Modify without prejudice.

On February 22, 2021, the Debtors filed their *Motion to Extend Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* (the "Injunction Extension Motion") [A.D.I. 144] and, the following day, filed their *Opening Brief* in support of the Injunction Extension Motion [A.D.I. 145].  In their Injunction Extension Motion and Opening Brief, the Debtors request that the Court extend the Termination Date of the preliminary injunction from March 19, 2021 to July 19, 2021.

K.    Mediation

On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [D.I. 17] (the "Mediation Motion") requesting that the Bankruptcy Court enter an order appointing a sitting bankruptcy judge (if the relevant parties were unable to agree on a mediator before hearing the Mediation Motion) to mediate any and all issues related to the comprehensive resolution of Claims relating to historical acts of Abuse in the BSA's Scouting programs through a chapter 11 plan of reorganization, and referring such matters to mandatory mediation.  In response to a number of limited objections to the Mediation Motion filed by various parties [D.I. Nos. 161, 164, 166, 316, 388, 617, 646, 647, 648, 650, 652, 658, 664, 710, 711, 712, 713, 756, 757, 759, 761, 762, 771, 772 and 773], the Debtors filed the *Debtors' Reply in Support of Their Motion for Entry of an Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 782].

On June 9, 2020, the Court entered an order appointing Judge Kevin Carey (Ret.), Mr. Paul Finn, and Mr. Timothy Gallagher as mediators, and referring certain matters to mediation [D.I. 812] (the "Mediation Order").  The Debtors subsequently successfully defended the Mediation Order against a motion for reconsideration filed by Century, which the Court denied on July 14, 2020—thereby enabling the mediators to move forward with the substantial task of mediating these large and complex cases.  The original mediation parties consisted of (a) the Debtors; (b) the Ad Hoc Committee; (c) the Future Claimants' Representative; (d) the Tort Claimants' Committee, including its members, Professionals, and the individual members'

professionals; (e) the Creditors' Committee, including each parties' members, professionals, and the individual members' professionals; and (f) the following insurers: The Chubb Group of Insurance Companies, The Hartford Companies, Allianz Global Risks US Insurance Company, National Surety Corporation, Liberty Mutual Insurance Company, and American International Group, Inc. Entities.

On August 26, 2020, the Coalition moved to participate in the mediation [D.I. 1161], arguing that the Coalition was a necessary and beneficial party to the Mediation Order and should be permitted to participate in, and will add value to, efforts to reach a global resolution. On September 2, 2020, various parties filed objections to the Coalition's motion, including Hartford and certain other insurers [D.I. 1222], Allianz Global Risks U.S. Insurance Company and National Surety Corporation [D.I. 1224], the Tort Claimants' Committee [D.I. 1229], and Century [D.I. 1230]. Century argued that "the Coalition's participation in the mediation and access to highly confidential information obtained through participation, raises . . . serious concerns," and that the Coalition should be required to file a Rule 2019 disclosure to identify conflicts that may be created by the Coalition's representation by Blank Rome LLP. The Tort Claimants' Committee argued, among other things, that the Coalition's motion should not be granted because "it is nothing more than a marketing term that was concocted by six law firms who were unhappy they could not control the Tort Claimants' Committee to implement their agenda in the case." [D.I. 1231 at 1]. On October 23, 2020, the Bankruptcy Court overruled these objections and entered an order allowing the Coalition to participate in the mediation and designating the Coalition as a mediation party [D.I. 1573].

The Debtors have subsequently engaged in extensive discussions and negotiations with the mediation parties regarding complex legal and factual issues that must be addressed in connection with a global resolution of Abuse Claims. Numerous additional parties have joined the mediation subsequent to the Coalition's designation as a mediation party. Such parties include JPM Chase Bank, N.A.; the Corporation of the President of the Church of Jesus Christ of Latter-day Saints; the United Methodist Ad Hoc Committee; Agricultural Insurance Company; Aspen Insurance Holdings, Limited; AXA XL Insurance; CNA Insurance Companies; General Star Indemnity Company; Markel Insurance Company; Arrowood Indemnity Company; Old Republic Insurance Company; Travelers Indemnity Company; Colony Insurance Company; Argonaut Insurance Company; and Clarendon America Insurance Company. As of the filing of this Disclosure Statement, intensive formal mediation is continuing in an effort to resolve outstanding controversies, including issues relating to the terms of the Plan.

L.   Evaluation of Estate Assets

On June 18, 2020, the Debtors filed the *Debtors' Omnibus Application for Entry of an Order Authorizing the Retention and Employment of Appraisers for the Debtors and Debtors in Possession, Nunc Pro Tunc to June 18, 2020* [D.I. 868], seeking to retain five different appraisers—Appraisers of the Keys, Inc.; Hotel & Leisure Advisors; F.I. Salter, Inc.; Dawn M. Powell Appraisals Inc.; and BW Ferguson & Associates Ltd. (collectively, the "Appraisers")—to provide appraisal services for the high adventure facilities located in Florida, Minnesota, and parts of Canada, New Mexico, and West Virginia. Due to the differences in geographic location, property type, acreage, and land use of each high adventure facility, the Debtors retained Appraisers for each of the following: Sea Base; Philmont and Summit; the portion of Northern

Tier located in Minnesota; the portion of Northern Tier located in Ontario, Canada; and the remainder of Northern Tier located in Manitoba, Canada (collectively, the "Subject Properties"). The Court entered an order authorizing the retention and employment of the Appraisers on July 8, 2020 [D.I. 984].

Pursuant to their engagement letters, the Appraisers provided the following during their appraisal process: (a) a highest and best use analysis, consideration, and determination of which is a standard and requisite component of property valuation; (b) physical viewing, inspection, and measurement of structures on the Subject Properties, observation of the condition of improvements, characterization of land use, and consideration of other conditions of the properties that may impact market values; (c) consideration of the number, type, sizes, uses, and conditions of structures on the Subject Properties; (d) research and consideration of rights restrictions and zoning restrictions on the Subject Properties; and (e) consideration of other requirements and restrictions specific to certain of the Subject Properties, including growth ordinance requirements, marinas draft depth and access channels, property composition, comparable sales data, water rights, property damage, and mineral rights.

As noted above, on November 30, 2020, in connection with the Debtors' ongoing efforts to evaluate Estate and non-Estate assets to fund the Settlement Trust and the Plan, the Debtors filed an application to retain JLL [D.I. 1762], which the Bankruptcy Court approved on December 14, 2020 [D.I. 1841]. The Debtors have retained JLL to provide broker opinions of market value, in consultation with certain of their stakeholders, of certain Local Council properties, which are ongoing as of the date hereof. Because many Local Councils lack significant unrestricted liquid assets, any contribution from Local Councils in the aggregate may need to include real property and improvements as a component, and any Local Councils that desire to participate in any potential negotiated resolution may wish to value potential real property that they seek to contribute. The Debtors are continuing to work with JLL to appraise approximately 300 of the approximately 1,000 Local Council real properties.

Concurrently with the filing of the Debtors' application to retain JLL, the Tort Claimants' Committee filed an application to retain CBRE, Inc. to provide desktop appraisals of additional of the Local Council real properties described above [D.I. 1785]. The Bankruptcy Court approved the application on December 15, 2020 [D.I. 1846]. The Debtors and the Tort Claimants' Committee have agreed to coordinate with respect to the appraisal of the Local Council properties to avoid unnecessary duplication of services.

M.    Bar Dates and Body of Claims

On the Petition Date, the Debtors filed the *Debtors' Motion, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [D.I. 18]. On May 4, 2020, the Debtors filed the declaration of Shannon R. Wheatman, Ph.D, in support of the Bar Date Order [D.I. 556] and the *Supplement to Debtors' Bar Date Motion* [D.I. 557], which described the Supplemental Notice Plan, to provide extensive supplemental noticing to known and unknown survivors of Abuse.

After extensive negotiations regarding the Bar Date Order and the noticing program with parties in interest, on May 26, 2020, the Court entered an order approving the Bar Date Motion over the remaining objections of certain parties in interest [D.I. 695] (the "Bar Date Order"). The Supplemental Notice Plan approved by the Bankruptcy Court was a carefully tailored and highly negotiated multi-million dollar Bar Date noticing program, comprised of an advertising campaign that utilized television, radio, magazines, newspapers, and online media. As described in detail in the declarations of Dr. Wheatman, the Debtors' primary target audience for the Supplemental Notice Plan was men 50 years of age or older. As described in the declaration from Dr. Wheatman regarding the implementation of the Supplemental Notice Plan [D.I. 1758], the Debtors delivered notice of the Bar Dates to the Debtors' primary target audience of men 50 years of age or older with a reach (the estimated percentage of a target audience reached through a combination of media vehicles) of 95.8%, and a frequency (the estimated average number of opportunities an audience member has to see a notice).[36]

### 1.    Establishment of Bar Dates

Through the Bar Date Order, the Debtors established (a) November 16, 2020 as the last date by which claimants could assert any prepetition Claims against the Debtors (the "General Bar Date"), except for Abuse Claims, (b) November 16, 2020 as the last date by which any holder of an Abuse Claim could assert any Claim arising from Abuse occurring prior to the Petition Date, and (c) August 17, 2020 as the deadline for Governmental Units to assert any prepetition Claims against the Debtors.

### 2.    Non-Abuse Liabilities of the Debtors

The Non-Abuse Claims and Non-Abuse Litigation Claims filed against the Debtors include, but are not limited to, various employee and benefits related Claims; indemnification Claims from, without limitation, Chartered Organizations, directors and officers, and Local Councils; non-Abuse personal injury and litigation Claims; and contract claims. In addition, numerous Non-Abuse Claims and Non-Abuse Litigation Claims were included in the Debtors' Schedules. The scheduled Claims fall into categories including, but not limited to, employment, personal injury, environmental Claims, service and utility claims, trade payments, unclaimed property, surety bonds, deferred compensation, Restoration Plan, and workers' compensation.

Further, the Debtors believe that they were generally current on their known prepetition trade payables as of the Petition Date.

Particular parties may attempt to file additional Claims notwithstanding the passage of the Bar Dates and seek allowance of such Claims by the Court. Additionally, claimants may amend certain existing Claims to seek increased amounts.

### 3.    Non-Abuse Claims Reconciliation

At the time of the Bar Date, approximately 15,000 Claims (other than Direct Abuse Claims) were timely filed on the general Claims Register.

---

[36] As discussed further below, Century filed a Notice of Appeal [D.I. 803] of the Bar Date Order on June 9, 2020, which remains pending as of the date hereof.

The Debtors continue to review and analyze the proofs of Claim filed to date, and reconcile these Proofs of Claim with the Debtors' scheduled Claims.  On February 3, 2021, the Debtors filed their *First Omnibus (Non-Substantive) Objection to Certain (I) Exact Duplicate Claims, (II) Amended and Superseded Claims, and (III) Incorrect Debtor Claims (Non-Abuse Claims)* [D.I. 2019]; *Second Omnibus (Substantive) Objection to Certain (I) Cross-Debtor Duplicate Claims, (II) Substantive Duplicate Claims, (III) No Liability Claims, (IV) Misclassified Claims, and (V) Reduce and Allow Claims (Non-Abuse Claims)* [D.I. 2020]; and *First Notice of Satisfaction of Claims and/or Scheduled Amounts (Non-Abuse Claims)* [D.I. 2021].  The Debtors will continue to file objections and may seek stipulations with respect to certain of these Claims.

### 4.    Supplemental Bar Date Order

On August 25, 2020, the Debtors filed the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [D.I. 1145] (the "Supplemental Bar Date Motion"), requesting that the Court supplement the Bar Date Order to prevent potential Abuse survivors from being misled or confused regarding the Bar Date and Claims process.  In the Supplemental Bar Date Motion and in supplemental briefing [D.I. 1260], the Debtors alleged that certain law firms had engaged in their own false and misleading advertising to solicit Claims from Abuse survivors, and that certain advertising contained false and misleading statements and was inconsistent with the content approved by the Bankruptcy Court in the Bar Date Order.

The Coalition objected to the Supplemental Bar Date Motion [D.I. 1190, 1264], arguing that the Debtors' proposed supplement sought an overly-broad, content-based prior restraint of speech.  After negotiations between the Debtors and the Coalition following a hearing on the Supplemental Bar Date Motion, on September 16, 2020, the Bankruptcy Court entered an order: (i) ruling that certain specific statements in plaintiffs' law firm advertising regarding the Debtors' Chapter 11 Cases was false and misleading; (ii) directing that the false and misleading statements be removed; (iii) directing that certain clarifying information be added to such law firms' advertising to prevent confusion and prejudice of sexual abuse survivors; and (iv) approving procedures for the Debtors to seek expedited relief with respect to additional false and misleading law firm advertising [D.I. 1331].

### N.    Assumption and Rejection of Unexpired Leases and Executory Contracts

Since the commencement of these Chapter 11 Cases, the Debtors have strategically reviewed their contractual obligations and sought to weed out contractual agreements that do not provide a significant value to the Debtors' Estates going forward.  Consistent with this goal, on March 31, 2020, the Debtors filed a motion seeking entry of an order authorizing the Debtors to reject that certain Personal Services Agreement by and between Pearson Education, Inc. ("Pearson") and the BSA whereby Pearson agreed to provide various services to the BSA, including providing publishing and communications channels, marking communications, program materials, and saleable literature [D.I. 318].  That same day, the Debtors filed an omnibus motion seeking authority to reject three additional Executory Contracts, including a sublease for office space in New York, New York and a letter agreement for hotel accommodations in connection with a regional conference the BSA had planned but was

ultimately canceled [D.I. 319].  The Bankruptcy Court entered orders approving both motions on April 15 and 17, 2020, respectively [D.I. 440, 449].

On June 16, 2020, the Debtors filed a motion seeking an order extending the 120-day period for the Debtors to assume or reject Unexpired Leases of nonresidential real property by ninety (90) days, to September 15, 2020 [D.I. 857].  On July 6, 2020, the Bankruptcy Court entered an order granting the motion [D.I. 954].

In June of 2020, the Debtors motions seeking entry of orders (a) rejecting the lease of nonresidential real property with Dheera Limited Company, LLC effective as of June 30, 2020 [D.I. 865], and (b) rejecting an Executory Contract with Oracle America, Inc. effective as of June 30, 2020 [D.I. 906].  The Bankruptcy Court entered orders approving both of these motions [D.I. 981, 982].

On August 26, 2020, the Debtors filed their first omnibus motion seeking entry of an order approving assumption of various Unexpired Leases of nonresidential real property and fixing the cure amount with respect thereto [D.I. 1168].  Several days later, the Debtors entered into stipulations with lease counterparties extending the deadline to assume or reject until June 30, 2021 and filed those stipulations with the Court [D.I. 1298].  On September 11, 2020, the Bankruptcy Court entered two orders approving the Debtors' omnibus motion to assume Unexpired Leases and extending the deadline to assume or reject to June 30, 2021 [D.I. 1310, 1311].

O. Stay Relief Matters

1. *Old Republic*

On May 21, 2020, Old Republic Insurance Company filed *Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insureds and Related Defense Costs Under Insurance Policies* [D.I. 678] requesting entry of an order modifying the automatic stay, to the extent it applies, to allow Old Republic and ESIS to pay losses and expenses which are incurred in conjunction with the investigation, defense, adjustment or settlement of certain non-stayed Claims or suits on behalf Non-Debtor Insureds under certain Old Republic Insurance Policies.

On July 7, 2020, the Bankruptcy Court entered the *Order Granting Old Republic Insurance Company's Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies* [D.I. 985], which modified the automatic stay, to the extent it applies, to allow Old Republic Insurance Company and its Affiliates (collectively "Old Republic") and ESIS, Inc. ("ESIS") to administer, handle, provide for the payment of defense costs and to pay any judgments or settlements in connection with Claims or Causes of Action, not subject to the automatic stay against non-Debtor Entities that are covered by an Old Republic Primary Policy and by an Old Republic Excess Policy.  With respect to settlements or judgments against non-Debtor Entities covered by an Old Republic Excess Policy, the automatic stay was modified to allow Old Republic and ESIS

to pay any judgments or settlements on behalf of the insured non-Debtor Entities in connection with any Claims and Causes of Action against non-Debtor Entities pursuant to a notice protocol set forth therein.

### 2. Evanston

On May 22, 2020, Evanston Insurance Company filed the *Evanston Insurance Company's Motion for Entry of an Order Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001, Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies* [D.I. 686] requesting entry of an order modifying the automatic stay, to the extent it applies, to allow Evanston to pay losses and expenses which are incurred in conjunction with the investigation, defense, adjustment, or settlement of certain non-stayed Claims or suits on behalf Non-Debtor Insureds under certain Evanston Insurance Policies.

On July 8, 2020, the Bankruptcy Court entered the *Order Granting Evanston Insurance Company's Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs under Insurance Policies* [D.I. 987], which modified the automatic stay to allow Evanston to pay any judgments or settlements in connection with any Non-Stayed Claims against Non-Debtor Insureds pursuant to a notice protocol set forth therein.

### P. Other Litigation

### 1. Trademark Action

On November 6, 2018, Girl Scouts of the United States of America ("GSUSA") filed a complaint in the United States District Court for the Southern District of New York, Case No. 18-cv-10287, against the BSA, alleging trademark infringement, dilution and tortious interference in connection with the BSA welcoming female members in into its youth programs (the "Trademark Action").  In December 2018, BSA retained Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as legal counsel in the Trademark Action.  On February 18, 2020, the Debtors filed these Chapter 11 Cases, thereby staying the Trademark Action.  On March 10, 2020, GSUSA filed a motion for relief from stay to resume prosecution of the Trademark Action [D.I. 155], and on April 24, 2020, the Bankruptcy Court entered an order granting limited relief from the stay [D.I. 485].  Pursuant to the order, the stay relief period ended on July 22, 2020 with respect to the Trademark Action.  The BSA and GSUSA were unable to reach a resolution, and on July 23, 2020, the automatic stay was lifted to permit the Trademark Action to proceed.  On September 18, 2020 the Bankruptcy Court entered an order authorizing the retention and employment of Quinn Emanuel as special litigation counsel to the Debtors pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to August 1, 2020, to represent the Debtors in the Trademark Action [D.I. 1343].  The Trademark Action remains ongoing.

### 2. Adversary Proceedings and Appeals

On May 15, 2020, Hartford Accident and Indemnity Company and First State Insurance Company ("Hartford and State") filed an adversary complaint against the Debtors, certain Local

Councils, and other insurers seeking declaratory judgment and contribution relating to Claims for Insurance Coverage for all underlying Abuse Claims against BSA and certain of its Local Councils (Adv. Pro. No. 20-50601). On August 14, 2020, the Debtors and the named Local Councils filed a motion to dismiss Hartford and State's adversary proceeding [D.I. 22]. The Debtors subsequently successfully negotiated a stay of the entirety of the Hartford and State adversary proceeding.

On June 9, 2020, Century filed an appeal (Civil Action No. 20-cv-00774) (the "Century Bar Date Appeal") of the Bar Date Order, alleging that the Proof of Claim form for Abuse claimants approved in the Bar Date Order was not properly before the Bankruptcy Court and was not designed to elicit sufficient information to establish the prima facie validity of Claims. On June 22, 2020, the Debtors filed a motion to dismiss the Century Bar Date Appeal [Century Bar Date Appeal, D.I. 4], and additionally prepared and filed extensive briefing in support of the motion to dismiss. The appeal remains pending as of the date hereof.

On January 8, 2021, the Tort Claimants' Committee filed an adversary complaint seeking a determination that approximately $667 million of the Debtor's total approximately $1 billion in assets are not restricted and, as such, that they should be available to satisfy creditors' Claims [D.I. 1913]. The Tort Claimants' Committee alleged that the Debtors failed to show that there are any specific donation-related restrictions or others on the assets that would make the assets unavailable to satisfy creditor Claims. Further, the Tort Claimants' Committee's complaint asserted that the Debtors failed to trace the restricted assets that were commingled with unrestricted assets and to demonstrate that those assets were not used, spent, or transferred.

### 3.    *2004 Exam Motions*

On September 29, 2020, the Tort Claimants' Committee filed the *Motion of the Official Tort Claimants' Committee Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 for an Order Authorizing the Issuance of Subpoenas for Discovery from Debtors and Certain Local Councils* [D.I. 1379] (the "2004 Motion"), requesting entry of an order authorizing the Tort Claimants' Committee to issue subpoenas to and directing discovery from the Debtors, Ad Hoc Committee Members, and the locals listed on **Exhibit B** thereto. The Debtors, the Ad Hoc Committee, and various Local Councils objected to the 2004 Motion, and the Tort Claimants' Committee ultimately withdrew the 2004 Motion on November 25, 2020 [D.I. 1735].

On January 22, 2021, Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford et al."), and Century filed *Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [D.I. 1972], which requested entry of an Order (i) authorizing Hartford et al. and Century to serve subpoenas, written discovery, including interrogatories and document requests, and deposition notices pursuant to Rule 2004 on a sampling of Persons who have filed Abuse claims in these cases and (ii) providing relief from the requirements of Local Rule 3007-1(f) to permit (but not require) parties in interest in these Chapter 11 Cases to file omnibus Claim objections raising common legal issues to multiple Claims and that may, most efficiently, be subject to resolution if heard together.

On January 22, 2021, Hartford et al and Century also filed *Hartford and Century's Motion for Entry of an Order Authorizing Filing Under Seal of Certain Documents Relating to Hartford and Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [D.I. 1973], which requested entry of an Order (i) authorizing Hartford et al. and Century to file under seal certain portions of their *Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [D.I. 1972] (the "Rule 2004 Motion") and certain supporting documents (the "Supporting Documents"); (ii) directing that information contained in the redacted portions of the Rule 2004 Motion and the Supporting Documents (collectively, the "Confidential Information") shall remain under seal and confidential pursuant the Bar Date Order [D.I. 695] (entered by the Court on May 26, 2020) and shall not be made available to anyone, except to the Court, the Office of the United States Trustee for the District of Delaware, and the Permitted Parties (as defined in the Bar Date Order); and (iii) granting related relief.

### 4.    *Personal Injury Settlement Motions*

The Debtors filed motions for entry of orders approving various settlements in connection with personal injury and wrongful death actions (the "Personal Injury Settlements")[37] and lifting the automatic stay, to the extent necessary, to permit payments of the settlement amount by applicable insurance.  The Court entered orders approving the settlement agreements, and modifying the automatic stay of 11 U.S.C. § 362(a) for the parties to consummate the settlement agreements.

The aim of the Personal Injury Settlements is to avoid the uncertainty and expense of litigating the lawsuits and uncertainty with respect to the amount and timing if a judgment were to be awarded.  In addition, the BSA is released under the settlement agreements, eliminating any liability under a plan of reorganization.  Accordingly, the settlement agreements are in the best interests of the Debtors' Estates and their creditors.

The Court has only authorized such Claims to be negotiated pre-litigation or liquidated in the tort system, without authorizing the payment of any settlements or judgments reached.  As a result, the only economic impact on the Estate will be the incurrence of defense costs, which will be paid by the applicable insurer.  These defense costs are unavoidable and will ultimately be incurred by either the Estate or the insurer, either now or later.  It is just a matter of timing.

Moreover, the Court cannot adjudicate personal injury claims under 28 U.S.C. § 157(b)(2)(B). Nor is it anticipated that these Claims will be allowed or treated pursuant to any Trust Distribution Procedures (unlike the Abuse Claims).

Q.    Material Settlements and Resolutions

As of the filing of this Disclosure Statement, the Plan (as further described in Article VI of this Disclosure Statement and Article V.R of such Plan), effectuates a settlement among (i) the

---

[37]    These include, but are not limited to, approving Qian Settlement Agreement [D.I. 1123], Wilson Settlement Agreement [D.I. 1596], Worley Settlement Agreement [D.I. 1598], Gordon Settlement Agreement [D.I. 1880], Henderson Settlement Agreement [D.I. 1881], and Neyrey Settlement Agreement [D.I. 1986].

Debtors, (ii) the Creditors' Committee, and (iii) JPM (the "<u>JPM / Creditors' Committee Settlement</u>").  The JPM / Creditors' Committee Settlement represents a good-faith agreement negotiated at arm's length that provides significant value to the holders of Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims and provides the Debtors with more favorable terms under the amended and restated debt facilities provided by JPM on and after the Effective Date under the Restated Debt and Security Documents.

Specifically, the JPM / Creditors' Committee Settlement provides, among other things, the following terms with respect to general unsecured creditors (other than Abuse Claims):

- General Unsecured Claims (other than Abuse Claims), which are held by creditors who are core to the Debtors' mission or creditors whose Claims, if Allowed, were incurred in furtherance of the Debtors' mission, shall be classified into three Classes: (i) General Unsecured Claims; (ii) Convenience Claims; and (iii) Non-Abuse Litigation Claims; Cash under the Plan to satisfy Allowed General Unsecured Claims and Convenience Claims will be made from Cash relating to the BSA's core assets.

- Holders of Allowed General Unsecured Claims (including holders of Claims under the Restoration Plan, the Deferred Compensation Plan, holders of trade Claims, and holders of Rejection Damages Claims) will receive, on account of such Claims, their Pro Rata Share of the Core Value Cash Pool, which shall be funded by reorganized BSA in four semi-annual installments of $6,250,000, beginning 180 days after the Effective Date and concluding two years after the Effective Date.  Any Cash remaining in the Core Value Cash Pool after all Allowed General Unsecured Claims have been satisfied in full, shall be first used to fund any shortfall in payments from the BSA's available insurance and co-liable non-Debtors on account of any Non-Abuse Litigation Claims, and then be transferred to and vest in Reorganized BSA.

- Holders of General Unsecured Claims or Non-Abuse Litigation Claims (after first seeking to recover from insurance, and have exhausted all remedies with respect to such applicable insurance policy) that have an Allowed Claim of $50,000 or less and shall become Convenience Class Claims, which are paid by Reorganized BSA in full, using Cash on hand, on the Effective Date of the Amended Plan or, if such Claim becomes allowed after the Effective Date, as soon as reasonably practicable after Allowance.  Any holder of a General Unsecured Claim or Non-Abuse Litigation Claim that is Allowed in an amount greater than $50,000 may elect to have its claim treated as a Convenience Claim and receive payment of $50,000 in Cash in full and final satisfaction of such Claim.

- Holders Non-Abuse Litigation Claims will, upon the liquidation of such Non-Abuse Litigation Claim following the Effective Date, be satisfied solely from the BSA's available insurance and from any non-Debtor party or parties that may be determined to be co-liable with the Debtors on account of such Non-Abuse Litigation Claim.  No holder of an allowed Non-Abuse Litigation Claim shall be entitled to recover from the Core Value Cash Pool on account of such Claim, unless and until all allowed General Unsecured Claims have been paid in full.  Solely, in the event any Non-Abuse Litigation Claim is not covered by applicable BSA insurance or there is a shortfall in BSA's

applicable insurance for such Non-Abuse Litigation Claim, following the exhaustion of remedies with respect to applicable insurance and any co-liable non-Debtor, the holder of an Allowed Non-Abuse Litigation Claim may elect to have such Claim treated as a Convenience Claim and receive Cash in an amount equal to the lesser of (a) the amount of its Allowed Non-Abuse Litigation Claim and (b) $50,000.

- A Creditor Representative, to be selected by the UCC with the consent of the Debtors shall be appointed to assist with the reconciliation of General Unsecured Claims.

- The Pension Plan shall continue to be maintained, sponsored, and assumed.

The JPM / Creditors' Committee Settlement also provides, among other things, the following terms with respect to JPM:

- JPM will enter into amended and Restated Debt and Security Documents on the Effective Date in principal amounts equal to the amounts of unpaid principal and accrued interest and fees as of the Effective Date and containing substantially the same terms as the Prepetition Debt and Security Documents, except that:

  o The maturity date on the principal under the amended and restated 2010 Bond Documents and the 2012 Bond Documents was extended to ten (10) years after the Effective Date and the Debtors were given a two (2) year payment holiday such that monthly principal installments for the first two (2) years are deferred until maturity;

  o The maturity date on the principal under the amended and restated 2010 Credit Facility Documents and the 2019 RCF Documents (which revolver shall be frozen and termed out under the amended and Restated Debt and Security Documents) was extended to ten (10) years after the Effective Date and the Debtors were given a two (2) year payment holiday such that monthly principal installments for the first two (2) years are deferred until maturity;

  o Pursuant to the amended and Restated Debt and Security Documents, the principal amounts payable will be reduced, on a pro rata basis amongst the facilities, by an amount equal to the Unrestricted Cash and Investments, if any, that have been remitted to JPM under the Excess Cash Sweep (as described below); and

  o Beginning on December 31 two (2) years after the Effective Date and continuing each successive calendar year the calendar year that is immediately prior to the calendar year of the Maturity Date, Reorganized BSA shall remit to JPM twenty-five percent (25%) of its Unrestricted Cash and Investments in excess of $75,000,000, if any, as of such date with the payment due within 45 days (the "Excess Cash Sweep"), and JPM shall apply any such amounts on a Pro Rata basis to the unpaid principal balances under the amended and Restated Debt and Security Documents.  However, no payments shall be made on account of the

Excess Cash Sweep until the last Distribution is made on account of General Unsecured Claims two years after the Effective Date.

- JPM was also granted Allowed Claims in the following amounts, plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order:

  o on account of the 2010 Credit Facility Claims, an aggregate amount not to exceed $80,762,060 (including $44,299,743 of undrawn amounts under letters of credit issued under the 2010 Credit Facility Documents);

  o on account of the 2019 RCF Claims, an aggregate amount not to exceed $61,542,720 (including $51,542,720 of undrawn amounts under letters of credit issued under the 2019 RCF Documents);

  o on account of the 2010 Bond Claims, an aggregate amount of $40,137,274; and

  o on account of the 2012 Bond Clams, an aggregate amount of $145,662,101.

In exchange for the agreements in the JPM / Creditors' Committee Settlement, the following term are also provided:

- Certain releases, including with respect to JPM as well as Debtor releases of all preference and other avoidance action Claims against holders of General Unsecured Claims and Convenience Claims.

- The Committee's agreement to not seek standing, or otherwise pursue any prepetition avoidance-related Claim that could be asserted against JPM or others, or to challenge the allowance of certain of the Claims of JPM.

The Debtors are committed to ensuring that the aggregate value of the Local Council Settlement Contribution is not less than $300,000,000.  The Debtors intend to request the voluntary commitments of Local Councils to make their respective contributions, which contributions shall be set forth in commitment agreements executed by each Local Council.  By no later than June 1, 2021, the Debtors shall file a report with the Bankruptcy Court concerning the status of the Debtors' efforts to obtain contribution commitments from the Local Councils.  Such status report shall contain information concerning the form of contributions by the Local Councils (i.e., cash, real property, securities or other currency) and the timing of such contributions.  In addition, the status report will set forth any required amendments the Debtors may propose to the Plan to facilitate the Local Council Settlement Contribution.

The Plan also contemplates that the Contributing Chartered Organizations will contribute the Contributing Chartered Organization Settlement Contribution and waive and release any Claims that have been asserted in these Chapter 11 Cases by or on behalf of any Contributing Chartered Organization, including Indirect Abuse Claims.  Additionally, the Contributing Chartered Organizations will assign any Perpetrator Indemnification Claims held by the Contributing Chartered Organizations.

In exchange for the Local Council Settlement Contribution and the Contributing Chartered Organization Settlement Contribution, which the Debtors believe will provide significant value to the Settlement Trust to fund Abuse Claims, the Local Councils and Contributing Chartered Organization will be granted third-party releases and Abuse Claims against the Local Councils and Contributing Chartered Organizations will be channeled to the Settlement Trust, as described in Article X.F of the Plan.

The Debtors intend to continue to engage in good-faith arm's-length negotiations with other key parties in interest in these Chapter 11 Cases to achieve settlements and agreements to maximize the value of the Debtors' Estates and for the benefit of holders of Claims.

## ARTICLE VI.  OVERVIEW OF THE PLAN

A.    General

This Article of the Disclosure Statement summarizes certain relevant provisions of the Plan. The confirmation of a plan of reorganization is the principal objective of a chapter 11 case. A plan of reorganization sets forth the means for treating claims against, and equity interests in, a debtor. Confirmation of a plan of reorganization by a bankruptcy court makes it binding on the debtor, any person or Entity acquiring property under the plan, and any creditor of, or equity interest holder in, the debtor, whether or not such creditor or equity interest holder has accepted the plan or received or retains any property under the plan. Subject to certain limited exceptions and other than as provided in a plan itself or in a confirmation order, a confirmation order discharges the debtor from any debt that arose prior to the date of confirmation of the plan of reorganization.

Pursuant to Article V, of the Plan, on or after the Confirmation Date, the Debtors shall be empowered and authorized to take or cause to be taken, prior to the Effective Date, all actions necessary to enable them to implement the provisions of the Plan on the Effective Date, including the creation of the Settlement Trust and the preparations for the transfer of the Settlement Trust Assets to the Settlement Trust.

**YOU SHOULD READ THE PLAN IN ITS ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.**

B.    Distributions

One of the key concepts under the Bankruptcy Code is that only Claims and interests that are "allowed" may receive distributions under a chapter 11 plan. This term is used throughout the Plan and the descriptions below. In general, an Allowed Claim means that the Debtors agree, or if there is a dispute, the Bankruptcy Court determines, that the Claim (other than an Abuse Claim), and the amount thereof, is in fact a valid obligation of the Debtors. Similarly, with respect to Abuse Claims, such Claims will be channeled to, as well as allowed and resolved by, the Settlement Trust in accordance with the Trust Distribution Procedures. A detailed discussion of the treatment and anticipated means of satisfaction for each Class of Allowed Claims and the Class of Abuse Claims that are channeled to the Settlement Trust and allowed pursuant to terms of the Trust Distribution Procedures is set forth in Article VI.E and Article VI.F of this Disclosure Statement.

C.    <u>Treatment of Unclassified Claims</u>

The treatment of unclassified Claims are as follows:

| Class | Designation | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount and Approximate Percentage Recovery |
|---|---|---|---|---|
| N/A | Administrative Expense Claims | Each holder of an Allowed Administrative Expense Claim shall receive payment of Cash in an amount equal to the unpaid portion of such Allowed Administrative Expense Claim. | Unimpaired<br><br>**Not Entitled to Vote** (Presumed to Accept) | Estimated Allowed Amount: $.4 million – $.5 million<br><br>Estimated Percentage Recovery: 100% |
| N/A | Professional Fee Claims | Each holder of an Allowed Professional Fee Claim shall receive payment in Cash from funds held in the Professional Fee Reserve. | Unimpaired<br><br>**Not Entitled to Vote** (Presumed to Accept) | Estimated Allowed Amount: $30 million – $35 million<br><br>Estimated Percentage Recovery: 100% |
| N/A | Priority Tax Claims | Each holder of an Allowed Priority Tax Claim shall receive Cash in an amount equal to such Allowed Priority Tax Claim. | Unimpaired<br><br>**Not Entitled to Vote** (Presumed to Accept) | Estimated Allowed Amount: Less than $0.1 million<br><br>Estimated Percentage Recovery: 100% |

### 1.    *Administrative Expense Claims Generally*

Except to the extent that a holder of an Allowed Administrative Expense Claim agrees to less favorable treatment with respect to such Allowed Administrative Expense Claim, each holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims, which are governed by <u>Article II.A.2</u> of the Plan) shall receive, on account of and in full and complete settlement, release and discharge of, and in exchange for, such Claim, payment of Cash in an amount equal to the unpaid portion of such Allowed Administrative Expense Claim, or such amounts and on other such terms as may be agreed to by the holders of such Claims, on or as soon as reasonably practicable after the later of: (a) the Effective Date; (b) the first Business Day after the date that is thirty (30) calendar days after the date such Administrative Expense Claim

becomes an Allowed Administrative Expense Claim; (c) such other date(s) as such holder and the Debtors or Reorganized BSA shall have agreed; or (d) such other date ordered by the Bankruptcy Court; provided, however, that Allowed Administrative Expense Claims that arise in the ordinary course of the Debtors' non-profit operations during the Chapter 11 Cases may be paid by the Debtors or Reorganized BSA in the ordinary course of operations and in accordance with the terms and conditions of the particular agreements governing such obligations, course of dealing, course of operations, or customary practice. Notwithstanding anything to the contrary in the Plan or in the Cash Collateral Order, no Claim on account of any diminution in the value of the Prepetition Secured Parties' interests in the Prepetition Collateral (including Cash Collateral) (as each such capitalized term is defined in the Cash Collateral Order) from and after the Petition Date shall be Allowed unless such Claim is Allowed by a Final Order of the Bankruptcy Court.

**HOLDERS OF ADMINISTRATIVE EXPENSE CLAIMS THAT ARE REQUIRED TO, BUT DO NOT, FILE AND SERVE A REQUEST FOR PAYMENT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS BY THE ADMINISTRATIVE CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTORS OR THEIR PROPERTY, AND SUCH ADMINISTRATIVE EXPENSE CLAIMS SHALL BE DEEMED DISCHARGED AS OF THE EFFECTIVE DATE.**

### 2. *Professional Fee Claims*

(a) <u>Final Fee Applications</u>.   All Professionals or other Persons requesting the final Allowance and payment of compensation and/or reimbursement of expenses pursuant to sections 328, 330, 331 and/or 503(b) for services rendered during the period from the Petition Date to and including the Effective Date shall file and serve final applications for Allowance and payment of Professional Fee Claims on counsel to the Debtors and the United States Trustee no later than the first Business Day that is forty-five (45) days after the Effective Date.  Objections to any Professional Fee Claim must be filed and served on Reorganized BSA and the applicable Professional within twenty-one (21) calendar days after the filing of the final fee application that relates to the Professional Fee Claim (unless otherwise agreed by the Debtors or Reorganized BSA, as applicable, and the Professional requesting Allowance and payment of a Professional Fee Claim). The Fee Examiner shall continue to act in its appointed capacity unless and until all Professional Fee Claims have been approved by order of the Bankruptcy Court, and Reorganized BSA shall be responsible to pay the fees and expenses incurred by the Fee Examiner in rendering services after the Effective Date.

(b) <u>Professional Fee Reserve</u>.  On the Effective Date, the Debtors shall establish and fund the Professional Fee Reserve with Cash in an amount equal to the Professional Fee Reserve Amount.  Funds held in the Professional Fee Reserve shall not be considered property of the Debtors' Estates, Reorganized BSA, the Settlement Trust, or the Core Value Cash Pool.  Professional Fees owing on account of Allowed Professional Fee Claims shall be paid in Cash from funds held in the Professional Fee Reserve as soon as reasonably practicable after such Professional Fee Claims are Allowed by a Final Order of the Bankruptcy Court or authorized to be paid under the Compensation Procedures Order; provided, however, that Reorganized BSA's obligations with respect to Allowed

Professional Fee Claims shall not be limited by or deemed limited to the balance of funds held in the Professional Fee Reserve. To the extent the funds held in the Professional Fee Reserve are insufficient to satisfy the Allowed Professional Fee Claims in full, each holder of an Allowed Professional Fee Claim shall have an Allowed Administrative Expense Claim for any deficiency, which shall be satisfied in accordance with Article II.A.2 of the Plan. No Liens, Claims, interests, charges, or other Encumbrances or liabilities of any kind shall encumber the Professional Fee Reserve in any way. When all Allowed Professional Fee Claims have been paid in full, amounts remaining in the Professional Fee Reserve, if any, shall revert to Reorganized BSA.

(c) Professional Fee Reserve Amount. To receive payment for Accrued Professional Fees incurred up to and including the Effective Date, Professionals shall estimate their Accrued Professional Fees as of the Effective Date and deliver such estimate to the Debtors at least five (5) Business Days prior to the anticipated Effective Date. If a Professional does not provide such estimate, the Debtors may estimate the unbilled fees and expenses of such Professional. The total amount so estimated will constitute the Professional Fee Reserve Amount, provided that such estimate will not be considered an admission or limitation with respect to the fees and expenses of such Professional.

(d) Post-Effective Date Fees and Expenses. From and after the Effective Date, any requirement that Professionals comply with sections 327 through 331 or 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of operations without any further notice to or action, order, or approval of the Bankruptcy Court.

### 3. *Priority Tax Claims*

Except to the extent that a holder of an Allowed Priority Tax Claim agrees to less favorable treatment, each holder of an Allowed Priority Tax Claim shall receive on account of and in full and complete settlement, release and discharge of, and in exchange for, such Allowed Priority Tax Claim, at the sole option of the Debtors or Reorganized BSA, as applicable: (1) Cash in an amount equal to such Allowed Priority Tax Claim on or as soon as reasonably practicable after the later of (a) the Effective Date, to the extent such Claim is an Allowed Priority Tax Claim on the Effective Date; (b) the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim; and (c) the date such Allowed Priority Tax Claim is due and payable in the ordinary course as such obligation becomes due; provided, however, that the Debtors reserve the right to prepay all or a portion of any such amounts at any time under this option without penalty or premium; or (2) regular installment payments in Cash of a total value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim over a period ending not later than five years after the Petition Date.

### D. Classification of Claims and Interests Summary

The Plan is being proposed as a joint plan of reorganization of the Debtors for administrative purposes only and constitutes a separate chapter 11 plan of reorganization for

each Debtor.  The Plan is not premised upon the substantive consolidation of the Debtors with respect to the Classes of Claims or Interests set forth in the Plan.

The Plan establishes a comprehensive classification of Claims and Interests.  The table below summarizes the classification, treatment, voting rights, and estimated recoveries of the Claims and Interests, by Class, under the Plan.

| Class | Designation[38] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[39] and Approximate Percentage Recovery |
|---|---|---|---|---|
| 1 | Other Priority Claims | Each holder of an Allowed Other Priority Claim shall receive: (i) payment in Cash in an amount equal to such Allowed Other Priority Claim; or (ii) satisfaction of such Allowed Other Priority Claim in any other manner that renders the Allowed Other Priority Claim Unimpaired, including Reinstatement. | Unimpaired<br><br>**Not Entitled to Vote** (Presumed to Accept) | Estimated Allowed Amount: Less than $0.1 million<br><br>Estimated Percentage Recovery: 100% |
| 2 | Other Secured Claims | Each holder of an Allowed Other Secured Claim shall receive: (i) payment in Cash in an amount equal to the Allowed amount of such Claim; (ii) satisfaction of such Other Secured Claim in any other manner that renders the Allowed Other Secured Claim Unimpaired, including Reinstatement; or (iii) return of the applicable collateral in | Unimpaired<br><br>**Not Entitled to Vote** (Presumed to Accept) | Estimated Amount: $0<br><br>Estimated Percentage Recovery: 100% |

---

[38]   The Debtors reserve the right to eliminate any Class of Claims in the event they determine that there are no Claims in such Class.

[39]   Figures with respect to the Allowed amounts of the Claims set forth in this chart are based upon the Debtors' best estimates of such Claims as of the date of this Disclosure Statement.  These estimates are based on various assumptions.  The actual amounts of Allowed Claims may differ significantly from these estimates should one or more underlying assumptions prove to be incorrect.  Such differences may adversely affect the percentage of recovery to holders of Allowed Claims under the Plan.  Moreover, the estimated recoveries set forth herein are necessarily based on certain assumptions, the realization of which are beyond the Debtors' control.

| Class | Designation[38] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[39] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | satisfaction of the Allowed amount of such Other Secured Claim. | | |
| 3A | 2010 Credit Facility Claims | Each holder of an Allowed 2010 Credit Facility Claim shall receive a Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2010 Credit Facility Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $36,462,317<br><br>Estimated Percentage Recovery: 100% |
| 3B | 2019 RCF Claims | Each holder of an Allowed 2019 RCF Claim shall receive a Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2019 RCF Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $10,000,000<br><br>Estimated Percentage Recovery: 100% |
| 4A | 2010 Bond Claims | Each holder of an Allowed 2010 Bond Claim shall receive a Claim under the Restated 2010 Bond Documents in an amount equal to the amount of such holder's Allowed 2010 Bond Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $40,137,274<br><br>Estimated Percentage Recovery: 100% |
| 4B | 2012 Bond Claims | Each holder of an Allowed 2012 Bond Claim shall receive a Claim under the Restated 2012 Bond Documents in an amount equal to the amount of such holder's Allowed 2012 Bond Claim. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $145,662,101<br><br>Estimated Percentage Recovery: 100% |
| 5 | Convenience Claims | Each holder of an Allowed Convenience | Impaired | Estimated Amount: $2.4 million – $3 |

65

| Class | Designation[38] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[39] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | Claim shall receive Cash in an amount equal to 100% of such holder's Allowed Convenience Class Claim. | **Entitled to Vote** | million<br><br>Estimated Percentage Recovery: 100% |
| 6 | General Unsecured Claims | Each holder of an Allowed General Unsecured Claim (to the extent such Claim is not an Insured Non-Abuse Claim) shall receive, subject to the holder's ability to elect Convenience Class treatment on account of the Allowed General Unsecured Claim, its Pro Rata Share of the Core Value Cash Pool up to the full amount of such Allowed General Unsecured Claim in the manner described in Article VII of the Plan. | Impaired<br><br>**Entitled to Vote** | Estimated Amount: $26.5 million – $33.5 million<br><br>Estimated Percentage Recovery: 75 – 95% |
| 7 | Non-Abuse Litigation Claims | Each holder of an Allowed Non-Abuse Litigation Claim shall, subject to the holder's ability to elect Convenience Class treatment as provided in the following sentence, retain the right to recover up to the amount of such holder's Allowed Non-Abuse Litigation Claim from (i) available Insurance Coverage or the proceeds of any insurance policy of the Debtors, (ii) applicable proceeds of any Insurance Settlement Agreements, | Impaired<br><br>**Entitled to Vote** | Estimated Amount: Undetermined<br><br>Estimated Percentage Recovery: 100% |

| Class | Designation[48] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[39] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | and (iii) co-liable non-debtors (if any) or their insurance coverage. Solely to the extent that the holder of an Allowed Non-Abuse Litigation Claim fails to recover in full from the foregoing sources on account of such Allowed Claim after exhausting its remedies in respect thereof, such holder may elect to have the unsatisfied portion of its Allowed Claim treated as an Allowed Convenience Claim and receive cash in an amount equal to the lesser of (a) the amount of the unsatisfied portion of the Allowed Non-Abuse Litigation Claim and (b) $50,000. | | |
| 8 | Direct Abuse Claims[40] | Pursuant to the Channeling Injunction set forth in Article X.F of the Plan, each holder of a Direct Abuse Claim shall have such holder's Direct Abuse Claim permanently channeled to the Settlement Trust, and such Direct Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and | Impaired<br><br>**Entitled to Vote** | Estimated Amount: N/A<br><br>Estimated Percentage Recovery: N/A |

---

[40]    Under the Plan, "Direct Abuse Claim" means an Abuse Claim that is not an Indirect Abuse Claim.

| Class | Designation[38] | Treatment under the Plan | Impairment and Entitlement to Vote | Estimated Amount[39] and Approximate Percentage Recovery |
|---|---|---|---|---|
| | | procedures of the Settlement Trust Documents. | | |
| 9 | Indirect Abuse Claims[41] | Pursuant to the Channeling Injunction set forth in Article X.F of the Plan, each holder of an Indirect Abuse Claim shall have such holder's Indirect Abuse Claim permanently channeled to the Settlement Trust, and such Indirect Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents. | Impaired  **Entitled to Vote** | Estimated Amount: N/A  Estimated Percentage Recovery: N/A |
| 10 | Interests in Delaware BSA | Interests in Delaware BSA shall be deemed cancelled without further action by or order of the Bankruptcy Court and shall be of no further force or effect, whether surrendered for cancellation or otherwise. | Impaired  **Not Entitled to Vote** (Deemed to Reject) | Estimated Amount: N/A  Estimated Percentage Recovery: 0% |

E.    Treatment of Claims and Interests

Holders of Claims and Interests shall receive the treatment as set forth below:

---

[41]    Under the Plan, "Indirect Abuse Claim" means a liquidated or unliquidated Abuse Claim for contribution, indemnity, reimbursement, or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative Abuse Claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any prepetition settlement, insurance policy, program agreement or contract.

1.    **_Class 1—Other Priority Claims_**

(i)    <u>Classification</u>: Class 1 consists of all Other Priority Claims.

(ii)    <u>Treatment</u>: Except to the extent that a holder of an Allowed Other Priority Claim agrees to less favorable treatment of such Claim, in full and final satisfaction of such Allowed Other Priority Claim, at the sole option of Reorganized BSA: (i) each such holder shall receive payment in Cash in an amount equal to such Allowed Other Priority Claim, payable on or as soon as reasonably practicable after the last to occur of (x) the Effective Date, (y) the date on which such Other Priority Claim becomes an Allowed Other Priority Claim, and (z) the date on which the holder of such Allowed Other Priority Claim and the Debtors or Reorganized BSA, as applicable, shall otherwise agree in writing; or (ii) satisfaction of such Allowed Other Priority Claim in any other manner that renders the Allowed Other Priority Claim Unimpaired, including Reinstatement.

(iii)    <u>Voting</u>: Class 1 is Unimpaired, and each holder of an Other Priority Claim is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, holders of Other Priority Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Other Priority Claims.

2.    **_Class 2—Other Secured Claims_**

(i)    <u>Classification</u>: Class 2 consists of all Other Secured Claims. To the extent that Other Secured Claims are Secured by different collateral or different interests in the same collateral, such Claims shall be treated as separate subclasses of Class 2 for purposes of voting to accept or reject the Plan and receiving Plan Distributions under the Plan.

(ii)    <u>Treatment</u>: Except to the extent that a holder of an Allowed Other Secured Claim agrees to less favorable treatment of such Claim, in full and final satisfaction of such Allowed Other Secured Claim, each holder of an Allowed Other Secured Claim will receive, at the sole option of Reorganized BSA: (i) Cash in an amount equal to the Allowed amount of such Claim, including the payment of any interest required to be paid under section 506(b) of the Bankruptcy Code, payable on or as soon as reasonably practicable after the last to occur of (x) the Effective Date, (y) the date on which such Other Secured Claim becomes an Allowed Other Secured Claim, and (z) the date on which the holder of such Allowed Other Secured Claim and the Debtors or Reorganized BSA, as applicable, shall otherwise agree in writing; (ii) satisfaction of such Other Secured Claim in any other manner that renders the Allowed Other Secured Claim Unimpaired, including Reinstatement; or (iii) return of the applicable collateral on the Effective Date or as soon as reasonably

practicable thereafter in satisfaction of the Allowed amount of such Other Secured Claim.

(iii)    <u>Voting</u>: Class 2 is Unimpaired, and each holder of an Other Secured Claim is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, holders of Other Secured Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Other Secured Claims.

3.    *Class 3A—2010 Credit Facility Claims*

(i)    <u>Classification</u>: Class 3A consists of all 2010 Credit Facility Claims.

(ii)    <u>Allowance</u>: On the Effective Date, all 2010 Credit Facility Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount not less than $80,762,060 (including $44,299,743 of undrawn amounts under letters of credit issued under the 2010 Credit Facility Documents provided such letters of credit are drawn on or before the Effective Date) plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order.  Because all 2010 Credit Facility Claims are deemed fully Secured, there are no unsecured 2010 Credit Facility Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2010 Credit Facility Claims.

(iii)    <u>Treatment</u>: Except to the extent that a holder of an Allowed 2010 Credit Facility Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2010 Credit Facility Claim, each holder of an Allowed 2010 Credit Facility Claim shall receive a Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2010 Credit Facility Claim.

(iv)    <u>Voting</u>: Class 3A is Impaired, and each holder of an Allowed 2010 Credit Facility Claim is entitled to vote to accept or reject the Plan.

4.    *Class 3B—2019 RCF Claims*

(i)    <u>Classification</u>: Class 3B consists of all 2019 RCF Claims.

(ii)    <u>Allowance</u>: On the Effective Date, all 2019 RCF Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount not less than $61,542,720 (including $51,542,720 of undrawn amounts under letters of credit issued under the

2019 RCF Documents provided such letters of credit are drawn on or before the Effective Date) plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order.  Because all 2019 RCF Claims are deemed fully Secured, there are no unsecured 2019 RCF Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2019 RCF Claims.

(iii)    <u>Treatment</u>: Except to the extent that a holder of an Allowed 2019 RCF Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2019 RCF Claim, each holder of an Allowed 2019 RCF Claim shall receive a Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2019 RCF Claim.

(iv)    <u>Voting</u>: Class 3B is Impaired, and each holder of a 2019 RCF Claim is entitled to vote to accept or reject the Plan.

5.    ***Class 4A—2010 Bond Claims***

(i)    <u>Classification</u>: Class 4A consists of all 2010 Bond Claims.

(ii)    <u>Allowance</u>: On the Effective Date, all 2010 Bond Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount of not less than $40,137,274 plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order. Because all 2010 Bond Claims are deemed fully Secured, there are no unsecured 2010 Bond Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2010 Bond Claims.

(iii)    <u>Treatment</u>: Except to the extent that a holder of an Allowed 2010 Bond Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2010 Bond Claim, each holder of an Allowed 2010 Bond Claim shall receive a Claim under the Restated 2010 Bond Documents in an amount equal to the amount of such holder's Allowed 2010 Bond Claim.

(iv)    <u>Voting</u>: Class 4A is Impaired, and each holder of a 2010 Bond Claim is entitled to vote to accept or reject the Plan.

6.    ***Class 4B—2012 Bond Claims***

(i)    <u>Classification</u>: Class 4B consists of all 2012 Bond Claims.

(ii)    <u>Allowance</u>: On the Effective Date, all 2012 Bond Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount of not less than $145,662,101 plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order. Because all 2012 Bond Claims are deemed fully Secured, there are no unsecured 2012 Bond Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2012 Bond Claims.

(iii)    <u>Treatment</u>: Except to the extent that a holder of an Allowed 2012 Bond Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2012 Bond Claim, each holder of an Allowed 2012 Bond Claim shall receive a Claim under the Restated 2012 Bond Documents in an amount equal to the amount of such holder's Allowed 2012 Bond Claim.

(iv)    <u>Voting</u>: Class 4B is Impaired, and each holder of a 2012 Bond Claim is entitled to vote to accept or reject the Plan.

### 7.    *Class 5—Convenience Claims*

(i)    <u>Classification</u>: Class 5 consists of all Convenience Claims.

(ii)    <u>Treatment</u>: In full and final satisfaction, settlement, release, and discharge of, and in exchange for, an Allowed Convenience Claim, each holder of an Allowed Convenience Claim shall receive, on the Effective Date or within thirty (30) days following the date that such Convenience Claim becomes Allowed (if such Claim becomes Allowed after the Effective Date), each holder of an Allowed Convenience Claim shall receive Cash in an amount equal to 100% of such holder's Allowed Convenience Class Claim.

(iii)    <u>Voting</u>: Class 5 is Impaired, and each holder of a Convenience Claim is entitled to vote to accept or reject the Plan.

### 8.    *Class 6—General Unsecured Claims*

(i)    <u>Classification</u>: Class 6 consists of all General Unsecured Claims.

(ii)    <u>Treatment</u>: Except to the extent that a holder of an Allowed General Unsecured Claim agrees to less favorable treatment of such Claim, in exchange for full and final satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed General Unsecured Claim (to the extent such Claim is not an Insured Non-Abuse Claim), each holder of an Allowed General Unsecured Claim shall receive, subject to the holder's ability to elect Convenience Class treatment on account of the Allowed General Unsecured Claim, its Pro Rata Share of the Core Value Cash Pool

up to the full amount of such Allowed General Unsecured Claim in the manner described in Article VII of the Plan.

(iii)    Voting: Class 6 is Impaired, and each holder of a General Unsecured Claim is entitled to vote to accept or reject the Plan.

9.    *Class 7—Non-Abuse Litigation Claims*

(i)    Classification: Class 7 consists of all Non-Abuse Litigation Claims.

(ii)    Treatment: Except to the extent that a holder of an Allowed Non-Abuse Litigation Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, each Allowed Non-Abuse Litigation Claim, each holder thereof shall, subject to the holder's ability to elect Convenience Class treatment as provided in the following sentence, retain the right to recover up to the amount of such holder's Allowed Non-Abuse Litigation Claim from (i) available Insurance Coverage or the proceeds of any insurance policy of the Debtors, (ii) applicable proceeds of any Insurance Settlement Agreements, and (iii) co-liable non-debtors (if any) or their insurance coverage. Solely to the extent that the holder of an Allowed Non-Abuse Litigation Claim fails to recover in full from the foregoing sources on account of such Allowed Claim after exhausting its remedies in respect thereof, such holder may elect to have the unsatisfied portion of its Allowed Claim treated as an Allowed Convenience Claim and receive cash in an amount equal to the lesser of (a) the amount of the unsatisfied portion of the Allowed Non-Abuse Litigation Claim and (b) $50,000.

(iii)    Voting: Class 7 is Impaired, and each holder of a Non-Abuse Litigation Claim is entitled to vote to accept or reject the Plan.

10.    *Class 8—Direct Abuse Claims*

(i)    Classification: Class 8 consists of all Direct Abuse Claims.

(ii)    Treatment: As of the Effective Date, liability for all Direct Abuse Claims shall be assumed in full by the Settlement Trust without further act, deed, or court order and shall be satisfied solely from the Settlement Trust as set forth in the Settlement Trust Documents. Pursuant to the Channeling Injunction set forth in Article X.F of the Plan, each holder of a Direct Abuse Claim shall have such holder's Direct Abuse Claim permanently channeled to the Settlement Trust, and such Direct Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents. Holders of Direct Abuse Claims shall be enjoined from prosecuting any outstanding, or filing any future, litigation, Claims, or Causes of Action arising out of or related to such Direct Abuse Claims against any of the Protected Parties

and may not proceed in any manner against any the Protected Parties in any forum whatsoever, including any state, federal, or non-U.S. court or any administrative or arbitral forum, and are required to pursue their Direct Abuse Claims solely against the Settlement Trust as provided in the Settlement Trust Documents.  The Local Council Settlement Contribution and the Contributing Chartered Organization Settlement Contribution are subject to the Debtors' right to amend the Plan in accordance with <u>Article III.D.2</u> of the Plan.

(iii)    <u>Voting</u>: Class 8 is Impaired, and each holder of a Direct Abuse Claim is entitled to vote to accept or reject the Plan.

**11.    *Class 9—Indirect Abuse Claims***

(i)    <u>Classification</u>: Class 9 consists of all Indirect Abuse Claims.

(ii)    <u>Treatment</u>: As of the Effective Date, liability for all Indirect Abuse Claims shall be assumed in full by the Settlement Trust without further act, deed, or court order and shall be satisfied solely from the Settlement Trust as set forth in the Settlement Trust Documents solely to the extent that an Indirect Abuse Claim has not been deemed withdrawn with prejudice, irrevocably waived, released and expunged in connection with the Local Council Settlement Trust Contribution or the Contributing Chartered Organization Trust Contribution.  Pursuant to the Channeling Injunction set forth in <u>Article X.F</u> of the Plan, each holder of an Indirect Abuse Claim shall have such holder's Indirect Abuse Claim permanently channeled to the Settlement Trust, and such Indirect Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents.  Holders of Indirect Abuse Claims shall be enjoined from prosecuting any outstanding, or filing any future, litigation, Claims, or Causes of Action arising out of or related to such Abuse Claims against any of the Protected Parties and may not proceed in any manner against any the Protected Parties in any forum whatsoever, including any state, federal, or non-U.S. court or any administrative or arbitral forum, and are required to pursue their Indirect Abuse Claims solely against the Settlement Trust as provided in the Settlement Trust Documents.  The Local Council Settlement Contribution and the Contributing Chartered Organization Settlement Contribution are subject to the Debtors' right to amend the Plan in accordance with <u>Article III.D.2</u> of the Plan.

(iii)    <u>Voting</u>: Class 9 is Impaired, and each holder of an Indirect Abuse Claim is entitled to vote to accept or reject the Plan.

**HOLDERS OF ABUSE CLAIMS (OTHER THAN FUTURE ABUSE CLAIMS) WERE REQUIRED TO SUBMIT A PROOF OF CLAIM ON OR BEFORE THE ABUSE**

**CLAIMS BAR DATE IN ACCORDANCE WITH THE BAR DATE ORDER.  HOLDERS OF ABUSE CLAIMS MAY ALSO BE REQUIRED TO SUBMIT ADDITIONAL DOCUMENTATION REGARDING SUCH CLAIMS IN ACCORDANCE WITH THE TRUST DOCUMENTS.**

     *12.*    *Class 10—Interests in Delaware BSA*

     (i)    <u>Classification</u>: Class 10 consists of all Interests in Delaware BSA.

     (ii)    <u>Treatment</u>: On the Effective Date, Interests in Delaware BSA shall be deemed cancelled without further action by or order of the Bankruptcy Court and shall be of no further force or effect, whether surrendered for cancellation or otherwise.

     (iii)    <u>Voting</u>: Class 10 is Impaired, and each holder of an Interest in Delaware BSA shall be conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore, holders of Interests in Delaware BSA are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Interests in Delaware BSA.

F.    <u>Elimination of Vacant Classes</u>

     Any Class of Claims against or Interests in the Debtors that, as of the commencement of the Confirmation Hearing, does not have at least one holder of a Claim or Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that Class.

G.  <u>Cramdown</u>

     If any Class is deemed to reject the Plan or is entitled to vote on the Plan and does not vote to accept the Plan, the Debtors may (a) seek confirmation of the Plan under section 1129(b) of the Bankruptcy Code or (b) amend or modify the Plan in accordance with the terms hereof and the Bankruptcy Code.  If a controversy arises as to whether any Claims are, or any class of Claims is, impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

H.    <u>Means for Implementation of the Plan</u>

     *1.*    *Operations of the Debtors between Confirmation and the Effective Date*

     The Debtors shall continue to operate as debtors and debtors in possession during the period from the Confirmation Date to the Effective Date.

### 2.    *BSA Governance Documents*

From and after the Effective Date, Reorganized BSA shall be governed pursuant to the BSA Charter and the Amended BSA Bylaws.  The Amended BSA Bylaws shall contain such provisions as are necessary to satisfy the provisions of the Plan, subject to further amendment thereof after the Effective Date, as permitted by applicable law.  Under the BSA Charter, the BSA has no power to issue certificates of stock, its object and purpose being solely of a charitable character and not for pecuniary profit; accordingly, the requirement of section 1123(a)(6) does not apply to the BSA.

### 3.    *Continued Legal Existence of BSA*

The BSA shall continue to exist on and after the Effective Date, with all of the powers it is entitled to exercise under applicable law and pursuant to the BSA Charter and the Amended BSA Bylaws, subject to further amendment of the Amended BSA Bylaws after the Effective Date, as permitted by applicable law.

### 4.    *Reorganized BSA's Directors and Senior Management*

Pursuant to section 1129(a)(5) of the Bankruptcy Code, to the extent that there are anticipated changes in Reorganized BSA's directors and officers, the Debtors will identify any such changes in the Plan Supplement.  On and after the Effective Date, the Amended BSA Bylaws, as such may be amended thereafter from time to time, shall govern the designation and election of directors of Reorganized BSA.

### 5.    *Dissolution of Delaware BSA*

On the Effective Date, Delaware BSA's members, directors, officers and employees shall be deemed to have resigned, and Delaware BSA shall be deemed to have dissolved for all purposes and be of no further legal existence under any applicable state or federal law, without the need for any further action or the filing of any plan of dissolution, notice, or application with the Secretary of State of the State of Delaware or any other state or government authority, and without the need to pay any franchise or similar taxes to effectuate such dissolution.  Any Allowed Claims against Delaware BSA will be treated as set forth in Article III.B of the Plan.

### 6.    *Due Authorization*

As of the Effective Date, all actions contemplated by the Plan that require corporate action of the Debtors, or either of them, including actions requiring a vote of the National Executive Board or the National Executive Committee of the BSA or the sole member of Delaware BSA, and execution of all documentation incident to the Plan, shall be deemed to have been authorized, approved, and, to the extent taken prior to the Effective Date, ratified in all respects without any requirement of further action by the Bankruptcy Court, members, officers, or directors of the Debtors, Reorganized BSA, or any other Person.

### 7.    *Cancellation of Interests*

As of the Effective Date, in accordance with <u>Article III.B.12</u> of the Plan, Interests in Delaware BSA shall be deemed cancelled without further action by or order of the Bankruptcy Court and shall be of no further force or effect.

### 8.    *Restatement of Indebtedness*

Except as otherwise provided in the Plan, or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, and subject to the treatment afforded to holders of Allowed Claims in Class 3A, 3B, 4A, or 4B under <u>Article III</u> of the Plan, on the Effective Date, all Prepetition Debt and Security Documents, including all agreements, instruments, and other documents evidencing or issued pursuant to the 2010 Credit Facility Documents, the 2019 RCF Documents, the 2010 Bond Documents, the 2012 Bond Documents, or any indebtedness or other obligations thereunder, and any rights of any holder in respect thereof, shall be deemed amended and restated in the form of the Restated Debt and Security Documents on the terms set forth herein.

Any provision in any document, instrument, lease, or other agreement that causes or effectuates, or purports to cause or effectuate, a default, termination, waiver, or other forfeiture of, or by, the Debtors as a result of the satisfactions, Injunctions, Releases, Discharges and other transactions provided for in the Plan shall be deemed null and void and shall be of no force or effect.  Nothing contained herein shall be deemed to cancel, terminate, release, or discharge the obligation of the Debtors or any of their counterparties under any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order of the Bankruptcy Court, including the Confirmation Order.

### 9.    *Cancellation of Liens*

Except as otherwise provided in the Plan, on the Effective Date, any Lien securing any Allowed Secured Claim (other than a Lien securing any Allowed Secured Claim that is Reinstated pursuant to the Plan, including, for avoidance of doubt, the liens securing the Restated Debt and Security Documents) shall be deemed released and the holder of such Allowed Secured Claim shall be authorized and directed to release any collateral or other property of any Debtor (including any cash collateral) held by such holder and to take such actions as may be requested by the Debtors (or Reorganized BSA, as the case may be) to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases as may be requested by the Debtors (or Reorganized BSA, as the case may be).

### 10.    *Effectuating Documents and Further Transactions*

The Chief Executive Officer and President, the Chief Financial Officer, and the General Counsel of the BSA is authorized to execute, deliver, file or record such contracts, instruments, releases, indentures, and other agreements or documents and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

*11.*    *Sources of Consideration for Plan Distributions*

Distributions under the Plan shall be funded from the following sources:

1.    The Debtors shall fund Distributions on account of and satisfy Allowed General Unsecured Claims exclusively from the Core Value Cash Pool;

2.    The Settlement Trust shall fund distributions on account of and satisfy compensable Abuse Claims in accordance with the Trust Distribution Procedures from (a) the BSA Settlement Trust Contribution, (b) the Local Council Settlement Contribution, (c) the Contributing Chartered Organization Settlement Contribution, and (d) any and all other funds, proceeds or other consideration otherwise contributed to the Settlement Trust pursuant to the Plan or the Confirmation Order or other Final Order of the Bankruptcy Court;

3.    The Debtors shall satisfy 2010 Credit Facility Claims, 2019 RCF Claims, 2010 Bond Claims, and 2012 Bond Claims in accordance with the terms of the Restated 2010 Bond Documents, the Restated 2012 Bond Documents and the Restated Credit Facility Documents, as applicable; and

4.    The Debtors shall fund Distributions on account of and satisfy all other Allowed Claims with Unrestricted Cash and Investments on hand on or after the Effective Date in accordance with the terms of the Plan and the Confirmation Order.

*12.*    *Resolution of Abuse Claims*

All Abuse Claims shall be channeled to and resolved by the Settlement Trust in accordance with the Trust Distribution Procedures, subject to the right of any Non-Settling Insurance Company to raise any valid Insurance Coverage Defense in response to a demand by the Settlement Trust that such insurer handle, defend, or pay any such Claim.

*13.*    *Funding by the Settlement Trust*

The Settlement Trust shall have no obligation to fund costs or expenses other than those set forth in the Plan or the Settlement Trust Documents, as applicable.

*14.*    *Core Value Cash Pool*

Reorganized BSA shall deposit Cash into the Core Value Cash Pool by making four semi-annual installment payments equal to $6,250,000.  Reorganized BSA shall make the first deposit six (6) months after the Effective Date; the second installment on the first anniversary after the Effective Date; the third installment eighteen (18) months after the Effective Date; and the fourth installment on the second anniversary of the Effective Date.

**15.     _Creditor Representative_**

The Creditor Representative shall be appointed as of the Effective Date and shall be responsible for assisting Reorganized BSA and its professionals in their efforts to efficiently reconcile Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims. The identity of the Creditor Representative shall be determined by the Creditors' Committee, with the consent of the Debtors (such consent not to be unreasonably withheld). The Debtors or Reorganized BSA, as applicable, will use commercially reasonable efforts to assist the Creditor Representative in reconciling Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims on or before the applicable Claims Objection Deadline. The reasonable fees and actual and necessary costs and expenses of the Creditor Representative shall be paid by Reorganized BSA up to the Creditor Representative Fee Cap, and Reorganized BSA shall have no obligation to compensate or reimburse the costs or expenses of the Creditor Representative beyond the amount of the Creditor Representative Fee Cap.

**16.     _Residual Cash in Core Value Cash Pool_**

To the extent any Cash remains in the Core Value Cash Pool after all Allowed General Unsecured Claims have been satisfied in full, such remaining Cash shall: (i) first, on account of any Allowed Non-Abuse Litigation Claims that shall not have elected to be treated as an Allowed Convenience Claim under Article III.B.9 of the Plan to satisfy any deficiency in payments of such Allowed Claims from available Insurance Coverage, from applicable proceeds of any Insurance Settlement Agreements, and from co-liable non-debtors (if any) or their insurance coverage; (ii) second, to pay interest to holders of Allowed General Unsecured Claims in accordance with Article VII.L of the Plan; and (iii) third irrevocably re-vest in Reorganized BSA.

**17.     _Compromise and Settlement of Claims, Interests and Controversies_**

Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan, including the Abuse Claims Settlement, the JPM / Creditors' Committee Settlement, and the Settlement of Restricted and Core Asset Disputes set forth in Article V.R of the Plan, shall constitute a good-faith compromise and settlement of Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that holders of Claims or Interests may have with respect to any Claim or Interest under the Plan or any Distribution to be made on account of an Allowed Claim. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims, Interests, and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates, and holders of such Claims and Interests, and is fair, equitable and reasonable.

1.     Abuse Claims Settlement.   The treatment provided for Abuse Claims under the Plan incorporates and reflects a proposed compromise and settlement of all Abuse Claims against the Protected Parties, and the Scouting Released Claims against the Local Councils and Contributing Chartered Organizations (the "Abuse Claims Settlement"), and the Plan constitutes a request for the Bankruptcy Court to authorize and

approve the Abuse Claims Settlement.  The following constitutes the provisions and conditions of the Abuse Claims Settlement:

   a. <u>Local Council Settlement Contribution</u>.  The Local Councils shall make, cause to be made, or be deemed to have made, as applicable, the Local Council Settlement Contribution, as set forth in Exhibit D of the Plan and as defined in the Plan, meaning:

    (i) the contribution to the Settlement Trust by the Local Councils, as set forth in Exhibit D to the Plan;

    (ii) to the maximum extent under applicable law, any and all of the Local Councils' rights, titles privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, interest, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the BSA Insurance Policies (subject to <u>Article IV.D.3</u> and <u>Article IV.D.4</u> of the Plan, with respect to Insure Non-Abuse Claims), the Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof (but not the policies themselves); (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries;

    (iii) to the maximum extent permitted under applicable law, any and all of the Local Councils' rights, titles, privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the Local Council Insurance Policies (subject to <u>Article IV.D.3</u> and <u>Article IV.D.4</u> of the Plan with respect to Insured Non-Abuse Claims), the Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof; (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries;

    (iv) the waiver, release, and expungement from the Claims Register of any and all Claims that have been asserted in the Chapter 11 Cases by or on behalf of any Local Council, including any Indirect Abuse Claims, without any further notice to or action, order or approval of the Bankruptcy Court, and the agreement of each Local Council not to file or assert any Claim or Claims against the Debtors or Reorganized BSA arising from any act or omission of the Debtors on or prior to the Confirmation Date; and

(v)     the assignment of any and all Perpetrator Indemnification Claims held by the Local Councils.

b.     <u>Contributing Chartered Organization Settlement Contribution</u>.  The Contributing Chartered Organizations will make, cause to be made, or be deemed to have made, as applicable, the Contributing Chartered Organization Settlement Contribution.

c.     <u>Claims Deemed Withdrawn with Prejudice By Settling Insurance Companies</u>.  On the Effective Date, any and all Claims that have been asserted in the Chapter 11 Cases by or on behalf of any Settling Insurance Company shall be deemed withdrawn with prejudice and irrevocably waived, released and expunged from the Claims Register without any further notice to or action, order, or approval of the Bankruptcy Court.  Further, no Settling Insurance Company shall file or assert any Claim or Claims against the Debtors or Reorganized BSA arising from any act or omission of the Debtors prior to the Confirmation Date.

d.     <u>Injunctions and Releases</u>.     Notwithstanding anything to the contrary set forth in the Plan or any other document filed with the Bankruptcy Court, the Injunctions and Releases contained in <u>Article X</u> of the Plan shall not be effective: (i) as to the Local Councils, until the Local Council Settlement Contribution shall have been made; and (ii) as to the Contributing Chartered Organizations, until the Contributing Chartered Organization Settlement Contribution shall have been made; and (iii) as to any Settling Insurance Company, until such Settling Insurance Company shall have made its contribution to the Settlement Trust pursuant to an Insurance Settlement Agreement.

2.     <u>The JPM / Creditors' Committee Settlement</u>.  The treatment provided for under the Plan for Allowed 2010 Credit Facility Claims, Allowed 2019 RCF Claims, Allowed 2010 Bond Claims, Allowed 2012 Bond Claims, Allowed Convenience Claims, Allowed General Unsecured Claims, and Allowed Non-Abuse Litigation Claims, together with the terms and conditions of the settlement term sheet appended as Exhibit A to the *First Mediators' Report* filed on March 1, 2021 at Docket No. 2292, reflects a proposed compromise and settlement by and among the Debtors, the Creditors' Committee and JPM (the "<u>JPM / Creditors' Committee Settlement</u>").[42]  The following constitutes the provisions and conditions of the JPM / Creditors' Committee Settlement:

a.     <u>Allowance and Treatment of 2010 Credit Facility Claims, 2019 RCF Claims, 2010 Bond Claims and 2012 Bond Claims</u>.  The 2010 Credit Facility Claims, the 2019 RCF Claims, the 2010 Bond Claims and the 2012 Bond Claims shall be Allowed in the amounts set forth in <u>Article III.B</u> of the Plan and receive the treatment afforded to such Claims thereunder.     The Debtors acknowledge and agree that the Claims held by JPM (the 2010 Credit Facility Claims, the 2019 RCF Claims, the 2010 Bond Claims and the 2012 Bond Claims),

---

[42]     In the event of a conflict between the terms and conditions of the Plan, on the one hand, and the terms and conditions of the settlement term sheet, on the other hand, the terms of the Plan shall control.

are core to the Debtors' charitable mission and were incurred in furtherance of the Debtors' charitable mission.

        b.      <u>Treatment of Convenience Claims, General Unsecured Claims, and Non- Abuse Litigation Claims</u>.  Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims shall receive the treatment afforded to such Claims under <u>Article III.B</u> of the Plan.  The Debtors acknowledge and agree that General Unsecured Claims, Convenience Claims, and Non-Abuse Litigation Claims are held by creditors who are core to the Debtors' charitable mission or creditors whose Claims in such Classes, if Allowed, were incurred in furtherance of the Debtors' charitable mission; accordingly, payments by Reorganized BSA under the Plan on account of such Allowed Claims, if applicable, will be made from Cash relating to Reorganized BSA's core assets.

        c.      <u>Challenge Period</u>.  As of the Effective Date, (i) the Challenge Period (as defined in the Cash Collateral Order) shall be deemed to have expired with respect to the Creditors' Committee; (ii) the Stipulations (as defined in the Cash Collateral Order) and other admissions, agreements and releases set forth in the Cash Collateral Order shall be final and binding on the Creditors' Committee. The ability of any other party to bring a Challenge Proceeding (as defined in the Cash Collateral Order) shall be governed by the terms and conditions of the Cash Collateral Order.

        3.      <u>Settlement of Restricted and Core Asset Disputes</u>.  The Debtors have agreed under the Plan to: (a) fund the Core Value Cash Pool, in the amount of $25,000,000; and (b) make the BSA Settlement Trust Contribution, including all of the Net Unrestricted Cash and Investments.  The proceeds of the Foundation Loan, in the amount of $42,800,000 (which Reorganized BSA will use exclusively for working capital and general corporate purposes), will permit the Debtors to contribute to the Settlement Trust a substantial amount of core value consideration in Cash on the Effective Date. The foregoing components of the consideration proposed to be provided by the Debtors to holders of certain Claims under the Plan constitute a compromise and settlement of any and all disputes between and among the Tort Claimants' Committee, the Future Claimants' Representative, the Creditors' Committee, and the Debtors concerning the Debtors' restricted and/or core assets, including the Claims asserted in the complaint filed by the Tort Claimants' Committee in the adversary proceeding entitled *Official Tort Claimants' Committee of Boy Scouts of America and Delaware BSA, LLC v. Boy Scouts of America and Delaware BSA, LLC*, Adv. Pro. No. 21-50032 (LSS) (the "<u>Settlement of Restricted and Core Asset Disputes</u>").

## 18.    *Good-Faith Compromise and Settlement*

The Plan (including its incorporation of the Abuse Claims Settlement, the JPM / Creditors' Committee Settlement, and the Settlement of Restricted and Core Asset Disputes), the Plan Documents, and the Confirmation Order constitute a good-faith compromise and settlement of Claims, Interests and controversies based upon the unique circumstances of these Chapter 11

Cases, and none of the foregoing documents, the Disclosure Statement, or any other papers filed in furtherance of Plan Confirmation, nor any drafts of such documents, may be offered into evidence or deemed as an admission in any context whatsoever beyond the purposes of the Plan, in any other litigation or proceeding, except as necessary, and as admissible in such context, to enforce their terms before the Bankruptcy Court or any other court of competent jurisdiction. The Plan, the Abuse Claims Settlement, the JPM / Creditors' Committee Settlement, the Settlement of Restricted and Core Asset Disputes, the Plan Documents, and the Confirmation Order will be binding as to the matters and issues described therein, but will not be binding with respect to similar matters or issues that might arise in any other litigation or proceeding in which none of the Debtors, Reorganized BSA, the Protected Parties, or the Settlement Trust is a party.

### 19.    *Restated Debt and Security Documents*

On the Effective Date, the Prepetition Debt and Security Documents shall be amended and restated in the form of the Restated Debt and Security Documents, and Reorganized BSA, JPM and Arrow shall, and shall be authorized, to execute, deliver and enter into the Restated Debt and Security Documents as of such date, in principal amounts equal to the Allowed amounts set forth in Article III.B.3, Article III.B.4, Article III.B.5, and Article III.B.6 of the Plan without the need for any further corporate action or any further notice to or order of the Bankruptcy Court.  The Debtors or Reorganized BSA, as applicable, JPM, and Arrow shall take all actions necessary to continue the Debtors' obligations under the Prepetition Debt and Security Documents, as amended and restated by the Restated Debt and Security Documents and to give effect to the Restated Debt and Security Documents, including surrendering any debt instruments or securities that are no longer applicable under the Restated Debt and Security Documents to the Debtors or Reorganized BSA.

Except as otherwise modified by the Restated Debt and Security Documents, all Liens, mortgages and security interests securing the obligations arising under the Restated Debt and Security Documents that were collateral securing the Debtors' obligations under the Prepetition Debt and Security Documents as of the Petition Date are unaltered by the Plan, and all such Liens, mortgages and security interests are reaffirmed and perfected with respect to the Restated Debt and Security Documents to the same extent, in the same manner and on the same terms and priorities as they were under the Prepetition Debt and Security Documents, except as the foregoing may be modified pursuant to the Restated Debt and Security Documents.  All Liens and security interests granted and continuing pursuant to the Restated Debt and Security Documents shall be (a) valid, binding, perfected, and enforceable Liens and security interests in the personal and real property described in and subject to such documents, with the priorities established in respect thereof under applicable non-bankruptcy law; (b) granted in good faith and deemed not to constitute a fraudulent conveyance or fraudulent transfer; and (c) not otherwise subject to avoidance, recharacterization, or subordination (whether equitable, contractual or otherwise) under any applicable law.  The Debtors, Reorganized BSA, Arrow, and JPM are authorized to make, and to the extent required by the Restated Debt and Security Documents, the Debtors, Reorganized BSA, Arrow will make, all filings and recordings, and obtain all governmental approvals and consents necessary (but otherwise consistent with the consents and approvals obtained in connection with the Prepetition Debt and Security Documents) to establish, attach and perfect such Liens and security interests under any applicable law (it being understood that perfection shall occur automatically by virtue of the entry of the Confirmation

Order and any such filings, recordings, approvals, and consents shall not be required), and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties.  For purposes of all mortgages and deposit account control agreements that secured the obligations arising under the Prepetition Debt and Security Documents, the Restated Debt and Security Documents are deemed an amendment and restatement of the Prepetition Debt and Security Documents, and such mortgages and control agreements shall survive the Effective Date, shall not be cancelled, and shall continue to secure Reorganized BSA's obligations under the Restated Debt and Security Documents, except as expressly set forth therein.

      1.     The definitive terms of the Restated Debt and Security Documents shall be (x) acceptable to JPM and the BSA, (y) reasonably acceptable to the Creditors' Committee, and (z) substantially the same as the Prepetition Debt and Security Documents, except that, as to be specified in the Restated Debt and Security Documents:

    a.    the maturity dates under the Restated 2010 Bond Documents, the Restated 2012 Bond Documents, and the Restated Credit Facility Documents will be the Restated Maturity Date;

    b.    principal under the Restated 2010 Bond Documents and the Restated 2012 Bond Documents shall be payable in monthly installments, in the same monthly amounts as the prepetition periodic amortization amounts, beginning on the date that is two (2) years after the Effective Date and ending on the Restated Maturity Date; provided, that the scheduled principal amounts payable under the Restated 2010 Bond Documents and the Restated 2012 Bond Documents shall be reduced, on a pro rata basis, by an amount equal to the Excess Cash and Investments, if any, that are remitted to JPM under the Excess Cash Sweep;

    c.    interest under the Restated 2010 Bond Documents and the Restated 2012 Bond Documents shall be payable in monthly installments, at the currently applicable existing rates in the 2010 Bond Documents and the 2012 Bond Documents, beginning on the date that is one month after the Effective Date and ending on the Restated Maturity Date;

    d.    principal under the Restated Credit Facility Documents shall be payable in quarterly installments, set at 1/40th of the outstanding balance on the Effective Date, beginning on the date that is two (2) years after the Effective Date and ending on the Restated Maturity Date; provided, that the principal amounts payable under the Restated Credit Facility Documents shall be reduced, on a pro rata basis, by an amount equal to the Excess Cash and Investments, if any, that are remitted to JPM under the Excess Cash Sweep;

    e.    interest under the Restated Credit Facility Documents shall be payable in quarterly installments at the applicable existing rates in the Prepetition Debt and Security Documents, beginning on the date that is three (3) months after the Effective Date and ending on the Restated Maturity Date;

f.    all of the obligations of Reorganized BSA under the Restated Debt and Security Documents shall be secured by first-priority liens on and security interests in all of the assets of Reorganized BSA;

g.    all of the obligations of Reorganized BSA under the Restated Debt and Security Documents shall be guaranteed by Arrow; and

h.    beginning on December 31 of the calendar year that is two (2) years after the Effective Date and continuing on December 31 of each successive calendar year until December 31 of the calendar year that is immediately prior to the calendar year of the Restated Maturity Date, Reorganized BSA shall remit to JPM, as soon as reasonably practicable but in no case later than thirty (30) days of such date, twenty-five percent (25%) of the Excess Cash and Investments in excess of $75,000,000, if any, as of such date (the "Excess Cash Sweep"), and JPM shall apply any such amounts on a pro rata basis to the unpaid principal balances under the Restated Debt and Security Documents.  For the avoidance of doubt, no payments shall be made on account of the Excess Cash Sweep until the last Distribution is made on account of Allowed General Unsecured Claims.

## 20.    *Foundation Loan*

On the Effective Date, the Foundation Loan Agreement and any applicable collateral and other loan documents governing the Foundation Loan shall be executed and delivered, and Reorganized BSA shall be authorized to execute, deliver and enter into, the Foundation Loan Agreement and related documentation governing the Foundation Loan without the need for any further corporate action or any further notice to or order of the Bankruptcy Court.

As of the Effective Date, upon the granting of Liens in accordance with the Foundation Loan Agreement and any applicable collateral and other loan documents governing the Foundation Loan, all of the Liens and security interests granted thereunder (a) shall be deemed to have been granted, (b) shall be legal, binding, automatically perfected, non-avoidable, and enforceable Liens on, and security interests in, the applicable collateral as of the Effective Date in accordance with the respective terms of the Foundation Loan Agreement and related documentation, subject to the Liens and security interests set forth in the Restated Debt and Security Documents, as permitted under the Foundation Loan Agreement and related documentation.  All Liens and security interests granted pursuant to the Foundation Loan Agreement and related documentation shall be (i) valid, binding, perfected, and enforceable Liens and security interests in the personal and property described in and subject to such documents, with the priorities established in respect thereof under applicable non-bankruptcy law; (ii) granted in good faith and deemed not to constitute a fraudulent conveyance or fraudulent transfer; and (c) not otherwise subject to avoidance, recharacterization, or subordination (whether equitable, contractual or otherwise) under any applicable law.  The Debtors, Reorganized BSA, Arrow WV, Inc., and the Foundation are authorized to make, and to the extent contemplated by the Foundation Loan Agreement and related documentation, the Debtors, Reorganized BSA, Arrow WV, Inc. will make, all filings and recordings, and obtain all governmental approvals and consents necessary to establish, attach and perfect such Liens and security interests under any applicable law (it being understood that perfection shall occur

automatically by virtue of the entry of the Confirmation Order and any such filings, recordings, approvals, and consents shall not be required), and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interest to third parties.

### 21.    Pension Plan

No provision contained in the Plan, Confirmation Order, the Bankruptcy Code (including section 1141 of the Bankruptcy Code), or any other document filed or order entered in the Chapter 11 Cases shall be construed to exculpate, discharge, release or relieve the Debtors, the Local Councils, or any other party, in any capacity, from any liability or responsibility to any Person with respect to the Pension Plan under any law, governmental policy, or regulatory provision.  The Pension Plan shall not be enjoined or precluded from enforcing any such liability or responsibility as a result of any of the provisions of the Plan (including those provisions providing for exculpation, satisfaction, release and discharge of Claims against the Debtors), the Confirmation Order, the Bankruptcy Code (including section 1141 of the Bankruptcy Code), or any other document filed or order entered in the Chapter 11 Cases.  The Settlement Trust shall not have any liability to any Person on account of the Pension Plan, including liability as a member of a "Controlled Group" as defined in 29 U.S.C. § 1301(a)(14)(A) or on any other basis whatsoever.

### 22.    Single Satisfaction of Allowed General Unsecured Claims

In no event shall any holder of an Allowed General Unsecured Claim recover more than the full amount of its Allowed General Unsecured Claim from the Core Value Cash Pool, and to the extent that the holder of an Allowed General Unsecured Claim has received, or in the future receives, payment on account of such Allowed General Unsecured Claim from a party that is not a Debtor or Reorganized BSA, such holder shall repay, return, or deliver to the Core Value Cash Pool any Distribution held by or transferred to such holder to the extent the holder's total recovery on account of its Allowed General Unsecured Claim from the third party and from the Core Value Cash Pool exceeds the amount of such holder's Allowed General Unsecured Claim.

### 23.    Exemption from Certain Transfer Taxes and Recording Fees

To the maximum extent permitted pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan, including any transfers to the Settlement Trust by the Debtors, the Local Councils, the Contributing Chartered Organizations, and the Settling Insurance Companies, and payments by Reorganized BSA to or from the Core Value Cash Pool, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment, and, upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and are allowed to accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

I.      The Settlement Trust

    *1.      Establishment and Purpose of the Settlement Trust*

The Settlement Trust shall be established on the Effective Date.  The Settlement Trust shall be administered and implemented by the Settlement Trustee as provided in the Trust Documents.  The purposes of the Settlement Trust shall be to assume liability for all Abuse Claims, to hold, preserve, maximize and administer the Settlement Trust Assets, and to direct the processing, liquidation and payment of all compensable Abuse Claims in accordance with the Settlement Trust Documents.  The Settlement Trust Assets include the (a) the BSA Trust Contribution; (b) the Local Council Settlement Contribution; (c) the Chartered Organization Settlement Contribution; and (d) any and all other funds, proceeds or other consideration otherwise contributed to the Settlement Trust pursuant to the Plan or the Confirmation Order or other Final Order of the Bankruptcy Court.

The Settlement Trust shall resolve Abuse Claims in accordance with the Settlement Trust Documents in such a way that the holders of Abuse Claims are treated equitably and reasonably in light of the finite assets available to satisfy such Claims.  From and after the Effective Date, the Abuse Claims shall be channeled to the Settlement Trust pursuant to the Channeling Injunction set forth in Article X.F of the Plan and may be asserted only and exclusively against the Settlement Trust.

In the event of a conflict between the terms or provisions of the Plan and the Settlement Trust Documents, the terms of the Plan shall control.

    *2.      Transfer of Claims to the Settlement Trust*

On the Effective Date, or as otherwise provided in the Plan, and without further action of any Person, the Settlement Trust shall assume the liabilities, obligations, and responsibilities of the Protected Parties for all Abuse Claims, financial or otherwise.  These assumptions by the Settlement Trust shall not affect (a) the application of the Discharge Injunction or the Channeling Injunction or (b) any Non-Settling Insurance Company's obligation under any Insurance Policy that is not the subject of an Insurance Settlement Agreement.

Except as otherwise expressly provided in the Plan, the Settlement Trust Agreement, or the Trust Distribution Procedures, the Settlement Trust shall have control over the Settlement Trust Causes of Action and the Insurance Actions, and the Settlement Trust shall thereby become the Estate Representative pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with the exclusive right to enforce each of the Settlement Trust Causes of Action and the Insurance Actions, and the proceeds of the recoveries on any of the Settlement Trust Causes of Action or the Insurance Actions shall be deposited in and become the property of the Settlement Trust, and the Settlement Trust shall have the right to enforce the Plan and any of the other Plan Documents (including the Cooperation Agreement) according to their respective terms, including the right to receive the Settlement Trust Assets as provided in the Plan; provided, however, that (a) the Settlement Trust shall have no other rights against the Protected Parties except to enforce the Plan and any of the other Plan Documents; (b) the Settlement Trust Causes of Action and the Insurance Actions shall not include any Claims or Interests fully and finally released,

compromised, or settled pursuant to the Plan; and (c) for the avoidance of doubt, the Settlement Trust Causes of Action and the Insurance Actions do not include any rights of the Protected Parties arising under the Channeling Injunction or any of the Injunctions, Releases, or Discharges granted under the Plan and the Confirmation Order.

### 3.    Transfer of Settlement Trust Assets to the Settlement Trust

On the Effective Date, subject to Article IV.D.2 of the Plan, all right, title, and interest in and to the Settlement Trust Assets and any proceeds thereof shall be automatically, and without further act or deed, transferred to, vested in, and assumed by the Settlement Trust free and clear of all Encumbrances or Claims or other interests of any Person, subject to the Channeling Injunction and other provisions of the Plan.

To the extent any of the Settlement Trust Assets are not transferred to the Settlement Trust by operation of law on the Effective Date pursuant to the Plan, then when such assets accrue or become transferable subsequent to the Effective Date, they shall automatically and immediately transfer to the Settlement Trust free and clear of all Encumbrances and Claims or other interests of any Person, subject to the Channeling Injunction and other provisions of the Plan.  To the extent that any action of a Protected Party is required to effectuate such transfer, such Protected Party shall promptly transfer, assign, and contribute, such remaining Settlement Trust Assets to the Settlement Trust.  In the event a Protected Party breaches any obligation contained in this section, the Settlement Trust will have no adequate remedy at law and shall be entitled to preliminary and permanent declaratory and injunctive relief.  Article IV.D.2 of the Plan applies, without limitation, to (a) that portion of the Local Council Settlement Contribution required to be contributed to the Settlement Trust after the Effective Date and (b) the transfer to the Settlement Trust of the Warehouse and Distribution Center, subject to the Leaseback Requirement.

### 4.    The Settlement Trust Distribution Procedures

On the Effective Date, the Settlement Trust shall implement the Trust Distribution Procedures in accordance with the terms of the Settlement Trust Agreement.  From and after the Effective Date, the Settlement Trustee shall have the authority to administer, amend, supplement, or modify the Trust Distribution Procedures solely in accordance with the terms thereof and the Settlement Trust Agreement.

### 5.    Discharge of Liabilities to Holders of Abuse Claims

Except as provided in the Plan, the transfer to, vesting in and assumption by the Settlement Trust of the Settlement Trust Assets as contemplated by the Plan shall, as of the Effective Date, discharge all obligations and liabilities of and bar any recovery or action against the Protected Parties for or in respect of all Abuse Claims, including all Indirect Abuse Claims (and the Confirmation Order shall provide for such discharge).  The Settlement Trust shall, as of the Effective Date, assume sole and exclusive responsibility and liability for all Abuse Claims and such Claims shall be paid by the Settlement Trust from the Settlement Trust Assets or as otherwise directed in the Settlement Trust Documents.

### 6.      *Imposition of Channeling Injunction*

From and after the Effective Date, all Abuse Claims shall be subject to the Channeling Injunction pursuant to section 105(a) of the Bankruptcy Code and the provisions of the Plan and the Confirmation Order.  From and after the Effective Date, the Protected Parties shall not have any obligation with respect to any liability of any nature or description arising out of, relating to, or in connection with any Abuse Claims.

### 7.      *Insurance Assignment*

As of the Effective Date, the Insurance Assignment shall be completed, which includes an assignment and transfer of (a) the Insurance Actions, (b) the Insurance Action Recoveries, (c) the Insurance Settlement Agreements, (d) the Insurance Coverage, and (e) all other rights or obligations under or with respect to the Insurance Policies (but not the policies themselves).  The Insurance Assignment does not include any rights or obligations under or with respect to any Insurance Policies that are the subject of an Insurance Settlement Agreement.

Moreover, the Insurance Assignment shall not, and shall not be deemed to, transfer, grant, or assign to the Settlement Trust any insurance rights of any Person that pertain to any Insured Non-Abuse Claims.  The insurance rights of any Person that pertain to Insured Non-Abuse Claims are expressly reserved for the such Persons, and the Plan Documents shall not, and shall not be deemed to, transfer, grant, or assign such rights to the Settlement Trust.

Notwithstanding the Insurance Assignment, with respect to any Specified Insurance Policy, the right of the Debtors and Reorganized BSA (and any other named or additional insureds under such Specified Insurance Policy) are expressly reserved to (a) tender any Insured Non-Abuse Claims to the Specified Insurance Policies and (b) access the limits of liability of the Specified Insurance Policies to settle or otherwise resolve Insured Non-Abuse Claims.  Further, the Settlement Trust cannot settle, compromise, or otherwise resolve any rights, duties, or obligations under the Specified Insurance Policies without the express written consent and approval of the Debtors or Reorganized BSA (and any other named or additional insureds under such Specified Insurance Policy), as applicable, and the Creditors' Committee, prior to its dissolution.  Nonetheless, the Settlement Trust shall have the same rights, if any, as the Protected Parties with respect to any Specified Insurance Policy insofar as the Settlement Trust may (i) tender Abuse Claims to the Specified Insurance Policies and (ii) access the limits of liability of the Specified Insurance Policies to pay Abuse Claims pursuant to the Trust Distribution Procedures.

### 8.      *Indemnification by Settlement Trust*

From and after the Effective Date, the Settlement Trust shall indemnify each of the Protected Parties, to the fullest extent lawful, from and against any and all Claims, liabilities, losses, actions, suits, proceedings, third-party subpoenas, damages, costs and expenses (including full reimbursement of all fees and expenses of counsel), as incurred, related to, arising out of, or in connection with any Abuse Claim.

### 9.       Excess Assets in Settlement Trust

To the extent any Settlement Trust Assets remain at such time as the Settlement Trust is dissolved under the terms of the Settlement Trust Documents, any remaining Settlement Trust Assets shall be distributed to Reorganized BSA.

### 10.      Investment Guidelines

All monies held in the Settlement Trust shall be invested, subject to the investment limitations and provisions enumerated in the Settlement Trust Agreement.

### 11.      Settlement Trust Expenses

The Settlement Trust shall pay all Settlement Trust Expenses from the Settlement Trust Assets.  The Settlement Trust shall bear sole responsibility with respect to the payment of the Settlement Trust Expenses.  Additionally, the Settlement Trust shall promptly pay all reasonable and documented Settlement Trust Expenses incurred by any Protected Party for any and all liabilities, costs or expenses as a result of taking action on behalf of or at the direction of the Settlement Trust.

### 12.      Settlement Trustee

There shall be one Settlement Trustee.  The initial Settlement Trustee shall be the Person identified in the Plan Supplement.  Any successor Settlement Trustee shall be appointed in accordance with the terms of the Settlement Trust Agreement.  For purposes of any Settlement Trustee performing his or her duties and fulfilling his or her obligations under the Settlement Trust and the Plan, the Settlement Trust and the Settlement Trustee shall be deemed to be, and the Confirmation Order shall provide that he or she is, a "party in interest" within the meaning of section 1109(b) of the Bankruptcy Code.  The Settlement Trustee shall be the "administrator" of the Settlement Trust as such term is used in Treas. Reg. Section 1.468B-2(k)(3).

### 13.      The Settlement Trust Advisory Committee

The Settlement Trust Advisory Committee shall be established pursuant to the Settlement Trust Agreement.   The initial Settlement Trust Advisory Committee shall have three (3) members and shall have the functions, duties, and rights provided in the Settlement Trust Agreement.   Each member of the Settlement Trust Advisory Committee shall serve in accordance with the terms and conditions of the Settlement Trust Agreement.

### 14.      Compensation of Settlement Trustee and Retention of Professionals

The Settlement Trustee shall be entitled to compensation as provided for in the Settlement Trust Agreement.  The Settlement Trustee may retain and reasonably compensate, without Bankruptcy Court approval, counsel and other professionals as reasonably necessary to assist in their duties as Settlement Trustee, subject to the terms of the Settlement Trust Agreement.  All fees and expenses incurred in connection with the foregoing shall be payable from the Settlement Trust as provided for in the Settlement Trust Agreement.

15. *Consent Rights of the Debtors and the Reorganized BSA*

The Settlement Trust Documents may not be amended or modified without the consent of the Debtors or the Reorganized BSA, as applicable, which shall not be unreasonably withheld. The Debtors shall also have consent rights with respect to any successor Settlement Trustee and Trust Advisory Committee members, which consent shall not be unreasonably withheld. Notwithstanding any of the foregoing, the Indemnification Obligations of the Settlement Trust described in Article IV.I of the Plan may not be amended or modified without the consent of the Protected Party that is otherwise entitled to indemnification pursuant to those provisions.

16. *Cooperation Agreement*

The Debtors, the Local Councils, the Contributing Chartered Organizations and the Settlement Trust shall enter into the Cooperation Agreement on the Effective Date substantially in the form contained in the Plan Supplement. The Cooperation Agreement shall provide for certain documents, books and records of the Debtors (including all portions of the Volunteer Screening Database relating to allegations of Abuse set forth in Proofs of Claim), the Local Councils, and Contributing Chartered Organizations to be shared with the Settlement Trust. The parties to the Cooperation Agreement shall be bound by the terms thereof.

17. *Privileged Information*

The transfer or assignment of any Privileged Information to the Settlement Trustee shall not result in the destruction or waiver of any applicable privileges pertaining thereto. Further, with respect to any privileges: (a) they are transferred to or contributed for the sole purpose of enabling the Settlement Trustee to perform their duties to administer the Settlement Trust and for no other reason; (b) they are vested solely in the Settlement Trustee and not in the Settlement Trust, the Settlement Trust Advisory Committee, or any other Person, committee or subcomponent of the Settlement Trust, or any other Person (including counsel and other professionals) who has been engaged by, represents or has represented any holder of an Abuse Claim; (c) they shall be preserved and not waived; and (d) no privileged information shall be publicly disclosed by the Settlement Trustee or the Settlement Trust or communicated to any Person not entitled to receive such information or in a manner that would diminish the protected status of any such information. Notwithstanding the foregoing, (i) nothing herein shall preclude the Settlement Trustee from providing information received pursuant to this section to any Insurance Company as necessary to preserve, secure, or obtain the benefit of any rights under any Insurance Policy and (ii) the transfer or assignment of any Privileged Information shall not include any Common-Interest Communications with Insurers.

18. *No Liability*

The Protected Parties shall neither have nor incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance in connection with or related to the Settlement Trust, the Settlement Trustee, or the Settlement Trust Documents, including the administration of Abuse Claims and the distribution of Settlement Trust Assets by the Settlement Trust, or any related agreement.

**19.     U.S. Federal Income Tax Treatment of the Settlement Trust**

The Settlement Trust shall be a "qualified settlement fund" within the meaning of Treasury Regulation section 1.468B-1.  The Settlement Trust shall file (or cause to be filed) statements, returns, or disclosures relating to the Settlement Trust that are required by any Governmental Unit.  The Settlement Trustee shall be responsible for the payment of any taxes imposed on the Settlement Trust or the Settlement Trust Assets, including estimated and annual U.S. federal income taxes in accordance with the terms of the Settlement Trust Agreement.  The Settlement Trustee may request an expedited determination of taxes on the Settlement Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Settlement Trust for all taxable periods through the dissolution of the Settlement Trust.

**20.     Institution and Maintenance of Legal and Other Proceedings**

As of the Effective Date, the Settlement Trust shall be empowered to initiate, prosecute, defend, settle, maintain, administer, preserve, pursue, and resolve all legal actions and other proceedings related to any asset, liability, or responsibility of the Settlement Trust, including the Insurance Actions, Abuse Claims, and the Settlement Trust Causes of Action.  Without limiting the foregoing, on and after the Effective Date, the Settlement Trust shall be empowered to initiate, prosecute, defend, settle, maintain, administer, preserve, pursue, and resolve all such actions, in the name of the Debtors or Reorganized BSA, if deemed necessary or appropriate by the Settlement Trust.  The Settlement Trust shall be responsible for the payment of all damages, awards, judgments, settlements, expenses, costs, fees, and other charges incurred on or after the Effective Date arising from, relating to, or associated with any legal action or other proceeding which is the subject of Article IV.P of the Plan and shall pay Indirect Abuse Claims, in accordance with the Trust Distribution Procedures, that may arise from deductibles, self-insured retentions, retrospective premium adjustments, or other charges.  Furthermore, without limiting the foregoing, the Settlement Trust shall be empowered to maintain, administer, preserve, or pursue the Insurance Coverage and the Insurance Action Recoveries.

**21.     Expungement of Abuse Claims from the Claims Register**

On the Effective Date, all Abuse Claims filed against the Debtors in the Chapter 11 Cases shall be expunged from the Claims Register and resolved exclusively in accordance with the Trust Distribution Procedures.

**22.     Insurance Provisions**

As provided in Article X.M of the Plan, the following shall apply to all Entities, including all Insurance Companies:

Except as provided in any Insurance Settlement Agreement, nothing contained in the Plan, the Plan Documents, or the Confirmation Order, including any provision that purports to be preemptory or supervening, shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying (a) the rights or obligations of any Insurance Company or (b) any rights or obligations of the Debtors arising out of or under any Insurance Policy.  For all issues relating to insurance coverage allegedly provided by any Settling Insurance Company, the provisions, terms, conditions, and limitations of the applicable

Insurance Settlement Agreement shall control.  For all other issues relating to insurance coverage, the provisions, terms, conditions, and limitations of the Insurance Policies shall control.  For the avoidance of doubt, nothing contained in the Plan, the Plan Documents, or the Confirmation Order shall operate to require any Insurance Company to indemnify or pay the liability of any Protected Party that it would not have been required to pay in the absence of the Plan.

The Plan, the Plan Documents, and the Confirmation Order shall be binding on the Debtors, Reorganized BSA, and the Settlement Trust.  Except as provided in any Insurance Settlement Agreement, the obligations, if any, of the Settlement Trust to pay holders of Abuse Claims shall be determined pursuant to the Plan and the Plan Documents.  Except as provided in Article X.M.4 of the Plan, none of (a) the Bankruptcy Court's or District Court's approval of the Plan or the Plan Documents, (b) the Confirmation Order, the Affirmation Order or any findings or conclusions entered with respect to Confirmation, or (c) any estimation or valuation of Abuse Claims, either individually or in the aggregate (including any agreement as to the valuation of Abuse Claims) in the Chapter 11 Cases shall, with respect to any Insurance Company, constitute or be deemed to constitute a trial or hearing on the merits or an adjudication or judgment, or accelerate the obligations, if any, of any Insurance Company under its Insurance Policies.

No provision of the Plan, other than those provisions contained in the applicable Injunctions contained in Article X of the Plan, shall be interpreted to affect or limit the protections afforded to any Settling Insurance Company by the Channeling Injunction or the Insurance Entity Injunction.

Nothing in Article X.M of the Plan is intended or shall be construed to preclude otherwise applicable principles of *res judicata* or collateral estoppel from being applied against any Insurance Company with respect to any issue that is actually litigated by such Insurance Company as part of its objections, if any, to Confirmation or as part of any contested matter or adversary proceeding filed by such Insurance Company in conjunction with or related to Confirmation.  Plan objections that are withdrawn prior to the conclusion of the Confirmation Hearing shall be deemed not to have been actually litigated.

J.    Vesting of Assets in the Reorganized BSA

In accordance with Article X.A of the Plan, and except as explicitly provided in the Plan (including with respect to the Core Value Cash Pool), on the Effective Date, pursuant to sections 1141(b) and 1141(c) of the Bankruptcy Code, all property comprising the Estates, other than the BSA Trust Contributions, shall vest in each respective Reorganized Debtor free and clear of all Liens, Claims, interests, charges, other Encumbrances and liabilities of any kind unless expressly provided by the Plan or the Confirmation Order.  On and after the Effective Date, each Reorganized BSA may continue is operations and may use, acquire, or dispose of property, and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

K.    Retention of Certain Causes of Action

In accordance with section 1123(b)(3) of the Bankruptcy Code and Article XI.B of the Plan, subject to the transfer of the Settlement Trust Causes of Action to the Settlement Trust under Article IV.D of the Plan and the Debtors' and their Estates' Release of certain Estate Causes of Action under Article X.J of the Plan, all Causes of Action that a Debtor may hold against any Person shall vest in Reorganized BSA on the Effective Date.  Thereafter, subject to Article IV.D and Article X.J of the Plan, Reorganized BSA shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, whether arising before or after the Petition Date, and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court.  No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any specific Cause of Action as any indication that the Debtors or Reorganized BSA, as applicable, will not pursue any and all available Causes of Action.  The Debtors or Reorganized BSA, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Person, except as otherwise expressly provided in the Plan, and, therefore, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches, shall apply to any Cause of Action upon, after, or as a consequence of Confirmation or the occurrence of the Effective Date.

L.    Workers' Compensation Programs

As of the Effective Date, the Debtors and the Reorganized BSA shall continue to honor their obligations under: (a) all applicable workers' compensation laws in all applicable states; and (b) the Workers' Compensation Program.  All Proofs of Claims on account of the Workers' Compensation Program shall be deemed withdrawn automatically and without any further notice to or action, order, or approval of the Bankruptcy Court; provided, however, that nothing in the Plan shall limit, diminish, or otherwise alter the Debtors' or Reorganized BSA's defenses, Causes of Action, or other rights under applicable non-bankruptcy law with respect to the Workers' Compensation Programs; provided further, however, that nothing in the Plan shall be deemed to impose any obligations on the Debtors or their insurers in addition to what is provided for under the terms of the Workers' Compensation Programs and applicable state law.

M.    Treatment of Executory Contracts and Unexpired Leases

*1.    Assumption and Rejection of Executory Contracts and Unexpired Leases*

As set forth in Article VI of the Plan, on the Effective Date, except as otherwise provided in the Plan, all Executory Contracts and Unexpired Leases shall be deemed assumed by Reorganized BSA without the need for any further notice to or action, order, or approval of the Bankruptcy Court under sections 365 or 1123 of the Bankruptcy Code, except for Executory Contracts or Unexpired Leases:

a.    that are identified on the Rejected Contracts and Unexpired Leases Schedule;

b.  that previously expired or terminated pursuant to their terms;

c.  that the Debtors have previously assumed or rejected pursuant to a Final Order of the Bankruptcy Court;

d.  that are the subject of a motion to reject that remains pending as of the Effective Date;

e.  as to which the effective date of rejection will occur (or is requested by the Debtors to occur) after the Effective Date; or

f.  as to which the Debtors or Reorganized BSA, as applicable, determine, in the exercise of their reasonable business judgment, that the Cure Amount, as determined by a Final Order or as otherwise finally resolved, would render assumption of such Executory Contract or Unexpired Lease unfavorable to Debtors or Reorganized BSA;

provided that the Debtors reserve the right to seek enforcement of an assumed or assumed and assigned Executory Contract or Unexpired Lease following the Confirmation Date, including seeking an order of the Bankruptcy Court rejecting such Executory Contract or Unexpired Lease for cause.

Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving the assumption or rejection, as applicable, of Executory Contracts or Unexpired Leases pursuant to the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code.  Except as otherwise set forth in the Plan, the assumption or rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall be effective as of the Effective Date; provided that the rejection of an Unexpired Lease shall be effective as of the later of: (a) the Effective Date; and (b) the date on which the leased premises are unconditionally surrendered to the non-Debtor counterparty to the rejected Unexpired Lease.  Reorganized BSA is authorized to abandon any De Minimis Assets at or on the premises subject to an Unexpired Lease that is rejected pursuant to the Plan, and the non-Debtor counterparty to such Unexpired Lease may dispose of any such De Minimis Assets remaining at or on the leased premises on the applicable lease rejection date.

Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or a Final Order of the Bankruptcy Court shall re-vest in and be fully enforceable by Reorganized BSA in accordance with its terms, except as such terms may have been modified by the provisions of the Plan, the Confirmation Order, or any Final Order of the Bankruptcy Court authorizing and providing for its assumption.  Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by Reorganized BSA.

Any monetary defaults under each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount in Cash on the Effective Date or in the ordinary course of the Debtors' or Reorganized BSA's non-profit operations, subject to the limitation described in the Plan.

Except as otherwise provided in the Plan, the Debtors shall, on or before the date of filing of the Plan Supplement, cause Cure and Assumption Notices to be served on affected counterparties to Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan. Any objection by a non-Debtor counterparty to an Executory Contract or Unexpired Lease to the assumption, assumption and assignment, the related Cure Amount, or adequate assurance, must be filed, served, and actually received by the Debtors on or prior to the deadline for filing objections to the Plan (or such later date as may be provided in the applicable Cure and Assumption Notice); provided that, each counterparty to an Executory Contract or Unexpired Lease (a) that the Debtors later determine to assume or (b) as to which the Debtors modify the applicable Cure Amount, must object to the assumption or Cure Amount, as applicable, by the earlier of (i) fourteen (14) days after the Debtors serve such counterparty with corresponding Cure and Assumption Notice; and (ii)  the Confirmation Hearing.  **Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease shall be forever barred, estopped, and enjoined from contesting the Debtors' assumption of the applicable Executory Contract or Unexpired Lease and from requesting payment of a Cure Amount that differs from the amounts paid or proposed to be paid by the Debtors or Reorganized BSA, in each case without the need for any objection by the Debtors or Reorganized BSA or any further notice to or action, order, or approval of the Bankruptcy Court. Reorganized BSA may settle any dispute regarding a Cure Amount without any further notice to or action, order, or approval of the Bankruptcy Court.**

To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed, or assumed and assigned, pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or would be deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any change of control or similar provision), then such provision shall be deemed preempted and modified such that neither the Debtors' assumption or assumption and assignment of the Executory Contract or Unexpired Lease nor any of the transactions contemplated by the Plan shall entitle the non-debtor counterparty to terminate or modify such Executory Contract or Unexpired Lease or to exercise any other purported default-related rights thereunder.

**The Debtors' assumption or assumption and assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise, and payment of any applicable Cure Amount in accordance with the procedures set forth in __Article VI.C__ of the Plan, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed, or assumed and assigned, Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.  Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, shall be deemed Disallowed and expunged as of the later of: (a) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such assumption; (b) the effective date of such assumption; or (c) the Effective Date, in each case without the need for any objection by the Debtors or Reorganized BSA or any further notice to or action, order, or approval of the Bankruptcy Court.**

In the event of a timely filed objection regarding: (1) a Cure Amount; (2) the ability of Reorganized BSA or any assignee to provide adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code under the Executory Contract or Unexpired Lease to be assumed; or (3) any other matter pertaining to assumption or the requirements of section 365(b)(1) of the Bankruptcy Code, such dispute shall be resolved by a Final Order of the Bankruptcy Court (which may be the Confirmation Order) or as may be agreed upon by the Debtors or Reorganized BSA, as applicable, and the counterparty to the Executory Contract or Unexpired Lease.  The Debtors or Reorganized BSA, applicable, shall pay the applicable Cure Amount as soon as reasonably practicable after entry of a Final Order resolving such dispute and approving such assumption, or as may otherwise be agreed upon by the Debtors or Reorganized BSA, as applicable, and the counterparty to the Executory Contract or Unexpired Lease.  To the extent that a dispute regarding the applicable Cure Amount is resolved or determined unfavorably to the Debtors, the Debtors may, in their discretion, reject the applicable Executory Contract or Unexpired Lease after such determination, which rejection shall supersede, nullify, and render of no force or effect any earlier assumption or assumption and assignment.  Under no circumstances shall the status of payment of a Cure Amount required by section 365(b)(1) of the Bankruptcy Code following the entry of a Final Order resolving the dispute and approving the assumption prevent or delay implementation of the Plan or the occurrence of the Effective Date.

### 2. *Rejection Damages Claims*

Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim for Rejection Damages Claims, if any, shall be filed within thirty (30) days after the latest to occur of: (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection; (2) the effective date of the rejection of such Executory Contract or Unexpired Lease; or (3) the Effective Date (as applicable, the "Rejection Damages Bar Date").  Claims arising from the rejection of an Executory Contract or an Unexpired Lease shall be classified as General Unsecured Claims and subject to the provisions of Article VII of the Plan and the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  **Any holder of a Rejection Damages Claim that is required to file a Proof of Claim in accordance with Article VI.B of the Plan but fails to do so on or before the Rejection Damages Bar Date shall not be treated as a creditor with respect to such Claim for the purposes of voting or Distributions, and such Rejection Damages Claim shall be automatically Disallowed, forever barred from assertion, and unenforceable against the Debtors, their Estates, Reorganized BSA, or its or their respective property, whether by setoff, recoupment, or otherwise, without the need for any objection by the Debtors or Reorganized BSA or further notice to, or action, order, or approval of the Bankruptcy Court, and such Rejection Damages Claim shall be deemed fully satisfied, released, and discharged.**

### 3. *Contracts and Leases Entered into After the Petition Date*

Contracts and leases entered into after the Petition Date by the BSA, including any Executory Contracts and Unexpired Leases assumed by BSA, will be performed by the BSA or Reorganized BSA in the ordinary course of its charitable non-profit operations.  Accordingly, such contracts and leases (including any assumed Executory Contract and Unexpired Leases) shall survive and remain unaffected by entry of the Confirmation Order.

### 4. *Directors and Officers Insurance Policies*

All of the Debtors' unexpired D&O Liability Insurance Policies shall be treated as and deemed to be Executory Contracts under the Plan. Notwithstanding anything in the Plan to the contrary, on the Effective Date, Reorganized BSA shall be deemed to have assumed all unexpired D&O Liability Insurance Policies with respect to the Debtors' directors, managers, officers, and employees serving on or prior to the Petition Date pursuant to sections 365 and 1123 of the Bankruptcy Code and Article VI of the Plan. Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the Reorganized BSA's assumption of each of the unexpired D&O Liability Insurance Policies. Notwithstanding anything to the contrary contained in the Plan, entry of the Confirmation Order shall not discharge, impair, or otherwise modify any indemnity obligations assumed as a result of the foregoing assumption of the D&O Liability Insurance Policies and related documents, and each such indemnity obligations will be deemed and treated as an Executory Contract that has been assumed by the Reorganized BSA under the Plan as to which no Proof of Claim need be filed. Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of Reorganized BSA's foregoing assumption of the unexpired D&O Liability Insurance Policies.

### 5. *Insurance Policies*

Notwithstanding anything to the contrary herein, all BSA Insurance Policies issued or entered into prior to the Petition Date shall not be considered Executory Contracts and shall neither be assumed nor rejected by the Debtors; provided, however, that to the extent any BSA Insurance Policy is determined to be an Executory Contract, then, subject to Article IV.P of the Plan, and notwithstanding anything contained in the Plan to the contrary, the Plan will constitute a motion to assume such BSA Insurance Policy and pay all future obligations, if any, in respect thereof and, subject to the occurrence of the Effective Date, the entry of the Confirmation Order will constitute approval of such assumption pursuant to section 365(a) of the Bankruptcy Code and a finding by the Bankruptcy Court that each such assumption is in the best interest of the Debtors, their respective Estates and all parties in interest.

Unless otherwise determined by the Bankruptcy Court pursuant to a Final Order or agreed by the parties thereto prior to the Effective Date, no payments are required to cure any defaults of any Debtor existing as of the Confirmation Date with respect to any BSA Insurance Policy; and prior payments for premiums or other charges made prior to the Petition Date under or with respect to any BSA Insurance Policy shall be indefeasible. Moreover, as of the Effective Date, all payments of premiums or other charges made by the Debtors on or after the Petition Date under or with respect to any BSA Insurance Policy shall be deemed to have been authorized, approved, and ratified in all respects without any requirement of further action by the Bankruptcy Court. Notwithstanding anything to the contrary contained herein, Confirmation shall not discharge, impair or otherwise modify any obligations assumed by the foregoing assumption, and each such obligation shall be deemed and treated as an Executory Contract that has been assumed by the Debtors under the Plan as to which no Proof of Claim need be filed.

Other than the permissibility of the Insurance Assignment, which is to be determined by or in connection with Confirmation, the rights and obligations of the parties under such

Insurance Policies, including the question of whether any breach has occurred, shall be determined under applicable law.

N.     <u>Provisions Governing Distributions</u>

### 1.     *Applicability*

None of the terms or provision of <u>Article VII</u> of the Plan shall apply to Abuse Claims, which shall be exclusively processed, liquidated and paid by the Settlement Trust in accordance with the Settlement Trust Documents.

### 2.     *Distributions Generally*

The Disbursing Agent shall make all Distributions to appropriate holders of Allowed Claims in accordance with the terms of the Plan.

### 3.     *Distributions on Account of Certain Claims Allowed as of the Effective Date*

Except as otherwise provided in the Plan, on or as soon as practicable after the Effective Date, the Disbursing Agent shall make Distributions in Cash in amounts equal to all Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Other Secured Claims, and Allowed Convenience Claims.

### 4.     *Distributions on Account of Allowed General Unsecured Claims*

On each Distribution Date, the Disbursing Agent shall Distribute to each holder of an Allowed General Unsecured Claim an amount equal to such holder's Pro Rata Share of (1) the total balance of the Core Value Cash Pool as of such date, less (2) the balance of the Disputed Claims Reserve.

### 5.     *Distributions on Account of Disputed Claims Allowed After the Effective Date*

Distributions on account of any Disputed Claim shall be made to the extent such Claim is Allowed in accordance with the provisions of <u>Article VIII</u> of the Plan.  Except as otherwise provided in the Plan, the Confirmation Order, another order of the Bankruptcy Court, or as agreed to by the relevant parties, Distributions under the Plan on account of Disputed Claims that become Allowed after the Effective Date shall be made as soon as practicable after the Disputed Claim becomes an Allowed Claim.

### 6.     *Rights and Powers of Disbursing Agent*

The Disbursing Agent shall make all Distributions to the appropriate holders of Allowed Claims in accordance with the terms of the Plan, including <u>Article VII</u> of the Plan.  Except as otherwise ordered by the Bankruptcy Court, the Disbursing Agent shall not be required to give any bond or surety or other security for the performance of its duties.

The Disbursing Agent shall be empowered to: (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under the Plan; (b)

make all Distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions hereof. The Disbursing Agent may request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for all returns for all taxable periods through the date on which final Distributions are made.

### 7.    *Delivery of Distributions and Undeliverable or Unclaimed Distributions*

(a)    Claims Record Date.  As of the close of business on the Claims Record Date, the various transfer registers for each of the Classes of Claims as maintained by the Debtors or their agents shall be deemed closed for purposes of determining whether a holder of such a Claim is a record holder entitled to a Distribution under the Plan, and there shall be no further changes in the record holders or the permitted designees with respect to such Claims.  The Debtors or Reorganized BSA, as applicable, shall have no obligation to recognize any transfer or designation of such Claims occurring after the close of business on the Claims Record Date.  With respect to payment of any Cure Amounts or assumption disputes, neither the Debtors nor Reorganized BSA shall have any obligation to recognize or deal with any party other than the non-Debtor party to the applicable Executory Contract or Unexpired Lease as of the close of business on the Claims Record Date, even if such non-Debtor party has sold, assigned, or otherwise transferred its Claim for a Cure Amount.

(b)    Delivery of Distributions.  If a Person holds more than one Claim in any one Class, in the Disbursing Agent's sole discretion, all such Claims will be aggregated into one Claim and one Distribution will be made with respect to the aggregated Claim.

(c)    Special Rules for Distributions to Holders of Disputed Claims.  Except as otherwise provided in the Plan or agreed to by the relevant parties: (a) no partial payments and no partial Distributions shall be made with respect to a Disputed Claim until all such disputes in connection with such Disputed Claim have been resolved by settlement or Final Order; and (b) any Person that holds both an Allowed Claim and a Disputed Claim shall not receive any Distribution on account of the Allowed Claim unless and until all objections to the Disputed Claim have been resolved by settlement or Final Order or the Disputed Claims have been Allowed or expunged.  Any Distributions arising from property Distributed to holders of Allowed Claims in a Class and paid to such holders under the Plan shall also be paid, in the applicable amounts, to any holder of a Disputed Claim in such Class that becomes an Allowed Claim after the date or dates that such Distributions were earlier paid to holders of Allowed Claims in such Class.

### 8.    *Undeliverable and Non-Negotiated Distributions*

(a)    Undeliverable Distributions.  If any Distribution to a holder of an Allowed Claim is returned to Reorganized BSA as undeliverable, no further Distributions shall be made to such holder unless and until Reorganized BSA is notified in writing of such holder's then-current address or other necessary information for delivery, at which time such previously undeliverable Distribution shall be made to such holder within ninety (90) days of receipt of such holder's then-current address or other necessary information;

provided, however, that any such undeliverable Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of 180 days after the date of the initial attempted Distribution.  After such date, all unclaimed property or interests in property shall revert to Reorganized BSA automatically and without the need for any notice to or further order of the Bankruptcy Court (notwithstanding any applicable non-bankruptcy escheatment, abandoned, or unclaimed property laws to the contrary), and the right, title, and interest of any holder to such property or interest in property shall be discharged and forever barred; provided that Distributions made from the Core Value Cash Pool and returned as undeliverable shall revert to the Core Value Cash Pool.

(b)    Non-Negotiated Distributions.  If any Plan to a holder of an Allowed Claim is not negotiated for a period of 180 days after the Distribution, then such Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and re-vest in Reorganized BSA or re-vest in the Core Value Cash Pool if such Distribution was made from the Core Value Cash Pool.  After such date, all non-negotiated property or interests in property shall revert to Reorganized BSA automatically and without the need for any notice to or further order of the Bankruptcy Court (notwithstanding any applicable non-bankruptcy escheatment, abandoned, or unclaimed property laws to the contrary), and the right, title, and interest of any holder to such property or interest in property shall be discharged and forever barred.

### 9.    Manner of Payment under the Plan

Except as otherwise specifically provided in the Plan, at the option of Reorganized BSA, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements or customary practices of Reorganized BSA.

### 10.    Satisfaction of Claims

Except as otherwise specifically provided in the Plan, any Distributions to be made on account of Allowed Claims under the Plan shall be in complete and final satisfaction, settlement, and discharge of and exchange for such Allowed Claims.

### 11.    Minimum Cash Distributions

Reorganized BSA shall not be required to make any Distribution of Cash less than twenty dollars ($20) to any holder of an Allowed Claim; provided, however, that if any Distribution is not made pursuant to Article VIII.K of the Plan, such Distribution shall be added to any subsequent Distribution to be made on behalf of the holder's Allowed Claim.

### 12.    Postpetition Interest

Except as provided in the Cash Collateral Order or in the following sentence, interest shall not accrue on Impaired Claims; no holder of an Impaired Claim shall be entitled to interest accruing on or after the Petition Date on any such Impaired Claim, and interest shall not accrue or be paid on any Disputed Claim in respect of the period from the Petition Date to the date a

Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim. Notwithstanding the foregoing, each holder of an Allowed General Unsecured Claim shall accrue interest on the Allowed amount of such Claim at the federal judgment rate then applicable; provided, that such interest shall be payable to each such holder only from the Core Value Cash Pool and only to the extent that the Core Value Cash Pool shall have been sufficient: (i) first, to satisfy the full amount of all Allowed General Unsecured Claims; and (ii) second, on account of any Allowed Non-Abuse Litigation Claims that shall not have elected to be treated as an Allowed Convenience Claim under Article III.B.9 of the Plan, to satisfy any deficiency in payments of such Allowed Claims from available Insurance Coverage, from applicable proceeds of any Insurance Settlement Agreements, and from co-liable non-debtors (if any) or their insurance coverage.  Neither the Debtors nor Reorganized BSA shall have any independent obligation to pay interest for or on account of any Allowed General Unsecured Claims other than from the Core Value Cash Pool in accordance with the terms of Article VII.L of the Plan.

13.    *Setoffs*

The Debtors and Reorganized BSA may, pursuant to the applicable provisions of the Bankruptcy Code, or applicable non-bankruptcy law, set off against any applicable Allowed Claim (before any Distribution is made on account of such Claim) any and all claims, rights, Causes of Action, debts or liabilities of any nature that the Debtors or Reorganized BSA may hold against the holder of such Allowed Claim; provided, however, that the failure to effect such a setoff shall not constitute a waiver or release of any such claims, rights, Causes of Action, debts or liabilities.

14.    *Claims Paid or Payable by Third Parties*

(a)    Claims Paid by Third Parties.  A Claim shall be reduced in full, and such Claim shall be Disallowed without an objection to such Claim having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court, to the extent that the holder of such Claim receives payment in full on account of such Claim from a party that is not a Debtor or Reorganized BSA.  To the extent a holder of a Claim receives a Distribution on account of such Claim and receives payment from a party that is not a Debtor or Reorganized BSA on account of such Claim, such holder shall repay, return, or deliver any Distribution held by or transferred to such holder to Reorganized BSA to the extent the holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Distribution under the Plan.

(b)    Non-Abuse Claims Payable from Insurance.  No Distributions under the Plan shall be made on account of any Allowed Non-Abuse Claim that is payable pursuant to an insurance policy until the holder of such Allowed Non-Abuse Claim has exhausted all remedies with respect to such insurance policy, including pursuing such insurance through litigation and obtaining entry of a final, non-appealable order.  To the extent that one or more of the Insurance Companies satisfies in full or in part an Allowed Non-Abuse Claim, then immediately upon such satisfaction, the portion of the Claim so satisfied may be expunged from the Claims Register by the Notice and Claims Agent

without an objection to such Claim having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

### 15. *Compliance with Tax Requirements and Allocations*

In connection with the Plan and all Distributions hereunder, the Disbursing Agent shall comply with all tax withholding and reporting requirements imposed on them by any federal, state or local taxing authority, and all Distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Disbursing Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the Distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding Distributions pending receipt of information necessary to facilitate such Distributions including tax certification forms, or establishing any other mechanisms it believes are reasonable and appropriate.

For tax purposes, Distributions in full or partial satisfaction of Allowed Claims shall be allocated first to the principal amount of Allowed Claims, with any excess allocated to unpaid interest that accrued on such Claim.

### O. Procedures for Resolving Contingent, Unliquidated, and Disputed Claims

### 1. *Applicability*

All Disputed Claims against the Debtors, other than Administrative Expense Claims, shall be subject to the provisions of Article VIII of the Plan. All Administrative Expense Claims shall be determined and, if Allowed, paid in accordance with Article II of the Plan. None of the terms or provision of Article VIII of the Plan shall apply to Abuse Claims, which shall be exclusively processed, liquidated and paid by the Settlement Trust in accordance with the Settlement Trust Documents.

### 2. *Allowance of Claims*

After the Effective Date, Reorganized BSA shall have and retain any and all rights and defenses that the Debtors, or either of them, had with respect to any Claim immediately before the Effective Date. Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim becomes Allowed by Final Order of the Bankruptcy Court or by agreement between the Debtors or Reorganized BSA, on the one hand, and the holder of Claim, on the other.

### 3. *Claims Administration Responsibilities*

(a)     Except as otherwise expressly provided in the Plan, from and after the Effective Date, Reorganized BSA shall have the authority (1) to file, withdraw, or litigate to judgment objections to Claims; (2) to settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) to administer and adjust the Claims Register to reflect any such settlements or

compromises without any further notice to or action, order, or approval by the Bankruptcy Court.

(b)      Reorganized BSA shall consult with the Creditor Representative in connection with the reconciliation, settlement and administration of Convenience Claims, General Unsecured Claims and Non-Abuse Litigation Claims and shall use commercially reasonable efforts to resolve such Claims before the applicable Claims Objection Deadline.

### 4.      Estimation of Claims

The Debtors (before the Effective Date) or Reorganized BSA (on and after the Effective Date) may at any time request that the Bankruptcy Court estimate any Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether an objection was previously filed with the Bankruptcy Court with respect to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to such Claim, including during the pendency of any appeal relating to any such objection.  In the event that the Bankruptcy Court estimates any Disputed Claim, that estimated amount will constitute either the Allowed amount of such Claim or a maximum limitation on such Claim against any Person.  If the estimated amount of a Claim constitutes a maximum limitation on such Claim, the Debtors (before the Effective Date) or Reorganized BSA (on and after the Effective Date) may elect to pursue any supplemental proceedings to object to any ultimate Distribution on such Claim.  All of the objection, estimation, settlement, and resolution procedures set forth in the Plan are cumulative and not necessarily exclusive of one another.  Claims may be estimated and subsequently compromised, objected to, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court.

### 5.      No Distributions Pending Allowance

No Distributions or other consideration shall be paid with respect to any Claim that is a Disputed Claim unless and until all objections to such Disputed Claim are resolved and such Disputed Claim becomes an Allowed Claim by Final Order of the Bankruptcy Court or agreement between the Debtors or Reorganized BSA, on the one hand, and the holder of Claim, on the other.

### 6.      Distributions After Allowance

To the extent that a Disputed Claim (or a portion thereof) becomes an Allowed Claim, Distributions (if any) shall be made to the holder of such Allowed Claim in accordance with the provisions of the Plan.

### 7.      Disputed Claims Reserve

The provisions of <u>Article VIII.G</u> of the Plan apply only to the extent that any General Unsecured Claims remain Disputed as of any Distribution Date.

(a)    If any General Unsecured Claims remain Disputed as of any Distribution Date, the undistributed portion of the Core Value Cash Pool shall be held in a segregated account. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, or the receipt of a determination from the IRS, the Disbursing Agent shall treat the Disputed Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9 and, to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes. All parties (including the Debtors, Reorganized BSA, the Disbursing Agent, and holders of General Unsecured Claims) shall be required to report for tax purposes in a manner consistent with the foregoing. The Disputed Claims Reserve shall be responsible for payment, out of the assets of the Disputed Claims Reserve, of any taxes imposed on the Disputed Claims Reserve or its assets.

(b)    The Debtors or Reorganized BSA, as applicable, in consultation with the Creditor Representative, shall determine the amount of the Disputed Claims Reserve, if applicable, as of the initial Distribution Date, based on the least of: (a) the asserted amount of the Disputed General Unsecured Claims in the applicable Proofs of Claim; (b) the amount, if any, estimated by the Bankruptcy Court pursuant to (i) section 502(c) of the Bankruptcy Code or (ii) Article VIII.D of the Plan if, after the Effective Date, a motion is filed by Reorganized BSA to estimate such Claim; (c) the amount otherwise agreed to by the Debtors (or Reorganized BSA, if after the Effective Date) and the holders of such Disputed General Unsecured Claims; or (d) any amount otherwise approved by the Bankruptcy Court. Upon each Distribution Date, Reorganized BSA shall deposit into the Disputed Claims Reserve an amount of Cash equal to the amount sufficient to make the Distributions to which holders of Disputed General Unsecured Claims would be entitled under the Plan as of the applicable Distribution Date if the Disputed General Unsecured Claims were Allowed Claims as of such date.

(c)    If a Disputed General Unsecured Claim becomes an Allowed Claim after the first Distribution Date, the Disbursing Agent shall, on the next Distribution Date after the Disputed General Unsecured Claim becomes an Allowed Claim (or, if the Disputed General Unsecured Claim becomes an Allowed Claim after the final Distribution Date, as soon as practicable after Allowance), Distribute to the holder of such Claim, exclusively from the Disputed Claims Reserve, the amount of Cash that such holder would have received in that Distribution and all prior Distributions (if any) if such holder's General Unsecured Claim had been Allowed as of the Effective Date, net of any allocable taxes imposed thereon or otherwise payable by the Disputed Claims Reserve.

(d)    If a Disputed Claim is Disallowed, in whole or in part, then on the Distribution Date next following the date of Disallowance, Cash shall be released from the Disputed Claims Reserve, which Cash shall then be unreserved and unrestricted, and which shall be available for Distribution to holders of Allowed General Unsecured Claims.

(e)    If any assets remain in the Disputed Claims Reserve after all Disputed General Unsecured Claims have been resolved, such assets shall be distributed Pro Rata to all holders of Allowed General Unsecured Claims on the next Distribution Date (or, if

all Disputed General Unsecured Claims are resolved after the final Distribution Date, as soon as practicable thereafter).

### 8.    Reimbursement or Contribution

If the Bankruptcy Court Disallows a Claim for reimbursement or contribution pursuant to section 502(e)(1)(B) of the Bankruptcy Code, then to the extent that such Claim is contingent as of the Effective Date, such Claim shall be forever Disallowed notwithstanding section 502(j) of the Bankruptcy Code, unless prior to the Effective Date (1) such Claim has been adjudicated as non-contingent or (2) the relevant holder of a Claim has filed a non-contingent Proof of Claim on account of such Claim and a Final Order has been entered determining such Claim as no longer contingent.

### 9.    Adjustment to Claims Register without Objection

Any duplicate Proof of Claim that has been paid or satisfied, or any Proof of Claim that is clearly marked as amended or superseding, may be adjusted or expunged on the Claims Register by the Notice and Claims Agent at the direction of Reorganized BSA upon stipulation between the parties in interest without an objection having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

### 10.    Time to File Objections to Claims

Any objections to Claims must be filed on or before the applicable Claims Objection Deadline, as such deadline may be extended from time to time.  The expiration of the Claims Objection Deadline shall not limit or affect the Debtors' or Reorganized BSA's rights to dispute Claims asserted in the ordinary course of the Debtors or Reorganized BSA's non-profit operations other than through a Proof of Claim.

### 11.    Disallowance of Certain Claims

Except as provided herein or otherwise agreed, any and all Proofs of Claim filed after the applicable Bar Date shall be deemed Disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and no holder of any such Claim shall receive any Distributions on account of such Claim unless the Bankruptcy Court shall have determined, at or before the Confirmation Hearing, that cause exists to extend the Bar Date as to such Proof of Claim on the basis of excusable neglect.

### 12.    Amendments to Proofs of Claim

From or after the Effective Date, a Proof of Claim or Interest may not be filed or amended without the prior authorization of the Bankruptcy Court or Reorganized BSA, and any such new or amended Proof of Claim or Interest filed shall be deemed Disallowed in full and expunged without any further action by the Debtors or Reorganized BSA (as applicable) or notice to or order of the Bankruptcy Court.

P.     Discharges, Channeling Injunction, Releases, Exculpations and Injunctions; Survival of Indemnification and Exculpation Obligations

**1.     *Discharge***

a.     Discharge of the Debtors

Except as expressly provided in the Plan or the Confirmation Order, the treatment of Claims under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, termination and release of, all Claims and Interests of any nature whatsoever against or in the Debtors or any of their assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date, and, as of the Effective Date, each of the Debtors shall be deemed discharged and released, and each holder of a Claim or Interest and any successor, assign, and affiliate of such holder shall be deemed to have forever waived, discharged and released each of the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities, and all debts of the kind specified in section 502 of the Bankruptcy Code, based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date, in each case whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (c) a Claim based upon such debt is or has been Disallowed by order of the Bankruptcy Court, or (d) the holder of a Claim based upon such debt is deemed to have accepted the Plan.

b.     Discharge Injunction

From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtors or any of their assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.  The foregoing injunction shall extend to the successors and assigns of the Debtors (including Reorganized BSA) and its and their respective properties and interests in property.  In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtors pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void

any judgment obtained against the Debtors at any time to the extent such judgment relates to a discharged Claim or Interest.

**2.** *Channeling Injunction*

 a. **Terms**

  **(i)** **To preserve and promote the settlements contemplated by and provided for in the Plan, including the Abuse Claims Settlement, and to supplement, where necessary, the injunctive effect of the Discharge as provided in sections 1141 and 524 of the Bankruptcy Code and as described in <u>Article X</u> of the Plan, pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court and the District Court under section 105(a) of the Bankruptcy Code, the sole recourse of any holder of an Abuse Claim against a Protected Party on account of such Abuse Claim shall be the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Abuse Claim against any Protected Party or any property or interest in property of any Protected Party.  On and after the Effective Date, all Persons that have held or asserted, currently hold or assert, or that may in the future hold or assert, any Abuse Claim against the Protected Parties, or any of them, shall be permanently and forever stayed, restrained and enjoined from taking any action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Protected Party with respect to any such Abuse Claim other than from the Settlement Trust pursuant to the Settlement Trust Documents, including:**

  **(ii)** **commencing, conducting, or continuing, in any manner, whether directly, indirectly, or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party or any property or interest in property of any Protected Party;**

  **(iii)** **enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering, by any manner or means, either directly or indirectly, any judgment, award, decree, or order against or affecting any Protected Party or any property or interest in property of any Protected Party;**

  **(iv)** **creating, perfecting, or otherwise enforcing in any manner, whether directly or indirectly, any Encumbrance of any kind against any Protected Party or any property or interest in property of any Protected Party;**

  **(v)** **asserting, implementing or effectuating any setoff, right of reimbursement, subrogation, indemnity, contribution, reimbursement, or recoupment of any kind, in any manner, directly or indirectly, against any obligation due to any Protected Party or any property or interest in property of any Protected Party; or**

(vi)     taking any act in any manner, and in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents or the Settlement Trust Documents or with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Settlement Trust, except in conformity and compliance with the Settlement Trust Documents with respect to any such Abuse Claim.

b.      **Reservations**

Notwithstanding anything to the contrary in <u>Article X.F</u> of the Plan, the Channeling Injunction shall not enjoin:

(i)      the rights of holders of Abuse Claims to assert such Abuse Claims solely against the Settlement Trust in accordance with the Trust Distribution Procedures;

(ii)     the rights of holders of Abuse Claims to assert such Abuse Claims against anyone other than a Protected Party;

(iii)    the right of any Person to assert any Claim, debt, obligation or liability for payment of Settlement Trust Expenses solely against the Settlement Trust in accordance with the Settlement Trust Documents; or

(iv)     the Settlement Trust from enforcing its rights under the Plan and the Settlement Trust Documents; or

(v)      the rights of the Settlement Trust and Reorganized BSA (to the extent permitted or required under the Plan) to prosecute any action against any Non-Settling Insurance Company based on or arising from Insurance Policies that are not the subject of an Insurance Settlement Agreement, subject to any Insurance Coverage Defenses.

*3.      Provisions Relating to Channeling Injunction*

c.      **Modifications**

There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

d.      **Non-Limitation.**

Nothing in the Plan or the Settlement Trust Documents shall or shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction or the Settlement Trust's assumption of all liability with respect to Abuse Claims.

e.    **Bankruptcy Rule 3016 Compliance**

The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute or be deemed to constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

f.    **Enforcement**

Any Protected Party may enforce the Channeling Injunction as a defense to any Claim brought against such Protected Party that is enjoined under the Plan as to such Protected Party and may seek to enforce such injunction in a court of competent jurisdiction.

g.    **Contribution Claims**

If a Non-Settling Insurance Company asserts that it has rights, whether legal, equitable, contractual, or otherwise, of contribution, indemnity, reimbursement, subrogation or other similar claims directly or indirectly arising out of or in any way relating to such Non-Settling Insurance Company's payment of loss on behalf of one or more of the Debtors in connection with any Abuse Claim against a Settling Insurance Company (collectively, "Contribution Claims"), (a) such Contribution Claims may be asserted as a defense or counterclaim against the Settlement Trust in any Insurance Action involving such Non-Settling Insurance Company, and the Settlement Trust may assert the legal or equitable rights (if any) of the Settling Insurance Company, and (b) to the extent such Contribution Claims are determined to be valid, the liability (if any) of such Non-Settling Insurance Company to the Settlement Trust shall be reduced by the amount of such Contribution Claims.

h.    **No Duplicative Recovery**

In no event shall any holder of an Abuse Claim be entitled to receive any duplicative payment, reimbursement, or restitution from any Protected Party under any theory of liability for the same loss, damage, or other Claim that is reimbursed by the Settlement Trust or is otherwise based on the same events, facts, matters, or circumstances that gave rise to the applicable Abuse Claim.

i.    **District Court Approval**

The Debtors shall seek entry of the Affirmation Order, which shall approve (a) the Channeling Injunction and the Settlement Trust's assumption of all liability with respect to Abuse Claims and (b) the releases by holders of Abuse Claims for the benefit of the Protected Parties, each as set forth in Article X of the Plan.

*4.    Insurance Entity Injunction*

a.    **Purpose**

**To facilitate the Insurance Assignment, protect the Settlement Trust, and preserve the Settlement Trust Assets, pursuant to the equitable jurisdiction and power of the Bankruptcy Court and the District Court under section 105(a) of the Bankruptcy Code, the**

Bankruptcy Court shall issue the Insurance Entity Injunction set forth in **Article X.H** of the Plan; **provided**, **however**, that the Insurance Entity Injunction is not issued for the benefit of any Insurance Company, and no Insurance Company is a third-party beneficiary of the Insurance Entity Injunction, except as otherwise specifically provided in any Insurance Settlement Agreement.

b.    **Terms Regarding Claims against Insurance Companies**

Subject to the terms of **Article X.E** and **Article X.F** of the Plan, all Persons that have held or asserted, that hold or assert, or that may in the future hold or assert any claim or cause of action (including any Abuse Claim or any claim for or respecting any Settlement Trust Expense) against any Insurance Company based upon, attributable to, arising out of, or in any way connected with any Abuse Claim, whenever and wherever arising or asserted, whether in the United States of America or anywhere else in the world, whether sounding in tort, contract, warranty, or any other theory of law, equity, or admiralty, shall be stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such claim or cause of action, including:

(i)    commencing, conducting, or continuing, in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum with respect to any such claim, demand, or cause of action against any Insurance Company, or against the property of any Insurance Company, with respect to any such claim, demand, or cause of action;

(ii)    enforcing, levying, attaching, collecting, or otherwise recovering, by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Insurance Company, or against the property of any Insurance Company, with respect to any such claim or cause of action;

(iii)    creating, perfecting, or enforcing in any manner, directly or indirectly, any Lien or Encumbrance against any Insurance Company, or the property of any Insurance Company, with respect to any such claim or cause of action; and

(iv)    except as otherwise specifically provided in the Plan, asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, directly or indirectly, against any obligation of any Insurance Company, or against the property of any Insurance Company, with respect to any such claim or cause of action;

**provided**, **however**, that (i) the injunction set forth in **Article X.H** of the Plan shall not impair in any way any (a) actions brought by the Settlement Trust against any Non-Settling Insurance Company or (b) the rights of any co-insured of the Debtors (x) under any Insurance Policy that is not the subject of an Insurance Settlement Agreement or

against any Non-Settling Insurance Company, in each case with respect to Insured Non-Abuse Claims and (y) as specified under any Final Order of the Bankruptcy Court approving an Insurance Settlement Agreement; and (ii) the Settlement Trust shall have the sole and exclusive authority at any time to terminate, or reduce or limit the scope of, the injunction set forth in <u>Article X.H</u> of the Plan with respect to any Non-Settling Insurance Company, in accordance with the Settlement Trust Documents, upon express written notice to such Non-Settling Insurance Company, except that the Settlement Trust shall not have any authority to terminate, reduce or limit the scope of the injunction herein with respect to any Settling Insurance Company so long as, but only to the extent that, such Settling Insurance Company complies fully with its obligations under any applicable Insurance Settlement Agreement.

c.    <strong>Reservations</strong>

Notwithstanding anything to the contrary in <u>Article X.H</u> of the Plan, the Insurance Entity Injunction shall not enjoin:

(i)    the rights of any Person to the treatment accorded them under the Plan, as applicable, including the rights of holders of Abuse Claims to assert such Claims, as applicable, in accordance with the Trust Distribution Procedures;

(ii)    the rights of any Person to assert any claim, debt, obligation, cause of action or liability for payment of Settlement Trust Expenses against the Settlement Trust;

(iii)    the rights of the Settlement Trust to prosecute any action based on or arising from Insurance Policies;

(iv)    the rights of the Settlement Trust to assert any claim, debt, obligation, cause of action or liability for payment against an Insurance Company based on or arising from the Insurance Policies; or

(v)    the rights of any Insurance Company to assert any claim, debt, obligation, cause of action or liability for payment against any Non-Settling Insurance Company.

<strong>5.    <em>Injunction Against Interference with Plan</em></strong>

Upon entry of the Confirmation Order, all holders of Claims and Interests shall be precluded and enjoined from taking any actions to interfere with the implementation and consummation of the Plan.

<strong>6.    <em>Releases</em></strong>

a.    <strong>Releases by the Debtors and the Estates</strong>

As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, pursuant to section

112

1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties to facilitate and implement the reorganization of the Debtors, as an integral component of the Plan, the Debtors, Reorganized BSA, and the Estates shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each and all of the Released Parties of and from any and all Estate Causes of Action that do not constitute Settlement Trust Causes of Action, any and all other Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors, Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date (including before the Petition Date) in connection with or related to the Debtors, the Estates, their respective assets and properties, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between one or both of the Debtors and any Released Party, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Cases, any of the Plan Documents, or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Cases or the negotiation, formulation, preparation or implementation thereof, the pursuit of Confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the distribution of property under the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in **Article X.J.1** of the Plan shall not, and shall not be construed to: (a) release any Released Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; or (b) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan.

b.    **Releases by the Debtors and the Estates of Certain Avoidance Actions**

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of Creditors' Committee and its members in their respective capacities as such in facilitating and implementing the reorganization of the Debtors, as an integral component of the Plan, the Debtors, Reorganized BSA, and the Estates shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each and all holders of Allowed General Unsecured Claims, Allowed Non-Abuse Litigation Claims, and Allowed Convenience Claims of and from any and all Avoidance Actions.

  c.  **Releases by the Debtors and the Estates of the Local Councils and the Contributing Chartered Organizations.**

**In furtherance of the Abuse Claims Settlement, on the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, on their own behalf and as representatives of their respective Estates, and Reorganized BSA, are deemed to irrevocably and unconditionally, fully, finally, and forever waive, release, acquit, and discharge each and all of the Local Councils and Contributing Chartered Organizations of and from any and all claims, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions and demands whatsoever, of whatever kind or nature (including, without limitation, those arising under the Bankruptcy Code), whether known or unknown, suspected or unsuspected, in law or in equity, which the Debtors, their Estates, or Reorganized BSA have, had, may have, or may claim to have against any of the Local Councils and Contributing Chartered Organizations with respect to any Abuse Claims (collectively, the "<u>Scouting Released Claims</u>").**

  d.  **Releases by Holders of Abuse Claims**

**As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Protected Parties to facilitate and implement the reorganization of the Debtors and the settlements embodied in the Plan, including the Abuse Claims Settlement, as an integral component of the Plan, and except as otherwise expressly provided in the Plan or the Confirmation Order, to the maximum extent permitted under applicable law, as such law may be extended subsequent to the Effective Date, all holders of Abuse Claims shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever discharge and release each and all of the Protected Parties and their respective property and successors and assigns of and from all Abuse Claims and any and all Claims and Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, veil piercing or alter-ego theories of liability, successor liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to such Abuse Claims.**

  e.  **Releases by Holders of Claims**

**As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties to facilitate and implement the reorganization of the Debtors and the settlements embodied in the Plan, as an integral component of the Plan, and except as otherwise expressly provided in the Plan or the Confirmation Order, to the maximum extent permitted under applicable law, as such law may be extended subsequent to the Effective Date, all Releasing Claim Holders shall, and shall be deemed to, expressly,**

conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each and all of the Released Parties of and from any and all Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors, Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date (including before the Petition Date) in connection with or related to the Debtors, the Estates, their respective assets and properties, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between one or both of the Debtors and any Released Party, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Cases, any of the Plan Documents, or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Cases or the negotiation, formulation, preparation or implementation thereof, the pursuit of Confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the distribution of property under the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; provided, however, that the releases set forth in Article X.J.4 of the Plan shall not, and shall not be construed to: (a) release any Released Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; or (b) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan.  Notwithstanding the foregoing or anything to the contrary herein, with respect to holders of Allowed General Unsecured Claims or Allowed Non-Abuse Litigation Claims, nothing in the Plan or the release set forth in Article X.J.4 of the Plan shall, or shall be construed to, release any claims or Causes of Action against any Local Council, Chartered Organization, or Insurance Company.

7.      *Exculpation*

From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance in connection with, relating to or arising out of the Chapter 11 Cases, the negotiation of the Plan Documents, the Releases and Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtors (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith or willful misconduct). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.

8. *Injunctions Related to Releases and Exculpation*

a. **Injunction Related to Releases**

As of the Effective Date, all holders of Claims that are the subject of <u>Article X.J</u> of the Plan are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Released Party or its property or successors or assigns on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Article X.E</u> or released under <u>Article X.J</u> of the Plan.

b. **Injunction Related to Exculpation**

As of the Effective Date, all holders of Claims that are the subject of <u>Article X.K</u> of the Plan are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Article X.E</u> or released under <u>Article X.J</u> of the Plan.

Q. <u>Reservation of Rights</u>

Notwithstanding any other provision of the Plan to the contrary, no provision of <u>Article X</u> of the Plan shall be deemed or construed to satisfy, discharge, release or enjoin claims by the Settlement Trust, the Reorganized BSA, or any other Person, as the case may be, against (1) the Settlement Trust for payment of Abuse Claims in accordance with the Trust Distribution Procedures, (2) the Settlement Trust for the payment of Settlement Trust Expenses, or (3) any Insurance Company that has not performed under an Insurance Policy or an Insurance Settlement Agreement.

R.    Disallowed Claims

On and after the Effective Date, the Debtors and Reorganized BSA shall be fully and finally discharged of any and all liability or obligation on any and all Disallowed Claims, and any order Disallowing a Claim that is not a Final Order as of the Effective Date solely because of a Person's right to move for reconsideration of such order pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rule 3008 shall nevertheless become and be deemed to be a Final Order on the Effective Date.  The Confirmation Order, except as otherwise provided in the Plan, shall constitute an order: (a) Disallowing all Claims (other than Abuse Claims) to the extent such Claims are not allowable under any provision of Section 502 of the Bankruptcy Code, including time-barred Claims, and Claims for unmatured interest and (b) in relation to each Debtor, Disallowing or subordinating to all other Claims, as the case may be, any Claims (other than Abuse Claims) for penalties, punitive damages or any other damages not constituting compensatory damages.

S.    Indemnities

    1.    *Prepetition Indemnification and Reimbursement Obligations*

The respective obligations of the Debtors to indemnify and reimburse Persons who are or were directors, officers or employees of the Debtors on the Petition Date or at any time thereafter up to and including the Effective Date, against and for any obligations pursuant to the bylaws, applicable state or non-bankruptcy law, or specific agreement or any combination of the foregoing, shall, except with respect to any Perpetrator: (a) survive Confirmation of the Plan and remain unaffected thereby; (b) be assumed by Reorganized BSA as of the Effective Date; and (c) not be discharged under section 1141 of the Bankruptcy Code, irrespective of whether indemnification or reimbursement is owed in connection with any event occurring before, on or after the Petition Date.  In furtherance of, and to implement the foregoing, as of the Effective Date, Reorganized BSA shall obtain and maintain in full force insurance for the benefit of each and all of the above-indemnified directors, officers and employees, at levels no less favorable than those existing as of the date of entry of the Confirmation Order, and for a period of no less than three (3) years following the Effective Date.

    2.    *Plan Indemnity*

In addition to the matters set forth above and not by way of limitation thereof, Reorganized BSA shall indemnify and hold harmless all Persons who are or were officers or directors of the Debtors on the Petition Date or at any time thereafter up to and including the Effective Date on account of and with respect to any claim, cause of action, liability, judgment, settlement, cost or expense (including attorneys' fees) on account of claims or Causes of Action threatened or asserted by any third party against such officers or directors that seek contribution, indemnity, equitable indemnity, or any similar claim, based upon or as the result of the assertion of primary claims against such third party by any representative of the Debtors' Estates.

    3.    *Limitation on Indemnification*

Notwithstanding anything to the contrary set forth in the Plan or elsewhere, neither the Debtors, Reorganized BSA, the Local Councils, nor the Contributing Chartered Organizations,

as applicable, shall be obligated to indemnify or hold harmless any Person for any claim, cause of action, liability, judgment, settlement, cost or expense that results primarily from (i) such Person's bad faith, gross negligence or willful misconduct or (ii) an Abuse Claim.

T.    The Official Committees and the Future Claimants' Representative

The Official Committees and the Future Claimants' Representative shall continue in existence until the Effective Date. The Debtors shall pay the reasonable fees and actual and necessary expenses incurred by the Official Committees and the Future Claimants' Representative up to the Effective Date, in accordance with the Compensation Procedures Order, the Fee Examiner Order, and the terms of the Plan, including Article II of the Plan. The members of the Official Committees and the Future Claimants' Representative shall be released and discharged from all further authority, duties, responsibilities, liabilities, and obligations involving the Chapter 11 Cases. Upon the closing of the Chapter 11 Cases, the Official Committees shall be dissolved. Neither the Debtors nor Reorganized BSA have any obligation to pay fees or expenses of any Professional retained by the Official Committees or the Future Claimants' Representative that are earned or incurred before the Effective Date to the extent such fees or expenses (or any portion thereof) qualify as Settlement Trust Expenses, in which case such fees and expenses (or the applicable portion thereof) shall be paid by the Settlement Trust in accordance with the Settlement Trust Documents.

U.    Retention of Jurisdiction

Until the Chapter 11 Cases are closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction that is permissible, including the jurisdiction necessary to ensure that the purposes and intent of the Plan are carried out. Except as otherwise provided in the Plan or the Settlement Trust Agreement, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against and Interests in the Debtors, and to adjudicate and enforce the Insurance Actions, the Settlement Trust Causes of Action, and all other Causes of Action which may exist on behalf of the Debtors. Nothing contained herein shall prevent Reorganized BSA or the Settlement Trust, as applicable, from taking such action as may be necessary in the enforcement of any Estate Cause of Action, Insurance Action, Settlement Trust Cause of Action, or other Cause of Action which the Debtors have or may have and which may not have been enforced or prosecuted by the Debtors, which actions or other Causes of Action shall survive Confirmation of the Plan and shall not be affected thereby except as specifically provided herein. Nothing contained herein concerning the retention of jurisdiction by the Bankruptcy Court shall be deemed to be a finding or conclusion that (1) the Bankruptcy Court in fact has jurisdiction with respect to any Insurance Action, (2) any such jurisdiction is exclusive with respect to any Insurance Action, or (3) abstention or dismissal of any Insurance Action pending in the Bankruptcy Court or the District Court as an adversary proceeding is or is not advisable or warranted, so that another court can hear and determine such Insurance Action(s). Any court other than the Bankruptcy Court that has jurisdiction over an Insurance Action shall have the right to exercise such jurisdiction.

### 1.    General Retention

Following Confirmation of the Plan, the administration of the Chapter 11 Cases will continue until the Chapter 11 Cases are closed by a Final Order of the Bankruptcy Court.  The Bankruptcy Court shall also retain jurisdiction for the purpose of classification of any Claims and the re-examination of Claims which have been Allowed for purposes of voting, and the determination of such objections as may be filed with the Bankruptcy Court with respect to any Claims.  The failure by the Debtors or Reorganized BSA to object to, or examine, any Claim for the purposes of voting, shall not be deemed a waiver of the rights of the Debtors, Reorganized BSA, or the Settlement Trust, as the case may be, to object to or reexamine such Claim in whole or part.

### 2.    Specific Purposes

In addition to the foregoing, the Bankruptcy Court shall retain jurisdiction, as enumerated in Article XI.C of the Plan, over all matters arising out of, or relating to, the Chapter 11 Cases and the Plan, including jurisdiction to:

> (a)    modify the Plan after Confirmation pursuant to the provisions of the Bankruptcy Code and the Bankruptcy Rules;

> (b)    correct any defect, cure any omission, reconcile any inconsistency or make any other necessary changes or modifications in or to the Plan, the Trust Documents or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan, including the adjustment of the date(s) of performance in the Plan in the event the Effective Date does not occur as provided herein so that the intended effect of the Plan may be substantially realized thereby;

> (c)    assure performance by the Settlement Trust and the Disbursing Agent of their respective obligations to make distributions under the Plan;

> (d)    enforce and interpret the terms and conditions of the Plan, the Plan Documents and the Settlement Trust Documents;

> (e)    enter such orders or judgments, including injunctions (a) as are necessary to enforce the title, rights and powers of Reorganized BSA, and the Settlement Trust, and (b) as are necessary to enable holders of Claims to pursue their rights against any Person that may be liable therefor pursuant to applicable law or otherwise;

> (f)    hear and determine any and all motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date (which jurisdiction shall be non-exclusive as to any such non-core matters);

(g)    hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes, tax benefits and similar or related matters, including without limitation contested matters arising on account of transactions contemplated by the Plan, or relating to the period of administration of the Chapter 11 Cases;

(h)    hear and determine all applications for compensation of Professionals and reimbursement of expenses under sections 328, 330, 331, or 503(b) of the Bankruptcy Code;

(i)    hear and determine any Causes of Action arising during the period from the Petition Date to the Effective Date, or in any way related to the Plan or the transactions contemplated hereby, against the Debtors, Reorganized BSA, the Settlement Trust, and their respective Representatives;

(j)    determine any and all motions for the rejection, assumption or assignment of Executory Contracts or Unexpired Leases and the Allowance of any Claims resulting therefrom;

(k)    determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(l)    determine the Allowance and/or Disallowance of any Claims, including Administrative Expense Claims, against or Interests in the Debtors or their Estates, including any objections to any such Claims or Interests, and the compromise and settlement of any Claim, including Administrative Expense Claims, against or Interest in the Debtors or their Estates;

(m)    hear and resolve disputes concerning any reserves under the Plan or the administration thereof;

(n)    determine all questions and disputes regarding title to the assets of the Debtors or their Estates, or the Settlement Trust;

(o)    enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason or in any respect modified, stayed, reversed, revoked or vacated, or if distributions pursuant to the Plan or under the Settlement Trust Documents are enjoined or stayed;

(p)    determine all questions and disputes regarding, and to enforce, the Abuse Claims Settlement;

(q)    hear and determine the Insurance Actions, any Settlement Trust Cause of Action and any similar claims, Causes of Action or rights of the Settlement Trust to construe and take any action to enforce any Insurance Policy, and to issue such orders as may be necessary for the execution, consummation and implementation of any Insurance Policy, and to determine all questions and issues arising thereunder; _provided_, that such

retention of jurisdiction shall not constitute a waiver of any right of a Non-Settling Insurance Company to seek to remove or withdraw the reference of any Insurance Action filed after the Effective Date;

(r)    hear and determine any other matters related hereto, including the implementation and enforcement of all orders entered by the Bankruptcy Court in the Chapter 11 Cases;

(s)    resolve any disputes concerning whether a Person had sufficient notice of the Chapter 11 Cases, the Disclosure Statement, any solicitation conducted in connection with the Chapter 11 Cases, the Bar Date established in the Chapter 11 Cases, or any deadline for responding or objecting to a Cure Amount, in each case, for the purpose of determining whether a Claim or Interest is discharged hereunder or for any other purpose;

(t)    enter in aid of implementation of the Plan such orders as are necessary, including, but not limited to, the implementation and enforcement of the Injunctions, Releases, and Discharges described herein;

(u)    enter a Final Order or decree concluding or closing the Chapter 11 Cases; and

(v)    enter and implement such orders as may be necessary or appropriate if any aspect of the Plan, the Settlement Trust, or the Confirmation Order is, for any reason or in any respect, determined by a court to be inconsistent with, to violate, or insufficient to satisfy any of the terms, conditions, or other duties associated with any Insurance Policies; provided, however, that (a) such orders shall not impair the Insurance Coverage Defenses or the rights, claims, or defenses, if any, of any Insurance Company that are set forth or provided for in the Plan, the Plan Documents, the Confirmation Order, or any other Final Orders entered in the Debtors' Chapter 11 Cases, (b) this provision does not, in and of itself, grant this Court jurisdiction to hear and decide disputes arising out of or relating to the Insurance Policies, and (c) all interested parties, including any Insurance Company, reserve the right to oppose or object to any such motion or order seeking such relief.

As of the Effective Date, notwithstanding anything in Article XI of the Plan to the contrary, the Restated Debt and Security Documents and any documents related thereto shall be governed by the jurisdictional provisions thereof and the Bankruptcy Court shall not retain jurisdiction with respect thereto.

### 3.    *Courts of Competent Jurisdiction*

To the extent that the Bankruptcy Court is not permitted under applicable law to preside over any of the foregoing matters, the reference to the "Bankruptcy Court" in Article XI of the Plan shall be deemed to be replaced by the "District Court." If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any

matter arising out of the Plan, such abstention, refusal, or failure of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## V.    Miscellaneous Provisions

### 1.    Closing of Chapter 11 Cases

After each Chapter 11 Case has been fully administered, Reorganized BSA shall file with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close such Chapter 11 Case.

### 2.    Amendment or Modification of the Plan

(a)    Plan Modifications.  The Debtors reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the Confirmation Order, including amendments or modifications to satisfy section 1129(b) of the Bankruptcy Code, and after entry of the Confirmation Order, the Debtors may, upon order of the Bankruptcy Court, amend, modify or supplement the Plan in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law, in each case without additional disclosure pursuant to section 1125 of the Bankruptcy Code unless section 1127 of the Bankruptcy Code requires additional disclosure.  In addition, after the Confirmation Date, so long as such action does not materially and adversely affect the treatment of holders of Allowed Claims pursuant to the Plan, the Debtors may remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes or effects of the Plan, and any holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan as amended, modified, or supplemented.  All amendments to the Plan must be reasonably acceptable to the Creditors' Committee.

(b)    Other Amendments.  Before the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan and the documents contained in the Plan Supplement without further order or approval of the Bankruptcy Court.

### 3.    Revocation or Withdrawal of the Plan

The Debtors reserve the right to revoke or withdraw the Plan prior to the Effective Date. If the Plan has been revoked or withdrawn prior to the Effective Date, or if Confirmation of the Plan or the occurrence of the Effective Date does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount any Claim or Interest or Class of Claims or Interests), assumption of executory contracts or unexpired leases affected by the Plan, and any document or agreement executed pursuant to the Plan, including the Settlement Trust Documents, shall be deemed null and void; and (3) nothing contained in the Plan shall (i) constitute a waiver or release of any Claim against, or any Interest in, the Debtors or any other Person; (ii) prejudice in any manner

the rights of the Debtors or any other Person; or (iii) constitute an admission of any sort by the Debtors or any other Person.

### 4.    *Request for Expedited Determination of Taxes*

The Debtors and Reorganized BSA, as applicable, shall have the right to request an expedited determination under section 505(b) of the Bankruptcy Code with respect to tax returns filed, or to be filed, for any and all taxable periods ending after the Petition Date to and including the Effective Date.

### 5.    *Non-Severability of Plan Provisions*

If, before the entry of the Confirmation Order, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Debtors, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (1) valid and enforceable pursuant to its terms, (2) integral to the Plan and may not be deleted or modified without the consent of the Debtors or Reorganized BSA (as the case may be), and (3) nonseverable and mutually dependent.

### 6.    *Notices*

All notices, requests, and demands to or upon the Debtors or Reorganized BSA to be effective shall be in writing (including by email transmission) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered, addressed as follows:

> Boy Scouts of America
> 1325 W. Walnut Hill Lane
> Irving, Texas 75015
> Attn:  Steven McGowan, General Counsel
> Email: Steve.McGowan@scouting.org
>
> with copies to:
>
> White & Case LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Attn:  Jessica C. Lauria
> Email:  jessica.lauria@whitecase.com

– and –

White & Case LLP
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Attn:  Michael C. Andolina
Matthew E. Linder
Email: mandolina@whitecase.com
          mlinder@whitecase.com

– and –

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Attn:  Derek C. Abbott
Email:  dabbott@morrisnichols.com

### 7.    *Notices to Other Persons*

After the occurrence of the Effective Date, Reorganized BSA has authority to send a notice to any Person providing that to continue to receive documents pursuant to Bankruptcy Rule 2002, such Person must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002; provided, however, that the U.S. Trustee need not file such a renewed request and shall continue to receive documents without any further action being necessary. After the occurrence of the Effective Date, Reorganized BSA is authorized to limit the list of Persons receiving documents pursuant to Bankruptcy Rule 2002 to the U.S. Trustee and those Persons that have filed such renewed requests.

### 8.    *Governing Law*

Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit hereto or a schedule in the Plan Supplement or any other Plan Document provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof; provided, however, that governance matters relating to Reorganized BSA shall be governed by the laws of the District of Columbia.

### 9.    *Immediate Binding Effect*

Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan (including the Plan Supplement) shall be immediately effective and enforceable and deemed binding upon and inure to the benefit of any Person named or referred to in the Plan and the successors and assigns of such Person.

### 10.    Timing of Distributions or Actions

In the event that any payment, Distribution, act or deadline under the Plan is required to be made or performed or occurs on a day that is not a Business Day, then such payment, Distribution, act or deadline shall be deemed to occur on the next succeeding Business Day, but if so made, performed or completed by such next succeeding Business Day, shall be deemed to have been completed or to have occurred as of the required date.

### 11.    Deemed Acts

Whenever an act or event is expressed under the Plan to have been deemed done or to have occurred, it shall be deemed to have been done or to have occurred by virtue of the Plan or the Confirmation Order without any further act by any Person.

### 12.    Entire Agreement

The Plan Documents set forth the entire agreement and undertakings relating to the subject matter thereof and supersede all prior discussions, negotiations, understandings and documents.  No Person shall be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for in the Plan or the other Plan Documents or as may hereafter be agreed to by the affected parties in writing.

### 13.    Plan Supplement

Any and all exhibits, lists, or schedules referred to herein but not filed with the Plan shall be contained in the Plan Supplement to be filed with the Clerk of the Bankruptcy Court prior to the Confirmation Hearing on the Plan, and such Plan Supplement is incorporated into and is part of the Plan as if set forth in full herein.  The Plan Supplement will be available for inspection in the office of the Clerk of the Bankruptcy Court during normal court hours, at the website maintained by the Notice and Claims Agent (https://omniagentsolutions.com/BSA), and at the Bankruptcy Court's website (ecf.deb.uscourts.gov).

### 14.    Withholding of Taxes

The Disbursing Agent, the Settlement Trust or any other applicable withholding agent, as applicable, shall withhold from any assets or property distributed under the Plan any assets or property which must be withheld for foreign, federal, state and local taxes payable with respect thereto or payable by the Person entitled to such assets to the extent required by applicable law.

### 15.    Payment of Quarterly Fees

All Quarterly Fees, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date. The Reorganized Debtors shall pay all such fees that arise after the Effective Date, but before the closing of the Chapter 11 Cases, and shall comply with all applicable statutory reporting requirements.

### 16. *Duty to Cooperate*

Nothing in the Plan, the other Plan Documents or the Confirmation Order shall relieve (by way of injunction or otherwise) any Person that is or claims to be entitled to indemnity under an Insurance Policy from any duty to cooperate that may be required by any such Insurance Policy or under applicable law with respect to the defense and/or settlement of any Claim for which coverage is sought under such Insurance Policy.  To the extent that any Person incurs costs in satisfying such duty to cooperate with respect to Abuse Claims, the Settlement Trust shall reimburse Person for all such reasonable out-of-pocket expenses.

### 17. *Effective Date Actions Simultaneous*

Unless the Plan or the Confirmation Order provides otherwise, actions required to be taken on the Effective Date shall take place and be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action.

### 18. *Consent to Jurisdiction*

Upon default under the Plan, Reorganized BSA, the Settlement Trust, the Settlement Trustee, the Official Committees, the Future Claimants' Representative, and the Protected Parties, or any successor thereto, respectively, consent to the jurisdiction of the Bankruptcy Court, and agree that it shall be the preferred forum for all proceedings relating to any such default.

## ARTICLE VII. SOLICITATION PROCEDURES AND REQUIREMENTS

Before voting to accept or reject the Plan, each holder of a Claim entitled to vote should carefully review the Plan.  All descriptions of the Plan set forth in this Disclosure Statement are subject to the terms and provisions of the Plan.

A.    Voting Summary and Deadline[43]

The Bankruptcy Court entered an order in these Chapter 11 Cases [D.I. [●]] (the "Solicitation Procedures Order") that, among other things, approved certain procedures governing the solicitation of votes to accept or reject the Plan from holders of Claims against the Debtors, including setting the deadline for voting, specifying which holders of Claims are eligible to receive Ballots to vote on the Plan, and establishing other voting and tabulation procedures (the "Solicitation Procedures").

**THE SOLICITATION PROCEDURES ORDER IS HEREBY INCORPORATED BY REFERENCE AS THOUGH FULLY SET FORTH HEREIN.  YOU SHOULD READ THE SOLICITATION PROCEDURES ORDER, THE SOLICITATION PROCEDURES ATTACHED TO THE SOLICITATION PROCEDURES ORDER AS EXHIBIT 1 (THE "SOLICITATION PROCEDURES"), THE CONFIRMATION HEARING NOTICE, AND THE INSTRUCTIONS ATTACHED TO YOUR BALLOT IN CONNECTION WITH**

---

[43]    Capitalized terms used in this Article VII and not otherwise defined herein or in the Plan shall have the meanings ascribed to such terms in the Solicitation Procedures Motion, Solicitation Procedures Order, or Solicitation Procedures, as applicable.

**THIS SECTION, AS THEY SET FORTH IN DETAIL PROCEDURES GOVERNING VOTING DEADLINES AND OBJECTION DEADLINES.**

The Plan, though proposed jointly and consolidated for purposes of making distributions to holders of Claims under the Plan, constitutes a separate Plan proposed by each Debtor. Therefore, the classifications set forth in the Plan apply separately with respect to each Plan proposed by, and the Claims against and Interests in, each Debtor. Your vote will count as votes for or against, as applicable, each Plan proposed by each Debtor.

| | |
|---|---|
| **The Voting Classes** | The Debtors are soliciting votes to accept or reject the Plan from the holders of Claims in Classes 3A, 3B, 4A, 4B, 5, 6, 7, 8, and 9. |
| **Voting Record Date:** | The Voting Record Date is April 15, 2021. Only holders in the Voting Classes as of this date will be entitled to vote to accept or reject the Plan. The Debtors reserve the right to set a later Voting Record Date if the Debtors decide to extend the Voting Deadline. |
| **Voting Deadline; Extension:** | The Voting Deadline is June 28, 2021 at 4:00 p.m. (Eastern Time), unless the Debtors in their sole discretion extend the date by which Ballots will be accepted. If the Voting Deadline is extended, the term "Voting Deadline" will mean the time and date that is designated. Any extension of the Voting Deadline will be followed as promptly as practicable by notice of the extension. |
| **Solicitation Procedures:** | If you are a holder of a Claim in the Voting Classes, you should deliver a properly completed Ballot to the Solicitation Agent. Ballots must be received by the Solicitation Agent on or before the Voting Deadline. To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered by (1) the electronic Ballot submission platform on the Solicitation Agent's website (the "E-Ballot Platform"), (2) mail, (3) overnight delivery, or (4) personal delivery, so that it is *actually received*, in each case, by the Solicitation Agent no later than the Voting Deadline. Specifically, each Ballot must be returned through the E-Ballot Platform by June 28, 2021 at 4:00 p.m. (Eastern Time), by mail using the envelope included in the Solicitation Package, as applicable, or by overnight or personal delivery to the following address: Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367. |
| **Revocation or Withdrawal of Ballots:** | After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors; provided, that prior to the Voting Deadline, a voter may withdraw a valid Ballot by delivering a written notice of withdrawal to the Solicitation Agent. The withdrawal must be signed by the party who signed the Ballot, and the Debtors reserve the right to contest any withdrawals. |
| **Solicitation Agent:** | The Debtors have retained Omni Agent Solutions as the Solicitation Agent in connection with the solicitation of votes on the Plan. Deliveries of Ballots should be directed to Omni Agent Solutions as set forth herein or |

| | pursuant to the instructions contained in the Ballots. |
|---|---|

The following instructions for voting to accept or reject the Plan, together with the instructions contained in the Ballot, constitute the voting instructions.  Only holders of Claims in Classes 3A, 3B, 4A, 4B, 5, 6, 7, 8, and 9 (the "Voting Classes") as of the Voting Record Date are entitled to vote on the Plan.  To vote, you, or in the case of certain holders of Direct Abuse Claims, your attorney, must fill out and sign the Ballot enclosed in the Solicitation Package (as defined below).

B.    Solicitation Procedures

   *1.    Vote Required for Acceptance by a Class of Claims*

Under the Bankruptcy Code, acceptance of a plan of reorganization by a class of claims or interests is determined by calculating the amount and, if a class of claims, the number, of claims and interests voting to accept, as a percentage of the allowed claims or interests, as applicable, that have voted.  Acceptance by a class of claims requires an affirmative vote of more than one-half in number of total allowed claims in such class that have voted and an affirmative vote of at least two-thirds in dollar amount of the total allowed claims in such class that have voted.

   *2.    Solicitation Package*

The package of materials (the "Solicitation Package") sent to the Voting Classes contains:

   (a)    a cover letter describing the contents of the Solicitation Package and instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Solicitation Procedures Order via https://omniagentsolutions.com/bsa-SAballots or https://omniagentsolutions.com/bsa-ballots, and urging holders of Claims in the Voting Classes to vote to accept the Plan;

   (b)    the *Notice of Hearing to Consider Confirmation of Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*, substantially in the form annexed to the Solicitation Procedures Order as Exhibit 3 (the "Confirmation Hearing Notice");

   (c)    the Disclosure Statement with all exhibits, including the Plan and all exhibits (to the extent such exhibits are filed with the Bankruptcy Court before the Solicitation Date) via https://omniagentsolutions.com/bsa-SAballots or https://omniagentsolutions.com/bsa-ballots;

   (d)    the Solicitation Procedures Order, including the Solicitation Procedures and all exhibits, via https://omniagentsolutions.com/bsa-SAballots or https://omniagentsolutions.com/bsa-ballots;

(e) an appropriate form of Ballot with return instructions and a return envelope, as applicable;

(f) if a party becomes a co-proponent of the Plan on or before the Solicitation Date, solely for holders of Direct Abuse Claims, a letter from such applicable proponents recommending that holders of Direct Abuse Claims vote to accept the Plan, in the Debtors' discretion; and

(g) any other materials ordered by the Bankruptcy Court to be included as part of the Solicitation Package.

The Debtors have distributed the Solicitation Packages to holders of Claims in the Voting Classes as of the Solicitation Date. In addition, the Plan, this Disclosure Statement, the Solicitation Procedures Order, and, once they are filed, all exhibits to the three documents (including the Plan Supplement) will be made available online at no charge at the website maintained by the Solicitation Agent, Omni Agent Solutions, at https://omniagentsolutions.com/bsa-SAballots or https://omniagentsolutions.com/bsa-ballots, and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format, except as specifically provided in <u>Section IV</u> of the Solicitation Procedures with respect to certain holders of Direct Abuse Claims. In addition, the Debtors will provide parties in interest (at no charge) with a flash drive or paper format of the Plan and/or Disclosure Statement, as well as any exhibits thereto, upon request to the Noticing and Claims Agent by (1) calling the Debtors' toll-free restructuring hotline at (866) 907-2721; (2) visiting the Debtors' restructuring website at https://omniagentsolutions.com/bsa; (3) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; or (4) emailing BSAballots@omniagnt.com.

If you are a holder of a Claim or represent a holder of an Abuse Claim who is entitled to vote on the Plan and you or your attorney did not receive a Ballot, received a damaged Ballot, or lost your Ballot, please contact the Solicitation Agent by (1) emailing BSAballots@omniagnt.com, (2) calling the Debtors' toll-free restructuring hotline at (866) 907-2721, or (3) writing to Boy Scouts of America, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367. Moreover, any holder of a Direct Abuse Claim that receives the Solicitation Package materials via email but prefers to receive such materials by mail instead may contact the Solicitation Agent to receive a mailed copy instead at no cost to such holder.

The Solicitation Procedures set forth a process by which known attorneys representing holders of Abuse Claims (collectively, the "<u>Firms</u>"), received copies of the Abuse Claim Solicitation Notice, an Abuse Survivor Plan Solicitation Directive, and Client List. The Abuse Claim Solicitation Notice notified the Firms of the two options proposed for soliciting votes on the Plan in respect of Abuse Claims other than Indirect Abuse Claims, and each Firm is required to return a completed Abuse Survivor Plan Solicitation Directive so that it was actually received by the Solicitation Agent no later than the Abuse Survivor Plan Solicitation Directive Deadline (March 31, 2021).

Pursuant to the Abuse Survivor Plan Solicitation Directive, each Firm directed the Solicitation Agent to solicit votes on the Plan from its clients who hold Direct Abuse Claims (collectively, the "<u>Abuse Survivor Clients</u>") according to one of the following methods:

a.      **Master Ballot Solicitation Method.**  A Firm may direct the Solicitation Agent to serve the Firm with one Solicitation Package and one Master Ballot on which to record the votes of all of its Abuse Survivor Clients to accept or reject the Plan (the "<u>Master Ballot Solicitation Method</u>") if the Firm certifies, on or before the Abuse Survivor Solicitation Directive Deadline, that (a) the Firm shall collect and record the votes of its Abuse Survivor Clients through customary and accepted practices, or that it has obtained authority to cast each of its Abuse Survivor Clients' votes to accept or reject the Plan (subject in each case to the requirements that the Firm comply with the Voting Procedures and that each Abuse Survivor Client shall have indicated to the Firm his or her informed decision on such vote) or (b) the Firm has the authority under applicable law to vote to accept or reject the Plan on behalf of its Abuse Survivor Clients (a valid power of attorney may be requested by the Debtors, in their discretion).  If it is the Firm's customary and accepted practice to collect and record authorizations or instructions from its Abuse Survivor Clients by email, telephone, or other standard communication methods, the Firm shall be authorized to follow such customary practices to collect and record the votes of its Abuse Survivor Clients.  Each Firm that selects the Master Ballot Solicitation Method shall provide the Disclosure Statement, in hard copy, flash drive, or electronic format, to its Abuse Survivor Clients.  Any Firm that elects the Master Ballot Solicitation Method must return the Master Ballot to the Solicitation Agent so that it is received by the Voting Deadline.

b.      **Direct Solicitation Method.**  A Firm may direct the Solicitation Agent to solicit votes on the Plan directly from each of the Firm's Abuse Survivor Clients by distributing a Solicitation Package (including a Ballot) directly to each of the Firm's Abuse Survivor Clients via email addressed to the email address specified on the Firm's Client List or, where no email address is specified for an Abuse Survivor Client, via U.S. mail at the street address specified on the Firm's Client List (the "<u>Direct Solicitation Method</u>").[44]  Under the Direct Solicitation Method, each Abuse Survivor Client must return his or her completed Ballot to the Solicitation Agent so that it is received by the Voting Deadline.  **For the avoidance of doubt, the Debtors are soliciting votes to accept or reject the Plan from each holder of a Direct Abuse Claim who cannot be matched to a Firm or who is not included in any Client List to be solicited via the Direct Solicitation Method**.

If a Firm fails to timely return an Abuse Survivor Plan Solicitation Directive to the Solicitation Agent by the Abuse Survivor Plan Solicitation Directive Deadline, or otherwise failed to select a solicitation method, the Firm shall be deemed to have directed the Solicitation Agent to solicit votes to accept or reject the Plan from the Firm's Abuse Survivor Clients according to the Master Ballot Solicitation Method.  A Firm may submit a Ballot on behalf of an Abuse Survivor Client, but only to the extent such Firm has the requisite authority to do so under

---

[44]    For the avoidance of doubt, the Debtors shall only cause a Solicitation Package (including a Ballot) to be emailed to holders of Direct Abuse Claims who specifically indicated on their filed Sexual Abuse Survivor Proofs of Claim that the Debtors are authorized to communicate with these holders regarding their claims via email.  Each holder of a Direct Abuse Claim who did not specifically authorize email communications on his or her Sexual Abuse Survivor Proof of Claim shall only be served a Solicitation Package by U.S. mail.

applicable law and completes a certification of such authority in the manner set forth herein and on the Ballot that corresponds to such Abuse Claim (a valid power of attorney may be requested by the Debtors, in their discretion). Each Firm voting on behalf of more than one Abuse Survivor Client must complete a Master Ballot, which shall set forth all of the votes cast by such Firm on behalf of all such clients.

### 3. Solicitation Procedures, Ballots, and Voting Deadline

If you are entitled to vote to accept or reject the Plan, one or more Ballot(s) has been enclosed in your Solicitation Package for the purpose of voting on the Plan. Please vote and return your Ballot(s) in accordance with the instructions accompanying your Ballot(s).

You should carefully review (1) the Plan, (2) this Disclosure Statement, (3) the Solicitation Procedures Order, (4) the Confirmation Hearing Notice, and (5) the detailed instructions accompanying your Ballot prior to voting on the Plan.

After carefully reviewing these materials, including the detailed instructions accompanying your Ballot(s), please indicate your acceptance or rejection of the Plan by completing the Ballot(s). All votes to accept or reject the Plan with respect to any Class of Claims entitled to vote on the Plan must be cast by properly submitting the duly completed and executed form of Ballot designated for such Class. Holders of Claims or their Firms (as applicable) voting on the Plan should complete and sign the Ballot(s) in accordance with the instructions thereon, being sure to check the appropriate box entitled "Accept (vote in favor of) the Plan" or "Reject (vote against) the Plan." In addition, if any holder of a Claim who does not vote to accept the Plan elects not to grant the releases contained in Article X.J.4 of the Plan, then it should check the appropriate box on its Ballot and follow the instructions contained in the Ballot. In order for your vote to be counted, you must complete and return your Ballot(s) in accordance with the instructions accompanying your Ballot(s) on or before the Voting Deadline. Each Ballot has been coded to reflect the Class of Claims it represents. Accordingly, in voting to accept or reject the Plan, you must use only the coded Ballot or Ballots sent to you.

**In order for the holder of a Claim in the Voting Class to have such holder's Ballot counted as a vote to accept or reject the Plan, such holder's Ballot must be properly completed, executed, and delivered by (1) the electronic Ballot submission platform on the Solicitation Agent's website (the "E-Ballot Platform"), (2) mail, (3) overnight delivery, or (4) personal delivery, so that such holder's Ballot is actually received by the Solicitation Agent on or before the Voting Deadline, _i.e._ June 28, 2021 at 4:00 p.m. prevailing Eastern Time.**

**Specifically, each Ballot must be returned through the E-Ballot Platform at (a) https://omniagentsolutions.com/bsa-SAballots for Direct and Indirect Abuse Claim Ballots and Master Ballots or (b) https://omniagentsolutions.com/bsa-ballots for all other Ballots, by mail using the envelope included in the Solicitation Package, as applicable, or by overnight or personal delivery to the following address:**

---

**Boy Scouts of America Ballot Processing**
**c/o Omni Agent Solutions**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

---

**IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED UNLESS THE DEBTORS DETERMINE OTHERWISE.**

**ANY BALLOT THAT IS PROPERLY EXECUTED BY THE HOLDER OF A CLAIM IN THE VOTING CLASSES BUT THAT DOES NOT CLEARLY INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR ANY BALLOT THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED FOR PURPOSES OF ACCEPTING OR REJECTING THE PLAN.**

**EACH HOLDER OF A CLAIM IN THE VOTING CLASSES MUST VOTE ALL OF ITS CLAIMS WITHIN SUCH CLASS EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT SUCH VOTES.  BY SIGNING AND RETURNING A BALLOT, EACH HOLDER OF A CLAIM IN THE VOTING CLASSES WILL CERTIFY TO THE BANKRUPTCY COURT AND THE DEBTOR THAT NO OTHER BALLOTS WITH RESPECT TO SUCH CLAIM HAVE BEEN CAST OR, IF ANY OTHER BALLOTS HAVE BEEN CAST WITH RESPECT TO SUCH CLASS OF CLAIMS, SUCH OTHER BALLOTS INDICATED THE SAME VOTE TO ACCEPT OR REJECT THE PLAN.  IF A HOLDER CASTS MULTIPLE BALLOTS WITH RESPECT TO THE VOTING CLASSES AND THOSE BALLOTS ARE IN CONFLICT WITH EACH OTHER, SUCH BALLOTS WILL NOT BE COUNTED FOR PURPOSES OF ACCEPTING OR REJECTING THE PLAN.**

**IT IS IMPORTANT THAT THE HOLDER OF A CLAIM IN THE VOTING CLASSES FOLLOW THE SPECIFIC INSTRUCTIONS PROVIDED ON SUCH HOLDER'S BALLOT AND THE ACCOMPANYING INSTRUCTIONS.**

### 4.    *Confirmation Hearing and Deadline for Objections to Confirmation*

Under section 1128(a) of the Bankruptcy Code, the Bankruptcy Court, after notice, shall hold a hearing to confirm a plan of reorganization.  The Confirmation Hearing pursuant to section 1128 of the Bankruptcy Code will be held on July 26, 2021 at 10:00 a.m. prevailing Eastern Time, before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Sixth Floor, Courtroom No. 2, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court or a notice of adjournment filed with the Bankruptcy Court and served on those parties who have requested notice under Bankruptcy Rule 2002 and the Entities who have filed an objection to the Plan, if any, without further notice to parties in interest.  The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.  Subject to section 1127 of the Bankruptcy Code, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

Additionally, section 1128(b) of the Bankruptcy Code provides that any party in interest may object to Confirmation. Any objections or responses to Confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (d) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service **on or before the Plan Objection Deadline (**<u>**June 28, 2021 at 4:00 p.m.**</u> <u>**(Eastern Time))**</u>, and served so as to be <u>actually</u> <u>received</u> by the notice parties set forth in the Confirmation Hearing Notice before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email.

C.      <u>Classes Entitled to Vote on the Plan</u>

Under the Bankruptcy Code, holders of Claims and Interests are not entitled to vote if their contractual rights are unimpaired by the proposed plan or if they will receive no property under the plan. Holders of Claims in Classes 1 and 2 are Unimpaired under the Plan and are, therefore, conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Holders of Interests in Class 10 shall not receive or retain property on account of such interests and are, therefore, deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code. Accordingly, no holders of Claims or Interests in such Classes shall be entitled to vote to accept or reject the Plan.

Each of Classes Class 3A (2010 Credit Facility Claims), Class 3B (2019 RCF Claims), Class 4A (2010 Bond Claims), Class 4B (2012 Bond Claims), Class 5 (Convenience Claims), Class 6 (General Unsecured Claims), Class 7 (Non-Abuse Litigation Claims), Class 8 (Direct Abuse Claims), and Class 9 (Indirect Abuse Claims) are Impaired and the holders of Claims in Classes 3A, 3B, 4A, 4B, 5, 6, 7, 8 and 9 are entitled to vote to accept or reject the Plan.

If your Claim or Interest is not included in the Voting Classes, you are not entitled to vote and you will not receive a Solicitation Package, including a Ballot setting forth detailed voting instructions. If your Claim is included in the Voting Classes, you should read your Ballot and carefully follow the instructions included in the Ballot. Please use only the Ballot or Master Ballot that accompanies this Disclosure Statement or the Ballot that the Debtors otherwise provided to you.

### 1.      *Holders of Claims Entitled to Vote*

Under section 1124 of the Bankruptcy Code, a class of claims or equity interests is deemed to be "impaired" under a plan unless (1) the plan leaves unaltered the legal, equitable, and contractual rights to which such claim or equity interest entitles the holder thereof or (2) notwithstanding any legal right to an accelerated payment of such claim or equity interest, the plan (a) cures all existing defaults (other than defaults resulting from the occurrence of events of bankruptcy or defaults of a kind that do not require cure), (b) reinstates the maturity of such claim or equity interest as it existed before the default, (c) compensates the holder of such claim or equity interest for any damages from such holder's reasonable reliance on such legal right to an accelerated payment, (d) if such claim or such interest arises from a failure to perform nonmonetary obligations, other than a default arising from a failure to operate a nonresidential

real property lease, compensates the holder of such claim or such interest (other than the debtor or an insider) for any actual pecuniary loss incurred by such holder as a result of such failure and (e) does not otherwise alter the legal, equitable, or contractual rights to which such claim or equity interest entitles the holder of such claim or equity interest.

The following table sets forth a simplified summary of which Classes are entitled to vote on the Plan and which are not and the voting status for each of the separate Classes of Claims and Interests provided for in the Plan.

| Class | Claim or Interest | Entitled to Vote |
|---|---|---|
| 1 | Other Priority Claims | No—Presumed to Accept |
| 2 | Other Secured Claims | No—Presumed to Accept |
| 3A | 2010 Credit Facility Claims | Yes |
| 3B | 2019 RCF Claims | Yes |
| 4A | 2010 Bond Claims | Yes |
| 4B | 2012 Bond Claims | Yes |
| 5 | Convenience Claims | Yes |
| 6 | General Unsecured Claims | Yes |
| 7 | Non-Abuse Litigation Claims | Yes |
| 8 | Direct Abuse Claims | Yes |
| 9 | Indirect Abuse Claims | Yes |
| 10 | Interests in Delaware BSA | No—Deemed to Reject |

In accordance with sections 1126 and 1129 of the Bankruptcy Code, the Voting Classes are Impaired under the Plan and, to the extent Claims in the Voting Classes are deemed Allowed or subject to the distributions under the Trust Distribution Procedures, the holders of such Claims will receive distributions under the Plan. As a result, the holders of Claims in each of these Classes are entitled to vote to accept or reject the Plan.

Holders of Claims in Classes 1 and 2 are Unimpaired under the Plan and are, therefore, conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Accordingly, no holders of Claims or Interests in such Classes shall be entitled to vote to accept or reject the Plan.

Accordingly, the Debtors are only soliciting votes on the Plan from holders of Claims, in Classes 3A, 3B, 4A, 4B, 5, 6, 7, 8, and 9. If your Claim or Interest is not included in the Voting Classes, you are not entitled to vote and you will not receive a Solicitation Package or a Ballot. If your Claim is included in the Voting Classes, you should read your Ballot and carefully follow the instructions included in the Ballot. Please use only the Ballot that accompanies this Disclosure Statement or the Ballot that the Debtors otherwise provided to you.

If you have filed a Proof of Claim that is subject to an objection, other than a "reclassify" or "reduce and allow" objection, that is filed with the Bankruptcy Court on or before the Solicitation Date (a "Disputed Claim"), you are not entitled to vote on the Plan. If you seek to challenge the disallowance or estimation of your Disputed Claim for voting purposes, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion"). **As set forth in the Confirmation Hearing Notice and the Solicitation Procedures, any Rule 3018(a) Motion shall be filed with the Bankruptcy Court and served on the Debtors on or before [May 14], 2021. If a holder of a Disputed Claim files a timely Rule 3018(a) Motion, such holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim prior to [June 21], 2021.**

A vote on the Plan may be disregarded if the Bankruptcy Court determines, pursuant to section 1126(e) of the Bankruptcy Code, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code. The Solicitation Procedures also set forth assumptions and procedures for determining the amount of Claims that each creditor is entitled to vote in these Chapter 11 Cases and how votes will be counted under various scenarios.

**Your vote on the Plan is important.** The Bankruptcy Code requires as a condition to confirmation of a plan of reorganization that each class that is impaired and entitled to vote under a plan votes to accept such plan, unless the plan is being confirmed under the "cramdown" provisions of section 1129(b) of the Bankruptcy Code. Section 1129(b) permits confirmation of a plan of reorganization, notwithstanding the nonacceptance of the plan by one or more impaired classes of claims or equity interests, so long as at least one impaired class of claims or interests votes to accept a proposed plan. Under that section, a plan may be confirmed by a bankruptcy court if it does not "discriminate unfairly" and is "fair and equitable" with respect to each nonaccepting class.

D.    Certain Factors to Be Considered Prior to Voting

There are a variety of factors that all holders of Interests entitled to vote on the Plan should consider prior to voting to accept or reject the Plan. These factors, which may impact recoveries under the Plan, include the following:

1.    unless otherwise specifically indicated, the financial information contained in this Disclosure Statement has not been audited and is based on an analysis of data available at the time of the preparation of the Plan and this Disclosure Statement;

2.    although the Debtors believe that the Plan complies with all applicable provisions of the Bankruptcy Code, the Debtors can neither assure such compliance nor that the Bankruptcy Court will confirm the Plan;

3.    the Debtors may request Confirmation without the acceptance of all Impaired Classes entitled to vote in accordance with section 1129(b) of the Bankruptcy Code; and

    4.      any delays of either Confirmation or the occurrence of the Effective Date could result in, among other things, increased Administrative Expense Claims and Professional Fee Claims.

**Additionally, the Plan may be modified to include one or more settlements pursuant to Bankruptcy Rule 9019 to resolve any unresolved controversies, including but not limited to those described in this Disclosure Statement.**  While these factors, including the incorporation of any settlements, could affect distributions available to holders of Allowed Claims or Abuse Claims under the Plan, the occurrence or impact of such factors will not necessarily affect the validity of the vote of the Voting Classes or necessarily require a re-solicitation of the votes of holders of Claims in the Voting Classes.

For a further discussion of risk factors, please refer to <u>Article IX</u> of this Disclosure Statement, entitled "Risk Factors."

## ARTICLE VIII.  CONFIRMATION PROCEDURES

A.     <u>Hearing on Plan Confirmation</u>

Under section 1128(a) of the Bankruptcy Code, the Bankruptcy Court, after notice, shall hold a hearing to confirm a plan of reorganization.  The Confirmation Hearing pursuant to section 1128 of the Bankruptcy Code will be held on July 26, 2021 at 10:00 a.m. prevailing Eastern Time, before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge for the District of Delaware, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, 6th Floor, Wilmington, Delaware.  The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court or a notice of adjournment filed with the Bankruptcy Court and served on those parties who have requested notice under Bankruptcy Rule 2002 and the Entities who have filed an objection to the Plan, if any, without further notice to parties in interest.  The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.  Subject to section 1127 of the Bankruptcy Code, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

Additionally, section 1128(b) of the Bankruptcy Code provides that any party in interest may object to Confirmation.  Any objection to Confirmation of the Plan must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature and amount of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (iv) be filed with the Bankruptcy Court together with proof of service and served on the Debtors and certain other parties in interest identified on the Confirmation Hearing Notice in accordance with the applicable order of the Bankruptcy Court so that they are received on or before June 28, 2021 at 4:00 p.m. prevailing Eastern Time.

B.     <u>Requirements for Confirmation of the Plan</u>

The Bankruptcy Court will confirm the Plan only if all of the requirements of section 1129 of the Bankruptcy Code are met.  Among the requirements for confirmation are that the

Plan is (A) accepted by all impaired Classes of Claims and Interests entitled to vote or, if rejected or deemed rejected by an impaired Class, that the Plan "does not discriminate unfairly" and is "fair and equitable" as to such Class; (B) in the "best interests" of the Holders of Claims and Interests impaired under the Plan; and (C) feasible.

C.    Acceptance by an Impaired Class

The Bankruptcy Code requires, as a condition to confirmation, that each class of claims or interests that is impaired under a plan of reorganization, accept the plan. A class that is not "impaired" under a plan is deemed to have accepted the plan and, therefore, solicitation of acceptances with respect to such class is not required. As stated above, the Voting Classes are Impaired Classes and are comprised of the holders of Claims in Class 3A, Class 3B, Class 4A, Class 4B, Class 5, Class 6, Class 7, Class 8, and Class 9. Section 1126(c) of the Bankruptcy Code defines acceptance of a plan by a class of impaired claims as an affirmative vote of more than one-half in number of total allowed claims in such class that have voted and an affirmative vote of at least two-thirds in dollar amount of the total allowed claims in such class that have voted. Thus, the Voting Classes described herein will have voted to accept the Plan only if one-half of the holders of Allowed Claims and Abuse Claims, as applicable, with at least two-thirds of the total dollar amount of the Allowed Claims and Abuse Claims, as applicable, vote on the Plan to accept.

**AS EXPLAINED IN <u>ARTICLE VI.G</u> OF THIS DISCLOSURE STATEMENT, THE BANKRUPTCY CODE CONTAINS PROVISIONS FOR CONFIRMATION OF A PLAN EVEN IF IT IS NOT ACCEPTED BY ALL CLASSES. THESE SO-CALLED "CRAMDOWN" PROVISIONS ARE SET FORTH IN SECTION 1129(b) OF THE BANKRUPTCY CODE, WHICH PROVIDES THAT A PLAN OF REORGANIZATION CAN BE CONFIRMED EVEN IF IT HAS NOT BEEN ACCEPTED BY ALL IMPAIRED CLASSES OF CLAIMS AND INTERESTS AS LONG AS AT LEAST ONE IMPAIRED CLASS OF NON-INSIDER CLAIMS HAS VOTED TO ACCEPT THE PLAN.**

D.    Best Interests of Creditors / Liquidation Analysis

Section 1112(c) of the Bankruptcy Code provides that non-profit Entities such as the Debtors, cannot have their chapter 11 cases converted into chapter 7 cases involuntarily.[45] A liquidation under chapter 7 of the Bankruptcy Code is—unlike in the context of for-profit debtors—a path that can be chosen only by the non-profit debtor. Because the Chapter 11 Cases could not be involuntarily converted to a chapter 7 liquidation, the Debtors submit they are not required to satisfy the requirements of section 1129(a)(7) in connection with confirmation of the Plan.

Although the Debtors do not believe they are required to satisfy the "best interests of creditors" test embodied in section 1129(a)(7), the Debtors do believe a liquidation analysis will be helpful to Holders of Claims as they evaluate their proposed treatment under the Plan. Accordingly, the Debtors are providing the Liquidation Analysis attached as **<u>Exhibit B</u>** hereto.

---

[45]    11 U.S.C. § 1112(c) ("The court may not convert a case under [chapter 11] to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.").

The Debtors' submission of the Liquidation Analysis shall not be construed as or deemed to constitute a waiver or admission of any kind. The Debtors reserve all rights to oppose the applicability of the best interests test in the Chapter 11 Cases.

The Liquidation Analysis considers whether Holders of Impaired Claims will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the value such Holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. Nine Classes of Impaired Claims, Class 3A (2010 Credit Facility Claims), Class 3B (2019 RCF Claims), Class 4A (2010 Bond Claims), Class 4B (2012 Bond Claims), Class 5 (Convenience Claims), Class 6 (General Unsecured Claims), Class 7 (Non-Abuse Litigation Claims), Class 8 (Direct Abuse Claims), and Class 9 (Indirect Abuse Claims), are Impaired under the Plan.

To calculate the probable distribution to holders of each Impaired Class of Claims and interests if the Debtors were liquidated under chapter 7, the Bankruptcy Court must first determine the aggregate dollar amount that would be generated from the Debtors' assets if the Debtors were in cases under chapter 7 of the Bankruptcy Code. This "liquidation value" would consist primarily of the proceeds from a sale of the Debtors' assets by a chapter 7 trustee.

The amount of liquidation value available to unsecured creditors and interest holders would be reduced by the Claims of any Secured creditors to the extent of the value of their collateral, by the costs and expenses of liquidation, and by other administrative expenses and costs of both the chapter 7 cases and the Chapter 11 Cases. Costs of liquidation under chapter 7 of the Bankruptcy Code would include the compensation of a trustee, as well as of counsel and other professionals retained by the trustee, asset disposition expenses, all unpaid expenses incurred by the Debtors in the Chapter 11 Cases (such as compensation of attorneys, financial advisors, and accountants) that are allowed in the chapter 7 cases, litigation costs, and any Claims arising from the operations of the Debtors during the pendency of the Chapter 11 Cases.

Once the Bankruptcy Court ascertains the recoveries in liquidation of Secured creditors and priority claimants, if any, it must determine the probable distribution to general unsecured creditors and equity security holders from the remaining available proceeds in liquidation. If such probable distribution has a value greater than the distributions to be received by such creditors and equity security holders under the plan, then the plan is not in the best interests of creditors and equity security holders.

Nine Classes of Impaired Claims, Class 3A (2010 Credit Facility Claims), Class 3B (2019 RCF Claims), Class 4A (2010 Bond Claims), Class 4B (2012 Bond Claims), Class 5 (Convenience Claims), Class 6 (General Unsecured Claims), Class 7 (Non-Abuse Litigation Claims), Class 8 (Direct Abuse Claims), and Class 9 (Indirect Abuse Claims), are Impaired under the Plan. If the Debtors were liquidated under chapter 7 of the Bankruptcy Code, holders of Convenience Claims (Class 5), General Unsecured Claims (Class 6), and Abuse Claims (Classes 8 and 9) would receive lesser distributions than under the Plan, as explained in detail in the Liquidation Analysis. In addition, holders of Claims in all other Classes will receive at least as much under the Plan as they would in a liquidation and, moreover, the Plan provides much more certain, efficient, and timely recoveries to holders of these Claims.

E.    <u>Feasibility</u>

The Bankruptcy Code requires that a debtor demonstrate that confirmation of a plan of reorganization is not likely to be followed by liquidation or the need for further financial reorganization.    For purposes of determining whether the Plan meets this requirement, the Debtors have analyzed their ability to meet obligations under the Plan.    The Debtors, with the assistance of their advisors, have prepared projections for the calendar years 2021 through 2025, including management's assumptions related thereto, to be attached to a subsequent amendment to this Disclosure Statement as **Exhibit C** (the "<u>Financial Projections</u>").    The Financial Projections assume that the Plan will be implemented in accordance with its stated terms.    The Debtors are unaware of any circumstances as of the date of this Disclosure Statement that would require the re-forecasting of the Financial Projections due to a material change in the Debtors' prospects so long as the Effective Date occurs before September 1, 2021.    As reflected in the Financial Projections, the Debtors anticipate that they will timely meet all of their collective obligations and will be financially viable after Confirmation of the Plan.    Accordingly, the Debtors believe that Confirmation is not likely to be followed by liquidation or the need for further reorganization.

F.    <u>Conditions Precedent to Confirmation of the Plan</u>

Confirmation of the Plan shall not occur unless the following conditions precedent have been satisfied, or are otherwise waived, in accordance with <u>Article IX.C</u> of the Plan:

1.    The Disclosure Statement Order shall be entered in form and substance acceptable to the Debtors;

2.    The Confirmation Order and any other order in conjunction therewith shall be entered in form and substance acceptable to the Debtors that approves and implements the Injunctions, Releases, and Discharges set forth in <u>Article X</u> of the Plan.    The Confirmation Order shall make specific findings that provide, among other things, that:

      **a.**      **the Plan complies with all applicable provisions of the Bankruptcy Code, including that the Plan was proposed in good faith and that the Confirmation Order was not be procured by fraud;**

      **b.**      **the Channeling Injunction and the Insurance Entity Injunction are to be implemented and shall be in full force and effect on the Effective Date;**

      **c.**      **upon the Effective Date, the Settlement Trust shall assume the liabilities of the Protected Parties with respect to Abuse Claims and have exclusive authority as of the Effective Date to satisfy or defend such Abuse Claims;**

      **d.**      **the Settlement Trust will be funded with the Settlement Trust Assets;**

      **e.**      **the Settlement Trust will use the Settlement Trust Assets to resolve Abuse Claims;**

f.     the terms of the Discharge Injunction, the Channeling Injunction, the Release Injunctions, and the Insurance Entity Injunction, including any provisions barring actions against third parties, are set out in conspicuous language in the Plan and in the Disclosure Statement;

g.     the Future Claimants' Representative was appointed by the Bankruptcy Court as part of the proceedings leading to the issuance of the Channeling Injunction and the Insurance Entity Injunction for the purpose of, among other things, protecting the rights of persons who might subsequently assert Abuse Claims of the kind that are addressed in the Channeling Injunction and the Insurance Entity Injunction, which will be transferred to and assumed by the Settlement Trust;

h.     the Plan complies with section 105(a) of the Bankruptcy Code to the extent applicable;

i.     the Injunctions are essential to the Plan and the Debtors' reorganization efforts;

j.     the Bankruptcy Code authorizes the Insurance Assignment notwithstanding any terms of the Insurance Policies, the Insurance Settlement Agreements, or provisions of applicable non-bankruptcy law that any Insurance Company may otherwise argue prohibit the Insurance Assignment;

k.     the Insurance Settlement Agreements are approved, and any Insurance Company that has contributed funds, proceeds or other consideration to or for the benefit of the Settlement Trust pursuant to an Insurance Settlement Agreement is designated as a Settling Insurance Company;

l.     the Abuse Claims Settlement represents a sound exercise of the Debtors' business judgment, is in the best interest of the Debtors' Estates, complies with section 1123 of the Bankruptcy Code, and is approved pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019; and

m.     the JPM / Creditors' Committee Settlement represents a sound exercise of the Debtors' business judgment, is in the best interest of the Debtors' Estates, complies with section 1123 of the Bankruptcy Code, and is approved pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019.

G.     <u>Conditions Precedent to the Effective Date</u>

The Effective Date of the Plan shall not occur unless the following conditions precedent have been satisfied or waived in accordance with <u>Article IX.C</u> of the Plan:

1.      the Confirmation Order shall have been submitted to the District Court for affirmation, the District Court shall have entered the Affirmation Order in form and substance acceptable to the Debtors, and the Confirmation Order and the Affirmation Order shall have become Final Orders.  The Effective Date may occur when the Confirmation Order or the Affirmation Order are not Final Orders at the sole option of the Debtors unless the effectiveness of the Confirmation Order or the Affirmation Order, as applicable, shall have been stayed or vacated, in which case the Effective Date may be the first Business Day immediately following the expiration or other termination of any stay of effectiveness of the Confirmation Order or the Affirmation Order;

2.      the Settlement Trust Assets shall, simultaneously with the occurrence of the Effective Date or as otherwise provided herein, be transferred to, vested in, and assumed by the Settlement Trust in accordance with Article IV and Article V of the Plan;

3.      the Settlement Trust Documents and other applicable Plan Documents necessary or appropriate to implement the Plan shall have been executed, delivered and if applicable, filed with the appropriate governmental authorities;

4.      the Restated Debt and Security Documents shall have been duly executed and delivered by all of the Entities that are parties thereto and all conditions precedent (other than any conditions related to the occurrence of the Effective Date) to the effectiveness thereof shall have been satisfied or duly waived in writing in accordance with the terms of the Restated Debt and Security Documents and the closing shall have occurred thereunder;

5.      the Foundation Loan Agreement and any applicable collateral and other loan documents governing the Foundation Loan shall have been duly executed and delivered by all of the Entities that are parties thereto and all conditions precedent (other than any conditions related to the occurrence of the Effective Date) to the effectiveness thereof shall have been satisfied or duly waived in writing in accordance with the terms of the Foundation Loan Agreement and related documentation, and the closing shall have occurred thereunder;

6.      the Debtors shall have adequately funded the Professional Fee Reserve so as to permit the Debtors to make Distributions on account of Allowed Professional Fee Claims in accordance with Article II of the Plan;

7.      the Debtors shall have obtained all authorizations, consents, certifications, approvals, rulings, opinions or other documents that are necessary to implement and effectuate the Plan;

8.      all payments required to be made pursuant to the terms of the Cash Collateral Order shall have been paid;

9.      all actions, documents, and agreements necessary to implement and effectuate the Plan shall have been effected or executed; and

10.    the Debtors shall have filed a notice of occurrence of the Effective Date.

H.    Waiver of Conditions Precedent to the Effective Date

To the fullest extent permitted by law, each of the conditions precedent in Article IX of the Plan may be waived or modified, in whole or in part, in the sole discretion of the Debtors; provided, that the conditions precedent set forth in Article IX.B.4 and Article IX.B.8 of the Plan may be waived only with the prior written consent of JPM.  Any waiver or modification of a condition precedent under Article IX of the Plan may be effectuated at any time, without notice, without leave or order of the Bankruptcy Court or the District Court, and without any other formal action other than proceedings to confirm or consummate the Plan.  The failure to satisfy or waive any condition precedent to the Effective Date may be asserted by the Debtors regardless of the circumstances giving rise to the failure of such condition to be satisfied or waived.

I.    *Vacatur* of Confirmation Order; Non-Occurrence of Effective Date

If the Confirmation Order is vacated or the Effective Date does not occur within 180 days after entry of the Confirmation Order (subject to extension by the Debtors in their sole discretion), the Plan shall be null and void in all respects and nothing contained in the Plan or this Disclosure Statement shall (1) constitute a waiver or release of any Causes of Action by or Claims against or Interests in the Debtors; (2) prejudice in any manner the rights of the Debtors, any holders of a Claim or Interest or any other Person; (3) constitute an admission, acknowledgment, offer, or undertaking by the Debtors, any holders, or any other Person in any respect; or (4) be used by the Debtors or any other Person as evidence (or in any other way) in any litigation, including with respect to the strengths and weaknesses of positions, arguments or claims of any of the parties to such litigation.

## ARTICLE IX. RISK FACTORS

**HOLDERS OF CLAIMS AGAINST THE DEBTORS SHOULD READ AND CONSIDER CAREFULLY THE FACTORS SET FORTH BELOW, AS WELL AS THE OTHER INFORMATION SET FORTH IN THIS DISCLOSURE STATEMENT AND THE DOCUMENTS DELIVERED TOGETHER HEREWITH OR INCORPORATED BY REFERENCE, PRIOR TO VOTING TO ACCEPT OR REJECT THE PLAN.  THESE FACTORS SHOULD NOT, HOWEVER, BE REGARDED AS CONSTITUTING THE ONLY RISKS INVOLVED IN CONNECTION WITH THE PLAN AND ITS IMPLEMENTATION.    THERE ARE RISKS, UNCERTAINTIES, AND OTHER IMPORTANT FACTORS THAT COULD CAUSE THE DEBTORS' ACTUAL PERFORMANCE OR ACHIEVEMENTS TO BE MATERIALLY DIFFERENT FROM THOSE THEY MAY PROJECT, AND THE DEBTORS UNDERTAKE NO OBLIGATION TO UPDATE ANY SUCH STATEMENT.**

A.      Risks Relating to the Debtors' Operations, Financial Condition and Certain Bankruptcy
        Law Considerations

   *1.      The Plan is Premised Upon a Global Resolution of Abuse Liability and if Such
            Resolution Cannot be Obtained, There is a Risk that the Plan Will Not Be
            Confirmed*

If confirmed and consummated, the Plan will accomplish two core objectives: (a) provide an equitable, streamlined, and certain process by which Abuse Survivors may obtain compensation for their Abuse Claims and (b) ensure that the BSA has the ability to continue its vital charitable mission.  If the Plan cannot be Confirmed, or if the Bankruptcy Court otherwise finds that conditions necessary for Confirmation cannot be met, the Debtors may be required to liquidate and/or voluntarily convert these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, pursuant to which a trustee would be appointed or elected to liquidate the Debtors' assets for distribution in accordance with the priorities established by the Bankruptcy Code. In this event, neither of the Debtors' core objectives would be accomplished.  Abuse Survivors would not have a certain, streamlined way to recover on account of their Claims, and there would be a material risk that the BSA's mission could not continue to be carried out.

   The best mechanism for the Debtors to achieve these two core objectives is confirmation of a plan of reorganization that provides for substantial contributions by Local Councils, by Contributing Chartered Organizations, and by Settling Insurance Companies (if any) to the Settlement Trust in exchange for the protection of the Channeling Injunction and Releases.  The commitments contemplated by the Plan will not be realized if the Plan is not Confirmed. Without an agreement by a substantial majority of creditors to support the Plan, the Debtors will be unable to meet the requirements necessary to Confirm the Plan as currently contemplated with respect to the Channeling Injunction and Releases. The Channeling Injunction and Releases are a necessary component of the Plan, without which the Local Council Contribution and the Contributing Chartered Organization Contribution will not be made to the Settlement Trust.

   *2.      The Pension Benefit Guaranty Corporation Could Assert Contingent Claims*

On October 29, 2020, the Pension Benefit Guaranty Corporation ("PBGC") filed a contingent Proof of Claim in the amount of $1,102,200,000 against the BSA (the "Unfunded Benefit Liability Claim") based on the unfunded benefit liabilities of the Pension Plan. Contemporaneously, the PBGC also filed a contingent Proof of Claim with respect to PBGC premiums, including an amount of $51,862,500 against the BSA that may become due upon termination of the Pension Plan (the "Termination Premiums Claims").  Finally, the PBGC contemporaneously asserted a claim in an unspecified amount with respect to any failure to make minimum funding contributions (the "Minimum Funding Contribution Claims").  The Unfunded Benefit Liability Claims and the Termination Premiums Claims are contingent on the termination of the Pension Plan, and for purposes of such claims, it is assumed that the Pension Plan terminated on October 1, 2020. It is asserted that all of these liabilities are joint and several among the BSA and each Local Council that is a member of the BSA's "controlled group" on account of statutory liability under 29 USC §§ 1082, 1307, 1362. The PBGC, as a result, believes that it can assert the full amount of any of its Claims against each and every member of the controlled group upon termination.  In addition, if the Unfunded Benefit Liability Claim is not

paid to the PBGC on demand, it is asserted that a statutory lien arises in favor of the PBGC on the assets of the plan sponsor and the members of the plan sponsor's controlled group. The amount of this lien would be the lesser of the Unfunded Benefit Liability Claim and 30% of the collective net worth of the controlled group. The Plan does not contemplate termination of the Pension Plan. However, if the Plan is not confirmed and consummated and the Debtors' Pension Plan is terminated, the PBGC's contingent Unfunded Benefit Liability Claims and the Termination Premiums Claims against the BSA and Local Councils within its "controlled group" may become due and would significantly dilute any recoveries available to satisfy creditors from both the BSA and the Local Councils within the controlled group.

### 3. Debtors May be Impacted by the Continuing COVID-19 Pandemic

The COVID-19 pandemic has presented issues and caused disruptions to the entire organization and Scouting as a whole. Beginning in late February 2020, the BSA began to face unprecedented operational challenges associated with the spread of COVID-19 in the United States. As the pandemic spread through North America, the BSA was forced to temporarily close its Headquarters, distribution center, and virtually all of its scout shops, consistent with governmental health guidelines and directives. The BSA was also ultimately forced to cancel summer programming at Philmont, its largest high adventure base, and limit programming at its other three high adventure bases. Local Councils also significantly curtailed activity throughout 2020 which impacted the BSA's retail sales and fall recruiting season. Throughout 2020, as the global pandemic gradually worsened, the BSA undertook a number of critical cost-saving initiatives, including initially furloughing and later permanently reducing staff, eliminating all non-essential spending, negotiating concessions with suppliers and local vendors, and canceling a number of revenue generating events due to social gathering concerns.

The impact of COVID-19 has been devastating to the BSA. Membership recruitment in 2020 ground to a halt with school closures and other social distancing measures resulting in an 81% decline versus 2019, which will impact 2021 membership revenue. Supply revenue declined 57% driven the several months of retail locations being closed and poor recruiting driving lower uniform sales. High adventure facility revenue declined 74% driven the temporary closure of Philmont and shortened seasons and/or reduced capacity at the other facilities. The BSA further expects to have lower retention of existing members when annual memberships renew in early 2021 due to significant curtailment of programing throughout 2020.

The continued spread of COVID-19 could have a significant impact on the Debtors' activities in the future and, in turn, the functions of Scouting at every level. This includes the ability to have pack and troop meetings in-person, restricted or limited use of BSA or Local Council properties such as summer camps and high adventure facilities. It remains unclear the extent and duration that restrictions will remain in place in response to the pandemic, which could bar or limit engaging in fundamental Scouting activities such as camping, service projects, meetings, and other group activities that help build the bonds of fellowship essential to the BSA's mission. Moreover, the health, social, and economic impact the pandemic will have in the future is unknown. As such, there can be no assurance that the uncertainties caused by the spread of COVID-19 will not negatively impact the Debtors in the future and, therefore, affect the underlying financial projections contained in this Disclosure Statement.

### 4.    Pending and Future Litigation

As discussed in this Disclosure Statement, the Debtors are involved various litigation, including but not limited to, the Trademark Action with the GSUSA—which so long as it remains unresolved represents a reputational issue, a potential challenge to welcoming female members into Scouting, and potential Claim for monetary damages.  Additionally, there is a risk of future litigation.  Such litigation could be brought in connection with the BSA's operations, including its high adventure facilities, or otherwise.  Pending litigation or future litigation could result in a material judgment against the Debtors or the Reorganized BSA.  Such litigation, and any judgment in connection therewith, could have a material negative effect on the Debtors or the Reorganized BSA.

### 5.    Risk of Non-Confirmation of the Plan

Although the Debtors believe that the Plan satisfies all requirements necessary for confirmation by the Bankruptcy Court, there can be no assurance that the Bankruptcy Court will reach the same conclusion or that modifications to the Plan will not be required for confirmation or that such modifications would not necessitate re-solicitation of votes.  Moreover, the Debtors can make no assurances that they will receive the requisite acceptances to confirm the Plan, and even if all Voting Classes vote in favor of the Plan or the requirements for "cramdown" are met with respect to any Class that rejects or is deemed to reject the Plan, the Bankruptcy Court may exercise discretion as a court of equity and choose not to confirm the Plan. If the Plan is not confirmed, it is unclear what distributions holders of Claims or Interests would ultimately receive with respect to their Claims or Interests in a subsequent plan of reorganization, a liquidation, or other proceedings.

### 6.    Other Parties in Interest Might Be Permitted to Propose Alternative Plans of Reorganization

Under the Bankruptcy Code, a debtor in possession initially has the exclusive right to propose and solicit acceptances of a plan of reorganization.  However, such exclusivity period can be reduced or terminated upon order of the Bankruptcy Court, or it may expire under the applicable provisions of the Bankruptcy Code.  If such an order were to be entered or such expiration were to occur, other parties in interest would then have the opportunity to propose alternative plans of reorganization.

If other parties in interest were to propose an alternative plan of reorganization following expiration or termination of the Debtors' exclusivity period, such a plan may be less favorable to the Debtors, their Estates, and their stakeholders.  In addition, if there were competing plans of reorganization, the Chapter 11 Cases would likely become longer, more complicated, and more expensive, thereby reducing recoveries to holders of Claims.

### 7.    Non-Consensual Confirmation

If any Impaired Class of Claims does not accept or is deemed not to accept a plan of reorganization, a Bankruptcy Court may nevertheless confirm such plan at the proponent's request if at least one Impaired Class has accepted the plan (with such acceptance being determined without including the vote of any "insider" in such class), and as to each impaired

class that has not accepted the plan, the Bankruptcy Court determines that the plan "does not discriminate unfairly" and is "fair and equitable" with respect to the dissenting impaired classes. If any Class votes to reject or is deemed to reject the Plan, then these requirements must be satisfied with respect to such rejecting Class.  The Debtors believe that the Plan satisfies these requirements.

8.      *Parties in Interest May Object to the Debtors' Classification of Claims and Interests*

Section 1122 of the Bankruptcy Code provides that a plan may place a claim or an interest in a particular class only if the claim or interest is substantially similar to the other claims or interests in that class.  Parties in interest may object to the classification of certain claims and interests both on the grounds that certain claims and interests have been improperly placed in the same Class and/or that certain claims and interests have been improperly placed in different Classes.  The Debtors believe that the classification of Claims and Interests under the Plan complies with the requirements of the Bankruptcy Code because the Classes established under the Plan each encompass Claims or Interests that are substantially similar to similarly classified Claims or Interests.  Nevertheless, there can be no assurance that the Bankruptcy Court will reach the same conclusion.  Parties in interest may object to the classification of certain Claims and Interests both on grounds that certain Claims and Interests have been improperly placed in the same Class and/or that certain Claims and Interests have been improperly placed in different Classes.

9.      *The Debtors May Object to the Amount or Classification of a Claim*

Except as otherwise provided in the Plan, the Debtors reserve the right to object to the amount or classification of any Claim under the Plan.  The estimates set forth in this Disclosure Statement cannot be relied on by any holder of a Claim where such Claim is subject to an objection.  Any holder of a Claim that is subject to an objection may, therefore, not receive its expected share of the estimated distributions described in this Disclosure Statement.

10.     *The Conditions Precedent to Plan Confirmation and the Effective Date of the Plan May Not Occur*

As more fully set forth in <u>Article IX</u> of the Plan, Plan Confirmation and the Effective Date are subject to a number of conditions precedent.  If such conditions precedent are not satisfied or waived, Plan Confirmation, the Effective Date, or both will not occur.

11.     *The Recovery to Holders of Allowed Claims, Abuse Claims, and Interests Cannot Be Stated with Absolute Certainty*

Due to the inherent uncertainties associated with projecting financial results and litigation outcomes, the projections contained in this Disclosure Statement should not be considered assurances or guarantees of the amount of funds or the amount of Claims that may be allowed in the various Classes.  While the Debtors believe that the financial projections contained in this Disclosure Statement are reasonable, there can be no assurance that they will be realized.  Also, because the Liquidation Analysis, distribution projections, and other information contained herein and attached hereto are estimates only, the timing and amount of actual distributions to

146

holders of Allowed Claims and Abuse Claims satisfied by the Settlement Trust in accordance with the Trust Distribution Procedures, if applicable, may be affected by many factors that cannot be predicted.

### 12. Appointment of Different Settlement Trustee and/or Different Members of the Settlement Trust Advisory Committee for the Settlement Trust

Prior to the Confirmation Hearing, the Plan Supplement shall identify the initial Settlement Trustee of the Settlement Trust and the initial members of the Settlement Trust Advisory Committee. Parties-in-interest, however, may object to the proposed Settlement Trustee, or one or more of the proposed members of the Settlement Advisory Committee. In that case, an alternate Settlement Trustee and/or alternative proposed members of the Settlement Trust Advisory Committee would have to be nominated, potentially resulting in significant delays in the occurrence of the Confirmation Date and Effective Date. The selection of a different Settlement Trustee or different Settlement Trust Advisory Committee Members also could materially affect administration of the Settlement Trust.

### 13. Distributions under the Trust Distribution Procedures

Abuse Claims will be resolved pursuant to the Settlement Trust Documents, and their treatment will be based upon, among other things, estimates of the number, types, and amount of Abuse Claims, the value of the assets of the Settlement Trust, the liquidity of the Settlement Trust, the Settlement Trust's expected future income and expenses, and other matters. There can be no certainty as to the precise amounts that will be distributed by the Settlement Trust in any particular time period or when Settlement Claims will be resolved by the Settlement Trust.

### 14. Participation by Local Councils and Contributing Chartered Organizations

The Plan contemplates participation by the Local Councils and Contributing Chartered Organizations, including through the Local Council Settlement Contribution and Contributing Organization Settlement Contribution to the Settlement Trust. However, there can be no assurance that the Local Councils or Contributing Chartered Organizations will agree to make the required contributions or that the level of contributions will be acceptable to other parties in these Chapter 11 Cases or satisfy the requirements for obtaining approval of the Channeling Injunction by the Bankruptcy Court. Any failure to contribute by the Local Councils and/or the Contributing Chartered Organizations and/or objections to the level of the Local Council Settlement Contribution and the Contributing Organization Settlement Contribution could result in material affects to the Plan, resulting in significant delays to the occurrence of the Confirmation Date and Effective Date, amendment to the Plan, and/or significant alterations to the current structure contemplated by the Plan.

### 15. U.S. Federal Income Tax Risks

For a discussion of certain U.S. federal income tax consequences of the implementation of the Plan to the Debtors and to holders of certain Claims and Interests, see Article X of this Disclosure Statement.

16.    *Risk of Non-Occurrence of the Effective Date*

Although the Debtors believe that the Effective Date will occur soon after the Confirmation Date, there can be no assurance as to the timing of the Effective Date. If the conditions precedent to the Effective Date set forth in the Plan have not occurred or have not been waived as set forth in <u>Article IX</u> of the Plan, then the Confirmation Order may be vacated, in which event no distributions would be made under the Plan, the Debtors and all holders of Claims or Interests would be restored to the status quo as of the day immediately preceding the Confirmation Date, and the Debtors' obligations with respect to Claims and Interests would remain unchanged. Any delay to the Confirmation Date may materially negatively impact the Debtors' business and may result in a liquidation.

17.    *Amendment of Plan Prior to Confirmation by the Debtors*

The Debtors, subject to the terms and conditions of the Plan, reserve the right to modify the terms and conditions of the Plan or waive any conditions thereto if and to the extent necessary or desirable for confirmation. The potential impact of any such amendment or waiver on holders of Claims and Interests cannot presently be foreseen but may include a change in the economic impact of the Plan on some or all of the proposed Classes or a change in the relative rights of such Classes.

18.    *Financial Projections*

The Debtors have prepared financial projections on a consolidated basis with respect to the Reorganized BSA and Related Non-Debtor Entities based on certain assumptions, as set forth in **Exhibit C** hereto. The projections have not been compiled, audited, or examined by independent accountants, and neither the Debtors nor their advisors make any representations or warranties regarding the accuracy of the projections or the ability to achieve forecasted results.

Many of the assumptions underlying the projections are subject to significant uncertainties that are beyond the control of the Debtors or Reorganized BSA, including the timing, Confirmation, and consummation of the Plan, continued engagement with Scouting and the Reorganized BSA, and the ability of the Local Councils to continue to support the Debtors' membership. Some assumptions may not materialize, and unanticipated events and circumstances may affect the actual results. Projections are inherently subject to substantial and numerous uncertainties and to a wide variety of significant economic, and operational risks, and the assumptions underlying the projections may be inaccurate in material respects. In addition, unanticipated events and circumstances occurring after the approval of this Disclosure Statement by the Bankruptcy Court including any natural disasters, terrorist attacks, or health epidemics may affect the actual financial results achieved. Such results may vary significantly from the forecasts and such variations may be material. The Debtors' projections reflect expectations of continued donor support. However, the Debtors cannot state with certainty that such donation programs will achieve their targeted results.

19.    *Potential Settlements*

As set forth in <u>Article II.C</u> of this Disclosure Statement, the Debtors have been in negotiations with the Mediation Parties in hopes of resolving certain controversies related to the

structure of the Plan, level of contributions by the Debtors, Local Councils and Contributing Chartered Organizations and insurance-related issues, which may result in settlements pursuant to Bankruptcy Rule 9019 and may be included in the Plan.  If a Settlement Agreement is reached, the Plan may be modified prior to the Confirmation Hearing to incorporate any number of resolutions of the unresolved controversies.  The potential impact of any such settlements or resolutions on holders of Claims and Interests cannot presently be foreseen but may include a change in the economic impact of the Plan on some or all of the proposed Classes or a change in the relative rights of such Classes.

### 20.    *Insurance Contributions*

If the Debtors are unable to reach agreement on the terms of Insurance Settlement Agreements with the Insurance Companies, there is a risk that the Settlement Trust may not realize contributions from Insurance Companies, or that the Settlement Trust's efforts to realize recoveries on account of the Insurance Coverage will be the subject of litigation that is expensive and time-consuming.

### 21.    *Failure to Obtain Approval of Releases, Injunctions and Exculpation*

As set forth in <u>Article VI.P</u> of this Disclosure Statement, the Plan provides for certain Releases, Injunctions, and exculpations, including a release of Liens and third-party releases that may otherwise be asserted against the Debtors, the Reorganized BSA, the other Released Parties and their respective Related Parties, as applicable.  The Releases, Injunctions, and exculpations (including, for the avoidance of doubt, the Channeling Injunction and the definitions of Released Parties and Exculpated Parties) provided in the Plan are subject to objection by parties in interest and may not be approved.  If the Releases are not approved, certain parties may not be considered Released Parties or Exculpated Parties, and certain Released Parties or Exculpated Parties may withdraw their support for the Plan.

### 22.    *The Channeling Injunction*

The Channeling Injunction, which, among other things, bars the assertion of any Abuse Claims against the Protected Parties, is a necessary element of the Plan. Although the Plan, the Settlement Trust Agreement, and the Trust Distribution Procedures all have been drafted with the intention of complying with the Bankruptcy Code, there is no guarantee that the validity and enforceability of the Channeling Injunction or the application of the Channeling Injunction to Abuse Claims will not be challenged, either before or after confirmation of the Plan.

While the Debtors believe that the Plan satisfies the requirements of the Bankruptcy Code, certain objections might be lodged on grounds that the requirements of the Bankruptcy Code cannot be met given the unique facts of the Chapter 11 Cases.  At this juncture, the Debtors believe that the Plan provides a sufficient basis for the issuance of the Channeling Injunction under section 105(a) of the Bankruptcy Code.

### 23.    *Voting Requirements*

If sufficient votes are not received, the Debtors may seek to confirm an alternative chapter 11 plan.  There can be no assurance that the terms of any such alternative chapter 11 plan

would be similar or as favorable to the holders of Allowed Claims and Abuse Claims satisfied by the Settlement Trust in accordance with the Trust Distribution Procedures as those proposed in the Plan.

### 24.    Conversion into Chapter 7 Cases

If no plan of reorganization can be confirmed, the Debtors may choose to convert these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, pursuant to which a trustee would be appointed or elected to liquidate the Debtors' assets for distribution in accordance with the priorities established by the Bankruptcy Code.  Under section 1112(c) of the Bankruptcy Code, the Chapter 11 Cases may not be converted to cases under chapter 7 without the Debtors' consent.

### 25.    Dismissal of the Chapter 11 Cases

If the Plan is not confirmed, the Debtors or other parties in interests may seek dismissal of the Chapter 11 Cases pursuant to section 1112 of the Bankruptcy Code. Without limitation, dismissal of the Chapter 11 Cases would terminate the automatic stay and might allow certain creditors to file litigation against the Debtors or take other action to pursue their Claims against the Debtors.  Accordingly, the Debtors believe that dismissal of the Chapter 11 Cases would significantly reduce the value of the Debtors' remaining assets.

B.    Additional Factors

### 1.    Debtors Could Withdraw the Plan

Subject to, and without prejudice to, the rights of any party in interest, the Plan may be revoked or withdrawn before the Confirmation Date by the Debtors.

### 2.    Debtors Have No Duty to Update

The statements contained in this Disclosure Statement are made by the Debtors as of the date hereof, unless otherwise specified herein, and the delivery of this Disclosure Statement after that date does not imply that there has been no change in the information set forth herein since that date.  Additionally, the Debtors have no duty to update this Disclosure Statement unless otherwise ordered to do so by the Bankruptcy Court.

### 3.    No Representations Outside this Disclosure Statement Are Authorized

No representations concerning or related to the Debtors, the Chapter 11 Cases, or the Plan are authorized by the Bankruptcy Court or the Bankruptcy Code, other than as set forth in this Disclosure Statement.  Any representations or inducements made to secure your acceptance or rejection of the Plan that are other than those contained in, or included with, this Disclosure Statement should not be relied upon in making the decision to accept or reject the Plan.

### 4. No Legal or Tax Advice Is Provided by this Disclosure Statement

The contents of this Disclosure Statement should not be construed as legal, business, or tax advice.  Each holder of a Claim or Interest should consult its own legal counsel and accountant as to legal, tax, and other matters concerning their Claim or Interest.  This Disclosure Statement is not legal advice to you.  This Disclosure Statement may not be relied upon for any purpose other than to determine how to vote on the Plan or object to confirmation of the Plan.

### 5. This Disclosure Statement May Contain Forward Looking Statements

This Disclosure Statement may contain "forward looking statements" within the meaning of the Private Securities Litigation Reform Act of 1995. Such statements consist of any statement other than a recitation of historical fact and can be identified by the use of forward looking terminology such as "may," "expect," "anticipate," "estimate" or "continue" or the negative thereof or other variations thereon or comparable terminology.  The reader is cautioned that all forward looking statements are necessarily speculative and there are certain risks and uncertainties that could cause actual events or results to differ materially from those referred to in such forward looking statements.  The liquidation analysis, distribution projections or other information contained herein and attached hereto are estimates only, and the timing and amount of actual distributions to holders of Allowed Claims and Abuse Claims satisfied by the Settlement Trust in accordance with the Trust Distribution Procedures may be affected by many factors that cannot be predicted.  Therefore, any analyses, estimates or recovery projections may or may not turn out to be accurate.

### 6. No Admission Made

Nothing contained herein or in the Plan shall constitute an admission of, or shall be deemed evidence of, the tax or other legal effects of the Plan on the Debtors or holders of Claims or Interests.

## ARTICLE X. CERTAIN UNITED STATES FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN

The following discussion is a summary of certain U.S. federal income tax consequences of the Plan and is for general information purposes only.  This summary should not be relied upon for purposes of determining the specific tax consequences of the Plan with respect to a particular holder of a Claim or Interest.  This discussion does not purport to be a complete analysis or listing of all potential tax considerations.

This discussion is based on existing provisions of the Internal Revenue Code of 1986, as amended (the "Code"), existing and proposed Treasury Regulations promulgated thereunder, and current administrative rulings and court decisions.  Legislative, judicial, or administrative changes or interpretations enacted or promulgated after the date hereof could alter or modify the analyses set forth below with respect to the U.S. federal income tax consequences of the Plan.  Any such changes or interpretations may be retroactive and could significantly affect the U.S. federal income tax consequences of the Plan.

Due to the lack of definitive judicial and administrative authority in a number of areas, substantial uncertainty may exist with respect to some of the tax consequences described below. No ruling has been requested or obtained from the IRS with respect to any tax aspects of the Plan and no opinion of counsel has been sought or obtained with respect thereto. The discussion below is not binding upon the IRS or any court. No assurance can be given that the IRS would not assert, or that a court would not sustain, a different position than any position discussed herein. No representations or assurances are being made to the holders of Claims or Interests with respect to the U.S. federal income tax consequences described herein. Except as specifically set forth below, this discussion addresses only holders of Claims or Interests that are "United States persons" (within the meaning of Section 7701(a)(30) of the Code).

**ACCORDINGLY, THE FOLLOWING SUMMARY OF CERTAIN U.S. FEDERAL INCOME TAX CONSEQUENCES IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT A SUBSTITUTE FOR CAREFUL TAX PLANNING AND ADVICE BASED UPON THE INDIVIDUAL CIRCUMSTANCES PERTAINING TO A HOLDER OF A CLAIM OR INTEREST. ALL HOLDERS OF CLAIMS OR INTERESTS ARE URGED TO CONSULT THEIR OWN TAX ADVISORS FOR THE FEDERAL, STATE, LOCAL AND NON-U.S. TAX CONSEQUENCES OF THE PLAN.**

A.      The Settlement Trust

On the Confirmation Date, the Settlement Trust shall be established in accordance with the Trust Documents. The Settlement Trust is intended to qualify as a "qualified settlement fund" ("QSF") pursuant to Treasury Regulation section 1.468B-1. The Protected Parties are the "transferors" within the meaning of Treasury Regulation Section 1.468B-1(d)(1). The Settlement Trustee shall be classified as the "administrator" within the meaning of Treasury Regulation Section 1.468B-2(k)(3). The Trust Documents, including the Settlement Trust Agreement, are incorporated herein by reference.

The primary tax consequences of the Settlement Trust being characterized as a QSF are the following:

1.      The Settlement Trust must use a calendar taxable year and the accrual method of accounting.

2.      If the Protected Parties fund the Settlement Trust with appreciated property, the Protected Parties are deemed to sell the property to the Settlement Trust. Accordingly, any gain or loss from the deemed sale must be reported by the Protected Parties.

3.      The Settlement Trust takes a fair market value basis in property contributed to it by the Protected Parties.

4.      The Settlement Trust's gross income less certain modifications is taxable at the highest federal tax rate applicable to trusts and estates. The Protected Parties' funding of the Settlement Trust with Cash and other property is not reported by the Settlement Trust as taxable income. However, earnings recognized from, for example, the short-term investment of the Settlement Trust's funds will be subject to tax.

5.      The Settlement Trust may deduct from its gross income a limited number of administrative expenses; the Settlement Trust is not entitled to deduct distributions paid to its beneficiaries.

6.      The Settlement Trust will have a separate taxpayer identification number and will be required to file annual tax returns (which are due on March 15, or later if an extension is granted under applicable law).  The Settlement Trust will also be required to comply with a number of other administrative tax rules including filing information returns (generally IRS Form 1099) when approved payments are made to claimants.

B.      Holders of Claims

The federal income tax consequences to a holder of a Claim receiving, or entitled to receive, a distribution in partial or total satisfaction of a Claim may depend on a number of factors, including the nature of the Claim, the claimants' method of accounting, and their own particular tax situation.  Because each claimant's tax situation differs, claimants should consult their own tax advisors to determine how the Plan affects them for federal, state and local tax purposes, based on their particular tax situations.

Among other things, the federal income tax consequences of a distribution to a claimant may depend initially on the nature of the original transaction pursuant to which the Claim arose.  For example, a distribution in repayment of the principal amount of a loan is generally not included in the claimant's gross income.  A distribution to a holder of an Abuse Claim may not be taxable as it may be considered compensation for personal injuries.  The federal income tax consequences of a distribution to a claimant may also depend on whether the item to which the distribution relates has previously been included in the claimant's gross income or has previously been subject to a loss or bad debt deduction.   For example, if a distribution is made in satisfaction of a receivable acquired in the ordinary course of the claimant's trade or business, and the claimant had previously included the amount of such receivable distribution in his or her gross income under his or her method of accounting, and had not previously claimed a loss or bad debt deduction for that amount, the receipt of the distribution should not result in additional income to the claimant but may, as discussed below, result in a loss.

Conversely, if the claimant had previously claimed a loss or bad debt deduction with respect to the item previously included in income, the claimant generally would be required to include the amount of the distribution in income when received.

A claimant receiving a distribution in satisfaction of his or her Claim generally may recognize taxable income or loss measured by the difference between (i) the amount of Cash and the fair market value (if any) of the property received and (ii) its adjusted tax basis in the Claim.  For this purpose, the adjusted tax basis may include amounts previously included in income (less any bad debt or loss deduction) with respect to that item.  This income or loss may be ordinary income or loss if the distribution is in satisfaction of accounts or notes receivable acquired in the ordinary course of the claimant's trade or business for the performance of services or for the sale of goods or merchandise.  In addition, if a claimant had claimed an ordinary bad debt deduction for the worthlessness of his or her Claim in whole or in part in a prior taxable year, any income realized by the claimant as a result of receiving a distribution may be taxed as ordinary income to

the extent of the ordinary deduction previously claimed.  Generally, the income or loss will be capital gain or loss if the Claim is a capital asset in the claimant's hands.

Subject to the qualifications and limitations set forth above:

1. A holder of a Class 3A, 3B, 4A, or 4B Claim may recognize gain or loss pursuant to the Plan depending on whether the receipt of the Claim under the Restated Credit Facility Documents or under the Restated Bond Documents, as applicable, in satisfaction of its existing Claim is treated as a taxable exchange for U.S. federal income tax purposes.  The tax treatment of the receipt of such Claim pursuant to the Plan is unclear – although it seems likely under applicable law that the receipt of the Claims would be treated as a taxable exchange.  Holders of Class 3A, 3B, 4A, or 4B Claims are strongly urged to consult their own tax advisors regarding the specific tax consequences of the transactions described in the Plan.

2. A holder of a Class 5 Claim generally will recognize gain or loss measured by the difference between (i) the amount of the cash and the fair market value (if any) of the property received and (ii) its adjusted tax basis in the Convenience Claim.

3. A holder of a Class 6 Claim generally will recognize gain or loss measured by the difference between (i) the U.S. dollar value of such holder's Pro Rata Share of the Core Value Cash Pool received and the fair market value (if any) of the property received and (ii) its adjusted tax basis in the General Unsecured Claim.

4. A holder of a Class 7 Claim generally will recognize gain or loss measured by the difference between (i) the amount of cash received from (a) available Insurance Coverage, (b) applicable proceeds of any Insurance Settlement Agreements, and (c) co-liable non-debtors (if any) or their insurance coverage, and (ii) its adjusted tax basis in the Non-Abuse Litigation Claim, unless such holder elects to have its Claim treated as an Allowed Convenience Claim.  A holder of a Class 7 Claim that elects to have its Claim treated as an Allowed Convenience Claim generally will recognize gain or loss measured by the difference between (i) the amount of the cash and the fair market value (if any) of the property received and (ii) its adjusted tax basis in the Non-Abuse Litigation Claim.

5. A holder of a Class 8 Claim generally will recognize gain or loss measured by the difference between (i) the amount of the cash and the fair market value (if any) of the property received and (ii) its adjusted tax basis in the Direct Abuse Claim.

6. A holder of a Class 9 Claim generally will recognize gain or loss measured by the difference between (i) the amount of the cash and the fair market value (if

any) of the property received and (ii) its adjusted tax basis in the Indirect Abuse Claim.

C.      Holders that are Non-United States Persons

Holders of Claims that are not "United States persons" (within the meaning of Section 7701(a)(30) of the Code) generally will not be subject to U.S. federal income tax with respect to property (including Cash) received in exchange for such Claims, unless (i) such holder is engaged in a trade or business in the United States to which income, gain or loss from the exchange is "effectively connected" for U.S. federal income tax purposes, or (ii) if such holder is an individual, such holder is present in the United States for 183 days or more during the taxable year of the exchange and certain other requirements are met.

## ARTICLE XI.  CONCLUSION AND RECOMMENDATION

In the opinion of the Debtors, the Plan is preferable to all other available alternatives and provides for a larger and more timely distribution to the Debtors' creditors than would otherwise result from any other scenario.  Any alternative to Confirmation of the Plan, moreover, could result in extensive delays, increased administrative expenses, reduced financial performance, and a potential liquidation.  Accordingly, the Debtors believe that the Plan provides the best available recovery to their stakeholders and should be confirmed.

Dated: March 1, 2021

Boy Scouts of America

BSA Delaware, LLC


*/s/ Roger C. Mosby*

Roger C. Mosby
Chief Executive Officer and President

## <u>EXHIBIT A</u>

## PLAN OF REORGANIZATION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR
BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
         mlinder@whitecase.com
         laura.baccash@whitecase.com
         blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email: dabbott@morrisnichols.com
         aremming@morrisnichols.com
         emoats@morrisnichols.com
         ptopper@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*

Dated: March 1, 2021
        Wilmington, Delaware

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

## TABLE OF CONTENTS

Article I. Definitions and Rules of Interpretation ...........................................................................1

    A.    Definitions...........................................................................................................1

    B.    Interpretation; Application of Definitions and Rules of Construction..................34

    C.    Reference to Monetary Figures..........................................................................34

    D.    Controlling Document .......................................................................................34

Article II. Administrative Expense and Priority Claims ..................................................................35

    A.    Administrative Expense Claims..........................................................................35

    B.    Priority Tax Claims ...........................................................................................36

Article III. Classification and Treatment of Claims and Interests ..................................................37

    A.    Classification of Claims and Interests................................................................37

    B.    Treatment of Claims and Interests ....................................................................38

    C.    Elimination of Vacant Classes ..........................................................................44

    D.    Cramdown .........................................................................................................44

Article IV. Settlement Trust............................................................................................................44

    A.    Establishment of the Settlement Trust ...............................................................44

    B.    Purposes of the Settlement Trust .......................................................................44

    C.    Transfer of Claims to the Settlement Trust.........................................................45

    D.    Transfer of Settlement Trust Assets to the Settlement Trust ...............................45

    E.    Settlement Trustee ............................................................................................46

    F.    Settlement Trust Advisory Committee ...............................................................46

    G.    Trust Distribution Procedures ...........................................................................46

    H.    Settlement Trust Expenses ................................................................................47

    I.    Indemnification by Settlement Trust .................................................................47

    J.    Investment Guidelines ......................................................................................47

    K.    Excess Settlement Trust Assets .........................................................................47

    L.    Cooperation Agreement.....................................................................................47

    M.    Privileged Information .......................................................................................47

    N.    No Liability.......................................................................................................48

    O.    U.S. Federal Income Tax Treatment of the Settlement Trust ..............................48

    P.    Institution and Maintenance of Legal and Other Proceedings.............................48

    Q.    Expungement of Abuse Claims from the Claims Register ...................................48

Article V. Means for Implementation of the Plan............................................................................49

    A.    General ..............................................................................................................49

B.     Operations of the Debtors between Confirmation and the Effective Date ...........49

C.     BSA Governance Documents ..................................................................................49

D.     Continued Legal Existence of BSA .........................................................................49

E.     Reorganized BSA's Directors and Senior Management..........................................49

F.     Dissolution of Delaware BSA..................................................................................49

G.     Due Authorization...................................................................................................49

H.     Cancellation of Interests ........................................................................................50

I.     Restatement of Indebtedness..................................................................................50

J.     Cancellation of Liens ..............................................................................................50

K.     Effectuating Documents and Further Transactions................................................50

L.     Sources of Consideration for Distributions............................................................51

M.     Resolution of Abuse Claims ...................................................................................51

N.     Funding by the Settlement Trust............................................................................51

O.     Core Value Cash Pool .............................................................................................51

P.     Creditor Representative ..........................................................................................51

Q.     Residual Cash in Core Value Cash Pool .................................................................52

R.     Compromise and Settlement of Claims, Interests and Controversies....................52

S.     Good-Faith Compromise and Settlement................................................................54

T.     Restated Debt and Security Documents..................................................................55

U.     Foundation Loan .....................................................................................................57

V.     Pension Plan............................................................................................................58

W.     Single Satisfaction of Allowed General Unsecured Claims ...................................58

X.     Exemption from Certain Transfer Taxes and Recording Fees................................58

Article VI. Executory Contracts and Unexpired Leases ..................................................................59

A.     Assumption and Rejection of Executory Contracts and Unexpired Leases ..........59

B.     Rejection Damages Claims .....................................................................................60

C.     Cure of Defaults under Executory Contracts and Unexpired Leases ....................60

D.     Dispute Resolution..................................................................................................61

E.     Contracts and Leases Entered into After the Petition Date....................................62

F.     Directors and Officers Insurance Policies..............................................................62

G.     Insurance Policies ...................................................................................................62

H.     Compensation and Benefits Programs ...................................................................63

I.     Restoration Plan and Deferred Compensation Plan...............................................63

J.     Workers' Compensation Program...........................................................................63

K.   Indemnification Obligations ................................................................64

L.   Gift Annuity Agreements and Life-Income Agreements.......................64

M.   Modifications, Amendments, Supplements, Restatements, or Other Agreements ...........................................................................................64

N.   Reservation of Rights...........................................................................64

O.   Nonoccurrence of Effective Date; Bankruptcy Code Section 365(d)(4) ...............65

Article VII. Provisions Governing Distributions .................................................................65

A.   Applicability .......................................................................................65

B.   Distributions Generally .......................................................................65

C.   Distributions on Account of Certain Claims Allowed as of the Effective Date ...65

D.   Distributions on Account of Allowed General Unsecured Claims ........65

E.   Distributions on Account of Disputed Claims Allowed After the Effective Date ...........................................................................................65

F.   Rights and Powers of Disbursing Agent ..............................................65

G.   Delivery of Distributions and Undeliverable or Unclaimed Distributions ...........66

H.   Undeliverable and Non-Negotiated Distributions ................................67

I.   Manner of Payment under the Plan.......................................................67

J.   Satisfaction of Claims .........................................................................67

K.   Minimum Cash Distributions...............................................................67

L.   Postpetition Interest ............................................................................67

M.   Setoffs ................................................................................................68

N.   Claims Paid or Payable by Third Parties .............................................68

O.   Compliance with Tax Requirements and Allocations ..........................69

Article VIII. Procedures for Resolving Contingent, Unliquidated, and Disputed Claims............69

A.   Applicability .......................................................................................69

B.   Allowance of Claims............................................................................69

C.   Claims Administration Responsibilities ...............................................69

D.   Estimation of Claims...........................................................................70

E.   No Distributions Pending Allowance ...................................................70

F.   Distributions after Allowance ..............................................................70

G.   Disputed Claims Reserve .....................................................................70

H.   Reimbursement or Contribution ...........................................................71

I.   Adjustment to Claims Register without Objection ................................72

J.   Time to File Objections to Claims ........................................................72

K.   Disallowance of Certain Claims ...........................................................72

L.    Amendments to Proofs of Claim ................................................................72

Article IX. Conditions Precedent to Confirmation and Effective Date .............................72

    A.    Conditions Precedent to Confirmation of the Plan ................................72

    B.    Conditions Precedent to the Effective Date ...........................................74

    C.    Waiver of Conditions Precedent to the Effective Date .........................75

    D.    Substantial Consummation of the Plan ...................................................75

    E.    *Vacatur* of Confirmation Order; Non-Occurrence of Effective Date ..................75

Article X. Effect of Plan Confirmation .............................................................................76

    A.    Vesting of Assets in Reorganized BSA ..................................................76

    B.    Retention of Certain Causes of Action ...................................................76

    C.    Binding Effect .........................................................................................76

    D.    Pre-Confirmation Injunctions and Stays ................................................76

    E.    Discharge .................................................................................................77

    F.    **Channeling Injunction** ..........................................................................78

    G.    Provisions Relating to Channeling Injunctions ......................................79

    H.    **Insurance Entity Injunction** .................................................................80

    I.    **Injunction against Interference with Plan** ..........................................82

    J.    **Releases** ..................................................................................................82

    K.    **Exculpation** ............................................................................................85

    L.    **Injunctions Related to Releases and Exculpation** ..............................85

    M.    Insurance Provisions ...............................................................................86

    N.    Reservation of Rights ..............................................................................87

    O.    Disallowed Claims ..................................................................................87

    P.    No Successor Liability .............................................................................88

    Q.    Indemnities ..............................................................................................88

    R.    The Official Committees and the Future Claimants' Representative ..................89

Article XI. Retention of Jurisdiction ..................................................................................89

    A.    Jurisdiction ..............................................................................................89

    B.    General Retention ...................................................................................89

    C.    Specific Purposes ....................................................................................90

    D.    Courts of Competent Jurisdiction ...........................................................92

Article XII. MISCELLANEOUS PROVISIONS ...............................................................92

    A.    Closing of Chapter 11 Cases ..................................................................92

    B.    Amendment or Modification of the Plan ................................................93

C.     Revocation or Withdrawal of Plan .......................................................................93

D.     Request for Expedited Determination of Taxes ..................................................93

E.     Non-Severability of Plan Provisions ...................................................................93

F.     Notices ..................................................................................................................94

G.     Notices to Other Persons .....................................................................................95

H.     Governing Law .....................................................................................................95

I.      Immediate Binding Effect ....................................................................................95

J.     Timing of Distributions or Actions ......................................................................95

K.     Deemed Acts ........................................................................................................95

L.     Entire Agreement .................................................................................................95

M.     Plan Supplement ..................................................................................................96

N.     Withholding of Taxes ...........................................................................................96

O.     Payment of Quarterly Fees ...................................................................................96

P.     Duty to Cooperate ................................................................................................96

Q.     Effective Date Actions Simultaneous ..................................................................96

R.     Consent to Jurisdiction .........................................................................................96

## EXHIBITS

| | |
|---|---|
| Exhibit A | Contributing Chartered Organization Settlement Contribution |
| Exhibit B | Contributing Chartered Organizations |
| Exhibit C | Foundation Loan Facility Term Sheet |
| Exhibit D | Local Council Settlement Contribution |
| Exhibit E | Local Councils |
| Exhibit F | Related Non-Debtor Entities |

## SCHEDULES

| | |
|---|---|
| Schedule 1 | Artwork |
| Schedule 2 | BSA Insurance Policies |
| Schedule 3 | Local Council Insurance Policies |
| Schedule 4 | Oil and Gas Interests |

## PLAN SUPPLEMENT DOCUMENTS

Amended BSA Bylaws
Assumed Contracts and Unexpired Leases Schedule
Cooperation Agreement
Creditor Representative
Directors and Officers of Reorganized BSA
Foundation Loan Agreement
Leaseback Requirement Agreement
Rejected Contracts and Unexpired Leases Schedule;
Restated 2010 Bond Documents
Restated 2012 Bond Documents
Restated Credit Facility Documents
Restated Security Agreement
Settlement Trust Advisory Committee
Settlement Trust Agreement
Settlement Trustee
Trust Distribution Procedures

# INTRODUCTION

Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases, hereby propose this plan of reorganization pursuant to section 1121(a) of the Bankruptcy Code.[2] Capitalized terms used herein shall have the meanings ascribed to such terms in Article I.A. The Debtors are the proponents of the Plan within the meaning of section 1129 of the Bankruptcy Code. Reference is made to the Disclosure Statement for a discussion of the Debtors' history, charitable mission, operations, projections for those operations, risk factors, and certain related matters. The Disclosure Statement also provides a summary and analysis of the Plan. YOU ARE URGED TO READ THE DISCLOSURE STATEMENT AND THE PLAN WITH CARE IN EVALUATING HOW THE PLAN WILL AFFECT YOUR CLAIM(S) BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

# ARTICLE I.

## DEFINITIONS AND RULES OF INTERPRETATION

A.    <u>Definitions</u>.    The capitalized terms used in the Plan shall have the respective meanings set forth below.

1.    "<u>2010 Bond</u>" means The County Commission of Fayette County (West Virginia) Commercial Development Revenue Bond (Arrow WV Project) Series 2010B in an aggregate principal amount of $50,000,000, issued by the Bond Issuer pursuant to the 2010 Bond Agreement, the proceeds of which were loaned to the BSA pursuant to the 2010 Note.

2.    "<u>2010 Bond Agreement</u>" means that certain Bond Purchase and Loan Agreement dated as of November 5, 2010, by and among the Bond Issuer, JPM, the BSA and Arrow, as amended, restated, supplemented or otherwise modified from time to time.

3.    "<u>2010 Bond Claim</u>" means any Claim against the Debtors arising under, derived from, or based upon the 2010 Bond Documents, including any Claim for obligations, indebtedness, and liabilities of the BSA arising pursuant to any of the 2010 Bond Documents, whether now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several, or joint and

---

[2]    As described in the *First Mediators' Report* filed on March 1, 2021 at Docket No. 2292 (the "<u>Mediators' Report</u>"), the Debtors, JPM, and the Creditors' Committee have reached an agreement in principle on the terms of a settlement that the Debtors have incorporated into the Plan. The terms of the settlement are described in the term sheet attached to the Mediators' Report as <u>Exhibit A</u> (the "<u>Settlement Term Sheet</u>"). The Settlement Term Sheet addresses, among other things, the treatment of non-abuse general unsecured claims and JPM's secured claims and the resolution of estate challenges to JPM's prepetition security interests, including any such challenges that the Creditors' Committee could seek standing to pursue. Although the settlement memorialized in the Settlement Term Sheet has been finalized, the Settlement Term Sheet remain subject to definitive documentation in all respects. JPM and the Creditors' Committee are continuing to review the Plan and the Disclosure Statement, and each of their respective rights are reserved with respect to the Plan and the Disclosure Statement, including to ensure that the Plan and the Disclosure Statement appropriately implement the terms and conditions of the Settlement Term Sheet.

several, including the obligation of the BSA to repay the 2010 Note, interest on the 2010 Note, and all fees, costs, expenses and obligations of any kind or character due or recoverable from the Debtors under the 2010 Bond Documents.

4.　"2010 Bond Documents" means collectively, the 2010 Bond, the 2010 Bond Agreement, the 2010 Note, the Prepetition Security Documents (2019), the Prepetition Security Agreement (2020) (in the case of the Prepetition Security Documents (2019) and the Prepetition Security Agreement (2020), solely as such documents and agreements pertain to obligations under the other 2010 Bond Documents), and all documentation executed and delivered in connection therewith, as amended, restated, supplemented or otherwise modified from time to time.

5.　"2010 Credit Agreement" means that certain Credit Agreement dated as of August 11, 2010, by and between the BSA, as borrower, and JPM, as lender, as amended by that certain First Amendment to Credit Agreement dated as of November 5, 2010, that certain Second Amendment to Credit Agreement dated as of November 11, 2011, that certain Third Amendment to Credit Agreement dated as of March 9, 2012, that certain Fourth Amendment to Credit Agreement dated as of April 25, 2016, that certain Fifth Amendment to Credit Agreement dated as of March 2, 2017, that certain Sixth Amendment to Credit Agreement dated as of February 15, 2018, and that certain Seventh Amendment to Credit Agreement, dated as of March 21, 2019, pursuant to which JPM agreed to make term loans to the BSA in an aggregate amount of $25,000,000 and agreed to make revolving loans to the BSA and issue letters of credit on behalf of the BSA in an aggregate amount not to exceed $75,000,000.

6.　"2010 Credit Facility Claim" means any Claim against the Debtors arising under, derived from, or based upon the 2010 Credit Facility Documents, including any Claim for obligations, indebtedness, and liabilities of the BSA arising pursuant to any of the 2010 Credit Facility Documents, whether now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several, including the obligation of the BSA to pay principal and interest, and all fees, costs, expenses and other obligations of any kind or character due or recoverable under the 2010 Credit Facility Documents.

7.　"2010 Credit Facility Documents" means, collectively, the 2010 Credit Agreement, the Prepetition Security Documents (2019), the Prepetition Security Agreement (2020) (in the case of the Prepetition Security Documents (2019) and the Prepetition Security Agreement (2020), solely as such documents and agreements pertain to obligations under the other 2010 Credit Facility Documents), and all documentation executed and delivered in connection therewith, as amended, restated, supplemented or otherwise modified from time to time.

8.　"2010 Note" means that certain Promissory Note – 2010B executed by the BSA, as borrower, and payable to the order of the Bond Issuer in the original principal amount of $50,000,000, which note was pledged by the Bond Issuer to JPM pursuant to the 2010 Bond Agreement to secure the repayment of the 2010 Bond, as amended, restated, supplemented or otherwise modified from time to time.

9.     "2012 Bond" means The County Commission of Fayette County (West Virginia) Commercial Development Revenue Bond (Arrow WV Project), Series 2012, in an aggregate principal amount of $175,000,000, issued by the Bond Issuer pursuant to the 2012 Bond Agreement, the proceeds of which were loaned to the BSA pursuant to the 2012 Note.

10.     "2012 Bond Agreement" means that certain Bond Purchase and Loan Agreement dated as of March 9, 2012, between the Bond Issuer, JPM, the BSA and Arrow, as amended, restated, supplemented or otherwise modified from time to time.

11.     "2012 Bond Claim" means any Claim against the Debtors arising under, derived from, or based upon the 2012 Bond Documents, including any Claim for obligations, indebtedness, and liabilities of the BSA arising pursuant to any of the 2012 Bond  Documents, whether now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several, including the obligation of the BSA to repay the 2012 Note, interest on the 2012 Note, and all fees, costs, expenses and obligations of any kind or character due or recoverable from the Debtors under the 2012 Bond Documents.

12.     "2012 Bond Documents" means collectively, the 2012 Bond, the 2012 Bond Agreement, the 2012 Note, the Prepetition Security Documents (2019), the Prepetition Security Agreement (2020) (in the case of the Prepetition Security Documents (2019) and the Prepetition Security Agreement (2020), solely as such documents and agreements pertain to obligations under the other 2012 Bond Documents), and all documentation executed and delivered in connection therewith, as amended, restated, supplemented or otherwise modified from time to time.

13.     "2012 Note" means that certain Promissory Note – 2012, executed by the BSA, as borrower, and payable to the order of the Bond Issuer in the original principal amount of $175,000,000, which note was pledged by the Bond Issuer to JPM pursuant to the 2012 Bond Agreement to secure the repayment of the 2012 Bond, as amended, restated, supplemented or otherwise modified from time to time.

14.     "2019 RCF Agreement" means that certain Credit Agreement, dated as of March 21, 2019, by and between the BSA, as borrower, and JPM, as lender, pursuant to which JPM agreed to make revolving loans to the BSA and issue letters of credit on behalf of the BSA in an aggregate amount not to exceed $71,500,000, the maturity date of which was extended pursuant to that certain Consent to Extension of Maturity Date dated as of January 16, 2020.

15.     "2019 RCF Claim" means any Claim against the Debtors arising under, derived from, or based upon the 2019 RCF Documents, including any Claim for obligations, indebtedness, and liabilities of the BSA arising pursuant to any of the 2019 RCF Documents, whether now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several, including the obligation of the BSA to pay principal and interest, and all fees,

3

costs, expenses and other obligations of any kind or character due or recoverable under the 2019 RCF Documents.

16.    "2019 RCF Documents" means, collectively, the 2019 RCF Agreement, the Prepetition Security Documents (2019), the Prepetition Security Agreement (2020) (in the case of the Prepetition Security Documents (2019) and the Prepetition Security Agreement (2020), solely as such documents and agreements pertain to obligations under the other 2019 RCF Documents), and all documentation executed and delivered in connection therewith, as amended, restated, supplemented or otherwise modified from time to time.

17.    "Abuse" means sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault or battery, rape, pedophilia, ephebophilia, sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or interactions of a sexual nature, including the use of photography, video, or digital media, or other physical abuse or bullying or harassment without regard to whether such physical abuse or bullying is of a sexual nature, between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult.

18.    "Abuse Claim" means a liquidated or unliquidated Claim against a Protected Party that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by a Protected Party or any other Person for whom any Protected Party is alleged to be responsible.  Notwithstanding the foregoing, with respect to any Contributing Chartered Organization, the term "Abuse Claim" shall be limited to any Claim that is attributable to, arises from, is based upon, relates to, or results from, Abuse that occurred prior to the Petition Date and that arose in connection with the Contributing Chartered Organization's sponsorship of one or more Scouting units.  Abuse Claims include any Future Abuse Claims, any Indirect Abuse Claims, and any Claim that is attributable to, arises from, is based upon, relates to, or results from, Abuse regardless of whether, as of the Petition Date, such Claim is barred by any applicable statute of limitations.

19.    "Abuse Claims Settlement" has the meaning ascribed to such term in Article V..R.

4

20.     "Accrued Professional Fees" means, as of any date, and regardless of whether such amounts are billed or unbilled, all of a Professional's accrued fees and reimbursable expenses for services rendered in the Chapter 11 Cases up to and including such date, whether or not such Professional has then filed an application for the Allowance and payment of such fees and expenses: (a) to the extent that any such fees and expenses have not been previously paid; and (b) after each Professional has applied to such accrued fees and expenses the balance of any retainer that has been provided by the Debtors to such Professional.  No amount of a Professional's fees or expenses denied by a Final Order of the Bankruptcy Court shall constitute Accrued Professional Fees.

21.     "Ad Hoc Committee" means the Ad Hoc Committee of Local Councils of the Boy Scouts of America.

22.     "Administrative Expense Claim" means any right to payment from the Debtors that constitutes a cost or expense of administration incurred during the Chapter 11 Cases of the kind specified under 503(b) of the Bankruptcy Code and entitled to priority under sections 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses of preserving the Estates or continuing the operations of the Debtors incurred during the period from the Petition Date to the Effective Date; (b) Professional Fee Claims; and (c) Quarterly Fees.

23.     "Affiliate" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

24.     "Affirmation Order" means an order of the District Court affirming Confirmation of the Plan and issuing or affirming the issuance of the Channeling Injunction in favor of the Protected Parties.

25.     "Allowed" has the following meanings for Non-Abuse Claims:

a.     with respect to any Claim that is asserted to constitute an Administrative Expense Claim: (i) a Claim that represents an actual and necessary cost or expense of preserving the Estates or continuing the operations of the Debtors incurred during the period from the Petition Date to the Effective Date for which a request for payment is filed, (A) to the extent such Claim is determined by the Debtors to constitute an Administrative Expense Claim or allowed by a Final Order of the Bankruptcy Court or (B) as to which no objection to allowance has been interposed and not withdrawn within the applicable period fixed by the Plan or applicable law; (ii) other than with respect to a Professional Fee Claim, a Claim that arises during the period from the Petition Date to the Effective Date for which a request for payment is filed that is Disputed by the Debtors, which Claim is allowed in whole or in part by a Final Order of the Bankruptcy Court to the extent that such allowed portion is determined by a Final Order to constitute a cost or expense of administration under sections 503(b) and 507(a)(1) of the Bankruptcy Code; (iii) a Claim that arises during the period from the Petition Date to the Effective Date in the ordinary course of the Debtors' non-profit operations that is determined by the Debtors to constitute an Administrative

5

Expense Claim; or (iv) a Professional Fee Claim, to the extent allowed by a Final Order of the Bankruptcy Court;

        b.      with respect to any 2010 Credit Facility Claim, 2019 RCF Claim, 2010 Bond Claim, or 2012 Bond Claim, any such Claim that is expressly allowed as provided under <u>Article III</u>; and

        c.      with respect to any Priority Tax Claim, Other Priority Claim, Other Secured Claim, Convenience Claim, General Unsecured Claim, Non-Abuse Litigation Claim, or any portion of any of the foregoing, a Claim that is: (i) listed in the Schedules as not being disputed, contingent or unliquidated and with respect to which no contrary or superseding Proof of Claim has been filed, and that has not been paid pursuant to an order of this Court prior to the Effective Date; (ii) evidenced by a Proof of Claim filed on or before the applicable Bar Date, not listed in the Schedules as disputed, contingent or unliquidated, and as to which no objection has been filed on or before the Claims Objection Deadline; (iii) not the subject of an objection to Allowance, which Claim (A) was filed on or before the Claims Objection Deadline and (B) has not been settled, waived, withdrawn or Disallowed pursuant to a Final Order; or (iv) expressly Allowed (x) pursuant to a Final Order, (y) pursuant to an agreement between the holder of such Claim and the Debtors or Reorganized BSA, as applicable, or (z) pursuant to the terms of the Plan. For the avoidance of doubt, a Claim evidenced by a Proof of Claim filed after the applicable Bar Date shall not be Allowed for any purposes whatsoever absent entry of a Final Order expressly Allowing such late-filed Claim.

"Allowance" and "Allowing" have correlative meanings.

26.     "<u>Amended BSA Bylaws</u>" means the amended and restated bylaws of the BSA, substantially in the form contained in the Plan Supplement.

27.     "<u>Arrow</u>" means Arrow WV, Inc., a West Virginia non-profit corporation.

28.     "<u>Arrow Collateral Assignment</u>" means that certain Collateral Assignment of Promissory Note and Credit Line Deed of Trust, dated as of March 21, 2019, by and between the BSA, as assignor, and JPM, as lender, pursuant to which BSA assigned the Arrow Intercompany Note and Arrow Deed of Trust to JPM to secure the obligations under the 2010 Credit Facility Documents, the 2019 RCF Documents, the 2010 Bond Documents, and the 2012 Bond Documents.

29.     "<u>Arrow Deed of Trust</u>" means that certain Credit Line Deed of Trust, dated as of June 30, 2010, made and executed by Arrow, as grantor, to Leslie Miller-Stover, as trustee, for the benefit of the BSA, as amended by that certain First Amendment to Credit Line Deed of Trust, dated as of March 21, 2019.

30.     "<u>Arrow Intercompany Note</u>" means that certain Amended and Restated Promissory Note dated as of March 21, 2019, issued by Arrow to the BSA in an original principal amount of $350,000,000.

31.    "Artwork" means the artwork listed on Schedule 1.

32.    "Assumed Contracts and Unexpired Leases Schedule" means the schedule of Executory Contracts or Unexpired Leases to be assumed by the BSA under the Plan and the Cure Amount for each such Executory Contract or Unexpired Lease, as set forth in the Plan Supplement, as may be amended, modified, or supplemented from time to time in accordance with the terms hereof.

33.    "Avoidance Actions" means any and all actual or potential avoidance, recovery, subordination or other Claims, causes of action or remedies that may be brought by or on behalf of the Debtors or their Estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy law, including Claims, Causes of Action or remedies under sections 502, 510, 542, 544, 545, 547 through 553, and 724(a) of the Bankruptcy Code, or under similar or related local, state, federal, or foreign statutes or common law, including preference and fraudulent transfer and conveyance laws, in each case whether or not litigation to prosecute such Claim(s), Cause(s) of Action or remedy(ies) were commenced prior to the Effective Date.

34.    "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as in effect on the Petition Date, together with all amendments, modifications, and replacements of the foregoing that are made retroactive to the Petition Date, as the same may exist on any relevant date to the extent applicable to the Chapter 11 Cases.

35.    "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware or such other court having jurisdiction over the Chapter 11 Cases.

36.    "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under 28 U.S.C. § 2075, as applicable to the Chapter 11 Cases, and the general, local, and chambers rules of the Bankruptcy Court, each as amended from time to time.

37.    "Bar Date" means (a) November 16, 2020 for any Claim (other than an Administrative Expense Claim or a Claim of a Governmental Unit), or (b) August 17, 2020 for any Claim of a Governmental Unit, in each case as established by the Bar Date Order.

38.    "Bar Date Order" means the *Order, Pursuant to 11 U.S.C. §§ 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors*, entered by the Bankruptcy Court on May 26, 2020 at Docket No. 695, as amended, modified or supplemented by order of the Bankruptcy Court from time to time.

39. "Bond Issuer" means The County Commission of Fayette County (West Virginia) in its capacity as the issuer under the 2010 Bond Agreement and the 2012 Bond Agreement.

40. "BSA" means Boy Scouts of America, a congressionally chartered non-profit corporation under title 36 of the United States Code.

41. "BSA Charter" means the congressional charter of the BSA, enacted on June 15, 1916, as amended.

42. "BSA Insurance Policy" means any and all known and unknown contracts, binders, certificates or insurance policies currently or previously in effect at any time on or before the Effective Date naming the Debtors, or either of them, or any predecessor, subsidiary, or past or present Affiliate of the Debtors, as an insured (whether as the primary or an additional insured), or otherwise alleged to afford the Debtors insurance coverage, upon which any claim could have been, has been, or may be made with respect to any Abuse Claim, including the policies listed on Schedule 2. For the avoidance of doubt, BSA Insurance Policies shall not include: (a) any policy providing reinsurance to any Settling Insurance Company; (b) any D&O Liability Insurance Policy; or (c) any Local Council Insurance Policy.

43. "BSA Settlement Trust Contribution" means:

    a. all of the Net Unrestricted Cash and Investments;

    b. the BSA's right, title and interest in and to (i) Scouting University, (ii) the Artwork, and (iii) the Oil and Gas Interests;

    c. all of the BSA's right, title and interest in and to the Warehouse and Distribution Center, subject to the Leaseback Requirement, or the proceeds of a third-party sale-leaseback of the Warehouse and Distribution Center for fair market value;

    d. to the maximum extent permitted by applicable law, any and all of the Debtors' rights, titles, privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the BSA Insurance Policies (subject to Article IV.D.3 and Article IV.D.4 with respect to Insured Non-Abuse Claims), the Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof; (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries; and

    e. the Settlement Trust Causes of Action; and

    f. the assignment of any and all Perpetrator Indemnification Claims held by the BSA.

8

For the avoidance of doubt, the BSA Settlement Trust Contribution shall not include the proceeds of the Foundation Loan Facility.

44.     "<u>Business Day</u>" means any day, other than a Saturday, Sunday or "legal holiday" as such term is defined in Bankruptcy Rule 9006(a).

45.     "<u>Cash</u>" means legal tender of the United States of America.

46.     "<u>Cash Collateral Order</u>" means the *Final Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503, and 507; and (III) Granting Related Relief*, entered by the Bankruptcy Court on April 15, 2020 at Docket No. 433.

47.     "<u>Causes of Action</u>" means any claims, interests, damages, remedies, causes of action, demands, rights, actions (including Avoidance Actions), suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, choate or inchoate, secured or unsecured, capable of being asserted, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity, or otherwise, whether arising before, on, or after the Petition Date.  Causes of Action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (b) the right to object to or otherwise contest Claims or Interests; (c) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (d) any claim under any local, state, federal or foreign law, including, without limitation, any fraudulent transfer or similar claim.

48.     "<u>Channeling Injunction</u>" means the permanent injunction provided for in <u>Article X.F</u> with respect to Abuse Claims against the Protected Parties to be issued pursuant to the Confirmation Order.

49.     "<u>Chapter 11 Cases</u>" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, which are jointly administered under Case No. 20-10343 (LSS).

50.     "<u>Chartered Organizations</u>" means each and every civic, faith-based, educational or business organization, governmental entity or organization, other entity or organization, or group of individual citizens presently or formerly authorized by the BSA to operate, sponsor or otherwise support one or more Scouting units.

51.     "<u>Claim</u>" means any "claim," as defined in section 101(5) of the Bankruptcy Code, which, for the avoidance of doubt, shall include any Abuse Claim.

52.     "<u>Claims Objection Deadline</u>" means the deadline for filing an objection to any Administrative Expense Claim (other than a Professional Fee Claim), Priority Tax Claim, Other Priority Claim, Other Secured Claim, Convenience Claim, General

Unsecured Claim, or Non-Abuse Litigation Claim, which deadline shall be: (a) 180 days after the Effective Date with respect to all such Claims and Interests other than Convenience Claims, General Unsecured Claims, and Non-Abuse Claims, subject to any extensions approved by an order of the Bankruptcy Court; and (b) sixty (60) days after the Effective Date with respect to Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims, subject to any extensions approved by an order of the Bankruptcy Court with the consent of the Creditor Representative (such consent not to be unreasonably withheld); provided, however, that the Debtors shall not be bound by the Claims Objection Deadline with respect to any Claim filed after the Bar Date; provided further, however, that the Claims Objection Deadline shall not apply to Abuse Claims, which shall be administered exclusively in accordance with the Settlement Trust Documents.

53.     "Claims Record Date" means the Voting Deadline, which is the date on which the transfer register for each Class of Non-Abuse Claims against or Interests in the Debtors, as such register is maintained by the Debtors or their agents, shall be deemed closed.

54.     "Claims Register" means the official register of Claims maintained by the Notice and Claims Agent in the Chapter 11 Cases.

55.     "Class" means each category of holders of Claims or Interests as set forth in Article III pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.

56.     "Common-Interest Communications with Insurers" means documents, information, or communications that are subject to the attorney-client privilege, attorney-work product doctrine, or other privilege or protection from disclosure, and are shared between or among the Debtors and any Insurance Company or its Representatives, including documents that reflect defense strategy, case evaluations, discussions of settlements or resolutions, and communications regarding underlying litigation.

57.     "Compensation and Benefits Programs" means all employment agreements and policies, and all employment, compensation, and benefit plans, policies, savings plans, retirement plans (including the Pension Plan), deferred compensation plans, supplemental executive retirement plans, healthcare plans, disability plans, severance benefit agreements, plans or policies, incentive plans, life and accidental death and dismemberment insurance plans, and programs of the Debtors, and all amendments and modifications thereto, applicable to the Debtors' employees, former employees, retirees, and non-employee directors, and the employees, retirees and non-employee directors of the Local Councils and the Related Non-Debtor Entities. Notwithstanding the foregoing, the Compensation and Benefits Programs shall not include the Deferred Compensation Plan or the Restoration Plan.

58.     "Compensation Procedures Order" means the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II)*

10

*Granting Related Relief* entered by the Bankruptcy Court on April 6, 2020 at Docket No. 341.

59.    "<u>Confirmation</u>" means the entry of the Confirmation Order by the Bankruptcy Court on the docket of the Chapter 11 Cases.

60.    "<u>Confirmation Date</u>" means the date on which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Cases within the meaning of Bankruptcy Rules 5003 and 9021.

61.    "<u>Confirmation Hearing</u>" means the hearing(s) held by the Bankruptcy Court under section 1128 of the Bankruptcy Code at which the Debtors seek entry of the Confirmation Order.

62.    "<u>Confirmation Order</u>" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code, which must be in form and substance reasonably acceptable to the Creditors' Committee.

63.    "<u>Contributing Chartered Organization Settlement Contribution</u>" means:

a.    the contributions to the Settlement Trust by the Contributing Chartered Organizations, as set forth on <u>Exhibit A</u>;

b.    to the maximum extent permitted by applicable law, any and all of the Contributing Chartered Organizations' rights, titles, privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the BSA Insurance Policies (subject to <u>Article IV.D.3</u> and <u>Article IV.D.4</u> with respect to Insured Non-Abuse Claims), the Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof; (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries;

c.    the waiver, release, and expungement from the Claims Register, as of the Effective Date, of any and all Claims that have been asserted in the Chapter 11 Cases by or on behalf of any Contributing Chartered Organization, including any Indirect Abuse Claims, without any further notice to or action, order, or approval of the Bankruptcy Court, and the agreement of each Contributing Chartered Organization not to file or assert any Claim or Claims against the Debtors or Reorganized BSA arising from any act or omission of the Debtors on or prior to the Confirmation Date; and

d.    the assignment of any and all Perpetrator Indemnification Claims held by the Contributing Chartered Organizations.

64. "Contributing Chartered Organizations" means the Chartered Organizations listed on Exhibit B hereto.

65. "Convenience Claim" means any Claim that would otherwise be a General Unsecured Claim that is Allowed in an amount of $50,000 or less; provided that a holder of a General Unsecured Claim that is Allowed in an amount greater than $50,000 may irrevocably elect, as evidenced on the Ballot (as defined in the Voting Procedures) timely and validly submitted by such holder (or other writing acceptable to the Debtors), to have such Claim irrevocably reduced to $50,000 and treated as a Convenience Claim (upon Allowance) for purposes of the Plan, in full and final satisfaction of such Claim; provided further that a General Unsecured Claim may not be subdivided into multiple Convenience Claims. The holder of an Allowed Non-Abuse Litigation Claim may elect to have such Allowed Claim treated as a Convenience Claim solely in accordance with the terms of Article III.B.9. For the avoidance of doubt, the holder of an Abuse Claim (including Direct Abuse Claims and Indirect Abuse Claims) may not elect to have such Claim treated as a Convenience Claim.

66. "Cooperation Agreement" means that certain Cooperation Agreement, substantially in the form contained in the Plan Supplement, among the Debtors, the Settlement Trust, the Local Councils, and the Contributing Chartered Organizations.

67. "Core Value Cash Pool" means Cash in the aggregate amount of $25,000,000 for purposes of making Distributions to holders of Allowed General Unsecured Claims and, subject to the terms of Article III.B.9, holders of Allowed Non-Abuse Litigation Claims. Reorganized BSA shall fund the Core Value Cash Pool in accordance with Article V.O.

68. "Creditor Representative" means the creditor representative to be appointed as of the Effective Date in accordance with Article V.O. The Creditor Representative will be identified in the Plan Supplement.

69. "Creditor Representative Fee Cap" the maximum amount of reasonable compensation and reimbursement of expenses that shall payable by Reorganized BSA to the Creditor Representative on account of its services, which shall be equal to $100,000.

70. "Creditors' Committee" means the official committee of unsecured creditors appointed by the United States Trustee in the Chapter 11 Cases under section 1102(a) of the Bankruptcy Code.

71. "Cure Amount" means, with respect to any Executory Contract or Unexpired Lease sought to be assumed or assumed and assigned by the Debtors, the monetary amount, if any, required to cure the Debtors' defaults under any such Executory Contract or Unexpired Lease (or such lesser amount as may be agreed upon by the non-Debtor party to an Executory Contract or Unexpired Lease) at the time such Executory Contract or Unexpired Lease is assumed by the Debtors pursuant to sections 365 or 1123 of the Bankruptcy Code.

72.     "Cure and Assumption Notice" means the notice of proposed assumption of, and proposed Cure Amount payable in connection with, an Executory Contract or Unexpired Lease (and, to the extent the Debtors seek to assume and assign any such Executory Contract or Unexpired Lease pursuant to the Plan, adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code), to be served in accordance with Article VI.C.

73.     "D&O Liability Insurance Policies" means all insurance policies issued at any time to any of the Debtors for directors', managers', and officers' liability (including any "tail policy" or run-off coverage) and all agreements, documents, or instruments relating thereto.

74.     "De Minimis Assets" means any miscellaneous assets of *de minimis* value located at the premises subject to any Unexpired Leases rejected by the Debtors pursuant to sections 365 or 1123 of the Bankruptcy Code, including furniture and equipment.

75.     "Debtors" means the BSA and Delaware BSA, the non-profit corporations that are debtors and debtors in possession in the Chapter 11 Cases.

76.     "Deferred Compensation Plan" means the Boy Scouts of America 457(b) Plan, a non-qualified deferred compensation plan under section 457(b) of the Internal Revenue Code, which allows eligible BSA and Local Council employees to make elections to defer the payment of a certain amount or percentage of their regular base salary or bonus for future payment.

77.     "Delaware BSA" means Delaware BSA, LLC, a Delaware limited liability company.

78.     "Direct Abuse Claim" means an Abuse Claim that is not an Indirect Abuse Claim.

79.     "Disallowed" means, as to any Administrative Expense Claim, Priority Tax Claim, Other Priority Claim, Other Secured Claim, Convenience Claim, General Unsecured Claim, or Non-Abuse Litigation Claim, any such Claim or portion thereof that: (a) has been disallowed, denied, dismissed, expunged, or overruled pursuant to the terms of the Plan or a Final Order of the Bankruptcy Court or any other court of competent jurisdiction or by a settlement; (b) has been listed on the Schedules at an amount of $0.00 or as contingent, disputed, or unliquidated and as to which a Bar Date has been established but no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court, including the Bar Date Order, or otherwise deemed timely filed under applicable law; or (c) has not been listed on the Schedules and as to which a Bar Date has been established but no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court, including the Bar Date Order, or otherwise deemed timely filed under applicable law.  "Disallowance" and "Disallowing" have correlative meanings.  With respect to any 2010 Credit Facility Claim, 2019 RCF Claim, 2010 Bond

Claim, 2012 Bond Claim, Direct Abuse Claim, Indirect Abuse Claim, or Interest, the term "Disallowed" shall not apply.

80.    "Disbursing Agent" means, with respect to all Claims other than Abuse Claims, Reorganized BSA or a Person or Persons selected by the Debtors or Reorganized BSA to make or facilitate Distributions contemplated under the Plan.

81.    "Discharge Injunction" means the injunction issued in accordance with sections 524 and 1141 of the Bankruptcy Code and contained in Article X.E.2 of the Plan.

82.    "Discharges" means the discharges set forth in Article X.E.

83.    "Disclosure Statement" means the disclosure statement for the Plan, including all exhibits and schedules thereto, as the same may be amended, supplemented or otherwise modified from time to time, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, which must be in form and substance reasonably acceptable to the Creditors' Committee.

84.    "Disclosure Statement Order" means one or more orders entered by the Bankruptcy Court, in form and substance reasonably acceptable to the Creditors' Committee: (a) finding that the Disclosure Statement (including any amendment, supplement, or modification thereto) contains adequate information pursuant to section 1125 of the Bankruptcy Code; (b) fixing the amounts of Claims solely for voting purposes and not for purposes of distributions; (c) approving the Voting Procedures; and (d) authorizing solicitation of the Plan.

85.    "Disputed" means, as to any Administrative Expense Claim, Priority Tax Claim, Other Priority Claim, Other Secured Claim, Convenience Claim, General Unsecured Claim, or Non-Abuse Litigation Claim, any such Claim (or portion thereof) (a) that is neither Allowed nor Disallowed, (b) that is listed on the Schedules as "disputed," "contingent," or "unliquidated" or (c) for which a Proof of Claim has been filed or a written request for payment has been made to the extent that any party in interest has interposed a timely objection to such Claim, which objection has not been withdrawn or adjudicated pursuant to a Final Order.  The term "Disputed" does not apply to Abuse Claims.

86.    "Disputed Claims Reserve" means the reserve of Cash within the Core Value Cash Pool to be Distributed to holders of Disputed General Unsecured Claims, if and when such Disputed Claims become Allowed.

87.    "Distribution" means the payment or delivery of Cash, property, or interests in property, as applicable, to holders of Allowed Non-Abuse Claims under the terms of the Plan.  "Distributed" and "Distribution" have correlative meanings.

88.    "Distribution Date" means the dates on which the Disbursing Agent makes a Distribution, or causes a Distribution to be made, from the Core Value Cash Pool to holders of Allowed General Unsecured Claims and, subject to the terms of Article

III.B.9, holders of Allowed Non-Abuse Litigation Claims. Each Distribution Date shall occur as soon as practicable after Reorganized BSA makes each semi-annual installment payment of the Core Value Cash Pool in accordance with Article V.O.

89.     "District Court" means the United States District Court for the District of Delaware.

90.     "Effective Date" means the first Business Day on which all of the conditions precedent to the occurrence of the Effective Date set forth in Article IX.B shall have been satisfied or waived pursuant to Article IX.C.

91.     "Encumbrance" means, with respect to any property (whether real or personal, tangible or intangible), any mortgage, Lien, pledge, charge, security interest, assignment, or encumbrance of any kind or nature in respect of such property, including any conditional sale or other title retention agreement, any security agreement, and the filing of, or agreement to give, any financing statement under the Uniform Commercial Code or comparable law of any jurisdiction, to secure payment of a debt or performance of an obligation.

92.     "Entity" means an entity as defined in section 101(15) of the Bankruptcy Code.

93.     "Estate" means, as to each Debtor, the estate created for such Debtor in its Chapter 11 Case under sections 301 and 541 of the Bankruptcy Code upon the commencement of the applicable Debtor's Chapter 11 Case.

94.     "Estate Causes of Action" means any and all Causes of Action owned, held, or capable of being asserted by or on behalf of either Debtor or its Estate, whether known or unknown, in law, at equity or otherwise, whenever and wherever arising under the laws of any jurisdiction, including actions that: (a) arise out of or are based on breach of contract, fraudulent conveyances and transfers, breach of fiduciary duty, breach of duty of loyalty or obedience, legal malpractice, recovery of attorneys' fees, turnover of property and avoidance or recovery actions of the Debtors or their respective Estates, including actions that constitute property of the Estate under section 541 of the Bankruptcy Code that are or may be pursued by a representative of the Estates, including pursuant to section 323 of the Bankruptcy Code, and actions, including Avoidance Actions, that may be commenced by a representative of the Estates under section 362 or chapter 5 of the Bankruptcy Code, seeking relief in the form of damages (actual and punitive), imposition of a constructive trust, turnover of property, restitution, and declaratory relief with respect thereto or otherwise; or (b) seek to impose any liability upon, or injunctive relief on, any Protected Party or to satisfy, in whole or in part, any Abuse Claim.

95.     "Excess Cash and Investments" means, as of any date on or after the Effective Date, the unrestricted Cash and balance sheet investments owned by Reorganized BSA that are not subject to legally enforceable restrictions on the use or disposition of such assets for a particular purpose.

96.     "<u>Excess Cash Sweep</u>" has the meaning ascribed to such term in <u>Article V.T</u>.

97.     "<u>Exculpated Parties</u>" means, collectively, the following Persons: (a) the Debtors; (b) Reorganized BSA; (c) the Creditors' Committee; (d) the members of the Creditors' Committee in their capacities as such; (e) the Creditor Representative; and (f) all of such Persons' current officers and directors, former officers and directors who served in such capacity during the pendency of the Chapter 11 Cases but are no longer officers or directors as of the Effective Date, employees, volunteers, agents, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals.

98.     "<u>Executory Contract</u>" means any executory contract to which BSA is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

99.     "<u>Fee Examiner</u>" means Justin H. Rucki of Rucki Fee Review, LLC, in his capacity as the fee examiner appointed pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals*, entered by the Bankruptcy Court on September 18, 2020 at Docket No. 1342, or any successor appointed by the Bankruptcy Court.

100.    "<u>Final Order</u>" means an order or judgment of the Bankruptcy Court (or other court of competent jurisdiction) that has not been reversed, vacated, stayed, modified or amended, and as to which (a) the time to appeal, petition for *certiorari* or move for a new trial, reargument or rehearing has expired and as to which no appeal, petition for *certiorari* or other proceedings for a new trial, reargument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari*, new trial, reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court (or other court of competent jurisdiction) shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, reargument or rehearing shall have been denied with prejudice or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, reargument or rehearing shall have expired; <u>provided</u>, <u>however</u>, that the possibility that a motion pursuant to section 502(j) or 1144 of the Bankruptcy Code or under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order to not be a Final Order.

101.    "<u>Florida Sea Base Assignment</u>" means the Assignment of Agreements, Licenses, Permits and Contracts, dated as of March 21, 2019, by and from the BSA, as assignor, and JPM, as assignee, which secures the BSA's obligations under the 2010 Credit Agreement, the 2010 Bond Agreement, the 2012 Bond Agreement, and the 2019 RCF Agreement.

102.    "<u>Florida Sea Base Mortgage</u>" means the Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of March 21, 2019, by and

from the BSA, as mortgagor, and JPM, as mortgagee, which secures the BSA's obligations under the 2010 Credit Agreement, the 2010 Bond Agreement, the 2012 Bond Agreement, and the 2019 RCF Agreement.

103.    "Foundation" means the National Boy Scouts of America Foundation, a District of Columbia nonprofit corporation.

104.    "Foundation Loan" means the new second-lien term loan lending facility pursuant to which the Foundation, as lender, shall make a term loan to Reorganized BSA, as borrower, in the principal amount of $42,800,000, which is equal to the appraised value of the Summit Bechtel Reserve.  The material terms of the Foundation Loan are set forth on the term sheet attached hereto as Exhibit C, which is qualified in its entirety by reference to the Foundation Loan Agreement.

105.    "Foundation Loan Agreement" means the credit agreement governing the Foundation Loan, dated as of the Effective Date, the form of which shall be included in the Plan Supplement.

106.    "Future Abuse Claim" means any Direct Abuse Claim against any Protected Party that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, Abuse that occurred prior to the Petition Date but which, as of the date immediately preceding the Petition Date, was held by a Person who, as of such date, (a) had not attained eighteen (18) years of age, or (b) was not aware of such Direct Abuse Claim as a result of "repressed memory," to the extent the concept of repressed memory is recognized by the highest appellate court of the state or territory where the claim arose.  Notwithstanding the foregoing, with respect to any Contributing Chartered Organization, the term "Future Abuse Claim" shall be limited to any Direct Abuse Claim that arose in connection with the Contributing Chartered Organization's sponsorship of one or more Scouting units.

107.    "Future Claimants' Representative" means James L. Patton, Jr., the legal representative appointed by the Bankruptcy Court for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court.

108.    "General Unsecured Claim" means any Claim against the Debtors that is not an Administrative Expense Claim, a Priority Tax Claim, an Other Priority Claim, an Other Secured Claim, a 2010 Credit Facility Claim, a 2019 RCF Claim, a 2010 Bond Claim, a 2012 Bond Claim, a Convenience Claim, a Non-Abuse Litigation Claim, a Direct Abuse Claim, or an Indirect Abuse Claim.  Claims arising under the Deferred Compensation Plan or the Restoration Plan shall be deemed to be General Unsecured Claims.

109.    "Gift Annuity Agreements" mean the charitable gift annuity agreements described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Prepetition Customer, Scout, and Donor Programs and Practices and (B) Pay and Honor Related Prepetition Obligations, and (II) Granting Related Relief*, filed by the Debtors on the Petition Date at Docket No. 8.

110. "<u>Governmental Unit</u>" means a governmental unit as defined in section 101(27) of the Bankruptcy Code.

111. "<u>Headquarters</u>" means that certain parcel of real property owned by the BSA located at 1325 West Walnut Hill Lane, Irving, Texas 75038, together with the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and other improvements now or hereafter located thereon.

112. "<u>Headquarters Assignment</u>" means that certain Assignment of Agreements, Licenses, Permits and Contracts, dated as of March 21, 2019, by and from the BSA, as assignor, and JPM, as assignee, which secures the BSA's obligations under the 2010 Credit Agreement, the 2010 Bond Agreement, the 2012 Bond Agreement, and the 2019 RCF Agreement.

113. "<u>Headquarters Deed of Trust</u>" means that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of March 21, 2019, by and between the BSA and JPM.

114. "<u>Impaired</u>" means "impaired" within the meaning of section 1124 of the Bankruptcy Code.

115. "<u>Indemnification Obligations</u>" means each of the Debtors' indemnification obligations in place as of the Effective Date, whether in the bylaws, limited liability company agreements, or other organizational or formation documents, board resolutions, management or indemnification agreements, employment or other contracts, or otherwise, for the past and present directors, officers, employees, attorneys, accountants, investment bankers, and other professionals and agents who provided services to the Debtors before, on, or after the Petition Date.

116. "<u>Indirect Abuse Claim</u>" means a liquidated or unliquidated Abuse Claim for contribution, indemnity, reimbursement, or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative Abuse Claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any prepetition settlement, insurance policy, program agreement or contract.

117. "<u>Injunctions</u>" means the Discharge Injunction, the Channeling Injunction, the Insurance Entity Injunction, the Release Injunctions, and any other injunctions entered by the Bankruptcy Court or the District Court in connection with Confirmation of the Plan.

118. "<u>Insurance Action</u>" means any claim, Cause of Action, or right of the Debtors, the Local Councils, the Contributing Chartered Organizations, or any of them, under the laws of any jurisdiction, against any Non-Settling Insurance Company, arising from or related to: (a) any such Non-Settling Insurance Company's failure to provide coverage or otherwise pay under Insurance Coverage; (b) the refusal of any Non-Settling

Insurance Company to compromise and settle any Abuse Claim under or pursuant to any Insurance Policy; (c) the interpretation or enforcement of the terms of any Insurance Policy with respect to any Abuse Claim; (d) any conduct by any Non-Settling Insurance Company constituting "bad faith" conduct that could give rise to extra-contractual damages, or other wrongful conduct under applicable law; or (e) any other claims under, arising out of or relating to an Insurance Policy or Insurance Coverage, including the Insurance Coverage Actions.

119.    "Insurance Action Recoveries" means (a) Cash derived from and paid by an Insurance Company pursuant to an Insurance Settlement Agreement, (b) the right to receive proceeds of Insurance Coverage (including any receivables), and (c) the right to receive the proceeds or benefits of any Insurance Action.

120.    "Insurance Assignment" means the assignment and transfer to the Settlement Trust of (a) the Insurance Actions, (b) the Insurance Action Recoveries, (c) the Insurance Settlement Agreements, (d) the Insurance Coverage, and (e) all other rights or obligations under or with respect to the Insurance Policies (but not the policies themselves).  The Insurance Assignment does not include any rights or obligations under or with respect to any Insurance Policies that are the subject of an Insurance Settlement Agreement.

121.    "Insurance Company" means any insurance company, insurance syndicate, coverholder, insurance broker or syndicate insurance broker, guaranty association, or any other Entity that has issued, or that has any actual, potential, demonstrated, or alleged liabilities, duties, or obligations under or with respect to, any Insurance Policy.

122.    "Insurance Coverage" means all of the rights, benefits or insurance coverage under any Insurance Policy related to Abuse Claims, whether known or unknown to the Debtors or the Local Councils, that is not the subject of an Insurance Settlement Agreement, including the right to payment or reimbursement of liability, indemnity or defense costs arising from or related to Abuse Claims or Settlement Trust Expenses.

123.    "Insurance Coverage Actions" means any and all pending coverage litigation between the BSA and any Insurance Company as of the Effective Date, including: (a) *Boy Scouts of America, et al. v. Insurance Company of North America et al.*, Case No. DC-18-11896, pending in the 192nd Judicial District Court of Dallas County, Texas; (b) *Boy Scouts of America, et al. v. Hartford Accident and Indemnity Co.*, *et al.*, Case No. DC-18-07313, pending in the District Court of Dallas County, 95th Judicial District; (c) *National Surety Corp. v. Boy Scouts of America, et al.*, Case No. 2017-CH-14975, pending in the Circuit Court of Cook County, Illinois, Chancery Division; and (d) *Hartford Accident and Indemnity Co. and First State Ins. Co. v. Boy Scouts of America, et al.*, Adv. Pro. No. 20-50601 (LSS), pending before the Bankruptcy Court.

124. "Insurance Coverage Defense" means all rights and defenses that any Insurance Company may have under any Insurance Policy and applicable law with respect to a claim seeking insurance coverage or to an Insurance Action, but Insurance Coverage Defenses do not include any defense that the Plan or any of the other Plan Documents do not comply with the Bankruptcy Code. Upon entry of the Confirmation Order in the Chapter 11 Cases determining that the Bankruptcy Code authorizes the Insurance Assignment notwithstanding any terms or provisions of the Insurance Policies that any Insurance Company asserts or may assert otherwise prohibits the Insurance Assignment, an Insurance Coverage Defense shall not include any defense that the Insurance Assignment is prohibited by the Insurance Policies or applicable non-bankruptcy law.

125. "Insurance Entity Injunction" means the injunction described in Article X.H.

126. "Insurance Policy" means, collectively, the BSA Insurance Policies and the Local Council Insurance Policies.

127. "Insurance Settlement Agreement" means any settlement agreement entered into after the Petition Date and before the Confirmation Date by and among (a) any Insurance Company, on the one hand, and (b) one or more of the Debtors and/or any other Protected Party, on the other hand, in which an Insurance Policy and/or the Debtors and/or other Protected Parties' rights thereunder with respect to Abuse Claims are released. All Insurance Settlement Agreements related to Specified Insurance Policies must be acceptable to the Creditors' Committee.

128. "Insured Non-Abuse Claim" means any Non-Abuse Claim to the extent such Claim is or is alleged to be covered by an insurance policy (including any Insurance Policy) issued or allegedly issued to the Debtors or one or more of the Local Councils. Insured Non-Abuse Claims include Non-Abuse Litigation Claims.

129. "Interest" means any "equity security" as defined in section 101(16) of the Bankruptcy Code.

130. "Internal Revenue Code" means title 26 of the United States Code, 26 U.S.C. §§ 1 *et seq.*, as in effect on the Petition Date, together with all amendments, modifications, and replacements of the foregoing as the same may exist on any relevant date to the extent applicable to the Chapter 11 Cases.

131. "JPM" means JPMorgan Chase Bank, National Association and any successors and assigns.

132. "JPM / Creditors' Committee Settlement" has the meaning ascribed to such term in Article V..R.

133. "JPM Exit Fee" means an exit fee to be paid by Reorganized BSA on the Effective Date, in an amount equal to the aggregate principal amount due and owing as of the Effective Date, plus the undrawn amount of any letters of credit then outstanding,

under the Restated 2010 Bond Documents, the Restated 2012 Bond Documents and the Restated Credit Facility Documents, multiplied by 0.50%.

134.    "Leaseback Requirement" means the requirement that Reorganized BSA be entitled to lease the Warehouse and Distribution Center from the Settlement Trust for fair market value so long as the Settlement Trust holds title to such premises and that any sale or other transfer of the Warehouse and Distribution Center by the Settlement Trust be subject to Reorganized BSA's right to lease such premises from any Person that acquires the Warehouse and Distribution Center from the Settlement Trust (or any subsequent acquirer) for fair market value for a term of not less than ten years, subject to renewal at the option of Reorganized BSA.  An agreement reflecting the terms of the Leaseback Requirement shall be filed with the Plan Supplement.

135.    "Lien" means any "lien" as defined in section 101(37) of the Bankruptcy Code.

136.    "Life-Income Agreement" means the agreements described in the *Supplement to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Prepetition Customer, Scout, and Donor Programs and Practices and (B) Pay and Honor Related Prepetition Obligations, and (II) Granting Related Relief*, filed by the Debtors on March 3, 2020 at Docket No. 134.

137.    "Local Council Insurance Policies" means any and all known and unknown contracts, binders, certificates or insurance policies currently or previously in effect at any time on or before the Effective Date naming the Local Councils, or any of them, or any predecessor, subsidiary, or past or present Affiliate of any Local Council, as an insured (whether as the primary or an additional insured), or otherwise alleged to afford any Local Council insurance coverage, upon which any claim could have been, has been or may be made with respect to any Abuse Claim, including the policies identified on Schedule 3.  Notwithstanding the foregoing, Local Council Insurance Policies shall not include any policy providing reinsurance to any Settling Insurance Company.  For the avoidance of doubt, Local Council Insurance Policies do not include any BSA Insurance Policy or any insurance policy issued at any time to any of the Local Councils for directors', managers', and officers' liability (including any "tail policy" or run-off coverage) or any agreements, documents, or instruments relating thereto.

138.    "Local Council Settlement Contribution" means:

a.    the contributions to the Settlement Trust by the Local Councils, as set forth on Exhibit D;

b.    to the maximum extent permitted under applicable law, any and all of the Local Councils' rights, titles, privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the

BSA Insurance Policies (subject to Article IV.D.3 and Article IV.D.4 with respect to Insured Non-Abuse Claims), the Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof (but not the policies themselves); (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries;

        c.     to the maximum extent permitted under applicable law, any and all of the Local Councils' rights, titles, privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the Local Council Insurance Policies (subject to Article IV.D.3 and Article IV.D.4 with respect to Insured Non-Abuse Claims), the Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof; (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries;

        d.     the waiver, release, and expungement from the Claims Register, as of the Effective Date, of any and all Claims that have been asserted in the Chapter 11 Cases by or on behalf of any Local Council, including any Indirect Abuse Claims, without any further notice to or action, order, or approval of the Bankruptcy Court, and the agreement of each Local Council not to file or assert any Claim or Claims against the Debtors or Reorganized BSA arising from any act or omission of the Debtors on or prior to the Confirmation Date; and

        e.     the assignment of any and all Perpetrator Indemnification Claims held by the Local Councils.

     139.    "Local Councils" means, collectively, each and every current or former local council of the BSA, including each and every current local council of the BSA as listed on Exhibit E hereto.

     140.    "Net Unrestricted Cash and Investments" means all of the Unrestricted Cash and Investments, after Reorganized BSA has received the proceeds of the Foundation Loan, less (i) $75,000,000, which shall be funded first from the proceeds of the Foundation Loan, (ii) an amount of Cash equal to the JPM Exit Fee, (iii) an amount of Cash sufficient to fund all unpaid Allowed Administrative Expense Claims, (iv) without duplication, an amount of Cash sufficient to fund the Professional Fee Reserve, (v) an amount of Cash equal to the Creditor Representative Fee Cap, and (vi) the amount of Cash estimated to be required to satisfy Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Secured Claims, and Allowed Convenience Claims.

     141.    "Non-Abuse Claim" means any Claim against the Debtors that is not a Abuse Claim.

     142.    "Non-Abuse Litigation Claim" means any Claim that is a prepetition unsecured non-priority Claim against the Debtors relating to pending or threatened litigation against one or both of the Debtors that does not relate to Abuse.  For the

avoidance of doubt, Non-Abuse Litigation Claims include all personal injury or wrongful death Claims against the Debtors that do not relate to Abuse and all Claims against the Debtors asserted by the Girl Scouts of the United States of America and do not include any Administrative Expense Claims that may be asserted by holders of Non-Abuse Litigation Claims.

143.    "Non-Settling Insurance Company" means any Insurance Company to the extent it is not a Settling Insurance Company.

144.    "Northern Tier Assignment" means that certain Assignment of Agreements, Licenses, Permits and Contracts, dated as of March 21, 2019, by and from the BSA, as assignor, and JPM, as assignee, which secures the BSA's obligations under the 2010 Credit Agreement, the 2010 Bond Agreement, the 2012 Bond Agreement, and the 2019 RCF Agreement.

145.    "Northern Tier Mortgage" means that certain Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of March 21, 2019, by and from the BSA, as mortgagor, and JPM, as mortgagee, which secures the BSA's obligations under the 2010 Credit Agreement, the 2010 Bond Agreement, the 2012 Bond Agreement, and the 2019 RCF Agreement.

146.    "Notice and Claims Agent" means Omni Agent Solutions, in its capacity as "claims and noticing agent" for the Debtors, and any successor thereto.

147.    "Official Committees" means the Tort Claimants' Committee and the Creditors' Committee.

148.    "Oil and Gas Interests" means those certain mineral or royalty interests owned by the BSA, consisting of approximately 1,027 properties located in Alabama, Arkansas, California, Florida, Georgia, Illinois, Louisiana, Michigan, Mississippi, Nebraska, New Mexico, North Dakota, Oklahoma, Oregon, Texas, South Dakota and Wyoming. The Oil and Gas Interests include those listed on Schedule 4.

149.    "Other Priority Claim" means any Claim against the Debtors that is entitled to priority in right of payment under section 507(a) of the Bankruptcy Code, other than an Administrative Expense Claim or a Priority Tax Claim.

150.    "Other Secured Claim" means any Secured Claim against the Debtors other than any 2010 Credit Facility Claim, 2019 RCF Claim, 2010 Bond Claim, or 2012 Bond Claim.

151.    "Pension Plan" means the Boy Scouts of America Retirement Plan for Employees, a single-employer, qualified, defined benefit pension plan that is subject to the Employee Retirement Income Security Act of 1974, as amended, and the Internal Revenue Code, of which BSA is the sponsor.

152.    "Perpetrator" means any individual who personally committed or is alleged to have personally committed an act of Abuse that forms the basis for an Abuse

Claim.  The term "Perpetrator" does not include any individual who did not personally commit or is not alleged to have personally committed an act of Abuse that forms the basis for an Abuse Claim, against whom an Abuse Claim is nevertheless asserted, or may be asserted, by virtue of such individual's position or service as an employee or volunteer of the Debtors, a Local Council, or a Chartered Organization.

153.    "Perpetrator Indemnification Claim" means a Claim against a Perpetrator for indemnification or contribution arising from or relating to an Abuse Claim.

154.    "Person" has the meaning set forth in section 101(41) of the Bankruptcy Code."

155.    "Petition Date" means February 18, 2020.

156.    "Philmont Assignment" means that certain Assignment of Agreements, Licenses, Permits and Contracts, dated as of March 21, 2019, by and from the BSA, as assignor, and JPM, as assignee, which secures the BSA's obligations under the 2010 Credit Agreement, the 2010 Bond Agreement, the 2012 Bond Agreement, and the 2019 RCF Agreement.

157.    "Philmont Mortgage" means that certain Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of March 21, 2019, by and from the BSA, as mortgagor, and JPM, as mortgagee, which secures the BSA's obligations under the 2010 Credit Agreement, the 2010 Bond Agreement, the 2012 Bond Agreement, and the 2019 RCF Agreement.

158.    "Plan" means this *Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* filed by the Debtors, as the same may be amended or modified from time to time pursuant to section 1127 of the Bankruptcy Code.

159.    "Plan Documents" means, collectively, the Plan, the Disclosure Statement, the Disclosure Statement Order, each of the documents comprising the Plan Supplement, and all of the exhibits and schedules attached to any of the foregoing (including the Settlement Trust Documents and the Cooperation Agreement).  The Plan Documents shall be in form and substance reasonably acceptable to the Creditors' Committee.

160.    "Plan Supplement" means the compilation of documents and forms of documents, agreements, schedules, exhibits, and annexes to the Plan, which the Debtors shall file no later than fourteen (14) days before the Voting Deadline, unless otherwise ordered by the Bankruptcy Court, and additional documents filed with the Bankruptcy Court before the Effective Date as amendments, modifications or supplements to the Plan Supplement.  The Plan Supplement will include the following: (a) the Amended BSA Bylaws; (b) the Assumed Contracts and Unexpired Leases Schedule; (c) the Cooperation Agreement; (c) the name of the Creditor Representative; (d) changes, if any, to Reorganized BSA's directors and officers; (e) the form of the Foundation Loan Agreement; (f) the form of agreement reflecting the terms of the Leaseback Requirement; (g); the Rejected Contracts and Unexpired Leases Schedule; (h) the forms of  the Restated 2010 Bond Documents; (i) the forms of the Restated 2012 Bond Documents; (j)

the forms of the Restated Credit Facility Documents; (k) the form of the Restated Security Agreement; (l) the names of the initial members of the Settlement Trust Advisory Committee; (m) the form of Settlement Trust Agreement; (n) the name of the initial Settlement Trustee; and (o) the Trust Distribution Procedures; <u>provided</u> that the Plan Documents listed in clauses (b) and (g) of the foregoing sentence will be revised, in the Debtors' discretion, subject to <u>Article VI</u>, to account for any additional Executory Contracts or Unexpired Leases to be assumed or rejected in advance of the Confirmation Hearing.  The Plan Supplement shall be served only on those parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and any party in interest who requests in writing a copy from counsel to the Debtors.  Once the Plan Supplement is filed, a copy will also be available for review on the Notice and Claims Agent's website free of charge at https://omniagentsolutions.com/BSA.  The Plan Supplement shall be in form and substance reasonably acceptable to the Creditors' Committee.

161.    "<u>Prepetition Debt and Security Documents</u>" means, collectively, the 2010 Credit Facility Documents, the 2019 RCF Documents, the 2010 Bond Documents, the 2012 Bond Documents, the Prepetition Security Documents (2019), and the Prepetition Security Agreement (2020).

162.    "<u>Prepetition Security Agreement (2019)</u>" means that certain Third Amended and Restated Security Agreement, dated as of March 21, 2019, by and among the BSA and Arrow, as debtors, JPM, in its capacity as collateral agent, JPM, in its capacity as the lender under each of the 2010 Credit Agreement and the 2019 RCF Agreement, and as holder under each of the 2010 Bond Agreement and the 2012 Bond Agreement.

163.    "<u>Prepetition Security Agreement (2020)</u>" means that certain Consent and Security Agreement dated as of February 3, 2020, by and among Delaware BSA, the BSA, JPM, as collateral agent, and  JPM, in its capacity as the lender under the 2010 Credit Agreement and the 2019 RCF Agreement, and as holder under the 2010 Bond Agreement and the 2012 Bond Agreement.

164.    "<u>Prepetition Security Documents (2019)</u>" means, collectively, the Prepetition Security Agreement (2019), the Florida Sea Base Mortgage, the Florida Sea Base Assignment, the Headquarters Deed of Trust, the Headquarters Assignment, the Northern Tier Mortgage, the Northern Tier Assignment, the Philmont Mortgage, the Philmont Assignment, and the Arrow Collateral Assignment.

165.    "<u>Priority Tax Claim</u>" means any Claim of a Governmental Unit against the Debtors that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

166.    "<u>Privileged Information</u>" means any privileged information that relates, in whole or in part, to any Abuse Claim, including: (a) the Debtors' books and records transferred to the Settlement Trust in accordance with the Cooperation Agreement; (b) any privileged information containing a factual or legal analysis or review of any

Abuse Claim; (c) any privileged information evaluating the reasonableness, effectiveness, or confirmability of the Plan or any other chapter 11 plan filed or that could be filed in the Chapter 11 Cases; (d) any privileged information exchanged by the Debtors or their professionals, on the one hand, and any of the Related Non-Debtor Entities, Local Councils, the Ad Hoc Committee, either Official Committee, the Future Claimants' Representative, or their respective Representatives, on the other hand, related to the Plan, the Plan Documents, or the Abuse Claims; and (e) information shared pursuant to that certain Joint Defense, Common Interest, and Confidentiality Agreement among the BSA, the Ad Hoc Committee, and each Local Council that executed a joinder to said agreement that was acknowledged in writing by the BSA and the Ad Hoc Committee; and (f) any privileged information containing a factual or legal analysis of the Debtors' potential exposure in connection with any Abuse Claim or any litigation related thereto. For the avoidance of doubt, Privileged Information shall not include any Common-Interest Communications with Insurers.

167. "Pro Rata" means, at any time, with respect to any Claim, the proportion that the amount of such Claim in a particular Class or group of Classes bears to the aggregate amount of all Claims (including Disputed Claims) in such Class or group of Classes, unless in each case the Plan provides otherwise.

168. "Pro Rata Share" means the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in that Class.

169. "Professional" means any Person retained by the Debtors, the Tort Claimants' Committee, the Creditors' Committee, or the Future Claimants' Representative pursuant to a Final Order of the Bankruptcy Court entered under sections 327, 328, 363, or 1103 of the Bankruptcy Code.

170. "Professional Fee Claim" means any Claim of a Professional or other Person for Allowance by the Bankruptcy Court and payment by the Debtors of compensation for services rendered and/or reimbursement of costs or expenses incurred in the Chapter 11 Cases for the period from the Petition Date to and including the Effective Date under sections 328, 330, 331, or 503(b) of the Bankruptcy Code.

171. "Professional Fee Reserve" means a segregated account funded from Unrestricted Cash and Investments on hand of the Debtors as of the Effective Date in an amount equal to the Professional Fee Reserve Amount as of such date, solely for the purpose of paying all Allowed Professional Fee Claims.

172. "Professional Fee Reserve Amount" means the aggregate Accrued Professional Fees as of the Effective Date, as estimated by the Professionals in accordance with Article II.A.2.

173. "Proof of Claim" means any proof of claim filed with the Bankruptcy Court or the Notice and Claims Agent pursuant to section 501 of the Bankruptcy Code and Bankruptcy Rules 3001 or 3002 that asserts a Claim against either of the Debtors.

174. "Protected Parties" means the following Persons: (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Contributing Chartered Organizations; (f) the Settling Insurance Companies; and (g) all of such Persons' Representatives; provided, however, that no Perpetrator is or shall be a Protected Party. Notwithstanding the foregoing, a Contributing Chartered Organization shall be a Protected Party only with respect to Abuse Claims that arose in connection with the Contributing Chartered Organization's sponsorship of one or more Scouting units.

175. "Quarterly Fees" means all fees due and payable pursuant to section 1930(a)(6) of title 28 of the United States Code.

176. "Reinstatement" means (a) leaving unaltered the legal, equitable and contractual rights to which a Claim entitles the holder of such Claim or (b) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim to demand or receive accelerated payment of such Claim after the occurrence of a default, (i) curing any such default that occurred before or after the Petition Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code; (ii) reinstating the maturity of such Claim as such maturity existed before such default; (iii) compensating the holder of such Claim for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; (iv) if such Claim arises from any failure to perform a nonmonetary obligation, compensating the holder of such Claim (other than the Debtors or an "insider" of the Debtors within the meaning of section 101(31) of the Bankruptcy Code) for any actual pecuniary loss incurred by such holder as the result of such failure; and (v) not otherwise altering the legal, equitable or contractual rights to which such Claim entitles the holder thereof. "Reinstated" has a correlative meaning.

177. "Rejected Contracts and Unexpired Leases Schedule" means the schedule of Executory Contracts or Unexpired Leases to be rejected by the BSA under the Plan, as set forth in the Plan Supplement, as may be amended, modified, or supplemented from time to time.

178. "Rejection Damages Bar Date" has the meaning ascribed to such term in Article VI.B.

179. "Rejection Damages Claim" means a Claim for damages alleged to arise from the rejection of an Executory Contract or Unexpired Lease pursuant to section 365 or 1123 of the Bankruptcy Code.

180. "Related Non-Debtor Entities" means the Entities listed on Exhibit F, including non-debtor Affiliates of the Debtors that are directly or indirectly wholly owned by, or subject to the control of, the BSA. For the avoidance of doubt, Related Non-Debtor Entities do not include Local Councils or Chartered Organizations.

181. "Release Injunctions" means the injunctions described in Article X.L.

182.    "Released Parties" means, collectively, the following Persons, in each case in its or their respective capacities as such: (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Creditors' Committee; (e) the members of the Creditors' Committee in their capacities as such; (f) JPM; (g) the Settling Insurance Companies; (h) the Foundation, in its capacity as lender under the Foundation Loan Agreement; (i) the Ad Hoc Committee; (j) the members of the Ad Hoc Committee in their capacities as such; (k) the Creditor Representative; and (l) all of such Persons' Representatives; provided, however, that no Perpetrator is or shall be a Released Party; provided further, that the definition of "Released Parties" shall in all instances be subject to Article X.J.

183.    "Releases" means the releases set forth in Article X.J.

184.    "Releasing Claim Holder" means, collectively, (a) all holders of Claims that vote to accept the Plan; (b) all holders of Claims that are presumed to accept the Plan; (c) all holders of Claims entitled to vote on the Plan and who vote against the Plan and do not opt out of the releases provided for in the Plan, (d) all holders of Claims entitled to vote on the Plan and who do not vote for or against the Plan or who abstain from voting on the Plan but, in either case, do not opt out of the releases set forth in Article X.J.4, except for those holders of Claims whose solicitation packages were returned to the Debtors or their agent(s) as undeliverable and those holders of Claims that were not sent a solicitation package because a prior mailing sent to them in the Chapter 11 Cases was returned as undeliverable, in each case, unless such holders otherwise have received notice of the Chapter 11 Cases; (e) all holders of Administrative Expense Claims or Priority Tax Claims that do not hold Claims or Interests in any Class and do not timely file with the Bankruptcy Court an objection to the releases set forth in Article X.J.4 by the deadline established to file objections to the Plan; and (f) all of such Persons' predecessors, successors and assigns, subsidiaries, affiliates, current and former officers, directors, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, and other professionals, and all such Persons' respective heirs, executors, estates, servants and nominees, in their respective capacities as such.

185.    "Reorganized BSA" means the BSA, as reorganized pursuant to and under the Plan on or after the Effective Date.

186.    "Representatives" means, with respect to any Person, such Person's (a) predecessors, successors, assigns, subsidiaries, and Affiliates, (b) current and former officers, directors, principals, equity holders, trustees, members, partners, managers, officials, board members, advisory board members, employees, agents, volunteers, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals, and (c) respective heirs, executors, estates, and nominees, in each case solely in its capacity as such.

187.    "Restated 2010 Bond Documents" means those certain restated bond documents, including a restated revenue bond, bond purchase agreement, promissory

note, security agreement, and all documentation executed and delivered in connection therewith, in each case containing substantially the same terms as the 2010 Bond Documents except that: (a) the amortization schedule attached to the 2010 Bond shall be amended and restated such that (i) interest is payable in monthly installments (at the same rates in the 2010 Bond Documents) beginning on the date that is one month after the Effective Date (as to be specified in the Restated 2010 Bond Documents) and ending on the Restated Maturity Date, and (ii) principal is payable in monthly installments (in the same monthly amounts as the periodic amortization amounts in the 2010 Bond Documents) beginning on the date that is two years after the Effective Date (as to be specified in the Restated 2010 Bond Documents) and ending on the Restated Maturity Date; and (b) the Restated 2010 Bond Documents shall be guaranteed by Arrow. The covenants in the Restated 2010 Bond Documents shall be in form and substance acceptable to JPM and the BSA. The obligations under the Restated 2010 Bond Documents shall be secured by the Restated Security Agreement. The then-current forms of the Restated 2010 Bond Documents shall be filed with the Plan Supplement.

188. "Restated 2012 Bond Documents" means those certain restated bond documents, including a restated revenue bond, bond purchase agreement, promissory note, security agreement, and all documentation executed and delivered in connection therewith, in each case containing substantially the same terms as the 2012 Bond Documents except that: (a) the amortization schedule attached to the 2012 Bond shall be amended and restated such that (i) interest is payable in monthly installments (at the same rates in the 2012 Bond Documents) beginning on the date that is one month after the Effective Date (as to be specified in the Restated 2012 Bond Documents) and ending on the Restated Maturity Date, and (ii) principal is payable in monthly installments (in the same monthly amounts as the periodic amortization amounts in the 2012 Bond Documents) beginning on the date that is two years after the Effective Date (as to be specified in the Restated 2012 Bond Documents) and ending on the Restated Maturity Date; and (b) the Restated 2012 Bond Documents shall be guaranteed by Arrow. The covenants in the Restated 2012 Bond Documents shall be in form and substance acceptable to JPM and the BSA. The obligations under the Restated 2012 Bond Documents shall be secured by the Restated Security Agreement. The then-current forms of the Restated 2012 Bond Documents shall be filed with the Plan Supplement.

189. "Restated Credit Facility Documents" means those certain restated revolving credit facility documents, which shall contain substantially the same terms as the 2010 Credit Facility Documents and the 2019 RCF Documents, as applicable to the 2010 Credit Facility Claims and the 2019 RCF Claims, except that: (a) the revolving credit facility provided under the 2019 RCF Documents shall be frozen and converted to a term loan; (b) the Revolving Maturity Date and the Term Loan Maturity Date (each as defined in the 2010 Credit Facility Documents) and the Maturity Date (as defined in the 2019 RCF Documents) shall be extended to the Restated Maturity Date; (c) interest is payable in quarterly installments (at the same rates in the Restated 2012 Bond Documents) beginning on the date that is three months after the Effective Date (as to be specified in the Restated 2012 Bond Documents) and ending on the Restated Maturity Date; (d) principal is payable in quarterly monthly installments (at 1/40th of the outstanding balance on the Effective Date) beginning on the date that is two years after

the Effective Date (as to be specified in the Restated Credit Facility Documents) and ending on the Restated Maturity Date; and (e) the Restated Credit Facility Documents shall be guaranteed by Arrow. The covenants in the Restated Credit Facility Documents shall be in form and substance acceptable to JPM and the BSA. The obligations under the Restated Credit Facility Documents shall be secured by the Restated Security Agreement. The then-current forms of the Restated Credit Facility Documents shall be filed with the Plan Supplement.

190. "Restated Debt and Security Documents" means, collectively, the Restated 2010 Bond Documents, the Restated 2012 Bond Documents, the Restated Credit Facility Documents, and the Restated Security Agreement. The Restated Debt and Security Documents must be reasonably acceptable to the Creditors' Committee.

191. "Restated Maturity Date" means the maturity date applicable to each of the Restated Debt and Security Documents in accordance with the terms thereof, which shall in each case be the date that is ten (10) years after the Effective Date.

192. "Restated Security Agreement" means that certain restated security agreement, pursuant to which Reorganized BSA shall grant blanket first-priority liens on and security interests in all of Reorganized BSA's assets, including but not limited to all collateral secured by the Prepetition Security Documents (2019), to JPM to secure Reorganized BSA's and Arrow's obligations under the Restated 2010 Bond Documents, the Restated 2012 Bond Documents and the Restated Credit Facility Documents. The then-current form of the Restated Security Agreement shall be filed with the Plan Supplement.

193. "Restoration Plan" means the Boy Scouts of America Retirement Benefit Restoration Plan, a non-qualified defined benefit retirement plan under section 457(f) of the Internal Revenue Code, which provides supplemental retirement benefits to certain current and former employees of the Debtors or Local Councils.

194. "Schedules" means, with respect to each Debtor, the schedules of assets and liabilities and the statement of financial affairs filed by such Debtor with the Bankruptcy Court pursuant to sections 521 and 1106(a)(2) of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules and statements may be amended or supplemented from time to time prior to the Effective Date.

195. "Scouting Released Claims" has the meaning ascribed to such term in Article X.J.

196. "Scouting University" means that certain parcel of real property owned by the BSA located at 1301 Solana Boulevard, Westlake, Texas 76262, together with the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and other improvements now or hereafter located thereon.

197. "Secured" means, with respect to any Claim, the extent to which the Claim is: (a) secured by a Lien on property of a Debtor's Estate (i) as set forth in the Plan, (ii) as agreed to by the holder of such Claim and the Debtors, or (iii) as determined by a Final

Order in accordance with section 506(a) of the Bankruptcy Code; or (b) subject to any setoff right of the holder of such Claim under section 553 of the Bankruptcy Code, but, with respect to both of the foregoing clauses (a) and (b), only to the extent of the value of the interest of such holder in the Estate's interest in the property securing such Claim or the amount subject to setoff, as applicable.

198.    "Settlement of Restricted and Core Asset Disputes" has the meaning ascribed to such term in Article V.R.3.

199.    "Settlement Trust" means the trust organized under the laws of the state of Delaware and established under Article IV and the Settlement Trust Agreement for the purposes set forth therein, including assuming liability for all Abuse Claims, holding, preserving, maximizing, and administering the Settlement Trust Assets, and directing the processing, liquidation and payment of all compensable Abuse Claims in accordance with the Settlement Trust Documents.

200.    "Settlement Trust Advisory Committee" means the committee appointed and serving in accordance with Article IV and the Settlement Trust Agreement, which shall have the powers, duties and obligations set forth in the Settlement Trust Agreement. The initial members of the Settlement Trust Advisory Committee shall be identified in the Plan Supplement.

201.    "Settlement Trust Agreement" means the agreement between the Debtors and the Settlement Trustee governing the Settlement Trust, dated as of the Effective Date, to be filed with the Plan Supplement.

202.    "Settlement Trust Assets" means the following assets and any income, profits and proceeds realized, received or derived from such assets subsequent to the transfer of such assets to the Settlement Trust: (a) the BSA Trust Contribution; (b) the Local Council Settlement Contribution; (c) the Chartered Organization Settlement Contribution; and (d) any and all other funds, proceeds or other consideration otherwise contributed to the Settlement Trust pursuant to the Plan or the Confirmation Order or other Final Order of the Bankruptcy Court.  For the avoidance of doubt, the insurance rights of any Person that is not a Protected Party are expressly reserved for such Person, and the Plan Documents shall not, and shall not be deemed to, transfer, grant, or assign such rights to the Settlement Trust.

203.    "Settlement Trust Causes of Action" means any Estate Cause of Action not otherwise expressly released under the Plan, attributable to: (a) all defenses to any Abuse Claim, including all defenses under section 502 of the Bankruptcy Code; (b) with respect to Abuse Claims, all rights of setoff, recoupment, contribution, reimbursement, subrogation or indemnity (as those terms are defined by the non-bankruptcy law of any relevant jurisdiction) and any other indirect claim of any kind whatsoever, whenever and wherever arising or asserted; (c) any other claims or rights with respect to Abuse Claims that the Debtors would have had under applicable law if the Chapter 11 Cases had not occurred and the holder of such Abuse Claim had asserted such claim by initiating civil litigation against the Debtors; and (d) any claim, cause of action, or right of the Debtors

or either of them, under the laws of any jurisdiction, for reimbursement, indemnity, contribution, breach of contract, or otherwise arising from or relating to any payments made by the Debtors on account of Abuse Claims prior to the Petition Date.

204.    "Settlement Trust Documents" means, collectively, (a) the Settlement Trust Agreement, (b) the Trust Distribution Procedures, (c) the Cooperation Agreement, and (d) any other agreements, instruments and documents governing the establishment, administration and operation of the Settlement Trust, which shall be substantially in the forms set forth as exhibits hereto or in the Plan Supplement, as the same may be amended or modified from time to time in accordance with the terms thereof.

205.    "Settlement Trust Expenses" means any liabilities, costs, or expenses of, or imposed upon, or in respect of, the Settlement Trust once established (except for payments to holders of Abuse Claims on account of such Claims).  Settlement Trust Expenses shall also expressly include (a) any and all liabilities, costs, and expenses incurred subsequent to the Effective Date in connection with the Settlement Trust Assets (including, without limitation, the prosecution of any Settlement Trust Causes of Action and Insurance Actions), in each case whether or not any such action results in a recovery for the Settlement Trust and (b) the reasonable documented costs and expenses incurred by Reorganized BSA, the Related Non-Debtor Entities, the Local Councils, the Ad Hoc Committee, or the Contributing Chartered Organizations in taking any action on behalf of or at the direction of the Settlement Trust, if any, including, without limitation, any costs and expenses incurred by Reorganized BSA, the Related Non-Debtor Entities, the Local Councils or the Contributing Chartered Organizations in being named as a defendant in any Insurance Action.

206.    "Settlement Trustee" means the individual appointed by the Bankruptcy Court to serve as trustee of the Settlement Trust pursuant to the terms of the Plan and the Settlement Trust Agreement or who may subsequently be appointed pursuant to the terms of the Settlement Trust Agreement.  The initial Settlement Trustee shall be identified in the Plan Supplement.

207.    "Settling Insurance Company" means, solely with respect to Insurance Policies that are the subject of an Insurance Settlement Agreement, any Insurance Company that contributes funds, proceeds or other consideration to or for the benefit of the Settlement Trust pursuant to an Insurance Settlement Agreement that is approved by a Final Order of the Bankruptcy Court (including the Confirmation Order) and is designated as a Settling Insurance Company in the Confirmation Order or the Affirmation Order.

208.    "Specified Insurance Policy" means any Insurance Policy with an inception date of January 1, 2013 to the present.

209.    "Summit Bechtel Reserve" means the parcels of real property that comprise the Summit Bechtel Family National Scout Reserve, together with the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and other improvements now or hereafter located thereon.

210.    "Tort Claimants' Committee" means the official committee of tort claimants, consisting of survivors of childhood sexual abuse, appointed by the United States Trustee in the Chapter 11 Cases under section 1102(a) of the Bankruptcy Code.

211.    "Trust Distribution Procedures" means the Trust Distribution Procedures as filed with the Plan Supplement, as the same may be amended or modified from time to time.

212.    "Unexpired Lease" means a lease to which BSA is a party, including any and all pre- and post-petition amendments thereto, that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

213.    "Unimpaired" means any Claim that is not Impaired, including any Claim that is Reinstated.

214.    "United States Trustee" means the Office of the United States Trustee for the District of Delaware.

215.    "Unrestricted Cash and Investments" means all Cash and balance sheet investments owned by the Debtors immediately prior to the Effective Date that are not subject to legally enforceable restrictions requiring the use or disposition of such assets for a particular purpose.

216.    "Volunteer Screening Database" is the database established and maintained by the BSA to, among other things, track and remove from Scouting volunteer leaders suspected of having acted in an inappropriate sexual manner with youth participants in Scouting.

217.    "Voting Deadline" means the date by which all Persons entitled to vote on the Plan must vote to accept or reject the Plan.

218.    "Voting Procedures" means those certain procedures and supplemental procedures approved by the Bankruptcy Court for soliciting and tabulating the votes to accept or reject the Plan cast by holders of Claims against the Debtors entitled to vote on the Plan.  The Voting Procedures shall be in form and substance reasonably acceptable to the Creditors' Committee as they pertain to Convenience Claims, General Unsecured Claims and Non-Abuse Litigation Claims.

219.    "Warehouse and Distribution Center" means that certain parcel of real property owned by the BSA located at 2109 Westinghouse Boulevard, Charlotte, North Carolina 28269, together with the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and other improvements now or hereafter located thereon.

220.    "Workers' Compensation Program" means the Debtors' (a) written contracts, agreements, agreements of indemnity, in each case relating to workers' compensation, (b) self-insured workers' compensation bonds, policies, programs, and

plans for workers' compensation and (c) workers' compensation insurance issued to or entered into at any time by any of the Debtors.

B.    Interpretation; Application of Definitions and Rules of Construction.    For purposes of the Plan, unless otherwise provided herein:  (1) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (2) unless otherwise provided in the Plan, any reference in the Plan to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that such document will be substantially in such form or substantially on such terms and conditions; (3) any reference in the Plan to an existing document, schedule or exhibit filed or to be filed means such document, schedule or exhibit, as it may have been or may be amended, modified, or supplemented pursuant to the Plan; (4) any reference to a Person as a holder of a Claim or Interest includes that Person's successors and assigns; (5) unless otherwise stated, all references in the Plan to Articles are references to Articles of the Plan, as the same may be amended or modified from time to time in accordance with the terms hereof; (6) the words "herein," "hereof," "hereto," "hereunder" and other words of similar import refer to the Plan as a whole and not to any particular Article or clause contained in the Plan; (7) the words "include" and "including," and variations thereof, shall not be deemed to be terms of limitation and shall be deemed to be followed by the words "without limitation;" (8) subject to the provisions of any contract, certificate of incorporation, by-law, instrument, release, or other agreement or document entered into in connection with the Plan, the rights and obligations arising pursuant to the Plan shall be governed by, and construed and enforced in accordance with the applicable federal law, including the Bankruptcy Code and Bankruptcy Rules; (9) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; (10) any immaterial effectuating provisions may be interpreted by Reorganized BSA in such a manner that is consistent with the overall purpose and intent of the Plan all without further notice to or action, order, or approval of the Bankruptcy Court or any other Person; (11) captions and headings to Articles are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; (12) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (13) any reference to a Person's "subsidiaries" means its direct and indirect subsidiaries; and (14) in computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided herein, the provisions of Bankruptcy Rule 9006(a) shall apply.

C.    Reference to Monetary Figures.  All references in the Plan to monetary figures shall refer to the legal tender of the United States of America unless otherwise expressly provided.

D.    Controlling Document.  In the event of any conflict between the terms and provisions in the Plan (without reference to the Plan Supplement), on the one hand, and the terms and provisions in the Disclosure Statement, the Plan Supplement, any other instrument or document created or executed pursuant to the Plan, or any order (other than the Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), on the other hand, the Plan (without reference to the Plan

Supplement) shall govern and control; provided, however, that in the event of a conflict between Confirmation Order, on the one hand, and any of the other Plan Documents, on the other hand, the Confirmation Order shall govern and control in all respects.

## ARTICLE II.

## ADMINISTRATIVE EXPENSE AND PRIORITY CLAIMS

A.    Administrative Expense Claims.

1.    Administrative Expense Claims Generally.  Except to the extent that a holder of an Allowed Administrative Expense Claim agrees to less favorable treatment with respect to such Allowed Administrative Expense Claim, each holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims, which are governed by Article II.A.2) shall receive, on account of and in full and complete settlement, release and discharge of, and in exchange for, such Claim, payment of Cash in an amount equal to the unpaid portion of such Allowed Administrative Expense Claim, or such amounts and on other such terms as may be agreed to by the holders of such Claims, on or as soon as reasonably practicable after the later of: (a) the Effective Date; (b) the first Business Day after the date that is thirty (30) calendar days after the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim; (c) such other date(s) as such holder and the Debtors or Reorganized BSA shall have agreed; or (d) such other date ordered by the Bankruptcy Court; provided, however, that Allowed Administrative Expense Claims that arise in the ordinary course of the Debtors' non-profit operations during the Chapter 11 Cases may be paid by the Debtors or Reorganized BSA in the ordinary course of operations and in accordance with the terms and conditions of the particular agreements governing such obligations, course of dealing, course of operations, or customary practice.  Notwithstanding anything to the contrary herein or in the Cash Collateral Order, no Claim on account of any diminution in the value of the Prepetition Secured Parties' interests in the Prepetition Collateral (including Cash Collateral) (as each such capitalized term is defined in the Cash Collateral Order) from and after the Petition Date shall be Allowed unless such Claim is Allowed by a Final Order of the Bankruptcy Court.

2.    Professional Fee Claims.

a.    Final Fee Applications.  All Professionals or other Persons requesting the final Allowance and payment of compensation and/or reimbursement of expenses pursuant to sections 328, 330, 331 and/or 503(b) for services rendered during the period from the Petition Date to and including the Effective Date shall file and serve final applications for Allowance and payment of Professional Fee Claims on counsel to the Debtors and the United States Trustee no later than the first Business Day that is forty-five (45) days after the Effective Date.  Objections to any Professional Fee Claim must be filed and served on Reorganized BSA and the applicable Professional within twenty-one (21) calendar days after the filing of the final fee application that relates to the Professional Fee Claim (unless otherwise agreed by the Debtors or Reorganized BSA, as applicable, and the Professional requesting Allowance and payment of a Professional Fee Claim).  The Fee Examiner shall continue to act in its appointed

capacity unless and until all Professional Fee Claims have been approved by order of the Bankruptcy Court, and Reorganized BSA shall be responsible to pay the fees and expenses incurred by the Fee Examiner in rendering services after the Effective Date.

        b.     <u>Professional Fee Reserve</u>.  On the Effective Date, the Debtors shall establish and fund the Professional Fee Reserve with Cash in an amount equal to the Professional Fee Reserve Amount.  Funds held in the Professional Fee Reserve shall not be considered property of the Debtors' Estates, Reorganized BSA, the Settlement Trust, or the Core Value Cash Pool.  Professional Fees owing on account of Allowed Professional Fee Claims shall be paid in Cash from funds held in the Professional Fee Reserve as soon as reasonably practicable after such Professional Fee Claims are Allowed by a Final Order of the Bankruptcy Court or authorized to be paid under the Compensation Procedures Order; <u>provided</u>, <u>however</u>, that Reorganized BSA's obligations with respect to Allowed Professional Fee Claims shall not be limited by or deemed limited to the balance of funds held in the Professional Fee Reserve.  To the extent the funds held in the Professional Fee Reserve are insufficient to satisfy the Allowed Professional Fee Claims in full, each holder of an Allowed Professional Fee Claim shall have an Allowed Administrative Expense Claim for any deficiency, which shall be satisfied in accordance with <u>Article II.A.1</u>.  No Liens, Claims, interests, charges, or other Encumbrances or liabilities of any kind shall encumber the Professional Fee Reserve in any way.  When all Allowed Professional Fee Claims have been paid in full, amounts remaining in the Professional Fee Reserve, if any, shall revert to Reorganized BSA.

        c.     <u>Professional Fee Reserve Amount</u>.  To receive payment for Accrued Professional Fees incurred up to and including the Effective Date, Professionals shall estimate their Accrued Professional Fees as of the Effective Date and deliver such estimate to the Debtors at least five (5) Business Days prior to the anticipated Effective Date.  If a Professional does not provide such estimate, the Debtors may estimate the unbilled fees and expenses of such Professional.  The total amount so estimated will constitute the Professional Fee Reserve Amount, provided that such estimate will not be considered an admission or limitation with respect to the fees and expenses of such Professional.

        d.     <u>Post-Effective Date Fees and Expenses</u>.  From and after the Effective Date, any requirement that Professionals comply with sections 327 through 331 or 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of operations without any further notice to or action, order, or approval of the Bankruptcy Court

    B.    <u>Priority Tax Claims</u>.  Except to the extent that a holder of an Allowed Priority Tax Claim agrees to less favorable treatment, each holder of an Allowed Priority Tax Claim shall receive on account of and in full and complete settlement, release and discharge of, and in exchange for, such Allowed Priority Tax Claim, at the sole option of the Debtors or Reorganized

BSA, as applicable: (1) Cash in an amount equal to such Allowed Priority Tax Claim on or as soon as reasonably practicable after the later of (a) the Effective Date, to the extent such Claim is an Allowed Priority Tax Claim on the Effective Date; (b) the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim; and (c) the date such Allowed Priority Tax Claim is due and payable in the ordinary course as such obligation becomes due; provided, however, that the Debtors reserve the right to prepay all or a portion of any such amounts at any time under this option without penalty or premium; or (2) regular installment payments in Cash of a total value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim over a period ending not later than five years after the Petition Date.

## ARTICLE III.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.    Classification of Claims and Interests.

1.    Grouping of Debtors for Convenience.  The Plan is being proposed as a joint plan of reorganization of the Debtors for administrative purposes only and constitutes a separate chapter 11 plan of reorganization for each Debtor.  The Plan is not premised upon the substantive consolidation of the Debtors with respect to the Classes of Claims or Interests set forth in the Plan.

2.    Classification in General.  For purposes of organization, voting, and all matters related to Confirmation, and except as otherwise provided herein, all Claims (other than Administrative Expense Claims and Priority Tax Claims) against and Interests in the Debtors are classified as set forth in this Article III.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims described in Article II have not been classified and are excluded from the following Classes.  A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest falls within the description of such Class, and is classified in another Class or Classes to the extent that any remainder of the Claim or Interest falls within the description of such other Class or Classes. Notwithstanding anything to the contrary contained in the Plan, no distribution shall be made on account of any Claim that is not Allowed for distribution purposes (if applicable) or any Claim that has been satisfied, released, or otherwise settled prior to the Effective Date.

3.    Summary of Classification.  The following table designates the Classes of Claims against and Interests in the Debtors and specifies which of those Classes are (a) Impaired or Unimpaired by the Plan; (b) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code; or (c) presumed to accept or deemed to reject the Plan.

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept; Not Entitled to Vote |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept; Not Entitled to Vote |
| 3A | 2010 Credit Facility Claims | Impaired | Entitled to Vote |
| 3B | 2019 RCF Claims | Impaired | Entitled to Vote |
| 4A | 2010 Bond Claims | Impaired | Entitled to Vote |
| 4B | 2012 Bond Claims | Impaired | Entitled to Vote |
| 5 | Convenience Claims | Impaired | Entitled to Vote |
| 6 | General Unsecured Claims | Impaired | Entitled to Vote |
| 7 | Non-Abuse Litigation Claims | Impaired | Entitled to Vote |
| 8 | Direct Abuse Claims | Impaired | Entitled to Vote |
| 9 | Indirect Abuse Claims | Impaired | Entitled to Vote |
| 10 | Interests in Delaware BSA | Impaired | Deemed to Reject; Not Entitled to Vote |

B.     **Treatment of Claims and Interests.**

1.     **Class 1 – Other Priority Claims.**

a.     **Classification**:  Class 1 consists of all Other Priority Claims.

b.     **Treatment**:  Except to the extent that a holder of an Allowed Other Priority Claim agrees to less favorable treatment of such Claim, in full and final satisfaction of such Allowed Other Priority Claim, at the sole option of Reorganized BSA: (i) each such holder shall receive payment in Cash in an amount equal to such Allowed Other Priority Claim, payable on or as soon as reasonably practicable after the last to occur of (x) the Effective Date, (y) the date on which such Other Priority Claim becomes an Allowed Other Priority Claim, and (z) the date on which the holder of such Allowed Other Priority Claim and the Debtors or Reorganized BSA, as applicable, shall otherwise agree in writing; or (ii) satisfaction of such Allowed Other Priority Claim in any other manner that renders the Allowed Other Priority Claim Unimpaired, including Reinstatement.

c.     **Voting**:  Class 1 is Unimpaired, and each holder of an Other Priority Claim is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, holders of Other Priority Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Other Priority Claims.

2.     **Class 2 – Other Secured Claims.**

a.     **Classification**:  Class 2 consists of all Other Secured Claims.  To the extent that Other Secured Claims are Secured by different collateral or different interests in the same collateral, such Claims shall be treated as separate subclasses of Class 2 for purposes of voting to accept or reject the Plan and receiving Distributions under the Plan.

b.     **Treatment**:  Except to the extent that a holder of an Allowed Other Secured Claim agrees to less favorable treatment of such Claim, in full and final

satisfaction of such Allowed Other Secured Claim, each holder of an Allowed Other Secured Claim will receive, at the sole option of Reorganized BSA: (i) Cash in an amount equal to the Allowed amount of such Claim, including the payment of any interest required to be paid under section 506(b) of the Bankruptcy Code, payable on or as soon as reasonably practicable after the last to occur of (x) the Effective Date, (y) the date on which such Other Secured Claim becomes an Allowed Other Secured Claim, and (z) the date on which the holder of such Allowed Other Secured Claim and the Debtors or Reorganized BSA, as applicable, shall otherwise agree in writing; (ii) satisfaction of such Other Secured Claim in any other manner that renders the Allowed Other Secured Claim Unimpaired, including Reinstatement; or (iii) return of the applicable collateral on the Effective Date or as soon as reasonably practicable thereafter in satisfaction of the Allowed amount of such Other Secured Claim.

c.      Voting:  Class 2 is Unimpaired, and each holder of an Other Secured Claim is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.   Therefore, holders of Other Secured Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Other Secured Claims.

3.      Class 3A – 2010 Credit Facility Claims.

a.      Classification:  Class 3A consists of all 2010 Credit Facility Claims.

b.      Allowance:  On the Effective Date, all 2010 Credit Facility Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount not less than $80,762,060 (including $44,299,743 of undrawn amounts under letters of credit issued under the 2010 Credit Facility Documents, provided such letters of credit are drawn on or before the Effective Date), plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order.  Because all 2010 Credit Facility Claims are deemed fully Secured, there are no unsecured 2010 Credit Facility Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2010 Credit Facility Claims.

c.      Treatment:  Except to the extent that a holder of an Allowed 2010 Credit Facility Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2010 Credit Facility Claim, each holder of an Allowed 2010 Credit Facility Claim shall receive a Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2010 Credit Facility Claim.

d.    <u>Voting</u>:  Class 3A is Impaired, and each holder of a Allowed 2010 Credit Facility Claim is entitled to vote to accept or reject the Plan.

4.    <u>Class 3B – 2019 RCF Claims</u>.

a.    <u>Classification</u>:  Class 3B consists of all 2019 RCF Claims.

b.    <u>Allowance</u>:  On the Effective Date, all 2019 RCF Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount not less than $61,542,720 (including $51,542,720 of undrawn amounts under letters of credit issued under the 2019 RCF Documents, provided such letters of credit are drawn on or before the Effective Date), plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order. Because all 2019 RCF Claims are deemed fully Secured, there are no unsecured 2019 RCF Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2019 RCF Claims.

c.    <u>Treatment</u>:  Except to the extent that a holder of an Allowed 2019 RCF Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2019 RCF Claim, each holder of an Allowed 2019 RCF Claim shall receive a Claim under the Restated Credit Facility Documents in an amount equal to the amount of such holder's Allowed 2019 RCF Claim.

d.    <u>Voting</u>:  Class 3B is Impaired, and each holder of a 2019 RCF Claim is entitled to vote to accept or reject the Plan.

5.    <u>Class 4A – 2010 Bond Claims</u>.

a.    <u>Classification</u>:  Class 4A consists of all 2010 Bond Claims.

b.    <u>Allowance</u>:  On the Effective Date, all 2010 Bond Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount of not less than $40,137,274, plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order. Because all 2010 Bond Claims are deemed fully Secured, there are no unsecured 2010 Bond Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2010 Bond Claims.

c.    <u>Treatment</u>:  Except to the extent that a holder of an Allowed 2010 Bond Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2010 Bond Claim, each holder of an Allowed 2010 Bond Claim shall receive a

Claim under the Restated 2010 Bond Documents in an amount equal to the amount of such holder's Allowed 2010 Bond Claim.

        d.    <u>Voting</u>:  Class 4A is Impaired, and each holder of a 2010 Bond Claim is entitled to vote to accept or reject the Plan.

6.    <u>Class 4B – 2012 Bond Claims</u>.

        a.    <u>Classification</u>:  Class 4B consists of all 2012 Bond Claims.

        b.    <u>Allowance</u>:  On the Effective Date, all 2012 Bond Claims shall be deemed fully Secured and Allowed pursuant to section 506(a) of the Bankruptcy Code, and not subject to any counterclaim, defense, offset, or reduction of any kind, in an aggregate amount of not less than $145,662,101, plus any accrued but unpaid interest and reasonable fees and expenses as of the Effective Date to the extent not paid pursuant to the Cash Collateral Order.  Because all 2012 Bond Claims are deemed fully Secured, there are no unsecured 2012 Bond Claims, and the holders of such Claims do not have or hold any Class 6 Claims against the Debtors on account of any 2012 Bond Claims.

        c.    <u>Treatment</u>:  Except to the extent that a holder of an Allowed 2012 Bond Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for an Allowed 2012 Bond Claim, each holder of an Allowed 2012 Bond Claim shall receive a Claim under the Restated 2012 Bond Documents in an amount equal to the amount of such holder's Allowed 2012 Bond Claim.

        d.    <u>Voting</u>:  Class 4B is Impaired, and each holder of a 2012 Bond Claim is entitled to vote to accept or reject the Plan.

7.    <u>Class 5 – Convenience Claims</u>.

        a.    <u>Classification</u>:  Class 5 consists of all Convenience Claims.

        b.    <u>Treatment</u>:  In full and final satisfaction, settlement, release, and discharge of, and in exchange for, an Allowed Convenience Claim, each holder of an Allowed Convenience Claim shall receive, on the Effective Date or within thirty (30) days following the date that such Convenience Claim becomes Allowed (if such Claim becomes Allowed after the Effective Date), Cash in an amount equal to 100% of such holder's Allowed Convenience Class Claim.

        c.    <u>Voting</u>:  Class 5 is Impaired, and each holder of a Convenience Claim is entitled to vote to accept or reject the Plan.

8.    <u>Class 6 – General Unsecured Claims</u>.

        a.    <u>Classification</u>:  Class 6 consists of all General Unsecured Claims.

b.     Treatment:  Except to the extent that a holder of an Allowed General Unsecured Claim agrees to less favorable treatment of such Claim, in exchange for full and final satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed General Unsecured Claim (to the extent such Claim is not an Insured Non-Abuse Claim), each holder of an Allowed General Unsecured Claim shall receive, subject to the holder's ability to elect Convenience Class treatment on account of the Allowed General Unsecured Claim, its Pro Rata Share of the Core Value Cash Pool up to the full amount of such Allowed General Unsecured Claim in the manner described in Article VII.

c.     Voting:  Class 6 is Impaired, and each holder of a General Unsecured Claim is entitled to vote to accept or reject the Plan.

9.     Class 7 – Non-Abuse Litigation Claims.

a.     Classification:  Class 7 consists of all Non-Abuse Litigation Claims.

b.     Treatment:  Except to the extent that a holder of an Allowed Non-Abuse Litigation Claim agrees to less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, each Allowed Non-Abuse Litigation Claim, each holder thereof shall, subject to the holder's ability to elect Convenience Class treatment as provided in the following sentence, retain the right to recover up to the amount of such holder's Allowed Non-Abuse Litigation Claim from (i) available Insurance Coverage or the proceeds of any insurance policy of the Debtors, (ii) applicable proceeds of any Insurance Settlement Agreements, and (iii) co-liable non-debtors (if any) or their insurance coverage.  Solely to the extent that the holder of an Allowed Non-Abuse Litigation Claim fails to recover in full from the foregoing sources on account of such Allowed Claim after exhausting its remedies in respect thereof, such holder may elect to have the unsatisfied portion of its Allowed Claim treated as an Allowed Convenience Claim and receive cash in an amount equal to the lesser of (a) the amount of the unsatisfied portion of the Allowed Non-Abuse Litigation Claim and (b) $50,000.

c.     Voting:  Class 7 is Impaired, and each holder of a Non-Abuse Litigation Claim is entitled to vote to accept or reject the Plan.

10.    Class 8 – Direct Abuse Claims.

a.     Classification:  Class 8 consists of all Direct Abuse Claims.

b.     Treatment:  As of the Effective Date, liability for all Direct Abuse Claims shall be assumed in full by the Settlement Trust without further act, deed, or court order and shall be satisfied solely from the Settlement Trust as set forth in the Settlement Trust Documents.  Pursuant to the Channeling Injunction set forth in Article X.F, each holder of a Direct Abuse Claim shall have such holder's Direct Abuse Claim permanently channeled to the Settlement Trust, and such

Direct Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents. Holders of Direct Abuse Claims shall be enjoined from prosecuting any outstanding, or filing any future, litigation, Claims, or Causes of Action arising out of or related to such Direct Abuse Claims against any of the Protected Parties and may not proceed in any manner against any the Protected Parties in any forum whatsoever, including any state, federal, or non-U.S. court or any administrative or arbitral forum, and are required to pursue their Direct Abuse Claims solely against the Settlement Trust as provided in the Settlement Trust Documents.

c.      Voting: Class 8 is Impaired, and each holder of a Direct Abuse Claim is entitled to vote to accept or reject the Plan.

11.     Class 9 – Indirect Abuse Claims.

a.      Classification: Class 9 consists of all Indirect Abuse Claims.

b.      Treatment: As of the Effective Date, liability for all Indirect Abuse Claims shall be assumed in full by the Settlement Trust without further act, deed, or court order and shall be satisfied solely from the Settlement Trust as set forth in the Settlement Trust Documents solely to the extent that an Indirect Abuse Claim has not been deemed withdrawn with prejudice, irrevocably waived, released and expunged in connection with the Local Council Settlement Trust Contribution or the Contributing Chartered Organization Trust Contribution. Pursuant to the Channeling Injunction set forth in Article X.F, each holder of an Indirect Abuse Claim shall have such holder's Indirect Abuse Claim permanently channeled to the Settlement Trust, and such Indirect Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents. Holders of Indirect Abuse Claims shall be enjoined from prosecuting any outstanding, or filing any future, litigation, Claims, or Causes of Action arising out of or related to such Abuse Claims against any of the Protected Parties and may not proceed in any manner against any the Protected Parties in any forum whatsoever, including any state, federal, or non-U.S. court or any administrative or arbitral forum, and are required to pursue their Indirect Abuse Claims solely against the Settlement Trust as provided in the Settlement Trust Documents.

c.      Voting: Class 9 is Impaired, and each holder of an Indirect Abuse Claim is entitled to vote to accept or reject the Plan.

12.     Class 10 – Interests in Delaware BSA.

a.      Classification: Class 10 consists of all Interests in Delaware BSA.

b.      Treatment: On the Effective Date, Interests in Delaware BSA shall be deemed cancelled without further action by or order of the Bankruptcy Court

and shall be of no further force or effect, whether surrendered for cancellation or otherwise.

    c.    <u>Voting</u>:  Class 10 is Impaired, and each holder of an Interest in Delaware BSA shall be conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Therefore, holders of Interests in Delaware BSA are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Interests in Delaware BSA.

C.    <u>Elimination of Vacant Classes</u>.  Any Class of Claims against or Interests in the Debtors that, as of the commencement of the Confirmation Hearing, does not have at least one holder of a Claim or Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that Class.

D.    <u>Cramdown</u>.  If any Class is deemed to reject the Plan or is entitled to vote on the Plan and does not vote to accept the Plan, the Debtors may (a) seek confirmation of the Plan under section 1129(b) of the Bankruptcy Code or (b) amend or modify the Plan in accordance with the terms hereof and the Bankruptcy Code. If a controversy arises as to whether any Claims are, or any class of Claims is, impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

# ARTICLE IV.

## SETTLEMENT TRUST

A.    <u>Establishment of the Settlement Trust</u>.  The Settlement Trust shall be established on the Effective Date in accordance with the Plan Documents. The Settlement Trust shall be a "qualified settlement fund" within the meaning of the Treasury Regulations issued under Section 468B of the Internal Revenue Code.

B.    <u>Purposes of the Settlement Trust</u>.

    1.    The purposes of the Settlement Trust shall be to assume liability for all Abuse Claims, to hold, preserve, maximize and administer the Settlement Trust Assets, and to direct the processing, liquidation and payment of all compensable Abuse Claims in accordance with the Settlement Trust Documents. The Settlement Trust shall resolve Abuse Claims in accordance with the Settlement Trust Documents in such a way that the holders of Abuse Claims are treated equitably and reasonably in light of the finite assets available to satisfy such claims.

    2.    In the event of a conflict between the terms or provisions of the Plan and the Settlement Trust Documents, the terms of the Plan shall control.

C.    <u>Transfer of Claims to the Settlement Trust</u>.

       1.      On the Effective Date or as otherwise provided herein, and without further action of any Person, the Settlement Trust shall assume the liabilities, obligations, and responsibilities of the Protected Parties for all Abuse Claims, financial or otherwise. These assumptions by the Settlement Trust shall not affect (a) the application of the Discharge Injunction or the Channeling Injunction or (b) any Non-Settling Insurance Company's obligation under any Insurance Policy that is not the subject of an Insurance Settlement Agreement.

       2.      Except as otherwise expressly provided in the Plan, the Settlement Trust Agreement, or the Trust Distribution Procedures, the Settlement Trust shall have control over the Settlement Trust Causes of Action and the Insurance Actions, and the Settlement Trust shall thereby become the estate representative pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with the exclusive right to enforce each of the Settlement Trust Causes of Action and the Insurance Actions, and the proceeds of the recoveries on any of the Settlement Trust Causes of Action or the Insurance Actions shall be deposited in and become the property of the Settlement Trust, and the Settlement Trust shall have the right to enforce the Plan and any of the other Plan Documents (including the Cooperation Agreement) according to their respective terms, including the right to receive the Settlement Trust Assets as provided in the Plan; <u>provided</u>, <u>however</u>, that (a) the Settlement Trust shall have no other rights against the Protected Parties except to enforce the Plan and any of the other Plan Documents; (b) the Settlement Trust Causes of Action and the Insurance Actions shall not include any Claims or Interests fully and finally released, compromised, or settled pursuant to the Plan; and (c) for the avoidance of doubt, the Settlement Trust Causes of Action and the Insurance Actions do not include any rights of the Protected Parties arising under the Channeling Injunction or any of the Injunctions, Releases, or Discharges granted under the Plan and the Confirmation Order.

D.    <u>Transfer of Settlement Trust Assets to the Settlement Trust</u>.

       1.      <u>Transfers on the Effective Date</u>.  On the Effective Date, subject to <u>Article IV.D.2</u>, all right, title, and interest in and to the Settlement Trust Assets and any proceeds thereof shall be automatically, and without further act or deed, transferred to, vested in, and assumed by the Settlement Trust free and clear of all Encumbrances or Claims or other interests of any Person, subject to the Channeling Injunction and other provisions of the Plan.

       2.      <u>Transfers after the Effective Date</u>.  To the extent any of the Settlement Trust Assets are not transferred to the Settlement Trust by operation of law on the Effective Date pursuant to the Plan, then when such assets accrue or become transferable subsequent to the Effective Date, they shall automatically and immediately transfer to the Settlement Trust free and clear of all Encumbrances and Claims or other interests of any Person, subject to the Channeling Injunction and other provisions of the Plan.  To the extent that any action of a Protected Party is required to effectuate such transfer, such Protected Party shall promptly transfer, assign, and contribute, such remaining Settlement Trust Assets to the Settlement Trust.  In the event a Protected Party breaches any

obligation contained in this section, the Settlement Trust will have no adequate remedy at law and shall be entitled to preliminary and permanent declaratory and injunctive relief. This Article IV.D.2 applies, without limitation, to (a) that portion of the Local Council Settlement Contribution required to be contributed to the Settlement Trust after the Effective Date and (b) the transfer to the Settlement Trust of the Warehouse and Distribution Center, subject to the Leaseback Requirement.

3.      Insured Non-Abuse Claims.  The Insurance Assignment shall not, and shall not be deemed to, transfer, grant, or assign to the Settlement Trust any insurance rights of any Person that pertain to any Insured Non-Abuse Claims.  The insurance rights of any Person that pertain to Insured Non-Abuse Claims are expressly reserved for the such Persons, and the Plan Documents shall not, and shall not be deemed to, transfer, grant, or assign such rights to the Settlement Trust.

4.      Specified Insurance Policies.  Notwithstanding the Insurance Assignment, with respect to any Specified Insurance Policy, the right of the Debtors and Reorganized BSA (and any other named or additional insureds under such Specified Insurance Policy) are expressly reserved to (a) tender any Insured Non-Abuse Claims to the Specified Insurance Policies and (b) access the limits of liability of the Specified Insurance Policies to settle or otherwise resolve Insured Non-Abuse Claims.  Further, the Settlement Trust cannot settle, compromise, or otherwise resolve any rights, duties, or obligations under the Specified Insurance Policies without the express written consent and approval of the Debtors or Reorganized BSA, as applicable, and the Creditors' Committee, prior to its dissolution.  Nonetheless, the Settlement Trust shall have the same rights, if any, as the Protected Parties with respect to any Specified Insurance Policy insofar as the Settlement Trust may (i) tender Abuse Claims to the Specified Insurance Policies and (ii) access the limits of liability of the Specified Insurance Policies to pay Abuse Claims pursuant to the Trust Distribution Procedures.

E.      Settlement Trustee.  There shall be one Settlement Trustee.  The initial Settlement Trustee shall be the Person identified in the Plan Supplement.  Any successor Settlement Trustee shall be appointed in accordance with the terms of the Settlement Trust Agreement.  For purposes performing his or her duties and fulfilling his or her obligations under the Settlement Trust and the Plan, the Settlement Trustee shall be deemed to be, and the Confirmation Order shall provide that he or she is, a "party in interest" within the meaning of section 1109(b) of the Bankruptcy Code.  The Settlement Trustee shall be the "administrator" of the Settlement Trust as such term is used in Treas. Reg. Section 1.468B-2(k)(3).

F.      Settlement Trust Advisory Committee.   The Settlement Trust Advisory Committee shall be established pursuant to the Settlement Trust Agreement.   The initial Settlement Trust Advisory Committee shall have three (3) members and shall have the functions, duties, and rights provided in the Settlement Trust Agreement.  Each member of the Settlement Trust Advisory Committee shall serve in accordance with the terms and conditions of the Settlement Trust Agreement.

G.      Trust Distribution Procedures.  On the Effective Date, the Settlement Trust shall implement the Trust Distribution Procedures in accordance with the terms of the Settlement

Trust Agreement. From and after the Effective Date, the Settlement Trustee shall have the authority to administer, amend, supplement, or modify the Trust Distribution Procedures solely in accordance with the terms thereof and the Settlement Trust Agreement.

H. <u>Settlement Trust Expenses</u>. The Settlement Trust shall pay all Settlement Trust Expenses from the Settlement Trust Assets. The Settlement Trust shall bear sole responsibility with respect to the payment of the Settlement Trust Expenses. Additionally, the Settlement Trust shall promptly pay all reasonable and documented Settlement Trust Expenses incurred by any Protected Party for any and all liabilities, costs or expenses as a result of taking action on behalf of or at the direction of the Settlement Trust.

I. <u>Indemnification by Settlement Trust</u>. From and after the Effective Date, the Settlement Trust shall indemnify each of the Protected Parties, to the fullest extent lawful, from and against any and all claims, liabilities, losses, actions, suits, proceedings, third-party subpoenas, damages, costs and expenses (including full reimbursement of all fees and expenses of counsel), as incurred, related to, arising out of, or in connection with any Abuse Claim.

J. <u>Investment Guidelines</u>. All monies held in the Settlement Trust shall be invested, subject to the investment limitations and provisions enumerated in the Settlement Trust Agreement.

K. <u>Excess Settlement Trust Assets</u>. To the extent any Settlement Trust Assets remain at such time as the Settlement Trust is dissolved under the terms of the Settlement Trust Documents, any remaining Settlement Trust Assets shall be distributed to Reorganized BSA.

L. <u>Cooperation Agreement</u>. The Debtors, the Local Councils, the Contributing Chartered Organizations and the Settlement Trust shall enter into the Cooperation Agreement on the Effective Date substantially in the form contained in the Plan Supplement. The Cooperation Agreement shall provide for certain documents, books and records of the Debtors (including all portions of the Volunteer Screening Database relating to allegations of Abuse set forth in Proofs of Claim), the Local Councils, and Contributing Chartered Organizations to be shared with the Settlement Trust. The parties to the Cooperation Agreement shall be bound by the terms thereof.

M. <u>Privileged Information</u>. The transfer or assignment of any Privileged Information to the Settlement Trustee shall not result in the destruction or waiver of any applicable privileges pertaining thereto. Further, with respect to any privileges: (a) they are transferred to or contributed for the sole purpose of enabling the Settlement Trustee to perform their duties to administer the Settlement Trust and for no other reason; (b) they are vested solely in the Settlement Trustee and not in the Settlement Trust, the Settlement Trust Advisory Committee, or any other Person, committee or subcomponent of the Settlement Trust, or any other Person (including counsel and other professionals) who has been engaged by, represents or has represented any holder of an Abuse Claim; (c) they shall be preserved and not waived; and (d) no privileged information shall be publicly disclosed by the Settlement Trustee or the Settlement Trust or communicated to any Person not entitled to receive such information or in a manner that would diminish the protected status of any such information. Notwithstanding the foregoing, (i) nothing herein shall preclude the Settlement Trustee from providing information received pursuant to this section to any Insurance Company as necessary to preserve, secure, or obtain the

benefit of any rights under any Insurance Policy and (ii) the transfer or assignment of any Privileged Information shall not include any Common-Interest Communications with Insurers.

N.     <u>No Liability</u>.  The Protected Parties shall neither have nor incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance in connection with or related to the Settlement Trust, the Settlement Trustee, or the Settlement Trust Documents, including the administration of Abuse Claims and the distribution of Settlement Trust Assets by the Settlement Trust, or any related agreement.

O.     <u>U.S. Federal Income Tax Treatment of the Settlement Trust</u>.  The Settlement Trust shall be a "qualified settlement fund" within the meaning of the Treasury Regulations issued under Section 468B of the Internal Revenue Code.  The Settlement Trust shall file (or cause to be filed) statements, returns, or disclosures relating to the Settlement Trust that are required by any Governmental Unit.  The Settlement Trustee shall be responsible for the payment of any taxes imposed on the Settlement Trust or the Settlement Trust Assets, including estimated and annual U.S. federal income taxes in accordance with the terms of the Settlement Trust Agreement.  The Settlement Trustee may request an expedited determination of taxes on the Settlement Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Settlement Trust for all taxable periods through the dissolution of the Settlement Trust.

P.     <u>Institution and Maintenance of Legal and Other Proceedings</u>.  As of the Effective Date, the Settlement Trust shall be empowered to initiate, prosecute, defend, settle, maintain, administer, preserve, pursue, and resolve all legal actions and other proceedings related to any asset, liability, or responsibility of the Settlement Trust, including the Insurance Actions, Abuse Claims, and the Settlement Trust Causes of Action.  Without limiting the foregoing, on and after the Effective Date, the Settlement Trust shall be empowered to initiate, prosecute, defend, settle, maintain, administer, preserve, pursue, and resolve all such actions, in the name of the Debtors or Reorganized BSA, if deemed necessary or appropriate by the Settlement Trust.  The Settlement Trust shall be responsible for the payment of all damages, awards, judgments, settlements, expenses, costs, fees, and other charges incurred on or after the Effective Date arising from, relating to, or associated with any legal action or other proceeding which is the subject of this <u>Article IV.P</u> and shall pay Indirect Abuse Claims, in accordance with the Trust Distribution Procedures, that may arise from deductibles, self-insured retentions, retrospective premium adjustments, or other charges.  Furthermore, without limiting the foregoing, the Settlement Trust shall be empowered to maintain, administer, preserve, or pursue the Insurance Coverage and the Insurance Action Recoveries.

Q.     <u>Expungement of Abuse Claims from the Claims Register</u>.  On the Effective Date, all Abuse Claims filed against the Debtors in the Chapter 11 Cases shall be expunged from the Claims Register and resolved exclusively in accordance with the Trust Distribution Procedures.

## ARTICLE V.

## MEANS FOR IMPLEMENTATION OF THE PLAN

A.     General.  On and after the Confirmation Date, the Debtors shall be empowered and authorized to take or cause to be taken, prior to the Effective Date, all actions necessary to enable them to implement the provisions of the Plan on the Effective Date, including the creation of the Settlement Trust and the preparations for the transfer of the Settlement Trust Assets to the Settlement Trust.

B.     Operations of the Debtors between Confirmation and the Effective Date.  The Debtors shall continue to operate as debtors and debtors in possession during the period from the Confirmation Date to the Effective Date.

C.     BSA Governance Documents.  From and after the Effective Date, Reorganized BSA shall be governed pursuant to the BSA Charter and the Amended BSA Bylaws.  The Amended BSA Bylaws shall contain such provisions as are necessary to satisfy the provisions of the Plan, subject to further amendment thereof after the Effective Date as permitted by applicable law.  Under the BSA Charter, the BSA has no power to issue certificates of stock, its object and purpose being solely of a charitable character and not for pecuniary profit; accordingly, the requirement of section 1123(a)(6) does not apply to the BSA.

D.     Continued Legal Existence of BSA.  The BSA shall continue to exist on and after the Effective Date, with all of the powers it is entitled to exercise under applicable law and pursuant to the BSA Charter and the Amended BSA Bylaws, subject to further amendment of the Amended BSA Bylaws after the Effective Date, as permitted by applicable law.

E.     Reorganized BSA's Directors and Senior Management.  Pursuant to section 1129(a)(5) of the Bankruptcy Code, to the extent that there are anticipated changes in Reorganized BSA's directors and officers, the Debtors will identify any such changes in the Plan Supplement.  On and after the Effective Date, the Amended BSA Bylaws, as such may be amended thereafter from time to time, shall govern the designation and election of directors of Reorganized BSA.

F.     Dissolution of Delaware BSA.  On the Effective Date, Delaware BSA's members, directors, officers and employees shall be deemed to have resigned, and Delaware BSA shall be deemed to have dissolved for all purposes and be of no further legal existence under any applicable state or federal law, without the need for any further action or the filing of any plan of dissolution, notice, or application with the Secretary of State of the State of Delaware or any other state or government authority, and without the need to pay any franchise or similar taxes to effectuate such dissolution.  Any Allowed Claims against Delaware BSA will be treated as set forth in Article III.B.

G.     Due Authorization.  As of the Effective Date, all actions contemplated by the Plan that require corporate action of the Debtors, or either of them, including actions requiring a vote of the National Executive Board or the National Executive Committee of the BSA or the sole member of Delaware BSA, and execution of all documentation incident to the Plan, shall be

deemed to have been authorized, approved, and, to the extent taken prior to the Effective Date, ratified in all respects without any requirement of further action by the Bankruptcy Court, members, officers, or directors of the Debtors, Reorganized BSA, or any other Person.

H.    Cancellation of Interests.  As of the Effective Date, in accordance with Article III.B.12, Interests in Delaware BSA shall be deemed cancelled without further action by or order of the Bankruptcy Court and shall be of no further force or effect.

I.    Restatement of Indebtedness.

    1.    Except as otherwise provided in the Plan, or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, and subject to the treatment afforded to holders of Allowed Claims in Class 3A, 3B, 4A, or 4B under Article III, on the Effective Date, all Prepetition Debt and Security Documents, including all agreements, instruments, and other documents evidencing or issued pursuant to the 2010 Credit Facility Documents, the 2019 RCF Documents, the 2010 Bond Documents, the 2012 Bond Documents, or any indebtedness or other obligations thereunder, and any rights of any holder in respect thereof, shall be deemed amended and restated in the form of the Restated Debt and Security Documents on the terms set forth herein.

    2.    Any provision in any document, instrument, lease, or other agreement that causes or effectuates, or purports to cause or effectuate, a default, termination, waiver, or other forfeiture of, or by, the Debtors as a result of the satisfactions, Injunctions, Releases, Discharges and other transactions provided for in the Plan shall be deemed null and void and shall be of no force or effect.  Nothing contained herein shall be deemed to cancel, terminate, release, or discharge the obligation of the Debtors or any of their counterparties under any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order of the Bankruptcy Court, including the Confirmation Order.

J.    Cancellation of Liens.  Except as otherwise provided in the Plan, on the Effective Date, any Lien securing any Allowed Secured Claim (other than a Lien securing any Allowed Secured Claim that is Reinstated pursuant to the Plan, including, for avoidance of doubt, the liens securing the Restated Debt and Security Documents) shall be deemed released and the holder of such Allowed Secured Claim shall be authorized and directed to release any collateral or other property of any Debtor (including any cash collateral) held by such holder and to take such actions as may be requested by the Debtors (or Reorganized BSA, as the case may be) to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases as may be requested by the Debtors (or Reorganized BSA, as the case may be).

K.    Effectuating Documents and Further Transactions.  The Chief Executive Officer and President, the Chief Financial Officer, and the General Counsel of the BSA is authorized to execute, deliver, file or record such contracts, instruments, releases, indentures, and other agreements or documents and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

L.     Sources of Consideration for Distributions.  Distributions under the Plan shall be funded from the following sources:

1.     The Debtors shall fund Distributions on account of and satisfy Allowed General Unsecured Claims exclusively from the Core Value Cash Pool;

2.     The Settlement Trust shall fund distributions on account of and satisfy compensable Abuse Claims in accordance with the Trust Distribution Procedures from (a) the BSA Settlement Trust Contribution, (b) the Local Council Settlement Contribution, (c) the Contributing Chartered Organization Settlement Contribution, and (d) any and all other funds, proceeds or other consideration otherwise contributed to the Settlement Trust pursuant to the Plan or the Confirmation Order or other Final Order of the Bankruptcy Court;

3.     The Debtors shall satisfy 2010 Credit Facility Claims, 2019 RCF Claims, 2010 Bond Claims, and 2012 Bond Claims in accordance with the terms of the Restated 2010 Bond Documents, the Restated 2012 Bond Documents and the Restated Credit Facility Documents, as applicable; and

4.     The Debtors shall fund Distributions on account of and satisfy all other Allowed Claims with Unrestricted Cash and Investments on hand on or after the Effective Date in accordance with the terms of the Plan and the Confirmation Order.

M.     Resolution of Abuse Claims.  All Abuse Claims shall be channeled to and resolved by the Settlement Trust in accordance with the Trust Distribution Procedures, subject to the right of any Non-Settling Insurance Company to raise any valid Insurance Coverage Defense in response to a demand by the Settlement Trust that such insurer handle, defend, or pay any such Claim.

N.     Funding by the Settlement Trust.  The Settlement Trust shall have no obligation to fund costs or expenses other than those set forth in the Plan or the Settlement Trust Documents, as applicable.

O.     Core Value Cash Pool.  Reorganized BSA shall deposit Cash into the Core Value Cash Pool by making four semi-annual installment payments equal to $6,250,000.  Reorganized BSA shall make the first deposit six (6) months after the Effective Date; the second installment on the first anniversary after the Effective Date; the third installment eighteen (18) months after the Effective Date; and the fourth installment on the second anniversary of the Effective Date.

P.     Creditor Representative.  The Creditor Representative shall be appointed as of the Effective Date and shall be responsible for assisting Reorganized BSA and its professionals in their efforts to efficiently reconcile Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims.  The identity of the Creditor Representative shall be determined by the Creditors' Committee, with the consent of the Debtors (such consent not to be unreasonably withheld).  The Debtors or Reorganized BSA, as applicable, will use commercially reasonable efforts to assist the Creditor Representative in reconciling Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims on or before the applicable Claims Objection Deadline.  The reasonable fees and actual and necessary costs and expenses of the

Creditor Representative shall be paid by Reorganized BSA up to the Creditor Representative Fee Cap, and Reorganized BSA shall have no obligation to compensate or reimburse the costs or expenses of the Creditor Representative beyond the amount of the Creditor Representative Fee Cap.

Q.     Residual Cash in Core Value Cash Pool.  To the extent any Cash remains in the Core Value Cash Pool after all Allowed General Unsecured Claims have been satisfied in full, such remaining Cash shall: (i) first, on account of any Allowed Non-Abuse Litigation Claims that shall not have elected to be treated as an Allowed Convenience Claim under Article III.B.9 to satisfy any deficiency in payments of such Allowed Claims from available Insurance Coverage, from applicable proceeds of any Insurance Settlement Agreements, and from co-liable non-debtors (if any) or their insurance coverage; (ii) second, to pay interest to holders of Allowed General Unsecured Claims in accordance with Article VII.L; and (iii) third irrevocably re-vest in Reorganized BSA.

R.     Compromise and Settlement of Claims, Interests and Controversies.  Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan, including the Abuse Claims Settlement, the JPM / Creditors' Committee Settlement, and the Settlement of Restricted and Core Asset Disputes set forth in this Article V.R, shall constitute a good-faith compromise and settlement of Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that holders of Claims or Interests may have with respect to any Claim or Interest under the Plan or any Distribution to be made on account of an Allowed Claim.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims, Interests, and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates, and holders of such Claims and Interests, and is fair, equitable and reasonable.

1.     Abuse Claims Settlement.  The treatment provided for Abuse Claims under the Plan incorporates and reflects a proposed compromise and settlement of all Abuse Claims against the Protected Parties, and the Scouting Released Claims against the Local Councils and Contributing Chartered Organizations (the "Abuse Claims Settlement"), and the Plan constitutes a request for the Bankruptcy Court to authorize and approve the Abuse Claims Settlement.  The following constitutes the provisions and conditions of the Abuse Claims Settlement:

a.     Local Council Settlement Contribution.  The Local Councils shall make, cause to be made, or be deemed to have made, as applicable, the Local Council Settlement Contribution.

b.      Contributing Chartered Organization Settlement Contribution. The Contributing Chartered Organizations will make, cause to be made, or be deemed to have made, as applicable, the Contributing Chartered Organization Settlement Contribution.

c.      Claims Deemed Withdrawn with Prejudice By Settling Insurance Companies. On the Effective Date, any and all Claims that have been asserted in the Chapter 11 Cases by or on behalf of any Settling Insurance Company shall be deemed withdrawn with prejudice and irrevocably waived, released and expunged from the Claims Register without any further notice to or action, order, or approval of the Bankruptcy Court. Further, no Settling Insurance Company shall file or assert any Claim or Claims against the Debtors or Reorganized BSA arising from any act or omission of the Debtors prior to the Confirmation Date.

d.      Injunctions and Releases.  Notwithstanding anything to the contrary set forth in the Plan or any other document filed with the Bankruptcy Court, the Injunctions and Releases contained in Article X shall not be effective: (i) as to the Local Councils, until the Local Council Settlement Contribution shall have been made; (ii) as to the Contributing Chartered Organizations, until the Contributing Chartered Organization Settlement Contribution shall have been made; and (iii) as to any Settling Insurance Company, until such Settling Insurance Company shall have made its contribution to the Settlement Trust pursuant to an Insurance Settlement Agreement.

2.      JPM / Creditors' Committee Settlement. The treatment provided for under the Plan for Allowed 2010 Credit Facility Claims, Allowed 2019 RCF Claims, Allowed 2010 Bond Claims, Allowed 2012 Bond Claims, Allowed Convenience Claims, Allowed General Unsecured Claims, and Allowed Non-Abuse Litigation Claims, together with the terms and conditions of the settlement term sheet appended as Exhibit A to the *First Mediators' Report* filed on March 1, 2021 at Docket No. 2292, reflects a proposed compromise and settlement by and among the Debtors, the Creditors' Committee and JPM (the "JPM / Creditors' Committee Settlement").[3] The following constitutes the provisions and conditions of the JPM / Creditors' Committee Settlement:

a.      Allowance and Treatment of 2010 Credit Facility Claims, 2019 RCF Claims, 2010 Bond Claims and 2012 Bond Claims. The 2010 Credit Facility Claims, the 2019 RCF Claims, the 2010 Bond Claims and the 2012 Bond Claims shall be Allowed in the amounts set forth in Article III.B and receive the treatment afforded to such Claims thereunder. The Debtors acknowledge and agree that the Claims held by JPM (the 2010 Credit Facility Claims, the 2019 RCF Claims, the 2010 Bond Claims and the 2012 Bond Claims), are core to the Debtors' charitable mission and were incurred in furtherance of the Debtors' charitable mission.

---

[3]   In the event of a conflict between the terms and conditions of the Plan, on the one hand, and the terms and conditions of the settlement term sheet, on the other hand, the terms of the Plan shall control.

   b.    <u>Treatment of Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims</u>.  Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims shall receive the treatment afforded to such Claims under <u>Article III.B</u>.  The Debtors acknowledge and agree that General Unsecured Claims, Convenience Claims, and Non-Abuse Litigation Claims are held by creditors who are core to the Debtors' charitable mission or creditors whose Claims in such Classes, if Allowed, were incurred in furtherance of the Debtors' charitable mission; accordingly, payments by Reorganized BSA under the Plan on account of such Allowed Claims, if applicable, will be made from Cash relating to Reorganized BSA's core assets.

   c.    <u>Challenge Period</u>.  As of the Effective Date, (i) the Challenge Period (as defined in the Cash Collateral Order) shall be deemed to have expired with respect to the Creditors' Committee; (ii) the Stipulations (as defined in the Cash Collateral Order) and other admissions, agreements and releases set forth in the Cash Collateral Order shall be final and binding on the Creditors' Committee. The ability of any other party to bring a Challenge Proceeding (as defined in the Cash Collateral Order) shall be governed by the terms and conditions of the Cash Collateral Order.

   3.    <u>Settlement of Restricted and Core Asset Disputes</u>.  The Debtors have agreed under the Plan to: (a) fund the Core Value Cash Pool, in the amount of $25,000,000; and (b) make the BSA Settlement Trust Contribution, including all of the Net Unrestricted Cash and Investments.  The proceeds of the Foundation Loan, in the amount of $42,800,000 (which Reorganized BSA will use exclusively for working capital and general corporate purposes), will permit the Debtors to contribute to the Settlement Trust a substantial amount of core value consideration in Cash on the Effective Date.  The foregoing components of the consideration proposed to be provided by the Debtors to holders of certain Claims under the Plan constitute a compromise and settlement of any and all disputes between and among the Tort Claimants' Committee, the Future Claimants' Representative, the Creditors' Committee, and the Debtors concerning the Debtors' restricted and/or core assets, including the claims asserted in the complaint filed by the Tort Claimants' Committee in the adversary proceeding entitled *Official Tort Claimants' Committee of Boy Scouts of America and Delaware BSA, LLC v. Boy Scouts of America and Delaware BSA, LLC*, Adv. Pro. No. 21-50032 (LSS) (the "<u>Settlement of Restricted and Core Asset Disputes</u>").

   S.    <u>Good-Faith Compromise and Settlement.</u>  The Plan (including its incorporation of the Abuse Claims Settlement, the JPM / Creditors' Committee Settlement, and the Settlement of Restricted and Core Asset Disputes), the Plan Documents, and the Confirmation Order constitute a good-faith compromise and settlement of Claims, Interests and controversies based upon the unique circumstances of these Chapter 11 Cases, and none of the foregoing documents, the Disclosure Statement, or any other papers filed in furtherance of Plan Confirmation, nor any drafts of such documents, may be offered into evidence or deemed as an admission in any context whatsoever beyond the purposes of the Plan, in any other litigation or proceeding, except as necessary, and as admissible in such context, to enforce their terms before the Bankruptcy Court or any other court of competent jurisdiction.  The Plan, the Abuse Claims Settlement, the JPM / Creditors' Committee Settlement, the Settlement of Restricted and Core Asset Disputes,

the Plan Documents, and the Confirmation Order will be binding as to the matters and issues described therein, but will not be binding with respect to similar matters or issues that might arise in any other litigation or proceeding in which none of the Debtors, Reorganized BSA, the Protected Parties, or the Settlement Trust is a party.

      T.     <u>Restated Debt and Security Documents</u>.

      1.     On the Effective Date, the Prepetition Debt and Security Documents shall be amended and restated in the form of the Restated Debt and Security Documents, and Reorganized BSA, JPM and Arrow shall, and shall be authorized, to execute, deliver and enter into the Restated Debt and Security Documents as of such date, in principal amounts equal to the Allowed amounts set forth in <u>Article III.B.3</u>, <u>Article III.B.4</u>, <u>Article III.B.5</u>, and <u>Article III.B.6</u> without the need for any further corporate action or any further notice to or order of the Bankruptcy Court. The Debtors or Reorganized BSA, as applicable, JPM, and Arrow shall take all actions necessary to continue the Debtors' obligations under the Prepetition Debt and Security Documents, as amended and restated by the Restated Debt and Security Documents and to give effect to the Restated Debt and Security Documents, including surrendering any debt instruments or securities that are no longer applicable under the Restated Debt and Security Documents to the Debtors or Reorganized BSA.

      2.     Except as otherwise modified by the Restated Debt and Security Documents, all Liens, mortgages and security interests securing the obligations arising under the Restated Debt and Security Documents that were collateral securing the Debtors' obligations under the Prepetition Debt and Security Documents as of the Petition Date are unaltered by the Plan, and all such Liens, mortgages and security interests are reaffirmed and perfected with respect to the Restated Debt and Security Documents to the same extent, in the same manner and on the same terms and priorities as they were under the Prepetition Debt and Security Documents, except as the foregoing may be modified pursuant to the Restated Debt and Security Documents. All Liens and security interests granted and continuing pursuant to the Restated Debt and Security Documents shall be (a) valid, binding, perfected, and enforceable Liens and security interests in the personal and real property described in and subject to such documents, with the priorities established in respect thereof under applicable non-bankruptcy law; (b) granted in good faith and deemed not to constitute a fraudulent conveyance or fraudulent transfer; and (c) not otherwise subject to avoidance, recharacterization, or subordination (whether equitable, contractual or otherwise) under any applicable law. The Debtors, Reorganized BSA, Arrow, and JPM are authorized to make, and to the extent required by the Restated Debt and Security Documents, the Debtors, Reorganized BSA, Arrow will make, all filings and recordings, and obtain all governmental approvals and consents necessary (but otherwise consistent with the consents and approvals obtained in connection with the Prepetition Debt and Security Documents) to establish, attach and perfect such Liens and security interests under any applicable law (it being understood that perfection shall occur automatically by virtue of the entry of the Confirmation Order and any such filings, recordings, approvals, and consents shall not be required), and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third

parties. For purposes of all mortgages and deposit account control agreements that secured the obligations arising under the Prepetition Debt and Security Documents, the Restated Debt and Security Documents are deemed an amendment and restatement of the Prepetition Debt and Security Documents, and such mortgages and control agreements shall survive the Effective Date, shall not be cancelled, and shall continue to secure Reorganized BSA's obligations under the Restated Debt and Security Documents, except as expressly set forth therein.

3.　　The definitive terms of the Restated Debt and Security Documents shall be (x) acceptable to JPM and the BSA, (y) reasonably acceptable to the Creditors' Committee, and (z) substantially the same as the Prepetition Debt and Security Documents, except that, as to be specified in the Restated Debt and Security Documents:

a.　　the maturity dates under the Restated 2010 Bond Documents, the Restated 2012 Bond Documents, and the Restated Credit Facility Documents will be the Restated Maturity Date;

b.　　principal under the Restated 2010 Bond Documents and the Restated 2012 Bond Documents shall be payable in monthly installments, in the same monthly amounts as the prepetition periodic amortization amounts, beginning on the date that is two (2) years after the Effective Date and ending on the Restated Maturity Date; provided, that the scheduled principal amounts payable under the Restated 2010 Bond Documents and the Restated 2012 Bond Documents shall be reduced, on a pro rata basis, by an amount equal to the Excess Cash and Investments, if any, that are remitted to JPM under the Excess Cash Sweep;

c.　　interest under the Restated 2010 Bond Documents and the Restated 2012 Bond Documents shall be payable in monthly installments, at the currently applicable existing rates in the 2010 Bond Documents and the 2012 Bond Documents, beginning on the date that is one month after the Effective Date and ending on the Restated Maturity Date;

d.　　principal under the Restated Credit Facility Documents shall be payable in quarterly installments, set at 1/40th of the outstanding balance on the Effective Date, beginning on the date that is two (2) years after the Effective Date and ending on the Restated Maturity Date; provided, that the principal amounts payable under the Restated Credit Facility Documents shall be reduced, on a pro rata basis, by an amount equal to the Excess Cash and Investments, if any, that are remitted to JPM under the Excess Cash Sweep;

e.　　interest under the Restated Credit Facility Documents shall be payable in quarterly installments at the applicable existing rates in the Prepetition Debt and Security Documents, beginning on the date that is three (3) months after the Effective Date and ending on the Restated Maturity Date;

f.      all of the obligations of Reorganized BSA under the Restated Debt and Security Documents shall be secured by first-priority liens on and security interests in all of the assets of Reorganized BSA;

g.      all of the obligations of Reorganized BSA under the Restated Debt and Security Documents shall be guaranteed by Arrow; and

h.      beginning on December 31 of the calendar year that is two (2) years after the Effective Date and continuing on December 31 of each successive calendar year until December 31 of the calendar year that is immediately prior to the calendar year of the Restated Maturity Date, Reorganized BSA shall remit to JPM, as soon as reasonably practicable but in no case later than thirty (30) days of such date, twenty-five percent (25%) of the Excess Cash and Investments in excess of $75,000,000, if any, as of such date (the "Excess Cash Sweep"), and JPM shall apply any such amounts on a pro rata basis to the unpaid principal balances under the Restated Debt and Security Documents.  For the avoidance of doubt, no payments shall be made on account of the Excess Cash Sweep until the last Distribution is made on account of Allowed General Unsecured Claims.

U.      Foundation Loan.

1.      On the Effective Date, the Foundation Loan Agreement and any applicable collateral and other loan documents governing the Foundation Loan shall be executed and delivered, and Reorganized BSA shall be authorized to execute, deliver and enter into, the Foundation Loan Agreement and related documentation governing the Foundation Loan without the need for any further corporate action or any further notice to or order of the Bankruptcy Court.

2.      As of the Effective Date, upon the granting of Liens in accordance with the Foundation Loan Agreement and any applicable collateral and other loan documents governing the Foundation Loan, all of the Liens and security interests granted thereunder (a) shall be deemed to have been granted, (b) shall be legal, binding, automatically perfected, non-avoidable, and enforceable Liens on, and security interests in, the applicable collateral as of the Effective Date in accordance with the respective terms of the Foundation Loan Agreement and related documentation, subject to the Liens and security interests set forth in the Restated Debt and Security Documents, as permitted under the Foundation Loan Agreement and related documentation.  All Liens and security interests granted pursuant to the Foundation Loan Agreement and related documentation shall be (i) valid, binding, perfected, and enforceable Liens and security interests in the personal and property described in and subject to such documents, with the priorities established in respect thereof under applicable non-bankruptcy law; (ii) granted in good faith and deemed not to constitute a fraudulent conveyance or fraudulent transfer; and (c) not otherwise subject to avoidance, recharacterization, or subordination (whether equitable, contractual or otherwise) under any applicable law. The Debtors, Reorganized BSA, Arrow, and the Foundation are authorized to make, and to the extent contemplated by the Foundation Loan Agreement and related documentation, the Debtors, Reorganized BSA, Arrow will make, all filings and

recordings, and obtain all governmental approvals and consents necessary to establish, attach and perfect such Liens and security interests under any applicable law (it being understood that perfection shall occur automatically by virtue of the entry of the Confirmation Order and any such filings, recordings, approvals, and consents shall not be required), and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interest to third parties.

V.   Pension Plan.   No provision contained in the Plan, Confirmation Order, the Bankruptcy Code (including section 1141 of the Bankruptcy Code), or any other document filed or order entered in the Chapter 11 Cases shall be construed to exculpate, discharge, release or relieve the Debtors, the Local Councils, or any other party, in any capacity, from any liability or responsibility to any Person with respect to the Pension Plan under any law, governmental policy, or regulatory provision.   The Pension Plan shall not be enjoined or precluded from enforcing any such liability or responsibility as a result of any of the provisions of the Plan (including those provisions providing for exculpation, satisfaction, release and discharge of Claims against the Debtors), the Confirmation Order, the Bankruptcy Code (including section 1141 of the Bankruptcy Code), or any other document filed or order entered in the Chapter 11 Cases.   The Settlement Trust shall not have any liability to any Person on account of the Pension Plan, including liability as a member of a "Controlled Group" as defined in 29 U.S.C. § 1301(a)(14)(A) or on any other basis whatsoever.

W.   Single Satisfaction of Allowed General Unsecured Claims.   In no event shall any holder of an Allowed General Unsecured Claim recover more than the full amount of its Allowed General Unsecured Claim from the Core Value Cash Pool (plus interest from the Core Value Cash Pool at the federal judgment rate to the extent applicable under the terms hereof), and to the extent that the holder of an Allowed General Unsecured Claim has received, or in the future receives, payment on account of such Allowed General Unsecured Claim from a party that is not a Debtor or Reorganized BSA, such holder shall repay, return, or deliver to the Core Value Cash Pool any Distribution held by or transferred to such holder to the extent the holder's total recovery on account of its Allowed General Unsecured Claim from the third party and from the Core Value Cash Pool exceeds the amount of such holder's Allowed General Unsecured Claim (plus interest from the Core Value Cash Pool at the federal judgment rate to the extent applicable under the terms hereof).

X.   Exemption from Certain Transfer Taxes and Recording Fees.   To the maximum extent permitted pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan, including any transfers to the Settlement Trust by the Debtors, the Local Councils, the Contributing Chartered Organizations, and the Settling Insurance Companies, and payments by Reorganized BSA to or from the Core Value Cash Pool, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment, and, upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and are allowed to accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

## ARTICLE VI.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.    <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>.

1.    On the Effective Date, except as otherwise provided herein, all Executory Contracts and Unexpired Leases shall be deemed assumed by Reorganized BSA without the need for any further notice to or action, order, or approval of the Bankruptcy Court under sections 365 or 1123 of the Bankruptcy Code, except for Executory Contracts or Unexpired Leases: (a) that are identified on the Rejected Contracts and Unexpired Leases Schedule; (b) that previously expired or terminated pursuant to their terms; (c) that the Debtors have previously assumed or rejected pursuant to a Final Order of the Bankruptcy Court; (d) that are the subject of a motion to reject that remains pending as of the Effective Date; (e) as to which the effective date of rejection will occur (or is requested by the Debtors to occur) after the Effective Date; or (f) as to which the Debtors or Reorganized BSA, as applicable, determine, in the exercise of their reasonable business judgment, that the Cure Amount, as determined by a Final Order or as otherwise finally resolved, would render assumption of such Executory Contract or Unexpired Lease unfavorable to Debtors or Reorganized BSA; <u>provided</u> that the Debtors reserve the right to seek enforcement of an assumed or assumed and assigned Executory Contract or Unexpired Lease following the Confirmation Date, including seeking an order of the Bankruptcy Court rejecting such Executory Contract or Unexpired Lease for cause.

2.    Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving the assumption or rejection, as applicable, of Executory Contracts or Unexpired Leases pursuant to the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code.  Except as otherwise set forth herein, the assumption or rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall be effective as of the Effective Date; <u>provided</u> that the rejection of an Unexpired Lease shall be effective as of the later of: (a) the Effective Date; and (b) the date on which the leased premises are unconditionally surrendered to the non-Debtor counterparty to the rejected Unexpired Lease.  Reorganized BSA is authorized to abandon any De Minimis Assets at or on the premises subject to an Unexpired Lease that is rejected pursuant to the Plan, and the non-Debtor counterparty to such Unexpired Lease may dispose of any such De Minimis Assets remaining at or on the leased premises on the applicable lease rejection date.

3.    Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or a Final Order of the Bankruptcy Court shall re-vest in and be fully enforceable by Reorganized BSA in accordance with its terms, except as such terms may have been modified by the provisions of the Plan, the Confirmation Order, or any Final Order of the Bankruptcy Court authorizing and providing for its assumption.  Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by Reorganized BSA.

B.    Rejection Damages Claims.  Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim for Rejection Damages Claims, if any, shall be filed within thirty (30) days after the latest to occur of: (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection; (2) the effective date of the rejection of such Executory Contract or Unexpired Lease; or (3) the Effective Date (as applicable, the "Rejection Damages Bar Date").  Claims arising from the rejection of an Executory Contract or an Unexpired Lease shall be classified as General Unsecured Claims and subject to the provisions of Article VII and the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  **Any holder of a Rejection Damages Claim that is required to file a Proof of Claim in accordance with this Article VI.B but fails to do so on or before the Rejection Damages Bar Date shall not be treated as a creditor with respect to such Claim for the purposes of voting or Distributions, and such Rejection Damages Claim shall be automatically Disallowed, forever barred from assertion, and unenforceable against the Debtors, their Estates, Reorganized BSA, or its or their respective property, whether by setoff, recoupment, or otherwise, without the need for any objection by the Debtors or Reorganized BSA or further notice to, or action, order, or approval of the Bankruptcy Court, and such Rejection Damages Claim shall be deemed fully satisfied, released, and discharged.**

C.    Cure of Defaults under Executory Contracts and Unexpired Leases.

1.    Any monetary defaults under each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount in Cash on the Effective Date or in the ordinary course of the Debtors' or Reorganized BSA's non-profit operations, subject to the limitation described below.

2.    Except as otherwise provided in the Plan, the Debtors shall, on or before the date of filing of the Plan Supplement, cause the Cure and Assumption Notices to be served on counterparties to Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan.  Any objection by a non-Debtor counterparty to an Executory Contract or Unexpired Lease to the assumption, assumption and assignment, the related Cure Amount, or adequate assurance, must be filed, served, and actually received by the Debtors on or prior to the deadline for filing objections to the Plan (or such later date as may be provided in the applicable Cure and Assumption Notice); provided that each counterparty to an Executory Contract or Unexpired Lease (a) that the Debtors later determine to assume or (b) as to which the Debtors modify the applicable Cure Amount, must object to the assumption or Cure Amount, as applicable, by the earlier of: (i) fourteen (14) days after the Debtors serve such counterparty with a corresponding Cure and Assumption Notice; and (ii) the Confirmation Hearing.  **Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease shall be forever barred, estopped, and enjoined from contesting the Debtors' assumption of the applicable Executory Contract or Unexpired Lease and from requesting payment of a Cure Amount that differs from the amounts paid or proposed to be paid by the Debtors or Reorganized BSA, in each case without the need for any objection by the Debtors or Reorganized BSA or any further notice to or action, order, or approval of the**

**Bankruptcy Court. Reorganized BSA may settle any dispute regarding a Cure Amount without any further notice to or action, order, or approval of the Bankruptcy Court.**

3.    To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed, or assumed and assigned, pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or would be deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any change of control or similar provision), then such provision shall be deemed preempted and modified such that neither the Debtors' assumption or assumption and assignment of the Executory Contract or Unexpired Lease nor any of the transactions contemplated by the Plan shall entitle the non-debtor counterparty to terminate or modify such Executory Contract or Unexpired Lease or to exercise any other purported default-related rights thereunder.

4.    **The Debtors' assumption or assumption and assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise, and payment of any applicable Cure Amount in accordance with the procedures set forth in this <u>Article VI.C</u>, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed, or assumed and assigned, Executory Contract or Unexpired Lease at any time prior to the effective date of assumption. Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, shall be deemed Disallowed and expunged as of the later of: (a) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such assumption; (b) the effective date of such assumption; or (c) the Effective Date, in each case without the need for any objection by the Debtors or Reorganized BSA or any further notice to or action, order, or approval of the Bankruptcy Court.**

D.    <u>Dispute Resolution</u>. In the event of a timely filed objection regarding: (1) a Cure Amount; (2) the ability of Reorganized BSA or any assignee to provide adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code under the Executory Contract or Unexpired Lease to be assumed; or (3) any other matter pertaining to assumption or the requirements of section 365(b)(1) of the Bankruptcy Code, such dispute shall be resolved by a Final Order of the Bankruptcy Court (which may be the Confirmation Order) or as may be agreed upon by the Debtors or Reorganized BSA, as applicable, and the counterparty to the Executory Contract or Unexpired Lease. The Debtors or Reorganized BSA, applicable, shall pay the applicable Cure Amount as soon as reasonably practicable after entry of a Final Order resolving such dispute and approving such assumption, or as may otherwise be agreed upon by the Debtors or Reorganized BSA, as applicable, and the counterparty to the Executory Contract or Unexpired Lease. To the extent that a dispute regarding the applicable Cure Amount is resolved or determined unfavorably to the Debtors, the Debtors may, in their discretion, reject the applicable Executory Contract or Unexpired Lease after such determination, which rejection shall supersede, nullify, and render of no force or effect any earlier assumption or assumption

and assignment.  Under no circumstances shall the status of payment of a Cure Amount required by section 365(b)(1) of the Bankruptcy Code following the entry of a Final Order resolving the dispute and approving the assumption prevent or delay implementation of the Plan or the occurrence of the Effective Date.

E.    Contracts and Leases Entered into After the Petition Date.  Contracts and leases entered into after the Petition Date by the BSA, including any Executory Contracts and Unexpired Leases assumed by BSA, will be performed by the BSA or Reorganized BSA in the ordinary course of its charitable non-profit operations.  Accordingly, such contracts and leases (including any assumed Executory Contract and Unexpired Leases) shall survive and remain unaffected by entry of the Confirmation Order.

F.    Directors and Officers Insurance Policies.  All of the Debtors' unexpired D&O Liability Insurance Policies shall be treated as and deemed to be Executory Contracts under the Plan.  Notwithstanding anything in the Plan to the contrary, on the Effective Date, Reorganized BSA shall be deemed to have assumed all unexpired D&O Liability Insurance Policies with respect to the Debtors' directors, managers, officers, and employees serving on or prior to the Petition Date pursuant to sections 365 and 1123 of the Bankruptcy Code and this Article VI. Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the Reorganized BSA's assumption of each of the unexpired D&O Liability Insurance Policies. Notwithstanding anything to the contrary contained in the Plan, entry of the Confirmation Order shall not discharge, impair, or otherwise modify any indemnity obligations assumed as a result of the foregoing assumption of the D&O Liability Insurance Policies and related documents, and each such indemnity obligations will be deemed and treated as an Executory Contract that has been assumed by the Reorganized Debtors under the Plan as to which no Proof of Claim need be filed. Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of Reorganized BSA's foregoing assumption of the unexpired D&O Liability Insurance Policies.

G.    Insurance Policies.

1.    Notwithstanding anything to the contrary herein, all BSA Insurance Policies issued or entered into prior to the Petition Date shall not be considered Executory Contracts and shall neither be assumed nor rejected by the Debtors; provided, however, that to the extent any BSA Insurance Policy is determined to be an Executory Contract, then, subject to Article IV.P, and notwithstanding anything contained in the Plan to the contrary, the Plan will constitute a motion to assume such BSA Insurance Policy and pay all future obligations, if any, in respect thereof and, subject to the occurrence of the Effective Date, the entry of the Confirmation Order will constitute approval of such assumption pursuant to section 365(a) of the Bankruptcy Code and a finding by the Bankruptcy Court that each such assumption is in the best interest of the Debtors, their respective Estates and all parties in interest.  Unless otherwise determined by the Bankruptcy Court pursuant to a Final Order or agreed by the parties thereto prior to the Effective Date, no payments are required to cure any defaults of any Debtor existing as of the Confirmation Date with respect to any BSA Insurance Policy; and prior payments for premiums or other charges made prior to the Petition Date under or with respect to any BSA Insurance Policy shall be indefeasible.  Moreover, as of the Effective Date, all payments of premiums or other charges made by the Debtors on or after the Petition Date

under or with respect to any BSA Insurance Policy shall be deemed to have been authorized, approved, and ratified in all respects without any requirement of further action by the Bankruptcy Court. Notwithstanding anything to the contrary contained herein, Confirmation shall not discharge, impair or otherwise modify any obligations assumed by the foregoing assumption, and each such obligation shall be deemed and treated as an Executory Contract that has been assumed by the Debtors under the Plan as to which no Proof of Claim need be filed.

2. Other than the permissibility of the Insurance Assignment, which is to be determined by or in connection with Confirmation, the rights and obligations of the parties under the Insurance Policies, including the question of whether any breach has occurred, shall be determined under applicable law.

H. <u>Compensation and Benefits Programs</u>. Other than those Compensation and Benefits Programs assumed by the Debtors prior to entry of the Confirmation Order, if any, all of the Compensation and Benefits Programs entered into before the Petition Date and not since terminated shall be deemed to be, and shall be treated as though they are, Executory Contracts under the Plan. Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of Reorganized BSA's assumption and continued maintenance and sponsorship of each of such Compensation and Benefits Plan under sections 365 and 1123 of the Bankruptcy Code, and the Debtors' and Reorganized BSA's obligations under the Compensation and Benefits Programs shall survive and remain unaffected by entry of the Confirmation Order and be fulfilled in the ordinary course of the Debtors' and Reorganized BSA's non-profit operations. Compensation and Benefits Programs assumed by the Debtors prior to entry of the Confirmation Order shall continue to be fulfilled in the ordinary course of the Debtors' non-profit operations from and after the date of any order of the Bankruptcy Court authorizing the assumption of such Compensation and Benefits Program. All Claims filed on account of an amounts asserted to be owed under Compensation and Benefits Programs shall be deemed satisfied and expunged from the Claims Register as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court.

I. <u>Restoration Plan and Deferred Compensation Plan</u>. On the Effective Date the Restoration Plan and the Deferred Compensation Plan shall be terminated and, to the extent applicable, shall be deemed rejected by Reorganized BSA pursuant to section 365 of the Bankruptcy Code and this <u>Article VI</u>. Claims arising from the Debtors' rejection of the Restoration Plan and the Deferred Compensation Plan shall be treated as General Unsecured Claims hereunder. Holders of Allowed Claims arising from such rejection shall be entitled to a recovery from the Core Value Cash Pool in accordance with the applicable terms of the Plan.

J. <u>Workers' Compensation Program</u>. As of the Effective Date, the Debtors and Reorganized BSA shall continue to honor their obligations under: (a) all applicable workers' compensation laws in all applicable states; and (b) the Workers' Compensation Program. All Proofs of Claims on account of workers' compensation, including the Workers' Compensation Program, shall be deemed withdrawn automatically and without any further notice to or action, order, or approval of the Bankruptcy Court; <u>provided</u>, <u>however</u>, that nothing in the Plan shall limit, diminish, or otherwise alter the Debtors' or Reorganized BSA's defenses, Causes of Action, or other rights under applicable non-bankruptcy law with respect to the Workers'

Compensation Programs; provided further, however, that nothing herein shall be deemed to impose any obligations on the Debtors or their insurers in addition to what is provided for under the terms of the Workers' Compensation Programs and applicable state law.

     K.    Indemnification Obligations.

     1.    Notwithstanding anything in the Plan to the contrary, each Indemnification Obligation shall be assumed by Reorganized BSA effective as of the Effective Date, pursuant to sections 365 and 1123 of the Bankruptcy Code or otherwise, except for any Indemnification Obligation that is or is asserted to be owed to or for the benefit of any Perpetrator. Subject to the foregoing sentence, each Indemnification Obligation shall remain in full force and effect, shall not be modified, reduced, discharged, impaired, or otherwise affected in any way, and shall survive Unimpaired and unaffected, irrespective of when such obligation arose. For the avoidance of doubt, this Article VI.K affects only the obligations of the Debtors and Reorganized BSA with respect to any Indemnification Obligations owed to or for the benefit of past and present directors, officers, employees, attorneys, accountants, investment bankers, and other professionals and agents of the Debtors, and shall have no effect on nor in any way discharge or reduce, in whole or in part, any obligation of any other Person owed to or for the benefit of such directors, officers, employees, attorneys, accountants, investment bankers, and other professionals and agents of the Debtors.

     2.    All Proofs of Claim filed on account of an Indemnification Obligation to a current or former director, officer, or employee shall be deemed satisfied and expunged from the Claims Register as of the Effective Date to the extent such Indemnification Obligation is assumed (or honored or reaffirmed, as the case may be) pursuant to the Plan, without any further notice to or action, order, or approval of the Bankruptcy Court.

     L.    Gift Annuity Agreements and Life-Income Agreements. The Gift Annuity Agreements and Life-Income Agreements shall be deemed to be, and shall be treated as though they are, Executory Contracts under the Plan, and entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the Debtors' assumption of each of such Executory Contract.

     M.    Modifications, Amendments, Supplements, Restatements, or Other Agreements. Unless otherwise provided in the Plan, each Executory Contract or Unexpired Lease that is assumed shall include all modifications, amendments, supplements, restatements, or other agreements that in any manner affect such Executory Contract or Unexpired Lease, and Executory Contracts and Unexpired Leases related thereto, if any, including easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests, unless the Debtors reject or repudiate any of the foregoing agreements. Modifications, amendments, and supplements to, or restatements of, prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease, or the validity, priority, or amount of any Claims that may arise in connection therewith.

     N.    Reservation of Rights. Neither the inclusion of any Executory Contract or Unexpired Lease on the Schedules, a Cure and Assumption Notice, or the Rejected Executory

contracts and Unexpired Leases Schedule, nor anything contained in any Plan Document, shall constitute an admission by the Debtors that a contract or lease is in fact an Executory Contract or Unexpired Lease or that Reorganized BSA has any liability thereunder. If there is a dispute as of the Confirmation Date regarding whether a contract or lease is or was executory or unexpired at the time of assumption, the Debtors, or, after the Effective Date, Reorganized BSA, shall have thirty (30) days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease, including by rejecting such contract or lease *nunc pro tunc* to the Confirmation Date.

O.    <u>Nonoccurrence of Effective Date; Bankruptcy Code Section 365(d)(4)</u>.    If the Effective Date fails to occur, the Bankruptcy Court shall retain jurisdiction with respect to any request to further extend the deadline for assuming or rejecting Unexpired Leases under section 365(d)(4) of the Bankruptcy Code.

# ARTICLE VII.

## PROVISIONS GOVERNING DISTRIBUTIONS

A.    <u>Applicability</u>.    None of the terms or provision of this <u>Article VII</u> shall apply to Abuse Claims, which shall be exclusively processed, liquidated and paid by the Settlement Trust in accordance with the Settlement Trust Documents.

B.    <u>Distributions Generally</u>.    The Disbursing Agent shall make all Distributions to appropriate holders of Allowed Claims in accordance with the terms of the Plan.

C.    <u>Distributions on Account of Certain Claims Allowed as of the Effective Date</u>. Except as otherwise provided in the Plan, on or as soon as practicable after the Effective Date, the Disbursing Agent shall make Distributions in Cash in amounts equal to all Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Other Secured Claims, and Allowed Convenience Claims.

D.    <u>Distributions on Account of Allowed General Unsecured Claims</u>.    On each Distribution Date, the Disbursing Agent shall Distribute to each holder of an Allowed General Unsecured Claim an amount equal to such holder's Pro Rata Share of (1) the total balance of the Core Value Cash Pool as of such date, less (2) the balance of the Disputed Claims Reserve.

E.    <u>Distributions on Account of Disputed Claims Allowed After the Effective Date</u>. Distributions on account of any Disputed Claim shall be made to the extent such Claim is Allowed in accordance with the provisions of <u>Article VIII</u>. Except as otherwise provided in the Plan, the Confirmation Order, another order of the Bankruptcy Court, or as agreed to by the relevant parties, Distributions under the Plan on account of Disputed Claims that become Allowed after the Effective Date shall be made as soon as practicable after the Disputed Claim becomes an Allowed Claim.

F.    <u>Rights and Powers of Disbursing Agent</u>.

1.    The Disbursing Agent shall make all Distributions to the appropriate holders of Allowed Claims in accordance with the terms of the Plan, including this

Article VII.  Except as otherwise ordered by the Bankruptcy Court, the Disbursing Agent shall not be required to give any bond or surety or other security for the performance of its duties.

2.      The Disbursing Agent shall be empowered to: (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under the Plan; (b) make all Distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions hereof.  The Disbursing Agent may request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for all returns for all taxable periods through the date on which final Distributions are made.

G.      Delivery of Distributions and Undeliverable or Unclaimed Distributions.

1.      Claims Record Date.  As of the close of business on the Claims Record Date, the various transfer registers for each of the Classes of Claims as maintained by the Debtors or their agents shall be deemed closed for purposes of determining whether a holder of such a Claim is a record holder entitled to a Distribution under the Plan, and there shall be no further changes in the record holders or the permitted designees with respect to such Claims.  The Debtors or Reorganized BSA, as applicable, shall have no obligation to recognize any transfer or designation of such Claims occurring after the close of business on the Claims Record Date.  With respect to payment of any Cure Amounts or assumption disputes, neither the Debtors nor Reorganized BSA shall have any obligation to recognize or deal with any party other than the non-Debtor party to the applicable Executory Contract or Unexpired Lease as of the close of business on the Claims Record Date, even if such non-Debtor party has sold, assigned, or otherwise transferred its Claim for a Cure Amount.

2.      Delivery of Distributions.  If a Person holds more than one Claim in any one Class, in the Disbursing Agent's sole discretion, all such Claims will be aggregated into one Claim and one Distribution will be made with respect to the aggregated Claim.

3.      Special Rules for Distributions to Holders of Disputed Claims.  Except as otherwise provided in the Plan or agreed to by the relevant parties: (a) no partial payments and no partial Distributions shall be made with respect to a Disputed Claim until all such disputes in connection with such Disputed Claim have been resolved by settlement or Final Order; and (b) any Person that holds both an Allowed Claim and a Disputed Claim shall not receive any Distribution on account of the Allowed Claim unless and until all objections to the Disputed Claim have been resolved by settlement or Final Order or the Disputed Claims have been Allowed or expunged.  Any Distributions arising from property Distributed to holders of Allowed Claims in a Class and paid to such holders under the Plan shall also be paid, in the applicable amounts, to any holder of a Disputed Claim in such Class that becomes an Allowed Claim after the date or dates that such Distributions were earlier paid to holders of Allowed Claims in such Class.

H.     <u>Undeliverable and Non-Negotiated Distributions</u>.

    1.     <u>Undeliverable Distributions</u>. If any Distribution to a holder of an Allowed Claim is returned to Reorganized BSA as undeliverable, no further Distributions shall be made to such holder unless and until Reorganized BSA is notified in writing of such holder's then-current address or other necessary information for delivery, at which time such previously undeliverable Distribution shall be made to such holder within ninety (90) days of receipt of such holder's then-current address or other necessary information; <u>provided</u>, <u>however</u>, that any such undeliverable Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of 180 days after the date of the initial attempted Distribution. After such date, all unclaimed property or interests in property shall revert to Reorganized BSA automatically and without the need for any notice to or further order of the Bankruptcy Court (notwithstanding any applicable non-bankruptcy escheatment, abandoned, or unclaimed property laws to the contrary), and the right, title, and interest of any holder to such property or interest in property shall be discharged and forever barred; <u>provided</u> that Distributions made from the Core Value Cash Pool and returned as undeliverable shall revert to the Core Value Cash Pool.

    2.     <u>Non-Negotiated Distributions</u>. If any Plan to a holder of an Allowed Claim is not negotiated for a period of 180 days after the Distribution, then such Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and re-vest in Reorganized BSA or re-vest in the Core Value Cash Pool if such Distribution was made from the Core Value Cash Pool. After such date, all non-negotiated property or interests in property shall revert to Reorganized BSA automatically and without the need for any notice to or further order of the Bankruptcy Court (notwithstanding any applicable non-bankruptcy escheatment, abandoned, or unclaimed property laws to the contrary), and the right, title, and interest of any holder to such property or interest in property shall be discharged and forever barred.

    I.     <u>Manner of Payment under the Plan</u>. Except as otherwise specifically provided in the Plan, at the option of Reorganized BSA, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements or customary practices of Reorganized BSA.

    J.     <u>Satisfaction of Claims</u>. Except as otherwise specifically provided in the Plan, any Distributions to be made on account of Allowed Claims under the Plan shall be in complete and final satisfaction, settlement, and discharge of and exchange for such Allowed Claims.

    K.     <u>Minimum Cash Distributions</u>. Reorganized BSA shall not be required to make any Distribution of Cash less than twenty dollars ($20) to any holder of an Allowed Claim; <u>provided</u>, <u>however</u>, that if any Distribution is not made pursuant to this <u>Section VIII.K</u>, such Distribution shall be added to any subsequent Distribution to be made on behalf of the holder's Allowed Claim.

    L.     <u>Postpetition Interest</u>. Except as provided in the Cash Collateral Order or in the following sentence, interest shall not accrue on Impaired Claims; no holder of an Impaired Claim shall be entitled to interest accruing on or after the Petition Date on any such Impaired Claim, and interest shall not accrue or be paid on any Disputed Claim in respect of the period from the Petition Date to the date a Distribution is made thereon if and after such Disputed Claim

becomes an Allowed Claim.  Notwithstanding the foregoing, each holder of an Allowed General Unsecured Claim shall accrue interest on the Allowed amount of such Claim at the federal judgment rate then applicable; provided, that such interest shall be payable to each such holder only from the Core Value Cash Pool and only to the extent that the Core Value Cash Pool shall have been sufficient: (i) first, to satisfy the full amount of all Allowed General Unsecured Claims; and (ii) second, on account of any Allowed Non-Abuse Litigation Claims that shall not have elected to be treated as an Allowed Convenience Claim under Article III.B.9, to satisfy any deficiency in payments of such Allowed Claims from available Insurance Coverage, from applicable proceeds of any Insurance Settlement Agreements, and from co-liable non-debtors (if any) or their insurance coverage.  Neither the Debtors nor Reorganized BSA shall have any independent obligation to pay interest for or on account of any Allowed General Unsecured Claims other than from the Core Value Cash Pool in accordance with the terms of this Article VII.L.

M.      Setoffs.  The Debtors and Reorganized BSA may, pursuant to the applicable provisions of the Bankruptcy Code, or applicable non-bankruptcy law, set off against any applicable Allowed Claim (before any Distribution is made on account of such Claim) any and all claims, rights, Causes of Action, debts or liabilities of any nature that the Debtors or Reorganized BSA may hold against the holder of such Allowed Claim; provided, however, that the failure to effect such a setoff shall not constitute a waiver or release of any such claims, rights, Causes of Action, debts or liabilities.

N.      Claims Paid or Payable by Third Parties.

1.      Claims Paid by Third Parties.  A Claim shall be reduced in full, and such Claim shall be Disallowed without an objection to such Claim having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court, to the extent that the holder of such Claim receives payment in full on account of such Claim from a party that is not a Debtor or Reorganized BSA.  To the extent a holder of a Claim receives a Distribution on account of such Claim and receives payment from a party that is not a Debtor or Reorganized BSA on account of such Claim, such holder shall repay, return, or deliver any Distribution held by or transferred to such holder to Reorganized BSA to the extent the holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Distribution under the Plan.

2.      Non-Abuse Claims Payable from Insurance.  No Distributions under the Plan shall be made on account of any Allowed Non-Abuse Claim that is payable pursuant to an insurance policy until the holder of such Allowed Non-Abuse Claim has exhausted all remedies with respect to such insurance policy, including pursuing such insurance through litigation and obtaining entry of a final, non-appealable order.  To the extent that one or more of the Insurance Companies satisfies in full or in part an Allowed Non-Abuse Claim, then immediately upon such satisfaction, the portion of the Claim so satisfied may be expunged from the Claims Register by the Notice and Claims Agent without an objection to such Claim having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

O.    Compliance with Tax Requirements and Allocations.

1.    In connection with the Plan and all Distributions hereunder, the Disbursing Agent shall comply with all tax withholding and reporting requirements imposed on them by any federal, state or local taxing authority, and all Distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Disbursing Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the Distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding Distributions pending receipt of information necessary to facilitate such Distributions including tax certification forms, or establishing any other mechanisms it believes are reasonable and appropriate.

2.    For tax purposes, Distributions in full or partial satisfaction of Allowed Claims shall be allocated first to the principal amount of Allowed Claims, with any excess allocated to unpaid interest that accrued on such Claim.

## ARTICLE VIII.

## PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED, AND DISPUTED CLAIMS

A.    Applicability.  All Disputed Claims against the Debtors, other than Administrative Expense Claims, shall be subject to the provisions of this Article VIII.  All Administrative Expense Claims shall be determined and, if Allowed, paid in accordance with Article II.  None of the terms or provision of this Article VIII shall apply to Abuse Claims, which shall be exclusively processed, liquidated and paid by the Settlement Trust in accordance with the Settlement Trust Documents.

B.    Allowance of Claims.  After the Effective Date, Reorganized BSA shall have and retain any and all rights and defenses that the Debtors, or either of them, had with respect to any Claim immediately before the Effective Date.  Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim becomes Allowed by Final Order of the Bankruptcy Court or by agreement between the Debtors or Reorganized BSA, on the one hand, and the holder of Claim, on the other.

C.    Claims Administration Responsibilities.

1.    Except as otherwise expressly provided in the Plan, from and after the Effective Date, Reorganized BSA shall have the authority (a) to file, withdraw, or litigate to judgment objections to Claims; (b) to settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (c) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.

2.      Reorganized BSA shall consult with the Creditor Representative in connection with the reconciliation, settlement and administration of Convenience Claims, General Unsecured Claims and Non-Abuse Litigation Claims and shall use commercially reasonable efforts to resolve such Claims before the applicable Claims Objection Deadline.

D.      <u>Estimation of Claims</u>.  The Debtors (before the Effective Date) or Reorganized BSA (on and after the Effective Date) may at any time request that the Bankruptcy Court estimate any Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether an objection was previously filed with the Bankruptcy Court with respect to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to such Claim, including during the pendency of any appeal relating to any such objection.  In the event that the Bankruptcy Court estimates any Disputed Claim, that estimated amount will constitute either the Allowed amount of such Claim or a maximum limitation on such Claim against any Person.  If the estimated amount of a Claim constitutes a maximum limitation on such Claim, the Debtors (before the Effective Date) or Reorganized BSA (on and after the Effective Date) may elect to pursue any supplemental proceedings to object to any ultimate Distribution on such Claim.  All of the objection, estimation, settlement, and resolution procedures set forth in the Plan are cumulative and not necessarily exclusive of one another.  Claims may be estimated and subsequently compromised, objected to, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court.

E.      <u>No Distributions Pending Allowance</u>.  No Distributions or other consideration shall be paid with respect to any Claim that is a Disputed Claim unless and until all objections to such Disputed Claim are resolved and such Disputed Claim becomes an Allowed Claim by Final Order of the Bankruptcy Court or agreement between the Debtors or Reorganized BSA, on the one hand, and the holder of Claim, on the other.

F.      <u>Distributions after Allowance</u>.  To the extent that a Disputed Claim (or a portion thereof) becomes an Allowed Claim, Distributions (if any) shall be made to the holder of such Allowed Claim in accordance with the provisions of the Plan.

G.      <u>Disputed Claims Reserve</u>.  The provisions of this <u>Article VIII.G</u> apply only to the extent that any General Unsecured Claims remain Disputed as of any Distribution Date.

1.      If any General Unsecured Claims remain Disputed as of any Distribution Date, the undistributed portion of the Core Value Cash Pool shall be held in a segregated account.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, or the receipt of a determination from the IRS, the Disbursing Agent shall treat the Disputed Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9 and, to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  All parties (including the Debtors, Reorganized BSA, the Disbursing Agent, and holders of General Unsecured Claims) shall be required to report for tax purposes in a manner consistent with the foregoing.  The Disputed Claims Reserve shall be responsible for payment, out

of the assets of the Disputed Claims Reserve, of any taxes imposed on the Disputed Claims Reserve or its assets.

2.      The Debtors or Reorganized BSA, as applicable, in consultation with the Creditor Representative, shall determine the amount of the Disputed Claims Reserve, if applicable, as of the initial Distribution Date, based on the least of: (a) the asserted amount of the Disputed General Unsecured Claims in the applicable Proofs of Claim; (b) the amount, if any, estimated by the Bankruptcy Court pursuant to (i) section 502(c) of the Bankruptcy Code or (ii) Article VIII.D if, after the Effective Date, a motion is filed by Reorganized BSA to estimate such Claim; (c) the amount otherwise agreed to by the Debtors (or Reorganized BSA, if after the Effective Date) and the holders of such Disputed General Unsecured Claims; or (d) any amount otherwise approved by the Bankruptcy Court.  Upon each Distribution Date, Reorganized BSA shall deposit into the Disputed Claims Reserve an amount of Cash equal to the amount sufficient to make the Distributions to which holders of Disputed General Unsecured Claims would be entitled under the Plan as of the applicable Distribution Date if the Disputed General Unsecured Claims were Allowed Claims as of such date.

3.      If a Disputed General Unsecured Claim becomes an Allowed Claim after the first Distribution Date, the Disbursing Agent shall, on the next Distribution Date after the Disputed General Unsecured Claim becomes an Allowed Claim (or, if the Disputed General Unsecured Claim becomes an Allowed Claim after the final Distribution Date, as soon as practicable after Allowance), Distribute to the holder of such Claim, exclusively from the Disputed Claims Reserve, the amount of Cash that such holder would have received in that Distribution and all prior Distributions (if any) if such holder's General Unsecured Claim had been Allowed as of the Effective Date, net of any allocable taxes imposed thereon or otherwise payable by the Disputed Claims Reserve.

4.      If a Disputed Claim is Disallowed, in whole or in part, then on the Distribution Date next following the date of Disallowance, Cash shall be released from the Disputed Claims Reserve, which Cash shall then be unreserved and unrestricted, and which shall be available for Distribution to holders of Allowed General Unsecured Claims.

5.      If any assets remain in the Disputed Claims Reserve after all Disputed General Unsecured Claims have been resolved, such assets shall be distributed Pro Rata to all holders of Allowed General Unsecured Claims on the next Distribution Date (or, if all Disputed General Unsecured Claims are resolved after the final Distribution Date, as soon as practicable thereafter).

H.      Reimbursement or Contribution.  If the Bankruptcy Court Disallows a Claim for reimbursement or contribution pursuant to section 502(e)(1)(B) of the Bankruptcy Code, then to the extent that such Claim is contingent as of the Effective Date, such Claim shall be forever Disallowed notwithstanding section 502(j) of the Bankruptcy Code, unless prior to the Effective Date (1) such Claim has been adjudicated as non-contingent or (2) the relevant holder of a Claim has filed a non-contingent Proof of Claim on account of such Claim and a Final Order has been entered determining such Claim as no longer contingent.

I.      <u>Adjustment to Claims Register without Objection</u>.  Any duplicate Proof of Claim that has been paid or satisfied, or any Proof of Claim that is clearly marked as amended or superseding, may be adjusted or expunged on the Claims Register by the Notice and Claims Agent at the direction of Reorganized BSA upon stipulation between the parties in interest without an objection having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

J.      <u>Time to File Objections to Claims</u>.  Any objections to Claims must be filed on or before the applicable Claims Objection Deadline, as such deadline may be extended from time to time.  The expiration of the Claims Objection Deadline shall not limit or affect the Debtors' or Reorganized BSA's rights to dispute Claims asserted in the ordinary course of the Debtors or Reorganized BSA's non-profit operations other than through a Proof of Claim.

K.      <u>Disallowance of Certain Claims</u>.  Except as provided herein or otherwise agreed, any and all Proofs of Claim filed after the applicable Bar Date shall be deemed Disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and no holder of any such Claim shall receive any Distributions on account of such Claim unless the Bankruptcy Court shall have determined, at or before the Confirmation Hearing, that cause exists to extend the Bar Date as to such Proof of Claim on the basis of excusable neglect.

L.      <u>Amendments to Proofs of Claim</u>.  From or after the Effective Date, a Proof of Claim or Interest may not be filed or amended without the prior authorization of the Bankruptcy Court or Reorganized BSA, and any such new or amended Proof of Claim or Interest filed shall be deemed Disallowed in full and expunged without any further action by the Debtors or Reorganized BSA (as applicable) or notice to or order of the Bankruptcy Court.

## ARTICLE IX.

## CONDITIONS PRECEDENT TO CONFIRMATION AND EFFECTIVE DATE

A.      <u>Conditions Precedent to Confirmation of the Plan</u>.

Confirmation of the Plan shall not occur unless each of the following conditions precedent has been satisfied or waived in accordance with <u>Article IX.C</u>.

1.      The Bankruptcy Court shall have entered the Disclosure Statement Order, in form and substance acceptable to the Debtors.

2.      The Bankruptcy Court shall have made such findings and determinations regarding the Plan as shall enable the entry of the Confirmation Order and any other order in conjunction therewith, in form and substance acceptable to the Debtors.  These findings and determinations are designed, among other things, to ensure that the Injunctions, Releases and Discharges set forth in <u>Article X</u> shall be effective, binding and enforceable and shall, among other things, provide that:

a.      the Plan complies with all applicable provisions of the Bankruptcy Code, including that the Plan be proposed in good faith and that the Confirmation Order not be procured by fraud;

b.      the Channeling Injunction and the Insurance Entity Injunction are to be implemented and shall be in full force and effect on the Effective Date;

c.      upon the Effective Date, the Settlement Trust shall assume the liabilities of the Protected Parties with respect to Abuse Claims and have exclusive authority as of the Effective Date to satisfy or defend such Abuse Claims;

d.      the Settlement Trust will be funded with the Settlement Trust Assets;

e.      the Settlement Trust will use the Settlement Trust Assets to resolve Abuse Claims;

f.      the terms of the Discharge Injunction, the Channeling Injunction the Release Injunctions and the Insurance Entity Injunction, including any provisions barring actions against third parties, are set out in conspicuous language in the Plan and in the Disclosure Statement;

g.      the Future Claimants' Representative was appointed by the Bankruptcy Court as part of the proceedings leading to the issuance of the Channeling Injunction and the Insurance Entity Injunction for the purpose of, among other things, protecting the rights of persons who might subsequently assert Abuse Claims of the kind that are addressed in the Channeling Injunction and the Insurance Entity Injunction, which will be transferred to and assumed by the Settlement Trust;

h.      the Plan complies with section 105(a) of the Bankruptcy Code to the extent applicable;

i.      the Injunctions are essential to the Plan and the Debtors' reorganization efforts;

j.      the Bankruptcy Code authorizes the Insurance Assignment notwithstanding any terms of the Insurance Policies, the Insurance Settlement Agreements, or provisions of applicable non-bankruptcy law that any Insurance Company may otherwise argue prohibit the Insurance Assignment;

k.      the Insurance Settlement Agreements are approved, and any Insurance Company that has contributed funds, proceeds or other consideration to or for the benefit of the Settlement Trust pursuant to an Insurance Settlement Agreement is designated as a Settling Insurance Company;

l.    the Abuse Claims Settlement represents a sound exercise of the Debtors' business judgment, is in the best interest of the Debtors' Estates, complies with section 1123 of the Bankruptcy Code, and is approved pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019; and

m.    the JPM / Creditors' Committee Settlement represents a sound exercise of the Debtors' business judgment, is in the best interest of the Debtors' Estates, complies with section 1123 of the Bankruptcy Code, and is approved pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019.

B.    <u>Conditions Precedent to the Effective Date</u>.

Notwithstanding any other provision of the Plan or the Confirmation Order, the Effective Date shall occur on the first Business Day on which each of the following conditions precedent has been satisfied or waived pursuant to <u>Article IX.C</u>:

1.    the Confirmation Order shall have been submitted to the District Court for affirmation, the District Court shall have entered the Affirmation Order in form and substance acceptable to the Debtors, and the Confirmation Order and the Affirmation Order shall have become Final Orders; <u>provided</u>, <u>however</u>, that the Effective Date may occur when the Confirmation Order or the Affirmation Order are not Final Orders at the sole option of the Debtors unless the effectiveness of the Confirmation Order or the Affirmation Order, as applicable, shall have been stayed or vacated, in which case the Effective Date may be the first Business Day immediately following the expiration or other termination of any stay of effectiveness of the Confirmation Order or the Affirmation Order;

2.    the Settlement Trust Assets shall, simultaneously with the occurrence of the Effective Date or as otherwise provided herein, be transferred to, vested in, and assumed by the Settlement Trust in accordance with <u>Article IV</u> and <u>Article V</u>;

3.    the Settlement Trust Documents and other applicable Plan Documents necessary or appropriate to implement the Plan shall have been executed, delivered and, if applicable, filed with the appropriate governmental authorities;

4.    the Restated Debt and Security Documents shall have been duly executed and delivered by all of the Entities that are parties thereto and all conditions precedent (other than any conditions related to the occurrence of the Effective Date) to the effectiveness thereof shall have been satisfied or duly waived in writing in accordance with the terms of the Restated Debt and Security Documents and the closing shall have occurred thereunder;

5.    the Foundation Loan Agreement and any applicable collateral and other loan documents governing the Foundation Loan shall have been duly executed and delivered by all of the Entities that are parties thereto and all conditions precedent (other than any conditions related to the occurrence of the Effective Date) to the effectiveness thereof shall have been satisfied or duly waived in writing in accordance with the terms

of the Foundation Loan Agreement and related documentation, and the closing shall have occurred thereunder;

      6.    the Debtors shall have adequately funded the Professional Fee Reserve so as to permit the Debtors to make Distributions on account of Allowed Professional Fee Claims in accordance with <u>Article II</u>;

      7.    the Debtors shall have obtained all authorizations, consents, certifications, approvals, rulings, opinions or other documents that are necessary to implement and effectuate the Plan;

      8.    all payments required to be made pursuant to the terms of the Cash Collateral Order shall have been paid;

      9.    all actions, documents, and agreements necessary to implement and effectuate the Plan shall have been effected or executed; and

      10.    the Debtors shall have filed a notice of occurrence of the Effective Date.

C.    <u>Waiver of Conditions Precedent to the Effective Date</u>.  To the fullest extent permitted by law, each of the conditions precedent in this <u>Article IX</u> may be waived or modified, in whole or in part, in the sole discretion of the Debtors; <u>provided</u>, that the conditions precedent set forth in <u>Article IX.B.4</u> and <u>Article IX.B.8</u> may be waived only with the prior written consent of JPM.  Any waiver or modification of a condition precedent under this <u>Article IX</u> may be effectuated at any time, without notice, without leave or order of the Bankruptcy Court or the District Court, and without any other formal action other than proceedings to confirm or consummate the Plan.  The failure to satisfy or waive any condition precedent to the Effective Date may be asserted by the Debtors regardless of the circumstances giving rise to the failure of such condition to be satisfied or waived.

D.    <u>Substantial Consummation of the Plan</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

E.    <u>*Vacatur* of Confirmation Order; Non-Occurrence of Effective Date</u>.  If the Confirmation Order is vacated or the Effective Date does not occur within 180 days after entry of the Confirmation Order (subject to extension by the Debtors in their sole discretion), the Plan shall be null and void in all respects, and nothing contained in the Plan or the Disclosure Statement shall (1) constitute a waiver or release of any Causes of Action by or Claims against or Interests in the Debtors; (2) prejudice in any manner the rights of the Debtors, any holders of a Claim or Interest or any other Person; (3) constitute an admission, acknowledgment, offer, or undertaking by the Debtors, any holders, or any other Person in any respect; or (4) be used by the Debtors or any other Person as evidence (or in any other way) in any litigation, including with respect to the strengths and weaknesses of positions, arguments or claims of any of the parties to such litigation.

# ARTICLE X.

## EFFECT OF PLAN CONFIRMATION

A.      <u>Vesting of Assets in Reorganized BSA</u>.  Except as otherwise expressly provided in the Plan (including with respect to the Core Value Cash Pool), on the Effective Date, pursuant to sections 1141(b) and 1141(c) of the Bankruptcy Code, all property comprising the Estates shall vest in Reorganized BSA free and clear of all Liens, Claims, interests, charges, other Encumbrances and liabilities of any kind.  On and after the Effective Date, Reorganized BSA may continue its operations and may use, acquire, or dispose of property, and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

B.      <u>Retention of Certain Causes of Action</u>.  In accordance with section 1123(b)(3) of the Bankruptcy Code, subject to the transfer of the Settlement Trust Causes of Action to the Settlement Trust under <u>Article IV.D</u> and the Debtors' and their Estates' release of certain Estate Causes of Action under <u>Article X.J</u>, all Causes of Action that a Debtor may hold against any Person shall vest in Reorganized BSA on the Effective Date.  Thereafter, subject to <u>Article IV.D</u> and <u>Article X.J</u>, Reorganized BSA shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, whether arising before or after the Petition Date, and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court.  No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any specific Cause of Action as any indication that the Debtors or Reorganized BSA, as applicable, will not pursue any and all available Causes of Action.  The Debtors or Reorganized BSA, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Person, except as otherwise expressly provided in the Plan, and, therefore, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches, shall apply to any Cause of Action upon, after, or as a consequence of Confirmation or the occurrence of the Effective Date.

C.      <u>Binding Effect</u>.  As of the Effective Date, all provisions of the Plan, including all agreements, instruments and other documents entered into in connection with the Plan by the Debtors or Reorganized BSA, the Settlement Trust, or the Protected Parties, shall be binding upon the Debtors, the Estates, Reorganized BSA, all holders of Claims against and Interests in the Debtors, each such holder's respective successors and assigns, and all other Persons that are affected in any manner by the Plan, regardless of whether the Claim or Interest of such holder is Impaired under the Plan or whether such holder has accepted the Plan.  Except as otherwise expressly provided in the Plan, all agreements, instruments and other documents filed in connection with the Plan shall be given full force and effect and shall bind all Persons referred to therein on and after the Effective Date, whether or not such agreements are actually issued, delivered or recorded on or after the Effective Date and whether or not such Persons have actually executed such agreement.

D.      <u>Pre-Confirmation Injunctions and Stays</u>.  All injunctions and stays arising under or entered during the Chapter 11 Cases, whether under sections 105 or 362 of the Bankruptcy

Code or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay, if any. The injunctions and stays referenced in this <u>Article X.D</u> includes the preliminary injunction imposed by the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* entered by the Bankruptcy Court on March 30, 2020 (Adv. Pro. No. 20-50527, Docket No. 54), as extended by the Bankruptcy Court from time to time.

E.    <u>Discharge</u>.

1.    <u>Discharge of the Debtors</u>. Except as expressly provided in the Plan or the Confirmation Order, the treatment of Claims under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, termination and release of, all Claims and Interests of any nature whatsoever against or in the Debtors or any of their assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date, and, as of the Effective Date, each of the Debtors shall be deemed discharged and released, and each holder of a Claim or Interest and any successor, assign, and affiliate of such holder shall be deemed to have forever waived, discharged and released each of the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities, and all debts of the kind specified in section 502 of the Bankruptcy Code, based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date, in each case whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (c) a Claim based upon such debt is or has been Disallowed by order of the Bankruptcy Court, or (d) the holder of a Claim based upon such debt is deemed to have accepted the Plan.

2.    <u>Discharge Injunction</u>. From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtors or any of their assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtors (including Reorganized BSA) and its and their respective properties and interests in

property.  In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtors pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time to the extent such judgment relates to a discharged Claim or Interest.

F.      **Channeling Injunction**.

        1.      **Terms**.  **To preserve and promote the settlements contemplated by and provided for in the Plan, including the Abuse Claims Settlement, and to supplement, where necessary, the injunctive effect of the Discharge as provided in sections 1141 and 524 of the Bankruptcy Code and as described in this Article X, pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court and the District Court under section 105(a) of the Bankruptcy Code, the sole recourse of any holder of an Abuse Claim against a Protected Party on account of such Abuse Claim shall be the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Abuse Claim against any Protected Party or any property or interest in property of any Protected Party.  On and after the Effective Date, all Persons that have held or asserted, currently hold or assert, or that may in the future hold or assert, any Abuse Claim against the Protected Parties, or any of them, shall be permanently and forever stayed, restrained and enjoined from taking any action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Protected Party with respect to any such Abuse Claim other than from the Settlement Trust pursuant to the Settlement Trust Documents, including:**

                a.      **commencing, conducting, or continuing, in any manner, whether directly, indirectly, or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party or any property or interest in property of any Protected Party;**

                b.      **enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering, by any manner or means, either directly or indirectly, any judgment, award, decree, or order against or affecting any Protected Party or any property or interest in property of any Protected Party;**

                c.      **creating, perfecting, or otherwise enforcing in any manner, whether directly or indirectly, any Encumbrance of any kind against any Protected Party or any property or interest in property of any Protected Party;**

78

   d. **asserting, implementing or effectuating any setoff, right of reimbursement, subrogation, indemnity, contribution, reimbursement, or recoupment of any kind, in any manner, directly or indirectly, against any obligation due to any Protected Party or any property or interest in property of any Protected Party; or**

   e. **taking any act in any manner, and in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents or the Settlement Trust Documents or with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Settlement Trust, except in conformity and compliance with the Settlement Trust Documents with respect to any such Abuse Claim.**

   2. <u>Reservations</u>. **Notwithstanding anything to the contrary in this <u>Article X.F</u>, the Channeling Injunction shall not enjoin:**

   a. **the rights of holders of Abuse Claims to assert such Abuse Claims solely against the Settlement Trust in accordance with the Trust Distribution Procedures;**

   b. **the rights of holders of Abuse Claims to assert such Abuse Claims against anyone other than a Protected Party;**

   c. **the right of any Person to assert any Claim, debt, obligation or liability for payment of Settlement Trust Expenses solely against the Settlement Trust in accordance with the Settlement Trust Documents; or**

   d. **the Settlement Trust from enforcing its rights under the Plan and the Settlement Trust Documents; or**

   e. **the rights of the Settlement Trust and Reorganized BSA (to the extent permitted or required under the Plan) to prosecute any action against any Non-Settling Insurance Company based on or arising from Insurance Policies that are not the subject of an Insurance Settlement Agreement, subject to any Insurance Coverage Defenses.**

G. <u>Provisions Relating to Channeling Injunctions</u>.

   1. <u>Modifications</u>. There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

   2. <u>Non-Limitation</u>. Nothing in the Plan or the Settlement Trust Documents shall or shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction or the Settlement Trust's assumption of all liability with respect to Abuse Claims.

   3. <u>Bankruptcy Rule 3016 Compliance</u>. The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute or be deemed to constitute an

admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

      4.     <u>Enforcement</u>.  Any Protected Party may enforce the Channeling Injunction as a defense to any Claim brought against such Protected Party that is enjoined under the Plan as to such Protected Party and may seek to enforce such injunction in a court of competent jurisdiction.

      5.     <u>Contribution Claims</u>.  If a Non-Settling Insurance Company asserts that it has rights, whether legal, equitable, contractual, or otherwise, of contribution, indemnity, reimbursement, subrogation or other similar claims directly or indirectly arising out of or in any way relating to such Non-Settling Insurance Company's payment of loss on behalf of one or more of the Debtors in connection with any Abuse Claim against a Settling Insurance Company (collectively, "<u>Contribution Claims</u>"), (a) such Contribution Claims may be asserted as a defense or counterclaim against the Settlement Trust in any Insurance Action involving such Non-Settling Insurance Company, and the Settlement Trust may assert the legal or equitable rights (if any) of the Settling Insurance Company, and (b) to the extent such Contribution Claims are determined to be valid, the liability (if any) of such Non-Settling Insurance Company to the Settlement Trust shall be reduced by the amount of such Contribution Claims.

      6.     <u>No Duplicative Recovery</u>.  In no event shall any holder of an Abuse Claim be entitled to receive any duplicative payment, reimbursement, or restitution from any Protected Party under any theory of liability for the same loss, damage, or other Claim that is reimbursed by the Settlement Trust or is otherwise based on the same events, facts, matters, or circumstances that gave rise to the applicable Abuse Claim.

      7.     <u>District Court Approval</u>.  The Debtors shall seek entry of the Affirmation Order, which shall approve (a) the Channeling Injunction and the Settlement Trust's assumption of all liability with respect to Abuse Claims and (b) the releases by holders of Abuse Claims for the benefit of the Protected Parties, each as set forth in this <u>Article X</u>.

H.    **<u>Insurance Entity Injunction</u>**.

      1.     **<u>Purpose</u>.  To facilitate the Insurance Assignment, protect the Settlement Trust, and preserve the Settlement Trust Assets, pursuant to the equitable jurisdiction and power of the Bankruptcy Court and the District Court under section 105(a) of the Bankruptcy Code, the Bankruptcy Court shall issue the Insurance Entity Injunction set forth in this <u>Article X.H</u>; <u>provided</u>, <u>however</u>, that the Insurance Entity Injunction is not issued for the benefit of any Insurance Company, and no Insurance Company is a third-party beneficiary of the Insurance Entity Injunction, except as otherwise specifically provided in any Insurance Settlement Agreement.**

      2.     **<u>Terms Regarding Claims against Insurance Companies</u>.  Subject to the terms of <u>Article X.E</u> and <u>Article X.F</u>, all Persons that have held or asserted, that hold or assert, or that may in the future hold or assert any claim or cause of action**

(including any Abuse Claim or any claim for or respecting any Settlement Trust Expense) against any Insurance Company based upon, attributable to, arising out of, or in any way connected with any Abuse Claim, whenever and wherever arising or asserted, whether in the United States of America or anywhere else in the world, whether sounding in tort, contract, warranty, or any other theory of law, equity, or admiralty, shall be stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such claim or cause of action, including:

    a.    commencing, conducting, or continuing, in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum with respect to any such claim, demand, or cause of action against any Insurance Company, or against the property of any Insurance Company, with respect to any such claim, demand, or cause of action;

    b.    enforcing, levying, attaching, collecting, or otherwise recovering, by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Insurance Company, or against the property of any Insurance Company, with respect to any such claim or cause of action;

    c.    creating, perfecting, or enforcing in any manner, directly or indirectly, any Lien or Encumbrance against any Insurance Company, or the property of any Insurance Company, with respect to any such claim or cause of action; and

    d.    except as otherwise specifically provided in the Plan, asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, directly or indirectly, against any obligation of any Insurance Company, or against the property of any Insurance Company, with respect to any such claim or cause of action;

provided, however, that (i) the injunction set forth in this Article X.H shall not impair in any way any (a) actions brought by the Settlement Trust against any Non-Settling Insurance Company or (b) the rights of any co-insured of the Debtors (x) under any Insurance Policy that is not the subject of an Insurance Settlement Agreement or against any Non-Settling Insurance Company, in each case with respect to Insured Non-Abuse Claims and (y) as specified under any Final Order of the Bankruptcy Court approving an Insurance Settlement Agreement; and (ii) the Settlement Trust shall have the sole and exclusive authority at any time to terminate, or reduce or limit the scope of, the injunction set forth in this Article X.H with respect to any Non-Settling Insurance Company, in accordance with the Settlement Trust Documents, upon express written notice to such Non-Settling Insurance Company, except that the Settlement Trust shall not have any authority to terminate, reduce or limit the scope of the injunction herein with respect to any Settling Insurance Company so long as, but only to the extent that, such Settling Insurance

Company complies fully with its obligations under any applicable Insurance Settlement Agreement.

        3.      **Reservations**.  Notwithstanding anything to the contrary in this **Article X.H,** the Insurance Entity Injunction shall not enjoin:

        a.      the rights of any Person to the treatment accorded them under the Plan, as applicable, including the rights of holders of Abuse Claims to assert such Claims, as applicable, in accordance with the Trust Distribution Procedures;

        b.      the rights of any Person to assert any claim, debt, obligation, cause of action or liability for payment of Settlement Trust Expenses against the Settlement Trust;

        c.      the rights of the Settlement Trust to prosecute any action based on or arising from Insurance Policies;

        d.      the rights of the Settlement Trust to assert any claim, debt, obligation, cause of action or liability for payment against an Insurance Company based on or arising from the Insurance Policies; or

        e.      the rights of any Insurance Company to assert any claim, debt, obligation, cause of action or liability for payment against any Non-Settling Insurance Company.

    I.      **Injunction against Interference with Plan**.  Upon entry of the Confirmation Order, all holders of Claims and Interests shall be precluded and enjoined from taking any actions to interfere with the implementation and consummation of the Plan.

    J.      **Releases**.

        1.      **Releases by the Debtors and the Estates**.

        a.      As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties to facilitate and implement the reorganization of the Debtors, as an integral component of the Plan, the Debtors, Reorganized BSA, and the Estates shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each and all of the Released Parties of and from any and all Estate Causes of Action that do not constitute Settlement Trust Causes of Action, any and all other Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors,

Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date (including before the Petition Date) in connection with or related to the Debtors, the Estates, their respective assets and properties, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between one or both of the Debtors and any Released Party, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Cases, any of the Plan Documents, or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Cases or the negotiation, formulation, preparation or implementation thereof, the pursuit of Confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the Distribution of property under the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article X.J.1</u> shall not, and shall not be construed to: (a) release any Released Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; or (b) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan.

b.      <u>Releases by the Debtors and the Estates of Certain Avoidance Actions.</u>  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of Creditors' Committee and its members in their respective capacities as such in facilitating and implementing the reorganization of the Debtors, as an integral component of the Plan, the Debtors, Reorganized BSA, and the Estates shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each and all holders of Allowed General Unsecured Claims, Allowed Non-Abuse Litigation Claims, and Allowed Convenience Claims of and from any and all Avoidance Actions.

2.      <u>Releases by the Debtors and the Estates of the Local Councils and the Contributing Chartered Organizations.</u>  In furtherance of the Abuse Claims Settlement, on the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, on their own behalf and as representatives of their respective Estates, and Reorganized BSA, are deemed to irrevocably and unconditionally, fully, finally, and forever waive, release, acquit, and discharge each and all of the Local Councils and Contributing Chartered

Organizations of and from any and all claims, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions and demands whatsoever, of whatever kind or nature (including, without limitation, those arising under the Bankruptcy Code), whether known or unknown, suspected or unsuspected, in law or in equity, which the Debtors, their Estates, or Reorganized BSA have, had, may have, or may claim to have against any of the Local Councils and Contributing Chartered Organizations with respect to any Abuse Claims (collectively, the "Scouting Released Claims").

3.  **Releases by Holders of Abuse Claims**.  As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Protected Parties to facilitate and implement the reorganization of the Debtors and the settlements embodied in the Plan, including the Abuse Claims Settlement, as an integral component of the Plan, and except as otherwise expressly provided in the Plan or the Confirmation Order, to the maximum extent permitted under applicable law, as such law may be extended subsequent to the Effective Date, all holders of Abuse Claims shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever discharge and release each and all of the Protected Parties and their respective property and successors and assigns of and from all Abuse Claims and any and all Claims and Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, veil piercing or alter-ego theories of liability, successor liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to such Abuse Claims.

4.  **Releases by Holders of Claims**.  As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties to facilitate and implement the reorganization of the Debtors and the settlements embodied in the Plan, as an integral component of the Plan, and except as otherwise expressly provided in the Plan or the Confirmation Order, to the maximum extent permitted under applicable law, as such law may be extended subsequent to the Effective Date, all Releasing Claim Holders shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each and all of the Released Parties of and from any and all Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors, Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising

from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date (including before the Petition Date) in connection with or related to the Debtors, the Estates, their respective assets and properties, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between one or both of the Debtors and any Released Party, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Cases, any of the Plan Documents, or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Cases or the negotiation, formulation, preparation or implementation thereof, the pursuit of Confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the Distribution of property under the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; **provided**, **however**, that the releases set forth in this **Article X.J.4** shall not, and shall not be construed to: (a) release any Released Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; or (b) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan.  Notwithstanding the foregoing or anything to the contrary herein, with respect to holders of Allowed General Unsecured Claims or Allowed Non-Abuse Litigation Claims, nothing in the Plan or the release set forth in **Article X.J.4** shall, or shall be construed to, release any claims or Causes of Action against any Local Council, Chartered Organization, or Insurance Company.

K.      **Exculpation**.  From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance in connection with, relating to or arising out of the Chapter 11 Cases, the negotiation of the Plan Documents, the Releases and Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtors (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith or willful misconduct). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.

L.      **Injunctions Related to Releases and Exculpation**.

1.      **Injunction Related to Releases**.  As of the Effective Date, all holders of Claims that are the subject of **Article X.J** are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Released Party or its property or successors or assigns on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise:

**(a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Article X.E</u> or released under <u>Article X.J</u>.**

2. **<u>Injunction Related to Exculpation</u>. As of the Effective Date, all holders of Claims that are the subject of <u>Article X.K</u> are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Article X.E</u> or released under <u>Article X.J</u>.**

M.    <u>Insurance Provisions</u>.    The provisions of this <u>Article X.M</u> shall apply to all Entities, including all Insurance Companies.

1.    Except as provided in any Insurance Settlement Agreement, nothing contained in the Plan, the Plan Documents, or the Confirmation Order, including any provision that purports to be preemptory or supervening, shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying (a) the rights or obligations of any Insurance Company or (b) any rights or obligations of the Debtors arising out of or under any Insurance Policy. For all issues relating to insurance coverage allegedly provided by any Settling Insurance Company, the provisions, terms, conditions, and limitations of the applicable Insurance Settlement Agreement shall control. For all other issues relating to insurance coverage, the provisions, terms, conditions, and limitations of the Insurance Policies shall control. For the avoidance of doubt, nothing contained in the Plan, the Plan Documents, or the Confirmation Order shall operate to require any Insurance Company to indemnify or pay the liability of any Protected Party that it would not have been required to pay in the absence of the Plan.

2.    The Plan, the Plan Documents, and the Confirmation Order shall be binding on the Debtors, Reorganized BSA, and the Settlement Trust. Except as provided

in any Insurance Settlement Agreement, the obligations, if any, of the Settlement Trust to pay holders of Abuse Claims shall be determined pursuant to the Plan and the Plan Documents. Except as provided in Article X.M.4, none of (a) the Bankruptcy Court's or District Court's approval of the Plan or the Plan Documents, (b) the Confirmation Order, the Affirmation Order or any findings or conclusions entered with respect to Confirmation, or (c) any estimation or valuation of Abuse Claims, either individually or in the aggregate (including any agreement as to the valuation of Abuse Claims) in the Chapter 11 Cases shall, with respect to any Insurance Company, constitute or be deemed to constitute a trial or hearing on the merits or an adjudication or judgment, or accelerate the obligations, if any, of any Insurance Company under its Insurance Policies.

3. No provision of the Plan, other than those provisions contained in the applicable Injunctions contained in Article X of the Plan, shall be interpreted to affect or limit the protections afforded to any Settling Insurance Company by the Channeling Injunction or the Insurance Entity Injunction.

4. Nothing in this Article X.M is intended or shall be construed to preclude otherwise applicable principles of *res judicata* or collateral estoppel from being applied against any Insurance Company with respect to any issue that is actually litigated by such Insurance Company as part of its objections, if any, to Confirmation or as part of any contested matter or adversary proceeding filed by such Insurance Company in conjunction with or related to Confirmation. Plan objections that are withdrawn prior to the conclusion of the Confirmation Hearing shall be deemed not to have been actually litigated.

N. <u>Reservation of Rights</u>. Notwithstanding any other provision of the Plan to the contrary, no provision of this Article X shall be deemed or construed to satisfy, discharge, release or enjoin claims by the Settlement Trust, Reorganized BSA, or any other Person, as the case may be, against (1) the Settlement Trust for payment of Abuse Claims in accordance with the Trust Distribution Procedures, (2) the Settlement Trust for the payment of Settlement Trust Expenses, or (3) any Insurance Company that has not performed under an Insurance Policy or an Insurance Settlement Agreement.

O. <u>Disallowed Claims</u>. On and after the Effective Date, the Debtors and Reorganized BSA shall be fully and finally discharged of any and all liability or obligation on any and all Disallowed Claims, and any order Disallowing a Claim that is not a Final Order as of the Effective Date solely because of a Person's right to move for reconsideration of such order pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rule 3008 shall nevertheless become and be deemed to be a Final Order on the Effective Date. The Confirmation Order, except as otherwise provided herein, shall constitute an order: (a) Disallowing all Claims (other than Abuse Claims) to the extent such Claims are not allowable under any provision of Section 502 of the Bankruptcy Code, including time-barred Claims, and Claims for unmatured interest and (b) in relation to each Debtor, Disallowing or subordinating to all other Claims, as the case may be, any Claims (other than Abuse Claims) for penalties, punitive damages or any other damages not constituting compensatory damages.

P.    No Successor Liability.    Except as otherwise expressly provided in the Plan, Reorganized BSA does not, pursuant to the Plan or otherwise, assume, agree to perform, pay or indemnify any Person, or otherwise have any responsibility for any liabilities or obligations of the Debtors relating to or arising out of the operations of or assets of the Debtors, whether arising prior to, on or after the Effective Date.    Neither the Debtors, Reorganized BSA, nor the Settlement Trust is, or shall be deemed to be, a successor to any of the Debtors by reason of any theory of law or equity (except as otherwise provided in Article IV.C), and none shall have any successor or transferee liability of any kind or character; provided, however, that Reorganized BSA and the Settlement Trust shall assume and remain liable for their respective obligations specified in the Plan and the Confirmation Order.

Q.    Indemnities.

1.    Prepetition Indemnification and Reimbursement Obligations.    The respective obligations of the Debtors to indemnify and reimburse Persons who are or were directors, officers or employees of the Debtors on the Petition Date or at any time thereafter up to and including the Effective Date, against and for any obligations pursuant to the bylaws, applicable state or non-bankruptcy law, or specific agreement or any combination of the foregoing, shall, except with respect to any Perpetrator: (a) survive Confirmation of the Plan and remain unaffected thereby; (b) be assumed by Reorganized BSA as of the Effective Date; and (c) not be discharged under section 1141 of the Bankruptcy Code, irrespective of whether indemnification or reimbursement is owed in connection with any event occurring before, on or after the Petition Date.    In furtherance of, and to implement the foregoing, as of the Effective Date, Reorganized BSA shall obtain and maintain in full force insurance for the benefit of each and all of the above-indemnified directors, officers and employees, at levels no less favorable than those existing as of the date of entry of the Confirmation Order, and for a period of no less than three (3) years following the Effective Date.

2.    Plan Indemnity.    In addition to the matters set forth above and not by way of limitation thereof, Reorganized BSA shall indemnify and hold harmless all Persons who are or were officers or directors of the Debtors on the Petition Date or at any time thereafter up to and including the Effective Date on account of and with respect to any claim, cause of action, liability, judgment, settlement, cost or expense (including attorneys' fees) on account of claims or Causes of Action threatened or asserted by any third party against such officers or directors that seek contribution, indemnity, equitable indemnity, or any similar claim, based upon or as the result of the assertion of primary claims against such third party by any representative of the Debtors' Estates.

3.    Limitation on Indemnification.    Notwithstanding anything to the contrary set forth in the Plan or elsewhere, neither the Debtors, Reorganized BSA, the Local Councils, nor the Contributing Chartered Organizations, as applicable, shall be obligated to indemnify or hold harmless any Person for any claim, cause of action, liability, judgment, settlement, cost or expense that results primarily from (i) such Person's bad faith, gross negligence or willful misconduct or (ii) an Abuse Claim.

R.     <u>The Official Committees and the Future Claimants' Representative</u>. The Official Committees and the Future Claimants' Representative shall continue in existence until the Effective Date. The Debtors shall pay the reasonable fees and actual and necessary expenses incurred by the Official Committees and the Future Claimants' Representative up to the Effective Date, in accordance with the Compensation Procedures Order, the Fee Examiner Order, and the terms of the Plan, including <u>Article II</u>. The members of the Official Committees and the Future Claimants' Representative shall be released and discharged from all further authority, duties, responsibilities, liabilities, and obligations involving the Chapter 11 Cases. Upon the closing of the Chapter 11 Cases, the Official Committees shall be dissolved. Neither the Debtors nor Reorganized BSA have any obligation to pay fees or expenses of any Professional retained by the Official Committees or the Future Claimants' Representative that are earned or incurred before the Effective Date to the extent such fees or expenses (or any portion thereof) qualify as Settlement Trust Expenses, in which case such fees and expenses (or the applicable portion thereof) shall be paid by the Settlement Trust in accordance with the Settlement Trust Documents.

## ARTICLE XI.

## RETENTION OF JURISDICTION

A.     <u>Jurisdiction</u>. Until the Chapter 11 Cases are closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction that is permissible, including the jurisdiction necessary to ensure that the purposes and intent of the Plan are carried out. Except as otherwise provided in the Plan or the Settlement Trust Agreement, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against and Interests in the Debtors, and to adjudicate and enforce the Insurance Actions, the Settlement Trust Causes of Action, and all other Causes of Action which may exist on behalf of the Debtors. Nothing contained herein shall prevent Reorganized BSA or the Settlement Trust, as applicable, from taking such action as may be necessary in the enforcement of any Estate Cause of Action, Insurance Action, Settlement Trust Cause of Action, or other Cause of Action which the Debtors have or may have and which may not have been enforced or prosecuted by the Debtors, which actions or other Causes of Action shall survive Confirmation of the Plan and shall not be affected thereby except as specifically provided herein. Nothing contained herein concerning the retention of jurisdiction by the Bankruptcy Court shall be deemed to be a finding or conclusion that (1) the Bankruptcy Court in fact has jurisdiction with respect to any Insurance Action, (2) any such jurisdiction is exclusive with respect to any Insurance Action, or (3) abstention or dismissal of any Insurance Action pending in the Bankruptcy Court or the District Court as an adversary proceeding is or is not advisable or warranted, so that another court can hear and determine such Insurance Action(s). Any court other than the Bankruptcy Court that has jurisdiction over an Insurance Action shall have the right to exercise such jurisdiction.

B.     <u>General Retention</u>. Following Confirmation of the Plan, the administration of the Chapter 11 Cases will continue until the Chapter 11 Cases are closed by a Final Order of the Bankruptcy Court. The Bankruptcy Court shall also retain jurisdiction for the purpose of classification of any Claims and the re-examination of Claims which have been Allowed for purposes of voting, and the determination of such objections as may be filed with the Bankruptcy Court with respect to any Claims. The failure by the Debtors or Reorganized BSA to object to,

or examine, any Claim for the purposes of voting, shall not be deemed a waiver of the rights of the Debtors, Reorganized BSA, or the Settlement Trust, as the case may be, to object to or reexamine such Claim in whole or part.

       C.    <u>Specific Purposes</u>.  In addition to the foregoing, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or relating to, the Chapter 11 Cases and the Plan, including jurisdiction to:

       1.    modify the Plan after Confirmation pursuant to the provisions of the Bankruptcy Code and the Bankruptcy Rules;

       2.    correct any defect, cure any omission, reconcile any inconsistency or make any other necessary changes or modifications in or to the Plan, the Trust Documents or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan, including the adjustment of the date(s) of performance in the Plan in the event the Effective Date does not occur as provided herein so that the intended effect of the Plan may be substantially realized thereby;

       3.    assure performance by the Settlement Trust and the Disbursing Agent of their respective obligations to make Distributions under the Plan;

       4.    enforce and interpret the terms and conditions of the Plan, the Plan Documents and the Settlement Trust Documents;

       5.    enter such orders or judgments, including injunctions (a) as are necessary to enforce the title, rights and powers of Reorganized BSA and the Settlement Trust, and (b) as are necessary to enable holders of Claims to pursue their rights against any Person that may be liable therefor pursuant to applicable law or otherwise;

       6.    hear and determine any and all motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date (which jurisdiction shall be non-exclusive as to any such non-core matters);

       7.    hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes, tax benefits and similar or related matters, including without limitation contested matters arising on account of transactions contemplated by the Plan, or relating to the period of administration of the Chapter 11 Cases;

       8.    hear and determine all applications for compensation of Professionals and reimbursement of expenses under sections 328, 330, 331, or 503(b) of the Bankruptcy Code;

       9.    hear and determine any Causes of Action arising during the period from the Petition Date to the Effective Date, or in any way related to the Plan or the transactions contemplated hereby, against the Debtors, Reorganized BSA, the Settlement Trust, and their respective Representatives;

10. hear and determine any and all motions for the rejection, assumption or assignment of Executory Contracts or Unexpired Leases and the Allowance of any Claims resulting therefrom;

11. hear and determine such other matters and for such other purposes as may be provided in the Confirmation Order;

12. hear and determine the Allowance and/or Disallowance of any Claims, including Administrative Expense Claims, against or Interests in the Debtors or their Estates, including any objections to any such Claims or Interests, and the compromise and settlement of any Claim, including Administrative Expense Claims, against or Interest in the Debtors or their Estates;

13. hear and resolve disputes concerning any reserves under the Plan or the administration thereof;

14. hear and determine all questions and disputes regarding title to the assets of the Debtors, their Estates or the Settlement Trust;

15. enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason or in any respect modified, stayed, reversed, revoked or vacated, or if Distributions pursuant to the Plan or under the Settlement Trust Documents are enjoined or stayed;

16. hear and determine all questions and disputes regarding, and to enforce, the Abuse Claims Settlement;

17. hear and determine the Insurance Actions, any Settlement Trust Cause of Action and any similar claims, Causes of Action or rights of the Settlement Trust to construe and take any action to enforce any Insurance Policy, and to issue such orders as may be necessary for the execution, consummation and implementation of any Insurance Policy, and to determine all questions and issues arising thereunder; provided, that such retention of jurisdiction shall not constitute a waiver of any right of a Non-Settling Insurance Company to seek to remove or withdraw the reference of any Insurance Action filed after the Effective Date;

18. hear and determine any other matters related hereto, including the implementation and enforcement of all orders entered by the Bankruptcy Court in the Chapter 11 Cases;

19. resolve any disputes concerning whether a Person had sufficient notice of the Chapter 11 Cases, the Disclosure Statement, any solicitation conducted in connection with the Chapter 11 Cases, the Bar Date established in the Chapter 11 Cases, or any deadline for responding or objecting to a Cure Amount, in each case, for the purpose of determining whether a Claim or Interest is discharged hereunder or for any other purpose;

20.    enter in aid of implementation of the Plan such orders as are necessary, including, but not limited to, the implementation and enforcement of the Injunctions, Releases, and Discharges described herein, including the Channeling Injunction;

21.    hear and determine any questions and disputes pertaining to, and to enforce, the Abuse Claims Settlement, including the Contributing Chartered Organization Settlement Contribution and the Local Council Settlement Contribution;

22.    hear and determine any questions and disputes pertaining to, and to enforce, the JPM / Creditors' Committee Settlement;

23.    enter a Final Order or decree concluding or closing the Chapter 11 Cases; and

24.    To enter and implement such orders as may be necessary or appropriate if any aspect of the Plan, the Settlement Trust, or the Confirmation Order is, for any reason or in any respect, determined by a court to be inconsistent with, to violate, or insufficient to satisfy any of the terms, conditions, or other duties associated with any Insurance Policies; provided, however, that (a) such orders shall not impair the Insurance Coverage Defenses or the rights, claims, or defenses, if any, of any Insurance Company that are set forth or provided for in the Plan, the Plan Documents, the Confirmation Order, or any other Final Orders entered in the Debtors' Chapter 11 Cases, (b) this provision does not, in and of itself, grant this Court jurisdiction to hear and decide disputes arising out of or relating to the Insurance Policies, and (c) all interested parties, including any Insurance Company, reserve the right to oppose or object to any such motion or order seeking such relief.

As of the Effective Date, notwithstanding anything in this Article XI to the contrary, the Restated Debt and Security Documents and any documents related thereto shall be governed by the jurisdictional provisions thereof and the Bankruptcy Court shall not retain jurisdiction with respect thereto.

D.    Courts of Competent Jurisdiction.  To the extent that the Bankruptcy Court is not permitted under applicable law to preside over any of the foregoing matters, the reference to the "Bankruptcy Court" in this Article XI shall be deemed to be replaced by the "District Court." If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of the Plan, such abstention, refusal, or failure of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

# ARTICLE XII.

## MISCELLANEOUS PROVISIONS

A.    Closing of Chapter 11 Cases.  After each Chapter 11 Case has been fully administered, Reorganized BSA shall file with the Bankruptcy Court all documents required by

Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close such Chapter 11 Case.

      B.     <u>Amendment or Modification of the Plan</u>.

          1.    <u>Plan Modifications</u>.  The Debtors reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the Confirmation Order, including amendments or modifications to satisfy section 1129(b) of the Bankruptcy Code, and after entry of the Confirmation Order, the Debtors may, upon order of the Bankruptcy Court, amend, modify or supplement the Plan in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law, in each case without additional disclosure pursuant to section 1125 of the Bankruptcy Code unless section 1127 of the Bankruptcy Code requires additional disclosure.  In addition, after the Confirmation Date, so long as such action does not materially and adversely affect the treatment of holders of Allowed Claims pursuant to the Plan, the Debtors may remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes or effects of the Plan, and any holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan as amended, modified, or supplemented.  All amendments to the Plan must be reasonably acceptable to the Creditors' Committee.

          2.    <u>Other Amendments</u>.  Before the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan and the documents contained in the Plan Supplement without further order or approval of the Bankruptcy Court.

      C.     <u>Revocation or Withdrawal of Plan</u>.  The Debtors reserve the right to revoke or withdraw the Plan prior to the Effective Date.  If the Plan has been revoked or withdrawn prior to the Effective Date, or if Confirmation of the Plan or the occurrence of the Effective Date does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount any Claim or Interest or Class of Claims or Interests), assumption of executory contracts or unexpired leases affected by the Plan, and any document or agreement executed pursuant to the Plan, including the Settlement Trust Documents, shall be deemed null and void; and (3) nothing contained in the Plan shall (i) constitute a waiver or release of any Claim against, or any Interest in, the Debtors or any other Person; (ii) prejudice in any manner the rights of the Debtors or any other Person; or (iii) constitute an admission of any sort by the Debtors or any other Person.

      D.     <u>Request for Expedited Determination of Taxes</u>.  The Debtors and Reorganized BSA, as applicable, shall have the right to request an expedited determination under section 505(b) of the Bankruptcy Code with respect to tax returns filed, or to be filed, for any and all taxable periods ending after the Petition Date to and including the Effective Date.

      E.     <u>Non-Severability of Plan Provisions</u>.  If, before the entry of the Confirmation Order, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Debtors, shall have the power to alter

and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (1) valid and enforceable pursuant to its terms, (2) integral to the Plan and may not be deleted or modified without the consent of the Debtors or Reorganized BSA (as the case may be), and (3) nonseverable and mutually dependent.

F.    <u>Notices</u>.    All notices, requests, and demands to or upon the Debtors or Reorganized BSA to be effective shall be in writing (including by email transmission) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered, addressed as follows:

> Boy Scouts of America
> 1325 W. Walnut Hill Lane
> Irving, Texas 75015
> Attn:  Steven McGowan, General Counsel
> Email: Steve.McGowan@scouting.org
>
> with copies to:
>
> White & Case LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Attn:  Jessica C. Lauria
> Email:  jessica.lauria@whitecase.com
>
> – and –
>
> White & Case LLP
> 111 South Wacker Drive, Suite 5100
> Chicago, Illinois 60606
> Attn:  Michael C. Andolina
>        Matthew E. Linder
> Email: mandolina@whitecase.com
>        mlinder@whitecase.com

– and –

> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street, 16th Floor
> P.O. Box 1347
> Wilmington, Delaware 19899-1347
> Attn:  Derek C. Abbott
> Email:  dabbott@morrisnichols.com

G.    <u>Notices to Other Persons</u>.    After the occurrence of the Effective Date, Reorganized BSA has authority to send a notice to any Person providing that to continue to receive documents pursuant to Bankruptcy Rule 2002, such Person must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002; <u>provided</u>, <u>however</u>, that the U.S. Trustee need not file such a renewed request and shall continue to receive documents without any further action being necessary.   After the occurrence of the Effective Date, Reorganized BSA is authorized to limit the list of Persons receiving documents pursuant to Bankruptcy Rule 2002 to the U.S. Trustee and those Persons that have filed such renewed requests:

H.    <u>Governing Law</u>.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit hereto or a schedule in the Plan Supplement or any other Plan Document provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof; <u>provided</u>, <u>however</u>, that governance matters relating to Reorganized BSA shall be governed by the laws of the District of Columbia.

I.    <u>Immediate Binding Effect</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan (including the Plan Supplement) shall be immediately effective and enforceable and deemed binding upon and inure to the benefit of any Person named or referred to in the Plan and the successors and assigns of such Person.

J.    <u>Timing of Distributions or Actions</u>.  In the event that any payment, Distribution, act or deadline under the Plan is required to be made or performed or occurs on a day that is not a Business Day, then such payment, Distribution, act or deadline shall be deemed to occur on the next succeeding Business Day, but if so made, performed or completed by such next succeeding Business Day, shall be deemed to have been completed or to have occurred as of the required date.

K.    <u>Deemed Acts</u>.  Whenever an act or event is expressed under the Plan to have been deemed done or to have occurred, it shall be deemed to have been done or to have occurred by virtue of the Plan or the Confirmation Order without any further act by any Person.

L.    <u>Entire Agreement</u>.  The Plan Documents set forth the entire agreement and undertakings relating to the subject matter thereof and supersede all prior discussions, negotiations, understandings and documents.   No Person shall be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject

95

matter hereof, other than as expressly provided for in the Plan or the other Plan Documents or as may hereafter be agreed to by the affected parties in writing.

M.    <u>Plan Supplement</u>.  Any and all exhibits, lists, or schedules referred to herein but not filed with the Plan shall be contained in the Plan Supplement to be filed with the Clerk of the Bankruptcy Court prior to the Confirmation Hearing on the Plan, and such Plan Supplement is incorporated into and is part of the Plan as if set forth in full herein.  The Plan Supplement will be available for inspection in the office of the Clerk of the Bankruptcy Court during normal court hours, at the website maintained by the Notice and Claims Agent (https://cases.omniagentsolutions.com/BSA), and at the Bankruptcy Court's website (ecf.deb.uscourts.gov).

N.    <u>Withholding of Taxes</u>.  The Disbursing Agent, the Settlement Trust or any other applicable withholding agent, as applicable, shall withhold from any assets or property distributed under the Plan any assets or property which must be withheld for foreign, federal, state and local taxes payable with respect thereto or payable by the Person entitled to such assets to the extent required by applicable law.

O.    <u>Payment of Quarterly Fees</u>.  All Quarterly Fees, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date. The Reorganized Debtors shall pay all such fees that arise after the Effective Date, but before the closing of the Chapter 11 Cases, and shall comply with all applicable statutory reporting requirements.

P.    <u>Duty to Cooperate</u>.   Nothing in the Plan, the other Plan Documents or the Confirmation Order shall relieve (by way of injunction or otherwise) any Person that is or claims to be entitled to indemnity under an Insurance Policy from any duty to cooperate that may be required by any such Insurance Policy or under applicable law with respect to the defense and/or settlement of any Claim for which coverage is sought under such Insurance Policy.  To the extent that any Person incurs costs in satisfying such duty to cooperate with respect to Abuse Claims, the Settlement Trust shall reimburse Person for all such reasonable out-of-pocket expenses.

Q.    <u>Effective Date Actions Simultaneous</u>.  Unless the Plan or the Confirmation Order provides otherwise, actions required to be taken on the Effective Date shall take place and be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action.

R.    <u>Consent to Jurisdiction</u>.  Upon default under the Plan, Reorganized BSA, the Settlement Trust, the Settlement Trustee, the Official Committees, the Future Claimants' Representative, and the Protected Parties, or any successor thereto, respectively, consent to the jurisdiction of the Bankruptcy Court, and agree that it shall be the preferred forum for all proceedings relating to any such default.

Dated:  March 1, 2021
                                        Boy Scouts of America
                                        BSA Delaware, LLC

                                        _/s/ Roger C. Mosby_____
                                        Roger C. Mosby
                                        Chief Executive Officer and President

**EXHIBIT A**

**CONTRIBUTING CHARTERED ORGANIZATION SETTLEMENT CONTRIBUTION**

(*to be supplemented*)

**EXHIBIT B**

**CONTRIBUTING CHARTERED ORGANIZATIONS**

*(to be supplemented)*

**EXHIBIT C**

**FOUNDATION LOAN TERM SHEET**

National Boy Scouts of America Foundation Loan to Boy Scouts of America

Summary of Terms and Conditions

| Lender | National Boy Scouts of America Foundation (the "*Lender*") |
|---|---|
| **Borrower** | Boy Scouts of America (the "*Borrower*") |
| **Guarantor** | Arrow WV, Inc. (the "*Guarantor*") |
| **Facility** | $42.8 million term loan (the "*Loan*"), which shall be borrowed in a single draw on the effective date of the Plan (the "*Effective Date*"). <br><br> As used herein, the "*Plan*" means the Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Dkt. No. 20] as may be amended on terms acceptable to Lender. |
| **Term** | 10 years commencing on the Effective Date. |
| **Interest Rate & Interest Payments** | 6.5%, subject to default interest of 2.0% on overdue amounts. <br><br> Interest shall be payable on a quarterly basis, with the first payment due at the end of the first fiscal quarter ended after the Effective Date. All outstanding interest shall be due and payable at maturity of the Loan. |
| **Principal Payments** | Principal payments shall be based on 10% per annum amortization. Such payments shall be made in equal quarterly installments for the duration of the Loan with the first payment due at the end of the first fiscal quarter ended after the Effective Date.  All outstanding principal shall be due and payable at maturity of the Loan. |
| **Prepayments** | Voluntary prepayments permitted without penalty. |
| **Security** | Second lien pledge of the Arrow Intercompany Note and proceeds received in respect thereof. <br><br> As used herein, the "*Arrow Intercompany Note*" means that certain Amended and Restated Promissory Note dated as of March 21, 2019 in the original principal amount of $350,000,000, executed by the Guarantor and payable to the Borrower. |
| **Use of Proceeds** | To fund working capital and general corporate purposes of the Borrower; provided that, for the avoidance of doubt, proceeds of the Loan shall not be used for Unauthorized Purposes. <br><br> As used herein, "*Unauthorized Purposes*" includes, without limitation, payments to any creditors' trust pursuant to the terms of the confirmed Plan, any direct or indirect payments to tort claimants, and any payments or transactions that would be considered "self-dealing" under the Internal Revenue Code or could otherwise give rise to excise tax. |
| **Representations and Warranties** | Usual and customary for loans of this type. |

| Affirmative and Negative Covenants | Usual and customary for loans of this type, including, without limitation, (a) prohibitions on actions that could be construed as self-dealing, and (b) extension of the maturity of the Arrow Intercompany Note from March 31, 2029 to a date that is later than the maturity date of the Loan. |
|---|---|
| Financial Covenants | Usual and customary for loans of this type with customary cushions. |
| Reporting Requirements | Usual and customary for loans of this type. |
| Events of Default | Usual and customary for loans of this type, including cross-acceleration solely to the JPMorgan Bank, N.A. credit facilities in existence on the Effective Date that are senior by way of contract to the Loan, as such credit facilities may be amended from time to time. |
| Remedies | Usual and customary for loans of this type. |
| Assignment | The Borrower cannot assign the Loan without the consent of the Lender.<br><br>The Lender can assign the Loan at any time with the Borrower's consent, provided that if the Borrower is in payment or bankruptcy default under the Loan, then the Lender can assign the Loan without the consent of the Borrower. |
| Conditions Precedent to the Loan | Usual and customary for loans of this type, including, without limitation:<br><br>(a) the execution and delivery of loan documentation reasonably satisfactory to the Borrower and the Lender and consistent with this Summary of Terms and Conditions, containing conditions to borrowing, repayment terms, representations, warranties, covenants, and events of default usual and customary for this type of loan;<br><br>(b) the execution and delivery of an intercreditor and subordination agreement reasonably satisfactory to the Lender, between the Borrower, the Lender, and JPMorgan Chase Bank, N.A.;<br><br>(c) JPMorgan Chase Bank, N.A. shall have consented to the Borrower's pledge to Lender of a second lien security interest in the Arrow Intercompany Note and proceeds received in respect thereof;<br><br>(d) the satisfactory completion of the Lender's reasonable due diligence and the obtaining of any approvals or consents deemed necessary or appropriate upon the advice of counsel to the Lender;<br><br>(e) entry of a confirmation order on terms reasonably acceptable to the Lender; and<br><br>(f) the effectiveness of the Plan containing terms acceptable to the Borrower and the Lender. |
| Expenses and Indemnification | Usual and customary for loans of this type, including, without limitation, indemnification by the Borrower of the Lender of any losses suffered by the |

| | |
|---|---|
| | Lender in the event that it is ultimately determined that the Borrower used the loan proceeds for Unauthorized Purposes. |
| **Governing Law** | Texas. |
| **Release** | The release by the Borrower of the Lender with respect to any and all claims, and inclusion of the Lender within all Plan releases, including as a "***Released Party***" and "***Protected Party***" under the Plan. |
| **Payment of Fees and Expenses** | The Borrower will pay the fees and expenses, including reasonable attorneys' fees, of the Lender associated with the preparation, execution, administration, and enforcement of the Loan and any subsequent amendment or waiver with respect thereto. The Lender shall not be required to file an application for payment of fees and expenses with the bankruptcy court. |

**EXHIBIT D**

**LOCAL COUNCIL SETTLEMENT CONTRIBUTION**

The Debtors are committed to ensuring that the aggregate value of the Local Council Settlement Contribution is not less than $300,000,000, exclusive of insurance rights proposed to be contributed to the Settlement Trust. The Debtors intend to request the voluntary commitments of Local Councils to make their respective contributions, which contributions shall be set forth in commitment agreements executed by each Local Council. By no later than June 1, 2021, the Debtors shall file a report with the Bankruptcy Court concerning the status of the Debtors' efforts to obtain contribution commitments from the Local Councils. Such status report shall contain information concerning the form of contributions by the Local Councils (*i.e.*, cash, real property, or other assets) and the timing of such contributions. In addition, the status report will set forth any required amendments the Debtors may propose to the Plan to facilitate the Local Council Settlement Contribution.

*[Remainder of Page Intentionally Left Blank]*

# EXHIBIT E

## LOCAL COUNCILS

Abraham Lincoln
Alabama-Florida
Alamo Area
Allegheny Highlands
Aloha
Andrew Jackson
Anthony Wayne Area
Arbuckle Area
Atlanta Area
Baden-Powell
Baltimore Area
Bay Area
Bay-Lakes
Black Hills Area
Black Swamp Area
Black Warrior
Blackhawk Area
Blue Grass
Blue Mountain
Blue Ridge
Blue Ridge Mountains
Buckeye
Buckskin
Bucktail
Buffalo Trace
Buffalo Trail
Caddo Area
Calcasieu Area
California Inland Empire
Cape Cod and Islands
Cape Fear
Capitol Area
Cascade Pacific
Catalina
Central Florida
Central Georgia
Central Minnesota
Central North Carolina
Chattahoochee
Cherokee Area
Cherokee Area
Chester County
Chickasaw
Chief Cornplanter
Chief Seattle
Chippewa Valley

Choctaw Area
Cimarron
Circle Ten
Coastal Carolina
Coastal Georgia
Colonial Virginia
Columbia-Montour
Connecticut Rivers
Connecticut Yankee
Conquistador
Cornhusker
Coronado Area
Cradle of Liberty
Crater Lake
Crossroads of America
Crossroads of the West
Dan Beard
Daniel Boone
Daniel Webster
De Soto Area
Del-Mar-Va
Denver Area
East Carolina
East Texas Area
Erie Shores
Evangeline Area
Far East
Five Rivers
Flint River
French Creek
Gamehaven
Garden State
Gateway Area
Georgia-Carolina
Glacier's Edge
Golden Empire
Golden Gate Area
Golden Spread
Grand Canyon
Grand Columbia
Grand Teton
Great Alaska
Great Rivers
Great Salt Lake
Great Smoky Mountain
Great Southwest

Great Trail
Greater Alabama
Greater Hudson Valley
Greater Los Angeles Area
Greater New York
Greater Niagara Frontier
Greater St. Louis Area
Greater Tampa Bay Area
Greater Wyoming
Greater Yosemite
Green Mountain
Greenwich
Gulf Coast
Gulf Stream
Hawk Mountain
Hawkeye Area
Heart of America
Heart of New England
Heart of Virginia
Hoosier Trails
Housatonic
Illowa
Indian Nations
Indian Waters
Inland Northwest
Iroquois Trail
Istrouma Area
Jayhawk Area
Jersey Shore
Juniata Valley
Katahdin Area
Lake Erie
Las Vegas Area
LaSalle
Last Frontier
Laurel Highlands
Leatherstocking
Lincoln Heritage
Long Beach Area
Longhorn
Longhouse
Longs Peak
Los Padres
Louisiana Purchase
Marin
Mason-Dixon

Mayflower
Mecklenburg County
Miami Valley
Michigan Crossroads
Mid-America
Middle Tennessee
Mid-Iowa
Midnight Sun
Minsi Trails
Mississippi Valley
Mobile Area
Monmouth
Montana
Moraine Trails
Mount Baker
Mount Diablo Silverado
Mountain West
Mountaineer Area
Muskingum Valley
Narragansett
National Capital Area
Nevada Area
New Birth of Freedom
North Florida
Northeast Georgia
Northeast Illinois
Northeast Iowa
Northeastern Pennsylvania
Northern Lights
Northern New Jersey
Northern Star
Northwest Georgia
Northwest Texas
Norwela
Occoneechee
Ohio River Valley
Old Hickory
Old North State
Orange County
Oregon Trail
Ore-Ida
Overland Trails
Ozark Trails
Pacific Harbors
Pacific Skyline
Palmetto

2

Pathway to Adventure
Patriots' Path
Pee Dee Area
Pennsylvania Dutch
Piedmont
Piedmont
Pikes Peak
Pine Burr Area
Pine Tree
Pony Express
Potawatomi Area
Prairielands
Puerto Rico
Pushmataha Area
Quapaw Area
Quivira
Rainbow
Redwood Empire
Rio Grande
Rip Van Winkle
Rocky Mountain
Sagamore
Sam Houston Area
Samoset
San Diego-Imperial
San Francisco Bay Area
Santa Fe Trail
Seneca Waterways
Sequoia
Sequoyah
Shenandoah Area
Silicon Valley Monterey Bay
Simon Kenton
Sioux
Snake River
South Florida
South Georgia

South Plains
South Texas
Southeast Louisiana
Southern Sierra
Southwest Florida
Spirit of Adventure
Suffolk County
Susquehanna
Suwannee River Area
Tecumseh
Texas Southwest
Texas Trails
Theodore Roosevelt
Three Fires
Three Harbors
Three Rivers
Tidewater
Transatlantic
Trapper Trails
Tukabatchee Area
Tuscarora
Twin Rivers
Twin Valley
Ventura County
Verdugo Hills
Virginia Headwaters
Voyageurs Area
W.D. Boyce
Washington Crossing
West Tennessee Area
Westark Area
Western Los Angeles County
Western Massachusetts
Westmoreland-Fayette
Winnebago
Yocona Area
Yucca

**EXHIBIT F**

**RELATED NON-DEBTOR ENTITIES**

Arrow WV, Inc.
Atikaki Youth Ventures Inc.
Atikokan Youth Ventures Inc.
BSA Asset Management, LLC
BSA Endowment Master Trust
Learning for Life
National Boy Scouts of America Foundation

## SCHEDULE 1

## ARTWORK

**ARTWORK**

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.167 | Where Brook and River Meet | A. Boulard after a painting by B. W. Leader | n. d. | 17 5/8" x 27 1/8" with margins | Hand colored etching |
| 2011.064.306 | Portrait of Abraham Lincoln | After George Henry Hall by an Unknown artist (Contemporary) | n. d. | 33 1/8" x 24 1/2" | Oil on relined canvas |
| 2011.064.242 | Dr. James E. West | Albert A. Rose (Contemporary) | n. d. | 40" x 30" | Oil on canvas |
| 2011.064.241 | Portrait of Gale F. Johnson | Albert A. Rose (Contemporary) | n. d. | 30" x 25" | Oil on canvas |
| 2011.064.204 | Native American Village | Andy Jansen (Contemporary) | n. d. | 10" x 13" | Ink on paper |
| 2011.064.315 | Triumph and Tragedy | Angelini | 2008 | | Oil on Canvas |
| 2012.051 | Big Doing's When King Richard Had a Rodeo | Beard, Daniel Carter | n.d. | | |
| Johnston gift | Fight Scene | Beard, Daniel Carter | n.d. | | Ink on Paper |
| 2011.064.181 | Lord Baden Powell | Benjamin Eggleston (Contemporary) | n. d. | 51 1/2" x 43" | |
| 2011.064.159 | Butterfly's | Bentley and Bentley (Contemporary) | 1990 | 30" x 24" x 3" | Butterfly triptych collage with Plexiglas box |
| 2011.064.160 | Butterfly's | Bentley and Bentley (Contemporary) | 1990 | 30" x 24" x 3" | Butterfly triptych collage with Plexiglas box |
| 2011.064.161 | Butterfly's | Bentley and Bentley (Contemporary) | 1990 | 30" x 24" x 3" | Butterfly triptych collage with Plexiglas box |
| 2011.064.162 | Butterfly's | Bentley and Bentley (Contemporary) | 1990 | 30" x 24" x 3" | Butterfly triptych collage with Plexiglas box |
| 2011.064.163 | Butterfly's | Bentley and Bentley (Contemporary) | 1990 | 30" x 24" x 3" | Butterfly triptych collage with Plexiglas box |
| 2011.064.217 | Old Ironside | Betty Mahony (Contemporary) | n. d. | 18" x 24" | Oil on canvas |
| Unknown | A Century of Values | Bill Manilow | n.d. | | Acrylic? |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.164 | Boyscout Membership | C. K. Berryman (Contemporary) | 1940 | 12 1/2" x 14 1/8" | Ink on paper |
| 2011.064.243 | The Mountaineer | Carl Clemens Moritz Rungius (1869-1959) | n. d. | 50" x 60" | Oil on canvas |
| Unknown | Scout's Signaling Friendship | Caserta | 1945 | | |
| 2011.064.170 | In a Welch Valley | Charles Chauvel after a painting by B. W. Leader | n. d. | 18 1/2" x 28 1/2" with margins | Hand colored etching |
| 2011.064.171 | Surrey's Pleasant Hills | Charles Chauvel after a painting by B. W. Leader | n. d. | 21 1/2" x 17" with margins | Hand colored etching |
| 2016.019 | Scouts at Campfire Singing | Charles Towne | 1930s | | Oil on unstretched canvas |
| Unknown | New Jersey State Trooper and Scout | Dave ? | n.d. | | |
| 2011.064.225 | Greenhead Alert | David Moss (Contemporary) | n. d. | 16 1/4" x 24 7/8" with margins | Color off-set lithograph |
| 2011.064.226 | Pheasants in the Snow | David Moss (Contemporary) | n. d. | 16 3/8" x 24 7/8" with margins | Color off-set lithograph |
| 2011.064.227 | Wild Wings | David Moss (Contemporary) | 1985 | 16 1/2" x 24 7/8" with margins | Color off-set lithograph |
| 2011.064.176 | Lincoln Memorial | Dean Cornwell ( 1892- 1960) | n. d. | 38" x 35" | Oil on canvas |
| 2011.064.175 | Uncle Sam's Air Force; "Boy Scout and Pilot" | Dean Cornwell ( 1892- 1960) | 1952 | 38 1/8" x 35 1/2" | Oil on canvas |
| 2011.064.177 | Wright Brothers | Dean Cornwell ( 1892- 1960) | n. d. | 38" x 35" | Oil on canvas |
| 2011.064.174 | Boy Scout and Father at Nathan Hale Statue | Dean Cornwell (1892- 1960) | n. d. | 40" x 36 1/4" | Oil on relined canvas |
| 2011.064.215 | America's Strength | Don Lupo (Contemporary) | n. d. | 26" x 19 1/2" | Watercolour over off-set lithograph |
| Unknown | Your Career in Scouting | Don Lupo (Contemporary) | n.d. | | |
| OA | Brotherhood Barn | E. Urner Goodman | n.d. | | Oil on Canvas |
| 2011.064.316 | Treasure Island | E. Urner Goodman | | | Oil on Canvas |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.187 | Liberty Bell | Earnest Henry (Contemporary) | n. d. | 25" x 26" | Oil on canvas |
| 2011.064.231 | Forward on Liberty's Team | Earnest Pascoe (1922- 1996) | 1954 | 33" x 23" | Oil on canvas |
| 2011.064.211 | The Measure of a Man | Edward D. Kuekes (Born 1901) | 1957 | 20" x 16" | Ink on paper |
| 2011.064.222 | Ellsworth H. Augustus | Eugene A. Montgomery (Contemporary) | n. d. | 40" x 30" | Oil on canvas |
| 2011.064.223 | Portrait of Alden G. Barber | Eugene A. Montgomery (Contemporary) | n. d. | 42" x 32" | Oil on canvas |
| 2011.064.224 | Portrait of Irving Feist | Eugene A. Montgomery (Contemporary) | n. d. | 42" x 32" | Oil on canvas |
| Unknown | Eagle in Flight | F.P. Smith | n.d. | | |
| 2011.064.182 | General Omar Bradley | Frank Eliscu (Born 1912) | 1990 | 16 1/2" high without base | Cast bronze sculpture with brown patina |
| 2011.064.220 | Coke,  "Boy Scouts Come to a Halt" | Fredric Kimball Mizen (1888- 1965) | n. d. | 32 1/2" x 37 1/2" | Oil on canvas which has been relined |
| 2011.064.119 | Scout Bugler, Swimming Call | Harold N. Anderson (Contemporary) | n.d. | 28" x 21 1/2" | Oil on Canvas |
| 2011.064.120 | Sea Scout at Ship's Wheel | Harold N. Anderson (Contemporary) | n.d. | 30" x 20" | Oil on Canvas |
| 2011.064.244 | They See a Vision That Once Was Yours | Harold van Schmidt (Contemporary) | 1951 | 29" x 37" | Oil on canvas |
| 2011.064.168 | Boy's Life Cover | Harrison Cady (1877- 1970) | 1938 | 17 5/8" x 27 1/8" | Ink and watercolour on paper |
| 2011.064.191 | A Scout is Brave | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.192 | A Scout is Cheerful | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.193 | A Scout is Clean | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.194 | A Scout is Courteous | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.195 | A Scout is Friendly | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.196 | A Scout is Helpful | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.197 | A Scout is Kind | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.198 | A Scout is Loyal | Henry "Hy" Hintermeister (1902- 1972) | n. d. | 15" x 10" | Gouache on paper |

3

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.199 | A Scout is Obedient | Henry "Hy" Hintermeister (1902-1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.200 | A Scout is Reverent | Henry "Hy" Hintermeister (1902-1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.201 | A Scout is Thrifty | Henry "Hy" Hintermeister (1902-1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.202 | A Scout is Trustworthy | Henry "Hy" Hintermeister (1902-1972) | n. d. | 15" x 10" | Gouache on paper |
| 2011.064.189 | Achievement | Henry "Hy" Hintermeister (1902-1972) | n. d. | 24" x 18" | Oil on canvas |
| 2011.064.190 | Adventure | Henry "Hy" Hintermeister (1902-1972) | n. d. | 24" x 18" | Oil on canvas |
| 2011.064.228 | Johnston Historical Museum | Herbert Mott (Contemporary) | n. d. | 10 1/2" x 22 1/2" | Gouache and pencil on paper |
| 2011.064.230 | Portrait of Baden-Powell | Hjordis Nyberg (Contemporary) | n. d. | 40" x 30" | Oil on canvas |
| 2011.064.188 | Tait McKenzie Statue | Homer Hill (Contemporary) | n. d. | 24" x 18" | Gouache on paper and collage |
| 2011.064.172 | Boy Scout | Howard Chandler Christy (1873- 1952) | 1936 | 60" x 40" | Oil on canvas |
| 2011.064.312 | Portrait of Norton Clapp | J. Anthony Wills (Contemporary) | n. d. | 43" x 34" | Oil on masonite |
| 2011.064.165 | Giant Eagle, Planes, and Scout | James Bingham (Contemporary) | n. d. | 34 1/2" x 30 1/4" | Oil on relined canvas |
| 2011.064.130 | "Common Puffin": "Tufted Puffin"; and "Rhinoceros Auklet" | James Carter Beard (1837- 1913) | 1904 | 6 3/4" x 5 1/16" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.140 | "Hudson Bay Lemming"; "Field Mouse"; "Red Backed Mouse"; and "Northwest Vole" | James Carter Beard (1837- 1913) | 1904 | 12" x 11" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.150 | "Sunfish"; "Calico Bass"; Yellow Perch"; and "Small Mounted Black Bass" | James Carter Beard (1837- 1913) | 1904 | 9 1/2" x 12 7/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.121 | American Spotted Chimera | James Carter Beard (1837- 1913) | 1904 | 6" x 11" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.123 | Australian Lung Fish | James Carter Beard (1837- 1913) | 1904 | 6 3/4" x 12 3/4" | Ink and watercolour on paper mounted to cardboard |

4

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.124 | Black Footed Albatross | James Carter Beard (1837- 1913) | 1904 | 9 1/8" x 10 1/4" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.125 | Bluefish | James Carter Beard (1837- 1913) | 1904 | 4 5/8" x 7" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.126 | Bullhead Catfish | James Carter Beard (1837- 1913) | 1904 | 6" x 7 3/4" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.127 | California Grey Whales Attacked by Killer Whales | James Carter Beard (1837- 1913) | 1904 | 10 3/8" x 15 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.128 | Canadian Lynx | James Carter Beard (1837- 1913) | 1904 | 8 1/2" x 10 3/4" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.129 | Common Dolphins | James Carter Beard (1837- 1913) | 1904 | 10 1/2" x 15 5/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.131 | Congo Snake | James Carter Beard (1837- 1913) | 1904 | 13 1/4" x 18 1/4" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.132 | Devil Fish | James Carter Beard (1837- 1913) | 1904 | 9 1/4" x 14 3/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.133 | Elaine Eel | James Carter Beard (1837- 1913) | 1904 | 5 7/8" x 10 7/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.134 | Florida Wood Rat | James Carter Beard (1837- 1913) | 1904 | 9 1/8" x 11" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.135 | Flying Fish | James Carter Beard (1837- 1913) | 1904 | 5 5/8" x 9 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.136 | Flying Foxes (Bats) | James Carter Beard (1837- 1913) | 1904 | 17" x 12 1/4" | Ink and watercolour on paper mounted to cardboard |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.137 | Glacier Bear | James Carter Beard (1837- 1913) | 1904 | 9 7/8" x 11 3/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.138 | Grey Squirrel | James Carter Beard (1837- 1913) | 1904 | 9 1/4" x 14 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.139 | Hell Bender | James Carter Beard (1837- 1913) | 1904 | 12" x 16 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.141 | Jumping Mouse | James Carter Beard (1837- 1913) | 1904 | 8 1/2" x 7" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.142 | Loon and Murres | James Carter Beard (1837- 1913) | 1904 | 6 7/8" x 8 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.143 | Manatee | James Carter Beard (1837- 1913) | 1904 | 14" x 8 7/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.144 | Menobranchas | James Carter Beard (1837- 1913) | 1904 | 13" x 18" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.145 | Pocket Gophers | James Carter Beard (1837- 1913) | 1904 | 6" x 11" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.146 | Ribbon Seals | James Carter Beard (1837- 1913) | 1904 | 12 3/8" x 15 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.148 | Spider Monkeys | James Carter Beard (1837- 1913) | 1904 | 13 7/8" x 9 1/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.149 | Squirrel | James Carter Beard (1837- 1913) | 1904 | 10 1/2" x 15 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.151 | Stellar's Sea Lions | James Carter Beard (1837- 1913) | 1904 | 9 1/4" x 13 7/8" | Ink and watercolour on paper mounted to cardboard |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.152 | Stormy Petrel | James Carter Beard (1837- 1913) | 1904 | 8 1/4" x 8 1/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.153 | Tarpon | James Carter Beard (1837- 1913) | 1904 | 5 1/4" x 9 1/16" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.122 | The Angler | James Carter Beard (1837- 1913) | 1904 | 5 7/8" x 10 3/4" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.147 | The Spanish Mackerel | James Carter Beard (1837- 1913) | 1904 | 5" x 5 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.154 | Two Spined Stickleback | James Carter Beard (1837- 1913) | 1904 | 3 1/2" x 11 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.155 | Typical Pocket-Mouse and Kangaroo Rat | James Carter Beard (1837- 1913) | 1904 | 10 3/4" x 10 7/8" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.156 | Unicorn Whales | James Carter Beard (1837- 1913) | 1904 | 10 1/2" x 16 1/2" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.157 | Woodchuck | James Carter Beard (1837- 1913) | 1904 | 8 1/8" x 10" | Ink and watercolour on paper mounted to cardboard |
| 2011.064.158 | Daniel Carter Beard | James Henry Beard (1812- 1893) | 1888 | 12" x 19 3/8" | Oil on board |
| 2011.064.212 | Saturday Evening Post Cover | James Lewicki (Born 1917) | 1960 | 23 1/2" x 21 1/2" | Ink and watercolour on board |
| 2011.064.309 / 1998.111 | Santa Claus and Scout | Jay Vance (Contemporary) | n. d. | 13 1/2" x 10 1/4" | Gouache on paper |
| None | Scout Crossing-Jamboree | Jeff Segler | 2017 | | |
| None | Scouting's Tribute to Law Enforcement | Jeff Segler | 2018 | | |
| 2011.064.278 | Untitled Scout | Jeff Segler (Contemporary) | n. d. | 36" x 28" | Oil on canvas |
| 2011.064.166 | Mustangs | John Gutson (La Mothe) Borglum (1867- 1941) | 1904 | 20 3/4" x 32" x 16" | Cast bronze multiple sculpture with green-brown patina |

7

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| Unknown | Eagle and Eagle Scout Medal | John Steven Wilson | n.d. | | |
| 2011.064.214 | "Weapons for Liberty"; March 2 Saturday Evening Post Cover | Joseph Christain Leyendecker (1874-1951) | 1918 | 40" x 27 1/4" | Oil on canvas |
| 2011.064.213 | Saturday Evening Post Cover/ Scouts Signaling | Joseph Christain Leyendecker (1874-1951) | 1911 | 30 1/4" x 21 1/4" | Oil on canvas |
| None | 100th Anniversary of the Order of the Arrow | Joseph Csatari | 2012 | | |
| 2003.111 | Portrait of Chope Phillips | Joseph Csatari | 1971 | | Oil on masonite |
| Unknown | "100th Anniversary of World Scouting" | Joseph Csatari | 2007 | 32" x 26" | Oil on Canvas |
| Unknown | 100th Anniversary of Eagle Scouts | Joseph Csatari | 2012 | | Oil on Canvas |
| Unknown | 90th Anniversary of Boys Life | Joseph Csatari | 2001 | | Oil on Canvas |
| Unknown | A Scout is Reverent, Study | Joseph Csatari | n.d. | | |
| Unknown | Reading Partners | Joseph Csatari | 2002 | 30" x 24" | Oil on Canvas |
| Unknown | Scouting Hero's | Joseph Csatari | 2007 | 32" x 26" | Oil on Canvas |
| Unknown | Scouting Salutes Community Organizatons | Joseph Csatari | 2009 | 32" x 25" | Oil on Canvas |
| Unknown | Scouting through the Years | Joseph Csatari | 1978 | | Oil on Canvas |
| Unknown | Scoutmaster and Scout, study | Joseph Csatari | n.d. | | Pencil on paper |
| Unknown | Sketch, "To Rich" | Joseph Csatari | n.d. | | sketch |
| None | Walter Scott, Jr. | Joseph Csatari | 2012 | | |
| Unknown | Year of the Volunteer | Joseph Csatari | 2008 | 32" x 25" | Oil on Canvas |
| 2011.064.088 | "Prepared To Do a Good Turn" or "9/11" | Joseph Csatari (Contemporary) | 2002 | 40" x 31" | oil on canvas |
| 2011.064.118 | 100th Anniversary Salute to Scouting | Joseph Csatari (Contemporary) | 2009 | | Oil on Canvas |
| 2011.064.066 | 1976 Handbook Cover | Joseph Csatari (Contemporary) | 1975 | 27 1/2" x 38" | oil on board |
| 2011.064.082 | A Good Turn | Joseph Csatari (Contemporary) | 1992 | 40" x 32" | oil on canvas |
| 2011.064.110 | A Good Turn, study | Joseph Csatari (Contemporary) | n. d. | 10" x 8" | pencil on paper |
| 2011.064.092 | A Scout is Reverent | Joseph Csatari (Contemporary) | ca. 1994 | 20" x 16" | oil on board |
| 2011.064.116 | A Winner, study | Joseph Csatari (Contemporary) | n. d. | 10 1/4" x 7 3/4" | pencil on paper |

8

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.070 | After Hours | Joseph Csatari (Contemporary) | 1980 | 30" x 24" | oil on canvas |
| 2011.064.107 | After Hours, study | Joseph Csatari (Contemporary) | n. d. | 9 1/2" x 7 1/2" | pencil on paper |
| 2011.064.109 | Building a Fire, study | Joseph Csatari (Contemporary) | 1987 | 14" x 10" | pencil on paper |
| 2011.064.083 | Character Counts | Joseph Csatari (Contemporary) | 1994 | 36" x 30" | oil on canvas |
| 2011.064.091 | Charles L. Sommers, High Adventure Base | Joseph Csatari (Contemporary) | ca. 1999 | 36" x 30" | oil on canvas |
| 2011.064.093 | Come On, Join Us | Joseph Csatari (Contemporary) | n. d. | 24" x 19" | acrylic on canvas |
| 2011.064.090 | Cub Scout 75th Anniversary "Cub Scout 75th Anniversary" or "A Winner" | Joseph Csatari (Contemporary) | 2004 | 34" x 27" | oil on canvas |
| 2011.064.089 | Dreams Become a Reality in Venturing | Joseph Csatari (Contemporary) | 2003 | 34" x 27" | oil on canvas |
| 2011.064.114 | Duty to God and Country, study | Joseph Csatari (Contemporary) | n. d. | 13 1/2" x 10 1/2" | pencil on paper |
| 2011.064.105 | Eagle Court of Honor | Joseph Csatari (Contemporary) | n. d. | 31" x 23" | oil on canvas |
| 2011.064.106 | Eagle Court of Honor, study | Joseph Csatari (Contemporary) | n. d. | 30" x 22" | pencil on paper |
| 2011.064.068 | Eagle Service Project | Joseph Csatari (Contemporary) | 1978 | 38" x 29" | oil on canvas |
| 2011.064.072 | Family Camping | Joseph Csatari (Contemporary) | 1982 | 32 1/2" x 25" | oil on canvas |
| 2011.064.081 | Florida Sea Base | Joseph Csatari (Contemporary) | 1991 | 41" x 32" | oil on canvas |
| 2011.064.115 | Florida Sea Base, study | Joseph Csatari (Contemporary) | n. d. | 20" x 15 1/2" | pencil on paper |
| 2011.064.065 | Gift of a Lifetime | Joseph Csatari (Contemporary) | 1968 | 20 1/4" x 16 1/4" | oil on canvas |
| 2011.064.062 | Higher Vision | Joseph Csatari (Contemporary) | 1964 | 22 5/16" x 18 5/16" | oil on canvas |
| 2011.064.075 | It's a Boy's Life | Joseph Csatari (Contemporary) | 1985 | 32" x 24" | oil on canvas |
| 2011.064.087 | National Jamboree Fort A. P. Hill, Virginia | Joseph Csatari (Contemporary) | 2001 | 30" x 24" | oil on canvas |
| 2011.064.314 | National Scouting Museum Founders | Joseph Csatari (Contemporary) | 2013 | 35.75" x 24.50" with margin | Oil on Canvas |
| 2011.064.111 | Official Call, study | Joseph Csatari (Contemporary) | n. d. | 11 1/2" x 8 1/2" | pencil on paper |
| 2011.064.084 | Out of the Past Into the Future (Pass it On?) | Joseph Csatari (Contemporary) | 1996 | 34" x 27" | oil on canvas |
| 2011.064.104 | Pass It On | Joseph Csatari (Contemporary) | n. d. | 36" x 28" | oil on canvas |
| 2011.064.098 | Portrait of Arch Munson, Jr. | Joseph Csatari (Contemporary) | n. d. | 40" x 30 1/4" | oil on canvas |
| 2011.064.095 | Portrait of Ben H. Love | Joseph Csatari (Contemporary) | n. d. | 36" x 30" | oil on canvas |
| 2011.064.099 | Portrait of Charles M. Pigott | Joseph Csatari (Contemporary) | n. d. | 36" x 30" | oil on canvas |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.096 | Portrait of Dr. Thomas C. MacAvoy | Joseph Csatari (Contemporary) | n. d. | 36" x 30" | oil on canvas |
| 2011.064.094 | Portrait of Edward Joullian III | Joseph Csatari (Contemporary) | n. d. | 36" x 30" | oil on canvas |
| 2011.064.100 | Portrait of Harvey L. Price | Joseph Csatari (Contemporary) | n. d. | 31" x 25" | oil on canvas |
| 2011.064.103 | Portrait of J. L. Tarr | Joseph Csatari (Contemporary) | n. d. | 36" x 30" | oil on canvas |
| 2011.064.101 | Portrait of Jere B. Ratcliff | Joseph Csatari (Contemporary) | n. d. | 36" x 30" | oil on canvas |
| 2011.064.102 | Portrait of Robert W. Reneker | Joseph Csatari (Contemporary) | n. d. | 40" x 30 3/8" | oil on canvas |
| 2011.064.097 | Portrait of Sanford N. McDonnell | Joseph Csatari (Contemporary) | n. d. | 40" x 30" | oil on canvas |
| 2011.064.080 | Scouting for all Seasons | Joseph Csatari (Contemporary) | 1990 | 40" x 34" | oil on canvas |
| 2011.064.117 | Scouting For All Seasons, study | Joseph Csatari (Contemporary) | n. d. | 15 3/4" x 15" | pencil on paper |
| 2011.064.085 | Scouting Values | Joseph Csatari (Contemporary) | 1996 | 36" x 28" | oil on canvas |
| 2011.064.113 | Scoutmaster, study | Joseph Csatari (Contemporary) | n. d. | 13 1/2" x 10 1/2" | pencil on paper |
| 2011.064.108 | Scouts Are Patriotic, study | Joseph Csatari (Contemporary) | n. d. | 13" x 9 1/2" | pencil on paper |
| 2011.064.112 | Scouts Hiking, study | Joseph Csatari (Contemporary) | n. d. | 14" x 12" | pencil on paper |
| 2011.064.074 | Spirit Lives On | Joseph Csatari (Contemporary) | 1985 | 34" x 26" | oil on canvas |
| 2011.064.067 | The New Spirit | Joseph Csatari (Contemporary) | 1976 | 33" x 25" | oil on canvas |
| 2011.064.064 | The Ordeal | Joseph Csatari (Contemporary) | 1967 | 22" x 18" | oil on canvas |
| 2011.064.071 | The Patrol Leader | Joseph Csatari (Contemporary) | 1981 | 26" x 21" | oil on canvas |
| 2011.064.069 | The Reunion | Joseph Csatari (Contemporary) | 1979 | 32" x 24" | oil on canvas |
| 2011.064.079 | The Scoutmaster | Joseph Csatari (Contemporary) | 1989 | 44" x 36" | oil on canvas |
| 2011.064.073 | The Strength of Scouting Through Volunteers OR Thank You, Scout Volunteers | Joseph Csatari (Contemporary) | 1983 | 30" x 24" | oil on canvas |
| 2011.064.063 | Thomas J. Watson, Jr. | Joseph Csatari (Contemporary) | 1965 | 28" x 22" | oil on canvas |
| 2011.064.086 | Urban Good Turn | Joseph Csatari (Contemporary) | 1997 | 30" x 25" | oil on canvas |
| 2011.064.076 | Values That Last a Lifetime | Joseph Csatari (Contemporary) | 1986 | 36" x 28" | oil on canvas |
| 2011.064.077 | Winter Camping Scene | Joseph Csatari (Contemporary) | 1987 | 40" x 30" | oil on canvas |
| 2011.064.078 | You Can Do It | Joseph Csatari (Contemporary) | 1988 | 30" x 24" | oil on canvas |
| 2011.064.317 | Happy 90th Birthday BSA | Joseph Csatari (Contemporary) Artist | 2000 | | Oil on Canvas |
| 2011.064.318 | The Summit or Summit Bechtel Reserve | Joseph Csatari (Contemporary) Artist | 2013 | | Oil on Canvas |
| None | Live Scouting's Adventures | Josh Hunt | n.d. | | |
| 2011.064.206 | Brown and Bigelow Calendar | Keely (Contemporary) | 1970 | 33" x 11" | Oil on board |
| 2011.064.310 | Man to Man | L. D. Warren (Born 1906) | 1956 | 10 1/2" x 8 7/8" | Ink on paper |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.186 | The Spirit Lives On | Larry Frost (Contemporary) | n. d. | 44" x 36" | Oil on masonite |
| 2011.064.311 | Boy Scout Saluting | Lawrence Wilbur (1897- 1988) | n. d. | 16 1/2" x 13 1/2" | Oil on unstretched canvas |
| 2012.056 | Lady with Scarf | Leyendecker, J.C. | n.d. | | Oil Study |
| 2011.064.216 | Portrait of George H. Fisher | Lurtos (Contemporary) | n. d. | 26" x 19 1/2" | Oil on board |
| 2011.064.205 | Miriam Lumpkin Rand Johnston | Marion D. Johnson (1892- 1966) | n. d. | 23 1/2" x 19 1/2" | Pastel on paper |
| 2011.064.282 | Scouting in the World | Martha Jane Starr (Contemporary) | n. d. | 49" x 19" | 25 petit points on three panels |
| 2011.064.283 | Scouting in the World | Martha Jane Starr (Contemporary) | n. d. | 49" x 19" | 25 petit points on three panels |
| 2011.064.281 | Scouting in the World | Martha Jane Starr (Contemporary) | n. d. | 49" x 19" | 25 petit points on three panels |
| 2011.064.284 | Trail to Eagle | Martha Jane Starr (Contemporary) | n. d. | 24 3/8" x 19 3/8" | 8 petit points on three panels |
| 2011.064.221 | Portrait of Elbert Fretwell in a Scout Uniform | Martin Mockford (Contemporary) | 1954 | 20" x 16" | Oil on canvas |
| 2011.064.238 / 1999.050 | Eagle in Flight / "The Eagle" | Maynard Reece (Born 1920) | 1980 | 16" x 24" | Oil on canvas |
| Unknown | Portrait of Baden-Powell | McKean | 1967 | | |
| 2011.064.169 | Fort A. P. Hill | Milton Arthur Candiff ( Born 1907) | 1981 | 14" x 10 1/4" | Ink and pencil on paper and collage |
| Unknown | 1939 World's Fair | Monte Crews | n.d. | | Oil on Canvas |
| 2011.064.239 | Onward...For God and My Country | Paul Remmey (Contemporary) | n. d. | 18 1/4" x 37" | Oil on canvas |
| 2011.064.286 | Portrait of Dr. Arthur Schuck | Paul Trebilcock (1902- 1981) | n. d. | 44" x 34" | Oil on canvas |
| 2011.064.300 | America's Boypower, Project SOAR | Paul Troth (Contemporary) | 1971 | 9" x 7 1/4" | Ink on paper |
| 2011.064.184 | "Trail to Manhood" | Peter M. Fillerup (Contemporary) | 1984 | 84" high | Cast bronze sculpture with brown patina |
| 2011.064.183 | Maquette for "Trail to Manhood" | Peter M. Fillerup (Contemporary) | 1991 | 16 1/4" without base | Cast bronze sculpture with brown patina |
| 2011.064.279 | Scouting Family | R. Skemp (Contemporary) R.S. Kemp or R. Skemp | n. d. | 18" x 14 1/2" | Oil on board |
| Unknown | Citizenship: BSA | Remington Schuyler (1884- 1955) | 1925 | 30" x 21 1/2" | Oil on Canvas |

11

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|-----------|-------|---------|------|-----------|--------|
| 2011.064.245 | Cub Scouts Running an Indoor Course | Remington Schuyler (1884- 1955) | n. d. | 6 1/2" x 22 1/2" | Ink on paper |
| 2011.064.246 | Indian and Travois | Remington Schuyler (1884- 1955) | 1920 | 10" x 30" | Oil on canvas |
| 2011.064.247 / 1988.045 | Indian in Canoe (triptych) | Remington Schuyler (1884- 1955) | 1922 | 20" x 11"; 20" x 33"; and 20" x 11" | Oil on canvas |
| 2011.064.249 | Scout Sign Up | Remington Schuyler (1884- 1955) | n. d. | 13 1/2" x 12 5/8" | Ink on paper |
| 2011.064.250 | Scout with Binoculars | Remington Schuyler (1884- 1955) | n. d. | 4 1/2" x 6 1/2" | Ink on paper |
| 2011.064.251 | Scout with Native American | Remington Schuyler (1884- 1955) | n. d. | 7 5/8" x 7 5/8" | Ink on paper |
| 2011.064.252 | Scouts and Important Holidays | Remington Schuyler (1884- 1955) | n. d. | 9 1/4" x 27" | Ink and coloured pencil on paper |
| 2011.064.253 | Scouts Around a Campfire | Remington Schuyler (1884- 1955) | n. d. | 8 1/2" x 7 3/4" | Ink on paper |
| 2011.064.254 | Scouts at Doorway to Sky Patrol Building | Remington Schuyler (1884- 1955) | n. d. | 8 3/4" x 8 1/2" | Ink on paper |
| 2011.064.255 | Scouts Building a Log Structure | Remington Schuyler (1884- 1955) | n. d. | 7 3/4" x 6 1/2" | Ink on paper |
| 2011.064.256 | Scouts Cooking at Camp | Remington Schuyler (1884- 1955) | n. d. | 5 7/8" x 6 7/8" | Ink on paper |
| 2011.064.257 | Scouts Hiking Near Totem Pole | Remington Schuyler (1884- 1955) | n. d. | 9" x 7 1/2" | Ink on paper |
| 2011.064.261 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 31" x 27" | Charcoal on paper |
| 2011.064.262 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 36" x 26 1/2" | Charcoal on paper |
| 2011.064.263 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 32" x 27" | Charcoal on paper |
| 2011.064.264 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 31" x 27" | Charcoal on paper |
| 2011.064.265 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 30" x 27" | Charcoal on paper |
| 2011.064.258 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 27 1/2" x 27" | Charcoal on paper |
| 2011.064.259 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 28 1/2" x 27" | Charcoal on paper |
| 2011.064.260 | Scouts in Winter Camp (One of ten in the series) | Remington Schuyler (1884- 1955) | n. d. | 29 1/2" x 27" | Charcoal on paper |
| 2011.064.266 | Scouts on a Hike | Remington Schuyler (1884- 1955) | n. d. | 16" x 14" | Ink on paper |
| 2011.064.267 | Scouts on Hike Near Seashore | Remington Schuyler (1884- 1955) | n. d. | 7 3/4" x 7" | Ink on paper |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| Unknown | Scouts on Lookout (with binoculars)( | Remington Schuyler (1884- 1955) | n.d. | | Oil on Canvas |
| 2011.064.268 | Scouts Resting Along a Trail | Remington Schuyler (1884- 1955) | n. d. | 22 1/2" x 19 1/4" | Charcoal on paper |
| 2011.064.269 | Scouts Setting Up Camp Near a Lake | Remington Schuyler (1884- 1955) | n. d. | 6" x 6 7/8" | Ink on paper |
| 2011.064.270 | Scouts Sitting in Front of a Teepee | Remington Schuyler (1884- 1955) | n. d. | 8" x 8" | Ink on paper |
| 2011.064.271 | Scouts Swimming and Diving | Remington Schuyler (1884- 1955) | n. d. | 7 1/2" x 7 1/2" | Ink on paper |
| 2011.064.272 | Scouts Washing Up at Camp | Remington Schuyler (1884- 1955) | n. d. | 9 3/8" x 8 1/4" | Ink on paper |
| 2011.064.273 | Scouts Welcoming a New Member | Remington Schuyler (1884- 1955) | n. d. | 9 1/2" x 7" | Ink on paper |
| 2011.064.248 | Sitting Scouts Dressed as Native Americans | Remington Schuyler (1884- 1955) | n. d. | 7 3/4" x 7 3/4" | Ink on paper |
| 2011.064.274 | The Second Class Requirements | Remington Schuyler (1884- 1955) | n. d. | 11 1/2" x 6 5/8" | Ink on paper |
| 2011.064.275 | The Tenderfoot Requirements | Remington Schuyler (1884- 1955) | n. d. | 11 1/4" x 6 5/8" | Ink on paper |
| 2011.064.276 | Tippy | Remington Schuyler (1884- 1955) | n. d. | 12" x 15 5/8" | Ink on jointed irregular paper |
| 2011.064.277 | Two Scouts at Picketburg Sign Post | Remington Schuyler (1884- 1955) | n. d. | 15" x 14" | Ink on paper |
| 2011.064.207 | Portrait of Gale F. Johnson (Johnston?) | Robert "Bob" Kovacs (Contemporary) | 1966 | 24" x 20" | Oil on canvas |
| 2011.064.208 | Portrait of J. F. Kennedy in Scout Uniform | Robert "Bob" Kovacs (Contemporary) | 1966 | 34" x 29 1/2" | Acrylic on rawhide |
| 2011.064.209 | Portrait of Joseph A. Burton, Jr. | Robert "Bob" Kovacs (Contemporary) | 1967 | 30" x 24" | Oil on canvas |
| 2011.064.210 | Portrait of Lady Baden-Powell | Robert "Bob" Kovacs (Contemporary) | 1967 | 24" x 20" | Oil on canvas |
| 2011.064.219 | The Boy Scout | Robert Tait McKenzie (1867- 1938) | 1937 | 73" high | Cast bronze sculpture with brown patina |
| 1992.060.001 -.004 | "Four Season" portfolio | Rockwell, Norman (1894-1978) | 1976 | 13 1/2" x 13 1/4" | Lithograph |
| 2011.064.001 | A Daily Good Turn | Rockwell, Norman (1894-1978) | 1918 | 30.25 x 22.25" | Oil on canvas |
| 2011.064.036 | A Good Sign All Over the World | Rockwell, Norman (1894-1978) | 1961 | 29" x 25" | Oil on relined canvas |
| 2011.064.005 | A Good Turn | Rockwell, Norman (1894-1978) | 1924 | 32.125 x 27.125" | Oil on relined canvas |
| 2011.064.038 | A Great Moment | Rockwell, Norman (1894-1978) | 1963 | 43 1/4" x 35 x 1/4" | Oil on canvas |
| 2011.064.017 | A Guiding Hand | Rockwell, Norman (1894-1978) | 1944 | 38 x 29.125" | Oil on canvas |
| 2011.064.013 | A Scout is Friendly | Rockwell, Norman (1894-1978) | 1941 | 33 x 22" | Oil on relined canvas |
| 2011.064.006 | A Scout is Loyal | Rockwell, Norman (1894-1978) | 1930 | 44 x 34" | Oil on relined canvas |
| 2011.064.024 | A Scout is Reverent | Rockwell, Norman (1894-1978) | 1952 | 28 x 22" | Oil on canvas |
| 2011.064.016 | All Together | Rockwell, Norman (1894-1978) | 1945 | 30 x 24" | Oil on canvas |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.011 | America Builds for Tomorrow | Rockwell, Norman (1894-1978) | 1936 | 34 x 25" | Oil on relined canvas |
| 2011.064.045 | America's Manpower Begins with Boypower | Rockwell, Norman (1894-1978) | 1969 | 34" x 26" | Oil on canvas |
| 2011.064.042 | Beyond the Easel | Rockwell, Norman (1894-1978) | 1967 | 29 1/4" x 27" | Oil on canvas |
| 2011.064.029 | Boy and Dogs, New Puppies | Rockwell, Norman (1894-1978) | 1956 | 27 1/4" x 25 1/4" | Oil on canvas |
| 2011.064.031 | Boy Scout Hiking | Rockwell, Norman (1894-1978) | 1957 | 35 1/4" x 21" | Oil on canvas |
| 2011.064.051 | Boy Scouts Pledging 60th Boy's Life | Rockwell, Norman (1894-1978) | c. 1968 | 13" x 12" | oil on canvas |
| 2011.064.052 | Boypower, Manpower | Rockwell, Norman (1894-1978) | 1970 | 24" x 24" | charcoal on paper |
| 2011.064.040 | Breakthrough for Freedom | Rockwell, Norman (1894-1978) | 1965 | 23 x 18" | Oil on canvas |
| 2011.064.035 | Can't Wait | Rockwell, Norman (1894-1978) | 1970 | 39" x 29" | Oil on canvas |
| 2011.064.057 | Can't Wait | Rockwell, Norman (1894-1978) | 1960 | 23 1/2" x 18 3/4" with margins | colour lithograph |
| 2011.064.007 | Carry On | Rockwell, Norman (1894-1978) | 1932 | 45 x 31 1/2" | Oil on relined canvas |
| 2011.064.043 | Come and Get It | Rockwell, Norman (1894-1978) | 1968 | 37 1/4" x 31 1/4" | Oil on canvas |
| 2011.064.032 | Ever Onward | Rockwell, Norman (1894-1978) | 1958 | 37" x 29 1/8" | Oil on relined canvas |
| 2011.064.021 | Forward America | Rockwell, Norman (1894-1978) | 1949 | 46.5 x 36.125" | Oil on canvas |
| 2011.064.019 | Friend in Need | Rockwell, Norman (1894-1978) | 1947 | 38 x 19.125" | Oil on canvas |
| 2011.064.046 | From Concord to Tranquility | Rockwell, Norman (1894-1978) | 1971 | 26 1/2" x 21 1/4" | Oil on canvas |
| 2011.064.039 | Growth of a Leader | Rockwell, Norman (1894-1978) | 1964 | 30 1/4" x 23 1/4" | Oil on relined canvas |
| 2011.064.027 | High Adventure at Philmont | Rockwell, Norman (1894-1978) | 1955 | 52 1/2' x 44 1/4" | Oil on relined canvas |
| 2011.064.033 | Homecoming | Rockwell, Norman (1894-1978) | 1959 | 44" x 33" | Oil on relined canvas |
| 2011.064.015 | I Will Do My Best | Rockwell, Norman (1894-1978) | 1943 | 39 x 28" | Oil on canvas |
| 2011.064.044 | Irving Feist | Rockwell, Norman (1894-1978) | 1969 | 20" x 16" | Oil on masonite |
| 2011.064.018 | Men of Tomorrow | Rockwell, Norman (1894-1978) | 1946 | 37 x 29" | Oil on canvas |
| 2011.064.028 | Mighty Proud | Rockwell, Norman (1894-1978) | 1956 | 30 1/4" x 25" | Oil on canvas |
| 2011.064.023 | On My Honor | Rockwell, Norman (1894-1978) | 1951 | 46 x 34" | Oil on canvas |
| 2011.064.008 | On to Washington | Rockwell, Norman (1894-1978) | c. 1933 | 30.125 x 24.125" | Oil on relined canvas |

14

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.020 | Our Heritage | Rockwell, Norman (1894-1978) | 1948 | 42.125 x 32.125" | Oil on canvas |
| 2011.064.034 | Pointing the Way | Rockwell, Norman (1894-1978) | 1960 | 37 1/2" x 28 3/4" | Oil on relined canvas |
| 2011.064.002 | Red Cross Man in the Making (A Good Scout) (A Scout is Kind) | Rockwell, Norman (1894-1978) | 1916 | 30 x 22" | Oil on canvas |
| 2011.064.041 | Scouting is Outing | Rockwell, Norman (1894-1978) | 1966 | 26 1/8" x 21" | Oil on canvas |
| 2011.064.003 | Scouting Makes Real Men Out of Boys (Some Day This May Save An Army) | Rockwell, Norman (1894-1978) | 1916 | 30.125 x 22.125" | Oil on canvas |
| 2011.064.010 | Scouts of Many Trails | Rockwell, Norman (1894-1978) | 1936 | 40.5 x 28.5" | Oil on relined canvas |
| 2011.064.004 | Straight Talks from the Scoutmaster | Rockwell, Norman (1894-1978) | 1923 | 30.125 x 22.125" | Oil on relined canvas |
| 1993.049.001 | Study for "The Scoutmaster" | Rockwell, Norman (1894-1978) | 1956 | 12 1/4" x 10" | Oil on posterboard with inscription on mat |
| 2011.064.056 | Study for Grandma's Recipe | Rockwell, Norman (1894-1978) | n. d. | 11" x 9 1/2 | oil on paper |
| 2011.064.048 | Study for Spirit of America | Rockwell, Norman (1894-1978) | c. 1928 | 17" x 10 7/8" | pencil on paper |
| 2011.064.050 | Study for The Spirit of 1976 | Rockwell, Norman (1894-1978) | 1974 | 14" x 10 1/2" | oil on paper |
| 2011.064.049 | Study for Washington or International Scouting | Rockwell, Norman (1894-1978) | c. 1933 | 13" x 10" | oil on paper |
| 2011.064.053 | Study for We Thank Thee, O'Lord | Rockwell, Norman (1894-1978) | 1972 | 1 1/2" x 9" | oil on canvas mounted to board with reverse oil on glass |
| 2011.064.055 | Study for Weapons for Liberty | Rockwell, Norman (1894-1978) | n. d. | 11" x 8" | oil on paper |
| 2011.064.022 | The Adventure Trail | Rockwell, Norman (1894-1978) | 1950 | 36 x 27.25" | Oil on canvas |
| 2011.064.009 | The Campfire Story | Rockwell, Norman (1894-1978) | 1934 | 32.125 x 24.125" | Oil on canvas |
| 2011.064.025 | The Right Way | Rockwell, Norman (1894-1978) | 1953 | 36 x 30" | Oil on canvas |
| 2011.064.012 | The Scouting Trail | Rockwell, Norman (1894-1978) | 1937 | 26 x 20" | Oil on relined canvas |
| 2011.064.026 | The Scoutmaster | Rockwell, Norman (1894-1978) | 1954 | 45x36" | Oil on canvas |
| 2011.064.037 | To Keep Myself Physically Strong | Rockwell, Norman (1894-1978) | 1962 | 35 1/4" x 29 1/4" | Oil on relined canvas |
| 2011.064.030 | Tomorrow's Leader | Rockwell, Norman (1894-1978) | 1957 | 40" x 34 1/8" | Oil on relined canvas |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.047 | We Thank Thee, O'Lord | Rockwell, Norman (1894-1978) | 1972 | 34 1/2" x 27 1/2" | Oil on canvas mounted to board |
| 2011.064.054 | We Thank Thee, O'Lord, study | Rockwell, Norman (1894-1978) | 1972 | 30 3/4" x 24 3/4" | charcoal on paper |
| 2011.064.014 | We, Too, Have A Job To Do | Rockwell, Norman (1894-1978) | 1942 | 32 x 21" | Oil on relined canvas |
| 2011.064.233 | Untitled from the "Health, Safety, and First Aid" series | Ruth Pisano (Contemporary) | n. d. | 25 1/2" x 40" | Pastel on paper |
| 2011.064.235 | Untitled from the "Health, Safety, and First Aid" series | Ruth Pisano (Contemporary) | n. d. | 25 1/2" x 30 1/2" | Pastel on paper |
| 2011.064.236 | Untitled from the "Health, Safety, and First Aid" series | Ruth Pisano (Contemporary) | n. d. | 28 1/2" x 31" | Pastel on paper |
| 2011.064.237 | Untitled from the "Health, Safety, and First Aid" series | Ruth Pisano (Contemporary) | n. d. | 25 1/2" x 32" | Pastel on paper |
| 2011.064.232 | Untitled from the "Health, Safety, and First Aid" series | Ruth Pisano (Contemporary) | n. d. | 24 1/2" x 21 1/2" | Pastel on paper |
| 2011.064.234 | Untitled from the "Health, Safety, and First Aid" series | Ruth Pisano (Contemporary) | n. d. | 19 1/2" x 24 1/2" | Pastel on paper |
| Unknown | Scouts | S. Johnson | n.d. | | Color Pencil on Paper |
| 2011.064.313 | James West | S. Posie Wood (Contemporary) | n. d. | 7 7/8" x 5 7/8" with margin | Mono- toned etching |
| 2011.064.185 | Monk and Jester | Salvatore Frangiamore (1853- 1915) | 1885 | 28" x 18" | Watercolour on paper |
| 2011.064.218 | Public Attention | Shaw McCutcheon (Contemporary) | 1969 | 18" x 14 1/2" | Ink on paper |
| 2011.064.285 / 1998.118 | Trail to Eagle | Ted Summers (Contemporary) | 1950s | 24" x 50" | |
| 2011.064.294 | Boy Scouts of America, Region Eight | Tricomi (Contemporary) | 1972 | 16" x 20" | Oil on canvas |
| 2011.064.297 | Boy Scouts of America, Region Eleven | Tricomi (Contemporary) | 1972 | 16" x 20" | Oil on canvas |
| 2011.064.291 | Boy Scouts of America, Region Five | Tricomi (Contemporary) | 1972 | 16" x 20" | Oil on canvas |
| 2011.064.290 | Boy Scouts of America, Region Four | Tricomi (Contemporary) | 1972 | 16" x 20" | Oil on canvas |
| 2011.064.295 | Boy Scouts of America, Region Nine | Tricomi (Contemporary) | 1972 | 16" x 20" | Oil on canvas |
| 2011.064.287 | Boy Scouts of America, Region One | Tricomi (Contemporary) | 1972 | 20" x 16" | Oil on canvas |
| 2011.064.293 | Boy Scouts of America, Region Seven | Tricomi (Contemporary) | 1972 | 20" x 16" | Oil on canvas |
| 2011.064.292 | Boy Scouts of America, Region Six | Tricomi (Contemporary) | 1972 | 20" x 16" | Oil on canvas |
| 2011.064.296 | Boy Scouts of America, Region Ten | Tricomi (Contemporary) | 1972 | 16" x 20" | Oil on canvas |
| 2011.064.289 | Boy Scouts of America, Region Three | Tricomi (Contemporary) | 1972 | 20" x 16" | Oil on canvas |
| 2011.064.298 | Boy Scouts of America, Region Twelve | Tricomi (Contemporary) | 1972 | 16" x 20" | Oil on canvas |

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.288 | Boy Scouts of America, Region Two | Tricomi (Contemporary) | 1972 | 20" x 16" | Oil on canvas |
| 2011.064.299 | National Conference, Order of the Arrow | Tricomi (Contemporary) | 1971 | 20" x 24" | Oil on canvas |
| Unknown | Boy Scouts | Unknown | n.d. | | Goache on Paper |
| Unknown | Boy Scouts, Camping and Cooking | Unknown | n.d. | | Oil on Paper |
| Unknown | BSA National Museum in Kentucky | Unknown | n.d. | | |
| Unknown | Character Counts with #50 Race Car | unknown | n.d. | | |
| Unknown | Cub Scout | unknown | n.d. | | Oil on Canvas |
| Unknown | Cub Scout with Rocket and Bike | Unknown | n.d. | | |
| Unknown | Cub Scouts at a Picnic | Unknown | n.d. | | Oil on Paper |
| Unknown | Elbert Fretwell Portrait | unknown | n.d. | | |
| Unknown | Portrait of Glen | Unknown | n.d. | | |
| Unknown | Scout and Scoutmaster with People Looking On | Unknown | n.d. | | |
| None | Steady at the Helm | Unknown | n.d. | | |
| None | Stephen D. Bechtel, Jr. | Unknown | 2011 | | |
| 2011.064.304 | Lord Baden Powell | Unknown (19th- 20th century) | c. 1900 | 26" x 14" | Pastel on paper |
| 2011.064.305 | Perry R. Bass | Unknown (19th- 20th century) | 1984 | 19" high with base | Cast bronze sculpture with brown patina |
| 2011.064.301 | Edward C. Joullian III | Unknown (Contemporary) | 1985 | 19 3/4" high with base | Cast bronze sculpture with brown patina |
| 2011.064.302 | Ellsworth H. Augustus | Unknown (Contemporary) | 1985 | 19 1/4" high with base | Cast bronze sculpture with brown patina |
| 2011.064.303 | George W. Pirtle | Unknown (Contemporary) | 1984 | 18 3/4" high with base | Cast bronze sculpture with brown patina |
| 2011.064.307 | Public Relations | Unknown (Contemporary) | n. d. | 11 7/8" x 8 7/8" | Ink on paper |
| 2011.064.308 | Sanford N. McDonnel | Unknown (Contemporary) | 1985 | 21" high with base | Cast bronze sculpture with brown patina |
| Unknown | Portrait of Unknown Man | W. Scott | n.d. | | |
| 2011.064.178 | Dr. Fretwell, Donald, and Mickey | Walt Disney ( 1901- 1966) | 1944 | 26" x 26" | Pencil on paper (print?) |
| 2011.064.179 | Good Scouts | Walt Disney ( 1901- 1966) | n. d. | 15 3/8" x 13 1/8" | Ink wash on paper |

17

| OBJECT ID | TITLE | CREATOR | DATE | IMAGE SIZE | MEDIUM |
|---|---|---|---|---|---|
| 2011.064.180 / 1999.057 | Sea Scouts | Walt Disney ( 1901- 1966) | n. d. | 15 3/8" x 13 1/8" | Gouache on celluloid |
| 2011.064.203 | Boy Scouts of America, 25th Anniversary | Walter Beach Humphrey (1892- 1966) | 1935 | 30 1/4" x 26 1/4" | Oil on relined canvas |
| 2011.064.280 | National Archives | William Arthur Smith (1918- 1989) | n. d. | 38" x 35" | Oil on canvas |
| Unknown | Portrait of Mortimer Schiff | Wilson | n.d. | | Oil on Canvas |
| 2011.064.229 | Scout with English Sailor | Z. P. Nikolaki (Contemporary) | n. d. | 30" x 23" | Mixed media on unstretched canvas |

18

## SCHEDULE 2

## BSA INSURANCE POLICIES

# BSA INSURANCE POLICIES

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Insurance Company of North America | Unknown | 1/1/1935 | 1/1/1936 |
| Insurance Company of North America | Unknown | 1/1/1936 | 1/1/1937 |
| Insurance Company of North America | Unknown | 1/1/1937 | 1/1/1938 |
| Insurance Company of North America | Unknown | 1/1/1938 | 1/1/1939 |
| Insurance Company of North America | Unknown | 1/1/1939 | 1/1/1940 |
| Insurance Company of North America | Unknown | 1/1/1940 | 1/1/1941 |
| Insurance Company of North America | Unknown | 1/1/1941 | 1/1/1942 |
| Insurance Company of North America | Unknown | 1/1/1942 | 1/1/1943 |
| Insurance Company of North America | Unknown | 1/1/1943 | 1/1/1944 |
| Insurance Company of North America | Unknown | 1/1/1944 | 1/1/1945 |
| Insurance Company of North America | Unknown | 1/1/1945 | 1/1/1946 |
| Insurance Company of North America | Unknown | 1/1/1946 | 1/1/1947 |
| Insurance Company of North America | Unknown | 1/1/1947 | 1/1/1948 |
| Insurance Company of North America | Unknown | 1/1/1948 | 1/1/1949 |
| Insurance Company of North America | Unknown | 1/1/1949 | 1/1/1950 |
| Insurance Company of North America | Unknown | 1/1/1950 | 1/1/1951 |
| Insurance Company of North America | CGL23729 | 1/1/1951 | 1/1/1952 |
| Insurance Company of North America | Unknown | 1/1/1952 | 1/1/1953 |
| Insurance Company of North America | Unknown | 1/1/1953 | 1/1/1954 |
| Insurance Company of North America | 9CGL41300 | 1/1/1954 | 1/1/1955 |
| Insurance Company of North America | Unknown | 1/1/1955 | 1/1/1956 |
| Insurance Company of North America | 9CGL 41300 | 1/1/1956 | 1/1/1957 |
| Insurance Company of North America | Unknown | 1/1/1957 | 1/1/1958 |
| Insurance Company of North America | CGL97448 | 1/1/1958 | 1/1/1959 |
| Insurance Company of North America | 9CGL 114 960 | 1/1/1959 | 1/1/1960 |
| Insurance Company of North America | CGL 122620 | 1/1/1960 | 1/1/1961 |
| Insurance Company of North America | CGL 121944 | 1/1/1960 | 1/1/1961 |
| Insurance Company of North America | CGL175782 | 1/1/1961 | 2/1/1961 |
| Insurance Company of North America | CGL175782 | 2/1/1961 | 1/1/1962 |
| Insurance Company of North America | CGL 19 18 36 | 1/1/1962 | 1/1/1963 |
| Insurance Company of North America | CGL 20 46 80 | 1/1/1963 | 1/1/1964 |
| Insurance Company of North America | CGL 21 29 22 | 1/1/1964 | 1/1/1965 |
| Insurance Company of North America | CGL 23 24 70 | 1/1/1965 | 1/1/1966 |
| Insurance Company of North America | CGL 24 88 96 | 1/1/1966 | 1/1/1967 |
| Insurance Company of North America | GLP11200 | 1/1/1967 | 1/1/1968 |
| Insurance Company of North America | GLP15 12 11 | 1/1/1968 | 1/1/1969 |
| Insurance Company of North America | GLP 16 09 81 | 1/1/1969 | 1/1/1970 |
| Insurance Company of North America | XBC43198 | 3/26/1969 | 1/1/1970 |
| Insurance Company of North America | BLB 51323 | 1/1/1970 | 1/1/1971 |
| Insurance Company of North America | XBC 77302 | 1/1/1970 | 1/1/1971 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Insurance Company of North America | BLB 51323 | 1/1/1971 | 1/1/1972 |
| Insurance Company of North America | XBC85370 | 1/1/1971 | 5/3/1971 |
| Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 |
| Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 |
| Hartford Accident and Indemnity Company | 10CA43304 | 1/1/1972 | 1/1/1973 |
| Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 |
| Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 |
| Hartford Accident and Indemnity Company | 10HUA43303 | 5/1/1972 | 5/1/1973 |
| Argonaut Insurance Company | UL71286000088 | 5/1/1972 | 5/1/1973 |
| Hartford Accident and Indemnity Company | 10CA43304 | 1/1/1973 | 1/1/1974 |
| Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 |
| Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 |
| Hartford Accident and Indemnity Company | 10HUA43303 | 5/1/1973 | 5/1/1974 |
| Argonaut Insurance Company | UL 71-298-000088 | 5/1/1973 | 5/1/1974 |
| Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 |
| Hartford Accident and Indemnity Company | 10CA43324 | 1/1/1974 | 1/1/1975 |
| Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 |
| Hartford Accident and Indemnity Company | 10HUA43335 | 5/1/1974 | 1/1/1975 |
| Argonaut Insurance Company | UL 71-298-000088 | 5/1/1974 | 1/1/1975 |
| Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 |
| National Union Fire Insurance Company of Pittsburgh, PA | BE1140592 | 1/1/1975 | 1/1/1976 |
| Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 |
| National Union Fire Insurance Company of Pittsburgh, PA | BE 115 15 59 | 1/1/1976 | 1/1/1977 |
| American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 |
| London Market | 76-10-08-02 | 9/17/1976 | 9/17/1979 |
| Hartford Accident and Indemnity Company | 10CA43359E | 1/1/1977 | 1/1/1978 |
| Hartford Accident and Indemnity Company | 10JPA43360E | 1/1/1977 | 1/1/1978 |
| National Union Fire Insurance Company of Pittsburgh, PA | BE 121 82 55 | 1/1/1977 | 1/1/1978 |
| American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 |
| Insurance Company of North America | GLP 70 64 52 | 1/1/1978 | 1/1/1979 |
| National Union Fire Insurance Company of Pittsburgh, PA | CE 115 77 77 | 1/1/1978 | 1/1/1979 |
| First State Insurance Company | 908954 | 1/1/1978 | 1/1/1979 |
| Insurance Company of North America | GLP 70 64 52 | 1/1/1979 | 1/1/1980 |
| Insurance Company of North America | XBC 151748 | 1/1/1979 | 1/1/1980 |
| Aetna Casualty and Surety Company | 01 XN 2046 WCA | 1/1/1979 | 1/1/1980 |
| First State Insurance Company | 927616 | 1/1/1979 | 1/1/1980 |
| Insurance Company of North America | GLP 70 64 52 | 1/1/1980 | 1/1/1981 |
| Allianz Insurance Company | UMB 599346 | 1/1/1980 | 1/1/1981 |
| Aetna Casualty and Surety Company | 01 XN 2438 WCA | 1/1/1980 | 1/1/1981 |
| Insurance Company of North America | ISL1353 | 1/1/1981 | 1/1/1982 |
| Transit Casualty Company | UMB964076 | 1/1/1981 | 1/1/1982 |
| First State Insurance Company | 931255 | 1/1/1981 | 1/1/1982 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| London Market | 931255A | 1/1/1981 | 1/1/1982 |
| First State Insurance Company | 931257 | 1/1/1981 | 1/1/1982 |
| London Market | 931257A | 1/1/1981 | 1/1/1982 |
| Insurance Company of North America | ISL1364 | 1/1/1982 | 1/1/1983 |
| Twin City Fire Insurance Company | TXU 100325 | 1/1/1982 | 1/1/1983 |
| First State Insurance Company | 931255 | 1/1/1982 | 1/1/1983 |
| London Market | 931255A | 1/1/1982 | 1/1/1983 |
| First State Insurance Company | 931257 | 1/1/1982 | 1/1/1983 |
| London Market | 931257A | 1/1/1982 | 1/1/1983 |
| Insurance Company of North America | XCP 144961 | 11/17/1982 | 1/1/1984 |
| Insurance Company of North America | ISL G0 28 34 57-1 | 1/1/1983 | 1/1/1984 |
| Insurance Company of North America | XCP144965 | 1/1/1983 | 1/1/1984 |
| Insurance Company of North America | XCP 144966 | 1/1/1983 | 1/1/1984 |
| National Surety Corporation | XLX-148 43 09 | 1/1/1983 | 1/1/1984 |
| Insurance Company of North America | ISL G0 29 31 72 2 | 1/1/1984 | 1/1/1985 |
| Mission National Insurance Company | MN 02 79 69 | 1/1/1984 | 1/1/1985 |
| Insurance Company of North America | XCP 145365 | 1/1/1984 | 1/1/1985 |
| National Surety Corporation | XLX1484392 | 1/1/1984 | 1/1/1985 |
| Insurance Company of North America | XCP 145366 | 1/1/1984 | 1/1/1985 |
| Insurance Company of North America | ISL G0 29 31 72 2 | 12/31/1984 | 12/31/1985 |
| Mission National Insurance Company | MN 045730 | 1/1/1985 | 1/1/1986 |
| Landmark Insurance Company | FE4002136 | 1/1/1985 | 1/1/1986 |
| Columbia Casualty Company | RDX 917 64 99 | 1/1/1985 | 3/1/1986 |
| Insurance Company of North America | XCP 144232 | 1/1/1985 | 1/1/1986 |
| Highlands Insurance Company | SR 51238 | 1/1/1985 | 1/1/1986 |
| Federal Insurance Company | (86) 7928-83-37 | 1/1/1985 | 3/1/1986 |
| International Insurance Company | 522 048501 | 1/1/1985 | 3/1/1986 |
| Royal Indemnity Company | ED 103126 | 1/1/1985 | 3/1/1986 |
| Insurance Company of North America | ISL G0 29 31 72 2 | 12/31/1985 | 3/1/1986 |
| Insurance Company of North America | ISG GO 293149-7 | 1/1/1986 | 3/1/1986 |
| Landmark Insurance Company | FE4002136 | 1/1/1986 | 3/1/1986 |
| Insurance Company of North America | XCP 144232 | 1/1/1986 | 3/1/1986 |
| Highlands Insurance Company | SR 51497 | 1/1/1986 | 3/1/1986 |
| Unknown | Unknown | 1/1/1986 | 3/1/1986 |
| Insurance Company of North America | ISL G0 293184-9 | 3/1/1986 | 3/1/1987 |
| U.S. Fire Insurance Company | 523 425440 7 | 3/1/1986 | 3/1/1987 |
| Utica Mutual Ins. Company | 10272 | 3/1/1986 | 3/1/1987 |
| National Union Fire Insurance Company of Pittsburgh, PA | 9607508 | 3/1/1986 | 3/1/1987 |
| Pacific Employers Ins. Company | XCC 001154 | 4/1/1986 | 3/1/1987 |
| Harbor Insurance Company | HI 218373 | 5/20/1986 | 3/1/1987 |
| St. Paul Surplus Lines Insurance Company | LCO 55 17312 | 5/28/1986 | 3/1/1987 |
| Chubb Custom Insurance Company | 7931-00-02 | 6/3/1986 | 3/1/1987 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA | 9601862 | 6/3/1986 | 3/1/1987 |
| Insurance Company of North America | ISL G0 997957 8 | 3/1/1987 | 3/1/1988 |
| Insurance Company of North America | ISG GO 81 65 36-1 | 3/1/1987 | 3/1/1988 |
| U.S. Fire Insurance Company | 522 065060 1 | 3/1/1987 | 3/1/1988 |
| St. Paul Surplus Lines Insurance Company | LCO 55 18254 | 3/1/1987 | 3/1/1988 |
| National Union Fire Insurance Company of Pittsburgh, PA | 9601888 | 3/1/1987 | 3/1/1988 |
| Lexington Insurance Company | 5529760 | 3/1/1987 | 3/1/1988 |
| Insurance Company of North America | XCP-GO-816538-5 | 3/1/1987 | 3/1/1988 |
| Insurance Company of North America | HDO-G1-136741-0 | 3/1/1988 | 3/1/1989 |
| Insurance Company of North America | CAO G1 135164-5 | 3/1/1988 | 3/1/1989 |
| U.S. Fire Insurance Company | 531-200-352-6 | 3/1/1988 | 3/1/1989 |
| St. Paul Surplus Lines Insurance Company | LCO 55 19006 | 3/1/1988 | 3/1/1989 |
| Planet Ins. Company | NV 1253834 | 3/1/1988 | 3/1/1989 |
| Lexington Insurance Company | 556-6184 | 3/1/1988 | 3/1/1989 |
| Insurance Company of North America | XCPG1-135165-7 | 3/1/1988 | 3/1/1989 |
| First State Insurance Company | EU 006921 | 3/1/1988 | 3/1/1989 |
| Federal Insurance Company | (89) 7907-8617 | 3/1/1988 | 3/1/1989 |
| Insurance Company of North America | HDO-G1-136741-0 | 3/1/1989 | 3/1/1990 |
| Insurance Company of North America | CAO G1 135164-5 | 3/1/1989 | 3/1/1990 |
| U.S. Fire Insurance Company | 531-201-602-7 | 3/1/1989 | 3/1/1990 |
| National Union Fire Insurance Company of Pittsburgh, PA | 960-75-95 | 3/1/1989 | 3/1/1990 |
| St. Paul Surplus Lines Insurance Company | LCO5519547 | 3/1/1989 | 3/1/1990 |
| Royal Indemnity Company | RHA000409 | 3/1/1989 | 3/1/1990 |
| Lexington Insurance Company | 556-7563 | 3/1/1989 | 3/1/1990 |
| American Zurich Insurance Company | CEO 6371780-00 | 3/1/1989 | 3/1/1990 |
| Planet Ins. Company | NUA 149419100 | 3/1/1989 | 3/1/1990 |
| Federal Insurance Company | (90)7907 86 17 | 3/1/1989 | 3/1/1990 |
| Insurance Company of North America | HDO-G1-075409-4 | 3/1/1990 | 3/1/1991 |
| Insurance Company of North America | CAO G1 075410-0 | 3/1/1990 | 3/1/1991 |
| International Insurance Company | 531-202912-2 | 3/1/1990 | 3/1/1991 |
| General Star Indemnity Company | NEX036306 | 3/1/1990 | 3/1/1991 |
| Industrial Insurance Company of Hawaii | JE 910 7188 | 3/1/1990 | 3/1/1991 |
| Royal Indemnity Company | RHA4001621 | 3/1/1990 | 3/1/1991 |
| Lexington Insurance Company | 556-9527 | 3/1/1990 | 3/1/1991 |
| Insurance Company of the State of Pennsylvania (The) | 4290-2158 | 3/1/1990 | 3/1/1991 |
| Planet Ins. Company | NUA 149419101 | 3/1/1990 | 3/1/1991 |
| Federal Insurance Company | (91)7907 86 17 | 3/1/1990 | 3/1/1991 |
| Niagara Fire Insurance Company | ERX-000 387 | 10/19/1990 | 3/1/1991 |
| Federal Insurance Company | (91)7929-52-34 | 10/19/1990 | 3/1/1991 |
| Gulf Insurance Company | GFE-536 22 31 | 10/19/1990 | 3/1/1991 |
| National Surety Corporation | XXK-211 24 33 | 10/19/1990 | 3/1/1991 |
| Insurance Company of North America | HDO G1 07 54 47-1 | 3/1/1991 | 3/1/1992 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Insurance Company of North America | CAO G1 075448-3 | 3/1/1991 | 3/1/1992 |
| International Insurance Company | 531-204182-1 | 3/1/1991 | 3/1/1992 |
| Industrial Indemnity | JE9108935 | 3/1/1991 | 3/1/1992 |
| Lexington Insurance Company | 8653405 | 3/1/1991 | 3/1/1992 |
| Niagara Fire Insurance Company | HXU 001040 | 3/1/1991 | 3/1/1992 |
| Planet Ins. Company | NUA 149419102 | 3/1/1991 | 3/1/1992 |
| Federal Insurance Company | (92) 7907 86 17 | 3/1/1991 | 3/1/1992 |
| Gulf Insurance Company | GFE 536 23 96 | 3/1/1991 | 3/1/1992 |
| National Surety Corporation | XXK-217 83 02 | 3/1/1991 | 3/1/1992 |
| Insurance Company of North America | HDO G1 549654-A | 3/1/1992 | 3/1/1993 |
| Insurance Company of North America | CAO-G1-549655-1 | 3/1/1992 | 3/1/1993 |
| International Insurance Company | 531-205301-7 | 3/1/1992 | 3/1/1993 |
| General Star Indemnity Company | IXG-307138 | 3/1/1992 | 3/1/1993 |
| Lexington Insurance Company | 8654653 | 3/1/1992 | 3/1/1993 |
| Niagara Fire Insurance Company | HXU-001209 | 3/1/1992 | 3/1/1993 |
| California Union Insurance Company | ZCX 02 00 25 | 3/1/1992 | 3/1/1993 |
| Federal Insurance Company | (93) 7907-86-17 | 3/1/1992 | 3/1/1993 |
| Gulf Insurance Company | GFE-5450026 | 3/1/1992 | 3/1/1993 |
| National Surety Corporation | XXK-217 50 18 | 3/1/1992 | 3/1/1993 |
| Insurance Company of North America | HDO G1 549727-0 | 3/1/1993 | 3/1/1994 |
| Insurance Company of North America | CAO-G1-5497701 | 3/1/1993 | 3/1/1994 |
| St. Paul Surplus Lines Insurance Company | LCO 55 2117 | 3/1/1993 | 3/1/1994 |
| General Star Indemnity Company | IXG-307138A | 3/1/1993 | 3/1/1994 |
| Lexington Insurance Company | 866-7104 | 3/1/1993 | 3/1/1994 |
| Niagara Fire Insurance Company | HXU 001262 | 3/1/1993 | 3/1/1994 |
| Agricultural Insurance Company | EXC-794-74-14-00 | 3/1/1993 | 3/1/1994 |
| Federal Insurance Company | (94) 7907-86-17 | 3/1/1993 | 3/1/1994 |
| National Surety Corporation | XXK-000-1462-6451 | 3/1/1993 | 3/1/1994 |
| Insurance Company of North America | HDO G1 549769-5 | 3/1/1994 | 3/1/1995 |
| Insurance Company of North America | CAO G1 549770-1 | 3/1/1994 | 3/1/1995 |
| St. Paul Surplus Lines Insurance Company | LCO 55 21644 | 3/1/1994 | 3/1/1996 |
| General Star Indemnity Company | IXG-307138B | 3/1/1994 | 3/1/1995 |
| St. Paul Surplus Lines Insurance Company | LCO 55 21645 | 3/1/1994 | 3/1/1995 |
| Niagara Fire Insurance Company | HXU 001319 | 3/1/1994 | 3/1/1995 |
| Agricultural Insurance Company | EXC-7636343 | 3/1/1994 | 3/1/1995 |
| Texas Pacific Indemnity Company | (95) 7907-86-17 | 3/1/1994 | 3/1/1995 |
| National Surety Corporation | XXK00065650605 | 3/1/1994 | 3/1/1995 |
| Indemnity Insurance Company of North America | HDO G1 54 98 13 4 | 3/1/1995 | 3/1/1996 |
| Indemnity Insurance Company of North America | CAO G1 549814 6 | 3/1/1995 | 3/1/1996 |
| General Star Indemnity Company | IXG-307138C | 3/1/1995 | 3/1/1996 |
| St. Paul Surplus Lines Insurance Company | LCO 55 23054 | 3/1/1995 | 3/1/1996 |
| Niagara Fire Insurance Company | HXU 001363 | 3/1/1995 | 3/1/1996 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Agricultural Insurance Company | EXC 878-39-32-00 | 3/1/1995 | 3/1/1996 |
| Texas Pacific Indemnity Company | (96) 7907-86-17 | 3/1/1995 | 3/1/1996 |
| National Surety Corporation | XXK-000-9534-9775 | 3/1/1995 | 3/1/1996 |
| Liberty Mutual Insurance Company | TB1-191-409751-126 | 3/1/1996 | 3/1/1997 |
| Liberty Mutual Insurance Company | TH1-191-409751-116 | 3/1/1996 | 3/1/1997 |
| St. Paul Surplus Lines Insurance Company | LC0 55 24186 | 3/1/1996 | 3/1/1997 |
| American Zurich Insurance Company | AUO-3657270-00 | 3/1/1996 | 3/1/1997 |
| National Surety Corporation | CSR-283-95-07 | 3/1/1996 | 3/1/1997 |
| St. Paul Surplus Lines Insurance Company | LC0 55 24187 | 3/1/1996 | 3/1/1997 |
| Continental Insurance Company | 157334179 | 3/1/1996 | 3/1/1997 |
| Agricultural Insurance Company | EXC-878-0969 | 3/1/1996 | 3/1/1997 |
| Texas Pacific Indemnity Company | (97) 7907-86-17 RMG | 3/1/1996 | 3/1/1997 |
| Texas Pacific Indemnity Company | (97) 7907-86-17 CAS | 3/1/1996 | 3/1/1997 |
| National Surety Corporation | XXK-000-9551-6738 | 3/1/1996 | 3/1/1997 |
| American Excess Insurance Association | HR000105096 | 3/1/1996 | 3/1/1997 |
| Liberty Mutual Insurance Company | TB1-191-409751-127 | 3/1/1997 | 3/1/1998 |
| Liberty Mutual Insurance Company | TH1-191-409751-117 | 3/1/1997 | 3/1/1998 |
| St. Paul Surplus Lines Insurance Company | LC0 55 24948 | 3/1/1997 | 3/1/1998 |
| American Zurich Insurance Company | AUO 3657270-01 | 3/1/1997 | 3/1/1998 |
| Texas Pacific Indemnity Company | (98) 7907-86-17 CAS | 3/1/1997 | 3/1/1998 |
| National Union Fire Insurance Company of Pittsburgh, PA | 310 27 29 | 3/1/1997 | 3/1/1998 |
| XL Insurance (Bermuda) Limited | XLUMB-02391 | 3/1/1997 | 3/1/1998 |
| Liberty Mutual Insurance Company | TB1-191-409751-128 | 3/1/1998 | 3/1/1999 |
| Liberty Mutual Insurance Company | TH1-191-409751-118 | 3/1/1998 | 3/1/1999 |
| St. Paul Surplus Lines Insurance Company | LC0 55 25809 | 3/1/1998 | 3/1/2000 |
| American Zurich Insurance Company | EUO 3657270-02 | 3/1/1998 | 3/1/1999 |
| Texas Pacific Indemnity Company | (99) 7907-86-17 | 3/1/1998 | 3/1/1999 |
| National Union Fire Insurance Company of Pittsburgh, PA | BE 3463902 | 3/1/1998 | 3/1/1999 |
| Gulf Insurance Company | GA 6097623 | 3/1/1998 | 3/1/1999 |
| Liberty Mutual Insurance Company | TB1-191-409751-129 | 3/1/1999 | 3/1/2001 |
| Liberty Mutual Insurance Company | TH1-191-409751-119 | 3/1/1999 | 3/1/2001 |
| American Zurich Insurance Company | EUO 3657270-03 | 3/1/1999 | 3/1/2000 |
| Texas Pacific Indemnity Company | 7907-86-17 | 3/1/1999 | 3/1/2000 |
| National Union Fire Insurance Company of Pittsburgh, PA | BE 3463968 | 3/1/1999 | 3/1/2000 |
| Gulf Insurance Company | GA0283547 | 3/1/1999 | 3/1/2000 |
| Agricultural Excess & Surplus Insurance Company | ELD3211225 | 3/1/2000 | 3/1/2001 |
| American Zurich Insurance Company | EUO 3657270-03 | 3/1/2000 | 3/1/2001 |
| Texas Pacific Indemnity Company | 7907-86-17 | 3/1/2000 | 3/1/2001 |
| National Union Fire Insurance Company of Pittsburgh, PA | BE 3463968 | 3/1/2000 | 3/1/2001 |
| Gulf Insurance Company | GA0483924 | 3/1/2000 | 3/1/2001 |
| Liberty Mutual Insurance Company | TB1-191-409751-121 | 3/1/2001 | 3/1/2002 |
| Liberty Mutual Insurance Company | TH1-191-409751-111 | 3/1/2001 | 3/1/2002 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Agricultural Excess & Surplus Insurance Company | ELD3211225 | 3/1/2001 | 3/1/2002 |
| American Guarantee and Liability Insurance Company | AEC 3657270-04 | 3/1/2001 | 3/1/2002 |
| St. Paul Surplus Lines Insurance Company | QY05501051 | 3/1/2001 | 3/1/2002 |
| Federal Insurance Company | 7907-86-17 | 3/1/2001 | 3/1/2002 |
| Interstate Fire & Casualty Company | XUO-1102139 | 3/1/2001 | 3/1/2002 |
| Westchester Fire Insurance Company | HXS-648016 | 3/1/2001 | 3/1/2002 |
| Lumbermens Mutual Casualty Company | 9SR131379-00 | 3/1/2001 | 3/1/2002 |
| American Guarantee and Liability Insurance Company | AEC 9278457 00 | 3/1/2001 | 3/1/2002 |
| Gulf Insurance Company | GA0720986 | 3/1/2001 | 3/1/2002 |
| Liberty Mutual Insurance Company | TB1-191-409751-122 | 3/1/2002 | 3/1/2003 |
| Liberty Mutual Insurance Company | TH1-191-409751-112 | 3/1/2002 | 3/1/2003 |
| Agricultural Excess & Surplus Insurance Company | ELD3211225 | 3/1/2002 | 3/1/2003 |
| American Guarantee and Liability Insurance Company | AEC 3657270 05 | 3/1/2002 | 3/1/2003 |
| Insurance Company of the State of Pennsylvania (The) | 4602-2491 | 3/1/2002 | 3/1/2003 |
| Westchester Fire Insurance Company | MES-676215 | 3/1/2002 | 3/1/2003 |
| Federal Insurance Company | 7907-86-17 DAL | 3/1/2002 | 3/1/2003 |
| Allied World Assurance Company, Ltd | C000112 | 3/1/2002 | 3/1/2003 |
| Interstate Fire & Casualty Company | XUO1102274 | 3/1/2002 | 3/1/2003 |
| Westchester Fire Insurance Company | HXS-648125 | 3/1/2002 | 3/1/2003 |
| Lumbermens Mutual Casualty Company | 9SX 131379-01 | 3/1/2002 | 3/1/2003 |
| American Guarantee and Liability Insurance Company | AEC 9278457 01 | 3/1/2002 | 3/1/2003 |
| Gulf Insurance Company | GA2857739 | 3/1/2002 | 3/1/2003 |
| Liberty Mutual Insurance Company | TB1-191-409751-123 | 3/1/2003 | 3/1/2004 |
| Liberty Mutual Insurance Company | TH1-191-409751-113 | 3/1/2003 | 3/1/2004 |
| Agricultural Excess & Surplus Insurance Company | ELD3211225 | 3/1/2003 | 3/1/2004 |
| Insurance Company of the State of Pennsylvania (The) | 4603-3681 | 3/1/2003 | 3/1/2004 |
| Lexington Insurance Company | 3583189 | 3/1/2003 | 3/1/2004 |
| American Guarantee and Liability Insurance Company | AEC 3657270 06 | 3/1/2003 | 3/1/2004 |
| Clarendon America Insurance Company | XLX 39306224 | 3/1/2003 | 3/1/2004 |
| Insurance Company of the State of Pennsylvania (The) | 4603-3682 | 3/1/2003 | 3/1/2004 |
| Lexington Insurance Company | 3583190 | 3/1/2003 | 3/1/2004 |
| St. Paul Surplus Lines Insurance Company | QY05501227 | 3/1/2003 | 3/1/2004 |
| Westchester Fire Insurance Company | HXS-744263 | 3/1/2003 | 3/1/2004 |
| Interstate Fire & Casualty Company | XSO 1014504 | 3/1/2003 | 3/1/2004 |
| American Guarantee and Liability Insurance Company | AEC 9278457 02 | 3/1/2003 | 3/1/2004 |
| Gulf Insurance Company | GA1327247 | 3/1/2003 | 3/1/2004 |
| Liberty Mutual Insurance Company | TB1-191-409751-124 | 3/1/2004 | 3/1/2005 |
| Liberty Mutual Insurance Company | TH1-191-409751-114 | 3/1/2004 | 3/1/2005 |
| Agricultural Excess & Surplus Insurance Company | ELD3211225 | 3/1/2004 | 3/1/2005 |
| Clarendon America Insurance Company | XLX 00310351 | 3/1/2004 | 3/1/2005 |
| Insurance Company of the State of Pennsylvania (The) | 4604-4698 | 3/1/2004 | 3/1/2005 |
| American Guarantee and Liability Insurance Company | AEC 3657270 07 | 3/1/2004 | 3/1/2005 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Lexington Insurance Company | 3583264 | 3/1/2004 | 3/1/2005 |
| St. Paul Surplus Lines Insurance Company | QY06815029 | 3/1/2004 | 3/1/2005 |
| Westchester Fire Insurance Company | HXW-776138 | 3/1/2004 | 3/1/2005 |
| Lexington Insurance Company | 3583265 | 3/1/2004 | 3/1/2005 |
| American Guarantee and Liability Insurance Company | AEC 9278457 03 | 3/1/2004 | 3/1/2005 |
| XL Insurance (Dublin) Ltd. | XLEOCC-0488-04 | 3/1/2004 | 3/1/2005 |
| Liberty Mutual Insurance Company | TB1-191-409751-125 | 3/1/2005 | 3/1/2006 |
| Liberty Mutual Insurance Company | TH1-191-409751-115 | 3/1/2005 | 3/1/2006 |
| Agricultural Excess & Surplus Insurance Company | ELD3211225 | 3/1/2005 | 3/1/2006 |
| Clarendon America Insurance Company | XLX00311014 | 3/1/2005 | 3/1/2006 |
| Insurance Company of the State of Pennsylvania (The) | 4605-1591 | 3/1/2005 | 3/1/2006 |
| American Guarantee and Liability Insurance Company | AEC 3657270 08 | 3/1/2005 | 3/1/2006 |
| Allied World Assurance Company, Ltd | AW2154834 | 3/1/2005 | 3/1/2006 |
| Axis Speciality Insurance Company | AAU720252/01/2005 | 3/1/2005 | 3/1/2006 |
| Lexington Insurance Company | 8851123 | 3/1/2005 | 3/1/2006 |
| St. Paul Surplus Lines Insurance Company | QY06825006 | 3/1/2005 | 3/1/2006 |
| Lexington Insurance Company | 8851124 | 3/1/2005 | 3/1/2006 |
| XL Europe Limited | IE00012302LI05A | 3/1/2005 | 3/1/2006 |
| Liberty Mutual Insurance Company | TB1-191-409751-126 | 3/1/2006 | 3/1/2007 |
| Liberty Mutual Insurance Company | TH1-191-409751-116 | 3/1/2006 | 3/1/2007 |
| Traders and Pacific Insurance Company | ELD 100000951 | 3/1/2006 | 3/1/2007 |
| Insurance Company of the State of Pennsylvania (The) | 4606-2795 | 3/1/2006 | 3/1/2007 |
| Lexington Insurance Company | 6679155 | 3/1/2006 | 3/1/2007 |
| Steadfast Insurance Company | AEC 3657270 09 | 3/1/2006 | 3/1/2007 |
| Allied World Assurance Company, Ltd | AW1907934 | 3/1/2006 | 3/1/2007 |
| Axis Insurance Company | EAU720252/01/2006 | 3/1/2006 | 3/1/2007 |
| Lexington Insurance Company | 6679156 | 3/1/2006 | 3/1/2007 |
| St. Paul Surplus Lines Insurance Company | QY01225190 | 3/1/2006 | 3/1/2007 |
| Endurance American Specialty Insurance Company | ELD 100000952 | 3/1/2006 | 3/1/2007 |
| XL Europe Limited | IE00013105L106A | 3/1/2006 | 3/1/2007 |
| Liberty Mutual Insurance Company | TB1-191-409751-127 | 3/1/2007 | 3/1/2008 |
| Old Republic Insurance Company | MWZX 26633 | 3/1/2007 | 3/1/2008 |
| Endurance American Specialty Insurance Company | ELD10000334501 | 3/1/2007 | 3/1/2008 |
| Insurance Company of the State of Pennsylvania (The) | 4890463 | 3/1/2007 | 3/1/2008 |
| Lexington Insurance Company | 51134 | 3/1/2007 | 3/1/2008 |
| Axis Surplus Insurance Company | EAU720252/01/2007 | 3/1/2007 | 3/1/2008 |
| Interstate Fire & Casualty Company | HFX 1002516 | 3/1/2007 | 3/1/2008 |
| Allied World Assurance Company, Ltd | C006822002 | 3/1/2007 | 3/1/2008 |
| Everest National Insurance Company | 71G600050-071 | 3/1/2007 | 3/1/2008 |
| Lexington Insurance Company | 501135 | 3/1/2007 | 3/1/2008 |
| Endurance American Specialty Insurance Company | ELD 100003346 01 | 3/1/2007 | 3/1/2008 |
| XL Europe Limited | IE00013396L107A | 3/1/2007 | 3/1/2008 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Old Republic Insurance Company | MWZY 57807 | 3/1/2008 | 3/1/2009 |
| Old Republic Insurance Company | MWZX 26642 | 3/1/2008 | 3/1/2009 |
| Endurance American Specialty Insurance Company | ELD10000334502 | 3/1/2008 | 3/1/2009 |
| Insurance Company of the State of Pennsylvania (The) | 4890599 | 3/1/2008 | 3/1/2009 |
| Lexington Insurance Company | 1172858 | 3/1/2008 | 3/1/2009 |
| Axis Insurance Company | EAU720252012008 | 3/1/2008 | 3/1/2009 |
| Interstate Fire & Casualty Company | HFX1002550 | 3/1/2008 | 3/1/2009 |
| Allied World Assurance Company, Ltd | C009030003 | 3/1/2008 | 3/1/2009 |
| Everest National Insurance Company | 71G600050081 | 3/1/2008 | 3/1/2009 |
| Lexington Insurance Company | 1172859 | 3/1/2008 | 3/1/2009 |
| Endurance American Specialty Insurance Company | ELD10000334602 | 3/1/2008 | 3/1/2009 |
| Axis Insurance Company | EAU737684012008 | 3/1/2008 | 3/1/2009 |
| Lexington Insurance Company | 1172861 | 3/1/2008 | 3/1/2009 |
| Arch Reinsurance Ltd. | UXP0025030 | 3/1/2008 | 3/1/2009 |
| Interstate Fire & Casualty Company | HFX1002552 | 3/1/2008 | 3/1/2009 |
| Ohio Casualty Insurance Company (The) | EC00953709960 | 3/1/2008 | 3/1/2009 |
| Old Republic Insurance Company | MWZY 58122 | 3/1/2009 | 3/1/2010 |
| Old Republic Insurance Company | MWZX 26652 | 3/1/2009 | 3/1/2010 |
| Endurance American Specialty Insurance Company | ELD10000334503 | 3/1/2009 | 3/1/2010 |
| Catlin Underwriting Agencies Limited | XSC942550310 | 3/1/2009 | 3/1/2010 |
| Everest National Insurance Company | 71G000200091 | 3/1/2009 | 3/1/2010 |
| Axis Insurance Company | EAU720252/01/2009 | 3/1/2009 | 3/1/2010 |
| Interstate Fire & Casualty Company | HFX00079995585 | 3/1/2009 | 3/1/2010 |
| Allied World Assurance Company, Ltd | C009030/004 | 3/1/2009 | 3/1/2010 |
| Everest National Insurance Company | 71G6000200-091 | 3/1/2009 | 3/1/2010 |
| Endurance American Specialty Insurance Company | ELD10001240600 | 3/1/2009 | 3/1/2010 |
| Arch Reinsurance Ltd. | UXP0025030-01 | 3/1/2009 | 3/1/2010 |
| Axis Insurance Company | EAU737684/01/2009 | 3/1/2009 | 3/1/2010 |
| Interstate Fire & Casualty Company | HFX00082075581 | 3/1/2009 | 3/1/2010 |
| Ohio Casualty Insurance Company (The) | ECO(10)53709*960 | 3/1/2009 | 3/1/2010 |
| Old Republic Insurance Company | MWZY 58666 | 3/1/2010 | 3/1/2011 |
| Old Republic Insurance Company | MWZX 26667 | 3/1/2010 | 3/1/2011 |
| Endurance American Specialty Insurance Company | ELD10000334504 | 3/1/2010 | 3/1/2011 |
| Catlin Underwriting Agencies Limited | XSC942550311 | 3/1/2010 | 3/1/2011 |
| Everest National Insurance Company | 71G6000050101 | 3/1/2010 | 3/1/2011 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2010 | 3/1/2011 |
| Axis Insurance Company | EAU720252/01/2010 | 3/1/2010 | 3/1/2011 |
| Endurance American Specialty Insurance Company | ELD1000019337 | 3/1/2010 | 3/1/2011 |
| Arch Reinsurance Ltd. | UXP0025030-02 | 3/1/2010 | 3/1/2011 |
| Ohio Casualty Insurance Company (The) | ECO 11 53 70 9960 | 3/1/2010 | 3/1/2011 |
| Westchester Fire Insurance Company | G24114673001 | 3/1/2010 | 3/1/2011 |
| Old Republic Insurance Company | MWZY 59097 | 3/1/2011 | 3/1/2012 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Old Republic Insurance Company | MWZX 26702 | 3/1/2011 | 3/1/2012 |
| Endurance American Specialty Insurance Company | ELD10000334505 | 3/1/2011 | 3/1/2012 |
| Catlin Underwriting Agencies Limited | XSC-94255-0312 | 3/1/2011 | 3/1/2012 |
| Axis Insurance Company | EAU720252/01/2011 | 3/1/2011 | 3/1/2012 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2011 | 3/1/2012 |
| Axis Insurance Company | EAU758049012011 | 3/1/2011 | 3/1/2012 |
| Endurance American Specialty Insurance Company | ELD10003026000 | 3/1/2011 | 3/1/2012 |
| Arch Reinsurance Ltd. | UXP0042842 | 3/1/2011 | 3/1/2012 |
| Ohio Casualty Insurance Company (The) | ECO (12) 54 67 21 20 | 3/1/2011 | 3/1/2012 |
| Westchester Fire Insurance Company | G24114673002 | 3/1/2011 | 3/1/2012 |
| Liberty Insurance Underwriters, Inc. | EXCDA1205871 | 3/1/2011 | 3/1/2012 |
| Old Republic Insurance Company | MWZY 59555 | 3/1/2012 | 3/1/2013 |
| Old Republic Insurance Company | MWZX 26709 | 3/1/2012 | 3/1/2013 |
| Endurance American Specialty Insurance Company | ELD100003345 06 | 3/1/2012 | 3/1/2013 |
| Catlin Underwriting Agencies Limited | XSC-94255-0313 | 3/1/2012 | 3/1/2013 |
| Axis Insurance Company | EAU720252/01/2012 | 3/1/2012 | 3/1/2013 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2012 | 3/1/2013 |
| Axis Insurance Company | EAU758049/01/2012 | 3/1/2012 | 3/1/2013 |
| Alterra Excess & Surplus Insurance Company | MAX3EC30000062 | 3/1/2012 | 3/1/2013 |
| Endurance American Specialty Insurance Company | ELD10003553700 | 3/1/2012 | 3/1/2013 |
| Arch Reinsurance Ltd. | UXP0042842-01 | 3/1/2012 | 3/1/2013 |
| Ohio Casualty Insurance Company (The) | ECO 13 54672120 | 3/1/2012 | 3/1/2013 |
| Westchester Fire Insurance Company | G24114673003 | 3/1/2012 | 3/1/2013 |
| Navigators Insurance Company | CH12EXC7470341C | 3/1/2012 | 3/1/2013 |
| Old Republic Insurance Company | MWZY 59997 | 3/1/2013 | 3/1/2014 |
| Old Republic Insurance Company | MWZX 26713 | 3/1/2013 | 3/1/2014 |
| Gemini Insurance Company | CEX09600051-00 | 3/1/2013 | 3/1/2014 |
| First Specialty Insurance Corporation | IRE 2000295 00 | 3/1/2013 | 3/1/2014 |
| Catlin Underwriting Agencies Limited | XSC-94255-0314 | 3/1/2013 | 3/1/2014 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2013 | 3/1/2014 |
| Gemini Insurance Company | CEX09600052-00 | 3/1/2013 | 3/1/2014 |
| Alterra Excess & Surplus Insurance Company | MAX3EC30000192 | 3/1/2013 | 3/1/2014 |
| Gemini Insurance Company | CEX09600166-00 | 3/1/2013 | 3/1/2014 |
| Liberty Surplus Insurance Corporation | 1000038829-01 | 3/1/2013 | 3/1/2014 |
| Ohio Casualty Insurance Company (The) | ECO (14) 54 67 21 20 | 3/1/2013 | 3/1/2014 |
| Westchester Fire Insurance Company | G24114673004 | 3/1/2013 | 3/1/2014 |
| Navigators Specialty Insurance Company | CH13EXC747034IC | 3/1/2013 | 3/1/2014 |
| Old Republic Insurance Company | MWZY 301262 | 3/1/2014 | 3/1/2015 |
| Old Republic Insurance Company | MWZX 300758 | 3/1/2014 | 3/1/2015 |
| Gemini Insurance Company | CEX0960051-01 | 3/1/2014 | 3/1/2015 |
| First Specialty Insurance Corporation | IRE 2000295 01 | 3/1/2014 | 3/1/2015 |
| Catlin Underwriting Agencies Limited | XSC-94255-0315 | 3/1/2014 | 3/1/2015 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Gemini Insurance Company | CEX09600052-01 | 3/1/2014 | 3/1/2015 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2014 | 3/1/2015 |
| Lexington Insurance Company | 15375964 | 3/1/2014 | 3/1/2015 |
| Alterra Excess & Surplus Insurance Company | MAX3EC30000296 | 3/1/2014 | 3/1/2015 |
| Gemini Insurance Company | CEX09600166-01 | 3/1/2014 | 3/1/2015 |
| Westchester Fire Insurance Company | G24114673 005 | 3/1/2014 | 3/1/2015 |
| Endurance American Specialty Insurance Company | EXC10004584700 | 3/1/2014 | 3/1/2015 |
| Ohio Casualty Insurance Company (The) | ECO (15) 55 94 28 39 | 3/1/2014 | 3/1/2015 |
| Old Republic Insurance Company | MWZY 303431 | 3/1/2015 | 3/1/2016 |
| Old Republic Insurance Company | MWZX 303430 | 3/1/2015 | 3/1/2016 |
| Gemini Insurance Company | CEX09600051-02 | 3/1/2015 | 3/1/2016 |
| First Specialty Insurance Corporation | IRE 2000295 02 | 3/1/2015 | 3/1/2016 |
| Catlin Underwriting Agencies Limited | XSC-94255-0316 | 3/1/2015 | 3/1/2016 |
| Gemini Insurance Company | CEX09600052-02 | 3/1/2015 | 3/1/2016 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2015 | 3/1/2016 |
| Lexington Insurance Company | 15375964 | 3/1/2015 | 3/1/2016 |
| Alterra Excess & Surplus Insurance Company | MAX3EC30000468 | 3/1/2015 | 3/1/2016 |
| Gemini Insurance Company | CEX09600166-02 | 3/1/2015 | 3/1/2016 |
| Lexington Insurance Company | 15375234 | 3/1/2015 | 3/1/2016 |
| Endurance American Specialty Insurance Company | EXC10004584701 | 3/1/2015 | 3/1/2016 |
| Ohio Casualty Insurance Company (The) | ECO (16) 55 94 28 39 | 3/1/2015 | 3/1/2016 |
| Old Republic Insurance Company | MWZY 306938 | 3/1/2016 | 3/1/2017 |
| Old Republic Insurance Company | MWZX 306937 | 3/1/2016 | 3/1/2017 |
| Gemini Insurance Company | CEX09600051-03 | 3/1/2016 | 3/1/2017 |
| First Specialty Insurance Corporation | IRE 2000295 03 | 3/1/2016 | 3/1/2017 |
| Aspen | CX0043416 | 3/1/2016 | 3/1/2017 |
| Gemini Insurance Company | CEX09600052-03 | 3/1/2016 | 3/1/2017 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2016 | 3/1/2017 |
| Lexington Insurance Company | 15375964 | 3/1/2016 | 3/1/2017 |
| Aspen | CX0044G16 | 3/1/2016 | 3/1/2017 |
| Evanston Insurance Company | MKLV40LE106420 | 3/1/2016 | 3/1/2017 |
| Gemini Insurance Company | CEX09600166-03 | 3/1/2016 | 3/1/2017 |
| Lexington Insurance Company | 15375234 | 3/1/2016 | 3/1/2017 |
| Endurance American Specialty Insurance Company | EXC10004584702 | 3/1/2016 | 3/1/2017 |
| Ohio Casualty Insurance Company (The) | ECO (17) 55 94 28 39 | 3/1/2016 | 3/1/2017 |
| Old Republic Insurance Company | MWZY 309927 | 3/1/2017 | 3/1/2018 |
| Old Republic Insurance Company | MWZX 309926 | 3/1/2017 | 3/1/2018 |
| Gemini Insurance Company | CEX09600051-04 | 3/1/2017 | 3/1/2018 |
| First Specialty Insurance Corporation | IRE 2000295 04 | 3/1/2017 | 3/1/2018 |
| Aspen | CX0043417 | 3/1/2017 | 3/1/2018 |
| Gemini Insurance Company | CEX09600052-04 | 3/1/2017 | 3/1/2018 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2017 | 3/1/2018 |

| Carrier Name | Policy Number | Start | End |
|---|---|---|---|
| Colony Insurance Company | AR3461897 | 3/1/2017 | 3/1/2018 |
| Aspen | CX0044G17 | 3/1/2017 | 3/1/2018 |
| Evanston Insurance Company | MKLV4EUE10037 | 3/1/2017 | 3/1/2018 |
| Gemini Insurance Company | CEX09600166-04 | 3/1/2017 | 3/1/2018 |
| Indian Harbor Insurance Company | SCS0049368 | 3/1/2017 | 3/1/2018 |
| Endurance American Specialty Insurance Company | EXC1004584703 | 3/1/2017 | 3/1/2018 |
| Ohio Casualty Insurance Company (The) | ECO (18) 55 94 28 39 | 3/1/2017 | 3/1/2018 |
| Old Republic Insurance Company | MWZY 312833 | 3/1/2018 | 3/1/2019 |
| Old Republic Insurance Company | MWZX 312832 | 3/1/2018 | 3/1/2019 |
| Gemini Insurance Company | CEX0960051-05 | 3/1/2018 | 3/1/2019 |
| First Specialty Insurance Corporation | IRE 2000295 05 | 3/1/2018 | 3/1/2019 |
| Aspen | CX0043418 | 3/1/2018 | 3/1/2019 |
| Gemini Insurance Company | CEX0960052-05 | 3/1/2018 | 3/1/2019 |
| Allied World Assurance Company, Ltd | 0305-3351 | 3/1/2018 | 3/1/2019 |
| Colony Insurance Company | AR4460619 | 3/1/2018 | 3/1/2019 |
| Aspen | CX0044G17 | 3/1/2018 | 3/1/2019 |
| Evanston Insurance Company | MKLV4EUE100128 | 3/1/2018 | 3/1/2019 |
| Gemini Insurance Company | CEX09600166-05 | 3/1/2018 | 3/1/2019 |
| XL Catlin | SXS004936801 | 3/1/2018 | 3/1/2019 |
| Endurance American Insurance Company | EXC10004584704 | 3/1/2018 | 3/1/2019 |
| Ohio Casualty Insurance Company (The) | ECO (19) 5594 2839 | 3/1/2018 | 3/1/2019 |
| Evanston Insurance Company | MKLV4PBC000310 | 3/1/2019 | 3/1/2020 |
| Evanston Insurance Company | MKLV4EUL102026 | 3/1/2019 | 3/1/2020 |
| Gemini Insurance Company | BXS0960355800 | 3/1/2019 | 3/1/2020 |
| Gemini Insurance Company | CEX096005106 | 3/1/2019 | 3/1/2020 |
| Lexington Insurance Company | O23627630 | 3/1/2019 | 3/1/2020 |
| XL Catlin | SXS004936802 | 3/1/2019 | 3/1/2020 |
| Gemini Insurance Company | CEX0960005206 | 3/1/2019 | 3/1/2020 |
| Arch Reinsurance Ltd. | UXP102797700 | 3/1/2019 | 3/1/2020 |
| Westchester Surplus Lines Insurance Company | G71497094001 | 3/1/2019 | 3/1/2020 |
| Allied World Assurance Company (U.S.), Inc. | 3053351 | 3/1/2019 | 3/1/2020 |
| Ategrity Specialty Insurance Company | 01BXLP000012300 | 3/1/2019 | 3/1/2020 |
| Colony Insurance Company | AR4460619 | 3/1/2019 | 3/1/2020 |
| Endurance American Insurance Company | EXC10004584705 | 3/1/2019 | 3/1/2020 |
| Evanston Insurance Company | MKLV4EUE100212 | 3/1/2019 | 3/1/2020 |
| Gemini Insurance Company | CEX0960016606 | 3/1/2019 | 3/1/2020 |
| Liberty Insurance Underwriters, Inc. | 1.00032E+11 | 3/1/2019 | 3/1/2020 |

## SCHEDULE 3

## LOCAL COUNCIL INSURANCE POLICIES

# LOCAL COUNCIL INSURANCE POLICIES

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Abraham Lincoln (144): Abraham Lincoln (144) | Insurance Company of North America | SBL 25103 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Insurance Company of North America | SBL 25103 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Insurance Company of North America | SBL 25103 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Insurance Company of North America | SBL 25103 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Insurance Company of North America | SBL 25103 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Abraham Lincoln (144): Abraham Lincoln (144) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Abraham Lincoln (144): Abraham Lincoln (144) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Abraham Lincoln (144): Abraham Lincoln (144) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Abraham Lincoln (144): Abraham Lincoln (144) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Abraham Lincoln (144): Abraham Lincoln (144) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Abraham Lincoln (144): Abraham Lincoln (144) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 26 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Abraham Lincoln (144): Abraham Lincoln (144) | St. Paul Insurance Company of Illinois | 550TA8039 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Abraham Lincoln (144): Abraham Lincoln (144) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Abraham Lincoln (144): Abraham Lincoln (144) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219972 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Abraham Lincoln (144): Abraham Lincoln (144) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Insurance Company of North America | SBL 48811 | 2/23/1970 | 2/23/1971 | 2/23/1970 | 2/23/1971 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Insurance Company of North America | SBL 52409 | 2/23/1971 | 2/23/1972 | 2/23/1971 | 2/23/1972 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/28/1972 | 1/1/1973 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/28/1972 | 1/1/1973 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 09 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219859 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Alabama-Florida (003): Alabama-Florida 1963- (003) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Alamo Area (583): Alamo Area (583) | Maryland Casualty Company | 05-829567 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Alamo Area (583): Alamo Area (583) | St. Paul Fire and Marine Insurance Company | 542AG6620 | 2/1/1968 | 2/1/1969 | 2/1/1968 | 2/1/1969 |
| Alamo Area (583): Alamo Area (583) | St. Paul Fire and Marine Insurance Company | 542AG6865 | 7/29/1968 | 7/29/1969 | 7/29/1968 | 7/29/1969 |
| Alamo Area (583): Alamo Area (583) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Alamo Area (583): Alamo Area (583) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Alamo Area (583): Alamo Area (583) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 87 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Alamo Area (583): Alamo Area (583) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Alamo Area (583): Alamo Area (583) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220218 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Alamo Area (583): Alamo Area (583) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

[1]  "Council Start Date" and "Council End Date" are the dates on which a Local Council was added to, or removed from, an existing Local Council Insurance Policy as a named insured.

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Allegheny Highlands (382): Allegheny Highlands 1973- (382) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Allegheny Highlands (382): Allegheny Highlands 1973- (382) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Allegheny Highlands (382): Allegheny Highlands 1973- (382) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Allegheny Highlands (382): Allegheny Highlands 1973- (382) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 56 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Allegheny Highlands (382): Allegheny Highlands 1973- (382) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Allegheny Highlands (382): Allegheny Highlands 1973- (382) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220009 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Insurance Company of North America | SBL xxx71 | 3/1/1965 | 3/1/1966 | 3/1/1965 | 3/1/1966 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Insurance Company of North America | SBL xxx71 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Insurance Company of North America | SBL xxx71 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Insurance Company of North America | SBL 46909 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Insurance Company of North America | SBL 46909 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Insurance Company of North America | SBL 46909 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Insurance Company of North America | Unknown | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Allegheny Highlands (382): Elk Lick 1947-1973 (499) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Allegheny Highlands (382): Seneca 1929-1975 (750) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Aloha (104): Aloha 1957- (104) | First Insurance Company of Hawaii, Ltd. | FGA 30916 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Aloha (104): Aloha 1957- (104) | First Insurance Company of Hawaii, Ltd. | FGA 30916 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Aloha (104): Aloha 1957- (104) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Aloha (104): Aloha 1957- (104) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Aloha (104): Aloha 1957- (104) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Aloha (104): Aloha 1957- (104) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 00 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Aloha (104): Aloha 1957- (104) | First Insurance Company of Hawaii, Ltd. | FGA 30916 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Aloha (104): Aloha 1957- (104) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219947 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Aloha (104): Aloha 1957- (104) | First Insurance Company of Hawaii, Ltd. | FGA 49459 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Aloha (104): Aloha 1957- (104) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Aloha (104): Aloha 1957- (104) | First Insurance Company of Hawaii, Ltd. | FGA 49459 | 1/1/1978 | 1/1/1979 | 1/1/1978 | 1/1/1979 |
| Aloha (104): Aloha 1957- (104) | First Insurance Company of Hawaii, Ltd. | FGA 49459 | 1/1/1979 | 1/1/1980 | 1/1/1979 | 1/1/1980 |
| Aloha (104): Chamorro 1970-1973 (649) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/16/1972 | 1/1/1973 |
| Aloha (104): Chamorro 1970-1973 (649) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/16/1972 | 1/1/1973 |
| Aloha (104): Chamorro 1970-1973 (649) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Aloha (104): Kilauea 1922-1972 (103) | Insurance Company of North America | Unknown | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Aloha (104): Kilauea 1922-1972 (103) | Insurance Company of North America | SBL 46929 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Aloha (104): Kilauea 1922-1972 (103) | Insurance Company of North America | SBL 51410 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Aloha (104): Kilauea 1922-1972 (103) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Aloha (104): Kilauea 1922-1972 (103) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Aloha (104): Kilauea 1922-1972 (103) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Aloha (104): Kilauea 1922-1972 (103) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Aloha (104): Kilauea 1922-1972 (103) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Aloha (104): Kilauea 1922-1972 (103) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Aloha (104): Maui County 1915-2019 (102) | Insurance Company of North America | SBL 4 23 85 | 3/23/1965 | 3/23/1966 | 3/23/1965 | 3/23/1966 |
| Aloha (104): Maui County 1915-2019 (102) | Insurance Company of North America | SBL 4 23 85 | 3/23/1966 | 3/23/1967 | 3/23/1966 | 3/23/1967 |
| Aloha (104): Maui County 1915-2019 (102) | Insurance Company of North America | SBL 4 23 85 | 3/23/1967 | 3/23/1968 | 3/23/1967 | 3/23/1968 |
| Aloha (104): Maui County 1915-2019 (102) | Insurance Company of North America | SBL 4 69 28 | 3/23/1968 | 3/23/1969 | 3/23/1968 | 3/23/1969 |
| Aloha (104): Maui County 1915-2019 (102) | Insurance Company of North America | SBL 4 69 28 | 3/23/1969 | 3/23/1970 | 3/23/1969 | 3/23/1970 |
| Aloha (104): Maui County 1915-2019 (102) | Insurance Company of North America | SBL 4 69 28 | 3/23/1970 | 3/23/1971 | 3/23/1970 | 3/23/1971 |
| Aloha (104): Maui County 1915-2019 (102) | Insurance Company of North America | SBL 51515 | 3/23/1971 | 3/23/1972 | 3/23/1971 | 3/23/1972 |
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/23/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/23/1972 | 1/1/1973 |
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Aloha (104): Maui County 1915-2019 (102) | First Insurance Company of Hawaii, Ltd. | FGA 36020 | 3/5/1975 | 3/5/1976 | 3/5/1975 | 3/5/1976 |
| Aloha (104): Maui County 1915-2019 (102) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Aloha (104): Maui County 1915-2019 (102) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Aloha (104): Maui County 1915-2019 (102) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 01 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Aloha (104): Maui County 1915-2019 (102) | First Insurance Company of Hawaii, Ltd. | FGA 45292 | 3/5/1976 | 3/5/1977 | 3/5/1976 | 3/5/1977 |
| Aloha (104): Maui County 1915-2019 (102) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219948 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Aloha (104): Maui County 1915-2019 (102) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Aloha (104): Maui County 1915-2019 (102) | First Insurance Company of Hawaii, Ltd. | Unknown | 3/5/1977 | 3/5/1978 | 3/5/1977 | 3/5/1978 |
| Andrew Jackson (303): Andrew Jackson (303) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Andrew Jackson (303): Andrew Jackson (303) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Andrew Jackson (303): Andrew Jackson (303) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 3/12/1973 | 1/1/1974 |
| Andrew Jackson (303): Andrew Jackson (303) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 3/12/1973 | 1/1/1974 |
| Andrew Jackson (303): Andrew Jackson (303) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Andrew Jackson (303): Andrew Jackson (303) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 08 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Andrew Jackson (303): Andrew Jackson (303) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Andrew Jackson (303): Andrew Jackson (303) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Andrew Jackson (303): Andrew Jackson (303) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Andrew Jackson (303): Andrew Jackson (303) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220158 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | SBL 41084 | 9/9/1965 | 9/9/1966 | 9/9/1965 | 9/9/1966 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | SBL 41084 | 9/9/1966 | 9/9/1967 | 9/9/1966 | 9/9/1967 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | SBL 41084 | 9/9/1967 | 9/8/1968 | 9/9/1967 | 9/8/1968 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | SBL 41084 | 9/9/1968 | 9/9/1969 | 9/9/1968 | 9/9/1969 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | SBL 41084 | 9/9/1969 | 9/9/1970 | 9/9/1969 | 9/9/1970 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | Unknown | 9/9/1970 | 9/9/1971 | 9/9/1970 | 9/9/1971 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | Unknown | 9/9/1971 | 9/9/1972 | 9/9/1971 | 9/9/1972 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | XBC 89871 | 9/9/1972 | 9/9/1973 | 9/9/1972 | 9/9/1973 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | XBC 89871 | 9/9/1973 | 9/9/1974 | 9/9/1973 | 9/9/1974 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | XBC 89871 | 9/9/1974 | 9/9/1975 | 9/9/1974 | 9/9/1975 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | XBC 116559 | 9/9/1975 | 9/9/1976 | 9/9/1975 | 9/9/1976 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 31 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | XBC 116559 | 9/9/1976 | 9/9/1977 | 9/9/1976 | 9/9/1977 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219977 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Anthony Wayne Area (157): Anthony Wayne Area (157) | Insurance Company of North America | XBC 116559 | 9/9/1977 | 1/1/1978 | 9/9/1977 | 1/1/1978 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 4 29 53 | 3/1/1965 | 3/1/1966 | 3/1/1965 | 3/1/1966 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 4 29 53 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 4 29 53 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 46911 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 46911 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 46911 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 5 14 15 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Arbuckle Area (468): Arbuckle Area (468) | Insurance Company of North America | SBL 5 14 00 | 3/11/1971 | 3/11/1972 | 3/11/1971 | 3/11/1972 |
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |

3

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Arbuckle Area (468): Arbuckle Area (468) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Arbuckle Area (468): Arbuckle Area (468) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Arbuckle Area (468): Arbuckle Area (468) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 17 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Arbuckle Area (468): Arbuckle Area (468) | New Hampshire Insurance Company | SLP 27 56 11 | 3/25/1976 | 3/25/1977 | 3/25/1976 | 3/25/1977 |
| Arbuckle Area (468): Arbuckle Area (468) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220070 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Arbuckle Area (468): Arbuckle Area (468) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Arbuckle Area (468): Arbuckle Area (468) | New Hampshire Insurance Company | Unknown | 3/25/1977 | 3/25/1978 | 3/25/1977 | 3/25/1978 |
| Atlanta Area (092): Atlanta Area (092) | Maryland Casualty Company | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Atlanta Area (092): Atlanta Area (092) | Maryland Casualty Company | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Atlanta Area (092): Atlanta Area (092) | Maryland Casualty Company | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Atlanta Area (092): Atlanta Area (092) | Maryland Casualty Company | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Atlanta Area (092): Atlanta Area (092) | Maryland Casualty Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Atlanta Area (092): Atlanta Area (092) | Maryland Casualty Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Atlanta Area (092): Atlanta Area (092) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Atlanta Area (092): Atlanta Area (092) | Transamerica Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Atlanta Area (092): Atlanta Area (092) | Transamerica Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Atlanta Area (092): Atlanta Area (092) | Transamerica Insurance Company | (T6) 8785457 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Atlanta Area (092): Atlanta Area (092) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Atlanta Area (092): Atlanta Area (092) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Atlanta Area (092): Atlanta Area (092) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 89 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Atlanta Area (092): Atlanta Area (092) | Transamerica Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Atlanta Area (092): Atlanta Area (092) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219937 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Atlanta Area (092): Atlanta Area (092) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baden-Powell (368): Baden-Powell 1975-1998 (381) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Baden-Powell (368): Baden-Powell 1975-1998 (381) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baden-Powell (368): Baden-Powell 1975-1998 (381) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baden-Powell (368): Baden-Powell 1975-1998 (381) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 70 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baden-Powell (368): Baden-Powell 1975-1998 (381) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220007 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baden-Powell (368): Baden-Powell 1975-1998 (381) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baden-Powell (368): Louis Agassiz Fuertes 1929-1975 (381) | General Accident Insurance Company of America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Baden-Powell (368): Louis Agassiz Fuertes 1929-1975 (381) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 5/5/1973 | 1/1/1974 |
| Baden-Powell (368): Louis Agassiz Fuertes 1929-1975 (381) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 5/5/1973 | 1/1/1974 |
| Baden-Powell (368): Louis Agassiz Fuertes 1929-1975 (381) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | 9CGL 86259 | 3/19/1958 | 3/19/1959 | 3/19/1958 | 3/19/1959 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | 9-CGL-86604 | 3/19/1959 | 3/19/1960 | 3/19/1959 | 3/19/1960 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1960 | 3/19/1961 | 3/19/1960 | 3/19/1961 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1961 | 3/19/1962 | 3/19/1961 | 3/19/1962 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1962 | 3/19/1963 | 3/19/1962 | 3/19/1963 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1963 | 3/19/1964 | 3/19/1963 | 3/19/1964 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1964 | 3/19/1965 | 3/19/1964 | 3/19/1965 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1965 | 3/19/1966 | 3/19/1965 | 3/19/1966 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1966 | 3/19/1967 | 3/19/1966 | 3/19/1967 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | AGP 57 03 | 3/19/1966 | 3/19/1967 | 3/19/1966 | 3/19/1967 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | AGP 57 03 | 3/19/1967 | 3/19/1968 | 3/19/1967 | 3/19/1968 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1967 | 3/19/1968 | 3/19/1967 | 3/19/1968 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1968 | 3/19/1969 | 3/19/1968 | 3/19/1969 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | AGP 57 03 | 3/19/1968 | 3/19/1969 | 3/19/1968 | 3/19/1969 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1969 | 3/19/1970 | 3/19/1969 | 3/19/1970 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1970 | 3/19/1971 | 3/19/1970 | 3/19/1971 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1971 | 3/19/1972 | 3/19/1971 | 3/19/1972 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1972 | 3/19/1973 | 3/19/1972 | 3/19/1973 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1973 | 3/19/1974 | 3/19/1973 | 3/19/1974 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Insurance Company of North America | Unknown | 3/19/1974 | 1/1/1975 | 3/19/1974 | 1/1/1975 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 52 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220004 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baden-Powell (368): Susquenango 1925-1998 (368) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Insurance Company of North America | X OT 3 14 17 | 1/1/1975 | 5/14/1975 | 1/1/1975 | 5/14/1975 |
| Baden-Powell (368): Tioughnioga 1940-1975 (383) | Insurance Company of North America | GLP 37 99 52 | 1/1/1975 | 5/14/1975 | 1/1/1975 | 5/14/1975 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 104757 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 108939 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 108939 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 108939 | 1/1/1973 | 5/1/1973 | 1/1/1973 | 5/1/1973 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 108939 | 5/1/1973 | 1/1/1974 | 5/1/1973 | 1/1/1974 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 115631 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 115631 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 115631 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baltimore Area (220): Baltimore Area (220) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baltimore Area (220): Baltimore Area (220) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 65 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 115827 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baltimore Area (220): Baltimore Area (220) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220113 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baltimore Area (220): Baltimore Area (220) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 115827 | 1/1/1978 | 1/1/1979 | 1/1/1978 | 1/1/1979 |
| Baltimore Area (220): Baltimore Area (220) | Hartford Fire Insurance Company | 30 CBP 115827 | 1/1/1979 | 1/1/1980 | 1/1/1979 | 1/1/1980 |
| Bay Area (574): Bay Area (574) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay Area (574): Bay Area (574) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay Area (574): Bay Area (574) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay Area (574): Bay Area (574) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay Area (574): Bay Area (574) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Bay Area (574): Bay Area (574) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Bay Area (574): Bay Area (574) | New Hampshire Insurance Company | GLA 21 02 76 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay Area (574): Bay Area (574) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay Area (574): Bay Area (574) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay Area (574): Bay Area (574) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 79 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay Area (574): Bay Area (574) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220210 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bay Area (574): Bay Area (574) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bay Area (574): Bay Area (574) | New Hampshire Insurance Company | GLA 33 23 36 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Bay-Lakes (635): Badger 1926-1973 (622) | Insurance Company of North America | SBL 4 69 47 | 6/24/1968 | 6/24/1969 | 6/24/1968 | 6/24/1969 |
| Bay-Lakes (635): Badger 1926-1973 (622) | Insurance Company of North America | SBL 4 69 47 | 6/24/1969 | 6/24/1970 | 6/24/1969 | 6/24/1970 |
| Bay-Lakes (635): Badger 1926-1973 (622) | Insurance Company of North America | SBL 4 69 47 | 6/24/1970 | 6/24/1971 | 6/24/1970 | 6/24/1971 |
| Bay-Lakes (635): Badger 1926-1973 (622) | Insurance Company of North America | SBL 51563 | 6/24/1971 | 6/24/1972 | 6/24/1971 | 6/24/1972 |
| Bay-Lakes (635): Badger 1926-1973 (622) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/24/1972 | 1/1/1973 |
| Bay-Lakes (635): Badger 1926-1973 (622) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/24/1972 | 1/1/1973 |
| Bay-Lakes (635): Badger 1926-1973 (622) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Badger 1926-1973 (622) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Bay-Lakes (635) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 7/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Bay-Lakes (635) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 7/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Bay-Lakes (635) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Bay-Lakes (635): Bay-Lakes (635) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay-Lakes (635): Bay-Lakes (635) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay-Lakes (635): Bay-Lakes (635) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay-Lakes (635): Bay-Lakes (635) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 45 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay-Lakes (635): Bay-Lakes (635) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bay-Lakes (635): Bay-Lakes (635) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bay-Lakes (635): Bay-Lakes (635) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220261 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Insurance Company of North America | SBL 4 53 79 | 2/10/1966 | 2/10/1967 | 2/10/1966 | 2/10/1967 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Insurance Company of North America | SBL-4-15-27 | 2/10/1967 | 2/10/1968 | 2/10/1967 | 2/10/1968 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Insurance Company of North America | SBL 4 13 34 | 2/10/1968 | 2/10/1969 | 2/10/1968 | 2/10/1969 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Insurance Company of North America | SBL 4 15 46 | 2/10/1969 | 2/10/1970 | 2/10/1969 | 2/10/1970 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Insurance Company of North America | SBL 41553 | 2/10/1970 | 2/10/1971 | 2/10/1970 | 2/10/1971 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Insurance Company of North America | SBL 4 15 61 | 2/10/1971 | 2/10/1972 | 2/10/1971 | 2/10/1972 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 94 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220144 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bay-Lakes (635): Hiawathaland 1945-2012 (261) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Insurance Company of North America | SBL 45395 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Insurance Company of North America | SBL 45395 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Insurance Company of North America | SBL 45395 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Insurance Company of North America | SBL 51311 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Insurance Company of North America | SBL 51311 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Insurance Company of North America | SBL 51311 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Kettle Moraine 1935-1973 (632) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL-4-15-18 | 7/1/1964 | 7/1/1965 | 7/1/1964 | 7/1/1965 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL-4-15-18 | 7/1/1965 | 7/1/1966 | 7/1/1965 | 7/1/1966 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL-4-15-18 | 7/1/1966 | 7/1/1967 | 7/1/1966 | 7/1/1967 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL-4-15-29 | 7/1/1967 | 7/1/1968 | 7/1/1967 | 7/1/1968 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL 4 15 41 | 7/1/1968 | 7/1/1969 | 7/1/1968 | 7/1/1969 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL 4 15 48 | 7/1/1969 | 7/1/1970 | 7/1/1969 | 7/1/1970 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL 4 15 55 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Insurance Company of North America | SBL 41567 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Nicolet Area 1934-1973 (621) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Twin Lakes 1935-1973 (630) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Twin Lakes 1935-1973 (630) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Twin Lakes 1935-1973 (630) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Twin Lakes 1935-1973 (630) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Valley 1925-1973 (635) | Insurance Company of North America | SBL 4 69 05 | 2/15/1970 | 2/15/1971 | 2/15/1970 | 2/15/1971 |
| Bay-Lakes (635): Valley 1925-1973 (635) | Insurance Company of North America | SBL 5 13 97 | 2/15/1971 | 2/15/1972 | 2/15/1971 | 2/15/1972 |
| Bay-Lakes (635): Valley 1925-1973 (635) | Insurance Company of North America | SBL 5 13 97 | 2/15/1972 | 2/15/1973 | 2/15/1972 | 2/15/1973 |
| Bay-Lakes (635): Valley 1925-1973 (635) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Valley 1925-1973 (635) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 2/15/1973 | 1/1/1974 |
| Bay-Lakes (635): Valley 1925-1973 (635) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Valley 1925-1973 (635) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Insurance Company of North America | SBL 5 04 23 | 5/25/1968 | 5/25/1969 | 5/25/1968 | 5/25/1969 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Insurance Company of North America | SBL 5 04 23 | 5/25/1969 | 5/25/1970 | 5/25/1969 | 5/25/1970 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Insurance Company of North America | SBL 5 04 23 | 5/25/1970 | 5/25/1971 | 5/25/1970 | 5/25/1971 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Insurance Company of North America | SBL 5 15 42 | 5/25/1971 | 5/25/1972 | 5/25/1971 | 5/25/1972 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bay-Lakes (635): Waumegesako 1940-1973 (625) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Black Hills Area (695): Black Hills Area (695) | Indemnity Insurance Company of North America | 730859 | 9/15/1960 | 9/15/1961 | 9/15/1960 | 9/15/1961 |
| Black Hills Area (695): Black Hills Area (695) | Indemnity Insurance Company of North America | 730859 | 9/15/1961 | 9/15/1962 | 9/15/1961 | 9/15/1962 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | 758883 | 9/15/1962 | 9/15/1963 | 9/15/1962 | 9/15/1963 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | 758883 | 9/15/1963 | 9/15/1964 | 9/15/1963 | 9/15/1964 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | 758883 | 9/15/1964 | 10/15/1964 | 9/15/1964 | 10/15/1964 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | 37010 | 10/15/1964 | 10/15/1965 | 10/15/1964 | 10/15/1965 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | 37010 | 10/15/1965 | 4/1/1966 | 10/15/1965 | 4/1/1966 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | SBL 37016 | 10/1/1966 | 10/1/1967 | 10/1/1966 | 10/1/1967 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | SBL 44622 | 10/1/1967 | 10/1/1968 | 10/1/1967 | 10/1/1968 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | SBL 44640 | 10/1/1968 | 10/1/1969 | 10/1/1968 | 10/1/1969 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | SBL 44656 | 10/1/1969 | 10/1/1970 | 10/1/1969 | 10/1/1970 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | SBL 44675 | 10/1/1970 | 10/1/1971 | 10/1/1970 | 10/1/1971 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | 12019 | 10/1/1970 | 10/1/1971 | 10/1/1970 | 10/1/1971 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | 118045 | 10/1/1971 | 10/1/1972 | 10/1/1971 | 10/1/1972 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | GAL 136151 | 10/1/1972 | 10/1/1973 | 10/1/1972 | 10/1/1973 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | XBC 9 75 72 | 10/1/1972 | 10/1/1973 | 10/1/1972 | 10/1/1973 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | XBC 9 75 72 | 10/1/1973 | 10/1/1974 | 10/1/1973 | 10/1/1974 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | GAL 21 17 76 | 10/1/1973 | 10/1/1974 | 10/1/1973 | 10/1/1974 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | XBC 9 75 72 | 10/1/1974 | 10/1/1975 | 10/1/1974 | 10/1/1975 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | GAL214564 | 10/1/1974 | 10/1/1975 | 10/1/1974 | 10/1/1975 |
| Black Hills Area (695): Black Hills Area (695) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | XBC 9 75 72 | 10/1/1975 | 10/1/1976 | 10/1/1975 | 10/1/1976 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | GAL214564 | 10/1/1975 | 10/1/1976 | 10/1/1975 | 10/1/1976 |
| Black Hills Area (695): Black Hills Area (695) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Hills Area (695): Black Hills Area (695) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 62 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Black Hills Area (695): Black Hills Area (695) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | Unknown | 10/1/1976 | 10/1/1977 | 10/1/1976 | 10/1/1977 |
| Black Hills Area (695): Black Hills Area (695) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220284 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Hills Area (695): Black Hills Area (695) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Hills Area (695): Black Hills Area (695) | Insurance Company of North America | Unknown | 10/1/1978 | 10/1/1978 | 10/1/1977 | 10/1/1978 |
| Black Hills Area (695): Black Hills Area (695) | Travelers Insurance Company | 650-1983177-A-IND-88 | 2/15/1988 | 2/15/1989 | 2/15/1988 | 2/15/1989 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | Hartford Accident and Indemnity Company | 45 CBP 130782 | 3/26/1975 | 3/26/1976 | 3/26/1975 | 3/26/1976 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 01 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | Hartford Accident and Indemnity Company | 45 CBP 130782 | 3/26/1976 | 3/26/1977 | 3/26/1976 | 3/26/1977 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220054 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Swamp Area (449): Put-Han-Sen Area 1930-1992 (449) | Hartford Accident and Indemnity Company | 45 CBP 130782 | 3/26/1977 | 3/26/1978 | 3/26/1977 | 3/26/1978 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | General Accident Insurance Company of America | 375514 | 7/20/1961 | 7/20/1962 | 7/20/1961 | 7/20/1962 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | General Accident Insurance Company of America | 375514 | 7/20/1962 | 7/20/1963 | 7/20/1962 | 7/20/1963 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | General Accident Insurance Company of America | 375514 | 7/20/1963 | 7/20/1964 | 7/20/1963 | 7/20/1964 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 02 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Swamp Area (449): Shawnee 1926-1992 (452) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220055 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Warrior (006): Black Warrior (006) | Insurance Company of North America | SBL 45386 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Black Warrior (006): Black Warrior (006) | Insurance Company of North America | SBL 45386 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Black Warrior (006): Black Warrior (006) | Insurance Company of North America | SBL 45386 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Black Warrior (006): Black Warrior (006) | Insurance Company of North America | SBL 51185 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Black Warrior (006): Black Warrior (006) | Insurance Company of North America | SBL 51185 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Black Warrior (006): Black Warrior (006) | Insurance Company of North America | SBL 51185 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Black Warrior (006): Black Warrior (006) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Warrior (006): Black Warrior (006) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 14 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Warrior (006): Black Warrior (006) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Warrior (006): Black Warrior (006) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Black Warrior (006): Black Warrior (006) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219863 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Warrior (006): Black Warrior (006) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Black Warrior (006): Black Warrior (006) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | SBL 25062 | 3/13/1967 | 3/13/1968 | 3/13/1967 | 3/13/1968 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | SBL 48 903 | 3/13/1968 | 3/13/1969 | 3/13/1968 | 3/13/1969 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | SBL 48907 | 3/13/1969 | 3/13/1970 | 3/13/1969 | 3/13/1970 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | SBL 48909 | 3/13/1970 | 3/13/1971 | 3/13/1970 | 3/13/1971 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 3/13/1971 | 7/1/1971 | 3/13/1971 | 7/1/1971 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 66384 | 3/13/1972 | 3/13/1973 | 3/13/1972 | 3/13/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 6 63 84 | 3/13/1972 | 3/13/1973 | 3/13/1972 | 3/13/1973 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 7/1/1972 | 7/1/1973 | 7/1/1972 | 7/1/1973 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 6 63 84 | 3/13/1973 | 3/13/1974 | 3/13/1973 | 3/13/1974 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 66384 | 3/13/1973 | 3/13/1974 | 3/13/1973 | 3/13/1974 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 7/1/1973 | 3/13/1974 | 7/1/1973 | 3/13/1974 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 66384 | 3/13/1974 | 3/13/1975 | 3/13/1974 | 3/13/1975 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 6 63 84 | 3/13/1974 | 3/13/1975 | 3/13/1974 | 3/13/1975 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | GAL 21  xx xx | 3/13/1974 | 3/13/1975 | 3/13/1974 | 3/13/1975 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 11 31 12 | 3/13/1975 | 3/13/1976 | 3/13/1975 | 3/13/1976 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | GAL 21 10 26 | 3/13/1975 | 3/13/1976 | 3/13/1975 | 3/13/1976 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 113112 | 3/13/1975 | 3/13/1976 | 3/13/1975 | 3/13/1976 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 7/1/1975 | 7/1/1976 | 7/1/1975 | 7/1/1976 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 24 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | GAL 21 10 48 | 3/13/1976 | 3/13/1977 | 3/13/1976 | 3/13/1977 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 113112 | 3/13/1976 | 3/13/1977 | 3/13/1976 | 3/13/1977 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 7/1/1976 | 7/1/1977 | 7/1/1976 | 7/1/1977 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 7/1/1976 | 7/1/1977 | 7/1/1976 | 7/1/1977 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | National Union Fire Insurance Company of Pittsburgh, PA | CE 115 53 39 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219970 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | GAL 21 09 06 | 3/13/1977 | 1/1/1978 | 3/13/1977 | 1/1/1978 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | XBC 113112 | 3/13/1977 | 3/13/1978 | 3/13/1977 | 3/13/1978 |
| Blackhawk Area (660): Blackhawk Area 1971- (660) | Insurance Company of North America | Unknown | 7/1/1977 | 7/1/1978 | 7/1/1977 | 7/1/1978 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/16/1972 | 1/1/1973 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/16/1972 | 1/1/1973 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Blue Grass (204): Blue Grass 1963- (204) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Grass (204): Blue Grass 1963- (204) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Grass (204): Blue Grass 1963- (204) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Grass (204): Blue Grass 1963- (204) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 51 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Grass (204): Blue Grass 1963- (204) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Grass (204): Blue Grass 1963- (204) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219999 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Grass (204): Blue Grass 1963- (204) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 55 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Grass (204): Lonesome Pine 1934-1979 (203) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220103 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Blue Mountain (604): Blue Mountain (604) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1976 | 1/1/1976 |
| Blue Mountain (604): Blue Mountain (604) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Mountain (604): Blue Mountain (604) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 27 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Mountain (604): Blue Mountain (604) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Mountain (604): Blue Mountain (604) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Mountain (604): Blue Mountain (604) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220246 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Ridge (551): Blue Ridge (551) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Blue Ridge (551): Blue Ridge (551) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Ridge (551): Blue Ridge (551) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 59 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Ridge (551): Blue Ridge (551) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Ridge (551): Blue Ridge (551) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Ridge (551): Blue Ridge (551) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220281 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | Royal Globe Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | Royal Globe Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | Royal Insurance Co. of America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 13 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220234 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Ridge Mountains (599): Blue Ridge Mountains 1972- (599) | Royal Insurance Co. of America | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Blue Ridge Mountains (599): Piedmont Area 1932-1972 (594) | Insurance Company of North America | LAB 1 72 22 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| Blue Ridge Mountains (599): Piedmont Area 1932-1972 (594) | Insurance Company of North America | LAB 1 72 22 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Blue Ridge Mountains (599): Piedmont Area 1932-1972 (594) | Insurance Company of North America | LAB 1 72 22 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Blue Ridge Mountains (599): Piedmont Area 1932-1972 (594) | Insurance Company of North America | LAB 2 21 33 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Blue Ridge Mountains (599): Piedmont Area 1932-1972 (594) | Insurance Company of North America | LAB 2 21 33 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Blue Ridge Mountains (599): Piedmont Area 1932-1972 (594) | Insurance Company of North America | LAB 2 21 33 | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Buckeye (436): Buckeye 1958- (436) | American States Insurance Company | CL841-350 | 12/15/1973 | 12/15/1974 | 12/15/1973 | 12/15/1974 |
| Buckeye (436): Buckeye 1958- (436) | American States Insurance Company | SU 11399 | 12/15/1973 | 12/15/1974 | 12/15/1973 | 12/15/1974 |
| Buckeye (436): Buckeye 1958- (436) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buckeye (436): Buckeye 1958- (436) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckeye (436): Buckeye 1958- (436) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckeye (436): Buckeye 1958- (436) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 95 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckeye (436): Buckeye 1958- (436) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220048 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckeye (436): Buckeye 1958- (436) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckeye (436): Columbiana 1953-1991 (455) | Insurance Company of North America | SBL 50425 | 6/11/1968 | 6/11/1969 | 6/11/1968 | 6/11/1969 |
| Buckeye (436): Columbiana 1953-1991 (455) | Insurance Company of North America | SBL 50425 | 6/11/1969 | 6/11/1970 | 6/11/1969 | 6/11/1970 |
| Buckeye (436): Columbiana 1953-1991 (455) | Insurance Company of North America | SBL 50425 | 6/11/1970 | 6/11/1971 | 6/11/1970 | 6/11/1971 |
| Buckeye (436): Columbiana 1953-1991 (455) | Insurance Company of North America | SBL 51560 | 6/11/1971 | 6/11/1972 | 6/11/1971 | 6/11/1972 |
| Buckeye (436): Columbiana 1953-1991 (455) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buckeye (436): Columbiana 1953-1991 (455) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckeye (436): Columbiana 1953-1991 (455) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 03 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckeye (436): Columbiana 1953-1991 (455) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckeye (436): Columbiana 1953-1991 (455) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckeye (436): Columbiana 1953-1991 (455) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220056 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Appalachian 1946-1956 (673) | Insurance Company of North America | SBL 5 04 29 | 7/23/1968 | 7/23/1969 | 7/23/1968 | 7/23/1969 |
| Buckskin (617): Appalachian 1946-1956 (673) | Insurance Company of North America | SBL 5 04 29 | 7/23/1969 | 7/23/1970 | 7/23/1969 | 7/23/1970 |
| Buckskin (617): Appalachian 1946-1956 (673) | Insurance Company of North America | SBL 5 04 29 | 7/23/1970 | 7/23/1971 | 7/23/1970 | 7/23/1971 |
| Buckskin (617): Appalachian 1946-1956 (673) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Buckskin (617): Appalachian 1946-1956 (673) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Buckskin (617): Appalachian 1956-1986 (707) | Insurance Company of North America | SBL 51578 | 7/23/1971 | 12/4/1971 | 7/23/1971 | 12/4/1971 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Buckskin (617): Appalachian 1956-1986 (707) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Buckskin (617): Appalachian 1956-1986 (707) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Buckskin (617): Appalachian 1956-1986 (707) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Appalachian 1956-1986 (707) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Appalachian 1956-1986 (707) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buckskin (617): Appalachian 1956-1986 (707) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Appalachian 1956-1986 (707) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Appalachian 1956-1986 (707) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Appalachian 1956-1986 (707) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220249 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Appalachian 1956-1986 (707) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Appalachian 1956-1986 (707) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Appalachian 1986-1991 (707) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Appalachian 1986-1991 (707) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Appalachian 1986-1991 (707) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Appalachian 1986-1991 (707) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Buckskin 1949- (617) | Insurance Company of North America | XBC 22636 | 4/10/1966 | 4/10/1967 | 4/10/1966 | 4/10/1967 |
| Buckskin (617): Buckskin 1949- (617) | Aetna Casualty and Surety Company | 29AL010580 | 4/10/1966 | 4/10/1967 | 4/10/1966 | 4/10/1967 |
| Buckskin (617): Buckskin 1949- (617) | Insurance Company of North America | XBC 22636 | 4/10/1967 | 4/10/1968 | 4/10/1967 | 4/10/1968 |
| Buckskin (617): Buckskin 1949- (617) | Insurance Company of North America | XBC 22636 | 4/10/1968 | 4/10/1969 | 4/10/1968 | 4/10/1969 |
| Buckskin (617): Buckskin 1949- (617) | Insurance Company of North America | XBC 2 29 75 | 4/10/1969 | 4/10/1970 | 4/10/1969 | 4/10/1970 |
| Buckskin (617): Buckskin 1949- (617) | Insurance Company of North America | XBC 2 29 75 | 4/10/1970 | 4/10/1971 | 4/10/1970 | 4/10/1971 |
| Buckskin (617): Buckskin 1949- (617) | Insurance Company of North America | XBC 2 29 75 | 4/10/1971 | 4/10/1972 | 4/10/1971 | 4/10/1972 |
| Buckskin (617): Buckskin 1949- (617) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Buckskin 1949- (617) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Buckskin 1949- (617) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Buckskin 1949- (617) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Buckskin 1949- (617) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 33 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Buckskin 1949- (617) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220250 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1973 | 1/25/1972 | 1/1/1973 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/25/1972 | 1/1/1973 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Insurance Company of North America | GLP 61 92 32 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 34 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 32 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | Insurance Company of North America | GLP 65 21 69 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Central West Virginia 1941-1990 (616) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220251 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Insurance Company of North America | SBL 4 32 79 | 5/29/1970 | 5/29/1971 | 5/29/1970 | 5/29/1971 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Insurance Company of North America | Unknown | 5/29/1971 | 5/29/1972 | 5/29/1971 | 5/29/1972 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/29/1972 | 1/1/1973 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/29/1972 | 1/1/1973 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

11

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 38 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220254 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Chief Cornstalk 1954-1990 (756) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Insurance Company of North America | SBL 4 29 97 | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Insurance Company of North America | SBL 4 29 97 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Insurance Company of North America | SBL 4 29 97 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Insurance Company of North America | SBL 5 04 05 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Insurance Company of North America | SBL 5 04 05 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Insurance Company of North America | SBL 5 04 05 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Insurance Company of North America | SBL 5 15 75 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 39 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220255 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Kootaga Area 1933-1991 (618) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Insurance Company of North America | SBL 4 29 77 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Insurance Company of North America | SBL 4 69 50 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Insurance Company of North America | Unknown | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Insurance Company of North America | Unknown | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Insurance Company of North America | Unknown | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 37 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220253 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buckskin (617): Tri-State Area 1935-2014 (672) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bucktail (509): Bucktail (509) | Insurance Company of North America | SBL 43267 | 10/1/1968 | 10/1/1969 | 10/1/1968 | 10/1/1969 |
| Bucktail (509): Bucktail (509) | Insurance Company of North America | SBL 43267 | 10/1/1969 | 10/1/1970 | 10/1/1969 | 10/1/1970 |
| Bucktail (509): Bucktail (509) | Insurance Company of North America | SBL 43267 | 10/1/1970 | 10/1/1971 | 10/1/1970 | 10/1/1971 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Bucktail (509): Bucktail (509) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 34 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bucktail (509): Bucktail (509) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bucktail (509): Bucktail (509) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Bucktail (509): Bucktail (509) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220089 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Bucktail (509): Bucktail (509) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | Aetna Casualty and Surety Company | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | Aetna Casualty and Surety Company | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | Aetna Casualty and Surety Company | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | Aetna Casualty and Surety Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 30 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buffalo Trace (156): Buffalo Trace 1955- (156) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219976 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buffalo Trail (567): Buffalo Trail (567) | Insurance Company of North America | SBL 45419 | 7/13/1968 | 7/13/1969 | 7/13/1968 | 7/13/1969 |
| Buffalo Trail (567): Buffalo Trail (567) | Insurance Company of North America | SBL 45422 | 7/13/1969 | 7/13/1970 | 7/13/1969 | 7/13/1970 |
| Buffalo Trail (567): Buffalo Trail (567) | Insurance Company of North America | Unknown | 7/13/1970 | 7/13/1971 | 7/13/1970 | 7/13/1971 |
| Buffalo Trail (567): Buffalo Trail (567) | Insurance Company of North America | Unknown | 7/13/1971 | 7/13/1972 | 7/13/1971 | 7/13/1972 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/13/1972 | 1/1/1973 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/13/1972 | 1/1/1973 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Buffalo Trail (567): Buffalo Trail (567) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buffalo Trail (567): Buffalo Trail (567) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buffalo Trail (567): Buffalo Trail (567) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buffalo Trail (567): Buffalo Trail (567) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 83 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Buffalo Trail (567): Buffalo Trail (567) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220214 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buffalo Trail (567): Buffalo Trail (567) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Buffalo Trail (567): Buffalo Trail (567) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Caddo Area (584): Caddo Area (584) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 89 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Caddo Area (584): Caddo Area (584) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Caddo Area (584): Caddo Area (584) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Caddo Area (584): Caddo Area (584) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Caddo Area (584): Caddo Area (584) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Caddo Area (584): Caddo Area (584) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220220 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Caddo Area (584): Caddo Area (584) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

13

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Calcasieu Area (209): Calcasieu Area (209) | Insurance Company of North America | SBL 51302 | 11/26/1969 | 11/26/1970 | 11/26/1969 | 11/26/1970 |
| Calcasieu Area (209): Calcasieu Area (209) | Insurance Company of North America | SBL 51302 | 11/26/1970 | 11/26/1971 | 11/26/1970 | 11/26/1971 |
| Calcasieu Area (209): Calcasieu Area (209) | Insurance Company of North America | SBL 51302 | 11/26/1971 | 11/26/1972 | 11/26/1971 | 11/26/1972 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 11/26/1972 | 1/1/1973 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 11/26/1972 | 1/1/1973 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Calcasieu Area (209): Calcasieu Area (209) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Calcasieu Area (209): Calcasieu Area (209) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Calcasieu Area (209): Calcasieu Area (209) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 59 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Calcasieu Area (209): Calcasieu Area (209) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Calcasieu Area (209): Calcasieu Area (209) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Calcasieu Area (209): Calcasieu Area (209) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220107 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Calcasieu Area (209): Calcasieu Area (209) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Insurance Company of North America | SBL 2 28 54 | 5/17/1965 | 5/17/1966 | 5/17/1965 | 5/17/1966 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Insurance Company of North America | SBL 2 28 54 | 5/17/1966 | 5/17/1967 | 5/17/1966 | 5/17/1967 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Insurance Company of North America | SBL 2 28 54 | 5/17/1967 | 5/17/1968 | 5/17/1967 | 5/17/1968 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Insurance Company of North America | SBL 4 59 02 | 5/17/1968 | 5/17/1969 | 5/17/1968 | 5/17/1969 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Insurance Company of North America | SBL 4 59 02 | 5/17/1969 | 5/17/1970 | 5/17/1969 | 5/17/1970 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Insurance Company of North America | SBL 4 59 02 | 5/17/1970 | 5/17/1971 | 5/17/1970 | 5/17/1971 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Insurance Company of North America | Unknown | 5/17/1971 | 5/17/1972 | 5/17/1971 | 5/17/1972 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/17/1972 | 1/1/1973 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/17/1972 | 1/1/1973 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| California Inland Empire (045): Arrowhead Area 1933-1972 (048) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| California Inland Empire (045): California Inland Empire 1972- (045) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| California Inland Empire (045): California Inland Empire 1972- (045) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| California Inland Empire (045): California Inland Empire 1972- (045) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 2/1/1974 | 1/1/1975 |
| California Inland Empire (045): California Inland Empire 1972- (045) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| California Inland Empire (045): California Inland Empire 1972- (045) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| California Inland Empire (045): California Inland Empire 1972- (045) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| California Inland Empire (045): California Inland Empire 1972- (045) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| California Inland Empire (045): California Inland Empire 1972- (045) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| California Inland Empire (045): California Inland Empire 1972- (045) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 46 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| California Inland Empire (045): California Inland Empire 1972- (045) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| California Inland Empire (045): California Inland Empire 1972- (045) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219894 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| California Inland Empire (045): California Inland Empire 1972- (045) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| California Inland Empire (045): California Inland Empire 1972- (045) | New Hampshire Insurance Company | GLA 332382 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| California Inland Empire (045): California Inland Empire 1972- (045) | New Hampshire Insurance Company | GLA 332383 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Insurance Company of North America | SBL 4 53 77 | 1/10/1966 | 1/10/1967 | 1/10/1966 | 1/10/1967 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Insurance Company of North America | SBL 4 53 77 | 1/10/1967 | 1/10/1968 | 1/10/1967 | 1/10/1968 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Insurance Company of North America | SBL 4 53 77 | 1/10/1968 | 1/9/1969 | 1/10/1968 | 1/9/1969 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Insurance Company of North America | SBL 50438 | 1/10/1969 | 1/10/1970 | 1/10/1969 | 1/10/1970 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Insurance Company of North America | SBL 50438 | 1/10/1970 | 1/10/1971 | 1/10/1970 | 1/10/1971 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Insurance Company of North America | SBL 50438 | 1/10/1971 | 1/10/1972 | 1/10/1971 | 1/10/1972 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/10/1972 | 1/1/1973 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/10/1972 | 1/1/1973 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| California Inland Empire (045): Grayback 1952-1974 (024) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| California Inland Empire (045): Grayback 1952-1974 (024) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Insurance Company of North America | Unknown | 10/21/1970 | 10/21/1971 | 10/21/1970 | 10/21/1971 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Insurance Company of North America | Unknown | 10/21/1970 | 6/3/1972 | 10/21/1971 | 6/3/1972 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/3/1972 | 1/1/1973 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/3/1972 | 1/1/1973 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 75 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cape Cod and Islands (224): Cape Cod 1925-1981 (224) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220125 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 90 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220044 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cape Fear (425): Cape Fear Area 1930-1989 (425) | Insurance Company of North America | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Capitol Area (564): Capitol Area (564) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Capitol Area (564): Capitol Area (564) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Capitol Area (564): Capitol Area (564) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Capitol Area (564): Capitol Area (564) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Capitol Area (564): Capitol Area (564) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Capitol Area (564): Capitol Area (564) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Capitol Area (564): Capitol Area (564) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 72 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Capitol Area (564): Capitol Area (564) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Capitol Area (564): Capitol Area (564) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Capitol Area (564): Capitol Area (564) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Capitol Area (564): Capitol Area (564) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Capitol Area (564): Capitol Area (564) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220203 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cascade Pacific (492): Cascade Area 1926-1993 (493) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cascade Pacific (492): Cascade Area 1926-1993 (493) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 30 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cascade Pacific (492): Cascade Area 1926-1993 (493) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cascade Pacific (492): Cascade Area 1926-1993 (493) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cascade Pacific (492): Cascade Area 1926-1993 (493) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220084 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cascade Pacific (492): Cascade Area 1926-1993 (493) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | General Insurance Company of America | CP 209181 | 11/15/1968 | 11/15/1969 | 11/15/1968 | 11/15/1969 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | General Insurance Company of America | CP 209181 | 11/15/1969 | 11/15/1970 | 11/15/1969 | 11/15/1970 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | General Insurance Company of America | CP 209181 | 11/15/1970 | 11/15/1971 | 11/15/1970 | 11/15/1971 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Maryland Casualty Company | 36307295 | 7/1/1975 | 7/1/1976 | 7/1/1975 | 7/1/1976 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Maryland Casualty Company | 3830-72-95 | 7/1/1975 | 7/1/1976 | 7/1/1975 | 7/1/1976 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 29 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Maryland Casualty Company | 3830-72-95 | 7/1/1976 | 7/1/1977 | 7/1/1976 | 7/1/1977 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Maryland Casualty Company | 36307295 | 7/1/1976 | 7/1/1977 | 7/1/1976 | 7/1/1977 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220083 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Maryland Casualty Company | 36307295 | 7/1/1977 | 7/1/1978 | 7/1/1977 | 7/1/1978 |
| Cascade Pacific (492): Columbia-Pacific 1966-1993 (492) | Maryland Casualty Company | 3830-72-95 | 7/1/1977 | 7/1/1978 | 7/1/1977 | 7/1/1978 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | American Employers' Insurance Company | CL 562971 | 4/16/1945 | 4/16/1946 | 4/16/1945 | 4/16/1946 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | American Employers' Insurance Company | CL 562971 | 4/16/1946 | 4/16/1947 | 4/16/1946 | 4/16/1947 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | American Employers' Insurance Company | CL 562971 | 4/16/1947 | 11/15/1947 | 4/16/1947 | 11/15/1947 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 38642 | 11/15/1947 | 11/15/1948 | 11/15/1947 | 11/15/1948 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 38642 | 11/15/1948 | 11/15/1949 | 11/15/1948 | 11/15/1949 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 38642 | 11/15/1949 | 11/15/1950 | 11/15/1949 | 11/15/1950 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 67048 | 11/15/1950 | 11/15/1951 | 11/15/1950 | 11/15/1951 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 67048 | 11/15/1951 | 11/15/1952 | 11/15/1951 | 11/15/1952 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 67048 | 11/15/1952 | 11/15/1953 | 11/15/1952 | 11/15/1953 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 24550 | 11/15/1953 | 11/15/1954 | 11/15/1953 | 11/15/1954 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 24550 | 11/15/1954 | 11/15/1955 | 11/15/1954 | 11/15/1955 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | BLP 24550 | 11/15/1955 | 11/15/1956 | 11/15/1955 | 11/15/1956 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Casualty Company of America | Unknown | 11/15/1956 | 11/15/1957 | 11/15/1956 | 11/15/1957 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/1/1957 | 11/1/1958 | 11/1/1957 | 11/1/1958 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/15/1958 | 11/15/1959 | 11/15/1958 | 11/15/1959 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/15/1959 | 11/15/1960 | 11/15/1959 | 11/15/1960 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/15/1960 | 11/15/1961 | 11/15/1960 | 11/15/1961 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/15/1961 | 11/15/1962 | 11/15/1961 | 11/15/1962 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/15/1962 | 11/15/1963 | 11/15/1962 | 11/15/1963 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/15/1963 | 11/15/1964 | 11/15/1963 | 11/15/1964 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | Unknown | 11/15/1964 | 11/15/1965 | 11/15/1964 | 11/15/1965 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | BLP 264175 | 11/15/1965 | 11/15/1966 | 11/15/1965 | 11/15/1966 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | BLP 264175 | 11/15/1966 | 11/15/1967 | 11/15/1966 | 11/15/1967 |
| Cascade Pacific (492): Portland Area 1925-1966 (492) | General Insurance Company of America | BLP 264175 | 11/15/1967 | 11/15/1968 | 11/15/1967 | 11/15/1968 |
| Catalina (011): Catalina 1963- (011) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Catalina (011): Catalina 1963- (011) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Catalina (011): Catalina 1963- (011) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Catalina (011): Catalina 1963- (011) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Catalina (011): Catalina 1963- (011) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 21 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Catalina (011): Catalina 1963- (011) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 5/8/1977 | 1/1/1977 | 5/8/1977 |
| Catalina (011): Catalina 1963- (011) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Catalina (011): Catalina 1963- (011) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219870 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Catalina (011): Catalina 1963- (011) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Catalina (011): Catalina 1963- (011) | New Hampshire Insurance Company | GLA 282527 | 5/8/1977 | 5/8/1978 | 5/8/1977 | 5/8/1978 |
| Catalina (011): Catalina 1963- (011) | New Hampshire Insurance Company | GLA 282526 | 5/8/1977 | 5/8/1978 | 5/8/1977 | 5/8/1978 |
| Catalina (011): Catalina 1963- (011) | New Hampshire Insurance Company | GLA 282523 | 5/8/1977 | 5/1/1978 | 5/8/1977 | 5/1/1978 |
| Catalina (011): Catalina 1963- (011) | Ambassador Insurance Company | Unknown | 5/8/1977 | 5/8/1978 | 5/8/1977 | 5/8/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Central Florida (083): Central Florida (083) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Central Florida (083): Central Florida (083) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Florida (083): Central Florida (083) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 80 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Florida (083): Central Florida (083) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Florida (083): Central Florida (083) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219928 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Central Florida (083): Central Florida (083) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Central Georgia (096): Central Georgia (096) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 93 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Georgia (096): Central Georgia (096) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Georgia (096): Central Georgia (096) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Georgia (096): Central Georgia (096) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Central Georgia (096): Central Georgia (096) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219941 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Central Minnesota (296): Central Minnesota (296) | Insurance Company of North America | SBL 5 04 26 | 8/5/1968 | 8/5/1969 | 8/5/1968 | 8/5/1969 |
| Central Minnesota (296): Central Minnesota (296) | Insurance Company of North America | SBL 5 04 26 | 8/5/1969 | 8/5/1970 | 8/5/1969 | 8/5/1970 |
| Central Minnesota (296): Central Minnesota (296) | Insurance Company of North America | SBL 5 04 26 | 8/5/1970 | 8/5/1971 | 8/5/1970 | 8/5/1971 |
| Central Minnesota (296): Central Minnesota (296) | Insurance Company of North America | Unknown | 8/5/1971 | 8/5/1972 | 8/5/1971 | 8/5/1972 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 8/5/1972 | 1/1/1973 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 8/5/1972 | 1/1/1973 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Central Minnesota (296): Central Minnesota (296) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Minnesota (296): Central Minnesota (296) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 03 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Minnesota (296): Central Minnesota (296) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central Minnesota (296): Central Minnesota (296) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Central Minnesota (296): Central Minnesota (296) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220153 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Central North Carolina (416): Central North Carolina (416) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Central North Carolina (416): Central North Carolina (416) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central North Carolina (416): Central North Carolina (416) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 81 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central North Carolina (416): Central North Carolina (416) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Central North Carolina (416): Central North Carolina (416) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Central North Carolina (416): Central North Carolina (416) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220034 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chattahoochee (091): Chattahoochee 1964- (091) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 91 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chattahoochee (091): Chattahoochee 1964- (091) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chattahoochee (091): Chattahoochee 1964- (091) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chattahoochee (091): Chattahoochee 1964- (091) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chattahoochee (091): Chattahoochee 1964- (091) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Chattahoochee (091): Chattahoochee 1964- (091) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chattahoochee (091): Chattahoochee 1964- (091) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219939 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chattahoochee (091): George H. Lanier 1950-1989 (094) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chattahoochee (091): George H. Lanier 1950-1989 (094) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chattahoochee (091): George H. Lanier 1950-1989 (094) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 99 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chattahoochee (091): George H. Lanier 1950-1989 (094) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chattahoochee (091): George H. Lanier 1950-1989 (094) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chattahoochee (091): George H. Lanier 1950-1989 (094) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219946 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cherokee Area (469): Cherokee Area (469) | Insurance Company of North America | SBL 51195 | 7/5/1969 | 7/5/1970 | 7/5/1969 | 7/5/1970 |
| Cherokee Area (469): Cherokee Area (469) | Insurance Company of North America | SBL 51195 | 7/5/1970 | 7/5/1971 | 7/5/1970 | 7/5/1971 |
| Cherokee Area (469): Cherokee Area (469) | Insurance Company of North America | SBL 51195 | 7/5/1971 | 7/5/1972 | 7/5/1971 | 7/5/1972 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/5/1972 | 1/1/1973 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/5/1972 | 1/1/1973 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cherokee Area (469): Cherokee Area (469) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cherokee Area (469): Cherokee Area (469) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 18 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cherokee Area (469): Cherokee Area (469) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cherokee Area (469): Cherokee Area (469) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cherokee Area (556): Cherokee Area (556) | Insurance Company of North America | SBL 45397 | 3/17/1967 | 3/17/1968 | 3/17/1967 | 3/17/1968 |
| Cherokee Area (556): Cherokee Area (556) | Insurance Company of North America | SBL 45397 | 3/17/1968 | 3/17/1969 | 3/17/1968 | 3/17/1969 |
| Cherokee Area (556): Cherokee Area (556) | Insurance Company of North America | SBL 45397 | 3/17/1969 | 3/17/1970 | 3/17/1969 | 3/17/1970 |
| Cherokee Area (556): Cherokee Area (556) | Insurance Company of North America | Unknown | 3/17/1970 | 3/17/1971 | 3/17/1970 | 3/17/1971 |
| Cherokee Area (556): Cherokee Area (556) | Insurance Company of North America | Unknown | 3/17/1971 | 3/17/1972 | 3/17/1971 | 3/17/1972 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/18/1972 | 1/1/1973 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/18/1972 | 1/1/1973 |
| Cherokee Area (556): Cherokee Area (556) | Insurance Company of North America | Unknown | 3/17/1972 | 3/18/1972 | 3/17/1972 | 3/18/1972 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cherokee Area (556): Cherokee Area (556) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 64 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cherokee Area (556): Cherokee Area (556) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cherokee Area (556): Cherokee Area (556) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cherokee Area (556): Cherokee Area (556) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220286 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cherokee Area (556): Cherokee Area (556) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220072 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cherokee Area (556): Cherokee Area (556) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chester County (539): Chester County (539) | Insurance Company of North America | Unknown | 1/1/1957 | 1/1/1958 | 1/1/1957 | 1/1/1958 |
| Chester County (539): Chester County (539) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Chester County (539): Chester County (539) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Chester County (539): Chester County (539) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Chester County (539): Chester County (539) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Chester County (539): Chester County (539) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Chester County (539): Chester County (539) | Insurance Company of North America | SBL 44296 | 3/11/1969 | 3/11/1970 | 3/11/1969 | 3/11/1970 |
| Chester County (539): Chester County (539) | Insurance Company of North America | Unknown | 1/1/1970 | 3/11/1970 | 1/1/1970 | 3/11/1970 |
| Chester County (539): Chester County (539) | Insurance Company of North America | SBL 53213 | 3/11/1970 | 3/11/1971 | 3/11/1970 | 3/11/1971 |
| Chester County (539): Chester County (539) | Insurance Company of North America | SBL 5 32 52 | 3/11/1971 | 3/11/1972 | 3/11/1971 | 3/11/1972 |
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/11/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/11/1972 | 1/1/1973 |
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chester County (539): Chester County (539) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 50 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chester County (539): Chester County (539) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chester County (539): Chester County (539) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chester County (539): Chester County (539) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chester County (539): Chester County (539) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chester County (539): Chester County (539) | New Hampshire Insurance Company | GLA 332358 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chester County (539): Chester County (539) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220272 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chester County (539): Chester County (539) | American Universal Insurance Company | AXTPL 5318 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chickasaw (558): Chickasaw 1916- (558) | Maryland Casualty Company | 96-224611 | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Chickasaw (558): Chickasaw 1916- (558) | Maryland Casualty Company | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Chickasaw (558): Chickasaw 1916- (558) | Maryland Casualty Company | Unknown | 1/1/1965 | 8/1/1965 | 1/1/1965 | 8/1/1965 |
| Chickasaw (558): Chickasaw 1916- (558) | Insurance Company of North America | SBL 4 53 64 | 8/1/1965 | 8/1/1966 | 8/1/1965 | 8/1/1966 |
| Chickasaw (558): Chickasaw 1916- (558) | Insurance Company of North America | SBL 4 53 64 | 8/1/1966 | 8/1/1967 | 8/1/1966 | 8/1/1967 |
| Chickasaw (558): Chickasaw 1916- (558) | Insurance Company of North America | SBL 4 53 64 | 8/1/1967 | 8/1/1968 | 8/1/1967 | 8/1/1968 |
| Chickasaw (558): Chickasaw 1916- (558) | Insurance Company of North America | SBL 5 04 15 | 8/1/1968 | 8/1/1969 | 8/1/1968 | 8/1/1969 |
| Chickasaw (558): Chickasaw 1916- (558) | Insurance Company of North America | SBL 5 04 15 | 8/1/1969 | 8/1/1970 | 8/1/1969 | 8/1/1970 |
| Chickasaw (558): Chickasaw 1916- (558) | Insurance Company of North America | SBL 5 04 15 | 8/1/1970 | 8/1/1971 | 8/1/1970 | 8/1/1971 |
| Chickasaw (558): Chickasaw 1916- (558) | Insurance Company of North America | SBL 52766 | 8/1/1971 | 8/1/1972 | 8/1/1971 | 8/1/1972 |
| Chickasaw (558): Chickasaw 1916- (558) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 8/1/1972 | 1/1/1973 |
| Chickasaw (558): Chickasaw 1916- (558) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 8/1/1972 | 1/1/1973 |
| Chickasaw (558): Chickasaw 1916- (558) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chickasaw (558): Chickasaw 1916- (558) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chickasaw (558): Chickasaw 1916- (558) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chickasaw (558): Chickasaw 1916- (558) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chickasaw (558): Chickasaw 1916- (558) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 68 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chickasaw (558): Chickasaw 1916- (558) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220290 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chickasaw (558): Delta Area 1924-1993 (300) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chickasaw (558): Delta Area 1924-1993 (300) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chickasaw (558): Delta Area 1924-1993 (300) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chickasaw (558): Delta Area 1924-1993 (300) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 05 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chickasaw (558): Delta Area 1924-1993 (300) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chickasaw (558): Delta Area 1924-1993 (300) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220155 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | New Hampshire Insurance Company | SLP 29-02-40 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | New Hampshire Insurance Company | SLP 29-02-40 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 49 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | New Hampshire Insurance Company | SLP 29-02-40 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Chief Cornplanter (538): Chief Cornplanter 1952- (538) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220271 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chief Seattle (609): Chief Seattle 1954- (609) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Chief Seattle (609): Chief Seattle 1954- (609) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chief Seattle (609): Chief Seattle 1954- (609) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chief Seattle (609): Chief Seattle 1954- (609) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chief Seattle (609): Chief Seattle 1954- (609) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chief Seattle (609): Chief Seattle 1954- (609) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1976 | 12/31/1976 | 1/1/1976 | 12/31/1976 |
| Chief Seattle (609): Chief Seattle 1954- (609) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chief Seattle (609): Chief Seattle 1954- (609) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 24 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chief Seattle (609): Chief Seattle 1954- (609) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chief Seattle (609): Chief Seattle 1954- (609) | St. Paul Fire and Marine Insurance Company | 584JB6378 | 12/31/1976 | 12/31/1977 | 12/31/1976 | 12/31/1977 |
| Chief Seattle (609): Chief Seattle 1954- (609) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chief Seattle (609): Chief Seattle 1954- (609) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220243 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chief Seattle (609): Chief Seattle 1954- (609) | St. Paul Fire and Marine Insurance Company | Unknown | 12/31/1977 | 12/31/1978 | 12/31/1977 | 12/31/1978 |
| Chief Seattle (609): Olympic Area 1956-1974 (605) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Chief Seattle (609): Olympic Area 1956-1974 (605) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 9/1/1972 | 1/1/1973 |
| Chief Seattle (609): Olympic Area 1956-1974 (605) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chief Seattle (609): Olympic Area 1956-1974 (605) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chief Seattle (609): Olympic Area 1956-1974 (605) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chief Seattle (609): Olympic Area 1956-1974 (605) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/25/1972 | 1/1/1973 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/25/1972 | 1/1/1973 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Chippewa Valley (637): Chippewa Valley (637) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chippewa Valley (637): Chippewa Valley (637) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 42 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chippewa Valley (637): Chippewa Valley (637) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Chippewa Valley (637): Chippewa Valley (637) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220258 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Chippewa Valley (637): Chippewa Valley (637) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Choctaw Area (302): Choctaw Area (302) | Insurance Company of North America | SBL 4 29 67 | 3/15/1965 | 3/15/1966 | 3/15/1965 | 3/15/1966 |
| Choctaw Area (302): Choctaw Area (302) | Insurance Company of North America | SBL 4 29 67 | 3/15/1966 | 3/15/1967 | 3/15/1966 | 3/15/1967 |
| Choctaw Area (302): Choctaw Area (302) | Insurance Company of North America | SBL 4 29 67 | 3/15/1967 | 3/15/1968 | 3/15/1967 | 3/15/1968 |
| Choctaw Area (302): Choctaw Area (302) | Insurance Company of North America | SBL 4 69 17 | 3/15/1968 | 3/15/1969 | 3/15/1968 | 3/15/1969 |
| Choctaw Area (302): Choctaw Area (302) | Insurance Company of North America | SBL 4 69 17 | 3/15/1969 | 3/15/1970 | 3/15/1969 | 3/15/1970 |
| Choctaw Area (302): Choctaw Area (302) | Insurance Company of North America | SBL 4 69 17 | 3/15/1970 | 3/15/1971 | 3/15/1970 | 3/15/1971 |
| Choctaw Area (302): Choctaw Area (302) | Insurance Company of North America | Unknown | 3/15/1971 | 3/15/1972 | 3/15/1971 | 3/15/1972 |
| Choctaw Area (302): Choctaw Area (302) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Choctaw Area (302): Choctaw Area (302) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Choctaw Area (302): Choctaw Area (302) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Choctaw Area (302): Choctaw Area (302) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Choctaw Area (302): Choctaw Area (302) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Choctaw Area (302): Choctaw Area (302) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Choctaw Area (302): Choctaw Area (302) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Choctaw Area (302): Choctaw Area (302) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Choctaw Area (302): Choctaw Area (302) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 09 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Choctaw Area (302): Choctaw Area (302) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220159 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Choctaw Area (302): Choctaw Area (302) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Choctaw Area (302): Choctaw Area (302) | Jefferson Insurance Company of New York | JE 66157 | 3/1/1977 | 3/1/1978 | 3/1/1977 | 3/1/1978 |
| Choctaw Area (302): Choctaw Area (302) | New Hampshire Insurance Company | GLA 282465 | 3/1/1977 | 3/1/1978 | 3/1/1977 | 3/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Choctaw Area (302): Choctaw Area (302) | Ambassador Insurance Company | Unknown | 3/1/1977 | 3/1/1978 | 3/1/1977 | 3/1/1978 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 20 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220073 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cimarron (474): Great Salt Plains 1927-2000 (474) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 12/16/1972 | 1/1/1973 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 12/16/1972 | 1/1/1973 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cimarron (474): Will Rogers 1948-2000 (473) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cimarron (474): Will Rogers 1948-2000 (473) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 24 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cimarron (474): Will Rogers 1948-2000 (473) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cimarron (474): Will Rogers 1948-2000 (473) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220077 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cimarron (474): Will Rogers 1948-2000 (473) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Circle Ten (571): Circle Ten 1913- (571) | Insurance Company of North America | Unknown | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Circle Ten (571): Circle Ten 1913- (571) | Insurance Company of North America | SBL 4 54 34 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Circle Ten (571): Circle Ten 1913- (571) | Allied Insurance Company | Unknown | 7/1/1972 | 7/1/1973 | 7/1/1972 | 7/1/1973 |
| Circle Ten (571): Circle Ten 1913- (571) | Allied Insurance Company | Unknown | 7/1/1973 | 1/1/1974 | 7/1/1973 | 1/1/1974 |
| Circle Ten (571): Circle Ten 1913- (571) | Allied Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Circle Ten (571): Circle Ten 1913- (571) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Circle Ten (571): Circle Ten 1913- (571) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Circle Ten (571): Circle Ten 1913- (571) | Allied Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Circle Ten (571): Circle Ten 1913- (571) | American General Fire & Casualty Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Circle Ten (571): Circle Ten 1913- (571) | Allied Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): Circle Ten 1913- (571) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): Circle Ten 1913- (571) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): Circle Ten 1913- (571) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 76 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): Circle Ten 1913- (571) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Circle Ten (571): Circle Ten 1913- (571) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220207 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Circle Ten (571): Circle Ten 1913- (571) | Allied Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Circle Ten (571): Circle Ten 1913- (571) | Insurance Company of North America | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/19/1972 | 1/1/1973 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/19/1972 | 1/1/1973 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 85 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220216 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Circle Ten (571): NeTseO Trails 1955-2017 (580) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

21

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Circle Ten (571): Texoma Valley 1966-1993 (566) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 88 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220219 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Circle Ten (571): Texoma Valley 1966-1993 (566) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coastal Carolina (550): Coastal Carolina (550) | Insurance Company of North America | SBL 5 02 31 | 6/7/1968 | 6/7/1969 | 6/7/1968 | 6/7/1969 |
| Coastal Carolina (550): Coastal Carolina (550) | Insurance Company of North America | SBL 5 10 71 | 6/7/1969 | 6/7/1970 | 6/7/1969 | 6/7/1970 |
| Coastal Carolina (550): Coastal Carolina (550) | Insurance Company of North America | SBL 5 26 62 | 6/7/1970 | 6/7/1971 | 6/7/1970 | 6/7/1971 |
| Coastal Carolina (550): Coastal Carolina (550) | Insurance Company of North America | SBL 5 36 40 | 6/7/1971 | 6/7/1972 | 6/7/1971 | 6/7/1972 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Coastal Carolina (550): Coastal Carolina (550) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Carolina (550): Coastal Carolina (550) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 56 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Carolina (550): Coastal Carolina (550) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Carolina (550): Coastal Carolina (550) | Continental Insurance Company | CCP 3012802 | 7/9/1976 | 7/9/1977 | 7/9/1976 | 7/9/1977 |
| Coastal Carolina (550): Coastal Carolina (550) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coastal Carolina (550): Coastal Carolina (550) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220278 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 95 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219943 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | Hartford Fire Insurance Company | 20 SBM US2073 | 1/1/2007 | 1/1/2008 | 1/1/2007 | 1/1/2008 |
| Coastal Georgia (099): Coastal Empire -2014 (099) | Hartford Fire Insurance Company | 20 SBM US2073 | 1/1/2007 | 1/1/2008 | 1/1/2007 | 1/1/2008 |
| Coastal Georgia (099): Coastal Georgia 2014- (099) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/31/1972 | 1/1/1973 |
| Coastal Georgia (099): Coastal Georgia 2014- (099) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/31/1972 | 1/1/1973 |
| Coastal Georgia (099): Coastal Georgia 2014- (099) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coastal Georgia (099): Coastal Georgia 2014- (099) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Insurance Company of North America | SBL 51393 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Insurance Company of North America | SBL 51393 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 98 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219945 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coastal Georgia (099): Okefenokee Area 1926-2014 (758) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Insurance Company of North America | LAB 2 21 79 | 1/23/1970 | 1/23/1971 | 1/23/1970 | 1/23/1971 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Insurance Company of North America | LAB 2 21 79 | 1/23/1971 | 1/23/1972 | 1/23/1971 | 1/23/1972 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/23/1972 | 1/1/1973 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/23/1972 | 1/1/1973 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 15 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | Crum & Forster | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Colonial Virginia (595): Old Dominion Area 1927-1992 (601) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220236 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 09 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Colonial Virginia (595): Peninsula 1929-1992 (595) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220231 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Columbia-Montour (504): Columbia-Montour (504) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Columbia-Montour (504): Columbia-Montour (504) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Columbia-Montour (504): Columbia-Montour (504) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 31 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Columbia-Montour (504): Columbia-Montour (504) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Columbia-Montour (504): Columbia-Montour (504) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220086 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Columbia-Montour (504): Columbia-Montour (504) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Rivers (066): Eastern Connecticut 1929-1972 (076) | Insurance Company of North America | SBL 4 29 80 | 4/15/1965 | 4/15/1966 | 4/15/1965 | 4/15/1966 |
| Connecticut Rivers (066): Eastern Connecticut 1929-1972 (076) | Insurance Company of North America | SBL 4 29 80 | 4/15/1966 | 4/15/1967 | 4/15/1966 | 4/15/1967 |
| Connecticut Rivers (066): Eastern Connecticut 1929-1972 (076) | Insurance Company of North America | SBL 4 29 80 | 4/15/1967 | 4/15/1968 | 4/15/1967 | 4/15/1968 |
| Connecticut Rivers (066): Eastern Connecticut 1929-1972 (076) | Insurance Company of North America | SBL 4 69 37 | 4/15/1968 | 4/15/1969 | 4/15/1968 | 4/15/1969 |
| Connecticut Rivers (066): Eastern Connecticut 1929-1972 (076) | Insurance Company of North America | SBL 4 69 37 | 4/15/1969 | 4/15/1970 | 4/15/1969 | 4/15/1970 |
| Connecticut Rivers (066): Eastern Connecticut 1929-1972 (076) | Insurance Company of North America | SBL 4 69 37 | 4/15/1970 | 4/15/1971 | 4/15/1970 | 4/15/1971 |
| Connecticut Rivers (066): Eastern Connecticut 1929-1972 (076) | Insurance Company of North America | SBL 5 14 99 | 4/15/1971 | 4/15/1972 | 4/15/1971 | 4/15/1972 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Insurance Company of North America | SBL 5 14 99 | 10/1/1971 | 4/15/1972 | 10/1/1971 | 4/15/1972 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/15/1972 | 1/1/1973 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/15/1972 | 1/1/1973 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

23

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 72 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219920 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Rivers (066): Indian Trails 1971-1992 (073) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 70 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219918 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Aetna Insurance Company | CG 67 34 60 | 12/15/1982 | 12/15/1983 | 12/15/1982 | 12/15/1983 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Continental Insurance Company | L 1 07 95 74 | 1/23/1987 | 1/23/1988 | 1/23/1987 | 1/23/1988 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Continental Insurance Company | CLP 5045040 | 1/23/1988 | 1/23/1989 | 1/23/1988 | 1/23/1989 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Continental Insurance Company | CLP 5045040 | 1/23/1989 | 1/23/1990 | 1/23/1989 | 1/23/1990 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Continental Insurance Company | CLP 5045040 | 1/23/1990 | 1/23/1991 | 1/23/1990 | 1/23/1991 |
| Connecticut Rivers (066): Long Rivers 1972-1995 (066) | Continental Insurance Company | CLP 5045040 | 1/23/1991 | 1/23/1992 | 1/23/1991 | 1/23/1992 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Insurance Company of North America | SBL 4 29 78 | 3/20/1965 | 3/20/1966 | 3/20/1965 | 3/20/1966 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Insurance Company of North America | SBL 4 29 78 | 3/20/1966 | 3/20/1967 | 3/20/1966 | 3/20/1967 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Insurance Company of North America | SBL 4 29 78 | 3/20/1967 | 3/20/1968 | 3/20/1967 | 3/20/1968 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Insurance Company of North America | SBL 46918 | 3/20/1968 | 3/20/1969 | 3/20/1968 | 3/20/1969 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Insurance Company of North America | SBL 46918 | 3/20/1969 | 3/20/1970 | 3/20/1969 | 3/20/1970 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Insurance Company of North America | SBL 46918 | 3/20/1970 | 3/20/1971 | 3/20/1970 | 3/20/1971 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Insurance Company of North America | SBL 51411 | 3/20/1971 | 3/20/1972 | 3/20/1971 | 3/20/1972 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/20/1972 | 1/1/1973 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/20/1972 | 1/1/1973 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Rivers (066): Nathan Hale 1967-1972 (072) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Rivers (066): Pequot 1935-1971 (077) | Insurance Company of North America | SBL 5 04 09 | 5/1/1968 | 5/1/1969 | 5/1/1968 | 5/1/1969 |
| Connecticut Rivers (066): Pequot 1935-1971 (077) | Insurance Company of North America | SBL 5 04 09 | 5/1/1969 | 5/1/1970 | 5/1/1969 | 5/1/1970 |
| Connecticut Rivers (066): Pequot 1935-1971 (077) | Insurance Company of North America | SBL 5 04 09 | 5/1/1970 | 5/1/1971 | 5/1/1970 | 5/1/1971 |
| Connecticut Rivers (066): Pequot 1935-1971 (077) | Insurance Company of North America | SBL 5 15 38 | 5/1/1971 | 10/1/1971 | 5/1/1971 | 10/1/1971 |
| Connecticut Rivers (066): Tunxis 1947-1972 (079) | Insurance Company of North America | SBL 51586 | 6/28/1971 | 6/28/1972 | 6/28/1971 | 6/28/1972 |
| Connecticut Rivers (066): Tunxis 1947-1972 (079) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/29/1972 | 1/1/1973 |
| Connecticut Rivers (066): Tunxis 1947-1972 (079) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/29/1972 | 1/1/1973 |
| Connecticut Rivers (066): Tunxis 1947-1972 (079) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Rivers (066): Tunxis 1947-1972 (079) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Insurance Company of North America | SBL 46908 | 3/5/1968 | 3/5/1969 | 3/5/1968 | 3/5/1969 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Insurance Company of North America | SBL 46908 | 3/5/1969 | 3/5/1970 | 3/5/1969 | 3/5/1970 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Insurance Company of North America | SBL 46908 | 3/5/1970 | 3/5/1971 | 3/5/1970 | 3/5/1971 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Insurance Company of North America | SBL 5 13 98 | 3/5/1971 | 3/5/1972 | 3/5/1971 | 3/5/1972 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/5/1972 | 1/1/1973 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/5/1972 | 1/1/1973 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Alfred W. Dater 1939-1972 (078) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | SBL 5 04 10 | 5/14/1968 | 5/14/1969 | 5/14/1968 | 5/14/1969 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | SBL 5 04 10 | 5/14/1969 | 5/14/1970 | 5/14/1969 | 5/14/1970 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | SBL 5 04 10 | 5/14/1970 | 5/14/1971 | 5/14/1970 | 5/14/1971 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | SBL 51549 | 5/14/1971 | 5/14/1972 | 5/14/1971 | 5/14/1972 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/14/1972 | 1/1/1973 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/14/1972 | 1/1/1973 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | GLP 59 87 52 | 2/13/1975 | 2/13/1976 | 2/13/1975 | 2/13/1976 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | XBC 11 73 80 | 7/1/1975 | 2/13/1976 | 7/1/1975 | 2/13/1976 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 71 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | GLP 63 06 26 | 2/13/1976 | 2/13/1977 | 2/13/1976 | 2/13/1977 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | XBC 11 73 80 | 2/13/1976 | 2/13/1977 | 2/13/1976 | 2/13/1977 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219919 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | GLP 66 59 57 | 2/13/1977 | 2/13/1978 | 2/13/1977 | 2/13/1978 |
| Connecticut Yankee (072): Central Connecticut 1929-1978 (071) | Insurance Company of North America | XBC 11 75 11 | 2/13/1977 | 2/13/1978 | 2/13/1977 | 2/13/1978 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 73 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | New Hampshire Insurance Company | 08-2484-SLP-063-47-79 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219921 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Yankee (072): Fairfield County 1972-1998 (068) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Yankee (072): Mauwehu 1952-1972 (075) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/20/1972 | 1/1/1973 |
| Connecticut Yankee (072): Mauwehu 1952-1972 (075) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/20/1972 | 1/1/1973 |
| Connecticut Yankee (072): Mauwehu 1952-1972 (075) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Mauwehu 1952-1972 (075) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Insurance Company of North America | AGP-1-69-76 | 1/7/1970 | 1/7/1971 | 1/7/1970 | 1/7/1971 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Insurance Company of North America | SBL 4 77 79 | 2/1/1970 | 2/1/1971 | 2/1/1970 | 2/1/1971 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Insurance Company of North America | AGP-1-69-76 | 1/7/1971 | 1/7/1972 | 1/7/1971 | 1/7/1972 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Insurance Company of North America | SBL 5 29 23 | 2/1/1971 | 2/1/1972 | 2/1/1971 | 2/1/1972 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Insurance Company of North America | AGP-1-69-76 | 1/7/1972 | 1/7/1973 | 1/7/1972 | 1/7/1973 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Insurance Company of North America | AGP-1-69-76 | 1/7/1973 | 6/1/1973 | 1/7/1973 | 6/1/1973 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 69 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219917 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Connecticut Yankee (072): Quinnipiac 1935-1998 (074) | New Hampshire Insurance Company | SLP 634924 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Conquistador (413): Conquistador 1953- (413) | Fireman's Fund Insurance Company | MXP 1537195 | 1/12/1969 | 1/12/1970 | 1/12/1969 | 1/12/1970 |
| Conquistador (413): Conquistador 1953- (413) | Fireman's Fund Insurance Company | MXP 1537195 | 1/12/1970 | 1/12/1971 | 1/12/1970 | 1/12/1971 |
| Conquistador (413): Conquistador 1953- (413) | Fireman's Fund Insurance Company | MXP 1537195 | 1/12/1971 | 1/12/1972 | 1/12/1971 | 1/12/1972 |
| Conquistador (413): Conquistador 1953- (413) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Conquistador (413): Conquistador 1953- (413) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Conquistador (413): Conquistador 1953- (413) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Conquistador (413): Conquistador 1953- (413) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Conquistador (413): Conquistador 1953- (413) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Conquistador (413): Conquistador 1953- (413) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Conquistador (413): Conquistador 1953- (413) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Conquistador (413): Conquistador 1953- (413) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 47 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Conquistador (413): Conquistador 1953- (413) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Conquistador (413): Conquistador 1953- (413) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220199 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Conquistador (413): Conquistador 1953- (413) | Insurance Company of North America | GK-12042 | 1/1/1987 | 1/1/1988 | 1/1/1987 | 1/1/1988 |
| Conquistador (413): Eastern New Mexico 1925-1953 (413) | Anchor Casualty Company | 442398 | 6/29/1955 | 6/29/1956 | 6/29/1955 | 6/29/1956 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cornhusker (324): Cornhusker (324) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cornhusker (324): Cornhusker (324) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 19 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cornhusker (324): Cornhusker (324) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cornhusker (324): Cornhusker (324) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220170 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cornhusker (324): Cornhusker (324) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coronado Area (192): Coronado Area (192) | United States Fidelity & Warranty Company | CGL 235298 | 6/28/1961 | 6/28/1962 | 6/28/1961 | 6/28/1962 |
| Coronado Area (192): Coronado Area (192) | United States Fidelity & Warranty Company | Unknown | 6/28/1962 | 6/28/1963 | 6/28/1962 | 6/28/1963 |
| Coronado Area (192): Coronado Area (192) | United States Fidelity & Warranty Company | Unknown | 6/28/1963 | 6/28/1964 | 6/28/1963 | 6/28/1964 |
| Coronado Area (192): Coronado Area (192) | United States Fidelity & Warranty Company | Unknown | 6/28/1964 | 6/28/1965 | 6/28/1964 | 6/28/1965 |
| Coronado Area (192): Coronado Area (192) | United States Fidelity & Warranty Company | 6GA 324983 | 6/28/1965 | 6/28/1966 | 6/28/1965 | 6/28/1966 |
| Coronado Area (192): Coronado Area (192) | Insurance Company of North America | SBL 28074 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Coronado Area (192): Coronado Area (192) | Insurance Company of North America | SBL 28082 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Coronado Area (192): Coronado Area (192) | Insurance Company of North America | SBL 28088 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Coronado Area (192): Coronado Area (192) | Insurance Company of North America | SBL 5 11 88 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Coronado Area (192): Coronado Area (192) | Insurance Company of North America | SBL 5 08 57 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Coronado Area (192): Coronado Area (192) | Insurance Company of North America | SBL 5 08 57 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Coronado Area (192): Coronado Area (192) | Insurance Company of North America | SBL 5 08 57 | 3/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Coronado Area (192): Coronado Area (192) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coronado Area (192): Coronado Area (192) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Coronado Area (192): Coronado Area (192) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coronado Area (192): Coronado Area (192) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Coronado Area (192): Coronado Area (192) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Coronado Area (192): Coronado Area (192) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 48 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coronado Area (192): Coronado Area (192) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coronado Area (192): Coronado Area (192) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Coronado Area (192): Coronado Area (192) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Coronado Area (192): Coronado Area (192) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219996 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 4 34 21 | 2/1/1965 | 2/1/1966 | 2/1/1965 | 2/1/1966 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 4 34 21 | 2/1/1966 | 2/1/1967 | 2/1/1966 | 2/1/1967 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 4 34 21 | 2/1/1967 | 2/1/1968 | 2/1/1967 | 2/1/1968 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 4 41 51 | 2/1/1968 | 2/1/1969 | 2/1/1968 | 2/1/1969 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | AGP-93-25 | 3/16/1968 | 3/16/1969 | 3/16/1968 | 3/16/1969 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 5 11 77 | 2/1/1969 | 2/1/1970 | 2/1/1969 | 2/1/1970 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 4 41 51 | 2/1/1969 | 2/1/1970 | 2/1/1969 | 2/1/1970 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 5 11 77 | 2/1/1970 | 2/1/1971 | 2/1/1970 | 2/1/1971 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 4 41 51 | 2/1/1970 | 2/1/1971 | 2/1/1970 | 2/1/1971 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Insurance Company of North America | SBL 5 11 77 | 2/1/1971 | 2/1/1972 | 2/1/1971 | 2/1/1972 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 42 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220097 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cradle of Liberty (525): Philadelphia 1914-1996 (525) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Insurance Company of North America | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Insurance Company of North America | SBL-4-34-60 | 3/14/1967 | 3/14/1968 | 3/14/1967 | 3/14/1968 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Insurance Company of North America | SBL-44-1-85 | 3/14/1968 | 3/14/1969 | 3/14/1968 | 3/14/1969 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Insurance Company of North America | Unknown | 3/14/1969 | 3/14/1970 | 3/14/1969 | 3/14/1970 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Insurance Company of North America | Unknown | 3/14/1970 | 3/14/1971 | 3/14/1970 | 3/14/1971 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Insurance Company of North America | Unknown | 3/14/1971 | 1/1/1972 | 3/14/1971 | 1/1/1972 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 48 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Cradle of Liberty (525): Valley Forge 1936-1996 (507) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220270 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crater Lake (491): Crater Lake 1993- (491) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crater Lake (491): Crater Lake 1993- (491) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crater Lake (491): Crater Lake 1993- (491) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Crater Lake (491): Crater Lake 1993- (491) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Crater Lake (491): Crater Lake 1993- (491) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 28 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crater Lake (491): Crater Lake 1993- (491) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220080 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crater Lake (491): Modoc Area 1936-1993 (494) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crater Lake (491): Modoc Area 1936-1993 (494) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 27 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crater Lake (491): Modoc Area 1936-1993 (494) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crater Lake (491): Modoc Area 1936-1993 (494) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crater Lake (491): Modoc Area 1936-1993 (494) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220082 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crater Lake (491): Modoc Area 1936-1993 (494) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

27

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Crossroads of America (160): Crossroads of America 1972- (160) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crossroads of America (160): Crossroads of America 1972- (160) | Insurance Company of North America | XCP 10769 | 6/1/1975 | 6/1/1976 | 6/1/1975 | 6/1/1976 |
| Crossroads of America (160): Crossroads of America 1972- (160) | New Hampshire Insurance Company | UL07-96-54 | 6/1/1975 | 6/1/1976 | 6/1/1975 | 6/1/1976 |
| Crossroads of America (160): Crossroads of America 1972- (160) | New Hampshire Insurance Company | GLA908991 | 6/1/1975 | 6/1/1976 | 6/1/1975 | 6/1/1976 |
| Crossroads of America (160): Crossroads of America 1972- (160) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of America (160): Crossroads of America 1972- (160) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of America (160): Crossroads of America 1972- (160) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 32 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of America (160): Crossroads of America 1972- (160) | New Hampshire Insurance Company | GLA908991 | 6/1/1976 | 6/1/1977 | 6/1/1976 | 6/1/1977 |
| Crossroads of America (160): Crossroads of America 1972- (160) | Insurance Company of North America | XCP 10769 | 6/1/1976 | 6/1/1977 | 6/1/1976 | 6/1/1977 |
| Crossroads of America (160): Crossroads of America 1972- (160) | New Hampshire Insurance Company | UL07-96-54 | 6/1/1976 | 6/1/1977 | 6/1/1976 | 6/1/1977 |
| Crossroads of America (160): Crossroads of America 1972- (160) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219978 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of America (160): Crossroads of America 1972- (160) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of America (160): Crossroads of America 1972- (160) | New Hampshire Insurance Company | UL07-96-54 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Crossroads of America (160): Crossroads of America 1972- (160) | Insurance Company of North America | XCP 10769 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Crossroads of America (160): Crossroads of America 1972- (160) | New Hampshire Insurance Company | GLA908991 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Crossroads of America (160): Delaware County 1924-1972 (679) | Insurance Company of North America | SBL 5 15 56 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Crossroads of America (160): Delaware County 1924-1972 (679) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Crossroads of America (160): Delaware County 1924-1972 (679) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Crossroads of America (160): Delaware County 1924-1972 (679) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of America (160): Delaware County 1924-1972 (679) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of America (160): Kikthawenund Area 1935-1972 (149) | Insurance Company of North America | SBL-4-67-60 | 6/9/1968 | 6/9/1969 | 6/9/1968 | 6/9/1969 |
| Crossroads of America (160): Kikthawenund Area 1935-1972 (149) | Insurance Company of North America | SBL 46771 | 6/9/1969 | 6/9/1970 | 6/9/1969 | 6/9/1970 |
| Crossroads of America (160): Kikthawenund Area 1935-1972 (149) | Insurance Company of North America | SBL 46782 | 6/9/1970 | 6/9/1971 | 6/9/1970 | 6/9/1971 |
| Crossroads of America (160): Kikthawenund Area 1935-1972 (149) | Insurance Company of North America | Unknown | 6/9/1971 | 6/9/1972 | 6/9/1971 | 6/9/1972 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | SBL 46772 | 4/11/1969 | 4/11/1970 | 4/11/1969 | 4/11/1970 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | SBL 46772 | 4/11/1970 | 4/11/1971 | 4/11/1970 | 4/11/1971 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | SBL 46798 | 4/11/1971 | 4/11/1972 | 4/11/1971 | 4/11/1972 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | ALB 54057 | 4/11/1972 | 4/11/1973 | 4/11/1972 | 4/11/1973 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | GLP 42 18 47 | 4/11/1973 | 4/11/1974 | 4/11/1973 | 4/11/1974 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | GLP 428340 | 4/11/1974 | 4/11/1975 | 4/11/1974 | 4/11/1975 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | GLP 59 24 34 | 4/11/1975 | 12/2/1975 | 4/11/1975 | 12/2/1975 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Insurance Company of North America | GLP 59 24 34 | 12/2/1975 | 4/11/1976 | 12/2/1975 | 4/11/1976 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 37 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of America (160): Wabash Valley 1931-2002 (166) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219983 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of America (160): Whitewater Valley 1935-1972 (151) | Insurance Company of North America | SBL 4 10 99 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Crossroads of America (160): Whitewater Valley 1935-1972 (151) | Insurance Company of North America | SBL 4 67 34 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Crossroads of America (160): Whitewater Valley 1935-1972 (151) | Insurance Company of North America | SBL-4-67-59 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Crossroads of America (160): Whitewater Valley 1935-1972 (151) | Insurance Company of North America | SBL 46781 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Crossroads of America (160): Whitewater Valley 1935-1972 (151) | Insurance Company of North America | SBL 46781 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Crossroads of America (160): Whitewater Valley 1935-1972 (151) | Insurance Company of North America | Unknown | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Insurance Company of North America | SBL 51307 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Insurance Company of North America | SBL 51307 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Insurance Company of North America | SBL 51307 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 01 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220225 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Cache Valley Area 1924-1993 (588) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Great Salt Lake 1951-2020 (590) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crossroads of the West (590): Great Salt Lake 1951-2020 (590) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Great Salt Lake 1951-2020 (590) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Great Salt Lake 1951-2020 (590) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220228 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Great Salt Lake 1951-2020 (590) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Insurance Company of North America | SBL 5 15 47 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 50 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220267 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Jim Bridger 1946-1993 (639) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | SAFECO Ins. Co. of America | Unknown | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | Charter Oak Fire Insurance Company | 650-217A646-3-COF-74 | 9/1/1974 | 9/1/1975 | 9/1/1974 | 9/1/1975 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | Charter Oak Fire Insurance Company | 650-217A646-3-COF-74 | 9/1/1975 | 1/1/1976 | 9/1/1975 | 1/1/1976 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 04 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220226 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | Charter Oak Fire Insurance Company | 650-217A646-3-COF-77 | 7/13/1977 | 7/13/1978 | 7/13/1977 | 7/13/1978 |
| Crossroads of the West (590): Lake Bonneville 1951-1993 (589) | Charter Oak Fire Insurance Company | 650-217A646-3-COF-77 | 7/13/1978 | 9/1/1978 | 7/13/1978 | 9/1/1978 |
| Crossroads of the West (590): Salt Lake City Area 1926-1951 (590) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 06 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Insurance Company of North America | SBL 5 04 27 | 7/11/1968 | 7/11/1969 | 7/11/1968 | 7/11/1969 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Insurance Company of North America | SBL 5 04 27 | 7/11/1969 | 7/11/1970 | 7/11/1969 | 7/11/1970 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Insurance Company of North America | SBL 5 04 27 | 7/11/1970 | 7/11/1971 | 7/11/1970 | 7/11/1971 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Insurance Company of North America | SBL 5 15 80 | 7/11/1971 | 7/11/1972 | 7/11/1971 | 7/11/1972 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/11/1972 | 1/1/1973 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/11/1972 | 1/1/1973 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 05 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

29

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Crossroads of the West (590): Utah National Parks -2020 (591) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Crossroads of the West (590): Utah National Parks -2020 (591) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220227 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | SBL 4 53 74 | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | SBL 4 53 74 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | SBL 4 53 74 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Dan Beard (438): Dan Beard 1956- (438) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Dan Beard (438): Dan Beard 1956- (438) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | AGP 54W935 | 12/15/1972 | 12/15/1973 | 12/15/1972 | 12/15/1973 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | XBC 86865 | 12/15/1972 | 12/15/1973 | 12/15/1972 | 12/15/1973 |
| Dan Beard (438): Dan Beard 1956- (438) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | XBC 11 36 16 | 12/15/1973 | 12/15/1974 | 12/15/1973 | 12/15/1974 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | AGP 54W935 | 12/15/1973 | 12/15/1974 | 12/15/1973 | 12/15/1974 |
| Dan Beard (438): Dan Beard 1956- (438) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Dan Beard (438): Dan Beard 1956- (438) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | AGP 54W935 | 12/15/1974 | 12/15/1975 | 12/15/1974 | 12/15/1975 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | XBC 11 37 84 | 12/15/1974 | 12/15/1975 | 12/15/1974 | 12/15/1975 |
| Dan Beard (438): Dan Beard 1956- (438) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | AGP 54W935 | 12/15/1975 | 12/15/1976 | 12/15/1975 | 12/15/1976 |
| Dan Beard (438): Dan Beard 1956- (438) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Dan Beard (438): Dan Beard 1956- (438) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 97 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Dan Beard (438): Dan Beard 1956- (438) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | AGP D0 00 83 93 8 | 12/1/1976 | 12/1/1977 | 12/1/1976 | 12/1/1977 |
| Dan Beard (438): Dan Beard 1956- (438) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Dan Beard (438): Dan Beard 1956- (438) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220050 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Dan Beard (438): Dan Beard 1956- (438) | Insurance Company of North America | AGP D0 00 83 93 8 | 12/1/1977 | 12/1/1978 | 12/1/1977 | 12/1/1978 |
| Dan Beard (438): Mound Builders Area 1932-1985 (454) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Dan Beard (438): Mound Builders Area 1932-1985 (454) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 06 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Dan Beard (438): Mound Builders Area 1932-1985 (454) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Dan Beard (438): Mound Builders Area 1932-1985 (454) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Dan Beard (438): Mound Builders Area 1932-1985 (454) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Dan Beard (438): Mound Builders Area 1932-1985 (454) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220059 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Daniel Boone (414): Daniel Boone (414) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Daniel Boone (414): Daniel Boone (414) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Daniel Boone (414): Daniel Boone (414) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 82 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Daniel Boone (414): Daniel Boone (414) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Daniel Boone (414): Daniel Boone (414) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Daniel Boone (414): Daniel Boone (414) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220035 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Daniel Webster (330): Daniel Webster (330) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Daniel Webster (330): Daniel Webster (330) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Daniel Webster (330): Daniel Webster (330) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Daniel Webster (330): Daniel Webster (330) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Daniel Webster (330): Daniel Webster (330) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 24 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Daniel Webster (330): Daniel Webster (330) | Commercial Union Assurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Daniel Webster (330): Daniel Webster (330) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Daniel Webster (330): Daniel Webster (330) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Daniel Webster (330): Daniel Webster (330) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Daniel Webster (330): Daniel Webster (330) | Commercial Union Assurance Company | AB D74-50-09 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Daniel Webster (330): Daniel Webster (330) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220176 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| De Soto Area (013): De Soto Area (013) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| De Soto Area (013): De Soto Area (013) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| De Soto Area (013): De Soto Area (013) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| De Soto Area (013): De Soto Area (013) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| De Soto Area (013): De Soto Area (013) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| De Soto Area (013): De Soto Area (013) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| De Soto Area (013): De Soto Area (013) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| De Soto Area (013): De Soto Area (013) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 22 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| De Soto Area (013): De Soto Area (013) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| De Soto Area (013): De Soto Area (013) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219871 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| De Soto Area (013): De Soto Area (013) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| De Soto Area (013): De Soto Area (013) | Ambassador Insurance Company | 25830 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| De Soto Area (013): De Soto Area (013) | New Hampshire Insurance Company | GLA 332363 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Del-Mar-Va (081): Del-Mar-Va (081) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Del-Mar-Va (081): Del-Mar-Va (081) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Del-Mar-Va (081): Del-Mar-Va (081) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 74 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Del-Mar-Va (081): Del-Mar-Va (081) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Del-Mar-Va (081): Del-Mar-Va (081) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219922 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Del-Mar-Va (081): Del-Mar-Va (081) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Denver Area (061): Denver Area 1926- (061) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Denver Area (061): Denver Area 1926- (061) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Denver Area (061): Denver Area 1926- (061) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 63 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Denver Area (061): Denver Area 1926- (061) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Denver Area (061): Denver Area 1926- (061) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Denver Area (061): Denver Area 1926- (061) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219911 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | SBL 4 29 75 | 3/5/1965 | 3/5/1966 | 3/5/1965 | 3/5/1966 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | SBL 4 29 75 | 3/5/1966 | 3/5/1967 | 3/5/1966 | 3/5/1967 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | SBL 4 29 75 | 3/5/1967 | 3/5/1968 | 3/5/1967 | 3/5/1968 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | SBL 46921 | 3/5/1968 | 3/5/1969 | 3/5/1968 | 3/5/1969 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | SBL 46921 | 3/5/1969 | 3/5/1970 | 3/5/1969 | 3/5/1970 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | SBL 46921 | 3/5/1970 | 3/5/1971 | 3/5/1970 | 3/5/1971 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | SBL 51399 | 3/5/1971 | 3/5/1972 | 3/5/1971 | 3/5/1972 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Insurance Company of North America | Unknown | 3/5/1971 | 3/2/1972 | 3/5/1971 | 3/2/1972 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 3/2/1973 | 1/1/1974 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 3/2/1973 | 1/1/1974 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Denver Area (061): Western Colorado 1942-2019 (064) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Denver Area (061): Western Colorado 1942-2019 (064) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Denver Area (061): Western Colorado 1942-2019 (064) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 64 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Denver Area (061): Western Colorado 1942-2019 (064) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219912 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Denver Area (061): Western Colorado 1942-2019 (064) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Direct Service (800): Canal Zone 1933-1979 (801) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Direct Service (800): Canal Zone 1933-1979 (801) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Direct Service (800): Canal Zone 1933-1979 (801) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 61 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Direct Service (800): Canal Zone 1933-1979 (801) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Direct Service (800): Canal Zone 1933-1979 (801) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Direct Service (800): Canal Zone 1933-1979 (801) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Direct Service (800): Canal Zone 1933-1979 (801) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219909 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| East Carolina (426): East Carolina (426) | North River Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| East Carolina (426): East Carolina (426) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| East Carolina (426): East Carolina (426) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| East Carolina (426): East Carolina (426) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 91 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| East Carolina (426): East Carolina (426) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| East Carolina (426): East Carolina (426) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| East Carolina (426): East Carolina (426) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220042 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| East Texas Area (585): East Texas Area (585) | U.S. Fire Insurance Company | GA-41-44-74 | 5/15/1970 | 5/15/1971 | 5/15/1970 | 5/15/1971 |
| East Texas Area (585): East Texas Area (585) | U.S. Fire Insurance Company | GA-41-44-74 | 5/15/1971 | 5/15/1972 | 5/15/1971 | 5/15/1972 |
| East Texas Area (585): East Texas Area (585) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| East Texas Area (585): East Texas Area (585) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| East Texas Area (585): East Texas Area (585) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| East Texas Area (585): East Texas Area (585) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| East Texas Area (585): East Texas Area (585) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| East Texas Area (585): East Texas Area (585) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| East Texas Area (585): East Texas Area (585) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| East Texas Area (585): East Texas Area (585) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 90 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| East Texas Area (585): East Texas Area (585) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| East Texas Area (585): East Texas Area (585) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220221 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 13 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220066 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Erie Shores (460): Toledo Area 1929-1999 (460) | Buckeye Union Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Evangeline Area (212): Evangeline Area (212) | Insurance Company of North America | SBL 4 53 75 | 2/1/1966 | 2/1/1967 | 2/1/1966 | 2/1/1967 |
| Evangeline Area (212): Evangeline Area (212) | Insurance Company of North America | SBL 4 53 75 | 2/1/1967 | 2/1/1968 | 2/1/1967 | 2/1/1968 |
| Evangeline Area (212): Evangeline Area (212) | Insurance Company of North America | SBL 4 53 75 | 2/1/1968 | 2/1/1969 | 2/1/1968 | 2/1/1969 |
| Evangeline Area (212): Evangeline Area (212) | Insurance Company of North America | Unknown | 2/1/1969 | 2/1/1970 | 2/1/1969 | 2/1/1970 |
| Evangeline Area (212): Evangeline Area (212) | Insurance Company of North America | Unknown | 2/1/1970 | 2/1/1971 | 2/1/1970 | 2/1/1971 |
| Evangeline Area (212): Evangeline Area (212) | Insurance Company of North America | Unknown | 2/1/1971 | 2/1/1972 | 2/1/1971 | 2/1/1972 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Evangeline Area (212): Evangeline Area (212) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Evangeline Area (212): Evangeline Area (212) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 58 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Evangeline Area (212): Evangeline Area (212) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Evangeline Area (212): Evangeline Area (212) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Evangeline Area (212): Evangeline Area (212) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220106 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Evangeline Area (212): Evangeline Area (212) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Evangeline Area (212): Evangeline Area (212) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Far East (803): Far East (803) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Far East (803): Far East (803) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Far East (803): Far East (803) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Far East (803): Far East (803) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 76 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Far East (803): Far East (803) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Far East (803): Far East (803) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219924 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Far East (803): Far East (803) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 11/20/1973 | 1/1/1974 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 11/20/1973 | 1/1/1974 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 47 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): General Sullivan 1927-1992 (779) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220269 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 51 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Insurance Company of North America | AGP 15 39 33 | 4/19/1976 | 4/19/1977 | 4/19/1976 | 4/19/1977 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Fireman's Fund Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | Fireman's Insurance Company of Newark, NJ | L6263105 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): Steuben Area 1931-1991 (402) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220003 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Travelers Indemnity Company | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Travelers Indemnity Company | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Travelers Indemnity Company | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 55 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220008 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Five Rivers (375): Sullivan Trail 1947-1991 (375) | Hartford Fire Insurance Company | 01 UEC FN2321 | 10/28/1991 | 11/8/1992 | 10/28/1991 | 11/8/1992 |
| Flint River (095): Flint River (095) | Insurance Company of North America | SBL 48843 | 7/6/1971 | 7/5/1972 | 7/6/1971 | 7/5/1972 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/18/1972 | 1/1/1973 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/18/1972 | 1/1/1973 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Flint River (095): Flint River (095) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Flint River (095): Flint River (095) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 92 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Flint River (095): Flint River (095) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Flint River (095): Flint River (095) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219940 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Flint River (095): Flint River (095) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| French Creek (532): Colonel Drake 1942-1972 (537) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| French Creek (532): Colonel Drake 1942-1972 (537) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 5/1/1972 |
| French Creek (532): Colonel Drake 1942-1972 (537) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| French Creek (532): Custaloga 1969-1972 (531) | Insurance Company of North America | SBL 50421 | 11/29/1968 | 11/29/1969 | 11/29/1968 | 11/29/1969 |
| French Creek (532): Custaloga 1969-1972 (531) | Insurance Company of North America | SBL 50421 | 11/29/1969 | 11/29/1970 | 11/29/1969 | 11/29/1970 |
| French Creek (532): Custaloga 1969-1972 (531) | Insurance Company of North America | SBL 50421 | 11/29/1970 | 11/29/1971 | 11/29/1970 | 11/29/1971 |
| French Creek (532): Custaloga 1969-1972 (531) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| French Creek (532): Custaloga 1969-1972 (531) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| French Creek (532): Custaloga 1969-1972 (531) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| French Creek (532): Custaloga 1969-1972 (531) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 5/1/1972 |
| French Creek (532): Custaloga 1969-1972 (531) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| French Creek (532): French Creek 1972- (532) | Erie Family Life Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| French Creek (532): French Creek 1972- (532) | Erie Insurance Exchange | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| French Creek (532): French Creek 1972- (532) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| French Creek (532): French Creek 1972- (532) | Erie Insurance Exchange | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| French Creek (532): French Creek 1972- (532) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 35 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| French Creek (532): French Creek 1972- (532) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| French Creek (532): French Creek 1972- (532) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| French Creek (532): French Creek 1972- (532) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220090 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| French Creek (532): French Creek 1972- (532) | Erie Insurance Exchange | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| French Creek (532): Mercer County 1927-1969 (531) | Insurance Company of North America | SBL 4 53 73 | 11/29/1965 | 11/29/1966 | 11/29/1965 | 11/29/1966 |
| French Creek (532): Mercer County 1927-1969 (531) | Insurance Company of North America | SBL 4 53 73 | 11/29/1966 | 11/29/1967 | 11/29/1966 | 11/29/1967 |
| French Creek (532): Mercer County 1927-1969 (531) | Insurance Company of North America | SBL 4 53 73 | 11/29/1967 | 11/29/1968 | 11/29/1967 | 11/29/1968 |
| French Creek (532): Mercer County 1927-1969 (531) | Insurance Company of North America | SBL 50421 | 11/29/1968 | 11/29/1969 | 11/29/1968 | 11/29/1969 |
| French Creek (532): Mercer County 1927-1969 (531) | Insurance Company of North America | SBL 50421 | 11/29/1969 | 11/29/1970 | 11/29/1969 | 11/29/1970 |
| French Creek (532): Mercer County 1927-1969 (531) | Insurance Company of North America | SBL 50421 | 11/29/1970 | 11/29/1971 | 11/29/1970 | 11/29/1971 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| French Creek (532): Washington Trail 1944-1972 (511) | Insurance Company of North America | SBL-4-32-87 | 6/25/1969 | 1/15/1970 | 6/25/1969 | 1/15/1970 |
| French Creek (532): Washington Trail 1944-1972 (511) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| French Creek (532): Washington Trail 1944-1972 (511) | Insurance Company of North America | SBL 4 32 98 | 1/15/1970 | 1/15/1971 | 1/15/1970 | 1/15/1971 |
| French Creek (532): Washington Trail 1944-1972 (511) | Insurance Company of North America | SBL 4 32 98 | 1/15/1971 | 1/15/1972 | 1/15/1971 | 1/15/1972 |
| French Creek (532): Washington Trail 1944-1972 (511) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/16/1972 | 5/1/1972 |
| French Creek (532): Washington Trail 1944-1972 (511) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/16/1972 | 1/1/1973 |
| French Creek (532): Washington Trail 1944-1972 (511) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gamehaven (299): Gamehaven (299) | Insurance Company of North America | SBL 3-70-22 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Gamehaven (299): Gamehaven (299) | Insurance Company of North America | SBL-4-46-14 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Gamehaven (299): Gamehaven (299) | Insurance Company of North America | SBL-4-46-35 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Gamehaven (299): Gamehaven (299) | Insurance Company of North America | SBL 4 46 49 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Gamehaven (299): Gamehaven (299) | Insurance Company of North America | SBL 44671 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Gamehaven (299): Gamehaven (299) | Insurance Company of North America | SBL 44689 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Gamehaven (299): Gamehaven (299) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gamehaven (299): Gamehaven (299) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 02 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gamehaven (299): Gamehaven (299) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gamehaven (299): Gamehaven (299) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220152 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Gamehaven (299): Gamehaven (299) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Burlington County 1925-2013 (690) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Garden State (690): Burlington County 1925-2013 (690) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Garden State (690): Burlington County 1925-2013 (690) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Garden State (690): Burlington County 1925-2013 (690) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Garden State (690): Burlington County 1925-2013 (690) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Garden State (690): Burlington County 1925-2013 (690) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Burlington County 1925-2013 (690) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Burlington County 1925-2013 (690) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Burlington County 1925-2013 (690) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 45 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Burlington County 1925-2013 (690) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Burlington County 1925-2013 (690) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220197 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Burlington County 1925-2013 (690) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | EP 4004433 | 12/7/1970 | 12/7/1971 | 12/7/1970 | 12/7/1971 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | EP 4004433 | 12/7/1971 | 12/7/1972 | 12/7/1971 | 12/7/1972 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | EP 4004433 | 12/7/1972 | 12/7/1973 | 12/7/1972 | 12/7/1973 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | W18-36-37 | 12/7/1973 | 12/7/1974 | 12/7/1973 | 12/7/1974 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | CP-2067-64 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | CLCP-D12-86- | 6/5/1974 | 6/5/1975 | 6/5/1974 | 6/5/1975 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | W18-36-37 | 12/7/1974 | 12/7/1975 | 12/7/1974 | 12/7/1975 |
| Garden State (690): Camden County 1921-1998 (335) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | CLCPD74-56-39 | 6/5/1975 | 6/5/1976 | 6/5/1975 | 6/5/1976 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | W18-36-37 | 12/7/1975 | 12/7/1976 | 12/7/1975 | 12/7/1976 |
| Garden State (690): Camden County 1921-1998 (335) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Camden County 1921-1998 (335) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Camden County 1921-1998 (335) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 44 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | CPD73 47 42 | 6/5/1976 | 6/5/1977 | 6/5/1976 | 6/5/1977 |
| Garden State (690): Camden County 1921-1998 (335) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220196 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Garden State (690): Camden County 1921-1998 (335) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Camden County 1921-1998 (335) | Commercial Union Insurance Company | CP D92 80 56 | 6/5/1977 | 6/5/1978 | 6/5/1977 | 6/5/1978 |
| Garden State (690): Garden State 2013- (690) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Garden State (690): Garden State 2013- (690) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Insurance Company of North America | SBL 4 29 99 | 4/1/1965 | 4/1/1966 | 4/1/1965 | 4/1/1966 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Insurance Company of North America | SBL 4 29 99 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Insurance Company of North America | SBL 4 29 99 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Insurance Company of North America | SBL 4 69 40 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Insurance Company of North America | SBL 4 69 40 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Insurance Company of North America | SBL 4 69 40 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Insurance Company of North America | SBL 5 15 14 | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 41 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220193 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Southern New Jersey 1967-1990 (334) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Garden State (690): Southern New Jersey 1990-2013 (334) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Garden State (690): Southern New Jersey 1990-2013 (334) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Garden State (690): Southern New Jersey 1990-2013 (334) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Garden State (690): Southern New Jersey 1990-2013 (334) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Garden State (690): Southern New Jersey 1990-2013 (334) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Garden State (690): Southern New Jersey 1990-2013 (334) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 715173 | 12/15/1962 | 12/15/1963 | 12/15/1962 | 12/15/1963 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 715173 | 12/15/1962 | 12/15/1963 | 12/15/1962 | 12/15/1963 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 716126 | 12/15/1963 | 12/15/1964 | 12/15/1963 | 12/15/1964 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 717220 | 12/15/1964 | 12/15/1965 | 12/15/1964 | 12/15/1965 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 86C718423 | 12/15/1965 | 12/15/1966 | 12/15/1965 | 12/15/1966 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 86C718423 | 12/15/1966 | 12/15/1967 | 12/15/1966 | 12/15/1967 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 86C718423 | 12/15/1967 | 12/15/1968 | 12/15/1967 | 12/15/1968 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 86C807701 | 12/15/1968 | 12/15/1969 | 12/15/1968 | 12/15/1969 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 86C807701 | 12/15/1969 | 12/15/1970 | 12/15/1969 | 12/15/1970 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 86C807701 | 12/15/1970 | 12/15/1971 | 12/15/1970 | 12/15/1971 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gateway Area (624): Gateway Area (624) | American States Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Gateway Area (624): Gateway Area (624) | American States Insurance Company | SU-15069 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Gateway Area (624): Gateway Area (624) | American States Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gateway Area (624): Gateway Area (624) | American States Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gateway Area (624): Gateway Area (624) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gateway Area (624): Gateway Area (624) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gateway Area (624): Gateway Area (624) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 43 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gateway Area (624): Gateway Area (624) | American States Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Gateway Area (624): Gateway Area (624) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220259 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Gateway Area (624): Gateway Area (624) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Georgia-Carolina (093): Georgia-Carolina (093) | Insurance Company of North America | SBL 4 88 14 | 5/30/1968 | 5/30/1969 | 5/30/1968 | 5/30/1969 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Insurance Company of North America | SBL 48824 | 5/30/1969 | 5/30/1970 | 5/30/1969 | 5/30/1970 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Insurance Company of North America | Unknown | 5/30/1970 | 5/30/1971 | 5/30/1970 | 5/30/1971 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Insurance Company of North America | Unknown | 5/30/1971 | 5/30/1972 | 5/30/1971 | 5/30/1972 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Insurance Company of North America | Unknown | 5/30/1972 | 1/1/1973 | 5/30/1972 | 1/1/1973 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Georgia-Carolina (093): Georgia-Carolina (093) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Georgia-Carolina (093): Georgia-Carolina (093) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Georgia-Carolina (093): Georgia-Carolina (093) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Georgia-Carolina (093): Georgia-Carolina (093) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 90 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Georgia-Carolina (093): Georgia-Carolina (093) | New Hampshire Insurance Company | GLA 332323 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Georgia-Carolina (093): Georgia-Carolina (093) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Georgia-Carolina (093): Georgia-Carolina (093) | New Hampshire Insurance Company | SLP 275540 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Georgia-Carolina (093): Georgia-Carolina (093) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219938 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Insurance Company of North America | SBL 4 15 49 | 7/10/1969 | 7/10/1970 | 7/10/1969 | 7/10/1970 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Insurance Company of North America | SBL 4 15 56 | 7/10/1970 | 7/10/1971 | 7/10/1970 | 7/10/1971 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Insurance Company of North America | Unknown | 7/10/1971 | 7/10/1972 | 7/10/1971 | 7/10/1972 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 11/16/1972 | 1/1/1973 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 11/16/1972 | 1/1/1973 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Insurance Company of North America | Unknown | 7/10/1972 | 11/16/1972 | 7/10/1972 | 11/16/1972 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 44 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220260 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Glacier's Edge (620): Four Lakes 1928-2005 (628) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Glacier's Edge (620): Glacier's Edge 2005- (620) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Glacier's Edge (620): Glacier's Edge 2005- (620) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Insurance Company of North America | SBL 45383 | 4/28/1966 | 4/28/1967 | 4/28/1966 | 4/28/1967 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Insurance Company of North America | SBL 45383 | 4/28/1967 | 4/28/1968 | 4/28/1967 | 4/28/1968 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Insurance Company of North America | SBL 45383 | 4/28/1968 | 4/28/1969 | 4/28/1968 | 4/28/1969 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Insurance Company of North America | SBL 50448 | 4/28/1969 | 4/28/1970 | 4/28/1969 | 4/28/1970 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Insurance Company of North America | SBL 50448 | 4/28/1970 | 4/28/1971 | 4/28/1970 | 4/28/1971 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Insurance Company of North America | SBL 50448 | 4/28/1971 | 4/28/1972 | 4/28/1971 | 4/28/1972 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/28/1972 | 1/1/1973 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/28/1972 | 1/1/1973 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 41 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220257 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Glacier's Edge (620): Sinnissippi 1966-2005 (626) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 39 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | New Hampshire Insurance Company | GLA 332361 | 12/20/1976 | 12/20/1977 | 12/20/1976 | 12/20/1977 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | New Hampshire Insurance Company | SLP 290281 | 12/20/1976 | 12/20/1977 | 12/20/1976 | 12/20/1977 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Empire (047): Buttes Area 1924-1992 (647) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219887 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Empire (047): Golden Empire 1937- (047) | Hartford Accident and Indemnity Company | 54 C 990478 | 7/1/1972 | 7/1/1973 | 7/1/1972 | 7/1/1973 |
| Golden Empire (047): Golden Empire 1937- (047) | Hartford Accident and Indemnity Company | 54 C 990478 | 7/1/1973 | 7/1/1974 | 7/1/1973 | 7/1/1974 |
| Golden Empire (047): Golden Empire 1937- (047) | Hartford Accident and Indemnity Company | 54 C 990478 | 7/1/1974 | 7/1/1975 | 7/1/1974 | 7/1/1975 |
| Golden Empire (047): Golden Empire 1937- (047) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Empire (047): Golden Empire 1937- (047) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Golden Empire 1937- (047) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Golden Empire 1937- (047) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 47 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Golden Empire 1937- (047) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Golden Empire 1937- (047) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219895 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Empire (047): Golden Empire 1937- (047) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Empire (047): Golden Empire 1937- (047) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 30 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 10/20/1977 | 1/1/1977 | 10/20/1977 |
| Golden Empire (047): Mount Lassen Area 1924-1992 (036) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219879 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Alameda -2020 (022) | Insurance Company of North America | SBL 5 11 80 | 3/2/1969 | 3/2/1970 | 3/2/1969 | 3/2/1970 |
| Golden Gate Area (023): Alameda -2020 (022) | Insurance Company of North America | SBL 5 11 80 | 3/2/1970 | 3/2/1971 | 3/2/1970 | 3/2/1971 |
| Golden Gate Area (023): Alameda -2020 (022) | Insurance Company of North America | SBL 5 11 80 | 3/2/1971 | 3/1/1972 | 3/2/1971 | 3/1/1972 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/2/1972 | 1/1/1973 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/2/1972 | 1/1/1973 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Gate Area (023): Alameda -2020 (022) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Alameda -2020 (022) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 27 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Alameda -2020 (022) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Alameda -2020 (022) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Alameda -2020 (022) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219876 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Alameda -2020 (022) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Alameda -2020 (022) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | Unknown | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | Unknown | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | Unknown | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | SLP 29 01 82 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | SLP 29 01 82 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | SLP 29 01 82 | 6/1/1972 | 6/1/1973 | 6/1/1972 | 6/1/1973 |

38

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | UL 53-41-82 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | SLP 29-02-40 | 6/1/1973 | 6/1/1974 | 6/1/1973 | 6/1/1974 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | UL 78-86-53 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | SLP 29-02-40 | 6/1/1974 | 6/1/1975 | 6/1/1974 | 6/1/1975 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | UL 05-09-92 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | SLP 29-02-40 | 6/1/1975 | 6/1/1976 | 6/1/1975 | 6/1/1976 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 60 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | SLP 27-56-38 | 6/1/1976 | 6/1/1977 | 6/1/1976 | 6/1/1977 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219908 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | Ambassador Insurance Company | 26094 | 6/1/1977 | 5/1/1978 | 6/1/1977 | 5/1/1978 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | Jefferson Insurance Company of New York | GLA 303461 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | Jefferson Insurance Company of New York | GLA 303463 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Golden Gate Area (023): Mount Diablo 1951-1992 (023) | New Hampshire Insurance Company | GLA 282525 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Golden Gate Area (023): Mount Diablo Silverado 1992-2020 (023) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Gate Area (023): Mount Diablo Silverado 1992-2020 (023) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Mount Diablo Silverado 1992-2020 (023) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Mount Diablo Silverado 1992-2020 (023) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 41 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): San Francisco Bay Area 1965-2020 (028) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219889 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Insurance Company of North America | SBL 4 29 83 | 4/28/1965 | 4/28/1966 | 4/28/1965 | 4/28/1966 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Insurance Company of North America | SBL 4 29 83 | 4/28/1966 | 4/28/1967 | 4/28/1966 | 4/28/1967 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Insurance Company of North America | SBL 4 29 83 | 4/28/1967 | 4/28/1968 | 4/28/1967 | 4/28/1968 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Insurance Company of North America | SBL 4 69 32 | 4/28/1968 | 4/28/1969 | 4/28/1968 | 4/28/1969 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Insurance Company of North America | SBL 4 69 32 | 4/28/1969 | 4/28/1970 | 4/28/1969 | 4/28/1970 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Insurance Company of North America | SBL 4 69 32 | 4/28/1970 | 4/28/1971 | 4/28/1970 | 4/28/1971 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Insurance Company of North America | Unknown | 4/28/1971 | 4/28/1972 | 4/28/1971 | 4/28/1972 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/28/1972 | 1/1/1973 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/28/1972 | 1/1/1973 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 57 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | New Hampshire Insurance Company | GLA 332356 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219905 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Gate Area (023): Silverado Area 1928-1992 (038) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Spread (562): Adobe Walls Area 1934-1986 (569) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Spread (562): Adobe Walls Area 1934-1986 (569) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Golden Spread (562): Adobe Walls Area 1934-1986 (569) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 84 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Spread (562): Adobe Walls Area 1934-1986 (569) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Spread (562): Adobe Walls Area 1934-1986 (569) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220215 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Spread (562): Adobe Walls Area 1934-1986 (569) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Spread (562): Llano Estacado 1939-1986 (562) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Golden Spread (562): Llano Estacado 1939-1986 (562) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Spread (562): Llano Estacado 1939-1986 (562) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Spread (562): Llano Estacado 1939-1986 (562) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 71 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Golden Spread (562): Llano Estacado 1939-1986 (562) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Golden Spread (562): Llano Estacado 1939-1986 (562) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220202 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Copper 1962-1977 (009) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 5/15/1973 | 1/1/1974 |
| Grand Canyon (010): Copper 1962-1977 (009) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 5/15/1973 | 1/1/1974 |
| Grand Canyon (010): Copper 1962-1977 (009) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Grand Canyon (010): Copper 1962-1977 (009) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Copper 1962-1977 (009) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 20 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Copper 1962-1977 (009) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Copper 1962-1977 (009) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Copper 1962-1977 (009) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219869 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Insurance Company of North America | SBL 4 29 93 | 4/1/1965 | 4/1/1966 | 4/1/1965 | 4/1/1966 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Insurance Company of North America | SBL 4 29 93 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Insurance Company of North America | SBL 4 29 93 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Insurance Company of North America | SBL 4 69 31 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Insurance Company of North America | SBL 4 69 31 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Insurance Company of North America | SBL 4 69 31 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Insurance Company of North America | Unknown | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 18 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219867 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Grand Canyon 1944-1993 (012) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 19 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219868 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | Ambassador Insurance Company | GLA 282436 | 2/15/1977 | 2/15/1978 | 2/15/1977 | 2/15/1978 |
| Grand Canyon (010): Theodore Roosevelt 1962-1993 (010) | New Hampshire Insurance Company | GLA 282441 | 2/15/1977 | 2/15/1978 | 2/15/1977 | 2/15/1978 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Insurance Company of North America | SBL 5 15 52 | 5/7/1971 | 5/7/1972 | 5/7/1971 | 5/7/1972 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/7/1972 | 1/1/1973 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 31 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Columbia (614): Fort Simcoe Area 1954-1992 (614) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220248 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 30 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | St. Paul Fire and Marine Insurance Company | 584JB6952 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Columbia (614): North Central Washington 1924-1992 (613) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220247 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Insurance Company of North America | SBL 4 29 90 | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Insurance Company of North America | SBL 4 29 90 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Insurance Company of North America | SBL 4 29 90 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Insurance Company of North America | SBL 4 69 48 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Insurance Company of North America | SBL 4 69 48 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Insurance Company of North America | SBL 4 69 48 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Insurance Company of North America | SBL 51558 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 06 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Teton (107): Tendoy Area 1934-1993 (109) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219953 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Insurance Company of North America | SBL 45400 | 12/1/1965 | 12/1/1966 | 12/1/1965 | 12/1/1966 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Insurance Company of North America | SBL 45400 | 12/1/1966 | 12/1/1967 | 12/1/1966 | 12/1/1967 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Insurance Company of North America | SBL 45400 | 12/1/1967 | 12/1/1968 | 12/1/1967 | 12/1/1968 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Insurance Company of North America | SBL 50432 | 12/1/1968 | 12/1/1969 | 12/1/1968 | 12/1/1969 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Insurance Company of North America | SBL 50432 | 12/1/1969 | 12/1/1970 | 12/1/1969 | 12/1/1970 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Insurance Company of North America | SBL 50432 | 12/1/1970 | 12/1/1971 | 12/1/1970 | 12/1/1971 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

41

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1975 | 1/1/1975 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 04 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219951 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | Western Casualty & Surety Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Grand Teton (107): Teton Peaks 1925-1993 (107) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Alaska (610): Alaska 1934-1954 (610) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Great Alaska (610): Alaska 1934-1954 (610) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Alaska (610): Great Alaska 2006- (610) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Alaska (610): Great Alaska 2006- (610) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 17 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219866 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Alaska (610): Southeast Alaska 1955-2006 (608) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 15 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | New Hampshire Insurance Company | GLA 282428 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219864 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Alaska (610): Western Alaska 1954-2005 (610) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Lakes FSC (784): Great Lakes FSC (784) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Lakes FSC (784): Great Lakes FSC (784) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Lakes FSC (784): Great Lakes FSC (784) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Lakes FSC (784): Great Lakes FSC (784) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Rivers (653): Great Rivers 1951- (653) | Insurance Company of North America | SBL 5 13 03 | 11/26/1969 | 1/1/1970 | 11/26/1969 | 1/1/1970 |
| Great Rivers (653): Great Rivers 1951- (653) | Columbia Insurance Company | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Great Rivers (653): Great Rivers 1951- (653) | Columbia Insurance Company | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Great Rivers (653): Great Rivers 1951- (653) | Columbia Insurance Company | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Great Rivers (653): Great Rivers 1951- (653) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Rivers (653): Great Rivers 1951- (653) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Rivers (653): Great Rivers 1951- (653) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Rivers (653): Great Rivers 1951- (653) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Rivers (653): Great Rivers 1951- (653) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Rivers (653): Great Rivers 1951- (653) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Rivers (653): Great Rivers 1951- (653) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Great Rivers (653): Great Rivers 1951- (653) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Rivers (653): Great Rivers 1951- (653) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Rivers (653): Great Rivers 1951- (653) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 12 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Rivers (653): Great Rivers 1951- (653) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Rivers (653): Great Rivers 1951- (653) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220162 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Rivers (653): Great Rivers 1951- (653) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Rivers (653): Great Rivers 1951- (653) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Insurance Company of North America | Unknown | 1/1/1972 | 4/1/1972 | 1/1/1972 | 4/1/1972 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 67 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220289 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Smoky Mountain (557): Great Smoky Mountain (557) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Southwest (412): Great Southwest Area 1976-1982 (412) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Southwest (412): Great Southwest Area 1976-1982 (412) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Southwest (412): Great Southwest Area 1976-1982 (412) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220198 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Southwest (412): Great Southwest Area 1976-1982 (412) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Southwest (412): Kit Carson 1955-1976 (412) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Southwest (412): Kit Carson 1955-1976 (412) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Southwest (412): Kit Carson 1955-1976 (412) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Southwest (412): Kit Carson 1955-1976 (412) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 46 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Great Trail 1971- (433) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Trail (433): Great Trail 1971- (433) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 71 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Great Trail 1971- (433) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 94 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Great Trail 1971- (433) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Great Trail 1971- (433) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Great Trail 1971- (433) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Great Trail 1971- (433) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220047 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Great Trail 1971- (433) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220121 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | Unknown | 3/12/1964 | 3/12/1965 | 3/12/1964 | 3/12/1965 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | Unknown | 3/12/1965 | 3/12/1966 | 3/12/1965 | 3/12/1966 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | Unknown | 3/12/1966 | 3/11/1967 | 3/12/1966 | 3/11/1967 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | SBL 4 29 61 | 3/11/1967 | 3/11/1968 | 3/11/1967 | 3/11/1968 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | SBL 4 69 16 | 3/11/1968 | 3/11/1969 | 3/11/1968 | 3/11/1969 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | SBL 4 69 16 | 3/11/1969 | 3/11/1970 | 3/11/1969 | 3/11/1970 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | SBL 4 69 16 | 3/11/1970 | 3/11/1971 | 3/11/1970 | 3/11/1971 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Insurance Company of North America | Unknown | 3/11/1971 | 3/11/1972 | 3/11/1971 | 3/11/1972 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/11/1972 | 1/1/1973 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/11/1972 | 1/1/1973 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Buckeye Union Insurance Company | Unknown | 4/30/1975 | 4/30/1976 | 4/30/1975 | 4/30/1976 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 15 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Buckeye Union Insurance Company | Unknown | 4/30/1976 | 4/30/1977 | 4/30/1976 | 4/30/1977 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220068 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Mahoning Valley 1927-1993 (466) | Buckeye Union Insurance Company | Unknown | 4/30/1977 | 4/30/1978 | 4/30/1977 | 4/30/1978 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 08 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220061 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | Hartford Accident and Indemnity Company | 45 CBP 132079 | 8/1/1981 | 8/1/1982 | 8/1/1981 | 8/1/1982 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | Hartford Accident and Indemnity Company | 45 CBP 132079 | 8/1/1982 | 8/1/1983 | 8/1/1982 | 8/1/1983 |
| Great Trail (433): Northeast Ohio 1929-1993 (463) | Hartford Accident and Indemnity Company | 45 CBP 132079 | 8/1/1983 | 8/1/1984 | 8/1/1983 | 8/1/1984 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Great Trail (433): Western Reserve 1948-1993 (461) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 14 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Western Reserve 1948-1993 (461) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Western Reserve 1948-1993 (461) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Great Trail (433): Western Reserve 1948-1993 (461) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 11/16/1977 | 1/1/1977 | 11/16/1977 |
| Great Trail (433): Western Reserve 1948-1993 (461) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Great Trail (433): Western Reserve 1948-1993 (461) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220067 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Insurance Company of North America | Unknown | 8/1/1966 | 8/1/1967 | 8/1/1966 | 8/1/1967 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Insurance Company of North America | SBL 48816 | 8/4/1968 | 8/4/1969 | 8/4/1968 | 8/4/1969 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Insurance Company of North America | SBL 2 42 03 | 8/4/1969 | 8/4/1970 | 8/4/1969 | 8/4/1970 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Insurance Company of North America | Unknown | 8/4/1970 | 8/4/1971 | 8/4/1970 | 8/4/1971 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Insurance Company of North America | Unknown | 8/4/1971 | 8/4/1972 | 8/4/1971 | 8/4/1972 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 9/16/1972 | 1/1/1973 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 9/16/1972 | 1/1/1973 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Insurance Company of North America | Unknown | 8/4/1972 | 9/16/1972 | 8/4/1972 | 9/16/1972 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 07 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219858 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | Ambassador Insurance Company | Unknown | 1/14/1977 | 1/14/1978 | 1/14/1977 | 1/14/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Greater Alabama (001): Birmingham Area 1915-1996 (002) | New Hampshire Insurance Company | Unknown | 1/14/1977 | 1/14/1978 | 1/14/1977 | 1/14/1978 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | National Union Fire Insurance Company of Pittsburgh, PA | BE121696 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Alabama (001): Choccolocco 1921-1998 (001) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219857 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Insurance Company of North America | SBL 3 96 65 | 3/25/1966 | 3/25/1967 | 3/25/1966 | 3/25/1967 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Insurance Company of North America | SBL 3 96 65 | 3/25/1967 | 3/25/1968 | 3/25/1967 | 3/25/1968 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Insurance Company of North America | SBL 3 96 65 | 3/25/1968 | 3/25/1969 | 3/25/1968 | 3/25/1969 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Insurance Company of North America | SBL 4 88 22 | 3/25/1969 | 3/25/1970 | 3/25/1969 | 3/25/1970 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Insurance Company of North America | SBL 4 88 22 | 3/25/1970 | 3/25/1971 | 3/25/1970 | 3/25/1971 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Insurance Company of North America | SBL 4 88 22 | 3/25/1971 | 3/25/1972 | 3/25/1971 | 3/25/1972 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 10 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | New Hampshire Insurance Company | GLA 301317 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Alabama (001): Tennessee Valley 1934-1998 (659) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219860 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Insurance Company of North America | XBC 19014 | 6/11/1964 | 6/11/1965 | 6/11/1964 | 6/11/1965 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Insurance Company of North America | XBC 19014 | 6/11/1964 | 6/11/1965 | 6/11/1964 | 6/11/1965 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Insurance Company of North America | XBC 19014 | 6/11/1965 | 6/11/1966 | 6/11/1965 | 6/11/1966 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Insurance Company of North America | XBC 19014 | 6/11/1965 | 6/11/1966 | 6/11/1965 | 6/11/1966 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Insurance Company of North America | XBC 19014 | 6/11/1966 | 6/11/1967 | 6/11/1966 | 6/11/1967 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Insurance Company of North America | XBC 19014 | 6/11/1966 | 6/11/1967 | 6/11/1966 | 6/11/1967 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Employers Surplus Lines Insurance Company | E 60198 | 11/19/1969 | 11/19/1970 | 11/19/1969 | 11/19/1970 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Pacific Indemnity Company | Unknown | 11/19/1969 | 11/19/1970 | 11/19/1969 | 11/19/1970 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Employers Surplus Lines Insurance Company | Unknown | 11/19/1970 | 11/19/1971 | 11/19/1970 | 11/19/1971 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Pacific Indemnity Company | Unknown | 11/19/1970 | 11/19/1971 | 11/19/1970 | 11/19/1971 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Pacific Indemnity Company | Unknown | 11/19/1971 | 11/19/1972 | 11/19/1971 | 11/19/1972 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Employers Surplus Lines Insurance Company | Unknown | 11/19/1971 | 11/19/1972 | 11/19/1971 | 11/19/1972 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Employers Surplus Lines Insurance Company | Unknown | 11/19/1972 | 11/19/1973 | 11/19/1972 | 11/19/1973 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Pacific Indemnity Company | Unknown | 11/19/1972 | 11/19/1973 | 11/19/1972 | 11/19/1973 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Employers Surplus Lines Insurance Company | Unknown | 11/19/1973 | 11/19/1974 | 11/19/1973 | 11/19/1974 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Pacific Indemnity Company | Unknown | 11/19/1973 | 11/19/1974 | 11/19/1973 | 11/19/1974 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Employers Surplus Lines Insurance Company | Unknown | 11/19/1974 | 1/1/1975 | 11/19/1974 | 1/1/1975 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Pacific Indemnity Company | Unknown | 11/19/1974 | 1/1/1975 | 11/19/1974 | 1/1/1975 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 38 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | New Hampshire Insurance Company | SLP 27 56 32 | 4/1/1976 | 4/1/1977 | 4/1/1976 | 4/1/1977 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219886 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Los Angeles Area (033): Los Angeles Area 1945-2015 (033) | New Hampshire Insurance Company | Unknown | 4/1/1977 | 1/1/1978 | 4/1/1977 | 1/1/1978 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 31 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219880 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Los Angeles Area (033): Old Baldy 1921-2006 (043) | New Hampshire Insurance Company | GLA 282588 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Greater Los Angeles Area (033): San Gabriel Valley 1951-2015 (040) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Los Angeles Area (033): San Gabriel Valley 1951-2015 (040) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): San Gabriel Valley 1951-2015 (040) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 43 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): San Gabriel Valley 1951-2015 (040) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Los Angeles Area (033): San Gabriel Valley 1951-2015 (040) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Los Angeles Area (033): San Gabriel Valley 1951-2015 (040) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219891 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater New York (640): Greater New York 1936-1967 (719) | Indemnity Insurance Company of North America | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| Greater New York (640): Greater New York 1936-1967 (719) | Insurance Company of North America | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Greater New York (640): Greater New York 1936-1967 (719) | Insurance Company of North America | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Greater New York (640): Greater New York 1936-1967 (719) | Insurance Company of North America | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Greater New York (640): Greater New York 1936-1967 (719) | Insurance Company of North America | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Greater New York (640): Greater New York 1936-1967 (719) | Insurance Company of North America | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Greater New York (640): Greater New York 1936-1967 (719) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Greater New York (640): Greater New York 1936-1967 (719) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater New York (640): Greater New York 1967- (640) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater New York (640): Greater New York 1967- (640) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater New York (640): Greater New York 1967- (640) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York (640): Greater New York 1967- (640) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 68 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York (640): Greater New York 1967- (640) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York (640): Greater New York 1967- (640) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater New York (640): Greater New York 1967- (640) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220021 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater New York, Bronx Borough (641): Greater New York, Bronx Borough (641) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater New York, Bronx Borough (641): Greater New York, Bronx Borough (641) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Bronx Borough (641): Greater New York, Bronx Borough (641) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Bronx Borough (641): Greater New York, Bronx Borough (641) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater New York, Brooklyn Borough (642): Brooklyn 1911-1967 (369) | Insurance Company of North America | GLP 15 57 72 | 7/16/1966 | 7/16/1967 | 7/16/1966 | 7/16/1967 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Greater New York, Brooklyn Borough (642): Brooklyn 1911-1967 (369) | Insurance Company of North America | GLP 15 57 72 | 7/16/1967 | 7/16/1968 | 7/16/1967 | 7/16/1968 |
| Greater New York, Brooklyn Borough (642): Brooklyn 1911-1967 (369) | Insurance Company of North America | GLP 15 57 72 | 7/16/1968 | 7/16/1969 | 7/16/1968 | 7/16/1969 |
| Greater New York, Brooklyn Borough (642): Greater New York, Brooklyn Borough (642) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater New York, Brooklyn Borough (642): Greater New York, Brooklyn Borough (642) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Brooklyn Borough (642): Greater New York, Brooklyn Borough (642) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Brooklyn Borough (642): Greater New York, Brooklyn Borough (642) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater New York, Manhattan Borough (643): Greater New York, Manhattan Borough (643) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater New York, Manhattan Borough (643): Greater New York, Manhattan Borough (643) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Manhattan Borough (643): Greater New York, Manhattan Borough (643) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Manhattan Borough (643): Greater New York, Manhattan Borough (643) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater New York, Queens Borough (644): Greater New York, Queens Borough (644) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater New York, Queens Borough (644): Greater New York, Queens Borough (644) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Queens Borough (644): Greater New York, Queens Borough (644) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Queens Borough (644): Greater New York, Queens Borough (644) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater New York, Staten Island Borough (645): Greater New York, Staten Island Borough (645) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater New York, Staten Island Borough (645): Greater New York, Staten Island Borough (645) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Staten Island Borough (645): Greater New York, Staten Island Borough (645) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater New York, Staten Island Borough (645): Greater New York, Staten Island Borough (645) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Niagara Frontier (380): Buffalo Area 1949-1967 (380) | Liberty Mutual Insurance Company | Unknown | 1/1/1958 | 1/1/1959 | 1/1/1958 | 1/1/1959 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | Royal Globe Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | CNA | 59822227 | 2/7/1976 | 2/7/1976 | 2/7/1975 | 2/7/1976 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 53 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | CNA | Unknown | 2/19/1976 | 2/19/1977 | 2/19/1976 | 2/19/1977 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | Royal Globe Insurance Company | Unknown | 4/1/1976 | 4/1/1977 | 4/1/1976 | 4/1/1977 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220005 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | Royal Globe Insurance Company | Unknown | 4/1/1977 | 4/1/1978 | 4/1/1977 | 4/1/1978 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | Royal Insurance Co. of America | Unknown | 1/1/1981 | 1/1/1982 | 1/1/1981 | 1/1/1982 |
| Greater Niagara Frontier (380): Greater Niagara Frontier 1967- (380) | Royal Globe Insurance Company | Unknown | 1/1/1982 | 1/1/1983 | 1/1/1982 | 1/1/1983 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Insurance Company of North America | SBL 45390 | 7/1/1966 | 7/1/1967 | 7/1/1966 | 7/1/1967 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Insurance Company of North America | SBL 45390 | 7/1/1967 | 7/1/1968 | 7/1/1967 | 7/1/1968 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Insurance Company of North America | SBL 45390 | 7/1/1968 | 4/1/1969 | 7/1/1968 | 4/1/1969 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Insurance Company of North America | Unknown | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Insurance Company of North America | Unknown | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Insurance Company of North America | Unknown | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 17 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219963 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Cahokia Mound 1925-1991 (128) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Egyptian 1940-1994 (120) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Egyptian 1940-1994 (120) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Egyptian 1940-1994 (120) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Egyptian 1940-1994 (120) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 18 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Egyptian 1940-1994 (120) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219964 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Egyptian 1940-1994 (120) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | Travelers Indemnity Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 14 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219960 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Lincoln Trails 1939-2018 (121) | Cincinnati Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | SBL 4 23 73 | 4/1/1965 | 4/1/1966 | 4/1/1965 | 4/1/1966 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | SBL 4 23 73 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | SBL 4 23 73 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | SBL 4 69 33 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | SBL 4 69 33 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | SBL 4 69 33 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | SBL 5 15 16 | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Insurance Company of North America | XBC 118599 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | INA Insurance Company of Illinois | GLP 770115 | 1/1/1975 | 10/1/1975 | 1/1/1975 | 10/1/1975 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 09 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219956 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Okaw Valley 1965-2017 (116) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Piasa Bird 1930-1991 (112) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Piasa Bird 1930-1991 (112) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Piasa Bird 1930-1991 (112) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 28 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Piasa Bird 1930-1991 (112) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Piasa Bird 1930-1991 (112) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219974 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Piasa Bird 1930-1991 (112) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Insurance Company of North America | GLP 429908 | 4/1/1974 | 4/1/1975 | 4/1/1974 | 4/1/1975 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Insurance Company of North America | GLP 43 02 89 | 4/1/1975 | 4/1/1976 | 4/1/1975 | 4/1/1976 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 15 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220166 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Saint Louis 1911-1995 (312) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Insurance Company of North America | SBL 51306 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Insurance Company of North America | SBL 51306 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Insurance Company of North America | SBL 51306 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 11 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220161 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater St. Louis Area (312): Southeast Missouri 1930-1993 (305) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Insurance Company of North America | SBL 46156 | 7/10/1969 | 7/10/1970 | 7/10/1969 | 7/10/1970 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Insurance Company of North America | SBL 46177 | 7/10/1970 | 7/10/1971 | 7/10/1970 | 7/10/1971 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Insurance Company of North America | Unknown | 7/10/1971 | 7/1/1972 | 7/10/1971 | 7/1/1972 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 85 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | New Hampshire Insurance Company | GLA 332345 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219933 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Tampa Bay Area (089): Gulf Ridge -2016 (086) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Tampa Bay Area (089): Pinellas 1930-1970 (089) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Greater Tampa Bay Area (089): Pinellas 1930-1970 (089) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Greater Tampa Bay Area (089): Pinellas 1930-1970 (089) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Greater Tampa Bay Area (089): Pinellas 1930-1970 (089) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Tampa Bay Area (089): Pinellas 1930-1970 (089) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Tampa Bay Area (089): Pinellas 1930-1970 (089) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Tampa Bay Area (089): Pinellas 1930-1970 (089) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219931 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | Insurance Company of North America | SBL 5 11 90 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | Insurance Company of North America | SBL 5 11 90 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | Insurance Company of North America | SBL 5 11 90 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | Hartford Accident and Indemnity Company | 21 CBP 158051 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | Hartford Accident and Indemnity Company | 21 CBP 158051 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 83 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | New Hampshire Insurance Company | GLA 282407 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Tampa Bay Area (089): Pinellas Area 1970-1978 (089) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 29 91 | 3/1/1965 | 3/1/1966 | 3/1/1965 | 3/1/1966 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 29 91 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 29 91 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 69 22 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 69 02 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 69 22 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 69 02 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 69 22 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 4 69 02 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Insurance Company of North America | SBL 5 15 17 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 49 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220266 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Wyoming (638): Central Wyoming 1918-2016 (638) | United States Fidelity and Guaranty Company | 1CCA35720 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Wyoming (638): Greater Wyoming 2016- (638) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Yosemite (059): Forty-Niner 1957-1997 (052) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Yosemite (059): Forty-Niner 1957-1997 (052) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Forty-Niner 1957-1997 (052) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Forty-Niner 1957-1997 (052) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Forty-Niner 1957-1997 (052) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 56 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Forty-Niner 1957-1997 (052) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Yosemite (059): Forty-Niner 1957-1997 (052) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219904 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Insurance Company of North America | SBL 50441 | 1/25/1969 | 1/25/1970 | 1/25/1969 | 1/25/1970 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Insurance Company of North America | SBL 50441 | 1/25/1970 | 1/25/1971 | 1/25/1970 | 1/25/1971 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Insurance Company of North America | SBL 50441 | 1/25/1971 | 1/25/1972 | 1/25/1971 | 1/25/1972 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/25/1972 | 1/1/1973 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/25/1972 | 1/1/1973 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 40 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219888 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | New Hampshire Insurance Company | GLA 301313 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | New Hampshire Insurance Company | GLA 332339 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greater Yosemite (059): Yosemite Area 1922-1998 (059) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Green Mountain (592): Calvin Coolidge 1936-1965 (747) | American Fidelity Company | Unknown | 6/30/1961 | 6/30/1962 | 6/30/1961 | 6/30/1962 |
| Green Mountain (592): Calvin Coolidge 1936-1965 (747) | American Fidelity & Casualty | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Green Mountain (592): Calvin Coolidge 1936-1965 (747) | New Hampshire Insurance Company | BSA 600214 | 5/1/1963 | 11/1/1963 | 5/1/1963 | 11/1/1963 |
| Green Mountain (592): Calvin Coolidge 1936-1965 (747) | New Hampshire Insurance Company | BSA 600215 | 5/1/1964 | 11/1/1964 | 5/1/1964 | 11/1/1964 |
| Green Mountain (592): Calvin Coolidge 1936-1965 (747) | American Fidelity Company | Unknown | 11/1/1964 | 11/1/1965 | 11/1/1964 | 11/1/1965 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | Globe Indemnity Company | GLH 955316 | 11/14/1955 | 11/14/1956 | 11/14/1955 | 11/14/1956 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | Allstate Insurance Company | 19 527 058 | 1/1/1956 | 1/1/1957 | 1/1/1956 | 1/1/1957 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | New England Insurance Company | SMC 70 89 26 | 5/2/1957 | 5/2/1958 | 5/2/1957 | 5/2/1958 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | New England Insurance Company | SOLT 73 72 50 | 5/28/1957 | 5/28/1958 | 5/28/1957 | 5/28/1958 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | Globe Indemnity Company | GLH 129332 | 11/14/1957 | 11/14/1958 | 11/14/1957 | 11/14/1958 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | New England Insurance Company | SMC 800871 | 5/2/1958 | 5/2/1959 | 5/2/1958 | 5/2/1959 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | New England Insurance Company | SOLT 803705 | 5/28/1958 | 5/28/1959 | 5/28/1958 | 5/28/1959 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | Royal Indemnity Company | RLH308743 | 5/28/1959 | 5/28/1960 | 5/28/1959 | 5/28/1960 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | Royal Indemnity Company | RLH 313670 | 5/28/1960 | 5/28/1961 | 5/28/1960 | 5/28/1961 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | Royal Indemnity Company | RLH319122 | 5/28/1961 | 5/28/1962 | 5/28/1961 | 5/28/1962 |
| Green Mountain (592): Green Mountain 1929-1965 (593) | American Fidelity & Casualty | Unknown | 4/1/1962 | 4/1/1963 | 4/1/1962 | 4/1/1963 |
| Green Mountain (592): Green Mountain 1972- (592) | New Hampshire Insurance Company | Unknown | 5/1/1974 | 5/1/1975 | 5/1/1974 | 5/1/1975 |
| Green Mountain (592): Green Mountain 1972- (592) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Green Mountain (592): Green Mountain 1972- (592) | New Hampshire Insurance Company | Unknown | 5/1/1975 | 5/1/1976 | 5/1/1975 | 5/1/1976 |
| Green Mountain (592): Green Mountain 1972- (592) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Green Mountain (592): Green Mountain 1972- (592) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Green Mountain (592): Green Mountain 1972- (592) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 07 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Green Mountain (592): Green Mountain 1972- (592) | New Hampshire Insurance Company | Unknown | 5/1/1976 | 5/1/1977 | 5/1/1976 | 5/1/1977 |
| Green Mountain (592): Green Mountain 1972- (592) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220229 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Green Mountain (592): Green Mountain 1972- (592) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Green Mountain (592): Green Mountain 1972- (592) | New Hampshire Insurance Company | Unknown | 5/1/1977 | 5/1/1978 | 5/1/1977 | 5/1/1978 |
| Green Mountain (592): Green Mountain 1972- (592) | General Accident | Unknown | 1/1/1978 | 1/1/1979 | 1/1/1978 | 1/1/1979 |
| Green Mountain (592): Green Mountain 1972- (592) | General Accident | Unknown | 1/1/1979 | 1/1/1980 | 1/1/1979 | 1/1/1980 |
| Green Mountain (592): Long Trail 1933-1972 (592) | Aetna Casualty and Surety Company | 09AL134423 | 6/25/1968 | 6/25/1969 | 6/25/1968 | 6/25/1969 |
| Green Mountain (592): Long Trail 1933-1972 (592) | Aetna Casualty and Surety Company | 09AL137072 | 6/25/1969 | 6/25/1970 | 6/25/1969 | 6/25/1970 |
| Green Mountain (592): Long Trail 1933-1972 (592) | Aetna Casualty and Surety Company | 9AL141700 | 6/25/1971 | 6/25/1972 | 6/25/1971 | 6/25/1972 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Greenwich (067): Greenwich (067) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greenwich (067): Greenwich (067) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greenwich (067): Greenwich (067) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 68 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Greenwich (067): Greenwich (067) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Greenwich (067): Greenwich (067) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greenwich (067): Greenwich (067) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219916 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Greenwich (067): Greenwich (067) | New Hampshire Insurance Company | GLA210242 | 2/4/1977 | 2/4/1978 | 2/4/1977 | 2/4/1978 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Gulf Coast (773): Gulf Coast (773) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 81 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gulf Coast (773): Gulf Coast (773) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gulf Coast (773): Gulf Coast (773) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gulf Coast (773): Gulf Coast (773) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Gulf Coast (773): Gulf Coast (773) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219929 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Gulf Stream (085): Gulf Stream 1937-1995 (085) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Gulf Stream (085): Gulf Stream 1937-1995 (085) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gulf Stream (085): Gulf Stream 1937-1995 (085) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 86 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gulf Stream (085): Gulf Stream 1937-1995 (085) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Gulf Stream (085): Gulf Stream 1937-1995 (085) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Gulf Stream (085): Gulf Stream 1937-1995 (085) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219934 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Gulf Stream (085): Gulf Stream 1995- (085) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Hartford Fire Insurance Company | 39 CBP 109170 | 10/29/1970 | 10/29/1971 | 10/29/1970 | 10/29/1971 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Hartford Fire Insurance Company | 39 CBP 109170 | 10/29/1971 | 10/29/1972 | 10/29/1971 | 10/29/1972 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Hartford Fire Insurance Company | 39 CBP 109170 | 10/29/1972 | 10/29/1973 | 10/29/1972 | 10/29/1973 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Twin City Fire Insurance Company | 39 CBP 161610 | 10/29/1973 | 10/29/1974 | 10/29/1973 | 10/29/1974 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Twin City Fire Insurance Company | 39 CBP 161610 | 10/29/1974 | 10/29/1975 | 10/29/1974 | 10/29/1975 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Twin City Fire Insurance Company | 39 CBP 161610 | 10/29/1975 | 10/29/1976 | 10/29/1975 | 10/29/1976 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 45 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Twin City Fire Insurance Company | 44 CBP 448087 | 10/29/1976 | 10/29/1977 | 10/29/1976 | 10/29/1977 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220100 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Twin City Fire Insurance Company | 44 CBP 448087 | 10/29/1977 | 10/29/1978 | 10/29/1977 | 10/29/1978 |
| Hawk Mountain (528): Hawk Mountain 1970- (528) | Twin City Fire Insurance Company | 44 CBP 448087 | 10/29/1978 | 10/29/1979 | 10/29/1978 | 10/29/1979 |
| Hawkeye Area (172): Hawkeye Area 1952- (172) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hawkeye Area (172): Hawkeye Area 1952- (172) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hawkeye Area (172): Hawkeye Area 1952- (172) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hawkeye Area (172): Hawkeye Area 1952- (172) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 40 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hawkeye Area (172): Hawkeye Area 1952- (172) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219986 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hawkeye Area (172): Hawkeye Area 1952- (172) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hawkeye Area (172): Hawkeye Area 1952- (172) | Crum & Forster | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Heart of America (307): Heart of America 1974- (307) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Heart of America (307): Heart of America 1974- (307) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of America (307): Heart of America 1974- (307) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of America (307): Heart of America 1974- (307) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 47 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of America (307): Heart of America 1974- (307) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of America (307): Heart of America 1974- (307) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219995 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Insurance Company of North America | Unknown | 5/14/1969 | 5/14/1970 | 5/14/1969 | 5/14/1970 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Insurance Company of North America | Unknown | 5/14/1970 | 5/14/1971 | 5/14/1970 | 5/14/1971 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Insurance Company of North America | Unknown | 5/14/1971 | 5/14/1972 | 5/14/1971 | 5/14/1972 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/16/1972 | 1/1/1973 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/16/1972 | 1/1/1973 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Insurance Company of North America | Unknown | 5/14/1972 | 5/16/1972 | 5/14/1972 | 5/16/1972 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Heart of America (307): Kansas City Area 1925-1974 (309) | Insurance Company of North America | GLP 42 40 26 | 6/18/1974 | 9/11/1974 | 6/18/1974 | 9/11/1974 |
| Heart of New England (230): Mohegan 1955-2018 (254) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Heart of New England (230): Mohegan 1955-2018 (254) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Mohegan 1955-2018 (254) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 85 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Mohegan 1955-2018 (254) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Mohegan 1955-2018 (254) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of New England (230): Mohegan 1955-2018 (254) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220136 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of New England (230): Monadnock 1924-1993 (232) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Heart of New England (230): Monadnock 1924-1993 (232) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Heart of New England (230): Monadnock 1924-1993 (232) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Heart of New England (230): Monadnock 1924-1993 (232) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Heart of New England (230): Monadnock 1924-1993 (232) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Heart of New England (230): Monadnock 1924-1993 (232) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 73 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Monadnock 1924-1993 (232) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Monadnock 1924-1993 (232) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Monadnock 1924-1993 (232) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of New England (230): Monadnock 1924-1993 (232) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220123 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/30/1972 | 1/1/1973 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/30/1972 | 1/1/1973 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Heart of New England (230): Nashua Valley -2018 (230) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Nashua Valley -2018 (230) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 76 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Nashua Valley -2018 (230) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of New England (230): Nashua Valley -2018 (230) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220126 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of New England (230): Nashua Valley -2018 (230) | New Hampshire Insurance Company | SLP 448251 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of New England (230): Nashua Valley -2018 (230) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of Virginia (602): Heart of Virginia (602) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Heart of Virginia (602): Heart of Virginia (602) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of Virginia (602): Heart of Virginia (602) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of Virginia (602): Heart of Virginia (602) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | CGL 20 87 40 | 5/27/1963 | 5/26/1964 | 5/27/1963 | 5/26/1964 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 5/26/1964 | 5/26/1965 | 5/26/1964 | 5/26/1965 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 5/26/1965 | 5/26/1966 | 5/26/1965 | 5/26/1966 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 5/26/1966 | 5/26/1967 | 5/26/1966 | 5/26/1967 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 5/26/1967 | 5/26/1968 | 5/26/1967 | 5/26/1968 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 5/26/1968 | 5/26/1969 | 5/26/1968 | 5/26/1969 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 5/26/1969 | 1/1/1970 | 5/26/1969 | 1/1/1970 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | GLP 461031 | 5/27/1973 | 5/27/1974 | 5/27/1973 | 5/27/1974 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Mutual Fire, Marine and Inland Insurance Company (The) | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | GLP 461031 | 5/27/1974 | 5/27/1975 | 5/27/1974 | 5/27/1975 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | North River Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | GLP 461031 | 5/27/1975 | 5/26/1976 | 5/27/1975 | 5/26/1976 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 12 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | North River Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | GLP 64 71 57 | 5/27/1976 | 5/27/1977 | 5/27/1976 | 5/27/1977 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Insurance Company of North America | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | North River Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220233 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Hartford Casualty Insurance Company | 14 UUC CZ6576 | 6/9/1998 | 6/9/1999 | 6/9/1998 | 6/9/1999 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Hartford Casualty Insurance Company | 14 UUC CZ6576 | 6/9/1999 | 6/9/2000 | 6/9/1999 | 6/9/2000 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Hartford Casualty Insurance Company | 14 UUC CZ6576 | 6/9/2000 | 6/9/2001 | 6/9/2000 | 6/9/2001 |
| Heart of Virginia (602): Robert E. Lee 1953-2003 (602) | Hartford Casualty Insurance Company | 14 UUC CZ6576 | 6/9/2001 | 6/9/2002 | 6/9/2001 | 6/9/2002 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Twin City Fire Insurance Company | 736 CBP 109458 | 4/1/1973 | 4/1/1974 | 4/1/1973 | 4/1/1974 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Twin City Fire Insurance Company | 736 CBP 109458 | 4/1/1974 | 4/1/1975 | 4/1/1974 | 4/1/1975 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Twin City Fire Insurance Company | 736 CBP 109458 | 4/1/1975 | 4/1/1976 | 4/1/1975 | 4/1/1976 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 29 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Twin City Fire Insurance Company | 36 CBP 185443 | 4/1/1976 | 4/1/1977 | 4/1/1976 | 4/1/1977 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219975 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Twin City Fire Insurance Company | 36 CBP 185443 | 4/1/1977 | 4/1/1978 | 4/1/1977 | 4/1/1978 |
| Hoosier Trails (145): Hoosier Trails 1973- (145) | Twin City Fire Insurance Company | 36 CBP 185443 | 4/1/1978 | 4/1/1979 | 4/1/1978 | 4/1/1979 |
| Hoosier Trails (145): White River Area 1927-1973 (145) | Insurance Company of North America | SBL-4-10-75 | 2/27/1966 | 2/27/1967 | 2/27/1966 | 2/27/1967 |
| Hoosier Trails (145): White River Area 1927-1973 (145) | Insurance Company of North America | SBL-4-67-26 | 2/27/1967 | 2/27/1968 | 2/27/1967 | 2/27/1968 |
| Hoosier Trails (145): White River Area 1927-1973 (145) | Insurance Company of North America | SBL 46763 | 2/27/1969 | 2/27/1970 | 2/27/1969 | 2/27/1970 |
| Hoosier Trails (145): White River Area 1927-1973 (145) | Insurance Company of North America | SBL 46763 | 2/27/1970 | 2/27/1971 | 2/27/1970 | 2/27/1971 |
| Hoosier Trails (145): White River Area 1927-1973 (145) | Insurance Company of North America | SBL 4 67 96 | 2/27/1971 | 2/27/1972 | 2/27/1971 | 2/27/1972 |
| Housatonic (069): Housatonic (069) | Insurance Company of North America | SBL 4 29 88 | 5/1/1965 | 5/1/1966 | 5/1/1965 | 5/1/1966 |
| Housatonic (069): Housatonic (069) | Insurance Company of North America | SBL 4 29 88 | 5/1/1966 | 5/1/1967 | 5/1/1966 | 5/1/1967 |
| Housatonic (069): Housatonic (069) | Insurance Company of North America | SBL 4 29 88 | 5/1/1967 | 5/1/1968 | 5/1/1967 | 5/1/1968 |
| Housatonic (069): Housatonic (069) | Insurance Company of North America | SBL 4 69 43 | 5/1/1968 | 5/1/1969 | 5/1/1968 | 5/1/1969 |
| Housatonic (069): Housatonic (069) | Insurance Company of North America | SBL 4 69 43 | 5/1/1969 | 5/1/1970 | 5/1/1969 | 5/1/1970 |
| Housatonic (069): Housatonic (069) | Insurance Company of North America | SBL 4 69 43 | 5/1/1970 | 5/1/1971 | 5/1/1970 | 5/1/1971 |
| Housatonic (069): Housatonic (069) | Insurance Company of North America | SBL 51537 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Housatonic (069): Housatonic (069) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Housatonic (069): Housatonic (069) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 67 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Housatonic (069): Housatonic (069) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Housatonic (069): Housatonic (069) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219915 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Housatonic (069): Housatonic (069) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Insurance Company of North America | GAL-40332 | 3/24/1968 | 3/24/1969 | 3/24/1968 | 3/24/1969 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Insurance Company of North America | GAL-8-46-50 | 3/24/1969 | 3/24/1970 | 3/24/1969 | 3/24/1970 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Insurance Company of North America | GAL-8-61-59 | 3/24/1970 | 3/24/1971 | 3/24/1970 | 3/24/1971 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Insurance Company of North America | Unknown | 3/24/1971 | 3/24/1972 | 3/24/1971 | 3/24/1972 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Insurance Company of North America | Unknown | 3/24/1972 | 3/24/1973 | 3/24/1972 | 3/24/1973 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Insurance Company of North America | Unknown | 3/24/1973 | 3/24/1974 | 3/24/1973 | 3/24/1974 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Insurance Company of North America | Unknown | 3/24/1974 | 1/1/1975 | 3/24/1974 | 1/1/1975 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 61 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220014 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hudson Valley (374): Dutchess County 1919-1996 (374) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | Insurance Company of North America | XBC 83413 | 6/27/1973 | 6/27/1974 | 6/27/1973 | 6/27/1974 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | Insurance Company of North America | Unknown | 6/27/1973 | 6/27/1974 | 6/27/1973 | 6/27/1974 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | Insurance Company of North America | Unknown | 6/27/1974 | 1/1/1975 | 6/27/1974 | 1/1/1975 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | Insurance Company of North America | XBC 83413 | 6/27/1974 | 6/27/1975 | 6/27/1974 | 6/27/1975 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | Insurance Company of North America | XBC 83413 | 6/27/1975 | 6/27/1976 | 6/27/1975 | 6/27/1976 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 67 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220020 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hudson Valley (374): Hudson-Delaware 1958-1996 (392) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 12/16/1972 | 1/1/1973 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 12/16/1972 | 1/1/1973 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Fireman's Fund Insurance Company | L6644883 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Fireman's Fund Insurance Company | LX2667007 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Fireman's Fund Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 75 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220028 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | New Hampshire Insurance Company | GLA 282494 | 5/10/1977 | 5/10/1978 | 5/10/1977 | 5/10/1978 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | New Hampshire Insurance Company | SLP 275625 | 5/20/1977 | 5/20/1978 | 5/20/1977 | 5/20/1978 |
| Hudson Valley (374): Rockland County 1924-1996 (683) | New Hampshire Insurance Company | GLA 282494 | 5/10/1978 | 5/20/1978 | 5/10/1978 | 5/20/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | SBL 4 78 99 | 6/1/1967 | 5/31/1968 | 6/1/1967 | 5/31/1968 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | SBL 47934 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | SBL 52104 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | SBL 52123 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | SB 52145 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | GAL 12 73 95 | 6/1/1972 | 12/1/1972 | 6/1/1972 | 12/1/1972 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | XBC 10 19 73 | 12/1/1972 | 6/1/1973 | 12/1/1972 | 6/1/1973 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | GAL 12 73 95 | 12/1/1972 | 6/1/1973 | 12/1/1972 | 6/1/1973 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | GAL 21 38 79 | 6/1/1973 | 6/1/1974 | 6/1/1973 | 6/1/1974 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | XBC 10 20 50 | 6/1/1973 | 6/1/1974 | 6/1/1973 | 6/1/1974 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | XBC 10 21 77 | 6/1/1974 | 6/1/1975 | 6/1/1974 | 6/1/1975 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | GAL 21 50 78 | 6/1/1974 | 6/1/1975 | 6/1/1974 | 6/1/1975 |
| Illowa (133): Illowa 1967- (133) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | GAL 32 96 17 | 6/1/1975 | 6/1/1976 | 6/1/1975 | 6/1/1976 |
| Illowa (133): Illowa 1967- (133) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Illowa (133): Illowa 1967- (133) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 38 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Illowa (133): Illowa 1967- (133) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | GAL 34 36 68 | 6/1/1976 | 6/1/1977 | 6/1/1976 | 6/1/1977 |
| Illowa (133): Illowa 1967- (133) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Illowa (133): Illowa 1967- (133) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219984 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Illowa (133): Illowa 1967- (133) | Insurance Company of North America | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Illowa (133): Prairie 1941-1993 (125) | Insurance Company of North America | SBL 4 29 95 | 3/25/1965 | 3/25/1966 | 3/25/1965 | 3/25/1966 |
| Illowa (133): Prairie 1941-1993 (125) | Insurance Company of North America | SBL 4 29 95 | 3/25/1966 | 3/25/1967 | 3/25/1966 | 3/25/1967 |
| Illowa (133): Prairie 1941-1993 (125) | Insurance Company of North America | SBL 4 29 95 | 3/25/1967 | 3/25/1968 | 3/25/1967 | 3/25/1968 |
| Illowa (133): Prairie 1941-1993 (125) | Insurance Company of North America | SBL 4 69 13 | 3/25/1968 | 3/25/1969 | 3/25/1968 | 3/25/1969 |
| Illowa (133): Prairie 1941-1993 (125) | Insurance Company of North America | SBL 4 69 13 | 3/25/1969 | 3/25/1970 | 3/25/1969 | 3/25/1970 |
| Illowa (133): Prairie 1941-1993 (125) | Insurance Company of North America | SBL 4 69 13 | 3/25/1970 | 3/25/1971 | 3/25/1970 | 3/25/1971 |
| Illowa (133): Prairie 1941-1993 (125) | Insurance Company of North America | SBL 5 14 95 | 3/25/1971 | 3/25/1972 | 3/25/1971 | 3/25/1972 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/25/1972 | 1/1/1973 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/25/1972 | 1/1/1973 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Illowa (133): Prairie 1941-1993 (125) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 15 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Illowa (133): Prairie 1941-1993 (125) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Illowa (133): Prairie 1941-1993 (125) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Illowa (133): Prairie 1941-1993 (125) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219961 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Illowa (133): Prairie 1941-1993 (125) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Illowa (133): Sac-Fox 1959-1967 (134) | Insurance Company of North America | ABL 2 49 69 | 3/1/1965 | 3/1/1966 | 3/1/1965 | 3/1/1966 |
| Illowa (133): Sac-Fox 1959-1967 (134) | Insurance Company of North America | SBL-2-50-18 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Illowa (133): Sac-Fox 1959-1967 (134) | Insurance Company of North America | SBL-2-50-18 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 22 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220079 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Indian Nations (488): Eastern Oklahoma Area 1949-1983 (478) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Indian Nations (488): Indian Nations 1957- (488) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Indian Nations (488): Indian Nations 1957- (488) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 25 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Nations (488): Indian Nations 1957- (488) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Nations (488): Indian Nations 1957- (488) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Nations (488): Indian Nations 1957- (488) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220078 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Indian Nations (488): Indian Nations 1957- (488) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 57 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Indian Waters (553): Central South Carolina 1929-1978 (553) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220279 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Insurance Company of North America | SBL 4 53 57 | 6/21/1965 | 6/21/1966 | 6/21/1965 | 6/21/1966 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Insurance Company of North America | SBL 4 53 57 | 6/21/1966 | 6/21/1967 | 6/21/1966 | 6/21/1967 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Insurance Company of North America | SBL 4 53 57 | 6/21/1967 | 6/20/1968 | 6/21/1967 | 6/20/1968 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Insurance Company of North America | SBL 50408 | 6/21/1968 | 6/21/1969 | 6/21/1968 | 6/21/1969 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Insurance Company of North America | SBL 50408 | 6/21/1969 | 6/21/1970 | 6/21/1969 | 6/21/1970 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Insurance Company of North America | SBL 50408 | 6/21/1970 | 6/21/1971 | 6/21/1970 | 6/21/1971 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Insurance Company of North America | SBL 51572 | 6/21/1971 | 6/21/1972 | 6/21/1971 | 6/21/1972 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/21/1972 | 1/1/1973 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 03 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Inland Northwest (611): Idaho Panhandle 1928-1992 (110) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219950 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Indemnity Insurance Company of North America | Unknown | 6/30/1961 | 6/30/1962 | 6/30/1961 | 6/30/1962 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Western Casualty & Surety Company | P100-747 | 6/10/1967 | 6/10/1968 | 6/10/1967 | 6/10/1968 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Insurance Company of North America | XBC-24884 | 3/14/1968 | 3/14/1969 | 3/14/1968 | 3/14/1969 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Western Casualty & Surety Company | P100-747 | 6/10/1968 | 6/10/1969 | 6/10/1968 | 6/10/1969 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Insurance Company of North America | XBC-24884 | 3/14/1969 | 3/14/1970 | 3/14/1969 | 3/14/1970 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Western Casualty & Surety Company | P100-747 | 6/10/1969 | 6/10/1970 | 6/10/1969 | 6/10/1970 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Insurance Company of North America | XBC-24884 | 3/14/1970 | 3/14/1971 | 3/14/1970 | 3/14/1971 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Western Casualty & Surety Company | P101 760 | 6/10/1970 | 6/10/1971 | 6/10/1970 | 6/10/1971 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Western Casualty & Surety Company | P101 760 | 6/10/1971 | 6/10/1972 | 6/10/1971 | 6/10/1972 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Insurance Company of North America | XBC 8 85 08 | 6/10/1971 | 6/10/1972 | 6/10/1971 | 6/10/1972 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Western Casualty & Surety Company | P101 760 | 6/10/1972 | 6/10/1973 | 6/10/1972 | 6/10/1972 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Insurance Company of North America | XBC 8 89 86 | 6/10/1972 | 5/29/1973 | 6/10/1972 | 5/29/1973 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 25 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | St. Paul Fire and Marine Insurance Company | Unknown | 4/3/1976 | 4/3/1977 | 4/3/1976 | 4/3/1977 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220244 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | St. Paul Fire and Marine Insurance Company | Unknown | 4/3/1977 | 4/3/1978 | 4/3/1977 | 4/3/1978 |
| Inland Northwest (611): Inland Empire 1931-1987 (611) | St. Paul Fire and Marine Insurance Company | Unknown | 4/3/1978 | 4/3/1979 | 4/3/1978 | 4/3/1979 |
| Inland Northwest (611): Lewis-Clark 1945-1992 (108) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Inland Northwest (611): Lewis-Clark 1945-1992 (108) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Lewis-Clark 1945-1992 (108) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 05 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Lewis-Clark 1945-1992 (108) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Inland Northwest (611): Lewis-Clark 1945-1992 (108) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Inland Northwest (611): Lewis-Clark 1945-1992 (108) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219952 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | Insurance Company of North America | XBC 81983 | 11/1/1973 | 11/1/1974 | 11/1/1973 | 11/1/1974 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | Insurance Company of North America | XBC 81983 | 11/1/1974 | 11/1/1975 | 11/1/1974 | 11/1/1975 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | Insurance Company of North America | XBC 81983 | 11/1/1975 | 1/1/1976 | 11/1/1975 | 1/1/1976 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 50 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Iroquois Trail (376): Genesee 1925-1994 (367) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220002 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 32 C 715130 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 32 HU 360257 | 3/10/1975 | 4/8/1975 | 3/10/1975 | 4/8/1975 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 32 HU 360257 | 4/8/1975 | 1/1/1976 | 4/8/1975 | 1/1/1976 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 64 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220017 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | Hartford Accident and Indemnity Company | 32C719701 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Iroquois Trail (376): Lewiston Trail 1937-1994 (385) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Istrouma Area (211): Istrouma Area (211) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Istrouma Area (211): Istrouma Area (211) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 57 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Istrouma Area (211): Istrouma Area (211) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Istrouma Area (211): Istrouma Area (211) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Istrouma Area (211): Istrouma Area (211) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220105 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | SBL-2-80-78 | 11/1/1966 | 11/1/1967 | 11/1/1966 | 11/1/1967 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | SBL-2-80-83 | 11/1/1967 | 11/1/1968 | 11/1/1967 | 11/1/1968 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | SBL 28094 | 11/1/1968 | 11/1/1969 | 11/1/1968 | 11/1/1969 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | SBL 50855 | 11/1/1969 | 11/1/1970 | 11/1/1969 | 11/1/1970 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | SBL 50861 | 11/1/1970 | 11/1/1971 | 11/1/1970 | 11/1/1971 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Jayhawk Area (197): Jayhawk Area (197) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Jayhawk Area (197): Jayhawk Area (197) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Jayhawk Area (197): Jayhawk Area (197) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Jayhawk Area (197): Jayhawk Area (197) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jayhawk Area (197): Jayhawk Area (197) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jayhawk Area (197): Jayhawk Area (197) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 49 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jayhawk Area (197): Jayhawk Area (197) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219997 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jayhawk Area (197): Jayhawk Area (197) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1978 | 1/1/1979 | 1/1/1978 | 1/1/1979 |
| Jayhawk Area (197): Jayhawk Area (197) | Insurance Company of North America | Unknown | 1/1/1979 | 1/1/1980 | 1/1/1979 | 1/1/1980 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Insurance Company of North America | SBL 50022 | 5/6/1970 | 5/6/1971 | 5/6/1970 | 5/6/1971 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Insurance Company of North America | SBL 50088 | 5/6/1971 | 5/6/1972 | 5/6/1971 | 5/6/1972 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/5/1972 | 1/1/1973 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/5/1972 | 1/1/1973 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 25 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Ambassador Insurance Company | GLA 332372 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220177 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jersey Shore (341): Atlantic Area 1926-1992 (331) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Insurance Company of North America | SBL 50087 | 5/11/1971 | 5/11/1972 | 5/11/1971 | 5/11/1972 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/11/1972 | 1/1/1973 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/11/1972 | 1/1/1973 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 38 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Jersey Shore (341): Ocean County 1940-1993 (341) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220189 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Juniata Valley (497): Juniata Valley (497) | Insurance Company of North America | SBL 45396 | 2/22/1967 | 2/22/1968 | 2/22/1967 | 2/22/1968 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Juniata Valley (497): Juniata Valley (497) | Insurance Company of North America | SBL 45396 | 2/22/1968 | 2/22/1969 | 2/22/1968 | 2/22/1969 |
| Juniata Valley (497): Juniata Valley (497) | Insurance Company of North America | SBL 45396 | 2/22/1969 | 2/22/1970 | 2/22/1969 | 2/22/1970 |
| Juniata Valley (497): Juniata Valley (497) | Insurance Company of North America | Unknown | 2/22/1970 | 2/22/1971 | 2/22/1970 | 2/22/1971 |
| Juniata Valley (497): Juniata Valley (497) | Insurance Company of North America | Unknown | 2/22/1971 | 2/22/1972 | 2/22/1971 | 2/22/1972 |
| Juniata Valley (497): Juniata Valley (497) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Juniata Valley (497): Juniata Valley (497) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 40 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Juniata Valley (497): Juniata Valley (497) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Juniata Valley (497): Juniata Valley (497) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Juniata Valley (497): Juniata Valley (497) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Juniata Valley (497): Juniata Valley (497) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220095 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 63 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Katahdin Area (216): Katahdin Area 1929-1996 (216) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220111 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| La Salle (165): Northern Indiana 1973-1991 (165) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| La Salle (165): Northern Indiana 1973-1991 (165) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 36 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| La Salle (165): Northern Indiana 1973-1991 (165) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| La Salle (165): Northern Indiana 1973-1991 (165) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| La Salle (165): Northern Indiana 1973-1991 (165) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219982 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| La Salle (165): Northern Indiana 1973-1991 (165) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | SBL 4 53 65 | 7/15/1965 | 7/15/1966 | 7/15/1965 | 7/15/1966 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | SBL 4 53 65 | 7/15/1966 | 7/15/1967 | 7/15/1966 | 7/15/1967 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | SBL 4 53 65 | 7/15/1967 | 7/15/1968 | 7/15/1967 | 7/15/1968 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | SBL 5 04 14 | 7/15/1968 | 7/15/1969 | 7/15/1968 | 7/15/1969 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | SBL-4-67-66 | 12/29/1968 | 12/29/1969 | 12/29/1968 | 12/29/1969 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | SBL 5 04 14 | 7/15/1969 | 7/15/1970 | 7/15/1969 | 7/15/1970 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | Unknown | 12/29/1969 | 12/29/1970 | 12/29/1969 | 12/29/1970 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | SBL 5 04 14 | 7/15/1970 | 7/15/1971 | 7/15/1970 | 7/15/1971 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | Unknown | 12/29/1970 | 12/29/1971 | 12/29/1970 | 12/29/1971 |
| La Salle (165): Pioneer Trails 1935-1972 (155) | Insurance Company of North America | Unknown | 12/29/1971 | 12/29/1972 | 12/29/1971 | 12/29/1972 |
| La Salle (165): Pottawattomie 1926-1972 (731) | Insurance Company of North America | SBL-4-67-21 | 2/26/1967 | 2/26/1968 | 2/26/1967 | 2/26/1968 |
| La Salle (165): Pottawattomie 1926-1972 (731) | Insurance Company of North America | SBL-4-67-50 | 2/26/1968 | 2/26/1969 | 2/26/1968 | 2/26/1969 |
| La Salle (165): Pottawattomie 1926-1972 (731) | Insurance Company of North America | SBL 50451 | 2/26/1969 | 2/26/1970 | 2/26/1969 | 2/26/1970 |
| La Salle (165): Pottawattomie 1926-1972 (731) | Insurance Company of North America | SBL 50451 | 2/26/1970 | 2/26/1971 | 2/26/1970 | 2/26/1971 |
| La Salle (165): Pottawattomie 1926-1972 (731) | Insurance Company of North America | SBL 50451 | 2/26/1971 | 2/26/1972 | 2/26/1971 | 2/26/1972 |
| La Salle (165): Pottawattomie 1926-1972 (731) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/26/1972 | 2/26/1972 |
| La Salle (165): Pottawattomie 1926-1972 (731) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/26/1972 | 2/26/1972 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | American States Insurance Company | CL 220-020 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 10 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lake Erie (440): Firelands Area 1925-1994 (458) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220063 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1947 | 1/1/1948 | 1/1/1947 | 1/1/1948 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1948 | 1/1/1949 | 1/1/1948 | 1/1/1949 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1949 | 1/1/1950 | 1/1/1949 | 1/1/1950 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1950 | 1/1/1951 | 1/1/1950 | 1/1/1951 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1951 | 1/1/1952 | 1/1/1951 | 1/1/1952 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1952 | 1/1/1953 | 1/1/1952 | 1/1/1953 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1953 | 1/1/1954 | 1/1/1953 | 1/1/1954 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1954 | 1/1/1955 | 1/1/1954 | 1/1/1955 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1955 | 1/1/1956 | 1/1/1955 | 1/1/1956 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1956 | 1/1/1957 | 1/1/1956 | 1/1/1957 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1957 | 1/1/1958 | 1/1/1957 | 1/1/1958 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1958 | 1/1/1959 | 1/1/1958 | 1/1/1959 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Indemnity Insurance Company of North America | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | ALB 46445 | 6/28/1967 | 6/27/1968 | 6/28/1967 | 6/27/1968 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | ALB 46445 | 6/28/1968 | 6/28/1969 | 6/28/1968 | 6/28/1969 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | ALB 46445 | 6/28/1969 | 6/28/1970 | 6/28/1969 | 6/28/1970 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | SBL 51942 | 6/28/1970 | 6/28/1971 | 6/28/1970 | 6/28/1971 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | SBL 51942 | 6/28/1971 | 6/27/1972 | 6/28/1971 | 6/27/1972 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | SBL 51942 | 6/28/1972 | 6/28/1973 | 6/28/1972 | 6/28/1973 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Insurance Company of North America | Unknown | 6/28/1973 | 6/28/1974 | 6/28/1973 | 6/28/1974 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lake Erie (440): Greater Cleveland -2017 (440) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 98 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Greater Cleveland -2017 (440) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Greater Cleveland -2017 (440) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Greater Cleveland -2017 (440) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220051 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lake Erie (440): Greater Cleveland -2017 (440) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lake Erie (440): Harding Area 1926-1994 (443) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/31/1973 | 1/1/1974 |
| Lake Erie (440): Harding Area 1926-1994 (443) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lake Erie (440): Harding Area 1926-1994 (443) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lake Erie (440): Harding Area 1926-1994 (443) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lake Erie (440): Harding Area 1926-1994 (443) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lake Erie (440): Harding Area 1926-1994 (443) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Harding Area 1926-1994 (443) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 05 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Harding Area 1926-1994 (443) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Harding Area 1926-1994 (443) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220058 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lake Erie (440): Harding Area 1926-1994 (443) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Insurance Company of North America | SBL-4-64-52 | 1/22/1967 | 1/22/1968 | 1/22/1967 | 1/22/1968 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Insurance Company of North America | SBL-4-64-74 | 1/22/1968 | 1/22/1969 | 1/22/1968 | 1/22/1969 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Insurance Company of North America | SBL-5-19-01 | 1/22/1969 | 1/22/1970 | 1/22/1969 | 1/22/1970 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Insurance Company of North America | SBL 5 19 33 | 1/22/1970 | 1/22/1971 | 1/22/1970 | 1/22/1971 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Insurance Company of North America | XUA 37 25 | 1/22/1971 | 1/22/1972 | 1/22/1971 | 1/22/1972 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Insurance Company of North America | SBL 5 19 58 | 1/22/1971 | 1/22/1972 | 1/22/1971 | 1/22/1972 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/22/1972 | 1/1/1973 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/22/1972 | 1/1/1973 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 04 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220057 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Buckeye Union Insurance Company | CBP C6051512-92 | 1/22/1992 | 1/22/1993 | 1/22/1992 | 1/22/1993 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Continental Insurance Company | CBP C6051512-93 | 1/22/1993 | 1/22/1994 | 1/22/1993 | 1/22/1994 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Buckeye Union Insurance Company | CBP C6051512-95 | 1/22/1994 | 1/22/1995 | 1/22/1994 | 1/22/1995 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Buckeye Union Insurance Company | CBP C6051512-96 | 1/22/1995 | 1/22/1996 | 1/22/1995 | 1/22/1996 |
| Lake Erie (440): Johnny Appleseed Area 1926-1994 (453) | Continental Insurance Company | CBP C6051512 | 1/22/1996 | 1/22/1997 | 1/22/1996 | 1/22/1997 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | Insurance Company of North America | SBL 51318 | 2/17/1970 | 2/17/1971 | 2/17/1970 | 2/17/1971 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | Insurance Company of North America | SBL 51318 | 2/17/1971 | 2/17/1972 | 2/17/1971 | 2/17/1972 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | Insurance Company of North America | SBL 51318 | 2/17/1972 | 2/17/1973 | 2/17/1972 | 2/17/1973 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 22 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220174 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Las Vegas Area (328): Boulder Dam Area 1944-2005 (328) | New Hampshire Insurance Company | GLA 332393 | 2/1/1977 | 2/1/1978 | 2/1/1977 | 2/1/1978 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 5/14/1973 | 1/1/1974 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 5/14/1973 | 1/1/1974 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | U.S. Fire Insurance Company | DCL 72 60 41 | 12/31/1974 | 12/31/1975 | 12/31/1974 | 12/31/1975 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | Westchester Fire Insurance Company | Unknown | 12/31/1974 | 12/31/1975 | 12/31/1974 | 12/31/1975 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | Westchester Fire Insurance Company | Unknown | 12/31/1975 | 12/30/1976 | 12/31/1975 | 12/30/1976 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | U.S. Fire Insurance Company | DCL 72 60 41 | 12/31/1975 | 12/31/1976 | 12/31/1975 | 12/31/1976 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 21 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | Westchester Fire Insurance Company | Unknown | 12/31/1976 | 12/31/1977 | 12/31/1976 | 12/31/1977 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | U.S. Fire Insurance Company | DCL 72 60 41 | 12/31/1976 | 12/31/1977 | 12/31/1976 | 12/31/1977 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220075 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Last Frontier (480): Black Beaver 1930-1996 (471) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Last Frontier (480): Last Frontier 1939- (480) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Last Frontier (480): Last Frontier 1939- (480) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 23 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Last Frontier (480): Last Frontier 1939- (480) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220076 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Allegheny 1921-1967 (527) | Insurance Company of North America | SBL 43224 | 7/1/1967 | 1/1/1968 | 7/1/1967 | 1/1/1968 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Insurance Company of North America | SBL 4 32 55 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Insurance Company of North America | SBL43276 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Insurance Company of North America | SBL 43295 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Insurance Company of North America | SBL 52313 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Insurance Company of North America | GAL120157 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Insurance Company of North America | GLP 40 87 78 | 1/1/1973 | 5/31/1973 | 1/1/1973 | 5/31/1973 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Travelers Indemnity Company | 650-668A711-3-IND | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Travelers Indemnity Company | 650-668A711-3-IND | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Travelers Indemnity Company | CUP-950A149-4 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Travelers Indemnity Company | 650   951A373-3-IND-75 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Travelers Indemnity Company | CUP-950A149-5 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 43 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Travelers Indemnity Company | 650   951A373-3-IND-76 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | Travelers Indemnity Company | 650-951A373-3-IND-77 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Allegheny Trails 1967-1993 (527) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220098 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 4 29 60 | 3/1/1965 | 3/1/1966 | 3/1/1965 | 3/1/1966 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 4 29 60 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 4 29 60 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 4 69 20 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 4 69 20 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 46910 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 4 69 20 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Laurel Highlands (527): Blair-Bedford 1929-1970 (496) | Insurance Company of North America | SBL 51496 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Laurel Highlands (527): East Boroughs 1921-1973 (540) | Insurance Company of North America | SBL-4-32-15 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Laurel Highlands (527): East Boroughs 1921-1973 (540) | Insurance Company of North America | SBL 4 32 56 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Laurel Highlands (527): East Boroughs 1921-1973 (540) | Insurance Company of North America | SBL 4 32 78 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Laurel Highlands (527): East Boroughs 1921-1973 (540) | Insurance Company of North America | SBL 52311 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Laurel Highlands (527): East Boroughs 1921-1973 (540) | Insurance Company of North America | GAL 12 01 58 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | GAL 11 71 47 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | GLP 408779 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | XBC 8 63 64 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | GAL 20 60 95 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | XBC 110662 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | GAL 20 63 77 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 41 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | GAL 32 85 17 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | Insurance Company of North America | GAL 33 71 19 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): East Valley Area 1973-1993 (530) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220096 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Monongahela Valley 1952-1971 (516) | Insurance Company of North America | SBL-4-32-57 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Laurel Highlands (527): Monongahela Valley 1952-1971 (516) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Laurel Highlands (527): Monongahela Valley 1952-1971 (516) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Laurel Highlands (527): Monongahela Valley 1952-1971 (516) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Laurel Highlands (527): Mon-Yough 1971-1973 (523) | Insurance Company of North America | GAL 12 01 59 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Laurel Highlands (527): Nemacolin Trails 1964-1967 (720) | Insurance Company of North America | SBL 45382 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| Laurel Highlands (527): Nemacolin Trails 1964-1967 (720) | Insurance Company of North America | SBL 45382 | 4/1/1967 | 6/15/1967 | 4/1/1967 | 6/15/1967 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Insurance Company of North America | SBL 5 15 22 | 2/16/1971 | 2/16/1972 | 2/16/1971 | 2/16/1972 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/16/1972 | 1/1/1973 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/16/1972 | 1/1/1973 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Penn's Woods 1970-1992 (508) | National Surety Corporation | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Penn's Woods 1970-2011 (508) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): Penn's Woods 1970-2011 (508) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Penn's Woods 1970-2011 (508) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 52 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Penn's Woods 1970-2011 (508) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Penn's Woods 1970-2011 (508) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220274 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Penn's Woods 1970-2011 (508) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 30 CBP 109015 | 6/1/1972 | 6/1/1973 | 6/1/1972 | 6/1/1973 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 30 CBP 109015 | 6/1/1973 | 6/1/1974 | 6/1/1973 | 6/1/1974 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 30 CBP 109015 | 6/1/1974 | 6/1/1975 | 6/1/1974 | 6/1/1975 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 30 CBP 115715 | 6/1/1975 | 6/1/1976 | 6/1/1975 | 6/1/1976 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 66 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 30 CBP 115715 | 6/1/1976 | 6/1/1977 | 6/1/1976 | 6/1/1977 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220114 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Laurel Highlands (527): Potomac 1938-2014 (757) | Hartford Accident and Indemnity Company | 30 CBP 115715 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Leatherstocking (400): General Herkimer -2001 (400) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): General Herkimer -2001 (400) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): General Herkimer -2001 (400) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 60 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): General Herkimer -2001 (400) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Leatherstocking (400): General Herkimer -2001 (400) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220013 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Leatherstocking (400): Iroquois 1969-1981 (395) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Leatherstocking (400): Iroquois 1969-1981 (395) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Iroquois 1969-1981 (395) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 72 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Iroquois 1969-1981 (395) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Iroquois 1969-1981 (395) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Leatherstocking (400): Iroquois 1969-1981 (395) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220025 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 69 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220022 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Leatherstocking (400): Otschodela 1927-2016 (393) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Insurance Company of North America | GA048921 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 77 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Leatherstocking (400): Upper Mohawk 1937-1981 (406) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220030 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Insurance Company of North America | SBL xxxx6 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Insurance Company of North America | SBL 44476 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Insurance Company of North America | SBL 5 11 78 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Insurance Company of North America | SBL 5 11 78 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Insurance Company of North America | SBL 5 11 78 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 53 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Lincoln Heritage (205): Audubon 1952-1994 (200) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220101 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | American Home Assurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): Audubon 1952-1994 (200) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | SBL 44415 | 5/7/1965 | 5/7/1966 | 5/7/1965 | 5/7/1966 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | SBL 44415 | 5/7/1966 | 5/7/1967 | 5/7/1966 | 5/7/1967 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | SBL 44415 | 5/7/1967 | 5/7/1968 | 5/7/1967 | 5/7/1968 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | SBL 44478 | 5/7/1968 | 5/7/1969 | 5/7/1968 | 5/7/1969 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | SBL 44478 | 5/7/1969 | 5/7/1970 | 5/7/1969 | 5/7/1970 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | SBL 44478 | 5/7/1970 | 5/7/1971 | 5/7/1970 | 5/7/1971 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | Unknown | 5/7/1971 | 5/7/1972 | 5/7/1971 | 5/7/1972 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Insurance Company of North America | Unknown | 5/7/1972 | 1/1/1973 | 5/7/1972 | 1/1/1973 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 54 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): Four Rivers 1940-1994 (207) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220102 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Insurance Company of North America | SBL 5 04 28 | 11/19/1968 | 11/19/1969 | 11/19/1968 | 11/19/1969 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Insurance Company of North America | SBL 5 04 28 | 11/19/1969 | 11/19/1970 | 11/19/1969 | 11/19/1970 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Insurance Company of North America | SBL 5 04 28 | 11/19/1970 | 11/19/1971 | 11/19/1970 | 11/19/1971 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 35 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219981 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): George Rogers Clark Area 1927-1993 (143) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | Travelers Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | Travelers Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 52 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | Travelers Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Lincoln Heritage (205): Old Kentucky Home 1954-1993 (205) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220000 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 12/22/1955 | 12/21/1956 | 12/22/1955 | 12/21/1956 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 12/22/1956 | 12/22/1957 | 12/22/1956 | 12/22/1957 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 12/22/1957 | 12/22/1958 | 12/22/1957 | 12/22/1958 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 12/22/1958 | 12/22/1959 | 12/22/1958 | 12/22/1959 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 12/22/1959 | 12/22/1960 | 12/22/1959 | 12/22/1960 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 12/22/1960 | 12/22/1961 | 12/22/1960 | 12/22/1961 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 12/22/1961 | 1/1/1962 | 12/22/1961 | 1/1/1962 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Long Beach Area (032): Long Beach Area (032) | General Accident | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Long Beach Area (032): Long Beach Area (032) | Insurance Company of North America | SBL 42932 | 4/1/1965 | 4/1/1966 | 4/1/1965 | 4/1/1966 |
| Long Beach Area (032): Long Beach Area (032) | Insurance Company of North America | SBL 42932 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| Long Beach Area (032): Long Beach Area (032) | Insurance Company of North America | SBL 42932 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Long Beach Area (032): Long Beach Area (032) | Insurance Company of North America | SBL 46936 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Long Beach Area (032): Long Beach Area (032) | Insurance Company of North America | SBL 46936 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Long Beach Area (032): Long Beach Area (032) | Insurance Company of North America | SBL 46936 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Long Beach Area (032): Long Beach Area (032) | Insurance Company of North America | SBL 51508 | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Long Beach Area (032): Long Beach Area (032) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Long Beach Area (032): Long Beach Area (032) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 36 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Long Beach Area (032): Long Beach Area (032) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Long Beach Area (032): Long Beach Area (032) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Long Beach Area (032): Long Beach Area (032) | New Hampshire Insurance Company | GLA 332346 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Long Beach Area (032): Long Beach Area (032) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219885 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Long Beach Area (032): Long Beach Area (032) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhorn (662): Heart O' Texas 1929-2001 (662) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longhorn (662): Heart O' Texas 1929-2001 (662) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhorn (662): Heart O' Texas 1929-2001 (662) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhorn (662): Heart O' Texas 1929-2001 (662) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 91 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhorn (662): Heart O' Texas 1929-2001 (662) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220222 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhorn (662): Heart O' Texas 1929-2001 (662) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhorn (662): Longhorn -2001 (582) | Hartford Fire Insurance Company | Unknown | 7/27/1961 | 7/27/1962 | 7/27/1961 | 7/27/1962 |
| Longhorn (662): Longhorn -2001 (582) | Hartford Fire Insurance Company | Unknown | 7/27/1962 | 7/27/1963 | 7/27/1962 | 7/27/1963 |
| Longhorn (662): Longhorn -2001 (582) | Hartford Fire Insurance Company | Unknown | 7/27/1963 | 7/27/1964 | 7/27/1963 | 7/27/1964 |
| Longhorn (662): Longhorn -2001 (582) | Hartford Fire Insurance Company | Unknown | 7/27/1964 | 1/1/1965 | 7/27/1964 | 1/1/1965 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longhorn (662): Longhorn -2001 (582) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longhorn (662): Longhorn -2001 (582) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longhorn (662): Longhorn -2001 (582) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 78 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhorn (662): Longhorn -2001 (582) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhorn (662): Longhorn -2001 (582) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhorn (662): Longhorn -2001 (582) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220209 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhorn (662): Longhorn -2001 (582) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Fidelity and Casualty Co. of NY | XP 157455 | 6/1/1954 | 6/1/1955 | 6/1/1954 | 6/1/1955 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Fidelity and Casualty Co. of NY | Unknown | 6/1/1955 | 6/1/1956 | 6/1/1955 | 6/1/1956 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Fidelity and Casualty Co. of NY | Unknown | 6/1/1956 | 6/1/1957 | 6/1/1956 | 6/1/1957 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Longhouse (373): Cayuga County 1924-2009 (366) | Fidelity and Casualty Co. of NY | Unknown | 6/1/1957 | 1/1/1958 | 6/1/1957 | 1/1/1958 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Fidelity and Casualty Co. of NY | XP 274 545 | 1/1/1958 | 1/1/1959 | 1/1/1958 | 1/1/1959 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Manhattan Fire & Marine Insurance Company (The) | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Manhattan Fire & Marine Insurance Company (The) | A337    256-A208 212 | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Travelers Insurance Company | SL-8640074 | 6/1/1960 | 6/1/1961 | 6/1/1960 | 6/1/1961 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Travelers Indemnity Company | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 8/1/1972 | 1/1/1973 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 8/1/1972 | 1/1/1973 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longhouse (373): Cayuga County 1924-2009 (366) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 48 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Cayuga County 1924-2009 (366) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Cayuga County 1924-2009 (366) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Cayuga County 1924-2009 (366) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220200 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Cayuga County 1924-2009 (366) | United States Fidelity and Guaranty Company | 1-3900-377194 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Security Mutual Insurance Company | CP-9360 | 3/5/1991 | 3/4/1992 | 3/5/1991 | 3/4/1992 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Security Mutual Insurance Company | CP-9360 | 3/5/1992 | 3/5/1993 | 3/5/1992 | 3/5/1993 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Security Mutual Insurance Company | CP-9360 | 3/5/1993 | 3/5/1994 | 3/5/1993 | 3/5/1994 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Security Mutual Insurance Company | CP12613 | 3/5/1994 | 3/5/1995 | 3/5/1994 | 3/5/1995 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Security Mutual Insurance Company | CP12613 | 3/5/1995 | 3/5/1996 | 3/5/1995 | 3/5/1996 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Security Mutual Insurance Company | CP12613 | 3/5/1996 | 3/5/1997 | 3/5/1996 | 3/5/1997 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Security Mutual Insurance Company | CP 0050259 | 3/5/1997 | 4/5/1997 | 3/5/1997 | 4/5/1997 |
| Longhouse (373): Cayuga County 1924-2009 (366) | Erie and Niagara Insurance Association | 56 04 0399 | 4/5/1997 | 4/5/1998 | 4/5/1997 | 4/5/1998 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/19/1972 | 1/1/1973 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/19/1972 | 1/1/1973 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longhouse (373): Hiawatha -1999 (373) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Hiawatha -1999 (373) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Hiawatha -1999 (373) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 76 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Hiawatha -1999 (373) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Hiawatha -1999 (373) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Hiawatha -1999 (373) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220029 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Hiawatha -1999 (373) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 78 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220032 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Jefferson Lewis 1932-1982 (408) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Saint Lawrence 1938-1982 (403) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longhouse (373): Saint Lawrence 1938-1982 (403) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Saint Lawrence 1938-1982 (403) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 54 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Saint Lawrence 1938-1982 (403) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longhouse (373): Saint Lawrence 1938-1982 (403) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Saint Lawrence 1938-1982 (403) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220006 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longhouse (373): Seaway Valley 1982-1995 (403) | Aetna Casualty and Surety Company | 45 BY 100497785 BCA | 1/1/1991 | 1/1/1992 | 1/1/1991 | 1/1/1992 |
| Longs Peak (062): Longs Peak 1975- (062) | Travelers Insurance Company | 042 LB F181864 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longs Peak (062): Longs Peak 1975- (062) | Travelers Indemnity Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longs Peak (062): Longs Peak 1975- (062) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Longs Peak (062): Longs Peak 1975- (062) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longs Peak (062): Longs Peak 1975- (062) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longs Peak (062): Longs Peak 1975- (062) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 65 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Longs Peak (062): Longs Peak 1975- (062) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219913 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longs Peak (062): Longs Peak 1975- (062) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Longs Peak (062): Longs Peak 1975- (062) | Travelers Indemnity Company | Unknown | 1/1/1981 | 1/1/1982 | 1/1/1981 | 1/1/1982 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Insurance Company of North America | SBL-4-79-46 | 11/12/1968 | 11/12/1969 | 11/12/1968 | 11/12/1969 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Insurance Company of North America | SBL 52108 | 11/12/1969 | 11/12/1970 | 11/12/1969 | 11/12/1970 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Insurance Company of North America | SBL 52126 | 11/12/1970 | 11/12/1971 | 11/12/1970 | 11/12/1971 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Longs Peak (062): Wyo-Braska 1936-1975 (325) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Los Padres (053): Mission 1929-1994 (053) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Los Padres (053): Mission 1929-1994 (053) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Los Padres (053): Mission 1929-1994 (053) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Los Padres (053): Mission 1929-1994 (053) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 55 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Los Padres (053): Mission 1929-1994 (053) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Los Padres (053): Mission 1929-1994 (053) | Jefferson Insurance Company of New York | GLA 209761 | 9/9/1976 | 8/1/1977 | 9/9/1976 | 8/1/1977 |
| Los Padres (053): Mission 1929-1994 (053) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Los Padres (053): Mission 1929-1994 (053) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219903 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Los Padres (053): Mission 1929-1994 (053) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 46901 | 1/14/1965 | 1/14/1966 | 1/14/1965 | 1/14/1966 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 46901 | 1/14/1966 | 1/14/1967 | 1/14/1966 | 1/14/1967 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 46901 | 1/14/1967 | 1/14/1968 | 1/14/1967 | 1/14/1968 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 46901 | 1/14/1968 | 1/14/1969 | 1/14/1968 | 1/14/1969 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 46901 | 1/14/1969 | 1/14/1970 | 1/14/1969 | 1/14/1970 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 46901 | 1/14/1970 | 1/14/1971 | 1/14/1970 | 1/14/1971 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 5 13 94 | 1/14/1971 | 1/14/1972 | 1/14/1971 | 1/14/1972 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Insurance Company of North America | SBL 5 13 94 | 1/14/1972 | 1/14/1973 | 1/14/1972 | 1/14/1973 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 51 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219899 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Los Padres (053): Santa Lucia Area 1939-1994 (056) | United States Fidelity and Guaranty Company | 1CCA16993 | 1/15/1977 | 1/15/1978 | 1/15/1977 | 1/15/1978 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 56 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220104 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Louisiana Purchase (213): Attakapas 1938-2003 (208) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Insurance Company of North America | SBL 3 12 49 | 4/27/1966 | 4/27/1967 | 4/27/1966 | 4/27/1967 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Insurance Company of North America | SBL 3 12 49 | 4/27/1967 | 4/27/1968 | 4/27/1967 | 4/27/1968 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Insurance Company of North America | SBL 3 12 49 | 4/27/1968 | 4/27/1969 | 4/27/1968 | 4/27/1969 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Insurance Company of North America | SBL 3 12 49 | 4/27/1969 | 4/27/1970 | 4/27/1969 | 4/27/1970 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Insurance Company of North America | SBL 3 12 49 | 4/27/1970 | 4/27/1971 | 4/27/1970 | 4/27/1971 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Insurance Company of North America | SBL 3 12 49 | 4/27/1971 | 4/27/1972 | 4/27/1971 | 4/27/1972 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/28/1972 | 1/1/1973 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/28/1972 | 1/1/1973 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 61 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Louisiana Purchase (213): Ouachita Valley 1925-2003 (213) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220109 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Marin (035): Marin (035) | Insurance Company of North America | SBL 51181 | 4/10/1969 | 4/10/1970 | 4/10/1969 | 4/10/1970 |
| Marin (035): Marin (035) | Insurance Company of North America | SBL 51181 | 4/10/1970 | 4/10/1971 | 4/10/1970 | 4/10/1971 |
| Marin (035): Marin (035) | Insurance Company of North America | SBL 51181 | 4/10/1971 | 4/10/1972 | 4/10/1971 | 4/10/1972 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/10/1972 | 1/1/1973 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/10/1972 | 1/1/1973 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Marin (035): Marin (035) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Marin (035): Marin (035) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Marin (035): Marin (035) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Marin (035): Marin (035) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 53 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Marin (035): Marin (035) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Marin (035): Marin (035) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219901 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Marin (035): Marin (035) | New Hampshire Insurance Company | GLA 282411 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Marin (035): Marin (035) | Ambassador Insurance Company | 25924 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Marin (035): Marin (035) | Scottsdale Insurance Company | CPS3255537 | 1/1/1995 | 1/1/1996 | 1/1/1995 | 1/1/1996 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Maryland Casualty Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Maryland Casualty Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Maryland Casualty Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 67 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220115 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Maryland Casualty Company | Unknown | 7/24/1977 | 7/24/1978 | 7/24/1977 | 7/24/1978 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Maryland Casualty Company | Unknown | 7/24/1978 | 7/24/1979 | 7/24/1978 | 7/24/1979 |
| Mason-Dixon (221): Mason-Dixon 1956- (221) | Maryland Casualty Company | Unknown | 7/24/1979 | 7/24/1980 | 7/24/1979 | 7/24/1980 |
| Mayflower (251): Algonquin 1925-1996 (241) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mayflower (251): Algonquin 1925-1996 (241) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Algonquin 1925-1996 (241) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Algonquin 1925-1996 (241) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 72 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Algonquin 1925-1996 (241) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mayflower (251): Algonquin 1925-1996 (241) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220122 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mayflower (251): Knox Trail 1996-2017 (244) | Pacific Insurance Company | ZG 0021837 | 6/20/2003 | 6/20/2004 | 6/20/2003 | 6/20/2004 |
| Mayflower (251): Knox Trail 1996-2017 (244) | Pacific Insurance Company | ZG 0021837 | 6/20/2004 | 6/20/2005 | 6/20/2004 | 6/20/2005 |
| Mayflower (251): Knox Trail 1996-2017 (244) | Hartford Accident and Indemnity Company | 34UUVIS513 | 6/20/2007 | 6/20/2008 | 6/20/2007 | 6/20/2008 |
| Mayflower (251): Knox Trail 1996-2017 (244) | Hartford Accident and Indemnity Company | 34UUVIS513 | 6/20/2008 | 6/20/2009 | 6/20/2008 | 6/20/2009 |
| Mayflower (251): Knox Trail 1996-2017 (244) | Hartford Accident and Indemnity Company | 34UUVIS513 | 6/20/2009 | 6/20/2010 | 6/20/2009 | 6/20/2010 |
| Mayflower (251): Knox Trail 1996-2017 (244) | Hartford Accident and Indemnity Company | 34UUVIS513 | 6/20/2010 | 6/20/2011 | 6/20/2010 | 6/20/2011 |
| Mayflower (251): Knox Trail 1996-2017 (244) | National Casualty Company | BINDERS47998 | 6/20/2011 | 6/20/2012 | 6/20/2011 | 6/20/2012 |
| Mayflower (251): Norumbega 1918-1996 (246) | Employers' Fire Insurance Company | EB-62085-97 | 3/26/1970 | 3/26/1971 | 3/26/1970 | 3/26/1971 |
| Mayflower (251): Norumbega 1918-1996 (246) | Employers' Fire Insurance Company | EB-62085-97 | 3/26/1971 | 3/26/1972 | 3/26/1971 | 3/26/1972 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Mayflower (251): Norumbega 1918-1996 (246) | Employers' Fire Insurance Company | EB-62085-97 | 3/26/1972 | 3/26/1973 | 3/26/1972 | 3/26/1973 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mayflower (251): Norumbega 1918-1996 (246) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Norumbega 1918-1996 (246) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 83 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Norumbega 1918-1996 (246) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Norumbega 1918-1996 (246) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mayflower (251): Norumbega 1918-1996 (246) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220134 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mayflower (251): Old Colony 1969-2017 (249) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mayflower (251): Old Colony 1969-2017 (249) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 69 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Old Colony 1969-2017 (249) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Old Colony 1969-2017 (249) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mayflower (251): Old Colony 1969-2017 (249) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220117 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mayflower (251): Old Colony 1969-2017 (249) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mayflower (251): Squanto 1936-1969 (228) | New Hampshire Insurance Company | SL BSA 456135 | 7/1/1965 | 7/1/1966 | 7/1/1965 | 7/1/1966 |
| Mayflower (251): Squanto 1936-1969 (228) | Insurance Company of North America | Unknown | 7/1/1966 | 7/1/1967 | 7/1/1966 | 7/1/1967 |
| Mayflower (251): Squanto 1936-1969 (228) | Insurance Company of North America | Unknown | 7/1/1967 | 7/1/1968 | 7/1/1967 | 7/1/1968 |
| Mayflower (251): Squanto 1936-1969 (228) | Insurance Company of North America | Unknown | 7/1/1968 | 7/1/1969 | 7/1/1968 | 7/1/1969 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Mayflower (251): Squanto 1936-1969 (228) | Insurance Company of North America | SBL 51194 | 7/1/1969 | 10/30/1969 | 7/1/1969 | 10/30/1969 |
| Mecklenburg County (415): Mecklenburg County (415) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mecklenburg County (415): Mecklenburg County (415) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mecklenburg County (415): Mecklenburg County (415) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mecklenburg County (415): Mecklenburg County (415) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 84 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mecklenburg County (415): Mecklenburg County (415) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220037 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mecklenburg County (415): Mecklenburg County (415) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mecklenburg County (415): Mecklenburg County (415) | Amerisure Insurance Company | SA MGCPP-0243786-0000 | 1/1/1989 | 1/1/1990 | 1/1/1989 | 1/1/1990 |
| Miami Valley (444): Miami Valley (444) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Miami Valley (444): Miami Valley (444) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Miami Valley (444): Miami Valley (444) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 00 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Miami Valley (444): Miami Valley (444) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Miami Valley (444): Miami Valley (444) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Miami Valley (444): Miami Valley (444) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220053 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Allstate Insurance Company | Unknown | 6/1/1960 | 6/1/1961 | 6/1/1960 | 6/1/1961 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Allstate Insurance Company | Unknown | 6/1/1961 | 6/1/1962 | 6/1/1961 | 6/1/1962 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Allstate Insurance Company | Unknown | 6/1/1962 | 6/1/1963 | 6/1/1962 | 6/1/1963 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Allstate Insurance Company | Unknown | 6/1/1963 | 6/1/1964 | 6/1/1963 | 6/1/1964 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Allstate Insurance Company | Unknown | 6/1/1964 | 6/1/1965 | 6/1/1964 | 6/1/1965 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | SBL 4 29 80 | 3/29/1965 | 3/29/1966 | 3/29/1965 | 3/29/1966 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | Unknown | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | SBL 4 29 80 | 3/29/1966 | 3/29/1967 | 3/29/1966 | 3/29/1967 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | Unknown | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | SBL 4 29 80 | 3/29/1967 | 3/29/1968 | 3/29/1967 | 3/29/1968 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | Unknown | 6/1/1967 | 3/29/1968 | 6/1/1967 | 3/29/1968 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | SBL 46919 | 3/29/1968 | 3/29/1969 | 3/29/1968 | 3/29/1969 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | SBL 46919 | 3/29/1969 | 3/29/1970 | 3/29/1969 | 3/29/1970 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | SBL 46919 | 3/29/1970 | 3/29/1971 | 3/29/1970 | 3/29/1971 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Insurance Company of North America | SBL 51414 | 3/29/1971 | 3/29/1972 | 3/29/1971 | 3/29/1972 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/29/1972 | 1/1/1973 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/29/1972 | 1/1/1973 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 96 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220146 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Blue Water 1939-2012 (277) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Insurance Company of North America | SBL 52003 | 5/1/1969 | 5/1/1970 | 5/1/1969 | 5/1/1970 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Insurance Company of North America | XPL 17689 | 5/1/1970 | 5/1/1971 | 5/1/1970 | 5/1/1971 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Insurance Company of North America | SBL 52042 | 5/1/1970 | 5/1/1971 | 5/1/1970 | 5/1/1971 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Insurance Company of North America | XPL 17748 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Insurance Company of North America | SBL 52066 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Insurance Company of North America | Unknown | 5/1/1972 | 5/1/1973 | 5/1/1972 | 5/1/1973 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Insurance Company of North America | XPL 17748 | 5/1/1972 | 6/1/1972 | 5/1/1972 | 6/1/1972 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 93 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Chief Okemos 1932-2012 (271) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220143 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | LB-3-79-18 | 6/1/1962 | 6/1/1963 | 6/1/1962 | 6/1/1963 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | LB-3-79-18 | 6/1/1963 | 6/1/1964 | 6/1/1963 | 6/1/1964 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | LB-3-79-18 | 6/1/1964 | 6/1/1965 | 6/1/1964 | 6/1/1965 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | SBL 4 24 72 | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | SBL 4 24 72 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | SBL 4 24 72 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | SBL 47729 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | SBL 47729 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | SBL 47729 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Insurance Company of North America | SBL 52072 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/22/1972 | 2/13/1967 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/22/1972 | 1/1/1973 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 95 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220145 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Clinton Valley 1937-2009 (276) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Insurance Company of North America | SBL 45740 | 2/13/1966 | 2/13/1967 | 2/13/1966 | 2/13/1967 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Insurance Company of North America | SBL-4-76-71 | 2/13/1967 | 2/13/1968 | 2/13/1967 | 2/13/1968 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Insurance Company of North America | SBL 4 77 22 | 2/13/1968 | 2/13/1969 | 2/13/1968 | 2/13/1969 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Insurance Company of North America | SBL 4 77 56 | 2/13/1969 | 2/13/1970 | 2/13/1969 | 2/13/1970 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Insurance Company of North America | SBL 4 77 56 | 2/13/1970 | 2/13/1971 | 2/13/1970 | 2/13/1971 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Insurance Company of North America | SBL 52065 | 2/13/1971 | 2/13/1972 | 2/13/1971 | 2/13/1972 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/13/1972 | 1/1/1973 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/13/1972 | 1/1/1973 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 88 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Detroit Area -2009 (262) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220139 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-4-95-05 | 5/20/1962 | 5/20/1963 | 5/20/1962 | 5/20/1963 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-4-95-05 | 5/20/1963 | 5/19/1964 | 5/20/1963 | 5/19/1964 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | Unknown | 1/1/1964 | 5/20/1964 | 1/1/1964 | 5/20/1964 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-4-95-05 | 5/20/1964 | 5/20/1965 | 5/20/1964 | 5/20/1965 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-4-24-73 | 5/20/1965 | 5/20/1966 | 5/20/1965 | 5/20/1966 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-4-24-73 | 5/20/1966 | 5/20/1967 | 5/20/1966 | 5/20/1967 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-4-24-73 | 5/20/1967 | 5/20/1968 | 5/20/1967 | 5/20/1968 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | Unknown | 5/20/1968 | 5/20/1969 | 5/20/1968 | 5/20/1969 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-4-77-27 | 5/20/1969 | 5/20/1970 | 5/20/1969 | 5/20/1970 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-5-20-37 | 5/20/1970 | 5/20/1971 | 5/20/1970 | 5/20/1971 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | SBL-5-20-37 | 5/20/1971 | 5/20/1972 | 5/20/1971 | 5/20/1972 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/21/1972 | 1/1/1973 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/21/1972 | 1/1/1973 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | GLP 43 22 35 | 1/1/1975 | 6/2/1975 | 1/1/1975 | 6/2/1975 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | XBC 123702 | 1/1/1975 | 6/2/1975 | 1/1/1975 | 6/2/1975 |
| Michigan Crossroads (780): Grand Valley 1936-1975 (266) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Lake Huron Area 1971-2012 (265) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Lake Huron Area 1971-2012 (265) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Lake Huron Area 1971-2012 (265) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Lake Huron Area 1971-2012 (265) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 87 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Lake Huron Area 1971-2012 (265) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220138 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Lake Huron Area 1971-2012 (265) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Insurance Company of North America | SBL 4 29 76 | 4/24/1965 | 4/24/1966 | 4/24/1965 | 4/24/1966 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Insurance Company of North America | SBL 4 29 76 | 4/24/1966 | 4/24/1967 | 4/24/1966 | 4/24/1967 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Insurance Company of North America | SBL 4 29 76 | 4/24/1967 | 4/24/1968 | 4/24/1967 | 4/24/1968 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Insurance Company of North America | SBL 4 69 30 | 4/24/1968 | 4/24/1969 | 4/24/1968 | 4/24/1969 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Insurance Company of North America | SBL 4 69 30 | 4/24/1969 | 4/24/1970 | 4/24/1969 | 4/24/1970 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Insurance Company of North America | SBL 4 69 30 | 4/24/1970 | 4/24/1971 | 4/24/1970 | 4/24/1971 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Insurance Company of North America | SBL 5 15 06 | 4/24/1971 | 4/23/1972 | 4/24/1971 | 4/23/1972 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/24/1972 | 1/1/1973 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/24/1972 | 1/1/1973 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 91 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Land O' Lakes 1937-1993 (269) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220142 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | LAB-1-69-55 | 6/4/1964 | 6/4/1965 | 6/4/1964 | 6/4/1965 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | SBL-4-24-74 | 6/4/1965 | 6/4/1966 | 6/4/1965 | 6/4/1966 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | SBL-4-24-74 | 6/4/1966 | 6/4/1967 | 6/4/1966 | 6/4/1967 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | SBL-4-24-74 | 6/4/1967 | 6/4/1968 | 6/4/1967 | 6/4/1968 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | SBL-4-24-74 | 6/4/1968 | 6/4/1969 | 6/4/1968 | 6/4/1969 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | SBL-5-20-06 | 6/4/1969 | 6/4/1970 | 6/4/1969 | 6/4/1970 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | SBL 52038 | 6/4/1970 | 6/4/1971 | 6/4/1970 | 6/4/1971 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Insurance Company of North America | SBL 52038 | 6/4/1971 | 6/3/1972 | 6/4/1971 | 6/3/1972 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/5/1972 | 1/1/1973 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/5/1972 | 1/1/1973 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 97 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220147 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Scenic Trails 1939-2012 (274) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 92 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Southwest Michigan 1973-2012 (270) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219856 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Southwestern Michigan 1941-1973 (258) | Insurance Company of North America | OBP 68693 | 10/29/1969 | 10/29/1970 | 10/29/1969 | 10/29/1970 |
| Michigan Crossroads (780): Southwestern Michigan 1941-1973 (258) | Insurance Company of North America | OBP 68693 | 10/29/1970 | 10/29/1971 | 10/29/1970 | 10/29/1971 |
| Michigan Crossroads (780): Southwestern Michigan 1941-1973 (258) | Insurance Company of North America | OBP 68693 | 10/29/1971 | 10/29/1972 | 10/29/1971 | 10/29/1972 |
| Michigan Crossroads (780): Southwestern Michigan 1941-1973 (258) | Insurance Company of North America | OBP 12 56 44 | 10/29/1972 | 1/1/1973 | 10/29/1972 | 1/1/1973 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Insurance Company of North America | SBL-4-24-59 | 6/12/1967 | 6/12/1968 | 6/12/1967 | 6/12/1968 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Insurance Company of North America | SBL-4-77-37 | 6/12/1968 | 6/12/1969 | 6/12/1968 | 6/12/1969 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Insurance Company of North America | SBL 52007 | 6/12/1969 | 6/12/1970 | 6/12/1969 | 6/12/1970 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Insurance Company of North America | SBL 52046 | 6/12/1970 | 6/12/1971 | 6/12/1970 | 6/12/1971 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Insurance Company of North America | Unknown | 6/12/1971 | 1/1/1972 | 6/12/1971 | 1/1/1972 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/12/1972 | 1/1/1973 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/12/1972 | 1/1/1973 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 89 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220140 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Tall Pine 1937-2012 (264) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Insurance Company of North America | SBL 4 57 66 | 7/27/1966 | 7/27/1967 | 7/27/1966 | 7/27/1967 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Insurance Company of North America | SBL-4-76-81 | 7/27/1967 | 7/27/1968 | 7/27/1967 | 7/27/1968 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Insurance Company of North America | SBL-4-76-81 | 7/27/1968 | 7/27/1969 | 7/27/1968 | 7/27/1969 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Insurance Company of North America | SBL 52012 | 7/27/1969 | 7/27/1970 | 7/27/1969 | 7/27/1970 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Insurance Company of North America | Unknown | 7/27/1970 | 7/27/1971 | 7/27/1970 | 7/27/1971 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Insurance Company of North America | Unknown | 7/27/1971 | 1/1/1972 | 7/27/1971 | 1/1/1972 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/19/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/19/1972 | 1/1/1973 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Michigan Crossroads (780): Timber Trails 1944-1975 (275) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): West Michigan Shores 1975-1995 (266) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): West Michigan Shores 1975-1995 (266) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): West Michigan Shores 1975-1995 (266) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): West Michigan Shores 1975-1995 (266) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 90 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): West Michigan Shores 1975-1995 (266) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): West Michigan Shores 1975-1995 (266) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220141 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | SBL 4 29 54 | 3/1/1965 | 3/1/1966 | 3/1/1965 | 3/1/1966 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | SBL 4 29 54 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | SBL 4 29 54 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | Unknown | 2/29/1968 | 2/28/1969 | 2/29/1968 | 2/28/1969 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | Unknown | 2/28/1969 | 2/28/1970 | 2/28/1969 | 2/28/1970 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | Unknown | 2/28/1970 | 3/1/1970 | 2/28/1970 | 3/1/1970 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | SBL 51315 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Insurance Company of North America | SBL 51315 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Michigan Crossroads (780): Wolverine 1925-1973 (711) | American Employers' Insurance Company | AWW451163 | 3/3/1980 | 3/3/1981 | 3/3/1980 | 3/3/1981 |
| Michigan Crossroads (780): Wolverine 1973-1993 (255) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Michigan Crossroads (780): Wolverine 1973-1993 (255) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Wolverine 1973-1993 (255) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 86 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Wolverine 1973-1993 (255) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Michigan Crossroads (780): Wolverine 1973-1993 (255) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Michigan Crossroads (780): Wolverine 1973-1993 (255) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220137 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-America (326): Mid-America 1965- (326) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Mid-America (326): Mid-America 1965- (326) | Travelers Insurance Company | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Mid-America (326): Mid-America 1965- (326) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Mid-America (326): Mid-America 1965- (326) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Mid-America (326): Mid-America 1965- (326) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mid-America (326): Mid-America 1965- (326) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-America (326): Mid-America 1965- (326) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 21 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-America (326): Mid-America 1965- (326) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-America (326): Mid-America 1965- (326) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220173 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-America (326): Mid-America 1965- (326) | Travelers Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-America (326): Mid-America 1965- (326) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Insurance Company of North America | SBL 52139 | 3/23/1971 | 3/23/1972 | 3/23/1971 | 3/23/1972 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/2/1972 | 1/1/1973 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/2/1972 | 1/1/1973 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 43 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | National Union Fire Insurance Company of Pittsburgh, PA | BE 12199S9 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | New Hampshire Insurance Company | GAL 34 36 80 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-America (326): Prairie Gold Area 1942-2000 (179) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | SBL 4 49 67 | 3/23/1966 | 3/23/1967 | 3/23/1966 | 3/23/1967 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | Unknown | 1/1/1967 | 3/23/1967 | 1/1/1967 | 3/23/1967 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | SBL 4 78 67 | 3/23/1967 | 3/22/1968 | 3/23/1967 | 3/22/1968 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | SBL 4 79 20 | 3/23/1968 | 3/23/1969 | 3/23/1968 | 3/23/1969 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | SBL 4 79 54 | 3/23/1969 | 3/23/1970 | 3/23/1969 | 3/23/1970 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | SBL 52117 | 3/23/1970 | 3/23/1971 | 3/23/1970 | 3/23/1971 |
| Mid-America (326): Sergeant Floyd Area 1939-1972 (185) | Insurance Company of North America | SBL 52139 | 3/23/1971 | 3/23/1972 | 3/23/1971 | 3/23/1972 |
| Mid-America (326): Sioux City 1918-1926 (185) | St. Paul Mercury Insurance Company | Unknown | 6/10/1954 | 6/10/1955 | 6/10/1954 | 6/10/1955 |
| Middle Tennessee (560): Middle Tennessee (560) | Insurance Company of North America | SBL 5 04 06 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Middle Tennessee (560): Middle Tennessee (560) | Insurance Company of North America | SBL 5 04 06 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Middle Tennessee (560): Middle Tennessee (560) | Insurance Company of North America | SBL 5 04 06 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Middle Tennessee (560): Middle Tennessee (560) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Middle Tennessee (560): Middle Tennessee (560) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Middle Tennessee (560): Middle Tennessee (560) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 69 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Middle Tennessee (560): Middle Tennessee (560) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Middle Tennessee (560): Middle Tennessee (560) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220292 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 41 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219987 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-Iowa (177): Mid-Iowa 1970- (177) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mid-Iowa (177): Southern Iowa Area 1929-1970 (184) | Insurance Company of North America | SBL 4 53 76 | 1/24/1966 | 1/24/1967 | 1/24/1966 | 1/24/1967 |
| Mid-Iowa (177): Southern Iowa Area 1929-1970 (184) | Insurance Company of North America | SBL 4 53 76 | 1/24/1967 | 1/24/1968 | 1/24/1967 | 1/24/1968 |
| Mid-Iowa (177): Southern Iowa Area 1929-1970 (184) | Insurance Company of North America | SBL 4 53 76 | 1/24/1968 | 1/24/1969 | 1/24/1968 | 1/24/1969 |
| Mid-Iowa (177): Southern Iowa Area 1929-1970 (184) | Insurance Company of North America | SBL 5 04 33 | 1/24/1969 | 1/24/1970 | 1/24/1969 | 1/24/1970 |
| Mid-Iowa (177): Southern Iowa Area 1929-1970 (184) | Insurance Company of North America | SBL 5 04 33 | 1/24/1970 | 5/1/1970 | 1/24/1970 | 5/1/1970 |
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Midnight Sun (696): Midnight Sun (696) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Midnight Sun (696): Midnight Sun (696) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 16 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Midnight Sun (696): Midnight Sun (696) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Midnight Sun (696): Midnight Sun (696) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Midnight Sun (696): Midnight Sun (696) | New Hampshire Insurance Company | GLA 311350 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Midnight Sun (696): Midnight Sun (696) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Midnight Sun (696): Midnight Sun (696) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219865 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Minsi Trails (502): Delaware Valley Area 1932-1969 (510) | Insurance Company of North America | 2075 | 10/16/1944 | 10/16/1945 | 10/16/1944 | 10/16/1945 |
| Minsi Trails (502): Delaware Valley Area 1932-1969 (510) | Phoenix of Hartford Insurance Companies | CC 8 98 96 | 5/16/1966 | 5/16/1967 | 5/16/1966 | 5/16/1967 |
| Minsi Trails (502): Delaware Valley Area 1932-1969 (510) | Phoenix of Hartford Insurance Companies | CC 8 98 96 | 5/16/1967 | 5/16/1968 | 5/16/1967 | 5/16/1968 |
| Minsi Trails (502): Delaware Valley Area 1932-1969 (510) | Phoenix of Hartford Insurance Companies | CC 8 98 96 | 5/16/1968 | 5/16/1969 | 5/16/1968 | 5/16/1969 |
| Minsi Trails (502): Lehigh County 1930-1969 (729) | Insurance Company of North America | SBL Unknown | 12/1/1965 | 5/1/1966 | 12/1/1965 | 5/1/1966 |
| Minsi Trails (502): Lehigh County 1930-1969 (729) | Insurance Company of North America | SBL 4 47 99 | 5/1/1966 | 5/1/1967 | 5/1/1966 | 5/1/1967 |
| Minsi Trails (502): Lehigh County 1930-1969 (729) | Insurance Company of North America | SBL 4 47 99 | 5/1/1967 | 5/1/1968 | 5/1/1967 | 5/1/1968 |
| Minsi Trails (502): Lehigh County 1930-1969 (729) | Insurance Company of North America | SBL 4 47 99 | 5/1/1968 | 5/1/1969 | 5/1/1968 | 5/1/1969 |
| Minsi Trails (502): Lehigh County 1930-1969 (729) | Insurance Company of North America | SBL 4 85 34 | 5/1/1969 | 5/9/1969 | 5/1/1969 | 5/9/1969 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | SBL 44799 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | SBL 44799 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | SBL 44799 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Aetna Casualty and Surety Company | 44CA 115201 | 4/20/1969 | 4/20/1970 | 4/20/1969 | 4/20/1970 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | SBL-48567 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Aetna Casualty and Surety Company | Unknown | 4/20/1970 | 4/20/1971 | 4/20/1970 | 4/20/1971 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | SBL-48567 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | SBL-48567 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | SBL-48567 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | XBC-96766 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | GLP 40 72 24 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | GLP 40 72 24 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | GLP 40 72 24 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Minsi Trails (502): Minsi Trails 1968- (502) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Minsi Trails (502): Minsi Trails 1968- (502) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 39 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Minsi Trails (502): Minsi Trails 1968- (502) | Insurance Company of North America | GLP-621176 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Minsi Trails (502): Minsi Trails 1968- (502) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220094 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Minsi Trails (502): Minsi Trails 1968- (502) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Insurance Company of North America | SBL 5 04 24 | 6/20/1968 | 6/20/1969 | 6/20/1968 | 6/20/1969 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Insurance Company of North America | SBL 5 04 24 | 6/20/1969 | 6/20/1970 | 6/20/1969 | 6/20/1970 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Insurance Company of North America | SBL 5 04 24 | 6/20/1970 | 6/20/1971 | 6/20/1970 | 6/20/1971 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Insurance Company of North America | SBL 5 15 61 | 6/20/1971 | 6/20/1972 | 6/20/1971 | 6/20/1972 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/20/1972 | 1/1/1973 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/20/1972 | 1/1/1973 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 23 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mississippi Valley (141): Saukee Area 1935-1993 (141) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219969 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Insurance Company of North America | SBL 4 30 00 | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Insurance Company of North America | SBL 4 30 00 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Insurance Company of North America | SBL 4 30 00 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Insurance Company of North America | SBL 4 69 46 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Insurance Company of North America | SBL 4 69 46 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Insurance Company of North America | SBL 4 69 46 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Insurance Company of North America | SBL 5 15 59 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 39 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219985 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mississippi Valley (141): Southeast Iowa 1929-1993 (171) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mobile Area (004): Mobile Area (004) | Insurance Company of North America | SBL 46907 | 2/1/1970 | 2/1/1971 | 2/1/1970 | 2/1/1971 |
| Mobile Area (004): Mobile Area (004) | Insurance Company of North America | SBL 51408 | 2/1/1971 | 2/1/1972 | 2/1/1971 | 2/1/1972 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mobile Area (004): Mobile Area (004) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 11 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mobile Area (004): Mobile Area (004) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mobile Area (004): Mobile Area (004) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mobile Area (004): Mobile Area (004) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mobile Area (004): Mobile Area (004) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mobile Area (004): Mobile Area (004) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219861 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mobile Area (004): Mobile Area (004) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Monmouth (347): Monmouth (347) | Insurance Company of North America | SBL 42996 | 2/1/1965 | 2/1/1966 | 2/1/1965 | 2/1/1966 |
| Monmouth (347): Monmouth (347) | Insurance Company of North America | SBL 42996 | 2/1/1966 | 2/1/1967 | 2/1/1966 | 2/1/1967 |
| Monmouth (347): Monmouth (347) | Insurance Company of North America | SBL 42996 | 2/1/1967 | 2/1/1968 | 2/1/1967 | 2/1/1968 |
| Monmouth (347): Monmouth (347) | Insurance Company of North America | SBL 46903 | 2/1/1968 | 2/1/1969 | 2/1/1968 | 2/1/1969 |
| Monmouth (347): Monmouth (347) | Insurance Company of North America | SBL 46903 | 2/1/1969 | 2/1/1970 | 2/1/1969 | 2/1/1970 |
| Monmouth (347): Monmouth (347) | Insurance Company of North America | SBL 46903 | 2/1/1970 | 2/1/1971 | 2/1/1970 | 2/1/1971 |
| Monmouth (347): Monmouth (347) | Insurance Company of North America | SBL 51395 | 2/1/1971 | 2/1/1972 | 2/1/1971 | 2/1/1972 |
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Monmouth (347): Monmouth (347) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Monmouth (347): Monmouth (347) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 32 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Monmouth (347): Monmouth (347) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Monmouth (347): Monmouth (347) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Monmouth (347): Monmouth (347) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220184 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Montana (315): Montana 1973- (315) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Montana (315): Montana 1973- (315) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Montana (315): Montana 1973- (315) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 17 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Montana (315): Montana 1973- (315) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Montana (315): Montana 1973- (315) | Home Insurance Company | 1217117 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Montana (315): Montana 1973- (315) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220168 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Montana (315): Montana 1973- (315) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Montana (315): Vigilante 1944-1973 (313) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Montana (315): Vigilante 1944-1973 (313) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Montana (315): Vigilante 1944-1973 (313) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Montana (315): Vigilante 1944-1973 (313) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Montana (315): Vigilante 1944-1973 (313) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Montana (315): Vigilante 1944-1973 (313) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Montana (315): Western Montana 1924-1973 (320) | Insurance Company of North America | SBL 3 31 46 | 2/1/1971 | 2/1/1972 | 2/1/1971 | 2/1/1972 |
| Montana (315): Western Montana 1924-1973 (320) | Insurance Company of North America | GAL 11 86 75 | 2/1/1972 | 1/31/1973 | 2/1/1972 | 1/31/1973 |
| Montana (315): Yellowstone Valley 1928-1973 (318) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 3/1/1973 | 1/1/1974 |
| Montana (315): Yellowstone Valley 1928-1973 (318) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 3/1/1973 | 1/1/1974 |
| Moraine Trails (500): Lawrence County 1922-1973 (520) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Moraine Trails (500): Lawrence County 1922-1973 (520) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/1/1972 | 1/1/1973 |
| Moraine Trails (500): Lawrence County 1922-1973 (520) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Moraine Trails (500): Lawrence County 1922-1973 (520) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Moraine Trails (500): Moraine Trails 1973- (500) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Moraine Trails (500): Moraine Trails 1973- (500) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Moraine Trails (500): Moraine Trails 1973- (500) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Moraine Trails (500): Moraine Trails 1973- (500) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Moraine Trails (500): Moraine Trails 1973- (500) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Moraine Trails (500): Moraine Trails 1973- (500) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Moraine Trails (500): Moraine Trails 1973- (500) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 32 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Moraine Trails (500): Moraine Trails 1973- (500) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Moraine Trails (500): Moraine Trails 1973- (500) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Moraine Trails (500): Moraine Trails 1973- (500) | New Hampshire Insurance Company | SLP275531 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Moraine Trails (500): Moraine Trails 1973- (500) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Moraine Trails (500): Moraine Trails 1973- (500) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220087 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Moraine Trails (500): Pioneer Trails 1949-1973 (500) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/15/1972 | 1/1/1973 |
| Moraine Trails (500): Pioneer Trails 1949-1973 (500) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/15/1972 | 1/1/1973 |
| Moraine Trails (500): Pioneer Trails 1949-1973 (500) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Moraine Trails (500): Pioneer Trails 1949-1973 (500) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mount Baker (606): Evergreen Area 1941-1994 (606) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mount Baker (606): Evergreen Area 1941-1994 (606) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mount Baker (606): Evergreen Area 1941-1994 (606) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 19 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mount Baker (606): Evergreen Area 1941-1994 (606) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mount Baker (606): Evergreen Area 1941-1994 (606) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220239 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Mount Baker (606): Evergreen Area 1941-1994 (606) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mount Baker (606): Evergreen Area 1941-1994 (606) | St. Paul Fire and Marine Insurance Company | 684NA4503 | 5/17/1977 | 5/17/1978 | 5/17/1977 | 5/17/1978 |
| Mount Baker (606): Mount Baker 1994- (606) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Mount Baker (606): Mount Baker 1994- (606) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Mount Baker (606): Mount Baker 1994- (606) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mount Baker (606): Mount Baker 1994- (606) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mount Baker (606): Mount Baker 1994- (606) | United States Fidelity and Guaranty Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mount Baker (606): Mount Baker 1994- (606) | United States Fidelity and Guaranty Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 20 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220238 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mount Baker (606): Mount Baker Area 1929-1994 (603) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mountain West (106): Mountainview 1951-1968 (105) | Insurance Company of North America | SBL 4 29 74 | 3/31/1965 | 3/31/1966 | 3/31/1965 | 3/31/1966 |
| Mountain West (106): Mountainview 1951-1968 (105) | Insurance Company of North America | SBL 4 29 74 | 3/31/1966 | 3/31/1967 | 3/31/1966 | 3/31/1967 |
| Mountain West (106): Mountainview 1951-1968 (105) | Insurance Company of North America | GK-12042 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Mountain West (106): Mountainview 1951-1968 (105) | Insurance Company of North America | SBL 4 29 74 | 3/31/1967 | 3/31/1968 | 3/31/1967 | 3/31/1968 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Insurance Company of North America | SBL 50411 | 3/31/1968 | 3/31/1969 | 3/31/1968 | 3/31/1969 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Insurance Company of North America | SBL 50411 | 3/31/1969 | 3/31/1970 | 3/31/1969 | 3/31/1970 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Insurance Company of North America | SBL 50411 | 3/31/1970 | 3/31/1971 | 3/31/1970 | 3/31/1971 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Insurance Company of North America | Unknown | 3/31/1971 | 1/1/1972 | 3/31/1971 | 1/1/1972 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/31/1972 | 1/1/1973 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/31/1972 | 1/1/1973 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Industrial Indemnity | MP 698-0754 | 11/1/1973 | 11/1/1974 | 11/1/1973 | 11/1/1974 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Insurance Company of North America | XBC 11 46 94 | 2/15/1974 | 2/1/1975 | 2/15/1974 | 2/1/1975 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Industrial Indemnity | MP 698-0754 | 11/1/1974 | 11/1/1975 | 11/1/1974 | 11/1/1975 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Insurance Company of North America | XBC 11 48 44 | 2/1/1975 | 2/1/1976 | 2/1/1975 | 2/1/1976 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Industrial Indemnity | MP 698-0754 | 11/1/1975 | 11/1/1976 | 11/1/1975 | 11/1/1976 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 02 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | U.S. Fire Insurance Company | 1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | U.S. Fire Insurance Company | CA-D-0036 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219949 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mountain West (106): Ore-Ida 1933-2020 (106) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mountain West (106): Snake River -2020 (111) | Aetna Casualty and Surety Company | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Mountain West (106): Snake River -2020 (111) | Aetna Casualty and Surety Company | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Mountain West (106): Snake River -2020 (111) | Aetna Casualty and Surety Company | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Mountain West (106): Snake River -2020 (111) | Aetna Casualty and Surety Company | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Mountain West (106): Snake River -2020 (111) | Aetna Casualty and Surety Company | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Mountain West (106): Snake River -2020 (111) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mountain West (106): Snake River -2020 (111) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 07 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Snake River -2020 (111) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Snake River -2020 (111) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountain West (106): Snake River -2020 (111) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219954 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mountain West (106): Snake River -2020 (111) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mountaineer Area (615): Mountaineer Area (615) | Insurance Company of North America | SBL 45387 | 6/4/1966 | 6/4/1967 | 6/4/1966 | 6/4/1967 |
| Mountaineer Area (615): Mountaineer Area (615) | Insurance Company of North America | SBL 45387 | 6/4/1967 | 6/3/1968 | 6/4/1967 | 6/3/1968 |
| Mountaineer Area (615): Mountaineer Area (615) | Insurance Company of North America | SBL 45387 | 6/4/1968 | 6/4/1969 | 6/4/1968 | 6/4/1969 |
| Mountaineer Area (615): Mountaineer Area (615) | Insurance Company of North America | SBL 51184 | 6/4/1969 | 6/4/1970 | 6/4/1969 | 6/4/1970 |
| Mountaineer Area (615): Mountaineer Area (615) | Insurance Company of North America | SBL 51184 | 6/4/1970 | 6/4/1971 | 6/4/1970 | 6/4/1971 |
| Mountaineer Area (615): Mountaineer Area (615) | Insurance Company of North America | SBL 51184 | 6/4/1971 | 6/3/1972 | 6/4/1971 | 6/3/1972 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/4/1972 | 1/1/1973 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1973 | 6/4/1972 | 1/1/1973 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Mountaineer Area (615): Mountaineer Area (615) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountaineer Area (615): Mountaineer Area (615) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 36 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountaineer Area (615): Mountaineer Area (615) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Mountaineer Area (615): Mountaineer Area (615) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Mountaineer Area (615): Mountaineer Area (615) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220252 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL 4-44-28 | 6/26/1965 | 6/26/1966 | 6/26/1965 | 6/26/1966 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL 4-44-28 | 6/26/1966 | 6/26/1967 | 6/26/1966 | 6/26/1967 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL 4-44-28 | 6/26/1967 | 6/26/1968 | 6/26/1967 | 6/26/1968 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL-4-44-79 | 6/26/1968 | 6/26/1969 | 6/26/1968 | 6/26/1969 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL-4-44-79 | 6/26/1969 | 6/26/1970 | 6/26/1969 | 6/26/1970 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL-4-44-79 | 6/26/1970 | 6/26/1971 | 6/26/1970 | 6/26/1971 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL 25204 | 6/26/1971 | 6/25/1972 | 6/26/1971 | 6/25/1972 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Insurance Company of North America | SBL 25204 | 6/26/1972 | 2/1/1973 | 6/26/1972 | 2/1/1973 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 2/1/1973 | 1/1/1974 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 74 01 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220069 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Muskingum Valley (467): Muskingum Valley 1956- (467) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Narragansett (546): Annawon 1930-2016 (225) | Insurance Company of North America | SBL 5 13 14 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Narragansett (546): Annawon 1930-2016 (225) | Insurance Company of North America | SBL 5 13 14 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Narragansett (546): Annawon 1930-2016 (225) | Insurance Company of North America | SBL 5 13 14 | 3/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Narragansett (546): Annawon 1930-2016 (225) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Narragansett (546): Annawon 1930-2016 (225) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Narragansett (546): Annawon 1930-2016 (225) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Narragansett (546): Annawon 1930-2016 (225) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Narragansett (546): Annawon 1930-2016 (225) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Narragansett (546): Annawon 1930-2016 (225) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Narragansett (546): Annawon 1930-2016 (225) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Narragansett (546): Annawon 1930-2016 (225) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 82 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Narragansett (546): Annawon 1930-2016 (225) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Narragansett (546): Annawon 1930-2016 (225) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220133 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Narragansett (546): Cachalot 1935-1971 (245) | Insurance Company of North America | SBL 40247 | 11/1/1965 | 11/1/1966 | 11/1/1965 | 11/1/1966 |
| Narragansett (546): Cachalot 1935-1971 (245) | Insurance Company of North America | SBL 40247 | 11/1/1966 | 11/1/1967 | 11/1/1966 | 11/1/1967 |
| Narragansett (546): Cachalot 1935-1971 (245) | Insurance Company of North America | SBL 40247 | 11/1/1967 | 11/1/1968 | 11/1/1967 | 11/1/1968 |
| Narragansett (546): Cachalot 1935-1971 (245) | Insurance Company of North America | SBL 50614 | 11/1/1968 | 11/1/1969 | 11/1/1968 | 11/1/1969 |
| Narragansett (546): Cachalot 1935-1971 (245) | Insurance Company of North America | SBL 50614 | 11/1/1969 | 11/1/1970 | 11/1/1969 | 11/1/1970 |
| Narragansett (546): Cachalot 1935-1971 (245) | Insurance Company of North America | SBL 50614 | 11/1/1970 | 11/1/1971 | 11/1/1970 | 11/1/1971 |
| Narragansett (546): Moby Dick 1971-2001 (245) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Narragansett (546): Moby Dick 1971-2001 (245) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Narragansett (546): Moby Dick 1971-2001 (245) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 79 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Narragansett (546): Moby Dick 1971-2001 (245) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Narragansett (546): Moby Dick 1971-2001 (245) | New Hampshire Insurance Company | SLP63-49-06 | 1/15/1976 | 1/15/1977 | 1/15/1976 | 1/15/1977 |
| Narragansett (546): Moby Dick 1971-2001 (245) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220130 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Narragansett (546): Moby Dick 1971-2001 (245) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Narragansett (546): Moby Dick 1971-2001 (245) | New Hampshire Insurance Company | SLP63-49-06 | 1/15/1977 | 1/15/1978 | 1/15/1977 | 1/15/1978 |
| Narragansett (546): Moby Dick 1971-2001 (245) | New Hampshire Insurance Company | SLP63-49-06 | 1/15/1978 | 1/15/1979 | 1/15/1978 | 1/15/1979 |
| Narragansett (546): Narragansett 1930- (546) | Phoenix Insurance Company | TOP58010057 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Narragansett (546): Narragansett 1930- (546) | Phoenix Insurance Company | TOP58010057 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Narragansett (546): Narragansett 1930- (546) | Phoenix Insurance Company | TOP58010057 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Narragansett (546): Narragansett 1930- (546) | Travelers Indemnity Company | ND6619859 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Narragansett (546): Narragansett 1930- (546) | Travelers Indemnity Company | ND6619859 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Narragansett (546): Narragansett 1930- (546) | Travelers Indemnity Company | ND6619859 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Narragansett (546): Narragansett 1930- (546) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Narragansett (546): Narragansett 1930- (546) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Narragansett (546): Narragansett 1930- (546) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Narragansett (546): Narragansett 1930- (546) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Narragansett (546): Narragansett 1930- (546) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 55 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Narragansett (546): Narragansett 1930- (546) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220277 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| National Capital Area (082): National Capital Area 1911- (082) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 75 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| National Capital Area (082): National Capital Area 1911- (082) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219923 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| National Capital Area (082): National Capital Area 1911- (082) | Aetna Insurance Company | SMP 35 29 46 | 4/1/1981 | 4/1/1982 | 4/1/1981 | 4/1/1982 |
| National Capital Area (082): National Capital Area 1911- (082) | Aetna Insurance Company | CPP 42 58 80 | 4/1/1982 | 4/1/1983 | 4/1/1982 | 4/1/1983 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/15/1973 | 1/1/1974 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/15/1973 | 1/1/1974 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 08 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220230 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| National Capital Area (082): Virgin Islands 1965-2013 (410) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Nevada Area (329): Nevada Area (329) | American Employers' Insurance Company | AF W05 00 10 | 3/1/1973 | 3/1/1974 | 3/1/1973 | 3/1/1974 |
| Nevada Area (329): Nevada Area (329) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Nevada Area (329): Nevada Area (329) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Nevada Area (329): Nevada Area (329) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 23 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Nevada Area (329): Nevada Area (329) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Nevada Area (329): Nevada Area (329) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220175 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Nevada Area (329): Nevada Area (329) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Nevada Area (329): Nevada Area (329) | Travelers Indemnity Company | 650-225A529-4-IND-77 | 4/12/1977 | 4/1/1978 | 4/12/1977 | 4/1/1978 |
| New Birth of Freedom (544): Harrisburg Area 1927-1948 (515) | Insurance Company of North America | LB 3541 | 6/20/1946 | 6/20/1947 | 6/20/1946 | 6/20/1947 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | LB-4-21-48 | 10/20/1964 | 10/20/1965 | 10/20/1964 | 10/20/1965 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | LB-4-21-48 | 10/20/1965 | 10/20/1966 | 10/20/1965 | 10/20/1966 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | LB-4-21-48 | 10/20/1966 | 10/20/1967 | 10/20/1966 | 10/20/1967 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | ALB-4-84-03 | 10/20/1967 | 10/20/1968 | 10/20/1967 | 10/20/1968 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | ALB-4-84-03 | 10/20/1968 | 10/20/1969 | 10/20/1968 | 10/20/1969 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | ALB-4-84-03 | 10/20/1969 | 10/20/1970 | 10/20/1969 | 10/20/1970 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | Unknown | 10/19/1970 | 10/19/1971 | 10/19/1970 | 10/19/1971 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | Unknown | 10/19/1971 | 10/19/1972 | 10/19/1971 | 10/19/1972 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | Unknown | 10/19/1972 | 10/19/1973 | 10/19/1972 | 10/19/1973 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | Unknown | 10/19/1973 | 10/19/1974 | 10/19/1973 | 10/19/1974 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Insurance Company of North America | Unknown | 10/19/1974 | 1/1/1975 | 10/19/1974 | 1/1/1975 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Aetna Casualty and Surety Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 37 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| New Birth of Freedom (544): Keystone Area 1948-2010 (515) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220092 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/11/1972 | 1/1/1973 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/11/1972 | 1/1/1973 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 53 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| New Birth of Freedom (544): York-Adams Area 1932-2010 (544) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220275 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| North Florida (087): North Florida (087) | Insurance Company of North America | SBL 45384 | 4/8/1966 | 4/8/1967 | 4/8/1966 | 4/8/1967 |
| North Florida (087): North Florida (087) | Insurance Company of North America | SBL 45384 | 4/8/1967 | 4/8/1968 | 4/8/1967 | 4/8/1968 |
| North Florida (087): North Florida (087) | Insurance Company of North America | SBL 45384 | 4/8/1968 | 4/8/1969 | 4/8/1968 | 4/8/1969 |
| North Florida (087): North Florida (087) | Insurance Company of North America | SBL 50444 | 4/8/1969 | 4/8/1970 | 4/8/1969 | 4/8/1970 |
| North Florida (087): North Florida (087) | Travelers Insurance Company | NSL FA4183479 | 4/8/1970 | 4/8/1971 | 4/8/1970 | 4/8/1971 |
| North Florida (087): North Florida (087) | Insurance Company of North America | SBL 50444 | 4/8/1970 | 4/8/1971 | 4/8/1970 | 4/8/1971 |
| North Florida (087): North Florida (087) | Insurance Company of North America | SBL 50444 | 4/8/1971 | 4/7/1972 | 4/8/1971 | 4/7/1972 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/7/1972 | 1/1/1973 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| North Florida (087): North Florida (087) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| North Florida (087): North Florida (087) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| North Florida (087): North Florida (087) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 78 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| North Florida (087): North Florida (087) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| North Florida (087): North Florida (087) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219926 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northeast Georgia (101): Northeast Georgia 1935-1997 (101) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northeast Georgia (101): Northeast Georgia 1935-1997 (101) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Georgia (101): Northeast Georgia 1935-1997 (101) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 88 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Georgia (101): Northeast Georgia 1935-1997 (101) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Georgia (101): Northeast Georgia 1935-1997 (101) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219936 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeast Georgia (101): Northeast Georgia 1935-1997 (101) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeast Georgia (101): Northeast Georgia 1997- (101) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/31/1972 | 1/1/1973 |
| Northeast Georgia (101): Northeast Georgia 1997- (101) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/31/1972 | 1/1/1973 |
| Northeast Georgia (101): Northeast Georgia 1997- (101) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northeast Georgia (101): Northeast Georgia 1997- (101) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northeast Georgia (101): Northeast Georgia 1997- (101) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northeast Georgia (101): Northeast Georgia 1997- (101) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northeast Illinois (129): Evanston 1916-1969 (124) | Insurance Company of North America | SBL-2-59-19 | 2/25/1966 | 2/25/1967 | 2/25/1966 | 2/25/1967 |
| Northeast Illinois (129): Evanston 1916-1969 (124) | Insurance Company of North America | SBL-2-50-54 | 2/25/1967 | 2/25/1968 | 2/25/1967 | 2/25/1968 |
| Northeast Illinois (129): Evanston 1916-1969 (124) | Insurance Company of North America | SBL-2-51-38 | 2/25/1968 | 2/25/1969 | 2/25/1968 | 2/25/1969 |
| Northeast Illinois (129): Evanston 1916-1969 (124) | Insurance Company of North America | SBL-2-51-38 | 2/25/1969 | 6/12/1969 | 2/25/1969 | 6/12/1969 |
| Northeast Illinois (129): Evanston-North Shore Area 1969-1971 (129) | Insurance Company of North America | SBL 51814 | 6/12/1969 | 6/25/1970 | 6/12/1969 | 6/25/1970 |
| Northeast Illinois (129): Evanston-North Shore Area 1969-1971 (129) | Insurance Company of North America | SBL 51833 | 6/25/1970 | 6/25/1971 | 6/25/1970 | 6/25/1971 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Insurance Company of North America | GAL 27962 | 6/25/1971 | 6/25/1972 | 6/25/1971 | 6/25/1972 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Insurance Company of North America | GAL 28017 | 6/25/1972 | 12/1/1972 | 6/25/1972 | 12/1/1972 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 2/1/1973 | 1/1/1974 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 16 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219962 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeast Illinois (129): Northeast Illinois 1971- (129) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeast Illinois (129): Oak Plain 1940-1971 (126) | Insurance Company of North America | SBL 25 02 5 | 6/21/1966 | 6/21/1967 | 6/21/1966 | 6/21/1967 |
| Northeast Illinois (129): Oak Plain 1940-1971 (126) | Insurance Company of North America | SBL 25 10 2 | 6/21/1967 | 6/21/1968 | 6/21/1967 | 6/21/1968 |
| Northeast Illinois (129): Oak Plain 1940-1971 (126) | Insurance Company of North America | SBL 25 15 1 | 6/21/1968 | 6/21/1969 | 6/21/1968 | 6/21/1969 |
| Northeast Illinois (129): Oak Plain 1940-1971 (126) | Insurance Company of North America | SBL 51808 | 6/21/1969 | 6/21/1970 | 6/21/1969 | 6/21/1970 |
| Northeast Illinois (129): Oak Plain 1940-1971 (126) | Insurance Company of North America | SBL 51808 | 6/21/1970 | 6/21/1971 | 6/21/1970 | 6/21/1971 |
| Northeast Illinois (129): Oak Plain 1940-1971 (126) | Insurance Company of North America | SBL 51808 | 6/21/1971 | 12/20/1972 | 6/21/1971 | 12/20/1972 |
| Northeast Iowa (178): Northeast Iowa (178) | Maryland Casualty Company | 31-086767 | 7/7/1957 | 7/7/1958 | 7/7/1957 | 7/7/1958 |
| Northeast Iowa (178): Northeast Iowa (178) | Maryland Casualty Company | Unknown | 7/1/1958 | 7/1/1959 | 7/1/1958 | 7/1/1959 |
| Northeast Iowa (178): Northeast Iowa (178) | Home Indemnity Company | CGA 024051 | 7/31/1959 | 7/31/1960 | 7/31/1959 | 7/31/1960 |
| Northeast Iowa (178): Northeast Iowa (178) | Home Indemnity Company | CGA 024051 | 7/31/1960 | 7/31/1961 | 7/31/1960 | 7/31/1961 |
| Northeast Iowa (178): Northeast Iowa (178) | Home Indemnity Company | CGA 024051 | 7/31/1961 | 7/17/1962 | 7/31/1961 | 7/17/1962 |
| Northeast Iowa (178): Northeast Iowa (178) | American States Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northeast Iowa (178): Northeast Iowa (178) | United States Fidelity and Guaranty Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northeast Iowa (178): Northeast Iowa (178) | United States Fidelity and Guaranty Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northeast Iowa (178): Northeast Iowa (178) | American States Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northeast Iowa (178): Northeast Iowa (178) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northeast Iowa (178): Northeast Iowa (178) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 42 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Iowa (178): Northeast Iowa (178) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Iowa (178): Northeast Iowa (178) | American States Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeast Iowa (178): Northeast Iowa (178) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northeast Iowa (178): Northeast Iowa (178) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeast Iowa (178): Northeast Iowa (178) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219988 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeastern Pennsylvania (501): Anthracite 1927-1970 (514) | Insurance Company of North America | SBL 4 29 70 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Northeastern Pennsylvania (501): Anthracite 1927-1970 (514) | Insurance Company of North America | SBL 4 69 34 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Northeastern Pennsylvania (501): Anthracite 1927-1970 (514) | Insurance Company of North America | SBL 4 69 34 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | SBL 48449 | 3/30/1968 | 3/30/1969 | 3/30/1968 | 3/30/1969 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | SBL 48449 | 3/30/1969 | 3/30/1970 | 3/30/1969 | 3/30/1970 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | SBL 48449 | 3/30/1970 | 3/30/1971 | 3/30/1970 | 3/30/1971 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | SBL 53071 | 3/30/1971 | 3/29/1972 | 3/30/1971 | 3/29/1972 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | SBL 53071 | 3/30/1972 | 3/30/1973 | 3/30/1972 | 3/30/1973 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | SBL 53071 | 3/30/1973 | 3/30/1974 | 3/30/1973 | 3/30/1974 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | GLP 56 95 31 | 3/30/1974 | 3/30/1975 | 3/30/1974 | 3/30/1975 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | GLP 56 95 31 | 3/30/1975 | 3/30/1976 | 3/30/1975 | 3/30/1976 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 46 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | GLP 56 95 31 | 3/30/1976 | 3/30/1977 | 3/30/1976 | 3/30/1977 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeastern Pennsylvania (501): Forest Lakes 1962-1990 (501) | Insurance Company of North America | GLP 66 36 60 | 3/30/1977 | 1/1/1978 | 3/30/1977 | 1/1/1978 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Insurance Company of North America | SBL 51392 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Insurance Company of North America | SBL 51392 | 4/1/1971 | 3/31/1972 | 4/1/1971 | 3/31/1972 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Insurance Company of North America | SBL 51392 | 4/1/1972 | 4/1/1973 | 4/1/1972 | 4/1/1973 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 4/1/1973 | 1/1/1974 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 4/1/1973 | 1/1/1974 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 44 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | Aetna Casualty and Surety Company | 44AB221317 | 12/31/1976 | 12/31/1977 | 12/31/1976 | 12/31/1977 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeastern Pennsylvania (501): Penn Mountains 1970-1990 (522) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220099 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northeastern Pennsylvania (501): Wyoming Valley 1925-1969 (542) | Insurance Company of North America | SBL 4 53 72 | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Northeastern Pennsylvania (501): Wyoming Valley 1925-1969 (542) | Insurance Company of North America | SBL 4 53 72 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Northeastern Pennsylvania (501): Wyoming Valley 1925-1969 (542) | Insurance Company of North America | SBL 4 53 72 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Northeastern Pennsylvania (501): Wyoming Valley 1925-1969 (542) | Insurance Company of North America | SBL 50434 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Northeastern Pennsylvania (501): Wyoming Valley 1925-1969 (542) | Insurance Company of North America | SBL 50434 | 1/1/1970 | 4/1/1970 | 1/1/1970 | 4/1/1970 |
| Northern Lights (429): Great Plains Area 1929-1974 (431) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/20/1972 | 1/1/1973 |
| Northern Lights (429): Great Plains Area 1929-1974 (431) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/20/1972 | 1/1/1973 |
| Northern Lights (429): Great Plains Area 1929-1974 (431) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Lights (429): Great Plains Area 1929-1974 (431) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Lights (429): Great Plains Area 1929-1974 (431) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Lights (429): Great Plains Area 1929-1974 (431) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Lights (429): Lake Agassiz 1933-1974 (430) | Insurance Company of North America | SBL-4-46-37 | 7/1/1968 | 7/1/1969 | 7/1/1968 | 7/1/1969 |
| Northern Lights (429): Lake Agassiz 1933-1974 (430) | Insurance Company of North America | SBL 4 46 52 | 7/1/1969 | 7/1/1970 | 7/1/1969 | 7/1/1970 |
| Northern Lights (429): Lake Agassiz 1933-1974 (430) | Insurance Company of North America | SBL 4 46 70 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Northern Lights (429): Lake Agassiz 1933-1974 (430) | Insurance Company of North America | SBL 4 46 90 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Northern Lights (429): Lake Agassiz 1933-1974 (430) | Insurance Company of North America | GAL 13 57 61 | 7/1/1972 | 11/10/1972 | 7/1/1972 | 11/10/1972 |
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Insurance Company of North America | SBL 4 46 60 | 1/17/1970 | 1/17/1971 | 1/17/1970 | 1/17/1971 |
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Insurance Company of North America | SBL 4 46 78 | 1/17/1971 | 1/17/1972 | 1/17/1971 | 1/17/1972 |
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/17/1972 | 1/1/1973 |
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/17/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date¹ | Council End Date |
|---|---|---|---|---|---|---|
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Lights (429): Missouri Valley 1929-1974 (432) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Lights (429): Northern Lights 1974- (429) | Insurance Company of North America | XBC 132519 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern Lights (429): Northern Lights 1974- (429) | New Hampshire Insurance Company | GLA 91 79 99 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern Lights (429): Northern Lights 1974- (429) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern Lights (429): Northern Lights 1974- (429) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Lights (429): Northern Lights 1974- (429) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Lights (429): Northern Lights 1974- (429) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 93 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Lights (429): Northern Lights 1974- (429) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern Lights (429): Northern Lights 1974- (429) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220046 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | United States Fidelity and Guaranty Company | 20011 | 6/1/1949 | 6/1/1950 | 6/1/1949 | 6/1/1950 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | United States Fidelity and Guaranty Company | CGA 28599 | 6/1/1950 | 6/1/1951 | 6/1/1950 | 6/1/1951 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | United States Fidelity and Guaranty Company | 42075 | 6/1/1951 | 6/1/1952 | 6/1/1951 | 6/1/1952 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Central Surety & Insurance Corporation | CCP 12670 | 6/1/1952 | 6/1/1953 | 6/1/1952 | 6/1/1953 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Central Surety & Insurance Corporation | CCP 14162 | 6/1/1953 | 6/1/1954 | 6/1/1953 | 6/1/1954 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Central Surety & Insurance Corporation | CCP 17526 | 6/1/1954 | 6/1/1955 | 6/1/1954 | 6/1/1955 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | CL 71781 | 6/1/1955 | 6/1/1956 | 6/1/1955 | 6/1/1956 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | CL11-0537 | 6/1/1956 | 6/1/1957 | 6/1/1956 | 6/1/1957 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | CL10-9446 | 6/1/1957 | 6/1/1958 | 6/1/1957 | 6/1/1958 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | 118145 | 6/1/1958 | 6/1/1959 | 6/1/1958 | 6/1/1959 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | 120666 | 6/1/1959 | 6/1/1960 | 6/1/1959 | 6/1/1960 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | CL70090 | 6/1/1960 | 6/1/1961 | 6/1/1960 | 6/1/1961 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | CL70095 | 6/1/1961 | 6/1/1962 | 6/1/1961 | 6/1/1962 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | American Casualty Company of Reading, Pennsylvania | CL17-6975 | 6/1/1962 | 6/1/1963 | 6/1/1962 | 6/1/1963 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | Unknown | 6/1/1963 | 6/1/1964 | 6/1/1963 | 6/1/1964 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | Unknown | 6/1/1964 | 6/1/1965 | 6/1/1964 | 6/1/1965 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | Unknown | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | Unknown | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | Unknown | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | SBL-4-46-39 | 8/16/1968 | 8/16/1969 | 8/16/1968 | 8/16/1969 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | SBL 4 46 50 | 8/16/1969 | 8/16/1970 | 8/16/1969 | 8/16/1970 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | SBL 4 46 74 | 8/16/1970 | 8/16/1971 | 8/16/1970 | 8/16/1971 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Insurance Company of North America | SBL 44688 | 8/16/1971 | 8/16/1972 | 8/16/1971 | 8/16/1972 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Lights (429): Red River Valley 1925-1974 (429) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Insurance Company of North America | SBL 45385 | 4/25/1966 | 4/25/1967 | 4/25/1966 | 4/25/1967 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Insurance Company of North America | SBL 45385 | 4/25/1967 | 4/25/1968 | 4/25/1967 | 4/25/1968 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Insurance Company of North America | SBL 45385 | 4/25/1968 | 4/25/1969 | 4/25/1968 | 4/25/1969 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Insurance Company of North America | SBL 51182 | 4/25/1969 | 4/25/1970 | 4/25/1969 | 4/25/1970 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Insurance Company of North America | SBL 51175 | 4/25/1969 | 4/26/1969 | 4/25/1969 | 4/26/1969 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Insurance Company of North America | SBL 51182 | 4/25/1970 | 4/25/1971 | 4/25/1970 | 4/25/1971 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Insurance Company of North America | SBL 51182 | 4/25/1971 | 4/24/1972 | 4/25/1971 | 4/24/1972 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/25/1972 | 1/1/1973 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/25/1972 | 1/1/1973 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Aheka 1939-1972 (354) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Alexander Hamilton 1936-1968 (351) | Insurance Company of North America | SBL 4 29 98 | 4/1/1965 | 4/1/1966 | 4/1/1965 | 4/1/1966 |
| Northern New Jersey (333): Alexander Hamilton 1936-1968 (351) | Insurance Company of North America | SBL 4 29 98 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northern New Jersey (333): Alexander Hamilton 1936-1968 (351) | Insurance Company of North America | SBL 4 29 98 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Northern New Jersey (333): Alexander Hamilton 1936-1968 (351) | Insurance Company of North America | SBL 4 69 45 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Northern New Jersey (333): Alexander Hamilton 1936-1968 (351) | Insurance Company of North America | SBL 4 69 45 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Northern New Jersey (333): Alexander Hamilton 1936-1968 (351) | Insurance Company of North America | SBL 4 69 45 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Insurance Company of North America | SBL 4 29 90 | 5/11/1965 | 5/11/1966 | 5/11/1965 | 5/11/1966 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Insurance Company of North America | SBL 4 29 90 | 5/11/1966 | 5/11/1967 | 5/11/1966 | 5/11/1967 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Insurance Company of North America | SBL 4 29 90 | 5/11/1967 | 5/11/1968 | 5/11/1967 | 5/11/1968 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Insurance Company of North America | SBL 4 69 39 | 5/11/1968 | 5/11/1969 | 5/11/1968 | 5/11/1969 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Insurance Company of North America | SBL 4 69 39 | 5/11/1969 | 5/11/1970 | 5/11/1969 | 5/11/1970 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Insurance Company of North America | SBL 4 69 39 | 5/11/1970 | 5/11/1971 | 5/11/1970 | 5/11/1971 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/11/1972 | 1/1/1973 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/11/1972 | 1/1/1973 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Alhtaha 1942-1972 (355) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Travelers Indemnity Company | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Travelers | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Travelers Indemnity Company | SBL 521793 | 11/1/1962 | 11/1/1963 | 11/1/1962 | 11/1/1963 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | Unknown | 11/1/1963 | 11/1/1964 | 11/1/1963 | 11/1/1964 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | Unknown | 11/1/1964 | 11/1/1965 | 11/1/1964 | 11/1/1965 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | SBL 45370 | 11/1/1965 | 11/1/1966 | 11/1/1965 | 11/1/1966 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | SBL 45370 | 11/1/1966 | 11/1/1967 | 11/1/1966 | 11/1/1967 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | SBL 45370 | 11/1/1967 | 11/1/1968 | 11/1/1967 | 11/1/1968 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | SBL 50420 | 11/1/1968 | 11/1/1969 | 11/1/1968 | 11/1/1969 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | SBL 50420 | 11/1/1969 | 11/1/1970 | 11/1/1969 | 11/1/1970 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Insurance Company of North America | SBL 50420 | 11/1/1970 | 11/1/1971 | 11/1/1970 | 11/1/1971 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 26 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220178 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Bayonne 1918-1993 (332) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Bergen 1969-1995 (350) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Bergen 1969-1995 (350) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Bergen 1969-1995 (350) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 36 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Bergen 1969-1995 (350) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Bergen 1969-1995 (350) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220187 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Bergen 1969-1995 (350) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Bergen 1995-1999 (350) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/23/1972 | 1/1/1973 |
| Northern New Jersey (333): Bergen 1995-1999 (350) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/23/1972 | 1/1/1973 |
| Northern New Jersey (333): Bergen 1995-1999 (350) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northern New Jersey (333): Bergen 1995-1999 (350) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Bergen 1995-1999 (350) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Bergen 1995-1999 (350) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Eagle Rock 1931-1976 (346) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Eagle Rock 1931-1976 (346) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Eagle Rock 1931-1976 (346) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Essex 1976-1999 (336) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Essex 1976-1999 (336) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 74 00 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Essex 1976-1999 (336) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Essex 1976-1999 (336) | New Hampshire Insurance Company | GLA 336371 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Essex 1976-1999 (336) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Hudson 1936-1968 (342) | Insurance Company of North America | SBL 6 53 52 | 5/13/1965 | 5/13/1966 | 5/13/1965 | 5/13/1966 |
| Northern New Jersey (333): Hudson 1936-1968 (342) | Insurance Company of North America | SBL 6 53 52 | 5/13/1966 | 5/13/1967 | 5/13/1966 | 5/13/1967 |
| Northern New Jersey (333): Hudson 1936-1968 (342) | Insurance Company of North America | SBL 6 53 52 | 5/13/1967 | 5/13/1968 | 5/13/1967 | 5/13/1968 |
| Northern New Jersey (333): Hudson 1936-1968 (342) | Insurance Company of North America | SBL 4 69 51 | 5/13/1968 | 5/13/1969 | 5/13/1968 | 5/13/1969 |
| Northern New Jersey (333): Hudson Liberty 1993-1999 (348) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Hudson Liberty 1993-1999 (348) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Insurance Company of North America | SBL 4 69 45 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Insurance Company of North America | SBL 4 69 45 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Insurance Company of North America | SBL 4 69 45 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 40 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220191 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Hudson-Hamilton 1968-1993 (348) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | Unknown | 1/1/1966 | 3/23/1966 | 1/1/1966 | 3/23/1966 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | SBL 4 53 81 | 3/23/1966 | 3/23/1967 | 3/23/1966 | 3/23/1967 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | SBL 4 53 81 | 3/23/1967 | 3/23/1968 | 3/23/1967 | 3/23/1968 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | SBL 4 53 81 | 3/23/1968 | 3/23/1969 | 3/23/1968 | 3/23/1969 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | SBL 5 11 79 | 3/23/1969 | 3/23/1970 | 3/23/1969 | 3/23/1970 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | SBL 5 11 79 | 3/23/1970 | 3/23/1971 | 3/23/1970 | 3/23/1971 |
| Northern New Jersey (333): North Bergen County 1921-1969 (350) | Insurance Company of North America | SBL 5 11 79 | 3/23/1971 | 3/23/1972 | 3/23/1971 | 3/23/1972 |
| Northern New Jersey (333): Northern New Jersey 1999- (333) | Hartford Fire Insurance Company | 13 UUN CY4185 | 4/5/1999 | 4/5/2000 | 4/5/1999 | 4/5/2000 |
| Northern New Jersey (333): Northern New Jersey 1999- (333) | Hartford Fire Insurance Company | 13 UUN CY4185 | 4/5/2000 | 4/5/2001 | 4/5/2000 | 4/5/2001 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Insurance Company of North America | GLP-17-77-71 | 8/18/1967 | 8/18/1968 | 8/18/1967 | 8/18/1968 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Insurance Company of North America | GLP-17-39-79 | 8/18/1968 | 8/18/1969 | 8/18/1968 | 8/18/1969 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Insurance Company of North America | Unknown | 8/18/1970 | 8/18/1971 | 8/18/1970 | 8/18/1971 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Insurance Company of North America | Unknown | 8/18/1971 | 8/18/1972 | 8/18/1971 | 8/18/1972 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Insurance Company of North America | Unknown | 8/18/1972 | 8/18/1973 | 8/18/1972 | 8/18/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Insurance Company of North America | Unknown | 8/18/1973 | 8/18/1974 | 8/18/1973 | 8/18/1974 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Insurance Company of North America | Unknown | 8/18/1974 | 1/1/1975 | 8/18/1974 | 1/1/1975 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Orange Mountain 1949-1976 (337) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Passaic Valley 1973-1999 (353) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Passaic Valley 1973-1999 (353) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Passaic Valley 1973-1999 (353) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 43 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Passaic Valley 1973-1999 (353) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Passaic Valley 1973-1999 (353) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Passaic Valley 1973-1999 (353) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220194 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1946 | 6/14/1947 | 6/14/1946 | 6/14/1947 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1947 | 6/14/1948 | 6/14/1947 | 6/14/1948 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1948 | 6/14/1949 | 6/14/1948 | 6/14/1949 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1949 | 6/14/1950 | 6/14/1949 | 6/14/1950 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1950 | 6/14/1951 | 6/14/1950 | 6/14/1951 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1951 | 6/14/1952 | 6/14/1951 | 6/14/1952 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1952 | 6/14/1953 | 6/14/1952 | 6/14/1953 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1953 | 6/14/1954 | 6/14/1953 | 6/14/1954 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1954 | 6/14/1955 | 6/14/1954 | 6/14/1955 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1955 | 6/14/1956 | 6/14/1955 | 6/14/1956 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1956 | 6/14/1957 | 6/14/1956 | 6/14/1957 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1957 | 6/14/1958 | 6/14/1957 | 6/14/1958 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1958 | 6/14/1959 | 6/14/1958 | 6/14/1959 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1959 | 6/14/1960 | 6/14/1959 | 6/14/1960 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1960 | 6/14/1961 | 6/14/1960 | 6/14/1961 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1961 | 6/14/1962 | 6/14/1961 | 6/14/1962 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1962 | 6/14/1963 | 6/14/1962 | 6/14/1963 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1963 | 6/14/1964 | 6/14/1963 | 6/14/1964 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1964 | 6/14/1965 | 6/14/1964 | 6/14/1965 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | SBL 4 53 60 | 6/14/1965 | 6/14/1966 | 6/14/1965 | 6/14/1966 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1965 | 6/14/1966 | 6/14/1965 | 6/14/1966 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | SBL 4 53 60 | 6/14/1966 | 6/14/1967 | 6/14/1966 | 6/14/1967 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | Unknown | 6/14/1966 | 6/14/1967 | 6/14/1966 | 6/14/1967 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | SBL 4 53 60 | 6/14/1967 | 6/14/1968 | 6/14/1967 | 6/14/1968 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | SBL 50403 | 6/14/1968 | 6/14/1969 | 6/14/1968 | 6/14/1969 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | SBL 50403 | 6/14/1969 | 6/14/1970 | 6/14/1969 | 6/14/1970 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | SBL 50403 | 6/14/1970 | 6/14/1971 | 6/14/1970 | 6/14/1971 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Insurance Company of North America | SBL 5 15 57 | 6/14/1971 | 6/14/1972 | 6/14/1971 | 6/14/1972 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 12/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 35 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220186 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Ridgewood and Glen Rock 1922-1997 (359) | New Hampshire Insurance Company | GLA 282471 | 3/1/1977 | 3/1/1978 | 3/1/1977 | 3/1/1978 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Insurance Company of North America | SBL 4 53 71 | 5/13/1965 | 5/13/1966 | 5/13/1965 | 5/13/1966 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Insurance Company of North America | SBL 4 53 71 | 5/13/1966 | 5/13/1967 | 5/13/1966 | 5/13/1967 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Insurance Company of North America | SBL 4 53 71 | 5/13/1967 | 5/13/1968 | 5/13/1967 | 5/13/1968 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Insurance Company of North America | SBL 4 69 44 | 5/13/1968 | 5/13/1969 | 5/13/1968 | 5/13/1969 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Insurance Company of North America | SBL 4 69 44 | 5/13/1969 | 5/13/1970 | 5/13/1969 | 5/13/1970 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Insurance Company of North America | SBL 4 69 44 | 5/13/1970 | 5/13/1971 | 5/13/1970 | 5/13/1971 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Insurance Company of North America | SBL 5 15 44 | 5/13/1971 | 5/13/1972 | 5/13/1971 | 5/13/1972 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/13/1972 | 1/1/1973 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/13/1972 | 1/1/1973 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Robert Treat 1933-1976 (349) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220182 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Insurance Company of North America | SBL 45388 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Insurance Company of North America | SBL 45388 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Insurance Company of North America | SBL 45388 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Insurance Company of North America | SBL 5 11 86 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Insurance Company of North America | SBL 5 11 86 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Insurance Company of North America | SBL 5 11 86 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 37 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220188 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern New Jersey (333): Tamarack 1935-1986 (333) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | 766JH0451 | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 04 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern Star (250): Indianhead Council 1955-2005 (295) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220154 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 1/1/1957 | 1/1/1958 | 1/1/1957 | 1/1/1958 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 1/1/1958 | 1/1/1959 | 1/1/1958 | 1/1/1959 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 1/1/1961 | 7/1/1961 | 1/1/1961 | 7/1/1961 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | XUA 1461 | 7/1/1961 | 9/1/1961 | 7/1/1961 | 9/1/1961 |

92

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 9/1/1961 | 9/1/1962 | 9/1/1961 | 9/1/1962 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 9/1/1962 | 9/1/1963 | 9/1/1962 | 9/1/1963 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 9/1/1963 | 9/1/1964 | 9/1/1963 | 9/1/1964 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 9/1/1964 | 9/1/1965 | 9/1/1964 | 9/1/1965 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | Unknown | 9/1/1965 | 6/1/1966 | 9/1/1965 | 6/1/1966 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | SBL-3-70-25 | 6/18/1966 | 6/18/1967 | 6/18/1966 | 6/18/1967 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | SBL 4 46 20 | 6/18/1967 | 6/18/1968 | 6/18/1967 | 6/18/1968 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | SBL 4 46 38 | 6/18/1968 | 6/18/1969 | 6/18/1968 | 6/18/1969 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | SBL 4 46 48 | 6/18/1969 | 6/18/1970 | 6/18/1969 | 6/18/1970 |
| Northern Star (250): Viking 1951-2005 (289) | Insurance Company of North America | SBL 44669 | 6/18/1970 | 6/18/1971 | 6/18/1970 | 6/18/1971 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/18/1972 | 1/1/1973 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/18/1972 | 1/1/1973 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northern Star (250): Viking 1951-2005 (289) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Star (250): Viking 1951-2005 (289) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 01 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Star (250): Viking 1951-2005 (289) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northern Star (250): Viking 1951-2005 (289) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northern Star (250): Viking 1951-2005 (289) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220151 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northwest Georgia (100): Northwest Georgia (100) | Insurance Company of North America | SBL 4 88 35 | 7/29/1970 | 7/29/1971 | 7/29/1970 | 7/29/1971 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northwest Georgia (100): Northwest Georgia (100) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 94 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northwest Georgia (100): Northwest Georgia (100) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | SMP 267512 | 1/21/1976 | 3/9/1976 | 1/21/1976 | 3/9/1976 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | SMP 267512 | 3/9/1976 | 1/21/1977 | 3/9/1976 | 1/21/1977 |
| Northwest Georgia (100): Northwest Georgia (100) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219942 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northwest Georgia (100): Northwest Georgia (100) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northwest Georgia (100): Northwest Georgia (100) | Hartford Accident and Indemnity Company | SMP 267512 | 1/21/1977 | 1/21/1978 | 1/21/1977 | 1/21/1978 |
| Northwest Texas (587): Northwest Texas (587) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northwest Texas (587): Northwest Texas (587) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Northwest Texas (587): Northwest Texas (587) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northwest Texas (587): Northwest Texas (587) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Northwest Texas (587): Northwest Texas (587) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Northwest Texas (587): Northwest Texas (587) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northwest Texas (587): Northwest Texas (587) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 92 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northwest Texas (587): Northwest Texas (587) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Northwest Texas (587): Northwest Texas (587) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220223 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Northwest Texas (587): Northwest Texas (587) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Norwela (215): Norwela (215) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Norwela (215): Norwela (215) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Norwela (215): Norwela (215) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Norwela (215): Norwela (215) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Norwela (215): Norwela (215) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Norwela (215): Norwela (215) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 62 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Norwela (215): Norwela (215) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Norwela (215): Norwela (215) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Norwela (215): Norwela (215) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Norwela (215): Norwela (215) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220110 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Occoneechee (421): Occoneechee (421) | Continental Casualty Company | SRD-354549 | 1/1/1956 | 1/1/1957 | 1/1/1956 | 1/1/1957 |
| Occoneechee (421): Occoneechee (421) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Occoneechee (421): Occoneechee (421) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Occoneechee (421): Occoneechee (421) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Occoneechee (421): Occoneechee (421) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Occoneechee (421): Occoneechee (421) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Occoneechee (421): Occoneechee (421) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 89 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Occoneechee (421): Occoneechee (421) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Occoneechee (421): Occoneechee (421) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Occoneechee (421): Occoneechee (421) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Occoneechee (421): Occoneechee (421) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220043 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 12 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220065 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ohio River Valley (619): Fort Steuben Area 1929-1991 (459) | Insurance Company of North America | AGP D0 05 09 68 1 | 4/19/1977 | 1/9/1978 | 4/19/1977 | 1/9/1978 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Insurance Company of North America | SBL 43230 | 6/15/1967 | 6/15/1968 | 6/15/1967 | 6/15/1968 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Insurance Company of North America | SBL 43259 | 6/15/1968 | 6/15/1969 | 6/15/1968 | 6/15/1969 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Insurance Company of North America | SBL 43259 | 6/15/1969 | 6/15/1970 | 6/15/1969 | 6/15/1970 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Insurance Company of North America | SBL 43259 | 6/15/1970 | 6/15/1971 | 6/15/1970 | 6/15/1971 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Insurance Company of North America | SBL 43259 | 6/15/1971 | 6/15/1972 | 6/15/1971 | 6/15/1972 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/16/1972 | 1/1/1973 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/16/1972 | 1/1/1973 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 40 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220256 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ohio River Valley (619): National Trail 1966-1991 (619) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Old Hickory (427): Old Hickory (427) | Insurance Company of North America | 7 04 34 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Old Hickory (427): Old Hickory (427) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Old Hickory (427): Old Hickory (427) | Insurance Company of North America | Unknown | 1/1/1969 | 2/28/1969 | 1/1/1969 | 2/28/1969 |
| Old Hickory (427): Old Hickory (427) | Insurance Company of North America | SBL 51025 | 2/28/1969 | 2/28/1970 | 2/28/1969 | 2/28/1970 |
| Old Hickory (427): Old Hickory (427) | Insurance Company of North America | SBL 52588 | 2/28/1970 | 2/28/1971 | 2/28/1970 | 2/28/1971 |
| Old Hickory (427): Old Hickory (427) | Insurance Company of North America | SBL 53595 | 2/28/1971 | 2/28/1972 | 2/28/1971 | 2/28/1972 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Old Hickory (427): Old Hickory (427) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 92 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old Hickory (427): Old Hickory (427) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old Hickory (427): Old Hickory (427) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old Hickory (427): Old Hickory (427) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old Hickory (427): Old Hickory (427) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old Hickory (427): Old Hickory (427) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220045 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old North State (070): Cherokee 1923-1994 (417) | Insurance Company of North America | SBL 50252 | 6/9/1968 | 6/9/1969 | 6/9/1968 | 6/9/1969 |
| Old North State (070): Cherokee 1923-1994 (417) | Insurance Company of North America | SBL 51056 | 6/9/1969 | 6/9/1970 | 6/9/1969 | 6/9/1970 |
| Old North State (070): Cherokee 1923-1994 (417) | Insurance Company of North America | SBL 5 26 52 | 6/9/1970 | 6/9/1971 | 6/9/1970 | 6/9/1971 |
| Old North State (070): Cherokee 1923-1994 (417) | Insurance Company of North America | Unknown | 6/9/1971 | 6/9/1972 | 6/9/1971 | 6/9/1972 |
| Old North State (070): Cherokee 1923-1994 (417) | Insurance Company of North America | Unknown | 6/9/1972 | 6/9/1973 | 6/9/1972 | 6/9/1973 |
| Old North State (070): Cherokee 1923-1994 (417) | Insurance Company of North America | Unknown | 6/9/1973 | 1/1/1974 | 6/9/1973 | 1/1/1974 |
| Old North State (070): Cherokee 1923-1994 (417) | United States Fidelity and Guaranty Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Old North State (070): Cherokee 1923-1994 (417) | United States Fidelity and Guaranty Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Old North State (070): Cherokee 1923-1994 (417) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Old North State (070): Cherokee 1923-1994 (417) | United States Fidelity and Guaranty Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Cherokee 1923-1994 (417) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Cherokee 1923-1994 (417) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Cherokee 1923-1994 (417) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 83 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Cherokee 1923-1994 (417) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Cherokee 1923-1994 (417) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old North State (070): Cherokee 1923-1994 (417) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old North State (070): Cherokee 1923-1994 (417) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220036 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old North State (070): General Greene 1947-1992 (418) | Insurance Company of North America | SBL 5 10 55 | 4/24/1969 | 4/24/1970 | 4/24/1969 | 4/24/1970 |
| Old North State (070): General Greene 1947-1992 (418) | Insurance Company of North America | SBL 52627 | 4/24/1970 | 4/24/1971 | 4/24/1970 | 4/24/1971 |
| Old North State (070): General Greene 1947-1992 (418) | Insurance Company of North America | SBL 53619 | 4/21/1971 | 4/21/1972 | 4/21/1971 | 4/21/1972 |
| Old North State (070): General Greene 1947-1992 (418) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Old North State (070): General Greene 1947-1992 (418) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): General Greene 1947-1992 (418) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 87 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): General Greene 1947-1992 (418) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): General Greene 1947-1992 (418) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old North State (070): General Greene 1947-1992 (418) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220040 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old North State (070): Uwharrie 1923-1992 (419) | Insurance Company of North America | SBL 5 11 92 | 5/29/1969 | 5/29/1970 | 5/29/1969 | 5/29/1970 |
| Old North State (070): Uwharrie 1923-1992 (419) | Insurance Company of North America | SBL 5 11 92 | 5/29/1970 | 5/29/1971 | 5/29/1970 | 5/29/1971 |
| Old North State (070): Uwharrie 1923-1992 (419) | Insurance Company of North America | SBL 5 11 92 | 5/29/1971 | 5/29/1972 | 5/29/1971 | 5/29/1972 |
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/29/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/29/1972 | 1/1/1973 |
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Old North State (070): Uwharrie 1923-1992 (419) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Uwharrie 1923-1992 (419) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 88 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Uwharrie 1923-1992 (419) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Old North State (070): Uwharrie 1923-1992 (419) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220041 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Old North State (070): Uwharrie 1923-1992 (419) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Orange County (039): North Orange 1965-1972 (037) | Insurance Company of North America | SBL 4 59 03 | 12/1/1968 | 12/1/1969 | 12/1/1968 | 12/1/1969 |
| Orange County (039): North Orange 1965-1972 (037) | Insurance Company of North America | SBL 4 59 03 | 12/1/1969 | 12/1/1970 | 12/1/1969 | 12/1/1970 |
| Orange County (039): North Orange 1965-1972 (037) | Insurance Company of North America | SBL 4 59 03 | 12/1/1970 | 12/1/1971 | 12/1/1970 | 12/1/1971 |
| Orange County (039): North Orange 1965-1972 (037) | New Hampshire Insurance Company | GLA 424946 | 1/1/1972 | 8/15/1972 | 1/1/1972 | 8/15/1972 |
| Orange County (039): Orange County 1972- (039) | New Hampshire Insurance Company | 837484 | 8/15/1972 | 1/1/1973 | 8/15/1972 | 1/1/1973 |
| Orange County (039): Orange County 1972- (039) | New Hampshire Insurance Company | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Orange County (039): Orange County 1972- (039) | New Hampshire Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Orange County (039): Orange County 1972- (039) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Orange County (039): Orange County 1972- (039) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Orange County (039): Orange County 1972- (039) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 54 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Orange County (039): Orange County 1972- (039) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Orange County (039): Orange County 1972- (039) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Orange County (039): Orange County 1972- (039) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Orange County (039): Orange County 1972- (039) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Orange County (039): Orange County 1972- (039) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Orange County (039): Orange County 1972- (039) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219902 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Orange County (039): Orange Empire Area 1944-1972 (039) | New Hampshire Insurance Company | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Orange County (039): Orange Empire Area 1944-1972 (039) | Pacific Insurance Company | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Oregon Trail (697): Oregon Trail (697) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Oregon Trail (697): Oregon Trail (697) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 26 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Oregon Trail (697): Oregon Trail (697) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Oregon Trail (697): Oregon Trail (697) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Oregon Trail (697): Oregon Trail (697) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Oregon Trail (697): Oregon Trail (697) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220081 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Overland Trails (322): Overland Trails 1993- (322) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 18 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Overland Trails (322): Overland Trails 1993- (322) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220169 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Overland Trails (322): Tri-Trails 1954-1993 (323) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Overland Trails (322): Tri-Trails 1954-1993 (323) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Overland Trails (322): Tri-Trails 1954-1993 (323) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Overland Trails (322): Tri-Trails 1954-1993 (323) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 20 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Overland Trails (322): Tri-Trails 1954-1993 (323) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Overland Trails (322): Tri-Trails 1954-1993 (323) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220172 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Insurance Company of North America | SBL 51587 | 6/15/1971 | 6/15/1972 | 6/15/1971 | 6/15/1972 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/15/1972 | 1/1/1973 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/15/1972 | 1/1/1973 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 13 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220163 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ozark Trails (306): Mo-Kan Area 1929-1994 (306) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Great American Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Great American Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 16 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Great American Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ozark Trails (306): Ozarks 1966-1994 (308) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220167 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Mount Rainier 1948-1993 (612) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pacific Harbors (612): Mount Rainier 1948-1993 (612) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Mount Rainier 1948-1993 (612) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Mount Rainier 1948-1993 (612) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 26 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Mount Rainier 1948-1993 (612) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220245 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Mount Rainier 1948-1993 (612) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Insurance Company of North America | SBL 50443 | 2/16/1969 | 2/16/1970 | 2/16/1969 | 2/16/1970 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Insurance Company of North America | SBL 50443 | 2/16/1970 | 2/16/1971 | 2/16/1970 | 2/16/1971 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Insurance Company of North America | SBL 50443 | 2/16/1971 | 2/16/1972 | 2/16/1971 | 2/16/1972 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/16/1972 | 1/1/1973 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 23 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220242 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Tumwater Area 1934-1993 (737) | Charter Oak Fire Insurance Company | 650-186E164-7-COF-77 | 6/12/1977 | 6/12/1978 | 6/12/1977 | 6/12/1978 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Insurance Company of North America | SBL 51197 | 10/1/1969 | 10/1/1970 | 10/1/1969 | 10/1/1970 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Insurance Company of North America | SBL 51197 | 10/1/1970 | 10/1/1971 | 10/1/1970 | 10/1/1971 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Insurance Company of North America | SBL 51197 | 10/1/1971 | 10/1/1972 | 10/1/1971 | 10/1/1972 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 10/1/1972 | 1/1/1973 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 22 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Harbors (612): Twin Harbors Area 1930-1993 (607) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220241 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Insurance Company of North America | SBL 5 04 42 | 1/19/1969 | 1/19/1970 | 1/19/1969 | 1/19/1970 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Insurance Company of North America | SBL 5 04 42 | 1/19/1970 | 1/19/1971 | 1/19/1970 | 1/19/1971 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Insurance Company of North America | SBL 5 04 42 | 1/19/1971 | 1/19/1972 | 1/19/1971 | 1/19/1972 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/19/1972 | 1/1/1973 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/19/1972 | 1/1/1973 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 52 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | New Hampshire Insurance Company | GLA 282420 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219900 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Skyline (031): San Mateo County 1932-1994 (020) | New Hampshire Insurance Company | GLA 282421 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | SBL 48595 | 2/18/1965 | 2/18/1966 | 2/18/1965 | 2/18/1966 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | SBL 48595 | 2/18/1966 | 2/18/1967 | 2/18/1966 | 2/18/1967 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | SBL 48595 | 2/18/1967 | 2/18/1968 | 2/18/1967 | 2/18/1968 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | SBL 46904 | 2/18/1968 | 2/18/1969 | 2/18/1968 | 2/18/1969 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | SBL 46904 | 2/18/1969 | 2/18/1970 | 2/18/1969 | 2/18/1970 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | SBL 46904 | 2/18/1970 | 2/18/1971 | 2/18/1970 | 2/18/1971 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | SBL 51509 | 2/18/1971 | 2/18/1972 | 2/18/1971 | 2/18/1972 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/18/1972 | 1/1/1973 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/18/1972 | 1/1/1973 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 42 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219890 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pacific Skyline (031): Stanford Area 1940-1994 (031) | Insurance Company of North America | GAL 34 32 31 | 2/4/1977 | 1/1/1978 | 2/4/1977 | 1/1/1978 |
| Palmetto (549): Palmetto (549) | Insurance Company of North America | SBL 50254 | 7/1/1968 | 7/1/1969 | 7/1/1968 | 7/1/1969 |
| Palmetto (549): Palmetto (549) | Insurance Company of North America | SBL 51087 | 7/1/1969 | 7/1/1970 | 7/1/1969 | 7/1/1970 |
| Palmetto (549): Palmetto (549) | Insurance Company of North America | SBL 52670 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Palmetto (549): Palmetto (549) | Insurance Company of North America | SBL 53661 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Palmetto (549): Palmetto (549) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Palmetto (549): Palmetto (549) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 60 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Palmetto (549): Palmetto (549) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Palmetto (549): Palmetto (549) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220282 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Palmetto (549): Palmetto (549) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Calumet 1965-2016 (152) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pathway to Adventure (456): Calumet 1965-2016 (152) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Calumet 1965-2016 (152) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 34 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Calumet 1965-2016 (152) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Calumet 1965-2016 (152) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Calumet 1965-2016 (152) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219980 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Insurance Company of North America | SBL-2-50-05 | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Insurance Company of North America | SBL-2-50-63 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Insurance Company of North America | SBL-2-51-31 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Insurance Company of North America | SBL 25162 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Insurance Company of North America | SBL 51835 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Insurance Company of North America | SBL 5 18 50 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 11 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219958 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Chicago Area 1930-2016 (118) | Illinois Employers Insurance of Wausau | 77-GA 14332 | 9/12/1977 | 9/12/1978 | 9/12/1977 | 9/12/1978 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Insurance Company of North America | SBL 52763 | 5/13/1971 | 5/13/1972 | 5/13/1971 | 5/13/1972 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Insurance Company of North America | Unknown | 5/13/1971 | 5/13/1972 | 5/13/1971 | 5/13/1972 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/13/1972 | 1/1/1973 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/13/1972 | 1/1/1973 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 08 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Northwest Suburban 1926-2016 (751) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219955 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Pathway to Adventure (456) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pathway to Adventure (456): Pathway to Adventure (456) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Pathway to Adventure (456) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Pathway to Adventure (456): Pathway to Adventure (456) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Insurance Company of North America | SBL-2-49-60 | 4/2/1965 | 4/2/1966 | 4/2/1965 | 4/2/1966 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Insurance Company of North America | SBL 2 50 73 | 4/2/1966 | 4/2/1967 | 4/2/1966 | 4/2/1967 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Insurance Company of North America | SBL 2 50 73 | 4/2/1967 | 4/2/1968 | 4/2/1967 | 4/2/1968 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Insurance Company of North America | SBL 25148 | 4/2/1968 | 4/2/1969 | 4/2/1968 | 4/2/1969 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Insurance Company of North America | SBL 51801 | 4/2/1969 | 4/2/1970 | 4/2/1969 | 4/2/1970 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Insurance Company of North America | SBL 51825 | 4/2/1970 | 4/2/1971 | 4/2/1970 | 4/2/1971 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Insurance Company of North America | SBL 51856 | 4/2/1971 | 4/2/1972 | 4/2/1971 | 4/2/1972 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/2/1972 | 1/1/1973 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/2/1972 | 1/1/1973 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 21 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219967 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): Thatcher Woods Area 1941-1993 (136) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Insurance Company of North America | SBL 45369 | 10/1/1965 | 10/1/1966 | 10/1/1965 | 10/1/1966 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Insurance Company of North America | SBL 45369 | 10/1/1966 | 10/1/1967 | 10/1/1966 | 10/1/1967 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Insurance Company of North America | SBL 45369 | 10/1/1967 | 10/1/1968 | 10/1/1967 | 10/1/1968 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Insurance Company of North America | SBL 50419 | 10/1/1968 | 10/1/1969 | 10/1/1968 | 10/1/1969 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Insurance Company of North America | SBL 50419 | 10/1/1969 | 10/1/1970 | 10/1/1969 | 10/1/1970 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Insurance Company of North America | SBL 50419 | 10/1/1970 | 10/1/1971 | 10/1/1970 | 10/1/1971 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Federal Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Federal Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 19 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | New Hampshire Insurance Company | SLP275526CN137 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219965 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pathway to Adventure (456): West Suburban 1918-1993 (147) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Camden Fire Insurance Association | SMP 419016 | 2/1/1975 | 2/1/1976 | 2/1/1975 | 2/1/1976 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 27 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Camden Fire Insurance Association | SMP 419016 | 2/1/1976 | 2/1/1977 | 2/1/1976 | 2/1/1977 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220179 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Morris-Sussex 1936-1999 (343) | Camden Fire Insurance Association | SMP 419016 | 2/1/1977 | 2/1/1978 | 2/1/1977 | 2/1/1978 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/15/1972 | 1/1/1973 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/15/1972 | 1/1/1973 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Patriots' Path (358): Union 1928-1980 (338) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Union 1928-1980 (338) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Union 1928-1980 (338) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 29 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Union 1928-1980 (338) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220181 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Union 1928-1980 (338) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | 2115 | 1/27/1945 | 1/27/1946 | 1/27/1945 | 1/27/1946 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | 2115 | 1/27/1946 | 1/27/1947 | 1/27/1946 | 1/27/1947 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | 2115 | 1/27/1947 | 1/27/1948 | 1/27/1947 | 1/27/1948 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1948 | 1/27/1949 | 1/27/1948 | 1/27/1949 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1949 | 1/27/1950 | 1/27/1949 | 1/27/1950 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1950 | 1/27/1951 | 1/27/1950 | 1/27/1951 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1951 | 1/27/1952 | 1/27/1951 | 1/27/1952 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1952 | 1/27/1953 | 1/27/1952 | 1/27/1953 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1953 | 1/27/1954 | 1/27/1953 | 1/27/1954 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1954 | 1/27/1955 | 1/27/1954 | 1/27/1955 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1955 | 1/27/1956 | 1/27/1955 | 1/27/1956 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1956 | 1/27/1957 | 1/27/1956 | 1/27/1957 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1957 | 1/27/1958 | 1/27/1957 | 1/27/1958 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1958 | 1/27/1959 | 1/27/1958 | 1/27/1959 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1959 | 1/27/1960 | 1/27/1959 | 1/27/1960 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1960 | 1/27/1961 | 1/27/1960 | 1/27/1961 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1961 | 1/27/1962 | 1/27/1961 | 1/27/1962 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1962 | 1/27/1963 | 1/27/1962 | 1/27/1963 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1963 | 1/27/1964 | 1/27/1963 | 1/27/1964 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1964 | 1/27/1965 | 1/27/1964 | 1/27/1965 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1965 | 1/27/1966 | 1/27/1965 | 1/27/1966 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1966 | 1/27/1967 | 1/27/1966 | 1/27/1967 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1967 | 1/27/1968 | 1/27/1967 | 1/27/1968 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1968 | 1/27/1969 | 1/27/1968 | 1/27/1969 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1969 | 1/27/1970 | 1/27/1969 | 1/27/1970 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | Unknown | 1/27/1970 | 3/20/1970 | 1/27/1970 | 3/20/1970 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | GAL-16124 | 3/20/1970 | 3/20/1971 | 3/20/1970 | 3/20/1971 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Insurance Company of North America | SBL 21690 | 5/27/1971 | 5/27/1972 | 5/27/1971 | 5/27/1972 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/27/1972 | 1/1/1973 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/27/1972 | 1/1/1973 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Patriots' Path (358): Watchung Area 1926-1999 (358) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 34 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Jefferson Insurance Company of New York | JE 65914 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220185 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Patriots' Path (358): Watchung Area 1926-1999 (358) | New Hampshire Insurance Company | GLA 332370 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pee Dee Area (552): Pee Dee Area (552) | Insurance Company of North America | SBL 4 53 56 | 7/1/1965 | 7/1/1966 | 7/1/1965 | 7/1/1966 |
| Pee Dee Area (552): Pee Dee Area (552) | Insurance Company of North America | SBL 4 53 56 | 7/1/1966 | 7/1/1967 | 7/1/1966 | 7/1/1967 |
| Pee Dee Area (552): Pee Dee Area (552) | Insurance Company of North America | SBL 4 53 56 | 7/1/1967 | 7/1/1968 | 7/1/1967 | 7/1/1968 |
| Pee Dee Area (552): Pee Dee Area (552) | Insurance Company of North America | SBL 5 04 07 | 7/1/1968 | 7/1/1969 | 7/1/1968 | 7/1/1969 |
| Pee Dee Area (552): Pee Dee Area (552) | Insurance Company of North America | SBL 5 04 07 | 7/1/1969 | 7/1/1970 | 7/1/1969 | 7/1/1970 |
| Pee Dee Area (552): Pee Dee Area (552) | Insurance Company of North America | SBL 5 04 07 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Pee Dee Area (552): Pee Dee Area (552) | Insurance Company of North America | SBL 51579 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pee Dee Area (552): Pee Dee Area (552) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pee Dee Area (552): Pee Dee Area (552) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 58 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pee Dee Area (552): Pee Dee Area (552) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pee Dee Area (552): Pee Dee Area (552) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pee Dee Area (552): Pee Dee Area (552) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pee Dee Area (552): Pee Dee Area (552) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220280 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pee Dee Area (552): Pee Dee Area (552) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pennsylvania Dutch (524): Lancaster County 1924-1971 (519) | Nationwide Mutual Insurance Company | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Pennsylvania Dutch (524): Lancaster County 1924-1971 (519) | Insurance Company of North America | Unknown | 12/31/1965 | 12/31/1966 | 12/31/1965 | 12/31/1966 |
| Pennsylvania Dutch (524): Lancaster County 1924-1971 (519) | Insurance Company of North America | Unknown | 12/31/1966 | 12/31/1967 | 12/31/1966 | 12/31/1967 |
| Pennsylvania Dutch (524): Lancaster County 1924-1971 (519) | Insurance Company of North America | Unknown | 12/31/1967 | 12/16/1968 | 12/31/1967 | 12/16/1968 |
| Pennsylvania Dutch (524): Lancaster County 1924-1971 (519) | Insurance Company of North America | SBL 4 85 12 | 12/16/1968 | 12/16/1969 | 12/16/1968 | 12/16/1969 |
| Pennsylvania Dutch (524): Lancaster County 1924-1971 (519) | Insurance Company of North America | SBL 4 85 12 | 12/16/1969 | 12/16/1970 | 12/16/1969 | 12/16/1970 |
| Pennsylvania Dutch (524): Lancaster County 1924-1971 (519) | Insurance Company of North America | SBL 4 85 12 | 12/16/1970 | 12/16/1971 | 12/16/1970 | 12/16/1971 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Insurance Company of North America | SBL 53073 | 4/26/1971 | 4/25/1972 | 4/26/1971 | 4/25/1972 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Insurance Company of North America | SBL 53073 | 4/26/1972 | 4/26/1973 | 4/26/1972 | 4/26/1973 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Insurance Company of North America | XBC 9 67 55 | 11/28/1972 | 11/28/1973 | 11/28/1972 | 11/28/1973 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Insurance Company of North America | SBL 53073 | 4/26/1973 | 4/26/1974 | 4/26/1973 | 4/26/1974 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Insurance Company of North America | XBC 9 67 55 | 11/28/1973 | 11/28/1974 | 11/28/1973 | 11/28/1974 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Insurance Company of North America | XBC 9 67 55 | 11/28/1974 | 1/1/1975 | 11/28/1974 | 1/1/1975 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Insurance Company of North America | XBC 11 69 81 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 38 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pennsylvania Dutch (524): Lancaster-Lebanon 1971-1995 (524) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220093 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 4 47 25 | 4/26/1967 | 4/26/1968 | 4/26/1967 | 4/26/1968 |
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 4 84 45 | 4/26/1968 | 4/26/1969 | 4/26/1968 | 4/26/1969 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 4 84 45 | 4/26/1969 | 4/26/1970 | 4/26/1969 | 4/26/1970 |
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 4 84 45 | 4/26/1970 | 4/26/1971 | 4/26/1970 | 4/26/1971 |
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 5 30 73 | 4/26/1971 | 4/25/1972 | 4/26/1971 | 4/25/1972 |
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 5 30 73 | 4/26/1972 | 4/26/1973 | 4/26/1972 | 4/26/1973 |
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 5 30 73 | 4/26/1973 | 4/26/1974 | 4/26/1973 | 4/26/1974 |
| Pennsylvania Dutch (524): Lebanon County 1924-1971 (650) | Insurance Company of North America | SBL 5 30 73 | 4/26/1974 | 1/1/1975 | 4/26/1974 | 1/1/1975 |
| Piedmont (042): Piedmont (042) | Insurance Company of North America | SBL 4 53 99 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Piedmont (042): Piedmont (042) | Insurance Company of North America | SBL 4 53 99 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Piedmont (042): Piedmont (042) | Insurance Company of North America | SBL 4 53 99 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Piedmont (042): Piedmont (042) | Insurance Company of North America | SBL 5 13 90 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Piedmont (042): Piedmont (042) | Insurance Company of North America | SBL 5 13 90 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Piedmont (042): Piedmont (042) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (042): Piedmont (042) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (042): Piedmont (042) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 45 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (042): Piedmont (042) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (042): Piedmont (042) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Piedmont (042): Piedmont (042) | New Hampshire Insurance Company | GLA 282405 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Piedmont (042): Piedmont (042) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219893 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Piedmont (420): Piedmont (420) | Insurance Company of North America | SBL 50251 | 6/15/1968 | 6/15/1969 | 6/15/1968 | 6/15/1969 |
| Piedmont (420): Piedmont (420) | Insurance Company of North America | SBL 51085 | 6/15/1969 | 6/15/1970 | 6/15/1969 | 6/15/1970 |
| Piedmont (420): Piedmont (420) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Piedmont (420): Piedmont (420) | Insurance Company of North America | SBL 52676 | 6/15/1970 | 6/15/1971 | 6/15/1970 | 6/15/1971 |
| Piedmont (420): Piedmont (420) | Insurance Company of North America | SBL 53638 | 6/15/1971 | 6/15/1972 | 6/15/1971 | 6/15/1972 |
| Piedmont (420): Piedmont (420) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/15/1972 | 1/1/1973 |
| Piedmont (420): Piedmont (420) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Piedmont (420): Piedmont (420) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Piedmont (420): Piedmont (420) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Piedmont (420): Piedmont (420) | New Hampshire Insurance Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Piedmont (420): Piedmont (420) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Piedmont (420): Piedmont (420) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Piedmont (420): Piedmont (420) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 85 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (420): Piedmont (420) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (420): Piedmont (420) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (420): Piedmont (420) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Piedmont (420): Piedmont (420) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Piedmont (420): Piedmont (420) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220038 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Piedmont (420): Piedmont (420) | St. Paul Fire and Marine Insurance Company | Unknown | 2/1/1977 | 2/1/1978 | 2/1/1977 | 2/1/1978 |
| Piedmont (420): Piedmont (420) | St. Paul Fire and Marine Insurance Company | Unknown | 2/1/1978 | 2/1/1979 | 2/1/1978 | 2/1/1979 |
| Piedmont (420): Piedmont (420) | St. Paul Fire and Marine Insurance Company | Unknown | 2/1/1979 | 2/1/1980 | 2/1/1979 | 2/1/1980 |
| Piedmont (420): Piedmont (420) | Aetna Casualty and Surety Company | 025 GL 21404017 CCS | 6/15/1991 | 6/14/1992 | 6/15/1991 | 6/14/1992 |
| Pikes Peak (060): Pikes Peak (060) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pikes Peak (060): Pikes Peak (060) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 62 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pikes Peak (060): Pikes Peak (060) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pikes Peak (060): Pikes Peak (060) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

103

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Pikes Peak (060): Pikes Peak (060) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219910 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pikes Peak (060): Pikes Peak (060) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pine Burr Area (304): Pine Burr Area (304) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pine Burr Area (304): Pine Burr Area (304) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pine Burr Area (304): Pine Burr Area (304) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pine Burr Area (304): Pine Burr Area (304) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pine Burr Area (304): Pine Burr Area (304) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pine Burr Area (304): Pine Burr Area (304) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pine Burr Area (304): Pine Burr Area (304) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pine Burr Area (304): Pine Burr Area (304) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 07 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pine Burr Area (304): Pine Burr Area (304) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pine Burr Area (304): Pine Burr Area (304) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220157 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pine Burr Area (304): Pine Burr Area (304) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pine Burr Area (304): Pine Burr Area (304) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pine Tree (218): Pine Tree (218) | Hartford Accident and Indemnity Company | 04 C 154949 | 1/25/1973 | 1/25/1974 | 1/25/1973 | 1/25/1974 |
| Pine Tree (218): Pine Tree (218) | Hartford Accident and Indemnity Company | 04 C 157992 | 1/25/1974 | 1/25/1975 | 1/25/1974 | 1/25/1975 |
| Pine Tree (218): Pine Tree (218) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pine Tree (218): Pine Tree (218) | Hartford Accident and Indemnity Company | 04 C 161230 | 1/25/1975 | 1/25/1976 | 1/25/1975 | 1/25/1976 |
| Pine Tree (218): Pine Tree (218) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pine Tree (218): Pine Tree (218) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 64 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pine Tree (218): Pine Tree (218) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pine Tree (218): Pine Tree (218) | Hartford Accident and Indemnity Company | 04 C 161099 | 1/25/1976 | 1/25/1977 | 1/25/1976 | 1/25/1977 |
| Pine Tree (218): Pine Tree (218) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pine Tree (218): Pine Tree (218) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220112 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pine Tree (218): Pine Tree (218) | Hartford Accident and Indemnity Company | 04 C 163132 | 1/25/1977 | 1/25/1978 | 1/25/1977 | 1/25/1978 |
| Pony Express (311): Pony Express (311) | Insurance Company of North America | SBL 5 08 54 | 12/29/1969 | 12/29/1970 | 12/29/1969 | 12/29/1970 |
| Pony Express (311): Pony Express (311) | Insurance Company of North America | SBL 5 08 62 | 12/29/1970 | 12/29/1971 | 12/29/1970 | 12/29/1971 |
| Pony Express (311): Pony Express (311) | Insurance Company of North America | Unknown | 12/29/1971 | 1/1/1972 | 12/29/1971 | 1/1/1972 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pony Express (311): Pony Express (311) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 14 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pony Express (311): Pony Express (311) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pony Express (311): Pony Express (311) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pony Express (311): Pony Express (311) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pony Express (311): Pony Express (311) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220165 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Potawatomi Area (651): Potawatomi Area (651) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Potawatomi Area (651): Potawatomi Area (651) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Potawatomi Area (651): Potawatomi Area (651) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 47 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Potawatomi Area (651): Potawatomi Area (651) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Potawatomi Area (651): Potawatomi Area (651) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220264 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Potawatomi Area (651): Potawatomi Area (651) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Insurance Company of North America | SBL 5 04 12 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Insurance Company of North America | SBL 5 04 12 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Insurance Company of North America | SBL 5 04 12 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Insurance Company of North America | SBL 51570 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/1/1972 | 1/1/1973 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10HUA43330 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Prairielands (117): Arrowhead 1933-1991 (117) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 10 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Prairielands (117): Arrowhead 1933-1991 (117) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Prairielands (117): Arrowhead 1933-1991 (117) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Prairielands (117): Arrowhead 1933-1991 (117) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219957 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Prairielands (117): Arrowhead 1933-1991 (117) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Prairielands (117): Piankeshaw 1926-1991 (739) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Prairielands (117): Piankeshaw 1926-1991 (739) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Prairielands (117): Piankeshaw 1926-1991 (739) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Prairielands (117): Piankeshaw 1926-1991 (739) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 13 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Prairielands (117): Piankeshaw 1926-1991 (739) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Prairielands (117): Piankeshaw 1926-1991 (739) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219959 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| President Ford FSC (781): President Ford FSC (781) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| President Ford FSC (781): President Ford FSC (781) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| President Ford FSC (781): President Ford FSC (781) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| President Ford FSC (781): President Ford FSC (781) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Puerto Rico (661): Puerto Rico 1965- (661) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Puerto Rico (661): Puerto Rico 1965- (661) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 54 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Puerto Rico (661): Puerto Rico 1965- (661) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Puerto Rico (661): Puerto Rico 1965- (661) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Puerto Rico (661): Puerto Rico 1965- (661) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Puerto Rico (661): Puerto Rico 1965- (661) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220276 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pushmataha Area (691): Pushmataha Area (691) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pushmataha Area (691): Pushmataha Area (691) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Pushmataha Area (691): Pushmataha Area (691) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pushmataha Area (691): Pushmataha Area (691) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Pushmataha Area (691): Pushmataha Area (691) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Pushmataha Area (691): Pushmataha Area (691) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pushmataha Area (691): Pushmataha Area (691) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 06 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pushmataha Area (691): Pushmataha Area (691) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pushmataha Area (691): Pushmataha Area (691) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Pushmataha Area (691): Pushmataha Area (691) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pushmataha Area (691): Pushmataha Area (691) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220156 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Pushmataha Area (691): Pushmataha Area (691) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quapaw Area (018): Eastern Arkansas Area 1935-2002 (015) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Quapaw Area (018): Eastern Arkansas Area 1935-2002 (015) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Eastern Arkansas Area 1935-2002 (015) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Eastern Arkansas Area 1935-2002 (015) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 25 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Eastern Arkansas Area 1935-2002 (015) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quapaw Area (018): Eastern Arkansas Area 1935-2002 (015) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219874 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Insurance Company of North America | SBL 4 53 62 | 5/27/1965 | 5/27/1966 | 5/27/1965 | 5/27/1966 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Insurance Company of North America | SBL 4 53 62 | 5/27/1966 | 5/27/1967 | 5/27/1966 | 5/27/1967 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Insurance Company of North America | SBL 4 53 62 | 5/27/1967 | 5/27/1968 | 5/27/1967 | 5/27/1968 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Insurance Company of North America | SBL 4 69 41 | 5/27/1968 | 5/27/1969 | 5/27/1968 | 5/27/1969 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Insurance Company of North America | SBL 4 69 41 | 5/27/1969 | 5/27/1970 | 5/27/1969 | 5/27/1970 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Insurance Company of North America | SBL 4 69 41 | 5/27/1970 | 5/27/1971 | 5/27/1970 | 5/27/1971 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Insurance Company of North America | Unknown | 5/27/1971 | 1/1/1972 | 5/27/1971 | 1/1/1972 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/27/1972 | 1/1/1973 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/27/1972 | 1/1/1973 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 24 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219873 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quapaw Area (018): Ouachita Area 1925-2012 (014) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Quapaw Area (018): Quapaw Area 1927- (018) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Quapaw Area (018): Quapaw Area 1927- (018) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 26 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quapaw Area (018): Quapaw Area 1927- (018) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219875 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quapaw Area (018): Quapaw Area 1927- (018) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quivira (198): Kanza 1946-1997 (190) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Quivira (198): Kanza 1946-1997 (190) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quivira (198): Kanza 1946-1997 (190) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 46 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quivira (198): Kanza 1946-1997 (190) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quivira (198): Kanza 1946-1997 (190) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quivira (198): Kanza 1946-1997 (190) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219992 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quivira (198): Quivira 1918- (198) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Quivira (198): Quivira 1918- (198) | Insurance Company of North America | SBL-2-80-76 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Quivira (198): Quivira 1918- (198) | Insurance Company of North America | SBL-2-80-81 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Quivira (198): Quivira 1918- (198) | Insurance Company of North America | SBL-2-80-89 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Quivira (198): Quivira 1918- (198) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Quivira (198): Quivira 1918- (198) | Insurance Company of North America | SBL 5 08 58 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Quivira (198): Quivira 1918- (198) | Insurance Company of North America | SBL 5 08 63 | 6/1/1971 | 5/31/1972 | 6/1/1971 | 5/31/1972 |
| Quivira (198): Quivira 1918- (198) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Quivira (198): Quivira 1918- (198) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Quivira (198): Quivira 1918- (198) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Quivira (198): Quivira 1918- (198) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Quivira (198): Quivira 1918- (198) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Quivira (198): Quivira 1918- (198) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 50 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quivira (198): Quivira 1918- (198) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quivira (198): Quivira 1918- (198) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quivira (198): Quivira 1918- (198) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Quivira (198): Quivira 1918- (198) | New Hampshire Insurance Company | GLA 332350 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quivira (198): Quivira 1918- (198) | Jefferson Insurance Company of New York | GLA 323706 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quivira (198): Quivira 1918- (198) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Quivira (198): Quivira 1918- (198) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219998 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quivira (198): Quivira 1918- (198) | New Hampshire Insurance Company | GLA 301302 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Quivira (198): Sekan Area 1930-1972 (193) | Insurance Company of North America | SBL 5 15 50 | 5/28/1971 | 12/31/1971 | 5/28/1971 | 12/31/1971 |
| Rainbow (702): Rainbow (702) | Insurance Company of North America | SBL 4 29 87 | 3/2/1965 | 3/2/1966 | 3/2/1965 | 3/2/1966 |
| Rainbow (702): Rainbow (702) | Insurance Company of North America | SBL 4 29 87 | 3/2/1966 | 3/2/1967 | 3/2/1966 | 3/2/1967 |
| Rainbow (702): Rainbow (702) | Insurance Company of North America | SBL 4 29 87 | 3/2/1967 | 3/2/1968 | 3/2/1967 | 3/2/1968 |
| Rainbow (702): Rainbow (702) | Insurance Company of North America | SBL 46920 | 3/2/1968 | 3/2/1969 | 3/2/1968 | 3/2/1969 |
| Rainbow (702): Rainbow (702) | Insurance Company of North America | SBL 46920 | 3/2/1969 | 3/2/1970 | 3/2/1969 | 3/2/1970 |
| Rainbow (702): Rainbow (702) | Insurance Company of North America | SBL 46920 | 3/2/1970 | 3/2/1971 | 3/2/1970 | 3/2/1971 |
| Rainbow (702): Rainbow (702) | Insurance Company of North America | SBL 51497 | 3/2/1971 | 3/2/1972 | 3/2/1971 | 3/2/1972 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/2/1972 | 1/1/1973 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/2/1972 | 1/1/1973 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 82 C 282090 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 82 HU 580155 | 1/16/1975 | 1/16/1976 | 1/16/1975 | 1/16/1976 |
| Rainbow (702): Rainbow (702) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rainbow (702): Rainbow (702) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 20 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rainbow (702): Rainbow (702) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rainbow (702): Rainbow (702) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Rainbow (702): Rainbow (702) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219966 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/6/1972 | 1/1/1973 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/6/1972 | 1/1/1973 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 33 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219882 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Redwood Empire (041): Redwood Area 1923-1992 (044) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Insurance Company of North America | SBL 36222 | 5/20/1970 | 5/20/1971 | 5/20/1970 | 5/20/1971 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Insurance Company of North America | SBL 51574 | 5/20/1971 | 5/20/1972 | 5/20/1971 | 5/20/1972 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/20/1972 | 1/1/1973 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/20/1972 | 1/1/1973 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 44 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219892 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Redwood Empire (041): Sonoma-Mendocino Area 1944-1992 (041) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Rio Grande (775): Rio Grande (775) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Rio Grande (775): Rio Grande (775) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rio Grande (775): Rio Grande (775) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rio Grande (775): Rio Grande (775) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 80 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rio Grande (775): Rio Grande (775) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rio Grande (775): Rio Grande (775) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220211 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Rio Grande (775): Rio Grande (775) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | AGP-82-37 | 11/12/1966 | 11/12/1967 | 11/12/1966 | 11/12/1967 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | AGP-82-37 | 11/12/1967 | 11/12/1968 | 11/12/1967 | 11/12/1968 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | AGP-82-37 | 11/12/1968 | 11/12/1969 | 11/12/1968 | 11/12/1969 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | AGP-82-72 | 11/12/1969 | 11/12/1970 | 11/12/1969 | 11/12/1970 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | AGP-82-72 | 11/12/1970 | 11/12/1971 | 11/12/1970 | 11/12/1971 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | AGP-82-72 | 11/12/1971 | 7/11/1972 | 11/12/1971 | 7/11/1972 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | GAL 227276 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | XBC 99313 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 62 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | GAL 344145 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | Insurance Company of North America | GAL 36 28 32 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220016 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Rip Van Winkle (405): Rip Van Winkle 1950- (405) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Rocky Mountain (063): Rocky Mountain (063) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Rocky Mountain (063): Rocky Mountain (063) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 66 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rocky Mountain (063): Rocky Mountain (063) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rocky Mountain (063): Rocky Mountain (063) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Rocky Mountain (063): Rocky Mountain (063) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219914 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Rocky Mountain (063): Rocky Mountain (063) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sagamore (162): Meshingomesia 1929-1973 (163) | Insurance Company of North America | SBL 41085 | 10/1/1965 | 10/1/1966 | 10/1/1965 | 10/1/1966 |
| Sagamore (162): Meshingomesia 1929-1973 (163) | Insurance Company of North America | SBL 41085 | 10/1/1966 | 10/1/1967 | 10/1/1966 | 10/1/1967 |
| Sagamore (162): Meshingomesia 1929-1973 (163) | Insurance Company of North America | SBL 41085 | 10/1/1967 | 10/1/1968 | 10/1/1967 | 10/1/1968 |
| Sagamore (162): Meshingomesia 1929-1973 (163) | Insurance Company of North America | SBL 41085 | 10/1/1968 | 10/1/1969 | 10/1/1968 | 10/1/1969 |
| Sagamore (162): Meshingomesia 1929-1973 (163) | Insurance Company of North America | SBL 41085 | 10/1/1969 | 10/1/1970 | 10/1/1969 | 10/1/1970 |
| Sagamore (162): Sagamore 1973- (162) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sagamore (162): Sagamore 1973- (162) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Sagamore (162): Sagamore 1973- (162) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sagamore (162): Sagamore 1973- (162) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 33 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sagamore (162): Sagamore 1973- (162) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sagamore (162): Sagamore 1973- (162) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219979 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sagamore (162): Three Rivers 1936-1973 (162) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sam Houston Area (576): Sam Houston Area (576) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sam Houston Area (576): Sam Houston Area (576) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sam Houston Area (576): Sam Houston Area (576) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sam Houston Area (576): Sam Houston Area (576) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 81 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sam Houston Area (576): Sam Houston Area (576) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sam Houston Area (576): Sam Houston Area (576) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sam Houston Area (576): Sam Houston Area (576) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sam Houston Area (576): Sam Houston Area (576) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220212 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Samoset (627): Samoset (627) | Insurance Company of North America | SBL 4 53 59 | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Samoset (627): Samoset (627) | Insurance Company of North America | SBL 4 53 59 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Samoset (627): Samoset (627) | Insurance Company of North America | SBL 4 53 59 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Samoset (627): Samoset (627) | Insurance Company of North America | SBL 4 15 40 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Samoset (627): Samoset (627) | Insurance Company of North America | SBL 4 15 40 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Samoset (627): Samoset (627) | Insurance Company of North America | SBL 4 15 40 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Samoset (627): Samoset (627) | Insurance Company of North America | SBL 4 15 64 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Samoset (627): Samoset (627) | Insurance Company of North America | Unknown | 6/1/1972 | 6/1/1973 | 6/1/1972 | 6/1/1973 |
| Samoset (627): Samoset (627) | Insurance Company of North America | Unknown | 6/1/1973 | 6/1/1974 | 6/1/1973 | 6/1/1974 |
| Samoset (627): Samoset (627) | Insurance Company of North America | Unknown | 6/1/1974 | 1/1/1975 | 6/1/1974 | 1/1/1975 |
| Samoset (627): Samoset (627) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Samoset (627): Samoset (627) | Insurance Company of North America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Samoset (627): Samoset (627) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Samoset (627): Samoset (627) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Samoset (627): Samoset (627) | Insurance Company of North America | GAL 212382 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Samoset (627): Samoset (627) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 48 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Samoset (627): Samoset (627) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Samoset (627): Samoset (627) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220265 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Insurance Company of North America | SBL 4 69 81 | 4/1/1965 | 4/1/1966 | 4/1/1965 | 4/1/1966 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Insurance Company of North America | SBL 4 69 81 | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Insurance Company of North America | SBL 4 69 81 | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Insurance Company of North America | SBL 4 69 35 | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Insurance Company of North America | SBL 4 69 35 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Insurance Company of North America | SBL 4 69 35 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 32 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219881 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| San Diego-Imperial (049): Desert Trails 1959-1993 (029) | New Hampshire Insurance Company | GLA 332369 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 49 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219897 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| San Diego-Imperial (049): San Diego County 1921-1993 (049) | New Hampshire Insurance Company | SLP 275657 | 3/10/1977 | 3/10/1978 | 3/10/1977 | 3/10/1978 |
| San Diego-Imperial (049): San Diego-Imperial 2005- (049) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| San Diego-Imperial (049): San Diego-Imperial 2005- (049) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): San Diego-Imperial 2005- (049) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| San Diego-Imperial (049): San Diego-Imperial 2005- (049) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Insurance Company of North America | SBL 50430 | 11/1/1968 | 11/1/1969 | 11/1/1968 | 11/1/1969 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Insurance Company of North America | SBL 50430 | 11/1/1969 | 11/1/1970 | 11/1/1969 | 11/1/1970 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Insurance Company of North America | SBL 50430 | 11/1/1970 | 11/1/1971 | 11/1/1970 | 11/1/1971 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Santa Fe Trail (194): Santa Fe Trail (194) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Santa Fe Trail (194): Santa Fe Trail (194) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Santa Fe Trail (194): Santa Fe Trail (194) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 45 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Santa Fe Trail (194): Santa Fe Trail (194) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Santa Fe Trail (194): Santa Fe Trail (194) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Santa Fe Trail (194): Santa Fe Trail (194) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219991 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Santa Fe Trail (194): Santa Fe Trail (194) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Insurance Company of North America | GLP 32 23 19 | 5/17/1972 | 5/21/1972 | 5/17/1972 | 5/21/1972 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 03 C 804621 | 4/27/1973 | 4/27/1974 | 4/27/1973 | 4/27/1974 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 03 C 807376 | 4/27/1974 | 4/27/1975 | 4/27/1974 | 4/27/1975 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 03 C 809631 | 4/27/1975 | 4/27/1976 | 4/27/1975 | 4/27/1976 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 57 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 03 C 811730 | 4/27/1976 | 4/27/1977 | 4/27/1976 | 4/27/1977 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220010 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Seneca Waterways (397): Finger Lakes 1924-2009 (391) | Hartford Accident and Indemnity Company | 03 C 814173 | 4/27/1977 | 4/27/1978 | 4/27/1977 | 4/27/1978 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 1/1/1957 | 1/1/1958 | 1/1/1957 | 1/1/1958 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 1/1/1958 | 1/1/1959 | 1/1/1958 | 1/1/1959 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 1/1/1963 | 4/1/1963 | 1/1/1963 | 4/1/1963 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | 63-CGL9729 | 4/1/1963 | 4/1/1964 | 4/1/1963 | 4/1/1964 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 4/1/1964 | 4/1/1965 | 4/1/1964 | 4/1/1965 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 4/1/1965 | 4/1/1966 | 4/1/1965 | 4/1/1966 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 4/1/1966 | 4/1/1967 | 4/1/1966 | 4/1/1967 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 4/1/1967 | 4/1/1968 | 4/1/1967 | 4/1/1968 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | Unknown | 4/1/1968 | 4/1/1969 | 4/1/1968 | 4/1/1969 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Jamestown Mutual Insurance Company | GLA 18433 | 4/1/1969 | 4/1/1970 | 4/1/1969 | 4/1/1970 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 71 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220024 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | Hartford Accident and Indemnity Company | CBP 800237 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Seneca Waterways (397): Otetiana 1943-2009 (397) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Insurance Company of North America | SBL 45380 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Insurance Company of North America | SBL 45380 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Insurance Company of North America | SBL 45380 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Insurance Company of North America | SBL 50440 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Insurance Company of North America | SBL 50440 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Insurance Company of North America | SBL 50440 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 59 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219907 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoia (027): Mount Whitney Area 1929-1992 (054) | New Hampshire Insurance Company | GLA 282424 | 1/3/1977 | 1/3/1978 | 1/3/1977 | 1/3/1978 |
| Sequoia (027): Sequoia 1925- (027) | Insurance Company of North America | SBL 4 69 62 | 3/1/1965 | 3/1/1966 | 3/1/1965 | 3/1/1966 |
| Sequoia (027): Sequoia 1925- (027) | Insurance Company of North America | SBL 4 69 62 | 3/1/1966 | 3/1/1967 | 3/1/1966 | 3/1/1967 |
| Sequoia (027): Sequoia 1925- (027) | Insurance Company of North America | SBL 4 69 62 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Sequoia (027): Sequoia 1925- (027) | Insurance Company of North America | SBL 4 69 27 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Sequoia (027): Sequoia 1925- (027) | Insurance Company of North America | SBL 4 69 27 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Sequoia (027): Sequoia 1925- (027) | Insurance Company of North America | SBL 4 69 27 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Sequoia (027): Sequoia 1925- (027) | Insurance Company of North America | SBL 5 15 10 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sequoia (027): Sequoia 1925- (027) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoia (027): Sequoia 1925- (027) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 34 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoia (027): Sequoia 1925- (027) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Sequoia (027): Sequoia 1925- (027) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoia (027): Sequoia 1925- (027) | New Hampshire Insurance Company | GLA 332400 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoia (027): Sequoia 1925- (027) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219883 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoyah (713): Sequoyah (713) | Insurance Company of North America | SBL 51193 | 6/11/1969 | 6/11/1970 | 6/11/1969 | 6/11/1970 |
| Sequoyah (713): Sequoyah (713) | Insurance Company of North America | SBL 51193 | 6/11/1970 | 6/11/1971 | 6/11/1970 | 6/11/1971 |
| Sequoyah (713): Sequoyah (713) | Insurance Company of North America | SBL 51193 | 6/11/1971 | 6/11/1972 | 6/11/1971 | 6/11/1972 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/11/1972 | 1/1/1973 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/11/1972 | 1/1/1973 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sequoyah (713): Sequoyah (713) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 66 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoyah (713): Sequoyah (713) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoyah (713): Sequoyah (713) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sequoyah (713): Sequoyah (713) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220288 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoyah (713): Sequoyah (713) | Insurance Company of North America | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sequoyah (713): Sequoyah (713) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Shenandoah Area (598): Shenandoah Area (598) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Shenandoah Area (598): Shenandoah Area (598) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Shenandoah Area (598): Shenandoah Area (598) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Shenandoah Area (598): Shenandoah Area (598) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Shenandoah Area (598): Shenandoah Area (598) | Insurance Company of North America | Unknown | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Shenandoah Area (598): Shenandoah Area (598) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Shenandoah Area (598): Shenandoah Area (598) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Shenandoah Area (598): Shenandoah Area (598) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Shenandoah Area (598): Shenandoah Area (598) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Shenandoah Area (598): Shenandoah Area (598) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Shenandoah Area (598): Shenandoah Area (598) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 16 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Shenandoah Area (598): Shenandoah Area (598) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Shenandoah Area (598): Shenandoah Area (598) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Shenandoah Area (598): Shenandoah Area (598) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Shenandoah Area (598): Shenandoah Area (598) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220237 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 48 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 10/1/1977 | 1/1/1977 | 10/1/1977 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Silicon Valley Monterey Bay (055): Monterey Bay Area 1933-2013 (025) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219896 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 50 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Insurance Company of North America | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219898 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Silicon Valley Monterey Bay (055): Santa Clara County 1929-2012 (055) | Insurance Company of North America | GAL 34 32 19 | 6/7/1977 | 6/7/1978 | 6/7/1977 | 6/7/1978 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/30/1972 | 1/1/1973 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/30/1972 | 1/1/1973 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 99 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220052 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Central Ohio 1930-1994 (441) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Insurance Company of North America | SBL 4 53 66 | 7/1/1965 | 7/1/1966 | 7/1/1965 | 7/1/1966 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Insurance Company of North America | SBL 4 53 66 | 7/1/1966 | 7/1/1967 | 7/1/1966 | 7/1/1967 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Insurance Company of North America | SBL 4 53 66 | 7/1/1967 | 7/1/1968 | 7/1/1967 | 7/1/1968 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Insurance Company of North America | SBL 50413 | 7/1/1968 | 7/1/1969 | 7/1/1968 | 7/1/1969 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Insurance Company of North America | SBL 50413 | 7/1/1969 | 7/1/1970 | 7/1/1969 | 7/1/1970 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Insurance Company of North America | SBL 50413 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Insurance Company of North America | SBL 51585 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1976 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Simon Kenton (441): Chief Logan 1944-1994 (464) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 96 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220049 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Chief Logan 1944-1994 (464) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Insurance Company of North America | SBL 4 29 58 | 1/14/1965 | 1/14/1966 | 1/14/1965 | 1/14/1966 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Insurance Company of North America | SBL 4 29 58 | 1/14/1966 | 1/14/1967 | 1/14/1966 | 1/14/1967 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Insurance Company of North America | SBL 4 29 58 | 1/14/1967 | 1/14/1968 | 1/14/1967 | 1/14/1968 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Insurance Company of North America | SBL 46902 | 1/14/1968 | 1/14/1969 | 1/14/1968 | 1/14/1969 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Insurance Company of North America | SBL 46902 | 1/14/1969 | 1/14/1970 | 1/14/1969 | 1/14/1970 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Insurance Company of North America | SBL 46902 | 1/14/1970 | 6/28/1970 | 1/14/1970 | 6/28/1970 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Simon Kenton (441): Licking County 1922-1987 (451) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Licking County 1922-1987 (451) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 07 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Licking County 1922-1987 (451) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Licking County 1922-1987 (451) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220060 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Licking County 1922-1987 (451) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Scioto Area 1931-1994 (457) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Simon Kenton (441): Scioto Area 1931-1994 (457) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Scioto Area 1931-1994 (457) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Scioto Area 1931-1994 (457) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 09 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Simon Kenton (441): Scioto Area 1931-1994 (457) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220062 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Simon Kenton (441): Scioto Area 1931-1994 (457) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | SBL 4 53 93 | 11/1/1966 | 11/1/1967 | 11/1/1966 | 11/1/1967 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | Unknown | 11/1/1967 | 11/1/1968 | 11/1/1967 | 11/1/1968 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | Unknown | 11/1/1968 | 11/1/1969 | 11/1/1968 | 11/1/1969 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | SBL 5 11 99 | 11/1/1969 | 11/1/1970 | 11/1/1969 | 11/1/1970 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | SBL 5 11 99 | 11/1/1970 | 11/1/1971 | 11/1/1970 | 11/1/1971 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | SBL 5 11 99 | 11/1/1971 | 11/1/1972 | 11/1/1971 | 11/1/1972 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 11/1/1972 | 1/1/1973 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 11/1/1972 | 1/1/1973 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | AGP 14 41 08 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sioux (733): Pheasant 1942-1978 (693) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 61 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sioux (733): Pheasant 1942-1978 (693) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sioux (733): Pheasant 1942-1978 (693) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sioux (733): Pheasant 1942-1978 (693) | Insurance Company of North America | AGP 14 41 08 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sioux (733): Pheasant 1942-1978 (693) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220283 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sioux (733): Pheasant 1942-1978 (693) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | CGL 243562 | 5/13/1966 | 5/13/1967 | 5/13/1966 | 5/13/1967 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | GLP-07-93-29 | 5/13/1967 | 5/13/1968 | 5/13/1967 | 5/13/1968 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | GLP-14-72-39 | 5/13/1968 | 5/13/1969 | 5/13/1968 | 5/13/1969 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | GLP 22 78 40 | 5/13/1969 | 5/13/1970 | 5/13/1969 | 5/13/1970 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | GLP 22 79 77 | 5/13/1970 | 5/13/1971 | 5/13/1970 | 5/13/1971 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | GLP 30 83 96 | 5/13/1971 | 5/12/1972 | 5/13/1971 | 5/12/1972 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | Unknown | 5/13/1972 | 1/1/1973 | 5/13/1972 | 1/1/1973 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | GAL 21 16 51 | 1/1/1973 | 5/24/1973 | 1/1/1973 | 5/24/1973 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | XBC 97586 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | AGP 13 14 41 | 5/24/1973 | 1/1/1974 | 5/24/1973 | 1/1/1974 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | XBC 97752 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | AGP 13 14 75 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | AGP 13 14 75 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | XBC 97752 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | AGP 13 14 75 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sioux (733): Sioux 1927- (733) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 63 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Sioux (733): Sioux 1927- (733) | Insurance Company of North America | AGP 13 14 75 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Sioux (733): Sioux 1927- (733) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220285 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Florida (084): South Florida (084) | Continental Casualty Company | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| South Florida (084): South Florida (084) | Continental Casualty Company | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| South Florida (084): South Florida (084) | Continental Casualty Company | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1963 | 2/8/1964 | 2/8/1963 | 2/8/1964 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1964 | 2/8/1965 | 2/8/1964 | 2/8/1965 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1965 | 2/8/1966 | 2/8/1965 | 2/8/1966 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1966 | 2/8/1967 | 2/8/1966 | 2/8/1967 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1967 | 2/8/1968 | 2/8/1967 | 2/8/1968 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1968 | 2/8/1969 | 2/8/1968 | 2/8/1969 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1969 | 2/8/1970 | 2/8/1969 | 2/8/1970 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1970 | 2/8/1971 | 2/8/1970 | 2/8/1971 |
| South Florida (084): South Florida (084) | Consolidated Mutual Insurance Company | Unknown | 2/8/1971 | 1/1/1972 | 2/8/1971 | 1/1/1972 |
| South Florida (084): South Florida (084) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/8/1972 | 1/1/1973 |
| South Florida (084): South Florida (084) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/8/1972 | 1/1/1973 |
| South Florida (084): South Florida (084) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Florida (084): South Florida (084) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Florida (084): South Florida (084) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| South Florida (084): South Florida (084) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Florida (084): South Florida (084) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 79 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Florida (084): South Florida (084) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Florida (084): South Florida (084) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219927 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Florida (084): South Florida (084) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 97 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219944 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Georgia (098): Alapaha Area 1960-2012 (098) | New Hampshire Insurance Company | GLA 282454 | 2/23/1977 | 2/23/1978 | 2/23/1977 | 2/23/1978 |
| South Georgia (098): Chehaw 1939-1984 (097) | Insurance Company of North America | SBL 5 11 87 | 4/23/1969 | 4/23/1970 | 4/23/1969 | 4/23/1970 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| South Georgia (098): Chehaw 1939-1984 (097) | Insurance Company of North America | SBL 5 11 87 | 4/23/1970 | 4/23/1971 | 4/23/1970 | 4/23/1971 |
| South Georgia (098): Chehaw 1939-1984 (097) | Insurance Company of North America | SBL 5 11 87 | 4/23/1971 | 4/23/1972 | 4/23/1971 | 4/23/1972 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/23/1972 | 1/1/1973 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/23/1972 | 1/1/1973 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| South Georgia (098): Chehaw 1939-1984 (097) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Chehaw 1939-1984 (097) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Chehaw 1939-1984 (097) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Chehaw 1939-1984 (097) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 87 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Georgia (098): Chehaw 1939-1984 (097) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Georgia (098): Chehaw 1939-1984 (097) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Georgia (098): Chehaw 1939-1984 (097) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219935 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Plains (694): South Plains (694) | Hartford Casualty Insurance Company | 46 IC 632582 | 2/16/1973 | 2/16/1974 | 2/16/1973 | 2/16/1974 |
| South Plains (694): South Plains (694) | Hartford Casualty Insurance Company | 46 IC 632582 | 2/16/1974 | 2/16/1975 | 2/16/1974 | 2/16/1975 |
| South Plains (694): South Plains (694) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| South Plains (694): South Plains (694) | Hartford Casualty Insurance Company | 46 IC 632582 | 2/16/1975 | 2/16/1976 | 2/16/1975 | 2/16/1976 |
| South Plains (694): South Plains (694) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 82 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Plains (694): South Plains (694) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Plains (694): South Plains (694) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Plains (694): South Plains (694) | Hartford Casualty Insurance Company | 46 TMP 100576 | 2/16/1976 | 2/16/1977 | 2/16/1976 | 2/16/1977 |
| South Plains (694): South Plains (694) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220213 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Plains (694): South Plains (694) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Plains (694): South Plains (694) | Hartford Casualty Insurance Company | 46 TMP 100576 | 2/16/1977 | 2/16/1978 | 2/16/1977 | 2/16/1978 |
| South Plains (694): South Plains (694) | Hartford Casualty Insurance Company | 46 TMP 100576 | 2/16/1978 | 2/16/1979 | 2/16/1978 | 2/16/1979 |
| South Texas (577): Gulf Coast 1929-2002 (577) | U.S. Fire Insurance Company | CGL 48 44 08 | 5/16/1966 | 5/16/1967 | 5/16/1966 | 5/16/1967 |
| South Texas (577): Gulf Coast 1929-2002 (577) | U.S. Fire Insurance Company | Unknown | 5/16/1967 | 5/16/1968 | 5/16/1967 | 5/16/1968 |
| South Texas (577): Gulf Coast 1929-2002 (577) | U.S. Fire Insurance Company | Unknown | 5/16/1968 | 5/16/1969 | 5/16/1968 | 5/16/1969 |
| South Texas (577): Gulf Coast 1929-2002 (577) | U.S. Fire Insurance Company | Unknown | 5/16/1969 | 5/16/1970 | 5/16/1969 | 5/16/1970 |
| South Texas (577): Gulf Coast 1929-2002 (577) | U.S. Fire Insurance Company | Unknown | 5/16/1970 | 5/16/1971 | 5/16/1970 | 5/16/1971 |
| South Texas (577): Gulf Coast 1929-2002 (577) | U.S. Fire Insurance Company | Unknown | 5/16/1971 | 1/1/1972 | 5/16/1971 | 1/1/1972 |
| South Texas (577): Gulf Coast 1929-2002 (577) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Texas (577): Gulf Coast 1929-2002 (577) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| South Texas (577): Gulf Coast 1929-2002 (577) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| South Texas (577): Gulf Coast 1929-2002 (577) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| South Texas (577): Gulf Coast 1929-2002 (577) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| South Texas (577): Gulf Coast 1929-2002 (577) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 75 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Texas (577): Gulf Coast 1929-2002 (577) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Texas (577): Gulf Coast 1929-2002 (577) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| South Texas (577): Gulf Coast 1929-2002 (577) | Employers Casualty Company | C-558681 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Texas (577): Gulf Coast 1929-2002 (577) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| South Texas (577): Gulf Coast 1929-2002 (577) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220206 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 60 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southeast Louisiana (214): New Orleans Area 1927-1993 (214) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220108 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southeast Louisiana (214): Southeast Louisiana (214) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Southeast Louisiana (214): Southeast Louisiana (214) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southeast Louisiana (214): Southeast Louisiana (214) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southeast Louisiana (214): Southeast Louisiana (214) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southern Shores FSC (783): Southern Shores FSC (783) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Southern Shores FSC (783): Southern Shores FSC (783) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southern Shores FSC (783): Southern Shores FSC (783) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southern Shores FSC (783): Southern Shores FSC (783) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southern Sierra (030): Southern Sierra 1965- (030) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Southern Sierra (030): Southern Sierra 1965- (030) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southern Sierra (030): Southern Sierra 1965- (030) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southern Sierra (030): Southern Sierra 1965- (030) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southern Sierra (030): Southern Sierra 1965- (030) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 28 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southern Sierra (030): Southern Sierra 1965- (030) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219877 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southern Sierra (030): Southern Sierra 1965- (030) | Jefferson Insurance Company of New York | 65899 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southern Sierra (030): Southern Sierra 1965- (030) | Jefferson Insurance Company of New York | 65898 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southern Sierra (030): Southern Sierra 1965- (030) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southern Sierra (030): Southern Sierra 1965- (030) | New Hampshire Insurance Company | GLA 282518 | 4/1/1977 | 4/1/1978 | 4/1/1977 | 4/1/1978 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Insurance Company of North America | SBL 45392 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Insurance Company of North America | SBL 45392 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Insurance Company of North America | SBL 45392 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Insurance Company of North America | SBL 51305 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Insurance Company of North America | SBL 51305 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Insurance Company of North America | SBL 51305 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Southwest Florida (088): Southwest Florida 1966- (088) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Southwest Florida (088): Southwest Florida 1966- (088) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 77 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southwest Florida (088): Southwest Florida 1966- (088) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219925 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Insurance Company of North America | SBL 4 53 54 | 11/17/1965 | 11/17/1966 | 11/17/1965 | 11/17/1966 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Insurance Company of North America | SBL 4 53 54 | 11/17/1966 | 11/17/1967 | 11/17/1966 | 11/17/1967 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Insurance Company of North America | SBL 4 53 54 | 11/17/1967 | 11/17/1968 | 11/17/1967 | 11/17/1968 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Insurance Company of North America | SBL 50422 | 11/17/1968 | 11/17/1969 | 11/17/1968 | 11/17/1969 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Insurance Company of North America | SBL 50422 | 11/17/1969 | 11/17/1970 | 11/17/1969 | 11/17/1970 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Insurance Company of North America | SBL 50422 | 11/17/1970 | 11/17/1971 | 11/17/1970 | 11/17/1971 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Southwest Florida (088): Sunny Land 1925-1995 (724) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 82 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219930 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Southwest Florida (088): Sunny Land 1925-1995 (724) | New Hampshire Insurance Company | GLA 282417 | 2/10/1977 | 2/10/1978 | 2/10/1977 | 2/10/1978 |
| Spirit of Adventure (227): Boston 1921-1980 (227) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): Boston 1921-1980 (227) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Boston 1921-1980 (227) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Boston 1921-1980 (227) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 68 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Boston 1921-1980 (227) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Boston 1921-1980 (227) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220116 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 3/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 3/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 70 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220120 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Cambridge 1919-2001 (229) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Greater Lowell 1927-1977 (238) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): Greater Lowell 1927-1977 (238) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 78 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Greater Lowell 1927-1977 (238) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Greater Lowell 1927-1977 (238) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Greater Lowell 1927-1977 (238) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Insurance Company of North America | Unknown | 1/1/1970 | 3/6/1970 | 1/1/1970 | 3/6/1970 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/16/1972 | 1/1/1973 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/16/1972 | 1/1/1973 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220128 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Greater Lowell 1977-1999 (238) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Insurance Company of North America | SBL 46915 | 3/6/1970 | 3/6/1971 | 3/6/1970 | 3/6/1971 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Insurance Company of North America | SBL 51409 | 3/6/1971 | 3/6/1972 | 3/6/1971 | 3/6/1972 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/6/1972 | 1/1/1973 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/6/1972 | 1/1/1973 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 74 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220124 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Lone Tree 1926-1993 (749) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Mass. Bay Federated 1976-1979 (850) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Mass. Bay Federated 1976-1979 (850) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Mass. Bay Federated 1976-1979 (850) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Minuteman 1959-1993 (240) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): Minuteman 1959-1993 (240) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Minuteman 1959-1993 (240) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 81 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Minuteman 1959-1993 (240) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): Minuteman 1959-1993 (240) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): Minuteman 1959-1993 (240) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220132 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): North Bay 1966-1993 (236) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): North Bay 1966-1993 (236) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): North Bay 1966-1993 (236) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): North Bay 1966-1993 (236) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 80 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): North Bay 1966-1993 (236) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220131 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): North Bay 1966-1993 (236) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Insurance Company of North America | SBL 50418 | 6/10/1968 | 6/10/1969 | 6/10/1968 | 6/10/1969 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Insurance Company of North America | SBL 50418 | 6/10/1969 | 6/10/1970 | 6/10/1969 | 6/10/1970 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Insurance Company of North America | SBL 50418 | 6/10/1970 | 6/10/1971 | 6/10/1970 | 6/10/1971 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Insurance Company of North America | SBL 51562 | 6/10/1971 | 6/10/1972 | 6/10/1971 | 6/10/1972 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/10/1972 | 1/1/1973 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/10/1972 | 1/1/1973 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | New Hampshire Insurance Company | UL 078557 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | New Hampshire Insurance Company | SLP 63-47-76 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 77 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | New Hampshire Insurance Company | SLP 63-49-02 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220127 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Spirit of Adventure (227): North Essex 1925-1993 (712) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Suffolk County (404): Suffolk County (404) | Insurance Company of North America | XBC 65760 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Suffolk County (404): Suffolk County (404) | Insurance Company of North America | XBC 65760 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CPP 500098 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Suffolk County (404): Suffolk County (404) | Insurance Company of North America | XBC 65760 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Suffolk County (404): Suffolk County (404) | Insurance Company of North America | XBC-73765 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CPP 500098 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Suffolk County (404): Suffolk County (404) | Insurance Company of North America | XBC-73765 | 6/1/1971 | 3/9/1972 | 6/1/1971 | 3/9/1972 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CPP 500098 | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Suffolk County (404): Suffolk County (404) | Insurance Company of North America | XBC 73765 | 3/9/1972 | 3/7/1973 | 3/9/1972 | 3/7/1973 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 SMP 304687 | 6/1/1972 | 6/1/1973 | 6/1/1972 | 6/1/1973 |
| Suffolk County (404): Suffolk County (404) | Insurance Company of North America | XBC 73765 | 3/7/1973 | 6/1/1973 | 3/7/1973 | 6/1/1973 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 SMP 304687 | 6/1/1973 | 6/1/1974 | 6/1/1973 | 6/1/1974 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 SMP 304687 | 6/1/1974 | 6/1/1975 | 6/1/1974 | 6/1/1975 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CBP 400297 | 6/1/1974 | 6/1/1975 | 6/1/1974 | 6/1/1975 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CBP 400297 | 6/1/1975 | 6/1/1976 | 6/1/1975 | 6/1/1976 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Suffolk County (404): Suffolk County (404) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Suffolk County (404): Suffolk County (404) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 66 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CBP 400297 | 6/1/1976 | 6/1/1977 | 6/1/1976 | 6/1/1977 |
| Suffolk County (404): Suffolk County (404) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Suffolk County (404): Suffolk County (404) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220019 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CBP 400656 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CBP 400656 | 6/1/1978 | 6/1/1979 | 6/1/1978 | 6/1/1979 |
| Suffolk County (404): Suffolk County (404) | Hartford Accident and Indemnity Company | 12 CBP 400656 | 6/1/1979 | 6/1/1980 | 6/1/1979 | 6/1/1980 |
| Susquehanna (533): Susquehanna 1975- (533) | Insurance Company of North America | XBC 9 85 02 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Susquehanna (533): Susquehanna 1975- (533) | Insurance Company of North America | XBC 9 85 02 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Susquehanna (533): Susquehanna 1975- (533) | Insurance Company of North America | XBC 9 85 02 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Susquehanna (533): Susquehanna 1975- (533) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Susquehanna (533): Susquehanna 1975- (533) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 51 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Susquehanna (533): Susquehanna 1975- (533) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Susquehanna (533): Susquehanna 1975- (533) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Susquehanna (533): Susquehanna 1975- (533) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Susquehanna (533): Susquehanna 1975- (533) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220273 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | 4 47 50 | 6/14/1965 | 6/14/1966 | 6/14/1965 | 6/14/1966 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | 4 47 50 | 6/14/1966 | 6/14/1967 | 6/14/1966 | 6/14/1967 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | 4 47 50 | 6/14/1967 | 6/14/1968 | 6/14/1967 | 6/14/1968 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | SBL 4 84 64 | 6/14/1968 | 6/14/1969 | 6/14/1968 | 6/14/1969 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | SBL 4 84 64 | 6/14/1969 | 6/14/1970 | 6/14/1969 | 6/14/1970 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | SBL 4 84 64 | 6/14/1970 | 6/14/1971 | 6/14/1970 | 6/14/1971 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | SBL 53078 | 7/14/1971 | 7/13/1972 | 7/14/1971 | 7/13/1972 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | SBL 53078 | 7/14/1972 | 2/22/1973 | 7/14/1972 | 2/22/1973 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | GLP 411728 | 2/22/1973 | 2/22/1974 | 2/22/1973 | 2/22/1974 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | XBC 9 68 34 | 2/22/1973 | 2/22/1974 | 2/22/1973 | 2/22/1974 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | XBC 9 68 34 | 2/22/1974 | 2/22/1975 | 2/22/1974 | 2/22/1975 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Insurance Company of North America | GLP 411728 | 2/22/1974 | 2/22/1975 | 2/22/1974 | 2/22/1975 |
| Susquehanna (533): Susquehanna Valley Area 1927-1975 (533) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | SBL-4-48-96 | 2/9/1967 | 2/9/1968 | 2/9/1967 | 2/9/1968 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | SBL-4-48-96 | 2/9/1968 | 2/9/1969 | 2/9/1968 | 2/9/1969 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | SBL-4-48-96 | 2/9/1969 | 2/9/1970 | 2/9/1969 | 2/9/1970 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | SBL 5 30 08 | 2/9/1970 | 2/9/1971 | 2/9/1970 | 2/9/1971 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | SBL 5 30 08 | 2/9/1971 | 2/9/1972 | 2/9/1971 | 2/9/1972 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | SBL 5 30 08 | 2/9/1972 | 2/9/1973 | 2/9/1972 | 2/9/1973 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | XBC 9 68 17 | 2/9/1973 | 2/9/1974 | 2/9/1973 | 2/9/1974 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | GLP 40 76 42 | 2/9/1973 | 2/9/1974 | 2/9/1973 | 2/9/1974 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | XBC 9 68 17 | 2/9/1974 | 2/9/1975 | 2/9/1974 | 2/9/1975 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | GLP 40 76 42 | 2/9/1974 | 2/9/1975 | 2/9/1974 | 2/9/1975 |
| Susquehanna (533): West Branch 1935-1975 (543) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | GLP 40 76 42 | 2/9/1975 | 3/26/1975 | 2/9/1975 | 3/26/1975 |
| Susquehanna (533): West Branch 1935-1975 (543) | Insurance Company of North America | XBC 9 68 17 | 2/9/1975 | 2/9/1976 | 2/9/1975 | 2/9/1976 |
| Suwannee River Area (664): Suwannee River Area (664) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Suwannee River Area (664): Suwannee River Area (664) | Hartford Accident and Indemnity Company | 21 SMP 118708 | 9/15/1975 | 9/15/1976 | 9/15/1975 | 9/15/1976 |
| Suwannee River Area (664): Suwannee River Area (664) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Suwannee River Area (664): Suwannee River Area (664) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 84 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Suwannee River Area (664): Suwannee River Area (664) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Suwannee River Area (664): Suwannee River Area (664) | Hartford Accident and Indemnity Company | 21 SMP 118708 | 9/15/1976 | 9/15/1977 | 9/15/1976 | 9/15/1977 |
| Suwannee River Area (664): Suwannee River Area (664) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219932 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Suwannee River Area (664): Suwannee River Area (664) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Suwannee River Area (664): Suwannee River Area (664) | New Hampshire Insurance Company | Unknown | 2/10/1977 | 2/10/1978 | 2/10/1977 | 2/10/1978 |
| Suwannee River Area (664): Suwannee River Area (664) | Hartford Accident and Indemnity Company | 21 SMP 118708 | 9/15/1977 | 1/1/1978 | 9/15/1977 | 1/1/1978 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | AGP-68-33 | 12/15/1965 | 12/15/1966 | 12/15/1965 | 12/15/1966 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | AGP-68-33 | 12/15/1966 | 12/15/1967 | 12/15/1966 | 12/15/1967 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | AGP-68-33 | 12/15/1967 | 12/15/1968 | 12/15/1967 | 12/15/1968 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | AGP-1-64-96 | 12/15/1968 | 12/15/1969 | 12/15/1968 | 12/15/1969 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | Unknown | 12/15/1968 | 12/15/1969 | 12/15/1968 | 12/15/1969 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | AGP-1-64-96 | 12/15/1969 | 12/15/1970 | 12/15/1969 | 12/15/1970 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | Unknown | 12/15/1969 | 12/15/1970 | 12/15/1969 | 12/15/1970 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | Unknown | 12/15/1970 | 12/15/1971 | 12/15/1970 | 12/15/1971 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | AGP-1-64-96 | 12/15/1970 | 12/15/1971 | 12/15/1970 | 12/15/1971 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | Unknown | 12/15/1971 | 12/15/1972 | 12/15/1971 | 12/15/1972 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | Unknown | 12/15/1972 | 12/15/1973 | 12/15/1972 | 12/15/1973 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | Unknown | 12/15/1973 | 12/15/1974 | 12/15/1973 | 12/15/1974 |
| Tecumseh (439): Tecumseh (439) | Insurance Company of North America | Unknown | 12/15/1974 | 1/1/1975 | 12/15/1974 | 1/1/1975 |
| Tecumseh (439): Tecumseh (439) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Tecumseh (439): Tecumseh (439) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 72 11 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tecumseh (439): Tecumseh (439) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tecumseh (439): Tecumseh (439) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tecumseh (439): Tecumseh (439) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220064 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tecumseh (439): Tecumseh (439) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Insurance Company of North America | SBL 51317 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Insurance Company of North America | SBL 5 13 91 | 4/1/1970 | 4/1/1971 | 4/1/1970 | 4/1/1971 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Insurance Company of North America | SBL 5 13 91 | 4/1/1971 | 4/1/1972 | 4/1/1971 | 4/1/1972 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Insurance Company of North America | SBL 51317 | 4/1/1971 | 3/31/1972 | 4/1/1971 | 3/31/1972 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Insurance Company of North America | SBL 51317 | 4/1/1972 | 4/1/1973 | 4/1/1972 | 4/1/1973 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 86 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220217 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Texas Southwest (741): Concho Valley 1926-2012 (741) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Texas Southwest (741): Texas Southwest 2012- (741) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Texas Southwest (741): Texas Southwest 2012- (741) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Insurance Company of North America | SBL 5 14 98 | 2/15/1971 | 2/15/1972 | 2/15/1971 | 2/15/1972 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 2/15/1972 | 1/1/1973 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 2/15/1972 | 1/1/1973 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 70 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220201 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Texas Trails (561): Chisholm Trail 1926-2003 (561) | New Hampshire Insurance Company | GLA 332324 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Insurance Company of North America | SBL 45420 | 12/5/1968 | 12/5/1969 | 12/5/1968 | 12/5/1969 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Insurance Company of North America | SBL 45425 | 12/5/1969 | 12/5/1970 | 12/5/1969 | 12/5/1970 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Insurance Company of North America | Unknown | 12/5/1970 | 12/5/1971 | 12/5/1970 | 12/5/1971 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Insurance Company of North America | Unknown | 12/5/1971 | 1/1/1972 | 12/5/1971 | 1/1/1972 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 12/5/1972 | 1/1/1973 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 12/5/1972 | 1/1/1973 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 74 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Texas Trails (561): Comanche Trail 1932-2003 (479) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220205 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 41011 | 1/12/1967 | 1/12/1968 | 1/12/1967 | 1/12/1968 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 41011 | 1/12/1968 | 1/12/1969 | 1/12/1968 | 1/12/1969 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | AGP-1-88-16 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 41011 | 1/12/1969 | 1/12/1970 | 1/12/1969 | 1/12/1970 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | AGP-1-88-16 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 43053 | 1/12/1970 | 1/12/1971 | 1/12/1970 | 1/12/1971 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | GLP 19 73 26 | 2/20/1970 | 2/20/1971 | 2/20/1970 | 2/20/1971 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | AGP-1-88-16 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 43053 | 1/12/1971 | 1/12/1972 | 1/12/1971 | 1/12/1972 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | GLP 28 44 92 | 2/20/1971 | 2/20/1972 | 2/20/1971 | 2/20/1972 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 43053 | 1/12/1972 | 1/12/1973 | 1/12/1972 | 1/12/1973 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 45540 | 1/12/1973 | 1/12/1974 | 1/12/1973 | 1/12/1974 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 45540 | 1/12/1974 | 1/12/1975 | 1/12/1974 | 1/12/1975 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | AGP 09 98 41 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XBC 45540 | 1/12/1975 | 1/12/1976 | 1/12/1975 | 1/12/1976 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 73 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Insurance Company of North America | XCP 12350 | 1/12/1976 | 3/1/1976 | 1/12/1976 | 3/1/1976 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | Continental Casualty Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220026 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | New Hampshire Insurance Company | GLA 210262 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Theodore Roosevelt (386): Nassau County 1916-1997 (386) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Fires (127): Chief Shabbona 1931-1968 (735) | Insurance Company of North America | SBL 4 29 79 | 3/29/1965 | 3/29/1966 | 3/29/1965 | 3/29/1966 |
| Three Fires (127): Chief Shabbona 1931-1968 (735) | Insurance Company of North America | SBL 4 29 79 | 3/29/1966 | 3/29/1967 | 3/29/1966 | 3/29/1967 |
| Three Fires (127): Chief Shabbona 1931-1968 (735) | Insurance Company of North America | SBL 4 29 79 | 3/29/1967 | 3/29/1968 | 3/29/1967 | 3/29/1968 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | RWP-2-70-86 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | RWP-2-70-86 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | RWP-2-70-86 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | SBL 5 11 76 | 4/29/1969 | 4/29/1970 | 4/29/1969 | 4/29/1970 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | XPL 17137 | 4/29/1970 | 4/29/1971 | 4/29/1970 | 4/29/1971 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | SBL 51829 | 4/29/1970 | 4/29/1971 | 4/29/1970 | 4/29/1971 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | SBL 5 11 76 | 4/29/1970 | 4/29/1971 | 4/29/1970 | 4/29/1971 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | SBL 5 11 76 | 4/29/1971 | 4/29/1972 | 4/29/1971 | 4/29/1972 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | XPL 17137 | 4/29/1971 | 4/28/1972 | 4/29/1971 | 4/28/1972 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Insurance Company of North America | SBL 51829 | 4/29/1971 | 4/28/1972 | 4/29/1971 | 4/28/1972 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/29/1972 | 1/1/1973 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/29/1972 | 1/1/1973 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Fires (127): Du Page Area 1928-1992 (148) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Fires (127): Du Page Area 1928-1992 (148) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219973 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Fires (127): Du Page Area 1928-1992 (148) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Fires (127): Du Page Area 1928-1992 (148) | Hartford Accident and Indemnity Company | 82 UUN PN2419 | 6/1/1985 | 6/1/1986 | 6/1/1985 | 6/1/1986 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | SBL-2-51-01 | 3/1/1967 | 3/1/1968 | 3/1/1967 | 3/1/1968 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | SBL-2-51-43 | 3/1/1968 | 3/1/1969 | 3/1/1968 | 3/1/1969 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | SBL 51809 | 3/1/1969 | 3/1/1970 | 3/1/1969 | 3/1/1970 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | SBL 51826 | 3/1/1970 | 3/1/1971 | 3/1/1970 | 3/1/1971 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | SBL 5 18 58 | 3/1/1971 | 3/1/1972 | 3/1/1971 | 3/1/1972 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/1/1972 | 1/1/1973 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | GAL 24 20 22 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Insurance Company of North America | GAL 23 79 42 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Fires (127): Two Rivers 1968-1992 (127) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Fires (127): Two Rivers 1968-1992 (127) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 25 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Fires (127): Two Rivers 1968-1992 (127) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Fires (127): Two Rivers 1968-1992 (127) | INA Insurance Company of Illinois | GAL 23 74 77 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Fires (127): Two Rivers 1968-1992 (127) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Fires (127): Two Rivers 1968-1992 (127) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219971 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Fires (127): Two Rivers/DuPage Area 1992-1993 (127) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 27 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Three Fires (127): Two Rivers/DuPage Area 1992-1993 (127) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Harbors (636): Kenosha 1961-1972 (623) | Insurance Company of North America | SBL 41511 | 2/5/1966 | 2/5/1967 | 2/5/1966 | 2/5/1967 |
| Three Harbors (636): Kenosha 1961-1972 (623) | Insurance Company of North America | SBL 41526 | 2/5/1967 | 2/5/1968 | 2/5/1967 | 2/5/1968 |
| Three Harbors (636): Kenosha 1961-1972 (623) | Insurance Company of North America | SBL-4-15-35 | 2/5/1968 | 2/5/1969 | 2/5/1968 | 2/5/1969 |
| Three Harbors (636): Kenosha 1961-1972 (623) | Insurance Company of North America | SBL-4-15-39 | 2/5/1968 | 2/5/1969 | 2/5/1968 | 2/5/1969 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | CGL190079 | 10/1/1962 | 10/1/1963 | 10/1/1962 | 10/1/1963 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | CGL190079 | 10/1/1963 | 10/1/1964 | 10/1/1963 | 10/1/1964 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | CGL190079 | 10/1/1964 | 10/1/1965 | 10/1/1964 | 10/1/1965 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | SBL 41515 | 10/1/1965 | 10/1/1966 | 10/1/1965 | 10/1/1966 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | SBL-4-15-20 | 10/1/1966 | 10/1/1967 | 10/1/1966 | 10/1/1967 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | SBL-4-15-31 | 10/1/1967 | 10/1/1968 | 10/1/1967 | 10/1/1968 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | SBL 4 15 42 | 10/1/1968 | 10/1/1969 | 10/1/1968 | 10/1/1969 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | SBL 4 15 50 | 10/1/1969 | 10/1/1970 | 10/1/1969 | 10/1/1970 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | SBL 4 15 59 | 10/1/1970 | 10/1/1971 | 10/1/1970 | 10/1/1971 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | Unknown | 10/1/1971 | 10/1/1972 | 10/1/1971 | 10/1/1972 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Insurance Company of North America | Unknown | 10/1/1972 | 10/1/1973 | 10/1/1972 | 10/1/1973 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648NA2353 | 10/1/1973 | 10/1/1974 | 10/1/1973 | 10/1/1974 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648XA6131 | 3/12/1974 | 3/12/1975 | 3/12/1974 | 3/12/1975 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648NA2353 | 10/1/1974 | 10/1/1975 | 10/1/1974 | 10/1/1975 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648XA6131 | 3/12/1975 | 3/12/1976 | 3/12/1975 | 3/12/1976 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648NA2353 | 10/1/1975 | 10/1/1976 | 10/1/1975 | 10/1/1976 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648XA6131 | 3/12/1976 | 10/1/1976 | 3/12/1976 | 10/1/1976 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648NA5036 | 10/1/1976 | 10/1/1977 | 10/1/1976 | 10/1/1977 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | American Re-Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220262 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | Continental Casualty Company | RDX9539468 | 2/11/1977 | 1/1/1978 | 2/11/1977 | 1/1/1978 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648NA5036 | 10/1/1977 | 10/1/1978 | 10/1/1977 | 10/1/1978 |
| Three Harbors (636): Milwaukee County 1929-2011 (629) | St. Paul Fire and Marine Insurance Company | 648NA5036 | 10/1/1978 | 10/1/1979 | 10/1/1978 | 10/1/1979 |
| Three Harbors (636): Racine County 1927-1972 (631) | Insurance Company of North America | SBL 5 11 91 | 6/15/1969 | 6/15/1970 | 6/15/1969 | 6/15/1970 |
| Three Harbors (636): Racine County 1927-1972 (631) | Insurance Company of North America | SBL 5 11 91 | 6/15/1970 | 6/15/1971 | 6/15/1970 | 6/15/1971 |
| Three Harbors (636): Racine County 1927-1972 (631) | Insurance Company of North America | SBL 5 11 91 | 6/15/1971 | 6/15/1972 | 6/15/1971 | 6/15/1972 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 6/15/1972 | 1/1/1973 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 6/15/1972 | 1/1/1973 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Insurance Company of North America | GAL 21 22 13 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Insurance Company of North America | GAL 21 23 07 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220263 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Harbors (636): Southeast Wisconsin 1972-2011 (634) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | CGA682849 | 11/18/1964 | 11/18/1965 | 11/18/1964 | 11/18/1965 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | Unknown | 11/18/1965 | 11/18/1966 | 11/18/1965 | 11/18/1966 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | Unknown | 11/18/1966 | 11/18/1967 | 11/18/1966 | 11/18/1967 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | Unknown | 11/18/1967 | 11/18/1968 | 11/18/1967 | 11/18/1968 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | Unknown | 11/18/1968 | 3/16/1969 | 11/18/1968 | 3/16/1969 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | 31-480583 | 3/16/1969 | 3/16/1970 | 3/16/1969 | 3/16/1970 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | 31-476201 | 3/16/1971 | 3/16/1972 | 3/16/1971 | 3/16/1972 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 3/16/1972 | 1/1/1973 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 3/16/1972 | 1/1/1973 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | 31-480583 | 3/16/1972 | 3/16/1973 | 3/16/1972 | 3/16/1973 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | 7186226 | 6/25/1972 | 6/25/1973 | 6/25/1972 | 6/25/1973 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Three Rivers (578): Three Rivers 1970- (578) | Maryland American General Group | 542TD5947 | 1/10/1975 | 1/10/1976 | 1/10/1975 | 1/10/1976 |
| Three Rivers (578): Three Rivers 1970- (578) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Rivers (578): Three Rivers 1970- (578) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 73 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Rivers (578): Three Rivers 1970- (578) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Three Rivers (578): Three Rivers 1970- (578) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220204 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Rivers (578): Three Rivers 1970- (578) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Three Rivers (578): Trinity-Neches 1942-1970 (565) | Maryland American General Group | 31-818323 | 3/16/1969 | 3/16/1970 | 3/16/1969 | 3/16/1970 |
| Three Rivers (578): Trinity-Neches 1942-1970 (565) | Maryland American General Group | 31-471819 | 3/16/1970 | 3/16/1971 | 3/16/1970 | 3/16/1971 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | LB 4 17 55 | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | ALB-4-17-88 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | ALB-4-17-88 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | ALB-4-17-88 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Tidewater (596): Tidewater (596) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Tidewater (596): Tidewater (596) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Tidewater (596): Tidewater (596) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tidewater (596): Tidewater (596) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 10 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tidewater (596): Tidewater (596) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tidewater (596): Tidewater (596) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tidewater (596): Tidewater (596) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220232 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tidewater (596): Tidewater (596) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tidewater (596): Tidewater (596) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Transatlantic (802): Transatlantic 1953- (802) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 8/1/1974 | 1/1/1975 |
| Transatlantic (802): Transatlantic 1953- (802) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Transatlantic (802): Transatlantic 1953- (802) | American Foreign Insurance Association | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Transatlantic (802): Transatlantic 1953- (802) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Transatlantic (802): Transatlantic 1953- (802) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 93 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Transatlantic (802): Transatlantic 1953- (802) | American Foreign Insurance Association | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Transatlantic (802): Transatlantic 1953- (802) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Transatlantic (802): Transatlantic 1953- (802) | American Foreign Insurance Association | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Transatlantic (802): Transatlantic 1953- (802) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220224 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Transatlantic (802): Transatlantic 1953- (802) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Insurance Company of North America | SBL 45391 | 11/1/1966 | 11/1/1967 | 11/1/1966 | 11/1/1967 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Insurance Company of North America | SBL 45391 | 11/1/1967 | 11/1/1968 | 11/1/1967 | 11/1/1968 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Insurance Company of North America | SBL 45391 | 11/1/1968 | 11/1/1969 | 11/1/1968 | 11/1/1969 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Insurance Company of North America | SBL 5 11 98 | 11/1/1969 | 11/1/1970 | 11/1/1969 | 11/1/1970 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Insurance Company of North America | SBL 5 11 98 | 11/1/1970 | 11/1/1971 | 11/1/1970 | 11/1/1971 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Tukabatchee Area (005): Tukabatchee Area (005) | Insurance Company of North America | SBL 5 11 98 | 11/1/1971 | 11/1/1972 | 11/1/1971 | 11/1/1972 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 11/1/1972 | 1/1/1973 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 11/1/1972 | 1/1/1973 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tukabatchee Area (005): Tukabatchee Area (005) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Continental Insurance Company | CBP 76715 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tukabatchee Area (005): Tukabatchee Area (005) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 12 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tukabatchee Area (005): Tukabatchee Area (005) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tukabatchee Area (005): Tukabatchee Area (005) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219862 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tukabatchee Area (005): Tukabatchee Area (005) | Continental Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tuscarora (424): Tuscarora (424) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 7/1/1972 | 1/1/1973 |
| Tuscarora (424): Tuscarora (424) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Tuscarora (424): Tuscarora (424) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Tuscarora (424): Tuscarora (424) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tuscarora (424): Tuscarora (424) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 76 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tuscarora (424): Tuscarora (424) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Tuscarora (424): Tuscarora (424) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Tuscarora (424): Tuscarora (424) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220039 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 70 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220023 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Adirondack 1924-2006 (394) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Fort Orange-Uncle Sam 1963-1971 (364) | St. Paul Fire and Marine Insurance Company | Unknown | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Twin Rivers (364): Governor Clinton 1971-1990 (364) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Rivers (364): Governor Clinton 1971-1990 (364) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Governor Clinton 1971-1990 (364) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Governor Clinton 1971-1990 (364) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 65 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Governor Clinton 1971-1990 (364) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Governor Clinton 1971-1990 (364) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220018 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 4/1/1972 | 1/1/1973 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Rivers (364): Mohican 1927-1998 (378) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Mohican 1927-1998 (378) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 58 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Mohican 1927-1998 (378) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Mohican 1927-1998 (378) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220011 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Mohican 1927-1998 (378) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Twin Rivers (364): Saratoga County 1924-1990 (684) | Hartford Accident and Indemnity Company | 01 C 530923 | 5/1/1972 | 5/1/1973 | 5/1/1972 | 5/1/1973 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | Hartford Accident and Indemnity Company | 01 C 531176 | 5/1/1972 | 5/1/1973 | 5/1/1972 | 5/1/1973 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | Hartford Accident and Indemnity Company | 01 HU 300166 | 12/15/1972 | 12/15/1973 | 12/15/1972 | 12/15/1973 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | Hartford Accident and Indemnity Company | 01 HU 300166 | 12/15/1973 | 12/15/1974 | 12/15/1973 | 12/15/1974 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | Hartford Accident and Indemnity Company | 01 HU 300166 | 12/15/1974 | 12/15/1975 | 12/15/1974 | 12/15/1975 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 49 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Saratoga County 1924-1990 (684) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220001 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Schenectady County 1926-1991 (399) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Rivers (364): Schenectady County 1926-1991 (399) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Schenectady County 1926-1991 (399) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 74 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Schenectady County 1926-1991 (399) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Schenectady County 1926-1991 (399) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Schenectady County 1926-1991 (399) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220027 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 59 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220002 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Rivers (364): Sir William Johnson 1937-1990 (377) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Valley (283): Cedar Valley Area 1937-1969 (282) | Insurance Company of North America | SBL 45389 | 6/20/1966 | 6/20/1967 | 6/20/1966 | 6/20/1967 |
| Twin Valley (283): Cedar Valley Area 1937-1969 (282) | Insurance Company of North America | SBL-4-46-15 | 6/20/1967 | 6/20/1968 | 6/20/1967 | 6/20/1968 |
| Twin Valley (283): Twin Valley 1969- (283) | Insurance Company of North America | SBL 44634 | 10/1/1967 | 10/1/1968 | 10/1/1967 | 10/1/1968 |
| Twin Valley (283): Twin Valley 1969- (283) | Insurance Company of North America | SBL 44646 | 10/1/1968 | 10/1/1969 | 10/1/1968 | 10/1/1969 |
| Twin Valley (283): Twin Valley 1969- (283) | Insurance Company of North America | SBL 4 46 54 | 10/1/1969 | 10/1/1970 | 10/1/1969 | 10/1/1970 |
| Twin Valley (283): Twin Valley 1969- (283) | Insurance Company of North America | SBL 44673 | 10/1/1970 | 10/1/1971 | 10/1/1970 | 10/1/1971 |
| Twin Valley (283): Twin Valley 1969- (283) | Insurance Company of North America | GAL 11 80 46 | 10/1/1971 | 10/1/1972 | 10/1/1971 | 10/1/1972 |
| Twin Valley (283): Twin Valley 1969- (283) | Insurance Company of North America | Unknown | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Twin Valley (283): Twin Valley 1969- (283) | Insurance Company of North America | GAL 13 61 40 | 10/1/1972 | 1/1/1973 | 10/1/1972 | 1/1/1973 |
| Twin Valley (283): Twin Valley 1969- (283) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Valley (283): Twin Valley 1969- (283) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Twin Valley (283): Twin Valley 1969- (283) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Valley (283): Twin Valley 1969- (283) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Twin Valley (283): Twin Valley 1969- (283) | New Hampshire Insurance Company | Unknown | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Valley (283): Twin Valley 1969- (283) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Twin Valley (283): Twin Valley 1969- (283) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 00 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Valley (283): Twin Valley 1969- (283) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Valley (283): Twin Valley 1969- (283) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Twin Valley (283): Twin Valley 1969- (283) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220150 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Valley (283): Twin Valley 1969- (283) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Twin Valley (283): Twin Valley 1969- (283) | Travelers Indemnity Company | 660845F6308COF 90 | 4/1/1990 | 4/1/1991 | 4/1/1990 | 4/1/1991 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | LG 67 00 88 | 2/1/1964 | 2/1/1965 | 2/1/1964 | 2/1/1965 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 77 92 72 | 5/3/1964 | 5/3/1965 | 5/3/1964 | 5/3/1965 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | LG 67 00 88 | 2/1/1965 | 2/1/1966 | 2/1/1965 | 2/1/1966 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 77 39 54 | 2/16/1965 | 2/16/1966 | 2/16/1965 | 2/16/1966 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 77 92 72 | 5/3/1965 | 5/3/1966 | 5/3/1965 | 5/3/1966 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 74 48 16 | 5/24/1965 | 5/24/1966 | 5/24/1965 | 5/24/1966 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 784768 | 1/26/1966 | 1/26/1967 | 1/26/1966 | 1/26/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | LG 67 00 88 | 2/1/1966 | 2/1/1967 | 2/1/1966 | 2/1/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 77 39 54 | 2/16/1966 | 2/16/1967 | 2/16/1966 | 2/16/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 78 88 46 | 3/28/1966 | 3/28/1967 | 3/28/1966 | 3/28/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 77 92 72 | 5/3/1966 | 5/3/1967 | 5/3/1966 | 5/3/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 78 88 36 | 5/24/1966 | 5/24/1967 | 5/24/1966 | 5/24/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | LG-69-82-98 | 8/8/1966 | 8/8/1967 | 8/8/1966 | 8/8/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 62 83 | 10/4/1966 | 10/4/1967 | 10/4/1966 | 10/4/1967 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 20490 | 1/11/1967 | 1/11/1968 | 1/11/1967 | 1/11/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-4-20-49 | 1/26/1967 | 1/26/1968 | 1/26/1967 | 1/26/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 27123 | 2/14/1967 | 2/14/1968 | 2/14/1967 | 2/14/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 77 39 54 | 2/16/1967 | 2/16/1968 | 2/16/1967 | 2/16/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 42204 | 3/6/1967 | 3/6/1968 | 3/6/1967 | 3/6/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-4-20-28 | 3/28/1967 | 3/28/1968 | 3/28/1967 | 3/28/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 44650 | 3/30/1967 | 3/30/1968 | 3/30/1967 | 3/30/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 11 59 | 4/11/1967 | 4/10/1968 | 4/11/1967 | 4/10/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-07-08-30 | 5/3/1967 | 5/3/1968 | 5/3/1967 | 5/3/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 08 30 | 5/3/1967 | 5/3/1968 | 5/3/1967 | 5/3/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 78 88 36 | 5/24/1967 | 5/24/1968 | 5/24/1967 | 5/24/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 17 68 | 6/10/1967 | 6/10/1968 | 6/10/1967 | 6/10/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-7-10-90 | 6/10/1967 | 6/10/1968 | 6/10/1967 | 6/10/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 77 68 | 6/10/1967 | 6/10/1968 | 6/10/1967 | 6/10/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | LG-69-82-98 | 8/8/1967 | 8/8/1968 | 8/8/1967 | 8/8/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-06-40-05 | 10/4/1967 | 10/4/1968 | 10/4/1967 | 10/4/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-06-40-05 | 10/4/1967 | 10/4/1968 | 10/4/1967 | 10/4/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GAL 15474 | 10/17/1967 | 10/16/1968 | 10/17/1967 | 10/16/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 17683 | 12/21/1967 | 12/20/1968 | 12/21/1967 | 12/20/1968 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-13-77-44 | 1/11/1968 | 1/11/1969 | 1/11/1968 | 1/11/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-4-20-49 | 1/26/1968 | 4/9/1969 | 1/26/1968 | 4/9/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-14-65-79 | 2/14/1968 | 2/14/1969 | 2/14/1968 | 2/14/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-13-44-76 | 2/16/1968 | 2/16/1969 | 2/16/1968 | 2/16/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-13-82-64 | 3/6/1968 | 3/6/1969 | 3/6/1968 | 3/6/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-13-63-87 | 3/20/1968 | 3/20/1969 | 3/20/1968 | 3/20/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-13-78-83 | 3/30/1968 | 3/30/1969 | 3/30/1968 | 3/30/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-07-08-30 | 5/3/1968 | 5/3/1969 | 5/3/1968 | 5/3/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 08 30 | 5/3/1968 | 5/3/1969 | 5/3/1968 | 5/3/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | OLT 78 88 36 | 5/24/1968 | 5/24/1969 | 5/24/1968 | 5/24/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-7-10-90 | 6/10/1968 | 6/10/1969 | 6/10/1968 | 6/10/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 17 68 | 6/10/1968 | 6/10/1969 | 6/10/1968 | 6/10/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 77 68 | 6/10/1968 | 6/10/1969 | 6/10/1968 | 6/10/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | LG-69-82-98 | 8/8/1968 | 8/8/1969 | 8/8/1968 | 8/8/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-06-40-05 | 10/4/1968 | 8/7/1969 | 10/4/1968 | 8/7/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-06-40-05 | 10/4/1968 | 10/4/1969 | 10/4/1968 | 10/4/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GAL 15556 | 10/17/1968 | 10/17/1969 | 10/17/1968 | 10/17/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-18-01-66 | 12/21/1968 | 12/21/1969 | 12/21/1968 | 12/21/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-13-44-76 | 2/16/1969 | 2/16/1970 | 2/16/1969 | 2/16/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-22-32-34 | 3/30/1969 | 3/30/1970 | 3/30/1969 | 3/30/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 08 30 | 5/3/1969 | 5/3/1970 | 5/3/1969 | 5/3/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-07-08-30 | 5/3/1969 | 5/3/1970 | 5/3/1969 | 5/3/1970 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-22-87-11 | 5/18/1969 | 5/19/1969 | 5/18/1969 | 5/19/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 17 68 | 6/10/1969 | 6/10/1970 | 6/10/1969 | 6/10/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-7-10-90 | 6/10/1969 | 6/10/1970 | 6/10/1969 | 6/10/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 07 77 68 | 6/10/1969 | 6/10/1970 | 6/10/1969 | 6/10/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-19-66-19 | 6/15/1969 | 6/16/1969 | 6/15/1969 | 6/16/1969 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-06-40-05 | 10/4/1969 | 10/4/1970 | 10/4/1969 | 10/4/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-24-50-57 | 12/21/1969 | 12/21/1970 | 12/21/1969 | 12/21/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-24-50-57 | 12/21/1969 | 12/21/1970 | 12/21/1969 | 12/21/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-13-44-76 | 2/16/1970 | 2/16/1971 | 2/16/1970 | 2/16/1971 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-25-10-46 | 3/30/1970 | 12/3/1970 | 3/30/1970 | 12/3/1970 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 25 19 91 | 6/10/1970 | 6/10/1971 | 6/10/1970 | 6/10/1971 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-25-19-91 | 6/10/1970 | 6/10/1971 | 6/10/1970 | 6/10/1971 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-25-19-91 | 6/10/1971 | 6/10/1972 | 6/10/1971 | 6/10/1972 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 25 19 91 | 6/10/1971 | 6/10/1972 | 6/10/1971 | 6/10/1972 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-30-95-03 | 6/20/1971 | 6/21/1971 | 6/20/1971 | 6/21/1971 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 25 19 91 | 6/10/1972 | 6/10/1973 | 6/10/1972 | 6/10/1973 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP-25-19-91 | 6/10/1972 | 6/10/1973 | 6/10/1972 | 6/10/1973 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 37 85 02 | 7/1/1972 | 7/1/1973 | 7/1/1972 | 7/1/1973 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 37 85 02 | 7/1/1973 | 7/1/1974 | 7/1/1973 | 7/1/1974 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 37 85 02 | 7/1/1974 | 7/1/1975 | 7/1/1974 | 7/1/1975 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 59 12 04 | 2/20/1975 | 2/20/1976 | 2/20/1975 | 2/20/1976 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 59 12 04 | 2/20/1976 | 2/20/1977 | 2/20/1976 | 2/20/1977 |
| Unknown (N/A): Unknown (N/A) | St. Paul Fire and Marine Insurance Company | 584JB6615 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | GLA 301334 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | GLA 332378 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | GLA 332388 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | GLA 332387 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | GLA 332365 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | GLA 332374 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | 25852 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | New Hampshire Insurance Company | GLA301308 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | Jefferson Insurance Company of New York | JE 65928 | 1/14/1977 | 1/1/1978 | 1/14/1977 | 1/1/1978 |
| Unknown (N/A): Unknown (N/A) | Insurance Company of North America | GLP 59 12 04 | 2/20/1977 | 2/20/1978 | 2/20/1977 | 2/20/1978 |
| Ventura County (057): Ventura County (057) | Insurance Company of North America | SBL xxx78 | 5/23/1965 | 5/23/1966 | 5/23/1965 | 5/23/1966 |
| Ventura County (057): Ventura County (057) | Insurance Company of North America | SBL xxx78 | 5/23/1966 | 5/23/1967 | 5/23/1966 | 5/23/1967 |
| Ventura County (057): Ventura County (057) | Insurance Company of North America | SBL xxx78 | 5/23/1967 | 5/23/1968 | 5/23/1967 | 5/23/1968 |
| Ventura County (057): Ventura County (057) | Insurance Company of North America | SBL 46938 | 5/23/1968 | 5/23/1969 | 5/23/1968 | 5/23/1969 |
| Ventura County (057): Ventura County (057) | Insurance Company of North America | SBL 46938 | 5/23/1969 | 5/23/1970 | 5/23/1969 | 5/23/1970 |
| Ventura County (057): Ventura County (057) | Insurance Company of North America | SBL 46938 | 5/23/1970 | 5/23/1971 | 5/23/1970 | 5/23/1971 |
| Ventura County (057): Ventura County (057) | Insurance Company of North America | SBL 51453 | 5/23/1971 | 5/23/1972 | 5/23/1971 | 5/23/1972 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/23/1972 | 1/1/1973 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/23/1972 | 1/1/1973 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Ventura County (057): Ventura County (057) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ventura County (057): Ventura County (057) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ventura County (057): Ventura County (057) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 29 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ventura County (057): Ventura County (057) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Ventura County (057): Ventura County (057) | New Hampshire Insurance Company | GLA 332352 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Ventura County (057): Ventura County (057) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ventura County (057): Ventura County (057) | Ambassador Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Ventura County (057): Ventura County (057) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219878 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | 600326 | 6/1/1965 | 6/1/1966 | 6/1/1965 | 6/1/1966 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | 600326 | 6/1/1966 | 6/1/1967 | 6/1/1966 | 6/1/1967 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | 600326 | 6/1/1967 | 6/1/1968 | 6/1/1967 | 6/1/1968 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | 600383 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | 600383 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | 600383 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | Unknown | 6/1/1971 | 6/1/1972 | 6/1/1971 | 6/1/1972 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | Unknown | 6/1/1972 | 6/1/1973 | 6/1/1972 | 6/1/1973 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | Unknown | 6/1/1973 | 6/1/1974 | 6/1/1973 | 6/1/1974 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | Unknown | 6/1/1974 | 1/1/1975 | 6/1/1974 | 1/1/1975 |
| Verdugo Hills (058): Verdugo Hills (058) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Verdugo Hills (058): Verdugo Hills (058) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Verdugo Hills (058): Verdugo Hills (058) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Verdugo Hills (058): Verdugo Hills (058) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 35 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Verdugo Hills (058): Verdugo Hills (058) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219884 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Verdugo Hills (058): Verdugo Hills (058) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 6/1/1977 | 1/1/1977 | 6/1/1977 |
| Verdugo Hills (058): Verdugo Hills (058) | Ambassador Insurance Company | 2 60 35 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Verdugo Hills (058): Verdugo Hills (058) | New Hampshire Insurance Company | GLA 282523 | 6/1/1977 | 6/1/1978 | 6/1/1977 | 6/1/1978 |
| Verdugo Hills (058): Verdugo Hills (058) | Insurance Company of North America | GLP 706452 | 1/1/1978 | 1/1/1979 | 1/1/1978 | 1/1/1979 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 14 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Virginia Headwaters (763): Stonewall Jackson Area -2019 (763) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220235 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 4 53 58 | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 4 53 58 | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 4 53 58 | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 4 69 23 | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 4 69 23 | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 4 69 23 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 5 13 96 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Insurance Company of North America | SBL 5 13 96 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 99 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220149 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Voyageurs Area (286): Headwaters Area 1929-1994 (290) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | American Employers' Insurance Company | AW-8504-058 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | American Employers' Insurance Company | AW-8504-063 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 98 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Voyageurs Area (286): Lake Superior 1959-1994 (286) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220148 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| W.D. Boyce (138): Creve Coeur 1929-1973 (138) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| W.D. Boyce (138): Creve Coeur 1929-1973 (138) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/1/1972 | 1/1/1973 |
| W.D. Boyce (138): Creve Coeur 1929-1973 (138) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| W.D. Boyce (138): Creve Coeur 1929-1973 (138) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| W.D. Boyce (138): Creve Coeur 1929-1973 (138) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| W.D. Boyce (138): Creve Coeur 1929-1973 (138) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Insurance Company of North America | SBL-2-50-34 | 9/21/1966 | 9/21/1967 | 9/21/1966 | 9/21/1967 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Insurance Company of North America | SBL-4-89-01 | 9/21/1967 | 9/21/1968 | 9/21/1967 | 9/21/1968 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Insurance Company of North America | SBL-4-89-01 | 9/21/1968 | 9/21/1969 | 9/21/1968 | 9/21/1969 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Insurance Company of North America | SBL-4-89-01 | 9/21/1969 | 9/21/1970 | 9/21/1969 | 9/21/1970 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Insurance Company of North America | SBL-4-89-01 | 9/21/1970 | 9/21/1971 | 9/21/1970 | 9/21/1971 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10 HUA 43300 | 5/1/1971 | 5/1/1972 | 5/1/1971 | 5/1/1972 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10CA43315 | 9/21/1971 | 1/1/1972 | 9/21/1971 | 1/1/1972 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| W.D. Boyce (138): Starved Rock Area 1926-1973 (132) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 4/1/1973 | 1/1/1974 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 4/1/1973 | 1/1/1974 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 22 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219968 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| W.D. Boyce (138): W.D. Boyce 1973- (138) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Aetna Casualty and Surety Company | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | American Casualty Company of Reading, Pennsylvania | CCP 903 04 46 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Continental Casualty Company | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Continental Casualty Company | CCP 191 05 38 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Continental Casualty Company | RDU 9998388 | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Continental Casualty Company | CCP 244 22 48 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 33 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220088 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Washington Crossing (777): Bucks County 1927-2015 (777) | Maryland Casualty Company | Unknown | 3/1/1977 | 1/1/1978 | 3/1/1977 | 1/1/1978 |
| Water and Woods FSC (782): Water and Woods FSC (782) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Water and Woods FSC (782): Water and Woods FSC (782) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Water and Woods FSC (782): Water and Woods FSC (782) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Water and Woods FSC (782): Water and Woods FSC (782) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| West Tennessee Area (559): West Tennessee Area (559) | Insurance Company of North America | SBL 3 95 48 | 5/29/1968 | 5/29/1969 | 5/29/1968 | 5/29/1969 |
| West Tennessee Area (559): West Tennessee Area (559) | Insurance Company of North America | SBL 3 95 54 | 5/29/1969 | 5/29/1970 | 5/29/1969 | 5/29/1970 |
| West Tennessee Area (559): West Tennessee Area (559) | Insurance Company of North America | Unknown | 5/29/1970 | 5/29/1971 | 5/29/1970 | 5/29/1971 |
| West Tennessee Area (559): West Tennessee Area (559) | Insurance Company of North America | Unknown | 5/29/1971 | 1/1/1972 | 5/29/1971 | 1/1/1972 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/29/1972 | 1/1/1973 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| West Tennessee Area (559): West Tennessee Area (559) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 65 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| West Tennessee Area (559): West Tennessee Area (559) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| West Tennessee Area (559): West Tennessee Area (559) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| West Tennessee Area (559): West Tennessee Area (559) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| West Tennessee Area (559): West Tennessee Area (559) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220287 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| West Tennessee Area (559): West Tennessee Area (559) | Continental Casualty Company | CCP 3036625 | 4/1/1977 | 4/1/1978 | 4/1/1977 | 4/1/1978 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 10/1/1972 | 1/1/1973 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 10/1/1972 | 1/1/1973 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Westark Area (016): Westark Area (016) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westark Area (016): Westark Area (016) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westark Area (016): Westark Area (016) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 23 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westark Area (016): Westark Area (016) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westark Area (016): Westark Area (016) | New Hampshire Insurance Company | GLA 332338 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Westark Area (016): Westark Area (016) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Westark Area (016): Westark Area (016) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219872 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1953 | 1/1/1954 | 1/1/1953 | 1/1/1954 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1954 | 1/1/1955 | 1/1/1954 | 1/1/1955 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1955 | 1/1/1956 | 1/1/1955 | 1/1/1956 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1956 | 1/1/1957 | 1/1/1956 | 1/1/1957 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1957 | 1/1/1958 | 1/1/1957 | 1/1/1958 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1958 | 1/1/1959 | 1/1/1958 | 1/1/1959 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1959 | 1/1/1960 | 1/1/1959 | 1/1/1960 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1960 | 1/1/1961 | 1/1/1960 | 1/1/1961 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1961 | 1/1/1962 | 1/1/1961 | 1/1/1962 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1962 | 1/1/1963 | 1/1/1962 | 1/1/1963 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1963 | 1/1/1964 | 1/1/1963 | 1/1/1964 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1964 | 1/1/1965 | 1/1/1964 | 1/1/1965 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Westchester-Putnam (388): Hutchinson River 1962-1973 (401) | Aetna Casualty and Surety Company | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Westchester-Putnam (388): Siwanoy 1922-1958 (401) | Travelers Indemnity Company | Unknown | 8/1/1950 | 8/1/1951 | 8/1/1950 | 8/1/1951 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Insurance Company of North America | XBC 27296 | 6/1/1968 | 6/1/1969 | 6/1/1968 | 6/1/1969 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Aetna Casualty and Surety Company | 74AL141036 | 2/1/1969 | 2/1/1970 | 2/1/1969 | 2/1/1970 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Insurance Company of North America | XBC 27379 | 6/1/1969 | 6/1/1970 | 6/1/1969 | 6/1/1970 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Aetna Casualty and Surety Company | 74AL141036 | 2/1/1970 | 2/1/1971 | 2/1/1970 | 2/1/1971 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Insurance Company of North America | XBC 27487 | 6/1/1970 | 6/1/1971 | 6/1/1970 | 6/1/1971 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Fire Insurance Company | 02 SMP 111101 | 1/20/1976 | 1/20/1977 | 1/20/1976 | 1/20/1977 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Fire Insurance Company | 02 SMP 111101 | 1/20/1977 | 1/20/1978 | 1/20/1977 | 1/20/1978 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Fire Insurance Company | 02 SMP 111101 | 1/20/1978 | 1/20/1979 | 1/20/1978 | 1/20/1979 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Fire Insurance Company | 02 SMP 117538 | 1/20/1979 | 1/20/1980 | 1/20/1979 | 1/20/1980 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Fire Insurance Company | 02 SMP 117538 | 1/20/1980 | 1/20/1981 | 1/20/1980 | 1/20/1981 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Fire Insurance Company | 02 SMP 117538 | 1/20/1981 | 1/20/1982 | 1/20/1981 | 1/20/1982 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Casualty Insurance Company | 02 SMP 118672 | 1/20/1982 | 1/20/1983 | 1/20/1982 | 1/20/1983 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Casualty Insurance Company | 02 SMP 118672 | 1/20/1983 | 1/20/1984 | 1/20/1983 | 1/20/1984 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Casualty Insurance Company | 02 SMP WC7495 | 1/20/1984 | 1/20/1985 | 1/20/1984 | 1/20/1985 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Casualty Insurance Company | 02 SMP 118672 | 1/20/1984 | 1/20/1985 | 1/20/1984 | 1/20/1985 |
| Westchester-Putnam (388): Washington Irving 1951-1973 (388) | Hartford Casualty Insurance Company | 02 UUC NW2936 | 1/20/1985 | 1/20/1986 | 1/20/1985 | 1/20/1986 |
| Westchester-Putnam (388): Westchester-Putnam 1973- (388) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Westchester-Putnam (388): Westchester-Putnam 1973- (388) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 79 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westchester-Putnam (388): Westchester-Putnam 1973- (388) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westchester-Putnam (388): Westchester-Putnam 1973- (388) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westchester-Putnam (388): Westchester-Putnam 1973- (388) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220033 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Westchester-Putnam (388): Westchester-Putnam 1973- (388) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 69 58 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Western Los Angeles County (051): Great Western 1972-1985 (051) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219906 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Western Los Angeles County (051): San Fernando Valley 1923-1972 (050) | Zurich Insurance Company | 80-39-959 | 7/19/1960 | 7/19/1961 | 7/19/1960 | 7/19/1961 |
| Western Los Angeles County (051): San Fernando Valley 1923-1972 (050) | Insurance Company of North America | XCP 6616 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Western Los Angeles County (051): San Fernando Valley 1923-1972 (050) | Insurance Company of North America | SBL 5 14 06 | 7/1/1970 | 7/1/1971 | 7/1/1970 | 7/1/1971 |
| Western Los Angeles County (051): San Fernando Valley 1923-1972 (050) | Insurance Company of North America | SBL 5 14 06 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Western Los Angeles County (051): San Fernando Valley 1923-1972 (050) | Insurance Company of North America | XCP 6616 | 7/1/1971 | 7/1/1972 | 7/1/1971 | 7/1/1972 |
| Western Los Angeles County (051): San Fernando Valley 1923-1972 (050) | Insurance Company of North America | XCP 6616 | 7/1/1972 | 8/7/1972 | 7/1/1972 | 8/7/1972 |
| Western Los Angeles County (051): San Fernando Valley 1923-1972 (050) | Insurance Company of North America | SBL 5 14 06 | 7/1/1972 | 8/7/1972 | 7/1/1972 | 8/7/1972 |
| Western Los Angeles County (051): Western Los Angeles County (051) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Western Los Angeles County (051): Western Los Angeles County (051) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Los Angeles County (051): Western Los Angeles County (051) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Los Angeles County (051): Western Los Angeles County (051) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Western Massachusetts (234): Great Trails 1969-2008 (243) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Western Massachusetts (234): Great Trails 1969-2008 (243) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Massachusetts (234): Great Trails 1969-2008 (243) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Massachusetts (234): Great Trails 1969-2008 (243) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 84 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Western Massachusetts (234): Pioneer Valley 1960-2008 (234) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220135 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Insurance Company of North America | GLP-4-39-53 | 5/14/1967 | 5/14/1968 | 5/14/1967 | 5/14/1968 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Insurance Company of North America | GLP-17-15-33 | 5/14/1968 | 5/14/1969 | 5/14/1968 | 5/14/1969 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Insurance Company of North America | Unknown | 5/14/1969 | 5/14/1970 | 5/14/1969 | 5/14/1970 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Insurance Company of North America | Unknown | 5/14/1970 | 5/14/1971 | 5/14/1970 | 5/14/1971 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Insurance Company of North America | Unknown | 5/14/1971 | 1/1/1972 | 5/14/1971 | 1/1/1972 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1972 | 1/1/1973 | 5/14/1972 | 1/1/1973 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1972 | 1/1/1973 | 5/14/1972 | 1/1/1973 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 36 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | New Hampshire Insurance Company | Unknown | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Westmoreland-Fayette (512): Westmoreland-Fayette (512) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220091 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | CLP-10-11-88 | 4/6/1966 | 4/6/1967 | 4/6/1966 | 4/6/1967 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | GAL-2-42-19 | 4/6/1967 | 4/6/1968 | 4/6/1967 | 4/6/1968 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | GAL-23819 | 4/6/1968 | 4/6/1969 | 4/6/1968 | 4/6/1969 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | GAL 9 51 19 | 4/6/1969 | 4/6/1970 | 4/6/1969 | 4/6/1970 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | GAL 96141 | 4/6/1970 | 4/6/1971 | 4/6/1970 | 4/6/1971 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | SBL 52141 | 4/6/1971 | 11/1/1971 | 4/6/1971 | 11/1/1971 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | Unknown | 11/1/1971 | 11/1/1972 | 11/1/1971 | 11/1/1972 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | Unknown | 11/1/1972 | 1/1/1973 | 11/1/1972 | 1/1/1973 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | Unknown | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Winnebago (173): Winnebago 1937- (173) | Insurance Company of North America | Unknown | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Winnebago (173): Winnebago 1937- (173) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Winnebago (173): Winnebago 1937- (173) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 70 44 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Winnebago (173): Winnebago 1937- (173) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Winnebago (173): Winnebago 1937- (173) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Winnebago (173): Winnebago 1937- (173) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Winnebago (173): Winnebago 1937- (173) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1219990 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Yocona Area (748): Yocona Area (748) | American Home Fire Assurance Company | Unknown | 2/1/1942 | 2/1/1943 | 2/1/1942 | 2/1/1943 |
| Yocona Area (748): Yocona Area (748) | American Home Fire Assurance Company | Unknown | 2/1/1943 | 2/1/1944 | 2/1/1943 | 2/1/1944 |
| Yocona Area (748): Yocona Area (748) | American Home Fire Assurance Company | Unknown | 2/1/1944 | 2/1/1945 | 2/1/1944 | 2/1/1945 |
| Yocona Area (748): Yocona Area (748) | American Home Fire Assurance Company | Unknown | 2/1/1945 | 2/1/1946 | 2/1/1945 | 2/1/1946 |
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | Unknown | 1/1/1965 | 1/1/1966 | 1/1/1965 | 1/1/1966 |
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | Unknown | 1/1/1966 | 1/1/1967 | 1/1/1966 | 1/1/1967 |
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | Unknown | 1/1/1967 | 1/1/1968 | 1/1/1967 | 1/1/1968 |
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | Unknown | 1/1/1968 | 1/1/1969 | 1/1/1968 | 1/1/1969 |
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | Unknown | 1/1/1969 | 1/1/1970 | 1/1/1969 | 1/1/1970 |
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | SBL 51310 | 1/1/1970 | 1/1/1971 | 1/1/1970 | 1/1/1971 |

| Current Council: Predecessor Council | Carrier | Policy Number | Start Date | End Date | Council Start Date[1] | Council End Date |
|---|---|---|---|---|---|---|
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | SBL 51310 | 1/1/1971 | 1/1/1972 | 1/1/1971 | 1/1/1972 |
| Yocona Area (748): Yocona Area (748) | Insurance Company of North America | SBL 51310 | 1/1/1972 | 1/1/1973 | 1/1/1972 | 1/1/1973 |
| Yocona Area (748): Yocona Area (748) | Hartford Accident and Indemnity Company | 10HUA43302 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Yocona Area (748): Yocona Area (748) | Hartford Accident and Indemnity Company | 10CA43303 | 1/1/1973 | 1/1/1974 | 1/1/1973 | 1/1/1974 |
| Yocona Area (748): Yocona Area (748) | Hartford Accident and Indemnity Company | 10HUA43331 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Yocona Area (748): Yocona Area (748) | Hartford Accident and Indemnity Company | 10CA43329 | 1/1/1974 | 1/1/1975 | 1/1/1974 | 1/1/1975 |
| Yocona Area (748): Yocona Area (748) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Yocona Area (748): Yocona Area (748) | New Hampshire Insurance Company | Unknown | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Yocona Area (748): Yocona Area (748) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Yocona Area (748): Yocona Area (748) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 71 10 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Yocona Area (748): Yocona Area (748) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Yocona Area (748): Yocona Area (748) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Yocona Area (748): Yocona Area (748) | New Hampshire Insurance Company | GLA 332341 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Yocona Area (748): Yocona Area (748) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220160 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Yucca (573): Yucca (573) | Hartford Accident and Indemnity Company | 10CA43342E | 1/1/1975 | 1/1/1976 | 1/1/1975 | 1/1/1976 |
| Yucca (573): Yucca (573) | American Re-Insurance Company | M-1027493 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Yucca (573): Yucca (573) | National Union Fire Insurance Company of Pittsburgh, PA | BE121 73 77 | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Yucca (573): Yucca (573) | Hartford Accident and Indemnity Company | 10CA43349E | 1/1/1976 | 1/1/1977 | 1/1/1976 | 1/1/1977 |
| Yucca (573): Yucca (573) | National Union Fire Insurance Company of Pittsburgh, PA | BE 1220208 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |
| Yucca (573): Yucca (573) | American Re-Insurance Company | M-1027493 | 1/1/1977 | 1/1/1978 | 1/1/1977 | 1/1/1978 |

[1] Certain limits incorporate assumptions or are extrapolated from other known coverage.

**LOCAL COUNCIL POLICIES**

135

# SCHEDULE 4

## OIL AND GAS INTERESTS

**OIL AND GAS INTERESTS**

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| ARKANSAS | COLUMBIA | COLUMBIA CO AR MI<br>SEC 16-17S-22W: W/2 NW/4 NW/4, 20 ACS<br>SEC 17-17S-22W: E/2<br>NW/4 NE/4, 20 ACS<br>SALT WATER ROYALTY- CONTRACT<br># 08178068 DATED 01/16/80 (ALBEMARLE)<br>SWD BRINE LEASE | MINERAL INTEREST | PRODUCING |
| LOUISIANA | CLAIBORNE | CLAIBORNE PA LA MI<br>SEC 5-22N-6W: NE/4, NW/4 NE/4, 200 ACS<br>SEC. 4-22N-6W: W/2NW/4, NW/4 SE/4, NW/4, 280 ACS<br>G.W. TIGNER #2<br>.0091146 RI | MINERAL INTEREST | PRODUCING |
| LOUISIANA | CLAIBORNE | CLAIBORNE PA LA MI<br>SEC 4-22N-6W: NW/4, 160 ACS<br>SEC 5-22N-6W: NE/4, 160 ACS<br>MOWER 1 .00607638 RI | MINERAL INTEREST | PRODUCING |
| LOUISIANA | CONCORDIA | CONCORDIA/TENSAS PARISH LA 1/3 MI, SEC 1-9N-10E,<br>SEC 2 9N-10E, SEC 51 9N-10E, 275 ACS,<br>20 ACS GIN HOUSE TRACT TENSAS PARISH LA<br>BAYOU L'ARGENT ADDITIONAL PROPERTY TO<br>ACCOUNT, ANCILLARY SUCCESSION DATED<br>MAY 7, 1983, BOOK 226 PG 49 | MINERAL INTEREST | PRODUCING |
| LOUISIANA | TENSAS | TENSAS PH LA .001109 RI<br>LAKE ST JOHN UNIT TR 116, 117, 119<br>121, 128, 140, 193,216, 219, 221, 222, 223<br>230, 239, 240, 249, 303, 304, 416, 417, 419<br>421,428VA<br>RIOUS RI INTEREST<br>LAKE ST JOHN UNIT<br>DENBURY (PAYS ON DEEP RIGHTS) ; MCGOWAN<br>OPERATING (PAYS ON SHALLOW RIGHTS) | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 12-20N-6W: W/2, 320 ACS<br>SEC 11-20N-6W: E/2, 320 ACS<br>STATE<br>WINTERFIELD 2-12 | ROYALTY INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 30-20N-6W: S/2<br>SEC 31-20N-6W: N/2<br>WINTERFIELD #2-31 .0035888 RI | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br> SEC 7-20N-5W: W/2<br> SEC 12-20N-6W: E/2<br> STATE WINTERFIELD 1-12REG# 8550 | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 19-20N-6W: SE/4 SE/4, 40 ACS<br>SEC 29-20N-6W: W/2, W/2 NE/4,<br>SEC 31-20N-6W: ALL, EXC SW/4 SW/4,<br>SEC 20-20N-6W: SW, SWSE,<br>SEC 30-20N-6W:ALL,<br>SEC 32-20N-6W: W/2 W/2<br>WINTERFIELD TOWNSHIP,<br>WINTERFIELD RICHFIELD UNIT | MINERAL INTEREST | PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 12-20N-6W: NE/4, 160 ACS<br>H TOPE #4  .002927 RI | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br> SEC 1,2,11,12-T20-R6W: WINTERFIELD TOWNSHIP<br> CRANBERRY LAKE RICHFIELD UNIT .00046112 RI | MINERAL INTEREST | PRODUCING |
| MICHIGAN | MIDLAND | MIDLAND CO MI MI<br>SEC 28-15N-2E: NW/4 NE/4, 40 ACS<br>WASKEVICH 1-28 E .0131844 RI | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br> SEC 35-22N-6W: N/2,  BUNING A UNIT<br> SEC 26-22N-6W: S/2 SW/4, REAMES UNIT<br> SEC 26-22N-6W: SW/4 SE/4, WING UNIT<br> UNITIZED INTO PROSPER DUNDEE UNIT .0167808 RI | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | MISSAUKEE | MISSSAUKEE CO MI, MI<br>SEC 36; T22N-R6W, SE/4 NW/4 &<br>SEC 26; T22N-R6W, SW/4 SE/4<br>AETNA TOWNSHIP<br>WING 2, .01996874 RI | ROYALTY INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MICHIGAN | OSCEOLA | OSCEOLA CO MI<br>TR 1: SW4 SW4 & W2 SE4 SEC 17-18N-10W;<br>TR 3: E2 NW4 & NW4 NE4SEC19-18N-10W;<br>TR 5: W2 NW4 SEC 20-18N-10W<br>REED CITY UNIT-<br>(TR1) .00051560 RI<br>(TR3) .00151566 RI<br>(TR5) .00281254 RI | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 28-18N-9W: S2 NE, N2 NESE & SESE<br>ZIMMERMAN .0087892 RI | ROYALTY INTEREST | PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 28-18N-9W: S2 & NESE<br>ZIMMERMAN A1 & B .0087892 RI | ROYALTY INTEREST | PRODUCING |
| NEW MEXICO | EDDY | EDDY CO NM .0003906 ORISEC 17-19S-29ESOUTHWEST<br>ROYALTIES-UNION TEXAS STATE 1;SEC 6-23S-25E<br>(ROCK TANK UNIT) .00002697 ORI | OVERRIDING ROYALTY | PRODUCING |
| OKLAHOMA | BEAVER | BEAVER CO OK<br>SEC 17-4N-25ECM: ALL<br>EVANS UNIT .0008136 ORRI | OVERRIDING ROYALTY | PRODUCING |
| OKLAHOMA | BEAVER | BEAVER CO OK<br>SEC 29-6N-22 ECM: SE/4 & E/2 SW/4<br>PREWITT GAS UNIT .0001196 ORRI | OVERRIDING ROYALTY | PRODUCING |
| OKLAHOMA | BEAVER | BEAVER CO OK<br>SEC 17-4N-25EM: ALL<br>LEROY 1-17 .000824 ORRI | OVERRIDING ROYALTY | PRODUCING |
| OKLAHOMA | ELLIS | ELLIS CO OK 1/4 MI<br>SEC 18-19N-21W: W/2 W/2<br>AKA LOT 1 OF 36.9 ACS LOT 2, 37.13ACS<br>LOT 3 OF 37.36 ACS LOT 4 37.58 ACS<br>CORAM "B" .00740197 RI | MINERAL INTEREST | PRODUCING |
| OKLAHOMA | ELLIS | ELLIS CO OK 1/4 MI<br>SEC 5-19N-23W: SW/4<br>ANNE 5-1 .00778984 RI | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| OKLAHOMA | ELLIS | ELLIS CO OK<br>SEC 6-19N-23W: NW/4<br>SEC 8-19N-23W: N/2 NE/4<br>SEC 13-19N-22W: S/2<br>SEC 17-19N-23W: SE/4<br>SEC 14-19N-22W: E/2 E/2<br>SEC 23-19N-22W: S/2 SE/4,<br>SEC 24-19N-22W: NW/4 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>G W TUGGLE SVY A-771 &<br>WILLIAM WRIGHT SVY A-798, 111.93 ACS<br>HUMBLE-NECHES UNIT<br>NECHES SUB CLARKVILLE UNIT TR 30 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>F CURBIER SVY A-221, 148 ACS<br>TODD .00156226 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO MI<br>ALFRED BENGE A-106 &<br>JOSE CHREINO SVY A-168, 157.050 ACS<br>FAIRWAY JAMES LIME UNIT TR 853 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>JOHN FERGUSON SVY A-22<br>JOSEPH FERGUSON SVY A-23, 156.551 ACS<br>FAIRWAY JAMES LIME UNIT TR 661 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>JOSE CHERINO SVY A-168, 158.94 ACS<br>FAIRWAY JAMES LIME UNITTR 756 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>JOSE CHERINO SVY A-168, 159.959 ACS<br>FAIRWAY JAMES LIME UNIT<br>TR 758 & TR 856 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>JOSEPH FERGUSON SVY A-23, 152.73 ACS<br>FAIRWAY JAMES LIME UNIT TR 759 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>JOSE CHERINO SVY A-168, 133.698 ACS<br>FAIRWAY JAMES LIME UNIT<br>TR 858 | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|------------------|---------------|--------|
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>JOSE CHERINO A-168, 160 ACS<br>FAIRWAY JAMES LIME UNIT TR 855 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>JOHN FERGUSON SVY A-22, 99.76 ACS<br>FAIRWAY JAMES LIME UT TR663<br>J M COOK SVY A-972 &<br>JOSEPH FERGUSON A-23, 156.599 ACS<br>FAIRWAY JAMESLIME UTTR 860 | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDREWS | ANDREWS CO TX MI<br>SEC 4 BLK A-35 PSL SVY A-950: NE/4, 160 ACS<br>YATES FORMATION,<br>M. GROOM<br>GROOM 0.000868 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | ANDREWS | ANDREWS CO TX MI<br>SEC 4 BLK A-35 PSL SVY A-950: E/2, 320 ACS<br>SEC 7 BLK A-35 PSL SVY A-951: NE/4, 160 ACS<br>J. CLEO THOMPSON-WEST MEANS<br>GRAYSBURG-SAN ANDRES UNIT .0017360 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BORDEN | BORDEN CO TX MI<br>320 ACS, 40 ACS OF 214.9 LOCATED IN<br>E/2 SEC 69 BLK20 LAVACA NAVIGA SVY<br>SOUTH LAKE THOMAS 69 -B3- RRC 68663 | MINERAL INTEREST | PRODUCING |
| TEXAS | BORDEN | BORDEN CO TX MI<br>SEC 80 BLK 20 LAVACA NAV<br>JOANN .015625 RI (RRC 64823) | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI J C WALKER SVY, 309.73 ACS | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX 9.398 MI<br>56.39 ACS OUT OF J P COLE SVY, A-12<br>DESCRIBED IN DEED DTD 3/12/1999 FROM<br>ALTA MAE KEMP TO SANDRA G. JACKSON<br>RECORDED IN VOL. 499, PG 214 | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>LEMUEL MOORE SVY, 15.95 ACS<br>YEZAK | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>IGN CO SVY<br>COFFIELD B-10 ETAL .0625 RI | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|---|---|---|---|---|
| TEXAS | BURLESON | BURLESON CO TX MIHENRY MARTIN SVY A-185COFFIELD M-2 (RRC 71500)  & (RRC 23057).064375 RI & .01072916 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>J C WALKER SVY<br>COFFIELD B-7A "A"<br>.0625 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>ABNER SMITH SVY<br>COFFIELD B-4  .0625 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI 20 ACRES M/L<br>E SANTE SVY, A-210 & ABNER SMITH SVY, A-209<br>COFFIELD-RUSSELL UNIT (RRC 10994)<br>.01041666 ORI & .02083332 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>SMITH SVY<br>COFFIELD-SHAW<br>.046875 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>SMITH SVY<br>COFFIELD-SMITH A,C,D<br>.0625 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>J S WINSTON SVY A-251<br>COFFIELD-WINSTON A & B .0625 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX 9.6933 MI<br>58.16 ACS, J P COLE SVY A-12<br>DESCRIBED IN DEED DTD 10/26/1949<br>FROM ROBERT KEMP ETAL TO ALMA DAVIS<br>RECORDED IN VOL. 106, PG 133 | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>MOSES CUMMINGS SVY A-16, 200 ACS | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>J M SANCHES SVY A-55<br>KNESEK-FINLEY UNIT #1<br>.00165126 RI | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | BURLESON | BURLESON CO TX MI<br>MOSES CUMMINGS SVY A-16, 455.852 ACS<br>LOUISE PORTER 1-H .0020466 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX .1875 MI<br>HUGH MCKEEN SVY<br>STANLEY A .125 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>MARY CARNAGHAN SVY A-8<br>STORM UNIT (RRC 23276)<br>.01841214 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>H COVINGTON SVY A-14<br>CHARLES MATTHEWS SVYA-40, 488.882 ACS<br>COLLEY-TREYBIG UNIT 1RE | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>SEC 9 A SMITH SVY A-209<br>RECORDED VOL 21 PAGE 652<br>COFFIELD-SMITH "E" AND "F"<br>.0625 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>MOSES CUMMINGS SVY A-16, 360 ACS<br>KOVAR-PORTER .0020932 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>E SANTE SVY A-317 & A-210<br>COFFIELD B UNIT(RRC 10378) TR 17,39 ACS<br>.0416666 RI & .02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>E SANTE SVY A-210, 40.25 ACS<br>COFFIELD "E"  RRC 10227<br>.0416666 RI  & .02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX  MI<br>E. SANTE SVY A-210<br>COFFIELD (RRC 4390) NR<br>.0416666 RI & .02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MIE. SANTE SVY A-210COFFIELD "A"<br>(RRC 04396).0416666 RI & .02083332 ORI | MINERAL INTEREST | PRODUCING |

7

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | BURLESON | BURLESON CO TX MI<br>E SANTE SVY A-210: 46 ACS<br>COFFIELD W (C2475) RRC 4365<br>.0416666 RI & .02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON & MILAM CO TX MI<br>SANTE SVY A-272<br>HENRY MARTIN SVY A-125, 40 ACS<br>COFFIELD -C- (RRC 04332)<br>.0416666RI & .02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>E SANTE SVY A-210: 40 ACS<br>H H COFFIELD (RRC 03979)<br>.0416666RI & .03116822 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX  MI<br>E SANTE SVY A-210<br>COFFIELD 2A9 UNIT<br>.0416666 ORI & .02083332 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>39.2 ACS BEING A TRACT OF LAND OUT<br>OF THE E. SANTE SVY, A-210 (RRC 10446)<br>COFFIELD "G" .0416666 RI & .02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | CALDWELL | CALDWELL CO TX 1/32 ORI<br>30 ACES IN THE GERRON HINDS LEAGUE, A-13<br>TILLER UNIT (VARIOUS INTEREST) .02083332 ; .00260966 | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | CHEROKEE | CHREOKEE CO TX MI<br>HERDON SVY & LEVI JORDAN SVY<br>AND J. H. ARMSTRONG, A-69<br>SALLI D. WHITEMAN #2  .00018606 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | CHEROKEE | CHEROKEE CO TX MI<br>LEVI JORDAN LGE A-28, 649 ACS<br>J O HUGGINS GU -1- 0.00017358<br>RI | MINERAL INTEREST | PRODUCING |
| TEXAS | COLORADO | COLORADO CO TX MI<br>T P ANDERSON SVY A-54<br>C SIMON SVY A-502<br>R WEED A-598 | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | CROCKETT | CROCKETT CO TX 45/2460 X1/16 MI<br>SEC 4 CHAMBERS CSL A-1689, 4428 ACS<br>CHAMBERSCO SCHOOL LANDS .0003811 RI<br>MIDWAY LANE 1100 UNIT (RRC 5579)<br>MIDWAY LANE 1050 UNIT<br>MIDWAY LANE 850 | MINERAL INTEREST | PRODUCING |
| TEXAS | DE WITT | DE WITT CO TX  1/8 MI<br>JAMES DUFF LGE A-153, 236.3 ACS<br>E C SCHAEFER .0104166 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | DE WITT | DE WITT CO TX 7.5/103 RI<br>JAMES MAY 1/4 LGE, 103 ACS<br>LTD TO DEPTHS 100' BELOW ALVES WELLS<br>HENSON 1H, 2H, 3H  .00089188 RI | ROYALTY INTEREST | PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX 1/3 MI<br>SEC 57 LOT 8 BLK 2 SUBD A<br>T&NO SVY A-758, 40 ACS | MINERAL INTEREST | PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX NPRI<br>SEC 140 & 502, 1136.5 ACS<br>RAY MORRIS | ROYALTY INTEREST | PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX 1/6 NPRI<br>SEC 7 GC&SF SVY A-1201<br>DIAMOND H RANCH 1-H<br>.08333334 RI | ROYALTY INTEREST | PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX MI<br>40 ACS, SEC 68 LOT 16 BLK 2<br>VANDERVOORT SVY A-1238 | MINERAL INTEREST | PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX 1/3 MI<br>LOT 7 BLK 175 SVY<br>CATARINA FARMS SUBD, 200 ACS<br>LOT 7 T&NORR CO/CASSIN,W A-1077<br>BRISCOE B #11 | ROYALTY INTEREST | PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX NPRI<br>SEC 78 BLK 2 T&NO RR CO<br>F. VANDERVOORT SVY, A-1243 | PERPETUAL NON-PARTICIPATING ROYALTY INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX 139 ACS<br>ROBERT G. BAUGH SVY A-12<br>TANNER UNIT .00214311 RI | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|------------------|---------------|--------|
| TEXAS | FAYETTE | FAYETTE CO TX 1/4<br>ROBERT G. BAUGH SVY A-12, 139 ACS<br>JOHN VANDERWORTH LGE A-312, 237 ACS<br>SPECKELS UNIT #1 .00715 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX 1/8 MI 237 ACS<br>JOHN VANDERWORTH LGE A-312<br>PATSY UNIT .00651368RI | MINERAL INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX 237 ACSJOHN VANDERWORTH LGE A-312KATHY UNIT .003347 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX 1/8 MI 237 ACS<br>JOHN VANDERWORTH LGE A-312,<br>OPAL UNIT #1.00198532RI<br>(TRS 1,2 & 3) (135.32 ACS) | ROYALTY INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI 237 ACS<br>JOHN VANDERWORTH LGE A-312<br>(TRS 1-20) IVORY OIL UNIT#1 .000236 RI | ROYALTY INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI<br>W J WILLIAMSON SVY A-113<br>GARNET UNIT OL #1-H | MINERAL INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX<br>A. E. BAKER SVY A-8<br>JASPER UNIT .00089512 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI<br>J G WILKINSON SVY A-108<br>CONIE B #1 .01510722 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | GAINES | GAINES CO TX MI<br>  SEC 1 BLK C-30 PSL SVY<br>  SEC 2 BLK C-30 PSL,<br>  SEC 4 BLK H, D&W SVY<br>  SEC 10 BLK H D&W SVY<br>  EXCEPT SW/4 SW/4 OF SEC 10<br>  CEDAR LAKE UNIT | MINERAL INTEREST | PRODUCING |
| TEXAS | GOLIAD | GOLIAD CO TX  1/12 NPRI<br>M. G. CARICO SVY A-90, 50.6 ACS<br>ANNIE WEISE LSE .006942 RI | ROYALTY INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | GRAY | GRAY CO TX MI<br>COFFIELD 1 & 2<br>COFFIELD-GRAY, SEC.89, BLK. 23<br>H AND GN RR CO.<br>SVY.SE/4 SEC.94<br>BLK. 23 H&GN CO. SVY. | MINERAL INTEREST | PRODUCING |
| TEXAS | GRAYSON | GRAYSON CO TX 1/48 MI<br>J B MC ANAIR SVY A-763, 202 ACS<br>SHERMAN 7,500' SU (VARIOUS UNIT INT) | MINERAL INTEREST | PRODUCING |
| TEXAS | GRAYSON | GRAYSON CO TX 1/48 MI<br>J B MC ANAIR SVY A-763, 202 ACS<br>SHERMAN 8900 PENN SU<br>(VARIOUS UNIT INTEREST) | MINERAL INTEREST | PRODUCING |
| TEXAS | GREGG | GREGG CO TX 1/16 MI<br>50 ACS DOLORES SANCHEZ SVY A-186<br>C J DOLLAHITE LSE .0052086 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | GREGG | GREGG CO TX 5/16 MI<br>24.95 ACS W P CHISM SVY A-36<br>HILBURN-LLOYD "B" LSE .026042RI | MINERAL INTEREST | PRODUCING |
| TEXAS | GREGG | GREGG CO TX  1/8 MI<br>33.5 ACS JOHN RUDDLE SVY A-176<br>IRENE ZIEGLER LSE .010416 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | GREGG | GREGG CO TX 1/3 X 1/16 MI<br>52 ACS DELORES SANCHEZ SVY A-186<br>COTTON VALLEY FORMATION<br>MCKINLEY WELLS .00112332 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | GREGG | GREGG CO TX  MI<br>G W HOOPER SVY A-92<br>ALFRED JONES  .00520866 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | GREGG | GREGG CO TX MI<br>P P RAINS SVY A-258<br>A J TUTTLE GAS UT<br>.00364800 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | GREGG | GREGG CO TX MI<br>G W HOOPER SVY A-92<br>SHILOH SCHOOL 1,2,3 GU<br>.00073752 RI | MINERAL INTEREST | PRODUCING |

11

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | GREGG | GREGG CO TX MI<br>247.5 ACS W H CASTLEBERRY SVY A-38<br>MATTIE MONCRIEF 1,2,3 | ROYALTY INTEREST | PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX 1/44 X 1/8 RI<br>67.04 ACS C. GOODRICH SVY A-311<br>HULDA MARTENS .001894 RI | ROYALTY INTEREST | PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX MI<br>RALPH HUBBARD SVY A-383, WM HURD SVY A-371,<br>JOSEPH MILLER SVY<br>A-50, 566.094 ACS<br>TOMBALL GAS UNIT #8 (RRC 8544)<br>.00000734 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | HARRISON | HARRISON CO TX 1/16 MI<br>252 ACS A. B. WYATT SVY A-796<br>PEARCE GAS UNIT .0030762<br>RI | MINERAL INTEREST | PRODUCING |
| TEXAS | HARRISON | HARRISON CO TX 704 ACSJOHN HUSBAND, A-297,R W<br>SMITH, A-626, AND H VARDEMAN,A-726, FRANK DAVIS<br>ESTATE DEEP GU.000423 ORI | OVERRIDING<br>ROYALTY | PRODUCING |
| TEXAS | HENDERSON | HENDERSON CO TX MI<br>STEPHEN HATTON SVY A-291<br>JOHN LAWSON SVY A-434<br>OPELIKAGAS UNIT | MINERAL INTEREST | PRODUCING |
| TEXAS | HOWARD | HOWARD CO TX MI<br>SEC 3 BLK 34 T1S T&P SVY A-405<br>SAUNDERS  -A- & -B- .0347222 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | JACK | JACK CO TX MI 1/4<br>SEC 2, S M SNODGRASS SVY, A-1314; S H TILGHMAN<br>SVY A-1724<br>TR1- 7 1/2 ACS, TR 249 ACS,<br>TR 3 40 ACS, SEC 2, TR 4 40 ACS<br>136.5 ACS L&E 20 AC<br>S VOL 79 PG 557<br>LEACH 1-A | ROYALTY INTEREST | PRODUCING |
| TEXAS | LEE | LEE CO TX 1/2 MI<br>HUMPHREY BEST SVY A-2, 103 ACS<br>USING 2 TRS OF 21.78 &24.77ACSIN<br>A 301.89 AC UNIT, GIDDINGS FLD<br>COLVIN #1 UNIT .00963722 RI | MINERAL INTEREST | PRODUCING |

12

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | LEE | LEE CO TX MI<br>P W OWENS SVY A-250, 374 ACS<br>OWENS & OWENS "A" .0125 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br> G. B. LOFTIN SVY A-197, 81.666 ACS | MINERAL INTEREST | PRODUCING |
| TEXAS | LEE | LEE CO TX MI 80 ACS<br>PART OF JOHN CHENOWITH SVY, A-60<br>MALOY-COFFIELD .04687334RI | MINERAL INTEREST | PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>HUMPHREY BEST SVY A-2<br>THOMAS WARD SVY A-330, 577.7 ACS,<br>EVA MAE3& 4 .01170554 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>F BOATWRIGHT SVY, 151.54 ACS<br>COFFIELD-ORSAGE .02402732 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | LEON | LEON CO TX MI<br>S SANCHEZ SVY, 458,13 ACS<br>CARTER 1 & 2 .00130214 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | LIBERTY | JEFFERSON & LIBERTY CO TX 1/4 MI<br>G K PETRY SVY A-775 (LIBERTY)<br>G K PETRY SVYA-935 (JEFFERSON)<br>FUTER SACE, LLC #1 .04166666 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MARTIN | MARTIN CO TX MI<br>SEC 36 BLK 36 T2N T&P SVY A-757: E/2, 320 ACS<br>HOPPER 36 #5 .009375 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MARTIN | MARTIN CO TX MI<br>SEC 36 BLK 36 T2N T&P SVY A-757: SW/4, 160 ACS<br>WILLIAMS .00703126 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MARTIN | MARTIN CO TX MI<br>SEC 25 BLK 36 T2N T&P SVY A-163: NE/4, 160 ACS<br>MORRISON "25" .0075 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MARTIN | MARTIN CO TX MI<br>SEC 38 BLK 36 T2N T&P RR SVY A-896: E/2 , 320 ACS<br>GASKIN #3801(NE/4) .00421876 RI<br>GASKIN #3803 (SE/4) .00445314 RI<br>GASKIN #3804 (E/2NW/4)<br>.00445314 RI | MINERAL INTEREST | PRODUCING |

13

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MIDLAND | MIDLAND CO TX 1/16 ORI<br>SEC 40 BLK A, W T GRAY SVY, 656 ACS<br>BAXTER-WILLIS; WILLIS 40<br>.0208332 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | MIDLAND | MIDLAND CO TX 1/16 ORI<br>SEC 11 BLK 38 T2S T&P SVY A-159, 125 ACS<br>S/58 ACS NE/4<br>&N/67 ACS SE/4,<br>CASBEER 1 .0029124 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | MILAM | MILAM CO TX<br>D H VAN VEIGHTON SVY<br>SMITH VINCENT SVY, 275 ACS<br>LTD TO DEPTH OF4,000'<br>W P HOGAN .0416666 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | MILAM | MILAM CO TX<br>ELIZ SANTA SVY A-317, 80 ACS<br>COFFIELD B (RRC 04331)<br>.04166668 RI<br>.02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>BROWN & MCKENZIE & ELIZA SANTE SVY<br>COFFIELD H H -A- (04299)<br>.02577066 RI<br>.02083334 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI W W HILL SVY CALUGIA-COFFIELD<br>.1875 | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>VAN VEIGHTON SVY<br>COFFIELD - CAMP<br>.04166666 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ELIZA SANTE SVY A-317<br>HERNDON-HENSLEY (RRC 11882)<br>.0625 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>HENRY MARTIN SVY A-272<br>COFFIELD-MARTIN (RRC 04429)<br>.08046876 RI<br>.01341146 ORI | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX MI<br>WILLIAM BENTON SVY A-111<br>COFFIELD-STEWART<br>.0699094 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>CHARLES BIGELOW SVY A-100, 40 ACS<br>COFFIELD ESTATE (RRC 09869)<br>.125 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>FURHAM SVY<br>WOLFDEN UNIT #1<br>.08556646 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX  MI<br>T. J. CHAMBERS SVY A-7 AND<br>A. F. BURCHARD SVY A-87<br>BEING 450ACS CONYEYED FROM C.A.<br>PRATER 2/26/1940. VOL 234 PG 441<br>581.609 ACS CONVEYEDFROM B.K. ISAACS<br>11/18/1943 VOL 241 PG 96 & 98 ANNIE ISAACS<br>KOONSEN .05333334 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX  NPRI<br>JAMES PREWITT SVY, 3.576 ACS<br>ELZIE LEWIS, EXC OF J. LEWIS | ROYALTY INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX  NPRI<br>120 ACRES OUT OF THE T.S. ARNETT SVY, A-74 &<br>T.J. CHAMBERS<br>SVY,  A-7, FOR THE EST OF H. C. VANCE<br>SCHWAMP A-1 .01845188 RI | ROYALTY INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ELIZA SANTE SVY<br>COFFIELD- HENSLEY<br>.0477656 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>HENRY MARTIN SVY A-272<br>37 ACS  IN SVY<br>H H COFFIELD<br>.01401670<br>RI<br>.00520830 ORI | MINERAL INTEREST | PRODUCING |

15

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX MI<br>B F SWOAP SVY A-328<br>COFFIELD M-11 1 & 2<br>.0625 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>SMITH VINCENT SVY A-372<br>D H VAN VEIGHTON SVY A-373<br>WELLS 1,2,4RRC LEASE #10198<br>WELL 3 RRC LEASE #10397<br>210 ACS - 50 ACS IN SMITH VINCENT SV<br>Y A-372<br>160 ACS IN D.H. VANVEIGHTON SVY A-373<br>BELT III 1,2,3,4 .0104166 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>J. A. PREWITT SVY, A-288<br>BULLOH (NAVARRO) FIELD; (LSE 7129)<br>COFFIELD-COOK UNIT .056694 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ELIZA SANTE SVY A-317, 40 ACS<br>VAUGH #2 & WILMA OWENS .0416666<br>RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>WILLIAM BENTON SVY A-111, 164 ACS<br>COFFIELD -G (RRC 4663)<br>.125<br>RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>SANTE SVY A-317<br>COFFIELD UNIT (A/K/A COFFIELD UNIT A-1)<br>.03181666 RI<br>.02083332 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MIE SANTE SVY A-317 FOUND AT A<br>DEPTH OF 2830' IN THE TETEN AND LEONARD NO 1<br>COFFIELD WELLH COFFIELD B (04294).0401575 RI<br>.02614584 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>WILLIAM W HILL SVY A-191, 40 ACS<br>H H COFFIELD HILL A-1<br>.07208334 RI | PERPETUAL NON-<br>PARTICIPATING<br>ROYALTY INTEREST | PRODUCING |

16

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX MI<br>ELIZA SANTE SVY A-317<br>COFFIELD-SANTE (RRC 23875)<br>.0416666 RI<br>.02083334 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX UNDI 1/2 MI<br>WILLIAM ALLEN SVY; A-72<br>COFFIELD (RRC 11856)<br>.01184834 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAMES REESE SVY, A-303<br>(MINERVA-ROCKDALE) RRC 872136 | ROYALTY INTEREST | PRODUCING |
| TEXAS | MILAM | MILAM CO TX 1/6 NPRI<br>139.012 AC IN THE COLTON WELLS SVY A-390 | PERPETUAL NON-PARTICIPATING ROYALTY INTEREST | PRODUCING |
| TEXAS | MITCHELL | MITCHELL & SCURRY COS TX MI<br>SUBD 7 OF C. A. O'KEEFE SUBD OF<br>GEORGE A REIGER& KIRKLAND &<br>FIELDS SVYS, 258 ACS FEE UNIT #1;<br>EDMONDSON .006944446 RI | ROYALTY INTEREST | PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>JOHN A DAVIS SVY A-188, 70.5256 ACS<br>HARRIS A, B, D TRACTS<br>CONROE FU TR E1,E2,E5 | MINERAL INTEREST | PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>WILSON STRICKLAND SVY, 29 ACS<br>J. C. YOUNG LSE | ROYALTY INTEREST | PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>I&GN RR CO SVY<br>HOOPER B;<br>CONROE FIELD UT TRACT A-31<br>.01528894 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>HOOPER J G WATSON SVY<br>CONROE FIELD WIDE UNIT<br>CONROE PLANTTRACT A-28<br>.02278000 RI | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>L A LANG SVY, 40 ACS<br>T&NO/T M WIGGINGS SVY A-714<br>E. MOREHEAD -B- UNIT<br>WIGGINS HEIRS<br>PERRY HEIRS<br>CONROE FLD UT E-19,35,36,37 | MINERAL INTEREST | PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>C T DARBY SVY<br>A. E. WALKER UNIT<br>CONROE FIELD UNIT E-17 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | PALO PINTO | PALO PINTO CO TX  7.5 % ORI<br>SEC 18 T&P SVY A-1667<br>GEORGE A. WRIGHT G U#1<br>.0250000 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | PARKER | PARKER CO TX  1/16 ORI<br>JOHN L. SEE SVY A-1194,<br>SEC 325 T&P SVY A-1532,<br>SEC 326 T&P SVY A-1748, NW/C, 395 ACS<br>LEATHERMAN UNIT .041666 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | PARKER | PARKER CO TX  7.5% ORI<br>SEC 327 T&P SVY A-1537, 320 ACS<br>TIERCE-MCDONALD UNIT (RRC 63637)<br>.04773436 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | REAGAN | REAGAN CO TX  2/3 X 3/256 MI & 2/3 X  3/32 RI<br>SEC 13 CERT 551 BLK E HE&WT SVY:<br>SW/4, 160 ACS<br>MWJ-TRAMMELL A LSE .0078125 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | REAGAN | REAGAN CO TX 1/2 X 3/64 X 7/8 ORI<br>SEC 9 BLK 2 UNIVERSITY LANDS SVY;<br>SW/4 LTD TO DEPTH OF 7,200', 164.93 ACS<br>UNIVERSITY 1-9  .00683593 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | RUSK | RUSK CO TX 1/20 MI<br>19.25 ACS MARY COGSWELL SVY<br>(DICKSON LSE) .00416666 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | RUSK | RUSK CO TX MIM J PRU SVY, 79 ACSSOUTH 7.5 ACRES<br>OF THE EAST 15 ACRESOF THEWEST 30 ACRES OF THE<br>SOUTH 60ACRES OF BLK 22 BEING 79 ACRESGILES A<br>.00277800 RI | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | SCURRY | SCURRY CO TX 3/160 MI<br>SEC 117 BLK 97 H&TC SVY: NE/4, 160 ACS<br>T J ELLIS .00156252 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX  1/16 ORI<br>SEC 129 BLK 97 H & TC RY CO SVY: NE/4, 160 ACS<br>FIRST NATLBANK OF SNYDER LSE<br>.04166666 ORI | OVERRIDING<br>ROYALTY | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX 1/32 X 7/8 ORI<br>SEC 253 BLK 97 H&TC SVY: NW/PT, 193.6 ACS<br>SACROC UNIT TR 167 (LUNSFORD LSE)<br>.0182292 ORI | OVERRIDING<br>ROYALTY | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX 1/2 X 1/16 ORI<br>SEC 115 BLK 97 H&TC RY CO SVY<br>S/60 ACS OF W/2 SE/4(LTD TO 2,000')<br>MURPHY D .02083334 ORI | OVERRIDING<br>ROYALTY | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI 160 ACS<br>SEC 130 BLK 97 H&TC SVY: NW/4<br>W F STERLING .00520866 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 114 BLK 97 H&TC SVY: SE/4 NE/4 NE/4<br>& NE/4 SE/4 NE/4, 20ACS<br>J E (ALSO L E) MURPHY .02083334  & .00260416 ORI<br>IRA 1700 ZONE UNIT TR 24 | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 142 BLK 97 H&TC SVY<br>S/2 W/2 NE/4 SW/4,<br>S/2 E/2 NW/4 SW/4,20 ACS<br>MCCLURE, R. O. .00260416 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 115 BLK 97 H&TC SVY: N/2 NE/4, 80 ACS<br>S H NEWMAN .00260414ORI<br>IRA UNIT TR 28 - | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 115 BLK 97 H&TC SVY<br>W A REITER .00260414 ORI<br>IRA UNIT  TR54 | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 115 BLK 97 H&TC SVY: W/2 NW/4, 80 ACS<br>WADE .00260416 ORI<br>IRA UNIT TR 25 | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 146 BLK 97 H&TC SVY: 80 ACS<br>ALLIANCE TRUST .00260414 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 146 BLK 97 H&TC SVY<br>O L BURNEY .0026042 ORI | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX  MI<br>SEC 116 BLK 97 H&TC SVY, PT SW/4, 120 ACS<br>RI IRA 1700 ZONE UNIT<br>JJ MOORE  LSE<br>IRA UNIT TR 35 - .00206414 RI<br>IRA UNIT TR 46 - .00260414 RI | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX  MI<br>SEC 116 BLK 97 H&TC SVY, PT SW/4, 120 ACS<br>IRA 1700 ZONE UNIT<br>MOORE LSE .02083334 ORI<br>IRA UNIT TR 33 | MINERAL INTEREST | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX  .0182292 ORI<br>SEC 253 BLK 97 H&TC SVY: NW/PT, 193.6 ACS<br>SACROC UNIT TR 168 | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX  .0182292 ORI<br>SEC 291 BLK 97 H&TC SVY<br>SACROC UNIT TR 156 | OVERRIDING ROYALTY | PRODUCING |
| TEXAS | TERRY | TERRY CO TX  1/4 MI S/440 ACS<br>SEC 22 BLK K PSL SVY A-1292<br>C B TOWNES BLEASE<br>PRENTICE SOUTHWEST UNIT | MINERAL INTEREST | PRODUCING |
| TEXAS | TERRY | TERRY CO TX  1/4 MI S/440.8 ACS<br>SEC 22 BLK K PSL SVY A-1292<br>C B TOWNES "A" TR<br>3<br>PRENTICE CENTRAL GLORIETA UT<br>.020834 RI AND .041666 ORI | MINERAL INTEREST | PRODUCING |

20

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | TERRY | TERRY CO TX  1/4 MI S/440.8 ACS<br>SEC 22 BLK K PSL SVY A-1292<br>LTD TO CLRFK FM ONLY<br>C B TOWNES "A" TR 3<br>PRENTICE 6700' CLEARFORK CENTRAL UNIT<br>.020834 RI AND .041666 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | UPTON | UPTON CO TX  7/64 X 1/8 RI640 ACS S/2 SVY 36 BLK 1<br>CERT-334 MK&T RR CO SVY &N/2 SVY 1 CERT- 4260 A-<br>211 GC&SF RR CO SVY (LANE LSE) MCCAMEY UNIT TR<br>13,14,15,16 | ROYALTY INTEREST | PRODUCING |
| TEXAS | WARD | WARD CO TX MI<br> SEC 58, BLK 33, H&TC RR SVY A-892, 640 ACS | MINERAL INTEREST | PRODUCING |
| TEXAS | WILLIAMSON | WILLIAMSON CO TX MI<br>SIMON MILLER SVY; A-492<br>PHILLIP PRATER SVY; A-418<br>CHAPMAN-ABBOTT UNIT - TRACT 1<br> *** COMBINED ALL TRACTS HERE; SEE REMARKS*** | MINERAL INTEREST | PRODUCING |
| TEXAS | WINKLER | WINKLER CO TX MCL<br>SEC 8 BLK B-2 PSL SVY A-1239,<br>S/2 S/2 & S/2 N/2, 320 ACS<br>SEC 9 BLK B-2 PSL SVY A-1931,<br>N/2 NW/4, N/2 SW/4, NW/4 SE/4, 200 ACS<br>EAST KEYSTONE FIELDWIDE UNIT | MINERAL CLASSIFIED LAND | PRODUCING |
| TEXAS | WINKLER | WINKLER CO TX MI<br>SEC 41 BLK 21 UL SVY A-81U<br>UNIVERSITY -41 (RRC 74260) | MINERAL INTEREST | PRODUCING |
| TEXAS | WINKLER | WINKLER CO TX<br>SEC 31 BLK 21 UL SVY A-71U: SW/4<br>UNIVERSITY -31- A (RRC 19550)<br>.0208334 ORI | MINERAL INTEREST | PRODUCING |
| TEXAS | WOOD | WOOD CO TX  1.25/99 RI<br>99 ACS BERRY SMITH SVY A-534<br>COKE UNIT .0006554 RI & .0006434 RI | ROYALTY INTEREST | PRODUCING |
| TEXAS | WOOD | WOOD CO TX 1/16 X 7/8 RI<br>TR. 5 & 1/3 X 1.25/113 RI-TR. 21 IN<br>J. D. MATTHEWS SVY & DAVID<br>GILLILAND SVY A-229<br>SECOND-SUB CLARKSVILLE FORM UNIT TR 4 & 5 | ROYALTY INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | WOOD | WOOD CO TX<br>G B WATKINS SVY A-629<br>WOODBINE -A- FORMATION UNIT<br>TRACT 40 (25<br>WELLS) RRC 4887 | ROYALTY INTEREST | PRODUCING |
| TEXAS | WOOD | WOOD CO TX MI<br>GEORGE BREWER SVY A-41<br>LOTS 10-13, BLK 23 OF HAWKINS TOWN SITE,<br>HAWKINS FIELD UT TR B7-12,B9-7,B7-11<br>HAWKINS FIELD UNIT (747 WELLS) RRC 5743 | MINERAL INTEREST | PRODUCING |
| TEXAS | WOOD | WOOD CO TX MI<br>GEORGE BREWER SVY A-41<br>CRAIN (J M HENRY B9-7) .00205934 RI<br>HAWKINS FIELD UNIT (747 WELLS) RRC 5743 | MINERAL INTEREST | PRODUCING |
| TEXAS | YOAKUM | YOAKUM CO TX MI<br>SEC 25 BLK K PSL SVY A-1559: NE/4, 160 ACS<br>PRENTICE GLORIETATR 16<br>PRENTICE 6700' TR 16<br>PRENTICE SW TR 16 | MINERAL INTEREST | PRODUCING |
| TEXAS | ZAVALA | ZAVALA CO TX MI<br>SVY 385 J D OWEN A-1061<br>PICKENS-COFFIELD .0625 RI<br>SVY 4 JMWILLIAMS A-1139<br>SVY 387 J M WILLIAMS A-1244<br>SVY 12 E C RUTLEDGE A-1211<br>SV<br>Y 12 E C RUTLEDGE A-1379<br>SVY 12 E C RUTLEDGE A-1381<br>SVY 13 GC&SF A-754<br>SVY14 J F CRAWFORD A-1170<br>SVY 386 1/2 HENRY HUBBLE A-191<br>SVY 388 H W WILLAIMS~<br>~ SVY 389 J C RUFF A-562<br>SVY 392 W HADDEN A-1121<br>SVY 388 GB&N A-646<br>SVY 449 H W DAVIS A-1120 | MINERAL INTEREST | PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| WYOMING | WESTON | WESTON CO WY<br>SEC 7-45N-67W: LOT 1 W/2 NE/4, NE/4 NW/4,<br>SE/4 SE/4, 200.07 ACS<br>BEING TRACT 4 & SE/4 NW/4, 40 ACS<br>QUEST MUDDY UNIT TR 5B .0014168 ORI | OVERRIDING<br>ROYALTY | PRODUCING |
| ALABAMA | BALDWIN | BALDWIN CO AL MI<br>SEC 3-2S-4E: S/2 SE/4, 80 ACS<br>SEC 10-2S-4E: W/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | BALDWIN | BALDWIN CO AL MI<br>SEC 14-2S-4E: SW/4, 160 ACS<br>SEC 15-2S-4E: SE/4, 160 ACS<br>SEC 2-2S-4E: NE/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | BALDWIN | BALDWIN CO AL MI<br>SEC 23-2S-4E: NW/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | BALDWIN | BALDWIN CO AL MI SEC 31-4S-5E: E/2 NW/4; W/2 NE/4<br>SW/4; NW/4 SE/4; N/2 SW/4SE/4, 234 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | BALDWIN | BALDWIN CO AL MI<br>SEC 6-5S-5E: NW/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | BALDWIN | BALDWIN CO AL MI<br>SEC 2-2N-4E: E/2 SW/4 & W/2 SE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | BALDWIN | BALDWIN CO AL MI<br>SEC 17-4S-5E: W/2 E/2, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | COVINGTON | COVINGTON CO AL MI<br>SEC 12-3N-17E: S/2 SE/4, 80 ACS<br>SEC 13-3N-17E: 2 ACS NW/CNW/4 NE/4, 2 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | COVINGTON | COVINGTON CO AL MI<br>SEC 24-3N-17E: E/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | COVINGTON | COVINGTON CO AL MI<br>SEC 35-1N-18E: NW/4 SW/4, SW/4 NW/4, NW/4 NE/4, NE/4<br>SW/4,<br>SW/4 SW/4, 200 ACS<br>SEC 26-1N-18E: E/2 SW/4 SE/4, 20 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | COVINGTON | COVINGTON CO AL MI<br>SEC 13-3N-17E: NE/4 SW/4 & SE/4 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | COVINGTON | COVINGTON CO AL MI<br>SEC 24-1N-18E: S/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | COVINGTON | COVINGTON CO AL MI<br>SEC 24-3N-17E: SE/4 & SE/4 SE/4, 200 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| ALABAMA | COVINGTON | COVINGTON CO AL MI<br>SEC 10-3N-17E: SW/4 SE/4, NE/4 NW/4, NW/4 NE/4,<br>SW/4 SE/4, SE/4 SW/4, SW/4 SW/4 EAST OF SANFORD<br>RD, 207 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | ESCAMBIA | ESCAMBIA CO AL MI<br>SEC 26: NW/4 SW/4, 40 ACS<br>SEC 34: 11 ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | ESCAMBIA | ESCAMBIA CO AL MI<br>SEC 9-2N-5E: SW/4 SW/4, 40 ACS<br>SEC 22-2N-5E: NW/4 SE/4, 40ACS | MINERAL INTEREST | NON PRODUCING |
| ALABAMA | HOUSTON | HOUSTON CO AL MI<br>SW/4 LYING EAST OF PANSY CROSBY RDTWP 1 RNG<br>29, 86 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | COLUMBIA | COLUMBIA CO AR MI<br>SEC 15-16S-22W: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | LAFAYETTE | LAFAYETTE CO AR MI<br>SEC 24-17S-24W: S/2 SW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | LAFAYETTE | LAFAYETTE CO AR MI<br>SEC 24-17S-24W: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | LAFAYETTE | LAFAYETTE CO AR MI<br>SEC 25-17S-24W: NW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | MILLER | MILLER CO AR MI<br>SEC 19-19S-27W: SW/4 NW/4 & NW/4 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | MILLER | MILLER CO AR MI<br>SEC 35-19S-27W: W/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | OUACHITA | OUACHITA CO AR MI<br>SEC 34-11S-19W: NE/4 SW/4, SE/4 NW/4, E/4 SW/4 NW/4,<br>90 ACS | MINERAL INTEREST | NON PRODUCING |
| ARKANSAS | OUACHITA | OUACHITA CO AR MI<br>SEC 34-11S-19W: W/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| CALIFORNIA | KERN | KERN CO, CA MI<br>SECTION 25; 27S-28E ALL,<br>640 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 4-1N-9W: NW/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 30-2N-9W: S/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 17-1N-9W: SE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 13-1N-10W: N/2 NE/4 & SW/4 NE/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 18-1N-9W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 14-2N-9W: W/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 3-1N-9W: SW/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL NPRI<br>SEC 6-1N-11W<br>SEC 7-1N-11W<br>SEC 8-1N-11W<br>SEC 15-1N-11W<br>1440 ACS | ROYALTY INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 36-2N-9W: NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 4-1N-9W: NW/4 SE/4, 40 ACS<br>SEC 20-2N-9W: S/2 SW/4, 80 ACS<br>SEC 17-1N-9W: SE/4 NE/4, 40 ACS<br>SEC 13-1N-10W: N/2 NE/4, SW/4 NE/4, 120 ACS<br>SEC 18-1N-9W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI<br>SEC 15-1N-11W: ALL, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | CALHOUN | CALHOUN CO FL MI SEC 7-1N-11W SEC 8-1N-11W SEC 6-1N-11W: SW/4 SW/4, 40 ACS 770 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 34-7N-15W: SW/4 SE/4 & 1.5 TO 2 ACS IN A V SHAPE IN NE/C SE/4 SW/4  & E/2 SE/4, 122 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>NW/4 SW/4 SEC 16-5N-16W: | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>120 AC N/2 SW/4 AND NW/4 SE/4 OF SEC 28-7N-15W: | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | HOLMES | HOLMES CO FL MI<br> SEC 16-5N-16W: ALL NORTH OF BONIFAY AND GENEVA PUBLIC ROAD ANDWEST OF CARYVILLE AND GENEVA RD IN NE/4 OF SW/4 AND NW/4 OF SE/4 OF SEC 16-5N-16W LESS ONE ACRE IN NW CORNER  AND LESS ONE ACRE W OF CARYVILLE AND GENEVA RD CROSSING AND N. OF BONIFAY AND GENEVA RD, 39 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br> 175 ACS E/2 OF NW/4 AND SE/4 OF THE NE/4 AND 12 1/2 AC.ON THE EAST SIDE OF  NW/4 OF THE NW/4 AND 12 1/2 AC. ON THE EAST SIDE OF THE SW/4OF THENE/4,  KNOWN AS THE 7 AC. SOUTH OF THE CREEK. ALL IN SEC 32-7N-15W: | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br> 175 ACS E/2 OF NW/4 AND SE/4 OF THE NE/4 AND 12 1/2 AC. ON THEE. SIDE OF NW/4   OF THE NW/4 AND 12 1/2 AC. ON THE E. SIDE OF THE SW/4OFTHE NE /4 KNOWN AS THE  7 AC. S. OF THE CREEK, ALL IN SEC 32-7N-15W: | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br> 5 AC. NW CORNER OF NE/4 OF SE/4 OF SEC 32-7N-17W: | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br> 40 ACS SE/4 OF SE/4 OF SEC 6-6N-17W: | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br> 40 ACS NE/4 OF NW/4 SEC 35-7N-15W: | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | HOLMES | HOLMES CO FL MI<br>NW/4 LESS 9 AC. OUT OF SE/CORNER OF SEC. 30,E/2 OF<br>SEC. 31; SEC. 30 S/2 OF NE/4 AND 6 AC. IN THE<br>SE/CORNER OF SE/4 OF SW/4;LOTS 1 AND 2 OF BLOCK<br>CYPRESS; LOTS 4,21,22 OF BLK G; LOTS 1 AND 2 OF<br>BLK 1; LOT 6OF BLOCK J. ALL OFBLK K, LESS LOTS<br>1,2,3 AND LOT SOLD TO CARY HAMILTON; LOT2 BLK<br>M; LOTS 1,2,7,8<br>OF BLOCK O; LOTS 1,2,4,5,8,14,15 OF BLOCK P; LOTS<br>1,2,15,16,18,19,20, OF BLK. R;ALL OF BLK S; LOTS<br>3,4,5,6,7,8 OF BLK. T; LOTS 1,2,3,6 OF BLK. U. ALL IN<br>TWP 4N<br>-RNG 8W, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 24-4N-9W: SW/4 SE/4, 40 ACS<br>SEC 25-4N-9W: ALL, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 21 S/2 OF NE/4; N/2 OF SE/4;<br>SEC 23 SW/4; S/2 OF NW/4; NE/4 OF SE/4;<br>SEC 24 NW/4 OF NW/4; SE/4 OF SW/4,<br>SEC 13 W/2 SW/4 TWP. 4-N RNG. 9-W | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 31-4N-9W:  E/2 OF W/2; SW/4 OF NW/4;<br>SEC 36-4N-9W:  E/2OF E/2 SW/4 OF NE/4; SE/4 OF NW/4;<br>SW/4 AND W/2 OF SE/4, | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 27 ALL EXCEPT NE/4 NW/4, 600 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 11-4N-9W: NW/4 NW/4; SE/4 NW/4; S/2 NE/4; E/2<br>SW/4; SE/4,<br>27 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 26-5N-9W: S/2, 320 ACS<br>SEC 35-5N-9W: N/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 34-7N-15W: SW/4 SE/4 & 2 ACS IN NE/C SE/4 SW/4,<br>E/2 SE/4,<br>122 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|------------------|---------------|--------|
| FLORIDA | HOLMES | HOLMES CO FL MI<br>40 ACS BEING NW/4 SW/4 16-5N-16W | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 16-5N-16W: NW/4 SW/4, NW/4 SE/4 L&E 1 AC IN<br>NW/C & 1 AC W<br>OF CARYVILLE & GENEVA RDS, 41 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 28-7N-15W: N/2 SW/4, NW/4 SE/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 32-7N-15W: E/2 NW/4, SW/4 NE/4 ON THE<br>E/SIDE NW/4 NW/4,<br>12-1/2 ACS ON THE E/SIDE<br>SW/4 NW/4, SE/4 NE/4 L & E 7 ACS OFF S/SIDE<br>SE/4 NE/4, 175 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 32-7N-17W: NW/C NW/4, 5 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 6-6N-17W: SE/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI SEC 35-7N-15W: NE/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 2-5N-16W: E/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | HOLMES | HOLMES CO FL MI<br>SEC 27-5N-17W: 110 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 4-2N-10W: S/2 NW/4 & NW/4 SW/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 31-3N-10W: N/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 11,12,14-4N-10W: BEGIN ON THE E. ROW LINE OF THE MARIANNA<br>AIRBASE RAILROAD AT IT'S POINT OF INTERSECTION WITH STATE RD. NO. 1 (US90) THENCE SOUTHERLY ALONG SAID RIGHT OF WAY LINE TO THE ROW OF THELAND N RAILROAD; THENCE IN A SOUTHEASTERLY DIRECTION ALONG SAID ROW TO SPRING CREEK; THENCE NORTHEASTERLY ALONG SAID CREEK TO THE EASTERN SECTION LINE OF SEC 14; THENCE NORTH ALONG<br>SAID SEC LINE TO THE NE CORNER OF SAID SEC; THENCEEASTALONG SECTION LINE BETWEENSEC 12 AND 13 TO THE ROW OF STATE ROAD NO. 1 TO POB, 275 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 33-5N-9W: E/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 26-3N-10W: W/2 NE/4 & E/2 NW/4 LESS E/2 NW/4 NE/4, 140 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 32-3N-10W: N/2  LESS 10 ACS IN THE NE/C NE/4 NE/4, 311.88ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 7-4N-8W: ALL EXCEPT SW/4 SW/4, 600 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 36-4N-9W: SW/4 NE/4; SE/4 NW/4; SW/4; W/2 SE/4, 480 ACS,<br>SEC 30-4N-8W: S/2 NE/4; 6 ACRES IN SE/CORNER SE/4 SW/4;<br>LOTS 1 & 2 OF BLK CYPRESS; LOTS 4 & 22 OF BLK G; LOTS 1 &<br>2 OF BLK 1; LOT 6 OFBLK J; BLK K LESS LOTS 1,2,3 & LOT SOLD<br>TO CARY HAMILTON; LOT 2 OF BLK M; LOTS1,2,7, & 8 OF BLK O;<br>LOTS 1,2,4,5,8,14, AND 15 OF BLK P; LOTS 1,2,15,16,18,19, & 20<br>OF BLK R; BLK S; LOTS 3,4,5,6,7, & 8 OF BLK T LOTS 1,2,3, & 6 OF BLK J | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 7-4N-8W L&E SW/4 SW/4,<br>SEC 30-4N-8W: NW/4 L&E 9 ACS INSE/CE/2, E/2 W/2;<br>SEC 31-4N-8W: SW/4 NW/4, 40 ACS<br>SEC 25-4N-9W: ALL L&E NE/4<br>NW/4, 440 ACS<br>SEC 36-4N-9W: E/2 E/2, 160 ACS<br>SEC 21-4N-9W: S/2 NE/4, N/2 SE/4, 160 ACS<br>SEC 23-4N-9W: SW/4, S/2 NW/4, NE/4 SE/4,<br>SEC 24-4N-9W: NW/4 NW/4, SE/4 SW/4, SW/4 SE/4, 120 ACS<br>SEC13-4N-9W: W/2 SW/4, 80 ACS<br>SEC 11-4N-9W:<br>NW/4 NW/4, SE/4 NW/4, S/2 NE/4, E/2 SW/4, SE/4, | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 31-3N-10W: N/2, 320 ACS<br>SEC 32-3N-10W: N/2 L&E 10 ACS IN NE/C NE/4 NE/4, 311.88 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 26-5N-9W: S/2, 320 ACS<br>SEC 35-5N-9W: N/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 26-3N-10W: W/2 NE/4, E/2 NW/4 L&E E/2 NW/4 NE/4, 140 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|---|---|---|---|---|
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 4-2N-10W: S/2 NW/4 & NW/4 SW/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SECS 11, 12, 14-4N-10W: 275 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 33-5N-9W: E/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | JACKSON | JACKSON CO FL MI<br>SEC 4N-8W & 4N-9W: 231.94 ACS SCATTERED | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 28-5N-23W: E/2 NW/4 SW/4, SW/4 NW/4 SW/4 & SW/4<br>SW/4, 70ACS<br>SEC 29-5N-23W: E/2 L&E PT LYING W OF  YELLOW<br>RIVER, 120 ACS<br>SEC 34-5N-2<br>3W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 26-5N-23W: SW/4 NE/4 & W/2 SE/4, 120 ACS<br>SEC 35-5N-23W: N/2 SW/4 NE/4 & SW/4 NW/4 NE/4, 30<br>ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 26-5N-23W: E/2 SE/4, 80 ACS<br>SEC 35-5N-23W: NE/4 NE/4,40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 14-5N-23W: SE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 36-5N-22W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI SEC 33-4N-23W: SE/4 NE/4 & SE/4<br>NW/4 & N/2 N/2 NE/4 SW/4 &W/2 SE/4 LESS S/15 AC OF<br>SW/4 SE/4, 155 ACS SEC 34-4N-23W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 14-4N-23W: NE/4 NE/4, 40 ACS<br>SEC 23-4N-23W: N/2 NW/4,<br>SW/4 NW/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 19-4N-24W: S/2 NE/4, E/2 SE/4 NW/4, 780 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 11-5N-24W: SE/4 SE/4, 40 ACS<br>SEC 14-5N-24W: NE/4 NE/4,40 ACS<br>SEC 12-5N-24W: S/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 30-5N-23W: SW/4 EXCEPT THE W/18 AC SW/4 SW/4<br>& SW/4 NE/4 & S/2 NW/4 & NW/4 SE/4, 142 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 15-5N-23W: S/2 SW/4, 80 ACS<br>SEC 16-5N-23W: SW/4 SW/4,<br>40 ACS<br>SEC 21-5N-23W: W/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 19-4N-24W: SE/4 SE/4, EXCEPT 3 AC COMMENCING AT THE SW<br>CORNER OF SAID  QUARTER AND RUNNING THENCE<br>EAST 210  YDS  THENCE NORTH 70 YDS THENCE<br>WEST 210 YDS. THENCE SOUTH  70  YRDS TO THE<br>PLACE OF BEGINNING.<br>SEC 20-4N-24W: W/2 NE/4 SE/4, 20 ACS<br>SEC 21-4N-24W: SW/4 SW/4, S/2 NW/4 SW/4, A STRIP OF<br>LAND 48 FT WIDE OFF S SIDE  OF THE N/2 NW/4 SW/4<br>OF SEC 21,<br>SEC 19-4N-24W: E/2 SW/4 & SE/4, 240 ACS<br>SEC 29-4N-24W: SW/4, 160 ACS<br>SEC 29-4N-24W: W/2<br>NW/4, 80 ACS<br>SEC 30-4N-24W: E/2 NE/4, 80 ACS<br>ALSO 1 AC LOCATED IN THE NE CORNER OF THE NW/4<br>SW/4 OF SEC 19  COMMENCING  AT THE H.H. BOYETT<br>CORNER AND THE PUBLIC ROAD  RUNNING THENCE<br>115 FT.  SOUTH 228 FT WEST 257 FT.TO THE PUBLIC<br>ROAD<br>IN A NORTHEASTERLY DIRECTION   ALONG SAID<br>PUBLIC RD. TO  THE PLACE OF BEGINNING, | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 19-4N-24W: SE/4 SE/4 L&E 3 ACS,<br>SEC 20-4N-24W: W/2 NE/4 SE/4,<br>SEC 21-4N-24W: SW/4 SW/4, S/2 NW/4 SW/4, A STRIP OF<br>LAND 48' WIDEACROSS<br>THE S/SIDE N/2 NW/4 SW/4,<br>SEC 19-4N-24W: S/2 NE/4, E/2 SE/4 NW/4, E/2 SW/4, SE/4,<br>SEC 20-4N-24W: SW/4, 160 ACS<br>SEC 29-4N-24W: W/2 NW/4, 80 ACS<br>SEC30-4N-24W: E/2 NE/4, 80 ACS<br>SEC 19-4N-24W: 1AC M/L IN NE/C NW/4 SW/4, | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 15-5N-23W: S/2 SW/4, 80 ACS<br>SEC 16-5N-23W: SW/4 SW/4,<br>40 ACS<br>SEC 21-5N-23W: W/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 28-5N-23W: E/2 NW/4 SW/4, SW/4 NW/4 SW/4, SW/4<br>SW/4, 70<br>ACS<br>SEC 29-5N-23W: E/2 L&E THAT PT LYING W OF<br>YELLOW RIVER, 120 ACS<br>SEC 34-5N-23W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 14-4N-23W: NE/4 NE/4, 40 ACS<br>SEC 22-4N-23W: N/2 NW/4,<br>SW/4 NW/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 20-5N-23W: SW/4 L&E THE W/18 ACS<br>OF SW/4 SW/4, SW/4 NE/4, S/2 NW/4,<br>NW/4 SE/4, 302 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 26-5N-23W: SW/4 NE/4, W/2 SE/4, 120 ACS<br>SEC 35-5N-23W: N/2 NW/4 NE/4, SW/4 NW/4 NE/4, 30 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 11-5N-24W: SE/4 SE/4, 40 ACS<br>SEC 14-5N-24W: NE/4 NE/4,40 ACS<br>SEC 12-5N-24W: S/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|---|---|---|---|---|
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 14-5N-23W: SE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 26-5N-23W: E/2 SE/4, 80 ACS<br>SEC 35-5N-23W: NE/4 NE/4,<br>40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI SEC 36-5N-22W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | OKALOOSA | OKALOOSA CO FL MI<br>SEC 33-4N-23W: SE/4 NE/4, SE/4 NW/4,<br>N/2 N/2 NE/4 SW/4,W/2SE/4 (L&E S/15<br>ACS OF SW/4 SE/4), 155 ACS<br>SEC 34-4N-23W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 2-1N-29W: S/2 S/2 SW/4, DESCRIBED AS<br>BEG AT SW CORNER OF SEC. 2; N 10 CHAINS;<br>E 32 CHAINS S 10 CHAINS; W32 CHAINS, 32 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 4-2N-29W: W/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 28-2N-28W: S/2 NW/4 & NW/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 5-2N-28W: S/2 S/2 SW/4, 334 ACS<br>SEC 9-2N-28W: N/2, S/2, SW/4 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 8-2N-28W: NW/4 & W/2 NE/4  LESS 5 ACS<br>SEC 9-2N-28W:<br>RUN S 350 YRDS. W 70 YRDS N<br>350 YRDS. E 70 RDS TO POINT OF BEGINNING<br>CONTAINING 275 AC & THAT PORTION OF SE/4<br>SW/4 OF SEC 9 T2N R28W LYING WEST OF STATE<br>HWY 188 CONTAINING 19 AC & SE/4 SW/4 LESS 2 AC<br>LYING E OF STATE HWY 188 OF SE<br>C 9 T2N R28W, 334 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 6-2N-28W: NE/4 NE/4 & E/2 SW/4 &<br>S/2 SE/4 EXCEPT 3 AC, 157 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 31-3N-28W: 5 ACS IN BEG SEC 31<br>& RUNNING N 2 1/2 CHAINS; THENCE<br>W 20; THENCE S 2 1/2 CHAINS; THENCE E 20 CHAINS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 32-3N-28W: SE/4 NE/4 & NE/4 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 4-4N-28W: W/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 5-4N-28W: S/2 SW/4 L&E 10 ACS<br>SW/4 SE/4 L&E 10 ACS OFF W/SIDE, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 8-4N-28W: N/2 NE/4, 80 ACS<br>SEC 9-4N-28W:NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 7-3N-28W: SE/4 NW/4 & S/2 SW/4 NW/4, 60 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 8-3N-28W: SE/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 12-3N-28W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 30-3N-28W: NW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 10-4N-30W: SE/4 SE/4, 40 ACS<br>SEC 11-4N-30W: SW/4 SW/4, 40 ACS<br>SEC 15-4N-30W: NE/4 NW/4  & SW/4 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 27-4N-29W: NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 3-3N-29W: E/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 10-1N-29W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 11-3N-29W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 12-3N-29W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 12-3N-28W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 12-3N-29W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 10-1N-29W<br>40 ACS NE/4 NE/4 | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 11-3N-29W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 30-3N-28W: NW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 4-2N-29W: W/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 2-1N-29W: S/2 S/2 SW/4, 32 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 32-3N-28W: SE/4 NE/4; NE/4 SE/4, 80 ACS<br>SEC 28-2N-28W: S/2 NW/4 & NW/4 NW/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI SEC 6-2N-28W: NE/4 NE/4, 40<br>ACS SEC 31-3N-28W: 5 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 6-2N-28W: E/2 SW/4 & S/2 SE/4<br>L&E 3 ACS OUT OF SE/C,157 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 5-4N-28W: SW/4 SE/4 L&E 10 ACS OFF W/SIDE, 30<br>ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 5-4N-28W: S/2 SW/4 L&E E 10 ACS, 120 ACS<br>SEC 8-4N-28W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 5-2N-28W: S/2 S/2 SW/4, NW/4; W/2 NE/4; NE/4 NE/4<br>L&E 5 ACS DESCRIBED AS BEG AT NE/C OF 8-2N-28W,<br>315 ACS<br>SEC 9-2N-28W: SE/4 SW/4,19 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 5-2N-28W: N/2 S/2 SW/4; SW/4 SE/4, 80 ACS<br>SEC 9-2N-28W: SE/4 SW/4 L&E 2 ACS, 38 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 10-4N-30W: SE/4 SE/4, 40 ACS<br>SEC 11-4N-30W: SW/4 SW/4, 40 ACS<br>SEC 15-4N-30W: NE/4 NW/4, SW/4 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 3-3N-29W: E/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | SANTA ROSA | SANTA ROSA CO FL MI<br>SEC 27-4N-29W: NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 12-5N-19W: SW/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 32-5N-21W: NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 2-5N-19W: NW/4 NW/4 LESS 140 YRDS (4 AC)<br>SQUARE NE/C OF TR, 39.971074 ACS<br>SEC 3-5N-19W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 22-5N-21W: SE/4 SW/4<br>SEC 21-5N-21W: SE/4 SE/4<br>SEC 22-5N-21W: SW/4 SW/4<br>SEC 28-5N-21W: NE/4 NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 31-5N-21W: NW/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 12-2N-18W: SW/4 SE/4, E/2 SE/4 & SE/4 NE/4,<br>SEC 13-2N-18W: NW/4 NE/4, 200 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 3-2N-18W: S/2 L&E PT OF NE/4 SE/4<br>EAST OF VALLEY CHURCH<br>ROAD, 300 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 35-3N-17W: LOT 6, 69 ACS<br>SEC 19-3N-17W: S3/4 SE/4 SE/4,<br>21 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 28-2N-18W: W/2 NW/4; SE/4 NW/4 & N/2 SW/4, 360<br>ACS<br>SEC 29-2N-18W: E/2 NE/4, 280 ACS<br>SEC 28-2N-18-W: N/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 33-2N-18W: NE/4 NE/4; SW/4 NE/4; NW/4 SE/4; 120<br>ACS, 1/6 MI | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 32-2N-18W: S/2 SW/4 & SW/4 SE/4, 120 ACS<br>SEC 2-2N-18W: NE/4 NE/4, 40 ACS<br>SEC 1-1N-18W: NW/4 NW/4 & NW/4 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 23-2N-18W: NE/4 SE/4 & SE/4 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 24-2N-18W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 36-2N-18W: S/2 SW/4; SW/4 SE/4;<br>SEC 2-1N-18W: NE/4 NE/4;<br>SEC 1-1N-18W: NW/4 NW/4; NW/4 NE/4; 240 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 28-2N-18W: W/2 NW/4; SE/4 NW/4; N/2 SW/4; N/2 SE/4;<br>SEC<br>29-2N-18W: E/2 NE/4; 360 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 33-2N-18W: NE/4 NE/4; SW/4 NE/4; NW/4 SE/4; 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 23-2N-18W: NE/4 SE/4 & SE/4 NE/4, 80 ACS, 1/4 MI | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 12-2N-18W: SW/4 SE/4, E/2 SE/4 & SE/4 NE/4;<br>SEC 13-2N-18W: NW/4 NE/4, 200 ACS 1/8 MI | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 12-5N-19W: SW/4 NE/4, 40 ACS<br>SEC 25-3N-17W:LOT 6, 69 ACS<br>SEC 19-3N-17W: S3/4 SE/4 SE/4, 21 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI SEC 2-5N-19W: NW/4 NW/4 L&E 140 SQ YDS IN NE/C 39.971074 ACS, 1/4 MI SEC 3-5N-19W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 22-5N-21W: SE/4 SW/4<br>SEC 21-5N-21W: SE/4 SE/4<br>SEC 22-5N-21W: SW/4 SW/4<br>SEC 28-5N-21W: NE/4 NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 3-2N-18W: 320 ACS S/2 L&E THAT 20 ACS M/L OF<br>NE/4 SE/4 LYING E  OF VALLEY CHURCH RD | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 24-2N-18W: NE/4 NE/4, 40 ACS, 1/4 MI | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WALTON | WALTON CO FL MI<br>SEC 31-5N-21W: 40 AC NW/4 NW/4, 1/4 MI | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 7-4N-13W: TRACT 1: SE/4 SE/4 OF SEC 7 & SW/4<br>NW/4 OF SEC 17 & W/2 SW/4 LESS<br>NW/4 NW/4 SW/4 OF SEC 17 & S/2 NW/4 NW/4 SW/4 LESS<br>2 AC<br>OFF EAST END OF SEC<br>17 & 2 1/2 AC DESCRIBED AS COMMENCING 110<br>YARDS EAST OF THE NW CORNER OF<br>NW/4 SW/4 OF SEC 17, THENCE S 10 YARDS.THENCE E<br>10 YRDS THENCE<br>N 110 YRDS TO<br>THE BEGINNING & 2 1/2 AC IN NW CORNER OF NW/4<br>SW/4 OF SEC 17 BEING 110 YRDS<br>SQUARE, 238 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 20-2N-13W: SE/4 SW/4 LESS 4 ACS IN NW/C & N/2<br>SE/4 & SE/4, 156 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 18-4N-12W: N/2 SE/4 & S/2 S/2 NE/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 4-2N-29W: W/2 SW/4, 80.63 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 6-2N-16W: NE/4 SW/4 & NW/4 SE/4 LESS 14 AC OFF<br>EAST SIDE, 66 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 19-2N-14W: N/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 13-4N-13W: E/2 SW/4 & W/2 SE/4 & SE/4 SE/4, 200<br>ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGON CO FL MI<br>SEC 24-4N-19W: N/2 NE/ 4 & SW/4 NE/4 & NE/4 NW/4 &<br>W/2 SE/4NE/4, 180 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 13-4N-13W: E/2 SW/4; W/2 SE/4; SE/4 SE/4, 200 ACS;<br>N/2 NE/4; SW/4 NE/4; NE/4 NW/4; W/2 SE/4 NE/4, 180 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 18-4N-12W: N/2 SE/4 & S/2 S/2 NE/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 7-4N-13W: SE/4 SE/4<br>SEC 17-4N-13W: SW/4 NW/4; NE/2 NW/4 SW/4; S/2 NW/4<br>SW/4; SW/4  SW/4; S/2 NW/4<br>NW/4 L&E 2ACS OFF E/END; 2-1/2<br>ACS DESCRIBED AS COMMENCING 110 YDS OFF NW/C<br>NW/4 SW/4, THENCE S 110 YDS, THENCE E 110 YDS,<br>THENCE N 110 YDS, THENCE W 110<br>YDS TO POB 2-1/2 ACS IN NW/C NW/4SW/4 BEING 110<br>YDS SQ SEC 17-4N-13W, 158 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 22-5N-13W: S/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 6-2N-16W: NE/4 SW/4; NW/4 SE/4 L&E 14 ACS OFF<br>E/SIDE,<br>66 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 19-2N-14W: N/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 20-2N-29W: SE/4 SW/4 L&E 4 ACS IN NW/C; SE/4<br>SE/4 SE/4, 41 ACS | MINERAL INTEREST | NON PRODUCING |
| FLORIDA | WASHINGTON | WASHINGTON CO FL MI<br>SEC 4-2N-29W: W/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | BAKER | BAKER CO GA MI<br>LOTS 32,48,49,73,88,89,90,91,110,111,112,113<br>OUT OF MCRAINEY<br>PLANTATION SVY, 2833.5 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | COFFEE | COFFEE CO GA MI<br>LOT 23,24,25,68 IN 5TH DISTRICT<br>LOT 1 IN 6TH DISTRICT<br>LOT<br>15 IN 4TH DISTRICT<br>LOT 47,92,139 IN 1ST DISTRICT, 1729 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| GEORGIA | DECATUR | DECATUR CO GA MI<br>LOTS 142 & 143 IN 16TH DISTRICT, 323 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | DECATUR | DECATUR CO GA MI 250 ACS LOT 223, 16TH DISTRICT | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | DECATUR | DECATUR CO GA MI<br>LOT 179, 16TH DISTRICT, 125 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | EARLY | EARLY CO GA MI<br>LOT 188 W. OF SPRING CREEK, 380 ACS<br>PT LOT 175, 44 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | EARLY | EARLY CO GA MI<br>LOTS 186-187 LYING W/SPRING CREEK, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MILLER | MILLER CO GA MI<br>LOT 265, ALL, 12TH DISTRICT<br>LOT 290, SE/PT, 12TH DISTRICT<br>LOT 312, SE/C, 12TH DISTRICT<br>LOT 312, SW/C, 12TH DISTRICT<br>LOT 311, NE/C, 12TH DISTRICT | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MILLER | MILLER CO GA MI<br>LOT 311, S&E 75 AC 12TH DISTRICT<br>LOT 312, 12TH DISTRICT | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MILLER | MILLER CO GA MI<br>LOT 313, S/E CORNER, 12TH DISTRICT | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MILLER | MILLER CO GA MI<br>LOT 241, PT, 13TH DISTRICT<br>LOT 280, PT, 13TH DISTRICT | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MILLER | MILLER CO GA MI<br>LOT 313, SW/PT, 12TH DISTRICT | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MITCHELL | MITCHELL CO GA MI<br>LOT 154 10 DISTRICT, S/2 LESS 10 ACS<br>LOT 167 10TH DISTRICT, 10 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MITCHELL | MITCHELL CO GA MI<br>LOT 195, 10TH DISTRICT, W/SIDE, 106.27 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | MITCHELL | MITCHELL CO GA MI<br>LOT 194 10TH DISTRICT, W/SIDE 110.18 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | WARE | WARE CO GA MI<br>LOTS 401,308,354,382,336,349,403, 5TH DISTRICT,<br>3,101.33 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | WARE | WARE CO GA MI<br>LOTS 47,92,91 IN 7TH DISTRICT, 754 ACS | MINERAL INTEREST | NON PRODUCING |

41

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| GEORGIA | WARE | WARE CO GA MI<br>PT OF LOT 94, 7TH DISTRICT, 411 ACS | MINERAL INTEREST | NON PRODUCING |
| GEORGIA | WARE | WARE CO GA MI<br>PT OF LOT 137, 7TH DISTRICT, 450 ACS | MINERAL INTEREST | NON PRODUCING |
| ILLINOIS | FRANKLIN | FRANKLIN CO IL MI<br>SEC 19-5S-3E: W/19 ACS NE/4 SW/4 & E/19 ACS NW/4<br>SW/4, 38 ACS | MINERAL INTEREST | NON PRODUCING |
| ILLINOIS | FRANKLIN | FRANKLIN CO IL MI<br>SEC 19-5S-3E: NW/4 SW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 12-20N-6W: NW/4 NW/4, 40 ACS<br>.0011000 RI, TR PART .0980860<br>CRANBERRY LAKE RICHFIELD TR7 REG # 19887 | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 12-20N-6W: W/2 NE/4, 80 ACS<br>.0014636 RI, REG # 19887<br>CRANBERRY LAKE RICHFIELD TR11 REG# 19887 | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 31-20N-6W: SE NW, WINTERFIELD<br>TOWNSHIP,.00791016 RI, CALVERT 2-31 | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 30-20N-6W: SW SW<br>WINTERFIELD TOWNSHIP<br>JACKSON 10-30, .00322534 RI | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 31-20N-6W: NE NW<br>WINTERFIELD TOWNSHIP, .00527333 RI<br>BENCHLEY-HOTCHKISS 1-31 | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 36-22N-6W: W/2 SW/4<br>AETNA TOWNSHIP .00585937 RI<br>& .00292966 ORI<br>CAVANAGH 1-36 & 2-36 | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 30-20N-6W: S/2, 320 ACS (.03515625 MI);<br>SEC 30-20N-6W: SE/4, 160 ACS (.01757813 MI);<br>SEC 5-19N-3W: N/2, 320 ACS (.01757813 MI);<br>SEC 31-20N-3W: SE/4, 160 ACS (.03515625 MI)<br>H.H.COFFIELD 19.6875 NMA | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 5-19N-3W: W/2 NE/4, NE/4 NW/4, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 31-20N-3W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 30-20N-6W: W/2 E/2 SW/4, 109 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 3-20N-14W: SW/4 SE/4, 40 ACS<br>SEC 11-20N-14W: N/2 NW/4 & S/2 NE/4 & NW/4 NE/4 &<br>N/2 NE/4, 220 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI SEC 10-18N-12W: SW/4 SE/4, 40 ACS<br>SEC 14-18N-12W: S/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 12 -18N-12W: ALL, 600 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 2-20N-14-W: S/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | CLARE | CLARE CO MI MI<br>SEC 11-20N-6W: NW/4 NW/4 NW/4<br>WINTERFIELD TOWNSHIP<br>BLANEY 1& 2-12 .00110 RI | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | LAKE | LAKE CO MI MI<br>SEC 10-18N-12W: SE/4, 160 ACS (.0703125 MI)<br>SEC 3-20N-14W: SE/4, 160 ACS (.0922375)<br>SEC 2-20N-14W: SE/4, 160 ACS (.0158125 MI) | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MECOSTA CO MI MI<br>SEC 9-16N-7W: NW/4, 160 ACS (.01171875 MI);<br>SEC 28-14N-8W:<br>W/2, 320 ACS (.01757813 MI) | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MECOSTA CO MI MI<br>SEC 8-16N-7W: S/2 NE/4, 80 ACS<br>SEC 9-16N-7W: NW/4 NW/4, 40<br>ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MECOSTA CO MI MI<br>SEC 28-14N-8W: W/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MISSAUKEE CO MI MI<br>SEC 3-21N-6W: NW/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MISSAUKEE CO MI MI<br>SEC 19-21N-6W: NW/4 SW/4, 42.12 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MICHIGAN | MECOSTA | MISSAUKEE CO MI MI<br>SEC 26-22N-6W: S/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MISSAUKEE CO MI MI<br>SEC 13-21N-7W: N/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MISSAUKEE CO MI MI<br>SEC 13-21-7W: E/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MECOSTA CO MI MI<br>SEC 11-2N-7W: W/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MISSAUKEE CO MI MI<br>SEC 25-21N-6W: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MECOSTA | MISSAUKEE CO MI MI<br>SEC 35-22N-6W: NW/4 SW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MIDLAND | MIDLAND CO MI MI<br>SEC 28-15N-2E: SW/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MIDLAND | MIDLAND CO MI MI<br>SEC 20-15N-2E: S/2, 320 ACS (.026236875 MI)<br>SEC 28-15N-2E:<br>NE/4, 160 ACS (.0527375 MI) | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MIDLAND | MIDLAND CO MI MI<br>SEC 12-16N-2E: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MIDLAND | MIDLAND CO MI MI<br>SEC 20-15N-2E: N/2 SE/4 S/2 NE/4 SW/4, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 26-22N-6W: S/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 35-22N-6W: NE/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 34-22N-6W: NE/4, 160 ACS<br>SEC 35-22N-6W: SW/4, 160 ACS<br>SEC 26-22N-6W: NE/4 & SE/4, 320 ACS<br>SEC 34-22N-6W: SE/4 & NE/4, 320 ACS<br>SEC 25-21N-7W: SW/4, 160 ACS<br>SEC 11-21N-7W: NW/4, 160 ACS<br>SEC 13-21N-7W: NW/4& SE/4, 320 ACS<br>SEC 24-21N-7W: NE/4, 160 ACS<br>SEC 19-21N-6W: SW/4, 160 ACS<br><br>SEC 1-21N-6W: NW/4, 160 ACS<br>SEC 6-21N-5W: SW/4, 160 ACS<br>SEC 3-21N-6W: NE/4,<br>160 ACS<br>H H COFFIELD ESTATE 109.312 NMA | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 36-22N-6W: W/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 24-21N-7W: N/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MIDLAND CO MI MI<br>SEC 28-15N-2E: E/2 W/2 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 34-22N-6W: NE/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 34-22N-6W: SW/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 6-21N-5W: E/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 34-22N-6W: SE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI SEC 26-22N-6W: SE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 26-22N-6W: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MISSAUKEE | MISSAUKEE CO MI MI<br>SEC 26-22N-6W: SW/4 SE/4, 40 ACS<br>SEC 36-22N-6W: NW/4, 160ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | MONROE | MISSAUKEE CO MI MI<br>SEC 1-21N-6W: NE/4 NW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|---|---|---|---|---|
| MICHIGAN | NEWAYGO | NEWAYGO CO MI MI<br>SEC 28-16N-11W: NE/4, 160 ACS (.02636719 MI)<br>SEC 29-16N-11W: NE/4, 160 ACS (.02636719 MI)<br>SEC 21-15N-11W: SE/4 & NE/4, 320 ACS (.03515626MI)<br>SEC 22-15N-11W: SW/4, 160 ACS (.01757813 MI)<br>H H COFFIELD ESTATE 16.875<br>NMA | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | NEWAYGO CO MI MI<br>SEC 22-15N-11W: S/2 SW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | NEWAYGO CO MI MI<br>SEC 28-16N-11W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | NEWAYGO CO MI MI<br>SEC 29-16N-11W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | NEWAYGO CO MI MI<br>SEC 21-15N-11W: S/2 S/2 NE/4 & N/2 S/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 19-18N-10W: E/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 20-18N-10W: W/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 18-18N-10W: W/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 27-18N-8W: N/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 22-18N-8W: S/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 36-19N-10W: NW/4 SW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 28-19N-10W: SW/4 SW/4, 80 ACS<br>SEC 29-19N-10W: SE/4 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 26-19N-10W: E/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | OSCEOLA CO MI MI<br>SEC 25-19N-10W: W/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | NEWAYGO | NEWAYGO CO MI MI<br>SEC 21-15N-11W: S/2 S/2 NE/4 & N/2 S/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MICHIGAN | NEWAYGO | NEWAYGO CO MI MI<br>SEC 16-15N-11W: N/2 & THAT PT OF THE<br>N/2 SW/4 & N/2 SE/4 LYING NORTH OF<br>BIG RAPIDS AND WHITEHALL RD EXCEPT<br>A PARCEL DESCRIBED AS COMMENCING<br>AT E/4 POST, THENCE N 27 2/5 RODS W<br>25 RODS S 6 2/5 RODS W 7 1/2 RODS<br>S 21<br>RODS MORE OR LESS TO CENTER OF SAID<br>RD E ALONG CENTER OF SAME 32 1/2 RODS<br>MORE OR LESS TO POB, 400 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 21-22-18N-8W: PT<br>SEC 1-17N-8W: PT<br>SEC 27-18N-8W: PT<br>SECS 18,7,21,1,16-18N-10W: PTS<br>SECS 5,6,28-18N-9W: PTS<br>SECS 25,26,29,36-19N<br>-10W: PTS<br>H H COFFIELD ESTATE 92.0986 NMA | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 5-18N-9W: SE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 6-18N-9W: NORTH FRACTIONAL HALF SW/4<br>EXCEPT 20 RODS OFF<br>THE N SIDE | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 28-18N-9W: E/2 SE/4, S/2 NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 28-18N-9W: NE/4 NE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 7-18N-10W: SE/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 7-18N-10-W: SE/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 16-18W-10W: S/2 SW/4, EXCEPT THE ROW OF<br>GRAND RAPIDS INDIANA RR, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 21-18N-10W: NW/4 SW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI SEC 22-18N-8W: NW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | MISSAUKEE CO MI MI<br>SEC 35-22N-6W: N/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 27-18N-8W: PT, 260 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 19-18N-10W: E/2 NW/4 SE/4, 20 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 17-18N-10W: SW/4 SW/4 & W/2 SE/4, 120 ACS<br>0.0007734 REED CITY UNIT TRACT 1 | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 21-18N-8W: NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 19-18N-10W: NW/4 NE/4, 40 ACS<br>SEC 17-18N-10W: SW/4 SW/4, W/2 SE/4 SW/4, 60 ACS | MINERAL INTEREST | NON PRODUCING |
| MICHIGAN | OSCEOLA | OSCEOLA CO MI MI<br>SEC 28-19N-10W: NW/4 SW/4, 40 ACS<br>SEC 29-19N-10W: N/2 SE/4,80 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 1-13S-5E: NE/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 12-13S-5E: SE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 32-13S-5E: NE/4, SW/4, SOUTH SIDE OF NW/4 BEING<br>20 AC, 340 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 7-13S-5E: SW/4 & 4 AC ON THE SOUTH SIDE OF<br>NW/4, 164 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 7-13S-5E: S/2 NW/4 & 2 ACS IN SW/C NE/4, 82 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 30-12N-5E: NW/4 & 60 ACS ON NORTH SIDE OF<br>SW/4, 220 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 12-13S-4E: SE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | CHICKASAW | CHICKSAW CO MS MI<br>SEC 33-12N-5E: W/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MISSISSIPPI | COPIAH | COPIAH CO MS MI<br>SEC 26-10N-9E: NW/4 NE/4, NE/4 NE/4 NW/4, W/2 NE/4 NW/4, 70 ACS<br>SEC 22-10N-9E: NE/4 SE/4, 40 ACS<br>SEC 23-10N-9E: SW/4 NW/4, 30 ACS EAST SIDE NW/4 SW4, 70 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | FORREST | FORREST CO MS MI<br>SEC 25-1N-12W: SE/2 NW/4 & W/2 SE/4, 160 ACS<br>SEC 1-1S-12W:<br>SE/4 SW/4, SE/4 & NE/4 SE/4,<br>NE/4, SE/4 NW/4, N/2 SW/4 & NE/4 SE/4, 440 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | GREENE | GREENE CO MS MI<br>SEC 31-3N-5W:<br>SEC 36-3N-6W:<br>SEC 31-3N-5W:<br>NW/4 SW/4, SEC. 31-3N-5W NE/4, SEC 36-3N-6W. LYING EAST OF THE CHICKASAWHAY RIVER AND ALL THAT PART OF NE/2 SE/4, SEC. 36-3N-6-W LYING E. OF SAME RIVER NW/4 NW/4, SEC 31-3N-5W & A STRIP ONE WIDE W/SIDE OF SW/4 NW/4 SEC 31-3N- 5W | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | JACKSON | JACKSON CO MS 1/3 MI<br>SEC 13-5S-5W: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | JASPER | JASPER CO MS MI<br>SEC 13-4N-12E: SE/4 SW/4, 40 ACS<br>SEC 25-4N-12E: W/2 E/2 SE/4& SE/4 NE/4, 80 ACS<br>SEC 24-4N-12E: E/2 NW/4, 80 ACS<br>SEC 19-4N-13E: 31 ACS O<br>F SW/4 SW/4, 31 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | LAUDERDALE | LAUDERDALE CO MS MI<br>SEC 29-6N-14E: SW/4 SW/4 L&E 2 ACS NE/C, 38 ACS<br>SEC 30-6N-14E: SE/4, 160 ACS<br>SEC 31-6N-14E: W/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | NEWTON | NEWTON CO MS MI<br>SEC 22-5N-13E: E/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MISSISSIPPI | NEWTON | NEWTON CO MS MI<br>SEC 2-6N-13E: SE/4 SW/4, 40 ACS<br>SEC 11-6N-13E:  NE/4 NW/4 &SE/4 NW/4<br>LESS 1 AC. IN SE/C & 10 AC ON SOUTH SIDE<br>OF  NW/4 NE/4 & SW/4 NE/<br>4 LESS 2 AC IN<br>SW/C & 22 AC ON NORTH SIDE OF SE/4 NE/4, 109 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | NEWTON | NEWTON CO MS MI<br>SEC 22-6N-12E: S/2 NE/4 & N/2 NW/4 & N/2 N/2 S/2 NW/4,<br>180 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | PERRY | PERRY CO MS MI<br>SEC 8-1S-11W: SE/4 SW/4, 40 ACS<br>SEC 6-1S-11W: SE/4 NE/4, SW/4SW/4, 80 ACS<br>SEC 5-1S-11W: NW/4 NW/4, 40 ACS<br>SEC 30-1S-11W: W/2 NW/4, NW/4<br>SW/4, NE/4 SE/4, SW/4 SE/4, 200 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | PERRY | PERRY CO MS MI SEC 17-1S-11W: NE/2 NE/4, NE/4 NW/4,<br>SW/4 NW/4 W/2 SW/4, SE/4SW/4, S/2, 680 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | PERRY | PERRY CO MS MI<br>SEC 19-1S-11W: NE/4 NE/4, SW/4 NE/4, S/2 NW/4, N/2<br>SW/4, SW/4 SW/4, W/2 SE/4, 360<br>SEC 18-1S-11W: N/2 NW/4, N/2 SE/4, SE/4 SE/4, 200 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | PERRY | PERRY CO MS MI<br>SEC 21-1S-11W: NE/4 NE/4, S/2 NE/4, NW/4, NW/4<br>NW/4, S/2 NW/4N/2 SW/4, N/2 SE/4, 160 ACS<br>SEC 20-1S-11W: N/2 NE/4, NE/4 NW/4, SW/4<br>SW/4,<br>E/2 SE/4, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | PERRY | PERRY CO MS MI<br>SEC 13-1S-11W: SE/4 SE/4, 40 ACS<br>SEC 24-1S-11W: W/2 SE/4, 40<br>ACS<br>SEC 26-1S-11W: NE/4 NE/4, 40 ACS<br>SEC 23-1S-11W: S/2 NW/4, NW4 NW/4, SE/4SW/4, N/2<br>SW/4 & NW/4 SE/4, 400 ACS<br>SEC 14-1S-11W: SW/4 SW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|---|---|---|---|---|
| MISSISSIPPI | PERRY | PERRY CO MS MI<br>SEC 22-1S-11W: E/2 NE/4, NW/4 NE/4, NE/4 NW/4, SW/4 NW/4, N/2 SW/4, N/2 SE/4,<br>SEC 15-1S-11W: NW/4 NW/4, S/2 SW/4, NE/4 SW/4, S/2 SE/4, NW/4 E/4, | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC 27-4N-1E: N/2 SW/4 LESS 5 AC OFF<br>EAST END & SW/4 NW/4 &<br>W/2 SE/4 NW/4, 135 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC NE/4 NW/4 & 13 AC OFF EAST SIDE<br>OF NW/4 NW/4, NW/2 SE/4<br>NW/4 & THAT<br>PT N/2 SW/4 NW/4 LYING E OF PUBLIC RD, 29 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC 33-4N-1E: W/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC 27-4N-1E: N/2 SW/4 LESS 5 AC OFF EAST<br>END & SW/4 NW/4 &<br>W/2 SE/4 NW/4, 135 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC NE/4 NW/4 & 13 AC OFF EAST SIDE<br>OF NW/4 NW/4, NW/2 SE/4<br>NW/4 & PT<br>N/2 SW/4  NW/4 LYING EAST OF PUBLIC RD, 29 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC 29-4N-1E: W/2 NE/4, E/2 SE/4 NW/4, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC 33-4N-1E: W/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | RANKIN | RANKIN CO MS MI<br>SEC 29-4N-1E: W/2 NE/4, E/2 SE/4 NW/4, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | TALLAHATCHIE | TALLAHATCHIE CO MS MI<br>SEC 7-24N-1W: PT SE/4 NE/4, 32 ACS<br>SEC 8-24N-1W: NW/4SW/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | TALLAHATCHIE | TALLAHATCHIE CO MS MI<br>NE/2 OF SEC 3 SOUTH OF MUDDY BAYOU<br>& E/2 W/2 OF SEC 3<br>NORTH OF MUDDY BAYOU, 245 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| MISSISSIPPI | TALLAHATCHIE | TALLAHATCHIE CO MS MI<br>SEC 24-T25-R2W: NE/4 NE/4, ALL THAT PART<br>OF NW/4 LYINGCENTER OF LONG BRAKE;<br>N/2 SW/4 NE/4 THAT PART OF SE/4 NE/4, 245 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | WINSTON | WINSTON CO MS 3/8 MI<br>SEC 33-13 N-10E: E/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | WINSTON | WINSTON CO MS 3/8 MI<br>SEC 32-13N-10E: SE/4 SE/4, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | WINSTON | WINSTON CO MS 3/8 MI<br>SEC 29-13N-10E: W/2 SE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | WINSTON | WINSTON CO MS 1/4 MI<br>SEC 29-13N-10E: 42 ACS NE/4 NE/4 SW/4 & 12 ACS IN<br>SE/C SE/4 NW/4 | MINERAL INTEREST | NON PRODUCING |
| MISSISSIPPI | WINSTON | NEWTON CO MS MI<br>SEC 13-6N-13E: W/2 NW/4 LESS 10 AC OUT OF SE/C, 70<br>ACS<br>SEC 14-6N-13E: E/2 NE/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| NEBRASKA | CUSTER | CUSTER CO NEBRASKA 1/2 MI<br>T20N-R17W OF THE 6TH P.M. IN SECTION 34 (E/2SE/4);<br>80 ACS<br>T19N,R17W OF THE 9TH P.M. IN SECTION 3 (SW/4) 160<br>ACS & SECTION 4 (E/2) 320 ACS<br>PER MINERAL DEED DTD 04/22/1953 RECORDED 5/18/53,<br>IN BOOK 130, PG 643 | MINERAL INTEREST | NON PRODUCING |
| NEBRASKA | GARFIELD | GARFIELD CO NEBRASKA 1/2 MI T22N-R15W OF THE<br>6TH P.M.SECTION 10: N/2 SE/4; SECTION 11: E/2, SW/4,<br>S/2 NW/4 AND NE/4 NW/4; SECTION 12: W/2 W/2PER<br>MINERAL DEED RECORDED IN BOOK 5, PG 553 | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | BENSON | BENSON CO ND MI<br>TOWNSHIP 153, RANGE 71<br>SECTION 1: SW/4, AND S/2 NW/4<br>SECTION2: SE/4 NE/4; NE/4 SE/4; SW/4 NE/4; NW/4 SE/4;<br>NW/4 SW/4<br>SECTION 12: N/2 SW/4,<br>NW/4 | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| NORTH DAKOTA | BOTTINEAU | BOTTINEAU CO ND MI 596.59 ACS<br>  SEC 21-163N-75W: LOTS 3(32.19), 4(17.20), 6(16.80), N/2 NE/4, SW/4 NW/4, W/2 SW/4,<br>  SEC 28-163N-75W: LOTS 2(39.10), 3(11.30), SW/4, W/2 SE/4, SW/4 NE/4, | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | BURLEIGH | BURLEIGH CO ND MI<br>  NW/4 & SE/4 SEC 29-T139-R75, SE/4 & NE/4 SEC 11-T138-R75, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | BURLEIGH | BURLEIGH CO ND MI<br>NW/4; SE/4; S/2; SE/4 SW/4 SEC 21-139-75W, SW/4; SE/4SEC 3-139-75, 600 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | BURLEIGH | BURLEIGH CO ND MI<br>SW/4 SEC 24-140-75, NE/4; NE/4 SEC 23-140-75, NW/4 SEC 3-140-75, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | BURLEIGH | BURLEIGH CO ND MI<br>NW/4 SEC 27-142-75, NE/4 SEC 34-142-75, NW/4 SEC 2-141-75, SW/4 SEC 6-142-76, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | BURLEIGH | BURLEIGH CO ND MI<br>NE/4 SEC 32-143-78, SE/4 SEC 29-143-78, NW/4 SEC 12-143-76, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | BURLEIGH | BURLEIGH CO ND MI<br>S/2 SE/4 SEC 23-138-78, NE/4 SEC 26-138-78, SE/4 SEC35-138-78, W/2 SEC 5-139-79, 720 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | EDDY | EDDY CO ND MI 480 ACS<br>  SEC 4-T150-R67: LOTS 1,2; S/2, NE/4; SE/4 LOT 4; SW/4, NW/4; SE/4, NW/4; LOT 3 | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | EDDY | EDDY CO ND MI 480 ACS<br>  SEC 33-T148-R67: NE/4 & SW/4<br>  SEC 33-T148-R66: SW/4 | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>  SEC 22-T142N-R77W: S/2 SW/4, 80 ACS<br>  SEC 2-143N-77W: N/2, 320ACS<br>  SEC 4-143N-77W: NE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>  SEC 22-144N-77W: SE/4, 160 ACS<br>  SEC 26-144N-77W: SW/4, 160 ACS<br>  SEC 27-144N-77W: N/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>SEC 15-144N-77W: E/2 & SW/4, 480 ACS<br>SEC 14-144N-77W: NW/4,<br>160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>SEC 24-144N-77W: E/2 & LOTS 1, 2, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>SEC 26-144N-76W: SE/4, NW/4, SW/4,<br>SEC 34-144N-76W: N/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>SEC 7-144N-75W: SW/4 & SE/4, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>SEC 35-144N-75W: ALL, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI<br>SEC 31-T147-R66: E/2, 320 ACS<br>SEC 32-T147-R66: W/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI 480 ACS<br>NE/4 SEC 13-T146-R66<br>SE/4 SEC 3-T146-R66<br>SE/4 SEC<br>32-T147-R66 | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI 640 ACS<br>SEC 5-146-66: ALL | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | FOSTER | FOSTER CO ND MI 640 ACS<br>SEC 32-T145-R66: ALL | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 30-144N-74W: E/2, NW/4, LOTS 1,2,<br>SEC 19-144N-74W: SW/4,<br>SEC 30-144N-74W: NE/4; E/2 SW/4, LOTS 3,4, | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 19-144N-74W: SE/4, 160 ACS<br>SEC 18-T144N-R74W: NE/4, 160<br>ACS<br>SEC 28-T144N-R73W: SE/4 & SW/4, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI SEC 33-T143N-R74W: E/2, 320 ACS<br>SEC 32-T144N-R74W: S/2, SW/4, W/2 SE/4,  SEC 32-T144N-R74W: N/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 28-141N-73W: SE/4, 160 ACS<br>SEC 16-141N-73W: SW/4, 160 ACS<br>SEC 5-141N-73W: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 17-142N-72W: N/2 & SW/4, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 31-T142N-R72W: NW/4, 160 ACS<br>SEC 30-T142N-R72W: E/2 W/2,160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 20-144N-73W: NE/4, 160 ACS<br>SEC 17-T144N-R73W: NE/4 & SE/4, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | MORTON CO ND MI<br>SEC 8-137N-85W: NE/4, 160 ACS<br>SEC 9-137N-85W: W/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | MORTON CO ND MI<br>SEC 31-137N-85W: S/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 15-143-71: NE/4 & SE/4, 320 ACS<br>SEC 22-141-71: W/2 NW/4,N/2 SW/4, S/2 NE/4 N/2 SE/4, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 9-141-72: E/2 & NW/4, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 4-141-72: E/2 SE/4; E/2 NE/4 & SW LOT 2,3,4, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 14-137-71: NW/4, 160 ACS<br>SEC 28-137-71: N/2 NW/4; NW/4 SE/4; SW/4 NE/4, 240 ACS<br>SEC 22-137-71: N/2 NW/4, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 10-137-71: NE/4 & NW/4, 320 ACS<br>SEC 11-137-71: W/2, 320<br>ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 7-137-71: NW/4 & SW/4, 320 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 25-138-72: N/2 & SE/4, 480 ACS<br>SEC 19-138-71: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 18-138-72: SW/4, 160 ACS<br>SEC 19-138-72: NW/4, 160 ACS<br><br>SEC 13-138-73: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | KIDDER | KIDDER CO ND MI<br>SEC 9-137-71: NE/4, 160 ACS<br>SEC 9-137-71: SW/4, 160 ACS<br>SEC 8-137-71: NW/4, 160 ACS<br>SEC 17-137-71: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | MC LEAN | MCLEAN CO ND MI<br>SEC 21-149N-79W: SW/4, 160 ACS<br>SEC 20-149N-79W: SE/4, 160 ACS<br>SEC 3-149-N-80W: SW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | MC LEAN | MCLEAN CO ND MI<br>SEC 11-150N-80W: W/2 & NE/4, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | MORTON | MORTON CO ND MI<br>SEC 1-137N-85W: NE/4 & SW/4, 320 ACS<br>SEC 2-137N-85W: SE/4 &<br>S/2 NE/4, 240 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | MORTON | MORTON CO ND MI<br>SEC 9-137N-85W: E/2, 320 ACS<br>SEC 10-137N-85W: W/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | MORTON | MORTON CO ND MI<br>SEC 21-137N-85W: E/2, 320 ACS<br>SEC 27-137N-85W: N/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | SIOUX | SIOUX CO ND MI<br>SEC 5-129N-83W: W/2, 320 ACS<br>SEC 6-129N-83W: E/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | SIOUX | SIOUX CO ND MI<br>SEC 30-130N-83W: SE/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | SIOUX | SIOUX CO ND MI<br>SEC 31-129N-80W: LOTS 2,3,4 & SE/4 NW/4 & E/2 SW/4, 240 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| NORTH DAKOTA | WALSH | WELLS CO ND MI<br>SEC 34-T148-R72: E/2 NE/4; SW/4 NE/4<br>SEC 26-T148-R72: SE/4 NW/4; SW/4<br>SEC 4-T147-R72: LOTS 1,2; S/2 NE/4, 480 ACS. | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 27-T145-R69: N/2 & N/96 ACS, 416 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MISEC 26-T150-R68: NE/4, NW/4; W/2 NE/4; NE/4, NE/4SEC 14-T150-R68: SE/4 & SW/4SEC 22-T150-R68: E/2 & NE/4SEC 23-T150-R68: NW/4, 600 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 21-T150-R68: S/2 & SE/4<br>SEC 28-T150-R68: E/2 NE/4<br>SEC 27-T150-R68: NW/4<br>SEC 22-T150-R68: SW/4, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 34-T150-R68: E/2, NE/4; E/2 SE/4<br>SEC 35-T150-R-68: W/2 NW/4& SW/4<br>SEC 27-T150-R68: SW/4 & SE/4, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 5-T149-R68: S/2 NE/4; LOTS 1, 2<br>SEC 32-T150-R68: S/2 SW/4S/2 SE/4; NE/4 SE/4<br>SEC 33-T150R68: N/2 SE/4; SW/4 SW/4, 520 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 1-T159-R69: SE/4, NE/4 LOT 1<br>SEC 31-T150-R68: NE/4 SW/4;SW/4 SE/4; SE/4 SW/4<br>SEC 32-T150-R68: NW/4 SW/4; SW/4 NW/4; NW/4, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 19-T150-R71: NE/4 & SW/4<br>SEC 18-T150-R71: SE/4<br>SEC 24-T150-R72: SE/4, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 15-T148-R72: SE/4, NW/4<br>SEC 21-T148-R72: S/2, SE/4; SW/4SW/4;N/2 S/2; E/3 NE/4<br>SEC 28-T148-R72: NE/4 NE/4; S/2 NW/4; W/2 NE/4<br>SEC 22-T148-R72: W/2 NW/4; NW/4 SW/4, 720 ACS | MINERAL INTEREST | NON PRODUCING |
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 27-T148-R72: N/2; E/2 SW/4; SW/4 SW/4; SE/4<br>SEC 34-T148-R72: NW/4 NW/4, 640 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| NORTH DAKOTA | WELLS | WELLS CO ND MI<br>SEC 29-T149-R71: E/2<br>SEC 11-T149-R72: NW/4, 480 ACS | MINERAL INTEREST | NON PRODUCING |
| OKLAHOMA | BEAVER | OKLAHOMA WITHHOLDING | ROYALTY INTEREST | NON PRODUCING |
| OKLAHOMA | ELLIS | ELLIS CO OK MI<br>SEC 16-17S-22W: 40 ACS<br>SALT WATER ROYALTY<br>ALBERMARIE CORP | MINERAL INTEREST | NON PRODUCING |
| OKLAHOMA | LE FLORE | LEFLORE CO OK NPRI<br>SEC 13-7N-25E<br>SEC 14-7N-25E<br>SEC 23-7N-25E<br>SEC 24-7N-25E<br>SEC 25-7N-25E<br>SEC 26-7N-25E<br>SEC 31-7N-25E<br>SEC 36-7N-25E<br>HENRY CHASTAIN, ET UX | ROYALTY INTEREST | NON PRODUCING |
| OREGON | CLATSOP | CLATSOP CO OR MI<br>TOWNSHIP 6 NORTH RANGE 6 WEST<br>SEC 4 LOTS 1,2,3,4, S/2 N/2,S/2, SEC 5 LOTS 1,2,3,4, S/2 N/2, S/2,<br>SEC 6 LOTS 1,2, S/2 NE, SENW, NESW, SE,SEC7NENE,<br>SEC 8 ALL, SEC 9 ALL, SEC 14 W/2 S & E LOUIS IGOT CREEK,<br>SEC 15 ALL EX<br>CEPT 77.5 ACS, SEC 16 ALL, SEC 17 ALL,<br>SEC 18 LOTS 2,3,4, SENW, S/2 NE, E/2 SW,SE,<br>SEC 19 LOTS 1,2,3,4 E/2W/2, E/2, SEC 20 ALL,<br>SEC 21W/2, N/2NE,SENE, SEC22 N/2N/2,<br>SEC 23 N/2 NW EXCEPT 8 ACS, SEC 30 LOT 1,2,E/2 NW, NE,<br>TOWNSHIP 6 NOR<br>TH RANGE 7 WEST<br>SEC 1 LOTS 1,2,3,4, SEC 2 LOTS 1,2,3,4,5,<br>SEC 3 LOTS 1,2,3,4,<br>SEC 24 E/2 E/2, W/2 NE, NWSE, SWSE,<br>SEC 25 NWNE,E/2 NW,  8,748.68 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| OREGON | COOS | COOS CO OR MI<br>1166 ACS PARTS OF<br>SEC 21-28S-13W<br>SEC 22-28S-13W<br>SEC26-28S-13W<br>SEC 27-28S-13W<br>SEC 28-28S-13W | MINERAL INTEREST | NON PRODUCING |
| SOUTH DAKOTA | CORSON | CORSON CO SD MIT22N-R26E (1/4 MI) SECTION 14;<br>T22N-R27E (1/4 MI) SECTION 23(SE/4 & NW/4) T22N-R28E<br>(1/8 MI) SECTION 9: ALL;T23N-R22E (1/4 MI)<br>SECTIONS25,26;T23N-R23E (3/8 MI) SECTIONS 19, 23,<br>28;T23N-R23E (1/4 MI) SECTIONS 29,30;T23N-R26E (1/4<br>MI) SECTION 28 (S/2, NE/4)T23N-R28E (3/8 MI) SECTION<br>21, LOTS 1 & 2, SW/4 | MINERAL INTEREST | NON PRODUCING |
| SOUTH DAKOTA | HAAKON | HAAKON CO SD MI<br>TOWNSHIP 1, RANGE 18E (1/2 MI) IN SECTIONS 26, 35;<br>TOWNSHIP 4,RANGE 21E (1/2 MI) IN SECTION 24;<br>TOWNSHIP 6, RANGE 24E (1/8 MI) IN SECTIONS 5<br>, 8, 9 AND  (1/2 MI) IN SECTION 6 (NW/4);<br>TOWNSHIP 7, RANGE 23E (1/2 MI) IN SEC1 (N/2, SW/4) ,<br>SEC 7 (S/2 S/2), SEC 27,28;<br>TOWNSHIP 7, RANGE 24E (1/2 MI) IN<br>SECTIONS 18 (NW/4 & SECTION 31 (S/2);<br>TOWNSHIP 8, RANGE 23E (1/2 MI) IN SECTIONS<br>19,21,28,29,30 | MINERAL INTEREST | NON PRODUCING |
| SOUTH DAKOTA | HUGHES | HUGHES CO SD 1/2 MI<br>TOWNSHIP 111, RANGE 74 IN SECTIONS 14, 15;<br>TOWNSHIP 112, RANGE 75 IN SECTION 19;<br>TOWNSHIP 112, RANGE 76 IN SECTIONS 13, 24 | MINERAL INTEREST | NON PRODUCING |
| SOUTH DAKOTA | HYDE | HYDE CO SD 1/2 MI<br>TOWNSHIP 112, RANGE 73 IN SECTIONS 2,3,4,5,10,14,15;<br>TOWNSHIP 113, RANGE 72 IN SEC 4 (SW/4), SEC 8 (SE/4),<br>SEC 26 (SE/4), SEC 28 (NW/4);<br>TOWNSHIP 113, RANGE 73 IN SECTION 25: SW/4, SE/4;<br>TOWNSHIP 114, RANGE 72 IN SECTIONS 27,33,34,35, | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| SOUTH DAKOTA | PERKINS | PERKINS CO SD MI<br>TOWNSHIP 22 RANGE 10 (3/16 MI) IN SECTION 18 19;<br>TOWNSHIP 22RANGE 11 (3/16 MI) IN SECTIONS 14,23,24, 26;<br>TOWNSHIP 22 RANGE 11 (1/8 MI) IN<br>SECTIONS 14, 23,24,26, 29, 30 AND 31;<br>TOWNSHIP 23 RANGE 10 (1/2 MI) IN SECTIONS 25, 35 | MINERAL INTEREST | NON PRODUCING |
| SOUTH DAKOTA | STANLEY | STANLEY CO SD (1/2) MI<br>TOWNSHIP 5, RANGE 27 E IN SECTION 33;<br>TOWNSHIP 7, RANGE 25 E IN SECTION 21, 28, 29 | MINERAL INTEREST | NON PRODUCING |
| SOUTH DAKOTA | SULLY | SULLY CO SD MI<br>TOWNSHIP 114, RANGE 80 (3/8 MI) IN SECTIONS 5,6,8;<br>TOWNSHIP 115, RANGE 80 (3/8 MI) IN SECTION 9, 28, 29,30,31 AND 32;<br>TOWNSHIP 115, RANGE 81<br>(3/8 MI) IN SECTION SECTION 25;<br>TOWNSHIP 113, RANGE 75 (1/2 MI) IN SECTIONS 25,26;<br>TOWNSHIP 113, RANGE 74 (1/2 MI) IN SEC 1 (NW/4); SEC 3 (W/2& E/2); SEC 10<br>(NE/4); | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>F CURBIER SVY A-221, 148 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>G W TUGGLE SVY A-771<br>WILLIAM WRIGHT SVY A-798, 224.25 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>THOMAS GOSS SVY A-27 & W L POOL SVY A-57, 638.8 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>SEC 1 I&GN RR SVY BLK 1 PAT 583, 134.8 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>ROBERT ERWIN SVY A-262, 55 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>C C MCDONALD SVY A-1058, 88 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ANDERSON | ANDERSON CO TX MI<br>SVY, 160 ACS<br>MITCHELL LEASE 0.000189 RI | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | ANDERSON | ANDERSON CO TX NPRI<br>J W CARPENTER SVY A-222 &<br>ANDERSON CSL SVY A-71, 3,573.9ACS<br>DOUGLAS LATIMER | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX MI<br>CALVIN GAGE SVY A-174<br>CHARLES KESSLER SVY A-218<br>180.5 ACS(80.5 + 100) | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX MI<br>J FARRELL & SARAH CASTLEBURY SVY, 79.9 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX MI<br>HEADRIGHT SVY, 200 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX MI<br>R H GRIMES SVY, 130 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX MI<br>J FERRELL SVY, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX MI<br>S S BEASLEY SVY, 750 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX NPRI J MARTIN SVY, 124 ACS J O<br>BROWNING | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX NPRI<br>J MARTIN & E HARRIS SVYS, 437.2 ACS<br>GEORGE OWEN (DANNELLEY) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX NPRI<br>J WRIGHT & J P WALLACE SVY, 242.5 ACS<br>H B EDWARDS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX NPRI<br>J CUNNINGHAM & J OGLESBY SVY, 2 ACS<br>AUGUST LINDNER ETUX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX NPRI<br>JAS WEST SVY, 200 ACS<br>HENRY MOBLEY | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX NPRI<br>J FERRELL SVY, 105.92 ACS<br>C W MOEHRING NETTLES | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BASTROP CO TX NPRI<br>T G ALLEN & P B ISLES SVY, 708.909 ACS<br>GEORGE NINK, ETAL | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | BASTROP | BASTROP CO TX NPRI<br>DEMPSEY PACE SVY, 191 ACS<br>O M WEATHERBY | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BASTROP | BRAZORIA CO TX NPRI<br>H. E. WEAVER F. S. PHILLIPS, 105 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BEE | BEE CO TX MI<br>SEC 216 DAN MALEY SVY A-567, 127.9 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BORDEN | BORDEN CO TX MI<br>S. LAKE THOMAS  LAVACA NAVIGATION SVY, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BRAZORIA | BRAZORIA CO TX MI<br>J W HALL SVY A-68, 322.01 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BROWN | BROWN CO TX MI<br>GC&SF RR CO SVY 3, A-1403,<br>KERR CSL SVY 271,<br>ALL OF F. M. WILSON SVY, A-1372,<br>ALL OF DAY LAND & CATTLE CO SVY A-1727, 318.41 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>A. R. GUILD SVY A-268, 571.236 ACS<br>LSED 04/04/08 3 YRS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX 1/3 X 50/136.5 MI<br>136.5 ACS ABNER SMITH SVY<br>(JOHN COWDEN LSE)<br>.02289377 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>JOHN CHEASEY SVY, 267.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>THOMPSON AND SANCHEZ LGES, 157 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>CHRISTIAN LABOR SVY, 13 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON  CO TX MI<br>S C ROBERTSON LGE 2, 59.75 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>LOTS 1-20 BLK 11 CHRISMAN TX, 1.7218 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>SVY, 17.625 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLEEN CO TX MI<br>MCKEEN SVY, 110.1205 ACS | MINERAL INTEREST | NON PRODUCING |

62

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | BURLESON | BURLESON CO TX MI<br>GUILD & O PERRY SVY, 163 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>A CALVIN SVY, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>JAS. LASTLEY LGE, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON & MILAM CO TX MI<br>H MARTIN GRANT, 40.177 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON & MILAM CO TX MI<br>I. MAIDEN SVY,<br>SAMUEL SLATER SVY, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON & MILAM CO TX MI<br>CHARLES SEVIER SVY A-226, 340 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>DAVID HOUSTON SVY, 194 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>JAS. DUNN SVY, 16.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>WM. ALLEN SVY, 53 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>S. A. LONG SVY, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>W. W. HILL SVY, 103.85 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>W. W. HILL SVY, 130 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>S. Y. REAMS SVY, 102 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI F. A. RUIZ SVY, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>MILES & MOORE SVY, 173.25 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>E SANTE SVY, 39.2 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>C A SMITH SVY A-209<br>PCC 634673 COFFIELD B-3 #1 0.09375 RI<br>PCC 634678 COFFILED B-3 #2 0.09375 RI (98875) | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | BURLESON | BURLESON CO TX MI<br>E. SANTE AND ABNER SVYS<br>COFFIELD-RUSSELL .09375 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>ABNER SMITH SVY<br>COFFIELD-SMITH .1875 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>ABNER SMITH SVY<br>COFFIELD-SMITH B .09375 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>ABNER SMITH SVY<br>COFFIELD-SMITH .1875 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>JOHN CHESNEY SVY A-10: 425.85 ACS<br>TR 1 133.36 AC, TR 2 50.84AC, TR 3 126.75, TR 3B 2.38, TR 4 112.52 AC<br>ADAMS-LAKEVIEW DEVELOPMENT NO.1-AREUNIT LAKEVIEW UNIT 1 .0625 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>SEC 1 MOSES CUMMINGS SVY A-16, 300 ACS<br>J M ORSAG UNIT 1, 2,<br>0.0046542 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>E SANTE SVY<br>GRAMM LEASE .0628 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>ABNER SMITH SVY, 25 ACS<br>W. A. BOUNDS, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>J S WINSTON SVY, 645 ACS<br>F. C. EDMINSTON ESTATE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>A.THOMPSON SVY, 262 ACS<br>H NEVILLS SVY<br>J. M. SANCHEZ SVY<br>F. M. ETHERIDGE EST. | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>ABNER SMITH SVY, 125 ACS<br>M. T. FOOD LAND | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | BURLESON | BURLESON CO TX NPRI ELIZA SANTE SVY, 221 ACS NELLIE K. GRAMM | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI ABNER SMITH SVY, 379 ACS J. N. GREEN LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI JAMES SHAW SVY, 44.8 ACS M.H. HELFORD ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI WILLIAM OLDHAM SVY, 160 ACS T. S. HENDERSON LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI JOHN WINSTON SVY, 645 ACS JOHN A. JACKSON LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI SAM WILLIAMS SVY, 20 ACS SARAH ANN JACKSON ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI I&GN RR SVY, 140 ACS E. A. LARREMAORE ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI ELIZA SANTE SVY, 500 ACS GENEVIEVE MAAS, A WIDOW & NELLIE GRAMM ET VIR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI ELIZA SANTE SVY, 218 ACS GENEVIEVE MAAS, A WIDOW | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI ABNER SMITH SVY, 86 ACS W. T. MACY & A. S. CROW LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI MARY CARNAGHAN, 99 ACS ROBERT MCLANE LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI J. C. WALKER SVY, 247 ACS P. H. HARRISS ET UX (OGLE LAND) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI SVY, 160.33 ACS J. P. STEVENS & W. EVANS DOVIE RAY JONES, ET VIR | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>ABNER SMITH SVY, 100 ACS<br>RAY AND JONES LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>ABNER SMITH SVY, 103 ACS<br>JESSE Q. RAY, A SINGLE MAN | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>J. C. WALKER SVY, 664.25 ACS<br>W.H. ORR, ET UX, B. REGENBRECHT LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>J. C. WALKER SVY, 175 ACS<br>MRS. CADDIE SCARBROUGH, A WIDOW | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>ABNER SMITH SVY, 80 ACS<br>TEX-OKAN MILLING CO LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>JAMES SHAW SVY, 280 ACS<br>VOGEL LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX NPRI<br>HENRY MARTIN SVY, 40 ACS<br>I. H. WARREN, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>AARON COLVIN SVY A-13, 80 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>E. SANTE SVY A-210, 40 ACS<br>COFFIELD UNIT A (C2502) .1250 RI<br>COFFIELD UNIT A (C2502) .0625 ORRI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | BURLESON | BURLESON CO TX MI<br>E SANTE SVY A-210, 43.6 ACS<br>H H COFFIELD -A- #2 (04209)<br>.0416666 RI & .02083332 ORI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | CALDWELL | CALDWELL CO TX NPRI<br>MILES G. DYKES SVY, 3 ACS<br>W. V. HARDIN | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | COOKE | COOKE CO TX MI<br>GARCIA SVY A-404, 112 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DALLAS | DALLAS CO TX NPRI<br>WILLIAM B. COATS SVY, .29 AC<br>ETTA D. BLANDCHARD ET VIR | ROYALTY INTEREST | NON PRODUCING |

66

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | DALLAS | DALLAS CO TX NPRI<br>JAMES MATTHEWS SVY, 8.45 ACS<br>FOREST LAWN LOT OWNERS ASSN | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | DALLAS | DALLAS CO TX MI<br>JOHN S JONES SVY A-687, 155 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DE WITT | DE WITT CO TX MI<br>JAMES DUFF SVY A-153, 167 ACS<br>LUKE M. MASON SVY A-335, 20<br>ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DE WITT | DEWITT CO TX MI<br>JAMES MAY 1/4 LGE A-324, 103 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DE WITT | DEWITT CO TX MI<br>JAMES DUFF SVY A-153<br>& LUKE MASON SVY A-325, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX MI<br>LOT 7, BLK 175 OF SUB L, 80 ACS<br>LOT 7 & 10 BLK 11 SUB A, 80<br>ACS<br>LOT 9 BLK 11 & LOT 11 BLK 10 SUB A, 80 ACS<br>ALL IN TAFT-CATARINA PROPERTIES SUBD | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX NPRI<br>T&NO RR SVY, 40 ACS<br>JEFF ARCHER ESTATE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX NPRI<br>SEC 651 A-102, 40 ACS<br>SAM F. SHROUT ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX 2/3 MI LOT 14 BLK-4 SUBD A,<br>W R RUTLEDGE SVY A-1229 TAFT-CATARINA, LOT 14<br>BLK-8 W R RUTLEDGE SVY A-1229 CATARINA<br>TOWNSITE 80 ACS<br>ADDITIONAL PROPERTY TO ACCOUNT, SEE DEED<br>DATED 08/30/1984, VOL. 206, PG 6 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX 3/128 NPRI<br>LOTS 11 & 12 BLK 2<br>TAFT-CATARINA SUBD A, 80 ACS<br>DEED DTD 07/18/1953,<br>RECORDD IN VOL. 106, PG 539-540 | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | DIMMIT | DIMMIT CO TX 3/128 NPRILOT 12 BLK 6 TAFT-CATARINA SUBD A, 40 ACS DEED DTD 05/29/1961,RECORDD IN VOL. 120, PG 361 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | DIMMIT | DIMMIT CO TX 3/128 NPRI LOT 1 BLK 10 TAFT-CATARINA SUBD A, 40 ACS DEED DTD 11/02/1953, RECORDD IN VOL. 107, PG 93 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ECTOR | ECTOR CO TX MI GOLDSMITH ADOBE UNIT | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX 1/2 X 3/4 X 1/8 X 7/8 ORI J T WHITESIDE LEAGUE A-107, 500 ACS JANECKA -A- (RRC 700) | OVERRIDING ROYALTY | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI 237 ACS, JOHN VANDERWORTH LGE A-312 IRENE UNIT- A NO. 1 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI AMAZIAH E BAKER LGE A-8 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI A.E. BAKER LEAGUE A-8 & MARY PHELPS LEAGUE A-82, 210.7 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI A.E. BAKER LEAGUE A-8 & MARY PHELPS LEAGUE A-82, 210.7 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI J.G. WILKINSON SVY A-108, 94.9 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI MARY PHELPS LGE A-82, 50 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI W. WILLIAMSON SVY A-113, 795.084 GEOSOUTHERN-AMY .03125 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | FAYETTE | FAYETTE CO TX MI J G WILKINSON SVY A-108 GEOSOUTHERN-STAR .046875 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | GALVESTON | GALVESTON CO TX MI JOHN D. MOORE LEAGUE | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | GARZA | GARZA CO TX MI<br>SEC 1111 TWN G RY CO SVY A-353: SW/4, 160 ACS<br>PATENT 436 VOL<br>29 CERT 0/38 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | GOLIAD | GOLIAD CO TX NPRI<br>321.2 ACS OUT OF THE R. E. HANDY SVY<br>AND M. G. CARICO SVY A-90 | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | GRAY | GRAY CO TX NPRI<br>H&GN RR CO SVY, 562.2 ACS<br>FEDERAL FARM MORTGAGE CORP. | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | GREGG | GREGG CO TX MI<br>L B OUTLAW SVY A-159<br>CALVIN BROWN .005 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | GREGG | GREGG CO TX MI<br>L B OUTLAW SVY A-159<br>ROSA BROWN .03125 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | GREGG | GREGG CO TX<br>L B OUTLAW SVY A-159<br>ROSA BROWN .020834 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | GRIMES | GRIMES CO TX MI<br>J. G. TONG SVY A-446, 188 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX MI<br>JACOB HALL SVY, 161.75 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX MI<br>JOHN WHITE SVY, 140 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>HARRIS-WILSON 2 LGE GRANT, 2.09 ACS<br>BANKERS MORTGAGE CO. | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>HARRIS-WILSON 2 LGE GRANT, 3.32157 ACS<br>A.B. O'DONNELL ET,<br>UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>HARRIS-WILSON FIRST TIER, .5603 ACS<br>JOHN CLAYTON | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>HARRIS -WILSON FIRST TIER, .7 AC<br>N.J. KLIEN | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>HARRIS-WILSON 2 LGE GRANT, 3.305 ACS<br>ANTHONY B. O'DONNELL<br>ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>J. MITCHELL SVY A-570, 100 ACS<br>E.A. SCROGGINS, ETUX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI J. MITCHELL SVY A-570, 4.556 ACS<br>E.A. SCROGGINS ET, UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>HARRIS-WILSON 2-LEAGUE GRANT, .7 ACS<br>TEXAS-LOUISIANA CORP | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>PART OF LOT 3, BLK. 35, 2.778 ACS<br>URSULINE ACADEMY OF GALVESTON ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>JOHN BROWN SVY, 2.778 ACS<br>U.S.A. ADM. OF GENERAL SVCS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>JOHN BROWN SVY, 11.5 ACS<br>E. MONROE WISE ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRIS | HARRIS CO TX NPRI<br>HARRIS-WILSON 2 LGE GRANT, 2.245 ACS<br>JOHN H. BLAFFER, T.J.HILL & KINCAID SC | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | HARRISON | HARRISON CO TX MI<br>P.R. PEARSON SVY, 50 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HARRISON | HARRISON CO TX MI<br>DAVID HILL SVY, 41.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HARRISON | HARRISON CO TX MI<br>PRANSON & FAZER SVY, 72.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HOUSTON | HOUSTON CO TX MI<br>S. A. RINGO & JESSIE DODSON, 6.8 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HOUSTON | HOUSTON CO TX MI<br>MARY INGRAM SVY A-1263, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | HOWARD | HOWARD CO TX MI<br>SEC 4 BLK 34 T1S T&P SVY, 320 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | HUNT | HUNT CO TX NPRI<br>PRICE SVY, 269.6926 ACS<br>W.M. JACKSON | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | JACK | JACK CO TX MI<br>S H TRIGHMAN SVY A-1724; A-2339<br>STEED-LEACH<br>LEACH #1 .0208334<br>RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | JACK | JACK CO TX MI 160 ACS<br>S. H. TILGHMAN SVY A-2339<br>CATLIN-LEACH #1 .0138890RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | JACK | JACK CO TX MI<br>S H TILGHMAN SVY A-1724, E/40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | JASPER | JASPER CO TX MI<br>A. WRIGHT SVY, 63 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | JASPER | JASPER CO TX MI<br>A. WRIGHT SVY, 65 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | JEFFERSON | JEFFERSON & LIBERTY CO TX MI<br>SEC 31 T&NO SVY, A-375, LIBERTY CO TX<br>SEC 1140<br>WHEELER SVY JEFFERSON CO TX<br>980 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | KARNES | KARNES CO TX MI<br>VICTOR BLANCO ORIG GRANT A-3, 60.25 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | KAUFMAN | KAUFMAN CO TX NPRI<br>NELSON SVY, 1343.78 ACS<br>W.P. KING SVY, 97.2 ACS<br>F.S. OLDT, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LAMB | LAMB CO TX MI<br>ABNER TAYLOR SVY LABOR 7 LGE 642, 177.1 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LAMB | LAMB CO TX MI<br>ABNER TAYLOR SVY, 191.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LAMB | LAMB CO TX MI<br>ABNER TAYLOR SVY LABOR 25 LGE 642, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LAMB | LAMB CO TX MI<br>ABNER TAYLOR SVY LABOR 3 LGE 642, 177.1 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LAMB | LAMB CO TX MI<br>THOMSON SVY SEC 24, 637.7 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | LEE | LEE CO TX MI<br>JOHN CHENOWETH SVY A-60, 117.469 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>R. MILBUM SVY, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>PEVEYHOUSE SVY, 45 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>THOS. MORROW SVY A-222, 276 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>JOHN PREWITT LGE A-259, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>JOHN PREWITT LGE A-259, 106 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>W S DOBBINS LGE A-88, 116 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>J. M. DICKSON SVY A-94: 71.125 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI E MILBURN SVY, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>S.S. CURTIS & E. MILBURN SVY, 248 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>A. ESTES LGE, 157.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>W. H. BYNUM SVY A-6, 174 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>IRA CLEMONS SVY A-58, 204.1 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>AARON D. DODD SVY A-85, 125 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | BURLESON & LEE CO TX MI<br>LEWIS MOORE SVY A-236<br>JOHN FURNASH LGE A-107<br>263.333 ACS, LSED 11/15/10 3 YRS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>S. S. CURTIS & B .W. SWEARAGIN SVYS, 71 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>NICHOLAS S. CRUNK SVY A-62, 61.25 ACS<br>NICHOLAS S. CRUNK SVY A-62, 42.827 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>JOHN PREWITT SVY, 111 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | LEE | LEE CO TX MI<br>JOHN FURNASH LGE A-107, 200 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>DANIEL WALKER SVY, 125 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>R T. S. MAHAN & S. S. CURTIS 1/3 LGE, 175 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>JOHN EASLEY SVY, 45.7 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>JOHN NEWTON SVY A-244, 120 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>DANIEL WALKER LGE, 105 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>GEORGE DARR SVY, 50 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>P. WIMBERLY SVY, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>THOMAS WARD LGE, 68.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>THOS MORROW SVY A-222, 51.6 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>DANIEL WALKER SVY, 39.75 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>GEORGE KESSNER SVY, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>WM. C. HUGHES SVY, 95 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>ARMSTRONG SVY, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>IRA CLEMONS SVY A-58, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>E. MILBURN SVY, 116.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>E. MILBURN SVY, 193 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>S.S. CURTIS SVY & E. MILBUM SVY, 175 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>E. MILBUM SVY, 24.405 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | LEE | LEE CO TX MI<br>A. S. MITCHELL SVY, 15 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>F. BOATWRIGHT LGE, 151.54 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>GEORGE DARR SVY 201 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>A. S. MITCHELL 1/3 LGE SVY A-221, 325 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>IRA CLEMMONS SVY A-58, 108 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>P. T. CUMEAL SVY, 70 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>W. N. MOCK LGE, 164 ACS<br>JOHN CURREY ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>C. L. L. CHILES & JOHN CHENOWITH SVY, 248 ACS<br>FIRST NATIONAL<br>BANK | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>J. A. TANNER LGE & FRANKLIN J. WILLIAMS SVY,<br>283.5 ACS<br>P. A.HELMS, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI IRA CLEMMONS SVY, 100 ACS B.<br>HESTER ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>WILLIAM N MOCK SVY, 50 ACS<br>JOHN JENKINS ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>THOMAS MORROW SVY, 112.23 ACS<br>NORAH E. MARTIN | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>JOHN CHENOWETH SVY, 132.75 ACS<br>PEARL MCCAWLEY, A WIDOW | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>GEORGE W. GUTHIE & WARREN LYONS SVYS, 140<br>ACS,<br>ROSA A. MUSTONAL BY  J. KNOX | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | LEE | LEE CO TX NPRI<br>P OWENS GRANT, 374 ACS<br>J. B. NEWTON ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>W. H. BYNUM LGE, 174 ACS<br>T. S. PEEBLES ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>JOHN CHENOWETH SVY, 144 ACS<br>J. T. PRUETT, ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>P. T. CUMEAL LGE A-61, 255 ACS<br>F. W. RETZLOFF ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>WILEY HARRISON SVY, 322.853 ACS<br>STATE BANK AND TRUST CO | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>WILLET HEADRIGHT SVY, 55 ACS<br>A. L. TURNIPSEED, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>HENRY COOK LGE, 102 ACS<br>BETTIE WALDEN A WIDOW | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>THOMAS H. MAYS SVY, 130 ACS<br>H. M. WEST LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX NPRI<br>A. S. MITCHELL SVY, 200 ACS<br>FRED VOLLHUE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>J F MANCHA SVY A-207 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>JAMES SHAW SVY A-289, 139.6 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LEE | LEE CO TX MI<br>ROBERT FINNEY A-108, 91 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LIBERTY | LIBERTY CO TX MI<br>JAS. HANNEY LGE, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LIBERTY | LIBERTY CO TX MI<br>JAS. HANNEY & H. B. JOHNSON LGE, 106 ACS | MINERAL INTEREST | NON PRODUCING |

75

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | LIBERTY | LIBERTY CO TX MI<br>ELDRIDGE SVY, 10 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LIBERTY | LIBERTY CO TX MI<br>S. O. THOMPSON SVY, 41 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LIBERTY | LIBERTY CO TX MI<br>H. B. JOHNSON & JAS. HANDRY LGE, 130 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | LIBERTY | LIBERTY CO TX MI<br>JAMES HANEY LGE, 77 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>29.62 ACS OUT OF THE B W HOLTZCLAW SVY, A-187<br>(COFFIELD-STANISLAW) | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 16 ACS<br>JOHN HALL (R L ABBOTT, ET UX) GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>R L BATTE SVY A-453, 357.8 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>J L NICHOLSON SVY, 128.8 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ELI WILLIAMS SVY A-380<br>JOHN NOLAN SVY A-286, 236 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>E SANTE SVY, 54.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>M A SACKETT SVY A-337, 105 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>D A THOMPSON SVY A-398 AND WILLIAM ALLEN SVY<br>MINERVA-ROCKDALE FIELD<br>H H COFFIELD E(A/K/A H H SHAMROCK 1) .0833334 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>J. LEAL SVY, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>T. J. CHAMBERS SVY, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MIJ. B. HARVEY SVY A-186, 103 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>MARY SACKETT SVY A-337, 72 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>J. A. PREWITT SVY A-288, 45 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX MI<br>MARY SACKETT SVY A-337, 75 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>MARY SACKETT SVY A-337, 16.33 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>MARY SACKETT SVY A-337, 82 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>B. F. SWOAP SVY A-328, 218.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>J. B. HARVEY SVY A-186, 130 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>J. LEAL SVY A-29, 20 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ELIZA SANTE SVY A-210, 40 ACS<br>BROWN & MCKENZIE | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>WILLIAM ALLEN SVY A-72 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ROBERT WALKER HEIRS SVY A-382 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>W W HILL SVY<br>COFFIELD -LOCKHART .1875 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>D A THOMPSON SVY, 5 ACS<br>A. AGUILLAR, ET UX GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>WM. ISAACS & JAS. STEVENS SVY, 336 ACS<br>SAM GARDNER (J. BALFORD EST) GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. C. ROBERTSON SVY A-52, 101.666 ACS<br>ALUMINUM CO. OF AMERICA GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. P. SMITHSON & E.S.C. ROBERTSON SVY, 160.5 ACS<br>T.F. CRISWELL (G.W. MARZILLA APPLIN) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 134.167 ACS<br>DORIS SIMMS AVRETT, ET AL, GRANTOR | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 16 ACS<br>JIM BARTLETT ET UX  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. Y. REAMS SVY, 17.9 ACS<br>ELDON BATTE ET UX  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>HENRY MARTIN SVY, 65 ACS<br>KATE BEATY, ET AL  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 2.5 ACS<br>CARL C. BLACK GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>ROBERT WALKER SVY, 660.3 ACS<br>ED. J. BAHAC ET AL  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>WILLIAM ALLEN SVY A-72, 5 ACS<br>DAN F. BOUNDS LAND GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T.S. ARNETT SVY, 9.601 ACS<br>BRIDLE BIT MRS. SUE HALE,<br>A FEME SOLE  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>G. W. TEVIS SVY, 263 ACS<br>C. W. HINYARD (R.N. BRENNAN ETAL)<br>GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. P. CARSON SVY, 10 ACS<br>KENNETH BRODNAX  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 175 ACS<br>J. MCGREGOR (MRS. NM BULLOCK) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>H. MARTIN & J SHAW SVY, 133 ACS<br>MRS. N. M. BULLOCK  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 30 ACS<br>J.W. BUSBY ETUX   GRANTOR | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>W. THOMPSON SVY, 820.9 ACS<br>LENA EVANS CALLIER GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI D. A. THOMPSON SVY, 1 AC<br>CHARLES CALVIN GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>F. RUIZ SVY, 256.4 ACS<br>C.W. HINYARD (ARCHBISHOP OF<br>SAN ANTONIO) GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 55 ACS<br>WM. CAMERON CO. (CAYWOOD LN.) GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 100 ACS<br>A.L. CAYWOOD ETUX GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 100 ACS<br>LOUIS CAYWOOD GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 55 ACS<br>RUBEN CAYWOOD GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 70 ACS<br>W. T. CAYWOOD GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 128.61 ACS<br>WILLARD T. SCURLOCK (O. CHARLES ETUX) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>WILLIAM ALLEN SVY A-72, 10.4 ACS<br>BERTIE W. CHINN GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAMES SHIELDS SVY, 180 ACS<br>E. GUNN (J. M. COLLINS EST.LAND) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 15 ACS<br>SONS OF HERMAN (CORBITT LAND) GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 8 ACS<br>MRS. EDNA COULTER GRANTOR | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 115.5 ACS<br>J. COX (M. G. COX, ESTATE) GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>B. W. HOLTZCLAW SVY, 1,389.66 ACS<br>CULPEPPER-SIMMS LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 40 ACS<br>CRAYTON LAND  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>E. BAILEY SVY, 605.5 ACS<br>J. M. CUNNINGHAM LANDS. GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS SVY, 65.77 ACS<br>HOWARD J. DEBUS. GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS SVY, 50 ACS<br>J. W. DYER, TE UX GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>WILLIAM ALLEN SVY A-72, 4.6 ACS<br>VERNON DYJMKE, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>WILLIAM ALLEN SVY A-72, 3 ACS<br>FRANK BYMKE, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>WILLIAM ALLEN SVY A-72, 10.5 ACS<br>VERNON DYMKE, ET UX GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ELIZA SANTE SVY, 47 ACS<br>R.E. EAKIN LAND GRANTOR | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAMES SHIELDS SVY, 108 ACS<br>J. J. ELLIOTT LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>F. RUIZ SVY, 80.75 ACS<br>FEDERAL LAND BANK (T. A. FISHER) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. W. HAYS SVY, 68.33 ACS<br>R. A. THOMAS ET UX ( FIRST NAT.BANK) GRANTOR | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. F. HAILEY SVY. I & GN RR SVY, 68.33 ASC<br>BENTLEY FLETCHERET UX, WIDOW GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. F. HAILEY SVY, 67.5 ACS<br>LOUISE FLETCHER, WIDOW GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI I & G N RR T. F. HAILEY SVY, 119.2<br>ACS WILLIAM S. FLETCHERET AL GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>C. S. WALDEN & D. A. THOMPSON SVY, 807.6 ACS<br>E. H. FOSTER ET UX GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>SMITH VINCENT SVY, 25 ACS<br>J. R. FRAIM LAND | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>RICHARD ROSS SVY, 100 ACS<br>J. S. FRANKLIN, ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>CHAMBERS, THOMPSON, ARNETT SVYS, 128.75 ACS<br>MRS. J. A. GAMBILL, ET AL  GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>W. W. HILL SVY, 84.25 ACS<br>DAVIS R. GARLAND ET AL GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>G. W. TEVIX & S. Y. REAMS SVY, 130.5 ACS<br>W.V. HARDIN (TOM E.<br>GARRARD ET UX) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAS. SHELTON SVY, 50 ACS<br>L.  FYKES ET AL (W GIBSON) | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 36 ACS<br>W. GIBSON (JESSE H. GORE LAND) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>D. A. THOMPSON SVY, 8 ACS<br>JOE W. GRABENER | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>WM. THOMPSON SVY, 250 ACS<br>H. L. GREEN ET UX (LELAND GREEN) | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAMES LEWIS SVY, 194.5 ACS<br>LELAND GREEN JR. ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. P. CARSON SVY, 5 ACS<br>R.O. GREER, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS SVY, 21 ACS<br>FLOYD Y. GRIFFIS, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>W. W. HILL SVY, 116 ACS<br>JOSIE PALMER, S. C. GRUBAUGH ET UX<br>GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>CHARLES BIGELOW SVY A-100, 435.2 ACS<br>E. A. CAMP (C. H. GUSTAFSON ETUX) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS SVY, 50 ACS<br>JOHN T. HALE  ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>ELIZA SANTA SVY, 520.054 ACS<br>W. N. HALE LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>A. M. TANDY SVY, 932.2 ACS<br>W.M. KELLER (H.H. HALL EST) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 17 ACS<br>WALLIS M HARRIS ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>ELIZA SANTE SVY, 52.11 ACS<br>LEO HARRIS LAND GRANTOR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAMES DUNN A-146, 50 ACS<br>R. A. HAIRSTON | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>SMITH VINCENT SVY, 75 ACS<br>LEE BATTE HARVEY (JEAN KAY) GRANTOR | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAS. SHELTON SVY, 185.25 ACS<br>HAYNIE ESTATE LANDS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 150.6 ACS<br>P. SANDERS, W. L. HALL ET UX (HELMS LAND) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>B. C. ROBERTSON SVY, 94.456 ACS<br>CARROL ROBERTSON ET UX (OSWALD HENNIGER) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS SVY, 15 ACS<br>HOLCOMB OR LOCKETT LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI JOSE LEAL SVY, 1.02 ACS ROBERT<br>F. HOSKINS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>D. A. THOMPSON SVY, 70 ACS<br>W. V. HARDIN ET UX (LON HUDSON LAND) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 1013 ACS<br>INTERNATIONAL COAL MINE PROPERTY | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOHN DUNLAP MRS M. I. JAMES, 303 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ASOSTA SVY, 176.33 ACS<br>J. G. THOMPSON (LOUIE JENNESSLAND) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J.J, ACOSTA SVY, 21.25 ACS<br>MRS. IDA JENNESS, ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAS. SHELTON SVY, 141 ACS<br>A. B. KERR ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. M. HAYS SVY, 120.37 ACS<br>HELEN C. KIEFERS. A WIDOW | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>CARSON AND STEPHENS SVY, 901.25 ACS<br>C. A. PRATER ET UX (G.B. KINCAID LAND) | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>GABRIEL JACKSON SVY, 4 ACS<br>EARL LEECH ET UX (FITZ KOCH LAND) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS SVY, 41 ACS<br>C.L. KOLB ESTATE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS &  J. LEAL SVY, 220 ACS<br>KRULL PLACE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAMES SHIELDS SVY, 100 ACS<br>P. SANDERS (HARRY LANDA) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>G.B. BOWEN, 160.5 ACS<br>ROY LAW | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 95 ACS<br>J.F. LEEPER | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>ELIZA SANTE SVY, 209.07 ACS<br>LENA PETER LIBERTO, ET VIR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>W. W. HILL SVY, 120 ACS<br>PRESTON SANDERS (LINDSEY FARM) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>W W HILL SVY, 54.75 ACS<br>L L LONG ESTATE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>M. DAVILLA SVY, 183.656<br>L. M. MASSEY ESTATE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. A. JONES SVY, 72 ACS<br>MRS. IDA MATHEWS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. A. LONG SVY, 640 ACS<br>MARTHA DANA MERCER | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 61 ACS<br>W. GIBSON (MIKE MONTOYA) | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. H. SVY, 131 ACS<br>CARL C. BLACK (J.G. MOON, EST.) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. Y. REAMS SVY, 31.5 ACS<br>MARY MULLINS ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>C. M. MATHEWS SVY, 178 ACS<br>P. SANDERS (MCGOWN & ANDERSON) | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>E & H HARDCASTLE SVY, 260.4 ACS<br>HOMER NABOURS, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>THOMPSON-CHAMBERS SVY, 460 ACS<br>GABINO NIETRO | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>W. W. HILL SVY, 148.9 ACS<br>A. N. OWENS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI ELIZA SANTA SVY, 209.07 ACS<br>ALBERT V. PETER ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. G. ROBERTSON SVY, 193 ACS<br>PHILLIPS LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. J. ACOSTA SVY, 13.125 ACS<br>CECIL PLATE, ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>W. W. HILL SVY, 60 ACS<br>PAULINE PRIESS, ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. C. ROBERTSON SVY, 96.4 ACS<br>CARROLL ROBERTSON ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. C. ROBERTSON SVY, 96.4 ACS<br>CARROLL ROBERTSON ET UX | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX 1,008.76 NPRI<br>TRACT 1: W. ISAACS SVY A-219; J. STEPHENS SVY A-322 & JAMES A SMITH SVY A-331 AND<br>TRACT 2: WILLIAM ISAACS SVY A-219;<br>J. STEPHENS SVY A-322 | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 81.25 ACS<br>MRS. MARY ROBINSON & W.A.L. ROBINSON | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>M. J. DELGADO SVY, 11 ACS<br>RUTH C. ROBINSON, ET VIR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>T. J. CHAMBERS SVY, 37.27 ACS<br>NANCY A. ROUNTREE | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 122 ACS<br>W. P. ROSE, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>H. HAWFORD SVY, 34.5 ACS<br>P. SANDERS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>DAVID HOUSTON SVY, 50 ACS<br>T.C. SCARBOROUGH LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>HENRY MARTIN SVY, 86.75 ACS<br>SCOTT HEIRS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JACOB WILCOX SVY, 10 ACS<br>SCOTT AND WHITE LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>CARSON AND ROBERTSON SVY, 7.42 ACS<br>HATTIE SIDES ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>A. T. MILES SVY, 58 ACS<br>R. J. SLOAN, ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>MORRIS MOORE SVY, 35 ACS<br>R J SLONE | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>J. F. FRAZIER SVY, 753.2 ACS<br>DORCAS BATTE SMITH ET VIR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>G. H. BORROUGHS SVY, 80 ACS<br>STEWART LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAMES SHELTON SVY, 80 ACS<br>JEWEL O. STEWART ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 159.85 ACS<br>D.J. SULLIVAN | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>ELIZA SANTE SVY, 103 ACS<br>CLAUD SWEAKS ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>SMITH VINCENT SVY, 130 ACS<br>LEO TAYLOR ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 89.79 ACS<br>JAMES A TERRY ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAS. SHELTON & GEORGE DAMPKIN SVYS, 157.5 ACS<br>RAY E. THOMPSON | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>S. C. ROBERTSON & T. J. CHAMBERS SVYS, 68 ACS<br>JOHN TIMMERMAN ET AL LAND | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI J.J. ACOSTA SVY, 17 ACS A. G.<br>TRIGGS ET  UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>H. HARDCASTLE SVY, 100 ACS<br>ELLA TAYLOR VANOVER ET AL | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JACOB WILCOX SVY, 4.772 ACS<br>HERBERT M WALKER, SR. ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JAS. PREWITT SVY, 36 ACS<br>W. R. WILLIAMS ET AL | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX NPRI<br>D. H. VAN VEIGHTON SVY, 80 ACS<br>HOUSTON WILLIAMS & B. R. WILLIAMS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>DAVID CURRY SVY, 37.5 ACS<br>D. B. WILLESS ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL GRANT, 109 ACS<br>H.D. YOAKUM ET UX | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>D. A. THOMPSON SVY<br>J. TOM WILLIAMS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSE LEAL SVY, 70.5 ACS<br>D. A. THOMPSON SVY<br>J. TOM WILLIAMS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>CHARLES BIGELOW SVY A-100, 40 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>WM PHARARRAS SVY, 177 ACS<br>TRS OF 88 & 89 ACS,<br>R W WALLIS TO TOM PREWITT | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>MINERVA ROCKDALE A-7, 5.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>W W HILL SVY A-191, 103.85 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>JOSE LEAL SVY<br>COOK E M  (03465)<br>.0555668 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>ELIZA SANTE SVY A-317, 40 ACS<br>H H COFFIELD -D- (RRC 4315)<br>.01041666 RI &.01041666 ORRI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX MI<br>J W COLLINS SVY A-130, 180 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX NPRI<br>JOSEPH COTTLE SVY A-129: 121.799 ACS | ROYALTY INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | MILAM | MILAM CO TX MI<br>F A RUIZ SVY A-308, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MILAM | MILAM CO TX 2/3 MI<br>190.80 ACS, C M MATTHEWS SVY A-57 | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>W. DUNLAVY SVY, 100 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX MI<br>PETER WITTAKER SVY, 80 ACS<br>SAN JACINTO CO | MINERAL INTEREST | NON PRODUCING |
| TEXAS | MONTGOMERY | MONTGOMERY CO TX NPRI<br>DUNCAN MCINTIRE SVY A-386, 91.8 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | NAVARRO | NAVARRO CO TX MI<br>JOHN MCNEAL SVY, 65 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | NAVARRO | NAVARRO CO TX NPRI<br>S.F. MCCANLESS A-516, 2 ACS<br>ELEANOR MUNSEY SLOAN ET VIR | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | ORANGE | ORANGE CO TX NPRI<br>SEC 26 T&NO SVY: NW/4, 160 ACS<br>AKA BECKWITH SVY A-391 HARRY<br>LUCAS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | PARKER | PARKER CO TX MI<br>T T HINES SVY A-2611, 80 ACS<br>JAMES MULBERRY SVY A-1887, 64 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | PARMER | PARMER CO TX NPRI<br>SEC 20 IN BLK B: NE/4, 160 ACS<br>OF THE CAPITOL SYNDICATE SUBD<br>FARWELL NATL FARM LOAN ASSOC | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>P A  SUBLET SVY A-71, 52.76 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>I D THOMAS LGE, 85.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>WM SHADBURN & J C PITE SVYS, 35 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>SHANBUM SVY, 35 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI J. C. PITTS SVY, 35 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | POLK | POLK CO TX MI<br>WILLIAM DAVIS SVY, 85.5 ACS<br>LESTER 2.5 ACS<br>LIVELY 83 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>THOMAS & PACE LEAGUE, 41.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>P A SUBLET SVY A-71, 48.5 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>MARY SWINNEY SVY, 50 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | POLK | POLK CO TX MI<br>MARY SWINNEY SVY, 10 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | REAGAN | REAGAN CO TX MI<br>SEC 13 BLK E HE&WT SVY A-211: NW/4, 160 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ROBERTSON | ROBERTSON CO TX MI<br>JOHN FISHER 1/4 LEAGUE SVY, 30 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | RUSK | RUSK CO TX MI<br>W. F. HYDE SVY, 111.3 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | SAN JACINTO | SAN JACINTO CO TX MI<br>J. F. D. RUMAYON SVY, 85 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | SAN JACINTO | SAN JACINTO CO TX MI<br>SMITH AND WHITE SVY, 50 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | SAN JACINTO | SAN JACINTO CO TX MI<br>C. SMITH SVY, 64 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX MI<br>SEC 253 BLK 97, H&TC SVY: NE/4, 160 ACS<br>LEE .0273438 RI | MINERAL INTEREST | NON PRODUCING |
| TEXAS | SCURRY | SCURRY CO TX NPRI<br>H&TC SVY W H MURPHY, 21 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | SMITH | SMITH CO TX MI<br>CICERO WARREN JAMES CHAFFIN SVY, 53.17 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | SMITH | SMITH CO TX NPRI<br>J.H. SANDERS SVY, J.H. WILKERSON SVY, A. WALSH<br>SVY<br>MRS. WAUNETTE BARR, FEME SOLE, 182.98 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | SMITH | SMITH CO TX MI<br>P LIVELY SVY A-566<br>KARPER-PALUXY GU 1,2,3 | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | TAYLOR | TAYLOR CO TX NPRI<br>NOT SOLD  WM. BISHOP SVY 43 JOHN ADAMS SVY 44 (ROSIE LEE JONES, ET AL), 276.7 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | TRAVIS | TRAVIS CO TX NPRI<br>WILKINSON SPARKS 44 (W. W. BENNETT ET UX), .047 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | TRAVIS | TRAVIS CO TX NPRI<br>WILKINSON SPARKS 4 A-21 (ALLEN M. CAIN), 3.82 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | TRAVIS | TRAVIS CO TX NPRI<br>WILKINSON SPARKS 4 (ALLEN M. CAIN ET UX), 1.16 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | TRAVIS | TRAVIS CO TX NPRI<br>WILKINSON SPARKS 4 (PAUL S. CEDER), 125.24 ACS | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | WALLER | WALLER CO TX MI<br>S. MARSH SVY A-217, 137 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | WALLER | WALLER CO TX MI<br>S. MARSH SVY, 74 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | WALLER | WALLER CO TX MI<br>WINGFIELD LEAGUE, 450 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | WINKLER | WINKLER CO TX MCL<br>SEC 9 BLK B-2 PSL SVY A-1931: N/2 S/2, 160 ACS | MINERAL CLASSIFIED LAND | NON PRODUCING |
| TEXAS | WINKLER | WINKLER CO TX NPRI<br>SEC 42 BLK 21 UNIVERSITY SVY: NW/4 | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | WOOD | WOOD CO TX MI<br>BROOKS & BURLESON SVY A-92, 495.66 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | WOOD | WOOD CO TX  7.5/92.6 RI<br>BERRY SMITH SVY, 92.6 ACS<br>BESSIE CONNOR LSE .0068742RI<br>HAWKINS FIELD UNIT (747 WELLS) RRC 5743 | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | WOOD | WOOD CO TX MI<br>GREEN B WATKINS SVY A-629, 207.9 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | WOOD | WOOD CO, TX 1.25/99 RI<br>BERRY SMITH SVY A-534, 99 ACS<br>J. D. KENNEMER LSE .00106132 RI<br>HAWKINS FIELD UNIT (747 WELLS) RRC 5743 | ROYALTY INTEREST | NON PRODUCING |
| TEXAS | WOOD | WOOD CO TX MI<br>DAVID GILLILAND SVY A-162, 87.7 ACS | MINERAL INTEREST | NON PRODUCING |

| State | County | Legal Description | Interest Type | Status |
|-------|--------|-------------------|---------------|--------|
| TEXAS | YOAKUM | YOAKUM CO TX MI<br>SEC 788 JOHN H GIBSON SVY, 640 ACS<br>SEC 854 JOHN H GIBSON SVY, 640 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | YOAKUM | YOAKUM CO TX MI<br>SEC 756 BLK D JOHN H GIBSON SVY: E/2, 320 ACS | MINERAL INTEREST | NON PRODUCING |
| TEXAS | ZAVALA | ZAVALA CO TX NPRI SVY NO 386, SVY NO 387, SVY NO 388, SVY NO 389, SVYNO 390, SVY NO 391, SVY NO 392, DEWITT LANGFORD ET UX, 2,213.315 ACS | ROYALTY INTEREST | NON PRODUCING |

**<u>EXHIBIT B</u>**

**LIQUIDATION ANALYSIS**

**Boy Scouts of America**

**Exhibit B**

**Liquidation Analysis[1]**

    This hypothetical liquidation analysis (this "Liquidation Analysis") is based on certain estimates and assumptions that the Debtors have developed, with the assistance of their advisors, and which the Debtors consider to be reasonable under the circumstances of the Chapter 11 Cases. These estimates and assumptions are inherently subject to significant economic, operational, legal, and other uncertainties and contingencies that are outside of the Debtors' control. Accordingly, the Debtors cannot provide any assurance that the values reflected in this Liquidation Analysis would be realized if the Debtors were, in fact, to undergo the liquidation discussed herein, and actual results in the event of a liquidation could vary materially from this Liquidation Analysis.

## 1) Introduction

    The Debtors, with the assistance of their legal and financial advisors, have prepared this Liquidation Analysis in connection with the Plan and the Disclosure Statement. As described in Article VIII.C of the Disclosure Statement, section 1112(c) of the Bankruptcy Code provides that the chapter 11 cases of non-profit corporations such as the Debtors may not be involuntarily converted to cases under chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 1112(c) ("The court may not convert a case under [chapter 11] to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion."). Because the Chapter 11 Cases could not be involuntarily converted a chapter 7 liquidation, the Debtors submit that they are not required to satisfy the requirements of section 1129(a)(7) in connection with confirmation of the Plan. Although the Debtors do not believe they are required to satisfy the "best interests of creditors" test embodied in section 1129(a)(7), the Debtors do believe that this Liquidation Analysis will be helpful to holders of Claims as they evaluate their proposed treatment under the Plan. This Liquidation Analysis shall not be construed as or deemed to constitute a waiver or admission of any kind. The Debtors reserve all rights to oppose the applicability of the best interests test in the Chapter 11 Cases.

    The Liquidation Analysis permits holders of Impaired Claims to evaluate whether they will receive or retain value under the Plan on account of their Claims of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. To calculate the probable distribution to holders of Claims in each Impaired Class if the Debtors were liquidated under chapter 7, the Bankruptcy Court will:

    i)    estimate the cash proceeds (the "Liquidation Proceeds") that a chapter 7 trustee (the "Trustee") would generate if the Chapter 11 Cases were converted to cases under chapter 7 on the Effective Date and the assets of the Debtors' Estates were liquidated;

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them the Plan or Disclosure Statement, as applicable.

ii)     determine the distribution each holder of an Impaired Claim would receive from the Liquidation Proceeds under the statutory priority scheme that applies in a case under chapter 7; and

iii)    compare each holder's liquidation distribution to the distribution under the Plan if it were confirmed and consummated.

## 2)   Process and Assumption Overview

This Liquidation Analysis was prepared on a consolidated basis and assumes that the Debtors and all of the Related Non-Debtor Entities with material assets (specifically, National Boy Scouts of America Foundation, Arrow WV, Inc., BSA Asset Management, LLC, and Learning for Life) would be liquidated on a jointly administered but nonconsolidated basis. This Liquidation Analysis has been prepared assuming that the Chapter 11 Cases are converted to chapter 7 on or about August 31, 2021 (the "Conversion Date") and that Related Non-Debtor Entities file for chapter 7 liquidation at that time. Certain of the Related Non-Debtor Entities are not subsidiaries of the BSA but rather are independently incorporated non-stock, non-profit entities. Accordingly, the Liquidation Analysis does not consider any defenses that could be raised by the Related Non-Debtor Entities as to whether their assets would be available to the BSA's creditors, which defenses, if successful, would reduce the recoveries set forth herein. The Debtors have assumed that the liquidation would occur over an approximately six-month time period, which is the minimum time period that would be required to complete the sale of substantially all of the Debtors' unrestricted assets,[2] monetize and collect receivables and other unrestricted assets of the Debtors and Related Non-Debtor Entities, and administer and wind-down the estates. Except as otherwise noted herein, the Liquidation Analysis is based upon the Debtors' and Related Non-Debtor Entities' unaudited pro forma consolidated balance sheets as of December 31, 2020, and those values are assumed to be representative of the Debtors' and Related Non-Debtor Entities' assets and liabilities as of the Conversion Date unless otherwise noted. Any projected balance sheet amounts presented in this Liquidation Analysis are intended to be a proxy for actual balances on the Conversion Date (the "Liquidation Balances"). In addition, this Liquidation Analysis incorporates certain adjustments to account for the effects of the chapter 7 liquidation process, including costs of winding down the Debtors' and Related Non-Debtor Entities' estates, employee-related costs, and professional and Trustee fees.

It is assumed that, on the Conversion Date, the Bankruptcy Court would appoint the Trustee, who would sell the unrestricted assets of the Debtors' and Related Non-Debtor Entities' bankruptcy estates and distribute the Liquidation Proceeds, net of liquidation-related costs, to creditors in accordance with the statutory priority scheme provided for under section 726 of the Bankruptcy Code. To maximize recoveries in an expedited process, this Liquidation Analysis assumes that the Trustee's initial step would be to develop a liquidation plan to generate Liquidation Proceeds from the sale of the Debtors' and Related Non-Debtor Entities' unrestricted

---

[2] For purposes of this Liquidation Analysis, a "restricted" asset is an asset that is subject to enforceable use restrictions under applicable law or an asset that the Debtors or the Related Non-Debtor Entities hold in a fiduciary capacity for the sole benefit of donors, their intended beneficiaries, or members of the public who have entrusted the Debtors or Related Non-Debtor Entities to carry out their charitable mission. The Bankruptcy Code recognizes and enforces these state-law restrictions in bankruptcy cases of charitable non-profit corporations under sections 363(d)(1) and 541(d) of the Bankruptcy Code.

assets for distribution to creditors.  This Liquidation Analysis assumes the appointed Trustee will retain legal and financial advisors and real estate and other brokers to assist in the liquidation.

This Liquidation Analysis assumes that a Trustee would immediately begin the wind-down process following a conversion to chapter 7, with minimal employee and operating costs continuing during the liquidation process.  The Debtors' and Related Non-Debtor Entities' unrestricted assets would be marketed on an accelerated timeline, and asset sales would occur within the six-month wind-down period.  Asset values in the liquidation process are assumed to be driven by, among other factors:

- the accelerated time frame in which the assets are marketed and sold;

- the loss of key personnel;

- negative public sentiment and damage to the BSA's brand; and

- the general forced nature of the sale.

The cessation of operations in a liquidation would likely trigger certain Claims that otherwise would not exist under a Plan absent a liquidation.  Examples of these kinds of Claims include, without limitation, potential employee Claims (such as severance or WARN Act Claims) and executory contract and unexpired lease rejection damages Claims.  The amounts of these Claims could be material and certain of these Claims could be entitled to administrative or priority payment status under the relevant provisions of the Bankruptcy Code.  Administrative and priority Claims would be paid in full from the Liquidation Proceeds before the balance of such proceeds would be made available to holders of allowed general unsecured Claims.  Estimates of certain of these potential additional Claims have been included in the Liquidation Analysis.

No recovery or related litigation costs have been attributed to any potential avoidance actions under the Bankruptcy Code, including potential preference or fraudulent transfer actions due to, among other issues, the cost of such litigation, the uncertainty of the outcome thereof and anticipated disputes regarding these matters.  Additionally, this analysis does not include estimates for tax consequences, either federal or state, that may be triggered upon the liquidation and sale of assets; these tax consequences could be material.

A substantial amount of the Debtors' and certain of the Related Non-Debtors Entities' assets are subject to valid and enforceable donor-imposed restrictions on use or disposition of such assets.[3]  Under applicable law, restricted assets do not constitute property of the estate and would not be available to creditors in a chapter 7 liquidation.[4]  The Liquidation Analysis excludes the

---

[3] The Debtors are continuing to assess their restricted assets in connection with the adversary complaint filed by the Tort Claimants' Committee on January 8, 2021 (Adv. Pro. No. 21-50032).

[4] In a chapter 7 liquidation of a charitable non-profit corporation, courts often apply the *cy pres* doctrine to carry out a donor's intent rather than distribute a restricted donation to creditors.  For example, in *Salisbury v. Ameritrust Tex. N.A. (In re Bishop College)*, 151 B.R. 394 (Bankr. N.D. Tex. 1993), the trustee of a testamentary trust declined to continue to pay trust income to a defunct private college that had commenced chapter 7 proceeds on the basis that the original purpose of the gift—providing scholarships—had become impossible to fulfill.  *Id.* at 396.  The bankruptcy court denied the chapter 7 trustee's turnover action, holding that, "[u]nder Texas law, where the particular charitable purpose for which the trust was created becomes impossible of achievement or illegal or impracticable, the trust does

value of those assets in calculating the gross Liquidation Proceeds. Moreover, certain of the Debtors' properties may be less marketable due to disputes over their classification as being restricted or unrestricted, limitations on their use including requirements to be used in the same manner, or restrictions on commercial development.[5]

In addition, certain other factors could materially diminish the Liquidation Proceeds due to the nature of the Debtors' status as non-profit entities. The Debtors will be required to comply with the applicable non-bankruptcy law that governs non-profit entities in connection with the disposition of their assets. These obligations vary among jurisdictions, but can require, *inter alia*, consent from a state's attorney general or other governmental authorities. State attorneys general may intervene or, depending upon state law, be compelled to intervene, in a chapter 7 liquidation to ensure that the intent of donors is carried out and that the restricted donations are not distributed to creditors.[6] The costs that attend these potential disputes and related delays and uncertainty regarding the same are not factored into this Liquidation Analysis and could reasonably be expected to negatively impact the Liquidation Proceeds.

Under a chapter 7 liquidation, moreover, it is likely that the BSA's defined benefit pension plan would be terminated and the Pension Benefit Guarantee Corporation (the "PBGC") would pursue its Claim of approximately $1.1 billion against all members of the controlled group, which are jointly and severally liable for such amounts and include the Related Non-Debtor Entities. The Debtors expect that under section 4068(a) of ERISA, the PBGC would successfully assert a lien arising as of the termination date against each member of the controlled group in an amount not to exceed 30% of the "collective net worth" of all members of the controlled group combined. However, for any member of the controlled group that has filed for bankruptcy prior to the termination, the automatic stay will generally prevent perfection of any lien under ERISA. The PBGC's Claim could therefore be asserted jointly and severally against each member of the controlled group in the full amount of the approximately $1.1 billion Claim, provided that the PBGC's Claim, to the extent not secured by a lien under ERISA, would likely be treated as a General Unsecured Claim. The Liquidation Analysis assumes that the lien on Related Non-Debtor Entity assets would represent 30% of Liquidation Proceeds remaining for all of the Debtors and Related Non-Debtor Entities combined after wind down costs and secured debt, if any.

Approximately 95,000 Claims alleging Abuse were timely filed against the BSA in the Chapter 11 Cases. The BSA has procured commercial general liability policies from multiple insurers since the 1930s to protect itself from losses including Abuse Claims. This Liquidation Analysis does not account for any recovery from insurance proceeds (irrespective of whether an

---

not fail if the settlor has shown a general intention that his property shall be used for charitable purposes." *Id.* at 400. In this situation, the court reasoned, "the court will exercise its *cy pres* power to authorize that the property be applied to some other some other particular charitable purpose falling within the general intention of the settlor," and that "the court will choose the public charity which is as near as possible to the one designated by the settlor." *Id.*

[5] *In re Save Our Springs (S.O.S.) All., Inc.*, 388 B.R. 202, 239 (Bankr. W.D. Tex. 2008) (finding, in a non-profit chapter 11 case, that "the evidence offered by the debtor regarding its assets and their values . . . [was] credible and substantial" and that such evidence was sufficient to meet the best interests test, "considering the unique nature of the Debtor as a non-profit organization dependent on contributions that are voluntary and may be restricted, and of the Debtor's other assets . . .").

[6] *See In re Bishop College*, 151 B.R. at 397 (observing that the Texas attorney general intervened in the chapter 7 trustee's turnover action, which under Texas law "is required in all disputes involving charitable trusts").

insured Claim relates to Abuse) on the basis that recoveries from such proceeds are assumed to be materially the same or greater under a plan of reorganization that provides for a global resolution of Abuse Claims than under a chapter 7 liquidation.

## 3)    Distribution of Net Proceeds to Claimants

Any available net proceeds would be allocated to holders of Claims in accordance with the priority scheme of section 726 of the Bankruptcy Code:

- Liquidation Adjustments / Super Priority Claims – includes estimated fees paid to the U.S. Trustee and Clerk of the Bankruptcy Court, wind-down costs and certain Professional Fees and broker fees;

- Secured Claims – includes 2010 Bond Claims, 2012 Bond Claims, 2010 Credit Facility Claims, 2019 RCF Claims, and the secured portion of the PBGC's Claim consistent with section 4068(a) of ERISA and PBGC guidance under 29 CFR § 4062.4;

- Chapter 11 Administrative and Priority Claims – includes estimated Claims held by creditors that are able to assert liens on particular assets, including certain trade vendors in addition to Claims for post-petition accounts payable, post-petition accrued expenses including professional fees, taxes, employee obligations, Claims arising under section 503(b)(9) of the Bankruptcy Code, and Unsecured Claims entitled to priority under section 507 of the Bankruptcy Code; and

- General Unsecured Claims – includes prepetition trade Claims, prepetition rejection damages Claims, and other types of prepetition liabilities; Abuse and non-Abuse litigation Claims; and unsecured and unrecovered PBGC Claims.

Under the absolute priority rule, no junior creditor would receive any distributions until all senior creditors are paid in full.  The assumed distributions to creditors as reflected in the Liquidation Analysis are estimated in accordance with the absolute priority rule.

## 4)    Conclusion

This Liquidation Analysis was prepared before the completion of the reconciliation and allowance process for Claims against the Debtors and without any deadline for filing Claims against the Related Non-Debtor Entities' chapter 7 estates in a hypothetical liquidation, and so the Debtors have not had an opportunity to fully evaluate Claims against the Debtors or to adjudicate such Claims before the Bankruptcy Court.  Accordingly, the amount of the final Allowed Claims against the Debtors' estates may differ from the Claim amounts used in this Liquidation Analysis. Additionally, asset values discussed herein may be different than amounts referred to in the Plan, which presumes the reorganization of the Debtors' assets and liabilities under chapter 11 of the Bankruptcy Code.  The estimated liquidation recoveries and proceeds waterfall are presented herein as a consolidated summary of each individual liquidating estate with their estimated recoveries.

The Debtors determined, as summarized in the following analysis, upon the Effective Date,

the Plan will provide all creditors with a recovery (if any) that is not less than what they would otherwise receive pursuant to a liquidation of the Debtors under chapter 7 of the Bankruptcy Code, and thus the Plan satisfies the requirement of 1129(a)(7) of the Bankruptcy Code.

The following Liquidation Analysis should be reviewed with the accompanying notes.

**General Liquidation Summary and Detail**

*Liquidation Proceeds*

A.  Cash and Cash Equivalents – Represents Cash and Cash equivalents of the Debtor and Related Non-Debtor Entities as of the Conversion Date based on the BSA's most recent financial projections, segregated between restricted and unrestricted balances. Restricted cash balances reflect donor imposed restrictions on use and disposition and accordingly such amounts are excluded from the Liquidation Proceeds. The Debtors estimate a 100% recovery on the unrestricted cash balances.

- Cash Securing Letters of Credit – Reflect cash held by JPM to secure a letter of credit issued for the benefit of Old Republic Insurance ("ORIC"). ORIC is assumed to draw on the letter of credit in full and JPM is assumed to be able to recover against this cash collateral in full. The cash is included in the Liquidation Proceeds and in the recovery to JPM.

B.  Investments – Represents investments of the Debtor and Related Non-Debtor Entities as of the Conversion Date based on the BSA's most recent financial projections, segregated between restricted and unrestricted, and excluding non-controlling interest in the BSA Commingled Endowment Fund, LP (*i.e.*, the limited partnership interests owned by the Local Councils). Restricted investment balances reflect donor imposed restrictions on use and disposition and accordingly such amounts are excluded from the Liquidation Proceeds. The Debtors estimate a 100% recovery on unrestricted investments.

C.  Accounts Receivable – Accounts receivable are comprised of invoiced and accrued third party receivables, including receivables from the Local Councils, and other non-trade receivables and deposits. Accounts Receivable is presented based on the BSA's most recent financial statements and is assumed to be materially consistent as of the Liquidation Date. Estimated midpoint recovery percentages for accounts receivable are between approximately 50% and 80%.

D.  Investment Income Receivables – Comprised of accrued investment earnings primarily from the BSA's restricted investment holdings. These amounts are based on the BSA's recent financial statements and balances are assumed to be materially consistent with balances as of the liquidation date. Investment income receivables are excluded from the Liquidation Proceeds.

E.  Pledges Receivable – Pledges receivables reflect unconditional donor pledges at estimated net present collectable value. As the pledges are both donor restricted and highly unlikely to be enforceable in a liquidation they are valued at zero. Additional pledges not reflected on the financial statements are conditional and thus could not be

collected in a liquidation.

F.   Related Party Receivables – Interfund receivables are comprised of amounts due to/from Related Non-Debtor Entities.  These amounts are consolidated and eliminated within this Liquidation Analysis.  The most significant Related Party Receivable is a note receivable due from Arrow, which is secured by a deed of trust in the Summit high adventure facility, Arrow's only asset, and which note is pledged to JPM under the BSA's credit agreements.  In lieu of showing a recovery on this line in the schedule, the recovery from the liquidation of the Summit is reflected as part of Land Building & Equipment below.  Gross recoveries on this note total $35 million.  Proceeds from the intercompany note via the sale of Arrow's assets are assumed to satisfy JPM's Secured Claims.

G.   Inventory – Inventory is primarily comprised of branded and non-branded Boy Scout apparel, High Adventure Base general inventory stock, and other miscellaneous inventory items.  Inventory is presented based on the BSA's most recent financial statements.  Inventory is assumed to be materially consistent as of liquidation date as in the BSA's current financial statements.  Estimated recoveries are based on liquidation assumptions that include only sellable apparel and stock at substantially discounted values.  Inventory reserves are not contemplated within this analysis.

H.   Prepaid and Deferred Charges – Primarily comprised of prepaid Insurance Policies, professional fees, and deferred expenses.  Prepaids are presented based on the BSA's most recent financial statements.  Prepaid insurance recoveries are estimated based on a detailed breakdown of 2021-2022 plan year Insurance Policies, prorated for recoveries as of the liquidation period.  Prepaid professional fees are assumed to be recovered 100% and applied against administrative professional fee Claims in a liquidation scenario.  Deferred charges are recovered at 0% of current financial statement balances.

I.   Land, Building, and Equipment (net) – Primarily comprised of the BSA's national headquarters, High Adventure Bases, distribution center, various furniture and fixtures, and software and computers.  Land, building, and equipment balances are presented based on the Debtor and Related Non-Debtor Entities most recent financial statements.  Pro forma balances represent the following:

- National HQ, Scouting U, National Distribution Center, the High Adventure Bases (Philmont, Sea Base, and Northern Tier), and Summit are presented based on valuations conducted by third party experts during the course of this bankruptcy and reflect estimates of the fair market value of the respective properties.  The BSA also owns a portfolio of Oil and Gas Interests.  These rights, and the value of the rights, are not included within the financial statements, however, are included in the pro forma fair market value balance of land, building, and equipment based on a recent third party valuation report.

- The remaining balance of land, building, and equipment which primarily includes furniture, fixtures, capital and project improvements, and software and computers is estimated to be materially consistent to the BSA's most recent financial statements.

- Pro forma balances are present before depreciation and amortization.

After a review of the assets, the Debtors and their advisors concluded that the forced sale of the Debtors' assets in the compressed timeframe that typically occur during a chapter 7 liquidation would likely result in a valuation discount relative to "fair value." The liquidation value of land, buildings, and equipment is stratified based on estimated recoveries ranging from 80% to 85% recovery on the national headquarters, distribution center, High Adventure Bases, Summit, and Oil and Gas Interests. Recoveries on remaining assets are expected to be minimal based on the nature of the assets and the circumstances of a chapter 7 liquidation. Total land, building, and equipment recoveries range from 50% to 60% of pro forma values.

Certain of the BSA's properties are collateral for JPM's Secured debt. These properties include the national headquarters, Philmont Scout Ranch, and the High Adventure Bases at Sea Base and Northern Tier. Liquidation proceeds from these properties are assumed to satisfy JPM's Secured debt first, with any remaining proceeds made available to creditors based on priority. As noted above, the value of the Summit which flows to BSA through a note receivable is also reflected in the value of land, building and equipment and is subject to JPM's security interest.

The sale of certain of the High Adventure Bases and other properties could be disputed by third parties, potentially driving down their value or barring them from sale entirely if determined to be restricted property and non-alienable under applicable law; however, that issue is not addressed herein given the JPM lien. Similarly the High Adventure Bases are core to the mission of scouting and as such may not be subject to liquidation or the proceeds may not be available to all creditors.

J.    <u>Other Assets</u> – Other assets are primarily comprised of miscellaneous equipment located at the Summit property, pooled and gift annuity investments, and off-balance sheet art. Balances are presented based on BSA's most recent financial statements with the exception of the Artwork balances which are based primarily on a 2012 appraisal. Recoveries are assumed between 50% and 80% for Artwork given indications that the value of the Artwork would be significantly depressed in a sale over a compressed timeframe as well as the impact of the BSA bankruptcy and Abuse Claims on the value of the Artwork, while the remaining balance of other assets is assumed to recovery 100% for pooled and gift annuity investments and between 5% and 25% for Summit assets. Note that it is possible that the beneficiaries of the annuities and pooled investments would try to assert some type of priority to those assets which would reduce the liquidation value. In addition some of these assets are core to the mission of scouting as such may not be available to all creditors.

There is no value attributed to the Debtors' intellectual property given that it derives from a Congressional charter that is non-transferable and thus it is unclear if any value could be derived.

*Liquidation Distributions*

K.  <u>Operational Wind Down Costs</u> represent an estimate of the costs incurred during a liquidation of the assets of the Debtor and Related Non-Debtor Entities and reflect BSA and its advisor's most recent budget for operational expenses during 2021 under a wind down scenario.  Wind down costs primarily include payroll, and related expenses, costs to maintain the BSA's supply and distribution center, high adventure base operating costs, general liability and other Insurance Policies, and other non-high adventure base operating expenses.  Operating expenses are assumed to reduce significantly during a liquidation between 25% and 75% of projected monthly costs.  Further, wind down expenses are reduced on a month to month basis during the liquidation period to account for expected closures of facilities and further reductions in labor force as the liquidation process progresses.

L.  <u>Chapter 7 Trustee Fees</u> would be limited to the fee guidelines in Section 326(a) of the Bankruptcy code.  The Debtors assumed that trustee fees are approximately 3% of entity gross Liquidation Proceeds.

M.  <u>Chapter 7 Professional Fees</u> include the estimated cost for financial advisors, attorneys and other professionals retained by the Trustee.  In the Liquidation Analysis, chapter 7 professional fees are estimated to be approximately 1.5% of gross Liquidation Proceeds excluding current cash on-hand.  These fees are applied on an individual basis across each liquidating entity based on the estimated Liquidation Proceeds available to each Estate excluding current Cash on-hand.  However, this amount can fluctuate based on length and complexity of the wind-down process and could be substantially greater than the amounts assumed herein.

N.  <u>Claims Processing Costs</u> include an estimate of the costs of administering Claims to various claimants, primarily Abuse litigation claimants.  Estimates reflect a minimum of $1 million.

O.  <u>Secured Lender Professional Fees</u> are estimated between $700 thousand and $1 million during the liquidation period.

P.  <u>Broker Fees</u> include the estimated cost to market and dispose of substantially all of the BSA's land, building, equipment and Artwork.  In the Liquidation Analysis, chapter 7 broker fees are estimated to be approximately 2.0% of gross Liquidation Proceeds from these asset classes.

*Claims*

Q.  <u>Secured Claims</u>

- The Liquidation Analysis assumes that all letters of credit are drawn and as a result the outstanding funded debt totals $328 million.  Debt is assumed to be Secured by the gross Liquidation Proceeds of certain of the BSA's real property assets, unrestricted Cash, unrestricted investments, and certain accounts receivable balances including the note receivable from Arrow WV which is Secured by the Summit high

9

adventure facility. In addition the debt benefits from replacement liens pursuant to the Cash Collateral Order to the extent of any diminution in value of the collateral. Secured debt is estimated to be recovered at 100% of total Claims.

- The Liquidation Analysis assumes that a portion of the PBGC Claim, asserted against Related Non-Debtor Entities, is Secured by a lien in the amount of 30% of Liquidation Proceeds remaining for all of the Debtors and Related Non-Debtor Entities combined after wind down costs and Secured debt, if any. The Secured PBGC Claim is estimated between $19 million and $28 million.

R.    Administrative and Priority Claims

- The Liquidation Analysis assumes that priority Claims consist of priority employee benefits pursuant to Section 507(a)(4) of the Bankruptcy code which are estimated to be $20 million as of the Conversion Date, comprised primarily of accrued employee benefit costs, severance, seasonal and part time payroll costs, and 503(b)(9) Claims. Full time salaried employees assumed to be paid current immediately prior to the Conversion Date.

- Post-Petition Professional Fees as of the Conversion Date are estimated to be $31 million. Post-Petition Trade Claims are estimated to be $18 million as of the Conversion Date based on BSA's most recent financial projections.

- Administrative and priority Claims are estimated to recover between 77% and 100% in the Liquidation Analysis.

S.    General Unsecured Claims

- The below chart reflects the aggregation of individual Liquidation Analyses of the Debtors and, independently, the Related Non-Debtor Entities. Administrative Claims of the Debtors are deficient in the low and mid recovery scenarios, and no proceeds remain available for General Unsecured Claims in either the low or mid recovery scenarios.

- The Liquidation Analysis estimates that there will be between $0 million and $14 million of proceeds available to satisfy General Unsecured Claims. As some of these proceeds may be from assets that are core to the mission of scouting, it is possible that some or all of this value may only be available for certain core creditor Claims including that of the PBGC.

- General Unsecured Claims are assumed to include estimated Abuse litigation Claims, unrecovered unsecured PBGC Claim, employee-related Claims (primarily Restoration Plan Claims), contract rejection Claims, and pre-petition trade payables and accrued liabilities.

- Non-Abuse litigation Claims are assumed to recovery from applicable insurance and are not contemplated in the Liquidation Analysis.

- An estimate of the remaining unrecovered asserted PBGC Claim of $1.1 billion is included in the General Unsecured Claims pool.

- Contract rejection Claims are estimated to be $8 million and do not include any estimates for additional executory contract rejection Claims arising as a result of the liquidation.

## *Summary Liquidation Analysis*

| Assets | Note | Book Value at 12/31/2020 | Adjustments to BV | Pro Forma BV / FMV | Estimated Recovery (%) Low | Mid | High | Estimated Recovery ($ 000s) Low | Mid | High |
|---|---|---|---|---|---|---|---|---|---|---|
| Cash and Cash Equivalents | A | $ 118,069 | $ (10,119) | $ 107,951 | 100% | 100% | 100% | $ 107,951 | $ 107,951 | $ 107,951 |
| Cash and Cash Equivalents: Restricted | A | 32,704 | (8,205) | 24,499 | 0% | 0% | 0% | - | - | - |
| Investments | B | 128,209 | (71,379) | 56,830 | 100% | 100% | 100% | 56,830 | 56,830 | 56,830 |
| Investments: Restricted | B | 171,289 | (1,258) | 170,032 | 0% | 0% | 0% | - | - | - |
| Accounts Receivable | C | 10,315 | 218 | 10,533 | 54% | 56% | 57% | 5,709 | 5,869 | 6,029 |
| Investment Income Receivable | D | 601 | - | 601 | 0% | 0% | 0% | - | - | - |
| Pledges Receivable | E | 17,301 | - | 17,301 | 0% | 0% | 0% | - | - | - |
| Related Party Receivables | F | 359,913 | (359,913) | - | 0% | 0% | 0% | - | - | - |
| Inventory | G | 58,583 | 16,690 | 75,273 | 8% | 9% | 10% | 5,881 | 6,617 | 7,352 |
| Prepaid and Deferred Charges | H | 15,492 | - | 15,492 | 23% | 23% | 23% | 3,529 | 3,529 | 3,529 |
| Land, Building, and Equipment (Net) | I | 479,750 | (114,357) | 365,393 | 58% | 60% | 63% | 211,849 | 220,984 | 230,119 |
| Other | J | 17,337 | 59,337 | 76,673 | 48% | 60% | 72% | 36,908 | 46,220 | 55,532 |
| **Total Gross Liquidation Proceeds** | | **$ 1,409,564** | **$ (488,985)** | **$ 920,579** | **47%** | **49%** | **51%** | **$ 428,658** | **$ 448,000** | **$ 467,341** |
| ( - ) Less Cost of Liquidation | | | | | | | | | | |
| ( - ) Liquidation Wind-Down Expenses | K | | | | | | | $ (13,465) | $ (15,841) | $ (18,217) |
| ( - ) Chapter 7 Trustee Fees | L | | | | | | | (13,907) | (14,518) | (15,129) |
| ( - ) Trustee's Professional Fees | M | | | | | | | (4,313) | (5,074) | (5,835) |
| ( - ) Claims Processing Costs | N | | | | | | | (1,000) | (1,000) | (1,000) |
| ( - ) Secured Lender Professional Fees | O | | | | | | | (715) | (842) | (968) |
| ( - ) Broker Fees | P | | | | | | | (4,827) | (5,187) | (5,546) |
| **Total Liquidation Costs** | | | | | | | | **$ (38,227)** | **$ (42,461)** | **$ (46,695)** |
| **Total Net Liquidation Proceeds** | | | | | | | | **$ 390,431** | **$ 405,539** | **$ 420,646** |

| | Note | Estimated Claims Pool (High) | Estimated Recovery (%) Low | Mid | High | Estimated Recovery ($ 000s) Low | Mid | High |
|---|---|---|---|---|---|---|---|---|
| **Secured Claims** | | | | | | | | |
| JPMorgan Funded Debt | | $ 232,262 | 100% | 100% | 100% | $ 232,262 | $ 232,262 | 232,262 |
| JPMorgan Letters of Credit | | 95,842 | 100% | 100% | 100% | 95,842 | 95,842 | 95,842 |
| PBGC Termination Claim | | 27,763 | 34% | 34% | 34% | 9,466 | 9,473 | 9,479 |
| **Total Secured Claims** | Q | **$ 355,867** | **95%** | **95%** | **95%** | **$ 337,571** | **$ 337,577** | **$ 337,583** |
| **Proceeds Available After Secured Claims** | | | | | | **$ 52,860** | **$ 67,962** | **$ 83,064** |
| **Administrative / Priority Tax Claims** | | | | | | | | |
| Employee Related Claims | | $ 20,051 | 77% | 99% | 100% | $ 15,446 | $ 19,858 | $ 20,051 |
| Professional Fee Claims | | 30,535 | 77% | 99% | 100% | 23,521 | 30,241 | 30,535 |
| Post-Petition Trade Claims | | 18,035 | 77% | 99% | 100% | 13,893 | 17,862 | 18,035 |
| **Total Administrative / Priority Tax Claims** | R | **$ 68,621** | **77%** | **99%** | **100%** | **$ 52,860** | **$ 67,962** | **$ 68,621** |
| **Proceeds Available for General Unsecured Creditors** | | | | | | **$ -** | **$ -** | **$ 14,443** |

## *Consolidating Mid-Point Recoveries of Debtors and Related Non-Debtor Entities*

| | Estimated Mid-Point Recovery ($ 000s) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | BSA Debtors | Foundation | Arrow | Endowment | BSAAM | Learning for Life | Intercompany | Consolidated Debtors & Related Non-Debtors |
| **Assets** | | | | | | | | |
| Cash and Cash Equivalents | $ 107,950 | $ - | $ - | $ - | $ - | $ 0 | $ (0) | $ 107,951 |
| Cash and Cash Equivalents: Restricted | - | - | - | - | - | - | - | - |
| Investments | 47,078 | 9,497 | - | - | - | 256 | - | 56,830 |
| Investments: Restricted | - | - | - | - | - | - | - | - |
| Accounts Receivable | 5,767 | 102 | - | - | - | - | - | 5,869 |
| Investment Income Receivable | - | - | - | - | - | - | - | - |
| Pledges Receivable | - | - | - | - | - | - | - | - |
| Related Party Receivables | 33,520 | - | - | - | - | - | (33,520) | - |
| Inventory | 6,617 | - | - | - | - | - | - | 6,617 |
| Prepaid and Deferred Charges | 3,529 | - | - | - | - | - | - | 3,529 |
| Land, Building, and Equipment (Net) | 185,584 | 90 | 35,310 | - | - | - | - | 220,984 |
| Other | 46,220 | - | - | - | - | - | - | 46,220 |
| **Total Gross Liquidation Proceeds** | **$ 436,264** | **$ 9,689** | **$ 35,310** | **$ -** | **$ -** | **$ 0** | **$ 256** | **$ (33,520)** | **448,000** |
| **( - ) Less Cost of Liquidation** | | | | | | | | |
| ( - ) Liquidation Wind-Down Expenses | $ (15,841) | $ - | $ - | $ - | $ - | $ - | $ - | $ (15,841) |
| ( - ) Chapter 7 Trustee Fees | (13,113) | (315) | (1,084) | - | (0) | (6) | - | (14,518) |
| ( - ) Trustee's Professional Fees | (4,925) | (145) | - | - | - | (4) | - | (5,074) |
| ( - ) Claims Processing Costs | (1,000) | - | - | - | - | - | - | (1,000) |
| ( - ) Secured Lender Professional Fees | (842) | - | - | - | - | - | - | (842) |
| ( - ) Broker Fees | (4,479) | (2) | (706) | - | - | - | - | (5,187) |
| **Total Liquidation Costs** | **$ (40,198)** | **$ (462)** | **$ (1,790)** | **$ -** | **$ (0)** | **$ (10)** | **$ -** | **$ (42,461)** |
| **Total Net Liquidation Proceeds** | **$ 396,066** | **$ 9,226** | **$ 33,520** | **$ -** | **$ 0** | **$ 246** | **$ (33,520)** | **405,539** |

| | Estimated Recovery ($ 000s) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | BSA Debtors | Foundation | Arrow | Endowment | BSAAM | Learning for Life | Intercompany | Subtotal BSA National |
| **Secured Claims** | | | | | | | | |
| JPMorgan Funded Debt | $ 232,262 | $ - | $ - | $ - | $ - | $ - | $ - | $ 232,262 |
| JPMorgan Letters of Credit | 95,842 | - | - | - | - | - | - | 95,842 |
| BSA Secured Intercompany Note | - | - | 33,520 | - | - | - | (33,520) | - |
| PBGC Termination Claim | - | 9,226 | - | - | 0 | 246 | - | 9,473 |
| **Total Secured Claims** | **$ 328,104** | **$ 9,226** | **$ 33,520** | **$ -** | **$ 0** | **$ 246** | **$ (33,520)** | **337,577** |
| **Proceeds Available After Secured Claims** | **$ 67,962** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ 67,962** |
| **Administrative / Priority Tax Claims** | | | | | | | | |
| Employee Related Claims | $ 19,858 | $ - | $ - | $ - | $ - | $ - | $ - | $ 19,858 |
| Professional Fee Claims | 30,241 | - | - | - | - | - | - | 30,241 |
| Post-Petition Trade Claims | 17,862 | - | - | - | - | - | - | 17,862 |
| **Total Administrative / Priority Tax Claims** | **$ 67,962** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ 67,962** |
| **Proceeds Available for General Unsecured Creditors** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** |

13

# EXHIBIT C

**FINANCIAL PROJECTIONS**

**Boy Scouts of America**

**Exhibit C**

**Financial Projections[1]**

## Overview / Basis of Projections

The Debtors believe that the Plan meets the feasibility requirement set forth in section 1129(a)(11) of the Bankruptcy Code (*see* <u>Article VIII</u> of the Disclosure Statement), as Confirmation is not likely to be followed by liquidation or the need for further financial reorganization of the Debtors or any successors under the Plan.  In connection with the development of the Plan and to determine whether the Plan satisfies the feasibility standard, the Debtors analyzed their ability to satisfy their financial obligations while maintaining sufficient liquidity and capital resources.

The Debtors prepared consolidated condensed financial projections herein (the "<u>Financial Projections</u>") based on, among other things, the projected results of operations, financial position, free cash flow and balance sheet of the Debtors and the Related Non-Debtor Entities.  With the assistance of the Debtors' advisors, the Debtors' management team developed and refined the business plan and prepared consolidated financial projections for the fiscal years ending December 31, 2021 through December 31, 2025.

Although the Financial Projections represent the Debtors' commercially reasonable estimates and good faith judgment (for which the Debtors' management team believes it has a reasonable basis) of the results of future operations, financial position, and cash flows of the Debtors, the Financial Projections are only estimates and actual results may vary considerably from the Financial Projections.  Consequently, the Financial Projections should not be regarded as a representation by the Debtors, the Debtors' advisors or any other person that the projected results of operations, financial position, or free cash flow of the Debtors will be achieved.  The Financial Projections are based on forecasts that may be significantly impacted by, among other factors, the prolonged impact of COVID-19, changes in demand for the Debtors' programming, member and youth preferences, and changes in terms with material suppliers and vendors.  Consequently, the estimates and assumptions underlying the Financial Projections are inherently uncertain and are subject to material operational, economic, and other uncertainties.

The Financial Projections have been prepared by management, with the assistance of their advisors, using accounting policies that are generally consistent with those applied in the Debtors' historical financial statements.  The Financial Projections were not, however, prepared with a view toward compliance with guidelines established by the American Institute of Certified Public Accountants, or the Financial Accounting Standards Board.  The Financial Projections have not been examined or compiled by independent accountants.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

1

The Financial Projections should be read in conjunction with the significant assumptions, qualifications and notes set forth below, as well as the assumptions, qualifications and explanations set forth in the Disclosure Statement. *See* Article IX of the Disclosure Statement – Risk Factors.

THE FINANCIAL PROJECTIONS CONTAIN CERTAIN STATEMENTS THAT ARE "FORWARD-LOOKING" WITHIN THE MEANING OF THE PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995. THESE STATEMENTS ARE SUBJECT TO A NUMBER OF ASSUMPTIONS, RISKS AND UNCERTAINTIES, MANY OF WHICH ARE BEYOND THE CONTROL OF THE DEBTORS, INCLUDING THE IMPLEMENTATION OF THE PLAN, THE CONTINUING AVAILABILITY OF SUFFICIENT BORROWING CAPACITY OR OTHER FINANCING TO FUND OPERATIONS, MAINTAINING GOOD EMPLOYEE, MEMBER, AND DONOR RELATIONS, EXISTING AND FUTURE GOVERNMENTAL REGULATIONS AND ACTIONS OF GOVERNMENT BODIES, NATURAL DISASTERS AND UNUSUAL WEATHER CONDITIONS, ACTS OF TERRORISM OR WAR, ORGANIZATIONAL-SPECIFIC RISK FACTORS (AS DETAILED IN ARTICLE IX OF THE DISCLOSURE STATEMENT ENTITLED "RISK FACTORS"), AND OTHER MARKET AND COMPETITIVE CONDITIONS. HOLDERS OF CLAIMS AND INTERESTS ARE CAUTIONED THAT THE FORWARD-LOOKING STATEMENTS SPEAK AS OF THE DATE MADE AND ARE NOT GUARANTEES OF FUTURE PERFORMANCE. ACTUAL RESULTS OR DEVELOPMENTS MAY DIFFER MATERIALLY FROM THE EXPECTATIONS EXPRESSED OR IMPLIED IN THE FORWARD-LOOKING STATEMENTS, AND THE DEBTORS UNDERTAKE NO OBLIGATION TO UPDATE ANY SUCH STATEMENTS.

THE FINANCIAL PROJECTIONS, WHILE PRESENTED WITH NUMERICAL SPECIFICITY, ARE NECESSARILY BASED ON A VARIETY OF ESTIMATES AND ASSUMPTIONS WHICH, THOUGH CONSIDERED REASONABLE BY THE DEBTORS, MAY NOT BE REALIZED AND ARE INHERENTLY SUBJECT TO SIGNIFICANT OPERATIONAL, ECONOMIC, REGULATORY AND FINANCIAL UNCERTAINTIES AND CONTINGENCIES, MANY OF WHICH ARE BEYOND THE DEBTORS' CONTROL AND WILL BE BEYOND REORGANIZED BSA'S CONTROL. THE DEBTORS CAUTION THAT NO REPRESENTATIONS CAN BE MADE OR ARE MADE AS TO THE ACCURACY OF THE FINANCIAL PROJECTIONS OR THE REORGANIZED BSA'S ABILITY TO ACHIEVE THE PROJECTED RESULTS. SOME ASSUMPTIONS INEVITABLY WILL BE INACCURATE. MOREOVER, EVENTS AND CIRCUMSTANCES OCCURRING SUBSEQUENT TO THE DATE ON WHICH THE DEBTORS PREPARED THESE FINANCIAL PROJECTIONS MAY BE DIFFERENT FROM THOSE ASSUMED, OR, ALTERNATIVELY MAY HAVE BEEN UNANTICIPATED, AND THUS THE OCCURRENCE OF THESE EVENTS MAY AFFECT FINANCIAL RESULTS IN A MATERIALLY ADVERSE OR MATERIALLY BENEFICIAL MANNER. EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR DISCLOSURE STATEMENT, THE DEBTORS AND REORGANIZED BSA, AS APPLICABLE, DO NOT INTEND AND UNDERTAKE NO OBLIGATION TO UPDATE OR OTHERWISE REVISE THE FINANCIAL PROJECTIONS TO REFLECT EVENTS OR CIRCUMSTANCES EXISTING OR ARISING AFTER THE DATE THE DISCLOSURE STATEMENT IS INITIALLY FILED OR TO REFLECT THE OCCURRENCE OF UNANTICIPATED EVENTS. THEREFORE, THE FINANCIAL

PROJECTIONS MAY NOT BE RELIED UPON AS A GUARANTY OR OTHER ASSURANCE OF THE ACTUAL RESULTS THAT WILL OCCUR.  IN DECIDING WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN, HOLDERS OF CLAIMS MUST MAKE THEIR OWN DETERMINATIONS AS TO THE REASONABLENESS OF SUCH ASSUMPTIONS AND THE RELIABILITY OF THE FINANCIAL PROJECTIONS AND SHOULD CONSULT WITH THEIR OWN ADVISORS.

> **THE DEBTORS BELIEVE THAT THE CONFIRMATION AND CONSUMMATION OF THE PLAN ARE NOT LIKELY TO BE FOLLOWED BY THE LIQUIDATION OR FURTHER REORGANIZATION OF REORGANIZED BSA OR ITS SUCCESSORS.  ACCORDINGLY, THE DEBTORS BELIEVE THAT THE PLAN SATISFIES THE FEASIBILITY REQUIREMENT OF SECTION 1129(A)(11) OF THE BANKRUPTCY CODE.**

## Accounting Policies

The Financial Projections have been prepared using accounting policies that are consistent with those applied in the Debtors' historical financial statements.

Upon emergence from chapter 11, Reorganized BSA will implement "fresh start" reporting pursuant to Statement of Position 90-7, "Financial Reporting by Entities in Reorganization Under the Bankruptcy Code," as codified in Accounting Standards Codification ("ASC") Topic 852, "Reorganization."  The main principles of fresh start reporting require that the value of the emerging entity be allocated to all of the entity's assets in conformity with the procedures specified by Statement of Financial Accounting Standards ("SFAS") No. 141R, "Business Combinations," as codified in ASC Topic 805, "Business Combinations," and any portion of the value that cannot be attributed to specific tangible or identifiable intangible assets of the emerging entity is required to be reported as goodwill.

## Assumptions and Methodologies to the Financial Projections

### General Assumptions

The Financial Projections were developed on a consolidated basis for the Debtors and the Related Non-Debtor Entities and take into account the assumptions noted below, as well as the current environment in which the Debtors operate, including many economic and financial forces that are beyond the control of the Debtors.  The Debtors are a not-for-profit entity providing outdoor-focused youth programming in the United States, its territories and certain locations outside of the United States, both directly at four high adventure facilities owned or operated by the BSA and indirectly through approximately 252 Local Councils which collectively charter more than 50,000 Cub Scout, Scouts BSA and affiliated programs units.  Economic growth or slowdowns on a national or regional basis, including continuing impacts from COVID-19, may

impact the Debtors' and Reorganized BSA's revenues and expenses.  In addition, general trends and changes within the market for youth programming and the ability of the BSA and the Local Councils to raise donations to support their programming may impact performance.

- **Plan and Effective Date:** The Financial Projections assume that the Plan will be consummated in accordance with its terms and that all transactions contemplated by the Plan will be consummated by August 31, 2021 and that Reorganized BSA will continue to conduct operations substantially similar to their businesses currently.

- **Forecast Period:** The Debtors prepared the Financial Projections based on, among other things, the anticipated future financial condition and results of operations of Reorganized BSA and the terms of the Plan.  The Debtors prepared consolidated Financial Projections of the Boy Scouts of America for the years ending December 31, 2021 through December 31, 2025.

- **Foundation Loan:** The Financial Projections assume the Debtors receive proceeds from a second-lien term loan made on the Effective Date by the Foundation in the amount of $42.8 million (the "Foundation Loan").  The Foundation Loan will provide for equal quarterly amortization over the 10-year period following the Effective Date with an annual interest rate of 6.5%.

- **Trust Contribution:** The Financial Projections assume the Debtors contribute to the Settlement Trust on the Effective Date all of the Unrestricted Cash and Investments as of the Effective Date, after Reorganized BSA has received the proceeds of the Foundation Loan, less (i) $75,000,000, which shall be funded first from the proceeds of the Foundation Loan, (ii) an amount of Cash equal to the JPM Exit Fee, (iii) an amount of Cash sufficient to fund all unpaid Allowed Administrative Expense Claims, (iv) without duplication, an amount of Cash sufficient to fund the Professional Fee Reserve, (v) an amount of Cash equal to the Creditor Representative Fee Cap, and (vi) the amount of Cash estimated to be required to satisfy Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Secured Claims, and Allowed Convenience Claims.  Additionally, the Financial Projections assume the Debtors contribute to the Settlement Trust on the Effective Date all of the BSA's right, title and interest in and to (a) Scouting University, (b) the Artwork, (c) the Oil and Gas Interests, and (d) the Warehouse and Distribution Center, subject to the Leaseback Requirement, or the proceeds of a third-party sale-leaseback of the Warehouse and Distribution Center for fair market value.

- **JPM / Creditors' Committee Settlement:** The Financial Projections assume that holders of Allowed General Unsecured Claims will be paid a total of $25 million in four equal semi-annual installments over the 24-month period following the Effective Date; a liability has therefore been established on Reorganized BSA's balance sheet for such obligation. The Financial Projections also assume amortization under the Restated Debt Documents will not be payable until 24 months after the Effective Date.

**Projected Income Statement**

Operating Surplus / (Deficit) After Restriction Release is not a measure of financial performance under GAAP, and is not intended to represent cash flow from operations under GAAP. However, Operating Surplus is utilized as a measure of operations and the Debtors' ability to meet indebtedness service requirements. The Projected Consolidated Statements of Operations do not reflect potential impacts from fresh start accounting. Certain restructuring expenses related to financing may be capitalized and amortized over time; however, are reflected herein as expensed when incurred.

**Revenue Assumptions**

a. <u>Membership Levels</u> – Membership levels are assumed to decrease in 2021 by 13%, primarily due to the impact of COVID-19 on programing, but are forecasted to stabilize between 2023 to 2024 and achieve modest growth in 2024 and 2025 driven by the following factors:
   - Adjustments to programming and operations to account for reduced membership, including the departure of Scouts affiliated with the Church of Jesus Christ of Latter-day Saints.
   - Channeling all Abuse Claims to the Settlement Trust, which will remove a significant impediment to the Debtors' continued operational success.
   - Broadening program access for girls and young women, thus potentially doubling total potential participants in Cubs Scouts and Scouts BSA age groups.
   - Reimaging public relations campaign to bolster positive visibility and move the organization past bankruptcy, which can generate new interest in Scouting and generate increased donations.
   - Improving the organization's online registration system.
   - Improving the rechartering system for Local Councils and Chartered Organizations.
   - Expanding delivery methods that make it easier for individuals who might not have access to a local Scouting unit to participate through lone Cub Scouting and increasing these Scouts' virtual experience.
   - Gradual restoration of Local Council resources / refocus on membership growth.

b. <u>Registration Fees</u> – Consist of membership fees and joining fees for youth members and adult volunteers. Assumes marginal annual fee increases for traditional youth members from 2021-2025, roughly corresponding to an inflationary rate.

c. <u>Supply Operations</u> – Consist of retail and wholesale sales of apparel, badges, equipment, and other merchandise sold at Scout Shops, online, and to Local Councils and third parties. Assumes COVID-19 impacts are largely diminished by the summer of 2021 and the traditionally high sales season in the fall is not anticipated to be significantly impacted. Assumes annual price increases from 2021-2025 to offset inflation and sales volume fluctuates with membership.

d. <u>High Adventure Facilities ("HAF")</u> – Consist of registration fees to attend the facilities, trading post sales, and other revenues. Assumes the BSA retains all four HAFs and all

5

HAFs return to normal operations for the summer of 2021.  Assumes modest annual price increases for 2021-2025.  Attendance is assumed to be slightly reduced in 2023 due to the assumption that the National Jamboree (as described below) is held, but is anticipated to stabilize in 2024 and beyond.

e.  <u>National Jamboree</u> – Consist of fees from Scouts and volunteers for a large-scale Scout event typically held every four years.  Assumes events to be held in 2023 and 2026, with revenue largely recorded in such years.

f.  <u>Other Revenues</u> – Consist of service fees paid from Local Councils, other event fees, unrestricted contributions, unit charter fees, and other miscellaneous revenues.  Other revenues are largely consistent with preliminary 2020 results.  Oil and gas royalties cease as the Effective Date as the underlying rights are contributed to the Settlement Trust on the Effective Date.

**Expense Assumptions**

a.  <u>Payroll & Benefits</u> – Expenses forecasted to decline in 2021 driven by annualizing the impact of headcount reductions implemented in 2020, slightly offset by an increase in the retirement policy for defined benefit pension and 403(b) funding from 7.75% to 12% of eligible wages.  Assumes 2.5% annual wage increases and 3.5% annual benefits inflation from 2021-2025.

Note that the BSA provides certain benefits to Local Council employees at cost and also collects contributions to the defined benefit pension plan on the same percentage of wages.  These amounts are not reflected in the projections as they are as passed through.  Other than the contributions to the defined benefit pension plan from the retirement policy by both the BSA and the Local Councils, no other contributions to the plan are expected to be required during the forecast period.  Pursuant to the Plan, the Restoration Plan, a non-qualified retirement plan, is terminated and therefore there is no ongoing expense associated.

b.  <u>Supply Operating Expenses</u> – Assumes 2.5% annual wage increases for full-time employees from 2021-2025.  Assumes cost of goods sold, part-time wages and other operating costs are largely variable based on sales volume.  Assumes the National Distribution Center is contributed to the Settlement Trust on the Effective Date, and space is leased-back to the BSA.

c.  <u>High Adventure Facilities Expenses</u> – Assumes 2.5% annual wage increases for full-time employees from 2021-2025.  Assumes seasonal employees and some operating costs are variable based on revenue and scout attendance.

d.  <u>GLIP Expenses</u> – Predominately consist of insurance premiums and 2021 estimates reflect the current assessment of the insurance renewal process, which are slightly reduced from 2020 amounts.  Insurance premiums are assumed to increase 4% annually from 2022-2025.  Assumes no changes in the current insurance programs.  Expenses also include some legal

and administrative fees, which are assumed to remain stable throughout the projection period.

e.  Other Expenses – Consist of external services, operating, information technology, travel, marketing, facilities, non-GLIP insurance, National Jamboree-related, and other expenses. 2021 is assumed to be relatively stable to 2020 with additional cost cuts offsetting areas of higher post-COVID activity. National Jamboree expenses are expected to drive 2023 expense increases.

**Free Cash Flow Assumptions**

a.  Debt Service – Assumes the Prepetition Obligations, owed to JPM, are amended and restated on the Effective Date on terms that are substantially the same as the terms of the Prepetition Debt Documents, except that (i) the obligations under the Restated Debt Documents will be secured by a blanket lien on all of the BSA's assets; (ii) the maturity dates under the Restated Debt Documents are extended ten years after the Effective Date; (iii) there is a 24-month amortization holiday under the Restated Debt Documents, with deferred amortization amounts to be paid at maturity; (iv) the revolving credit facility provided under the 2019 RCF Documents will be frozen and converted to a term loan; and the Restated Debt Documents will provide for the Excess Cash Sweep (as discussed below). As the financial statements are presented on a consolidated basis, the Foundation Loan is an intercompany payable from the BSA to the Foundation and thus eliminated on the balance sheet, such amortization and interest is shown as debt service for illustrative purposes.

b.  Capital Expenditures – Reflect estimate for capital projects for the High Adventure Facilities, IT systems, and Supply operations. Assumes roughly stable spending over the forecast period.

c.  Other Working Capital Changes – Changes in working capital reflect usage of inventory in relation to Supply sales, changes to unearned income related to estimated HAF attendance, increases in insurance premium prepaid amounts, and timing of payments for the National Jamboree.

d.  Excess Cash Sweep – The Financial Projections assume that 25% of the Excess Cash and Investments in excess of $75 million, if any, will be applied pro rata by facility to outstanding JPM debt principal balances under the Restated Debt Documents on December 31, 2023, December 31, 2024, and December 31, 2025. Such principal payments are additional to the regularly scheduled amortization payments and will reduce the balloon principal amounts due at maturity. For simplicity, these amounts are shown paid on December 31 of the applicable year; however, they will actually be due 45 days later.

## Projected Consolidated Unrestricted Income Statement

| ($ in millions) | Actual | Preliminary | Financial Projections | | | | | Total |
|---|---|---|---|---|---|---|---|---|
| Year | 2019 [1] | 2020 [1] | 2021 | 2022 | 2023 | 2024 | 2025 | 2021 - 2025 |
| **Year-end Youth Membership Estimates** | 2,118 | 1,195 | 1,050 | 994 | 978 | 984 | 1,011 | |
| **Revenues** | | | | | | | | |
| Registration Fees | $ 65 | $ 88 | $ 73 | $ 74 | $ 75 | $ 79 | $ 83 | $ 384 |
| Supply Operations (Gross) | 119 | 51 | 83 | 80 | 80 | 82 | 87 | 412 |
| High Adventure Facilities (Gross) | 58 | 15 | 63 | 60 | 61 | 71 | 73 | 328 |
| National Jamboree Fees | - | - | - | 4 | 16 | - | 4 | 24 |
| Other Revenues [2] | 181 | 33 | 33 | 39 | 39 | 40 | 41 | 192 |
| **Total Revenues** | 423 | 187 | 252 | 257 | 271 | 272 | 288 | 1,341 |
| **Operating Expenses** | | | | | | | | |
| Payroll and Benefits (Excluding Supply & HAF) [3] | 68 | 56 | 43 | 44 | 45 | 46 | 47 | 225 |
| Supply Operating Expenses [3] | 99 | 57 | 69 | 68 | 68 | 70 | 72 | 347 |
| High Adventure Facilities Operating Expenses [3] | 47 | 30 | 50 | 48 | 48 | 51 | 51 | 247 |
| GLIP Expenses (Gross) | 112 | 49 | 41 | 42 | 43 | 45 | 46 | 217 |
| Other Expenses [2] | 185 | 36 | 33 | 33 | 49 | 31 | 35 | 182 |
| **Total Expenses** | 511 | 228 | 235 | 235 | 254 | 243 | 252 | 1,218 |
| **Operating Surplus / (Deficit)** | $ (89) | $ (41) | $ 17 | $ 22 | $ 18 | $ 29 | $ 36 | $ 122 |
| (before Debt Service, Depreciation and Restructuring) | | | | | | | | |
| Net Assets Released from Restrictions | 12 | 8 | 4 | 4 | 4 | 4 | 4 | 19 |
| **Operating Surplus / (Deficit) After Restriction Release** | $ (77) | $ (33) | $ 21 | $ 26 | $ 21 | $ 33 | $ 40 | $ 141 |
| **Cash Flow Items** | | | | | | | | |
| Debt Service - Interest [4] | (7) | (7) | (8) | (10) | (10) | (9) | (9) | (47) |
| Debt Service - Principal [4] | (11) | (2) | (1) | (4) | (10) | (18) | (19) | (52) |
| Excess Cash Sweep [5] | - | - | - | - | (1) | (1) | (3) | (5) |
| Capital Expenditures (Non-Summit) | (16) | (5) | (4) | (4) | (4) | (4) | (4) | (21) |
| Other Working Capital Changes | 52 | 67 | 12 | (2) | 0 | 1 | 3 | 14 |
| **Cash Flow Items** | 18 | 53 | (1) | (21) | (25) | (32) | (32) | (111) |
| **Estimated Unrestricted Free Cash Flow** | $ (59) | $ 20 | $ 20 | $ 5 | $ (3) | $ 1 | $ 8 | $ 30 |

(before Depreciation, Restructuring, Creditor Settlements/Contributions)

(1) 2019 results are unaudited and 2020 results are preliminary and unaudited
(2) 2019 Other Revenue and Other Expenses are increased due to the World Scout Jamboree, which was a one-time large event
(3) Payroll and benefits represent G&A/corporate expenses. Payroll related to High Adventure Facilities ("HAF") and Supply is captured in HAF and Supply operating expenses
(4) Includes quarterly principal and interest for the Foundation Loan
(5) Reflects 25% of estimated unrestricted cash and investments above $75 million as of December 31, if any, to be applied to JPMs principal balances beginning in 2023

## Projected Pro Forma Consolidated Balance Sheet – August 31, 2021

| ($ in millions) | Pre-Emergence 8/31/2021 | | Reorganization Adjustments | | | Post-Emergence 8/31/2021 | |
|---|---|---|---|---|---|---|---|
| **Assets** | | | | | | | |
| Cash and Cash Equivalents | | | | | | | |
| Cash and cash equivalents - Unrestricted | $ | 45 | $ | (27) | (a.) | $ | 18 |
| GAAP Restricted Cash - LC Cash Collateral | | 63 | | (63) | (b.) | | - |
| Donor Restricted Cash | | 24 | | - | | | 24 |
| Total cash and cash equivalents | | 132 | | (90) | | | 43 |
| Investments, at fair value | | | | | | | |
| Investments - Unrestricted | | 57 | | - | | | 57 |
| Investments - Donor Restricted | | 172 | | (43) | (c.) | | 129 |
| Total Investments, at fair value | | 228 | | (43) | | | 186 |
| Accounts receivable | | 19 | | - | | | 19 |
| Pledges receivable | | 17 | | - | | | 17 |
| Other receivables | | 1 | | - | | | 1 |
| Gift annuities | | 6 | | - | | | 6 |
| Prepaid expenses | | 27 | | - | | | 27 |
| Inventories | | 56 | | - | | | 56 |
| Land, buildings, and equipment, net | | 470 | | (3) | (d.) | | 468 |
| Other | | 12 | | - | | | 12 |
| **Total Assets, excluding Non-Controlling Interests** | $ | 967 | $ | (135) | | $ | 832 |
| **Liabilities** | | | | | | | |
| Accounts payable and accrued liabilities | $ | 61 | $ | (10) | (e.) | $ | 50 |
| Gift annuities | | 6 | | - | | | 6 |
| Unearned fees and subscriptions | | 31 | | - | | | 31 |
| Secured funded debt | | 232 | | 29 | (f.) | | 261 |
| Insurance reserves | | 239 | | (232) | (g.) | | 7 |
| **Total liabilities** | $ | 568 | $ | (214) | (h.) | $ | 354 |
| **Net Assets** | | | | | | | |
| Unrestricted Net Assets - controlling interest | $ | 195 | $ | 122 | | $ | 317 |
| Restricted Net Assets - controlling interest | | 204 | | (43) | | | 161 |
| **Total Net Assets, excluding Non-Controlling Interests** | $ | 399 | $ | 79 | (i.) | $ | 478 |
| **Total Net Assets and Liabilities, excluding Non-Controlling Interests** | $ | 967 | $ | (135) | | $ | 832 |
| Estimated Unrestricted Liquidity | $ | 102 | $ | (27) | | $ | 75 |

## Notes to Projected Pro Forma Balance Sheet

The pro forma balance sheet adjustments contained herein account for (i) the reorganization and related adjustments pursuant to the Plan and (ii) the estimated impact from the implementation of fresh start accounting pursuant to ASC Topic 852, "Reorganization."

The Debtors have not yet completed their fresh start reporting analysis. The Financial Projections have limited fresh start accounting adjustments and the values ultimately used by the Debtors in implementing fresh start reporting may differ from this estimate. Likewise, the Debtors' allocation of values to individual assets and liabilities is based upon preliminary estimates that are subject to change upon the formal implementation of fresh start reporting and could result in material differences to the allocated values included in these Financial Projections. For purposes

of estimating the impact of fresh start accounting, the Debtors' have assumed that the book value of all of their assets are adjusted to fair market value.

a. <u>Exit Costs / Cash Contributions</u> – The net change in unrestricted cash of $(27) million is comprised of the following components:

- <u>Professional Fee Reserve</u> – Restructuring professional fees outstanding as of the Effective Date, which are estimated to be approximately $31 million are reserved and not part of Reorganized BSA's assets.
- <u>Proceeds of the Foundation Loan</u> – The Foundation is assumed to issue a $42.8 million loan to Reorganized BSA on the Effective Date, which is to be transferred from the Foundation's restricted investments.
- <u>Administrative Expense Claims Reserve</u> – Administrative claims, estimated as approximately $450,000, are assumed to be paid on the Effective Date.
- <u>Creditor Representative Fee Cap</u> – Reorganized BSA will reserve on the Effective Date $100,000, which is the maximum amount of reasonable fees and actual and necessary costs and expenses payable by Reorganized BSA to the Creditor Representative.
- <u>Allowed Other Priority Claims</u> – Other priority claims, estimated as less than $100,000 are assumed to be paid on the Effective Date.
- <u>Allowed Convenience Claims</u> – Convenience claims, estimated as approximately $2.7 million, are assumed to be paid on the Effective Date.
- <u>JPM Exit Fee</u> – The facility exit fee is assumed to be approximately $1.3 million and to be paid on the Effective Date.
- <u>Trust Contributions</u> – The Financial Projections assume that the Net Unrestricted Cash and Investments which are estimated at approximately $35 million, will be contributed to the Settlement Trust.

b. <u>Cash Collateral</u> – Assumes substantially all letters of credit are drawn on the Effective Date and are converted to funded debt. Approximately $63 million cash collateral is assumed to be used to partially reimburse JPM for such draws.

c. <u>Restricted Investments</u> – Reflects, from a consolidated BSA perspective, the transfer of cash from the Foundation's restricted investments as loaned to Reorganized BSA.

d. <u>Land, Buildings and Equipment</u> – The Scouting University building and the Warehouse and Distribution Center are assumed to be contributed to the Settlement Trust as of the Effective Date. No changes assumed in remaining values or depreciation expense pending fresh start accounting.

e. <u>Accounts Payable</u> – Assumes outstanding restructuring professional fees (estimated to be approximately $31 million) are reserved on the Effective Date. All prepetition trade liabilities, which are estimated to be approximately $5 million, will be settled in accordance with the terms of the Plan. Note that the other General Unsecured Claims comprised of Restoration Plan Claims and Deferred Compensation claims were not recorded on the

Debtor's pre-emergence balance sheet and thus no reduction for the resolution of those claims is reflected. A new $25 million liability for the Core Value Cash Pool is established.

f.  <u>Post-Emergence Capital Structure</u> – The Plan contemplates a restructured capital structure for the Debtors consisting of (a) $40 million of 2010 Notes, (b) $146 million of 2012 Notes, (c) a $64 Revolving Credit Facility, (d) an $11 million Term Loan, and (e) $5 million of undrawn letters of credit, which are off balance sheet. Assumes approximately $91 million of letters of credit are drawn on the Effective Date and converted to secured funded debt, which are partially reimbursed by the $63 million of cash collateral outstanding. Note that while the Foundation Loan is to be issued on the Effective Date, it is treated as an intercompany loan and not funded debt.

g.  <u>Insurance Reserves</u> – Prepetition liability amounts are assumed to be eliminated on the Effective Date as Abuse Claims will be channeled to the Settlement Trust and Non-Abuse Litigation Claims will recover from available Insurance Coverage. Post-emergence amounts relates to non-general liability insurance.

h.  The defined benefit Pension Plan assets and liabilities are not reflected on the balance sheet.

i.  Represents the net accounting gain from completion of the reorganization.

11

## Projected Consolidated Balance Sheet [1]

| ($ in millions) | Actual [2] | Preliminary [2] | Financial Projections [3] | | | | |
|---|---|---|---|---|---|---|---|
| Year Ending | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
| **Assets** | | | | | | | |
| Cash and Cash Equivalents | | | | | | | |
| Cash and cash equivalents - Unrestricted | $ 94 | $ 55 | $ 43 | $ 36 | $ 20 | $ 20 | $ 28 |
| GAAP Restricted Cash - LC Cash Collateral | 63 | 63 | - | - | - | - | - |
| Donor Restricted Cash | 42 | 33 | 23 | 23 | 23 | 23 | 23 |
| Total cash and cash equivalents | 199 | 151 | 67 | 59 | 43 | 44 | 52 |
| Investments, at fair value | | | | | | | |
| Investments - Unrestricted | 130 | 132 | 57 | 57 | 57 | 57 | 57 |
| Investments - Donor Restricted | 148 | 167 | 133 | 145 | 158 | 172 | 186 |
| Total Investments, at fair value | 277 | 299 | 190 | 202 | 215 | 229 | 243 |
| Accounts receivable | 22 | 10 | 14 | 14 | 14 | 14 | 14 |
| Pledges receivable | 36 | 17 | 17 | 17 | 17 | 17 | 17 |
| Other receivables | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| Gift annuities | 7 | 6 | 6 | 6 | 6 | 6 | 6 |
| Prepaid expenses | 28 | 15 | 15 | 16 | 16 | 16 | 16 |
| Inventories | 67 | 59 | 47 | 47 | 47 | 47 | 47 |
| Land, buildings, and equipment, net | 497 | 480 | 463 | 448 | 434 | 420 | 406 |
| Other | 12 | 12 | 12 | 12 | 12 | 12 | 12 |
| **Total Assets, excluding Non-Controlling Interests** | $ 1,147 | $ 1,050 | $ 831 | $ 821 | $ 804 | $ 804 | $ 813 |
| **Liabilities** | | | | | | | |
| Accounts payable and accrued liabilities | $ 106 | $ 63 | $ 53 | $ 41 | $ 26 | $ 26 | $ 29 |
| Gift annuities | 7 | 6 | 6 | 6 | 6 | 6 | 6 |
| Unearned fees and subscriptions | 43 | 53 | 51 | 48 | 51 | 52 | 52 |
| Secured funded debt | 225 | 232 | 261 | 261 | 254 | 240 | 222 |
| Insurance reserves | 235 | 239 | 7 | 7 | 7 | 7 | 7 |
| **Total liabilities** | $ 615 | $ 593 | $ 377 | $ 362 | $ 344 | $ 330 | $ 316 |
| **Net Assets** | | | | | | | |
| Unrestricted Net Assets - controlling interest | $ 309 | $ 257 | $ 288 | $ 281 | $ 269 | $ 270 | $ 278 |
| Restricted Net Assets - controlling interest | 223 | 200 | 166 | 178 | 191 | 204 | 219 |
| **Total Net Assets, excluding Non-Controlling Interests** | $ 533 | $ 457 | $ 454 | $ 459 | $ 460 | $ 475 | $ 497 |
| **Total Net Assets and Liabilities, excluding Non-Controlling Interests** | $ 1,147 | $ 1,050 | $ 831 | $ 821 | $ 804 | $ 804 | $ 813 |
| Estimated Unrestricted Liquidity [4] | $ 224 | $ 188 | $ 100 | $ 92 | $ 77 | $ 77 | $ 85 |

Footnotes:
(1) Presented excluding non-controlling interests
(2) 2019 is unaudited. 2020 reflects preliminary, unaudited results. Amounts are subject to change
(3) Financial Projections reflect limited fresh start accounting assumptions and do not include any significant revaluation of assets
(4) Consists of unrestricted cash & equivalents and unrestricted investments

## Projected Consolidated Statement of Cash Flows

| ($ in millions) | Preliminary [1] | Financial Projections | | | | |
| Year Ending | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Operating Surplus / (Deficit) After Restriction Release** | $ (33) | $ 21 | $ 26 | $ 21 | $ 33 | $ 40 |
| Interest Expense | (7) | (8) | (10) | (10) | (9) | (9) |
| Cash Restructuring / Reorganization Expenses [2] | (56) | (146) | - | - | - | - |
| JPM / Creditors' Committee Settlement Cash Payments | - | - | (13) | (13) | - | - |
| *Changes in Assets & Liabilities* | | | | | | |
| Unearned Income and Prepaid Expenses | 23 | (2) | (3) | 3 | 1 | 0 |
| Accounts receivable | 12 | (4) | (0) | - | - | - |
| Pledges receivable | 19 | - | - | - | - | - |
| Other receivables | 0 | - | - | - | - | - |
| Gift annuities | 1 | - | - | - | - | - |
| Inventories | 9 | 12 | - | - | - | - |
| Other | 1 | - | - | - | - | - |
| Accounts payable and accrued liabilities (excluding restructuring) | (16) | (3) | 1 | (3) | - | 3 |
| Gift annuities | (1) | - | - | - | - | - |
| Other / Adjustments [3] | 13 | 5 | - | - | - | - |
| **Cash Flow from Operating Activities** | (35) | (125) | 1 | (1) | 24 | 34 |
| Capital Expenditures | (11) | (8) | (8) | (8) | (8) | (8) |
| Investment Transfers / Disbursements [4] | - | 118 | - | - | - | - |
| Donor Restricted Cash Usage (Summit Capital Expenditures) | 9 | 4 | 4 | 4 | 4 | 4 |
| **Cashflow from Investing Activities** | (2) | 114 | (4) | (4) | (4) | (4) |
| Amortization | (2) | (1) | (4) | (10) | (18) | (19) |
| Excess Cash Sweep | - | - | - | (1) | (1) | (3) |
| **Cashflow from Financing Activities** | (2) | (1) | (4) | (11) | (19) | (22) |
| **Total Change in Unrestricted Cash** (excluding unrestricted investments) | $ (39) | $ (12) | $ (8) | $ (16) | $ 1 | $ 8 |
| Beginning Unrestricted Cash Balance (excluding investments) | 94 | 55 | 43 | 36 | 20 | 20 |
| Ending Unrestricted Cash Balance (excluding investments) | 55 | 43 | 36 | 20 | 20 | 28 |

Footnotes:
(1) 2020 reflects preliminary, unaudited results. Amounts are subject to change
(2) Includes estimated cash restructuring fees paid and contributions to trust on the Effective Date
(3) Includes non-cash working capital adjustments, such as reserves for inventory and pledge receivables in 2020
(4) Reflects transfers from unrestricted investment account to cash for restructuring and operating expenses, as well as proceeds from the Foundation Loan
   via Foundation's restricted investments