IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 2019 |

**ORDER SUSTAINING DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (I) EXACT DUPLICATE CLAIMS (II) AMENDED AND SUPERSEDED CLAIMS AND (III) INCORRECT DEBTOR CLAIMS (NON-ABUSE CLAIMS)**

Upon the *Debtors' First Omnibus (Non-Substantive) Objection to Certain (I) Exact Duplicate Claims (II) Incorrect Debtor Claims and (III) Amended and Superseded Claims* (the "Objection"),[2] of the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, pursuant to Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Phillips Declaration and found and determined that the relief sought in the Objection is in the best interests of the Debtors, the Debtors' estates and creditors, and other parties in interest and that

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Objection is sustained as provided herein.

2. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

3. Each Exact Duplicate Claim listed in the column titled "Duplicate Claim to be Disallowed" identified on **Schedule 1** hereto is disallowed and expunged in its entirety. The Exact Duplicate Claims listed in the column titled "Remaining Claim" identified on **Schedule 1** hereto shall remain on the Claims Register, subject to the Debtors' further objections on any substantive or non-substantive grounds and further order of the Court.

4. Each Amended and Superseded Claim listed in the column titled "Amended Claim to be Disallowed" identified on **Schedule 2** hereto is disallowed and expunged in its entirety. The Amended and Superseded Claims listed in the column titled "Surviving Claim" identified on **Schedule 2** hereto shall remain on the Claim Register, subject to the Debtors' further objections on any substantive or non-substantive grounds.

5. Each Incorrect Debtor Claim identified on **Schedule 3** hereto is reassigned as a claim against the correct Debtor or Debtors, as noted in the column marked "Correct Debtor" on **Schedule 3** hereto, provided, however, that such Incorrect Debtor Claims may be subject to further modification or disallowance by an order of the Court upon further objection by the Debtors on any substantive or non-substantive grounds.

6. The objection by the Debtors to the Disputed Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each

such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Disputed Claim.

7. Any stay of this Order pending appeal by any holder of a Disputed Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

8. The Debtors, Omni, and the Clerk of this Court are authorized to modify the official Claims Register for these chapter 11 cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

9. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

10. Nothing in the Objection or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

11. This Order is immediately effective and enforceable.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: March 5th, 2021**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE