# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 19, 2021 at 10:00 a.m. (ET)**<br>**Objection Deadline: March 24, 2021 at 4:00 p.m. (ET)** |

**FOURTH INTERIM FEE APPLICATION OF SIDLEY AUSTIN LLP,
AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM NOVEMBER 1, 2020 TO JANUARY 31, 2021**

In accordance with the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 341] (the "Compensation Procedures Order"), Sidley Austin LLP ("Sidley"), attorneys to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submits this fourth interim fee application (this "Application"), requesting that the Court (i) award interim allowance of Sidley's compensation for professional services rendered during the period from November 1, 2020, to and including January 31, 2021 (the "Application Period") in the amount of $99,766.87, consisting of $95,631.50 in fees and $4,135.37 in actual and necessary expenses, without prejudice to Sidley's right to seek additional compensation for services performed and expenses incurred during the Application Period, if any, which were not processed at the time of this Application, (ii) direct payment of the difference between the amounts allowed and any

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

amounts previously paid pursuant to the Compensation Procedures Order, and (iii) grant such other and further relief as is just and proper.

Specifically, Sidley requests that the Court award interim allowance of the fees and expenses that were the subject of the following Monthly Fee Applications (as defined in the Compensation Procedures Order) that were filed during the Application Period:

| Date Filed; D.I. | Period Covered | Total Fees Requested | Total Expenses Requested | CNO Date; D.I. | Amount of Fees Allowed (80%) | Amount of Expenses Allowed (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|---|
| 12/22/20; D.I. 1864 | 11/1/20-11/30/20 | $60,270.00 | $1,886.90 | 1/6/21; D.I. 1909 | $48,216.00 | $1,886.90 | $12,054.00 |
| 1/26/21; D.I. 1982 | 12/1/20-12/31/20 | $28,205.00 | $1,116.72 | 2/10/21; D.I. 2159 | $22,564.00 | $1,116.72 | $5,641.00 |
| 2/26/21; D.I. 2279 | 1/1/21-1/31/21 | $7,156.50 | $1,131.75 | *Pending* | *Pending* | *Pending* | $1,431.30 |
| **TOTAL** | | **$95,631.50** | **$4,135.37** | | **$70,780.00** | **$3,003.62** | **$19,126.30** |

**Exhibits A**, **B**, and **C** attached hereto contain certain schedules pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2] In addition, Sidley states as follows in response to the questions set forth in paragraph C.5 of the U.S. Trustee Guidelines:

    a.    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **During the Application Period, Sidley did not agree to any variations from, or alternatives**

---

[2] Details of Sidley's fees and expenses for the Compensation Period are attached to Sidley's monthly fee applications as Exhibits A and B, respectively [D.I. 1864, 1982 and 2279].

      **to, its standard or customary billing rates, fees, or terms for services pertaining to this engagement.**

b.    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **The fees sought in this Application were not higher by 10% or more than the fees budgeted for the Application Period. Furthermore, with the departure of Jessica Lauria and certain other former Sidley attorneys to the White & Case firm, most all of the work for the client has been transitioned to White & Case.**

c.    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **The professionals included in this Application did not vary their hourly rate based on the geographic location of the bankruptcy case.**

d.    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees. **This Application does not include any fees dedicated to reviewing or revising time records or preparing, reviewing, or revising invoices that would not normally be compensable outside of bankruptcy. Any invoice preparations done in the ordinary course are handled by billing specialists for which the firm does not charge any time. The only fees incurred in connection with such matters is conforming the**

**invoices for UST compliance purposes and in connection with preparing exhibits to fee applications filed with the Court. In those instances, the fees are mostly generated by lower paralegal hourly rates and are a small percentage of the total fees in the case.**

e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. **The time period covered by this Application includes approximately 1.20 hours with a value of $1,530.00 spent by Sidley to ensure that the time entries subject to this Application do not disclose privileged or confidential information. This review and any revisions associated therewith are a necessary component of Sidley's fee applications.**

f. If the fee application includes any rate increases since retention:

  (i) Did your client review and approve those rate increases in advance? **This Application does not include any rate increases since the effective date of the Court's approval of Sidley's retention.**

  (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? **This Application does not include rate increases since the effective date of the Court's approval of Sidley's retention.**

*[Remainder of Page Intentionally Left Blank]*

5

WHEREFORE, Sidley respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 10, 2021<br>Wilmington, Delaware | SIDLEY AUSTIN LLP<br><br>*/s/ Thomas A. Labuda*<br>Thomas A. Labuda (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br><br>ATTORNEYS FOR THE DEBTORS AND<br>DEBTORS IN POSSESSION |

## SUMMARY OF PRIOR INTERIM APPLICATIONS

| Application; D.I. | Time Period | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| First Interim D.I. 948 | 2/18/20-4/30/20 | $4,196,866.00 | $53,873.26 | $4,196,866.00 | $53,873.26 |
| Second Interim D.I. 1207 | 5/1/20-7/31/20 | $4,094,602.50 | $60,904.93 | $3,924,625.10[1] | $60,904.93[2] |
| Third Interim D.I. 1768 | 8/1/20-10/31/20 | $2,951,599.50 | $45,020.56 | $2,888,518.25[3] | $45,020.56 |

---

[1] Total fee amount reduced by $169,977.40 per Fee Examiner Final Report (D.I. 1825). The interim order approving these fees and costs was entered on 3/8/21 at D.I. 2330.

