# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**FIFTH SUPPLEMENTAL DECLARATION OF DEREK C. ABBOTT IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b), FED. R. BANKR. P. 2014 AND 2016, AND DEL. BANKR. L.R. 2014-1 AND 2016-1, AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS _NUNC PRO TUNC_ TO THE PETITION DATE**

I, Derek C. Abbott, hereby declare under penalty of perjury:

1.　　I am a partner at Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), which maintains an office for the practice of law at 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801. I am an attorney at law, duly admitted and in good standing to practice in the state of Delaware, as well as in the United States District Court for the District of Delaware.

2.　　I submit this declaration (the "Fifth Supplemental Declaration") to supplement my declaration, dated March 17, 2020, attached as Exhibit A to the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b), Fed R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

Nunc Pro Tunc *to the Petition Date* (D.I. 205) (the "Application") filed on March 17, 2020.[2] This Fifth Supplemental Declaration does not replace anything set forth in the Application, or any previously submitted declaration except as expressly set forth herein.[3]

3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.[4]

4. Morris Nichols continues to conduct, research into its relations with the Debtors, their creditors, and other parties interested in these cases. As part of this inquiry, Morris Nichols obtained the names of additional individuals or entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest") annexed hereto as **Schedule 1**. Morris Nichols then entered the names of the Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Morris Nichols. This inquiry revealed that certain of the Potential Parties in Interest were current or former Morris Nichols clients (the list of such clients is referred to herein as the "Client Match List").[5]

5. Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Morris Nichols attorneys responsible for certain clients listed on the Client Match List, Morris Nichols determined that the representation of the clients on the Client Match List concerned matters unrelated to these chapter 11 cases. In

---

[2] Capitalized terms not defined herein are defined in the Application. Morris Nichols does not waive by the Application, this Fifth Supplemental Declaration, and its contents, and hereby reserves and preserves all privileges.

[3] As of the filing of this Fifth Supplemental Declaration, Morris Nichols has filed three previous supplemental declaration at docket numbers 780, 1353, 1612, and 1666.

[4] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Morris Nichols and are based on information provided by them.

[5] To the extent that a Client Match Entity disclosed in either **Schedule 2** or **Schedule 3** attached to this Fifth Supplemental Declaration is not an "affiliate" (as such term is defined in section 101(2) of the Bankruptcy Code) of or is otherwise unrelated to a Potential Party in Interest, such Client Match Entity shall not be construed as an affiliate of or entity related to such Potential Party in Interest and Morris Nichols reserves all rights with respect thereto.

particular, to the best of my knowledge, information and belief, (a) Morris Nichols currently serves as counsel to those entities, and/or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 2** on matters unrelated to these chapter 11 cases; and (b) Morris Nichols formerly represented those entities, and/or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 3** on matters unrelated to these cases.  Although Morris Nichols values all of its clients, none of the entities listed on the Client Match List represent significant financial revenues for Morris Nichols.[6]  Morris Nichols's computer data base covers a period of more than three years prior to the filing of this Fifth Supplemental Declaration; however, as a matter of practice, Morris Nichols has not listed on **Schedule 3** former clients for such prior period (consistent with the disinterested time frames of three years).

6.      Should any additional information relevant to Morris Nichols' retention and employment in the above-captioned cases come to Morris Nichols' attention, Morris Nichols will file additional supplemental declarations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 12, 2021
        Wilmington, Delaware

                                                            */s/ Derek C. Abbott*
                                                            Derek C. Abbott

---

[6]  None of the entities listed on the Client Match List represent greater than 1% of Morris Nichols' revenue over the last 3 years.