**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. _____** |

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a)**
**AND 502(c), (I) AUTHORIZING AN ESTIMATION OF**
**CURRENT AND FUTURE ABUSE CLAIMS AND (II) ESTABLISHING**
**PROCEDURES AND SCHEDULE FOR ESTIMATION PROCEEDINGS**

Upon the Motion,[2] dated March 16, 2021 (the "Motion"), of the Future Claimants'

Representative (the "FCR"), the Official Committee of Tort Claimants (the "TCC"), and the

Coalition of Abused Scouts for Justice (the "Coalition"), pursuant to sections 105(a) and 502(c)

of the Bankruptcy Code, for entry of an order (i) authorizing the estimation of the aggregate

amounts of current and future Abuse Claims by type of abuse, by local council, by chartered

sponsoring organization, and on a year-by-year basis, all as more fully described in the Motion,

and (ii) establishing a schedule for an estimation proceeding before the Court; and this Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and this Court having reviewed the Motion; the Court having held a hearing to consider

the relief requested in the Motion; and this Court having determined that the legal and factual

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

bases set forth in the Motion establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth herein.

2.      The Court will hold a hearing, under sections 105(a) and 502(c) of the Bankruptcy Code, to estimate the Debtors' aggregate liability for Abuse Claims in the manner and for the purposes set forth in the Motion (the "Estimation Hearing").

3.      The following deadlines and procedures shall govern the estimation proceeding:

    a.      Within 7 days after entry of the Order granting this Motion, any party in interest that wishes to submit evidence in connection with the estimation hearing shall file a Notice of Estimation Participating Party, in the form attached hereto as Exhibit B. The Movants and each party that timely files the Notice of Estimation Participating Party shall be a Participating Party. Any party in interest other than the Movants that fails to timely file a Notice of Estimation Participating Party within such time period shall be barred from submitting evidence in connection with the estimation hearing, provided, however, that nothing in the Order granting this Motion shall limit or restrict the rights of any party in interest to defend or respond to discovery requests, including, without limitation, defending or objecting to the taking of depositions and responding to subpoenas, all of which are expressly reserved.

    b.      Any party that timely files a Notice of Estimation Participating Party shall be deemed to have assented to and shall be bound by the Order Approving Confidentiality and Protective Order (Dkt. No. 799) (the "Protective Order").

Each party in interest that files a Notice of Estimation Participating Party shall include a statement indicating that such party has reviewed the Protective Order and agrees to comply with it in all respects.

c.  Within 10 days after entry of the Order granting this Motion, the Debtors, their insurance carriers, and all local councils and chartered, sponsoring organizations that become Participating Parties shall produce to the other Participating Parties information in their possession, if any, sufficient to show all amounts paid to settle or otherwise satisfy claims alleging sexual abuse.

d.  Within 14 days after entry of the Order granting this Motion, the Movants shall propose a statistically representative sample of claimants from whom they propose to take discovery, together with the bases and justifications supporting such sample size and selection.  Within 7 days thereafter, the Debtors may object to that sample and/or propose their own sample.  If the Movants and the Debtors cannot agree on a representative sample, which they shall attempt to do in good faith, then the matter will be resolved—and a sample chosen—by the Court following an evidentiary hearing at which the parties' respective experts will testify and be subject to cross examination.

e.  Within 56 days after entry of the Order granting this Motion, all fact discovery, including all fact depositions, shall be completed.  Fact discovery shall be limited to those claimants identified on any Participating Party's notice of claimant sample.

f.  Within 66 days after entry of the Order granting this Motion, each Participating Party may serve on all other Participating Parties its expert reports, along with all documents considered or relied upon by the experts authoring those reports.

g.  Within 76 days after entry of the Order granting this Motion, each Participating Party may serve on all other Participating Parties its rebuttal expert reports, along with all documents considered or relied upon by the experts authoring those reports (to the extent not previously produced).

h.  Within 90 days after entry of the Order granting this Motion, all expert discovery, including all expert depositions, shall be completed.

i.  Within 111 days after entry of the Order granting this Motion, each Participating Party shall file its proposed estimation order, trial brief, motions in limine (if any), and motions to preclude expert testimony (if any).  No dispositive motions shall be permitted.

j.  The Estimation Hearing will commence on _____, 2021.

4.     The deadlines set forth above may be modified by an order of the Court upon a showing of good cause or, except as to the date on which the Estimation Hearing will commence, by agreement of the Participating Parties.

5.     This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order, and to interpret, implement and enforce the provisions of this Order.