**Exhibit B**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket ~~No.~~Nos. 2020, 2315 & ___ |

**ORDER SUSTAINING THE DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO
CERTAIN (I~~) CROSS-DEBTOR DUPLICATE CLAIMS, (II) SUBSTANTIVE DUPLICATE CLAIMS, (III~~) NO LIABILITY CLAIMS, (~~IV~~II) MISCLASSIFIED CLAIMS, AND (~~V~~III) REDUCE AND ALLOW CLAIMS (NON-ABUSE CLAIMS)**

Upon the *Debtors' Second Omnibus (Substantive) Objection to Certain (I) Cross-Debtor Duplicate Claims, (II) Substantive Duplicate Claims, (III) No Liability Claims, (IV) Misclassified Claims, and (V) Reduce and Allow Claims (Non-Abuse Claims)* (the "Objection"),[2] of the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, pursuant to Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Rule ~~3007-1~~3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

appropriate under the particular circumstances; and the Court having considered the Phillips Declaration and found and determined that the relief sought in the Objection is in the best interests of the Debtors, the Debtors' estates and creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Objection is sustained as provided herein.

2. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

~~3. Each Cross-Debtor Duplicate Claim listed in the column titled "Cross-Debtor Duplicate Claim to be Disallowed" identified on **Schedule 1** hereto is disallowed and expunged in its entirety. The Duplicate Claims listed in the column titled "Correct Debtor" identified on **Schedule 1** hereto shall remain on the Claims Register, subject to the Debtors' further objections on any substantive or non-substantive grounds and further order of the Court.~~

~~4. Each Substantive Duplicate Claim listed in the column titled "Substantive Duplicate Claim to be Disallowed" identified on **Schedule 2** hereto is disallowed and expunged in entirety. The Duplicate Claims listed in the column titled "Surviving Claim" identified on **Schedule 2** hereto shall remain on the Claims Register, subject to the Debtors' further objections on any substantive or non-substantive grounds and further order of the Court.~~

3. ~~5.~~ Each No Liability Claim identified on **Schedule ~~3~~1** hereto is disallowed and expunged in its entirety.

4. ~~6.~~ Each Misclassified Claim identified on **Schedule ~~4~~2** hereto is reclassified as set forth on **Schedule ~~4~~2** under the column titled "Corrected." Each Misclassified Claim is subject

1

to the Debtors' further objections on any substantive or non-substantive grounds and further order of the Court.

5. ~~7.~~ Each Reduce and Allow Claim identified on **Schedule 53** hereto is reduced as set forth on **Schedule 43** under the column titled "Modified."

6. ~~8.~~ The objection by the Debtors to the Disputed Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. ~~This Order shall be deemed a separate Order with respect to each Duplicate Claim.~~

7. ~~9.~~ Any stay of this Order pending appeal by any holder of a Disputed Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

8. ~~10.~~ The Debtors, Omni, and the Clerk of this Court are authorized to modify the official Claims Register for these chapter 11 cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

9. ~~11.~~ Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

10. ~~12.~~ Nothing in the Objection or this Order~~, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication~~

2

~~or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under~~ <ins>shall be deemed or construed: (a) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (b) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (c) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (d) as an admission that any obligation is entitled to administrative priority or any such contract or agreement is executory or unexpired for purposes of section 365 of</ins> the Bankruptcy Code or ~~any other applicable law~~<ins>otherwise</ins>.

11. ~~13.~~ This Order is immediately effective and enforceable.

