IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

### MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR ORDER REQUIRING THAT MEDIATION BE CONDUCTED EXCLUSIVELY BY ZOOM

The Official Committee of Tort Claimants (consisting of survivors of childhood sexual abuse) (the "***Tort Claimants' Committee***") requests that the Court rule that the impending mediation scheduled for March 30-April 1, 2021 in Miami, Florida be conducted exclusively by Zoom, rather than requiring parties to attend the mediation sessions at the current epicenter of the COVID-19 pandemic. Sanctioned mediation sessions all should be virtual until all mediation parties, including, particularly, each of the three mediation parties representing survivors of childhood sexual abuse, the Debtors, and the key insurers, have an equal opportunity to participate safely in person. Inviting persons to travel to Debtors' counsel's Miami office at a time when students have spurned health mandates, a state of emergency has been declared, and COVID-19 rates are skyrocketing is not such an opportunity.

In support of its request, the Tort Claimants' Committee respectfully states as follows:

---

[1] The Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

1.      On March 17, 2021, the Tort Claimants' Committee received notice from the mediators that the all-hands mediation sessions concerning the Debtors' Plan[2] are to be held at Debtors' counsel's office in Miami, Florida on March 30, March 31 and April 1, 2021.  All parties were invited to visit Miami if they wish to join the Debtors and mediators in person.  Otherwise, they may participate virtually, via Zoom.

2.      Naturally, in a perfect world, all parties would prefer to attend mediation sessions in person to avoid the comparative disadvantage of attending virtually when others will attend in person.  Virtual attendees have limited ability to interact with the mediators and other parties, and lose the visual cues and body language that inform in-person participants.  They also will face unequal opportunities to engage in relationship–building with other mediation parties.  Moreover, technical snafus are almost inevitable further increasing the inequality. The comparative disadvantages of virtual participation may not be quantifiable, but they are undeniable.

3.      The Mediation Order (Docket No. 812) provides that "[t]he Mediators shall consult with the parties on matters concerning the Mediation, including, without limitation, (a) the structure and timing of the Mediation procedures…."  The Tort Claimants' Committee was not consulted about the hybrid structure or the timing and location of the mediation.  Apparently only Debtors' counsel was consulted, as the mediation was called for its counsel's office.  (The selection of Debtors' counsel's Miami office, which is safe to virtually nobody

---

[2] *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*, Docket No. 2293 (the "**Plan**").

other than their lead counsel who resides in the Miami area, was questionable.) The Tort Claimants' Committee is informed and believes that other parties also were not consulted. The failure to consult and a hybrid arrangement, in which certain parties participate in-person and others do not, is unreasonable and unfair (and does not augur well for a consensus coming out of the mediation).

4. The Tort Claimants' Committee would have strongly objected to the hybrid format if the mediators had consulted with it as required by the mediation order. Miami is not convenient to anyone but Debtors' counsel and it is an epicenter of the COVID-19 pandemic. In fact, on March 20, 2021, the mayor of Miami Beach declared a state of emergency in an effort to control rampaging throngs of largely mask-less students, whose disregard for public health and safety has been nothing short of stunning. Even as COVID-19 infections have declined significantly in much of the country, the positive-test rate in Miami-Dade County has increased from 5.97% to 9.18%,[3] and it now accounts for approximately 22% of all Florida COVID-19 cases.[4] Miami is among the cities with the highest risk of variant strains of the virus taking root, and in fact variant strains have been detected. The media coverage tells the story:

- "A melting pot for variants. U.K., Brazilian, New York COVID strains found in Miami"[5]

- "Maskless spring breakers flout South Beach COVID rules"[6]

---

[3] Miami Herald, March 18, 2021 at https://www.miamiherald.com/news/coronavirus/article250033194.
[4] "Florida Coronavirus Map and Case Count", New York Times", March 21, 2021,
 at https://www.nytimes.com/interactive/2020/us/florida-coronavirus-cases.html
[5] Miami Herald, March 12, 2012 at  https://www.miamiherald.com/news/coronavirus/article249613878.html
[6] Miami Herald, March 12, 2021 at https://www.miamiherald.com/news/local/community/miami-dade/miami-beach/article249782823.html

- "Florida Surpasses 2 Million Covid Cases, Reports 5,105 New Infections Saturday"[7]

- "Miami Beach declares state of emergency and curfew as spring break crowds spark safety concerns"[8]

- "State of emergency in Miami Beach extended to April 11 as spring breakers overwhelm the city"[9]

5. The mediators' decision to schedule a face to face meeting, much less one in Miami is, to be kind, remarkable. None of the Tort Claimants' Committee members, nor their bankruptcy or state court counsel, will travel to Miami to attend the mediation. Many of them (or their family members) have pre-existing health morbidities and/or are not yet eligible to be vaccinated. They will heed the recommendation of the Center for Disease Control that non-essential travel be avoided. Yet dozens of persons from out-of-town would have to ignore the recommendation. If they wish to participate in person, they must travel to Miami and spend protracted periods of time in indoor, in-person conferences so long as they answer a handful of health and exposure questions in the negative and attempt to maintain a distance.

