## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**MOTION TO SHORTEN NOTICE PERIOD
AND SCHEDULE HEARING ON THE MOTION OF
THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR ORDER
REQUIRING THAT MEDIATION BE CONDUCTED EXCLUSIVELY BY ZOOM**

The Official Committee of Tort Claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this motion to shorten (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), scheduling a hearing and shortening the notice period with respect to the *Motion of the Official Tort Claimants' Committee for Order Requiring That Mediation Be Conducted Exclusively By Zoom* (the "Motion"), filed concurrently herewith. In support of this Motion to Shorten, the Tort Claimants' Committee respectfully state as follows.

### Jurisdiction

1.      This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

pursuant to 28 U.S.C. § 157.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and

1409.

2.    The statutory basis for the relief requested herein is Rule 9006(c)(1) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the

Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules").

### Relief Requested

3.    The Tort Claimants' Committee requests that (a) the Court schedule a

telephonic hearing on the Motion as soon as possible but in no event later than March 26, 2021;

and (b) shorten the response deadline on the Motion, with objections, if any, to be made at the

scheduled telephonic hearing on the Motion.  The Motion requests that the Court rule that the

impending mediation scheduled for March 30-April 1, 2021 in Miami be conducted exclusively

by Zoom, rather than requiring parties to attend the mediation sessions at the current epicenter of

the COVID-19 pandemic.  Sanctioned mediation sessions all should be virtual until all mediation

parties, including, particularly, each of the three mediation parties representing survivors of

childhood sexual abuse, the Debtors and the key insurers, have an equal opportunity to

participate safely in person.  Expedited consideration of the Motion is required because the

mediation is scheduled to commence on March 30, 2021 and parties would need to start traveling

by March 29, 2021.

### Basis for Relief

4.    Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the

Local Rules state otherwise, "all motion papers shall be filed and served in accordance with

Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Local Rule 9006-1(e)

2

provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

5.      In support of this Motion to Shorten, the Tort Claimants' Committee represents that the exigencies justify shortened notice of the Motion and scheduling a telephonic hearing.

6.      On March 17, 2021, the Tort Claimants' Committee received notice from the mediators that the all-hands mediation sessions concerning the Debtors' Plan[2] are to be held at Debtors' counsel's office in Miami, Florida on March 30, March 31 and April 1, 2021.  All parties were invited to visit Miami if they wish to join the Debtors and mediators in person. Otherwise, they may participate virtually, via Zoom.

7.      The Tort Claimants' Committee requests that the all-hands mediation be held on a Zoom basis only.  Miami is not convenient to anyone but Debtors' counsel and it is an epicenter of the COVID-19 pandemic.  In fact, on March 20, 2021, the mayor of Miami Beach declared a state of emergency in an effort to control rampaging throngs of largely mask-less students, whose disregard for public health and safety has been nothing short of stunning. Additionally, parties participating in-person will have an advantage via personal communications.  Conducting the mediation by Zoom only will level the playing field.

8.      Accordingly, the Tort Claimants' Committee submits that the exigencies justify shortening notice on the Motion.

---

[2] *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*, Docket No. 2293 (the "Plan").

DOCS_DE:233540.1 85353/002

## **AVERMENT PURSUANT TO LOCAL RULE 9006-1(E)**

9.      In accordance with Local Rule 9006-1(e), the Tort Claimants' Committee certifies that they have notified the United States Trustee (the "UST"), counsel to the Debtors, counsel the Official Committee of Unsecured Creditors (the "Creditors Committee"), counsel the Future Claimants' Representative (the "FCR"), and the mediators of this Motion to Shorten.  The UST, the Creditors Committee, the FCR, and the mediators do not oppose the relief requested in the Motion to Shorten.  The Debtors opposed the relief requested in the Motion to Shorten.

### **Notice**

10.      This Motion to Shorten and the Motion will be served by e-mail, hand delivery, overnight mail, express mail, or facsimile on: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the Creditors Committee; (d) counsel to the FCR; (e) the mediators; and (f) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Tort Claimants' Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

11.      If the Court grants this Motion to Shorten, the Tort Claimants' Committee will immediately serve a copy of the order on the above-noted Notice Parties by e-mail, hand delivery, overnight mail, express mail, or facsimile.

### **No Prior Request**

12.      No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Tort Claimants' Committee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) scheduling a telephonic

hearing on the Motion as soon as possible but in no event later than March 26, 2021; and

(b) shortening the response deadline on the Motion, with objections, if any, to be made at the

scheduled telephonic hearing on the Motion.


Dated:  March 23, 2021                  PACHULSKI STANG ZIEHL & JONES LLP

                                        */s/ James E. O'Neill*
                                        James I. Stang (CA Bar No. 94435)
                                        Robert B. Orgel (CA Bar No. 10187)
                                        John A. Morris (NY Bar No. 2405397)
                                        James E. O'Neill (DE Bar No. 4042)
                                        John W. Lucas (CA Bar No. 271038)
                                        919 N. Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE  19899-8705 (Courier 19801)
                                        Telephone:  (302) 652-4100
                                        Facsimile:   (302) 652-4400
                                        Email:  jstang@pszjlaw.com
                                                rorgel@pszjlaw.com
                                                jmorris@pszjlaw.com
                                                joneill@pszjlaw.com
                                                jlucas@pszjlaw.com

                                        *Counsel to the Tort Claimants' Committee*