IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  April 6, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**ELEVENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM JANUARY 1, 2021 THROUGH JANUARY 31, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2021 through January 31, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $901,667.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 19,291.93 |

This is a:      x   monthly         interim         final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $ 6,064.88 | $ 619,406.00[2] | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $ 3,045.94 | $ 515,736.40 | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $ 3,681.07 | $ 527,694.80 | $ 3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $ 5,651.98 | $ 380,703.60 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $ 6,612.09 | $638,423.50[3] | $ 6,113.39[4] |
| 09/29/20 | 08/01/20 – 08/31/20 | $658,721.00 | $31,487.15 | $ 526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $588,902.00 | $15,777.88 | $ 471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $666,283.50 | $19,826.31 | $ 533,026.80 | $19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $504,479.00 | $11,755.14 | $403,583.20 | $11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $837,406.00 | $12,415.20 | $669,924.80 | $12,415.20 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 101.10 | $120,814.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 81.80 | $ 93,661.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 26.50 | $ 29,812.50 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 42.70 | $ 46,756.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 18.00 | $ 19,350.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 1.20 | $ 1,290.00 |

---

[2]  In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00.  For the purposes of this application, we have noted the reduction in the last month of that period.

[3]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00.  For the purposes of this application, we have noted the reduction in the last month of that period.

[4]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70.  For the purposes of this application, we have noted the reduction in the last month of that period.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 20.40 | $ 21,930.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 85.10 | $ 87,227.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 1.40 | $ 1,393.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 73.50 | $ 73,132.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $ 995.00 | 0.60 | $ 597.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 6.00 | $ 5,700.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 8.00 | $ 7,400.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 122.30 | $109,458.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 63.60 | $ 54,060.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 181.70 | $149,902.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 8.10 | $ 6,682.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 2.90 | $ 2,392.50 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $ 795.00 | 0.70 | $ 556.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 34.00 | $ 27,030.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 39.30 | $ 24,562.50 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 5.30 | $ 2,385.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 17.40 | $ 7,395.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 8.10 | $ 3,199.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Melisa DesJardien | Legal Assistant | $  395.00 | 5.60 | $  2,212.00 |
| Diane H. Hinojosa | Legal Assistant | $  395.00 | 0.80 | $     316.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 0.50 | $     175.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 6.50 | $  2,275.00 |

**Grand Total:**     **$901,667.00**
**Total Hours:**            **963.10**
**Blended Rate:**       **$936.21**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 368.20 | $340,492.50 |
| Bankruptcy Litigation | 30.30 | $ 25,878.00 |
| Case Administration | 18.10 | $  7,037.00 |
| Claims Admin./Objections | 65.70 | $ 56,516.50 |
| Compensation of Professional | 9.70 | $  5,394.50 |
| Compensation of Prof./Others | 9.30 | $  4,547.50 |
| Financing | 25.70 | $ 26,492.50 |
| General Creditors Comm. | 198.00 | $190,525.50 |
| Insurance Coverage | 84.40 | $ 84,932.00 |
| Mediation | 74.00 | $ 77,923.00 |
| Plan & Disclosure Statement | 72.10 | $ 76,870.50 |
| Retention of Prof/Others | 6.00 | $  4,217.50 |
| Stay litigation | 1.60 | $    840.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[5] | Total Expenses |
|---|---|---|
| Filing Fee | USBC | $    350.00 |
| Outside Services | Zoom; Everlaw; MiPro | $14,317.50 |
| Court Research | Pacer | $    136.80 |
| Postage | US Mail | $ 3,004.33 |
| Reproduction Expense | | $    170.40 |
| Reproduction/Scan Copy | | $    873.90 |
| Transcript | eLitigation Services, Inc. | $    439.00 |

---

[5]  PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  April 6, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## ELEVENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE <u>FOR THE PERIOD FROM JANUARY 1, 2021 THROUGH JANUARY 31, 2021</u>

