# Exhibit A

## March 17, 2021 Hearing Transcript Excerpts

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | . Chapter 11 |
| BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC, | . Case No. 20-10343 (LSS) |
| Debtors. | . |
| BOY SCOUTS OF AMERICA, | . Adv. Pro. No. 20-50527 |
| Plaintiff, | . |
| v. | . Courtroom No. 2<br>824 Market Street<br>Wilmington, Delaware 19801 |
| A.A., *et al.*, | . |
| Defendants. | . March 17, 2021<br>9:00 A.M. |

TRANSCRIPT OF TELEPHONIC OMNIBUS HEARING
BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:

Derek C. Abbott, Esquire
Andrew R. Remming, Esquire
Eric W. Moats, Esquire
Paige N. Topper, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 16th Floor
Wilmington, Delaware 19899

- and -

Jessica C. Lauria, Esquire
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020

Audio Operator: Brandon J. McCarthy

Transcription Company: Reliable
1007 N. Orange Street
Wilmington, Delaware 19801
(302)654-8080
Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

---

TELEPHONIC APPEARANCES (Continued):

For the Debtors: Michael C. Andolina, Esquire
Matthew E. Linder, Esquire
Laura E. Baccash, Esquire
Blair M. Warner, Esquire
WHITE & CASE LLP
111 South Wacker Drive
Chicago, Illinois 60606

For Century Indemnity: Tancred Schiavoni, Esquire
Brad Elias, Esquire
O'MELVENY
7 Times Square
New York, New York 10036

For Tort Claimants: James Stang, Esquire
PACHULSKI STANG ZIEHL JONES LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19801

For Hartford Financial: Philip Anker, Esquire
WILMERHALE
250 Greenwich Street
New York, New York 10007

For Andrews Thornton: Lawrence Robbins, Esquire
ROBBINS RUSSELL ENGLERT ORSECK UNTEREINER SAUBER LLP
2000 K Street NW, 4th Floor
Washington, DC 20006

adversary proceeding that's been filed, obviously the estimation motion. Sometimes I think I am not the audience for some of these filings because I can read a mediator's report and understand exactly what it meant. But the -- and I -- so if parties perceive that their filings are helpful for some reason, of course you can file what you want. But again, I don't always think I'm the intended audience.

The concern I have with going forward with the disclosure statement at this point is because I don't see some very necessary information and documents, quite frankly, that I would want to see at a disclosure statement, including the TDPs. Those who are involved in Imerys with me know that I did not send out that disclosure statement until we had TDPs. They can be negotiated or they can not be negotiated. But there's -- but I think -- and think this plan has that gap in it, where parties don't know what, in fact, the treatment is going to be.

So, for very practical reasons, I think it's difficult, perhaps, to go forward with that hearing in mid-April. On the other hand, I hesitate to move it because deadlines usually focus people and things get achieved. What I think, here, perhaps can focus people are the mediation sessions that are to take place later this month.

And whether attending in person or attending via Zoom, I expect everybody to be there, who the mediators

request be there. I don't want to hear that someone decided it was inconvenient or they couldn't show. We're $100 million into fees in this case, I think that is a staggering number, and progress needs to be made. Victims need to be compensated appropriately and the Boy Scouts' mission needs to continue. And that's evident from -- everyone that I see here has voiced that view.

And I will say that some of the letters that I've received from individual -- individuals who are abuse survivors, or who say they are abuse survivors -- and they get docketed -- also share that view, which I find quite heartening and somewhat amazing sometimes; that those survivors, some of them, are still involved in scouts, their kids are involved in scouts, and they see a role for scouts going forward. Boy Scouts, I should be specific.

So I think that goal needs to be paramount, and I think it affects the mediation. It affects the timing of disclosure statement and confirmation. It affects how much this is going to cost. And quite frankly, every dollar to professional fees is a dollar that comes out of some creditor's pocket.

So I'm going to move the disclosure statement hearing to April 29th and 30th. And I will look for any further mediation reports that the mediators find appropriate to file after further mediation sessions. And we'll have a

Honor will enter the stipulation this morning. And we will continue, the ad hoc committee will continue to work to move these places -- these cases to a global resolution. Thank you, Your Honor.

THE COURT: Thank you.

Anyone else?

(No verbal response)

THE COURT: Okay. Well, I have reviewed the revised form of order and I will enter it as consensual and recognize that it is a compromise that the parties who negotiated it have reached. I do not have any plaintiff in the underlying litigation in front of me objecting to any further extension of the preliminary injunction, and so I will grant it. I will address whatever subsequently occurs with respect to the compromise, as and when it's brought in front of me. So that will be signed.

MR. ABBOTT: Thank you, Your Honor.

THE COURT: Anything further?

MR. ABBOTT: Thank you, Your Honor. Your Honor, Derek Abbott again for -- on behalf of the debtors. No, that completes the agenda. We appreciate the Court's time and guidance today.

THE COURT: Thank you. And I encourage everyone to make good use of the mediators and the mediation session that was coming up. If I were channeling Judge Fitzgerald -- who

many of you have been in front of on mass tort cases -- I would say bring your toothbrushes and be prepared to come to a resolution. We're adjourned.

UNIDENTIFIED: Happy St. Patrick's Day, everyone.

UNIDENTIFIED: Thanks, David. Nice hat.

UNIDENTIFIED: Thank you, everybody. Thank you, Judge.

UNIDENTIFIED: Thank you, Your Honor.

(Proceedings concluded at 11:05 a.m.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Mary Zajaczkowski March 17, 2021
Mary Zajaczkowski, CET**D-531