# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: May 19, 2021 at 10:00 a.m. (ET)<br>Obj. Deadline: April 8, 2021 at 4:00 p.m. (ET) |

## FOURTH INTERIM FEE APPLICATION OF HAYNES AND BOONE, LLP, AS SPECIAL INSURANCE COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2020 TO AND INCLUDING JANUARY 31, 2021

In accordance with the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Compensation Procedures Order"), Haynes and Boone, LLP ("Haynes and Boone"), hereby submits this *Fourth Interim Fee Application of Haynes and Boone, LLP, as Special Insurance Counsel for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2020 to and Including January 31, 2021* (the "Application") requesting that the Court (i) award interim allowance of Haynes and Boone's compensation for professional services rendered during the period from November 1, 2020 to and including January 31, 2021 (the "Application Period") in the amount of $1,048,774.20, consisting of $1,048,332.00 in fees and $442.20 in actual and necessary expenses, without

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038

prejudice to Haynes and Boone's right to seek additional compensation for services performed and expenses incurred during the Application Period, if any, which were not processed at the time of this Application, (ii) direct payment of the difference between the amounts allowed and any amounts previously paid pursuant to the Compensation Procedures Order, and (iii) grant such other and further relief as is just and proper.

Specifically, Haynes and Boone requests that the Court award interim allowance of the fees and expenses that were the subject of the following Monthly Fee Applications (as defined in the Compensation Procedures Order) that were filed during the Application Period:

| Date Filed; D.I. | Period Covered | Total Fees Requested | Total Expenses Requested | CNO Date; D.I. | Amount of Fees Allowed (80%) | Amount of Expenses Allowed (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|---|
| 12/28/20 D.I. 1874 | Nov. 1 – Nov. 30, 2020 | $320,210.00 | $0.00 | 01/19/21 D.I. 1958 | $256,168.00 | $0.00 | $64,042.00 |
| 02/22/21 D.I. 2322 | Dec. 1, 2020 – Jan. 31, 2020 | $729,392.00 | $442.20 | 03/24/21 D.I. 2439 | $583,513.60 | $442.20 | $145,878.40 |
| **TOTAL** | | **$1,048,332.00**[2] | **$442.20** | | **$838,665.60** | **$442.20** | **$209,666.40** |

**Exhibits A**, **B**, and **C** attached hereto contain certain schedules pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[3] In addition, Haynes and Boone states as follows in response to the questions set forth in paragraph C.5 of the U.S. Trustee Guidelines:

---

[2] Per $11,270.00 reduction taken; *see* Fee Examiner's Report, D.I. 2146.

[3] Exhibits A and B attached to the monthly applications [Docket Nos. 1874-2, 2322-3, 2322-4, 2322-5, 2322-6] contain detailed listings of Haynes and Boone's requested fees and requested expenses for the Application Period.

a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period? If so, please explain. **During the Application Period, Haynes and Boone did not agree to any variations from, or alternatives to, our standard and customary billing rates, fees and terms for services pertaining to this engagement.**

b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **The fees are under the fees budgeted for the Application Period pursuant to the Final Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Party Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503 and 507; and (III) Granting Related Relief [D.I. 433].**

c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **The professionals included in this Application did not vary their hourly rate based on the geographical location of the bankruptcy case.**

d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees. **This Application does not**

                **include fees dedicated to revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy.**

    **e.**    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.  **The time period covered by this Application includes approximately 27.8 hours with a value of $12,577.50 spent by Haynes and Boone to ensure that the time entries subject to this Application do not disclose privileged or confidential information.  This review and any revisions associated therewith are a necessary component of Haynes and Boone's fee application.**

    **f.**    If the fee application includes any rate increases since retention:

        i.    Did your client review and approve those rate increases in advance?

        **N/A.**

        ii.    Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? **Yes.**

WHEREFORE, Haynes and Boone respectfully requests (i) allowance on an interim basis of compensation for necessary and valuable professional services rendered to the Debtors in the sum of $1,048,332.00, and reimbursement of actual and necessary expenses incurred in the sum of $442.20 for the period from November 1, 2020 to and including January 31, 2021, (ii) payment in the amount of $209,666.40 representing the 20% holdback, and (iii) such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: March 15, 2021<br>Wilmington, Delaware | **HAYNES AND BOONE, LLP**<br><br>*/s/ Ernest Martin, Jr.*<br>Ernest Martin, Jr.<br>Partner<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Telephone: 214.651.5000<br>Email:  Ernest.Martin@haynesboone.com<br><br>SPECIAL INSURANCE COUNSEL TO THE<br>DEBTORS AND DEBTORS IN POSSESSION |

**SUMMARY OF PRIOR INTERIM APPLICATIONS**

| Application; D.I. | Time Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| First Interim D.I. 733 | 02/18/20 – 04/30/20 | $310,541.00 | $1,185.14 | $248,432.80 | $1,185.14 |
| Second Interim D.I. 1265 | 05/01/20 – 07/31/20 | $477,056.00 | $1,096.00 | $381,644.80 | $1,096.00 |
| Third Interim D.I. 1769 | 08/08/20 – 10/31/20 | $582,855.50 | $561.28 | $466,284.40[1] | $561.28[2] |

---

[1] As of the time of this filing, the Third Interim Application for Fees and Expenses has not yet been approved.

