IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Dkt. 2419** |

**CENTURY'S MOTION TO SHORTEN NOTICE OF
CENTURY'S EMERGENCY MOTION TO ADJOURN
THE DISCLOSURE STATEMENT HEARING**

Pursuant to Bankruptcy Rule 9006(c), counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("**Century**"), and the joining insurers,[2] hereby file this motion to shorten notice of *Century's Motion to Adjourn the Disclosure Statement Hearing* (the "**Motion to Adjourn**") (the "**Motion to Shorten**") so that the Motion to Adjourn may be heard at the upcoming Status Conference scheduled for April 12, 2021 at 3:00 p.m. (ET). In support of this Motion to Shorten, Century and the joining insurers respectfully state the following:

**PRELIMINARY STATEMENT**

1. The Debtors filed a plan of reorganization on March 1 [Dkt. 2293] (the "**Plan**") that they openly refer to as a "placeholder."[3] At the last conference, BSA's counsel conceded that the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Clarendon American Insurance Company and Travelers Casualty and Surety Company join the Motion to Shorten and Motion to Adjourn.

[3] In discussing the upcoming mediation and the Debtor's Plan, Debtors' counsel conceded that the submitted plan was incomplete, stating: "Now we are, Your Honor, keenly aware that we are not there yet. We also saw the flurry of . . . plan response pleadings . . . [and] the sentiments that were expressed

plan on file is materially incomplete.[4]  The Plan is missing all the sections that govern how tort claims are to be allowed and what they are to be paid.  The Trust Distribution Procedures, Settlement Trust, and a host of other critical plan documents all dealing with the procedures for reviewing, allowing, and valuing claims are missing.

2. In a mass tort bankruptcy, the terms for allowing and paying claims are the core of any plan of reorganization without which there is not a plan of reorganization, as this Court recognized at the March 17 Omnibus Hearing.[5]  The Plan is also missing the sections identifying the contributions to the Settlement Trust by the Local Councils and Contributing Chartered Organizations who are protected parties.  These sections are essential to a mass tort plan.  On top of this, the sections that address the treatment of JPMorgan and unsecured commercial creditors are either missing or not agreed upon.

3. As detailed in the Motion to Adjourn, the Debtors excluded core sections of the Plan, including the Settlement Trust Agreement and the Trust Distribution Procedures, and, thus, the Disclosure Statement Hearing cannot proceed on April 29 nor can any hearing be lawfully set until the Debtors file a Plan and Disclosure Statement that sets out how claims are to be allowed

---

in those filings the debtors are also frustrated that we're not there yet." *See* 03/17/21 Omnibus Hr'g Tr. at 13:9-14; *see id.* at 13:14:13–18 ("Your Honor, we know we have a lot of wood to chop. I don't think it's the entire forest, as some people in this case would have you believe, but we know we have a lot of wood to chop.  We have got a process to resolve that and we need -- from the debtors' perspective we need to let that process play out.").

[4] *Id.*

[5] *See id.* at 48:8–17 (Judge Silverstein: "The concern I have with going forward with the disclosure statement at this point is because I don't see some very necessary information and documents, quite frankly, that I would want to see at a disclosure statement, including the TDPs. Those who are involved in Imerys with me know that I did not send out that disclosure statement until we had TDPs. They can be negotiated or they can not be negotiated. But there's -- but I think -- and think this plan has that gap in it, where parties don't know what, in fact, the treatment is going to be.").

and valued, what assets are to be used to pay them, and how and under what procedures the claims will be paid.

4.      The Debtors openly state in their schedule that they do not intend to provide the Plan documents that govern how claims are to be allowed and paid and a host of other critical information until June 14, 2021, nearly two months *after* the presently scheduled April 29 Disclosure Statement Hearing and just *two weeks* before the dates that the Debtors propose for a Voting Deadline and Plan Objection Deadline.

5.      While Century and the joining insurers could have waited until April 16 to object to the Disclosure Statement as lacking basic information required under Bankruptcy Rule 1125(b)—an objection that would likely have succeeded—Century and the joining insurers proactively file the Motion to Adjourn and this Motion to Shorten to conserve estate and judicial resources and to give the Debtors an opportunity to file a complete Plan and Disclosure Statement that parties can evaluate fairly.

## RELIEF REQUESTED

6.  By this Motion, Century and the joining insurers respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening notice of the hearing on the Motion to Adjourn so that it may be presented at the hearing scheduled to take place in the Debtors' chapter 11 cases on April 12, 2021 starting at 3:00 p.m. (ET).

## BASIS FOR RELIEF REQUESTED

7.      Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Under Bankruptcy

Rule 9006(c), the Court may shorten the notice period under the Bankruptcy Rules "for cause shown."  In addition, Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

8. Sufficient cause exists to shorten the notice period in connection with the Motion to Adjourn.  The Motion to Adjourn must be considered on an expedited basis to prevent the parties from wasting valuable time and resources preparing for the April 29 Disclosure Statement Hearing even though it is clear that the filed Disclosure Statement lacks adequate information and cannot be approved.

