# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. D.I. 2411, 2506 |

### DEBTORS' MOTION FOR LEAVE TO FILE DEBTORS' REPLY IN SUPPORT OF DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby move this Court (the "Motion for Leave") for leave to file the reply attached hereto as **Exhibit A** (the "Reply") in support of the *Debtors' Third Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2411] (the "Exclusivity Extension Motion")[2] in response to the objection (the "Objection") filed by the Official Committee of Tort Claimants (the "Tort Claimants' Committee") [D.I. 2506]. In further support of the Motion for Leave, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Exclusivity Extension Motion.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(d) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

3. The Debtors consent to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments.

## BACKGROUND

4. The Exclusivity Extension Motion was filed with the Court on March 18, 2021, and was set for a hearing on April 15, 2021, with any objections to the relief requested in the Exclusivity Extension Motion due on or before April 1, 2021, at 4:00 p.m. (ET).

5. On April 1, 2021, the Tort Claimants' Committee filed the Objection.

6. Prior to the filing of the Exclusivity Extension Motion, the Court requested a status conference (the "Status Conference") to discuss, among other things, the Plan, the Disclosure Statement, and mediation developments.

7. At the Status Conference, the Court, the Debtors, and other parties in interest discussed matters germane not only to the Plan and Disclosure Statement, but also the Exclusivity Extension Motion.

8. The hearing for the Court to consider the Exclusivity Extension Motion is currently scheduled for April 15, 2021, at 10:00 a.m. (ET) (the "<u>Hearing</u>").

## RELIEF REQUESTED

9. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit B**, granting them leave to file the Reply.

## BASIS FOR RELIEF REQUESTED

10. Local Rule 9006-1(d) states, "Reply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

11. The Debtors respectfully submit that cause exists to grant the relief requested by this Motion for Leave. As noted above, the Hearing is scheduled for April 15, 2021, at 10:00 a.m. (ET). Pursuant to Local Rule 9006-1(d), the Debtors had until April 12, 2021, at 4:00 p.m. (ET) to file any replies.

12. This reply deadline coincided with the scheduling of the Status Conference. Furthermore, the discussions between the Court, the Debtors, and other parties in interest in the case were related to the relief requested in the Exclusivity Extension Motion. Accordingly, in order to file the Reply inclusive of all important details and developments in the case, the Debtors had to wait until after the Status Conference.

13. Although the Debtors could simply present the information set forth in the Reply at the Hearing, the Debtors submit that being able to review the Reply prior to the Hearing will aid the Court in its consideration of the issues that remain with regard to the Exclusivity Extension Motion and will allow the Hearing to proceed more efficiently. The Reply will provide the Court with

important information, precedent, and legal authority in support of the Exclusivity Extension Motion, and will address the Objection that the Debtors received in response thereto.

14. Furthermore, the Reply provides the Court with an opportunity to review the narrowed and remaining issues for the Exclusivity Extension Motion based upon the conversations had by the Court, the Debtors, and other parties in interest at the Status Conference, which is more fully illustrated in the Reply.

15. Lastly, the Debtors filed the Reply as soon as reasonably possible after the culmination of the Status Conference.

16. Accordingly, the Debtors believe that, under the circumstances, there is cause to grant leave to file the Reply.

17. Additionally, no party will be prejudiced by the filing of the Reply as the Reply provides the parties time to review the Debtors' arguments addressing the Objection and thus better prepare to discuss the arguments during the Hearing.

## NOTICE

18. A copy of this Motion for Leave has been served upon the parties who were served with the Exclusivity Extension Motion and any objectors thereto. In light of the nature of the relief requested in this Motion for Leave, the Debtors respectfully submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the Debtors leave to file the Reply, and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 12, 2021<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>aremming@morrisnichols.com<br>emoats@morrisnichols.com<br>ptopper@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br><br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>mlinder@whitecase.com<br>laura.baccash@whitecase.com<br>blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |