# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **BOYS SCOUTS OF AMERICA AND** ) | **Case No. 20-10343 (LSS)** |
| **DELAWARE BSA, LLC,**[1] ) | |
| ) | **Jointly Administered** |
| **Debtors.** ) | |
| ) | **Docket Refs: 2391, 2611** |

### OLD REPUBLIC INSURANCE COMPANY'S
### OBJECTION TO MOTION OF THE FCR, TCC, AND COALITION TO ESTIMATE CURRENT AND FUTURE ABUSE CLAIMS AND
### PARTIAL JOINDER IN THE OPPOSITION OF CERTAIN INSURERS TO THE MOTION

Old Republic Insurance Company ("**Old Republic**"), by its undersigned attorneys, hereby objects to the Motion of the FCR, TCC, and Coalition to Estimate Current and Future Abuse Claims (the "**Motion**") [D.I. 2391] and joins the legal arguments included in Opposition of Certain Insurers to the Motion of the Coalition, TCC and FCR to Estimate Current and Future Abuse Claims (the "**Opposition**") [D.I. 2611] filed on April 15, 2021. In support hereof, Old Republic respectfully represents the following:

### PARTIAL JOINDER

1.      Old Republic joins the legal arguments raised in the Opposition's Argument and adopts and incorporates such legal arguments as if more fully set forth herein.

### OBJECTION

2.      This Court is not required to estimate the Debtor's aggregate liability under 11 U.S.C. § 502(c) because none of the requirements set forth in that section have been met. Under

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

section 502(c), estimation of individual claims "for purpose of allowance" can be appropriate when failing to do so would "unduly delay the administrative of the case" as the statute requires. The Motion, in contrast, requests the estimation of the Debtor's entire liability for four reasons: (i) "to [inform] the amount of trust funding needed to satisfy Abuse Claims", Motion at ¶ 6; (ii) "provide more transparency into the insurance implications of any plan", Motion at ¶ 7; (iii) "inform the contribution…from any local council and chartered organization that seeks a third-party release", Motion at ¶ 8; and (iv) "test…certain insurers' contention that not all proofs of claim are valid…" Motion at ¶ 9. These justifications are inconsistent with Section 502(c), and highlight how the movants are stretching Section 502(c) beyond its purpose – which is to estimate claims for purposes of allowance to aid in plan confirmation.

3. Further, pursing estimation in the way the movants propose does not appear aimed at estimating claims of the Debtor for purposes of allowance of each individual claim. This is amplified by the Motion's request for a year-by-year allocation of insurer liability. Movant's request only helps to ascertain which insurer might be liable and to what extent. Movant's purpose is clearly contrary to the purposes of Section 502(c) estimation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

4.      Accordingly, Old Republic respectfully requests that the Court deny the Motion and grant such other and further relief requested in the Opposition.

April 15, 2021                        **MORRIS JAMES LLP**

/s/ Carl Kunz, III
Carl Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: ckunz@morrisjames.com

- and –

/s/ Margaret M. Anderson
Margaret M. Anderson, Esq. (pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1224
Facsimile: (312) 224-1201
Email: panderson@foxswibel.com

*Counsel for Old Republic Insurance Company*