# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: April 29, 2021 at 10:00 a.m. (ET)<br>Objection Deadline: April 22, 2021 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) SCHEDULING CERTAIN
DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF
THE DEBTORS' PLAN OF REORGANIZATION, (II) ESTABLISHING
CERTAIN PROTOCOLS, AND (III) GRANTING RELATED RELIEF**

Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), submit this motion (the "Confirmation Scheduling Motion" or the "Motion") for entry of an order (the "Confirmation Scheduling Order"), substantially in the form attached hereto as **Exhibit A**, (i) scheduling certain dates and deadlines in connection with confirmation of the Debtors' plan of reorganization, (ii) establishing certain protocols, and (iii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The bases for the relief requested herein are, among others, section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.     On February 18, 2020 (the "Petition Date"), the Debtors filed with this Court voluntary petitions under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "Chapter 11 Cases").  On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "UCC") and an official committee of survivors of abuse (the "TCC") [D.I. 141, 142].  No trustee or examiner has been appointed in these Chapter 11 Cases.  The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4.     Additional information regarding the Debtors' non-profit operations, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed on the Petition Date [D.I.16].

5.     On April 13, 2021, the Debtors filed their *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2592] (the "Plan")[2] and

---

[2] Capitalized terms used but not defined herein have the meanings set forth in the Plan, unless otherwise indicated.

2

on April 14, 2021, the Debtors filed the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2594] (the "Disclosure Statement").

6. The Disclosure Statement includes a schedule of proposed dates and deadlines including certain dates related to confirmation. *Id.* at 1 ("Article I. Important Dates"). The hearing on approval of the Disclosure Statement is set for May 19, 2021 at 10:00 a.m. ET.

7. Before the Debtors filed the Plan and Disclosure Statement, on March 16, 2021, the Future Claimants' Representative (the "FCR"), the TCC, and the Coalition of Abused Scouts for Justice (the "Coalition") filed a motion seeking estimation of abuse claims and to establish procedures and a schedule for such proceedings. *See Motion of the Future Claimant's Representative, The Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures and Schedule for Estimation Proceedings* [D.I. 2391] ("Estimation Motion").

8. The Debtors have filed an objection to the Estimation Motion. *See* D.I. 2612. A hearing before this Court on the Estimation Motion has been scheduled for May 19, 2021 at 10:00 a.m. ET, the same time as the Disclosure Statement hearing.

9. The same parties who filed the Estimation Motion have also filed a motion seeking to withdraw the reference with respect to their requested estimation. *See Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), Withdrawing the Reference of Proceedings Involving Personal Injury Claims* [Case No. 21-cv-00392 (D. Del.), D.I. 1] (the "Motion to Withdraw the Reference").

10. The Debtors have filed an objection to the Motion to Withdraw the Reference. The Motion to Withdraw the Reference is pending before the district court, and reply briefs in support of the Motion to Withdraw the Reference are due on April 22, 2021.

11. As explained further in the Debtors' submissions in response to the Estimation Motion and the Motion to Withdraw the Reference, the Debtors object to the estimation procedures proposed by the FCR, TCC, and the Coalition and refute that the reference should be withdrawn. Instead, as described further in this Motion and in the Plan and Disclosure Statement, the Debtors propose that this Court estimate the Debtors' aggregate liabilities for Direct Abuse Claims for purposes of and in connection with confirmation. *See* Plan art. V.T. This will result in a streamlined process that will facilitate prompt, equitable payments to abuse survivors while also allowing the Debtors to emerge from the bankruptcy proceedings on their required timeline.

12. By this Motion, the Debtors seek to establish certain dates and deadlines related to confirmation and the estimation to be conducted in connection therewith, in addition to those already set forth in the Disclosure Statement and related filings. The dates and deadlines proposed in this Motion are specifically relevant to the discovery and pretrial process for confirmation.

13. The proposed schedule aligns with the Debtors' goal of obtaining prompt approval of the Disclosure Statement and confirmation of the Plan by end of summer 2021, *see, e.g.*, Feb. 17, 2021 Omnibus Hr'g Tr. 11:12-25 [D.I.2240][3]; Apr. 12, 2021 Hr'g Tr. 12:10-11 [D.I. 2589],[4] while also providing parties in interest with appropriate opportunities to engage in discovery and otherwise prepare for confirmation.

