**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Proposed Hearing Date: April __, 2021** |
| | **Re: Dkt. 2618** |

**CERTAIN INSURERS' MOTION TO ADJOURN THE DEBTORS' MOTION
FOR ENTRY OF ORDER (I) SCHEDULING CERTAIN DATES AND DEADLINES
IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' PLAN OF
REORGANIZATION, (II) ESTABLISHING CERTAIN PROTOCOLS, AND (III)
GRANTING RELATED RELIEF**

Certain Insurers[1] respectfully request that the Court adjourn the hearing on the *Debtors'*
*Motion For Entry Of Order (I) Scheduling Certain Dates And Deadlines In Connection With*
*Confirmation Of The Debtors' Plan Of Reorganization, (II) Establishing Certain Protocols, And*
*(III) Granting Related Relief* (the "**Debtors' Motion**") now scheduled for April 29, 2021, so that
it may be heard at the upcoming Disclosure Statement Hearing scheduled for May 19, 2021 (the
"**Motion to Adjourn**").  In support of this Motion to Adjourn, Certain Insurers respectfully state
as follows:

**BASIS FOR RELIEF REQUESTED**

1.      The hearing on Debtors' Motion should be adjourned until May 19, 2021, when
this Court is scheduled to hear (a) Debtors' motion to approve their disclosure statement and
solicitation procedures [Dkt. 2295] and (b) the FCR/TCC/Coalition's estimation motion [Dkt.

---

[1]    "**Certain Insurers**" collectively includes Century Indemnity Company ("Century") together with the
joining insurers signed on below.

2391] (the "Estimation Motion"). This will allow the Court to be informed by the proceedings on these other motions in addressing Debtors' request to set a confirmation schedule and impose limits on the parties' substantive rights.

2.      The Court had originally scheduled April 29, 2021 as a date to hear Debtors' motion to approve its disclosure statement. On April 13, 2021, Debtors filed a new plan (the "**Plan**"), premised on an entirely different structure [Dkt. 2592], and re-noticed the disclosure statement hearing to May 19, 2021 [Dkt. 2594]. Certain Insurers ask only that the schedule be re-adjusted to coincide with the new May 19 date for consideration of the amended disclosure statement.

3.      It will be impractical for the Court to consider or to set a confirmation schedule without first considering and ruling on the motions to approve a disclosure statement, set solicitation procedures, and schedule an estimation hearing. The Court will be in far better position to consider a schedule and what discovery is necessary once informed by the parties' submissions on the disclosure statement and estimation motions. Moreover, the subject matter of both the Debtors' Motion and the Estimation Motion overlap significantly. Both motions seek some form of estimation of Abuse Claims, albeit on a different timeline and through different procedures. While Certain Insurers oppose both estimation efforts, due process and judicial economy weigh in favor of both motions being heard concurrently.

4.      Indeed, it makes no sense to conduct a hearing to set a confirmation schedule before the Court has decided whether to approve the disclosure statement. Undersigned counsel can think of no mass tort bankruptcy in which the confirmation schedule was heard and determined before approval of the disclosure statement. It is highly likely that following the May 19 hearing, the current proposed disclosure statement, and possibly the Plan, will be amended in light of objections asserted, and rulings made, at the May 19 hearing. The Court need only consider the proceedings

in the *Imerys* case, in which the disclosure statement was required to be revised following the initial disclosure statement hearing, to appreciate that it makes little sense even to consider setting a confirmation schedule before the disclosure statement is actually approved.  What Debtors are asking is akin to asking a court to set a pretrial schedule and the trial itself before the complaint is even filed.

5.      Proceeding with a hearing on April 29, 2021 to set a confirmation schedule before the Court has even decided whether to approve a disclosure statement would therefore be wasteful of the Court's time and the estate's resources.  In addition, Debtors' motion to restrict the substantive rights of the parties is premised, among other things, on contested factual assertions by Debtors about what has been provided in the mediation that will require evidence.  Where, as here, the plan is opposed by numerous constituencies, various parties will likely ask to be heard.

6.      Finally, while the Debtors' Motion is cast as a "scheduling motion" to enable the Debtors to have it heard on the shortest possible notice (14 days), the relief that Debtors seek is beyond procedural, limiting both who may be involved in confirmation proceedings and how discovery may proceed.  Debtors seek to establish a procedure to attack parties' standing before they have even filed any objections or propounded any discovery. [Debtors' Motion, Exh. A at ¶ 2–4].  Further, Debtors attempt to sneak in a protocol clearly directed at the substantive estimation process by limiting discovery of claimants to "time-limited interviews of a stratified sample of individual abuse claimants." [Debtors' Motion, Exh. A at ¶ 7–8].  The Court should not reach a substantive estimation process issue like this on a motion filed on shortened time under the guise of a "scheduling motion," particularly when the Court has not yet found that any estimation is appropriate and has not yet held hearings on the disclosure statement.  Moreover, because the

Debtors' Motion implicates the substantive rights of the parties, Debtors more appropriately should have given 21 days' notice under Rule 2002(a).

