# United States Bankruptcy Court

District of Delaware

In re Boy Scouts of America, Case No. 20-10343

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Argo Partners** | **PHASE 3 MEDIA LLC** |
| | |
| Name and Address for notices and payments: | Court Record Address of Transferor |
| 12 West 37th Street, Ste. 900 | (Court Use Only) |
| New York, NY 10018 | |
| Phone: | |
| | Name & Current Address of Transferor |
| | **PHASE 3 MEDIA LLC** |
| | DEPT 7052, POB 2153 |
| | BIRMINGHAM,AL |
| | Phone: 404-367-9898 ext 132 |
| | |
| | Court Claim # |
| | Sched F $3,884.80 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Matt Friend                                                        Date: April 27, 2021
Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                         _____
                                                                                              **CLERK OF THE COURT**

# ASSIGNMENT OF CLAIM

PHASE 3 MEDIA LLC, having a mailing address at **DEPT 7052, POB 2153, BIRMINGHAM, AL 35287** ("Assignor"), in consideration of the sum of **(the "Purchase Price")** or      of the Claim (the "Purchase Rate", does hereby transfer to Argo Partners, which includes Argo Partners II LLC and Argo Partners Fund III LLC, having an address at 12 West 37th Street, 9th Fl. New York, NY 10018 ("Assignee") all of Assignor's right, title and interest in and to claim or claims of Assignor, as more specifically set forth (the "Claim") against Boy Scouts of America Case No. 20-10343, ("Debtor") Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Court"), jointly administered under Boy Scouts of America Case No. 20-10343 in the currently outstanding amount of not less than **$3,884.80** and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Claim identified below and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim, together with voting and other rights and benefits arising from, under or relating to any of the foregoing. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest. For the avoidance of doubt, the Claim shall include, without limitation, any and all cure claims, reclamation claims and administrative priority claims that may arise out of the same underlying contracts or facts and circumstances that give rise to the Claim.

The term "Proof of Claim" shall mean any and all proofs of claim that may be filed in respect of the Claim or any part thereof, whether formal or informal and whether previously or hereafter filed (including without limitation, that certain proof of claim in the amount of $ , which has been duly and timely filed in the Proceedings and which has not been revoked or superseded, a true and correct copy of which is annexed to this Assignment of Claim). For the avoidance of doubt, if the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of the entire Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that: the amount of the Claim is not less than $3,884.80; the Claim in that amount is valid and enforceable; no objection to the Claim exists; the Claim is listed by the Debtor on its schedule of liabilities as amended to date ("Schedule") as such; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim; Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors; the Claim is not subject to any factoring agreement; Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever; and it is not subject to any offset, defenses or subordination that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor agrees to indemnify Assignee from all losses, damages and liabilities, including attorneys fees and expenses, which result from Assignor's breach of any representation, warranty or covenant set forth herein, or from any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim. Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignee assumes all of the recovery risk in terms of the amount paid on the Claim. Assignee does not, however, assume the risk that all or any part of the Claim may become, becomes, or is disallowed, avoided, reduced, disputed, objected to or otherwise impaired in any way (any of the occurrences or conditions described is referenced herein singularly and/or collectively as an "Impairment"). In the event of Impairment, Assignor agrees to immediately refund an amount equal to the portion of the Claim Amount subject to the Impairment multiplied by the Purchase Rate.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction in its sole discretion that the Claim has been allowed in the higher amount and that neither the Claim nor distributions thereon is subject to any potential objection or reduction by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later than 5 business days after receipt thereof) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to

transfer such property to Assignee. The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations, warranties, indemnities and agreements made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned **Assignor** hereunto sets its hand this __20__ day of __April__ 2021.

ATTEST:

By: _[signature]_   404.367.9898 x132
Signature                Telephone #

AJI ABRAHAM, SVP/Controller        aji.abraham@Phase3MC.com
Print Name/Title        Fax #        E-mail

PHASE 3 MEDIA LLC


IN WITNESS WHEREOF, the undersigned **Assignee** hereunto sets its hand this __27th__ day of __April__ 2021.
ATTEST:

By: _Matthew Friend_
Matt Friend
Argo Partners

(212)-643-6401 Fax
Donovan Crossen