# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> (Jointly Administered) <br><br> Hearing Date: May 19, 2021 at 10:00 a.m. (ET) <br> Objection Deadline: May 12, 2021 at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### (I) APPROVING LEHR SETTLEMENT AGREEMENT AND
### (II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO
### PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving that certain settlement agreement, substantially in the form attached hereto as **Exhibit B** (the "Settlement Agreement"), by and between the BSA and Richard Lehr ("Claimant" and, together with the BSA, the "Parties"), and (ii) modifying the automatic stay, to the extent necessary, to permit payment of the settlement amount from applicable insurance. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 362 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

4. On February 18, 2020 (the "Petition Date"), the Debtors filed for relief under chapter 11 of the Bankruptcy Code.

5. On November 9, 2020, Claimant filed identical proofs of claim against each of the Debtors [Claim Nos. 1394 and 13308] (together, the "Claims"). The Claims arise from non-abuse injuries that Claimant received on July 3, 2018 from a fall he suffered while participating in an event at the Summit Bechtel Reserve in West Virginia.

6. Claimant has no pending prepetition litigation against the Debtors, nor has Claimant filed a motion seeking to lift the automatic stay.

## THE SETTLEMENT AGREEMENT[2]

7. To avoid incurring litigation expenses in connection with the Claim, a motion to lift the automatic stay, and attendant litigation costs and expenses, the Parties entered into good-faith and arm's-length settlement negotiations. As a result of those negotiations, the Parties have entered into the Settlement Agreement, subject to Court approval.

---

[2] The summary of the Settlement Agreement in this Motion is for informational purposes only. To the extent of any conflict, the Settlement Agreement controls.

8.     Pursuant to the Settlement Agreement, Claimant agrees to withdraw the Claims with prejudice and without costs.  Additionally, Claimant, on behalf of himself and his agents, heirs, relatives, assigns, parents, beneficiaries, third-party beneficiaries, and attorneys, irrevocably and unconditionally releases, acquits, and forever discharges the Debtors and all of their respective predecessors, affiliates, parents, subsidiaries, managing agents, volunteers, servants, consultants, agents, independent contractors, employees, officers, directors, attorneys, representatives, insurers, insurance carriers, and all persons acting by, through, under, or in concert with any of them, and each of their respective heirs, successors, and assigns (the "Releasees"), from any and all claims, including without limitation the Claims, as well as any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, damages, actions, suits, rights, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), or demands of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to any claims the Claimant had, has, or may have, known or unknown, in connection with any facts, matters, property, transactions, or things between the Parties and between the Claimant and the Releasees, including but not limited to, anything arising from, relating to, or in connection with the matters set forth in the Claims and the Settlement Agreement.

9.     In exchange for the releases and withdrawal of the Claims, as described above, the BSA has agreed to pay Claimant $3,000,000 (the "Settlement Amount").  The Settlement Amount will be paid by Old Republic Insurance Company ("Old Republic"), which issued general liability insurance policies to the BSA covering the time period in which the Claims arose.

10.    The Settlement Agreement will become effective after the Court's order approving the Settlement Agreement pursuant to Bankruptcy Rule 9019 and approving payment of the Settlement Amount by Old Republic pursuant to section 362 of the Bankruptcy Code becomes

final and no longer subject to appeal (the "Effective Date"). The Settlement Amount will be paid within fourteen (14) days of the Effective Date. If the Effective Date fails to occur on or before June 30, 2021, the Settlement Agreement shall be null and void.

## RELIEF REQUESTED

11. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreement and (ii) modifying the automatic stay, to the extent necessary, to permit Old Republic to pay the Settlement Amount.

## BASIS FOR RELIEF REQUESTED

**I.   Legal Standard**

   **A   Approval of Settlements**

12. Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 authorize the Court to approve settlements of claims. Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 9019 provides that, upon notice and a hearing, the Court "may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

13. Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). The Court should exercise its discretion to approve a settlement or compromise where it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). The Court need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonable." *In re W.R. Grace & Co.*, 475 B.R. 34, 78 (D. Del. 2012). In determining whether a settlement or compromise should

be approved, courts consider a number of factors, including "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Martin*, 91 F.3d at 393.

> **B.** **The Automatic Stay**

14. Upon the filing of a bankruptcy case, section 362 of the Bankruptcy Code automatically stays, among other things, the commencement or continuation of any proceeding against the debtor "to recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a). The automatic stay serves a number of important purposes that protect both debtor and creditor interests, including, among other things, "to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it" and "to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (quotations omitted).

