# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: May 19, 2021 at 10:00 a.m. (ET)<br>Objection Deadline: May 12, 2021 at 4:00 p.m. (ET) |

### DEBTORS' FOURTH MOTION FOR ENTRY OF AN ORDER, UNDER 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006(b) AND 9027, EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE CIVIL ACTIONS AND GRANTING RELATED RELIEF

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to 28 U.S.C. § 1452 and rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the period within which the Debtors may file notices of removal of claims or causes of action under Bankruptcy Rule 9027 (the "Removal Period") by an additional 120 days, as specified in the Proposed Order. In support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASES AND JURISDICTION

1.      The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.     On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

3.     On April 24, 2020, the Court appointed James L. Patton, Jr. (the "Future Claimants' Representative") as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

4.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The statutory and other bases for the relief requested in this Motion are 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027 and Local Rule 9006-2.

## CIVIL ACTIONS PENDING AGAINST THE DEBTORS

6.     The BSA is named as a defendant in numerous civil actions related to alleged historical acts of sexual abuse in connection with its Scouting programs.  As of the date hereof,

approximately 315 such actions are pending in state and federal courts around the country. The Debtors have removed to federal district court (or bankruptcy court, depending upon the applicable local rules) all of the abuse actions against the BSA that were not already pending in federal court. The BSA is also named as a defendant in several dozen civil lawsuits that are unrelated to sexual abuse. Certain of these non-abuse actions remain pending against the BSA in various state courts.

7. On March 30, 2020, the Court entered the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. Pro. No. 20-50527 (LSS) [Adv. Docket No. 54] (the "Preliminary Injunction Order").[2] Under the Preliminary Injunction Order, the actions listed on Schedule 1 thereto (collectively, the "Pending Abuse Actions") were initially stayed to and including May 18, 2020 (the "Termination Date").

8. On May 18, 2020, the Court entered the *Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Extending the Termination Date of the Standstill Period Under the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. Docket No. 72] (the "Stipulation and Agreed Order"). The Stipulation and Agreed Order extended the Termination Date to and including June 8, 2020.

9. On June 9, 2020, the Court entered the *Second Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 77] (the "Second

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Preliminary Injunction Order.

3

Stipulation and Agreed Order"). The Second Stipulation and Agreed Order further extended the Termination Date to and including November 16, 2020.

10. On November 18, 2020, the Court entered the *Order Approving Third Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 116] (the "Third Stipulation and Agreed Order"). The Third Stipulation and Agreed Order further extended the Termination date to and including March 19, 2021.

11. On March 17, 2021, the Court entered the *Order Approving Fourth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 162] (the "Fourth Stipulation and Agreed Order"). The Fourth Stipulation and Agreed Order further extended the Termination date to and including July 19, 2021.

12. The Preliminary Injunction Order, as modified by the Fourth Stipulation and Agreed Order, does not prohibit or enjoin the filing and service of a complaint for purposes of commencing a claim or clause of action against a BSA Related Party alleging claims substantially similar to those asserted in the Pending Abuse Actions (collectively, the "Further Abuse Actions"). The BSA has filed amended versions of Schedule 1 identifying all of the Pending Abuse Actions and Further Abuse Actions on a monthly basis pursuant to paragraph 11 of the Preliminary Injunction Order, including most recently on April 14, 2021 [Adv. Docket No. 169].

13. Under the Preliminary Injunction Order, as modified by the Fourth Stipulation and Agreed Order, upon the occurrence of the Termination Date, the relevant parties have the greater of: (a) forty-five (45) days; and (b) the deadline governed by applicable non-bankruptcy law to, among other things, file notices of removal in any Pending Abuse Action or Further Abuse Action.

## PREVIOUS EXTENSIONS OF REMOVAL PERIOD

14. On June 3, 2020, the Court entered the *Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors May Remove Civil Actions* [Docket No. 769], which extended the Removal Period to and including the later of: (a) September 15, 2020; and (b) the date that is forty-five (45) days after the occurrence of the Termination Date.

15. On October 1, 2020, the Court entered the *Second Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors May Remove Civil Actions* [Docket No. 1393], which extended the Removal Period to and including the later of: (a) January 13, 2021; and (b) the date that is forty-five (45) days after the occurrence of the Termination Date.

16. On January 14, 2021, the Court entered the *Third Order, Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027, Extending the Period Within Which the Debtors Remove Civil Actions* [Docket No. 1941] ("Third Removal Order"), which extended the Removal Period to and including the later of: (a) May 13, 2021; and (b) the date that is forty-five (45) days after the occurrence of the Termination Date.

## RELIEF REQUESTED

17. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b)

and 9027, extending the Removal Period by an additional 120 days, from the end of the current Removal Period on May 13, 2021 to and including September 10, 2021 (the "Extended Removal Deadline"), without prejudice to the Debtors' right to seek further extensions thereof.[3] The Debtors request that the proposed Extended Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and 9027(a)(3).

18. The Debtors further request that, with respect to any Pending Abuse Actions or Further Abuse Actions, the Removal Period be extended to and including the later of: (a) September 10, 2021; and (b) the date that is forty-five (45) days after the occurrence of the Termination Date provided for in the Preliminary Injunction Order, as modified by the Third Stipulation and Agreed Order, or the Termination Date provided for in any other order of the Court that further extends the Termination Date, as applicable.

## BASIS FOR RELIEF

19. 28 U.S.C. § 1452 provides for the removal of pending civil actions with respect to which federal district courts have jurisdiction under 28 U.S.C. § 1334. Section 1452(a) provides, in pertinent part, as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the end of the current Removal Period serves to automatically extend the end of the current Removal Period until such time as the Court rules on the motion. *See* Del. Bankr. L.R. 9006-2.

20. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides, in pertinent part, as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

21. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provided that a notice of removal may be filed

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

22. Finally, Bankruptcy Rule 9006(b)(1) provides that the Court may extend unexpired time periods, including the removal periods under Bankruptcy Rule 9027, without notice, upon a showing of cause. *See* Fed. R. Bankr. P. 9006(b)(1).

23. It is well settled that this Court is authorized to extend the removal periods provided under Bankruptcy Rule 9027. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that, under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge the time

period for removing actions under Bankruptcy Rule 9027); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103 B.R. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the removal period may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)).

24. Here, cause exists to further extend the Removal Period. As noted above, the BSA is a defendant in approximately 315 civil lawsuits related to historical acts of sexual abuse in connection with its Scouting programs. The Debtors have removed to federal district court (or bankruptcy court, depending upon the applicable local rules) all of the Pending Abuse Actions not already pending in federal court. Nevertheless, certain actions, including several dozen non-abuse actions, remain pending against the BSA in various state courts.

25. Since entry of the Third Removal Order, the Debtors have continued to devote significant time and resources to preserving and maximizing the value of their estates and implementing their restructuring strategy. These efforts have included, among other things: (a) negotiating and entering into a mediated settlement (Docket No. 2292) with the Debtors' prepetition secured lender, JPMorgan Chase Bank, N.A., and the Creditors' Committee regarding the treatment of certain classes of claims under the Debtors' plan of reorganization and the settlement of the Creditors' Committee's challenge rights under the Debtors' final cash collateral order; (b) obtaining entry of the Fourth Stipulation and Agreed Order, which extended the Termination Date of the Standstill Period under the Preliminary Injunction Order to and including July 19, 2021; (c) formulating and filing two amended versions of the Debtors' plan of

reorganization and disclosure statement, as well as solicitation procedures and related documents, including most recently on April 13, 2021 (Docket Nos. 2592, 2594); (d) engaging in extraordinarily active, near-daily mediation with creditors and insurers with respect to a potential global settlement of abuse claims; and (e) negotiating and entering into a mediated settlement with Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company ("Hartford"), which, subject to the conditions thereof, provides that Hartford will purchase the insurance policies it issued to the Debtors and local councils for $650 million, which Hartford will pay to the settlement trust in cash on the effective date of the settlement agreement.  As a result of these efforts, among others, the Debtors have not determined whether to file notices of removal with respect to any actions pending against the BSA.

26.     The Debtors are therefore requesting a further extension of the Removal Period prescribed by Bankruptcy Rule 9027(a) and entry of the Proposed Order to ensure the Debtors do not forfeit their valuable right to remove claims or causes of action if they deem it appropriate to do so.  The rights of the Debtors' adversaries in any litigation will not be prejudiced by this proposed extension of the Removal Period because any party to an action that the Debtors remove may seek to remand the action to state court under 28 U.S.C. § 1452(b).[4]

27.     For the reasons stated above, the Debtors submit that cause exists to grant the relief requested herein, which relief is in the best interests of their estates.

### **NOTICE**

28.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Tort Claimants' Committee; (iii) counsel to the

---

[4] The Debtors reserve their right to contest any remand.

Creditors' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: April 28, 2021<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Email:  dabbott@morrisnichols.com<br>            aremming@morrisnichols.com<br>            emoats@morrisnichols.com<br>            ptopper@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 819-8200<br>Email:  jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 881-5400<br>Email: mandolina@whitecase.com<br>            mlinder@whitecase.com<br>            laura.baccash@whitecase.com<br>            blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |