# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and<br>Delaware BSA, LLC,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 2364 and 2733** |

### RESPONSE AND LIMITED JOINDER OF
### THE CREDITORS' COMMITTEE TO THE DEBTORS' OBJECTION TO JOINT MOTION OF THE OFFICIAL TORT CLAIMANTS' COMMITTEE AND FUTURE CLAIMANTS' REPRESENTATIVE FOR ENTRY OF AN ORDER GRANTING STANDING AND AUTHORIZING THE PROSECUTION OF CERTAIN CHALLENGE CLAIMS ON BEHALF OF THE BANKRUPTCY ESTATES

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of Boy Scouts of America and Delaware BSA, LLC (collectively, the "**Debtors**") by and through its undersigned counsel, hereby submits this response to the Standing Motion (defined below) and limited joinder to the *Debtors' Objection to Joint Motion of the Official Tort Claimants' Committee and Future Claimants' Representative for Entry of an Order Granting Standing and Authorizing the Prosecution of Certain Challenge Claims on Behalf of the Bankruptcy Estates* [Dkt. No. 2733] (the "**Debtors' Objection**")[2] in opposition to the *Joint Motion of the Tort Claimants' Committee and Future Claimants' Representative for Entry of an Order Granting Standing and Authorizing the Prosecution of Certain Challenge Claims on Behalf of the Bankruptcy Estates* (the "**Standing Motion**") [Dkt. No. 2364] and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Debtors' Objection and the Standing Motion.

**RESPONSE AND LIMITED JOINDER**

1.      The Creditors' Committee joins in certain of the arguments made in the Debtors' Objection to the Standing Motion, subject to the important caveats set forth herein. Accordingly, the Committee respectfully asks the Court to deny without prejudice or adjourn the Standing Motion for the reasons set forth herein.

2.      The issues raised by the TCC and the FCR – namely, determining the validity of the Arrow intercompany note and identifying the Debtors' potentially unencumbered assets – are ones that were, among others, the subject of the Creditors' Committee's investigation. As a result of its investigation, the Creditors' Committee engaged with the Debtors and with JPMorgan to achieve a resolution of potential estate claims (and the Creditors' Committee's challenge rights) on terms that would be favorable to the estates, which resolution is embodied in the Second Amended Plan and endorsed by the Mediators as set forth in the *First Mediator's Report* [Dkt. No. 2922]. The Second Amended Plan seeks to settle the estate's claims against JPMorgan in exchange for favorable exit financing terms to be provided by JPMorgan, other consideration provided for the benefit of both non-abuse general unsecured creditors and abuse claimants, and the preservation of the BSA and its charitable mission as a going concern.

3.      As such, the Creditors' Committee submits that it would be premature for the Court to hear the Standing Motion at this juncture. Instead, the plan process should be allowed to continue. If the Second Amended Plan is approved following a Disclosure Statement hearing and a confirmation hearing, the Challenge Parties' Standing Motion will be mooted, as the claims the Challenge Parties seek to assert will have been resolved. If the Second Amended Plan is not approved, the Challenge Parties should be permitted to continue prosecuting their Standing Motion. This sensible approach was adopted in comparable circumstances in *In re Intelsat S.A.,*,

Case No. 20-32299 (KLP), Bankr. E.D. Va., Dkt. Nos. 1568, 1630.  There, the court adjourned the hearing on a standing motion raising issues otherwise resolved as part of a plan of reorganization to the confirmation hearing.  *See also In re Caesars Entertainment Operating Co., Inc.*, Adv. Pro. No. 15-1145 (ABG), Bankr. N.D. Ill., Dkt. No. 3403 (memorandum order adjourning hearing on creditors' committee's standing motion until after confirmation hearing, as plan would settle claims asserted by the creditors' committee); *In re Chesapeake Energy Corporation*, Case No. 20-33233 (DRJ), Bankr. S.D. Tex., Hr'g Tr. 73:13-82:13 [Dkt. No. 1665] (oral ruling adjourning hearing on creditors' committee's standing motion until after confirmation hearing, as plan would settle claims asserted by the creditors' committee).  This makes eminent sense.  Anything else would place needless burden on an already burdened estate, particularly as, in the interim, the rights of all parties are preserved.

4. To be clear, however, while the Creditors' Committee agrees with the Debtors that the Standing Motion is premature, the Creditors' Committee does not agree with the arguments made in either the Debtors' Objection or JPMorgan's objection to the Standing Motion [Dkt. No. 2732] regarding the merits of the claims asserted in the Standing Motion and whether such claims are "colorable."  If the Second Amended Plan is not confirmed, and the JPM / Creditors' Committee Settlement (as defined in the Second Amended Plan) embodied therein is not effectuated, the Creditors' Committee's own challenge period would be revived, in which case the Creditors' Committee reserves the right to file a standing motion and complaint addressing, in additional detail, the same or other issues raised by the Challenge Parties, and to seek authority to pursue estate claims against JPMorgan on behalf of unsecured creditors.  This is yet another reason why the Standing Motion need not be adjudicated on the merits now.

5. In the event the Standing Motion is granted, the Creditors' Committee expressly reserves all rights and arguments available to it under law, equity or otherwise in connection with any subsequent proceedings regarding the claims asserted in the Proposed Complaint.

Dated: April 29, 2021
Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Katelin A. Morales*
Kurt F. Gwynne (No. 3951)
Katelin A Morales (No. 6683)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
E-mail: kmorales@reedsmith.com

-and-

**KRAMER LEVIN NAFTALIS
 & FRANKEL LLP**
Thomas Moers Mayer
Rachael Ringer
Natan M. Hamerman
Megan M. Wasson
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
E-mail: tmayer@kramerlevin.com
E-mail: rringer@kramerlevin.com
E-mail: nhamerman@kramerlevin.com
E-mail: mwasson@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors*