**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**OBJECTION TO THE ADEQUACY OF DEBTORS' DISCLOSURE STATEMENT IN SUPPORT OF SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND JOINDER OF THE OBJECTION OF THE TORT CLAIMANT'S COMMITTEE**

Claimant Nos. SA-58745, SA-68529, SA-63358, SA-71046, SA-17785, SA-67790, SA 67796, SA-68200, SA-68531, SA-58758, SA-63335, SA-63639, SA-46575, SA-67918, SA-67773, SA-68228, SA-68466, SA-63369, SA-63393, SA-20149, SA-59265, SA-68620, SA-68603, SA-17892, SA-46626, SA-89997, SA-58936, SA-63430, SA-95781, SA-63468, SA-68733, SA-67782, SA-59052, SA-46611, SA-63616, SA-59043, SA-59136, SA-67764, SA-67846, SA-67825, SA-46869, SA-20622, SA-67835, SA-46662, SA-60198, SA-67839, SA-68726, SA-46695, SA-60275, SA-70921, SA-68709, SA-68695, SA-67832, SA-49203, SA-60266, SA-60360, SA-60373, SA-67860, SA-46560, SA-67848, SA-67872, SA-67895, SA-60417, SA-67946, SA-60399, SA-68848, SA-49223, SA-46881, SA-67952, SA-49217, SA-60432, SA-67953, SA-68838, SA-89350, SA-95691, SA-95698, SA-68792, SA-68031, SA-60746, SA-60743, SA-68028, SA-67999, SA-49226, SA-49227, SA-89466, SA-68932, SA-68067, SA-68058, SA-17955, SA-58615, SA-68083, SA-49236, SA-68098, SA-69027, SA-68882, SA-49235, SA-89465, SA-69007, SA-69018, SA-95798, SA-89386, SA-68978, SA-

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtor's mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

49251, SA-89727, SA-69008, SA-89453, SA-69061, SA-60826, SA-71077, SA-49256, SA-95978, SA-60870, SA-69043 ("DLG Claimants"), by and through undersigned counsel, herby submit their objection to the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 2592] (the "Plan") and the associated *Disclosure Statement for the Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 2594] ("the Disclosure Statement") for the following reasons:

## I.     INTRODUCTION

The DLG Claimants are all survivors of childhood sexual abuse who have filed a Sexual Abuse Survivor Proof of Claim. As demonstrated in their Proof of Claim Forms, each instance of assault was unique, including how they were sexually abused, who within the Boy Scouts of America organization abused them, the duration of the abuse, and how the abuse has affected them. The DLG Claimants Proof of Claim Forms evidence over half a century of abuse within the Boy Scouts of America spanning from 1957 – 2010. The DLG Claimants ages at the time of abuse range from seven to seventeen years old. The acts of sexual abuse suffered include forcible touching above the clothes and skin to skin contact, violent acts of forced oral sex, and anal penetration. Many of the DLG Claimants have claims against non-Debtor entities, including local councils and charter organizations.

On April 14, 2021, the Debtors filed the Disclosure Statement. The Debtors seek confirmation of the Plan despite its many shortcomings. The Plan provides for the following considerations:

- Cash and non-insurance assets of the Debtors ($115 million);
- Cash and non-insurance assets of the Local Councils ($425 million) and Charter Organizations ($0);
- And the assignment to a trust of the Debtors' insurance policies that include Local Councils and Chartered Organizations as additional insureds.

The proposal set forth in the Plan is wholly inadequate to the DLG Claimants who have suffered such appalling acts of sexual abuse.

## II.    LAW AND ARGUMENT

### A. The Plan is Patently Unconfirmable.

The Plan is patently unconfirmable because it does not provide adequate information in sufficient detail to allow the DLG Claimants to make an informed judgment about the plan. In order for a disclosure statement to be approved, it must include "adequate information" or "information of a kind, and in sufficient detail […] that would enable […] a hypothetical investor of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a)(1). Bankruptcy courts will not approve a Chapter 11 plan disclosure statement if the statement describes a patently unconfirmable plan. *In re Mosho*, 567 B.R. 438, 444 (Bankr. E.D.N.Y. 2017). A plan is patently unconfirmable if the plan is incapable of confirmation as a matter of law. *Id*.

The Disclosure Statement does not provide any property-by-property valuation of the real or personal property that the Debtors intend to transfer to a settlement trust, or any property-by-property valuation of the real or personal property that it seeks to retain. The same is true of its other assets, including investments. Likewise, the Disclosure Statement does not provide any property valuation information for any local councils or charter organization. Instead, the Disclosure Statement sets forth an aspirational $425 million contribution of local councils without prior agreement of the local councils or further evidence as to where these monies would come from. No chartered organization has offered to pay anything, and the Disclosure Statement does not offer any mechanism to evaluate contributions on their behalf. Without more specific information as to where the contributions will come from, the DLG Claimants do not have the

adequate information required that would allow them to make an informed decision on whether or not to vote in favor of approval for the Disclosure Statement.

Similarly, in the Disclosure Statement the Debtors do nothing more than assert that childhood sexual abuse claims will range in value from somewhere between $2.4 billion and $7.1 billion. There is no discussion on how that value is determined. The Debtors project that the recoveries on the childhood sexual abuse claims will range from 8% to 23%, and up to 100% with the inclusion of available insurance. Under the Plan, the Debtors are the only parties that have offered any consideration ($115 million) for the benefit of the childhood sexual abuse claims. Assuming the childhood sexual claims are valued at $2.4 billion, the $115 million provides a 4.8% recovery, far less than the lower amount asserted by the Debtors. With only $115 million available for sexual abuse survivors, the Disclosure Statement does not describe how recoveries will reach 8%, let alone up to 23% or 100%, when no other consideration has been committed by any other party.

**B. Joinder of the Objection of the Official Committee Tort Claimants.**

The DLG Claimants hereby join in the objection to the Disclosure Statement filed by the Official Committee of Tort Claimants. The DLG Claimants further endorse the Official Committee of Tort Claimants request to file its own plan of reorganization.

### III.  CONCLUSION

For the foregoing reasons, the DLG Claimants request that this Honorable Court to deny the Plan and Disclosure Statement filed by the Debtors.

|  |  |
|---|---|
| DATED this 4th day of May, 2021. | Respectfully submitted, |
|  | */s Mark M. Abramowitz* |
|  | MARK M. ABRAMOWITZ |
|  | MARK A. DICELLO |
|  | JUSTIN S. ABBARNO |
|  | **DICELLO LEVITT GUTZLER LLC** |
|  | Western Reserve Law Building |
|  | 7556 Mentor Avenue |
|  | Mentor, Ohio 44060 |
|  | Phone: (440) 953-8888 |
|  | Fax:    (440) 953-9137 |
|  | mabramowitz@dicellolevitt.com |
|  | madicello@dicellolevitt.com |
|  | jabbarno@dicellolevitt.com |
|  | ***Counsel for DLG Claimants*** |