IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**HERMAN LAW CLAIMANTS' JOINDER IN THE OBJECTION OF THE TORT CLAIMANTS' COMMITTEE AND OBJECTION TO THE ADEQUACY OF DEBTORS' DISCLOSURE STATEMENT IN SUPPORT OF SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA**

This Objection to the Disclosure Statement for the Second Amended Chapter 11 Plan et al. dated April 13, 2021, is filed on behalf of the Claimants represented by Herman Law (hereinafter referred to as the "Herman Law Claimants"). The Herman Law Claimants each have a timely filed and duly completed Proof of Claim form in this proceeding. There are 183 Herman Law Claimants, each of which are listed by their assigned original Proof of Claim numbers in Exhibit "A" attached. Each of the Herman Law Claimants has a tort claim against Debtor Boy Scouts of America ("BSA") for child sexual abuse in proposed Class 8, Direct Abuse Claims, of the Debtor's Second Amended Chapter 11 Plan.

**A. Joinder to the Objection to the Disclosure Statement Filed by the Tort Claimants' Committee**

The Herman Law Claimants join in the Objection to the Disclosure Statement filed by the Tort Claimants' Committee (the "TCC"), and incorporate the points made in the TCC's Objection as if fully set forth herein.

**B. Particular Objections of Herman Law Claimants**

Pursuant to 11 U.S.C. § 1125(b), a disclosure statement must be approved by the Court as containing "adequate information." The term "adequate information" is specifically defined

in 11 U.S.C. § 1125(a)(1) as "information of a kind, and in sufficient detail," that would enable "a hypothetical investor typical of the holders of claims or interests in the case … to make an informed judgment about the plan." *See In re Lower Bucks Hosp.*, 571 Fed. Appx. 139, 142-43 (3d Cir. 2014) (denying approval to disclosure statement where it failed, in specific and conspicuous language, to describe the terms of a third party release in the plan, including all acts to be permanently enjoined from the release). The Herman Law Claimants note the following particular deficiencies in the Disclosure Statement in providing adequate information that would enable them and the hypothetical typical creditor with a tort claim for sexual abuse in the boy scouts to make an informed judgment about the Plan.

   1. **Inadequate Information Concerning the Assets and Liabilities of Each Entity to Receive a Release**

The Disclosure Statement fails to provide adequate information to make an informed judgment with the regard to the potential release of non-debtor local councils and charter organizations. In this regard, it says nothing about the assets of the local councils or their valuation. Under the Debtors' governance documents, a local council's property reverts to the Debtors if the local council's charter is not renewed. In a Chapter 7 liquidation of the Debtors, the Chapter 7 trustee presumably would not renew any local council charters. Since the properties revert to the Debtors, the liquidation analysis must include the liquidation value of all local councils' real and personal property.

The Disclosure Statement fails to provide adequate information to determine if each local council is making a substantial contribution that warrants a release and channeling injunction in its favor. Any such valuation must include the liquidation or fair market value of the local council's assets, including any justification by a council for asserting that an asset is unavailable to pay its creditors (e.g., donor restricted), how many known childhood sexual abuse

claims implicate the local council, and how much the local council is contributing as consideration for a release of all of these childhood sexual abuse claims.

The Disclosure Statement further does not provide any property valuation information for any charter organization being released under the Plan, including any justification by a charter organization for asserting that an asset is unavailable to pay creditors (e.g. donor restricted), how many known childhood sexual abuse claims implicate each charter organization, and how much each charter organization is contributing in exchange for a release of such childhood sexual abuse claims. Like the local councils, many of the charter organizations, including entities of the Methodist Church, Mormon Church, and Catholic Church, have significant real property interests and other assets.

The Disclosure Statement's failure to contain adequate information is further demonstrated by the vagueness and uncertainty of the local councils' contribution to be made under the Plan. There is no indication of a commitment by any local council to contribute any particular amount or value to the Plan. It thus cannot be determined by a tort claimant or hypothetical investor whether a local council is contributing a sufficient portion of its assets to demonstrate a substantial contribution and to warrant its receipt of a release under the Plan.

**2. Inadequate Information Concerning the Specific Entities to Be Released**

The Disclosure Statement fails to contain adequate information because it fails to identify which local council(s) and/or charter organization(s) is associated with each Class 8 tort claimant's abuse, whether any such entity will receive a release, and if so, the terms of the release. BSA should identify in the Disclosure Statement each local council and charter organization, and its relationship to the claims of particular tort claimants, including those of the Herman Law Claimants. Most of the creditors who filed a Sexual Abuse Survivor Proof of

Claim form, including the Herman Law Claimants, have legal claims against the Debtors, a local council, and a charter organization. In their proof of claim forms, the Herman Law Claimants made a good faith effort to identify the local councils and/or charter organizations that may be liable for the sexual abuse they suffered that is the basis for their claims. They are hampered in doing so because they were children when they were sexually abused. Due to the passage of time and the psychological effects of the abuse, many of them are unsure whether they have identified the correct entities and others cannot recall the correct names. For the Herman Law Claimants and other abuse survivors who do not have these facts, the information they need is in the custody and control of BSA and the local councils, which possess the scouting unit rosters (*e.g.*, Boy Scout Troop rosters and Cub Scout Pack rosters), camp rosters, and adult volunteer rosters. In prepetition litigation, this disclosure would generally be obtained through discovery that is currently barred by the Court's preliminary injunction. Given the lack of information possessed by tort claimants concerning the particular legal entities with liability for their child sexual abuse, the Disclosure Statement fails to provide adequate information regarding the local councils and charter organizations from which a Claimant may make an informed judgment concerning the release of any such entity.

### 3. Failure to Disclose Insurance Coverage Risks

The Disclosure Statement contains inadequate information because it fails to explain or evaluate the coverage defenses or the insurers to be released under the Plan or their ability to pay abuse claims  Beyond the coverage risks associated with the Debtors' prepetition conduct, the Debtors fail to discuss any risk associated with the proposed assignment of insurance policies of the Debtors, the local councils, and participating charter organizations to a trust, including any risk associated with anti-assignment clauses in such policies. If the Plan's assignment

violates the anti-assignment clauses, the insurance coverage could be defeated. Such information is necessary to make an informed judgment on the Plan.

### 4. The Disclosure Statement Has Inadequate Information Concerning Claims Resolution Procedures

The Disclosure Statement fails to adequately explain how the claims of child sexual abuse survivors will be valued in the trust procedures and what ability they will have to contest the proposed valuations of their claims. The Plan also suggests that the value of a claim might be reduced if the claimant lacks certain information, such as the full name of the adult leader who committed the sexual abuse, yet there is nothing to indicate whether the claimant will have an opportunity to pursue discovery necessary to obtain this information and supplement the proof of claim. Such discovery is of particular importance to the claimant given its potential relevance to the valuation of his claim and the fact that this information is in the exclusive possession and control of BSA and the local councils. As noted above, many abuse survivors may not recall the full names of the persons who abused them because they were too young and traumatized to recall the names.

### 5. Failure to Disclose How Insurance Policies Will Be Utilized

The Disclosure Statement lacks adequate information because it fails to explain how the proceeds of any insurance policies assigned to the trust will be utilized. The Herman Law Claimants are entitled to know how the proceeds of any policies will be utilized, including whether the proceeds of a policy that covers a Class 8 claim is being used to pay administrative expenses, to pay trust administrative and legal expenses, or to compensate others who do not have a claim covered under the policy. The Herman Law Claimants need to know this information to determine whether each non-Debtor who is released is making a substantial contribution and whether the "best interests" test is met by that contribution.

**6. Failure to Disclose the Contribution of Insurers and Their Insureds**

The Disclosure Statement fails to explain what contribution the insurers and their non-Debtor insureds will make in order to receive a release. As noted above, most Herman Law Claimants have a legal claim against a local council and/or a charter organization. In addition to the Debtors, a local council was responsible for all scouting units in its geographic region, including handling and processing complaints against adult leaders for allegedly sexually abusing children and ensuring that each scouting unit abided by policies and procedures to protect children from foreseeable harm. These local councils, along with BSA, neglected to protect the children in their care from foreseeable harm resulting in the overwhelming numbers of children sexually abused in scouting.

In turn, a charter organization was responsible for staffing and supervising the adult volunteers of a scouting unit, like a Boy Scout Troop or Cub Scout Pack, and were also amongst the parties who neglected to protect the child members of a scouting unit from foreseeable harm. The leaders of the charter organization, including the adult leaders who the charter organization appointed to oversee a scouting unit, were often amongst those to receive complaints that another adult leader was sexually abusing children in the scouting unit, or saw the "red flags" or warning signs that another adult leader was sexually abusing children in the scouting unit, but neglected to take steps to protect the children from that danger. Many of the local councils and charter organizations face significant liability, and many have substantial assets that are available to compensate abuse survivors.

The Disclosure Statement contains inadequate information because it fails to specify what contribution the local councils and/or charter organizations will have to make to receive a release, including a contribution above and beyond their rights under insurance policies. The

Herman Law Claimants need to know this information to determine whether each entity who is receiving a release, including any local council or charter organization, is making a substantial contribution and whether the "Best Interests" test is met by that contribution.

### 7. Inadequate Information Regarding the Proposed Hartford Settlement Agreement

The Disclosure Statement has inadequate information regarding the Debtors' proposed settlement with Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively "Hartford").  In particular, it fails to disclose whether each Claimant will be forced to release any of their claims in order to effectuate the settlement, including claims they have against non-Debtor entities, and whether any party, including Hartford and non-Debtor entities, would receive a channeling injunction as a result of the settlement.

The Disclosure Statement fails to disclose how much coverage is available under each of the Hartford policies; which claimants have claims under each of the Hartford policies; the number of claims that implicate each policy; the type of claims; and, the value of the claims. Based on the years of the Hartford policies, it appears many of the policies had per occurrence limits of $500,000 with no aggregate limit.  The Disclosure Statement fails to explain why a claimant whose claim triggers a $500,000 insurance policy should vote in favor of a Plan that may result in them receiving a small fraction of that amount from a settlement with Hartford.

The Disclosure Statement further has inadequate information concerning the insureds under each of the Hartford policies, including whether the Debtors are insureds under each policy or whether the only insured under some policies is a non-Debtor entity, such as a local council.  In turn, the Disclosure Statement fails to explain whether all current and future claims against the insureds, including non-Debtor entities, will have to be released in order to effectuate

the settlement, and if so, the value of those claims and why a claimant should agree to such a release if the insured has substantial assets, including other insurance, that should be used to compensate the claimant.

WHEREFORE, the Herman Law Claimants respectfully request that the Court deny approval of the Disclosure Statement as failing to contain adequate information as required under 11 U.S.C. § 1125(b), and such other or further relief as is just and proper.

**BIELLI & KLAUDER, LLC**

Dated: May 6, 2021
Wilmington, Delaware

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

- and -

**HERMAN LAW**

Jeffrey Herman, Esq., *Admitted Pro Hac Vice*
434 W. 33rd St., Penthouse
New York, NY 10001
Phone: (212) 390-0100
Email: jherman@hermanlaw.com

*Counsel to Herman Law Claimants*