Exhibit 12

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

### SEXUAL ABUSE SURVIVOR PROOF OF CLAIM

This Sexual Abuse Survivor Proof of Claim must be submitted and received by **5:00 p.m. (Eastern Time)** on **November 16, 2020**. Please carefully read the following instructions included with this SEXUAL ABUSE SURVIVOR PROOF OF CLAIM and complete ALL applicable questions to the extent of your knowledge or recollection. If you do not know the answer to an open-ended question, you can write "I don't recall" or "I don't know." If a question does not apply, please write "N/A." If you are completing this form in hard copy, please write or type clearly using blue or black ink.

The Sexual Abuse Survivor Proof of Claim must be delivered to Omni Agent Solutions, the Court-approved claims and noticing agent (the "Claims Agent"), by either:

(i)     Hand delivery, first class mail, or courier the *original* proof of claim to: BSA Abuse Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, so that it is *received* on or before **November 16, 2020 at 5:00 p.m. (Eastern Time)**;[2] or

(ii)    Electronically using the interface available at: www.OfficialBSAClaims.com on or before **November 16, 2020 at 5:00 p.m. (Eastern Time)**.

Sexual Abuse Survivor Proofs of Claim sent by email or facsimile transmission **will not** be accepted.

"You" and/or "Sexual Abuse Survivor" refers to the person asserting a Sexual Abuse Claim against the Boy Scouts of America ("BSA") related to the Sexual Abuse Survivor's sexual abuse. For this claim to be valid, the Sexual Abuse Survivor must sign this form. If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate. If the Sexual Abuse Survivor is a minor, the form must be signed by the survivor's parent or legal guardian or attorney. Any Sexual Abuse Survivor Proof of Claim signed by a representative or legal guardian must attach documentation establishing such person's authority to sign the claim for the Sexual Abuse Survivor.

### Who Is a Sexual Abuse Survivor?

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] If you are mailing your Sexual Abuse Survivor Proof of Claim, do not attach original documents with your Sexual Abuse Survivor Proof of Claim.

For purposes of this Sexual Abuse Survivor Proof of Claim, the term **Sexual Abuse Survivor** refers to a person who was sexually abused *before* turning eighteen (18) years of age.

## Who Should File a Sexual Abuse Survivor Proof of Claim?

This Sexual Abuse Survivor Proof of Claim is only for people who were sexually abused before turning eighteen (18) years of age and where the sexual abuse (defined below) occurred on or before February 18, 2020. This Sexual Abuse Survivor Proof of Claim is the way you assert an unsecured claim against BSA seeking damages based on Scouting-related sexual abuse.  Any person asserting a claim based on anything other than childhood sexual abuse should use the General Proof of Claim form (official bankruptcy form 410).

## What Is Sexual Abuse?

For the purposes of this Sexual Abuse Survivor Proof of Claim, **sexual abuse** means, with respect to a child under the age of eighteen (18) at the time of the sexual abuse, sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether the child thought the behavior was sexual abuse at the time.  Sexual abuse includes behavior between a child and an adult and between a child and another child, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether the child associated the abuse with any physical, psychological, or emotional harm.  It involves behaviors including penetration or fondling of the child's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's naked body, showing or making pornography, or having children behave in sexual behavior as a group.

If you have a claim arising from sexual abuse and you were at least eighteen (18) years of age at the time the sexual abuse began or if you have a claim arising from other types of abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing, you should consult the *Notice of Deadlines Requiring Filing of Proof of Claim* and file a General Proof of Claim (Official Bankruptcy Form 410).

For the avoidance of doubt, if you have a claim for sexual abuse and you were a child under the age of eighteen (18) when the sexual abuse began you must complete this form.

## You May Wish to Consult an Attorney Regarding This Matter.

You may also obtain information from the Claims Agent by: (1) calling toll free at 866-907-2721, (2) emailing at BSAInquiries@omniagnt.com, or (3) visiting the case website at www.OfficialBSAClaims.com (do not contact the Claims Agent for legal advice).

## What If I Don't File on Time?

**Failure to complete and return this Sexual Abuse Survivor Proof of Claim by November 16, 2020 at 5:00 p.m. (Eastern Time) may result in your inability to vote on a plan of reorganization and/or to receive a distribution from this bankruptcy for sexual abuse related to BSA.**

**Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571.**

## PART 1: CONFIDENTIALITY

Unless you indicate below, your identity and your Sexual Abuse Survivor Proof of Claim will be kept **confidential**, under seal, and outside the public record.  However, information in this Sexual Abuse Survivor Proof of Claim will be confidentially provided, pursuant to Court-approved guidelines, to the Debtors, the Debtors' counsel and retained advisors, certain insurers of BSA, the Tort Claimants' Committee, counsel to the Ad Hoc Committee of Local Councils (with personally identifiable information redacted), individual Local Councils solely with respect to Sexual Abuse Claims asserted against them, attorneys at the Office of the United States Trustee for the District of Delaware, the Future Claimants' Representative, the Court, and confidentially to such other persons that the Court determines need the information in order to evaluate the claim. Information in this Sexual Abuse Survivor Proof of Claim may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions.

**This Sexual Abuse Survivor Proof of Claim (along with any accompanying exhibits and attachments) will be maintained as <u>confidential</u> unless you expressly request that it be publicly available by checking the "public" box <u>and</u> signing below.**

| | |
|---|---|
| ☐ | **PUBLIC**: I want my identity and this Sexual Abuse Survivor Proof of Claim (together with any exhibits and attachments) to be made part of the official claims register in these cases.  **My claim will be available for review by any and all members of the public**. |

Signature:  _____

Print Name:  _____

## PART 2: IDENTIFYING INFORMATION



**B.** **If you have hired an attorney relating to the sexual abuse described in this Sexual Abuse Survivor Proof of Claim, please provide his or her name and contact information:**

| Law Firm Name: | Pfau Cochran Vertetis Amala PLLC | | | | |
|---|---|---|---|---|---|
| Attorney's Name: | Michael T. Pfau | | | | |
| Number and Street: | 403 Columbia St. Ste. 500 | | | | |
| City: | Seattle | State: | Washington | Zip Code: | 98104 |
| Country (not USA): | USA | Email Address: | | michael@pcvalaw.com | |
| Telephone (Work): | (206) 462-4334 | Fax No.: | | (206) 623-3624 | |

## PART 3:  BACKGROUND INFORMATION FOR SEXUAL ABUSE SURVIVOR

**E.    Involvement with Scouting:**

    a.    Have you ever been affiliated with Scouting and/or a Scouting program?

        Yes ☒    No ☐

    b.    When were you involved with Scouting?

I was involved with Scouting from approximately 1973 to 1975 when I was approximately 11 to 12 years old.  I do not remember my highest ranking in Scouting but I believe I was in Troop No. 288.

c.  What type of Scouting unit (i.e., troop) were you involved with?

☒ Boy Scouts **Troop No. 288** _____

☐ Cub Scouts _____

☐ Exploring Scouts _____

☐ Sea Scouts _____

☐ Venturing _____

☐ Other (please explain your involvement with Scouting):

_____
_____
_____
_____
_____

## PART 4: NATURE OF THE SEXUAL ABUSE

### (Attach additional sheets if necessary)

**For each of the questions listed below, please complete your answers <u>to the best of your recollection</u>.**

**Note:** If you have previously filed a lawsuit about your Scouting-related sexual abuse in state or federal Court, you may attach a copy of the complaint.  If you have not filed a lawsuit, or if the complaint does not contain all of the information requested below, you must provide the information below to the extent of your recollection.

Please answer each of the following questions to your best ability.  If you do not know or recall, please so indicate.

If you are the survivor of sexual abuse by more than one sexual abuser, please respond to each of the questions in this Part 4 for each sexual abuser.

A.  Please answer "Yes" or "No" to each of the following:

i.  Were you sexually abused by more than one person?    Yes ☐        No ☒

ii.  Were you sexually abused in more than one state?    Yes ☐     No ☒

B.  Please name each person who sexually abused you in relation to your involvement in Scouting. ("Scouting" includes Cub Scouts, Boy Scouts, Exploring Scouts, Sea Scouts and Venturing.)

If you do not remember the name of the sexual abuser(s), provide as much identifying information about the sexual abuser(s) that you can recall, such as their approximate age and their relationship to Scouting (e.g., the Scoutmaster of Troop 100, another Troop member of Troop 200, camp staff member, etc.).

==**I was sexually abused by Ernest Morris who was a Scoutmaster while I was in Scouting as described above. I recall the following additional details: I believe I was in Troop No. 288.**==

C.  Other than the sexual abuser(s), please identify any person(s) you can remember who were leaders or other adults involved in your Scouting unit or the camp(s) you attended.

_____

_____

_____

D.  What was each sexual abuser's position, title, or relationship to you in Scouting (check all that apply)?

☒ Adult Scout leader in my Scouting unit

☐ Adult Scout leader not in my Scouting unit

☐ Youth Scout in my Scouting unit

☐ Youth Scout not in my Scouting unit

☐ Camp personnel (e.g., camp staff) not in my Scouting unit

☐ I don't know

☐ Other (please explain why you believe the person(s) who sexually abused you had a relationship with Scouting):

_____

_____

_____

E.  Where were you at the time you were sexually abused (city, state, territory and/or country)?

**At the time of the sexual abuse I was in the Bronx, New York.**

F.  What was the type of Scouting you were involved with during the sexual abuse (check all that apply)?

☒ Boy Scouts

☐ Cub Scouts

☐ Exploring Scouts

☐ Venturing

☐ Sea Scouts

☐ Other (please explain why you believe you had a connection to Scouting during the sexual abuse):

_____

_____

_____

G.     What was the Scouting unit number and physical location (city, state, territory and/or country) of the Scouting unit(s) or provisional troop you were in during the time of the sexual abuse?

**During the sexual abuse I believe I was in Scout unit number 288, located in the Bronx, New York.**

H.     What was the name and location (city, state, territory and/or country) of the organization that chartered or sponsored your Scouting unit, including the organization that hosted meetings of your Scouting unit, during the time of the sexual abuse (e.g., church, school, religious institution, or civic group)?

(Note that such organizations are not currently parties to the bankruptcy so if you believe you may have a claim against any such organization you must take additional action to preserve and pursue any such claim.)

**I believe the organization that chartered or sponsored my Scouting unit during the time of the sexual abuse**

**was the St. James' Church located in the Bronx, New York and the Archdiocese of New York.**

I.     What was the name of the BSA Local Council(s) affiliated with your Scouting unit(s), any Boy Scout camp or other Scouting activity during the time of the sexual abuse?

(Note that such BSA Local Councils are not currently parties to the bankruptcy so if you believe you may have a claim against any such BSA Local Council(s) you must take additional action to preserve and pursue any such claim.)

**I do not recall the name of the local council that was involved with his Scouting unit; however, according**

**to BSA's local council locator, the Greater New York Council is responsible for Scouting units in the area**

**Claimant's Scouting unit was located.**

J.     In which of the following places did the sexual abuse take place?  Check all that apply.

☒ At or in connection with a Scout meeting.

☒ At or in connection with a Scout camp.

☐ At or in connection with another Scouting-related event or activity (please explain): _____

_____

☒    Other (please explain – for example, schools, churches, cars, homes or other locations):

**Some of the sexual abuse occurred at overnight Scout gatherings at Ernest Morris'**

**home.**

K.    When did the first act of sexual abuse take place? If you do not remember the calendar date, what school grade were you in at the time and what season of the year was it (spring, summer, fall, winter), and what age were you when it started?  If the sexual abuse took place over a period of time, please state when it started and when it stopped.  If you were sexually abused by more than one sexual abuser indicate when the sexual abuse by each of the sexual abusers started and stopped.

**I believe the first act of sexual abuse by Ernest Morris happened in approximately 1973 or 1974 and**

**ended in approximately 1974.  I was approximately 11 to 12 years old during the sexual abuse.**

L.    Please describe what happened to you.  You can provide a description in your own words and/or use the checkboxes below.

   i.    About how many times were you sexually abused?

   ☐    I was sexually abused once.

   ☒    I was sexually abused more than once.

If you were sexually abused more than once, please state how many times (if you recall):

**See below narrative.**

M.    Please describe what happened to you.  You can provide a description in your own words and/or use the checkboxes below.  (Check all that apply.)  **Please note that the boxes are not meant to limit the characterization or description of your sexual abuse.**

   i.    What did the sexual abuse involve?  **See below narrative.**

   ☒    The sexual abuse involved touching outside of my clothing.

   ☒    The sexual abuse involved touching my bare skin.

   ☒    The sexual abuse involved fondling or groping.

   ☒    The sexual abuse involved masturbation.

   ☒    The sexual abuse involved oral copulation / oral sex.

   ☒    The sexual abuse involved the penetration of some part of my body.

   ii.    Did any of the following occur in connection with the sexual abuse:  **See below narrative.**

   ☒    The acts of sexual abuse against me also involved other youth.

☐ The sexual abuse involved photographs or video.

☐ Even though I did not want it, my body responded sexually to the sexual abuse.

☒ The sexual abuse involved actual or implied threats of violence or other adverse consequences if I disclosed the sexual abuse.

☐ The sexual abuse involved gifts, privileges, experiences, and other rewards or bribes in addition to the activities and awards normally part of Scouting.

☒ The sexual abuser(s) made my family think they could be trusted.

☐ At the time of the sexual abuse, my family or I had significant financial, social, behavioral or other challenges.

If you wish to provide a narrative, please describe the sexual abuse in as much detail as you can recall in the lines below.  You may attach additional pages if needed.

**The sexual abuse by Ernest Morris occurred over a two-year period from 1973 to 1974 when I was a young child of 11 or 12 years old.** ████████████████████████████████████████
████████████████████████████████████

**The abuse began after Ernest Morris invited me and some other scouts over for a sleepover. Morris fondled and molested all of the boys at the sleepover. Morris continued to abuse me multiple times, and very frequently over the next two years. Morris abused me regularly and consistently. Morris preyed on my vulnerability as a child and ruined my life for years to come.**

**The sexual abuse Morris inflicted on me was horrible. The sexual abuse included Morris touching me over and underneath my clothing, and fondling, along with the other boys at the first sleepover. This abuse continued and it escalated. I remember Morris masturbating me. I remember Morris orally copulating me. I remember Morris anally raping me and penetrating my body. The sexual abuse occurred multiple times at locations such as: Morris' home, at movie theaters, in cars, and on troop camping trips. I trusted Morris because he was our Scoutmaster. I never reported the abuse to anyone at the time, and I struggle with this abuse and subsequent silence to this day.**

N.   Did you or anyone on your behalf tell anyone involved in Scouting about the sexual abuse at or about the time of the sexual abuse?   Yes ☐   No ☒

O.   Did you or anyone on your behalf report the sexual abuse to law enforcement or investigators at or about the time of the sexual abuse?   Yes ☐   No ☒

P.   If you can remember anyone you may have ever told about the sexual abuse at the time, including anyone involved with Scouting, friends, relatives, and/or law enforcement, please list their name and when you told them.

_____

_____

_____

_____

Q.   Did you have any relationship with your sexual abuser outside of Scouting? Check all that apply:

☐ Religious organization leader, member, volunteer

☐ Family member or relative

☐ Coach/athletics

☐ Teacher

☐ Neighbor

☐ Other (please explain and add any other information you remember to the categories above):

_____

_____

_____

_____

R.   Are you aware of anyone who knew about the sexual abuse?

**I believe the following people were also sexually abused by the same perpetrator(s): other Scouts in my troop. I believe the following people knew about the sexual abuse: other Scouts in my troop.**

| PART 5: IMPACT OF SEXUAL ABUSE |
|---|

**(Attach additional pages if necessary)**

**(If you currently cannot describe any harm you have suffered on account of the sexual abuse, you may omit this section for now.  However, you may be asked to provide the information requested at a later date.)**

A.  Please describe how you were impacted, harmed, damaged, or injured in ways that you now connect as being related to the sexual abuse you described above. (Check all that apply.)  You can provide a description in your own words and/or use the checkboxes below.  **Please note that the boxes are not meant to limit the characterization or description of the impact(s) of your sexual abuse**.

☒ Psychological / emotional health (including depression, anxiety, feeling numb, difficulty managing or feeling emotions including anger)

☒ Post traumatic stress reactions (including intrusive images, feelings from the abuse, numbing or avoidance behaviors)

☒ Physical health (including chronic disease, chronic undiagnosed pain or physical problems)

☒ Education (including not graduating high school, being unable to finish training or education)

☒ Employment (including difficulties with supervisors, difficulty maintaining steady employment, being fired from jobs)

☒ Intimate relationships (including difficulty maintaining emotional attachments,  difficulty with sexual behavior, infidelity)

☒ Social relationships (including distrust of others, isolating yourself, not being able to keep healthy relationships)

☒ Alcohol and/or substance abuse (including other addictive behavior such as gambling)

☒ Other (please explain and add any other information you remember to the categories above)

If you wish to provide a narrative, please describe how you were impacted, harmed, damaged, or injured in ways that you now connect as being related to the sexual abuse you described above in as much detail as you can recall in the lines below.  You may attach additional pages if needed.  **See below narrative.**

**I believe I have suffered the following problems as a result of the sexual abuse: anxiety, anger, shame, guilt, depression, hypervigilance, substance abuse issues, trust issues, marriage and divorce problems, interference with my academic stature, and a failure to reach my true professional potential.**

**I continue to struggle with depressive thoughts related to this experience. I have attended years of therapy to try to overcome my abuse and yet the memories are still so painful. After I was abused I began to experience severe distress.**

**My overall anxiety worsened as it became clear that Ernest Morris likely abused more kinds for many years. It is upsetting to have to talk about these very old and traumatizing memories. I thought that I would struggle less as I began to grow older but I am living the aftermath of this abuse every day.** ████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████ **I still carry a lot of shame with me in my life from this abuse and the way it impacted my life.**

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

| PART 6: ADDITIONAL INFORMATION |
|---|

A.  **Prior Litigation.**

　　i.  Was a lawsuit regarding the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim filed by you or on your behalf.

　　Yes ☒    No ☐  (If "Yes," you are required to attach a copy of the complaint.)

B.  **Prior Bankruptcy Claims.** Have you filed any claims in any other bankruptcy case relating to the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim? Yes ☐    No ☒  (If "Yes," you are required to attach a copy of any completed claim form.)

C.  **Payments.** Have you received any payments related to the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim from any party, including BSA? Yes ☐    No ☒

    i.    If yes, how much and from whom?

_____

**D.**    **<u>Current Bankruptcy Case</u>.**  Are you currently a debtor in a bankruptcy case?  Yes ☐ No ☒

    i.    If yes, please provide the following information:

Name of Case: _____ Court: _____

Date filed: _____ Case No. _____

Chapter: 7 ☐   11 ☐ 12 ☐   13 ☐   Name of Trustee:
_____


"Signature page follows – you must complete and sign the next page"

| **SIGNATURE** |
|---|

   **To be valid, this Sexual Abuse Survivor Proof of Claim must be signed by you.** If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate.  If the Sexual Abuse Survivor is a minor, the form must be signed by the Sexual Abuse Survivor's parent or legal guardian, or the Sexual Abuse Survivor's attorney.  (Any form signed by a representative or legal guardian <u>must</u> attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)

| **Penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571.** |
|---|

**Check the appropriate box:**

☒    I am the Sexual Abuse Survivor.

☐    I am the Sexual Abuse Survivor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized representative.

☐    Other (describe): _____

**I have examined the information in this Sexual Abuse Survivor Proof of Claim and have a reasonable belief that the information is true and correct.**

**I declare under penalty of perjury that the foregoing statements are true and correct.**

NEW YORK STATE SUPREME COURT
████████████████████████

████████████

                            Plaintiff,

-against-

ST. JAMES' CHURCH; and ARCHDIOCESE OF NEW
YORK,

                            Defendants.

Index No.: _____

Date Filed: _____

**SUMMONS**

Plaintiff designates ████████
████████ as the place of trial.

The basis of venue is one
defendant's residence.

**Child Victims Act Proceeding
22 NYCRR 202.72**

---

TO THE ABOVE-NAMED DEFENDANTS:

　　　　YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: ████████████

                            Respectfully Yours,

                            MARSH LAW FIRM PLLC

                            By _____
                            James R. Marsh
                            Jennifer Freeman
                            Robert Lewis
                            jamesmarsh@marsh.law
                            jenniferfreeman@marsh.law
                            robertlewis@marsh.law
                            31 Hudson Yards, 11th Floor
                            New York, NY 10001-2170
                            Phone: 212-372-3030

PFAU COCHRAN VERTETIS AMALA PLLC

By _____

Vincent T. Nappo
Anelga Doumanian
vnappo@pcvalaw.com
adoumanian@pcvalaw.com
31 Hudson Yards, 11th Floor
New York, NY 10001-2170

Attorneys for Plaintiff

2

NEW YORK STATE SUPREME COURT

████████████████████

████████████████                    Plaintiff,

-against-

ST. JAMES' CHURCH; and ARCHDIOCESE OF NEW
YORK,

                                    Defendants.

Index No.: _____

**COMPLAINT**

**Child Victims Act Proceeding
22 NYCRR 202.72**

Plaintiff ████████ by and through his attorneys, the Marsh Law Firm PLLC and

Pfau Cochran Vertetis Amala PLLC, respectfully alleges for his complaint the following:

## I.     INTRODUCTION

1.      This case arises from childhood sexual abuse and exploitation that Plaintiff

████████ suffered at the hands of the defendants' Scout leader and volunteer, Ernest Morris,

who the defendants knew or should have known posed a danger to him and other children. Despite

their knowledge, the defendants failed to take reasonable steps to protect Plaintiff ████████

from the danger of being sexually abused by Ernest Morris. As a result, Ernest Morris was able

to use his position as a Scout leader and volunteer with the defendants to sexually abuse Plaintiff

████████

## II.     PROCEEDING IN ACCORDANCE WITH CPLR 214-G AND 22 NYCRR 202.72

2.      This complaint is filed pursuant to the Child Victims Act (CVA) 2019 Sess. Law

News of N.Y. Ch. 11 (S. 2440), CPLR 214-G, and 22 NVCRR 202.72. The CVA opened a historic

one-year one-time window for survivors of childhood sexual abuse in the State of New York to

pursue lapsed claims. Prior to the passage of the CVA, Plaintiff's claims were time-barred the day


he turned 22 years old.  The enactment of the CVA allows Plaintiff, for the first time in his life, to pursue restorative justice in New York State.

### III.   PARTIES

3.      Plaintiff ████████ is an adult male who currently resides in ████████ ████████

4.      While he was a minor, Plaintiff ████████ was a victim of one or more criminal sex acts in the State of New York, including sexual acts that would constitute a sexual offense that revives Plaintiff's claim under the Child Victims Act.

5.      At all relevant times Plaintiff ████████ was a minor participating in the Boy Scouts of America program that was operated and controlled by defendants St. James' Church; and the Archdiocese of New York (all defendants are collectively referred to herein as "the defendants").

6.      Ernest Morris ("Morris") was a Scout leader or volunteer that the defendants used and relied upon as a Scout leader and volunteer to serve Plaintiff and other children who participated in their Boy Scout program, including as a Scout leader of Plaintiff's Boy Scout Troop.

7.      During the time that Morris served as a Scout leader or volunteer for the defendants, he used his position as a Scout leader or volunteer to groom and to sexually abuse Plaintiff ████████

8.      Defendant St. James' Church ("SJC") was a not-for-profit corporation organized under New York law with its principal place of business in or around New York, New York.

9.      To the extent that defendant SJC was a different entity, corporation, or organization during the period of time in which Morris used his position as a Scout leader and volunteer to sexually abuse Plaintiff, such entity, corporation, or organization is hereby on notice that it is

4

intended to be a defendant in this lawsuit and is named in the caption and in this complaint as St. James' Church.

10.    To the extent that defendant SJC is a successor to a different entity, corporation, or organization which existed during the period of time during which Morris used his position as a Scout leader and volunteer to sexually abuse Plaintiff, including any entity, corporation, or organization that subsequently or eventually merged into SJC, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as St. James' Church.

11.    All such SJC-related entities, corporations, or organizations are collectively identified and referred to herein as defendant "SJC."

12.    Defendant Archdiocese of New York ("ADNY") was a not-for-profit corporation organized under New York law with its principal place of business in or around New York, New York, and at all relevant times owned, operated, and controlled St. James' Church.

13.    To the extent that defendant ADNY was a different entity, corporation, or organization during the period of time in which Morris used his position as a Scout leader and volunteer to sexually abuse Plaintiff, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as the Archdiocese of New York.

14.    To the extent that defendant ADNY is a successor to a different entity, corporation, or organization which existed during the period of time during which Morris used his position as a Scout leader and volunteer to sexually abuse Plaintiff, including any entity, corporation, or organization that subsequently or eventually merged into ADNY, such predecessor entity,

corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit

and is named in the caption and in this complaint as the Archdiocese of New York.

15.    All such ADNY-related entities, corporations, or organizations are collectively

identified and referred to herein as defendant "ADNY."

16.     Given their relationship, defendants SJC and ADNY are collectively referred to

below as SJC.



20.    The amount of damages sought exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction.

### V.    STATEMENT OF FACTS

21.    Plaintiff        repeats and re-alleges the above allegations.

22.    SJC obtained a charter agreement from the Boy Scouts of America and Greater

New York Councils, Boy Scouts of America (formerly known as the Manhattan Council) that

allowed and enabled SJC to operate and control Plaintiff's Boy Scout Troop subject to the rules

and regulations of the Boy Scouts of America and Greater New York Councils, Boy Scouts of

America (formerly known as the Manhattan Council).

23.    SJC sponsored the Troop that Plaintiff belonged to when he was sexually abused

by the defendants' Scout leader and volunteer, Ernest Morris.

24.     SJC hosted the meetings of Plaintiff's Boy Scout Troop and organized the Troop's Scouting activities and events, including meetings, camping trips, merit badge activities, and other outings.

25.     At all relevant times the defendants, through their agents, servants, and employees, managed, maintained, operated, and controlled the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ernest Morris.

26.     At all relevant times the defendants, through their agents, servants, and employees, held out their agents, servants, and employees to the public as those who managed, maintained, operated, and controlled the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by one of their Scout leaders and volunteers, Ernest Morris.

27.     At all relevant times the defendants were responsible for the hiring and staffing, and did the hiring and staffing, for the Scout leaders and volunteers of the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ernest Morris.

28.     At all relevant times the defendants were responsible for the recruitment and staffing of the Scout leaders and volunteers for the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ernest Morris.

29.     At all relevant times the defendants were responsible for supervising the Scout leaders and volunteers for the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ernest Morris.

30.     At all relevant times the defendants held themselves out to the public as the owners of the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ernest Morris.

7

31.     At all relevant times the defendants materially benefited from the operation of the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ernest Morris, including the services of Morris and the services of those who managed and supervised Morris.

32.     At all relevant times the defendants, through their agents, servants, and employees, managed, maintained, operated, and controlled the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ernest Morris, including their leaders and volunteers.

33.     At all relevant times the defendants, through their agents, servants, and employees, managed, maintained, operated, and controlled the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ernest Morris, including their policies and procedures regarding the sexual abuse of children.

34.     At all relevant times Ernest Morris was a Scout leader and volunteer of the defendants who Plaintiff believes held the position of Scout leader of the Boy Scout Troop that Plaintiff belonged to when he was sexually abused by Morris.

35.     At all relevant times Ernest Morris was on the staff of, was an agent of, or served as an employee or volunteer of the defendants.

36.     At all relevant times Ernest Morris was acting in the course and scope of his position with the defendants.

37.     When Plaintiff was a minor, he registered with the defendants as a member of their Boy Scout Troop and paid them a fee to participate as a member of their Boy Scout Troop, including their meetings, camping trips, merit badge activities, and other outings.

38.     At all relevant times the defendants, through their agents, servants, and employees, held Ernest Morris out to the public, to Plaintiff, and to his parents, as their agent.

39.     At all relevant times the defendants, through their agents, servants, and employees, held Ernest Morris out to the public, to Plaintiff, and to his parents, as having been vetted, screened, and approved to serve as one of their Scout leaders and volunteers.

40.     At all relevant times Plaintiff and his parents reasonably relied upon the acts and representations of the defendants, through their agents, servants, and employees, and reasonably believed that Ernest Morris was one of their agents who was vetted, screened, and approved to serve as one of their Scout leaders and volunteers.

41.     At all relevant times Plaintiff and his parents trusted Ernest Morris because the defendants held him out as someone who was safe and could be trusted with the supervision, care, custody, and control of Plaintiff.

42.     At all relevant times Plaintiff and his parents believed that the defendants would exercise such care as would a parent of ordinary prudence in comparable circumstances when those defendants assumed supervision, care, custody, and control of Plaintiff.

43.     The defendants were responsible for selecting and supervising the Scout leaders and volunteers of Plaintiff's Boy Scout Troop, including the Troop's Scout leader and volunteer, Ernest Morris, when he used that position with the defendants to sexually abuse Plaintiff.

44.     When Plaintiff was a minor, Ernest Morris used his position as the defendants' Scout leader and volunteer to sexually abuse him.

45.     Plaintiff was sexually abused by Ernest Morris when Plaintiff was approximately 11 to 12 years old.

46.     Based on the representations of the defendants that Ernest Morris was safe and trustworthy, Plaintiff and his parents allowed Plaintiff to be under the supervision of, and in the care, custody, and control of the defendants, including when Plaintiff was sexually abused by Ernest Morris.

47.     Neither Plaintiff nor his parents would have allowed him to be under the supervision of, or in the care, custody, or control of the defendants, or Ernest Morris, if the defendants had disclosed to Plaintiff or his parents that Morris was not safe and was not trustworthy, and that he in fact posed a danger to Plaintiff in that Morris was likely to sexually abuse Plaintiff.

48.     Neither Plaintiff nor his parents would have paid the defendants to allow him to be a member of their Boy Scout Troop, or to participate in their Scouting activities, if the defendants had disclosed to Plaintiff or his parents that Ernest Morris was not safe and was not trustworthy, and that he in fact posed a danger to Plaintiff in that Morris was likely to sexually abuse Plaintiff.

49.     Neither Plaintiff nor his parents would have paid the defendants to allow him to be a member of their Boy Scout Troop, or to participate in their Scouting activities, if the defendants had disclosed to Plaintiff or his parents that they knew for years that sexual predators, like Ernest Morris, were using their position as a Scout leader and volunteer to groom and to sexually abuse children.

50.     No parent of ordinary prudence in comparable circumstances would have allowed Plaintiff to be under the supervision of, or in the care, custody, or control of the defendants or Ernest Morris if the defendants had disclosed to Plaintiff or his parents that Morris was not safe and was not trustworthy, and that he in fact posed a danger to Plaintiff in that Morris was likely to sexually abuse him.

10

51.     From approximately 1973 through 1974, Ernest Morris used his position of trust and authority as a Scout leader and volunteer of the defendants to groom Plaintiff and to sexually abuse him, including during overnight Scout gatherings at Morris' home and Boy Scout camping trips when Plaintiff was under the supervision of, and in the care, custody, or control of, the defendants.

52.     The defendants' Scout leader and volunteer, Ernest Morris, sexually abused Plaintiff multiple times.

53.     The sexual abuse by the defendants' Scout leader and volunteer, Ernest Morris, included, but was not limited to, Morris masturbating, orally copulating, and anally raping Plaintiff, and Morris forcing Plaintiff to masturbate him.

54.     The sexual abuse by the defendants' Scout leader and volunteer, Ernest Morris, occurred using property that was owned, operated, and/or controlled by the defendants during which time Plaintiff was in the care, custody, or control of the defendants.

55.     At all relevant times the defendants, through their agents, servants, and employees, knew or should have known that Ernest Morris was a sexual abuser of children who would use his position with them to sexually abuse Plaintiff and other children.

56.     The defendants knew or should have known that Ernest Morris was likely to sexually abuse children, including Plaintiff, because Morris had a criminal history involving sexual abuse of children prior to the time of Plaintiff's abuse.

57.     At all relevant times the defendants, through their agents, servants, and employees, knew or should have known that the sexual abuse by Ernest Morris of Plaintiff was ongoing.

11

58. At all relevant times it was reasonably foreseeable to the defendants, through their agents, servants, and employees, that Ernest Morris' sexual abuse of children would likely result in injury to others, including the sexual abuse of Plaintiff and other children by Morris.

59. Before and during the time he sexually abused Plaintiff, the defendants, through their agents, servants, and employees, knew or should have known that Ernest Morris was sexually abusing Plaintiff and other children.

60. The defendants, through their agents, servants, and employees, knew or should have known before and during Ernest Morris' sexual abuse of Plaintiff that Scout leaders, volunteers, and other persons who worked with youth, including other Scout leaders and volunteers, had used their positions to groom and to sexually abuse children.

61. The defendants, through their agents, servants, and employees, knew or should have known before and during Ernest Morris' sexual abuse of Plaintiff that such Scout leaders, volunteers, and other persons who worked with youth could not be "cured" through treatment or counseling.

62. The defendants, through their agents, servants, and employees, concealed the sexual abuse of children by Ernest Morris in order to conceal their own bad acts in failing to protect children from him, to protect their reputation, and to prevent victims of such sexual abuse by him and other Scout leaders and volunteers from coming forward during the extremely limited statute of limitations prior to the enactment of the current law, despite knowing that Morris and other abusers in their ranks would continue to molest children.

63. The defendants, through their agents, servants, and employees, consciously and recklessly disregarded their knowledge that Ernest Morris would use his position with the defendants to sexually abuse children, including Plaintiff.

64.     The defendants, through their agents, servants, and employees, disregarded their knowledge that Ernest Morris would use his position with them to sexually abuse children, including Plaintiff.

65.     The defendants, through their agents, servants, and employees, acted in concert with each other and/or with Ernest Morris to conceal the danger that Morris posed to children, including Plaintiff, so that Morris could continue serving them despite their knowledge of that danger.

66.     The defendants, through their agents, servants, and employees, knew that their negligent, reckless, and outrageous conduct would inflict severe emotional and psychological distress, as well as personal physical injury, on others, including Plaintiff, and he did in fact suffer severe emotional and psychological distress and personal physical injury as a result of their wrongful conduct.

67.     By reason of the wrongful acts of the defendants as detailed herein, Plaintiff sustained physical and psychological injuries, including but not limited to, severe emotional and psychological distress, humiliation, fright, dissociation, anger, depression, anxiety, family turmoil and loss of faith, a severe shock to his nervous system, physical pain and mental anguish, and emotional and psychological damage, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature, and Plaintiff has and/or will become obligated to expend sums of money for treatment.

## VI.     CAUSES OF ACTION
### A.     FIRST CAUSE OF ACTION – NEGLIGENCE

68.     Plaintiff ███████████ repeats and re-alleges all of his allegations above and below.

13

69.     The defendants had a duty to take reasonable steps to protect Plaintiff from foreseeable harm when he was in their care, custody, and control, including when he was a paying member of their Boy Scout Troop and when he was participarting in their Scouting activities.

70.     The defendants also had a duty to take reasonable steps to prevent Ernest Morris from using the tasks, premises, and instrumentalities of his position as their Scout leader and volunteer to target, groom, and sexually abuse children, including Plaintiff.

71.     The defendants had a duty to warn, train, or educate their Scout leaders, volunteers, and youth members, including Plaintiff, about the danger of sexual abuse by Scout leaders and volunteers who were involved in their Scouting program and how to avoid or minimize such danger.

72.     The defendants breached each of the foregoing duties by failing to exercise reasonable care to prevent their Scout leader and volunteer, Ernest Morris, from using his position with the defendants to sexually abuse Plaintiff when Plaintiff was in the care, custody, or control of the defendants.

73.     In breaching their duties, including hiring, retaining, and failing to supervise Ernest Morris; giving him access to children; entrusting their tasks, premises, and instrumentalities to him; failing to train their personnel in the signs of sexual predation and to protect children from sexual abuse and other harm; failing to warn Plaintiff, his parents, and other parents of the danger of sexual abuse; and failing to create a safe and secure environment for Plaintiff and other children who were under their supervision and in their care, custody, and control, the defendants created a foreseeable risk that Plaintiff would be sexually abused by Morris.

74.     As a direct and proximate result of the acts and omissions of the defendants, their Scout leader and volunteer, Ernest Morris, groomed and sexually abused Plaintiff, which has caused Plaintiff to suffer general and special damages as more fully described herein.

### VII.    CPLR 1603 – NO APPORTIONMENT OF LIABILITY

75.     Pursuant to CPLR 1603, the foregoing causes of action are exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(2), CPLR 1602(5), 1602(7) and 1602(11), thus precluding defendants from limiting their liability by apportioning some portion of liability to any joint tortfeasor.

### VIII.   PRAYER FOR RELIEF

76.     Plaintiff demands judgment against the defendants named in his causes of action, together with compensatory and punitive damages to be determined at trial, and the interest, cost and disbursements pursuant to his causes of action, and such other and further relief as the Court deems just and proper.

77.     Plaintiff specifically reserves the right to pursue additional causes of action, other than those outlined above, that are supported by the facts pleaded or that may be supported by other facts learned in discovery.

Dated: ▓▓▓▓▓▓

MARSH LAW FIRM PLLC

By _____

James R. Marsh
Jennifer Freeman
Robert Lewis
jamesmarsh@marsh.law
jenniferfreeman@marsh.law
robertlewis@marsh.law
31 Hudson Yards, 11th Floor

15

New York, NY 10001-2170
Phone: 212-372-3030

PFAU COCHRAN VERTETIS AMALA PLLC

By _____

Vincent T. Nappo
vnappo@pcvalaw.com
Anelga Doumanian
adoumanian@pcvalaw.com
31 Hudson Yards, 11th Floor
New York, NY 10001-2170

Attorneys for Plaintiff

**16**