**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: May 6, 2021 at 4:00 p.m. (ET)** |
| | **Hearing Date: May 19, 2021 at 10:00 a.m. (ET)** |

**GREAT AMERICAN'S OBJECTION TO
DEBTORS' DISCLOSURE STATEMENT FOR
SECOND AMENDED CHAPTER 11 PLAN
OF REORGANIZATION AND JOINDER**

Great American Assurance Company, f/k/a Agricultural Insurance Company, Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company, and Great American E&S Insurance Company (collectively, "Great American") hereby objects to approval of the Debtors' *Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* filed on April 14, 2021 [Docket No. 2594] (the "Disclosure Statement") describing the Debtors' *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* also filed on April 14, 2021 [Docket No. 2592] (the "Plan"). In support thereof, Great American respectfully states as follows:

1.     The Disclosure Statement cannot be approved under section 1125(b) of the Bankruptcy Code because it does not contain "adequate information," defined in section 1125(a) as information of a kind, and in sufficient detail … that would enable a hypothetical investor of

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the relevant class to make an informed judgment about the plan." *See* 11 U.S.C. § 1125. In making this determination, the Court "cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard." *Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988).

2.      As detailed in numerous other objections, the Disclosure Statement is insufficient and affirmatively misleading in many ways, including:  the Debtors assert that the Plan is insurance neutral, but is not; it identifies the Debtors' (and non-debtor affiliates') obligation to pay deductibles and self-insured retentions, but fails to describe how they will be paid; the Debtors pretend that the Plan will pay only compensable claims, but the Plan would be a vehicle to distribute substantial sums to invalid and non-compensable claims; and the Disclosure Statement purports to identify all the risks attendant to the Plan, but ignores many risks, while giving short shrift to others.  Great American will not repeat the myriad ways in which the Disclosure Statement fails the test of adequacy set forth in other objections, but Great American joins in and reserves the right to be heard regarding all aspects of the Disclosure Statement's inadequacy.

3.      The Disclosure Statement also fails to explain that no constituency in this case (besides the Debtors) supports the Plan.  Great American submits that the Plan, which requests the extraordinary relief of a channeling injunction for present and future claims protecting both Debtors and non-debtors alike, cannot be confirmed.  *See, e.g., In re Combustion Eng'g, Inc.*, 391 F.3d 190, 233 (3d Cir. 2004) (concluding that "it is doubtful whether shared insurance would be sufficient grounds upon which to find related-to jurisdiction over independent claims"); *Class Five Nevada Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 658 (6th Cir. 2002) (holding non-consensual injunctions protecting non-debtors appropriate only in

"unusual circumstances" where "the impacted class, or classes, has overwhelmingly voted to accept the plan").[2]

4.      Given the Plan's fundamental flaws, it would waste significant time and substantial resources of the parties, including Great American, to approve the Disclosure Statement, send out the Plan for balloting, conduct confirmation-related discovery, and hold a confirmation hearing.  *See In re American Capital Equipment, LLC*, 688 F.3d 145, 154 (3d Cir. 2012) ("*Skinner II*") (holding "that a bankruptcy court may address the issue of plan confirmation where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile . . .").

5.      Moreover, as in *Skinner II*, the Plan "sets up a system in which [the debtor] would be ... financially incentivized to sabotage its own defense."  *Id.* at 158 (citation omitted).  Any hope the Debtors have of meeting the numerosity requirement for votes accepting the Plan (to say nothing of the supermajority requirement usually applied in the context of channeling injunctions) would require approval from – presumably in exchange for further concessions to – a vast swath of claimants with dubious or invalid claims.  The Disclosure Statement should explain this dynamic and that such a Plan should not be confirmed.  *See In re Global Industrial Technologies, Inc.*, 645 F.3d 201, 214 (3d Cir. 2011) (reversing confirmation order and remanding based on "the Plan-triggered explosion of new claims" and the attendant

---

[2]      That is not to say that every purported claimant should be permitted to vote or necessarily have their votes counted at equal values.  Rather, in a case such as this one involving large numbers of dubious or invalid claims, the Debtors should ensure as far as possible that only holders of valid claims vote on the Plan at appropriate values.  *Cf. In re Global Industrial Technologies, Inc.*, 645 F.3d 201, 213-14 (3d Cir. 2011) (noting that "the plan's creation of the APG Silica Trust led to a manifold increase in silica-related claims" from 169 prepetition to over 4,600 postpetition).  Toward that end, pursuing the type of information sought by *Hartford & Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Docket No. 1971] and *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [Docket No. 1974] would be more useful than pursuing confirmation of the Debtors' ill-fated Plan.

õinvestigative burden of finding any meritorious suits in the haystack of potentially fraudulent ones.ö).

WHEREFORE, Great American respectfully requests entry of an order denying approval of the Disclosure Statement; declining to set a confirmation hearing on the Plan or deadlines for confirmation-related discovery; and for such other and further relief as the Court deems just and proper.

Dated: May 6, 2021
Wilmington, DE

Respectfully submitted,

BODELL BOVÉ, LLC

/s/ Bruce W. McCullough
Bruce W. McCullough (No.  3112)
1225 N. King Street, Suite 1000
Wilmington, DE 19801-3250
Telephone: (302) 655-6749
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

- and ó

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email: dchristian@dca.law

*Attorneys for Great American Assurance Company,*
*f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance*
*Company; and Great American E&S Insurance*
*Company*