IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re:  D.I. 3266<br><br>**Obj. Deadline:** At the hearing<br>**Hearing Date:**  May 19, 2021 at 10:00 a.m. (ET) |

**MOTION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE, TO SEAL THE OBJECTION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE, TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT AND THE FORM AND MANNER OF NOTICE, (II) APPROVING PLAN SOLICITATION AND VOTING PROCEDURES, (III) APPROVING FORMS OF BALLOTS, (IV) APPROVING FORM, MANNER, AND SCOPE OF CONFIRMATION NOTICES, (V) ESTABLISHING CERTAIN DEADLINES IN CONNECTION WITH APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF**

The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole (the "**Church**"), moves the Court for entry of an order, pursuant to sections 105(a) and 107(b) of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Church to file under seal and to redact certain confidential information referenced in the *Objection of The Church of Jesus Christ of Latter-day Saints, a Utah Corporation Sole, to*

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

RLF1 25262511v.3

*Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 3266] (the "**Objection**").[2]  In support of this motion, the Church respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012, and Article XII.8 of the Protective Order (as defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Church consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this chapter 11 case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND

2. On February 18, 2020, the Debtors each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On May 12, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order Approving the Stipulated Confidentiality and Protective Order* [D.I. 613] (the "**PO Motion**").

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Objection.

2

4. On June 8, 2020, the Court entered an order [D.I. 799] granting the PO Motion and approving the *Confidentiality and Protective Order* attached thereto as Exhibit 1 (the "**Protective Order**"). Pursuant to the Protective Order:

> any document containing Protected Material[3] that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court.

*See* Protective Order, at Art. VII.6.

5. In addition, the Protective Order provides that Protected Material may only be disclosed to certain parties listed therein, including those that assent to be bound by the Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" attached thereto as Exhibit A. *See id.*, at Art. VII.2-3. The Church and its counsel have each executed an "Acknowledgment and Agreement to Be Bound."

6. On April 13, 2021, the Debtors filed the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2592] (the "**Plan**") and, on April 14, 2021, the Debtors filed the *Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2594] (the "**Disclosure Statement**").

7. On May 6, 2021, the Church filed the Objection. *See* D.I. 3266.

**RELIEF REQUESTED**

8. By this motion, the Church seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Church to (i) file an unsealed publicly available

---

[3] The Protective Order defines "Protected Material" as "Discovery Material designated 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Art. II (definition of "Protected Material").

3

version of the Objection that redacts certain confidential information referenced therein (including any exhibits attached thereto) (the "**Confidential Information**"), and (ii) file an unredacted version of the Objection under seal.

## BASIS FOR RELIEF REQUESTED

9. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers, and authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) of the Bankruptcy Code gives bankruptcy courts the power to protect parties in interest from potentially harmful disclosures: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

10. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018.

11. Likewise, Local Rule 9018-1(d) & (e) set forth the process for filing documents under seal, including obtaining relief to prospectively file documents under seal.

12. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the

application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court *must* grant the requested relief (or such other relief that protects the moving party)." (emphasis added)). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and, significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Altegrity*, 2015 WL 10963572, at *3; *see also Orion Pictures Corp.*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstance[s] or compelling need." *Id.* at 27.

13. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.*; *see also Altegrity*, 2015 WL 10963572, at *3 (recognizing that information qualifies as "commercial information" where it would unfairly benefit competitors and would "reasonably be expected to cause the entity commercial injury" (internal quotation marks omitted)); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this

information be protected from disclosure. *See Altegrity*, 2015 WL 10963572, at *3; *Global Crossing*, 295 B.R. at 725.

14. The Objection contains confidential commercial information relating to the Debtors' insurance policies. The Church obtained the relevant insurance policies in the course of the chapter 11 cases and the various policies cited in the Objection have been designated by the Debtors as either CONFIDENTIAL or HIGHLY CONFIDENTIAL. The Protective Order, to which the Church is bound, specifically restricts disclosure of Protected Material and requires that any document containing Protected Material that is submitted to or filed with the Court be filed under seal as a restricted document in accordance with Local Rule 9018-1. *See* Protective Order, at Art. VII.6. Thus, the Church has filed this motion in an effort to comply with its obligations relating to the disclosure of Protected Material under the terms of the Protective Order and to avoid harm to the Debtors through the disclosure of commercially sensitive non-public information. Indeed, not only is the Church obligated to file the Protected Material under seal and, to the extent necessary, to redact portions of the Objection which reference the Protected Material, but doing so is consistent with sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

15. Prior to filing this motion, counsel to the Church conferred in good faith with counsel to the Debtors concerning the sealing of the Confidential Information, and the parties agreed that the Confidential Information must remain sealed from public view. In addition, consistent with Local Rule 9-18-1(d)(i), a redacted version of the Objection was separately filed on the Court's docket.

## **NOTICE**

16. Notice of this motion has been provided to counsel for the U.S. Trustee and counsel for the Debtors. The Church respectfully submits that no further notice of this motion is necessary.

[*remainder of page intentionally left blank*]

WHEREFORE, the Church respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this motion, and (b) provide such further relief as the Court deems just and proper.

Dated: May 6, 2021
Wilmington, Delaware

/s/ Michael J. Merchant
Michael J. Merchant (No. 3854)
Brett M. Haywood (No. 6166)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: merchant@rlf.com
haywood@rlf.com

-and-

Jeffrey E. Bjork (admitted *pro hac vice*)
Deniz A. Irgi (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: jeff.bjork@lw.com
deniz.irgi@lw.com

-and-

Adam J. Goldberg (admitted *pro hac vice*)
Robert J. Malionek (admitted *pro hac vice*)
Madeleine C. Parish (admitted *pro hac vice*)
Benjamin A. Dozier (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020-1401
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
E-mail: adam.goldberg@lw.com
robert.malionek@lw.com
madeleine.parish@lw.com
benjamin.butzin-dozier@lw.com

*Counsel to The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole*

RLF1 25262511v.3