IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: May 6, 2021 at 4:00 p.m. (ET)** <br> **Hearing Date: May 19, 2021 at 10:00 a.m. (ET)** |

## ARGONAUT INSURANCE COMPANY'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT FOR SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND JOINDER

Argonaut Insurance Company ("Argonaut") hereby objects to approval of the Debtors' *Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* filed on April 14, 2021 [Docket No. 2594] (the "Disclosure Statement") describing the Debtors' *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* also filed on April 14, 2021 [Docket No. 2592] (the "Plan"). In support thereof, Argonaut respectfully states as follows:

1. The Disclosure Statement cannot be approved under section 1125(b) of the Bankruptcy Code because it does not contain "adequate information," defined in section 1125(a) as information of a kind, and in sufficient detail … that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan." *See* 11 U.S.C. § 1125. In making this determination, the Court "cannot overemphasize the debtor's obligation to provide sufficient

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

data to satisfy the Code standard." *Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988).

2.     Argonaut will not repeat the myriad ways in which the Disclosure Statement fails the test of adequacy set forth in other objections, but Argonaut joins in and reserves the right to be heard regarding all aspects of the Disclosure Statement's inadequacy. As detailed in numerous other objections, the Disclosure Statement is insufficient and affirmatively misleading in many ways, including:

- The Debtors assert that the Plan is insurance neutral, but is not; it identifies the Debtors' (and non-debtor affiliates') obligation to pay deductibles and self-insured retentions, but fails to describe how they will be paid;

- The Disclosure Statement does not describe adequately the purported impact of the proposed settlement with Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively "Hartford") on Argonaut or other parties in interest that may have claims that may be covered by Hartford or which have contribution or indemnity rights as to Hartford;

- The Debtors pretend that the Plan will pay only compensable claims, but the Plan would be a vehicle to distribute substantial sums to invalid and non-compensable claims;

- The Disclosure Statement purports to identify all the risks attendant to the Plan, but ignores many risks, while giving short shrift to others.

3.     The Disclosure Statement also fails to explain that no constituency in this case (besides the Debtors) supports the Plan. Argonaut submits that the Plan, which requests the

extraordinary relief of a channeling injunction for present and future claims protecting both Debtors and non-debtors alike, cannot be confirmed. *See, e.g., In re Combustion Eng'g, Inc.*, 391 F.3d 190, 233 (3d Cir. 2004) (concluding that "it is doubtful whether shared insurance would be sufficient grounds upon which to find related-to jurisdiction over independent claims"); *Class Five Nevada Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 658 (6th Cir. 2002) (holding non-consensual injunctions protecting non-debtors appropriate only in "unusual circumstances" where "the impacted class, or classes, has overwhelmingly voted to accept the plan").[2]

4.  Given the Plan's fundamental flaws, it would waste significant time and substantial resources of the parties, including Argonaut, to approve the Disclosure Statement, send out the Plan for balloting, conduct confirmation-related discovery, and hold a confirmation hearing. *See In re American Capital Equipment, LLC*, 688 F.3d 145, 154 (3d Cir. 2012) ("*Skinner II*") (holding "that a bankruptcy court may address the issue of plan confirmation where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile….").

5.  Moreover, as in *Skinner II*, the Plan "sets up a system in which [the debtor] would be 'financially incentivized to sabotage its own defense.'" *Id.* at 158 (citation omitted). Any hope the Debtors have of meeting the numerosity requirement for votes accepting the Plan (to say nothing of the supermajority requirement usually applied in the context of channeling injunctions)

---

[2] That is not to say that every purported claimant should be permitted to vote or necessarily have their votes counted at equal values. Rather, in a case such as this one involving large numbers of dubious or invalid claims, the Debtors should ensure as far as possible that only holders of valid claims vote on the Plan at appropriate values. *Cf. In re Global Industrial Technologies, Inc.*, 645 F.3d 201, 213-14 (3d Cir. 2011) (noting that "the plan's creation of the APG Silica Trust led to a manifest increase in silica-related claims" from 169 prepetition to over 4,600 postpetition). Toward that end, pursuing the type of information sought by *Hartford & Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Docket No. 1971] and *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [Docket No. 1974] would be more useful than pursuing confirmation of the Debtors' ill-fated Plan.

would require approval from – presumably in exchange for further concessions to – a vast swath of claimants with dubious or invalid claims. The Disclosure Statement should explain this dynamic and that such a Plan should not be confirmed. *See In re Global Industrial Technologies, Inc.*, 645 F.3d 201, 214 (3d Cir. 2011) (reversing confirmation order and remanding based on "the Plan-triggered explosion of new claims" and the attendant "investigative burden of finding any meritorious suits in the haystack of potentially fraudulent ones.").

WHEREFORE, Argonaut respectfully requests entry of an order denying approval of the Disclosure Statement; declining to set a confirmation hearing on the Plan or deadlines for confirmation-related discovery; and for such other and further relief as the Court deems just and proper.

Dated: May 6, 2021
Wilmington, DE

Respectfully submitted,

*s/Paul Logan*
POST & SCHELL, P.C.
Paul Logan (No.3339)
300 Delaware Avenue Suite 1380
Wilmington, DE 19801 Phone:
(302) 251-8856 Fax:
(302) 251-8857 E-mail:
plogan@postschell.com

John C. Sullivan (pro hac vice pending)
Kathleen K. Kerns (pro hac vice pending)
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
Phone: (215) 587-1000
E-mail: jsullivan@postschell.com
kkerns@postschell.com

*Attorneys for Argonaut Insurance Company*

## **CERTIFICATE OF SERVICE**

Paul Logan, attorney for Interested Party Argonaut Insurance Company, certifies that on this 6th day of May 2021, he caused the attached Objection to Debtors' Disclosure Statement to be electronically filed with the Court. Service of same will be made upon all counsel via the Court's ECF system.

s/Paul Logan
Paul Logan