# Exhibit A

Court, upon a motion Filed prior to the fourth anniversary or the end of any extension period approved by the Bankruptcy Court (the Filing of which shall automatically extend the term of the Blitz Liquidating Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension is necessary to facilitate or complete the recovery and liquidation of the Blitz Liquidating Trust Assets. The Blitz Liquidating Trust Agreement shall require that each extension be approved by the Bankruptcy Court within six (6) months prior to the conclusion of the extended term. After (a) the final Distribution of the USA Debtors Contingent Claims Cash Reserve and the USA Debtors Disputed Claims Cash Reserve and the balance of the assets or proceeds of the Blitz Liquidating Trust pursuant to the Plan, (b) the Filing by or on behalf of the Blitz Liquidating Trust of a certification of dissolution with the Bankruptcy Court in accordance with the Plan, and (c) any other action deemed appropriate by the Blitz Liquidating Trustee, the Blitz Liquidating Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

**5.14. Full and Final Satisfaction against Blitz Liquidating Trust.** On and after the Effective Date, the Blitz Liquidating Trust shall have no liability on account of any Claims or Equity Interests except as set forth in the Plan and in the Blitz Liquidating Trust Agreement. All payments and all Distributions made by the Blitz Liquidating Trustee under the Plan shall be in full and final satisfaction, settlement, and release of and in exchange for all Claims or Equity Interests against the Blitz Liquidating Trust.

## ARTICLE VI

### INSURANCE-RELATED MATTERS

**6.1. Preservation of Rights and Defenses.** The Blitz Personal Injury Trust shall have, with respect to each Blitz Personal Injury Trust Claim, among other things, all defenses whatsoever under bankruptcy and non-bankruptcy law (including but not limited to all defenses under section 502 of the Bankruptcy Code), affirmative defenses, rights of setoff and recoupment, counterclaims and rights of contribution, reimbursement, subrogation and indemnity (i) that the Protected Parties would have had under applicable law if the holder of such Blitz Personal Injury Trust Claim had asserted such Blitz Personal Injury Trust Claim against one or more of the Protected Parties, and (ii) that the Debtors now have or ever had, except as any of the foregoing may be waived as set forth in the Blitz Personal Injury TDP.

**6.2. Preservation of Rights Under Assigned Blitz Insurance Policies.** The Assigned Blitz Insurance Policies shall be assigned by Debtors to the Blitz Personal Injury Trust, and the Blitz Personal Injury Trust shall assume all of the rights, duties, and obligations of the Debtors, as an insured under the Assigned Blitz Insurance Policies, without any modification of the terms and conditions of the Assigned Blitz Insurance Policies. The Blitz Personal Injury Trust is, and shall be deemed to be, for all purposes, including, without limitation, for purposes of the ownership of any Assigned Blitz Insurance Policy, the successor to the Debtors in respect of Blitz Personal Injury Trust Claims. Neither the Debtors nor any other Entity shall be entitled to any Assigned Blitz Insurance Policy Rights that may be available after the Effective Date. Nothing in the Plan and/or the Blitz Personal Injury Trust Agreement shall impair or otherwise limit any Non-Participating Insurer's right to contest coverage for any Blitz Personal Injury Trust Claim under any applicable Assigned Blitz Insurance Policies. The Allowed Amount of a Blitz Personal Injury Trust Claim shall determine and constitute the liability of the Blitz Personal Injury Trust (as successor for all purposes to the liabilities of the Debtors in respect of Blitz Personal Injury Trust Claims) for all purposes in respect of such Blitz Personal Injury Trust Claim; however, it shall not be deemed to be a judgment or settlement against any Blitz Insurer or any Blitz Insurance Policy. All disputes regarding the nature, extent and/or existence of Assigned Blitz Insurance Policy Rights shall be adjudicated exclusively in coverage litigation not in the Bankruptcy Court. Nothing in the Plan shall be deemed to accelerate any obligations allegedly owed by any Non-Participating Insurer under any applicable Assigned Blitz Insurance Policies.

**6.3. Preservation of Insurance Claims.** The Debtors' release, and the Protected Parties' discharge and release, from all Claims as provided herein shall neither diminish nor impair the enforceability of any of the Assigned Blitz Insurance Policies.

**6.4. No Acceleration of Assigned Blitz Insurance Policy Rights.** Notwithstanding any estimate of the amounts of any Blitz Personal Injury Trust Claims in connection with any aspect of the Plan or these Chapter 11 Cases, no such estimate or valuation shall be binding on any Non-Participating Insurer for any purpose including, without limitation, establishing the amount of any losses under any Assigned Blitz Insurance Policy; determining the amount of any judgment, settlement, or other obligation to pay any Blitz Personal Injury

(41)

Trust Claim under any Assigned Blitz Insurance Policy; a waiver of any Non-Participating Insurer's rights under any Assigned Blitz Insurance Policy or otherwise; or otherwise affecting or triggering any coverage obligations under any Assigned Blitz Insurance Policy. Nothing in the Plan, the Blitz Personal Injury Trust Agreement or the Blitz Personal Injury TDP shall be deemed to accelerate any obligations allegedly owed by any Non-Participating Insurer under any applicable Assigned Blitz Insurance Policy. Notwithstanding any otherwise applicable law to the contrary, the Confirmation Order shall not be deemed to constitute a binding judgment or settlement for purposes of affecting or triggering any coverage obligations under any Assigned Blitz Insurance Policy. Absent an express written agreement by a Non-Participating Insurer to the contrary, (i) no lump sum or accelerated payment under any Assigned Blitz Insurance Policy will be due upon entry of the Confirmation Order or upon allowance of any Blitz Personal Injury Trust Claim; and (ii) any payment obligation allegedly owed to the Blitz Personal Injury Trust by a Non-Participating Insurer under any Assigned Blitz Insurance Policy shall be due when, if ever, a covered Allowed Blitz Personal Injury Trust Claim, is presented to such Non-Participating Insurer and determined to be covered under any Assigned Blitz Insurance Policy, all in accordance with the Blitz Personal Injury Trust Agreement.

**6.5. Reduction of Insurance Judgments.** Any right, claim or cause of action that a Non-Participating Insurer may have been entitled to assert against any Participating Insurer but for the Channeling Injunction, if any such right, claim, or causes of action exist under applicable non-bankruptcy law, shall be channeled to and become a right, claim or cause of action solely as a setoff claim solely against the Blitz Personal Injury Trust and not against or in the name of the Participating Insurer in question. Any such right, claim, or cause of action to which a Non-Participating Insurer may be entitled, shall be solely a setoff against any recovery of the Blitz Personal Injury Trust from that Non-Participating Insurer, and under no circumstances shall that Non-Participating Insurer receive an affirmative recovery of funds from the Blitz Personal Injury Trust or any Participating Insurer for such right, claim, or cause of action. Any setoff in favor of a Non-Participating Insurer shall not constitute a classified or unclassified Claim under the Plan and shall not be subject to or impaired by the Plan. Instead, any setoff shall be determined, calculated and applied solely as a matter of applicable non-bankruptcy law without regard to the Plan or any bankruptcy law or decision.

(42)

6.5.1 Pursuant to section 363(e) of the Bankruptcy Code, as adequate protection for any interest that Non-Participating Insurers may have in the Assigned Blitz Insurance Policies, in the event that a court, arbitrator, or other tribunal with competent jurisdiction over a coverage dispute related to the Assigned Blitz Insurance Policies determines that any Non-Participating Insurer would have been entitled, but for the terms of the Plan and Confirmation Order, to recover from any other Blitz Insurer as a result of such Non-Participating Insurer's claim for contribution, subrogation, indemnification, reimbursement, or other similar claim against such other Blitz Insurer that arises in relation to one or more of the Assigned Blitz Insurance Policies, including any claim for any such other Blitz Insurer's alleged share or equitable share of the defense or indemnity of the Debtors and/or the Blitz Personal Injury Trust, such Non-Participating Insurer's obligations under the Assigned Blitz Insurance Policies shall be reduced, dollar-for-dollar, by the amount of such Non-Participating Insurer's determined claim against such other Blitz Insurer that may be eliminated by the Plan and/or Confirmation Order. Further, nothing in the Plan or Confirmation Order shall prejudice a Non-Participating Insurer's right, as a predicate to being provided with the foregoing adequate protection under section 363(e), to raise as an issue in any dispute arising under the Assigned Blitz Insurance Policies, including any insurance coverage dispute with the Debtors and/or the Blitz Personal Injury Trust, that a Non-Participating Insurer, but for the Confirmation Order, would have had a right to pursue a claim for contribution, subrogation, indemnification, reimbursement or other similar relief against any such other Insurer, which claim may now be barred. Non-Participating Insurers shall not name or be required to name any such other Blitz Insurer as a party to such dispute to assert, effect or otherwise enforce the foregoing right to adequate protection under section 363(e).

6.5.2 In the event that a Non-Participating Insurer either (i) obtains a final binding award (whether by judgment, arbitration award, or other judicial or quasi-judicial proceeding) against any other Blitz Insurer after a contested proceeding, or (ii) agrees to a settlement with any such other Blitz Insurer with the consent of the Debtors and/or the Blitz Personal Injury Trust entitling such Non-Participating Insurer to obtain a sum certain from any other Blitz Insurer as a result of a Non-Participating Insurer's claim for contribution, subrogation, indemnification, reimbursement, or other similar claim against any such other Blitz Insurer that arises in relation to one or more of the Assigned Blitz Insurance Policies for

(43)

its alleged share or equitable share of the defense and/or indemnity of the Debtors and/or the Blitz Personal Injury Trust, then the Debtors and/or the Blitz Personal Injury Trust shall voluntarily reduce such Non-Participating Insurer's obligation under the Assigned Blitz Insurance Policies by the amount of such award or settlement, or return to such Non-Participating Insurer an amount equal to such final award or settlement for claims released pursuant to the Plan and Confirmation Order, which amount shall be sufficient to eliminate such other Blitz Insurer's obligation to satisfy the settlement or award against it.

**6.6. Insurance Agreements.** Except to the extent expressly set forth in section 6.7 of the Plan, nothing contained in the Plan or any negotiations leading up to the Plan shall constitute a waiver of: (i) any claim, right, or cause of action that any of the Debtors, any Additional Insured, any Vendor or the Blitz Personal Injury Trust, as applicable, may have against any Non-Participating Insurer; or (ii) any defense to coverage that any Non-Participating Insurer may have against the Debtors, any Additional Insured, any Vendor, or the Blitz Personal Injury Trust. The discharge and release provisions contained in the Plan shall neither diminish nor impair the duties or obligations of any Non-Participating Insurer under any Assigned Blitz Insurance Policy or agreement relating thereto.

**6.7. Insurance Neutrality.** Notwithstanding any other terms or provisions in the Plan, Confirmation Order, any Plan Document, any finding of fact and/or conclusion of law with respect to the Confirmation of the Plan, or any Final Order or opinion entered on appeal from the Confirmation Order (including any other provision that purports to be preemptory or supervening), the Confirmation Order: (i) shall be without prejudice to the legal, equitable or contractual rights, remedies, claims, exclusions, limitations and/or defenses of any Non-Participating Insurer under any Assigned Blitz Insurance Policies and any other contracts related to the provision of insurance entered into by or issued to any of the Debtors or any of their predecessors that may provide either pre- and/or post-Petition Date insurance coverage for Claims asserted by or against the Debtors; (ii) shall not expand or alter any insurance coverage under any of the Assigned Blitz Insurance Policies, or shall be deemed to create any insurance coverage that does not otherwise exist, if at all, under the terms of the Assigned Blitz Insurance Policies, including, without limitation, insurance coverage for any Debtor or other Entity that is not a named insured under the Assigned Blitz Insurance Policies; (iii) shall not be deemed to

RLF1 9709740v.1

grant to any Entity, other than the Debtors and/or any Vendor, pursuant to the terms of any Assigned Blitz Insurance Policies, any right to sue any Non-Participating Insurer directly, in connection with any Claim, that such Entity did not have under applicable non-bankruptcy law prior to the commencement of the Chapter 11 Cases; (iv) shall not relieve the Debtors, any Vendor (or any other Entity or entity claiming to be an insured under any Assigned Blitz Insurance Policies) from any obligations or duties imposed by any Assigned Blitz Insurance Policies; (v) shall not be construed as an acknowledgment either that the Assigned Blitz Insurance Policies cover or otherwise apply to any Claims or that any Claims are eligible for payment under any of the Assigned Blitz Insurance Policies; (vi) shall not affect, impair or prejudice the claims and/or defenses of any Non-Participating Insurers under any Assigned Blitz Insurance Policies in any manner; (vii) shall not have any *res judicata*, collateral estoppel, or other preclusive effect on, or otherwise prejudice, diminish, impair or affect (under principles of waiver, estoppel, or otherwise) any Non-Participating Insurer's legal, equitable or contractual rights or obligations under any Assigned Blitz Insurance Policies; (viii) shall not constitute an adjudication, judgment, trial, hearing on the merits, finding, conclusion, other determination, or evidence or suggestion of any such determination: (a) establishing the liability (in the aggregate or otherwise) or coverage obligation of any Non-Participating Insurers for any Claims, including, *inter alia*, on the basis of the decision in *UNR Industries, Inc. v. Continental Casualty Co.*, 942 F.2d 1101 (7th Cir. 1991); and/or (b) establishing the liability or obligation of the Debtors, the Blitz Personal Injury Trust and/or the Blitz Liquidating Trust with respect to any Claim.

**6.7.1** The Plan shall not, and is not intended to, modify any of the rights or obligations of Non-Participating Insurers or the Debtors under the Assigned Blitz Insurance Policies; and the Debtors, and/or the Blitz Personal Injury Trust shall remain bound by all of the terms, conditions, limitations and/or exclusions contained in the Assigned Blitz Insurance Policies, which shall continue in full force and effect. Notwithstanding anything contained in the Plan, the Confirmation Order or any Plan Document to the contrary, to the extent that there is an inconsistency between any of the Assigned Blitz Insurance Policies, and any provision of the Plan, the Confirmation Order or any Plan Document, the terms of the Assigned Blitz Insurance Policies, shall control; and the rights and/or obligations of Non-Participating Insurers shall be determined under, and in accordance with, the Assigned Blitz Insurance Policies, any Insurance Settlement Agreements and/or applicable law, as the case may be; *provided,*

(45)

*however,* that nothing in section 6.7 of the Plan shall preclude the effectiveness of the Channeling Injunction or shall affect or limit, or be construed as affecting or limiting, the protection afforded to the Protected Parties under the Channeling Injunction, or shall affect or limit, or be construed as affecting or limiting the releases, covenants and/or agreements in the Blitz Personal Injury Trust Agreement (or any releases granted in connection therewith).

## ARTICLE VII

## INJUNCTIONS AND RELEASES

### 7.1. Term of Certain Injunctions and Automatic Stay.

**7.1.1** All of the injunctions (which do not include the Injunctions, as defined in the Plan) and/or automatic stays provided for in or with respect to these Chapter 11 Cases, whether pursuant to section 105, section 362 or any other provision of the Bankruptcy Code or other applicable law, in existence immediately prior to the Confirmation Date shall remain in full force and effect until the Injunctions (as defined in the Plan) provided for by the Plan become effective. In addition, on and after the Confirmation Date, the Proponents, with the consent of all the Settling Parties, may seek such further orders as they deem necessary to preserve the *status quo* during the time between the Confirmation Date and the Effective Date.

**7.1.2** Each of the Injunctions shall become effective on the Effective Date and shall continue to be effective at all times thereafter. Notwithstanding anything to the contrary contained in the Plan, all actions in the nature of those to be enjoined by the Injunctions shall be enjoined or stayed during the period between the Confirmation Date and the Effective Date.

**7.1.3** On and after the Confirmation Date but prior to the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively or otherwise) on account of or respecting any Claim, debt, right or cause of action of the Debtors which the Debtors retain sole and exclusive authority to pursue in accordance with Section 12.1.4 of the Plan.

### 7.2. Releases.

**7.2.1 Releases by Debtors and Estates.** *For good and valuable consideration, including without limitation, (a) the Insurance Settlement Payment and Wal-*

(46)

RLF1 9709740v.1