# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
### Debtor

*(Complete if issued in an adversary proceeding)*

_____
### Plaintiff
### v.
_____
### Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
1209 Orange Street, Wilmington, DE 19801*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Rachel Mersky*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Coalition of Abused Scouts for Justice,  who issues or requests this subpoena, are:  Rachel Mersky, Monzack Mersky & Browder, P.A.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT 1

## DEFINITIONS

For the purposes of the Subpoena and these Requests for Production, the following Definitions shall apply:

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      The term "Abuse" shall have the meaning provided in the Plan.

3.      The term "Abuse Claim" shall have the meaning provided in the Plan.

4.      The term "Abuse Claimant" shall mean the party asserting an Abuse Claim.

5.      The term "ACE" shall mean ACE Limited and its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, predecessors and/or successors.

6.      The term "Bates White" shall mean Bates White, the Debtors' estimation expert.

7.      The term "Century" shall mean Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, representatives, affiliates, subsidiaries, predecessors and/or successors.

8. The term "Chapter 11 Cases" shall mean the chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC pending before the United States Bankruptcy Court for the District of Delaware.

9. The term "Chubb" shall mean Chubb Group Holdings, Inc. and its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, predecessors and/or successors, including, without limitation, Chubb Limited and all North America business segments, including, without limitation, the North America Commercial P&C Insurance business segment.

10. The term "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

11. The term "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

12. The term "Debtors" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

13.     The term "Disclosure Statement" shall mean the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

14.     The term "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.  When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes

only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

15.     The term "<u>Estimation Motion</u>" shall mean the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* [Docket No. 2391].

16.     The term "<u>GL87</u>" shall mean the general liability reinsurance agreement between Century as the reinsurer and other ceding companies regarding losses from direct general liability policies issued prior to January 1, 1987.

17.     The term "<u>Hartford</u>" shall mean Hartford Accident and Indemnity Company, First State Insurance Company, and Twin City Fire Insurance Company, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

18.     The term "<u>Hartford Settlement</u>" shall mean that certain *Settlement Agreement and Release* [Docket No. 2624, Ex. A].

19.     The term "<u>Hearing</u>" shall mean any hearing on the Motion.

20.     The term "<u>INA</u>" shall mean Insurance Company of North America.

21.     The term "<u>INA Policies</u>" shall mean all Insurance Policies entered into between the Insurance Company of North America and the Debtors between 1962 and 1982.

22.     The term "Insurance Policy" shall mean any policy detailing the terms and conditions of a contract of insurance, including all rights and benefits thereunder, and the proceeds thereof.

23.     The term "IV Files" shall mean any Documents that identify individuals associated with the Debtors accused of Abuse, including those records and files referred to as "ineligible volunteer" or "perversion" files.

24.     The term "Motion" shall mean the *Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 2295].

25.     The term "Petition Date" shall mean February 18, 2020.

26.     The term "Plan" shall mean *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592].

27.     The term "Prepetition" shall mean occurring prior to the Petition Date.

28.     The term "Settlement" shall mean any Prepetition settlement or other resolution of an Abuse Claim.

29.     The term "Settlement Trust" shall have the meaning provided in the Plan.

30.     The term "Type of Abuse Categories" shall mean the following categories of Abuse: (a) penetration; (b) oral sex; (c) masturbation; (d) fondling/groping; (e) touching – bare skin; (f) touching – over the clothes; (g) non-touching; and (h) other aggravating factors.

31. The term "<u>Verdict</u>" shall mean any Prepetition verdict, judgment, award or decision of a court, arbitrator, mediator or similar tribunal Concerning an Abuse Claim.

32. The term "<u>XOL Agreement</u>" shall mean the aggregate excess of loss agreement referenced in the 1996 Transaction.

33. The terms "<u>You</u>" or "<u>Your</u>" and variants thereof mean Chubb.

34. The term "<u>1996 Transaction</u>" shall mean (1) all transactions related to the 1995 plan for a partial re-arrangement of INA Financial Corporation (as referenced in the February 7, 1996 decision and order of the Insurance Commissioner of the Commonwealth of Pennsylvania in *In Re: Plan of Restructuring of INA Financial Corporation, et al.*); (2) all transactions relating to the February 7, 1996 decision and order of the Insurance Commissioner of the Commonwealth of Pennsylvania in *In Re: Plan of Restructuring of INA Financial Corporation, et al.*); and (3) all transactions relating to the January 28, 2011 amended order of the Insurance Commissioner of the Commonwealth of Pennsylvania in *In re: Application of ACE USA to Amend the Order of February 7, 1996 re the Plan of Restructuring of INA Financial Corporation, et al.*

35. The term "<u>1999 Transaction</u>" shall mean the ACE Limited's 1999 acquisition of Cigna Corporation's international and domestic property and casualty business, the Insurance Company of North America.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions, and for purposes of these Requests for Production, the following Instructions shall be followed:

1. Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production herein, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems (including, without limitation, Gmail, Yahoo, etc.).

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes:  servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying

machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7. Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

8. Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9. Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

  a.  Identify the type, title and subject matter of the Document;

  b.  State the place, date, and manner of preparation of the Document;

  c.  Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

  d.  Identify the legal privilege(s) and the factual basis for the claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.   In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond

to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.     All Documents produced in response to the Subpoena shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.

Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("OCR") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2. <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3. <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Coalition, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.     Emails and Attachments, and Other Email Account-Related Documents:   All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Coalition.

5.     Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Coalition to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams.   Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.     XML format file(s);

b.     Microsoft SQL database(s);

c.     Access database(s); and/or

d.     fixed or variable length ASCII delimited files.

6.     Spreadsheets, Multimedia, and Non-Standard File Types:   All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a

native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7. <u>"Other" Electronic Documents</u>: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8. <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## **DOCUMENT REQUESTS**

1.      All Communications between Chubb and the Debtors Concerning the Motion, the Estimation Motion, the Plan, the Disclosure Statement, the Hartford Settlement, or any actual or proposed settlements of Century's or Hartford's coverage obligations to the Debtors, including any drafts thereof.

RESPONSE:


2.      All Communications between Chubb and any other insurer (including, without limitation, Century or Hartford) Concerning the Motion, the Estimation Motion, the Plan, the Disclosure Statement, or the Hartford Settlement, including any drafts thereof.

RESPONSE:


3.      All Communications between Chubb and the Debtors wherein Chubb, directly or indirectly, has taken any position with respect to insurance coverage for any Abuse Claim other than to accept coverage without reservation (including any position that there has been a failure to cooperate).

RESPONSE:


4.      Documents sufficient to show all liabilities concerning the Debtors that Chubb assumed in connection with the 1996 Transaction.

RESPONSE:

5.     All exhibits referenced in the Insurance Commissioner of the Commonwealth of Pennsylvania's February 7, 1996 Order in *In re Plan of Restructuring of INA Financial Corporation, Bankers Standard Insurance Company, et al.*

RESPONSE:


6.     All Documents submitted to any regulator, including without limitation the Pennsylvania Insurance Department, in connection with the 1996 Transaction.

RESPONSE:


7.     Documents sufficient to show all liabilities concerning the Debtors that Chubb or ACE assumed in connection with the 1999 Transaction.

RESPONSE:


8.     All Documents submitted to any regulator, including without limitation the Pennsylvania Insurance Department, in connection with the 1999 Transaction.

RESPONSE:


9.     Documents sufficient to show which entities (including, without limitation, Century, Chubb, and any related entities) are financially responsible for the liabilities arising under the INA Policies.

RESPONSE:


10.     Documents sufficient to show the financial condition of each entity (including, without limitation, Century, Chubb, and any related entities) that is financially responsible for

the liabilities arising under the INA Policies, including documentation regarding the ability (or limited ability) of such entity to pay claims arising under the INA Policies.

RESPONSE:

11.     Documents sufficient to identify any reinsurance recoverables that are triggered by or may become available as liabilities arise under the INA Policies or under any Insurance Policies.

RESPONSE:

12.     Documents sufficient to show all liabilities that Chubb has concerning any Insurance Policies that the Debtors are proposing to contribute to the Settlement Trust under the Plan.

RESPONSE:

13.     Documents sufficient to show Chubb's financial ability to satisfy its obligations under any Insurance Policies that the Debtors are proposing to contribute to the Settlement Trust under the Plan.

RESPONSE:

14.     Any Document that requires Chubb to contribute capital, funding, or financial support to Century or any entity that may be financially responsible for any liabilities arising under the INA Policies.

RESPONSE:

15.     All Documents indicating that any liabilities arising under the INA Policies cannot or may not be paid in full.

RESPONSE:


16.     Documents sufficient to show all instances, if any, where You contend that the Debtors have not complied with any conditions or obligations or cooperation clauses under any Insurance Policy that Chubb alleges has provided it with the right to deny coverage for Abuse Claims.

RESPONSE:


17.     Documents sufficient to identify Abuse Claims against the Debtors or any other insureds that Chubb has paid or agreed to pay defense costs or indemnity on behalf of Debtors or any other insureds, including Documents sufficient to identify the INA Policy, the name of the claimant, the Type of Abuse Categories, the amount paid for such claim, and whether the amount paid was for indemnity or defense costs.

RESPONSE:


18.     Documents sufficient to identify Abuse Claims against the Debtors or any other insureds that Chubb denied or otherwise reserved rights with respect to coverage, including Documents that support Your denial or reservation of rights and Documents sufficient to identify the INA Policy, the case caption for the claim You denied or otherwise reserved rights, the name of the claimant and the monetary amount alleged in such claim.

RESPONSE:

19.     Documents sufficient to identify each Settlement of an Abuse Claim, including the following information with respect to each such Settlement:

a.     All complaints or statement of claims associated with each Settlement, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction, and plaintiff's counsel;

b.     The stage of the proceeding at the time of the Settlement;

c.     Amount of settlement of the Abuse Claim, including total settlement amount and all sub-components of economic and non-economic settlement amounts;

d.     Roster(s) of scout troops associated with the Abuse Claim;

e.     Information which would be responsive to any and all questions contained in Parts 2 – 6 of the "Sexual Abuse Survivor Proof of Claim" form (attached hereto as Appendix A), not limited to but including the following:

i.     Type(s) of Abuse at issue in the Abuse Claim, utilizing the Type of Abuse Categories or specifically describing the type of Abuse if not specifically delineated therein;

ii.     Number of instances of Abuse at issue in the Abuse Claim;

iii.     Year(s) of occurrence of Abuse at issue in the Abuse Claim;

iv.     Age of Abuse Claimant at time of Abuse at issue in the Abuse Claim;

v.     Identity of each defendant or party against which the Abuse Claim was asserted, including the alleged perpetrator, local council and/or chartered sponsoring organization, as applicable;

vi.     State, city and county in which each instance of Abuse at issue in the Abuse Claim occurred; and

vii.     Any other information or data collected, compiled or maintained by You in connection with the Abuse Claim, including information with respect to the Abuse Claimant, the alleged abuser, their respective backgrounds or histories related or relevant to the abuse allegations, and Your knowledge of the same.

f.     The number of accusations (aside from the Abuse Claim at issue) brought against the accused abuser;

g.     The date of the Settlement and any payments made in connection therewith;

h.     Identity of source(s) of payment of Settlement amount, including if the Settlement was paid in whole or in part from proceeds of an Insurance Policy, the identity of the Insurance Policy and insurance carrier; and

i.     Copies of documentation of the Settlement, including any court order approving the same.

RESPONSE:


20.     Documents sufficient to identify each Verdict in favor of an Abuse Claimant, including the following information with respect to each such Verdict:

a.     All complaints associated with each Verdict, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction, and plaintiff's counsel;

b.     Amount of award pursuant to the Verdict, including total award amount and all sub-components of economic and non-economic award amounts per Verdict;

c.     The stage of the proceeding at the time of the Verdict;

d.      Roster(s) of scout troops associated with the Abuse Claim;

e.      Information which would be responsive to any and all questions contained in Parts 2 – 6 of the "Sexual Abuse Survivor Proof of Claim" form (attached hereto as Appendix A), not limited to but including the following:

i.      Type(s) of Abuse at issue in the Abuse Claim, utilizing the Type of Abuse Categories or specifically describing the type of Abuse if not specifically delineated therein;

ii.      Number of instances of Abuse at issue in the Abuse Claim;

iii.      Year(s) of occurrence of Abuse at issue in the Abuse Claim;

iv.      Age of Abuse Claimant at time of Abuse at issue in the Abuse Claim;

v.      Identity of each defendant or party against which the Abuse Claim was asserted, including the alleged perpetrator, local council and/or chartered sponsoring organization, as applicable;

vi.      State, city and county in which each instance of Abuse at issue in the Abuse Claim occurred; and

vii.      Any other information or data collected, compiled or maintained by You in connection with the Abuse Claim, including information with respect to the Abuse Claimant, the alleged abuser, their respective backgrounds or histories related or relevant to the abuse allegations, and Your knowledge of the same.

f.      The number of accusations (aside from the Abuse Claim at issue) brought against the accused abuser;

g.      The date of the Verdict and any payments made in connection therewith;

20

h.     Identity of source(s) of payment of Verdict, including if the Verdict was paid in whole or in part from proceeds of an Insurance Policy, the identity of the Insurance Policy and insurance carrier; and

i.     Copies of documentation of the Verdict.

<u>RESPONSE</u>:

21.    Documents sufficient to identify each Verdict in favor of the defense concerning an Abuse Claim, including the following information with respect to each such Verdict:

a.     All complaints associated with each Verdict, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction, and plaintiff's counsel;

b.     Amount of Abuse Claim subject to the Verdict, including total amount of Abuse Claim and all sub-components of economic and non-economic amount of Abuse Claim;

c.     The stage of the proceeding at the time of the Verdict;

d.     Roster(s) of scout troops associated with the Abuse Claim;

e.     Information which would be responsive to any and all questions contained in Parts 2 – 6 of the "Sexual Abuse Survivor Proof of Claim" form (attached hereto as Appendix A), not limited to but including the following:

i.     Type(s) of Abuse at issue in the Abuse Claim, utilizing the Type of Abuse Categories or specifically describing the type of Abuse if not specifically delineated therein;

ii.     Number of instances of Abuse at issue in the Abuse Claim;

iii.     Year(s) of occurrence of Abuse at issue in the Abuse Claim;

iv.     Age of Abuse Claimant at time of Abuse at issue in the Abuse Claim;

21

v.      Identity of each defendant or party against which the Abuse Claim was asserted, including the alleged perpetrator, local council and/or chartered sponsoring organization, as applicable;

vi.      State, city and county in which each instance of Abuse at issue in the Abuse Claim occurred; and

vii.      Any other information or data collected, compiled or maintained by You in connection with the Abuse Claim, including information with respect to the Abuse Claimant, the alleged abuser, their respective backgrounds or histories related or relevant to the abuse allegations, and Your knowledge of the same.

f.      The number of accusations (aside from the Abuse Claim at issue) brought against the accused abuser;

g.      The date of the Verdict and any payments made in connection therewith;

h.      If the defense of the Abuse Claim was covered by an Insurance Policy, the identity of the Insurance Policy and insurance carrier; and

i.      Copies of documentation of the Verdict.

RESPONSE:


22.      All Documents concerning an Abuse Claim that is not otherwise covered by Requests for Production 19 through 21, including the following information with respect to each such Abuse Claim:

a.      Any complaints or statements of claim associated with each Abuse Claim, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction, and plaintiff's counsel;

b.      Amount of the Abuse Claim, including total amount of the Abuse Claim

and all sub-components of economic and non-economic amount of Abuse Claim;

      c.      Roster(s) of scout troops associated with the Abuse Claim;

      d.      Information which would be responsive to any and all questions contained in Parts 2 – 6 of the "Sexual Abuse Survivor Proof of Claim" form (attached hereto as Appendix A), not limited to but including the following:

      i.      Type(s) of Abuse at issue in the Abuse Claim, utilizing the Type of Abuse Categories or specifically describing the type of Abuse if not specifically delineated therein;

      ii.      Number of instances of Abuse at issue in the Abuse Claim;

      iii.      Year(s) of occurrence of Abuse at issue in the Abuse Claim;

      iv.      Age of Abuse Claimant at time of Abuse at issue in the Abuse Claim;

      v.      Identity of each defendant or party against which the Abuse Claim was asserted, including the alleged perpetrator, local council and/or chartered sponsoring organization, as applicable;

      vi.      State, city and county in which each instance of Abuse at issue in the Abuse Claim occurred; and

      vii.      Any other information or data collected, compiled or maintained by You in connection with the Abuse Claim, including information with respect to the Abuse Claimant, the alleged abuser, their respective backgrounds or histories related or relevant to the abuse allegations, and Your knowledge of the same.

      e.      The number of accusations (aside from the Abuse Claim at issue) brought against the accused abuser;

f.      If the defense of the Abuse Claim was covered by an Insurance Policy, the identity of the Insurance Policy and insurance carrier;

g.      Any payments made in connection with the Abuse Claim, and the amounts, sources and dates of any such payments; and

h.      Copies of documentation of the Abuse Claim.

<u>RESPONSE</u>:

23.      All IV Files.

<u>RESPONSE</u>:

24.      All Documents prepared by the Debtors or Bates White Concerning Abuse Claims provided to You.

<u>RESPONSE</u>:

25.      All Documents Concerning Abuse Claims provided by You to the Debtors or Bates White.

<u>RESPONSE</u>:

26.      All Documents, including expert reports, provided to You from the Debtors or Abuse Claimants or Concerning Abuse Claims that assert or ascribe a value to an Abuse Claim.

<u>RESPONSE</u>:

27.      All Communications between Century or Chubb and Century's reinsurers concerning Abuse Claims.

<u>RESPONSE</u>:

28. Documents sufficient to identify the loss reserves Chubb has currently established for Abuse Claims for the Debtors and adjustments to the loss reserves made on or after the Petition Date.

RESPONSE:


29. Documents sufficient to identify the amount of Chubb's reserves set for Abuse Claims prior to and at the time of the 1996 Transaction, including the dates on which such reserves were set and the factual and legal bases therefor.

RESPONSE:


30. Documents sufficient to identify all parents, subsidiaries and affiliates of Chubb, directly or indirectly.

RESPONSE:


31. Documents sufficient to identify all financial contributions to Century since 2011 made by Chubb INA Holdings or Brandywine Holdings and the date and amount of any such contribution.

RESPONSE:


32. Documents sufficient to identify on an annual basis each capital contribution paid by You and received by You.

RESPONSE:


33. Documents sufficient to identify each payment under the GL87 agreement by You

and to You.

RESPONSE:

34.     Each Insurance Policy under which Chubb provides coverage for Abuse Claims against the Debtors or any other proposed Protected Party under the Debtors' proposed Plan.

RESPONSE:

35.     Each Insurance Policy under which Chubb provides coverage for Abuse Claims against the Debtors.

RESPONSE:

36.     All Communications regarding the 1996 Transaction between You and the Debtors or any policy holders of INA Policies.

RESPONSE:

37.     Your most recent NAIC triennial examination.

RESPONSE:

38.     All Documents Chubb intends to rely on at the Hearing or in connection with the estimation on Abuse Claims, whether in the context of the Estimation Motion or otherwise.

RESPONSE:

39.     All Documents Concerning the Hartford Settlement.

RESPONSE:

64049232 v1

# APPENDIX A TO EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## SEXUAL ABUSE SURVIVOR PROOF OF CLAIM

This Sexual Abuse Survivor Proof of Claim must be submitted and received by **5:00 p.m. (Eastern Time)** on **November 16, 2020**. Please carefully read the following instructions included with this SEXUAL ABUSE SURVIVOR PROOF OF CLAIM and complete ALL applicable questions to the extent of your knowledge or recollection. If you do not know the answer to an open-ended question, you can write "I don't recall" or "I don't know." If a question does not apply, please write "N/A." If you are completing this form in hard copy, please write or type clearly using blue or black ink.

The Sexual Abuse Survivor Proof of Claim must be delivered to Omni Agent Solutions, the Court-approved claims and noticing agent (the "Claims Agent"), by either:

(i)     Hand delivery, first class mail, or courier the *original* proof of claim to: BSA Abuse Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, so that it is *received* on or before **November 16, 2020 at 5:00 p.m. (Eastern Time)**;[2] or

(ii)    Electronically using the interface available at: www.OfficialBSAClaims.com on or before **November 16, 2020 at 5:00 p.m. (Eastern Time)**.

Sexual Abuse Survivor Proofs of Claim sent by email or facsimile transmission **will not** be accepted.

"You" and/or "Sexual Abuse Survivor" refers to the person asserting a Sexual Abuse Claim against the Boy Scouts of America ("BSA") related to the Sexual Abuse Survivor's sexual abuse. For this claim to be valid, the Sexual Abuse Survivor must sign this form. If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate. If the Sexual Abuse Survivor is a minor, the form must be signed by the survivor's parent or legal guardian or attorney. Any Sexual Abuse Survivor Proof of Claim signed by a representative or legal guardian must attach documentation establishing such person's authority to sign the claim for the Sexual Abuse Survivor.

| **Who Is a Sexual Abuse Survivor?** |
|---|

For purposes of this Sexual Abuse Survivor Proof of Claim, the term **Sexual Abuse Survivor** refers to a person who was sexually abused *before* turning eighteen (18) years of age.

| **Who Should File a Sexual Abuse Survivor Proof of Claim?** |
|---|

This Sexual Abuse Survivor Proof of Claim is only for people who were sexually abused before turning eighteen (18) years of age and where the sexual abuse (defined below) occurred <u>on or before February 18, 2020</u>. This Sexual Abuse Survivor Proof of Claim

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] If you are mailing your Sexual Abuse Survivor Proof of Claim, do not attach original documents with your Sexual Abuse Survivor Proof of Claim.

is the way you assert an unsecured claim against BSA seeking damages based on Scouting-related sexual abuse. Any person asserting a claim based on anything other than childhood sexual abuse should use the General Proof of Claim form (official bankruptcy form 410).

| **What Is Sexual Abuse?** |
|---|

For the purposes of this Sexual Abuse Survivor Proof of Claim, **sexual abuse** means, with respect to a child under the age of eighteen (18) at the time of the sexual abuse, sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether the child thought the behavior was sexual abuse at the time. Sexual abuse includes behavior between a child and an adult and between a child and another child, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether the child associated the abuse with any physical, psychological, or emotional harm. It involves behaviors including penetration or fondling of the child's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's naked body, showing or making pornography, or having children behave in sexual behavior as a group.

If you have a claim arising from sexual abuse and you were at least eighteen (18) years of age at the time the sexual abuse began or if you have a claim arising from other types of abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing, you should consult the *Notice of Deadlines Requiring Filing of Proof of Claim* and file a General Proof of Claim (Official Bankruptcy Form 410).

For the avoidance of doubt, if you have a claim for sexual abuse and you were a child under the age of eighteen (18) when the sexual abuse began you must complete this form.

| **You May Wish to Consult an Attorney Regarding This Matter.** |
|---|

You may also obtain information from the Claims Agent by: (1) calling toll free at 866-907-2721, (2) emailing at BSAInquiries@omniagnt.com, or (3) visiting the case website at www.OfficialBSAClaims.com (do not contact the Claims Agent for legal advice).

| **What If I Don't File on Time?** |
|---|

**Failure to complete and return this Sexual Abuse Survivor Proof of Claim by November 16, 2020 at 5:00 p.m. (Eastern Time) may result in your inability to vote on a plan of reorganization and/or to receive a distribution from this bankruptcy for sexual abuse related to BSA.**

| **Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.** |
|---|

| **PART 1: CONFIDENTIALITY** |
|---|

Unless you indicate below, your identity and your Sexual Abuse Survivor Proof of Claim will be kept **underline confidential**, under seal, and outside the public record. However, information in this Sexual Abuse Survivor Proof of Claim will be confidentially provided, pursuant to Court-approved guidelines, to the Debtors, the Debtors' counsel and retained advisors, certain insurers of BSA, the Tort Claimants' Committee, counsel to the Ad Hoc Committee of Local Councils (with personally identifiable information redacted), individual Local Councils solely with respect to Sexual Abuse Claims asserted against them, attorneys at the Office of the United States Trustee for the District of Delaware, the Future Claimants' Representative, the Court, and confidentially to such other persons that the Court determines need the information in order to evaluate the claim. Information in this Sexual Abuse Survivor Proof of Claim may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions.

**This Sexual Abuse Survivor Proof of Claim (along with any accompanying exhibits and attachments) will be maintained as underline confidential unless you expressly request that it be publicly available by checking the "public" box and signing below.**

| ☐ | **PUBLIC**: I want my identity and this Sexual Abuse Survivor Proof of Claim (together with any exhibits and attachments) to be made part of the official claims register in these cases. **My claim will be available for review by any and all members of the public.** |
|---|---|

| Signature: | _____ |
| --- | --- |
| Print Name: | _____ |

## PART 2: IDENTIFYING INFORMATION

### A.    Identity of Sexual Abuse Survivor

First Name _____ Middle Initial _____ Last Name _____ Jr/Sr/III _____

Mailing Address (If Sexual Abuse Survivor is incapacitated, is a minor, or is deceased, provide the address of the individual submitting the claim. If you are in jail or prison, provide the address of your place of incarceration):

| Number and Street: | | | | | |
| --- | --- | --- | --- | --- | --- |
| City: | | State: | | Zip Code: | |
| Country (not USA): | | Email Address: | | | |
| Telephone (Home): | | Telephone (Cell): | | | |

For communications regarding this claim you may use (check the appropriate boxes):

Email ☐    US Mail ☐    Home Voicemail ☐    Cell Voicemail ☐    Counsel listed below ☐

Social Security Number of Sexual Abuse Survivor (last four digits <u>only</u>):  XXX-XX-__ __ __ __

If the Sexual Abuse Survivor is in jail or prison, provide the Sexual Abuse Survivor's identification number: _____

Birthdate of Sexual Abuse Survivor (only the month and year): (MM/YYYY):  __ __ / __ __ __ __

Any other name, or names, by which the Sexual Abuse Survivor has ever been known: _____

_____

Gender of Sexual Abuse Survivor:  Male ☐        Female ☐        Other (specify) _____

### B.    If you have hired an attorney relating to the sexual abuse described in this Sexual Abuse Survivor Proof of Claim, please provide his or her name and contact information:

| Law Firm Name: | | | | | |
| --- | --- | --- | --- | --- | --- |
| Attorney's Name: | | | | | |
| Internal Claim or Claimant Identifier (if applicable): | | | | | |
| Number and Street: | | | | | |
| City: | | State: | | Zip Code: | |
| Country (not USA): | | Email Address: | | | |
| Telephone (Work): | | Fax No. | | | |

**A.** **Marital/Domestic Partner History:**

    a.  Have you ever been married?    Yes ☐    No ☐

    b.  If yes, please provide:

          i.  Length of time you were/have been married: _____

          ii.  Current marital status: _____

    c.  If your marriage has ended, please specify whether your marriage ended by: divorce ☐ or death of your spouse ☐

**B.** **Education History:**

    a.  What is your highest level of education completed or degree obtained?

    High School ☐   Associates ☐   Bachelors ☐ Masters ☐  Doctoral ☐  Other _____

    b.  Educational institution(s): _____

**C.** **Employment:**

    a.  What is your current employment status:

      ☐ Employed – Occupation: _____

      ☐ Retired – Former Occupation: _____

      ☐ Unemployed – Former Occupation: _____

      ☐ Disabled – Former Occupation: _____

      ☐ Other: _____

**D.** **Military service:**

    a.  Have you ever served in the military? Yes ☐    No ☐

    b.  If yes, please provide the following information:

    c.  Branch(es) of service: _____

    d.  Years of service in each: _____

    e.  Rank at discharge for each: _____

    f.  Nature of discharge for each (e.g., honorable): _____

         _____

         _____

**E.** **Involvement with Scouting:**

    a.  Have you ever been affiliated with Scouting and/or a Scouting program?

Yes ☐        No ☐

b.  When were you involved with Scouting? _____

_____

c.  What type of Scouting unit (i.e., troop) were you involved with, and, if you recall, when you were involved and what was your troop or unit number?

☐  Boy Scouts _____

☐  Cub Scouts _____

☐  Exploring Scouts _____

☐  Sea Scouts _____

☐  Venturing _____

☐  Other (please explain your involvement with Scouting):

_____

_____

_____

_____

_____

| PART 4: NATURE OF THE SEXUAL ABUSE |
|---|

**(Attach additional sheets if necessary)**

**For each of the questions listed below, please complete your answers <u>to the best of your recollection</u>.**

**Note:** If you have previously filed a lawsuit about your Scouting-related sexual abuse in state or federal court, you may attach a copy of the complaint. If you have not filed a lawsuit, or if the complaint does not contain all of the information requested below, you must provide the information below to the extent of your recollection.

Please answer each of the following questions to your best ability. If you do not know or recall, please so indicate.

If you are the survivor of sexual abuse by more than one sexual abuser, please respond to each of the questions in this Part 4 for each sexual abuser.

A.  Please answer "Yes" or "No" to each of the following:

i.  Were you sexually abused by more than one person?   Yes ☐      No ☐

ii.  Were you sexually abused in more than one state?   Yes ☐      No ☐

B.  Please name each person who sexually abused you in relation to your involvement in Scouting. ("Scouting" includes Cub Scouts, Boy Scouts, Exploring Scouts, Sea Scouts and Venturing.)

If you do not remember the name of the sexual abuser(s), provide as much identifying information about the sexual abuser(s) that you can recall, such as their approximate age and their relationship to Scouting (e.g., the Scoutmaster of Troop 100, another Troop member of Troop 200, camp staff member, etc.).

_____

_____

_____

_____

C.    Other than the sexual abuser(s), please identify any person(s) you can remember who were leaders or other adults involved in your Scouting unit or the camp(s) you attended.

_____

_____

_____

D.    What was each sexual abuser's position, title, or relationship to you in Scouting (check all that apply)?

☐ Adult Scout leader in my Scouting unit

☐ Adult Scout leader not in my Scouting unit

☐ Youth Scout in my Scouting unit

☐ Youth Scout not in my Scouting unit

☐ Camp personnel (e.g., camp staff) not in my Scouting unit

☐ I don't know

☐ Other (please explain why you believe the person(s) who sexually abused you had a relationship with Scouting):

_____

_____

_____

E.    Where were you at the time you were sexually abused (city, state, territory and/or country)?

_____

F.    What was the type of Scouting you were involved with during the sexual abuse (check all that apply)?

☐ Boy Scouts

☐ Cub Scouts

☐ Exploring Scouts

☐ Venturing

☐ Sea Scouts

☐ Other (please explain why you believe you had a connection to Scouting during the sexual abuse):

G.     What was the Scouting unit number and physical location (city, state, territory and/or country) of the Scouting unit(s) or provisional troop you were in during the time of the sexual abuse?

H.     What was the name and location (city, state, territory and/or country) of the organization that chartered or sponsored your Scouting unit, including the organization that hosted meetings of your Scouting unit, during the time of the sexual abuse (e.g., church, school, religious institution, or civic group)?

(Note that such organizations are not currently parties to the bankruptcy so if you believe you may have a claim against any such organization you must take additional action to preserve and pursue any such claim.)

I.     What was the name of the BSA Local Council(s) affiliated with your Scouting unit(s), any Boy Scout camp or other Scouting activity during the time of the sexual abuse?

(Note that such BSA Local Councils are not currently parties to the bankruptcy so if you believe you may have a claim against any such BSA Local Council(s) you must take additional action to preserve and pursue any such claim.)

J.     In which of the following places did the sexual abuse take place?  Check all that apply.

☐    At or in connection with a Scout meeting.

☐    At or in connection with a Scout camp.

☐    At or in connection with another Scouting-related event or activity (please explain):

_____

☐    Other (please explain – for example, schools, churches, cars, homes or other locations):

_____

_____

_____

K.     When did the first act of sexual abuse take place? If you do not remember the calendar date, what school grade were you in at the time and what season of the year was it (spring, summer, fall, winter), and what age were you when it started?  If the sexual abuse took place over a period of time, please state when it started and when it stopped.  If you were sexually abused by more than one sexual abuser indicate when the sexual abuse by each of the sexual abusers started and stopped.

L.     Please describe what happened to you.  You can provide a description in your own words and/or use the checkboxes below.

i.     About how many times were you sexually abused?

☐ I was sexually abused once.

☐ I was sexually abused more than once.

If you were sexually abused more than once, please state how many times (if you recall): _____

---

M. Please describe what happened to you. You can provide a description in your own words and/or use the checkboxes below. (Check all that apply.) **Please note that the boxes are not meant to limit the characterization or description of your sexual abuse.**

i. What did the sexual abuse involve?

☐ The sexual abuse involved touching outside of my clothing.

☐ The sexual abuse involved touching my bare skin.

☐ The sexual abuse involved fondling or groping.

☐ The sexual abuse involved masturbation.

☐ The sexual abuse involved oral copulation / oral sex.

☐ The sexual abuse involved the penetration of some part of my body.

ii. Did any of the following occur in connection with the sexual abuse:

☐ The acts of sexual abuse against me also involved other youth.

☐ The sexual abuse involved photographs or video.

☐ Even though I did not want it, my body responded sexually to the sexual abuse.

☐ The sexual abuse involved actual or implied threats of violence or other adverse consequences if I disclosed the sexual abuse.

☐ The sexual abuse involved gifts, privileges, experiences, and other rewards or bribes in addition to the activities and awards normally part of Scouting.

☐ The sexual abuser(s) made my family think they could be trusted.

☐ At the time of the sexual abuse, my family or I had significant financial, social, behavioral or other challenges.

If you wish to provide a narrative, please describe the sexual abuse in as much detail as you can recall in the lines below. You may attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

N.    Did you or anyone on your behalf tell anyone involved in Scouting about the sexual abuse at or about the time of the sexual abuse?    Yes ☐      No ☐

O.    Did you or anyone on your behalf report the sexual abuse to law enforcement or investigators at or about the time of the sexual abuse?  Yes ☐      No ☐

P.    If you can remember anyone you may have ever told about the sexual abuse at the time, including anyone involved with Scouting, friends, relatives, and/or law enforcement, please list their name and when you told them.

_____

_____

_____

Q.    Did you have any relationship with your sexual abuser outside of Scouting? Check all that apply:

    ☐ Religious organization leader, member, volunteer

    ☐ Family member or relative

    ☐ Coach/athletics

    ☐ Teacher

    ☐ Neighbor

    ☐ Other (please explain and add any other information you remember to the categories above):

_____

_____

_____

R.    Are you aware of anyone who knew about the sexual abuse?

_____

_____

_____

**PART 5: IMPACT OF SEXUAL ABUSE**

**(Attach additional pages if necessary)**

**(If you currently cannot describe any harm you have suffered on account of the sexual abuse, you may omit this section for now.  However, you may be asked to provide the information requested at a later date.)**

A.    Please describe how you were impacted, harmed, damaged, or injured in ways that you now connect as being related to the sexual abuse you described above. (Check all that apply.)  You can provide a description in your own words and/or use the checkboxes below.  **Please note that the boxes are not meant to limit the characterization or description of the impact(s) of your sexual abuse**.

☐    Psychological / emotional health (including depression, anxiety, feeling numb, difficulty managing or feeling emotions including anger)

☐    Post traumatic stress reactions (including intrusive images, feelings from the abuse, numbing or avoidance behaviors)

☐    Physical health (including chronic disease, chronic undiagnosed pain or physical problems)

☐    Education (including not graduating high school, being unable to finish training or education)

☐    Employment (including difficulties with supervisors, difficulty maintaining steady employment, being fired from jobs)

☐    Intimate relationships (including difficulty maintaining emotional attachments,  difficulty with sexual behavior, infidelity)

☐    Social relationships (including distrust of others, isolating yourself, not being able to keep healthy relationships)

☐    Alcohol and/or substance abuse (including other addictive behavior such as gambling)

☐    Other (please explain and add any other information you remember to the categories above)

If you wish to provide a narrative, please describe how you were impacted, harmed, damaged, or injured in ways that you now connect as being related to the sexual abuse you described above in as much detail as you can recall in the lines below. You may attach additional pages if needed.

_____

_____

_____

_____

B.    Have you ever sought counseling or other mental health treatment for any reason?

Yes ☐        No ☐

If your response to the prior question is "Yes," please identify the name of each person who provided you with counseling or mental health treatment, their location, the type of counseling or treatment and the estimated dates/time period of counseling or treatment.  If you were prescribed medication in connection with such counseling or mental health treatment, please list the name of the medication and how long you took that medication.

_____

_____

**A.**    <u>Prior Litigation.</u>

     i.    Was a lawsuit regarding the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim filed by you or on your behalf.

        Yes ☐  No ☐  (If "Yes," you are required to attach a copy of the complaint.)

**B.**    <u>Prior Bankruptcy Claims.</u> Have you filed any claims in any other bankruptcy case relating to the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim? Yes ☐   No ☐  (If "Yes," you are required to attach a copy of any completed claim form.)

**C.**    <u>Payments.</u> Have you received any payments related to the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim from any party, including BSA? Yes ☐   No ☐

     i.    If yes, how much and from whom? _____

**D.**    <u>Current Bankruptcy Case.</u> Are you currently a debtor in a bankruptcy case? Yes ☐   No ☐

     i.    If yes, please provide the following information:

        Name of Case: _____   Court: _____

        Date filed: _____   Case No. _____

        Chapter: 7 ☐  11 ☐  12 ☐  13 ☐  Name of Trustee: _____

[Signature page follows – you must complete and sign the next page]

**To be valid, this Sexual Abuse Survivor Proof of Claim must be signed by you.** If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate. If the Sexual Abuse Survivor is a minor, the form must be signed by the Sexual Abuse Survivor's parent or legal guardian, or the Sexual Abuse Survivor's attorney. (Any form signed by a representative or legal guardian <u>must</u> attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)

**Penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

**Check the appropriate box:**

☐ I am the Sexual Abuse Survivor.

☐ I am the Sexual Abuse Survivor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized representative.

☐ Other (describe): _____

**I have examined the information in this Sexual Abuse Survivor Proof of Claim and have a reasonable belief that the information is true and correct.**

**I declare under penalty of perjury that the foregoing statements are true and correct.**

**Date:** _____

**Signature:** _____

**Print Name:** _____

**Relationship to Sexual Abuse Survivor (if not signed by Sexual Abuse Survivor):** _____

**Address:** _____

_____

**Contact Phone:** _____

**Email:** _____