# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtor. | Jointly Administered |
| | Re: Docket Nos. 2295, 2391, 2592, 2594, 2682, 2683, & 2684 |

### CENTURY INDEMNITY COMPANY'S OPPOSITION TO THE ARBITRARY DEADLINES ESTABLISHED IN THE APRIL 23RD DISCOVERY REQUESTS SERVED BY THE COALITION, THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC AND THE FUTURE CLAIMS REPRESENTATIVE

Century Indemnity Company ("Century"), as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, by and through the undersigned counsel, files this *Opposition To The Arbitrary Deadlines Established in the April 23rd Discovery Requests Served By The Coalition Of Abused Scouts For Justice, The Official Committee Of Tort Claimants To Boy Scouts Of America And Delaware BSA, LLC And The Future Claims Representative* [noticed at Dkt. 2682–2684] and states as follows:

1. On April 23, 2021, the Coalition of Abused Scouts for Justice (the "Coalition"), the Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC (the "TCC"), and the Future Claims Representative (the "FCR") (collectively, the "Propounding

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

Parties") served Century their first set of Discovery Requests[2] in connection with the (i) *Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* (the "Motion") [Dkt. 2295], (ii) *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Plan") [Dkt. 2592], (iii) *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Disclosure Statement") [Dkt. 2594], and (iv) *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Dkt. 2391], and any proceedings arising therefrom or related to estimation issues in any forum in connection with the Debtors' chapter 11 cases, including in connection with the Estimation Motion or Plan confirmation.

2. Under Rules 33(b)(2), 34(b)(2), and 36(a)(3) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), parties have thirty (30) days to respond to discovery requests unless stipulated by the parties or otherwise ordered by the Court.

---

[2] The "Discovery Requests" include (i) the Coalition/TCC/FCR's First Requests for the Production of Documents, (ii) the Coalition/TCC/FCR's First Set of Requests for Admission, and (iii) the TCC's First Set of Interrogatories.

3.      Century objects to the Discovery Requests as they call for an arbitrary deadline, demanding responses within fourteen (14) days of their service. That time period violates the Civil Rules and the Bankruptcy Rules, as the parties have not stipulated to a truncated response period nor has the Court ordered a truncated response period. The Propounding Parties have not even requested such a stipulation or sought such an order from the Court.

4.      Century further objects on the grounds that this deadline is not only arbitrary but wholly unreasonable considering the extensive scope of sought discovery—a total of 68 requests across the three sets—and the vast amount of information sought.

5.      Accordingly, Century respectfully opposes the arbitrary deadline set by the Propounding Parties and acknowledges that these requests will be addressed on or before May 24, 2021 in accordance with the full thirty-day response period as set forth in the applicable Civil and Bankruptcy Rules.

Dated: May 10, 2021                                    Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
    Stamatios Stamoulis (No. 4606)

**Stamoulis & Weinblatt LLC**
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

**O'Melveny & Myers LLP**
Tancred Schiavoni (*pro hac vice*)
Janine Panchok-Berry (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212-326-2000

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*