## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Objection Deadline: May 12, 2021 at 4:00 p.m. ET** **Hearing Date: May 19, 2021 at 10:00 a.m. ET** |

## ZURICH INSURERS' OBJECTIONS TO DEBTORS' PROPOSED CONFIRMATION SCHEDULE

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers") hereby object to Debtors' proposed confirmation schedule (Dkt. No. 2618).

Debtors attempt to justify their extraordinarily compressed proposed schedule by touting the large amounts of information they have assertedly made available to mediation parties. The Zurich Insurers, however, are not mediation parties, and therefore they have not had access to any of the information provided by Debtors only to mediation parties. There is no justification for denying the Zurich Insurers their due process rights to an appropriate discovery, pretrial, and trial schedule just because they are not mediation parties. Instead, any schedule adopted by the Court, in the event it approves the Disclosure Statement, should be expanded to allow all parties, including those that have not previously had access to relevant information, a reasonable chance to conduct discovery related to potential plan objections.

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

- 1 -

### *Objection to the Proposed Schedule*

Debtors assert that their extraordinarily compressed proposed confirmation schedule is appropriate because, "[i]mportantly, the Debtors and other Mediation Parties have already undertaken significant discovery and plan related actions" and that "extensive discovery, both formal and informal, has been conducted and remains on going."[2]  Debtors also tout the fact that they "have established and are continuously populating an electronic data room with information regarding the BSA and Local Councils" that "currently contains over 40,000 documents containing approximately 708,000 total pages."[3]

In addition, Debtors trumpet that, "[w]ith respect to claims data relevant to estimation, the Debtor's estimation expert, Bates White, has been working with the Mediation Parties to provide updated and standardized versions of data based on the Sexual Abuse Proofs of Claims ('POC') submissions since November 2021" (sic).[4]  They say that this process "has provided *all parties* with a common analytical database reflecting information in the POC submissions, allowing the parties to sort and manipulate data across a range of dozens of categories including: abuse allegation, dates of abuse, abuser, Local Council, and other categories."[5]  Debtors say that this database "now incorporate[s] the information from over 106,000 POC submissions, reflecting information from over 82,550 claimants."[6]  Debtors also aver that "Bates White and BSA have met with, and solicited feedback from, *the Mediation*

---

[2]    Debtors' Scheduling Motion (Dkt. No. 2618) at 5.

[3]    *Id.*

[4]    *Id.* at 6.  Presumably, Debtors meant "November 2020."

[5]    *Id.* (emphasis added).

[6]    *Id.*

*Parties* on numerous occasions, and have produced multiple tranches of cumulative standardized data based on the POC submissions."[7]

In other words, the principal justification Debtors offer in support of an indisputably rapid, very compressed confirmation schedule is that they have already shared considerable information and analysis with those parties in interest that have become mediation parties. However, like several of Debtors' other insurers, the Zurich Insurers are not presently mediation parties. As a result, the Zurich Insurers have not had access to any of the information that Debtors incorrectly argue gives "all parties" a head start on confirmation discovery. For example, the Zurich Insurers do not have access to the electronic data room or any portions of the Bates White analysis. In fact, the Zurich Insurers' specific request for access to the Bates White analysis was rejected by the Debtors last week and again earlier this week.

Debtors cannot have it both ways. They cannot seek to justify an extraordinarily compressed confirmation schedule on the basis that they have already shared large amounts of information relevant to confirmation while, at the same time, refusing to give certain parties in interest access to that very information. The Zurich Insurers indisputably have a legal right to due process which includes, *inter alia*, a reasonable opportunity to conduct appropriate discovery related to possible objections to confirmation of the Plan. The Zurich Insurers' due process rights cannot be shunted aside on the basis that the Debtors chose to share information only with certain parties in interest, but not the Zurich Insurers or other insurers.

Accordingly, the Court should reject Debtors' arguments that their proposed schedule is justified because they have previously shared information with certain selected

---

[7]     *Id.* (emphasis added).

parties. All parties in interest are entitled to due process and a reasonable confirmation schedule – especially those, like the Zurich Insurers, that have not previously had access to the electronic data room, the Bates White analysis, and other confirmation-related information previously made available only to certain other parties.[8]

### *Joinders and Reservation of Rights*

The Zurich Insurers reserve the right to join in, and adopt as their own, any objections to the proposed confirmation schedule filed by any other person or entity.

### *Conclusion*

The Court should deny approval of Debtors' proposed confirmation schedule because it does not provide all parties sufficient time to conduct discovery and learn facts relevant to potential plan confirmation objections. The Debtors cannot justify their proposed compressed schedule on the basis that they have previously shared relevant information with only some, but not all, parties in interest.

DATED: May 12, 2021                                  Respectfully submitted,

                                                     */s/ Robert D. Cecil, Jr.*
                                                     Robert D. Cecil, Jr. (No. 5317)
                                                     TYBOUT, REDFEARN & PELL
                                                     501 Carr Road, Suite 300
                                                     Wilmington, DE 19809
                                                     Phone: (302) 658-6901
                                                     E-mail: rcecil@trplaw.com

                                                     – and –

---

[8]     Of course, the Court should decline to enter any schedule if it denies or defers approval of Debtors' proposed Disclosure Statement.

Mark D. Plevin  (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail:  mplevin@crowell.com

Tacie H. Yoon  (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for American Zurich Insurance
Company, American Guarantee and Liability
Insurance Company, and Steadfast Insurance
Company

906102650