IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> Jointly Administered <br><br> Related Docket No. 3161 |

**Objection Deadline: May 12, 2021 at 4:00 p.m. (ET)**
**Hearing Date: May 19, 2021 at 10:00 a.m. (ET)**

**RESPONSE OF THE TORT CLAIMANTS' COMMITTEE TO CENTURY'S MOTION TO AMEND THE COURT'S ORDER (I) APPROVING PROCEDURES FOR (A) INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS AND (B) EXPENSE REIMBURSEMENT FOR OFFICIAL COMMITTEE MEMBERS AND (II) GRANTING RELATED RELIEF**

The official committee of survivors of childhood sexual abuse (the "Tort Claimants' Committee") hereby responds to *Century's Motion to Amend the Court's Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 3161] (the "Motion").[2] In support of the response, the Tort Claimants' Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized words not defined herein shall have the meanings ascribed to them in the Motion.

## I.

## THE TCC SUPPORTS MODIFICATION OF THE FEE PROCEDURES SUBJECT TO DEPOSITING THE CASH TO PAY ACCRUED FEES IN A SEGREGATED BANK ACCCOUNT UNTIL APPROVED BY THE COURT

1. The irony of Century's request is that one of the primary reasons for the amount of fees in this case is Century. From the outset of the Tort Claimants' Committee's appointment, Century has objected to motions for the sole purpose objecting, to create delay, and to prohibit parties from making meaningful progress in this reorganization.

2. For example, Century filed the *Limited Objection to the Official Tort Claimants' Committee's Motion for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* [Docket No. 368], which was an objection to a routine motion seeking routine relief about the Tort Claimants' Committee's disclosure requirements to members of its constituency. The Tort Claimants' Committee tried to resolve Century's objection prior to the hearing but the "discussion" resulted in Century's counsel screaming at TCC's counsel for no particular reason presumably because he did not have a meritorious objection to the relief requested. The Court overruled the objection and approved the motion.

3. Similarly, the claims bar date order [Docket No. 695] was contested and appealed and the order was affirmed by the District Court. The protective order [Docket No. 799], the form of which is used in most if not all of cases of this magnitude and the mediation order [Docket No. 812] took over two months to negotiate and ultimately litigate until the Court overruled Century's objections to both. The same is true with BSA's retention of Sidley Austin, which was appealed and recently affirmed, and White & Case's retention, not mention numerous other motions that were pending before the Court.

4. To date, the Tort Claimants' Committee has tried to engage with Century through its professionals about ways to narrow issues or find ways to reach agreements on intermediate steps that would help provide a path forward to closure of the case. The Tort Claimants' Committee's overtures to Century have been met with silence.

5. Notwithstanding Century's unwillingness to engage in meaningful dialogue in this case, the Tort Claimants' Committee and its professionals agree that the fee procedures should be revised as set forth below:

- All professionals continue to file quarterly fee applications so that the fee examiner can review and engage with professionals regarding potential reductions.

- After the fee examiner files its report with respect to a professional's quarterly fee application, BSA shall pay the fees relating to the 20% holdback into a segregated bank account until the Court approves the quarterly fee application, at which time the cash will be held in the segregated bank account until distributed to the professional.

- BSA shall not use the escrowed cash absent further order of the Court after notice and hearing.

- The quarterly fee applications of Pachulski Stang Ziehl & Jones ("PSZJ") shall have a partial exception to the above procedure so that half of the 20% holdback is paid to PSZJ so that it can continue to fund that portion of its earned fees into a client trust account for the benefit of the Survivors' Trust as set forth in PSZJ's retention application. See [Docket No. 292-2] at para. 23.

6. The Tort Claimants' Committee discussed the above modification with BSA's counsel who is also supportive of the changes to the fee procedures. The Tort Claimants' Committee expects BSA to file a proposed order that memorializes the above modifications. The

3

Tort Claimants' Committee reserves all rights until it reviews and signs-off on the form of the proposed order.

## II.

## RESERVATION OF RIGHTS

The Tort Claimants' Committee reserves all rights with respect to the foregoing and reserves the right to raise any other and additional objections prior to or at the hearing on the Motion.

## III.

## CONCLUSION

For all of the foregoing reasons, the Tort Claimants' Committee respectfully requests that the Court approve the Motion as modified herein.

Date: May 12, 2021                    **PACHULSKI STANG ZIEHL & JONES LLP**

                                        */s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
John A. Morris (NY Bar No. 2405397)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: jstang@pszjlaw.com
jmorris@pszjlaw.com
joneill@pszjlaw.com
jlucas@pszjlaw.com
*Counsel for the Tort Claimants' Committee*