IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> Jointly Administered <br><br> **Hearing Date: May 19, 2021 at 10:00 a.m. (ET)** <br><br> **Objection Deadline: MAY 12, 2021 AT 4:00 P.M. (ET)** <br><br> **Related Docket No. 2719** |

**OBJECTION OF THE TORT CLAIMANTS' COMMITTEE TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING LEHR SETTLEMENT AGREEMENT AND
(II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO
PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE**

The official committee of survivors of childhood sexual abuse (the "**Tort Claimants' Committee**") hereby objects (the "**Objection**") to the *Debtors' Motion For Entry Of An Order (I) Approving Lehr Settlement Agreement And (II) Modifying The Automatic Stay, To The Extent Necessary, To Permit Payment Of Settlement Amount By Applicable Insurance* [Docket No. 2719] (the "**Motion**") and asks that the **Motion** be denied without prejudice. In support of the Objection, the Tort Claimants' Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

# I.
# INTRODUCTION

The Tort Claimants' Committee objects to the Motion and asks the Court to deny it without prejudice for these reasons. The Debtors expect to emerge from bankruptcy this summer. There is uncertainty regarding the complexity of the Disclosure Statement and Plan issues, including the status of the JPM settlement which may be impacted by the Lehr Settlement. And, there is the inherent unfairness of non-abuse claimants getting paid while abuse survivors are not being paid from the same insurance source. The Tort Claimants' Committee submits the Motion should be deferred until more clarity emerges.

# II.
# JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 362(a)(3) and 541(a) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014.

# III.
# BACKGROUND

4. On February 18, 2020 (the "**Petition Date**"), the Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

5. On March 5, 2020, the Office of the United States Trustee ("**UST**") appointed the Tort Claimants' Committee, which consists of nine Survivors of childhood sexual abuse (the "**TCC Members**"). The UST interviewed approximately 50 Survivors and selected the nine men to serve on the Tort Claimants' Committee as fiduciaries for all abuse Survivors.

6. On November 9, 2020, the Claimant filed identical proofs of claim against each of the Debtors [Claims Nos. 1394 and 133308] (together the "**Claims**"). The proofs of claim disclose that the Claimant was a scout mentor who was injured on July 3, 2018 in a fall while participating in at a High Adventure Camp in West Virginia. No complaint was filed although a draft complaint was attached to the proof of claims. Neither the proof of claim nor the complaint request specific damages or provide specific, quantified loss information.

7. On April 15, 2021, the Debtors filed their confirmation scheduling motion [Dkt. No. 2618], in which they reaffirmed their intention to exit bankruptcy by the end of summer, 2021. *See* paragraph 13, fn.3

8. On April 14, 2021, the Debtors filed their Second Amended Plan and Disclosure Statement [Dkt. No. 2594]. The Disclosure Statement hearing is set for May 19, 2021.

9. On April 28, 2021, the Motion to Approve the Lehr Settlement was filed. It is also set for hearing on May 19, 2021.

10. The Motion indicates that the insurance for the subject claim is provided by Old Republic Insurance Company ("Old Republic"). Non-abuse claims and Abuse Claims are both covered under the Old Republic policies.

# IV.
## THE LEHR SETTLEMENT MOTION SHOULD NOT BE APPROVED AT THIS TIME BECAUSE IT REPRESENTS FAVORABLE TREATMENT OF NON-ABUSE CLAIMANTS OVER ABUSE SURVIVOR CLAIMANTS

11. As discussed in the TCC's Objection to the Disclosure Statement at paragraphs 55-56, the Plan proposes to prefer non-abuse claimants over abuse survivor claimants.

"55. The Disclosure Statement must disclose that non-abuse claims, *e.g.*, personal injury claims, are given preferential treatment over childhood sexual abuse claims. The Plan defines "Specified Insurance Policies" as "any Insurance Policy with inception dates January 1, 2013 to present." Plan at p.34 (Definition 214). While all other insurance policies' rights are assigned to the trust under the Plan, "**Debtors reserve rights to access limits of liability of the Specified Insurance Policies to settle or otherwise resolve Insured Non-Abuse Claims. Further, the Settlement Trust cannot settle, compromise or otherwise resolve any rights, duties or obligations under the Specified Insurance Policies without express written consent and approval of the Debtors, Reorganized Debtors BSA and the Creditors Committee."** Plan at p. 49; Disclosure Statement at p.138 (Section U 8. Insurance Assignment).
[Emphasis added]

12. The Plan and this discriminatory treatment of claims has not yet been approved. But the Debtors are urging that the Plan be confirmed as soon as the summer of 2021. Although the TCC opposes the Plan, it or this provision could be approved as part of it. Alternatively, the Plan may be modified to provide that the veto power the Debtors hold over abuse survivor claims will be resolved by the proposed Settlement Trust having equal veto power over non-

abuse claims. Regardless, fairness requires that this settlement be delayed until the rules of the game are known so that no one is disadvantaged or discriminated against without a full hearing on that issue. If, on the other hand, the Lehr settlement is approved now, this Claimant gets preferential access on assets of the Debtors.

## V.
## THE LEHR SETTLEMENT MOTION SHOULD NOT BE APPROVED AT THIS TIME BECAUSE IT PROVIDES INSUFFICIENT EVIDENCE TO JUSTIFY ITS APPROVAL

13.     Because the Debtors propose not only to fix the amount of Lehr's claim but also to pay it with an asset that the Plan addresses, the Court does not have enough information to "canvas the issues and see whether the settlement falls below the lowest point in the range of reasonable." No declarations have been provided, no evaluations are made, and no conclusions are offered on the Martin factors cited in the Debtors' motion as to either the issue of liability or the issue of whether this creditor should have preferred access to the available insurance ("(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors").

14.     The lip service paid to these factors by the Debtors consists of "avoid[ing] the uncertainty and expense of litigating the Claims, including a potential motion to lift stay and subsequent litigation in state court [and] the potential for additional expense and the risk of an unfavorable judgment in litigation relating to the Claims." That makes no sense. First, nothing addresses whether the insurance is a limited asset and why this creditor and not all of the others with claims covered by this insurance is being offered a separate settlement. Also, if the

Debtors are to be believed, insurance is paying the claim ("100% of the Settlement Amount falls within the limits of the Old Republic' primary and excess policies" (Motion, paragraph 18), not the Debtors.  Further, non-abuse claims are not stayed as to Non-Debtor insured parties so the expense of relief from stay motions would be mitigated by stipulation.

15.    Moreover, even if the insurance is not a limited asset, the Debtors' assertion that Old Republic is paying for the Lehr Settlement is disingenuous.  According to Old Republic in its pleading for relief from stay (Dkt. No. 678) at paragraph 9, "the Old Republic Policies are what is referred to as 'fronting policies' because the retention amount for each occurrence is equal to policy limits…[a] pursuant to the Program Agreement, BSA has agreed to indemnify Old Republic with respect to claims….As security for BSA's retention obligations and other obligations under the Old Republic Policies and the Program Agreement, BSA provided two irrevocable letters of credit…issued by JPMorgan Chase Bank…."  Old Republic's position, put concisely, is that JPMorgan in the first instance, and BSA via collateral, are paying Old Republic's insurance obligations, not Old Republic.[2]  Indeed, Old Republic said in its reply in support of its pleading for relief from stay (Dkt No. 770) that it will hold a general unsecured claim against the Estate (from which abuse victims will be paid).  Debtors have put forth no evidence that the JP Morgan letters of credit will be sufficient to cover all abuse and non-abuse claims under the Old Republic policies; thus, there are substantial questions as to at whose door the Lehr Settlement is being placed.

---

[2] Although the TCC is not supportive of the adequacy of the proposed settlement between JPM and the Debtors, the Debtors should disclose the impact of such a draw on JPM's letter of credit for Old Republic on that pending proposed settlement.

16. With the BSA Plan pending for confirmation in the relative near term, with the evidence of the benefits of this settlement unclear, this is not the time for the Court to assess the reasonableness of the settlement nor the impact of the Lehr Settlement on BSA, its insurers, or its creditors, including the abuse survivors.

## VI.
## CONCLUSION

For all of the foregoing reasons, the Tort Claimants' Committee respectfully requests that the Court deny the Motion without prejudice.

Date: May 12, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
Iain A.W. Nasatir (CA Bar No. 148977)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: jstang@pszjlaw.com
inasatir@pszjlaw.com
joneill@pszjlaw.com
jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*