# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND | ) Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Objection Deadline: May 12, 2021** |
| | ) **at 4:00 p.m. (ET)** |
| | ) **Hearing Date: May 19, 2021 at 10:00 a.m. (ET)** |
| | ) |
| | ) Re: Docket Nos. 2618, 2655 |

**RESPONSE OF LIBERTY MUTUAL INSURANCE COMPANY
TO THE DEBTORS' MOTION FOR ENTRY OF ORDER (I) SCHEDULING CERTAIN
DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF THE
DEBTORS' PLAN OF REORGANIZATION, (II) ESTABLISHING CERTAIN
PROTOCOLS, AND (III) GRANTING RELATED RELIEF AND LIMITED JOINDER**

Liberty Mutual Insurance Company, together with its affiliates and subsidiaries (collectively, "Liberty"), by and through its undersigned counsel, hereby files this response (the "Statement") to the *Debtors' Motion for Entry of Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [Docket No. 2618] (the "Scheduling Motion")[2] and limited joinder (the "Limited Joinder" and, together with the Statement, Liberty's "Response") to the *Limited Objection of the AIG Companies to Debtors' Motion for Entry of Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtor's mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] Capitalized terms used herein but otherwise undefined shall have the meanings ascribed to them in the Scheduling Motion.

*(III) Granting Related Relief* [Docket No. 3708] (the "AIG's Limited Objection"). In support of this Response, Liberty respectfully states as follows:

## BACKGROUND

1. Liberty has joined certain other insurers in opposing the Estimation Motion filed by the Coalition, TCC, and FCR (collectively, the "Claimant Representatives"). *See Opposition of Certain Insurers to the Motion of the Coalition, TCC and FCR to Estimate Current and Future Abuse Claims* [Docket No. 2611]. Liberty will not reiterate in this Response the reasons for such opposition other than to note that there are legal, practical, and jurisdictional limits to this Court estimating the Debtors' liability for over 85,000 individual claims.

2. At least on this point, the Debtors agree with the insurers that the Bankruptcy Court is the appropriate forum for hearing – and denying – the Estimation Motion. The Debtors state in the Scheduling Motion that they "object to the estimation procedures proposed by the FCR, TCC, and the Coalition and refute that the reference should be withdrawn." Scheduling Motion, at ¶ 11. Unlike the Estimation Motion, which is an attempt to establish precedential findings and rulings that the Claimant Representatives hope will be binding on the insurers and other parties for purposes of distribution, the Debtors assert that they seek to have the Court assess the value of the Direct Abuse Claims for a much more limited purpose. Through the Scheduling Motion, the Debtors are requesting that the Court assess the value of "the Debtors' aggregate liabilities for Direct Abuse Claims for purposes of and in connection with confirmation." *Id.*[3]

---

[3] The Debtors describe the limited relief they seek through the Scheduling Motion as follows:

By this Motion, the Debtors seek entry of the Confirmation Scheduling Order to, subject to the Court's availability: (a) schedule certain dates and deadlines in connection with confirmation of the Plan and all related discovery (together, the "Confirmation Proceedings") and (b) establish certain protocols in connection with the Confirmation Proceedings (the "Protocols")

Scheduling Motion, at ¶ 17.

2

**STATEMENT**

3. Although, as set forth below, Liberty does not agree with the proposed confirmation schedule, Liberty does agree with the Debtors that the Estimation Motion is both unnecessary and unproductive to resolving these cases. If any sort of assessment of the Direct Abuse Claims is warranted, it should be for the limited purpose of confirmation.

4. If the Court is inclined to grant the Scheduling Motion, it is imperative that any Order approving the Scheduling Motion clarify the limited purpose of the Debtors' proposal. Consistent with the Debtors' statements in the Scheduling Motion, any ruling that this Court makes will not have *res judicata* effect on any insurer, including for purposes of distribution or any later litigation in a non-bankruptcy forum. Accordingly, Liberty requests that any Order approving the Scheduling Motion include, at a minimum, the following language, which is adapted from the Third Circuit Court of Appeals' decision in *In re Combustion Engineering*, 391 F.3d 190 (3d. Cir. 2004):

> Notwithstanding anything to the contrary in this Order, the Plan, or any of the Plan Documents, nothing in this Order, the Plan, or any of the Plan documents (including any other provision that purports to be preemptory or supervening), including any assessment or estimation of the aggregate liability of Direct Abuse Claims, shall in any way operate to, or have the effect of, impairing any of the Insurance Companies' legal, equitable or contractual rights in any respect. The rights of the Insurance Companies shall be determined under the Insurance Policies or Insurance Settlement Agreements as applicable.

**LIMITED JOINDER**

5. Liberty joins in Sections II and IV of AIG's Limited Objection for the reasons stated therein.

**RESERVATION OF RIGHTS**

6. Liberty reserves, and does not waive, any and all of its rights and defenses under the Policies and applicable law. Liberty further reserves all rights to assert any and all such rights

and defenses in any appropriate manner and forum.  Nothing contained in this Response shall be deemed to alter or expand any coverage that may otherwise be available under any Policies or related agreements issued by Liberty or any settlement agreement or other adjudication to which Liberty is a party.  Liberty reserves the right to amend, supplement, alter, or modify the objections and points raised herein, including, without limitation, the right to join in, and adopt, any objections and responses to the Scheduling Motion and proposed confirmation schedule filed by any other person or entity.

[Remainder of Page Left Blank Intentionally]

**WHEREFORE,** Liberty respectfully requests that this Court enter an Order: (i) denying the Scheduling Motion unless (a) the proposed Order approving the Scheduling Motion is modified as set forth herein and (b) applicable revisions are made to the proposed confirmation schedule as set forth in the Limited Joinder; and (ii) granting Liberty such other and further relief as this Court deems just and proper.

Dated: May 12, 2021

SEITZ, VAN OGTROP & GREEN, P.A.

*/s/ R. Karl Hill*
R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

-and-

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 0211
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

**CERTIFICATE OF SERVICE**

I, R. Karl Hill, hereby certify that on the 12th day of May 2021, I caused a copy of the *Statement of Liberty Mutual Insurance Company to the Debtors' Motion for Entry of Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief and Limited Joinder* to be served to all parties by operation of the Court's electronic filing system.

      /s/ R. Karl Hill
      R. Karl Hill, Esq. (DE No. 2747)