# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Objection Deadline: May 12, 2021 at 4:00 p.m. (ET) |
| | Hearing Date: May 19, 2021 at 10:00 a.m. (ET) |
| | Ref. Docket No. 2618, 3708 |

### GREAT AMERICAN'S OBJECTION AND JOINDER IN OBJECTIONS TO DEBTORS' MOTION FOR ENTRY OF ORDER (I) SCHEDULING CERTAIN DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION, (II) ESTABLISHING CERTAIN PROTOCOLS, AND (III) GRANTING RELATED RELIEF

Great American Assurance Company, f/k/a Agricultural Insurance Company, Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company, and Great American E&S Insurance Company (collectively, "Great American") hereby object to *Debtors' Motion for Entry of an Order (I) Scheduling Certain Dates and Deadlines in Connection With Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Procedures and (III) Granting Related Relief* filed on April 15, 2021 [Docket No. 2618] (the "Scheduling Motion") and join in the points and authorities set forth in the *Limited Objection of the AIG Companies* to the Scheduling Motion [Docket No. 3708] and *Certain Insurers' Opposition* to the Scheduling Motion [to be filed]. In support thereof, Great American respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1. Less than a month ago, on April 14, 2021, the Debtors filed their *Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594] (the "Disclosure Statement") inadequately describing the Debtors' *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*, also filed on April 14, 2021 [Docket No. 2592] (the "Plan"). The Disclosure Statement has not been approved, and no hearing on the Disclosure Statement has occurred. The Plan and Disclosure Statement face many objections from a wide range of parties covering a variety of complex issues.

2. As pointed out in *Great American's Objection to Debtors' Disclosure Statement for Second Amended Chapter 11 Plan of Reorganization and Joinder* filed on May 6, 2021 [Docket No. 3271], it would waste significant time and substantial resources of the parties, including Great American, to approve the Disclosure Statement, send out the Plan for balloting, conduct confirmation-related discovery, and hold a confirmation hearing on the timetable and conditions sought by the Debtors.

3. The Scheduling Motion compounds this problem by putting the cart before the horse, asking for a severely truncated and unworkable schedule for confirmation before approval of any disclosure statement. Given the flawed and inadequate Disclosure Statement before the Court, the Debtors cannot reasonably expect to have the Disclosure Statement approved this month, rendering the Scheduling Motion premature at best.

4. The Debtors attempt to justify this wasteful effort at abridgement of the insurers' legal, equitable, and Constitutional rights by touting how much work has already been done. Given that the Plan has no perceptible creditor support and remains vigorously opposed by almost all of the Debtors' insurers, Great American rejects the idea that informal discovery and

mediation with so many objectors serves as a substitute for due process and an orderly proceeding leading up to a confirmation hearing. Even if it is true that the Debtors and other parties have accomplished much on an informal basis that may reduce the level of formal discovery required, such an argument does not apply to Great American. Although Great American has voluntarily participated in the mediation process, it has been mostly ignored.[2]

5. Great American's due process rights may not be abridged through an inadequate proposed process merely by virtue of its participation in a mediation process that has failed to substantively protect Great American's rights in any meaningful way. Instead, the debtors' proposed schedule and process fail to comport with basic notions of due process. *See Strickland v. Washington*, 466 U.S. 668, 685 (1984); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) ("parties whose rights are to be affected are entitled to be heard"); *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 159 (3d Cir. 2012) (finding chapter 11 plan unconfirmable where plan's distribution procedures "reduc[ed] insurers' procedural rights" by "severely limiting or eliminating [i]nsurers' ability to take discovery"); *In re Thorpe Insulation Co.*, 677 F.3d 869, 891 (9th Cir. 2012).

6. Regardless of the mediation and the Debtors' communications with some of the parties prior to filing the Plan, Great American retains its right to fact and expert discovery consistent with the rules, in a workable sequence, and within a manageable amount of time. *See, e.g.*, *Thorpe Insulation*, 677 F.3d at 891 (9th Cir. 2012) (reversing confirmation of consummated chapter 11 plan and ordering a new trial with "full input from insurer parties who will be economically affected by the plan"). In particular, (a) sufficient time should be provided to

---

[2] Great American does not intend to disclose mediation communications, but Great American rejects the Debtors' use and characterization of the parties' interactions prior to the filing of the Plan and Disclosure Statement and urges the Court to decline basing any scheduling order on the Debtors' self-serving representations about the current posture of the proceedings.

complete fact discovery before both the Plan's supporters and objectors must submit expert reports or depose witnesses, and (b) the schedule must provide time for this Court to resolve the inevitable discovery disputes in a case of this type. *See id.* at 885 (looking to "the real-world impacts of the plan" in evaluating insurers' right to conduct discovery and put on evidence in opposition to a chapter 11 plan); *accord In re Global Indus. Techs., Inc.*, 645 F.3d 201, 212 (3d Cir. 2011) (en banc).

7. The Debtors' idea that anything else could be appropriate or workable strains credulity in light of (a) the lack of support for, and wide range of objections to, the Plan and Disclosure Statement, and (b) the enormous size and complexity of this case. While a plan in a small case facing only a handful of objections might get to confirmation on the kind of schedule proposed by the Debtors in the Scheduling Motion, this is no such case. There will be many objections to confirmation on a variety of complex issues; there will be a large volume of discovery and numerous fact and expert witnesses to prepare, depose, and present; and there will be discovery disputes for this Court to resolve. And all of this will be compounded if the Court authorizes any kind of claims review or estimation (which it should not).

8. Great American reserves the right to be heard regarding all aspects of the Scheduling Motion.

WHEREFORE, Great American respectfully requests entry of an order denying the Debtors' Scheduling Motion; rejecting the Debtors' proposed protocols for evaluating sex abuse claims; declining to set a confirmation hearing on the Plan or deadlines for confirmation-related discovery; and for such other and further relief as the Court deems just and proper.

Dated: May 12, 2021
      Wilmington, DE

Respectfully submitted,

BODELL BOVÉ, LLC

/s/ Bruce W. McCullough
Bruce W. McCullough (No. 3112)
1225 N. King Street, Suite 1000
Wilmington, DE 19801-3250
Telephone: (302) 655-6749
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

- and ó

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email: dchristian@dca.law

*Attorneys for Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company*