# EXHIBIT A

# REVISED PROPOSED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 341, 3161** |

**ORDER AMENDING THE ORDER (I) APPROVING
PROCEDURES FOR (A) INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS
AND (B) EXPENSE REIMBURSEMENT FOR OFFICIAL COMMITTEE
MEMBERS AND (II) GRANTING RELATED RELIEF**

Upon the motion [D.I. 3161] (the "Motion") of Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, for entry of an order amending the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 341] (the "Compensation Procedures Order");[2] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Compensation Procedures Order.

been provided, and it appearing that no other or further notice need be provided; and the Professionals' having consented to the relief requested in the Motion as modified by this Order; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEARBY ORDERED THAT**

1. The Motion is **GRANTED** as set forth herein.

2. The last sentence of paragraph 2(f) of the Compensation Procedures Order ("Upon allowance by the Court of an Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid") is hereby deleted in its entirety and replaced with the following:

> "Upon the entry of an order granting a Professional's Interim Fee Application, the Debtors shall deposit the 20% holdback in a segregated restructuring fee reserve (the "Fee Holdback Reserve") pending entry of an order of the Court granting such Professional's Final Fee Application. Upon the earlier of (a) entry of an order of the Court granting the Professional's Final Fee Application and (b) entry of an order of the Court restoring the original provisions of the Compensation Procedures Order, the Debtors will be authorized to promptly pay such Professional 100% of its fees and expenses allowed on a final basis but not previously paid, which final fees and expenses shall be paid first from such Professional's allocated share of the Fee Holdback Reserve. For the avoidance of doubt, no portion of the funds held in the Fee Holdback Reserve may be disbursed by the Debtors pending further order of the Court. Notwithstanding the foregoing, upon entry of an order granting an Interim Fee Application for counsel to the Official Tort Claimants' Committee, Pachulski Stang Ziehl & Jones ("PSZJ"), the Debtors shall (i) deposit into the Fee Holdback Reserve an amount equal to one-half of PSZJ's 20% holdback (*i.e.*, 10% of PSZJ's fees allowed on an interim basis) and (ii) remit to PSZJ the remaining 10% holdback on an interim basis; *provided*, that PSZJ shall deposit such 10% holdback into a client trust account for contribution, subject to entry of an order of the Court granting PSZJ's Final Fee Application or entry of an order of the Court restoring the original provisions of the Compensation Procedures Order, to the fund

established in the Debtors' chapter 11 cases to compensate survivors of sexual abuse in accordance with the agreement set forth in its retention application."

3. For the avoidance of doubt, subject to entry of an order of the Court granting a Final Fee Application or entry of an order of the Court restoring the original provisions of the Compensation Procedures Order, the Professionals shall be permitted to retain the 20% holdbacks paid under any order of the Court entered prior to the date of this Order, and the Debtors shall pay, and the Professionals shall be permitted to retain, 20% holdbacks granted under any further order of the Court granting Interim Fee Applications that are pending before the Court as of the date of this Order.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.