**<u>Exhibit A</u>**

FILED
DALLAS COUNTY
7/9/2018 8:41 AM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| **BOY SCOUTS OF AMERICA, et al.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY** |
| | § | |
| **HARTFORD ACCIDENT AND** | § | |
| **INDEMNITY COMPANY AND FIRST** | § | |
| **STATE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **95th JUDICIAL DISTRICT** |

### DEFENDANTS' SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Hartford Accident and Indemnity Company ("Hartford A&I") and First State Insurance Company ("First State"), Defendants in the above entitled and numbered cause, and file their Special Exceptions, Original Answer and Affirmative Defenses to Plaintiffs' Original Petition, and in support thereof, would respectfully show the Court as follows:

### I.
### SPECIAL EXCEPTIONS

1.      Hartford A&I and First State specially except to Paragraphs 20-24 and 26-57 of Plaintiffs' Original Petition (the "Petition") as failing to allege which Plaintiffs are making which claims against which Defendants, such that Plaintiffs have failed to give Hartford A&I and First State fair notice as required by Rule 45(b) of the Texas Rules of Civil Procedure.

1.1.    In the Petition, Plaintiffs define all five of the Plaintiffs -- Boy Scouts of America, Connecticut Yankee Council, Spirit of Adventure Council, Aloha Council, and Cascade Pacific Council -- collectively as "BSA" or "Plaintiffs."  Plaintiffs also define Hartford A&I and First State collectively as "Hartford" or "Defendants."

1.2.    Beginning in Paragraph 20, Plaintiffs make general allegations on behalf of BSA collectively against Hartford A&I and First State.  These allegations do not specify which of the five Plaintiffs are making the claims against which of the two Defendants.  For example, Paragraph 26 alleges that "BSA timely provided Hartford with notice of each of the Underlying Lawsuits that implicated a Hartford policy" and Paragraph 31 alleges that "BSA renewed several of the Hartford Policies."  However, Plaintiffs do not specify which of the five Plaintiffs they define as "BSA" allege they are entitled to coverage under the Hartford A&I and/or First State policies listed in Schedule A to the Petition, which Plaintiffs "timely provided" notice or which Plaintiffs renewed which policies.  Indeed, the insurance policies listed on Schedule A to the Petition were issued to "Boy Scouts of America," not to BSA as defined in the Petition, and at least with respect to certain of the Hartford A&I and First State policies, the Councils named as Plaintiffs in the Petition are not identified as named insureds.

1.3.    Plaintiffs also define "Underlying Lawsuits" in the Petition to mean "claims and lawsuits [against BSA] in which the plaintiffs allege they had been sexually abused while a participant in various BSA programs."  *See* Petition, Paragraph 16.  Plaintiffs then allege in Paragraph 27 that "Hartford has nevertheless refused to satisfy its coverage obligations, including by denying coverage for both defense costs and indemnity payments associated with certain of the Underlying Lawsuits."  Plaintiffs do not, however, allege for which Underlying Lawsuits they contend Hartford A&I and/or First State have "refused to satisfy [their] coverage obligations by denying coverage for both defense costs and indemnity payments."

1.4.    Paragraph 32 concludes Plaintiffs' factual allegations and alleges: "Due to Hartford's failure to pay amounts owed under the Hartford Policies, BSA has incurred and will continue to incur defense costs to defend itself in the Underlying Lawsuits, and BSA has made

and will continue to make indemnity payments to settle Underlying Lawsuits, all which Hartford is obligated to provide coverage under its policies." Again, Plaintiffs do not specify (1) which of the five Plaintiffs allegedly have incurred defense and indemnity costs in connection with Underlying Lawsuits, (2) whether Plaintiffs contend that Hartford A&I or First State (or both) is allegedly obligated to provide coverage, or (3) for which Underlying Lawsuits Plaintiffs allege Hartford A&I and/or First State have refused to provide coverage.

1.5.    The Court should require Plaintiffs to amend the Petition to allege with specificity which Plaintiffs are referred to in each factual allegation, which Plaintiffs seek coverage for which Underlying Lawsuits and under which of the Hartford A&I and/or First State policies listed in Schedule A to the Petition coverage is sought. Such specificity is required to give Hartford A&I and First State "fair notice" of Plaintiffs' claims such that Hartford A&I and First State can prepare their defense. *See* Texas Rule of Civil Procedure 45; *see also McFarland v. Reynolds*, 513 S.W.2d 620, 424 (Tex. App. Corpus Christi 1974, no writ) (special exceptions are the means by which a party may force clarification and specification of pleadings that are vague, indefinite, or uncertain). Without amendment, Hartford A&I and First State are being deprived of basic notice as to which party is asserting each factual allegation and what relevant discovery may be necessary.

1.6.    Fair notice also requires knowing which Plaintiff is asserting claims against which Defendant. Accordingly, the Court should require Plaintiffs to amend Counts One, Two, Three and Four of the Petition to identify which of the five Plaintiffs (again, collectively referred to as "BSA") is asserting which count against which Defendant -- Hartford A&I, First State or both.

2.      Hartford A&I and First State specially except to Count One of the Petition because Plaintiffs have failed to allege sufficient facts to establish that there is an actual and justiciable controversy arising between the parties.

2.1.      Declaratory judgment actions under Texas Civil Practice and Remedies Code Section 37.004 are subject to a ripeness review.  *See Firemen's Ins. Co. of Newark, NJ v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968) (Declaratory Judgments Act does not empower courts to issue advisory opinions).  Ripeness requires more than an abstract disagreement.  Rather, there must be a concrete dispute on a discrete claim that means the resolution of the parties' disagreement has more than academic consequences.  Plaintiffs have failed to meet this test.

2.2.      In the Petition, Plaintiffs fail to identify any Underlying Lawsuit where Hartford A&I or First State denied coverage to Plaintiffs because of the parties' differing opinions regarding the interpretation of the Hartford A&I and First State policies identified on Schedule A to the Petition.  Indeed, Count One of the Petition does not even allege that there has been such an occurrence.  This is clearly insufficient.

2.3.      The Court should require Plaintiffs to amend the Petition to allege facts sufficient to allege that there is a justiciable controversy between the parties.

3.      Hartford A&I and First State specially except to Plaintiffs' vague and indefinite claims regarding Hartford A&I's and First State's alleged violations of Chapter 542 of the Texas Insurance Code.  Count Three of the Petition alleges violations of the "Prompt Payment of Claims statute in Chapter 542."

3.1.      Paragraph 52 is a conclusory allegation that Hartford A&I and First State violated the Chapter, and Paragraphs 53-57 largely track the statutory grounds of Chapter 542.  Such allegations are insufficient under Texas law.  There is no reference to or mention of any

specific facts that set forth how Hartford A&I or First State engaged in conduct that violates the Insurance Code.  *See, e.g.*, *Subia v. Texas Dept. of Human Services*, 750 S.W.2d 827, 829 (Tex. App. El Paso 1988, no writ) (simply reciting "statutory allegations did not give fair notice of the facts and circumstances relied on").  The fair notice requirements are essential here to give Hartford A&I and First State an understanding as to what alleged conduct is at issue.  That is the minimum that is necessary to permit the parties meaningfully to take discovery and litigate these claims.

3.2.    Moreover, Plaintiffs use ellipses in quoting Chapter 542, eliminating the statute's reference to "for more than 60 days," and Plaintiffs set forth no allegations to support that Hartford A&I and/or First State have failed to pay any Underlying Lawsuits for more than 60 days.  Without such information, Hartford A&I and First State cannot determine which of the Underlying Lawsuits Plaintiffs intend to put at issue in the Petition.  The Court should require Plaintiffs to amend the Petition to allege facts sufficient to provide Hartford A&I and First State with fair notice of Plaintiffs' claims under Chapter 542 of the Texas Insurance Code.

4.    Hartford A&I and First State specially except to the Petition because Plaintiffs fail to plead the maximum amount of damages sought.  Rule 47 of the Texas Rules of Civil Procedure provides that "upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed."  Hartford A&I and First State are entitled to know the maximum amount of damages Plaintiffs seek.

## II.
## GENERAL DENIAL

As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Hartford A&I and First State deny each and every, all and singular, of the allegations made in Plaintiffs' Original Petition and demands strict proof thereof.

## III.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be subject to dismissal for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be subject to dismissal for failure to join certain necessary and indispensable parties to this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred by operation of the applicable statute of limitations, laches, waiver, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs' claims against Hartford A&I and First State are unripe or nonjusticiable.

### FIFTH AFFIRMATIVE DEFENSE

Hartford A&I's and First State's obligations, if any, to an insured are defined by the terms, limitations, definitions, conditions, declarations, endorsements, exclusions, and attachment points of the Hartford A&I and/or First State policies at issue, including, without limitation, conditions precedent, limitations on attachment, limits of liability, per occurrence and aggregate limits, policy

periods, "other insurance" provision, requirements of exhaustion of other insurance, and notice requirements, and any such coverage obligations cease upon the exhaustion of the applicable limits of coverage.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the Hartford A&I and First State policies at issue have exhausted their applicable limits of liability.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the insured has failed to satisfy any applicable deductibles or self-insured retentions.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims do not arise from claims covered by the Hartford A&I and First State policies at issue.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims do not involve "personal injury" or "bodily injury" as those terms are used in the Hartford A&I and First State policies at issue and/or the underlying policies to which they follow form.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the acts, conditions, events, or damages that form the basis of the underlying claims were not fortuitous.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims involve "personal injury" or "bodily injury" that was either expected or intended from the standpoint of the insured.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs' claims for coverage for the underlying claims relates to losses arising from intentional conduct on the part of the insured.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims constitute a known risk and/or known loss.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the insured negligently or intentionally failed to disclose, concealed, or misrepresented facts that were material to the risks at the time of the negotiations, underwriting, and/or issuance of the Hartford A&I and First State policies at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may by barred to the extent that Plaintiffs seek coverage for liability for equitable, mandatory or injunctive relief, and not for sums that it has become legally obligated to pay as damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that it seeks defense or indemnification for liability arising out of its conduct in express disregard of its

legal obligations under state, federal, or local laws and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that it seeks coverage for punitive or exemplary damages, fines, penalties, or costs or damages that are uninsurable as a matter of public policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that certain liabilities and/or potential liabilities were incurred by entities that do not qualify as insured(s) under the Hartford A&I and First State policies at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that any of the Plaintiffs are not insureds under the Hartford A&I and First State policies at issue but claim to have succeeded to or acquired rights in the Hartford A&I and First State policies at issue.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the insured has not complied with all necessary conditions precedent under the Hartford A&I and First State policies at issue, including, but not limited to, the requirements that the insured cooperate with Hartford A&I and First State and provide Hartford A&I and First State with timely notice of the underlying claims, or of the accidents or occurrences that form the basis for those actions, or of any other developments likely to affect Hartford A&I's and First State's liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs' claims for coverage for the underlying claims are barred by various exclusions contained in the Hartford A&I and First State policies at issue.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent Plaintiffs have made voluntary payments or incurred voluntary obligations without the prior approval of or consent by Hartford A&I and First State.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent the insured assumed liabilities pursuant to contract or any other agreement.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that it has failed to mitigate, minimize, or avoid any damages it allegedly sustained.  Plaintiffs' recovery against Hartford A&I and First State, if any, must be reduced by the amount attributable to that failure.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs have impaired any rights of subrogation or contribution under the Hartford A&I and First State policies at issue.

## <u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that any "personal injury" or "bodily injury" alleged in the underlying claims occurred solely prior to the inception date or after the expiration date of the Hartford A&I and First State policies at issue.

## <u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

Hartford A&I and First State reserves the right to assert additional defenses upon further discovery of Plaintiffs' claims, upon discovery of the provisions, terms, conditions, and exclusions of any policy under which Plaintiffs are allegedly entitled to coverage, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

Respectfully submitted,

**ZELLE LLP**

By: *_/s/ Todd M. Tippett_____*
　　　Todd M. Tippett
　　　Texas Bar No. 24046977
　　　TTippett@zelle.com
　　　Victoria L. Vish
　　　Texas Bar No. 24089850
　　　VVish@zelle.com

　　　901 Main Street, Suite 4000
　　　Dallas, TX  75202-3975
　　　Telephone:　214-742-3000
　　　Facsimile:　214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **DEFENDANTS' SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION** has been served this 9th day of July 2018, by electronic filing as follows:

Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
**HAYNES AND BOONE, L.L.P.**
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Telecopier: (214) 651-5940
Adrian Azer*
*pro hac vice application pending*

**ATTORNEYS FOR PLAINTIFFS**

_____
        */s/ Todd M. Tippett*
        Todd M. Tippett