# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA, *et al.*, | Case No. 20-10343 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Objection Deadline:** <br> At the May 19, 2021 hearing. |

## MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS REGARDING DEBTORS' REPLY IN FURTHER SUPPORT OF DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (the "Motion") to exceed the page limit for the *Debtors' Reply in Further Support of Debtors' Third Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "Reply"), filed contemporaneously herewith. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested in this Motion are Local Rule 7007-2 and this Court's General Chambers Procedures (the "General Chambers Procedures"), dated March 26, 2018.

## BACKGROUND

4. On March 18, 2021, the Debtors filed the *Debtors' Third Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* (D.I. 2411) (the "Exclusivity Motion").[2]

## RELIEF REQUESTED

5. By this Motion, the Debtors respectfully request entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, granting the Debtors leave to exceed the page limit with respect to the Reply.

## BASIS FOR RELIEF

6. Local Rule 7007-2 and the General Chambers Procedures provide that no reply shall exceed fifteen pages. Del. Bankr. L. R. 7007-2 ("Without leave of Court. . .no reply shall

---

[2] All terms capitalized but not otherwise defined herein have the meanings ascribed to such terms in the Exclusivity Motion.

2

exceed fifteen (15) pages. . . exclusive of any tables of contents and citations."); General Chambers Pro. at 3, § 2(a)(vi) ("All briefs and memoranda (in main bankruptcy cases and in adversary proceedings) must comply with Del. Bankr. LR 7007-2 (form and content of briefs))."  A reply may, however, exceed fifteen pages with leave of the court.  Del. Bankr. L. R. 7007-2.

7. In light of the objections raised to the Exclusivity Motion, through the Reply the Debtors must address complex legal and factual issues surrounding the Debtors' Plan and Disclosure Statement.

8. While the Debtors have made the Reply as succinct as possible, under the circumstances the Debtors believe they cannot provide this Court with the information necessary for the full and fair adjudication of issues presented within the fifteen-page limit.  The Debtors therefore request that the Court permit the Debtors to exceed the page limit set by Local Rule 7007-2.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

3

| | |
|---|---|
| Dated: May 16, 2021<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*Eric W. Moats*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 425-4664<br>Email: dabbott@morrisnichols.com<br>       aremming@morrisnichols.com<br>       emoats@morrisnichols.com<br>       ptopper@morrisnichols.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Jessica C. Lauria (*admitted pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice)*<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>       mlinder@whitecase.com<br>       laura.baccash@whitecase.com<br>       blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |