## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: May 19, 2021 at 10:00 a.m. (ET)**<br>**Objection Deadline: May 12, 2021 at 4:00 p.m. (ET)** |

**CENTURY'S SUBMISSION OF PROPOSED ORDER IN FURTHER SUPPORT OF ITS MOTION TO AMEND THE COURT'S ORDER (I) APPROVING PROCEDURES FOR (A) INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS AND (B) EXPENSE REIMBURSEMENT FOR OFFICIAL COMMITTEE MEMBERS AND (II) GRANTING RELATED RELIEF [DKT. NO. 341]**

Century attaches as Exhibit A hereto a proposed order amending the Compensation Procedures Order [D.I. 341] in the form proposed by the Debtors to Century to resolve the instant motion and as Exhibit B hereto the email from Debtors' counsel conveying its agreement that the relief sought by this motion should be granted. The proposed order would amend the Compensation Procedures Order to change the quarterly hold back to an end of case hold back.

After initially reaching agreement with Century, the Debtors backtracked and agreed to the demands of the Pachulski firm that it be granted special treatment, apparently without telling them that it had already reach agreement with Century on a form of proposed order. The fact that the Debtors so quickly acquiesced to pressure illustrates why it is so vital that an end of case hold back be put in place now.

There is no reason to carve the Pachulski firm out of an end of case hold back order. The Pachulski firm is billing attorney time in 2021 at between $625 and $1195 in this case, with only

a single attorney billing below $700/hour in January 2021.[1]  This same firm has capped its attorneys' rates at between $650 and $700 per hour in at least five other sex abuse bankruptcies.[2]  One of these cases, *Buffalo Diocese*, was filed on February 28, 2020, after the petition date here.[3]

The five cases in which the Pachulski firm has voluntarily capped its fees, are all mass tort bankruptcies driven by sex abuse claims with the only difference being that they involve churches.[4]  Like these churches, BSA is a non-profit entity, and the creditors' committees' work involved issues of restricted assets.  Both church cases and this case involve a central charitable institution and a large number of affiliated non-debtor entities: here, the Local Councils, and in the church cases, local parishes.  While the number of proofs of claim filed is higher in BSA than in any individual church case, many of the issues presented are the same.  And church cases may be more complex, due to the overlay of First Amendment Establishment Clause issues.

---

[1]  Dkt. No. 2433.

[2]  *See Ex Parte* Application of the Official Committee of Unsecured Creditors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel, *In re: The Diocese of Buffalo*, No. 20-10322 ¶ 9 (Bankr. W.D.N.Y. Apr. 6, 2020) [Dkt. No. 195]; Application of the Official Committee of Unsecured Creditors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel, *In re: The Diocese of Rochester*, No. 19-20905 ¶ 9 (Bankr. W.D.N.Y. Oct. 18, 2019) [Dkt. No. 102]; Application of the Official Committee of Unsecured Creditors for Entry of an Order, Pursuant to 11 U.S.C. §§ 327 and 1103, and Fed. R. Bankr. P. 2014, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, *In re: Roman Catholic Church of the Archdiocese of Santa Fe*, No. 18-13027 ¶ 7 (Bankr. D.N.M. Dec. 26, 2018) [Dkt. No. 54]; Application of the Official Committee of Unsecured Creditors for Entry of an Order, Pursuant to 11 U.S.C. §§ 327 and 1103, and Fed. R. Bankr. P. 2014, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel, *In re: Roman Catholic Bishop of Great Falls, Montana*, No. 17-60271 ¶ 5 (Bankr. D. Mont. May 5, 2017) [Dkt. No. 94]; Application for Authority to Employ Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to February 20, 2014, *In re: The Roman Catholic Bishop of Stockton*, No. 14-20371 ¶ 13 (Bankr. E.D. Cal. Mar. 21, 2014) [Dkt. No. 189].

[3]  *See Ex Parte* Application of the Official Committee of Unsecured Creditors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel, *In re: The Diocese of Buffalo*, No. 20-10322 (Bankr. W.D.N.Y. Apr. 6, 2020) [Dkt. No. 195].

[4]  *See supra* note 2.

Looking to just one of the TCC's professionals in a single month: Mr. Stang's December 2020 fee application reflects 96.9 hours of work, billed to the BSA estate at $1195/hour, for a total of $115,795.50.[5]  Had Mr. Stang billed at his Buffalo Diocese rates in this case, billing only $700/hour, the total for December 2020 would have been $67,830, a difference of $47,965 and a nearly 40 percent reduction in Mr. Stang's fees for the month. The difference in fees is not offset by Pachulski's agreement to "contribute" 10% of its fees toward claimant compensation at the end of the case.[6]

No explanation is offered for why the BSA estate should be charged rates that are significantly higher than the rates the Pachulski firm seeks under similar circumstances in other mass tort sexual abuse bankruptcies.   Particularly, at this point in the case, the TCC's lead counsel should be in line with what that firm elects to charge the estates of Dioceses throughout the country for similar work.  The Pachulski firm has already sought allowance of over $7.5 million in fees (less 10% that it will contribute back to the estate).

In determining whether compensation is "reasonable" under 11 U.S.C. 330(a), the Court must analyze the rates charged for services rendered.  The Court will be in a better position to address at the end of the case whether the Pachulski firm should charge the BSA estate a higher rate than it does for comparable work in similar case.  The proposal put forth by Debtors in their response (Dkt. No. 4094) proposes to treat the Pachulski firm differently from other professionals with regard to the holdback while proposing no meaningful reforms to address the billing rate and number of professionals billing the estate.  Nor is there cause to require the 20%

---

[5]   Dkt. No. 2285-2.

[6]   Dkt. No. 292 ¶ 9.

holdback of the Pachulski firm to be placed into a separate escrow account.  The professionals should all share an interest in the efficient and successful outcome of the case.

WHEREFORE, for the reasons set forth herein, Century respectfully requests that the Court grant the relief requested herein and enter the Proposed Order attached hereto as Exhibit A amending the Compensation Order.

Dated: May 16, 2021

Respectfully Submitted,

By:  */s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:    302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:    212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*