# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | Ref. D.I. 341, 3161 |

**ORDER AMENDING THE ORDER (I) APPROVING
PROCEDURES FOR (A) INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS
AND (B) EXPENSE REIMBURSEMENT FOR OFFICIAL COMMITTEE
MEMBERS AND (II) GRANTING RELATED RELIEF**

Upon the motion [D.I. 3161] (the "**Motion**") of Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, for entry of an order amending the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 341] (the "**Compensation Procedures Order**");[2] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Compensation Procedures Order.

been provided, and it appearing that no other or further notice need be provided; and the Professionals' having conferred and consented to the relief requested in the Motion as modified by this Order; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEARBY ORDERED THAT**

1. The Motion is **GRANTED** as set forth herein.

2. The last sentence of paragraph 2(f) of the Compensation Procedures Order ("Upon allowance by the Court of an Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid") is hereby deleted in its entirety and replaced with the following new sentence: "Upon allowance by the Court of a Final Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid."

3. For the avoidance of doubt, subject to entry of an order of the Court granting a Final Fee Application, the Professionals shall be permitted to retain the 20% holdbacks paid under orders of the Court entered prior to the date of this Order.

4. Any Interim Fee Applications that are pending before the Court as of the date of this Order are hereby deemed withdrawn.

5. Any obligation of the Professionals (including, but not limited to, under paragraphs 2(e) and (f) of the Compensation Procedures Order) to file Interim Fee Applications are hereby suspended pending further order of the Court.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.