IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  June 9, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**TWELFTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
<u>FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH FEBRUARY 28, 2021</u>**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | February 1, 2021 through February 28, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $763,236.50[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   9,386.00 |

This is a:      x   monthly          interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,500.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2]  This amount reflects a reduction of $13.50 due to changing Brittney M. Michael's billing rate ($695) to the 2020 billing rate ($650).

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $ 6,064.88 | $ 619,406.00[3] | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $ 3,045.94 | $ 515,736.40 | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $ 3,681.07 | $ 527,694.80 | $ 3,681.07 |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $ 5,651.98 | $ 380,703.60 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $ 6,612.09 | $638,423.50[4] | $ 6,113.39[5] |
| 09/29/20 | 08/01/20 – 08/31/20 | $658,721.00 | $31,487.15 | $ 526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $588,902.00 | $15,777.88 | $ 471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $666,283.50 | $19,826.31 | $ 533,026.80 | $19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $504,479.00 | $11,755.14 | $ 403,583.20 | $11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $837,406.00 | $12,415.20 | $ 669,924.80 | $12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $901,667.00 | $19,291.93 | $ 721,333.60 | $19,291.93 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 120.70 | $144,236.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 83.30 | $ 95,378.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 0.50 | $     562.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 6.80 | $   7,480.00 |

[3]  In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[4]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[5]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the last month of that period.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 49.00 | $ 53,655.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 10.30 | $ 11,072.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 2.70 | $ 2,902.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 8.30 | $ 8,922.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 74.00 | $ 75,850.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 995.00 | 5.60 | $ 5,572.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 48.00 | $ 47,760.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $ 995.00 | 28.20 | $ 28,059.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 1.20 | $ 1,140.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 9.60 | $ 8,880.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 12.00 | $ 10,740.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 43.20 | $ 36,720.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 191.90 | $158,317.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 16.20 | $ 13,365.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 1.20 | $ 954.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 10.10 | $ 8,029.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $ 695.00 | 0.30 | $ 208.50 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 39.10 | $ 24,437.50 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 8.60 | $ 3,870.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 18.90 | $ 8,032.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 1.90 | $ 750.50 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 1.20 | $ 474.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 0.40 | $ 140.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 8.90 | $ 3,115.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 350.00 | 0.30 | $ 105.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 7.20 | $ 2,520.00 |

**Grand Total:**     **$763,250.00**
**Total Hours:**       **809.60**
**Blended Rate:**     **$942.75**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 112.10 | $106,915.50 |
| Bankruptcy Litigation | 101.80 | $ 82,207.00 |
| Case Administration | 19.80 | $ 7,987.50 |
| Claims Admin./Objections | 56.80 | $ 50,354.00 |
| Compensation of Professional | 17.40 | $ 13,393.00 |
| Compensation of Prof./Others | 5.00 | $ 2,766.00 |
| Financing | 11.00 | $ 11,625.00 |
| General Creditors Comm. | 156.80 | $154,276.00 |
| Hearings | 15.50 | $ 15,636.50 |
| Insurance Coverage | 61.60 | $ 59,819.50 |
| Mediation | 24.40 | $ 25,797.00 |
| Plan & Disclosure Statement | 223.20 | $229,205.50 |
| Retention of Prof/Others | 4.20 | $ 3,267.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[6] | Total Expenses |
|---|---|---|
| Bloomberg | | $ 234.40 |
| Conference Call | AT&T Conference Call; CourtCall | $ 704.21 |
| Federal Express | | $ 49.51 |
| Legal Research | Lexis/Nexis | $ 470.82 |
| Outside Services | Zoom; Everlaw | $4,037.05 |
| Court Research | Pacer | $ 370.80 |
| Postage | US Mail | $ 79.61 |
| Reproduction Expense | | $ 22.90 |
| Reproduction/Scan Copy | | $ 392.00 |
| Transcript | Lexitas; Eligation Services | $3,024.70 |

---

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  June 9, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**TWELFTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH FEBRUARY 28, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim

Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense

Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or

about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J"

or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

Twelfth Monthly Application for Compensation and for Reimbursement of Expenses for the

Period from February 1, 2021 through February 28, 2021 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $763,236.50 and actual and necessary expenses in the amount of $9,386.00 for a total allowance of $772,622.50 and payment of $610,589.20 (80% of the allowed fees) and reimbursement of $9,386.00 (100% of the allowed expenses) for a total payment of $619,975.20 for the period February 1, 2021 through February 28, 2021 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final

allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.    The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.    A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

## Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.     Asset Analysis/Recovery

15.     This category relates to work regarding asset analysis and recovery issues.

During the Interim Period, the Firm, among other things:  (1) attended to issues regarding an

asset analysis and related insurance issues; (2) reviewed and analyzed appraisals; (3) reviewed

and analyzed Local Council real property restriction issues; (4) reviewed and analyzed title and

related documents regarding the use and transfer of assets relating to the W.D. Boyce Council,

Cache Lake Camp, Peoria Scout Service Center, Mississippi Valley Council and Camp Eastman:

(5) reviewed and analyzed title and related documents regarding the Saukenauk Scout

Reservation, Abraham Lincoln Council and Camp Bunn; (6) reviewed and analyzed title and

related documents regarding the Buffalo Trace Council, Eykamp Scout Reservation, Lincoln

Heritage Council, and Pfeffer Scout Reservation; (7) reviewed and analyzed valuation issues;

(8) reviewed and analyzed title and related documents regarding the Baltimore Area Council,

Schapiro Scout Service Center, Spirit of Adventure Council, and Lone Tree Scout Reservation;

(9) reviewed and analyzed title and related documents regarding the Andrew Jackson Council,

Port Amsterdam Farm, Ozark Trails Council, Camp Arrowhead, Frank Childress Scout

Reservation, and Springfield Service Center; (10) reviewed and analyzed deeds and related

documents regarding the Greater St. Louis Council and Camp Warren Lewis; (11) reviewed and

analyzed issues regarding roster production; (12) reviewed and analyzed issues mapping,

appraisal and the CBRE; (13) reviewed and analyzed title and related documents regarding the

Montana Council and Camp Arcola; (14) reviewed and analyzed title and related documents

regarding the Grizzly Base Camp; (15) reviewed and analyzed title and related documents

regarding the K-M Scout Ranch, Scout Acres, Clark Fork Property, Missouri River Property,

Superior Property, and Billings Field Office and Scout Shop; (16) performed work regarding

asset analysis related to the Northeast Illinois Council, Camp Okarro, Camp Sol R Crown, Ma-

Ka-Ja-Wan Scout Reservation, Abraham Lincoln Council and Camp Bunn; (17) reviewed and analyzed schedules relating to Local Council assets; and (18) conferred and corresponded regarding asset analysis and recovery issues.

Fees:  $106,915.50;   Hours:  112.10

### B.    Bankruptcy Litigation

16.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding a response to insurance carriers' Bankruptcy Rule 2004 motion; (2) reviewed and analyzed Local Council discovery issues; (3) reviewed and analyzed the Century motion to enforce disclosures; (4) reviewed and analyzed the Coalition objections to the insurers' Bankruptcy Rule 2004 motions; (5) reviewed and analyzed documents in preparation for a conference call with BSA's attorneys regarding outstanding discovery issues; (6) prepared for and attended a telephonic conference with attorneys for BSA regarding Local Council discovery issues; (7) performed work regarding a list of pending Local Council information requests; (8) reviewed and analyzed objections to Century and Hartford discovery; (9) attended to scheduling issues; (10) reviewed and analyzed correspondence and reports regarding Local Council discovery; (11) prepared for and attended the deposition of Dr. Martin, expert for Hartford; (12) attended to issues regarding roster requests; (13) performed work regarding Hearing Binders; (14) reviewed and analyzed issues regarding a Fourth stipulation to extend preliminary injunction, and performed work regarding an objection to extension; (15) reviewed and analyzed privilege issues; (16) prepared for and attended an Omnibus hearing

on February 17, 2021; (17) reviewed and analyzed issues regarding Protective Order provisions relating to challenges to confidentiality designations; (18) reviewed and analyzed the BSA motion to extend injunction and performed work regarding a response; (19) reviewed and analyzed issues regarding injunction-related discovery; (20) performed work regarding a deposition notice relating to injunction and roster issues; (21) performed research; and (22) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $82,207.00;      Hours:  101.80

### C.    Case Administration

17.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) performed work regarding a notice of virtual town hall meetings; (4) maintained document control; and (5) corresponded regarding case administration issues.

Fees:  $7,987.50;      Hours:  19.80

### D.    Claims Admin/Objections

18.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) responded to case inquiries; (2) performed work regarding a claims and insurance analysis relating to Local Councils; (3) reviewed and analyzed claim amendment issues; (4) reviewed and analyzed claim confidentiality issues; (5) reviewed and analyzed issues regarding duplicate claims; (6) reviewed and analyzed BSA omnibus claims objections; (7) responded to State Court counsel questions

regarding claim issues; (8) reviewed and analyzed issues regarding incomplete claims data; (9) reviewed and analyzed issues regarding Coalition and non-affiliated law firms; (10) reviewed and analyzed issues regarding Local Council claims exposure; (11) reviewed and analyzed insurance coverage issues; (12) reviewed and analyzed issues regarding a proposed estimation motion for the valuation of abuse claims; (13) performed work regarding a claims estimation motion; (14) attended to claim withdrawal issues; (15) performed research; (16) reviewed and analyzed statute of limitation issues; and (17) corresponded and conferred regarding claim issues.

Fees: $50,354.00;      Hours: 56.80

### E.      Compensation of Professionals

19.      This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its November and December 2020 monthly fee applications.

Fees: $13,393.00;      Hours: 17.40

### F.      Compensation of Professionals--Others

20.      This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Pasich and Rock Creek fee applications, and performed work regarding a fee chart.

Fees: $2,766.00;      Hours: 5.00

### G.      Financing

21.      This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things:

(1) performed work regarding a JPMorgan Chase lien challenge complaint; (2) attended to issues regarding a lien challenge deadline and an extension of such deadline; (3) reviewed and analyzed issues regarding debt recharacterization; (4) performed research; and (5) corresponded and conferred regarding financing issues.

Fees:  $11,625.00;     Hours:  11.00

### H.    General Creditors Committee

22.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) attended to case strategy issues; (2) performed work regarding Town Hall notice issues; (3) prepared for and participated in telephonic conferences with State Court counsel regarding case issues; (4) reviewed and analyzed claims confidentiality issues; (5) performed work regarding a Town Hall site; (6) prepared for and participated in telephonic conferences with the Committee regarding case issues; (7) reviewed and analyzed insurance and Chapter 11 plan issues; (8) attended to claim amendment issues; (9) reviewed and analyzed injunction issues; (10) prepared for and attended virtual Town Hall meetings; (11) performed work regarding insurance demands; (12) reviewed and analyzed insurance discovery issues; (13) reviewed and analyzed mediation issues; (14) attended to roster issues; (15) attended to issues regarding a claims estimation procedures motion; (16) attended to issues regarding a Plan term sheet; and (17) corresponded and conferred regarding general creditors committee issues.

Fees:  $154,276.00;    Hours:  156.80

I.      **Hearings**

23.      This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, prepared for and attended an Omnibus hearing on February 17, 2021.

Fees:  $15,636.50;      Hours:  15.50

J.      **Insurance Coverage**

24.      This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended telephonic conferences with the Insurance Working Group; (2) performed work regarding a summary of insurance coverage issues relating to Local Councils; (3) reviewed and analyzed ORIC coverage issues; (4) reviewed and analyzed Local Council insurance coverage charts relating to Local Council contribution issues; (5) reviewed and analyzed anti-assignment policy provision issues; (6) reviewed and analyzed binding trust procedures issues; (7) reviewed and analyzed issues regarding Century and Chubb; (8) reviewed and analyzed issues regarding BSA insurance; (9) reviewed and analyzed insurance buy back issues; (10) reviewed and analyzed insurance policy sale issues; (11) reviewed and analyzed issues regarding Allianz; (12) prepared for and attended a telephonic conference with Coalition insurance counsel regarding Allianz issues; (13) performed work regarding a summary of insurance coverage and shortfalls with respect to certain Local Councils; (14) reviewed and analyzed issues regarding Coalition negotiations with Hartford; (15) reviewed

and analyzed issues regarding Liberty Mutual; (16) reviewed and analyzed claims estimation

issues; and (17) corresponded and conferred regarding insurance issues.

Fees:  $59,819.50;      Hours:  61.60

**K.    Mediation**

25.    This category relates to mediation issues.  During the Interim Period, the

Firm, among other things:  (1) performed work regarding mediation strategy issues; (2) reviewed

and analyzed Plan and term sheet issues; (3) prepared for and attended mediation calls on

February 4, 11, 24, and 25, 2021; (4) reviewed and analyzed issues regarding LDS and

Methodists' claims; (5) attended to scheduling issues; (6) reviewed and analyzed preliminary

injunction issues; (7) performed work regarding valuation issues; and (8) corresponded and

conferred regarding mediation issues.

Fees:  $25,797.00;      Hours:  24.40

**L.    Plan and Disclosure Statement**

26.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) performed work regarding a Plan term sheet; (2) reviewed and analyzed a BRG BSA

analysis; (3) reviewed and analyzed a draft Plan regarding treatment of abuse and non-abuse

claims; (4) reviewed and analyzed Plan-related insurance issues; (5) performed work regarding a

BSA asset analysis; (6) reviewed and analyzed demand issues regarding BSA assets;

(7) reviewed and analyzed solicitation issues; (8) performed work regarding an objection to

Disclosure Statement; (9) performed work regarding negotiations with BSA; (10) reviewed and

analyzed a Coalition term sheet; (11) reviewed and analyzed voting issues; (12) reviewed and analyzed duplicate claims relating to solicitation issues; (13) performed work regarding trust distribution procedures issues; (14) prepared for and met telephonically with State Court counsel and Coalition counsel regarding Plan issues; (15) reviewed and analyzed issues regarding trust administrative reports; (16) performed work regarding press release issues; (17) performed work regarding a Plan confirmation time line; (18) performed work regarding an objection to solicitation procedures motion; (19) reviewed and analyzed standing issues; (20) reviewed and analyzed insurance neutrality issues; (21) performed work regarding a Local Council demand spread sheet; (22) reviewed and analyzed claims estimation issues; (23) reviewed and analyzed Plan valuation issues; and (24) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $229,205.50;    Hours:  223.20

**M.      Retention of Professionals--Others**

27.      This category relates to the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding the CBRE retention including work regarding a Second supplemental declaration, and corresponded and conferred regarding retention issues.

Fees:  $3,267.50;      Hours:  4.20

<u>**Valuation of Services**</u>

28.      Attorneys and paraprofessionals of PSZ&J expended a total 809.60 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 120.70 | $144,236.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 83.30 | $ 95,378.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 0.50 | $      562.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 6.80 | $    7,480.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 49.00 | $ 53,655.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 10.30 | $ 11,072.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 2.70 | $    2,902.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 8.30 | $    8,922.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 74.00 | $ 75,850.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $   995.00 | 5.60 | $    5,572.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $   995.00 | 48.00 | $ 47,760.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $   995.00 | 28.20 | $ 28,059.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $   950.00 | 1.20 | $    1,140.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 9.60 | $    8,880.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $   895.00 | 12.00 | $ 10,740.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $   850.00 | 43.20 | $ 36,720.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 | 191.90 | $158,317.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 16.20 | $  13,365.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $  795.00 | 1.20 | $       954.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  795.00 | 10.10 | $    8,029.50 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $  695.00 | 0.30 | $       208.50 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $  625.00 | 39.10 | $  24,437.50 |
| Leslie A. Forrester | Law Library Director 2003 | $  450.00 | 8.60 | $    3,870.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 18.90 | $    8,032.50 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 1.90 | $       750.50 |
| Diane H. Hinojosa | Paralegal Assistant | $  395.00 | 1.20 | $       474.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $  350.00 | 0.40 | $       140.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 8.90 | $    3,115.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $  350.00 | 0.30 | $       105.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 7.20 | $    2,520.00 |

**Grand Total:      $763,250.00**
**Total Hours:          809.60**
**Blended Rate:        $942.75**

29.      The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period

is $763,236.50.

30.      In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order

providing that, for the period of February 1, 2021 through February 28, 2021, an interim

allowance be made to PSZ&J for compensation in the amount of $763,236.50 and actual and

necessary expenses in the amount of $9,386.00 for a total allowance of $772,622.50 and payment

of $610,589.20 (80% of the allowed fees) and reimbursement of $9,386.00 (100% of the allowed

expenses) be authorized for a total payment of $619,975.20; and for such other and further relief

as this Court deems proper.

Dated:  May 26, 2021            PACHULSKI STANG ZIEHL & JONES LLP

                          /s/ James E. O'Neill
                        James I. Stang (CA Bar No. 94435)
                        Robert B. Orgel (CA Bar No. 10187)
                        James E. O'Neill (DE Bar No. 4042)
                        John W. Lucas (CA Bar No. 271038)
                        Ilan W. Scharf (NY Bar No. 4042107)
                        919 North Market Street, 17th Floor, PO Box 8705
                        Wilmington, Delaware 19899 (Courier 19801)
                        Telephone:  (302) 652-4100
                        Facsimile:   (302) 652-4400
                        Email:  jstang@pszjlaw.com
                                rorgel@pszjlaw.com
                                joneil@pszjlaw.com
                                jlucas @psjlaw.com
                                ischarf@pszjlaw.com

                        Counsel to the Tort Claimants Committee

## DECLARATION

STATE OF DELAWARE    :
                    :
COUNTY OF NEW CASTLE  :

       James E. O'Neill, after being duly sworn according to law, deposes and says:

       a)       I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

       b)       I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

       c)       I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                               /s/ James E. O'Neill
                                  James E. O'Neill