# brownrudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
EGoodman@brownrudnick.com

May 26, 2021

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

**RE:    In re Boy Scouts of America and Delaware BSA, LLC, Case No. 20-10343**

Dear Judge Silverstein:

The Official Committee of Tort Claimants (the "TCC"), the Coalition of Abused Scouts for Justice (the "Coalition"), and James L. Patton, the Future Claimants' Representative (the "FCR" and together with the TCC and the Coalition, the "Movants") write the Court respectfully to seek an order compelling Century Indemnity Company ("Century") and Chubb Group Holdings, Inc. ("Chubb") to produce documents related to (i) the 1995 and 1996 restructuring of INA Financial Corporation and its subsidiaries and (ii) the financial condition of each entity (including Century, Chubb, and any related entities) that is financially responsible for the liabilities arising under the INA Policies that the Debtors are proposing to contribute to the Settlement Trust (the "Documents").

One of the insurance carriers with significant coverage obligations for Abuse Claims is the Insurance Company of North America ("INA"). In the 1990s, INA Financial Corporation and its subsidiaries (which included INA) underwent a restructuring. As part of that restructuring, INA contends that its liabilities (including its coverage obligations for BSA Abuse Claims) were ascribed or assigned to Century. Century—a party that has appeared and actively participated in these proceedings—is an inactive run-off company (that is, a company with liabilities under historical insurance policies, but no ongoing business generating premiums and revenue). Neither the BSA nor any Local Councils approved of the restructuring or released INA. Even if INA's liabilities were ascribed to Century, INA (an active insurance company and subsidiary of Chubb) is still liable. Century contends that it has a very limited ability to pay—substantially less than the amount that the INA Policies are obligated to pay. Chubb contends that even though the restructuring obligated it to pay substantial amounts regarding the INA-Century liabilities, and even though it has paid, pursuant to the restructuring and other arrangements, hundreds of millions of dollars into Century, it has no obligation to do so.

Certain documents related to the restructuring are public. The Debtors could have reviewed those in connection with the preparation of their Disclosure Statement and the Hartford Settlement. But some key documents relating to which entities are legally responsible to pay BSA's liability are not public. The Movants believe that, among other Documents, the exhibits referenced in an order entered by the Pennsylvania Insurance Commissioner will shed light on this topic. Century and/or Chubb has these documents but will not produce them.



The Honorable Laurie Selber Silverstein
May 26, 2021
Page 2

Furthermore, the restructuring plans were expressly made subject to the right of insureds to legally challenge the restructuring plan and arrangements. *See AICCO, Inc. v. Ins. Co. of N. Am.*, 90 Cal. App. 4th 579, 593 (2001) ("[W]hile the California Department of Insurance approved INA's division, it did not purport to decide the legal consequences of the division. Indeed, the insurance department expressly said that its consent 'does not foreclose creditors, including policyholders, from pursuing any remedy at law which may be available to them'" (quoting the Restructuring Agreement)). Thus, Century and Chubb are seeking to block challenges that the restructuring plan expressly recognized could be made—and should be made here.

It is critical that survivors understand the creditworthiness and ability to pay of Century and which entity or entities within the Chubb corporate family are liable for Abuse Claims. The INA Policies are among the key assets that the Debtors are proposing to contribute to the Settlement Trust under both the Global Resolution Plan and the Toggle Plan. If Century and Chubb are permitted to maintain their position without challenge, the result will be to deprive survivors and the Debtors themselves, of the real value of billions of dollars of insurance assets, forcing them to accept pennies on the dollar. Whether the Settlement Trust has sufficient funding for the Court to find that the Plan satisfies the requirements found in section 1129 of the Bankruptcy Code and applicable case law depends on the amounts that the Settlement Trust can reasonably expect to collect on account of the INA Policies. Depending on the answer to this question, various statements contained in the Disclosure Statement may be materially false and misleading.

Further, the Debtors' proposed settlement with Hartford includes a reduction clause that makes Century's willingness and ability to pay a key issue. *See* Docket No. 2624, Ex. A at § II.E. Pursuant to the "Century Clause," if the Debtors (or the Settlement Trust) execute a settlement with Century for less than $1.3 billion, the Hartford settlement will be reduced, dollar for dollar, by 50% of the difference between $1.3 billion and the amount payable by Century. Survivors need to know whether it is reasonable to expect that they will achieve a $1.3 billion or greater settlement with Century. The Debtors failed to conduct **any** diligence on these issues, but Movants do not believe that it is appropriate for the survivors to be similarly uninformed.

On April 23, 2021, the Movants served Century with discovery. And, on May 11, 2021, the Coalition served a subpoena on Chubb. The requests are straightforward. The Movants want to see the transaction documents pertaining to the INA restructuring so that they can determine for themselves which Chubb entities are liable for Abuse Claims. And, the Movants want information regarding Century's financial condition and the financial condition of any other Chubb affiliate that is obligated to pay Abuse Claims. The Disclosure Statement is filled with representations that survivors will somehow be paid in full if the Global Resolution Plan is confirmed. The Movants doubt the veracity of such statements but seek discovery so that parties are not left guessing when the facts can be easily brought to light.

Century and Chubb have made it clear through their responses and attempts to meet and confer that they are unwilling to produce non-public documents in response to the Movants' requests absent on order from this Court compelling them to do so. The parties are at a clear impasse. By this letter, the Movants seek to formally place this dispute before the Court.


The Honorable Laurie Selber Silverstein
May 26, 2021
Page 3

Sincerely,

| Brown Rudnick LLP | Pachulski Stang Ziehl & Jones LLP | Young Conaway Stargatt & Taylor, LLP |
|---|---|---|
| /s/ David J. Molton<br>Counsel to the Coalition of Abused Scouts for Justice | /s/ James Stang<br>Counsel to the Official Committee of Tort Claimants | /s/ Edwin Harron<br>Counsel to the Future Claimants' Representative |
| Monzack Mersky and Browder, P.A. | Pasich LLP | Gilbert LLP |
| /s/ Rachel B. Mersky<br>Counsel to the Coalition of Abused Scouts for Justice | /s/ Jeffrey L. Schulman<br>Counsel to the Official Committee of Tort Claimants | /s/ Kami E. Quinn<br>Counsel to the Future Claimants' Representative |

{00224306-1}