

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537  

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com  

May 28, 2021

**Tancred Schiavoni**  
D: +1 212 326 2267  
tschiavoni@omm.com  

<u>**VIA EMAIL**</u>

The Honorable Laurie Selber Silverstein  
United States Bankruptcy Judge  
United States Bankruptcy Court for the District of Delaware  
824 North Market Street, 16th Floor  
Wilmington, Delaware 19081  

Re:   <u>*In re Boy Scouts of America and Delaware BSA, LLC, No. 20-10343*</u>

Dear Judge Silverstein:

We are writing in response to the letter that counsel for the Coalition sent to the Court on Wednesday, May 26 about discovery served on Century on behalf of the Coalition, TCC and the Future Claimants' Representative [D.I. 5057].

While the Coalition's counsel suggests they met and conferred before sending the letter, the letter lacks a certification of a meet and confer and, in fact, there has been no meet and confer on the responses.  The only call we had about the discovery served on Century was on May 18—before Century's responses were due or had been served—during which we indicated that Century was investigating in good faith the Coalition's 75 plus discovery requests of various kinds, would provide a timely response, and would meet and confer if any questions remained open after both side's discovery responses were served.  We then confirmed this understanding in subsequent correspondence, including a May 26 letter to the Coalition's counsel, a copy of which is attached hereto as Exhibit 1.  Century plans to begin making rolling document productions next week.  Since the Coalition, TCC, and Future Claimants' Representative have yet to meet and confer on the Century's responses or review the documents that Century will be producing, any discussion of the adequacy of that production is entirely hypothetical and obviously premature.

Local Rule 7026-1 provides that parties are expected to "confer and in good faith attempt to reach agreement cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36 and these Local Rules."  Further, any discovery-related motion must be accompanied by certification from Delaware counsel that reasonable effort has been made to reach agreement with the opposing party.  L.R. 7026-1(d).  Failure to include that certification may result in denial of the discovery motion.  *Id.*

Wednesday's letter was sent while the parties were at the mediation and appears to be another attempt to disrupt the mediation.  The letter and confidential attachments were filed on the public docket, although the attachments were clearly labeled "Confidential" under the

protective order.  Moreover, within minutes of filing the letter, the Coalition's founder, Tim Kosnoff, published it and Century's confidential discovery responses on the internet, also in violation of the applicable protective order. This follows on the heels of a stream of threats and false personal attacks directed at the Court and process.  *See* Exhibits 2–4 attached hereto.

Given this background, we respectfully request that the Court not address the May 26 letter until after the claimant counsel have actually reviewed the documents that Century plans to produce and engaged in a meet and confer with Century about any specific (not hypothetical) concerns the claimants have about the production.  If Your Honor would alternatively prefer that Century provide a substantive response to Wednesday's letter, we are prepared to provide that response once the ongoing mediation has concluded.

Respectfully submitted,

*/s/ Tancred Schiavoni*

Tancred Schiavoni
O'MELVENY & MYERS LLP

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*