IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**Objection Deadline: June 15, 2021 at 4:00 p.m. (ET)**
**Hearing Date: To be determined**

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE OFFICIAL TORT CLAIMANTS' COMMITTEE TO EXPAND THE SCOPE OF THE RETENTION OF CBRE, INC., EFFECTIVE AS OF APRIL 15, 2021

The Official Committee of Tort Claimants (consisting of survivors of childhood sexual abuse) (the "Tort Claimants' Committee" or the "TCC") appointed in the above-captioned cases (the "Cases") hereby submits this application (the "Application") seeking entry of an order pursuant to sections 328(a), 330, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the TCC to expand the scope of its retention of CBRE, Inc. ("CBRE" or the "Firm"), effective as of April 15, 2021. In further support of this Application, the TCC respectfully states the following:

### Jurisdiction

1.　　The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the TCC confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 328, 330, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.  Flat fee compensation will be paid in accordance with sections 328 and 331 of the Bankruptcy Code and any hourly compensation in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4. On February 18, 2020 (the "Petition Date"), the Debtors commenced these Cases by filing voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5. On March 4, 2020 the United States Trustee (the "U.S. Trustee") formed the TCC consisting of nine survivors of childhood sexual abuse.

6. As discussed in the First Day Declaration [Docket No. 16] and the Informational Brief [Docket No. 4] filed by the Debtors on the Petition Date, Debtor Boy Scouts

of America ("BSA") is a defendant in numerous lawsuits related to historical acts of sexual abuse in its programs.  The Debtors have stated that, as of the Petition Date, there were approximately 275 pending civil actions asserting personal injury claims against the BSA (as well as certain local councils and chartered organizations) related to abuse suffered by a Scout at the hands of a Scouting leader, volunteer, or another member of the BSA.  After the November 16, 2020 claim filing bar date, more than 84,000 sexual abuse claims have been filed.

**Retention of CBRE to Value the Local Council Real Properties**

7. There are approximately 253 Boy Scout Local Councils ("Local Councils") that own over 1,000 separate real properties including camps, service centers, and Scout Shops (each a "Real Property" and together the "Real Properties"). The TCC retained CBRE to assist in determining the value of the Real Properties.  As set forth in the TCC's original application to retain CBRE [D.I. 1785] (the "CBRE Retention Application"), if the Local Councils are to receive the benefit of a channeling injunction under a consensual plan, the Local Councils must contribute adequate consideration towards a victims compensation trust, and a key component of such value will be derived from the Real Properties.  The order approving CBRE's retention by the TCC was entered on December 15, 2020.  *See Order Pursuant to Sections 328(a), 330, 331, and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of CBRE, Inc. as Real Estate Advisor, Effective as of December 1, 2020* [D.I. 1846] (the "CBRE Retention Order").

8.  Beginning on or about April 15, 2021, pursuant to a *Consulting Services Agreement* executed by the TCC on April, 28, 2021 (the "Consulting Agreement"), CBRE began performing (and will continue to perform as necessary) certain additional real estate services related to the creation of an interactive online map to help the TCC visualize the impact of potential real estate decisions by combining valuation, demographic and other data related to the Real Properties. The additional real estate services performed by CBRE are described in further detail in Appendix A to the Consulting Agreement, a copy of which is attached hereto as Exhibit A.

9.  Under this proposed expanded retention, CBRE will charge a one-time fixed fee of $7,500 related to certain research tasks and $3,500 per month for April 15, 2021-May 14, 2021 and May 15, 2021-June 14, 2021 and for such additional months are as needed and mutually agreed to by the TCC and CBRE. *See* Exhibit A.[2]

10.  The TCC believes that CBRE is well-qualified to render the additional real estate services described in the Consulting Agreement.

**Relief Requested**

11.  By this Application, the TCC respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 328(a), 330, 331, and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the TCC to expand the scope of CBRE's retention consistent with the terms and conditions set forth in the Consulting Agreement attached hereto as Exhibit A to create an

---

[2] A minimum fee of $14,500 will be charged for the expanded real estate services provided by CBRE to the TCC through June 14, 2021.

interactive online map to assist the TCC to visualize the impact of potential real estate decisions by combining valuation, demographic, and other data (the "Additional Services"). The TCC seeks to expand the scope of CBRE's services effective as of April 15, 2021 because CBRE began providing the Additional Services as of that date.

12. The TCC believes the fees charged by CBRE for the Additional Services are reasonable, that CBRE is best qualified to provide the Additional Services and the expansion of the scope of CBRE's retention is in the best interest the Debtors' estates and their creditors. All other terms of CBRE's retention as set forth in the CBRE Retention Application and approved by the CBRE Retention Order will remain in full force and effect except to the extent expanded by the terms of the Consulting Agreement.

13. For the reasons set forth herein, the TCC believes that the expansion of the real estate services provided by CBRE is necessary and appropriate in the Cases to protect the interests of the TCC's constituents.

**No Adverse Interest and Disclosure of Connections**

14. As set forth in the Baroch Declaration attached to the CBRE Retention Application, the *Supplemental Declaration of Thomas Baroch* [D.I. 1832] and the *Second Supplemental Declaration of Thomas Baroch* [D.I. 2261] filed in support of the CBRE Retention Application, CBRE does not hold or represent any interest that is adverse to the TCC and the Debtors' estates that would create a material conflict of interest, and does not hold or represent any interest adverse to and has no connection with the TCC, the Debtors, their creditors or any party in interest herein in the matters upon which CBRE is to be retained that would create a

material conflict of interest.  Therefore, to the best of the TCC's knowledge, CBRE is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.  The TCC submits that its proposed expansion of the scope of CBRE's retention is in the best interests of the TCC and its members.

**Professional Compensation**

15.     Subject to Court approval in accordance with section 328(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to CBRE for a one-time fixed fee of $7,500 related to certain research tasks and $3,500 per month for April 15, 2021-May 14, 2021 and May 15, 2021-June 14, 2021 and for such additional months are as needed and mutually agreed to by the TCC and CBRE, with CBRE to receive a minimum payment of $14,500 for services provided through June 14, 2021.

16.     CBRE shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code, as applicable, and the applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. CBRE also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures both in connection with this Application and the interim and final applications CBRE will file in these Cases.  To the extent CBRE seeks compensation on a fixed fee basis, it will seek judicial review of its compensation pursuant to the standards of section 328(a) of the Bankruptcy Code and no other standard.  All hourly compensation will be subject to section 330 of the Bankruptcy Code.

17. Because CBRE is being compensated on a fixed fee basis, there shall be no requirement that CBRE maintain time records related or pertaining to its services hereunder, except if and to the extent that it becomes subject to a subpoena or other discovery request, in which event it maintains time records and shall be entitled to bill by the tenth of an hour for its time spent responding to such subpoena or discovery request. In such event, CBRE will bill at its standard hourly rates for responding to discovery requests. Those standard hourly rates range from $450-$750 per hour.

## **Notice**

18. Notice of this Application has been given to the U.S. Trustee, counsel to the Debtors, and all parties that filed a notice of appearance in these Cases as of the date hereof. In light of the nature of the relief requested herein, the TCC submits that no other or further notice is required.

WHEREFORE, the Official Tort Claimants' Committee requests that this Court enter an order in these Cases substantially in the form attached hereto as **Exhibit B** authorizing the expanded retention of CBRE for the Official Tort Claimants' Committee, effective as of April 15, 2021, and granting such other and further relief as is just and proper.

Dated: June __1__, 2021

THE OFFICIAL TORT CLAIMANTS'
COMMITTEE OF THE BOY SCOUTS OF
AMERICA AND DELAWARE BSA, LLC

By: *John P Humphrey Jr*
Name: John Humphrey

Solely in his capacity as Chair of the Official Tort Claimants' Committee of the Boy Scouts of America and Delaware BSA, LLC

DOCS_DE:234448.3 85353/002