# brownrudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
EGoodman@brownrudnick.com

June 2, 2021

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court for the District
of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

RE: **In re Boy Scouts of America and Delaware BSA, LLC, Case No. 20-10343**

Dear Judge Silverstein:

The Official Committee of Tort Claimants (the "TCC"), the Coalition of Abused Scouts for Justice (the "Coalition"), and James L. Patton, the Future Claimants' Representative (the "FCR" and together with the TCC and the Coalition, the "Movants") write the Court respectfully in response to counsel's letter to Your Honor dated May 28, 2021 [D.I. 5127] (the "Century Letter") and further to Movants' letter to Your Honor dated May 26, 2021 [D.I. 5057] seeking an order compelling Century Indemnity Company ("Century") and Chubb Group Holdings, Inc. ("Chubb") to produce documents related to (i) the 1995 and 1996 restructuring of INA Financial Corporation and its subsidiaries and (ii) the financial condition of each entity (including Century, Chubb, and any related entities) that is financially responsible for the liabilities arising under the INA Policies that the Debtors are proposing to contribute to the Settlement Trust (the "Documents").

Consistent with past practice, Century has failed to disclose relevant facts to the Court. Movants jointly served discovery on Century on April 23, 2021—***40 days ago***. Not a single document has been produced in response to these requests.

Consistent with discovery practices in these proceedings to date, Movants requested a response within 14 days, or by May 7, 2021. After Century filed an objection, Movants sought to meet and confer with Century. On Monday, May 17, 2021, *after* Century's counsel confirmed his availability for a telephone call at 10:00AM the following day, counsel for the Coalition circulated a dial in and scheduled a call for May 18, 2021 at 10:00AM. *See* Ex. A.

Coalition counsel opened the call on Tuesday at 10:00AM, but Century's lead counsel initially failed to join the call and only participated after outreach directly to him. During the meet and confer, Century refused to agree to produce the requested Documents, and counsel to the


The Honorable Laurie Selber Silverstein
June 2, 2021
Page 2

Coalition made clear its intention to move to compel their production.  Century's counsel stated during the meet and confer that Century would respond to the discovery by Friday, May 21, 2021.  Based on this representation, the Coalition agreed to wait before bringing this matter to the Court and asked to schedule a second meet and confer on Monday, May 24, 2021.  *See* Ex. B.  Century did **not** provide any discovery responses on Friday, May 21, 2021 as promised.

On Monday, May 24, 2021, after Century refused to respond to the Coalition's request for a second meet and confer, the Coalition's counsel sent Century's counsel the following email:

> We write to follow-up on my email from Tuesday, May 18, last week below.  During our May 18 morning meet and confer you said Century would be responding to the discovery on Friday, and we agreed to give you until Friday.  We received no discovery response from Century on Friday and, as of this email sent on Monday, May 24, still have no Century discovery response.  On Tuesday of last week in the email below we requested a meet and confer today to discuss the discovery response we thought we would receive on Friday and requested you provide times you would be available to meet and confer today.  You have [failed] to offer meet and confer times.  Are you available to meet and confer today on the status of Century's discovery response?  Please advise.

*See* Ex. C.  Century's counsel did **not** respond to this email and **refused** to offer additional meet and confer times.  It was not until the evening of Monday, May 24, 2021, that Century responded to the discovery.  Century's responses make it clear that Century has no intention of producing the Documents.  Given the importance of this issue and the upcoming hearing on the Disclosure Statement, we filed our letter of May 26, 2021 with the Court.[1]

The Movants do not believe that a Disclosure Statement should be approved until Century produces the requested Documents.  The Movants respectfully submit that, for the reasons stated previously and in light of Century's actions and positions, Century simply will not produce the key Documents unless ordered to do so by this Court.

Sincerely,

| Brown Rudnick LLP | Pachulski Stang Ziehl & Jones LLP | Young Conaway Stargatt & Taylor, LLP |
|---|---|---|
| /s/ David J. Molton | /s/ James Stang | /s/ Edwin Harron |
| Counsel to the Coalition of Abused Scouts for Justice | Counsel to the Official Committee of Tort Claimants | Counsel to the Future Claimants' Representative |

---

[1] The Coalition also wishes to remind the Court that Tim Kosnoff and his firm resigned as a representative law firm of the Coalition on September 29, 2020 (*see* D.I. 1429 at ¶ 7 n.3; D.I. 1432 at ¶ 7 n.7; D.I. 1445 at ¶ 1).



The Honorable Laurie Selber Silverstein
June 2, 2021
Page 3

| Monzack Mersky and Browder, P.A. | Pasich LLP | Gilbert LLP |

/s/ Rachel B. Mersky
Counsel to the Coalition of Abused Scouts for Justice

/s/ Jeffrey L. Schulman
Counsel to the Official Committee of Tort Claimants

/s/ Kami E. Quinn
Counsel to the Future Claimants' Representative