## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
                                     :

In re:                            :    Chapter 11
                                     :

Boy Scouts of America and      :    Case No. 20-10343 (LSS)
Delaware BSA, LLC,[1]           :
                                     :    (Jointly Administered)
                   Debtors.   :    **Hearing Date: TBD**
                                     :    **Objection Deadline: July 9, 2021 at 4:00 p.m. (ET)**
---------------------------------------------------------- X

### FIFTH INTERIM FEE APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH AND INCLUDING APRIL 30, 2021

| | |
|---|---|
| **Name of Applicant:** | Kramer Levin Naftalis & Frankel LLP |
| **Name of Client:** | Counsel to the Official Committee of Unsecured Creditors of Boy Scouts of America And Delaware BSA, LLC |
| **Time Period Covered by this Application:** | February 1, 2021 through April 30, 2021 |
| **Total Compensation Sought This Period:** | $440,818.00[2] |
| **Total Expenses Sought This Period:** | $2,136.42[3] |
| **Petition Date:** | February 18, 2020 |
| **Retention Date:** | May 11, 2020 *nunc pro tunc* to March 4, 2020 |
| **Date of Order Approving Employment:** | May 11, 2020 |
| **Total Compensation Approved by Interim Order to Date:** | $3,414,323.25 |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

[2] Total compensation reflects certain voluntary reductions.

[3] Kramer Levin reduced its expenses by $1,793.00 during the Compensation Period, both voluntarily and in accordance with the Local Rules of Bankruptcy Procedure for the District of Delaware.

| | |
|---|---|
| **Total Expenses Approved by Interim Order to Date:** | $61,715.44 |
| **Total Allowed Compensation Paid to Date:** | $3,976,705.41 |
| **Total Allowed Expenses Paid to Date:** | $68,086.65 |
| **Blended Rate in this Application for All Attorneys:** | $983.00 |
| **Blended Rate in this Application for All Timekeepers:** | $916.00 |
| **Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed:** | $0.00 |
| **Expenses Sought in This Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed:** | $0.00 |
| **Number of Professionals Included in This Application:** | 13 |
| **If Applicable, Number of Professionals in this Application Not Included in Staffing Plan Approved By Client:** | N/A |
| **If Applicable, Difference in Fees Budgeted and Compensation Sought for this Period:** | $606,857.00 Below Budgeted Amount |
| **Number of Professionals Billing Fewer than 15 Hours to the Case During this Period:** | 7 |
| **Any Rate Increases Since Retention?** | Yes |

This is an: <u>X</u> interim __ final application.

## SUMMARY OF PROFESSIONALS FOR THE COMPENSATION PERIOD

| Name of Professional Person | Year of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[4] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Mayer, Thomas Moers | 1982 | **Partner** Creditors' Rights (Since 1998) | $1,575.00 | 20.20 | $31,815.00 |
| Rabinowitz, Daniel A. | 1995 | **Partner** Corporate (Since 2013) | $1,300.00 | 13.20 | $17,160.00 |
| Holob, Marissa J. | 2001 | **Partner** Employee Benefits (Since 2018) | $1,200.00 | 2.80 | $3,360.00 |
| Ringer, Rachael L. | 2011 | **Partner** Creditors' Rights (Since 2019) | $1,200.00 | 72.50 | $87,000.00 |
| Stoopack, Helayne O. | 1982 | **Counsel** Tax (Since 2019) | $1,130.00 | 0.60 | $678.00 |
| Hamerman, Natan | 2002 | **Counsel** Litigation (Since 2017) | $1,130.00 | 37.30 | $42,149.00 |
| Cahn, Avram | 1988 | **Special Counsel** Employee Benefits (Since 2007) | $1,105.00 | 4.20 | $4,641.00 |
| Sharret, Jennifer | 2008 (NY; NJ) | **Special Counsel** Creditors' Rights (Since 2018) | $1,105.00 | 13.30 | $14,696.50 |
| Campbell, Patrick J. | 2014 | **Associate** Litigation (Since 2018) | $1,040.00 | 1.60 | $1,664.00 |
| Wasson, Megan | 2017 | **Associate** Creditors' Rights (Since 2016) | $950.00 | 118.90 | $112,955.00 |
| Chakraborty, Rupita | 2019 | **Associate** Litigation (Since 2019) | $950.00 | 0.60 | $570.00 |
| Essner, Zoe | 2021 | **Associate** Creditors' Rights (Since 2020) | $715.00 | 137.30 | $98,169.50 |
| Beck, Samuel | N/A | **Paralegal** Creditors' Rights (Since 2019) | $440.00 | 59.00 | $25,960.00 |
| | | | **TOTAL** | **481.50** | **$440,818.00** |

**Blended Rate: $916.00**

---

[4] This rate is Kramer Levin's regular hourly rate for legal services. All hourly rates are adjusted by Kramer Levin on a periodic basis (the last such adjustment occurred on January 1, 2021). In addition, the rates for certain associates have increased (as of September 1, 2020) in connection with their yearly step-up in seniority, but this does not constitute a rate increase.

**SUMMARY OF TIME BY BILLING**
**CATEGORY FOR COMPENSATION PERIOD**

| Task Code | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 073427-00001 | Case Administration | 9.30 | $5,558.50 |
| 073427-00002 | Committee Meetings and Communications | 146.50 | $141,168.50 |
| 073427-00005 | Bar Date, Noticing and Reconciliation Issues | 4.80 | $5,058.50 |
| 073427-00006 | Adversary Proceedings and Bankruptcy Litigation | 13.60 | $13,707.00 |
| 073427-00007 | Plan/Disclosure Statement Issues | 142.20 | $145,148.00 |
| 073427-00011 | Creditor Communications | 0.50 | $404.50 |
| 073427-00013 | Employee and Labor Issues | 4.20 | $4,943.50 |
| 073427-00016 | Collateral Review | 2.10 | $2,118.00 |
| 073427-00017 | Fee Statements and Applications | 64.60 | $37,899.50 |
| 073427-00018 | Cash Collateral | 15.40 | $15,591.50 |
| 073427-00020 | Committee Investigation | 21.50 | $13,117.00 |
| 073427-00021 | Hearings and Court Matters | 37.90 | $35,991.00 |
| 073427-00022 | Insurance Issues | 1.80 | $1,287.00 |
| 073427-00025 | Professional Retention | 1.00 | $832.00 |
| 073427-00026 | Debtor Retention Applications | 0.10 | $71.50 |
| 073427-00029 | Communications with Debtors | 16.00 | $17,922.00 |
| | **TOTAL** | **481.50** | **$440,818.00** |

## DISBURSEMENTS AND EXPENSES FOR COMPENSATION PERIOD

| Expense Category | Service Provider (if applicable) | Total Expenses[5] |
|---|---|---|
| Court Call Fees | Court Call | $244.50 |
| Lexis Online Research | Lexis | $1,218.29 |
| Pacer | Pacer | $28.30 |
| Telecommunications Charges | Kramer Levin | $600.93 |
| Transcript Fees | Reliable | $44.40 |
| **TOTAL** | | **$2,136.42** |

---

[5] Kramer Levin reduced expenses by $1,793.00 during the Compensation Period voluntarily and in accordance with the local rules and U.S. Trustee Guidelines.

**SUMMARY OF MONTHLY FEE**
**APPLICATIONS FILED DURING THE COMPENSATION PERIOD**

| Date Filed | Period Covered | Requested Fees | Requested Expenses |
|---|---|---|---|
| 5/5/2021 | 2/1/2021 – 2/28/2021 | $213,649.50 | $1,648.44 |
| 5/5/2021 | 3/1/2021 – 3/31/2021 | $125,688.50 | $162.39 |
| 6/3/2021 | 4/1/2021 – 4/30/2021 | $101,480.00 | $325.59 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| ------------------------------------------------- X | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| Boy Scouts of America and | : | Case No. 20-10343 (LSS) |
| Delaware BSA, LLC,[1] | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : | **Hearing Date: TBD** |
|  | : | **Objection Deadline: July 9, 2021 at 4:00 p.m. (ET)** |
| ------------------------------------------------- X |  |  |

### FIFTH INTERIM FEE APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH AND INCLUDING APRIL 30, 2021

In accordance with the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Dkt. No. 341] (the "**Interim Compensation Order**"), Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**"), as counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") in the above-captioned proceedings (the "**Chapter 11 Cases**") of Boy Scouts of America and Delaware BSA, LLC as debtors and debtors in possession (collectively, the "**Debtors**"), hereby submits this fifth interim fee application (the "**Application**"), for the allowance of compensation for professional services performed by Kramer Levin for and on behalf of the Creditors' Committee for the period commencing February 1, 2021 through and including April 30, 2021 (the "**Compensation**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

**Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "**Local Rules**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), and the *Order Appointing Fee Examiner and Establishing Related Procedures of the Review of Applications of Retained Professionals* [Dkt. No. 1342] ("the **Fee Examiner Order**").  In support of this Application, Kramer Levin represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

3.      Since its appointment, the Creditors' Committee has played an active and important role in these Chapter 11 Cases, with its continued efforts during the Compensation Period primarily focused on: (1) preparing for and participating in mediation sessions and discussions with the mediators regarding major case issues; (2) negotiating, together with the Tort Claimants' Committee (the "**TCC**") and the Future Claims Representative, stipulations extending the Challenge Period (as defined in the Cash Collateral Order), (3) negotiating and documenting a

settlement of potential estate claims with the Debtors and JPMorgan, (4) reviewing and commenting the Plan and Disclosure Statement, and (5) analyzing and conducting legal research regarding various motions to lift the automatic stay and other case issues.

4.       The substantial efforts of the Creditors' Committee, occurring over the period of time represented by the Compensation Period, required significant resources of Kramer Levin for the benefit of the estate.  Kramer Levin conducted extensive negotiations with interested parties, researched relevant legal and factual issues involved, advised the Creditors' Committee on options and solutions to complex problems, and, when necessary, prepared to litigate unresolved issues. In addition, Kramer Levin worked diligently to ensure that the Creditors' Committee was appropriately informed of all case updates – either through weekly Creditors' Committee calls or through extensive and detailed near-daily e-mail reports to the Creditors' Committee.

5.       Accordingly, Kramer Levin respectfully submits that its services during the Compensation Period warrant approval of its requested fees and expenses.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

6.       This Application has been prepared in accordance with the U.S. Trustee Guidelines, and the Interim Compensation Order (collectively with the U.S. Trustee Guidelines, the "**Guidelines**").  Pursuant to the Guidelines, a certification of Rachael L. Ringer ("**Ringer Certification**") regarding compliance with the same is attached as **Exhibit 1** hereto.

7.       Kramer Levin seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $440,818.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $2,136.42. During the Compensation Period, Kramer Levin's attorneys and paraprofessionals expended a total of 481.50 hours in connection with the necessary services performed.

8.     On January 19, 2021 Kramer Levin filed the *Notice of Rate Increase of Kramer Levin Naftalis & Frankel LLP as Counsel for the Official Committee of Unsecured Creditors* [Dkt. 1959] (the "**Notice of Rate Increase**").  All hourly rates are adjusted by Kramer Levin on a periodic basis.

9.     There is no agreement or understanding between Kramer Levin and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

10.     The fees charged by Kramer Levin in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the *Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 for an Order Approving the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Counsel to the Creditors' Committee Nunc Pro Tunc to March 4, 2020* [Dkt. No. 481] (the "**Retention Application**").

11.     During the Compensation Period, Kramer Levin exercised its billing discretion and, as discussed in more detail below, voluntarily wrote off certain fees and expenses.

12.     A budget and staffing plan for the Compensation Period is attached hereto as **Exhibit 2** and includes a comparison to actual amounts.[2]

13.     Kramer Levin's rates in these Chapter 11 Cases are consistent with the rates charged by Kramer Levin to its non-bankruptcy clients.  These rates are similar to the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy and

---

[2] A non-itemized, monthly budget of $350,000 per month, for the months covered by the Compensation Period was provided to the Debtors as requested by the Debtors and in accordance with the Cash Collateral Order (defined herein). An itemized budget is included herein.  Kramer Levin confirms that the fees sought in this Application are, in the aggregate, lower than the non-itemized budget, which provided for estimated total fees of $1,050,000.00 during the Compensation Period.

bankruptcy cases in a competitive national legal market.  Pursuant to the Guidelines, **Exhibit 3** discloses the blended hourly rates for all non-bankruptcy timekeepers in the New York office of Kramer Levin and the blended hourly rates for timekeepers who billed to the Creditors' Committee during the Compensation Period.

14.    As required by the U.S. Trustee Guidelines, annexed hereto as **Exhibit 4** is a schedule setting forth all Kramer Levin professionals and paraprofessionals who performed services in these Chapter 11 Cases during the Compensation Period, the capacities in which such individuals are employed by Kramer Levin, the hourly billing rates of such individuals, and the aggregate number of hours expended and fees billed by such individuals.

15.    As required by the U.S. Trustee Guidelines, annexed hereto as **Exhibit 5** is a summary of Kramer Levin's time billed during the Compensation Period, broken down by project categories, as hereinafter described.  Annexed hereto as **Exhibit 6** is Kramer Levin's time detail for the Compensation Period.

16.    Annexed hereto as **Exhibit 7** is a schedule specifying the categories of expenses for which Kramer Levin is seeking reimbursement and the total amount for each expense category for the Compensation Period.

17.    On May 5, 2021, Kramer Levin filed the Twelfth Monthly Fee Application of Kramer Levin Naftalis & Frankel LLP, Counsel to the Official Committee of Unsecured Creditors, for the period of February 1, 2021 through February 28, 2021 [Dkt. No. 3145] (the "**Twelfth Monthly Fee Application**") seeking fees in the total amount of $213,649.50 and expenses in the total amount of $1,648.44.  On May 5, 2021, Kramer Levin filed the Thirteenth Monthly Fee Application of Kramer Levin Naftalis & Frankel LLP, Counsel to the Official Committee of Unsecured Creditors for the period March 1, 2021 through March 31, 2021 [Dkt. No. 3152] (the

"**Thirteenth Monthly Fee Application**") seeking fees in the total amount of $125,688.50 and expenses in the total amount of $162.39. On June 3, 2021, Kramer Levin filed the Fourteenth Monthly Fee Application of Kramer Levin Naftalis & Frankel LLP, Counsel to the Official Committee of Unsecured Creditors for the period April 1, 2021 through April 30, 2020 [Dkt. No. 5220] (the "**Fourteenth Monthly Fee Application**" and together with the Twelfth Monthly Fee Application and the Thirteenth Monthly Fee Application, the "**Monthly Fee Applications**") seeking fees in the total amount of $101,480.00 and expenses in the total amount of $325.59.

18.     The Monthly Fee Applications contain detailed time logs describing the actual and necessary services provided by Kramer Levin during the Compensation Period, as well as other detailed information required to be included in fee applications. The Monthly Fee Applications are incorporated herein by reference.

19.     Prior to filing this Application, Kramer Levin provided the Creditors' Committee with a copy of the Application. To date, the Creditors' Committee has not objected to the requested amount.

## **BACKGROUND**

20.     On February 18, 2020 (the "**Petition Date**"), the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code in this Court. The Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases were consolidated for procedural purposes only and were jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

21.     On March 4, 2020, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), pursuant to sections 1102(a) and (b) of title 11 of the Bankruptcy Code, appointed the

Creditors' Committee to serve as the Creditors' Committee for each Debtor and to represent the interests of all unsecured creditors in these Chapter 11 Cases.  The members appointed to the Creditors' Committee were: (i) the Pension Benefit Guaranty Corporation, (ii) Girl Scouts of the United States of America, (iii) Roger A. Ohmstede, (iv) Pearson Education, Inc. and (v) Lion Brothers Company, Inc.  At a meeting held the same day, the Creditors' Committee selected Kramer Levin to serve as its counsel.

22.     On April 23, 2020, Kramer Levin filed its Retention Application.  On May 11, 2020, the Court entered the *Order Approving the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Counsel to the Creditors' Committee Nunc Pro Tunc to March 4, 2020* [Dkt. No. 607] (the "**Retention Order**").

23.     On September 18, 2020, the Court entered the Fee Examiner Order appointing Rucki Fee Review, LLC as the Fee Examiner (the "**Fee Examiner**") to provide assistance to the Court related to professional fee and expense analysis and review.

## SUMMARY OF LEGAL SERVICES RENDERED

24.     As summarized herein, Kramer Levin and the Creditors' Committee's other professionals were required to expend substantial time and effort during the Compensation Period assisting the Creditors' Committee in the fulfilment of its statutory duties and responsibilities.  The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in **Exhibit 6**.  Rather, the following summary highlights certain areas in which services were rendered to the Creditors' Committee and identifies some of the issues to which Kramer Levin devoted significant time and effort during the Compensation Period.

25.     The summary is divided according to the project billing codes, which were created by Kramer Levin to best reflect the categories of tasks that it was required to perform in connection with these Chapter 11 Cases.    Nevertheless, under the circumstances, and given the interconnectedness of the issues in these Chapter 11 Cases, certain of these categories may overlap with others.[3]

**A.      Case Administration
         Kramer Levin Billing Code: 1
         (Fees: $5,558.50 / Hours Billed: 9.30)**

26.     In light of the size and complexity of these cases, Kramer Levin was required to expend meaningful time during the Compensation Period in connection various administrative tasks necessary to assist the Creditors' Committee in efficiently fulfilling its statutory oversight role, including, but not limited to: maintaining work-in-progress reports and work streams; holding internal organizational meetings; monitoring calendars of critical dates; preparing materials for internal distribution; obtaining filed pleadings and maintaining case folders of the same; and routine communications and correspondences regarding case status both internally and with Reed Smith LLP and/or AlixPartners (collectively, the "**Creditors' Committee Professionals**").

27.     In performing the above tasks, to conserve costs, Kramer Levin utilized paraprofessionals whenever possible to perform non-legal administrative tasks.    Such paraprofessional fees were incurred directly in connection with the administration of the case and were necessary and appropriate in connection with the Creditors' Committee's role in these Chapter 11 Cases.

---

[3] The fees and hours for each matter listed below reflect the voluntary write-offs and reductions of the Monthly Fee Applications discussed above.

**B.      Committee Meetings and Communications**
       <u>**Kramer Levin Billing Code: 2**</u>
       **(Fees: $141,168.50 / Hours Billed: 146.50)**

28.      Given the level of activity during the Compensation Period, the Creditors' Committee generally held Creditors' Committee telephonic meetings approximately once a week. The general purpose of meetings with the Creditors' Committee was to keep Creditors' Committee members informed of developments and current issues in these Chapter 11 Cases, and to discuss, analyze, and vote on Creditors' Committee positions with respect to matters requiring the Creditors' Committee's input.  Creditors' Committee meetings required significant preparation by Kramer Levin professionals and typically lasted approximately one hour.

29.      Creditors' Committee meetings often required internal pre and post-meeting conferences to prepare for Creditors' Committee calls and/or to discuss follow-up items that arose on such calls.  Kramer Levin coordinated with Creditors' Committee Professionals prior to these meetings, on tasks including drafting and setting agendas and preparing and reviewing materials. Frequently, due to the number and complexity of items on the agenda for a given Creditors' Committee meeting, the participation of multiple professionals (including from multiple legal fields) was necessary to either address agenda items and/or ensure that Kramer Levin could be responsive to Creditors' Committee members' questions as they arose.  Kramer Levin also took notes throughout each meeting and maintained meeting minutes, which were subsequently approved by the Creditors' Committee.

30.      Kramer Levin also had numerous conference calls and emails with individual Creditors' Committee members and Creditors' Committee advisors to address any issues that arose and to discuss developments related to the Chapter 11 Cases.

31.      In addition, on an almost daily basis, Kramer Levin provided the Creditors' Committee with detailed e-mail updates of recently filed pleadings, case issues and other items

and real-time updates relevant to the Chapter 11 Cases.  The update e-mails often included: (i) analyses conducted by Creditors' Committee Professionals of relief requested by the Debtors or documents that were the subject of negotiations with the Debtors or other parties-in-interest; and (ii) recommendations as to how the Creditors' Committee should proceed with respect to pending motions or negotiations.

**C.      Bar Date, Noticing and Claims Reconciliation Issues**
      <u>**Kramer Levin Billing Code: 5**</u>
      **(Fees: $5,058.50 / Hours Billed: 4.80)**

32.      During the Compensation Period, Kramer Levin services performed in connection with this category relate to: (i) reviewing the memorandum opinion concerning the dismissal of the bar date order appeal [Adv. Pro. 20-774-RGA, Docket No. 25]; and (ii) researching issues in connection with the bar date.

**D.      Adversary Proceedings and Bankruptcy Litigation**
      <u>**Kramer Levin Billing Code: 6**</u>
      **(Fees: $13,707.00 / Hours Billed: 13.60)**

33.      During the Compensation Period, Kramer Levin services performed in connection with this category relate to: (i) reviewing the filed pleadings in the TCC's adversary proceeding regarding the Debtors' identified property [Adv. Pro. 20-50032-LSS]; and (iii) communicating internally and with case professionals concerning the Creditors' Committee's intervention in the aforementioned adversary proceeding, as well as related discovery issues.

**E.      Plan/Disclosure Statement Issues**
      <u>**Kramer Levin Billing Code: 7**</u>
      **(Fees: $145,148.00 / Hours Billed: 142.20)**

34.      During the Compensation Period, Kramer Levin devoted significant time and resources preparing for and attending mediation sessions and calls with the mediators and negotiating a settlement of certain estate claims through mediation.  Kramer Levin also (i) reviewed and provided comments on the Debtors' proposed plan of reorganization and disclosure

statement; (ii) drafted and revised a draft letter in support of the Debtors' proposed plan of reorganization; (iii) drafted and revised a draft "Frequently Asked Questions" document for certain general unsecured creditors regarding the Debtors' proposed plan of reorganization, and (iv) drafted and finalized a term sheet, which was attached to the First Mediators' Report [Dkt. No. 2292], settling the treatment of certain claims that general unsecured creditors could assert against the Debtors and JPMorgan.

**F.    Creditor Communications**
       **Kramer Levin Billing Code: 11**
       **(Fees: $404.50 / Hours Billed: 0.50)**

35.    During the Compensation Period, Kramer Levin devoted time and resources to communicating with and responding to questions from creditors.

**G.    Employee and Labor Issues**
       **Kramer Levin Billing Code: 13**
       **(Fees: $4,943.50 / Hours Billed: 4.20)**

36.    During the Compensation Period, Kramer Levin reviewed and analyzed issues in connection with the Boy Scouts of America Retirement Benefit Restoration Plan.

**H.    Collateral Review**
       **Kramer Levin Billing Code: 16**
       **(Fees: $2,118.00 / Hours Billed: 2.10)**

37.    Throughout the Compensation Period, Kramer Levin expended time negotiating a seventh and eighth extension of the Challenge Period (as defined in the Cash Collateral Order) with the various case constituents [Docket Nos. 2161, 2265].

**I.    Fee Statements and Applications**
       **Kramer Levin Billing Code: 17**
       **(Fees: $37,899.50 / Hours Billed: 64.60)**

38.    Throughout the Compensation Period, Kramer Levin worked to ensure that its applications for compensation submitted in these Chapter 11 Cases complied in all respects with local rules and the U.S. Trustee Guidelines.  This included reviewing the applications and time

entries to ensure that confidential information was not inadvertently disclosed, and that privilege remained intact in the descriptions of work conducted.  In addition, Kramer Levin exercised its billing discretion, and wrote off certain fees and expenses where warranted.  In performing the above tasks, to conserve costs, Kramer Levin utilized paraprofessionals whenever possible to perform non-legal administrative tasks.

39.     Time expended in this matter also includes time spent reviewing and responding to the Fee Examiner's reports regarding Kramer Levin's third interim fee application.

**J.     Cash Collateral**
**Kramer Levin Billing Code: 18**
**(Fees: $15,591.50 / Hours Billed: 15.40)**

40.     During the Compensation Period, Kramer Levin: (i) reviewed the joint motion of the TCC and Future Claimants' Representative for standing to prosecute certain estate claims, as well as related  pleadings; (ii) drafted a response and limited joinder to the Debtors' objection to the standing motion [Dkt. No. 2737]; and (iii) communicated internally and with the Debtors regarding the same.

**K.     Committee Investigation**
**Kramer Levin Billing Code: 20**
**(Fees: $13,117.00 / Hours Billed: 21.50)**

41.     In accordance with the Creditors' Committee's fiduciary duties, Kramer Levin spent time during the Compensation Period organizing and reviewing data room documents, as well as communicating internally regarding discovery issues.

**L.     Hearings and Court Matters**
**Kramer Levin Billing Code: 21**
**(Fees: $35,991.00 / Hours Billed: 37.90)**

42.     During the Compensation Period, Kramer Levin spent time preparing for and attending the hearing on the appeal of Sidley Austin LLP's retention as Debtors' counsel on

February 9, 2021, the omnibus hearing on February 17, 2021,  the status conference on April 12, 2021, and the omnibus hearing on March 17, 2021.

**M.      Insurance Issues**
         **Kramer Levin Billing Code: 22**
         **(Fees: $1,287.00 / Hours Billed: 1.80)**

43.    During the Compensation Period, Kramer Levin expended time and effort reviewing precedent bankruptcy court decisions regarding insurance neutrality.

**U.      Professional Retention**
         **Kramer Levin Billing Code: 25**
         **(Fees: $832.00 / Hours Billed: 1.00)**

44.    Kramer Levin expended time and effort during the Compensation Period revising a supplemental declaration for its retention application to disclose additional connections.

**V.      Debtor Retention Applications**
         **Kramer Levin Billing Code: 26**
         **(Fees: $71.50 / Hours Billed: 0.10)**

45.    During the Compensation Period, Kramer Levin spent time reviewing and communicating internally regarding the dismissal of the appeal regarding White and Case LLP's retention as Debtors' counsel.

**W.      Communications with Debtors**
         **Kramer Levin Billing Code: 29**
         **(Fees: $17,922.00 / Hours Billed: 16.00)**

46.    Throughout the Compensation Period, Kramer Levin prepared for and participated in weekly or bi-weekly telephonic meetings, and engaged in frequent telephone and email communications, with the Debtors' advisors to discuss important matters in these Chapter 11

- 13 -

Cases. These communications helped coordinate efforts between the Creditors' Committee and Debtors, where appropriate, and facilitated the exchange of information.

### **STATEMENT OF KRAMER LEVIN**

47. The foregoing professional services performed by Kramer Levin were appropriate and necessary for the effective administration of these Chapter 11 Cases. All services rendered were in the best interests of Creditors' Committee, the Debtors and the Debtors' estates. Compensation for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner.

48. The majority of the services performed by Kramer Levin were rendered by Kramer Levin's Corporate Restructuring and Bankruptcy Group. Kramer Levin has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings. The attorneys at Kramer Levin have represented debtors or creditors' committees in many chapter 11 cases. In addition, due to the facts and circumstances of these Chapter 11 Cases, attorneys from Kramer Levin's corporate practice group, as well as attorneys in other specialized areas as necessary, were involved with Kramer Levin's representation of the Creditors' Committee. Overall, Kramer Levin brings a particularly high level of skill and knowledge which has inured to the benefit of the Creditors' Committee and all stakeholders.

49. The professional services performed by Kramer Levin on behalf of the Creditors' Committee during the Compensation Period required an aggregate expenditure of 481.50 recorded hours by Kramer Levin's partners, counsel, associates, law clerks and paraprofessionals. Of the aggregate time expended during the Compensation Period, 108.70 recorded hours were expended by partners, 37.90 recorded hours were expended by counsel, 17.50 recorded hours were expended

by special counsel, 258.40 recorded hours were expensed by associates, and 59.00 recorded hours were expended by paraprofessionals.

50.     Kramer Levin's 2021 hourly billing rates for attorneys working on these Chapter 11 Cases ranged from $150.00 to $1,575.00.   For the Compensation Period, allowance of compensation in the amount requested will result in a total blended hourly billing rate (including paraprofessionals) of approximately $916.00.   Such fees are reasonable relative to the customary compensation received by Kramer Levin from non-bankruptcy clients and by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.

51.     As set forth in **Exhibit 7** hereto, Kramer Levin has disbursed $2,136.42 as expenses incurred in providing professional services during the Compensation Period.   Kramer Levin's policies in reimbursement for expenses for late-working professionals are not applicable for the expenses incurred during the Compensation Period.

52.     Pursuant to Local Rule 2016-2, Kramer Levin certifies that copying is charged at $0.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

53.     These charges are intended to cover Kramer Levin's direct operating costs, which costs are not incorporated into Kramer Levin's hourly billing rates.   Only clients who actually use services of the types set forth in **Exhibit 7** are separately charged for such services.

54.     Furthermore, Kramer Levin voluntarily determined not to seek reimbursement for various other expenses typically paid by Kramer Levin's other clients.   In total, Kramer Levin's requested expenses reflect a reduction of $1,793.00 in expenses incurred during the Compensation Period.

55.    Kramer Levin made every effort to minimize its disbursements in these cases.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Creditors' Committee.

### THE BASIS FOR THE RELIEF REQUESTED

56.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . , the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.  the time spent on such services;
>
> B.  the rates charged for such services;
>
> C.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

57.     Kramer Levin respectfully submits that pursuant the standards regularly applied to fee awards under sections 330 and 331 of the Bankruptcy Code, that the amount of compensation requested during the Compensation Period is "reasonable" considering the nature, extent and value of the professional services performed during the Chapter 11 Cases.  Kramer Levin's compliance with the *Johnson* factors is delineated below:

a)     *The Time and Labor Required*.  The professional services rendered by Kramer Levin on behalf of the Creditors' Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise.  The fees sought in this Application reflect an aggregate of hours expended by Kramer Levin attorneys and paraprofessionals performing services necessary and beneficial to the estate for the Compensation Period.  Work was carefully assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task and without unnecessary duplication.

b)     *The Novelty and Difficulty of Questions*.  These Chapter 11 Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues.  Kramer Levin believes that numerous issues in these cases have been complex and challenging.

c)     *The Skill Required to Perform the Legal Services Properly*.  The professionals primarily working on this matter are specialists in bankruptcy and related areas of practice.  Kramer Levin contends that professionals without such expertise would have expended many more hours addressing the issues raised in these Chapter 11 Cases thus far, with far less success.

d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  The time demands of general representation of the Creditors' Committee in these cases resulted in many of the Kramer Levin attorneys working either completely or almost completely full-time on this matter.  While no large-scale reassignment of work has been required to properly represent the Creditors' Committee, this representation did consume a significant amount of time and preclude attorneys from taking on additional work for other clients.

e)     *The Customary Fee*.  The rates charged by Kramer Levin for these services are reasonable relative to rates charged by Kramer Levin to non-bankruptcy clients and other professionals of comparable skill and competence in New York City.  Kramer Levin has diligently undertaken to minimize costs to the Debtors' estates while still ensuring that the Creditors' Committee receives the highest quality representation.

f) *Whether the Fee is Fixed or Contingent*. Kramer Levin's fees are neither fixed nor contingent other than on the contingency of allowance by the Court and availability of assets for payment. Fees are based on the actual total number of hours worked, less hours written off, plus actual expenses incurred.

g) *Time Limitations Imposed by Client or other Circumstances*. The representation of a creditors' committee in a chapter 11 case is inherently time sensitive, particularly a case such as this one in which time is of the essence. Kramer Levin was required to provide capable representation within the time limitations imposed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, counsel for various parties-in-interest, and this Court.

h) *The Amount Involved and Results Obtained*. Kramer Levin has assisted the Creditors' Committee in all facets of these cases. Kramer Levin believes that the information contained herein and in the attached exhibits, as well as the record in these proceedings, support the reasonableness of its requested compensation.

i) *The Experience, Reputation and Ability of the Attorneys*. Kramer Levin's partners, counsel and associates have regularly appeared in significant representations over many years, including bankruptcy cases throughout the United States.

j) *The Undesirability of the Case*. Kramer Levin has not found this case to be undesirable, but rather, considers the issues raised in this case to be interesting and of the type that Kramer Levin is well-suited to adequately address.

k) *Nature and Length of Professional Relationship*. As noted in the Application, Kramer Levin began its representation of the Creditors' Committee as of March 4, 2020.

l) *Awards in Similar Cases*. Based on Kramer Levin's experience, the fees requested herein are commensurate with fees allowed in proceedings of similar scope for the services rendered.

58. Based on an application of the above factors and its compliance with the Guidelines, Kramer Levin respectfully submits that approval of the compensation sought herein is warranted.

## STATEMENT PURSUANT TO APPENDIX B OF THE GUIDELINES

59. The following is provided in response to the request for additional information set forth in the Guidelines.

a) Kramer Levin seeks reimbursement of fees and expenses that are permissible under the relevant rules, court orders, and Bankruptcy Code provisions. In addition, Kramer

- 18 -

Levin provided voluntary write-offs of both fees and expenses during the Compensation Period in its discretion.

b) The fees and expenses sought in the Application are billed at rates customarily employed by Kramer Levin, and generally accepted by Kramer Levin's clients. None of the professionals seeking compensation in the Application varied their hourly rate based on the geographic location of the Debtors' cases.

c) This Application includes certain time (and fees) relating to preparing, reviewing or revising fee statements to comply with the local bankruptcy rules and U.S. Trustee guidelines. These fees are reflected in a portion of the amount requested in billing code number 17, Fee Applications and Statements. Such time was necessary in order to comply with applicable guidelines and the Interim Compensation Order and to file monthly fee applications (which is a distinct requirement in bankruptcy matters).

d) In connection with the preparation of its monthly invoices, Kramer Levin reviewed its monthly invoices at the time that they were filed for privilege and confidentiality. The Application includes fees incurred in conducting that review.

e) On January 19, 2021, Kramer Levin filed the Notice of Rate Increase [Dkt. 1959]. Kramer Levin adjusts its hourly rates on a periodic basis.

## NOTICE

60.    In accordance with the Interim Compensation Order, notice of the Application has been served upon each of the Notice Parties (including via regular or overnight mail on the U.S. Trustee).

## NO PRIOR REQUEST

61.    No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, Kramer Levin respectfully requests that the Court enter an order (i) awarding Kramer Levin the allowance of (a) fees for the Compensation Period in the amount

of $440,818.00 and (b) reimbursement for actual and necessary expenses Kramer Levin incurred during the Compensation Period in the amount of $2,136.42; (ii) authorizing and directing the Debtors to pay Kramer Levin all unpaid fees and expenses for the Compensation Period; and (iii) granting such other relief as is just and proper.

[*Signature Page to Follow*]

Dated:  June 25, 2021                       Respectfully submitted,
        New York, NY


                                  By:    */s/ Rachael L. Ringer*
                                         Thomas Moers Mayer, Esquire
                                         Rachael Ringer, Esquire
                                         Jennifer R. Sharret, Esquire
                                         Megan M. Wasson, Esquire
                                         KRAMER LEVIN NAFTALIS
                                            & FRANKEL LLP
                                         177 Avenue of the Americas
                                         New York, NY 10036
                                         Telephone: (212) 715-9100
                                         Facsimile: (212) 715-8000
                                         E-mail: tmayer@kramerlevin.com
                                         E-mail: rringer@kramerlevin.com
                                         E-mail: jsharret@kramerlevin.com
                                         E-mail: mwasson@kramerlevin.com

                                         *Counsel to the Official Committee of
                                         Unsecured Creditors*