June 24, 2021

Hon. Laurie Selber Silverstein
U.S. Bankruptcy Court
824 North Market Street
6th Floor
Wilmington, DE 19801

FILED
2021 JUN 29 AM 10: 30
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: Case No. 20-10343, SAC #▮▮▮▮

## SEXUAL-ABUSE SURVIVOR'S COMMENT & QUESTION LETTER ON THE THIRD & RED-LINED AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC

After reviewing the Third & Red-lined Amended Chapter 11 Plan of Reorganization for Boys Scouts of America and Delaware BSA, LLC, I continue to be shocked and dismayed by the BSA's arbitrary and capricious attempt to convince the Sexual-Abuse Survivors, and others similarly situated, to vote in favor of this latest reorganization plan.

As a lay-person and Sexual Abuse Survivor, I specifically take issue with the Settlement Trust and Trustee, the Claims Matrix, and the Claims Calculus. Not only are the proposed terms heavy handed and one-sided; the range of settlement funds to compensate the Direct and Allowed Sexual Abuse Survivors remains obscenely low. Though I do realize there are many un-knowns with respect to Non-Settling Insurance Companies and other sources of funding to be contributed to the Settlement Trust Fund later in time.

Take for instance what the BSA intends to contribute to the trust. According to the current plan, the BSA intends to provide Cash, Cash Equivalents and Other Assets to the trust in the amount of approximately $250 million. Yet, once the Reorganization is approved, they plan on retaining $345 million of residual cash obtained from the expiration of certain Bond issuances. Does this mean

the BSA will retain the entire $345 million? Or will they only retain the difference between the two amounts for a total of $95 million? This is confusing.

In this latest round, they want to include their $650 million "Hartford Settlement" into the Global Plan. Then they want to include amounts from Local Councils and Chartering Organizations for an additional $500 million each, give or take. I am sure there are other reasons why not to include the "Hartford Settlement" in the plan. So, it appears the initial funding of the Settlement Trust will be $1.9 billion. A ridiculously low amount if you ask me. But, then the Global Settlement Trust can potentially have up to $7+ billion in liabilities in the trust from the Non-Settling Insurance Companies. Obviously, it can take decades in litigation to recover even a portion of that amount. It is just another slap-in-the-face; a kick-in-the-teeth to every single Sexual Abuse Survivor. Furthermore, sexual abuse of Youth Scouts at the hands of Adult and Youth Perpetrators ran rampant in the BSA for many decades. Yet, I can only infer the non-profit corporation has taken in a lot of money from various sources over the years, which probably provides a comfortable lifestyle for the BSA's executives and employees. But at whose expense?

Now looking at the Settlement Trust Fund to be set-up by the BSA after the re-organization. There appears to be some inconsistencies in their analysis. The BSA intends to engage a Settlement Trustee to oversee the Trust. Has the trustee been identified? If so, what are their credentials? How much will they be paid for their services? What are the projected operating expenses of the trust? How many BSA employees, if any, will be employed by the trust? How many other hands will be involved in administrating the trust? Thus, reducing the potential funds available for the Sexual-Abuse Survivors. Because it is quite clear, with no disrespect to the Court, that the attorneys and other professionals in this bankruptcy case are earning obscene amounts of money. In short, do the Sexual Abuse Survivors have any say in the hiring of the trustee or other trust

appointees? I believe the class members entitled to vote, should also be able to vote for or against a trustee and other appointees. We are not given that option in this plan. Why not? Is it lawful for them to do that? Or maybe they thought we would just not notice? I believe the Court should intervene and order the appointment of an independent panel to form the Settlement Trust Fund and the hiring of the Settlement Trustee by a vote irrespective of the BSA.

Once the Settlement Trustee is appointed by whomever, they will be responsible to review every abuse claim to determine whether a claim is compensable or not. The analysis appears exhaustive, but it also lends itself to potential manipulation. Points are assigned based on various factors. How can we be assured that the Trustee will have only the Sexual Abuse Survivor's interest in mind and not the BSA's? Especially if a Trustee will be crammed down on us by the debtor in this version of the plan. Understanding that they have a fiduciary responsibility to manage the fund and protect it from outside interference. However, that is not always the case in these matters. This should concern everyone besides me.

In determining monetary values for the compensation of abuse victims, the debtor uses the "Bates-White" model. Is that the only model available to the debtors for their analysis? Are there other models that could be considered to provide greater renumeration? But did they choose this one because it is the least burdensome to them? Once again, we, the voters, are not given a choice in this matter. We are expected to blindly trust the debtor's decision. Sexual Abuse survivors have done that in the past. And look where it has led us. Using that model seems biased to me.

The Claims Matrix and Claims Calculus. The matrix assigns tiers to apply monetary values based on the type of abuse. Each level of abuse is assigned Base Points and Maximum Points. As mentioned earlier, the Trustee will review each compensable claim and will either add or subtract points based on several factors outlined in the debtor's proposal. From the way I read it, if there is

more than one allegation of sexual misconduct against an Adult or Youth Perpetrator, then the Trustee will assign the most egregious of the abuses to the next highest level in the matrix. Totally eliminating the other forms of abuse from the calculation, treating it as if it never happened.

Each abuse claim will start at the Base Point level to its assigned Tier category. The trustee will add or deduct points based on the criteria established in the plan as previously noted. If, after all the calculations, the dollar amounts exceed the maximum of points allowed for that Tier of abuse, then it is my understanding, the trustee will deduct points from the calculation so it will equal the maximum number of points assigned for that Tier of abuse. Thus, reducing the settlement fund's liabilities. Note here, the BSA is only concerned about saving itself money. That's it. How can we be assured the Trustee will assign proper values to an alleged claim of abuse with the survivor's interest in mind? This Trust Calculus is almost like ordering from a Chinese restaurant menu. You can only pick one choice from column A or column B for "x" amount of money. Or you can pick two choices from column A but only one choice from column B for "x" amount of money. But we will only deliver three fried wontons instead of four in the Column B choice. I think you can see where I am going with this. It is heavy handed. Again, it seems arbitrary and capricious to me.

While reviewing the Red-lined version and the original version, I noticed something the debtor's attorneys might have missed in the Claims Matrix Table. In Tier 5, "Touching of the Sexual or Other Intimate Parts (clothed)…" It also includes "Touching of the Sexual or Other Intimate parts (clothed or unclothed) by a Youth Perpetrator." Why was a "Perpetrator" missing from the former but included in the latter? It probably is a harmless mistake, but certainly it needs to be clarified. Also, why is there a distinction between "clothed and unclothed" in this Tier? Again, further review is required.

Lastly, can someone please define what is meant by "masturbation" in the matrix? It is not a naïve question. Quite the contrary. There are gradations of "masturbation." Was it "masturbation" performed on a Youth Scout by an Adult Perpetrator or Youth Perpetrator until climax? Or vice-a-versa? Could it also include the Youth Scout witnessing "masturbation" by an Adult Perpetrator or Youth Perpetrator with or without climax? Or could it be by the mere fact that a Perpetrator showed his or her genitals to a Youth Scout during a scouting event and began to perform a "masturbating act;" which was witnessed for only a moment? How long did the "masturbation" have to last for it to be considered "masturbation?" How will the settlement trustee decide how to deal with these issues on an objective basis? This type of abuse is treated vaguely and ambiguously in the plan. Regardless, whichever way you look at it, all these acts of abuse have had long-term, psycho-socio-economic effects on every single survivor.

I am certain there are many other issues that require explanation and clarification in this version of the plan. And I am far from a qualified expert in analyzing Plans of Reorganization in a Bankruptcy Proceeding. However, the one thing I do know is, most of us Sexual Abuse Survivors have trust issues. How can we be assured our best interest is of paramount importance in dealing with the debtor's estate? This current plan is heavy handed and one sided; seemingly benefiting only the debtor.

At this time, I cannot in good conscious vote in favor for this proposal. Without a clearer understanding of how the debtor intends to address these important points brought up in this letter as well as to any Objections filed by the Plaintiffs. Among many other things, I feel we survivors will continue to be embarrassed and humiliated. Basically, remaining anxious and depressed until this matter is finally put to bed.

Yet every attempt to take advantage of our vulnerability should be dealt with swift rebuke. Especially if these are the only choices we have for voting in favor or against the plan. Even then, no amount of money can bring back our childhood or our dignity. And, yes, I am bitter. But I am not defeated.

It appears the Sexual Abuse Survivors do not have a snowball's chance in hell in receiving justice in this current plan of reorganization. In the end, it seems to be a take it or leave it situation. Take this for what you will.

Thank you for your consideration.

Respectfully,







Hon. Laurie Selber Silverstein
U.S. Bankruptcy Court
824 Market Street
6th Floor
Wilmington, DE 19801

FIRST CLASS MAIL


