## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. D.I. 5466** |

## MOTION TO SHORTEN NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 363(b) AND 105(a) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE RESTRUCTURING SUPPORT AGREEMENT, AND (II) GRANTING RELATED RELIEF

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby respectfully submit this motion (this "Motion") and request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) shortening notice of the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* (the "RSA Motion"),[2] (ii) scheduling the RSA Motion to be heard at the disclosure statement approval hearing on July 20, 2021 at 10:00 a.m. (ET) (the "Hearing"), (iii) permitting parties to file objections to the RSA Motion on or before July 13, 2021 at 4:00 p.m. (ET), and (iv) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    Capitalized terms not defined herein are defined in the RSA Motion.

## STATUS OF THE CASES AND JURISDICTION

1.      The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      On March 5, 2020, the U.S. Trustee appointed the official committee of tort claimants (the "TCC") and the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.  On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future sexual abuse survivors (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.  On July 24, 2020, the Coalition of Abused Scouts for Justice (the "Coalition") filed a notice of appearance in these chapter 11 cases pursuant to section 1109(b) of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 102 and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

## **RELIEF REQUESTED**

5.      By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice of the RSA Motion, (ii) scheduling the RSA Motion to be heard at the disclosure statement approval hearing on July 20, 2021 at 10:00 a.m. (ET), (iii) permitting parties to file objections to the RSA Motion on or before July 13, 2021 at 4:00 p.m. (ET), and (iv) granting related relief.

## **BASIS FOR RELIEF**

6.      Section 102(1) of the Bankruptcy Code states that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1).  Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

7.      Bankruptcy Rule 2002(a) requires that a proposed use, sale, or lease of property of the estate other than in the ordinary course of business be filed and served at least twenty-one (21) days prior to the hearing, "unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a).  Under Bankruptcy Rule 9006(c)(1), the Court may order periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

8.      In exercising its discretion as to whether to shorten notice, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on

an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

9.      The Debtors respectfully submit that cause exists to shorten notice of the RSA Motion.  As more fully described in the RSA Motion, after months of intensive negotiations, the Debtors have reached resolution with every single official and/or major creditor constituency in these chapter 11 cases and now have a plan of reorganization that is supported by the Future Claimants' Representative, the TCC, the Creditors' Committee, JPM (the Debtors' senior, secured lender), the Coalition, and the AHCLC.   As the Court itself has recognized, soliciting a plan without abuse survivor support presents the Debtors with a bleak picture of confirmation and chapter 11 exit. The RSA however builds the necessary consensus among the RSA Parties to achieve a pathway to plan confirmation.  Beginning the solicitation and confirmation process with support from State Court Counsel and key representatives of abuse survivors is an enormous boost to the Debtors' ability to achieve a resolution in these cases among the broadest number of parties in interest, including Local Councils and Chartered Organizations.  Without prompt ruling from the Court on the RSA Motion, the Debtors risk even further uncertainty, delay, and significant costs for the estates.

10.      The prompt approval of the RSA is also crucial to the Debtors' expeditious exit from chapter 11 and future as a charitable organization.  The Amended Plan (that will incorporate the terms of the RSA) is crucial to the health and future of the entire BSA organization.  Without a global resolution of abuse liabilities, the Debtors risk losing the ability to carry out the Scouting mission through the Local Councils and Chartered Organizations.  Confirmation of the Amended Plan will allow the Debtors to achieve their goals of equitably compensating abuse survivors and continuing their charitable mission.  Failure to obtain approval of the RSA prior to, or in connection with, the disclosure statement may result in a delay of the disclosure statement hearing, which, in

turn, may delay confirmation.  As the Debtors have previously noted, it is imperative for the BSA to exit chapter 11 as soon as possible to avoid uncertainty as to the organization's future and further significant administrative and litigation costs.  Maintaining the current confirmation timeline will also allow the Debtors to maximize the amount of funds available to contribute to the Settlement Trust to the benefit of the abuse survivors. Thus, an expeditious exit from chapter 11 is in the best interests of the Debtors, their estates and their creditors.

11.     In addition, parties in interest will not be prejudiced by having the RSA Motion heard on shortened notice.  Many of the plan-related terms of the RSA were incorporated into the *Third Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 5368] that the Debtors filed and served on June 18, 2021.  Therefore, parties in interest have had an opportunity to review certain terms of the RSA in advance of the motion being filed and will not be prejudiced by shortened notice of the RSA Motion.

12.     For these reasons, the Debtors submit that the relief requested should be granted.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

13.     Local Rule 9006-1(e) requires that any "motion requesting shortened notice shall include an averment of Delaware Counsel for the moving party that a reasonable effort has been made to notify at least counsel to the debtor, counsel to the United States Trustee, counsel to any official committee appointed in the case and any chapter 7, 11 or 13 trustee and whether such party objected to the relief sought, or not, or the basis for the moving party not making such an effort." The TCC, the Creditors' Committee, the Future Claimants' Representative, the Coalition, the AHCLC, and JPM support shortened notice of the RSA Motion.  The U.S. Trustee also consents to the request to shorten notice.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other or further relief as the Court deems just and proper.

Dated:  July 1, 2021
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
      aremming@morrisncihols.com
      ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice)*
Blair M. Warner (admitted *pro hac vice)*
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION