## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I.: 5461** |

**DEBTORS' OBJECTION TO MOVING INSURERS' MOTION TO ADJOURN
THE HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES FOR THE THIRD AMENDED
CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS
OF AMERICA AND DELAWARE BSA, LLC**

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), by and through their undersigned counsel, hereby object to the *Moving Insurers' Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Third Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA. LLC* [D.I. 5461] (the "Motion")[2] and state as follows:

### OBJECTION

This week, after months of mediation, the Debtors achieved a breakthrough with the TCC, FCR, Coalition, JPM, UCC and AHCLC—*i.e.*, every significant creditor constituency in these cases. The Debtors moved quickly to file an RSA memorializing the terms of this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

agreement [D.I. 5466], and are working diligently to file the full collection of deal documents later today. The Debtors' actions are consistent not only with their unflagging efforts to achieve a global resolution that will allow the Debtors successfully to emerge from bankruptcy and preserve their vital charitable mission, but also to keep all parties informed of their progress every step of the way. That is why, as the Moving Insurers acknowledge in their Motion, the Debtors have regularly filed revised plan documents and frequently reached out to the Moving Insurers with updated drafts and information. The Motion, however, claims that unless the Court forces the Debtors to file their amended plan (much of which is unchanged since the last version filed in mid-June) on a full 28 days' notice, the Moving Insurers will be unduly prejudiced. As explained below, this argument is premised on a false statement of the record, lacks merit, and is just another delay tactic by the Moving Insurers that threatens to derail the Debtors' hard-won progress.

The Court should deny the Motion for at least four reasons:

*First*, the Motion is premised on the false claim that the Moving Insurers' deadline to object to the Debtors' Disclosure Statement is July 8, giving the Moving Insurers "less than a week over a holiday weekend to review and brief objections." Mot. ¶ 17. That statement was false when written: before the Motion was filed, the Debtors agreed to extend the Moving Insurers' objection deadline by five days, to July 13. *See* Ex. A, July 1, 2021 email from Derek Abbott to Stamoulis Stamatios.[3] Indeed, after filing the Motion, the Moving Insurers acknowledged their misstatement of the record by filing an amended motion to shorten notice—

---

[3] *See also Second Amended Notice of Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Third Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 5463] (providing notice of the extended Disclosure Statement objection deadline to July 13, 2021).

but not an amended Motion—which admits that "the Debtors . . . offered [] to extend the Disclosure Statement Objection Deadline to July 13, 2021." *See* D.I. 5467 ("<u>Amended Motion to Shorten</u>") ¶ 7.  The Moving Insurers will have nearly twice the amount of time they claim in the Motion—11 days from the filing of the revised Plan and Disclosure Statement, rather than six—to file their objections.

*Second*, the Moving Insurers imply that the Debtors have acted in bad faith, asserting that the Moving Insurers were only "ostensibly" invited to attend the mediation and were improperly "excluded" from sessions between the Debtors and the Claimants' Representatives.  Motion ¶ 15.  This is a distortion of the record.  The Moving Insurers cite no evidence showing that the mediation—which was conducted over the course of months under the supervision of three highly qualified mediators—excluded them.  To the contrary, the Debtors have participated in dozens of virtual and in-person mediation sessions with the Moving Insurers.  And it is routine for mediation sessions to include a subset of participants, particularly in the context of a large, multi-party mediation.  Indeed, the Debtors have frequently attended sessions including only their insurers.  The Moving Insurers also admit that the Debtors promptly shared with them the results from the Debtors' sessions with the Claimants' Representatives.  *See, e.g.*, Motion ¶ 14 (stating that "following meetings between the Debtors and the Claimants' Representatives . . . the Debtors filed" the revised Plan and Disclosure Statement); *id.* ¶ 2 (stating that the Debtors shared a revised RSA and TDP with the Moving Insurers on June 25).[4]

---

[4] The objections that the Moving Insurers make to certain terms of the Debtors' settlement with the TCC, FCR and Coalition are not properly raised in the context of a disclosure statement objection.  They also lack merit.  In particular, the Debtors' agreement to pay the Coalition's professional fees is eminently reasonable, given that settling with the Coalition will allow the Debtors to avoid protracted litigation that could have resulted in costs and expenses far in excess of those fees.

***Third***, the Motion fails to identify any prejudice to the Moving Insurers justifying the requested adjournment. The Debtors filed their initial amended Plan and Disclosure Statement on March 1, 2021. Throughout the nearly five months that have followed, many of the Plan terms—including the terms most relevant to the Moving Insurers—have remained unchanged or were revised long ago. For example, the language regarding insurance neutrality, which the Moving Insurers specifically identify as "important" (*see* Motion at 3, n.2), has not changed since the June 17 Plan, which was filed more than 28 days before the July 20 hearing date. Moreover, as the Moving Insurers acknowledge, the Debtors have taken great pains to keep the Moving Insurers informed of proposed changes to the Plan, sending the Moving Insurers a revised TDP, RSA and term sheet as recently as June 25. *See* Motion ¶¶ 2, 13, 16. Additionally, the Moving Insurers have already collectively filed more than 80 pages of objections to the Debtors' Disclosure Statement (*see* D.I. 3856 (Century's Disclosure Statement objection); D.I. 3523 (AIG Companies' Disclosure Statement objection); D.I. 3478 (Zurich Insurers' Disclosure Statement objection)), undermining the claim that they will be "jammed" by the need to prepare Disclosure Statement objections without a further 28 days to do so. Motion ¶ 18. Indeed, debtors routinely amend their plans without providing 28 days' notice with every turn.[5] And as the Moving Insurers acknowledge, many of the changes that the Debtors have made as a result of the settlement with the TCC, FCR and Coalition simplify the Plan, further weakening any claim of prejudice. *See, e.g.*, Motion ¶ 2 (noting that "there are now one set" of TDPs "rather than two").

---

[5] *See, e.g.*, *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD) (revised disclosure statement and plan filed six days before disclosure statement hearing, and disclosure statement approved); *In re GNC Holdings, Inc.*, Case No. 20-11662 (KBO) (revised disclosure statement and plan filed eight days and three days, respectively, before disclosure statement hearing, and disclosure statement approved).

4

**Fourth**, *Imerys*, on which the Moving Insurers purport to rely, is inapt.  In *Imerys*, the debtors filed a revised disclosure statement, plan, trust distribution procedures and solicitation order a mere **two days** before the scheduled disclosure statement hearing and substantially **after** the objection deadline had passed.  On this basis, several parties, including the U.S. Trustee, requested an adjournment of the disclosure statement hearing.  This Court granted that request for two main reasons: (i) this Court found two days' notice to be insufficient and (ii) this Court wanted the benefit of written objections.  *See generally* Ex. B, Oct. 6, 2021 Hr'g Tr., *In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. 2019).  Neither concern applies here, where the Debtors are filing revised documents **more than two weeks** before the proposed disclosure statement hearing and **11 days** before objections are due, and have worked diligently to provide updated drafts of documents as they became available to the Moving Insurers and other parties in interest.[6]

## CONCLUSION

For these reasons, the Debtors respectfully request that the Court deny the Motion.

---

[6] In light of the Debtors' agreement to extend the Moving Insurers' objection deadline to July 13, the motion to shorten notice was moot before it was filed and should have been withdrawn rather than amended.  Inexplicably, the Amended Motion to Shorten continues to seek shortened notice on the false premise that the Motion needs to be heard before the Moving Insurers' non-existent July 8 objection deadline.  *See* Amended Motion to Shorten Notice at 1 ("The Moving Insurers respectfully move to shorten notice . . . so that the [Motion] may be heard at a date and time convenient for the Court before the July 8, 2021 deadline to object to the Debtors' revised Disclosure Statement."); *id.* ¶ 1 ("Cause exists to shorten notice of the hearing scheduled for July 20, 2021 (with objections due on July 8, 2021)"); *id.* ¶ 4 ("The current deadline for the Disclosure Statement is July 8, 2021.").  While the Debtors have chosen to respond expeditiously to the Motion so as to correct the record, the Debtors reserve the right to supplement this objection and thus object to the Amended Motion to Shorten to the extent it seeks to limit the rights of the Debtors or any other party based on an uncorrected objection deadline.

Dated: July 2, 2021          */s/ Paige N. Topper*
        Wilmington, Delaware    **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
                            Derek C. Abbott (No. 3376)
                            Andrew R. Remming (No. 5120)
                            Paige N. Topper (No. 6470)
                            1201 North Market Street, 16th Floor
                            P.O. Box 1347
                            Wilmington, Delaware 19899-1347
                            Telephone:  (302) 658-9200
                            Email:  dabbott@morrisnichols.com
                                    aremming@morrisnichols.com
                                    ptopper@morrisnichols.com

                            – and –

                            **WHITE & CASE LLP**
                            Jessica C. Lauria (admitted *pro hac vice*)
                            1221 Avenue of the Americas
                            New York, New York 10020
                            Telephone: (212) 819-8200
                            Email: jessica.lauria@whitecase.com

                            – and –

                            **WHITE & CASE LLP**
                            Michael C. Andolina (admitted *pro hac vice*)
                            Matthew E. Linder (admitted *pro hac vice*)
                            Laura E. Baccash (admitted *pro hac vice*)
                            Blair M. Warner (admitted *pro hac vice*)
                            111 South Wacker Drive
                            Chicago, Illinois 60606
                            Telephone: (312) 881-5400
                            Email: mandolina@whitecase.com
                                    mlinder@whitecase.com
                                    laura.baccash@whitecase.com
                                    blair.warner@whitecase.com

                            ATTORNEYS FOR THE DEBTORS AND DEBTORS
                            IN POSSESSION