IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  July 16, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**THIRTEENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
<u>FOR THE PERIOD FROM MARCH 1, 2021 THROUGH MARCH 31, 2021</u>**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2021 through March 31, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,124,713.50[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    27,728.90 |

This is a:        x   monthly           interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] This amount was reduced by $555.00 due to an errant time entry.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $776,257.50 | $ 6,064.88 | $ 774,257.50[3] | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $644,670.50 | $ 3,045.94 | $ 644,670.50 | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $659,618.50 | $ 3,681.07 | $ 619,618.50[4] | $ 3,182.37[5] |
| 08/27/20 | 06/01/20 – 06/30/20 | $475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $678,423.50 | $ 6,612.09 | $ 678,423.50 | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $658,721.00 | $31,487.15 | $ 526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $588,902.00 | $15,777.88 | $ 471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $666,283.50 | $19,826.31 | $ 533,026.80 | $19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $504,479.00 | $11,755.14 | $ 403,583.20 | $11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $837,406.00 | $12,415.20 | $ 669,924.80 | $12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $901,667.00 | $19,291.93 | $ 721,333.60 | $19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 137.20 | $163,954.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 140.50 | $160,872.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 30.60 | $ 35,037.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 0.70 | $     787.50 |

---

[3] In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the first month of that period.

[4] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the first month of that period.

[5] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the first month of that period.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 5.80 | $ 6,380.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 59.80 | $ 65,481.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 6.50 | $ 6,987.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 17.30 | $ 18,597.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 0.90 | $ 967.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 5.60 | $ 6,020.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 104.80 | $107,420.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 14.80 | $ 14,726.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 995.00 | 104.60 | $104,077.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 9.20 | $ 9,154.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $ 995.00 | 22.50 | $ 22,387.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 14.40 | $ 13,680.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 31.90 | $ 29,507.50 |
| Elissa A. Wagner | Of Counsel 2009; Member of CA Bar since 2001; Member of AZ Bar since 2009 | $ 925.00 | 1.70 | $ 1,572.50 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 26.10 | $ 23,359.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 19.70 | $ 16,745.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Harry D. Hochman | Of Counsel 2004; Member of CA Bar since 1987 | $  950.00 | 3.50 | $    3,325.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $  875.00 | 29.50 | $  25,812.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 214.40 | $176,880.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 62.00 | $  51,150.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $  825.00 | 0.20 | $       165.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $  795.00 | 12.50 | $    9,937.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  795.00 | 8.40 | $    6,678.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $  625.00 | 27.50 | $  17,187.50 |
| Leslie A. Forrester | Law Library Director 2003 | $  450.00 | 10.20 | $    4,590.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 27.50 | $  11,687.50 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.70 | $       297.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $  425.00 | 0.10 | $         42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 7.70 | $    3,041.50 |
| Diane H. Hinojosa | Paralegal Assistant | $  395.00 | 3.60 | $    1,422.00 |
| Myra Kulick | Paralegal Assistant | $  395.00 | 4.30 | $    1,698.50 |
| Andrea R. Paul | Case Management Assistant 2001 | $  350.00 | 0.10 | $         35.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 2.40 | $       840.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 7.90 | $    2,765.00 |

**Grand Total:  $1,124,713.50**
**Total Hours:        1,177.10**
**Blended Rate:       $955.97**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 87.00 | $ 81,038.50 |
| Bankruptcy Litigation | 96.40 | $ 84,607.00 |
| Case Administration | 20.00 | $ 8,255.00 |
| Claims Admin./Objections | 327.40 | $324,980.50 |
| Compensation of Professional | 24.50 | $ 15,390.50 |
| Compensation of Prof./Others | 5.90 | $ 3,557.50 |
| Financing | 31.50 | $ 31,462.50 |
| General Creditors Comm. | 220.00 | $202,534.50 |
| Hearings | 8.40 | $ 8,589.00 |
| Insurance Coverage | 97.70 | $ 95,747.00 |
| Mediation | 75.30 | $ 78,588.50 |
| Plan & Disclosure Statement | 183.00 | $190,518.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[6] | Total Expenses |
|---|---|---|
| Bloomberg | | $ 232.30 |
| Working Meals | Pure Bread | $ 25.69 |
| Conference Call | AT&T Conference Call | $ 86.75 |
| Federal Express | | $ 233.16 |
| Legal Research | Lexis/Nexis | $ 463.20 |
| Outside Services | DropBox; MiPro[7]; Zoom | $23,714.77 |
| Court Research | Pacer | $ 214.50 |
| Postage | US Mail | $ 161.83 |
| Reproduction Expense | | $ 229.10 |
| Reproduction/Scan Copy | | $ 1,407.60 |
| Research | Everlaw | $ 500.00 |
| Transcript | eLitigation Services | $ 460.00 |

---

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

[7] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software. Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. The invoices of MIPRO, in the total amount of $20,102.50, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, are attached hereto as Exhibit B.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline:  July 16, 2021 at 4:00 p.m.** |
| | | **Hearing Date:  To be scheduled if necessary** |

**THIRTEENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM MARCH 1, 2021 THROUGH MARCH 31, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its Thirteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from March 1, 2021 through March 31, 2021 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $1,124,713.50 and actual and necessary expenses in the amount of $27,728.90 for a total allowance of $1,152,442.40 and payment of $899,770.80 (80% of the allowed fees) and reimbursement of $27,728.90 (100% of the allowed expenses) for a total payment of $927,499.70 for the period March 1, 2021 through March 31, 2021 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

## **Background**

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.     The retention of PSZ&J, as counsel to the Tort Claimants' Committee, was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.     PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  As set forth in its employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.     A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.     PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J

believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoices of MIPRO, in the total amount of $20,102.50, are attached as Exhibit B.  PSZ&J has

paid those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit A, and

has included payment of the MIPRO invoices as part of its request in this Application for

reimbursement of expenses.

## Summary of Services Rendered

13.     The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

14.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

## Summary of Services by Project

15.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category. These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues.

During the Interim Period, the Firm, among other things: (1) reviewed and analyzed possible

restrictions on use and transfer regarding Saukenauk Scout Reservation, Camp Bunn, Eykamp

Scout Service Center, Pfeffer Scout Reservation, Schapiro Scout Service Center, Lone Tree

Scout Reservation, Port Amsterdam Farm, Camp Arrowhead, Frank Childress Scout

Reservation, Springfield Service Center, Camp Warren Lewis, Camp Arcola, Grizzly Base

Camp, K-M Scout Ranch, Billings Scout Acres, Clark Fork Property, Missouri River Property,

Superior Property, and the Billings Field Office and Scout Shop; (2) reviewed and analyzed

schedules regarding Local Council properties; (3) reviewed and analyzed issues regarding

appraisals; (4) reviewed and analyzed property valuation issues; (5) reviewed and analyzed

survey issues; (6) performed work regarding an asset chart; (7) reviewed and analyzed

restrictions on transfer and use regarding Camp Rock Enon, Fire Mountain Scout Reservation,

Cowles Scout Reservation, Camp Mountaineer, and the Guajataka Scout Reservation;

(8) reviewed and analyzed a newly produced deed relating to Sid Richardson Scout Ranch and

Local Council disclaimer of ownership; (9) reviewed and analyzed Local Council use-restriction documents to determine use and sale issues; (10) reviewed and analyzed the BSA response and offer regarding a property restriction complaint; (11) performed work regarding discovery issues; (12) reviewed and analyzed conflict of law issues; (13) reviewed and analyzed issues regarding missing information for certain Local Councils; (14) reviewed and analyzed issues regarding a Camp Alpine deed map; (15) performed work regarding a review of documents related to Puerto Rico assets; (16) reviewed and analyzed mediation briefs regarding restricted asset analysis; and (17) conferred and corresponded regarding asset analysis and recovery issues.

Fees:  $81,038.50;     Hours:  87.00

### B.    Bankruptcy Litigation

17.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding discovery of Local Council rosters; (2) reviewed and analyzed issues regarding an opposition to the  Debtors' motion for extension of preliminary injunction; (3) performed work regarding a possible resolution of roster issues; (4) performed research; (5) attended to scheduling issues; (6) performed work regarding notice of a virtual town hall meeting; (7) performed work regarding discovery related to Century insurance; (8) performed work regarding a Bankruptcy Rule 2004 motion relating to rosters; (9) performed work regarding an objection to preliminary injunction extension motion; (10) reviewed and revised a roster proposal for injunction extension; (11) reviewed and analyzed roster protocol and injunction extension issues; (12) performed work regarding a mediation call relating to JPM

issues; (13) performed work regarding a fourth stipulation to extend preliminary injunction;

(14) reviewed and analyzed issues regarding the Rye matter; (15) reviewed and analyzed issues

regarding a standing motion and challenge complaint; (16) performed work regarding a joint

motion of the Committee and the Future Claimants' Representative to grant standing and

authorize the prosecution of certain challenge claims; (17) reviewed and analyzed the Century

objection to Fourth extension of injunction and performed work regarding a joinder to the

Debtors' reply to objection of Century; (18) performed work regarding Agenda Notices and

Hearing Binders; (19) reviewed and analyzed issues regarding additional Local Council

discovery; (20) performed work regarding an estimation motion; (21) reviewed and analyzed

proposed changes to the order approving Fourth stipulation to extend injunction; (22) performed

work regarding a mediation scheduling motion; (23) performed work regarding a motion

requiring that mediation be conducted exclusively by Zoom meetings; (24) performed work

regarding an order denying motion to conduct mediation by Zoom meetings only;

(25) performed work regarding notice issues, including notice issues relating to the estimation

motion and motion to withdraw the reference; (26) reviewed and analyzed a complaint relating to

restricted assets; (27) reviewed and analyzed issues regarding restricted assets and discovery;

(28) performed work regarding an extension stipulation for motion to withdraw the reference on

estimation motion; and (29) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $84,607.00;    Hours:  96.40

**C.      Case Administration**

18.      This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) performed work regarding notice of virtual town hall meetings; (4) maintained document control; (5) performed work regarding the filing and service of documents and pleadings, including a status report; and (6) corresponded regarding case administration issues.

Fees:  $8,255.00;      Hours:  20.00

**D.      Claims Admin/Objections**

19.      This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding a claims estimation motion; (2) reviewed and analyzed issues regarding amendments to abuse claims; (3) performed work regarding the normalization of claims data; (4) performed work regarding a claims estimation motion; (5) reviewed and analyzed statute of limitations issues; (6) reviewed and analyzed issues regarding the production of claims data; (7) reviewed and analyzed issues regarding a volunteer database; (8) reviewed and analyzed issues regarding withdrawal of the reference; (9) responded to inquiries from State Court counsel; (10) reviewed and analyzed issues regarding claims estimation motion strategy; (11) reviewed and analyzed issues regarding experts for claims evaluations; (12) prepared for and attended teleconferences with representatives of the Coalition regarding claim issues; (13) reviewed and analyzed estimation methodologies; (14) reviewed and analyzed potential

preclusive effect issues related to claims estimation; (15) reviewed and analyzed issues regarding a claims model; (16) performed work regarding an email to survivors regarding claims amendments; (17) performed work regarding a claims summary for a virtual town hall meeting; (18) reviewed and analyzed timing issues; (19) coordinated revisions to the claims estimation motion with representatives of the Coalition and the FCR; (20) reviewed and analyzed sampling issues; (21) reviewed and analyzed issues regarding missing information on claims questionnaires; (22) reviewed and analyzed statistician analysis issues; (23) reviewed and analyzed PBGC issues; (24) performed work regarding notice of the motion to withdraw the reference and of the estimation motion; (25) reviewed and analyzed sex abuse estimation proceedings and methodologies; (26) performed work regarding a claims matrix; (27) reviewed and analyzed issues regarding the elimination of duplicate claims filed by unauthorized parties; (28) reviewed and analyzed Plan-related discovery issues; (29) reviewed and analyzed issues regarding the Bates Whites valuation; (30) reviewed and analyzed data regarding settlements and verdicts; (31) reviewed and analyzed a District Court decision regarding bar date appeal; (32) performed work regarding discovery related to estimation motion; (33) reviewed and analyzed proof of claim materials; (34) performed work regarding an extension stipulation for estimation proceedings; and (35) corresponded and conferred regarding claim issues.

Fees:  $324,980.00;    Hours:  327.40

**E.     Compensation of Professionals**

20.     This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its November and December 2020, and January 2021 monthly, and Fourth quarterly, fee applications.

Fees:  $15,390.50;     Hours:  24.50

**F.     Compensation of Professionals--Others**

21.     This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Pasich, Rock Creek and Berkeley Research Group fee applications, and performed work regarding a fee chart.

Fees:  $3,557.50;     Hours:  5.90

**G.     Financing**

22.     This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding a mediator statement; (2) reviewed and analyzed JPM challenge issues; (3) performed work regarding a JPM lien challenge complaint; (4) performed work regarding a standing motion; (5) attended to deadline issues; (6) reviewed and analyzed loan documents; (7) reviewed and analyzed the Arrow bond purchase and loan agreement regarding JPM lien challenge issues; (8) attended to scheduling issues; (9) performed work regarding a JPM lien analysis; (10) performed work regarding a settlement term sheet; (11) performed work regarding an outline of mediation issues; (12) reviewed and analyzed JPM settlement issues;

(13) reviewed and analyzed the Disclosure Statement regarding treatment of JPM claims;

(14) reviewed and analyzed JPM mediation strategy issues; and (15) corresponded and conferred

regarding financing issues.

Fees:  $31,462.50;      Hours:  31.50

### H.    General Creditors Committee

23.    This category relates to general creditors committee issues.  During the

Interim Period, the Firm, among other things:  (1) reviewed and analyzed a mediation report and

drafted a response; (2) reviewed and analyzed settlement issues; (3) prepared for and participated

in telephonic conferences with attorneys for the Debtors; (4) performed work regarding notice of

virtual town hall meetings; (5) reviewed and analyzed issues regarding a plan of reorganization;

(6) prepared for and participated in telephonic conferences with State Court counsel and

Committee members regarding case issues; (7) reviewed and analyzed preliminary injunction

issues; (8) reviewed and analyzed issues regarding the Debtors' assets; (9) prepared for and

attended working group meetings; (10) prepared for and attended virtual Town Hall meetings;

(11) reviewed and analyzed claim amendment issues; (12) reviewed and analyzed issues

regarding access to rosters; (13) performed work regarding a plan term sheet; (14) reviewed and

analyzed case strategy issues; (15) reviewed and analyzed claims normalization issues;

(16) reviewed and analyzed claim amendment issues; (17) reviewed and responded to inquiries

regarding case issues; (18) performed work regarding a case status report; (19) reviewed and

analyzed transcripts; (20) reviewed and analyzed insurance issues; (21) reviewed and analyzed

preliminary injunction issues; (22) reviewed and analyzed mediation issues; (23) reviewed and

analyzed issues regarding estimation experts; (24) reviewed and analyzed JPM settlement issues; (25) attended to issues regarding a Local Council presentation; (26) reviewed and analyzed issues regarding a BSA National Delegation report to Congress; (27) reviewed and analyzed claims estimation issues; and (28) corresponded and conferred regarding general creditors committee issues.

Fees:  $202,534,50;    Hours:  220.00

**I.      Hearings**

24.     This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, prepared for and attended an Omnibus hearing on March 17, 2021.

Fees:  $8,589.00;       Hours:  8.40

**J.      Insurance Coverage**

25.     This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding a Bankruptcy Rule 2004 motion relating to Century; (2) reviewed and analyzed a mediators first report and performed work regarding a response; (3) prepared for and attended telephonic conferences with the Insurance Working Group; (4) reviewed and analyzed issues regarding loss runs and valuations; (5) performed work regarding a claims estimation motion; (6) coordinated claims estimation issues with attorneys for the Coalition; (7) reviewed and analyzed demand timing issues; (8) reviewed and analyzed direct action issues; (9) performed work regarding an insurance research project; (10) reviewed and analyzed plan-related insurance issues;

(11) performed work regarding a demand letter; (12) reviewed and analyzed historical settlement data; (13) reviewed and analyzed the Imerys objection; (14) reviewed and analyzed a disclosure statement regarding insurance issues; (15) reviewed and analyzed issues regarding Allianz; (16) reviewed and analyzed Axis coverage issues; (17) performed work regarding a direct action insurance project; (18) reviewed and analyzed issues regarding ORIC; (19) reviewed and analyzed issues regarding a Chubb offer for Hartford; (20) reviewed and analyzed bad faith issues; (21) reviewed and analyzed demand strategy issues; (22) reviewed and analyzed Local Council insurance coverage issues; (23) reviewed and analyzed a restructuring order related to Century; (24) prepared for and participated in conference calls with State Court counsel; (25) reviewed and analyzed choice of law issues; (26) reviewed and analyzed discovery by the Coalition related to Century, Hartford and the Debtors; (27) attended to mediation scheduling issues; (28) reviewed and analyzed documents and proofs of claim regarding Liberty; (29) reviewed and analyzed Hartford proofs of claim; (30) performed work regarding interrogatories to Century; and (31) corresponded and conferred regarding insurance issues.

Fees:  $95,747.00;     Hours:  97.70

### K.     Mediation

26.     This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended a mediation meeting with representatives of the Debtors and the Coalition regarding plan and disclosure statement and roster issues; (2) prepared for and attended a mediation session regarding JPM and settlement issues; (3) reviewed and analyzed mediation timeline issues; (4) reviewed and analyzed issues

regarding a mediation statement request; (5) prepared for and attended mediation calls on March 5, 7, 18, 25, and 30, 2021; (6) reviewed and analyzed insurance demand issues; (7) reviewed and analyzed issues regarding plan contributions by Local Councils; (8) reviewed and analyzed mediation tactics and strategy issues; (9) prepared for and attended a mediation session on March 31, 2021 with the Debtors and Ad Hoc Local Council Committee; and (10) corresponded and conferred regarding mediation issues.

Fees:  $78,588.50;     Hours:  75.30

**L.      Plan and Disclosure Statement**

27.      This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a Plan press release; (2) reviewed and analyzed trust distribution procedures; (3) reviewed and analyzed an amended Plan and Disclosure Statement; (4) reviewed and analyzed claims estimation and insurance coverage issues; (5) reviewed and analyzed a mediators' first report and performed work regarding a response; (6) performed research; (7) reviewed and analyzed issues regarding Local Council asset contribution under the Plan; (8) reviewed and analyzed solicitation issues; (9) performed work regarding an objection to Disclosure Statement; (10) reviewed and analyzed issues regarding attorney directive notice; (11) prepared for and attended teleconference with State Court Counsel regarding Plan issues, including a Plan term sheet and Disclosure Statement objections; (12) prepared for and attended teleconferences with counsel for the Debtors and the Coalition regarding attorney directive notice issues; (13) reviewed and analyzed issues regarding the need to serve Local Councils;

(14) reviewed and analyzed issues regarding Allianz and Markel demands; (15) reviewed and

analyzed Plan structure issues; (16) performed work regarding a revised Plan term sheet;

(17) reviewed and analyzed insurance buy-back issues; (18) performed work regarding Plan

discovery; (19) performed work regarding an ex parte motion relating to Plan mediation;

(20) reviewed and analyzed Plan-related insurance strategy issues; (21) performed work

regarding a presentation to five Local Councils regarding Plan contributions; (22) reviewed and

analyzed a motion to extend exclusivity; (23) reviewed and analyzed a revised attorney direction

letter for Plan voting; (24) reviewed and analyzed the Disclosure Statement regarding child

protection program issues; (25) reviewed and analyzed statute of limitations issues;

(26) performed work regarding Local Council and BSA demands; (27) reviewed and analyzed

issues regarding BSA and Local Council settlement offers; (28) reviewed and analyzed Plan

alternatives; (29) performed work regarding an analysis of Plan issues for mediation; and

(30) conferred and corresponded regarding Plan issues.

Fees:  $190,518.00;    Hours:  183.00

**Valuation of Services**

28.    Attorneys and paraprofessionals of PSZ&J expended a total 1,177.10

hours in connection with their representation of the Committee during the Interim Period, as

follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 137.20 | $163,954.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 140.50 | $160,872.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 30.60 | $ 35,037.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 0.70 | $      787.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 5.80 | $   6,380.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 59.80 | $ 65,481.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 6.50 | $   6,987.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 17.30 | $ 18,597.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 0.90 | $      967.50 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 5.60 | $   6,020.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 104.80 | $107,420.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 14.80 | $ 14,726.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $  995.00 | 104.60 | $104,077.00 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $  995.00 | 9.20 | $   9,154.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $  995.00 | 22.50 | $ 22,387.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 14.40 | $ 13,680.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 31.90 | $  29,507.50 |
| Elissa A. Wagner | Of Counsel 2009; Member of CA Bar since 2001; Member of AZ Bar since 2009 | $  925.00 | 1.70 | $    1,572.50 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $  895.00 | 26.10 | $  23,359.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $  850.00 | 19.70 | $  16,745.00 |
| Harry D. Hochman | Of Counsel 2004; Member of CA Bar since 1987 | $  950.00 | 3.50 | $    3,325.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $  875.00 | 29.50 | $  25,812.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00 | 214.40 | $176,880.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 62.00 | $  51,150.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $  825.00 | 0.20 | $      165.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $  795.00 | 12.50 | $    9,937.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  795.00 | 8.40 | $    6,678.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $  625.00 | 27.50 | $  17,187.50 |
| Leslie A. Forrester | Law Library Director 2003 | $  450.00 | 10.20 | $    4,590.00 |
| Karina K. Yee | Paralegal 2000 | $  425.00 | 27.50 | $  11,687.50 |
| Beth D. Dassa | Paralegal 2007 | $  425.00 | 0.70 | $      297.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $  425.00 | 0.10 | $        42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 7.70 | $    3,041.50 |
| Diane H. Hinojosa | Paralegal Assistant | $  395.00 | 3.60 | $    1,422.00 |
| Myra Kulick | Paralegal Assistant | $  395.00 | 4.30 | $    1,698.50 |
| Andrea R. Paul | Case Management Assistant 2001 | $  350.00 | 0.10 | $        35.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 2.40 | $ 840.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 7.90 | $ 2,765.00 |

**Grand Total: $1,124,713.50**
**Total Hours:      1,177.10**
**Blended Rate:    $955.97**

29.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $1,124,713.50.

30.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of March 1, 2021 through March 31, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $1,124,713.50 and actual and necessary expenses in the amount of $27,728.90 for a total allowance of $1,152,442.40 and payment of $899,770.80 (80% of the allowed fees) and reimbursement of $27,728.90 (100% of the allowed

expenses) be authorized for a total payment of $927,499.70; and for such other and further relief

as this Court deems proper.

Dated:  July 2, 2021                PACHULSKI STANG ZIEHL & JONES LLP

                                    _/s/ James E. O'Neill_____
                                    James I. Stang (CA Bar No. 94435)
                                    Robert B. Orgel (CA Bar No. 10187)
                                    James E. O'Neill (DE Bar No. 4042)
                                    John W. Lucas (CA Bar No. 271038)
                                    919 North Market Street, 17th Floor, PO Box 8705
                                    Wilmington, Delaware 19899 (Courier 19801)
                                    Telephone:  (302) 652-4100
                                    Facsimile:   (302) 652-4400
                                    Email: jstang@pszjlaw.com
                                            rorgel@pszjlaw.com
                                            joneil@pszjlaw.com
                                            jlucas@pszjlaw.com

                                    Counsel to the Tort Claimants Committee

## **DECLARATION**

STATE OF DELAWARE         :
                                              :
COUNTY OF NEW CASTLE  :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)        I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

*/s/ James E. O'Neill*
James E. O'Neill