**Exhibit B**

**Redline of Revised Proposed Confirmation Scheduling Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
|  | (Jointly Administered) |
| Debtors. | ~~Ref.~~Re: D.I. ~~____~~2618 |

**ORDER (I) SCHEDULING CERTAIN DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION, (II) ESTABLISHING CERTAIN PROTOCOLS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of Boy Scouts of America ("**BSA**") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**"), for entry of order (i) scheduling certain dates and deadlines in connection with confirmation of the Plan and all related discovery, ~~and~~ (ii) establishing the Protocols, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having held a hearing~~, if necessary,~~ to consider the relief requested in the Motion and other related issues; and the Court having

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS ~~HEARBY~~HEREBY ORDERED THAT**

1.      The Motion is GRANTED as set forth herein. The schedule set forth below shall govern confirmation of the Plan and all related discovery (the "**Confirmation Proceedings**") and the protocols set forth below shall govern discovery in connection with the Confirmation Proceedings (the "**Protocols**").

2.      Any party in interest that intends to participate in the Confirmation Proceedings (a "**Proposed Participant**") must first file with the Court a notice indicating such intent (a "**Notice of Intent**") at any time prior to the close of the Confirmation Proceedings, in accordance with the form attached to the Motion as **Exhibit B**.  However, each Proposed Participant who then becomes a Participating Party must comply with and will be bound by all deadlines and other provisions set forth in the Confirmation Scheduling Order and shall not be allowed to reopen any deadlines that have already passed, absent (a) consent of the Debtors and other Participating Parties or (b) further order of the Court.

3.      The Debtors and other Participating Parties shall, within five (5) days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any grounds, including, but not limited to, that the Notice of Intent is intended solely for purposes of harassment, was filed by persons that are not parties in interest within meaning of section 1109 of the Bankruptcy

Code, does not comply with the terms of the this Order, or does not demonstrate a legally cognizable interest in the Confirmation Proceedings. This shall be the only means by which the Debtors or other Participating Parties may challenge the Notice of Intent of a Proposed Participant; however, it shall be without prejudice to the Debtors' or other Participating Parties' rights to raise similar objections in other contexts, including, but not limited to, in connection with any specific discovery request or briefing. No Proposed Participant shall be deemed a Participating Party unless (a) no objection is filed within five (5) days of the filing of the Proposed Participant's Notice of Intent or (b) if an objection to the Notice of Intent is filed, the Court overrules such objection.

4.      Only a Proposed Participant who files a Notice of Intent, as to which no objection is timely filed or an objection is filed but is overruled by the Court, may take part in the Confirmation Proceedings (each such party, a "**Participating Party**"). The Participating Parties shall automatically include, without the need to file a Notice of Intent: (i) the Debtors, (ii) the U.S. Trustee, and (iii) the Mediation Parties.[2]  Each Participating Party will be bound by the terms of the *Order Approving Confidentiality and Protective Order* [D.I. 799] entered in these Chapter 11 Cases.

---

[2]    The Mediation Parties as defined shall include: (a) the Debtors; (b) the Ad Hoc Committee; (c) the FCR; (d) the TCC; (e) the UCC; (f) the following insurers: The Chubb Group of Insurance Companies, the Hartford Companies, Allianz Global Risks US Insurance Company National Surety Corporation, Liberty Mutual Insurance Company, the American International Group, Inc. Entities, AXA XL Insurance, CNA Insurance Companies, General Star Indemnity Company, Markel Insurance Company, Arrowood Indemnity Company, Old Republic Insurance Company, Travelers Indemnity Company, Colony Insurance Company, Argonaut Insurance Company, ~~and~~ Clarendon America Insurance Company, and American Zurich Insurance Company; (g) the Coalition; (h) JPM Chase Bank, N.A.; (i) the Corporation of the President of the Church of Jesus Christ of Latter-day Saints; (j) the United Methodist Ad Hoc Committee; (k) Agricultural Insurance Company; (l) Aspen Insurance Holdings, Limited; (m) National Union Fire Insurance Company, Lexington Insurance Company, Landmark Insurance Company, and the Insurance Company of the State of Pennsylvania (collectively "AIG"); (n) Maryland Casualty Company, Maryland American General Group, and American General Fire & Casualty Group; and (o) Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company. *See Amended Disclosure Statement for the* ~~*Second*~~*Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. ~~2594~~5485] (the "**Disclosure Statement**") .

5.      The following dates and deadlines shall govern discovery in connection with confirmation (such dates and deadlines, the "**Confirmation Schedule**"):

[*Chart Appears on Following Page*]

| Event | Date |
|---|---|
| Deadline to Finalize Claimant Interview Scheduling Procedures | May 19, 2021 |
| Deadline to Serve Written Discovery | May 26July 22, 2021 |
| Deadline to Serve Responses & Objections to Written Discovery | June 14August 2, 2021 |
| Document Production Substantially Complete | June 25August 20, 2021 |
| Deadline to Complete Claimant Interviews | June 25, 2021 |
| Expert Reports Due | June 30August 27, 2021 |
| Rebuttal Expert Reports Due | July 14September 7, 2021 |
| Deadline to Complete Depositions | July 27September 14, 2021 |
| Deadline to Exchange Deposition Designations and File Motions in Limine | July 30September 17, 2021 |
| Deadline to Exchange Deposition Counter-Designations and Objections | August 6September 19, 2021 |
| Deadline to Submit Pretrial Order, Witness and Exhibit Lists, Oppositions to Motions in Limine, and for Objections to Deposition Counter-Designations | August 16September 21, 2021 |
| Final Pretrial Conference | [TBD]September 23,[3] 2021 |
| Confirmation Hearing | [TBD]September 27,[4] at 10:00 a.m. (ET) |

6.      If a Participating Party fails to comply with any of the dates or deadlines set forth in the foregoing Confirmation Schedule, such failure shall be a waiver of the applicable event by such Participating Party.

---

[3]   Subject to the Court's availability and approval.

[4]   The Confirmation Hearing is being proposed to be held on September 27, 2021 at 10:00 am (Eastern Time) and shall be continued to the extent necessary on September 28, September 29, September 30, and October 1, 2021 at 10:00 a.m. (Eastern Time).

~~7.    **Discovery from Sample of Claimants**.    The Debtors propose time-limited interviews of a stratified sample of individual abuse claimants to be taken in connection with the estimation to be conducted as part of the Confirmation Proceedings.   The Debtors anticipate this process will be guided by the Mediators or their designee(s).~~

7.        ~~8.~~ **Expert Testimony.**  No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) and sitting for a deposition, which may be attended by any Participating Party challenging such report.  Such Participating Parties will meet and confer to determine the scheduling of and apportioning of questioning time during such depositions.

8.        ~~9.~~ **Discovery Disputes**.  Discovery disputes that cannot be resolved by the parties shall be filed with the Court on letter briefs and on notice to all Participating Parties.  No letter brief shall exceed five (5) single-spaced pages and opposition letters shall be filed and served within seven (7) days after service of any moving letter brief.

9.        ~~10.~~ **Service**. The Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests and written responses and other formal discovery papers that are not filed. If transmission of voluminous materials as an e-mail attachment is impractical, materials shall be posted on an FTP or data site and all Participating Parties shall be provided access to the materials.

10.        ~~11.~~ **Modifications.** The Protocols, dates, and terms in this Confirmation Scheduling Order may be modified or waived by the consent of Debtors and any applicable Participating Parties without Court approval, except for any dates involving briefings or

submissions to the Court, or any dates involving conferences or hearings with the Court, including but not limited to the following: the deadlines to submit the Pretrial Order, Witness and Exhibit Lists, Motions in Limine and Oppositions thereto, and for the Final Pretrial Conference.

11.      ~~12.~~ **Time Periods**. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.      ~~13.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.      ~~14.~~ The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

14.      ~~15.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.