# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, AND NAVIGATORS SPECIALTY INSURANCE COMPANY'S RESPONSE TO THE DEBTORS' MOTION TO SHORTEN NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 363(b) AND 105(a) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE RESTRUCTURING SUPPORT AGREEMENT, AND (II) GRANTING RELATED RELIEF**

Hartford Accident and Indemnity Company ("Hartford A&I"), First State Insurance Company ("First State"), Twin City Fire Insurance Company ("Twin City"), and Navigators Specialty Insurance Company ("Navigators") (collectively, "Hartford") respectfully submit this response to Debtors' *Motion to Shorten Notice of the Debtors' Motion for Entry of an Order, Pursuant to Section 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5468] ("Motion to Shorten").

Debtors filed their Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing The Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief [D.I. 5466] ("RSA Motion") and supporting declarations of Roger C. Mosby [D.I. 5469] and Brian Whittman [D.I. 5470] on

---

[1] The Debtors in these Bankruptcy Proceedings, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

July 1, 2021, asking the Court to order objections to be filed by July 13, 2021 at 4:00 p.m., and to hear the RSA Motion on July 20, 2021, the same date the hearing on approval of the Disclosure Statement is currently scheduled to commence.  In support of their Motion to Shorten, Debtors say (i) there is good cause because they have reached agreement with the Coalition, TCC and FCR on a plan of reorganization, and (ii) the other parties in interest, *e.g.*, Hartford, will not be prejudiced.  Motion to Shorten ¶¶ 9, 11.

The RSA Motion raises significant issues that go well beyond whether the Restructuring Support Agreement is a reasonable exercise of the Debtors' business judgment.  Among other things, the RSA Motion asks for a ruling from this Court that the Debtors have "no obligations" under, and may abandon, the settlement agreement they previously entered with Hartford (the "BSA/Hartford Settlement Agreement") and incorporated into the Fourth Amended Plan.  RSA Motion ¶ 18.  It thus presents the question whether applicable law permits the Debtors to repudiate their obligations under the BSA/Hartford Settlement Agreement.  In addition, the RSA Motion asks that the Court make findings (such as that the Restructuring Support Agreement was negotiated in good faith, an unnecessary finding in Hartford's view) that cannot be made absent substantial discovery and a robust factual record, particularly if the parties to the Restructuring Support Agreement intend to use any "good faith" finding elsewhere, such as at the confirmation hearing or in insurance coverage litigation.

Hartford is prepared to try to work quickly and efficiently with Debtors to bring the RSA Motion before the Court as expeditiously as possible, but the Court should hear the motion on a schedule that ensures that Hartford and other insurers can obtain limited, targeted discovery on the complex issues the RSA Motion presents sufficiently in advance of the objection deadline and the hearing date to be useful to Hartford and other insurers and to the Court.

Debtors filed their RSA Motion late in the day on July 1, 2021. Less than 24 hours later, Hartford served focused written discovery, including 7 interrogatories, 12 document requests and 21 requests for admission. Hartford also served notices of deposition for Roger Mosby and Brian Whittman, who offered declarations in support of the RSA Motion, and Andrew Evans of Bates White, LLC, the person in charge of Debtors' analysis of their abuse liabilities. Hartford requested Debtors' discovery responses by July 7 and scheduled the depositions for July 8 (Mosby), July 9 (Whittman) and July 12 (Evans). On July 4, BSA sent an email stating that it would produce Mr. Mosby on July 9 and Mr. Whittman on July 12 (the day before objections would be due if the Court grants Debtors' Motion to Shorten), and that Debtors do not believe deposition testimony from Mr. Evans (or Dan Ownby, the BSA Board's National Committee Chair, noticed by other insurers) "is appropriate in connection with the RSA Motion." And, today, Debtors advised Hartford that, although they intend to serve their written objections and responses tomorrow, July 7, they do not expect even to begin to produce responsive documents until July 8, the day before Debtors propose to produce Mr. Mosby for deposition (with no firm commitment as to when document productions will be complete). Even then, according to Debtors, the productions will be subject to privilege claims, which obviously will not be resolved prior to depositions or, in all likelihood, prior to the July 13 objection deadline.

While Hartford is prepared to work quickly, BSA's proposed schedule is simply not adequate to ensure Hartford (and other potentially interested parties) a full and fair opportunity to obtain discovery and then file objections with the Court. Rather than a rushed schedule under which objections are due on July 13 and a hearing is set on July 20, Hartford submits it would be more fair and efficient to push back those dates for two weeks so that Hartford can review the discovery that Debtors produce and then try to work through any disputes over the Debtors'

privilege assertions, which may require the Court's help. This also would allow the parties to adjust the deposition dates accordingly.

Hartford responds to the Motion to Shorten for a second reason. Hartford submits that the Court should hear and resolve the RSA Motion before any deadline to file objections to the Disclosure Statement and any hearing on the Disclosure Statement. Debtors' attempt to put both matters on the same schedule prejudices Hartford. Though Debtors are seeking to jettison the BSA/Hartford Settlement Agreement, the Fourth Amended Plan and Disclosure Statement currently include the BSA/Hartford Settlement Agreement, and Debtors will likely take the position that Hartford is contractually restrained from objecting to and seeking discovery concerning the Plan and Disclosure Statement. Obviously, Hartford should know whether the BSA/Hartford Settlement Agreement is or is not part of the Plan—which the Court will presumably resolve through its ruling on the RSA Motion—before Hartford is required to file Disclosure Statement objections. Indeed, until all of the interested parties know whether the BSA/Hartford Settlement Agreement remains part of the plan, the Disclosure Statement currently on file with the Court is not really a complete and adequate disclosure of what plan will be placed before creditors for a vote. Accordingly, the Court should resolve that issue first, before proceeding to assess the adequacy of the Disclosure Statement.

In this regard, the Plan, as recently amended, includes numerous substantial changes that require meaningful discussion in the Disclosure Statement and that disclosure can occur only if the parties have meaningful time to address the issues. For example, the Plan calls for Eric Green to be the Settlement Trustee for the trust to be created to resolve the Abuse Claims; yet, the Disclosure Statement includes no disclosure of the fact that this Court disapproved his appointment as a mediator in this case because of his close relationship with the FCR, nor any

disclosure of how and why Mr. Green has been chosen for this role. Similarly, the Plan calls for any Abuse Claim, even if presumptively time barred, to be permitted to receive $3,500 (an increase from the $1,500 provided in the prior iteration of the Plan), no questions asked, from the Trust; there is similarly no discussion in the Disclosure Statement of the justification for this payout of claims without any review or scrutiny. Likewise, the Plan requires the Bankruptcy Court to make findings that the Plan and Confirmation Order are binding on all parties (after Claimants' counsel at a recent hearing stressed that a court should not determine the binding effect of its own orders) and that the trust distribution procedures are reasonable; again, the Disclosure Statement contains no discussion of these provisions and whether they may be challenged and render the Plan unconfirmable. These are just a few examples of important issues that require adequate disclosure; Hartford only received the revised Disclosure Statement right before the July 4th holiday weekend, and it is in the process of reviewing it. The issues here are sufficiently important that the parties should be afforded adequate time, once the Debtors' RSA Motion has been decided and the parties know what plan the Debtors are seeking to have confirmed, to address the Disclosure Statement.

Date: July 6, 2021
      Wilmington, Delaware

BAYARD, P.A.

/s/ *Gregory J. Flasser*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, D.E. 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
Email: efay@bayardlaw.com
      gflasser@bayardlaw.com

-and-

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Annette P. Rolain (admitted *pro hac vice*)
Sara K. Hunkler (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, D.C. 20006
Tel: (202) 469-7750
Fax: (202) 469-7751

-and-

Philip D. Anker (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel: (212) 230-8890
Fax: (212) 230-8888

Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company,*
*Hartford Accident and Indemnity Company,*
*Twin City Fire Insurance Company and Navigators*
*Specialty Insurance Company*

.