# EXHIBIT 1

**Cocchiaro, Salvatore J.**

| | |
|---|---|
| **From:** | Hershey, Sam <sam.hershey@whitecase.com> |
| **Sent:** | Sunday, July 4, 2021 3:48 PM |
| **To:** | Cocchiaro, Salvatore J.; Schiavoni, Tancred; Stamatios Stamoulis; Vroman, Robert C.; rcecil@trplaw.com; mplevin@crowell.com; Yoon, Tacie; 'bmccullough@bodellbove.com'; 'bruce.celebrezze@clydeco.us'; 'konrad.krebs@clydeco.us'; dchristian@dca.law; mbouslog@gibsondunn.com; jhallowell@gibsondunn.com; 'MRosenthal@gibsondunn.com'; 'sgummow@fgppr.com'; drichards@finemanlawfirm.com; 'TJacobs@bradleyriley.com'; 'jbucheit@bradleyriley.com'; 'harris.winsberg@troutman.com'; david.fournier@troutman.com; marcy.smith@troutman.com; 'msorem@nicolaidesllp.com'; mwarner@mwe.com; rsmethurst@mwe.com; 'JRuggeri@goodwin.com'; 'JWeinberg@goodwin.com'; SHunkler@goodwin.com; Philip.Anker@wilmerhale.com; Danielle.Spinelli@wilmerhale.com; Joel.Millar@wilmerhale.com; EFay@bayardlaw.com; GFlasser@bayardlaw.com; ARolain@goodwin.com |
| **Cc:** | O'Neill, Andrew; Linder, Matthew; Molton, David J.; Goodman, Eric R.; James Stang; John W. Lucas; Debra Grassgreen; Rob Orgel; Brady, Robert; eharron@ycst.com; Kami Quinn; Emily Grim; Michael Atkinson2; Matthew K. Babcock; Kelly, Barbara J.; Lauria (Boelter), Jessica; Andolina, Michael; Baccash, Laura; Warner, Blair; Hammond, Andrew; Martin, Ernest; Azer, Adrian; Whittman, Brian; Binggeli, Carl; Mason, Richard G.; Sugden, Will; Mayer, Douglas K.; Celentino, Joseph C.; Levy, Mitchell S.; Kurtz, Glenn; Abbott, Derek |
| **Subject:** | In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020) |

[EXTERNAL MESSAGE]

All,

We refer to the notices of deposition filed on July 2, 2021 [D.I.s 5479, 5480, 5482 and 5487], which seek the depositions of (i) Brian Whittman, (ii) Roger Mosby, (iii) Andrew Evans, (iv) Dan Ownby and (v) Mitchell Toups in connection with the *Debtors' Motion for Entry of an Order, Pursuant to Section 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion").

The Debtors propose to produce Mr. Mosby on Friday, July 9 at 11 CT and Mr. Whittman on Monday, July 12 at 11 am CT. Mr. Mosby will be in Dallas, TX and Mr. Whittman will be in Chicago, IL, although the Debtors do not object to questioning by Zoom. Given the limited scope of the declaration provided by Mr. Mosby and his role as Debtors' CEO, the Debtors propose to limit his deposition to 2.5 hours.

The Debtors do not believe that testimony from Mr. Evans or Mr. Ownby is appropriate in connection with the RSA Motion and are not presently prepared to produce them for depositions. The Debtors are willing to meet-and-confer to discuss further, and suggest a call on Tuesday, July 6 at 11 am CT.

Mr. Toups is not affiliated with the Debtors, and the Debtors will not produce him.

Best wishes to all of you for a happy and safe Fourth of July.

Best,
Sam

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

=============================================================================

1

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

===============================================================================

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>                 Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**THE COALITION OF ABUSED SCOUTS**
**FOR JUSTICE'S RESPONSES AND OBJECTIONS TO**
**CENTURY INDEMNITY COMPANY'S SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION**
**OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Coalition of Abused Scouts for Justice ("Coalition") hereby responds and objects to Century Indemnity Company's ("Century") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), dated June 11, 2021, directed to the Coalition (the "Subpoena"), as follows:

**GENERAL OBJECTIONS**

The Coalition incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each document request (each a "Request" and collectively the "Requests") in the Subpoena (the "General Objections"). Although the General Objections may be specifically referred to in a Response, failure to mention a General

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1.      Brown Rudnick objects to the Subpoena on the ground that it, as directed to the Coalition, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).   Documents bearing on the Debtors' Plan of Reorganization, the Hartford Settlement, and Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.

2.      The Coalition objects to the Subpoena, which is dated June 11, 2021, seeking a response only 15 days later, on June 26, 2021.

3.      The Coalition objects to the Requests to the extent that they seek to impose obligations on the Coalition that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

4.      The Coalition objects to the Requests to the extent that they purport to require the Coalition to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

5.      The Coalition objects to the Requests to the extent that they request documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, business strategy privilege, or other applicable privilege or protection, including, but not limited to, protections under Rule 9019-5(d) of the Local Rules for mediation materials and

communications made in connection with mediation.  The Subpoena is improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  On June 11, 2021, the Coalition's counsel in writing requested a meet and confer on this issue in light of Century's position—as demonstrated by the discovery it seeks by this Subpoena and by a previous subpoena directed to the Coalition's counsel—that mediation communications are discoverable.  Specifically, on June 11, 2021, the Coalition's counsel wrote to Century's counsel in connection not only with the subpoena Century previously directed (improperly) to Brown Rudnick LLP, but also expressly in connection with discovery Century may seek of any party to the case and to the mediation, as follows:

> It appears Century's position in seeking this discovery (*whether from Brown Rudnick or parties to the case and to the mediation*) presumes that communications made in connection with mediation—specifically, good faith offers and proposals—are discoverable and are not confidential.  If that is Century's position, we disagree.  The Coalition believes, based on discussions regarding the Subpoena with the mediators, that Century is incorrect and that confidential communications and settlement proposals are not protected, this would have an obvious chilling effect and undermine the purpose of the mediation, which is to reach a consensual settlement.  The Coalition concurs with the mediators' views on this matter.

> If Century's position is, contrary to the mediators' and the Coalition's views, that mediation-related communications are discoverable, we request a meet and confer to discuss the basis for Century's position and its ramifications for this matter.

Century's counsel has not responded to this invitation to meet and confer on the issue of whether good faith offers and proposals made in connection with a mediation are discoverable and instead has pressed forward with the Subpoena to the Coalition.  The Coalition renews its request to meet

and confer on this issue to discuss the basis for Century's position and its ramifications for this matter.

6.    In responding to the Requests, the Coalition does not waive, but preserves, all applicable privileges and protections.  In the event that the Coalition discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

7.    The Coalition objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

8.    The Coalition objects to the Requests to the extent they seek documents already in Century's possession, custody, or control, including without limitation documents already provided to Century by the Debtors on a rolling basis in connection with these chapter 11 cases.

9.    The Coalition objects to the Requests to the extent they seek documents more easily obtained from the Debtors, other parties or third parties.

10.    The Coalition objects to the Requests to the extent they seek documents not in the Coalition's possession, custody, or control.

11.    The Coalition objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

12.    The Coalition makes its response to these Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its responses as necessary at a later date.

13.    The Coalition reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or

information produced in response to the Requests in any subsequent proceeding or trial of this or any other action.

14.     The Coalition objects to the production of any documents falling within one of the General Objections above or Specific Objections set forth below.  In the event that documents falling within the scope of an objection are produced by the Coalition, this production is inadvertent and does not constitute a waiver of the objection.

## OBJECTIONS TO DEFINITIONS

1.     The Coalition objects to the definitions of "Coalition," "You," and "Your" on the grounds that each is overbroad and unduly burdensome and purports to require the Coalition to produce documents not within the Coalition's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.     The Coalition objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on the Coalition that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.     The Coalition objects to the time period covered by the Requests in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly burdensome and seeks documents not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

3.     The Coalition objects to Instruction Nos. 8, 9, and 10 on the grounds that producing such respective privilege, redaction, and missing or lost document logs would be overly burdensome under the circumstances.

4.    The Coalition objects to the "Manner of Production" instructions to the extent they are overly burdensome under the circumstances.  The Coalition will produce documents, if any, subject to the General Objections and Specific Objections set forth herein and in readily accessible electronic form and consistent with the Civil Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to Brown Rudnick for fees and/or costs.

### Response to Request No. 1

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the

foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 2**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**Response to Request No. 2**

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 3**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor and/or consultant of the Coalition or vendor and/or consultant engaged by counsel for the Coalition on matters for the Coalition.

**Response to Request No. 3**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 4**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the

Debtors and/or their counsel, on the other hand, Concerning the *Motion of the Future Claimants'*
*Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for*
*Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an*
*Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation
Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

### Response to Request No. 4

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition
objects to this Request on the ground that it is unduly burdensome and beyond the scope of
discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Estimation Motion that
are not already in the possession of Century are more conveniently obtained from the Debtors or
other parties to the Debtors' chapter 11 cases with less burden and expense.  The Coalition further
objects to this request as improperly propounded under the Local Rules to the extent it seeks
information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which
provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from
any participant in the mediation with respect to any information disclosed during mediation."  The
Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's
position, with which the Coalition disagrees, that mediation-related communications and proposals
are discoverable and the ramifications of that position for this matter.  Subject to the foregoing
general and specific objections, the Coalition states that it has no documents responsive to this
Request that are not protected from disclosure.

### Request No. 5

All term sheets relating to a Plan of Reorganization for the Debtors exchanged directly or
indirectly between the Coalition, any lawyer representing a member of the Coalition, and/or

counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand.

**Response to Request No. 5**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 6**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

**Response to Request No. 6**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

## Request No. 7

All Communications between You and the Debtors Concerning the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

**Response to Request No. 7**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of

Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 8**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning the Hartford Settlement.

**Response to Request No. 8**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which

provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 9**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and Hartford and/or its counsel, on the other hand, Concerning the Hartford Settlement.

**Response to Request No. 9**

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from Hartford, the Debtors, or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications

and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 10**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning any actual or proposed settlements of Century's alleged coverage obligations to the Debtors.

**Response to Request No. 10**

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Documents bearing on Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 11**

All Documents provided to the Coalition in response to formal or informal discovery and/or information requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 Cases.

**Response to Request No. 11**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this request to the extent it seeks documents already in Century's possession, custody, or control.  The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure or that are not already in Century's possession, custody, or control.

**Request No. 12**

All Documents provided to the Coalition in response to formal or informal discovery and/or information requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 cases.

### Response to Request No. 12

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this request as verbatim duplicative of Request No. 11, and Century is referred to the Coalition's response to Request No. 11 above, which is incorporated by reference in response to this request as if set forth fully herein.

### Request No. 13

All responses to discovery requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 Cases.

### Response to Request No. 13

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this request as duplicative of Request Nos. 11 and 12, and Century is referred to the Coalition's response to Request No. 11 above, which is incorporated by reference in response to this Request as if set forth fully herein.

### Request No. 14

All Documents produced by JPMorgan to anyone in the Chapter 11 Cases and provided to the Coalition.

### Response to Request No. 14

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this request as duplicative of Request Nos. 11, 12, and 13, and Century is referred to the Coalition's response to Request No. 11 above, which is incorporated by reference in response to this Request as if set forth fully herein.

Dated: June 25, 2021                     MONZACK MERSKY and
Wilmington, Delaware                     BROWDER, P.A.

                                         */s/ Rachel B. Mersky*_____
                                         (DE No. 2049)
                                         1201 North Orange Street
                                         Suite 400
                                         Wilmington, Delaware 19801
                                         Telephone:    (302) 656-8162
                                         Facsimile:    (302) 656-2769
                                         E-mail:       RMersky@Monlaw.com

                                                -and-

                                         BROWN RUDNICK LLP
                                         David J. Molton, Esq.
                                         Eric R. Goodman, Esq. (admitted *pro hac vice*)
                                         Seven Times Square
                                         New York, NY 10036
                                         Telephone:    (212) 209-4800
                                         E-mail:       DMolton@BrownRudnick.com
                                         E-mail:       EGoodman@BrownRudnick.com

                                                -and-

                                         Sunni P. Beville, Esq. (admitted *pro hac vice*)
                                         Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
                                         One Financial Center
                                         Boston, MA 02111
                                         Telephone:     (617) 856-8200
                                         E-mail:        SBeville@BrownRudnick.com
                                         E-mail:        TAxelrod@BrownRudnick.com

# EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |

**BROWN RUDNICK LLP'S RESPONSES AND OBJECTIONS
TO CENTURY INDEMNITY COMPANY'S SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION
OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Brown Rudnick LLP ("Brown Rudnick") hereby responds and objects to Century Indemnity Company's ("Century") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), dated May 14, 2021, directed to "Brown, Rudnick, Freed & Gesmer, LLP" (the "Subpoena"), as follows:

**GENERAL OBJECTIONS**

Brown Rudnick incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each document request (each a "Request" and collectively the "Requests") in the Subpoena (the "General Objections"). Although the General Objections may be specifically referred to in a Response,

---

[1]  The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

failure to mention a General Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1.      Brown Rudnick objects to the Subpoena on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). The Subpoena improperly seeks discovery from counsel to the Coalition of Abused Scouts for Justice, a third-party law firm, rather than from the Coalition itself, from the Debtors, or from other parties to the proceeding. Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Documents bearing on the Debtors' Plan of Reorganization, the Hartford Settlement, and Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.

2.      Brown Rudnick objects to the Subpoena as directed to "Brown, Rudnick, Freed & Gesmer, LLP," and will treat the Subpoena as directed to Brown Rudnick LLP.

3.      Brown Rudnick objects to the Subpoena as improperly served, but Brown Rudnick will treat the Subpoena as if served on May 26, 2021, when counsel to Century sent a courtesy copy of the Subpoena to Brown Rudnick by email.

4.      Brown Rudnick objects to the Subpoena, which is dated May 14, 2021, seeking a response only four days later, on May 18, 2021. As Brown Rudnick has advised Century's counsel in letters dated May 27, 2021, and June 2, 2021, Brown Rudnick will treat the Subpoena as if served on May 26, 2021, and will respond to it 14 days thereafter, on June 9, 2021.

5.      Brown Rudnick objects to the Requests to the extent that they seek to impose obligations on Brown Rudnick that are inconsistent with or greater than the obligations imposed

by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), or any other applicable agreement or rule.

6.      Brown Rudnick objects to the Requests to the extent that they purport to require Brown Rudnick to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

7.      Brown Rudnick objects to the Requests to the extent that they request documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, business strategy privilege, or other applicable privilege or protection, including, but not limited to, protections under Rule 9019-5(d) of the Local Rules for mediation materials and communications made in connection with mediation.  The Subpoena is improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  In responding to the Requests, Brown Rudnick does not waive, but preserves, all applicable privileges and protections.  In the event that Brown Rudnick discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

8.      Brown Rudnick objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

9.      Brown Rudnick objects to the Requests to the extent they seek documents already in Century's possession, custody, or control.

10.     Brown Rudnick objects to the Requests to the extent they seek documents more easily obtained from the Debtors, other parties or third-parties.

11.     Brown Rudnick objects to the Requests to the extent they seek documents not in Brown Rudnick's possession, custody, or control.

12.     Brown Rudnick objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

13.     Brown Rudnick makes its response to these Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its responses as necessary at a later date.

14.     Brown Rudnick reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information produced in response to the Requests in any subsequent proceeding or trial of this or any other action.

15.     Brown Rudnick objects to the production of any documents falling within one of the General Objections above or Specific Objections set forth below.  In the event that documents falling within the scope of an objection are produced by Brown Rudnick, this production is inadvertent and does not constitute a waiver of the objection.

## OBJECTIONS TO DEFINITIONS

1.     Brown Rudnick objects to the definitions of "Brown Rudnick LLP," "You," and "Your" on the grounds that they are defined as "Brown, Rudnick, Freed & Gesmer, LLP," which misidentifies Brown Rudnick's name.

2.      Brown Rudnick objects to the definition of "Coalition" on the grounds that it is overbroad and unduly burdensome and purports to require Brown Rudnick to produce documents not within Brown Rudnick's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.      Brown Rudnick objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Brown Rudnick that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.      Brown Rudnick objects to the time period covered by the Requests in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly burdensome and seeks documents not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Brown Rudnick objects to Instruction No. 8 on the grounds that producing such privilege logs would be overly burdensome under the circumstances.

4.      Brown Rudnick objects to the "Manner of Production" instructions to the extent they are overly burdensome under the circumstances.  Brown Rudnick will produce documents, if any, subject to the General Objections and specific objections set forth herein and in readily accessible electronic form and consistent with the Civil Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to You for your fees and/or costs.

### Response to Request No. 1

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not made any demands or requests upon the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

### Request No. 2

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the

payment of money to any lawyer or law firm associated with the Coalition for their fees and/or costs.

**Response to Request No. 2**

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not made any demands or requests upon the Debtors in its own right.  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 3**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor or consultant to the Coalition.

**Response to Request No. 3**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not made any demands or requests upon the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 4**

All Communications between You and the Debtors Concerning the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

**Response to Request No. 4**

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not had any communications with the Debtors in its own right.  Documents bearing on the Estimation Motion that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 5**

All term sheets relating to a Plan of Reorganization for the Debtors exchanged directly or indirect [sic] between You and/or the Coalition, on the one hand, and the Debtors on the other hand.

**Response to Request No. 5**

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown

Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 6**

All Communications between You and the Debtors Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

**Response to Request No. 6**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to

Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 7**

All Communications between You and the Debtors Concerning the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

**Response to Request No. 7**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections,

Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 8**

All Communications between You and the Debtors Concerning the Hartford Settlement.

**Response to Request No. 8**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 9**

All Communications between You and Hartford Concerning the Hartford Settlement.

**<u>Response to Request No. 9</u>**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from Hartford, the Debtors, or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**<u>Request No. 10</u>**

All Communications between You and the Debtors Concerning any actual or proposed settlements of Century's alleged coverage obligations to the Debtors.

**<u>Response to Request No. 10</u>**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown

Rudnick has not had any communications with the Debtors in its own right. Documents bearing on Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

Dated: June 9, 2021  
Wilmington, Delaware

MONZACK MERSKY and  
BROWDER, P.A.

*/s/ Rachel B. Mersky*  
(DE No. 2049)  
1201 North Orange Street  
Suite 400  
Wilmington, Delaware 19801  
Telephone:    (302) 656-8162  
Facsimile:    (302) 656-2769  
E-mail:        RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP  
David J. Molton, Esq.  
Eric R. Goodman, Esq. (admitted *pro hac vice*)  
Seven Times Square  
New York, NY 10036  
Telephone:    (212) 209-4800  
E-mail:        DMolton@BrownRudnick.com  
E-mail:        EGoodman@BrownRudnick.com

-and-

Sunni P. Beville, Esq. (admitted *pro hac vice*)  
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)  
One Financial Center  
Boston, MA 02111  
Telephone:    (617) 856-8200  
E-mail:        SBeville@BrownRudnick.com  
E-mail:        TAxelrod@BrownRudnick.com

# EXHIBIT 4



**Kosnoff Law**
@SexAbuseAttys

...the council looks to contribute to the compensation trust, can't be shared at this time.

2:04 PM · Jul 6, 2021 · Twitter for iPhone



**Kosnoff Law** @SexAbuseAttys · 9h
Replying to @SexAbuseAttys
Then how can the Plan Disclosure statement be approved if a claimant isn't informed how much his council is contributing, how can he make an informed decision to vote to release all his legal rights to sue that council? In legal terminology, we call it bullshit.

♡ 1      ♥ 2

**Kosnoff Law**
@SexAbuseAttys

Why are these Coalition lawyers out ballyhooing that this deal will enable them to put pressure on the insurance carriers and promising much more money under this rotten plan?

3:23 PM · Jul 6, 2021 · Twitter Web App

1 Like



**Kosnoff Law** @SexAbuseAttys · 8h
Replying to @SexAbuseAttys
They are telling the media and their clients that the Settlement Trustee's awards to victims will be binding on the insurance companies. There is zero legal support for that proposition. And if it were true, why isn't it in the Plan and DS? This is flat out dishonesty.

♡ 1

 **Kosnoff Law**
@SexAbuseAttys                                                    · · ·

Not only does the Plan not say that the trustees'
awards are binding on the insurance carriers, it says the
opposite.

>  **Kosnoff Law** @SexAbuseAttys · 8h
>
> They are telling the media and their clients that the Settlement Trustee's awards
> to victims will be binding on the insurance companies. There is zero legal support
> for that proposition. And if it were true, why isn't it in the Plan and DS? This is flat
> out dishonesty.
>
> Show this thread

4:47 PM · Jul 6, 2021 · Twitter for iPhone



**Kosnoff Law** @SexAbuseAttys · 6h
Replying to @SexAbuseAttys
Article V, Section N, which is on page 65 of the Fourth Amended Plan,
specifically reserves all of the rights of the carriers.

💬 1          ⟲          ♡          ⬆

**Kosnoff Law** @SexAbuseAttys · 6h
The plan also sets up terrifying coverage defenses that would not exist
otherwise. This is not a bridge to NeverNeverLand. It's the Road to Perdition.

💬 1          ⟲          ♡ 1          ⬆

**Kosnoff Law** @SexAbuseAttys · 6h
Why are these Coalition lawyers doing this? Are they simply stupid or are
they financially desperate? How much money did these lawyers borrow from
Wall Street loan sharks?

💬          ⟲          ♡ 1          ⬆



**Kosnoff Law**
@SexAbuseAttys

···

If there are 250+ BSA councils and the contribution is $600M being put up, there are many councils who will not be putting up any or much money but still getting released. That is not kosher even in the 3rd Federal Circuit.

> **Kosnoff Law** @SexAbuseAttys · 9h
>
> Then how can the Plan Disclosure statement be approved if a claimant isn't informed how much his council is contributing, how can he make an informed decision to vote to release all his legal rights to sue that council? In legal terminology, we call it bullshit.
>
> Show this thread

5:18 PM · Jul 6, 2021 · Twitter for iPhone

# EXHIBIT 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## DEBTORS' REVISED RESPONSES AND OBJECTIONS TO CENTURY'S
## REQUEST TO THE DEBTORS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable by Rules, 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules" and together with the Federal Rules, the Bankruptcy Rules and the Local Rules, the "Rules"), Boy Scouts of America (the "BSA") and its affiliate Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), by and through their undersigned counsel, and upon having met and conferred with counsel to Century (as defined herein), hereby serve the following revised responses and objections, without prejudice and while reserving all rights, to *Century's Request to the Debtors for Production of Documents*, served by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Insurance Company of North America (collectively referred to as "<u>Century</u>") on the Debtors on May 14, 2021 (the "<u>Century Requests</u>")[2]:

## GENERAL RESPONSES AND OBJECTIONS

The following general objections ("<u>General Objections</u>") apply to each Definition, Instruction, and Century Request, and shall have the same force and effect as if fully set forth in the response to each individual Century Request.  To the extent that the Debtors respond to a Century Request, the Debtors reserve all objections as to relevance, materiality, competence, confidentiality, propriety, privilege, and admissibility, as well as to any and all other objections on any ground that would require or permit the exclusion of the response, or any portion of the response, if the response were offered into evidence.  The Debtors object as follows:

1.      The Debtors object to the Century Requests to the extent that they purport to impose obligations that are broader than, or inconsistent with, those required or authorized by the Rules, or other applicable laws, rules, court orders, or regulations.

2.      The Debtors object to the Century Requests to the extent that they seek disclosure of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the mediation privilege, the common interest or joint defense privilege, or any other protection, privilege or immunity against disclosure (collectively, "<u>Privileged Materials</u>"). The Debtors will not produce any Privileged Materials, including without limitation any attorney work product.  The Debtors expressly reserve the right to redact non-responsive, proprietary, commercially sensitive, privileged or protected portions of any documents that may be produced in response to the Requests.  Pursuant to Federal Rule of Evidence 502(d) as well as any other applicable laws, rules or regulations, if any Privileged Material is inadvertently produced or

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Century Requests.

2

disclosed, the Debtors do not waive or intend to waive any privilege or immunity from discovery pertaining to such Privileged Material or to any other documents or information and reserve the right to demand the return of all copies of any such document(s).

3.      By responding and objecting to the Century Requests, the Debtors do not waive or intend to waive their attorney-client privilege, joint or common interest privilege, mediation privilege, or any other applicable privilege, doctrine or immunity protecting their Privileged Materials from disclosure.    Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, doctrine or immunity.    To the extent that there are inconsistencies in the types of privilege or other protections asserted with respect to various copies of the same document, the most comprehensive privilege or protection is intended to apply to all copies of such document.

4.      The Debtors object to the Century Requests to the extent they seek production of a privilege log, which is unduly burdensome and disproportionate to the needs of the case, and will impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors. The Debtors will not be producing a privilege log in response to the Century Requests.

5.      The Debtors object to the Century Requests to the extent that they seek documents containing confidential, personal or private, proprietary, or sensitive business information; or information protected from disclosure by any law (including, but not limited to, foreign laws), court order or any agreement with respect to confidentiality or non-disclosure (collectively, "Confidential Materials").    To the extent that they produce any Confidential Materials, the Debtors will produce such materials using either the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "COMMITTEE ADVISOR ONLY" as the circumstances dictate pursuant to the *Order Approving Confidentiality and Protective Order*

3

dated June 8, 2020 [D.I. 799] (the "<u>Protective Order</u>").  The Debtors further reserve the right to redact documents pursuant to the Protective Order including, but not limited to, the right to redact personally identifying donor information.  The Debtors will comply with their obligations under applicable confidentiality agreements in all respects.

6.      The Debtors object to the Century Requests to the extent that they seek documents or information publicly available, or already in the possession, custody, or control of Century, or are more readily or equally available from any other party to the above-captioned action, without subjecting the Debtors to unnecessary burden or expense.  The Debtors will not be producing such materials.  This includes documents that have already been made available to parties via the Debtors' data site.

7.      The Debtors object to the Century Requests to the extent that they seek disclosure of documents or information that is unreasonably cumulative or duplicative, including but not limited to, Century Requests that seek disclosure of documents or information that is cumulative or duplicative of documents or information received from, or more appropriately sought from, some other source that is more convenient, less burdensome, or less expensive.

8.      The Debtors object to the Century Requests to the extent that they are overly broad and unduly burdensome, fail to identify the documents sought with reasonable particularity or seek information that is outside the scope of discovery permitted by the Rules, or any other applicable rules or orders.

9.      The Debtors object to the Century Requests to the extent that they impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors.

10.      The Debtors object to the Century Requests to the extent they are unclear, overly broad, unlimited in time, unduly burdensome or are not reasonably calculated to lead to the

discovery of admissible documents or information proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The Debtors further object to the extent that providing a response in light of the Definitions and Instructions would cause unreasonable annoyance, harassment, oppression, undue burden or unreasonable expense to the Debtors.

11.     The Debtors object to the terms or phrases defined by Century to the extent that those terms and phrases are vague or ambiguous or beyond their customary meanings.  The Debtors have done their best to understand the terms in the Century Requests as used in context, but the Debtors make their responses and objections based on their understanding of such terms and the Debtors reserve the right to amend the responses and objections herein if Century asserts meanings of such terms that are different from those employed by the Debtors.

12.      The Debtors object to the Century Requests to the extent that they contain any factual or legal misrepresentation.

13.     Nothing herein shall be construed as an admission concerning the admissibility or the relevance of any documents or information, an admission that documents or information exist, or an admission of the truth or accuracy of any characterization or assertion contained in the Century Requests.

14.     No specific objection to any Century Request is to be construed as a waiver of any general objection applicable to that Century Request.

AMERICAS 107962564

15.     The Debtors' failure to object to the Century Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

16.     The Debtors do not in any way waive or intend to waive, but rather preserve and intend to preserve: (a) all rights to object on any ground to the use of any document or information produced in response to the Century Requests or the subject matter thereof, in any subsequent proceeding; and (b) all rights to object on any ground to any request for further responses to the Requests or any other document request.

17.     The Debtors' responses and objections to the Century Requests are made to the best of their present knowledge, information and belief.  The objections are made without prejudice to the assertion of additional objections and responses by the Debtors at a later date. The Debtors reserve the right to supplement and amend any or all of their responses and objections to the Century Requests, pursuant to Bankruptcy Rule 7026, Federal Rule 26(e), any other applicable Rule and any order of this Court.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     The Debtors object to the proposed time period set forth in Instruction 3 as overly broad, unduly burdensome and disproportionate to the needs of the case.  The Debtors will provide responses with regard to the time period from four years prior to the date hereof.

2.     The Debtors object to Instructions 5, 6, 7, 8, 9, 10, 11, 12 and 13.  In particular, the Debtors object to the Instructions to the extent they seek to require the Debtors to produce documents that are not in the Debtors' possession, custody or control.  The Debtors further object to the Instructions to the extent they seek to require the Debtors to perform searches that are not reasonably likely to identify responsive documents.  The Debtors will perform only a

6

reasonable search of documents in the Debtors' possession, custody or control. The Debtors further object to the Instructions to the extent they seek to require the Debtors to produce documents that are not responsive to a Request. The Debtors will only search for and produce documents responsive to a Request.

3.      The Debtors object to the Instructions included in the section titled "Manner of Production" to the extent they seek to impose requirements on the Debtors that are unreasonable, unduly burdensome or non-customary.

4.      The Debtors object to the definition of "Communication" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

5.      The Debtors object to the definitions of "Debtors" and "You" and "Your" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules. The Debtors further object to these terms to the extent that they extend or purport to extend to any person or entity other than Boy Scouts of America and Delaware BSA LLC. The Century Requests were addressed to, and served on, the Debtors and to the extent the Debtors disclose any information or documents, they will disclose only information and documents that are within the possession, custody or control of the Debtors, and not of any other person or entity.

6.      The Debtors object to the definition of "Documents" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent

7

that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All Documents that refer or relate to any request that You support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to Brown Rudnick LLP for their fees and/or costs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "refer" and "relate," which are vague, broad and undefined in the Century Requests. The Debtors further object to this request to the extent that, because the request seeks "all Documents," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents" and documents subject to the mediation privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 2:

All Documents that refer or relate to any request that You support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any lawyer or law firm associated with the Coalition for their fees and/or costs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "refer" and "relate," which are vague, broad and undefined in the Century Requests. The Debtors further object to this request to the extent that, because the request seeks "all Documents," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents" and documents subject to the mediation privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 3:

All Documents that refer or relate to any demand or request that You support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor or consultant to the Coalition.

9

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents."  The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "refer" and "relate," which are vague, broad and undefined in the Century Requests.  The Debtors further object to this request to the extent that, because the request seeks "all documents," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source.  The Debtors further object to this request to the extent that, because the request seeks "all Documents" and documents subject to the mediation privilege, it seeks Privileged or Confidential Materials.  The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.  Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 4:

All Communications between You and Brown Rudnick LLP Concerning the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

10

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Communications." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the reference to "any other form of estimation of Abuse Claims." The Debtors further object to this request to the extent that, because the request seeks "all Communications" and communications subject to the mediation privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 5:

All term sheets relating to a Plan of Reorganization exchanged directly or indirectly between You, on the one hand, and Brown Rudnick LLP and/or the Coalition, on the other hand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand that the Debtors identify and produce term sheets that were exchanged "indirectly" with other parties. The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the use of the term "relating to," which is vague, broad and undefined in the Century Requests, and the use of the term "directly

11

or indirectly." The Debtors further object to this request to the extent that, because the request seeks "all term sheets," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all term sheets" and documents subject to the mediation privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. The Debtors object to this request as duplicative of Century Request No. 6. Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 6:

All Communications between You and Brown Rudnick LLP Concerning a Plan of Reorganization for the Debtors, including any drafts thereof.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Communications." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the demand for "drafts thereof." The Debtors further object to this request to the extent that, because the request seeks "all Communications" and communications subject to the mediation privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. The Debtors object to this request as

12

duplicative of Century Request No. 5.  Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 7:

All Communications between You and Brown Rudnick LLP Concerning the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Communications."  The Debtors further object to this request to the extent that, because the request seeks "all Communications" and communications subject to the mediation privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.  Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 8:

All Communications between You and Hartford Concerning the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Communications."  The Debtors further object to this request to the extent that, because the request seeks "all Communications" and

13

communications subject to the mediation privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.  Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 9:

All Communications between You and Brown Rudnick LLP Concerning Century's alleged coverage obligations to the Debtors.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Communications."  The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the term "alleged coverage obligations."  The Debtors further object to this request to the extent that, because the request seeks "all Communications" and communications subject to the mediation privilege, it seeks Privileged or Confidential Materials.  The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.  Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

14

## REQUEST FOR PRODUCTION NO. 10:

All Documents relating or referring to the trust distribution procedures to be employed with a Plan of Reorganization for the Debtors, including all drafts of the trust distribution procedures.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the use of the terms "relating or referring to," which are vague, broad and undefined in the Century Requests. The Debtors further object to this request to the extent that, because the request seeks "all Documents," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents" and documents subject to the work product protection and attorney-client privilege, it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 11:

All Documents and Communications that You sent to the Local Councils with the Local Council Feedback Template and Local Council Mandatory Reporting Procedures filed in these Chapter 11 Cases.

15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents and Communications." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. The Debtors further object to this request as duplicative of Century Requests No. 13. Subject to the foregoing objections, as discussed in the meet-and-confer between the Debtors and Century, the Debtors will produce the documents and communications that the Debtors sent to the Local Councils with the Local Council Feedback Template and Local Council Mandatory Reporting Procedures and the documents and communications that the Debtors received from the Local Councils in response, if any.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications that You received from the Local Councils to Your request that they complete the Local Council Feedback Template and Local Council Mandatory Reporting Procedures filed in these Chapter 11 Cases.

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents and Communications." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to "Documents and Communications . . . to Your request that they complete . . . ." The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. The Debtors further object to this request as duplicative of Century Requests No. 13. Subject to the foregoing objections, as discussed in the meet-and-confer between the Debtors and Century, the Debtors will produce the documents and communications that the Debtors sent to the Local Councils with the Local Council Feedback Template and Local Council Mandatory Reporting Procedures and the documents and communications that the Debtors received from the Local Councils in response, if any.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications between or among the BSA Membership Standards Team and the representatives of the Local Councils related to the Local Council Feedback Template and Local Council Mandatory Reporting Procedures, including, but not limited to, questions regarding the verification of POC data.

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly the demand for "all Communications."  The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the use of the term "verification of POC data" and the terms "representatives of" and "related to," which are vague, broad and undefined in the Century Requests.  The Debtors further object to this request to the extent that, because the request seeks "all Communications," it seeks Privileged or Confidential Materials.  The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.  The Debtors further object to this request as duplicative of Century Requests Nos. 11 and 12.  Subject to the foregoing objections, as discussed in the meet-and-confer between the Debtors and Century, the Debtors will produce the documents and communications that the Debtors sent to the Local Councils with the Local Council Feedback Template and Local Council Mandatory Reporting Procedures and the documents and communications that the Debtors received from the Local Councils in response, if any.

**REQUEST FOR PRODUCTION NO. 14:**

All BSA Incident Reports exchanged between You and any Local Council in connection with the POCs, including any and all supporting documentation attached to those Incident Reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all BSA Incident Reports . . . in connection with the

18

POCs, including any and all supporting documentation." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the term "in connection with the POCs." The Debtors further object to this request to the extent that, because the request seeks "all supporting documentation," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all supporting documentation," it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors will produce materials received from Local Councils since the filing of the Debtors' chapter 11 cases that relate to filed POCs, including supporting documentation, if any.

### REQUEST FOR PRODUCTION NO. 15:

All Documents and Communications that relate to any response provided by the alleged abuser to the allegations of Abuse in the POCs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents and Communications" and the demanded time period for the request, which spans from the inception of the Debtors over 100 years ago to the present. The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "response," "provided by" and "relate to," which are

19

vague, broad, and undefined in the Century Requests.  The Debtors further object to this request

to the extent that, because the request seeks "all Documents and Communications," it seeks

information that is publicly available, is already within the Requesting Parties' possession,

custody or control, or is more easily obtained from another party or source.  The Debtors further

object to this request to the extent that, because the request seeks "all Documents and

Communications," it seeks Privileged or Confidential Materials.  The Debtors further object to

this request to the extent it is not relevant to either party's claims or defenses.  Subject to the

foregoing objections, as discussed in the meet-and-confer between the Debtors and Century, the

Debtors will produce the documents and communications that the Debtors sent to the Local

Councils with the Local Council Feedback Template and Local Council Mandatory Reporting

Procedures and the documents and communications that the Debtors received from the Local

Councils in response, if any.

### REQUEST FOR PRODUCTION NO. 16:

All Documents and Communications between or among the Chartered Organization
Representative (COR) (or Institution Head, where applicable), unit Committee Chair (CC)
and/or unit program leader to notify them of the action being taken to remove the alleged
abusers identified by the claimants in the POCs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

The Debtors repeat and incorporate their General Objections.  The Debtors object to this

Request as overly broad, unduly burdensome and not proportional to the needs of the case,

particularly with regard to the demand for "all Documents and Communications" and the

demanded time period for the request, which spans from the inception of the Debtors over 100

years ago to the present.  The Debtors further object to this Request as vague and ambiguous to

20

the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "notify" and "action being taken to remove the alleged abusers." The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors will produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 17:

All Documents and Communications that reflect Your efforts to remove alleged abusers identified by claimants in the POCs from participation in Scouting.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents and Communications" and demanded time period for the request, which spans from the inception of the Debtors over 100 years ago to the present. The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "reflect," "efforts to remove," "participation in" and "Scouting," which are vague, broad and not defined terms in the Century Requests. The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it

21

seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, as discussed in the meet-and-confer between the Debtors and Century, the Debtors will produce the documents and communications that the Debtors sent to the Local Councils with the Local Council Feedback Template and Local Council Mandatory Reporting Procedures and the documents and communications that the Debtors received from the Local Councils in response, if any.

### REQUEST FOR PRODUCTION NO. 18:

All reports made to law enforcement that relate to any incident alleged to have occurred in the POCs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all reports" and "any incident." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the undefined terms "reports," "law enforcement" and "incident." The Debtors further object to this request to the extent it seeks information that, because the request seeks "all reports," is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent it

22

seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, as discussed in the meet-and-confer between the Debtors and Century, the Debtors will produce written reports, if any, sent to police departments regarding allegations of abuse in the POCs.

### REQUEST FOR PRODUCTION NO. 19:

A complete list of claimants who have filed POCs from whom You previously obtained releases for Abuse Claims.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly the terms "You previously obtained" and "releases from Abuse Claims." The Debtors further object to this request to the extent it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 20:

All indemnity and other agreements between or among You, Local Council(s) and the sponsoring organizations.

23

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all indemnity and other agreements" and demanded time period for the request, which spans from the inception of the Debtors over 100 years ago to the present.  The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly the use of the terms "indemnity and other agreements."   The Debtors further object to this request to the extent that, because the request seeks "all indemnity and other agreements," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source.  The Debtors further object to this request to the extent that, because the request seeks "all indemnity and other agreements," it seeks Privileged or Confidential Materials.  The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.   Subject to the foregoing objections, the Debtors will produce indemnity agreements it has directly with chartering organizations,  if any.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications between or among You and the sponsoring organizations Concerning the POCs, the claims asserted therein, and the sponsoring organization's contribution towards the resolution of these claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case,

AMERICAS 1079@2564

particularly with regard to the demand for "all Documents and Communications" and the demanded time period for the request, which spans from the inception of the Debtors over 100 years ago to the present.  The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly the use of the terms "the claims asserted therein" and "the sponsoring organization's contribution towards the resolution of these claims."  The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source.  The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications" and documents and communications subject to the mediation privilege, it seeks Privileged or Confidential Materials.  The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.  Subject to the foregoing objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

### REQUEST FOR PRODUCTION NO. 22:

All Documents and Communications Concerning Abuse Claims asserted against You, or that may be asserted against You, that You exchanged pre-Petition Date with James Patton, Jim Stang and/or Scott Gilbert and or their law firms.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

The Debtors repeat and incorporate their General Objections.  The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Documents and Communications."  The Debtors

further object to this Request as vague and ambiguous to the extent that it fails to identify with

sufficient particularity the documents or information sought, particularly the terms "asserted

against You" and "that may be asserted against You."  The Debtors further object to this request

to the extent that, because the request seeks "all Documents and Communications" and

documents and communications that the Debtors have already produced to Century, it seeks

information that is publicly available, is already within the Requesting Parties' possession,

custody or control, or is more easily obtained from another party or source.  The Debtors further

object to this request to the extent that, because the request seeks "all Documents and

Communications," it seeks Privileged or Confidential Materials.  The Debtors further object to

this request to the extent it is not relevant to either party's claims or defenses.  Subject to the

foregoing objections, the Debtors do not believe that they possess any non-privileged documents

responsive to this Request, but will confirm and produce non-privileged, responsive documents

in their possession, if any.


### REQUEST FOR PRODUCTION NO. 23:

All Documents and Communications between or among You and Local Councils that reflect
efforts to verify the information contained within the POCs, including, but not limited to, the
membership rosters from the years of the alleged Abuse that will confirm the membership, or
lack of membership, of the claimants and rosters, or similar Documents that identify the troop
and other scout leaders associated with the troop that claimants allege to have been members of
at the time of the alleged Abuse.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

The Debtors repeat and incorporate their General Objections.  The Debtors object to this

Request as overly broad, unduly burdensome and not proportional to the needs of the case,

particularly with regard to the demand for "all Documents and Communications."  The Debtors

further object to this Request as vague and ambiguous to the extent that it fails to identify with

sufficient particularity the documents or information sought, particularly with regard to the demand for "all Documents and Communications between or among You and the Local Councils . . . including . . . the membership rosters" and the use of the term "or similar Documents." The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source. The Debtors further object to this request to the extent that, because the request seeks "all Documents and Communications," it seeks Privileged or Confidential Materials. The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses. Subject to the foregoing objections, the Debtors will produce materials received from Local Councils since the filing of the Debtors' chapter 11 cases that relate to filed POCs, including supporting documentation, if any.

## REQUEST FOR PRODUCTION NO. 24:

All Communications between or among You and Local Councils regarding the POCs and any of the source Documents that were collected associated with the POCs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

The Debtors repeat and incorporate their General Objections. The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly with regard to the demand for "all Communications." The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "regarding the POCs," "associated with the POCs" and "source documents." The Debtors further object to this request to the extent that, because the request seeks "all Communications,"

27

it seeks Privileged or Confidential Materials.   The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.   Subject to the foregoing objections, the Debtors will produce materials received from Local Councils since the filing of the Debtors' chapter 11 cases that relate to filed POCs, including supporting documentation, if any.

### REQUEST FOR PRODUCTION NO. 25:

All files You maintain on the Abuse cases that were dismissed without payment.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

The Debtors repeat and incorporate their General Objections.   The Debtors object to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, particularly the demand for "all files" and demanded time period for the request, which spans from the inception of the Debtors over 100 years ago to the present.   The Debtors further object to this Request as vague and ambiguous to the extent that it fails to identify with sufficient particularity the documents or information sought, particularly with regard to the terms "files," "maintain" and "dismissed without payment."   The Debtors further object to this request to the extent that, because it seeks "all files," it seeks information that is publicly available, is already within the Requesting Parties' possession, custody or control, or is more easily obtained from another party or source.   The Debtors further object to this request to the extent that, because it seeks "all files," it seeks Privileged or Confidential Materials.   The Debtors further object to this request to the extent it is not relevant to either party's claims or defenses.   Subject to the foregoing objections, the Debtors will work with Century to identify responsive, non-privileged documents, if any.

28

Dated: June 22, 2021
      Wilmington, Delaware

*/s/ Michael C. Andolina*

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

– and –

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
       aremming@morrisnichols.com
       emoats@morrisnichols.com
       ptopper@morrisnichols.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION

# EXHIBIT 6



O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

May 14, 2021

**Andrew Kirschenbaum**
D: +1 212 728 5878
akirschenbaum@omm.com

**VIA EMAIL**

Michael C. Andolina
White & Case LLP
111 South Wacker Drive
Chicago, IL 60606-4302

**Re:**     ___In re Boy Scouts of America___

Dear Mike:

On behalf of Century, we asked you today whether the BSA has received any updated term sheet from the Coalition.  BSA stated it would not discuss this due to mediation privilege.  We also asked about the status of negotiations with the Coalition, and BSA likewise declined to provide specifics on the negotiations.


Sincerely,


_/s/ Andrew Kirschenbaum_


Andrew Kirschenbaum
O'MELVENY & MYERS LLP


OMM_US:79910104.1