## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND | ) |
| DELAWARE BSA, LLC, | ) Case No. 20-10343 (LSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

## MOTION OF JOHN C. BOBECK, BRIAN D. DRISCOLL AND ROBERT A. REIN TO MODIFY THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE

John C. Bobeck, Brian D. Driscoll and Robert A. Rein, ("Movants"), by and through their undersigned counsel, bring this Motion to Modify the Automatic Stay ("Motion"), pursuant to the provisions of 11 U.S.C. § 362 of the Bankruptcy Code and respectfully move the Court for relief from the automatic stay to allow Movants to add parties to the pending state court actions against the Debtors. In support of the Motion, Movants state as follows:

### INTRODUCTION

1.     Movant John C. Bobeck requests relief from the automatic stay to add Rescue Volunteer Hose Company, No. 1, of Cheektowaga, N.Y., as a defendant to lawsuit.

2.     Movant Brian D. Driscoll requests relief from the automatic stay to add St. Paul's Roman Catholic Church Society of Kenmore, as a defendant to lawsuit.

3.     Movant Robert A. Rein requests relief from the automatic stay to add St. Margaret's Church, a/k/a St. Margaret's Church d/b/a Holy Name Society, as a defendant to lawsuit.

4.     The Movants are seeking to add the aforementioned parties as defendants in the pending New York lawsuits against local councils within the Boy Scouts of America, as the

chartered organizations responsible for organizing and/or hosting the Boy Scout troops involved in the incidents complained of, and must do so by August 13, 2021 in order to comply with New York's statute of limitations.  In order to amend their state court complaints, Movants require an Order from this Court, granting relief from the automatic stay allowing them to file amended complaints by August 13, 2021.

## JURISDICTION

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362(d).

## BACKGROUND

6.      On February 18, 2020 (the "Petition Date"), the debtors in each of the above-captioned jointly administered cases (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7.      On February 19, 2020, the Bankruptcy Court for the District of Delaware entered an order for the joint administration of the Debtors' chapter 11 cases.

8.      Movant John C. Bobeck is a plaintiff in a lawsuit filed in New York Supreme Court on July 6, 2020 under Index No. 806601/2020.

9.      Movant Brian D. Driscoll is a plaintiff in a lawsuit filed in New York Supreme Court on July 23, 2020 under Index No. 807731/2020.

10.    Movant Robert A. Rein is a plaintiff in a lawsuit filed in New York Supreme

Court on October 26, 2020 under Index No. E173403/2020.

11.    Accordingly, Movants urge this Court to exercise its discretion and, pursuant to

11 U.S.C. § 362(d), modify the automatic stay to permit the Movants to amend their complaints

to add the aforementioned entities as defendants to the underlying pending state court litigation.

## ARGUMENT

12.    Section 362(d) of the Bankruptcy Code provides:

On request of a party in interest and after notice and a hearing, the court shall
grant relief from the stay provided under subsection (a) of this section, such as by
terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in
    property of such party in interest;
(2) with respect to a stay of an act against property under subsection (a)
    of this section, if –
    (A) the debtor does not have equity in such property; and
    (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).  Under the application of § 362(d)(1), relief from the automatic stay with

respect to the New York lawsuits is warranted for "cause."

13.    Courts have often granted relief from the automatic stay to permit "litigation to be

concluded in another forum, particularly if the nonbankruptcy suit involves multiple parties or is

ready for trial."  COLLIER ON BANKRUPTCY, ¶ 362.07[3][a] (16th ed. 2012).

14.    In fact, the legislative history of § 362(d)(1) emphasizes that a single factor, such

as allowing a proceeding to continue in its original forum, can constitute requisite "cause" to lift

the automatic stay with respect to pending litigation: "It will often be more appropriate to permit

proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate

would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy

court from many duties that may be handled elsewhere." *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 91 (3d Cir. 1997).

15.    "Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d at 90.  "The bankruptcy courts in this District apply a hardship balancing test to assess the existence of 'cause.'"  *In re Aleris Int'l, Inc.*, 456 B.R. 35, 47 (Bankr. D. Del. 2011)

16.    Courts will generally consider three factors in this regard: (a) the prejudice suffered by the debtor and debtor's estate if the stay is lifted to allow the continuation of a civil law suit; (b) the balancing of hardship between the parties; and (c) the probable success on the merits if the stay is lifted."  *AW Treuhand Wirtschaftsprufungsgesellschaft v. Peregrine Sys. (In re Peregrine Sys.)*, 2005 U.S. Dist. LEXIS 21707, *11-12 (D. Del. Sept. 29, 2005).

17.    In this case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that Movants can proceed with the New York Lawsuit.

### a.    There Will be No Material Prejudice to the Debtors or Their Estates if the Stay is Modified

18.    Movants seek to add parties to the underlying state court litigation.  Movants hold a "claim" against the Debtors, as that term is broadly defined under the Bankruptcy Code.  *See* 11 U.S.C. § 101(5)(A).  That claim will need to be liquidated in a forum other than this Court.

19.    In this case, the estates would not be prejudiced by moving forward because lifting the automatic stay and allowing the New York lawsuits to proceed provides the shortest, least expensive means to determine the amount of Movants' claims against the Debtors.

20.    Courts have not ascribed much significance to the fact that a debtor will be required to participate in its own defense when determining whether the stay should be lifted to permit litigation to continue against the debtor in a non-bankruptcy forum.  *See, e.g., In re*

*Peterson*, 116 B.R. 247, 250 (D. Colo. 1990) (debtor's prospect of litigation expenses does not constitute irreparable injury sufficient to justify continuation of the stay).  As the Court in *Peterson* observed:

> [M]any [cases] have held that the prospect of litigation expenses does not constitute irreparable injury sufficient to justify continuation of the stay or the imposition of a stay pending appeal. *See, e.g., Davis v. Sheldon (In re Davis),* 691 F.2d 176, 178 (3d Cir. 1982) (the cost, anxiety, and inconvenience of defending oneself do not constitute irreparable injury); *In re McGraw*, 18 Bankr. 140, 142 (W.D. Wis. 1982) (even though debtor had no malpractice insurance, costs of defense insufficient prejudice); *In re Harris*, 85 Bankr. at 860 (noting that no court has found that litigation costs alone justify continuation of the stay); *In re Nkongho*, 59 Bankr. 85, 86 (Bankr. D.N.J. 1986) (rejecting debtor's claim that litigation expenses precluded modification of stay); *In re Nicholas, Inc.*, 55 Bankr. 212, 217-18 (Bankr. D. N.J. 1985) (same); *Barlow v. Phillips (In re Phillips)*, 40 Bankr. 194, 197 (Bankr. D. Colo. 1984) (same).

*Peterson*, 116 B.R. at 250.

21.    The Debtors' reorganization efforts are separate from the litigation involved in Movants' New York lawsuits.  The Movants intend to add parties to the New York lawsuits which are entities separate from the Debtors, and there will be no "distraction" from the reorganization efforts if the lawsuits proceed.  Nor will the Debtors suffer any prejudice from the adjudication of Movants' claims in state court.  Movants are not seeking to jump ahead of any other creditors – they only seek to add additional defendants to the New York lawsuits. Allowing Movants to amend their complaints in New York State Court to add additional parties, even if only for the limited purpose of allowing Movants to do same, will not prejudice the Debtors who will, at some time in the future, be required to participate in the State Court actions.

22.    As a result of the foregoing, the Debtors will not suffer significant prejudice if the stay is lifted to allow amendments to the state court complaints.  *See, e.g.*, *In re Rexene Products*

*Co.*, 141 B.R. 574, 577 (Bankr. D. Del. 1992) (finding no great prejudice where additional trial preparation and trial itself would result from lifting the stay); *In re Bock Laundry Machine Co.*, 37 B.R. 564, 567-68 (Bankr. N.D. Ohio 1984) (holding that no "great prejudice" will result to the bankruptcy estate by allowing the Movants to proceed in state court, as lifting the stay to allow movants to determine liability will not affect the estate, but merely establish their claim which has already been made against the estate). Furthermore, Movants are merely seeking to add parties to their New York lawsuits, for which this Court may grant modified or partial relief. *Id* at 566.

23.     Suspending the stay will not impair or prejudice the Debtors' ability to formulate a plan of reorganization or otherwise do the Debtors "irreparable harm". To the contrary, declining to lift or modify the stay to permit Movants to add additional defendants to the New York lawsuits would effectively preclude them from obtaining recovery for their injuries.

> **b.     Continuation of the Automatic Stay Will Impose Substantial Hardships on Movants that Far Outweigh Any Hardship to the Debtors**

24.     Movants will be harmed if they are unable to add the necessary parties to the underlying state court action. The mere existence of a bankruptcy action does not deny Movants the opportunity to prosecute their case. *In re Bock Laundry Machine Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984)("The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of the debtor's *assets*")(emphasis in original). In fact, courts have found that making a plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award. *Id*. Therefore, it is appropriate to lift the automatic stay under § 362(d).

25.     The New York lawsuits are only relevant to the bankruptcy proceeding to the extent that it establishes the amount of Movants' claim.  In addition, this Court has broad jurisdiction to supervise the administration of claims, but claims arising from personal injury are expressly excluded.  28 U.S.C. § 157(b)(5).  Requiring Movants to forego prosecution of their claims until the stay is no longer in effect will prevent them from obtaining recovery for their injuries, and effectively deny them the opportunity to be heard.  *In re Bock Laundry Machine Co.*, *supra*.  Movants' New York lawsuits should be permitted to proceed so that they can add additional defendants to their claims in a timely manner, pursuant to the applicable statute of limitations, requiring Movants to commence their actions against the aforementioned entities they seek to add as parties to said New York lawsuits, by August 13, 2021.  Without modification of the stay, Movants will face substantial hardship in that they will be precluded from seeking recovery against these additional entities.

### c.     Movants Have Shown a Likelihood of Success on the Merits

26.     The third prong examines Movants' probability of success on the merits.  The required showing is very slight.  *In re Rexene Products Co.*, 141 B.R. 574, 578 (Bankr. D. Del. 1992).  "Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay in an appropriate case."  *In re Tribune Co.*, 418 B.R. at 129 (*quoting Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420, 426 (D. Del. 1993)).  Movants will prove their claims against the Defendants in the New York lawsuits based on clear facts establishing negligence and causation.  Lifting the stay is consistent with the Bankruptcy Code's policy of quickly and efficiently formulating a plan of repayment and reorganization.  Thus, the interests of judicial economy will be served by lifting the stay to permit the New York lawsuits to move forward.

27.    Movants also respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Federal Rule of Bankruptcy Procedure 4001(a)(3).

**CONCLUSION**

WHEREFORE, for the reasons set forth above, Movants respectfully request that this Court grant this Motion and grant Movants relief from the automatic stay to allow the addition of parties to the underlying state court action, and that the Court grant such other and further relief as is just and proper.

Dated: July 14, 2021

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5503
Email: Sveghte@klehr.com

-And-

**CHIACCHIA & FLEMING, LLP**
Daniel J. Chiacchia, Esq.
5113 South Park Avenue
Hamburg, New York 14075
Telephone: (716) 648-3030
Email: dan@cf-legal.com

*Counsel to the Movants*