**United States Bankruptcy Court**
**District of Delaware** FILED

Boy Scouts of America, et al.,

Petitioner,

Case No.: 20-10343-LSS

2021 JUL 15 AM 9:51

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

## THIRD-PARTY MOTION FOR AUDIT OF AGENT RECORDS
## AND ASSIGNMENT OF COUNSEL

Third-party, ▮▮▮▮▮▮ respectfully submits this Motion for Audit of the registered agent's Records and application of seal before this court. This party also moves for the special assignment of counsel for the limited purpose of record maintenance and status provision only.

### Jurisdictional Allegations

1. This is an action for the equitable remedy of a defined error in court documentation, or documentation being relied on by this court.
2. This court has jurisdiction.

### Factual Allegations

3. Third-party has previously contacted the court regarding erroneous records relating to abuse claims regarding the petitioners.
4. The court promptly responded by scheduling a hearing on the proposed motion for correction, for 21 July 2021.
5. On or about 26 June 2021, a correspondence was received from Omni Agent Solutions (hereafter "Omni"), stating that they had "corrected their database".
6. In this most recent correspondence from Omni, there was yet another typographical error on the envelope. See *Exhibit 1*. This error was not repeated on the address caption inside this envelope. See *Exhibit 2*.
7. While the above error was not fatal to the delivery of this correspondence, such an error, especially under continuing circumstances which should have highlighted such a mistake, causes significant concern as to the credibility of the database the agent is custodian of, or the procedures in place to ensure the integrity of the information.

8. There is significant concern on the part of victims that there exists a financial incentive for the errors to exist. It is factual that if the victims cannot be contacted, or are not timely in responding to improperly addressed correspondence, the petitioner is able to sufficiently move that the claims have been abandoned.

9. Such disposal of otherwise valid claims would be counter to the established due-process rights of the victims, forever barring any remuneration whatsoever for their respective ordeals.

10. Given the information already discovered, it is more probable than not that there are other errors in the database maintained by this agent.

11. It is not only prudent to investigate such a possibility, it would appear to be the duty of the court to compel compliance in order to hold inviolate the victims' rights to be heard and have their issues resolved.

12. A comprehensive audit of the records, comparing the material submitted by the claimants or their counsel, would be the only way to ensure that such errors are eradicated, and any malfeasance, should any be found, be appropriately addressed.

13. Because the prejudice imposed in such a case would appear to be limited to those claimants appearing *pro se*, the assignment of a counsel-of-record would definitively prevent further issues. Any counsel would have a fiduciary duty to pursue their clients' best interests, which would inherently include maintaining timely contact with the court, as well as ensuring that any addressing information is properly maintained. Such an appointment need not have any responsibility beyond the maintenance of the contact information or the provision of status and the access (such as required forms or paperwork from the court) for the claims of the victims to properly proceed through the process.

14. Such actions should present minimal costs to be borne, given the limited scope, when compared to the manifest injustice of failing to properly hear the claimant's cases due to "clerical errors".

WHEREFORE ███████ hereby moves the court for an order directing the following:

    a. Movant re-alleges and incorporates the preceding Correction motion as if fully set forth herein, requesting an order to correct the records, if not already completed.

    b. Notification that such correction has been made by the petitioner to the court.

    c. An order from the court directing a comprehensive audit of all claimant information, performed by a disinterested third party, in order to identify the current veracity of the

database.  The court may wish to schedule a follow-up hearing to hear the findings of
the audit.

d.  Assignment of a "limited-scope" counsel to the sub-class of claimants who are not
currently under representation, for the sole purpose of establishing and/or
maintaining contact with the proceeding, and providing status on such, to include
providing copies of forms, declarations or other court-directed material necessary for
seeing their claims through the process.  Contact should be made to all such claimants
advising of such an assignment and its limitations in the event they wish to opt-out for
any reason.

e.  Order that a seal be placed on this motion and order securing the confidentiality of the
identity of Third-party, consistent with the procedures for the Notice of Claim
previously provided.



Exhibit 1

U.S. POSTAGE >> PITNEY BOWES

ZIP 91367
02 4W
0000358861

$ 000.51⁰



AL MAIL

Omni Management Group
5955 DeSoto Ave., Suite 100
Woodland Hills CA 91367

INADVERTENTLY OPENED LEGAL MAIL
INITIAL CD____ DATE 6-26-21

PLEASE FORWARD TO PRESIDENT, LEGAL DEPARTMENT, OR ADDRESSEE.

**Ex hi bit 2**





June 22, 2021

We have received your letter and updated our database with your correct address information as provided.   We are not attorneys so we cannot give any legal advice on your claim or the case. We do not send out updates to the case other than what the courts instruct us to disseminate.  Below is a general update for you of the case.

The advisors for the debtors, the creditors' committee, and the TCC, among others, continue to negotiate the terms of the plan of reorganization, the current version of which you can review [Docket No. 5368]. This is the document that will outline the terms of a global settlement for abuse claimants, among other things. There is a hearing to consider approval of the disclosure statement (which you can review [Docket No. 5373]), which is the document that describes the terms of the plan in greater detail. The solicitation hearing is scheduled in late July 20,2021.

Once approved, copies of the disclosure statement, including the plan, will be sent to abuse claimants (or their lawyers, depending on the communication preference indicated on the proof of claim form) to vote on. This process is called solicitation. Once that is complete, the court will hold a hearing to determine whether to approve the plan (called confirmation).

At the same this time, and for many months after, abuse claims will be evaluated by various professionals, including the ones I mentioned above, and negotiations will be ongoing as to settlement amounts. I do not have any details, but I suspect this will take quite some time.

 That is all we really know at-the-moment, but we are here for you if you want to talk or have questions, at (866) 907-2721.

Best Regards