IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: July 29, 2021 at 10:00 a.m. (ET)<br><br>Re: D.I. 5466 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, A UTAH CORPORATION SOLE, TO DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 363(b) AND 105(a) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE RESTRUCTURING SUPPORT AGREEMENT, AND (II) GRANTING RELATED RELIEF**

The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole (the "**Church**"), files this limited objection and reservation of rights (the "**Limited Objection**") to the *Debtors' Motion For Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "**RSA Motion**") seeking, among other things, authorization to enter into the restructuring support agreement (as defined in the RSA Motion), attached to the RSA Motion as **Exhibit 1** (the "**RSA**").[2] In support of the Limited Objection, the Church hereby asserts the following:

---

[1] The Debtors ("**Debtors**" or "**BSA**") in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the RSA Motion or the *Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 5484] (the "**Plan**").

1

**PRELIMINARY STATEMENT**

1.      The Debtors' proposed Plan is discriminatory and prejudicial to the claims and rights of Chartered Organizations, including the Church. The Plan fails to provide recovery to the BSA's indemnitees, unfairly discriminates against holders of Indirect Abuse Claims through highly prejudicial trust distribution procedures, and seeks to extinguish the direct rights of non-debtor insureds in the Abuse Insurance Policies. The Church does not object to the Debtors' decision to enter into the RSA notwithstanding these issues. Rather, the Church reserves its rights as to the proposed Disclosure Statement and Plan and continues to seek engagement with the RSA Parties regarding the Plan's treatment of Chartered Organizations. The Church files this limited objection and reservation of rights solely with respect to certain issues that may become barriers to a settlement with the Church and other Chartered Organizations to ensure that approval of the RSA does not adjudicate issues that should be left for the plan process.

2.      *First*, the Church objects to the RSA's turnover provisions that would require Chartered Organizations to provide privileged information to the Settlement Trust as a condition to participating in a global resolution under the Plan. As a threshold matter, such a sweeping provision could prevent a settlement with many Chartered Organizations. Any provision requiring the turnover of information should be negotiated directly with the Chartered Organizations within the preexisting court-approved framework of mediation and should preserve applicable privileges, including the attorney-client privilege and clergy privilege.

3.      *Second*, it is inappropriate for the RSA and RSA Motion to seek any findings regarding the confirmability of the Plan, including the good faith proposal thereof. Any findings made in connection with the RSA Motion should have no preclusive effect or evidentiary weight on confirmation issues that will undoubtedly be raised at the appropriate time.

**LIMITED OBJECTION**

**I.    The RSA Would Stifle Chartered Organization Participation in a Global Settlement By Requiring the Wholesale Turnover of Privileged Information**

4.    The RSA's turnover provisions present a potentially insurmountable problem for the Church and other spiritual organizations that may engage in a settlement under the Plan. These provisions require Contributing Chartered Organizations to provide all records and documents in their possession pertaining to Abuse Claims without regard to the privileges that may apply to such records or documents. Specifically, the RSA requires all beneficiaries of the Channeling Injunction to turn over to the Settlement Trust "all records and documents in their possession, custody, or control pertaining to the Abuse Claims . . . and any documents or information necessary for the Settlement Trust to pursue the insurance rights transferred to the Settlement Trust." *See* RSA, 21.[3] The RSA further provides that the Settlement Trust may share this information with insurers, the Settlement Trust Advisory Committee or any Abuse Claimant as provided in the yet-to-be-filed Settlement Trust Agreement or Document Agreement. *Id.*

5.    Neither the Debtors nor other parties-in-interest should be bound by such sweeping provisions negotiated without the participation or input of Chartered Organizations. These provisions may prevent the Church and other spiritual organizations from becoming Contributing Chartered Organizations because they would require such organizations to violate state law privileges, specifically that of the attorney-client privilege, attorney work product privilege, and the clergy privilege,[4] on terms yet to be fully disclosed. Such a provision is likely to stifle productive discussions with Chartered Organizations regarding their participation in a global

---

[3]    The RSA Term Sheet is attached as **Exhibit A** to the RSA.

[4]    In most states, the clergy privilege belongs to the communicant and not the clergy member. As such, spiritual organizations would be required to obtain permission from every communicant who holds the privilege before producing any privileged information or documents.

resolution at a critical juncture in these Chapter 11 cases.  The scope and terms of any information sharing provision made applicable to Protected Parties should be the subject of discussions with such parties within the context of the court-approved mediation process.  Indeed, a negotiated agreement surrounding the turnover of relevant documents to the Settlement Trust will facilitate a global resolution that benefits all stakeholders, including the Abuse Claimants, without unnecessary disruption or delay.

II.     **The RSA Motion Should Not Prematurely Seek Findings on Plan Confirmation Issues**

6.      The RSA Motion seeks a finding that "[t]he RSA Parties have been engaged in extensive good faith, arm's-length negotiations and Court-ordered mediation regarding the terms of a plan" (*see* Proposed Order, ¶ A) and the RSA itself provides that the Confirmation Order "shall" contain various findings regarding the good faith and fairness of the Plan, the Trust Distribution Provisions, and the legality of the Insurance Assignment.  *See* RSA at 19-20.  These provisions are in apparent conflict with the Proposed Order, which provides that "the Court makes no finding or ruling in [the Proposed Order] (a) as to the exhibits to the RSA, the Disclosure Statement, or the Plan for any purpose (other than the authorization to enter into and perform under the RSA), or (b) as to the standard of review or any factor required for approval of the exhibits to the RSA, the Disclosure Statement, or the Plan, or with respect to confirmation of the Plan." *See* Proposed Order, ¶ 2.

7.      The Church objects to any findings in the Proposed Order relating to the good faith negotiation or proposal of the Plan (including the Settlement Trust Documents) under section 1129, the fairness and reasonableness of the Trust Distribution Procedures, and the legality of the Insurance Assignment or Insurance Entity Injunction, or any such findings otherwise relating to the confirmation of the Plan.  These are clearly confirmation issues that should not be decided in

the context of the RSA Motion and without the benefit of a full and complete record. The Proposed Order and any findings made thereunder should have no bearing on the Debtors' ability to satisfy confirmation standards under the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

8. The Church reserves all rights, claims, defenses, and remedies, including, without limitation, to supplement this Limited Objection and to raise any and all objections to the confirmation of the Plan, including, without limitation, the Trust Distribution Procedures (in particular, the failure of the Trust Distribution Procedures to compensate indemnity claims and the discriminatory treatment of Indirect Abuse Claims thereunder), the Trust Settlement Agreement, the Document Agreement, and any other Plan exhibit and related documents, and to introduce evidence at the confirmation proceedings in connection with such objections.

*[Remainder of page intentionally left blank.]*

Dated: July 22, 2021
      Wilmington, Delaware      /s/ Brett M. Haywood

**RICHARDS, LAYTON & FINGER, P.A.**
Michael J. Merchant (No. 3854)
Brett M. Haywood (No. 6166)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:  merchant@rlf.com
        haywood@rlf.com

- and -

**LATHAM & WATKINS LLP**

Jeffrey E. Bjork (admitted *pro hac vice*)
Deniz A. Irgi (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
E-mail:  jeff.bjork@lw.com
        deniz.irgi@lw.com

- and -

Adam J. Goldberg (admitted *pro hac vice*)
Robert J. Malionek (admitted *pro hac vice*)
Madeleine C. Parish (admitted *pro hac vice*)
Benjamin A. Dozier (admitted *pro hac vice*)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020-1401
Telephone: (212) 906-1200
E-mail: adam.goldberg@lw.com
      robert.malionek@lw.com
      madeleine.parish@lw.com
      benjamin.butzin-dozier@lw.com

*Counsel to The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole*