IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC, | ) | |
| | ) | Jointly Administered |
| Debtors[1]. | ) | |
| | ) | Re: Docket Nos. 2028 and 2030 |

**KOSNOFF LAW'S SUPPLEMENTAL OMNIBUS OBJECTION
TO HARTFORD'S AND CENTURY'S MOTIONS
TO COMPEL RULE 2019 DISCLOSURES**

Pursuant to the Court's direction on July 7, 2021, Kosnoff Law hereby submits this supplemental objection (the "Objection"), to *Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company's Motion to Compel Abused In Scouting and Kosnoff Law PLLC to Submit Rule 2019 Disclosures* [Docket No. 2028] and *Century's Motion to Compel Abused In Scouting, Kosnoff Law PLLC, and the Coalition to Submit the Disclosures Required By Federal Rule of Bankruptcy Procedure 2019* [Docket No. 2030] (collectively, the "Motions"). In further support of the Objection, Mr. Kosnoff respectfully submits the following:

**BACKGROUND**

1. Kosnoff Law objected to the Motions on February 10, 2021 [Docket No. 2142]. In that objection, Kosnoff Law set forth the reasons why the Motions are inappropriate efforts to gain discovery from opposing counsel and why Rule 2019 is inapplicable to Kosnoff Law. Kosnoff Law also described the manner in which it and two other law firms share resources and, together,

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

represent nearly 17,000 victims of child sex abuse who have come forward in these proceedings.[2] That co-counsel arrangement has loosely called itself Abused in Scouting.

2. Neither Kosnoff Law nor its principal, Timothy Kosnoff, represents or speaks for the other firms that co-represent his claimant-clients. Indeed, Abused in Scouting is not a law firm, an organized entity or anything other than a shorthand means of referring to a large group of claimants who have wide differences in their experiences, circumstances and points of view.

3. In the course of a hearing in this matter on July 7, 2021, the Court directed the undersigned counsel to respond to the Motions on behalf of Abused in Scouting. ("And I'd like a response on the Rule 2019 to not only what was briefed, but also whether the numerous letters that I have been receiving from their clients, is a basis to require a Rule 2019 statement to be filed." 7/7/21 Tr. at 70). The undersigned does not represent Abused in Scouting, nor does any other attorney. No attorney, in fact, could represent Abused in Scouting, because it is not an organized entity, cannot take positions, has no assets, has no ownership or leadership structure and cannot give direction to an attorney. Kosnoff Law submits this supplemental objection in order to comply with the Court's direction and to make clear the reasons why Abused in Scouting is not subject to the requirements of Rule 2019.

4. There can be no dispute that Abused in Scouting is not a firm, company, corporation or entity of any kind. The Motions make no meaningful effort to prove otherwise.

5. Abused in Scouting makes no money and charges no fees. Rather, the law firms that work together in this cooperative effort are entitled to compensation pursuant to fee agreements already before the Court in conjunction with the Coalition's 2019 disclosures. None of the claimants whom those firms represent share economic interests as a group; rather, each has

---

[2] Those firms are AVA Law Group and Eisenberg Rothweiler.

filed his own proof of claim and will receive the compensation to which he becomes individually entitled.

6. Moreover, the law firms in the Abused in Scouting cooperative co-counsel arrangement do not share a common agenda or point of view with respect to numerous aspects of these proceedings. For example, certain members of one of the firms have publicly supported positions that another firm has publicly condemned. Abused in Scouting cannot, therefore, be considered a group with a single purpose or agenda for Rule 2019 purposes.[3]

7. As the Court is well aware, none of the law firms at issue will vote a single ballot for their clients. Each of the almost 17,000 claimants represented by those firms will choose for himself how he wishes to vote on any plan that is ultimately presented to him. Given (1) the complexity of these proceedings; (2) the disparate circumstances in which claimants in different jurisdictions and with different experiences find themselves; and (3) the disparate viewpoints of the three primary law firms involved here, those clients will require a great deal of guidance and advice. Their attorneys, including Kosnoff Law, AVA Law Group and Eisenberg Rothweiler, will provide that guidance and advice. This group of claimants has the distinct advantage of having available to it a range of recommendations and perspectives from lawyers who view these proceedings in differing ways.

8. Accordingly, Abused in Scouting, even if it were an entity capable of taking any action, has no agenda that could be disclosed pursuant to Rule 2019. Indeed, the law firms involved have publicly espoused disparate positions. In no way, therefore, could Abused in Scouting advocate common positions for all 17,000 claimants.

---

[3] It should be noted that 3,300 of these almost 17,000 claimants are members of the Coalition for which multiple Rule 2019 disclosures have been made.

3

9. The Court has advised that it has received over 2,000 letters from claimants. A number of those are from claimants in the group at issue here.[4] Those letters have described the writers' experiences of abuse, the impact of those horrors on their lives and perspectives on whether the writers believe that the Boy Scouts should be permitted to continue operations. Those letters tell real stories of real abuse that really happened. Those stories are as different from one another as the men who tell them. Nothing in the letters present a unified position; they only present the unified theme that widespread unthinkable abuse of trusting innocent boys actually occurred and caused actual harm. That common thread does not make those claimants an entity or a group pursuing a common position. It simply makes them individuals with a common problem without a common solution.

## ARGUMENT

10. The Motions request entry of an order compelling Kosnoff Law and Abused in Scouting to make disclosures pursuant to Federal Rule of Bankruptcy Procedure 2019. Rule 2019 requires certain disclosures from certain "groups, committees, and entities" as follows:

> In a chapter 9 or 11 case, a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another.

Fed. R. Bankr. P. 2019(b)(1). Subsection (c) of Rule 2019 provides the information required in a verified statement. The prerequisite to the application of subsection (c), of course, is that a group, committee or entity falls under the Rule 2019 categorizations of subsection (b)(1).

---

[4] Kosnoff Law believes that of the 16,868 claimants that it co-represents, 1,152, *i.e.* roughly 7%, submitted letters to the Court.

11.     As explained in its original objection, Kosnoff Law is not subject to the Rule 2019 disclosure requirements, because Kosnoff Law does not seek any status other than as a law firm that represents claimants in the bankruptcy action. Similarly, Abused in Scouting is not a group, committee or entity under Rule 2019(b)(1).

12.     This Court announced its ruling in this case with respect to the Coalition's Rule 2019 issues on October 16, 2020. The Court's observations there are applicable here:

> It is my view that the purpose of Rule 2019 is transparency; transparency with respect to the economic interests of groups is necessary so that other parties in interest and the Court can evaluate the positions the group advocates in a proper context. It is to understand the agenda of the group.

10/16/20 Tr. at 9.

13.     Abused in Scouting is not an entity capable of taking a position. It has never, in fact, taken a position in these proceedings and never will. The attorneys who share co-counsel positions with respect to 17,000 claimants quite openly disagree among themselves about some of the issues coming before the Court. Those same attorneys will share their views with their clients in privileged communications in an effort to inform and advise them comprehensively. Those claimants will then be able to see all sides of the issues and make voting decisions for themselves and in their own individual best interest.

14.     Of course, Abused in Scouting cannot vote the claimants' ballots. Neither will any of the attorneys or law firms who represent them vote the ballots. None of the attorneys or law firms can predict, estimate or promise how any of the 17,000 claimants will vote on whatever plan might be presented to them. Each claimant will vote as he sees fit.

15.     Accordingly, there is no basis upon which Abused in Scouting can be required to make Rule 2019 disclosures. Indeed, it would be impossible to describe a common position for such a disparate group even if it were an entity subject to Rule 2019(b).

**CONCLUSION**

16. Accordingly, since the Insurers have offered no justification that requires either Kosnoff Law or Abused in Scouting to file a Rule 2019 disclosure in these proceedings, Kosnoff Law respectfully requests that the Court enter an order denying the Motion and granting Kosnoff Law such other and further relief as the Court deems just and proper.

Date: July 22, 2021    **WILKS LAW, LLC**

 */s/ David E. Wilks*
David E. Wilks (DE Bar No. 2793)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: 302-225-0850
Facsimile:  302-225-0851
Email:  dwilks@wilks.law

*Attorneys for Kosnoff Law*