# **<u>EXHIBIT H</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

### DEBTORS' RESPONSES AND OBJECTIONS TO HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, AND NAVIGATORS SPECIALTY INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION TO BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable by Rules 7026, 7036 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules" and together with the Federal Rules, the Bankruptcy Rules and the Local Rules, the "Rules"), Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), by and through their undersigned counsel, hereby respond and object, without prejudice and while reserving all rights, to the *First Set of Requests for Admission* served on the Debtors on July 2, 2021 by Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company (collectively, "Hartford") in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**REQUEST NO. 10:**

Admit that BSA believes that Hartford's agreement to pay $650 million under the BSA/Hartford Settlement Agreement is a reasonable compromise and settlement of Hartford's coverage obligations for BSA's liabilities.

**RESPONSE TO REQUEST NO. 10**:

The Debtors incorporate their general objections to the Requests for Admission as if fully set forth herein. The Debtors object to Request No. 10 as overly broad and vague and ambiguous, including because "BSA's liabilities" are not defined or identified. The Debtors object to Request No. 10 in not stating a time for the statement and also to the extent that it speaks to the amount of the settlement, rather than whether the settlement is reasonable in light of present circumstances. The Debtors object to Request No. 10 as seeking Privileged Material, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, and under the present circumstances, the Debtors **deny** that the Settlement Agreement is a reasonable compromise and settlement under present circumstances.

**REQUEST NO. 11:**

Admit that BSA expected opposition to the BSA/Hartford Settlement Agreement both before and after BSA executed the BSA/Hartford Settlement Agreement.

**RESPONSE TO REQUEST NO. 11**:

The Debtors incorporate their general objections to the Requests for Admission as if fully set forth herein. The Debtors object to Request No. 11 as overly broad and vague and ambiguous, particularly with regard to the use of the terms "expected" and "opposition." The Debtors object to Request No. 11 as seeking Privileged Material, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. The Debtors also object to Request No. 11 to the extent it seeks information

11

outside the Debtors' knowledge, custody, or control and to the extent it seeks to have the Debtors characterize the mindset of another entity. Subject to and without waiving their general and specific objections, and to the extent a response is required, the Debtors **admit** that the Debtors expected at least an initial opposition to the BSA/Hartford Settlement Agreement from some constituencies.

**REQUEST NO. 12:**

Admit that Hartford negotiated the BSA/Hartford Settlement Agreement in good faith.

**RESPONSE TO REQUEST NO. 12**:

The Debtors incorporate their general objections to the Requests for Admission as if fully set forth herein. The Debtors object to Request No. 12 as vague and ambiguous, particularly with regard to the use of the term "good faith." The Debtors further object to Request No. 12 to the extent it seeks information outside the Debtors' knowledge, custody, or control and to the extent it seeks to have the Debtors characterize the mindset or actions of another entity. Subject to and without waiving their general and specific objections, and to the extent a response is required, the Debtors **admit** Request for Admission No. 12.

**REQUEST NO. 13:**

Admit that the Coalition told BSA, before it entered the BSA/Hartford Settlement Agreement, not to enter the BSA/Hartford Settlement Agreement, but BSA did so anyway.

**RESPONSE TO REQUEST NO. 13**:

The Debtors incorporate their general objections to the Requests for Admission as if fully set forth herein. The Debtors object to Request No. 13 as vague and ambiguous, particularly with regard to the use of the term "told." The Debtors object to Request No. 13 as seeking Privileged Material, including information protected by the mediation privilege, in violation of Delaware