## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOYS SCOUTS OF AMERICA AND | ) Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Deadline: July 22, 2021 at 4:00 p.m.** |
| | ) **Hearing Date: July 29, 2021 at 10:00 a.m.** |
| | ) |
| | ) **Re: D.I. 5466, 5526 & 5684** |

**OLD REPUBLIC INSURANCE COMPANY'S OBJECTION AND JOINDER TO CERTAIN INSURERS' OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 363(B) AND 105(A) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE RESTRUCTURING SUPPORT AGREEMENT, AND (II) GRANTING RELATED RELIEF**

Old Republic Insurance Company ("**Old Republic**"), by its undersigned attorneys, hereby files this Objection and Joinder to Certain Insurers' Objection to the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "**Motion**"). In support hereof, Old Republic respectfully represents the following:

### JOINDER

1.      Old Republic joins the *Certain Insurers' Objection to Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

*Related Relief* [D.I. 5684] (the "**Certain Insurers' Objection**") and incorporates by reference the

Certain Insurers' Objection as if stated herein in its entirety.

## OBJECTION

2.      Old Republic additionally objects to the treatment of Non-Abuse Litigation

Claims (as hereinafter defined) under the Restructuring Support Agreement ("**RSA**"), an issue

only relevant to those insurers, like Old Republic, that issued Specified Policies (as hereinafter

defined).

## PRELIMINARY STATEMENT

3.      From March 1, 2008 through March 1, 2019, Old Republic issued primary general

liability policies to the Debtors (the "**Primary Policies**").  It also issued excess general liability

policies to the Debtors for the periods from March 1, 2007 to March 1, 2019 (the "**Excess Policies**",

and collectively with the Primary Policies, the "**Policies**").[2]   Additionally, Old Republic and Boy

Scouts of America entered into a program agreement relating to the Policies (the "**Program**

**Agreement**"), a copy of which is attached hereto as **Exhibit A**, which further defines the

obligations of the Debtors with respect to the Policies and Old Republic.[3]

4.      The Policies and the Program Agreement include various provisions that reflect the

bargained-for agreement between Old Republic and the Debtors including: (i) the limitation on the

obligation of Old Republic to satisfy a claim only when the Debtors' payment obligation is

determined by final judgment, (ii) the right of Old Republic to exercise final authority with respect

to the claims matters and settlements in its sole discretion, and (iii) the right of Old Republic to

determine, in its sole discretion, who will perform the handling and administration of claims.

---

[2] The Policies are voluminous and are therefore not attached to the Objection but will be provided upon request by the Court or a party in interest.

[3] Debtors retain responsibility for all loss and expense under the Policies.  However, Old Republic bears the financial and credit risk if the Debtors default on one of their obligations or become insolvent.  Old Republic further is responsible to insurance regulators for the proper administration of claims under the Policies.

5.      The RSA, however, requires the Debtors to support a plan which would modify or eliminate these bargained-for contractual rights.  In this way, the RSA is contrary to one of the Bankruptcy Code's primary aims—preserving contractual obligations.  The Debtors, in effect, seek to create new rights for those parties.  This Court should not permit such actions which are inconsistent with the Bankruptcy Code's fundamental respect for contractual rights, and impermissibly rewrite the terms of the Debtors' Policies and Program Agreement.

6.      In addition to the numerous deficiencies with the RSA as set forth in the Certain Insurers' Objection, the RSA and the related proposed *Fourth Amended Chapter 11 Plan of Reorganization of Boy Scouts of America and Delaware BSA, LLC* (the "**Fourth Amended Plan**") [D.I. 5484] improperly grant the Settlement Trust control over settlement of *Non-Abuse Litigation Claims*.  Not only does such authority violate the plain language of the Policies and Program Agreement, it also greatly prejudices the rights of the Non-Abuse Litigation Claimants, many of whom are not even parties to this bankruptcy proceeding.

## ARGUMENT

7.      The Debtors seek authority to enter into the RSA which strips Old Republic of its contractual rights under the Policies and the Program Agreement.  Under the *Third Amended Chapter 11 Plan of Reorganization of Boy Scouts of America and Delaware BSA, LLC* (the "**Third Amended Plan**") [D.I. 5368], and all prior versions of the plan previously filed in this case, any proposed Insurance Assignment "shall not, and shall not be deemed to, transfer, grant or assign to the Settlement Trust any insurance rights of any Person that pertain to any Insured Non-Abuse Claim."  (Third Amended Plan, Article IV.D.3).  Further, that section specifically reserved insurance rights relating to Insured Non-Abuse Claims: "The insurance rights of any Person that pertain to Insured Non-Abuse Claims are expressly reserved for the [sic] such Persons, and the Plan Documents shall not, and shall not be deemed to, transfer, grant or assign such rights to the

3

Settlement Trust." (Id.)   In the new RSA, however, the Settlement Trust is now granted consent rights over any post-emergence settlement of an Insured Non-Abuse Litigation Claim. Specifically, paragraph 6.a.i. of Schedule 1 provides that "If and when the Settlement Trust settles the Specified Insurance Policies", the Settlement Trust has "consent rights over any post-emergence settlement of Non-Abuse Litigation Claims."

8.      The proposed Fourth Amended Plan in Article IV.D.3, goes even further than the RSA by expressly giving the Settlement Trust consent rights over any post-Effective Date settlement of Insured Non-Abuse Litigation Claims.   Under section 10.3 of the Program Agreement, "final authority with respect to claims matters under the policies [rests] with Old Republic in its sole discretion".   If approved, the Fourth Amended Plan would eliminate Old Republic's contractual rights by giving the Settlement Trust consent rights over settlements of any Insured Non-Abuse Litigation Claim that are greater than the rights the Debtors currently have. Article IV.D.3 of the Fourth Amended Plan also does not preserve rights of holders of Insured Non-Abuse Litigation Claims in the Debtors' insurance policies.

9.      In the Fourth Amended Plan, a Non-Abuse Litigation Claim is defined as "a prepetition unsecured non-priority claim against the Debtors relating to pending or threatened litigation against one or both of the Debtors that does not relate to Abuse."   Article IV.D.3 seems to broaden that definition by apparently giving the Settlement Trust consent rights with respect to settlements involving claimants, for example, who have not filed (and were not required to file) Proofs of Claims in the bankruptcy case, and who may assert claims against only non-debtors (e.g., Local Councils).

10.     The Program Agreement's clear terms provide that Old Republic may settle claims

at its discretion.[4]   The Debtors cannot use this Court, through approval of the RSA or the Plan, to

rewrite the Program Agreement and create more rights in favor of certain constituents.

11.     A cornerstone of bankruptcy law is "that the filing of a bankruptcy petition does

not permit the debtor in possession to enjoy greater contract or property rights than it possessed

outside of [the] bankruptcy case." *In re PSA, Inc.*, 335 B.R. 580, 588 (Bankr. D. Del. 2005).  The

Debtors should not be permitted to use bankruptcy law to create rights for other parties that are

contrary to the terms of the Policies and the Program Agreement.

12.     Further, the RSA calls for support of a plan which will have negative consequences

for Old Republic, the Debtors, and holders of Non-Abuse Litigation Claims.  First, by improperly

providing the Settlement Trust with consent rights to settlements, the Debtors have likely made it

more difficult to reach settlements and therefore more costly to do so.  Such added cost and

difficulty provide no benefit to the Debtors, frustrate the efficient administration of the Policies,

and may lead to delay in consummating settlements of Non-Abuse Litigation Claims.  Second, the

RSA improperly permits the Settlement Trustee to effectively prioritize Abuse Claims over Non-

Abuse Claims by refusing approval or requiring reduced settlement amounts in order to grant

approval.

13.     The term "Specified Insurance Policy" is defined in the Fourth Amended Plan to

be "any BSA Insurance Policy with an inception date of January 1, 2013 to the present." (Article

I.A. 229). There is no reason to believe that the amount of coverage available under the numerous

primary and excess policies issued by numerous insurers to the Debtors after January 1, 2013 is

more than adequate to satisfy both meritorious Abuse Claims that meet all of the conditions

---

[4] The Policies state that the Named Insured must provide written consent to settlements, but these provisions are superseded by Section 10.3 of the Program Agreement.

required for coverage and covered Non-Abuse Litigation Claims. Absent a settlement of a Specified Policy that would be implicated by the proposed settlement of a Non-Abuse Litigation Claim, the Settlement Trust should not have any role in resolving or settling Non-Abuse Litigation Claims.

14.    The Program Agreement is clear that Old Republic has the right to settle Non-Abuse Litigation claims.  The Bankruptcy Code does not permit the Debtors to alter the Program Agreement, by creating new rights for other parties thereunder.  Therefore, the Court should deny the Motion.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

13009024/1/114731-0008

**CONCLUSION**

15.     Old Republic respectfully requests that the Court deny the Motion and grant such

other and further relief as the Court deems just and proper.

Dated: July 22, 2021                    **MORRIS JAMES LLP**

                                        */s/ Carl N. Kunz, III*
                                        Stephen M. Miller (DE Bar No. 2610)
                                        Carl N. Kunz, III (DE Bar No. 3201)
                                        500 Delaware Avenue, Suite 1500
                                        Wilmington, DE 19801
                                        Telephone: (302) 888-6800
                                        Facsimile: (302) 571-1750
                                        Email: smiller@morrisjames.com
                                                ckunz@morrisjames.com

                                        - and –

                                        */s/ Margaret M. Anderson*
                                        Margaret M. Anderson, Esq. (admitted *pro hac vice*)
                                        Adam A. Hachikian, Esq. (admitted *pro hac vice)*
                                        Kenneth M. Thomas (admitted *pro hac vice*)
                                        **FOX SWIBEL LEVIN & CARROLL LLP**
                                        200 W. Madison Street, Suite 3000
                                        Chicago, IL 60606
                                        Telephone: (312) 224-1224
                                        Facsimile: (312) 224-1201
                                        Email: panderson@foxswibel.com
                                                kthomas@foxswibel.com

                                        *Counsel for Old Republic Insurance Company*

13009024/1/114731-0008