# Exhibit A

# PROGRAM AGREEMENT -

**THIS AGREEMENT** entered into by and between **OLD REPUBLIC INSURANCE COMPANY,** Greensburg, Pennsylvania (herein, "Old Republic"), and **BOY SCOUTS OF AMERICA, IRVING, TX** (herein, "Insured").

**WITNESSETH:**

**WHEREAS,** the Insured has requested Old Republic to issue to it for its benefit and for the benefit of its subsidiaries or affiliates, effective March 1, 2007, certain insurance Policies covering the Insured's operations and those of its subsidiaries or affiliates under which the Insured will retain all or a certain portion of the Losses and Allocated Loss Adjustment Expenses, as herein below defined;

**WHEREAS,** Old Republic has agreed to do so on the terms and conditions set forth below, as well as those in the insurance Policies it issues to the Insured.

**NOW THEREFORE,** in consideration of the premises and the mutual promises herein set forth, and intending legally to be bound, the parties agree as follows:

1.  **Insured and its Subsidiaries**

    This Agreement is entered into by the Insured for its own benefit and, subject to section 3 below, the benefit of the Insured's subsidiaries or affiliates, and is a binding obligation of the Insured and its subsidiaries and affiliates.

2.  **Application and Effective Date**

    This Agreement and the Schedules A, B and C attached hereto, which are a part of this Agreement, apply to each and every one of the insurance coverages described in section 3

below.  This Agreement is effective as of the effective date(s) of such insurance coverages as shown on Schedule A and will continue in full force and effect until terminated in accordance with the provisions of section 15 hereof.

3. **The Insurance Coverages**

Old Republic will issue to the Insured, for the Insured's own benefit and for the benefit of such of the Insured's subsidiaries or affiliates as the Insured designates from time to time, Old Republic's Policies as shown on Schedule A.  Coverage will be provided under the Policies with the retentions and/or deductibles that are set forth in the Schedule A attached hereto.  Any renewals shall be set forth on an Addendum to Schedules A, B and C.

4. **Definitions**

As used in this Agreement:

(a)  "Allocated Loss Adjustment Expenses" means the expenses which are incurred in conjunction with the investigation, defense, adjustment or settlement of claims or suits made under any of the Policies and which are allocable to such claims according to generally accepted insurance industry practices; such expenses include, but are not limited to, medical and legal costs, attorneys' fees, expert witnesses, field investigations, costs of appeals bonds, interest accrued before and after judgment, expenses incurred in obtaining recovery against any third party, and the fees and expenses to any firm or company to render any field investigation with respect to claims arising under any of the Policies.

(b)  "Insured's Retention" means the amounts of Loss and Allocated Loss Adjustment Expense which are retained by the Insured or its insured subsidiaries or affiliates per Occurrence, as indicated on Schedule A for each of the Policies, respectively.

(c)     "Loss" or "Losses" means any claim or claims for which there is coverage under any one of the Policies, and any extra-contractual, punitive or exemplary damages liability which may be imposed with respect to any of the Policies.

(d)     "Obligation" or "Obligations" means any and all amounts the Insured is or will be required to pay under the terms and conditions of the Policies and this Agreement. The Insured's Obligations include, but are not limited to, Losses, Allocated Loss Adjustment Expenses, Unallocated Loss Adjustment Expenses, premiums, surcharges and assessments under the Policies and the indemnification, defense, or hold harmless expenses due or becoming due to Old Republic under this Agreement.

(e)     "Occurrence" means the event or events for which there is insurance coverage under the terms and conditions of one or more of the Policies.

(f)     "Policies" means the insurance Policies set forth on Schedule A.

(g)     "Unallocated Loss Adjustment Expenses" means salaries, overhead and other costs related to the claim adjustment process that are not specifically allocated to the expense incurred for a particular claim, including but not limited to any claims administration fees paid or payable in accordance with section 10 below.

## 5.     Premium Charges

5.1.    The premiums for each of the Policies are payable to Old Republic in accordance with the provisions of Schedule C.

5.2.    The premiums for the Policies will be subject to adjustments based upon Old Republic's rights of audit under the terms of the respective Policies, and will also be subject to adjustment to reflect the inclusion or exclusion of any subsidiaries as named insureds under the Policies during the term of coverage.

5.3.    The Policy premiums include the external costs shown on Schedule B of this Agreement. In the event of any change in the basis for the calculation of any of the external costs, as required by any tax or regulatory authority having jurisdiction over the matter, any resulting difference in the indicated external costs shall be treated as a surcharge in accordance with Schedule C.

**6.    Allocated Loss Adjustment Expenses**

Under Policies for which Schedule A specifies that the Insured's Retention includes both Loss and Allocated Loss Adjustment Expenses, the Insured shall be responsible for all Allocated Loss Adjustment Expenses incurred with respect to each Loss, up to but not exceeding the amount of the Insured's Retention.

**7.    Hold Harmless**

In consideration of Old Republic's agreement to enter into this Agreement and to issue the Policies on the terms and conditions set forth in this Agreement, and to enter into an agreement with the Insured or a third party for the administration of claims in accordance with section 10 below, the Insured hereby agrees to indemnify, defend and hold Old Republic harmless from and against all claims, Losses, costs and expenses which Old Republic may suffer or incur under the Policies, this Agreement, any agreement for claims administration by the Insured or a third party or any other contracts(s) entered into or certificates or other evidence of insurance issued by Old Republic at the request of the Insured or for which Old Republic may be held liable by a final order of a court or regulatory authority as a result of issuing such Policies or entering into this Agreement or any other agreement or issuing any certificates or evidence of insurance at the request of the Insured.   Such indemnification obligations do not extend, however, to insured claims, Losses, costs and expenses that Old Republic has agreed to assume for its own account, or for which Old Republic seeks or has received a recovery from a third party other than a subsidiary or affiliate of the Insured, or to any liability suffered or incurred by Old Republic as a direct result of its sole negligence, willful misconduct, or failure to perform its obligations under

- 4 -

this Agreement and the Policies.  The indemnification Obligations of the Insured hereunder are not limited by, but are in addition to the Insured's Retention, and will remain in full force and effect, notwithstanding any change in the ownership or control of the Insured or its subsidiaries or affiliates insured under the Policies, and will survive any termination of this Agreement.

**8.**     **No Aggregate or Stop Loss Coverage**

Notwithstanding the limits of the Insured's Retention as stated in this agreement or as stated in the policies, any limitations of the Insured's liability on a cumulative or aggregate basis are controlled by the terms and conditions of the Policies, and not this agreement.

**9.**     **Letters of Credit**

9.1.     As security for all of the Insured's Obligations, the Insured must provide to Old Republic one or more clean, unconditional, irrevocable Letter(s) of Credit establishing credits in favor of Old Republic, or other security acceptable to Old Republic.  Such Letter(s) of Credit must be issued by a bank(s) which is a member of the Federal Reserve System and is acceptable to Old Republic.  The form of the Letter(s) of Credit must be as shown in Appendix A.

Each such Letter of Credit must be issued for a term of at least twelve (12) months and shall be, by its terms, subject to an unlimited number of automatic renewals thereafter for additional terms of at least twelve (12) months, unless the issuer bank advises Old Republic in writing, at least thirty (30) days prior to the next expiration date, of its intention not to have the Letter(s) of Credit renewed.  In that case, the Insured must furnish Old Republic with a replacement Letter(s) of Credit issued to Old Republic by an acceptable bank(s), or other security as may be acceptable to Old Republic, establishing credit or security in an amount equal to the credit under the Letter(s) of Credit being replaced, within not less than ten (10) business days before the expiry date.  The requirement for such security will remain in place until all of the Insured's current and

- 5 -

future Obligations have been paid or otherwise concluded in a manner satisfactory to Old Republic.

9.2.    The amount of the initial required security is $2,000,000.  At such times as Old Republic deems it appropriate or necessary, until all liability with respect to the Insured's Obligations has been paid or otherwise concluded, Old Republic will review the security requirement.  The sum of all of the Insured's Obligations which have been paid by the Insured or satisfied by sums drawn by Old Republic under the Letter(s) of Credit or other acceptable security and held by Old Republic will be subtracted to arrive at the required security.  If the resulting security requirements exceed the amount of remaining credit available to Old Republic under the Letter(s) of Credit or other acceptable security as of the calculation date, then the Insured must provide Old Republic with additional acceptable security equal to such excess within fifteen (15) days of the Insured's receipt of notice of the increased security requirement.  If the required security is less than the remaining credit available to Old Republic under the Letter(s) of Credit or other acceptable security, then the amount of such remaining credit will be reduced by the amount of such difference, and Old Republic will execute any document necessary in order to reduce the amount of such credits in accordance with this section.

9.3    Old Republic or its successors in interest may draw upon any Letter of Credit or other security supporting this agreement at any time and from time to time, and such funds shall be applied without diminution because of the insolvency of the Insured or Old Republic for one or more of the following purposes only:

a.    to reimburse Old Republic for the Insured's share of Losses or Allocated Loss Adjustment Expenses paid by Old Republic;

b.    to fund an account with Old Republic for the full amount secured under this Agreement in the event the Insured has failed to replace timely any expiring Letter of Credit as required by paragraph 9.1 hereof or to adjust timely the amount

- 6 -

secured hereunder as required by paragraph 9.2 hereof, and such failure would result in a deficiency in the total security provided by the Insured;

c.   to fund an account with Old Republic for the full amount secured in the event of the filing of a voluntary or involuntary petition in bankruptcy by the Insured, the insolvency of the Insured, the admission in writing by the Insured of its inability to pay its debts as they become due, or a general assignment by the Insured of its assets for the benefit of creditors; or

d.   to pay any other amounts Old Republic claims are due to it under the Policies or this Agreement.

In the event Old Republic draws upon a Letter of Credit or other security pursuant to items (b) or (c) above, Old Republic will be free to hold the proceeds thereof, without liability for interest thereon, until the Insured has fully remedied the circumstances for which the draw was made, whereupon Old Republic shall promptly return the proceeds held by it, less portions allocable to amounts due it under item (a) above, upon receipt of written instructions from the Insured, signed by a duly authorized officer of the Insured, indicating to whom such return is to be made.

10.   **Claims Administration**

10.1   Claims arising under Policies issued by Old Republic will be administered by Old Republic or a third party claims administrator approved by, and under a contract acceptable to Old Republic or, when approved by Old Republic, self administered by the Insured under an acceptable separate written contract.   Whether a third party claims administrator or the Insured itself, the party administering claims must: provide a quarterly report to Old Republic showing the status of all claims, including details of payments and outstanding reserves in a format acceptable to Old Republic; comply with all adjuster licensing laws; abide by the applicable state insurance claims settlement

- 7 -

practices laws and regulations; screen all claimants' names under the Specially Designated Nationals and Blocked Persons list published by the Office of Foreign Asset Control and follow applicable reporting requirements; prepare Form 1099 Miscellaneous Income reports on their behalf for filing with the Internal Revenue Service as to all Losses paid under the Policies; and, in the case of the Insured, provide the funding for the payment of all Losses and Allocated Loss Adjustment Expenses under the Policies.

10.2    If claims arising under the Policies are administered by a third party claims administrator, the fees and expenses for such services will be strictly the obligation of the Insured. The Insured's Obligation to pay the fees and expenses of the third party claims administrator is not limited by the Insured's Retention. The Insured will fund an imprest account (Escrow Account) to be used for the payment of Losses and Allocated Loss Adjustment Expenses paid under the Policies. In the event said funds are deemed insufficient by Old Republic or the third party administrator, it will be the responsibility of the Insured to replenish and/or increase the funds to the required level.

10.3    It is understood and agreed that the final authority with respect to claims matters under the policies will rest with Old Republic in its sole discretion. In the event that the Insured or its third party claims administrator ceases to provide the services required of it or is unable to provide such services, for whatever reason, and an acceptable replacement is not immediately engaged, Old Republic will have the option of selecting a claims administrator of its own choice or assuming the claims administration function itself until an acceptable claims administrator is selected. For any such period of time, Old Republic will be entitled to receive claims administration fees and reimbursement equal to the greater of what the unacceptable claims administrator would have been paid for the same services, or to what any one of the national claims administration firms would have charged for the same services.

10.4    Any salvages or subrogation recoveries obtained with respect to Losses shall be applied first to reimburse Old Republic with respect to that portion of each Loss, if any, which exceeds the Insured's Retention, excluding Allocated Loss Adjustment Expenses, and

- 8 -

the balance to reimburse the Insured with respect to the Insured's Retention on each such Loss. The expenses incurred in obtaining such salvages or subrogation recoveries shall be borne by each party in the same proportion that each party benefits from the recoveries.

11. **Breach of Obligations**

If the Insured fails to pay or otherwise perform in a timely manner any Obligation due Old Republic hereunder or under the Policies at any time during the term of this Agreement, and if such failure continues for at least fifteen (15) days following the Insured's receipt of written notice of such failure, Old Republic will have the option of canceling all of the Policies due to non-performance or non-payment under this Agreement, and any such cancellation will be deemed to have been made at the Insured's request. Old Republic may, at its sole discretion, draw on the Letter(s) of Credit or other security furnished to it under this Agreement in payment of the Obligations due from the Insured, but will be under no obligation to do so and will be free instead to cancel the Policies and retain the Letter(s) of Credit or other security furnished as security for the payment of such Obligations.

12. **Renewal Option**

Old Republic is under no obligation, and unless otherwise agreed to in writing, Old Republic will not be under any obligation in the future, to renew any of the coverages under the Policies shown on Schedule A or to offer renewal of the coverages under the same terms and conditions following the expiration of the Policies. If Old Republic elects not to renew and/or to cancel coverage, it will furnish to the Insured notice of its intent not to renew and/or cancel consistent with the terms and conditions of the Policies.

13. **Joint Obligations**

The Obligations set forth in this Agreement are Obligations of the first Insured.  The first Insured hereby expressly represents and warrants that it is authorized to enter into this Agreement.

14.    **Financial Statements, Access to Records**

14.1    Annually while this Agreement remains in force, the Insured will make available to Old Republic copies of audited financial statements of the Insured.  The Insured will provide Old Republic with copies of quarterly financial statements within 60 days and annual financial statements certified by independent auditors within one hundred and sixty five (165) days after the end of each calendar year while this Agreement remains in effect.

14.2    At all times while this Agreement remains in effect, Old Republic will have full and free access to claims records of the Insured, under the Policies, and those of the third party claims administrator(s) described above, as respects information pertaining to the subject coverages.  Such access will be limited, however, to normal business hours and shall be afforded only at reasonable intervals and upon reasonable prior written notice.

15.    **Term and Duration**

All of the terms and conditions of this Agreement will remain in full force and effect until all of the Insured's Obligations have been paid or otherwise satisfactorily concluded and will survive the expiration as well as any cancellation of the Policies.

16.    **Entire Agreement, Amendment**

Apart from any agreement entered into for the administration of claims by a third party claims administrator, this Agreement, together with the Policies issued hereunder, represents the entire agreement between the parties with respect to the subject matter hereof.  This Agreement may

only be changed by written amendment signed by duly authorized officers of the respective parties. No other changes will be binding or enforceable.

**17.    Governing Law**

This Agreement will be governed in all respects by the laws of the State of Pennsylvania.

**18.    Notices**

All notices or other communications required hereunder will be in writing, sent by certified or registered mail to:

> **OLD REPUBLIC INSURANCE COMPANY**
> 445  South Moorland Rd., Suite 300
> Brookfield, WI  53005
> Attention:  Mike Weber, President
>
> **BOY SCOUTS OF AMERICA**
> 1325 Walnut Hill Lane
> Irving, TX  75062
> Attention:  Mark Dama

or such other addresses as may be designated in the same manner from time to time.

**19.    No Waiver**

The failure on any occasion by either party to enforce the terms of this Agreement will not be deemed or construed as a waiver of that party's right to enforce those or any other terms of this Agreement on any other occasion.

**20.    Construction**

The terms and conditions of this Agreement will be liberally construed so as to give the fullest possible effect to the intentions of the parties. To the extent that any of the terms or conditions of

the aforesaid Policies are inconsistent with any of the terms or conditions of this Agreement, the latter are to be given effect and the former will be considered superseded by this Agreement.

21.    **Severability**

If any term or provision of this Agreement is in violation of the law of any state, such term or provision shall be void in the jurisdiction(s) where it is unlawful.  The remainder of this Agreement shall remain binding on the parties so that the terms of this Agreement are binding only to the extent lawful under applicable laws.  If any provision of this Agreement is determined by a court of law to be unenforceable, the parties hereto agree, and it is their desire, that the court shall modify such provision to the extent necessary to be deemed enforceable by such court.  As so modified, the provision shall be binding upon the parties as if originally set forth herein.

22.    **Assignment**

Neither party may assign any of its rights or obligations under this Agreement without the prior written consent of the other party.

23.    **Remedies**

The rights and remedies granted to the parties hereunder will be in addition to, and not in lieu of, any rights or remedies they may otherwise have.

24.    **Successors**

The terms and conditions of this Agreement are binding upon and will inure to the benefit of the successors and assigns of the parties hereto.

I:\Acctman\Contracts\Boy Scouts Of America\07 Prg Agr.doc

**IN WITNESS WHEREOF,** the parties hereto have caused this instrument to be executed by their duly authorized officers on the ___ day of _____, 20____.

ATTEST:

_Tammy Knight_

**OLD REPUBLIC INSURANCE COMPANY**

BY: _____

OFFICER'S TITLE: _____Vice President_____

DATE: _____7-5-07_____

ATTEST:

_Helen Rey_

**BOY SCOUTS OF AMERICA**
For itself and on behalf of its insured subsidiaries and affiliates

BY: _____

OFFICER'S TITLE: ___JAMES J. TERRY, JR.___
___CHIEF FINANCIAL OFFICER___

DATE: _____6/13/07_____

- 13 -

APPENDIX A – LETTER OF CREDIT

# BANK  LETTERHEAD

ISSUE DATE: _____

**IRREVOCABLE LETTER OF CREDIT NO.** _____

**To Beneficiary:**
Old Republic Insurance Company
c/o Old Republic Risk Management
445 South Moorland Road, Suite 300
Brookfield, Wisconsin 53005
Attn:  Chief Financial Officer

| For Internal Identification Purposes Only: |
| --- |
| **Applicant:** _____ |

We hereby establish this irrevocable Letter of Credit in favor of the aforesaid addressee ("Beneficiary") for drawings up to United States $_____ effective immediately.  This Letter of Credit is issued, presentable and payable at our office at (issuing bank's address) and expires with our close of business on _____, 20____.

The term "Beneficiary" includes any successor by operation of law of the named Beneficiary including, without limitation, any liquidator, rehabilitator, receiver or conservator.

We hereby undertake to promptly honor your sight draft(s) drawn on us, indicating our Credit No. _____, for all or any part of this Credit if presented at our office specified in paragraph one on or before the expiry date or any automatically extended expiry date.

Except as expressly stated herein, this undertaking is not subject to any agreement, condition or qualification.  The obligation of (issuing bank) under this Letter of Credit is the individual obligation of (issuing bank), and is in no way contingent upon reimbursement with respect thereto.

It is a condition of this Letter of Credit that it is deemed to be automatically extended without amendment for one year from the expiry date hereof, or any future expiration date, unless at least 30 days prior to any expiration date we notify you by registered mail that we elect not to consider this Letter of Credit renewed for any such additional period.

This Letter of Credit is subject to and governed by the Laws of the State of New York and the 1993 Revision of the Uniform Customs and Practice for Documentary Credits of the International Chamber of Commerce (Publication 500) and, in the event of any conflict, the Laws of the State of New York will control.  If this Credit expires during an interruption of business as described in Article 17 of said Publication 500, the bank hereby specifically agrees to effect payment if this Credit is drawn against within 30 days after the resumption of business.

Very truly yours,
_____(Issuing Bank)_____

By:    _____
(Authorized Signature)

**BOY SCOUTS OF AMERICA**

# AMENDMENT #1
# PROGRAM AGREEMENT
# SCHEDULE A

Effective 3/1/09, 3/1/10 and 3/1/11 Schedule A is amended as follows:

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 59097 | 3/1/11-3/1/12 | Commercial General | 100% of Policy limits |
| MWZY 58666 | 3/1/10-3/1/11 | Liability Insurance | |
| MWZY 58122 | 3/1/09-3/1/10 | $1,000,000 per occurrence | |

ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

All other terms and conditions of this Contract remain unchanged.

This amendment may be executed in counterparts, with signature pages exchanged by any commercially reasonable means, including by facsimile or electronic mail.

ATTEST:                                          BOY SCOUTS OF AMERICA

_Vanessa Savoy_

By: _Mark L Chu_

Officer's Title: _Team Leader Insurance & Risk Management_

Date: _10/4/11_

ATTEST:                                          OLD REPUBLIC INSURANCE COMPANY

_Tammy Knight_

By: _Lawrence Francese_

Officer's Title: _____ Vice President _____

Date: _7/18/11_

# AMENDMENT #2
# PROGRAM AGREEMENT
# SCHEDULE A

Effective 3/1/08 and each renewal through 3/1/13 the Program Agreement Schedule A is amended as follows:

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 59997 | 3/1/13-3/1/14 | Commercial General Liability Insurance<br>Employee Benefits | 100% of Loss plus ALAE<br>100% of Loss plus ALAE |
| MWZY 59555 | 3/1/12-3/1/13 | Commercial General Liability Insurance<br>Employee Benefits | 100% of Loss plus ALAE<br>100% of Loss plus ALAE |
| MWZY 59097 | 3/1/11-3/1/12 | Commercial General Liability Insurance<br>Employee Benefits | 100% of Loss plus ALAE<br>100% of Loss plus ALAE |
| MWZY 58666 | 3/1/10-3/1/11 | Commercial General Liability Insurance<br>Employee Benefits | 100% of Loss plus ALAE<br>100% of Loss plus ALAE |
| MWZY 58122 | 3/1/09-3/1/10 | Commercial General Liability Insurance<br>Employee Benefits | 100% of Loss plus ALAE<br>100% of Loss plus ALAE |
| MWZY 57807 | 3/1/08-3/1/09 | Commercial General Liability Insurance<br>Employee Benefits | 100% of Loss plus ALAE<br>100% of Loss plus ALAE |

ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

All other terms and conditions of this Contract remain unchanged.

# AMENDMENT #2
## PROGRAM AGREEMENT
## SCHEDULE A

This amendment may be executed in counterparts, with signature pages exchanged by any commercially reasonable means, including by facsimile or electronic mail.

ATTEST:

_Vanessa Savoy_

Officer's Title:

**BOY SCOUTS OF AMERICA**

By: _Mark 7. Chu_

~~Officer's~~ Title: _Team Leader Insurance Risk Management_

Date: _2/27/14_

ATTEST:

_Sammy Knight_

**OLD REPUBLIC INSURANCE COMPANY**

By: _Lawrence Francesco_

Officer's Title: _____ Vice President _____

Date: _____ 4/16/13 _____

## PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION (Footnotes) |
|---|---|---|---|
| MWZX 26633 | 3/1/07-3/1/08 | Excess Commercial General Liability Insurance | $4,000,000 Annual Aggregate excess $1,000,000 each and every occurrence 1) (100% of Policy limits) |

Footnotes

ALAE Codes -    1)   ALAE is included with the Insured's Retention for Loss and Policy Limits.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of ___, 20___.

ATTEST

*[signature: Tammy Knight]*

**OLD REPUBLIC INSURANCE COMPANY**

By: *[signature]*

Officer's Title: Vice President

Date: 7-5-07

ATTEST

*[signature: Helen J. Key]*

**BOY SCOUTS OF AMERICA**

By: *[signature]*

Officer's Title: JAMES J. TERRY, JR.

Date: 6/13/07   CHIEF FINANCIAL OFFICER

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2007 shall be the sum of A and B below:

| | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|
| **A.** **Excess General Liability** | | |
| 1) Profit & Administration | Flat | $25,000 |
| 2) Terrorism | Flat | $5,000 |
| 3) External Costs | 4.73% of Written Premium | $1,316 |

**B.** Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20____.

ATTEST:

_Sammy Knight_

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____7-5-07_____

ATTEST:

_Helen J Key_

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: _____JAMES J. TERRY, JR._____
~~CHIEF FINANCIAL OFFICER~~

Date: ___6/13/07___

- 16 -

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2007 are payable to Old Republic as follows:

    A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

    B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

    C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

The Insured agrees to provide security to Old Republic in a form acceptable to Old Republic securing its obligation for premiums deferred under D above.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the  day of _____, 20____.

ATTEST:

_Tammy Knight_

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____7-5-07_____

ATTEST:

_Helen J Rey_

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: _____

JAMES J. TERRY, JR.

CHIEF FINANCIAL OFFICER

Date: _____6/13/07_____

- 17 -

**BOY SCOUTS OF AMERICA**

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION (Footnotes) |
|---|---|---|---|
| MWZX 26642 | 3/1/08-3/1/09 | Excess Commercial General Liability Insurance | $9,000,000 Annual Aggregate excess $1,000,000 each and every occurrence (1) (100% of Policy limits) |
| MWZY 57807 | 3/1/08-3/1/09 | Commercial General Liability Insurance | 100% of Policy Limits (1) |

Footnotes

ALAE Codes -      1)   ALAE is included with the Insured's Retention for Loss and Policy Limits.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the ___3rd___ day of _June_ 20_08_.

ATTEST
_Tammy Krug_

OLD REPUBLIC INSURANCE COMPANY

By: _[signature]_

Officer's Title: Vice President

Date: 5-14-08

ATTEST
_Helen Rey_

BOY SCOUTS OF AMERICA

By: _[signature]_

Officer's Title: ACSE/CFO

Date: 6/3/2008

- 1 -

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2008 shall be the sum of A and B below:

|  |  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Excess General Liability** | | |
| | 1)  Profit & Administration | Flat | $40,000 |
| | 2)  Terrorism | Flat | $5,000 |
| | 3)  External Costs | 4.38% of Written Premium | $1,832 |
| | **Commercial General Liability** | | |
| | 1)  Profit and Administration | Flat | $85,000 |
| | 2)  Externals | 4.38% of Written Premium | $3,894 |
| | 3)  Surcharges | | $76 |

**B.**    Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the 3rd day of June, 20 08.

ATTEST:

_Sammy Knight_

ATTEST:

_Helen J Ley_

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____Vice President_____

Date: _____5-14-08_____

**BOY SCOUTS OF AMERICA**

By: _____

Officer's Title: ____ACS8/CFO____

Date: _____6/3/2008_____

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2008 are payable to Old Republic as follows:

A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

The Insured agrees to provide security to Old Republic in a form acceptable to Old Republic securing its obligation for premiums deferred under D above.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the 3rd day of _____, 20 08.

ATTEST:

_Sammy Knight_ (signature)

OLD REPUBLIC INSURANCE COMPANY

By: _Michael White_ (signature)

Officer's Title: _____ Vice President _____

Date: _____ 5-14-08 _____

ATTEST:

_Helen Rey_ (signature)

BOY SCOUTS OF AMERICA

By: _(signature)_

Officer's Title: _____ ACSB/CFO _____

Date: _____ 6/3/2008 _____

**BOY SCOUTS OF AMERICA**

# REPLACEMENT #2
## PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 58122 | 3/1/09-3/1/10 | Commercial General Liability Insurance $1,000,000 per occurrence | 100% of Policy limits (1) |
| MWZX 26652 | 3/1/09-3/1/10 | Excess Commercial General Liability Insurance $9,000,000 per occurrence excess of Underlying Insurance $9,000,000 Aggregate | 100% of Policy limits (2) |

1) In addition to the INSURED RETENTION above, the Insured is responsible for all Losses and Obligations included in the Program Agreement to which this Schedule is attached.

2) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the ___23___ day of ___February___, 20 _10_ .

ATTEST

_Tammy Knight_

**OLD REPUBLIC INSURANCE COMPANY**

By: _Michael Will_

Officer's Title: Vice President

Date: _2-10-10_

ATTEST

_Vanessa Savoy_

**BOY SCOUTS OF AMERICA**

By: _Mark L. _____

Officer's Title: _Team Leader, Insurance & Risk Management_

Date: _2/23/10_

BOY SCOUTS OF AMERICA

## REPLACEMENT #1
## PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION (1) |
|---|---|---|---|
| MWZY 58122 | 3/1/09-3/1/10 | Commercial General Liability Insurance $1,000,000 per occurrence | 100% of Policy limits (2) |
| MWZX 26652 | 3/1/09-3/1/10 | Excess Commercial General Liability Insurance $9,000,000 per occurrence excess of Underlying Insurance $9,000,000 Aggregate | 100% of Policy limits (2) |

1) In addition to the INSURED RETENTION above, the Insured is responsible for all Losses and Obligations included in the Program Agreement to which this Schedule is attached.

2) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

IN WITNESS WHEREOF, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20 _____.

ATTEST

_Tommy Knight_

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: Vice President

Date: 9-21-09

ATTEST

_____

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: _Manager Treasury_

Date: 11-05-09

- 1 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION (1) |
|---|---|---|---|
| MWZY 57122 | 3/1/09-3/1/10 | Commercial General Liability Insurance $1,000,000 per occurrence | 100% of Policy limits (2) |
| MWZX 26652 | 3/1/09-3/1/10 | Excess Commercial General Liability Insurance $9,000,000 per occurrence excess of Underlying Insurance $9,000,000 Aggregate | 100% of Policy limits (2) |

1) In addition to the INSURED RETENTION above, the Insured is responsible for all Losses and Obligations included in the Program Agreement to which this Schedule is attached.

2) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _11_ day of _June_, 20 _07_.

ATTEST

OLD REPUBLIC INSURANCE COMPANY

By:

Officer's Title: Vice President

Date: 6-4-09

ATTEST

BOY SCOUTS OF AMERICA

By:

Officer's Title: ACSE/CEO

Date: June 8 2009

- 1 -

**BOY SCOUTS OF AMERICA**

# REPLACEMENT #1
# PROGRAM AGREEMENT
# SCHEDULE B
# COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2009 shall be the sum of A and B below:

|  |  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Commercial General Liability** | | |
| | 1) Profit & Administration | Flat | $85,000 |
| | 2) Externals | 4.137% of Written Premium | $3,884 |
| | 3) Surcharges | | $55 |
| | 4) Terrorism | Flat | $5,000 |
| | **Excess General Liability** | | |
| | 1) Profit and Administration | Flat | $40,000 |
| | 2) Externals | 3.9026% of Written Premium | $1,828 |
| | 3) Terrorism | Flat | $5,000 |

**B.**     Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20____.

ATTEST:

_Sammy Knight_

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____9-21-09_____

ATTEST:

_____

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: ___Mgr. Treasury___

Date: ___11.09.09___

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2009 shall be the sum of A and B below:

|  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|
| **A.** **Commercial General Liability** | | |
| 1) Profit & Administration | Flat | $85,000 |
| 2) Externals | 4.37% of Written Premium | $3,884 |
| 3) Surcharges | | $55 |
| 4) Terrorism | Flat | $5,000 |
| **Excess General Liability** | | |
| 1) Profit and Administration | Flat | $40,000 |
| 2) Externals | 4.37% of Written Premium | $1,828 |
| 3) Terrorism | Flat | $5,000 |

**B.**     Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF,** the parties hereto have caused this instrument to be executed by their duly authorized officers on the ___11___ day of ___June___, 20_09_.

ATTEST:

_Sammy Knight_

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____6-4-09_____

ATTEST:

_____

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: _____ACSE/CFO_____

Date: _____June 8, 2009_____

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2009 are payable to Old Republic as follows:

    A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

    B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

    C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

The Insured agrees to provide security to Old Republic in a form acceptable to Old Republic securing its obligation for premiums deferred under D above.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ *11* _____ day of _____ *June* _____, 20 *09*.

**ATTEST:**

_Sammy Knight_

                     **OLD REPUBLIC INSURANCE COMPANY**

            By: _____

            Officer's Title: _____ Vice President _____

            Date: _____ *6-4-09* _____

**ATTEST:**

                     **BOY SCOUTS OF AMERICA**

            By: _____

            Officer's Title: _____ *ACSE / CFO* _____

            Date: _____ *June 8, 2009* _____

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 58666 | 3/1/10-3/1/11 | Commercial General Liability Insurance $1,000,000 per occurrence | 100% of Policy limits (1) |
| MWZX 26667 | 3/1/10-3/1/11 | Excess Commercial General Liability Insurance $9,000,000 per occurrence excess of Underlying Insurance $9,000,000 Aggregate | 100% of Policy limits (2) |

1) In addition to the INSURED RETENTION above, the Insured is responsible for all Losses and Obligations included in the Program Agreement to which this Schedule is attached.

2) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the ⟨23⟩ day of ⟨February⟩, 20⟨10⟩ .

ATTEST *Tammy Knight*

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title:     Vice President

Date:     ⟨2-10-10⟩

ATTEST *Vanessa Savoy*

**BOY SCOUTS OF AMERICA**

By: _____

~~Officer's~~ Title: ⟨Team Leader, Insurance & Risk Mgmt⟩

Date: ⟨2/23/10⟩

- 1 -

# PROGRAM AGREEMENT
# SCHEDULE B
# COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2010 shall be the sum of A and B below:

|  | | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Commercial General Liability** | | |
| | 1) Profit & Administration | Flat | $85,000 |
| | 2) Externals | 4.35% of Written Premium | $4,093 |
| | 3) Surcharges | | $61 |
| | 4) Terrorism | Flat | $5,000 |
| | **Excess General Liability** | | |
| | 1) Profit and Administration | Flat | $40,000 |
| | 2) Externals | 4.35% of Written Premium | $2,047 |
| | 3) Terrorism | Flat | $5,000 |

**B.**      Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the 23 day of February , 2010 .

ATTEST:

*Tammy Knight*

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____2-10-10_____

ATTEST:

*Vanessa Savoy*

BOY SCOUTS OF AMERICA

By: *Mark T. Ui̇n*

~~Officer's~~ Title: Team Leader, Insurance & Risk Management

Date: 2/23/10

# PROGRAM AGREEMENT
## SCHEDULE C

### PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2010 are payable to Old Republic as follows:

    A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

    B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

    C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

The Insured agrees to provide security to Old Republic in a form acceptable to Old Republic securing its obligation for premiums deferred under D above.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the ___23___ day of ___February___, 20_10_.

**ATTEST:**

_Tammy Knight_

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____Vice President_____

Date: _____2-10-10_____

**ATTEST:**

_Vanessa Savoy_

**BOY SCOUTS OF AMERICA**

By: _____

~~Officer~~'s Title: _Team Leader, Insurance + Risk Management_

Date: _7/23/10_

- 3 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 59097 | 3/1/11-3/1/12 | Commercial General Liability Insurance $1,000,000 per occurrence | 100% of Policy limits (1) |
| MWZX 26702 | 3/1/11-3/1/12 | Excess Commercial General Liability Insurance $9,000,000 per occurrence excess of Underlying Insurance $9,000,000 Aggregate | 100% of Policy limits (2) |

1) In addition to the INSURED RETENTION above, the Insured is responsible for all Losses and Obligations included in the Program Agreement to which this Schedule is attached.

2) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF,** the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20_____.

ATTEST

*Tammy Knight*

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: Vice President

Date: 2-8-11

ATTEST

*Vanessa Savoy*

VANESSA SAVOY
MY COMMISSION EXPIRES
January 29, 2015

BOY SCOUTS OF AMERICA

By: _____

~~Officer's Title:~~ Team Leader Insurance + Risk Management

Date: 2/11/11

- 1 -

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2011 shall be the sum of A and B below:

|  |  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Commercial General Liability** | | |
| | 1) Profit & Administration | Flat | $85,000 |
| | 2) Externals | 4.64% of Written Premium | $4,379 |
| | 3) Surcharges | | $85 |
| | 4) Terrorism | Flat | $5,000 |
| | **Excess General Liability** | | |
| | 1) Profit and Administration | Flat | $40,000 |
| | 2) Externals | 4.64% of Written Premium | $2,190 |
| | 3) Terrorism | Flat | $5,000 |

**B.**    Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF,** the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20_____.

ATTEST:

*Sammy Knight*
_____

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____ Vice President

Date: _____ 2-8-11

ATTEST:

*Vanessa Savoy*
_____

VANESSA SAVOY
MY COMMISSION EXPIRES
January 29, 2015

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: _____ Team Leader Insurance & Risk Management

Date: _____ 2/11/11

# PROGRAM AGREEMENT
## SCHEDULE C

## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2011 are payable to Old Republic as follows:

A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20_____.

ATTEST:

_Sammy Knight_

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____2-8-11_____

ATTEST:

_Vanessa Savoy_

BOY SCOUTS OF AMERICA

By: _____

~~Officer~~'s Title: _Team Leader Insurance & Risk Management_

Date: _2/11/11_

VANESSA SAVOY
MY COMMISSION EXPIRES
January 29, 2018

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 59555 | 3/1/12-3/1/13 | Commercial General Liability Insurance $1,000,000 per occurrence | 100% of Policy limits (1) |
| MWZX 26709 | 3/1/12-3/1/13 | Excess Commercial General Liability Insurance $9,000,000 per occurrence excess of Underlying Insurance $9,000,000 Aggregate | 100% of Policy limits (1) |

1) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the 30ᵗʰ day of March , 20 12 .

ATTEST

_Tammy Knight_

ATTEST

_Greg Rimling_

**OLD REPUBLIC INSURANCE COMPANY**

By: _[signature]_

Officer's Title: Vice President

Date: 3/5/12

**BOY SCOUTS OF AMERICA**

By: _Mark L. Van_

Officer's Title: Team Leader Insurance & Risk Management

Date: 3/20/12

- 1 -

**BOY SCOUTS OF AMERICA**

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2012 shall be the sum of A and B below:

|  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|
| **A.** **Commercial General Liability** **MWZY 59555** | | |
| 1) Profit & Administration | Flat | $85,000 |
| 2) Externals | 4.80% of Written Premium | $4,286 |
| 3) Surcharges | | $91 |
| **Excess General Liability** **MWZX 26709** | | |
| 1) Profit and Administration | Flat | $40,000 |
| 2) Externals | 4.80% of Written Premium | $2,017 |

**B.**    Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the 30th day of _March_____, 20 _12_.

ATTEST:

_Tammy Knight_

OLD REPUBLIC INSURANCE COMPANY

By: _Lawrence Provence_

Officer's Title: _____Vice President_____

Date: _3/5/12_

ATTEST:

_Greg Rimling_

BOY SCOUTS OF AMERICA

By: _Mike Lamb_

Officer's Title: _Team Leader, Insurance & Risk Management_

Date: _3/20/12_

- 2 -

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2012 are payable to Old Republic as follows:

A. At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B. At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C. An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _30th_ day of _March_, 20 _12_.

**ATTEST:**
_Sammy Knight_

**OLD REPUBLIC INSURANCE COMPANY**

By: _Lawrence Gauger_

Officer's Title: _Vice President_

Date: _3/5/12_

**ATTEST:**
_Greg Rimling_

**BOY SCOUTS OF AMERICA**

By: _Mark J. Orr_

Officer's Title: _Team Leader Insurance & Risk Management_

Date: _3/20/12_

- 3 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 59997 | 3/1/13-3/1/14 | Commercial General Liability Insurance $1,000,000 per occurrence | 100% of Loss and ALAE |
| MWZX 26713 | 3/1/13-3/1/14 | Excess Commercial General Liability Insurance $9,000,000 per occurrence excess of Underlying Insurance $9,000,000 Aggregate | 100% of Loss and ALAE |

1) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _18_ day of _march_, 20_13_.

ATTEST

_Sammy Knight_

ATTEST

_Vanessa Savoy_

**OLD REPUBLIC INSURANCE COMPANY**

By: _Lawrence Naureau_
Officer's Title: Vice President
Date: _2/13/13_

**BOY SCOUTS OF AMERICA**

By: _[signature]_
Officer's Title: _Team Leader Insurance + Risk Management_
Date: _3/18/13_

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2013 shall be the sum of A and B below:

|  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|
| **A.  Commercial General Liability**<br>**MWZY 59997** | | |
| 1) Profit & Administration | Flat | $85,000 |
| 2) Externals | 4.80% of Written Premium | $4,286 |
| 3) Surcharges | | $115 |
| **Excess General Liability**<br>**MWZX 26713** | | |
| 1) Profit and Administration | Flat | $40,000 |
| 2) Externals | 4.80% of Written Premium | $2,017 |

B.   Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF,** the parties hereto have caused this instrument to be executed by their duly authorized officers on the 18 day of march, 2013.

**ATTEST:**

Sammy Knight

**OLD REPUBLIC INSURANCE COMPANY**

By: _Lawrence Prancieno_

Officer's Title: _____Vice President_____

Date: _____2/13/13_____

**ATTEST:**

Vanessa Savoy

**BOY SCOUTS OF AMERICA**

By: _John T. Le_

~~Officer's Title:~~ _Team Leader Insurance & Risk Manager_

Date: _3/18/13_

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2013 are payable to Old Republic as follows:

A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the ____18____ day of __march__, 20_13_.

**ATTEST:**

_Sammy Knight_

**ATTEST:**

_Vanessa Savoy_

**OLD REPUBLIC INSURANCE COMPANY**

By: _Lawrence Francour_

Officer's Title: _____Vice President_____

Date: _____2/13/13_____

**BOY SCOUTS OF AMERICA**

By: _Mark T. Chen_

~~Officer's Title:~~ _Team Leader Insurance & Risk Management_

Date: _3/18/13_

**BOY SCOUTS OF AMERICA**

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 301262 | 3/1/14-3/1/15 | Commercial General Liability Insurance | 100% of Loss and ALAE (1) |
| | | Employee Benefits | 100% of Loss and ALAE (1) |
| MWZX 300758 | 3/1/14-3/1/15 | Excess Commercial General Liability Insurance | 100% of Loss and ALAE (1) |

1) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20_____.

ATTEST
_____

**OLD REPUBLIC INSURANCE COMPANY**
By: _____
Officer's Title: Vice President
Date: 1/29/14

ATTEST
Vanessa Savoy

**BOY SCOUTS OF AMERICA**
By: _____
Officer's Title: Team Leader Insurance & Risk Management
Date: 2/27/14

- 1 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
# SCHEDULE B
# COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2014 shall be the sum of A and B below:

|  |  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Commercial General Liability**<br>**MWZY 301262** |  |  |
|  | 1) Profit & Administration | Flat | $91,000 |
|  | 2) Externals | 4.89% of Written Premium | $4,679 |
|  | 3) Terrorism | Flat | $5,000 |
|  | 4) Surcharges |  | $115 |
|  | **Excess General Liability**<br>**MWZX 300758** |  |  |
|  | 1) Profit and Administration | Flat | $44,000 |
|  | 2) Externals | 4.89% of Written Premium | $2,262 |
|  | 3) Terrorism | Flat | $5,000 |

**B.**     Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20_____.

ATTEST:

_____

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____ Vice President _____

Date: _____ 1/29/14 _____

ATTEST:

Vanessa Savoy

**BOY SCOUTS OF AMERICA**

By: _____

~~Officer's~~ Title: Team Leader Insurance Risk Manager

Date: 2/27/14

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2014 are payable to Old Republic as follows:

A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____ day of _____, 20_____.

ATTEST:

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____Vice President_____

Date: _____1/28/14_____

ATTEST:

**BOY SCOUTS OF AMERICA**

By: _____

Officer's Title: _Team Leader Insurance' Risk Management_

Date: _____2/27/14_____

- 3 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 303431 | 3/1/15-3/1/16 | Commercial General Liability Insurance | 100% of Loss and ALAE (1) |
| | | Employee Benefits | 100% of Loss and ALAE (1) |
| MWZX 303430 | 3/1/15-3/1/16 | Excess Commercial General Liability Insurance | 100% of Loss and ALAE (1) |

1) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

**IN WITNESS WHEREOF,** the parties hereto have caused this instrument to be executed by their duly authorized officers on the ___9___ day of ___March___, 20 15 .

ATTEST

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____3/4/15_____

ATTEST

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: _Team Leader Insurance & Risk Mgmt._

Date: _3/9/15_

VANESSA SAVOY
MY COMMISSION EXPIRES
January 29, 2019

- 1 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2015 shall be the sum of A and B below:

|  |  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Commercial General Liability**<br>**MWZY 303431** |  |  |
|  | 1) Profit & Administration | Flat | $91,000 |
|  | 2) Externals | 4.77% of Written Premium | $4,558 |
|  | 3) Terrorism | Flat | $5,000 |
|  | 4) Surcharges |  | $35 |
|  | **Excess General Liability**<br>**MWZX 303430** |  |  |
|  | 1) Profit and Administration | Flat | $44,000 |
|  | 2) Externals | 4.77% of Written Premium | $2,204 |
|  | 3) Terrorism | Flat | $5,000 |

**B.**    Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _9_ day of ___march___, 20_15_.

ATTEST:

_____

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____Vice President_____

Date: _____3/4/15_____

ATTEST:

_Vanessa Savoy_

**BOY SCOUTS OF AMERICA**

By: _____

~~Officer's~~ Title: _Team Leader Insurance & Risk Mgmt._

Date: _3/9/15_

VANESSA SAVOY
MY COMMISSION EXPIRES
January 28, 2019

- 2 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2015 are payable to Old Republic as follows:

A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the _____9_____ day of _____march_____, 20 _15_.

ATTEST:

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____Vice President_____

Date: _____3/4/15_____

ATTEST:

Vanessa Savoy

**BOY SCOUTS OF AMERICA**

By: _____

Officer's Title: _Team Leader Insurance & Risk Mgmt._

Date: _2/9/15_

VANESSA SAVOY
MY COMMISSION EXPIRES
January 29, 2019

- 3 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

Effective March 1, 2016, Schedule A of the Program Agreement entered into by and between Old Republic Insurance Company and Boy Scouts of America, is amended to include the following:

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 306938 | 3/1/16-3/1/17 | Commercial General Liability Insurance | 100% of Loss and ALAE (1) |
| | | Employee Benefits | 100% of Loss and ALAE |
| MWZX 306937 | 3/1/16-3/1/17 | Excess Commercial General Liability Insurance | 100% of Loss and ALAE (1) |

1) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all Loss and ALAE.

This Agreement may be executed in counterparts, with signature pages exchanged by any commercially reasonable means, including by facsimile or electronic mail.

IN WITNESS WHEREOF, the parties hereto have caused this instrument to be executed by their ~~duly authorized officers~~ on the *Insurance and Risk Manager*

day of __2 May__ , 20 __16__ .

ATTEST _[signature]_

ATTEST _[signature: Vanessa Savoy]_

_[notary stamp:]_ VANESSA SAVOY MY COMMISSION EXPIRES January 29, 2019

OLD REPUBLIC INSURANCE COMPANY

By: _[signature]_
Officer's Title: Vice President
Date: 4/13/16

BOY SCOUTS OF AMERICA

By: _[signature]_
Officer's Title: *Insurance & Risk Manager*
Date: 5/2/16

- 1 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
# SCHEDULE B
# COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2016 shall be the sum of A and B below:

|  | | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Commercial General Liability**<br>**MWZY 306938** | | |
| | 1) Profit & Administration | Flat | $91,000 |
| | 2) Externals | | $4,039 |
| | 3) Terrorism | Flat | $5,000 |
| | | | |
| | **Excess General Liability**<br>**MWZX 306937** | | |
| | 1) Profit and Administration | Flat | $44,000 |
| | 2) Externals | | $1,953 |
| | 3) Terrorism | Flat | $5,000 |

**B.**    Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their ~~duly authorized officers~~ on the _2_ day of _May_ , 20_16_ .

*Insurance Risk Manager*

ATTEST:

_____

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____Vice President_____

Date: _____4/13/16_____

ATTEST:

_Vanessa Savoy_

**BOY SCOUTS OF AMERICA**

By: _____

~~Officer's Title:~~ _Insurance & Risk Manager_

Date: _5/2/16_

VANESSA SAVOY
MY COMMISSION EXPIRES
January 28, 2019

- 2 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2016 are payable to Old Republic as follows:

A. At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B. At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C. An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

IN WITNESS WHEREOF, the parties hereto have caused this instrument to be executed by their ~~duly~~ ~~authorized officers~~ on the ___2___ day of ___may___, 20_12_.

*Insurance Risk Manager*

ATTEST:
_____

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: _____Vice President_____

Date: _____4/13/16_____

ATTEST:
_Vanessa Savoy_

**BOY SCOUTS OF AMERICA**

By: _____

~~Officer's Title:~~ _Insurance Risk Manager_

Date: _____5/2/16_____

VANESSA SAVOY
MY COMMISSION EXPIRES
January 28, 2019

- 3 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE A

Effective March 1, 2017, Schedule A of the Program Agreement entered into by and between Old Republic Insurance Company and Boy Scouts of America, is amended to include the following:

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 309927 | 3/1/17 - 3/1/18 | Commercial General Liability Insurance | 100% of Loss and ALAE (1) |
|  |  | Employee Benefits | 100% of Loss and ALAE (1) |
| MWZX 309926 | 3/1/17 - 3/1/18 | Excess Commercial General Liability Insurance | 100% of Loss and ALAE (1) |

1) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all ALAE and Loss Under the Policy.

This Agreement may be executed in counterparts, with signature pages exchanged by any commercially reasonable means, including by facsimile or electronic mail.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the *19th* day of *March*, 20 *17*.

**OLD REPUBLIC INSURANCE COMPANY**

By: *[signature]*

Officer's Title: Vice President

Date: 2/21/17

**BOY SCOUTS OF AMERICA**

By: *[signature]*

Officer's Title: *Team Leader Insurance Risk Mgmt*

Date: 3/19/17

- 1 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE B
## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2017 shall be the sum of A, B, and C below:

|   |   | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| A. | **Commercial General Liability**<br>**MWZY 309927** | | |
| | 1) Profit & Administration | Flat | $96,234<br>Minimum and Deposit |
| | 2) Externals | Flat | $4,549<br>Minimum and Deposit |
| | 3) Terrorism | Flat | $5,000<br>Minimum and Deposit |
| B. | **Excess General Liability**<br>**MWZX 309926** | | |
| | 1) Profit and Administration | Flat | $46,414<br>Minimum and Deposit |
| | 2) Externals | Flat | $2,310<br>Minimum and Deposit |
| | 3) Terrorism | Flat | $5,000<br>Minimum and Deposit |

C.    Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

**IN WITNESS WHEREOF,** the parties hereto have caused this instrument to be executed by their duly authorized officers on the _19th_ day of _March_____, 20_17_.

OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____2/21/17_____

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: _Team Leader Insuran + Risk Mgmt_

Date: _3/19/17_

- 2 -

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2017 are payable to Old Republic as follows:

A. At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B. At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C. An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed by their duly authorized officers on the *19th* day of *March*, 20 *17*.


OLD REPUBLIC INSURANCE COMPANY

By: _____

Officer's Title: _____Vice President_____

Date: _____2/21/17_____

BOY SCOUTS OF AMERICA

By: _____

Officer's Title: *Team Leader Insurance Risk Mgmt*

Date: *3/19/17*

-3-

**BOY SCOUTS OF AMERICA**

# PROGRAM AGREEMENT
## SCHEDULE A

Effective March 1, 2018, Schedule A of the Program Agreement entered into by and between Old Republic Insurance Company and Boy Scouts of America is amended to include the following:

| POLICY NUMBER | EFFECTIVE DATES | LINE OF BUSINESS | INSURED RETENTION |
|---|---|---|---|
| MWZY 312833 | 3/1/18 - 3/1/19 | Commercial General Liability Insurance | 100% of Loss and ALAE (1) |
| | | Employee Benefits | 100% of Loss and ALAE (1) |
| MWZX 312832 | 3/1/18 - 3/1/19 | Excess Commercial General Liability Insurance | 100% of Loss and ALAE (1) |

1) ALAE is inside the Insured's Retention and the Policy Limits. The Insured is responsible for all ALAE and all Loss under the Policy.

This Agreement may be executed in counterparts, with signature pages exchanged by any commercially reasonable means, including by facsimile or electronic mail.

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed by their duly authorized officers.

**OLD REPUBLIC INSURANCE COMPANY**

By: _____

Officer's Title: Vice President

Date: 1/30/18

**BOY SCOUTS OF AMERICA**

By: _____

Officer's Title: Team Leader Insurance & Risk Mgmt

Date: 2/8/18

BOY SCOUTS OF AMERICA

# PROGRAM AGREEMENT

## SCHEDULE B

## COMPANY RETAINED PREMIUM

As provided for in Article 5.3, Program Agreement, the Company Retained Premium as respects Policies effective March 1, 2018 shall be the sum of A, B, and C below:

|  |  | BASIS OF CALCULATION | ESTIMATED COST |
|---|---|---|---|
| **A.** | **Commercial General Liability** | | |
| | 1) Profit & Administration | Flat | $106,353 Minimum and Deposit |
| | 2) Externals | Flat | $5,015 Minimum and Deposit |
| | 3) Terrorism | Flat | $5,000 Minimum and Deposit |
| **B.** | **Excess General Liability** | | |
| | 1) Profit and Administration | Flat | $51,295 Minimum and Deposit |
| | 2) External | Flat | $2,536 Minimum and Deposit |
| | 3) Terrorism | Flat | $5,000 Minimum & Deposit |

C.    Payments made by Old Republic to any third party administrator under the provisions of Section 10 of the Program Agreement.

This Agreement may be executed in counterparts, with signature pages exchanged by any commercially reasonable means, including by facsimile or electronic mail.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by their duly authorized officers.

OLD REPUBLIC INSURANCE COMPANY

By: _Lawrence Franciau_

Officer's Title: Vice President

Date: 1/30/18

BOY SCOUTS OF AMERICA

By: _(signature)_

Officer's Title: Team Leader Insurance Risk Mgmt

Date: 2/8/18

- 2 -

# PROGRAM AGREEMENT
## SCHEDULE C
## PREMIUM PAYMENT

The premiums for the Policies effective March 1, 2018 are payable to Old Republic as follows:

A.  At Policy inception, 100% of the Company retained premium as set forth on Schedule B.

B.  At Policy inception, 100% of the Policy surcharges and assessments indicated on the Policy Declarations.

C.  An amount equal to any payment made by Old Republic under the provisions of section 10 of this Agreement will be due from the Insured at the time that the expense is incurred by Old Republic.

This Agreement may be executed in counterparts, with signature pages exchanged by any commercially reasonable means, including by facsimile or electronic mail.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by their duly authorized officers.

**OLD REPUBLIC INSURANCE COMPANY**

By: _Laurence Laurence_

Officer's Title: _____Vice President_____

Date: _____1/30/18_____

**BOY SCOUTS OF AMERICA**

By: _Mark J. Lin_

Officer's Title: _Team Leader Insurant Risk Mgmt_

Date: _2/8/18_