IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 5466, 5682** |

***ERRATA TO* OBJECTION TO DEBTORS' MOTION FOR ENTRY OF
AN ORDER, PURSUANT TO SECTIONS 363(b) AND 105(a) OF THE
BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS
TO ENTER INTO AND PERFORM UNDER THE RESTRUCTURING
SUPPORT AGREEMENT, AND (II) GRANTING RELATED RELIEF**

Claimants ("Objecting Claimants") represented by the undersigned counsel and set out by claim number in Exhibit A, attached to the Objection to Debtors' Motion for an Order Authorizing the Restructuring Support Agreement filed by these Objecting Claimants (Dkt. 5682) ("the Objection"), hereby supplement the Objection for the following reasons:

**ERRATA**

In an effort to avoid confusion, clarify the language used in the Objection, and save the Court's valuable time in addressing the arguments and counterarguments against the RSA motion at the July 29, 2021 hearing on Debtors' RSA Motion, Objecting Claimants respectfully request the Court substitute by interlineation the following paragraphs.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**Substitute existing Paragraph 17 of the Objection, located at page 11, with the following:**

17.     The centerpiece of the RSA—its *raison d'etre*—is the global resolution of abuse claims against not only the BSA, but also its Local Councils and (eventually it would seem) charter organizations. Key to a global resolution is imposing a channeling injunction against all current and future lawsuits against any of these entities for sexual abuse associated with Scouting. However, while this Court certainly has jurisdiction over the claims against the BSA to channel any lawsuits against the BSA into a trust, it does not have the authority or jurisdiction to demand that nonderivative claims against these nondebtor third parties be channeled in the same manner. The Bankruptcy Code does not permit this Court to restrict lawsuits by persons not before it, against parties who are not the Debtors, based on liability that is not directly derivative of the Debtors' liability, and that do not make any claim on the property of the Debtors.  Yet the RSA demands that this Court find, as a matter of law, that it does have jurisdiction to channel lawsuits against Local Councils and charter organizations, even when premised on liability quite independent of the BSA's liability using a construct identical to 524(g).  The RSA and the plan's effort to have this court approve channeling injunctions as to unrelated non-debtor third party whose liability is not derivative of the debtor's liability is too broad an exercise of the courts power under 105(a) when applying the logic of how the courts have interpreted this identical construct in the context of a 524(g) plan.

/ / / /

/ / / /

/ / / /

/ / / /

**Substitute existing Paragraph 20 of the Objection, located at page 13-14, with the following:**

20. The only means by which the BSA can hope to incorporate and channel the claims against the Local Councils and the charter organizations into its bankruptcy is by convincing this court to follow a construct identical to 11 U.S.C. § 524(g) meant to apply only to asbestos cases. Therefore, cases interpreting how a 524(g) plan is to operate are germane to this RSA and plan and apply to the analysis here. "Section 524(g)(4) permits a channeling injunction to protect nondebtor third parties from lawsuits that are derivative of a debtor's conduct or claims against the debtors." *In re W.R. Grace & Co.*, No. 01-01139 (KG), 2016 WL 6068092, at *7 (Bankr. D. Del. Oct. 17, 2016) (*Grace II*), *vacated in part on other grounds*, *In re W.R. Grace & Co.*, 900 F.3d 126, 136 (3d Cir. 2018) (*Grace III*). The "derivative" requirement means that a 524(g)plan can only channel claims alleging that the third party is "directly or indirectly liable for the 13 conduct of, claims against, or demands on the debtor[.]" 11 U.S.C. § 524(g)(4)(A)(ii).  In such cases, this Court's statutory authority to include a third party nondebtor in a 524(g) trust can only be exercised (1) where the third party is an owner or has a financial stake in the debtor, (2) where the third party served as a manager, officer, or agent of the debtor, (3) where the third party insured the debtor, or (4) where the third party assisted in changing the corporate structure of the debtor or provided financing to the debtor. See 11 U.S.C. § 524(g)(4)(A)(ii)(I)-(IV), cited in *Combustion Engineering*, 391 F.3d at 235. None of these conditions apply—or at least the BSA has made no evidentiary showing that they apply—to the BSA and the Local Councils or charter organizations who also bear legal responsibility for sexual abuse in Scouting. The liability of the Local Councils and charter organizations is simply not "derivative." Section 524(g)'s scope cannot as a matter of law extend to third party nondebtor liability when based upon the third party's own independent

conduct. As the Third Circuit explained, "where the third-party's liability is based on exposure to a nondebtor's asbestos, it is clearly not derivative of the conduct of or a claim against the debtor." Grace III, 900 F.3d at 137 (emphasis in original).

**Substitute existing Paragraph 25 of the Objection, located at page 18-19, with the following:**

25.     Objecting Claimants anticipate that the RSA proponents will rely on *In re Millennium Lab Holdings II, LLC.*, 945 F.3d 126 (3d Cir. 2019) (*Millennium*), for the proposition that this Court has authority to channel non-derivative claims against third party nondebtors where their participation in the plan is "integral to the restructuring of the debtor-creditor relationship." *Millennium*, 945 F.3d at 135, *citing Stern v. Marshall*, 564 U.S. 462, 497 (2011). In the first instance, *Millennium* took pains to note that its holding was conditioned "[o]n the specific, exceptional facts of this case." *Id*. at 129, 140. Second, *Millennium* revolves entirely around a dispute between creditors in the bankruptcy based on representations made by one set of creditors closely aligned with the debtor (shareholder entities possessing many of the same principals as the debtor) that induced the other creditor to loan the debtor a large sum of money. Although the closely-aligned creditors had not been adjudicated to have been in privity with or the alter ego of the debtor, their overlap rendered them essential to the continuation of the enterprise, which was under the threat of a business-terminating government sanction at the time the deal was struck. *Id.* at 130-32. Third, while the case involved non-consensual third-party releases, the releases were not offered as part of any trust and there was no discussion of any derivative liability or the need to satisfy a requirement identical to the 524(g)'s derivative requirement. Fourth, the *Millennium* court also was careful to caution that it was not in any way "expanding bankruptcy court authority"

to allow a heedless use of "integral to the restructuring" releases without "caution and diligence" of the bankruptcy court in determining that any such releases are necessary to the organization, fair to the creditors, and fully supported by detailed factual findings in the record. *Id*. at 139, citing *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 206 (3d Cir. 2011) (en banc); *In re Continental Airlines, Inc.*, 203 F.3d 203, 214 (3d Cir. 2000).

        Respectfully submitted,

        **BIELLI & KLAUDER, LLC**

Dated: July 23, 2021        */s/ David M. Klauder*
    Wilmington, Delaware        David M. Klauder, Esquire (No. 5769)
        1204 N. King Street
        Wilmington, DE 19801
        Phone: (302) 803-4600
        Fax: (302) 397-2557
        Email: dklauder@bk-legal.com

        – and –

        **THE ZALKIN LAW FIRM, P.C.**
        Irwin Zalkin, Esquire
        Devin Storey, Esquire
        Kristian Roggendorf, Esquire
        10590 West Ocean Air Drive, Suite 125
        San Diego, CA 92130
        Phone: (858) 259-3011
        Fax: (858) 259-3015
        irwin@zalkin.com
        dms@zalkin.com
        kristian@zalkin.com

        – and –

        **PFAU COCHRAN VERTETIS AMALA PLLC**
        Michael T. Pfau, Esquire
        Jason P. Amala, Esquire
        Vincent T. Nappo, Esquire
        Benjamin B. Watson, Esquire
        403 Columbia Street, Suite 500
        Seattle, WA 98104

Phone: (206) 451-8260
Facsimile: (206) 623-3624
michael@pcvalaw.com
jason@pcvalaw.com
vnappo@pcvalaw.com
bwatson@pcvalaw.com