IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Related to Docket No. 5178** |

**ORDER AUTHORIZING THE OFFICIAL TORT CLAIMANTS' COMMITTEE TO EXPAND THE SCOPE OF THE RETENTION OF CBRE, INC., EFFECTIVE AS OF APRIL 15, 2021**

Upon consideration of the *Application For Entry of An Order Authorizing the Official Tort Claimants' Committee to Expand the Scope of the Retention of CBRE, Inc., Effective as of April 15, 2021* (the "Application"),[2] the Official Tort Claimants' Committee (the "TCC") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking authorization to expand the scope of CBRE, Inc. ("CBRE" or the "Firm") real estate services provided to the TCC effective as of April 15, 2021; and the Court being satisfied that the expansion of CBRE's retention is necessary and in the best interests of the Debtors' estates, creditors, and parties-in-interest; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

2

States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing; it is HEREBY ORDERED THAT:

1. The Application is GRANTED, as set forth herein.

2. The TCC is hereby authorized to expand the scope of CBRE's retention to perform the Additional Services in accordance with the terms and subject to the conditions set forth in the Consulting Agreement, effective as of April 15, 2021.

3. CBRE shall apply for compensation for the additional professional services rendered in accordance with the Consulting Agreement and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, including sections 328 and 330 of the Bankruptcy Code, as applicable, the Bankruptcy Rules, and any applicable procedures and orders of this Court.  To the contrary notwithstanding, insofar as CBRE is being compensated on a fixed fee basis, there shall be no requirement that CBRE maintain time records related or pertaining to its services hereunder, except if and to the extent that it becomes subject to a subpoena or other discovery request, in which event, to the extent that CBRE will seek to be compensated for its time spent responding to such subpoena or discovery request, it shall maintain time records and shall be entitled to bill by tenths of an hour for such time.

4. With respect to the payment of CBRE's fixed fees for the services described in the Consulting Agreement, the standard of judicial review of such compensation shall be pursuant to the standards of section 328(a) of the Bankruptcy Code and no other standard; provided, however, that notwithstanding the foregoing, the U.S. Trustee may review the reasonableness of CBRE's fees requested in the final fee application under section 330 of the Bankruptcy Code.  With respect to the payment of any hourly fees and/or expense reimbursements, the standard of judicial review of such compensation and expense reimbursement shall be the standard of section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Application or the Consulting Agreement of CBRE, the limitation of liability in paragraph No. 5 of the Consulting Agreement shall have no force or effect.

6. CBRE is authorized to render professional services to the TCC as described in the Consulting Agreement.

7. The TCC and CBRE are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order and neither the TCC nor CBRE shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.

**Dated: July 24th, 2021**
**Wilmington, Delaware**

*Laurie Selber Silverstein*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

4

DOCS_DE:234448.5 85353/002