

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA CM/ECF**

July 26, 2021

The Honorable Laurie S. Silverstein
U.S. Bankruptcy Court
824 N. Market Street, 6th Floor
Wilmington, DE 19801

    **Re: In re: Boy Scouts of America et al., Case No. 20-10343 (LSS)**

Dear Judge Silverstein:

  We write on behalf of the Century Indemnity Company ("Century") to clarify a statement made in the Moving Insurers' Motion to Compel (Dk. 5729) as it related to the Moving Insurers' Motion to Shorten Notice (Dkt 5732), both filed on Friday, July 23, 2021.

  The Moving Insurers' Motion to Compel was filed after a last ditch meet and confer, held on the afternoon of Friday July 23rd, failed to result in any meaningful commitment from Debtors to produce highly relevant and clearly non-privileged board materials related to the Restructuring Support Agreement ("RSA"). That lack of commitment was further evidenced by Debtors taking the full weekend to make a minimal additional production shortly before midnight on Sunday July 25th.

  While the Debtors stated in their July 25 production cover letter that they also removed some redactions from certain previously produced Board presentations, the Debtors would not affirmatively commit to (1) un-redacting any Board minutes, (2) withdrawing their blanket instructions given to deponents to not answer that are the subject of the Motion to Compel, and (3) not seek to limit testimony of their witnesses at the July 29th Hearing on subjects for which they directed their witnesses not to answer.

  The Debtors claim that they cannot address the un-redaction of minutes until, at the earliest, the afternoon of Monday July 26th and their continued silence on the other disputed aspects raised in the Motion to Compel demonstrate that this dispute is ripe for judicial assistance prior to the July 29 Hearing.

  Moreover, just an hour before the Friday meet and confer commenced, the Debtors also ambushed the Insurers by stating they will now produce a previously undisclosed witness at the July 29 hearing, and that no report or declaration from that witness would be produced prior to his deposition on Tuesday July 27, 2021.

  Based on the foregoing, the Insurers informed the Debtors at the meet and confer that there was an impasse and that no further progress could be made with Debtors absent Court intervention, especially given the prejudice the Insurers would suffer if all of the highly relevant sought-after material was not produced before the July 27 deposition and the July 29 RSA Hearing. The insurers informed the Debtors that they would file a Motion to Compel that

The Honorable Laurie S. Silverstein
July 24, 2021
Page 2

evening, which they did. (Dkt. 5729). Debtors late Sunday night production has done little to alleviate the concerns of the Moving Insurers.

Given the tight timeframe, the Insurers also filed a Motion to Shorten in relation to their Motion to Compel. (Dkt 5732). Counsel to Century and the Debtors separately corresponded, and Debtors' counsel confirmed that the Debtors would not consent to shortening notice.

Due to the time pressures created by the Debtors actions and the impending RSA Hearing, a typographical error was made in the Motion to Compel that was not corrected before it was filed. On page 22 of the Motion to Compel, the Insurers represent that the "Debtors' counsel has refused to agree to shortened notice" for the Motion to Compel. In the supporting footnote 46, the Motion mistakenly quotes from Century's Counsel's email to Debtor's counsel – when it should have quoted from the responding email from Debtor's counsel. Footnote 46 should have read as follows:

> See Cocchiaro Decl. Ex. 15 (Correspondence between Century's and the Debtors' local counsel confirming that the Debtors "do not agree to shortened notice.").

We apologize for the typographical error and the inconvenience it may have caused the Court. Insurers' counsel are doing their best to minimize the burden such disputes have on the Court but given the extraordinary relief sought by Debtors in the RSA and the immense impact it will have on the Insurers, coupled with Debtors efforts to obfuscate and prevent relevant and discoverable information from being revealed to the Insurers prior to the last possible moment before a consequential hearing, the Insurers have been left with no choice but to seek the Court's assistance in this matter.

We look forward to speaking with the Your Honor at the earliest opportunity and are available to discuss the foregoing at the convenience of the Court.

Respectfully Submitted,

Stamatios Stamoulis (#4606)
of Stamoulis & Weinblatt LLC

Cc: All Counsel of Record (via CM/ECF)