MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

DEREK C. ABBOTT
(302) 351-9357
(302) 425-4664 FAX
dabbott@morrisnichols.com

July 26, 2021

**VIA CM/ECF**

The Honorable Laurie S. Silverstein
U.S. Bankruptcy Court
824 N. Market Street, 6th Floor
Wilmington, DE 19801

Re: *In re Boy Scouts of America*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020)

Dear Judge Silverstein:

I write in response to the letter [D.I. 5735] filed overnight by Century Indemnity Company ("Century"). Century purports to submit the letter to correct what it mischaracterizes as a "typographical error" in the Motion to Compel [D.I. 5729] filed by the "Moving Insurers," a group of the Debtors' insurers led by Century. To be clear, the Motion to Compel attributes a statement to the Debtors that they did not make. That is more than a mere "typographical error." Further, it is clear that the true purpose of the letter is to offer further allegations in support of the Motion to Compel. The letter should be stricken as improper under Local Rule 9013-1(b), which provides that "[n]o request for relief . . . may be made to the Court, except by written motion, by oral motion in open court or by certification of Delaware Counsel," and expressly states that "[l]etters from counsel or parties will not be considered." Del. Bankr. L. R. 9013-1(b).

Moreover, although the letter purports to correct the Moving Insurers' misstatement, the letter contains at least three new falsehoods:

1) Century claims that the Moving Insurers filed the Motion to Compel because a July 23 meet-and-confer "failed to result in any meaningful commitment from Debtors to produce highly relevant and clearly non-privileged board materials related to the Restructuring Support Agreement." Letter at 1. This is false. At the meet-and-confer, the Debtors explicitly committed to re-review the materials at issue and make a further production over the weekend. Indeed, the Debtors literally used the word "commit." Additionally, the Debtors followed up with an email to the Moving Insurers shortly after the July 23 meet-and-confer (and before the Moving Insurers filed the Motion to Compel) stating that they "will review the general issues" the Moving Insurers had raised

"to see whether any materials can be un-redacted or further materials ***can be produced*** . . . Specifically, we will re-review the ***board minutes and A&M presentations*** to determine whether those materials can be partially un-redacted." *See* July 23, 2021 Email from S. Hershey to Moving Insurers, attached as **Exhibit A** (emphasis added).

2) As the letter notes, following the July 23 meet-and-confer, the Debtors worked over the weekend—while also replying to hundreds of pages of objections to the RSA Motion filed by the Moving Insurers—to review and produce documents discussed with the Moving Insurers. On Sunday, July 25, before Century filed the letter, the Debtors made a supplemental production of, among other things, further unredacted A&M presentations. Century claims the cover letter to this production "would not affirmatively commit to [] un-redacting any Board minutes." This is false. The production cover letter states, "The Debtors expect to finish this review and produce further unredacted minutes by tomorrow afternoon." *See* July 25, 2021 Letter from Debtors to Moving Insurers, attached as **Exhibit B**.

3) Century claims that the Debtors "ambushed" the Moving Insurers by "stating they will now produce a previously undisclosed witness at the July 29 hearing, and that no report or declaration from that witness would be produced prior to his deposition on Tuesday July 27, 2021." This also is false. In the July 23 email from the Debtors to all parties providing notice of this witness, Devang Desai, the Debtors stated: "Our intent is to submit a declaration from Mr. Desai in connection with Debtors' RSA reply"—*i.e.*, on Monday, July 26. *See* July 23, 2021 Email from M. Andolina to Moving Insurers, attached as **Exhibit C**. Moreover, the Debtors did not state that Mr. Desai would be offered for deposition only on Tuesday, July 27, as the letter implies. Rather, the Debtors stated, "We can make Mr. Desai available for deposition on Tuesday afternoon, July 27, or Wednesday, July 28." *See id.*[1]

---

[1] It is also not true that submitting evidence on reply is an "ambush," as Century claims. Rather, as the Debtors noted, Mr. Desai was identified "[i]n light of the objections to the RSA Motion filed yesterday." *See* Ex. C. It is a routine practice for a party to submit evidence on reply, especially where, as here, the objections raise matters not addressed in the motion. *See, e.g.*, *Mallinckrodt IP v. B. Braun Med. Inc.*, 2017 U.S. Dist. LEXIS 205593, at *4 (D. Del. Dec. 14, 2017) (rejecting argument that party "improperly introduced new evidence . . . by way of its reply brief," and finding instead that it "properly reinforced arguments and evidence already presented in the opening brief or responded to . . . arguments raised in the answering brief"); *In re Allied Sys. Holdings*, 556 B.R. 581, 608 (D. Del. 2016) (finding that bankruptcy court did not err in admitting evidence introduced in reply brief because "[t]his material . . . was submitted in response to arguments contained in [the] opposition"); *Boston Sci. Scimed., Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 313-14 (D. Del. 2006) (finding new material in reply to be proper where "much of the analysis of [plaintiff] which appears to be at issue is responsive to the arguments in [defendant's] opposition brief"); *Cavendish Farms v. Fleming Cos. (In re Fleming Cos.)*, 316 B.R. 809, 815 n.3 (D. Del. 2004) (rejecting argument that reply brief improperly introduced new evidence, finding that the material "is either in the original brief or in response to defendant's arguments in opposition of plaintiffs' motion.").

The Debtors intend to file an objection to the Motion to Compel and the Motion to Shorten Notice later today, but wanted to make the Court aware of these further misrepresentations as soon as possible.

Respectfully submitted,

Derek C. Abbott (#3376)

DCA/mch
Enclosures

cc: All counsel of record (via CM/ECF)