# Exhibit 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## DEBTORS' RESPONSES AND OBJECTIONS TO PROPOUNDING INSURERS' REQUESTS TO THE DEBTORS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable by Rules, 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules" and together with the Federal Rules, the Bankruptcy Rules and the Local Rules, the "Rules"), Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), by and through their undersigned counsel, hereby respond and object, without prejudice and while reserving all rights, to *Propounding Insurers' Requests to the Debtors for the Production of Documents* served on the Debtors on July 3, 2021 by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Company of North America; American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company; Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; Great American E&S Insurance Company; Allianz Global Risks US Insurance Company; National Surety Corporation and Interstate Fire & Casualty Company; and the AIG Companies (collectively, the "Propounding Insurers") in connection with the *Debtors' Motion for Entry of An Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, Authorizing The Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [Dkt No. 5466] (the "Requests for Production"),[2] as follows:

## GENERAL RESPONSES AND OBJECTIONS

The following general objections ("General Objections") apply to each Definition, Instruction, and Request for Production, and shall have the same force and effect as if fully set forth in the response to each individual Request for Production.  To the extent that the Debtors respond to a Request for Production, the Debtors reserve all objections as to relevance, materiality, competence, confidentiality, propriety, privilege, and admissibility, as well as to any and all other objections on any ground that would require or permit the exclusion of the response, or any portion of the response, if the response were offered into evidence.  The Debtors object as follows:

1.      The Debtors object to the Requests for Production to the extent that they purport to impose obligations that are broader than, or inconsistent with, those required or authorized by the Rules, or other applicable laws, rules, court orders, or regulations.

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Requests for Production.

2.      The Debtors object to the Requests for Production to the extent that they seek disclosure of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the mediation privilege, the common interest or joint defense privilege, or any other protection, privilege or immunity against disclosure (collectively, "Privileged Materials").    The Debtors will not produce any Privileged Materials, including without limitation any attorney work product.    The Debtors expressly reserve the right to redact non-responsive, proprietary, commercially sensitive, privileged or protected portions of any documents that may be produced in response to the Requests.    Pursuant to Federal Rule of Evidence 502(d) as well as any other applicable laws, rules or regulations, if any Privileged Material is inadvertently produced or disclosed, the Debtors do not waive or intend to waive any privilege or immunity from discovery pertaining to such Privileged Material or to any other documents or information and reserve the right to demand the return of all copies of any such document(s).

3.      By responding and objecting to the Requests for Production, the Debtors do not waive or intend to waive their attorney-client privilege, joint or common interest privilege, mediation privilege, or any other applicable privilege, doctrine or immunity protecting its Privileged Materials from disclosure.    Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, doctrine or immunity.    To the extent that there are inconsistencies in the types of privilege or other protections asserted with respect to various copies of the same document, the most comprehensive privilege or protection is intended to apply to all copies of such document.

4.      The Debtors object to the Requests for Production to the extent they seek production of a privilege log, which is unduly burdensome and disproportionate to the needs of

3

the case, and will impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors. The Debtors will not be producing a privilege log in response to the Requests for Production.

5.      The Debtors object to the Requests for Production to the extent that they seek documents containing confidential, personal or private, proprietary, or sensitive business information; or information protected from disclosure by any law (including, but not limited to, foreign laws), court order or any agreement with respect to confidentiality or non-disclosure (collectively, "Confidential Materials"). To the extent that they produce any Confidential Materials, the Debtors will produce such materials using either the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "COMMITTEE ADVISOR ONLY" as the circumstances dictate pursuant to the *Order Approving Confidentiality and Protective Order* dated June 8, 2020 [D.I. 799] (the "Protective Order"). The Debtors further reserve the right to redact documents pursuant to the Protective Order including, but not limited to, the right to redact personally identifying donor information.

6.      The Debtors object to the Requests for Production to the extent they violate Delaware Local Rule 9019-5(d)(i), which provides that "no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation," and the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the "Mediation Order"), which incorporates that rule. *See* Mediation Order ¶ 7. Local Rule 9019-5(d)(i) also provides that "the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by witnesses in the course of the mediation." Del. L. Bankr. R. 9019-5(d)(i). The Debtors will not include such information in their responses.

4

7.    The Debtors object to the Requests for Production to the extent that they seek documents or information publicly available, or already in the possession, custody, or control of the Propounding Insurers, or are more readily or equally available from any other party to the above-captioned action, without subjecting the Debtors to unnecessary burden or expense.  The Debtors will not be producing such materials.  This includes documents that have already been made available to parties via the Debtors' data site.

8.    The Debtors object to the Requests for Production to the extent that they seek disclosure of documents or information that is unreasonably cumulative or duplicative, including but not limited to, Requests for Production that seek disclosure of documents or information that is cumulative or duplicative of documents or information received from, or more appropriately sought from, some other source that is more convenient, less burdensome, or less expensive.

9.    The Debtors object to the Requests for Production to the extent that they are overly broad and unduly burdensome, fail to identify the documents sought with reasonable particularity or seek information that is outside the scope of discovery permitted by the Rules, or any other applicable rules or orders.

10.   The Debtors object to the Requests for Production to the extent that they impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors.

11.   The Debtors object to the Requests for Production to the extent they are unclear, overly broad, unlimited in time, unduly burdensome and/or are not reasonably calculated to lead to the discovery of admissible documents or information proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

AMERICAS 108228499

outweighs its likely benefit.  The Debtors further object to the extent that providing a response in light of the Definitions and Instructions would cause unreasonable annoyance, harassment, oppression, undue burden and/or unreasonable expense to the Debtors.

12.    The Debtors object to the terms or phrases defined by the Propounding Insurers to the extent that those terms and phrases are vague or ambiguous or beyond their customary meanings.  The Debtors have done their best to understand the terms in the Requests for Production as used in context, but the Debtors make their responses and objections based on their understanding of such terms and the Debtors reserve the right to amend the responses and objections herein if the Propounding Insurers asserts meanings of such terms that are different from those employed by the Debtors.

13.     The Debtors object to the Requests for Production to the extent that they contain any factual or legal misrepresentation.

14.    Nothing herein shall be construed as an admission concerning the admissibility or the relevance of any documents or information, an admission that documents or information exist, or an admission of the truth or accuracy of any characterization or assertion contained in the Requests for Production.

15.    No specific objection to any Request for Production is to be construed as a waiver of any general objection applicable to that Request for Production.

16.    The Debtors' failure to object to the Requests for Production on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

17.    The Debtors do not in any way waive or intend to waive, but rather preserve and intend to preserve: (a) all rights to object on any ground to the use of any document or

AMERICAS 108228499

information produced in response to the Requests for Production or the subject matter thereof, in any subsequent proceeding; and (b) all rights to object on any ground to any request for further responses to the Requests or any other document request.

18.     The Debtors' responses and objections to the Requests for Production are made to the best of their present knowledge, information and belief.  The objections are made without prejudice to the assertion of additional objections and responses by the Debtors at a later date. The Debtors reserve the right to supplement and amend any or all of their responses and objections to the Requests for Production, pursuant to Bankruptcy Rule 7026, Federal Rule 26(e), any other applicable Rule and any order of this Court.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     The Debtors object to the definition of "Board" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

2.     The Debtors object to the definition of "Coalition" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

3.     The Debtors object to the definition of "Communication" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

7

4.      The Debtors object to the definition of "Concerning" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

5.      The Debtors object to the definition of "Debtors," "You" and "Your" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.  The Requests for Production were addressed to, and served on, the Debtors, and to the extent the Debtors disclose any information, they will disclose only information that is within the possession, custody or control of the Debtors, and not of any other person or entity.

6.      The Debtors object to the definition of "Documents" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

7.      The Debtors object to the definition of "Plan of Reorganization" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

8.      The Debtors object to the Instructions, including, without limitation, Instructions No. 5, 6, 7, 10, 11, and 13 to the extent they seek to require the Debtors to produce documents that are not in the Debtors' possession, custody or control.  The Debtors further object to these Instructions to the extent they seek to require the Debtors to perform searches that are not

AMERICAS 108228499

reasonably likely to identify responsive documents. The Debtors will perform only a reasonable search of documents in the Debtors' possession, custody or control. The Debtors further object to these Instructions to the extent they seek to require the Debtors to produce documents that are not responsive to a Request. The Debtors will only search for and produce documents responsive to a Request.

9.      The Debtors object to the Requests for Production as overly broad, unduly burdensome and disproportionate to the needs of the case, including, without limitation, Instruction 3, which seeks to impose a time period for the Requests for Production of over 100 years. The Debtors will provide responses with regard to the time period from four years prior to the date hereof.

10.     The Debtors object to the Instructions, including, without limitation, Instructions 8 and 9, to the extent they seek production of a privilege log and to impose associated requirements, which are unduly burdensome and disproportionate to the needs of this matter, and will impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors. The Debtors will not be producing a privilege log in response to the Requests for Production.

11.     The Debtors object to the Instructions, including, without limitation, Instructions 7 and the "Manner of Production" instructions, to the extent they seek to impose requirements on the Debtors that are unreasonable, unduly burdensome or non-customary. The Debtors will, to the extent they produce any materials, produce metadata where available, produce documents such as spreadsheets or any file that cannot be rendered to image in native format with a slip-sheet image, and produce documents in the manner they are kept in the ordinary course of business where appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All Documents provided to BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged board presentations responsive to this request, if any.

### REQUEST FOR PRODUCTION NO. 2:

All minutes of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all minutes." The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local

AMERICAS 108228499

Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged board minutes responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that BSA's Board reviewed and/or relied upon in evaluating the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and the use of the terms "reviewed," "relied upon" and "evaluating."  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged board presentations responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications among members of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

AMERICAS 108228499

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all communications." The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged communications responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications exchanged between Mr. Mosby, Mr. Ownby, Mr. Sorrels, and members of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all communications." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific

12

objections, the Debtors will produce non-privileged communications responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 6:**

All drafts of the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all drafts." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning Communications with State Court Counsel, the Coalition, TCC, FCR and/or their counsel Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors object to this request as vague and ambiguous particularly to the

AMERICAS 108228499

extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents concerning communications."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any request that You support a motion, application or inclusion of a provision in the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, the Hartford Settlement, and/or any Plan of Reorganization that calls for the payment of money to any of the Coalition Professionals, including but not limited to Brown Rudnick LLP, for its fees and/or costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors object to this request as vague and ambiguous particularly regarding the use of the terms "request," "support" and "calls for" and to the extent that it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or

14

control.   The Debtors further object to this Request for Production as seeking Confidential

Materials and Privileged Materials, including information protected by the attorney-client

privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the

Mediation Order.   Subject to and without waiving their general and specific objections, the

Debtors do not believe that they possess any non-privileged documents responsive to this

Request, but will confirm and produce non-privileged, responsive documents in their possession,

if any.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning any request that You support a motion, application or
inclusion of a provision in the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents,
the Hartford Settlement, and/or any Plan of Reorganization that calls for the payment of money
to any lawyer or law firm associated with the Coalition for its fees and/or costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Debtors incorporate their general objections to the Requests for Production as if fully

set forth herein.   The Debtors object to this request as vague and ambiguous particularly

regarding the use of the terms "request," "support," "calls for" and "associated with" and to the

extent that it fails to identify with sufficient particularity the documents or information sought.

The Debtors further object to this request as overly broad and unduly burdensome to the extent it

seeks "all documents."   The Debtors further object to this request to the extent it seeks

documents that are publicly available or that are already within the Propounding Insurers'

possession, custody or control.   The Debtors further object to this Request for Production as

seeking Confidential Materials and Privileged Materials, including information protected by the

attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-

5(d)(i) and the Mediation Order.   The Debtors further object to this Request to the extent it

15

purports to require the Debtors to reveal attorney mental impressions, attorney work product or attorney-client communications.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 10:

All Documents produced by You to Hartford in response to the requests for production of Documents served on You by Hartford on July 2, 2021.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  Subject to and without waiving their general and specific objections, the Debtors will produce responsive, non-privileged  documents.

## REQUEST FOR PRODUCTION NO. 11:

All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors, including  all drafts of the TDPs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors object to this request as vague and ambiguous particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and regarding the term "to be employed with."  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further

16

object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications that BSA exchanged with the Local Councils Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents and communications." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents

17

responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 13:

All Documents and Communications that BSA exchanged with any Chartered Organizations concerning the RSA, the Term Sheet, the TDPs, and/or the Hartford Settlement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents and communications."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 14:

All Documents sent to "Consenting State Court Counsel" identified in the RSA requesting that they submit signature pages consenting to and/or joining the RSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and the use of the term "Consenting State Court Counsel," which is not a defined term in the RSA.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents sent by "Consenting State Court Counsel" identified in the RSA forwarding or providing signature pages consenting to and/or joining the RSA, including all cover letters or e-mails relating to same and all transmittal letters or e-mails relating to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and the use of the term "Consenting State Court Counsel," which is not a defined term in

19

the RSA.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 16:**

All indemnity and other agreements between or among You, Local Council(s) and any Chartering Organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly the use of the term "other agreements" and to the extent it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all indemnity and other agreements." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and

20

mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors will produce responsive, non-privileged documents accessible from a reasonable search, if any.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications between or among You and any Chartered Organizations Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents and communications." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents reviewed and/or relied upon by You in setting the Monthly Fee Cap for the payment of fees and expenses incurred by Coalition Professionals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. The Debtors further object to this request to the extent it seeks attorney mental impressions or attorney work product. Subject to and without waiving their general and specific objections, the Debtors are not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents, including any summaries of invoices, received by You from any of the Coalition Professionals to support Your payment of "reasonable, documented and contractual professional fees and expenses."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents." The Debtors further object to this request to the extent it seeks

22

documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors are not aware of any documents responsive to this Request.

AMERICAS 108228499

Dated: July 8, 2021

*/s/ Michael C. Andolina*
WHITE & CASE LLP
Glenn Kurtz (admitted *pro hac vice*)
Jessica C. Lauria (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  gkurtz@whitecase.com
            jessica.lauria@whitecase.com
            ahammond@whitecase.com
            sam.hershey@whitecase.com

– and –

WHITE & CASE LLP

Michael C. Andolina  (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois  60606
Telephone:  (312) 881-5400
Email:  mandolina@whitecase.com
            mlinder@whitecase.com
            laura.baccash@whitecase.com
            blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Michelle  M. Fu (No. 6661)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington,  Delaware 19899-1347
Telephone:  (302) 351-9314
Email:  dabbott@morrisnichols.com
            aremming@morrisnichols.com
            ptopper@morrisnichols.com
            mfu@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*

24