# EXHIBIT 21



O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

July 19, 2021

Salvatore J. Cocchiaro
D: +1 212 728 5975
scocchiaro@omm.com

VIA EMAIL

Michael C. Andolina, Esq.
White & Case LLP
111 South Wacker Drive
Chicago, IL 60606-4302

**Re:** <u>In re *Boy Scouts of America*</u>

Dear Mike:

On July 17th, we received from the Debtors written responses to the Propounding Insurers' Interrogatories. Instead of providing any sort of meaningful or meritorious response to Interrogatory 2, the Debtors claim ignorance and provide a wholly deficient, non-responsive answer.

Interrogatory 2 asks the Debtors to "[i]dentify all meetings that You, Your counsel, Your advisors, or Your representatives attended, during one or more mediation sessions, with representatives of the Coalition, TCC, and/or FCR, during which no insurer was present, along with the names and positions of all people attending each meeting on behalf of You and the claimant representatives."

In response, the Debtors claim the request is "overly broad" and "unduly burdensome" and that "meetings," "insurers," and the phrase "no insurer was present" are vague and ambiguous.

This response is baffling in light of the fact that the Propounding Insurers *specifically* sought to avoid any doubt by providing further guidance on the meaning of Interrogatory 2. We noted that "***[f]or the avoidance of doubt***, a meeting that You, Your counsel, Your advisors, or Your representatives attended, during one or more mediation sessions, with representatives of the Coalition, TCC, and/or FCR, qualifies as one during which no insurer was present even if representatives of, or counsel to, an insurer was present in the same building or suite of offices, as long as the insurer representatives or counsel were not in the same room when the meeting was taking place." [Interrogatory No. 2].

Summarly, we think the above makes clear what was sought: All face-to-face meetings attended by the Debtors and claimant representatives where any insurers were not concurrently present in the same room. But to the extent there still was any ambiguity, our Instructions specifically provide that claiming ignorance does not constitute an acceptable response. *See*



Instruction 3 ("If, in answering these Interrogatories, you claim any ambiguity in interpreting any Interrogatory or a Definition or Instruction applicable thereto, **you shall not use such claims as a basis for refusing to respond, but shall identify** as part of the response the language deemed to be ambiguous and **the interpretation chosen or used in responding to the Interrogatory**.")

Instead of doing so, however, the Debtors simply responded that they "lack knowledge of all meetings that took place as part of the mediation, which was established with the appointment of the Mediators on June 9, 2020, is ongoing and involves representatives of dozens of parties, and includes follow-up in-person, phone, and Zoom sessions."

The Debtors therefore refused to identify even **one** mediation session between the Debtors and claimant representatives where any insurers were not present.  It is unfathomable that the Debtors lack knowledge of even one such mediation session given their unbroken pattern of invoking the mediation privilege at every turn of this case as to deliberations between and among the Debtors, the Coalition, the TCC, and/or the FCR.

Such an incomplete response does not pass muster.  *See, e.g.*, *Transcontinental Fertilizer Co. v. Samsung Co., Ltd.*, 108 F.R.D. 650 (E.D. Pa. 1985) ("Answers to interrogatories must be complete, explicit, and responsive . . . [and the answer party] cannot plead ignorance" to dodge providing a meaningful response).  Accordingly, the Debtors are under an obligation to supplement their deficient response in accordance with Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure, made applicable to these Chapter 11 proceedings under Rule 7026 of the Federal Rules of Bankruptcy Procedure.

To avoid involving the Court in this matter, we ask that you supplement your Responses and provide a complete, explicit, and responsive answer to Interrogatory 2 in particular in advance of the July 22nd Objection Deadline.

If a meet and confer is necessary in spite of the clarification provided in this letter, we are happy to arrange for one.

Sincerely,
*/s/ Salvatore J. Cocchiaro*

Salvatore J. Cocchiaro
for O'MELVENY & MYERS LLP