# EXHIBIT 22

WHITE & CASE

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

July 20, 2021

**VIA E-MAIL**

Salvatore J. Cocchiaro
O'Melveny & Myers LLP
Times Square Tower
New York, NY 10036
scocchiaro@omm.com

RE: *In re Boy Scouts of America*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020)

Dear Sal:

I write in response to your letter dated July 19, 2021, in which Century purports to identify certain alleged deficiencies regarding the Debtors' responses to the Propounding Insurers' Interrogatory No. 2. The Debtors reject these allegations.

The Debtors' objections to Interrogatory No. 2 as "overly broad" and "unduly burdensome" are plainly valid. Interrogatory No. 2 requires the Debtors to identify not only their own representatives at "all meetings," but the representatives of all claimants, which includes (among others) the lawyers for the TCC, the FCR, the Coalition and, in some cases, individual claimants. *See* Propounding Insurers' Interrogatory No. 2. This is plainly overbroad and burdensome. Notably, Century makes the same objections to the Debtors' Interrogatory No. 1, which asked Century to identify only its own representatives and was thus far less onerous than the Propounding Insurers' request. *See* Debtors' Interrogatory No. 1; Century's Response No. 1.

Century also challenges the Debtors' objection to the terms "meetings," insurers" and "no insurer was present" as vague and ambiguous. While Century states that Interrogatory No. 2 included "further guidance" that "made clear what was sought," nothing in Interrogatory No. 2 suggests that "meetings" means "face-to-face" meetings, as Century claims. This assertion is particularly nonsensical given that the vast majority of mediation sessions in these chapter 11 cases have been virtual, not "face-to-face" by any reasonable understanding. Once again, Century made the same objections to the Debtors' use of similar terms, further undermining its position. *See*



Salvatore J. Cocchiaro, p. 2
July 20, 2021

Century's Response No. 1 ("Further, the definitions of 'mediation sessions,' 'advisors,' and 'representatives' are undefined, vague and ambiguous").[1]

Additionally, we are troubled by Century's inclusion of 19 general objections to the Debtors' Interrogatories, given that, in our meet-and-confers, Century has repeatedly stated that similar general objections by the Debtors were improper and demanded that the Debtors withdraw them. Moreover, another member of the Propounding Insurers recently sent the Debtors a letter claiming that the Third Circuit "rejects" the use of general objections. *See* Great American Letter to the Debtors, dated July 14, 2021. We take Century's use of 19 general objections as an acknowledgement that this position has no merit.

Finally, we note that, despite Century's repeated complaints about the discovery schedule, Century continues to refuse to engage and create needless delay. The Propounding Insurers served their Interrogatories on the Debtors *after* the Debtors had served their Interrogatories on the Propounding Insurers, yet the Debtors still responded *two days before* any of the Propounding Insurers and within the parties' mutually requested deadline of five days from service—*i.e.*, July 17, 2021. Indeed, Century did not serve its responses until approximately 11:00 p.m. ET on July 19, 2021. There is no basis for Century's delay, especially in light of the cursory and superficial responses that Century provided.

As the Debtors have demonstrated repeatedly throughout these chapter 11 cases, they are committed to working in good faith to respond to the insurers' requests for information. Accordingly, even though the Debtors believe Century's letter lacks merit for the reasons identified above and others, the Debtors plan to serve revised responses to the Propounding Insurers' Interrogatory No. 2. The Debtors regret that Century and the other Propounding Insurers have refused to reciprocate the Debtors' good-faith engagement. We reserve all rights.

Sincerely,

*/s/ Samuel P. Hershey*
**Samuel P. Hershey**

**T** +212-819-2699
**E** sam.hershey@whitecase.com

Cc:   Glenn M. Kurtz (gkurtz@whitecase.com)
       Michael C. Andolina (mandolina@whitecase.com)
       Andrew Hammond (ahammond@whitecase.com)

---

[1] Contrary to your claim, the Debtors complied with the instruction in Interrogatory No. 2 to "identify . . . the language deemed to be ambiguous and the interpretation chosen." *See* Propounding Insurers' Interrogatory No. 2. As noted, the Debtors listed the terms they deemed to be ambiguous and clarified that, in light of the way the mediation sessions have been conducted, "meetings" would be taken to mean "in-person, phone and Zoom sessions." *See* Debtors' Response to Interrogatory No. 2.

WHITE & CASE

Salvatore J. Cocchiaro, p. 3
July 20, 2021

    Jessica Lauria (jessica.lauria@whitecase.com)
    Matthew Linder (mlinder@whitecase.com)
    Laura Baccash (laura.baccash@whitecase.com)
    Blair Warner (blair.warner@whitecase.com)
    Derek Abbot (dabbot@morrisnichols.com)
    Ernest Martin (ernest.martin@haynesboone.com)
    Adrian Azer (adrian.azer@haynesboone.com)
    All other counsel to the Propounding Insurers (by email)