# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. D.I. ~~____~~ **5466** |

**ORDER, PURSUANT TO SECTIONS 363(b) AND 105(a) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE RESTRUCTURING SUPPORT AGREEMENT, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, (i) authorizing the Debtors to enter into and perform under the RSA, substantially in the form attached to this Order as **Exhibit 1**, including, in connection therewith, determining that the Debtors have no obligation to seek approval of the Hartford Settlement, and (ii) granting certain related relief; and upon the Mosby Declaration and the Whittman Declaration filed in support of the Motion; and this Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by this Court under Article III of the United States Constitution; and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the RSA, as applicable.

Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given and no other or further notice being necessary; and upon the record herein; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**~~IT IS~~THE COURT HEREBY ~~ORDERED~~FINDS, DETERMINES AND CONCLUDES AS FOLLOWS**:

**~~Findings and Conclusions Related to the RSA~~**

A. The RSA Parties have been engaged in extensive ~~good faith,~~ arm's-length negotiations and Court-ordered mediation regarding the terms of a plan. In connection with such plan negotiations, and as a critical part thereof, certain of the RSA Parties have also engaged in extensive arm's-length negotiations, through mediation and otherwise, regarding the settlement of litigation in connection with the Restricted Asset Adversary, the Estimation Matters, and the Exclusivity Motion.

B. As a result of the negotiations ~~between~~among the RSA Parties, on July 1, 2021, ~~they~~the RSA Parties reached the agreements embodied in the RSA.

C. The Debtors have undertaken a thorough, independent review of the RSA Parties' respective rights and obligations under the RSA, and they have determined, in the valid exercise of their business judgment, that entry into the RSA is in the best interests of the Debtors' estates and their creditors.

D. The RSA was negotiated at arm's length, in good faith, does not constitute a solicitation of an acceptance or rejection of a plan, and does not violate section 1125 of the Bankruptcy Code.

E. ~~Upon entry of this Order, each~~Each of the Debtors and each of the other RSA Parties (1) has full power and authority to enter into and perform all of ~~their~~its obligations under the RSA and all other documents contemplated thereby, (2) has full power and authority to take any and all action <u>or actions</u> necessary to authorize and approve the RSA and the transactions contemplated thereby and has requested and obtained all necessary approvals required to do so, and (3) is legally authorized to enter into and perform <u>under</u> the RSA and to take any and all actions necessary to authorize, approve, and implement the RSA and the transactions contemplated thereby.

F. Based on the findings set forth above, as well as the record before this Court, the Court hereby finds and concludes as a matter of law that the Debtors have no obligation to seek approval of, and have no obligations under, the Hartford Settlement.

G. Based on the findings set forth above, as well as the record before this Court, the Court hereby concludes as a matter of law that the Debtors' entry into and performance under the RSA is an appropriate exercise of the Debtors' business judgment and satisfies the legal requirements for approval in this jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein, and any objections to the Motion not previously withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3

2. The Debtors' entry into and performance under the RSA, as such may be amended from time to time in accordance with the terms thereof, is hereby authorized and approved, effective upon entry of this Order, and the Debtors shall have no obligation to seek approval of, and have no obligations under, the Hartford Settlement. The Debtors are further authorized to enter into amendments or modifications to the RSA in accordance with the terms of the RSA without seeking further order of the Court; *provided* that the Debtors shall promptly file a notice with the Court listing any material modifications, amendments or supplements to the RSA. The RSA shall be binding and enforceable by and against the Debtors and the other RSA Parties ~~thereto~~ in accordance with its terms and conditions~~, and the RSA Parties may exercise all rights and remedies provided to them under the Restructuring Support Agreement, including, without limitation, the right to seek specific performance of the Restructuring Support Agreement, in accordance with its terms.~~ .

3. Notwithstanding any other provision herein, the Court makes no finding or ruling in this Order (a) as to the exhibits to the RSA, the Disclosure Statement, or the Plan for any purpose (other than the authorization to enter into and perform under the RSA), or (b) as to the standard of review or any factor required for approval of the exhibits to the RSA, the Disclosure Statement, or the Plan, or with respect to confirmation of the Plan. The rights and objections of all parties are reserved with respect to such matters (other than as expressly provided in the RSA as to the Debtors and the RSA Parties).

4. ~~3.~~ The RSA Parties' entry into the RSA, any and all negotiations among the RSA Parties leading to the execution thereof, and the RSA Parties' performance of or actions taken in furtherance of any obligations thereunder shall not constitute a solicitation of votes in violation of section 1125(b) of the Bankruptcy Code.

4

4. The Debtors shall reimburse the fees and expenses of the Coalition as and to the extent set forth in the RSA and the Term Sheet. None of the fees and expenses shall be subject to further approval of the Court, and no recipient thereof shall be required to file any interim or final fee application with the Court as a condition precedent to the Debtors' obligation to pay such fees and expenses. Notwithstanding the foregoing, if a dispute arises with respect to the reasonableness of such fees and expenses, the Court shall have the jurisdiction and authority to determine the reasonableness of such fees and expenses.

5. For so long as the RSA has not been terminated by the Debtors or the Coalition, the Debtors shall reimburse the fees and expenses of the Coalition Professionals as and to the extent set forth in the RSA and the Term Sheet, *provided* that the Debtors are not authorized to pay any fees or expenses incurred by the Coalition Professionals on or after the date of entry of this Order: (a) in connection with or in furtherance of preparing for, commencing, or prosecuting litigation against the Debtors; or (b) in connection with matters that are outside the scope of actions taken in support of the RSA or confirmation of the Amended Plan described therein, including further negotiations in support of the Amended Plan or further global consensus, and documentation of documents and ancillary agreements related to or in connection with the Amended Plan (the "Scope").

6. The Coalition shall comply with the procedures and processes set forth in the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Interim Compensation Order") and shall be subject to the review and procedures of the Fee Examiner appointed in these Chapter 11 Cases; *provided*, that the standard for authorization of payment of the fees and expenses of the Coalition

5

Professionals in accordance with the terms of the RSA shall be (a) whether such fees and expenses are (i) reasonable and documented and (ii) within the Scope; and (b) whether the Coalition Professionals have used good faith efforts not to duplicate the work of professionals retained by the TCC or the Future Claimants' Representative; *provided, further* that: (i) for the avoidance of doubt, the Coalition Professionals shall not be considered retained professionals of the Debtors, the Creditors' Committee, the TCC, or the Future Claimants' Representative, and the retention of the Coalition Professionals shall not be required to satisfy the standards for retention set forth in sections 327, 328 or 1103 of the Bankruptcy Code; and (ii) notwithstanding anything to the contrary herein or in the Interim Compensation Order, (x) the Coalition Professionals shall not be required to comply with the procedures of the Interim Compensation Order for any period prior to July 1, 2021; and (y) subject to paragraph 5 hereof, upon receipt of summary invoices therefor, the Debtors are authorized and directed, on the Effective Date of the Amended Plan, in accordance with the RSA, to reimburse State Court Counsel for amounts they have paid to the Coalition Professionals for, and/or pay the Coalition Professionals for amounts payable by State Court Counsel but not yet paid to Coalition Professionals for, reasonable, documented and contractual professional and advisory fees and expenses incurred by the Coalition Professionals from July 24, 2020 to and including the Effective Date up to an aggregate amount of $10.5 million.

7. For the avoidance of doubt and notwithstanding anything to the contrary herein, chapter 11 plan prosecution and/or RSA-related fees and expenses shall be reimbursable hereunder in accordance with the terms hereof.

8.    ~~5.~~ The failure to describe specifically or include any particular provision of the RSA or related documents in the Motion or this Order shall not diminish or impair the effectiveness of such provision.

9.    In the event of a conflict between the terms and conditions of this Order, on the one hand, and the terms and conditions of the RSA, on the other hand, this Order shall control.

10.    ~~6.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.    ~~7.~~ The Debtors are authorized to take all ~~action~~actions necessary, execute all documents, and make all payments that may be necessary to perform under the RSA and to effectuate the relief granted in this Order ~~in accordance with the Motion~~.

12.    ~~8.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

7