IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 5771 |

**HARTFORD'S MOTION TO SHORTEN NOTICE WITH RESPECT
TO HARTFORD'S MOTION TO STRIKE AND/OR IN LIMINE
TO EXCLUDE THE TESTIMONY OF ROGER C. MOSBY**

Hartford Accident and Indemnity Company ("Hartford A&I"), First State Insurance Company ("First State"), Twin City Fire Insurance Company ("Twin City"), and Navigators Specialty Insurance Company ("Navigators") (collectively, "Hartford"), hereby move (the "Motion to Shorten"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order, substantially in the form of the proposed order attached hereto as Exhibit A (the "Proposed Order"), scheduling a hearing and shortening the notice period with respect to the *Hartford's Motion to Strike and/or in Limine to Exclude the Testimony of Roger C. Mosby* [D.I. 5771] (the "Motion to Strike"),[2] filed concurrently herewith. In support of this Motion to Shorten, Hartford respectfully states as follows:

---

[1] The Debtors in these Bankruptcy Proceedings, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Strike.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), Hartford consents to the entry of a final judgment or order by the Court solely in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

## BACKGROUND

5. The relevant factual and procedural background is set forth in the Motion to Strike. The facts contained in the Motion to Strike are incorporated herein by reference as if set forth in full herein.

## RELIEF REQUESTED

6. By this Motion to Shorten, Hartford requests that the Court enter the Proposed Order: (a) shortening the notice and objection periods with respect to the Motion to Strike; (b) scheduling the Motion to Strike for a hearing at the Court's earliest convenience, but no later than the hearing scheduled for July 29, 2021 at 10:00 a.m. (ET), (c) shorten the period for notice of the hearing on the Motion to Strike, with objections, if any, to be filed in advance of or made at such hearing; and (d) granting such other relief as may be just and proper.

**BASIS FOR RELIEF REQUESTED**

7. Local Rule 9006-1(c)(i) states that "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

8. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Additionally, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006. In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171-72 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

10. Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

11. For the reasons set forth in the Motion to Strike, sufficient cause exists to justify shortening the notice period for, and scheduling a hearing on, the relief requested in the Motion to Strike. The need for the Court to shorten notice and hear the Motion to Strike on or before July 29, 2021 is made urgent by the fact that the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion") is scheduled for hearing on July 29, 2021 at 10:00 a.m. (ET). The subject of the Motion to Strike involves testimony offered by the Debtors

in support of the RSA Motion.  Accordingly, those issues must be resolved or adjudicated before the Court can consider the RSA Motion.

12. Failure to obtain the relief requested in the Motion to Strike will immediately and irreparably harm Hartford and other parties in interest.

13. Hartford respectfully submits that a hearing on shortened notice for the relief requested in the Motion to Strike, will not unduly prejudice other parties in interest.  To the contrary, an expeditious resolution of the Motion to Strike is in the interests of the Debtors, their estates, creditors, and interest holders, because it will limit the potential issues before the Court at the hearing on the RSA Motion.

14. Accordingly, Hartford requests that the Court schedule the hearing on the Motion to Strike at its earliest convenience, but no later than July 29, 2021, with objections to be filed in advance of or made at such hearing.

## LOCAL RULE 9006-1(e), CERTIFICATION

15. Pursuant to Local Rule 9006-1(e), Hartford notified counsel to the Debtors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Official Committee of Unsecured Creditors (the "Committee"), the Official Committee of Tort Claimants (the "TCC"), the Coalition of Abused Scouts for Justice (the "Coalition"), and the Future Claimants' Representative (the "FCR" and together with the U.S. Trustee, Committee, TCC, Coalition, and FCR, the "Notice Parties") as soon as reasonably practicable prior to filing this Motion to Shorten.  As of the filing of this Motion to Shorten, however, Hartford had not received any responses from the Notice Parties.

## NOTICE

16. Notice of this Motion to Shorten has been given to the following parties or, in lieu thereof, to their counsel: (a) the Debtors; (b) the U.S. Trustee, (c) the Committee; (d) the

4

TCC; (e) the FCR; and (f) any party that has requested notice under Bankruptcy Rule 2002. Hartford submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, Hartford respectfully requests that this Court enter an order, substantially in the form attached as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Date:  July 26, 2021<br>Wilmington, Delaware | BAYARD, P.A.<br><br>/s/ *Gregory J. Flasser*<br>Erin R. Fay (No. 5268)<br>Gregory J. Flasser (No. 6154)<br>600 North King Street, Suite 400<br>Wilmington, D.E. 19801<br>Tel: (302) 655-5000<br>Fax: (302) 658-6395<br>Email:  efay@bayardlaw.com<br>           gflasser@bayardlaw.com<br><br>-and-<br><br>James P. Ruggeri (admitted *pro hac vice*)<br>Joshua D. Weinberg (admitted *pro hac vice*)<br>Annette P. Rolain (admitted *pro hac vice*)<br>Sara K. Hunkler (admitted *pro hac vice*)<br>Shipman & Goodwin LLP<br>1875 K Street, NW, Suite 600<br>Washington, D.C. 20006<br>Tel: (202) 469-7750<br>Fax: (202) 469-7751<br><br>-and-<br><br>Philip D. Anker (admitted *pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, N.Y. 10007<br>Tel: (212) 230-8890<br>Fax: (212) 230-8888 |

-and-

Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company,*
*Hartford Accident and Indemnity Company,*
*Twin City Fire Insurance Company and Navigators*
*Specialty Insurance Company*