**REGER | RIZZO | DARNALL LLP**
Attorneys at Law

Louis J. Rizzo
Managing Partner

lrizzo@regerlaw.com

1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803

Main:   302.477.7100
Direct: 215.495.6507
Fax:    302.652.3620

July 27, 2021

**VIA CM/ECF**

The Honorable Chief Judge Laurie Selber Silverstein
U.S. Bankruptcy Court
824 North Market Street
6th Floor, Courtroom #2
Wilmington, DE 19801

      Re:    In re: Boy Scouts of America
                Chapter 11 Case No. 20-10343-LSS

Dear Judge Silverstein,

On July 23, certain insurers (the "Moving Insurers") filed their (i) Motion to Compel and for Additional Relief and in the Alternative Motion in Limine and (ii) Motion to Shorten (together, the "Discovery Motions") [Docket Nos. 5729-5731]. This letter respectfully requests that the Court schedule a hearing as soon as practicable on the Discovery Motions.

The Debtors' response to the Discovery Motions confirms what the Moving Insurers have been saying for weeks and what the Debtors now apparently concede: they did not comply with their discovery obligations when they made their document productions ahead of depositions. In a belated attempt to backfill the record ahead of a July 29 hearing on the RSA Motion, at 11:45 p.m. Sunday night, the Debtors produced certain reports prepared by their financial advisor, Alvarez & Marsal, with a few less redactions (conceding that the prior redactions were improper), and more than 24 hours after the Debtors said they would produce these materials. Then, at about 5:00 p.m. Monday afternoon, the Debtors (a) filed a declaration for a new witness (Devang Desai), after refusing all weekend to divulge to the Moving Insurers what the substance of Mr. Desai's testimony would be, and (b) supplemented Mr. Whittman's testimony with a new 11-page declaration after his deposition, despite never disclosing to the Moving Insurers that the Debtors intended to do so. And yet the Debtors intend to produce Mr. Desai for a deposition on Wednesday, the day before the hearing is scheduled to start and little more than a day after receiving his declaration. Nor have the Debtors offered to reopen Mr. Whittman's deposition or the depositions of Messers. Ownby and Mosby, both of whom were given blanket instructions not to testify about topics the Debtors are now trying to put before the Court at the eleventh hour.

**Re:  In re: Boy Scouts of America**
**Chapter 11 Case No. 20-10343-LSS**
July 27, 2021
Page 2

      Contrary to the Debtors' assertion, the Discovery Motions are not moot.  It was not until 12:30 a.m. Tuesday morning that the Debtors finally produced materials with fewer redactions (again, conceding that the prior materials were improperly withheld), contradicting the statement in their opposition to the Discovery Motions filed eight hours earlier (Docket No. 5767, at p.20) that they had already "produced further un-redacted board minutes, including authorizing minutes and board resolutions."  Moreover, even if they had timely produced the documents they promised the Court they would produce weeks ago, nothing in the Debtors' belated efforts to comply with their discovery obligations remedies the myriad instructions not to answer that were given to their witnesses, essentially depriving the Moving Insurers of deposition testimony on a host of critical issues.  That the Debtors intend to offer at this juncture new written testimony for Mr. Whittman (12 days after his deposition) and the testimony of a previously-undisclosed witness only compounds the prejudice to the Moving Insurers.  Simply put, the Debtors appear to have realized after the depositions concluded that the record does not support RSA approval, so they now seek to buttress the record while prejudicing any objections.  They should not be permitted to do so.  See In re Total Fin. Inv., Inc., No. 19 B 03734, 2019 WL 2432089 *3 n.4 (Bankr. N.D. Ill. Jun. 11, 2019) ("Bankruptcy Rule 9013 provides that any party seeking relief from the court must file a motion setting forth the basis for the relief sought . . . . A party may not raise new matters in reply to support its motion or objection.").

      Accordingly, the Moving Insurers respectfully request that the Court schedule a hearing on the Discovery Motions/Motions in Limine at its earliest convenience so that the parties can have appropriate guidance ahead of the RSA hearing, currently scheduled for July 29.

      Very truly yours,

      Reger Rizzo & Darnall LLP

      */s/ Louis J. Rizzo*

      Louis J. Rizzo

LJR/mdh
cc:    All Counsel of Record via CM/ECF