# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

### CENTURY'S REPLY IN FURTHER SUPPORT OF MOTION TO ENFORCE RULE 2019 AS AGAINST THE COALITION, ITS FOUNDING AND LARGEST ALLEGED MEMBER AND MR. KOSNOFF [D.I. 2030]

On February 3, 2021, a motion was brought to compel the Coalition, the entity calling itself Abused In Scouting ("AIS") and Tim Kosnoff to comply with Rule 2019 by identifying which of the claimants purportedly represented by AIS are members of the Coalition and whether Kosnoff represents those members with regard to the AIS or Mr. Rothweiler and/or Mr. Arsdale (the "Motion").[2] Thereafter, the Court directed the hearing on the Motion would take place on July 29[3] and directed Mr. Kosnoff to respond to the Motion and also "whether the numerous letters that I have been receiving from their clients, is a basis to require a Rule 2019 statement to be filed."[4]

---

[1] Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America ("BSA") (6300) and Delaware Boy Scouts, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] *See Century's Motion to Compel Abused in Scouting, Kosnoff Law PLLC, and the Coalition to Submit the Disclosures Required by Federal Rule of Bankruptcy Procedure 2019*, filed on February 3, 2021 [D.I. 2030].

[3] *See* July 7, 2021 Hrg. Tr. at 69:15–16, 18–20 ("I'm going to schedule it for July 29 and 30. . . . I'd also like to hear on that day, a response to the Rule 2019 motion that the insurers brought *vis-av-vis*, Abused in Scouting . . . .").

[4] *See* July 7, 2021 Hrg. Tr. at 70:2–5 ("And I'd like a response on the Rule 2019 to not only what was briefed, but also whether the numerous letters that I have been receiving from their clients, is a basis to require a Rule 2019 statement to be filed.").

1

The Coalition defaulted, failing to respond to the Motion or supplement its Rule 2019 disclosure. Mr. Kosnoff, for his part, filed a response in which he admits to the core factual predicate for the Motion (that there is dispute over who represents the 17,000 AIS claimants), but then refuses to make any disclosure whatsoever as to who in fact represents the 17,000 AIS claimants, which ones are in fact members of the Coalition and what his relationship is to the claimants who he asked to file letters with the Court. *See* D.I. 2142. Nor did Mr. Kosnoff make any of the other disclosures mandated by Rule 2019 with respect to the letters that he directed be filed with the Court.

On July 25, 2021, after filing his response refusing to comply with Rule 2019, Mr. Kosnoff issued tweets calling Your Honor a "jellyfish" who fails to decide anything in apparent defiance of the Court's direction to disclose his ties to the authors of the letters filed with the Court.[5] This statement follows on the heels of a series of prior public statements disparaging the Court in wholly in appropriate terms.[6] Earlier this year, the Court of Appeals of the State of Washington upheld an order finding Mr. Kosnoff in contempt for his effort to conceal his representation of claimants in this case. *Kosnoff v. Kosnoff*, No. 80922-9-I, (Wash. Ct. App. Apr. 19, 2021). *See* **Exhibit A**. While the contempt order arises out of dispute over a support agreement, the findings of the Washington Court evidence a disregard for the law by Mr. Kosnoff.

---

[5] *See* Post from twitter account "@SexAbuseAttys" with the username "Kosnoff Law," posted on July 25, 2021 at 11:35 PM eastern time, *available at* https://twitter.com/SexAbuseAttys/status/1419501663237251077 (last visited July 27, 2021) ("Tomorrow starts what should be a pivotal week in the BSA case. It won't be because we don't have a judge. A jellyfish. Her thing is to decide nothing. Do nothing. She hasn't ruled once. Sad! True to form she will let the case languish until BSA runs out of cash which is near.").

[6] *See* Post from twitter account "@SexAbuseAttys" with the username "Kosnoff Law," posted on May 24,, 2021 ("Judge Silverstein's house is on fire. Shewants to kick the can down the road once more. Honey, judges, judges. Just f****** judge.")

The Rule 2019 disclosure sought from the Coalition, AIS and Mr. Kosnoff are mandatory. But the information sought as to who represents the 17,000 AIS claimants also goes directly to matters that are or will shortly be before the Court such as BSA's motion to approve solicitation procedures and motion to approve the Disclosure Statement. In a schedule attached to the RSA, Mr. Rothweiler is held out as individually representing all 17,000 AIS members in signing the RSA.[7] Mr. Kosnoff bitterly contests this in his response[8] and public statements, such as the following tweets from earlier this month:

- Asserting that Mr. Kosnoff "co-founded Abused in Scouting" and "Ken Rothweiler does not speak for Abused in Scouting or it's clients;"[9] and



- Stating that "it's a disservice to the victims to put out a media release [Ken Rothweiler not AIS] saying they've reached an agreement."[10]

---

[7] *See Debtor's Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform under the Restructuring Support Agreement, and (II) Granting Related Relief*, filed July 1, 2021 [D.I. 5466], Ex. A at 59 (Schedule 1 listing Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. as individually representing 16,869 claims in executing the RSA); *see also Notice of Filing of Revised Proposed Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief*, filed July 26, 2021 [D.I. 5769], Ex. A at 60 (same).

[8] *See* Kosnoff Obj. ¶ 14 ("Kosnoff Law represents a much smaller subset of claimants. As to the identity of members of the Coalition, that is for the Coalition's counsel to disclose and it already has.")

[9] *See* Post from twitter account "@SexAbuseAttys" with the username "Kosnoff Law," posted on July 2, 2021 at 7:31 PM eastern time, *available at* https://twitter.com/SexAbuseAttys/status/1411105285180059649 (last visited July 27, 2021).

[10] *See* Post from twitter account "@SexAbuseAttys" with the username "Kosnoff Law," posted on July 4, 2021 at 1:38 PM; *see also* Reply Post from twitter account "@matthewtrani" with the username "Matthew Trani," posted on July 5, 2021 (responding to Mr. Kosnoff's July 4 tweet by stating, "Clients soon to be shouting 'not my lawyer' to Rothweiler and many other right about now.").

The Court and parties should have before it the number and identity of the AIS members who make up the alleged 18,000 Coalition members and full disclosure as to who represents them and the basis for that claim.

The claimants that were solicited to become "members" of AIS and whose only retention agreement is with AIS are allegedly the largest block of the Coalition members. The "retention" agreement that was produced by the Coalition for AIS is annexed as **Exhibit B**. It presents AIS as a real organization, is on AIS letterhead and lists the names of three cities—San Juan, Philadelphia, and San Diego—below the AIS letterhead. The professional corporations associated with Messrs. Kosnoff, Rothweiler, and Van Arsdale are only identified in the small type immediately below the city names as if they are three offices of AIS rather than three separate law firms.

After luring individual to "join" AIS and give up 40% of their claim in the process, Mr. Kosnoff now admits that AIS is an entirely fictitious entity:

> [AIS] is not an "entity." The Insurers are not permitted to conjure an entity when none exists. . . . Abused in Scouting is not a legal entity; it is not a law firm; and it is not a party to these proceedings. It is simply a group of lawyers with a shared motivation to support victims of the heinous abuse they suffered while under the Boy Scouts' care. [11]

Under Rule 1.13(a) of the ABA Model Rules of Professional Conduct (the "ABA Model Rules"), it is improper for a lawyer to represent to a potential client or clients that he or she is acting together when they are in fact members of separate law firms.[12] Quite clearly, this is what

---

[11]  *See Kosnoff Law's Omnibus Objection to Hartford's and Century's Motions to Compel*, filed February 10, 2021 [D.I. 2142] (the "Kosnoff Obj."), ¶ 17.

[12]  *See Reply Brief of Hartford Accident and Indemnification Company, First State Insurance Company, Twin City Fire Insurance Company and Century Indemnity Company in Support of (I) Century and Hartford's Motion to Compel the Attorneys Representing the Entity Calling Itself the "Coalition" to Submit the Disclosures Required by Federal Rule of Bankruptcy Procedure 2019*, filed Oct. 13, 2020 [D.I. 1499], Ex. 2 (Declaration of Nancy J. Moore) (the "Moore Decl."), ¶ 12(a) (concluding that "an

4

was done here to induce people to give up 40% of their claim.  And ABA Model Rule 1.7 requires affirmative disclosures of the risks associated with a multi-plaintiff representation affirmative waiver.[13]  The AIS retention agreement contains neither.  There are also other fatal flaws that make the agreement facially unenforceable.  For example, the AIS retention agreement uses letterhead that prominently displays "AIS" and "Abused in Scouting" at the top of the page, which "constitute a false or misleading statement by communicating that there is a single law firm using that trade name, whereas in fact there are three separate law firms" in violation of ABA Model Rule 7.1.[14]  Plainly, Messrs. Van Arsdale and Kosnoff did not comply in soliciting signatures to the AIS retention agreement.  The AIS retention agreement also holds Mr. Kosnoff out as practicing in San Juan, but he is not licensed to practice law in Puerto Rico.[15]

The Rule 2019 disclosure sought are also relevant to the Court's assessment of the relentless efforts to pressure BSA to support the estate relieving the Coalition of the obligation that they took on to pay Brown Rudnick.  If Mr. Kosnoff's statements are correct, AIS bares a

---

informal group of approximately 12,000 members that has no agreed-upon decision-making structure is not capable of being represented as an organization separate from its individual members" under ABA Model Rule 1.13).

[13] *See* Moore Decl. ¶ 17 ("In the context of mass tort plaintiffs' representation, informed consent requires that the clients be informed that the lawyer represents a large number of similarly situated plaintiffs and that such collective representation offers a number of advantages that benefit the plaintiffs as a group, but may involve trade-offs that do not work to the advantage of each plaintiff individually.  The attorney should further advise that potential conflicts may arise between group interests and the client's individual interests, and that the lawyer intends to resolve such conflicts in favor of pursuing group interests. In addition an agreement should explain the types of inter-plaintiff conflicts that may arise during the litigation.") (citing Nancy J. Moore, Ethical Issues in Mass Tort Plaintiffs' Representation: Beyond the Aggregate Settlement Rule, 81 FORD. L. REV. 3233 (2013) (quoting Howard Erichson, Beyond the Class Action: Lawyer Loyalty and Client Autonomy in Non-class Collective Representation, 2003 U. CHI. LEGAL F. 519, 562-563)) (internal quotations omitted).

[14] *See id.* ¶ 24(b).

[15] *See id.* ¶ 24(c) (concluding that "the designations 'Kosnoff Law' and 'San Juan PR' are false and or misleading and that not only Tim Kosnoff, but also the other lawyers in the AIS law firms are violating Rule 7.1 by using the AIS and Abused in Scouting letterhead.").

disproportionate share of the obligation for Brown Rudnick's fees.  In his email and subsequent statements, Mr. Kosnoff has been consistent in asserting that the Coalition was formed to pursue the interest of the firms associated with it and their particular clients.[16]

## CONCLUSION

Wherefore, Century respectfully requests that the Motion be granted and an order entered directing the compel the Coalition, the entity calling itself Abused In Scouting and Tim Kosnoff to comply with Rule 2019 by identifying which of the claimants purportedly represented by AIS are members of the Coalition and whether Mr. Kosnoff represents those members with regard to the AIS or Mr. Rothweiler and/or Mr. Arsdale.

Dated:  July 27, 2021
       Wilmington, Delaware

Respectfully Submitted,

By:  /s/ Stamatios Stamoulis
     Stamatios Stamoulis (No. 4606)

**STAMOULIS & WEINBLATT LLC**
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

**O'MELVENY & MYERS LLP**
Tancred Schiavoni (admitted *pro hac vice*)
Gary Svirsky (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone: 212-326-2000

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

---

[16] While the Coalition has asserted that Mr. Kosnoff no longer has a role in its deliberations, it is evident he has been provided with information about discussions because he has published it.