## Exhibit 1

**First Amendment**

**ACCEPTANCES OF THE PLAN OF REORGANIZATION CONTEMPLATED BY THIS AGREEMENT MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT AS CONTAINING "ADEQUATE INFORMATION" WITHIN THE MEANING OF SECTION 1125(a) OF THE BANKRUPTCY CODE.  THE PLAN OF REORGANIZATION CONTEMPLATED BY THIS AGREEMENT, TOGETHER WITH A RELATED DISCLOSURE STATEMENT TO BE FILED IN CONNECTION THEREWITH, HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT AND IS SUBJECT TO AMENDMENT PRIOR TO SUCH APPROVAL BEING GRANTED.  YOU SHOULD NOT RELY ON THE INFORMATION CONTAINED IN, OR THE TERMS OF, THIS AGREEMENT FOR ANY PURPOSE BEFORE THE INFORMATION HAS BEEN APPROVED AS PART OF THE DISCLOSURE STATEMENT OR THE BANKRUPTCY COURT HAS OTHERWISE APPROVED THIS AGREEMENT.**

**FIRST AMENDMENT TO RESTRUCTURING SUPPORT AGREEMENT**

This First Amendment to the Restructuring Support Agreement (the "**First Amendment**") is made and entered into as of July 28, 2021 by and among Boy Scouts of America and Delaware BSA, LLC, as debtors and debtors in possession (together, the "**Debtors**"), the Coalition of Abused Scouts for Justice (the "**Coalition**"), the Official Committee of Tort Claimants (the "**TCC**"), the Ad Hoc Committee of Local Councils (the "**AHCLC**"), and James L. Patton, Jr., the legal representative appointed by the Bankruptcy Court for holders of Future Abuse Claims (the "**Future Claimants' Representative**").  Each of the Debtors, the Future Claimants' Representative, the Coalition, the TCC, and the AHCLC are referred to herein collectively as the "**Parties**" and each individually as a "**Party**."  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Restructuring Support Agreement dated as of July 1, 2021 (the "**Restructuring Support Agreement**"), the term sheet attached thereto as **Exhibit A** (the "**Term Sheet**"), or the Trust Distribution Procedures attached thereto as **Exhibit B** (the "**TDP**" or "**Trust Distribution Procedures**").

**<u>RECITALS</u>**

**WHEREAS**, February 18, 2020, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

**WHEREAS**, on July 1, 2021, the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [Docket No. 5466].  A copy of the Restructuring Support Agreement was attached as Exhibit 1 to the Proposed Order to the RSA Motion.

**WHEREAS**, pursuant to Section V.A of the Restructuring Support Agreement, the Restructuring Support Agreement will terminate automatically as to all Parties if the RSA Approval Order is not entered on before July 28, 2021; *provided*, that the RSA Deadline may be extended by written consent of the Debtors, the AHCLC, the Coalition, the TCC, and the Future Claimants' Representative.

**NOW**, **THEREFORE**, in consideration of the promises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and incorporating and affirming the accuracy of the Recitals stated above, the Parties, intending to be legally bound, agree as follows:

## AMENDMENT

I.      **Restructuring Support Agreement**.  The Restructuring Support Agreement shall be amended as follows:

A.      The definition of "**RSA Deadline**" in Section I.A of the Restructuring Support Agreement shall mean August 27, 2021, which date may be amended or extended by agreement of the Debtors, the AHCLC, the Future Claimants' Representative, the Coalition, and the TCC pursuant to Sections V.A and X of the Restructuring Support Agreement.

B.      The following clause (xi) shall be added to Section V.B of the Restructuring Support Agreement as a Creditor Termination Event:

(xi)      the protocol for addressing participation by Chartered Organizations in the benefits of the Channeling Injunction is not satisfactory to the Coalition, the TCC, State Court Counsel, or the Future Claimants' Representative, as applicable.

C.      The following clause (x) shall be added to Section V.C of the Restructuring Support Agreement as a Scouting Termination Event:

(x)      the protocol for addressing participation by Chartered Organizations in the benefits of the Channeling Injunction is not satisfactory to the Debtors or the AHCLC, as applicable.

II.      **Term Sheet**.  The Term Sheet shall be amended as follows:

A.      The Section titled "Reimbursement" shall be deleted and restated as follows:

| Reimbursement | The Indemnification by Settlement Trust provisions set forth in Article IV.I of the June 18 Plan shall be deleted and restated to provide that from and after the Effective Date, the Settlement Trust shall reimburse, to the fullest extent permitted by applicable law, Reorganized BSA and each of the Local Councils for any documented out-of-pocket, losses, costs, and expenses (including, without limitation, judgments, attorney's fees and expenses) incurred by Reorganized BSA or any Local Council after the Effective Date attributable to the defense of a Direct Abuse Claim that is channeled to the Settlement Trust if the holder of such Direct Abuse Claim seeks to hold Reorganized BSA or such Local Council liable for such Direct |

|  | Abuse Claim in violation of the terms of the Confirmation Order; *provided that*, the Settlement Trust's reimbursement obligations to Reorganized BSA and any Local Council for any Direct Abuse Claim shall be capped at and shall not exceed the amount actually payable by the Settlement Trust to the holder of such Direct Abuse Claim under the TDP (*i.e.*, the amount paid based on the Trust payment percentage) and shall be deducted on a dollar-for-dollar basis against such holder's distribution from the Settlement Trust on account of such Direct Abuse Claim.  Reorganized BSA and any Local Council shall provide notice to the Settlement Trust within ten (10) business days of the service of any claim or lawsuit filed by a holder of an Abuse Claim that could result in any reimbursement obligations by the Settlement Trust under this provision.  In the event that any litigation asserting an Abuse Claim is filed naming Reorganized BSA or any Local Council as a defendant in violation of the terms of the Confirmation Order, the Settlement Trust shall, at the request of Reorganized BSA or such Local Council, promptly appear (1) before the Bankruptcy Court to obtain entry of an order enforcing the channeling injunction and (2) in such litigation and seek the dismissal of the case.<br><br>Other than this limited reimbursement obligation, the Settlement Trust shall not be required to reimburse or indemnify any Protected Parties for any claims, liabilities, losses, actions, suits, proceedings, third-party subpoenas, damages, costs and expenses, including, without limitation, any liabilities related to, arising out of, or in connection with any Abuse Claim. |

B.    Paragraph D under the Section titled "Non-Monetary Commitments" shall be deleted and restated as follows:

| Non-Monetary Commitments | (D)    The BSA shall effectuate the Insurance Assignment and assign to the Settlement Trust interests (as designated in the Amended Plan by the Coalition, the TCC, and the Future Claimants' Representative) in any proceeds of insurance rights under and insurance receivables relating to the Abuse Insurance Policies; and |

C.    The second sentence in the Section titled "DST Note Mechanics" shall be modified as follows:

| DST Note Mechanics | Local Councils shall make and shall agree to make monthly contributions into an account (and any replacement thereof) owned by the DST (the "LC Reserve Account") in an amount |

| | equal to the Required Percentage of the Local Councils' respective payrolls. |
|---|---|

**III.**  **Effect on Restructuring Support Agreement**.  Other than as specifically set forth herein, all of the other terms, conditions and provisions of the Restructuring Support Agreement shall remain unaffected by the terms of this First Amendment, and shall continue in full force and effect.

**IV.**  **Counterparts**.  This First Amendment may be executed in several counterparts, each of which shall be deemed to be an original, all of which together shall be deemed to be an original, and all of which together shall be deemed to be one and the same agreement. Execution copies of this First Amendment may be delivered by electronic mail in portable document format (pdf.), facsimile or otherwise, which shall be deemed to be an original.

**V.**  **Effect of Amendment**.  This First Amendment shall be effective on the date on which the Debtors have received all signature pages of the Parties hereto.  Following the effective date of this First Amendment, whenever the Restructuring Support Agreement is referred to in any other agreement, document, filing or instrument, any such reference shall be deemed to be the Restructuring Support Agreement as amended by this First Amendment.


*[Signature Page(s) Follow]*

Dated:  July 28, 2021

**BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

BY: _____
NAME:  Roger O. Mosby
TITLE: Chief Scout Executive, President and CEO

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

BY: _____
NAME:
TITLE:

**OFFICIAL COMMITTEE OF TORT CLAIMANTS**

BY: _____
NAME:
TITLE:

**FUTURE CLAIMANTS' REPRESENTATIVE**

BY: _____
NAME:
TITLE:

**AD HOC COMMITTEE OF LOCAL COUNCILS**

BY: _____
NAME:
TITLE:

Dated:  July 28, 2021

**BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

BY: _____
NAME:
TITLE:

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

BY: _____
NAME:          David J. Molton
TITLE:          Counsel to the Coalition of Abused
               Scouts for Justice

**OFFICIAL COMMITTEE OF TORT CLAIMANTS**

BY: _____
NAME:
TITLE:

**FUTURE CLAIMANTS' REPRESENTATIVE**

BY: _____
NAME:
TITLE:

**AD HOC COMMITTEE OF LOCAL COUNCILS**

BY: _____
NAME:
TITLE:

5

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

BY:

    NAME:

    TITLE:

**OFFICIAL COMMITTEE OF TORT CLAIMANTS**

BY: James Stang 7/28/21

NAME: James Stang

TITLE: Counsel to Official Committee of Tort Claimants

**FUTURE CLAIMANTS' REPRESENTATIVE**

BY:

    NAME:

    TITLE:

**AD HOC COMMITTEE OF LOCAL COUNCILS**

BY:

Dated: July 28, 2021

**BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

BY: _____
NAME:
TITLE:


**COALITION OF ABUSED SCOUTS FOR JUSTICE**

BY: _____
NAME:
TITLE:


**OFFICIAL COMMITTEE OF TORT CLAIMANTS**

BY: _____
NAME:
TITLE:


**FUTURE CLAIMANTS' REPRESENTATIVE**

BY: _____
NAME:        James L. Patton, Jr.
TITLE:        Future Claimants' Representative


**AD HOC COMMITTEE OF LOCAL COUNCILS**

BY: _____
NAME:
TITLE:

Dated:  July 28, 2021

**BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

BY: _____
NAME:
TITLE:

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

BY: _____
NAME:
TITLE:

**OFFICIAL COMMITTEE OF TORT CLAIMANTS**

BY: _____
NAME:
TITLE:

**FUTURE CLAIMANTS' REPRESENTATIVE**

BY: _____
NAME:
TITLE:

**AD HOC COMMITTEE OF LOCAL COUNCILS**

BY: _____
NAME:      Richard G. Mason
TITLE:      Chair

5