**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 5771** |

**HARTFORD'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING HARTFORD TO FILE UNDER SEAL (I) PORTIONS OF HARTFORD'S MOTION TO STRIKE AND/OR IN LIMINE TO EXCLUDE THE TESTIMONY OF ROGER C. MOSBY, AND (II) THE EXHIBITS TO THE DECLARATION OF ERIN R. FAY IN SUPPORT OF MOTION TO STRIKE**

Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, "Hartford") file this motion (the "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing Hartford to file under seal (a) certain limited portions of *Hartford's Motion to Strike and/or in Limine to Exclude the Testimony of Roger C. Mosby* [D.I. 5771] (the "Motion to Strike"), and (b) the exhibits attached to the *Declaration of Erin R. Fay in Support of Hartford's Motion to Strike and/or in Limine to Exclude the Testimony of Roger C. Mosby* [D.I. 5772] (the "Fay Declaration"), and (ii) directing that the Highly Confidential Information shall remain under seal and confidential pursuant to the terms of the Protective Order (as defined below) entered in these cases and not be made available to anyone, except to the Court and the Office of the United States Trustee for the District of Delaware (the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

"U.S. Trustee"); and (iii) granting related relief. In support of the Motion, Hartford respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Hartford confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. This Court has previously entered (i) the *Order Approving Confidentiality and Protective Order* (June 8, 2020) [D.I. 799], which entered Exhibit 1 the *Confidentiality and Protective Order* [D.I. 799-1] (the "Protective Order"), and (ii) the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* (June 9, 2020) [D.I. 812] (the "Mediation Order").

5. On July 1, 2021, the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(B) and 105(A) of the Bankruptcy Code, (I) Authorizing the Debtors to*

*Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion").

6. In support of the RSA Motion, the Debtors offered the declaration of Roger C. Mosby ("Mr. Mosby"), Boy Scouts of America's President and Chief Executive Officer. *See Declaration of Roger C. Mosby in Support of Debtors' Motion for Entry of an Order, Pursuant to Sections 363(B) and 105(A) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5469] ("Mosby Decl."). The Debtors further identified Mr. Mosby as a witness they intend to call in support of the RSA Motion. Hartford deposed Mr. Mosby on July 15.

7. As set forth in the Motion to Strike, Hartford believes that certain testimony offered or to be offered by Mr. Mosby is inadmissible and should be stricken. To inform the Court regarding its position, Hartford has referenced and included deposition excerpts and a relevant document produced by the Debtors in this matter (the "Confidential Information"). Because the Confidential Information has been marked Highly Confidential by the Debtors, Hartford seeks leave to file such information under seal, pursuant to the terms of the Protective Order.

**RELIEF REQUESTED**

8. By this Motion, Hartford requests entry of the Proposed Order (a) authorizing Hartford to file under seal the Confidential Information pursuant to the terms of the Protective Order; (b) directing that the Confidential Information shall remain under seal and confidential and not be made available to anyone, except to the Court and the U.S. Trustee; and (c) granting related relief.

**BASIS FOR RELIEF**

9. Section 11.1 of the Protective Order provides, in relevant part, that "[a]ny Party or party in interest seeking to use deposition testimony designated as Protected Material in the Bankruptcy Court must proceed in accordance with Paragraph 7.6." *See* Protective Order, § 11.1.

10. Section 7.6 of the Protective Order governs the filing or submitting of Protected Material, which is defined as "Discovery Material designated as 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Section 7.6 provides in relevant part that:

> any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.
>
> Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code.

*Id.* § 7.6.

11. The Debtors designated the Confidential Information as "Highly Confidential." Accordingly, pursuant to the terms of the Protective Order, Hartford requests leave to file under seal certain portions of the Motion to Strike and the exhibits to the Fay Declaration.

**CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)**

12. Pursuant to Local Rule 9018-1(d), counsel for Hartford certifies that counsel to Hartford and counsel to Debtors as the "Holder of Confidentiality Rights" (as such term is defined

in Local Rule 9018-1) conferred in good faith regarding the scope of material to be redacted from the Motion to Strike, including the Fay Declaration. The redacted version of the Motion to Strike and Fay Declaration that were filed reflect such parties' agreement regarding the scope of material to be redacted and remain under seal.

## CONCLUSION

WHEREFORE, Hartford respectfully requests that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: July 29, 2021<br>Wilmington, D.E. | BAYARD, P.A.<br><br>*/s/ Gregory J. Flasser*<br>Erin R. Fay (No. 5268)<br>Gregory J. Flasser (No. 6154)<br>Bayard, P.A.<br>600 North King Street, Suite 400<br>Wilmington, D.E. 19801<br>Tel: (302) 655-5000<br>Fax: (302) 658-6395<br>Email: efay@bayardlaw.com<br>          gflasser@bayardlaw.com<br>-and-<br><br>James P. Ruggeri (admitted *pro hac vice*)<br>Joshua D. Weinberg (admitted *pro hac vice*)<br>Annette P. Rolain (admitted *pro hac vice*)<br>Sara K. Hunkler (admitted *pro hac vice*)<br>Shipman & Goodwin LLP<br>1875 K Street NW, Suite 600<br>Washington, D.C. 20006<br>Tel: (202) 469-7750<br>Fax: (202) 469-7751<br>-and-<br><br>Philip D. Anker (admitted *pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, N.Y. 10007<br>Tel: (212) 230-8890<br>Fax: (212) 230-8888<br><br>-and-<br>Danielle Spinelli (admitted *pro hac vice*)<br>Joel Millar (admitted *pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue N.W.<br>Washington, D.C. 20006<br>Tel: (202) 663-6000<br>Fax: (202) 663-6363<br><br>*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company* |