# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: To Be Determined**<br>**Obj. Deadline: To Be Determined** |

## HARTFORD'S MOTION TO STRIKE AND/OR IN LIMINE TO EXCLUDE THE TESTIMONY OF ROGER C. MOSBY

Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, "Hartford") respectfully submits this motion to strike and/or in limine (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), striking or excluding the testimony of Roger C. Mosby. In support of this Motion, Hartford relies on the *Declaration of Erin R. Fay in Support of Hartford's Motion to Strike and/or in Limine to Exclude the Testimony of Roger C. Mosby* (the "Fay Decl."), filed contemporaneously herewith, and respectfully states as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 Walnut Hill Lane, Irving, Texas 75038.

10033406v1

2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Hartford consents to the entry of a final judgment or order by the Court solely in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3. Debtors identified Roger C. Mosby, Boy Scouts of America's ("BSA") President and Chief Executive Officer, as a witness they intend to call in support of *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(B) and 105(A) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion"). In support their RSA Motion, filed July 1, 2021, Debtors offered the declaration of Mr. Mosby. *See Declaration of Roger C. Mosby in Support of Debtors' Motion for Entry of an Order, Pursuant to Sections 363(B) and 105(A) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5469] ("Mosby Decl."). Hartford deposed Mr. Mosby on July 15. In advance of that deposition, Debtors produced no documents showing the bases for the opinions Mr. Mosby set out in his declaration. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ten days after Mr. Mosby's deposition, at 11:06 pm on July 25, 2021, Debtors made a supplemental production that does not cure Hartford's objections to Mr. Mosby's testimony and, if anything, shows more obviously that the Court should require Debtors to file an adversary proceeding under Rule 7001 rather than trying

10033406v1

to short-circuit the rules in the guise of a RSA Motion. *See* Fed. R. Bank. P. 7001(2), (9) ("An adversary proceeding is . . . (2) a proceeding to determine the validity . . . or extent of . . . or other interest in property . . . ." and "(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing . . . .").

## RELIEF REQUESTED

4. By this Motion, Hartford requests that the Court enter the Proposed Order striking or excluding the testimony of Roger C. Mosby.

## ARGUMENT

5. In support of Debtors' RSA Motion, Debtors intend to offer Mr. Mosby's opinions, *inter alia*, that the RSA "is the most realistic approach to achieve Debtors' objectives" and that "pursuing a plan that incorporates the Hartford Settlement appears futile." Mosby ¶¶ 6, 9. ▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
        ▇▇▇▇▇▇▇▇▇▇▇▇▇

        ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



6. Hartford disputes that the opinions offered by Mr. Mosby are appropriate lay testimony under Federal Rule of Evidence 701 and the Court should strike them for this reason

---

[2] *See* <u>Exhibit A</u> to the Fay Decl. (Deposition Transcript of Roger C. Mosby (Jul. 15, 2021)) ("Mosby Tr."), 15:3-18:15.

alone, including Mr. Mosby's opinion testimony on futility, a legal issue for the Court to decide. But even if these issues were appropriate to offer through a lay witness, the Court still should strike Mr. Mosby's testimony because it is not based on his own perception. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This violates the basic rules of engagement, even for experts, including that if a witness offers opinion testimony, then that witness (lay or expert) has to disclose the bases for those opinions. *See* Fed. R. Evid. 701(a) ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception . . . ."); *see also Chase Manhattan Bank v. Iridium Afr. Corp.,* No. CIV.A. 00-564 JJF, 2003 WL 22928042, at *3 (D. Del. Nov. 25, 2003) (stating "[t]he Third Circuit has interpreted 'rationally based on the perception of the witness' to require 'firsthand knowledge of the factual predicates that form the basis for the opinion.'" and barring lay opinion testimony gained from others, including counsel (citing *Government of Virgin Islands v. Knight,* 898 F .2d 619, 629 (3d Cir.1993)); *United States v Garcia*, 291 F.3d 127, 140-41 (2d Cir. 2002) (excluding opinion testimony where witness did not "base his opinion on his own personal knowledge."); *Baumgart v. Transoceanic Cable Ship Co., Inc.*, No. 01 Civ. 5990, 2003 WL 22520034, at *2 (S.D.N.Y. Nov. 7, 2003) (holding inadmissible "opinion . . . not based on [witness's] personal knowledge" but "on outside information, including the specialized or technical knowledge of others . . . ."); *Alvarez v. Nicholson*, No. 03 Civ. 4173, 2005 WL 1844595, at *7 (S.D.N.Y. Aug. 3, 2005) (excluding opinion testimony where court could not "assess whether it is rationally based on the witness's perceptions . . . ."). Because Mr. Mosby declined to disclose the bases for his opinions, the Court should strike his testimony.

7.     Since Mr. Mosby's deposition, events have occurred that reinforce why the Court should require Debtors to pursue the relief they seek against Hartford – a declaration that they need not meet their obligations under the BSA/Hartford settlement agreement – through an adversary

5

proceeding filed in accord with Bankruptcy Rule 7001, not through an RSA Motion. Ten days after Mr. Mosby's deposition, Debtors made a supplemental document production that is far short of a complete or appropriate production, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Until July 25, Debtors had produced only a few emails and none on the topic of the BSA/Hartford settlement agreement and chartered organizations. ███████████████████████████████████████████████████████████████████████████████████████████████ Because Debtors withheld this email, Hartford had no opportunity to question Mr. Mosby about it. And, because Debtors have not produced any other emails on this topic, Hartford obviously had no opportunity to question Mr. Mosby ██████████████████████████████████

8. The remaining documents provided in Debtors' belated July 25, 2021 production do not cure any of these defects. Indeed, other than unredacting a few subject headings on Powerpoint presentations and financial projections, Debtors continue to redact information concerning the RSA proposal, its negotiations and the benefits and drawbacks of entering into it. In other words, the information and advice upon which Mr. Mosby relied to reach his opinions remains a black box.

## NOTICE

9. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel: (a) the Debtors; (b) the Office of the United States Trustee for the District of Delaware, (c) the Official Committee of Unsecured Creditors; (d) the Official Committee of Tort

---

[3] See Fay Decl., Exhibit B (BSA-RSA_00000940).
[4] Id.

10033406v1

Claimants; (e) the Future Claimants' Representative; and (f) any party that has requested notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. Hartford submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

For the foregoing reasons, Hartford respectfully requests entry of the Proposed Order striking or excluding the testimony of Mr. Mosby.

Dated: July 29, 2021
    Wilmington, D.E.

BAYARD, P.A.

*/s/ Gregory J. Flasser*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
Bayard, P.A.
600 North King Street, Suite 400
Wilmington, D.E. 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
Email: efay@bayardlaw.com
      gflasser@bayardlaw.com
-and-

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Annette P. Rolain (admitted *pro hac vice*)
Sara K. Hunkler (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street NW, Suite 600
Washington, D.C. 20006
Tel: (202) 469-7750
Fax: (202) 469-7751

-and-

Philip D. Anker (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel: (212) 230-8890
Fax: (212) 230-8888

-and-

Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company,
Hartford Accident and Indemnity Company,
Twin City Fire Insurance Company, and Navigators
Specialty Insurance Company*