# brownrudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

July 30, 2021

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court for the District
of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

**RE:    In re Boy Scouts of America and Delaware BSA, LLC, Case No. 20-10343**

Dear Judge Silverstein:

We write respectfully to renew our request for an order compelling Century Indemnity Company ("Century") and Chubb Group Holdings, Inc. ("Chubb") to produce certain documents sought by the Coalition, the TCC, and FCR from Century and Chubb. *See* D.I. 5057 (May 26, 2021 letter to Your Honor seeking order compelling production of documents).

In April and May, the Coalition, TCC, and FCR served discovery on Century and Chubb. The point of the discovery was clear. As Your Honor knows, the Hartford Settlement Agreement contains a clause that ties the amount Hartford must pay to buy back its insurance policies that cover Abuse Claims to a future settlement with Century. Based on deposition testimony, Hartford believes that this applies to any verdict or judgment obtained by Century regarding its BSA coverage obligations in litigation. If Century were to pay less than $1.3 billion, then Hartford's obligation would decrease based on the formula in the Hartford Settlement Agreement.

Publicly available financial information indicates that Century may lack the ability to pay the $1.3 billion set out in the Hartford Settlement Agreement to buy back or otherwise settle its policies (even assuming such an amount constituted a reasonable settlement, which it does not). The policies were issued by the Insurance Company of North America ("INA")—a subsidiary of Chubb. Chubb is clearly solvent. Without the information Chubb is refusing to disclose, we cannot determine which Chubb entity(ies) are potentially liable for Abuse Claims.

In addition, the Debtors are proposing to fund the Settlement Trust with insurance assets. For this Court to confirm a plan with nonconsensual third-party releases, the Court must find that the survivors are being paid in full or close thereto. Whether Century is solvent and which Chubb entity(ies) are potentially liable bears directly on whether the Court can confirm a plan that includes nonconsensual third-party releases. Whether a global resolution plan is confirmable may turn, as a factual matter, on the very information that Century and Chubb are



The Honorable Laurie Selber Silverstein
July 30, 2021
Page 2

refusing to produce.  *Century and Chubb have stonewalled all efforts to obtain this information*.

After suggesting that they might produce documents in response to the requests, on July 6, 2021, Century and Chubb delivered eight boxes of hard-copy documents to Brown Rudnick's New York office.  Century/Chubb made no effort to deliver any documents to the TCC or the FCR.

In response to this production, the Coalition's counsel asked Century and Chubb to comply with the instructions in the requests and produce the documents electronically in accordance with those instructions and the Federal Rules of Civil Procedure.  The Coalition's counsel also asked Century/Chubb to produce the documents to the TCC and the FCR.  To date, Century/Chubb have refused to produce any documents in electronic form.  Nor has Century/Chubb produced any documents to the TCC or the FCR.

It gets worse.  The Coalition inventoried the hard-copy production made by Century/Chubb.  The production consists of the publicly available financial disclosures that the Coalition reviewed prior to issuing the discovery served in April 2021.  Century/Chubb produced the very information that the Coalition had informed Century/Chubb's counsel that it had already reviewed prior to serving the discovery requests.  Century has also refused to respond to discovery based on the mediation privilege.  Century has alleged that financial information that it has apparently provided to the mediators—*i.e.*, information that exists independent of the Debtors' bankruptcy cases—is now shielded from production because it was provided to the mediators.

Century's tactics to delay discovery also include objecting to customary definitions as "overly broad" and "unduly burdensome," objecting to the use of terms used by Century in Century's own financial statements as being "vague and ambiguous," and offering nonsensical and circular responses to simple requests.  For example, Century's response to the request for "[d]ocuments sufficient to show all liabilities Concerning the Debtors that Century assumed in connection with the 1996 Transaction" simply referred to the 1996 Order even though such Order does not identify any such liabilities.  Likewise, Century refused to "[i]dentify the maximum amount that Century can pay for any Century Settlement" on the grounds that doing so would "undermine Century's ability to negotiate and mediate as directed by the Court."  Apparently, Century believes that if it is required to disclose basic financial information, it will not be able to secure a favorable settlement for itself.  The survivors deserve better than this.

Within the next few weeks, this Court will consider the Debtors' motion to approve the Restructuring Support Agreement ("RSA").  The RSA requires the Debtors to abandon their settlement with Hartford in favor of a plan that the survivor groups support.  The Hartford Settlement will undoubtedly cast a shadow over the Court's consideration of the RSA as Hartford continues to argue that the Debtors would be better off trying to confirm a plan that includes the Hartford Settlement.  Century/Chubb should not be permitted to continue to withhold the information sought as it may show that, assuming it is enforceable in the first instance, the Hartford Settlement may require Hartford to pay far less than $650 million.


Further, if this issue is not addressed now, it will likely re-surface at plan confirmation when the Debtors seek the entry of a Confirmation Order that includes the Channeling Injunction.

Hartford has also refused to produce any documents related to the Hartford Settlement, asserting privilege as a basis for withholding all relevant information. In addition, Hartford's counsel repeatedly instructed Mr. John J. Kinney (the person who negotiated and signed the Hartford Settlement Agreement on Hartford's behalf) not to answer questions regarding the proposed settlement at his deposition, claiming privilege. Hartford's position is that its settlement is reasonable, but all information Hartford purportedly has in its possession, custody, or control that supports (or refutes) that opinion is shrouded by a claim of privilege and can be withheld on such basis.

We respectfully request that the Court issue an order compelling Century and Chubb to produce documents responsive to the discovery served on them months ago.

Respectfully submitted,

| Brown Rudnick LLP | Pachulski Stang Ziehl & Jones LLP | Young Conaway Stargatt & Taylor, LLP |
|---|---|---|
| /s/ Eric Goodman | /s/ Iain Nasatir | /s/ Kenneth Enos |
| Counsel to the Coalition of Abused Scouts for Justice | Counsel to the Official Committee of Tort Claimants | Counsel to the Future Claimants' Representative |