**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: August 12, 2021 at 10:00am (ET)**<br><br>**Re: D.I. 5707, 5708, 5709, 5729, 5731** |

**CENTURY'S REVISED MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING UNDER SEAL DOCUMENTS RELATING TO CENTURY'S OBJECTIONS TO DEBTORS' MOTION RELATING TO THE RESTRUCTURING SUPPORT AGREEMENT AND MOVING INSURERS' MOTION TO COMPEL**

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North (collectively, "Century") files this motion (the "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing Century to file under seal certain documents identified below (the "Documents") related to: (a) Century's Objection to the Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement and (II) Granting Related Relief [D.I. 5707]; (b) the Declaration of Daniel Shamah in Support of Century's Objections to the Debtors' Motion for Entry of Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement and (II) Granting Related Relief [D.I. 5708]; and (c) Century's Objection to the Payment of the Coalition's Lawyers in Accordance with the

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief [D.I. 5709]; (d) Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine [D.I. 5729] (the "Motion to Compel"); and (e) Declaration of Salvatore Cocchiaro in Support of Moving Insurers' Motion to Compel and for Additional Relief [D.I. 5731] (the "Cocchiaro Declaration") (collectively, the "Confidential Information") shall remain under seal and confidential pursuant the Protective Order (as defined below) and shall not be made available to anyone, except to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the Permitted Parties (as defined in the Protective Order); and (3) granting related relief. The Moving Insurers, listed in the signature block to the Motion to Compel [D.I. 5729] join this Motion only in regards to the Motion to Compel [D.I. 5729] and the Cocchiaro Declaration [D.I. 5730]. In support of the Motion, Century respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Century confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

**BACKGROUND**

4. On February 18, 2020, The Boy Scouts of America and Delaware BSA, LLC (together, the "Debtors") commenced these chapter 11 cases. The Debtors continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On March 4, 2020, the U.S. Trustee appointed the Tort Claimants' Committee and the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code. On April 24, 2020, the Court appointed James L. Patton, Jr. as the Future Claimants' Representative pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code. On July 24, 2020, the Coalition filed a notice of appearance in these chapter 11 cases pursuant to section 1109(b) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

6. On May 12, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order Approving the Stipulated Confidentiality and Protective Order* (the "Protective Order Motion").[2]

7. On June 8, 2020, the Court granted the motion and entered the Confidentiality and Protective Order (the "Protective Order").[3] The Protective Order provides, in relevant part, that

[2] D.I. 613.
[3] D.I. 799.

> any document containing Protected Material[4] that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court.

*See* Protective Order, at Art. VII.6.

8. The Protective Order further protects "Derivate Information" by providing that "descriptions of [] Discovery Material . . . shall be treated as Protected Material . . . to the same extent as the Discovery Material or information from which such Derivative Information is made or derived." *See* Protective Order, at Art. V.6.

9. The Protective Order provides that Protected Material may only be disclosed to certain parties listed therein, including those that assent to be bound by the Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" attached thereto as Exhibit A. *See* Protective Order, at Art. VII.2.

10. The Debtors contend that information contained in the Documents must remain confidential pursuant to the Protective Order. Century does not believe that anything in the Documents is confidential, and has requested that the Debtors withdraw their confidentiality designations. The Debtors have refused Century's request, necessitating the filing of this Motion. Accordingly, Century seeks leave to file under seal the Confidential Information.

## RELIEF REQUESTED

11. By this Motion, Century requests entry of the Proposed Order authorizing Century to file the following documents under seal:

   a. Certain portions of Century's Objection to the Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I)

---

[4] The Protective Order defines "Protected Material" as "Discovery Material designated 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Art. II (definition of "Protected Material").

        Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement and (II) Granting Related Relief [D.I. 5707];

b. Certain portions of the Declaration of Daniel Shamah in Support of Century's Objections to the Debtors' Motion for Entry of Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement and (II) Granting Related Relief [D.I. 5708];

c. Certain portions of Century's Objection to the Payment of the Coalition's Lawyers in Accordance with the Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief [D.I. 5709];

d. Certain portions of Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine [D.I. 5729]; and

e. Certain portions of the Declaration of Salvatore Cocchiaro in Support of Moving Insurers' Motion to Compel and for Additional Relief [D.I. 5731].

12. In addition, Century seeks an order directing that the Confidential Information shall remain under seal and confidential and not be made available to anyone, except to the Court, the U.S. Trustee, and the Permitted Parties; and granting related relief.

## BASIS FOR RELIEF

13. The Documents contain quotations and other information from depositions that the Debtors contend should be designated as "CONFIDENTIAL," which is therefore "Protected Material." *See* Art. II (definition of "Protected Material").

14. Article VII.6 of the Protective Order provides, in relevant part, that

> any document containing Protected Material[5] that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document

[5] The Protective Order defines "Protected Material" as "Discovery Material designated 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Art. II (definition of "Protected Material").

in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court.

*See* Protective Order, at Art. VII.6.

15. Article V.6 of the Protective Order provides, in relevant part, that "descriptions of [] Discovery Material . . . shall be treated as Protected Material . . . to the same extent as the Discovery Material or information from which such Derivative Information is made or derived." *See* Protective Order, at Art. V.6.

16. The Debtors contend that the quotations and information from deposition testimony contained in the Documents include information that must remain confidential. Century disagrees and has requested that the Debtors withdraw their confidentiality designations. Since the Debtors have rejected Century's request, pursuant to the terms of the Protective Order, Century requests leave to file the Confidential Information under seal.

## CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)

17. Pursuant to Local Rule 9018-1(f), counsel for Century certifies that the above-described Documents should be sealed pursuant to the Debtors' contention that they contain Confidential Information. Century has publicly filed redacted copies of the sealed documents[6] after consultation with counsel for the Debtors and the United States Trustee's Office.

## CONCLUSION

WHEREFORE, Century respectfully requests that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

[6] D.I. 5723, 5724, 5736, 5737.

Dated: August 2, 2021

Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)

**Stamoulis & Weinblatt LLC**
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

**O'Melveny & Myers LLP**
Tancred Schiavoni (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212-326-2000

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: August 12, 2021 at 10:00am (ET)**<br><br>**Re: D.I. 5707, 5708, 5709, 5729, 5731 & ______** |

**ORDER AUTHORIZING CENTURY'S MOTION TO FILE UNDER SEAL SEAL DOCUMENTS RELATING TO CENTURY'S OBJECTIONS TO DEBTORS' MOTION RELATING TO THE RESTRUCTURING SUPPORT AGREEMENT AND MOVING INSURERS' MOTION TO COMPEL**

Upon the motion (the "Motion")[2] of Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, (collectively, "Century") seeking entry of an order for entry of an order (this "Order") (i) authorizing Century to file under seal the Confidential Information; (ii) directing that the Confidential Information shall remain under seal and confidential pursuant to the terms of the Protective Order entered in these cases and not be made available to anyone, except to the Court, the U.S. Trustee, and the Permitted Parties; and (iii) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

1 The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2 Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Century's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Century is authorized to file Confidential Information under seal, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Except upon further order of the Court, the Confidential Information shall remain under seal, and shall not be made available to anyone, except that copies of the Confidential Information shall be provided to the Court and the U.S. Trustee on a confidential basis and, upon request, to the Permitted Parties on a confidential basis. Such parties shall be bound by this Order and shall at all times keep the Confidential Information strictly confidential and shall not disclose the Confidential Information to any party whatsoever.

4. Century and any other party authorized to receive the Confidential Information pursuant to this Order shall, subject to Local Rule 9018-1(c) and without further order of the Court, redact specific references to the Confidential Information from any and all pleadings filed on the public docket maintained in these chapter 11 cases.

5. This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

6. Century is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

____________________________________

United States Bankruptcy Judge