THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  August 18, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FOURTEENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM APRIL 1, 2021 THROUGH APRIL 30, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2021 through April 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,193,608.00[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    18,802.13 |

This is a:        x   monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2] This amount reflects a reduction of $47.50 due to changing Peter J. Keane's billing rate ($845) to the 2020 billing rate ($750).

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $ 776,257.50 | $ 6,064.88 | $ 774,257.50[3] | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $ 644,670.50 | $ 3,045.94 | $ 644,670.50 | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $ 659,618.50 | $ 3,681.07 | $ 619,618.50[4] | $ 3,182.37[5] |
| 08/27/20 | 06/01/20 – 06/30/20 | $ 475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $ 678,423.50 | $ 6,612.09 | $ 678,423.50 | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $ 658,721.00 | $31,487.15 | $ 526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $ 588,902.00 | $15,777.88 | $ 471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $ 666,283.50 | $19,826.31 | $ 533,026.80 | $19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $ 504,479.00 | $11,755.14 | $ 403,583.20 | $11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $ 837,406.00 | $12,415.20 | $ 669,924.80 | $12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $ 901,667.00 | $19,291.93 | $ 721,333.60 | $19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $ 763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |
| 07/02/21 | 03/01/31 – 03/31/21 | $1,124,713.50 | $27,728.90 | $ 899,770.80 | $27,728.90 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 108.20 | $129,299.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 148.20 | $169,689.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 50.70 | $ 58,051.50 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 50.80 | $ 55,626.00 |

---

[3] In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the first month of that period.

[4] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the first month of that period.

[5] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the first month of that period.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 1.90 | $ 2,042.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 7.10 | $ 7,632.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 1.20 | $ 1,290.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 4.20 | $ 4,515.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 101.90 | $104,447.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 96.30 | $ 95,818.50 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 995.00 | 157.70 | $156,911.50 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $ 995.00 | 0.50 | $ 497.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $ 995.00 | 12.30 | $ 12,238.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 8.20 | $ 7,790.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 36.10 | $ 33,392.50 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 25.60 | $ 22,912.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 2.10 | $ 1,785.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $ 875.00 | 91.10 | $ 79,712.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 175.50 | $144,787.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 17.70 | $ 14,602.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 38.80 | $ 32,010.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 7.80 | $ 6,201.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 4.20 | $ 3,339.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 0.10 | $ 79.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $ 750.00 | 0.50 | $ 375.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 8.20 | $ 5,535.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 14.70 | $ 9,187.50 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 10.50 | $ 4,725.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 25.90 | $ 11,007.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.20 | $ 85.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 1.70 | $ 671.50 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 19.30 | $ 7,623.50 |
| Myra Kulick | Paralegal Assistant | $ 395.00 | 13.70 | $ 5,411.50 |
| Oliver M. Carpio | Paralegal Assistant | $ 395.00 | 1.80 | $ 711.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 350.00 | 0.70 | $ 245.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 1.30 | $ 455.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 8.30 | $ 2,905.00 |

**Grand Total:  $1,193,608.00**
**Total Hours:        1,255.00**
**Blended Rate:      $951.08**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 58.60 | $ 52,242.00 |
| Bankruptcy Litigation | 164.40 | $149,259.00 |
| Case Administration | 22.90 | $ 9,640.50 |
| Claims Admin./Objections | 269.60 | $246,120.00 |
| Compensation of Professional | 2.20 | $ 1,635.00 |
| Compensation of Prof./Others | 16.40 | $ 11,349.00 |
| Financing | 14.40 | $ 14,122.50 |
| General Creditors Comm. | 206.90 | $192,083.50 |
| Hearings | 2.30 | $ 2,243.50 |
| Insurance Coverage | 61.30 | $ 62,890.50 |
| Mediation | 45.40 | $ 48,260.00 |
| Plan & Disclosure Statement | 389.90 | $403,227.50 |
| Retention of Prof./Others | 0.70 | $ 582.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[6] | Total Expenses |
|---|---|---|
| Air Fare | United Airlines | $ 2,239.34 |
| Auto Travel | Elite Transportation Service | $ 148.70 |
| Bloomberg | | $ 24.50 |
| Working Meals | Taam Tov Restaurant; Little Thai Kitchen; Naya | $ 125.30 |
| Conference Call | AT&T Conference Call | $ 162.58 |
| Federal Express | | $ 290.13 |
| Filing Fee | USDC | $ 125.00 |
| Legal Research | Lexis/Nexis | $ 858.57 |
| Outside Services | MiPro[7]; Zoom | $12,326.05 |
| Court Research | Pacer | $ 433.30 |
| Postage | US Mail | $ 281.86 |
| Reproduction Expense | | $ 27.10 |
| Reproduction/Scan Copy | | $ 1,209.70 |
| Research | Everlaw | $ 500.00 |
| Travel Expense | Travel Agency Fee | $ 50.00 |

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

[7] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software. Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. The invoice of MIPRO, in the total amount of $8,789.00, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, is attached hereto as Exhibit B.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  August 18, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## FOURTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM APRIL 1, 2021 THROUGH APRIL 30, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its Fourteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from April 1, 2021 through April 30, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $1,193,608.00 and actual and necessary expenses in the amount of $18,802.13

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

for a total allowance of $1,212,410.13 and payment of $954,886.40 (80% of the allowed fees)

and reimbursement of $18,802.13 (100% of the allowed expenses) for a total payment of

$973,688.53 for the period April 1, 2021 through April 30, 2021 (the "Interim Period"). In

support of this Application, PSZ&J respectfully represents as follows:

### Background

1.     On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code. The Debtors have continued in possession of their property and continued to operate and

manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications. If no objections are made within fourteen (14) days after service of the monthly

fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the

requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals

shall file and serve an interim application for allowance of the amounts sought in its monthly fee

applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.       The retention of PSZ&J, as counsel to the Tort Claimants' Committee, was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.       All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.       PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  As set forth in its employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount of fees it bills in these cases to the fund established in these cases to compensate survivors of sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.      PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoice of MIPRO, in the total amount of $8,789.00, is attached as Exhibit 'B'. PSZ&J has paid the invoice, as set forth in more detail in the PSZ&J statement attached as Exhibit "A," and has included payment of the MIPRO invoice as part of its request in this Application for reimbursement of expenses.

### Summary of Services Rendered

13.     The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

14.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

15.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Guajataca deeds and restrictive covenants; (2) reviewed and analyzed issues regarding the inability of a donor to hold a beneficial interest in proceeds used to purchase a gift annuity; (3) attended to translation issues regarding Puerto Rico Council camps; (4) reviewed and analyzed BSA cash management issues; (5) reviewed and analyzed discovery issues; (6) performed work regarding a restricted property law suit; (7) attended to issues regarding CBRE appraisals; (8) reviewed and analyzed Local Council documents regarding use and sale restrictions; (9) reviewed and analyzed issues regarding the burden of proof relating to restricted assets and donor intent; (10) reviewed and analyzed issues regarding Committee standing to bring derivative suit; and (11) conferred and corresponded regarding asset analysis and recovery issues.

Fees:  $52,242.00;    Hours:  58.60

### B.    Bankruptcy Litigation

17.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed discovery issues related to estimation; (2) performed work regarding a

stipulation extending the time to answer property complaint; (3) reviewed and analyzed

discovery issues related to restricted asset litigation; (4) reviewed and analyzed mediation briefs;

(5) reviewed and analyzed Debtors' purported evidence and legal theories in support of claims

that assets are restricted or held in trust; (6) reviewed and analyzed a notice of continued pretrial

conference; (7) attended to scheduling issues; (8) attended to deadline issues; (9) reviewed and

analyzed the Debtor's burden of proof to establish donor restrictions and historical segregation of

donated funds; (10) reviewed and analyzed tracing issues; (11) performed work regarding a

Town Hall notice; (12) reviewed and analyzed discovery timing issues; (13) performed work

regarding a status conference statement relating to restricted assets adversary proceeding;

(14) performed work regarding document requests; (15) reviewed and analyzed a BSA mediation

statement; (16) performed work regarding agenda notices and hearing binders; (17) reviewed and

analyzed choice of law issues; (18) reviewed and analyzed a chart of the Debtors' alleged

restricted accounts; (19) reviewed and revised discovery requests based on an amended Plan and

Disclosure Statement; (20) reviewed and analyzed objections and responses to estimation

motion; (21) reviewed and analyzed the Disclosure Statement in connection with restricted asset

and liquidation analysis issues; (22) performed work regarding *pro hac* vice applications;

(23) reviewed and analyzed choice of law issues regarding BSA allegations of resulting and

charitable trusts; (24) performed work regarding a joinder to motion of certain insurers to

adjourn confirmation hearing; (25) reviewed and analyzed discovery issues related to insurance

litigation; (26) performed work regarding a reply brief related to a motion to withdraw the

reference; (27) reviewed and analyzed the Coalition objection to exclusivity; (28) reviewed and

analyzed issues regarding information requested from the Debtors but not produced;

(29) reviewed and analyzed issues regarding expert witness retention for contested estimation hearings; (30) performed work regarding estimation discovery; (31) reviewed and analyzed issues regarding JPM's request to stipulate to intervention in restricted asset litigation; (32) performed work regarding discovery requests to Century and Hartford; (33) reviewed and analyzed the BSA answer to the restricted property complaint; (34) reviewed and analyzed the JPM motion to intervene in restricted property adversary proceeding; (35) performed work regarding a request for oral argument relating to the motion to withdraw the reference; (36) reviewed and analyzed issues regarding Plan-related discovery addressed to the Debtors; (37) reviewed and analyzed accounting standards relating to self-designation of otherwise unrestricted funds; (38) performed work regarding discovery requests to BSA regarding solicitation motion; (39) reviewed and analyzed issues regarding the merger doctrine and BSA affirmative defenses; (40) reviewed and analyzed the Debtors' liquidation analysis to determine impact on restricted property litigation; (41) performed work regarding propounding a first set of interrogatories and requests for production of documents to BSA; and (42) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $149,259.00;   Hours:  164.40

### C.    Case Administration

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) performed work regarding *pro h*ac

*vice* motions; (2) maintained document control; (3) maintained a memorandum of critical dates; and (4) maintained service lists.

Fees:  $9,640.50;        Hours:  22.90

### D.    Claims Admin/Objections

19.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a claims analysis; (2) reviewed and analyzed issues regarding claims-related discovery; (3) performed work regarding a first set of interrogatories relating to claims estimation motion; (4) performed work regarding requests for production of documents relating to claims estimation motion; (5) reviewed and analyzed issues regarding duplicate claims; (6) responded to claimant inquiries; (7) reviewed and analyzed claim amendment issues; (8) reviewed and analyzed insurance discovery issues; (9) reviewed and analyzed claim estimation and valuation issues; (10) reviewed and analyzed issues regarding experts in connection with estimation issues; (11) reviewed and analyzed issues regarding roster requests; (12) reviewed and analyzed Coalition draft discovery regarding insurance and Plan issues; (13) performed work regarding a status report relating to estimation proceedings; (14) performed work regarding methodology research and analysis relating to estimation of sexual abuse claims; (15) performed work regarding a summary of claims submitted for rosters; (16) reviewed and analyzed issues regarding pension claims; (17) reviewed and analyzed issues regarding late-filed claims; (18) reviewed and analyzed issues regarding Hartford-related claims; (19) reviewed and analyzed objections to the estimation motion; (20) reviewed and analyzed estimation strategy

issues; (21) prepared for and participated in telephonic conferences with the Committee, Future

Claims Representative, and representative of the Coalition regarding case issues, including

estimation and Plan issues; (22) attended to scheduling issues; (23) reviewed and analyzed issues

regarding a motion to withdraw the reference; (24) reviewed and analyzed statute of limitations

issues; (25) reviewed and analyzed issues regarding potential estimation methodologies;

(26) performed work regarding a timeline comparison relating to estimation and confirmation

scheduling issues; (27) prepared for and participated in a meet and confer regarding the Debtors'

proposed confidential scheduling order and estimation issues; (28) attended to issues regarding

an application for oral argument relating to a motion to withdraw the reference; (29) reviewed

and analyzed estimation-related documents; (30) reviewed and analyzed trust distribution

procedures; (31) reviewed and analyzed estimation expert methodologies and selection issues;

(32) reviewed and analyzed Hartford-related claims arising in Pennsylvania and the allowability

of claims under state law; (33) reviewed and analyzed abuse claim methodology proposed by the

Debtors; (34) reviewed and analyzed Evanston insurance settlement notices from insurer;

(35) reviewed and analyzed estimation litigation strategy issues; (36) reviewed and analyzed

issues regarding use of verdict information; (37) reviewed and analyzed issues regarding access

to the National Crime Victim database; (38) reviewed and analyzed claim withdrawal issues;

(39) attended to issues regarding a motion to compel production; and (40) corresponded and

conferred regarding claim issues.

Fees: $246,120.00;    Hours: 269.60

**E.      Compensation of Professionals**

20.      This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its January and February 2021 monthly fee applications.

Fees:  $1,635.00;        Hours:  2.20

**F.      Compensation of Professionals--Others**

21.      This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Berkeley Research Group, Pasich, Rock Creek and CBRE fee applications, and performed work regarding an Omnibus fee order.

Fees:  $11,349.00;        Hours:  16.40

**G.      Financing**

22.      This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding a memorandum relating to Local Council contribution issues; (2) performed work regarding a status report; (3) reviewed and analyzed issues relating to a standing motion; (4) reviewed and analyzed JPM lien challenge issues; (5) performed work regarding a settlement term sheet; (6) reviewed and analyzed a JPM motion to intervene in restricted assets adversary proceeding; (7) reviewed and analyzed JPM and Debtor objections to lien challenge standing motion, and performed work regarding a reply; (8) attended to issues regarding settlement discussions; and (9) corresponded and conferred regarding financing issues.

Fees:  $14,122.50;        Hours:  14.40

H.    **General Creditors Committee**

23.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding letters from incarcerated survivors; (2) prepared for and participated in telephonic conferences with State Court counsel and Committee members regarding case issues; (3) responded to inquiries from claimants regarding case status; (4) reviewed and analyzed issues regarding production of rosters; (5) reviewed and analyzed issues regarding the Girl Scouts; (6) performed work regarding Town Hall notice and script issues; (7) performed work regarding meeting agendas; (8) performed work regarding correspondence with survivors; (9) reviewed and analyzed estimation discovery issues; (10) prepared for and participated in a telephonic conference with Coalition attorneys regarding case issues; (11) reviewed and analyzed non-mediation demand issues; (12) reviewed and analyzed Disclosure Statement objection issues; (13) performed work regarding a Local Council response letter; (14) performed work regarding a status conference statement; (15) prepared for and attended Town Hall meetings; (16) responded to creditor questions following Town Hall meeting; (17) reviewed and analyzed issues regarding aggregate policy settlement and demand issues; (18) reviewed and analyzed press releases; (19) reviewed and analyzed Plan issues; (20) reviewed and analyzed issues regarding Plan and Disclosure Statement objection and case strategy; (21) reviewed and analyzed issues regarding restricted assets; (22) reviewed and analyzed issues regarding insurance settlements; (23) reviewed and analyzed exclusivity issues; (24) reviewed and analyzed statute of limitations issues; (25) reviewed and analyzed estimation strategy issues; (26) reviewed and analyzed insurer

discovery issues; (27) reviewed and analyzed balloting and voting issues; (28) performed work

regarding mediation issues; (29) reviewed and analyzed Century issues; (30) performed work

regarding settlement issues; and (31) corresponded and conferred regarding general creditors

committee issues.

Fees:  $192,083.50;    Hours:  206.90

**I.      Hearings**

24.      This category relates to issues regarding hearings.  During the Interim

Period, the Firm, among other things, prepared for and attended a status conference on April 12,

2021.

Fees:  $2,243.50;      Hours:  2.30

**J.      Insurance Coverage**

25.      This category relates to insurance coverage issues.  During the Interim

Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding discovery on

insurers; (2) reviewed and analyzed Coalition draft discovery; (3) reviewed and analyzed Liberty

and Century coverage issues; (4) prepared for and participated in conference calls with the

insurance working group; (5) reviewed and analyzed a Pasich summary of insurance;

(6) performed work regarding interrogatories on insurers; (7) reviewed and analyzed issues

regarding aggregated versus non-aggregated demands; (8) reviewed and analyzed Hartford

settlement issues; (9) reviewed and analyzed a Hartford demand letter; (10) reviewed and

analyzed insurance discovery timing issues; (11) reviewed and analyzed insurance proceed

issues; (12) reviewed and analyzed a mediators report regarding Hartford settlement;

(13) reviewed and analyzed press releases regarding Hartford settlement; (14) reviewed and analyzed the Hartford settlement agreement; (15) reviewed and analyzed issues regarding Allianz; (16) reviewed and analyzed direct action issues; (17) reviewed and analyzed the best interests test relating to insurance issues; (18) performed work regarding interrogatories, requests for admission, and requests for disclosure for Century and Hartford; (19) reviewed and analyzed bad faith issues; (20) reviewed and analyzed a Pasich presentation on Century; (21) prepared for and attended an insurance working group meeting; (22) prepared for and attended a Debtor presentation regarding Century financials; (23) reviewed and analyzed Century and Chubb financials regarding new operating loss treatment; and (24) corresponded and conferred regarding insurance issues.

Fees:  $62,890.50;      Hours:  61.30

### K.      Mediation

26.      This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended a mediation session on March 31, 2021; (2) reviewed and analyzed a Local Counsel Ad Hoc response letter to mediation offer; (3) prepared for and attended a mediation session on April 5, 2021 regarding BSA Plan contributions and restricted asset complaint; (4) prepared for and attended a mediation session on April 13, 2021 regarding restricted assets; (5) prepared for and attended a mediator call on April 15, 2021; (6) reviewed and analyzed a term sheet; (7) reviewed and analyzed the Hartford settlement; (8) prepared for and attended a telephonic conference with the Debtors' representatives regarding restricted assets and Plan issues; (9) prepared for and attended a

mediation session on April 20, 2021 regarding restricted assets; (10) prepared for and attended a mediation session on April 22, 2021; (11) reviewed and analyzed issues regarding relief from stay motions and active litigation; (12) reviewed and analyzed issues regarding the Church of Jesus Christ of Latter Day Saints; (13) prepared for and attended mediation sessions on April 28 and 29, 2021; (14) reviewed and analyzed Local Council issues; and (15) corresponded and conferred regarding mediation issues.

Fees:  $48,260.00;     Hours:  45.40

**L.    Plan and Disclosure Statement**

27.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed the Debtors' first amended Plan; (2) reviewed and analyzed a Plan term sheet; (3) reviewed and analyzed trust expense issues; (4) reviewed and analyzed exclusivity objection issues; (5) performed work regarding an objection to a motion to extend exclusivity periods; (6) reviewed and analyzed mediation issues; (7) reviewed and analyzed issues regarding appraisals; (8) performed work regarding a Disclosure Statement objection; (9) performed work regarding a claims analysis relating to best interest test issues; (10) performed work regarding a press release; (11) reviewed and analyzed direct action injunction issues; (12) performed work regarding a Committee competing Plan; (13) performed work regarding a response to Mason letter; (14) performed work regarding Plan-related discovery; (15) performed work regarding preparation for a mediation session relating to BSA Plan contributions; (16) performed work regarding revisions to a Plan term sheet; (17) reviewed

and analyzed voting procedures issues; (18) drafted a Disclosure Statement objection; (19) performed work regarding discovery requests to the Debtors and insurers; (20) reviewed and analyzed insurance issues regarding revisions to Committee Plan; (21) performed work regarding a Plan flow chart; (22) performed work regarding a Plan power point presentation; (23) reviewed and analyzed a motion to continue hearing on Disclosure Statement approval; (24) reviewed and analyzed solicitation procedures regarding inconsistent ballots; (25) reviewed and analyzed global insurance settlement issues; (26) reviewed and analyzed the BSA response to Committee objection to exclusivity; (27) reviewed and analyzed issues regarding insurance payments; (28) performed work regarding an objection to solicitation procedures; (29) attended to scheduling issues; (30) reviewed and analyzed the interplay between confirmation scheduling motion and estimation; (31) reviewed and analyzed an amended Plan and Disclosure Statement; (32) reviewed and analyzed issues regarding trust distribution procedures; (33) reviewed and analyzed scheduling motion issues; (34) reviewed and analyzed claim treatment issues; (35) reviewed and analyzed the estimation motion and oppositions; (36) drafted an objection to confirmation scheduling motion; (37) reviewed and analyzed issues regarding discovery from insurers relating to estimation information; (38) reviewed and analyzed Local Council issues; (39) performed work regarding Plan-related discovery; (40) reviewed and analyzed the Coalition objection to exclusivity extension; (41) performed work regarding negotiations; (42) reviewed and analyzed proposed Plan confirmation and estimation timeline; (43) responded to inquiries regarding voting issues; (44) prepared for and attended a telephonic meet and confer regarding the confirmation scheduling motion; (45) performed work regarding document requests, requests

for admission, and interrogatories directed at Debtors and insurers; (46) reviewed and analyzed issues regarding estimation experts; (47) performed work regarding a settlement memorandum for the Committee; (48) prepared for and attended a telephonic conference with attorneys for the Debtors regarding confirmation scheduling preconference and discovery issues; (49) prepared for and attended a telephonic conference with BRG regarding Local Council contribution issues; (50) reviewed and analyzed a BSA term sheet; (51) reviewed and analyzed statute of limitation issues; (52) reviewed and analyzed issues regarding Chubb financial condition; (53) reviewed and analyzed a reply to opposition to motion to withdraw the reference; (54) performed work regarding a Plan summary; (55) performed work regarding a summary of Disclosure Statement objection; (56) reviewed and analyzed alternate potential Plan and estimation strategies; (57) performed work regarding a presentation relating to Local Council contribution issues; (58) performed work regarding a deal point memorandum; and (59) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $403,227.50;    Hours:  389.90

**M.    Retention of Professionals--Others**

28.    This category relates to work regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the CBRE engagement.

Fees:  $582.50;        Hours:  0.70

**Valuation of Services**

29.     Attorneys and paraprofessionals of PSZ&J expended a total 1,255.00

hours in connection with their representation of the Committee during the Interim Period, as

follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 108.20 | $129,299.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 148.20 | $169,689.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 50.70 | $ 58,051.50 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 50.80 | $ 55,626.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 1.90 | $   2,042.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 7.10 | $   7,632.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,075.00 | 1.20 | $   1,290.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 4.20 | $   4,515.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 101.90 | $104,447.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 96.30 | $ 95,818.50 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $  995.00 | 157.70 | $156,911.50 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $  995.00 | 0.50 | $      497.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $  995.00 | 12.30 | $ 12,238.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $   950.00 | 8.20 | $    7,790.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 36.10 | $  33,392.50 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $   895.00 | 25.60 | $  22,912.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $   850.00 | 2.10 | $    1,785.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $   875.00 | 91.10 | $  79,712.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 | 175.50 | $144,787.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 17.70 | $  14,602.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $   825.00 | 38.80 | $  32,010.00 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $   795.00 | 7.80 | $    6,201.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $   795.00 | 4.20 | $    3,339.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $   795.00 | 0.10 | $         79.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $   750.00 | 0.50 | $       375.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $   675.00 | 8.20 | $    5,535.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $   625.00 | 14.70 | $    9,187.50 |
| Leslie A. Forrester | Law Library Director 2003 | $   450.00 | 10.50 | $    4,725.00 |
| Karina K. Yee | Paralegal 2000 | $   425.00 | 25.90 | $  11,007.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $   425.00 | 0.20 | $         85.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Cheryl A. Knotts | Paralegal 2000 | $  395.00 | 1.70 | $      671.50 |
| Diane H. Hinojosa | Paralegal Assistant | $  395.00 | 19.30 | $   7,623.50 |
| Myra Kulick | Paralegal Assistant | $  395.00 | 13.70 | $   5,411.50 |
| Oliver M. Carpio | Paralegal Assistant | $  395.00 | 1.80 | $      711.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $  350.00 | 0.70 | $      245.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  350.00 | 1.30 | $      455.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  350.00 | 8.30 | $   2,905.00 |

**Grand Total:  $1,193,608.00**
**Total Hours:        1,255.00**
**Blended Rate:       $951.08**

30.     The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period

is $1,193,608.00.

31.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of April 1, 2021 through April 30, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $1,193,608.00 and actual and necessary expenses in the amount of $18,802.13 for a total allowance of $1,212,410.13 and payment of $954,886.40 (80% of the allowed fees) and reimbursement of $18,802.13 (100% of the allowed expenses) be authorized for a total payment of $973,688.53; and for such other and further relief as this Court deems proper.

Dated:  August 4, 2021         PACHULSKI STANG ZIEHL & JONES LLP

                               */s/ James E. O'Neill*
                               James I. Stang (CA Bar No. 94435)
                               Robert B. Orgel (CA Bar No. 10187)
                               James E. O'Neill (DE Bar No. 4042)
                               John W. Lucas (CA Bar No. 271038)
                               919 North Market Street, 17th Floor, PO Box 8705
                               Wilmington, Delaware 19899 (Courier 19801)
                               Telephone:  (302) 652-4100
                               Facsimile:  (302) 652-4400
                               Email: jstang@pszjlaw.com
                                      rorgel@pszjlaw.com
                                      joneil@pszjlaw.com
                                      jlucas@pszjlaw.com

                               Counsel to the Tort Claimants Committee

# **DECLARATION**

STATE OF DELAWARE        :

                                     :

COUNTY OF NEW CASTLE   :

         James E. O'Neill, after being duly sworn according to law, deposes and says:

         a)       I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

         b)       I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

         c)       I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                                   */s/ James E. O'Neill*
                                   James E. O'Neill