**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 5881** |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO MOVING**
**INSURERS' MOTION TO COMPEL AND FOR ADDITIONAL RELIEF**
**AND IN THE ALTERNATIVE MOTION IN LIMINE**

Hartford Accident and Indemnity Company ("Hartford A&I"), First State Insurance Company ("First State"), Twin City Fire Insurance Company ("Twin City"), and Navigators Specialty Insurance Company ("Navigators") (collectively, "Hartford"), hereby move (the "Motion to Shorten"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order, substantially in the form of the proposed order attached hereto as Exhibit A (the "Proposed Order"), scheduling a hearing and shortening the notice period with respect to the *Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine* [D.I. 5881] (the "Motion to Compel"),[2] filed concurrently herewith. In support of this Motion to Shorten, Hartford respectfully states as follows:

---

[1] The Debtors in these Bankruptcy Proceedings, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Compel.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), Hartford consents to the entry of a final judgment or order by the Court solely in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

## BACKGROUND

5. The relevant factual and procedural background is set forth in the Motion to Compel. The facts contained in the Motion to Compel are incorporated herein by reference as if set forth in full herein.

## RELIEF REQUESTED

6. By this Motion to Shorten, Hartford requests that the Court enter the Proposed Order: (a) shortening the notice and objection periods with respect to the Motion to Compel; (b) scheduling the Motion to Compel for a hearing to be held on August 6, 2021, or at the Court's earliest convenience, (c) shorten the period for notice of the hearing on the Motion to Compel, with objections, if any, to be filed in advance of or made at such hearing; and (d) granting such other relief as may be just and proper.

**BASIS FOR RELIEF REQUESTED**

7. Local Rule 9006-1(c)(i) states that "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

8. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Additionally, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006. In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171-72 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

10. Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

11. For the reasons set forth in the Motion to Compel, sufficient cause exists to justify shortening the notice period for, and scheduling a hearing on, the relief requested in the Motion to Compel. The need for the Court to shorten notice and hear the Motion to Compel as soon as possible is made urgent by the fact that the Court has set the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion") for hearing on

August 12 and 13, 2021. The subject of the Motion to Compel involves disputes over discovery and evidence offered by the Debtors in support of the RSA Motion.

12. More specifically, in support of the RSA Motion, the Debtors offered certain evidence in the form of declarations, deposition testimony, and multiple rounds of heavily redacted document productions. The document productions and testimony have been the subject of various discovery disputes in which certain parties in interest, including Hartford, argue, among other things, the Debtors are inexcusably withholding information and wrongfully asserting privilege as a shield.

13. On July 27, 2021, this Court held a hearing to consider the discovery disputes. During that hearing, the Court advised that it believes certain materials and information regarding the RSA, including board meeting minutes and documents reflecting (i) what the debtors considered; (ii) when the debtors considered it; (iii) what the debtors decided; and (iv) what the debtors did not consider in entering into the RSA are presumptively discoverable. Despite the Court's position, the Debtors continue to arbitrarily withhold and/or redact documents and information using privilege as a shield. This information is vital to allow the parties in interest and the Court to properly evaluate the basis for the Debtors' decision to enter into the RSA. Additionally, the Debtors have not agreed to withdraw their supplemental declarations, which were inappropriately submitted with their reply.

14. Accordingly, the discovery dispute must be resolved or adjudicated before the Court can consider the RSA Motion. Failure to obtain the relief requested in the Motion to Compel will immediately and irreparably harm the Moving Insurers.

15. Hartford respectfully submits that a hearing on shortened notice for the relief requested in the Motion to Compel, will not unduly prejudice other parties in interest. To the

contrary, an expeditious resolution of the Motion to Compel is in the interests of the Debtors, their estates, creditors, and interest holders, because it will limit the potential issues before the Court at the hearing on the RSA Motion.

16.  Accordingly, Hartford requests that the Court schedule the hearing on the Motion to Compel to be held on August 6, 2021, or at the Court's earliest convenience, with objections to be filed in advance of or made at such hearing.

### LOCAL RULE 9006-1(e), CERTIFICATION

17.  Pursuant to Local Rule 9006-1(e), Hartford notified counsel to the Debtors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Official Committee of Unsecured Creditors (the "Committee"), the Official Committee of Tort Claimants (the "TCC"), the Coalition of Abused Scouts for Justice (the "Coalition"), and the Future Claimants' Representative (the "FCR" and together with the U.S. Trustee, Committee, TCC, Coalition, and FCR, the "Notice Parties") as soon as reasonably practicable prior to filing this Motion to Shorten.  As of the filing of this Motion to Shorten, counsel to the Debtors did not agree to the timeframe requested by the Moving Insurers, but offered that the Debtors would respond to the Motion to Compel on or before August 9, 2021 at 12:00 p.m. (ET).  Hartford has not received any responses from the other Notice Parties.

### NOTICE

18.  Notice of this Motion to Shorten has been given to the following parties or, in lieu thereof, to their counsel: (a) the Debtors; (b) the U.S. Trustee, (c) the Committee; (d) the TCC; (e) the FCR; and (f) any party that has requested notice under Bankruptcy Rule 2002. Hartford submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, Hartford respectfully requests that this Court enter an order, substantially in the form attached as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as is just and proper.

Date: August 4, 2021
       Wilmington, Delaware

BAYARD, P.A.

/s/ *Gregory J. Flasser*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, D.E. 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
Email: efay@bayardlaw.com
       gflasser@bayardlaw.com

-and-

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Annette P. Rolain (admitted *pro hac vice*)
Sara K. Hunkler (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, D.C. 20006
Tel: (202) 469-7750
Fax: (202) 469-7751

-and-

Philip D. Anker (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel: (212) 230-8890
Fax: (212) 230-8888

-and-

Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company,
Hartford Accident and Indemnity Company,
Twin City Fire Insurance Company and Navigators
Specialty Insurance Company*