# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
|  | Re Dkt. No.  5898 |
|  | Hearing Date: To Be Determined |
|  | Objection Deadline: To Be Determined |

**MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE, THE OFFICIAL COMMITTEE OF TORT CLAIMANTS, AND THE FUTURE CLAIMS REPRESENTATIVE TO SHORTEN NOTICE PERIOD WITH RESPECT TO THE MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE, THE OFFICIAL COMMITTEE OF TORT CLAIMANTS, AND THE FUTURE CLAIMS REPRESENTATIVE TO STRIKE TESTIMONY REGARDING THE REASONABLENESS OF THE HARTFORD SETTLEMENT**

The Coalition of Abused Scouts for Justice (the "**Coalition**"), the Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC (the "**TCC**"), and the Future Claims Representative (the "**FCR**" and together with the Coalition and the TCC, the "**Supporting Parties**"), by and through their undersigned counsel, hereby submit this motion to shorten notice (the "**Motion to Shorten**") for entry of an order scheduling an expedited hearing and shortening the notice period regarding the *Motion of the Coalition of Abused Scouts for Justice, the Official Committee of Tort Claimants, and the Future Claims Representative to Strike Testimony regarding the Reasonableness of the Hartford Settlement* [D.I. 5898] (the

---

[1]  The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

"**Motion in Limine**").[2]  In support of this Motion to Shorten, the Supporting Parties respectfully

state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**")

has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated as of

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.[3]

2.      The bases for the relief requested herein are section 105(a) of the Bankruptcy

Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

## BACKGROUND

3.      The relevant factual and procedural background is set forth in the Motion in

Limine.  The facts contained in the Motion in Limine are incorporated herein by reference as if

set forth in full herein.

## RELIEF REQUESTED

4.      The Supporting Parties respectfully request the Court enter an order, substantially

in the form attached hereto as **Exhibit A**, (i) shortening notice and objection periods with respect

to the Motion in Limine, (ii) scheduling the Motion in Limine to be heard at a hearing date to be

determined (the "Hearing Date"), (iii) establishing the Hearing Date as the deadline for

responding to the Motion in Limine, (iv) reserving the Supporting Parties' right to reply to any

---

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion in Limine.

[3]  Pursuant to Local Rule 9013-1(f), the Debtors hereby consent to the entry of a final judgment or order in connection with this
    Motion if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order
    consistent with Article III of the United States Constitution.

responses or objections to the Motion in Limine at or prior to the hearing; and (v) granting such other relief as the Court deems equitable and just.

## BASIS FOR RELIEF REQUESTED

5.      Local Rule 9006-1(c)(i) provides that "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date."

6.      However, Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) permit the Court to shorten time periods set by the Bankruptcy Rules "for cause shown" or for "exigencies justifying shortened notice." Fed. R. Bankr. P. 9006(c); Del. Bankr. L.R. 9006-1(e). Bankruptcy Courts routinely grant motions to shorten notice given the exigencies and the "accelerated time frame of bankruptcy proceedings." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012); *Hester v. NCNB Nat'l Bank*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

7.      For the reasons set forth in the Motion in Limine, the Supporting Parties submit that sufficient cause exists to grant the relief requested herein. The *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "**RSA Motion**") is scheduled to be heard by the Court on August 12 and 13, 2021. The subject of the Motion in Limine concerns whether Hartford or any other interested party should be permitted to offer testimony or evidence as to the reasonableness of the Hartford Settlement in opposing the RSA Motion where such testimony or evidence is based on undisclosed analysis of the Abuse Claims and Hartford's potential coverage obligations for such Abuse Claims. Given the Motion in Limine concerns what testimony and evidence may properly be offered at the hearing on the RSA Motion, the Motion in Limine must be resolved or adjudicated before the RSA Motion hearing.

8.      The Supporting Parties respectfully submit that a hearing on shortened notice for the relief requested in the Motion in Limine will not unduly prejudice other parties in interest. To the contrary, an expeditious resolution of the Motion in Limine is in the interest of all interested parties because it will inform the proper scope of the testimony and evidence that may be offered at the RSA Motion hearing.

9.      Accordingly, the Supporting Parties respectfully request that the Court schedule the hearing on the Motion in Limine at a time to be determined at the Court's earliest convenience, with objections to be filed at or in advance of such hearing.

## LOCAL RULE 9006-1(e) AVERMENT AND NOTICE

10.     Pursuant to Local Rule 9006-1(e), the Supporting Parties notified counsel to Hartford, Century, the Debtors, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and the Official Committee of Unsecured Creditors (the "**UCC**").  As of the filing of this Motion to Shorten, counsel to Hartford did not consent to the relief sought by this Motion to Shorten, and counsel to no other notified party otherwise responded.

11.     Notice of this Motion to Shorten has been given to the following parties or, in lieu thereof, to their counsel: (a) the Debtors; (b) the U.S. Trustee; (c) the UCC; and (d) any party that has requested notice under Bankruptcy Rule 2002.  The Supporting Parties submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Supporting Parties respectfully request that this Court enter an order substantially in the form attached hereto as **Exhibit A**: granting (i) the relief requested herein and (ii) such other and further relief as may be just, equitable and proper.

Dated: August 6, 2021
Wilmington, Delaware

MONZACK MERSKY AND BROWDER, P.A.

/s/ Rachel B. Mersky
(DE No. 2049)
1201 North Orange Street
Suite 400
Wilmington, Delaware 19801
Telephone:    (302) 656-8162
Facsimile:    (302) 656-2769
E-mail:    RMersky@Monlaw.com


-and-

BROWN RUDNICK LLP
David J. Molton, Esq. (admitted *pro hac vice*)
Eric R. Goodman, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
E-mail: DMolton@BrownRudnick.com
E-mail: EGoodman@BrownRudnick.com

and

Sunni P. Beville, Esq. (admitted *pro hac vice*)
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
E-mail: SBeville@BrownRudnick.com
E-mail: TAxelrod@BrownRudnick.com

*Counsel to the Coalition of Abused Scouts for Justice*

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
James I. Stang (admitted *pro hac vice*)
Robert B. Orgel (admitted *pro hac vice*)
Iain A.W. Nasatir (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705

Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email: jstang@pszjlaw.com
    rorgel@pszjlaw.com
    inasatir@pszjlaw.com
    joneill@pszjlaw.com
    jlucas@pszjlaw.com

    -and-

PASICH LLP

Kirk Pasich
10880 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Telephone:  (424) 313-7850
KPasich@PasichLLP.com

    -and-

Jeffrey L. Schulman
757 Third Avenue, 20th Floor
New York, New York 10017
Telephone:  (212) 686-5000
JSchulman@PasichLLP.com

*Counsel for the Tort Claimants' Committee*


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edwin J. Harron*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:        rbrady@ycst.com
    eharron@ycst.com
    szieg@ycst.com

*Counsel to the Future Claimants' Representative*