# Ex. 6

**WHITE & CASE**

July 31, 2021

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

**VIA E-MAIL**

whitecase.com

Tancred Schiavoni
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
tschiavoni@omm.com

RE: *In re Boy Scouts of America*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020)

Dear Mr. Schiavoni,

We write in connection with our meet and confer of July 30 to (i) provide the Debtors' position on "which of the directions not to answer made at the depositions are being withdrawn" as further requested in your email of July 29, (ii) provide an update on the status of our production, and (iii) to confirm the schedule for the continuation of depositions of BSA witnesses. I committed to respond on Monday, but was able to complete the review of your flagged citations earlier.

*First*, when we asked what specific "directions not to answer" that you were referring to, we were referred to the BSA Transcript Cite Samples sent by email from Mr. Cocchiaro to Mr. Andolina and others on July 23, 2021, more than two weeks after we offered to engage you with respect to mediation privilege, and while BSA was in the midst of preparing a reply to the objections to the RSA (which were filed on Thursday July 22) and responding to belatedly filed motions to compel. We note that the undifferentiated Transcript Cite Samples that you referred us to have little to do with directions not to answer. As shown below, the vast majority of the approximately 1200 lines that you "flagged" for our review do not contain any direction not to answer. In the future, please be more careful in raising alleged disputes. We have analyzed the citations that you have "flagged," grouped the citations into five categories, and provide our proposed manner of responding to each of these categories below.

1. **Citations That Include No Instruction Not to Answer**

The first category of flagged citations do not contain any direction not to answer.

| Whittman | Mosby | Ownby |
| --- | --- | --- |
| 101:21-25 | 16:7-17:5 | 16:1-17:24 |
| 115:6-25 | 178:24-181:15 | 18:14-22:7 |
| 116:1-16 | 193:19-25 | 23:15-28:20 |

WHITE & CASE

Tancred Schiavoni, p. 2
July 31, 2021

| Whittman | Mosby | Ownby |
| --- | --- | --- |
| 118:9-119:2 | 196:8-201:5 | 29:10-30:11 |
| 121:13-23 | 197:3-5 | 32:3-14 |
|  | 201:24-205:15 | 74:1-75:11 |
|  | 206:4-206:14 | 83:21-84:14 |
|  |  | 99:16-100:7 |

### 2. Citations Where the Witness Responded to the Question

The second category of flagged citations is where the transcript reflects that the witness responded to the question, notwithstanding a cautionary instruction. In these circumstances, there is plainly no need to further address this matter. These citations include:

| Whittman | Mosby | Ownby |
| --- | --- | --- |
|  |  | 15:19-25 |
|  |  | 17:25-18:13 |
|  |  | 22:8-23:14 |
|  |  | 28:21-29:9 |
|  |  | 178:21-179:10 (answered at 179:21-23) |
|  |  | 227:8-228:1 |

### 3. Citations Where the Witness Was Instructed Not to Respond "to the Extent that" the Response Would Reveal Privileged Information

The third category of flagged citations include situations where the examiner posed a broad question that called for a response that included information protected by the attorney client or mediation privilege. The witness was appropriately instructed not to answer "to the extent" that the response would require the witness to reveal privileged information and, in certain circumstances, the witness indicated that he believed that he could not respond to the question without revealing privileged information. There was little, or no, follow-up. With respect to the flagged citations referenced below, the examiner is free to ask follow-up questions to ascertain the circumstances surrounding the witnesses recollection of the communications to ascertain the provenance of the witnesses view and to receive any non-privileged information in response. .

| Whittman | Mosby | Ownby |
| --- | --- | --- |
| 44:23-45:10 | 201:6-23 |  |
| 171:1-16 | 205:16-206:3 |  |
|  | 273:21-274:8 |  |

**WHITE & CASE**

Tancred Schiavoni, p. 3
July 31, 2021

### 4. Citations Where the Debtors Will Lift the Instruction

The fourth category of flagged citations include situations where the transcript reflects that the witness was instructed not to answer (or there was a colloquy following a witnesses response that precluded further examination). The examining attorney was offered more than once the opportunity to confer "off-line" to discuss the provision of additional information, but elected not to engage. So, resolution was not reached. The Debtors will lift the instruction and allow the witness to answer the questions posed in this category.

| Whittman | Mosby | Ownby |
| --- | --- | --- |
| 128:9-25 | 258:3-259-10 | 50:4-22 |
| | | 52:3-14 |
| | | 58:21-59:4 |
| | | 64:3-65:13[1] |
| | | 90:25-91:15 |
| | | 101:21-102:3 |
| | | 104:24-105:10 |

### 5. Citations Where the Debtors Will Maintain Their Instruction

The fifth category of flagged citations include situations where the examiner asked the witness to reveal either attorney client or mediation privileged information and was instructed by defending counsel not to answer. The Debtors will maintain the instructions referenced at the citations below.

| Whittman | Mosby | Ownby |
| --- | --- | --- |
| 201:9-18 | 48:10-49:7 | 101:9-20 |
| | 56:13-16 | |
| | 69:17-70:5 | |
| | 76:14-20 | |
| | 80:15-82:17 | |

************

*Second*, in response to your email of this afternoon, we will be re-producing all board minutes this evening, along with certain board presentations, with revised redactions. These redactions reflect our effort not to disclose information protected by the attorney-client privilege and the mediation privilege, such as the parties' mediation positions, while also disclosing information the Insurers have requested, including relevant resolutions and authorizations. Please note that the Debtors make this production in a good-faith effort to work cooperatively with the Insurers to resolve this dispute, in accordance with the parties' obligations under Local Rule 7026-1.

---

[1] The examiner asked what Mr. Ownby "[took] into consideration in deciding to authorize … the Restructuring Support Agreement." While Mr. Ownby can provides non-privileged information, the question also calls for Mr. Ownby to reveal privileged information as well. As such, Mr. Ownby will be allowed to answer to the extent that the answer does not reveal any privileged communications.

Tancred Schiavoni, p. 4
July 31, 2021

**WHITE & CASE**

Accordingly, the Debtors do not waive, and shall not be deemed to waive, any privilege as a result of this production.

*Third*, on July 29, the Debtors' requested in a letter sent by Mr. Hershey that the insurers agree to the proposed schedule for the depositions of Messrs. Mosby (August 5), Ownby (August 5), Whittman (August 6) and Desai (August 7). The insurers indicated that they would not agree to schedule the depositions of Messrs. Mosby, Ownby, Desai and Whittman until the Debtors explained whether they would withdraw the directions not to respond included within the "flagged" citations identified in the attachment to Mr. Cocchiaro's July 23 email. While we fail to understand what the "flagged" citations have to do with your availability for a deposition, and explained during our call that any questions that you posed regarding the "flagged" citations would only bear on the content of the deposition as opposed to the date of the deposition, we have nevertheless responded to the flagged citations, the vast majority of which did not contain any direction or instruction not to answer. As we have complied with your inappropriately-imposed gating requirement, we reiterate our request that you confirm that you are available to depose Messrs. Mosby, Ownby, Whittman and Desai on the schedule outlined in Mr. Hershey's letter of July 29, so that we can calendar their depositions.

We are available to meet and confer on this matter over the weekend to the extent that you would like to discuss anything further.

The Debtors reserve all rights.

Sincerely,

*/s/ Glenn M. Kurtz*
**Glenn M. Kurtz**

**T** +212-819-8252
**E** gkurtz@whitecase.com

Cc:     Michael C. Andolina (mandolina@whitecase.com)
        Andrew Hammond (ahammond@whitecase.com)
        Jessica Lauria (jessica.lauria@whitecase.com)
        Matthew Linder (mlinder@whitecase.com)
        Laura Baccash (laura.baccash@whitecase.com)
        Samuel P. Hershey (sam.hershey@whitecase.com)
        Blair Warner (blair.warner@whitecase.com)
        Derek Abbot (dabbot@morrisnichols.com)
        Ernest Martin (ernest.martin@haynesboone.com)
        Adrian Azer (adrian.azer@haynesboone.com)
        All other counsel to the Insurers (by email)

AMERICAS 108435546