Ex. 8

**WHITE & CASE**

August 2, 2021

**VIA E-MAIL**

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

whitecase.com

Tancred Schiavoni
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
tschiavoni@omm.com

**RE:** *In re Boy Scouts of America*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020)

Dear Mr. Schiavoni,

I write in response to yesterday's email from Mr. Cocchiaro.

Your team's continued insistence on not copying our team, despite our repeated requests that you do so, has crossed into the absurd. Your team has now dropped Sam Hershey, who sent you the letter and productions to which you were responding and has clearly "engaged on this issue."[1] These types of games advance nothing.

We confirm that the Debtors have completed their production.

We responded to each and every citation you requested us to review for instructions not to answer, even though most of them did not even contain an instruction. It is not productive for you to ask us to identify for you challenges you have not raised. Indeed, if there were other challenges, you would have included them in your prior request or now. In any case, we are not able to identify your challenges, if any, and are not aware of any. As to your threat to file a motion, you are subject to the meet and confer requirements, which of course require you to identify any issues and discuss them.[2] So, if you have a dispute as to any particular instruction, please let us know what it is and we will review it and confer as necessary. You have not addressed our responses to the issues you have raised, so we assume that the Debtors have resolved all outstanding issues.

As we repeatedly raised, we do not understand your repeated violations of Local Rule 9019 and the Mediation Order, nor have you explained these violations. Your new statement that "the

---

[1]  Mr. Cocchiaro's July 31 email was sent only to me, Mr. Andolina, Mr. Hershey and Derek Abbott, and stated "[w]e are directing this communication at the Debtors' lawyers who have held themselves out as responsible for this issue and for whom we have secured email addresses." Yet your team excluded them 30 hours later.

[2]  Note also that your colleague's inference that you prevailed on your last motion to compel is incorrect.

Tancred Schiavoni, p. 2
August 2, 2021

Court rejected the Debtors' position on mediation privilege" is incorrect, as is your suggestion that you received relief on your motion. Rather, the Court stated that "minutes," "resolutions" and "presentations" relating to the board's consideration of the RSA are not covered by the privilege, but "[i]f the particular documents . . . contain communications that only took place in connection with mediation then perhaps some portion of those documents could be redacted." July 27, 2021 Hr'g Tr. at 24:8-19. As you knew before you sent your email, the Debtors re-produced these documents with redactions consistent with the Court's guidance. We have since completed our production. If you really believe that you are entitled to the privileged documents you again seek, such as drafts of the TDPs and communications with mediation parties regarding the RSA, which are plainly mediation proposals, please explain the basis for your position. We will remain available to meet and confer.

Mr. Andolina did not "coach" any of the witnesses. You are completely incorrect that "coaching" covers customary cautioning of a witness not to reveal privileged information when a question calls for it, as the questions here did. I note, however, that your repeated interruptions of Mr. Andolina while he was giving these instructions, and your remarks to the witness, were inappropriate.

Regarding your request for a privilege log, which was not in your motion, we have provided our position on multiple occasions, including on Friday's call. To state it again, however, the Debtors have no obligation to log documents protected by the mediation privilege, since you are not even allowed to request them. *See* Del. Bankr. L. R. 9019-5(d)(i) ("[N]o person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."). A categorical log, which we have already provided, is beyond what is required and gives you all the information you need. In fact, most of the documents are very clear in expressing the basis for the assertion of privilege, including by preceding language that the redaction concerns a mediation party's "proposal."

We gave you notice of the deposition schedule on July 29, now five days ago. We told you that two of our witnesses are volunteers and that Mr. Desai is traveling this week, and we requested that that the proposed dates be locked in. We again requested confirmation in Mr. Hershey's July 29 email, during our call on July 30, and in my letter of July 31. You have not even given us the courtesy of responding, but certainly nobody has said they are unavailable, so we will be producing our witnesses on those dates, which they have been holding. We intend to start Mr. Ownby's deposition on August 5 at 8:00 am CT, and Mr. Mosby's at 2:00 pm CT. All depositions will be conducted via Zoom.

This schedule sets all depositions 10 days since the Debtors provided Mr. Desai and Mr. Whittman's declarations. We began our supplemental production 11 days before the start of depositions, and the insurers will have had the entirety of the Debtors' supplemental production for between three and five full days before the depositions. Finally, all four witnesses are being produced more than five days before the RSA hearing. We are available to meet and confer to the extent that you would like to discuss anything further. The Debtors reserve all rights.

Sincerely,

WHITE & CASE

Tancred Schiavoni, p. 3
August 2, 2021

*/s/ Glenn M. Kurtz*
**Glenn M. Kurtz**

**T** +212-819-8252
**E** gkurtz@whitecase.com

Cc:     Michael C. Andolina  (mandolina@whitecase.com)
        Andrew Hammond  (ahammond@whitecase.com)
        Jessica Lauria (jessica.lauria@whitecase.com)
        Matthew Linder  (mlinder@whitecase.com)
        Laura Baccash (laura.baccash@whitecase.com)
        Samuel P. Hershey (sam.hershey@whitecase.com)
        Blair Warner (blair.warner@whitecase.com)
        Derek Abbot (dabbot@morrisnichols.com)
        Ernest Martin  (ernest.martin@haynesboone.com)
        Adrian Azer (adrian.azer@haynesboone.com)
        All other counsel to the Insurers (by email)