Ex. 15

WHITE & CASE

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

July 8, 2021

**VIA E-MAIL**

Philip D. Anker
philip.anker@wilmerhale.com

Todd C. Jacobs
tjacobs@bradleyriley.com

Konrad R. Krebs
konrad.krebs@clydeco.us

Mark D. Plevin
mplevin@crowell.com

Michael A. Rosenthal
mrosenthal@gibsondunn.com

Tancred Schiavoni
tschiavoni@omm.com

Margaret H. Warner
mwarner@mwe.com

   **RE:** *In re Boy Scouts of America*, **Case No. 20-10343 (LSS) (Bankr. D. Del. 2020)**

Dear all:

I write regarding the discovery requests that your clients (the "Insurers") served on the Debtors on July 2 and 3, 2021 (the "Insurer Requests"). As the Insurers are aware, pursuant to the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the "Mediation Order") entered by Judge Silverstein in the Debtors' chapter 11 cases, the Debtors, their creditors, the Insurers and other parties have been engaged in court-ordered mediation for many months. The scope of the mediation is broadly defined under the Mediation Order to include "the comprehensive resolution of issues and claims in BSA's chapter 11 case through a chapter 11 plan . . . which includes, without limitation, all matters that may be the subject of a motion seeking approval by the Court of solicitation procedures and/or forms of plan ballots, a disclosure statement, or confirmation of a chapter 11 plan[.]" Mediation Order ¶ 2.

Philip D. Ankar, *et al.*, p. 2
July 8, 2021

**WHITE & CASE**

As the Insurers are aware, the mediation is governed by Delaware law. Under Rule 9019 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), "the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by witnesses in the course of the mediation." Del. L. Bankr. R. 9019-5d(i). This rule is also expressly incorporated by reference in the Mediation Order. *See* Mediation Order ¶ 7 ("The provisions of Local Rule 9019-5d pertaining to 'Confidentiality of Mediation Proceedings' shall govern the Mediation[.]").[1] The Insurers are expressly bound by the terms of the Mediation Order. *See id*. Ex. 1. Additionally, Local Rule 9019 also provides that "no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Del. L. Bankr. R. 9019-5d(i).

As set forth in the Debtors' accompanying responses, many of the Insurer Requests call for information and materials that the Debtors, the Insurers and other parties disclosed during the mediation sessions, in clear violation of Local Rule 9019 and the Mediation Order. For example, the Propounding Insurers seek, among other things, "All Documents Concerning Communications with State Court Counsel, the Coalition, TCC, FCR and/or their counsel Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.'" *See* Propounding Insurers Request for Production No. 7. Similarly, Century (which is also a Propounding Insurer) seeks, among other things, "All Documents that You reviewed and/or relied upon in evaluating and/or deciding to agree to Section II.E of the Hartford Settlement that were provided to You by Hartford and/or its counsel, consultants, and/or any other agents of Hartford." *See* Century Request for Production No. 1. And Hartford seeks, among other things, "All Documents and Communications supporting or refuting your assertion in the Third Amended Plan and Third Amended Disclosure Statement that 'all of the parties representing holders of Direct Abuse Claims,' including the TCC, Coalition, and FCR, oppose the BSA/Hartford Settlement Agreement and 'would vote to reject any plan of reorganization that includes the terms and provisions' of the BSA/Hartford Settlement Agreement." *See* Hartford Request for Production No. 8.

The Debtors take their obligations to protect mediation confidentiality seriously. Please confirm that the Insurers intended to exclude from the Insurer Requests material subject to the mediation privilege. Otherwise, please explain the Insurers' basis for demanding material that cannot be requested or disclosed under Local Rule 9019 and the Mediation Order. The Debtors reserve all rights and remedies.

---

[1] Additionally, the agreements governing the mediation contractually bind the Debtors not to disclose confidential mediation information. *See, e.g.*, Mediation Order Ex. 3 (Gallagher Agreement) ¶ 7(a) ("All statements made, information disclosed, and documents prepared in connection with the mediation process are confidential . . . [and] are non-discoverable by any person . . . from any Party or other person who obtained them in connection with or as a result of the mediation process[.]").

**WHITE & CASE**

Philip D. Ankar, *et al.*, p. 3
July 8, 2021

Best regards,

*/s/ Glenn Kurtz*

**Glenn Kurtz**

**T** +212-819-8252
**E** gkurtz@whitecase.com

Cc:  Michael C. Andolina (mandolina@whitecase.com)
  Andrew Hammond (ahammond@whitecase.com)
  Jessica Lauria (jessica.lauria@whitecase.com)
  Matthew Linder (mlinder@whitecase.com)
  Laura Baccash (laura.baccash@whitecase.com)
  Samuel P. Hershey (sam.hershey@whitecase.com)
  Blair Warner (blair.warner@whitecase.com)
  Derek Abbot (dabbot@morrisnichols.com)
  Ernest Martin (ernest.martin@haynesboone.com)
  Adrian Azer (adrian.azer@haynesboone.com)
  All other counsel listed on the Insurer Requests (by email)