Ex. 19

**WHITE & CASE**

July 22, 2021

**VIA E-MAIL**

Tancred Schiavoni
O'Melveny & Myers LLP
Times Square Tower
New York, NY 10036
tschiavoni@omm.com

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**whitecase.com**

**RE: *In re Boy Scouts of America*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020)**

Dear Tanc:

I write in response to your email from last night at 9:53 p.m. ET.

First, your request that the Debtors produce unredacted copies of certain documents is untimely and improper. As you know, the Debtors served documents, including board minutes and presentation materials, on July 8 and 12, and noted the basis for their redactions in a letter to the insurers. The Debtors subsequently produced three witnesses who were questioned extensively using these documents. Waiting nine days after the Debtors completed their document production, and seven days after the start of depositions, to object for the first time to the Debtors' privilege redactions is untimely and appears designed to delay the schedule.[1]

Your objection is also without merit. You provide no basis for your request for the board minutes and presentations that are protected by the attorney-client privilege, work product doctrine and the mediation privilege. Specifically, the materials reflecting Alvarez and Marsal's work product are covered by the mediation privilege where they reflect the Debtors' or another party's position in the mediation.[2] Additionally, these materials reflect joint legal and financial advice regarding the terms of evolving settlement discussions, and counsel have worked closely with Alvarez and Marsal and relied on their analysis in formulating legal advice. These materials are thus protected from disclosure on that basis as well. *See Imperati v. Semple*, No. 3:18-cv-01847 (RNC), 2020 U.S. Dist. LEXIS 205791, at *63 (D. Conn. Nov. 3, 2020) (where

---

[1] Your only previous objection to the Debtors' document production occurred on July 9—before the Debtors had produced any redacted documents—when you asked the Debtors for additional materials, which the Debtors subsequently produced. In addition, the Debtors provided their position regarding the mediation privilege in a letter to the insurers on July 8, and invited the insurers to likewise state their positions and to meet and confer. You refused in three separate emails to state your position, and you declined to meet and confer.

[2] The Debtors repeat their request that you explain your basis for seeking materials protected by the mediation privilege, in violation of Local Rule 9019 and the Mediation Order. The Debtors first made this request on July 8—two full weeks ago—and you still have not responded.

**WHITE & CASE**

Tancred Schiavoni, p. 2
July 22, 2021

"non-lawyer consultant's advice" is "necessary, or at least highly useful for the effective consultation between the client and the lawyer," it is protected by the attorney-client privilege).

Second, as explained in the Debtors' July 20 letter (to which you have not responded), your objection to "boilerplate" objections is irrelevant because the Debtors have not withheld documents on the basis of those objections. We also note that Century uses the same objections, and would advise you to consider Century's responses to the Debtors' interrogatories before accusing the Debtors of being non-responsive. We reject the suggestion that our revised interrogatory responses are "not responsive," as the Debtors have attempted to provide additional information about mediation meetings, despite the fact that they believe this line of inquiry is wholly irrelevant. In that regard, we note that your continued refrain that Century "has been excluded" from discussions is simply not accurate.

Third, we ask that you explain why, if you believe the additional information you seek is important to your objection, you waited until 9:53 p.m. ET on the eve of your objection deadline to request it. As mentioned above, please also provide your position as to why the requested materials are not privileged and identify how such materials are important to your objection.

We reserve all rights.

Sincerely,

*/s/ Samuel P. Hershey*
**Samuel P. Hershey**

**T** +212-819-2699
**E** sam.hershey@whitecase.com

Cc:   Glenn M. Kurtz (gkurtz@whitecase.com)
       Michael C. Andolina (mandolina@whitecase.com)
       Andrew Hammond (ahammond@whitecase.com)
       Jessica Lauria (jessica.lauria@whitecase.com)
       Matthew Linder (mlinder@whitecase.com)
       Laura Baccash (laura.baccash@whitecase.com)
       Blair Warner (blair.warner@whitecase.com)
       Derek Abbot (dabbot@morrisnichols.com)
       Ernest Martin (ernest.martin@haynesboone.com)
       Adrian Azer (adrian.azer@haynesboone.com)
       All other counsel to the Propounding Insurers (by email)