**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 5903** |
| | **Objection Deadline:** **At the hearing on the Motion to Compel** |

## MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS REGARDING DEBTORS' OBJECTION TO MOVING INSURERS' MOTION TO COMPEL AND FOR ADDITIONAL RELIEF AND IN THE ALTERNATIVE MOTION IN LIMINE

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations

that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the

"Debtors"), submit this motion (the "Motion") to exceed the page limit for the *Debtors' Objection*

*to Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in*

*Limine* (the "Objection"),[2] filed concurrently herewith.  In support of this Motion, the Debtors

respectfully state as follows:

### JURISDICTION AND VENUE

1.     These chapter 11 cases are being jointly administered for procedural purposes only

pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules").

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    All terms capitalized but not otherwise defined herein are defined in the Objection.

2.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory and other bases for the relief requested in this Motion are Local Rule 7007-2 and this Court's General Chambers Procedures (the "General Chambers Procedures"), dated March 26, 2018.

## BACKGROUND

4.     On August 4, 2021, the Moving Insurers filed under seal the *Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine* (D.I. 5881) (the "Motion to Compel").

5.     On August 9, 2021, the Debtors filed the Objection to the Motion to Compel (D.I. 5903).

## RELIEF REQUESTED

6.     By this Motion, the Debtors respectfully request entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, granting the Debtors leave to exceed the page limit with respect to the Objection.

## BASIS FOR RELIEF

7.     Local Rule 7007-2 and the General Chambers Procedures provide that no answering brief shall exceed thirty pages.  Del. Bankr. L. R. 7007-2 ("Without leave of Court, no

opening or answering brief shall exceed thirty (30) pages . . . exclusive of any tables of contents and citations."); General Chambers Pro. at 3, § 2(a)(vi) ("All briefs and memoranda (in main bankruptcy cases and in adversary proceedings) must comply with Del. Bankr. LR 7007-2 (form and content of briefs))."  An answering brief may, however, exceed thirty pages with leave of the court.  Del. Bankr. L. R. 7007-2.

8.      In response to the Motion to Compel, the Debtors must clarify the record with respect to the discovery disputes between the Debtors and Moving Insurers.  The Debtors must also address the numerous legal and factual issues that the Moving Insurers raised in the Motion to Compel, including (1) the Moving Insurers' failure to meet and confer in good faith pursuant to Local Rule 7026-1, (2) the Moving Insurers' allegations regarding the Debtors' document production, (3) the Moving Insurers' continuous violations of the Mediation Order and Local Rule 9019, (4) the Moving Insurers' "at issue" waiver arguments, with substantial purported authority being offered for the first time, and (5) the Moving Insurers' requests to preclude evidence at the hearing on the RSA Motion.

9.      Although the Debtors have made the Objection as succinct as possible, under the circumstances the Debtors cannot provide this Court with the information necessary for the full and fair adjudication of issues presented within the thirty-page limit.  The Debtors therefore request that the Court permit the Debtors to exceed the page limit set by Local Rule 7007-2.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and any further relief as the Court may deem just and proper.

Dated:  August 9, 2021
   Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Michelle M. Fu (No. 6661)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 351-9314
Email: dabbott@morrisnichols.com
   aremming@morrisnichols.com
   ptopper@morrisnichols.com
   mfu@morrisnichols.com

– and –

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email: jessica.lauria@whitecase.com
   gkurtz@whitecase.com
   ahammond@whitecase.com
   sam.hershey@whitecase.com

– and –

WHITE & CASE LLP

Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
   mlinder@whitecase.com
   laura.baccash@whitecase.com
   blair.warner@whitecase.com

*Attorneys for Debtors and Debtors in Possession*

## **Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. ____** |

**ORDER GRANTING DEBTORS' MOTION FOR LEAVE TO EXCEED PAGE
LIMITATIONS REGARDING DEBTORS' OBJECTION TO MOVING INSURERS'
MOTION TO COMPEL AND FOR ADDITIONAL RELIEF AND IN THE
ALTERNATIVE MOTION IN LIMINE**

Upon the motion (the "<u>Motion</u>") of the Debtors for entry of an order (the "<u>Order</u>") to exceed the page limit for the *Debtors' Objection to Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine* (the "<u>Objection</u>"); and after due deliberation, the Court having determined that good and sufficient cause has been shown,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED.

2.  The Debtors are authorized to exceed the page limit prescribed by Local Rule 7007-2 and the General Chambers Procedures with respect to the Objection.

3.  The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____, 2021
        Wilmington, Delaware

_____
**THE HON. LAURIE SELBER SILVERSTEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038