IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | ) ) | Case No. 20-10343 (LSS) |
| | ) | Jointly Administered |
| | ) | |
| Debtors[1]. | ) ) | **PUBLIC VERSION FILED: AUGUST 9, 2021** |
| | ) ) | Re: Docket No. 5902 |

**VERIFIED STATEMENT OF ABUSED IN SCOUTING
PURSUANT TO RULE OF BANKRUPTCY PROCEDURE 2019**

Pursuant to Rule 2019 of the Rules of Bankruptcy Procedure and the Court's order dated August 9, 2021 (Docket No. 5902), Abused in Scouting ("AIS"), hereby submits this verified statement in the Chapter 11 cases of the above-captioned debtors and, in support thereof, states:

1. AIS is a cooperative effort by three law firms to represent, counsel, inform, advise and advocate for victims of child sexual abuse suffered as a result of the conduct of the Debtors in these Chapter 11 cases. Timothy Kosnoff is an attorney with Kosnoff Law, PLLC who has represented victims of child sexual abuse for decades. Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. is a ten-attorney Philadelphia-based law firm concentrating its practice in the area of complex plaintiff-side personal injury litigation and has represented sexual abuse victims for years. AVA Law Group, Inc. is a law firm that handles plaintiff-side personal injury actions, including those involving sexual abuse victims.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2.  In late 2018, news broke that the Debtors were considering the use of Chapter 11 bankruptcy to discharge the claims of sexual abuse victims. In early 2019, Mr. Kosnoff approached Stewart Eisenberg and Ken Rothweiler with whom he had previously worked successfully on Boy Scout sexual abuse cases. They met in Philadelphia and discussed their mutual concern that countless men would lose their legal rights forever if the Debtors were successful in securing a pre-packaged bankruptcy with only a few claimants' attorneys with pending lawsuits against the BSA. They were determined to take action to raise awareness across the country and to protect the sexual abuse victims.

3.  While Mr. Kosnoff had extensive experience representing sexual abuse victims, he had never been involved in a mass tort case and was unfamiliar with television advertising. Mr. Eisenberg had some familiarity with mass torts and television advertising and suggested that the two speak with Andrew Van Arsdale of AVA Law Group, Inc. The three firms then agreed to associate for the purposes of reaching out to those who had been abused while engaged in scouting, informing them of the Debtors' intention to extinguish the victims' legal rights through bankruptcy and offering legal representation. It was agreed that the law firms, *i.e.* Kosnoff Law, PLLC; AVA Law Group, Inc. and Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. (the "Law Firms"), would represent as co-counsel any clients generated through this outreach effort on a contingency fee basis.

4.  AIS was never organized as a law firm, corporation, partnership, joint venture, limited liability company or legal entity of any kind. Rather, Mr. Kosnoff had purchased a URL called AbusedinScouting.com before the Law Firms' co-counsel association began.

5.  Since neither AIS nor the Law Firms working together was ever formally organized into a legal entity, there exist no documents reflecting the formation and governance of AIS. AIS

has no board of directors, advisory board, officers, employees, steering committee or any other leadership or operating structure.

6. AIS, *per se*, has not agreed to act on behalf of any entity or person in these Chapter 11 cases. AIS has not entered an appearance in these cases. Rather, the Law Firms act as co-counsel for the claimants who have engaged them.

7. Attached as Exhibit A is a list of all Abuse Victims represented by the Law Firms in these Chapter 11 cases (the "Abuse Victims"). As required by Rule 2019(c)(2)(A), names, addresses and claim numbers are supplied for each Abuse Victim. Personally Identifiable Information has been provided to Permitted Parties (as defined in the Bar Date Order) entitled to receive Personally Identifiable Information thereunder and subject to the confidentiality restrictions set forth in the Bar Date Order. In addition, the Law Firms are permitted, but not required, in their sole and absolute discretion, to provide access to Personally Identifiable Information to a party to the *Order Approving Confidentiality and Protective Order* [D.I. 799] (the "Protective Order"), so long as such access to Personally Identifiable Information is subject to designation as "Committee Advisor Only" pursuant to the terms of the Protective Order. Detailed information regarding the Abuse Claims has been provided to Permitted Parties through access to the Proofs of Claim. Accordingly, a summary of the incident data for each Abuse Victim is not attached hereto as it is cumbersome and access to the Proofs of Claim provides the required details in a more readable fashion.

8. Each Abuse Victim listed in Exhibit A holds an unliquidated sexual abuse tort claim against the Debtors, among others. Additional claims against the Debtors may include, but are not necessarily limited to, unsecured claims and administrative claims. The unliquidated nature of

these tort claims disallows disclosure of a specific "amount" of each Abuse Victim's disclosable economic interest.

9. The Law Firms represent 15,103 Abuse Victims. Of that group, 3,054 are also members of the Coalition of Abused Scouts for Justice (the "Coalition").

10. Each of the Abuse Victims has employed the Law Firms under a signed engagement letter with all three Law Firms. The signed engagement letter authorizes the Law Firms to act on behalf of each of the Abuse Victims as it relates to their sexual abuse tort claim. A blank exemplar of an engagement letter is attached as <u>Exhibit B</u>.

11. Attached as <u>Exhibit C</u> are the declarations executed by individuals with authority to act for each of the Law Firms verifying the accuracy and truthfulness of the information contained in this Statement and the exhibits hereto.

12. Nothing in this Statement should be construed as (i) a waiver or release of any claims filed or to be filed against, or interests in, the Debtors held by any of the Abuse Victims represented by the Law Firms, or (ii) a limitation upon, or waiver of, any Abuse Victim's rights to assert, file and/or amend his or her claim in accordance with applicable law and any orders entered in these cases establishing procedures for filing proofs of claim.

13. Other than as disclosed herein, the Law Firms and AIS do not represent or purport to represent any other entities with respect to these Chapter 11 cases. In addition, the individual Law Firms and Abuse Victims they represent do not purport to act, represent or speak on behalf of AIS or any other entity or entities in connection with these Chapter 11 cases.

14. AIS and the Law Firms reserve the right to amend or supplement this Statement as necessary in accordance with Rule 2019.

-5-

15. The information contained in this Statement is intended only to comply with Rule 2019 and is not intended for any other use or purpose.

Respectfully submitted,

| **WILKS LAW, LLC** | **HOGAN♦McDANIEL** |
|---|---|
| */s/ David E. Wilks* | */s/ Daniel K. Hogan* |
| David E. Wilks (DE No. 2793) | Daniel K. Hogan (DE No. 2814) |
| 4250 Lancaster Pike, Suite 200 | Garvan F. McDaniel (DE No. 4167) |
| Wilmington, Delaware 19805 | 1311 Delaware Avenue |
| Telephone: 302-225-0850 | Wilmington, Delaware 19806 |
| Facsimile: 302-225-0851 | Telephone: 302-656-7596 |
| Email: dwilks@wilks.law | Facsimile: 302-656-7599 |
| | Email: dkhogan@dkhogan.com |
| *Attorneys for Kosnoff Law, PLLC and AVA Law Group, Inc.* | Email: gfmcdaniel@dkhogan.com |
| | *Attorneys for Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.* |

Dated: August 9, 2021