IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 5881 & 5882** |

### HARTFORD'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING HARTFORD TO FILE UNDER SEAL (I) MOVING INSURERS' MOTION TO COMPEL AND FOR ADDITIONAL RELIEF AND IN THE ALTERNATIVE MOTION IN LIMINE, AND (II) CERTAIN EXHIBITS TO THE DECLARATION OF ERIN R. FAY IN SUPPORT OF MOTION TO COMPEL

Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, "Hartford") file this motion (the "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing Hartford to file under seal (a) the *Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine* [D.I. 5881] (the "Motion to Compel"), and (b) certain exhibits attached to the *Declaration of Erin R. Fay in Support of Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine* [D.I. 5882] (the "Fay Declaration"), and (ii) directing that the Confidential Information (as defined below) shall remain under seal and confidential pursuant to the terms of the Protective Order (as defined below) entered in these cases and not be made available to anyone, except to the Court and the Office of the United States Trustee for the District

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

of Delaware (the "U.S. Trustee"); and (iii) granting related relief. In support of the Motion, Hartford respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Hartford confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. This Court has previously entered (i) the *Order Approving Confidentiality and Protective Order* (June 8, 2020) [D.I. 799], which entered Exhibit 1 the *Confidentiality and Protective Order* [D.I. 799-1] (the "Protective Order"), and (ii) the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* (June 9, 2020) [D.I. 812].

5. On July 1, 2021, the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(B) and 105(A) of the Bankruptcy Code, (I) Authorizing the Debtors to*

*Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion").

6. In support of the RSA Motion, the Debtors offered certain evidence in the form of declarations, deposition testimony, and multiple rounds of heavily redacted document production. The document productions and testimony have been the subject of various discovery disputes in which certain parties in interest, including Hartford and the other moving insurers, argue, among other things, that the Debtors are inexcusably withholding information and wrongfully asserting privilege as a shield.

7. On July 27, 2021, this Court held a hearing to consider the discovery disputes. During that hearing, the Court advised that it believes certain materials and information regarding the RSA, including board meeting minutes and documents reflecting (i) what the debtors considered; (ii) when the debtors considered it; (iii) what the debtors decided; and (iv) what the debtors did not consider in entering into the RSA are presumptively discoverable. Despite the Court's position, the Debtors continue to arbitrarily withhold and/or redact documents and information using privilege as a shield. This information is vital to allow parties in interest and the Court to properly evaluate the basis for the Debtors' decision to enter into the RSA. Additionally, the Debtors have not agreed to withdraw their supplemental declarations, which were inappropriately submitted with their reply.

8. To inform the Court regarding their position, the moving insurers filed the Motion to Compel and the Fay Declaration, which reference and include certain deposition testimony, documents and information produced by the Debtors and marked Highly Confidential (the "Confidential Information"). Because the Confidential Information has been marked Highly

Confidential by the Debtors, Hartford seeks leave to file the Confidential Information under seal, pursuant to the terms of the Protective Order.

## RELIEF REQUESTED

9. By this Motion, Hartford requests entry of the Proposed Order (a) authorizing Hartford to file under seal the Confidential Information pursuant to the terms of the Protective Order; (b) directing that the Confidential Information shall remain under seal and confidential and not be made available to anyone, except to the Court and the U.S. Trustee; and (c) granting related relief.

## BASIS FOR RELIEF

10. Section 5.3 of the Protective Order provides that a Producing Party:[2]

> may designate Discovery Material as "**HIGHLY CONFIDENTIAL**" if such Producing Party believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been advised by such other person or entity in good faith) that such Discovery Material contains information that: (a) constitutes a trade secret under applicable law; or (b) contains such highly sensitive financial, personal, or business information that is of such a nature that disclosure to persons other than those identified in Paragraph 7.3 of this Order, as applicable, would present a risk of competitive injury. Such HIGHLY CONFIDENTIAL material includes, but is not limited to, Discovery Material reflecting trade secrets; sensitive financial, personal or business information, including insurance policy information; any financial information provided by an individual Local Council originally designated as "Committee Advisor Only" but converted to "Highly Confidential" pursuant to paragraph 7.4; or those portions of any material prepared by such Producing Party's legal advisors, industry advisors, financial advisors, accounting advisors, experts of consultants (and their respective staff) that are retained by any Party that include or reveal Highly Confidential Discovery Material.

Protective Order § 5.3.

---

[2] Producing Party is defined in the Protective Order as "any person or entity that produces, provides, or makes available Discovery Material to any Party." *See* Protective Order, II

11. Section 7.6 of the Protective Order governs the filing or submitting of Protected Material, which is defined as "Discovery Material designated as 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Section 7.6 provides in relevant part that:

> any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.
>
> Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code.

*Id.* § 7.6.

12. The Debtors designated the Confidential Information as "Highly Confidential." Accordingly, pursuant to the terms of the Protective Order, Hartford requests leave to file under seal the Motion to Compel and Exhibits A, D-L, and N to the Fay Declaration.

### **CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)**

13. Pursuant to Local Rule 9018-1(d), counsel for Hartford certifies that counsel to Hartford and counsel to Debtors as the "Holder of Confidentiality Rights" (as such term is defined in Local Rule 9018-1) conferred in good faith regarding the scope of material to be redacted from the Motion to Compel and the exhibits to the Fay Declaration. The redacted versions of the Motion to Compel and exhibits to the Fay Declaration that were filed reflect such parties' agreement regarding the scope of material to be redacted and remain under seal.

**CONCLUSION**

WHEREFORE, Hartford respectfully requests that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 9, 2021  
       Wilmington, D.E.

BAYARD, P.A.

*/s/ Gregory J. Flasser*  
Erin R. Fay (No. 5268)  
Gregory J. Flasser (No. 6154)  
Bayard, P.A.  
600 North King Street, Suite 400  
Wilmington, D.E. 19801  
Tel: (302) 655-5000  
Fax: (302) 658-6395  
Email: efay@bayardlaw.com  
      gflasser@bayardlaw.com

-and-

James P. Ruggeri (admitted *pro hac vice*)  
Joshua D. Weinberg (admitted *pro hac vice*)  
Annette P. Rolain (admitted *pro hac vice*)  
Sara K. Hunkler (admitted *pro hac vice*)  
Shipman & Goodwin LLP  
1875 K Street NW, Suite 600  
Washington, D.C. 20006  
Tel: (202) 469-7750  
Fax: (202) 469-7751

-and-

Philip D. Anker (admitted *pro hac vice*)  
Wilmer Cutler Pickering Hale and Dorr LLP  
7 World Trade Center  
250 Greenwich Street  
New York, N.Y. 10007  
Tel: (212) 230-8890  
Fax: (212) 230-8888

-and-

Danielle Spinelli (admitted *pro hac vice*)
Joel Millar (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company,*
*Hartford Accident and Indemnity Company,*
*Twin City Fire Insurance Company, and Navigators*
*Specialty Insurance Company*