## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 5881, 5882, & \_\_\_\_\_** |

### ORDER GRANTING HARTFORD'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING HARTFORD TO FILE UNDER SEAL (I) MOVING INSURERS' MOTION TO COMPEL AND FOR ADDITIONAL RELIEF AND IN THE ALTERNATIVE MOTION IN LIMINE, AND (II) CERTAIN EXHIBITS TO THE DECLARATION OF ERIN R. FAY IN SUPPORT OF MOTION TO COMPEL

Upon the motion (the "Motion")[2] of Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, "Hartford") for entry of an order (this "Order") (i) authorizing Hartford to file under seal (a) the *Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine* [D.I. 5881] (the "Motion to Compel"); (ii) certain exhibits attached to the *Declaration of Erin R. Fay in Support of Moving Insurers' Motion to Compel and for Additional Relief and in the Alternative Motion in Limine* [D.I. 5882] (the "Fay Declaration"); (iii) directing that the Confidential Information shall remain under seal and confidential pursuant to the terms of Protective Order entered in these cases and not be made available to anyone, except to the Court and the Office of the United States Trustee for the District of Delaware (the "U.S.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Trustee"); and (4) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Hartford's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Hartford is authorized to file the Confidential Information under seal, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Except upon further order of the Court, the Confidential Information shall remain under seal, and shall not be made available to anyone, except that copies of the Confidential Information shall be provided to the Court and the U.S. Trustee on a confidential basis. Such parties shall be bound by this Order and shall at all times keep the Confidential Information strictly confidential and shall not disclose the Confidential Information to any party whatsoever.

4. Hartford and any party authorized to receive the Confidential Information pursuant to this Order shall, subject to Local Rule 9018-1(c) and without further order of the Court, redact

specific references to the Confidential Information from any and all pleadings filed on the public docket maintained in these chapter 11 cases.

5. This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

6. Hartford is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.