# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re Dkt. Nos. 5466, 5897, 5898, 5905<br><br>Hearing Date: To Be Determined<br>Objection Deadline: To Be Determined |

### REPLY IN SUPPORT OF MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE, THE OFFICIAL COMMITTEE OF TORT CLAIMANTS, AND THE FUTURE CLAIMS REPRESENTATIVE TO STRIKE TESTIMONY REGARDING THE REASONABLNESS OF THE HARTFORD SETTLEMENT

The Supporting Parties,[2] by and through their undersigned counsel, hereby submit this Reply in support of their Motion to Strike to correct the record.

### REPLY

1.  Hartford asserts in its objection (Dkt. No. 5905) to the Motion to Strike that the Court should not bar it from introducing evidence regarding the "reasonableness" of the Hartford Settlement because the Supporting Parties did not serve "any discovery requests" seeking "data and information bearing on Hartford's liability for Abuse Claims." Dkt. No. 5905 at 3-4. Hartford contends that "[a] party's failure to seek discovery, of course, is no grounds to bar evidence." *Id.* But Hartford is incorrect—the Supporting Parties did serve discovery seeking data and information bearing on Hartford's liability for Abuse Claims.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Strike (Dkt. Nos. 5897, 5898).

*2.* The Debtors announced their settlement with Hartford back on April 16, 2021. On April 22, 2021, the Supporting Parties served discovery on the ***Debtors*** in connection with the estimation proceeding (Re Dkt. No. 2391). The following day, on April 23, 2021, the Supporting Parties served discovery on ***Hartford***. *See* Motion to Strike at Ex. B.

*3.* The discovery served on Hartford was served in connection with the Debtors' ***plan*** and ***disclosure statement*** and the estimation proceeding (Re Dkt. Nos. 2295, 2391, 2592 & 2594). *See id.* The Supporting Parties served plan discovery on Hartford to obtain information bearing on the Hartford Settlement. *See id.* at Ex. B—RFP Nos. 1, 2, 3 & 8; RFA Nos. 3, 7, 8, 9 & 10.

*4.* In addition, the Supporting Parties sought discovery on Hartford's liability for Abuse Claims. *See id.* at Ex. B—RFP Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 & 24; RFA Nos. 1, 2, 4, 5 & 6.

*5.* The plan discovery sought from Hartford regarding Hartford's liability for Abuse Claims sought the settlement and verdict data that Hartford and the Debtors have presumably used to value Abuse Claims and quantify Hartford's liability therefor. *See id.* To date, Hartford has stonewalled all efforts to obtain this information. The Supporting Parties attached the plan discovery served on Hartford as **Exhibit B** to the Motion to Strike.

*6.* In its objection, Hartford asserts that the Supporting Parties do not "cite to any discovery requests concerning the ***RSA Motion*** seeking [data and information bearing on Hartford's liability for Abuse Claims]." Dkt. No. 5909 at 4 (emphasis added).

*7.* The RSA Motion was filed on July 1, 2021. *See* Dkt. No. 5466. The discovery requests concerning the data and information bearing on Hartford's liability for Abuse Claims was served in April—over three months ago—in connection with the Debtors' plan and disclosure

statement. The Supporting Parties did not re-serve their plan discovery in connection with the RSA Motion because it was previously served in connection with the plan.

8. Hartford then asserts—in the same breath—that Hartford "did not have to say whether it would disclose data or information because *no one asked*." Dkt. No. 5909 at 4 (emphasis added). In a footnote, Hartford acknowledges that the Supporting Parties served discovery on Hartford in the context of their "*estimation motion*." *Id.* at n.3 (emphasis added). Hartford then argues that this discovery "has nothing to do" with its liability for Abuse Claims because RFP No. 5—one of the twenty-five (25) RFPs that were served—sought "[d]ocuments sufficient to show all liabilities that Hartford has concerning Insurance Policies that the Debtors are proposing to contribute to the Settlement Trust under the Plan." *Id.*

9. But the discovery was also served in connection with the Debtors' *plan*—it was not limited to estimation. And, the requests include over *twenty-eight (28) requests*—not just one—aimed at Hartford's liability for Abuse Claims, including requests that specially target settlement and verdict data.³ The Supporting Parties did, in fact, *ask* Hartford to disclose this information. The Supporting Parties made this "ask" a week after the Debtors announced the Hartford Settlement so they could show that the Hartford Settlement is *not* reasonable.

10. Hartford has stonewalled all discovery on this matter for over three months. This demonstrates litigation tactics at their worst. The Supporting Parties filed the Motion to Strike

---

³ *See, e.g.*, RFP No. 13 ("Documents sufficient to identify each Settlement of an Abuse Claim …"); RFP No. 14 ("Documents sufficient to identify each Verdict in favor of an Abuse Claimant …"); RFP No. 15 ("Documents sufficient to identify each Verdict in favor of the defense concerning an Abuse Claim …"); RFP No. 16 ("All Documents Concerning an Abuse Claim that is not otherwise covered by Requests for Production 13 through 15 …"); *see also* RFP No. 1 ("All Documents that support or refute Your response to … the Requests for Admission …") and RFA No. 2 ("Admit that Hartford is liable under Insurance Policies that the Debtors are contributing to the Settlement Trust under the Plan."), RFA No. 7 ("Admit that the Hartford Settlement does not satisfy the standard for 11 U.S.C. § 363."), and RFA No. 8 ("Admit that the Hartford Settlement does not satisfy the standard for Bankruptcy Rule 9019(b)."); RFP No. 18 ("All Documents prepared by the Debtors or Bates White Concerning Abuse Claims provided to You."); RFP No. 19 ("All Documents Concerning Abuse Claims provided by You to the Debtors or Bates White.").

because Hartford has admittedly linked the RSA Motion to the Hartford Settlement and Hartford will not say unequivocally that it does not intend to offer evidence regarding the reasonableness of the Hartford Settlement at the upcoming hearing on the RSA Motion.  Hartford's refusal to comply with its discovery obligations cannot mean that Hartford can parade before this Court extolling the virtues of its settlement while depriving the survivor representatives of discovery bearing on that very settlement.  This is a matter of basic fairness to the survivors.

## CONCLUSION

WHEREFORE, the Supporting Parties respectfully request that the Court enter an order granting the Motion to Strike and granting the Supporting Parties such other and further relief as the Court deems just and proper.

Dated: August 9, 2021  
Wilmington, Delaware

MONZACK MERSKY AND BROWDER, P.A.

*/s/ Rachel B. Mersky*
(DE No. 2049)
1201 North Orange Street
Suite 400
Wilmington, Delaware 19801
Telephone:    (302) 656-8162
Facsimile:    (302) 656-2769
E-mail:       RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP
David J. Molton, Esq. (admitted *pro hac vice*)
Eric R. Goodman, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
E-mail: DMolton@BrownRudnick.com
E-mail: EGoodman@BrownRudnick.com

and

Sunni P. Beville, Esq. (admitted *pro hac vice*)

Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
E-mail: SBeville@BrownRudnick.com
E-mail: TAxelrod@BrownRudnick.com

*Counsel to the Coalition of Abused Scouts for Justice*

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (admitted *pro hac vice*)
Robert B. Orgel (admitted *pro hac vice*)
Iain A.W. Nasatir (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email: jstang@pszjlaw.com
  rorgel@pszjlaw.com
  inasatir@pszjlaw.com
  joneill@pszjlaw.com
  jlucas@pszjlaw.com

   -and-

PASICH LLP

Kirk Pasich
10880 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Telephone:  (424) 313-7850
KPasich@PasichLLP.com

   -and-

Jeffrey L. Schulman
757 Third Avenue, 20th Floor
New York, New York 10017
Telephone:  (212) 686-5000
JSchulman@PasichLLP.com

*Counsel for the Tort Claimants' Committee*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

<u>*/s/ Edwin J. Harron*</u>
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:         rbrady@ycst.com
          eharron@ycst.com
          szieg@ycst.com

*Counsel to the Future Claimants' Representative*