

James P. Ruggeri
Phone: 202-469-7752
Fax: 202-469-7751
jruggeri@goodwin.com

August 10, 2021

**VIA CM/ECF AND ELECTRONIC MAIL**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Court
   for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

      **Re:** *In re Boy Scouts of America and Delaware BSA, LLC*, **No. 20-10343 (Bankr., D. Del.).**

Dear Judge Silverstein:

     Along with Bayard, P.A. and Wilmer Cutler Pickering Hale & Dorr, LLP, this firm represents Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company ("Hartford").

     Hartford writes, based on new evidence, in connection with Hartford and Century Indemnity Company's ("Century") pending motions for Rule 2004 discovery, filed January 22, 2021 [D.I. 1971 (Hartford & Century); D.I. 1972 (Century)], and argued February 17, 2021. The specter of corruption has cast a shadow over this case since its inception. The explosive *Verified Statement of Kosnoff Law, PLLC Pursuant to Rule of Bankruptcy Procedure 2019* [D.I. 5919; D.I. 5924] ("Kosnoff Law Verified Statement"), filed yesterday, confirms Hartford's suspicions of fraudulent proofs of claims. Further discovery into the bona fides of the abuse claims is warranted to try to make sure that this proceeding is not dictated by the voting block of illegitimate claims. Hartford has copied the United States Trustee's Office on this letter.

     As the Court knows, Hartford, Century and others have sought discovery concerning the proofs of claim and the attorneys who signed them. We first saw Mr. Kosnoff's email of June 28, 2020, explaining his "strategy" to "sit back" and watch the claims arising out of his nationwide ad campaign come in, so that his coalition would "control the case." And, come in they did, exploding from 275 suits and 1,700 claims prepetition to more than 82,000 unique proofs of claim post-petition. Mr. Kosnoff's email coupled with the eruption of proofs of claims, among other things, raised the specter of illegitimate claims if not outright fraud.

     The Coalition tried to downplay Mr. Kosnoff's email as reflecting frustration, not a grand plan, and represented to the Court that Mr. Kosnoff withdrew from the Coalition and the case.

Oct. 14, 2020 Hr'g Tr. at 100:20-21; 123:12-124:10. Mr. Kosnoff's public statements, however, confirmed his continuing active participation. Then, a few months ago, the Court started to receive a raft of letters from AIS claimants. In response, the Court directed Mr. Kosnoff and AIS to respond, by August 9, 2021, to the long-pending Rule 2019 disclosures motions filed by Hartford and Century, which Kosnoff Law and AIS did.

The 2019 disclosures that were just filed are remarkable. According to the Kosnoff Law disclosure, Mr. Kosnoff started a grassroots campaign to recruit abuse claimants in early 2019, first approaching Stewart Eisenberg and then, on Mr. Eisenberg's recommendation, Andrew Van Arsdale. Kosnoff Law Verified Statement ¶ 5. AIS was born, and through it the advertising campaign commenced, which, according to Mr. Kosnoff, led to "copycat advertising campaigns on television and the Internet" by "lawyers serially involved in various mass torts." *Id.* ¶ 13. Importantly, according to Mr. Kosnoff, AIS was founded on "two bedrock principles": (1) no claimants' recovery would be reduced based on statutes of limitation or availability of insurance; and (2) none of the AIS firms would use a master ballot so each claimant would vote his own ballot. True to those bedrock principles, Mr. Kosnoff (as no doubt others did) signed up legally invalid claims. *Id.* ¶ 11. And, as Mr. Kosnoff predicted in his now infamous e-mail, thousands of claims have come in that will, without any scrutiny at all, control the vote in this case and be eligible to receive payment according to the terms set forth in the RSA.

Mr. Kosnoff's Verified Statement discloses more than just the recruitment of legally invalid claims. It discloses fraud (albeit fraud committed by others). According to Mr. Kosnoff, an unnamed firm "digitally signed his name to dozens [of] proofs of claim, without Mr. Kosnoff's knowledge or permission." Kosnoff Law Verified Statement ¶ 17. As the Court will recall, the Insurers pressed hard to require claimants themselves to sign their proofs of claim. The Court denied the Insurers' request because of Rule 3001(b), Oct. 14, 2020 Tr. at 189:20-190:18, after the Coalition acknowledged there would be consequences in the event of improprieties. *Id*. at 188:21-23 (Mr. Goodman: "If there is improper conduct by any attorney, then they're going to have to face the consequences for those actions.").

We now know there are proofs of claim tainted by fraud, though we do not know how many. Still, this issue cannot be ignored, especially in light of the unprecedented explosion of claims. Given Mr. Kosnoff's admission that claims are likely time-barred (a point that a number of RSA objections have made) and others have been fraudulently filed, it may not be appropriate to afford each an equal $1.00 vote with respect to any proposed plan, as Debtors assume will be the case. Indeed, some counsel for claimants have raised this very point. *See Claimants' Supplemental Objection to the Debtors' Motion for Entry of an Order, Pursuant to Section 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5916], ¶¶ 9-16. The parties and the Court should have confidence that plan confirmation is not controlled by the votes of claimants with illegitimate claims.

Should the Court wish to discuss these issues further, we would be pleased to make ourselves available.

The Hon. Laurie S. Silverstein
August 10, 2021
Page 3 of 3

Respectfully submitted,

James P. Ruggeri

cc:     David L. Buchbinder and Hannah M. McCollum, Office of the United States Trustee for the District of Delaware (via electronic mail)
All counsel of record (via CM/ECF)