**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. D.I.: 5466, 5916 & 5928** |

**DEBTORS' MOTION FOR LEAVE TO FILE DEBTORS' RESPONSE TO
CERTAIN SUPPLEMENTAL OBJECTIONS TO DEBTORS' MOTION FOR
ENTRY OF AN ORDER, PURSUANT TO SECTIONS 363(b) AND 105(a) OF
THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO ENTER
INTO AND PERFORM UNDER THE RESTRUCTURING SUPPORT
AGREEMENT, AND (II) GRANTING RELATED RELIEF**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby move this Court (the "Motion for Leave") for leave to file the reply attached hereto as **Exhibit A** (the "Reply") in support of the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion")[2] in response to the supplemental objections of the objecting parties [D.I. 5916, 5928] (the "Objections"). In further support of the Motion for Leave, the Debtors respectfully state as follows:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    Capitalized terms used but not defined herein are defined in the RSA Motion.

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(d) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

3.      The Debtors consent to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments.

## BACKGROUND

4.      On July 7, 2021, the Debtors filed an *Amended Notice of the Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [D.I. 5526], which set the deadline for parties to file objections to the relief requested in the RSA Motion no later than July 22, 2021 at 4:00 p.m. (ET).

5.      After the hearing on the RSA Motion was adjourned to August 12, 2021 (the "Hearing"), the Debtors filed a second amended notice regarding the RSA Motion, establishing a deadline for parties to file supplemental objections no later than August 9, 2021, at 4:00 p.m. (D.I. 5887).

## **RELIEF REQUESTED**

6.      The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit B**, granting them leave to file the Reply.

## **BASIS FOR RELIEF REQUESTED**

7.      Local Rule 9006-1(d) states, "Reply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."    Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

8.      The Debtors respectfully submit that cause exists to grant the relief requested by this Motion for Leave.  As noted above, the Hearing is scheduled for August 12, 2021, at 10:00 a.m. (ET).  Pursuant to Local Rule 9006-1(d), the Debtors had until August 9, 2021, at 4:00 p.m. (ET) to file any replies in support of the RSA Motion.

9.      However, the Debtors agreed to a supplemental objection deadline of August 9, 2021, at 4:00 p.m. (ET) to allow objecting parties the opportunity to respond to further discovery following the original objection deadline to the RSA Motion.  The supplemental objection deadline coincided with the Debtors' reply deadline under the Local Rules.  Accordingly, in order to file a Reply to any supplemental objections, the Debtors had to wait until after the deadline prescribed by the Local Rules.

10.      Although the Debtors could simply present the information set forth in the Reply at the Hearing, the Debtors submit that being able to review the Reply prior to the Hearing will aid the Court in its consideration of the issues set forth in the supplemental objections and will allow the Hearing to proceed more efficiently.  The Reply will provide the Court with important information concerning the RSA Motion and will address the Objections that the Debtors have received in response thereto.

3

11.     Furthermore, the Debtors filed the Reply as soon as reasonably possible after the supplemental objection deadline.

12.     Accordingly, the Debtors believe that, under the circumstances, there is cause to grant leave to file the Reply.

13.     Additionally, no party will be prejudiced by the filing of the Reply as the Reply provides the parties time to review the Debtors' arguments addressing the Objections and thus better prepare to discuss the arguments during the Hearing.

## **NOTICE**

14.     A copy of this Motion for Leave has been served upon the parties who were served with the RSA Motion and any objectors thereto.  In light of the nature of the relief requested in this Motion for Leave, the Debtors respectfully submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the Debtors leave to file the Reply, and such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  August 11, 2021          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
       Wilmington, Delaware

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Michelle M. Fu (No. 6661)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
      aremming@morrisnichols.com
      ptopper@morrisnichols.com
      mfu@morrisnichols.com

– and –

WHITE & CASE LLP
Jessica c. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: Jessica.lauria@hitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email:  mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

*Attorneys to the Debtors and Debtors in Possession*