# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**BROWN RUDNICK LLP'S RESPONSES AND OBJECTIONS**
**TO CENTURY INDEMNITY COMPANY'S SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION**
**OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Brown Rudnick LLP ("Brown Rudnick") hereby responds and objects to Century Indemnity Company's ("Century") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), dated May 14, 2021, directed to "Brown, Rudnick, Freed & Gesmer, LLP" (the "Subpoena"), as follows:

**GENERAL OBJECTIONS**

Brown Rudnick incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each document request (each a "Request" and collectively the "Requests") in the Subpoena (the "General Objections"). Although the General Objections may be specifically referred to in a Response,

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1.    Brown Rudnick objects to the Subpoena on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  The Subpoena improperly seeks discovery from counsel to the Coalition of Abused Scouts for Justice, a third-party law firm, rather than from the Coalition itself, from the Debtors, or from other parties to the proceeding.  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Documents bearing on the Debtors' Plan of Reorganization, the Hartford Settlement, and Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.

2.    Brown Rudnick objects to the Subpoena as directed to "Brown, Rudnick, Freed & Gesmer, LLP," and will treat the Subpoena as directed to Brown Rudnick LLP.

3.    Brown Rudnick objects to the Subpoena as improperly served, but Brown Rudnick will treat the Subpoena as if served on May 26, 2021, when counsel to Century sent a courtesy copy of the Subpoena to Brown Rudnick by email.

4.    Brown Rudnick objects to the Subpoena, which is dated May 14, 2021, seeking a response only four days later, on May 18, 2021.  As Brown Rudnick has advised Century's counsel in letters dated May 27, 2021, and June 2, 2021, Brown Rudnick will treat the Subpoena as if served on May 26, 2021, and will respond to it 14 days thereafter, on June 9, 2021.

5.    Brown Rudnick objects to the Requests to the extent that they seek to impose obligations on Brown Rudnick that are inconsistent with or greater than the obligations imposed

by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

6.      Brown Rudnick objects to the Requests to the extent that they purport to require Brown Rudnick to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

7.      Brown Rudnick objects to the Requests to the extent that they request documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, business strategy privilege, or other applicable privilege or protection, including, but not limited to, protections under Rule 9019-5(d) of the Local Rules for mediation materials and communications made in connection with mediation.  The Subpoena is improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  In responding to the Requests, Brown Rudnick does not waive, but preserves, all applicable privileges and protections.  In the event that Brown Rudnick discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

8.      Brown Rudnick objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

9.      Brown Rudnick objects to the Requests to the extent they seek documents already in Century's possession, custody, or control.

10.     Brown Rudnick objects to the Requests to the extent they seek documents more easily obtained from the Debtors, other parties or third-parties.

11.     Brown Rudnick objects to the Requests to the extent they seek documents not in Brown Rudnick's possession, custody, or control.

12.     Brown Rudnick objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

13.     Brown Rudnick makes its response to these Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its responses as necessary at a later date.

14.     Brown Rudnick reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information produced in response to the Requests in any subsequent proceeding or trial of this or any other action.

15.     Brown Rudnick objects to the production of any documents falling within one of the General Objections above or Specific Objections set forth below.  In the event that documents falling within the scope of an objection are produced by Brown Rudnick, this production is inadvertent and does not constitute a waiver of the objection.

## OBJECTIONS TO DEFINITIONS

1.     Brown Rudnick objects to the definitions of "Brown Rudnick LLP," "You," and "Your" on the grounds that they are defined as "Brown, Rudnick, Freed & Gesmer, LLP," which misidentifies Brown Rudnick's name.

2.      Brown Rudnick objects to the definition of "Coalition" on the grounds that it is overbroad and unduly burdensome and purports to require Brown Rudnick to produce documents not within Brown Rudnick's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.      Brown Rudnick objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Brown Rudnick that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.      Brown Rudnick objects to the time period covered by the Requests in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly burdensome and seeks documents not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Brown Rudnick objects to Instruction No. 8 on the grounds that producing such privilege logs would be overly burdensome under the circumstances.

4.      Brown Rudnick objects to the "Manner of Production" instructions to the extent they are overly burdensome under the circumstances.  Brown Rudnick will produce documents, if any, subject to the General Objections and specific objections set forth herein and in readily accessible electronic form and consistent with the Civil Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to You for your fees and/or costs.

**Response to Request No. 1**

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not made any demands or requests upon the Debtors in its own right.  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 2**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the

payment of money to any lawyer or law firm associated with the Coalition for their fees and/or costs.

**<u>Response to Request No. 2</u>**

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not made any demands or requests upon the Debtors in its own right.  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**<u>Request No. 3</u>**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor or consultant to the Coalition.

**Response to Request No. 3**

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not made any demands or requests upon the Debtors in its own right.  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 4**

All Communications between You and the Debtors Concerning the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

### Response to Request No. 4

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not had any communications with the Debtors in its own right.  Documents bearing on the Estimation Motion that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

### Request No. 5

All term sheets relating to a Plan of Reorganization for the Debtors exchanged directly or indirect [sic] between You and/or the Coalition, on the one hand, and the Debtors on the other hand.

### Response to Request No. 5

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown

Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."   Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

## Request No. 6

All Communications between You and the Debtors Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

### Response to Request No. 6

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not had any communications with the Debtors in its own right.  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to

Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 7**

All Communications between You and the Debtors Concerning the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

**Response to Request No. 7**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections,

Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 8**

All Communications between You and the Debtors Concerning the Hartford Settlement.

**Response to Request No. 8**

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not had any communications with the Debtors in its own right.  Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 9**

All Communications between You and Hartford Concerning the Hartford Settlement.

### Response to Request No. 9

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown Rudnick has not had any communications with the Debtors in its own right.  Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from Hartford, the Debtors, or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

### Request No. 10

All Communications between You and the Debtors Concerning any actual or proposed settlements of Century's alleged coverage obligations to the Debtors.

### Response to Request No. 10

Brown Rudnick incorporates its General Objections as if set forth fully herein.  Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases.  Brown

Rudnick has not had any communications with the Debtors in its own right.  Documents bearing on Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

Dated: June 9, 2021
Wilmington, Delaware

MONZACK MERSKY and
BROWDER, P.A.

*/s/ Rachel B. Mersky*
(DE No. 2049)
1201 North Orange Street
Suite 400
Wilmington, Delaware 19801
Telephone:    (302) 656-8162
Facsimile:    (302) 656-2769
E-mail:       RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP
David J. Molton, Esq.
Eric R. Goodman, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone:    (212) 209-4800
E-mail:       DMolton@BrownRudnick.com
E-mail:       EGoodman@BrownRudnick.com

-and-

Sunni P. Beville, Esq. (admitted *pro hac vice*)
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone:     (617) 856-8200
E-mail:        SBeville@BrownRudnick.com
E-mail:        TAxelrod@BrownRudnick.com

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |

## THE COALITION OF ABUSED SCOUTS FOR JUSTICE'S RESPONSES AND OBJECTIONS TO CENTURY INDEMNITY COMPANY'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Coalition of Abused Scouts for Justice ("Coalition") hereby responds and objects to Century Indemnity Company's ("Century") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), dated June 11, 2021, directed to the Coalition (the "Subpoena"), as follows:

## GENERAL OBJECTIONS

The Coalition incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each document request (each a "Request" and collectively the "Requests") in the Subpoena (the "General Objections"). Although the General Objections may be specifically referred to in a Response, failure to mention a General

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1.      Brown Rudnick objects to the Subpoena on the ground that it, as directed to the Coalition, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Documents bearing on the Debtors' Plan of Reorganization, the Hartford Settlement, and Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.

2.      The Coalition objects to the Subpoena, which is dated June 11, 2021, seeking a response only 15 days later, on June 26, 2021.

3.      The Coalition objects to the Requests to the extent that they seek to impose obligations on the Coalition that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

4.      The Coalition objects to the Requests to the extent that they purport to require the Coalition to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

5.      The Coalition objects to the Requests to the extent that they request documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, business strategy privilege, or other applicable privilege or protection, including, but not limited to, protections under Rule 9019-5(d) of the Local Rules for mediation materials and

communications made in connection with mediation.  The Subpoena is improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  On June 11, 2021, the Coalition's counsel in writing requested a meet and confer on this issue in light of Century's position—as demonstrated by the discovery it seeks by this Subpoena and by a previous subpoena directed to the Coalition's counsel—that mediation communications are discoverable.  Specifically, on June 11, 2021, the Coalition's counsel wrote to Century's counsel in connection not only with the subpoena Century previously directed (improperly) to Brown Rudnick LLP, but also expressly in connection with discovery Century may seek of any party to the case and to the mediation, as follows:

> It appears Century's position in seeking this discovery (*whether from Brown Rudnick or parties to the case and to the mediation*) presumes that communications made in connection with mediation—specifically, good faith offers and proposals—are discoverable and are not confidential.  If that is Century's position, we disagree.  The Coalition believes, based on discussions regarding the Subpoena with the mediators, that Century is incorrect and that confidential communications and settlement proposals are not protected, this would have an obvious chilling effect and undermine the purpose of the mediation, which is to reach a consensual settlement.  The Coalition concurs with the mediators' views on this matter.
>
> If Century's position is, contrary to the mediators' and the Coalition's views, that mediation-related communications are discoverable, we request a meet and confer to discuss the basis for Century's position and its ramifications for this matter.

Century's counsel has not responded to this invitation to meet and confer on the issue of whether good faith offers and proposals made in connection with a mediation are discoverable and instead has pressed forward with the Subpoena to the Coalition.  The Coalition renews its request to meet

and confer on this issue to discuss the basis for Century's position and its ramifications for this matter.

6.      In responding to the Requests, the Coalition does not waive, but preserves, all applicable privileges and protections.  In the event that the Coalition discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

7.      The Coalition objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

8.      The Coalition objects to the Requests to the extent they seek documents already in Century's possession, custody, or control, including without limitation documents already provided to Century by the Debtors on a rolling basis in connection with these chapter 11 cases.

9.      The Coalition objects to the Requests to the extent they seek documents more easily obtained from the Debtors, other parties or third parties.

10.      The Coalition objects to the Requests to the extent they seek documents not in the Coalition's possession, custody, or control.

11.      The Coalition objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

12.      The Coalition makes its response to these Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its responses as necessary at a later date.

13.      The Coalition reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or

information produced in response to the Requests in any subsequent proceeding or trial of this or any other action.

14.     The Coalition objects to the production of any documents falling within one of the General Objections above or Specific Objections set forth below.  In the event that documents falling within the scope of an objection are produced by the Coalition, this production is inadvertent and does not constitute a waiver of the objection.

## OBJECTIONS TO DEFINITIONS

1.     The Coalition objects to the definitions of "Coalition," "You," and "Your" on the grounds that each is overbroad and unduly burdensome and purports to require the Coalition to produce documents not within the Coalition's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.     The Coalition objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on the Coalition that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2.     The Coalition objects to the time period covered by the Requests in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly burdensome and seeks documents not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

3.     The Coalition objects to Instruction Nos. 8, 9, and 10 on the grounds that producing such respective privilege, redaction, and missing or lost document logs would be overly burdensome under the circumstances.

4.      The Coalition objects to the "Manner of Production" instructions to the extent they are overly burdensome under the circumstances.  The Coalition will produce documents, if any, subject to the General Objections and Specific Objections set forth herein and in readily accessible electronic form and consistent with the Civil Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to Brown Rudnick for fees and/or costs.

### Response to Request No. 1

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the

foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 2**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**Response to Request No. 2**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 3**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor and/or consultant of the Coalition or vendor and/or consultant engaged by counsel for the Coalition on matters for the Coalition.

**Response to Request No. 3**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 4**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the

Debtors and/or their counsel, on the other hand, Concerning the *Motion of the Future Claimants'*
*Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for*
*Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an*
*Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation
Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

### Response to Request No. 4

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition
objects to this Request on the ground that it is unduly burdensome and beyond the scope of
discovery permitted under Civil Rule 26(b)(1). Documents bearing on the Estimation Motion that
are not already in the possession of Century are more conveniently obtained from the Debtors or
other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further
objects to this request as improperly propounded under the Local Rules to the extent it seeks
information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which
provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from
any participant in the mediation with respect to any information disclosed during mediation." The
Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's
position, with which the Coalition disagrees, that mediation-related communications and proposals
are discoverable and the ramifications of that position for this matter. Subject to the foregoing
general and specific objections, the Coalition states that it has no documents responsive to this
Request that are not protected from disclosure.

### Request No. 5

All term sheets relating to a Plan of Reorganization for the Debtors exchanged directly or
indirectly between the Coalition, any lawyer representing a member of the Coalition, and/or

counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand.

**Response to Request No. 5**

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 6**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

**Response to Request No. 6**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.  The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 7**

All Communications between You and the Debtors Concerning the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

**Response to Request No. 7**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Debtors' Plan of

Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 8**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning the Hartford Settlement.

**Response to Request No. 8**

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which

provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter.  Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 9**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and Hartford and/or its counsel, on the other hand, Concerning the Hartford Settlement.

**Response to Request No. 9**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from Hartford, the Debtors, or other parties to the Debtors' chapter 11 cases with less burden and expense.  The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation."  The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications

and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 10**

All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning any actual or proposed settlements of Century's alleged coverage obligations to the Debtors.

**Response to Request No. 10**

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Documents bearing on Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 11**

All Documents provided to the Coalition in response to formal or informal discovery and/or information requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 Cases.

**Response to Request No. 11**

The Coalition incorporates its General Objections as if set forth fully herein. The Coalition objects to this request to the extent it seeks documents already in Century's possession, custody, or control. The Coalition further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." The Coalition renews the June 11, 2021 invitation for a meet and confer on the basis for Century's position, with which the Coalition disagrees, that mediation-related communications and proposals are discoverable and the ramifications of that position for this matter. Subject to the foregoing general and specific objections, the Coalition states that it has no documents responsive to this Request that are not protected from disclosure or that are not already in Century's possession, custody, or control.

**Request No. 12**

All Documents provided to the Coalition in response to formal or informal discovery and/or information requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 cases.

**Response to Request No. 12**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this request as verbatim duplicative of Request No. 11, and Century is referred to the Coalition's response to Request No. 11 above, which is incorporated by reference in response to this request as if set forth fully herein.

**Request No. 13**

All responses to discovery requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 Cases.

**Response to Request No. 13**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this request as duplicative of Request Nos. 11 and 12, and Century is referred to the Coalition's response to Request No. 11 above, which is incorporated by reference in response to this Request as if set forth fully herein.

**Request No. 14**

All Documents produced by JPMorgan to anyone in the Chapter 11 Cases and provided to the Coalition.

**Response to Request No. 14**

The Coalition incorporates its General Objections as if set forth fully herein.  The Coalition objects to this request as duplicative of Request Nos. 11, 12, and 13, and Century is referred to the Coalition's response to Request No. 11 above, which is incorporated by reference in response to this Request as if set forth fully herein.

Dated: June 25, 2021
Wilmington, Delaware

MONZACK MERSKY and
BROWDER, P.A.

*/s/ Rachel B. Mersky*
(DE No. 2049)
1201 North Orange Street
Suite 400
Wilmington, Delaware 19801
Telephone:     (302) 656-8162
Facsimile:     (302) 656-2769
E-mail:        RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP
David J. Molton, Esq.
Eric R. Goodman, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone:     (212) 209-4800
E-mail:        DMolton@BrownRudnick.com
E-mail:        EGoodman@BrownRudnick.com

-and-

Sunni P. Beville, Esq. (admitted *pro hac vice*)
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone:     (617) 856-8200
E-mail:        SBeville@BrownRudnick.com
E-mail:        TAxelrod@BrownRudnick.com

# EXHIBIT C

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Delaware _____

In re   Boy Scouts of America and Delaware BSA, LLC
_____
Debtor

Case No. _____ 20-10343 (LSS) _____

*(Complete if issued in an adversary proceeding)*

Chapter _____ 11 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Brown, Rudnick, Freed & Gesmer, LLP c/o The Corporation Trust Company
To: _____ Corporation Trust Center 1209 Orange St. Wilmington, DE 19801 _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Contained herein in Exhibit 1

| PLACE  STAMOULIS & WEINBLATT LLC, Attn: Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com | DATE AND TIME 5/18/21 by 5:00 pm Eastern |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _5/14/2021_

CLERK OF COURT

OR

_____              *Tancred Schiavoni*
Signature of Clerk or Deputy Clerk              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___ Century Indemnity Company ___ , who issues or requests this subpoena, are:
___ Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1**

**DEFINITIONS**

For the purposes of this Subpoena and these Requests for Production, the following

Definitions shall apply:

1.      The terms "all," "any," and "each" shall each be construed as encompassing any

and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be

both conjunctive and disjunctive; and the term "including" means "including without limitation."

The present tense shall be construed to include the past tense, and the past tense shall be

construed to include the present tense.

2.      The term "Abuse Claim" shall have the meaning provided in the *Second Amended*

*Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket

No. 2592].

3.      The term "Brown Rudnick LLP" means Brown, Rudnick, Freed & Gesmer, LLP.

4.      The term "Century" shall mean Century Indemnity Company, as successor to CCI

Insurance Company, as successor to Insurance Company of North America and Indemnity

Insurance Company of North America, Ace Insurance Group, Westchester Fire Insurance

Company and Westchester Surplus Lines Insurance Company.

5.      The term "Coalition" means the Coalition of Abused Scouts for Justice, including

its individual members and any attorneys, representatives, consultants, advisors or anyone acting

on the Coalition's behalf during the pendency of these Chapter 11 Cases.

6.      The term "Chapter 11 Cases" means the cases filed by the Debtors under chapter

11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

7.      The term "Communications" shall mean all inquiries, discussions, conversations,

negotiations, agreements, understandings, meetings, telephone conversations, letters, notes,

telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

8.      The term "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

9.      The term "Debtors" means, collectively or individually, as context requires and to encompass responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

10.      The term "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other

means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.  When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

11.     The term "Hartford" shall mean Hartford Accident and Indemnity Company, First State Insurance Company, and Twin City Fire Insurance Company.

12.     The term "Hartford Settlement" shall mean the *Settlement Agreement and Release* [Docket No. 2624, Ex. A].

13.     The term "Plan of Reorganization" shall mean any plan of reorganization for the Debtors and any drafts thereof, including but not limited to the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592], the *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2293], and the *Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 20].

14.     The terms "You" or "Your" and variants thereof mean Brown Rudnick LLP.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for the purposes of this Subpoena and these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production herein, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems (including, without limitation, Gmail, Yahoo, etc.).You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

6.      Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.      Identify the type, title and subject matter of the Document;

      b.      State the place, date, and manner of preparation of the Document;

      c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      d.      Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

10.      To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b)

has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

11.      If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

12.      If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

13.      If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.      All Documents produced to Century shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified

below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow Century, through a reasonable and modest effort, to

fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by Century.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables Century to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.    XML format file(s);

      b.    Microsoft SQL database(s);

      c.    Access database(s); and/or

      d.    fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available

spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## DOCUMENT REQUESTS

1.    All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to You for your fees and/or costs.

2.      All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any lawyer or law firm associated with the Coalition for their fees and/or costs.

3.      All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor or consultant to the Coalition.

4.      All Communications between You and the Debtors Concerning the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

5.      All term sheets relating to a Plan of Reorganization for the Debtors exchanged directly or indirect between You and/or the Coalition, on the one hand, and the Debtors on the other hand.

6.      All Communications between You and the Debtors Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

7.      All Communications between You and the Debtors Concerning the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

8.      All Communications between You and the Debtors Concerning the Hartford Settlement.

9.     All Communications between You and Hartford Concerning the Hartford Settlement.

10.     All Communications between You and the Debtors Concerning any actual or proposed settlements of Century's alleged coverage obligations to the Debtors.

Dated:  May 14, 2021

*/s/ Stamatios Stamoulis*
  Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice* pending)
Andrew Kirschenbaum (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**CENTURY'S REQUEST TO THE DEBTORS FOR
<u>PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable

herein by Federal Rules of Bankruptcy Procedure 7026 and 7034, Century Indemnity Company,

as successor to CCI Insurance Company, as successor to Insurance Company of North America

and Indemnity Insurance Company of North America, by and through their undersigned counsel,

hereby serve the following requests for production of documents (the "<u>Requests for Production</u>")

in connection with the (i) *Debtors' Motion for Entry of an Order (I) Approving the Disclosure*

*Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting*

*Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of*

*Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the*

*Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* (the

"<u>Motion</u>") [Docket No. 2295], (ii) *Second Amended Chapter 11 Plan of Reorganization for Boy*

*Scouts of America and Delaware BSA, LLC* (the "<u>Second Amended Plan</u>") [Docket No. 2592],

(iii) *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization*

*for Boy Scouts of America and Delaware BSA, LLC* (the "<u>Disclosure Statement</u>") [Docket No.

2594], and (iv) *Motion of the Future Claimants' Representative, the Official Committee of Tort*

*Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11*

*U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391], and any proceedings arising therefrom or related to estimation issues in any forum in connection with the Debtors' chapter 11 cases, including in connection with the Estimation Motion or Plan confirmation.

Please produce the documents and the production media to undersigned counsel within fourteen (14) days of the service of the Requests for Production.  Discovery responses requested herein will be subject to the Order Approving Confidentiality and Protective Order [Docket No. 799].

## **DEFINITIONS**

For the purposes of these Requests for Production, the following Definitions shall apply:

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      The term "Abuse" shall have the meaning provided in the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592].

3.      The term "Abuse Claim" shall have the meaning provided in the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592].

4.      The term "BSA Membership Standards Team" shall have the meaning provided in the July 2019 Registration Guidebook of the Boy Scouts of America.

5.      The term "BSA Incident Report" shall have the meaning provided in the Local Council Mandatory Reporting Procedures.

6.      The term "Brown Rudnick LLP" means Brown, Rudnick, Freed & Gesmer, LLP.

7.      The term "Century" shall mean Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America.

8.      The term "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

9.      The term "Chapter 11 Cases" means the cases filed by You under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

10.     The term "Chartered Organization Representative" or "COR" shall have the meaning set forth on the Pack Chartered Organization website, available at https://www.scouting.org/programs/cub-scouts/how-cub-scouting-is-organized/pack-chartered-organization/.

11.     The term "Committee Chair" or "CC" shall have the meaning set forth in the Troop Leader Resources, available at https://troopleader.scouting.org/committee-chairman/.

12.     The term "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

13.     The term "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

14.     The term "Debtors" means, collectively or individually, as context requires and to encompass responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

15.     The term "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the

margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

16.    The term "Hartford" shall mean Hartford Accident and Indemnity Company, First State Insurance Company, and Twin City Fire Insurance Company.

17.    The term "Hartford Settlement" shall mean the *Settlement Agreement and Release* [Docket No. 2624, Ex. A].

18.    The term "Institution Head" shall have the meaning set forth on the Pack Chartered Organization website, available at https://www.scouting.org/programs/cub-scouts/how-cub-scouting-is-organized/pack-chartered-organization/.

19.    The term "Local Council" shall have the meaning provided in the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592].

20.    The term "Local Council Feedback Template" means the "Local Council Feedback Template for Abuse POCs" and shall have the meaning provided in the November 27, 2020 email from Claire Tuffey of White & Case LLP to Local Counsels.

21.    The term "Local Council Mandatory Reporting Procedures" shall have the meaning provided in the November 27, 2020 email from Claire Tuffey of White & Case LLP to Local Counsels.

22.    The term "Plan of Reorganization" shall mean any plan of reorganization for the Debtors and any drafts thereof, including, but not limited to the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592], the *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2293], and the *Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 20].

23.    The term "POC" means "Proof of Claim" and shall have the meaning provided in the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592].

24.    The terms "You" or "Your" and variants thereof means, collectively or individually, as context requires and to encompass responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for the purposes of these Requests for Production, the following Instructions shall be followed:

1.    Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.    All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.    Unless otherwise stated in a specific Request for Production herein, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems (including, without limitation, Gmail, Yahoo, etc.).You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

6.      Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

        a.      Identify the type, title and subject matter of the Document;

        b.      State the place, date, and manner of preparation of the Document;

        c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

        d.      Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

10.      To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which

relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

11.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

12.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

13.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.     All Documents produced to Century shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard

Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database Load Files and Production Media Structure</u>:  Database load files shall consist of:  (i) a comma-delimited values (".dat") file containing:  production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow Century, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems, including, but not limited, to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by Century.

5.      <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables Century to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format, including, but not limited to, data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

        a.      XML format file(s);

        b.      Microsoft SQL database(s);

        c.      Access database(s); and/or

        d.      fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements

listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.     "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.     Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that refer or relate to any request that You support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to Brown Rudnick LLP for their fees and/or costs.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that refer or relate to any request that You support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any lawyer or law firm associated with the Coalition for their fees and/or costs.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that refer or relate to any demand or request that You support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor or consultant to the Coalition.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and Brown Rudnick LLP Concerning the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 5:**

All term sheets relating to a Plan of Reorganization exchanged directly or indirectly between You, on the one hand, and Brown Rudnick LLP and/or the Coalition, on the other hand.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between You and Brown Rudnick LLP Concerning a Plan of Reorganization for the Debtors, including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between You and Brown Rudnick LLP Concerning the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between You and Hartford Concerning the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications between You and Brown Rudnick LLP Concerning Century's alleged coverage obligations to the Debtors.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating or referring to the trust distribution procedures to be employed with a Plan of Reorganization for the Debtors, including all drafts of the trust distribution procedures.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications that You sent to the Local Councils with the Local Council Feedback Template and Local Council Mandatory Reporting Procedures filed in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications that You received from the Local Councils to Your request that they complete the Local Council Feedback Template and Local Council Mandatory Reporting Procedures filed in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications between or among the BSA Membership Standards Team and the representatives of the Local Councils related to the Local Council Feedback Template and Local Council Mandatory Reporting Procedures, including, but not limited to, questions regarding the verification of POC data.

**REQUEST FOR PRODUCTION NO. 14:**

All BSA Incident Reports exchanged between You and any Local Council in connection with the POCs, including any and all supporting documentation attached to those Incident Reports.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications that relate to any response provided by the alleged abuser to the allegations of Abuse in the POCs.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications between or among the Chartered Organization Representative (COR) (or Institution Head, where applicable), unit Committee Chair (CC) and/or unit program leader to notify them of the action being taken to remove the alleged abusers identified by the claimants in the POCs.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications that reflect Your efforts to remove alleged abusers identified by claimants in the POCs from participation in Scouting.

**REQUEST FOR PRODUCTION NO. 18:**

All reports made to law enforcement that relate to any incident alleged to have occurred in the POCs.

**REQUEST FOR PRODUCTION NO. 19:**

A complete list of claimants who have filed POCs from whom You previously obtained releases for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 20:**

All indemnity and other agreements between or among You, Local Council(s) and the sponsoring organizations.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications between or among You and the sponsoring organizations Concerning the POCs, the claims asserted therein, and the sponsoring organization's contribution towards the resolution of these claims.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications Concerning Abuse Claims asserted against You, or that may be asserted against You, that You exchanged pre-Petition Date with James Patton, Jim Stang and/or Scott Gilbert and or their law firms.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications between or among You and Local Councils that reflect efforts to verify the information contained within the POCs, including, but not limited to, the membership rosters from the years of the alleged Abuse that will confirm the membership, or lack of membership, of the claimants and rosters, or similar Documents that identify the troop and other scout leaders associated with the troop that claimants allege to have been members of at the time of the alleged Abuse.

**REQUEST FOR PRODUCTION NO. 24:**

All Communications between or among You and Local Councils regarding the POCs and any of the source Documents that were collected associated with the POCs.

**REQUEST FOR PRODUCTION NO. 25:**

All files You maintain on the Abuse cases that were dismissed without payment.

Dated:  May 14, 2021

*/s/ Stamatios Stamoulis*
  Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:    302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice*)
Andrew Kirschenbaum (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:    212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

EXHIBIT E

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____ Delaware

In re  Boy Scouts of America and Delaware BSA, LLC

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No.   20-10343 (LSS)

Chapter ____11____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

The Coalition of Abused Scouts for Justice
c/o Brown Rudnick LLP, 7 Times Square New York, NY 10036

To: _____

*(Name of person to whom the subpoena is directed)*

☒  *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Contained herein in Exhibit 1

| PLACE   STAMOULIS & WEINBLATT LLC, Attn: Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com | DATE AND TIME 6/26/21 by 5:00 pm Eastern |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/11/2021

CLERK OF COURT

OR

_____              *Tancred Schiavoni*
Signature of Clerk or Deputy Clerk           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Century Indemnity Company___ , who issues or requests this subpoena, are:
Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                    _____
                                                             *Server's signature*

                                                    _____
                                                             *Printed name and title*


                                                    _____
                                                             *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1**

**DEFINITIONS**

For the purposes of this Subpoena and these Requests for Production, the following Definitions shall apply:

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      The term "Abuse Claim" shall have the meaning provided in the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592].

3.      The term "Brown Rudnick" means Brown Rudnick LLP.

4.      The term "Century" shall mean Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Ace Insurance Group, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company.

5.      The term "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

6.      The term "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

7.      The term "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes,

telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

8.      The term "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

9.      The term "Debtors" means, collectively or individually, as context requires and to encompass responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

10.     The term "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a

Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

11.    The term "Hartford" shall mean Hartford Accident and Indemnity Company, First State Insurance Company, and Twin City Fire Insurance Company.

12.    The term "Hartford Settlement" shall mean the *Settlement Agreement and Release* [Docket No. 2624, Ex. A].

13.    The term "Plan of Reorganization" shall mean any plan of reorganization for the Debtors and any drafts thereof, including but not limited to the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592], the *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2293], and the *Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 20].

14.    The terms "You" or "Your" and variants thereof mean the Coalition.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions, and for the purposes of this Subpoena and these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production herein, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems (including, without limitation, Gmail, Yahoo, etc.). You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

6.     Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.     Identify the type, title and subject matter of the Document;

    b.     State the place, date, and manner of preparation of the Document;

    c.     Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.     Identify the legal privilege(s) and the factual basis for the claim.

9.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b)

has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

11.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

12.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

13.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

14.     All Documents produced to Century shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified

below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

15.     <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

16.     <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow Century, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

17.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>:    All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by Century.

18.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables Century to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      e.    XML format file(s);

      f.    Microsoft SQL database(s);

      g.    Access database(s); and/or

      h.    fixed or variable length ASCII delimited files.

19.    <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a

native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

20.     "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

21.     Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## DOCUMENT REQUESTS

1.      All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to Brown Rudnick for fees and/or costs.

2.      All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the

payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

3.      All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor and/or consultant of the Coalition or vendor and/or consultant engaged by counsel for the Coalition on matters for the Coalition.

4.      All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

5.       All term sheets relating to a Plan of Reorganization for the Debtors exchanged directly or indirectly between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand.

6.      All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

7.      All Communications between You and the Debtors Concerning the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

8.      All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning the Hartford Settlement.

9.      All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and Hartford and/or its counsel, on the other hand, Concerning the Hartford Settlement.

10.      All Communications between the Coalition, any lawyer representing a member of the Coalition, and/or counsel to the Coalition including Brown Rudnick, on the one hand, and the Debtors and/or their counsel, on the other hand, Concerning any actual or proposed settlements of Century's alleged coverage obligations to the Debtors.

11.      All Documents provided to the Coalition in response to formal or informal discovery and/or information requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 Cases.

12.      All Documents provided to the Coalition in response to formal or informal discovery and/or information requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 Cases.

13.      All responses to discovery requests in the Chapter 11 Cases and/or the adversary proceedings filed in connection with the Chapter 11 Cases.

14.      All Documents produced by JPMorgan to anyone in the Chapter 11 Cases and provided to the Coalition.

Dated:  June 11, 2021

*/s/ Stamatios Stamoulis*

 Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice* pending)
Andrew Kirschenbaum (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as
successor to CCI Insurance Company, as
successor to Insurance Company of North America
and Indemnity Insurance Company of North
America*

OMM_US:79978020.3

# EXHIBIT F

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>     Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**PROPOUNDING INSURERS' REQUESTS TO THE DEBTORS
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure 7026 and 7034, certain insurers, by and through their undersigned counsel (collectively, the "Propounding Insurers"), hereby serve the following requests for the production of documents (the "Requests for Production") in connection with the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(B) and 105(A) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* (the "RSA Motion") [Docket No. 5466].

Please produce the documents and the production media to undersigned counsel within four (4) days of the service of the Requests for Production. Discovery responses requested herein will be subject to the *Order Approving Confidentiality and Protective Order* [Docket No. 799].

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply:

1.  The words "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      "Board" includes any of the Boy Scouts of America's boards or committees of directors, executives, and key officials, whether professional or volunteer, including but not limited to the National Executive Board and the "Key 3" of Roger Mosby, Dan Ownby, and W. Scott Sorrels.

3.      "Chapter 11 Cases" means the cases filed by You under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

4.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

5.      "Coalition Professionals" shall have the meaning provided in the RSA.

6.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

7.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

8.      "Debtors" means, collectively or individually, as context requires and to encompass responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

9.      "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.  When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without

limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

10.     "Hartford" shall mean Hartford Accident and Indemnity Company, First State Insurance Company, and Twin City Fire Insurance Company.

11.     "Hartford Settlement" shall mean the *Settlement Agreement and Release* [Docket No. 2624, Ex. A].

12.     "Local Council" shall have the meaning provided in the *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2592].

13.     "Monthly Fee Cap" shall have the meaning provided in the RSA.

14.     "Plan of Reorganization" shall mean any plan of reorganization for the Debtors and any drafts thereof.

15.     "RSA" means the "Restructuring Support Agreement" entered into in these Chapter 11 Cases by the Debtors and certain parties on July 1, 2021 [Docket No. 5466-2, Ex. 1].

16.     "Settlement Trust Documents" shall have the meaning provided in the RSA.

17.     "State Court Counsel" shall have the meaning provided in the RSA.

18.     "Term Sheet" means the "Boy Scouts of America Reorganization Term Sheet" and shall have the meaning provided in the RSA.

19.     "TDPs" means the "Trust Distribution Procedures" and shall have the meaning provided in the RSA.

20.     "You" or "Your" and variants thereof means, collectively or individually, as context requires and to encompass responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for the purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production herein, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems (including, without limitation, Gmail, Yahoo, etc.). You must produce all Documents in Your possession, custody, or control, whether maintained

in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

6. Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a. Identify the type, title and subject matter of the Document;

    b. State the place, date, and manner of preparation of the Document;

    c. Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d. Identify the legal privilege(s) and the factual basis for the claim.

9. Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

10. To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

11. If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

12. If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

13. If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.    All Documents produced to the Propounding Insurers shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database Load Files and Production Media Structure</u>:  Database load files shall consist of:  (i) a comma-delimited values (".dat") file containing:  production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Propounding Insurers, through a reasonable and modest effort, to fairly, accurately,

and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.     <u>Emails and Attachments, and Other Email Account-Related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems, including, but not limited, to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Propounding Insurers.

5.     <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>:  With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Propounding Insurers to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format, including, but not limited to, data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.     XML format file(s);

      b.     Microsoft SQL database(s);

      c.     Access database(s); and/or

      d.     fixed or variable length ASCII delimited files.

6.     <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available

spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All Documents provided to BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 2:**

All minutes of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that BSA's Board reviewed and/or relied upon in evaluating the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications among members of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications exchanged between Mr. Mosby, Mr. Ownby, Mr. Sorrels, and members of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 6:**

All drafts of the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning Communications with State Court Counsel, the Coalition, TCC, FCR and/or their counsel Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any request that You support a motion, application or inclusion of a provision in the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, the Hartford

Settlement, and/or any Plan of Reorganization that calls for the payment of money to any of the Coalition Professionals, including but not limited to Brown Rudnick LLP, for its fees and/or costs.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning any request that You support a motion, application or inclusion of a provision in the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, the Hartford Settlement, and/or any Plan of Reorganization that calls for the payment of money to any lawyer or law firm associated with the Coalition for its fees and/or costs.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents produced by You to Hartford in response to the requests for production of Documents served on You by Hartford on July 2, 2021.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors, including all drafts of the TDPs.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications that BSA exchanged with the Local Councils Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications that BSA exchanged with any Chartered Organizations concerning the RSA, the Term Sheet, the TDPs, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents sent to "Consenting State Court Counsel" identified in the RSA requesting that they submit signature pages consenting to and/or joining the RSA.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents sent by "Consenting State Court Counsel" identified in the RSA forwarding or providing signature pages consenting to and/or joining the RSA, including all cover letters or e-mails relating to same and all transmittal letters or e-mails relating to same.

**REQUEST FOR PRODUCTION NO. 16:**

All indemnity and other agreements between or among You, Local Council(s) and any Chartering Organizations.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications between or among You and any Chartered Organizations Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents reviewed and/or relied upon by You in setting the Monthly Fee Cap for the payment of fees and expenses incurred by Coalition Professionals.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents, including any summaries of invoices, received by You from any of the Coalition Professionals to support Your payment of "reasonable, documented and contractual professional fees and expenses."

Dated:  July 3, 2021

/s/ Stamatios Stamoulis
Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
750 Shipyard Drive, Suite 400
Wilmington, Delaware  19899-2092
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin  (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail:  mplevin@crowell.com

Tacie H. Yoon  (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone: (202) 624-2500
Email: tyoon@crowell.com

*Attorneys for American Zurich Insurance Company,*
*American Guarantee and Liability Insurance Company,*
*and Steadfast Insurance Company*

BODELL BOVÉ, LLC
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

- and –

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email:  dchristian@dca.law

*Attorneys for Great American Assurance Company,*
*f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance Company;*
*and Great American E&S Insurance Company*

TROUTMAN PEPPER HAMILTON
SANDERS LLP

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:       302.777.6500
Facsimile:       302.421.8390


 *-and-*


Harris B. Winsberg (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:       404.885.3000
Facsimile:       404.885.3900


 *-and-*


NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
Matthew S. Sorem (admitted *pro hac vice*)
10 S. Wacker Dr.
21st Floor
Chicago, IL 60606
Telephone:       312.585.1433
Facsimile:       312.585.1401


 *-and-*


MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted *pro hac vice*)
Ryan S. Smethurst (admitted *pro hac vice*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:    202.756.8228
Facsimile:    202.756.8087


*Attorneys for Allianz Global Risks US*
*Insurance Company*

16

TROUTMAN PEPPER HAMILTON
SANDERS LLP

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:        404.885.3000
Facsimile:        404.885.3900

  *-and-*

Harris B. Winsberg (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:        404.885.3000
Facsimile:        404.885.3900

  *-and-*

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:        312.281.0295

*Attorneys for National Surety Corporation*
*and Interstate Fire & Casualty Company*

FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email:  drichards@finemanlawfirm.com

  *-and-*

FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
Susan N.K. Gummow (admitted pro hac vice)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

*-and-*

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted pro hac vice)
James Hallowell (admitted pro hac vice)
Keith R. Martorana (admitted pro hac vice)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: mrosenthal@gibsondunn.com
 jhallowell@gibsondunn.com

*-and-*

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted pro hac vice)
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*

# EXHIBIT G

**Indelicato, Samantha M.**

---

**Subject:**          RE: In Re Boy Scouts

---

**From:** Schiavoni, Tancred
**Sent:** Tuesday, June 1, 2021 3:00 PM
**To:** 'Goodman, Eric R.' <EGoodman@brownrudnick.com>; Carey, Kevin <kevin.carey@hoganlovells.com>; Paul Finn <PFinn@commonwealthmediation.com>; Gallagher Timothy <timg@thegallaghergroup.com>
**Cc:** Molton, David J. <DMolton@brownrudnick.com>; Rachel B Mersky <rmersky@monlaw.com>; Moxley, D. Cameron <DMoxley@brownrudnick.com>
**Subject:** RE: In Re Boy Scouts

We have raised our concerns with the judge as to how the Coalition has proceeded and are happy to discuss that with you also. The law on these issues is pretty clear.

---

**From:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Sent:** Tuesday, June 1, 2021 2:58 PM
**To:** Carey, Kevin <kevin.carey@hoganlovells.com>; Paul Finn <PFinn@commonwealthmediation.com>; Gallagher Timothy <timg@thegallaghergroup.com>
**Cc:** Molton, David J. <DMolton@brownrudnick.com>; Rachel B Mersky <rmersky@monlaw.com>; Moxley, D. Cameron <DMoxley@brownrudnick.com>; Schiavoni, Tancred <tschiavoni@omm.com>
**Subject:** RE: In Re Boy Scouts


[EXTERNAL MESSAGE]



Mediators,

We have received a demand from Century that we produce confidential mediation information.  We believe that this information is not subject to discovery pursuant to Local Rule 9019-5(d); however, we respectfully request the Mediators' views regarding this matter.  In will be in Chicago tomorrow and can discuss at your convenience.


Best Regards,
Eric

**brown**rudnick

**Eric R. Goodman**
Partner

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
T: 202.536.1740
M: 216.235.4242
egoodman@brownrudnick.com
www.brownrudnick.com

---

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Tuesday, June 1, 2021 2:38 PM
**To:** Goodman, Eric R. <EGoodman@brownrudnick.com>

**Cc:** Molton, David J. <DMolton@brownrudnick.com>; Rachel B Mersky <rmersky@monlaw.com>; Moxley, D. Cameron <DMoxley@brownrudnick.com>
**Subject:** RE: In Re Boy Scouts

---

CAUTION: **External E-mail. Use caution accessing links or attachments.**

---

We are extremely concerned about what is going on and feel that it must be brought to the attention of the court.

**From:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Sent:** Tuesday, June 1, 2021 2:37 PM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>
**Cc:** Molton, David J. <DMolton@brownrudnick.com>; Rachel B Mersky <rmersky@monlaw.com>; Moxley, D. Cameron <DMoxley@brownrudnick.com>
**Subject:** RE: In Re Boy Scouts

[EXTERNAL MESSAGE]

To be clear, your position is that if we have sent "term sheets, draft plan documents and requests for money" to BSA that are part of the confidential mediation process, then they should be produced to Century? If that is your position, we believe that we should include the mediators in this discussion.

**brown**rudnick

**Eric R. Goodman**
Partner

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
T: 202.536.1740
M: 216.235.4242
egoodman@brownrudnick.com
www.brownrudnick.com

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Tuesday, June 1, 2021 2:28 PM
**To:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Cc:** Molton, David J. <DMolton@brownrudnick.com>; Rachel B Mersky <rmersky@monlaw.com>; Moxley, D. Cameron <DMoxley@brownrudnick.com>
**Subject:** RE: In Re Boy Scouts

---

CAUTION: **External E-mail. Use caution accessing links or attachments.**

---

We are asking you to produce documents responsive to the requests. If you have made demands for money to BSA, they should be produced.

**From:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Sent:** Tuesday, June 1, 2021 2:26 PM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>
**Cc:** Molton, David J. <DMolton@brownrudnick.com>; Rachel B Mersky <rmersky@monlaw.com>; Moxley, D. Cameron

<DMoxley@brownrudnick.com>
**Subject:** RE: In Re Boy Scouts


[EXTERNAL MESSAGE]


Mr. Schiavoni,

Are you asking us to produce confidential mediation information protected by Local Rule 9019-5(d)? Or is your request limited to documents that are not within the scope of Local Rule 9019-5(d)? Please advise.

Best Regards,
Eric

# brownrudnick

**Eric R. Goodman**
Partner

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
T: 202.536.1740
M: 216.235.4242
egoodman@brownrudnick.com
www.brownrudnick.com

---

**From:** Rivera, Nancy <nrivera@omm.com> **On Behalf Of** Schiavoni, Tancred
**Sent:** Tuesday, June 1, 2021 12:46 PM
**To:** Goodman, Eric R. <EGoodman@brownrudnick.com>
**Cc:** Schiavoni, Tancred <tschiavoni@omm.com>
**Subject:** In Re Boy Scouts

> **CAUTION: External E-mail. Use caution accessing links or attachments.**

---

Mr. Goodman,

Please see the attached letter from Tancred Schiavoni.

## O'Melveny

**Nancy Rivera**
Assistant
nrivera@omm.com
O: +1-212-326-2115

---

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

3

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*