EXHIBIT H

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343  (LSS) |
| Debtors. | (Jointly  Administered) |

## DEBTORS' RESPONSES AND OBJECTIONS TO PROPOUNDING INSURERS' REQUESTS TO THE DEBTORS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable by Rules, 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules" and together with the Federal Rules, the Bankruptcy Rules and the Local Rules, the "Rules"), Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), by and through their undersigned counsel, hereby respond and object, without prejudice and while reserving all rights, to *Propounding Insurers' Requests to the Debtors for the Production of Documents* served on the Debtors on July 3, 2021 by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Company of North America; American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company; Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; Great American E&S Insurance Company; Allianz Global Risks US Insurance Company; National Surety Corporation and Interstate Fire & Casualty Company; and the AIG Companies (collectively, the "Propounding Insurers") in connection with the *Debtors' Motion for Entry of An Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, Authorizing The Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [Dkt No. 5466] (the "Requests for Production"),[2] as follows:

## GENERAL RESPONSES AND OBJECTIONS

The following general objections ("General Objections") apply to each Definition, Instruction, and Request for Production, and shall have the same force and effect as if fully set forth in the response to each individual Request for Production. To the extent that the Debtors respond to a Request for Production, the Debtors reserve all objections as to relevance, materiality, competence, confidentiality, propriety, privilege, and admissibility, as well as to any and all other objections on any ground that would require or permit the exclusion of the response, or any portion of the response, if the response were offered into evidence. The Debtors object as follows:

1.     The Debtors object to the Requests for Production to the extent that they purport to impose obligations that are broader than, or inconsistent with, those required or authorized by the Rules, or other applicable laws, rules, court orders, or regulations.

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Requests for Production.

2.      The Debtors object to the Requests for Production to the extent that they seek disclosure of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the mediation privilege, the common interest or joint defense privilege, or any other protection, privilege or immunity against disclosure (collectively, "Privileged Materials").    The Debtors will not produce any Privileged Materials, including without limitation any attorney work product.   The Debtors expressly reserve the right to redact non-responsive, proprietary, commercially sensitive, privileged or protected portions of any documents that may be produced in response to the Requests.   Pursuant to Federal Rule of Evidence 502(d) as well as any other applicable laws, rules or regulations, if any Privileged Material is inadvertently produced or disclosed, the Debtors do not waive or intend to waive any privilege or immunity from discovery pertaining to such Privileged Material or to any other documents or information and reserve the right to demand the return of all copies of any such document(s).

3.      By responding and objecting to the Requests for Production, the Debtors do not waive or intend to waive their attorney-client privilege, joint or common interest privilege, mediation privilege, or any other applicable privilege, doctrine or immunity protecting its Privileged Materials from disclosure.   Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, doctrine or immunity.   To the extent that there are inconsistencies in the types of privilege or other protections asserted with respect to various copies of the same document, the most comprehensive privilege or protection is intended to apply to all copies of such document.

4.      The Debtors object to the Requests for Production to the extent they seek production of a privilege log, which is unduly burdensome and disproportionate to the needs of

3

the case, and will impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors. The Debtors will not be producing a privilege log in response to the Requests for Production.

5.       The Debtors object to the Requests for Production to the extent that they seek documents containing confidential, personal or private, proprietary, or sensitive business information; or information protected from disclosure by any law (including, but not limited to, foreign laws), court order or any agreement with respect to confidentiality or non-disclosure (collectively, "Confidential Materials"). To the extent that they produce any Confidential Materials, the Debtors will produce such materials using either the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "COMMITTEE ADVISOR ONLY" as the circumstances dictate pursuant to the *Order Approving Confidentiality and Protective Order* dated June 8, 2020 [D.I. 799] (the "Protective Order"). The Debtors further reserve the right to redact documents pursuant to the Protective Order including, but not limited to, the right to redact personally identifying donor information.

6.       The Debtors object to the Requests for Production to the extent they violate Delaware Local Rule 9019-5(d)(i), which provides that "no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation," and the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the "Mediation Order"), which incorporates that rule. *See* Mediation Order ¶ 7. Local Rule 9019-5(d)(i) also provides that "the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by witnesses in the course of the mediation." Del. L. Bankr. R. 9019-5(d)(i). The Debtors will not include such information in their responses.

AMERICAS 108228499

7.      The Debtors object to the Requests for Production to the extent that they seek documents or information publicly available, or already in the possession, custody, or control of the Propounding Insurers, or are more readily or equally available from any other party to the above-captioned action, without subjecting the Debtors to unnecessary burden or expense.   The Debtors will not be producing such materials.   This includes documents that have already been made available to parties via the Debtors' data site.

8.      The Debtors object to the Requests for Production to the extent that they seek disclosure of documents or information that is unreasonably cumulative or duplicative, including but not limited to, Requests for Production that seek disclosure of documents or information that is cumulative or duplicative of documents or information received from, or more appropriately sought from, some other source that is more convenient, less burdensome, or less expensive.

9.      The Debtors object to the Requests for Production to the extent that they are overly broad and unduly burdensome, fail to identify the documents sought with reasonable particularity or seek information that is outside the scope of discovery permitted by the Rules, or any other applicable rules or orders.

10.      The Debtors object to the Requests for Production to the extent that they impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors.

11.      The Debtors object to the Requests for Production to the extent they are unclear, overly broad, unlimited in time, unduly burdensome and/or are not reasonably calculated to lead to the discovery of admissible documents or information proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

AMERICAS 108228499

outweighs its likely benefit.  The Debtors further object to the extent that providing a response in light of the Definitions and Instructions would cause unreasonable annoyance, harassment, oppression, undue burden and/or unreasonable expense to the Debtors.

12.    The Debtors object to the terms or phrases defined by the Propounding Insurers to the extent that those terms and phrases are vague or ambiguous or beyond their customary meanings.  The Debtors have done their best to understand the terms in the Requests for Production as used in context, but the Debtors make their responses and objections based on their understanding of such terms and the Debtors reserve the right to amend the responses and objections herein if the Propounding Insurers asserts meanings of such terms that are different from those employed by the Debtors.

13.     The Debtors object to the Requests for Production to the extent that they contain any factual or legal misrepresentation.

14.    Nothing herein shall be construed as an admission concerning the admissibility or the relevance of any documents or information, an admission that documents or information exist, or an admission of the truth or accuracy of any characterization or assertion contained in the Requests for Production.

15.    No specific objection to any Request for Production is to be construed as a waiver of any general objection applicable to that Request for Production.

16.    The Debtors' failure to object to the Requests for Production on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

17.    The Debtors do not in any way waive or intend to waive, but rather preserve and intend to preserve: (a) all rights to object on any ground to the use of any document or

6

information produced in response to the Requests for Production or the subject matter thereof, in any subsequent proceeding; and (b) all rights to object on any ground to any request for further responses to the Requests or any other document request.

18.     The Debtors' responses and objections to the Requests for Production are made to the best of their present knowledge, information and belief.  The objections are made without prejudice to the assertion of additional objections and responses by the Debtors at a later date. The Debtors reserve the right to supplement and amend any or all of their responses and objections to the Requests for Production, pursuant to Bankruptcy Rule 7026, Federal Rule 26(e), any other applicable Rule and any order of this Court.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     The Debtors object to the definition of "Board" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

2.     The Debtors object to the definition of "Coalition" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

3.     The Debtors object to the definition of "Communication" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

7

4.     The Debtors object to the definition of "Concerning" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

5.     The Debtors object to the definition of "Debtors," "You" and "Your" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.  The Requests for Production were addressed to, and served on, the Debtors, and to the extent the Debtors disclose any information, they will disclose only information that is within the possession, custody or control of the Debtors, and not of any other person or entity.

6.     The Debtors object to the definition of "Documents" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

7.     The Debtors object to the definition of "Plan of Reorganization" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case, and to the extent that it seeks to impose discovery obligations that are broader than, or inconsistent with, the Debtors' obligations under the Rules.

8.     The Debtors object to the Instructions, including, without limitation, Instructions No. 5, 6, 7, 10, 11, and 13 to the extent they seek to require the Debtors to produce documents that are not in the Debtors' possession, custody or control.  The Debtors further object to these Instructions to the extent they seek to require the Debtors to perform searches that are not

AMERICAS 108228499

reasonably likely to identify responsive documents.  The Debtors will perform only a reasonable search of documents in the Debtors' possession, custody or control.  The Debtors further object to these Instructions to the extent they seek to require the Debtors to produce documents that are not responsive to a Request.  The Debtors will only search for and produce documents responsive to a Request.

9.      The Debtors object to the Requests for Production as overly broad, unduly burdensome and disproportionate to the needs of the case, including, without limitation, Instruction 3, which seeks to impose a time period for the Requests for Production of over 100 years.  The Debtors will provide responses with regard to the time period from four years prior to the date hereof.

10.     The Debtors object to the Instructions, including, without limitation, Instructions 8 and 9, to the extent they seek production of a privilege log and to impose associated requirements, which are unduly burdensome and disproportionate to the needs of this matter, and will impose unreasonable annoyance, expense, disadvantage, or other prejudice on the Debtors. The Debtors will not be producing a privilege log in response to the Requests for Production.

11.     The Debtors object to the Instructions, including, without limitation, Instructions 7 and the "Manner of Production" instructions, to the extent they seek to impose requirements on the Debtors that are unreasonable, unduly burdensome or non-customary.  The Debtors will, to the extent they produce any materials, produce metadata where available, produce documents such as spreadsheets or any file that cannot be rendered to image in native format with a slip-sheet image, and produce documents in the manner they are kept in the ordinary course of business where appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents provided to BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged board presentations responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 2:**

All minutes of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all minutes." The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local

AMERICAS 108228499

Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged board minutes responsive to this request, if any.

## REQUEST FOR PRODUCTION NO. 3:

All Documents that BSA's Board reviewed and/or relied upon in evaluating the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and the use of the terms "reviewed," "relied upon" and "evaluating."  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged board presentations responsive to this request, if any.

## REQUEST FOR PRODUCTION NO. 4:

All Communications among members of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

AMERICAS 108228499

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.   The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all communications."   The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.   Subject to and without waiving their general and specific objections, the Debtors will produce non-privileged communications responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications exchanged between Mr. Mosby, Mr. Ownby, Mr. Sorrels, and members of BSA's Board Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.   The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought.   The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all communications."   The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.   The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.   Subject to and without waiving their general and specific

12

objections, the Debtors will produce non-privileged communications responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 6:**

All drafts of the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.    The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all drafts."   The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.    The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.   Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning Communications with State Court Counsel, the Coalition, TCC, FCR and/or their counsel Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.   The Debtors object to this request as vague and ambiguous particularly to the

extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents concerning communications."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 8:**

> All Documents Concerning any request that You support a motion, application or inclusion of a provision in the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, the Hartford Settlement, and/or any Plan of Reorganization that calls for the payment of money to any of the Coalition Professionals, including but not limited to Brown Rudnick LLP, for its fees and/or costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors object to this request as vague and ambiguous particularly regarding the use of the terms "request," "support" and "calls for" and to the extent that it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or

AMERICAS 108228499

control.    The Debtors further object to this Request for Production as seeking Confidential

Materials and Privileged Materials, including information protected by the attorney-client

privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the

Mediation Order.    Subject to and without waiving their general and specific objections, the

Debtors do not believe that they possess any non-privileged documents responsive to this

Request, but will confirm and produce non-privileged, responsive documents in their possession,

if any.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning any request that You support a motion, application or
inclusion of a provision in the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents,
the Hartford Settlement, and/or any Plan of Reorganization that calls for the payment of money
to any lawyer or law firm associated with the Coalition for its fees and/or costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Debtors incorporate their general objections to the Requests for Production as if fully

set forth herein.    The Debtors object to this request as vague and ambiguous particularly

regarding the use of the terms "request," "support," "calls for" and "associated with" and to the

extent that it fails to identify with sufficient particularity the documents or information sought.

The Debtors further object to this request as overly broad and unduly burdensome to the extent it

seeks "all documents."    The Debtors further object to this request to the extent it seeks

documents that are publicly available or that are already within the Propounding Insurers'

possession, custody or control.    The Debtors further object to this Request for Production as

seeking Confidential Materials and Privileged Materials, including information protected by the

attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-

5(d)(i) and the Mediation Order.    The Debtors further object to this Request to the extent it

AMERICAS 108228499

purports to require the Debtors to reveal attorney mental impressions, attorney work product or attorney-client communications.   Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 10:

All Documents produced by You to Hartford in response to the requests for production of Documents served on You by Hartford on July 2, 2021.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.   The Debtors object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.   Subject to and without waiving their general and specific objections, the Debtors will produce responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 11:

All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors, including all drafts of the TDPs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.   The Debtors object to this request as vague and ambiguous particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and regarding the term "to be employed with."   The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."   The Debtors further

16

object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications that BSA exchanged with the Local Councils Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents and communications." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents

17

responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 13:

All Documents and Communications that BSA exchanged with any Chartered Organizations concerning the RSA, the Term Sheet, the TDPs, and/or the Hartford Settlement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein. The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought. The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents and communications." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 14:

All Documents sent to "Consenting State Court Counsel" identified in the RSA requesting that they submit signature pages consenting to and/or joining the RSA.

AMERICAS 108228499

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and the use of the term "Consenting State Court Counsel," which is not a defined term in the RSA.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents sent by "Consenting State Court Counsel" identified in the RSA forwarding or providing signature pages consenting to and/or joining the RSA, including all cover letters or e-mails relating to same and all transmittal letters or e-mails relating to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought and the use of the term "Consenting State Court Counsel," which is not a defined term in

AMERICAS 108228499

the RSA.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

**REQUEST FOR PRODUCTION NO. 16:**

All indemnity and other agreements between or among You, Local Council(s) and any Chartering Organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly the use of the term "other agreements" and to the extent it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all indemnity and other agreements." The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control. The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and

20

mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order. Subject to and without waiving their general and specific objections, the Debtors will produce responsive, non-privileged documents accessible from a reasonable search, if any.

## REQUEST FOR PRODUCTION NO. 17:

All Documents and Communications between or among You and any Chartered Organizations Concerning the RSA, the Term Sheet, the TDPs, the Settlement Trust Documents, and/or the Hartford Settlement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents and communications."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  Subject to and without waiving their general and specific objections, the Debtors do not believe that they possess any non-privileged documents responsive to this Request, but will confirm and produce non-privileged, responsive documents in their possession, if any.

## REQUEST FOR PRODUCTION NO. 18:

All Documents reviewed and/or relied upon by You in setting the Monthly Fee Cap for the payment of fees and expenses incurred by Coalition Professionals.

21

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks documents that are publicly available or that are already within the Propounding Insurers' possession, custody or control.  The Debtors further object to this Request for Production as seeking Confidential Materials and Privileged Materials, including information protected by the attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-5(d)(i) and the Mediation Order.  The Debtors further object to this request to the extent it seeks attorney mental impressions or attorney work product.  Subject to and without waiving their general and specific objections, the Debtors are not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents, including any summaries of invoices, received by You from any of the Coalition Professionals to support Your payment of "reasonable, documented and contractual professional fees and expenses."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The Debtors incorporate their general objections to the Requests for Production as if fully set forth herein.  The Debtors further object to this request as vague and ambiguous, particularly to the extent that it fails to identify with sufficient particularity the documents or information sought.  The Debtors further object to this request as overly broad and unduly burdensome to the extent it seeks "all documents."  The Debtors further object to this request to the extent it seeks

22

documents that are publicly available or that are already within the Propounding Insurers'
possession, custody or control.    The Debtors further object to this Request for Production as
seeking Confidential Materials and Privileged Materials, including information protected by the
attorney-client privilege and mediation privilege, in violation of Delaware Local Rule 9019-
5(d)(i) and the Mediation Order.    Subject to and without waiving their general and specific
objections, the Debtors are not aware of any documents responsive to this Request.

23

Dated: July 8, 2021

/s/ Michael C. Andolina

WHITE & CASE LLP
Glenn Kurtz (admitted *pro hac vice*)
Jessica C. Lauria (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  gkurtz@whitecase.com
        jessica.lauria@whitecase.com
        ahammond@whitecase.com
        sam.hershey@whitecase.com

– and –

WHITE & CASE LLP

Michael C. Andolina  (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois  60606
Telephone:  (312) 881-5400
Email:  mandolina@whitecase.com
        mlinder@whitecase.com
        laura.baccash@whitecase.com
        blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Michelle  M. Fu (No. 6661)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington,  Delaware 19899-1347
Telephone:  (302) 351-9314
Email:  dabbott@morrisnichols.com
        aremming@morrisnichols.com
        ptopper@morrisnichols.com
        mfu@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*

AMERICAS 108228499

EXHIBIT I

1

```
 1                  UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE
 2

 3                                .     Chapter 11
    IN RE:                        .
 4                                .     Case No. 20-10343 (LSS)
    BOY SCOUTS OF AMERICA AND     .
 5  DELAWARE BSA, LLC,            .
                                  .     Courtroom No. 2
 6                                .     824 North Market Street
                                  .     Wilmington, Delaware 19801
 7                                .
                     Debtors.     .     July 27, 2021
 8  . . . . . . . . . . . . . . . .     3:00 P.M.

 9         TRANSCRIPT OF TELEPHONIC DISCOVERY CONFERENCE
          BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
10                 UNITED STATES BANKRUPTCY JUDGE

11
    TELEPHONIC APPEARANCES:
12
    For the Debtor:          Derek C. Abbott, Esquire
13                           Andrew R. Remming, Esquire
                             Paige N. Topper, Esquire
14                           MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                             1201 North Market Street, 16th Floor
15                           Wilmington, Delaware 19899

16                           - and -

17                           Jessica C. Lauria, Esquire
                             Glenn Kurtz, Esquire
18                           WHITE & CASE LLP
                             1221 Avenue of the Americas
19                           New York, New York 10020

20  Audio Operator:          Brandon J. McCarthy, ECRO

21  Transcription Company:   Reliable
                             1007 N. Orange Street
22                           Wilmington, Delaware 19801
                             (302)654-8080
23                           Email:  gmatthews@reliable-co.com

24
    Proceedings recorded by electronic sound recording; transcript
25  produced by transcription service.
```

1  TELEPHONIC APPEARANCES (Cont'd):

2  For the Debtors:          Michael C. Andolina, Esquire
                             Matthew E. Linder, Esquire
3                            Laura E. Baccash, Esquire
                             Blair M. Warner, Esquire
4                            WHITE & CASE LLP
                             111 South Wacker Drive
5                            Chicago, Illinois 60606

6
   For the Roman Catholic    Jeremy Ryan, Esquire
7  Ad Hoc Committee:         POTTER ANDERSON & CORROON LLP
                             Hercules Plaza
8                            1313 North Market Street, 6th Floor
                             P.O. Box 951
9                            Wilmington, Delaware 19801

10
   For Century:              Daniel Shamah, Esquire
11                           O'MELVENY & MYERS LLP
                             Times Square Tower
12                           7 Times Square
                             New York, New York 10036
13
   For Hartford:             James Ruggeri, Esquire
14                           SHIPMAN & GOODWIN LLP
                             1875 K Street NW, Suite 600
15                           Washington, DC 20006

16
   For Allianz Global        Harris Winsberg, Esquire
17 Risks US Insurance:       TROUTMAN PEPPER HAMILTON SANDERS LLP
                             600 Peachtree Street, NE
                             Suite 3000
18                           Atlanta, Georgia 30308

19

20

21

22

23

24

25

1        (Proceedings commenced at 3:06 p.m.)

2              THE COURT:  Good afternoon, counsel.  This is Judge

3  Silverstein.  We're here in the Boy Scouts of America

4  bankruptcy, Case No. 20-10343.

5              I asked for a status or a hearing conference in

6  connection with discovery disputes that have surfaced over the

7  past couple of days and related to our hearing on Thursday

8  with respect to the restructuring support agreement.  In

9  particular I want to hear if further production of documents

10 has mooted any of the disputes that were raised.  I'd also

11 like to hear whether or not -- I'd like to hear some more

12 about the mediation privilege and how it's being asserted in

13 connection with what items it's being asserted.

14             So let me hand it over to counsel for Century who

15 filed -- no, I'm wrong.  Its moving insurers, so let me double

16 check that.

17             MR. SHAMAH:  Your Honor, Daniel Shamah, O'Melveny,

18 on behalf of Century.  I will be speaking on behalf of the

19 moving insurers if that helps you.

20             THE COURT:  Thank you.  Yes, let me hear from you

21 please.

22             MR. SHAMAH:  Thank you, Your Honor.  Again, for the

23 record, Daniel Shamah, O'Melveny & Myers, on behalf of

24 Century.

25             Your Honor, can you hear me okay?

1          THE COURT:  I can.

2          MR. SHAMAH:  Okay.  And, Your Honor, I apologize.

3  My name in Zoom is not showing up as my name so I hope that

4  doesn't create any confusion for you.

5          THE COURT:  I found you.

6          MR. SHAMAH:  Thank you, Judge.

7          So first, Your Honor, I just want to thank the

8  court for hearing us on such short notice.  We very much

9  appreciate it.  We know you have a lot on your docket.  You

10  got a lot of paper over the last, you know, four or five days

11  and we know you're incredibly busy.  So we really do

12  appreciate Your Honor taking the time this afternoon.

13          Your Honor, I think the short answer to your first

14  question is the materials we got at 12:30 last night or early

15  this morning do not moot the issues at all from our

16  perspective. I think it's worth contextualizing how we got

17  here today and, sort of, the status quo where we are.  So if

18  you will indulge me a little bit, Your Honor, I just want to,

19  sort of, put the pieces together here to help frame the issues

20  for you.

21          So stepping back, Your Honor, the subject of our

22  motion to compel was to address the prejudice that the

23  insurers were facing by the debtors' decisions on how they

24  decided to conduct these proceedings.  Your Honor, if this was

25  about a stray instruction at a deposition not to answer or a

1  discreet document that may have been over-redacted I don't

2  think -- I would think we wouldn't be here today.

3         What became apparent throughout the discovery

4  process here is the debtors made the strategic decision to

5  blanket withhold everything.  We did not get any board

6  minutes.  They were redacted to the point of uselessness; all

7  they would say was date and attendees, and nothing else of

8  substance.  They did not produce any financial materials from

9  Alvarez & Marsal that was presented to the board in support of

10 the RSA; again, if they were produced they were redacted

11 entirely of substance.  And at depositions the witnesses were

12 instructed on a blanket basis not to testify about all of the

13 subject matters, the basic issue of what did the board

14 consider, when did it consider those matters.

15        What has become apparent, Your Honor, since over

16 the last 48 or 72 hours is the debtors, essentially, concede

17 that we were right when we raised these issues with them both

18 before, during and after depositions.  They have since

19 belatedly produced some materials.  They are still heavily

20 redacted.  We can get into specifics of what's still missing,

21 but we still don't have much substance when it comes to board

22 materials.  We do not have any written authorizations.  The

23 A&M materials are a little less redacted, but still very

24 heavily redacted.

25        More troublingly, they have now produced two new

1  declarations; one from an entirely new witness, Mr. Disi

2  [phonetic], and a supplemental declaration from Mr. Whittman

3  covering topics that they previously withheld on various

4  grounds of privilege.  And so Mr. Disi goes on at length about

5  the board process, the governance process, how the board is

6  constituted and when they met.

7           Mr. Whittman, you know, other than the coalition

8  fee issue, which I will come back to in a moment, goes on at

9  length about when the board met, how often they met, what he

10  presented to the board, what he discussed with the board; all

11  of these materials were withheld, witnesses were instructed

12  not to answer questions about these topics.  These were issues

13  that were apparent from the very beginning of these

14  proceedings that these were an issue.

15           I think this is the important thing, Judge, the

16  debtors put these topics at issue.  They are asking the court

17  to approve the RSA they contend is a reasonable exercise of

18  their business judgment.  What the board considered it, when

19  they considered it, that is the whole entire subject matter of

20  this litigation and they made a strategic decision not to

21  share those materials as part of the discovery process.

22           What has become apparent is confronted with a wide

23  range of objections that were filed last week; not just from

24  insurers, but from chartered organizations, from other

25  claimants, from the United States Trustee.  They're trying to

1 backfill the record.  They are trying to come up with

2 substance to fill that gap because they are concerned they may

3 lack an evidentiary basis.

4          Your Honor, I think it's improper. It's improper to

5 wait for a reply to put before the court materials, and

6 issues, and discovery that was fair game and well-known for

7 weeks that should have been there all along.  I think it's

8 unfair to us where we are now less than two days before a

9 hearing and we're getting midnight productions.

10          They are offering one witness tomorrow, Mr. Disi.

11 They have not offered to reopen the depositions of either Mr.

12 Whittman who now has eleven new pages of declaration testimony

13 or Mr. Ownby who, for all intents and purposes, was instructed

14 not to answer almost anything at his deposition.  And we

15 should be preparing for trial, but instead we're now dealing

16 with these issues at the eleventh hour.  It's simply improper

17 and unfair.

18          Your Honor, I think from -- we are not looking for

19 a delay.  We didn't file a motion to adjourn.  We think,

20 frankly, Your Honor, they should have to live with the record

21 they submitted.  That was their moving case.  They chose a

22 strategy on how they wanted to do it and they should have to

23 live with the consequences of that strategic decision.

24          Lastly, Your Honor, I know you asked about the

25 mediation privilege.  I don't want to overlook that or ignore

1  it.  It was interesting, the debtors spent a lot of time on

2  the mediation privilege in their opposition brief yesterday

3  which I thought was curious because it really wasn't the focus

4  of ours.  To be blunt, we are not seeking the production of

5  mediation materials.  We have not asked for communications

6  with the claimants, with the mediators or anything like that.

7  We are looking for the documents and discovery about what the

8  board considered and when it considered those issues which is

9  exactly what they have put at issue and we are entitled to ask

10 those questions and to have a reasonable amount of time to

11 consider those materials.

12       Your Honor, unless you have any questions for me

13 that is our position.  I believe other insurers may want to

14 add anything.  I do know Mr. Ryan, on behalf of the catholic

15 and Methodist ad hoc groups also wanted to address the court.

16       THE COURT:  Okay.  Thank you.

17       I will hear from others, but I am focused on this

18 particular issue. I did note, in particular, board minutes,

19 materials submitted to the board for consideration, board

20 resolutions.  These were categories that struck me as I read

21 through the filings that I'd like to hear from -- that I'd

22 like to hear about.  So I will hear from other insurer

23 counsel, but that is really what I am focused on.

24       MR. SHAMAH:  Your Honor, I wasn't sure if that was

25 addressed to me or other insurance counsel.  I apologize.

1          THE COURT:  That's addressed to other insurance

2  counsel.  Anyone want to address me?

3      (No verbal response)

4          THE COURT:  I'm not hearing anyone.

5          MR. RUGGERI:  Your Honor, James Ruggeri for

6  Hartford.  We would just support Century's counsel's comments

7  in that regard and just note that even with regard to the

8  Hartford specific issues of change in circumstances the record

9  has changed dramatically over the past couple of days as we

10  continue to get a little bit more by way of the board minutes

11  in dribs and drabs.

12          The court will hear, in a couple of days, about the

13  importance of a June 9th letter presumably and now we see that

14  the minutes are being produced in a way that, you know, now we

15  see it differently then maybe the way we saw it when they

16  first redacted in wholesale everything but, literally, the

17  dates of the meeting and who attended those meetings.

18          There is a prejudice here.  There is an issue here.

19  I do agree with counsel for Century that the debtors should be

20  required to present their case based on record as they

21  produced initially subject to all of the privilege claims that

22  they made throughout the course of the depositions.

23          Thank you, Your Honor.

24          THE COURT:  Thank you.

25          Anyone else?

1    MR. WINSBERG:  Your Honor, if I may.  Harris

2 Winsberg for the Allianz insurers.

3    Can you hear me?

4    THE COURT:  Mr. Winsberg, yes.

5    MR. WINSBERG:  Just real briefly, Your Honor.  In

6 the debtors' declaration, Docket 5469, at Paragraph 6 Mr.

7 Mosby, in his declaration, said that it was in his opinion and

8 the board's opinion that the path of the RSA is the most

9 realistic approach to achieve the debtors' objectives.  You

10 know in Mr. Ownby's deposition, as pointed out in the papers,

11 he was specifically asked a question.

12    We don't have the un-redacted board minutes, but

13 was asked the question about the RSA and in particular

14 focusing on what were the deal points.  What deal points did

15 you approve in connection with the RSA.  He was instructed not

16 to answer not on mediation privilege, but an attorney/client

17 privilege.  Those pages are in the deposition.  So I think

18 they're pages 50 through 52.

19    There were also instructions not to answer

20 questions from the bankruptcy task force, what was their

21 recommendation in connection with the RSA.  There was

22 instruction not to answer on attorney/client, that was on Page

23 58 and 59 of Mr. Ownby's deposition.

24    So it's hard when they put the issues in front of

25 Your Honor on approval of the RSA to ask Your Honor whether

1  it's the business judgement or some other like intrinsic

2  fairness that you're going to hear in a couple days.  It's

3  hard to understand if they won't give us the basis or the work

4  that was put behind, the board put behind the decision.  They

5  just instructed not to answer on attorney/client.  So it has

6  put the insurer group in a difficult position moving forward

7  with the hearing.

8           THE COURT:  Thank you.

9           MR. WINSBERG:  Thank you, Your Honor.

10          THE COURT:  Anyone else?

11      (No verbal response)

12          THE COURT:  Okay.  Let me hear from the debtors.

13          MR. ABBOTT:  Thank you, Your Honor.  Derek Abbott

14  of Morris Nichols here for the debtors.

15          Your Honor, I believe Mr. Kurtz is going to address

16  the discovery issues and at some point I believe Ms. Lauria

17  may want to update the court on some bigger picture items, but

18  let me turn it over now to Mr. Kurtz if I may.

19          THE COURT:  Please.  Mr. Kurtz?

20          MR. KURTZ:  Good afternoon, Your Honor.  Glenn

21  Kurtz on behalf of the debtors.  Thank you for letting me

22  appear here.  I have not had the opportunity to appear in this

23  case before you yet, Your Honor.

24          Let me start with how I would contextualize all of

25  this.  There was some effort made to suggest this isn't about

1  mediation.  I think that's exactly wrong.  I think this is

2  primarily about mediation.  We received document requests from

3  day one that were in clear violation of Your Honor's mediation

4  order on Local Rule 9019 and specifically asked for documents

5  reflecting the communications that were occurring among the

6  mediation parties in the mediation.

7         We got questions throughout the depositions asking

8  for the disclosure of mediation material including

9  conversations between the mediation parties.  We have been

10 trying to join issue on this since July 8th when we first

11 reached out and said these things look to be violating the

12 mediation order and the local rule.  Please confirm you will

13 either abide by these rules or talk to us if you have some

14 nuance interpretation that would allow us to get you more

15 information because mediation is a particularly important

16 privilege.  Its ongoing in this case as we try to get gain

17 more and more support for a consensual reorganization.

18        We had been ignored at every juncture.  We have set

19 numerous communications asking them to share a view on

20 mediation and, frankly, until right now, during this hearing,

21 I haven't heard anybody say that they don't really want

22 anything relating to mediation which seems belied by the

23 requests and by the questions at deposition.

24        The documents that are being withheld now.  Your

25 Honor asked what about the board materials.  I believe that

1   the materials have been forwarded now with fewer redactions

2   which would identify the grounds for the decision making.

3   What I believe to have been continued to be redacted fall

4   largely into a mediation privilege.  They're recording things

5   that happened in the mediation or attorney/client because

6   they're based on advice even some instances, perhaps, work

7   product where something was being created in connection with

8   the negotiations in this bankruptcy case or in connection with

9   advice.

10          The objectors have not identified a single document

11  where they have information and have carried some burden of

12  establishing that we have an improper redaction.  They're just

13  more interested in getting material without regard to whether

14  or not it's privileged.  I believe and I believe that its been

15  reviewed by a number of attorneys that what has been redacted

16  now after re-reviewing is all either mediation privilege or

17  attorney/client privilege; maybe work product, but at least

18  the first two.

19          With respect to the rebuttals this is not an issue

20  of backfilling a record.  There's no motion, by the way, to

21  preclude rebuttals, the replies.  The replies are going in

22  connection when and in connection with our reply papers as is,

23  of course, customary.  The notion that one can't address the

24  matters raised in an objection in the replies is, of course,

25  completely incorrect.  The law is abundantly clear that

1  replies can introduce new evidence that both address what was

2  put in originally and also more importantly here in particular

3  in opposition to the objections that had been raised and that

4  is exactly what we did.

5         It would be quite convenient if one could litigate

6  by raising objections in an opposition and claiming that the

7  movant had no right to address those matters.  They can't have

8  it both ways.  You can't have the insurers and the other

9  objectors raising matters and relying on evidence in the

10  opposition and then somehow prevent any kind of reply or

11  rebuttal.

12         The law is Black Letter on this.  We cited a number

13  of Delaware cases in our July 26th letter to the court.  It's

14  in Footnote 1.  You have no motion.  You also have a single

15  citation to a single case that was offered by the objectors by

16  Travellers; that, Your Honor, was an un-reported decision out

17  of Illinois and it did not address this.

18         In fact, it's interestingly a case where the party

19  had added a brand new supplement long after declining to raise

20  issues and the court allowed it in anyway in the interest of

21  justice.  There's some victa in a footnote about not being

22  able to raise brand new material in reply.  We haven't raised

23  brand new materials in replies.  It is the same material, same

24  subject matters as in the opening brief.  It is offered

25  specifically to address what was raised in the opposition.

1          THE COURT:  I think the concern I read, and I will

2  say I read these quickly, is that certain documents were not

3  produced, depositions were taken and there were instructions

4  not to answer.  They went to questions such as what did the

5  board consider.  What did the board resolve.  What did the

6  board take into consideration when it determined to enter into

7  the RSA.  All of those, in my mind, would have been fair game

8  not to be addressed subsequently in a reply, but right then at

9  a deposition.

10          Am I wrong in reading this and were these topics --

11  were deponents instructed not to answer those types of

12  questions?

13          MR. KURTZ:  Your Honor, it does look like there was

14  some instructions and I may defer at some point to Mr.

15  Andolina on the specifics. I didn't attend those depositions.

16  I appreciate Your Honor's observation about proper subject

17  matter.  I do believe that taken as a whole with the deponents

18  that were produced a pretty complete record was adduced about

19  what was taken into account and what was considered.  A lot of

20  those instructions were specifically asking about something

21  that occurred in the course of a mediation or something that

22  occurred in connection with receiving advice from counsel, but

23  that the core issues about what the board considered and how

24  they considered it had been addressed in discovery both from a

25  document production standpoint and through witnesses.

1              Additionally, we have offered the deposition of Mr.

2    Disi who is able to testify as to all these matters.  I don't

3    think there is any prejudice in having that deposition take

4    place now.  I don't think there is any new preparation as

5    needed.  Counsel -- the objectors' counsel had been pretty

6    clear, I think, that they fully prepared for and drafted

7    questions about these subject matters.  So they're sort of

8    ready to go right now and get them answered.

9              So I think on balance, Your Honor, we have given

10   them sufficient testimony and evidence about what was taken

11   into account, and what wasn't taken into account, and how.

12   And they have another opportunity, tomorrow, to get even more

13   evidence.  They have already pretty much comprehensively

14   addressed their objections and just as they're addressing them

15   today there is no doubt they will be raising these matters

16   before Your Honor on a hearing on the RSA.

17             So, you know, I get it that this was expedited and

18   I also -- counsel said we've admitted we were wrong. I don't

19   know that those are the words I would use, but I would say

20   that after re-reviewing materials we made additional

21   productions which is completely commonplace in any litigation

22   and particularly commonplace in expedited litigation.

23             We have been trying to get them to engage on this

24   since July 8th.  They raised it for the first time last

25   Thursday in the evening.  We met with them on Friday, the next

1  day following a deposition.  We committed to -- I personally

2  committed to have a re-review undertaken with respect to

3  everything they identify and to make a production over the

4  weekend, and to review all the instructions and to address

5  that as well.

6          We did that as soon as we got that information.

7  Had they raised this three weeks ago, two weeks ago, or one

8  week ago, or before the depositions were taken we could have

9  addressed it all in due course and we wouldn't even have to be

10  here.  They didn't raise it, but the moment they raised it I

11  personally took ownership over this and within -- the

12  commitments immediately they had documents over the weekend.

13          I don't think that, you know, the estate should,

14  sort of, be punished based on what looked to me to be not

15  really inadvertent delay, but maybe even advertant delay

16  because you have a whole slew of applications now all designed

17  to, sort of, take this off track.  Now maybe they shifted from

18  a delay to try and argue some evidentiary shortfall, but,

19  again, I don't believe they have the ability to raise defenses

20  and use evidence in opposition and then prevent the rebuttals.

21          It's Black Letter Law that we're entitled to

22  address their objections and that's all we're doing.

23          THE COURT:  Okay.  Thank you.

24          MR. WINSBERG:  Thank you, Your Honor.

25          MR. SHAMAH:  Your Honor, may I respond or do you

1  want to hear from others first?

2          THE COURT:  Is there anyone else who wants to be

3  heard before I permit a response?

4      (No verbal response)

5          THE COURT:  I don't hear anyone.

6          MR. SHAMAH:  Thank you, Your Honor.  I will be

7  very, very brief.  I think Your Honor hit the nail on the head

8  when you identified the fundamental concern which is that

9  topics that are fair game were not permitted to be the subject

10  of discovery or examination until this past weekend.  Your

11  Honor, I would just simply refer you to our motion to compel

12  where we identify scores of instances where basic questions

13  about the board process, what was considered, when it was

14  considered both in Mr. Ownby's deposition and Mr. Whittman's

15  deposition that were not permitted to answer.

16          I think Mr. Kurtz's -- I do appreciate his

17  willingness to revisit these decisions, but bringing him in at

18  this late hour is simply unfair.  These were issues that were

19  raised at the depositions and beforehand.

20          Your Honor, the last two points I want to make --

21  and I do know Mr. Ryan wants to say something because I see

22  his video is active now.  One, with respect to it being common

23  that these issues be brought up on reply they're not

24  responding to new legal arguments or factual arguments that

25  weren't previewed back in July when we first had the status

1  conference with Your Honor.  This is clearly topics that were

2  fair game from the beginning that they're now trying to

3  buttress on the eve of trial.

4        Lastly, Your Honor, the last point I want to make

5  with respect to additional documents this isn't -- again, this

6  isn't a scenario where they produced a stray email here or

7  there.  That happens in every litigation.  We understand that.

8  Here, they're producing the documents for all intents and

9  purposes for the first time.

10        On that point, Your Honor, I know you asked the

11  question earlier and I did want to address it while -- I did

12  take a quick look.  The board -- we do not have any board

13  authorizations.  We do not have any of the authorizations.

14  They have not been produced as far as we can tell.  We have

15  minutes that are still, for all intents and purposes, entirely

16  redacted other than an individual says and then it's just all

17  redacted.

18        So we have not -- we got these at one o'clock in

19  the morning.  So we haven't -- so, obviously, we have a lot

20  going on right now.  So I can't say that, you know, these

21  privilege assertions are valid or not, but from our review

22  this morning there does still seem to be fairly substantial

23  overbreadth in what has been redacted.

24        THE COURT:  Thank you.

25        Mr. Ryan?

1        MR. RYAN:   Thank you, Your Honor.   Jeremy Ryan on

2  behalf of the ad hoc committees for the United Methodist

3  Church and the Catholic Diocese.

4        We haven't propounded discovery, Your Honor.   We

5  haven't propounded discovery, Your Honor.   We did attend some

6  depositions and the reason we haven't done that is because we

7  are volunteer organizations who devote time, and resources,

8  and property to Boy Scouts that don't have the budgets or the

9  resources to engage in bare knuckle litigation that is taking

10 place.   We are, frankly, riding the coat tails of the

11 discovery the insurers are propounding because they're asking

12 the questions that our clients are interested in hearing too

13 and that we feel are relevant to the issues before the court.

14       We were hopeful that there would be a transparency

15 on the part of the Boy Scouts in providing the record as to

16 what went into the RSA.   We're deeply disappointed that we,

17 from afar, and looking at attending depositions haven't been

18 able to get those answers either.   There were a tremendous

19 amount of objections, a tremendous amount of instructions not

20 to answer.   And the fundamental questions as to what they

21 considered and when with respect to this weren't answered,

22 Your Honor.

23       My clients don't have the resources to attend

24 deposition after deposition and review hundreds of thousands

25 of pages or tens of thousands of pages.   We are depending upon

1  Boy Scouts to not drag us along in bare knuckle litigation.

2  We are depending on them to voluntarily provide a record that

3  was reasonably asked for with respect to what was considered

4  and going to the RSA.

5          From the position of my two clients, Your Honor,

6  you know, at this point we're not sure why we're going

7  forward.  We're being told that the RSA is not the end of the

8  line.  We're being told there will be further negotiations

9  specifically with the chartered organizations, with the

10  treatment in the RSA.  It is not the treatment that they

11  ultimately intend to solicit.

12          So from our perspective and the costs on the

13  estate, the costs on the individual parties who are paying

14  their own legal fees to be proceeding with an RSA hearing when

15  we're being told that the deal for which approval is sought is

16  not going to be the deal that is going to be solicited.  We're

17  left with the question as to what are we doing and what is

18  going to be gained.  Whey are out clients being dragged along

19  and forced to spend money objecting to things that aren't

20  going to be the end of the deal.

21          We would much prefer, as it has in the past, that a

22  stopped litigation be put.  If there are going to be

23  negotiations with chartered organizations lets have that.

24  Let's get to the deal that is ultimately going to be

25  solicited.  Maybe it's this deal because there is no deal with

1  chartered organizations, but as of this date, Your Honor,

2  there has not been one substantive mediation with chartered

3  organizations.

4        Boy Scouts doesn't exist without us; it's a plan

5  and simple fact.  So before we spend all this time and money

6  on litigations why don't we see if the plaintiffs, and the

7  scouts, and local counsels can come to an agreement with the

8  chartered organizations to allow us to continue the

9  relationship that they need to go forward.

10       That is all I have, Your Honor.

11       THE COURT:  Thank you.

12       MR. KURTZ:  Your Honor, may I take a minute or two

13  just to offer a very brief response?

14       THE COURT:  Mr. Kurtz?

15       MR. KURTZ:  As to Mr. Ryan I mean I want to be

16  clear, I mean we're not bare knuckling this at all.  I know

17  what bare knuckle litigation is.  We're the debtor and we're

18  not taking that approach.  I agree that the chartered

19  organizations are important.  My understanding is there is a

20  mediation coming with them, but it's kind of off-point for

21  today.  But I would just note that being able to reach an

22  agreement with the most important and largest creditor group

23  under the RSA doesn't have to wait for the agreements of

24  others which we hope will be forthcoming.

25       The only other comments I wanted to make is just a

1 practical one.  We're not talking about a failure to supply

2 information that is somehow relevant to the truth in any of

3 this.  What the objectors are looking to do here is to

4 identify purported deficiencies.  And every time that they get

5 the true evidence that they don't have those deficiencies

6 they're upset by it.

7          So it's not the failure to produce information that

8 would be problematic, it's the production of information that

9 is problematic to their objection.  Maybe the best example is

10 counsel referred to authorization.  That can't be a serious

11 contest here that the board of the Boy Scouts has authorized

12 the Boy Scouts to enter into the RSA.  So they're looking for

13 some sort of expedited discovery issue to say, well, we don't

14 have enough proof of that when that can't be a serious issue

15 in the case.

16          So I just wanted to note that we're not missing

17 information to get to the truth finding exercise here.  If

18 anything they're just concerned that we're giving them

19 information that undercuts the objections.

20          Thank you for your time, Your Honor.

21          THE COURT:  Mr. Kurtz, I think my response to that

22 is if it's helpful information than it should have been

23 produced in the first instance.  There shouldn't have been any

24 holding it back.  I am not persuaded by that argument.

25          Well I'm not going to take this off calendar, but I

1  am concerned by two things, I will just say.  One, if this

2  issue of mediation privilege and withholding of documents was

3  evident on July 8th, given the schedule that we had, it really

4  should have been brought to me sooner.  And I understand the

5  obligation under our local rules to meet and confer, but --

6  and, of course, I encourage all parties to meet and confer,

7  but bringing issues to me at the last minute is not helpful.

8           On the other hand while I haven't seen any of the

9  documents that the debtors have redacted, and I haven't read a

10 complete deposition of any of the witnesses that have been

11 deposed, on the surface it would seem to me that board

12 resolutions with respect to the RSA, presentations with

13 respect to the board's consideration of the RSA, board minutes

14 with respect to the resolution of the RSA are all fair game

15 and not part of mediation privilege.

16          If the particular documents, I suppose, contain

17 communications that only took place in connection with

18 mediation then perhaps some portion of those documents could

19 be redacted.  But providing -- but mediation doesn't clock

20 discovery and information that is, otherwise, discoverable

21 just because you also put it into the mediation process or

22 communicated information you have to the mediator or other

23 parties.

24          So I am concerned that the mediation privilege may

25 have been too broadly construed.  Again, I haven't seen a

1  document so I don't know, but intuitively those types of

2  documents don't seem to me to fall within the mediation

3  privilege and it would seem to me are very relevant to the

4  issues before the court which the parties have framed is, at

5  least, the debtors' business judgment.  I realize some parties

6  have said that there is an entirely fair standard, but at

7  least business judgment.

8          So I think its fair game.  What did the debtor

9  consider?  When did they consider it?  What did they decide?

10  What did they not consider?  All fair game.

11          So having said that, as I said, I'm not going to

12  take this off calendar.  We will see how the hearing goes.

13  But if I determine that the witnesses are now testifying about

14  topics from which they were precluded from testifying at

15  deposition I am unlikely to hear that testimony.

16          I know there was a separate motion by Hartford.  I

17  don't have enough information to know whether I am going to

18  strike Mr. Mosby's testimony.  We're going to deal with that

19  also at the hearing.  The debtors want to file a response to

20  that you can.  I don't think I've received one yet or if you

21  filed it, it hasn't gotten to my desk.

22          MR. KURTZ:  We have not filed yet, Your Honor.

23  Thank you.  We will file something.

24          THE COURT:  Okay.  That is all I had for today.

25  Let me also say that on Thursday we will be taking a break

1  around 12:10 till about 1:20, 1:30.  So factor that as your

2  lunch time and break time.

3          MR. ABBOTT:  Thank you, Your Honor.  Derek Abbott,

4  again, counsel for the debtors.

5          There is one other matter that I think Ms. Lauria

6  would like to bring to the court's attention.  So may I ask

7  the court's indulgence to hear one last bit from her.

8          THE COURT:  Ms. Lauria?

9          MS. LAURIA:  Thank you, Your Honor.  Jessica

10 Lauria, White & Case, on behalf of the debtors.

11         Your Honor, we did think it was our obligation to

12 bring one additional matter to the court's attention and that

13 is the following.  The restructuring support agreement that is

14 currently before the court provides that it terminates, by its

15 terms, tomorrow evening.  We have been in discussions with the

16 RSA parties to extend that termination deadline to actually

17 enable us to get to a hearing with respect to the RSA motion.

18 To date the RSA parties have been unwilling to extend.

19         Those negotiations concerning an extension beyond

20 tomorrow are in process.  They literally lasted until the

21 start of today's hearing and I suspect they will continue

22 tomorrow, but we did not think it was appropriate, Your Honor,

23 to not bring this to the court's attention in the event that

24 for some reason the RSA deadline is not extended tomorrow.

25         THE COURT:  Okay.  I changed my mind.  We're not

1  going forward with the RSA hearing on Thursday.  If the

2  parties -- the parties haven't agreed to extend the deadline.

3  I am not having people prepare.  I am not having people take

4  depositions.  I am not having people continue to discuss.  So

5  that hearing is canceled and if the debtors want to re-notice

6  that hearing they can ask for permission to do so.  I am not

7  going to make parties who are not party to the RSA to continue

8  to prepare for a hearing that may be meaningless.

9           So thank you, Ms. Lauria.  Yes, that was very

10  appropriate to bring it to my attention and that is my ruling.

11  So thank you, everyone.  We're adjourned.

12        (Proceedings concluded at 3:44 p.m.)

13

14

15

16

17                        CERTIFICATE

18

19     I certify that the foregoing is a correct transcript

20  from the electronic sound recording of the proceedings in the

21  above-entitled matter.

22

   /s/Mary Zajaczkowski              July 27, 2021
23  Mary Zajaczkowski, CET**D-531

24

25

# EXHIBIT J
# (EXHIBIT REDACTED IN FULL)

EXHIBIT K

**WHITE & CASE**

July 31, 2021

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**VIA E-MAIL**

whitecase.com

Tancred Schiavoni
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
tschiavoni@omm.com

**RE:** *In re Boy Scouts of America*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020)

Dear Mr. Schiavoni,

We write in connection with our meet and confer of July 30 to (i) provide the Debtors' position on "which of the directions not to answer made at the depositions are being withdrawn" as further requested in your email of July 29, (ii) provide an update on the status of our production, and (iii) to confirm the schedule for the continuation of depositions of BSA witnesses. I committed to respond on Monday, but was able to complete the review of your flagged citations earlier.

*First*, when we asked what specific "directions not to answer" that you were referring to, we were referred to the BSA Transcript Cite Samples sent by email from Mr. Cocchiaro to Mr. Andolina and others on July 23, 2021, more than two weeks after we offered to engage you with respect to mediation privilege, and while BSA was in the midst of preparing a reply to the objections to the RSA (which were filed on Thursday July 22) and responding to belatedly filed motions to compel. We note that the undifferentiated Transcript Cite Samples that you referred us to have little to do with directions not to answer. As shown below, the vast majority of the approximately 1200 lines that you "flagged" for our review do not contain any direction not to answer. In the future, please be more careful in raising alleged disputes. We have analyzed the citations that you have "flagged," grouped the citations into five categories, and provide our proposed manner of responding to each of these categories below.

**1.    Citations That Include No Instruction Not to Answer**

The first category of flagged citations do not contain any direction not to answer.

| Whittman | Mosby | Ownby |
|----------|-------|-------|
| 101:21-25 | 16:7-17:5 | 16:1-17:24 |
| 115:6-25 | 178:24-181:15 | 18:14-22:7 |
| 116:1-16 | 193:19-25 | 23:15-28:20 |

WHITE & CASE

Tancred Schiavoni, p. 2
July 31, 2021

| Whittman | Mosby | Ownby |
|---|---|---|
| 118:9-119:2 | 196:8-201:5 | 29:10-30:11 |
| 121:13-23 | 197:3-5 | 32:3-14 |
| | 201:24-205:15 | 74:1-75:11 |
| | 206:4-206:14 | 83:21-84:14 |
| | | 99:16-100:7 |

**2.  Citations Where the Witness Responded to the Question**

The second category of flagged citations is where the transcript reflects that the witness responded to the question, notwithstanding a cautionary instruction.  In these circumstances, there is plainly no need to further address this matter. These citations include:

| Whittman | Mosby | Ownby |
|---|---|---|
| | | 15:19-25 |
| | | 17:25-18:13 |
| | | 22:8-23:14 |
| | | 28:21-29:9 |
| | | 178:21-179:10  (answered at 179:21-23) |
| | | 227:8-228:1 |

**3.  Citations Where the Witness Was Instructed Not to Respond**
**"to the Extent that" the Response Would Reveal Privileged Information**

The third category of flagged citations include situations where the examiner posed a broad question that called for a response that included information protected by the attorney client or mediation privilege.  The witness was appropriately instructed not to answer "to the extent" that the response would require the witness to reveal privileged information and, in certain circumstances, the witness indicated that he believed that he could not respond to the question without revealing privileged information.  There was little, or no, follow-up. With respect to the flagged citations referenced below, the examiner is free to ask follow-up questions to ascertain the circumstances surrounding the witnesses recollection of the communications to ascertain the provenance of the witnesses view and to receive any non-privileged information in response. .

| Whittman | Mosby | Ownby |
|---|---|---|
| 44:23-45-10 | 201:6-23 | |
| 171:1-16 | 205:16-206:3 | |
| | 273:21-274:8 | |

Tancred Schiavoni, p. 3
July 31, 2021

### 4.  Citations Where the Debtors Will Lift the Instruction

The fourth category of flagged citations include situations where the transcript reflects that the witness was instructed not to answer (or there was a colloquy following a witnesses response that precluded further examination).   The examining attorney was offered more than once the opportunity to confer "off-line" to discuss the provision of additional information, but elected not to engage. So, resolution was not reached. The Debtors will lift the instruction and allow the witness to answer the questions posed in this category.

| Whittman | Mosby | Ownby |
|----------|-------|-------|
| 128:9-25 | 258:3-259-10 | 50:4-22 |
| | | 52:3-14 |
| | | 58:21-59:4 |
| | | 64:3-65:13[1] |
| | | 90:25-91:15 |
| | | 101:21-102:3 |
| | | 104:24-105:10 |

### 5.  Citations Where the Debtors Will Maintain Their Instruction

The fifth category of flagged citations include situations where the examiner asked the witness to reveal either attorney client or mediation privileged information and was instructed by defending counsel not to answer. The Debtors will maintain the instructions referenced at the citations below.

| Whittman | Mosby | Ownby |
|----------|-------|-------|
| 201:9-18 | 48:10-49:7 | 101:9-20 |
| | 56:13-16 | |
| | 69:17-70:5 | |
| | 76:14-20 | |
| | 80:15-82:17 | |

*************

*Second*, in response to your email of this afternoon, we will be re-producing all board minutes this evening, along with certain board presentations, with revised redactions. These redactions reflect our effort not to disclose information protected by the attorney-client privilege and the mediation privilege, such as the parties' mediation positions, while also disclosing information the Insurers have requested, including relevant resolutions and authorizations.   Please note that the Debtors make this production in a good-faith effort to work cooperatively with the Insurers to resolve this dispute, in accordance with the parties' obligations under Local Rule 7026-1.

---

[1] The examiner asked what Mr. Ownby "[took] into consideration in deciding to authorize … the Restructuring Support Agreement." While Mr. Ownby can provide s non-privileged information, the question also calls for Mr. Ownby to reveal privileged information as well.  As such, Mr. Ownby will be allowed to answer to the extent that the answer does not reveal any privileged communications.

Tancred Schiavoni, p. 4
July 31, 2021

**WHITE & CASE**

Accordingly, the Debtors do not waive, and shall not be deemed to waive, any privilege as a result of this production.

*Third*, on July 29, the Debtors' requested in a letter sent by Mr. Hershey that the insurers agree to the proposed schedule for the depositions of Messrs. Mosby (August 5), Ownby (August 5), Whittman (August 6) and Desai (August 7). The insurers indicated that they would not agree to schedule the depositions of Messrs. Mosby, Ownby, Desai and Whittman until the Debtors explained whether they would withdraw the directions not to respond included within the "flagged" citations identified in the attachment to Mr. Cocchiaro's July 23 email. While we fail to understand what the "flagged" citations have to do with your availability for a deposition, and explained during our call that any questions that you posed regarding the "flagged" citations would only bear on the content of the deposition as opposed to the date of the deposition, we have nevertheless responded to the flagged citations, the vast majority of which did not contain any direction or instruction not to answer. As we have complied with your inappropriately-imposed gating requirement, we reiterate our request that you confirm that you are available to depose Messrs. Mosby, Ownby, Whittman and Desai on the schedule outlined in Mr. Hershey's letter of July 29, so that we can calendar their depositions.

We are available to meet and confer on this matter over the weekend to the extent that you would like to discuss anything further.

The Debtors reserve all rights.


Sincerely,

*/s/ Glenn M. Kurtz*
**Glenn M. Kurtz**

**T** +212-819-8252
**E** gkurtz@whitecase.com

Cc:    Michael C. Andolina (mandolina@whitecase.com)
       Andrew Hammond (ahammond@whitecase.com)
       Jessica Lauria (jessica.lauria@whitecase.com)
       Matthew Linder (mlinder@whitecase.com)
       Laura Baccash (laura.baccash@whitecase.com)
       Samuel P. Hershey (sam.hershey@whitecase.com)
       Blair Warner (blair.warner@whitecase.com)
       Derek Abbot (dabbot@morrisnichols.com)
       Ernest Martin (ernest.martin@haynesboone.com)
       Adrian Azer (adrian.azer@haynesboone.com)
       All other counsel to the Insurers (by email)

# EXHIBIT L
# (EXHIBIT REDACTED IN FULL)

# EXHIBIT M
# (EXHIBIT REDACTED IN FULL)

EXHIBIT N

## Indelicato, Samantha M.

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:35 PM |
| **To:** | Stamatios Stamoulis (stamoulis@swdelaw.com); Indelicato, Samantha M. |
| **Subject:** | FW:  BSA Letter |

**From:** Schiavoni, Tancred
**Sent:** Sunday, June 13, 2021 3:42 PM
**To:** 'Hershey, Sam' <sam.hershey@whitecase.com>
**Cc:** Andolina, Michael <mandolina@whitecase.com>; Schiavoni, Tancred <tschiavoni@omm.com>
**Subject:** RE: BSA Letter

Mike

        As you know, the requests that are the subject of our requests for production were the subjection of multiple prior meet and confers and requests.  BSA's pleading asserts an objection to the production of anything in response to every request.  Yes, every single one. This follows BSA's refusals after prior meet and confers to comply with our multiple requests for this information.  The requests for production were only served as a last resort after we previously met and conferred on these requests and BSA did not comply.  There is nothing ambiguous about our request for any documents about the alleged abuser's response to the allegations of Abuse in the POCs.  The fact that this is the highwater mark of what you can muster at this point shows the problem.  If there is anything you are willing to produce, send us your revised responses. We have talked these requests to death.

**From:** Hershey, Sam <sam.hershey@whitecase.com>
**Sent:** Sunday, June 13, 2021 3:32 PM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>
**Cc:** Andolina, Michael <mandolina@whitecase.com>; Azer, Adrian <Adrian.Azer@haynesboone.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>
**Subject:** Re: BSA Letter

[EXTERNAL MESSAGE]

Tanc,

Your repeated statements that "BSA has refused to produce anything" are false.  As you know, almost all of BSA's responses offered to meet and confer regarding Century's requests.  If Century needed certain documents urgently, you should have sent targeted requests identifying the specific documents sought, rather than vague and overly broad requests that obviously require a meet-and-confer to work out (for example, Request No. 15, "All Documents and Communications that relate to any response provided by the alleged abuser to the allegations of Abuse in the POCs").

For our part, BSA served its responses on June 4—10 days earlier than is required under the federal rules—in an effort to respond to Century's requests quickly and allow engagement.  Any delay in Century's access to documents (to the extent it is entitled to any) is the fault of Century, not BSA.

We have already advised you that we are not available to meet and confer on Monday, and have instead offered 2pm ET on Tuesday.  If that doesn't work, please propose another time on Tuesday.

Best,

Sam

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

# WHITE & CASE

===========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


===========================================================================

## Indelicato, Samantha M.

**From:**        Schiavoni, Tancred
**Sent:**        Monday, August 9, 2021 9:33 PM
**To:**          Indelicato, Samantha M.; Stamatios Stamoulis (stamoulis@swdelaw.com)
**Subject:**     FW: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

---

**From:** Schiavoni, Tancred
**Sent:** Friday, July 9, 2021 6:01 PM
**To:** Hershey, Sam <sam.hershey@whitecase.com>
**Cc:** Schiavoni, Tancred <tschiavoni@omm.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Sam

We stand by our document requests and ask that you withdraw your objections to our document requests for the reasons explained in court. We were excluded from all the meetings and communications between BSA and the claimants concerning the formulation of the RSA and TDPs .  We did not agree to this and in fact objected.

We have had one on one communications with BSA that are subject to the common interest privilege and tripartite privilege that have honored and will continued to honor.

## Indelicato, Samantha M.

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:34 PM |
| **To:** | Stamatios Stamoulis (stamoulis@swdelaw.com); Indelicato, Samantha M. |
| **Subject:** | FW: In re Boy Scouts of America, Case No. 20-10343 (BankKurtz, Glenn <gkurtz@whitecase.com>r. D. Del. 2020) |

---

**From:** Schiavoni, Tancred
**Sent:** Saturday, July 10, 2021 9:13 AM
**To:** 'Hershey, Sam' <sam.hershey@whitecase.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (BankKurtz, Glenn <gkurtz@whitecase.com>r. D. Del. 2020)

Sam, I met and conferred with a partner at your firm.

**From:** Hershey, Sam <sam.hershey@whitecase.com>
**Sent:** Friday, July 9, 2021 10:19 PM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>; Andolina, Michael <mandolina@whitecase.com>
**Cc:** Kurtz, Glenn <gkurtz@whitecase.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; 'Azer, Adrian' <adrian.azer@haynesboone.com>; Martin, Ernest <ernest.martin@haynesboone.com>; Abbott, Derek <DAbbott@morrisnichols.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)


[EXTERNAL MESSAGE]

Tanc,

As we have repeatedly stated, we do not know your position and your refusal to simply answer our straightforward question is disappointing.  Obviously, if you were comfortable with any position, and we do not see how you could be, you would simply state it.  But in any case, we do expect you to cease violating Local Rule 9019 and the Mediation Order.

Best,
Sam

**Samuel P. Hershey**  |  Associate
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Friday, July 9, 2021 9:05 PM
**To:** Hershey, Sam <sam.hershey@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>
**Subject:** Re: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)


Mike and Sam

We addressed this in our meet and confer.

-------- Original Message --------
From: "Hershey, Sam" <sam.hershey@whitecase.com>
Date: Fri, Jul 9, 2021, 8:32 PM
To: "Schiavoni, Tancred" <tschiavoni@omm.com>,"Ruggeri, James P." <JRuggeri@goodwin.com>,"Cocchiaro, Salvatore J." <scocchiaro@omm.com>,Stamatios Stamoulis <stamoulis@swdelaw.com>,"rcecil@trplaw.com" <rcecil@trplaw.com>,"mplevin@crowell.com" <mplevin@crowell.com>,"Yoon, Tacie" <TYoon@crowell.com>,"'bmccullough@bodellbove.com'" <bmccullough@bodellbove.com>,"'bruce.celebrezze@clydeco.us'" <bruce.celebrezze@clydeco.us>,"'konrad.krebs@clydeco.us'" <konrad.krebs@clydeco.us>,"dchristian@dca.law" <dchristian@dca.law>,"mbouslog@gibsondunn.com" <mbouslog@gibsondunn.com>,"jhallowell@gibsondunn.com" <jhallowell@gibsondunn.com>,"'MRosenthal@gibsondunn.com'" <MRosenthal@gibsondunn.com>,"'sgummow@fgppr.com'" <sgummow@fgppr.com>,"drichards@finemanlawfirm.com" <drichards@finemanlawfirm.com>,"'TJacobs@bradleyriley.com'" <TJacobs@bradleyriley.com>,"'jbucheit@bradleyriley.com'" <jbucheit@bradleyriley.com>,"'harris.winsberg@troutman.com'" <harris.winsberg@troutman.com>,"david.fournier@troutman.com" <david.fournier@troutman.com>,"marcy.smith@troutman.com" <marcy.smith@troutman.com>,"'msorem@nicolaidesllp.com'" <msorem@nicolaidesllp.com>,"mwarner@mwe.com" <mwarner@mwe.com>,"rsmethurst@mwe.com" <rsmethurst@mwe.com>,"Weinberg, Joshua D." <JWeinberg@goodwin.com>,"Hunkler, Sara K." <SHunkler@goodwin.com>,"Philip.Anker@wilmerhale.com" <Philip.Anker@wilmerhale.com>,"Danielle.Spinelli@wilmerhale.com" <Danielle.Spinelli@wilmerhale.com>,"Joel.Millar@wilmerhale.com" <Joel.Millar@wilmerhale.com>,"EFay@bayardlaw.com" <EFay@bayardlaw.com>,"GFlasser@bayardlaw.com" <GFlasser@bayardlaw.com>,"Rolain, Annette P." <ARolain@goodwin.com>,Michael Hrinewski <mhrinewski@cmg.law>,Lorraine Armenti <LArmenti@cmg.law>
CC: "O'Neill, Andrew" <aoneill@whitecase.com>,"Linder, Matthew" <mlinder@whitecase.com>,"Molton, David J." <DMolton@brownrudnick.com>,"Goodman, Eric R." <EGoodman@brownrudnick.com>,James Stang <jstang@pszjlaw.com>,"John W. Lucas" <jlucas@pszjlaw.com>,Debra Grassgreen <dgrassgreen@pszjlaw.com>,Rob Orgel <rorgel@pszjlaw.com>,"Brady, Robert" <RBRADY@ycst.com>,"eharron@ycst.com" <eharron@ycst.com>,Kami Quinn <quinnk@gilbertlegal.com>,Emily Grim <grime@gilbertlegal.com>,Michael Atkinson2 <matkinson@provincefirm.com>,"Matthew K. Babcock" <MBabcock@thinkbrg.com>,"Kelly, Barbara J." <BKelly@brownrudnick.com>,"Lauria (Boelter), Jessica" <jessica.lauria@whitecase.com>,"Andolina, Michael" <mandolina@whitecase.com>,"Baccash, Laura" <laura.baccash@whitecase.com>,"Warner, Blair" <blair.warner@whitecase.com>,"Hammond, Andrew" <ahammond@whitecase.com>,"Martin, Ernest" <ernest.martin@haynesboone.com>,"Azer, Adrian" <adrian.azer@haynesboone.com>,"Whittman, Brian" <BWhittman@alvarezandmarsal.com>,"Binggeli, Carl" <cbinggeli@alvarezandmarsal.com>,"Mason, Richard G." <RGMason@WLRK.com>,"Sugden, Will" <Will.Sugden@alston.com>,"Mayer, Douglas K." <DKMayer@WLRK.com>,"Celentino, Joseph C." <JCCelentino@wlrk.com>,"Levy, Mitchell S." <MSLevy@wlrk.com>,"Kurtz, Glenn" <gkurtz@whitecase.com>,"Abbott, Derek" <DAbbott@morrisnichols.com>,"Malhar S. Pagay" <mpagay@pszjlaw.com>
Subject: RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)


[EXTERNAL MESSAGE]


Tanc,

Actually, your position on the mediation privilege is not clear to us. Since you claim that you have put it on the record before, we would appreciate if you could do so again here.

As to our position, we've advised you that we will not produce "any oral or written information disclosed by the parties or by the witnesses in the course of the mediation," in accordance with Local Rule 9019 and the Mediation Order. *See* Del. L. Bank. R. 9019-5d(i); Mediation Order ¶¶ 2, 7. It should be clear from our responses to your discovery requests what that means for present purposes, but for the avoidance of doubt, this includes, among other things:

·     Communications with (or documents exchanged with) mediation parties regarding the BSA/Hartford Settlement Agreement.
·     Communications with (or documents exchanged with) mediation parties regarding the RSA.
·     Communications with (or documents exchanged with) mediation parties regarding the Debtors' proposed plan of reorganization, disclosure statement and related documents.

Your requests appear to seek all of these things, in violation of Local Rule 9019 and the Mediation Order. We therefore would like to know (i) whether you intend to abide by Local Rule 9019 and the Mediation Order and (ii) if not, your bases for violating Local Rule 9019 and the Mediation Order. If you have any reasonable position about the parameters of the privilege, we need to discuss the issue right away to avoid delay. But you cannot simply disregard the law and the Court's order. And we cannot change the schedule based on your delay. We reserve all rights.

Best,
Sam

---

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Friday, July 9, 2021 5:00 PM
**To:** Hershey, Sam <sam.hershey@whitecase.com>; Ruggeri, James P. <JRuggeri@goodwin.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Vroman, Robert C. <rvroman@omm.com>; rcecil@trplaw.com; mplevin@crowell.com; Yoon, Tacie <TYoon@crowell.com>; 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>; 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>; 'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>; dchristian@dca.law; mbouslog@gibsondunn.com; jhallowell@gibsondunn.com; 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>; 'sgummow@fgppr.com' <sgummow@fgppr.com>; drichards@finemanlawfirm.com; 'TJacobs@bradleyriley.com' <TJacobs@bradleyriley.com>; 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>; 'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>; david.fournier@troutman.com; marcy.smith@troutman.com; 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>; mwarner@mwe.com; rsmethurst@mwe.com; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Hunkler, Sara K. <SHunkler@goodwin.com>; Philip.Anker@wilmerhale.com; Danielle.Spinelli@wilmerhale.com; Joel.Millar@wilmerhale.com; EFay@bayardlaw.com; GFlasser@bayardlaw.com; Rolain, Annette P. <ARolain@goodwin.com>
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Molton, David J. <DMolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; James Stang <jstang@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; Brady, Robert <RBRADY@ycst.com>; eharron@ycst.com; Kami Quinn <quinnk@gilbertlegal.com>; Emily Grim <grime@gilbertlegal.com>; Michael Atkinson2 <matkinson@provincefirm.com>; Matthew K. Babcock <MBabcock@thinkbrg.com>; Kelly, Barbara J. <BKelly@brownrudnick.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Martin, Ernest <ernest.martin@haynesboone.com>; Azer, Adrian <adrian.azer@haynesboone.com>; Whittman, Brian <BWhittman@alvarezandmarsal.com>; Binggeli, Carl <cbinggeli@alvarezandmarsal.com>; Mason, Richard G. <RGMason@WLRK.com>; Sugden, Will <Will.Sugden@alston.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>; Levy, Mitchell S. <MSLevy@wlrk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Mike

We made our position clear at the hearing and the hearing before it.

**From:** Hershey, Sam <sam.hershey@whitecase.com>
**Sent:** Friday, July 9, 2021 3:40 PM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Schiavoni, Tancred <tschiavoni@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Vroman, Robert C. <rvroman@omm.com>; rcecil@trplaw.com; mplevin@crowell.com; Yoon, Tacie <TYoon@crowell.com>; 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>; 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>; 'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>; dchristian@dca.law; mbouslog@gibsondunn.com; jhallowell@gibsondunn.com; 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>; 'sgummow@fgppr.com' <sgummow@fgppr.com>; drichards@finemanlawfirm.com; 'TJacobs@bradleyriley.com' <TJacobs@bradleyriley.com>; 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>; 'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>; david.fournier@troutman.com; marcy.smith@troutman.com; 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>; mwarner@mwe.com; rsmethurst@mwe.com; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Hunkler, Sara K. <SHunkler@goodwin.com>; Philip.Anker@wilmerhale.com; Danielle.Spinelli@wilmerhale.com; Joel.Millar@wilmerhale.com; EFay@bayardlaw.com; GFlasser@bayardlaw.com; Rolain, Annette P. <ARolain@goodwin.com>
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Molton, David J. <DMolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; James Stang <jstang@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; Brady, Robert <RBRADY@ycst.com>; eharron@ycst.com; Kami Quinn <quinnk@gilbertlegal.com>; Emily Grim <grime@gilbertlegal.com>; Michael Atkinson2 <matkinson@provincefirm.com>; Matthew K. Babcock <MBabcock@thinkbrg.com>; Kelly, Barbara J. <BKelly@brownrudnick.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Martin, Ernest <ernest.martin@haynesboone.com>; Azer, Adrian <adrian.azer@haynesboone.com>; Whittman, Brian <BWhittman@alvarezandmarsal.com>; Binggeli, Carl <cbinggeli@alvarezandmarsal.com>; Mason, Richard G. <RGMason@WLRK.com>; Sugden, Will <Will.Sugden@alston.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>; Levy, Mitchell S. <MSLevy@wlrk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

[EXTERNAL MESSAGE]

Jim and Tanc,

We have confirmed with Jim that we will proceed with Mr. Mosby on Thursday, July 15 at 8 am CT.

We will proceed with Mr. Whittman on Wednesday, July 14 at 10 am CT.

We appreciate your efforts in working through these scheduling issues. We did want to follow up regarding your contentions to challenge the mediation privilege, which you raised again on our 12pm call.  Obviously, there can be no question about the mediation privilege, so we again ask that you either confirm your agreement to abide by Local Rule 9019 and the Mediation Order, or explain your basis for seeking privileged material.

The Debtors will not produce their witnesses more than once.  If the Insurers intend to move to compel the production of any materials, however, then they should do so right away.

Separately, we confirm that the Debtors will substantially complete document production by noon on Monday, and will produce a categorical privilege log at the same time.

Best,
Sam

es

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699  **M** +1 (914) 582-1628  **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Hershey, Sam <sam.hershey@whitecase.com>
**Sent:** Friday, July 9, 2021 11:01 AM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; scocchiaro@omm.com; Schiavoni, Tancred <tschiavoni@omm.com>;
Stamatios Stamoulis <stamoulis@swdelaw.com>; rvroman@omm.com; rcecil@trplaw.com; Plevin, Mark
<MPlevin@crowell.com>; Yoon, Tacie <TYoon@crowell.com>; 'bmccullough@bodellbove.com'
<bmccullough@bodellbove.com>; 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>;
'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>; dchristian@dca.law; mbouslog@gibsondunn.com;
jhallowell@gibsondunn.com; 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>;
'sgummow@fgppr.com' <sgummow@fgppr.com>; drichards@finemanlawfirm.com; 'TJacobs@bradleyriley.com'
<TJacobs@bradleyriley.com>; 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>;
'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>; david.fournier@troutman.com;
marcy.smith@troutman.com; 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>; mwarner@mwe.com;
rsmethurst@mwe.com; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Hunkler, Sara K. <SHunkler@goodwin.com>;
Philip.Anker@wilmerhale.com; Danielle.Spinelli@wilmerhale.com; Joel.Millar@wilmerhale.com; EFay@bayardlaw.com;
GFlasser@bayardlaw.com; Rolain, Annette P. <ARolain@goodwin.com>
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Molton, David J.
<DMolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; James Stang
<jstang@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Rob
Orgel <rorgel@pszjlaw.com>; Brady, Robert <RBRADY@ycst.com>; eharron@ycst.com; Kami Quinn
<quinnk@gilbertlegal.com>; Emily Grim <grime@gilbertlegal.com>; Michael Atkinson2 <matkinson@provincefirm.com>;
Matthew K. Babcock <MBabcock@thinkbrg.com>; Kelly, Barbara J. <BKelly@brownrudnick.com>; Lauria (Boelter),
Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Baccash, Laura
<laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Hammond, Andrew
<ahammond@whitecase.com>; Martin, Ernest <ernest.martin@haynesboone.com>; Azer, Adrian
<adrian.azer@haynesboone.com>; Whittman, Brian <BWhittman@alvarezandmarsal.com>; Binggeli, Carl
<cbinggeli@alvarezandmarsal.com>; Mason, Richard G. <RGMason@WLRK.com>; Sugden, Will
<Will.Sugden@alston.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>;
Levy, Mitchell S. <MSLevy@wlrk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Abbott, Derek
<DAbbott@morrisnichols.com>; Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Jim and Tanc (whose email was sent only to the insurers):

You rejected our proposed schedule so we are not sure what you mean when you say you relied on it. As we
explained, the dates we proposed at the conference were explicitly premised on the then-existing hearing date.
Immediately after the conference, we reached out to Mr. Rosenthal regarding a new schedule in light of the
adjourned hearing date. We sent out a proposal to the insurers and did not hear back until yesterday evening.

Our current proposed schedule is plainly reasonable and, contrary to your claim, has depositions ending not "on
the eve" of your objection deadline but three days before (with the majority done a week before). We have tried
to be reasonable and accommodating but our efforts have not been reciprocated.

Mr. Mosby is not available and will not be produced on the 14th. He will be available on the 16th. Mr.
Whittman will be available on the 15th. Both depositions will be held in Dallas.

The Debtors do not believe further emails on this issue will be productive, but are happy to set a call to discuss.

Best,
Sam

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

---

**From:** Ruggeri, James P. <JRuggeri@goodwin.com>
**Date:** Friday, Jul 09, 2021, 10:08
**To:** Hershey, Sam <sam.hershey@whitecase.com>, scocchiaro@omm.com <scocchiaro@omm.com>, Schiavoni, Tancred <tschiavoni@omm.com>, Stamatios Stamoulis <stamoulis@swdelaw.com>, rvroman@omm.com <rvroman@omm.com>, rcecil@trplaw.com <rcecil@trplaw.com>, Plevin, Mark <MPlevin@crowell.com>, Yoon, Tacie <TYoon@crowell.com>, 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>, 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>, 'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>, dchristian@dca.law <dchristian@dca.law>, mbouslog@gibsondunn.com <mbouslog@gibsondunn.com>, jhallowell@gibsondunn.com <jhallowell@gibsondunn.com>, 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>, 'sgummow@fgppr.com' <sgummow@fgppr.com>, drichards@finemanlawfirm.com <drichards@finemanlawfirm.com>, 'TJacobs@bradleyriley.com' <TJacobs@bradleyriley.com>, 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>, 'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>, david.fournier@troutman.com <david.fournier@troutman.com>, marcy.smith@troutman.com <marcy.smith@troutman.com>, 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>, mwarner@mwe.com <mwarner@mwe.com>, rsmethurst@mwe.com <rsmethurst@mwe.com>, Weinberg, Joshua D. <JWeinberg@goodwin.com>, Hunkler, Sara K. <SHunkler@goodwin.com>, Philip.Anker@wilmerhale.com <Philip.Anker@wilmerhale.com>, Danielle.Spinelli@wilmerhale.com <Danielle.Spinelli@wilmerhale.com>, Joel.Millar@wilmerhale.com <Joel.Millar@wilmerhale.com>, EFay@bayardlaw.com <EFay@bayardlaw.com>, GFlasser@bayardlaw.com <GFlasser@bayardlaw.com>, Rolain, Annette P. <ARolain@goodwin.com>
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>, Linder, Matthew <mlinder@whitecase.com>, Molton, David J. <DMolton@brownrudnick.com>, Goodman, Eric R. <EGoodman@brownrudnick.com>, James Stang <jstang@pszjlaw.com>, John W. Lucas <jlucas@pszjlaw.com>, Debra Grassgreen <dgrassgreen@pszjlaw.com>, Rob Orgel <rorgel@pszjlaw.com>, Brady, Robert <RBRADY@ycst.com>, eharron@ycst.com <eharron@ycst.com>, Kami Quinn <quinnk@gilbertlegal.com>, Emily Grim <grime@gilbertlegal.com>, Michael Atkinson2 <matkinson@provincefirm.com>, Matthew K. Babcock <MBabcock@thinkbrg.com>, Kelly, Barbara J. <BKelly@brownrudnick.com>, Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>, Andolina, Michael <mandolina@whitecase.com>, Baccash, Laura <laura.baccash@whitecase.com>, Warner, Blair <blair.warner@whitecase.com>, Hammond, Andrew <ahammond@whitecase.com>, Martin, Ernest <ernest.martin@haynesboone.com>, Azer, Adrian <adrian.azer@haynesboone.com>, Whittman, Brian <BWhittman@alvarezandmarsal.com>, Binggeli, Carl <cbinggeli@alvarezandmarsal.com>, Mason, Richard G. <RGMason@WLRK.com>, Sugden, Will <Will.Sugden@alston.com>, Mayer, Douglas K. <DKMayer@WLRK.com>, Celentino, Joseph C. <JCCelentino@wlrk.com>, Levy, Mitchell S. <MSLevy@wlrk.com>, Kurtz, Glenn <gkurtz@whitecase.com>, Abbott, Derek <DAbbott@morrisnichols.com>, Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

That doesn't work. I can't do 3/15 or 3/16, b/c of a commitment I made based on the schedule BSA proposed. BSA offered Mr. Mosby for 7/13. BSA cannot now credibly say he is unavailable on that day. Please confirm Mr. Mosby for 7/13 or 7/14 -- your choice. Thanks.

---

**From:** Hershey, Sam <sam.hershey@whitecase.com>
**Sent:** Friday, July 9, 2021 10:03 AM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; scocchiaro@omm.com; Schiavoni, Tancred <tschiavoni@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; rvroman@omm.com; rcecil@trplaw.com; Plevin, Mark <MPlevin@crowell.com>; Yoon, Tacie <TYoon@crowell.com>; 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>; 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>; 'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>; dchristian@dca.law; mbouslog@gibsondunn.com; jhallowell@gibsondunn.com; 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>; 'sgummow@fgppr.com' <sgummow@fgppr.com>; drichards@finemanlawfirm.com; 'TJacobs@bradleyriley.com' <TJacobs@bradleyriley.com>; 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>; 'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>; david.fournier@troutman.com; marcy.smith@troutman.com; 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>; mwarner@mwe.com;

rsmethurst@mwe.com; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Hunkler, Sara K. <SHunkler@goodwin.com>; Philip.Anker@wilmerhale.com; Danielle.Spinelli@wilmerhale.com; Joel.Millar@wilmerhale.com; EFay@bayardlaw.com; GFlasser@bayardlaw.com; Rolain, Annette P. <ARolain@goodwin.com>;
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Molton, David J. <DMolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; James Stang <jstang@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; Brady, Robert <RBRADY@ycst.com>; eharron@ycst.com; Kami Quinn <quinnk@gilbertlegal.com>; Emily Grim <grime@gilbertlegal.com>; Michael Atkinson2 <matkinson@provincefirm.com>; Matthew K. Babcock <MBabcock@thinkbrg.com>; Kelly, Barbara J. <BKelly@brownrudnick.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Martin, Ernest <ernest.martin@haynesboone.com>; Azer, Adrian <adrian.azer@haynesboone.com>; Whittman, Brian <BWhittman@alvarezandmarsal.com>; Binggeli, Carl <cbinggeli@alvarezandmarsal.com>; Mason, Richard G. <RGMason@WLRK.com>; Sugden, Will <Will.Sugden@alston.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>; Levy, Mitchell S. <MSLevy@wlrk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

*EXTERNAL EMAIL*

Jim,

We cannot offer Mr. Mosby on the 14th.  If you cannot do the 15th we can offer Mr. Whittman on the 14th and Mr. Mosby on the 16th.

Best,
Sam

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Ruggeri, James P. <JRuggeri@goodwin.com>
**Sent:** Friday, July 9, 2021 9:47 AM
**To:** Hershey, Sam <sam.hershey@whitecase.com>; scocchiaro@omm.com; Schiavoni, Tancred <tschiavoni@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; rvroman@omm.com; rcecil@trplaw.com; Plevin, Mark <MPlevin@crowell.com>; Yoon, Tacie <TYoon@crowell.com>; 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>; 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>; 'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>; dchristian@dca.law; mbouslog@gibsondunn.com; jhallowell@gibsondunn.com; 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>; 'sgummow@fgppr.com' <sgummow@fgppr.com>; drichards@finemanlawfirm.com; 'TJacobs@bradleyriley.com' <TJacobs@bradleyriley.com>; 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>; 'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>; david.fournier@troutman.com; marcy.smith@troutman.com; 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>; mwarner@mwe.com; rsmethurst@mwe.com; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Hunkler, Sara K. <SHunkler@goodwin.com>; Philip.Anker@wilmerhale.com; Danielle.Spinelli@wilmerhale.com; Joel.Millar@wilmerhale.com; EFay@bayardlaw.com; GFlasser@bayardlaw.com; Rolain, Annette P. <ARolain@goodwin.com>
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Molton, David J. <DMolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; James Stang <jstang@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; Brady, Robert <RBRADY@ycst.com>; eharron@ycst.com; Kami Quinn <quinnk@gilbertlegal.com>; Emily Grim <grime@gilbertlegal.com>; Michael Atkinson2 <matkinson@provincefirm.com>; Matthew K. Babcock <MBabcock@thinkbrg.com>; Kelly, Barbara J. <BKelly@brownrudnick.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Baccash, Laura

<laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Martin, Ernest <ernest.martin@haynesboone.com>; Azer, Adrian <adrian.azer@haynesboone.com>; Whittman, Brian <BWhittman@alvarezandmarsal.com>; Binggeli, Carl <cbinggeli@alvarezandmarsal.com>; Mason, Richard G. <RGMason@WLRK.com>; Sugden, Will <Will.Sugden@alston.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Centelino, Joseph C. <JCCelentino@wlrk.com>; Levy, Mitchell S. <MSLevy@wlrk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Pls flip them.  I have a conflict on 7/15 that I cannot move, which I set based on your earlier email.  As an accommodation to BSA, I would take Mr. Mosby's dep on 7/14 instead of 7/13, the date BSA proposed.  Thanks.

---

**From:** Hershey, Sam <sam.hershey@whitecase.com>
**Sent:** Friday, July 9, 2021 9:44 AM
**To:** scocchiaro@omm.com; Schiavoni, Tancred <tschiavoni@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; rvroman@omm.com; rcecil@trplaw.com; Plevin, Mark <MPlevin@crowell.com>; Yoon, Tacie <TYoon@crowell.com>; 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>; 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>; 'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>; dchristian@dca.law; mbouslog@gibsondunn.com; jhallowell@gibsondunn.com; 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>; 'sgummow@fgppr.com' <sgummow@fgppr.com>; drichards@finemanlawfirm.com; 'TJacobs@bradleyriley.com' <TJacobs@bradleyriley.com>; 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>; 'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>; david.fournier@troutman.com; marcy.smith@troutman.com; 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>; mwarner@mwe.com; rsmethurst@mwe.com; Ruggeri, James P. <JRuggeri@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Hunkler, Sara K. <SHunkler@goodwin.com>; Philip.Anker@wilmerhale.com; Danielle.Spinelli@wilmerhale.com; Joel.Millar@wilmerhale.com; EFay@bayardlaw.com; GFlasser@bayardlaw.com; Rolain, Annette P. <ARolain@goodwin.com>
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Molton, David J. <DMolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; James Stang <jstang@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; Brady, Robert <RBRADY@ycst.com>; eharron@ycst.com; Kami Quinn <quinnk@gilbertlegal.com>; Emily Grim <grime@gilbertlegal.com>; Michael Atkinson2 <matkinson@provincefirm.com>; Matthew K. Babcock <MBabcock@thinkbrg.com>; Kelly, Barbara J. <BKelly@brownrudnick.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Martin, Ernest <ernest.martin@haynesboone.com>; Azer, Adrian <adrian.azer@haynesboone.com>; Whittman, Brian <BWhittman@alvarezandmarsal.com>; Binggeli, Carl <cbinggeli@alvarezandmarsal.com>; Mason, Richard G. <RGMason@WLRK.com>; Sugden, Will <Will.Sugden@alston.com>; Mayer, Douglas K. <DKMayer@WLRK.com>; Centelino, Joseph C. <JCCelentino@wlrk.com>; Levy, Mitchell S. <MSLevy@wlrk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

*EXTERNAL EMAIL*

Dear all:

In an effort to accommodate Century and Hartford, the Debtors are willing to offer Mr. Whittman on Wednesday, July 14 and Mr. Mosby on Thursday, July 15.  Mr. Ownby's deposition has to remain on Monday, July 19.  In light of the current schedule, the Debtors are unable to make any further changes to dates for depositions.  Please let us know if this accommodation is acceptable.

Best,

Sam

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Hershey, Sam
**Sent:** Wednesday, July 7, 2021 8:40 PM
**To:** 'scocchiaro@omm.com' <scocchiaro@omm.com>; 'Schiavoni, Tancred' <tschiavoni@omm.com>; 'Stamatios Stamoulis' <stamoulis@swdelaw.com>; 'rvroman@omm.com' <rvroman@omm.com>; 'rcecil@trplaw.com' <rcecil@trplaw.com>; 'Plevin, Mark' <MPlevin@crowell.com>; 'Yoon, Tacie' <TYoon@crowell.com>; 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>; 'bruce.celebrezze@clydeco.us' <bruce.celebrezze@clydeco.us>; 'konrad.krebs@clydeco.us' <konrad.krebs@clydeco.us>; 'dchristian@dca.law' <dchristian@dca.law>; 'mbouslog@gibsondunn.com' <mbouslog@gibsondunn.com>; 'jhallowell@gibsondunn.com' <jhallowell@gibsondunn.com>; 'MRosenthal@gibsondunn.com' <MRosenthal@gibsondunn.com>; 'sgummow@fgppr.com' <sgummow@fgppr.com>; 'drichards@finemanlawfirm.com' <drichards@finemanlawfirm.com>; 'TJacobs@bradleyriley.com' <TJacobs@bradleyriley.com>; 'jbucheit@bradleyriley.com' <jbucheit@bradleyriley.com>; 'harris.winsberg@troutman.com' <harris.winsberg@troutman.com>; 'david.fournier@troutman.com' <david.fournier@troutman.com>; 'marcy.smith@troutman.com' <marcy.smith@troutman.com>; 'msorem@nicolaidesllp.com' <msorem@nicolaidesllp.com>; 'mwarner@mwe.com' <mwarner@mwe.com>; 'rsmethurst@mwe.com' <rsmethurst@mwe.com>; 'JRuggeri@goodwin.com' <JRuggeri@goodwin.com>; 'JWeinberg@goodwin.com' <JWeinberg@goodwin.com>; 'SHunkler@goodwin.com' <SHunkler@goodwin.com>; 'Philip.Anker@wilmerhale.com' <Philip.Anker@wilmerhale.com>; 'Danielle.Spinelli@wilmerhale.com' <Danielle.Spinelli@wilmerhale.com>; 'Joel.Millar@wilmerhale.com' <Joel.Millar@wilmerhale.com>; 'EFay@bayardlaw.com' <EFay@bayardlaw.com>; 'GFlasser@bayardlaw.com' <GFlasser@bayardlaw.com>; 'ARolain@goodwin.com' <ARolain@goodwin.com>
**Cc:** O'Neill, Andrew <aoneill@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; 'Molton, David J.' <DMolton@brownrudnick.com>; 'Goodman, Eric R.' <EGoodman@brownrudnick.com>; 'James Stang' <jstang@pszjlaw.com>; 'John W. Lucas' <jlucas@pszjlaw.com>; 'Debra Grassgreen' <dgrassgreen@pszjlaw.com>; 'Rob Orgel' <rorgel@pszjlaw.com>; 'Brady, Robert' <RBRADY@ycst.com>; 'eharron@ycst.com' <eharron@ycst.com>; 'Kami Quinn' <quinnk@gilbertlegal.com>; 'Emily Grim' <grime@gilbertlegal.com>; 'Michael Atkinson2' <matkinson@provincefirm.com>; 'Matthew K. Babcock' <MBabcock@thinkbrg.com>; 'Kelly, Barbara J.' <BKelly@brownrudnick.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; 'Martin, Ernest' <ernest.martin@haynesboone.com>; 'Azer, Adrian' <adrian.azer@haynesboone.com>; 'Whittman, Brian' <BWhittman@alvarezandmarsal.com>; 'Binggeli, Carl' <cbinggeli@alvarezandmarsal.com>; 'Mason, Richard G.' <RGMason@WLRK.com>; 'Sugden, Will' <Will.Sugden@alston.com>; 'Mayer, Douglas K.' <DKMayer@WLRK.com>; 'Celentino, Joseph C.' <JCCelentino@wlrk.com>; 'Levy, Mitchell S.' <MSLevy@wlrk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; 'Abbott, Derek' <DAbbott@morrisnichols.com>; Malhar S. Pagay <mpagay@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

All:

In light of the July 29th hearing date for the RSA Motion, we would propose to revise the discovery schedule as follows: by EOD tomorrow, July 8th, the Debtors will serve responses and objections, and will also endeavor to make their first production of documents, with further productions to follow on a rolling basis. The Debtors will offer Mr. Whittman on Thursday, July 15th at 9:00 a.m. CT, Mr. Mosby on Friday, July 16th at 10:00 a.m. CT, and Mr. Ownby on Monday, July 19th at 10:00 a.m. CT. All three depositions will take place at Haynes & Boone's office in Dallas. As discussed at the conference, the objection deadline will be July 22nd at 4:00 p.m. ET.

Best,
Sam

**Samuel P. Hershey** | Associate

**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** [sam.hershey@whitecase.com](mailto:sam.hershey@whitecase.com)
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

---

**From:** Hershey, Sam
**Sent:** Tuesday, July 6, 2021 7:02 PM
**To:** 'scocchiaro@omm.com' <[scocchiaro@omm.com](mailto:scocchiaro@omm.com)>; 'Schiavoni, Tancred' <[tschiavoni@omm.com](mailto:tschiavoni@omm.com)>; 'Stamatios Stamoulis' <[stamoulis@swdelaw.com](mailto:stamoulis@swdelaw.com)>; 'rvroman@omm.com' <[rvroman@omm.com](mailto:rvroman@omm.com)>; 'rcecil@trplaw.com' <[rcecil@trplaw.com](mailto:rcecil@trplaw.com)>; 'Plevin, Mark' <[MPlevin@crowell.com](mailto:MPlevin@crowell.com)>; 'Yoon, Tacie' <[TYoon@crowell.com](mailto:TYoon@crowell.com)>; 'bmccullough@bodellbove.com' <[bmccullough@bodellbove.com](mailto:bmccullough@bodellbove.com)>; 'bruce.celebrezze@clydeco.us' <[bruce.celebrezze@clydeco.us](mailto:bruce.celebrezze@clydeco.us)>; 'konrad.krebs@clydeco.us' <[konrad.krebs@clydeco.us](mailto:konrad.krebs@clydeco.us)>; 'dchristian@dca.law' <[dchristian@dca.law](mailto:dchristian@dca.law)>; 'mbouslog@gibsondunn.com' <[mbouslog@gibsondunn.com](mailto:mbouslog@gibsondunn.com)>; 'jhallowell@gibsondunn.com' <[jhallowell@gibsondunn.com](mailto:jhallowell@gibsondunn.com)>; 'MRosenthal@gibsondunn.com' <[MRosenthal@gibsondunn.com](mailto:MRosenthal@gibsondunn.com)>; 'sgummow@fgppr.com' <[sgummow@fgppr.com](mailto:sgummow@fgppr.com)>; 'drichards@finemanlawfirm.com' <[drichards@finemanlawfirm.com](mailto:drichards@finemanlawfirm.com)>; 'TJacobs@bradleyriley.com' <[TJacobs@bradleyriley.com](mailto:TJacobs@bradleyriley.com)>; 'jbucheit@bradleyriley.com' <[jbucheit@bradleyriley.com](mailto:jbucheit@bradleyriley.com)>; 'harris.winsberg@troutman.com' <[harris.winsberg@troutman.com](mailto:harris.winsberg@troutman.com)>; 'david.fournier@troutman.com' <[david.fournier@troutman.com](mailto:david.fournier@troutman.com)>; 'marcy.smith@troutman.com' <[marcy.smith@troutman.com](mailto:marcy.smith@troutman.com)>; 'msorem@nicolaidesllp.com' <[msorem@nicolaidesllp.com](mailto:msorem@nicolaidesllp.com)>; 'mwarner@mwe.com' <[mwarner@mwe.com](mailto:mwarner@mwe.com)>; 'rsmethurst@mwe.com' <[rsmethurst@mwe.com](mailto:rsmethurst@mwe.com)>; 'JRuggeri@goodwin.com' <[JRuggeri@goodwin.com](mailto:JRuggeri@goodwin.com)>; 'JWeinberg@goodwin.com' <[JWeinberg@goodwin.com](mailto:JWeinberg@goodwin.com)>; 'SHunkler@goodwin.com' <[SHunkler@goodwin.com](mailto:SHunkler@goodwin.com)>; 'Philip.Anker@wilmerhale.com' <[Philip.Anker@wilmerhale.com](mailto:Philip.Anker@wilmerhale.com)>; 'Danielle.Spinelli@wilmerhale.com' <[Danielle.Spinelli@wilmerhale.com](mailto:Danielle.Spinelli@wilmerhale.com)>; 'Joel.Millar@wilmerhale.com' <[Joel.Millar@wilmerhale.com](mailto:Joel.Millar@wilmerhale.com)>; 'EFay@bayardlaw.com' <[EFay@bayardlaw.com](mailto:EFay@bayardlaw.com)>; 'GFlasser@bayardlaw.com' <[GFlasser@bayardlaw.com](mailto:GFlasser@bayardlaw.com)>; 'ARolain@goodwin.com' <[ARolain@goodwin.com](mailto:ARolain@goodwin.com)>;
**Cc:** O'Neill, Andrew <[aoneill@whitecase.com](mailto:aoneill@whitecase.com)>; Linder, Matthew <[mlinder@whitecase.com](mailto:mlinder@whitecase.com)>; 'Molton, David J.' <[DMolton@brownrudnick.com](mailto:DMolton@brownrudnick.com)>; 'Goodman, Eric R.' <[EGoodman@brownrudnick.com](mailto:EGoodman@brownrudnick.com)>; 'James Stang' <[jstang@pszjlaw.com](mailto:jstang@pszjlaw.com)>; 'John W. Lucas' <[jlucas@pszjlaw.com](mailto:jlucas@pszjlaw.com)>; 'Debra Grassgreen' <[dgrassgreen@pszjlaw.com](mailto:dgrassgreen@pszjlaw.com)>; 'Rob Orgel' <[rorgel@pszjlaw.com](mailto:rorgel@pszjlaw.com)>; 'Brady, Robert' <[RBRADY@ycst.com](mailto:RBRADY@ycst.com)>; 'eharron@ycst.com' <[eharron@ycst.com](mailto:eharron@ycst.com)>; 'Kami Quinn' <[quinnk@gilbertlegal.com](mailto:quinnk@gilbertlegal.com)>; 'Emily Grim' <[grime@gilbertlegal.com](mailto:grime@gilbertlegal.com)>; 'Michael Atkinson2' <[matkinson@provincefirm.com](mailto:matkinson@provincefirm.com)>; 'Matthew K. Babcock' <[MBabcock@thinkbrg.com](mailto:MBabcock@thinkbrg.com)>; 'Kelly, Barbara J.' <[BKelly@brownrudnick.com](mailto:BKelly@brownrudnick.com)>; 'Lauria (Boelter), Jessica' <[jessica.lauria@whitecase.com](mailto:jessica.lauria@whitecase.com)>; Andolina, Michael <[mandolina@whitecase.com](mailto:mandolina@whitecase.com)>; Baccash, Laura <[laura.baccash@whitecase.com](mailto:laura.baccash@whitecase.com)>; Warner, Blair <[blair.warner@whitecase.com](mailto:blair.warner@whitecase.com)>; Hammond, Andrew <[ahammond@whitecase.com](mailto:ahammond@whitecase.com)>; 'Martin, Ernest' <[ernest.martin@haynesboone.com](mailto:ernest.martin@haynesboone.com)>; 'Azer, Adrian' <[adrian.azer@haynesboone.com](mailto:adrian.azer@haynesboone.com)>; 'Whittman, Brian' <[BWhittman@alvarezandmarsal.com](mailto:BWhittman@alvarezandmarsal.com)>; 'Binggeli, Carl' <[cbinggeli@alvarezandmarsal.com](mailto:cbinggeli@alvarezandmarsal.com)>; 'Mason, Richard G.' <[RGMason@WLRK.com](mailto:RGMason@WLRK.com)>; 'Sugden, Will' <[Will.Sugden@alston.com](mailto:Will.Sugden@alston.com)>; 'Mayer, Douglas K.' <[DKMayer@WLRK.com](mailto:DKMayer@WLRK.com)>; 'Celentino, Joseph C.' <[JCCelentino@wlrk.com](mailto:JCCelentino@wlrk.com)>; 'Levy, Mitchell S.' <[MSLevy@wlrk.com](mailto:MSLevy@wlrk.com)>; Kurtz, Glenn <[gkurtz@whitecase.com](mailto:gkurtz@whitecase.com)>; 'Abbott, Derek' <[DAbbott@morrisnichols.com](mailto:DAbbott@morrisnichols.com)>
**Subject:** RE: In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Dear All:

I write to follow up on our meet-and-confer of earlier today. Thank you for the conversation.

First, to address any concerns regarding the good-faith findings in the RSA Order, the Debtors are not seeking through the RSA Order a good-faith finding with respect to confirmation or coverage disputes. Indeed, the RSA Order explicitly "makes no finding or ruling" as to the Disclosure Statement or Plan, and "the rights and objections of all parties are reserved with respect to such matters." RSA Order ¶ 2. That said, we've made adjustments to the RSA Order reflected in the attached.

Second, as discussed on the call, with respect to the insurers' discovery requests from Friday, July 2 and Saturday, July 3, the Debtors will endeavor to provide responses to such discovery by EOD tomorrow, with document production substantially completed by EOD Thursday.

Third, the Debtors offered Friday, July 9 for the deposition of Mr. Mosby. Because you told us that a Friday deposition was too soon for you given the production schedule, the Debtors will produce Mr. Mosby on Tuesday, July 13 at 8:00 a.m. CT. While the Debtors continue to believe that Mr. Ownby's deposition is unnecessary, the Debtors will offer Mr. Ownby on Tuesday, July 13 following the conclusion of Mr. Mosby's deposition. The Debtors will offer Mr. Whittman on Monday, July 12 at 11 a.m. CT. Since the Debtors

have endeavored to address the concern regarding the good-faith finding in the RSA Order, we trust that, based on your representations at the meet-and-confer, all of the depositions will be streamlined.

Finally, the Debtors will agree to extend the objection deadline for the RSA Motion to July 14th at 4:00 p.m. ET.

Please let us know if you would like to discuss these matters further.

Best,
Sam

**Samuel P. Hershey** | Associate
**T** +1 (212) 819-2699  **M** +1 (914) 582-1628  **E** [sam.hershey@whitecase.com](mailto:sam.hershey@whitecase.com)
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Hershey, Sam
**Sent:** Sunday, July 4, 2021 3:48 PM
**To:** 'scocchiaro@omm.com' <[scocchiaro@omm.com](mailto:scocchiaro@omm.com)>; 'Schiavoni, Tancred' <[tschiavoni@omm.com](mailto:tschiavoni@omm.com)>; 'Stamatios Stamoulis' <[stamoulis@swdelaw.com](mailto:stamoulis@swdelaw.com)>; 'rvroman@omm.com' <[rvroman@omm.com](mailto:rvroman@omm.com)>; 'rcecil@trplaw.com' <[rcecil@trplaw.com](mailto:rcecil@trplaw.com)>; Plevin, Mark <[MPlevin@crowell.com](mailto:MPlevin@crowell.com)>; Yoon, Tacie <[TYoon@crowell.com](mailto:TYoon@crowell.com)>; 'bmccullough@bodellbove.com' <[bmccullough@bodellbove.com](mailto:bmccullough@bodellbove.com)>; 'bruce.celebrezze@clydeco.us' <[bruce.celebrezze@clydeco.us](mailto:bruce.celebrezze@clydeco.us)>; 'konrad.krebs@clydeco.us' <[konrad.krebs@clydeco.us](mailto:konrad.krebs@clydeco.us)>; 'dchristian@dca.law' <[dchristian@dca.law](mailto:dchristian@dca.law)>; 'mbouslog@gibsondunn.com' <[mbouslog@gibsondunn.com](mailto:mbouslog@gibsondunn.com)>; 'jhallowell@gibsondunn.com' <[jhallowell@gibsondunn.com](mailto:jhallowell@gibsondunn.com)>; 'MRosenthal@gibsondunn.com' <[MRosenthal@gibsondunn.com](mailto:MRosenthal@gibsondunn.com)>; 'sgummow@fgppr.com' <[sgummow@fgppr.com](mailto:sgummow@fgppr.com)>; 'drichards@finemanlawfirm.com' <[drichards@finemanlawfirm.com](mailto:drichards@finemanlawfirm.com)>; 'TJacobs@bradleyriley.com' <[TJacobs@bradleyriley.com](mailto:TJacobs@bradleyriley.com)>; 'jbucheit@bradleyriley.com' <[jbucheit@bradleyriley.com](mailto:jbucheit@bradleyriley.com)>; 'harris.winsberg@troutman.com' <[harris.winsberg@troutman.com](mailto:harris.winsberg@troutman.com)>; 'david.fournier@troutman.com' <[david.fournier@troutman.com](mailto:david.fournier@troutman.com)>; 'marcy.smith@troutman.com' <[marcy.smith@troutman.com](mailto:marcy.smith@troutman.com)>; 'msorem@nicolaidesllp.com' <[msorem@nicolaidesllp.com](mailto:msorem@nicolaidesllp.com)>; 'mwarner@mwe.com' <[mwarner@mwe.com](mailto:mwarner@mwe.com)>; 'rsmethurst@mwe.com' <[rsmethurst@mwe.com](mailto:rsmethurst@mwe.com)>; 'JRuggeri@goodwin.com' <[JRuggeri@goodwin.com](mailto:JRuggeri@goodwin.com)>; 'JWeinberg@goodwin.com' <[JWeinberg@goodwin.com](mailto:JWeinberg@goodwin.com)>; 'SHunkler@goodwin.com' <[SHunkler@goodwin.com](mailto:SHunkler@goodwin.com)>; 'Philip.Anker@wilmerhale.com' <[Philip.Anker@wilmerhale.com](mailto:Philip.Anker@wilmerhale.com)>; 'Danielle.Spinelli@wilmerhale.com' <[Danielle.Spinelli@wilmerhale.com](mailto:Danielle.Spinelli@wilmerhale.com)>; 'Joel.Millar@wilmerhale.com' <[Joel.Millar@wilmerhale.com](mailto:Joel.Millar@wilmerhale.com)>; 'EFay@bayardlaw.com' <[EFay@bayardlaw.com](mailto:EFay@bayardlaw.com)>; 'GFlasser@bayardlaw.com' <[GFlasser@bayardlaw.com](mailto:GFlasser@bayardlaw.com)>; 'ARolain@goodwin.com' <[ARolain@goodwin.com](mailto:ARolain@goodwin.com)>;
**Cc:** O'Neill, Andrew <[aoneill@whitecase.com](mailto:aoneill@whitecase.com)>; Linder, Matthew <[mlinder@whitecase.com](mailto:mlinder@whitecase.com)>; 'Molton, David J.' <[DMolton@brownrudnick.com](mailto:DMolton@brownrudnick.com)>; 'Goodman, Eric R.' <[EGoodman@brownrudnick.com](mailto:EGoodman@brownrudnick.com)>; 'James Stang' <[jstang@pszjlaw.com](mailto:jstang@pszjlaw.com)>; 'John W. Lucas' <[jlucas@pszjlaw.com](mailto:jlucas@pszjlaw.com)>; 'Debra Grassgreen' <[dgrassgreen@pszjlaw.com](mailto:dgrassgreen@pszjlaw.com)>; 'Rob Orgel' <[rorgel@pszjlaw.com](mailto:rorgel@pszjlaw.com)>; 'Brady, Robert' <[RBRADY@ycst.com](mailto:RBRADY@ycst.com)>; 'eharron@ycst.com' <[eharron@ycst.com](mailto:eharron@ycst.com)>; 'Kami Quinn' <[quinnk@gilbertlegal.com](mailto:quinnk@gilbertlegal.com)>; 'Emily Grim' <[grime@gilbertlegal.com](mailto:grime@gilbertlegal.com)>; 'Michael Atkinson2' <[matkinson@provincefirm.com](mailto:matkinson@provincefirm.com)>; 'Matthew K. Babcock' <[MBabcock@thinkbrg.com](mailto:MBabcock@thinkbrg.com)>; 'Kelly, Barbara J.' <[BKelly@brownrudnick.com](mailto:BKelly@brownrudnick.com)>; Lauria (Boelter), Jessica <[jessica.lauria@whitecase.com](mailto:jessica.lauria@whitecase.com)>; Andolina, Michael <[mandolina@whitecase.com](mailto:mandolina@whitecase.com)>; Baccash, Laura <[laura.baccash@whitecase.com](mailto:laura.baccash@whitecase.com)>; Warner, Blair <[blair.warner@whitecase.com](mailto:blair.warner@whitecase.com)>; Hammond, Andrew <[ahammond@whitecase.com](mailto:ahammond@whitecase.com)>; 'Martin, Ernest' <[ernest.martin@haynesboone.com](mailto:ernest.martin@haynesboone.com)>; 'Azer, Adrian' <[adrian.azer@haynesboone.com](mailto:adrian.azer@haynesboone.com)>; 'Whittman, Brian' <[BWhittman@alvarezandmarsal.com](mailto:BWhittman@alvarezandmarsal.com)>; 'Binggeli, Carl' <[cbinggeli@alvarezandmarsal.com](mailto:cbinggeli@alvarezandmarsal.com)>; 'Mason, Richard G.' <[RGMason@WLRK.com](mailto:RGMason@WLRK.com)>; 'Sugden, Will' <[Will.Sugden@alston.com](mailto:Will.Sugden@alston.com)>; 'Mayer, Douglas K.' <[DKMayer@WLRK.com](mailto:DKMayer@WLRK.com)>; 'Celentino, Joseph C.' <[JCCelentino@wlrk.com](mailto:JCCelentino@wlrk.com)>; 'Levy, Mitchell S.' <[MSLevy@wlrk.com](mailto:MSLevy@wlrk.com)>; Kurtz, Glenn <[gkurtz@whitecase.com](mailto:gkurtz@whitecase.com)>; Abbott, Derek <[DAbbott@morrisnichols.com](mailto:DAbbott@morrisnichols.com)>
**Subject:** In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

All,

We refer to the notices of deposition filed on July 2, 2021 [D.I.s 5479, 5480, 5482 and 5487], which seek the depositions of (i) Brian Whittman, (ii) Roger Mosby, (iii) Andrew Evans, (iv) Dan Ownby and (v) Mitchell Toups in connection with the *Debtors' Motion for Entry of an Order, Pursuant to Section 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the*

*Debtors to Enter Into and Perform Under the Restructuring Support Agreement and (II) Granting Related Relief* [D.I. 5466] (the "RSA Motion").

The Debtors propose to produce Mr. Mosby on Friday, July 9 at 11 CT and Mr. Whittman on Monday, July 12 at 11 am CT. Mr. Mosby will be in Dallas, TX and Mr. Whittman will be in Chicago, IL, although the Debtors do not object to questioning by Zoom. Given the limited scope of the declaration provided by Mr. Mosby and his role as Debtors' CEO, the Debtors propose to limit his deposition to 2.5 hours.

The Debtors do not believe that testimony from Mr. Evans or Mr. Ownby is appropriate in connection with the RSA Motion and are not presently prepared to produce them for depositions. The Debtors are willing to meet-and-confer to discuss further, and suggest a call on Tuesday, July 6 at 11 am CT.

Mr. Toups is not affiliated with the Debtors, and the Debtors will not produce him.

Best wishes to all of you for a happy and safe Fourth of July.

Best,
Sam

**Samuel P. Hershey**  |  Associate
**T**  +1 (212) 819-2699    **M**  +1 (914) 582-1628    **E**  sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

## WHITE & CASE

======================================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


======================================================================================

======================================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


======================================================================================

====================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==============================================================================

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================

## Indelicato, Samantha M.

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:36 PM |
| **To:** | Indelicato, Samantha M.; Stamatios Stamoulis (stamoulis@swdelaw.com) |
| **Subject:** | FW: Re: BSA Deficiency Letter |

**From:** Schiavoni, Tancred
**Sent:** Thursday, July 22, 2021 2:45 PM
**To:** 'Hershey, Sam' <sam.hershey@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>
**Cc:** Shamah, Daniel S. <dshamah@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; JHallowell@gibsondunn.com; Eisinger, Vince <VEisinger@gibsondunn.com>; dchristian@dca.law; Celebrezze, Bruce <Bruce.Celebrezze@clydeco.us>; konrad.krebs@clydeco.us; 'lrizzo@regerlaw.com' <lrizzo@regerlaw.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; Todd C. Jacobs <tjacobs@bradleyriley.com>; jbucheit@bradleyriley.com; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@Steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; dchristian@dca.law; mplevin@crowell.com; George Calhoun <george@ifrahlaw.com>; Schiavoni, Tancred <tschiavoni@omm.com>; Parikh, Sherin <sparikh@omm.com>; Shamah, Daniel S. <dshamah@omm.com>; bruce.celebrezze@clydeco.us; Konrad.Krebs@clydeco.us; Alexandra.Kowalski@generalstar.com; panderson@foxswibel.com; kmarrkand@mintz.com; dgooding@choate.com; KVMarrkand@mintz.com; Lauren.Lifland@wilmerhale.com; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; JRuggeri@goodwin.com; Philip.Anker@wilmerhale.com; PMinetto@moundcotton.com; LGura@moundcotton.com; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Kerns, Kathleen <kkerns@postschell.com>; Anderson, Margaret M. <panderson@foxswibel.com; ahachikian@foxswibel.com; Yoon, Tacie <TYoon@crowell.com>; Zatz, Clifford <CZatz@crowell.com>; jmarshall@choate.com; mhamermesh@hangley.com
**Subject:** RE: Re: BSA Deficiency Letter

Dear Mike and Sam

We objected to BSA's blanket assertions of privilege after you served your responses to our document requests, again when you produced documents and again when BSA issued blanket instructions of BSA's witnesses not to testify. We objected to BSA reneging, as it did, on its commitment to produce documents on the time line it represented to the Court it would produce documents.  We have done everything humanly possible to get you to cooperate, produce the documents and allow witnesses to testify. No one anticipate that you would do what you did.

You have told us  and now written us that all our complaints are meritless and you will not comply. If there is anything left to discuss, we would like to talk to you now. Otherwise we ask that you please consent to having this matter addressed by the Court on shortened notice.

## Indelicato, Samantha M.

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:40 PM |
| **To:** | Indelicato, Samantha M.; Stamatios Stamoulis (stamoulis@swdelaw.com) |
| **Subject:** | FW: Re: BSA Deficiency Letter |

**From:** Schiavoni, Tancred
**Sent:** Thursday, July 22, 2021 5:41 PM
**To:** Andolina, Michael <mandolina@whitecase.com>
**Cc:** Shamah, Daniel S. <dshamah@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; JHallowell@gibsondunn.com; Eisinger, Vince <VEisinger@gibsondunn.com>; dchristian@dca.law; Celebrezze, Bruce <Bruce.Celebrezze@clydeco.us>; konrad.krebs@clydeco.us; 'lrizzo@regerlaw.com' <lrizzo@regerlaw.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; Todd C. Jacobs <tjacobs@bradleyriley.com>; jbucheit@bradleyriley.com; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@Steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; dchristian@dca.law; mplevin@crowell.com; George Calhoun <george@ifrahlaw.com>; Parikh, Sherin <sparikh@omm.com>; Shamah, Daniel S. <dshamah@omm.com>; bruce.celebrezze@clydeco.us; Konrad.Krebs@clydeco.us; Alexandra.Kowalski@generalstar.com; panderson@foxswibel.com; kmarrand@mintz.com; dgooding@choate.com; KVMarrkand@mintz.com; Lauren.Lifland@wilmerhale.com; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; JRuggeri@goodwin.com; Philip.Anker@wilmerhale.com; PMinetto@moundcotton.com; LGura@moundcotton.com; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Kerns, Kathleen <kkerns@postschell.com>; Anderson, Margaret M. <panderson@foxswibel.com>; ahachikian@foxswibel.com; Yoon, Tacie <TYoon@crowell.com>; Zatz, Clifford <CZatz@crowell.com>; jmarshall@choate.com; mhamermesh@hangley.com; Kurtz, Glenn <gkurtz@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Adrian Azer <adrian.azer@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>
**Subject:** RE: Re: BSA Deficiency Letter

Mike

You told us you would not comply and that was it. If you have changed your position, we are available now to meet and confer. 646 460 2930 This cannot wait until the weekend.

## Indelicato, Samantha M.

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:38 PM |
| **To:** | Indelicato, Samantha M.; Stamatios Stamoulis (stamoulis@swdelaw.com) |
| **Subject:** | FW: BSA Deficiency Letter |

**From:** Schiavoni, Tancred
**Sent:** Thursday, July 22, 2021 11:25 PM
**To:** 'Hershey, Sam' <sam.hershey@whitecase.com>; Smethurst, Ryan <rsmethurst@mwe.com>
**Cc:** Andolina, Michael <mandolina@whitecase.com>; Shamah, Daniel S. <dshamah@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; jhallowell@gibsondunn.com; Eisinger, Vince <VEisinger@gibsondunn.com>; dchristian@dca.law; Celebrezze, Bruce <bruce.celebrezze@clydeco.us>; konrad.krebs@clydeco.us; lrizzo@regerlaw.com; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; Todd C. Jacobs <TJacobs@bradleyriley.com>; jbucheit@bradleyriley.com; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; mplevin@crowell.com; George Calhoun <george@ifrahlaw.com>; Parikh, Sherin <sparikh@omm.com>; bruce.celebrezze@clydeco.us; alexandra.kowalski@generalstar.com; panderson@foxswibel.com; kmarrkand@mintz.com; dgooding@choate.com; KVMarrkand@mintz.com; lauren.lifland@wilmerhale.com; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; JRuggeri@goodwin.com; Philip.Anker@wilmerhale.com; pminetto@moundcotton.com; lgura@moundcotton.com; Anderson, Margaret M. <panderson@foxswibel.com>; ahachikian@foxswibel.com; Yoon, Tacie <TYoon@crowell.com>; Zatz, Clifford <CZatz@crowell.com>; jmarshall@choate.com; mhamermesh@hangley.com; Kurtz, Glenn <gkurtz@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Adrian Azer <adrian.azer@haynesboone.com>; Martin, Ernest <Ernest.Martin@haynesboone.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>
**Subject:** RE: BSA Deficiency Letter

Mike

We would like to speak before tomorrow's deposition.  We propose 9 am EST but can also do 8 am

It is silly to suggest that we should have met and conferred with you before you produced documents and directed witnesses not to answer. But the fact is that we did. We had a meet and confer. Wee objected to how you were proceeding.

## Indelicato, Samantha M.

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:37 PM |
| **To:** | Indelicato, Samantha M.; Stamatios Stamoulis (stamoulis@swdelaw.com) |
| **Subject:** | FW: BSA (less typos) |

**From:** Schiavoni, Tancred
**Sent:** Thursday, July 29, 2021 4:49 PM
**To:** 'Hershey, Sam' <sam.hershey@whitecase.com>; Michael C. Andolina - White & Case LLP (mandolina@whitecase.com) <mandolina@whitecase.com>
**Cc:** 'Krebs, Konrad R.' <Konrad.Krebs@clydeco.us>; 'Todd C. Jacobs' <TJacobs@bradleyriley.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; 'Marrkand, Kim' <KVMarrkand@mintz.com>; 'Rosenthal, Michael A.' <MRosenthal@gibsondunn.com>; mplevin@crowell.com; Shamah, Daniel S. <dshamah@omm.com>; dchristian@dca.law; 'Smethurst, Ryan' <rsmethurst@mwe.com>; 'Eisinger, Vince' <VEisinger@gibsondunn.com>; 'Martorana, Keith R.' <KMartorana@gibsondunn.com>; 'Cassidy, Dylan S.' <DCassidy@gibsondunn.com>; 'Susan N. K. Gummow' <sgummow@fgppr.com>; 'Jordan, Tracey' <tjordan@fgppr.com>; 'John E. Bucheit' <jbucheit@bradleyriley.com>; 'Laura McNally' <lmcnally@loeb.com>; 'Emily Stone' <estone@loeb.com>; 'Seligman, Gary' <GSeligman@wiley.law>; 'Criss, Ashley' <ACriss@wiley.law>; 'O'Connor, John' <joconnor@steptoe.com>; hlee@steptoe.com; 'Grindrod, Brett' <bgrindrod@steptoe.com>; 'Ogle, Nailah' <nogle@steptoe.com>; 'Kerns, Kathleen' <kkerns@postschell.com>; 'Myers, Scott P' <SPMYERS@travelers.com>; 'Louis J. Rizzo, Esquire' <LRizzo@regerlaw.com>; 'Pamela Minetto' <PMinetto@moundcotton.com>; 'Lloyd Gura' <LGura@moundcotton.com>; 'Michael Hrinewski' <mhrinewski@cmg.law>; 'Lorraine Armenti' <LArmenti@cmg.law>; 'Everett, Trevor' <TEverett@cozen.com>; 'jziemianski@cozen.com' <jziemianski@cozen.com>; 'George Calhoun' <george@ifrahlaw.com>; 'Celebrezze, Bruce' <Bruce.Celebrezze@clydeco.us>; 'alexandra.kowalski@generalstar' <alexandra.kowalski@generalstar.com>; 'panderson@foxswibel.com' <panderson@foxswibel.com>; 'Winsberg, Harris B.' <harris.winsberg@troutman.com>; 'dgooding@choate.com' <dgooding@choate.com>; 'Lifland, Lauren' <Lauren.Lifland@wilmerhale.com>; 'Loveland, Benjamin' <Benjamin.Loveland@wilmerhale.com>; 'ahachikian@foxswibel.com' <ahachikian@foxswibel.com>; 'Yoon, Tacie' <TYoon@crowell.com>; 'Zatz, Clifford' <CZatz@crowell.com>; 'Bouslog, Matthew G.' <MBouslog@gibsondunn.com>; 'Choi, Michelle' <MChoi@gibsondunn.com>; Philip.Anker@wilmerhale.com; 'JRuggeri@goodwin.com' <JRuggeri@goodwin.com>; Warren, Steve <swarren@omm.com>; Hinker, Matthew <mhinker@omm.com>; Indelicato, Samantha M. <sindelicato@omm.com>; Casale, Lauren <lcasale@omm.com>; 'Stamatios Stamoulis' <stamoulis@swdelaw.com>; 'Marshall, Jonathan D.' <jmarshall@choate.com>
**Subject:** BSA (less typos)

Mike and Sam:

Thank you for your proposal. In order to evaluate it in a meaningful way, I ask for the following information

1. How many  documents and what page volume will be produced by BSA between now and August 1?
2. What time on August 1 will the document production be completed?
3. What dates are you proposing to produce Messrs. Ownbey, Mosbey and Wittmann on?
4. Why are you limiting the time to 2 hours if you are producing new documents?
5. Please let us know which if any directions to answer you are withdrawing or you are standing  on any of the directions that were made?.
6. When will you produce the model used for feasibility analysis in the Disclosure Statement?
7. When will the Coalition produce its documents?

**Indelicato, Samantha M.**

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:35 PM |
| **To:** | Indelicato, Samantha M.; Stamatios Stamoulis (stamoulis@swdelaw.com) |
| **Subject:** | FW: BSA (less typos) |

**From:** Schiavoni, Tancred
**Sent:** Thursday, July 29, 2021 6:49 PM
**To:** 'Hershey, Sam' <sam.hershey@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>
**Cc:** Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; Todd C. Jacobs <TJacobs@bradleyriley.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Marrkand, Kim <KVMarrkand@mintz.com>; Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; mplevin@crowell.com; Shamah, Daniel S. <dshamah@omm.com>; dchristian@dca.law; Smethurst, Ryan <rsmethurst@mwe.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; John E. Bucheit <jbucheit@bradleyriley.com>; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; George Calhoun <george@ifrahlaw.com>; Celebrezze, Bruce <Bruce.Celebrezze@clydeco.us>; alexandra.kowalski@generalstar.com; panderson@foxswibel.com; Winsberg, Harris B. <harris.winsberg@troutman.com>; dgooding@choate.com; Lifland, Lauren <Lauren.Lifland@wilmerhale.com>; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; ahachikian@foxswibel.com; Yoon, Tacie <TYoon@crowell.com>; Zatz, Clifford <CZatz@crowell.com>; Bouslog, Matthew G. <MBouslog@gibsondunn.com>; Choi, Michelle <MChoi@gibsondunn.com>; Philip.Anker@wilmerhale.com; JRuggeri@goodwin.com; Warren, Steve <swarren@omm.com>; Hinker, Matthew <mhinker@omm.com>; Indelicato, Samantha M. <sindelicato@omm.com>; Casale, Lauren <lcasale@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Marshall, Jonathan D. <jmarshall@choate.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Topper, Paige <ptopper@morrisnichols.com>; Remming, Andrew <ARemming@morrisnichols.com>; Azer, Adrian <adrian.azer@haynesboone.com>; Martin, Ernest <ernest.martin@haynesboone.com>
**Subject:** RE: BSA (less typos)

Mike and Sam

Please let us know which of the directions not to answer made at the depositions are being withdrawn. I don't know how we are supposed to divine this from reviewing documents.

**From:** Hershey, Sam <sam.hershey@whitecase.com>
**Sent:** Thursday, July 29, 2021 6:37 PM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>; Andolina, Michael <mandolina@whitecase.com>
**Cc:** Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; Todd C. Jacobs <TJacobs@bradleyriley.com>; Cocchiaro, Salvatore J.

<scocchiaro@omm.com>; Marrkand, Kim <KVMarrkand@mintz.com>; Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; mplevin@crowell.com; Shamah, Daniel S. <dshamah@omm.com>; dchristian@dca.law; Smethurst, Ryan <rsmethurst@mwe.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; John E. Bucheit <jbucheit@bradleyriley.com>; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; George Calhoun <george@ifrahlaw.com>; Celebrezze, Bruce <Bruce.Celebrezze@clydeco.us>; alexandra.kowalski@generalstar.com; panderson@foxswibel.com; Winsberg, Harris B. <harris.winsberg@troutman.com>; dgooding@choate.com; Lifland, Lauren <Lauren.Lifland@wilmerhale.com>; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; ahachikian@foxswibel.com; Yoon, Tacie <TYoon@crowell.com>; Zatz, Clifford <CZatz@crowell.com>; Bouslog, Matthew G. <MBouslog@gibsondunn.com>; Choi, Michelle <MChoi@gibsondunn.com>; Philip.Anker@wilmerhale.com; JRuggeri@goodwin.com; Warren, Steve <swarren@omm.com>; Hinker, Matthew <mhinker@omm.com>; Indelicato, Samantha M. <sindelicato@omm.com>; Casale, Lauren <lcasale@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Marshall, Jonathan D. <jmarshall@choate.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Hammond, Andrew <ahammond@whitecase.com>; Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; Topper, Paige <ptopper@morrisnichols.com>; Remming, Andrew <ARemming@morrisnichols.com>; Azer, Adrian <adrian.azer@haynesboone.com>; Martin, Ernest <ernest.martin@haynesboone.com>

**Subject:** RE: BSA (less typos)

[EXTERNAL MESSAGE]

Tanc,

First, as we have repeatedly asked you, please do not drop our team members from your responses.  It creates confusion and makes it more difficult for the parties to engage. Can you explain why you affirmatively remove members of our team from your responses?

Second, our answers to your questions are below.  We would appreciate everyone making an effort to confirm dates for our witnesses as soon as possible.  We will work with you on attendant issues but as I am sure you appreciate, allowing them to set their schedules is very important.

1.  How many  documents and what page volume will be produced by BSA between now and August 1?  WE DO NOT KNOW AS OUR REVIEW REMAINS ONGOING, BUT DO NOT EXPECT THIS PRODUCTION TO BE MORE SUBSTANTIAL THAN THE PREVIOUS PRODUCTION THE DEBTORS MADE IN ADVANCE OF DEPOSITIONS.

2.  What time on August 1 will the document production be completed?  WE EXPECT TO MAKE ROLLING PRODUCTIONS AND AIM TO FINISH BY END OF DAY ON AUGUST 1.

3.  What dates are you proposing to produce Messrs. Ownbey, Mosbey and Wittmann on?  AS NOTED IN THE LETTER, AUGUST 5 FOR MESSRS. MOSBY AND OWNBY AND AUGUST 6 FOR MR. WHITTMAN.  IF YOU ARE ASKING ABOUT TIMES FOR THE DEPOSITIONS, WE WOULD PROPOSE MR. MOSBY AT 9:00 A.M. CT; MR. OWNBY AT 1:00 P.M. CT, AND MR. WHITTMAN AT 9:00 A.M. CT.

4.  Why are you limiting the time to 2 hours if you are producing new documents?  AS NOTED IN THE LETTER, THESE ARE PROJECTED TIMES, NOT A LIMIT.  WE PREVIOUSLY INFORMED THE INSURERS THAT WE WOULD NOT RE-PRODUCE OUR WITNESSES AS A RESULT OF THEIR DELAY IN RAISING ISSUES.  NONETHELESS, WE HAVE DECIDED TO AGREE TO THE INSURERS' REQUEST TO RE-PRODUCE OUR WITNESSES.  WE BELIEVE THE PROJECTED TIMES FOR THE DEPOSITIONS ARE REASONABLE GIVEN THAT THE WITNESSES HAVE ALREADY BEEN OFFERED FOR THE FULL SEVEN HOURS PERMITTED UNDER THE RULES, AND ARE BEING OFFERED IN CONNECTION WITH OUR LIMITED SUPPLEMENTAL PRODUCTION.  WE HOPE YOU WILL BE EFFICIENT WITH THE TIME.

5.  Please let us know which if any directions to answer you are withdrawing and if you are standing on any of the directions that were made?  WE ANTICIPATE OUR SUPPLEMENTAL PRODUCTION, INCLUDING REVISED REDACTIONS, WILL INDICATE THE SUBJECTS ON WHICH THE WITNESSES MAY TESTIFY.  WE ARE HAPPY TO DISCUSS SPECIFIC ISSUES IN ADVANCE OF THE DEPOSITIONS.

6.  When will you produce the model used for feasibility analysis in the Disclosure Statement?  AS PREVIOUSLY MENTIONED, WE WILL SEND BY END OF TODAY.

7.  When will the Coalition produce its documents?  YOU WILL NEED TO TALK TO THE COALITION ABOUT THEIR PRODUCTION.

Best,
Sam

**Samuel P. Hershey**  |  Associate
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Thursday, July 29, 2021 4:49 PM
**To:** Hershey, Sam <sam.hershey@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>
**Cc:** Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; Todd C. Jacobs <TJacobs@bradleyriley.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Marrkand, Kim <KVMarrkand@mintz.com>; Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; mplevin@crowell.com; Shamah, Daniel S. <dshamah@omm.com>; dchristian@dca.law; Smethurst, Ryan <rsmethurst@mwe.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; John E. Bucheit <jbucheit@bradleyriley.com>; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; George Calhoun <george@ifrahlaw.com>; Celebrezze, Bruce <Bruce.Celebrezze@clydeco.us>; alexandra.kowalski@generalstar.com; panderson@foxswibel.com; Winsberg, Harris B. <harris.winsberg@troutman.com>; dgooding@choate.com; Lifland, Lauren <Lauren.Lifland@wilmerhale.com>; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; ahachikian@foxswibel.com; Yoon, Tacie <TYoon@crowell.com>; Zatz, Clifford <CZatz@crowell.com>; Bouslog, Matthew G. <MBouslog@gibsondunn.com>; Choi, Michelle <MChoi@gibsondunn.com>; Philip.Anker@wilmerhale.com; JRuggeri@goodwin.com; Warren, Steve <swarren@omm.com>; Hinker, Matthew <mhinker@omm.com>; Indelicato, Samantha M. <sindelicato@omm.com>; Casale, Lauren <lcasale@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>; Marshall, Jonathan D. <jmarshall@choate.com>
**Subject:** BSA (less typos)

Mike and Sam:

Thank you for your proposal. In order to evaluate it in a meaningful way, I ask for the following information

1. How many  documents and what page volume will be produced by BSA between now and August 1?
2. What time on August 1 will the document production be completed?
3. What dates are you proposing to produce Messrs. Ownbey, Mosbey and Wittmann on?
4. Why are you limiting the time to 2 hours if you are producing new documents?
5. Please let us know which if any directions to answer you are withdrawing and if you are standing  on any of the directions that were made?.
6. When will you produce the model used for feasibility analysis in the Disclosure Statement?
7. When will the Coalition produce its documents?

========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


========================================================================

**Indelicato, Samantha M.**

| | |
|---|---|
| **From:** | Schiavoni, Tancred |
| **Sent:** | Monday, August 9, 2021 9:36 PM |
| **To:** | Stamatios Stamoulis (stamoulis@swdelaw.com); Indelicato, Samantha M. |
| **Subject:** | FW: BSA Discovery |

---

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Tuesday, August 3, 2021 10:31 AM
**To:** Hershey, Sam <sam.hershey@whitecase.com>; Cocchiaro, Salvatore J. <scocchiaro@omm.com>; Andolina, Michael <mandolina@whitecase.com>; Kurtz, Glenn <gkurtz@whitecase.com>; dabbott@morrisnichols.com
**Cc:** Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; mplevin@crowell.com; Choi, Michelle <MChoi@gibsondunn.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; Todd C. Jacobs <TJacobs@bradleyriley.com>; jbucheit@bradleyriley.com; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; dchristian@dca.law; George Calhoun <george@ifrahlaw.com>; bruce.celebrezze@clydeco.us; konrad.krebs@clydeco.us; alexandra.kowalski@generalstar.com; panderson@foxswibel.com; KMarrkand@mintz.com; dgooding@choate.com; KVMarrkand@mintz.com; Lifland, Lauren <Lauren.Lifland@wilmerhale.com>; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; Philip.Anker@wilmerhale.com; JRuggeri@goodwin.com; ahachikian@foxswibel.com; Zatz, Clifford <CZatz@crowell.com>; Yoon, Tacie <TYoon@crowell.com>; Jankowski, Rachel <RJankowski@crowell.com>; Cacabelos, Kevin <KCacabelos@crowell.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Bouslog, Matthew G. <MBouslog@gibsondunn.com>; Hallowell, James <JHallowell@gibsondunn.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Shamah, Daniel S. <dshamah@omm.com>; Warren, Steve <swarren@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>
**Subject:** Re: BSA Discovery

Mike

We wrote you every day since the last hearing and did not get the courtesy of a response to the most basic of questions a number of which we don't have answers to yet today. Your associate wad not directly involved in the decisions you made and the directions you issued so he cannot be faulted for this but we reached put to you repeatedly and sought your cooperation.

It appears that you did not produce any of the drafts of the tdp or communications about them save for a redacted email confirming that this material has been withheld. If I am mistaken please let me know otherwise we simply seek to confirm with you that BSA has withheld everything about the TDP as privileged and refuses to provide a log.

Seperately we've asked you every day since the hearing whether you have withheld resolutions or directions about the RSA. Please let us know if you have and provide us with a log of those documents and refactions.

-------- Original Message --------
From: "Hershey, Sam" <sam.hershey@whitecase.com>
Date: Mon, Aug 2, 2021, 7:32 PM
To: "Cocchiaro, Salvatore J." <scocchiaro@omm.com>,"Andolina, Michael" <mandolina@whitecase.com>,"Kurtz, Glenn" <gkurtz@whitecase.com>,"dabbott@morrisnichols.com" <dabbott@morrisnichols.com>,"Hammond, Andrew" <ahammond@whitecase.com>,"Lauria (Boelter), Jessica" <jessica.lauria@whitecase.com>,"Linder, Matthew" <mlinder@whitecase.com>,"Baccash, Laura" <laura.baccash@whitecase.com>,"Warner, Blair" <blair.warner@whitecase.com>,"Thomas, Jennifer" <jennifer.thomas@whitecase.com>,"Topper, Paige" <ptopper@morrisnichols.com>,"Remming, Andrew" <ARemming@morrisnichols.com>,"Azer, Adrian" <adrian.azer@haynesboone.com>,"Martin, Ernest" <ernest.martin@haynesboone.com>
CC: "Rosenthal, Michael A." <MRosenthal@gibsondunn.com>,"mplevin@crowell.com" <mplevin@crowell.com>,"Choi, Michelle" <MChoi@gibsondunn.com>,"Winsberg, Harris B." <harris.winsberg@troutman.com>,"Susan N. K. Gummow" <sgummow@fgppr.com>,"Jordan, Tracey" <tjordan@fgppr.com>,"Todd C. Jacobs" <TJacobs@bradleyriley.com>,"jbucheit@bradleyriley.com" <jbucheit@bradleyriley.com>,Laura McNally <lmcnally@loeb.com>,Emily Stone <estone@loeb.com>,"Seligman, Gary" <GSeligman@wiley.law>,"Criss, Ashley" <ACriss@wiley.law>,"O'Connor, John" <joconnor@steptoe.com>,"hlee@steptoe.com" <hlee@steptoe.com>,"Grindrod, Brett" <bgrindrod@steptoe.com>,"Ogle, Nailah" <nogle@steptoe.com>,"Kerns, Kathleen" <kkerns@postschell.com>,"Myers, Scott P" <SPMYERS@travelers.com>,"Louis J. Rizzo, Esquire" <LRizzo@regerlaw.com>,"Smethurst, Ryan" <rsmethurst@mwe.com>,Pamela Minetto <PMinetto@moundcotton.com>,Lloyd Gura <LGura@moundcotton.com>,Michael Hrinewski <mhrinewski@cmg.law>,Lorraine Armenti <LArmenti@cmg.law>,"Everett, Trevor" <TEverett@cozen.com>,"jziemianski@cozen.com" <jziemianski@cozen.com>,dchristian@dca.law" <dchristian@dca.law>,George Calhoun <george@ifrahlaw.com>,"bruce.celebrezze@clydeco.us" <bruce.celebrezze@clydeco.us>,"konrad.krebs@clydeco.us" <konrad.krebs@clydeco.us>,"alexandra.kowalski@generalstar.com" <alexandra.kowalski@generalstar.com>,"panderson@foxswibel.com" <panderson@foxswibel.com>,"KMarrand@mintz.com" <KMarrand@mintz.com>,"dgooding@choate.com" <dgooding@choate.com>,"KVMarrand@mintz.com" <KVMarrand@mintz.com>,"Lifland, Lauren" <Lauren.Lifland@wilmerhale.com>,"Loveland, Benjamin" <Benjamin.Loveland@wilmerhale.com>,"Philip.Anker@wilmerhale.com" <Philip.Anker@wilmerhale.com>,"JRuggeri@goodwin.com" <JRuggeri@goodwin.com>,"pminetto@moundcotton.com" <pminetto@moundcotton.com>,"lgura@moundcotton.com" <lgura@moundcotton.com>,"Anderson, Margaret M." <panderson@foxswibel.com>,"ahachikian@foxswibel.com" <ahachikian@foxswibel.com>,"Zatz, Clifford" <CZatz@crowell.com>,"Yoon, Tacie" <TYoon@crowell.com>,"Jankowski, Rachel" <RJankowski@crowell.com>,"Cacabelos, Kevin" <KCacabelos@crowell.com>,"Martorana, Keith R." <KMartorana@gibsondunn.com>,"Bouslog, Matthew G." <MBouslog@gibsondunn.com>,"Hallowell, James" <JHallowell@gibsondunn.com>,"Eisinger, Vince" <VEisinger@gibsondunn.com>,"Cassidy, Dylan S." <DCassidy@gibsondunn.com>,"Schiavoni, Tancred" <tschiavoni@omm.com>,"Shamah, Daniel S." <dshamah@omm.com>,"Warren, Steve" <swarren@omm.com>,Stamatios Stamoulis <stamoulis@swdelaw.com>
Subject: RE: BSA Discovery

[EXTERNAL MESSAGE]

Tanc and Sal:

We apprised the Court and the parties at the July 27 conference that we would finish our production by the end of the weekend.  We have met that goal.  Moreover, the Court directed: "I would, of course, ask the parties to meet and confer, and discuss how everything is going forward in this period of time."  July 29, 2021 Hr'g Tr. at 21:19-21.  Your continued refusal to engage with us on the discovery schedule violates the Court's direction.

Your position that the Debtors are taking an overbroad view of the mediation privilege is incorrect.  To the contrary, we are taking exactly the view required by the Court's Mediation Order and Local Rule 9019, which provides that "views expressed or suggestions made by a party with respect to a possible settlement of the dispute" and "documents prepared for the purpose of, in the course of, or pursuant to the mediation" must be treated as privileged.  Del. Bankr. L. R. 9019-5(d)(i); *see also Wilmington Hosp. v. New Castle Cnty.*, 788 A.2d 536, 541 (Del. Ch. 2001) (finding that "[c]onfidentiality of all communications between the parties . . . serves the important public policy of promoting a broad discussion of potential resolutions to the matters being mediated" because "[w]ithout the expectation of confidentiality, parties would hesitate to propose compromise solutions out of the concern that they would later be prejudiced by their disclosure.").  The TDPs clearly fall within this category.  Notably, your motion to compel did not seek drafts of the TDPs, just "minutes and communications reflecting what the Board considered concerning . . . the TDPs."  Mot. at 20.  Your decision not to ask the Court to compel the Debtors to produce these drafts demonstrates that your request for them now is too late and improper.  Indeed, since July 8, we've repeatedly asked you to share your position on this topic, including in Mr. Kurtz's letter of today, and you've steadfastly refused.  We reiterate our request that you finally state your position in writing so that there is no confusion regarding your position.

Your assertion that the Debtors are trying to re-do the entire discovery record is also incorrect.  Rather, we are providing additional documents and further unredacted documents, and making our witnesses available to answer questions regarding those documents, as you requested and consistent with the Court's statements.  You are also incorrect in asserting that any party ever requested that the Debtors pay your costs for taking discovery, but obviously there is no basis for that.  The Debtors have been seeking to meet and confer on these issues since July 8, but you waited until four days after the conclusion of depositions to meet and confer and raise the dispute to the Court.  Any fees you incurred as a result of your delay are not the Debtors' responsibility.  Indeed, the Court ruled that the issues raised in the motion to compel "really should have been brought to me sooner."  July 27, 2021 Hr'g Tr. at 24:3-4.

Lastly, you haven't responded to our multiple requests since July 29 to confirm the dates of depositions.  Please do that now.  We also want to clarify that you are not re-taking the depositions.  The depositions should be limited to new material and any topic relevant to new materials.  We trust you will be efficient with the time both in consideration for our witnesses and to avoid creating further unnecessary costs.

We are available to meet and confer on these matters tonight or tomorrow morning, and continue to reserve all rights.

Best,

Sam

**Samuel P. Hershey**  |  Associate

**T**  +1 (212) 819-2699    **M**  +1 (914) 582-1628    **E**  sam.hershey@whitecase.com

White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

---

**From:** Hershey, Sam
**Sent:** Monday, August 2, 2021 3:44 PM
**To:** 'Cocchiaro, Salvatore J.' <scocchiaro@omm.com>; Andolina, Michael <mandolina@whitecase.com>; Kurtz, Glenn <gkurtz@whitecase.com>; dabbott@morrisnichols.com; Hammond, Andrew <ahammond@whitecase.com>; Lauria

(Boelter), Jessica <jessica.lauria@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Warner, Blair <blair.warner@whitecase.com>; Thomas, Jennifer <jennifer.thomas@whitecase.com>; Topper, Paige <ptopper@morrisnichols.com>; Remming, Andrew <ARemming@morrisnichols.com>; 'Azer, Adrian' <adrian.azer@haynesboone.com>; 'Martin, Ernest' <ernest.martin@haynesboone.com>

**Cc:** Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; mplevin@crowell.com; Choi, Michelle <MChoi@gibsondunn.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; Todd C. Jacobs <TJacobs@bradleyriley.com>; jbucheit@bradleyriley.com; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura <LGura@moundcotton.com>; Michael Hrinewski <mhrinewski@cmg.law>; Lorraine Armenti <LArmenti@cmg.law>; Everett, Trevor <TEverett@cozen.com>; jziemianski@cozen.com; dchristian@dca.law; George Calhoun <george@ifrahlaw.com>; bruce.celebrezze@clydeco.us; konrad.krebs@clydeco.us; alexandra.kowalski@generalstar.com; panderson@foxswibel.com; KMarrkand@mintz.com; dgooding@choate.com; KVMarrkand@mintz.com; Lifland, Lauren <Lauren.Lifland@wilmerhale.com>; Loveland, Benjamin <Benjamin.Loveland@wilmerhale.com>; Philip.Anker@wilmerhale.com; JRuggeri@goodwin.com; pminetto@moundcotton.com; lgura@moundcotton.com; Anderson, Margaret M. <panderson@foxswibel.com>; ahachikian@foxswibel.com; Zatz, Clifford <CZatz@crowell.com>; Yoon, Tacie <TYoon@crowell.com>; Jankowski, Rachel <RJankowski@crowell.com>; Cacabelos, Kevin <KCacabelos@crowell.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Bouslog, Matthew G. <MBouslog@gibsondunn.com>; Hallowell, James <JHallowell@gibsondunn.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Schiavoni, Tancred <tschiavoni@omm.com>; Shamah, Daniel S. <dshamah@omm.com>; Warren, Steve <swarren@omm.com>; Stamatios Stamoulis <stamoulis@swdelaw.com>

**Subject:** RE: BSA Discovery

Copying in the rest of our team so that you can copy and paste going forward.

**Samuel P. Hershey** | Associate

**T** +1 (212) 819-2699  **M** +1 (914) 582-1628  **E** sam.hershey@whitecase.com

White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

---

**From:** Cocchiaro, Salvatore J. <scocchiaro@omm.com>
**Sent:** Monday, August 2, 2021 3:34 PM
**To:** Andolina, Michael <mandolina@whitecase.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Hershey, Sam <sam.hershey@whitecase.com>; dabbott@morrisnichols.com
**Cc:** Rosenthal, Michael A. <MRosenthal@gibsondunn.com>; mplevin@crowell.com; Choi, Michelle <MChoi@gibsondunn.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Susan N. K. Gummow <sgummow@fgppr.com>; Jordan, Tracey <tjordan@fgppr.com>; Todd C. Jacobs <TJacobs@bradleyriley.com>; jbucheit@bradleyriley.com; Laura McNally <lmcnally@loeb.com>; Emily Stone <estone@loeb.com>; Seligman, Gary <GSeligman@wiley.law>; Criss, Ashley <ACriss@wiley.law>; O'Connor, John <joconnor@steptoe.com>; hlee@steptoe.com; Grindrod, Brett <bgrindrod@steptoe.com>; Ogle, Nailah <nogle@steptoe.com>; Kerns, Kathleen <kkerns@postschell.com>; Myers, Scott P <SPMYERS@travelers.com>; Louis J. Rizzo, Esquire <LRizzo@regerlaw.com>; Smethurst, Ryan <rsmethurst@mwe.com>; Pamela Minetto <PMinetto@moundcotton.com>; Lloyd Gura

<[LGura@moundcotton.com](mailto:LGura@moundcotton.com)>; Michael Hrinewski <[mhrinewski@cmg.law](mailto:mhrinewski@cmg.law)>; Lorraine Armenti <[LArmenti@cmg.law](mailto:LArmenti@cmg.law)>; Everett, Trevor <[TEverett@cozen.com](mailto:TEverett@cozen.com)>; [jziemianski@cozen.com](mailto:jziemianski@cozen.com); [dchristian@dca.law](mailto:dchristian@dca.law); George Calhoun <[george@ifrahlaw.com](mailto:george@ifrahlaw.com)>; [bruce.celebrezze@clydeco.us](mailto:bruce.celebrezze@clydeco.us); [konrad.krebs@clydeco.us](mailto:konrad.krebs@clydeco.us); [alexandra.kowalski@generalstar.com](mailto:alexandra.kowalski@generalstar.com); [panderson@foxswibel.com](mailto:panderson@foxswibel.com); [KMarrkand@mintz.com](mailto:KMarrkand@mintz.com); [dgooding@choate.com](mailto:dgooding@choate.com); [KVMarrkand@mintz.com](mailto:KVMarrkand@mintz.com); Lifland, Lauren <[Lauren.Lifland@wilmerhale.com](mailto:Lauren.Lifland@wilmerhale.com)>; Loveland, Benjamin <[Benjamin.Loveland@wilmerhale.com](mailto:Benjamin.Loveland@wilmerhale.com)>; [Philip.Anker@wilmerhale.com](mailto:Philip.Anker@wilmerhale.com); [JRuggeri@goodwin.com](mailto:JRuggeri@goodwin.com); [pminetto@moundcotton.com](mailto:pminetto@moundcotton.com); [lgura@moundcotton.com](mailto:lgura@moundcotton.com); Anderson, Margaret M. <[panderson@foxswibel.com](mailto:panderson@foxswibel.com)>; [ahachikian@foxswibel.com](mailto:ahachikian@foxswibel.com); Zatz, Clifford <[CZatz@crowell.com](mailto:CZatz@crowell.com)>; Yoon, Tacie <[TYoon@crowell.com](mailto:TYoon@crowell.com)>; Jankowski, Rachel <[RJankowski@crowell.com](mailto:RJankowski@crowell.com)>; Cacabelos, Kevin <[KCacabelos@crowell.com](mailto:KCacabelos@crowell.com)>; Martorana, Keith R. <[KMartorana@gibsondunn.com](mailto:KMartorana@gibsondunn.com)>; Bouslog, Matthew G. <[MBouslog@gibsondunn.com](mailto:MBouslog@gibsondunn.com)>; Hallowell, James <[JHallowell@gibsondunn.com](mailto:JHallowell@gibsondunn.com)>; Eisinger, Vince <[VEisinger@gibsondunn.com](mailto:VEisinger@gibsondunn.com)>; Cassidy, Dylan S. <[DCassidy@gibsondunn.com](mailto:DCassidy@gibsondunn.com)>; Schiavoni, Tancred <[tschiavoni@omm.com](mailto:tschiavoni@omm.com)>; Shamah, Daniel S. <[dshamah@omm.com](mailto:dshamah@omm.com)>; Warren, Steve <[swarren@omm.com](mailto:swarren@omm.com)>; Stamatios Stamoulis <[stamoulis@swdelaw.com](mailto:stamoulis@swdelaw.com)>

**Subject:** BSA Discovery

Good afternoon Mike, Glenn, Sam, and Derek,

You told the court on July 7th that the Debtors would complete their document production in a manner of days.  Yet, we only received your last document production late last night.  On a quick review, and based on your letter from just a few hours ago, it is now apparent that the Debtors are still taking an overbroad view of the mediation privilege; for example, you appear to assert that all drafts of and other documents concerning the TDPs or other plan documents are *per se* protected by the mediation privilege. David Christian asked you last week for a privilege log so we could confirm among other things when these documents were exchanged.  You flatly refused.   Before we even have a discussion of deposition schedules, we should have a meet and confer on the scope of the mediation privilege and whether the Debtors' document productions are consistent with the Local Rules.

It is obvious that, in light of the Court's ruling last week, the Debtors are trying to redo the entire discovery record in a manner of days.  It is entirely improper.  Worse, you are proposing to put everyone through a repeat of the prior performance given you are insisting on going ahead without having produced any drafts of the RSA or Plan documents or the communications about them.  Given the way you have proceeded, we asked that the Debtors reimburse the insurers for their costs of re-taking all these depositions, a request to which you have not responded.

Best,

Sal

## O'Melveny

**Salvatore J. Cocchiaro**

Associate

scocchiaro@omm.com

O: +1-212-728-5975

O'Melveny & Myers LLP

Times Square Tower

7 Times Square

New York, NY  10036

Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

==========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================