## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

### HARTFORD'S INITIAL OBJECTION TO THE MOTION OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE, THE OFFICIAL COMMITTEE OF TORT CLAIMANTS, AND THE FUTURE CLAIMS REPRESENTATIVE TO STRIKE TESTIMONY REGARDING THE REASONABLENESS OF THE HARTFORD SETTLEMENT

Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company ("Hartford"), by and through their undersigned counsel, hereby respectfully submit this initial objection to the *Motion of the Coalition of Abused Scouts for Justice, the Official Committee for Tort Claimants, and the Future Claims Representatives to Strike Testimony Regarding the Reasonableness of the Hartford Settlement* [D.I. 5897/5898] (the "Motion" or "Supporting Parties' Motion") in connection with the Court's consideration of the *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Grating Related Relief* [D.I. 5466] (the "RSA Motion"). The Supporting Parties' Motion thrashes about, needlessly raising issues that are not before the Court at this week's hearing on the RSA Motion, including the reasonableness of the BSA/Hartford settlement and Century's ability to pay. The Court should deny the Motion.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

ActiveUS 189304934v.1

**ARGUMENT**

I. **There Was No Reason to File the Motion Because the Supporting Parties Know Hartford Does Not Intend to Present Testimony Regarding the Reasonableness of the BSA/Hartford Settlement at the RSA Hearing**

1. The Supporting Parties sent Hartford an e-mail at 8:57 p.m. eastern on August 5, 2021, stating that they intended to file a motion in limine the next day concerning whether Hartford should be permitted to offer evidence on the reasonableness of the BSA/Hartford settlement in opposing the RSA Motion. The e-mail surprised Hartford because this week's hearing is about the RSA Motion, not the reasonableness of the BSA/Hartford settlement; and, because this week's hearing is not about the reasonableness of the BSA/Hartford settlement, Hartford does not intend to offer evidence on that issue at the hearing. The Supporting Parties know this because Hartford told them two hours after receiving their e-mail:

> Thank you for the email but there is no reason for the motion in limine b/c (1) next week's hearing is on the RSA Motion, not a motion to approve the Hartford settlement; and (2) Hartford doesn't intend to offer evidence on the reasonableness of the Hartford settlement based on any undisclosed analysis of abuse claims. Thanks.

*See* August 5, 2021 e-mail from James P. Ruggeri to D. Cameron Moxley, attached to the Declaration of Erin R. Fay ("Fay Decl.") as Exhibit A. The Supporting Parties never replied to Hartford's e-mail. Ignoring it, they went ahead and filed their Motion.

2. The Court has a lot on its plate. This Motion did not need to be added to the Court's burdens. No one is asking the Court to approve the BSA/Hartford settlement at this week's hearing. The Supporting Parties say that the RSA Motion and the BSA/Hartford settlement are "linked," suggesting that the Court can deny the RSA Motion only if it finds that the buyback of Hartford's policies contemplated by the BSA/Hartford settlement is reasonable. Supporting Parties' Motion ¶ 26. That is wrong. The RSA Motion and the BSA/Hartford settlement are

"linked" only because the RSA Motion seeks this Court's authorization for BSA to repudiate its obligation under the BSA/Hartford settlement to seek confirmation of a Global Resolution Plan, including the buyback of Hartford's policies or a Toggle Plan that would send the claimants and insurers back to the tort system. If this Court holds that BSA cannot repudiate that obligation, that would mean only that BSA must proceed to file and solicit votes on a Global Resolution or Toggle Plan, not that the Court is confirming such a plan or approving the buyback of Hartford's policies. The Court may be required to decide whether the terms of the buyback are reasonable later, if BSA obtains the requisite votes for a Global Resolution Plan or otherwise seeks approval of the BSA/Hartford settlement separate from plan confirmation, but the Court need not and should not decide that question this week.

   3. Moreover, this week, at the hearing on the RSA Motion, is not the time to consider arguments about Century's ability to pay, an issue the Supporting Parties gratuitously interject into their Motion. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

See Deposition Transcript of John Kinney (Jul. 23, 2021) at 161:24-162:2 (Fay Decl., Exhibit B). The Century ability-to-pay issue is entirely irrelevant to this week's hearing.

## II. The Supporting Parties Have Never Sought Discovery of the Information they Now Claim Hartford Has Withheld

   4. As noted above, Hartford does not intend to offer evidence on the reasonableness of the BSA/Hartford settlement based on any undisclosed analysis of abuse claims. But even if

Hartford did, the Motion offers no reason to bar Hartford from doing so. The Supporting Parties charge that Hartford will not disclose data and information bearing on Hartford's liability for Abuse Claims. Supporting Parties' Motion ¶ 22. Then, they accusatorily say, "Hartford's response is simple: nothing, nothing, nothing." *Id.* ¶ 23. However, there is something missing from those two paragraphs: There is no cite to any discovery requests concerning the RSA Motion seeking that information, and that is because the Supporting Parties never served any.[2] Hartford did not have to say whether it would disclose data or information because no one asked.[3] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ A party's failure to seek discovery, of course, is no grounds to bar evidence.

---

[2]    Perhaps the Supporting Parties never requested this information of Hartford because they had information regarding the underlying liabilities from Debtors, as their motion shows:

> 21. The Debtors retained Bates White -- a third-party consulting firm -- to analyze its liability for Abuse Claims. Based on this analysis, the Disclosure Statement states that the Debtors' liability is in the range of $2.4 billion and $7.1 billion. See Dkt. No. 5485.

Supporting Parties' Motion ¶ 21.

[3]    On April 24, 2021, the Supporting Parties served discovery on Hartford in the context of their estimation motion. But even that discovery is not on point here. The claimants asked Hartford to produce "[d]ocuments sufficient to show all liabilities that Hartford has concerning any Insurance Policies that the Debtors are proposing to contribute to the Settlement Trust under the Plan." *See* Objection and Response No. 5, *Hartford Accident and Indemnity Company, First State Insurance Company, and Twin City Fire Insurance Company's Objections and Responses to the Coalition of Abused Scouts for Justice, the Official Committee of Tort Claimants and the Future Claim Representative's First Requests for the Production of Documents*, attached to the Suppporting Parties' Motion as Exhibit B. That request has nothing to do with the argument that the Supporting Parties present here, namely, that Hartford has "hidden" evidence supporting the conclusion that its settlement with the Debtors is reasonable.

4

**RESERVATION OF RIGHTS**

5.      Hartford reserves its right to assert other responses or objections to the Motion in accordance with any order shortening notice on the Motion, at the hearing on such Motion, or at the hearing on the RSA Motion to the extent any issues raised in the Motion are addressed at such hearing.

**CONCLUSION**

The Supporting Parties' Motion is a distraction from the real matters at issue concerning the RSA Motion. The Court should deny it because, as Hartford told the Supporting Parties before they filed their Motion, Hartford does not intend to offer at this week's RSA hearing any evidence based on any undisclosed analysis of abuse claims; but even if it did, the Motion offers no reason to strike or otherwise exclude that evidence.

| | |
|---|---|
| Dated: August 9, 2021<br>Wilmington, Delaware | BAYARD, P.A.<br><br>*/s/ Gregory J. Flasser*<br>Erin R. Fay (No. 5268)<br>Gregory J. Flasser (No. 6154)<br>Bayard, P.A.<br>600 North King Street, Suite 400<br>Wilmington, D.E. 19801<br>Tel: (302) 655-5000<br>Fax: (302) 658-6395<br>Email:  efay@bayardlaw.com<br>          gflasser@bayardlaw.com<br><br>*-and-*<br><br>James P. Ruggeri (admitted pro hac vice)<br>Joshua D. Weinberg (admitted pro hac vice)<br>Annette P. Rolain (admitted pro hac vice)<br>Sara K. Hunkler (admitted pro hac vice)<br>SHIPMAN & GOODWIN LLP<br>1875 K Street, NW, Suite 600<br>Washington, D.C. 20006<br>Tel: (202) 469-7750<br>Fax: (202) 469-7751 |

*-and-*

Philip D. Anker (admitted pro hac vice)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel: (212) 230-8890
Fax: (212) 230-8888

*-and-*

Danielle Spinelli (admitted pro hac vice)
Joel Millar (admitted pro hac vice)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for First State Insurance Company, Hartford Accident and Indemnity Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company*