## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOYS SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Docket Refs: 5485 |

**EVANSTON INSURANCE COMPANY'S OBJECTION TO AMENDED DISCLOSURE STATEMENT FOR THE FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

Markel Service, Incorporated, Claim Service Manager for Evanston Insurance Company ("**Evanston**"), by its undersigned attorneys, hereby objects to the *Amended Disclosure Statement for the Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "**Disclosure Statement**") [D.I. 5485]. In support hereof, Evanston respectfully states the following:

1.　　Evanston submits this objection to call out an issue with treatment of Non-Abuse Litigation Claims in the *Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "**Plan**") [D.I. 5484]. The issue impacts Evanston and other carriers that issued policies effective 2013 and after, which are treated as Specified Insurance Policies pursuant to the Plan.

2.　　Evanston recognizes that Plan objections are not typically resolved at the Disclosure Statement stage. However, inasmuch as the issue raised herein directly addresses Plan

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

provisions for treatment of claims, Evanston believes it in the best interest of all parties to address this before any voting occurs.  See Fed. R. Bankr. Pro. 3019(a).

3.    Among other policies, for the year March 1, 2019 through March 1, 2020, Evanston issued primary general liability and first excess policies to the Boy Scouts of America ("**BSA**"). As noted, the primary and first excess policy identified above are designated as Specified Insurance Policies under the Plan, subject to different treatment reflecting the fact that these policies also cover non-abuse claims.

4.    Evanston supports a reorganization consistent with rights of affected parties (including insurers) and desires an opportunity for BSA to continue its non-profit mission. Evanston also supports the prompt and just treatment of abuse and non-abuse claims and stands ready to process and pay claims consistent with the terms of its policies.  To that end, early in this Chapter 11 case,  Evanston filed a motion to modify the automatic stay to clarify its ability to process, defend and settle claims during the pendency of this case [D.I. 686], which motion resulted in an agreed order [D.I. 987].   Evanston continues to meet its duties and responsibilities under its 2019 – 2020 primary and excess policies consistent with the agreed order.

5.    The Plan, however, imposes an inappropriate impediment to prompt processing and payment of non-abuse claims – essentially making the agreed order's stopgap provisions permanent and more burdensome.  In particular, the Plan provides:

> The Settlement Trust shall have consent over any post-Effective Date settlement of any Non-Abuse Litigation Claim (such consent not to be unreasonably withheld) that is entitled to a recovery from the proceeds of the Specified Insurance Policies.

[Plan, § IV.D.3.a].  The Plan provision contradicts the terms of the primary policy issued by Evanston, which authorizes "settlement of any claim or suit as [Evanston] deems expedient."  It potentially puts Evanston, as insurer, at odds with applicable statutory, regulatory and legal claims handling requirements regarding timing.  Moreover, the provision is detrimental to non-abuse

2

litigation claimants as it will impose unreasonable and unnecessary hurdles in resolving valid non-abuse claims in a timely and efficient manner. The Settlement Trustee is a stranger to the insurance policies; the Settlement Trust is established for the benefit of abuse claimant, not others such as non-abuse claimants. See Plan § IV.B.1 ("The Settlement Trust shall resolve Abuse Claims in accordance with the Settlement Trust Documents in such a way that the holders of Abuse Claims are treated equitably and reasonably in light of the finite assets available to satisfy such claims.") The proposed Settlement Trustee is a designee of the Abuse Claimants. The Settlement Trust Advisory Committee can reasonably be expected to consist solely of Abuse Claimants or their representatives. See Plan § IV.F.1.

6.     In this specific respect, the Plan appears to propose an explicit rewrite of an express policy provision, in the process proposing an explicit violation of insurance neutrality. *See, e.g., In re Combustion Eng'g, Inc.*, 391 F.2d 190, 216 (3d Cir. 2004). It is well established that the Bankruptcy Code does not authorize non-consensual revisions to contracts. *E.g., In re Crippin*, 877 F.2d 594, 598 (7th Cir. 1994) ("bankruptcy courts do not have the power to rewrite contracts"). No provision in Bankruptcy Code section 1123, governing plan provisions, or section 1129, governing plan confirmation standards, authorizes modification of an insurance contract like those here.

7.     Because the provision in question is impermissible, unnecessary, inefficient and potentially unfair, Evanston requests that the Court withhold approval of the Disclosure Statement pending modification of the Plan to address the concerns raised in this Objection.

23009911

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*s/ Michael J. Pankow*

Michael J. Pankow, #21212
410 17th Street, Suite 2200
Denver, Colorado  80202
Telephone:  (303) 223-1100
Facsimile:  (303) 223-1111
mpankow@bhfs.com

and

**GREENBERG TRAURIG, LLP**

*s/ Dennis A. Meloro*

Dennis A. Meloro, #4435
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 661-7395
Facsimile:  (302) 661-7165
melorod@gtlaw.com

*Attorneys for Markel Service, Incorporated, Claim Service Manager for Alterra Excess & Surplus and Evanston Insurance Company*

DATED:  August 16, 2021

23009911