IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 5485, 5488, 5488-1, 3265 |

**LUJAN CLAIMANTS' SUPPLEMENTAL OBJECTION TO THE ADEQUACY OF DEBTORS' DISCLOSURE STATEMENT IN SUPPORT OF AMENDED CHAPTER 11 PLAN OF REORGANIZATION; JOINDER IN PCVA CLAIMANTS' SUPPLEMENTAL OBJECTION TO THE ADEQUACY OF DEBTORS' DISCLOSURE STATEMENT IN SUPPORT OF AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND OBJECTION TO THE DEBTORS' REVISED PROPOSED SOLICITATION PROCEDURES ORDER**

COME NOW the Tort Claimants represented by Lujan & Wolff LLP ("Lujan Claimants")[1] and object to the adequacy of the Disclosure Statement filed by Debtors Boy Scouts of America and Delaware BSA, LLC (collectively "Debtors") in support of the Fourth Amended Chapter 11 Plan of Reorganization.

On July 2, 2021, Debtors filed a Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (D.I. 5484) ("the Plan"), and the Amended Disclosure Statement for the Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC ("the Disclosure Statement") (D.I. 5485). On May 6, 2021, Lujan Claimants filed their Objection to the Adequacy of Debtors' Disclosure Statement in Support of Amended Chapter 11 Plan of Reorganization (D.I. 3231). Lujan Claimants reassert and restate the facts, legal arguments, and objections made in their prior objection, object to the Disclosure Statement and join in the PCVA Claimants' objection to the Disclosure Statement and Solicitation Procedures (D.I. 5964).

---

[1] See attached Appendix A, which lists the Sexual Abuse Survivor Proof of Claim numbers for Lujan Claimants.

1

Lujan Claimants, all survivors of childhood sexual abuse by the Boy Scouts, were abused in the United States territory of Guam. Survivors of child sexual abuse in Guam are unique compared to survivors who were abused in other states or territories. Guam survivors are the only survivors who have a combination of an open statute of limitations that does not close (civil statute of limitations was eliminated); statutory direct action rights against insurers without having to sue the insured; and who were directly serviced by Debtor Boy Scouts of America--which wore a different hat servicing Guam scouting units from 1956 to 1970 as the Direct Service Council, a "local council equal." Guam survivors are also unique in that almost all were sexually abused by Father Louis Brouillard, a scoutmaster who was in charge of Guam's swimming merit badge program and who was one of the most prolific child sexual abusers in scouting history; and the chartered organization implicated in almost all Guam survivors' abuse is the Archbishop of Agana, a debtor in its own pending Chapter 11 bankruptcy case in the District Court of Guam. Further, 70 Lujan Claimants had prepetition lawsuits against the Boy Scouts of America and therefore constitute more than twenty-five percent (25%) of the 275 prepetition lawsuits against Debtors at the time Debtors initiated this consolidated bankruptcy action.

Lujan Claimants object to the Disclosure Statement because it fails to provide adequate information to allow a creditor to make an informed judgment about the Plan and the Plan is inherently or patently unconfirmable. Debtors have either failed to address sufficiently or failed to address at all Lujan Claimants' previous objections. Lujan Claimants reassert their previous objections and supplement their objections to the adequacy of the Disclosure Statement for the following reasons:

1. The Disclosure Statement fails to provide sufficient information to support classification of claims in the Plan, including the failure to provide adequate information

2

concerning the similarities and dissimilarities of claims and rights of tort claimant creditors. The Disclosure Statement continues to ignore the uniqueness of Guam survivor claims.

2.      The Disclosure Statement fails to disclose and explain the authority by which survivors' statutory direct action rights against insurers can be disposed of under Debtors' proposed settlement with Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively "Hartford"); and the "Insurance Entity Injunction" provision and Trust Distribution Procedures of the Plan. The Disclosure Statement fails to state how the Boy Scouts of America has authority to not only sell back its interest in insurance policies to Hartford, but also sell the rights of direct action claimants to these insurance policies. Prior to filing for bankruptcy, the Boy Scouts of America had no such power and therefore still have no such power to sell or compromise the interests of direct action claimants. Similarly, the Disclosure Statement fails to state the authority by which Debtors can enjoin direct action claimants from filing direct action lawsuits against insurers, including both settling insurers and non-settling insurers. Debtors need to disclose why Guam statutory law regulating the business of insurance by providing for direct action rights (22 GCA § 18305) does not reverse preempt federal bankruptcy statutes that do not specifically regulate the business of insurance.

3.      Even if Debtors have authority to settle or compromise direct action rights, the Disclosure Statement fails to state how direct action claimants (who have property rights in insurance policies) will be adequately protected and compensated for the loss of their direct action rights against insurers and their interests in the insurance policies.

4.      The Disclosure Statement fails to explain why direct action claimants who are losing statutory rights of direct action are treated the same way as survivors who do not have

statutory direct action rights against insurers. This is unfair and unequal treatment of direct action survivors, including Lujan Claimants.

5. The Disclosure Statement fails to disclose that certain chartered organizations are debtors in their own bankruptcy cases, including the Archbishop of Agana, and fails to explain how the Hartford settlement, Insurance Entity Injunction and Trust Distribution Procedures, which would dispose of these bankrupt chartered organizations' interests in insurance policies, do not violate the automatic stay imposed by these other bankruptcy cases. The Boy Scouts of America now claims, in a separate filing in the Archbishop of Agana bankruptcy case, that it will make exception for bankrupt chartered organizations, yet it fails to disclose the specific exceptional treatment of debtor chartered organizations in the Disclosure Statement. As Debtors have previously admitted that beginning in approximately 1976, chartered organizations were additional insureds in Boy Scouts insurance policies, their disposition or attempted disposition of Archbishop of Agana's interests in these insurance policies (including via Hartford settlement, Insurance Entity Injunction, TDP) appears to violate the automatic stay imposed in the Guam bankruptcy action.

6. The Disclosure Statement fails to explain whether the Boy Scouts of America's direct service of scouting units, for example in Guam, is an aggravating factor which may increase the value and compensation due to a survivor abused in connection with scouting units directly serviced by the Boy Scouts of America.

7. The Disclosure Statement fails to disclose the specific contribution each local council will make under the Plan. The Disclosure Statement also fails to disclose sufficient facts to determine whether a local council's contribution is a "substantial" contribution. Further, the assets of and claims against each local council are not disclosed.

8. The Disclosure Statement fails to disclose all of the approximately 41,000 chartered organizations currently partnered with the Boy Scouts of America which may receive nondebtor releases and channeling injunctions. The Disclosure Statement also fails to disclose all chartered organizations that previously partnered with the Boy Scouts of America which may receive nondebtor releases and channeling injunctions. The Disclosure Statement fails to disclose sufficient facts to determine whether a chartered organization's potential contribution will be a "substantial" contribution. Further, the assets of and claims against each chartered organization (both past and present partners) are not disclosed.

9. The Disclosure Statement fails to provide an estimate of the number of future and unknown claims of Debtors, each local council, each chartered organization, and each insurer. The Disclosure Statement fails to disclose the amount of money set aside to compensate such future and unknown claims. The Disclosure Statement fails to identify the future claimants' representative for future and unknown claimants with claims against nondebtors.

10. The Disclosure Statement fails to disclose whether it still has an interest in Hartford insurance policies for years 1976 and 1977 as it appears to have settled these policies with Hartford. (See TCC Objection to Disclosure Statement (D.I. 3526) ¶ 70.) If Debtors have no interest in the 1976 and 1977 Hartford insurance policies, then Debtors need to disclose how the Bankruptcy Court has jurisdiction over these policies which are not property of the estate. If these policies are not property of the estate, there is simply no argument that can be made or justification to enjoin direct action claimants and coinsureds such as chartered organizations from asserting rights against these policies. There must be no Insurance Entity Injunction as to these years. In fact, it is Lujan Claimants' position that, even if these policies are property of the estate, the Lujan Claimants' direct action rights and the rights of chartered organizations cannot be settled, compromised, or otherwise disposed without each of their consent.

11. The Disclosure Statement fails to disclose the authority and standards by which the Settlement Trustee may settle with nondebtors and make these nondebtors Protected Parties entitled to releases and channeling injunctions. Such settlements are post-confirmation. Debtors need to clearly identify the standard or test that must be met for a post-confirmation settlement with a nondebtor which provides nondebtor releases and channeling injunctions.

12. The Disclosure Statement fails to disclose what claims against chartered organizations may be released post-confirmation by the Settlement Trustee, since Debtors would only be able to assign to the Settlement Trustee their claims against third parties and not the claims of survivors. Prior to bankruptcy, Debtors had no ownership of survivors' claims against chartered organizations and therefore Debtors would never have been able to settle survivors' claims against chartered organizations. As bankruptcy cannot endow a debtor with greater rights than it would have outside of bankruptcy, Debtors still have no ownership of survivors' claims against chartered organizations. Lacking ownership of survivors' claims, Debtors cannot assign to the Settlement Trustee survivors' claims against chartered organizations. Thus, if Debtors will claim that survivors' claims against chartered organizations may be settled by the Settlement Trustee, Debtors need to disclose the authority by which the Settlement Trustee can settle survivors' claims against nondebtors, including chartered organizations. Further, after confirmation of the Plan and reorganization of Debtors, any settlement between the Settlement Trustee and third parties, such as chartered organizations, are clearly not necessary to Debtors' reorganization.

13. The Disclosure Statement fails to explain why survivors are not given an opportunity to opt-out from receiving compensation from nondebtor Protected Parties through the Settlement Trust and instead to pursue their claims in court against nondebtor Protected Parties.

14. The Disclosure Statement fails to disclose adequate information concerning the BSA Toggle Plan (a BSA-only Plan which provided no channeling injunctions for local councils, chartered organizations, or insurers) which Debtors previously proposed in earlier Plans. Debtors need to disclose their position that they can successfully reorganize under the BSA Toggle Plan. Given the BSA Toggle Plan, Debtors also need to disclose how nondebtor releases and channeling injunctions are necessary to Debtors' reorganization. The BSA Toggle Plan, even if not currently proposed or crammed down, appears to negate nondebtor releases.

15. The Disclosure Statement lacks adequate information regarding the First Encounter Agreement (FEA) reached in 1996 between BSA and Century. There is no explanation or discussion regarding whether the FEA can be enforced as to non-parties to the agreement, such as direct action claimants (including Lujan Claimants), named insureds (*e.g.*, local councils), and additional insureds (*e.g.*, chartered organizations).

16. The Disclosure Statement continues to lack adequate information regarding claims against Debtors' estate to allow creditors to have notice and meaningful opportunity to be heard with respect to rights under Federal Rule of Bankruptcy Procedure 3007.

Dated: August 16, 2021.    Respectfully submitted,

 /s/ Christopher D. Loizides
Christopher D. Loizides (No. 39689)
LOIZIDES, P.A.
1225 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302.654.0248
Email: Loizides@loizides.com

and

LUJAN & WOLFF LLP

 /s/ Delia Lujan Wolff
Delia Lujan Wolff
Suite 300, DNA Bldg.
238 Archbishop Flores St.

Hagatna, Guam 96910
Phone: (671) 477-8064/5
Facsimile: (671) 477-5297
Email:  dslwolff@lawguam.com

*Attorneys for Lujan Claimants*

# APPENDIX A

The foregoing Lujan Claimants' Supplemental Objection to the Adequacy of Debtors' Disclosure Statement in Support of Amended Chapter 11 Plan of Reorganization and Joinder in PCVA Claimants' Supplemental Objection to the Adequacy of Debtors' Disclosure Statement in Support of Amended Chapter 11 Plan of Reorganization and Objection to the Debtors' Revised Proposed Solicitation Procedures Order was filed by the following creditors who each filed a Sexual Abuse Survivor Proof of Claim and are represented by Lujan & Wolff LLP. The numbers below are the claim numbers for each creditor's Sexual Abuse Survivor Proof of Claim, including amendments thereto.

| | | | | |
|---|---|---|---|---|
| **248** | **2991** | **6824** | **25063** | **79403** |
| **1551** | **3051** | **7976** | **25069** | **79769** |
| **1670** | **3120** | **7977** | **33028** | **80328** |
| **1677** | **3385** | **8037** | **35352** | **80655** |
| **1746** | **3610** | **8038** | **35354** | **80982** |
| **1757** | **3612** | **10548** | **38591** | **87715** |
| **1765** | **3614** | **11250** | **40889** | **87757** |
| **1913** | **3616** | **11251** | **40890** | **96418** |
| **1953** | **4855** | **14187** | **45700** | **96419** |
| **2003** | **4857** | **15104** | **45702** | **103377** |
| **2010** | **4859** | **15139** | **48168** | **103378** |
| **2011** | **5646** | **17480** | **58317** | **4858** |
| **2394** | **5646** | **18860** | **58370** | **4860** |
| **2403** | **5648** | **18873** | **67267** | |
| **2433** | **5655** | **22872** | **67286** | |
| **2597** | **6432** | **22873** | **67293** | |
| **2840** | **6434** | **22874** | **73585** | |
| **2885** | **6823** | **23388** | **73607** | |