IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: August 12, 2021<br>At 10:00a.m. (ET)<br><br>Supplemental Objection Deadline:<br>August 16, 2021 at 4:00 p.m. (ET) |

**KNIGHTS OF COLUMBUS' SUPPLEMENTAL OBJECTION
TO THE ADEQUACY OF DEBTOR'S AMENDED DISCLOSURE
STATEMENT FOR THE FOURTH AMENDED CHAPTER 11 PLAN OF
REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

The Knights of Columbus, 1 Columbus Plaza, New Haven, CT 06510; Knights of Columbus, Council #462 ("Council #462"); Knights of Columbus, Saratoga Council #246 a/k/a Saratoga Knights of Columbus ("Council #246"); and Knights of Columbus, Father Baker Council #2243 ("Father Baker Council")[1], as well as any and all other Knights of Columbus councils, and/or entities (collectively the "Knights of Columbus Entities"), by and through their undersigned counsel, hereby object to the sufficiency and adequacy of the Debtor's Proposed Amended Disclosure Statement for the Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [D.I. # 5486] (hereinafter the "Proposed Amendments").

**PRELIMINARY STATEMENT**

The Knights of Columbus has been recognized by the Boy Scouts of America ("BSA") as a "National Charter Organization" for many years. The Knights of Columbus and its local councils served as chartered organizations to the BSA since 1923 through 2015. Up until 2015,

1

approximately 1,300 local and international councils entered into Charter Agreements with the BSA to provide support to local BSA councils. In the Charter Agreements, the BSA and its local councils agreed to provide general liability insurance to cover the Knights of Columbus Entities, the Knights of Columbus board, officers, COR, employees, and scouting members and volunteers for authorized Scouting activities, and to indemnify the Knights of Columbus Entities in accordance with the resolutions and policies of the National Executive Board of the Boys Scouts of America.

To date, the Knights of Columbus Entities are aware of four pending lawsuits that arise out of alleged sexual abuse claims against the BSA and require the BSA to indemnify and/or defend the Knights of Columbus Entities. The pending claims, as currently known, are as follows: *Janczyk v. Greater Niagara Frontier Council, Inc., Boy Scouts of America et al.*, (New York State Supreme Court, Erie County, Index No. 806672/2020); *Kaminski v. Boy Scouts of America et al.*, (New York Supreme Court, Erie County, Index No. 814562/2020); *Doe v. Twin Rivers Council, Inc. Boy Scouts of America et al.*, (New York State Supreme Court, Albany County, Index No. 905026-20); and *Paul Tallerico v. Boy Scouts of America et al.*, (New York State Supreme Court, Westchester County, Index No. 57298/2020). The Knights of Columbus Entities and its other related entities and councils are entitled to indemnification and/or defense for the above lawsuits, or any subsequent lawsuits, from the Debtors and/or insurance carriers that issued policies to the Debtors on which the Knights of Columbus Entities were additional named insureds.

Accordingly, the Knights of Columbus Entities hold multiple "indirect abuse claims" (as defined in the Disclosure Statement) against BSA and Delaware BSA, LLC (collectively, "Debtors"). The Knights of Columbus Entities and its local councils seek, and are entitled to, indemnification and/or defense for all current and future claims and lawsuits brought against the

Knights of Columbus and its local councils, which arise out of alleged sexual abuse claims against the Debtors.

On February 18, 2021, the Debtors filed for protection from creditors under Chapter 11 of the United States Bankruptcy Code. On that date, the Debtors also filed a proposed Chapter 11 plan [D.I. #20] and a proposed disclosure statement [D.I. # 21]. On March 1, 2021, the Debtors filed the first Amended Chapter 11 Plan of Reorganization [D.I. # 2293] and the Disclosure Statement for the Amended Chapter 11 Plan [D.I. # 2294]. On April 13, 2021, the Debtors filed the Second Amended Chapter 11 Plan [D.I. #2592] and the Disclosure Statement for Second Amended Chapter 11 Plan [D.I. #2594].

On May 6, 2021, the Knights of Columbus Entities filed an Objection to the Adequacy of the Debtor's Disclosure Statement in Support of Amended Chapter 11 Plan of Reorganization [D.I. # 3270].

On, or about June 17, 2021, the Debtors filed the Third Amended Chapter 11 Plan [D.I. # 5368] and Proposed Amendments to Disclosure Statement for the Third Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [D.I. # 5371]. On July 2, 2021, the Debtors filed the Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [D.I. # 5484] (hereinafter the "Fourth Amended Plan"). Also on July 2, the Debtors filed the Amended Disclosure Statement for the Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [D.I. # 5485] (hereinafter the "Amended Disclosure Statement").

A hearing to consider the approval of the Disclosure Statement has been scheduled for 10:00am on August 25, 2021, and the deadline to file an objection to the approval of the Disclosure Statement has been set for 4:00pm on August 16, 2021 [D.I. # 5527].

**OBJECTION**

1. <u>The Amended Disclosure Statement Does Not Provide Adequate Information for Chartered Organizations, Such as the Knights of Columbus Entities, to Make An Informed Decision.</u>

Pursuant to Section 1125(b), after commencement of a Chapter 11 a Debtor (or other plan proponent) may not solicit acceptance (or rejection) of a plan from the holder of a claim or interest unless at that time, or before, a disclosure statement has been provided that the Court has approved as containing "adequate information."

Pursuant to 11 U.S.C. § 1125(a)(1).

> [A]dequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

Accordingly, a disclosure statement must contain adequate information to enable a hypothetical investor to make an informed judgment about the plan to which the disclosure statement relates. As the Third Circuit Court of Appeals wrote in *Krystal's Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors*, 337 F.3d 314, 321 (3d Cir. 2003):

> Under 11 U.S.C. § 1125(b), a party seeking chapter 11 bankruptcy protection has an affirmative duty to provide creditors with a disclosure statement containing "adequate information" to "enable a creditor to make `an informed judgment' about the Plan."

Noting that disclosure is "the pivotal concept in reorganization of a Chapter 11 debtor," the *Krystal* decision went on to hold that "the importance of full disclosure is underlaid by the

reliance placed upon the disclosure statement by creditors and the court" and that "we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of adequate information." *Id.*, at 322 (quoting *Oneida Motor Freight v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988).  *See also*, *Ryan Ops. G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996).

In the case at hand, the Amended Disclosure Statement describes the Fourth Amended Plan as providing "the framework for global resolution of Abuse Claims against the Debtors, Related Non-Debtor Entities, and Local Councils, as well as any Contributing Chartered Organizations, and Settling Insurance Companies, that may make contribution to the Settlement Trust for the benefit of [Abuse Survivors]."   The Amended Disclosure Statement proclaims that "the plan has been designed to maximize and expedite recoveries to Abuse Survivors." [D.I. No. 5485, page 6].

According to the Amended Disclosure Statement, the Fourth Amended Chapter 11 Plan incorporates provisions of the Restructuring Support Agreement related to contributions from, *inter alia*, contributing Settling Insurance Companies and "Contributing Chartered Organizations," and obtaining the "benefits of the Channeling Injunction." [D.I. #5485, pages 15-16].

The Disclosure Statement further provides for:

> The assignment and transfer to the Settlement Trust of all of the insurance rights of all of the BSA, Local Councils and Contributing Chartered Organizations under insurance policies of the Debtors, Local Councils and Contributing Chartered Organizations, thereby providing the potential for substantial insurance recoveries to holders of Direct Abuse Claims. [D.I. #5485, page 17].

Unfortunately, the Amended Disclosure Statement fails to disclose how a Chartered Organization might become a Contributing Charter Organization, what the cost might be (if any), or how becoming a Contributing Charter Organization would impact a Charter Organization's

right to indemnification and/or defense under applicable insurance policies. The Amended Disclosure Statement provides merely that:

> The Debtors shall work in good faith with other parties involved in these Chapter 11 Cases to develop a protocol for addressing participation by Chartered Organizations in the benefits of the Channeling Injunction. [D.I. #5485, page 17].

The Amended Disclosure Statement describes the existence of "[a] mechanism by which Insurance Companies may enter into Insurance Settlement Agreements and provide sum-certain contributions to the Settlement Trust in exchange for being included as a Protected Party under the plan. . . ."

The Amended Disclosure Statement fails to adequately disclose whether the contemplated mechanism "by which Insurance Companies may . . . [be] included as a Protected Party . . ." would deprive Charter Organizations, such as Knights of Columbus Entities, from the insurance protection for which they bargained.

A number of "coverage defenses" have been raised, including claims by some insurers that pursuing Chapter 11 reorganization to address liability for abuse and negotiating a proposed settlement without prior insurer approval results in a forfeiture of coverage. The Amended Disclosure Statement provides no discussion of how confirmation of the Fourth Amended Plan would impact Charter Organization's right to insurance coverage should it become a "Contributing Charter Organization."

With regard to the "coverage defense" issue of whether Chapter 11 proceedings constitute a forfeiture, *In re Combustion Engineering, Inc.*, 391 F/3d 190, 218 (3d Cir. 2004) holds that bankruptcy law preempts state law and overrides anti-assignment provisions within a debtor's insurance policies. However, on information and belief, the insurers continue to challenge the

federal law preemption as to non-debtor participants. Each Contributing Charter Organization would be a non-debtor participant.

The amorphous nature of the Fourth Amended Plan and the Amended Disclosure Statement is belied by the description of the Debtors hope toward resolutions:

> With respect to Chartered Organizations and Settling Insurance Companies, the Debtors and Supporting Parties are committed to working with both groups to increase participation and contributions to the Settlement Trust, and will work in good faith with other parties involved in these Chapter 11 Cases to develop a protocol for addressing participation by Chartered Organizations in the benefits of the Channeling Injunction. When any Chartered Organization agrees to a settlement, the Debtors will file a notice on the bankruptcy case docket for distribution to any party that has requested notice pursuant to Bankruptcy Rule 2002 stating the name of the Contributing Chartered Organization and the amount of its contribution. [D.I. # 5485, page 19]

The Knights of Columbus Entities support the laudable goal of maximizing and expediting recoveries to Abuse Survivors. Unfortunately, the Amended Disclosure Statement fails to disclose how confirmation of the Plan would impact the rights and potential liabilities of Charter Organizations, like the Knights of Columbus Entities, including their right to indemnification and/or defense. Accordingly, the Amended Disclosure Statement does not contain adequate information to enable the Knights of Columbus Entities or other Charter Organization creditors to make an informed judgment about the Plan.

Without adequate information, Charter Organizations, such as Knights of Columbus Entities, are unable to evaluate whether the voting confirmation for the Fourth Amended Plan and the proposed process would be in their best interest, or even consistent with their missions.

## **CONCLUSION**

The Knights of Columbus Entities is a Charter Organization that is a creditor of the Debtors. The Amended Disclosure Statement does not contain adequate information for Charter Organizations, including the Knights of Columbus Entities, to make an informed judgment about

the Plan. The Court should order the Debtors to modify the Amended Disclosure Statement and the Fourth Amended Plan so that there is adequate disclosure of the procedures related to the proposed channeling injunction and how participation by a Charter Organization would impact "coverage defenses" related to indemnification and/or defense of any Contributing Charter Organization.

|  | **BERGER HARRIS LLP** |
|---|---|
| Samantha M. Oliveira<br>Saxe Doernberger & Vita, P.C.<br>35 Nutmeg Drive, Suite 140<br>Trumbull, CT 06611<br>(203) 287-2100<br>(203) 287-8847 Facsimile<br>soliveira@sdvlaw.com<br><br>Myles H. Alderman, Jr.<br>Alderman & Alderman, LLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(860) 249-0090<br>(860) 969-0615 Facsimile<br>myles.alderman@alderman.com<br><br>Dated: August 16, 2021<br>Wilmington, Delaware | */s/ David J. Baldwin*<br>David J. Baldwin (No. 1010)<br>Peter C. McGivney (No. 5779)<br>1105 North Market Street, 11th Fl.<br>Wilmington, DE 19801<br>(302) 655-1140<br>(302) 655-1131 Facsimile<br>dbaldwin@bergerharris.com<br>pmcgivney@bergerharris.com<br><br>*Attorneys for Knights of Columbus Entities* |