# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>                        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 2592 and 2594** |

### OBJECTION TO THE ADEQUACY OF AMENDED DISCLOSURE STATEMENT FOR DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION

On May 6, 2021, the nearly 1,800 claimants represented by Zuckerman Spaeder LLP, individually or jointly with other firms (collectively, the "Zuckerman Claimants"), filed an objection to the disclosure statement for the Second Amended Plan. Dkt. No. 3277. The Zuckerman Claimants re-assert and restate the facts, legal arguments, and objections made in their prior objection.

On July 2, 2021, Debtors filed a Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (Dkt. No. 5485) ("the Fourth Amended Plan"), and am Amended Disclosure Statement for the Plan ("the Disclosure Statement") (Dkt. No. 5484). Pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3017, the Zuckerman Claimants[1] hereby object to the adequacy of the Disclosure Statement and join the objection of the Tort Claimants Committee ("TCC").

---

[1] *See* attached Appendix A, which lists the Sexual Abuse Survivor Proof of Claim numbers for the Zuckerman Claimants.

7891472.1

1.  **Legal Standard.** A chapter 11 debtor may only solicit votes to accept or reject a chapter 11 plan of reorganization once the court has approved the debtor's written disclosure statement for that plan as containing "adequate information." 11 U.S.C. § 1125(b).

2.  The Bankruptcy Code defines "adequate information" as:

    > Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan.

    11 U.S.C. § 1125(a)(1).

3.  The Third Circuit has emphasized the importance of adequate disclosure, stating that given the reliance creditors and bankruptcy courts place on disclosure statements, "we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of adequate information." In re Oneida Motor Freight, Inc., 848 F.2d 414, 417 (3d Cir. 1988).

4.  The purpose of the disclosure statement is to give creditors enough information so that they can make an informed choice of whether to approve or reject the debtor's plan. In re Duratech Indus., 241 B.R. 291, 298 (Bankr. E.D.N.Y. 1999), aff'd, 241 B.R. 283 (E.D.N.Y. 1999).

    Under this standard, the Disclosure Statement suffers from at least two important deficiencies:

5.  **Inadequate disclosure relating to insurance**. The Fourth Amended Plan contemplates that Debtors would assign certain insurance policies to the compensation trust to be made available to pay abuse claims. However, the payment of abuse claims from the

Settlement Trust will be subject to the right of any Non-Settling Insurance Company to "raise any valid Insurance Coverage Defense." D.E. 5485 at 113. The Disclosure Statement fails to discuss those defenses or provide any assessment of the risks that insurers' defenses or other coverage positions as to Debtors' and non-debtors' policies could effectively erase billions of dollars that would otherwise be available for child sexual abuse claims. The Disclosure Statement similarly fails to discuss any risks associated with the proposed assignment of insurance policies to a trust, including risks associated with the anti-assignment clauses in such policies, and any risks that the proposed insurance provisions would effectively cap the insurers' contributions or that the Trust Distribution Procedures would not be binding on the insurers. The Disclosure Statement basically assumes that the insurance policies have actual value for the abuse survivors but provides inadequate basis for that assumption.

6. **Inadequate disclosure relating to local council and sponsoring organization contributions.** The Zuckerman Claimants object to the adequacy of the Disclosure Statement because it fails to explain what monetary contribution each of the non-debtor parties—local councils and chartered organizations—will make in exchange for a release. BSA has repeatedly promised to provide this important information, at least as to local councils, but has not yet done so.

7. The local councils and chartered organizations face substantial liability. In addition to BSA, a local council was responsible for all Scouting units in its geographic region, including handling and processing complaints against Scout leaders for allegedly sexually abusing children and ensuring that each Scouting unit abided by policies and procedures to protect children from foreseeable harm. Local councils neglected to protect the children in their care from foreseeable harm. Zuckerman Claimants have already initiated suits against local

councils in Hawaii, Montana, Arizona, South Carolina, and New York. Hundreds of additional Zuckerman Claimants will file suit against many more local councils this year alone.

8.  The chartered organization was responsible for staffing and supervising the adult volunteers of a Scouting unit, like a Boy Scout Troop or Cub Scout Pack, and also neglected to protect the child members of a Scouting unit from foreseeable harm. The leaders of the chartered organization, including the Scout leaders whom the chartered organization appointed to oversee its Scouting unit(s), neglected to take steps to protect the children from sexual abuse, in many instances after receiving complaints or other indications that another Scout leader was sexually abusing children in the Scouting unit.

9.  The local councils and chartered organizations, individually and collectively, have substantial assets that are available to compensate abuse survivors, including the Zuckerman Claimants. The Disclosure Statement fails to provide critically important information about how much each local council will contribute. Nor does it provide any information about what any chartered organization may contribute.

10. **Conclusion**. For the foregoing reasons, the Court should order Debtors to amend the Disclosure Statement to provide essential information about the risks associated with the contemplated approach to BSA and local council insurance policies, and about the amounts that any local council and sponsoring organization will contribute in exchange for the proposed release.

Dated: August 16, 2021

Respectfully submitted,

ZUCKERMAN SPAEDER LLP
Carl S. Kravitz, Esq.
Andrew N. Goldfarb, Esq,
Nicholas M. DiCarlo, Esq.
1800 M Street, NW, Suite 1800
Washington, DC 20036
Ph: 202-778-1800
Fax: 202-822-8106
ckravitz@zuckerman.com
agoldfarb@zuckerman.com
ndicarlo@zuckerman.com

*Counsel to the Zuckerman Claimants*

-and-

LANDIS RATH & COBB LLP

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, DE 19899
Ph: 302-467-4410
Fax: 302-467-4450
landis@lrclaw.com
mcguire@lrclaw.com

*Counsel to Zuckerman Spaeder LLP*

7891472.1