# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>                              Debtors | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**August 17, 2021, 12:00 p.m. (ET)**<br>**Hearing Date:  August 25, 2021, 10:00 a.m. (ET)**<br><br>**Ref. No. 2295, 5485** |

## CERTAIN EXCESS INSURERS' SUPPLEMENTAL OBJECTION
## TO DEBTORS' DISCLOSURE STATEMENT FOR
## FOURTH AMENDED CHAPTER 11 PLAN
## OF REORGANIZATION AND JOINDER

Great American Assurance Company, f/k/a Agricultural Insurance Company, Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company, and Great American E&S Insurance Company, along with American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, "Certain Excess Insurers") hereby object to:  (i) approval of the Debtors' *Disclosure Statement for the Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* filed on July 2, 2021 [Docket No. 5485] (the "Disclosure Statement") describing the Debtors' *Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* also filed on July 2, 2021 [Docket No. 5484] (the "Plan"), and (ii) the *Debtor's Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III)*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* filed on March 2, 2021 [Docket No. 2295] (the "Solicitation Motion"). In support thereof, Certain Excess Insurers respectfully state as follows:

1. The Disclosure Statement cannot be approved under section 1125(b) of the Bankruptcy Code because it does not contain "adequate information," defined in section 1125(a) as "information of a kind, and in sufficient detail … that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan." *See* 11 U.S.C. § 1125. In making this determination, the Court "cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard." *Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988).

2. Numerous other objections, including *Certain Insurers' Superseding Objections to the Disclosure Statement for Debtors' Fourth Amended Plan* (8/17/21), set forth in detail how the Disclosure Statement is insufficient and affirmatively and materially misleading in many ways. Certain Excess Insurers will not repeat the myriad ways in which the Disclosure Statement fails the test of adequacy set forth in other objections, but Certain Excess Insurers join in objections to, and reserve the right to be heard regarding all aspects of, the Disclosure Statement's inadequacy. A materially misleading disclosure statement is inherently inadequate and cannot be approved for solicitation.

3. Objections by other parties in interest, including *Certain Insurers' Supplemental Objection to Motion for Approval of Debtors' Disclosure Statement* (8/17/21), explain that a confirmation hearing on the pending Plan would be futile in these cases, warranting denial of

Disclosure Statement approval at this stage. *See In re Am. Cap. Equip., LLC* ("*Skinner II*"), 688 F.3d 145, 154 (3d Cir. 2012) (holding "that a bankruptcy court may address the issue of plan confirmation where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile… .").

4. As in *Skinner II*, the Plan "sets up a system in which [the debtor] would be ̶financially incentivized to sabotage its own defense.'" *Id.* at 158 (citation omitted). The Debtors have postured themselves in these cases hoping to meet the numerosity requirement for acceptance of the Plan and issuance of a channeling injunction by relying on approval from a vast swath of claimants with dubious or invalid claims. To gain these votes from holders of non-compensable claims, the Debtors promise each voter no less than $3,500 – no proof needed; no questions asked. That's more than twice the $1,500 promised in earlier iterations of the Plan, which was already many times larger than convenience class distributions in other mass tort cases. This inflated compensation and vote-buying scheme plainly violates bankruptcy and other applicable law. Given the Plan's fundamental flaws, it would waste significant time and substantial resources of the parties, including Certain Excess Insurers, to approve the Disclosure Statement, send out the Plan for balloting, conduct confirmation-related discovery, and hold a confirmation hearing.

5. The Disclosure Statement should explain this dynamic and that such a Plan should not be confirmed. *See In re Glob. Indus. Techs, Inc.* ("*GIT*"), 645 F.3d 201, 214 (3d Cir. 2011) (reversing confirmation order and remanding based on "the Plan-triggered explosion of new claims" and the attendant "investigative burden of finding any meritorious suits in the haystack of potentially fraudulent ones.").

6. Additionally, Certain Excess Insurers object to the Debtors valuing every vote (including fraudulent, invalid, barred, or dubious claims) at $1.00 per vote. In cases such as these,

involving large numbers of dubious claims, the Debtors should ensure as far as possible that only holders of valid claims vote on the Plan at appropriate values. *See In re Quigley Co.*, 346 B.R. 647, 658 (Bankr. S.D.N.Y. 2006) (requiring temporary allowance for voting purposes that "ensures voting power commensurate with the economic interests and economic realities of the case"). Assigning an equal vote to every claim, on these facts, fails this test. *Cf. GIT*, 645 F.3d at 213-14 (3d Cir. 2011) (noting that "the plan's creation of the APG Silica Trust led to a manifold increase in silica-related claims" from 169 prepetition to over 4,600 postpetition). Accordingly, pursuing the type of information sought by *Hartford & Century's Motion for an Order (I) Authorizing Certain Rule 2004 Discovery and (II) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections* [Docket No. 1971] and *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* [Docket No. 1974] would be more useful than pursuing confirmation of the Debtors' ill-fated Plan.

WHEREFORE, Certain Excess Insurers respectfully request entry of an order denying approval of the Disclosure Statement; denying the Solicitation Motion; declining to set a confirmation hearing on the Plan or deadlines for confirmation-related discovery; and for such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: August 17, 2021<br>Wilmington, DE | Respectfully submitted,<br><br>BODELL BOVÉ, LLC<br><br>/s/ Bruce W. McCullough<br>Bruce W. McCullough (Del. ID 3112)<br>1225 N. King Street, Suite 1000<br>Wilmington, DE 19801-3250<br>Telephone:  (302) 655-6749<br>Facsimile:  (302) 655-6827<br>E-mail:  bmccullough@bodellbove.com<br><br>CLYDE & CO US LLP<br>Bruce D. Celebrezze (pro hac vice)<br>Four Embarcadero Center, Suite 1350<br>San Francisco, California 94111<br>Telephone:  (415) 365-9800<br>Facsimile:  (415) 365-9801<br>E-mail:  bruce.celebrezze@clydeco.us<br><br>Konrad R. Krebs (pro hac vice)<br>200 Campus Drive \| Suite 300<br>Florham Park, NJ 07932<br>Telephone:  (973) 210-6700<br>Facsimile:  (973) 210-6701<br>E-mail:  konrad.krebs@clydeco.us<br><br>DAVID CHRISTIAN ATTORNEYS LLC<br>David Christian (pro hac vice)<br>105 W. Madison St., Suite 1400<br>Chicago, IL 60602<br>Telephone:  (862) 362-8605<br>E-mail:  dchristian@dca.law<br><br>*Attorneys for Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company* |

TYBOUT, REDFEARN & PELL
Robert D. Cecil, Jr. (No. 5317)
750 Shipyard Drive, Suite 400
Wilmington, DE 19899-2092
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

CROWELL & MORING LLP
Mark D. Plevin (pro hac vice)
Kevin D. Cacabelos (pro hac vice)
Three Embarcadero Center, 26th Floor
San Francisco, CA 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com,
kcacabelos@crowell.com

Clifford J. Zatz (pro hac vice)
Tacie H. Yoon (pro hac vice)
Rachel A. Jankowski (pro hac vice)
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
E-mail: czatz@crowell.com, tyoon@crowell.com,
rjankowski@crowell.com

*Attorneys for American Zurich Insurance Company,
American Guarantee and Liability Insurance Company,
and Steadfast Insurance Company*