# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF RACHEL ROSENBLATT ON BEHALF OF ORDINARY COURSE PROFESSIONAL FTI CONSULTING, INC.

Pursuant to 28 U.S.C. § 1746, I, Rachel Rosenblatt, declare as follows:

1. I am a Senior Managing Director with FTI Consulting (SC), Inc. ("FTI SC"), located at 555 12th Street, NW, Suite 700, Washington, DC 20004. FTI SC is a wholly-owned subsidiary of FTI Consulting, Inc. ("FTI").

2. I submit this declaration (the "Supplemental Declaration") to supplement my original declaration [Docket No. 1025] (the "Original Declaration"), which was filed on July 16, 2020 in accordance with the Court's *Order Authorizing the Debtors to Employ and Compensate Professionals Used in the Ordinary Course of Business,* Nunc Pro Tune *to the Petition Date* [Docket No. 354] (the "OCP Order"). This Supplemental Declaration does not replace anything in the Original Declaration except as expressly set forth herein. Unless otherwise noted, I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently hereto.[2]

3. Pursuant to the OCP Order, the Debtors have engaged FTI to provide certain

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

services, including public relations, media relations, communications, and related support (the "FTI Debtor Engagement").

4. As noted in the Original Declaration, it is FTI's policy and intent to update its ongoing relationship search during these proceedings. To this end, I wanted to disclose that FTI Consulting Technology LLC ("FTI Technology"), a wholly-owned subsidiary of FTI that provides technology-related and other e-discovery services, has been engaged by Zurich American Insurance Company to provide e-discovery services, including document collection, processing, and Relativity hosting in connection with the Debtors' chapter 11 cases (the "FTI Technology Engagement"). I understand that Zurich American Insurance Company is a party in interest in these chapter 11 cases. The services to be provided under the FTI Technology Engagement are non-advisory in nature and do not include making any assessment regarding (i) claims asserted in the Debtors' chapter 11 cases, including their validity or value or (ii) any filing made by, or position taken by, any party in the Debtors' chapter 11 cases.

5. Pursuant to FTI's standard policies, ethical walls have been implemented between the professionals on the FTI Debtor Engagement (the "FTI Debtor Professionals") and the professionals on the FTI Technology Engagement (the "FTI Technology Professionals") to ensure that all non-public information is kept confidential. Specifically, FTI has established and will maintain the following internal procedures: (i) each FTI Debtor Professional and each FTI Technology Professional shall acknowledge in writing that he or she may receive certain nonpublic information and that he or she is aware of the ethical wall in effect and is obligated to follow the ethical wall procedures summarized herein, including the prohibition referenced in the following clause (ii); (ii) FTI Debtor Professionals will not directly or indirectly share any nonpublic information generated by, received from or relating to the Debtors with FTI

Technology Professionals, and FTI Technology Professionals will not directly or indirectly share any nonpublic information generated by, received from or relating to the FTI Technology Engagement with FTI Debtor Professionals, except that the communication of publicly-available information shall not be presumed to be a breach of the obligations of FTI or any FTI Debtor Professionals or FTI Technology Professionals under such ethical wall procedures; (iii) FTI has established electronic internal security walls to ensure that only FTI Debtor Professionals have access to the information, databases, e-mails, schedules or any other information relating to the FTI Debtor Engagement and that only FTI Technology Professionals have access to the information, databases, e-mails, schedules or any other information relating to the FTI Technology Engagement; (iv) FTI shall periodically monitor, consistent with its ordinary course compliance practice, communications through electronic means by FTI Debtor Professionals and FTI Technology Professionals to ensure that such exchanges are performed in a manner consistent with the ethical wall procedures; and (v) FTI shall immediately disclose to the Debtors' counsel and the Office of the United States Trustee any material breaches of the ethical wall procedures described herein. If FTI ceases to act as advisor to the Debtors, it will continue to follow the procedures set forth above for the duration of the Debtors' chapter 11 cases.

6. As such, to the best of my knowledge, FTI continues to not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which FTI is employed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 24, 2021                                                   /s/ Rachel Rosenblatt
       Washington, DC                                                Rachel Rosenblatt