

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA CM/ECF**

August 25, 2021

The Honorable Laurie S. Silverstein
U.S. Bankruptcy Court
824 N. Market Street, 6th Floor
Wilmington, DE 19801

          **Re: <u>In re: Boy Scouts of America et al., Case No. 20-10343 (LSS)</u>**

Dear Judge Silverstein:

      We write on behalf of Century Indemnity Company ("Century") and its indirect parent company, Chubb Group Holdings, Inc. ("Chubb") in response to the August 20, 2021 [Docket No. 6102] of the Committee for Tort Claimants (the "TCC"). The TCC's letter asks the Court to address July 30, 2021 [Docket No. 5835], and May 26, 2021 [Docket No. 5057] letters of the Coalition for Abused Scouts for Justice (the "Coalition"), the TCC, and the Future Claimants Representative (together, "Claimants") seeking to compel Century and Chubb to produce additional documents relating to their financial condition and corporate transactions approved by the Pennsylvania Department of Insurance more than 25 years ago.

      Claimants' discovery requests, which Claimants have neglected to submit to the Court with any of their three letters, were served months ago in connection with motions that have since been withdrawn or superseded by other developments in these chapter 11 cases. Century and Chubb appropriately objected to these requests, which were served in an obvious attempt to determine the amount that they were willing to pay in settlement to the Boy Scouts, rather than in service of a legitimate discovery purpose. (Indeed, an interrogatory served by the Coalition explicitly asked Century to "Identify the maximum amount that Century can pay for any Century Settlement."). Despite their well-founded objections, however, Century and Chubb provided detailed interrogatory responses and produced eight boxes of documents, including ten years' worth of financial statements and orders approving the 25-year old transaction. Claimants are not entitled to more, especially since their requests are moot. For these reasons, and others discussed below, the Claimants' letter application should be denied.

      I.      Background

      On April 23, 2021 and May 11, 2021, Claimants served Century and Chubb with document requests and interrogatories in connection with then-pending motions to (i) approve the now-withdrawn Second Amended Plan and Disclosure Statement [Docket Nos. 2295, 2592], (ii) authorize an Estimation of Current and Future Abuse Claims (the "Estimation Motion") [Docket No. 2391], and (iii) establish and approve solicitation procedures and deadlines for approval and confirmation [Docket No. 2726]. At the time, the Claimants opposed the Second Amended Plan and argued that the Estimation Motion was necessary to evaluate the Debtors' aggregate liability for Abuse Claims for the confirmation of any plan of reorganization.

On July 1, the Debtors announced that they entered into a Restructuring Support Agreement with the Claimants [Docket No. 5466]. Pursuant to the RSA, on July 2, the Debtors filed a Fourth Amended Plan and related Disclosure Statement [Docket Nos. 5484, 5485] superseding the Second Amended Plan. The Claimants agreed in the RSA to support confirmation of the Fourth Amended Plan and to stay the Estimation Motion. (RSA § IV.B(ii), (iv)).

The Claimants did not pursue their now moot discovery about Century's financial condition following their entry into the RSA or in the run-up to the hearing on the RSA. The Coalition's counsel filed its second letter with the Court on the Friday (July 30) after the RSA motion was to be heard but coincidentally right before the mediation scheduled for the following week. The Coalition's founder, Tim Kosnoff, then tweeted the letter to the press quoting from the unattributed assertions in the letter as fact. The Claimants filed their third letter the day after the Court issued its ruling on the RSA motion, again with further mediation sessions scheduled.

Despite the filing of the RSA and the Court's ruling on the RSA motion, the TCC, again in the midst of mediation discussions, again seeks to pursue stale discovery about Century's financial condition and ability to pay insurance claims of the BSA, coverage defenses, and documents related to the 1996 Restructuring of the Insurance Company of North America ("INA") (the "1996 Restructuring"). As background, INA issued various insurance policies to the BSA in the 1970s and 1980s. In 1996, INA divided into two companies—INA and CCI Insurance Company ("CCI")—in a transaction approved by the Pennsylvania Department of Insurance. CCI then merged with Century, which is the legal successor to the liabilities associated with certain legacy policies issued before December 31, 1995. After public hearings and extensive review, the Pennsylvania Department of Insurance issued a 65-page order approving the division and restructuring. Decision & Order, In Re Plan of Restructuring of INA Fin. Corp., Bankers Standard Ins. Co., et al., Docket No. MS95-10-056 (Feb. 7, 1996) (attached hereto as Exhibit A). The Pennsylvania Supreme Court rejected challenges to the Department of Insurance's Approval Order. LaFarge Corp., et al. v. Pa. Dep't of Ins., 557 Pa. 544 (1999). Today, Chubb is Century's indirect corporate parent. Chubb is not an insurance company and never insured any entity in this case.

Despite the objectionable nature of Claimants' requests, Century and Chubb provided detailed interrogatory responses and produced on a rolling basis a variety of non-confidential documents related to the 1996 Restructuring, as well as their financial status. All told, Chubb and Century have provided Claimants eight boxes of documents, including ten years' worth of financial statements for both Chubb and Century and documents about the 1996 Restructuring, including the orders issued by the Pennsylvania Department and several other insurance departments approving it.

II. Claimants' Requests Are Moot

As a threshold matter, the Court should deny Claimants' letter request, because, with the filing of the RSA and Fourth Amended Plan (and the Court's ruling on the RSA motion), their discovery requests are moot. Under Federal Rule of Bankruptcy Procedure 9014(c), Claimants are only entitled to discovery if there is a "contested matter." A "contested matter" is one in which there is an "actual dispute" between the parties. See Fed. R. Bankr. Proc. 9014 Adv. Comm. Notes. Here, there is no "contested matter" because the RSA has superseded the

motions that Claimants claim entitled them to discovery in the first place: the Estimation Motion they agreed to stay and the request to confirm the Second Amended Plan, which they opposed. Because, there is no "contested matter," Claimants have no right to seek further discovery from Century or Chubb.

Even if there were a pending contested matter relating to the Second Amended Plan or the Estimation Motion, the Court should still reject Claimants' requests as irrelevant. Claimants argue that they need additional information from Century and Chubb in order to evaluate the RSA and the risks relating to the Hartford Settlement Agreement. This argument does not withstand scrutiny. Claimants signed on to the RSA and the Fourth Amended Plan without requiring any insurer settlements or any assurance of collections, electing to take the full risk of no insurance recoveries. Indeed, at the behest of several insurers, the current draft of the Disclosure Statement (which, again, Claimants support and have argued should be approved) contains extensive risk factor disclosures around the possibility that recoveries from insurers may be limited, including based on the financial limitations of some of the Debtors' insurers. (Disclosure Statement at 226–28.) Claimants should not be permitted to obtain discovery on a stale plan and stayed motion to evaluate the risks associated with transactions they voluntarily agreed to support.

Moreover, to the extent Claimants argue that the discovery is necessary due to the "most favored nations" clause in the Hartford Settlement Agreement, pursuant to the RSA, the Debtors essentially repudiated the Hartford Settlement Agreement. Indeed, the Disclosure Statement expressly states that the Fourth Amended Plan is not confirmable with the Hartford Settlement Agreement included. (Disclosure Statement at 90-92.)

III. The Court Should Reject Claimants' Belated Requests to Compel

Substantively, the requests for information about Chubb and Century's financial wherewithal are outside the bounds of permissible discovery. Requests 15 and 16 of the Claimants' May 23, 2021 First Request for Production of Documents ask for "Documents sufficient to show [Century's and Chubb's] ability to satisfy its obligations under any Insurance Policies that the Debtors are proposing to contribute to the Settlement Trust under the Plan." Even if Century and Chubb were parties to a contested matter, these requests concerning Century's ability to pay would be inappropriate. See, e.g., Pinkert v. John J. Olivieri, P.A., No. CIV. A. 99–380–SLR, 2001 WL 641737, *7 (D. Del. 2001) (granting protective order against discovery of Defendant's financial status) (citing McCurdy v. Wedgewood Capital Mgmt. Co., No. 97-4034 1998 WL 964185, at *10 (E.D. Pa. Nov. 16, 1998) ("Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence'")). In addition, as noted above, Chubb is not an insurer and could have no "obligations under any Insurance Policies" issued to the Debtors. Claimants have not made, and cannot make, any showing that Chubb's financial condition is relevant.

Moreover, Century has satisfied any obligation to respond to the requests. The eight box document production and Chubb and Century's interrogatory responses provide Claimants with ample information to understand Chubb's and Century's financial condition and the 1996 Restructuring. As to Claimants' complaint that the documents produced by Chubb and Century are public documents, that is of no moment. Chubb is a publicly-traded company; its financial

statements are, of course, a matter of public record. As a regulated insurance company, Century's statutory financial statements are public as well. Nothing requires that non-public material be produced when public material is responsive and proportionate to the needs of the case. See, e.g., Graco, Inc. v. PMC Global, Inc., No. 08–1304 (FLW), 2011 WL 1114233, at *43 (D.N.J. Mar. 24, 2011) (holding that Plaintiff's production of publicly-filed 10-Ks and 10-Qs sufficiently responded to Defendant's request for financial information and no supplemental production was required); In re U.S. Healthcare, Inc. Sec. Litig., No. 88–0559, 1989 WL 11068, at *2 (E.D. Pa. Feb. 8, 1989) (refusing to compel production of drafts and memoranda related to public disclosure statements, noting that "the only discoverable information is that which is contained in the publicly filed documents").

Requiring Century and Chubb to supplement its production is not merited. "It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." Zukoski v. Phil. Elec. Co., No. Nov. 14, 1994) (citing Laxalt v. McClatchy, 116 F.R.D. 455, 458 (D. Nev. 1986)). Claimants' assertion that these 25-year-old documents will help them to "determine for themselves which Chubb entities are liable for Abuse Claims," Claimants' 5/26/21 Letter at 2, Docket No. 5057, confirms that the requests are nothing more than a fishing expedition. Claimants have received the Order issued by the Pennsylvania Department of Insurance, the approval orders of seven additional insurance departments, and additional information about the Restructuring disclosed in SEC filings. They have adequate materials to answer questions they have about the Restructuring and its impact on their current interests.

The request for additional documents should also be denied because Claimants waited too long to seek relief from this Court. See In re Blanchard, 547 B.R. 347, 361 (Bankr. C.D. Cal. 2016) (denying claimant's request for additional discovery, because she had sufficient time to conduct discovery, further delay in resolving the matter would prejudice other parties, and claimant failed to explain how additional discovery would resolve factual issues). Century and Chubb responded to the Claimants' discovery months ago and produced responsive documents weeks ago. Claimants' tactical decision to wait until July 30, on the eve of the RSA hearing and just days before additional mediation sessions were scheduled, and then again August 20, immediately after the Court's approval of the RSA, to seek relief from this Court—again, on issues that are entirely moot—smacks of gamesmanship and should be rejected out of hand. See, e.g., Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003) (finding party had "used abusive discovery tactics and improper motion practice to gain a litigation advantage" and would "not countenance the use of the legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process").

Finally, the Claimants' recent attempt to inject the 1996 restructuring into these proceedings through a motion to strike testimony about the proposed Hartford settlement [Docket No. 5898 at 6] mischaracterizes the California Court of Appeal decision in AICCO, Inc. v. Ins. Co. of N. Am., 90 Cal. App. 4th 579 (2001). The AICCO case was brought by competitors of INA, not a policyholder seeking insurance coverage from INA. Ruling on an appeal of a demurrer (California's version of a motion to dismiss), the court only found that the complaint stated a cause of action under the California unfair competition law. Id. at 588-89. The case was subsequently dismissed because the plaintiffs lacked standing. AICCO, Inc. v. Ins. Co. of N. Am., 2006 WL 1280620 (Cal. Ct. App. May 10, 2006). In a subsequent coverage action, a California court refused to extend the AICCO decision. Yarway Corp. v. Admiral

Insurance Co., 2006 WL 3939259 (Cal. Sup. Ct. Apr. 7, 2006). Instead, the court applied Pennsylvania law and held that "Century Indemnity Company is the legal successor to INA with respect to the policies allegedly issued to Yarway prior to the restructuring. Therefore, INA is not responsible to satisfy any obligations under those policies." Id. The Yarway court's decision is consistent with the Pennsylvania Department of Insurance's order approving the restructuring pursuant to Pennsylvania law.

    IV.    Conclusion

In short, Claimants' letter request should be denied as procedurally and substantively inappropriate. It is not only belated but obviously moot and there is no contested matter to which their requests relate. In any event, Century and Chubb have satisfied any discovery obligations by producing eight boxes of documents and providing detailed interrogatory responses. Any additional discovery would be unduly burdensome. Moreover, Claimant's requests for additional information regarding Chubb and Century's financial wherewithal fall outside the scope of permissible discovery. Claimants' request should be denied.

                                      Respectfully Submitted,

                                      Stamatios Stamoulis (#4606)
                                      of Stamoulis & Weinblatt LLC

Cc: All Counsel of Record (via CM/ECF)