THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objection Deadline:  September 13, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## FIFTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE <u>FOR THE PERIOD FROM MAY 1, 2021 THROUGH MAY 31, 2021</u>

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2021 through May 31, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,517,191.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   47,494.45 |

This is a:      x   monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $ 776,257.50 | $ 6,064.88 | $ 776,257.50 | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $ 644,670.50 | $ 3,045.94 | $ 642,670.50[2] | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $ 659,618.50 | $ 3,681.07 | $ 659,618.50 | $ 3,182.37[3] |
| 08/27/20 | 06/01/20 – 06/30/20 | $ 475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $ 678,423.50 | $ 6,612.09 | $638,423.50[4] | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $ 658,721.00 | $31,487.15 | $ 526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $ 588,902.00 | $15,777.88 | $ 471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $ 666,283.50 | $19,826.31 | $ 533,026.80 | $19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $ 504,479.00 | $11,755.14 | $ 403,583.20 | $11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $ 837,406.00 | $12,415.20 | $ 669,924.80 | $12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $ 901,667.00 | $19,291.93 | $ 721,333.60 | $19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $ 763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |
| 07/02/21 | 03/01/21 – 03/31/21 | $1,124,713.50 | $27,728.90 | $ 899,770.80 | $27,728.90 |
| 08/04/21 | 04/01/21 – 04/30/21 | $1,193,608.00 | $18,802.13 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 149.60 | $178,772.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 147.20 | $168,544.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 50.00 | $ 57,250.00 |

[2]  In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[3]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the first month of that period.

[4]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00<br>$  547.50 | 95.30<br>31.70 | $104,353.50<br>$  17,355.75 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 15.00 | $  16,125.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 0.20 | $      215.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00<br>$  512.50 | 132.30<br>16.50 | $135,607.50<br>$    8,456.25 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 79.00 | $  78,605.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $  950.00 | 12.70 | $  12,065.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 42.80 | $  39,590.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $  925.00 | 0.70 | $      647.50 |
| Colin R. Robinson | Of Counsel 2016; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $  925.00 | 2.70 | $    2,497.50 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $  875.00 | 159.40 | $139,475.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $  875.00 | 11.20 | $    9,800.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00<br>$  412.50 | 178.80<br>21.00 | $147,510.00<br>$    8,662.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 11.90 | $    9,817.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 28.50 | $ 23,512.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 7.00 | $ 5,565.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $ 750.00 | 0.20 | $ 150.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 3.10 | $ 2,092.50 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 14.80 | $ 9,250.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 11.20 | $ 5,040.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 33.50 | $ 14,237.50 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 0.60 | $ 255.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.70 | $ 297.50 |
| Nancy P.F. Lockwood | Paralegal | $ 425.00 | 22.30 | $ 9,477.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 58.50 | $ 23,107.50 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 33.30 | $ 13,153.50 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 60.90 | $ 24,055.50 |
| Ben C. Downing | Other | $ 395.00 | 4.40 | $ 1,738.00 |
| Hung Phan | Other | $ 395.00 | 12.50 | $ 4,937.50 |
| Janice G. Washington | Other | $ 395.00 | 73.00 | $ 28,835.00 |
| Leira E. Puma | Other | $ 395.00 | 17.40 | $ 6,873.00 |
| Melisa DesJardien | Other | $ 395.00 | 0.20 | $ 79.00 |
| Mary E. DeLeon | Other | $ 395.00 | 14.00 | $ 5,530.00 |
| Michelle F. Evans | Other | $ 395.00 | 24.00 | $ 9,480.00 |
| Matthew J. Renck | Other | $ 395.00 | 42.30 | $ 16,708.50 |
| Myra Kulick | Other | $ 395.00 | 39.00 | $ 15,405.00 |
| Nancy H. Brown | Other | $ 395.00 | 44.00 | $ 17,380.00 |
| Oliver M. Carpio | Other | $ 395.00 | 8.90 | $ 3,515.50 |
| Rolanda L. Mori | Other | $ 395.00 | 69.60 | $ 27,492.00 |
| Rhea S. Cheltenham | Other | $ 395.00 | 40.00 | $ 15,000.00 |
| Sophia L. Lee | Other | $ 395.00 | 40.90 | $ 16,155.50 |
| Virginia L. Downing | Other | $ 395.00 | 8.60 | $ 3,397.00 |
| Felipe E. Arias | Other | $ 375.00 | 61.50 | $ 23,062.50 |
| Lincoln J. Sneed | Other | $ 375.00 | 57.90 | $ 21,712.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Aaron M. Bonn | Case Management Assistant | $  375.00 | 63.50 | $  23,812.50 |
| Andrea R. Paul | Case Management Assistant | $  350.00 | 11.50 | $  4,025.00 |
| Charles J. Bouzoukis | Case Management Assistant | $  350.00 | 7.00 | $  2,450.00 |
| Karen S. Neil | Case Management Assistant | $  350.00 | 11.60 | $  4,060.00 |

**Grand Total:**  **$1,517,191.60**
**Total Hours:**  **2,084.40**
**Blended Rate:**  **$727.88**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 123.50 | $113,621.00 |
| Asset Disposition | 0.30 | $      247.50 |
| Case Administration | 49.80 | $  20,210.00 |
| Claims Admin./Objections | 891.50 | $412,798.00 |
| Compensation of Professional | 13.90 | $    9,856.50 |
| Compensation of Prof./Others | 15.70 | $  10,447.50 |
| General Creditors Comm. | 89.00 | $  72,021.50 |
| Hearings | 67.00 | $  66,592.50 |
| Insurance Coverage | 27.80 | $  28,267.00 |
| Mediation | 190.10 | $199,308.50 |
| Non-Working Travel | 69.20 | $  34,474.50 |
| Plan & Disclosure Statement | 540.60 | $544,147.00 |
| Retention of Prof/Others | 6.00 | $    5,200.00 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable)[5] | Total Expenses |
|---|---|---|
| Air Fare | United Airlines; American Airlines; JetBlue | $ 9,975.06 |
| Auto Travel | KLS Worldwide; Elite Transportation; Uber; A&H Car Transportation Service; Dav El Transportation Service; Lyft Transportation | $ 4,198.18 |
| Bloomberg | | $ 74.90 |
| Working Meals | Taam Tov Restaurant | $ 229.46 |
| Conference Call | AT&T Conference Call; Loop Up | $ 117.45 |
| Federal Express | | $ 263.88 |
| Filing Fee | USDC | $ 25.00 |
| Hotel Expense | | $11,299.75 |
| Legal Research | Lexis/Nexis | $ 598.34 |
| Legal Vision Atty Mess Service | | $12,533.95 |
| Outside Services | Zoom; Everlaw; MiPro[6] | $ 4,598.05 |
| Court Research | Pacer | $ 1,280.50 |
| Postage | US Mail | $ 233.68 |
| Reproduction Expense | | $ 129.70 |
| Reproduction/Scan Copy | | $ 1,430.60 |
| Travel Expense | Travel Agency Fee | $ 24.95 |
| Transcript | eLitigation Services | $ 481.00 |

---

[5] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

[6] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software. Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. The invoice of MIPRO, in the total amount of $561.00, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, is attached hereto as Exhibit B.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objection Deadline:  September 13, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## FIFTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM MAY 1, 2021 THROUGH MAY 31, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its Fifteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from May 1, 2021 through May 31, 2021 (the "Application").

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $1,517,191.50 and actual and necessary expenses in the amount of $47,494.45 for a total allowance of $1,564,685.95 and payment of $1,213,753.20 (80% of the allowed fees) and reimbursement of $47,494.45 (100% of the allowed expenses) for a total payment of $1,261,247.65 for the period May 1, 2021 through May 31, 2021 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1.       On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.       On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.    The retention of PSZ&J, as counsel to the Tort Claimants' Committee, was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.    All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.    PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  As set forth in its employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12. PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J

believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoice of MIPRO, in the total amount of $8,789.00, is attached as Exhibit 'B'.  PSZ&J has paid

the invoice, as set forth in more detail in the PSZ&J statement attached as Exhibit "A," and has

included payment of the MIPRO invoice as part of its request in this Application for

reimbursement of expenses.

### Summary of Services Rendered

13.     The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

14.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

### Summary of Services by Project

15.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed the JPM motion for intervention in the restricted property litigation; (2) reviewed and analyzed issues regarding attributes of the Debtors' alleged restricted accounts and performed work regarding a related memorandum; (3) reviewed and analyzed timeline issues regarding the restricted property adversary proceeding; (4) performed research; (5) reviewed and analyzed the Plan and Disclosure Statement liquidation analysis to focus issues in restricted asset litigation and develop a discovery plan and scheduling order; (6) reviewed and analyzed the burden of proof to establish that assets are restricted; (7) reviewed and analyzed issues regarding potential intervention of the unsecured creditors committee in restricted property litigation; (8) reviewed and analyzed issues regarding charitable trusts; (9) reviewed and analyzed gift annuity agreement issues; (10) reviewed and analyzed the BRG mediation brief; (11) attended to scheduling issues; (12) reviewed and analyzed potential summary judgment issues; (13) reviewed and analyzed expert witness issues; (14) performed work regarding a scheduling order; (15) reviewed and

analyzed an objection by the Church of Latter Day Saints; (16) reviewed and analyzed the JPM and Debtor objections to standing motion; (17) performed work regarding an Omnibus reply to objections to standing motion; (18) performed work regarding a stipulation with the unsecured creditors committee regarding intervention; (19) performed work regarding initial disclosures in the restricted property adversary proceeding; (20) attended to narrowing issues in the restricted asset litigation; (21) reviewed and analyzed legal standards under state law to establish that assets are restricted; (22) reviewed and analyzed an objection to the Lehr Bankruptcy Rule 9019 motion; (23) reviewed and analyzed issues regarding the Hudson Valley and Westchester Putnam Local Councils; (24) performed work regarding an Omnibus reply to objections to the claims estimation motion; (25) performed work regarding agenda notices; (26) reviewed and analyzed the Debtors' proposed scheduling order; (27) reviewed and analyzed settlement issues; (28) performed work regarding a standing motion order; (29) reviewed and analyzed issues regarding the sale of property by the Georgia Carolina Local Council; (30) attended to adjournment issues; (31) reviewed and analyzed issues regarding implied purpose and charitable trusts; (32) reviewed and analyzed interrogatories and document requests from the Debtors in the restricted asset litigation; (33) performed work regarding responses to the Debtors' discovery requests; (34) reviewed and analyzed the Debtors' initial disclosures regarding the restricted asset adversary proceeding; and (35) conferred and corresponded regarding asset analysis and recovery issues.

Fees:  $113,621.00;    Hours:  123.50

B.      **Asset Disposition**

17.    This category relates to work regarding sales and other asset disposition issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed a sale motion.

Fees:  $247.50;        Hours:  0.30

C.      **Case Administration**

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) performed work regarding *pro h*ac *vice* motions; (2) maintained document control; (3) maintained a memorandum of critical dates; (4) maintained service lists; (5) reviewed daily correspondence and pleadings and forwarded them to the appropriate parties; (6) performed work regarding agenda notices and hearing binders; and (7) attended to scheduling issues.

Fees:  $20,210.00;      Hours:  49.80

D.      **Claims Admin/Objections**

19.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed estimation discovery issues; (2) reviewed and analyzed Arkansas-related claims in response to new statutory window; (3) reviewed and analyzed valuation approaches; (4) reviewed and analyzed estimation issues; (5) performed research; (6) reviewed and analyzed survivor letters; (7) reviewed and analyzed issues regarding a motion to withdraw the reference; (8) reviewed and analyzed issues regarding a potential estimation expert; (9) reviewed and analyzed estimation

hearing strategy issues; (10) reviewed and analyzed issues regarding the Debtors' response to estimation discovery; (11) prepared for and participated in telephonic conferences with the Committee and representatives of the Coalition regarding case issues, including estimation issues; (12) reviewed and analyzed issues regarding roster searches; (13) reviewed and analyzed scheduling issues; (14) reviewed and analyzed claims estimation strategy issues; (15) reviewed and analyzed estimation alternatives; (16) reviewed and analyzed Plan discovery issues; (17) responded to survivor inquiries; (18) performed work regarding an estimation scheduling brief; (19) reviewed and analyzed the Lehr settlement; (20) performed work regarding a claim form for missing data; (21) reviewed and analyzed issues regarding a missing claims data review; (22) reviewed and analyzed sex abuse claims for key missing data; (23) reviewed and analyzed the Lehr settlement motion and performed work regarding an objection to such motion; (24) reviewed and analyzed issues regarding a confirmation scheduling motion; (25) reviewed and analyzed late-filed claim issues; (26) reviewed and analyzed issues regarding the PBGC claim; (27) prepared for and interviewed potential experts relating to estimation issues; (28) performed work regarding a reply to objections to estimation motion; (29) reviewed and analyzed claim summaries of missing data; (30) reviewed and analyzed claim amendment issues; (31) reviewed and analyzed issues regarding roster production; (32) prepared for and participated in meet and confer calls regarding discovery issues; (33) performed work regarding hearing binders; (34) reviewed and analyzed claim valuation issues; (35) reviewed and analyzed claims

procedures issues; (36) responded to requests for rosters; and (37) corresponded and conferred regarding claim issues.

Fees:  $412,798.00;    Hours:  891.50

### E.    Compensation of Professionals

20.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its January and February 2021 monthly, and Fifth quarterly, fee applications.

Fees:  $9,856.50;      Hours:  13.90

### F.    Compensation of Professionals--Others

21.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Berkeley Research Group, Pasich, Rock Creek and CBRE fee applications, and reviewed and analyzed a Century motion to amend the interim compensation procedures order and performed work regarding a response.

Fees:  $10,447.50;    Hours:  15.70

### G.    General Creditors Committee

22.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding survivor correspondence; (2) reviewed and responded to inquiries regarding Town Hall meetings; (3) prepared for and participated in telephonic conferences with State Court counsel and Committee members regarding case issues; (4) reviewed and analyzed mediation issues; (5) reviewed and analyzed issues regarding federal inmates who are survivors; (6) reviewed and

analyzed issues regarding the claims review project; (7) reviewed and analyzed disclosure statement objection issues; (8) performed work regarding meeting agendas; (9) reviewed and analyzed case strategy issues; (10) performed work regarding Town Hall meeting notices; (11) prepared for and participated in conference calls with representatives of the Debtors; (12) prepared for and attended a Town Hall meeting; (13) reviewed and analyzed Disclosure Statement issues; (14) reviewed and analyzed financial and insurance issues; (15) performed work regarding negotiations with the Debtors; and (16) corresponded and conferred regarding general creditors committee issues.

Fees:  $72,021.50;      Hours:  89.00

**H.      Hearings**

23.      This category relates to issues regarding hearings.  During the Interim Period, the Firm, among other things, performed work regarding agenda notices, and prepared for and attended an Omnibus hearing on May 19, 2021.

Fees:  $66,592.50;      Hours:  67.00

**I.      Insurance Coverage**

24.      This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed a subpoena from the Coalition to Chubb; (2) prepared for and participated in a telephonic conference with insurance lawyers for the Coalition regarding demand issues; (3) reviewed and analyzed issues regarding Century; (4) reviewed and analyzed issues regarding Hartford financials; (5) reviewed and analyzed Hartford discovery responses; (6) reviewed and analyzed the Future Claims Representative

mediation statement; (7) reviewed and analyzed insurance issues in Church of Latter Day Saints pleadings; (8) reviewed and analyzed a motion to compel discovery responses relating to Century; (9) reviewed and analyzed coverage issues; (10) reviewed and analyzed the Hartford settlement; (11) reviewed and analyzed issues regarding the deposition of Bates White; (12) reviewed and analyzed exhaustion issues relating to Hartford; (13) reviewed and analyzed Century interrogatory responses; (14) reviewed and analyzed demand issues; (15) performed work regarding a subpoena to Chubb; and (16) corresponded and conferred regarding insurance issues.

Fees:  $28,267.00;      Hours:  27.80

**J.      Mediation**

25.      This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed a BRG analysis regarding Local Council issues; (2) prepared for and attended mediation sessions on May 4, 5 and 6, 2021; (3) reviewed and analyzed Plan issues; (4) prepared for and attended a mediation session with the Local Council Ad Hoc Committee on May 11, 2021 regarding negotiations and contribution issues; (5) attended to scheduling issues; (6) prepared for and attended mediation sessions on May 21, 26, and 27, 2021 regarding restricted assets; (7) reviewed and analyzed future claims and unknown claims issues; (8) performed work regarding Debtor and Local Council negotiation issues; and (9) corresponded and conferred regarding mediation issues.

Fees:  $199,308.50;    Hours:  190.10

**K.    Non-Working Travel**

26.    During the Interim Period, the Firm incurred non-working time while traveling on case matters.  Some time is billed at one-half the normal rate.

Fees:  $34,474.50;    Hours:  69.20

**L.    Plan and Disclosure Statement**

27.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) performed work regarding a Plan term sheet; (2) reviewed and analyzed solicitation issues; (3) performed work regarding an opposition to a Plan confirmation scheduling motion; (4) performed work regarding an objection to solicitation motion; (5) performed work regarding a motion for leave to exceed page limit relating to objection to solicitation motion; (6) prepared for and attended a Committee and Coalition presentation regarding Local Council issues; (7) reviewed and analyzed mediation issues; (8) reviewed and analyzed claim valuation issues; (9) reviewed and analyzed objections to Disclosure Statement; (10) reviewed and analyzed Plan strategy issues; (11) reviewed and analyzed exclusivity objection issues; (12) reviewed and analyzed issues regarding an attorney directive for ballot solicitation; (13) reviewed and analyzed Plan-related insurance issues; (14) prepared for and attended a telephonic conference with State Court counsel regarding Coalition issues; (15) performed work regarding a tracking chart of Disclosure Statement objections; (16) reviewed and analyzed a contribution analysis provided by the Local Council Ad Hoc Committee; (17) performed work regarding a letter to Local Councils; (18) performed work regarding an objection to Disclosure Statement and a related motion for

leave to exceed page limitations; (19) reviewed and analyzed the Girl Scouts' and United States

Trustee's objections to Disclosure Statement; (20) performed work regarding Trust Distribution

Procedures; (21) attended to scheduling issues; (22) reviewed and analyzed survivor letters;

(23) performed work regarding a reply to objection to estimation motion; (24) reviewed and

analyzed issues regarding insurers objection to Disclosure Statement; (25) reviewed and

analyzed channeling injunction issues; (26) reviewed and analyzed voting issues; (27) reviewed

and analyzed estimation discovery issues; (28) reviewed and analyzed Century objections to

scheduling; (29) prepared for and attended a conference call with State Court counsel regarding

the Disclosure Statement hearing; (30) reviewed and analyzed claims issues regarding the

Hartford settlement; (31) reviewed and analyzed the Debtors' reply to Disclosure Statement

objections; (32) reviewed and analyzed an amended Plan and Disclosure Statement;

(33) reviewed and analyzed issues regarding the best interests test; (34) reviewed and analyzed a

liquidation analysis; (35) reviewed and analyzed the Debtors' responses to objections to

Disclosure Statement, scheduling motion and estimation; (36) reviewed and analyzed appraisal

issues; (37) performed work regarding a chart of solicitation objections; (38) reviewed and

analyzed estimation issues; (39) performed work regarding agenda notices; (40) reviewed and

analyzed post-hearing strategy relating to Plan and Disclosure Statement; (41) reviewed and

analyzed Plan enforcement provisions; (42) reviewed and analyzed insurance neutrality issues;

(43) attended to issues regarding continuance of the Disclosure Statement hearing; (44) reviewed

and analyzed the Debtors' settlement offer and performed work regarding a counter-offer;

(45) reviewed and analyzed cash flow issues; (46) reviewed and analyzed Plan and estimation

discovery issues; (47) prepared for and attended a teleconference with the Future Claims

Representative and representatives of the Coalition; (48) performed work regarding a Committee

Plan; (49) prepared for and attended a conference with the Committee regarding settlement

issues; (50) reviewed and analyzed issues regarding claims allowance procedures; (51) reviewed

and analyzed settlement trust structure issues; (52) prepared for and attended a conference with

the Future Claims Representative and representatives of the Coalition and the Debtors;

(53) performed work regarding a Plan Settlement Trust Agreement; and (54) conferred and

corresponded regarding Plan and Disclosure Statement issues.

Fees:  $544,147.00;    Hours:  540.60

**M.    Retention of Professionals--Others**

28.    This category relates to work regarding retention of professionals, other

than the Firm.  During the Interim Period, the Firm, among other things, performed work

regarding a motion to expand the scope of the CBRE retention.

Fees:  $5,200.00;        Hours:  6.00

**<u>Valuation of Services</u>**

29.    Attorneys and paraprofessionals of PSZ&J expended a total 2,084.40

hours in connection with their representation of the Committee during the Interim Period, as

follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 149.60 | $178,772.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 147.20 | $168,544.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 50.00 | $ 57,250.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00<br>$   547.50 | 95.30<br>31.70 | $104,353.50<br>$ 17,355.75 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 15.00 | $ 16,125.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,075.00 | 0.20 | $        215.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00<br>$   512.50 | 132.30<br>16.50 | $135,607.50<br>$   8,456.25 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 79.00 | $ 78,605.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $   950.00 | 12.70 | $ 12,065.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 42.80 | $ 39,590.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $   925.00 | 0.70 | $        647.50 |
| Colin R. Robinson | Of Counsel 2016; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $   925.00 | 2.70 | $     2,497.50 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $   875.00 | 159.40 | $139,475.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $   875.00 | 11.20 | $     9,800.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00<br>$   412.50 | 178.80<br>21.00 | $147,510.00<br>$   8,662.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 11.90 | $ 9,817.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 28.50 | $ 23,512.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 7.00 | $ 5,565.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $ 750.00 | 0.20 | $ 150.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 3.10 | $ 2,092.50 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 14.80 | $ 9,250.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 11.20 | $ 5,040.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 33.50 | $ 14,237.50 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 0.60 | $ 255.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.70 | $ 297.50 |
| Nancy P.F. Lockwood | Paralegal | $ 425.00 | 22.30 | $ 9,477.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 58.50 | $ 23,107.50 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 33.30 | $ 13,153.50 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 60.90 | $ 24,055.50 |
| Ben C. Downing | Other | $ 395.00 | 4.40 | $ 1,738.00 |
| Hung Phan | Other | $ 395.00 | 12.50 | $ 4,937.50 |
| Janice G. Washington | Other | $ 395.00 | 73.00 | $ 28,835.00 |
| Leira E. Puma | Other | $ 395.00 | 17.40 | $ 6,873.00 |
| Melisa DesJardien | Other | $ 395.00 | 0.20 | $ 79.00 |
| Mary E. DeLeon | Other | $ 395.00 | 14.00 | $ 5,530.00 |
| Michelle F. Evans | Other | $ 395.00 | 24.00 | $ 9,480.00 |
| Matthew J. Renck | Other | $ 395.00 | 42.30 | $ 16,708.50 |
| Myra Kulick | Other | $ 395.00 | 39.00 | $ 15,405.00 |
| Nancy H. Brown | Other | $ 395.00 | 44.00 | $ 17,380.00 |
| Oliver M. Carpio | Other | $ 395.00 | 8.90 | $ 3,515.50 |
| Rolanda L. Mori | Other | $ 395.00 | 69.60 | $ 27,492.00 |
| Rhea S. Cheltenham | Other | $ 395.00 | 40.00 | $ 15,000.00 |
| Sophia L. Lee | Other | $ 395.00 | 40.90 | $ 16,155.50 |
| Virginia L. Downing | Other | $ 395.00 | 8.60 | $ 3,397.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Felipe E. Arias | Other | $ 375.00 | 61.50 | $ 23,062.50 |
| Lincoln J. Sneed | Other | $ 375.00 | 57.90 | $ 21,712.50 |
| Aaron M. Bonn | Case Management Assistant | $ 375.00 | 63.50 | $ 23,812.50 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 11.50 | $ 4,025.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 7.00 | $ 2,450.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 11.60 | $ 4,060.00 |

**Grand Total:  $1,517,191.60**
**Total Hours:       2,084.40**
**Blended Rate:        $727.88**

30.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $1,517,191.50.

31.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of May 1, 2021 through May 31, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $1,517,191.50 and actual and necessary

expenses in the amount of $47,494.45 for a total allowance of $1,564,685.95 and payment of

$1,213,753.20 (80% of the allowed fees) and reimbursement of $47,494.45 (100% of the allowed

expenses) be authorized for a total payment of $1,261,247.65; and for such other and further

relief as this Court deems proper.

Dated:  August 30, 2021          PACHULSKI STANG ZIEHL & JONES LLP

                                 */s/ James E. O'Neill*
                                 James I. Stang (CA Bar No. 94435)
                                 Robert B. Orgel (CA Bar No. 10187)
                                 James E. O'Neill (DE Bar No. 4042)
                                 John W. Lucas (CA Bar No. 271038)
                                 919 North Market Street, 17th Floor, PO Box 8705
                                 Wilmington, Delaware 19899 (Courier 19801)
                                 Telephone:  (302) 652-4100
                                 Facsimile:  (302) 652-4400
                                 Email:  jstang@pszjlaw.com
                                         rorgel@pszjlaw.com
                                         joneil@pszjlaw.com
                                         jlucas@pszjlaw.com

                                 Counsel to the Tort Claimants Committee

## DECLARATION

STATE OF DELAWARE      :

                           :

COUNTY OF NEW CASTLE  :

        James E. O'Neill, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about April 6, 2020 and submit that the Application substantially complies with such Rule and Order.

                        */s/ James E. O'Neill*
                        James E. O'Neill