**Exhibit B**

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement ("Agreement") is made as of the last date written on the signature pages hereto, by and between Courtney Knight and Stephen Knight, jointly as the surviving parents of Elijah James Knight, a minor child, and Stephen Knight, as the Personal Representative of the Estate of Elijah James Knight ("Claimants") and Boy Scouts of America ("National BSA"), and Atlanta Area Council, Inc., Boy Scouts of America ("AAC" and together with National BSA, the "BSA" and, collectively with Claimants, the "Parties"). This Agreement settles all claims of Claimants against the BSA, including all proofs of claim filed by Claimants in the Boy Scouts of America's bankruptcy case (the "Claims"). This Agreement is intended to memorialize the terms of the settlement.

WHEREAS, on June 25, 2018, Elijah Knight died when a tree fell on his tent during a storm at Bert Adams Scout Camp in Covington, Georgia;

WHEREAS, Claimants have filed a lawsuit against the BSA seeking economic and non-economic damages as a result of Elijah's death;

WHEREAS, the Parties have agreed to a settlement of the Claims and any and all disputes between them;

NOW THEREFORE, in consideration of their mutual promises and other good and valuable consideration, the sufficiency of which is hereby acknowledged by Claimants, on behalf of themselves, the Parties agree as follows:

**Effective Date**

1. This Agreement shall become effective only upon: (a) entry of an order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1521, (i) approving

this Agreement pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure and (ii) authorizing Old Republic Insurance Company ("ORIC") to pay the Settlement Amount (as defined below) to Claimants; and (b) such order having become final and non-appealable (the "Effective Date"). Unless the Parties agree in writing to extend such deadline, if no such order is entered that has become final and non-appealable on or before October 31, 2021, this Agreement shall be null and void.

**Settlement Terms**

2.  ORIC, on behalf of its insureds, BSA, agrees to pay Claimants the sum of Seven Million, One Hundred Thousand Dollars ($7,100,000.00) (the "Settlement Amount") within fifteen (15) days of the Effective Date, in full and final satisfaction of the Claims and any and all disputes between Claimants and the BSA.

3.  In consideration for the payment of the Settlement Amount, Claimants agree to withdraw the Claims with prejudice and without costs and provide the releases set forth below. The Parties also agree not to libel and slander one another going forward.

**Release**

4.  In exchange for payment of the Settlement Amount, Claimants, on behalf of themselves and their agents, heirs, relatives, assigns, parents, beneficiaries, and third-party beneficiaries (collectively, the "Claimant Parties"), hereby irrevocably and unconditionally release, acquit, and forever discharge BSA, their predecessors, affiliates, including, without limitation, any and all local councils wherever situated chartered by National BSA, parents, subsidiaries, managing agents, volunteers, servants, consultants, agents, independent contractors, employees, officers, directors, attorneys, representatives, insurers, insurance carriers, and all persons acting by, through, under, or in concert with any of them, and each of their respective

heirs, successors, and assigns (the foregoing persons and entities, hereinafter collectively referred to as "Releasees"), or any of them, from any and all claims arising out of Elijah James Knight's death, including, without limitation, the Claims, as well as any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, damages, actions, suits, rights, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), or demands of any nature whatsoever, which arise out of Elijah James Knight's death known or unknown, suspected or unsuspected, including, but not limited to, any claims that Claimants had, have, or may have, known or unknown, in connection with any facts, matters, property, transactions, or things between all Parties and between Claimants and the Releasees, arising out of Elijah James Knight's death including but not limited to, anything arising from, relating to, or in connection with the matters set forth in the Claims and this Agreement.

**General Release**

5.     It is understood and agreed that this is a full, complete and final general release of any and all claims held by Claimants arising out of Elijah James Knight's death against the Releasees and that Claimants, on behalf of themselves and the Claimant Parties, agree that the foregoing release applies to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action against the Releasees, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed.

**Disclaimer of Liability**

6.     The Parties expressly agree and acknowledge that this Agreement is not to be construed as an admission of liability or wrongdoing by any Party, but is entered into in compromise of disputed claims. The Parties agree that neither this Agreement nor any part hereof shall be considered an admission of liability or wrongdoing by the Releasees (or any of them).

**Dismissal of Action**

Claimants authorize and instruct their attorneys of record in the Lawsuit to promptly sign and file with the Court, within seven (7) days of receiving the Settlement Amount, a request for dismissal of the lawsuit <u>Courtney Knight and Stephen Knight, jointly as the surviving parents of Elijah James Knight, a minor child, and Stephen Knight, as the Personal Representative of the Estate of Elijah James Knight and Boy Scouts of American (Corp.), and Atlanta Area Council, Inc., Boy Scouts of America</u>, State Court of Cobb County, Georgia, Civil Action No. 2019-A-68-7 with prejudice and without costs to any Party.

**Confidentiality**

7. It is specifically understood, agreed, and made part of this Agreement that the Parties, the Claimant Parties, and the Parties' attorneys shall not disclose to any member of the news media and/or on social media the amount of the settlement.

**Joint Drafting**

8. Each of the Parties has joined in and contributed to the drafting of this Agreement and each of the Parties agrees that there shall be no presumption favoring or burdening any Party based upon draftsmanship.

**Authorization**

9. With the exception of National BSA requiring Bankruptcy Court approval of its entry into this Agreement, the Parties expressly warrant and represent that the execution of this Agreement is fully authorized by each of them; that the person or persons executing this Agreement have the necessary and appropriate authority to do so; and that there are no pending agreements, transactions, or negotiations to which any of them are a party that would render this Agreement or any part thereof void, voidable, or unenforceable.

**Applicable Law**

10. This Agreement shall be interpreted in accordance with the laws of the State of Georgia without reference to conflict of law principles.

**Counterparts**

11. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**Complete Agreement**

12. This is the entire agreement between the Parties. This Agreement may not be modified in any manner except in writing by Claimants and authorized representatives of the BSA. The Parties acknowledge that they have not made any representations or promises to each other than those contained in this Agreement.

13. The Parties warrant that they have entered this Agreement voluntarily and of their own accord without reliance on any inducement, promise, or representation by any other party, except those which are expressly set forth in this Agreement.

**Attorneys' Fees, Costs, and Expenses**

14. Each Party will bear their own attorneys' fees, costs, and expenses of this litigation, the preparation and execution of this Agreement, and all other matters related to the Claims.

**Severability**

15. If any paragraph or clause hereof shall be held invalid or unenforceable in any jurisdiction, then the meaning of such paragraph or clause shall be construed so as to render it enforceable to the extent permissible. If no permissible interpretation would save such paragraph

or clause, it shall be severed from these terms and conditions and the remainder shall remain in full force and effect.

**Voluntary Agreement**

16. The Parties warrant that they have carefully read this Agreement, know its contents, and freely and voluntarily agree to all of its terms and conditions. Each Party warrants that it has obtained and utilized the advice of counsel with regard to this Agreement.

  (a) The Parties have read this Agreement;

  (b) The Parties have been represented by legal counsel of their own choice in the preparation, negotiation and execution of this Agreement;

  (c) The Parties understand the terms and consequences of this Agreement and of the release and waivers and it contains;

  (d) The Parties have not relied upon any representations or statements made by the other Party that are not specifically set forth in this Agreement; and

  (e) The Parties are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _19th_ day of _August_, 2021.

_____
Courtney Knight, as surviving parent of Elijah James Knight, a minor child

Sworn to and subscribed before me this _19th_ day of _August_, 2021.

_Almas Aslam_
Notary Public
My Commission Expires:

> ALMAS ASLAM
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 12-17-24
> Notary ID # 13283044-5

_____
Stephen Knight, as surviving parent of Elijah James Knight, a minor child

Sworn to and subscribed before me this _19th_ day of _August_, 2021.

_Almas Aslam_
Notary Public
My Commission Expires:

> ALMAS ASLAM
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 12-17-24
> Notary ID # 13283044-5

_____
Stephen Knight, as the Personal Representative of the Estate of Elijah James Knight

Sworn to and subscribed before me this _19th_ day of _August_, 2021.

_Almas Aslam_
Notary Public
My Commission Expires:

> ALMAS ASLAM
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 12-17-24
> Notary ID # 13283044-5

7

BOY SCOUTS OF AMERICA

By: _[signature]_

Printed Name: JOSEPH ZIRKMAN

Its: Deputy General Counsel

Date: 8-17-21

ATLANTA AREA COUNCIL, INC., BOY SCOUTS OF AMERICA

By: _[signature]_

Printed Name: Tracy A. Techau

Its: Scout Executive / CEO

Date: 8-17-21

Acknowledged and agreed as to Sections 1, 2, and 4:

OLD REPUBLIC INSURANCE COMPANY

By: _____

Printed Name: _____

Its: _____

Date: _____

8

BOY SCOUTS OF AMERICA

By: _____

Printed Name: _____

Its: _____

Date: _____

ATLANTA AREA COUNCIL, INC., BOY SCOUTS OF AMERICA

By: _____

Printed Name: _____

Its: _____

Date: _____

Acknowledged and agreed as to Sections 1, 2, and 4:

OLD REPUBLIC INSURANCE COMPANY

By: _[signature]_____

Printed Name: _Steve Garcia_____

Its: _Vice President - Claims_____

Date: _8/17/21_____

8