**Exhibit C**

**Dial Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF JACKSON A. DIAL, ESQ.,
IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) APPROVING KNIGHT SETTLEMENT AGREEMENT AND
(II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO
PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE**

I, Jackson A. Dial, Esq., pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby declare as follows:

1. I submit this declaration in support of *Debtors' Motion for Entry of an Order (I) Approving Knight Settlement Agreement and (II) Modifying the Automatic Stay, to the Extent Necessary, to Permit Payment of Settlement Amount by Applicable Insurance* (the "Motion").[2]

2. I am a partner of the firm of Weinberg Wheeler Hudgins Gunn & Dial ("WWHGD"), 3344 Peachtree Road, NE, Suite 2400, Atlanta, Georgia 30326, counsel for Boy Scouts of America (the "BSA") and the Atlanta Area Council, Inc. ("AAC," and together with the BSA, the "Defendants") in the action styled *Courtney Knight and Stephen Knight, jointly as the surviving parents of Elijah James Knight, a minor child, et al. v. Boy Scouts of America, et. al.*, Case No. 2019-A-68-7, State Court of Cobb County, Georgia (the "Lawsuit").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion and the Amended Plan, as applicable.

3. On January 8, 2019, Courtney Knight and Stephen Knight, jointly as the surviving parents of Elijah James Knight ("E.K."), a minor child, and Stephen Knight as Personal Representative of the Estate of E.K. (the "Plaintiffs," and together with Defendants, the "Parties") filed the Lawsuit against Defendants. The Lawsuit asserts claims under Georgia law for negligence, negligence *per se*, wrongful death, premises liability, punitive damages, and vicarious liability, and seeks damages arising from the death of fourteen-year-old E.K. as a result of a tree falling on his tent during a storm at Bert Adams Scout Camp in Covington, Georgia on June 25, 2018.

4. The Lawsuit was automatically stayed as to the Defendants when the Debtors filed for relief under chapter 11 of the Bankruptcy Code on February 18, 2020.

5. On July 8, 2020, the Court granted Plaintiffs' motion seeking relief from the automatic stay to proceed with the Lawsuit to liquidate Plaintiffs' claims, provided that any payment on account of such claims, including payment from applicable insurance, would be subject to further order of the Court.[3]

6. The Parties have completed fact discovery in the Lawsuit. On February 11, 2021, after the completion of fact discovery, Plaintiffs filed a sanctions motion in the trial court alleging that Defendants improperly withheld discoverable evidence. On June 7, 2021, the trial court granted Plaintiffs' motion and entered an issue-preclusion sanction establishing the Defendants' negligence and policy violations, as well as the foreseeability of the storm that cause E.K.'s death as a matter of law.

---

[3] *See Order Granting Motion for Relief from the Automatic Stay of Courtney Knight and Stephen Knight, Jointly as the Surviving Parents of E.J.K., a Minor Child, and Stephen Knight, as Personal Representative of the Estate of E.J.K.* [D.I. 989].


7. Under Georgia's Wrongful Death Act, prevailing plaintiffs are entitled to recover for the full value of the life of their decedent as shown by the evidence.[4] In precedent cases brought under Georgia's Wrongful Death Act, plaintiffs seeking damages for decedents of similar age to E.K. have routinely recovered in excess of $10 million.

8. To avoid incurring further litigation expenses in connection with the Lawsuit, the Parties entered into good-faith and arm's-length settlement negotiations. As a result of those negotiations, the Parties entered into the Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

September 2, 2021
Atlanta, Georgia

                                                   Weinberg Wheeler Hudgins Gunn & Dial

                                                   */s/ Jackson A. Dial*_____
                                                   Jackson A. Dial, Esq.
                                                   Partner

---

[4] O.C.G.A. § 51-4-2.