**Exhibit D**

**Hanke Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## DECLARATION OF ELIZABETH HANKE
## IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (I) APPROVING KNIGHT SETTLEMENT AGREEMENT AND
## (II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO
## PERMIT PAYMENT OF SETTLEMENT AMOUNT BY APPLICABLE INSURANCE

I, Elizabeth Hanke, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby declare as follows:

1. I am a Vice President at KCIC, LLC ("KCIC"). KCIC maintains its offices at 1401 I Street, NW, Suite 1200, Washington, D.C. 20005.

2. I am duly authorized to submit this declaration on behalf of KCIC (this "Declaration") in support of *Debtors' Motion for Entry of an Order (I) Approving Knight Settlement Agreement and (II) Modifying the Automatic Stay, to the Extent Necessary, to Permit Payment of Settlement Amount by Applicable Insurance* (the "Motion").[2] Except as otherwise stated in this Declaration, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other KCIC professionals, or learned from my review of relevant documents.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion and the Amended Plan, as applicable.

3.     The Court authorized the Debtors to retain KCIC as Insurance and Valuation Consultant for the Debtors on April 6, 2020. *See Order Authorizing the Retention and Employment of KCIC, LLC as Insurance and Valuation Consultant for the Debtors and Debtors in Possession, Nunc Pro Tunc to the Petition Date* [D.I. 340]. KCIC has provided insurance consulting services to BSA under the direction of Haynes and Boone, LLP since April 2018. For example, KCIC has reviewed hundreds of BSA's general liability insurance policies and captured key terms, conditions, and exclusions in a database. This review has included an analysis of insurance policies to capture whether local councils and chartered organizations are covered under the BSA's policies. Finally, KCIC has reviewed and analyzed claims information from Riskonnect, a risk management database, compared to loss runs from insurance companies, and worked to determine the current level of exhaustion across the BSA's policies. These analyses are stored within KCIC's proprietary databases. KCIC has also produced graphical coverage charts to assist the Debtors and their counsel with understanding the scope and availability of insurance.

4.     BSA and all of its affiliates and subsidiaries, and all Local Councils and all their affiliates and subsidiaries, among others, are named insureds under a Commercial General Liability (Occurrence) Insurance Policy ("primary policy") and a Commercial Excess Liability Insurance Policy ("excess policy") provided by the Old Republic Insurance Company ("Old Republic") for the policy year beginning on March 1, 2018 and running to March 1, 2019. The Old Republic primary policy provides coverage up to a limit of $1,000,000 per occurrence with no aggregate limits. The Old Republic excess policy provides coverage up to an aggregate limit of $9,000,000.

5.     To date, approximately $300,000 of the primary policy has been exhausted in connection with the Lawsuit, leaving approximately $700,000 of primary coverage available. The

excess policy was previously eroded by approximately $308,000 from other claims. However, for the sake of these calculations, I am aware that the settlement amount from the Settlement Agreement described and defined in *Debtors' Motion for Entry of an Order (I) Approving Lehr Settlement Agreement and (II) Modifying the Automatic Stay, to the Extent Necessary, to Permit Payment of Settlement Amount by Applicable Insurance* [D.I. 2719] (the "Lehr Settlement Approval Motion"), which amounts to $3,000,000 (the "Lehr Settlement Amount"), affects the same Old Republic excess policy. I also understand that the primary policy associated with the Claims defined and described in the Lehr Settlement Approval Motion has to date been eroded by approximately $44,000.

6. In light of this, a Settlement Amount of $7,100,000 will be completely covered by both the Old Republic primary and excess policies. After payment of the Settlement Amount, approximately $248,000 of the aggregate limits of the Old Republic excess policy will remain if accounting for payment of the Lehr Settlement Amount. If the Lehr Settlement Amount is excluded, $2,292,000 of the aggregate limits of the Old Republic excess policy will remain after payment of the Settlement Amount. Also in this policy year, there is approximately $200,000,000 of available excess insurance coverage under the excess policies that attach above the Old Republic excess policy.

I declare under penalty of perjury that the foregoing is true and correct.

September 2, 2021
Wilmington, Delaware

                                              KCIC, LLC

                                              */s/ Elizabeth Hanke*_____
                                              Elizabeth Hanke
                                              Vice President