# Exhibit B

**Settlement Agreement**

# **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

This Confidential Settlement Agreement and Release ("Agreement") is made as of the last date written on the signature pages hereto, by and between (1) Marco Romero, Jr. (the "Plaintiff") and (2) National Boy Scouts of America Foundation, Las Vegas Area Council, Inc. and Boy Scouts of America (collectively, the "Defendants"). This Agreement settles all claims against all of the Defendants and the Releasees (as defined below), relating to the lawsuit entitled *Marco Romero, Jr., a minor, by and through his natural mother, Audrey Romero v. Boy Scouts of America, National Boy Scouts of America Foundation, Las Vegas Area Council, Inc., and Boy Scouts of America*, Eighth Judicial District Court of Clark County, Case No. A-18-786117-C (the "Lawsuit"),[1] and any and all claims that Plaintiff has or may have against Defendants concerning the below referenced Accident, including, without limitation, all claims that have or could have been filed against the Defendants related to the matters set forth in the Lawsuit. This Agreement is intended to memorialize the terms of the settlement.

WHEREAS, Plaintiff filed the Lawsuit on December 14, 2018, alleging that on or about February 6, 2016, while a minor, he was involved in an incident whereby he was struck in the eye by an arrow while attending a "Mountain Man Rendezvous" retreat in Beatty, Nevada with his local Boy Scout Troop (the "Accident"),

WHEREAS, Plaintiff and Defendants (the "Parties") reached an agreement to compromise all claims that Plaintiff may now or in the future have against Defendants, including, without limitation, all claims that have or could have been filed against the Defendants related to the matters set forth in the Lawsuit,

---

[1] The Lawsuit was later amended to remove Audrey Romero after Marco Romero, Jr. obtained the age of the majority.

256601639v.1

NOW THEREFORE, in consideration of their mutual promises and other good and valuable consideration hereby acknowledged by the Plaintiff, on behalf of himself, the Parties agree as follows:

**Effective Date**

1. The Parties agree and acknowledge that this Agreement shall become effective only upon: (a) entry of an order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1521, (i) approving this Agreement pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure and (ii) authorizing Old Republic Insurance Company to pay the Settlement Amount (as defined below) to Plaintiff; and (b) such order having become final and non-appealable (the "Effective Date"). However, should this Agreement and/or Settlement Amount not be approved by the Bankruptcy Court, the Parties shall not prejudiced in any way from attempting to resolve the Lawsuit in the future.

**Settlement Terms**

2. Defendants collectively agree to pay Plaintiff the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (the "Settlement Amount") within fourteen (14) days of the Effective Date, in full and final satisfaction of the Lawsuit and any and all disputes between Plaintiff and the Defendants concerning the Accident. The Settlement Amount shall be paid by way of a check made payable to "MARCO ROMERO, JR. and NAQVI INJURY LAW" using the Tax Identification Number 80-0242995 under the terms set forth in paragraph 20 below. The Settlement Amount shall constitute Plaintiff's only recovery from Defendants, or any other person or entity for any and all actual or potential claims of Plaintiff arising out of the Accident.

3.  In consideration for the payment of the Settlement Amount, Plaintiff agrees to withdraw the Lawsuit's claims with prejudice and without costs or attorney's fees to any party and provide the releases set forth below. Plaintiff further agrees that he will refrain from publicly or privately directing any disparaging or defamatory remarks toward, or complaints about, the Defendants or their administrators, current or former employees or volunteers, in their capacities as such as it relates to the settlement or the Accident. Likewise, the Defendants will refrain from publicly or privately directing any disparaging or defamatory remarks toward, or complaints about, Plaintiff.

**Release**

4.  In exchange for payment of the Settlement Amount, Plaintiff, on behalf of himself and his agents, heirs, relatives, assigns, parents, beneficiaries, third-party beneficiaries, and attorneys (collectively, the "Plaintiff Parties"), hereby irrevocably and unconditionally releases, acquits, and forever discharges the Defendants, their respective predecessors, affiliates, parents, subsidiaries, managing agents, volunteers, servants, consultants, agents, independent contractors, employees, officers, directors, attorneys, representatives, insurers, insurance carriers, and all persons acting by, through, under, or in concert with any of them, and each of their respective heirs, successors, and assigns (the foregoing persons and entities, hereinafter collectively referred to as "Releasees"), or any of them, from any and all claims concerning the Accident, including, without limitation, the Lawsuit's claims, as well as any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, damages, actions, suits, rights, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), or demands of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to, any claims that Plaintiff had, has, or may have, known

or unknown, in connection with any facts, matters, property, transactions, or things between all Parties and between Plaintiff and the Releasees as it relates to the Accident, including but not limited to, anything arising from, relating to, or in connection with the matters set forth in the Lawsuit, whether such claims seek (i) bodily injury, personal injury, permanent injury, wrongful death, property damage, loss of consortium, compensatory, wage loss, loss of earning capacity, emotional, consequential, pecuniary, general, special, economic, hedonic, punitive, or exemplary damages, (ii) contribution, indemnity and apportionment damages, (iii) attorneys' fees, costs or prejudgment or post-judgment interest, or (iv) any other measure or theory of damages actually or allegedly recoverable under law or equity, whether or not actually alleged in the Lawsuit or arising out of the Accident.

5. Releasees agree that none of the consideration for this release is for lost wages or earning capacity, past, future or present, and that all sums set forth herein constitute damages on account of personal injuries or sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. Plaintiff and Releasees also hereby acknowledge and agree that the Settlement Amount specified herein represents payment for Plaintiff's past, present and future pain and suffering and that none of the consideration for this release is for medical expenses, lost wages or earning capacity, past, future or present, and that all sums set forth herein constitute damages for pain and suffering on account of personal injuries or sickness, as within the meaning of the applicable Internal Revenue Code. Plaintiff and Releasees also hereby acknowledge and agree that the Settlement Amount represents payment for Plaintiff's past, present and future pain and suffering that none of the payment listed herein is allocated to expenses within the scope of worker's compensation under NRS 616A.090 beyond the amount of the workers' compensation lien asserted.

256601639v.1

**General Release**

6. It is understood and agreed that this is a full, complete and final general release of any and all claims held by Plaintiff against the Releasees and that Plaintiff, on behalf of himself and the Plaintiff Parties, agrees that the foregoing release applies to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action against the Releasees, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed.

**Disclaimer of Liability**

7. The Parties expressly agree and acknowledge that this Agreement is not to be construed as an admission of liability or wrongdoing by any Party, but is entered into in compromise of disputed claims. The Parties agree that neither this Agreement nor any part hereof shall be considered an admission of liability or wrongdoing by the Releasees (or any of them).

**No Representation Made**

8. Apart from the representations described herein, no representation of any kind concerning any subject has been made by or on behalf of any of the Releasees which has in any way influenced Plaintiff's or Defendants' decision to enter into this Agreement.

**Confidentiality**

9. It is specifically understood, agreed, and made part of this Agreement that the Plaintiff and their attorneys shall not comment on any aspect of the Agreement or its terms and conditions to any member of the news media. If any member of the news media inquires of the Plaintiff regarding the resolution of the Lawsuit, the agreed upon response is that "the Lawsuit is settled," Or similar response. This paragraph is intended to become part of the consideration for the settlement of the Lawsuit.

**Satisfaction of Liens**

10. Plaintiff hereby warrants, represents, and covenants that any outstanding liens including, but not limited to, statutory hospital, medical, workers compensation, Medicare, Medicaid or other reimbursable amounts for medical or legal services paid or rendered on behalf of Plaintiff allegedly arising out of or in any way related to the Accident or the Lawsuit will be satisfied out of the Settlement Amount. Plaintiff further warrants, represents, and covenants that all health insurance, Medicaid, Worker's Compensation, Medicare or any other lien whatsoever will be paid and satisfied out of the Settlement Amount

**Agreement to Indemnify Against Liens**

11. In further exchange for the payment of the Settlement Amount set forth herein, Plaintiff hereby covenants and agrees to defend, hold harmless, and indemnify (including costs, attorneys' fees, and other claims and/or litigation expenses) the Releasees from any and all further, additional or future liability, loss, damages, or expenses incurred because of any legal action or threat of legal action which might be brought against the Releasees by creditors or lien holders (including but not limited to Medicare or any other entity) as a result of the expenses which Plaintiff incurred, may incur in the future, on his behalf, or for work performed on his behalf, arising out of or in any way relating to the Accident or the Lawsuit. In the event of any such action, Releasees shall have the sole and exclusive right to select counsel and to control the defense of such action, and Plaintiff shall be obligated to pay for the reasonable costs of such defense, and to pay any judgment entered against Releasees or reasonable settlement reached by Releasees with respect to such an action.

**Medicare's Interests**

12.     Plaintiff asserts and represents that Marco Romero, Jr. is not now a Medicare recipient, nor is he likely to become a Medicare recipient within the next thirty (30) months.  In reaching agreement on the terms of this Release, Defendants acknowledge Marco Romero, Jr.'s possible entitlement to Social Security disability benefits pursuant to 42 U.S.C. § 423, and receipt of Medicare or Medicaid benefits under 42 U.S.C § 1395y, as well as the entitlement of the Centers for Medicare and Medicaid Services ("CMS") to subrogation and intervention, pursuant to 42 U.S.C. § 1395y(b)(2) to recover any overpayment made by CMS. The Parties agree that this Release is not intended to shift to CMS the responsibility for payment of medical expenses for the treatment of injury related conditions.  The parties agree that this settlement is intended to provide Plaintiff a lump sum which will foreclose Releasees' responsibility for future payment of all injury-related medical expenses incurred by Marco Romero, Jr.

**Non-Reimbersable Expenses**

13.     The parties to this Release understand that many common medical expenses are not payable or reimbursable under the Medicare program. These medical expenses, not covered by Medicare but necessary in the ongoing treatment of Marco Romero, Jr.'s injury, and without an admission of liability on the part of the Releasees, have been taken into consideration in the calculation and settlement of Plaintiff's future medical expenses. Funds for these non-Medicare-covered medical expenses have been included in the lump sum settlement amount and shall not be paid by Medicare.

256601639v.1

**Benefit Eligibility**

14. Plaintiff acknowledges that any decision regarding entitlement to Social Security, Medicare or Medicaid benefits, including the amount and duration of payments and offset reimbursement for prior payments is exclusively within the jurisdiction of the Social Security Administration, the United States Government, and the U.S. federal courts, and is determined by federal law and regulations. As such, the United States Government is not bound by any of the terms of this Release.

**Future Benefits**

15. Plaintiff has been apprised of his right to seek assistance from legal counsel of his choosing or directly from the Social Security Administration or other government agencies regarding the impact this Release may have on his current or future entitlement to Social Security or other governmental benefits. Plaintiff acknowledges that acceptance of these settlement funds may affect his rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Plaintiff desires to enter into this Release agreement to settle his injury claim according to the terms set forth in this Release.

**Medicare Recovery Action**

16. Plaintiff acknowledges that Defendants and their insurer have also considered the interests of Medicare with regard to the possibility that the Plaintiff may receive future conditional payments from Medicare related to the injuries that form the basis of the Complaint. Plaintiff agrees to indemnify, defend and hold harmless Defendants and their insurer(s) from any and all claims that may be brought in the future arising out of or related to the Settlement Amount payments made to Plaintiff pursuant to this agreement.

**Assignment of Claims**

17.   Plaintiff represents, warrants, and agrees that he is the lawful owner of the right, title, and interest in and to every claim or matter released herein and has not assigned or transferred, nor purported to or attempted to assign or transfer, to any person or entity any claim or other matter released herein. Plaintiff warrants that he will not in the future assign or transfer any claim or other matter released herein and will defend, indemnify, and hold the Releasees harmless from any and all claims arising out of or relating to any assignment or transfer, or any purported or attempted assignment or transfer contrary to the terms of this paragraph.

**Other Actions, Suits, Proceedings or Claims**

18.   Plaintiff and his attorneys agree that they have not and will not commence, maintain, initiate or prosecute, or cause, encourage, assist, advise, or cooperate with any other person or entity to commence, maintain, initiate or prosecute any action, suit, proceeding, or claim before any court, administrative, or quasi-legal body or agency (whether state, federal, private, or otherwise) against the Releasees, or any of them, from, concerned with, or otherwise related to the Accident other than as it relates the bankruptcy action concerning Defendants and Releasees.

**The Dismissal**

19.   Plaintiff agrees that the consideration of the Agreement constitutes all of the money whatsoever that he has received or is entitled to receive from Releasees as a result of the Accident and further agrees that a portion of the consideration paid under this Agreement is in return for his agreement to dismiss the Lawsuit, with prejudice, as to claims against Defendants.

**Payment Terms**

20.   The following are the agreed to terms for the payment of the Settlement Amount to Plaintiff:

9

    A. The Agreement must be executed in full by the Plaintiff;

    B. The Agreement shall have been approved by the Bankruptcy Court;

    C. The Plaintiff must execute a Stipulation and Order for Dismissal with Prejudice so that the stipulation can be filed with the Court upon payment of the Settlement Amount having been made by the Defendants; and

    D. Defendants will tender a settlement draft in the Settlement Amount made payable to "MARCO ROMERO, JR. and NAQVI INJURY LAW" using the Tax Identification Number 80-0242995.

**Taxability of Settlement Proceeds**

21. If any government entity determines that any taxes or payments of any kind are due on account of this settlement, such payment shall be the sole responsibility of Plaintiff, and Plaintiff hereby represents that he will make payment of such taxes at the time and in the amount required. Plaintiff further agrees to indemnify and hold Defendants harmless for any payment of tax or penalty that is required by any government agency as a result of the payment of the sums set forth herein, except for any penalty or fine resulting from the action or inaction of Defendants. Plaintiff further understands that Defendants will prepare and submit at years-end IRS Form 1099 to "NAQVI INJURY LAW," identifying the amount of settlement.

**Joint Drafting**

22. Each of the Parties has joined in and contributed to the drafting of this Agreement and each of the Parties agrees that there shall be no presumption favoring or burdening any Party based upon draftsmanship.

**Authorization**

23. With the exception of the Defendants' requiring Bankruptcy Court approval of its entry into this Agreement, the Parties expressly warrant and represent that the execution of this Agreement is fully authorized by each of them; that the person or persons executing this Agreement have the necessary and appropriate authority to do so; and that there are no pending agreements, transactions, or negotiations to which any of them are a party that would render this Agreement or any part thereof void, voidable, or unenforceable.

**Applicable Law**

24. This Agreement shall be interpreted in accordance with the laws of the State of Nevada without reference to conflict of law principles.

**Counterparts**

25. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The Agreement is not and shall not be effective, however, unless and until each signatory to the Agreement executes the original or a counterpart.

**Complete Agreement**

26. This is the entire agreement between the Parties. This Agreement may not be modified in any manner except in writing by Plaintiff and authorized executives of the Defendants. The Parties acknowledge that they have not made any representations or promises to each other than those contained in this Agreement.

27. The Parties warrant that they have entered this Agreement voluntarily and of their own accord without reliance on any inducement, promise, or representation by any other party, except those which are expressly set forth in this Agreement.

**Attorneys' Fees, Costs, and Expenses**

28. Each Party will bear its own attorneys' fees, costs, and expenses of this litigation, the preparation and execution of this Agreement, and all other matters related to the Lawsuit and Bankruptcy Action.

**Severability**

29. If any paragraph or clause hereof shall be held invalid or unenforceable in any jurisdiction, then the meaning of such paragraph or clause shall be construed so as to render it enforceable to the extent permissible. If no permissible interpretation would save such paragraph or clause, it shall be severed from these terms and conditions and the remainder shall remain in full force and effect.

**Waiver**

30. No waiver or indulgence of any breach or series of breaches of the Agreement shall be deemed or construed as a waiver of any other breach of the same or any other provision hereof or affect the enforceability of any part or all of the Agreement, and no waiver shall be valid unless executed in writing by the waiving party.

**Amendments, Modifications, Addendums and Revisions**

31. No amendment, modification, addendum, or revision of the Agreement shall be valid unless it is in writing and signed by all of the parties to the Agreement, in which event there need be no separate consideration therefore.

**Use of Titles**

32. Titles used in the Agreement are for purposes of organization only, and are not to be considered as terms of the Agreement, nor are they to be used in interpretation of the Agreement or the intention of the parties to the Agreement.

256601639v.1

**Warranty**

33. Plaintiff hereby warrants and covenants that he is over the legal age of majority in the State of Nevada, and in the State where the Agreement is executed if other than Nevada, the Plaintiff is the only person or entity entitled to any payment on behalf of himself relating to or arising out of or in any way relating to the Accident.

**Binding Others**

34. Plaintiff hereby binds himself, his attorneys, legal representatives, parents, successors, principals, heirs, administrators, executors, assigns, and personal representatives to the Agreement and to each of its terms and conditions.

**Execution of Documents**

35. Plaintiff agrees to execute all documents and to do all things necessary to fully effectuate the terms of the Agreement.

**Voluntary Agreement**

36. In entering in this Agreement, Plaintiff represents that he has relied upon the legal advice of this attorneys, who are the attorneys of his own choice and that Plaintiff has had the opportunity to fully read the terms of the Agreement and to receive an explanation thereof by his attorney. The Parties warrant that they have carefully read this Agreement, know its contents, and freely and voluntarily agree to all of its terms and conditions. Each Party warrants that it has obtained and utilized the advice of counsel with regard to this Agreement.

 (a) The Parties have read this Agreement;

 (b) The Parties have been represented by legal counsel of their own choice in the preparation, negotiation and execution of this Agreement;

13

256601639v.1

(c) The Parties understand the terms and consequences of this Agreement and of the release and waivers it contains;

(d) The Parties have not relied upon any representations or statements made by the other Party that are not specifically set forth in this Agreement; and

(e) The Parties are fully aware of the legal and binding effect of this Agreement.

**Signatory Representations**

37. The undersigned declares and represents that he or she is competent to execute the Agreement, and that he or she is duly authorized and has the full right and authority to execute the Agreement on behalf of the parties for whom he or she is signing.

///

///

///

///

///

///

///

///

///

///

///

///

///

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

_____

Plaintiff: Marco Romero, Jr.

Date:

Boy Scouts of America

By: _____

Its: _____

Date:

National Boy Scouts of America Foundation

By: _____

Its: _____

Date:

Las Vegas Area Council, Inc.

By: _____

Its: _____

Date:

15