

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA CM/ECF**

September 7, 2021

Hon. Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

    Re:    <u>In re Boy Scouts of America and Delaware BSA, LLC Case No. 20-10343</u>

Dear Judge Silverstein:

    I attach a revised form of proposed order and certification of counsel addressing Century and Hartford's Motion for an Ordering Authorizing Rule 2004 Discovery, which sought claims aggregator-related discovery. *See* D.I. 1974. The Debtors, TCC, FCR, and Coalition have agreed to the form of proposed order, along with Century, Hartford, and each of the parties that joined the Motion. We respectfully ask that the Court disregard the letter objection served by counsel for AVA Law Group, a.k.a. Andrew Van Arsdale, asking that Reciprocity Industries be struck from the proposed order. [D.I. 2166].

    Century and Hartford's Rule 2004 Motion sought discovery against the claim aggregators involved in the generation and filing of the proofs of claims in this case. As explained in the briefs filed in support of the 2004 Motion, Reciprocity is the claims aggregator run by Mr. Van Arsdale that generated many if not the bulk of the AIS claim associated with Mr. Kosnoff. See D.I. 2180. The Court referred to Mr. Kosnoff's admissions in his Rule 2019 statement concerning proofs of claim filed by AIS as support for granting of the claims aggregator discovery and in explaining why the discovery sought is potentially relevant to the pending objections to the solicitation motion. See 8/30/21 Hr'g Tr. at 46:10–21 ("I think the evidence that was submitted raises concerns about how some of these claims were generated and the recent declaration there Mr. Kosnoff adds to that concern. So, at this time, I'm going to permit that discovery."). In support of Century's Objections to the Debtors' Solicitation Procedures, we submitted a declaration from a person who worked for Reciprocity in generating proofs of claims. See D.I. 3857-2.

    In short, the discovery sought from claims aggregator Reciprocity was referred to in our Rule 2004 Motion papers and is well within the scope of the relief sought. If the Court elects not to include Reciprocity within its order, we simply ask that we not be precluded from separately pursing this discovery in connection with the contested solicitation motion.

The Honorable Laurie Selber Silverstein
September 7, 2021
Page 2

                Respectfully submitted,

                Stamatios Stamoulis (Del. Bar #4606)
                Of Stamoulis & Weinblatt LLC

Cc: All Counsel of Record (via CM/ECF)