IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: September 22, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled**

# FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CBRE, INC., AS REAL ESTATE APPRAISER TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM DECEMBER 1, 2020 THROUGH APRIL 8, 2021

| | |
|---|---|
| Name of Applicant: | CBRE, Inc. |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to December 1, 2020 by order signed on or about December 15, 2020 |
| Period for which Compensation and Reimbursement is Sought: | December 1, 2020 through April 8, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,454,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $          0.00 |

This is a(n):     monthly     x  interim     final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/07/21 | 12/01/20 – 04/08/21 | $1,454,000.00 | $0.00 | $1,163,200.00 | $0.00 |

## COMPENSATION BY CATEGORY

The work covered by this application comprised real estate appraisals billed on a flat rate basis per appraisal.

## EXPENSE SUMMARY

Applicant did not charge for any expenses in this Application.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: September 22, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled**

# FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CBRE, INC., AS REAL ESTATE APPRAISER TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM DECEMBER 1, 2020 THROUGH APRIL 8, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 [Docket No. 341] (the "Administrative Order") and the "Order Amending the Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 589] (the "Amended Administrative Order"), CBRE, Inc. ("CBRE"), Real Estate Appraiser to the Tort Claimants' Committee (the "Committee"), hereby submits its First Interim Application for

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Compensation and for Reimbursement of Expenses for the Period from December 1, 2020 through April 8, 2021 (the "Application").

By this Application CBRE seeks an interim allowance of compensation in the amount of $1,454,000.00 and actual and necessary expenses in the amount of $0.00 for a total allowance of $1,454,000.00 and payment of the unpaid amount of such fees and expenses for the period December 1, 2020 through April 8, 2021 (the "Interim Period") in accordance with the terms of the Amended Administrative Order.  In support of this Application, CBRE respectfully represents as follows:

## Background

1. On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  On or about August 6, 2021, the Court signed the Amended Administrative Order which provides, among other things, that a Professional may submit monthly fee applications.  If no objections

are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final fee applications are filed and a final fee order is entered by the Court.

4. On or about December 3, 2020 the Committee filed its, "Application of the Official Tort Claimants' Committee Pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain CBRE, Inc. as Real Estate Appraiser, Effective as of December 1, 2020" ("CBRE Retention Application").

5. Approximately 84,000 childhood sexual abuse claims have been filed in this case. One major potential source for the funds to satisfy the claims in this case is property owned by the approximately 253 Boy Scout Local Councils ("Local Councils"). The Local Councils own over 1,000 separate real properties including camps, service centers, and Scout Shops (the "Real Properties"). If the Local Councils are to receive the benefit of a non-consensual release of claims that are then channeled to a trust under a plan, the Local Councils must contribute substantial consideration towards a victims' compensation fund to be administered by a trust. The adequacy of the value contributed by the Local Councils will be determined in large part by the value of assets that the Local Councils have available for creditor

recovery, including the value of the Real Properties. The Committee therefore required an experienced real estate appraiser to assist in determining the value of the Real Properties.

6. To keep costs to a minimum and to optimize the most relevant information, the Debtors' real estate advisor (JLL) is also evaluating a substantial portion of the Local Council Real Properties and sharing the Appraisals with the Committee. Similarly, the Committee has shared the Appraisals prepared by CBRE with the Debtors. In addition, both CBRE and JLL also appraised a small set of the same properties for the purposes of comparing the advisors' evaluations.

7. To streamline costs, CBRE prepared restricted appraisals ("Appraisals") of the Real Properties. The Appraisals were completed on a desk-top basis, meaning that CBRE did not necessarily conduct site inspections, and conform to the Uniform Standards of Professional Appraisal Practice.

8. Under the CBRE Retention Application, and underlying engagement agreement, CBRE charged a flat fee of $2,900 for each Appraisal and CBRE could seek reimbursement of actual and necessary expenses. In the event that further services were required, or should CBRE provide witness testimony, be subpoenaed or otherwise the subject of discovery, CBRE could seek compensation for those services at CBRE's standard hourly rates, as set forth in the CBRE Retention Application. CBRE is not seeking compensation for any hourly services in the Application.

9. During its current engagement, CBRE began the appraisal process for thirty-six of the Real Properties. During the appraisal process, CBRE determined that the thirty-

six Real Properties were not owned by a Local Council (if the Real Property is not owned by a Local Council, it is not available to pay creditors). CBRE conducted all of the diligence to appraise the thirty-six Real Properties and prepare the appraisals; however, the Committee instructed CBRE to not produce a completed Appraisal because the thirty-six Real Properties are not available for creditor recoveries. As a result, CBRE only charged $500 for thirty-fix of the Real Properties and $1,000 for another, which resulted in a savings to the Debtors' estates of $85,900.

10. The retention of CBRE, was approved effective as of December 1, 2020, by this Court's "Order Pursuant to Sections 328(s), 330, 331 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of CBRE, Inc. as Real Estate Appraiser, Effective as of December 1, 2020," signed on or about December 15, 2020 (the "Retention Order"). The Retention Order, among other things, authorized CBRE to be compensated on a fixed fee basis, with no requirement that CBRE maintain time records relating to its services, except if and to the extent that it becomes subject to a subpoena or other discovery request.

### CBRE'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

11. CBRE's First Monthly (Combined) Fee Application for the time period of December 1, 2020 through April 8, 2021, which includes invoices for CBRE's Phase One, Two and Three Appraisals and lists of Real Properties appraised was filed and serviced on May 7, 2021 [Docket No. 3398].

12. CBRE respectfully submits that the Appraisals were conducted in a timely, efficient and professional manner that provided substantial benefit to the Committee, and the Debtors' estates and creditors.

**Requested Relief**

13. By this Application, CBRE requests that the Court approve of one-hundred percent (100%) of the fees incurred by CBRE during the Interim Period of December 1, 2020 through April 8, 2021 on an interim basis and payment of any unpaid amounts in accordance with the terms of the Amended Administrative Order.

14. At all relevant times, CBRE has not represented any party having an interest adverse to these cases.

15. All services for which CBRE requests compensation were performed for or on behalf of the Committee.

16. CBRE has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between CBRE and any other person for the sharing of compensation to be received for services rendered in these cases. As disclosed in its Retention Application, CBRE may, however, pay third party real estate professionals and real estate information companies in order to purchase from them their local market insights and data.

17. The professional services and related expenses for which CBRE requests interim allowance of compensation were rendered and incurred in connection with these cases in

the discharge of CBRE's professional responsibilities as real estate appraiser for the Committee in these chapter 11 cases. CBRE's services have been necessary and beneficial to the Committee, the Debtors and their estates, creditors and other parties in interest.

18. In accordance with section 328 of the Bankruptcy Code, it is respectfully submitted that the amount requested by CBRE is fair and reasonable given the nature and extent of the services rendered, and the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, CBRE has reviewed the requirements of Del. Bankr. LR 2016-2, as limited by the Retention Order, and the Administrative Order and believes that this Application complies with such Rule and Orders.

**WHEREFORE,** CBRE respectfully requests that the Court enter an order, in the form attached hereto, providing that an interim allowance be made to CBRE in the total amount; and for such other and further relief as may be just and proper.

Dated: September 8, 2021     CBRE, Inc.

By: */s/ Thomas Baroch*
Thomas Baroch, a Managing Director of the
Valuation and Advisory Services Division

## **DECLARATION**

STATE OF COLORADO   :
                    :
COUNTY OF DENVER    :

Thomas Baroch, after being duly sworn according to law, deposes and says:

a) I am a Managing Director of the Valuation and Advisory Services division at CBRE, Inc. ("CBRE"), and authorized to make this declaration on behalf of CBRE.

b) I am familiar with the work performed on behalf of Committee by CBRE and its employees and agents.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the requirements of Del. Bankr. LR 2016-2, as limited by the Retention Order, and the Administrative Order and believe that this Application complies with such Rule and Orders.

Dated: September 8, 2021

/s/ *Thomas Baroch*
Thomas Baroch, as Agent for CBRE