IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | ) ) | Case No. 20-10343 (LSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |

**Objection Deadline: September 23, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

# SECOND MONTHLY (COMBINED) APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CBRE, INC., AS REAL ESTATE APPRAISER TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM APRIL 9, 2021 THROUGH JUNE 14, 2021

| | |
|---|---|
| Name of Applicant: | CBRE, Inc. |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to December 1, 2020 by order signed on or about December 15, 2020, and as expanded by order signed on or about July 24, 2021 |
| Period for which Compensation and Reimbursement is Sought: | April 9, 2021 through June 14, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary[2]: | $14,500.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $     0.00 |

This is a(n):    x   monthly         interim         final application.

The total time expended for fee application preparation is approximately 2.0 hours and the corresponding compensation requested is approximately $800.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Applicant reserves the right to seek compensation in future applications for additional fees and costs incurred during the Application Period and not included in this Application.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/07/21 | 12/01/20 – 04/08/21 | $1,454,000.00 | $0.00 | $1,163,200.00 | $0.00 |

## COMPENSATION BY CATEGORY

The work covered by this application comprised consulting services on a flat rate basis.

## EXPENSE SUMMARY

Applicant did not charge for any expenses in this Application.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | ) ) | Case No. 20-10343 (LSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: September 23, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

# SECOND MONTHLY (COMBINED) APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CBRE, INC., AS REAL ESTATE APPRAISER TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM APRIL 9, 2021 THROUGH JUNE 14, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020 (the "Administrative Order") and the "Order Amending the Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief"[Docket No. 589] (the "Amended Administrative Order"), CBRE, Inc. ("CBRE"), Real Estate Appraiser to the Tort Claimants' Committee (the "Committee"), hereby submits its Second Monthly (Combined) Application for Compensation and for

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Reimbursement of Expenses for the Period from April 9, 2021 through June 14, 2021 (the "Application").

By this Application CBRE seeks a monthly interim allowance of compensation in the amount of $14,500.00 and actual and necessary expenses in the amount of $0.00 for a total allowance of $14,500.00 and payment of $11,600.00 (80% of the allowed fees) and reimbursement of $0.00 (100% of allowed expenses) for a total payment of $$11,600.00 for the period April 9, 2021 through June 14, 2021 (the "Interim Period"). In support of this Application, CBRE respectfully represents as follows:

**Background**

1. On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. On or about August 6, 2021, The Court signed The Amended Administrative Order which provides, among other things, that a Professional may submit monthly fee applications. If no objections

are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

### **Retention of CBRE to Value the Local Council Real Properties**

4. On or about December 3, 2020 the Committee filed its, "Application of the Official Tort Claimants' Committee Pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain CBRE, Inc. as Real Estate Appraiser, Effective as of December 1, 2020" ("CBRE Retention Application").

5. Approximately 84,000 childhood sexual abuse claims have been filed in this case. One major potential source for the funds to satisfy the claims in this case is property owned by the approximately 253 Boy Scout Local Councils ("Local Councils"). The Local Councils own over 1,000 separate real properties including camps, service centers, and Scout Shops (the "Real Properties"). If the Local Councils are to receive the benefit of a non-consensual release of claims that are then channeled to a trust under a plan, the Local Councils must contribute substantial consideration towards a victims' compensation fund to be administered by a trust. The adequacy of the value contributed by the Local Councils will be determined in large part by the value of assets that the Local Councils have available for creditor

recovery, including the value of the Real Properties. The Committee therefore required an experienced real estate appraiser to assist in determining the value of the Real Properties.

6. To keep costs to a minimum and to optimize the most relevant information, the Debtors' real estate advisor (JLL) is also evaluating a substantial portion of the Local Council Real Properties and sharing the Appraisals with the Committee. Similarly, the Committee has shared the Appraisals prepared by CBRE with the Debtors. In addition, both CBRE and JLL also appraised a small set of the same properties for the purposes of comparing the advisors' evaluations.

7. To streamline costs, CBRE prepared restricted appraisals ("Appraisals") of the Real Properties. The Appraisals were completed on a desk-top basis, meaning that CBRE did not necessarily conduct site inspections, and conform to the Uniform Standards of Professional Appraisal Practice.

8. Under the CBRE Retention Application, and underlying engagement agreement, CBRE charged a flat fee of $2,900 for each Appraisal and CBRE could seek reimbursement of actual and necessary expenses. In the event that further services were required, or should CBRE provide witness testimony, be subpoenaed or otherwise the subject of discovery, CBRE could seek compensation for those services at CBRE's standard hourly rates, as set forth in the CBRE Retention Application. CBRE is not seeking compensation for any hourly services in the Application.

9. During its current engagement, CBRE began the appraisal process for thirty-six of the Real Properties. During the appraisal process, CBRE determined that the thirty-

six Real Properties were not owned by a Local Council (if the Real Property is not owned by a Local Council, it is not available to pay creditors). CBRE conducted all of the diligence to appraise the thirty-six Real Properties and prepare the appraisals; however, the Committee instructed CBRE to not produce a completed Appraisal because the thirty-six Real Properties are not available for creditor recoveries. As a result, CBRE only charged $500 for thirty-fix of the Real Properties and $1,000 for another, which resulted in a savings to the Debtors' estates of $85,900.

10. The retention of CBRE, was approved effective as of December 1, 2020, by this Court's "Order Pursuant to Sections 328(s), 330, 331 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of CBRE, Inc. as Real Estate Appraiser, Effective as of December 1, 2020," signed on or about December 15, 2020 (the "Retention Order"). The Retention Order, among other things, authorized CBRE to be compensated on a fixed fee basis, with no requirement that CBRE maintain time records relating to its services, except if and to the extent that it becomes subject to a subpoena or other discovery request.

**Expansion of the Scope of Retention of CBRE**

11. On or about June 1, 2021 the Committee filed its, "Application for Entry of an Order Authorizing the Official Tort Claimants' Committee to Expand the Scope of the Retention of CBRE, Inc., Effective as of April 15, 2021," ("CBRE Application to Expand Retention") [Doc. No. 5178].

12. Beginning on or about April 15, 2021, pursuant to a Consulting Services Agreement executed by the Committee on April 28, 2021 (the "Consulting Agreement"), CBRE began performing (and will continue to perform as necessary) certain additional real estate services related to the creation of an interactive online map to help the Committee visualize the impact of potential real estate decisions by combining valuation, demographic and other data related to the Real Properties. The additional real estate services performed by CBRE are described in further detail in Appendix A to the Consulting Agreement, a copy of which agreement was attached to the CBRE Application to Expand Retention.

13. Under the expanded retention, CBRE would charge a one-time fixed fee of $7,500 related to certain research tasks and $3,500 per month for April 15, 2021-May 14, 2021 and May 15, 2021-June 14, 2021 and for such additional months as are needed and mutually agreed to by the Committee and CBRE.

14. The CBRE Application to Expand Retention was approved effective as of April 15, 2021, by this Court's "Order Authorizing the Official Tort Claimants' Committee to Expand the Scope of the Retention of CBRE, Inc., Effective as of April 15, 2021," signed on or about July 24, 2021 (the "Expanded Retention Order"). [Doc. No. 5734]. The Expanded Retention Order, among other things, authorized CBRE to be compensated for additional services in accordance with the terms and subject to the conditions set forth in the Consulting Agreement, effective as of April 15, 2021.

# CBRE's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

## Compensation Paid and Its Source

15. Attached hereto as Exhibit "A" is CBRE's invoice for additional services pursuant to the Consulting Agreement. Such services for the Application Period total $14,500, and include the one-time fixed fee of $7,500 related to certain research tasks and $3,500 per month for April 15, 2021-May 14, 2021 and May 15, 2021-June 14, 2021.

16. CBRE respectfully submits that the additional services were conducted in a timely, efficient and professional manner that provided substantial benefit to the Committee, and the Debtors' estates and creditors.

## Requested Relief

17. By this Application, CBRE requests that the Court allow, on an interim basis, fees in the amount of $14,500.00, and costs in the amount of $0.00, for a total interim allowance of $14,500.00, and authorize payment of $$11,600.00, comprising 80% of the allowed fees and 100% of the allowed costs incurred by CBRE during the Interim Period of April 9, 2021 through June 14, 2021.

18. At all relevant times, CBRE has not represented any party having an interest adverse to these cases.

19. All services for which CBRE requests compensation were performed for or on behalf of the Committee.

20. CBRE has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application. There is no agreement or understanding between CBRE and any other person for the sharing of compensation to be received for services rendered in these cases. As disclosed in its Retention Application, CBRE may, however, pay third party real estate professionals and real estate information companies in order to purchase from them their local market insights and data.

21. The professional services and related expenses for which CBRE requests interim allowance of compensation were rendered and incurred in connection with these cases in the discharge of CBRE's professional responsibilities as real estate appraiser for the Committee in these chapter 11 cases. CBRE's services have been necessary and beneficial to the Committee, the Debtors and their estates, creditors and other parties in interest.

22. In accordance with section 328 of the Bankruptcy Code, it is respectfully submitted that the amount requested by CBRE is fair and reasonable given the nature and extent of the services rendered, and the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, CBRE has reviewed the requirements of Del. Bankr. LR 2016-2, as limited by the Retention Order, and the Administrative Order and believes that this Application complies with such Rule and Orders.

**WHEREFORE,** CBRE respectfully requests that the Court enter an order, in the form attached hereto, providing that an interim allowance be made to CBRE in the total amount of $14,500.00 for the period from April 9, 2021 through June 14, 2021, including the sum of $14,500.00, as compensation for necessary professional services rendered, and the sum of $0.00 for reimbursement of actual necessary costs and expenses; that the Debtors be authorized and

directed to pay to CBRE $$11,600.00 (80% of the allowed fees and 100% of the allowed expenses); and for such other and further relief as may be just and proper.

Dated:  September 9, 2021            CBRE, Inc.

By: */s/ Thomas Baroch*
Thomas Baroch, a Managing Director of the
Valuation and Advisory Services Division

# DECLARATION

STATE OF DENVER    :
                   :
COUNTY OF COLORADO :

Thomas Baroch, after being duly sworn according to law, deposes and says:

a) I am a Managing Director of the Valuation and Advisory Services division at CBRE, Inc. ("CBRE"), and authorized to make this declaration on behalf of CBRE.

b) I am familiar with the work performed on behalf of Committee by CBRE and its employees and agents.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the requirements of Del. Bankr. LR 2016-2, as limited by the Retention Order; the order expanding CBRE's retention; and the Administrative Order as modified, and believe that this Application complies with such Rule and Orders.

Dated: September 9, 2021

*/s/ Thomas Baroch*
Thomas Baroch, as Agent for CBRE