# UNITED STATES BANKRUPTCY COURT

_____ District of _____ Delaware _____

In re __Boy Scouts of America and Delaware BSA, LLC__
                    Debtor

Case No. ____20-10343 (LSS)____

_(Complete if issued in an adversary proceeding)_

Chapter ____11____

_____
                    Plaintiff
                       v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Catalur Capital Management, LP a/k/a Catalur Capital Management GP, LLC, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801
_(Name of person to whom the subpoena is directed)_

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### Contained herein in Exhibit 1

| PLACE  STAMOULIS & WEINBLATT LLC, Attn: Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com | DATE AND TIME 9/20/2021 by 5:00 pm Eastern |
|---|---|

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___9/8/2021___

CLERK OF COURT

OR

_____          _Tancred Schiavoni_
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
___Century Indemnity Company___ , who issues or requests this subpoena, are:
Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT 1

# DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply:

1.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      "Abuse Claim"  means a liquidated or unliquidated claim against the Debtors that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, alleged sexual abuse that occurred prior to the Petition Date, including any such claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by the Debtors or any other person for whom the Debtors are alleged to be responsible

3.      "BSA" means, collectively or individually, Boy Scouts of America and Delaware BSA LLC.

4.      "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

5.      "Chartered Organizations" means each and every civic, faith-based, educational or business organization, governmental entity or organization, other entity or organization, or

group of individual citizens, in each case presently or formerly authorized by the BSA to operate, sponsor or otherwise support one or more Scouting units.

6.      "Claims Matrix"  means a table scheduling tiers of abuse types, and identifying the base Matrix Value, and maximum Matrix Value for each tier.

7.      "Coalition" means the Coalition of Abused Scouts for Justice.

8.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

9.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

10.      "Debtors" means, collectively or individually, Boy Scouts of America and Delaware BSA LLC.

11.      "Documents"  means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records,

contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

12.    "FCR" means the Future Claimants' Representative, James L. Patton, Jr., the appointed future claims representative in these Chapter 11 Cases.

13.    "Local Councils" means, collectively, each and every current or former local council of the BSA.

14.    "Plan of Reorganization" shall mean any plan of reorganization for the Debtors and any drafts thereof.

15. "Settlement Trust" means the proposed trust organized under the laws of the state of Delaware and the Settlement Trust Agreement for the purposes set forth therein, including assuming liability for all Abuse Claims, holding, preserving, maximizing, and administering the Settlement Trust Assets, and directing the processing, liquidation and payment of all compensable Abuse Claims.

16. "TCC" means the Official Committee of Tort Claimants appointed in these Chapter 11 Cases.

17. "TDPs" means the Trust Distribution Procedures.

18. "You" or "Your" and variants thereof mean Catalur Capital Management, LP, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for the purposes of these Requests for Production, the following Instructions shall be followed:

1. Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2. All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3. Unless otherwise stated in a specific Request for Production herein, the relevant time period shall be the period from the inception of the Debtors to the present.

4.     These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems (including, without limitation, Gmail, Yahoo, etc.).You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

6.     Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

     a.   Identify the type, title and subject matter of the Document;

     b.   State the place, date, and manner of preparation of the Document;

     c.   Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

     d.   Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which

relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

11.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

12.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

13.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.     All Documents produced to the Propounding Insurers shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard

Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database Load Files and Production Media Structure</u>:  Database load files shall consist of:  (i) a comma-delimited values (".dat") file containing:  production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      <u>Electronic Documents and Data, Generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Propounding Insurers, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      <u>Emails and Attachments, and Other Email Account-Related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems, including, but not limited, to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Propounding Insurers.

5.      <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Propounding Insurers to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format, including, but not limited to, data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.  XML format file(s);

    b.  Microsoft SQL database(s);

    c.  Access database(s); and/or

    d.  fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements

listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.     <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.     <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## **DOCUMENT REQUESTS**

## **REQUEST FOR PRODUCTION NO. 1**

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures or an executed signature page that was attached to more than one proof of claim.

## **REQUEST FOR PRODUCTION NO. 2**

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

## **REQUEST FOR PRODUCTION NO. 3**

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications Concerning and/or reflecting any analysis Concerning the number and valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prepetition.

**REQUEST FOR PRODUCTION NO. 5**

All Documents Concerning presentations made to anyone Concerning and/or reflecting any analysis Concerning the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prepetition.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications Concerning any estimation and forecasting of present and future liabilities for Abuse Claims in connection with these Chapter 11 Cases and prepetition, and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 7**

All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications Concerning the development of the TDPs or any other procedures for allowing and valuing Abuse Claims alleged against BSA, the Local Councils and/or Chartered Organizations.

**REQUEST FOR PRODUCTION NO. 9**

All Documents Concerning any analysis of the values of Abuse Claims identified in the TDPs, including but not limited to, the values of Abuse Claims falling into the various different tiers described in the Claims Matrix for Abuse Claims identified in the TDPs.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications reflecting the methodologies, metrics, and/or assumptions utilized in connection with any analysis Concerning the value of any present or future Abuse Claims, including but not limited the values identified in the TDPs.

**REQUEST FOR PRODUCTION NO. 11**

All Documents Concerning or relating to the Settlement Trust Assets, including but not limited to all Communications between and/or among the Debtors, any related non-Debtor entities, any Local Councils, the TCC, the Coalition, and the FCR related thereto.

## REQUEST FOR PRODUCTION NO. 12

All Documents Concerning or relating to the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

## REQUEST FOR PRODUCTION NO. 13

All Documents Concerning the insurance coverage allegedly available to BSA for Abuse Claims.

## REQUEST FOR PRODUCTION NO. 14

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for BSA and/or the Abuse Claims against BSA, either during these Chapter 11 Cases or prepetition.

## REQUEST FOR PRODUCTION NO. 15

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or prepetition.

## REQUEST FOR PRODUCTION NO. 16

All Documents and Communications Concerning any estimation and/or forecasting of present and future liabilities for Abuse Claims in connection with these Chapter 11 Cases and prepetition, and the valuation of insurance policies associated with such liability.

## REQUEST FOR PRODUCTION NO. 17

All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors.

## REQUEST FOR PRODUCTION NO. 18

All Documents Concerning BSA and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 19**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 20**

All term sheets relating to a Plan of Reorganization for the Debtors.

**REQUEST FOR PRODUCTION NO. 21**

All Communications Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 22**

All Communications between You and Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, and/or Archer Systems Concerning BSA or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 23**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or prepetition.

**REQUEST FOR PRODUCTION NO. 24**

All Documents Concerning the advertising campaign to attract Abuse Claims against BSA or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 25**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 26**

All Documents and Communications Concerning Slater Slater & Schulman LLP and its involvement in the Chapter 11 Cases, including but not limited to, all Documents and Communications Concerning potentially fraudulent Abuse Claims or activities by Slater, Slater

& Schulman LLP in the Chapter 11 Cases, including but not limited to all Documents or Communications Concerning the affixture of attorney Jonathan Slater's identical photocopied signature pages on proofs of claim forms that he submitted or that were submitted on his behalf in these Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 27

All Documents and Communications Concerning any attorneys at ASK LLP, Andrews & Thornton, and/or Slater Slater & Schulman LLP who signed hundreds of proofs of claim forms in the Chapter 11 Cases in a single day, including but not limited to David H. Stern, Sean T. Higgins, Michael S. Werner, and Jonathan Schulman.

Dated: September 8, 2021

<table>
<tr>
<td>

CHOATE, HALL & STEWART, LLP
Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

*-and-*

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 0211
Telephone: (617) 542-6000
kmarrkand@mintz.com
lbstephens@mintz.com

*Counsel to Liberty Mutual Insurance Company*

</td>
<td>

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, Delaware 19801
Telephone: 302 999 1540
Facsimile: 302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212 326 2000
Facsimile: 212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

</td>
</tr>
</table>

TROUTMAN PEPPER HAMILTON
SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:     302.777.6500
Facsimile:     302.421.8390

*-and-*

Harris B. Winsberg (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:     404.885.3000
Facsimile:     404.885.3900

*-and-*

MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted *pro hac vice*)
Ryan S. Smethurst (admitted *pro hac vice*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:     202.756.8228
Facsimile:     202.756.8087

*Attorneys for Allianz Global Risks US*
*Insurance Company*

TROUTMAN PEPPER HAMILTON
SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:     302.777.6500
Facsimile:     302.421.8390

*-and-*

Harris B. Winsberg (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:     404.885.3000
Facsimile:     404.885.3900

*-and-*

Bradley Riley Jacobs PC
Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:  312.281.0295

*Attorneys for National Surety Corporation*
*and Interstate Fire & Casualty Company*

Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
mcclambc@ballardpshar.com

*-and-*

Harry Lee*
John O'Connor*
Brett Grindrod*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-8078
Facsimile: (202) 429-3902
E-mail: hlee@steptoe.com
joconnor@steptoe.com
bgrindrod@steptoe.com
(*Admitted *pro hac vice*)

*Attorneys for Clarendon America
Insurance Company, Maryland Casualty
Company, Maryland American General
Group, American General Fire & Casualty
Company*

REGER RIZZO & DARNALL LLP
Louis J. Rizzo, Jr., Esquire (#3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email:  lrizzo@regerlaw.com

*Attorney for Defendants, Travelers Casualty
and Surety Company, Inc. (f/k/a Aetna
Casualty & Surety Company), St. Paul
Surplus Lines Insurance Company and Gulf
Insurance Company*

BODELL BOVÉ, LLC
Bruce W. McCullough (No. 3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

*- and -*

CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email: bruce.celebrezze@clydeco.us

*- and –*

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
Email: konrad.krebs@clydeco.us

*- and –*

DAVID CHRISTIAN ATTORNEYS
LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email: dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance
Company; Great American E&S
Insurance Company, f/k/a Agricultural
Excess and Surplus Insurance Company;
and Great American E&S Insurance
Company*

FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone:     (302) 538-8331
Facsimile:     (302) 394-9228
Email: drichards@finemanlawfirm.com

*-and-*

FORAN GLENNON PALANDECH PONZI
& RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac
vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone:     (312) 863-5000
Facsimile:     (312) 863-5009
Email: sgummow@fgppr.com

*-and-*

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac
vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035
Email: mrosenthal@gibsondunn.com
          jhallowell@gibsondunn.com

*-and-*

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone:     (949) 451-3800
Facsimile:     (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for National Union Fire Insurance
Company of Pittsburgh, Pa.; Lexington*

*Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania; and their affiliated entities*