**<u>Exhibit B</u>**

**TCJC Term Sheet**

**THIS TERM SHEET DOES NOT PURPORT TO SUMMARIZE ALL OF THE TERMS, CONDITIONS, AND OTHER PROVISIONS WITH RESPECT TO THE TCJC SETTLEMENT DESCRIBED HEREIN, WHICH SHALL BE SUBJECT TO THE COMPLETION OF DEFINITIVE DOCUMENTS INCORPORATING THE TERMS SET FORTH HEREIN.  NOTHING CONTAINED IN THIS TERM SHEET SHALL BE AN ADMISSION OF FACT OR LIABILITY AND NO BINDING OBLIGATIONS WILL BE CREATED BY THIS TERM SHEET UNLESS AND UNTIL BINDING DEFINITIVE DOCUMENTS ARE EXECUTED AND DELIVERED BY ALL APPLICABLE PARTIES AND THE EFFECTIVE DATE OF THE PLAN HAS OCCURRED.  THIS TERM SHEET IS SUBJECT IN ALL RESPECTS TO MEDIATION PRIVILEGE, FEDERAL RULE OF EVIDENCE 408, AND ANY STATE LAW EQUIVALENTS.**

### The Church of Jesus Christ of Latter-day Saints Settlement Term Sheet

This Settlement Term Sheet (this "***Term Sheet***"), among The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole, including any affiliates or personnel (collectively, "***TCJC***"), Boy Scouts of America and Delaware BSA, LLC (together, the "***Debtors***"), the Coalition of Abused Scouts for Justice (the "***Coalition***"), the legal representative for future claimants (the "***FCR***" and, collectively with the Coalition, the "***Claimant Representatives***"), and the Ad Hoc Committee of Local Councils[1] (the "***AHC***", and collectively with TCJC, the Debtors, and the Claimant Representatives, the "***Parties***") describes the terms of a proposed settlement (the "***TCJC Settlement***") of TCJC Abuse Claims and TCJC Claims (each as defined herein), in connection with the Chapter 11 cases (the "***Chapter 11 Cases***") of the Debtors and certain related disputes and other matters being resolved pursuant hereto.  This Term Sheet incorporates the rules of construction set forth in section 102 of the Bankruptcy Code.  Capitalized terms used but not otherwise defined in this Term Sheet shall have the meanings assigned to them in the *Fourth Amended Chapter 11 Plan of Reorganization For Boy Scouts of America and Delaware BSA, LLC* [Docket No. 5484] (the "***Plan***").

This Term Sheet does not include a description of all of the terms, conditions, and other provisions that are to be contained in the definitive documents implementing the TCJC Settlement, which remain subject to negotiation in all respects in accordance herewith.

---

[1] Notwithstanding anything to the contrary in this Term Sheet, the obligations and undertakings of the AHC in connection with this Term Sheet or the Agreement shall be no greater than the AHC's parallel obligations and undertakings under section III of the Restructuring Support Agreement (including the "No Liability" subsection thereof) filed at Docket No. 5466-2.

| TERMS OF THE TCJC SETTLEMENT ||
|---|---|
| **Overall Settlement** | The TCJC Settlement will be implemented through the Plan, consistent with the terms of this Term Sheet. The TCJC Settlement shall constitute a compromise and settlement of all TCJC Abuse Claims (as defined herein), the TCJC Claims (as defined herein), and disputes relating to the Plan, including, among other things, the TCJC Insurance Rights (as defined herein). |
| | In consideration of the compromises and settlements set forth herein, (a) the Claimant Representatives will (i) support TCJC becoming a Protected Party subject to the protection of the Channeling Injunction, (ii) support amendments to the Plan as described here, (iii) recommend to all holders of Abuse Claims[2] entitled to vote on the Plan to vote to accept the Plan as amended in accordance with the TCJC Settlement, and (iv) will recommend to all holders of Abuse Claims entitled to vote on the Plan to support the releases in favor of TCJC as contained herein; and (b) TCJC will (i) contribute $250 million in Cash to the Settlement Trust on the date that the Confirmation Order and Affirmation Order become Final Orders, (ii) consent to the waiver, release, and expungement of the TCJC Claims, (iii) consent to the assignment of the TCJC Insurance Rights to the Settlement Trust, and (iv) vote to accept the Plan. |
| **Cash Contribution to the Settlement Trust** | On, or as soon as reasonably practicable after, the date the Plan has gone effective (the "***Effective Date***"), TCJC shall pay $250 million in Cash (the "***Settlement Payment***") into an escrow account (the "***Escrow Account***"), to be administered by an independent escrow agent acceptable to the Parties. The Settlement Payment (and all income earned thereon minus (a) the fees of the escrow agent, and (b) any taxes that are payable and other costs of the Escrow Account, which amounts in (a) and (b) shall be paid from the corpus of the Escrow Account (such income (or loss) minus such amounts, the "***Net Income***")) shall remain in the Escrow Account until the Confirmation Order shall become final and no longer subject to any further appeal or petition for rehearing or certiorari ("***Final and Non-Appealable***"), on which date the Settlement Payment shall be released from the Escrow Account to the Settlement Trust (the "***Release Date***"); *provided*, *however*, that, at its election, TCJC may authorize the payment of the Settlement Payment directly to the Settlement Trust on the Effective Date or may authorize the release of the Settlement Payment from the Escrow Account to the Settlement Trust at any time thereafter before the Confirmation Order becomes Final and Non-Appealable, in which event the date on which TCJC authorizes the payment or release of the Settlement Payment to the Settlement Trust shall be the Release Date. The Settlement Trust will have investment |

---

[2] The term "Abuse Claim" shall have the meaning assigned to it under the Plan, and for the avoidance of doubt, includes Post-1975 Chartered Organization Abuse Claims.

2

| TERMS OF THE TCJC SETTLEMENT ||
|---|---|
| | discretion with respect to the Settlement Payment while it is in the Escrow Account, subject to TCJC's reasonable approval of the investment protocol under which the Settlement Payment may be invested by the Settlement Trust; *provided further*, *however*, that the Settlement Trust will bear all risks associated with any such investment of the Settlement Payment and that no loss or failure to achieve desired investment returns on the Settlement Payment while it is in the Escrow Account shall require TCJC to increase the Settlement Amount it is paying; *provided further*, *however*, that the Debtors, Reorganized BSA, the Local Councils and the Chartered Organizations shall have no liability or obligations to TCJC or the Settlement Trust, and the Settlement Trust shall have no liability or obligations to TCJC, whatsoever for any loss or failure to achieve desired investment returns on the Settlement Payment while it is in the Escrow Account. |
| **Contribution of Insurance Rights** | On the Effective Date of the Plan, TCJC will consent, pursuant to the Plan, to the assignment and transfer by the Debtors, the Local Councils, and any other co-insureds of any and all rights, titles, privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the Abuse Insurance Policies, the Abuse Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof; (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries (collectively, the "***Debtor and Related Insurance Rights***"). TCJC will further agree to transfer and assign and any all of its rights, titles, privileges, interests, claims, demands or entitlements, as of the Effective Date, to any proceeds, payments, benefits, Causes of Action, choses in action, defense, or indemnity, now existing or hereafter arising, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, disputed or undisputed, fixed or contingent, arising under or attributable to: (i) the Abuse Insurance Policies, the Abuse Insurance Coverage, the Insurance Settlement Agreements, and claims thereunder and proceeds thereof; (ii) the Insurance Actions; and (iii) the Insurance Action Recoveries (collectively, the "***TCJC Insurance Rights***"). |
| **Voting** | TCJC agrees to (1) timely vote its Indirect Abuse Claims (Claim Nos. 1248 and 12530) and any other Claims against the Debtors to accept the Plan and not change or revoke its votes (subject to TCJC's receipt of a Bankruptcy Court-approved Disclosure Statement for the Plan) and (2) not "opt out" of the third-party releases contained in the |

3

| **TERMS OF THE TCJC SETTLEMENT** ||
|---|---|
| | Plan. |
| **Waiver and Release of TCJC Claims** | On the date that the Confirmation Order and Affirmation Order become Final Orders, TCJC shall waive and release the Debtors, Reorganized BSA, Related Non-Debtor Entities, Local Councils, other Protected Parties, Limited Protected Parties, Settling Insurance Companies, the FCR, the Coalition, and the Settlement Trust (the "***Releasing Parties***") from all Causes of Action and Claims relating to (1) Abuse Claims, (2) the Chapter 11 Cases, (3) the Plan, and/or (4) any Claims that were or could have been asserted by TCJC against the Debtors or the other Releasing Parties, including any Indirect Abuse Claims (the "***TCJC Claims***"); *provided*, *however*, that the Indirect Abuse Claims (Claim Nos. 1248 and 12530) filed by TCJC relating to the payment of costs to defend and resolve Abuse Claims shall be subordinated and not otherwise receive distributions until the date that the Confirmation Order and Affirmation Order become Final Orders. TCJC agrees to not file or assert any claim against the Settlement Trust, the Debtors or Reorganized BSA arising from any act or omission of the Debtors on or prior to the date that the Confirmation Order and Affirmation Order become Final Orders except in accordance with the Plan. |
| | On the date that the Confirmation Order and Affirmation Order become Final Orders, the Debtors, Reorganized BSA, Related Non-Debtor Entities, Local Councils, other Protected Parties, Limited Protected Parties, Settling Insurance Companies, the FCR, the Coalition, the Settlement Trust, and all parties that accept the Plan, or do not accept the Plan and do not opt-out of releases, shall waive and release TCJC from all TCJC Claims. The Debtors, Reorganized BSA, Related Non-Debtor Entities, Local Councils, other Protected Parties, Limited Protected Parties, Settling Insurance Companies, the FCR, the Coalition, and the Settlement Trust agree to not file or assert any claim against TCJC arising from any act or omission of TCJC on or prior to the date that the Confirmation Order and Affirmation Order become Final Orders except in accordance with the Plan. |
| **Release of Claims Against Settling Insurance Companies** | TCJC will release all Settling Insurance Companies from all Causes of Action relating to Abuse Insurance Policies issued by such Settling Insurance Companies. All Settling Insurance Companies will also release TCJC from all claims against TCJC relating to Abuse Insurance Policies issued by such Settling Insurance Companies. |
| **Protected Party Status** | TCJC will be a Protected Party under the Plan, such that TCJC will be subject to (i) the protection of the Channeling Injunction and (ii) the releases by holders of Abuse Claims, in each case, consistent with this Term Sheet. Holders of Abuse Claims will not be permitted to opt out of the Channeling Injunction or third-party releases with |

4

| **TERMS OF THE TCJC SETTLEMENT** ||
|---|---|
| | respect to TCJC's status as a Protected Party. |
| **Channeling Injunction** | Pursuant to the Channeling Injunction, any Abuse Claim in connection, in whole or in part, with TCJC's involvement in, or sponsorship of, one or more Scouting units (including any Claim that has been asserted or may be amended to assert in a proof of claim alleging abuse, whether or not timely filed, in the Chapter 11 Cases) ("***TCJC Abuse Claim***") shall be permanently channeled to the Settlement Trust under the Plan and such TCJC Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust, and may not proceed in any manner against TCJC in any forum whatsoever, including any state, federal, or non-U.S. court or any administrative or arbitral forum, and are required to pursue such TCJC Abuse Claim solely against the Settlement Trust, and shall be processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents.<br><br>TCJC will receive, at minimum, equivalent legal protections (including releases, findings, indemnities, and injunctions, and any other relevant terms of orders in connection with the Plan or any settlement related to the Plan) and treatment of the TCJC Abuse Claims as provided to any other non-Debtor Protected Party (other than the limited indemnity provided to Local Councils). |
| **Settlement Trust Enforcement of Channeling Injunction** | In the event that any litigation asserting a TCJC Abuse Claim is filed naming TCJC as a defendant in violation of the terms of the Confirmation Order, the Settlement Trust shall, at the request of TCJC, promptly appear (1) before the Bankruptcy Court to obtain entry of an order enforcing the Channeling Injunction and (2) in such litigation and seek the dismissal of the case. Under no circumstances shall the Settlement Trust be required to reimburse or indemnify TCJC for any claims, liabilities, losses, actions, suits, proceedings, third-party subpoenas, damages, costs, and expenses, including any liabilities related to, arising out of, or in connection with any TCJC Abuse Claim. |
| **Turnover of Records** | TBD |
| **Consent Rights** | TCJC will have consent rights with respect to any modifications to the Plan, the Settlement Trust Documents, and the Confirmation Order relating to the Channeling Injunction, releases by holders of Abuse Claims, and related definitional terms including, for the avoidance of doubt, "Abuse," "Abuse Claim," and "Protected Parties," but only to the extent that such modifications would affect TCJC. |

5

| **TERMS OF THE TCJC SETTLEMENT** ||
|---|---|
| **Definitive Documents** | The Plan, the Confirmation Order, the Affirmation Order, the Disclosure Statement, the Disclosure Statement Order, the solicitation materials with respect to the Plan, the Plan Documents, the Plan Supplement, any motions or pleadings filed by the Debtors in the Chapter 11 Cases seeking approval or confirmation of the foregoing, and any exhibits, appendices, schedules, supplements, or additional documents contemplated by the foregoing (the "*Definitive Documents*") shall be consistent in all respects with this Term Sheet, and the provisions regarding implementation of this TCJC Settlement in the Definitive Documents shall be in form and substance reasonably acceptable to the Parties. |
| **Findings and Orders** | Subject to modification by the Debtors, the Coalition, and the FCR, the Plan and Confirmation Order may include each of the Findings and Orders included in the Restructuring Support Agreement, filed 7/1/21. TCJC shall not object to the Findings and Orders or take any action in support of any party that objects to the Findings and Orders. Findings and Orders shall be reasonably acceptable to TCJC and will include, at a minimum, equivalent legal protections provided to any other non-Debtor party; *provided*, *however*, that TCJC agrees that the Findings and Orders in the Restructuring Support Agreement filed 7/1/21 are reasonably acceptable to TCJC.

The Plan and Confirmation Order shall include findings in form and substance acceptable to TCJC concerning the approval of the TCJC Settlement including, without limitation, that the Parties negotiated and entered into the TCJC Settlement at arm's length and in good faith and that the TCJC Settlement is fair and reasonable consideration for all parties thereto. |
| **Plan and Disclosure Statement** | So long as TCJC is included as a Protected Party and the Disclosure Statement and the Plan are otherwise consistent with the terms of this Term Sheet, TCJC shall support, and shall not object to, the approval of the Disclosure Statement, the confirmation of the Plan, and the approval of the Plan Documents, including the Settlement Trust Agreement and the Trust Distribution Procedures. |

6

| TERMS OF THE TCJC SETTLEMENT ||
|---|---|
| **Trust Distribution Procedures** | Subject to modification by the Coalition and the FCR in a manner consistent with this Term Sheet, the Trust Distribution Procedures may be in the form attached as Exhibit B to the Restructuring Support Agreement filed 7/1/21; *provided that* TCJC shall be included as a releasee in any form of release attached to the Trust Distribution Procedures to the same extent as BSA, Local Councils, and Chartered Organizations.  TCJC shall not object to the Trust Distribution Procedures or any amendments to the Trust Distribution Procedures that are consistent with this Term Sheet.  TCJC shall support and shall not object to the selection of the Settlement Trust Trustee as provided in Plan and Settlement Trust Agreement.  TCJC shall not interfere with the administration of the Settlement Trust. |
| **Public Statements** | Parties to cooperate with each other to coordinate on timing and substance of public statements of settlement, including press releases, court filings and in-court statements. |
| **Fiduciary Obligations of the Debtors and the FCR** | Notwithstanding anything in this Term Sheet to the contrary, no term or condition of this Term Sheet shall require the Debtors or the FCR to take or refrain from taking any action that either party determines in good faith would be inconsistent with their fiduciary duties under applicable law. |
| **State Court Counsel** | Each of the attorneys representing holders of Direct Abuse Claims listed on Schedule 1 hereto represents and warrants to the Parties that, as of the date hereof, it represents the number of holders of Direct Abuse Claims who filed timely Direct Abuse Claims in the Chapter 11 Cases that is listed next to its name on Schedule 1 hereto. |

## Schedule 1

### State Court Counsel

| FIRM | NOTICE ADDRESS | CLAIMS |
|---|---|---|
| Slater Slater Schulman LLP | Attn: Adam P. Slater (aslater@sssfirm.com)<br>488 Madison Avenue<br>20th Floor<br>New York, NY 10022 | 14170 |
| ASK LLP | Attn: Joseph Steinfeld (jsteinfeld@askllp.com)<br>151 West 46th Street, 4th Floor<br>New York, NY 10036 | 3277 |
| Andrews & Thornton, AAL, ALC | Andrews & Thornton<br>Attn: Anne Andrews (aa@andrewsthornton.com)<br>4701 Von Karman Ave., Suite 300<br>Newport Beach, CA 92660 | 3009 |
| Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. | Attn: Stewart J. Eisenberg (stewart@erlegal.com)<br>1634 Spruce Street<br>Philadelphia, PA 19103 | 16869 |
| Junell & Associates PLLC | Attn: Deborah Levy (dlevy@junell-law.com)<br>3737 Buffalo Speedway Ste. 1850<br>Houston, TX 77098 | 2918 |
| Reich & Binstock LLP | Attn: Dennis Reich (dreich@reichandbinstock.com)<br>4265 San Felipe St. #1000<br>Houston, TX 77027 | 336 |
| Krause & Kinsman Law Firm | Attn: Adam W. Krause (adam@krauseandkinsman.com)<br>4717 Grand Avenue #300<br>Kansas City, MO 64112 | 5981 |
| Bailey Cowan Heckaman PLLC | Attn: Aaron Heckaman (aheckaman@bchlaw.com)<br>5555 San Felipe St. Ste. 900<br>Houston, TX 77056 | 1026 |
| Jason J. Joy & Associates, PLLC | Attn: Jason Joy (jason@jasonjoylaw.com)<br>909 Texas St, Ste 1801<br>Houston, TX 770022 | 690 |

| FIRM | NOTICE ADDRESS | CLAIMS |
|---|---|---|
| Motley Rice LLC | Attn: Daniel Lapinski (dlapinski@motleyrice.com) 210 Lake Drive East Suite 101 Cherry Hill, NJ 08002 | 343 |
| Weller Green Toups & Terrell LLP | Attn: Mitchell Toups (matoups@wgttlaw.com) 2615 Calder Ave. #400 Beaumont, TX 77702 | 974 |
| Colter Legal PLLC | Attn: John Harnishfeger (john.harnishfeger@colterlegal.com) 1717 K St. NW Suite 900 Washington D.C. 20006 | 162 |
| Christina Pendleton & Associates, PLLC | Attn: Staesha Rath (sr@cpenlaw.com) 1506 Staples Mill Rd. Suite 101 Richmond, VA 23230 | 309 |
| Forman Law Offices, P.A. | Attn: Theodore Forman (ted@formanlawoffices.com) 238 NE 1st Ave. Delray Beach, FL 33444 | 125 |
| Danziger & De Llano LLP | Attn: Rod de Llano (rod@dandell.com) 440 Louisiana St. Suite 1212 Houston, TX 77002 | 1707 |
| Swenson & Shelley | Attn: Kevin Swenson (kevin@swensonshelley.com) 107 South 1470 East, Ste. 201 St. George, UT 84790 | 175 |
| Cohen Hirsch LP (formerly Brooke F. Cohen Law, Hirsch Law Firm) | Attn: Brooke F. Cohen (brookefcohenlaw@gmail.com) Attn: Andrea Hirsch (andrea@thehirschlawfirm.com) 4318 Glenwick Lane Dallas, TX 75205 | 64 |
| Damon J. Baldone PLC | Attn: Damon J. Baldone (damon@baldonelaw.com) 162 New Orleans Blvd. Houma LA 70364 | 471 |
| Cutter Law, P.C. | Attn: Brooks Cutter (bcutter@cutterlaw.com) | 358 |

| FIRM | NOTICE ADDRESS | CLAIMS |
|---|---|---|
|  | 4179 Piedmont Ave. 3rd Fl. Oakland, CA 94611 |  |
| Linville Johnson & Pahlke Law Group | Attn: Robert Pahlke (rgp@pahlkelawgroup.com) 2425 Circle Dr., Ste. 200 Scottsbluff NE 69361 | 71 |
| Porter & Malouf P.A. | Attn: Timothy Porter (tporter@portermalouf.com) 825 Ridgewood Rd. Ridgeland, MS 39157 | 86 |
| The Moody Law Firm | Attn: Will Moody Jr. (will@moodyrrlaw.com) 500 Crawford St., Ste. 200 Portsmouth, VA 23704 | 677 |
| Levin Papantonio Thomas Mitchell Rafferty & Procter P.A. | Attn: Cameron Stephenson (cstephenson@levinlaw.com) 316 South Baylen St. Pensacola, FL 32502 | 44 |
| Marc J Bern & Partners LLP | Attn: Joseph Cappelli (jcappelli@bernllp.com) 60 East 42nd St. Ste. 950 New York, NY 10165 | 5893 |

US-DOCS\125846064.12