B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____ Delaware

In re  Boy Scouts of America and Delaware BSA, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____ 20-10343 (LSS)

Chapter ____11_____

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Law Ruler, c/o Corporation Service Company,

To: _____ 251 Little Falls Drive, Wilmington, DE 19808 _____

*(Name of person to whom the subpoena is directed)*

☒   *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Contained herein in Exhibit 1

| PLACE   STAMOULIS & WEINBLATT LLC, Attn: Stamatios Stamoulis  800 N. West Street, Third Floor Wilmington, DE 19801  (302) 999-1540 stamoulis@swdelaw.com | DATE AND TIME  9/28/21 by 5:00 pm Eastern |
|---|---|

☐   *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  9/14/2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*Stamatios Stamoulis*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
  Century Indemnity Company  , who issues or requests this subpoena, are:
  Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1** (Law Ruler)

## DEFINITIONS

1.    "Attorney" means lawyer who indicated in the claim form signature page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.    "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.    "Claim Form" means the sexual abuse survivor proof of claim form submitted by You or on Your behalf in these Chapter 11 Cases.

4.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.    "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.    "Documents"  means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries,

memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible

things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records,

contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses,

reports, files, interoffice memoranda, or interoffice communications of any description,

calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers,

correspondence, emails, phone recordings, instant messages, text messages, telegrams,

advertisements, press releases, notes, letters, diaries, working papers, schedules, projections,

graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other

means, and all drafts thereof.  If a Document was prepared in several copies, or if additional

copies were thereafter made, and if any such copies are not identical in all respects or are no

longer identical by reason of subsequent notation or modification of any kind whatsoever,

including notes on the front or back, in the margins, or on any of the pages thereof, then each

such non-identical copy is a separate Document and must be produced.  When examples of

categories or types of Documents are given in a particular Request for Production by use of

phrases such as "including," this shall always be interpreted as being for illustrative purposes

only (i.e., to be understood as "including without limitation") and in no way limits or narrows the

scope of any Request for Production.  "Documents" always includes Communications, whether

so stated in a particular Request for Production or not.

7.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the

Chapter 11 Cases.

8.      "You" or "Your" and variants thereof mean Law Ruler including its individual

members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions, and for the purposes of

these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules

7034 and 9014(c), is hereby incorporated by reference and applies to each of the following

instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the

Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production herein, the relevant

time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature.  In the event

You become aware of or acquire additional information relating or referring to any of the

following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or

constructive possession, custody, or control, including in the possession, custody, or control of

current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and

materials are maintained, including on personal computers, PDAs, wireless devices, local area

networks, application-based communications services (including, without limitation, Facebook

Messenger, Instant Bloomberg, WeChat, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-

based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google

Drive, Hightail, etc.), or web-based email systems (including, without limitation, Gmail, Yahoo,

etc.).You must produce all Documents in Your possession, custody, or control, whether

maintained in electronic or paper form and whether located on hardware owned and maintained

by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

3

6.      Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.   Identify the type, title and subject matter of the Document;

    b.   State the place, date, and manner of preparation of the Document;

    c.   Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.   Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b)

4

has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.

In each instance, identify the Document, state the time period during which it was maintained,

state the circumstance and date surrounding authorization for such disposition, identify each

person having knowledge of the circumstances of the disposition, and identify each person who

had possession, custody, or control of the Document.  Documents prepared prior to, but which

relate or refer to, the time period covered by these Requests for Production are to be identified

and produced.

11.    If any part of the following Requests for Production cannot be responded to in

full, please respond to the extent possible, specifying the reason(s) for Your inability to respond

to the remainder and stating whatever information or knowledge You have Concerning the

portion to which You do not respond.

12.    If You object to any of these Requests for Production, state in writing with

specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You

object to a particular portion of any Request for Production, You shall respond to any other

portions of such Request for Production as to which there is no objection and state with

specificity the grounds of the objection.

13.    If the identity of Documents responding to a Request for Production is not known,

then that lack of knowledge must be specifically indicated in the response.  If any information

requested is not in Your possession, but is known or believed to be in the possession of another

person or entity, then identify that person or entity and state the basis of Your belief or

knowledge that the requested information is in such person's or entity's possession.

**MANNER OF PRODUCTION**

1.    All Documents produced to the Propounding Insurers shall be provided in either

native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as

5

specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      Database Load Files and Production Media Structure:  Database load files shall consist of:  (i) a comma-delimited values (".dat") file containing:  production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      Electronic Documents and Data, Generally:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Propounding Insurers, through a reasonable and

6

modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      Emails and Attachments, and Other Email Account-Related Documents:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems, including, but not limited, to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Propounding Insurers.

5.      Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Propounding Insurers to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format, including, but not limited to, data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.  XML format file(s);

      b.  Microsoft SQL database(s);

      c.  Access database(s); and/or

      d.  fixed or variable length ASCII delimited files.

6.      Spreadsheets, Multimedia, and Non-Standard File Types:  All Documents generated or stored in software such as Microsoft Excel or other commercially available

spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

For each Claim Form prepared by You in these Chapter 11 Cases or submitted by You to Omni in the Chapter 11 Cases, the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

**REQUEST FOR PRODUCTION NO. 2**

For each Claim Form which You prepared, submitted or for which You provided services in these Chapter 11 Cases (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata.  For each Claim Form, identify by claim number which signed standalone signature page was used.

**REQUEST FOR PRODUCTION NO. 3**

All Documents sufficient to show the names and email addresses associated with all accounts which You used to submit Claim Forms to Omni.

**REQUEST FOR PRODUCTION NO. 4**

All Documents reflecting any contracts or agreements You had with any law firm, person, or any other party pertaining to any services performed by You in relation to the Chapter 11 Cases, including but not limited to soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms for claimants or potential claimants in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5**

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including but not limited to

9

soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim

Forms for claimants or potential claimants in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6**

All Documents reflecting Communications Concerning or relating to obtaining Attorney

signatures for all Claim Forms submitted by You that were signed by an Attorney.

**REQUEST FOR PRODUCTION NO. 7**

For all Claim Forms that You submitted or for which You provided any services, all

Documents or Communications Concerning, reflecting or pertaining to the Claim Forms.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to show the (a) names of Your employees or members of other

organizations who performed any work Concerning or relating to the Chapter 11 Cases, (b) the

title and nature of the work performed by each employee of Your firm or third-party employee.

(c) For each responsive document to (a) and (b) identify the Claim Forms (by claim number) and

each employee of Your firm or third-party employee who performed work.

**REQUEST FOR PRODUCTION NO. 9**

All Documents reflecting Communications between You and any law firm or other entity

pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including but

not limited to any marketing of claims in the Chapter 11 Cases or any financial interest therein,

any offers to sell or transfer claims in the Chapter 11 Cases, and Communications pertaining to

financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 10**

All Documents sent from, to or otherwise involving the email address

esign@lawruler.com Concerning these Chapter 11 Cases and/or claims asserted against the

Debtors in these Chapter 11 Cases Concerning sexual abuse.

**REQUEST FOR PRODUCTION NO. 11**

All Documents and Communications Concerning the Claim Forms that generated by You

or submitted by You to Omni in these Chapter 11 Cases on behalf of anyone purporting to

represent an individual with a claim against the Debtors associated with sexual abuse, including

but not limited to any Attorneys affiliated with or employed by Slater Slater Schulman LLP,

Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, and/or Pagialunga & Harris, PS.

**REQUEST FOR PRODUCTION NO. 12**

All Documents and Communications Concerning any Claim Forms that were submitted

to Omni in these Chapter 11 Cases that included identical photocopied signature pages by or on

behalf of any Attorney, including but not limited to identical photocopied signatures of Attorneys

Jonathan Schulman and/or Adam Slater of Slater Slater Schulman LLP.

**REQUEST FOR PRODUCTION NO. 13**

A copy of the contents of the intake system(s) that You used to log, track, update and

otherwise process Claim Forms, including but not limited to all metadata or other data

Concerning the intake systems, and all Documents and Communications Concerning the intake

system(s) that You used to log, track, update, and otherwise process Claim Forms.

**REQUEST FOR PRODUCTION NO. 14**

All Documents Concerning these Chapter 11 Cases.

Dated:  September 14, 2021

By:  */s/ Stamatios Stamoulis*
        Stamatios Stamoulis (No. 4606)

**Stamoulis & Weinblatt LLC**
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*