IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**TORT CLAIMANTS' COMMITTEE'S MOTION TO ADJOURN
THE HEARING TO CONSIDER APPROVAL OF DISCLOSURE
STATEMENT AND SOLICITATION PROCEDURES FOR THE
FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION
FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

The Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC (consisting of survivors of childhood sexual abuse) (the "**Tort Claimants' Committee**" or the "**TCC**"), appointed in the above-captioned cases, respectfully request that the Court adjourn the hearing scheduled to commence on September 21, 2021 (the "**Disclosure Statement Hearing**") to consider approval of the *Amended Disclosure Statement for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No.6213] (the "**Amended Disclosure Statement**"), the *Debtors' Motion for Entry of Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [Docket No. 2618] (the "**Confirmation Scheduling Motion**"), and *Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV)*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware the BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 2295] (the "**Solicitation Procedures Motion**" and, together with the Confirmation Scheduling Motion, the "**Motions**") for at least three weeks[2] in order to allow the TCC and other parties in interest a reasonable period of time to review the *Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6212] (the "**Fifth Amended Plan"** or the "**Plan**") and the Amended Disclosure Statement and respond thereto. The TCC further requests that the supplemental deadline to object to the Debtors' Amended Disclosure Statement and the Motions should be set seven (7) days before the continued Disclosure Statement Hearing. In support thereof, the TCC respectfully states as follows:

## PRELIMINARY STATEMENT

1. On September 15, 2021, BSA filed the Fifth Amended Plan and Amended Disclosure Statement, only four (4) business days prior to the hearing scheduled for September 21, 2021 (and one of those business days includes the Jewish holiday of Yom Kippur), without indicating an objection deadline with respect to the Disclosure Statement or Motions.

2. The Debtors' proposed schedule allows the TCC and other parties in interest a handful of days to review the new documents and prepare objections on complex legal issues. Such a schedule is both completely unreasonable and legally impermissible. Rule 3017(a) of the

---

[2] The TCC understands that time is of the essence in these cases and therefore is not requesting that the Amended Disclosure Statement be re-noticed on the full notice required under the local and federal bankruptcy rules. Nevertheless, the TCC should have a minimum of two weeks to review and comment on the Fifth Amended Plan and the Amended Disclosure Statement and given the complexity of the issues, the Court should be provided with objections at least seven (7) days' prior to any continued Disclosure Statement Hearing.

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") permits a bankruptcy court to hold a disclosure statement hearing "on at least 28 days' notice."

3. The Fifth Amended Plan, new Disclosure Statement, and new trust distribution procedures (the "**TDPs**") are the product of the negotiations between BSA, Hartford, The Church of Jesus Christ of Latter Day Saints ("**LDS**"), and the Coalition of Abuse Survivors ("**Coalition**") that did not include the TCC. As set forth more fully in the *Motion of Official Committee of Tort Claimants for Entry of an Order Terminating the Debtors' Exclusive Periods to File a Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code*, that the TCC intends to file later today, the TCC does not support the Plan as it contains settlements with insurers, local councils, and LDS that are hopelessly inadequate.

4. The TCC and other objecting survivor groups and other parties in interest should have a reasonable time period to review the Fifth Amended Plan and the Amended Disclosure Statement and file objections in advance of any hearing.

5. BSA has previously argued that any delay will jeopardize its ability to emerge from chapter 11. For that reason, the TCC has not requested that the hearing be held on regular notice as required under the Bankruptcy Rules. However, the proposed timeline is patently unreasonable and the Court should balance the interests of BSA with the requirements that parties in interest be provided due process and set a reasonable briefing schedule in advance of a continued hearing.

## **RELIEF REQUESTED**

6. By this Motion, the TCC respectfully requests that the Court adjourn the Disclosure Statement Hearing set for September 21, 2021, and schedule a hearing on the Amended Disclosure Statement and the Motions on a date that provides the TCC and other objecting parties at least two (2) weeks to file objections to the revised Disclosure Statement.

**BASIS FOR RELIEF REQUESTED**

7. The Disclosure Statement Hearing should be adjourned for at least three (3) weeks and the deadline to object to the Debtors' Amended Disclosure Statement and the Motions should be set seven (7) days before the continued Disclosure Statement Hearing. Under Bankruptcy Rule 3017(a), the Court may only hold a hearing to approve a disclosure statement on "at least 28 days' notice" to parties-in-interest. While the Debtors may make immaterial or minor modifications to disclosure statements less than 28 days before a hearing, if there are wholesale amendments or modification to the disclosure statement or plan such as through the addition of substantial and prejudicial settlements not previously included in prior iterations of the Plan and Disclosure Statement, it is appropriate to adjourn or reschedule the hearing so that parties receive fair notice and opportunity to object to the disclosure statement.

8. Despite making material modifications to the Plan and TDPs, the Debtors still wish to go forward with the Disclosure Statement Hearing on September 21. This timeline is wholly inappropriate. The Fifth Amended Plan and Amended Disclosure Statement were filed less than four (4) business days before the scheduled Disclosure Statement Hearing (including the Jewish holiday of Yom Kippur). The TCC, other survivor groups, and other parties in interest are entitled to a reasonable time to review the new Amended Disclosure Statement and present their objections to the Court. Parties in interest have been given insufficient time to review and brief objections to the revised Plan, Amended Disclosure Statement, TDPs, and other related documents. That is not enough time to adequately and appropriately analyze the terms of the new Plan, especially given the significant new settlements contained therein.

9. Recently, this Court faced a similar issue and granted a request to adjourn the disclosure statement hearing in the *Imerys Talc America* cases. The debtors in *Imerys* continued

4

making material changes to trust distribution procedures and dramatically amending the plan and disclosure statement on the eve of several hearings to approve the disclosure statement. This Court refused to consider the disclosure statement on such short notice, adjourning the hearing until parties had an opportunity to review the documents. *See* Transcript of Telephonic Conference at 45:16–48:4, *In re Imerys Talc America, Inc., et al.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Oct. 7, 2020). As in *Imerys*, the Disclosure Statement Hearing should be adjourned until parties are given sufficient time to review the new Plan, Amended Disclosure Statement, and TDP.

10. The Court should not allow the Debtors to circumvent the notice requirements under Bankruptcy Rule 3017(a) by submitting material Plan and Disclosure Statement amendments without providing for an adequate opportunity for all parties to review those documents; that review requires an adjournment of the hearing. The Bankruptcy Rules require parties to receive sufficient notice and time to review all documents relevant to the revised Plan and object to the revised Disclosure Statement in advance of the hearing. *See* Bankruptcy Rule 3017(a). Per Bankruptcy Rule 3017(d), "Section 1125(c) of the Code requires that the entire approved disclosure statement be provided in connection with voting on a plan." *See* Comment to Rule 3017(d). In accordance with section 1125 of the Bankruptcy Code, the Court should adjourn the Disclosure Statement Hearing to a date that provides the TCC and other parties in interest a fair opportunity to review the new Plan documents and prepare objections.

## **NOTICE**

11. Notice of this Motion has been provided to (a) the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the Future Claimants' Representative; (e) counsel to the Coalition; (f) counsel to the Ad Hoc

5

Committee of Local Councils; and (g) all parties requesting notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002. The TCC submits that no other or further notice is necessary under the circumstances.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the TCC respectfully requests that the Court grant the relief requested herein and enter the Proposed Order adjourning the Disclosure Statement Hearing for at least three weeks and setting the date for the filing of objection to the Amended Disclosure Statement and the Motions seven (7) days before the Disclosure Statement Hearing.

Dated:  September 15, 2021           PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400
Email: jstang@pszjlaw.com
         rorgel@pszjlaw.com
         joneill@pszjlaw.com
         jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*