## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Hearing:  September 21, 2021 at 10:00 a.m.<br>      (EDT)<br><br>RE:  Dkt. Nos. 2295, 2618, 6213, 6215, 6216,<br>      6222 |

### AD HOC COMMITTEE OF LOCAL COUNCILS' STATEMENT IN SUPPORT OF FIFTH AMENDED DISCLOSURE STATEMENT AND RELATED FILINGS AND OBJECTION TO TCC'S MOTION TO ADJOURN HEARING

The Ad Hoc Committee of Local Councils of the Boy Scouts of America (the

"Ad Hoc Committee")[2] respectfully submits this statement (the "Statement")[3] in support of the

*Amended Disclosure Statement for the Fifth Amended Chapter 11 Plan of Reorganization for*

*Boy Scouts of America and Delaware BSA, LLC* [Dkt. No.6213] (the "Fifth Amended Disclosure

Statement"), the *Debtors' Motion for Entry of Order (I) Scheduling Certain Dates and Deadlines*

*in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing*

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's U.S. tax identification number are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]      The Ad Hoc Committee consists of eight Local Councils:  the Andrew Jackson Council, the Atlanta Area Council, the Crossroads of America Council, the Denver Area Council, the Grand Canyon Council, the Greater New York Councils, the Mid-America Council, and the Minsi Trails Council.  For the avoidance of doubt, this Statement is submitted on behalf of the Ad Hoc Committee and not on behalf of any individual member.  The undersigned represent only the Ad Hoc Committee and not any of its members individually.  The Ad Hoc Committee does not represent (and this Statement should not be construed as a statement on behalf of) any individual Local Council.

[3]      Capitalized terms not defined have the meanings given in the *Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 6212] (the "Fifth Amended Plan").

*Certain Protocols, and (III) Granting Related Relief* [Dkt. No. 2618 (as amended by

Dkt. No. 6216)], and the *Debtors' Motion for Entry of an Order (I) Approving the Disclosure*

*Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting*

*Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of*

*Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the*

*Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief*

[Dkt. No. 2295 (as amended by Dkt. No. 6215)].  This Statement shall also serve as the Ad Hoc

Committee's objection to the *Tort Claimants' Committee's Motion to Adjourn the Hearing to*

*Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended*

*Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*

[Dkt. No. 6222.  In support thereof, the Ad Hoc Committee states as follows:

1.      Four months ago, in May, the BSA filed a plan of reorganization[4] and disclosure

statement[5] that were met with significant opposition from abuse claimants and other

constituencies.  Dozens of disclosure statement objections were filed and the Court directed that

the parties continue to seek a broader consensus with the guidance of the Mediators.[6]

2.      That mediation led to an agreement among the BSA, Ad Hoc Committee, TCC,

Coalition, and FCR on a restructuring support agreement ("<u>RSA</u>"),[7] Fourth Amended Plan,[8] trust

---

[4]      *Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 2592].

[5]      *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LCC* [Dkt. No. 2594].

[6]      *See* May 19 Tr. at 265:18-20, 266:18-22.

[7]      Exhibit A to *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [Dkt. No. 5466].

[8]      *Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 5484] (the "<u>Fourth Amended Plan</u>").

distribution procedures ("TDPs"), and a disclosure statement[9] that are broadly similar to the Fifth

Amended Plan, its TDPs, and the Fifth Amended Disclosure Statement.  Again, numerous

disclosure statement objections were filed.  The Court approved the BSA's entry into the RSA,

but declined to approve certain components, most significantly those related to the previous

$650 million settlement with Hartford,[10] and instructed the RSA Parties to confer.[11]  The BSA,

Ad Hoc Committee, TCC, Coalition, FCR, Hartford, Century, and certain Chartered

Organizations (including the Church of Jesus Christ of Latter-day Saints ("TCJC"), the Roman

Catholic Ad Hoc Committee, and the United Methodist Ad Hoc Committee) went back to work

in mediation.

3.     Now, approximately four weeks later, the BSA, Ad Hoc Committee, Coalition,

and FCR have reached agreements in principal with Hartford and TCJC, resulting in over

$1 billion of additional contributions to the Settlement Trust,[12] and have also agreed on a

structure for addressing Chartered Organizations' rights as co-insureds on BSA insurance

policies.  These settlements will not only increase the funds available to holders of Abuse Claims

and empower the Settlement Trust to reach further deals with BSA insurers, but also fairly

address concerns raised by Chartered Organizations and, as a whole, significantly facilitate a

global resolution of these Chapter 11 Cases.

---

[9]     *Amended Disclosure Statement for the Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 5485].

[10]     *See* Aug. 19 Tr. [Dkt. No. 6098] (Oral Ruling on Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief).

[11]     *See id.* at 29:23-30:2.

[12]     *See* Sixth Mediators' Report [Dkt. No. 6210].

4.      There is no need for additional delay before the Court considers the Fifth Amended Disclosure Statement.  And neither the BSA nor its creditors can afford more delay.

5.      The BSA has accommodated the bulk of objectors' requests for additional disclosures, incorporating those comments into the Fifth Amended Disclosure Statement.  The Fifth Amended Disclosure Statement thus already addresses the objections raised to the Second, Third, and Fourth Amended Disclosure Statements, as detailed in the BSA's reply.[13]

6.      Many of the remaining purported disclosure objections are in fact confirmation objections that will be addressed in due course.  Indeed, under the BSA's recently proposed revised schedule, objectors will have months to seek formal discovery and to refine and file their confirmation objections.

7.      To delay the disclosure statement and confirmation schedule further would needlessly imperil the BSA's chances of successfully reorganizing — and claimants' likelihood of receiving meaningful and timely compensation.  As the BSA has stated, it is running out of money due to the high costs of these proceedings.  For this reason, as the case drags on, the Plan of necessity provides that BSA's contribution to the Settlement Trust decreases.[14]  Indeed, BSA's estimated contribution has already fallen by $30 million from the time that the Debtors proposed the Fourth Amended Plan to the time they proposed the Fifth Amended Plan.  These estimated contributions will continue to fall precipitously the longer that it takes to get to a

---

[13]      *See Debtors' Amended Omnibus Reply in Support of Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief*.

[14]      *See* 5th Amended Plan Art. I.A.44 [Dkt. No. 6212].

confirmation hearing for the very simple reason that the Debtors are using the last of their resources to pay the administrative costs of these cases.

8.     Based on the BSA's proposed confirmation schedule — which contemplates that a hearing on the Amended Disclosure Statement will begin on September 21 — BSA will already need to remain in bankruptcy through both its critical recruiting season (September/October) and its primary fundraising season (November/December).  This creates additional business risk, which will only increase as time goes on.

9.     Any necessary further disclosure can of course be added to the Amended Disclosure Statement in connection with the September 21 disclosure statement hearing.  But keeping to the current confirmation timeline is critical.

10.     The Ad Hoc Committee supports the BSA's efforts to respond to legitimate disclosure objections and will be prepared to address any remaining disclosure-related issues at the hearing, as appropriate.

Dated:  September 16, 2021
         Wilmington, Delaware

DLA PIPER, LLP (US)

*/s/ R. Craig Martin*
R. Craig Martin (No. 5032)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801-1147
Telephone:  (302) 468-5655
Facsimile:  (302) 778-7834
Email:  craig.martin@dlapiper.com


WACHTELL, LIPTON, ROSEN & KATZ

*/s/ Joseph C. Celentino*
Richard G. Mason (admitted *pro hac vice*)
Douglas K. Mayer (admitted *pro hac vice*)
Joseph C. Celentino (admitted *pro hac vice*)
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  RGMason@wlrk.com
        DKMayer@wlrk.com
        JCCelentino@wlrk.com


*Attorneys for the Ad Hoc Committee of Local*
*Councils of the Boy Scouts of America*