IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date:  Sept. 21, 2021 @ 10:00 a.m. EST<br><br>Re: Docket Nos. 6212, 6213, 6222, 6223 |

**JOINDER OF HACH ROSE SCHIRRIPA & CHEVERIE LLP TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'
MOTION TO ADJOURN THE HEARING TO CONSIDER APPROVAL OF
DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES
FOR THE FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR
<u>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC [D.I. 6222]</u>**

HACH ROSE SCHIRRIPA & CHEVERIE LLP ("HRS&C") respectfully joins in the *Tort Claimants' Committee's Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6222] (the "Motion to Adjourn"),[1] which seeks to adjourn the Disclosure Statement Hearing, currently scheduled to commence on September 21, 2021, for at least three weeks.

The Debtors filed the Fifth Amended Plan [D.I. 6212], the Amended Disclosure Statement [D.I. 6213], the revised proposed order approving the Solicitation Procedures Motion [D.I. 6215], and other related documents and exhibits on September 15, 2021, just six days (four business days) prior to the date scheduled for the Disclosure Statement Hearing, on the eve of a significant religious holiday.  These documents, which comprise well in excess of a thousand pages in the

---

[1]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Adjourn.

1

aggregate, are significantly revised from the versions last filed by the Debtors. Among other material changes, the documents filed yesterday morning reflect:

- a proposed settlement with The Church of Jesus Christ of Latter-day Saints ("TCJC") that involves nonconsensual third-party releases and channeling injunctions in favor of TCJC including with respect to direct claims against TCJC;

- a proposal to grant *all* Chartered Organizations the benefit of nonconsensual third party releases and channeling injunctions with respect to post-January 1, 1976 abuse claims in exchange solely for an assignment of their rights under insurance policies procured by the Debtor in which they are named as additional insureds with respect to such claims and a release of indirect abuse claims by such entities, but without any monetary contribution (so-called Participating Chartered Organizations);

- a revised settlement with Hartford that involves, among other things, an allowed administrative expense claim of $23 million in favor of Hartford under certain circumstances;

- disclosure, for the first time, of proposed payments to be made by specific Local Councils under the Local Council Settlement; and

- a proposal to pay the fees and expenses of the Coalition in the precise amounts previously sought in the RSA with respect to which this Court denied relief.

Each of these changes is material, its terms complex and the financial consequences enormous. Parties in interest should be afforded time to assess whether, in light of these and other changes, the information contained in the Amended Disclosure Statement provides adequate information within the meaning of section 1125 to enable creditors entitled to vote to make an informed decision on whether to accept or reject the Fifth Amended Plan.

But parties will not be given that time under the Debtors' proposed schedule. Instead, with only four business days' notice, no opportunity to submit supplemental objections, and limited time to consult with clients, parties in interest simply have not been afforded an opportunity to be heard in a meaningful manner under these circumstances. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation marks and citation omitted)). More than a few days' time is necessary for parties in interest to review these voluminous materials, assess their consequences, and ascertain whether there is adequate disclosure supporting them. Furthermore, HRS&C respectfully submit that parties in interest should also be afforded the opportunity to file supplemental objections to the Amended Disclosure Statement and Solicitation Procedures Motion in advance of the Disclosure Statement Hearing.

The Fifth Amended Plan and Amended Disclosure Statement are the product of closed-door meetings from parties to the ongoing mediation process were excluded. Drafts were not provided prior to their filing. Many of the issues raised by these changes are novel and have not been analyzed or briefed in prior papers submitted to the Court. Judicial economy therefore also counsels in favor of an adjournment, to give the parties sufficient time to review, assess, and, if permitted by the Court, brief the issues posed by the changes in an orderly manner.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the reasons set forth herein and in the Motion to Adjourn, HRS&C respectfully request that the Court adjourn the Disclosure Statement Hearing, fix a deadline for the filing of supplemental objections to the Amended Disclosure Statement, and grant such other and further relief as the Court deems just and proper.

DATED:  September 17, 2021                Respectfully Submitted,

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5503
Email: sveghte@klehr.com

-And-

*/s/ Hillary Nappi*
**HACH ROSE SCHIRRIPA & CHEVERIE LLP**
Hillary Nappi, Esquire
112 Madison Avenue, 10th Fl
New York, NY 10016
Phone: 646-992-8138
Facsimile: 212-779-0028
hnappi@hrsclaw.com

*Counsel for the Hach Rose Schirripa*
*& Cheverie LLP Claimants*

5

# APPENDIX A

      The foregoing Joinder of Hach Rose Schirripa & Cheverie LLP to the Official Committee of Tort Claimants' Motion to Adjourn The Hearing to Consider Approval Of Disclosure Statement and Solicitation Procedures for The Fifth Amended Chapter 11 Plan Of Reorganization For BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC was filed by the following creditors who each filed a Sexual Abuse Survivor Proof of Claim and are represented by HACH ROSE SCHIRRIPA & CHEVERIE LLP.  The numbers below are the claim numbers for each creditor's Sexual Abuse Survivor Proof of Claim.

| 41274 | 112224 | 41353 | 41400 | 112226 |
|-------|--------|-------|-------|--------|
| 112225 | 112227 | | | |

PHIL1 9683182v.1