# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **BOY SCOUTS OF AMERICA** | § | Case No. 20-10343 |
| | § | |
| | § | |
| **Debtors.** | § | |

## TEXAS TAXING AUTHORITIES' OBJECTION TO THE FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC
[ECF 6212]

NOW COMES The County of Denton, Texas, The County of Williamson, Texas, The County of Anderson, Texas, The County of Henderson, Texas, Midland Central Appraisal District, Texas, The County of Milam, Texas, Terry County Appraisal District, Texas, (hereinafter "Texas Taxing Authorities") and files this objection to the Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (the "Plan") and would respectfully show the Court the following:

1. The Texas Taxing Authorities, duly organized governmental units of the State of Texas, are the holders of claims for post-petition ad valorem real and business personal property taxes for the 2021 taxes assessed against the property of the Debtors in the estimated amount of $10,053.30.

2. The Texas Taxing Authorities' post-petition claims are secured by unavoidable, first priority, perfected liens on all of the Debtors' real and business personal property pursuant to Texas Tax Code Section 32.01 and 32.05 and 11 U.S.C. Section 362(b)(18).[1] *In re*

*Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App. – Eastland 1995). These liens arise on January 1 of each tax year along with the property owner's personal liability for the ad valorem taxes and attach to the property by operation of law. Tex. Prop. Tax Code 32.01; 11 U.S.C. Sec. 362(b)(18). Texas Tax Code Section 32.01 provides:

(a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

(b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires

(c) ..

(d) The lien under this section is perfected on attachment and ... perfection requires no further action by the taxing unit.

11 U.S.C. Section 362(b)(18) allows the attachment of liens that secure taxes that come due post-petition.

(b)     ... a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any

holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

3. The Texas Taxing Authorities object to confirmation of the Plan to the extent that it does not provide that they retain the liens that secure all base tax, penalties and interest that may accrue on their Secured claims.

4. The Texas Taxing Authorities object to confirmation of the Plan because it does not provide for the payment of penalties and interest on their administrative expense claims in the event they are not timely paid prior to the state law delinquency date. Post-petition taxes incur interest and penalties at the state statutory rate until paid in full. *U.S. v. Noland*, 517 U.S. 535 (1996).

WHEREFORE, The Texas Taxing Authorities object to the Debtor's Plan and requests this Court to order appropriate provisions to assure the protection of the position of their administrative expense claims and further request other such relief as is just and proper.

Dated: September 17, 2021

                                          Respectfully Submitted,

                                          **McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

By: */s/ Tara LeDay*
Tara LeDay (TX 24106701)
P. O. Box 1269
Round Rock, TX 78680-1269
Telephone: (512) 323-3200
Fax: (512) 323-3500
Email: tleday@mvbalaw.com
*Attorney for Texas Taxing Authorities*

# CERTIFICATE OF SERVICE

I hereby certify that, on September 17, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware.

*/s/ Tara LeDay*
Tara LeDay

Debtor:
Boy Scouts of America
1325 West Walnut Hill Lane
Irving, TX 75038

Debtor Attorney:
Derek C. Abbott
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street P.O. Box 1347
Wilmington, DE 19899

U.S. Trustee:
David L. Buchbinder
Office of the U.S. Trustee
J. Caleb Boggs Federal Building Suite 2207
Wilmington, DE 19801