## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 6184** |

**Objection Deadline: October 1, 2021 at 4:00 p.m. (ET)**
**Hearing Date: October 19, 2021 at 10:00 a.m. (ET)**

### MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR AUTHORITY TO ISSUE IDENTICAL SUBPOENAS AS INSURERS IN CERTAIN RULE 2004 DISCOVERY RELATING TO CLAIMS AGGREGATORS

The Official Committee of Tort Claimants (the "TCC") appointed in the jointly administered bankruptcy cases of the above-captioned debtors and debtors in possession (together, the "Debtors"), filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), hereby files its *Motion of Official Committee of Tort Claimants for Authority to Issue Identical Subpoenas as Insurers in Certain Rule 2004 Discovery Relating to Claim Aggregators* (the "Motion"). The proposed form of order granting this Motion is attached hereto as **Exhibit "A."**

In support of the Motion, the TCC respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## INTRODUCTION

1.      The TCC files this Motion to preserve its right to pursue discovery. The

Court entered its September 9, 2021, *Order Granting in Part Insurers' Motion for an Order*

*Authorizing Certain Rule 2004 Discovery [D.I. 1974, 1975]* (D.I. 6184) (the "Discovery Order"),

attached hereto as **Exhibit 1**, which permits certain Insurers[2] to (a) subpoena documents and

information from Verus Claims Services LLC, Consumer Attorney Marketing Group, Archer

Systems, and Stratos Legal (together, the "Claims Aggregators") pursuant to Rules 2004 and

9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (b) subpoena

the Claims Aggregators for deposition regarding the validity of certain sex abuse claims pursuant

to Bankruptcy Rules 2004 and 9016.

2.      The Discovery Order provides that any documents produced to the

Insurers pursuant to the Discovery Order must be shared with the TCC. *See* Discovery Order, ¶

3. The Discovery Order also requires that the TCC be permitted to attend and participate in any

depositions permitted thereunder. *See id*. However, if the Insurers withdraw their subpoenas or

otherwise elect not to pursue discovery against the Claim Aggregators, the TCC will require a

separate order from this Court to obtain documents and take depositions contemplated under the

Discovery Order.  The TCC, as the fiduciary charged with maximizing recoveries for survivors

holding allowed sex abuse claims, has an interest in ensuring the integrity of the claims process

and, as such, seeks the power to investigate the activities of the Claims Aggregators in

---

[2] "Insurers" shall have the meaning ascribed to it in the Discovery Order, attached hereto at Exhibit 1, and which includes the following: Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company and Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company, the Allianz Insurers (as defined at D.I. 2026), Liberty Mutual Insurance Company (as defined at D.I. 2168), and AIG (as defined at D.I. 2114).

2

connection with the Debtors' cases coextensive with that of the Insurers as permitted under the Discovery Order.

3.      Therefore, the TCC seeks discovery as to the Claims Aggregators to exercise its power under Bankruptcy Code section 502(a) and obligations under Bankruptcy Code section 1103(c) to determine whether certain sex abuse proofs of claim are objectionable. This Motion seeks to permit the TCC to issue its own subpoenas to Claims Aggregators within the same parameters that the Insurers have been authorized to issue under the Discovery Order. The scope of the requests for documents and information is set forth in the Discovery Order with reference to Exhibit E to the Insurers' motion for discovery (attached hereto as **Exhibit 2**). The TCC **does not** seek to modify or expand the scope of discovery authorized under the Discovery Order. The TCC also will set any depositions of Claims Aggregators for the same dates and times as the Insurers.

4.      To the extent the Insurers go forward with all permitted discovery as to the Claims Aggregators, the order sought by this  Motion will have no impact on any party or third party.

### **JURISDICTION AND VENUE**

5.      Pursuant to sections 157 and 1334 of title 28 of the United States Code, this Court has jurisdiction to consider and grant the relief requested herein.

6.      This matter is a core proceeding pursuant to section 157(b) of title 28 of the United States Code.

7.      Venue is proper before this Court pursuant to sections 1408 and 1409 of title 28 of the United State Code.

DOCS_LA:339791.5 85353/002

8.      The predicates for the relief requested in this Motion are Bankruptcy Rules 2004 and 9016.

## RELIEF REQUESTED

9.      By this Motion, the TCC requests that it be permitted to serve subpoenas for document production and depositions to the Claims Aggregators under the exact terms that the Court has permitted the Insurers to serve under the Discovery Order.

## BACKGROUND

A.      **The Rule 2004 Discovery Motion Relating to Claims Aggregators**

10.     On January 22, 2021, the Insurers filed a sealed motion (D.I. 1974), which was also filed in a redacted form (D.I. 1975) as *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* (the "Insurers' Rule 2004 Motion"). The following entities filed joinders to the Insurers' Rules 2004 Motion: the Allianz Insurers (as defined in their Joinder at D.I. 2026), Liberty Mutual Insurance Company (as defined in their Joinder at D.I. 2168), and AIG (as defined in its Joinder at D.I. 2114).

11.     The Insurers submitted to the Court specific requests for production and information (the "Rule 2004 Document Requests") referenced as "Exhibit E" in the Discovery Order. See **Exhibit 2**, hereto.

B.      **The Discovery Order**

12.     At a hearing on August 30, 2021, the Court granted in part the Insurers' Rule 2004 Motion.

13.     The Court's subsequent written Discovery Order on the Insurers' Rule 2004 Motion provides, among other things, that

a.      the Insurers may issue subpoenas to the Claims Aggregators

containing the Rule 2004 Document Requests set forth at Exhibit E and for deposition;

b.      the TCC is entitled to copies of all documents produced to the

Insurers responsive to the Rule 2004 Document Requests; and

c.      the TCC may attend and participate in the subpoenaed depositions

of each of the Claims Aggregators.

14.      On September 14, 2021, Century Indemnity Company, as successor to

CCI Insurance Company, as successor to Insurance Company of North America ("Century"), one

of the Insurers, filed its *Notice of Subpoena to Produce Documents Pursuant to Federal Rules of*

*Civil Procedure 34 and 45* (D.I. 6211), to which Century attaches subpoenas directed at fourteen

(14) entities, including three of the Claims Aggregators, seeking the production of documents on

either September 24, 27 or 28, as set forth on the relevant subpoena. The following day, Century

filed its *Notice of Subpoena on Stratos Legal Services, L.P. to Produce Documents Pursuant to*

*Federal Rules of Civil Procedure 34 and 45* (D.I. 6230).

15.      In the absence of an order granting this Motion, the TCC would have no

authority to conduct the discovery set forth in the subpoenas if Century withdraws these

subpoenas.

**BASIS FOR RELIEF REQUESTED**

16.      By filing this Motion, the TCC seeks to maintain the status quo and ensure

the contemplated discovery is taken even if the Insurers elect to discontinue their efforts.  The

TCC does not seek to expand the scope of discovery already authorized by the Discovery Order.

The TCC seeks Court authorization only to serve its own subpoenas on the Claims Aggregators

for the production of documents and information in the same form as permitted in the Discovery

Order, and to serve its own subpoenas on the Claims Aggregators as is also permitted in the Discovery Order for depositions that the Court has ruled the TCC is authorized to attend and to participate in by asking questions of witnesses under oath.

17.    In the event the Insurers issue the subpoenas to all Claims Aggregators for production of documents and information, and for depositions as permitted in the Discovery Order, and the Insurers do not withdraw such subpoenas, the TCC's subpoenas will not impact the discovery. Only in the event the Insurers withdraw their subpoenas will the TCC's discovery be necessary to maintain the status quo and enable the Rule 2004 discovery against the Claims Aggregators to go forward in the event the Insurers' later determine it is not in their interests to pursue such discovery.

## **CONCLUSION**

18.    WHEREFORE, the TCC requests that the Court enter an order (a) granting the Motion, (b) permitting the TCC to issue subpoenas duces tecum (or separate subpoenas for production of documents and subpoenas for deposition) to the Claims Aggregators for the production of documents and information, and for depositions, in the same manner and extent as permitted to the Insurers under the Discovery Order, and (c) granting the TCC such other relief as may be appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

Dated:  September 17, 2021          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
Iain A.W. Nasatir (CA Bar No. 148977)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No.271038)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: jstang@pszjlaw.com
           rorgel@pszjlaw.com
           inasatir@pszjlaw.com
           joneill@pszjlaw.com
           jlucas@pszjlaw.com

-and-

PASICH LLP
Kirk Pasich
10880 Wilshire Boulevard, Suite 2000
Los Angeles, CA  90024
Telephone:  (424) 313-7850
Email: kpasich@pasichllp.com

-and-

Jeffrey L. Schulman
757 Third Avenue, 20th Floor
New York, NY  10017
Telephone:  (212) 686-5000
Email: jschulman@pasichllp.com

*Counsel for the Tort Claimants' Committee*