# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 21, 2021 @ 10:00 a.m. EST**<br><br>**Re: Dkt. 6212, 6213, 6222, 6223** |

**JOINDER OF THE ZUCKERMAN SPAEDER LLP CLAIMANTS TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ADJOURN THE HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR THE FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR <u>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC [D.I. 6222]</u>**

On behalf of the nearly 1,800 claimants represented by Zuckerman Spaeder LLP, individually or jointly with other firms (collectively, the "Zuckerman Claimants"), Zuckerman Spaeder respectfully joins in the *Tort Claimants' Committee's Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6222] (the "Motion to Adjourn"),[1] which seeks to adjourn the Disclosure Statement hearing, currently scheduled to commence on September 21, 2021, for at least three weeks.

1. On September 15, 2021, just six days (four business days) prior to the date scheduled for the Disclosure Statement hearing, Debtors filed the Fifth Amended Plan [D.I. 6212], the Amended Disclosure Statement [D.I. 6213], the revised proposed order approving the Solicitation Procedures Motion [D.I. 6215], and other related documents and exhibit. These

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Adjourn.

documents are voluminous and are significantly revised from the previous versions. Among other material changes, the documents filed on September 15 reflect:

- a proposed settlement with The Church of Jesus Christ of Latter-Day Saints ("TCJC") that involves broad nonconsensual third-party releases and channeling injunctions in favor of TCJC;

- a proposal to grant all Chartered Organizations the benefit of nonconsensual third party releases and channeling injunctions with respect to post-January 1, 1976 abuse claims, without any monetary contribution, in exchange for (i) an assignment of their rights under insurance policies procured by the Debtor in which they are named as additional insureds with respect to such claims and (ii) a release of indirect abuse claims by such entities (so-called Participating Chartered Organizations);

- a significantly revised settlement with Hartford;

- disclosure, for the first time, of proposed payments to be made by specific Local Councils under the Local Council Settlement; and

- a proposal to pay the fees and expenses of the Coalition in the precise amounts previously sought in the Restructuring Support Agreement.

2. The Zuckerman Claimants and other parties in interest should be afforded time to assess whether, in light of these and other changes, the information contained in the Amended Disclosure Statement provides adequate information within the meaning of section 1125 to enable creditors entitled to vote to make an informed decision on whether to accept or reject the Fifth Amended Plan.

3. Debtors' proposed schedule provides only four business days' notice, no opportunity to submit supplemental objections, and limited time to consult with clients.

Accordingly, the Zuckerman Claimants and others have not been afforded an opportunity to be heard in a meaningful manner under these circumstances. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation marks and citation omitted)). More time is necessary for the Zuckerman Claimants, though counsel, to review these voluminous materials, assess their consequences, and ascertain whether there is adequate disclosure supporting them. Parties in interest should be afforded the opportunity to file supplemental objections to the Amended Disclosure Statement and Solicitation Procedures Motion in advance of the Disclosure Statement hearing.

4. Debtors' September 15 filings raise issues that are novel and have not been analyzed or briefed in prior papers submitted to the Court. Judicial economy therefore also counsels in favor of an adjournment, to give the parties sufficient time to review, assess, and, if permitted by the Court, brief the issues posed by the changes in an orderly manner.

WHEREFORE, the Zuckerman Claimants respectfully request that the Court adjourn the Disclosure Statement hearing, fix a deadline for the filing of supplemental objections to the Amended Disclosure Statement, and grant such other and further relief as the Court deems just and proper.

[rest of page intentionally left blank]

Dated: September 17, 2021 　　　　　　Respectfully submitted,

　　　　　　ZUCKERMAN SPAEDER LLP
　　　　　　Carl S. Kravitz, Esq.
　　　　　　Andrew N. Goldfarb, Esq,
　　　　　　Nicholas M. DiCarlo, Esq.
　　　　　　1800 M Street, NW, Suite 1800
　　　　　　Washington, DC 20036
　　　　　　Ph: 202-778-1800
　　　　　　Fax: 202-822-8106
　　　　　　ckravitz@zuckerman.com
　　　　　　agoldfarb@zuckerman.com
　　　　　　ndicarlo@zuckerman.com

　　　　　　*Counsel to the Zuckerman Claimants*

　　　　　　-and-

　　　　　　LANDIS RATH & COBB LLP


　　　　　　*/s/ Matthew B. McGuire*
　　　　　　Adam G. Landis (No. 3407)
　　　　　　Matthew B. McGuire (No. 4366)
　　　　　　919 Market Street, Suite 1800
　　　　　　P.O. Box 2087
　　　　　　Wilmington, DE 19899
　　　　　　Ph: 302-467-4410
　　　　　　Fax: 302-467-4450
　　　　　　landis@lrclaw.com
　　　　　　mcguire@lrclaw.com

　　　　　　*Counsel to Zuckerman Spaeder LLP*