## **Exhibit B**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I. \_\_\_\_** |

### ORDER GRANTING DEBTORS' MOTION FOR PROTECTIVE ORDER AND RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of a protective order and related relief (this "Order"); and this Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by this Court under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given and no other or further notice being necessary; and upon the record herein; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein, and any objections to the Motion not previously withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

2. The Debtors shall not be required to produce, and may redact as appropriate, the following categories of documents, as reflected on **Exhibit 1** to this Order: (1) meeting minutes of, or presentations to, the National Executive Committee, National Executive Board and Bankruptcy Task Force where those minutes or presentations reveal attorney-client communications, attorney work product or communications made or information provided in any of the mediation sessions, (2) communications between mediation parties regarding the terms of the Hartford Insurance Settlement Agreement, TCJC Settlement Agreement, RSA, Plan, TDPs, or other documents filed with the Plan, and (3) drafts of settlement proposals exchanged between mediation parties, including, without limitation, the Hartford Insurance Settlement Agreement, TCJC Settlement Agreement, RSA, Plan, TDPs or other documents filed with the Plan.

3. Any documents containing privilege redactions in accordance with this Order shall not be precluded from being offered into evidence on the basis of those redactions.

4. To the extent any document has been withheld or redacted by the Debtors in accordance with this Order, no party may cite the fact of that document's being withheld or redacted to support any argument that the Debtors have failed to meet the requirements of 11 U.S.C. § 1129(a)(3).

5. Nothing in this Order alters or limits a party's right to challenge the appropriateness of any redactions or invocations of privilege made by the Debtors.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

# Documents That May Be Redacted or Withheld for Privilege

|   | **Type of Privileged Document** | **Category of Privilege** |
|---|---|---|
| 1 | All draft TDPs exchanged in the mediation, as identified in the *Declaration of Samuel P. Hershey in Support of Debtors' Objection to Moving Insurers' Motion to Compel and for Additional Relief and in Alternative Motion in Limine* [D.I. 5904], Ex. 12. | Mediation Privilege |
| 2 | NEB, NEC and BTF board minutes from February 7, 2021 to July 6, 2021, bearing Bates numbers BSA-RSA_00000754-820; 938-939; 944-45; 1325-1326 | Mediation Privilege, Attorney Client Privilege and Attorney Work Product |
| 3 | Board presentations prepared by Alvarez & Marsal, White & Case and BSA in-house counsel from February 1, 2021 to June 11, 2021, bearing Bates stamps BSA-RSA_00000729-753; 821-825; 827-854; 867-875; 884-935; 1397-1409; 1963-2043 | Mediation Privilege, Attorney Client Privilege and Attorney Work Product |
| 4 | All draft proposals and supporting documentation exchanged between mediation parties regarding (i) the Hartford Insurance Settlement Agreement or (ii) the TCJC Settlement Agreement, as identified in the privilege logs to be produced by the Debtors. | Mediation Privilege |
| 5 | All documents and communications, including emails, that (i) reveal communications made or information provided in any of the mediation sessions; (ii) are between mediation parties regarding the terms of the RSA, Plan, TDPs, and other documents filed with the Plan; and (iii) reflect drafts of settlement proposals exchanged between mediation parties, including, without limitation, the RSA, Plan, TDPs and other documents filed with the Plan. | Mediation Privilege |