**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  Sept. 21, 2021 @ 10:00 a.m. EST** |
| | **Re:  Dkt. 6212, 6213, 6222, 6223** |

**JOINDER OF THE MALLARD LAW FIRM TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ADJOURN THE HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR THE FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC [D.I. 6222]**

The Mallard Law Firm, P.A.  respectfully joins in the *Tort Claimants' Committee's Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6222] (the "Motion to Adjourn"),[1] which seeks to adjourn the Disclosure Statement Hearing, currently scheduled to commence on September 21, 2021, for at least three weeks.

The Debtors filed the Fifth Amended Plan [D.I. 6212], the Amended Disclosure Statement [D.I. 6213], the revised proposed order approving the Solicitation Procedures Motion [D.I. 6215], and other related documents and exhibits on September 15, 2021, just six days (four business days) prior to the date scheduled for the Disclosure Statement Hearing, on the eve of a significant religious holiday.  These documents, which comprise well in excess of a thousand

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Adjourn.

pages in the aggregate, are significantly revised from the versions last filed by the Debtors.
Among other material changes, the documents filed yesterday morning reflect:

- a proposed settlement with The Church of Jesus Christ of Latter-day Saints
  ("TCJC") that involves nonconsensual third-party releases and channeling
  injunctions in favor of TCJC including with respect to direct claims against TCJC;

- a proposal to grant *all* Chartered Organizations the benefit of nonconsensual third
  party releases and channeling injunctions with respect to post-January 1, 1976
  abuse claims in exchange solely for an assignment of their rights under insurance
  policies procured by the Debtor in which they are named as additional insureds
  with respect to such claims and a release of indirect abuse claims by such entities,
  but without any monetary contribution (so-called Participating Chartered
  Organizations);

- a revised settlement with Hartford that involves, among other things, an allowed
  administrative expense claim of $23 million in favor of Hartford under certain
  circumstances;

- disclosure, for the first time, of proposed payments to be made by specific Local
  Councils under the Local Council Settlement; and

- a proposal to pay the fees and expenses of the Coalition in the precise amounts
  previously sought in the RSA with respect to which this Court denied relief.

Each of these changes is material, its terms complex and the financial consequences
enormous.  Parties in interest should be afforded time to assess whether, in light of these and
other changes, the information contained in the Amended Disclosure Statement provides

adequate information within the meaning of section 1125 to enable creditors entitled to vote to make an informed decision on whether to accept or reject the Fifth Amended Plan.

But parties will not be given that time under the Debtors' proposed schedule.  Instead, with only four business days' notice, no opportunity to submit supplemental objections, and limited time to consult with clients, parties in interest simply have not been afforded an opportunity to be heard in a meaningful manner under these circumstances.  *Cf. Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation marks and citation omitted)).  More than a few days' time is necessary for parties in interest to review these voluminous materials, assess their consequences, and ascertain whether there is adequate disclosure supporting them.  Furthermore, The Mallard Law Firm, P.A.  respectfully submits that parties in interest should also be afforded the opportunity to file supplemental objections to the Amended Disclosure Statement and Solicitation Procedures Motion in advance of the Disclosure Statement Hearing.

The Fifth Amended Plan and Amended Disclosure Statement are the product of closed-door meetings from which The Mallard Law Firm, P.A.  was excluded, notwithstanding that The Mallard Law Firm is party to the ongoing mediation process.  Drafts were not provided to The Mallard Law Firm, P.A.  prior to their filing.  Many of the issues raised by these changes are novel and have not been analyzed or briefed in prior papers submitted to the Court.  Judicial economy therefore also counsels in favor of an adjournment, to give the parties sufficient time to review, assess, and, if permitted by the Court, brief the issues posed by the changes in an orderly manner.

WHEREFORE, for the reasons set forth herein and in the Motion to Adjourn, The

Mallard Law Firm, P.A.  respectfully requests that the Court adjourn the Disclosure Statement

Hearing, fix a deadline for the filing of supplemental objections to the Amended Disclosure

Statement, and grant such other and further relief as the Court deems just and proper.

DATED:  September 20, 2021                    Respectfully Submitted,

*/s/ Sally E. Veghte*_____
Sally E. Veghte (DE Bar No.  4762)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 Market Street Suite 1000
Wilmington, DE  19801
Phone: (302) 552-5503
Fax: (302)426-9193
Email: sveghte@klehr.com

-And-

Morton Branzburg, Esquire
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:   (215) 569-2700
Email:  mbranzburg@klehr.com

-And-

*/s/ Damian B. Mallard*_____
Damian B. Mallard, Esquire
Fla. Bar No. 0882348
**MALLARD LAW FIRM, P.A.**
889 N. Washington Blvd. Sarasota, FL 34236
Phone: (941)952-1682
Facsimile: (941)378-1605
Damian@mallardlawfirm.com

*Counsel to the MALLARD Claimants*

4