IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date:  September 21, 2021, at 10:00 a.m. EST<br><br>Re:  Dkt. 6212, 6213, 6222, 6223 |

### JOINDER OF THE HERMAN LAW CLAIMANTS TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ADJOURN THE HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR DEBTORS' FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION

The Claimants represented by Herman Law (hereinafter referred to as the "Herman Law Claimants") respectfully join in the Tort Claimants' Committee's Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (doc. no. 6222) (the "Motion to Adjourn"), which seeks to adjourn the Disclosure Statement Hearing, currently scheduled to commence on September 21, 2021, for at least three weeks.

The Herman Law Claimants have timely filed and duly completed Proof of Claim forms in this proceeding. There are 183 Herman Law Claimants, each of which are listed by their assigned original Proof of Claim numbers in Exhibit "A" attached.  Each of the Herman Law Claimants has a tort claim against Debtor Boy Scouts of America ("BSA") for child sexual abuse.

The Debtors filed the Fifth Amended Plan (doc. no. 6212), the Amended Disclosure Statement (doc. no. 6213), the revised proposed order approving the Solicitation Procedures Motion (doc. no. 6215), and other related documents and exhibits on September 15, 2021, just six days (four business days) prior to the date scheduled for the Disclosure Statement Hearing, on the

1

eve of Yom Kippur. These documents, which comprise well in excess of a thousand pages in the aggregate, are significantly revised from the versions previously filed by the Debtors.

The Herman Law Claimants require additional time to adequately assess these changes. Among other things, additional time is needed to determine whether the information contained in the Amended Disclosure Statement provides adequate information within the meaning of section 1125 to enable creditors entitled to vote to make an informed decision on whether to accept or reject the Fifth Amended Plan.

Parties in interest will not be given time to adequately evaluate the newly filed documents under the Debtors' proposed schedule. Instead, with only four business days' notice, no opportunity to submit supplemental objections, and limited time to consult with clients, the Herman Law Claimants simply have not been afforded an opportunity to be heard in a meaningful manner under these circumstances. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation marks and citation omitted)). More than a few days' time is necessary for parties in interest to review these voluminous materials, assess their consequences, ascertain whether there is adequate disclosure supporting them, and if appropriate, file a supplemental objection to the Amended Disclosure Statement.

WHEREFORE, the Herman Law Claimants respectfully join in the relief requested in the Tort Claimants' Committee's Motion to Adjourn, and request such other and further relief as the Court deems just and proper.

DATED:  September 20, 2021

Respectfully submitted,

**Bielli & Klauder, LLC**

By: */s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE. 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

- and -

**HERMAN LAW**

Jeffrey Herman, Esq.,
*Admitted Pro Hac Vice*
434 W. 33rd St., Penthouse
New York, NY 10001
Phone: (212) 390-0100
Email: jherman@hermanlaw.com

*Counsel to Herman Law Claimants*