# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I. 6284 & 6285** |

### DEBTORS' OMNIBUS OBJECTION TO (I) CENTURY'S MOTION TO COMPEL DOCUMENTS CONCERNING EVE OF HEARING AMENDMENTS TO THE DEBTORS' FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND (II) CENTURY'S MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIOD

Boy Scouts of America ("**BSA**") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**"), hereby file this objection to the *Motion to Compel Documents Concerning Eve of Hearing Amendments to the Debtors' Fifth Amended Chapter 11 Plan of Reorganization* [D.I. 6284] (the "**Motion to Compel**") and related motion to shorten notice [D.I. 6285] (the "**Motion to Shorten Notice**") filed by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("**Century**").

### PRELIMINARY STATEMENT

On Friday September 20, 2021, several hours after the close of business, Century filed the Motion to Compel and Motion to Shorten Notice.[2] As to the Debtors, the Motion to Compel

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] At the same time, Century also filed a motion to compel Eric Green, the proposed Settlement Trustee, to produce documents.

presumably seeks the production of additional documents in response to several requests to which the Debtors previously responded – in full. Specifically, Century asks the Debtors to respond to five requests for production (Nos. 5, 6, 10, 20, and 21) that Century served on the Debtors on May 14, 2021, and four requests for production (Nos. 11, 13, 16 and 17) that Century served on the Debtors on July 3, 2021.[3] The Debtors responded to these requests, and produced documents, months ago, and had not heard from Century on any outstanding issue until the day before the Motion to Compel was filed. The Motion to Compel does not specify what documents Century now believes the Debtors have withheld, and does not include a proposed order. Consistent with Century's past tactics, the Motion to Shorten Notice and Motion to Compel were filed solely to disrupt the Debtors' preparation for the Disclosure Statement hearing and to delay this case. They should both be denied.

## OBJECTION

### I. The Motion to Shorten Should Be Denied

1. Century has stated no basis for shortening notice in connection with the Motion to Compel. The documents Century seeks are relevant to Plan confirmation at best, not the Disclosure Statement. The Court has reserved December 9 to begin the confirmation hearing. Century has identified no basis for shortening notice on a motion for confirmation discovery. Additionally, Century's request to have the Motion to Compel heard at the Disclosure Statement hearing is improper, especially given that an omnibus hearing date is calendared for just two days later. Indeed, that Century seeks to schedule an argument regarding confirmation discovery at the start of the Disclosure Statement hearing reveals that its true motive is to cause delay.

---

[3] The requests are listed in their entirety in paragraph 6 of the Motion to Compel.

**II.     The Motion to Compel Should be Denied**

2. Although the Debtors intend to continue to work cooperatively to provide appropriate non-privileged information as requested, Century has no right to demand the immediate production of confirmation related discovery or even discovery for the disclosure statement.  Nonetheless, as we have advised Century, the Debtors believe they have produced all responsive non-privileged documents in their possession.

3. Certain of the privileged documents that Century seeks were the subject of previous motions to compel by Century, which the Court did not grant. *See, e.g.*, 7-3-21 RFP No. 13 ("All Documents and Communications that BSA exchanged with any Chartered Organizations concerning . . . the Term Sheet, the TDPs, and/or the Hartford Settlement.").  Century offers no basis for disregarding the disposition of the prior motion for the same relief.

4. Lastly, Century claims that the Debtors have failed to comply with outstanding requests to produce information regarding the insurance assignment provisions in the Plan. *See* Mot. to Compel ¶¶ 16, 27.  But Century does not identify any outstanding discovery request that seeks this information because none exists.  Century did not mention the assignment of insurance rights in any previous meet-and-confer, or complain about the Debtors' failure to produce such information, until now.  Century cannot seek to compel the production of documents it has not even properly requested.[4]

**CONCLUSION**

The Debtors respectfully request that the Court deny Century's Motion to Shorten Notice and Motion to Compel.

---

[4] Century's Motion to Compel is also procedurally defective because Century failed to attach a proposed order to the Motion, in violation of Local Rule 9013.  *See* Local Rule 9013-1(f) (All motions shall have attached thereto . . . a proposed form of order specifying the exact relief to be granted . . .").  The Debtors and the Court should not have to guess at the relief Century seeks.

3

Dated: September 20, 2021
       Wilmington, Delaware

| | |
|---|---|
| WHITE & CASE LLP<br>Glenn M. Kurtz (admitted *pro hac vice*)<br>Jessica C. Lauria (admitted *pro hac vice*)<br>Andrew Hammond (admitted *pro hac vice*)<br>Samuel P. Hershey (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: gkurtz@whitecase.com<br>      jessica.lauria@whitecase.com<br>      ahammond@whitecase.com<br>      sam.hershey@whitecase.com | */s/ Paige N. Topper*<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 351-9314<br>Email: dabbott@morrisnichols.com<br>      aremming@morrisnichols.com<br>      ptopper@morrisnichols.com |

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION