## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 6222 and 6225** |

**JOINT OBJECTION OF THE FUTURE CLAIMANTS' REPRESENTATIVE
AND THE COALITION OF ABUSED SCOUTS FOR JUSTICE
TO THE TCC'S (I) MOTION TO ADJOURN THE HEARING TO CONSIDER
APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES
FOR THE FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION
FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC AND
(II) MOTION FOR ENTRY OF AN ORDER TERMINATING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF
PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

James L. Patton, Jr., the Future Claimants' Representative (the "FCR"), and the Coalition of Abused Scouts for Justice (the "Coalition") hereby submit this joint objection (the "Objection") to the following motions of the Official Committee of Tort Claimants (the "TCC"): (a) the *Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6222] (the "Motion to Adjourn"); and (b) the *Motion for Entry of an Order Terminating the Debtors' Exclusive Periods to File a Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 6225] (the "Motion to Terminate

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Exclusivity", together with the Motion to Adjourn, the "Motions").[2]  In support of this Objection, the FCR and Coalition respectfully states as follows:

## OBJECTION

"[T]o solicit a plan that has no abuse survivor support is not an attractive option, but neither is engaging in protracted litigation that has the potential to . . . end the Boy Scouts as it currently exists."   The Court made this comment in May, 2021 at one of the many contested hearings that has taken place in these Chapter 11 Cases.  And although the pile of filings currently awaiting disposition may create the impression that the parties have done little to veer off of this unfavorable path, much progress has actually been made.  In recent months the major stakeholders in these cases have participated in numerous mediation and negotiation sessions, and as a consequence of these efforts, the logjam has finally started to break.  Initially, there were the commitments that the Debtors and the Local Councils made to the survivors, which collectively provide approximately $850 million in proceeds available for distribution to abuse victims.  And more recently, the Debtors, the Ad Hoc Committee of Local Councils, the Coalition and FCR have reached a new agreement with Hartford, to replace the one that garnered zero survivor support, and a settlement with The Church of Jesus Christ of Latter-Day Saints, a former Chartered Organization ("TCJC"), creating an additional $1.037 billion in  value for survivors.  These settlement agreements form the linchpin of the Amended Plan, which enjoys broad support from the FCR, the Creditors Committee, the Coalition, JPMorgan, and the Local Councils, among others.  Importantly, negotiations remain ongoing and it is likely that additional settlements will

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motions.

28621392.1

be reached providing further funding for the Settlement Trust, and thereby creating additional consensus for the Amended Plan.[3]

Notwithstanding the progress that has been made, the TCC does not support the more recent settlements and has filed the Motion to Adjourn, along with a confirmation objection styled as the Motion to Terminate Exclusivity.  These Motions should be denied.

### Motion to Adjourn

The Amended Plan and the *Fourth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 5484] (the "Fourth Amended Plan") are not dissimilar in terms of structure and material terms.  The only substantive differences are the settlements reached with Hartford and the TCJC, along with the Participating Chartered Organization Insurance Assignment.  These differences should not come as a surprise to the TCC.  Each settlement was contemplated by the RSA and Fourth Amended Plan, the TCC has been an active participant in mediation, and the TCC was made aware of the Hartford and TCJC settlements well in advance of the filing of the Amended Plan.  In addition, none of these settlements will be approved at the Disclosure Statement hearing.

The TCC cannot establish any legitimate basis for adjournment of the Disclosure Statement hearing, yet granting the Motion to Adjourn will cause substantial prejudice.  Accordingly the Motion to Adjourn should be denied.

### Motion to Terminate Exclusivity

The TCC also seeks to terminate the Debtors' exclusivity periods, a request that is subject to very specific standards under the Bankruptcy Code and governing caselaw.  As the TCC points

---

[3]  In their most recent report to the Court, the Mediators stated that they "believe that [ongoing mediation] will likely lead to further settlements that will maximize the value of the estates for the benefit of creditors."  Sixth Mediators' Report [Docket No. 6210], at 3.

28621392.1

out, to terminate exclusivity, courts consider a specific list of factors. *See* Motion to Terminate Exclusivity at ¶ 24. These factors are not mere "platitudes" that a party can choose to ignore in favor of some alternative test. *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006). They are the "objective factors which courts historically have considered in making determinations of this character, as a means of ensuring that at least these factors are considered." *Id.* And yet, the TCC plays little more than lip service to these factors, and instead centers its argument on the premise that the settlements embedded in the Plan are insufficient and therefore the Amended Plan will not be confirmed.

The TCC's failure to sufficiently articulate a colorable basis for why exclusivity should be terminated is reason enough for why its Motion to Terminate should be denied. However, even if one were to consider the issues that the TCC raises with respect to the Amended Plan, it is nonetheless clear that the TCC has missed the mark. The Amended Plan reflects a series of settlements, and paves the way for additional settlements in the near future - a way forward that is more than reasonable under the circumstances. The Debtors heard the Court at the May hearing and since that time they have reached important settlement agreements with Hartford and TCJC that enjoy substantial survivor support as represented by the Coalition. The Debtors deserve the chance to solicit on the Amended Plan

Therefore, despite the TCC's arguments to the contrary, granting the Motion to Terminate Exclusivity will not be beneficial to the Debtors or survivors, it will only create unnecessary cost and delay. The Chapter 11 Cases have already taken long enough, and have already cost more than necessary. The Debtors should be allowed to solicit votes on the Amended Plan, which is both capable of being confirmed and is supported by many survivors.

## **CONCLUSION**

WHEREFORE, the FCR and Coalition respectfully request that the Court deny the relief

requested in the Motions and grant such other and further relief as the Court deems just and proper


Dated: September 20, 2021          YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert S. Brady*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
E-mail:  RBrady@ycst.com
E-mail:  EHarron@ycst.com

*Counsel to the Future Claimants' Representative*


MONZACK MERSKY AND BROWDER, P.A.

*/s/ Rachel B. Mersky*
Rachel B. Mersky (No. 2049)
1201 North Orange Street
Suite 400
Wilmington, DE 19801
Telephone: (302) 656-8162
Facsimile: (302) 656-2769
E-mail:  RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP
David J. Molton, Esq. (admitted pro hac vice)
Eric R. Goodman, Esq. (admitted pro hac vice)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
E-mail: DMolton@BrownRudnick.com
E-mail:  EGoodman@BrownRudnick.com

-and-

28621392.1

Sunni P. Beville, Esq. (admitted pro hac vice)
Tristan G. Axelrod, Esq. (admitted pro hac vice)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
E-mail: SBeville@BrownRudnick.com
E-mail: TAxelrod@BrownRudnick.com

*Counsel to the Coalition of Abused Scouts for Justice*

28621392.1