IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                   Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>RE: Dkt. No. 6222, 6225, 6227, 6293 |

### JOINDER OF AD HOC COMMITTEE OF LOCAL COUNCILS TO BSA'S OBJECTION TO TCC'S MOTION TO TERMINATE EXCLUSIVITY

The Ad Hoc Committee of Local Councils of the Boy Scouts of America (the "Ad Hoc Committee")[2] joins in the *Debtors' Omnibus Objection to the TCC's Motions to (I) Adjourn the Disclosure Statement Hearing; (II) Enter an Order Terminating the Debtors' Exclusive Periods to File a Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Code; and (III) Shorten Notice Period and Schedule Hearing on Motion for Entry of Order Terminating the Debtors' Exclusive Periods to File a Plan and Solicit Acceptances Thereof* [Dkt. No. 6293] (the "BSA Objection") for the reasons set forth therein.[3] In addition, the Ad Hoc Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's U.S. tax identification number are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The Ad Hoc Committee consists of eight Local Councils: the Andrew Jackson Council, the Atlanta Area Council, the Crossroads of America Council, the Denver Area Council, the Grand Canyon Council, the Greater New York Councils, the Mid-America Council, and the Minsi Trails Council. For the avoidance of doubt, this joinder is submitted on behalf of the Ad Hoc Committee and not on behalf of any individual member. The undersigned represent only the Ad Hoc Committee and not any of its members individually. The Ad Hoc Committee does not represent (and this joinder should not be construed as a statement on behalf of) any individual Local Council.

[3] The Ad Hoc Committee has previously filed its own objection to the TCC's motion to adjourn the disclosure statement hearing. *See Ad Hoc Committee of Local Councils' Statement in Support of Fifth Amended Disclosure Statement and Related Filings and Objection to TCC's Motion to Adjourn the*

1.      The BSA has filed a Fifth Amended Plan[4] that is supported by the Future Claimants' Representative, the Coalition of Abused Scouts for Justice, the Official Committee of Unsecured Creditors, JPMorgan Chase, Hartford, the Church of Jesus Christ of Latter-day Saints, and the Ad Hoc Committee of Local Councils.  The Fifth Amended Plan lays the groundwork for a global resolution of these Chapter 11 Cases, including through approximately $1.86 billion in contributions to the Settlement Trust and implementation of a structure designed to resolve chartered partners' rights under BSA and Local Council insurance policies as well as their claims against the BSA.  Attorneys representing a substantial majority — approximately 73% — of current holders of Abuse Claims, as well as the Court-appointed fiduciary for future claimants, support the Fifth Amended Plan.

2.      In the face of all this broad-based support and a clear path forward, the TCC's Exclusivity Termination Motion seeks to interpose chaos and delay.  The TCC's "plan" — currently just six high-level bullet points in a paragraph of its Exclusivity Termination Motion — is little more than a wholesale repudiation of everything that has been accomplished in the mediation and these cases over the last 20 months.  It is, in essence, a statement that the process should begin anew, without any settlements in place or any identifiable path to a meaningful recovery for the lion's share of abuse claimants.  Meanwhile, the precipitous professional fees in these cases will continue to mount, and the estate's assets will continue to be depleted.  If these

---

*Hearing* [Dkt. No. 6245] (the "AHC DS Statement in Support").  This joinder responds primarily to the TCC's *Motion for Entry of an Order Terminating the Debtors' Exclusive Periods to File a Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [D.I. 6225] (the "Exclusivity Termination Motion").  The Ad Hoc Committee incorporates by reference the arguments contained in the AHC DS Statement in Support, as applicable.

[4]      *Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6212].

costs persist, the Debtors will likely have to liquidate before any chapter 11 plan process can be completed.

3. The Fifth Amended Plan by contrast provides an actionable course to fairly compensate victims in a timely fashion. Every victim will be ensured of receiving a minimum payment of $3,500 under the Expedited Distributions provided for in the Fifth Amended Plan. And the Fifth Amended Plan provides a distribution protocol where victims may receive millions in the most severe cases.

4. These benefits for victims are wholly unavailable under what the TCC proposes. Without a settlement with Local Councils, insurance proceeds (where Local Councils are co-insureds) will not be directly available to victims. Nor will the $600 million that Local Councils will be funding (a settlement that the TCC recently actively supported). Instead, the path that the TCC now apparently wishes to push the Debtors down will likely have the effect of forcing the Debtors to liquidate. Even if they were willing to continue to support the $600 million settlement in such a situation (which is doubtful), the Local Councils would likely not be *able* to do so. Instead, they will be forced to contend with the $1.1 billion claim that the PBGC may assert is a joint and several obligation of each Local Council. The likely consequence of this would be a cascade of Local Council bankruptcies, which will delay victim recoveries, reduce the assets available to all creditors (including because of increased professional fees from Local Council bankruptcies), and potentially significantly dilute victim recoveries with the PBGC claim. And this is to say nothing of the fact that this course will deprive millions of youth — today and for the future — of the benefits of Scouting.

5. There is no reason to engage in such a costly and pointless detour. A viable plan of reorganization — proposed by the Debtors and supported by representatives for every major

creditor constituency, including those representing a clear majority of the TCC's own — is before the Court that has the momentum needed to bring these Chapter 11 Cases to a successful conclusion.

6. The Court should deny the TCC's motion and send the Fifth Amended Plan out for a vote.

| | |
|---|---|
| Dated:  September 20, 2021<br>            Wilmington, Delaware | DLA PIPER, LLP (US)<br><br> */s/ R. Craig Martin*<br>R. Craig Martin (No. 5032)<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware  19801-1147<br>Telephone:  (302) 468-5655<br>Facsimile:  (302) 778-7834<br>Email:  craig.martin@dlapiper.com<br><br>WACHTELL, LIPTON, ROSEN & KATZ<br><br> */s/ Richard G. Mason*<br>Richard G. Mason (admitted *pro hac vice*)<br>Douglas K. Mayer (admitted *pro hac vice*)<br>Joseph C. Celentino (admitted *pro hac vice*)<br>51 West 52nd Street<br>New York, New York  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br>Email:  RGMason@wlrk.com<br>            DKMayer@wlrk.com<br>            JCCelentino@wlrk.com<br><br>*Attorneys for the Ad Hoc Committee of Local Councils of the Boy Scouts of America* |