# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**BROWN RUDNICK LLP'S RESPONSES AND OBJECTIONS
TO CENTURY INDEMNITY COMPANY'S SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION
OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Brown Rudnick LLP ("Brown Rudnick") hereby responds and objects to Century Indemnity Company's ("Century") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), dated May 14, 2021, directed to "Brown, Rudnick, Freed & Gesmer, LLP" (the "Subpoena"), as follows:

## GENERAL OBJECTIONS

Brown Rudnick incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each document request (each a "Request" and collectively the "Requests") in the Subpoena (the "General Objections"). Although the General Objections may be specifically referred to in a Response,

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

failure to mention a General Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1. Brown Rudnick objects to the Subpoena on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). The Subpoena improperly seeks discovery from counsel to the Coalition of Abused Scouts for Justice, a third-party law firm, rather than from the Coalition itself, from the Debtors, or from other parties to the proceeding. Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Documents bearing on the Debtors' Plan of Reorganization, the Hartford Settlement, and Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense.

2. Brown Rudnick objects to the Subpoena as directed to "Brown, Rudnick, Freed & Gesmer, LLP," and will treat the Subpoena as directed to Brown Rudnick LLP.

3. Brown Rudnick objects to the Subpoena as improperly served, but Brown Rudnick will treat the Subpoena as if served on May 26, 2021, when counsel to Century sent a courtesy copy of the Subpoena to Brown Rudnick by email.

4. Brown Rudnick objects to the Subpoena, which is dated May 14, 2021, seeking a response only four days later, on May 18, 2021. As Brown Rudnick has advised Century's counsel in letters dated May 27, 2021, and June 2, 2021, Brown Rudnick will treat the Subpoena as if served on May 26, 2021, and will respond to it 14 days thereafter, on June 9, 2021.

5. Brown Rudnick objects to the Requests to the extent that they seek to impose obligations on Brown Rudnick that are inconsistent with or greater than the obligations imposed

by the Civil Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable agreement or rule.

6. Brown Rudnick objects to the Requests to the extent that they purport to require Brown Rudnick to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

7. Brown Rudnick objects to the Requests to the extent that they request documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, business strategy privilege, or other applicable privilege or protection, including, but not limited to, protections under Rule 9019-5(d) of the Local Rules for mediation materials and communications made in connection with mediation. The Subpoena is improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." In responding to the Requests, Brown Rudnick does not waive, but preserves, all applicable privileges and protections. In the event that Brown Rudnick discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

8. Brown Rudnick objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

9. Brown Rudnick objects to the Requests to the extent they seek documents already in Century's possession, custody, or control.

10. Brown Rudnick objects to the Requests to the extent they seek documents more easily obtained from the Debtors, other parties or third-parties.

11. Brown Rudnick objects to the Requests to the extent they seek documents not in Brown Rudnick's possession, custody, or control.

12. Brown Rudnick objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

13. Brown Rudnick makes its response to these Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its responses as necessary at a later date.

14. Brown Rudnick reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information produced in response to the Requests in any subsequent proceeding or trial of this or any other action.

15. Brown Rudnick objects to the production of any documents falling within one of the General Objections above or Specific Objections set forth below. In the event that documents falling within the scope of an objection are produced by Brown Rudnick, this production is inadvertent and does not constitute a waiver of the objection.

## OBJECTIONS TO DEFINITIONS

1. Brown Rudnick objects to the definitions of "Brown Rudnick LLP," "You," and "Your" on the grounds that they are defined as "Brown, Rudnick, Freed & Gesmer, LLP," which misidentifies Brown Rudnick's name.

2. Brown Rudnick objects to the definition of "Coalition" on the grounds that it is overbroad and unduly burdensome and purports to require Brown Rudnick to produce documents not within Brown Rudnick's possession, custody, or control.

**OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION**

1. Brown Rudnick objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Brown Rudnick that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

2. Brown Rudnick objects to the time period covered by the Requests in Instruction No. 3 defined as "the period from the inception of the Debtors to the present" to the extent it is unduly burdensome and seeks documents not relevant to the issues in these proceedings and is not reasonably calculated to lead to the discovery of admissible evidence.

3. Brown Rudnick objects to Instruction No. 8 on the grounds that producing such privilege logs would be overly burdensome under the circumstances.

4. Brown Rudnick objects to the "Manner of Production" instructions to the extent they are overly burdensome under the circumstances. Brown Rudnick will produce documents, if any, subject to the General Objections and specific objections set forth herein and in readily accessible electronic form and consistent with the Civil Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to You for your fees and/or costs.

**Response to Request No. 1**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not made any demands or requests upon the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 2**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the

payment of money to any lawyer or law firm associated with the Coalition for their fees and/or costs.

**Response to Request No. 2**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not made any demands or requests upon the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 3**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in a Plan of Reorganization that calls for the payment of money to any vendor or consultant to the Coalition.

**Response to Request No. 3**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not made any demands or requests upon the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 4**

All Communications between You and the Debtors Concerning the *Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abused Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures* (the "Estimation Motion") [Docket No. 2391] and/or any other form of estimation of Abuse Claims.

**Response to Request No. 4**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Estimation Motion that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 5**

All term sheets relating to a Plan of Reorganization for the Debtors exchanged directly or indirect [sic] between You and/or the Coalition, on the one hand, and the Debtors on the other hand.

**Response to Request No. 5**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown

Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 6**

All Communications between You and the Debtors Concerning any Plan of Reorganization for the Debtors including any drafts thereof.

**Response to Request No. 6**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to

Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 7**

All Communications between You and the Debtors Concerning the *Amended Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 2594].

**Response to Request No. 7**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Debtors' Plan of Reorganization that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections,

Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 8**

All Communications between You and the Debtors Concerning the Hartford Settlement.

**Response to Request No. 8**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 9**

All Communications between You and Hartford Concerning the Hartford Settlement.

**Response to Request No. 9**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown Rudnick has not had any communications with the Debtors in its own right. Documents bearing on the Hartford Settlement that are not already in the possession of Century are more conveniently obtained from Hartford, the Debtors, or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 10**

All Communications between You and the Debtors Concerning any actual or proposed settlements of Century's alleged coverage obligations to the Debtors.

**Response to Request No. 10**

Brown Rudnick incorporates its General Objections as if set forth fully herein. Brown Rudnick objects to this Request on the ground that it, as directed at Brown Rudnick, is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases. Brown

Rudnick has not had any communications with the Debtors in its own right. Documents bearing on Century's coverage obligations that are not already in the possession of Century are more conveniently obtained from the Debtors or other parties to the Debtors' chapter 11 cases with less burden and expense. Brown Rudnick further objects to this request as improperly propounded under the Local Rules to the extent it seeks information protected from disclosure pursuant to Rule 9019-5(d) of the Local Rules, which provides, in part, "except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation." Subject to the foregoing general and specific objections, Brown Rudnick states that it has no documents responsive to this Request that are not protected from disclosure.


| | |
|---|---|
| Dated: June 9, 2021<br>Wilmington, Delaware | MONZACK MERSKY and<br>BROWDER, P.A.<br><br>*/s/ Rachel B. Mersky*<br>(DE No. 2049)<br>1201 North Orange Street<br>Suite 400<br>Wilmington, Delaware 19801<br>Telephone:   (302) 656-8162<br>Facsimile:    (302) 656-2769<br>E-mail:         RMersky@Monlaw.com<br><br>        -and-<br><br>BROWN RUDNICK LLP<br>David J. Molton, Esq.<br>Eric R. Goodman, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, NY 10036<br>Telephone:   (212) 209-4800<br>E-mail:         DMolton@BrownRudnick.com<br>E-mail:         EGoodman@BrownRudnick.com<br><br>        -and-<br><br>Sunni P. Beville, Esq. (admitted *pro hac vice*)<br>Tristan G. Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>Telephone:    (617) 856-8200<br>E-mail:         SBeville@BrownRudnick.com<br>E-mail:         TAxelrod@BrownRudnick.com |