# EXHIBIT B

**brown**rudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

June 11, 2021

**VIA EMAIL**

Salvatore J. Cocchiaro, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537

RE:   *In re Boy Scouts of America and Delaware BSA, LLC*

Dear Mr. Cocchiaro:

I write in reference to your letter dated June 9, 2021 regarding my Firm's ("Brown Rudnick") June 9, 2021 responses and objections to your client's ("Century") subpoena dated May 14, 2021 and purporting to require a response four days later on May 18, 2021 (the "Subpoena").

Brown Rudnick has no record of you having served the Subpoena, which misidentifies the name of my Firm, prior to receiving a copy of it from you by email on May 26, 2021. Although I raised the point in my letter to you the next day, on May 27, 2021, you have yet to offer any explanation as to why you attempted to serve the Subpoena on Brown Rudnick without communicating this to Mr. Molton or myself beforehand despite several telephone calls we had with you regarding the Boy Scouts bankruptcy in the weeks leading up to your purported service attempt.

We also have received no explanation for why we had to ask you to send us a copy of the Subpoena on multiple occasions before you provided us that courtesy on May 26, 2021. Despite your improper service attempts and unreasonable demand for responses in four days, as you know, we agreed to treat the Subpoena as served on May 26, 2021 (the day we received it by email from you), and to respond to it within 14 days of receiving it, on June 9, 2021, which we have done.

The Subpoena is directed to Brown Rudnick, a law firm representing the Coalition of Abused Scouts for Justice (the "Coalition"), and not a party in the bankruptcy case. As stated in our responses and objections to the Subpoena, Brown Rudnick, in its own capacity, is not a party in interest in the Debtors' chapter 11 cases, and Brown Rudnick has not made any demands or requests upon the Debtors in its own right. To date, Century has served no discovery on the Coalition or the Debtors seeking communications regarding the payment of fees. And, to date, you have provided no explanation as to why you chose to serve a subpoena on a third-party rather than serving discovery on a party that has appeared in the Debtors' chapter 11 cases.



June 11, 2021
Page 2

On its face, the Subpoena seeks discovery of documents protected by attorney-client privilege and work product doctrines. For this reason alone, it is objectionable and inappropriate. The Subpoena also seeks discovery of confidential client communications and communications made with the Debtors and other parties in connection with court-ordered mediation. As stated in Brown Rudnick's responses and objections to the Subpoena, such requests are objectionable and inappropriate and such communications are protected from disclosure by Local Rule 9019-5(d).

It appears Century's position in seeking this discovery (whether from Brown Rudnick or parties to the case and to the mediation) presumes that communications made in connection with mediation—specifically, good faith offers and proposals—are discoverable and are not confidential. If that is Century's position, we disagree. The Coalition believes ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that Century is incorrect and that confidential communications made in connection with mediation are protected from disclosure. If confidential communications and settlement proposals are not protected, this would have an obvious chilling effect and undermine the purpose of the mediation, which is to reach a consensual settlement. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

If Century's position is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that mediation-related communications are discoverable, we request a meet and confer to discuss the basis for Century's position and its ramifications for this matter.

We look forward to discussing these issues with you.

Sincerely,

**BROWN RUDNICK LLP**

/s/ *Eric R. Goodman*
Eric R. Goodman