# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: September 21, 2021 @ 10:00 a.m. EST<br><br>Re:  D.I. 6212, 6213, 6222, 6223 |

## JOINDER OF LUJAN CLAIMANTS TO TORT CLAIMANTS' COMMITTEE'S MOTION TO ADJOURN THE HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR THE FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC [D.I. 6222]

COME NOW the Tort Claimants represented by Lujan & Wolff LLP ("Lujan Claimants")[1] and respectfully join in the *Tort Claimants' Committee's Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6222] (the "Motion to Adjourn"),[2] which seeks to adjourn the Disclosure Statement Hearing, currently scheduled to commence on September 21, 2021, for at least three weeks.

The Debtors filed the Fifth Amended Plan [D.I. 6212], the Amended Disclosure Statement [D.I. 6213], the revised proposed order approving the Solicitation Procedures Motion [D.I. 6215], and other related documents and exhibits on September 15, 2021, just six days (four business days) prior to the date scheduled for the Disclosure Statement Hearing, on the eve of a significant religious holiday. These documents, which comprise well in excess of a thousand pages in the aggregate, are

---

[1] See attached Appendix A, which lists the Sexual Abuse Survivor Proof of Claim numbers for Lujan Claimants.
[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Adjourn.

1

significantly revised from the versions last filed by the Debtors. Among other material changes, the documents reflect:

- a proposed settlement with The Church of Jesus Christ of Latter-Day Saints ("TCJC") that involves nonconsensual third party releases and channeling injunctions in favor of TCJC including with respect to direct claims against TCJC;

- a proposal to grant *all* Chartered Organizations the benefit of nonconsensual third party releases and channeling injunctions with respect to post-January 1, 1976 abuse claims in exchange solely for an assignment of their rights under insurance policies procured by Debtor Boy Scouts of America in which they are identified as additional insureds with respect to such claims and a release of indirect abuse claims by such entities, but without any monetary contribution (so-called Participating Chartered Organizations);

- a revised settlement with Hartford that involves, among other things, an allowed administrative expense claim of $23 million in favor of Hartford under certain circumstances;

- disclosure, for the first time, of proposed payments to be made by specific Local Councils under the Local Council Settlement; and

- a proposal to pay the fees and expenses of the Coalition of Abused Scouts for Justice in the precise amounts previously sought in the Restructuring Support Agreement with respect to which this Court denied relief.

Each of these changes is material, its terms complex and the financial consequences enormous. Many of the issues raised by these and other changes are novel and have not been analyzed or briefed in prior papers submitted to the Court. Parties in interest should be afforded time to assess whether, in light of these and other changes, the Amended Disclosure Statement provides

adequate information within the meaning of section 1125 to enable creditors entitled to vote to make an informed decision on whether to accept or reject the Fifth Amended Plan.

But parties will not be given that time under the Debtors' proposed schedule. Instead, with only four business days' notice, no opportunity to submit supplemental objections, and limited time to consult with clients, parties in interest simply have not been afforded an opportunity to be heard in a meaningful manner under these circumstances. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation marks and citation omitted)). More than a few days' time is necessary for parties in interest to review these voluminous materials, assess their consequences, and ascertain whether there is adequate disclosure supporting them. Furthermore, parties in interest should also be afforded the opportunity to file supplemental objections to the Amended Disclosure Statement and Solicitation Procedures Motion in advance of the Disclosure Statement Hearing. Judicial economy counsels in favor of an adjournment, to give the parties sufficient time to review, assess, and, if permitted by the Court, brief the issues posed by the changes in an orderly manner.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the reasons set forth herein and in the Motion to Adjourn, Lujan Claimants respectfully request that the Court adjourn the Disclosure Statement Hearing, fix a deadline for the filing of supplemental objections to the Amended Disclosure Statement, and grant such other and further relief as the Court deems just and proper.

DATED:  September 20, 2021            Respectfully Submitted,


/s/ Christopher D. Loizides
LOIZIDES, P.A.
1225 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302.654.0248
Email: Loizides@loizides.com

and

LUJAN & WOLFF LLP

 /s/ Delia Lujan Wolff
Delia Lujan Wolff
Suite 300, DNA Bldg.
238 Archbishop Flores St.
Hagatna, Guam 96910
Phone: (671) 477-8064/5
Facsimile: (671) 477-5297
Email:  dslwolff@lawguam.com

*Attorneys for Lujan Claimants*

4

# APPENDIX A

The foregoing Joinder of Lujan Claimants to the Official Committee of Tort Claimants' Motion to Adjourn the Hearing to Consider Approval of Disclosure Statement and Solicitation Procedures for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC was filed by the following creditors who each filed a Sexual Abuse Survivor Proof of Claim and are represented by Lujan & Wolff LLP. The numbers below are the claim numbers for each creditor's Sexual Abuse Survivor Proof of Claim, including amendments thereto.

| | | | | |
|---|---|---|---|---|
| **248** | **2991** | **6824** | **25063** | **79403** |
| **1551** | **3051** | **7976** | **25069** | **79769** |
| **1670** | **3120** | **7977** | **33028** | **80328** |
| **1677** | **3385** | **8037** | **35352** | **80655** |
| **1746** | **3610** | **8038** | **35354** | **80982** |
| **1757** | **3612** | **10548** | **38591** | **87715** |
| **1765** | **3614** | **11250** | **40889** | **87757** |
| **1913** | **3616** | **11251** | **40890** | **96418** |
| **1953** | **4855** | **14187** | **45700** | **96419** |
| **2003** | **4857** | **15104** | **45702** | **103377** |
| **2010** | **4859** | **15139** | **48168** | **103378** |
| **2011** | **5646** | **17480** | **58317** | **4858** |
| **2394** | **5646** | **18860** | **58370** | **4860** |
| **2403** | **5648** | **18873** | **67267** | |
| **2433** | **5655** | **22872** | **67286** | |
| **2597** | **6432** | **22873** | **67293** | |
| **2840** | **6434** | **22874** | **73585** | |
| **2885** | **6823** | **23388** | **73607** | |