**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 6282, 6299** |

**REPLY IN SUPPORT OF MOVING INSURERS' MOTION
TO COMPEL DOCUMENTS WITHHELD BY ERIC GREEN ON THE
BASIS OF AN ALLEGED MEDIATION PRIVILEGE [D.I. 6282]**

Mr. Green and his company, Resolutions, LLC, continue to seek to mask the extent of his dealings with the plaintiffs' lawyers associated with this case by contending that he served as a court-appointed mediator. Their counsel states this affirmatively: "from March 31, 2020 through June 9, 2020 Professor Green was acting in his capacity as a professional mediator in connection with this case."[1] But it is uncontested that the Court never appointed Mr. Green as a mediator. Therefore, the mediation privilege does not apply to him. Otherwise, anyone could claim to be a mediator when required to produce documents that he or she wishes to withhold. No case allows that.

As a fallback, Mr. Green tries to bootstrap his claim to mediation privilege by suggesting that the documents he withheld are all communications with the actual mediators in this case. But over 300 of the documents listed in Mr. Green's privilege log do not include communications between or among any of the court-appointed mediators in this case.[2] Instead, a

---

[1]    *Declaration of Rachael A. Rowe, Esq. in Connection with Letter Brief Objecting and Responding to Moving Insurers' Motion to Compel Documents Withheld by Eric Green and Resolutions, LLC for the Disclosure Statement Hearing* [D.I. 6299-1].

[2]    *See* Exhibit 1, Highlighted Version of Eric Green & Resolutions, LLC's Privilege Log (highlights indicate documents that do *not* include court-appointed mediators).

substantial portion of the documents that Mr. Green withheld are communications between him (or his employees) and (i) Young Conaway lawyers; (ii) TCC lawyers; and (iii) claimants' lawyers.  No court-appointed mediator is copied on many of these communications—which are precisely the documents that the Moving Insurers need to see to assess Mr. Green's potential conflicts of interest.

Mr. Green also withheld documents between and among him and Resolutions, LLC employees Fouad Kurdi, Carmin Reiss, and Cathy Kern.  On their face, neither Mr. Green nor his Resolutions colleagues exchanged these documents with Messrs. Gallagher, Finn or Carey.  For the avoidance of doubt and to narrow the issues, the Moving Insurers do not seek any documents exchanged with Messrs. Gallagher, Finn or Carey.

Mr. Green's assertion that he is entitled to withhold documents because he (or his employees) generated them when "prepar[ing] for the mediation" is untethered from any legal authority.  D.I. 6299, at 3.  There is no preparing-for-mediation privilege.  And because Mr. Green's counsel confirmed that he "was not a party to an executed written mediation agreement in the BSA case," and was never appointed by this Court, any supposed preparation that Mr. Green undertook is not protected by a recognized mediation privilege.[3]

Finally, Mr. Green contends that "[t]he other mediators and parties that I communicated with during this time period understood that I was acting in my capacity as a mediator."  D.I. 6299-2, at 4.  But he adduces no evidence to support that assertion.  Nor is it consistent with common sense as Mr. Green was communicating with plaintiffs' lawyers and his colleagues who run litigation trusts.  In any event, even if that were true, it would be irrelevant.  No authority

---

[3]     *Declaration of Salvatore Cocchiaro in Support of Moving Insurers' Motion to Compel* [D.I. 6283], Ex. 8, Emails between Century's Counsel and Counsel for Eric Green and Resolutions, LLC dated August 18, 2021 through September 16, 2021.

supports the proposition that the subjective beliefs of various parties control when or how the

mediation privilege applies.  And no law supports the idea that the mediation privilege covers

"all communications with mediation parties, counsel, and co-mediators as confidential, including

those occurring prior to the execution of formal mediation documents" when an individual who

is ultimately not appointed as a mediator tries to invoke the mediation privilege.  *Id.*


Dated:  September 20, 2021

Respectfully Submitted,

By:   */s/ Stamatios Stamoulis*
        Stamatios Stamoulis (No. 4606)

**Stamoulis & Weinblatt LLC**
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

**O'Melveny & Myers LLP**
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone: 212-326-2000

*Counsel for Century Indemnity Company, as
successor to CCI Insurance Company, as
successor to Insurance Company of North
America and Indemnity Insurance Company of
North America*