**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Objection Deadline: October 6, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: October 19, 2021 at 10:00 a.m. (ET)** |

**MOTION OF ZURICH INSURERS FOR AUTHORITY TO JOIN IN RULE 2004 SUBPOENAS OR, IN THE ALTERNATIVE, ISSUE IDENTICAL SUBPOENAS AS PREVIOUSLY SERVED BY OTHER INSURERS RELATING TO CLAIMS AGGREGATORS**

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers") hereby seek authority to join in the Rule 2004 subpoenas issued by other insurers to claims aggregators or, in the alternative, issue subpoenas that are identical to those issued by such other insurers (the "Motion"). A proposed form of order granting this Motion is attached hereto as Exhibit A.

In support of the Motion, the Zurich Insurers respectfully represent as follows:

**INTRODUCTION**

1. The Zurich Insurers file this Motion to preserve their rights to pursue discovery. The Court entered its September 9, 2021 Order Granting in Part Insurers' Motion

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

(Continued...)

for an Order Authorizing Certain Rule 2004 Discovery [D.I. 1974, 1975] (Dkt. No. 6184) (the "Discovery Order"), which permits Certain Insurers[2] to (a) subpoena documents and information from Verus Claims Services LLC, Consumer Attorney Marketing Group, Archer Systems, and Stratos Legal (together, the "Claims Aggregators") and (b) subpoena the Claims Aggregators for deposition regarding the validity of certain sex abuse claims, all pursuant to Bankruptcy Rules 2004 and 9016.

2. The Discovery Order provides that any documents produced to the Certain Insurers pursuant to the Discovery Order must be shared with all insurers, including the Zurich Insurers.[3] The Discovery Order also requires that the Zurich Insurers be permitted to attend and participate in any depositions permitted thereunder.[4] However, if the Certain Insurers withdraw their subpoenas or otherwise elect not to pursue discovery against the Claim Aggregators, then the Zurich Insurers would require a separate order from this Court to obtain documents and take depositions contemplated under the Discovery Order. The Zurich Insurers therefore seek authority to investigate the activities of the Claims Aggregators in connection with the Debtors' cases as permitted under the Discovery Order.

3. Thus, the Zurich Insurers seek discovery as to the Claims Aggregators to exercise its power under Bankruptcy Code section 502(a) to determine whether certain sex

---

[2] "Certain Insurers" shall have the meaning ascribed to "Insurers" in the Discovery Order, and which includes the following: Century Indemnity Company, Westchester Fire Insurance Company, Westchester Surplus Lines Insurance Company, Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, the Allianz Insurers (as defined at Dkt. No. 2026), Liberty Mutual Insurance Company (as defined at Dkt. No. 2168), and AIG (as defined at Dkt. No. 2114).

[3] *See* Discovery Order, ¶ 3.

[4] *See id.*

(Continued...)

abuse proofs of claim are objectionable. This Motion seeks to permit the Zurich Insurers to issue their own subpoenas to Claims Aggregators within the same parameters that the Certain Insurers have been authorized to issue under the Discovery Order. The scope of the requests for documents and information is set forth in the Discovery Order with reference to Exhibit E to the Certain Insurers' motion for discovery.[5] The Zurich Insurers do not seek to modify or expand the scope of discovery authorized under the Discovery Order. The Zurich Insurers also will set any depositions of Claims Aggregators for the same dates and times as the Certain Insurers.

4. To the extent the Certain Insurers go forward with all permitted discovery as to the Claims Aggregators, the order sought by this Motion will have no impact on any party or third party.

**JURISDICTION AND VENUE**

5. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to consider and grant the relief requested herein.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The predicates for the relief requested in this Motion are Bankruptcy Rules 2004 and 9016.

[5] *See* Ex. E of *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim*. Dkt. No. 1975.

## RELIEF REQUESTED

9. By this Motion, the Zurich Insurers request that they permitted to serve subpoenas for document production and depositions to the Claims Aggregators under the exact terms that the Court has permitted the Certain Insurers to serve under the Discovery Order.

## BACKGROUND

### A. The Rule 2004 Discovery Motion Relating to Claims Aggregators

10. On January 22, 2021, the Certain Insurers filed a sealed motion (Dkt. No. 1974), which was also filed in redacted form (Dkt. No. 1975) as *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* (the "Certain Insurers' Rule 2004 Motion"). Joinders in the Certain Insurers' Rules 2004 Motion were filed by the Allianz Insurers, Liberty Mutual, and the AIG Insurers.

11. The Certain Insurers submitted to the Court specific requests for production and information (the "Rule 2004 Document Requests") referenced as "Exhibit E" in the Discovery Order.

### B. The Discovery Order

12. At a hearing on August 30, 2021, the Court granted, in part, the Insurers' Rule 2004 Motion.

13. The Court's subsequent written Discovery Order on the Certain Insurers' Rule 2004 Motion provides, among other things, that

a. the Certain Insurers may issue subpoenas to the Claims Aggregators containing the Rule 2004 Document Requests set forth at Exhibit E and for deposition;

b. the insurers are entitled to copies of all documents produced to the Certain Insurers responsive to the Rule 2004 Document Requests; and

c. the insurers may attend and participate in the subpoenaed depositions of each of the Claims Aggregators.

14. On September 14, 2021, Century filed its *Notice of Subpoena to Produce Documents Pursuant to Federal Rules of Civil Procedure 34 and 45* (Dkt. No. 6211), to which Century attaches subpoenas directed at fourteen (14) entities, including three of the Claims Aggregators, seeking the production of documents on either September 24, 27, or 28, as set forth on the relevant subpoena. The following day, Century filed its *Notice of Subpoena on Stratos Legal Services, L.P. to Produce Documents Pursuant to Federal Rules of Civil Procedure 34 and 45* (Dkt. No. 6230).

15. In the absence of an order granting this Motion, the Zurich Insurers would have no authority to conduct the discovery set forth in the subpoenas if Century withdraws these subpoenas.

**BASIS FOR RELIEF REQUESTED**

16. By filing this Motion, the Zurich Insurers seek to maintain the status quo and ensure the contemplated discovery is taken even if the Certain Insurers elect to discontinue their efforts. The Zurich Insurers do not seek to expand the scope of discovery already authorized by the Discovery Order. The Zurich Insurers seek Court authorization only to either (a) be deemed to have joined in Century's subpoenas to the Claims Aggregators for the production of documents and information in the same form as permitted in the Discovery Order and depositions, or, in the alternative, (b) be authorized to serve their own document and deposition subpoenas on the Claims Aggregators.

17. In the event the Certain Insurers issue the subpoenas to all Claims Aggregators for production of documents and information, and for depositions as permitted in the Discovery Order, and the Insurers do not withdraw such subpoenas, any subpoenas issued

by the Zurich Insurers, if they are not deemed to have joined the subpoenas, will not impact the discovery. Only in the event the Certain Insurers withdraw their subpoenas will the Zurich Insurers' discovery be necessary to maintain the status quo and enable the Rule 2004 discovery against the Claims Aggregators to go forward, in the event the Certain Insurers later determine it is not in their interests to pursue such discovery.

**CONCLUSION**

18. WHEREFORE, the Zurich Insurers request that the Court enter an order (a) granting the Motion, (b) (i) deeming the Zurich Insurers to have joined the Century subpoenas to the Claims Aggregators for the production of documents and information, and for depositions, in the same manner and extent as permitted to the Certain Insurers under the Discovery Order or, in the alternative, (ii) authorizing the Zurich Insurers to serve their own document and deposition subpoenas to the Claims Aggregators, and (c) granting the Zurich Insurers such other relief as may be appropriate under the circumstances.

DATED: September 22, 2021

Respectfully submitted,

*/s/ Robert D. Cecil, Jr.*
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted *pro hac vice*)
Kevin D. Cacabelos (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com, kcacabelos@crowell.com

-and-

Clifford J. Zatz (admitted *pro hac vice*)
Tacie H. Yoon (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
E-mail: czatz@crowell.com, tyoon@crowell.com, rjankowski@crowell.com

Attorneys for American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company