# **EXHIBIT A**



# TORT CLAIMANTS COMMITTEE RECOMMENDS THAT SURVIVORS <u>VOTE TO REJECT</u> THE BOY SCOUTS PLAN

The Official Tort Claimants Committee (TCC) in the chapter 11 bankruptcy of the Boy Scouts of America (BSA) urges survivors to *vote to reject BSA's Plan*.  The Plan is grossly unfair to the 82,200 survivors who were sexually abused as children.

**In the TCC's opinion, survivors may receive less than 10 cents on the dollar under the current BSA Plan.**

**The TCC urges you to attend the TCC's "Town Hall" meetings. The TCC will discuss its determinations about BSA's Plan. The Schedule for the Town Hall meetings can be found at www.tccbsa.com or by emailing BSASurvivors@pszjlaw.com.** The Zoom link to the Town Hall meetings: https://pszjlaw.zoom.us/j/82272826295 **OR** telephone: 1-669-900-9128; Code: 82272826295#

The TCC was appointed by the United States Trustee as the official fiduciary representative for all survivors of childhood sexual abuse and it recommends that survivors *vote to reject BSA's Plan*. The nine members of the TCC have collectively spent thousands of hours devoted to assuring that survivors are fairly compensated. After all this time, BSA's Plan does not accomplish that goal. While the topline cash settlement number in the BSA's Plan seems large (approximately $1.8 billion), it only represents a fraction of what the TCC believes the settling parties should and can pay to tens of thousands of survivors based on their financial exposure and available assets. While the BSA will be seeking further settlements and contributions from insurers and Chartered Organizations, at this time, there are none and there is no guarantee that BSA will be able to settle with such parties and provide further insurance or cash to pay claims.

The key flaws in BSA's Plan include:

- BSA's Plan includes settlements with Local Councils that leave them with over a billion dollars of cash and property in excess of what their current need to fulfill the mission of Scouting.
- Under the terms of BSA's Plan, Chartered Organizations do not pay a cent for broad releases for more than 40 years of sexual abuse claims (1976-2020). Instead, Chartered Organizations receive a release of their sexual abuse liability in exchange for a transfer of their interest in insurance policies purchased by the BSA and Local Councils.
- BSA's Plan includes a settlement with The Church of Jesus Christ of Latter-Day Saints (TCJC) that is completely insufficient to pay for claims for which it has liability.
- The Hartford Insurance Company (Hartford), the only settling insurer to date, is paying a small fraction of the coverage it is contractually obligated to provide.

The payment percentage on your claim is low partially because Hartford is paying only a fraction of what the insurance policies it issued to BSA actually cover. Hartford increased its inadequate offer of $650 million to an equally subpar offer of $787 million. Because the $787 million is not being dedicated to claims that trigger Hartford's policies, the $787 million will yield approximately $8,500 per survivor after accounting for trust expenses and overhead.

BSA's Plan also includes a $250 million settlement with TCJC which had decades of direct involvement in every aspect of the Scouting program. The $250 million is not only an amount that is far below its responsibility but it has the financial ability to pay the full value of its claims many times over. The TCJC settlement funds will **only** be distributed to survivors who have claims against TCJC which may result in additional distributions only to them.

If a sufficient number of survivors vote to reject BSA's Plan, then the possible outcomes include (i) BSA's case may be dismissed and survivors may be free to pursue claims against BSA, Local Councils, Chartered Organizations and other parties subject to applicable statutes of limitation; (ii) the Court may appoint a trustee for BSA; (iii) the TCC (or other parties) may submit an alternate plan to reorganize BSA; or the BSA may amend its Plan and seek to resolicit votes to accept or reject such amended plan.

The TCC believes that survivors are likely to enjoy greater recoveries if BSA's Plan is rejected. For example, if BSA's Plan is rejected, BSA's proposed settlements with Hartford and TCJC, described in the plan, are rejected as well. Consequently, Hartford and TCJC will be forced to answer for their respective liabilities and the TCC believes that the recoveries against them will far exceed the amounts of the proposed settlements. Also, the Local Councils have more assets that they could use to pay survivors.

> **The TCC urges you to attend the TCC's "Town Hall" meetings. The TCC will discuss its determinations about BSA's Plan. The Schedule for the Town Hall meetings can be found at www.tccbsa.com or by emailing BSASurvivors@pszjlaw.com.** Here is the Zoom link to the Town Hall meetings: https://pszjlaw.zoom.us/j/82272826295 **OR** telephone: 1-669-900-9128; Code: 82272826295#

October __, 2021

| | |
|---|---|
| John Humphrey, Chair | Douglas Kennedy, Co-Chair |
| Robert Grier | Richard Halvorson |
| Christopher Haywood | Robb Lawson |
| M. Wade Paul | Jorge Tobon |
| Jorge Vega | |