**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**MOTION FOR ORDER FIXING HEARING DATE AND SHORTENING TIME REGARDING MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO BANKRUPTCY RULE 3013 TO CLASSIFY CLAIMS UNDER THE FIFTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The Official Committee of Tort Claimants (the "TCC") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby files this motion to shorten (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), scheduling a hearing and shortening the notice period with respect to the *Motion of the Official Committee of Tort Claimants Pursuant to Bankruptcy Rule 3013 to Classify Claims Under the Fifth Amended Joint Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC, Under Chapter 11 of the Bankruptcy Code* (the "Motion"), filed concurrently herewith. In support of this Motion to Shorten, the TCC respectfully states as follows.

**Jurisdiction**

1. This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing

pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Relief Requested

3. The TCC requests that (a) the Motion be scheduled for hearing on September 28, 2021, at 10:00 a.m. Eastern Time, the same date and time for the continued hearing on the Debtors' Disclosure Statement and related matters; and (b) the response or objection deadline to the Motion be set for the time scheduled for the hearing on the Motion.

### Basis for Relief

4. Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion specifying the exigencies justifying shortened notice."

5. In support of this Motion to Shorten, the TCC represents that the exigencies justify shortened notice of the Motion and scheduling an emergency telephonic hearing.

6. Since the Debtors filed their Second Amended Plan in April 2021—and in each of the iterations filed since—the Plan has contemplated that Holders of Direct Abuse

address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Claims in Class 8 would have the ability to, "on his or her Ballot," elect to receive an Expedited Distribution (an "Electing Abuse Claimant").[2]

7.   Late in the day on *Sunday*, *September 26,* the TCC learned that the Debtors intended to make a sudden about-face. Presumably to avoid this Court's scrutiny of a critical confirmation issue that they recognized just days ago, the Debtors now intend to have Electing Abuse Claimants, who are in a fundamentally different position than non-Electing Abuse Claimants, make the election to receive an Expedited Distribution after the Plan goes effective.

8.   The Plan places *all* Direct Abuse Claims in Class 8. Yet, under the Plan, Electing Abuse Claimants are contemplated to receive substantially different treatment than all other Direct Abuse Claimants. Pursuant to Bankruptcy Rule 3013, the Court is authorized to issue an order directing the Debtors to amend the Plan to establish two separate classes for holders of Direct Abuse Claims: Electing Abuse Claimants and Non-Electing Abuse Claimants. Absent such a revised classification, the Plan cannot be confirmed as a matter of law.

9.   Accordingly, the TCC requests that the hearing on the Motion be conducted on September 21, 2021, at 10:00 a.m., the same date and time set for the continued hearing regarding approval of the Disclosure Statement (the "Disclosure Statement Hearing"), and hearings on related matters. Given the nature of the relief requested in the Motion, and the fact that the Court will be considering the adequacy of the Disclosure Statement and related issues at the Disclosure Statement Hearing, this matter should be considered at the same hearing.

---

[2] *See* Second Amended Plan [Docket No.2592] at Art. III.B.10(b)(i); Third Amended Plan [Docket No. 5368] at Art. III.B.10(b)(i); Fourth Amended Plan [Docket No. 5484] at Art. III.B.10(b)(i); Fifth Amended Plan [Docket No. 6212] at Art. III.B.10(b)(i).

3

10. Accordingly, the TCC submits that the exigencies justify shortening notice on the Motion.

**Notice**

11. This Motion to Shorten and the Motion will be served by e-mail, hand delivery, overnight mail, express mail, or facsimile on: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the Creditors Committee; (d) counsel to the Future Claims Representative; (e) counsel to the Coalition; and (f) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The TCC submits that, in light of the nature of the relief requested, no other or further notice need be given.

12. If the Court grants this Motion to Shorten, the TCC will immediately serve a copy of the order on the above-noted Notice Parties by e-mail, hand delivery, overnight mail, express mail, or facsimile.

**AVERMENT PURSUANT TO LOCAL RULE 9006-1(E)**

13. In accordance with Local Rule 9006-1(e), the Tort Claimants' Committee certifies that they have notified the United States Trustee (the "UST"), counsel to the Debtors, counsel the Official Committee of Unsecured Creditors (the "Creditors Committee"), and counsel the Future Claimants' Representative (the "FCR") of this Motion to Shorten. The UST consents to the relief requested in both the Motion to Shorten. The Debtors, the Creditors Committee and the FCR have not taken a position with respect to the relief requested in the Motion to Shorten as of the time of filing.

DOCS_DE:236237.3 85353/002

**No Prior Request**

14. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the TCC respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) scheduling a telephonic hearing to consider the Motion on September 28, 2021 at 10:00 a.m. (Eastern Time); and (b) shorten the response deadline on the Motion, with objections, if any, to be made at the scheduled telephonic hearing on the Motion.

Dated: September 27, 2021
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:  jstang@pszjlaw.com
  inasatir@pszjlaw.com
  kbrown@pszjlaw.com
  joneill@pszjlaw.com
  jlucas@pszjlaw.com
  sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

5