# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>__Re: D.I. 2618__ |

### ORDER (I) SCHEDULING CERTAIN DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION, (II) ESTABLISHING CERTAIN PROTOCOLS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") of Boy Scouts of America ("**BSA**") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**"), for entry of an order (i) scheduling certain dates and deadlines in connection with confirmation of the Plan and all related discovery, (ii) establishing the Protocols, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 § 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the

---

[1]  The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Motion and other related issues; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is GRANTED as set forth herein. The schedule set forth below shall govern discovery and evidentiary presentations in connection with confirmation of the Plan (the "**Confirmation Proceedings**") and the protocols set forth below shall govern discovery in connection with the Confirmation Proceedings (the "**Protocols**").

2.      Any party in interest that intends to participate[2] in the Confirmation Proceedings (a "**Proposed Participant**") must first file with the Court a notice indicating such intent (a "**Notice of Intent**") at any time prior to the close of the Confirmation Proceedings, in accordance with the form attached to the Motion as **<u>Exhibit B</u>**.  However, each Proposed Participant who then becomes a Participating Party must comply with and will be bound by all deadlines and other provisions set forth in the Confirmation Scheduling Order and shall not be allowed to reopen any deadlines that have already passed, absent (a) consent of the Debtors and other Participating Parties or (b) further order of the Court.

3.      The Debtors and other Participating Parties shall, within five (5) days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any grounds, including, but not limited to, that the Notice of Intent is intended solely for purposes of harassment, was

---

[2] As used herein, "participate" refers to participation in discovery, litigation, and presentation of evidence in connection with the Confirmation Proceedings.  For the avoidance of doubt, a party-in-interest who is not a Participating Party shall have the right, absent further order of the Court, to be heard in connection with and at the Confirmation Proceedings, but may not present evidence.

filed by persons that are not parties in interest within meaning of section 1109 of the Bankruptcy Code, does not comply with the terms of the this Order, or does not demonstrate a legally cognizable interest in the Confirmation Proceedings. This shall be the only means by which the Debtors or other Participating Parties may challenge the Notice of Intent of a Proposed Participant; however, it shall be without prejudice to the Debtors' or other Participating Parties' rights to raise similar objections in other contexts, including, but not limited to, in connection with any specific discovery request or briefing. No Proposed Participant shall be deemed a Participating Party unless (a) no objection is filed within five (5) days of the filing of the Proposed Participant's Notice of Intent or (b) if an objection to the Notice of Intent is filed, the Court overrules such objection.

4.    Only a Proposed Participant who files a Notice of Intent, as to which no objection is timely filed or an objection is filed but is overruled by the Court, may take part in discovery, litigation, and presentation of evidence at or in connection with the Confirmation Proceedings (each such party, a "**Participating Party**"). The Participating Parties shall automatically include, without the need to file a Notice of Intent: (i) the Debtors, (ii) the U.S. Trustee, and (iii) the Mediation Parties.[3]  Each Participating Party will be bound by the terms of the *Order*

---

[3] The Mediation Parties as defined shall include: (a) the Debtors; (b) the Ad Hoc Committee; (c) FCR; (d) the TCC; (e) the UCC; (f) the following insurers: The Chubb Group of Insurance Companies, The Hartford Companies, Allianz Global Risks US Insurance Company, National Surety Corporation, Liberty Mutual Insurance Company, and American International Group, Inc. Entities, Agricultural Insurance Company, Aspen Insurance Holdings, Limited, AXA XL Insurance, CNA Insurance Companies, General Star Indemnity Company, Markel Insurance Company, Arrowood Indemnity Company, Old Republic Insurance Company, Travelers Indemnity Company, Colony Insurance Company, Argonaut Insurance Company, Clarendon America Insurance Company, American Zurich Insurance Company, Maryland Casualty Company, Maryland American General Group, and American General Fire & Casualty Company, Munich Re, Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company; (g) the Coalition; (h) JPM Chase Bank, N.A.; (i) the Corporation of the President of the Church of Jesus Christ of Latter-day Saints; (j) the United Methodist Ad Hoc Committee; (k) the Roman Catholic Ad Hoc Committee; (l) Catholic Mutual Relief Society of America; (m) the Episcopal Church; (n) the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America; (o) Roman Catholic Diocese of Brooklyn, New York; (p) Roman Catholic Archbishop of Los Angeles, a corporation sole; (q) Roman Catholic Diocese of Dallas, a Texas non-profit corporation; (r) Archdiocese of Galveston-Houston; (s) Diocese of Austin; (t) Zalkin Law Firm, P.C.; and (u) Pfau

*Approving Confidentiality and Protective Order* [D.I. 799] entered in these Chapter 11 Cases.

5.     The following dates and deadlines shall govern discovery in connection with confirmation (such dates and deadlines, the "**Confirmation Schedule**"):

| Event | Date |
|---|---|
| Deadline to Serve Written Discovery | October 8, 2021 |
| Deadline to Serve Responses & Objections to Written Discovery Including Legal and Factual Bases | October 18, 2021 |
| Parties to Meet and Confer re: Any Discovery Disputes | October 20, 2021 – October 25, 2021 |
| Deadline for Requesting Parties to File Responsive Letter Briefs re: Any Discovery Disputes | November 1, 2021 |
| Discovery Dispute Hearings | November 8 – 12, 2021 |
| Document Production Complete and Deadline to Update Written Responses re: Status of Production | November 19, 2021 |
| Deadline to Complete Depositions of Fact Witnesses by Zoom, Including Relating to Preliminary Voting Results | December 14, 2021 – December 23, 2021 |
| Expert Reports Due | December 17, 2021 |
| Rebuttal Expert Reports Due | January 14, 2022 |
| Deadline to Complete Depositions of Expert Witnesses by Zoom | January 21, 2022 |
| Deadline to Exchange Deposition Designations and File Motions *in Limine* | January 28, 2022 |
| Deadline to Exchange Deposition Counter-Designations | February 4, 2022 |
| Deadline to Submit Joint Pretrial Order, Witness and Exhibit Lists, Oppositions to Motions *in Limine*, and for Objections to Deposition Counter-Designations | February 11, 2022 |
| Final Pretrial Conference | February 23, 2022 |
| Confirmation Hearing | February 28, 2022 at _:__ a.m. (Eastern time) |

6.     If a Participating Party fails to comply with any of the dates or deadlines set forth in the foregoing Confirmation Schedule, such failure shall be a waiver of the applicable

---

Cochran Vertetis Amala PLLC. *See Amended Disclosure Statement for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2613] (the "**Disclosure Statement**").

event by such Participating Party.  Notwithstanding anything in this Order, to the extent the Debtors substantively amend the Plan (including any associated documents) and/or enter into any settlements after any of the foregoing deadlines (a "**Subsequent Change**"), nothing herein shall prejudice any Participating Party from conducting discovery arising from or concerning such Subsequent Change ("**Subsequent Discovery**") after the passage of any date or deadline contained within the Confirmation Schedule, nor shall it prejudice any Participating Party from seeking the adjournment of future dates or deadlines contained within the Confirmation Schedule.  Parties are highly encouraged to reach agreement concerning any Subsequent Discovery to avoid Court intervention.

7.    **Discovery of Debtors, Parties, and Third Parties**.  The Participating Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking documents from the Debtors, other parties in interest, and any third parties. For the avoidance of doubt, no further motion practice is required prior to serving discovery under these Protocols.

8.    **Document Production.**   The following provisions apply to requests for production of documents directed to any party (collectively, "Receiving Parties") in connection with the Confirmation Proceedings:

   a) *Production Format Protocol*.   All documents and electronically stored information ("ESI") produced by any Receiving Party shall be produced in conformance with the terms of the e-discovery protocol, attached hereto as **Appendix 1**.

   b) *Document Discovery from Advisors*.  Each Receiving Party that is the recipient of a request for the production of documents shall make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor retained by such Receiving Party in connection with these Chapter 11 Cases and/or under the Receiving Party's control, without the need for such advisor to be subpoenaed directly.

   c) *Assertions of Privilege*.  If any Receiving Party intends on withholding or

redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, the Receiving Party and requesting Participating Party (the "<u>Requesting Party</u>") shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order in these Chapter 11 Cases.  A Receiving Party shall provide its initial privilege log(s) to all applicable Requesting Parties within seven (7) calendar days after it substantially completes production of documents in response to document requests.

9.     **Expert Testimony.** No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) and sitting for a deposition, which may be attended by any Participating Party.   Any Participating Parties challenging such report will meet and confer to determine the scheduling of and apportioning of questioning time during such depositions.

10.     **Discovery Disputes**.   In accordance with the Confirmation Schedule, Receiving Parties shall file and serve responses and objections to written discovery (a "**Discovery Objection**"), which shall contain all legal and factual bases upon which the Discovery Objection is based, on or before October 18, 2021.  Between October 20, 2021 and October 25, 2021, parties shall meet and confer in good faith in an attempt to resolve any discovery dispute.  If a discovery dispute cannot be resolved by the parties, the Requesting Party shall file a letter brief responding to the Discovery Objection, with notice to all Participating Parties, on or prior to November 1, 2021.  No additional filings with respect to a discovery dispute will be permitted absent further Court order.

11.     **Status Conferences**.   The Court will hold status conferences with the Participating Parties on the following dates: [ • ], and any other such dates as the Court deems necessary.

12.     **Service**.  Within three (3) business days following the deadline to file Notices

of Intent, the Debtors shall file with the Court a list of all Participating Parties and their attorneys (including e-mail addresses), which will be the official service list for discovery related to the Confirmation Proceedings. The Debtors shall amend the service list as necessary and will file such amended service lists with the Court.  The Participating Parties shall serve all discovery requests and written responses and other formal discovery papers that are not filed by e-mail on all other Participating Parties.  If transmission of voluminous materials as an e-mail attachment is impractical, materials shall be posted on an FTP or data site and all Participating Parties shall be provided access to the materials.

13.    **Modifications.** The Protocols, dates, and terms in this Confirmation Scheduling Order may be modified or waived by the consent of Debtors and any applicable Participating Parties without Court approval, except for any dates involving briefings or submissions to the Court, or any dates involving conferences or hearings with the Court, including but not limited to the following: the deadlines to submit the Pretrial Order, Witness and Exhibit Lists, Motions *in Limine* and Oppositions thereto, and for the Final Pretrial Conference.

14.    **Time Periods**. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.    The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

17.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Appendix 1**

*ESI Protocol*

This Protocol supplements the provisions of Federal Rules of Civil Procedure 16, 26, 33, 34, 37, and 45, and the Federal Rules of Bankruptcy Procedure, insofar as those Rules relate to the production of documents and ESI.  This Protocol shall supersede any instructions in Requests for Production regarding the matters addressed herein.  To the extent that instructions in Requests for Production conflict with this Protocol, the Protocol shall govern.

All reasonable efforts will be taken to ensure that documents produced in this litigation are formatted as follows:

A.       Documents gathered from electronic data should be provided in the following format:

1.          TIFFs.  The parties will produce all documents as Group IV single page black and white TIFF format files imaged at 300 dpi.  The Receiving Party will honor reasonable requests made in good faith for either production of the original document for inspection and copying or production of a color image of the document. In all cases the image must reflect how the source document would have appeared if printed out to a printer attached to a computer viewing the file. The Receiving Party will, however, instruct its vendor to disable Auto Date and to enable and show hidden columns or rows, hidden worksheets, speaker notes, track changes and comments.

2.          Unique IDs.  Each image should have a unique file name, which is the Bates Number of the page. Bates Numbers shall be unique IDs with a prefix that can be readily attributed to the Receiving Party. Bates Numbering should be sequential. If a Bates Number or set of Bates Numbers is skipped in a production, the Receiving Party will so note.

3.        <u>Spreadsheets and Other Files in Native Format</u>: All Excel files and other files that cannot be reasonably reviewed except on a computer shall be produced in native format. For these native or other format files, the Receiving Party will also provide a single page placeholder referencing the native file with a Bates stamp for the file. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g. "ABC0000001.xls").

4.        <u>Database Load Files/Cross-Reference Files</u>.  Documents produced shall be provided with (i) Concordance delimited load file(s) and (ii) Opticon delimited cross-reference file(s).  Every TIFF in each production must be referenced in the production's corresponding load file. The total number of images referenced in a production's load file should match the total number of TIFF files in the production. The database load file shall include a reference to any native files that are produced.

5.        <u>Parent-Child Relationships</u>.   "Parent-child" relationships (the association between an e-mail and the attachments) should be preserved. The Receiving Party shall produce email attachments sequentially after the parent email. The load files shall maintain a cross reference between the parent and any children.

6.        <u>Requests for high-resolution or color documents</u>.      The Receiving Party agrees to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Protocol will preclude a Receiving Party from objecting to such requests as unreasonable in number, timing or scope, provided that a Receiving Party will not object if the document as originally produced is illegible or difficult to read.  The Receiving Party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the

requesting and Receiving Parties will meet and confer in good faith to try to resolve it.

7.          Foreign language documents.  All documents shall be produced in their original language. Where a requested document exists in a foreign language and the Receiving Party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the Receiving Party shall produce both the original document and all English-language versions. In addition, if the Receiving Party has a certified translation of a foreign-language document that is being produced, whether or not the translation is prepared for purposes of litigation, the Receiving Party shall produce both the original document and the certified translation.  Nothing in this Agreement shall require a Receiving Party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

8.          Text  Files.   For each document, a document level text file should be provided along with the TIFFs. If the document contains extractable text, the extractable text should be provided. If the document does not contain extractable text, the Receiving Party shall provide OCR for that document. The text files will not contain the redacted portions of the documents. Text files for documents or pages containing redactions shall be produced no later than five (5) business days after the production of the corresponding TIFFs.

9.          Metadata Fields.   The following metadata should be provided if it exists: (a) all metadata as set forth in the table below; (b) metadata pertaining to time/date should be maintained as it exists in the native file at the time of collection.  The Receiving Party reserves its rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

**Metadata Fields**

| Concordance | Description |
|---|---|
| BEGPRODBATE | Beginning Bates or control number(w/Prefix) |
| ENDPRODBATE | Ending Bates or control number (w/Prefix) |
| BEGBATESATT | Beginning of attachment range for e-mails or attached documents. |
| ENDBATESATT | Beginning of attachment range for e-mails or attached documents. |
| CUSTODIAN | Custodian is generally the person who provided the information |
| DOCTYPE | Doctypes should be defined (can include coded information or electronically captured metadata). |
| FILENAME | Document file name |
| FILETYPE | File type of original document |
| CREATEDATE | Date created [MM/DD/YYYY] |
| LASTMODDATE | Date last modified  [MM/DD/YYYY] |
| SENTDATE | Date sent  [MM/DD/YYYY] |
| SUBJECT | Email subject line |
| AUTHOR | File author |
| FROM | Email author |
| RECIPIENTS | Choose one of these fields to contain recipient info for e-mails. |
| CC | Email carbon copies [Delimited list] |
| BCC | Email blind carbon copies [Delimited list] |
| PAGES | Total page count per document |
| ATTACH_CNT | Attachment count |
| SENTTIME | Sent Time |
| FILEPATH | Folder where files resided. File path may be a "Directory" for loose files or a "Folder" for emails. |
| FILESIZE | Document file size in bytes. For families of electronic documents, the "Contribution size" for each document may be provided instead of Filesize. |
| NATIVE_PROD | Location of native file in volume if provided (Native Link) |
| LSTEDITBY | Last Edited By |
| LASTACCESSED | Last Accessed By |
| MD5HASH | MD5HASH of Electronic Loose File or Attachments |
| MESSAGEID | Internet message identifier |

10.     De-duplication.  The Receiving Party may de-duplicate ESI that is exact

and identical across all custodians' ESI. The Receiving Party may use and rely in good faith on

reasonable electronic means of de-duplicating documents or files.

11.     Native Format.  With the exception of those spreadsheets discussed

above in Paragraph 3, the Receiving Party is not required to produce ESI in native format

without prejudice to the requesting party's right to request the production of individual documents in native format upon a showing of good cause. The requesting party must make written request to the Receiving Party for the production of individual documents in native format. The written request shall identify the individual documents by Bates number with an explanation of good cause as to each individual document.  A person receiving a written request for production of a document in native format shall have fourteen (14) days after the request to object. If the Receiving Party makes such an objection, the requesting party must meet and confer with the Receiving Party to try to resolve the matter by agreement. If no agreement is reached, the requesting party may file a motion seeking an order requiring the Receiving Party to produce the requested documents in native format. The requesting party shall be solely responsible for obtaining any software or hardware required to review electronic documents produced in discovery, including in native format, so long as such software or hardware is readily available to the public. To the extent such software or hardware is not readily available to the public, nothing herein shall foreclose a requesting party from moving for an order to obtain access to the software or hardware necessary to review electronic documents produced in discovery. The foregoing is without prejudice to the Receiving Party's right to produce audio and video files in the format in which the files are maintained in the ordinary course of business. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

12.      Databases.    Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a Receiving Party may opt to produce relevant and

responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.  The Receiving Party agrees to identify the specific databases, by name, that contain the relevant and responsive information.

B.    Hard-copy documents that are produced, as opposed to being made available for inspection and copying, should be provided in the format described in Sections A.1 – 7 and should also be formatted as follows:

1.    <u>Unitizing of Documents</u>.  In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The Receiving Party will make its best efforts to have its vendors logically unitize documents correctly and will commit to address situations where there are improperly unitized documents.

2.    <u>Objective Coding Fields</u>.  The following objective coding fields should be provided to the extent available:  (a) beginning Bates number; (b) ending Bates number; (c) beginning attachment Bates number; (d) ending attachment Bates number; (e) number of pages; and (f) custodian.