**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## SOLICITATION PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●], 2021, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order in the above-captioned chapter 11 cases [D.I. [●]] (the "Solicitation Procedures Order"): (a) approving the *Disclosure Statement for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Disclosure Statement"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the *Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the form and manner of notice and other related documents as they relate to the Debtors; and (e) granting related relief.

The Solicitation Procedures set forth in this document are supplemented by the instructions accompanying the Ballots included in the Solicitation Packages that will be sent to those holders of Claims entitled to vote to accept or reject the Plan. Reference should be made to those instructions in addition to this document; however, in the case of a conflict, the terms of the Ballots control.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. [2295]] (the "Solicitation Procedures Motion"), the Plan, the Disclosure Statement, or the *Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [D.I. 695], as applicable.

**I.      VOTING RECORD DATE**

The Bankruptcy Court has established **[●], 2021**, as the record date for purposes of determining which holders of Claims in Class 3A (2010 Credit Facility Claims), Class 3B (2019 RCF Claims), Class 4A (2010 Bond Claims), Class 4B (2012 Bond Claims), Class 5 (Convenience Claims), Class 6 (General Unsecured Claims), Class 7 (Non-Abuse Litigation Claims), Class 8 (Direct Abuse Claims), and Class 9 (Indirect Abuse Claims) are entitled to vote on the Plan (the "Voting Record Date").

**II.     VOTING DEADLINE**

The Bankruptcy Court has approved **[●], 2021 at 4:00 p.m. (Eastern Time)** as the deadline to vote to accept or reject the Plan (the "Voting Deadline").  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Bankruptcy Court.  To be counted as a vote to accept or reject the Plan, each Ballot or Master Ballot (each, generally referred to herein as a "Ballot") must be properly executed, completed, and delivered by (1) the electronic Ballot submission platform on the Solicitation Agent's website (the "E-Ballot Platform"), (2) mail, (3) overnight delivery, or (4) personal delivery, so that it is ***actually received***, in each case, by the Solicitation Agent no later than the Voting Deadline.  Specifically, each Ballot must be returned through the E-Ballot Platform at (a) https://omniagentsolutions.com/bsa-SAballots for Direct Abuse Claim Ballots and Master Ballots or (b) https://omniagentsolutions.com/bsa-ballots for all other Ballots, by mail using the envelope included in the Solicitation Package, as applicable, or by overnight or personal delivery to the following address:

> Boy Scouts of America Ballot Processing
> c/o Omni Agent Solutions
> 5955 De Soto Avenue, Suite 100
> Woodland Hills, CA 91367

Only one Ballot may be submitted on account of each Claim.  Holders of Claims that submit a Ballot via the E-Ballot Platform should not also submit a paper Ballot.  If a holder of a Claim submits a Ballot using the E-Ballot Platform and a paper Ballot, the last Ballot actually received by the Solicitation Agent before the Voting Deadline shall be deemed to be the effective vote.  Delivery of a Ballot to the Solicitation Agent by facsimile or electronic means other than through the E-Ballot Platform shall not be valid.

Exhibits to Master Ballots may only be submitted in Excel format via the E-Ballot Platform or, if the Master Ballot is being mailed, by USB drive—they may not be printed out and submitted in hard copy format.  Votes provided on any Exhibit submitted in a format other than the Excel Exhibit provided by the Solicitation Agent shall not be counted.  The Exhibit must be submitted together with the Master Ballot.

### III. FORM, CONTENT, AND MANNER OF NOTICES

#### A. Content of the Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

1. a cover letter describing the contents of the Solicitation Package and instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Solicitation Procedures Order and urging holders of Claims in the Voting Classes to vote to accept the Plan (the "Cover Letter");

2. the *Notice of Hearing to Consider Confirmation of Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*, substantially in the form annexed to the Solicitation Procedures Order as **Exhibit 3** (the "Confirmation Hearing Notice");

3. the Disclosure Statement with all exhibits, including the Plan and all exhibits (to the extent such exhibits are filed with the Bankruptcy Court before the Solicitation Date), which shall be provided in the formats set forth in the Solicitation Procedures Order and are also available via https://omniagentsolutions.com/bsa-SAballots (Direct Abuse Claims) or https://omniagentsolutions.com/bsa-ballots (all other Claims);

4. the Solicitation Procedures Order, including the Solicitation Procedures but excluding all other exhibits, which shall be provided in the formats set forth in the Solicitation Procedures Order and is also available via https://omniagentsolutions.com/bsa-SAballots or https://omniagentsolutions.com/bsa-ballots;

5. an appropriate form of Ballot with return instructions and a return envelope, as applicable;

6. a letter from any official committee or the Coalition, substantially in the form filed in these Chapter 11 Cases before the Disclosure Statement Hearing (and as may be modified, amended, or supplemented from time to time); and

7. any other materials ordered by the Bankruptcy Court to be included as part of the Solicitation Package.

#### B. Distribution of the Solicitation Package.

This Section explains the manner in which Solicitation Packages shall be distributed to holders of Claims entitled to vote on the Plan and other interested parties.

The Solicitation Packages shall be transmitted by mail to holders of Claims in the Voting Classes. The Debtors shall transmit the Disclosure Statement and the Solicitation Procedures

Order (excluding exhibits except these Solicitation Procedures) as part of the Solicitation Package as follows: (i) in hard copy format to holders of Direct Abuse Claims or to their counsel, if such holders are voting via Master Ballot; *provided* that all incarcerated holders of Direct Abuse Claims, even if such holders are voting via Master Ballot, shall receive a Solicitation Package in hard copy format (excluding a Ballot), and (b) via USB flash drive to all other holders of Claims in the Voting Classes.

The Cover Letter shall also include instructions for holders of Claims in the Voting Classes to obtain, free of charge, the Plan, the Disclosure Statement, and the Solicitation Procedures Order and exhibits in electronic format via https://omniagentsolutions.com/bsa-SAballots or https://omniagentsolutions.com/bsa-ballots. Any holder of a Claim that receives incomplete materials or would like to request additional materials may contact the Solicitation Agent by: (a) calling the Debtors' toll-free restructuring hotline at (866) 907-2721; (b) visiting the Debtors' restructuring website at https://omniagentsolutions.com/BSA; (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; or (d) emailing BSAballots@omniagnt.com.

1. *Direct Abuse Claims*. The Solicitation Agent shall cause a Solicitation Package to be served on holders of Direct Abuse Claims by the Solicitation Date in the manner described in **Section IV** below.

2. *Claims in the Other Voting Classes*. The Solicitation Agent shall cause a Solicitation Package to be served on each holder of a Claim in the Voting Classes other than Direct Abuse Claims who is entitled to vote by the Solicitation Date.

3. *Other Parties*. The Solicitation Agent shall cause a Solicitation Package (without a Ballot) to be served for informational purposes on the Office of the United States Trustee for the District of Delaware.

4. *Exception for Undeliverables*. Notwithstanding any provision to the contrary herein, neither the Debtors nor the Solicitation Agent shall be required to distribute a Solicitation Package to any Person or Entity as to whom the notice of the Solicitation Procedures Motion or other mailed notice in the Chapter 11 Cases was returned as undeliverable by the postal service, unless the Solicitation Agent is provided with an accurate address for such Person or Entity before the Solicitation Date.

5. *Avoidance of Duplication*. The Debtors shall make reasonable efforts to ensure that any holder of a Claim that has filed duplicative Claims and/or Claims that are amended and superseded by a later filed Claim against a Debtor that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class. If the Debtors timely receive more than one Ballot from or on behalf of the holder of a single Direct Abuse Claim, the effective vote shall be determined in accordance with **Sections IV.D** and **V** below.

C. **Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

1. Absent further order of the Bankruptcy Court, the holder of a Claim in a Voting Class that is the subject of a pending "reclassify" or "reduce and allow" objection filed on or before the Solicitation Date only to reclassify or reduce the amount of such Claim shall be entitled to vote such Claim in accordance with the proposed reclassification or in the reduced amount (as applicable) contained in such objection.

2. If a Claim in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or before the Solicitation Date (a "Disputed Claim"), (a) the Debtors shall cause the applicable holder to be served with a notice of such Disputed Claim (the "Disputed Claim Notice"), substantially in the form attached to the Solicitation Procedures Order as **Exhibit 6**, and (b) the applicable holder shall receive a Solicitation Package but shall not be entitled to have their vote to accept or reject the Plan counted on account of such Claim unless a Resolution Event (as defined below) occurs as provided herein.

3. If a Claim in a Voting Class is subject to an objection that is filed with the Court after the Solicitation Date, the applicable Claim shall be deemed temporarily allowed solely for voting purposes to the extent otherwise allowed for voting purposes in accordance with these Solicitation Procedures, without further action by the Debtors or the holder of such Claim and without further order of the Bankruptcy Court, unless the Debtors and claimant agree to other treatment for voting purposes or the Bankruptcy Court orders otherwise.

4. If the holder of any Disputed Claim seeks to challenge the disallowance or estimation of its Claim for voting purposes, such holder must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion"). Any Rule 3018(a) Motion shall be filed with the Bankruptcy Court and served on the Debtors on or before **[●], 2021**. If a holder of a Disputed Claim files a timely Rule 3018(a) Motion, such holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim prior to **[●], 2021** (the "Voting Resolution Event Deadline"), or as otherwise ordered by the Bankruptcy Court.

5. A "Resolution Event" means, with respect to a Disputed Claim that is the subject of an objection other than a "reclassify" or "reduce and allow" objection, the occurrence of one or more of the following events on or before the Voting Resolution Event Deadline:

   a. An order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

   b. entry of an order of the Bankruptcy Court, after notice and a hearing, granting a Rule 3018(a) Motion and temporarily allowing such Claim for voting purposes in accordance with **Section III.C.4** above;

   c.  execution of a stipulation or other agreement between the holder of a Disputed Claim and the Debtors (a) resolving the objection and allowing such Claim for voting purposes in an agreed-upon amount or (b) otherwise fixing an amount of the Claim for voting purposes; or

   d.  the pending objection is voluntarily withdrawn by the objecting party.

  **D.**  **Non-Voting Status Notice for Unclassified and Unimpaired Classes of Claims.**

Certain holders of Claims that are not classified under Article III of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are presumed to accept the Plan under section 1126(f) of the Bankruptcy Code shall receive only the *Notice of Non-Voting Status to Holders of Unclassified Claims and Holders of Unimpaired Claims Conclusively Presumed to Accept the Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*, substantially in the form annexed to the Solicitation Procedures Order as **Exhibit 5**. The notice shall instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

**IV.**  **SPECIAL PROCEDURES RELATING TO DIRECT ABUSE CLAIMS**

The procedures set forth in this **Section IV** only apply to holders of Direct Abuse Claims, unless otherwise expressly indicated.

  **A.**  **To Attorneys Representing Holders of Direct Abuse Claims:**

  1.  On or about **April 5, 2021**, the Solicitation Agent mailed an Abuse Claim Solicitation Notice, an Abuse Survivor Plan Solicitation Directive, and a Client List (each as defined below) on each known attorney representing holders of Abuse Claims (each, a "Firm").

  2.  On or about **April 5, 2021**, the Debtors mailed to each Firm an Excel spreadsheet on a secure, encrypted USB drive (each, a "Client List") that listed the first and last name, claim number, month and year of birth, last four digits of Social Security Number, mailing address, and email address (if available) of each Firm's clients who hold Direct Abuse Claims (collectively, the "Abuse Survivor Clients"), as compiled by the Debtors, with the assistance of their professionals, based on their review of the Sexual Abuse Survivor Proofs of Claim filed on or before the Abuse Claims Bar Date by or on behalf of the holders of Direct Abuse Claims in the Chapter 11 Cases.

  3.  The Debtors requested that each Firm confirm the names, addresses, claim numbers, and (if known) email addresses of its Abuse Survivor Clients as set forth on the Client List. To the extent a Firm includes Abuse Survivor Clients who were not originally listed by the Solicitation Agent, such Firm must provide the Solicitation Agent with the Proof of Claim number that corresponds to each such additional Abuse Survivor Client's Direct Abuse Claim. If the Abuse Survivor Client's Sexual Abuse Survivor Proof of Claim does not indicate that communications regarding such claim may be directed to such client's Firm, a Firm was also required to provide written verification from the Abuse Survivor Client(s) that he or she authorized the Firm to receive

6

the Solicitation Package on his or her behalf. If such written verification is not supplied by the Firm, the Solicitation Agent will not count the vote for the Abuse Survivor Client(s) in a Master Ballot submitted by such Firm and those Abuse Survivor Client(s) will be solicited by the Direct Solicitation Method. The Solicitation Agent endeavored to identify on the Client Lists any conflicting records indicating that an individual Abuse Survivor Client may be represented by more than one Firm or has filed duplicative Direct Abuse Claims on account of a single claim.

4. To incorporate each Firm's preferred method of distribution of the Solicitation Packages (i.e., Master Ballot Solicitation Method or Direct Solicitation Method, as defined below), as authorized by each Firm's clients on the Sexual Abuse Survivor Proofs of Claim, the Debtors requested that each Firm voluntarily return a completed Abuse Survivor Plan Solicitation Directive so that it was actually received by the Solicitation Agent no later than **May 12, 2021** (the "Abuse Survivor Plan Solicitation Directive Deadline").

5. Pursuant to the Abuse Survivor Plan Solicitation Directive, each Firm may direct the Solicitation Agent to solicit votes on the Plan from its Abuse Survivor Clients according to one of the following methods, subject to approval of such Solicitation Procedures by the Bankruptcy Court:

    a. **Master Ballot Solicitation Method**. A Firm may direct the Solicitation Agent to serve the Firm with one Solicitation Package and one Master Ballot on which to record the votes of all of its Abuse Survivor Clients to accept or reject the Plan (the "Master Ballot Solicitation Method") if the Firm certifies, on or before the Abuse Survivor Plan Solicitation Directive Deadline, that (a) the Firm shall collect and record the votes of its Abuse Survivor Clients ~~through customary and accepted practices~~ in accordance with the applicable rules of professional conduct, and that it has obtained authority to cast each of its Abuse Survivor Clients' votes to accept or reject the Plan (subject in each case to the requirements that the Firm comply with the voting procedures set forth herein and that each Abuse Survivor Client shall have indicated to the Firm his or her informed decision on such vote) (the "Option (a) Certification") or (ii) the Firm has the authority under applicable law to vote to accept or reject the Plan on behalf of its Abuse Survivor Clients (a valid power of attorney or other written documentation to that effect ~~may be requested by the Debtors, in their discretion~~ must be provided at the time the Master Ballot is submitted) (the "Option (b) Certification"). ~~If it is the Firm's customary and accepted practice to collect and record authorizations or instructions from its Abuse Survivor Clients by email, telephone, or other standard communication methods, the Firm shall be authorized to follow such customary practices to collect and record the votes of its Abuse Survivor Clients~~. Each Firm that selects the Master Ballot Solicitation Method shall provide the Solicitation Package materials (excluding a ballot), in hard copy, flash drive, or electronic format, to its Abuse Survivor Clients. Any Firm that elects the Master Ballot Solicitation Method must return the Master Ballot to the Solicitation Agent so that it is received by the Voting Deadline. Each Firm must also file a verified statement with the Court pursuant to Bankruptcy Rule 2019 containing a list of the names and addresses of all Abuse Survivor Clients that the Firms represent (the "Rule 2019 Statement") prior to or concurrently with the submission of the Master Ballot.

    b. **Direct Solicitation Method**. A Firm may direct the Solicitation Agent to solicit votes on the Plan directly from each of the Firm's Abuse Survivor Clients by distributing a Solicitation Package (including a Ballot) directly to each of the Firm's Abuse

Survivor Clients via U.S. mail at the street address specified on the Firm's Client List (the "Direct Solicitation Method"). Under the Direct Solicitation Method, each Abuse Survivor Client must return his or her completed Ballot to the Solicitation Agent so that it is received by the Voting Deadline. **For the avoidance of doubt, the Debtors shall solicit votes to accept or reject the Plan from each holder of a Direct Abuse Claim who cannot be matched to a Firm or who is not included in any Client List to be solicited via the Direct Solicitation Method.**

6. If a Firm certifies that it does not represent any Abuse Survivor Clients, the Solicitation Agent is authorized to omit such Firm from the Debtors' solicitation of votes on the Plan and request that such Firm be removed from the service list in the Chapter 11 Cases. For the avoidance of doubt, any such affected survivors shall be solicited via the Direct Solicitation Method.

B. **Completion and Return of Ballots by Attorneys for Holders of Direct Abuse Claims.**

A Firm may submit a Ballot on behalf of an Abuse Survivor Client, but only to the extent such Firm has the requisite authority to do so under applicable law and completes a certification of such authority in the manner set forth herein and on the Ballot that corresponds to such Direct Abuse Claim ~~(a valid power of attorney or other written documentation to that effect may be requested by the Debtors, in their discretion)~~. Each Firm voting on behalf of more than one Abuse Survivor Client must complete a Master Ballot, which shall set forth all of the votes cast by such Firm on behalf of all such clients. Along with the Master Ballot, you must submit a valid power of attorney or such other documentation signed by you and one witness under penalty of perjury to substantiate the facts and circumstances of each Abuse Survivor Client's delegation of authority to vote on their behalf. Any Firm that has received a Master Ballot but subsequently decides that one or more of its Abuse Survivor Clients should vote via the Direct Solicitation Method must timely send information regarding the name, claim number, and address of holder(s) to the Solicitation Agent in writing so that such holders may be directed solicited for their votes on the Plan.

The following procedures govern the completion and return of a Master Ballot:

1. *Summarizing Votes on the Master Ballot*: The Master Ballot shall contain the following options to provide a summary of voting, one of which must be marked by the Firm:

    a. "All claimants listed on the Exhibit accompanying this Master Ballot ACCEPT (vote in favor of) the Plan."

    b. "All claimants listed on the Exhibit accompanying this Master Ballot REJECT (vote against) the Plan."

    c. "Some of the claimants listed on the Exhibit accompanying this Master Ballot ACCEPT (vote in favor of) the Plan, while other claimants listed on the exhibit accompanying this Master Ballot REJECT (vote against) the Plan."

2. *Certification by Firm of Authority to Vote and Related Issues Under Penalty of Perjury*:

   a. The Master Ballot contains certifications, to be completed by the attorney preparing and signing the Master Ballot, pursuant to which such attorney shall certify under penalty of perjury that, among other things, he or she has the authority under applicable law to vote to accept or reject the Plan on behalf of the Abuse Survivor Clients who are listed on the exhibit to the Master Ballot.

   b. If the attorney is unable to make such certification under penalty of perjury on behalf of any Abuse Survivor Client, the attorney may **not** cast a vote on behalf of such Abuse Survivor Client and **must** timely send the information relating to the name and address of such Abuse Survivor Client to the Solicitation Agent.

3. *Exhibit to the Master Ballot*:

   a. Each attorney will receive with the Master Ballot an exhibit on a USB drive containing an electronic client list in Excel format of each holder of a Direct Abuse Claim whom the attorney represents (the "Exhibit"). The Exhibit shall list, for each Abuse Survivor Client represented by the attorney's Firm and on whose behalf the attorney is voting on the Plan, (1) the Abuse Survivor Client's first and last name, the Abuse Survivor Client's claim number, the last four digits of the Abuse Survivor Client's Social Security Number (if the Abuse Survivor Client does not have a Social Security Number, it will not be listed), and the Abuse Survivor Client's date of birth, (2) whether the Abuse Survivor Client votes to ACCEPT / vote in favor of or to REJECT / vote against the Plan, (3) if the Abuse Survivor Client is voting to accept or reject the Plan, whether the Abuse Survivor Client opts out of the Releases by Holders of Claims set forth in Article X.J.4 of the Plan, (4) whether the Firm is recording the vote of each Abuse Survivor Client via the Option (a) Certification or the Option (b) Certification described and defined above, and (5) the service method that the Firm has used to transmit the Solicitation Package materials (excluding a ballot) to each holder of a Direct Abuse Claim in hard copy, flash drive, or electronic format. Along with the Exhibit each Firm must submit documentation to evidence the Firm's authorization to record the vote of each Abuse Survivor Client via the Option (a) Certification or the Option (b) Certification.

   b. The Exhibit and the completed Master Ballot shall be returned to the Solicitation Agent via the E-Ballot Platform in accordance with **Sections II and IV** of these Solicitation Procedures. The Exhibit shall contain drop-down options and shall not deviate from the following format:

| Claimant's Last Name | Claimant's First Name | Claim Number | Claimant's SSN (last 4 digits) | Claimant's Date of Birth | Vote to ACCEPT / in Favor of OR Vote to REJECT / Against the Plan | Opts Out of Release in Article X.J.4 of Plan – Leave Blank if Not Opting Out | Type of Authority for Vote | Method of Service of Solicitation Documents |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

4. *Rule 2019 Statement*:

As described above, each Firm submitting a Master Ballot on behalf of more than one client must file with the Court a Rule 2019 Statement on or before the date of submission of your Master Ballot.

C. **To Holders of Indirect Abuse Claims:** The Solicitation Agent shall cause a Solicitation Package, including a Ballot substantially in the form annexed to the Solicitation Procedures Order as **Exhibit 2-7**, to be served upon each known holder of an Indirect Abuse Claim who is entitled to vote to accept or reject the Plan and whose Claim has not been withdrawn or disallowed or expunged by an order of the Bankruptcy Court on or before the Solicitation Date.

D. **Calculation of Voting Amount With Respect to Direct and Indirect Abuse Claims.[3]**

1. Each holder of a Direct Abuse Claim who is entitled to vote shall have a single vote in the amount, for voting purposes only, of $1.00 in the aggregate per claimant, or as otherwise ordered by the Bankruptcy Court. The temporary allowance of Direct Abuse Claims in the amount of $1.00 is solely for voting purposes, and shall not be binding upon the holder, the Debtors, the Settlement Trust, the Firms, or any other party for any purpose other than voting on the Plan.

2. Each holder of an Indirect Abuse Claim, which includes, without limitation, any Abuse Claim for contribution, indemnity, reimbursement, or subrogation, who is entitled to vote shall have a single vote in the amount, for voting purposes only, of $1.00 in the aggregate per claimant, or as otherwise ordered by the Bankruptcy Court. The temporary allowance of Indirect Abuse Claims in the amount of $1.00 is solely for voting purposes, and shall not be binding upon the holder, the Debtors, the Settlement Trust or any other party for any purpose other than voting on the Plan.

E. **Receipt of Multiple Ballots for a Single Direct Abuse Claim.**

1. If notwithstanding their reasonable efforts to ensure that only one Solicitation Package (including one Ballot) is distributed on account of each holder of a Direct Abuse Claim who has filed duplicative Abuse Claims and/or on account of Abuse Claims that have been amended and superseded by later filed Abuse Claims, the Solicitation Agent receives more than one Ballot from or on behalf of the holder of a single Direct Abuse Claim on or before the Voting Deadline, the effective vote shall be the last Ballot actually received by the Solicitation Agent before the Voting Deadline that satisfies the voting and tabulation procedures specified in **Section V**.

2. To the extent the Debtors receive a Ballot from a holder of a Direct Abuse Claim entitled to vote and a Ballot from an attorney purporting to represent such holder (including

---

[3] For the avoidance of doubt, in the event of a conflict between this Section IV.D describing the calculation of votes for Direct and Indirect Abuse Claims and any other section of these Solicitation Procedures, including Section V.B, the terms of this Section IV.D shall control.

in accordance with the procedures related to Master Ballots), the Ballot received from the holder of the Direct Abuse Claim entitled to vote shall be counted.

        3.      To the extent the Debtors receive a Master Ballot from two different Firms on account of the same Direct Abuse Claim with conflicting votes on the Plan, the Debtors shall reach out to both Firms, with notice of such communication to counsel to the Tort Claimants' Committee and the Coalition, and request written documentation of each Firm's representation of such claimant. If representation of the holder of the Direct Abuse Claim is not resolved within ten (10) days from the notice of the conflict as provided by the Debtors, such votes shall not be counted.

        4.      Other than with respect to the submission of conflicting Master Ballots by different Firms, if inconsistent votes are otherwise received by the Solicitation Agent on the same day for a single Direct Abuse Claim, such votes shall not be counted.

## V.    VOTING AND TABULATION PROCEDURES

### A.    Holders of Claims Entitled to Vote.

Only the following holders of Claims in the Voting Classes shall be entitled to vote with respect to such Claims (in addition to the special procedures set forth in **Section IV** above for holders of Direct and Indirect Abuse Claims):

        1.      Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (a) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (b) is not the subject of a pending objection, other than a "reclassify" or "reduce and allow" objection, filed with the Bankruptcy Court on or before the Solicitation Date, pending the occurrence of a Resolution Event as provided herein; *provided that* a holder of a Claim that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Court;

        2.      Holders of Claims that are listed on the Debtors' Schedules; *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be allowed to vote only in the amounts set forth in **Section V.B** of these Solicitation Procedures;

        3.      Holders of Claims whose Claims arise (a) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, (b) in an order entered by the Bankruptcy Court, or (c) in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed;

        4.      Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018 in accordance with **Section III.C.4** above; and

5.  The assignee of any Claim (other than an Abuse Claim) that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (1) through (4) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register as of the Voting Record Date.

**B.  Establishing Claim Amounts for Voting Purposes.**

1.  If a Proof of Claim has been amended, the last-filed Proof of Claim as of the Voting Record Date shall be subject to these Solicitation Procedures and shall supersede any earlier filed Proof of Claim for voting purposes. Any earlier-filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such earlier filed Claim.

2.  Duplicate Claims within the same Voting Class shall be deemed temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims.

3.  Claims filed for $0.00 are not entitled to vote on the Plan, excluding the holders of Direct Abuse Claims and Indirect Abuse Claims. Each holder of a Direct Abuse Claim and Indirect Abuse Claim who is entitled to vote shall have a single vote in the amount, for voting purposes only, of $1.00 in the aggregate per claimant Court pursuant to Section IV.D or as otherwise ordered by the Bankruptcy Court.

4.  Proofs of Claim that assert Claims in more than one Voting Class may be split into multiple Voting Classes for voting purposes.

5.  *Class 3A 2010 Credit Facility and Class 3B 2019 RCF Claims*. The Claim amount of Class 3A and 3B Claims shall be established based on the amount of the applicable positions held by holders of Class 3A and Class 3B Claims as of the Voting Record Date, as evidenced by (a) the Debtors' applicable books and records and (b) the claims register maintained in these Chapter 11 Cases.

6.  *Class 4A 2010 Bond Claims and Class 4B 2012 Bond Claims*. The Claim amount of Class 4A and 4B Claims shall be established based on the amount of the applicable positions held by holders of Class 4A and Class 4B Claims as of the Voting Record Date, as evidenced by (a) the Debtors' applicable books and records and (b) the claims register maintained in these Chapter 11 Cases.

7.  *Class 5 Convenience Claims*. The Claim amount of Class 5 Claims shall be established based on the amount of the applicable positions held by holders of Class 5 Claims as of the Voting Record Date, as evidenced by the claims register maintained in these Chapter 11 Cases. With respect to holders of General Unsecured Claims in excess of $50,000 as of the Voting Record Date as evidenced by the claims register, if such Claim is Allowed and such holder elects

on its Ballot to join Class 5 and reduce such Claim to $50,000, the Claim amount shall be set at $50,000.

8. *Class 6 General Unsecured Claims*. The Claim amount of Class 6 Claims shall be established based on the amount of the applicable positions held by holders of Class 6 Claims as of the Voting Record Date, as evidenced by (a) the Debtors' Schedules and (b) the claims register maintained in these Chapter 11 Cases.

9. *Class 7 Non-Abuse Litigation Claims*. The Claim amount of Class 7 Claims shall be established based on the amount of the applicable positions held by holders of Class 7 Claims as of the Voting Record Date, as evidenced by the claims register maintained in these Chapter 11 Cases. For the avoidance of doubt, all Non-Abuse Litigation Claims in Class 7, including any Insured Non-Abuse Claim, which have not been fixed pursuant to a judgment or settlement entered prior to the Voting Record Date, shall be classified as a contingent and unliquidated Claim in accordance with this Section V.B and shall have a single vote in the amount, for voting purposes only, of $1.00 in aggregate per claimant, unless otherwise ordered by the Bankruptcy Court. Such temporary allowance is solely for voting purposes, and will not be binding on the holder, the Debtors, or any other party for any purpose other than voting on the Plan.

10. *Claim Amounts for Voting Purposes*. The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim under the terms of the Plan. Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

    a. the Claim amount (i) settled or agreed upon by the Debtors, as memorialized in a document filed with the Bankruptcy Court, (ii) set forth in an order of the Bankruptcy Court or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

    b. if subsection (a) does not apply, the Claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event under **Section III.C** of these Solicitation Procedures;

    c. if none of subsections (a)–(b) apply, the Claim amount asserted in a Proof of Claim that has been timely filed (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; *provided*, *that*, any Ballot submitted by a holder of a Claim who timely filed a Proof of Claim in respect of (i) a contingent Claim, whether liquidated or unliquidated, or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtors) that is not the subject of an objection shall count toward satisfying the numerosity

        requirement of section 1126(c) of the Bankruptcy Code and shall count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount requirement of section 1126(c) of the Bankruptcy Code, and (ii) with respect to a non-contingent, partially liquidated and partially unliquidated Claim, such Claim shall be allowed for voting purposes only in the liquidated amount;

   d.    if none of subsections (a)–(c) apply, the Claim amount listed in the Schedules (to the extent such Claim has not been superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline is not entitled to vote; and

   e.    if none of subsections (a)–(d) apply, such Claim shall count as a Ballot for a Claim in the amount of $0.00 solely for the purposes of voting.

      11.    *Stipulation*. The Debtors are authorized to enter into stipulations or other agreements with the holder of any Claim agreeing to the amount of a Claim for voting purposes, and will provide notice and an opportunity for a hearing on any such stipulation.

     **C.**    **Convenience Claim Election.**

     For solicitation and tabulation purposes, one Ballot will be provided to each holder of a General Unsecured Claim. Holders of Claims that would otherwise be treated as a General Unsecured Claim in an amount of $50,000 or less, if Allowed under the Plan, shall have their Claims treated as a Class 5 Convenience Claim; holders of General Unsecured Claims greater than $50,000, shall have the right, but not the obligation, to irrevocably elect to have such Claim irrevocably reduced to $50,000 and treated as a Class 5 Convenience Claim (upon Allowance), in full and final satisfaction of such Claim, if elected on a properly and timely completed and delivered Ballot.

     Any General Unsecured Claim in excess of $50,000 may not be subdivided into multiple Convenience Claims for purposes of receiving treatment as a Convenience Claim. If a holder of a General Unsecured Claim in the amount of $50,000 or less is deemed to join Class 5 (Convenience Claims) or an eligible holder of a General Unsecured Claim that is greater than $50,000 makes the voluntary election to join Class 5 (Convenience Claims), then its Claim shall, upon its allowance for voting purposes only, be counted only in such Class and shall not be tabulated as a Claim in Class 6 (General Unsecured Claims). For the avoidance of doubt, the vote of a holder of a General Unsecured Claim that is greater than $50,000 who elects to have such Claim treated as a Class 5 Convenience Claim (upon Allowance) will be counted as a vote on the Plan in Class 5.

### D. Voting and Ballot Tabulation Procedures.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, along with the procedures described in the Ballots, subject to the Debtors' right to waive any of the below specified requirements (in the Debtors' sole discretion and without further order from or notice to the Bankruptcy Court) for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules or Local Rules.[4]

1. The Solicitation Agent shall date-stamp all Ballots when received. Ballots received on the day of the Voting Deadline shall be date and time-stamped. In addition, the Solicitation Agent shall retain originals of all Ballots for a period of two years after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court.

2. Except as otherwise provided in these Solicitation Procedures, unless a Ballot is received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors upon notice to parties in interest as set forth below), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan.

3. If a Claim has been estimated for voting purposes in accordance with **Section III.C.4** above or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim is temporarily allowed for voting purposes in the amount so estimated or allowed in such order.

4. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a Voting Class shall be aggregated as if such creditor held one Claim in the Voting Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

5. The Debtors shall make reasonable efforts to provide any holder of a Claim who has filed or purchased duplicate Claims within the same Class with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; *provided* that if the Debtors timely receive more than one Ballot from or on behalf of the holder of a single Direct Abuse Claim, the effective vote shall also be determined in accordance with **Section IV.E** above. If the Debtors timely receive more than one Ballot from or on behalf of the holder of a single Claim, the effective vote shall be the Ballot last received by the Solicitation Agent that satisfies the voting and tabulation procedures specified in this **Section V.D**. If more than one Ballot voting the same Claim is received prior to the Voting Deadline, the latest received, properly executed Ballot received by the Solicitation Agent before the Voting Deadline will supersede and revoke any prior Ballot.

---

[4] The summary provided herein is for illustrative purposes only and is subject to the procedures described in the Ballots in all respects. In the event of any inconsistency between the summary of voting and tabulation procedures as set forth herein and the Ballots, the Ballots will control.

6.     If the holder of a Claim submits inconsistent Ballots received by the Solicitation Agent on the same day other than as set forth in **Section IV.E** with respect to Direct Abuse Claims, such Ballots shall not be counted.

7.     Delivery of a defective or irregular Ballot shall not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors upon notice to parties in interest.  Any waiver by the Debtors of defects or irregularities in any Ballot shall be detailed in the Voting Report filed by the Solicitation Agent.

8.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors, upon notice to parties in interest and pursuant to an order of the Court authorizing such withdrawal or modification.  Any such withdrawal or modification shall be detailed in the Voting Report filed by the Solicitation Agent.

9.     The holder of a Claim must complete each section of the Ballot, including, without limitation, certifying the amount of its Claim, voting to accept or reject the Plan, completing the requested identification information, and signing and dating the Ballot.

10.    The holder of a Claim must vote all of its Claims either to accept or reject the Plan.  Accordingly, a Ballot (other than a Master Ballot) that partially rejects and partially accepts the Plan may not be counted.  Except with respect to delivery of a Master Ballot pursuant to the procedures set forth in **Section IV**, to the extent possible, the Debtors shall distribute to each holder of a Claim in the Voting Classes a single Ballot on account of the Claim held by such holder in the Voting Classes.

11.    The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code).  If the Debtors make material changes to the terms of the Plan, the Debtors shall disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Bankruptcy Court.

12.    If the party executing the Ballot is signing as a trustee, executor, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, such party must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, a party in interest, or the Bankruptcy Court, must provide evidence satisfactory to the requesting party to act on behalf of the holder of the Claim.

13.    Subject to any contrary order of the Bankruptcy Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, upon notice to parties in interest.  Any such waiver shall be detailed in the Voting Report filed by the Solicitation Agent.

14.    Neither the Debtors, nor any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots except as provided herein nor shall any of them incur any liabilities for failure to provide such notification.

15. The Solicitation Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballot; *provided*, *however*, that the Solicitation Agent is not obligated to do so.

16. Subject to entry of the Confirmation Order providing for such relief, if no Ballot is submitted in a Class, then such Class shall be deemed to have voted to accept the Plan.

17. A voter may withdraw a valid Ballot by delivering a written notice of withdrawal to the Solicitation Agent before the Voting Deadline – the withdrawal must be signed by the party who signed the Ballot. Any such withdrawal shall be detailed in the Voting Report filed by the Solicitation Agent. The Debtors reserve the right to contest any withdrawals.

18. If multiple Ballots are timely received from or on behalf of a holder of a single Claim other than a Direct Abuse Claim (including an Indirect Abuse Claim), the effective vote shall be the last properly executed Ballot timely received by the Solicitation Agent that satisfies the voting and tabulation procedures specified in this **Section V.D** and shall supersede and revoke any prior Ballot received, *provided* that if such holder submits inconsistent Ballots received by the Solicitation Agent on the same day, such Ballots shall not be counted; *provided* that if the Debtors timely receive more than one Ballot from or on behalf of the holder of a single Direct Abuse Claim, the effective vote shall be determined in accordance with **Section IV.E** above.

19. If multiple Ballots are received directly from the holder of a Claim and from a purported attorney or agent for such holder prior to the Voting Deadline, the Ballot received directly from the holder shall be the Ballot that is counted. For the avoidance of doubt, any Ballot received directly from the holder of a Direct Abuse Claim shall supersede any Master Ballot returned on account of a Direct Abuse Claim and shall be the vote that is counted, in accordance with the procedures set forth in **Section IV**.

20. In addition, the following Ballots may not be counted in determining the acceptance or rejection of the Plan:

    a. any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim in the applicable Voting Class as of the Voting Record Date;

    b. any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including e-mail) with respect to such Ballot. Any such extension shall be detailed in the Voting Report filed by the Solicitation Agent. The holder of a Claim may choose the method of delivery of its Ballot to the Solicitation Agent at its own risk. Delivery of the Ballot shall be deemed made only when the original properly executed Ballot is actually received by the Solicitation Agent;

    c. any Ballot delivered by facsimile transmission, electronic mail, or any other means not specifically approved herein (unless an exception has been granted by the Debtors, which shall be detailed

    in the Voting Report filed by the Solicitation Agent), provided that Ballots submitted through the E-Ballot Platform shall be counted;

  d. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

  e. any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim;

  f. any Ballot sent to a person other than the Solicitation Agent;

  g. any Ballot that is unsigned; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's E-Ballot Platform shall be deemed to contain an original signature;

  h. a Ballot without a vote on the Plan or on which the claimant has voted to both accept and reject the Plan; or

21. In addition, the following Master Ballots may not be counted in determining the acceptance or rejection of the Plan:

  a. a Master Ballot on which the attorney fails to make the required certifications; or

  b. a Master Ballot that fails to include the required Exhibit.

## VI. AMENDMENTS TO THE PLAN AND SOLICITATION PROCEDURES

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, the Solicitation Procedures Order, the Plan, the Ballots, the Confirmation Hearing Notice, and related documents without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

* * * * *

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 9/27/2021 11:19:38 AM | |
|---|---|
| **Style name:** OMM Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** BSA - DS Order - Ex 1 - Solicitation Procedures (Revised 9 26 21).DOCX | |
| **Modified filename:** BSA - DS Order - Ex 1 - Solicitation Procedures (OMM Comments).DOCX | |
| **Changes:** | |
| Add | 7 |
| Delete | 5 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 14 |