IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**REQUEST FOR CLARIFICATION AS TO RULING WITH REGARD TO TREATMENT OF "COALITION RESTRUCTURING EXPENSES" <u>BEFORE DISCLOSURE STATEMENT IS ISSUED</u>**

Yesterday, September 29, 2021, the Court indicated that it would not approve or consider the Coalition's demand for payment by the estate as part of confirmation. Discussion followed as to whether the provision associated with this payment should be struck from the Plan or waived. Counsel for Century contacted the Debtors after the hearing and asked whether the final Plan to be issued for solicitation would strike or waive the provision associated with the payment of the Coalition's fees so that the issue was resolved *before* solicitation. We respectfully write to seek clarification of the Court's intent, as the Debtors wrote us last night that they feel that no action is required on their part and the modified Plan that they filed late last evening still contains the provision providing for the payment of the Coalition's fees. *See* D.I. 6429.

The provision that mandates the payment of $10.5 million and $950,000 per month to the Coalition (the "<u>Coalition Restructuring Expenses</u>") is set forth in Article V, Section T. Article V is captioned as the "Means for Implementation of the Plan" section, which does not allow the Debtors to waive that provision. Century has repeatedly objected to any provision providing for the payment of the Coalition's fees, either as part of the Restructuring Support Agreement or as part of the Plan. *See, e.g.*, D.I. 5709, 5724, 6284.

The payment of the Coalition Restructuring Expenses is conditioned on the Coalition Professionals satisfying the procedures set forth in Article II.A.2. But that section merely addresses the procedures for payment and does not provide the Debtors any ability to waive the requirement. The clear intent of this provision, as explained by Eric Goodman of Brown Rudnick LLP, counsel to the Coalition, is to bypass the requirements under the Code for a substantial contribution award and allow payment instead on a mere review for "reasonableness."

Under Article IX — "Conditions Precedent to Confirmation and Effective Date" — Confirmation of the Plan shall not occur unless each of the conditions precedent is satisfied or waived. Section IX.A.2 requires that the "Debtors, the Ad Hoc Committee, **the Coalition**, the Future Claimants' Representative and Hartford shall have approved of or accepted the Confirmation Order." (emphasis added). Section IX.C allows the Debtors to waive or modify various of the conditions precedent in Section IX in the sole discretion of the Debtors, but there are specific conditions precedent that cannot be waived without the prior written consent of other parties. While Section IX.A.2 (the provision that requires the Confirmation Order to be acceptable to the Coalition) may be waived or modified by the Debtors, there is no mention of Article V, Section T, which the Plan does not make clear is waivable.

Century has argued that this issue should be addressed prior to solicitation because deferring the issue until after solicitation threatens to taint any vote with respect to the Plan. We point this out not to reargue the point but only to seek clarification as to whether the Court's intent is that this provision be struck or waived now prior to solicitation.

Dated: September 30, 2021

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:   302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (pro hac vice)
Daniel Shamah (pro hac vice)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:   212 326 2000
Facsimile:   212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

OMM_US:80248775.3