**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 6288** |

**OBJECTION OF THE TORT CLAIMANTS' COMMITTEE**
**TO DEBTORS' MOTION FOR PROTECTIVE ORDER AND RELATED RELIEF**

The Official Committee of Tort Claimants (the "TCC"), appointed in the above-captioned

cases, hereby files this objection (this "Objection") to *Debtors' Motion for Protective Order and*

*Related Relief* (the "Motion"),[2] and respectfully states as follows:

### I.    INTRODUCTION

1.    Unlike the Debtors, the TCC does not ask the Court to prejudge any past,

present, or future evidentiary matters or substantive legal issues.   Accordingly, the TCC

respectfully requests that the Court deny the Motion, which is nothing more than the Debtors'

gambit to have the Court preordain their use of the still-ongoing mediation as substantive evidence

in support of Plan confirmation without allowing parties to rebut or challenge that evidence.

Though styled as a request for a routine protective order under Rule 26(c) of the Federal Rules of

Civil Procedure (the "Civil Rules"), as made applicable by Rule 7026 of the Federal Rules of

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Motion is the Debtors' thinly-veiled (and procedurally improper)[3] attempt to tell the Court what it can and cannot consider in connection with Plan confirmation by securing an order issued months before the Confirmation Hearing is even scheduled to begin, entirely in the abstract and notably without considering anything that may occur in the intervening time.  This attempt to tie the Court's hands and eliminate entire areas of inquiry—and even entire substantive legal arguments—should be rejected.

2.      Paragraph 2 of the Proposed Order contemplates the issuance of what resembles a protective order under Civil Rule 26(c); it seeks to limit what the Debtors must produce and allows for the Debtors to apply redactions with respect to the attorney-client privilege, the mediation privilege, and attorney work product.  But the Debtors inappropriately ask the Court to do so indiscriminately, in a vacuum.  The TCC does not dispute the role of confidentiality in mediations.  But, as discussed in detail below, the Court's evaluation of mediation privilege necessitates factual context and cannot be applied with a broad brush over all documents without considering each document individually.  Moreover, as with every other privilege, there are well-established exceptions to the mediation privilege and, critically, each of them requires a fact-specific inquiry by the Court.  Whether or not the "sword and shield doctrine" applies, for instance, cannot be decided prospectively as to all documents that may now exist or exist in the future.

3.      But the Debtors do not merely seek a protective order, albeit a procedurally and substantively improper one.  Paragraphs 3 and 4 of the Proposed Order seek substantive evidentiary rulings akin to those which might result from a motion *in limine*—relief that, once again, requires a fact-intensive inquiry that cannot be made nearly four months before trial.  If

---

[3] As discussed in section III.D. *infra*, the Debtors were required to—but did not—meet and confer with the TCC prior to filing the Motion and were further required to—but did not—include a certification of such meet and confer with the Motion.

entered, the Proposed Order will allow the Debtors to rely on the mediation and introduce evidence concerning the mediation at the Confirmation Hearing, while simultaneously depriving other parties of the same ability.[4]

4.    The Court should not decide these complex issues now.  As discussed below, the Debtors' legal arguments are conclusory and do not account for the legal nuance and fact-specific consideration necessary for the Court to consider multifaceted matters like privilege and admissibility.  The Court should reject the Debtors' ploy and deny the Motion.

## II.    BACKGROUND

5.    On February 18, 2020 (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Cases").  On March 4, 2020, the Office of the United States Trustee for the District of Delaware formed the TCC, which is a nine-member committee of survivors of childhood sexual abuse.

## III.    OBJECTION

### A.  The Debtors Fail to Establish Good Cause for a Broad, Prospective Protective Order

6.    The Debtors bear the burden of establishing that good cause exists for the Court to issue a protective order.  Fed. R. Civ. P. 26(c); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  Evaluation of whether a protective order should be issued with respect to privileged information "is best decided on a case by case basis, and depends primarily on the specific context in which the privilege is asserted." *In re Grand Jury Proceedings John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) (internal quotation omitted); *see also In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 159-60 (D. N.J. 2008) (quoting *Grand*

---

[4] The Local Bankruptcy Rules appear to prohibit this sort of one-sided litigation advantage: "No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to ***any aspect*** of the mediation effort . . ." Del. Bankr. L.R. 9019-5(d)(i) (emphasis added).

*Jury Proceedings*, 350 F.3d at 302). Indeed, "a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Folz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003).

7.     The Debtors ask the Court to enter the Proposed Order, which would allow them to withhold or "redact as appropriate" three broad "categories of documents," which broad categories are "reflected" on Exhibit 1 to the Proposed Order using even broader "type[s] of privileged documents." *Proposed Order* at ¶ 2; Exhibit 1. For instance, without identifying a single document to which such "type" of privilege would apply, the Debtors ask this Court to order that "[a]ll draft proposals and supporting documentation exchanged between mediation parties regarding" the TCJC and Hartford Settlement Agreements and "[a]ll documents and communications" that, among several other things, "reveal communications made ***or information provided***" in mediation can be withheld from production in response to a future document request. *Proposed Order*, Ex. 1 at ¶¶ 4-5 (emphasis added).

8.     The Debtors' vague and nonspecific Proposed Order, if entered, will be used as a cudgel against any party who seeks confirmation discovery even tangentially related to the mediation. It will likely be the subject of future dispute before the because of the breadth of the Proposed Order. For this reason, the Motion should be denied and, to the extent the Debtors (or any other party) receive Plan-related discovery to which they object, including on grounds similar to those articulated in the Motion, they should do so at that time, identifying (as they must) specific responsive documents over which they assert a privilege.[5]

---

[5] And, to be certain, the issuing party will be able to argue against the Debtors' position under the specific facts and circumstances and with respect to specific, identified documents.

**B.** **The Debtors Conclusory Statements Regarding Privilege and Admissibility Do Not Support the Issuance of a Prospective Protective Order**

9.      The Proposed Order is predicated on the Court determining, among other things that: (a) the mediation privilege universally applies with respect to broad categories of documents and communications, *including those that are not yet in existence,* since the mediation is continuing; (b) with respect to all documents that fit into such broad categories, no exceptions to the mediation privilege -- such as the "sword and shield" or "at issue" doctrines -- apply and ever will apply; (c) certain evidence the Debtors may seek to use at the Confirmation Hearing, scheduled to begin months from now, is *per se* admissible; and (d) certain evidence and arguments that Plan opponents may offer at the Confirmation Hearing are inadmissible and may not be made.

10.     The Debtors have clearly stated their intention to invoke the mediation as evidence of "good faith" under section 1129(a)(3) of the Bankruptcy Code. *See, e.g.,* Motion at ¶ 17 (arguing that they may "rely on the process used in reaching the settlements on which the Plan is based in part, because courts may consider both a party's participation in mediation and the outcome of the mediation in finding that a settlement was made in good faith").[6]  Yet, the Debtors are asking the Court to deprive other parties-in-interest of the opportunity to conduct discovery concerning whether this argument is, as a matter of fact, accurate.  In other words, the Debtors are asking the Court—months before the Confirmation Hearing—to allow them to use the mediation

---

[6] The Debtors cite to six cases for the proposition that "courts may consider both a party's participation in mediation and the outcome of the mediation in finding that a settlement was made in good faith." *Motion* at ¶ 17. Five of the six cases are not in the context of bankruptcy and may be factually distinguishable.  For instance, in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 492 (S.D.N.Y. 2018), only three parties objected to a class action settlement, two of whom the court found lacked standing to object and the third filed a "sparse" letter objection and declined to opt out of the settlement, which it could have done.  In *In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 356 (E.D.N.Y. 2000), the sole objector to press her objection to a class action settlement "ma[de] no claim" of bad faith.  In *McMillon v. Hawaii*, 2011 U.S. Dist. LEXIS 17859, at *24-25 (D. Haw. Feb. 22, 2011), no class member objected to the settlement.  Most confusingly, *AT&T Corp. v. J&J Schlaegel, Inc.*, 2020 U.S. Dist. LEXIS 239093 (S.D. Ohio Dec. 18, 2020) had nothing to do with the approval of a settlement—it is a decision concerning a motion for sanctions under Civil Rules 11 and 16(f).  To that end, the sole bankruptcy-related case the Debtors cite to, *A&T Reynolds*, also concerns sanctions under Civil Rule 16(f), not whether a settlement was made in "good faith" nor whether a plan is proposed in good faith.  *In re A&T Reynolds & Sons, Inc.*, 452 B.R. 374, 383-84 (S.D.N.Y. 2011).

as evidence of good faith under section 1129(a)(3) of the Bankruptcy Code while prohibiting others from inquiring into this fact-specific argument.

11.     As the Debtors reference, there are certain policy-based exceptions to privilege, most notably the "sword and shield doctrine," also called "at issue waiver" or "subject matter waiver."  Broadly speaking, a party "cannot use facts in support of its position, while barring such use of the same or related facts by [its opposing party] on grounds of privilege, nor can [a party] assert a legal position while depriving the Court of facts, on grounds of privilege, to be able to determine whether that legal position is sound."  *Rivera v. Sharp*, 2021 U.S. Dist. LEXIS 102613, *14, (D.V.I. June 1, 2021) (citing cases).  "Subject matter waiver is justified when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged materials potentially capable of rebutting the assertion.  This is necessary in order to avoid prejudice to the adversary party and 'distortion of the judicial process' that may result from selective disclosure."  *Freedman v. Weatherford Int'l Ltd.*, 2014 U.S. Dist. LEXIS 102248, at *10-11 (S.D.N.Y. July 25, 2014) (internal citations omitted).

12.     The rationale underlying the "sword and shield doctrine" is straightforward—"it is unfair to allow a party to 'disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position . . .'" *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513 (D. Del.2005) (quoting *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 156 (D. Del. 1977)).  Necessarily, the Court's determination of whether the doctrine applies requires the consideration of matters like what specific arguments each party is proffering—which, in these cases, cannot be known with certainty today.  *See, e.g., Windsor Secs, LLC v. Arent Fox LLP,* 273 F. Supp. 3d 512, 519 (S.D.N.Y. 2017) ("case law in many instances presumes as a factual predicate to finding 'at issue' waiver that a

party will actually rely on privileged communications"); *see also Bradfield v. Mid-Continent Cas. Co.*, 15 F. Supp. 3d 1253, 1257 (M.D. Fla. 2014) ("If Plaintiffs introduce evidence as to the reasonableness of the Mediation Settlement Agreement and Consent Final Judgment and as to the lack of bad faith— as they must to prevail — Plaintiffs cannot then hide behind the shield of privilege to prevent Mid-Continent from effectively challenging such evidence.").

13.     The TCC is not alleging in this Objection that certain aspects of the mediation were conducted in bad faith, but the TCC is also not asking for the Court to make any such finding—nor could it, because the mediation is ongoing.  This fact alone underscores why the Motion is premature and overreaching.  Without knowing *specific* discovery requests directed to the Debtors (or other parties), *specific* documents over which the Debtors assert a privilege, or *specific* evidence concerning the mediation that the Debtors believe support a legal finding under section 1129(a)(3), the Court cannot determine the existence of a privilege over any specific document, nor any exception to privilege that could apply to that document.  Nor, as discussed below, can the Court make substantive evidentiary rulings with respect to the Confirmation Hearing, such as whether to admit evidence the Debtors may offer at the Confirmation Hearing without considering facts and circumstances, including the actual arguments and evidence proffered by the Debtors in connection with confirmation, as they exist at the time of the Confirmation Hearing.  *See generally Johns Hopkins Univ. v. Alcon Labs., Inc.*, No. 15-525, 2018 U.S. Dist. LEXIS 147691, at *36 (D. Del. Aug. 29, 2018) (denying a party's request to exclude a general category of evidence as overbroad and directing that specific objections be made at trial); *Konsavage v. Mondelez Glob. LLC*, No. 3:15-CV-1155, 2018 U.S. Dist. LEXIS 35452, at *4 (M.D. Pa. Mar. 5, 2018) (stating that "the Court is unable to make this type of fact-intensive, context-specific inquiry under Rule 401 and 403 before the Court is aware of what evidence will be offered

at trial or what theories of the case Plaintiff will ultimately present."); *Swiatek v. Bemis Co.*, Civil Action No. 08-6081 (TJB), 2011 U.S. Dist. LEXIS 115946, at *7 (D.N.J. Oct. 7, 2011) ("The Court finds that it is premature to prospectively rule on the admissibility of evidence that may or may not be proffered at trial.").

C. **The Debtors Wrongly Attempt to Use a "Protective Order" to Have the Court Prejudge Substantive Evidentiary Issues**

14. Protective orders may be issued to "protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017) ("The protective order may prohibit the requested discovery, limit the scope of discovery, or fix the terms of disclosure.") (citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)).  Protective orders, therefore, govern the process of discovery, not substantive evidentiary matters with respect contested issues, like admissibility.  *See, e.g., In re Gabapentin Patent Litig.*, 312 F.Supp.2d 653, 666 (D. N.J. 2004) ("The mere fact of admissibility in evidence is irrelevant to consideration of the right to confidentiality pursuant to a Protective Order").  Contrastingly, "a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Ed.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

15. Part of the relief the Debtors seek in the Motion effectively asks the Court to rule on two motions *in limine* without the record (*e.g.* the parties' briefs that establish the legal arguments to be presented at trial or the actual evidence adduced through the discovery process) necessary for such an important decision.  First, the Proposed Order provides that *any* document with privilege redactions "shall not be precluded" from evidence on the basis of those redactions.  *Proposed Order* at ¶ 3.  Second, the Proposed Order circumscribes Plan opponents' arguments by

declaring—months before the Confirmation Hearing—that "**no party may cite** the fact of [a] document's being withheld or redacted [pursuant to the Proposed Order] **to support any argument** that the Debtors have failed to meet the requirements" of good faith under section 1129 of the Bankruptcy Code." *Proposed Order* at ¶ 4 (emphasis added).

16.     Whether the Plan "has been proposed in good faith" under section 1129(a)(3) of the Bankruptcy Code is a question of fact that the Court will consider at the Confirmation Hearing.  *In re W.R. Grace & Co.*, 475 B.R. 34, 87 (D. Del. 2012) ("While the Bankruptcy Code does not define 'good faith,' it has been established that a determination of good faith associated with a Chapter 11 reorganization plan requires a factual inquiry into a totality of the circumstances surrounding the plan's proposal . . . such inquiries must be done on a case-by-case basis because good faith determinations are factually specific").  Similarly, whether a specific document is properly redacted or withheld for privilege is a question of fact to be assessed by the Court given the specific context and circumstances under which the document is redacted or withheld.  *See, e.g., Teleglobe USA, Inc. v. BCE, Inc.* (*In re Teleglobe Comms. Corp.*), 392 B.R. 561, 569 n.4 (Bankr. D. Del. 2008) (stating that the Third Circuit had remanded the "factual issue of whether the documents in question are covered by the attorney-client privilege or the attorney work product doctrine"); *Cavallaro v. United States*, 153 F.Supp.2d 52, 56 (D. Mass. 2011) ("The existence of a privilege is a factual determination for the court under Fed. R. Evid. 104(a).") (citing *United States v. Wilson*, 798 F.2d 509, 512 (1st Cir. 1986)).

17.     The mediation is still ongoing and, by the Debtors' own admission, the Plan may materially change.  The Court should not make evidentiary rulings now, without context, and with respect to mediation communications that have not occurred.  "Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for

the resolution of questions of foundation, relevancy, and potential prejudice in proper context."

*Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).  This is precisely

why the TCC submits that the Motion should be denied.  The Court can—and should—decide

issues like admissibility immediately prior to the Confirmation Hearing through the motion *in*

*limine* process, as is already contemplated.

### D.  The Motion Does Not Comply with Civil Rule 26(c)

18.    Although it is the provision on which they rely for seeking relief from the

Court, the Debtors failed to comply with Civil Rule 26(c) before filing the Motion.  As the Civil

Rule provides, "[t]he motion must include a certification that the movant has in good faith

conferred or attempted to confer with other affected parties in an effort to resolve the dispute

without court action."  Fed. R. Civ. P. 26(c)(1).  Similarly, Local Bankruptcy Rule 7026-1(d)

requires a motion brought under Bankruptcy Rule 7026 "to be ***accompanied*** by an averment of

Delaware Counsel for the moving party that a reasonable effort has been made to reach agreement

with the opposing party on the matters set forth in the motion."  Del. Bankr. L. R. 7026-1(d)

(emphasis added).  Failure to comply with the certification requirement of the Civil Rule

constitutes grounds to deny issuance of a protective order.  *See* 6 MOORE'S FED. PRACTICE – CIVIL

§ 26.103 (citing *Frazier v. SEPTA*, 161 F.R.D. 309, 312 (E.D. Pa. 1995), *aff'd on other grounds,* 91

F.3d 123 (3d Cir. 1999)); *see also* Del. Bankr. L. R. 7026-1(d) ("failure to so aver may result in

dismissal of the motion").

19.    One day before the deadline to object to the Motion—not *with* the Motion,

as required by both the Civil Rules and Local Bankruptcy Rules—the Debtors filed a certification

of counsel related to the Motion.  *See* Docket No. 6454.  That certification of counsel, however,

only references discussions the Debtors apparently had with the Insurers, and not any other party.

The Motion, though, seeks relief that applies to *all parties* to these bankruptcy cases.  The Debtors have not met and conferred with the TCC with respect to the Motion.  Thus, to the extent the Debtors seek relief with respect to any parties other than the Insurers through the Motion, they have failed to comply with Civil Rule 26(c) and Local Rule 7026-1.

## IV.    CONCLUSION

WHEREFORE, given the foregoing, the TCC respectfully requests the Court deny the Motion and grant it such other and further relief as is just and proper under the circumstances.

Dated: October 1, 2021
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
             inasatir@pszjlaw.com
             kbrown@pszjlaw.com
             joneill@pszjlaw.com
             jlucas@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*