IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. D.I. 6271, 6342, 6426 |

**OBJECTION OF THE COALITION OF ABUSED SCOUTS
FOR JUSTICE TO CENTURY MOTION FOR CLARIFICATION**

The Coalition of Abused Scouts for Justice (the "Coalition"), by and through their undersigned counsel, hereby submit this Objection (the "Objection") to the *Request for Clarification as to Ruling with Regard to Treatment of "Coalition Restructuring Expenses" Before Disclosure Statement Is Issued* [D.I. 6435] (the "Request"). In support of this Objection, the Coalition respectfully states as follows:

**OBJECTION**

1.  Century asserts: "Debtors wrote us last night that they feel that **no action** is required on their part." Request at 1 (emphasis added). Century asserts the parties ignored the Court's statements on the record regarding the requirement that the Coalition file a separate motion as a condition to the payment of the Coalition Restructuring Expenses.[2]  This is inaccurate.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

{00227105-2}

2. In response to the Court's statements during the September 29 hearing, Article V, Section T of the Plan was modified to make it clear that the Coalition **must** file a separate motion and that such motion **must** be granted by this Court as a condition to the payment of the Coalition Restructuring Expenses.

3. Article V, Section T of the Plan provides that the payment of the Coalition Restructuring Expenses is expressly "subject to the Bankruptcy Court **granting** a motion filed pursuant to sections 363(b), 1129(a)(4) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 9019, or otherwise applicable bankruptcy and non-bankruptcy law." *See* D.I. 6430-1 at 84-85 (showing changes in redline) (emphasis added).

4. The payment of the Coalition Restructuring Expenses is **not** a condition precedent to the confirmation of the Plan or the Plan going effective. Consistent with this Court's guidance, the Coalition intends on filing a separate motion regarding the payment of the Coalition Restructuring Expenses based on sections 363(b), 1129(a)(4) and/or 503(b) of the Bankruptcy Code, Bankruptcy Rule 9019, or otherwise applicable bankruptcy and non-bankruptcy law. If that motion is not granted, then the Debtors will have no obligation to pay the Coalition Restructuring Expenses under Article V, Section T as re-drafted. The Plan (as revised) can be confirmed and can go effective without any waivers by the Coalition as to the Coalition Restructuring Expenses if the Court does not grant such motion.

5. As stated on the record by counsel for the Coalition, the Coalition should not be prejudiced in the arguments that it may make in support of the payment of its fees and expenses. *See* Tr. of Hr'g Sept. 29, 2021, 105:5-8 ("Your Honor, if the Court wants us to proceed by motion, obviously, we'll proceed by motion. I would just like to note that I don't want us to be prejudiced in any way on account of that.")

6. For the Coalition's rights to be preserved (and not prejudiced) on this issue (***before*** these issues are even subject to a full record and briefing) the Plan must include Article V, Section T (which preserves the Coalition's ability to argue it's case at the appropriate time). The Coalition would be denied the opportunity to present argument under section 1129(a)(4) if Article V, Section T were stricken. *See* Tr. of Hr'g Sept. 29, 2021, 105:21-106:3 (Coalition counsel: "[I]f that provision can't remain in the plan, I think that it will give objectors … a leg up because, in a sense, you might be eliminating our ability to argue that we fall under the plain language of section 1129(a)(4). So, again, we're happy to file a motion, Your Honor, but I don't want the procedure that the Court just suggested to be something that is limiting or prejudicing us on that respect.")

7. The Coalition understood the Court's statements on the record to permit the Coalition to make it's arguments at the appropriate time. Tr. of Hr'g Sept. 29, 2021, 107:8-9 (The Court: "Mr. Goodman, you can make whatever argument you want to make at that point in time and I will decide it.") The revisions made to Article V, Section T were intended to be consistent with the Court's statements on this issue.

8. Century would prefer that the Plan contain no mention or refence to the Coalition Restructuring Expense—perhaps because the Plan currently reflects the value provided by the Coalition in arriving at settlements and a structure that maximizes potential outcomes for sex abuse survivors. As it is currently drafted, the Plan's very confirmation will be the strongest possible evidence in support of the Coalition's contributions to these cases. It is not surprising that Century would object and seek to limit the Coalition's ability to argue its motion on all applicable bases ***before*** such motion is even filed. But there is no lack of clarity in the terms of the Plan as recently amended, i.e., the Coalition **must** bring a motion for the Coalition

Restructuring Expenses and the Plan Effective Date **is not** conditioned on the approval thereof by the Court. Nor is there cause to litigate the issue of the Coalition's fees prior to confirmation. Rather, the Plan will or will not be confirmed, and the Coalition will seek reimbursement of its fees in consideration of all appropriate factors, each at the appropriate time.

## CONCLUSION

WHEREFORE, the Coalition respectfully requests that the Court enter an order denying the Request and entering such other and further relief as the Court deems just and proper.

Dated: October 1, 2021  
Wilmington, Delaware

MONZACK MERSKY AND BROWDER, P.A.

*/s/ Rachel B. Mersky*  
(DE No. 2049)  
1201 North Orange Street  
Suite 400  
Wilmington, Delaware 19801  
Telephone:   (302) 656-8162  
Facsimile:   (302) 656-2769  
E-mail:          RMersky@Monlaw.com  
         -and-

BROWN RUDNICK LLP  
David J. Molton, Esq. (admitted *pro hac vice*)  
Eric R. Goodman, Esq. (admitted *pro hac vice*)  
Seven Times Square  
New York, NY 10036  
Telephone: (212) 209-4800  
E-mail: DMolton@BrownRudnick.com  
E-mail:  EGoodman@BrownRudnick.com

and

Sunni P. Beville, Esq. (admitted *pro hac vice*)  
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)  
One Financial Center  
Boston, MA 02111  
Telephone: (617) 856-8200  
E-mail: SBeville@BrownRudnick.com  
E-mail: TAxelrod@BrownRudnick.com  
*Counsel to the Coalition of Abused Scouts for Justice*