IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. D.I. 6271, 6342, 6426 |

OMNIBUS LIMITED OBJECTION
OF THE COALITION OF ABUSED SCOUTS
FOR JUSTICE TO MOTIONS FOR RULE 2004 DISCOVERY

The Coalition of Abused Scouts for Justice (the "Coalition"), by and through their undersigned counsel, hereby submits this Omnibus Limited Objection (the "Limited Objection") to the requests of various parties to join in discovery previously approved by the Court in relation to third-party service providers (together, the "Rule 2004 Motions").[2] In support of the Limited Objection, the Coalition respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The Rule 2004 Motions, to date, are (i) the *Motion of Official Committee of Tort Claimants for Authority to Issue Identical Subpoenas as Insurers in Certain Rule 2004 Discovery Relating to Claims Aggregators* [D.I. 6271]; (ii) the *Motion of Zurich Insurers for Authority to Join in Rule 2004 Subpoenas or, in the Alternative, Issue Identical Subpoenas as Previously Served by Other Insurers Relating to Claims Aggregators* [D.I. 6342]; and (iii) the *Joinder of Clarendon National Insurance Company, as Successor by Merger to Clarendon America Insurance Company, American General Fire & Casualty Company, Maryland American General Group, and Maryland Casualty Company to the Zurich Insurers' Motion for Authority to Join in Rule 2004 Subpoenas or, in the Alternative, Issue Identical Subpoenas as Previously Served by Other Insurers Relating to Claims Aggregators* [D.I. 6426].

{00227104-1}

## **LIMITED OBJECTION**

1. The Court has provided direction regarding confirmation discovery:

   - "Once I approve a disclosure statement, as far as I'm concerned, [discovery] could start now. Once discovery's open on confirmation, it's open on any information that is relevant to confirmation. People can seek discovery. Okay. Next issue." Tr. of Hrg. Sept. 23, 2021, 108:20-25.

   - "Parties need to get going on discovery." Tr. of Hrg. Sept. 28, 2021, 204:22-23.

2. The Court has approved the disclosure statement and is setting a schedule for discovery. And the Court has directed the parties to cooperate in commencing discovery, resolving disputes, and getting to "an endpoint where we know whether there's a confirmable plan or not." Tr. of Hrg. Sept. 28, 2021, 206:17-18.

3. In light of these rulings and the Court's guidance, the Rule 2004 Motions are moot. The Rule 2004 Motions expressly seek to join, in effect, in the partial relief granted to certain movants pertaining to the *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* (the "Original 2004 Motion") [D.I. 1974, 1975] as relevant to a prospective plan. *See Order Granting in Part Insurers' Motion for an Order Authorizing Certain Rule 2004 Discovery [D.I. 1974, 1975]* (the "2004 Discovery Order") [D.I. 6184]; *see also* Tr. of Hrg. Aug. 30, 2021, 46:10-21 (noting relevance of certain requested discovery to plan voting and denying discovery as to additional parties).

4. While there arguably was not a plan in front of the Court when the Rule 2004 Motions were filed and the 2004 Discovery Order was entered, there undoubtedly is now. Further deliberation concerning the Original 2004 Motion and Rule 2004 Motions is not necessary. While the Coalition might dispute the factual premises for the Original 2004 Motion and Rule 2004 Motions and reserves all rights to object to any particular discovery request, there

is no reasonable dispute that discovery does not require an award of Rule 2004 relief by this Court.

5. Accordingly, the Rule 2004 Motions are moot, and the movants should be directed to proceed in accordance with this Court's orders directing discovery in advance of the January 24, 2022 confirmation hearing.

## CONCLUSION

WHEREFORE, the Coalition respectfully requests that the Court enter an order denying the Rule 2004 Motions and entering such other and further relief as the Court deems just and proper.

Dated: October 1, 2021  
Wilmington, Delaware

MONZACK MERSKY AND BROWDER, P.A.

*/s/ Rachel B. Mersky*  
(DE No. 2049)  
1201 North Orange Street  
Suite 400  
Wilmington, Delaware 19801  
Telephone: (302) 656-8162  
Facsimile: (302) 656-2769  
E-mail: RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP  
David J. Molton, Esq. (admitted *pro hac vice*)  
Eric R. Goodman, Esq. (admitted *pro hac vice*)  
Seven Times Square  
New York, NY 10036  
Telephone: (212) 209-4800  
E-mail: DMolton@BrownRudnick.com  
E-mail: EGoodman@BrownRudnick.com

and

Sunni P. Beville, Esq. (admitted *pro hac vice*)  
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)  
One Financial Center

        Boston, MA 02111
        Telephone: (617) 856-8200
        E-mail: SBeville@BrownRudnick.com
        E-mail: TAxelrod@BrownRudnick.com

*Counsel to the Coalition of Abused Scouts for Justice*