# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 6473** |

### RESPONSE TO CERTAIN INSURERS' STATEMENT CONCERNING THE REVISED PROPOSED CONFIRMATION SCHEDULE

Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases hereby submit this response to the *Certain Insurers' Statement Concerning the Revised Proposed Confirmation Schedule* (D.I. 6473) and state as follows:

1. On April 15, 2021, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* (D.I. 2618) (the "Motion").

2. On September 21, 2021, the Debtors filed the *Notice of Filing of Revised Proposed Confirmation Scheduling Order* (D.I. 6320) (the "Notice of Revised Order").

3. On the record at the hearing on September 28, 2021, the Court scheduled the hearing for confirmation of the Debtors' *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (D.I. 6443) (the "Plan") to begin on January 24, 2022 (the "Confirmation Hearing"). At the suggestion of the Court and as

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

set forth on the record at the hearing on September 28 and 29, 2021, the Debtors agreed to discuss the confirmation timeline set forth in the Motion with certain parties in interest.

4. On September 29, the Court entered an order, among other things, establishing January 24, 2022, as the start of the Confirmation Hearing and January 7, 2022, as the deadline for parties to object to confirmation of the Plan (D.I. 6438).

5. Also on September 29, the Debtors circulated to the parties in these cases a proposed discovery schedule in connection with confirmation. Since then, the Debtors, the TCC, certain insurers and other parties have met and conferred twice—once on Saturday and once on Sunday—and exchanged multiple drafts of the schedule. The Debtors received comments on the schedule from the TCC and certain insurers, which they incorporated into a final proposed order. *See* Ex. A.

6. As reflected in the attached redline, which compares the final proposed order with the order the Debtors originally circulated, the Debtors made significant concessions, both on the schedule and the terms governing discovery. *See* Ex. B. Among other things, the Debtors agreed to give the Insurers three additional days to file their Plan objections, even though the Insurers did not object to the Plan objection deadline when the Debtors proposed it, and it is now enshrined in a Court order and the Debtors' solicitation materials. The Debtors advised the Insurers that they made these substantial concessions in the hope that the parties would submit a consensual form of order and cancel the October 5 hearing, thus avoiding needlessly burdening the Court and the estates. The Debtors believed that the Insurers shared this goal, given that on the morning before the October 5 hearing, the Insurers sent the Debtors a proposed form of order that adopted all of the Debtors' concessions and sought to add only a few "clarifications." *See* Ex. C (October 4, 2021 Email from M. Plevin to S. Hershey).

7. Nonetheless, twelve of the Debtors' Insurers (the "Certain Insurers") filed a "Statement" critiquing the order they had spent five days negotiating and using the Debtors' substantial concessions as a pretext for seeking to adjourn the court-ordered Confirmation Hearing Date.[2]

8. The Certain Insurers' submission contains several errors and misstatements. Among other things:

- The Certain Insurers claim that the schedule "allows only 16 days for fact depositions, following the substantial completion of document production on November 15." D.I. 6743 at 2. The actual deadline for the substantial completion of document production is November 5, allowing 26 days for fact depositions. *See* Ex. A.

- The Certain Insurers claim that the schedule "does not allow for follow-up written discovery after October 8." D.I. 6743 at 2. But in the same paragraph, the Certain Insurers note that the schedule expressly provides that "nothing in this order shall preclude any Participating Party from seeking other or further discovery"—a concession the Debtors made at the TCC's and the Insurers' request. Ex. A, ¶ 7.

- The Certain Insurers claim that the schedule does not allow them to take discovery regarding the Plan Supplement, even though the Debtors accepted, **verbatim**, language from the Certain Insurers preserving their right to do so. *Compare* D.I. 6743 at 2 ("The result is to eliminate . . . any ability to take discovery regarding documents in the Plan Supplement") *with* Ex. A, ¶ 6 ("[W]ith respect to the Plan

---

[2] Notably, the "Statement" does not propose any alternate dates for the schedule, nor has any Insurer separately suggested any alternate dates to the Debtors, because the Insurers agree the dates in the schedule were negotiated and are appropriate in light of the January 24 Confirmation Hearing Date.

3

Supplement to be filed by Debtors no later than November 30, 2021, Participating Parties shall be permitted to propound reasonable, appropriate discovery related to items in the Plan Supplement, and to notice depositions related thereto.").

- In addition to the above errors and misstatements, the Certain Insurers fault the schedule for failing to include things the Certain Insurers never sought. For example, the Certain Insurers complain that the schedule "builds in no time for the briefing and resolution of discovery disputes." D.I. 6743 at 2. But neither of the proposed schedules that the Certain Insurers sent to the Debtors sought to build in any such time. Nor does the "Statement" propose dates or deadlines for such disputes. Indeed, the Statement does not propose *any* alternate dates or deadlines to those proposed in the Debtors' schedule.

9. In light of these facts, the Debtors object to the Certain Insurers' purported concerns regarding "foot-dragging by Debtors" and "lack of cooperation by the Debtors." D.I. 6743 at 1, 5. Rather, the record demonstrates that the Debtors have worked cooperatively, and made significant concessions, in the hopes of reaching agreement with the Insurers to avoid burdening the Court and the estates. The Debtors will continue to do so, and hope they can avoid future needless disputes, given the tight timeline for confirmation and all parties' interest in preserving, rather than wasting, estate resources.[3]

[*Remainder of Page Left Intentionally Blank*]

---

[3] While the Certain Insurers note that they served discovery on the Debtors on September 30, they fail to note that the Debtors served discovery on them on the same day.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A**.

Dated: October 4, 2021
   Wilmington, Delaware

| | |
|---|---|
| WHITE & CASE LLP | */s/ Paige N. Topper* |
| Glenn M. Kurtz (admitted *pro hac vice*) | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Jessica C. Lauria (admitted *pro hac vice*) | Derek C. Abbott (No. 3376) |
| Andrew Hammond (admitted *pro hac vice*) | Andrew R. Remming (No. 5120) |
| Samuel P. Hershey (admitted *pro hac vice*) | Paige N. Topper (No. 6470) |
| 1221 Avenue of the Americas | 1201 North Market Street, 16th Floor |
| New York, New York 10020 | P.O. Box 1347 |
| Telephone: (212) 819-8200 | Wilmington, Delaware 19899-1347 |
| Email: gkurtz@whitecase.com | Telephone: (302) 658-9200 |
| jessica.lauria@whitecase.com | Email: dabbott@morrisnichols.com |
| ahammond@whitecase.com | aremming@morrisnichols.com |
| sam.hershey@whitecase.com | ptopper@morrisnichols.com |

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
   mlinder@whitecase.com
   laura.baccash@whitecase.com
   blair.warner@whitecase.com