IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

FILED
2021 OCT -5  AM 8: 50

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC

Chapter 11

Case No. 20-10343 (LSS) (Jointly y Administered)

824 Market Street
3rd Floor Suite 300
Wilmington, DE 19880

### EX PARTE RESPONSE TO MOTION BY PAUL MONES P.C.

Synopsis: Stamped Filed on August 5, 2021; August 18th, 2021; and, September 27, 2021, Claimant Delivers **Notice** of Abandonment and additional describing Mones P.C., act to the Court. On August 30th the Court Declared Mones and Mones P.C., are to Continue as Claimant's Contracted Counselors.

Claimant delivers his Response Ex Parte as Mones P.C. is Ordered by the Court to Continue Representation of Claimant yet do not:

1.

On August 30th in Docketed Hearing:

a) The Court Ruled Mones did not utilize correct procedure to withdraw;

b) The Court Recognized the Instant Case has proceeded too far along for Mones to withdraw, with no right of appeal granted by the Court;

c) Mones P.C. failed to produce or declare any reason for withdraw;

d) The Court Orders Mones P.C. to Continue their Contracted Representation of Claimant.

1

2.

Claimant described Mones P.C. Abandonment to the Court in his:

a) Stamped Filed August 9th <u>NOTICE TO THE COURT OF ABANDONMENT BY CONTRACTED COUNSELORS</u>;

b) Stamped Filed August 18th <u>ADDENDUMS: EVIDENCES</u>, Stamped;

c) Stamped Filed August 18th <u>ADDENDUM: REFUSALS OF COUNSELORS TO ACCECPT AS NEW CLIENT</u>; and,

d) Stamped Filed September 27th <u>NOTICE</u> to the Court, Showing Mones P.C., Refuse to Obey the Order of The Court.

3.

Claimant Delivering to the Court the Above Stamped Filings, During the Docketed August 30th Hearing:

a) The Court's Orders to Mones P.C. to Continue Representation of Claimant;

b) Mones P.C. did not raise objection, and,

c) Did not provide any reason for withdraw.

4.

Since the Court's Order to Mones P.C. to Continue Representation, Mones P.C. has not communicated any update or progress in the Instant Cases to Claimant.

5.

April 6th, Claimant communicates Advice of TCC Counsel to Mones P.C., for all Claimants to Direct Counselors to File for Damages from each Claimant's B.S.A. Council.

6.

Claimant gave to his handwritten Statement to Mones P.C. on Mones' P.C. provided form, description and locations of his rapes, sodomies, and additional crimes reported to the Boy Scouts.

7.

Claimant's Boy Scout, and separate membership, in Sea Exploring with its own application form and separate rank structure, are in the Boy Scout's and Sea Explorer's Atlanta Area Council, described to Mones and should be in possession of the Court.

8.

Claimant possesses copy of his original handwritten statement to Mones and the Court, yet does not have copy of Mones' updated version that should be delivered to the Court.

9.

Described in Claimant's Stamped August 9th Notice, Paul Mones himself telephones then angrily addresses Claimant; Mones afterward declaring by four (4) electronic communications, he wants to communicate with Claimant by telephone:

a) Two (2) times, via e-mail July 26th, Mones and Mones P.C. failing to telephone;

b) On July 27th, Mones P.C. failing to telephone;

c) On July 28th, Mones P.C. failing to telephone;

d) Mones P.C., delivering these four (4) e-mails asking, "When can I call you?", failing to direct their additional Counsel to telephone Claimant, over three days, seventy-two hours, where any at Mones P.C. can call.

e) Mones P.C.'s four (4) e-mails in seventy-two hours are recognized by Claimant as important, teleconference performed immediately, and can not wait, Claimant

responding to Mones with his telephone number, shown in Claimant's August 18th Stamped Filing.

f) Following each of Mones P.C.'s, four (4) e-mails for teleconference, over seventy-two (72) hours, responded to by the Claimant himself Delivering his telephone number as requested and making himself available, no one at Mones P.C., contacts Claimant at any time, in any manner.

10.

Following the Court's August 30th Order to Mones P.C., Claimant does not receive any communication from Mones P.C.

11.

Not hearing from Mones P.C., sixteen (16) days after the Court's Order to Mones P.C., Claimant Delivers two (2) e-mails communications to Mones P.C.:

a) September 16th Mones P.C., is Ordered to Continue Representation; and on,

b) September 17th Re-reminder Mones P.C., is Ordered to Continue, shown in Claimant's Stamped September 27th Notice.

12.

There has been no communication from Mones P.C.

13.

Regardless of the Court's Order, Claimant remains without Counsel described in Synopses, Paragraph 4), and in my August and September Filings.

14.

Claimant accurately describes to Mones and Court, he is a Victim of Multiple Rapes, Sodomies, and Additional Crimes he reported in person to the Boy Scouts of America, Atlanta Area Council, rebuffed, slandered, and degraded by a Scout Executive.

4

15.

After Mones P.C. is Ordered to Continue Representation of Claimant, Mones, Klehr Harrison Harvey Branzburg LLP, Sally E. Veghte (DE Bar No. 4762) and Morton Branzburg Esq., send letters of another attempt to withdrawal to Claimant:

- The Court Ordered Mones to Continue Representation of Claimant, Mones failing to introduce any evidence or raise any objection to the Court's Order;
- The Scheduled August 30th Hearing is on the Court's Docket;
- Paul Mones, Esq., and all Paul Mones P.C. associated Counselors are Licensed and Admitted to the Practice of Law;
- Before his Ordered Moot August 30th attempt to withdraw, Mones should have consulted with the Court or retained counsel having them to appear, failing to do so;
- No right to refile was granted to Mones P.C. enabling them to refile for withdrawal;
- No right of appeal was granted to Mones P.C.;
- Claimant never received any order, notice, or communication from the Court since August 30th permitting Mones P.C. to refile;
- Claimant is Present for the Hearing

Therefore, Mones P.C., must not be allowed to refile.

16.

In already denied reattempt of withdrawal, Mones P.C., Veghte, and Branzberg declare, "Ms. Veghtie also provided an explanation to the Court noting that it was Claimant No. SA-███ who had terminated the relationship with Paul Mones P.C. through a clear written communication and asked that his file be returned to him in twenty-four hours. Counsel filed the request upon the request of Claimant No. SA-███

5

rather than as a method to extricate itself from the representation as the written communication from Claimant Number SA-▆▆▆▆ was clear that he no longer wanted the Paul Mones P.C. firm to represent him."

17.

<u>Mones, P.C. admits</u> on page 2, paragraph 4, of Veghte and Branzberg's Stamped September 22nd Filing, their and Claimant's communication(s) are Protected by The Attorney-Client Privilege; this:

a) Demonstrates Mones P.C. failure as Licensed Attorneys-at-Law to consult with the Court before attempting their August self-directed withdraw; and,

b) And also demonstrates Mones P.C. should have secured outside Counsel to assist them during their first attempt <u>and not now</u>.

Shown in Mones, P.C., Paul Mones, Esq., e-mailing:

"This e-mail is from attorney Paul Mones and may contain information that is protected by the attorney-client privilege or is confidential or is otherwise protected from disclosure. If you are not the intended recipient or otherwise have received this message in error, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you are not the intended recipient or otherwise have received this message in error, please be so kind as to notify me immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you properly received this email as a client, co-counsel or retained expert, you should maintain its contents in confidence to preserve the attorney-client or work product privilege that may be available to protect confidentiality. Thank you...." (periods Mones').

18.

Mones P.C., Veghte, and Branzberg's, "Exhibit A" is evidence that supports Mones P.C., lied to Claimant, as Claimant states within, following:

6

a) Paul Mones, Esq., himself speaking to Claimant angrily on July 8th, Described in Claimant's Stamped August 9th Filing; and,

b) Mones P.C. delivering to Claimant, twice in one day, four (4) times in seventy-two hours, their clearly urgent need to speak with Claimant, also described in Claimant's Stamped August 9th Filing; then,

c) Then Mones P.C., not contacting Claimant at any time after even Claimant delivering his telephone number to Mones P.C., responding to each of Mones e-mails and ready to receive their four-time sought call. Paul Mones, Esq., and Claimant earlier spoke over the phone and by e-mail.

19.

The contents of Mones, labeled, "Exhibit A", are **First Amendment** Protected Speech Guaranteed Claimant.

20.

My **First Amendment** Protected Speech labeled, "Exhibit A", should not have been delivered to the Court.

21.

Mones P.C., did not deliver or include Exhibit "A" or any other exhibit during their August 30th self-attempt to withdraw being Bar Licensed Attorneys-at-Law.

22.

Mones P.C., Veghte, Branzburg's "Exhibit A" is Protected by the Attorney-Client Privilege and should not have been Delivered to the Court.

23.

"EXHIBIT B", is accurate.

7

24.

In "Exhibit C", the Court Declares: "But counsel should recognize that I'm not recognizing this notice of withdrawal as a withdrawal. You still have a client."

25.

Claimant has not received any communication from Mones P.C. Attorneys since August 30th.

26.

Claimant is without his Attorneys Ordered Continue to Represent him, since July 8th, Mones P.C.'s, Paul Mones, Esq., himself, angrily addressing Claimant.

27.

The acts described herein are wrong and should never be effected on Claimant under any circumstance or in any manner.

28.

"Exhibits A" and "B" in their current filing(s), should have been in Mones P.C. first attempt to withdraw, and therefore, must be excluded.

29.

In Claimant's Stamped August 9th Filing, and here in Paragraph 4, Claimant describes Mones P.C. four (4) back-to-back e-mails in seventy-two hours to Claimant yet not receiving any call or other communication from Mones P.C.

30.

Claimant refers the court to his Stamped August 9th Filing, and in Paragraph 4 herein, describes Paul Mones P.C. could have had any Counsel or other staff communicate by telephone or by other means with Claimant.

8

31.

Instead of repeating the same, four (4) requests over seventy-two (72) hours, Mones P.C., could have communicated with me in any of their four e-mails, Stamped Filed August 18th, **ADDENDUMS: EVIDENCES**

32.

Accordingly, I have been Deprived of Counselors to provide me with timely informations and Advices since July 8th and the Court's August 30th Order.

33.

Described on Page 3, Paragraph 7; and, on Page 4, of my Stamped August 9th NOTICE, I sustained and possess under treatment numerous, medically documented injuries and illnesses, including:

a) Crushed nerves, muscles, ligaments, tendons, fingers, wrists, forearm, and spine damage; later, separately, trapped in subway rail car doors by negligence of my transit provider. Claimant adds he has Cataracts, poor vision, and does not have prescription glasses, utilizing Dollar Tree glasses. Claimant began drafting this August 24th.

b) Described in Claimant August 9th Filing, Claimant remains unemployed, depends on Food Stamps, monthly food boxes, have $1,930.00 in two accounts, $15.00 cash, and a public transit pass; I pay $550 monthly rent, $52.50 telephone-internet, a $95.00 transit pass, and must pay $120.00 immediately to keep my $6000.00 life policy.

**THEREFORE,** I Seek the Court to Find Mones P.C.:

1) Reattempt to withdraw as duplicity, already ruled on and moot, and Mones P.C. immediately telephone Claimant with progress made on Claimant's behalf.

2) In Contempt of Court and order fine; if no fine schedule exists, fine Mones P.C. one-thousand dollars ($1,000).

3) Order Mones P.C. Fee to Claimant Five Percent (5%) of awardment(s) after usual, customary, and reasonable charges are deducted, detailed in writing, excluding Ranks, awards, recognitions, and like owed to and sought by Claimant, described in Claimant's Statement(s) proofs, Exhibits, and communications with Mones P.C.

4) Order Mones P.C. communicate with Claimant by e-mail, telephone, additional electronic means, and United States Postal Service or equivalent overnight before 10:30 a.m. delivery or sooner including same day delivery at their expense, at least once weekly or more as needed, and order Mones P.C. deliver weekly detailed report to Claimant of acts taken on his behalf.

5) Due to Claimant's hands, wrists, arm crushed, and his decades long disabilities described in his August 9th Filing Claimant moves to be able to deliver additional information by the 16th. Claimaint began drafting this August 24th and is in severe pain, refraining from prescribed narcotics to complete this Ex Parte Response.

This, the 1st day of October Two-Thousand and Twenty-One,

CERTIFICATE OF DELIVERY

I,  Certify, I Delivered to:

United States Bankruptcy Court, District of Delaware
824 Market Street
3rd Floor Suite 300
Wilmington, DE 19880

10

The attached Ex Parte Response by depositing same into a United States Approved Postal
~~Receptacle, handing to a Postal~~ Service Counter Clerk, Letter Carrier, FedEx, UPS, or Like Delivery
~~_____~~ s postage or shipping affixed.





