**EXHIBIT B**

**Redline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                   Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 2618** |

### ORDER (I) SCHEDULING CERTAIN DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION, (II) ESTABLISHING CERTAIN PROTOCOLS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") of Boy Scouts of America ("**BSA**") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**"), for entry of an order (i) scheduling certain dates and deadlines in connection with confirmation of the Plan and all related discovery, (ii) establishing the Protocols, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion and other related issues; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and all objections to the start date for the Confirmation Hearing having been overruled; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is GRANTED as set forth herein. The schedule set forth below shall govern discovery in connection with confirmation of the Plan (the "**Confirmation Proceedings**") and the protocols set forth below shall govern discovery in connection with the Confirmation Proceedings (the "**Protocols**").

2. The Insurers and the TCC objected, and continue to object, to the January 24, 2022 start date for the Confirmation Hearing and, by definition, all interim dates proposed by the Debtors. Nevertheless, the Insurers and the TCC met-and-conferred in good faith with the Debtors and others and do not object to the form of the proposed scheduling order based on the Court's having previously ordered that the Confirmation Hearing will start on January 24. For the avoidance of doubt, all objections to the Debtors' proposed interim dates are overruled. Century's objections to the confirmation schedule, its start date and the schedule within the start date are overruled.

3. ~~2.~~ Any party in interest that intends to participate in the Confirmation Proceedings (a "**Proposed Participant**") must first file with the Court a notice indicating such intent (a "**Notice of Intent**") at any time prior to the close of the Confirmation Proceedings, in accordance with the form attached to the Motion as **Exhibit B**. However, each Proposed Participant who then becomes a Participating Party must comply with and will be bound by all deadlines and other provisions set forth in the Confirmation Scheduling Order and shall not be allowed to reopen any deadlines that have already passed, absent (a) consent of the Debtors and other Participating Parties or (b) further order of the Court.

4. ~~3.~~ The Debtors and other Participating Parties shall, within five (5) days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any grounds, including, but not limited to, that the Notice of Intent is intended solely for purposes of harassment, was filed by persons that are not parties in interest within meaning of section 1109 of the Bankruptcy Code, does not comply with the terms of the this Order, or does not demonstrate a legally cognizable interest in the Confirmation Proceedings. This shall be the only means by which the Debtors or other Participating Parties may challenge the Notice of Intent of a Proposed Participant; however, it shall be without prejudice to the Debtors' or other Participating Parties' rights to raise similar objections in other contexts, including, but not limited to, in connection with any specific discovery request or briefing. No Proposed Participant shall be deemed a Participating Party unless (a) no objection is filed within five (5) days of the filing of the Proposed Participant's Notice of Intent or (b) if an objection to the Notice of Intent is filed, the Court overrules such objection.

5. ~~4.~~ Only a Proposed Participant who files a Notice of Intent, as to which no objection is timely filed or an objection is filed but is overruled by the Court, may take part in the Confirmation Proceedings, including, without limitation, discovery and presentation of evidence at or in connection

3

with the Confirmation Proceedings (each such party, a "**Participating Party**"). The Participating Parties shall automatically include, without the need to file a Notice of Intent: (a) the Debtors, (b) the U.S. Trustee, and (c) the Mediation Parties.[2] Each Participating Party will be bound by the terms of the *Order Approving Confidentiality and Protective Order* [D.I. 799] entered in these Chapter 11 Cases.

6. ~~5.~~ The following dates and deadlines shall govern discovery in connection with confirmation (such dates and deadlines, the "**Confirmation Schedule**"):

| Event | Date |
| --- | --- |
| Deadline to Serve Written Discovery[3] | October 8, 2021 |
| Deadline to Serve Responses & Objections to Written Discovery | October 18, 2021 |

---

[2] The Mediation Parties as defined shall include: (a) the Debtors; (b) the Ad Hoc Committee; (c) FCR; (d) the TCC and its members; (e) the UCC and its members; (f) the following insurers: The Chubb Group of Insurance Companies, The Hartford Companies, Allianz Global Risks US Insurance Company, National Surety Corporation, Liberty Mutual Insurance Company, and American International Group, Inc. Entities, Agricultural Insurance Company, Aspen Insurance Holdings, Limited, AXA XL Insurance, CNA Insurance Companies, General Star Indemnity Company, Markel Insurance Company, Arrowood Indemnity Company, Old Republic Insurance Company, Travelers Indemnity Company, Colony Insurance Company, Argonaut Insurance Company, Clarendon America Insurance Company, American Zurich Insurance Company, American Guarantee and Liability Insurance Company, Steadfast Insurance Company, Maryland Casualty Company, Maryland American General Group, and American General Fire & Casualty Company, Munich Re, Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company; (g) the Coalition; (h) JPM Chase Bank, N.A.; (i) the Corporation of the President of the Church of Jesus Christ of Latter-day Saints; (j) the United Methodist Ad Hoc Committee; (k) the Roman Catholic Ad Hoc Committee; (l) Catholic Mutual Relief Society of America; (m) the Episcopal Church; (n) the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America; (o) Roman Catholic Diocese of Brooklyn, New York; (p) Roman Catholic Archbishop of Los Angeles, a corporation sole; (q) Roman Catholic Diocese of Dallas, a Texas non-profit corporation; (r) Archdiocese of Galveston-Houston; (s) Diocese of Austin; (t) Zalkin Law Firm, P.C.; and (u) Pfau Cochran Vertetis Amala PLLC. *See Amended Disclosure Statement for the Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6213] (the "**Disclosure Statement**").

[3] Subject to paragraphs ~~6 and~~ 7 and 8 hereof.

| Document Production Substantially Complete | November 5, 2021 |
|---|---|
| Deadline for parties to identify the topics on which they intend to submit expert reports (other than rebuttal expert reports) | November 15, 2021 |
| Deadline to Complete Depositions of Fact Witnesses[4] | December 1, 2021 |
| Expert Reports Due | December 5, 2021 |
| Deadline for parties to identify expert witnesses who will submit rebuttal expert reports | December 17, 2021 |
| Preliminary Voting Report Deadline | December 21, 2021 |
| Rebuttal Expert Reports Due | December 24, 2021 |
| Final Voting Report Deadline | January 4, 2022 |
| Plan Objection deadline | January 7, 2022[5] |
| Deadline to Complete Depositions of Expert Witnesses | January 9, 2022 |
| Deadline to Exchange Deposition Designations and File Motions *in Limine* | January 13, 2022 |
| Confirmation Brief / Plan Reply Deadline | January 17, 2022 |
| Deadline to Exchange Deposition Counter-Designations | January 18, 2022 |
| Deadline to Submit Joint Pretrial Order, Witness and Exhibit Lists, Oppositions to Motions *in Limine*, and for Objections to Deposition Counter-Designations | January 20, 2022 |
| Final Pretrial Conference | [January 21], 2022[6] |
| Confirmation Hearing | January 24, 2022 at 10:00 a.m. (Eastern Time) |

---

[4] All fact and expert witnesses will have the option of being deposed either in person or by Zoom. If a witness chooses to be deposed in person, all parties may attend either in person or by Zoom, at their choosing.

[5] The Debtors and the Participating Parties have agreed that the deadline for Participating Parties to file Plan objections will be extended until January 10, 2022.

[6] Subject to the Court's availability and approval.

7. ~~6.~~ Notwithstanding the deadlines set forth in paragraph ~~5~~6, (a) with respect to voting issues, (i) the Debtors will make reasonable efforts to work with the voting agent to produce interim status information concerning ballots that have been processed, and (ii) in accordance with paragraph ~~7~~8, the Participating Parties retain all rights to seek discovery regarding such interim reports and other materials regarding voting, and (b) with respect to the Plan Supplement to be filed by Debtors no later than November 30, 2021, (i) Participating Parties shall be permitted to propound reasonable, appropriate discovery related to items in the Plan Supplement, and to notice depositions related thereto, and (ii) Debtors have the right, subject to the meet and confer requirement in paragraph ~~7~~8, to oppose, and seek protection from, any such Plan Supplement-related discovery that they believe is not reasonable and appropriate.

8. ~~7.~~ If a Participating Party fails to comply with any of the dates or deadlines set forth in the foregoing Confirmation Schedule, such failure shall be a waiver of the applicable event by such Participating Party; provided however, nothing in this order shall preclude any Participating Party from (a) seeking other or further discovery, or to adjourn the deadlines set forth in paragraph ~~5~~6, or (b) opposing such a request. Parties must make reasonable efforts to meet and confer regarding any request for additional discovery or to change the dates set forth in paragraph ~~5~~6 prior to seeking Court intervention.

9. ~~8.~~ **Discovery of Debtors, Parties, and Third Parties.** The Participating Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking documents from the Debtors, other parties in interest, and any third parties. For the avoidance of doubt, (a) no further motion practice is required prior to serving discovery under these Protocols and (b) nothing in this paragraph abrogates the requirements of Rule 45 of the Federal Rules of Civil Procedure.

10. ~~9.~~ **Document Production.** The following provisions apply to requests for production of documents directed to any party (collectively, "**Receiving Parties**") in connection with the Confirmation Proceedings:

   a. *Document Discovery from Advisors.* Each Receiving Party that is the recipient of a request for the production of documents shall make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor (i) currently retained by such Receiving Party in connection with these Chapter 11 Cases or (ii) whose documents or information are within the Receiving Party's possession, custody or control, without the need for such advisor to be subpoenaed directly.

   b. *Assertions of Privilege.* If any Receiving Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, the Receiving Party and requesting Participating Party (the "**Requesting Party**") shall meet and confer on the scope and format of corresponding privilege logs, including categorical privilege logs, consistent with the Protective Order in these Chapter 11 Cases. A Receiving Party shall provide its initial privilege log(s) to all applicable Requesting Parties within seven (7) calendar days after it substantially completes production of documents in response to document requests.

11. ~~10.~~ **Expert Testimony.** No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) and sitting for a deposition, which may be attended by any Participating Party. Any Participating Parties challenging

such report will meet and confer to determine the scheduling of and apportioning of questioning time during such depositions.

12. ~~11.~~ **Discovery Disputes**. Discovery disputes that cannot be resolved by the parties shall be filed with the Court on letter briefs and on notice to all Participating Parties. No letter brief shall exceed five (5) single-spaced pages. Opposition letters shall be filed and served within three (3) days after service of any moving letter brief.

13. ~~12.~~ **Status Conferences**. The Court will hold status conferences with the Participating Parties on the following dates: [ • ], and any other such dates as the Court deems necessary.

14. ~~13.~~ **Service**. Within three (3) business days following the deadline to file Notices of Intent, the Debtors shall file with the Court a list of all Participating Parties and their attorneys (including email address), which will be the official service list for discovery related to the Confirmation Proceedings. The Debtors shall amend the service list as necessary and will file such amend service lists with the Court. The Participating Parties shall serve all discovery requests and written responses and other formal discovery papers that are not filed by email on all other Participating Parties. If transmission of voluminous materials as an e-mail attachment is impractical, materials shall be posted on an FTP or data site and all Participating Parties shall be provided access to the materials.

15. ~~14.~~ **Modifications.** The Protocols, dates, and terms in this Confirmation Scheduling Order may be modified or waived by the consent of Debtors and any applicable Participating Parties without Court approval, except for any dates involving briefings or submissions to the Court, or any dates involving conferences or hearings with the Court, including but not limited to the

following: the deadlines to submit the Pretrial Order, Witness and Exhibit Lists, Motions *in Limine* and Oppositions thereto, and for the Final Pretrial Conference.

16. ~~15.~~ **Time Periods**. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. ~~16.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. ~~17.~~ The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

19. ~~18.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.