## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Dkt. No. 6288 |

## OBJECTION OF THE AIG COMPANIES TO DEBTORS' MOTION FOR PROTECTIVE ORDER AND RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, Landmark Insurance Company, The Insurance Company of the State of Pennsylvania, and their affiliated entities (collectively referred to herein as "AIG"), respectfully submit this objection to the *Debtors' Motion for Protective Order and Related Relief* [Docket No. 6288] (the "Motion").[1]  AIG objects to Debtors' Motion for many of the same reasons set forth in *Certain Insurers' Objection to Debtors' Motion for Protective Order and Related Relief* [Docket No. 6495], including: (1) the Debtors seek an impermissible advisory opinion on premature discovery issues; (2) the Motion is procedurally defective and inconsistent with the Local Rules; and (3) the Debtors seek to improperly *expand* the mediation privilege to cover any document used in mediation.

## OBJECTION

### I.     DEBTORS SEEK AN ADVISORY OPINION ON NON-EXISTENT DISCOVERY ISSUES

Debtors' Motion seeks an impermissible advisory opinion on non-existent discovery disputes.  *See Coffin v. Malvern Federal Savings Bank*, 90 F.3d 851, 853 (3d Cir. 1996) ("The oldest and most consistent thread in the federal law of justiciability is that federal courts will not give advisory opinions." (internal quotations omitted)).  As Certain Insurers explain in the background section of their objection, Debtors filed the Motion on September 17, 2021, 13 days ***before*** initial confirmation discovery requests were served on September 30, 2021.  Debtors have not yet responded to those initial discovery requests, and do not point to a single disputed discovery request in the Motion.  Instead, Debtors refer only to arguments raised by the Insurers in two prior motions that were filed in connection with the now non-operative RSA and Fourth Amended Plan.  Mot. ¶¶ 6–7.  Debtors cite these prior discovery disputes as evidence that the

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Insurers and other parties in interest *will* raise the same privilege issues in connection with confirmation discovery."  Mot. ¶ 8 (emphasis added).  Though there may be future disputes over confirmation discovery, Debtors thus acknowledge that at the time of filing, "there [was] no concrete discovery dispute upon which to rule" which makes the Motion "a request for an advisory opinion."  *See Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 86 (D.D.C. 2009); *see also Han v. Fin. Supervisory Serv.*, 2017 WL 7689223, at *5 (S.D.N.Y. Oct. 6, 2017) ("[T]he federal courts frequently invoke the advisory opinion rule when declining to provide advance decisions as to discovery or evidentiary disputes which are not yet ripe and which therefore lack the 'clear concreteness provided when a question emerges precisely framed and necessary for decision.'" (quoting *United States v. Fruehauf*, 365 U.S. 146, 157 (1961)).  Because it lacks "clear concreteness," the Motion is non-justiciable and should be denied.

It is surprising the Debtors have decided to proceed with this Motion since the requested relief appears to clearly contradict the Court's statements when discussing the Debtors' breakneck confirmation schedule:

> It is hard to decide these privilege issues in the abstract.  I did that recently in <u>Imerys</u>. Then I get documents in front of me, and it makes me have to rethink what I did.  It's very hard to do in the abstract . . .

Sept. 28 Hr. Tr. at 205:23–206:5.

In response to the Court's statement, counsel for the Debtors recognized that the Motion ran afoul of the Court's guidance, but stated the Debtors "tried not to make it abstract."  *Id.* at 206:23.  But Debtors' counsel's response to the Court, like the Motion, failed to provide a single specific discovery request or dispute addressed by the Motion.  Instead, the Motion requests that the Court (1) prospectively authorize the Debtors to withhold broad categories of documents in response to ***any*** future discovery requests simply because mediation may have been discussed in the document, or is only tangentially related to the mediation, and (2) preclude parties from

contending that the Debtors' withholding of documents (following a hypothetical discovery request) constitutes a lack of good faith as contemplated by § 1129(a)(3) of the Bankruptcy Code.  *See* Proposed Order ¶¶ 2, 4.  It is difficult to imagine how Debtors could fashion a more abstract request, and this Court should not address it on this record.

## II.    DEBTORS' MOTION IS PROCEDURALLY DEFECTIVE

The Motion is also procedurally defective because (1) Debtors failed to comply with the Local Rules of this Court and (2) the Motion is akin to a premature motion *in limine*.

First, Debtors' motion should be denied for failure to comply with the requirement in the Local Rules to "confer and in good faith attempt to reach agreement cooperatively on how to conduct discovery," Local Rule 7026-1(a).  *See e.g.*, *Rodriguez v. Pie of Port Jefferson Corp.*, 2015 WL 1513979, at *3 (E.D.N.Y. Mar. 13, 2015) (denying discovery motion where moving party did not "comply with the meet-and-confer rule").  In addition, Local Rule 7026-1(d) requires Debtors to certify that such a meeting occurred and that the parties were unable to reach an agreement.  And that certification must include the "verbatim" discovery request at issue. Local Rule 7026-1(c).

Debtors did not comply with any of these requirements under the Local Rules, and it is impossible to imagine how they could have given that initial confirmation discovery requests were not served—and thus no active discovery dispute existed—at the time Debtors filed the Motion.  The Motion thus should be denied on procedural grounds so that the parties may actually meet and confer regarding the initial confirmation discovery requests that were served after the Motion had been filed.

Second, the Motion is in fact better construed as a premature motion *in limine* which seeks to admit certain evidence and limit certain objections before discovery is even undertaken.

*See Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) (finding a motion *in limine* "premature" where the "case is not currently scheduled for a trial in the near future" and noting that "[a] party generally should file a motion *in limine* only when a trial is imminent").  While Debtors attempt to characterize the Motion as a "protective order," the Motion seeks evidentiary rulings on the admissibility of redacted documents and a legal ruling limiting the arguments objectors may make regarding good faith confirmation under § 1129(a)(3) of the Bankruptcy Code *months* before trial is scheduled, and was filed before discovery had even commenced.  *See* Proposed Order ¶¶ 3–4.

### III.        DEBTORS IMPROPERLY EXPAND MEDIATION PRIVILEGE

To the extent the Court reaches the merits of these issues, the Motion should be denied because Debtors continue to advocate for an improperly expansive mediation privilege under which any document shared during the mediation would be forever privileged.  But Local Rule 9019-5(d)(i) provides that "[i]nformation otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation."  The language of the rule could not be more clear: simply using otherwise discoverable material in mediation does not cloak that material in mediation privilege.  The Court itself has made this clear in its past guidance to the parties.  *See* July 27, 2021 Hr. Tr. at 24:19–23 ("[M]ediation doesn't cloak discovery and information that is, otherwise, discoverable just because you also put it into the mediation process or communicated information you have to the mediator or other parties.").  When specific discovery disputes are properly before the Court, the parties and the Court will be able to appropriately address the contours of the mediation privilege as applicable to this dispute.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Court should deny the Motion because Debtors seek an impermissible advisory opinion on non-existent discovery issues; (2) the Motion is procedurally defective; and (3) Debtors improperly seek to expand the mediation privilege.

**[Remainder of page intentionally blank]**

Dated: October 5, 2021
       Wilmington, Delaware

Respectfully submitted,

By: /s/ *Deirdre M. Richards*

**FINEMAN KREKSTEIN & HARRIS PC**
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone:    (302) 538-8331
Facsimile:    (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

**FORAN GLENNON PALANDECH PONZI & RUDLOFF P.C.**
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone:    (312) 863-5000
Facsimile:    (312) 863-5009
Email: sgummow@fgppr.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035
Email: mrosenthal@gibsondunn.com
jhallowell@gibsondunn.com
kmartorana@gibsondunn.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone:    (949) 451-3800
Facsimile:    (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*