**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | Re Docket Nos. 2295, 6215, 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE OF ANKURA CONSULTING GROUP, LLC**

PLEASE TAKE NOTICE THAT Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors") shall take the deposition of Ankura Consulting Group, LLC ("Ankura") by the person(s) most qualified to testify on Ankura's behalf with respect to the topics described in **Exhibit A** hereto.

The deposition will take place on November 18, 2021 at 10:00 a.m. on or at such other date and time as the parties may agree. Ankura may elect to be deposed in person or remotely. If Ankura elects to be deposed in person, the deposition will take place at the offices of Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899-8705, and parties may choose to attend in person or remotely.

If Ankura chooses to be deposed remotely:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of the Debtors' respective federal tax identification numbers, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2

1.     Counsel for the parties and their clients will be participating from various, separate locations;

2.     The court reporter will administer the oath to the witness remotely;

3.     The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

4.     Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

5.     All exhibits will be provided simultaneously and electronically to the witness and all participants;

6.     The court reporter will record the testimony;

7.     The deposition may be recorded electronically; and

DOCS_NY:44217.5 85353/002

8.   Counsel for all parties will be required to stipulate on the record:

   a.   Their consent to this manner of deposition; and

   b.   Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

Dated: October 8, 2021
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email: jstang@pszjlaw.com
       inasatir@pszjlaw.com
       kbrown@pszjlaw.com
       joneill@pszjlaw.com
       jlucas@pszjlaw.com
       sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

3

**EXHIBIT A TO THE NOTICE**
**OF DEPOSITION OF ANKURA CONSULTING GROUP, LLC**

**DEFINITIONS**

For the purposes of this Notice of Deposition, the following Definitions shall apply:

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      Capitalized terms not otherwise defined herein shall have meanings ascribed to them in the Plan.

3.      The term "Abuse" shall have the meaning provided in the Plan.

4.      The term "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

5.    "<u>Abuse Party</u>" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

6.    The term "<u>Ankura</u>" means Ankura Consulting Group, LLC, including its individual members and any attorneys, representatives, consultants, advisors, or anyone acting on its behalf.

7.    The term "<u>Chapter 11 Cases</u>" means the above-captioned chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC pending before the United States Bankruptcy Court for the District of Delaware.

8.    The term "<u>Coalition</u>" means the Coalition of Abused Scouts for Justice, an *ad hoc* committee composed of thousands of holders of Direct Abuse Claims (as that term is defined in the Plan) that filed a notice of appearance in the Chapter 11 Cases on July 24, 2020 at Docket No. 1040, including any attorneys, representatives, consultants, advisors, or anyone acting on its behalf.

9.    The term "<u>Communications</u>" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, texts, instant messages, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody; or in the control or custody of any current or former affiliates, representatives, or advisors.

10.    The term "<u>Concerning</u>" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting,

DOCS_NY:44217.5 85353/002

describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

11.    The term "Database" means any database, spreadsheet, dataset or similar file produced/accessible on Excel, Access, SAS, SQL, Stata, R Studio or similar computer program.

12.    The term "Debtors" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA, LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

13.    The term "Disclosure Statement" means the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6445].

14.    The term "Document Agreement" shall have the meaning provided in the Plan.

15.    The term "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails,

3

phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

16.     The term "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

17.     The term "Future Abuse Claim" shall have the meaning provided in the Plan.

18.     The term "Indirect Abuse Claim" shall have the meaning provided in the Plan.

19.     The term "List" means a list, schedule, table, or other, similar organized grouping of persons, factors, questions, criteria or other information as context requires.

20.     The term "Person" means an individual, a firm, a corporation, or other entity as the context requires.

21.      The term "Plan" means the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as such Document may be amended, supplemented, or modified from time to time.

22.      The term "Plan Supplement" shall have the meaning provided in the Plan.

23.      The term "Process" means a process, methodology, formula, or other analytical framework as context requires.

24.      The term "Revised Proposed Joint Letter" means the *Revised Proposed Joint Letter of the Future Claims' Representative and the Coalition of Abused Scouts for Justice Regarding the Debtors' Modified Fifth Amended Chapter Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6441-1], filed on September 30, 2021.

25.      The term "Settlement Trust" shall have the meaning provided in the Plan.

26.      The term "Settlement Trust Advisory Committee" shall have the meaning provided in the Plan.

27.      The term "Settlement Trust Agreement" shall have the meaning provided in the Plan.

28.      The term "Settlement Trust Assets" shall have the meaning provided in the Plan.

29.      The term "Settlement Trust Documents" shall have the meaning provided in the Plan.

30.      The term "Settlement Trustee" means Eric D. Green or any successor trustee who may subsequently be appointed pursuant to the terms of the Settlement Trust Agreement, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

31.      The term "Trust Distribution Procedures" shall have the meaning provided in the Plan.

DOCS_NY:44217.5 85353/002

32.     The terms "You" or "Your" and variants thereof mean Ankura.

## TOPICS

**Topic No. 1**

Your and/or the FCR's estimate in the Disclosure Statement that there are approximately 11,300 Future Abuse Claims that may be asserted in the Settlement Trust in the Chapter 11 Cases, including without limitation, any analysis relating to that estimate.

**Topic No. 2**

All Documents Concerning Your and/or FCR's estimate in the Disclosure Statement that the Debtors' liability for Future Abuse Claims is approximately $5 billion in the Chapter 11 Cases, including without limitation, any analysis relating to that estimate.

**Topic No. 3**

The Databases, Lists, Processes, electronic spreadsheets, and/or data that You and/or the FCR used to reach the estimate in the Disclosure Statement that there are approximately 11,300 Future Abuse claims that may be asserted in the Settlement Trust in the Chapter 11 cases, and all Documents Concerning such Databases Lists, Processes, electronic spreadsheets, and/or data.

**Topic No. 4**

The Databases, Lists, Processes, electronic spreadsheets, and/or data that You and/or FCR used to reach the estimate in the Disclosure Statement that the Debtors' liability for Future Abuse Claims is approximately $5 billion in the Chapter 11 Cases and all Documents Concerning such Databases, Lists, Processes, electronic spreadsheets, and/or data.

**Topic No. 5**

The Disclosure Statement.

**Topic No. 6**

The Trust Distribution Procedures.

**Topic No. 7**

The selection of Eric Green as Settlement Trustee.

**Topic No. 8**

Eric Green's personal and professional relationships with any other party in interest to in the Chapter 11 Cases, or their counsel or professionals, including, but not limited to You, David Molton, Esq., Brown Rudnick LLP, and any party that has filed a proof of claim in the Chapter 11 Cases.

**Topic No. 9**

The consideration of potential Settlement Trustees other than Eric Green.

**Topic No. 10**

The criteria, consideration, and selection of members of the Settlement Trust Advisory Committee.

**Topic No. 11**

Communications between You and/or the FCR and any members of the Settlement Trust Advisory Committee.

**Topic No. 12**

Communications between and among You, the FCR, the Debtors, and/or the Coalition Concerning the Revised Proposed Joint Letter.

**Topic No. 13**

Communications between or among You, the FCR, and/or Bates White LLC Concerning Abuse Claims, the Debtors and/or the Chapter 11 Cases.

**Topic No. 14**

The Settlement Trust Assets.

7

**Topic No. 15**

Communications between and/or among You, the FCR, the Debtors, and/or any other Person

Concerning Your or the Debtors' analysis of Abuse Claims, Indirect Abuse Claims, Future Abuse

Claims, or any other potential claims based on Abuse.

**Topic No. 16**

The Settlement Trust Documents.

**Topic No. 17**

The Plan Supplement, including but not limited to, the Document Agreement.

DOCS_NY:44217.5 85353/002