IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re Docket Nos. 2295, 6215, 6443, 6445 |

### THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE OF BATES WHITE LLC

PLEASE TAKE NOTICE THAT Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), shall take the deposition of Bates White LLC ("Bates White") by the person(s) most qualified to testify on Bates White's behalf with respect to the topics described in **Exhibit A** hereto.

The deposition will take place on November 17, 2021 at 10:00 a.m., or at such other date and time as the parties may agree. Bates White may elect to be deposed in person or remotely. If Bates White elects to be deposed in person, the deposition will take place at the offices of Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899-8705, and parties may choose to attend in person or remotely.

If Bates White chooses to be deposed remotely:

1. Counsel for the parties and their clients will be participating from various, separate locations;

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of the Debtors' respective federal tax identification numbers, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. The court reporter will administer the oath to the witness remotely;

3. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

4. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

5. All exhibits will be provided simultaneously and electronically to the witness and all participants;

6. The court reporter will record the testimony;

7. The deposition may be recorded electronically; and

8. Counsel for all parties will be required to stipulate on the record:

   a. Their consent to this manner of deposition; and

   b. Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

Dated: October 8, 2021
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email: jstang@pszjlaw.com
       inasatir@pszjlaw.com
       kbrown@pszjlaw.com
       joneill@pszjlaw.com
       jlucas@pszjlaw.com
       sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

# EXHIBIT A TO THE NOTICE OF DEPOSITION OF BATES WHITE LLC

# DEFINITIONS

For the purposes of this Notice of Deposition, the following Definitions shall apply:

1. The terms "<u>all</u>," "<u>any</u>," and "<u>each</u>" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. Capitalized terms not otherwise defined herein shall have same meanings set forth in the Plan.

3. "<u>Abuse Claim</u>" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible. The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

4. "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

5. "Ankura" means Ankura Consulting Group, LLC, including it individual members and any attorneys, representatives, consultants, advisors, or anyone acting on its behalf.

6. "Bates White" means Bates White LLC, the Debtors' abuse claims consultant and advisor, including it individual members and any attorneys, representatives, consultants, advisors, or anyone acting on its behalf.

7. "Chapter 11 Cases" means the above-captioned chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC pending before the United States Bankruptcy Court for the District of Delaware.

8. "Communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, texts, instant messages, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody; or in the control or custody of any current or former affiliates, representatives, or advisors.

9. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

10. "Database" means any database, spreadsheet, dataset or similar file produced/accessible on Excel, Access, SAS, SQL, Stata, R Studio or similar computer program.

11. "Debtors" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA, LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

12. "Disclosure Statement" means the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6445].

13. "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any

3

such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

14. "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

15. "Future Abuse Claim" shall have the meaning provided in the Plan.

16. "Indirect Abuse Claim" shall have the meaning provided in the Plan.

17. "List" means a list, schedule, table, or other, similar organized grouping of persons, factors, questions, criteria or other information as context requires.

18. "Person" means an individual, a firm, a corporation, or other entity as the context requires.

19. "Plan" means the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as such document may be amended, supplemented, or modified from time to time.

20. "Process" means a process, methodology, formula, or other analytical framework as context requires.

21. "You" or "Your" and variants thereof mean Bates White.

**TOPICS**

**Topic No. 1**

Your and/or the Debtors' estimate in in Article V.N of the Disclosure Statement that the range of "the value of Abuse Claims is between $2.4 billion and $7.1 billion."

**Topic No. 2**

The Databases, Lists, Processes, electronic spreadsheets, and/or data that You and/or the Debtors used to reach the estimate in Article V.N of the Disclosure Statement that the range of "the value of Abuse Claims is between $2.4 billion and $7.1 billion."

**Topic No. 3**

The forecast of the FCR and/or Ankura in the Disclosure Statement that the Debtors' liability for Future Abuse Claims is approximately $5 billion.

**Topic No. 4**

The assertion in footnote 41 of the Disclosure Statement that the "Debtors do not agree with the forecast of the Future Abuse Claims asserted by the Future Claimants' Representative and believe that the Bates White range is a more accurate range of the value for all Abuse Claims, including Future Abuse Claims. Therefore, the Bates White Range provides a better basis on which to formulate projected recoveries on account of Abuse Claims, including Direct Abuse Claims (which include Future Abuse Claims)."

**Topic No. 5**

The methodology You and/or the Debtors used employed to reach the estimate in Article V.N of the Disclosure Statement that the range of "the value of Abuse Claims is between $2.4 billion and $7.1 billion" or otherwise value those claims.

**Topic No. 6**

Communications between and/or among You, the FCR, Ankura, the Debtors, and/or any other Person Concerning Your or the Debtors' analysis of Abuse Claims, Indirect Abuse Claims, Future Abuse Claims, or any other potential claims based on Abuse.

**Topic No. 7**

The "publically available information relating to potentially comparable settlements" referred to in Article V.N of the Disclosure Statement and comparable settlements upon which You relied in developing Your estimate in Article V.N of the Disclosure Statement that the range of "the value of Abuse Claims is between $2.4 billion and $7.1 billion."