B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Delaware_____

In re __Boy Scouts of America and Delaware BSA, LLC___
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff

v.

_____
Defendant

Case No. __20-10343 (LSS)_____

Chapter __11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Juniata Valley Council, Principal Officer: James J. Kennedy, 9 Taylor Drive, Reedsville, PA 17084_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   Documents Contained in Exhibit A

| PLACE First Legal Records c/o Best Legal Services, Richard Kreitzer, 318 Bridge St., #523, New Cumberland, PA 17070, (877) 591-9979 | DATE AND TIME 11/05/2021 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _10/08/2021____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC,  who issues or requests this subpoena, are:

KTBS Law LLP, Attn: Robert J. Pfister, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067; (310) 407-4065; rpfister@ktbslaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A to Subpoena**

**Definitions**

For purposes hereof, the following definitions shall apply:

1.      "<u>You</u>" and "<u>Your</u>" means Juniata Valley Council and its officers, partners, agents, servants, employees, attorneys, and other persons who are in active concert or participation with the foregoing, *cf.* FRCP 65(d)(2), including all legal, financial, or industry advisors as and to the extent set forth in Paragraph 10(a) of the *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief.*

2.      "<u>Communication</u>" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether written, electronic, or oral and, with respect to oral communications, includes any Document evidencing the date, participants, subject matter, and content of any such oral communication, including transcripts, minutes, notes, recordings, calendar entries, and the like.

3.      "<u>Concerning</u>" means relating to, referring to, describing, evidencing, or constituting.

4.      "<u>Document(s)</u>" is meant as broadly as possible and includes, without limitation, any writings, recordings, correspondence, messages, memoranda, electronic files and emails, photographs, datasets, spreadsheets, charts, lists, reports, schedules, projections, information, all "documents or electronically stored information" referenced in FRCP 34(a)(1)(A), and all other data, whether recorded by electronic or other means, and all drafts thereof.  A draft or non-identical copy is a separate Document within the meaning of this term.

5.      "<u>Plan</u>" means the *Modified Fifth Amended Chapter 11 Plan of Reorganization of Boy Scouts of America and Delaware BSA, LLC* [D.I. 6443] as such document may be further

amended or modified.  A copy of the Plan is available free of charge at

https://casedocs.omniagentsolutions.com/cmsvol2/pub_47373/23973daa-dbb2-40ff-b031-

05f390ea1f6c_6443.pdf.

6.      "Disclosure Statement" means the *Amended Disclosure Statement for the*

*Modified Fifth Amended Chapter 11 Plan of Reorganization of Boy Scouts of America and*

*Delaware BSA, LLC* [D.I. 6445] as such document may be further amended or modified.  A copy

of the Disclosure Statement is available free of charge at

https://casedocs.omniagentsolutions.com/cmsvol2/pub_47373/da60d7ce-df85-45e9-9737-

4dd1a5d50014_6445.pdf.

7.      "Request for Production" means each of the specific Document requests set out

below.

8.      Capitalized terms used but not otherwise defined in these Requests for Production

shall have the meaning ascribed to such terms in the Plan or Disclosure Statement, as applicable.

## Instructions

1.      You are to respond to each Request for Production separately, and not by

reference to or incorporation of Your answer to any other Request for Production.

2.      If a Request for Production incorporates a collective term (such as, for example,

the "Debtors") and your response to that Request for Production would vary as between different

constituent parts of that collective term (for example, a fact might be admitted if the request for

admission had been limited to one particular Debtor but denied if the request for admission had

been limited to a different particular Debtor), then you must separately answer that Request for

Production as to each specific constituent part of the collective term.

3.      If You object to any Request for Production, state the objection in the manner

prescribed by the Federal Rules of Civil Procedure but nevertheless answer the Request for

Production subject to the objection that You have stated.

4.      If You contend that any Request for Production calls for any information that is subject to the attorney-client privilege, work-product protection, or any other legal privilege or protection, provide the specific grounds on which You are asserting such privilege or protection, on whose behalf the privilege or protection exists, and each Person whom You know or believe has knowledge of such information.  If You withhold production of any Document on the basis of a privilege or protection, You must describe the Document and the basis for Your claim of privilege with sufficient particularity to permit an evaluation of the claim that the Document may be withheld from production.

5.      If You are unable to answer fully any Request for Production, answer to the extent possible, and provide whatever information is in Your possession, custody or control concerning any unanswered portion.

6.      Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information that might otherwise be construed as outside their scope; and words in the masculine, feminine, or neuter form include the others.

7.      These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information responsive to or otherwise Concerning any of the following Requests for Production, You shall promptly supplement Your responses.

**Requests for Production**

**<u>REQUEST FOR PRODUCTION NO. 1</u>:**  Produce all Documents and Communications Concerning historical verdicts, judgments, dismissals, settlements, or other resolutions of Abuse Claims against You, and any Documents and Communications Concerning the historical allocation of liability for Abuse Claims among the Debtors, any Chartered Organizations, and/or You, by claim and in the aggregate.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**  If the information set forth in Schedule 3 to the Plan with respect to the insurance policies that may provide coverage for Abuse Claims asserted against You is not complete and accurate, produce Documents and Communications sufficient to show the extent and nature of insurance coverage for Abuse Claims asserted against You, including (for each policy): the carrier, the policy number, the start date, the end date, the attachment point, the occurrence limit, the layer limit, the aggregate limit, whether there is an sexual abuse exclusion or limitation, and the name of each entity covered under such policy.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**  Produce all insurance policies covering You that may provide coverage for Abuse Claims.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**  Produce Documents sufficient to show the self-insured retention and deductibles applicable to You under any insurance policies that may provide coverage for Abuse Claims.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**  Produce all Documents and Communications Concerning any right to indemnity You may have as against the Debtors and all Documents and Communications Concerning any right to indemnity the Debtors may have as against You.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**  Produce all Documents and Communications Concerning any right to indemnity You may have as against any Chartered Organization and all

Documents and Communications Concerning any right to indemnity that any Chartered Organization may have as against You.

**REQUEST FOR PRODUCTION NO. 7:**  Produce all Documents and Communications with insurers Concerning whether aggregate limits of insurance policies apply to Abuse Claims asserted against You.

**REQUEST FOR PRODUCTION NO. 8:**  Produce Documents sufficient to show Your financial wherewithal to satisfy in full Your allocable share of liability for all Abuse Claims asserted against You in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 9:**  Produce Documents sufficient to show Your financial wherewithal to satisfy in full liability for all Abuse Claims asserted against You if there is no Channeling Injunction.

**REQUEST FOR PRODUCTION NO. 10:**  For any lawsuit for alleged child sex abuse filed against You from 2010 to present, provide the following pleadings: (i) the complaint or similar Document that initiated the lawsuit; (ii) the answer or similar Document that responded to the allegations in the lawsuit; (iii) any dispositive motion filed by You or the Debtors, such as a motion for summary judgment, a motion to dismiss, or a motion for a judgment on the pleadings, and any Documents filed in support of such a dispositive motion, including declarations or affidavits; (iv) the opposition filed by the plaintiff to such a dispositive motion, and any Documents filed in support of such opposition, including declarations or affidavits; (v) the reply brief filed by You or the Debtors in support of such a dispositive motion, and any Documents filed in support of such opposition, including declarations or affidavits; (vi) the hearing transcript regarding any such dispositive motion; and (vii) any trial court order that was entered on any such dispositive motion.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**  Produce all Documents and Communications that You relied on in any way in preparing Your responses to these Requests for Production.