# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

## ZURICH INSURERS' NOTICE OF SUBPOENA TO MARC BERN & PARTNERS

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45 (made applicable to the above-captioned chapter 11 cases by Rule 9016 of the Federal Rules of Bankruptcy Procedure), American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (the "Zurich Insurers") hereby provide notice that they, through counsel, will cause the attached subpoena to be served upon Marc Bern & Partners through first class mail and in person service.

DATED:  October 8, 2021

/s/ Robert D. Cecil
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware  19809
Phone:  (302) 658-6901
E-mail:

Mark D. Plevin  (admitted *pro hac vice*)
Kevin D. Cacabelos (admitted *pro hac vice*)

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail:  mplevin@crowell.com

Clifford J. Zatz  (admitted *pro hac vice*)
Tacie H. Yoon  (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Email:  tyoon@crowell.com

Kelly T. Currie  (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Ave., 20th Floor
New York, NY 10022.  20004
Phone:  (202) 624-2500
Email:  kcurrie@crowell.com

Attorneys for American Zurich Insurance
Company, American Guarantee and Liability
Insurance Company, and Steadfast Insurance
Company

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                    _____
                                                                    *Server's signature*


                                                    _____
                                                                    *Printed name and title*


                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit 1

## Definitions

1.    "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the Claimant's attorney.

2.    "Chapter 11 Cases" means the chapter 11 cases filed by the Boy Scouts of America and Delaware BSA, LLC in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.    "Claim Form" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

4.    "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors, or anyone acting on the Coalition's behalf during the pendency of the Chapter 11 Cases.

5.    "Communication" means the transmittal of information (in the form of facts, ideas, beliefs, inquiries, documents, otherwise), including discussion, negotiations, agreements, understandings, meetings, conversations in person, telephone conversations, records or conversations or messages, telegrams, facsimile transmissions, electronic mail transmission, letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure.  References to Communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultations, independent contractors, or other representatives of such entities.

6.    "Debtors" means Boy Scouts of America and Delaware BSA, LLC and

- 4 -

each of their attorneys.

7.      "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print- outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.

8.      "Employee" means a person tasked to perform work by You or at Your direction, including employees, contractors, interns, and volunteers.

9.      "Firm" means each known Attorney representing holders of Abuse

Claims.

          10.    "Person" means an individual, a firm, a corporation, or other entity as the context requires.

          11.    "Omni" means Omni Agent Solutions, the debtors' administrative agent in the Chapter 11 Cases.

          12.    "You" or "Your" means the person on whom this discovery is served.

### Instructions

For the purposes of these Requests, the following Instructions shall apply:

          1.    The preceding Definitions apply to each of the Requests. Any capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan and/or Disclosure Statement.

          2.    The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a Request. The terms "all," "any," and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa. The terms "and" or "or" shall be both conjunctive and disjunctive. The term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

          3.    These Requests shall be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following Requests, such additional information is to be promptly produced.

4.      You are required to produce all Documents and all other materials described below that is in your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

5.      You must produce all Documents in your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by you or hardware owned and/or maintained by a third party that stores data on your behalf.

6.      Documents not otherwise responsive to these Requests should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (b) if such Documents are attached to, enclosed with, or accompany; Documents called for by these Requests; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney- client privilege, work-product protection, mediation privilege, or any other claimed

privilege or exemption from production, then in answer to such Request or part thereof, for each such Document, you must:

      a.    Identify the type, title and subject matter of the Document;

      b.    State the place, date, and manner of preparation of the Document;

      c.    Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      d.    Identify the legal privilege(s) and the factual basis for the claim.

9.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege, work-product doctrine, or mediation privilege. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.    To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

11.    If any part of the Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and

stating whatever information or knowledge you have concerning the portion to which you do not respond.

13.     If you object to any of these Requests, state in writing with specificity the grounds of your objections. Any ground not stated shall be waived. If you object to a particular portion of any Request, you shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

13.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of your belief or knowledge that the requested information is in such person's or entity's possession.

### Manner of Production

1.     All Documents produced in response to the Subpoena shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("OCR") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      Electronic Documents and Data, Generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Coalition, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      Emails and Attachments, and Other Email Account-Related Documents:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each Document in such a manner as to make the

Document(s) reasonably useable, manageable, and comprehendible by the Coalition.

5.      Documents and Data Created or Stored in or by Structured Electronic Databases:

With the exclusion of email and email account-related Documents and data, all Documents and

accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the Coalition to reasonably manage and import those

Documents into a useable, coherent database. Documents must be accompanied by reasonably

detailed documentation explaining the Documents' content and format including but not limited

to data dictionaries and diagrams. Some acceptable formats, if and only if provided with

definitive file(s), table(s), and field level schemas include:

    a.      XML format file(s);

    b.      Microsoft SQL database(s);

    c.      Access database(s); and/or

    d.      fixed or variable length ASCII delimited files.

6.      Spreadsheets, Multimedia, and   Non-Standard File Types:  All Documents

generated or stored in software such as Microsoft Excel or other commercially available

spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced

in their native format, along with an accompanying placeholder image in tiff format indicating a

native file has been produced. A "Nativelink" entry shall be included in the .dat load file

indicating the relative file path to each native file on the production media. To the extent You

have other file types that do not readily or easily and accurately convert to tiff and searchable

text, You may elect to produce those files in native format subject to the other requirements

listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" Electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## **Requests for Production**

1.      For each Claim Form submitted to Omni by Your law firm that was signed by an Attorney, provide any authorization forms or documents authorizing the Attorney who signed the Claim Form to do so. Identify by claim number which authorization applies to which Claim Form.

2.      For each Claim Form submitted to Omni by Your law firm that was signed by an Attorney (to the extent not produced by another attorney at your firm), documents

sufficient to show which attorneys in Your Firm spoke or interacted with the claimants identified on the Claim Form prior to the filing of the Claim Form.

3.    Documents sufficient to identify the call centers, claim processors, third-party administrators, claim aggregators, and/or other non-law firm business(es) involved in preparing, completing and/or submitting Claim Forms.

4.    For each Claim Form submitted to Omni by Your law firm, all documents related to whether the Attorney who signed the Claim Form was authorized in writing to sign the Claim Form on behalf of the claimant.

5.    For each Claim Form submitted to Omni by Your law firm, all documents related to when the Claim Form was signed by the Attorney at Your law firm.

6.    For each Claim Form submitted to Omni by Your law firm, documents to identify the entity that submitted the Claim Form.

7.    For each Claim Form submitted to Omni by Your law firm, documents reflexing the amount of time You spent investigating the claim and confirming the existence of evidentiary support for the facts set forth in the Claim Form prior to its filing.

8.    For each Claim Form submitted to Omni by Your law firm, all documents, including but not limited to time entries, reflecting or relating to the actions Your law firm took to confirm the existence of evidentiary support for the facts set forth in the Claim Form.

9.    For each Claim Form submitted to Omni by Your law firm, all catalogs or documents itemizing the materials Your law firm reviewed to confirm the existence of evidentiary support for the facts set forth in the Claim Form.

- 13 -

10.     For each Claim Form submitted to Omni by or on behalf of Your law firm that was signed by an Attorney, all documents relating to the inquiry You, or anyone working at Your direction, conducted to confirm the existence of evidentiary support for each fact set forth in the Claim Form. Identify by claim number which document relates to which Claim Form.

11.     All contracts or agreements (whether formal or informal) entered into by You or Your law firm in connection with soliciting, acquiring access to, interacting with, executing signatures, or vetting claimants or potential claimants in the Chapter 11 Cases.

12.     All contracts, agreements, and any other documents and communications relating to financing by third-party funders of Your law firm's work related to the Chapter 11 Cases.

13.     For each Claim Form submitted to Omni by Your law firm that was signed by an Attorney, all documents reflecting communications with third party vendors pertaining to soliciting, processing, vetting, and filing Claim Forms.

14.     For each Claim Form submitted to Omni by Your law firm, the original PDF of the Claim Form created at your firm and transmitted to Omni, in native format, including all associated metadata.

15.     For each Claim Form submitted to Omni by Your law firm where You signed a standalone signature page (page 12 of the Claim Form) rather than the signature page that was part of the document containing the complete Claim Form, (a) the original file containing the signed signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed

- 14 -

Claim Form that was filled in without Your signature in native format, including all associated metadata.

16.     For each document responsive to the above request identify by claim number each Claim Form or Claim Forms and signed standalone signature pages were submitted with it.

17.     All documents reflecting communications between You (or Your law firm) and any non-law firm business pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including but not limited to any marketing of claims in Chapter 11 cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and communications pertaining to financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

DATED:  October 8, 2021

> _/s/ Robert D. Cecil_
> Robert D. Cecil, Jr. (No. 5317)
> Tybout, Redfearn & Pell
> 501 Carr Road, Suite 300
> Wilmington, Delaware  19809
> Phone: (302) 658-6901
> E-mail:  rcecil@trplaw.com
>
> Mark D. Plevin  (admitted _pro hac vice_)
> Kevin D. Cacabelos (admitted _pro hac vice_)
> Crowell & Moring llp
> Three Embarcadero Center, 26th Floor
> San Francisco, California  94111
> Phone:  (415) 986-2800
> E-mail:  mplevin@crowell.com
>
> Clifford J. Zatz  (admitted _pro hac vice_)
> Tacie H. Yoon  (admitted _pro hac vice_)

- 15 -

Rachel A. Jankowski (admitted *pro hac vice*)
Crowell & Moring llp
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Email:   tyoon@crowell.com

Kelly T. Currie  (admitted *pro hac vice*)
Crowell & Moring llp
590 Madison Ave., 20th Floor
New York, NY 10022
Phone:  (202) 624-2500
Email:   kcurrie@crowell.com

Attorneys for American Zurich Insurance Company,
American Guarantee and Liability Insurance Company,
and Steadfast Insurance Company


Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

and

Lloyd A. Gura*
Pamela J. Minetto*
Mound Cotton Wollan & Greengrass LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

Attorneys for Indian Harbor Insurance Company, on
behalf of itself and as successor in interest to Catlin
Specialty Insurance Company

- 16 -

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone: 302 999 1540
Facsimile: 302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212 326 2000
Facsimile: 212 326 2061

Counsel for Century Indemnity Company, as successor
to CCI Insurance Company, as successor to Insurance
Company of North America and Indemnity Insurance
Company of North America, Westchester Fire Insurance
Company and Westchester Surplus Lines Insurance
Company


*/s/ Matthew G. Summers*
Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
mcclambc@ballardpshar.com

-and-

Harry Lee*
John O'Connor*
Brett Grindrod*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036

Telephone: (202) 429-8078
Facsimile: (202) 429-3902
E-mail: hlee@steptoe.com
joconnor@steptoe.com
bgrindrod@steptoe.com
(*Admitted *pro hac vice*)

Attorneys for Clarendon America
Insurance Company, Maryland Casualty
Company, Maryland American
General Group, and
American General Fire & Casualty
Company


Harris B. Winsberg (admitted pro hac vice)
Troutman Pepper Hamilton Sanders llp
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia  30308-2216
Phone:  (404) 885-3000

- and -

Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
McDermott Will & Emery llp
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Phone:  (202) 756-8228

Attorneys for Allianz Global Risks
US Insurance Company


Bodell Bové, LLC
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:      bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:      konrad.krebs@clydeco.us

- and –

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email:      dchristian@dca.law

Attorneys for Great American Assurance Company,
f/k/a Agricultural Insurance Company;
Great American E&S Insurance Company,
f/k/a Agricultural Excess and Surplus Insurance
Company; and Great American E&S Insurance
Company

Deirdre M. Richards (DE Bar No. 4191)
Fineman Krekstein & Harris pc
1300 N. King Street
Wilmington, Delaware  19801
Telephone:      (302) 538-8331
Email: drichards@finemanlawfirm.com

- and –

- 19 -

Susan N.K. Gummow (admitted *pro hac vice*)
Foran Glennon Palandech Ponzi & Rudloff p.c.
222 N. LaSalle St., Suite 1400
Chicago, Illinois  60601
Telephone:    (312) 863-5000
Email: sgummow@fgppr.com

Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
Gibson, Dunn & Crutcher llp
200 Park Avenue
New York, New York 10166
Telephone:    (212) 351-4000
Email: mrosenthal@gibsondunn.com
jhallowell@gibsondunn.com
kmartorana@gibsondunn.com

Matthew G. Bouslog (admitted *pro hac vice*)
Gibson, Dunn & Crutcher llp
3161 Michelson Drive
Irvine, California  92612
Telephone:    (949) 451-3800
Email: mbouslog@gibsondunn.com

Attorneys for the AIG Companies


**MORRIS JAMES LLP**
/s/ Carl Kunz, III
Carl Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: ckunz@morrisjames.com

- and –


/s/ Margaret M. Anderson
Margaret M. Anderson, Esq. (pro hac vice)
Ryan T. Schultz (pro hac vice)
Adam A. Hachikian (pro hac vice)

FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email: panderson@foxswibel.com
        rschultz@foxswibel.com
        ahachikian@foxswibel.com

Attorneys for Old Republic


*/s/ Michael J. Joyce*
Michael J. Joyce, Esquire (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
**COUGHLIN MIDLIGE & GARLAND, LLP**
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
**CARRUTHERS & ROTH, P.A.**
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

- 21 -

Counsel to Arrowood Indemnity Company


By: /s/ *David M. Fournier*
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:   404.885.3000
Facsimile:    404.885.3900


Harris B. Winsberg (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:   404.885.3000
Facsimile:    404.885.3900


Bradley Riley Jacobs PC
Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:   312.281.0295


Attorneys for National Surety Corporation and
Interstate Fire & Casualty Company