[2] There was a typographical error of $.30 in the costs requested for the 2nd interim period. Instead of $60,904.93, the allowed amount should be $60,904.63. To date Sidley has only received $60,904.63 in costs for the 2nd interim period and waives the remaining 30 cents.

[3] Total fee amount reduced by $63,081.25 per Fee Examiner Final Report (D.I. 2150). As of the date of filing, the interim order approving these fees and costs are still pending.

## SUMMARY OF TOTAL FEES AND HOURS
## BY ATTORNEYS AND PARAPROFESSIONALS

| Name | Position Area of Expertise | Year of Admission / Years of Experience | Hourly Billing Rate | Total Hours Billed[1] | Total Compensation |
|---|---|---|---|---|---|
| Thomas A. Labuda | Partner Restructuring | 1994 | $1,275 | 22.20 | $28,305.00 |
| Melanie Walker | Partner Litigation | 2000 | $1,100 | .40 | $440.00 |
| William A. Evanoff | Counsel Restructuring | 2000 | $1,000 | 1.20 | $1,200.00 |
| Karim Basaria | Associate Litigation | 2012 | $955 | 1.10 | $1,050.50 |
| William E. Curtin | Associate Restructuring | 2002 | $920 | 30.70 | $28,244.00 |
| Shafaq Hasan | Associate Restructuring | 2020 | $570 | .50 | $285.00 |
| Natalie C. Jenkins | Paralegal Litigation | 16 years | $340 | 2.50 | $850.00 |
| David J. Lutes | Paralegal Restructuring | 35 years | $460 | 66.20 | $30,452.00 |
| Gloria Rios | Paralegal Litigation | 16 years | $340 | 9.50 | $3,230.00 |
| Andres Fonseca | Project Assistant Litigation | 1 year | $250 | 2.00 | $500.00 |
| Stephen Moon Park | Project Assistant Litigation | 1 year | $250 | 4.30 | $1,075.00 |
| | | | **Total** | **140.60** | **$95,631.50** |
| | | | **Blended Rate** | | **$680.17** |

---

[1] Sidley charges non-working travel time at 50% of regular hourly rates in accordance with Local Rule 2016-2(d)(viii).

| SUMMARY OF COMPENSATION BY PROJECT CATEGORY | | |
|---|---|---|
| **Project Category** | **Hours Billed** | **Fees Sought ($)** |
| 01 - Administrative Expense Claims | 0.00 | $0.00 |
| 02 - Adversary Proceedings and Bankruptcy Litigation | 28.80 | $17,306.50 |
| 03 - Asset Dispositions | 0.00 | $0.00 |
| 04 - Automatic Stay | 22.50 | $24,640.50 |
| 05 - Bar Date, Noticing and Claims Reconciliation | 0.00 | $0.00 |
| 06 - Case Administration | 5.00 | $2,875.50 |
| 07 - Chapter 11 Plan Matters | 0.00 | $0.00 |
| 08 - Communications with Client | 0.00 | $0.00 |
| 09 - Corporate Governance and Board Matters | 0.00 | $0.00 |
| 10 - Customer and Vendor Issues | 0.00 | $0.00 |
| 11 - Disclosure Statement | 0.00 | $0.00 |
| 12 - Donor Issues | 0.00 | $0.00 |
| 13 - Employee and Labor Issues | 0.00 | $0.00 |
| 14 - Exclusivity | 0.00 | $0.00 |
| 15 - Executory Contracts and Leases | 0.00 | $0.00 |
| 16 - FCR Issues and Communications | 0.00 | $0.00 |
| 17 - Fee Applications | 66.10 | $36,142.50 |
| 18 - Financing Matters and Cash Collateral | 0.00 | $0.00 |
| 19 - First Day and Second Day Motions | 0.00 | $0.00 |
| 20 - General Case Strategy | 0.00 | $0.00 |
| 21 - Hearings and Court Matters | 4.20 | $4,574.00 |
| 22 - Insurance Issues | .70 | $732.50 |
| 23 - Non-Bankruptcy Litigation | .30 | $171.00 |
| 24 - Non-Working Travel[2] | 0.00 | $0.00 |
| 25 - Professional Retention | 0.00 | $0.00 |
| 26 - Public Relation Issues | 0.00 | $0.00 |
| 27 - Schedules and Statements | 0.00 | $0.00 |
| 28 - Tax Issues | 0.00 | $0.00 |
| 29 - Unsecured Creditor Issues and Communications | 1.20 | $408.00 |
| 30 - UST Issues and Reporting | 0.00 | $0.00 |
| 31 - Utility Issues and Adequate Assurance | 0.00 | $0.00 |
| 32 - Local Council Issues and Communications | 1.50 | $510.00 |
| 33 - Property of the Estate Issues | 0.00 | $0.00 |
| 34 – Bankruptcy Appeals | 0.00 | $0.00 |
| 35 – Mediation | .10 | $127.50 |
| 36 – Fee Examiner Issues and Communications | 10.20 | $8,143.50 |
| **Total** | **140.60** | **$95,631.50** |

---

[2] Sidley charges non-working travel time at 50% of regular hourly rates in accordance with Local Rule 2016-2(d)(viii).

## EXPENSE SUMMARY

| Category | Amount |
|---|---:|
| Delivery Services/Messenger | $2.00 |
| Legal Support Services | $2,824.50 |
| On-line Research (Westlaw, Lexis, Pacer and related services) | $1,297.60 |
| Telephone (includes non-local calls, conference calls) | $11.27 |
| **TOTAL:** | **$4,135.37** |