12. ~~14.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

3

~~**Schedule 1**~~

~~**Cross-Debtor Duplicate Claims**~~

~~**Schedule 2**~~

~~**Substantive Duplicate Claims**~~

**Schedule 1** ~~Schedule 3~~

**No Liability Claims**

Second Omnibus Objection (Substantive)
Schedule ~~3~~1 - No Liability Claims

| # | NAME | DATE FILED | DEBTOR | CLAIM # | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | ACCESS COMMUNICATIONS, INC<br>51 BROOK ST<br>REHOBOTH, MA 02769 | 8/13/2020 | Boy Scouts of America | C343-271 | $ 8,500.00 | The Debtors' Books and Records do not indicate a liability related to invoice 201901 or invoice 301901, and the Debtors do not believe these two invoices are valid. Additionally, invoice 20181201 was paid in full via check no. 00001886 on 2/11/2019, and was therefore no longer a liability held by the Debtors as of the petition date. No additional invoices were included in the claimed amount, so there is no liability in the Debtors' Books and Records related to this claim. |
| 2 | ACCOUNTING PRINCIPALS<br>ATTN: STEVEN REBIDAS<br>10151 DEERWOOD PARK BLVD<br>JACKSONVILLE, FL 32256 | 2/25/2020 | Boy Scouts of America | C343-2 | $ 8,000.00* | Claim asserts amounts owed by Local Council Occoneechee Council, which is not a Debtor in these Chapter 11 cases. |
| 3 | ALBANY AUTO SERVICE INC<br>ATTN: CHERYL BUFORD<br>1305 W OGLETHORPE AVE<br>ALBANY, GA 31707 | 6/25/2020 | Boy Scouts of America | C343-123 | $ 913.90 | Claim asserts amounts owed by Local Council South Georgia Council, which is not a Debtor in these Chapter 11 cases. |
| 4 | BALL CHAIN MANUFACTURING CO., INC.<br>ATTN: TERESA DEJESUS<br>741 S FULTON AVE<br>MOUNT VERNON, NY 10550 | 7/6/2020 | Boy Scouts of America | C343-110 | $ 889.46 | Claim asserts amounts owed by Local Council Hudson Valley Council, which is not a Debtor in these Chapter 11 cases. |
| 5 | COUNTY OF ORANGE<br>ATTN: RATNA BUTANI<br>P.O. BOX 4515<br>SANTA ANA, CA 92702 | 3/6/2020 | Boy Scouts of America | C343-25 | $ 5,488.66 | According to the Debtors' books and records, Debtors have no liability on the asserted claim. The Debtors believe that liability, if any, belongs to a non-Debtor third-party. |
| 6 | DALLAS ASSOCIATION OF CREDIT MANAGEMENT INC<br>C/O NACM SOUTHWEST<br>ATTN: ANITA SADIKIN<br>751 PLAZA BLVD<br>COPPELL, TX 75019 | 3/23/2020 | Boy Scouts of America | C343-33 | $ 778.00 | The Debtors' Books and Records do not indicate a record of invoice 444108, and the Debtors do not believe this invoice to be valid. |
| 7 | FORT BEND COUNTY<br>C/O LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>ATTN: JOHN P. DILLMAN<br>P.O. BOX 3064<br>HOUSTON, TX 77253-3064 | 2/25/2020 | Boy Scouts of America | C343-5 | $ 45.43 | According to the Debtors' books and records, Debtors have no liability on the asserted claim. The Debtors believe that liability, if any, belongs to Western Los Angeles County Council, which is a non-Debtor third-party. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## Second Omnibus Objection (Substantive)
## Schedule ~~3~~1 - No Liability Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 8 | JOHN GIOIA<br>ADDRESS REDACTED | 7/27/2020 | Boy Scouts of America | C343-275 | $ 40,867.00 | According to the Debtors' books and records, the Debtors have no liability on the asserted claim. The Debtors' records indicate that the claimant is not eligible for the asserted benefit/coverage. |
| 9 | LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR<br>ATTN: OSCAR ESTRADA<br>P.O. BOX 54110<br>LOS ANGELES, CA 90054 | 5/26/2020 | Boy Scouts of America | C343-63 | $ 37,889.24 | According to the Debtors' books and records, Debtors have no liability on the asserted claim. The Debtors believe that liability, if any, belongs to Long Beach Area Council, which is a non-Debtor third-party. |
| 10 | LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR<br>ATTN: OSCAR ESTRADA<br>P.O. BOX 54110<br>LOS ANGELES, CA 90054 | 5/26/2020 | Boy Scouts of America | C343-64 | $ 87,709.55 | According to the Debtors' books and records, Debtors have no liability on the asserted claim. The Debtors believe that liability, if any, belongs to Western Los Angeles County Council and Sea Scouts, which are non-Debtor third-parties. |
| 11 | MONTEREY COUNTY TAX COLLECTOR<br>P.O. BOX 891<br>SALINAS, CA 93902 | 11/13/2020 | Boy Scouts of America | C343-6117 | $ 1,852.25 | According to the Debtors' books and records, Debtors have no liability on the asserted claim. The Debtors believe that liability, if any, belongs to Sea Scouts, which is a non-Debtor third-party. |
| | | | | TOTAL | $ 192,933.49* | |

This Schedule contains certain redactions to personal contact information in compliance with the confidentiality procedures, as set forth in the *Final Order (I) Authorizing Debtors to File (A) A Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274].

\* - Indicates claim contains unliquidated and/or undetermined amounts

**Schedule 2** ~~Schedule 4~~

**Misclassified Claims**

Second Omnibus Objection (Substantive)

Schedule 42 - Misclassified Claims

| | NAME | CLAIM# | MISCLASSIFIED CLAIM ASSERTED | | | CORRECTED | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | ACE LOCKSMITH 2, LLC<br>ATTN: RICHARD SMITH<br>3232 IRVING BLVD<br>DALLAS, TX 75247 | C343-122 | Boy Scouts of America | 503(b)(9) | $235.80 | Boy Scouts of America | 503(b)(9) | $65.80 |
| | | | | | | Boy Scouts of America | Unsecured | $170.00 |
| | | | | | | | Subtotal | $235.80 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) only has legal basis in the amount of $65.80, as the invoice level detail shows the remaining $170.00 of the claim is related to services rather than goods, and is therefore ineligible for §503(b)(9) status.

| 2 | ADVANTAGECS<br>ATTN: BRYAN VARBLOW<br>3850 RANCHERO DR<br>ANN ARBOR, MI 48108 | C343-198 | Boy Scouts of America | 503(b)(9) | $13,824.98 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $13,824.98 |
| | | | | | | | Subtotal | $13,824.98 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services rather than goods, which makes it ineligible for §503(b)(9) status.

| 3 | ALAN PLUMMER ASSOCIATES<br>ATTN: BEVERLEY WASSMUND<br>1221 AURARIA PKWY<br>DENVER, CO 80128 | C342-6^ | Delaware BSA, LLC | 503(b)(9) | $169.46 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $169.46 |
| | | | | | | | Subtotal | $169.46 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services rather than goods, which makes it ineligible for §503(b)(9) status.

^ Claim No. C342-6 is also included as an Incorrect Debtor Claim on Schedule 3 to the ~~Proposed Order attached as Exhibit A to the Debtors' First Omnibus (Non-Substantive) Objection filed contemporaneously herewith.~~ *Order Sustaining the Debtors' First Omnibus (Non-Substantive) Objection to Certain (I) Exact Duplicate Claims, (II) Amended and Superseded Claims and (III) Incorrect Debtor Claims (Non-Abuse Claims)* [D.I. 2323].

| 4 | AMER SPORTS WINTER & OUTDOOR COMPANY<br>ATTN: LINDSAY HAKALA<br>2030 LINCOLN AVE<br>OGDEN, UT 84401 | C343-2656 | Boy Scouts of America | 503(b)(9) | $11,466.32 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $11,466.32 |
| | | | | | | | Subtotal | $11,466.32 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the goods were not received within the 20 days preceding the petition date.

| 5 | CAROLINA BUSINESS SUPPLIES, INC<br>ATTN: ALICE DIXON<br>5100 ROZZELLES FERRY RD<br>CHARLOTTE, NC 28216 | C343-138 | Boy Scouts of America | 503(b)(9) | $766.54 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Unsecured | $0.00 | Boy Scouts of America | Unsecured | $766.54 |
| | | | | Subtotal | $766.54 | | Subtotal | $766.54 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the goods were not received within the 20 days preceding the petition date.

Second Omnibus Objection (Substantive)

Schedule 42 - Misclassified Claims

| | NAME | CLAIM# | MISCLASSIFIED CLAIM ASSERTED | | | CORRECTED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 6 | EXPERIENCE BASED LEARNING SYSTEMS, LLC<br>ATTN: DAVID ALLEN KOLB<br>75 ULUA RD<br>KAUNAKAKAI, HI 96748 | C343-295 | Boy Scouts of America | 503(b)(9) | $10,000.00 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $10,000.00 |
| | | | | | | | Subtotal | $10,000.00 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to a software license rather than goods, which makes it ineligible for §503(b)(9) status.

| | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 7 | FLORIDA KEYS ELECTRIC COOPERATIVE<br>ATTN: MARIA JONES<br>P.O. BOX 377<br>TAVERNIER, FL33070 | C343-279 | Boy Scouts of America | 503(b)(9) | $7,606.99 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $7,606.99 |
| | | | | | | | Subtotal | $7,606.99 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows the claim is related to electric utility services rather than goods, which makes it ineligible for §503(b)(9) status.

| | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 8 | G MEN ENVIRONMENTAL SERVICES, INC<br>P.O. BOX 269<br>ELY, MN55731 | C343-300 | Boy Scouts of America | 503(b)(9) | $690.54 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $690.54 |
| | | | | | | | Subtotal | $690.54 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services rather than goods, which makes it ineligible for §503(b)(9) status.

| | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 9 | GREAT WOLF LODGE OF GRAPEVINE<br>DIRECTOR OF FINANCE<br>ATTN: DINESH PARBHOO<br>100 GREAT WOLF DR<br>GRAPEVINE, TX 76051 | C343-425 | Boy Scouts of America | 503(b)(9) | $58,445.14 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Unsecured | $0.00 | Boy Scouts of America | Unsecured | $58,445.14 |
| | | | | Subtotal | $58,445.14 | | Subtotal | $58,445.14 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services rather than goods, which makes it ineligible for §503(b)(9) status.

| | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 10 | JEFFREY A HWAY<br>C/O CHILLY DOGS SLED DOG KENNEL<br>1557 ESTERBERG RD<br>ELY, MN55731 | C343-2824 | Boy Scouts of America | 503(b)(9) | $16,807.00 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $16,807.00 |
| | | | | | | | Subtotal | $16,807.00 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services and rentals rather than purchased goods, which makes it ineligible for §503(b)(9) status.

Second Omnibus Objection (Substantive)

Schedule 42 - Misclassified Claims

| | NAME | CLAIM# | MISCLASSIFIED CLAIM ASSERTED | | | CORRECTED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 11 | KEYS KAYAK LLC<br>ATTN: ROBERT RANKIN<br>10499 OVERSEAS HWY<br>MARATHON, FL 33050 | C343-236 | Boy Scouts of America | Secured | $1,117.00 | Boy Scouts of America | Secured | $0.00 |
| | | | Boy Scouts of America | Unsecured | $0.00 | Boy Scouts of America | Unsecured | $1,117.00 |
| | | | | Subtotal | $1,117.00 | | Subtotal | $1,117.00 |

Reason: According to the Debtors' Books and Records the liability asserted as secured has no legal basis. The claimant holds no lien to secure this claim, and the claim is therefore ineligible for secured status.

| 12 | PALMETTO PACKAGING CORPORATION<br>ATTN: DAVID SEARCY<br>1131 EDWARDS CIR<br>FLORENCE, SC 29501 | C343-412 | Boy Scouts of America | 503(b)(9) | $988.88 | Boy Scouts of America | 503(b)(9) | $0.00 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | Boy Scouts of America | Unsecured | $988.88 |
| | | | | | | | Subtotal | $988.88 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the goods were not received within the 20 days preceding the petition date.

| 13 | SHANNON ASSOCAITES, LLC<br>ATTN: JODIE PERRY<br>333 W 57TH ST, STE 809<br>NEW YORK, NY 10019 | C343-155 | Boy Scouts of America | Priority | $200.00 | Boy Scouts of America | Priority | $0.00 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | Boy Scouts of America | Unsecured | $200.00 |
| | | | | | | | Subtotal | $200.00 |

Reason: According to the Debtors' Books and Records the liability asserted as priority status under 11 U.S.C §507(a)(4) has no legal basis. The invoice level detail shows this claim relates to the provision of services rather than employee wages or commissions, and is therefore ineligible for priority status.

| 14 | STARNES PALLET SERVICE, INC<br>ATTN: MEGHAN STARNES<br>P.O. BOX 5484<br>CHARLOTTE, NC 28299-5484 | C343-178 | Boy Scouts of America | 503(b)(9) | $1,179.76 | Boy Scouts of America | 503(b)(9) | $697.13 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | Boy Scouts of America | Unsecured | $482.63 |
| | | | | | | | Subtotal | $1,179.76 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) only has legal basis in the amount of $697.13, as the invoice level detail shows the remaining $482.63 of the claim is related to rentals rather than purchased goods, and is therefore ineligible for §503(b)(9) status.

| 15 | TARGET CREATIVE GROUP, INC<br>TARGET CREATIVE GROUP, INC<br>151 N NOBHILL RD<br>PLANTATION, FL 33324-7708 | C343-12620 | Boy Scouts of America | 503(b)(9) | $2,879.65 | Boy Scouts of America | 503(b)(9) | $0.00 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | Boy Scouts of America | Unsecured | $2,879.65 |
| | | | | | | | Subtotal | $2,879.65 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the goods were not received within the 20 days preceding the petition date.

Second Omnibus Objection (Substantive)

Schedule 42 - Misclassified Claims

| | NAME | CLAIM# | MISCLASSIFIED CLAIM ASSERTED | | | CORRECTED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 16 | WHITE WILDERNESS, INC<br>ATTN: PETER S MCCLELLAND<br>P.O. BOX 727<br>ELY, MN 55731 | C343-392 | Boy Scouts of America | 503(b)(9) | $34,300.00 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Unsecured | $1,396.25 | Boy Scouts of America | Unsecured | $35,696.25 |
| | | | | Subtotal | $35,696.25 | | Subtotal | $35,696.25 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services rather than goods, which makes it ineligible for §503(b)(9) status.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 17 | WINGATE BY WYNDHAM I-77 & TYVOLA<br>ATTN: TODD BLANTON<br>CHARLOTTE AIRPORT SOUTH<br>6050 TYVOLA GLEN CIR<br>CHARLOTTE, NC 28217-6431 | C343-333 | Boy Scouts of America | 503(b)(9) | $1,286.16 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Priority | $1,286.16 | Boy Scouts of America | Priority | $0.00 |
| | | | | Subtotal | $2,572.32 | Boy Scouts of America | Unsecured | $2,572.32 |
| | | | | | | | Subtotal | $2,572.32 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services rather than goods, which makes it ineligible for §503(b)(9) status. Additionally, the liability asserted with priority under 11 U.S.C. §507(a) has no legal basis and does not meet the requirements of §507(a) Priority status.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 18 | YALE CAROLINAS, INC DBA WHEELER MATERIAL HANDLING<br>ATTN: STACEY WOODFIN<br>9839 S TRYON ST<br>CHARLOTTE, NC 28273-6505 | C343-101 | Boy Scouts of America | 503(b)(9) | $3,560.28 | Boy Scouts of America | 503(b)(9) | $1,854.62 |
| | | | | | | Boy Scouts of America | Unsecured | $1,705.66 |
| | | | | | | | Subtotal | $3,560.28 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has legal basis in the amount of $1,854.62, as the invoice level detail shows $1,854.62 of this claim is related to goods sold and delivered in the 20 day period preceding the petition date. The remainder of the claim relates to rentals and services provided, so the remaining $1,705.66 should be reclassed to Unsecured.

| | | | TOTAL | | $ 168,206.91 | TOTAL | | $ 168,206.91 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |

This Schedule contains certain redactions to personal contact information in compliance with the confidentiality procedures, as set forth in the *Final Order (I) Authorizing Debtors to File (A) A Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274].

## Schedule 3

## ~~Schedule 5~~

## Reduce and Allow Claims

Second Omnibus Objection (Substantive)

Schedule ~~5~~3 - Reduce and Allow Claims

| | NAME | CLAIM# | REDUCE AND ALLOW CLAIM ASSERTED | | | MODIFIED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | ADVANTAGECS<br>ATTN: BRYAN VARBLOW<br>3850 RANCHERO DR<br>ANN ARBOR, MI 48108 | C343-198^ | Boy Scouts of America | 503(b)(9) | $13,824.98 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $13,641.31 |
| | | | | | | | Subtotal | $13,641.31 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $13,641.31. Invoice 097-20028 was claimed in the amount of $5,397.43, of which $183.67 was determined by the Debtor to be postpetition. That postpetition portion was paid in full via ACH no. 00073153 on 4/15/2020. Therefore, the claim should be reduced by that paid amount.

^ Claim No. C343-198 is also included as a Misclassified Claim on Schedule ~~4 to the Proposed Order attached as Exhibit A to the Debtors' Second Omnibus (Substantive) Objection filed contemporaneously herewith.~~ 2 included herein.

| 2 | ALLSTREAM<br>C/O ALLSTREAM COLLECTIONS<br>ATTN: VANESSA HEROLD<br>14221 GOLF COURSE DR, STE 100<br>BAXTER, MN 56425 | C343-357 | Boy Scouts of America | Unsecured | Undetermined* | Boy Scouts of America | Unsecured | $1.11 |

Reason: Liquidate the claim amount at $1.11. The claim was filed as fully unliquidated, and the Debtors' Books and Records indicate an unpaid prepetition liability of $1.11.

| 3 | APPALACHIAN AGGREGATES, LLC<br>ATTN: JAMES LINKOUS<br>171 ST CLAIRS XING<br>BLUEFIELD, VA 24605 | C343-76 | Boy Scouts of America | 503(b)(9) | $6,760.12 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Unsecured | $6,880.82 | Boy Scouts of America | Unsecured | $6,880.82 |
| | | | | Subtotal | $13,640.94 | | Subtotal | $6,880.82 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $6,880.82, and the remaining $6,760.12 claimed as §503(b)(9) should be modified to $0. This claimed §503(b)(9) amount is associated with invoice 77989, which was determined by the Debtor to be postpetition. That postpetition portion was paid in full via ACH no. 00075739 on 7/1/2020.

| 4 | APTEAN SYSTEMS, LLC<br>ATTN: NEIL S. GOLDSTEIN<br>4325 ALEXANDER DR, STE 100<br>ROSWELL, GA 30022 | C343-111 | Boy Scouts of America | Unsecured | $2,902.50 | Boy Scouts of America | Unsecured | $2,633.75 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $2,633.75. Postpetition invoice PS-358075 was claimed in the amount of $268.75, and was paid in full via ACH no. 00075605 on 6/24/2020. Therefore, the claim should be reduced by that paid amount.

| 5 | CEC FACILITIES GROUP<br>C/O FAIR HARBOR CAPITAL LLC<br>P.O. BOX 237037<br>NEW YORK, NY 10023 | C343-1177 | Boy Scouts of America | Unsecured | $23,668.66 | Boy Scouts of America | Unsecured | $19,508.66 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $19,508.66. Invoice 14139 was claimed in the amount of $8,042.66, of which $4,160 was determined by the Debtor to be postpetition. That postpetition portion was paid in full via ACH no. 00072507 on 3/18/2020. Therefore, the claim should be reduced by that paid amount.

\* Indicates claim contains unliquidated and/or undetermined amounts

Second Omnibus Objection (Substantive)

Schedule ~~5~~ 3 - Reduce and Allow Claims

| | NAME | CLAIM# | REDUCE AND ALLOW CLAIM ASSERTED | | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 6 | F&M HAT COMPANY INC<br>ATTN: PAMELA HAEUSER<br>103 WALNUT ST<br>DENVER, PA 17517 | C343-402 | Boy Scouts of America | 503(b)(9) | $7,392.00 | Boy Scouts of America | 503(b)(9) | $7,392.00 |
| | | | Boy Scouts of America | Priority | $7,392.00 | Boy Scouts of America | Priority | $0.00 |
| | | | Boy Scouts of America | Unsecured | $0.00 | Boy Scouts of America | Unsecured | $0.00 |
| | | | | Subtotal | $14,784.00 | | Subtotal | $7,392.00 |

Reason: Modify the Priority portion of the claim to $0. The claimant entered the same amount, $7,392, into both the §503(b)(9) and Priority sections of the Proof of Claim. The Proof of Claim does provide support for an amount of $7,392, but provides no further support for an additional Priority amount. It does not appear that the claimant intends to claim an additional $7,392 with a Priority status, nor do the Debtors' books and records agree to such an additional amount.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 7 | LABATT INSTITUTIONAL SUPPLY, CO<br>P.O. BOX 137<br>SAN ANTONIO, TX 78291 | C343-287 | Boy Scouts of America | 503(b)(9) | $33,631.37 | Boy Scouts of America | 503(b)(9) | $33,631.37 |
| | | | Boy Scouts of America | Administrative | $33,631.37 | Boy Scouts of America | Administrative | $0.00 |
| | | | | Subtotal | $67,262.74 | | Subtotal | $33,631.37 |

Reason: Modify the 11 U.S.C §507(a)(2) portion of the claim to $0. The claimant entered the same amount, $33,631.37, into both the §503(b)(9) and §507(a)(2) sections of the Proof of Claim. The Proof of Claim does provide support for the §503(b)(9) amount of $33,631.37, but provides no further support for an additional §507(a)(2) amount. It does not appear that the claimant intends to claim an additional $33,631.37 with a §507(a)(2) status, nor do the Debtors' books and records agree to such an additional amount. Modify the Priority portion of the claim to $0. The claimant entered the same amount, $33,631.37, into both the §503(b)(9) and Priority sections of the Proof of Claim. The Proof of Claim does provide support for the §503(b)(9) amount of $33,631.37, but provides no further support for an additional Priority amount. It does not appear that the claimant intends to claim an additional $33,631.37 with a Priority status, nor do the Debtors' books and records agree to such an additional amount.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 8 | LEVEL 3 COMMUNICATIONS LLC<br>C/O CENTURYLINK COMMUNICATIONS<br>LEGAL BKY<br>ATTN: KIM BARTLETT<br>1025 ELDORADO BLVD<br>BROOMFIELD, CO 80021 | C343-41 | Boy Scouts of America | Unsecured | $3,688.38 | Boy Scouts of America | Unsecured | $3,483.47 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $3,483.47. Invoice 89206203 has a total amount of $5,942.39, and the claimant estimated $3,688.38 of that invoice to be prepetition, and so filed a claim for that estimated prepetition amount. However, the Debtor determined the prepetition amount to be $3,483.47. The remaining amount of $2,458.92 determined by the Debtor to be postpetition was paid in full via check no. 01345203 on 3/11/2020. Therefore, the claim should be reduced to $3,483.47, which is the remaining unpaid portion of the invoice.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 9 | LEVEL 3 TELECOM HOLDINGS INC<br>C/O CENTURYLINK COMMUNICATIONS<br>LEGAL BKY<br>ATTN: KIM BARTLETT<br>1025 ELDORADO BLVD<br>BROOMFIELD, CO 80021 | C343-42 | Boy Scouts of America | Unsecured | $275.24 | Boy Scouts of America | Unsecured | $137.62 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $137.62. Invoice 89481210 has a total amount of $3,991.03, and the claimant estimated $275.24 of that invoice to be prepetition, and so filed a claim for that estimated prepetition amount. However, the Debtor determined the prepetition amount to be $137.62. The remaining amount of $3,853.41 determined by the Debtor to be postpetition was paid in full via check no. 01345215 on 3/11/2020. Therefore, the claim should be reduced to $137.62, which is the remaining unpaid portion of the invoice.

\* Indicates claim contains unliquidated and/or undetermined amounts

Second Omnibus Objection (Substantive)
Schedule ~~5~~3 - Reduce and Allow Claims

| | NAME | CLAIM# | REDUCE AND ALLOW CLAIM ASSERTED | | | MODIFIED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 10 | MATTHEWS INTERNATIONAL<br>ATTN: THOMAS ADAMCZYK<br>2 NORTHSHORE CTR<br>PITTSBURGH, PA 15212 | C343-72 | Boy Scouts of America | Unsecured | $12,870.00 | Boy Scouts of America | Unsecured | $1,687.87 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $1,687.87. Invoice 93693431 was claimed in the amount of $12,870, of which $11,182.13 was determined by the Debtor to be postpetition. That postpetition portion was paid in full via check no. 01346775 on 6/10/2020. Therefore, the claim should be reduced by that paid amount.

| 11 | MCLANE MIDDLETON PROFESSIONAL ASSOCIATION<br>ATTN: JOSEPH A FOSTER<br>900 ELM ST<br>P.O. BOX 326<br>MANCHESTER, NH 03105 | C343-4732 | Boy Scouts of America | Unsecured | $16,033.18 | Boy Scouts of America | Unsecured | $15,469.20 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $15,469.20. Invoice 2020031281 was claimed in the amount of $1,265.48, of which $563.98 was determined by the Debtor to be postpetition. That postpetition portion was paid in full via ACH no. 00000988 on 10/21/2020. Therefore, the claim should be reduced by that paid amount.

| 12 | PLANT INTERSCAPES INC, DBA NATURA<br>ATTN: JANICE MARIE CONFER<br>6436 BABCOCK RD<br>SAN ANTONIO, TX 78249 | C343-147 | Boy Scouts of America | Unsecured | $1,434.73 | Boy Scouts of America | Unsecured | $592.12 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $592.12. The claimant provided supporting documentation in the amount of $1,252.56, and has asserted via email that the remaining $182.17 can be reduced from the original claimed amount. Postpetition invoice INV00320909 was claimed in the amount of $339.69, and was paid in full via check no. 01346435 on 6/3/2020. Postpetition invoices INV00320910 and INV00320908 were claimed in the amounts of $197.30 and $123.45, respectively, and were paid in full via check no. 01345957 on 5/6/2020. Therefore, the claim should be further reduced by those paid amounts.

| 13 | SOUTHEASTERN CHEMICAL CO INC<br>ATTN: LINDA MAYS<br>406 TEMPLE ST<br>BECKLEY, WV 25801 | C343-408 | Boy Scouts of America | 503(b)(9) | $3,556.00 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | | | | Boy Scouts of America | Unsecured | $2,720.00 |
| | | | | | | | Subtotal | $2,720.00 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $2,720. Invoice 36519 was claimed in the amount of $836. The Debtors contacted the claimant regarding this invoice, and the claimant determined that the invoice is a duplication and is not valid. Therefore, the claim should be reduced by this invalid amount.

| 14 | SUNTREAT<br>P.O. BOX 562<br>HURLEY, NM 88043 | C343-274 | Boy Scouts of America | 503(b)(9) | Undetermined* | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Unsecured | $18,750.00* | Boy Scouts of America | Unsecured | $18,750.00 |
| | | | | Subtotal | $18,750.00* | | Subtotal | $18,750.00 |

Reason: The claim amount should be liquidated with a $18,750.00 Unsecured portion, and a $0 §503(b)(9) portion. According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows that the goods were not received by the debtor within 20 days preceding the petition date, which makes this claim ineligible for §503(b)(9) status.

\* Indicates claim contains unliquidated and/or undetermined amounts

Second Omnibus Objection (Substantive)

Schedule ~~5~~3 - Reduce and Allow Claims

| | NAME | CLAIM# | REDUCE AND ALLOW CLAIM ASSERTED | | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| ~~15~~ | ~~SUPPLYONE ROCKWELL, INC.~~ ~~BRIAN J. SABIN~~ ~~CAPES SOKOL~~ ~~8182 MARYLAND AVE, FIFTEENTH FLOOR~~ ~~ST. LOUIS, MO, 63105~~ | ~~C343-1334~~ | ~~Boy Scouts of America~~ | ~~503(b)(9)~~ | ~~$15,608.39~~ | ~~Boy Scouts of America~~ | ~~503(b)(9)~~ | ~~$15,608.39~~ |
| | | | ~~Boy Scouts of America~~ | ~~Priority~~ | ~~$15,608.39~~ | ~~Boy Scouts of America~~ | ~~Priority~~ | ~~$0.00~~ |
| | | | | ~~Subtotal~~ | ~~$31,216.78~~ | | ~~Subtotal~~ | ~~$15,608.39~~ |

~~Reason: Modify the Priority portion of the claim to $0. The claimant entered the same amount, $15,608.39, into both the §503(b)(9) and Priority sections of the Proof of Claim. The Proof of Claim does provide support for the §503(b)(9) amount of $15,608.39, but provides no further support for an additional Priority amount. It does not appear that the claimant intends to claim an additional $15,608.39 with a Priority status, nor do the Debtors' books and records agree to such an additional amount.~~

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 16 | TIMA BRANDS INC ATTN: SAMANTHA MCVEY 9098 E MOHAWK LN SCOTTSDALE, AZ 85255 | C343-409 | Boy Scouts of America | 503(b)(9) | Undetermined* | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Unsecured | $3,025.75* | Boy Scouts of America | Unsecured | $0.00 |
| | | | | Subtotal | $3,025.75* | | Subtotal | $0.00 |

Reason: Liquidate the §503(b)(9) portion of the claim at $0. According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the invoice level detail shows this claim is related to services rather than goods, which makes it ineligible for §503(b)(9) status.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 17 | WINGATE BY WYNDHAM I-77 & TYVOLA CHARLOTTE AIRPORT SOUTH ATTN: TODD BLANTON 6050 TYVOLA GLEN CIR CHARLOTTE, NC 28217 | C343-333^ | Boy Scouts of America | 503(b)(9) | $1,286.16 | Boy Scouts of America | 503(b)(9) | $0.00 |
| | | | Boy Scouts of America | Priority | $1,286.16 | Boy Scouts of America | Priority | $0.00 |
| | | | | Subtotal | $2,572.32 | Boy Scouts of America | Unsecured | $1,286.16 |
| | | | | | | | Subtotal | $1,286.16 |

Reason: According to the Debtors' Books and Records, the valid claim amount is $1,286.16. The claimant asserted $1,286.16 under both §503(b)(9) status and §507(a) status, which resulted in a total claim amount of $2,572.32. The invoice detail provided by the claimant supports a total claim amount of $1,286.16, and the Debtors' Books and Records agree to that amount.

^ Claim No. C343-333 is also included as a Misclassified Claim on Schedule ~~4 to the Proposed Order attached as Exhibit A to the Debtors' Second Omnibus (Substantive) Objection filed contemporaneously herewith.~~ 2 included herein.

| | | | | TOTAL | ~~$ 229,506.20*~~ | TOTAL | | ~~$ 143,423.85*~~ |
|---|---|---|---|---|---|---|---|---|
| | | | | | $198,289.42* | | | $127,815.46* |

This Schedule contains certain redactions to personal contact information in compliance with the confidentiality procedures, as set forth in the *Final Order (I) Authorizing Debtors to File (A) A Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274].

* Indicates claim contains unliquidated and/or undetermined amounts