6. While the stakes in this mediation are high, the hybrid mediation model of virtual and face-to-face formats simply is not fair. The Tort Claimants' Committee deserves to participate in the mediation on the same footing as the Debtors and each of the other mediation parties. Otherwise, elements of the Tort Claimants' Committee's constituency will be put at a

---

[7] NBC Miami News, March 20, 2021 at https://www.nbcmiami.com/news/local/florida-surpasses-2-million-covid-cases-reports-5105-new-infections-saturday/2410488/
[8] ABC News, March 20 at https://www.abc57.com/news/miami-beach-declares-state-of-emergency-and-curfew-as-spring-break-crowds-spark-safety-concerns
[9] The Washington Post. March 21, 2021 at https://www.washingtonpost.com/nation/2021/03/21/miami-beach-state-of-emergency/

DOCS_LA:336811.8 85353/002

disadvantage.[10] If all persons cannot attend, the mediation should be conducted virtually, with all parties attending on that basis and not at Debtors' counsel's office with everyone else being forced to bear the risk of travel.[11] This is not an issue of an individual's freedom. Any two or more parties can elect to meet, and the Tort Claimants' Committee is not asking the Court to prevent that. But, a face-to-face meeting option, organized and <u>sanctioned</u> by the mediators who themselves will be in attendance, puts others at a functional and substantive disadvantage. It is inappropriate and should be prohibited.

7. To ensure that participation in the mediation is fair to all participants, on March 20th, the Tort Claimants' Committee made a formal request to the mediators to modify the mediation notice to require all mediation parties to attend on a Zoom basis only. The response to that request was an email from Debtors' counsel spelling out how the hybrid format may work. While no one is ordered to attend the Miami mediation, the implicit pressure to travel to a pandemic epicenter is not fair.

8. The Tort Claimants' Committee is the official fiduciary for the tens of thousands of survivors of childhood sexual abuse claims that have come forward (other than the minors represented by the Future Claims Representative). Although some of the Tort Claimants' Committee's constituent members have live options for economic recovery regardless of the

---

[10] Although the approximately 12,000 holders of childhood sexual abuse claims represented by the Coalition of Abused Scouts for Justice are among those represented by the Tort Claimants' Committee, there are tens of thousands of holders of such claims represented by the Tort Claimants' Committee for which there is no other mediation party representing their interests.

[11] The Eighth Order Concerning Jury Trials and Other Proceedings of the U.S District Court for the Southern District of Florida provides, ""Judges are strongly encouraged to conduct court proceedings by telephone or video conferencing where practicable."

DOCS_LA:336811.8 85353/002

success of BSA's chapter 11 proceeding, for others such recoveries other than through BSA may be more remote.  To enable a speedy economic recovery for all survivors of childhood sexual abuse that occurred in relation to BSA, and to have the opportunity to achieve non-economic relief by way of greater protections for children in the care of BSA, the Tort Claimants' Committee is anxious to see a speedy (and thus consensual) resolution of BSA's chapter 11 case.  To the extent that the pending mediation can serve that goal, the Tort Claimants' Committee's support for the mediation will continue.

9. Still, requiring any mediation party to attend Miami next week is unreasonable (as is requiring that anyone risk travel at this time to attend in-person mediation sessions).  Even ignoring the conditions at the proposed destination, the present risks of travel (unsanitary ground transportation and airports and airplanes crowded with travelers who may not be taking necessary safety precautions) is against federal guidance and is inappropriate to be made part of the mediation process absent the consent of all mediation parties.  Mediation parties should not be forced to balance effective representation against their health and lives and those of their family members.

10. The Tort Claimants' Committee recognizes that this issue was raised at the case status conference and addressed by the Court.  The Tort Claimants' Committee is raising the issue again because the situation in Miami-Dade County is deteriorating and the Tort Claimants' Committee did not have an adequate opportunity to consider the proposed hybrid model and prepare a response to the Court.

DOCS_LA:336811.8 85353/002

WHEREFORE, for the foregoing reasons, the Tort Claimants' Committee requests that the Court exercise its retained jurisdiction over the mediation process under the Mediation Order and require all mediation parties participating in the mediation scheduled for March 30-April 1, 2021 to participate exclusively via Zoom.

.

Dated: March 23, 2021	PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Robert B. Orgel (CA Bar No. 10187) (admitted *pro hac vice*)
John A. Morris (NY Bar No. 2405397) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038) (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:	jstang@pszjlaw.com
	rorgel@pszjlaw.com
	jmorris@pszjlaw.com
	joneill@pszjlaw.com
	jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

7