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its Eleventh Monthly Application for Compensation and for Reimbursement of Expenses for the Period from January 1, 2021 through January 31, 2021 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $901,667.00 and actual and necessary expenses in the amount of $19,291.93 for a total allowance of $920,958.93 and payment of $721,333.60 (80% of the allowed fees) and reimbursement of $19,291.93 (100% of the allowed expenses) for a total payment of $740,625.53 for the period January 1, 2021 through January 31, 2021 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

## Background

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND
### FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.      PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J

believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoices of MIPRO, in the total amount of $10,752.50, are attached as Exhibit 'B'.  PSZ&J has

paid those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit "A,"

and has included payment of the MIPRO invoices as part of its request in this Application for

reimbursement of expenses.

<u>**Summary of Services Rendered**</u>

13.    The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

14.    PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

<u>**Summary of Services by Project**</u>

15.    The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues.

During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Local

Council real estate documents regarding restrictions and drafted an analysis; (2) reviewed and

analyzed conveyance issues; (3) reviewed and analyzed camp utilization issues; (4) reviewed and

analyzed deeds and title documents regarding Camp Decorah; (5) reviewed and analyzed issues

regarding Golden Local Council documents; (6) reviewed and analyzed issues regarding Camp

Rokilio; (7) reviewed and analyzed issues regarding entitlements; (8) performed work regarding

a declaratory relief complaint; (9) attended to valuation issues; (10) reviewed and analyzed

appraisal issues; (11) reviewed and analyzed deeds and other title documents regarding the Sid

Richardson Scout Ranch and Gardner Dam Scout Camp; (12) reviewed and analyzed deeds and

other title documents regarding the Guajataka Scout Reservation, Roosevelt Scout Reservation,

and L.E. Phillips Scout Reservation; (13) reviewed and analyzed ownership issues;

(14) performed work regarding a chart relating to restrictions on Local Council assets;

(15) reviewed and analyzed CBRE appraisals; (16) reviewed and analyzed issues regarding

Camp Rock Enon and Blue Ridge Mountains Reservation; (17) reviewed and analyzed issues regarding Fire Mountain Scout Camp, Camp Parsons, Seattle Service Center, Camp Gorsuch and Danali HAB; (18) reviewed and analyzed issues regarding Eagle River Scout Camp, Cowles Scout Reservation, Camp Thunderbird, and Camp Fife; (19) reviewed and analyzed issues regarding Camp Mountaineer, Buckskin Scout Reservation, and Fort Steuben Scout Reservation; (20) reviewed and analyzed trust issues; (21) reviewed and analyzed issues regarding the Wallwood Boy Scout Reservation; (22) reviewed and analyzed issues regarding Camp Gorsuch, Eagle River Scout Camp, and Denali HAB; (23) performed work regarding a chart relating to New York area Local Council property restrictions; (24) reviewed and analyzed issues regarding Camp Okarro; (25) reviewed and analyzed issues regarding JLL appraisals; (26) reviewed and analyzed issues regarding Camp Bedford, Camp Wakpminee and Rotary Scout Reservation; (27) eviewed and analyzed issues regarding the Palisades Interstate Park Commission matter; (28) reviewed and analyzed issues regarding Baiting Hollow Scout Camp; (29) reviewed and analyzed issues regarding Camp Alpine; (30) reviewed and analyzed issues regarding Camp Sol R. Crown and Ma-Ka-Ja-Wan Scout Reservation; and (31) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $340,492.50;    Hours:  368.20

### B.    Bankruptcy Litigation

17.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) prepared for and attended the Hartford meet and confer call regarding survivor discovery;

(2) performed work regarding a declaratory relief complaint concerning restricted assets;

(3) performed work regarding a summons relating to the declaratory relief complaint;

(4) reviewed and analyzed timing issues; (5) performed work regarding document requests

concerning pension and retirement accounts; (6) performed work regarding Hearing Binders;

(7) reviewed and analyzed issues regarding additional discovery relating to Local Council

documents; (8)   reviewed and analyzed issues regarding outstanding discovery and a possible

Bankruptcy Rule 2004 motion relating to Local Councils; (9) reviewed and analyzed the

Hartford Bankruptcy Rule 2004 motion; (10) reviewed and analyzed issues regarding Coalition

discovery against insurance carriers; and (11) conferred and corresponded regarding bankruptcy

litigation issues.

Fees:  $25,878.00;      Hours:  30.30

**C.       Case Administration**

18.    This category relates to work regarding administration of these cases.

During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of

critical dates; (2) maintained service lists; (3) performed work regarding a notice of virtual town

hall meetings; (4) maintained document control; and (5) corresponded regarding case

administration issues.

Fees:  $7,037.00;      Hours:  18.10

**D.       Claims Admin/Objections**

19.    This category relates to work regarding claims administration and claims

objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed

issues regarding Hartford discovery concerning proofs of claims; (2) reviewed and analyzed abuse claims in response to questions from Committee members and professionals; (3) reviewed and analyzed claims data relating to an updated normalized data set; (4) performed work regarding claims data summaries and analysis; (5) reviewed and analyzed inquiries regarding roster requests; (6) prepared for and attended a continued meet and confer call regarding Hartford and other carriers; (7) reviewed and analyzed issues regarding parameters for reviewing claims data; (8) reviewed and analyzed issues regarding claim amendments and withdrawals; (9) reviewed and analyzed statute of limitations issues; (10) reviewed and analyzed mediation issues; (11) performed work regarding a global claims analysis of abuse claims; (12) reviewed and analyzed duplicate claim issues; (13) reviewed and analyzed value and allocation issues relating to abuse claims; (14) reviewed and responded to inquiries regarding survivor claims; (15) reviewed and analyzed issues regarding missing claims data; (16) reviewed and analyzed PBGC issues; (17) performed work regarding claims analysis issues relating to Local Councils and insurance coverage; (18) reviewed and analyzed claim settlement strategies; (19) performed work regarding a summary of claims analysis for the Bates White presentation; and (20) corresponded and conferred regarding claim issues.

Fees:  $56,516.50;    Hours:  65.70

**E.    Compensation of Professionals**

20.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its October, November and December 2020 monthly, and Third quarterly, fee applications.

Fees:  $5,394.50;        Hours:  9.70

**F.    Compensation of Professionals--Others**

21.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding BRG, Keen-Summit, Pasich, and Rock Creek fee applications.

Fees:  $4,547.50;        Hours:  9.30

**G.    Financing**

22.    This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding a JPMorgan Chase lien challenge complaint; (2) reviewed and analyzed challenge deadline issues; (3) reviewed and analyzed issues regarding a fifth lien challenge deadline extension stipulation; (4) reviewed and analyzed documents regarding lien challenge issues; and (5) corresponded and conferred regarding financing issues.

Fees:  $26,492.50;        Hours:  25.70

**H.    General Creditors Committee**

23.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding town hall notice issues; (2) prepared for and participated in weekly telephonic conferences with counsel for BSA

regarding case issues; (3) prepared for and participated in telephonic conferences with State

Court counsel regarding case issues; (4) reviewed and analyzed mediation, discovery, Chapter 11

plan, and business plan issues; (5) attended to appraisal issues; (6) prepared for and participated

in weekly telephonic conferences with the Committee regarding case issues; (7) reviewed and

analyzed insurance issues; (8) prepared for and participated in telephonic conferences with the

Local Council Working Group; (9) reviewed and responded to inquiries from survivors regarding

town hall meeting issues; (10) reviewed and analyzed claim strategy issues; (11) performed work

regarding a town hall script; (12) prepared for and attended an online town hall meeting;

(13) reviewed and analyzed issues regarding Hartford discovery and a meet and confer;

(14) performed work regarding a form email relating to amendments or supplements to proofs of

claim; (15) reviewed and analyzed Century discovery request issues; (16) reviewed and analyzed

case strategy issues; (17) attended to issues regarding a creditor website; (18) reviewed and

analyzed confidentiality issues; (19) reviewed and analyzed issues regarding the Bates White

claims summary; (20) prepared for and attended a telephonic meeting with Coalition counsel

regarding strategy issues; and (21) corresponded and conferred regarding general creditors

committee issues.

Fees:  $190,525.50;    Hours:  198.00

## I.    Insurance Coverage

24.    This category relates to insurance coverage issues.  During the Interim

Period, the Firm, among other things:  (1) prepared for and attended telephonic conferences with

the Insurance Working Group; (2) reviewed and analyzed the BSA business plan; (3) reviewed

and analyzed Bankruptcy Rule 9019 motions regarding insurance issues; (4) reviewed and analyzed relief from stay motions; (5) reviewed and analyzed issues regarding the ORIC and Evanston matters; (6) reviewed and analyzed claims data regarding insurance coverage issues; (7) reviewed and analyzed the Worley and Wilson settlements; (8) reviewed and analyzed issues regarding Hartford and National Union exposure; (9) reviewed and analyzed mediation issues; (10) reviewed and analyzed statute of limitations issues; (11) reviewed and analyzed solvency issues regarding Chubb and Century; (12) attended to issues regarding the Coalition; (13) performed work regarding coverage charts; (14) prepared for and attended a mediation with Hartford; (15) reviewed and analyzed Hartford insurance agreements; (16) reviewed and analyzed Local Council insurance issues; (17) reviewed and analyzed Century and Chubb financial materials; (18) reviewed and analyzed standing issues; (19) reviewed and analyzed the Hartford Bankruptcy Rule 2004 motion; (20) reviewed and analyzed regulatory issues; (21) performed work regarding a memorandum relating to Century financial issues; (22) reviewed and analyzed direct action issues; (23) reviewed and analyzed INA insurance coverage issues; (24) prepared for and attended a telephonic conference with State Court counsel regarding insurance strategy issues; and (25) corresponded and conferred regarding insurance issues.

Fees:  $84,932.00;      Hours:  84.40

**J.    Mediation**

25.    This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended a mediation session on January 4, 2021

regarding business plan issues; (2) reviewed and analyzed issues regarding mediation strategy

relating to claims; (3) reviewed and analyzed issues regarding missing Local Council

information relating to claims; (4) reviewed and analyzed issues regarding Hartford; (5) prepared

for and attended mediation calls on January 7, 12, 13, 14, 21, 27 and 28, 2021; (6) prepared for

and attended a teleconference with Coalition representatives regarding mediation and discovery

issues; (7) prepared for and attended teleconferences with State Court Counsel; (8) reviewed and

analyzed settlement and Plan strategy issues; (9) attended to mediation issues regarding Century,

Hartford, and the Ad Hoc Local Council Committee; (10) reviewed and analyzed claims

normalization issues; (11) performed work regarding the Bates White presentation; and

(12) corresponded and conferred regarding mediation issues.

Fees:  $77,923.00;     Hours:  74.00

### K.    Plan and Disclosure Statement

26.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed Trust Distribution Procedures issues; (2) reviewed and analyzed Plan

issues; (3) reviewed and analyzed the A&M presentation of the Debtors' five year business plan;

(4) reviewed and summarized the Debtors' amended Plan; (5) reviewed and analyzed issues

regarding a BSA asset chart and a mediation offer and counter offer; (6) reviewed and analyzed

Plan-related expense issues; (7) performed work regarding mediation and settlement issues;

(8) prepared for and attended calls with State Court counsel regarding Plan issues; (9) reviewed

and analyzed Local Council issues; (10) reviewed and analyzed a Local Council contribution

analysis; (11) reviewed and analyzed Plan-related insurance issues; (12) reviewed and analyzed

Plan strategy issues; (13) performed research; (14) reviewed and analyzed issues regarding

litigation trust reports; (15) reviewed and analyzed BSA Plan contribution issues; (16) attended

to asset analysis issues; (17) reviewed and analyzed solicitation procedures issues; and

(18) conferred and corresponded regarding Plan issues.

Fees:  $76,870.50;      Hours:  72.10

### L.    Retention of Professionals--Others

27.    This category relates to the retention of professionals, other than the Firm.

During the Interim Period, the Firm, among other things:  (1) performed work regarding the

Rock Creek retention; (2) performed work regarding the CBRE retention; and (3) corresponded

and conferred regarding retention issues.

Fees:  $4,217.50;      Hours:  6.00

### M.    Stay Litigation

28.    This category relates to work regarding the automatic stay and relief from

stay motions.  During the Interim Period, the Firm, among other things, performed work

regarding a stipulation and order resolving the motion to enforce stay against the Middle

Tennessee Local Council.

Fees:  $840.00;      Hours:  1.60

### Valuation of Services

29.    Attorneys and paraprofessionals of PSZ&J expended a total 963.10 hours

in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 101.10 | $120,814.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 81.80 | $ 93,661.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 26.50 | $ 29,812.50 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 42.70 | $ 46,756.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 18.00 | $ 19,350.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 1.20 | $ 1,290.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 20.40 | $ 21,930.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 85.10 | $ 87,227.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 1.40 | $ 1,393.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 73.50 | $ 73,132.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $ 995.00 | 0.60 | $ 597.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 6.00 | $ 5,700.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 8.00 | $ 7,400.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 122.30 | $109,458.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 63.60 | $ 54,060.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 181.70 | $149,902.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 8.10 | $    6,682.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $   825.00 | 2.90 | $    2,392.50 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $   795.00 | 0.70 | $       556.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $   795.00 | 34.00 | $  27,030.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $   625.00 | 39.30 | $  24,562.50 |
| Leslie A. Forrester | Law Library Director 2003 | $   450.00 | 5.30 | $    2,385.00 |
| Karina K. Yee | Paralegal 2000 | $   425.00 | 17.40 | $    7,395.00 |
| Cheryl A. Knotts | Paralegal 2000 | $   395.00 | 8.10 | $    3,199.50 |
| Melisa DesJardien | Legal Assistant | $   395.00 | 5.60 | $    2,212.00 |
| Diane H. Hinojosa | Legal Assistant | $   395.00 | 0.80 | $       316.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $   350.00 | 0.50 | $       175.00 |
| Karen S. Neil | Case Management Assistant 2003 | $   350.00 | 6.50 | $    2,275.00 |

**Grand Total:**    **$901,667.00**
**Total Hours:**         **963.10**
**Blended Rate:**      **$936.21**

30.    The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period

is $901,667.00.

31.    In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order

providing that, for the period of January 1, 2021 through January 31, 2021, an interim allowance

be made to PSZ&J for compensation in the amount of $901,667.00 and actual and necessary

expenses in the amount of $19,291.93 for a total allowance of $920,958.93 and payment of

$721,333.60 (80% of the allowed fees) and reimbursement of $19,291.93 (100% of the allowed

expenses) be authorized for a total payment of $740,625.53; and for such other and further relief

as this Court deems proper.

Dated:  March 23, 2021                    PACHULSKI STANG ZIEHL & JONES LLP


/s/ James E. O'Neill
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
Ilan W. Scharf (NY Bar No. 4042107)
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  jstang@pszjlaw.com
        rorgel@pszjlaw.com
        joneil@pszjlaw.com
        jlucas @psjlaw.com
        ischarf@pszjlaw.com

Counsel to the Tort Claimants Committee

**DECLARATION**

STATE OF DELAWARE     :
                              :

COUNTY OF NEW CASTLE  :

        James E. O'Neill, after being duly sworn according to law, deposes and says:

        a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)        I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

        c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                                   /s/ James E. O'Neill
                                     James E. O'Neill