[2] See note 1 above.

**SUMMARY OF TOTAL FEES AND HOURS**
**BY ATTORNEYS AND PARAPROFESSIONALS**
**November 1, 2020 – January 31, 2021**

| Name | Position Area of Expertise | Year of Admission / Years of Experience | Hourly Billing Rate | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|---|
| Richard Kanowitz | Partner/Bankruptcy | 1992 / 28 | $1150 | 16.3 | $18,745.00 |
| Ernest Martin, Jr. | Partner/Insurance Litigation | 1987 / 33 | $995 | 112.3 | $111,738.50 |
| Adrian Azer | Partner/Insurance Litigation | 2003 / 17 | $775 | 441.1 | $341,852.50 |
| Mike Stoner | Associate/Insurance Litigation | 2010 / 10 | $675 | 146.3 | $98,752.50 |
| David Staab | Associate/Bankruptcy | 2014 / 6 | $675 | 3.7 | $2,497.50 |
| Carla Green | Associate/Insurance Litigation | 2015 / 5 | $650 | 434.8 | $282,620.00 |
| Brittany Parks | Associate/Insurance Litigation | 2016 / 4 | $645 | 150.7 | $97,201.50 |
| Wesley Dutton | Associate/Insurance Litigation | 2018 / 2 | $545 | 108.3 | $59,023.50 |
| Jordan Chavez | Associate/Bankruptcy | 2019 / 1 | $545 | 8.2 | $4,469.00 |
| Benjamin Schindler | Associate/Insurance Litigation | 2020 / 1 | $450 | 62.3 | $28,035.00 |
| Kim Morzak | Paralegal/Bankruptcy | 35 | $420 | .5 | $210.00 |
| Denise A. Stilz | Paralegal/Appellate | 38 | $395 | 36.6 | $14,457.00 |
| **Fee Examiner Reduction Taken** | | | | | **-$11,270.00** |
| | | | **Total** | **1,521.1** | **$1,048,332.00** |
| | | | | **Blended Rate** | **696.60** |

---

[3] Haynes and Boone charges non-working travel at 50% of regular hourly rates in accordance with Local Rule 2016-2(d)(viii). Such reductions are reflected in the figures in this column.

| SUMMARY OF COMPENSATION BY PROJECT CATEGORY | | |
|---|---|---|
| **Project Category** | **Hours Billed** | **Fees Sought ($)** |
| Global Insurance Strategy (20234.5) | 0.0 | $0.00 |
| Illinois-DJ (20234.15) | 0.0 | $0.00 |
| Hartford Litigation (20234.18) | 0.0 | $0.00 |
| Kentucky (20234.20) | 0.0 | $0.00 |
| National Surety Litigation (20234.21) | 0.0 | $0.00 |
| General Insurance Matters (20234.24) | 1,422.2 | $1,001,851.50 |
| REDACTED (Claimant Name) (20234.26) | 0.0 | $0.00 |
| D&O Insurance Consulting (20234.28) | 0.0 | $0.00 |
| GSUSA Insurance Matters (20234.29) | 31.0 | $22,656.00 |
| Bankruptcy Case Administration (20234.33) | 0.0 | $0.00 |
| Professional Retention Issues (20234.34) | 0.0 | $0.00 |
| Fee Applications (20234.35) | 67.5 | $34,696.50 |
| Non-Working Travel (20234.36) | 0.0 | $0.00 |
| Hearings and Court Matters (20234.37) | 0.0 | $0.00 |
| Business Loss / COVID (20234.39) | .4 | $398.00 |
| Total | 1,521.10 | $1,059,602.00 |
| Fee Examiner Reduction taken | | -$11,270.00 |
| TOTAL | | $1,048,332.00 |

## EXPENSE SUMMARY

| Category | Amount |
|---|---|
| Federal Express | $0.00 |
| Filing Fees | $0.00 |
| On-line Research (Westlaw, Lexis, Pacer and related services) | $19.20 |
| Other Expense: Lighthouse (Document vendor) | $423.000 |
| Out of Town Travel (includes lodging, air, ground transportation and meals) | $0.00 |
| Document Retrievals (DOCR LexisNexis) | $0.00 |
| Transcripts and Tapes of Hearings | $0.00 |
| **TOTAL:** | **$442.20** |