9. The Debtors cannot claim prejudice by this request.  Century and the joining insurers could have waited until April 16 to object to the Disclosure Statement as lacking adequate information under Bankruptcy Code section 1125(b).  Since the Debtors would not have filed the Plan Supplement by then, it is likely that objection would have succeeded.  Rather than waste another week, Century and the joining insurers proactively file the Motion to Adjourn and this Motion to Shorten to conserve estate and judicial resources and to give the Debtors an opportunity to file a complete Plan and Disclosure Statement that parties can evaluate fairly.

10. Century and the joining insurers also did not unreasonably or intentionally delay the filing of the Motion to Adjourn and Motion to Shorten.  All parties were focused on, and preparing for, the Court-ordered March 30–April 1 mediation.  Since the Debtors filed their Plan on March 1, the Debtors and the mediators had continued to represent a positive outlook to all the mediation parties.  As Debtors' counsel stated at the March 17, 2021 Omnibus hearing:  "The mediators are confident that the mediation will foster additional constructive discussions between and among the debtors and other mediation parties.  Accordingly, the mediators do not consider

the mediation to be closed . . . . [W]e believe this is going to culminate in group mediation sessions at the end of March, early April." *See* 03/17/21 Omnibus Hr'g Tr. at 12:23-13:3.

11. In fact, it was BSA's counsel who requested that the Disclosure Statement Hearing, originally scheduled for April 15, 2021, be pushed back in order for the parties to focus their attention on the March 30-April 1 mediation. *See id.* at 16:6-18 (Ms. Lauria: "So if the date needs to move for the disclosure statement we understand that, but we would ask that it not be moved by much because I think we've got momentum in the mediation right now. We think we should continue to take advantage of that and see where we are at the end of these sessions that are at the end of [March].").

12. However, now the parties are still faced with the same materially incomplete placeholder Plan with nothing new having been filed since the last case conference. Specifically, as discussed in the Motion to Adjourn, multiple critical documents have not been filed including the Settlement Trust Agreement and the Trust Distribution Procedures. And, based on the proposed schedule, the Debtors do not intend to file those documents until two months after the Disclosure Statement Hearing. Parties should have at least the statutorily required 28 days to review the *complete* Disclosure Statement, including at least the Settlement Trust Agreement and Trust Distribution Procedures, before the Court holds a hearing to approve the Disclosure Statement.

13. The request to shorten the notice period for the Motion to Adjourn will not prejudice any party-in-interest. Critical parts of the Plan and Disclosure Statement need to be filed to ensure parties have an opportunity to review and evaluate the terms of the Plan fairly before the Court considers approving the Disclosure Statement.

14. Accordingly, Century and the joining insurers respectfully submit that sufficient cause exists pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) to shorten the notice period with respect to the Motion to Adjourn.

### **COMPLIANCE WITH LOCAL RULE 9006-1(e)**

15. Prior to filing this motion, Century contacted counsel to the Debtors and the Debtors have been unwilling to negotiate a resolution in advance of the hearing.

### **NOTICE**

16. Notice of this motion has been provided to (a) the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the Tort Claimants' Committee; (e) counsel to the Future Claimants' Representative; (f) counsel to the Coalition; (g) counsel to the Ad Hoc Committee of Local Councils; and (g) all parties requesting notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002.[6] Century submits that no other or further notice is necessary under the circumstances.

### **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Century and the joining insurers respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is appropriate under the circumstances.

---

[6] This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b). The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c), and Local Rule 9006-1(e).

Dated: April 9, 2021                    Respectfully Submitted,

                                        By: /s/ *Stamatios Stamoulis*
                                            Stamatios Stamoulis (#4606)

                                        STAMOULIS & WEINBLATT LLC
                                        800 N. West Street
                                        Third Floor
                                        Wilmington, Delaware 19801
                                        Telephone:   302 999 1540
                                        Facsimile:   302 762 1688

                                        O'MELVENY & MYERS LLP
                                        Tancred Schiavoni (*pro hac vice*)
                                        Times Square Tower
                                        7 Times Square
                                        New York, New York 10036-6537
                                        Telephone:   212 326 2000
                                        Facsimile:   212 326 2061

                                        *Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

# EXHIBIT A

**Proposed Order**

EXHIBIT A          PRIVILEGED & CONFIDENTIAL
COMMON INTEREST/JOINT DEFENSE COMMUNICATION
ATTORNEY WORK PRODUCT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Dkt. 2419** |

**[PROPOSED] ORDER GRANTING CENTURY'S MOTION TO
SHORTEN NOTICE OF INSURERS' EMERGENCY MOTION
TO ADJOURN THE DISCLOSURE STATEMENT HEARING**

Upon consideration of the motion (the "**Motion to Shorten**") filed by counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("**Century**"), and the joining insurers, for entry of an order to shorten notice of *Century's Emergency Motion to Adjourn the Disclosure Statement Hearing* (the "**Motion to Adjourn**") so that it may be heard at the hearing scheduled for April 12, 2021 at 3:00 p.m. (ET), all as more fully set forth in the Motion to Shorten; and due and sufficient notice of the Motion to Shorten having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion to Shorten and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court's entry of a final order

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

being consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion to Shorten is GRANTED as set forth herein.

2. The hearing to consider the Motion to Adjourn will be held on April 12, 2021 at 3:00 p.m. (ET).

3. Any responses or objections to the Motion to Adjourn are due on or before 3:00 p.m. (ET) on April 12, 2021.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain exclusive jurisdiction over matters pertaining to this Order.