---

[3] "[A]s I reported in November, it is still the debtor's intention to emerge from Chapter 11 by the end of summer 2021, so by the end of this upcoming summer."

[4] "[T]he overall time line is still critically important to the BSA[.]" *Id.* at 12:10-11.

14. Importantly, the Debtors and other Mediation Parties[5] have already undertaken significant discovery and plan related actions with these goals in mind. As such, extensive discovery, both formal and informal, has been conducted and remains on going. With respect to Plan-related discovery:

   a. The Debtors have established and are continuously populating an electronic data room with information regarding the BSA and Local Councils. The data room currently contains over 40,000 documents containing approximately 708,000 total pages responding to various requests from parties. Among other information, the data room includes substantial information relating to BSA and Local Council assets, including any restrictions on such assets. Debtors have worked with Local Councils and together produced over 327,000 pages of documents to the TCC regarding Local Councils' assets, the nature of restrictions, and historical transactions.

   b. The Debtors and their professionals have completed appraisals of more than 220 Local Council-owned properties. The Debtors have also cooperated with the TCC, which has appraised more than 400 additional Local Council-owned properties. Information regarding these appraisals has been shared in that data room.

   c. The Debtors and other Mediation Parties have engaged in dozens of mediation sessions regarding Plan issues, and the Mediators have been taking numerous steps

---

[5] The Mediation Parties presently consist of (a) the Debtors; (b) the Ad Hoc Committee; (c) the FCR; (d) the TCC; (e) the UCC; (f) the following insurers: The Chubb Group of Insurance Companies, the Hartford Companies, Allianz Global Risks US Insurance Company National Surety Corporation, Liberty Mutual Insurance Company, the American International Group, Inc. Entities, AXA XL Insurance, CNA Insurance Companies, General Star Indemnity Company, Markel Insurance Company, Arrowood Indemnity Company, Old Republic Insurance Company, Travelers Indemnity Company, Colony Insurance Company, Argonaut Insurance Company, and Clarendon America Insurance Company; (g) the Coalition; (h) JPM Chase Bank, N.A.; (i) the Corporation of the President of the Church of Jesus Christ of Latter-day Saints; (j) the United Methodist Ad Hoc Committee; (k) Agricultural Insurance Company; (l) Aspen Insurance Holdings, Limited. *See* Disclosure Statement at 55-56.

to address issues relating to a global resolution as they engage in intensive negotiations regarding the structure and terms of a Chapter 11 plan. Feb. 17, 2021 Omnibus Hr'g Tr. 11:6-9 [D.I. 2240].

15. With respect to claims data relevant to estimation, the Debtor's estimation expert, Bates White, has been working with the Mediation Parties to provide updated and standardized versions of data based on the Sexual Abuse Proofs of Claims ("POC") submissions since November 2021. This process has provided all parties with a common analytical database reflecting information in the POC submissions, allowing the parties to sort and manipulate data across a range of dozens of categories including: abuse allegation, dates of abuse, abuser, Local Council, and other categories. The data now incorporate the information from over 106,000 POC submissions, reflecting information from over 82,550 claimants. Bates White and BSA have met with, and solicited feedback from, the Mediation Parties on numerous occasions, and have produced multiple tranches of cumulative standardized data based on the POC submissions. Each subsequent Tranche of data has incorporated additional submission information as well as refinements to previous records, based on the feedback from multiple parties, including the Coalition and the TCC. The data also reflect quality control review of the work performed on the standardization, including re-reviewing records with potential discrepancies, e.g., where the age would imply the claimant was not a minor at the time of the first abuse (which would indicate the date of abuse or date of birth was incorrect based on the POC). On April 16, 2021, Bates White will produce the most updated version of the standardized data, Tranche V. In addition to the standardization and production of data, the Debtors and Bates White have lead numerous mediation sessions to present and discuss the results of the claims analysis.

16. The Debtors have been able to consensually resolve a variety of issues in these cases without the need for intervention of the Court. *Id.* at 10:22-25; 11:1-2. The Debtors expect to continue working with interested parties to resolve issues without court intervention.

## **RELIEF REQUESTED**

17. By this Motion, the Debtors seek entry of the Confirmation Scheduling Order to, subject to the Court's availability: (a) schedule certain dates and deadlines in connection with confirmation of the Plan and all related discovery (together, the "Confirmation Proceedings") and (b) establish certain protocols in connection with the Confirmation Proceedings (the "Protocols").

18. The Debtors propose that any party in interest that intends to participate in the Confirmation Proceedings (a "Proposed Participant") be required to first file with the Court a notice indicating such intent (a "Notice of Intent"), in accordance with the form attached hereto as **Exhibit B**, which may be filed at any time prior to the close of the Confirmation Proceedings. Each Proposed Participant who then becomes a Participating Party (defined below) must comply with and will be bound by all deadlines and other provisions set forth in the Confirmation Scheduling Order and shall not be allowed to reopen any deadlines that have already passed, absent (a) consent of the Debtors and other Participating Parties or (b) further order of the Court.

19. The Debtors and other Participating Parties shall, within five (5) days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any grounds, including, but not limited to, that the Notice of Intent is intended solely for purposes of harassment, was filed by persons that are not parties in interest within meaning of section 1109 of the Bankruptcy Code, does not comply with the terms of the Confirmation Scheduling Order, or does not demonstrate a legally cognizable interest in the Confirmation Proceedings. This shall be the only means by which the Debtors or other Participating Parties may challenge the Notice of Intent of a Proposed

Participant; however, it shall be without prejudice to the Debtors' or other Participating Parties' rights to raise similar objections in other contexts, including, but not limited to, in connection with any specific discovery request or briefing. No Proposed Participant shall be deemed a Participating Party unless (a) no objection is filed within five (5) days of the filing of the Proposed Participant's Notice of Intent or (b) if an objection to the Notice of Intent is filed, the Court overrules such objection.

20. Only a Proposed Participant who files a Notice of Intent, to which the Court does not sustain an objection, may take part in the Confirmation Proceedings (each such party, a "Participating Party"). The Participating Parties shall automatically include, without the need to file a Notice of Intent: (i) the Debtors, (ii) the U.S. Trustee, and (iii) the Mediation Parties. Each Participating Party will be bound by the terms of the *Order Approving Confidentiality and Protective Order* [D.I. 799] entered in these Chapter 11 Cases.

21. The key dates and deadlines that the Debtors seek to establish pursuant to the Confirmation Scheduling Order (such dates and deadlines, the "Confirmation Schedule"), are:

*[Chart Appears on Following Page]*

| Event | Date |
|---|---|
| Deadline to Finalize Claimant Interview Scheduling Procedures | May 19, 2021 |
| Deadline to Serve Written Discovery | May 26, 2021 |
| Deadline to Serve Responses & Objections to Written Discovery | June 14, 2021 |
| Document Production Substantially Complete | June 25, 2021 |
| Deadline to Complete Claimant Interviews | June 25, 2021 |
| Expert Reports Due | June 30, 2021 |
| Rebuttal Expert Reports Due | July 14, 2021 |
| Deadline to Complete Depositions | July 27, 2021 |
| Deadline to Exchange Deposition Designations and File Motions in Limine | July 30, 2021 |
| Deadline to Exchange Deposition Counter-Designations and Objections | August 6, 2021 |
| Deadline to Submit Pretrial Order, Witness and Exhibit Lists, Oppositions to Motions in Limine, and for Objections to Deposition Counter-Designations | August 16, 2021 |
| Final Pretrial Conference | [TBD] |
| Confirmation Hearing | [TBD] |

A chart illustrating each of these dates and deadlines within the context of the broader proposed confirmation timeline as referenced in the Disclosure Statement is attached hereto as **Exhibit C**.

22. In addition to the dates and deadline outlined above, the Debtors propose to establish certain protocols to govern discovery and proceedings related to plan confirmation and the estimation to be conducted in connection therewith. *See* Plan art. V.T. Those Protocols are:

- **Discovery from Sample of Claimants**. The Debtors propose time-limited interviews of a stratified sample of individual abuse claimants to be taken in connection with the estimation to be conducted as part of the Confirmation Proceedings. The opportunity to obtain this discovery will support the estimation, including in informing the range of estimated aggregate values of POCs, and in traversing potential explanations for what caused the number of POCs filed to so greatly exceed the amount of cases of which the Debtors were aware prepetition. *See* Disclosure Statement at 60. The Debtors anticipate this process will be guided by the Mediators or their designee(s).

- **Expert Testimony**. No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) and sitting for a deposition, which may be attended by any Participating Party challenging such report. Such Participating Parties will meet and confer to determine the scheduling of and apportioning of questioning time during such depositions.

- **Discovery Disputes**. Discovery disputes that cannot be resolved by the parties shall be filed with the Court on letter briefs and on notice to all Participating Parties. No letter brief shall exceed five (5) single-spaced pages and opposition letters shall be filed and served within seven (7) days after service of any moving letter brief.

- **Service**. The Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests and written responses and other formal discovery papers that are not filed. If transmission of voluminous materials as an e-mail attachment is impractical, materials shall be posted on an FTP or data site and all Participating Parties shall be provided access to the materials.

- **Modifications**. The Protocols, dates, and terms in this Confirmation Scheduling Order may be modified or waived by the consent of Debtors and any applicable Participating Parties without Court approval, except for any dates involving briefings or submissions to the Court, or any dates involving conferences or hearings with the Court, including but not limited to the following: the deadlines to submit the Pretrial Order, Witness and Exhibit Lists, Motions in Limine and Oppositions thereto, and for the Final Pretrial Conference.

23. For the avoidance of doubt, all time periods referenced in this Motion and the Confirmation Scheduling Order requiring computation shall be determined in accordance with Bankruptcy Rule 9006(a).

## **BASIS FOR RELIEF**

24. This Court has the ability to manage its docket and schedule matters to be heard in an efficient and timely manner. Section 105(a) of the Bankruptcy Code provides the Court with inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," including those related to conducting a confirmation hearing pursuant to section 1128 of the Bankruptcy Code.

25. The Confirmation Schedule is reasonable given the circumstances. As set forth above, substantial information – relating to both Plan and claims issues – has been available to the

Parties for many months. And the Debtors intend to engage immediately with the parties regarding the proposed schedule and protocols set forth above, and expect substantial progress to be made in short order.

26. As the Court is well aware, the delay associated with an unnecessarily extended confirmation schedule threatens the Debtors' ability to achieve the goals of providing equitable recoveries for survivors of abuse and timely emerging from the reorganization to be able to continue on with their charitable mission. The proposed Confirmation Schedule therefore provides clarity, order, and adequate notice to interested parties to allow them to obtain the discovery needed in advance of and otherwise prepare for the Confirmation Hearing.

27. The Debtors' proposed Confirmation Schedule provides for appropriate judicial control, streamlines proceedings, maximizes efficiency, and manages the timetable of preparation for the Confirmation Hearing, allowing a timely and well-organized disposition of these Chapter 11 Cases. It also imposes reasonable limitations to facilitate Court supervision and to impose discipline on the Debtors and other Participating Parties and their counsel. Entering into the measured schedule proposed here will allow the Court to control its limited time and resources, help facilitate the Debtors' prompt exit from chapter 11, afford parties in interest sufficient due process and the opportunity to be heard, and help ensure that abuse survivors receive equitable compensation without undue delay.

## **NOTICE**

28. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the UCC; (iii) counsel to the TCC; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of Delaware; (vi) the Securities and Exchange Commission; (vii) counsel to the FCR; (viii) counsel to the Ad Hoc Committee of Local Councils; (ix) counsel to JPMorgan

Chase Bank National Association; (x) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the proposed Confirmation Scheduling Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: April 15, 2021<br>Wilmington, Delaware | Respectfully submitted,<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>   aremming@morrisnichols.com<br>   emoats@morrisnichols.com<br>   ptopper@morrisnichols.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>   mlinder@whitecase.com<br>   laura.baccash@whitecase.com<br>   blair.warner@whitecase.com<br><br>*COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION* |