7.    Accordingly, Certain Insurers respectfully request that the hearing on the Debtors' Motion be adjourned to May 19, 2021, with dates for the filing of objections to Debtors' Motion being moved correspondingly.

## RELIEF REQUESTED

8.    By this Motion to Adjourn, Certain Insurers respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), adjourning the hearing on the Debtors' Motion currently scheduled for April 29, 2021 to instead be heard at the upcoming Disclosure Statement Hearing scheduled for May 19, 2021 at 10 am (ET), with dates for the filing of objections to Debtors' Motion being moved correspondingly.[2]

## NOTICE

9.    Notice of this motion has been provided to (a) the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the Tort Claimants' Committee; (e) counsel to the Future Claimants' Representative; (f) counsel to the Coalition; (g) counsel to the Ad Hoc Committee of Local Councils; and (g) all parties requesting notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002.[3]  Certain Insurers submit that no other or further notice is necessary under the circumstances.

---

[2]    At the last conference, the Debtors stated that a disclosure statement hearing could be pushed back into May without prejudice to the Debtors.  *See* 03/17/21 Omnibus Hr'g Tr. at 46:22–25, 47:1–21 (discussing moving the disclosure statement hearing, Debtors' counsel Ms. Lauria stated: "So, again, if the Court is inclined to move that date, we would say only move it by a very little bit because we do believe we need to come in front of the Court, potentially in the near term . . . .  You know, I would say two weeks, two to four weeks.  I know we have an omnibus mid-May, I think it's May 15th, if I'm not mistaken, or thereabouts.").

[3]    This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).  The

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Certain Insurers respectfully request that the Court grant the relief requested herein and enter the Proposed Order adjourning the hearing on the Debtors' Motion to May 19, 2021.

Dated:  April 19, 2021                    Respectfully Submitted,

                                          By:   /s/ Stamatios Stamoulis
                                               Stamatios Stamoulis (#4606)

                                          STAMOULIS & WEINBLATT LLC
                                          800 N. West Street
                                          Third Floor
                                          Wilmington, Delaware  19801
                                          Telephone:   302 999 1540
                                          Facsimile:   302 762 1688

                                          O'MELVENY & MYERS LLP
                                          Tancred Schiavoni (*pro hac vice*)
                                          Times Square Tower
                                          7 Times Square
                                          New York, New York  10036-6537
                                          Telephone:   212 326 2000
                                          Facsimile:   212 326 2061

                                          *Counsel for Century Indemnity Company, as*
                                          *successor to CCI Insurance Company, as*
                                          *successor to Insurance Company of North*
                                          *America*


                                          */s/ Michael J. Joyce*
                                          Michael J. Joyce (No. 4563)
                                          The Law Offices of Joyce, LLC
                                          1225 King Street, Suite 800
                                          Wilmington, DE 19801
                                          (302)-388-1944
                                          mjoyce@mjlawoffices.com

---

bases for the relief requested herein are section 105 of the Bankruptcy Code and Rule 3017(a) of the Federal Rules of Bankruptcy Procedure.

-and-

*/s/ Lorraine M. Armenti*
Kevin T. Coughlin (Admitted *Pro Hac Vice*)
Lorraine M. Armenti (Admitted *Pro Hac Vice*)
Michael E. Hrinewski (Admitted *Pro Hac Vice*)
Coughlin, Midlige & Garland, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@CMG.law

*Attorneys for Arrowood Indemnity Company,
formerly known as Royal Indemnity Company*

BODELL BOVÉ, LLC
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

-and-

CLYDE & CO US LLP
Bruce D. Celebrezze (pro hac vice)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

-and-

DAVID CHRISTIAN ATTORNEYS LLC

David Christian (pro hac vice)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email: dchristian@dca.law

*Attorneys for Great American Assurance Company,*
*f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance*
*Company; and Great American E&S Insurance*
*Company*

Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
          mcclambc@ballardpshar.com

*-and-*

Harry Lee*
John O'Connor*
Brett Grindrod*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-8078
Facsimile: (202) 429-3902
E-mail:   hlee@steptoe.com
          joconnor@steptoe.com
          bgrindrod@steptoe.com
(*Admitted *Pro Hac Vice*)

*Attorneys for Clarendon America Insurance*
*Company*

TROUTMAN PEPPER HAMILTON
SANDERS LLP
By: */s/ David M. Fournier*
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)

Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:      404.885.3000
Facsimile:      404.885.3900

*-and-*

Harris B. Winsberg (admitted pro hac vice)
Matthew G. Roberts (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:      404.885.3000
Facsimile:      404.885.3900

*-and-*

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:      312.281.0295

*Attorneys for National Surety Corporation and*
*Interstate Fire & Casualty Company*

TROUTMAN PEPPER HAMILTON
SANDERS LLP
By: /s/ David M. Fournier
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:      302.777.6500
Facsimile:      302.421.8390

*-and-*

8

Harris B. Winsberg (admitted pro hac vice)
Matthew G. Roberts (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:     404.885.3000
Facsimile:     404.885.3900

*-and-*

NICOLAIDES FINK THORPE MICHAELIDES
SULLIVAN LLP
Matthew S. Sorem (admitted pro hac vice)
10 S. Wacker Dr.
21st Floor
Chicago, IL 60606
Telephone:     312.585.1433
Facsimile:     312.585.1401

*-and-*

MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:     202.756.8228
Facsimile:     202.756.8087

*Attorneys for Allianz Global Risks US Insurance
Company*

Goldstein & McClintock LLLP
/s/ Maria Aprile Sawczuk
Maria Aprile Sawczuk (DE #3320)
501 Silverside Road
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

*-and-*

Laura McNally

Emily Stone
Loeb & Loeb LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

*Attorneys for The Continental Insurance Company
and Columbia Casualty Company*

/s/ Douglas R. Gooding
Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE, HALL & SEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

*-and-*

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO PC
One Financial Center
Boston, MA 0211
Telephone: (617) 542-6000
kmarrkand@mintz.com
lbstephens@mintz.com

*Counsel to Liberty Mutual Insurance Company*

REGER RIZZO & DARNALL LLP
*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Defendants,
Travelers Casualty and Surety Company,*

*Inc. (f/k/a Aetna Casualty & Surety
Company), St. Paul Surplus Lines Insurance
Company and Gulf Insurance Company*

/s/ Deirdre M. Richards
FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone:     (302) 538-8331
Facsimile:     (302) 394-9228
Email: drichards@finemanlawfirm.com

*-and-*

FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone:     (312) 863-5000
Facsimile:     (312) 863-5009
Email: sgummow@fgppr.com

*-and-*

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035
Email: mrosenthal@gibsondunn.com
       jhallowell@gibsondunn.com
       kmartorana@gibsondunn.com

*-and-*

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone:     (949) 451-3800
Facsimile:     (949) 451-4220

11

Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*

Robert D. Cecil, Jr.  (No. 5317)
TYBOUT, REDFEARN & PELL
P.O. Box 2092
Wilmington, Delaware  19899-2092
Phone:  (302) 658-6901
Fax:      (302) 658-4018
E-mail:  rcecil@trplaw.com

Mark D. Plevin (admitted pro hac vice)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
Fax:      (415) 986-2827
E-mail:  mplevin@crowell.com

Tacie H. Yoon  (admitted pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Fax:      (202) 628-5116
Email:   tyoon@crowell.com

*Attorneys for American Zurich Insurance Company,*
*American Guarantee and Liability Insurance*
*Company, and Steadfast Insurance Company*

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Dkt. 2618** |

**[PROPOSED] ORDER GRANTING CERTAIN INSURERS' MOTION TO ADJOURN
THE DEBTORS' MOTION FOR ENTRY OF ORDER
(I) SCHEDULING CERTAIN DATES AND DEADLINES IN CONNECTION WITH
CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION, (II)
ESTABLISHING CERTAIN PROTOCOLS, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion to adjourn (the "**Motion to Adjourn**")[2] filed by counsel filed by counsel for Certain Insurers[3] for entry of an order adjourning the hearing on the *Debtors' Motion For Entry Of Order (I) Scheduling Certain Dates And Deadlines In Connection With Confirmation Of The Debtors' Plan Of Reorganization, (II) Establishing Certain Protocols, And (III) Granting Related Relief* so that it may instead be heard at the upcoming Disclosure Statement Hearing scheduled for May 19, 2021, all as more fully set forth in the Motion to Adjourn; and due and sufficient notice of the Motion to Adjourn having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion to Adjourn and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to those terms in the Motion to Adjourn.

[3]    "**Certain Insurers**" collectively includes Century Indemnity Company ("Century") together with the joining insurers who signed onto the Motion to Adjourn.

A-1

the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion to Adjourn and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court's entry of a final order being consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion to Adjourn (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings before the Court; and the legal and factual bases set forth in the Motion to Adjourn and at the Hearing (if any was held) having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion to Adjourn is GRANTED as set forth herein.

2.      The hearing on the Debtors' Motion [Dkt. 2618] shall be adjourned from April 29, 2021 to May 19, 2021 at 10 a.m. (ET), with dates for the filing of objections to Debtors' Motion being moved correspondingly.

3.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.      The Court shall retain exclusive jurisdiction over matters pertaining to this Order.