15. Section 362(d) authorizes the Court to grant relief from the automatic stay for cause. 11 U.S.C. § 362(d). Although the Bankruptcy Code does not define "cause," courts in this District often consider whether (i) the debtor will suffer "any great prejudice" from the continuation of the civil suit," (ii) the prejudice to the non-bankrupt party by maintenance of the stay considerably outweighs the prejudice to the debtor if the stay is lifted, and (iii) the non-bankrupt party "has a probability of prevailing on the merits." *Id.*; *see also In re Scarborough St. James Corp.*, 535 B.R. 60, 67–68 (Bankr. D. Del. 2015).

**II.    Argument**

16. The Settlement Agreement should be approved because it fairly and efficiently resolves the Claims with minimal burden to the estate. The Settlement Amount will be paid solely from proceeds of the Old Republic primary and excess policies for the 2018–19 policy year. The

settlement, moreover, will permit the BSA to avoid the uncertainty and expense of litigating the Claims, including a potential motion to lift the stay and subsequent litigation in state court. The Settlement Agreement will also eliminate the potential for additional expenses and the risk of an unfavorable judgment in litigation relating to the Claims. In addition, under the Settlement Agreement, the BSA will receive a full and complete release from all liability in connection with the subject matter of the Claims, thereby eliminating any liability under a plan of reorganization. Accordingly, the Debtors submit that the Settlement Agreement is reasonable and in the best interests of the Debtors' estates, creditors and other parties in interest. *In re Louise's, Inc.*, 211 B.R. at 801.

17. Additionally, the automatic stay should be modified, to the extent necessary, to permit Old Republic to pay the Settlement Amount. The question of whether proceeds of an insurance policy are property of the bankruptcy estate is complex and the law is unclear as to the answer. *In re MF Glob. Holdings, Ltd*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012). Although it is "well-settled that a debtor's liability insurance is considered property of the estate . . . 'the courts are in disagreement over whether the proceeds of a liability insurance policy are property of the estate.'" *Id.* (quoting *In re Downey Fin. Corp.*, 428 B.R. 595, 603 (Bankr. D. Del. 2010)). Even if the automatic stay does apply, cause exists under these circumstances to the permit Old Republic to pay the Settlement Amount.

18. First, as noted in Old Republic's previously filed motion for relief from the automatic stay, the BSA and certain other named insureds are insured under certain general liability policies issued by Old Republic, including a primary insurance policy and excess

insurance policies for the 2018–19 policy year.[3]  The Old Republic primary policy provides coverage up to a limit of $1.0 million per occurrence with no aggregate limits.  The Old Republic excess policy provides aggregate limits of $9.0 million.  Here, approximately $31,030.00 of the primary policy has been exhausted in connection with the Claims (on legal and dental payments), leaving approximately $968,970.00 of primary coverage available.  Thus, a sizeable portion— nearly one third—of the Settlement Amount falls within the primary policy (which has no aggregate limit), and the balance falls within the aggregate limits of the excess policy.  Therefore, 100% of the Settlement Amount falls within the limits of Old Republic's primary and excess policies.

19.  Second, the Settlement Agreement will fully and finally resolve the Claims and avoid the uncertainty and expense of litigation and the risk of an unfavorable judgment that could exceed the Settlement Amount.  If Claimant seeks to lift the stay to commence litigation relating to the Claims, and the Claims proceed to discovery and trial, the defense costs would likely be substantial and, together with any settlement or judgment on the Claims, further erode the applicable Old Republic excess policy, which, as mentioned above, is subject to an aggregate limit. *In re Almonacy*, Case No. 10-37235 DHS, 2011 WL 13659, at *3 (Bankr. D.N.J. Jan. 4, 2011) ("When an action seeks to recover from a debtor's insurance policy and the debtor is represented by the insurer, courts routinely grant stay relief because the burden on the estate is likely to be outweighed by the hardship on the plaintiff if the action is not permitted to continue.").

---

[3] *See Old Republic Insurance Company's Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insureds and Related Defense Costs Under Insurance Policies* [D.I. 678].

20. Accordingly, there is little prejudice, and indeed material benefit, to the Debtors if the Parties are permitted to enter into the Settlement Agreement and the stay is modified to permit Old Republic to pay the Settlement Amount.

## NOTICE

21. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) counsel to Claimant; (viii) Old Republic Insurance Company; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

22. For the above reasons, the Debtors respectfully request that the Court enter an order (i) approving the Settlement Agreement, (ii) modifying the automatic stay, to the extent necessary, to permit payment of the settlement amount from applicable insurance and (iii) granting all other relief as is just and proper.

| | |
|---|---|
| Dated: April 28, 2021<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>     aremming@morrisnichols.com<br>     emoats@morrisnichols.com<br>     ptopper@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>     mlinder@whitecase.com<br>     laura.baccash@whitecase.com<br>     blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |